**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BlockFi Inc.<br><br>    Debtor.<br><br>Tax I.D. No. 82-2390015 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Trading LLC<br><br>    Debtor.<br>Tax I.D. No. 84-1942487 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Lending LLC<br><br>    Debtor.<br><br>Tax I.D. No. 61-1865017 | Case No. 22-_____ (___) |
| In re: | |

| | |
|---|---|
| BlockFi Wallet LLC<br><br>     Debtor.<br><br>Tax I.D. No. 87-2213231 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Ventures LLC<br><br>     Debtor.<br><br>Tax I.D. No. 86-3099937 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi International Ltd.<br><br>     Debtor.<br><br>Tax I.D. No. N/A | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Investment Products LLC<br><br>     Debtor.<br><br>Tax I.D. No. 86-1862422 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Services, Inc.<br><br>     Debtor.<br><br>Tax I.D. No. 87-2245965 | Case No. 22-_____ (___) |
| In re:<br><br>BlockFi Lending II LLC<br><br>     Debtor.<br><br>Tax I.D. No. 87-3160154 | Case No. 22-_____ (___) |

|  | Chapter 11 |

### DEBTORS' MOTION FOR JOINT ADMINISTRATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):[1]

### Relief Requested

1. Pursuant to Rule 1015(b) of the Bankruptcy Rules and the Local Rules, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to jointly administer their Chapter 11 cases for procedural purposes only; and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, and 9013-1

---

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration").

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration, filed substantially contemporaneously herewith and incorporated by reference herein.

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Basis for Relief

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b). The Debtors are "affiliates" as defined in Bankruptcy Code § 101(2), as BlockFi Inc. directly or indirectly owns and controls 100 percent of the equity interests of all of the other Debtors. Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

8. Because joint administration of these cases will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders, the Debtors and their estates will save substantial time and expense. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the District of New Jersey (the "U.S. Trustee") and other parties in interest will

similarly benefit from joint administration of these Chapter 11 Cases by sparing them the time, effort, and expense of reviewing duplicative pleadings and papers.

9. Further, joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the Debtors' estates. This Motion does not seek substantive consolidation. As such, each creditor may still file its claim against a particular estate.

10. The Debtors request that all orders, pleadings, papers and documents, except proofs of claim, lists, schedules, and statements, shall be filed and docketed in the case number assigned to BlockFi Inc. (the "Lead Case"), bearing the caption as shown in **Exhibit 1** to the Order. All proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate.

11. The Debtors also seek the Court's direction that a notation be entered on the docket in each of the Debtors' Chapter 11 Cases to reflect the joint administration of these cases.

12. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## Notice

13. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the

Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### Waiver of Memorandum of Law

14. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

15. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 28, 2022                     /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> BlockFi Inc. <br><br>     Debtor. <br><br> Tax I.D. No. 82-2390015 | Case No. 22-_____ (___) |
| In re: <br><br> BlockFi Trading LLC <br><br>     Debtor. <br> Tax I.D. No. 84-1942487 | Case No. 22-_____ (___) |
| In re: <br><br> BlockFi Lending LLC <br><br>     Debtor. <br><br> Tax I.D. No. 61-1865017 | Case No. 22-_____ (___) |
| In re: <br><br> BlockFi Wallet LLC <br><br>     Debtor. <br><br> Tax I.D. No. 87-2213231 | Case No. 22-_____ (___) |
| In re: <br><br> BlockFi Ventures LLC <br><br>     Debtor. <br><br> Tax I.D. No. 86-3099937 | Case No. 22-_____ (___) |
| In re: <br><br> BlockFi International Ltd. | Case No. 22-_____ (___) |

1

|  |  |
|---|---|
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | |
| BlockFi Investment Products LLC | |
| Debtor. | Case No. 22-_____ (___) |
| Tax I.D. No. 86-1862422 | |
| In re: | |
| BlockFi Services, Inc. | |
| Debtor. | Case No. 22-_____ (___) |
| Tax I.D. No. 87-2245965 | |
| In re: | |
| BlockFi Lending II LLC | |
| Debtor. | Case No. 22-_____ (___) |
| Tax I.D. No. 87-3160154 | |
| | Chapter 11 |

## **ORDER GRANTING JOINT ADMINISTRATION**

The relief set forth on the following pages, numbered two (2) through four (4) and Exhibit 1 is hereby **ORDERED.**

2

(Page | 2)
Debtors:           BLOCKFI INC., *et al*.
Case No.           22-
Caption of Order:  ORDER GRANTING JOINT ADMINISTRATION

---

Upon the *Debtors' Motion for Joint Administration* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings*; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

**HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The above captioned cases hereby are jointly administered by this Court for procedural purposes only.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

4. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of New Jersey shall keep, one consolidated docket, one file, and one consolidated

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)
Debtors:           BLOCKFI INC., *et al*.
Case No.           22-
Caption of Order:  ORDER GRANTING JOINT ADMINISTRATION

---

service list for these Chapter 11 Cases.

5. All orders, pleadings, papers and documents, except proofs of claim, lists, schedules, statements, and monthly operating reports, shall be filed and docketed in *In re BlockFi Inc.* (the "Lead Case").

6. All pleadings, papers, and documents filed in the Lead Case shall bear the caption as shown in **Exhibit 1** attached hereto.

7. The caption shown in **Exhibit 1** attached hereto satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. All proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate.

9. All lists, schedules, and statements, shall be filed and docketed in the specific Debtor's case for which they are applicable.

10. The Debtors are authorized to file monthly operating reports and post-effective date quarterly operating reports on a consolidated basis.

11. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

12. If pleadings, papers, or documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper, or document in the Lead Case within 3 business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and

3

(Page | 4)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-
Caption of Order:    ORDER GRANTING JOINT ADMINISTRATION

---

(iii) notice the hearing to all appropriate parties.

13. The Clerk shall file a copy of this order in the Lead Case and each of the affiliated Debtor cases.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

16. A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

17. This Order shall be effective immediately upon entry.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# **EXHIBIT 1**

**Case Caption**

| | |
|---|---|
| **COLE SCHOTZ P.C.** <br> Michael D. Sirota, Esq. (NJ Bar No. 014321986) <br> Warren A. Usatine, Esq. (NJ Bar No. 025881995) <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> (201) 489-3000 <br> msirota@coleschotz.com <br> wusatine@coleschotz.com | **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Kenric D. Kattner, Esq. (*pro hac vice* pending) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Joshua A. Sussberg, P.C. (*pro hac vice* pending) <br> Christine A. Okike, P.C. (*pro hac vice* pending) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> (212) 446-4800 <br> jsussberg@kirkland.com <br> christine.okike@kirkland.com | *Proposed Attorneys for Debtors and Debtors in Possession* |

*Proposed Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-_____ (___) <br><br> Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.