**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION TO ESTABLISH CERTAIN NOTICE, CASE**
**MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BlockFi Inc. ("BlockFi") and its debtor affiliates (collectively, the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases")

hereby file this *Debtors' Motion to Establish Certain Notice, Case Management and*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Administrative Procedures* (the "<u>Motion</u>"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 1007, 2002, and 9013-1 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>").

## Background

4.      On November 28, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the

filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## **Relief Requested**

6.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Case Management Order"), designating these Chapter 11 Cases as complex cases and approving and implementing certain notice, case management and administrative procedures as described in Exhibit 1 to the Case Management Order (collectively, the "Case Management Procedures").

7.     There are thousands of creditors and parties-in-interest in these Chapter 11 Cases. Notice of all pleadings and other papers filed in this bankruptcy to each of these parties would be extremely burdensome and costly to the estate.  The costs of photocopying, postage expenses and other expenses associated with such large mailings would be excessive and practically prohibitive. The relief sought in this Motion is tailored to address such concerns while at the same time ensuring timely notification to those parties actively participating in this case or whose rights are directly affected by a given matter.

## **Case Management Procedures**

8.     The Case Management Procedures, among other things: (a) establish requirements for filing and serving notices, motions, applications, declarations, affidavits, objections, replies, responses, memoranda, briefs, supporting documents and other papers filed in these Chapter 11 Cases, including with regard to any contested matters, and any related adversary proceedings (collectively, the "Court Filings") and orders entered in these Chapter 11 Cases, including with regard to any contested matters, and any related adversary proceedings (together with the Court

Filings, the "<u>Court Filings and Orders</u>"); (b) delineate standards for notices of hearings and agendas; (c) fix periodic omnibus hearing dates and provide mandatory guidelines for scheduling hearings and setting objection and reply deadlines; and (d) minimize potential burdens on the Court by limiting matters that are required to be heard by the Court.

9.      The Debtors believe that the Case Management Procedures will facilitate service of Court Filings and Orders in a manner that will maximize the efficiency and orderly administration of the Chapter 11 Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who express an interest in these Chapter 11 Cases and those directly affected by a request for relief.   In particular, the Case Management Procedures are intended to:

   a.      Reduce the need for expedited hearings and requests for expedited relief;

   b.      Provide for omnibus hearings for the Court to Consider motions, applications, other pleadings and any responses thereto, as applicable;

   c.      Promote consensual resolution of important matters;

   d.      Assure prompt receipt of appropriate notice by potentially affected parties;

   e.      Allow for electronic notice in accordance with the Court's electronic filing system (the "<u>ECF System</u>");

   f.      Provide ample opportunity for parties in interest to prepare for and respond to matters before the Court;

   g.      Reduce the substantial administrative and financial burden that otherwise may be place on the Debtors and other parties in interest who file documents in these Chapter 11 Cases; and

   h.      Reduce the administrative burdens on the Court and the office of the Clerk of the United States Bankruptcy Court for the District of New Jersey (the "<u>Clerk of Court</u>").

10.      To ensure that parties in interest in these Chapter 11 Case are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on all of the parties via electronic mail and hard copy mail (where addresses are available) on the

Core Service List (as defined in the Case Management Procedures) as soon as practicable after the entry of the Case Management Order; (b) publish the Case Management Procedures on the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi (the "Case Website"); and (c) make the Case Management Procedures readily available upon request to the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC (the "Agent"). If the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will (a) make updated versions of the Case Management Procedures available on the Case Website, (b) file a notice of the updated procedures (along with a copy of the updated procedures) electronically on the docket and (c) serve such updated procedures in accordance with the then-current Case Management Procedures.

## Basis for Relief Requested

11.    The Bankruptcy Rules and Bankruptcy Code provide the Debtors with authority to establish notice and case management procedures. In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties-in-interest.  The Bankruptcy Rules further provide that "[t]he Court may from time to time enter orders designating the matters in respect to which the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  *See* FED. R. BANKR. P. 2002(m); *see also* FED. R. BANKR. P. 9007 ("When notice is to be given under these rules, the Court shall designate, if not otherwise specified herein . . . the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

12.    In addition, Bankruptcy Code section 105(a) grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.  Specifically, Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

20.     Bankruptcy Code section 102(1) provides that where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A). Finally and perhaps most important, Bankruptcy Rule 1001 requires the Bankruptcy Rules to be "construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001.

21.     The Debtors' chapter 11 cases are complex, will likely be fast-paced, and will involve large numbers of creditors and other parties-in-interest. Many of these parties-in-interest will have multiple concerns. The Debtors anticipate that the Service List will contain thousands of entities. The costs and burdens associated with the possibility of frequent and fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all documents filed with the Court to all such entities, will impose an extraordinary and expensive administrative and economic burden on the Debtors' estates, the Court, and the parties-in-interest. Indeed, constant mass mailings will be extraordinarily costly to the Debtors' estates and will require the Debtors to divert valuable resources to comply with all administrative requirements. Additionally, hard copy mailing is not available for all of the parties-in-interest, so the Debtors request to serve such parties, through the Agent, via electronic mail to ensure service on such parties.

22.     Limited notice procedures are routinely established by bankruptcy courts in large chapter 11 cases to reduce the expense of the administration of the estate. *See In re Kmart Corp., et al.*, Case No. 02-02474 (SPS) (Bankr. N.D. Ill. Jan. 25, 2002); *In re Comdisco, Inc.*, Case No.

01-24795 (RB) (Bankr. N.D. Ill. July 18, 2001); *see also In re U.S. Airways Group, Inc., et al.*, Case No. 02-83984 (SSM) (Bankr. E.D. Va. Aug. 11, 2002); *In re The Singer Co. N.V., et al.*, Case Nos. 99-10578 through 99-10607 (BRL), 99-10613 (BRL), 99-10616 through 99-10629 (BRL) and 00-10423 (BRL) (Bankr. S.D.N.Y. Sept. 15, 1999); *In re Serv. Merchandise Co.,* Case Nos. 399-02649 – 399-02680 (Bankr. M.D. Tenn. Mar. 27, 1999).

23.     For the reasons discussed herein, the Debtors believe the Case Management Procedures are appropriate and should be approved and implemented.  The establishment of the Case Management Procedures will promote the efficient and orderly administration of these bankruptcy cases.  For these reasons, the Debtors believe that the relief requested herein is in the best interests of the Debtors and their estates and should be approved.

**Waiver of Memorandum of Law**

24.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

25.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or

otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Notice**

26.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for any committee appointed by this Court; (vi) the list of the 50 largest unsecured creditors the Debtors; and  (vii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## **No Prior Request**

27.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## **Conclusion**

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

Dated: November 28, 2022                Respectfully Submitted,

                                        /s/ *Michael D. Sirota*

                                        **COLE SCHOTZ P.C.**
                                        Michael D. Sirota, Esq. (NJ Bar No. 014321986)
                                        Warren A. Usatine, Esq. (NJ Bar No. 025881995)
                                        Court Plaza North, 25 Main Street
                                        Hackensack, New Jersey 07601
                                        (201) 489-3000
                                        msirota@coleschotz.com
                                        wusatine@coleschotz.com

                                        **KIRKLAND & ELLIS LLP**
                                        **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                        Joshua A. Sussberg, P.C. (*pro hac vice* pending)
                                        Christine A. Okike, P.C. (*pro hac vice* pending)
                                        601 Lexington Avenue
                                        New York, New York 10022
                                        (212) 446-4800
                                        jsussberg@kirkland.com
                                        christine.okike@kirkland.com

                                        **HAYNES AND BOONE, LLP**
                                        Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
                                        Kenric D. Kattner, Esq. (*pro hac vice* pending)
                                        30 Rockefeller Plaza, 26th Floor
                                        New York, New York 10112
                                        (212) 659-7300
                                        richard.kanowitz@haynesboone.com
                                        kenric.kattner@haynesboone.com

                                        *Proposed Attorneys for Debtors and*
                                        *Debtors in Possession*

### Exhibit A

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>      Debtors.[1] | Chapter 11<br>Case No. 22-\_\_\_\_\_ (\_\_\_)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

## ORDER GRANTING DEBTORS' MOTION TO ESTABLISH CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

      The relief set forth on the following pages, numbered two (2) through four (4) and the

Exhibit 1 attached hereto, is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)
Debtors:            BLOCKFI, INC., *et al.*
Case No.            22-
Caption of Order:   ORDER  GRANTING  NOTICE,  CASE  MANAGEMENT  AND
                    ADMINISTRATIVE PROCEDURES

Upon the *Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court's Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11,* dated September 18, 2012 and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Court concludes that the above-captioned cases constitute Complex Chapter 11 Cases.

3.      The Case Management Procedures set forth in **Exhibit 1** hereto are approved and shall apply as provided therein in these Chapter 11 Cases, except as otherwise ordered by the Court.  Notice and service accomplished in accordance with Case Management Procedures, including service via electronic mail when possible, shall be deemed adequate in all respects

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | ORDER GRANTING NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES |

pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

4.     The next three omnibus hearings are scheduled as follows:

(a)     __:__ _.m., prevailing Eastern Time, on _____ ____, 2022;

(b)     __:__ _.m., prevailing Eastern Time, on _____ ____, 20___; and

(c)     __:__ _.m., prevailing Eastern Time, on _____ ____, 20___.

5.     Prior to giving notice of the Case Management Procedures, the Debtors are authorized to make non-substantive revisions and corrections as needed to the Case Management Procedures, including filling in (a) the omnibus hearing schedule and (b) the date and docket number of this Order where indicated therein.

6.     Any party may obtain a copy of the Case Management Procedures by: (a) accessing the website maintained by the Agent at https://restructuring.ra.kroll.com/blockfi free of charge; (b) contacting the Agent directly at Kroll Restructuring Administration LLC, ATTN: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, by email at blockfiinfo@ra.kroll.com, or by telephone at (888) 773-0375 (toll-free), (646) 440-4371 (international), or (c) by accessing PACER on the Court's website at https://www.njb.uscourts.gov for a nominal fee.

7.     As soon as practicable after the entry of this Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List. To help ensure that all parties who may participate in these Chapter 11 Cases are aware of the terms

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | ORDER GRANTING NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES |

of the Case Management Procedures, the Agent shall post the Case Management Procedures on the Case Website.

8.      This Order shall be effective immediately upon entry, and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.      A true copy of this Order shall be served on all required parties pursuant to D.N.J.LBR 9013-5(f).

10.      Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

11.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

## <u>Exhibit 1</u>

**Case Management Procedures**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (____)<br><br>(Joint Administration Requested) |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

On November 28, 2022 (the "Petition Date"), BlockFi Inc. ("BlockFi") and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (collectively, the "Debtors") commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

On _____ __, 2022, the Court entered an order (the "<u>Case Management Order</u>") [Doc. No. __], pursuant to sections 102(1) and 105(a) of the Bankruptcy Code and Rules 2002(m), 7004, 9007, 9014 and 9036 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and consistent with the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Bankruptcy Rules</u>"), approving (a) these Notice, Case Management and Administrative Procedures (collectively, the "<u>Case Management Procedures</u>") and (b) the form and notice thereof.

Pursuant to the Case Management Order, all notices, motions, applications, briefs, memoranda, declarations, affidavits, objections, responses, replies, supporting documents and other papers filed in these Chapter 11 Cases, including with regards to any contested matters, and any related adversary proceedings, and orders entered in these Chapter 11 Cases, including with regards to any contested matters, and any related adversary proceedings, are subject to, and will not be deemed properly served unless they are served in accordance with these Case Management Procedures. Additionally, to the extent there is a conflict between (a) the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules and (b) these Case Management Procedures, these Case Management Procedures shall govern in all respects.

***Accordingly, all parties in interest are strongly encouraged to review the below Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in the Chapter 11 Case.***

<u>**Case Management Procedures**</u>

**A.     Omnibus Hearings**

1.     <u>All Matters to Be Heard at Omnibus Hearings</u>. All matters requiring a hearing in these Chapter 11 Cases, including with regards to any contested matters, and any related adversary proceedings, shall be heard at periodic omnibus hearings (each, an "<u>Omnibus Hearing</u>"), in accordance with these Case Management Procedures, unless otherwise ordered by the Court for good reason shown. The Debtors shall be authorized to schedule, in cooperation with the Court, Omnibus Hearings to consider (a) all motions, applications and other requests for relief, along with any notices, briefs, memoranda, declarations, affidavits, replies and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"); and (b) all objections and responses to such Requests for Relief and documents filed in support of such objections and responses (collectively, the "<u>Objections</u>" and, together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") pursuant to the following procedures:

(a)     <u>Initial Omnibus Hearings</u>.  The next three Omnibus Hearings shall be held on the following dates and times:

(i)     __:__ _.m., prevailing Eastern Time, on _____ ___, 2022;

(ii)    __:__ _.m., prevailing Eastern Time, on _____ ____, 20__;

(iii)   __:__, _.m., prevailing Eastern Time, on _____ ____, 20__.

(b)     <u>Subsequent Omnibus Hearings</u>. The Debtors shall be authorized to schedule, in coordination with the Court, additional Omnibus Hearings. The Debtors shall file notices of additional Omnibus Hearing dates with the Court on a periodic basis. The Debtors' claims and noticing agent (the "<u>Agent</u>") shall post the dates of the Omnibus Hearings on a website established for this case at https://restructuring.ra.kroll.com/blockfi (the "<u>Case Website</u>"). Entities may contact the Agent for information concerning all scheduled Omnibus Hearings.

(c)     <u>Proposed Notice of Agenda</u>. Before Noon on the day that is two (2) business days before each Omnibus Hearing, the Debtors' counsel will file a proposed Notice of Agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "<u>Notice of Agenda</u>").  The Notice of Agenda may include

notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment.

(d)    Content of Notice of Agenda. The proposed Notice of Agenda shall list: (i) the docket number (in docketing order) and title of each matter scheduled for hearing at such Omnibus Hearing, including the initial filing and any filed responses, replies or documents related thereto; (ii) the relevant objection deadlines and whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court and (v) a suggestion for the order in which the matters should be addressed. The matters listed on the proposed Notice of Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and affidavits of service.  Resolved or continued matters shall be listed ahead of unresolved matters on the Notice of Agenda.  Contested matters shall be listed in the order of docketing with corresponding docket number.

All amended Notices shall list matters as listed in the original Notice of Agenda with all edits and additional information being listed in boldface type.

Copies of the Notice of Agenda shall be served upon local counsel who have entered an appearance in the case, as well as all other counsel with a direct interest in any matter on the Notice of Agenda and the United States Trustee simultaneously with the filing of the Notice of Agenda with the Court.

When an adversary proceeding is scheduled the Notice of Agenda shall indicate the adversary proceeding number and the corresponding docket number for pleadings filed in the adversary proceeding on the Notice of Agenda, in addition to the information regularly required in a Notice of Agenda.

(e)    Adjournment of Omnibus Hearings. Unless the Court orders otherwise, the Debtors' counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtors to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed or (B) with the consent of any party that has filed such an Objection, and (ii) adjourn any hearing on a Request for Relief filed by a non-debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed or (B) any party that has filed such an Objection consents. Notice of such adjournments may be filed separately on the docket or noted in the Proposed Hearing Agenda.

(f)    Cancellation of Omnibus Hearings. If no matters are scheduled for hearing at an Omnibus Hearing, the Debtors may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for these Chapter 11 Cases.

**B.**     **Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings**

2.     <u>Procedures Established for Court Filings</u>. Registered users of the Court's Electronic Case Filing System (the "<u>ECF System</u>") shall file all Court Filings electronically. Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Case shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Doc. No. ___" or similar designation.

3.     <u>General Motion Practice</u>. The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)     <u>Requests for Relief.</u>  Any Request for Relief, including briefs, must be filed at least 21 calendar days prior to the hearing thereon. A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least 21 calendar days after the filing of such Request for Relief.

(b)     <u>Inconsistent Filings</u>. If a party other than the Debtors files a Court Filing and purports to set a hearing date inconsistent with these Case Management Procedures (an "<u>Inconsistent Filing</u>"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the 21-day notice period has expired, and the Debtors shall provide such party with notice of these Case Management Procedures within three business days of receipt of the Inconsistent Filing.  If such filing is filed at least 21 days from the next Omnibus Hearing Date, then the hearing with respect to such filing shall be deemed to be on such omnibus hearing date. If such filing is less than 21 days prior to the next omnibus hearing date then the hearing with respect to such filing shall be the next omnibus hearing date thereafter. The movant must provide notice of the corrected hearing date to all affected parties and thereafter file a certificate of service regarding the notice.

(c)     <u>Service of Requests for Relief</u>. All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Court order on: (i) the master service list (the "<u>Master Service List</u>") that the Agent shall maintain pursuant to Bankruptcy Rule 2002; (ii) the list of entities (the "<u>2002 List</u>" and, together with the Master Service List, the "<u>Service List</u>") that have filed a written request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (a "<u>2002 Notice Request</u>"), which the Agent also shall maintain pursuant to Bankruptcy Rule 2002 and (iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "<u>Affected Entity</u>").

(d)    Notices of Requests for Relief. Parties should consult the Local Bankruptcy Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://njb.uscourts.gov for more information.

(e)    Requests for Shortened Time or Limited Notice. Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; (ii) seek expedited hearings, where appropriate, or (iii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

(f)    Expedited Hearings.  If a party in interest has an emergency or other situation that it believes requires consideration on less than the 21 day notice as required by D.N.J. LBR 9013-1(c), the moving party should file and serve, a separate written application requesting shortened time and expedited hearing in respect of the underlying motion in the form provided at D.N.J.LBR 9013-1(e).

The Court will rule on the request for shortened time within twenty-four (24) hours of the time it is presented. If the court grants the motion for expedited hearing, the underlying motion will be set at the next available omnibus hearing date or at some other appropriate shortened date approved by the Court.

Requests for expedited hearings will only be granted under emergency or exigent circumstances.

(g)    Negative Noticing Procedures.  Subject to the Court's discretion, the Court may approve notice procedures which provide that if no objections are timely filed and served by a deadline set in accordance with the Federal Rules of Bankruptcy Procedure and/or the Order Establishing Case Management and Administrative Procedures and/or the District of New Jersey Local Bankruptcy Rules, the Court may enter an order granting the relief requested without further notice or a hearing ("Negative Notice"). The notice of motion accompanying such motion must specifically advise parties of the objection deadline and must also inform the recipient that if no objections are filed and served, the Court may enter an order granting the motion without further notice or hearing.

"Negative Notice" may be used in connection with motions including, but not limited to, matters requesting the following relief: (a) rejection of a non-residential real property lease or executory contract pursuant to 11 U.S.C. § 365; (b) retention and employment of professional pursuant to 11 U.S.C. § 327, 328 and 330 and 28 U.S.C. § 156(o); (c) extension of deadline to seek removal action pursuant to Federal Rules of Bankruptcy Procedures 9027; (d) sales of assets outside the ordinary course of business pursuant to 11 U.S.C. § 363 with a purchase price set on a case by case basis; (e) approval of settlements and compromises pursuant to Federal Rules of Bankruptcy Procedures 9019 of claims where the settled amount of the claim does not exceed an amount set on a case by case basis; and (f) nothing contained herein shall be construed to limit a party in interest's ability to request

that the court approve the use of Negative Notice procedures in connection with motions not specifically identified above.

If an objection is timely filed and served, a hearing will be scheduled for the next omnibus hearing date unless otherwise ordered by the Court.

(h)    <u>Evidentiary Hearings</u>. Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all parties' rights to request an evidentiary hearing or establish a discovery schedule are preserved.

(i)    <u>Ex Parte Motions</u>. Nothing contained herein shall prejudice the rights of any party in interest to file a Request for Relief on an ex parte basis.

(j)    <u>Certificate of No Objection</u>.  After the objection date has passed with no objection having been filed or served, counsel for the movant may file a Certification of No Objection substantially in the form as it appears in the Complex Guidelines for Chapter 11 Cases on the annexed Schedule "1" stating that no objection has been filed or served on the movant.

By filing such certifications, counsel for the movant is representing to the Court that the movant is unaware of any objection to the motion or application and that counsel has reviewed the Court's docket and no objection appears thereon.

Upon receipt of the Certification of No Objection, the Court may enter the Order accompanying the motion or application without further pleading or hearing and, once the Order is entered, the hearing scheduled on the motion or application shall be cancelled without further notice.

4.    <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.  The following procedures shall be followed, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)    <u>Objections and Replies</u>. Any Objection, including related briefs, must be filed on or before the date that is 7 days prior to the hearing set on the motion (the "<u>Objection Deadline</u>"). If an Objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "<u>Reply</u>"), with the Court on or before the last business day before the applicable hearing date (the "<u>Reply Deadline</u>").

(b)      Extension of Objection Deadline. The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, provided that the Objection Deadline shall not be less than seven days before the hearing on such matter without approval of the Court.  The Reply Deadline may be extended with the approval of the Court. Unless otherwise agreed by the entity filing the Request for Relief, adjournment of the hearing on the Request for Relief shall not extend the Objection Deadline.

(c)      Service of Objections. All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) those entities on the Core Service List and (iv) each Affected Entity.

(d)      Service of Replies to Objections. Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtors, (iii) each party that filed an Objection, (iv) each party on the Core Service List and (v) each Affected Entity.

5.      Granting the Request for Relief Without a Hearing. A Request for Relief may be granted without a hearing to the extent allowed under the Bankruptcy Rules or the Local Bankruptcy Rules, except as otherwise provided herein. If the Court decides not to grant the Request for Relief without a hearing, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (b) the decision not to grant the Request for Relief shall not constitute an extension of the Objection Deadline related thereto with respect to any party, unless otherwise agreed between the party seeking relief and the party seeking to object.

6.      Settlements. If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is adequate notice of the proposed settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. If the Court determines that additional or supplemental notice of the proposed settlement is required, the Debtors shall serve such notice in accordance with the procedures set

forth herein, and a hearing to consider such settlement shall be held on the next Omnibus Hearing

date or such other date as determined by the Court. Nothing herein shall be construed as modifying

the requirements of Bankruptcy Rule 9019 where the Court determines that such rule applies.

7.    <u>Lift Stay Actions</u>. Motions filed by parties other than the Debtors seeking relief

pursuant to section 362 of the Bankruptcy Code and Objections thereto shall be governed by the

following procedures:

> (a)    If the Omnibus Hearing at which such motion shall be heard is more than
> 30 days after the date of service of the motion, the movant shall be deemed to have
> consented to the continuation  of the automatic stay and waived its right to assert
> termination of the automatic stay pursuant to section 362(e) of the Bankruptcy
> Code until after the conclusion of such Omnibus Hearing and a ruling on the motion
> by the Court as reflected in an order entered on the docket of this case.

> (b)    The initial hearing on any motion for relief from the automatic stay  shall
> be a preliminary hearing unless otherwise agreed to by the Debtor. Notwithstanding
> section 362(e) of the Bankruptcy Code, if a scheduled motion for relief from the
> automatic stay under section 362(d) of the Bankruptcy Code by a party other than
> the Debtor is adjourned by agreement of the Debtor and the moving party to a date
> that is 30 or more days after the moving party made its request for relief, the moving
> party shall be deemed to have consented to the continuation of the effectiveness of
> the automatic stay pending the conclusion of, or as a result of, a preliminary hearing
> and determination under section 362(d) of the Bankruptcy Code, and shall be
> deemed to have waived its right to assert the termination of the automatic stay under
> section 362(e) of the Bankruptcy Code. The Court may continue the effectiveness
> of the automatic stay until a final hearing on the matter and the entry of an order
> with respect to such matter. Nothing in this section shall prevent a party from
> seeking expedited consideration of a motion for relief from the automatic stay.

**C.    Service and Notice Procedures**

8.    <u>Procedures Established for Notices</u>. All Court Filings shall be filed with the Court

and served in accordance with the notice procedures set forth herein (the "<u>Notice Procedures</u>").

9.    <u>Entities Entitled to Service</u>. All Court Filings shall be served on the Core Service

List and any other Affected Entities according to the Notice Procedures, except as otherwise

provided by these Case Management Procedures or an order of the Court. In accordance with

Bankruptcy Rule 2002, the Agent shall maintain the Core Service List, which shall be updated in

accordance with paragraph 10, below. An updated Core Service List can be obtained by (a) accessing the Case Website, (b) contacting the Agent directly or (c) contacting Debtors' counsel directly.

10.    <u>Maintenance of the Core Service List</u>. At least every 14 days during the first sixty (60) days of these Chapter 11 Cases, and thereafter at least once every thirty (30) days thereafter. The Agent shall maintain and update the Core Service List by (a) making any necessary additions and deletions and (b) posting an updated version of the Core Service List on the Case Website. The Debtors' counsel must file a Core Service List with the Court every time it is updated.

11.    <u>Parties on the Core Service List</u>. The Core Service List shall include the following parties:

    (a)  The Debtor(s);

    (b)  The Debtors' counsel;

    (b)  The office of the United States Trustee for Region III;

    (c)  The chairperson of any official committees established pursuant to Section 1102 of the Bankruptcy Code;

    (d)  Counsel retained by any official committees established pursuant to Section 1102 of the Bankruptcy Code, or fifty (50) largest creditors if an official committee has not been appointed.

    (e)  Counsel to secured creditors;

    (f)  All governmental agencies having a regulatory or statutory interest in these cases; and

    (g)  Any other person or entity as authorized by the Court.

12.    <u>Master Service List</u> - Debtor's counsel or counsel to the trustee shall also maintain and update a master service list (the "<u>Master Service List</u>") which shall be comprised of the Core Service List and the parties that have filed a notice of appearance and request for notices in the Debtor's case. Service on the persons/entities listed on the Master Service List shall be made only

with respect to those matters enumerated in the Order Establishing Case Management and Administrative Procedures. Debtor's counsel must update the Master Service List at least every 14 days during the first sixty (60) days of the case and at least every thirty (30) days thereafter. Further, Debtor's counsel must file the Master Service List with the Court each time it is updated.

13. <u>Requests for Documents Require E-mail Address</u>. Any creditor or party in interest may enter an appearance and request receipt of all Court Filings pursuant to Bankruptcy Rule 2002 by filing a 2002 Notice Request with the Court and providing a copy of the 2002 Notice Request to (a) the Debtors and their counsel and (b) the Agent. Except as set forth in paragraph 13 below, a 2002 Notice Request filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (a) the name, organization (if any), full street address (no P.O. boxes), phone number, fax number (if any) and e-mail address of the party requesting service; (b) if made by an attorney, the party or parties that such attorney represents and (c) a certification (i) that a copy of the 2002 Notice Request has been provided to the Debtors and their counsel and the Agent,  and (ii) stating the date and manner in which the 2002 Notice Request was so provided.

14. <u>Certification Opting Out of E-mail Service</u>. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address, and therefore cannot receive service by e-mail, must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail. Such individual entity will thereafter receive paper service as provided in these Case Management Procedures.

15.     <u>No E-mail or Certification Provided</u>. If a 2002 Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days of receipt of service of the 2002 Notice Request and specifically request an e-mail address. ***Until (a) an e-mail address or (b) a Certification is provided in response to the Debtors' request, such party shall not be added to the 2002 List and shall not be served with copies of Court Filings filed in these Chapter 11 Cases unless such Court Filings directly affect such party.***

16.     <u>Service of Motions Required to Be Served on All Creditors and Parties in Interest</u>. With respect to Requests for Relief for which particular notices are required to be served on all creditors and parties in interest—including pursuant to Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6007 and/or 9019—and subject to paragraph 16, below, parties shall serve all such filings by electronic mail, except as otherwise provided in paragraphs 12 through 14, above, on the Core Service List and any Affected Entity.

17.     All notices required by subdivisions (a)(2), (3) and (6) of FED. R. BANKR. P. 2002 and by FED. R. BANKR. P. 4001 shall be served upon:

(a)     Each entity designated on the Core Service List; and

(b)     When the notice is of a proposed use, sale, lease or abandonment of property or of a hearing thereon, each entity designated on the most recent Master Service List and each entity having an interest in the property; and

(c)     When the notice relates to relief from the stay in order to take action against property of the Debtor's Estate, each entity having a lien, encumbrance or interest in the subject property; and

(d)     When the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted; and

(e)     When the notice is of a proposed compromise or settlement or of a hearing thereon, each entity designated on the most recent Master Service List and each entity who is a party to the compromise or settlement; and

(f)      When the notice is of an application for compensation or reimbursement of expenses or of a hearing thereon, each entity designated on the most recent Master Service List and each professional person who is seeking compensation or reimbursement whose retention in these cases is authorized by the Court.

18.    <u>Service by E-mail</u>. All Court Filings (including those subject to paragraph 16, above) shall be electronically filed using the ECF System and served via e-mail as provided in these Case Management Procedures, which shall be deemed to constitute proper service for all parties who are sent such e-mail service, provided, however, that notwithstanding the foregoing and paragraph 19 below, (a) a summons and complaint in an adversary proceeding  shall not be served by e-mail and (b) documents filed under seal shall not be served. In accordance with Bankruptcy Rule 9036, the "Notice of Electronic Filing" that is automatically generated and sent via e-mail by the ECF System shall constitute proper, sufficient and effective service by e-mail for those parties who are, or whose agents are, registered attorney users of the ECF System (each, an "<u>ECF System User</u>" and, collectively, "<u>ECF System Users</u>"). Therefore, a party filing a Court Filing that is served on the ECF System Users via the ECF System has no further obligation to serve such Court Filing on the ECF System Users, provided that service to an ECF System User shall not be effective if the filing party receives notice that service of the Court Filing did not reach the ECF System User.

(a)      <u>Consent to Electronic Service</u>. Each creditor or party in interest on the Service List or that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service.

(b)      <u>E-mail Subject Line</u>. With respect to the service of any Court Filing, the subject line of the e-mail shall include: (i) the Debtor's case name and case number (*In re Block-Fi, Inc.*, Case No. _____; (ii) the name of the party serving such Court Filing and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit reasonably within the subject line of the e-mail, the subject line shall contain a shortened version of such title and the text of the e-mail shall contain the full name of such Court Filing.

(c)    E-mail Attachments. All Court Filings served by e-mail shall include access to a computer file containing the entire document (including any proposed form of order and exhibits, attachments or other materials) in PDF format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format.

(d)    Effective Date of Service. Service by e-mail on a party shall be effective as of the earlier of: (i) the date the Court Filing (or a notice stating that the Court Filing cannot be attached but is available on the ECF System or the Case Website) is transmitted by e-mail to the address provided by such party; or (ii) the date the Court Filing is posted on the ECF System where service on such ECF System User via the ECF System is proper under these Case Management Procedures.

19.    Certificates of Service.  The certificate of service for each filing must be filed with the Court together with the complete service list that was utilized and served for a particular filing but said certificate of service is not to be served via hard copy on the recipients of the filing.

20.    Service in Adversary Proceedings. All filings in adversary proceedings shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding, all parties known to have a particularized interest in the subject of such adversary proceeding and the parties listed on the Core Service List. Any summons, complaint or motion initiating an adversary proceeding shall be served in hard copy format, pursuant to Bankruptcy Rule 7004, upon the party or parties against whom relief is sought, all parties known to have a particularized interest in the subject of such proceeding and the parties listed on the Core Service List. Absent leave of the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

21.    Service of Orders. All parties submitting orders shall serve a conformed copy of any entered order on the parties that were entitled to service of the underlying Request for Relief in accordance with these Case Management Procedures, except as otherwise provided by an order of the Court. The Agent shall post all entered orders on the Case Website.

22.     <u>Service Upon United States Trustee</u>.  Pursuant to the Complex Guidelines for Chapter 11 Case, the Office of the United States Trustee for Region III—New Jersey Office requires service upon it of the following documents in hard copy format regardless of whether the United States Trustee's Office receives same electronically:

23.     <u>Right to Request Special Notice Procedures</u>. Nothing herein shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

**D.     Additional Case Management Procedures**

24.     <u>Adequate Notice</u>. Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

25.     <u>Computation of Time</u>. Unless otherwise specified, all time periods referenced in these Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     <u>Extensions of Time</u>. If a Motion to extend the time for a party to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. If the Court denies such Motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

27.     <u>Effect of the Case Management Procedures</u>. The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in these Chapter 11 Cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

28.     <u>Modification of Order</u>.  Any party may at any time apply for reconsideration or modification of the Order Granting Debtors' Emergency Motion to Establish Certain Notice, Case Management and Administrative Procedures.   Service of said motion shall be made to all persons/entities on the Master Service List.  The court may amend this Order from time to time as is necessary