**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

BlockFi Inc. ("BlockFi") and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") hereby file this *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders and (V) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, and 9013-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6.      As described in the First Day Declaration, the Debtors conduct their business in the ordinary course on an international level, operating and maintaining clients in numerous countries other than the United States.

## Relief Requested

7.      The Debtors request the entry of interim and final orders, substantially in the form attached to the motion as **Exhibit A** and **Exhibit B**, (i) authorizing the Debtors to file a consolidated list of the top 50 unsecured creditors and a consolidated list of creditors, (ii) authorizing the Debtors to redact certain personally identifiable information of individual creditors, clients, equity holders, and current and former employees, (iii) authorizing client name redaction, (iv) waiving the requirement to file a list of and provide notice directly to the Debtors' equity security holders, and (v) scheduling a final hearing on this Motion within twenty-one (21) days of the Petition Date, and (vi) granting related relief.

**Basis for Relief Requested**

A.      **Cause Exists to Authorize the Debtors to File a Single Consolidated List of Top 50 Unsecured Creditors and Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

8.      Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d), requires a debtor to file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." FED. R. BANKR. P. 1007(d). Because many creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "Top 50 List"). Compiling separate top creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources.  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service as well as assist the United States Trustee for the District of New Jersey (the "U.S. Trustee") in its efforts to communicate with these creditors.  Filing a single consolidated list of the fifty largest unsecured creditors in these chapter 11 cases is appropriate for these reasons.

9.      Allowing the Debtors to prepare and maintain a consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances of these Chapter 11 Cases where there are thousands of creditors and parties-in-interest. Converting the Debtors' computerized information to a format compatible with the matrix requirements as well as the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome and increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents. Accordingly, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

10.     The Debtors, working together with Kroll Restructuring Administration LLC ("Kroll") as their proposed noticing and claims agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent") have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Consolidated Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) and intend to file a copy of the Consolidated Creditor Matrix on the docket.

11.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See e.g.*, *In re Nat'l Realty Investment Advisors*, LLC, Case No. 22-14539 (JKS), (Bankr. D.N.J. June 9, 2022); *In re Christopher & Banks Corp.*, Case No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021); *In re RTW Retailwinds, Inc.*, Case No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020*); In re SLT Holdco, Inc.*, Case No. 20-18368 (MBK) (Bankr. D.N.J. July 13, 2020); *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 13, 2020); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017).

**B.     Cause Exists to Redact Certain Confidential and Personally Identifiable Information for Individual Creditors, Clients, Equity Holders, and Former and Current Employees and is Appropriate Under the Circumstances**

*i.     Cause Exists to Redact PII for Individual Creditors, Clients, Equity Holders, and Former and Current Employees Under the Bankruptcy Code and Applicable International Privacy/GDPR Laws*

12.     Bankruptcy Code § 107(c)(1)(A) provides that the Court

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A).

13.     In addition, privacy and data protection regulations have been enacted in key jurisdictions.  The United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, regardless of whether the processing takes place in the United Kingdom, or the European Economic Area, regardless of whether the processing takes place in the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).

14.     The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data.  The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground (Article 6(1)(f) UK GDPR and EU GDPR).  This ground, however, will only apply where the processing is necessary for the relevant purpose.  Such processing will not be necessary where there is a less intrusive way of achieving that purpose.  This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question.  The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU

law, which is not the case in the context of these Chapter 11 Cases.

15.     Violators of the UK GDPR and EU GDPR risk severe penalties.  If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019.  Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The processing of information includes transferring or disclosing it to others.  The UK GDPR and EU GDPR may apply to the Debtors, specifically, as certain of the Debtors may be processing data relating to their creditors, including employees, former employees, and individual contract workers, and individual equity holders in the context of an establishment in the United Kingdom or in a member state of the European Economic Area.

16.     The Debtors respectfully request authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the Consolidated Creditor Matrix, Top 50 List and Schedules and Statements, (a) the names, home and email addresses of individual creditors who are citizens of the United States located in the United States—including the Debtors' employees, former employees, contract workers—and individual equity holders and (b) the names, home and email addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR and any individual whose citizenship is unknown, because, respectively, (x) such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), and (y) disclosure risks violating the UK GDPR and EU GDPR, exposing the

Debtors to potential civil liability and significant financial penalties.

17.     This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[2]  In addition, negative publicity surrounding recent cases has caused safety concerns to such an extent that the many Debtors have recommended that their employees work from home.  Thus, the concerns about releasing employee information are particularly acute.

18.     The Debtors propose to provide, upon request, an unredacted version of the Consolidated Creditor Matrix to the Court and any other applicable filings redacted pursuant to the proposed Order, to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, and (b) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR or any other privacy or data protection law or regulation.  A version containing the redacted names and home and email addresses of individual creditors will be filed with the Court and shall be available for viewing via Kroll's website, https://restructuring.ra.kroll.com/blockfi.

### ii.     Cause Also Exists to Redact Client Information to Preserve the Debtors' Proprietary Interests and Protect Their Restructuring Efforts

19.     The Debtors operate on the cutting edge of technology, in a market that is not even fully regulated. The Debtors' client list consists of investors with an appetite for high risk and high

---

[2] This incident took place during the first Charming Charlie chapter 11 proceedings in 2017 and is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) (Docket No. 4).

reward. For that reason, the Debtors' client list is a valuable asset that, if shared with competitors, would challenge the Debtors ability to reorganize as competitors may try to poach the Debtors' investors. Section 107(b)(1) is designed to protect against this. *See also* FED. R. BANKR. P. 9018 (". . . the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential . . . commercial information . . ."). Thus, it is appropriate for the Debtors to redact personally identifying client information in this case to preserve the value of the estates for the benefit of all parties in interest.

   iii.   ***The Relief Requested in this Motion is Supported by Applicable Caselaw***

   20.   Courts in this jurisdiction and within the Third Circuit have granted similar relief requested herein in comparable chapter 11 cases. *See*, *e.g.*, *In re FTX Trading Ltd*., Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 23, 2022) (granting interim order to redact the names, addresses and e-mail addresses of cryptocurrency clients from any filings with the court or made publicly available in the debtors' chapter 11 cases); *In re Nat'l Realty Investment Advisors, LLC*, Case No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (granting order to seal information regarding retail investors); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (authorizing debtors to redact home addresses of individuals listed on the creditor matrix or other documents filed with the court and names and addresses of individuals protected by the GDPR); *In re SLT Holdco, Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. July 30, 2020) (same); *In re Alex & Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. Jun. 11, 2021) (authorizing the debtors to redact in filed papers the home addresses of individuals and the names of minors listed on the creditor matrix or other document filed with the court, as well as the names and addresses of any natural person whose personally identifiable information had been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state); *In re HighPoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021) (same); *In re*

*Mallinckrodt Plc,* Case No. 20-12522 (JTD) (Oct. 14, 2020), D.I. 221 (authorizing redaction of the home addresses of individuals and the names and address information of individuals protected by the GDPR); *In re the Diocese of Camden, New Jersey*, Case No. 20-21257 (JNP) (Bankr. D.N.J. Oct. 8, 2020) (granting order to seal portions of the creditors' matrix that disclose or contain identifying information regarding alleged abuse victims); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. Jul. 13, 2020) (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (authorizing the debtors to redact personally identifiable information of all individuals, including those located in the European Union, on documents filed with the court); *In re Clover Techs. Grp., LLC, et al.*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court, and names and address information in respect of individuals protected by the GDPR); *In re Cred Inc., et al.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) (authorizing the debtors to redact or withhold publication of customer and creditor names and addresses).

21.    Courts in other districts have also expounded on the importance of authorizing debtors to redact employees' and other individual creditors' personally identifiable information. Recently, in *Endo International*, Judge Garrity found that "[t]he Court can take judicial notice of the fact that identity theft is a world-wide problem." *In re Endo International plc* No. 22-22549 (JLG) 2022 WL 16640880 at *10 (Bankr. S.D.N.Y. Nov. 2, 2022).  In *Windstream*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), Hr'g Tr. at 88:6-12, 89:5-8.  In *Forever 21*, in overruling the objection of the United States Trustee for the District of Delaware to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft of personal

identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), Hr'g Tr. at 60:22–25.

22.      For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with the UK GDPR and EU GDPR, the names and home addresses of individuals where such information has been provided to, and is being processed by, an organization with an establishment located in the United Kingdom or a member state of the European Economic Area (and, with respect to such information processed by an organization with an establishment located in the United Kingdom or a member state of the European Economic Area, the names, home addresses, and other Personal Data of any individual) listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, doxing, and phishing, and (c) could jeopardize the safety of employees, other individual creditors, or individual equity holders, who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures. The Debtors further submit that cause exists to redact client information to protect the Debtors' proprietary information and preserve the Debtors' restructuring efforts.

**C.      The Court Should Waive the Requirement for BlockFi Inc. to File an Equity List and Provide Notices Directly to Equity Security Holders**

23.      Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within fourteen (14) days after entry of the order for relief a list of the debtor's

equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder." FED. R. BANKR. P. 1007(a)(3). Bankruptcy Rule 2002(d) provides that, "unless otherwise ordered by the court," notice shall be provided to all equity holders of the commencement of the case, any equity holders' meeting under Bankruptcy Code § 341, certain asset sales, conversion or dismissal hearings, the disclosure statement deadline, the confirmation objection deadline, and the voting deadline. *Id.* at 2002(d).

24.     As of the Petition Date, Debtor BlockFi Inc. had various classes and series of equity, including common stock and various series of preferred stock, outstanding to hundreds of equity holders. Further, the holders of such equity might have changed hands before the Petition Date. BlockFi Inc. would have to undertake an investigation and diligence to confirm the current list of the names and addresses of its equity holders (an "Equity List").

25.     The Debtors submit that preparing an Equity List with accurate names and last known addresses and providing notices to all such parties of the commencement of these Chapter 11 Cases would create a significant expense and administrative burden without a corresponding benefit to the estates or parties in interest. Moreover, BlockFi Inc. disclosed its most significant holder of outstanding equity in connection with its statement of corporate ownership, and each of its affiliated Debtors filed with their petitions a list of holders of outstanding equity. Accordingly, the Debtors respectfully request that the requirement for BlockFi Inc. to file a list of and to provide notice directly to BlockFi Inc.'s equity security holders be waived.

26.     Bankruptcy courts have granted substantially similar relief in other complex cases. *See, e.g., In re Tuesday Morning Corp.*, Case No. 20-31476 (Bankr. N.D. Tex. May 27, 2020) (Docket No. 103); *In re Erickson Inc.*, Case No. 16-34393 (Bankr. N.D. Tex. Nov. 10, 2016) (Docket No. 50) (waiving the requirement to file an equity list and the requirement to provide

notice directly to equity security holders); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (waiving the requirements to file a list of and to provide notice of commencement of the case to equity security holders); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016) (waiving the requirements to file a list of and to provide notice of commencement of the case to equity security holders); *In re Ultra Petrol. Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016) (waiving the requirement to file a list of equity security holders and provide direct notice); *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2008) (same).

**D.      The Court Should Authorize Kroll to Serve Notices to Creditors**

27.      In addition to the important consolidation and redaction requests noted above, the Debtors propose that Kroll undertake all mailings directed by this Court or the U.S. Trustee or required by the Bankruptcy Code or Bankruptcy Rules in order to alleviate the administrative and economic burdens that these Chapter 11 Cases may impose upon the Court and the Clerk's office.

28.      Because Kroll will work closely with the Debtors, the authorization to serve the papers and pleadings in these Chapter 11 Cases, including the Debtors' Notice of Commencement, will facilitate notice in the event of any amendments to the creditor list and will ensure all creditors and parties-in-interests receive timely and proper notice of filings of these Chapter 11 Cases as well as the date, time, and location for the first meeting of creditors pursuant to Bankruptcy Code § 341.

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

29.      Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's

future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

30.     The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and all parties in interest. Failure to grant immediate relief will severely interrupt the Debtor's transition into Chapter 11 and impair the Debtor's efforts to successfully emerge from Chapter 11. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the proposed interim order submitted herewith on the terms described herein.

### Request of Waiver of Stay

31.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of the estate.

### Waiver of Memorandum of Law

32.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

33.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

34.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

35.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Conclusion

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court

(i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

Respectfully submitted,

Dated: November 28, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST
OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF
CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS,
CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES,
(III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE
REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF |

*Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, on an interim basis, to file a single, consolidated list of their 50 largest general unsecured creditors.

3.      The Debtors are authorized, on an interim basis, to file one Consolidated Creditor Matrix for all Debtors.

4.      The Debtors are authorized, on an interim basis, to redact on the Consolidated Creditor Matrix, Top 50 List, Schedules and Statements, and any other document filed with the Court:  (a) the names, home and email addresses and other Personal Data of individuals who are citizens of the United States located in the United States, (b) the names, home and email addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state or whose address is unknown, and (c) the names of the Debtors' clients, *provided that* the Debtors shall provide an unredacted version of the Consolidated Creditor Matrix,

| Debtors: | BLOCKFI, INC., *et al.* |
|---|---|
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF |

Top 50 List, Schedules and Statements, and any other filings redacted pursuant to this Order to (x) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (y) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; *provided that* any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.  The Debtors shall file a redacted version of the Consolidated Creditor Matrix with the Court as well as post it on the website of Kroll, the Notice and Claims Agent.

5.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for the Debtor BlockFi Inc. is waived.

6.      Any requirement that the Debtor BlockFi Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the known holders of the Debtors' equity securities.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF |

7.       The Final Hearing on the Motion will be held on _____, 2022 at _____ **(Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before _____, 2022 at 4:00 **p.m. (Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before seven (7) days before the Hearing Date, with a copy to chambers, and served on the proposed Debtors' counsel and the Master Service List. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

8.       The Debtors, through Kroll, are authorized, on an interim basis, to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix (email is sufficient).

9.       Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

10.       The Debtors are authorized, on an interim basis, to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.       The contents of the Motion satisfy Bankruptcy Rule 6003.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (V) GRANTING RELATED RELIEF |

12.    Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

13.    A true copy of this Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit B</u>**

**Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF
TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS,
(II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY
HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING
CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN
EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY
HOLDERS, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through six (6), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (IV) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients,, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (IV) GRANTING RELATED RELIEF |

*Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized to file a single, consolidated list of their 50 largest general unsecured creditors.

3.      The Debtors are authorized to file one Consolidated Creditor Matrix for all Debtors.

4.      The Debtors are authorized to redact on the Consolidated Creditor Matrix, Top 50 List, Schedules and Statements, and any other document filed with the Court:  (a) the names, home and email addresses and other Personal Data of individuals who are citizens of the United States located in the United States, (b) the names, home and email addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state or whose address is unknown, and (c) the names of the Debtors' clients, *provided that* the Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Top 50 List, Schedules and Statements, and any other filings redacted pursuant to this Order to (x) the Court, the

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (IV) GRANTING RELATED RELIEF |

U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (y) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; *provided that* any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.  The Debtors shall file a redacted version of the Consolidated Creditor Matrix with the Court as well as post it on the website of Kroll, the Notice and Claims Agent.

5.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for the Debtor BlockFi Inc. is waived.

6.      Any requirement that the Debtor BlockFi Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the known holders of the Debtors' equity securities

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUAL CREDITORS, CLIENTS, EQUITY HOLDERS, AND CURRENT AND FORMER EMPLOYEES, (III) AUTHORIZING CLIENT NAME REDACTION, (IV) WAIVING THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (IV) GRANTING RELATED RELIEF |

7.     The Debtors, through Kroll, are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix (email is sufficient).

8.     Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

9.     The contents of the Motion satisfy Bankruptcy Rule 6003.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.