| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Proposed Attorneys for Debtors and<br>Debtors in Possession* |
| *Proposed Attorneys for Debtors and<br>Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BlockFi Inc. ("BlockFi") and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") hereby file this *Debtors' Motion for Entry of an Order Extending the Time to File Schedules and Statements* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

**Jurisdiction and Venue**

1.  United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 105(a) and 521(a)(1)(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

4.  On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their business, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark A. Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for

the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Relief Requested

6. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 30 days, for a total of 44 days from the Petition Date, through and including January 11, 2023.

## Basis for Relief Requested

7. Bankruptcy Code section 521 and Bankruptcy Rule 1007 require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs within 14 days of their petition date. However, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for the filing of the Schedules and Statements "for cause." FED. R. BANKR. P. 1007(c) and 9006(b).

8. The Debtors submit that good and sufficient cause exists for granting an extension of time to file the Debtors' Schedules and Statements. There are 9 Debtors in these Chapter 11 Cases. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents maintained by each of these 9 Debtors, relating to the claims of hundreds of creditors, as well as the Debtors' many assets and leases. Given the scope of the Debtors' operations, it will take substantial time to gather and process such information. The Debtors have a limited number of employees with detailed knowledge of the Debtors' financial affairs and the skill to perform the necessary review and analysis of the Debtors' financial records. Given the size and complexity of the Debtors' businesses, and the resulting significant amount of

work required to complete the Schedules and Statements, as well as the competing demands on the Debtors' employees and professionals to assist in critical efforts to stabilize the Debtors' business operations during the initial postpetition period, an extension is necessary.

9. The requested extension also will aid the Debtors in efficiently preparing accurate Schedules and Statements, as it will allow the Debtors to account for prepetition invoices not yet received or entered into their accounting systems as of the Petition Date and will minimize the possibility that any subsequent amendments to the Schedules and Statements are necessary. As such, the extension will benefit not only the Debtors, but all creditors and other parties in interest.

10. Although the Debtors, with the assistance of their professional advisors, have begun to compile the information necessary for the Schedules and Statements, the Debtors have been consumed with a multitude of other legal, business, and administrative matters in the weeks prior to the Petition Date. Nevertheless, recognizing the importance of the Schedules and Statements in these Chapter 11 Cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances.

11. This Court and other courts have granted the relief requested herein in large, complex Chapter 11 cases such as these. *See, e.g.*, *In re SLT Holdco Inc.*, Case No. 20-18368 (MBK) (Bankr. D.N.J. July 9, 2020); *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 11, 2020); *In re Hollister Construction Services, LLC*, Case No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re C. Wonder LLC*, Case No. 15-11127 (MBK) (Bankr. D.N.J. Jan. 28, 2015); *In re Crumbs Bake Shop, Inc.*, Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014); *In re MEE Apparel LLC*, Case No. 14-16484 (CMG) (Bankr. D.N.J. Apr. 7, 2014); *In re Ashley Stewart Holdings, Inc.*, Case No. 14-14383 (MBK) (Bankr. D.N.J. Mar. 11, 2014).

12. The Debtors expect that they will require at least 30 additional days to finalize the Schedules and Statements. The Debtors therefore request that the Court extend the 14–day period for an additional 30 days (making the Schedules and Statements due on or before 44 days after the Petition Date), without prejudice to the Debtors' right to request further extensions, for cause shown.

### Waiver of Memorandum of Law

13. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Notice

14. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for any committee appointed by this Court; (vi) the list of the 50 largest unsecured creditors of each of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submits that no further notice is required.

### No Prior Request

15. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Conclusion

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court

(i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

Dated: November 28, 2022                        Respectfully Submitted,

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

## Exhibit A

**Proposed Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>   Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

# ORDER EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)
Debtors:        BLOCKFI, INC., *et al.*
Case No.        22-
Caption of Order:   ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS

---

Upon the *Debtors' Motion for Entry of an Order Extending the Time to File Schedules and Statements* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is **GRANTED** as set forth herein.

2.  Pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007(c), the time by which the Debtors shall file their Schedules and Statements is extended to January 11, 2023, an additional 30 days beyond the 14-day extension provided for pursuant to Bankruptcy Rule 1007(c).

3.  Such extension is without prejudice to the Debtors' right to request a further extension.

4.  In accordance with this Court's *Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors,*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)
Debtors:         BLOCKFI, INC., *et al*.
Case No.         22-
Caption of Order: ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS

*(II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders and (V) Granting Related Relief* the Debtors are authorized to redact the names and home addresses of individuals, clients, and equity holders listed on the Schedules and Statements and other documents filed with the Court.

5. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Order shall be effective immediately upon entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.