**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>             Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND**
**(II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS**
**RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE**
**§§ 105(a), 363(b), 507(a)(8), AND 541(d)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-

in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") hereby file this

*Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Taxes and Fees and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers Pursuant to Bankruptcy Code §§ 105(a), 363(b), 507(a)(8), and 541(d)* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541(d) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the applicable rules of the of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

4.     On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Background Regarding Taxes and Fees

6.      In the ordinary course of business, the Debtors incur, collect, remit, withhold, and pay income and franchise taxes (the "Income and Franchise Taxes"), the proceeds of liquidated customer assets or interest payment withholdings to satisfy Taxing Authority levies on such customer assets (the "Customer Garnishments"), and other governmental taxes, fees, and assessments (collectively, the "Taxes and Fees").[2] The Debtors pay the Taxes and Fees to various taxing authorities and governmental regulatory bodies (collectively, the "Taxing Authorities"). A non-exclusive list of the Taxing Authorities is attached to the proposed Interim Order (defined below) as **Exhibit 1** (the "Taxing Authorities List").[3] From time to time, the Debtors may also receive tax credits for overpayments or refunds in respect of Taxes and Fees. The Debtors generally use these credits in the ordinary course of business to offset against future Taxes and Fees, or have the amount of such credits refunded to the Debtors.

---

[2] By this Motion, the Debtors are not seeking authority to pay employee withholding taxes, healthcare taxes, contribution taxes, and payroll taxes, which are addressed separately in the *Debtors' Expedited Motion for Entry Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* filed contemporaneously herewith.

[3] Although the Debtors reasonably believe that the Taxing Authorities List is substantially complete, the relief requested herein is to be applicable with respect to all Taxing Authorities that may lawfully levy taxes, fees and penalties against the Debtors and is not limited to those Taxing Authorities listed on the Taxing Authorities List.

7.      The Debtors pay the Taxes and Fees to the Taxing Authorities on a periodic basis, typically remitting them monthly, quarterly, or annually, depending on the nature and incurrence of a particular Tax or Fee. The Debtors seek authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees, including where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees have accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) payments made prepetition by the Debtors were lost or otherwise not received in full by any of the Taxing Authorities; (d) Taxes and Fees incurred for prepetition periods become due and payable after the commencement of these Chapter 11 Cases; and (e) Taxes and Fees for any "straddle" periods,[4] as applicable.

8.      Additionally, the Debtors may become subject to audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during these Chapter 11 Cases.[5] Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors, including interest on late payment of Taxes and Fees (such additional Taxes and Fees, "Assessments").[6] The Debtors seek authority to pay or remit tax obligations on account of the Audits as they arise in the ordinary course of the Debtors' business, including as a result of any resolutions of issues addressed in an Audit.

---

[4] The Debtors reserve their rights with respect to the proper characterization of any straddle Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative priority treatment.

[5] The Internal Revenue Service (the "IRS") has assessed a penalty related to the Debtors' 1099 filings for the 2020 tax year. The Debtors' tax preparer, Deloitte Tax LLP, continues to resolve the 1099 penalty, which is disputed.

[6] Nothing in this Motion, or any related order, constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment. The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

9.      The principal categories of Taxes and Fees collected and incurred by the Debtors,

as well as the accrued and unpaid amounts with respect to such Taxes and Fees as of the Petition

Date, are described below:[7]

a.      Income and Franchise Taxes. As a result of their operations in various locations throughout the United States, the Debtors incur Income and Franchise Taxes that are owed to various state and local Taxing Authorities. During the 2021 tax year, the Debtors paid approximately $438,100 of Income and Franchise Taxes, consisting of approximately $240,000 of Delaware franchise taxes, $2,100 of Delaware LLC taxes, and $196,000 of state and local taxes in various jurisdictions within the United States. The Debtors estimate that there are no accrued and unpaid Income and Franchise Taxes that will come due within thirty days of the Petition Date, and that approximately $450,000.00 of Income and Franchise Taxes will come due during the twelve-month period following the Petition Date. Certain of the Debtors have subsidiaries (the "Foreign Subsidiaries") that are organized under the laws of foreign countries and such Foreign Subsidiaries are thus subject to taxation in those countries, but for the 2021 and 2022 tax years the Foreign Subsidiaries did not engage in any business activity and thus did not generate any Taxes and Fees. For the 2023 tax year, the Debtors do not anticipate that Income and Franchise Taxes will be incurred by the Foreign Subsidiaries.

b.      Customer Garnishments. In the ordinary course of business, the IRS and various state taxing authorities notify the Debtors of a levy on the assets of certain customers due to outstanding tax obligations. With respect to Customer Garnishments by the IRS and the Massachusetts Department of Revenue (the "MA DOR"), each Taxing Authority requires the Debtors to freeze the garnished assets for a fixed period of time while the customer attempts to resolve its tax issue with the Taxing Authority. If the customer is unable to resolve its tax issue with the Taxing Authority, the Taxing Authority will direct the Debtors to liquidate their account and remit the proceeds to the Taxing Authority. With respect to Customer Garnishments by the California Franchise Tax Board (the "CA FTB"), the Taxing Authority requires the Debtors to withhold and remit 25% of interest paid on assets. As of the Petition Date, there are ten customer accounts in total that are subject to Customer Garnishments that have yet to be satisfied, including three by the IRS, one by the MA DOR, and six by the CA FTB. The aggregate value of the four accounts subject to Customer Garnishments by the IRS and MA DOR as of the date of each notice of levy is $12,172.65,

---

[7] The Debtors cannot predict the amounts of any potential Assessments that may result from Audits, if any. Accordingly, the Debtors' estimates of outstanding Taxes and Fees as of the Petition Date does not include any amounts relating to potential Assessments.

with three of the accounts having a value less than $1.04. The aggregate value of the six accounts subject to Customer Garnishments by the CA FTB is $21,751.35, but the Debtors discontinued interest payments on all accounts in the ordinary course of business on a prepetition basis so there are no interest withholdings to remit to the CA FTB as of the Petition Date.

## **Relief Requested**

10.     The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) authorizing, but not directing, the Debtors to negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy, any prepetition Taxes and Fees (including corresponding Assessments) due and owing to the Taxing Authorities,[8] including any Taxes and Fees that are determined postpetition to be owing for the period prior to the Petition Date, and any Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis, and authorizing, but not directing, the Debtors to pay all accrued unpaid prepetition fees and penalties related thereto, and (b) authorizing applicable banks and financial institutions (collectively, the "Banks") to receive, honor, process, and pay all checks issued or to be issued and credit card or electronic funds transfers requested or to be requested relating to the above. In addition, the Debtors request that the Court schedule a final hearing twenty-one (21) days after the commencement of these Chapter 11 Cases, or as soon thereafter as is convenient for the Court, to consider approval of this Motion on a final basis.

## **Basis for Relief Requested**

11.     Ample cause exists to authorize the payment of the prepetition Taxes and Fees, including, among other things, that (a) the failure to pay any prepetition Taxes and Fees may

---

[8] Although the Debtors estimate that no prepetition Taxes and Fees will come due within thirty days of the Petition Date, out of an abundance of caution, the Debtors seek authority, but not direction, to pay any lawful prepetition Taxes and Fees that were unintentionally omitted from the Debtors' estimation of prepetition Taxes and Fees, in addition to Taxes and Fees that come due in the ordinary course during these Chapter 11 Cases.

interfere with the Debtors' continued operations and successful reorganization efforts; (b) funds representing certain unremitted prepetition Taxes and Fees may not be property of the Debtors' estates; (c) the failure to pay prepetition Taxes and Fees may increase the scope of secured and priority claims held by the applicable Taxing Authorities against the Debtors' estates; (d) the payment of certain Taxes and Fees affects only the timing of payments as certain Taxes and Fees are afforded priority or secured status under the Bankruptcy Code; and (e) the Court has authority to grant the requested relief under Bankruptcy Code sections 105(a) and 363(b), and payment of the prepetition Taxes and Fees is a valid exercise of the Debtors' fiduciary duties pursuant to Bankruptcy Code sections 1107(a) and 1108.

## I.    Failure to Pay the Prepetition Taxes and Fees May Interfere with the Debtors' Continued Operations and Successful Reorganization Efforts

12.    The Debtors seek to obtain authority, but not direction, to pay the prepetition Taxes and Fees to ensure continued, uninterrupted operation of their businesses. Nonpayment of these obligations may cause Taxing Authorities to take precipitous action, including, but not limited to, asserting liens, preventing the Debtors from conducting business in the applicable jurisdictions, or seeking to lift the automatic stay, which would disrupt the Debtors' day-to-day operations and could potentially impose significant costs on the Debtors' estates. Failure to satisfy the prepetition Taxes and Fees may jeopardize the Debtors' maintenance of good standing to operate in the jurisdictions in which they do business.

13.    To the extent that any prepetition Taxes and Fees remain unpaid by the Debtors, certain of the Debtors' officers and directors may be subject to lawsuits or criminal prosecution during the pendency of these Chapter 11 Cases. The dedicated and active participation of the Debtors' directors, officers and other employees is not only integral to the Debtors' continued, uninterrupted operations, but also essential to the orderly administration of these Chapter 11 Cases.

The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their personnel from carrying out their duties in these Chapter 11 Cases to the detriment of all parties in interest.

## II.     Certain of the Prepetition Taxes and Fees May Not Be Property of the Debtors' Estates

14.     The Debtors submit that funds representing some of the prepetition Taxes and Fees, including certain withholding taxes, including without limitation the Customer Garnishments, may constitute "trust fund" taxes, which the Debtors are required to collect and/or hold in trust for payment to the Taxing Authorities. Bankruptcy Code section 541(d) provides, in relevant part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

15.     To the extent the Debtors have collected or hold any Taxes and Fees in trust for payment to the Taxing Authorities, such funds may not constitute property of the Debtors' estates. *See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 60–62 (1990) (holding that excise and withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate); *In re Calabrese*, 689 F.3d 312, 321 (3d Cir. 2012) (sales tax collected by debtor from its customers pursuant to state law is a non-dischargeable "trust fund" tax); *Universal Bonding Ins. Co. v. Gittens Sprinkle Enters.*, 960 F.2d 366, 371 (3d Cir. 1992) (funds held in trust for another are not property of the estate). The Debtors, therefore, generally do not have an equitable interest in funds held on account of "trust fund" Taxes and Fees and should be permitted to pay those funds to the Taxing Authorities as they become due.

### III.    Failure to Pay Certain Taxes and Fees May Increase the Scope of Secured and Priority Claims Held by the Taxing Authorities

16.    The Debtors' failure to pay certain prepetition Taxes and Fees may increase the secured claims held by Taxing Authorities against the Debtors' estates, as Taxing Authorities may assert liens against real and personal property for which these Taxes and Fees are due and owing. Furthermore, the postpetition creation and perfection of certain of these liens may not be subject to the automatic stay. *See* 11 U.S.C. §§ 362(b)(3), (18). Thus, nonpayment of certain Taxes and Fees may inadvertently allow the creation and perfection of additional liens on the Debtors' assets during these Chapter 11 Cases.

17.    Moreover, to the extent the Taxing Authorities hold oversecured claims, if the prepetition Taxes and Fees are not paid, postpetition interest, fees, penalties and other charges may accrue. *See id.* § 506(b); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241–43 (1989) (holding that nonconsensual lienholders may receive interest on their claims under section 506(b)). Even if these Taxes and Fees are not treated as secured claims, they may still, as discussed below, be entitled to priority treatment pursuant to the Bankruptcy Code—as may any penalties assessed by the applicable Taxing Authorities on delinquent taxes owed by the Debtors. *See* 11 U.S.C. § 507(a)(8). The Debtors' failure to pay the prepetition Taxes and Fees may, consequently, increase the amount of the secured or priority claims held by the Taxing Authorities against the Debtors' estates.

18.    Paying the prepetition Taxes and Fees will avoid the imposition of liens and the accrual of interest charges and unnecessary fees and penalties on such claims, thereby preserving the value of the Debtors' estates and maximizing the distribution available for other creditors. Therefore, the Court should authorize the Debtors to pay prepetition Taxes and Fees because payment will benefit the estates' creditors and other parties-in-interest.

**IV.      Paying Certain Prepetition Taxes and Fees Will Only Affect the Timing of the Payments**

19.      Certain of the Taxes and Fees described herein are afforded priority status pursuant to Bankruptcy Code section 507(a)(8).[9] *See id.* § 507(a)(8)(A). Courts have authorized early payment of priority claims when such early payment is intended to prevent some harm or to procure some benefit for the estate. *See, e.g.*, *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding courts may authorize payment of prepetition claims under the "necessity of payment" doctrine when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re CEI Roofing, Inc.*, 315 B.R. 50, 60–61 (Bankr. N.D. Tex. 2004) (finding that authorization of early payment of priority claims does not trigger concerns of either upsetting priority scheme of Bankruptcy Code or of unfair discrimination); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex.) (stating that the court may authorize pre-plan payment of priority claims because "the need to pay these claims in an ordinary course of business time frame is simple common sense").

20.      To the extent prepetition Taxes and Fees result in priority claims to the Taxing Authorities, they must be paid in full before any general unsecured obligations of the Debtors may be satisfied. *See* 11 U.S.C. § 507(a)(8). The Debtors submit that sufficient assets exist to pay the prepetition Taxes and Fees, if any. Accordingly, the proposed relief will affect only the timing of payment and will not prejudice the rights of any general unsecured creditor or other party-in-interest. The Court, therefore, should grant the Debtors the authority to pay prepetition Taxes and Fees in the ordinary course.

---

[9] The Debtors reserve the right to challenge the priority status of any taxes or fees.

V.    **The Court has Authority to Grant the Requested Relief Under Bankruptcy Code Sections 363(b) and 105(a), and Payment of Prepetition Taxes and Fees is a Valid Exercise of the Debtors' Fiduciary Duties Pursuant to Bankruptcy Code Sections 1107(a) and 1108**

21.    The Court may grant the relief requested herein pursuant to Bankruptcy Code section 363(b), which provides, in pertinent part, that "[t]he [debtor-in-possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *Id.* § 363(b)(1). Courts have long recognized that, where a sound business justification can be articulated, payment of prepetition claims under Bankruptcy Code section 363(b) is permitted. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (holding that section 363(b) gives a bankruptcy court "broad flexibility" to authorize a debtor to expend funds on account of prepetition claims if there is "some business justification" to justify payment).

22.    The Court may also grant the requested relief pursuant to its equitable powers under Bankruptcy Code section 105(a), which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts generally recognize that payments to prepetition creditors are appropriate pursuant to Bankruptcy Code section 105 under the "doctrine of necessity" or the "necessity of payment" doctrine, where such payments are necessary to the continued operation of the debtor's business. *See, e.g.*, *CoServ*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use Section 105(a) of the Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate."); *see also Lehigh*, 657 F.2d at 581. Indeed, a bankruptcy court's use of its equitable powers under the "doctrine of necessity" to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere*, 98 B.R. at 175. The United States Supreme Court first articulated the equitable common law principle commonly referred to as the "doctrine of necessity"

over 130 years ago in *Miltenberger v. Logansport, C. & S.W.R. Co.*, 106 U.S. 286 (1882). Courts today continue to recognize that the rationale for the "doctrine of necessity" is consistent with the "paramount goal" of Chapter 11: "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere*, 98 B.R. at 176.

23.    Further, pursuant to Bankruptcy Code section 1107(a), "a debtor-in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under [chapter 11 of the Bankruptcy Code]." 11 U.S.C. § 1107(a); *see also id.* § 1108 (authorizing the trustee to operate the debtor's business). Thus, debtors-in-possession are fiduciaries "holding the bankruptcy estate and operating the business for the benefit of creditors. . . ." *CoServ*, 273 B.R. at 497. Implicit in the duties of a Chapter 11 debtor-in-possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.* Courts have noted that there are instances in which a debtor-in-possession may fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.*

24.    Accordingly, pursuant to Bankruptcy Code sections 105(a), 363(b), 1107(a), and 1108, this Court is empowered to grant the relief requested herein and such relief is necessary, in the Debtors' discretion and business judgment, in order to prevent damage to the Debtors' businesses.

25.    The Debtors submit that payment of any prepetition Taxes and Fees is an exercise of sound business judgment and necessary to permit a successful reorganization, as the Debtors' satisfaction of the prepetition Taxes and Fees is necessary to avoid Audits and other tax-related obstacles to a smooth transition through these Chapter 11 Cases. Significant disruptions of the Debtors' operations of the types described above threaten to irreparably impair the Debtors' ability to reorganize and thereby maximize the value of the Debtors' estates for the benefit of creditors.

26.     This Court and others within the Third Circuit have entered orders granting relief similar to the relief requested herein. *See, e.g.*, *In re Congoleum Corporation,* Case No. 20-18488 (Kaplan, C.J.) (Bankr. D.N.J. Aug. 7, 2020) [Docket No. 148]; *In re SLT HoldCo, Inc., et al.*, Case No. 20-18368 (Kaplan, C.J.) (Bankr. D.N.J. July 10, 2020) [Docket No. 180]; *In re Remington Outdoor Co., Inc.*, Case No. 18-10864 (Bankr. D. Del. Mar. 25, 2018) [Docket No. 156]; *In re B. Lane, Inc., d/b/a Fashion to Figure, et al.*, Case No. 17-32958 (Bankr. D.N.J. Nov. 15, 2017) [Docket No. 54]; *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (Bankr. D.N.J. June 5, 2017) [Docket No. 109]. The present circumstances warrant similar relief in these Chapter 11 Cases.

## VI.   Banks Should be Authorized to Receive, Process, Honor, and Pay all Payments Issued and Transfers Requested to Pay the Prepetition Taxes and Fees

27.     The Debtors have sufficient funds to pay the Taxes and Fees described herein in the ordinary course of business. Also, under the Debtors' existing cash management system, the Debtors can readily identify checks, credit card payments, wire transfer requests, and electronic funds transfers relating to an authorized payment made with respect to the Taxes and Fees. Accordingly, the Debtors believe that checks, credit card payments, and/or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that this Court should authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all payment requests in respect of the relief requested herein.

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

28.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists

13

where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

29.     The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and all parties in interest. The Debtors' authority to pay any prepetition Taxes and Fees to the Taxing Authorities and the Banks' authority to honor such payments are vital to a smooth transition into Chapter 11. Failure to grant immediate relief will severely interrupt the Debtors' transition into Chapter 11 and impair the Debtors' efforts to successfully emerge from Chapter 11. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the proposed interim order submitted herewith on the terms described herein.

### Request for Waiver of Stay

30.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of the estate.

### Waiver of Memorandum of Law

31.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Reservation of Rights**

32.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Notice**

33.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; (f) the Taxing Authorities; and (g) any party that has requested

notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given (collectively, the "Notice Parties").

## **No Prior Request**

34.      No prior request for the relief sought in this Motion has been made to this Court or any other court.

## **Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

[*remainder of page intentionally left blank*]

Respectfully submitted,

Dated: November 28, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**<u>EXHIBIT A</u>**

**PROPOSED INTERIM ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES
AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND
PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO
BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d)**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Taxes and Fees and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers Pursuant to Bankruptcy Code §§ 105(a), 363(b), 507(a)(8), and 541(d)* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157, and the Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously herewith, the record of the Hearing, and all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

| | |
|---|---|
| (Page \| 3) | |
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

2.    The Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided*, notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

3.    The Banks are authorized, at the Debtors' request, to receive, process, honor and pay, to the extent of cleared and sufficient funds on deposit, any and all checks issued or to be issued, credit card payments, or electronic fund transfers requested or to be requested by the Debtors relating to this Interim Order. The Banks shall not be liable to any party on account of: (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) honoring any prepetition checks, drafts, or wires

| (Page \| 4) | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, or wire; or (c) an innocent mistake made despite implementation of reasonable handling procedures. The Banks may rely on the representations of the Debtors regarding checks that were drawn, credit card payments made, or instructions issued by the Debtors before the Petition Date, and the payments should be honored postpetition pursuant to an order of this Court.

4.      The Debtors are authorized, but not directed, to issue new postpetition checks or effect new postpetition credit card payments or electronic funds transfers in replacement of any checks, credit card payments, or transfer requests on account of any payments of prepetition Taxes and Fees that are dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

5.      Nothing contained in this Interim Order or any action taken by the Debtors in implementing this Interim Order shall be deemed (a) an admission as to the validity, amount, classification, or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to dispute the validity, amount, classification, or priority of any claim or lien of any Taxing Authority under applicable nonbankruptcy law, (c) a waiver of any claims or causes of action which may exist against any Taxing Authority, or (d) an assumption, adoption or rejection of any contract or lease between the Debtors and any third party under Bankruptcy Code section 365.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

6. The Final Hearing on the Motion will be held on **_____, 2022 at _____ (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before **_____, 2022 at 4:00 p.m. (Eastern Time)**. Any objection shall set forth in writing and with particularity the factual and legal basis of the objection. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

7. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

9. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Interim Order in accordance with the Motion.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

12.     A true copy of this Interim Order shall be served on all required parties pursuant to

D.N.J.LBR 9013-5(f).

13.     Any party may move for modification of this Interim Order in accordance with

D.N.J. LBR 9013-5(e).

14.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

## **EXHIBIT 1**

### **TAXING AUTHORITIES LIST**

| TAXING AUTHORITY | ADDRESS |
|---|---|
| ALABAMA DEPARTMENT OF LABOR FITZGERALD WASHINGTON, COMMISSIONER | 649 MONROE STREET MONTGOMERY AL 36131 334-242-8990 |
| ALABAMA DEPARTMENT OF REVENUE GORDON PERSONS BLDNG | 50 NORTH RIPLEY STREET MONTGOMERY AL 36104 334-242-1170 |
| ALASKA DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT HEIDI DRYGAS, COMMISSIONER | P.O. BOX 11149 JUNEAU AK 99811-1149 907-465-2700 |
| ALASKA DEPARTMENT OF REVENUE STATE OFFICE BUILDING | 333 WILLOUGHBY AVENUE 11TH FLOOR P.O. BOX 110410 JUNEAU AK 99811-0410 |
| ARIZONA DEPARTMENT OF REVENUE 1600 W MONROE ST. | PHOENIX AZ 85007-2650 602-255-2060 |
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION 1509 WEST 7TH STREET | LITTLE ROCK AR 72201 |
| ARKANSAS DEPARTMENT OF LABOR LEON JONES, JR, DIRECTOR OF LABOR | 10421 WEST MARKHAM LITTLE ROCK AR 72205 501-682-4541 |
| CALIFORNIA STATE BOARD OF EQUALIZATION 15350 SHERMAN WAY 250 VAN NUYS | VAN NUYS CA 91406 818-904-2335 |
| COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT ELLEN GOLOMBEK, EXECUTIVE DIRECTOR | 633 17TH ST., SUITE 201 DENVER CO 80202-3660 303-318-8441 |
| COLORADO DEPARTMENT OF REVENUE 1375 SHERMAN ST. | DENVER CO 80261 |
| COMMONWEALTH OF PUERTO RICO ATTN: BANKRUPTCY DEPARTMENT | APARTADO 9020192 SAN JUAN PR 00902-0192 787-721-2900 |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES 25 SIGOURNEY STREET | HARTFORD CT 6106 860-297-5962 |
| CONNECTICUT DEPARTMENT OF LABOR SHARON PALMER, COMMISSIONER | 200 FOLLY BROOK BLVD. WETHERSFIELD CT 06109-1114 860-263-6000 |
| DELAWARE DEPARTMENT OF LABOR JOHN MCMAHON JR., SECRETARY OF LABOR | 4425 N. MARKET ST., 4TH FL WILMINGTON DE 19802 302-761-8200 |
| DELAWARE DIVISION OF REVENUE CARVEL STATE OFFICE BUILDING | 820 NORTH FRENCH STREET NEW CASTLE COUNTY WILMINGTON DE 19801 302-577-8200 |
| DEPARTMENT OF EMPLOYMENT SERVICES DEBORAH A. CARROLL, DIRECTOR | 4058 MINNESOTA AVE., NE WASHINGTON DC 20019 202-671-1900 |
| DIVISION OF LABOR STANDARDS ENFORCEMENT AND THE OFFICE OF THE LABOR COMMISSIONER JULIE SU, STATE LABOR COMMISSIONER | 455 GOLDEN GATE AVENUE, 9TH FL SAN FRANCISCO CA 94102-7004 510-285-2118 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 1 (CT, MA, ME, NH, RI, VT) | 5 POST OFFICE SQUARE SUITE 100 BOSTON MA 02109-3912 617-918-1111 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 10 (AK, ID, OR, WA) | 1200 SIXTH AVENUE, SUITE 900 SEATTLE WA 98101 206-553-1200 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 2 (NJ, NY, PR, VI) | 290 BROADWAY NEW YORK NY 10007-1866 212-637-3000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 3 (DC, DE, MD, PA, VA, WV) | 1650 ARCH STREET PHILADELPHIA PA 19103-2029 215-814-5000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 4 (AL, FL, GA, KY, MS, NC, SC, TN) | ATLANTA FEDERAL CENTER 61 FORSYTH STREET ATLANTA GA 30303-3104 404-562-9900 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 5 (IL, IN, MI, MN, OH, WI) | 77 WEST JACKSON BOULEVARD CHICAGO IL 60604-3507 312-353-2000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 6 (AR, LA, NM, OK, TX) | 1445 ROSS AVENUE SUITE 1200 DALLAS TX 75202-2733 214-665-2200 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 7 (IA, KS, MO, NE) | 11201 RENNER BLVD. LENEXA KS 66219 913-551-7003 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 8 (CO, MT, ND, SD, UT, WY) | 1595 WYNKOOP ST. DENVER CO 80202-1129 303-312-6312 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 9 (AZ, CA, HI, NV) | 75 HAWTHORNE STREET SAN FRANCISCO CA 94105 415-947-8000 |
| FLORIDA DEPARTMENT OF REVENUE 5050 WEST TENNESSEE STREET | TALLAHASSEE FL 32399-0100 800-352-3671 |
| FLORIDA DIVISION OF WORKFORCE SERVICES TOM | 107 EAST MADISON STREET TALLAHASSEE FL |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| CLENDENNING, DIRECTOR | 32399 850-245-7105 |
| GEORGIA DEPARTMENT OF LABOR MARK BUTLER, COMMISSIONER | SUSSEX PLACE, ROOM 600 148 ANDREW YOUNG INTERNATIONAL BLVD., NE ATLANTA GA 30303 404-232-7300 |
| GEORGIA DEPARTMENT OF REVENUE 1800 CENTURY CENTER BLVD., N.E. | ATLANTA GA 30345 877-423-6711 |
| HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS LINDA CHU TAKAYAMA, DIRECTOR | PRINCESS RUTH KE'ELIKOLANI BUILDING 830 PUNCHBOWL STREET, ROOM 321 HONOLULU HI 96813 808-586-8844 |
| HAWAII DEPARTMENT OF TAXATION DIRECTOR OF TAXATION, ROOM 221, DEPT OF TAXATION | 830 PUNCHBOWL STREET HONOLULU HI 96813-5094 808-587-4242 |
| IDAHO DEPARTMENT OF LABOR KENNETH EDMUNDS, DIRECTOR | 317 W. MAIN ST. BOISE ID 83735-0001 208-332-3579 |
| IDAHO STATE TAX COMMISSION 800 PARK BLVD., PLAZA IV | BOISE ID 83712-7742 |
| ILLINOIS DEPARTMENT OF LABOR HUGO CHAVIANO, DIRECTOR | 160 N. LASALLE ST., 13TH FL, SUITE C-1300 CHICAGO IL 60601 312-793-2800 |
| ILLINOIS DEPARTMENT OF REVENUE PO BOX 1040 | GALESBURG IL 61402-1040 |
| INDIANA DEPARTMENT OF LABOR SEAN KEEFER, COMMISSIONER | INDIANA GOVERNMENT CENTER SOUTH 402 W. WASHINGTON STREET ROOM W195 INDIANAPOLIS IN 46204 317-232-2655 |
| INDIANA DEPARTMENT OF REVENUE 1025 WIDENER LN | SOUTH BEND IN 46614 574-291-8270 |
| INDUSTRIAL COMMISSION OF ARIZONA KAREN AXSOM, DIRECTOR | 800 WEST WASHINGTON STREET PHOENIX AZ 85007 602-542-4515 |
| IOWA DEPARTMENT OF REVENUE AND FINANCE PO BOX 10471 | DES MOINES IA 50306-0471 515-281-3114 |
| IOWA LABOR SERVICES DIVISION MICHAEL MAURO, LABOR COMMISSIONER | 1000 EAST GRAND AVENUE DES MOINES IA 50319-0209 515-242-5870 |
| KANSAS DEPARTMENT OF LABOR LANA GORDON, SECRETARY | 401 S.W. TOPEKA BLVD. TOPEKA KS 66603-3182 785-296-5000 |
| KANSAS DEPARTMENT OF REVENUE 915 SW HARRISON ST #300 | TOPEKA KS 66612 785-368-8323 |
| KENTUCKY LABOR CABINET LARRY L. ROBERTS, SECRETARY | 1047 U.S. HWY 127 SOUTH, SUITE 4 FRANKFORT KY 40601-4381 502-564-3070 |
| KENTUCKY REVENUE CABINET 501 HIGH STREET | FRANKFORT KY 40620 502-564-4581 |
| LOUISIANA DEPARTMENT OF REVENUE 617 NORTH THIRD STREET | BATON ROUGE LA 70821-0201 |
| LOUISIANA WORKFORCE COMMISSION CURT EYSINK, EXECUTIVE DIRECTOR | P.O. BOX 94094 BATON ROUGE LA 70804-9094 225-342-3111 |
| MAINE DEPARTMENT OF LABOR JEANNE PAQUETTE, COMMISSIONER | 54 STATE HOUSE STATION DRIVE AUGUSTA ME 04333 207-621-5095 |
| MAINE REVENUE SERVICES COMPLIANCE DIVISION | PO BOX 9107 AUGUSTA ME 04332-9107 207-624-9595 |
| MARYLAND DEPARTMENT OF LABOR , LICENSING AND REGULATION KELLY M. SCHULZ, SECRETARY | 500 N. CALVERT STREET, SUITE 401 BALTIMORE MD 21202 410-230-6020 |
| MARYLAND STATE COMPTROLLER 80 CALVERT STREET | PO BOX 466 ANNAPOLIS MD 21404-0466 |
| MASSACHUSETTS DEPARTMENT OF REVENUE 436 DWIGHT STREET | SPRINGFIELD MA 01103 617-887-6367 |
| MASSACHUSETTS EXECUTIVE OFFICE OF LABOR & WORKFORCE DEVELOPMENT RONALD WALKER, II, SECRETARY | ONE ASHBURTON PLACE, RM 2112 BOSTON MA 02108 617-626-7122 |
| MASSACHUSETTS FAIR LABOR DIVISION, OFFICE OF THE ATTORNEY GENERAL CYNDI MARK, CHIEF | ONE ASHBURTON PLACE BOSTON MA 02108 617-727-3465 |
| MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS (LARA) MIKE ZIMMER, DIRECTOR | 611 W. OTTAWA LANSING MI 48909 517-373-1820 |
| MICHIGAN DEPARTMENT OF TREASURY 430 W ALLEGAN ST | LANSING MI 48933 517-373-3223 |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY KEN PETERSON, COMMISSIONER | 443 LAFAYETTE ROAD NORTH ST. PAUL MN 55155 651-284-5010 |
| MINNESOTA DEPARTMENT OF REVENUE 600 NORTH ROBERT ST | ST. PAUL MN 55101 651-556-3000 |
| MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY MARK HENRY, EXECUTIVE DIRECTOR | 1235 ECHELON PARKWAY P.O. BOX 1699 JACKSON MS 39215-1699 601-321-6000 |
| MISSISSIPPI TAX COMMISSION P.O. BOX 22808 | JACKSON MS 39225-2808 601-923-7393 |
| MISSOURI DEPARTMENT OF REVENUE HARRY S TRUMAN STATE OFFICE BUILDING | 301 WEST HIGH STREET JEFFERSON CITY, MO 65101 |
| MISSOURI LABOR AND INDUSTRIAL RELATIONS COMMISSION RYAN MCKENNA, DIRECTOR | 3315 W. TRUMAN BOULEVARD P.O. BOX 504 421 E. DUNKLIN JEFFERSON CITY MO 65102-0504 573-751-4091 |
| MONTANA DEPARTMENT OF LABOR AND INDUSTRY PAM BUCY, COMMISSIONER | P.O. BOX 1728 HELENA MT 59624-1728 406-444-9091 |
| MONTANA DEPARTMENT OF REVENUE MITCHELL BUILDING, | 125 N. ROBERTS, P.O. BOX 5805 HELENA MT 59604-5805 406-444-6900 |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL ATTN: KAREN CORDRY | 1850 M ST., NW 12TH FLOOR WASHINGTON DC 20036 202-326-6025 |
| NEBRASKA DEPARTMENT OF LABOR JOHN ALBIN, COMMISSIONER | 550 SOUTH 16TH STREET BOX 94600 LINCOLN NE 68508-4600 402-471-9000 |
| NEBRASKA DEPARTMENT OF REVENUE NEBRASKA STATE OFFICE BUILDING | 301 CENTENNIAL MALL SOUTH LINCOLN NE 68508 |
| NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY SHANNON CHAMBERS, COMMISSIONER | 555 E. WASHINGTON AVE., SUITE 4100 LAS VEGAS NV 89101-1050 702-486-2650 |
| NEVADA DEPARTMENT OF TAXATION 1550 COLLEGE PARKWAY | SUITE 115 CARSON CITY NV 89706 775-684-2000 |
| NEW HAMPSHIRE DEPARTMENT OF LABOR JAMES W.CRAIG, COMMISSIONER | STATE OFFICE PARK SOUTH 95 PLEASANT STREET CONCORD NH 03301 603-271-3176 |
| NEW HAMPSHIRE DEPARTMENT OF REVENUE - ADMINISTRATION UNIT 109 PLEASANT STREET | P.O. BOX 457 CONCORD NH 03302-0457 603-230-5005 |
| NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT HAROLD J. WIRTHS, COMMISSIONER | #1 JOHN FITCH PLAZA, 13TH FL, SUITE D P.O. BOX 110 TRENTON NJ 08625-0110 609-659-9045 |
| NEW JERSEY DEPARTMENT OF TREASURY P.O. BOX 002 | TRENTON NJ 08625-0002 609-292-6748 |
| NEW MEXICO DEPARTMENT OF TAXATION AND REVENUE 1100 SOUTH ST. FRANCIS DRIVE | SANTA FE NM 87504 |
| NEW MEXICO DEPARTMENT OF WORK FORCE SOLUTIONS CELINA BUSSEY, SECRETARY | P.O. BOX 1928 401 BROADWAY, N.E. ALBUQUERQUE NM 87102-1928 505-841-8405 |
| NEW YORK DEPARTMENT OF LABOR MARIO J. MUSOLINO, ACTING COMMISSIONER | STATE OFFICE BLDG., # 12 W.A. HARRIMAN CAMPUS ALBANY NY 12240 518-457-9000 |
| NEW YORK DEPARTMENT OF TAXATION & FINANCE BANKRUPTCY SECTION, P.O. BOX 5300 | ALBANY NY 12205-0300 |
| NORTH CAROLINA DEPARTMENT OF LABOR CHERIE K. BERRY, COMMISSIONER | 4 WEST EDENTON STREET RALEIGH NC 27699 919-807-2796 |
| NORTH CAROLINA DEPARTMENT OF REVENUE PO BOX 25000 | RALEIGH NC 27640-0640 |
| NORTH DAKOTA DEPARTMENT OF LABOR TROY SEIBEL, COMMISSIONER | STATE CAPITOL BUILDING 600 EAST BOULEVARD AVE., DEPT 406 BISMARCK ND 58505-0340 701-328-2660 |
| NORTH DAKOTA STATE TAX DEPARTMENT 600 E. BOULEVARD AVE. | BRISMARCK ND 58505-0599 701-328-7088 |
| OHIO DEPARTMENT OF COMMERCE JAQUELINE T. WILLIAMS, COMMISSIONER | 77 SOUTH HIGH STREET, 22ND FLOOR COLUMBUS OH 43215 614-644-2239 |
| OHIO DEPARTMENT OF TAXATION PO BOX 530 | COLUMBUS OH 43216-0530 888-405-4039 |
| OKLAHOMA DEPARTMENT OF LABOR MARK COSTELLO, COMMISSIONER | 3017 N. STILES AVENUE, SUITE 100 OKLAHOMA CITY OK 73105-5212 405-521-6100 |
| OKLAHOMA TAX COMMISSION CONNORS BUILDING | 2501 NORTH LINCOLN BOULEVARD OKLAHOMA CITY OK 73194 405-521-3160 |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| OREGON BUREAU OF LABOR AND INDUSTRIES BRAD AVAKIAN, COMMISSIONER | 800 NE OREGON ST., #1045 PORTLAND OR 97232 971-673-0761 |
| OREGON DEPARTMENT OF REVENUE 955 CENTER ST NE | SALEM OR 97301-2555 503-378-4988 |
| PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY KATHY MANDERINO, SECRETARY | 1700 LABOR AND INDUSTRY BLDG. 7TH AND FORSTER STREETS HARRISBURG PA 17120 717-787-5279 |
| PENNSYLVANIA DEPARTMENT OF REVENUE OFFICE OF CHIEF COUNSEL | PO BOX 281061 HARRISBURG PA 17128 717-787-1382 |
| PUERTO RICO DEPARTMENT OF THE TREASURY PO BOX 9024140 | SAN JUAN PR 00902-4140 |
| RHODE ISLAND DEPARTMENT OF LABOR AND TRAINING SCOTT R. JENSEN, DIRECTOR | 1511 PONTIAC AVENUE CRANSTON RI 02920 401-462-8550 |
| RHODE ISLAND DEPARTMENT OF REVENUE ONE CAPITOL HILL | PROVIDENCE RI 02908 |
| SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING & REGULATIONS RICHELE TAYLOR, DIRECTOR | P.O. BOX 11329 COLUMBIA SC 29211-1329 803-896-4300 |
| SOUTH CAROLINA DEPARTMENT OF REVENUE PO BOX 12265 | COLUMBIA SC 29211 |
| SOUTH DAKOTA DEPARTMENT OF LABOR AND REGULATION MARCIA HULTMAN, SECRETARY | 700 GOVERNORS DRIVE PIERRE SD 57501-2291 605-773-3101 |
| SOUTH DAKOTA DEPARTMENT OF REVENUE 445 E CAPITOL AVENUE | PIERRE SD 57501 605-773-3311 |
| STATE OF ALABAMA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 300152 MONTGOMERY AL 36130-0152 334-242-7300 |
| STATE OF ALASKA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 110300 JUNEAU AK 99811-0300 907-465-2133 |
| STATE OF ARIZONA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 2005 N CENTRAL AVE PHOENIX AZ 85004-2926 602-542-5025 |
| STATE OF ARKANSAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 323 CENTER ST. SUITE 200 LITTLE ROCK AR 72201-2610 501-682-2007 |
| STATE OF CALIFORNIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 944255 SACRAMENTO CA 94244-2550 916-445-9555 |
| STATE OF COLORADO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | RALPH L. CARR COLORADO JUDICIAL CENTER 1300 BROADWAY, 10TH FLOOR DENVER CO 80203 720-508-6000 |
| STATE OF CONNECTICUT ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 165 CAPITOL AVENUE HARTFORD CT 06106 860-808-5318 |
| STATE OF DELAWARE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | CARVEL STATE OFFICE BLDG. 820 N. FRENCH ST. WILMINGTON DE 19801 302-577-8338 |
| STATE OF FLORIDA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | THE CAPITOL, PL 01 TALLAHASSEE FL 32399-1050 850-414-3300 |
| STATE OF GEORGIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 40 CAPITAL SQUARE, SW ATLANTA GA 30334-1300 404-656-3300 |
| STATE OF HAWAII ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 425 QUEEN ST. HONOLULU HI 96813 808-586-1500 |
| STATE OF IDAHO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 700 W. JEFFERSON STREET P.O. BOX 83720 BOISE ID 83720-1000 208-334-2400 |
| STATE OF ILLINOIS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 100 WEST RANDOLPH STREET CHICAGO IL 60601 312-814-3000 |
| STATE OF INDIANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | INDIANA GOVERNMENT CENTER SOUTH 302 W. WASHINGTON ST., 5TH FLOOR INDIANAPOLIS IN 46204 317-232-6201 |
| STATE OF IOWA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1305 E. WALNUT STREET DES MOINES IA 50319 515-281-5164 |
| STATE OF KANSAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 120 SW 10TH AVE., 2ND FLOOR TOPEKA KS 66612-1597 785-296-2215 |
| STATE OF KENTUCKY ATTORNEY GENERAL ATTN: | 700 CAPITOL AVENUE, SUITE 118 FRANKFORT KY |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| BANKRUPTCY DEPARTMENT | 40601 502-696-5300 |
| STATE OF LOUISIANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 94095 BATON ROUGE LA 70804-4095 225-326-6000 |
| STATE OF MAINE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 6 STATE HOUSE STATION AUGUSTA ME 04333-0000 207-626-8800 |
| STATE OF MARYLAND ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 200 ST. PAUL PLACE BALTIMORE MD 21202-2202 410-576-6300 |
| STATE OF MASSACHUSETTS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | ONE ASHBURTON PLACE BOSTON MA 02108-1698 617-727-2200 |
| STATE OF MICHIGAN ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | G. MENNEN WILLIAMS BUILDING, 7TH FLOOR 525 W. OTTAWA ST. P.O. BOX 30212 LANSING MI 48909-0212 517-373-1110 |
| STATE OF MINNESOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1400 BREMER TOWER 445 MINNESOTA STREET ST. PAUL MN 55101-2131 651-296-3353 |
| STATE OF MISSISSIPPI ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | WALTER SILLERS BUILDING 550 HIGH STREET, SUITE 1200 P.O. BOX 220 JACKSON MS 39201 601-359-3680 |
| STATE OF MISSOURI ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | SUPREME COURT BUILDING 207 W. HIGH ST. JEFFERSON CITY MO 65102 573-751-3321 |
| STATE OF MONTANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 215 N SANDERS, THIRD FLOOR PO BOX 201401 HELENA MT 59620-1401 406-444-2026 |
| STATE OF NEBRASKA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 2115 STATE CAPITOL 2ND FL, RM 2115 LINCOLN NE 68509-8920 402-471-2683 |
| STATE OF NEVADA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 100 NORTH CARSON STREET CARSON CITY NV 89701 775-684-1100 |
| STATE OF NEW HAMPSHIRE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 33 CAPITOL ST. CONCORD NH 03301-0000 603-271-3658 |
| STATE OF NEW JERSEY ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | RJ HUGHES JUSTICE COMPLEX 25 MARKET STREET P.O. BOX 080 TRENTON NJ 08625-0080 609-292-4925 |
| STATE OF NEW MEXICO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. DRAWER 1508 SANTA FE NM 87504-1508 505-827-6000 |
| STATE OF NEW YORK ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | THE CAPITOL ALBANY NY 12224-0341 518-776-2000 |
| STATE OF NORTH CAROLINA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 9001 MAIL SERVICE CENTER RALEIGH NC 27699-9001 919-716-6400 |
| STATE OF NORTH DAKOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STATE CAPITOL 600 E BOULEVARD AVE DEPT 125 BISMARCK ND 58505-0040 701-328-2210 |
| STATE OF OHIO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 30 E. BROAD ST., 14TH FLOOR COLUMBUS OH 43215 800-282-0515 |
| STATE OF OKLAHOMA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 313 NE 21ST STREET OKLAHOMA CITY OK 73105 405-521-3921 |
| STATE OF OREGON ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1162 COURT STREET NE SALEM OR 97301 503-378-4400 |
| STATE OF PENNSYLVANIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STRAWBERRY SQUARE 16TH FLOOR HARRISBURG PA 17120 717-787-3391 |
| STATE OF RHODE ISLAND ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 150 SOUTH MAIN STREET PROVIDENCE RI 02903-0000 401-274-4400 |
| STATE OF SOUTH CAROLINA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 11549 COLUMBIA SC 29211-1549 803-734-3970 |
| STATE OF SOUTH DAKOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1302 EAST HIGHWAY 14 SUITE 1 PIERRE SD 57501-8501 605-773-3215 |
| STATE OF TENNESSEE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 20207 NASHVILLE TN 37202-0207 615-741-3491 |
| STATE OF TEXAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | CAPITOL STATION PO BOX 12548 AUSTIN TX 78711-2548 512-475-4868 |
| STATE OF UTAH ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | PO BOX 142320 SALT LAKE CITY UT 84114-2320 801-538-9600 |
| STATE OF VERMONT ATTORNEY GENERAL ATTN: | 109 STATE ST. MONTPELIER VT 05609-1001 802828- |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| BANKRUPTCY DEPARTMENT | 3171 |
| STATE OF VIRGINIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 900 EAST MAIN STREET RICHMOND VA 23219 804-786-2071 |
| STATE OF WASHINGTON ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1125 WASHINGTON ST. SE P.O. BOX 40100 OLYMPIA WA 98504-0100 360-753-6200 |
| STATE OF WEST VIRGINIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STATE CAPITOL BLDG 1 ROOM E 26 CHARLESTON WV 25305 304-558-2021 |
| STATE OF WISCONSIN ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | WISCONSIN DEPARTMENT OF JUSTICE STATE CAPITOL, ROOM 114 EAST P. O. BOX 7857 MADISON WI 53707-7857 608-266-1221 |
| STATE OF WYOMING ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 123 CAPITOL BUILDING 200 W. 24TH STREET CHEYENNE WY 82002 307-777-7841 |
| TENNESSEE DEPART. OF LABOR & WORKFORCE DEVELOPMENT BURNS PHILLIPS, COMMISSIONER | 220 FRENCH LANDING DRIVE NASHVILLE TN 37243 844-224-5818 |
| TENNESSEE DEPARTMENT OF REVENUE 500 DEADERICK STREET, ANDREW JACKSON BUILDING | NASHVILLE TN 37242 615-253-0600 |
| TEXAS WORKFORCE COMMISSION RONALD G. CONGLETON, COMMISSIONER REPRESENTING LABOR | 101 EAST 15TH ST. AUSTIN TX 78778 512-475-2670 |
| TEXAS DEPARTMENT OF REVENUE CAPITOL STATION | P.O. BOX 13528 AUSTIN TX 78711-3528 |
| UNITED STATES OF AMERICA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | US DEPT OF JUSTICE 950 PENNSYLVANIA AVE NW WASHINGTON DC 20530-0001 |
| UTAH LABOR COMMISSION SHERRIE HAYASHI, COMMISSIONER | 160 E. 300 S., SUITE 300 SALT LAKE CITY UT 84111 801-530-6800 |
| UTAH DEPARTMENT OF REVENUE 210 NORTH 1950 WEST | SALT LAKE CITY UT 84134 |
| VERMONT DEPARTMENT OF LABOR ROSE LUCENTI, DIRECTOR OF WORKFORCE DEVELOPMENT | 5 GREEN MOUNTAIN DRIVE P.O. BOX 488 MONTPELIER VT 05601-0488 |
| VERMONT DEPARTMENT OF TAXES 133 STATE STREET | MONTPELLER VT 05602 |
| VIRGINIA DEPARTMENT OF LABOR AND INDUSTRY C. RAY DAVENPORT, COMMISSIONER | MAIN STREET CENTRE 600 EAST MAIN STREET, SUITE 207 RICHMOND VA 23219 804-371-2327 |
| VIRGINIA DEPARTMENT OF REVENUE VIRGINIA DEPARTMENT OF TAXATION OFFICE OF CUSTOMER SERVICE | P.O. BOX 1115 RICHMOND VA 23218-1115 |
| WASHINGTON DC ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 441 4TH STREET, NW WASHINGTON DC 20001 202-727-3400 |
| WASHINGTON DC OFFICE OF TAX AND REVENUE 1101 4TH ST SW | STE 270 WEST WASHINGTON DC 20024 202-727-4829 |
| WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES JOEL SACKS, DIRECTOR | P.O. BOX 44000 OLYMPIA WA 98504-4001 360-902-5800 |
| WASHINGTON DEPARTMENT OF REVENUE TAXPAYER ACCOUNT ADMINISTRATION | P.O. BOX 47476 OLYMPIA WA 98504-7476 |
| WEST VIRGINIA DIVISION OF LABOR JOHN R. JUNKINS, ACTING COMMISSIONER | STATE CAPITOL COMPLEX, #749-B BUILDING #6 1900 KANAWHA BLVD. CHARLESTON WV 25305 304-558-7890 |
| WEST VIRGINIA DEPARTMENT OF REVENUE ATTN: LEGAL DIVISION | 1001 LEE STREET, EAST CHARLESTON WV 25301 304-558-5330 |
| WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT REGGIE NEWSON, SECRETARY | 201 E. WASHINGTON AVE., #A400 P.O. BOX 7946 MADISON WI 53707-7946 608-266-3131 |
| WISCONSIN DEPARTMENT OF REVENUE CUSTOMER SERVICE BUREAU | P.O. BOX 8949 MADISON WI 53708-8949 608-266-2486 |
| WYOMING DEPARTMENT OF WORKFORCE SERVICE JOAN K. EVANS, DIRECTOR | 1510 EAST PERSHING BLVD. CHEYENNE WY 82002 307-777-8728 |
| WYOMING DEPARTMENT OF REVENUE 122 WEST 25TH STREET | 2ND FLOOR WEST CHEYENNE WY 82002-0110 307-777-5275 |

## <u>EXHIBIT B</u>

## PROPOSED FINAL ORDER

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d)**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Taxes and Fees and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers Pursuant to Bankruptcy Code §§ 105(a), 363(b), 507(a)(8), and 541(d)* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157, and the Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held hearings (the "Hearings") to consider the relief requested in the Motion on an interim and final basis; and the Court having entered an Interim Order granting the relief request in the Motion on an interim basis; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions*, the record of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

| (Page | 3) | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

Hearings, and all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided*, notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

3.      The Banks are authorized, at the Debtors' request, to receive, process, honor and pay, to the extent of cleared and sufficient funds on deposit, any and all checks issued or to be issued, credit card payments, or electronic fund transfers requested or to be requested by the Debtors relating to this Final Order. The Banks shall not be liable to any party on account of: (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) honoring any prepetition checks, drafts, or wires in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, or wire; or (c) an innocent mistake made despite implementation of reasonable handling procedures. The Banks may rely on the representations of the Debtors regarding checks that were drawn, credit card payments made, or instructions issued by the Debtors before the Petition Date, and the payments should be honored postpetition pursuant to an order of this Court.

4.      The Debtors are authorized, but not directed, to issue new postpetition checks or effect new postpetition credit card payments or electronic funds transfers in replacement of any checks, credit card payments, or transfer requests on account of the prepetition Taxes and Fees dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

5.      Nothing contained in this Final Order or any action taken by the Debtors in implementing this Final Order shall be deemed (a) an admission as to the validity, amount, classification, or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363(b), 507(a)(8), AND 541(d) |

any party in interest's rights to dispute the validity, amount, classification, or priority of any claim or lien Taxing Authority under applicable nonbankruptcy law, (c) a waiver of any claims or causes of action which may exist against any Taxing Authority, or (d) an assumption, adoption or rejection of any contract or lease between the Debtors and any third party under Bankruptcy Code section 365.

6.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

7.      The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Final Order in accordance with the Motion.

8.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## **EXHIBIT 1**

### **TAXING AUTHORITIES LIST**

| TAXING AUTHORITY | ADDRESS |
|---|---|
| ALABAMA DEPARTMENT OF LABOR FITZGERALD WASHINGTON, COMMISSIONER | 649 MONROE STREET MONTGOMERY AL 36131 334-242-8990 |
| ALABAMA DEPARTMENT OF REVENUE GORDON PERSONS BLDNG | 50 NORTH RIPLEY STREET MONTGOMERY AL 36104 334-242-1170 |
| ALASKA DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT HEIDI DRYGAS, COMMISSIONER | P.O. BOX 11149 JUNEAU AK 99811-1149 907-465-2700 |
| ALASKA DEPARTMENT OF REVENUE STATE OFFICE BUILDING | 333 WILLOUGHBY AVENUE 11TH FLOOR P.O. BOX 110410 JUNEAU AK 99811-0410 |
| ARIZONA DEPARTMENT OF REVENUE 1600 W MONROE ST. | PHOENIX AZ 85007-2650 602-255-2060 |
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION 1509 WEST 7TH STREET | LITTLE ROCK AR 72201 |
| ARKANSAS DEPARTMENT OF LABOR LEON JONES, JR, DIRECTOR OF LABOR | 10421 WEST MARKHAM LITTLE ROCK AR 72205 501-682-4541 |
| CALIFORNIA STATE BOARD OF EQUALIZATION 15350 SHERMAN WAY 250 VAN NUYS | VAN NUYS CA 91406 818-904-2335 |
| COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT ELLEN GOLOMBEK, EXECUTIVE DIRECTOR | 633 17TH ST., SUITE 201 DENVER CO 80202-3660 303-318-8441 |
| COLORADO DEPARTMENT OF REVENUE 1375 SHERMAN ST. | DENVER CO 80261 |
| COMMONWEALTH OF PUERTO RICO ATTN: BANKRUPTCY DEPARTMENT | APARTADO 9020192 SAN JUAN PR 00902-0192 787-721-2900 |
| CONNECTICUT DEPARTMENT OF REVENUE SERVICES 25 SIGOURNEY STREET | HARTFORD CT 6106 860-297-5962 |
| CONNECTICUT DEPARTMENT OF LABOR SHARON PALMER, COMMISSIONER | 200 FOLLY BROOK BLVD. WETHERSFIELD CT 06109-1114 860-263-6000 |
| DELAWARE DEPARTMENT OF LABOR JOHN MCMAHON JR., SECRETARY OF LABOR | 4425 N. MARKET ST., 4TH FL WILMINGTON DE 19802 302-761-8200 |
| DELAWARE DIVISION OF REVENUE CARVEL STATE OFFICE BUILDING | 820 NORTH FRENCH STREET NEW CASTLE COUNTY WILMINGTON DE 19801 302-577-8200 |
| DEPARTMENT OF EMPLOYMENT SERVICES DEBORAH A. CARROLL, DIRECTOR | 4058 MINNESOTA AVE., NE WASHINGTON DC 20019 202-671-1900 |
| DIVISION OF LABOR STANDARDS ENFORCEMENT AND THE OFFICE OF THE LABOR COMMISSIONER JULIE SU, STATE LABOR COMMISSIONER | 455 GOLDEN GATE AVENUE, 9TH FL SAN FRANCISCO CA 94102-7004 510-285-2118 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 1 (CT, MA, ME, NH, RI, VT) | 5 POST OFFICE SQUARE SUITE 100 BOSTON MA 02109-3912 617-918-1111 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 10 (AK, ID, OR, WA) | 1200 SIXTH AVENUE, SUITE 900 SEATTLE WA 98101 206-553-1200 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 2 (NJ, NY, PR, VI) | 290 BROADWAY NEW YORK NY 10007-1866 212-637-3000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 3 (DC, DE, MD, PA, VA, WV) | 1650 ARCH STREET PHILADELPHIA PA 19103-2029 215-814-5000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 4 (AL, FL, GA, KY, MS, NC, SC, TN) | ATLANTA FEDERAL CENTER 61 FORSYTH STREET ATLANTA GA 30303-3104 404-562-9900 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 5 (IL, IN, MI, MN, OH, WI) | 77 WEST JACKSON BOULEVARD CHICAGO IL 60604-3507 312-353-2000 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 6 (AR, LA, NM, OK, TX) | 1445 ROSS AVENUE SUITE 1200 DALLAS TX 75202-2733 214-665-2200 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 7 (IA, KS, MO, NE) | 11201 RENNER BLVD. LENEXA KS 66219 913-551-7003 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 8 (CO, MT, ND, SD, UT, WY) | 1595 WYNKOOP ST. DENVER CO 80202-1129 303-312-6312 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 9 (AZ, CA, HI, NV) | 75 HAWTHORNE STREET SAN FRANCISCO CA 94105 415-947-8000 |
| FLORIDA DEPARTMENT OF REVENUE 5050 WEST TENNESSEE STREET | TALLAHASSEE FL 32399-0100 800-352-3671 |
| FLORIDA DIVISION OF WORKFORCE SERVICES TOM | 107 EAST MADISON STREET TALLAHASSEE FL |

1

| TAXING AUTHORITY | ADDRESS |
|---|---|
| CLENDENNING, DIRECTOR | 32399 850-245-7105 |
| GEORGIA DEPARTMENT OF LABOR MARK BUTLER, COMMISSIONER | SUSSEX PLACE, ROOM 600 148 ANDREW YOUNG INTERNATIONAL BLVD., NE ATLANTA GA 30303 404-232-7300 |
| GEORGIA DEPARTMENT OF REVENUE 1800 CENTURY CENTER BLVD., N.E. | ATLANTA GA 30345 877-423-6711 |
| HAWAII DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS LINDA CHU TAKAYAMA, DIRECTOR | PRINCESS RUTH KE'ELIKOLANI BUILDING 830 PUNCHBOWL STREET, ROOM 321 HONOLULU HI 96813 808-586-8844 |
| HAWAII DEPARTMENT OF TAXATION DIRECTOR OF TAXATION, ROOM 221, DEPT OF TAXATION | 830 PUNCHBOWL STREET HONOLULU HI 96813-5094 808-587-4242 |
| IDAHO DEPARTMENT OF LABOR KENNETH EDMUNDS, DIRECTOR | 317 W. MAIN ST. BOISE ID 83735-0001 208-332-3579 |
| IDAHO STATE TAX COMMISSION 800 PARK BLVD., PLAZA IV | BOISE ID 83712-7742 |
| ILLINOIS DEPARTMENT OF LABOR HUGO CHAVIANO, DIRECTOR | 160 N. LASALLE ST., 13TH FL, SUITE C-1300 CHICAGO IL 60601 312-793-2800 |
| ILLINOIS DEPARTMENT OF REVENUE PO BOX 1040 | GALESBURG IL 61402-1040 |
| INDIANA DEPARTMENT OF LABOR SEAN KEEFER, COMMISSIONER | INDIANA GOVERNMENT CENTER SOUTH 402 W. WASHINGTON STREET ROOM W195 INDIANAPOLIS IN 46204 317-232-2655 |
| INDIANA DEPARTMENT OF REVENUE 1025 WIDENER LN | SOUTH BEND IN 46614 574-291-8270 |
| INDUSTRIAL COMMISSION OF ARIZONA KAREN AXSOM, DIRECTOR | 800 WEST WASHINGTON STREET PHOENIX AZ 85007 602-542-4515 |
| IOWA DEPARTMENT OF REVENUE AND FINANCE PO BOX 10471 | DES MOINES IA 50306-0471 515-281-3114 |
| IOWA LABOR SERVICES DIVISION MICHAEL MAURO, LABOR COMMISSIONER | 1000 EAST GRAND AVENUE DES MOINES IA 50319-0209 515-242-5870 |
| KANSAS DEPARTMENT OF LABOR LANA GORDON, SECRETARY | 401 S.W. TOPEKA BLVD. TOPEKA KS 66603-3182 785-296-5000 |
| KANSAS DEPARTMENT OF REVENUE 915 SW HARRISON ST #300 | TOPEKA KS 66612 785-368-8323 |
| KENTUCKY LABOR CABINET LARRY L. ROBERTS, SECRETARY | 1047 U.S. HWY 127 SOUTH, SUITE 4 FRANKFORT KY 40601-4381 502-564-3070 |
| KENTUCKY REVENUE CABINET 501 HIGH STREET | FRANKFORT KY 40620 502-564-4581 |
| LOUISIANA DEPARTMENT OF REVENUE 617 NORTH THIRD STREET | BATON ROUGE LA 70821-0201 |
| LOUISIANA WORKFORCE COMMISSION CURT EYSINK, EXECUTIVE DIRECTOR | P.O. BOX 94094 BATON ROUGE LA 70804-9094 225-342-3111 |
| MAINE DEPARTMENT OF LABOR JEANNE PAQUETTE, COMMISSIONER | 54 STATE HOUSE STATION DRIVE AUGUSTA ME 04333 207-621-5095 |
| MAINE REVENUE SERVICES COMPLIANCE DIVISION | PO BOX 9107 AUGUSTA ME 04332-9107 207-624-9595 |
| MARYLAND DEPARTMENT OF LABOR , LICENSING AND REGULATION KELLY M. SCHULZ, SECRETARY | 500 N. CALVERT STREET, SUITE 401 BALTIMORE MD 21202 410-230-6020 |
| MARYLAND STATE COMPTROLLER 80 CALVERT STREET | PO BOX 466 ANNAPOLIS MD 21404-0466 |
| MASSACHUSETTS DEPARTMENT OF REVENUE 436 DWIGHT STREET | SPRINGFIELD MA 01103 617-887-6367 |
| MASSACHUSETTS EXECUTIVE OFFICE OF LABOR & WORKFORCE DEVELOPMENT RONALD WALKER, II, SECRETARY | ONE ASHBURTON PLACE, RM 2112 BOSTON MA 02108 617-626-7122 |
| MASSACHUSETTS FAIR LABOR DIVISION, OFFICE OF THE ATTORNEY GENERAL CYNDI MARK, CHIEF | ONE ASHBURTON PLACE BOSTON MA 02108 617-727-3465 |
| MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS (LARA) MIKE ZIMMER, DIRECTOR | 611 W. OTTAWA LANSING MI 48909 517-373-1820 |
| MICHIGAN DEPARTMENT OF TREASURY 430 W ALLEGAN ST | LANSING MI 48933 517-373-3223 |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY KEN PETERSON, COMMISSIONER | 443 LAFAYETTE ROAD NORTH ST. PAUL MN 55155 651-284-5010 |
| MINNESOTA DEPARTMENT OF REVENUE 600 NORTH ROBERT ST | ST. PAUL MN 55101 651-556-3000 |
| MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY MARK HENRY, EXECUTIVE DIRECTOR | 1235 ECHELON PARKWAY P.O. BOX 1699 JACKSON MS 39215-1699 601-321-6000 |
| MISSISSIPPI TAX COMMISSION P.O. BOX 22808 | JACKSON MS 39225-2808 601-923-7393 |
| MISSOURI DEPARTMENT OF REVENUE HARRY S TRUMAN STATE OFFICE BUILDING | 301 WEST HIGH STREET JEFFERSON CITY, MO 65101 |
| MISSOURI LABOR AND INDUSTRIAL RELATIONS COMMISSION RYAN MCKENNA, DIRECTOR | 3315 W. TRUMAN BOULEVARD P.O. BOX 504 421 E. DUNKLIN JEFFERSON CITY MO 65102-0504 573-751-4091 |
| MONTANA DEPARTMENT OF LABOR AND INDUSTRY PAM BUCY, COMMISSIONER | P.O. BOX 1728 HELENA MT 59624-1728 406-444-9091 |
| MONTANA DEPARTMENT OF REVENUE MITCHELL BUILDING, | 125 N. ROBERTS, P.O. BOX 5805 HELENA MT 59604-5805 406-444-6900 |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL ATTN: KAREN CORDRY | 1850 M ST., NW 12TH FLOOR WASHINGTON DC 20036 202-326-6025 |
| NEBRASKA DEPARTMENT OF LABOR JOHN ALBIN, COMMISSIONER | 550 SOUTH 16TH STREET BOX 94600 LINCOLN NE 68508-4600 402-471-9000 |
| NEBRASKA DEPARTMENT OF REVENUE NEBRASKA STATE OFFICE BUILDING | 301 CENTENNIAL MALL SOUTH LINCOLN NE 68508 |
| NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY SHANNON CHAMBERS, COMMISSIONER | 555 E. WASHINGTON AVE., SUITE 4100 LAS VEGAS NV 89101-1050 702-486-2650 |
| NEVADA DEPARTMENT OF TAXATION 1550 COLLEGE PARKWAY | SUITE 115 CARSON CITY NV 89706 775-684-2000 |
| NEW HAMPSHIRE DEPARTMENT OF LABOR JAMES W.CRAIG, COMMISSIONER | STATE OFFICE PARK SOUTH 95 PLEASANT STREET CONCORD NH 03301 603-271-3176 |
| NEW HAMPSHIRE DEPARTMENT OF REVENUE - ADMINISTRATION UNIT 109 PLEASANT STREET | P.O. BOX 457 CONCORD NH 03302-0457 603-230-5005 |
| NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT HAROLD J. WIRTHS, COMMISSIONER | #1 JOHN FITCH PLAZA, 13TH FL, SUITE D P.O. BOX 110 TRENTON NJ 08625-0110 609-659-9045 |
| NEW JERSEY DEPARTMENT OF TREASURY P.O. BOX 002 | TRENTON NJ 08625-0002 609-292-6748 |
| NEW MEXICO DEPARTMENT OF TAXATION AND REVENUE 1100 SOUTH ST. FRANCIS DRIVE | SANTA FE NM 87504 |
| NEW MEXICO DEPARTMENT OF WORK FORCE SOLUTIONS CELINA BUSSEY, SECRETARY | P.O. BOX 1928 401 BROADWAY, N.E. ALBUQUERQUE NM 87102-1928 505-841-8405 |
| NEW YORK DEPARTMENT OF LABOR MARIO J. MUSOLINO, ACTING COMMISSIONER | STATE OFFICE BLDG., # 12 W.A. HARRIMAN CAMPUS ALBANY NY 12240 518-457-9000 |
| NEW YORK DEPARTMENT OF TAXATION & FINANCE BANKRUPTCY SECTION, P.O. BOX 5300 | ALBANY NY 12205-0300 |
| NORTH CAROLINA DEPARTMENT OF LABOR CHERIE K. BERRY, COMMISSIONER | 4 WEST EDENTON STREET RALEIGH NC 27699 919-807-2796 |
| NORTH CAROLINA DEPARTMENT OF REVENUE PO BOX 25000 | RALEIGH NC 27640-0640 |
| NORTH DAKOTA DEPARTMENT OF LABOR TROY SEIBEL, COMMISSIONER | STATE CAPITOL BUILDING 600 EAST BOULEVARD AVE., DEPT 406 BISMARCK ND 58505-0340 701-328-2660 |
| NORTH DAKOTA STATE TAX DEPARTMENT 600 E. BOULEVARD AVE. | BRISMARCK ND 58505-0599 701-328-7088 |
| OHIO DEPARTMENT OF COMMERCE JAQUELINE T. WILLIAMS, COMMISSIONER | 77 SOUTH HIGH STREET, 22ND FLOOR COLUMBUS OH 43215 614-644-2239 |
| OHIO DEPARTMENT OF TAXATION PO BOX 530 | COLUMBUS OH 43216-0530 888-405-4039 |
| OKLAHOMA DEPARTMENT OF LABOR MARK COSTELLO, COMMISSIONER | 3017 N. STILES AVENUE, SUITE 100 OKLAHOMA CITY OK 73105-5212 405-521-6100 |
| OKLAHOMA TAX COMMISSION CONNORS BUILDING | 2501 NORTH LINCOLN BOULEVARD OKLAHOMA CITY OK 73194 405-521-3160 |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| OREGON BUREAU OF LABOR AND INDUSTRIES BRAD AVAKIAN, COMMISSIONER | 800 NE OREGON ST., #1045 PORTLAND OR 97232 971-673-0761 |
| OREGON DEPARTMENT OF REVENUE 955 CENTER ST NE | SALEM OR 97301-2555 503-378-4988 |
| PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY KATHY MANDERINO, SECRETARY | 1700 LABOR AND INDUSTRY BLDG. 7TH AND FORSTER STREETS HARRISBURG PA 17120 717-787-5279 |
| PENNSYLVANIA DEPARTMENT OF REVENUE OFFICE OF CHIEF COUNSEL | PO BOX 281061 HARRISBURG PA 17128 717-787-1382 |
| PUERTO RICO DEPARTMENT OF THE TREASURY PO BOX 9024140 | SAN JUAN PR 00902-4140 |
| RHODE ISLAND DEPARTMENT OF LABOR AND TRAINING SCOTT R. JENSEN, DIRECTOR | 1511 PONTIAC AVENUE CRANSTON RI 02920 401-462-8550 |
| RHODE ISLAND DEPARTMENT OF REVENUE ONE CAPITOL HILL | PROVIDENCE RI 02908 |
| SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING & REGULATIONS RICHELE TAYLOR, DIRECTOR | P.O. BOX 11329 COLUMBIA SC 29211-1329 803-896-4300 |
| SOUTH CAROLINA DEPARTMENT OF REVENUE PO BOX 12265 | COLUMBIA SC 29211 |
| SOUTH DAKOTA DEPARTMENT OF LABOR AND REGULATION MARCIA HULTMAN, SECRETARY | 700 GOVERNORS DRIVE PIERRE SD 57501-2291 605-773-3101 |
| SOUTH DAKOTA DEPARTMENT OF REVENUE 445 E CAPITOL AVENUE | PIERRE SD 57501 605-773-3311 |
| STATE OF ALABAMA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 300152 MONTGOMERY AL 36130-0152 334-242-7300 |
| STATE OF ALASKA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 110300 JUNEAU AK 99811-0300 907-465-2133 |
| STATE OF ARIZONA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 2005 N CENTRAL AVE PHOENIX AZ 85004-2926 602-542-5025 |
| STATE OF ARKANSAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 323 CENTER ST. SUITE 200 LITTLE ROCK AR 72201-2610 501-682-2007 |
| STATE OF CALIFORNIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 944255 SACRAMENTO CA 94244-2550 916-445-9555 |
| STATE OF COLORADO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | RALPH L. CARR COLORADO JUDICIAL CENTER 1300 BROADWAY, 10TH FLOOR DENVER CO 80203 720-508-6000 |
| STATE OF CONNECTICUT ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 165 CAPITOL AVENUE HARTFORD CT 06106 860-808-5318 |
| STATE OF DELAWARE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | CARVEL STATE OFFICE BLDG. 820 N. FRENCH ST. WILMINGTON DE 19801 302-577-8338 |
| STATE OF FLORIDA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | THE CAPITOL, PL 01 TALLAHASSEE FL 32399-1050 850-414-3300 |
| STATE OF GEORGIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 40 CAPITAL SQUARE, SW ATLANTA GA 30334-1300 404-656-3300 |
| STATE OF HAWAII ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 425 QUEEN ST. HONOLULU HI 96813 808-586-1500 |
| STATE OF IDAHO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 700 W. JEFFERSON STREET P.O. BOX 83720 BOISE ID 83720-1000 208-334-2400 |
| STATE OF ILLINOIS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 100 WEST RANDOLPH STREET CHICAGO IL 60601 312-814-3000 |
| STATE OF INDIANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | INDIANA GOVERNMENT CENTER SOUTH 302 W. WASHINGTON ST., 5TH FLOOR INDIANAPOLIS IN 46204 317-232-6201 |
| STATE OF IOWA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1305 E. WALNUT STREET DES MOINES IA 50319 515-281-5164 |
| STATE OF KANSAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 120 SW 10TH AVE., 2ND FLOOR TOPEKA KS 66612-1597 785-296-2215 |
| STATE OF KENTUCKY ATTORNEY GENERAL ATTN: | 700 CAPITOL AVENUE, SUITE 118 FRANKFORT KY |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| BANKRUPTCY DEPARTMENT | 40601 502-696-5300 |
| STATE OF LOUISIANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 94095 BATON ROUGE LA 70804-4095 225-326-6000 |
| STATE OF MAINE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 6 STATE HOUSE STATION AUGUSTA ME 04333-0000 207-626-8800 |
| STATE OF MARYLAND ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 200 ST. PAUL PLACE BALTIMORE MD 21202-2202 410-576-6300 |
| STATE OF MASSACHUSETTS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | ONE ASHBURTON PLACE BOSTON MA 02108-1698 617-727-2200 |
| STATE OF MICHIGAN ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | G. MENNEN WILLIAMS BUILDING, 7TH FLOOR 525 W. OTTAWA ST. P.O. BOX 30212 LANSING MI 48909-0212 517-373-1110 |
| STATE OF MINNESOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1400 BREMER TOWER 445 MINNESOTA STREET ST. PAUL MN 55101-2131 651-296-3353 |
| STATE OF MISSISSIPPI ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | WALTER SILLERS BUILDING 550 HIGH STREET, SUITE 1200 P.O. BOX 220 JACKSON MS 39201 601-359-3680 |
| STATE OF MISSOURI ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | SUPREME COURT BUILDING 207 W. HIGH ST. JEFFERSON CITY MO 65102 573-751-3321 |
| STATE OF MONTANA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 215 N SANDERS, THIRD FLOOR PO BOX 201401 HELENA MT 59620-1401 406-444-2026 |
| STATE OF NEBRASKA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 2115 STATE CAPITOL 2ND FL, RM 2115 LINCOLN NE 68509-8920 402-471-2683 |
| STATE OF NEVADA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 100 NORTH CARSON STREET CARSON CITY NV 89701 775-684-1100 |
| STATE OF NEW HAMPSHIRE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 33 CAPITOL ST. CONCORD NH 03301-0000 603-271-3658 |
| STATE OF NEW JERSEY ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | RJ HUGHES JUSTICE COMPLEX 25 MARKET STREET P.O. BOX 080 TRENTON NJ 08625-0080 609-292-4925 |
| STATE OF NEW MEXICO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. DRAWER 1508 SANTA FE NM 87504-1508 505-827-6000 |
| STATE OF NEW YORK ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | THE CAPITOL ALBANY NY 12224-0341 518-776-2000 |
| STATE OF NORTH CAROLINA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 9001 MAIL SERVICE CENTER RALEIGH NC 27699-9001 919-716-6400 |
| STATE OF NORTH DAKOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STATE CAPITOL 600 E BOULEVARD AVE DEPT 125 BISMARCK ND 58505-0040 701-328-2210 |
| STATE OF OHIO ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 30 E. BROAD ST., 14TH FLOOR COLUMBUS OH 43215 800-282-0515 |
| STATE OF OKLAHOMA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 313 NE 21ST STREET OKLAHOMA CITY OK 73105 405-521-3921 |
| STATE OF OREGON ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1162 COURT STREET NE SALEM OR 97301 503-378-4400 |
| STATE OF PENNSYLVANIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STRAWBERRY SQUARE 16TH FLOOR HARRISBURG PA 17120 717-787-3391 |
| STATE OF RHODE ISLAND ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 150 SOUTH MAIN STREET PROVIDENCE RI 02903-0000 401-274-4400 |
| STATE OF SOUTH CAROLINA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 11549 COLUMBIA SC 29211-1549 803-734-3970 |
| STATE OF SOUTH DAKOTA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1302 EAST HIGHWAY 14 SUITE 1 PIERRE SD 57501-8501 605-773-3215 |
| STATE OF TENNESSEE ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | P.O. BOX 20207 NASHVILLE TN 37202-0207 615-741-3491 |
| STATE OF TEXAS ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | CAPITOL STATION PO BOX 12548 AUSTIN TX 78711-2548 512-475-4868 |
| STATE OF UTAH ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | PO BOX 142320 SALT LAKE CITY UT 84114-2320 801-538-9600 |
| STATE OF VERMONT ATTORNEY GENERAL ATTN: | 109 STATE ST. MONTPELIER VT 05609-1001 802828- |

| TAXING AUTHORITY | ADDRESS |
|---|---|
| BANKRUPTCY DEPARTMENT | 3171 |
| STATE OF VIRGINIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 900 EAST MAIN STREET RICHMOND VA 23219 804-786-2071 |
| STATE OF WASHINGTON ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 1125 WASHINGTON ST. SE P.O. BOX 40100 OLYMPIA WA 98504-0100 360-753-6200 |
| STATE OF WEST VIRGINIA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | STATE CAPITOL BLDG 1 ROOM E 26 CHARLESTON WV 25305 304-558-2021 |
| STATE OF WISCONSIN ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | WISCONSIN DEPARTMENT OF JUSTICE STATE CAPITOL, ROOM 114 EAST P. O. BOX 7857 MADISON WI 53707-7857 608-266-1221 |
| STATE OF WYOMING ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 123 CAPITOL BUILDING 200 W. 24TH STREET CHEYENNE WY 82002 307-777-7841 |
| TENNESSEE DEPART. OF LABOR & WORKFORCE DEVELOPMENT BURNS PHILLIPS, COMMISSIONER | 220 FRENCH LANDING DRIVE NASHVILLE TN 37243 844-224-5818 |
| TENNESSEE DEPARTMENT OF REVENUE 500 DEADERICK STREET, ANDREW JACKSON BUILDING | NASHVILLE TN 37242 615-253-0600 |
| TEXAS WORKFORCE COMMISSION RONALD G. CONGLETON, COMMISSIONER REPRESENTING LABOR | 101 EAST 15TH ST. AUSTIN TX 78778 512-475-2670 |
| TEXAS DEPARTMENT OF REVENUE CAPITOL STATION | P.O. BOX 13528 AUSTIN TX 78711-3528 |
| UNITED STATES OF AMERICA ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | US DEPT OF JUSTICE 950 PENNSYLVANIA AVE NW WASHINGTON DC 20530-0001 |
| UTAH LABOR COMMISSION SHERRIE HAYASHI, COMMISSIONER | 160 E. 300 S., SUITE 300 SALT LAKE CITY UT 84111 801-530-6800 |
| UTAH DEPARTMENT OF REVENUE 210 NORTH 1950 WEST | SALT LAKE CITY UT 84134 |
| VERMONT DEPARTMENT OF LABOR ROSE LUCENTI, DIRECTOR OF WORKFORCE DEVELOPMENT | 5 GREEN MOUNTAIN DRIVE P.O. BOX 488 MONTPELIER VT 05601-0488 |
| VERMONT DEPARTMENT OF TAXES 133 STATE STREET | MONTPELLER VT 05602 |
| VIRGINIA DEPARTMENT OF LABOR AND INDUSTRY C. RAY DAVENPORT, COMMISSIONER | MAIN STREET CENTRE 600 EAST MAIN STREET, SUITE 207 RICHMOND VA 23219 804-371-2327 |
| VIRGINIA DEPARTMENT OF REVENUE VIRGINIA DEPARTMENT OF TAXATION OFFICE OF CUSTOMER SERVICE | P.O. BOX 1115 RICHMOND VA 23218-1115 |
| WASHINGTON DC ATTORNEY GENERAL ATTN: BANKRUPTCY DEPARTMENT | 441 4TH STREET, NW WASHINGTON DC 20001 202-727-3400 |
| WASHINGTON DC OFFICE OF TAX AND REVENUE 1101 4TH ST SW | STE 270 WEST WASHINGTON DC 20024 202-727-4829 |
| WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES JOEL SACKS, DIRECTOR | P.O. BOX 44000 OLYMPIA WA 98504-4001 360-902-5800 |
| WASHINGTON DEPARTMENT OF REVENUE TAXPAYER ACCOUNT ADMINISTRATION | P.O. BOX 47476 OLYMPIA WA 98504-7476 |
| WEST VIRGINIA DIVISION OF LABOR JOHN R. JUNKINS, ACTING COMMISSIONER | STATE CAPITOL COMPLEX, #749-B BUILDING #6 1900 KANAWHA BLVD. CHARLESTON WV 25305 304-558-7890 |
| WEST VIRGINIA DEPARTMENT OF REVENUE ATTN: LEGAL DIVISION | 1001 LEE STREET, EAST CHARLESTON WV 25301 304-558-5330 |
| WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT REGGIE NEWSON, SECRETARY | 201 E. WASHINGTON AVE., #A400 P.O. BOX 7946 MADISON WI 53707-7946 608-266-3131 |
| WISCONSIN DEPARTMENT OF REVENUE CUSTOMER SERVICE BUREAU | P.O. BOX 8949 MADISON WI 53708-8949 608-266-2486 |
| WYOMING DEPARTMENT OF WORKFORCE SERVICE JOAN K. EVANS, DIRECTOR | 1510 EAST PERSHING BLVD. CHEYENNE WY 82002 307-777-8728 |
| WYOMING DEPARTMENT OF REVENUE 122 WEST 25TH STREET | 2ND FLOOR WEST CHEYENNE WY 82002-0110 307-777-5275 |