**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>              Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY
COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON
ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT
ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III)
ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY
<u>UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      BlockFi Inc. and its debtor affiliates (collectively, the "<u>Debtors</u>"), as debtors and debtors-

in-possession in the above-referenced Chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby file this

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "<u>Motion</u>"). In support of the Motion, the Debtors respectfully state as follows:

<u>**Jurisdiction and Venue**</u>

1.     The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105 and 366 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the applicable rules of the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>").

<u>**Background**</u>

4.     On November 28, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## <u>Background Regarding Utilities</u>

6.      In the normal course of their business operations, the Debtors have relationships with certain utility companies and other providers (each a "<u>Utility Company</u>" and, collectively, the "<u>Utility Companies</u>") for the provision of electric, cellular telephone and internet services (collectively, the "<u>Utility Services</u>"). The Debtors' Utility Companies include the entities set forth on the list attached hereto as **<u>Exhibit A</u>** (the "<u>Utility Company List</u>").[2]

7.      The average monthly amount owed to the Utility Companies in the aggregate is approximately **$18,550**. This calculation includes amounts paid to certain of the Debtors' landlords for Utility Services, which landlords are responsible for remitting payment to the appropriate Utility Company. The Debtors owe certain amounts to Utility Companies as of the Petition Date

---

[2] While the Debtors have used their best efforts to list their Utility Companies on the Utility Company List, the Debtors may have inadvertently omitted certain Utility Companies from the Utility Company List. Accordingly, the Debtors request that they be authorized, without further order of the Court, to amend the Utility Company List to add any Utility Companies that were omitted therefrom and that the relief requested herein apply to all such entities added to the Utility Company List. In addition, the Debtors reserve the right to argue that (a) any of the entities now or hereafter listed in the Utility Company List is not a "<u>utility</u>" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the filing of the Chapter 11 Cases.

for prepetition Utility Services. Due to the timing of the Petition Date in relation to the Utility Companies' billing cycles, certain Utility Services may have been invoiced but not yet paid, and other Utility Services may have been provided but not yet invoiced.

8.      Uninterrupted Utility Services are essential to the Debtors' businesses. If the Utility Companies refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted. If such disruption occurs, the impact on the Debtors' businesses and revenue would be extremely harmful and would jeopardize the Debtors' reorganization efforts. It is critical that Utility Services continue uninterrupted and that the relief in this Motion be granted.

9.      By this Motion, the Debtors seek to respect the protections conferred upon the Utility Companies by the Bankruptcy Code, while affording the Debtors an opportunity to provide and negotiate adequate assurance without facing the threat of termination of Utility Services. In particular, the Debtors request approval of certain procedures that balance the protections afforded the Utility Companies under Bankruptcy Code section 366 and the Debtors' need for continuous and uninterrupted Utility Services.

**I.      Proposed Adequate Assurance**

10.      The Debtors forecast having sufficient liquidity to allow them to satisfy all administrative expenses, and the Debtors intend to pay all post-petition obligations owed to the Utility Companies in a timely manner. Nevertheless, to provide additional adequate assurance of payment for future Utility Services, the Debtors shall deposit no less than **$9,275**, a sum equal to approximately fifty percent (50%) of the Debtors' historical monthly cost of their Utility Services,[3]

---

[3] The calculation is based on the average of the Debtors' utility expenses for the trailing four-to-eight months' of invoices with respect to all Utility Services except for electricity at the Debtors' headquarters, which is fixed at $5,662.31 per month pursuant to section 4.5 of that certain *Sublease Agreement* dated February 2, 2022, by and between Paperless Inc., as sublandlord, and BlockFi Inc., as subtenant.

into a separate, segregated, interest-bearing account, that will be established and funded within twenty (20) business days after the Petition Date (the "Utility Deposit Account").  The Debtors propose to maintain the Utility Deposit Account with a minimum balance equal to at least fifty percent (50%) of the Debtors' historical monthly cost of Utility Services from Utility Companies, which may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with individual Utility Companies.

11.      The Debtors further propose that to the extent the Debtors become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtors, (b) proposed counsel to the Debtors (c) any official committee of unsecured creditors and (e) the United States Trustee for the District of New Jersey (each, a "Party in Interest"). The Debtors propose that, if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors will (a) remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's account and (ii) the amount of postpetition charges claimed as delinquent in the Delinquency Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility Company.

12.      The Debtors represent that the Utility Deposit Account and the Debtors' ability to pay for future Utility Services in the ordinary course of business, provides adequate assurance to the Utility Companies in excess of what they are entitled to receive under the Bankruptcy Code.

## II.  The Additional Adequate Assurance Procedures

13.  Notwithstanding the foregoing proposed adequate assurance, the Debtors anticipate that certain Utility Companies may not find the Utility Deposit Account, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business, "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to Bankruptcy Code section 366(c)(2). Accordingly, the Debtors propose the following procedures (the "Procedures") for the Utility Company to make additional requests for adequate assurance:

(a)  If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtors prior to the Petition Date; (v) a summary of the Debtors' payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

(b)  The Court will consider any timely filed Objections at a hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing"), to be held within twenty-one (21) days of the date of the Petition Date.

(c)  Any Objection by a Utility Company listed on the Utility Company List must be must be filed with the Court, with a copy to Chambers, and served via electronic and hard copy mail upon, and actually received by, (i) the proposed Debtors' counsel (iii) counsel to the official committee of unsecured creditors, if one is appointed; and (iv) the United States Trustee for the District of New Jersey (collectively, the "Objection Notice Parties"), by no later than seven (7) days prior to the Final Hearing. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to the Final Hearing.

(d)  Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if the Debtors, in their discretion, determine that the Objection is reasonable.

(e)  If the Debtors discover the existence of a Utility Company not listed on the Utility Company List, the Debtors shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to the Utility Company List, which supplement shall identify the Utility Company and the additional amount of the adequate assurance deposit the Debtors propose to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of the Interim Order.

(f)     In the event that a Utility Company not listed on the Utility Company List objects to the Debtors' proposal to provide adequate assurance of payment, such Utility Company must file and serve on the Objection Notice Parties an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to such hearing date.

(g)     All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Objection shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code section 366(c)(2).

14.     The Procedures provide a fair, reasonable, and orderly mechanism for the Utility Companies to seek additional adequate assurance, while temporarily maintaining the status quo for the benefit of all stakeholders.

**Relief Requested**

15.     The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C** (respectively, the "Interim Order" and "Final Order"): (a) prohibiting the Utility Companies (defined below) from altering or discontinuing service on account of unpaid prepetition invoices, (b) establishing the Procedures (defined below) for resolving any disputes regarding requests for adequate assurance of payment, and (c) scheduling a final hearing on this Motion (the "Final Hearing") within twenty-one (21) days of the Petition Date.

**Basis for Relief Requested**

16.     Bankruptcy Code section 366(a) provides that:

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

17.    Congress intended Bankruptcy Code section 366 to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the Debtors will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Phila. Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)). The relief requested in this Motion is consistent with this policy.

18.    Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), courts, commentators, and legislative history had all confirmed that Bankruptcy Code section 366 does not require, in every case, that the Debtors provide a deposit or other security to their utilities as adequate assurance of payment. In *Virginia Electric & Power Company v. Caldor, Inc.-N.Y.*, the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the Debtors' prepetition payment history, their postpetition liquidity, and the administrative expenses afforded postpetition invoices constituted adequate assurance of future performance. *Va. Elec. & Power Co. v. Caldor, Inc.-N.Y.*, 117 F.3d 646, 647 (2d. Cir. 1997). The court rejected the argument that Bankruptcy Code section 366(b) nevertheless requires a "deposit or other security." *See id.* at 650–52; *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that utility deposits were not necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected.").

19.     A bankruptcy court's authority to "modify" the level of the "deposit or other security" provided for under Bankruptcy Code section 366(b) includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment." *Id*. at 650; *see also Shirey v. Phila. Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("[S]ection 366(b) . . . does not permit a utility to request adequate assurance of payment for continued service unless there has been a default by the debtor on a prepetition debt owed for services rendered.").

20.     In BAPCPA, Congress added Bankruptcy Code section 366(c). Bankruptcy Code section 366(c) provides that, in a Chapter 11 case, a utility company may alter, refuse, or discontinue utility service if, within twenty-one (21) days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance. In determining whether an assurance of payment is adequate, the Court may no longer consider (i) the absence of security before the petition date, (ii) the Debtors' history of timely payments, or (iii) the availability of an administrative expense priority.

21.     While the form of adequate assurance may be limited under Bankruptcy Code section 366(c), the amount of the deposit or other form of security remains fully within the reasonable discretion of the Bankruptcy Court, and section 366(c) does not require a guarantee of payment. In *In re Adelphia Business Solutions, Inc.*, the Bankruptcy Court for the Southern District of New York stated that "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services." *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002). The essence of the court's

inquiry is an examination of the totality of the circumstances in making an informed judgment as

to whether utilities will be subject to an unreasonable risk of nonpayment. *Id.* at 82–83; *see also*

*In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005).

22.    The Utility Deposit Account provides the Utility Companies with ample adequate

assurance of future payment under section 366(c). The Debtors also have significant incentives to

stay current on their Utility Service obligations as they come due because of their reliance on the

Utility Services for the operation of their business. These factors, which the Court may—and

should—consider when determining the amount of any adequate assurance provided, justify a

finding that the Utility Deposit Account is more than sufficient to assure the Utility Companies of

future payments.

23.    Despite the adequate assurance of future payment described above, the Debtors

propose to protect the Utility Companies further by establishing the Procedures for requesting

additional adequate assurance. Separate negotiations with each of the Utility Companies would be

time-consuming and unnecessarily divert the Debtors' personnel from other critical tasks related

to the operation of their business and the restructuring. During the first days of the Chapter 11

Cases, it would be difficult, costly, and would divert the Debtors' limited personnel resources to

engage in separate negotiations with each potential Utility Company. If individual negotiations

were required and the Debtors were to fail to reach early agreements with each Utility Company,

the Debtors would likely have to file further motions seeking expedited determinations as to

adequate assurance or risk service termination.

24.    The relief requested in this Motion preserves the status quo and ensures continued

Utility Services, while providing a prompt forum for the resolution of any dispute as to adequate

assurance. Bankruptcy Code section 105(a) authorizes this Court to enter "any order . . . that is

necessary or appropriate to carry out the provisions of this title." § 105(a). Because the proposed Procedures protect the Debtors without materially prejudicing the Utility Companies, the Procedures are fully consistent with the requirements of Bankruptcy Code section 366 and appropriate under Bankruptcy Code section 105(a).

25.     Courts in this district and other jurisdictions have granted similar relief in Chapter 11 cases following the enactment of BAPCPA. *See, e.g., In re SLT HoldCo, Inc., et al.*, Case No. 20-18368; *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (Bankr. D.N.J. June 24, 2020 (two weeks' deposit); *In re Aceto Corp.*, Case No. 19-13448 (Bankr. D.N.J. Mar. 15, 2019) (same); *In re New England Motor Freight, Inc.*, Case No. 19-12809 (Bankr. D.N.J. Feb. 13, 2019) (same); *In re B. Lane, Inc.*, Case No. 17-32958 (Bankr. D.N.J. Dec. 15, 2017) (same); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (Bankr. D.N.J. June 5, 2017) (same); *In re C. Wonder LLC*, Case No. 15-11127 (Bankr. D.N.J. January 26, 2015) (same); *In re Crumbs Bake Shop, Inc.*, Case No. 14-24287 (Bankr. D.N.J. July 16, 2014) (same); *In re MEE Apparel LLC*, Case No. 14-16484 (Bankr. D.N.J. Apr. 4, 2014) (same). The present circumstances warrant similar relief in these Chapter 11 Cases.

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

26.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

27.     The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and all parties in interest. An Order prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices and establishing the Procedures for resolving any disputes regarding requests for adequate assurance of payment is vital to a smooth transition into Chapter 11. Failure to grant immediate relief will severely interrupt the Debtor's transition into Chapter 11 and impair the Debtor's efforts to successfully emerge from Chapter 11. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the proposed interim order submitted herewith on the terms described herein.

### Request of Waiver of Stay

28.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of the estate.

### Waiver of Memorandum of Law

29.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

30.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### <u>Notice</u>

31.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; (f) the Utilities Companies; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

32.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

[*remainder of page intentionally left blank*]

Respectfully submitted,

Dated: November 28, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

# <u>EXHIBIT A</u>

## UTILITY COMPANIES

| Utility Company | Type of Utility | Account Number(s) | Address | Adequate Assurance Amount |
|---|---|---|---|---|
| Cogent Communications | Backup Internet | BLOCKFI00001 | 2450 N Street NW Washington, DC 20037 | $400 |
| Crown Castle | Internet | B31596 | 2000 Corporate Drive Canonsburg, PA 15317 | $975 |
| AT&T | Cellular Phone | 28730905865 287301080286 | PO Box 6463 Carol Stream, IL 60197 | $5,050 |
| Paperless Inc. | Electricity | n/a (electricity is paid to landlord) | 115 Broadway, Suite 1203 New York, NY 10006 | $2,850 |
| **Total** | | | | **$9,275** |

Exhibit A – Utility Company List

## <u>EXHIBIT B</u>

**PROPOSED INTERIM ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (pro hac vice pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is **GRANTED** on an interim basis as set forth herein.

2.       Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, other than the establishment of the Utility Deposit Account.

3.       The Debtors are authorized and directed to establish the Utility Deposit Account and shall deposit $9,275 into the Utility Deposit Account for the purpose of providing Utility Companies adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtors shall maintain the Utility Deposit Account with a minimum balance equal to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services, which the Debtors may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

4.       To the extent the Debtors become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtors, (b) counsel to the Debtors; (c) the official committee of unsecured creditors, if one is appointed, and (d) the United States Trustee for the District of New Jersey (each, a "Party in Interest"). The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then, the Debtors shall (a) remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's account and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility Company.

5.     The following procedures are hereby approved on an interim basis:

(a)     If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtors prior to the Petition Date; (v) a summary of the Debtors' payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

(b)     The Court will consider any timely filed Objections at a hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing"), to be held within twenty-one (21) days of the date of the Petition Date.

(c)     Any Objection by a Utility Company listed on the Utility Company List must be filed with the Court, with a copy to Chambers, and served upon via email and first class mail, and actually received by, (i) the proposed Debtors' counsel (iii) counsel to the

4

| Debtors: | BLOCKFI, INC., *et al.* |
|---|---|
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

official committee of unsecured creditors, if one is appointed; and (iv) the United States Trustee for the District of New Jersey (collectively, the "Objection Notice Parties"), by no later than seven (7) days prior to the Final Hearing. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to the Final Hearing.

(d)     Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if the Debtors, in their discretion, determine that the Objection is reasonable.

(e)     If the Debtors discover the existence of a Utility Company not listed on the Utility Company List, the Debtors shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to the Utility Company List, which supplement shall identify the Utility Company and the additional amount of the adequate assurance deposit the Debtors propose to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of the Interim Order.

(f)     In the event that a Utility Company not listed on the Utility Company List objects to the Debtors' proposal to provide adequate assurance of payment, such Utility Company must file and serve on the Objection Notice Parties an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to such hearing date.

(g)     All Utility Companies shall be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Objection shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code section 366(c)(2).

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

6.      The Debtors shall serve this Interim Order upon each of the Utility Companies listed on the Utility Company List, at the addresses listed thereon, by first-class mail, postage prepaid, promptly after the entry of this Interim Order.

7.      The inclusion or exclusion of any entity on or from Utility Company List to the Motion or on or from any amended Utility Company List shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code section 366. This Interim Order specifically reserves the Debtors' rights to argue that (a) any of the entities listed on the Utility Company List to the Motion or any amended Utility Company List is not a "utility" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing of the Chapter 11 Cases.

8.      Nothing in this Interim Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code section 365. Nothing in this Interim Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

9.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

10.     The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtors.

11.     This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

12.     The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Interim Order in accordance with the Motion

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     A true copy of this Interim Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

16.     Any party may move for modification of this Interim Order in accordance with D.N.J. LBR 9013-5(e).

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

17.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

## **EXHIBIT C**

**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>        Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON
ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
<u>ASSURANCE OF PAYMENT</u>**

       The relief set forth on the following pages, numbered two (2) through eight (8), is hereby
**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      Absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, as such Utility Companies hereby are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

3.      The Debtors have established the Utility Deposit Account and have deposited an amount equal to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services for the purpose of providing Utility Companies adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtors shall maintain the Utility Deposit Account with a minimum balance equal to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services, which the Debtors may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any

(Page | 4)
Debtors:          BLOCKFI, INC., *et al.*
Case No.          22-
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                  PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                  DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                  INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                  ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                  ESTABLISHING PROCEDURES FOR RESOLVING
                  REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                  ASSURANCE OF PAYMENT

Utility Company, until the earlier of (a) termination or modification by subsequent agreement of

any Utility Services, or (b) confirmation of a plan of reorganization or further order of this Court.

4.      To the extent the Debtors become delinquent with respect to postpetition payment

for Utility Services from a Utility Company, such Utility Company may file a notice of

delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a)

the Debtors, (b) counsel to the Debtors; (c) the official committee of unsecured creditors, if one is

appointed, and (d) the United States Trustee for the District of New Jersey (each, a "Party in

Interest"). The Debtors propose that if such delinquency is not cured and no Party in Interest has

objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice,

then, the Debtors shall (a) remit to such Utility Company from the Utility Deposit Account the

lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's

account and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency

Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility

Company.

5.      The Debtors are authorized, in their sole discretion, to amend the list of Utility

Companies set forth on the Utility Company List to add or delete any Utility Company, and this

Final Order shall apply to any Utility Company that is subsequently added to the list. Utility

Service List to add or delete any Utility Company, and the Final Order shall apply to any Utility

| (Page \| 5) | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Company that is subsequently added to the Utility Service List after the entry of this Final Order (each a "Subsequently Identified Utility Company"). The Debtors shall promptly serve a copy of this Final Order on any Utility Companies that are subsequently added to the Utility Company List, and deposit two weeks' worth of utility costs based on a historical average in the Utility Deposit Account for the benefit of such Subsequently Identified Utility Company (less any amounts on deposit with any such Subsequently Identified Utility Company that have not been applied to outstanding prepetition amounts).

6.      With respect to requests for additional assurance of payment by Subsequently Identified Utility Companies, the following procedures are approved:

(a)    If a Subsequently Identified Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Subsequently Identified Utility Company must (i) file a request for additional assurance of future payment (an "Additional Assurance Request") no later than the date that is fourteen (14) days after the date such Subsequently Identified Utility Company receives notice of this Final Order (the "Additional Assurance Request Deadline") and (ii) serve the Additional Assurance Request upon the proposed Debtors' counsel via email and first class mail.

(b)    Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable.

5

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

(c)  If a Subsequently Identified Utility Company makes a timely Additional Assurance Request that the Debtors believe is reasonable, the Debtors shall be authorized, in their sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Assurance Request, provide such Subsequently Identified Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

(d)  If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Subsequently Identified Utility Company, Debtors shall schedule a hearing (a "Determination Hearing") to determine (i) if additional assurance to such Subsequently Identified Utility Company is necessary and, if so, (ii) the nature and amount of the adequate assurance to be provided to such Subsequently Identified Utility Company.

(e)  Pending resolution of a Subsequently Identified Utility Company's Additional Assurance Request at a Determination Hearing such Subsequently Identified Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtors.

(f)  If a Subsequently Identified Utility Company fails to send an Additional Assurance Request by the applicable Additional Assurance Request Deadline, such Subsequently Identified Utility Company shall have waived its right to make an Additional Assurance Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the deposit.

(g)  A Subsequently Identified Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

7.    All Utility Companies other than Subsequently Identified Utility Companies hereby are deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security.

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

8.      The Debtors shall serve this Final Order upon each of the Utility Companies listed on the Utility Company List, at the addresses listed thereon, by first-class mail, postage prepaid, promptly after the entry of this Final Order.

9.      The inclusion or exclusion of any entity on or from the Utility Company List or on or from any amended Utility Company List shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code section 366. This Final Order specifically reserves the Debtors' rights to argue that (a) any of the entities listed on the Utility Company List to the Motion or any amended Utility Company List is not a "utility" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing of the Chapter 11 Cases.

10.      Nothing in this Final Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code section 365. Nothing in this Final Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

7

(Page | 8)
Debtors:            BLOCKFI, INC., *et al.*
Case No.            22-
Caption of Order:   FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                    PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                    DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                    INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                    ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                    ESTABLISHING PROCEDURES FOR RESOLVING
                    REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                    ASSURANCE OF PAYMENT

11.     The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtors.

12.     The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Final Order in accordance with the Motion

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.