**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                  Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 363(c) Authorizing the Debtors to (I) Continue, Renew, or Supplement Insurance Policies, (II) Pay Insurance Premiums Thereon, (III) Continue, Renew, or Supplement the Surety Bond Program, and (IV) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 105(a), 363(b), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101–1532 and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.       On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

**A.  Insurance Policies and Related Payment Obligations**

6.      In connection with the operation of their businesses, the Debtors maintain various insurance policies (each an "Insurance Policy," and, collectively, the "Insurance Policies"), which the Debtors obtained through third-party insurance providers (collectively, the "Insurance Providers") including, without limitation, coverage for employment practices liability, cyber liability, employed lawyers professional liability, commercial general liability, director & officer liability, management liability, and workers' compensation.[2] A schedule[3] of the Insurance Policies is attached hereto as **Exhibit C**.

---

[2] Not all insurance policies are included in this schedule, including workers' compensation insurance that may be statutorily mandated. Additionally, the workers' compensation policy information and related requested relief is detailed in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief.*

[3] The Insurance Policies described in this Motion and **Exhibit C** constitute a summary for descriptive purposes. The actual terms of the Insurance Policies and related agreements will govern in the event of any inconsistency between this Motion and the Insurance Policies. The Debtors request the authority to honor obligations and renew all Insurance Policies, as applicable, despite the failure to include a particular Insurance Policy in the schedule.

7.     Continuation and renewal of the Insurance Policies and entry into new insurance policies, as applicable, is essential to the preservation of the value of the Debtors' businesses and operations.  Moreover, in many instances, coverage provided by the Insurance Policies is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including, without limitation, the requirements of the United States Trustee for the District of New Jersey (the "U.S. Trustee") that a debtor maintain adequate coverage given the circumstances of its Chapter 11 case.  The Debtors request authority to maintain their existing Insurance Policies, pay any prepetition obligations related thereto, and to renew, supplement, or enter into new Insurance Policies in the ordinary course of business on a postpetition basis consistent with past practice.

8.     The Debtors have satisfied all premium payment obligations to the Insurance Providers for coverage under the Insurance Policies (collectively, the "Insurance Premiums").  Although the Debtors do not believe there are any amounts outstanding on account of the Insurance Premiums as of the Petition Date, out of an abundance of caution, the Debtors seek authority to pay any outstanding Insurance Premiums and to continue honoring all payment obligations under the Insurance Policies in the ordinary course of business to ensure uninterrupted coverage thereunder.

9.     Certain of the Insurance Policies require the Debtors to pay a deductible (each a "Deductible" and collectively, the "Deductibles").  Generally, if a claim is made against the Insurance Policies, the Debtors' applicable Insurance Carrier will administer the claim and make payments in connection therewith.  Deductibles, if any, are offset against such payments. The Debtors seek authority to continue honoring any Deductible that may exist currently or arise under

the Insurance Policies in the ordinary course of business and to ensure uninterrupted coverage under the Insurance Policies.

10.     The Debtors obtain their Insurance Policies through their primary broker, Aon Risk Solutions (collectively, the "Insurance Broker").  The Insurance Broker assists the Debtors in obtaining insurance coverage for certain of their operations in the most cost-effective manner, negotiating policy terms, provisions, and premiums, assisting the Debtors with claims, and providing ongoing support throughout the applicable policy periods.  The Insurance Broker's fees for services rendered are included in the premiums paid on the Insurance Policies (the "Insurance Brokerage Fees").

11.     As of the Petition Date, the Debtors do not believe there are any unpaid prepetition obligations in connection with the Insurance Brokerage Fees.  Out of an abundance of caution, the Debtors seek authority to honor any prepetition amounts owed in connection with the Insurance Brokerage Fees and to pay any Insurance Brokerage Fees that may arise on a postpetition basis in the ordinary course of business.

12.     The Debtors believe that continuation of the Insurance Brokers' services is necessary to assure the Debtors' ability to secure Insurance Policies on advantageous terms at competitive rates, facilitate the proper maintenance of the Debtors' Insurance Policies, administer insurance-related claims on a postpetition basis, and ensure adequate protection of the Debtors' property postpetition.  To the extent any prepetition amounts remain outstanding, the Debtors seek authority to pay and/or reimburse any amounts owed on account of Insurance Brokerage Fees or any other prepetition obligations in full, in cash, in the ordinary course of business and to continue paying Insurance Brokerage Fees on a postpetition basis in the ordinary course of business in the ordinary course of business and consistent with past practices.

**B. The Surety Bond Program**

13.     In the ordinary course of business, certain statutes, rules, contracts, and regulations required that the Debtors provide surety bonds to certain third parties, often to governmental units or other public agencies, to secure the Debtors' payment or performance of certain obligations, and the Debtors' obligations related to their platform (the "Surety Bond Program").   Many states require lending licenses to legally operate lending businesses within the territorial limits of the state. As a result, the Surety Bond Program allows BlockFi Lending LLC to hold the state lending licenses, which covers the lending requirements.  Failing to provide, maintain, or timely replace their surety bonds will prevent the Debtors from undertaking essential functions related to their operations.

14.     As of the Petition Date, the Debtors, collectively, maintain surety bonds in the aggregate amount of approximately $730,000 (the "Surety Bonds").  A schedule of the Surety Bonds is attached hereto as **Exhibit D**.[4] The premiums related to the Surety Bond Program generally are determined on an annual basis and are paid by the Debtors when the bonds are issued and annually upon each renewal (the "Surety Premiums," together with the Insurance Premiums, the "Premium Payments").   The total estimated Surety Premiums for the Surety Bonds is approximately $7,826 per year.

15.     The purpose of a surety bond is to shift the risk of the Debtors' nonperformance or nonpayment from the Debtors to a surety, subject to the terms of the bond.  A surety bond is unlike an insurance policy, in that if a surety incurs a loss or expense in relation to a surety bond, such

---

[4] Although **Exhibit D** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Surety Bonds.  By this Motion, the Debtors request relief applicable to all Surety Bonds, regardless of whether such Surety Bond is specifically identified in **Exhibit D**.  Further, to the extent there is a discrepancy between the schedule of Surety Bonds listed in **Exhibit D** and the Surety Bonds, the Surety Bonds and business records relating thereto shall control.

surety is entitled to recover the full amount of that loss or expense from the principal and contractual indemnitors (i.e., the applicable Debtor).  To that end, the Surety may require the Debtors to furnish the Surety with cash collateral or other collateral, such as letters of credit, to back the Surety Bonds and effectively indemnify any loss, cost, or expense it may incur on account of the issuance of the Surety Bonds.[5]

16.    As of the Petition Date, the Debtors do not believe they owe any amounts on account of the Surety Premiums.  Out of an abundance of caution, and to ensure uninterrupted coverage, the Debtors request authority to continue paying the Surety Premiums in the ordinary course of business on a postpetition basis, including any prepetition obligations related thereto.[6]

17.    The Debtors obtain their Surety Bonds through their surety broker, Scott Bond Services (the "Surety Broker").  The Surety Broker assists the Debtors with, among other things, obtaining the Surety Bonds and evaluating bond offerings.  The Surety Broker also assists the Debtors with the procurement and negotiation of the Surety Bonds, enabling the Debtors to obtain the bonds on advantageous terms and at competitive rates.  The Debtors pay the Surety Broker a fee for all brokerage services (the "Surety Brokerage Fees," together with the Insurance Brokerage Fees, the "Brokerage Fees").  The Debtors pay the Surety Brokerage Fees on account of brokerage services as part of the Surety Premium payments for each Surety Bond.  As of the Petition Date, the Debtors do not believe there are any unpaid prepetition obligations due and owing in connection with the Surety Brokerage Fees.  Out of an abundance of caution, the Debtors seek authority to honor any prepetition amounts owed in connection with the Surety Brokerage Fees

---

[5] For the avoidance of doubt, nothing in this Motion shall require the Surety to issue any new bonds or maintain, modify, renew, or increase the penal sum or amount of any of the existing Surety Bonds.

[6] The Debtors request authority to honor obligations and renew all Surety Bonds, as applicable, notwithstanding any failure of the Debtors to include a particular Surety Bond in the summary chart of this Motion.

and to pay any Surety Brokerage Fees that may arise on a postpetition basis in the ordinary course

of business to ensure uninterrupted coverage under the Surety Bond Program.

18.     To continue their business operations during these Chapter 11 Cases, the Debtors

must be able to provide financial assurance to state governments, regulatory agencies, contract

counterparties, and other third parties.  As such, the Debtors seek authorization to maintain the

existing Surety Bond Program, including, without limitation:  (a) paying Surety Premiums as they

come due; (b) renewing or potentially acquiring additional bonding capacity, as necessary, in the

ordinary course of business; (c) requesting releases from duplicate bonding obligations;

(d) canceling, revising, and/or supplementing Surety Bonds; (e) renewing, supplementing, and/or

canceling letters of credit or other forms of collateral as may be necessary; (f) paying Surety

Brokerage Fees as they come due; (g) providing collateral and complying with collateral and

indemnity requirements in the ordinary course of business; (h) replacing the Surety Broker as may

be necessary; and (i) executing other agreements in connection with the Surety Bond Program.

Accordingly, the Debtors request authority to honor any amounts owed on account of the Surety

Bond Program, to continue the Surety Bond Program in the ordinary course of business, and to

continue acquiring additional bonds to ensure that the Surety Bond Program and the Debtors'

business operations remain uninterrupted on a postpetition basis.

**Relief Requested**

19.     The Debtors request the entry of interim and final orders, substantially in the form

attached to the motion as **Exhibit A** and **Exhibit B**, (the "Orders") authorizing the Debtors (i) to

continue to administer the Insurance Policies in the ordinary course of business, (ii) to renew or

enter into new insurance policies upon the expiration of the existing Insurance Policies, and (iii)

to continue to pay premiums and related obligations under prepetition insurance policies for the

Insurance in the ordinary course of business to the extent they may become due and payable on a

post-petition basis according to the terms of the Insurance Policies, and (iv) continue to pay

brokerage fees.

20.      Further, the Debtors seek authority, but not direction, (i) to continue to maintain the

Surety Bond Program in the ordinary course of business, (ii) to pay any outstanding prepetition

amounts due under the Surety Bond Program, including brokerage fees, (iii) to renew or enter into

new surety bonds, as needed, upon the expiration of the existing surety bonds, and (iv) to continue

to pay premiums for the surety bonds in the ordinary course of business to the extent they may

become due and payable on a post-petition basis.

**Basis for Relief Requested**

**A. The Debtors' Continuation of the Insurance Policies is Required Under the Bankruptcy
Code**

21.      The Bankruptcy Code § 1112(b)(4)(C) provides that "failure to maintain

appropriate insurance that poses a risk to the estate or public" is "cause" for mandatory conversion

or dismissal of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(C).  Moreover, the United States Trustee

for the District of New Jersey will likely require maintenance of the Insurance Policies on a

postpetition basis. Therefore, the Debtors believe it is essential to the estates that the Debtors have

the authority to maintain, supplement, amend, extend, renew, or replace the Insurance Policies as

consistent with the Bankruptcy Code and U.S. Trustee Operating Guidelines.

**B. The Insurance Policies and Surety Bonds are Necessary to Preserve the Debtors' Estates**

22.      Bankruptcy Code § 105(a) provides that the Court may "issue any order, process,

or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code.

11  U.S.C.  § 105(a).  Under  the  "doctrine  of  necessity"  or  "necessity  of  payment

doctrine, Section 105(a) of the Bankruptcy Code includes the power to authorize payment of pre-

petition claims when such payment is critical to a debtor's reorganization or is necessary for preserving value in the debtor's estate. *See, e.g.*, *In re Lehigh & N.E. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating that the "since qua non for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction failing such payment. In such a circumstance, it is evident that the payment made under the 'necessity of payment' rule is in the interest of all parties . . . because such payment will facilitate the [debtor's] continued operation"); *In re Penn Cent. Trans. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (citations omitted) ("A number of cases declare a so called 'necessity of payment' exception to the normal deferment of the payment of pre[-]reorganization claims until their disposition can be made part of a plan of reorganization. These cases permit immediate payment of claims of creditors where those creditors will otherwise not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid.").

23.     In addition, pursuant to Bankruptcy Code § 363(b), a debtor may, in the exercise of its sound business judgment and after notice and a hearing, use property of the estate outside of the ordinary course of business. § 363(b). This provision grants a court broad flexibility to authorize a debtor to pay pre-petition claims where a sound business purpose exists. *See* In re *Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

24.     Bankruptcy Code § 363(c) further provides that:

> If the business of the debtor is authorized to be operated under section...1108... of this title [title 11] and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c).

25.     It is essential to the Debtors' continued operations and reorganization efforts that the Debtors maintain the Insurance Policies on an ongoing and uninterrupted basis. The Insurance

Policies provide a comprehensive range of coverage for the Debtors and their properties. Allowing the Insurance Policies to lapse would expose the Debtors to substantial liability for any damages resulting to persons or property of the Debtors and others, and the Debtors would have to bear the costs and expenses of defense litigation.

26.    For all the reasons stated in this Motion, the maintenance of the Insurance Policies and the payment of all premiums due thereunder serve the best interests of the Debtors' estates and creditors.

27.    To the extent any of the Insurance Policies are executory contracts within the meaning of Bankruptcy Code § 365, the Debtors do not at this time seek authority to assume the contracts. The Debtors request only authorization, but not direction, to continue the Insurance Policies and make such payments as are necessary to keep the Insurance Policies in force.

28.    Continuing the Surety Bond Program is also necessary to maintain the Debtors' current business operations. The Debtors' failure to provide, maintain, or timely replace the Surety Bonds will prevent the Debtors from complying with state and federal law, and thereby prevent them from undertaking essential functions related to their operations. Requiring the Debtors to go through the process of establishing a new Surety Bond Program would be burdensome, and the Debtors' inability to timely replace the Surety Bonds could result in business disruption and other consequences that could diminish the value of the Debtors' estates and their reorganization efforts.

29.    The Debtors' continuation of the Insurance Policies and Surety Bond Program on a postpetition basis is consistent with their prepetition practices. Pursuant to Bankruptcy Code § 363(c)(1), the Debtors are permitted to pay all postpetition amounts due pursuant to the Insurance Policies and Surety Bond Program and to renew or obtain new policies concerning the same, because such actions are in the ordinary course of the Debtors' business.

30.     To the extent this Court determined that the Debtors' continuation of any of the Insurance Policies or the Surety Bond Program are outside of the ordinary course of business, the Debtors request this Court approve the Debtors' Insurance and Surety Bond transactions under § 363(b) provided that the transactions satisfy the business judgment rule.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

31.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

32.     The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and all parties in interest. An Order prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices and establishing the Procedures for resolving any disputes regarding requests for adequate assurance of payment is vital to a smooth transition into Chapter 11. Failure to grant immediate relief will severely interrupt the Debtor's transition into Chapter 11 and impair the Debtor's efforts to successfully emerge from Chapter 11. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the proposed interim order submitted herewith on the terms described herein.

## Request for Waiver of Stay

33.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate the business and preserve the value of the estates.

## Waiver of Memorandum of Law

34.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

35.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants

the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

36.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; (f) the Insurance and Surety Bond Companies and Brokers; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

37.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

*[remainder of page intentionally left blank]*

Respectfully Submitted,

Dated: November 28, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

### **PROPOSED INTERIM ORDER**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (*pro hac vice* pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**INTERIM ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§
105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE,
RENEW, OR SUPPLEMENT INSURANCE POLICIES, (II) PAY
INSURANCE PREMIUMS AND RELATED OBLIGATIONS THEREON,
(III) CONTINUE, RENEW, OR SUPPLEMENT THE SURETY BOND
PROGRAM, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through six (6) is

**ORDERED**.

(Page 3)

Debtors:                BlockFi Inc.

Case No.            22-    (__)

Caption of Order:        INTERIM ORDER GRANTING DEBTORS' EXPEDITED
MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11
U.S.C. §§ 105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE,
RENEW, OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE
PREMIUMS AND RELATED OBLIGATIONS THEREON, (III) CONTINUE, RENEW,
OR SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING
RELATED RELIEF

---

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C.*

*§§ 105(a) and 363(c) Authorizing the Debtors to (I) Continue, Renew, or Supplement Insurance*

*Policies, (II) Pay Insurance Premiums Thereon, (III) Continue, Renew, or Supplement The Surety*

*Bond Program, and (IV) Granting Related Relief* (the "<u>Motion</u>")[1] and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing

Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*,

dated September 18, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and the Court having held a hearing (the "<u>Hearing</u>") on the Motion; and all

objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors'*

*Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:          BlockFi Inc.
Case No.          22-    (__)
Caption of Order:      DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed to, in the exercise of reasonable
business judgment, (i) continue to maintain all existing Insurance Policies, (ii) pay prepetition
amounts due and owing related to the Insurance Policies, to the extent any amounts are due and
payable, (iii) continue, revise, extend, renew, supplement, or change the Insurance Policies or enter
into new policies, if necessary, in the ordinary course of business, and (iv) continue to pay
premiums for the Insurance Policies in the ordinary course of business to the extent they may
become due and payable on a post-petition basis.

3.      The Debtors are authorized, but not directed, in the exercise of reasonable business
judgment, to (i) continue to maintain and perform under their Surety Bond Program, (ii) pay
prepetition amounts due under the Surety Bond Program, (iii) review, extend, renew, supplement,
or change the Surety Bonds under the Surety Bond Program, if necessary, in the ordinary course
of business consistent with the Debtors' past practice, and (iv) continue to pay premiums for the
Surety Bonds in the ordinary course of business to the extent they may become due and payable
on a post-petition basis.

4.      The Debtors' banks and other financial institutions shall be and hereby are
authorized and directed to receive, process, honor and pay all prepetition and postpetition checks,
credit card payments, and fund transfers on account of the prepetition insurance obligations,
provided that sufficient funds are on deposit in the applicable accounts to cover such payments. In
doing so, the Debtors' banks and other financial institutions are authorized and directed to rely on

(Page 5)

Debtors:                BlockFi Inc.

Case No.                22-    (__)

Caption of Order:    DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

the representations of the Debtors as to which checks, credit card payments, and fund transfers are

issued or authorized to be paid pursuant to this Order.

5.    Neither the provisions contained herein, nor any actions or payments made by the

Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any

claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds;

(c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or

unexpired lease pursuant to Bankruptcy Code § 365; or (e) otherwise affecting the Debtors' rights

under Bankruptcy Code § 365 to assume or reject any executory contract with any party subject to

this Order.

6.    The Final Hearing on the Motion will be held on _____, 2022 at _____

**(Eastern Time)** (the "Hearing Date"). Objections, if any, that relate to the Motion shall be filed

and served so as to be actually received by the Debtors' proposed counsel on or by no later than

seven (7) days prior to the Hearing Date. Any objection shall set forth in writing and with

particularity the factual and legal basis of the objection. If no objections are filed to the Motion,

the Court may enter an order approving the relief requested in the Motion on a final basis without

further notice or hearing.

7.    This Interim Order is effective only from the date of entry through this Court's

disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the

Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim

Order.

(Page 6)
Debtors:              BlockFi Inc.
Case No.              22-    (__)
Caption of Order:    DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

8.      The Debtors are authorized to take all actions necessary to effect the relief granted

pursuant to this Interim Order in accordance with the Motion

9.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim

Order shall be effective and enforceable immediately upon entry.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

11.      Any party may move for modification of this Interim Order in accordance with

D.N.J. LBR 9013-5(e).

12.      A true copy of this Interim Order shall be served on all required parties pursuant to

D.N.J. LBR 9013-5(f).

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.

## **<u>EXHIBIT B</u>**

## **PROPOSED FINAL ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-_____ (___)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

The relief set forth on the following pages, numbered three (3) through five (5) is

**ORDERED**.

(Page 3)
Debtors:              BlockFi Inc.
Case No.             22-      (__)
Caption of Order:        FINAL ORDER GRANTING DEBTORS' EXPEDITED MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§
105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW,
OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS
AND RELATED OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR
SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING RELATED
RELIEF

Upon the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(c) Authorizing the Debtors to (I) Continue, Renew, or Supplement Insurance Policies, (II) Pay Insurance Premiums Thereon, (III) Continue, Renew, or Supplement The Surety Bond Program, and (IV) Granting Related Relief* (the "Motion")[1] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:              BlockFi Inc.
Case No.             22-    (__)
Caption of Order:     FINAL ORDER GRANTING DEBTORS' EXPEDITED MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C.
§§ 105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW,
OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS
AND RELATED OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR
SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING RELATED
RELIEF

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed to, in the exercise of reasonable business judgment, (i) continue to maintain all existing Insurance Policies, (ii) pay prepetition amounts due and owing related to the Insurance Policies, to the extent any amounts are due and payable, (iii) continue, revise, extend, renew, supplement, or change the Insurance Policies, or enter into new policies, if necessary, in the ordinary course of business, and (iv) continue to pay premiums for the Insurance Policies in the ordinary course of business to the extent they may become due and payable on a post-petition basis.

3.      The Debtors are authorized, but not directed, to, in the exercise of reasonable business judgment, to (i) continue to maintain and perform under their Surety Bond Program, (ii) pay prepetition amounts due under the Surety Bond Program, (iii) review, extend, renew, supplement, or change the Surety Bonds under the Surety Bond Program, if necessary, in the ordinary course of business consistent with the Debtors' past practice, and (iv) continue to pay premiums for the Surety Bonds in the ordinary course of business to the extent they may become due and payable on a post-petition basis.

4.      The Debtors' banks and other financial institutions shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks, credit card payments, and fund transfers on account of the prepetition insurance obligations, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. In

(Page 5)
Debtors:              BlockFi Inc.
Case No.              22-    (__)
Caption of Order:     FINAL ORDER GRANTING DEBTORS' EXPEDITED MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C.
§§ 105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW,
OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS
AND RELATED OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR
SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV) GRANTING RELATED
RELIEF

doing so, the Debtors' banks and other financial institutions are authorized and directed to rely on

the representations of the Debtors as to which checks, credit card payments, and fund transfers are

issued or authorized to be paid pursuant to this Order.

5.     Neither the provisions contained herein, nor any actions or payments made by the

Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any

claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds;

(c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or

unexpired lease pursuant to Bankruptcy Code § 365; or (e) otherwise affecting the Debtors' rights

under Bankruptcy Code § 365 to assume or reject any executory contract with any party subject to

this Order.

6.     The Debtors are authorized to take all actions necessary to effect the relief granted

pursuant to this Interim Order in accordance with the Motion

7.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall

be effective and enforceable immediately upon entry.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.

## **EXHIBIT C**

### **INSURANCE POLICY SCHEDULE**

| Carrier | Policy No. | Description | Policy Term | Premium | Coverage |
|---|---|---|---|---|---|
| AXIS Insurance Company - A+ | P00100059238802 | Employment Practices Liability - Primary | 5/24/2022 to 5/24/2023 | $38,100 | $2M |
| TriNet | N/A | Employment Practices Liability Insurance & Workers Compensation | 11/16/2021 - 1/1/2023 | N/A | |
| Atlantic Specialty Insurance Company | MML-26213-22 | Employed Lawyers Professional Liability | 9/24/2022 to 9/24//2023 | $21,714 | $1M |
| Scottsdale Insurance Company | XBS0159860 | Commercial General Liability | 3/24/22 - 3/24/23 | $4,546 | $5M |
| Westchester Surplus Lines Insurance Company | FSF16548303001 | Commercial General Liability - Surplus Excess | 3/24/22 - 3/24/23 | $17,460 | $2M |
| Relm Insurance | RILPDO4532021 | D&O Renewal - Directors and Officers Private Liability Insurance; D&O Runoff - Directors and Officers Private Liability Insurance | 9/24/2022 - 9/24/2023; 11/28/2022 - 9/24/2028 | $1,750,000 | $2M |
| ACE American Insurance Co. (Chubb)[1] | G71101320 001 | Excess Directors & Officers – Side A Only/Run Off | 11/18/22 - 11/18/23 (includes additional 6-year Runoff Term) | $22,612,500 | $30M |

[1] Sompo/AIG/HCC/AXA XL/Berkley/Berkshire/Arch/Axis also share in the coverage on a proportional basis.

## EXHIBIT D

**SURETY BOND SCHEDULE**

| State | Entity | Bond Amount | Premium Cost |
|---|---|---|---|
| Alabama | BlockFi Lending LLC | $25,000 | $200 |
| California | BlockFi Lending LLC | $25,000 | $200 |
| Colorado | BlockFi Lending LLC | $25,000 | $200 |
| Delaware | BlockFi Lending LLC | $50,000 | $400 |
| Iowa | BlockFi Lending LLC | $25,000 | $200 |
| Illinois | BlockFi Lending LLC | $25,000 | $200 |
| Indiana | BlockFi Lending LLC | $60,000 | $480 |
| Kansas | BlockFi Lending LLC | $100,000 | $800 |
| Maryland | BlockFi Lending LLC | $50,000 | $400 |
| Missouri | BlockFi Lending LLC | $100,000 | $800 |
| North Dakota | BlockFi Lending LLC | $100,000 | $800 |
| Pennsylvania | BlockFi Lending LLC | $5,000 | $40 |
| Rhode Island | BlockFi Lending LLC | $50,000 | $400 |
| Tennessee | BlockFi Lending LLC | $50,000 | $400 |
| Washington | BlockFi Lending LLC | $150,000 | $1,20 |