**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING THE DEBTORS TO PAY OR HONOR PREPETITION**
**OBLIGATIONS TO CERTAIN CLAIMANTS AND**
**(II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BlockFi Inc. ("BlockFi") and its debtor affiliates (collectively, the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases")

hereby file this *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors*

---

[1] The Debtors in these Capter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*to Pay or Honor Prepetition Obligations to Certain Claimants and (II) Granting Related Relief*

(the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of New Jersey (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363, and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## Background

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated by reference herein.

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the

appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6.      As described in the First Day Declaration, the Debtors conduct their business in the ordinary course on an international level, operating and maintaining customers in numerous countries other than the United States.

**A.  Critical Vendors**

7.      The Debtors operate a platform that provides cryptocurrency-based services to retail and institutional clients throughout the world via web and mobile applications, and its products enable individuals and businesses to store, earn interest on, buy and sell, borrow, borrow U.S. dollars secured by, and earn digital assets. In the ordinary course of business, the Debtors do business with many parties that provide goods and services to the Debtors for their business operations. The Debtors rely on certain vendors, both foreign and domestic, to provide a range of critical services related to data storage, digital asset custody, user interface technology, and security, among others (the "Critical Vendors"). Therefore, the Debtors conclude that their estates will benefit from the Debtors' payment to the Critical Vendors of certain prepetition amounts and seek authority, but not direction, to pay such prepetition amounts to the Critical Vendors (the "Critical Vendor Claims").

**B.  The Debtors' Shippers and Miscellaneous Lien Claimants**

8.      The Debtors also regularly contract with various common carriers, movers, and shippers in the ordinary course of business (the "Shippers"). If the Shippers refuse to provide services to the Debtors, it would cause significant disruptions to the Debtors' business operations and impair the ability to operate during the Chapter 11 Cases.

9.      The Debtors also contract with numerous third parties (the "Miscellaneous Lien Claimants" and, together with the Critical Vendors and the Shippers, the "Claimants"). The

Miscellaneous Lien Claimants could potentially assert liens, including mechanic's liens and materialman's liens, against the Debtors' property for amounts the Debtors owe to these third parties (collectively, the "Miscellaneous Lien Claims" and, together with the Critical Vendor Claims and Shipper Claims the "Prepetition Obligations"). Pursuant to Bankruptcy Code § 362(b)(3), the act of perfecting such liens, to the extent consistent with Bankruptcy Code § 546(b), is expressly excluded from the automatic stay.

10.     If the Debtors are unable to pay the Prepetition Obligations, the Debtors risk losing access to property and services that are critical to the Chapter 11 Cases. Accordingly, the Debtors seek to pay and discharge, on a case-by-case basis, Prepetition Obligations that the Debtors believe have created, or could give rise to, a lien against the Debtors' property or equipment, regardless of whether the Claimants have perfected their interests. As such, the Debtors request authority, but not direction, to pay any such Prepetition Obligations. The estimated aggregate amount owed to the Claimants on the Prepetition Obligations is approximately $1,293,885. Based on the crucial nature of the goods and services provided by the Critical Vendors and timing issues related to the payment cycle for these items, a majority of the Prepetition Obligations are due within the first 21 days of these Chapter 11 Cases (the "Interim Period"). As such, the Debtors estimate the need to pay up to approximately $1,107,580 of the Prepetition Obligations during the Interim Period.

**Relief Requested**

11.     The Debtors request the entry of interim and final orders, substantially in the forms attached to the Motion as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"), (i) authorizing, but not directing, the Debtors to pay certain Prepetition Obligations owing to the Claimants through the Interim Period and to continue to pay post-petition amounts owing to Claimants in the ordinary course of business and (ii) granting related relief. The Debtors also respectfully request that this Court schedule a hearing within 21 days of the commencement of the

Chapter 11 Cases to consider approval of this Motion on a final basis.

### A. Identification of Critical Vendors and Shippers

12.    To determine whether a Prepetition Obligation should be paid under the terms of

the Interim Order or the Final Order, the Debtors considered, among other things, the following

criteria:

a)  Whether the Claimant is a sole source provider;

b)  Whether the Debtors receive advantageous pricing or other terms from a Claimant such that a postpetition replacement would result in significantly higher costs;

c)  Whether quality requirements, specializations, customizations, proprietary materials, or other specifications prevent the Debtors from obtaining the necessary goods or services from alternative sources within a reasonable timeframe and without unnecessary and burdensome costs;

d)  If the Claimant is not a sole source provider, whether the Debtors have the capabilities to continue operations until a replacement is found and put into place;

e)  Whether a Claimant is contractually obligated to continue to provide goods and services; and

f)  Whether a Claimant that meets any of the aforementioned standards above refuses to, demands pricing or trade terms that constitute an effective refusal to, or is financially unable to, provide goods or services to the Debtors on a postpetition basis if the prepetition balance remain unpaid.

13.    The Debtors are confident that this analysis put the Debtors in the best possible

position to pay the Prepetition Obligations that they believe, in their business judgment, will result

in a benefit that exceeds the costs, delays, and disruption risks associated with not paying.

### B. Customary Trade Terms

14.    The Debtors propose to condition the payment of the Prepetition Obligations owed

to the Claimants on the agreement of the individual Claimant to continue supplying goods and/or

services to the Debtors on terms that are consistent with the historical trade terms between the

parties (the "Customary Trade Terms").  The Debtors, however, request to reserve the right to negotiate and document in an agreement different trade terms with any Claimant as a condition to payment of any amount to the extent the Debtors determine that such trade terms are necessary to procure essential goods or are otherwise in the best interests of the Debtors' estates.

15.    If the Debtors determine, in the exercise of their reasonable business judgment, that a particular Claimant should be paid, (i) the Debtors propose to provide the Claimant with a copy of the Interim Order or the Final Order (as applicable) and (ii) the amount of such Claimant's estimated prepetition claim that the Debtors intend to pay, after accounting for any setoffs, other credits, and discounts thereto, which shall be mutually determined in good faith by the Claimant and the Debtors (but such amount shall not be deemed a claim allowed by the Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of the Court).

16.    If a Claimant refuses to supply goods or services to the Debtors on Customary Trade Terms following payment, or fails to comply with any agreement it entered into with the Debtors, the Debtors hereby seek authority to, in their discretion and without further order of the Court, (i) declare that any agreement between the Debtors and such Claimant is terminated (if applicable), and (ii) declare that any payment made to such Claimant on account of its prepetition claim, whether pursuant to an agreement or otherwise, be deemed to have been in payment of then-outstanding postpetition claims of such Claimant.

17.    In the event the Debtors exercise either of the rights set forth in the preceding paragraph, the Debtors requests that the Claimant against which the Debtors exercise such rights be required to immediately return to the Debtors any payments made on account of the Prepetition Obligations to the extent that such payments exceed the postpetition amounts then owed to such Claimant, without giving effect to any rights of setoff or reclamation.  In essence, the Debtors seek

to return the parties to their respective positions immediately prior to entry of the Interim Order or the Final Order (as applicable) in the event an agreement is terminated, or a Claimant refuses to supply goods to the Debtors on Customary Trade Terms following payment of its prepetition trade claim.

## **Basis for Relief Requested**

### A. **Payment of the Prepetition Obligations is in the Best Interest of the Debtors' Estates and Warranted under the Doctrine of Necessity.**

18.     The Court may grant the relief requested herein pursuant to Bankruptcy Code §§ 105(a) and 363(b). Bankruptcy Code § 363(b)(1) provides, in relevant part, that, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This provision grants a court broad flexibility to authorize a debtor to pay prepetition claims where a sound business purpose exists. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

19.     Further, Bankruptcy Code § 105(a) provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This provision codifies the inherent equitable powers of the bankruptcy court, including the power to authorize payment of prepetition claims under what is known as the "doctrine of necessity" when such payment is critical to a debtor's reorganization or necessary for the preservation of the value of the debtor's estate. *See, e.g., In re Lehigh & N. E. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating that "the sine qua non for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction failing such payment. In such a circumstance, it is evident that the payment made under the 'necessity of payment' rule is in the interest of all parties . . . because such payment will facilitate the [debtor's] continued operation"); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102, n.1 (3d Cir. 1972) (citations omitted) ("A number of cases declare a so-called 'necessity of

payment' exception to the normal deferment of the payment of pre[-]reorganization claims until

their disposition can be made part of a plan of reorganization. These cases permit immediate

payment of claims of creditors where those creditors will not supply services or material essential

to the conduct of the business until their pre-reorganization claims shall have been paid."); *In re

C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *In re Fin. News Network Inc.*,

134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) ("the "doctrine of necessity" stands for the principle

that a bankruptcy court may allow pre-plan payments of prepetition obligations where such

payments are critical to the debtor's reorganization"); *see also In re CoServ, L.L.C.*, 273 B.R. 487,

497 (Bankr. N.D. Tex. 2002) ("[I]t is only logical that the bankruptcy court be able to use [s]ection

105(a) of the Bankruptcy Code to authorize satisfaction of the prepetition claim in aid of

preservation or enhancement of the estate").

20.     The payment of prepetition claims under the doctrine of necessity is consistent with

the "two recognized policies" of Chapter 11 of the Bankruptcy Code: preserving going concern

value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav.

Assoc. v. 203 N. LaSalle St. P'Ship*, 526 U.S. 434, 435 (1999). It is also consistent with Bankruptcy

Rule 6003, which implies that the payment of prepetition obligations may be permissible within

the first 21 days of a case if doing so is "necessary to avoid immediate and irreparable harm." The

relief requested in this Motion represents a sound exercise of the Debtors' business judgment, is

necessary to avoid immediate and irreparable harm to the Debtors' estates and is justified under

Bankruptcy Code §§ 105(a) and 363(b).

21.     This flexible approach is particularly critical where prepetition creditors – here, the

Claimants – provide vital goods and services to the Debtors that would be unavailable if the

Debtors did not satisfy the Prepetition Obligations. Indeed, absent the relief requested herein, these

creditors may be unwilling to release goods in their possession as to which they may have liens,

because releasing possession may convert their claims against the Debtors from secured claims to unsecured claims. Therefore, unless the Court authorizes the Debtors to pay the Claimants, it is unlikely the Debtors will continue to have access to certain goods in the possession of the Claimants. More generally, if the Claimants possess lien rights or have the ability to exercise "self-help" remedies to secure payment of their claims, failure to satisfy such obligations could significantly interrupt the Debtors' business operations.

22.     The relief requested herein is appropriate and warranted under the circumstances to prevent business disruption. Moreover, the Debtors have minimized, as much as possible in their business judgment, the amount that they seek to pay to the Claimants. The Debtors, including their employees and professionals, have intimate knowledge of the Debtors' relationships with the Claimants, and have conducted an extensive analysis and review of the Debtors' immediate needs for goods and services. The potential harm to the Debtors' estates in failing to pay the Claimants far outweighs the costs associated with paying them. As such, the relief sought is necessary and appropriate.

**C.      Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks, Credit Card Payments, and Electronic Fund Transfers**

23.     Under the Debtors' existing cash management system, the Debtors can readily identify checks, credit card payments, or wire transfer requests relating to an authorized payment in respect to the Prepetition Obligations. Accordingly, the Debtors believe that checks, credit card payments, or wire transfer requests, related to unauthorized payments will not be honored inadvertently and that the Court should authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor and pay any and all checks, credit card payments, or wire transfer requests in respect of the relief requested herein, solely to the extent the Debtors have sufficient funds standing to their credit with such financial institution, and authorize such financial institutions to rely on the representations of the Debtors as to which checks are

issued and authorized and which transfers are authorized to be paid in accordance with this Motion.

## Request for Waiver of Stay

24.    To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of the estates.

## Waiver of Memorandum of Law

25.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

26.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief

sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### **Notice**

27.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for any committee appointed by this Court; (vi) the list of the 50 largest unsecured creditors of each of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submits that no further notice is required.

### **No Prior Request**

28.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

### **Conclusion**

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

[*remainder of page intentionally left blank*]

11

Dated: November 28, 2022

Respectfully Submitted,

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11
Case No. 22-_____ (___)
(Joint Administration Requested)
**Hearing Date and Time:**

### INTERIM ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay or Honor Prepetition Obligations to Certain Claimants and (II) Granting Related Relief* (the "Motion")[3]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein on an interim basis.

2.     The Debtors are hereby authorized, but not directed, in the exercise of their business judgment, to pay up to $1,107,580 in satisfaction of Prepetition Obligations during the Interim Period on account of the Claimants and are authorized to pay all undisputed amounts related to

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

any postpetition goods or services in the ordinary course of business consistent with the parties' customary practices.

3.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on _____, **2022 at ___a.m./p.m. (ET)** (the "<u>Hearing Date</u>") in the United States Bankruptcy Court for the District of New Jersey. Any objections or responses to entry of a final order on the Motion shall be filed on or before seven (7) days before the Hearing Date, with a copy to chambers, and served on the proposed Debtors' counsel and the Master Service List. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

4.      Any Claimant that accepts payment from the Debtors on account of a Prepetition Obligation shall be deemed to have agreed to the terms and provisions of this Interim Order.

5.      The Debtors are authorized, but not directed, to condition payment to the Claimants upon the execution of an agreement, and the Debtors are authorized, but not directed, to enter into such agreements when and if the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

6.      The Debtors are authorized, but not directed, to pay the Prepetition Obligations in the event that no agreement has been executed if the Debtors determine, in their business judgment, that a formal agreement is unnecessary to ensure a Claimant's continued performance on Customary Trade Terms.

7.      If any Claimant accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, then: (a) any payment on

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

account of a prepetition claim received by such Claimant shall be deemed, in the Debtors' discretion, an improper prepetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such Claimant shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such Claimant, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Claimant will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then-outstanding without the right of any setoffs, claims, provisions for payments of any claims, or otherwise.

8.      Any Claimant that accepts payment from the Debtors on account of all or a portion of a Prepetition Obligation pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

9.      Nothing in this Interim Order or the agreement shall impair or prejudice the Debtors' ability to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Claimant, or a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under Bankruptcy Code § 365.

10.      Nothing in this Interim Order or any agreement shall be declared a waiver of any other cause of action, including avoidance actions that may be held by the Debtors.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

11.    The banks and financial institutions on which checks were drawn (or were to be drawn), credit card payments made (or were to be made), or electronic payment requests were made (or were to be made) in payment of the Prepetition Obligations approved herein are authorized and directed to receive, process, honor and pay all such checks, credit card payments, and electronic payment requests when presented for payment, solely to the extent the Debtors have sufficient funds standing to their credit with such bank or financial institution, and all such banks and financial institutions are authorized and directed to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Interim Order.

12.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13.    The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Interim Order in accordance with the Motion.

14.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

15.    This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

17.    Any party may move for modification of this Interim Order in accordance with D.N.J. LBR 9013-5(e).

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

18.    A true copy of this Interim Order shall be served on all required parties pursuant to

D.N.J. LBR 9013-5(f).

19.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

## Exhibit B

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |
| | **Hearing Date and Time:** |

**FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO
PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN
CLAIMANTS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5) is hereby

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

| Debtors: | BLOCKFI, INC., *et al.* |
|---|---|
| Case No. | 22- |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

The Court having considered the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay or Honor Prepetition Obligations to Certain Claimants and (II) Granting Related Relief* (the "Motion")[5]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** on a final basis as set forth herein.

2.    The Debtors are hereby authorized, but not directed, in the exercise of their business judgment, to pay up to $1,293,885 in satisfaction of Prepetition Obligations on account of the Claimants, including all amounts paid pursuant to the Interim Order, which is now approved on a

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

final basis as set forth herein, and are authorized to pay all undisputed amounts related to any postpetition goods or services in the ordinary course of business consistent with the parties' customary practices.

3.      Any Claimant that accepts payment from the Debtors on account of a Prepetition Obligation shall be deemed to have agreed to the terms and provisions of this Order.

4.      The Debtors are authorized, but not directed, to condition payment of Prepetition Obligations upon the execution of an agreement, and the Debtors are authorized, but not directed, to enter into such agreements when and if the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

5.      The Debtors are authorized, but not directed, to pay the Prepetition Obligations in the event that no agreement has been executed if the Debtors determine, in their business judgment, that a formal agreement is unnecessary to ensure a Claimant's continued performance on Customary Trade Terms.

6.      If any Claimant accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, then: (a) any payment on account of a prepetition claim received by such Claimant shall be deemed, in the Debtors' discretion, an improper prepetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such Claimant shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such Claimant, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

to such outstanding postpetition balance and such Claimant will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then-outstanding without the right of any setoffs, claims, provisions for payments of any claims, or otherwise.

7.      Any Claimant that accepts payment from the Debtors on account of all or a portion of a Prepetition Obligation pursuant to this Order shall be deemed to (a) agree to the terms and provisions of this Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

8.      Nothing in this Order shall impair or prejudice the Debtors' ability to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Claimant, or a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under Bankruptcy Code § 365.

9.      Nothing in this Order or an agreement by the Debtors shall be declared a waiver of any other cause of action, including avoidance actions that may be held by the Debtors.

10.      The banks and financial institutions on which checks were drawn (or were to be drawn), credit card payments made (or were to be made), or electronic payment requests were made (or were to be made) in payment of the Prepetition Obligations approved herein are authorized and directed to receive, process, honor and pay all such checks, credit card payments, and electronic payment requests when presented for payment, solely to the extent the Debtors have sufficient funds standing to their credit with such bank or financial institution, and all such banks

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

and financial institutions are authorized and directed to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

12.     The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.