**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested) |

<div align="center">

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) APPROVING NOTIFICATION AND**
**HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND**
**DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

</div>

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**Relief Requested**

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as

**Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"):  (a) approving

certain notification and hearing procedures, substantially in the form of Exhibit 1 attached to the

Interim Order and the Final Order (the "Procedures"), related to certain transfers of, or declarations

of worthlessness with respect to, Debtor BlockFi Inc.'s ("BlockFi") existing classes of common

stock, including the special voting stock, or any Beneficial Ownership[2] therein (any such record

or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common

Stock") and existing classes (or series) of preferred stock or any Beneficial Ownership therein (any

such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock");

(b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect

to Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*;

and (c) granting related relief.  In addition, the Debtors request that the Court schedule a final

hearing 21 days after the commencement of these Chapter 11 Cases to consider entry of an order

approving the relief requested herein on a final basis.[3]

---

[2]      "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[3]      Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration").

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105, 362, and 541 of title 11

of the United States Code (the "Bankruptcy Code"), rules 3002 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local

Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their

business, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the First Day Declaration, filed substantially contemporaneously herewith and

incorporated by reference herein.

6. The Debtors are operating their business and managing their property as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the

filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint

administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for

the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official

committees have been appointed or designated.

**The Tax Attributes**

7.      Companies generally have a variety of tax attributes.  A company generates net

operating losses ("NOLs") if the operating expenses it has incurred exceed the revenues it has

earned during a single tax year.  A company may apply or "carry forward" NOLs to reduce future

tax payments (subject to certain conditions discussed below).[4]  *See* IRC § 172.  While NOLs are

the most ubiquitous tax attributes, companies can also generate a variety of other tax attributes,

including foreign tax business, business tax credits, and capital loss carryforwards, as the case may

be.  Moreover, the "tax basis" in a company's assets can be vital to determining a company's tax

attributes.

8.      As discussed below, a company's tax attributes can become subject to significant

limitation under IRC §§ 382 and 383 if an "ownership change" occurs.  The purpose of the relief

requested herein is to minimize the risk that an "ownership change" occurs before the conclusion

of these restructuring cases.  In doing so, the Debtors intend to maximize the value of their estates

by limiting tax liabilities generated during or as a result of the actions taken during the cases.

9.      The Debtors currently estimate that, as of December 31, 2021, they had

approximately $566,766,431 of federal NOLs (together with certain other tax attributes, the "Tax

Attributes").  The Debtors may generate additional Tax Attributes in the 2022 tax year, including

during the pendency of these cases.  The Tax Attributes are potentially of significant value to the

Debtors and their estates because the Debtors may be able to utilize the Tax Attributes to offset

---

[4]      In addition, under certain circumstances, certain NOLs generated may be "carried back" to offset taxable income
in prior years.  The specific rules regarding carrybacks and carryforwards depend on when a particular NOL was
generated.

any taxable income generated by transactions consummated during these Chapter 11 Cases (including with respect to any taxable disposition of some or all of the Debtors' assets). Additionally, depending on the structure utilized in a chapter 11 plan, in the event any of the Debtors' Tax Attributes were to survive, the Debtors may be able to carry forward certain of those Tax Attributes to offset federal taxable income or federal tax liability in future years. Accordingly, the relief requested herein will preserve the value of the Tax Attributes to the benefit of all of the Debtors' stakeholders.

I.    **An "Ownership Change" May Negatively Affect the Debtors' Utilization of the Tax Attributes**.

10.    Sections 382 and 383 of the IRC limit the amount of federal taxable income and federal tax liability, respectively, that can be offset by a corporation's tax attributes in taxable years (or portions thereof) following an "ownership change." Generally, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more "5 percent" shareholders has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the 3-year testing period ending on the date of the ownership change. The total percentage point increases of stock owned by one or more "5 percent" shareholders within the measuring period is generally referred to as the amount of the "ownership shift." In situations involving multiple classes of stock with different rights, the determination of whether a shareholder is a "5 percent" shareholder is made by reference to stock value (without regard to certain considerations such as control premiums or minority discounts, and with reference to certain mechanical tests). For example, an ownership change would occur in the following situation:

> An individual ("A") owns 50.1 percent of the stock of corporation XYZ. A sells her 50.1 percent interest to another individual ("B"), who owns 5 percent of XYZ's stock. Under section 382 of the IRC, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5 percent

to 55.1 percent) during the testing period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a 5 percent shareholder and increases his ownership by more than 50 percentage points during the testing period.

11.     It is critical to understand that, under these rules, a company can be harmed as a result of actions by parties that are unknown to the company.  As noted above, if a person unknown to the company were to acquire more than 5 percent of the company's stock (determined in accordance with the rules set forth above), the company would experience an "ownership shift" that could lead to an ownership change.  By the time the company knew who the unidentified shareholder was, the shareholder would have already purchased the shares and the harm would be done.  Accordingly, for the Procedures to be effective, the Procedures must bind unknown parties.

12.     As one particularly salient example, companies in certain instances may enact charter restrictions to protect their tax attributes.  Such charter restrictions may impose substantive limitations on sales and purchases of equity that are similar to the procedural limitations requested in this Motion.  Although such charter restrictions are put to a shareholder vote before being enacted, they always bind unknown parties (*i.e.*, persons that are not shareholders at the time the vote is taken) and do so via public information issued by the company in connection with the adoption of such charter restrictions.  It is true that the relief requested in this Motion is not being put to a shareholder vote—nor should it be, because the requested relief is intended to maximize the value of the Debtors for all stakeholders—but unlike charter restrictions, the relief requested in this Motion merely implements procedures that must be observed before relevant actions are taken.

13.     An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  IRC § 382(g)(4)(D).  A 50-percent shareholder is any person or entity (or group of people that is treated as a single entity under the applicable rules)

with Beneficial Ownership of 50 percent or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the worthless stock deduction is claimed.  *Id.*  If the 50-percent shareholder still owns the corporation's stock at the end of the taxable year, sections 382 and 383 of the IRC essentially treat such person or entity as newly purchasing the stock on the first day of the next taxable year.  For example, if a person or entity with 50 percent of a corporation's stock claims a worthless stock deduction with respect to the 2021 tax year but does not sell such stock in 2021, that person is treated:  (a) as not having owned the stock at the end of 2021; and (b) as having purchased the stock on the first day of the 2022 tax year.  That deemed purchase would cause an ownership change because the 50-percent shareholder would be deemed to have a 50-percentage-point increase in its stock ownership.  Notably, while the seminal case of *Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines Inc.)*, 928 F.2d 565 (2d Cir. 1991) is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.

14.    If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses" and section 383 of the IRC limits the amount of a corporation's future tax liability that may be offset by its "excess credits," in each case, to an annual amount based on the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax exempt rate that applies to the month of the ownership change.[5]  *See* IRC §§ 382(b) and 383(a).

---

[5]    The applicable long-term tax-exempt rate changes from month to month.  For ownership changes occurring in November 2022, the applicable long-term tax-exempt rate is 2.97 percent; an ownership change dating back to the beginning of the year because of the worthless stock issue discussed below would be subject to a meaningfully lower rate.

Pre-change losses and excess credits include the Debtors' Tax Attributes and any so-called "realized built-in losses" (as defined in section 382(h)(3) of the IRC).[6] Once a Tax Attribute is limited under section 382 or 383 of the IRC, its use may be limited forever.[7] Thus, certain transfers or worthless stock deductions with respect to the Beneficial Ownership of Common Stock or Preferred Stock effected before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes, which could cause substantial damage to the Debtors' estates.

15. Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value. Specifically, the proposed Interim Order and Final Order will affect only: (a) holders of 4.5 percent or more of Beneficial Ownership with respect to any class (or series of) Common Stock; (b) holders of 4.5 percent or more of Beneficial Ownership with respect to any class (or series of) Preferred Stock; (c) parties who are interested in purchasing sufficient Common Stock or Preferred Stock to result in such party becoming a holder of 4.5 percent or more of Beneficial Ownership of any class (or series) of Common Stock or Preferred Stock; and (d) any "50-percent shareholder" seeking to claim a worthless stock deduction.

16. To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain

---

[6] The rules relating to potential limitations on the ability to offset taxable income with so-called realized built-in losses are highly complex and depend on, among other things, the extent (if any) of a debtor's "net unrealized built-in loss." A net unrealized built-in loss is equal to the excess of the aggregate adjusted basis of all of a corporation's applicable assets over their fair market value (as determined for purposes of section 382 of the IRC) immediately prior to the ownership change. IRC § 382(h)(3)(A)(i). Once a net unrealized built-in loss is limited under section 382 or 383 of the IRC, its use is limited for 5 years.

[7] Realized built-in losses that are deducted beginning after the expiration of a five-year "recognition period" are no longer subject to limitation, but any realized built-in losses that are deducted prior to the expiration of such period are limited forever.

transfers of Beneficial Ownership of Common Stock or Preferred Stock and certain worthless stock deductions with respect to Beneficial Ownership of Common Stock or Preferred Stock so as to be in a position to act expeditiously to prevent such transfers or worthlessness deductions, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to "ownership changes" that threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates.

II.     **Proposed Procedures for Transfers of or Declarations of Worthlessness with Respect to Common Stock or Preferred Stock**.

17.     The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of Beneficial Ownership of Common Stock or Preferred Stock and declarations of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock to ensure preservation of the Tax Attributes.  The Procedures, which are fully set forth in Exhibit 1 to the Interim Order and the Final Order, are detailed below.[8]

Procedures for Transfers of Common Stock or Preferred Stock

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan E. Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A. Usatine, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A

---

[8]     Capitalized terms used in this section but not otherwise defined herein have the meanings given to them in the Procedures.  To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

(each, a "<u>Declaration of Status as a Substantial Shareholder</u>"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1B</u> (each, a "<u>Declaration of Intent to Accumulate Common Stock or Preferred Stock</u>").

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1C</u> (each, a "<u>Declaration of Intent to Transfer Common Stock or Preferred Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "<u>Declaration of Proposed Transfer</u>").

d.      The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

e.      For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Procedures for Declarations of Worthlessness of Common Stock or Preferred Stock

a.      Any person or entity that currently is or becomes a 50-Percent Shareholder[9] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1D (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.      Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as Exhibit 1E.

---

[9]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

i.   The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

ii.  If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

iii. If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

<u>Notice Procedures</u>

a.   No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as <u>Exhibit 1F</u> (the "<u>Notice of Interim Order</u>"), on:  (i) the U.S. Trustee for the District of New Jersey; (ii) the entities listed on the consolidated list of creditors holding the 50 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases; (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "<u>Notice of Final Order</u>") on the same entities that received the Notice of Interim Order.

b.   All registered and nominee holders of Common Stock and Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds

such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors **shall not** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Basis for Relief Requested

18.  Section 541 of the Bankruptcy Code provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541.  The Tax Attributes are property of the Debtors' estates.  *See Official Comm. of Unsecured Creditors v. PSS Steamship Co.* (*In re Prudential Lines Inc.*), 928 F.2d 565, 573  (2d Cir. 1991) ("We hold that the right to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate."); *Official Comm. of Unsecured Creditors v. Forman* (*In re Forman Enters., Inc.*), 273 B.R. 408, 416 (Bankr. W.D. Pa. 2002) (finding that NOLs are property of the debtors' estates); *Nisselson v. Drew Indus., Inc.* (*In re White Metal Rolling & Stamping Corp.*), 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same).  Section 362(a)(3) of the Bankruptcy Code, moreover, stays "any act [of an entity] to obtain possession of property of the estate or of property from the estate or to exercise control over

property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, any act of a holder of a debtor's equity securities that causes the termination, or limits use, of the Tax Attributes violates the automatic stay. *See, e.g.*, *In re Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate.").

19.     Implementation of the Procedures is necessary and appropriate to enforce the automatic stay under section 362 of the Bankruptcy Code and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates. Under sections 382 and 383 of the IRC, certain transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock prior to the consummation of a chapter 11 plan could cause the termination or limit the use of the Tax Attributes. As stated above, the Debtors expect to generate Tax Attributes in the 2022 tax year. As stated above, the Debtors estimate that as of 12/31/2021, they had approximately $566,766,431 federal NOLs and certain other tax attributes, and in addition, the Debtors may generate additional Tax Attributes in the 2022 tax year. As noted above, these Tax Attributes may be necessary to address tax consequences resulting from the consummation of any transaction in these proceedings and, depending upon the ultimate resolution of these proceedings, may provide the potential for material future tax savings (including in post-emergence years). The termination or limitation of the Tax Attributes could, therefore, be materially detrimental to all parties in interest, including by potentially limiting the Debtors' ability to utilize certain structures in these proceedings. Granting the relief requested herein will preserve the Debtors' flexibility in operating their businesses during the pendency of these Chapter 11 Cases

and implementing an exit plan that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.

20.    Additionally, the Procedures do not bar all transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock. The Debtors seek to establish procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to sections 382 and 383 of the IRC and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes. Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties in interest, the benefits of implementing the Procedures outweigh the drawbacks of subjecting a small subset of transfers to the Procedures.

21.    Courts have routinely restricted transfers of equity interests and declarations of worthlessness with respect to beneficial interests of a debtor's stock, or instituted notice procedures regarding proposed transfers and declarations of worthlessness, to protect a debtor against a possible loss or limitation of its tax attributes. *See, e.g., In re Voyager*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (Interim Order approving notification procedures and restricting certain transfers of the debtor's equity; Final Order issued August 4, 2022, same); *In re Celsius Network LLC*, No. 22-10964 (DA) (Bankr. S.D.N.Y. August 17, 2022) (approving notification procedures and restricting certain transfers of the debtor's equity); *In re HighPoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 26, 2021) (same); *In re Extraction Oil and Gas, Inc.*, No. 20-10548 (Bankr. D. Del. Jul. 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. Jun. 23, 2020) (same); *In re Akorn, Inc.*, No. 20-11177

(KBO) (Bankr. D. Del. Jun. 11, 2020) (same); *In re Longview Power, LLC*, No. 20-10951 (Bankr.

D. Del. May 18, 2020) (same).[10]

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

22.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after

the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."

As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter

11 is critical to the viability of their operations and that any delay in granting the relief requested

could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to

receive the requested relief during the first 21 days of these Chapter 11 Cases would severely

disrupt the Debtors' operations at this critical juncture.  Preservation of the Debtors' Tax Attributes

and equity distribution is vital to a smooth transition into chapter 11.  Accordingly, the Debtors

submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule

6003 to support the relief requested herein.

### Request of Waiver of Stay

23.     To the extent that the relief sought in the Motion constitutes a use of property under

section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find

that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested

---

[10]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## **Waiver of Memorandum of Law**

24.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Reservation of Rights**

25.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Prior Request**

26.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**<u>Notice</u>**

27.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) to the extent known, the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final

orders, in substantially the forms submitted herewith, granting the relief requested herein and such

other relief as is just and proper under the circumstances.

Dated: November 28, 2022

/s/ Michael Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br><br>Case No. 22-_____ (___)<br><br>(Joint Administration Requested)<br><br>**Hearing Date and Time:** |

**INTERIM ORDER (I) APPROVING NOTIFICATION AND**
**HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND**
**DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED**.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock and Preferred Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*, and (c) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| (Page \| 4) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief |

and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, **2022 at** _____ **(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before _____, **2022 at 4:00 p.m. (Eastern Time)**.  Any objection shall set forth in writing and with particularity the factual and legal basis of the objection.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Procedures, as set forth in **<u>Exhibit 1</u>** attached hereto are hereby approved on an interim basis; *provided*, *however*, that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided* that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and preserved.

4.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

5.      In the case of any such transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements,

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief |

the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

6.       In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7.       The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

8.       Within three days of the entry of this Interim Order or as soon as reasonably practicable, the Debtors shall send the notice of this Interim Order to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in *The New York Times*, and post the Interim Order, Procedures, Declarations, and Notice of Interim Order to the website established by Kroll Restructuring Administration LLC for these Chapter 11 Cases (https://restructuring.ra.kroll.com/blockfi), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

9.       The requirements set forth in this Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

10.       Other than to the extent that this Interim Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to Common Stock or Preferred

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief |

Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

11.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief |

14.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

18.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit 1

**Procedures for Transfers of and Declarations of Worthlessness with Respect to Beneficial Ownership of Common Stock and Preferred Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK

The following procedures apply to transfers of Common Stock or Preferred Stock:[1]

   a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan E. Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A. Usatine, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

   b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock or Preferred Stock").

   c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

d.      The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

e.      For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness):  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.      Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.      Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as **Exhibit 1E**.

      i.      The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

      ii.     If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

      iii.    If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably

---

[2]     For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a.  No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1F** (the "<u>Notice of Interim Order</u>"), on: (i) the U.S. Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>"); (ii) the entities listed on the consolidated list of creditors holding the 50 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases; (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "<u>Notice of Final Order</u>") on the same entities that received the Notice of Interim Order.

b.  All registered and nominee holders of Common Stock and Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential

4

information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to any existing class (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing class (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc. BlockFi Inc. is a debtor and debtor in possession in 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]  For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/Preferred) | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

2

identification number and the amount of Common Stock or Preferred Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:
_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
      (City)     (State)

3

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**DECLARATION OF INTENT TO ACCUMULATE**
**COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more

shares of the existing classes (or series) of common stock, including the special voting stock, or

any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or

the special voting stock, collectively, the "Common Stock") or existing classes (or series) of

preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of

preferred stock, collectively, the "Preferred Stock") of BlockFi Inc. BlockFi Inc. is a debtor and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2022, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)         (State)

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 22-_____ (___)

(Joint Administration Requested)

## DECLARATION OF INTENT TO TRANSFER
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the

existing classes (or series) of common stock, including the special voting stock, or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the

special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred

stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred

stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and debtor in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and_____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__

_____, _____

     (City)       (State)

## **Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

BlockFi Inc. BlockFi Inc. is a debtor and debtor in possession in Case No. 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

    (City)       (State)

## <u>Exhibit 1E</u>

**Declaration of Intent to Claim a Worthless Stock Deduction**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and debtor in possession in Case No. 22-[\_\_\_\_\_] (\_\_\_) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ \_\_, 2022, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. \_\_\_] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1F**

**Notice of Interim Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF (I) DISCLOSURE PROCEDURES APPLICABLE TO CERTAIN HOLDERS OF COMMON STOCK AND PREFERRED STOCK, (II) DISCLOSURE PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK, AND (III) FINAL HEARING ON THE APPLICATION THEREOF

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK")[2] OF AND PREFERRED STOCK (THE "PREFERRED STOCK") OF BLOCKFI INC.:**

PLEASE TAKE NOTICE that on November 28, 2022 (the "Petition Date"), the

above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions

with the United States Bankruptcy Court for the District of New Jersey (the "Court") under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For the avoidance of doubt, the Common Stock includes the special voting stock.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2022, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Interim Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in **Exhibit 1** attached to the Interim Order (the "Procedures").[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Interim Order or the Motion, as applicable.

Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov/ for a fee or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the  "Final Hearing") on the Motion shall be held on _____ __, 2022, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan E. Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A. Usatine, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of the United States Trustee for the District of New Jersey (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Interim Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, Beneficial Ownership thereof, or Option with respect thereto in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated: [●], 2022

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |
| | Hearing Date and Time: |

**FINAL ORDER**
**(I) APPROVING NOTIFICATION AND**
**HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND**
**DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (6), is **ORDERED.**.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22- |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock and Preferred Stock, and (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief |

Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Procedures, as set forth in <u>Exhibit 1</u> attached to the Interim Order [Docket No. [●]], are hereby approved on a final basis.

3.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief |

7.      Within three days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall send the notice of this Final Order to all parties that were served with notice of the Motion, publish the Notice of Final Order once in *The New York Times*, and post the Final Order, Procedures, Declarations, and Notice of Final Order to the website established by Kroll Restructuring Administration LLC for these Chapter 11 Cases (https://restructuring.ra.kroll.com/blockfi), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Final Order shall govern.

9.      Nothing herein shall preclude any person desirous of acquiring Common Stock or Preferred Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

10.     The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22- |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief |

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

### Exhibit 1

**Procedures for Transfers
of and Declarations of Worthlessness with Respect to
Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a
Substantial Shareholder (as defined herein) must file with the Court, and serve
upon: (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City,
New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the
Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York
10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes
and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112,
Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory
Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan E.
Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack,
New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A. Usatine, Esq.;
(iii) counsel to any statutory committee appointed in these cases; and (iv) the Office
of the United States Trustee for the District of New Jersey, One Newark Center,
Suite 2100, Newark, NJ 07102, (collectively, the "Notice Parties"), a declaration of
such status, substantially in the form attached to the Procedures as **Exhibit 1A**
(each, a "Declaration of Status as a Substantial Shareholder"), on or before the later
of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten
calendar days after becoming a Substantial Shareholder; *provided* that, for the
avoidance of doubt, the other procedures set forth herein shall apply to any
Substantial Shareholder even if no Declaration of Status as a Substantial
Shareholder has been filed.

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in an increase in the amount of Common Stock
or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or
would result in an entity or individual becoming a Substantial Shareholder, the
parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common
Stock or Preferred Stock").

d.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in a decrease in the amount of Common Stock or
Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or
would result in an entity or individual ceasing to be a Substantial Shareholder, the
parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

e.    The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

f.    For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a. Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1D (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b. Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as Exhibit 1E.

   i. The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii. If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

   iii. If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an

---

[2]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a.  No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on: (i) the U.S. Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the entities listed on the consolidated list of creditors holding the 50 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases; (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable). Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.  All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall

keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## <u>Exhibit 1A</u>

**Declaration of Status as a Substantial Shareholder**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to any existing class (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing class (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc. BlockFi Inc. is a debtor and debtor in possession in 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ \_\_, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. \_\_\_] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

2

identification number and the amount of Common Stock or Preferred Stock that the Substantial

Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

<br>

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

    (City)       (State)

## <u>Exhibit 1B</u>

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO ACCUMULATE
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more

shares of the existing classes (or series) of common stock, including the special voting stock, or

any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or

the special voting stock, collectively, the "Common Stock") or existing classes (or series) of

preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of

preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 22-[_____] (____) pending in the United States Bankruptcy Court

for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the

undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and

served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has

Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred

Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the

undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership

of _____ shares of Common Stock or an Option with respect to _____ shares of Common

Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of

Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have

Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred

Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer

identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order*

*(I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)       (State)

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 22-_____ (___)

(Joint Administration Requested)

## DECLARATION OF INTENT TO TRANSFER
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the

existing classes (or series) of common stock, including the special voting stock, or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the

special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred

stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred

stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and debtor in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)       (State)

## **Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock,

including the special voting stock, or any Beneficial Ownership therein (any such record or

Beneficial Ownership of common stock or the special voting stock, collectively, the "Common

Stock") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any

such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock")  of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]     For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

BlockFi Inc.  BlockFi Inc. is a debtor and debtor in possession in Case No. 22-[_____] (___)

pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2022, the undersigned

party currently has Beneficial Ownership of _____ shares of Common Stock and _____

shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned

party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order*

*(I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

<div style="margin-left:50%">

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

</div>

Dated: _____ __, 20__

_____, _____

     (City)        (State)

## **Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-_____  (___) |
| Debtors.[1] | (Joint Administration Requested) |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to

one or more shares of the existing classes (or series) of common stock, including the special voting

stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common

stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series)

of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership

of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and debtor in possession in Case No. 22-[_____] (___) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

     (City)        (State)

## __Exhibit 1F__

**Notice of Final Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF (I) DISCLOSURE PROCEDURES APPLICABLE TO CERTAIN HOLDERS OF COMMON STOCK AND PREFERRED STOCK, (II) DISCLOSURE PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK")[2] OR PREFERRED STOCK (THE "PREFERRED STOCK") OF BLOCKFI INC.:**

**PLEASE TAKE NOTICE** that on November 28, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] For the avoidance of doubt, the Common Stock includes the special voting stock.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2022, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Interim Order (the "Procedures").[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*,

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Interim Order or the Motion, as applicable.

and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov/ for a fee or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

PLEASE TAKE FURTHER NOTICE that other than to the extent that the Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

PLEASE TAKE FURTHER NOTICE that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, Beneficial

Ownership thereof, or Option with respect thereto in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

*[Remainder of page intentionally left blank]*

4

Dated: [●], 2022

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*