UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Order Filed on November 30, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Case No.:        _____

Chapter:         _____

Hearing Date:    _____

Judge:           _____

**INTERIM ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§
105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE,
RENEW, OR SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE
PREMIUMS AND RELATED OBLIGATIONS THEREON, (III) CONTINUE,
RENEW, OR SUPPLEMENT THE SURETY BOND PROGRAM, AND (IV)
GRANTING RELATED RELIEF**

The relief set forth on the following pages,  is  **ORDERED**.

**DATED: November 30, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

</td></tr>
<tr><td>

In re:

BLOCKFI INC., *et al.*,

     Debtors.[1]

</td><td>

Chapter 11
Case No. 22-19361 (MBK)
(Joint Administration Requested)
**Hearing Date and Time:**

</td></tr>
</table>

**INTERIM ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§
105(A) AND 363(C) AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR
SUPPLEMENT INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON,
(III) CONTINUE, RENEW, OR SUPPLEMENT THE SURETY BOND
PROGRAM, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through six (6) is

**ORDERED**.

(Page 3)
Debtors:              BlockFi Inc.
Case No.              22-19361 (MBK)
Caption of Order:     DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C.*

*§§ 105(a) and 363(c) Authorizing the Debtors to (I) Continue, Renew, or Supplement Insurance*

*Policies, (II) Pay Insurance Premiums Thereon, (III) Continue, Renew, or Supplement The Surety*

*Bond Program, and (IV) Granting Related Relief* (the "Motion")[1] and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing

Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*,

dated September 18, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all

objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors'*

*Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

(Page 4)

Debtors:              BlockFi Inc.

Case No.              22-19361 (MBK)

Caption of Order:     DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed to, in the exercise of reasonable business judgment, (i) continue to maintain all existing Insurance Policies, (ii) pay prepetition amounts due and owing related to the Insurance Policies, to the extent any amounts are due and payable, (iii) continue, revise, extend, renew, supplement, or change the Insurance Policies or enter into new policies, if necessary, in the ordinary course of business, and (iv) continue to pay premiums for the Insurance Policies in the ordinary course of business to the extent they may become due and payable on a post-petition basis.

3.      The Debtors are authorized, but not directed, in the exercise of reasonable business judgment, to (i) continue to maintain and perform under their Surety Bond Program, (ii) pay prepetition amounts due under the Surety Bond Program, (iii) review, extend, renew, supplement, or change the Surety Bonds under the Surety Bond Program, if necessary, in the ordinary course of business consistent with the Debtors' past practice, and (iv) continue to pay premiums for the Surety Bonds in the ordinary course of business to the extent they may become due and payable on a post-petition basis.

4.      The Debtors' banks and other financial institutions shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks, credit card payments, and fund transfers on account of the prepetition insurance obligations, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. In

4

(Page 5)
Debtors:            BlockFi Inc.
Case No.           22-19361 (MBK)
Caption of Order:   DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

doing so, the Debtors' banks and other financial institutions are authorized and directed to rely on

the representations of the Debtors as to which checks, credit card payments, and fund transfers are

issued or authorized to be paid pursuant to this Order.

5.      Neither the provisions contained herein, nor any actions or payments made by the

Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any

claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds;

(c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or

unexpired lease pursuant to Bankruptcy Code § 365; or (e) otherwise affecting the Debtors' rights

under Bankruptcy Code § 365 to assume or reject any executory contract with any party subject to

this Order.

6.      The relief granted herein is limited solely to Surety Bonds constituting lending

bonds issued by a surety in favor of the Debtors, and nothing in this Order applies to any money

transmitter bonds issued by any surety in favor of the Debtors.

7.      The Final Hearing on the Motion will be held on **January 9, 2023 at 10:00 a.m.**

**(Eastern Time)** (the "Hearing Date"). Objections, if any, that relate to the Motion shall be filed

and served so as to be actually received by the Debtors' proposed counsel on or by no later than

seven (7) days prior to the Hearing Date. Any objection shall set forth in writing and with

particularity the factual and legal basis of the objection. If no objections are filed to the Motion,

(Page 6)
Debtors:          BlockFi Inc.
Case No.          22-19361 (MBK)
Caption of Order:    DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(C)
AUTHORIZING THE DEBTORS TO (I) CONTINUE, RENEW, OR SUPPLEMENT
INSURANCE POLICIES, (II) PAY INSURANCE PREMIUMS AND RELATED
OBLIGATIONS THEREON, (III) CONTINUE, RENEW, OR SUPPLEMENT THE
SURETY BOND PROGRAM, AND (IV) GRANTING RELATED RELIEF

the Court may enter an order approving the relief requested in the Motion on a final basis without

further notice or hearing.

8.      This Interim Order is effective only from the date of entry through this Court's

disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the

Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim

Order.

9.      The Debtors are authorized to take all actions necessary to effect the relief granted

pursuant to this Interim Order in accordance with the Motion.

10.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim

Order shall be effective and enforceable immediately upon entry.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

12.      Any party may move for modification of this Interim Order in accordance with

D.N.J. LBR 9013-5(e).

13.      A true copy of this Interim Order shall be served on all required parties pursuant to

D.N.J. LBR 9013-5(f).

14.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.