UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Order Filed on November 29, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In Re: | Case No.: _____22-19361_____ |
| BLOCKFI INC., et al., | Chapter: _____11_____ |
| | Hearing Date: _____11/29/22_____ |
| | Judge: _____Michael B. Kaplan_____ |

**Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing
Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts
and Cash Management System, (c) Pay Prepetition Bank Fees Associated with
the Cash Management System, and (d) Continue Performance of Intercompany
Transactions, (II) Granting Superpriority Administrative Expense Status to
Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee
Requirements**

The relief set forth on the following pages,  is  **ORDERED**.

**DATED: November 29, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Joint Administration Requested)<br><br>**Hearing Date and Time:** November 29, 2022, at 11:30 a.m. (Prevailing Eastern Time) |

**INTERIM ORDER (I) AUTHORIZING**
**THE DEBTORS TO (A) CONTINUE USE OF**
**EXISTING BUSINESS FORMS AND RECORDS,**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**(B) MAINTAIN EXISTING CORPORATE BANK
ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY
PREPETITION BANK FEES ASSOCIATED WITH THE CASH
MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF
INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY
BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated with the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an interim order (this "<u>Interim Order</u>") (a) authorizing the Debtors to (i) continue use of existing business forms and records, (ii) maintain existing corporate bank accounts and cash management system, (iii) pay prepetition bank fees associated with the cash management system, and (iv) continue performance of intercompany transactions, (b) granting superpriority administrative expense status to postpetition intercompany balances, (c) suspending certain U.S. Trustee Requirements, and (d) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Case 22-19361-MBK    Doc 62    Filed 12/01/22    Entered 12/02/22 00:15:07    Desc Imaged
Certificate of Notice    Page 5 of 20

| (Page | 4) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** on an interim basis as set forth herein.

2.    The Final Hearing on the Motion will be held on **January 9, 2023 at 10:00 am (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtor's proposed counsel on or before **January 2, 2023 at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion without further notice or hearing.

3.    The Debtors are hereby authorized, on an interim basis and until the Final Hearing, to (b) use the Cash Management System, and (b) maintain and continue using the Bank Accounts with the same account numbers, in existence on the Petition Date, including, without limitation, those accounts identified on the exhibits to this Interim Order.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

4.      The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records, to the same extent as maintained prior to the commencement of the Chapter 11 Cases.  This includes maintaining accurate and detailed records of all intercompany transfers so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

5.      The Debtors are authorized, but not directed, to (a) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, automated clearinghouse transfers, drafts, electronic fund transfers, or other items presented, issued or drawn on the Bank Accounts, (b) pay and/or reimburse the Cash Management Banks in the ordinary course of business for any claims arising prepetition or postpetition including ordinary-course bank fees, checks deposited which have been dishonored or returned for insufficient funds, and any reimbursement or other payment obligations such as overdrafts arising in connection with the Bank Accounts, (c) perform their obligations under the documents and agreements governing the Bank Accounts, and (d) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession.  For the avoidance of doubt, nothing in this Interim Order shall alter or modify the rights of third parties, if any, to assert that cash, fiat, digital currency, or funds held by the Debtors are not property of the Debtors' estates, and all such rights are expressly preserved.

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

6.      Each of the Cash Management Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors are responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

7.      The Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8.      Each of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

9.      In the course of providing cash management services to the Debtors, any Cash Management Bank, without further order of this Court, is authorized to (a) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Cash Management Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors, and (b) charge-back returned items to the Bank Accounts, whether such items are dated before, on, or after the Petition Date, in the ordinary course of business during the pendency of these Chapter 11 Cases.

10.      The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided, however,* that the Debtors give notice within fifteen (15) days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases; *provided, further*, however that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement ("UDA") with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement and shall timely indicate the opening of such account on the Debtors' monthly operating report.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

11.     The Debtors are authorized to continue using the Corporate Cards and to pay in the ordinary course of business any amounts owing prepetition or postpetition on account of the Corporate Cards.

12.     The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; provided that once the Debtors have exhausted their existing stock of Business Forms, the Debtors shall ensure that any new Business Forms are clearly labeled "Debtor-In-Possession" and include the corresponding bankruptcy case number on all checks; provided, further, with respect to any Business Forms that exist or are generated electronically, to the extent reasonably practicable, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor-In-Possession" and include the corresponding bankruptcy case number.

13.     Notwithstanding anything to the contrary set forth herein, the Debtors are authorized, but not directed, to continue Intercompany Transactions arising from or related to the operation of their businesses in the ordinary course; provided that each Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices; and (b) beginning on the Petition Date, maintain (i) current records

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the Debtors' advisors with respect to such records.

14.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

15.    All postpetition transfers and payments from a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code upon entry of a Final Order. The Debtors shall maintain accurate and detailed records of all transfers, including but not limited to, Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

16.    The requirements under 11 U.S.C. § 345(b) are suspended for a period of forty-five (45) days and the Debtors are hereby granted an extension of time to comply with the requirements of 11 U.S.C. § 345(b) for a period of forty-five (45) days, without prejudice to the Debtors' rights to seek a further extension.

17.    Notwithstanding anything herein to the contrary, despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1903(a)(6) based on the disbursements of each Debtor, regardless of which entity makes such disbursement.

| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

18.     For Cash Management Banks at which the Debtors hold Bank Accounts that are party to a UDA with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order the Debtors shall (a) contact each Cash Management Banks, (b) provide the Cash Management Banks with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such Cash Management Banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

19.     For Cash Management Banks at which the Debtors hold Bank Accounts that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Cash Management Banks to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Cash Management Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

20.     As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Cash Management Banks.

21.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

| (Page | 11) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

22.    The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

23.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

24.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

25.    Notwithstanding any language to the contrary in the Motion or this Interim Order, or any findings announced at the hearing, no provision of the Motion, this Interim Order, or announced at the hearing constitutes a finding as to whether the Prepetition or Postpetition Cash Management System complies with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

26.    Notwithstanding anything to the contrary in the Motion, this Interim Order, or any findings announced at the hearing, nothing in the Motion, this Interim Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (a) Continue Use of Existing Business Forms and Records, (b) Maintain Existing Corporate Bank Accounts and Cash Management System, (c) Pay Prepetition Bank Fees Associated with the Cash Management System, and (d) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements |

27.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

28.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

29.    Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

30.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit 1

**Diagram of the Cash Management System**



**Exhibit 2**

**Table of the Debtors' Bank Accounts**

| Name | Debtor / Non-Debtor | Bank | Account Number | Country | Balance at Petition Date |
|---|---|---|---|---|---|
| BlockFi Asia | Non-Debtor | FOMOpay | -0291 | Singapore | $9,800.00 |
| BlockFi Cayman LLC (Inactive) | Non-Debtor | Silvergate | -9256 | United States | $0.00 |
| BlockFi Cayman LLC (Inactive) | Non-Debtor | Silvergate | -9264 | United States | $0.00 |
| BlockFi Inc | Debtor | Silvergate | -4183 | United States | $0.00 |
| BlockFi Inc | Debtor | Silvergate | -4191 | United States | $0.00 |
| BlockFi Inc | Debtor | Silicon Valley | -0719 | United States | $1,000,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -2610 | United States | $330,022.00 |
| BlockFi Inc | Debtor | Silicon Valley | -3354 | United States | $750,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -7779 | United States | $4,000,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -7263 | United States | $254,056,136.00 |
| BlockFi International Ltd (Inactive) | Debtor | Signature | -9744 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | Signature | -9752 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -0586 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -0776 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -4552 | United States | $5,458.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -4560 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -4578 | United States | $1,500,000.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -4586 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -8926 | United States | $0.00 |
| BlockFi Lending II LLC (Inactive) | Debtor | Silvergate | -2705 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -5383 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -1447 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -3eb4 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4091 | United States | $508,508.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4109 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4768 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silicon Valley | -8628 | United States | $102.00 |

| BlockFi Lending LLC | Debtor | CUB | -0230 | United States | $0.00 |
|---|---|---|---|---|---|
| BlockFi Services, Inc | Debtor | Silvergate | -2201 | United States | $54,301.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8523 | United States | $14,488.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8531 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -2277 | United States | $11,973.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -4704 | United States | $289,144.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -4712 | United States | $10,000,000.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -6799 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8549 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -7937 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -7945 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2063 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2059 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2551 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2555 | United Kingdom | $0.00 |
| BlockFi Management (Inactive) | Non-Debtor | Signature | -8615 | United States | $0.00 |

United States Bankruptcy Court

District of New Jersey

In re:                                                                              Case No. 22-19361-MBK

BlockFi Inc.                                                                        Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3             User: admin                Page 1 of 2

Date Rcvd: Nov 29, 2022       Form ID: pdf903            Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 01, 2022            Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 29, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com  fpisano@coleschotz.com |

District/off: 0312-3                                  User: admin                                  Page 2 of 2
Date Rcvd: Nov 29, 2022                            Form ID: pdf903                            Total Noticed: 1

Michael D. Sirota
                on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
                on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Richard Kanowitz
                on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com
                mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
                on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com
                mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
                on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com
                mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
                on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com
                mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

U.S. Trustee
                USTPRegion03.NE.ECF@usdoj.gov

Warren A. Usatine
                on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com


TOTAL: 20