| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Christine A. Okike, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (pro hac vice pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* | **Order Filed on November 30, 2022**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Joint Administration Requested)<br>**Hearing Date and Time:** |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL <u>ASSURANCE OF PAYMENT</u>**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: November 30, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)
Debtors:         BLOCKFI, INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, other than the establishment of the Utility Deposit Account.

3. Within twenty (20) days of the entry of this Interim Order, the Debtors are authorized and directed to establish a newly-created, segregated, interest-bearing account (the "Utility Deposit Account") and shall deposit $9,275 into the Utility Deposit Account, which shall be separately allocated for, and payable to, each Utility Company, in the amount set forth in the Utility Company List, attached hereto, as to each Utility Company for the purpose of providing Utility Companies adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtors shall maintain the Utility Deposit Account with a minimum balance equal

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services, attributable to each Utility Company, which the Debtors may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

4. To the extent the Debtors become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtors, (b) counsel to the Debtors; (c) the official committee of unsecured creditors, if one is appointed, and (d) the United States Trustee for the District of New Jersey (each, a "Party in Interest"). The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then, the Debtors shall (a) remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's account and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility Company. If an Objection is filed to the Delinquency Notice prior to expiration of the ten-day period, the Debtor will request that this Court schedule a hearing to resolve the dispute.

5. The following procedures are hereby approved on an interim basis:

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

(a) If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtors prior to the Petition Date; (v) a summary of the Debtors' payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

(b) The Court will consider any timely filed Objections at a hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing").

(c) Any Objection by a Utility Company listed on the Utility Company List must be filed with the Court, with a copy to Chambers, and served upon via email and first class mail, and actually received by, (i) the proposed Debtors' counsel (iii) counsel to the official committee of unsecured creditors, if one is appointed; and (iv) the United States Trustee for the District of New Jersey (collectively, the "Objection Notice Parties"), by no later than seven (7) days prior to the Final Hearing. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to the Final Hearing.

(d) Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Objection, if the Debtors, in their discretion, determine that the Objection is reasonable.

(e) If the Debtors discover the existence of a Utility Company not listed on the Utility Company List, the Debtors shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to the Utility Company List, which supplement shall identify the Utility Company and the additional amount of the adequate assurance deposit the Debtors propose to place in the Utility Deposit Account, and (ii) serve such Utility Company with notice of entry and a copy of the Interim Order.

(f) In the event that a Utility Company not listed on the Utility Company List objects to the Debtors' proposal to provide adequate assurance of payment, such Utility

(Page | 6)
Debtors: BLOCKFI, INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

Company must file and serve on the Objection Notice Parties an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtors may file and serve a reply to any such Objection on or before the date that is four (4) days prior to such hearing date.

(g) All Utility Companies shall be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Objection shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment for future services within the meaning of Bankruptcy Code section 366(c)(2).

(h) The portion of the Utility Deposit Account attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company) shall be returned to the Debtors, no later than five (5) business days following the earlier of (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company, and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6. Within two (2) business days from the date hereof, the Debtors shall serve this Interim Order upon each of the Utility Companies listed on the Utility Company List, at the addresses listed thereon, by first-class mail, postage prepaid.

7. The inclusion or exclusion of any entity on or from Utility Company List to the Motion or on or from any amended Utility Company List shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code section 366. This Interim Order specifically reserves the Debtors' rights to argue that (a) any of the entities listed on the

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Utility Company List to the Motion or any amended Utility Company List is not a "utility" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing of the Chapter 11 Cases.

8. Nothing in this Interim Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code section 365. Nothing in this Interim Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

9. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

11. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtors.

12. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; <u>provided</u> that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

13. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Interim Order in accordance with the Motion

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. A true copy of this Interim Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

17. Any party may move for modification of this Interim Order in accordance with D.N.J. LBR 9013-5(e).

(Page | 9)
Debtors:          BLOCKFI, INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

18. The Final Hearing on the Motion will be held on **January 9, 2023 at 10:00 am (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before **January 2, 2023 at 4:00 p.m. (Eastern Time)**.

19. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 22-19361-MBK |
| BlockFi Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 30, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 02, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2022        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 30, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |

| District/off: 0312-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Nov 30, 2022 | Form ID: pdf903 | Total Noticed: 1 |

Michael D. Sirota
    on behalf of Debtor BlockFi Services Inc. msirota@coleschotz.com, fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com
    mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com
    mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
    on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com
    mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com
    mklein@cooley.com;jindyke@cooley.com;efiling-notice@ecf.pacerpro.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

Warren A. Usatine
    on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com

TOTAL: 21