| | |
|---|---|
| UNITED STATES BANKRTUPCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GORSKI & KNOWLTON PC**<br>Carol L. Knowlton (NJ Bar No. 017501981)<br>311 Whitehorse Avenue, Suite A<br>Hamilton, New Jersey 08610<br><br>*Attorneys for Creditor and Party in Interest George J. Gerro* | |
| In Re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>Debtors. | Case No.:  22-19361 (MBK)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: January 9, 2023, 10:00 a.m.<br><br>Judge:  The Honorable Michael B. Kaplan |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION OF GEORGE J. GERRO FOR ENTRY OF AN ORDER
(I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C.
§§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT
TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A
PROOF OF CLAIM (F.R.B.P. 3003(c)(3))**

### I.    Introduction

George J. Gerro ("Gerro") respectfully files this Memorandum of Law in support of his

*Motion for Entry of an Order (I) Granting Partial Relief from the Automatic Stay (11 U.S.C. §§*

*362(d)(1)) and Discharge Injunction (11 U.S.C. § 524(a)) with Respect to Certain Non-Core*

*Proceedings; and (II) Extending Time to File a Proof of Claim (F.R.B.P. 3003(c)(3))* ("Motion").

---

[1] The relevant Debtors in these jointly administered Chapter 11 cases, along with the last four digits of each corresponding federal tax identification number, are BlockFi Inc. (0015); BlockFi Trading LLC (2487); and BlockFi Lending LLC (5017).

1

The requested relief relates to a non-core, California case entitled *Gerro v. BlockFi Lending LLC, et al.* (California Superior Court for the County of Los Angeles, Case No. 20BBCV00308; Court of Appeal, Second District, Division One, Case Nos. B307156; California Supreme Court, Case No. B275530) ("*Gerro I*").

*Gerro I* should proceed in California because California courts have already denied a motion for *forum non conveniens*, based upon California's unwaivable statutory rights, fundamental public policy, and constitutional law. The trial court held that Gerro has "unwaivable rights under California law" constituting "fundamental California public policy." (Certification of George J. Gerro, ¶ 7) ("Cert."). The appellate court refused to enforce a Delaware forum selection clause to protect Gerro's right to a jury trial. Cert. ¶ 9. Furthermore, the California Supreme Court, the highest court in California, granted review, implicitly finding that review was "necessary to secure uniformity of decision or to settle an important question of law" in the California judicial system. *See* Cal. Rules of Court, Rule 8.500(b)(1) (the only applicable grounds for review). Accordingly, this Court defer in comity to California courts and with respect for California law. *See* 28 U.S.C. § 1334(c)(1).

This Court's related-to jurisdiction over *Gerro I* is unnecessary for restructuring. The proposed plan explicitly states that "the Bankruptcy Court shall not retain jurisdiction over disputes [subject to a] ... forum selection ... clause that refers disputes to a different court." *See* Docket, *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankrtupcy Code*, Case No. 22-19361 (MBK), Docket No. 22, Art. XII, p. 65, ¶ 6. Even if the Motion is granted, Gerro offers to participation in mediation pursuant to D.N.J. LBR 9019-2. Cert. ¶ 27. Importantly, abstention will conserve the debtor's estate—and improve judicial economy—by preventing duplicative re-litigation of forum selection issues.

2

The cause for granting the relief may also be found in the abstention provisions of 28 U.S.C. § 1334(c). *Gerro I* involves only California claims, already pending in California court, and qualifies as a non-core proceeding. 28 U.S.C. § 1334(c)(2). In the absence of the bankruptcy statutes, there are no other bases for federal subject matter jurisdiction. 28 U.S.C. § 1334(c)(2). Accordingly, Gerro respectfully requests relief from the automatic stay and discharge injunction for the sole purpose of reducing his claim to a judgment. Then, the judgment may be attached to a proof of claim, filed within thirty (30) days after entry, and subject to a confirmed plan. F.R.B.P. Rule 3003(c)(3) (incorporating by reference F.R.B.P. Rule 3002(c)(3)).

## II.    Jurisdiction and Venue

The United States District Court for the District of New Jersey has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(a). The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the United States Court for the District of New Jersey's Standing Order 12-1, *Standing Order of Reference to the Bankruptcy Court Under Title 11*, originally issued on July 23, 1984, as amended September 18, 2012.

This Motion constitutes a core matter pursuant to 28 U.S.C. § 157(b), since it may only arise in the context of a Title 11 bankruptcy case. Thus, this Motion may be heard and finally determined by this Court. Furthermore, a request for relief from the automatic stay expressly constitutes a core matter. 28 U.S.C. § 157(b)(2)(G).

The statutory bases for the relief requested herein are 11 U.S.C. § 1109(b), 11 U.S.C. § 362(d)(1), and F.R.B.P. Rule 3003(c)(3). In his capacity as a "creditor" of Debtor BlockFi Lending LLC ("BlockFi"), Gerro "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). In conformity with service and notice requirements,

3

Gerro served this Motion package on non-debtor and *Gerro I* co-defendant Scratch Services LLC, a Delaware Limited Liability Company ("Scratch").

## Background

Gerro resides and works in the County of Los Angeles, State of California. Cert. ¶ 1. Gerro is a creditor of BlockFi. Cert. ¶ 2. BlockFi, a debtor in this case, is a California Finance Lender Licensee. Cert. ¶ 3. Scratch has a principal place of business in California. Cert. ¶ 4.

On May 8, 2020, Gerro commenced *Gerro I* against BlockFi Lending and Scratch in the California Superior Court for the County of Los Angeles. Gerro alleges that BlockFi took possession of Gerro's bitcoin pursuant to an unlawful contract for pledge, accelerated Gerro's loan in bad faith, and breached its contract for Gerro to redeem his collateral. *See* Cert. Ex. "1." *Gerro I* prayed for the return of Gerro's bitcoin and the proceeds therefrom. *Ibid*.

On August 11, 2020, the trial court stayed *Gerro I* upon the grounds of *forum non conveniens* on the basis of a Delaware forum selection clause between Gerro and BlockFi. Cert. Ex. "2." In its order, the trial court explicitly held that Gerro has "unwaivable rights under California law" constituting "fundamental California public policy." *Id*., p. 2 (*citing* Cal. Fin. Code §§ 22161(a)(5-7), 22750(b) and 22752(a); and Cal. Com. Code § 9626(b)(1)).[2]

On June 14, 2022, the California Court of Appeal, Second District, Division One, reversed the trial court's order staying *Gerro I* on the grounds of *forum non conveniens*. Cert. Ex. "3," pp. 14-21. The Court of Appeal conducted a de novo analysis based upon Gerro's

---

[2] Please note, a substantive discussion of tangential California proceedings and California law has been omitted as being unnecessary to the relief requested by this Motion. Cert. ¶ 25. If necessary, Gerro will address any outstanding issues in his reply.

4

constitutional right to a jury trial under California law. Cert. Ex. "3," pp. 14-21. The appellate court remanded *Gerro I* to protect Gerro's right to a jury trial. Cert. Ex. "3," pp. 14-21.

On July 22, 2022, BlockFi and its co-defendant Scratch Services LLC ("Scratch") petitioned to the California Supreme Court for review of the California Court of Appeal's order. Cert. ¶ 11. On September 14, 2022, the California Supreme Court granted review, implicitly finding that its review was "necessary to secure uniformity of decision or to settle an important question of law." Cal. Rules of Court, Rule 8.500(b)(1).

On November 14, 2022, BlockFi filed its Opening Brief on the Merits in the California Supreme Court. Cert. ¶ 13. On November 28, 2022, BlockFi filed for bankruptcy. Docket. On November 29, 2022, Gerro asked the California Supreme Court to proceed with review as to non-debtor Scratch. Cert. Ex. "5." On December 4, 2022, Gerro withdrew his motion out of comity and respect for this Court. Cert. Ex. "7." Gerro withdrew his motion before any opposition was filed, before any ruling was made, and before any request by opposing counsel, in comity and respect for this Court. Cert. ¶ 17.

### III.  Relief Requested

Gerro respectfully requests that this Court grant relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), for relief from any future discharge injunction of 11 U.S.C. § 524(a), and for an extension of time to file a proof of claim relating to *Gerro I*, pursuant to F.R.B.P. Rules 3003(c)(3) (incorporating Rule 3002(c)(3) by reference). The requested relief pertains only to *Gerro v. BlockFi Lending LLC, et al.* (California Superior Court for the County of Los Angeles, Case No. 20BBCV00308; Court of Appeal, Second District, Division One, Case Nos. B307156; California Supreme Court, Case No. B275530, review granted September 14, 2022)

5

and only with respect to proceedings that will not interfere with this Court's jurisdiction over the debtor's estate.

### IV. Basis for Relief Requested

This Court should defer to the California judiciary, by allowing the California Court to protect Gerro's unwaivable statutory rights in California courts, including Gerro's constitutional right to a trial by jury. The California Court of Appeal has decided, and the California Supreme Court is still deciding, whether *Gerro I* "must remain in California despite the contractual forum selection clause." Cert. ¶ 12. This Court's exercise of jurisdiction over the non-core proceedings will not solve, but rather complexify, the forum selection problem.

### A. *Granting the Relief Will Avoid Wasteful Litigation About Forum Selection.*

"On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause…" 11 U.S.C. § 362(d)(1). Here, the procedural posture constitutes cause for granting relief from the automatic stay. Allowing the California court proceedings will conserve the Debtor's resources, this Court's judicial economy, and protect California's public policy.

To see how BlockFi's resources can be saved, consider the three possible forums for *Gerro I*: California, Delaware, or New Jersey. Undoubtedly, the New Jersey Bankruptcy Court is the proper forum for all core proceedings. However, *Gerro I* constitutes a non-core proceeding because it exists independently of bankruptcy law. As a result, if *Gerro I* must proceed in this Court, the Debtor may have to restart litigation regarding the proper forum and choice of law.

6

The Third Circuit holds that forum selection clauses may be enforceable in "related to" proceedings. *In re Exide Technologies*, 554 F.3d 196, 206 (3rd Cir. 2008). First, this Court will have to decide whether "state or federal" law applies. *In re Diaz Contracting, Inc.*, 817 F.2d 1047 (3rd Cir. 1987). Then, this Court may have to decide whether to enforce the Delaware forum selection clause. On one hand, if this Court *enforces* the Delaware forum selection clause, then it may violate California's public policy. On the other hand, if this court *strikes* the Delaware forum selection clause and opts to hear the case, then Gerro may be deprived of his right to a jury trial, which may also violate California's public policy.

Only the California Supreme Court can economically resolve the forum selection issue. The debtor's "precarious financial condition," *In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1052, and the "policy … of facilitating the collection and distribution of debtor estates" are not grounds to deny a forum selection clause. *In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1051 n. 9.

Allowing the California Supreme Court to rule will save resources, because BlockFi has already completed most of the work by researching, drafting, and filing its Opening Brief on the Merits. Cert. ¶ 13. A reply brief is purely optional. Cal. Rules of Court, R. 8.520(a)(3). An amicus curiae can even make an oral argument on BlockFi's behalf. Cal. Rules of Court, R. 8.524(g). Once the California Supreme Court issues its opinion, the issue will be settled.

Unless the Motion is Granted, however, this Court may be required to re-adjudicate the same issue requiring new motions, additional research, and maybe even evidentiary hearings. The issues will be complex. Then, this Court's ruling may be appealed all the way to the United State Supreme Court. *See In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1048. On appeal, each court must apply a clear error standard for questions of fact, but a *de novo* standard of review for questions of law, increasing the uncertainty, delay, and legal fees. *Id.*, at p. 1055.

7

Granting the Motion will conserve BlockFi's scarce resources by avoiding re-litigation of an issue that was already litigated when BlockFi was in better financial condition. In some sense, BlockFi's California legal fees were an investment that may be worthless if the Motion is denied.

### B. *The Bankruptcy Law Envisions This Type of Relief, Akin to Abstention.*

This Court may grant relief from the automatic stay for the same reason that it may abstain from *Gerro I*. The Bankruptcy Courts may abstain "in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Certainly, *Gerro I* qualifies for this form of discretionary abstention. The Proposed Order will demonstrate comity to the California Court, by allowing the California Supreme Court to exercise its fundamental judicial function. The Proposed Order will also demonstrate respect for the California Court of Appeal, which has already decided the forum issue based upon Gerro's constitutional rights.

Under the Judicial Code, Bankruptcy Courts, upon timely motion, must abstain from: 1) non-core proceedings; 2) consisting of a "State law claim or State law cause of action;" 3) that are already pending and may be timely adjudicated in a state court; 4) if there is no other basis for federal jurisdiction. 28 U.S.C. § 1334(c). First, we have established that *Gerro I* is non-core because it exists outside of bankruptcy law. Second, all of *Gerro I*'s claims are based upon state law, and in particular, California law. *See* Cal. Fin. Code, § 22324 (California Financing Law is un-avoidable and un-evadable); Cal. Code Regs., tit. 10, § 1408(a) (California Financing Law is unwaivable by borrower); *Brack v. Omni Loan Co., Ltd.*, 164 Cal.App.4th 1312, 1320 (2008) (California Financing Law applies notwithstanding contrary choice of law provision). Third, for the reasons stated above, the forum selection issue will be resolved most expediently in the California courts. Fourth, *Gerro I* presents no federal question jurisdiction. 28 U.S.C. § 1331.

8

*Gerro I* presents no complete diversity, as required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1), *see Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), since Gerro and Scratch are both California residents for diversity purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

The factors in favor of abstention also weigh in favor of the requested relief. Thus, this Court may find that there is cause for relief from the automatic stay.

### C. This Court May Grant Related Relief from the Discharge Injunction.

Once a plan is confirmed, the automatic stay will be replaced by a discharge injunction. "A discharge… voids any judgment at any time obtained…" 11 U.S.C. § 524(a)(1) and "operates as an injunction against the… continuation of an action." 11 U.S.C. § 524(a)(2). Gerro requests that *Gerro I* be exempt from the discharge injunction for similar reasons as set forth above. This Court has the power to grant this relief too.

*In re White Motor Credit*, 761 F.2d 270, 270 (6th Cir. 1985) analyzed the newly enacted Bankruptcy Amendments and Federal Judgeship Act of 1984. There, the Court affirmed a Bankruptcy Court's decision to grant similar relief requested by the Motion. Reading 11 U.S.C. § 524 "in conjunction with the overall purposes of the Code," the court held that bankruptcy courts may provide relief from the discharge injunction so that state law claims can proceed in state courts. *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985). The Sixth Circuit endorsed relief from the discharge injunction as improving the administration of the bankruptcy court: "in large bankruptcy cases… judicial economy and expeditiousness, may depend on the court's authority to refer cases to other courts." *Ibid*.

### D. Granting the Requested Relief Will Not Interfere with Restructuring.

In the Debtor's joint proposed plan, under the section entitled "Retention of Jurisdiction," it states that "the Bankruptcy Court *shall not retain jurisdiction* over disputes concerning documents contained in the Plan Supplement that have a jurisdictional, *forum selection*, or dispute resolution clause that refers disputes to a different court." *See* Docket, *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankrtupcy Code*, Case No. 22-19361 (MBK), Docket No. 22, Art. XII, p. 65, ¶ 6 ("Plan"). Therefore, the Plan indicates that this Court's jurisdiction over claims like *Gerro I* will not be necessary for a successful restructuring.

The Proposed Order has been crafted in a way that will ensure Gerro's claim is processed pursuant to a confirmed plan. For example, the Order expressly states that Gerro will not seek to satisfy his claim against BlockFi under California law. Instead, the *Gerro I* judgment (or settlement) will be attached to a proof of claim, subject to objection, and to be collected in an orderly manner pursuant to a confirmed plan.

### E. This Court May Grant an Extension of Time to File a Proof of Claim.

A proof of claim may be filed within thirty days after entry of a final judgment, even if the judgment is entered after the bar date. FRBP 3002(c)(3). That exception, codified by FRBP Rule 3002(c)(3), is incorporated by reference into Rule 3003(c)(3), the rule applying to Chapter 11 cases. Furthermore, under Rule 3003(c)(3), the Court "for cause shown may extend the time within which proofs of claim… may be filed." FRBP Rule 3003(c)(3). Accordingly, Gerro requests an extension of time to file a proof of claim from *Gerro I*, whether by judgment or settlement.

### Conclusion

Granting relief from the automatic stay will show comity to the California courts and respect for California law.  Granting relief will also conserve resources, by allowing the California Supreme Court to settle the forum non conveniens once and for all.  Removing *Gerro I* to the Bankruptcy Court will complicate the forum selection issue.  More importantly, allowing *Gerro I* to proceed in California will avoid any violation of California public policy, protect Gerro's constitutional right to a jury trial, and not interfere with the orderly administration of the debtor's estate.

This Motion is based upon the Notice, this Memorandum of Law, and Certification of George J. Gerro.  For the foregoing reasons, Gerro respectfully requests that this Court enter the Proposed Order.

Hamilton, New Jersey
Dated: December 16, 2022

/s/ Carol L. Knowlton

GORSKI & KNOWLTON PC
Carol L. Knowlton (NJ Bar No. 017501981)
311 Whitehorse Avenue, Suite A
Hamilton, New Jersey 08610
Phone: (609)964-4000
Email: cknowlton@gorskiknowlton.com

*Attorneys for Creditor and Party in Interest George J. Gerro*

11