| | |
|---|---|
| UNITED STATES BANKRTUPCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GORSKI & KNOWLTON PC**<br>Carol L. Knowlton (NJ Bar No. 017501981)<br>311 Whitehorse Avenue, Suite A<br>Hamilton, New Jersey 08610<br><br>*Attorneys for Creditor and Party in Interest*<br>*George J. Gerro* | |
| In Re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>Debtors. | Case No.: 22-19361 (MBK)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: January 9, 2023, 10:00 a.m.<br><br>Judge:  The Honorable Michael B. Kaplan |

**CERTIFICATION OF GEORGE J. GERRO**
**IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3003(c)(3))**

I, George J. Gerro, a party in interest to the above-captioned case, submit this Certification in support of my concurrently filed *Motion for Entry of an Order (I) Granting Partial Relief from the Automatic Stay (11 U.S.C. §§ 362(d)(1)) and Discharge Injunction (11 U.S.C. § 524(a)) with Respect to Certain Non-Core Proceedings; and (II) Extending Time to File a Proof of Claim (F.R.B.P. 3003(c)(3))* ("Motion").

---

[1] The relevant Debtors in these jointly administered Chapter 11 cases, along with the last four digits of each corresponding federal tax identification number, are BlockFi Inc. (0015); BlockFi Trading LLC (2487); and BlockFi Lending LLC (5017).

1

1. For my entire life, I have resided in the State of California. Since March 4, 2019, I have been licensed as an attorney by the State Bar of California (License No. 325168).

2. I am interested in this proceeding in my capacity as an unsecured creditor of Debtor BlockFi Lending LLC, a Delaware Limited Liability Company ("BlockFi").

3. BlockFi does business in California pursuant to its California license to engage in the business of a California " 'Finance lender' " as defined in California Financial Code § 22009. *See* License No. ▮1955.

4. On May 8, 2022, I commenced an action entitled *Gerro v. BlockFi Lending LLC, et al.* in the California Superior Court for the County of Los Angeles, Case No. 20BBCV00308 ("*Gerro I*"). The defendants in *Gerro I* include a debtor, BlockFi, and a non-debtor, Scratch Services LLC, a Delaware limited liability company with a principal place of business in San Francisco, California ("Scratch"). A true and correct copy of *Gerro I*'s operative complaint is attached hereto as Exhibit "1."

5. The claims in *Gerro I* derive exclusively from California state law, including the California Commercial Code and California Financial Code. *Gerro I* constitutes a non-core proceeding related to this Title 11 case, since it may affect the liability of BlockFi.

6. The Motion requests relief from the automatic stay (11 U.S.C. § 362(d)(1)) and discharge injunction (11 U.S.C. § 524(a)) for proceedings in *Gerro I*, for the following cause.

7. On August 10, 2020, the *Gerro I* trial court expressly held that I have "unwaivable rights under California law" constituting "fundamental California public policy." *Id.*, p. 2 (*citing* Cal. Fin. Code §§ 22161(a)(5-7), 22750(b) and 22752(a); and Cal. Com. Code

§ 9626(b)(1)).  A true and correct copy of the *Gerro I* trial court's order is attached hereto as Exhibit "2" ("*Gerro I* Order").

8.  Notwithstanding my California rights, the *Gerro I* Order erroneously stayed *Gerro I* for *forum non conveniens* upon the basis of a Delaware forum selection clause.  Accordingly, Gerro filed an appeal in the California Court of Appeal, Second District, Division One, Case No. B307156.  A true and correct copy of the *Gerro I* Appellate opinion is attached hereto as Exhibit "3" (the "*Gerro I* Opinion").

9.  The California Court of Appeal correctly reversed the *Gerro I* Order and remanded for further proceedings in California Superior Court.  The *Gerro I* Opinion held, *inter alia*, that *Gerro I* should proceed in California to protect my unwaivable, fundamental, and constitutional California right to a jury trial.  See *Gerro I* Opinion, pp. 14-21.

10. Although I have many other unwaivable rights under California law, including my unwaivable rights under the California Financing Law, the *Gerro I* Opinion resolved the appeal in my favor and did not need to address any of my other unwaivable California rights.  *Gerro I* Opinion, p. 20, n. 10.

11. On September 14, 2022, at the request of BlockFi and Scratch, the California Supreme Court granted review of the *Gerro I* Opinion.  A true and correct copy of the California Supreme Court Order Granting Review in *Gerro I*, California Supreme Court Case Number S275530, is attached hereto as Exhibit "4" (the "*Gerro I* Order Granting Review").

12. Generally, the California Supreme Court only grants review if "necessary to secure uniformity of decision or to settle an important question of law" within the California judicial system.  See Cal. Rules of Court, Rule 8.500(b)(1).  Six-out-of-seven California Supreme

3

Court Justices voted to grant review of the following issue: "Did the Court of Appeal correctly hold that this action must remain in California despite the contractual forum selection clause?" *See Gerro I* Order Granting Review.

13. On November 14, 2022, BlockFi and Scratch filed their Opening Brief on the Merits in the California Supreme Court. Two weeks later, on November 28, 2022, BlockFi filed a voluntary petition for Chapter 11 bankruptcy in this Court. Case No. 22-19365 (MBK)

14. In both the California Court of Appeal and the California Supreme Court, BlockFi conceded that California has a materially greater interest than Delaware in the underlying merits of *Gerro I*. That fact favors California law in the choice of law analysis.

15. On November 29, 2022, I filed a Motion with the California Supreme Court to continue with review with respect to non-debtor Scratch only. A true and correct copy of that motion is attached hereto as Exhibit "5."

16. The next day, on November 30, 2022, the California Supreme Court sent out a form letter acknowledging the bankruptcy stay pending further guidance from this Bankruptcy Court. The letter did not rule on the merits of my motion. A true and correct copy of that letter is attached hereto as Exhibit "6."

17. On December 4, 2022, on my own accord, I proactively withdrew my motion "[i]n comity and respect for the United States Bankruptcy Court in New Jersey" so that this Court may rule upon its merits "in the first instance." A true and correct copy of the Withdrawal is attached hereto as Exhibit "7."

18. With similar comity and respect for the California state courts, I respectfully request that this Court allow *Gerro I* to continue for all purposes **except for** proceedings directly

4

involving collection, preliminary remedies, or enforcement of judgment in *Gerro I*. Said differently, I respectfully request that the California state courts be allowed to proceed against the debtor—but not the debtor's estate. Any judgment in *Gerro I* will be presented to this Court pursuant to its proof of claim procedures and subject to any confirmed plan.

19. Although Rules 3002(c)(3) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure expressly allow a proof of claim to be filed within thirty days after a final judgment is entered, I respectfully request that this Court expressly confirm that that the date to file a proof of claim relating to *Gerro I*—or a settlement thereof—be extended at least until thirty days after entry of a final judgment.

20. As another cause for relief, *Gerro I* raises novel issues of California law that should be decided by California courts in the first instance. For example, the California Court of Appeal has already decided that the forum selection clause violates California's public policy. The California Supreme Court's review serves an important function by developing California's common law jurisprudence and providing guidance for courts, businesses, and consumers. Unless relief from the stay is Granted, however, the California Supreme Court may be unable to complete its judicial function of appellate review.

21. As another cause for relief, the procedural history of the California proceedings may present inter-jurisdictional legal disputes resulting in unnecessary and duplicative litigation in the Third Circuit. Based upon the previous motion and appellate practice, I believe that a portion of the Debtor's estate—and this Court's judicial resources—will be spent re-litigating the already-decided issue of an inconvenient forum.

22. In *Gerro I*, BlockFi is represented by California counsel of the law firm Haynes and Boone, LLP, a law firms also representing BlockFi in the United States Bankruptcy Court for the District of New Jersey.

23. In *Gerro I*, Scratch is being represented by California counsel of the law firm Severson & Werson, a Professional Corporation. As a party with a particular interest in this Motion, Scratch also will be served with the Motion and its supporting papers.

24. *Gerro I* has not yet been settled, and no transfers have been made to me by any Debtors in the ninety (90) days before filing of the petition. I am not in possession of any property belonging to the debtor's estate.

25. *Gerro I* is one of three California proceedings involving myself and the Debtors, but the procedural posture of those automatically stayed proceedings has been omitted for purposes of clarity and efficiency. Relief relating to those proceedings will be requested, if at all, pursuant to a separate motion.

26. This Motion should not be construed as a waiver of any other rights as a creditor, right to a jury trial, or right to be heard on any other issue before this Court. Any core proceedings must be presented to this Court which shall retain exclusive jurisdiction thereover.

27. Even if the Motion is Granted, I agree to participate in mediation of *Gerro I* pursuant to D.N.J. LBR 9019-2.

I certify under penalty of perjury that the foregoing is true and correct. Executed in Burbank, California on December 16, 2022.

By: /s/ George Gerro<br>
George J. Gerro<br>
Creditor and Party in Interest