# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/13/2020 08:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Scott, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John M. Gerro (SBN 85900
George J. Gerro (SBN 325168)
Law Offices of Gerro & Gerro
530 S. Glenoaks Blvd. Suite 200
Burbank, CA 91502
Telephone: (818) 840-0000

Attorney for Plaintiff
George J. Gerro, Esq.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GEORGE J. GERRO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKFI LENDING LLC,<br>a Delaware Limited Liability Company;<br>SCRATCH SERVICES, LLC,<br>a Delaware Limited Liability Company;<br>and DOES 1-100<br><br>Defendants. | Case No. 20BBCV00308<br><br>FIRST AMENDED COMPLAINT<br>[Cal. Code Civ. Proc. § 472]<br><br>1) *BILL QUIA TIMET* [CAL. CIV. § 3412]<br>2) DETERMINATION OF ADVERSE<br>   CLAIMS [CAL. CIV. PROC. § 1050]<br>3) NEGLIGENCE<br>4) CAL. COM. CODE § 9207(b)(4)<br>5) CAL. COM. CODE § 9207(c)<br>6) CAL. COM. CODE § 9610(b)<br>7) CAL. COM. CODE § 9620(a)<br>8) CAL. COM. CODE § 9620(g)<br>9) CAL. COM. CODE § 1309<br>10) CONVERSION<br>11) TRESPASS TO CHATTELS<br>12) QUANTUM VALEBANT<br>13) MONEY HAD AND RECEIVED<br>14) BREACH OF CONTRACT<br><br>*Assigned to the Hon. Judge William D. Stewart*<br>*Department A, 300 E. Olive, Burbank, CA 91502*<br>*Case Management Conference:*<br>*Dept. A, Sept. 30, 2020, 8:30 am* |

GEORGE J. GERRO, on behalf of himself, and by and through his attorney, alleges as follows:

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>THE PARTIES</u>**

<u>Defendant: Blockfi Lending LLC</u>

1.      Defendant, BLOCKFI LENDING LLC ("Blockfi") is a limited liability company formed under the laws of Delaware, with its principal place of business at 150 Broadway, 19th Floor, New York, NY, 10038.  The California Secretary of State granted permission for Defendant to conduct business as a foreign entity within the State of California, as entity number 201803110036.  Since August 16, 2018, Defendant has been licensed by the California Department of Business Oversight, license number 60DBO-81955.  On information and belief, Blockfi holds no other licenses from the State of California, or its political subdivisions thereof.

2.      Blockfi's well-defined business consists of lending money for interest.  Blockfi routinely receives personal property to secure repayment of its loans.  Blockfi, as Pledgee, takes possession of personal property from borrowers, or Pledgors.  Pledged property consists primarily of "crypto-currencies" (also known as "digital currencies," or "virtual currencies.").

3.      "Crypto-currencies" are personal property, which may be possessed, transferred, and controlled by anyone who possesses the signatory "private keys."  According to Blockfi's website, "By using your crypto[-currency] as collateral, you can unlock up to 50% of the value of your assets in USD [United States Dollars]." (Blockfi.com, accessed on May 13, 2020).  For example, for every $1 that Blockfi lends, Blockfi takes possession of $2 worth of pledged property.

4.      Blockfi also lends crypto-currencies to institutional investors, who pledge crypto-currencies which are dollar-denominated (known as "stable coins") as collateral.  Blockfi accepts possession of the pledgors' crypto-currencies for the entire duration of Blockfi's loan.

5.      From origination, before any defaults, Blockfi takes possession of the pledged property.  Blockfi commingles pledged property, and loans out the pledged property.  If the pledged property earns interest, Blockfi retains all interest earned from pledged property.  Blockfi does not apply proceeds from pledged property to loan balances.  Blockfi does not hold the proceeds as additional security.  Blockfi does not account for profits from pledged property.

COMPLAINT FOR BREACH OF CONTRACT

6.      Since Blockfi lends out pledged property, Blockfi uses over-collateralized loans to increase its outstanding loan balances.  Every loan increases Blockfi's potential leverage.

7.      If exchange prices of pledged property temporarily decline, then Blockfi may sell pledged property.  If exchange prices decline fast, then Blockfi forecloses fast.

8.      This lending operation constitutes a well-established aspect of Blockfi's business.  On information and belief, Blockfi does not obtain Pawnbroker licenses as required by statute.  (CAL. FIN. CODE § 21000, *et seq.*).

### Defendant: Scratch Services, LLC

9.      Defendant, SCRATCH SERVICES, LLC ("Scratch"), is formed under the laws of the State of Delaware, with a principal place of business at 375 Alabama St., Unit 360, San Francisco, California 94110.  Scratch provides payment processing services, enabling borrowers to pay lenders.

10.     Scratch will accept loan payments through ACH (Automated Clearing House) transfers.  Borrowers pay principal and interest to Scratch, directly.  Scratch provides loan services for many different types of loans.  Blockfi utilizes Scratch as a loan servicer for its loans, and directs borrowers to use the Scratch website's payment portal.

### Plaintiff: George J. Gerro

11.     Plaintiff, GEORGE J. GERRO ("Gerro") works and lives in the City of Burbank, in the County of Los Angeles, and State of California.  At all relevant times, Plaintiff was accepting written contracts, transferring pledged property, receiving loan funds, making loan payments, communicating, and suffering injuries from his domicile.  Gerro borrows and invests for personal purposes.

### Defendants: Does 1-100

12.     Plaintiff does not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 100, inclusive, and therefore sues these defendants by fictitious names under Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 100, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that

each of the defendants named herein as Doe 1 through Doe 100, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

## JURISDICTION AND VENUE

13.     Jurisdiction is proper in the Los Angeles Superior Court because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

14.     This Court has personal jurisdiction over Defendants since they have consented to jurisdiction in the State of California, solicited business from consumers known to reside in California, purposefully availed themselves of California Law, entered into contracts accepted in California, and have minimum contacts with the State of California. (*See* CAL. CIV. PROC. CODE § 410.10).

15.     Venue is proper in this Court pursuant to CAL. CIV. PROC. CODE § 395(a) because the contracts at issue, even if void, were accepted by Plaintiff's "last act" in Los Angeles County, and Plaintiff's obligation was performed in Los Angeles County.  (3 Witkin, Cal. Proc. 5th Actions § 835 (2020) (Cal. Civ. Proc. § 395(a) encompasses actions for "restitution after rescission of a contract").  Plaintiff resides in the County of Los Angeles, and Plaintiff has chosen the Los Angeles Superior Court as the presumptively proper venue.

## FACTUAL ALLEGATIONS

16.     On September 6, 2019, Plaintiff and Blockfi's entered into a loan agreement ("First Pawn") whereby Blockfi lent Plaintiff money, and Plaintiff pledged bitcoin to Blockfi.

17.     The three Blockfi's electronic Agreements at issue contain similar provisions:

(A) Principal due in one (1) year.

(B) Interest-only monthly payments

(C) Interest rates from 9.75% to 11.25%.

(D) No prepayment penalties or lock-in provisions.

(E) Borrower pledges property worth 200% of the loan principal amount.

(F)  Delaware choice of law and permissive forum selection clauses.

(G) Security interest in the pledged property.

(H) Margin calls if the pledged property declines in value.

(I)  Liquidations of pledged property if prices decline further.

(J)  Blockfi may re-pledge (or "rehypothecate") the pledged property.

(K) Pre-signed by Blockfi's representative, and "Docusigned" by the pledgor.

18.    On September 24, 2019, Blockfi originated another loan to Plaintiff ("Second Pawn") on substantially similar terms as the first. Plaintiff pledged bitcoin to Blockfi, and commenced paying interest at a rate of 11.25%.

19.    On October 10, 2019, Plaintiff pledged additional collateral for the First Pawn.

20.    On February 12, 2020, Blockfi refinanced both loans, and consolidated them into a third loan to Plaintiff ("Third Pawn").  Plaintiff's pledged property from the First and Second Pawns constituted the pledged property for the Third Pawn.

21.    At all relevant times, Plaintiff made timely interest payments, in full, on all loans to Scratch.  Scratch administered all payments for the First, Second, and Third Pawns.

22.    On information and belief, Defendants utilized Plaintiff's pledged property to earn a profit, including but not limited to, by lending out Plaintiff's property for monetary or non-monetary proceeds.

23.    Plaintiff never consented to Defendant's lending out of his pledged property.

24.    Defendants never accounted to Plaintiff for the proceeds.

25.    Defendants never held the proceeds as additional security on behalf of Plaintiff.

26.    Defendants never applied the proceeds to Plaintiff's loan balance.

27.    Defendants never remitted monetary proceeds to Plaintiff.

28.    On March 12, 2020, the Bitcoin price declined significantly for a short period of time.  Blockfi claimed that they sold Plaintiff's collateral in three (3) separate sales.

29.    Defendants conducted such sales irregularly, arbitrarily, and unreasonably.

30.    Defendants did not accelerate the Third Pawn's loan principal in good faith.

31.    Defendants never obtained Plaintiff's consent to sell Plaintiff's assets.

32.    Defendant's notice was unreasonable.

33.    Blockfi provided Plaintiff with inaccurate, misleading, and untimely information.

34.    On March 17, 2020, Plaintiff directed Blockfi to pay off the remaining loan balance, which was a small fraction of the original loan balance.

35.    On March 19, 2020, Defendants emailed Plaintiff a written offer for Plaintiff to re-purchase the bitcoin which was pledged for the Third Pawn.

36.    On March 24, 2020, Plaintiff informed Defendants that he was interested in accepting Defendant's offer, and was seeking financing in order to perform.

37.    On March 24, 2020, Defendant emailed Plaintiff, renewing the offer to sell bitcoin, and specifying the formula to calculate the proportion of the purchase price to be paid in cash, with the remainder of the purchase price to be seller-financed, secured by a security interest in the bitcoin, to remain in Defendant's possession as collateral until the security interest is extinguished.

38.    On April 27, 2020, Plaintiff unequivocally accepted Defendant's offer in a writing, via email, and tendered the cash portion of the purchase price.

39.    After Defendants attempted to renegotiate the contract price, Defendants repudiated their performance under the contract.  Defendant offered conflicting, undisclosed, subjective reasons for breaching the contract, none of which are legally justified.

40.    Plaintiff demanded that Defendant perform in accordance with the terms of the contract.

41.    Defendants failed to perform, and Plaintiff was unable to replace the pledged property on the terms offered by Defendants.

COMPLAINT FOR BREACH OF CONTRACT

**FIRST CAUSE OF ACTION**

(Against All Defendants)

*BILL QUIA TIMET* [CAL. CIV. § 3412]

42.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 41 hereof, as if fully set forth herein.

43.     Blockfi is "engaged in the business of receiving goods… in pledge as security for a loan" on a routine basis with borrowers in the State of California.

44.     Blockfi knew or should have known about its violations of California's Pawnbroker Laws, licensing and regulatory regime. (CAL. FIN. CODE § 21000, *et seq*.).

45.     Unlicensed pawning, conducted on a regular basis, is unlawful and punishable as a misdemeanor. (CAL. FIN. CODE § 21300.1).

46.     As an unlicensed pawnbroker, the First, Second, and Third Pawn agreements are void as against public policy.  (*Levison v. Boas* (1907) 150 Cal. 185).

47.     Plaintiff has a reasonable apprehension that Delaware choice-of-law and forum selection clauses in the First, Second, and Third Pawn agreements may still appear to be contained in an enforceable written instrument.

48.     Defendants may attempt to be enforce the Delaware clause, causing serious damage to Plaintiff, California Consumers, and California Public Policy.

49.     Plaintiff requests that the First, Second, and Third Pawn electronic agreements, being void or voidable, are ordered to be delivered up or canceled.

**SECOND CAUSE OF ACTION**

(Against All Defendants)

DETERMINATION OF ADVERSE CLAIMS [CAL. CIV. PROC. § 1050]

50.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 42 through 49 hereof, as if fully set forth herein.

51.     Although Plaintiff transferred possession of the pledged property to Blockfi, Plaintiff retained title to the pledged property. (CAL. FIN. CODE § 21002).

52.     Blockfi failed to satisfy the statutory requirements for title to transfer to it under California Law. (CAL. FIN. CODE § 21201).

53.     Blockfi sold Plaintiff's pledged property in violation of California Law, constituting a misdemeanor.  (CAL. FIN. CODE § 21201(g)).

54.     Blockfi's did not have actual authority of Plaintiff to sell Plaintiff's property.

55.     Blockfi was required to provide Plaintiff with a minimum of a four (4) month loan term, during which time the Plaintiff's had a statutory right of redemption. (CAL. FIN. CODE § 21201(a, c)).

56.     Plaintiff's title to his pledged property is superior to Blockfi's adverse claim.

## THIRD CAUSE OF ACTION

(Against Blockfi Lending LLC)

NEGLIGENCE

57.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 50 through 56 hereof, as if fully set forth herein.

58.     Blockfi owed a duty to Plaintiff to act as a reasonably prudent person would under similar circumstances.

59.     Blockfi violated that standard of care by failing to obtain a pawnbroker license, the statutory scheme of which intends to protect pledgors such as Plaintiff.  (CAL. FIN. CODE §§ 21300.1, 21307).

60.     Blockfi's failure to act with ordinary care was a significant factor in causing Plaintiff harm.

61.     Blockfi's failure to obtain a pawnbroker license and comply with the regulations thereof was willful or grossly negligent.

## FOURTH CAUSE OF ACTION

(Against Blockfi Lending LLC)

CAL. COM. CODE § 9207(b)(4)

62.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 57 through 61 hereof, as if fully set forth herein.

63.     To the extent that Blockfi had a security interest, if any, Blockfi was governed by California's Uniform Commercial Code — Secured Transactions. (CAL. COM. CODE § 9101, *et seq*.).

64.     Pursuant to CAL. COM. CODE § 9602(1), CAL. COM. CODE § 9207(b)(4)(c) is unwaivable.

65.     CAL. COM. CODE § 9207(b)(4) provides that Blockfi cannot use consumer goods in any manner except to preserve the collateral or its value, or pursuant to court order.

66.     Blockfi used Plaintiffs collateral in a manner that is disallowed.

67.     Plaintiff's collateral constituted consumer goods within the meaning of California Law.

### FIFTH CAUSE OF ACTION

(Against Blockfi Lending LLC)

CAL. COM. CODE § 9207(c)

68.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 62 through 67 hereof, as if fully set forth herein.

69.     To the extent that Blockfi had a security interest, if any, Blockfi was governed by California's Uniform Commercial Code — Secured Transactions. (CAL. COM. CODE § 9101, *et seq*.).

70.     CAL. COM. CODE § 9207(c) provides that proceeds from Plaintiff's pledged property must be either: held as additional security in Plaintiff's favor, if non-monetary proceeds; and applied towards Plaintiffs loan balance, or remitted to Plaintiff, if non-monetary.

71.     Blockfi failed to hold any non-monetary proceeds as additional collateral in favor of Plaintiff.

72.     Blockfi failed to reduce the loan principal, or remit to Plaintiff, any monetary proceeds from Plaintiff's collateral.

73.     Plaintiff is entitled to a proportional share of monetary and non-monetary proceeds derived by Blockfi in general, in proportion to the total amount of pledged property held by Blockfi, to the extent that the proceeds cannot be traced to Plaintiff's collateral.

1

## SIXTH CAUSE OF ACTION

2

(Against Blockfi Lending LLC)

3

CAL. COM. CODE § 9610(b)

4    74.    Plaintiff incorporates by this reference each and all of the allegations contained

5    in Paragraphs 68 through 73 hereof, as if fully set forth herein.

6    75.    Pursuant to CAL. COM. CODE § 9602(7), CAL. COM. CODE § 9610(b) is

7    unwaivable.

8    76.    According to CAL. COM. CODE § 9610(b), "Every aspect of a disposition of

9    collateral, including the method, manner, time, place, and other terms, must be commercially

10    reasonable."

11    77.    To the extent that a sale was lawful, Blockfi failed to dispose of Plaintiff's

12    property in a commercially reasonable manner.

13

## SEVENTH CAUSE OF ACTION

14

(Against Blockfi Lending LLC)

15

CAL. COM. CODE § 9620(a)

16    78.    Plaintiff incorporates by this reference each and all of the allegations contained

17    in Paragraphs 74 through 77 hereof, as if fully set forth herein.

18    79.    Pursuant to CAL. COM. CODE § 9602(10), CAL. COM. CODE § 9620(a) is

19    unwaivable.

20    80.    Defendant did not obtain consent of Plaintiff to accept his collateral in partial

21    satisfaction of Plaintiff's debt.

22    81.    Defendant provided no notification that Defendant intended to accept Plaintiff's

23    collateral in satisfaction of his obligation.

24    82.    Defendants accepted Plaintiff's collateral in satisfaction of his debt in violation

25    of California Law.

26    83.    Plaintiff would not have consented if he was aware of Defendant's arraignment.

27    84.    Plaintiff would have objected if he was provided with a notice under CAL. COM.

28    CODE § 9620(a).

COMPLAINT FOR BREACH OF CONTRACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH CAUSE OF ACTION**

(Against Blockfi Lending LLC)

CAL. COM. CODE § 9620(g)

85.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 78 through 84 hereof, as if fully set forth herein.

86.    Pursuant to CAL. COM. CODE § 9602(10), CAL. COM. CODE § 9620(g) is unwaivable.

87.    Defendant accepted Plaintiff's collateral in a consumer good transaction.

88.    Defendant accepted Plaintiff's collateral in three separate partial satisfactions.

**NINTH CAUSE OF ACTION**

(Against Blockfi Lending LLC)

CAL. COM. CODE § 1309

89.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 85 through 88 hereof, as if fully set forth herein.

90.    Provisions within the First, Second, and Third Pawn were "words of similar import" to an insecurity clause as contemplated by CAL. COM. CODE § 1309.

91.    Defendants did not exercise the acceleration clauses in good faith, since they believed that the price fluctuation was temporary and did not reflect the fair value of bitcoin.

92.    Defendants exercised their rights, if any, in violation of the limitations that they exercise all of their rights in good faith.

**TENTH CAUSE OF ACTION**

(Against Blockfi Lending LLC)

CONVERSION

93.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 89 through 92 hereof, as if fully set forth herein.

94.    Plaintiff owned and had fee title to the pledged property.

95.    Defendants interfered with Plaintiff's ownership by conveying the pledged property to a third party, in violation of statutory, common law, and contractual protections of Plaintiff's property.

96.    Defendant's interference was knowing and intentional, since they intended to disown Plaintiff from his own property, by conveyance to a third party.

97.    Plaintiff demanded return of the property upon restoration of benefits to Defendants.

98.    Defendant's interference caused Plaintiff injury, damage, loss and harm.

## ELEVENTH CAUSE OF ACTION

(Against Blockfi Lending LLC)

TRESPASS TO CHATTELS

99.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 93 through 98 hereof, as if fully set forth herein.

100.    Plaintiff owned and had fee title to the pledged property.

101.    Defendants interfered with Plaintiff's ownership by intermeddling with his property, right to redemption, and Plaintiff has been deprived of the market price appreciation since the time of the intermeddling.

102.    Defendant acted while knowing of Plaintiff's statutory right of redemption.

103.    Defendant has prevented Plaintiff from access to his property in defiance of his four (4) month right of redemption.

104.    Defendant's intermeddling caused Plaintiff injury, damage, loss and harm.

## TWELVTH CAUSE OF ACTION

(Against Blockfi Lending LLC)

QUANTUM VALEBANT

105.    Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 99 through 104 hereof, as if fully set forth herein.

106.    Defendant continues to hold Plaintiff's property under color of a void contract.

107.   Plaintiff has suffered a loss, and Defendant has suffered a benefit, to the extent of Plaintiff's property's market value as of trial.

108.   Plaintiff acted pursuant to an explicit request by Defendant to send the pledged property to a source which they control.

109.   Defendants further benefitted from the interest on Plaintiff's assets, which accrued upon the assets, resulting in net profits to Defendants.

110.   Plaintiff and Defendant acted pursuant to an implicit understanding, in the absence of a contract, that the property would be restored to Plaintiff eventually.

## THIRTEENTH CAUSE OF ACTION

(Against Scratch Services LLC)

COMMON COUNT - MONEY HAD AND RECEIVED

111.   Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 105 through 110 hereof, as if fully set forth herein.

112.   Plaintiff sent interest payments to Scratch Services LLC, pursuant to a void contract.

113.   All payments should be restored to Plaintiff, because they were sent to Defendant for Plaintiff's benefit.

114.   Since Defendant has not returned Plaintiff's money, Defendant owes Plaintiff the amount of all payments made on account of a void loan.

## FOURTEENTH CAUSE OF ACTION

(Against All Defendants)

BREACH OF CONTRACT

115.   Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 111 through 114 hereof, as if fully set forth herein.

116.   Subsequent to the unlawful sales of Plaintiff's property, Defendant offered to sell Plaintiff's property back to Plaintiff, to "reverse" the transactions.

117.   Plaintiff's electronic acceptance created a legally binding contract.  (CAL. COM. CODE § 2204).

118.    Plaintiff tendered performance and satisfied all conditions precedent to Defendant's performance.

119.    Plaintiff justifiably relied upon Defendant's offer, thereby obtaining financing to complete the deal proposed by Defendant.

120.    Plaintiff was excused from having to pay, since Defendant refused Plaintiff's tender, and expressly repudiated their obligation under the contract.

121.    Plaintiff's tender would result in a loan to value ratio of no greater than 60%, as specified by Defendant.

122.    Defendant failed to deliver the goods as required by the contract, and offered no legally valid excuse for non-performance.

123.    Defendant repudiated the contract, and failed to perform upon Plaintiff's demand for performance.

124.    Plaintiff was harmed, and was unable to cover upon similar terms.

125.    Defendant's breach of contract was a substantial factor in causing Plaintiff's harm.

126.    As a result of Defendant's breach of contract, Plaintiff seeks equitable relief in the form of specific performance, or in the alternative, for damages to be calculated at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff George J. Gerro prays for a judgment against Defendant Blockfi Lending LLC, and any other Defendants as follows:

1.  For Cancellation of the First, Second, and Third Pawn electronic agreements in their entirety.

2.  For a decree of specific delivery of the pledged property to Plaintiff, conditioned upon restoration of the benefit. (CAL. CIV. CODE § 3380).

3.  For a return of $121,559.54 of interest payments plus any loan origination fees.

4.  For an award of general damages for breach of contract in an amount of $1,000,000.

COMPLAINT FOR BREACH OF CONTRACT

5. For all net proceeds that Defendants have earned upon the pledged property, or the proportional net proceeds from a commingled fund thereof.

6. For an accounting of all profits earned from Plaintiff's pledged property.

7. For pre-judgment interest.

8. For an award of costs and fees; and

9. For any and all other relief the Court deems just and proper.

Dated: May 13, 2020                    The Law Offices of Gerro & Gerro


By: _____
     George J. Gerro
     The Law Offices Of Gerro & Gerro

COMPLAINT FOR BREACH OF CONTRACT