# EXHIBIT 5

**S275530**

# IN THE SUPREME COURT OF CALIFORNIA

**GEORGE J. GERRO,** Plaintiff and Appellant,

v.

**BLOCKFI LENDING, LLC, et al.,** Defendants and Respondents.

AND CONSOLIDATED APPEAL

REVIEW OF A CONSOLIDATED DECISION BY THE COURT OF APPEAL, SECOND APPELLATE DISCRICT, DIVISION ONE, CASE NOS. B307156 & B312647, 20BBCV00308 & 20STCV31493, HON. WILLIAM STEWART, JUDGE

**MOTION OF PLAINTIFF AND APPELLANT GEORGE J. GERRO TO DISMISS REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GEORGE J. GERRO IN SUPPORT THEREOF; [PROPOSED] ORDER**

**(Filed Concurrently with Request for Judicial Notice)**

**GERRO & GERRO**
George J. Gerro* (SBN 325168)
John M. Gerro (SBN 85900)
530 S. Glenoaks Blvd., Suite 200
Burbank, CA 91502
Tel: (818) 840-0000
George@GerroLaw.com

*Attorneys for Plaintiff-Appellant George J. Gerro*

Document received by the CA Supreme Court.

1

## MOTION OF PLAINTIFF AND APPELLANT
## GEORGE J. GERRO TO DISMISS REVIEW

Pursuant to California Rules of Court, rule 8.528(b)(1), Plaintiff and Appellant George J. Gerro ("Gerro") moves this Court to, either: (1) dismiss review as to Bankrupted Defendants and Respondents, BlockFi Lending LLC and BlockFi, Inc., (collectively, "BlockFi"), while proceeding with review as to Defendant and Respondent Scratch Services LLC ("Scratch"); or, (2) in the alternative, to dismiss review in its entirety.

This Motion is made upon the following grounds. On June 14, 2022, the California Court of Appeal held this case should proceed in California, to protect Gerro's constitutional right to a jury trial. On September 14, 2022, this Court granted review in this case to decide: "Did the Court of Appeal correctly hold that this action must remain in California despite the contractual forum selection clause?"

On November 14, 2022, BlockFi and Scratch jointly filed their Opening Brief on the Merits. However, on November 28, 2022, BlockFi filed Chapter 11 bankruptcy in the United States Bankruptcy Court of New Jersey. (Request for Judicial Notice; *In re BlockFi Lending LLC* (Bankr. D.N.J. Case No. 22-19361-MBK); *In re BlockFi Inc.* (Bankr. D.N.J. Case No. 22-19365-MBK).)

For the reasons stated in the attached Memorandum, federal law currently prevents this Court from proceeding against BlockFi, but not against Scratch. As a matter of law, there is no automatic stay as to non-debtor Scratch. (*Higgins v. Superior*

Document received by the CA Supreme Court.

2

*Court* (2017) 15 Cal.App.5th 973, 979-980.)  Since this Court's review does not require the BlockFi debtors, this Court should proceed with its review with respect to Gerro and Scratch.

California Rules of Court, rule 8.528(b)(1) states that this Court "may dismiss review" "for a variety of . . . reasons," by "an order that says simply that 'review is dismissed.' " (*Id*., at com. foll. rule 8.528(b).)  Gerro respectfully moves this Court to dismiss review as to the BlockFi debtors only, so this Court may proceed with review as to Scratch and Gerro.  This dismissal will obey the automatic stay while achieving this Court's original reasons for granting review.

                              Respectfully Submitted.
                              GERRO & GERRO

Date: November 29, 2022      By: /s/ George Gerro
                              _____
                              George J. Gerro
                              Attorney, Plaintiff and Appellant

Document received by the CA Supreme Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *I.     Introduction*

This Court granted review to decide an important question of state law: whether a forum selection clause must be enforced irrespective of a California's unwaivable statutory rights, including the constitutional right to a jury trial.

A singular Petition for Review, Reply, and Opening Brief on the Merits has already been filed by Defendants and Respondents BlockFi Lending LLC and BlockFi Inc. (collectively, "BlockFi") and Defendant and Respondent Scratch Services LLC ("Scratch"). However, BlockFi's intervening bankruptcy has frustrated this Court's ability to "secure uniformity of decision or to settle an important question of law." (Cal. Rules of Court, Rule 8.500(b)(1).)

Plaintiff and Appellant George J. Gerro ("Gerro") suggests a simple solution to the problem: dismiss the BlockFi debtors and decide the case as to the non-debtors on both sides: Scratch and Gerro. Otherwise, this Court should consider dismissing review in its entirety to uphold Gerro's right to a jury trial.

### *II.     Procedural Posture*

Gerro commenced the underlying action in March 2020, to recover possession of his bitcoin from Defendant and Respondent BlockFi Lending LLC. (See First Amended Complaint, *Gerro v. BlockFi Lending LLC, et al.* (Super Ct. L.A. County, Case No. 20BBCV00308, filed March 8, 2020) (Cal. Ct. App., Second District, Div. 1, Case No. B307156, nonpub. op. filed June 14, 2022, review granted September 14, 2022) ["*Gerro I*"].) *Gerro I*

Document received by the CA Supreme Court.

alleged, *inter alia*, that BlockFi Lending LLC violates its California Finance Lender License (No. 60DBO-81955), and acts as an unlicensed pawnbroker, by using, possessing, and declaring forfeitures of bitcoin securing its loans to California consumers, such as Gerro. (See Fin. Code, §§ 22009 [defining " 'Finance lender' "]; *id*., at § 21000 [defining "pawnbroker"]).

BlockFi Lending LLC and Scratch (the only named defendants in *Gerro I*) sought to enforce the same Delaware forum selection clause against Gerro. (*Gerro I*, supra, 2022 WL 2128000, at p. *2). Gerro opposed the motion, arguing "his causes of action were based on fundamental California public policy and unwaivable statutory rights that would be diminished in Delaware, including those under . . . the [California Financing Law (Fin. Code, § 22000 et seq.)]; and California's pawnbroker statutes (Fin. Code, § 21000 et seq.)." (*Gerro I*, supra, 2022 WL 2128000, at p. *3).

"The trial court determined that although Scratch was not a signatory to the loan agreements, it could enforce the forum selection clause because its conduct was closely related to the contractual relationship." (*Gerro I*, supra, 2022 WL 2128000, at p. *3, fn. 2). "Gerro [did] not challenge this finding on appeal," because the forum selection clause was unenforceable by either BlockFi or Scratch, for violating California's public policy. (Id., at p. *2).

On June 14, 2022, the Court of Appeal held the forum selection clause, that also contains a pre-dispute jury trial waiver, was unenforceable for diminishing Gerro's constitutional

Document received by the CA Supreme Court.

5

right to a jury trial. (*Gerro I*, supra, 2022 WL 2128000, at pp. *7-*10.) Accordingly, the Court of Appeal did not need to reach all of Gerro's unwaivable rights (*ibid.*, at page *9, footnote 10) which would also prevent enforcement of the forum selection clause. For example, Gerro asserts fundamental statutory rights under the California Financing Law that cannot be waived, avoided, or evaded. (Fin. Code, § 22324 [unavoidable; unevadable]; Cal. Code Regs., tit. 10, § 1408 [unwaivable]; *Brack v. Omni Loan Co. Ltd.*, 164 Cal.App.4th 1312, 1320 [fundamental public policy].)

On September 14, 2022, BlockFi and Scratch petitioned for review. As in the Superior Court and Court of Appeal below, Scratch joined BlockFi at every procedural step. In this Court, Scratch's counsel signed the Petition for Review, Reply in support thereof, and the Opening Brief on the Merits. Gerro's Answer Brief on the Merits is currently due on January 13, 2022.

On November 10, 2022, Defendants and Respondents requested an eight (8) day extension of time to file their Opening Brief on the Merits. At no time did BlockFi notify this Court, or Gerro, of its forthcoming intent to file bankruptcy notwithstanding its preparedness. (See *In re BlockFi Lending LLC* (Bankr. D.N.J. Case No. 22-19361-MBK); *In re BlockFi Inc.* (Bankr. D.N.J. Case No. 22-19365-MBK).)

On November 28, 2022, Defendants and Respondents BlockFi Lending LLC and BlockFi Inc. filed voluntary petitions for bankruptcy under Chapter 11 of the federal Bankruptcy Law. (See Gerro's Request for Judicial Notice filed concurrently.)

Document received by the CA Supreme Court.

### *III.   Legal Standard*

The filing of a voluntary bankruptcy petition stays the "continuation . . . of a judicial . . . action or proceeding against the debtor." (11 U.S.C. § 362, subd. (a)(1).)  The stay continues for the pendency of the bankruptcy case, unless and until the federal court grants relief from the stay.  (11 U.S.C. § 362, subds. (c-d).) The policy behind this automatic stay "is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors." (*Shah v. Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1375.)

"The automatic stay is applicable at both the trial and appellate levels.  [Citation.]  Moreover, whether an action is 'against the debtor' within the meaning of section 362(a)(1) is determined by the debtor's status at the inception of the action; regardless whether the debtor is the appellant or the respondent." (*Shah*, supra, 44 Cal.App.4th at pp. 1377-1378 [collecting cases]; *Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 333 [majority rule].)  Thus, this Court's continuation of proceedings as to BlockFi has been stayed by operation of law.

Importantly, the stay does not apply to a continuation of proceedings against non-debtor Scratch, "because 'the automatic stay protects only the *debtor*,' [and] **the 'bankruptcy of one defendant in a multidefendant case does not stay the case as to the remaining defendants**.' " (*Higgins v. Superior Court*

Document received by the CA Supreme Court.

7

(2017) 15 Cal.App.5th 973, 979-980, italics original and emphasis added [citing Rutter].)

Due to the procedural posture in this case, the issue presented for review by BlockFi and Scratch are the same. Thus, this Court may proceed as to Scratch. Neither Scratch nor Gerro have filed bankruptcy. Furthermore, Scratch has indicated a consistent intent to prosecute this appeal by and through its counsel, Severson and Werson APC. There is no reason to believe that Scratch is unable to present oral argument or an optional Reply Brief on the Merits. (See Cal. Rules of Court, rule 8.520(a)(3).)

## IV.  *Conclusion*

The Bankruptcy Law's automatic stay prevents this Court from proceeding as to debtors Defendants and Respondents BlockFi Lending LLC and BlockFi Inc.; however, the automatic stay does not prevent this Court from deciding the appeal as to Defendant and Respondent Scratch Services LLC or Plaintiff and Appellant George J. Gerro. Accordingly, Gerro respectfully suggests that this Court dismiss review as to the BlockFi entities, and proceed to the merits. Alternatively, out of an abundance of caution, this Court may dismiss review in its entirety, to honor the Court of Appeal's protection of California's public policy.

Respectfully Submitted.
GERRO & GERRO

Date: November 29, 2022    By: /s/ George Gerro
George J. Gerro
Attorney, Plaintiff and Appellant

Document received by the CA Supreme Court.

8

## DECLARATION OF GEORGE J. GERRO

I, George J. Gerro, declare as follows:

1. I am an attorney duly licensed to practice law in California, and in good standing with the State Bar of California. I live and work in Burbank, California, where I practice real estate law with my father, John M. Gerro.

2. In this case, I am the Plaintiff and Appellant.

3. In March 2020, I commenced this action in the Burbank Courthouse to recover possession of my bitcoin from Defendant and Respondent BlockFi Lending LLC. (*Gerro v. BlockFi Lending LLC, et al.* (Super Ct. L.A. County, Case No. 20BBCV00308, filed March 8, 2020) (Cal. Ct. App., Second District, Div. 1, Case No. B307156, nonpub. op. filed June 14, 2022, review granted September 14, 2022) ["*Gerro I*"].)

4. *Gerro I*'s gravamen alleged that BlockFi Lending LLC violates the terms of its California Finance Lender License (No. 60DBO-81955)—acting instead as an unlicensed pawnbroker—by using, possessing, and declaring forfeitures of bitcoin securing its loans to California consumers, such as Gerro. (See Fin. Code, §§ 22009, 21000).

5. In the trial court and appellate court, Defendants and Respondents BlockFi Lending LLC and Scratch Services LLC attempted to enforce the same exact Delaware forum selection clause; however, the California Court of Appeal held that the clause violates California's public policy, by diminishing my unwaivable statutory rights under California law. (*Gerro I*, supra, 2022 WL 2128000, at pp. *7-*10.)

Document received by the CA Supreme Court.

9

6. Although the Court of Appeal focused on my constitutional right to a jury trial, and so refrained from reaching my other unwaivable rights. Yet, I have other unwaivable statutory rights under California law that likewise cannot be waived, avoided, or evaded. (Fin. Code, § 22324; Cal. Code Regs., tit. 10, § 1408; *Brack v. Omni Loan Co. Ltd.*, 164 Cal.App.4th 1312, 1320.)

7. In my Answer to Petition for Review, I argued that "As a consequence of its licensing violations, BlockFi's consumer borrowers are *net-creditors* of BlockFi. The public of California will suffer serious financial harm if BlockFi fails to return their collateral for any reason, including but not limited to, theft negligence, cyber-hacks, market crashes, or even **bankruptcy**." (*Id.*, at pp. 8-9, italics original, emphasis added and citations omitted.)

8. On November 28, 2022, the bankruptcy risk materialized when BlockFi filed a voluntary petition for bankruptcy under Chapter 11 of the federal Bankruptcy Law.

9. On November 10, 2022, Defendants and Respondents requested an eight (8) day extension of time to file their Opening Brief on the Merits. At that time, BlockFi did not notify me or this Court of its forthcoming intent to file bankruptcy, even though BlockFi filed multiple motions along with a Chapter 11 plan concurrently with its voluntary petition on November 28, 2022 in the New Jersey federal bankruptcy court. (See *In re BlockFi Lending LLC* (Bankr. D.N.J. Case No. 22-19361-MBK); *In re BlockFi Inc.* (Bankr. D.N.J. Case No. 22-19365-MBK).)

Document received by the CA Supreme Court.

10. My Answer Brief on the Merits is currently due on January 13, 2023.

11. Unless this Motion is granted, I cannot guarantee that I have the power to file an Answer Brief on the Merits.

12. If this Court grants the Motion, then I believe review with respect to Scratch will not violate the automatic stay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of November, 2022, in Burbank, California.

By: /s/ George Gerro
George J. Gerro

Document received by the CA Supreme Court.

# [PROPOSED] ORDER

Court of Appeal, Second Appellate District, Division One
Case Nos. B307156, B312647

S275530

## IN THE SUPREME COURT OF CALIFORNIA

GEORGE J. GERRO, Plaintiff and Appellant,

v.

BLOCKFI LENDING, LLC, et al., Defendants and Respondents

AND CONSOLIDATED CASE

On the motion of plaintiff and appellant and good cause appearing, it is ordered that review is dismissed as to Defendants and Respondents BlockFi Lending LLC and BlockFi, Inc. only.

_____

*Chief Justice*

Document received by the CA Supreme Court.

# PROOF OF SERVICE

*GERRO V. BLOCKFI LENDING LLC, ET AL.*
California Supreme Court Case No.: S275530
Court of Appeal, Second Appellate District, Division One,
Case Nos. B307156/B312647
County of Los Angeles, Case Nos. 20BBCV00308/20STCV31493

I, Ethan Poytress, declare that I am not a party to the action, am over 18 years of age, and my business address is 530 S. Glenoaks Blvd., Suite 200, Burbank, CA 91502, Ethan@GerroLaw.com.

On November 29, 2022, I served a copy of the attached document:

**MOTION OF PLAINTIFF AND APPELLANT GEORGE J. GERRO TO DISMISS REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GEORGE J. GERRO IN SUPPORT THEREOF; [PROPOSED] ORDER**

upon the recipients in the Attached Service List, in the designated manner, before electronically filing with the Office of the Clerk of the Supreme Court of California, 350 McAllister Street, Room 1295 San Francisco, California 94102-4797.

I declare under penalty of perjury of the laws of California that the foregoing is true and correct. Executed on November 29, 2022 in Burbank, California.

Signed: /s/    Ethan Poytress

Document received by the CA Supreme Court.

**Service List**

| | |
|---|---|
| HAYNES AND BOONE, LLP<br>David B. Clark (#275204)<br>Marco A. Pulido (#308074)<br>600 Anton Boulevard, Suite 700<br>Costa Mesa, CA 92626<br>Tel: (949) 202-3000<br>Fax: (949) 202-3001<br>david.clark@haynesboone.com<br>marco.pulido@haynesboone.com | *Attorneys for Defendants and Respondents BlockFi Lending LLC and BlockFi Inc.*<br><br>*Via TrueFiling* |
| BENJAMIN L. MESCHES (*pro hac vice*)<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>Tel: (214) 651-5234<br>Fax: (214) 200-0913<br>benjamin.mesches@haynesboone.com | *Attorneys for Defendants and Respondents BlockFi Lending LLC and BlockFi Inc.*<br><br>*Via TrueFiling* |
| SEVERSON & WERSON<br>A Professional Corporation<br>Jan T. Chilton (#47582)<br>595 Market Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: (415) 667-5603<br>Fax: (415) 956-0439<br>jtc@severson.com | *Attorneys for Defendant and Respondent Scratch Services, LLC*<br><br>*Via TrueFiling* |
| Scott J. Hyman (#148709)<br>19100 Von Karman Avenue, #700<br>Irvine, CA 92612<br>Tel: (949) 442-7110<br>Fax: (949) 442-7118<br>sjh@severson.com | *Attorneys for Defendant and Respondent Scratch Services, LLC*<br><br>*Via TrueFiling* |
| Seth Edward Mermin, Esq.<br>UC BERKELEY SCHOOL OF LAW<br>308 Law Building<br>Berkeley, California 94720-7200<br>TMermin@law.berkeley.edu | *Attorney for Publication Requestor, Center for Consumer Law and Economic Justice*<br><br>*Via TrueFiling* |

Document received by the CA Supreme Court.