| | |
|---|---|
| UNITED STATES BANKRTUPCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GORSKI & KNOWLTON PC**<br>Carol L. Knowlton (NJ Bar No. 017501981)<br>311 Whitehorse Avenue, Suite A<br>Hamilton, New Jersey 08610<br><br>*Attorneys for Creditor and Party in Interest*<br>*George J. Gerro* | |
| In Re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>Debtors. | Case No.:  22-19361 (MBK)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: January 9, 2023, 10:00 a.m.<br><br>Judge:  The Honorable Michael B. Kaplan |

**ORDER**
**GRANTING THE MOTION OF GEORGE J. GERRO FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3003(c)(3))**

---

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

United States Bankruptcy Judge Michael B. Kaplan

---

[1] The relevant Debtors in these jointly administered Chapter 11 cases, along with the last four digits of each corresponding federal tax identification number, are BlockFi Inc. (0015); BlockFi Trading LLC (2487); and BlockFi Lending LLC (5017).

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING GEORGE J. GERRO'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3003(c)(3)) |

Upon George J. Gerro's *Motion for Entry of an Order (I) Granting Partial Relief from the Automatic Stay (11 U.S.C. §§ 362(d)(1)) and Discharge Injunction (11 U.S.C. § 524(a)) with Respect to Certain Non-Core Proceedings; and (II) Extending Time to File a Proof of Claim (F.R.B.P. 3003(c)(3))* ("Motion"); and the Court having Jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court's Standing Order 12-1, *Standing Order of Reference to the Bankruptcy Court Under Title 11*, originally issued on July 23, 1984, and amended on September 18, 2012, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on January 9, 2023, at 10:00 a.m. in the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Courtroom Number 8, Trenton, New Jersey 08608; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING GEORGE J. GERRO'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3003(c)(3)) |

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is **GRANTED** as set forth herein.

2.  Under United States Code, Title 11, Section 362, subsection (d)(1), this Court grants relief from the automatic stay for judicial proceedings—**except for** proceedings directly involving any collection, preliminary remedies, or enforcement of judgment—in the case of *Gerro v. BlockFi Lending LLC, et al.* (California Superior Court for the County of Los Angeles, Case No. 20BBCV00308; California Court of Appeal Case No. B307156; California Supreme Court, Case No. S275530) ("*Gerro I*").

3.  This Court Grants relief from the provisions of United States Code, Title 11, section 524, subsection (a), for all judicial proceedings—**except for** proceedings directly involving any collection, preliminary remedies, or enforcement of judgment —in the case of *Gerro I*.

4.  This Court Grants an extension of time, as authorized by Federal Rules of Bankruptcy Procedure Rules 3003(c)(3) and 3002(c)(3), for George J. Gerro to file a proof of claim for the claims embraced in *Gerro I*—whether by judgment or settlement—until thirty (30) days after entry of final judgment in *Gerro I*.

5.  This Court shall retain exclusive jurisdiction to decide any and all core proceedings arising under, or arising in, this Title 11 case.

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING GEORGE J. GERRO'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3003(c)(3)) |

6. Notwithstanding this Order, this Court may refer *Gerro I* to mediation under D.N.J. LBR 9019-2.

7. This Order shall not impair any rights of the *Gerro I* parties, otherwise established by the United States Code, Federal Rules of Bankruptcy Procedure, or Court Order, including but not limited to the right to be heard, vote, object, participate in proceedings, serve on a committee, commence or defend an adversary proceeding, file a proof of claim, or settle a claim.

8. This Order shall be effective fourteen (14) days after its entry. (FRBP 4001(a)(3).)

9. After this Order becomes effective, the California Supreme Court, California Court of Appeal, and California Superior Court may resume proceedings.

10. If the California Supreme Court holds that the Delaware forum selection clause in *Gerro I* may be enforced, then Gerro may continue judicial proceedings in Delaware courts to the same extent, and on the same terms, upon which *Gerro I* may proceed in California under this Order.

11. Any judgment against BlockFi in *Gerro I* may be presented to this Court, by proof of claim, subject to any objection or confirmed plan.

12. Any judgment against a non-debtor may be collected or enforced against a non-debtor in accordance with applicable state law.

13. This Court shall retain jurisdiction to interpret, modify, or enforce this Order.

4