**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><div align="right">Debtors.[1]</div> | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered<br>**Hearing Date: January 9, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: January 2, 2023**<br>**Oral Argument Waived Unless Objections Timely Filed** |

<div align="center">

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

</div>

**PLEASE TAKE NOTICE** that on January 9, 2022 at 10:00 a.m. (ET), or as soon

thereafter as counsel may be heard, the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), by and through their undersigned proposed counsel, shall

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith, establishing procedures for the rejection of executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First Day Motions* and the *Declaration of Mark A. Renzi in Support of Debtors' Second Day Motions*, which set forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Application is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing Signing, and Verification of Documents* dated March 27, 2002 (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official

website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General

Order and the Supplemental Commentary, so as to be received no later than seven (7) days

before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely and

properly filed and served, the Motion shall be decided on the papers in accordance with

D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or

hearing.

Dated: December 19, 2022          /s/ *Michael D. Sirota*

> **COLE SCHOTZ P.C.**
> Michael D. Sirota, Esq. (NJ Bar No. 014321986)
> Warren A. Usatine, Esq. (NJ Bar No. 025881995)
> Court Plaza North, 25 Main Street
> Hackensack, New Jersey 07601
> (201) 489-3000
> msirota@coleschotz.com
> wusatine@coleschotz.com
>
> **KIRKLAND & ELLIS LLP**
> **KIRKLAND & ELLIS INTERNATIONAL LLP**
> Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
> Christine A. Okike, P.C. (admitted *pro hac vice*)
> 601 Lexington Avenue
> New York, New York 10022
> (212) 446-4800
> jsussberg@kirkland.com
> christine.okike@kirkland.com
>
> **HAYNES AND BOONE, LLP**
> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
> Kenric D. Kattner, Esq. (admitted *pro hac vice*)
> 30 Rockefeller Plaza, 26th Floor
> New York, New York 10112
> (212) 659-7300
> richard.kanowitz@haynesboone.com
> kenric.kattner@haynesboone.com
>
> *Proposed Attorneys for Debtors and*
> *Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TO:       THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, the "<u>Debtors</u>"), as debtors and debtors-

in-possession in the above-referenced Chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby file this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Debtor's Motion for Entry of an Order Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and this Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") and the *Declaration of Mark Renzi in Support of the Second Day Motions* (the "Second Day Declaration"), incorporated by reference herein.

5.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order granting the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  The Debtors' cases are being jointly administered under lease Case No. 22-19361 pursuant to Bankruptcy Rule 1015 [Docket No. 42]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Relief Requested

6.      In the ordinary course of business, the Debtors are party to thousands of executory contracts (the "Contracts") and unexpired leases (the "Leases"), which include leases of real and personal property as well as agreements with vendors for the supply of goods and services and other Contracts related to the Debtors' businesses. In connection with their efforts to preserve and maximize the value of their estates through the prosecution of these Chapter 11 Cases, the Debtors, in their business judgment, may determine that certain burdensome Contracts and Leases should be rejected rather than allowing the Debtors' estates to accrue administrative expenses associated with such Contracts and Leases. In addition, the Debtors may determine, in their business judgment, that they no longer need certain executory contracts related to their business as a whole.

7.      The Debtors believe that the Rejection Procedures (defined herein) will streamline their ability to reject burdensome Contracts and Leases that no longer provide a benefit to the Debtors' estates while also providing parties in interest with adequate notice of the rejection of a Contract and/or Lease and an opportunity to object to such relief within a reasonable time period. Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject individual Contracts and Leases, resulting in substantial costs to, and administrative

burdens on, the Debtors' estates as well as on the Court's docket and calendar. To streamline this

process, the Debtors hereby request entry of an order substantially in the form attached hereto as

**Exhibit A** (the "Order") approving the Rejection Procedures contemplated herein. As such, the

proposed procedures for rejection of Contracts and Leases are appropriate and necessary to limit

the costs and administrative burdens that otherwise would be borne by the Debtors' estates.

Accordingly, the Debtors request that the Court approve the Rejection Procedures and authorize

the Debtors to take any and all actions as may be necessary to implement and effectuate the

Rejection Procedures.

## The Proposed Rejection Procedures

8.      The Debtors request that the following procedures be authorized and approved in

connection with the rejection of any Contract or Lease during the course of the Debtors' Chapter

11 Cases (the "Rejection Procedures"):

a.      Rejection Notice.   The Debtors will file a notice (the "Rejection Notice"), setting
forth the proposed rejection of one or more Contracts and/or Leases and will serve
the Rejection Notice via overnight delivery service, email, or fax on: (1) the non-
Debtor counterparty (and its counsel, if known) under the respective Contract or
Lease at the last known address available to the Debtors (the "Counterparty");
(2) any party known to assert a lien in any property subject to the rejected Contract
or Lease; (3) counsel to any official committee appointed in these Chapter 11 Cases,
and (4) the Office of the United States Trustee for the District of New Jersey
(collectively, the "Rejection Notice Parties").

b.      Content of Rejection Notice.  The Rejection Notice shall be substantially in the
form attached as **EXHIBIT 1** to the proposed order. With respect to any real
property Leases,[2] the Rejection Notice shall set forth the following information, to
the best of the Debtors' knowledge: (1) the street address of the related real
property; (2) the name and address of the landlord (the "Landlord"); and (3) the
date on which the Debtors will vacate (or have vacated) the leased premises (the
"Leased Premises"). With respect to Contracts or Leases to be rejected, the
Rejection Notice shall set forth the following information, to the best of the
Debtors' knowledge: (1) the name and address of the Counterparty and (2) a brief

---

[2] As noted in the First Day Declaration, the Debtors have very few real property leases but also lease certain
equipment/personal property and are parties to thousands of executory contracts.

description of the Contract or Lease to be rejected. All Rejection notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "<u>Rejection Order</u>"), substantially in the form attached to the Rejection Notice as <u>EXHIBIT A</u>.

c.      <u>Objections</u>.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "<u>Objection</u>") so that such objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the Rejection Notice is filed: (1) proposed attorneys for the Debtors and Debtors in Possession, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren A. Usatine, Esq., wusatine@coleschotz.com, and Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attn: Richard Kanowitz, Esq. richard.kanowitz@haynesboone.com, and Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Eli Columbus, Esq., eli.columbus@haynesboone.com, and Jordan Chavez, Esq., jordan.chavez@haynesboone.com, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com and Christine Okike, Esq., christine.okike@kirkland.com; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 Attn: Jeffrey M. Sponder, Esq. and Lauren Bielskie, Esq.; and (3) counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "<u>Objection Notice Parties</u>"). Each Objection must state with specificity the ground for objecting to the proposed rejection of the Contract or Lease and/or abandonment of Remaining Property (as defined and discussed below), as applicable.

d.      <u>Effects of Failing to File an Objection to a Rejection Notice</u>.  If no Objection to a Rejection Notice is timely filed and served the Debtors may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "<u>Rejection Date</u>"); provided, however that the Rejection Date for a real property Lease shall not be earlier than the later of (i) the date the Debtors file and serve a Rejection Notice for the real property Lease and (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises. Upon the Rejection Date, any personal property or furniture fixtures, and equipment (the "<u>Remaining Property</u>") remaining on the Leased Premises shall be deemed abandoned by the Debtors. The Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, and without any liability to the Debtors and their estates and any third-party and without waiver of any claim the Landlord may have against the Debtors and their estates.

e.      <u>Effects of Filing an Objection to a Rejection Notice</u>.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures,

the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

f.    <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party.

g.    <u>Deadlines for Filing Claims</u>. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by the Court in these Chapter 11 Cases or (ii) thirty (30) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtors' bankruptcy cases.

h.    <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

9.    In connection with the foregoing Rejection Procedures, the Debtors also request that they be authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures, and that entry of the proposed order be without prejudice to the Debtors' right to seek further, other, or different relief regarding the Contracts or Leases.

**<u>Basis for Relief</u>**

**A.  <u>Rejection of the Contracts and Leases is a Sound Exercise of the Debtors' Business Judgment.</u>**

10.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). The principal purpose of Section 365(a) is to allow a debtor in possession or

trustee "to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Expl., Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)). Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F,3d 291, 298 (3d Cir. 2000); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

11.   The decision to reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See NLRB v. Bildisco & Bildisco (In re Bildissco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."), *aff'd* 465 U.S. 513 (1984); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Glob., Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315-16 (Bakr. D. Utah 1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course."). Accordingly, if a debtor's business judgment has been reasonably exercised, a court should approve assumption or rejection of an unexpired executory contract. *See Fed. Mogul*, 293 B.R. at 126.

12.   The Debtors submit that any Contract or Lease that they seek to reject pursuant to the Rejection Procedures will be a contract or lease that is financially burdensome and unnecessary

to the Debtors' operations. Moreover, before rejecting any of the Contracts or Leases, the Debtors will have ensured that the Contracts and Leases are of inconsequential value and benefit to the Debtors' estates and are unlikely to generate any net proceeds to the estates. Accordingly, the Debtors will have determined that continued performance under the Contracts and Leases constitutes an unnecessary depletion of value of the Debtors' estates and, therefore, rejection of the Contracts and Leases reflects the Debtors' exercise of sound business judgment.

13.     In addition, in the exercise of their business judgment, the Debtors may determine to leave certain personal property at the Leased Premises. To the extent that the Debtors leave any Remaining Property at the Leased Premises, the Debtors request that such Remaining Property be deemed abandoned pursuant to Section 554 of the Bankruptcy Code.

14.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Prior to abandoning any Remaining Property pursuant to the Rejection Procedures, the Debtors will have determined that the Remaining Property to be abandoned by the Debtors is either: (i) burdensome to the estates to the extent that removal and storage of this property is likely to exceed any net proceeds from the property or (ii) of inconsequential value and benefit to the estates. *See, e.g.*, *In re Cont. Rsch. Sols., Inc.*, No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) (finding that abandonment of property was appropriate when it posed no threat to public safety and did not contravene any law or regulation; the debtor "need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.") (citation omitted). Accordingly, should the Debtors abandon any Remaining Property, such abandonment will reflect the Debtors'

exercise of sound business judgment, taking into account the best interests of the Debtors, their

estates, their creditors and other parties in interest.

15.       Given the considerable number of Contracts and Leases that the Debtors may seek

to reject, obtaining Court approval of each rejection and the abandonment of any related

Remaining Property would impose unnecessary burdens on the Debtors and the Court, and result

in costs to the Debtors' estates that would correspondingly decrease the economic benefit of

rejection. Thus, the Debtors propose to streamline the process as set forth in the Rejection

Procedures, consistent with applicable law, in order to minimize potential costs to the Debtors'

estates and reduce the burden on the Court's docket, while protecting Counterparties and

Landlords by providing such parties notice and an opportunity to object to the proposed rejection.

16.       For the foregoing reasons, the Debtors submit that adoption of the Rejection

Procedures, including those related to the abandonment of any Remaining Property, is in the best

interest of their estates and creditors and all other parties in interest.

### B.   <u>The Rejection Procedures Provide Reasonable Notice and Hearing</u>

17.       As a procedural matter, Bankruptcy Rule 9014 provides, in part, that "reasonable

notice and opportunity for hearing shall be afforded the party against whom the relief is sought."

*See* FED. R. BANKR. P. 9014(a).[3] The notice and hearing requirements for contested matters under

Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given

in light of the particular circumstances.   *See* 11 U.S.C. §102(1)(A) defining "after notice and a

hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as is appropriate

in the particular circumstances.").

---

[3] Bankruptcy Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that
"[a] proceeding to . . . reject . . . an executory contract or unexpired lease, other than as part of a plan, is governed by
Rule 9014." FED. R. BANKR. P. 6006(a).

18.     The Counterparties and Landlords will not be prejudiced by the Rejection

Procedures because, upon receipt of the Rejection Notice, Landlords and Counterparties will

receive notice of the proposed effective date of the rejection and opportunity to object. *See, e.g.,*

*In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective

date of rejection of leases was the date the trustee gave notice to lessor of intent to reject.) Also, in

the case of any real property Leases, the Debtors intend to vacate the Leased Premises by the date

specified in the Rejection Notice, thereby allowing the Landlords to take possession of the

property. *See, e.g., Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding

bankruptcy court did not abuse its discretion in finding balance of equities favored making

rejection of any nonresidential lease of real property retroactive to date tenant vacated the

premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley*

*Corp.*, No. 98-982. 2000 WL 1251858, at *15–16 (D.N.J. Aug. 31, 2000) (holding bankruptcy

court properly exercised its discretion in adjusting the effective date of rejection from the date the

court signed the order authorizing rejection to the date on which the debtor vacated and the landlord

exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D.

Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to

equities of the case where the debtor vacated the premises and served the motion to reject lease as

soon as possible).

19.     The Debtors submit that the Rejection Procedures balance the need for an

expeditious reduction of potentially burdensome costs to the Debtors' estates, while providing

appropriate notice of the proposed rejection to the Landlords and Counterparties.  The Rejection

Procedures are appropriately tailored to minimize potential administrative expenses, maximize the

recovery for creditors in these Chapter 11 Cases, and with respect to the real property Leases,

return control of the affected Leased Premises to the Landlords in an efficient manner.

### C. **The Rejection Procedures Comply with Bankruptcy Rule 6006(f)**

20.      Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple

executory contracts or unexpired leases:

> (1) state in a conspicuous place that parties receiving the omnibus motion should
> locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or
> reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

FED. R. BANKR. P. 6006(f).

21.      The Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The clear purpose of

Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of parties to the Contracts

and Leases.  Counterparties must be able to locate their Contracts or Leases and readily determine

whether their Contracts or Leases are being rejected.  Through the Rejection Procedures, the

Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when

serving the Rejection Notices.

### **Notice**

22.      Notice this Motion has been provided to (i) the Office of the United States Trustee

for Region 3; (ii) the holders of the fifty (50) largest unsecured claims against the Debtors; (iii) the

Internal Revenue Service; and (iv) the United States Attorney's Office for the District of New

Jersey.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

### **No Prior Request**

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form submitted herewith granting the relief requested and such other or further relief as is just and proper.

Respectfully submitted,

Dated: December 19, 2022            /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>  Debtors[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>Jointly Administered<br>**Hearing Date: January 9, 2023 @ 10:00 a.m. ET** |

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The relief set forth on the following pages, numbered two (2) through five (5) and the exhibit(s)

attached hereto, is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to Sections 105(a), 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing procedures for the rejection of executory contracts and unexpired leases and abandonment of personal property as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a), (b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice of Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having reviewed the Motion, the First Day Declaration, and the Second Day Declaration; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors and all parties in interest; that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

1.    The Motion is **GRANTED** as set forth herein.

2.    The following Rejection Procedures are authorized and approved:

a)    <u>Rejection Notice</u>.  The Debtors will file a notice (the "<u>Rejection Notice</u>"), setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via overnight delivery service, email, or fax on: (1) the non-Debtor counterparty (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors (the "<u>Counterparty</u>"); (2) any party known to assert a lien in any property subject to the rejected Contract or Lease; (3) counsel to any official committee appointed in these Chapter 11 Cases, and (4) the Office of the United States Trustee for the District of New Jersey (collectively, the "<u>Rejection Notice Parties</u>").

b)    <u>Content of Rejection Notice</u>. The Rejection Notice shall be substantially in the form attached as <u>EXHIBIT 1</u> to this Order.  With respect to real property Leases, the Rejection notice shall set forth the following information, to the best of the Debtor's knowledge: (2) the street address of the related real property; (2) the name and address of the landlord "the <u>Landlord</u>"); and (3) the date on which the Debtors will vacate (or have vacated) the Leased Premises. With respect to all Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (1) the name and address of the Counterparty; and (2) a brief description of the Contract or Lease to be rejected. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "<u>Rejection Order</u>"), substantially in the form attached to the Rejection Notice as <u>EXHIBIT A.</u>

c)    <u>Objections</u>.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "<u>Objection</u>") so that such objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren A. Usatine, Esq., wusatine@coleschotz.com, and Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attn: Richard Kanowitz, Esq., richard.kanowitz@haynesboone.com, and  Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Eli Columbus, Esq., eli.columbus@haynesboone.com and Jordan Chavez, Esq., jordan.chavez@haynesboone.com, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com and Christine Okike, Esq., christine.okike@kirkland.com; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey

(Page 4)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

07102 Attn: Jeffrey M. Sponder, Esq. and Lauren Bielskie, Esq.; and (3) counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "Objection Notice Parties"). Each Objection must state with specificity the ground for objecting to the proposed rejection of the Contract or Lease and/or abandonment of Remaining Property (as defined and discussed below), as applicable.

      d)     Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the Debtors may submit the Rejection Order to the Court, and the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "Rejection Date"); provided, however that the Rejection Date for a real property Lease shall not be earlier than the later of (i) the date the Debtors file and serve a Rejection Notice for the real property Lease and (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the Landlord in writing of the Debtors' irrevocable surrender of the premises. Upon the Rejection Date, any personal property or furniture, fixtures, and equipment (the "Remaining Property") remaining on the Leased Premises shall be deemed abandoned by the Debtors. The Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, and without any liability to the Debtors and their estates and any third-party and without waiver of any claim the Landlords may have against the Debtors and their estates.

      e)     Consent Orders. Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party.

      f)     Deadlines for Filing Claims. Claims arising out of the rejection of Contracts and/or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by the Court in these Chapter 11 cases or (ii) thirty (30) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtors' bankruptcy cases.

      g)     Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.     The form of Rejection Notice attached hereto as **EXHIBIT 1** is hereby approved.

4.     The Debtors are hereby authorized to execute and deliver all instruments and

(Page 5)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                    ORDER  AUTHORIZING  AND  APPROVING  PROCEDURES
                    FOR   REJECTION   OF   EXECUTORY   CONTRACTS   AND
                    UNEXPIRED LEASES

documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

5.      Entry of this Order is without prejudice to the rights of the Debtors, including but not limited to, the right to seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, Section 365 of the Bankruptcy Code.

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (1) an admission as to the validity or priority or any claim against the Debtors; (2) a waiver of the Debtors' rights to dispute any claim; or (3) a rejection, assumption or assignment of any Contractor Lease pursuant to Section 365 of the Bankruptcy Code.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement and implementation of this Order.

## **EXHIBIT 1**

**Form of Rejection Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>                              Debtors[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

<div align="center">

**NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND LEASES**

</div>

**TO:**    The Parties Identified on <u>Schedule 1</u> Attached Hereto:

    **PLEASE TAKE NOTICE** that on January [-], 2023, the United States Bankruptcy Court

for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. ___] (the

"<u>Rejection Procedures Order</u>") granting the *Debtors' Motion for Entry of an Order Authorizing*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* [Docket

No. ____ ] (the "Motion"), approving certain procedures for the rejection of executory contracts and

unexpired leases of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection

Procedures Order, the above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby provide notice of their intent to reject the Contracts and/or Leases identified on

Schedule 1 hereto (the "Contracts and Leases") pursuant to the terms of the Rejection Procedures

Order and the *Proposed Order Approving the Rejection of Contracts and Leases* attached hereto

as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that should you object to the Debtors' rejection

of a Contract or Lease identified on Schedule 1 hereto, you must file and serve a written objection

on: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street,

Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren

A. Usatine, Esq., wusatine@coleschotz.com, and Haynes and Boone, LLP, 30 Rockefeller Plaza,

26th    Floor,    New    York,    NY    10112    Attn:    Richard    Kanowitz,    Esq.,

richard.kanowitz@haynesboone.com and  Haynes and Boone, LLP, 2323 Victory Avenue, Suite

700, Dallas, Texas 75219, Attn: Eli Columbus, Esq., eli.columbus@haynesboone.com and Jordan

Chavez, Esq., Jordan.chavez@haynesboone.com, Kirkland & Ellis LLP, 601 Lexington Avenue,

New York, New York 10022 Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com and Christine

Okike, Esq., christine.okike@kirkland.com; (2) Office of the United States Trustee, One Newark

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Lauren Bielskie,

lauren.bielskie@usdoj.gov and Jeffrey M. Sponder, Jeffrey.m.sponder@usdoj.gov, and (3) to any

official committee appointed in these Chapter 11 Cases (collectively, the "Objection Notice

Parties"), so that such objection is filed with the Bankruptcy Court and received by the Objection

Notice Parties no later than _____, 2023, which is fourteen (14) days after the date that the

Debtors filed and served this Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that absent an objection being filed and served in

compliance with the Rejection Procedures Order, the Rejected Contracts and Leases will be

rejected pursuant to Section 365(a) of the Bankruptcy Code effective as of the date set forth on

Schedule 1 to this Rejection Notice (the "Rejection Date") or, if no such date is set forth therein,

the Rejection Date shall be the later of (i) the date of this Rejection Notice and (ii) the date of

surrender of the leased property.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served on

the Objection Notice Parties as specified above, and cannot be resolved, the Debtors shall seek a

hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the

objecting party and the Objection Notice Parties. If such objection is overruled by the Bankruptcy

Court or withdrawn, the rejection of the Rejected Contracts and Leases shall be deemed as effective

the rejection shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined

by the Bankruptcy Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection

Procedures Order, if the Debtors have deposited monies with you as a security deposit or other

arrangement, you may not setoff, recoup, or otherwise use such deposit without prior authorization

from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection

Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection

of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from

such rejection on or before the later of (i) the deadline for filing proofs of claim established by the

Bankruptcy Court in the Debtors' Chapter 11 Cases, or (ii) thirty (30) days after the Rejection

Date.  If you do not timely file such proof of claim, you will not be treated as a creditor with respect

to such claim for voting on any Chapter 11 plan in the Debtors' Chapter 11 Cases and shall be

forever barred from asserting a claim for rejection damages arising from the rejection of the

Rejected Contract and Leases or from participating in any distributions that may be made in

connection with these Chapter 11 Cases.

Respectfully submitted,

Dated: [-], 2023

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

## SCHEDULE 1

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
| | | | | |
| | | | | |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
| | |
| | |

## EXHIBIT A TO REJECTION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>Jointly Administered<br>**Hearing Date and Time:** |

## ORDER APPROVING THE REJECTION OF EXECUTORY
## CONTRACTS AND LEASES

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302

(Page 2)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING DEBTORS' REJECTION OF EXECUTORY CONTRACTS AND LEASES |

Pursuant to and in accordance with the *Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. ___] (the "Rejection Procedures Order");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of Executory Contracts and/or Unexpired Leases" [Docket No. ___] (the "Rejection Notice") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "Contracts") and/or unexpired leases (the "Leases") set forth on Exhibit 1 hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED:**

1.  Contracts and Leases listed on **EXHIBIT 1** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on **EXHIBIT 1** hereto (the "Rejection Date").

2.  The rights of the Debtors and their estates to assert that the Contracts and Leases are rejected hereby expired by their own terms or were terminated prior to the date hereof and fully preserved, and the Debtors and their estates do not waive any rights or claims that they may have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING DEBTORS' REJECTION OF EXECUTORY CONTRACTS AND LEASES |

with respect or against the counterparties to such Contracts and Leases, whether or not such rights or claims arise under, are related to the rejection of, or are independent of the Contracts and Leases rejected hereby.

3. If any affected counterparty subject to this Order (a "Rejection Claimant") asserts a claim or claims against the Debtors and their estates arising from the rejection of the Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in these Chapter 11 Cases or (ii) thirty (30) days after the date of entry of this Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distribution that may be made in connection with the Debtors' bankruptcy cases.

4. The Debtors are authorized to take any action necessary or appropriate to implement the terms of this Order and the rejections without further order from this Court.

5. This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

**<u>EXHIBIT 1</u>**

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
|  |  |  |  |  |
|  |  |  |  |  |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
|  |  |
|  |  |