**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>                 Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: January 9, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: January 2, 2023**<br>**Oral Argument Waived Unless Objections Timely Filed** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN
ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR
THE ALLOWANCE OF INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED
BY ORDER OF THIS COURT**

     **PLEASE TAKE NOTICE** that on January 9, 2022 at 10:00 a.m. (ET), or as soon

thereafter as counsel may be heard, the above-captioned debtors and debtors in possession

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(collectively, the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith, establishing procedures for the allowance of interim compensation and reimbursement of expenses of professionals retained by order of this Court.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First Day Motions* and *Declaration of Mark A. Renzi in Support of Debtors' Second Day Motions*, which set forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Application is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing Signing, and Verification of Documents* dated March 27, 2002 (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental

Commentary") (the General Order, the Supplemental Commentary and the User's Manual

for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official

website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General

Order and the Supplemental Commentary, so as to be received no later than seven (7) days

before the hearing date set forth above.

     **PLEASE TAKE FURTHER NOTICE** that unless responses are timely and

properly filed and served, the Motion shall be decided on the papers in accordance with

D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or

hearing.

Dated: December 19, 2022

    /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE
FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE
AND PAYMENT OF INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
RETAINED BY ORDER OF THIS COURT**

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, the "<u>Debtors</u>"), as debtors and debtors-

in-possession in the above-referenced Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby file this

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 2016-3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.     On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and this Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") and *Declaration of*

*Mark Renzi in Support of the Debtors' Second Day Motions* (the "<u>Second Day Declaration</u>") each

incorporated by reference herein.

5.      The Debtors are operating their businesses and managing their property as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29,

2022, this Court entered an order granting the procedural consolidation and joint administration of

these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  The Debtors' cases are being jointly

administered under lease Case No. 22-19361 pursuant to Bankruptcy Rule 1015 [Docket No. 42].

No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases,

and no official committees have been appointed or designated.

<b><u>Retention of Professionals</u></b>

6.      The Debtors are requesting authority to retain and employ (i) Haynes and Boone,

LLP as their bankruptcy co-counsel, (ii) Kirkland & Ellis LLP and Kirkland & Ellis International

LLP as their bankruptcy co-counsel, (iii) Cole Schotz P.C. as their local bankruptcy counsel, and

(iv) Berkeley Research Group as their financial advisors, (v) Moelis & Company, LLC as the

Debtors' investment banker, and (vi) Kroll Restructuring Administration, LLC as the Debtors'

claims and noticing agent. The Debtors, and any statutory committee appointed in these Chapter

11 Cases (each, a "<u>Committee</u>"), may seek to retain additional professionals to render services in

connection with these Chapter 11 Cases.[2]

<b><u>Relief Requested</u></b>

7.      By this Motion, the Debtors request the entry of an administrative fee order

pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, authorizing

an orderly, regular process for allowance and payment of interim compensation for services

---

[2] For the avoidance of doubt, the Debtors submit that any professionals they elect to employ and retain in the ordinary course of business should not be subject to any Order granting the relief requested in this Motion.

3

rendered and reimbursement of expenses incurred by attorneys and other professionals
(collectively, the "Professionals") retained by the Debtors and any Committee, whose services are
authorized by this Court and who are required to file applications for the allowance of
compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy
Code and Local Rule 2016-1.

8.      More specifically, the Debtors request that procedures for compensating and
reimbursing the Professionals retained under section 327 of the Bankruptcy Code and, to the extent
applicable, sections 328(a) and 1103 of the Bankruptcy Code, be established comparable to those
approved in other chapter 11 cases in this district and in accordance with the guidelines set forth
in Local Rule 2016-3.

9.      The requested procedures would require the presentation of monthly fee statements
to the parties described below for interim payment of compensation for professional services
rendered and reimbursement of expenses incurred by each such Professional during the
immediately preceding month. The Debtors submit that the proposed procedures for compensating
and reimbursing the Professionals will enable the Court and all parties-in-interest to monitor
professional fees and costs effectively and in a timely manner. In accordance with Local Rule
2016-3, the proposed procedures (the "Compensation Procedures") are as follows:

(A)    Monthly Fee Statements.

1.      Not later than the 25th day of the month following the month for
which compensation is sought, each Professional seeking
compensation under the administrative fee order must file and serve,
by electronic transmission, hand delivery, or overnight delivery, or
by any means directed by the Court, a monthly fee and expense
statement on the following parties:

i.    Berkeley Research Group, as Debtors' financial advisor;
ii.   Haynes and Boone, LLP as Debtors' co-counsel;
iii.  Kirkland & Ellis LLP and Kirkland & Ellis International LLC as
Debtors' co-counsel;

4

      iv.    Cole Schotz P.C., as Debtors' local counsel;

      v.    Moelis & Company, LLC as the Debtors' investment banker;

      vi.    Kroll Restructuring Administration, LLC as the Debtors' claims and noticing agent;

      vii.    Counsel for any Committee;

      viii.    the United States Trustee for Region 3;

      ix.    any party requesting notice of all proceedings; and

      x.    any other party designated by the Court.

2.    A monthly fee statement must comply with Local Bankruptcy Rule 2016-1(a).

(B)    <u>Objections.</u>

An objection to a monthly fee statement must be filed and served on the applicable Professional and the parties listed in subdivision (a)(1) not later than 14 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)    <u>Payments.</u>

1.    On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

2.    If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the monthly fee statement which is no longer subject to an objection.

3.    If the parties are unable to resolve an objection not later than 14 days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

5

(D)      Fee Applications.

1.      A Professional who has received monthly payments under the administrative fee order must, at four-month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

2.      The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

10.      The Debtors respectfully submit that the Compensation Procedures will enable the Debtors to closely monitor the costs of administration of these Chapter 11 Cases, maintain a level cash flow, and implement efficient cash management procedures. Moreover, the Compensation Procedures will also enable the Court and parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought by Professionals on a regular basis.

**Basis for Relief Requested**

11.      A professional's right to seek interim payments from a debtor's estate is governed by section 331 of the Bankruptcy Code, which authorizes professionals to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the court permits. It provides, in relevant part:

A trustee an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

12.      In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out

6

the provisions of this title," thereby codifying the bankruptcy courts' inherent equitable powers. 11 U.S.C. § 105(a).

13.    Courts in this district have recognized that the permissive language of section 331 of the Bankruptcy Code, coupled with the court's inherent power under section 105(a) of the Bankruptcy Code, provide authority for the entry of orders establishing procedures for monthly compensation and reimbursement of expenses of professionals. *See, e.g.*, *In re Hollister Construction Servs., LLC*, Case No. 19-27439 (MBK) (Bankr. D.N.J. Oct. 8, 2019). Such procedures are needed not only to encourage professionals to provide services in connection with chapter 11 cases, but also to avoid having professionals fund the cases. *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *Id.* at 897.

14.    The Debtors submit that the Compensation Procedures are appropriate in light of the facts described above. Indeed, such procedures are necessary to ensure that the Professionals are compensated fairly and timely for their services in these chapter 11 cases and are not forced to bear undue financial burden or risk caused by delays in payment. Moreover, the Compensation Procedures will enable the Debtors to closely monitor costs of administration of their chapter 11 cases and avoid large spikes in their cash outlays. Finally, the Compensation Procedures will allow the Court and key parties-in-interest to ensure the reasonableness and necessity of the compensation and reimbursement sought.

## No Prior Request

15.     No prior request for the relief sought in this Motion has been made to this Court

or any other court.

## Notice

16.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable:  (a) the office of the United States Trustee for the District of

New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest

unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the

District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states

where the Debtors conduct their business operations; and (f) any party that has requested notice

pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in

view of the facts and circumstances, such notice is sufficient, and no other or further notice need

be provided.

**WHEREFORE**, the Debtors respectfully request entry of the proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

Respectfully Submitted,

Dated: December 19, 2022

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>**Hearing Date and Time:**<br><br>**January 9, 2023 @ 10:00 a.m. (ET)** |

## ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

Upon consideration of the motion (the "Motion")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an administrative order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these Chapter 11 Cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

      (A)     Monthly Fee Statements.

          1.     Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the administrative fee order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement on the following parties:

             i.     Berkeley Research Group, as Debtors' financial advisor;

             ii.     Haynes and Boone, LLP as Debtors' co-counsel;

             iii.     Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Debtors' co-counsel;

             iv.     Cole Schotz P.C., as Debtors' local counsel;

             v.     Moelis & Company, as Debtors' investment banker;

             vi.     Kroll Restructuring Administraiton, LLC, as Debtors' claims and noticing agent;

             vii.     counsel for any Committee;

(Page 5)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

        viii.     the United States Trustee for Region 3;

        ix.     any party requesting notice of all proceedings; and

        x.     any other party designated by the Court.

2.    A monthly fee statement must comply with Local Bankruptcy Rule 2016.

(B)    <u>Objections.</u>

An objection to a monthly fee statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than 14 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)    <u>Payments.</u>

1.    On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

2.    If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the monthly fee statement which is no longer subject to an objection.

3.    If the parties are unable to resolve an objection not later than 14 days after the deadline for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

(D)   <u>Fee Applications.</u>

1. A Professional who has received monthly payments under the administrative fee order must, at four-month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

2. The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

3.     The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4.     This Order and the provisions of the Professional Fee Account shall be binding upon the Debtors, their estates and any chapter 7 or 11 trustee appointed in these Chapter 11 Cases or any subsequent trustee in any other case(s).

5.     Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.     All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final Order of this Court.

7.     The Debtors are authorized to take all actions necessary to carry out this Order.

8.     This Court shall retain jurisdiction to hear and determine all matters arising from

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

or related to the implementation, interpretation, and/or enforcement of this Order.