**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br><div align="right">Debtors.[1]</div> | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: January 9, 2023 @ 10:00 am ET**<br>**Obj. Deadline: January 3, 2023**<br>**Oral Argument Waived Unless Objections Timely Filed** |

<div align="center">

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS**
**UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

</div>

**PLEASE TAKE NOTICE** that on January 9, 2023 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order authorizing the Debtors to employ and pay certain professionals retained in the ordinary course of business, as set forth more fully in the Motion and on the proposed order submitted herewith (the "Proposed Order").

PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read these papers carefully and discuss them with your attorney.

PLEASE TAKE FURTHER NOTICE that the Debtors shall rely upon the *Declaration of Mark Renzi in Support of Debtors' Second Day Motions* accompanying the Motion. The Motion includes a statement as to why a memorandum of law is not required.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion shall be filed by January 3, 2022 by 5:00 p.m. (ET): (i) be in writing, (ii) state with particularity the basis of the objection; (iii) be filed and services in accordance with the Case Management Procedures established in these Chapter 11 Cases; and (iv) be filed with the Clerk of the United States Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of May 24, 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that if you file a response to the Motion, you should be prepared to argue that response on the return date of the hearing unless you reach an agreement with counsel to the Debtors to resolve your objection or continue your matter to a future hearing date.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the undersigned requests oral argument on the return date of the Motion if objections are timely filed.

Dated: December 19, 2022 /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al.*,

                                    Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this

*Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals*

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Utilized in the Ordinary Course of Business* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101–1532 and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and this Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") and *Declaration of Mark Renzi in Support of the Debtors' Second Day Motions* (the "Second Day Declaration"), incorporated by reference herein.

5.     The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order granting the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6.     Prior to the Petition Date, the Debtors employed the professionals identified on the attached **Exhibit 1** (the "Initial Ordinary Course Professionals"). The Initial Ordinary Course Professionals perform services, including legal, tax, accounting, regulatory, and other matters, that are not intrinsically related to the Chapter 11 Cases. The Debtors require the services of the Initial Ordinary Course Professionals regardless of the pendency of the Chapter 11 Cases, and the services do not significantly impact the direction of the Debtors' reorganization. To the best of the Debtors' knowledge, the Initial Ordinary Course Professionals have no interest materially adverse to the Debtors and their estates.

## Relief Requested

7.     The Debtors request the entry of an order, substantially in the form attached to the motion as **Exhibit A**, (the "Order") authorizing, but not directing, the Debtors (a) to retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (b) to pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, including,

if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional[2],

subject to certain limits set forth below, without the necessity of additional court approval.

8.       For the sake of clarity, individual retention applications will be required for any

professionals that the Debtors seek to employ in connection with the conduct of the Chapter 11

Cases or in connection with special matters not appropriate for ordinary course treatment (the

"Chapter 11 Professionals"). Moreover, the Chapter 11 Professionals will be permitted to be

compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure, the Local Court Rules of the United States

Bankruptcy Court for the District of New Jersey, and any orders entered in the Chapter 11 Cases

governing professional compensation and reimbursement for services rendered and expenses

incurred.

**A.       Proposed Ordinary Course Professional Procedures**

9.       The Debtors propose the following procedures in recognition of the importance of

providing information regarding Ordinary Course Professionals to the Court and the United States

Trustee.

10.      The Debtors propose they be permitted to continue to employ and retain the Initial

Ordinary Course Professionals. Within thirty (30) days of the later of (a) the entry of an order

granting the relief requested herein or (b) the date on which each retained Ordinary Course

Professional commences services for the Debtors, each Ordinary Course Professional will be

required to provide to the Debtors counsel a declaration pursuant to Section 1746 of title 28 of the

---

[2] To date, a retainer has only been demanded by Johnson Gardiner, the Debtors' Antiguan counsel that the Debtors had to hire on an emergency basis to represent their interests in certain litigation pending in Eastern Caribbean Supreme Court in the High Court of Justice Antigua and Barbuda, styled *Barkhouse v. Emergent Fid. Techs Ltd.*, Claim No. ANUHCV 2022/0480. Johnson Gardiner requested a $20,000 retainer, a reasonable, de minimis amount considering the importance of the firm's representation of the Debtors in Antigua.

United States Code, substantially in the form annexed hereto as **Exhibit 2** to the Order, certifying that the professional does not represent or hold any interest adverse to the Debtors or the estates with respect to the matter on which the professional is to be employed (the "Declaration") for filing with the Court and service upon: (i) the United States Trustee for the District of New Jersey, (ii) counsel to any official committee appointed in these cases (the "Committee"), and (iii) those parties that have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each Ordinary Course Professional shall also complete and return a retention questionnaire substantially in the form annexed as **Exhibit 3** to the Order (the "Retention Questionnaire").

11.    The Debtors further request that upon the later of (i) the entry of the Order or (ii) service of each required Declaration, the Notice Parties will have fifteen (15) days (the "Objection Deadline") to object to the retention of the Initial Ordinary Course Professional in question. Any such objections must be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties, and the subject Initial Ordinary Course Professional by the Objection Deadline. If any such objection cannot be resolved or withdrawn within fifteen (15) days after service, the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Initial Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, if any objection is withdrawn, or if any objection submitted is timely resolved, the Debtors will be authorized to retain the Initial Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

12.    The Debtors also request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed as Initial Ordinary Course Professionals as

future circumstances require (the "Additional Ordinary Course Professionals", and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a supplement to Exhibit 1 (the "Supplement") and serving a copy of the Supplement upon the Notice Parties.

13.     The Debtors propose that, as with the Initial Ordinary Course Professionals, each Additional Ordinary Course Professional be required to provide to the Debtors and their counsel, for filing with the Court and service upon the Notice Parties, a Declaration within thirty (30) days after the filing of the Supplement. The Notice Parties will have fifteen (15) days after service of each required Declaration to object to the retention of the Additional Ordinary Course Professional in question. Any objection would be handled as set forth in paragraph 11, above. If no objection is timely submitted, the objection is withdrawn, or the objection submitted is timely resolved, the Debtors would be authorized to retain the Additional Ordinary Course Professional as a final matter without further order, *nunc pro tunc* to the date of filing the Supplement or the applicable date of engagement.

14.     The Debtors will not pay any fees and expenses to any Ordinary Course Professional (nor shall any such Ordinary Course Professional draw down on any existing retainer) unless: (a) such Ordinary Course Professional has submitted its Declaration and such Declaration is filed with the Court and served on the Notice Parties; (b) the applicable Objection Deadline has expired; and (c) no timely objection is pending. If a timely objection is received, no payment will be made until such objection is resolved, withdrawn or otherwise overruled by the Court.

**B.      Proposed Payment Procedures**

15.      The Debtors seek authority to pay, without formal application to and order from the Court, the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the post-petition services rendered and expenses incurred. The Debtors, however, recognize that bills exceeding certain dollar amounts should be subject to the approval procedures otherwise applicable to Chapter 11 Professionals.

16.      Once the Debtors retain an Ordinary Course Professional in accordance with these procedures, they propose to pay such Ordinary Course Professional one-hundred percent (100%) of their fees and one-hundred percent (100%) of their disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the applicable monthly fee cap set forth in <u>Exhibit 1</u> of the Order or in any Supplement on average over any three month period on a rolling basis (the "<u>Monthly Fee Cap</u>").

17.      The Debtors propose that payments to a particular Ordinary Course Professional would become subject to Court approval based upon an application for allowance of fees and expenses under Bankruptcy Code §§ 330 and 331, under the same procedures that are established for Chapter 11 Professionals, only if such payments exceed the Monthly Fee Cap; *provided, however,* that the applicable Ordinary Course Professional shall be entitled to interim payment of

its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those

requested fees and expenses in excess of the Monthly Fee Cap.

18.    In the ordinary course of business, as a routine matter, the Debtors review all bills

received from the Ordinary Course Professionals to assess the reasonableness of the fees charged

and the necessity of the expenses incurred. This type of review will continue post-petition and,

coupled with the proposed Monthly Fee Cap, will protect the Debtors' estates against excessive

and improper billings.

## C.    Periodic Payment Statements

19.    Within thirty (30) days after the end of, and with respect to, each full three-month

period after the Petition Date (including any initial partial month in the first period), the Debtors

propose to file a periodic payment summary statement with the Court and to serve such statement

upon the Notice Parties. The summary statement will include the following information for each

Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate

amounts paid as compensation for services rendered and reimbursement of expenses incurred by

such Ordinary Course Professional during the statement period; and (c) a general description of

the services rendered by such Ordinary Course Professional. The obligation to file summary

statements will terminate upon confirmation of a plan in the Chapter 11 Cases.

## Basis for Relief Requested

20.    The Debtors seek the relief requested in this Motion to avoid any later controversy

about employing and paying the Ordinary Course Professionals during the pendency of the Chapter

11 Cases. The Debtors believe that their decision to employ the Ordinary Course Professionals is

appropriate under Bankruptcy Code § 363(c)(1) because the employment and compensation of the

Ordinary Course Professionals are matters that relate to the ordinary course of the Debtors'

business. "The Code takes cognizance of the fact that if a debtor had to seek court approval to pay for every expense incurred during the normal course of its affairs, the debtor would be in court more than in business." *Bagus v. Clark (In re Buyer's Club Markets)*, 5 F.3d 455, 457–58 (10th Cir. 1993). By this Motion, the Debtors are neither requesting to pay prepetition amounts owed to any of the Ordinary Course Professionals nor requiring the Ordinary Course Professionals to waive any claim against the Debtors.

## A.    The Debtors Employ the Ordinary Course Professionals in the Ordinary Course of the Debtors' Business

21.    Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors, as debtors in possession, are authorized to operate their businesses. Bankruptcy Code § 363(c)(1) further defines the scope of a debtor's authority and provides that, unless the court orders otherwise, a debtor in possession may enter into transactions, including the use, sale, or lease of estate property in the ordinary course of business without notice and a hearing. "The framework of section 363 is designed to allow a trustee (or a debtor in possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." *In re Roth American, Inc.*, 975 F.2d 949, 952 (3d Cir. 1992). "Neither the Bankruptcy Code nor its legislative history provide a framework for analyzing whether particular transactions are in the ordinary course of a debtor's business for the purposes of section 363." *Id.*

22.    In order to determine whether or not a transaction falls in the ordinary course of business, many courts have adopted two-step inquiry: the "vertical dimension" or "creditor's expectation" test, and the "horizontal dimension" or "industry-wide" test. *See id.* (citations omitted); s*ee also N.J. Mobile Dental Practice, P.A. v. Cont'l Assocs. Ltd. (In re N.J. Mobile Dental Practice. P.A.)*, No. 05-17772 (DHS), Adv. No. 07-1988 (DHS), 2008 Bankr. LEXIS 1184

at *14 (Bankr. D.N.J. April 7, 2008) (explaining that "the Third Circuit adopted a two-step approach consisting of a horizontal and vertical dimension").

23.     Under the vertical dimension test, courts "analyze[] the transactions from the vantage point of a hypothetical creditor and the inquiry is whether the transaction subjects a creditor to economic risk of a different nature from those he accepted when he decided to extend credit." *In re Roth American, Inc.*, 975 F.2d at 953. A debtor's "pre-petition business practices and conduct" are the primary focus of the vertical analysis. *Id.* Under the horizontal dimension test, courts analyze "whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry." *Id.*

24.     Application of the vertical and horizontal tests to the Debtors' employment and compensation of the Ordinary Course Professionals demonstrates that the Debtors' actions should be considered ordinary course transactions pursuant to Bankruptcy Code § 363(c)(1). With regard to the vertical dimension test, the Debtors' employment and compensation of the Ordinary Course Professionals is consistent with the Debtors' pre-petition business practices. The Debtors utilized the services of each of the Initial Ordinary Course Professionals in connection with the day-to-day operation of the Debtors' businesses. Further, the Debtors' creditors may reasonably assume that the operation of the Debtors' businesses requires the assistance of various non-bankruptcy professionals in connection with legal, tax, accounting, regulatory, and other matters.

25.     With regard to the horizontal dimension test, it is standard practice for companies in the cryptocurrency industry to utilize the services provided by the Ordinary Course Professionals in connection with day-to-day operations. Therefore, employment and compensation of the Ordinary Course Professionals satisfies both the horizontal and vertical tests, and is therefore consistent with Bankruptcy Code § 363(c)(1).

**B.** **The Ordinary Course Professionals are not Professional Persons Under Bankruptcy Code § 327**

26.     The Ordinary Course Professionals should not be subject to the requirements of Bankruptcy Code § 327 because they are not "professional persons" within the meaning of Bankruptcy Code § 327(a). Under Bankruptcy Code § 327(a), a debtor "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, *or other professional persons* . . . to represent or assist the [debtor] *in carrying out the [debtor's] duties under this title."* 11 U.S.C. § 327(a) (emphasis added).

27.     "[N]ot all individuals normally considered as professionals are deemed professionals for purposes of Section 327." *U.S. ex rel. Kraft v. Aetna Cas. & Sur. Co.*, 43 B.R. 119, 121 (M.D. Tenn. 1984); *see also, e.g.*, *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (explaining that "it is not enough that the party be a professional by education or training" but that "he or she must also play an integral role in the administration of the bankruptcy case" to be considered a "professional person" under section 327(a)). Bankruptcy Code § 327(a) only requires the court's approval of a professional "to represent or assist the trustee in carrying out the trustee's duties under this title." Therefore, courts have required that the professional person's employment must specifically relate to the administration of the bankruptcy case, as opposed to the ordinary course operation of the debtor's business. *See, e.g.*, *In re Napoleon*, 233 B.R. at 913.

28.     Furthermore, the professional person's employment must be "central" to the administration of the estate, and Bankruptcy Code § 327(a) should only apply if the professional will play an intimate role in the reorganization of the debtor's estate. *In re Napoleon, 233 B.R. at 913; see also, e.g.*, *In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case" ); *In re Zais Inves.*

*Grade Ltd. VII*, No. 11-20243 (RTL), 2011 WL 4543215 at *2 (Bankr. D.N.J. Sept. 26, 2011)

("This court is of the opinion that court approval is not required for the Debtor to engage Cayman

Islands counsel for such non-bankruptcy legal services and to compensate the professional in

accordance with prior practice.").

29.     If the debtor is not seeking to employ a professional because of a need that arose

incident to the bankruptcy, Bankruptcy Code § 327 should not apply, regardless of whether the

professional's services are important to the debtor's business. *See In re Livore*, 473 B.R. 864, 870

(Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring

retention under section 327(a) because he "did not play an integral role in the administration of the

bankruptcy case"); *In re Zais Inves. Grade Ltd. VII*, No. 11-20243 (RTL), 2011 WL 4543215 at

*2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required

for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to

compensate the professional in accordance with prior practice."); *see also In re Johns–Manville

Corp.*, 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (lobbyists retained to perform services in the

ordinary course of debtor's business "performed a function completely external to the

reorganization process" and therefore were not professional persons requiring retention under

section 327(a)); *In re Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (holding that

maritime engineers employed in the course of Debtor's business would "play an important role in

the mechanics of [Debtor's] operation," but were not professionals requiring retention under

section 327(a) because their retention would not "affect the administration of [Debtor's]

reorganization.").

30.     Although the Ordinary Course Professionals provide valuable services for the

Debtors, their employment is not central to the reorganization of the Debtors' businesses.

Furthermore, it could hinder the administration of the Debtors' estates if the Debtors were required (a) to submit to the Court an application, declaration, and proposed retention order for each Ordinary Course Professional, (b) to wait until such order is approved before such Ordinary Course Professional continues to render services, and (c) to withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to Chapter 11 Professionals.

31.     Under such conditions, there is a risk that some Ordinary Course Professionals would be unwilling to provide services, and that others would suspend services pending a specific court order authorizing the services. Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace professionals could have adverse consequences on the Debtors' estates. For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the estates undoubtedly would incur additional and unnecessary expenses because the Debtors would have to retain other professionals without such background and expertise, at potentially higher rates. It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required.

32.     Moreover, the requested relief will allow the Debtors to avoid additional fees that such Ordinary Course Professionals would charge in connection with preparing and prosecuting numerous interim fee applications. Likewise, the procedures set forth above will relieve the Court, the United States Trustee, and other interested parties of the burden of reviewing a multitude of fee applications involving relatively small amounts of fees and expenses.

33.     To the best of the Debtors' knowledge, none of the Initial Ordinary Course Professionals represents or holds any interest materially adverse to the Debtors or to their estates with respect to the matter in which the Debtors employ such Ordinary Course Professional(s). Although certain of the Initial Ordinary Course Professionals may hold unsecured claims against one or more of the Debtors, the Debtors do not believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest.

34.     Courts in this district have consistently granted similar relief in other chapter 11 cases. *See e.g.,In re SLT Holdco, Inc.*, Case No. 20-18368 (MBK) (Bankr. D.N.J. Aug. 31, 2020); *In re Congoleum Corp.*, Case No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 19, 2020); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. June 28, 2017); *In re Cinram Grp., Inc.*, Case No. 17-15258 (VFP) (Bankr. D.N.J. Aug. 11, 2017); *In re Kid Brands, Inc.*, Case No. 14-22582 (DHS) (Bankr. D.N.J. Jul. 14, 2014).

**C.     Retroactive Relief is Appropriate**

35.     The Debtors request that the employment of the Ordinary Course Professionals be approved retroactively to the Petition Date, or in the case of Additional Ordinary Course Professionals, retroactively to the date of the filing of the Supplement or the applicable date of the engagement. The Debtors filed this Motion as a precautionary measure to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of the Chapter 11 Cases. Therefore, granting the relief requested in this Motion retroactive to the Petition Date will not prejudice any party in interest. Furthermore, even if the Ordinary Course Professionals were subject to the requirements of Bankruptcy Code § 327, the Court would have the authority to approve retroactive relief. *See, e.g., In re Arkansas Co., Inc.*, 798 F.2d 645, 648 (3d Cir. 1986) (holding "that the bankruptcy courts have the power to authorize retroactive

employment of counsel and other professionals under their broad equity power"). While the *Arkansas* case limits *nunc pro tunc* approval to cases involving extraordinary circumstances, courts have recognized that such "heightened showing" of extraordinary circumstances only applies "when there has been a months-long delay before seeking approval." *City of Rockford v. Mallinckrodt Plc (In re Mallinckrodt Plc)*, No. 21-398-LPS, 2022 WL 906451 at *22 (Bankr. D. Del. March 28, 2022); *see also, e.g.*, *In re Sound Radio, Inc.*, 145 B.R. 193, 205 n.18 (Bankr. D.N.J. 1992) (explaining that another court "held that thirty days from the commencement of the case . . . is the outer limit" for obtaining court approval and after that, "the applicant must show a reasonable explanation for the delay") (citing *In re Martin*, 102 B.R. 653 (Bankr. W.D. Tenn. 1989)).

36.     Based on the foregoing facts and circumstances, the Debtors submit that the employment and compensation of the Ordinary Course Professionals in the manner set forth above and in the proposed Order is supported by sound business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

## **Request for Waiver of Stay**

37.     To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate the business and preserve the value of the estates.

## Waiver of Memorandum of Law

38.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Notice

39.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

40.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the form attached hereto, granting the relief requested herein and such other relief as is just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

Respectfully Submitted,

Dated: December 19, 2022               /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: January 9, 2023 @ 10:00 am ET** |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through seven (7) and the exhibits hereto is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion")[1] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **Exhibit 1** (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| (Page 4) | |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

this Order and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional. The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order. Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.     Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional. Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form of **Exhibit 2** for filing with the Court and service upon (i) the United States Trustee, (ii) counsel to any official committee appointed in these cases (the "Committee"), and (iii) those parties that have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3**.

4.     The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit 1 (the

4

| (Page 5) | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

"Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to Exhibit B (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap, serving a copy of the Supplement on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file a Declaration within thirty (30) days of the filing of such Supplement.

5.      The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this Order or (ii) the service of any Declaration (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in Exhibit 1 or in any Supplement, as applicable, on average over any three month period on a rolling basis.

8.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with Bankruptcy Code §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those

| | |
|---|---|
| (Page 7) | |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

requested fees and expenses in excess of the Monthly Fee Cap.

9.      Within thirty (30) days after the end of, and with respect to, each full three month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements shall terminate upon confirmation of a plan in the Chapter 11 Cases.

10.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

12.     To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

13.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

## EXHIBIT 1

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Advokatfirmae Schjodt AS<br>    Attn: Hanne Worsoee Garnes<br>    Kongsgardbakken 3<br>    PB 444<br>    Savanger, Norway | Legal - Norway mining portfolio | $100,000 |
| Allen & Overy LLP<br>    Attn: Lorna Dougan<br>    1 Bishops Sq<br>    London, United Kingdom E1 6AD | Legal - Commercial contracts and international counsel | $9,500 |
| Bradley Arant Boult Cummings LLP<br>    Attn: Michael Burke<br>    One Federal Place, 1819 5th Avenue North<br>    Birmingham, Alabama 35203 | Legal - State securities law counsel | $3,500 |
| Brody and Browne LLP<br>    Attn: Anna Browne<br>    One Penn Plaza<br>    New York, New York 10119 | Legal - Employment counsel | $10,000 |
| CFGI<br>    1 Lincoln Street, Suite 1301<br>    Boston, Massachusetts 02111 | Accounting advisory - Tax advisory and prior year filing consulting | $20,000 |
| CohnReznick LLP<br>    14 Sylvan Way, 3rd Floor<br>    Parsippany, New Jersey 07054 | Auditor - 401k plan required audits | $30,000 |
| Conyers Dill and Pearman Limited<br>    Attn: Jannika Smith<br>    Clarendon House, 2 Church Street<br>    Hamilton, Bermuda HM 11 | Legal - Carribean region transactional counsel | $2,000 |
| Covington & Burling LLP<br>    Attn: Ebill Admin<br>    2301 Tower C, Yintai Center<br>    No. 2 Jianguomenwai Dajie<br>    Beijing, China 22000 | Legal - Financal services regulatory counsel | $44,000 |
| Davis Polk & Wardwell LLP<br>    Attn: Stanley Bazin<br>    Av. Brigadeiro Faria Lima, 3900<br>    11 andare - cj 1102<br>    Sao Paulo, Brazil 04538-132 | Legal - General transactional counsel | $90,000 |

| | | |
|---|---|---|
| Deloitte<br>　Attn: Ken Schulhof<br>　200 Berkley Street, 10th Floor<br>　Boston, Massachusetts 2116 | Tax - Tax preparation and advisory | $150,000 |
| Downs Rachlin Martin PLLC<br>　Attn: Joni Gingue<br>　Courthouse Plaza, 199 Main Street, 6th Floor<br>　Burlington, Vermont 5402 | Legal - State securities law counsel | $3,000 |
| GermanolawLLC<br>　Attn: Judith Germano<br>　460 Bloomfield Avenue<br>　Suite 200<br>　Montclair, New Jersey 7042 | Legal - NJ civil and criminal law counsel | $45,000 |
| Grant Thornton<br>　757 3rd Avenue #9<br>　New York, New York 10017-2013 | Auditor - Auditor for financial statements | $40,000 |
| Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP<br>　Attn: Bryan Rosenberg<br>　201 S. Main Street, Suite 700<br>　Ann Arbor, Michigan 48104 | Legal - Corporate counsel | $50,000 |
| Hodgson Russ LLP<br>　Attn: Michele Torba<br>　140 Pearl St, Suite 100<br>　Buffalo, New York 14202 | Legal - Immigration legal counsel | $25,000 |
| Hogan Lovells International LLP<br>　Attn: Electronic Billing<br>　Avenida Maisonnauve 22<br>　Alicante, Spain 3003 | Legal - UK regulatory counsel | $5,000 |
| Holland & Knight LLP<br>　Attn: Billing TeamE<br>　Al Masaood Tower, Nissan Show Room<br>　7th Floor<br>　Al Najda Street, United Arab Emirates 112738 | Legal - Defensive litigation counsel | $10,000 |
| Johnson Gardiner, Attorneys At Law<br>　51A St. Mary's Street<br>　St. John's, Antigua | Legal - Antigua and Barbuda litigation counsel | $40,000 |
| Katten Muchin Rosenman, LLP<br>　Attn: Katten E-Billing<br>　111 Congress Avenue<br>　Austin, Texas 78701-4143 | Legal - Commodities regulatory counsel | $5,000 |

| | | |
|---|---|---|
| King & Spalding LLP<br>    Attn: Amber Wills<br>    Level, Al Sila Tower Abu Dhabi<br>    Global Market Square<br>    PO Box 130522<br>    Abu Dhabi, United Arab Emirates | Legal - State securities law counsel | $1,000 |
| KPMG<br>    Dept 0511<br>    PO Box 120511<br>    Dallas, Texas 75312-0511 | Accounting advisory - Internal audit services | $150,000 |
| Linklaters LLP<br>    Attn: Adam Knight<br>    Al Sila Tower 1, Level 27<br>    Abu Dhabi Global Market Square<br>    Abu Dhabi, United Arab Emirates<br>    PO Box 144970 | Legal - Singapore legal counsel | $50,000 |
| Linklaters Singapore Pte. Ltd.<br>    Attn: Evelyn Hui<br>    One George Street #17-01<br>    Singapore, Singapore 49145 | Legal - Singapore legal counsel | $50,000 |
| Littler Mendelson, P.C.<br>    Attn: Electronic Billingadministrator<br>    6565 Americas Parkway NE, Suite 200<br>    Albuquerque, New Mexico 87110 | Legal - Employment counsel | $5,000 |
| Maynard, Cooper & Gale<br>    Attn: Ragan Barker<br>    1901 6th Ave. North, Suite 1700<br>    Birmingham, Alabama 35203 | Legal - State securities law counsel | $3,000 |
| McAfee & Taft A Professional Corporation<br>    Attn: Sharon Selby<br>    211 North Robinson<br>    Oklahoma City, Oklahoma 73102 | Legal - State securities law counsel | $3,000 |
| McLeod Law LLP<br>    Attn: Karan Jones<br>    14505 Bannister Road SE<br>    Calgary, Alberta, Canada T2X 3J3 | Legal - Canadian legal counsel | $25,000 |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>    Attn: MintzBilling Support<br>    One Financial Center<br>    Boston, Massachusetts 2111 | Legal - General transactional counsel | $10,000 |
| Morris Nichols Arsht & Tunnell | Legal - Delaware local counsel | $50,000 |

| | | |
|---|---|---|
| Attn: Derek Abbott<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19899-1347 | | |
| North River Global, LLC<br>251 East 51st Street, Suite 8A<br>New York, New York 10022 | Accounting advisory - Book keeping services | $20,000 |
| Osler Hoskin & Harcourt LLP<br>Attn: E-billing Team<br>P.O. Box 50, 1 First Canadian Place<br>Toronto, Ontario, Canada M5X 1B8 | Legal - Canadian legal counsel | $22,000 |
| Perkins Coie LLP<br>Attn: Electronic Billing Administrator Team<br>1029 West Third Ave., Suite 300<br>Anchorage, Alaska 99501 | Legal - State regulatory counsel | $35,000 |
| PKF O'Connor Davies LLP<br>245 Park Avenue<br>New York, New York 10167 | Auditor - Auditor for financial statements | $365,000 |
| Rath, Young and Pignatelli<br>Attn: Jeannine Bohi<br>One Capital Plaza<br>PO BOX 1500<br>Concord, New Hampshire 03302-1500 | Legal - State regulatory counsel | $1,000 |
| Richards and Company<br>Victoria Chambers<br>The Colony House, 41 Nevins Street<br>St. John's, Antigua | Legal - Antigua and Barbuda counsel | $1,000 |
| Rose Law Firm (Little Rock)<br>Attn: Cathy Robinson<br>120 East Fourth Street<br>Little Rock, Arkansas 77201-2893 | Legal - State regulatory counsel | $1,000 |
| Simmons & Simmons<br>Attn: Ediz Ali<br>PO Box 79023<br>Amsterdam, Netherlands 1070 NB | Legal - UK legal counsel | $8,000 |
| Starn O'Toole Marcus & Fisher<br>Attn: Chantal Lactaoen<br>733 Bishop Street, 19th Floor<br>Pacific Guardian Center, Makal Tower<br>Honolulu, Hawaii 96813 | Legal - State regulatory counsel | $1,000 |
| Stoll Keenon Ogden, PLLC | Legal - State regulatory counsel | $1,000 |

| | | |
|---|---|---|
| Attn: Michelle Bryant<br>One Main Street, Suite 201<br>Evansville, Indiana 47708 | | |
| Sullivan & Cromwell LLP<br>Attn: Adela Ceron<br>20th Floor, Alexander House, 18<br>Chater Road<br>Hong Kong, Hong Kong | Legal - Federal securities law counsel | $100,000 |
| Walkers<br>Attn: Michael Rivers<br>5th Floor, The Exchange Building<br>PO Box 506513, DIFC<br>Dubai, United Arab Emirates | Legal - Non-bankruptcy international legal work | $50,000 |
| Ward and Smith, P.A.<br>Attn: Sara Jones<br>82 Patton Avenue<br>Suite 300<br>Asheville, North Carolina 28802 | Legal - State regulatory counsel | $35,000 |
| White & Case LLP<br>Attn: Lisa Bottone<br>16 Al Sila Tower<br>Abu Dhabi Global Market Square<br>Abu Dhabi, United Arab Emirates | Legal - General transactional counsel | $30,000 |

## **EXHIBIT 2**

**Form of Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | |
| Debtors.[1] | Case No. 22-19361 (MBK) |
| | (Jointly Administered) |

## DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED
## ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

1.        I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi
Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products
LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service
address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

2.      BlockFi Inc. and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases. The Company does not perform services for any such person in connection with these cases. In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      The Company believes that the Debtors owe it [**$Amount**] for prepetition services.

7.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

2

8.      I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
[**Declarant**]

## <u>Exhibit 3</u>

**Form Retention Questionnaire**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## RETENTION QUESTIONNAIRE

## TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTORS

### Do not file this Questionnaire with the Court. Please return it to:

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtor held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtor held individually by any
member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the
Debtor or to its estate with respect to the matters on which the above-named
firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and information.

Dated:_____, 2023

                                                        [Name]
                                                        [Title]
                                                        [Firm]