**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br><div align="right">Debtors.[1]</div> | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: January 9, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: January 2, 2023**<br>**Oral Argument Waived Unless Objections Timely**<br>**Filed** |

<div align="center">

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND**
**ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF**
**BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL**
**LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND**
**(II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING**
**THE RESTRUCTURING, SETTLEMENT, OR OTHER**
**MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN**
**OBLIGATIONS**

</div>

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that on January 9, 2022 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First Day Motions* and the *Declaration of Mark A. Renzi in Support of Debtors' Second Day Motions*, which sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official

website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable

Document Format (PDF), and shall be served in accordance with the General Order and the

Supplemental Commentary, so as to be received no later than seven (7) days before the hearing

date set forth above.

   **PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief

requested may be granted without further notice or hearing.


Dated: December 19, 2022     /s/ *Michael D. Sirota*

          **COLE SCHOTZ P.C.**
          Michael D. Sirota, Esq. (NJ Bar No. 014321986)
          Warren A. Usatine, Esq. (NJ Bar No. 025881995)
          Court Plaza North, 25 Main Street
          Hackensack, New Jersey 07601
          (201) 489-3000
          msirota@coleschotz.com
          wusatine@coleschotz.com

          **KIRKLAND & ELLIS LLP**
          **KIRKLAND & ELLIS INTERNATIONAL LLP**
          Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
          Christine A. Okike, P.C. (admitted *pro hac vice*)
          601 Lexington Avenue
          New York, New York 10022
          (212) 446-4800
          jsussberg@kirkland.com
          christine.okike@kirkland.com

          **HAYNES AND BOONE, LLP**
          Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
          Kenric D. Kattner, Esq. (admitted *pro hac vice*)
          30 Rockefeller Plaza, 26th Floor
          New York, New York 10112
          (212) 659-7300
          richard.kanowitz@haynesboone.com
          kenric.kattner@haynesboone.com

          *Proposed Attorneys for Debtors and*
          *Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

<div style="text-align:center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

<div style="text-align:center">

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS**

</div>

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 9007 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## General Background

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), which was filed on the Petition Date and is incorporated by reference herein and the *Declaration of Mark A. Renzi in Support of Debtors' Second Day Motions* (the "<u>Second Day Declaration</u>").

5.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and to date no official committees have been appointed or designated.

6.      On November 29, 2022, this Court entered an order granting the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). The Debtors' cases are being jointly administered under lead Case No. 22-19361 [Docket No. 42].

### The Debtors' Institutional Loan Portfolio

7.      As described in the First Day Declaration, BlockFi's clients fall into two broad categories: retail clients and institutional clients. On the institutional client side, one of BlockFi's key business segments is originating and servicing loans to institutional clients, or borrowing from institutional clients, including hedge funds, market makers, proprietary trading firms, over-the-counter trading desks, and other corporations (collectively, "<u>Institutional Clients</u>"). Through BlockFi's platform, Institutional Clients were able to obtain or provide digital asset or U.S. dollar financing on a secured or unsecured basis depending on BlockFi's assessment of a particular borrower's creditworthiness. BlockFi's[2] current institutional loan portfolio (the "<u>BlockFi</u>

---

[2] Debtor BlockFi International Ltd. ("<u>BlockFi International</u>") is the lender with respect to certain of the loans in the BlockFi Institutional Loan Portfolio. To the extent that BlockFi International is a party to an applicable loan, BlockFi

Institutional Loan Portfolio")[3] has a total aggregate notional value of (as of December 19, 2022) of approximately $948,000,000.

8.      One of the categories of loans in the BlockFi Institutional Loan Portfolio consists of loan agreements without a specified maturity date that remain subject to being called or prepaid at BlockFi's discretion (the "Callable Loans"). Prior to the Petition Date, BlockFi called a majority of the existing Callable Loans and began the process of unwinding these loans.

9.      A second category of loans in the BlockFi Institutional Loan Portfolio consists of equipment loans made to crypto miners for the purchase or financing of crypto-mining equipment (the "Crypto Mining Loans"). In light of the general downturn in the crypto market, a number of borrowers under the Debtor's Crypto Mining Loans are in default. The Debtors are currently in the process of negotiating with certain of those defaulted borrowers to address the repayment of their loans and the potential need to exercise BlockFi's rights and remedies under those loans, including with respect to the collateral securing those loans.  In some instances, the Debtors are pursuing (or may need to commence) collection efforts, including foreclosure, with respect to certain of the defaulted Crypto Mining Loans and the collateral securing those loans.

10.      The remaining loans in the BlockFi Institutional Loan Portfolio are a combination of secured and unsecured loans to a variety of Institutional Clients.

---

International will further comply with all requirements for seeking and obtaining order(s) and/or approval(s) in the parallel joint provisional liquidation proceedings currently pending in the Supreme Court of Bermuda (the "Bermuda JPL Proceedings"), before taking any steps otherwise authorized by any order made on this Motion with regard to those loans.

[3] Although the Debtors' institutional loan portfolio includes a limited number of loans to certain qualified and eligible individuals, the Debtors are not requesting relief through the Motion with respect to any loans to such individuals. As such, the definition "BlockFi Institutional Loan Portfolio" herein includes only loans with BlockFi's Institutional Clients.

### A.      Loan Servicing and Administration

11.     BlockFi uses a third-party loan servicer to service its retail loan portfolio. In contrast, BlockFi services and administers the BlockFi Institutional Loan Portfolio in-house. BlockFi's loan servicing and administration functions fall into two general categories: (i) general loan servicing and administration activities in connection with performing loans and (ii) loan servicing and administration activities in connection with under-performing, delinquent, and/or defaulted loans.

### i.      Servicing Activities for Performing Loans

12.     BlockFi's ordinary course loan servicing and administration activities for performing loans includes, among other things, the following (the "<u>Performing Loan Servicing Activities</u>"):

   a.      collecting and accounting for loan payments received from borrowers, including payments of principal and interest;

   b.      collecting and accounting for collateral return from lenders where BlockFi is acting as a borrower;

   c.      executing rights under loan agreements for Callable Loans;

   d.      verifying borrower and lender compliance with loan terms;

   e.      providing notices and engaging in other routine communications with borrowers;

   f.      responding to borrower inquiries; and

   g.      all other matters of administration relating to the servicing and administering of performing loans in the BlockFi Institutional Loan Portfolio.

13.     BlockFi's Performing Loan Servicing Activities are conducted by specific BlockFi employees whose day-to-day job descriptions include, among other things, carrying out the Performing Loan Servicing Activities. To avoid harm to the Debtors' business and preserve the

value of their estates, it is important for the Debtors to continue engaging in the Performing Loan

Servicing Activities without disruption.

### ii.        Servicing Activities for Non-Performing Loans

14.        During the life of a loan, a borrower may experience financial difficulties or

otherwise have difficulty in meeting the repayment obligations on a loan. In situations where a

BlockFi institutional borrower has become delinquent in complying with its loan obligations,

BlockFi's customary practice is to first attempt to counsel or otherwise work with its borrowers to

address the defaults and facilitate payment through deferments, forbearances, or loan

modifications ("Deferment and Forbearance Arrangements"), as opposed to immediately

terminating the loan, accelerating the maturity, and/or commencing foreclosure proceedings or

collections lawsuits against a borrower. The Deferment and Forbearance Arrangements may

include adjustments to monthly payment amounts, payment deferrals, interest rate adjustments

(both increases and decreases), and extensions of loan maturities. The Deferment and Forbearance

Arrangements do not include reductions of the principal amount of a loan. The Deferment and

Forbearance Arrangements may also include either the imposition or waiver of added fees and

penalties. BlockFi's Deferment and Forbearance Arrangements are intended to maximize

collections and to avoid litigation, foreclosure, and other more aggressive, and expensive,

collection activities.

15.        Only when BlockFi's Deferment and Forbearance Arrangements fail, or when a

borrower's financial situation is such that Deferment and Forbearance Arrangements are unlikely

to remediate the situation, does BlockFi declare a default and accelerate loan maturity. Once a loan

has been declared in default and accelerated, BlockFi will work to collect on the loan by pursuing

one or more of the following actions: (i) commencing a private or court-administered foreclosure

process, as applicable, if the loan is collateralized (each, a "Foreclosure"); (ii) commencing a collection action in an applicable court of competent jurisdiction (each, a "Collection Suit"); or (iii) engaging in a loan restructuring, settlement, or other workout (each, a "Workout", and together with Foreclosures and Collection Suits, the "Enforcement and Collection Actions"). BlockFi typically engages outside counsel to assist it in conducting Enforcement and Collection Actions.

16.    There are specific BlockFi employees whose day-to-day job descriptions include, among other things, working with delinquent borrowers and entering into Deferment and Forbearance Arrangements to maximize collections. Similarly, there are specific BlockFi employees tasked with Enforcement and Collection Actions, including retaining and working with outside counsel to pursue such Enforcement and Collection Actions. To maximize the value of their estates and continue operating their businesses in the ordinary course, it is important for the Debtors to continue engaging in Forbearance Arrangements and Enforcement and Collection Actions in the ordinary course of business.

### B. Workouts and Settlements

17.    In the course of pursuing Enforcement and Collection Actions, BlockFi, with the advice and assistance of counsel, may determine in its business judgment that it is in the best interests of the Debtors and their estates to enter into a Workout or other settlement[4] with respect to a defaulting borrower's loan obligations. Any such Workout or settlement may include an agreement to reduce the total principal amount owed by a particular borrower or otherwise include a compromise of such borrower's obligations under the applicable loan.

18.    As a lender, BlockFi's entry into Workouts and settlements with defaulted borrowers is an action conducted in the ordinary course of BlockFi's business. Nevertheless, out

---

[4] For the avoidance of doubt, for loans where BlockFi International is the lender, BlockFi International will seek further relief in the Bermuda JPL Proceedings as appropriate.

of an abundance of caution, through this Motion, the Debtors request that this Court enter an order establishing procedures for the disclosure and approval of BlockFi's entry into Workouts or settlements that would result in a reduction in the total principal amount owed by any borrower under any applicable loans within the BlockFi Institutional Loan Portfolio.

### **Relief Requested**

19.    Through this Motion, the Debtors request entry of an order substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order").

### A.  **Ordinary Course Loan Servicing and Administration Activities**

20.    Through this Motion, the Debtors request entry of an order, authorizing, but not directing, BlockFi to continue in the ordinary course of business to engage in (a) Performing Loan Servicing Activities, (b) working with delinquent borrowers including by entering into Forbearance and Deferment Arrangements, and (c) pursuing Enforcement and Collection Actions.

### B.  **Loan Modification Procedures**

21.    To the extent that the Debtors determine in their business judgment that it is in the best interests of the Debtors and their estates to enter into a Workout or other settlement with a borrower that would result in a payment of less than the total principal amount of an outstanding loan (a "Loan Settlement Agreement") within the BlockFi Institutional Loan Portfolio, the Debtors request approval of the following procedures for the disclosure and approval of any such Loan Settlement Agreement (the "Loan Settlement Procedures") which are intended to apply to the BlockFi Institutional Loan Portfolio with the exception of b. which shall not apply to those loans held by BlockFi International:[5]

> a.    Any Loan Settlement Agreement entered into by the Debtors and a borrower (a "Defaulting Borrower") party to a loan in the BlockFi Institutional Loan

---

[5] For the avoidance of doubt, BlockFi International will seek additional appropriate relief in connection with the Bermuda JPL Proceedings.

Portfolio (a "<u>Defaulted Loan</u>") shall be entered into subject to compliance with these Loan Settlement Procedures.

b.    The Debtors may enter into and consummate Loan Settlement Agreements with Defaulting Borrowers without further order of this Court or notice to or approval of any party where the Loan Settlement Agreement settles a Defaulted Loan with a total outstanding principal amount of less than $5 million.

c.    At least seven (7) calendar days before the effective date of any Loan Settlement Agreement (the "<u>Agreement Effective Date</u>") agreed to by the Debtors and a Defaulting Borrower to settle a Defaulted Loan with an outstanding principal amount of $5 million or more, the Debtors will provide notice (the "<u>Notice</u>") by email to counsel of record for any official committee appointed in these Chapter 11 Cases (each, a "<u>Committee</u>") and the U.S. Trustee (the "<u>Notice Parties</u>") of the existence of the Loan Settlement Agreement and the applicable Agreement Effective Date, together with (i) a copy of the applicable Loan Settlement Agreement, and (ii) a form of order to be submitted to the Court authorizing the entry into and performance under the Loan Settlement Agreement, substantially in the form attached to this Motion as **Exhibit B** (the "<u>Proposed Loan Settlement Agreement Order</u>"). The Debtors shall also, contemporaneously with providing the Notice, file a notice on the bankruptcy docket substantially in the form of notice attached to the Motion as **Exhibit C** (the "<u>Settlement Notice</u>").

d.    Confidential economic terms may be redacted from the Loan Settlement Agreement and related materials may not be provided to the members of a Committee. Such terms will be provided to a Committee's professionals on a "professionals' eyes only" basis and subject to such confidentiality provisions acceptable to the Debtors and the counterparty(ies) of the Loan Settlement Agreement; provided that the advisors to a Committee may provide unredacted copies of the Loan Settlement Agreements (or summaries thereof) to members of such Committee and such Committee members' respective advisors who (1) are not (i) borrowers party to any loans in the BlockFi Institutional Loan Portfolio, (ii) direct or indirect competitor of BlockFi, or (iii) affiliates of any party enumerated in the foregoing (i) or (ii); and (2) have executed or implemented appropriate restrictions to maintain the confidentiality of such confidential terms.

e.    The Notice Parties shall have ten (10) calendar days after receipt of a Notice of a Loan Settlement Agreement to file an objection with the Court (with a copy to Debtors' counsel) opposing the entry of the applicable Proposed Loan Settlement Agreement Order and approval of such Loan Settlement Agreement. If a Notice Party files such an objection, the Loan Settlement Agreement shall not become effective pending further order of the Court. If such an objection is timely filed, the Debtors shall schedule a hearing before the Court at the earliest possible date with notice to the Notice Parties and parties who have requested notices in the Chapter 11 cases for a determination on the filed objection and

9

the Debtors' request for approval to enter into and perform under the applicable Loan Settlement Agreement(s).

f.    If the Notice Parties do not file an objection on or before the tenth (10th) calendar day after receipt of the Notice, the Debtors will submit the applicable Proposed Loan Settlement Agreement Order to the Court for entry without the need for any further notice or hearing. Upon entry by the Court of the applicable Proposed Loan Settlement Agreement Order, the Debtors shall be authorized to immediately enter into and consummate the applicable Loan Settlement Agreement in accordance with its terms.

## Basis for Relief Requested

### A. Ordinary Course Loan Servicing and Administration Activities

22.    Section 363 of the Bankruptcy Code provides for a debtor's use, sale, or lease of property in the ordinary course of business, pursuant to section 363(c)(1). In particular, section 363(c)(1) of the Bankruptcy Code provides that:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204 or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). Section 363(c) is intended to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unnecessary oversight by creditors or the court. *See In re Roth American, Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets") (internal quotations marks omitted); *In re Vision Metals, Inc.*, 325 B.R. 138, 145 (Bankr. D. Del. 2005) (same).

23.    Included within the purview of section 363(c) of the Bankruptcy Code is a debtor's ability to continue "routine transactions." See, e.g., *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007) (observing that courts have shown a reluctance to interfere in a

10

debtor's routine day-to-day business decisions); *Vision Metals*, 325 B.R. at 142 ("[W]hen a chapter 11 debtor in possession continues to operate its business, as permitted by section 1108, no court authorization is necessary for the debtor to enter transactions that fall within the ordinary course of its business."). Here, the Debtors' activities relating to the performance of Performing Loan Servicing Activities, entering into Forbearance and Deferment Arrangements, and conducting Enforcement and Collection Actions are the types of ordinary-course, routine activities contemplated by section 363(c)(1) of the Bankruptcy Code.

24.     Further, similar relief has been granted in the chapter 11 cases of numerous other loan originators, lenders, and/or servicers. See, e.g., *In re Kabbage, Inc.*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 21, 2022) [docket No. 140] (authorizing the debtors to continue servicing and subservicing activities); *In re Ditech Holding Corp.*, No. 19- 10412 (JLG) (Bankr. S.D.N.Y. Feb. 11, 2019) [Docket No. 224] (authorizing debtors to continue, among other things, (a) forward mortgage origination activities; (b) forward mortgage servicing activities; (c) honoring compliance and regulatory obligations; and (d) paying prepetition amounts due to critical vendors); *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 11, 2019) [Docket No. 229] (authorizing debtors to continue, among other things, (a) servicing reverse mortgages, (b) honoring compliance and regulatory obligations, and (c) paying prepetition amounts due to critical vendors); *In re Stearns Holdings, LLC*, No. 19-12226 (SCC) (Bankr. S.D.N.Y. Jul. 31, 2019) (authorizing the debtors to continue origination and servicing of mortgage loans in the ordinary course of business); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Jun. 15, 2012) [Docket No. 401] (authorizing debtors to continue, among other things, (a) servicing government sponsored loans, and (b) paying certain prepetition amounts due to critical servicing vendors); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Jun. 15, 2012) [Docket No.

402] (authorizing debtors to continue, among other things, servicing private label mortgage loans);

*In re Capmark Fin. Grp. Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Nov. 24, 2009) [Docket

No. 334] (authorizing debtors to continue, among other things, operating their servicing business

in the ordinary course of business); *In re Thornburg Mort., Inc.*, No. 09-17787 (DWK) (Bankr. D.

Md. May 6, 2009) [Docket No. 49] (authorizing debtors to continue, among other things, mortgage

loan servicing, auditing, and fulfillment services in the ordinary course of business); *In re Aegis*

*Mortg. Corp.*, No. 07-11119 (BLS) (Bankr. D. Del. Aug. 15, 2007) [Docket No. 35] (authorizing

debtors to, among other things, (a) continue performing under existing subservicing agreements,

and (b) enter into new subservicing agreements); *In re Am. Home Mortg. Holdings, Inc.*, Case No.

07-11047 (CSS) (Bankr. D. Del. Aug. 7. 2007) [Docket No. 66] (authorizing debtors to, among

other things, perform their securitization servicing functions); *In re Mortg. Lenders Network USA,*

*Inc.*, No. 07-10146 (PJW) (Bankr. D. Del. Mar. 19, 2007) [Docket No. 304] (authorizing debtors

to, among other things, pay amounts or honor liabilities accrued prepetition in the ordinary course

of its loan servicing business).

25.    Accordingly, there is good cause for the Court to enter an order authorizing BlockFi

to continue its ordinary course business activities by continuing to perform Performing Loan

Servicing Activities, continuing to work with delinquent borrowers (including by entering into

Forbearance and Deferment Arrangements), and continuing to pursue Enforcement and Collection

Actions.

### B.  Loan Settlement Procedures

26.    The Debtors believe that the entry into loan settlement agreements with their

borrowers is within the ordinary course of the Debtors' business. Such transactions are necessary

for the ongoing operations of the Debtors and are customary in the Debtors' industry, as well as

the larger lending industry more generally. Accordingly, such transactions are authorized pursuant to sections 363(c)(1) and 1108 of the Bankruptcy Code. However, out of an abundance of caution, the Debtors are seeking approval of Loan Settlement Procedures under sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules to enable the Debtors' continued operations during the pendency of these chapter 11 cases in the most cost-effective and time-efficient manner.

27.     The Court has broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The "provisions of this title," id., include the right to seek Court approval to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Debtors also have the right to seek Court approval of compromises under Bankruptcy Rule 9019.

28.     Motions to use estate property outside the ordinary course and to approve compromises are subject to certain notice and hearing requirements. *See*, *e.g.*, Bankruptcy Rule 2002(a)(2) & (3). The Court has authority under Bankruptcy Rule 9007 to vary these notice and hearing requirements in appropriate circumstances. See also 11 U.S.C. § 102(1) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances….").

29.     The Debtors respectfully submit that approval of the Loan Settlement Agreements via the Loan Settlement Procedures proposed herein is "appropriate" (11 U.S.C. § 105(a)) to carry out the provisions of the Bankruptcy Code and provides "such opportunity for a hearing as is appropriate in the particular circumstances" 11 U.S.C. § 102(1)(a). Further, courts have established similar settlement procedures in other chapter 11 cases. *In re Capmark Fin. Grp. Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Apr. 19, 2010) [Docket No. 1063] (establishing procedures for

the restructuring, sale, and settlement of certain loans); *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2019) [Docket No. 5187] (authorizing the establishment of procedures for the debtors to compromise or settle claims in respect of real estate loans); *In re Am. Home Mortg. Holdings, Inc.*, Case No. 07-11047 (CSS) (Bankr. D. Del. Nov. 28, 2007) [Docket No. 2209] (approving omnibus settlement procedures for notice and settlement of causes of action filed by the debtors).

30.     Because the terms of any given loan settlement or workout are confidential, it is appropriate to limit notice of the specific terms of the loan settlement to the Committee and the U.S. Trustee. Moreover, to ensure that no member of the Committee who is a borrower or competitor obtains an unfair advantage or access to the confidential settlement terms of a particular Loan Settlement Agreement, the confidentiality obligations contained in the Loan Settlement Procedures are appropriate and intended to preserve value for the Debtors and their estates. For example, because the Debtors may engage with multiple borrowers to resolve defaulted or otherwise unpaid loans, it is important for the Debtors to retain the specific terms, and in particular the financial terms, of any particular loan settlement confidential to allow the Debtors to negotiate and settle other defaulted loans on the most favorable terms possible. Notably, the financial terms of any particular settlement will likely be affected by numerous factors and variables that are likely to make each settlement unique and that may not be applicable in the context of other defaulted loans. As such, the settlement terms of one defaulted loan may differ from the terms of other defaulted loans for a wide variety of reasons and it would be detrimental to the Debtors and their estates if the disclosed terms of a settlement are used by other borrowers as a basis for seeking settlement that, in the Debtors' business judgment, would not be in the best interests of the Debtors and their estates.

31.     The Loan Settlement Procedures provide a streamlined process for the Debtors to obtain approval of and enter and consummate Loan Settlement Agreements in the ordinary course of business, while also providing the Notice Parties a reasonably opportunity to review and object to each Loan Settlement Agreement. If and to the extent a written objection is timely made, approval of the applicable Loan Settlement Agreement will be subject to a hearing and entry of an order by this Court.

32.     The Debtors submit that the Loan Settlement Procedures provide for appropriate oversight and review by the Notice Parties to ensure that each contemplated Loan Settlement Agreement is in the best interests of the Debtors and their estates, while also providing for Court review if the Debtors and the Notice Parties are unable to address the Notice Parties' concerns. As such, the Loan Settlement Procedures balance the need for review and oversight with the Debtors' need to expeditiously pursue and implement Workouts of loans in the BlockFi Institutional Loan Portfolio in a manner that preserves and maximizes the value of the Debtors' estates.

## Scope of Motion

33.     This Motion does not cover all aspects of the Debtors' business. Whether or not a business activity is described in this Motion, and whether or not the Debtors seek an order with respect to the continuation of such activity, if the activity is of the nature of an activity that the Debtors conduct in the ordinary course of business, the Debtors intend to continue to conduct such activity after the Petition Date pursuant to the authority granted to them by section 363(c) of the Bankruptcy Code. The absence of a description of a particular activity or request for specific relief related to the Debtors' servicing business should not be considered a limitation of the rights of the Debtors to conduct their business and manage their assets in the ordinary course without specific prior Court approval.

## **Waiver of Memorandum of Law**

34.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **No Prior Request**

35.     No prior request for the relief sought in this Motion has been made to this Court

or any other court.

## **Notice**

36.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the United States Trustee for the District of

New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest

unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the

District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states

where the Debtors conduct their business operations; and (f) any party that has requested notice

pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in

view of the facts and circumstances, such notice is sufficient and no other or further notice need

be provided.

     **WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

16

Respectfully Submitted,

Dated: December 19, 2022

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

## **EXHIBIT A**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**January 9, 2023 at 10:00 a.m. (ET)** |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND
(II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
THE RESTRUCTURING, SETTLEMENT, OR OTHER**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

(Page 2)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

**MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS**

The relief set forth on the following pages, numbered three (3) through nine (9) is

**ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

Upon consideration of the motion (the "Motion")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an administrative order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                   (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
                   ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
                   BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
                   LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II)
                   AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
                   THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS
                   OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** as set forth herein.

### A.  Ordinary Course Loan Servicing and Administration of Performing Loans

2.      The Debtors are authorized but not directed, to continue in the ordinary course of

business, taking the following actions in connection with the BlockFi Institutional Loan Portfolio

(the "Performing Loan Servicing Activities"):

> a.  Collecting and accounting for loan payments received from borrowers, including payments of principal and interest;
>
> b.  Verifying borrower and lender compliance with loan terms;
>
> c.  Providing notices and engaging in other routine communications with borrowers;
>
> d.  Responding to borrower inquiries; and
>
> e.  All other matters of general servicing and administration relating to the servicing and administering of performing loans in the BlockFi Institutional Loan Portfolio.

### B.  Ordinary Course Loan Servicing of Underperforming and Defaulted Loans

3.      The Debtors are further authorized to continue engaging in ordinary course

deferment and forbearance arrangements with borrowers of loans included in the BlockFi

(Page 5)
Debtors:              BlockFi Inc.
Case No.              22-19361(MBK)
Caption of Order:     ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                      (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
                      ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
                      BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
                      LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II)
                      AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
                      THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS
                      OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

Institutional Loan Portfolio, which may include, without limitation (the "Deferment and

Forbearance Arrangements"):

    a.  adjustments to monthly payment amounts, payment deferrals, interest rate
        adjustments (both increases and decreases), and extensions of loan maturities;
        and

    b.  the imposition, in accordance with applicable law and the Debtors' applicable
        loan agreements with their borrowers, or waiver of fees and other penalties.

    4.      For the avoidance of doubt, the Deferment and Forbearance Arrangements shall not

include agreements by the Debtors to reduce the principal amount of loans in the BlockFi

Institutional Loan Portfolio.

    5.      The Debtors are further authorized to take the following actions to collect, recover,

and otherwise exercise remedies with respect to past-due or defaulted loans in the BlockFi

Institutional Loan Portfolio:

    a.  To commence or continue private or court-administered foreclosure
        procedures, as applicable, or otherwise seek to recover collateral for secured
        loans (a "Foreclosure");

    b.  To commence or continue one or more collection actions in an applicable court
        to seek recovery from the applicable borrowers, guarantors, or other responsible
        parties in connection with an applicable loan in the BlockFi Institutional Loan
        Portfolio (a "Collection Suit");

    c.  To otherwise negotiate with or engage in a loan restructuring, settlement, or
        other workout with a borrower, guarantor, or other responsible party (a
        "Workout", and together with a Foreclosure and a "Collection Suit" the
        "Enforcement and Collection Actions"); and

    d.  To retain counsel and other applicable advisors, in a manner consistent with the

(Page 6)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                    (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
                    ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
                    BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
                    LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II)
                    AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
                    THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS
                    OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

        Bankruptcy Code and other applicable Orders of the Court, to aid and assist the
        Debtors in pursuing Enforcement and Collection Actions.

        6.      With respect to BlockFi International, the Performing Loan Servicing Activities,

Deferment and Forbearance Arrangements, and Enforcement and Collection Actions shall be

conducted subject to entry of such order(s) or approval(s) as may be required authorizing such

activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of

Bermuda.

   **C.  Loan Settlement Procedures**

        7.      To the extent that the Debtors wish to enter into any Workouts or settlements

("Loan Settlement Agreements") with borrowers that would result in a reduction in the principal

amount owed to the Debtors within the BlockFi Institutional Loan Portfolio, the Debtors shall

comply with the following procedures (the "Loan Settlement Procedures") except that b. below

shall not apply to applicable loans held by BlockFi International:

        a.      Any Loan Settlement Agreement entered into by the Debtors and a borrower (a
                "Defaulting Borrower") party to a loan in the BlockFi Institutional Loan
                Portfolio (a "Defaulted Loan") shall be entered into subject to compliance with
                these Loan Settlement Procedures.

        b.      The Debtors may enter into and consummate Loan Settlement Agreements with
                Defaulting Borrowers without further order of this Court or notice to or
                approval of any party where the Loan Settlement Agreement settles a Defaulted
                Loan with a total outstanding principal amount of less than $5 million.

        c.      At least seven (7) calendar days before the effective date of any Loan Settlement
                Agreement (the "Agreement Effective Date") agreed to by the Debtors and a

(Page 7)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                    (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
                    ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
                    BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
                    LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II)
                    AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
                    THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS
                    OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

Defaulting Borrower to settle a Defaulted Loan with an outstanding principal amount of $5 million or more, the Debtors will provide a notice (the "Notice") by email to counsel of record for any official committee appointed in these Chapter 11 Cases (each, a "Committee") and the U.S. Trustee (together, the "Notice Parties") of the existence of the Loan Settlement Agreement and the applicable Agreement Effective Date, together with (i) a copy of the applicable Loan Settlement Agreement, and (ii) a form of order to be submitted to the Court authorizing the entry into and performance under the Loan Settlement Agreement, substantially in the form attached to the Motion as Exhibit B (the "Proposed Loan Agreement Order"). The Debtors shall also, contemporaneously with providing the Notice file a notice on the bankruptcy docket substantially in the form of notice attached to the Motion as Exhibit C (the "Settlement Notice").

d.  Confidential economic terms may be redacted from the Loan Settlement Agreement and related materials may not be provided to the members of a Committee. Such terms will be provided to a Committee's professionals on a "professionals' eyes only" basis and subject to such confidentiality provisions acceptable to the Debtors and the counterparty(ies) of the Loan Settlement Agreement; provided that the advisors to a Committee may provide unredacted copies of the Agreements (or summaries thereof) to members of the committee and such Committee members' respective advisors who (1) are not (i) borrowers part to any loans in the BlockFi Institutional Loan Portfolio, (ii) direct or indirect competitor of BlockFi, or (iii) affiliates of any party enumerated in the foregoing (i) and (ii) and (2) have executed or implemented appropriate restrictions to maintain the confidentiality of such confidential terms.

e.  The Notice Parties shall have ten (10) calendar days after receipt of a Notice of a Loan Settlement Agreement to file an objection with the Court (with a copy to Debtors' counsel) opposing the entry of the applicable Proposed Loan Settlement Agreement Order and approval of such Loan Settlement Agreement. If a Notice Party files such an objection, the Loan Settlement Agreement shall not become effective pending further order of the Court. If such an objection is timely filed, the Debtors shall schedule a hearing before the Court at the earliest possible date with notice to the Notice Parties and parties who have requested notices in the Chapter 11 Cases for a determination on the filed objection and

(Page 8)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

the Debtor's request for approval to enter into and perform under the applicable Loan Settlement Agreement(s).

f.  If the Notice Parties do not file an objection on or before the tenth (10th) calendar day after receipt of the Notice, the Debtors will submit the applicable Proposed Loan Settlement Agreement Order to the Court for entry without the need for any further notice or hearing. Upon entry by the Court of the applicable Proposed Loan Settlement Agreement Order, the Debtors shall be authorized to immediately enter into and consummate the applicable Loan Settlement Agreement in accordance with its terms.[2]

8.      The Debtors are authorized to take all actions as may be required or necessary in order to implement the terms of the Settlement Agreement and the relief granted pursuant to this Order, subject to the respective terms thereof. The parties to the Settlement Agreement are directed to cooperate with the Debtors in carrying out all actions necessary and appropriate to implement the terms of this Order.

9.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

---

[2] Notwithstanding the foregoing, the Loan Settlement Procedures and any approval of a Proposed Loan Settlement Agreement with respect to a loan where BlockFi International is the lender, shall be subject to entry of such order(s) or approval(s) as may be required authorizing such activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda. Individual Loan Settlement Orders with respect to applicable loans held by BlockFi International shall also not be necessary in the form set out in Exhibit B. An alternative, but broadly similar, process shall be carried out subject to entry of such order(s) or approval(s) as may be required authorizing such activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

8

(Page 9)
Debtors:                BlockFi Inc.
Case No.                22-19361(MBK)
Caption of Order:       ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                        (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
                        ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
                        BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
                        LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II)
                        AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
                        THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS
                        OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

10.     Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or

any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall

be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

## **EXHIBIT B**

**FORM OF PROPOSED ORDER APPROVING INDIVIDUAL INSTITUTIONAL LOAN
SETTLEMENTS**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> **COLE SCHOTZ P.C.** <br> Michael D. Sirota, Esq. (NJ Bar No. 014321986) <br> Warren A. Usatine, Esq. (NJ Bar No. 025881995) <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> (201) 489-3000 <br> msirota@coleschotz.com <br> wusatine@coleschotz.com <br><br> **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Joshua A. Sussberg, P.C. (admitted *pro hac vice*) <br> Christine A. Okike, P.C. (admitted *pro hac vice*) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> (212) 446-4800 <br> jsussberg@kirkland.com <br> christine.okike@kirkland.com <br><br> **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Kenric D. Kattner, Esq. (admitted *pro hac vice*) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> kenric.kattner@haynesboone.com <br><br> *Proposed Attorneys for Debtors and Debtors in Possession* | |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br>      Debtors.[1] | Chapter 11 <br> Case No. 22-19361 (MBK) <br> (Jointly Administered) |

## ORDER GRANTING THE DEBTORS AUTHORITY TO ENTER INTO RESTRUCTURING OR SETTLEMENT AGREEMENT WITH [--]

The relief set forth on the following pages, numbered two (2) through three (3) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)

Debtors:          BlockFi Inc.
Case No.          22-19361(MBK)
Caption of Order:  ORDER GRANTING DEBTORS' AUTHORITY TO ENTER INTO
                   RESTRUCTURING SETTLEMENT AGREEMENT WITH [-]

Pursuant to the *Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Settlement Procedures Order")[1] [Docket No. __] entered by the Court on _____, 2023, authorizing and approving, among other things, procedures for entering into certain settlement agreements or other restructurings with respect to loans in the BlockFi Institutional Loan Portfolio,[2] and upon consideration of the declarations and other evidence proffered in connection with the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the entry of this Order being appropriate and in conformance the terms and provisions of the Settlement Procedures Order, and due and proper notice having been given under the circumstances and as required under the Settlement Procedures Order, including the filing of a

---

[1] Except as otherwise indicated herein, capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

[2] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Motion") [Docket No. __].

Notice on the Docket and the provision of requisite notice to the Notice Parties; and the relief requested being in the best interests of the Debtors and their estates and creditors;

**IT IS HEREBY ORDERED THAT:**

1.      The Proposed Loan Settlement Agreement with [Party], notice of which was provided at Docket No. [--] (the "Settlement"), is hereby **APPROVED**.

2.      Pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, and Bankruptcy Rule 9019, the Debtors are hereby authorized to enter into the Settlement.

3.      The Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the entry into and performance under the Settlement and this Order.

4.      Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of the Loan Settlement Agreement or this Order.

## <u>EXHIBIT C</u>

**FORM OF NOTICE OF PROPOSED ENTRY INTO SETTLEMENT**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**[FORM OF NOTICE] OF DEBTORS' PROPOSED ENTRY INTO A LOAN
SETTLEMENT AGREEMENT PURSUANT TO THE ORDER
GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND
(II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
THE RESTRUCTURING, SETTLEMENT, OR OTHER**

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

## MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

**PLEASE TAKE NOTICE** that pursuant to the terms of the *Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Settlement Procedures Order"),[2] the Debtors, subject to entry of an order consistent with the Settlement Procedures Order, have entered into a proposed Loan Settlement Agreement with [Borrower] ("Borrower"), with respect to a loan in the BlockFi Institutional Loan Portfolio.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have provided certain additional required information with respect to the Proposed Settlement Agreement to the applicable Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that the Notice Parties shall have ten (10) calendar days after receipt of this Notice of a Loan Settlement Agreement to file an objection with the Court (with a copy to Debtors' counsel) opposing the entry of the applicable Proposed Loan Settlement Agreement Order and approval of such Loan Settlement Agreement.

**PLEASE TAKE FURTHER NOTICE** that, upon satisfaction of the conditions in the Settlement Procedures Order, the Debtors will upload a proposed order approving the proposed

---

[2] Except as otherwise indicated herein, capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

Settlement Agreement for entry by the Court consistent with the terms of the Settlement

Procedures Order.


Dated: __ ___, 2023                               /s/ [Draft]_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

3