**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**HEARING DATE AND TIME:**<br>**January 9, 2023, at 10:00 a.m. (EST)**<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

### NOTICE OF HEARING OF
### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES
### OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST
### RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Transaction Parties in Interest Related to the Debtors' Professional Retention Applications* (the "Motion") will be held on **January 9, 2023 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received on or before       **January 2, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: December 19, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

4

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES
OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST
RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (the "Order"): (a) authorizing the Debtors to (i) redact and file under seal the names of the Confidential Transaction Parties in connection with the Debtors' Professional Applications (each as defined below), and (b) granting related relief.[2]

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

---

[2] Additional evidence in support of the relief requested herein will be presented at the hearing on this Motion to the extent requested, and the Debtors will make reasonable efforts to share such evidence, if any, with the United States Trustee for the District of New Jersey (the "U.S. Trustee") in advance of the hearing.

**Background**

5.     On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3] A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

6.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

**The Professional Applications**

7.     The Debtors are filing contemporaneously or soon thereafter herewith several applications to retain certain Professionals (as defined below) in these chapter 11 cases:

- Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), as attorneys for the Debtors (the "Kirkland Application"), together with an accompanying declaration from Joshua Sussberg, a partner of the law firm of Kirkland (the "Sussberg Declaration");

- Haynes and Boone, LLP ("Haynes and Boone"), as attorneys for the Debtors (the "Haynes and Boone Application"), together with an accompanying declaration from Richard S. Kanowitz, a partner of the law firm of Haynes and Boone (the "Kanowitz Declaration");

- Cole Schotz P.C. ("Cole Schotz"), as attorneys for the Debtors (the "Cole Schotz Application"), together with an accompanying declaration from Michael D. Sirota, a partner of the law firm of Cole Schotz (the "Sirota Declaration");

- Berkeley Research Group, LLC ("BRG"), as restructuring advisor to the Debtors (the "BRG Application"), together with an accompanying declaration from Mark A. Renzi, a Managing Director of BRG (the "Renzi Declaration");

---

[3]   Debtor BlockFi International Ltd. is also subject to parallel joint provisional liquidation proceedings (for restructuring purposes), currently pending in the Supreme Court of Bermuda.

- Moelis & Company, LLC ("Moelis"), as financial advisor to the Debtors (the "Moelis Application"), together with an accompanying declaration from Barak Klein, a Managing Director at Moelis (the "Klein Declaration"); and

- Kroll Restructuring Administration LLC ("Kroll" and collectively with Kirkland, Haynes and Boone, Cole Schotz, BRG, and Moelis, the "Professionals"), as administrative advisor to the Debtors (the "Kroll Application" collectively, with the Kirkland Application, the Haynes and Boone Application, the Cole Schotz Application, the BRG Application, and the Moelis Application, the "Professional Applications"), together with an accompanying declaration from Benjamin J. Steele, a Senior Managing Director at Kroll (the "Steele Declaration" collectively, with the Sussberg Declaration, the Kanowitz Declaration, the Sirota Declaration, the Renzi Declaration, and the Klein Declaration, the "Professional Declarations").

8. In connection with their proposed retention, the Professionals searched names and entities to determine whether any potential conflicts or other relationship exists that preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code. As such, included with the Professional Declarations are schedules setting forth the names and entities searched by the Professionals and the results of such searches.[4]

9. To protect the Debtors' commercially sensitive information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Professionals disclosed in their schedules their relationships with certain of the Debtors' potential transaction counterparties (the "Confidential Transaction Parties") without disclosing the names of such entities and individuals.

10. The Debtors are currently engaged in an active and ongoing marketing process among certain potential transaction counterparties for a value-maximizing transaction. Due to the

---

[4] The Debtors note that certain of the names and entities searched by the Professionals have been redacted on the publicly filed schedules pursuant to that certain *Interim Order Granting Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* [Docket No. 53].

inherently competitive nature of this process, revealing potential counterparties may chill the marketing process by preventing current potential counterparties from moving forward with negotiations and deterring potential counterparties from getting involved in the sale process. Moreover, certain of the Confidential Transaction Parties have executed non-disclosure agreements with the Debtors that require that their identities remain confidential, and disclosure of their identities may unduly disrupt the Debtors' efforts to consummate a value-maximizing transaction. Disclosing the identities of the potential counterparties before a transaction is negotiated in violation of the underlying confidentiality agreements could severely hamper the sensitive negotiations between the Debtors and the potential counterparties, to the detriment of the marketing process, and interfere with the Debtors' ability to maximize value for the benefit of their estates and all stakeholders.

11.    Importantly, the Professionals have not represented and will not represent any of the Confidential Transaction Parties in connection with any matter in these chapter 11 cases. Thus, the Professionals' connections to the Confidential Transaction Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

12.    The Debtors will also provide the U.S. Trustee with an unredacted version of the Professional Declarations in advance of the Hearing.

### Basis for Relief

I.  **Redacting the Names of the Confidential Transaction Parties is Warranted Under Section 107(b) of the Bankruptcy Code.**

13.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

9

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or ***commercial information***; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.[5]

14. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

15. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr.

---

[5] 11 U.S.C. § 107(b) (emphasis added).

S.D.N.Y. 2003). Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[6] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018).

16.  Moreover, courts have held that such confidential commercial information includes information related to a debtor's contractual non-disclosure agreements. *See In re Celsius Network LLC,* No 22-10964 (Bankr. S.D.N.Y. Nov. 22, 2022) (authorizing the debtors to seal certain confidential parties related to a potential sale of the debtors' assets); *In re Voyager Digital Holdings, Inc.,* No 22-10943 (Bankr. S.D.N.Y. July 20, 2022) (authorizing the debtors to seal the names of certain confidential parties); *In re Windstream Holdings, Inc.*, No. 19-22312 (Bankr. S.D.N.Y. Aug. 2, 2022) (sealing confidential information in connection with a retention application filed by certain of the debtors' proposed retained professionals); *In re Carlson Travel, Inc.*, No. 21-90017 (Bankr. S.D. Tex. Jan. 10, 2022) (authorizing the debtors to seal identities of certain confidential parties pursuant to non-disclosure agreements); *In re Washington Prime Group, Inc.*, No. 21-31948 (Bankr. S.D. Tex. July 23, 2021) (same).

---

[6] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

11

17. The Debtors submit that the names of the Confidential Transaction Parties contained in the schedules to the Professional Declarations constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Transaction Parties are participants in the Debtors' efforts to negotiate a going-concern transaction for the benefit of all their stakeholders. The Debtors are required to maintain the confidentiality of the identities of certain of the Confidential Transaction Parties pursuant to non-disclosure agreements, and public disclosure of such identities may impair the negotiation process by chilling ongoing discussions and discouraging further engagement by other potential bidders. In either case, the Confidential Transaction Parties had an expectation of privacy and such expectation was reasonable, especially where Confidential Transaction Parties were required to enter into non-disclosure agreements in order to receive diligence related to any proposed transaction. Due to the inherently competitive nature of such transactions, it is imperative that the identities of the Confidential Transaction Parties remain confidential, or parties will be discouraged from participating in future transactions with the Debtors.

18. Public disclosure of the Confidential Transaction Parties could also potentially harm innocent third parties who have no stake in these chapter 11 cases and have relied on the Debtors and the Professionals to keep their relationships confidential. As set forth in the Professional Declarations, the Professionals will not represent any of the Confidential Transaction Parties in connection with any matter in these chapter 11 cases. Accordingly, the Debtors and the Professionals do not believe that the Professionals' connections to the Confidential Transaction Parties in matters unrelated to the Debtors preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.

19. The Professionals have recognized (and been responsive to) their disclosure obligations under the Bankruptcy Code and have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. Indeed, the Professionals, collectively, have disclosed numerous connections to potential parties in interest and request authority to maintain the confidentiality of a limited number of Confidential Transaction Parties at this time, together with any future parties who (a) have executed nondisclosure agreements requiring the Debtors to maintain the confidentiality of their identities and/or (b) did not otherwise consent to the public disclosure of their identities.

20. As a result, the Debtors believe that, in addition to all that has been disclosed in the Professional Declarations, authorizing the names of the Confidential Transaction Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## II. The Court Should Authorize the Professionals to Redact the Names of the Confidential Transaction Parties.

21. The Debtors request authority for the Debtors and the Professionals to file redacted versions of the names of the Confidential Transaction Parties in the Professional Declarations. The Debtors will provide the Court, the U.S. Trustee, and counsel to any statutorily formed committees with unredacted versions of the Professional Declarations. The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order.

22. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

13

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Waiver of Memorandum of Law

24. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Notice

25. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: December 19, 2022

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

| In re: | Chapter 11 |
|---|---|
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE
NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST
RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

(Page |3)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

---

Upon the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Transaction Parties in Interest Related to the Debtors' Professional Retention Applications* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to redact and file under seal the names of the Confidential Transaction Parties, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the declaration submitted in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

(Page |4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS |

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a basis as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, to (i) file the Professional Declarations and any documents related thereto in a form redacted as to the names and identifiable information of the Confidential Transaction Parties, and (ii) file the unredacted versions of the Professional Declarations under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The unredacted versions of the Professional Declarations shall not be made available to any party (other than those specified in paragraph 4 of this Order) without the Debtors' written consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors are authorized to cause the unredacted versions of the Professional Declarations and any documents related thereto to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) counsel to any statutorily formed committees, subject to agreed confidentiality protocols or by further order of the Court; and (d) any other party as may be ordered by the Court or agreed to in writing by the Debtors and the Professionals, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the Professionals, that preserve the confidentiality of the names of the Confidential Transaction Parties (and any information derived therefrom).

(Page |5)
| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS |

5. For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Professional Declarations, or any part thereof.

6. Any party who receives the names of the Confidential Transaction Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

7. The requirements of Local Rule 9018-1 is satisfied by the contents of the Motion or otherwise deemed waived.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.