**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION EFFECTIVE AS OF NOVEMBER 28, 2022**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as their attorneys effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Joshua A. Sussberg, the president of Joshua A. Sussberg, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Sussberg Declaration"), which is attached hereto as **Exhibit B** and the declaration of Zachary Prince, the Chief Executive Officer and President of BlockFi Inc., which is attached hereto as **Exhibit C** (the "Prince Declaration"). In further support of this Application, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>").

<strong><u>Background</u></strong>

4.        On November 28, 2022 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  On November 29, 2022, the Court entered an order [Docket No. 42]

authorizing the joint administration and procedural consolidation of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has

been made in these chapter 11 cases.  On December 21, 2022, the United States Trustee for the

District of New Jersey (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "<u>Committee</u>") [Docket No. 130].

5.        A description of the Debtors' business, the reasons for commencing the chapter 11

cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set

forth in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and

First-Day Motions* [Docket No. 17] (the "<u>First Day Declaration</u>"), filed on November 28, 2022,

and incorporated herein by reference.

<strong><u>Relief Requested</u></strong>

6.        By this Application, the Debtors seek entry of the Order authorizing the retention

and employment of Kirkland as their attorneys in accordance with the terms and conditions set

forth in that certain engagement letter between the Debtors and Kirkland effective as of

3

November 12, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to the Order and incorporated herein by reference.[2]

### Kirkland's Qualifications

7.      The Debtors seek to retain Kirkland because of Kirkland's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8.      Kirkland has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Pipeline Health System, LLC*, No. 22-90291 (MI) (Bankr. S.D. Tex. Dec. 2, 2022); *In re Aearo Technologies LLC*, No. 22-02890 (JJG) (Bankr. S.D. Ind. Nov. 17, 2022); *In re Cineworld Group plc*, No. 22-90168 (MI) (Bankr. S.D. Tex. Oct. 31, 2022); *In re Altera Infrastructure L.P.*, No. 22-90130 (MI) (Bankr. S.D. Tex. Oct. 6, 2022); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 16, 2022); *In re Voyager Digital Holdings Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022); *In re HONX, Inc.*, No. 22-90035 (MI) (Bankr. S.D. Tex. June 24, 2022); *In re Seadrill New Finance Limited*, No. 22-90001 (DRJ) (Bankr. S.D. Tex. Mar. 10, 2022); *In re Nordic Aviation Capital Designated Activity Company*, No. 21-33693 (KRH) (Bankr. E.D. Va. Feb. 3, 2022); *In re Carlson Travel, Inc*., No. 21-90017 (MI) (Bankr. S.D. Tex. Jan. 12, 2022); *In re Riverbed Technology, Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Dec. 8, 2021); *In re Washington Prime Grp*., No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021); *In re Seadrill Limited*, No. 21-30427 (DRJ) (Bankr. S.D. Tex. Apr. 5, 2021); *In re Belk, Inc.*, No. 21-30630 (MI) (Bankr. S.D. Tex. Mar. 31, 2021);

---

[2]    The Debtors also seek to employ and retain Haynes & Boone LLP ("Haynes Boone") and Cole Schotz P.C. ("Cole Schotz") as co-counsel with Kirkland in connection with these chapter 11 cases.  Kirkland will coordinate with Haynes Boone and Cole Schotz regarding their respective responsibilities in these chapter 11 cases to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner.

*In re Frontera Holdings LLC*, No. 21-30354 (MI) (Bankr. S.D. Tex. Mar. 19, 2021); *In re Seadrill Partners LLC*, No. 20-35740 (DRJ) (Bankr. S.D. Tex. Jan. 15, 2021); *In re Gulfport Energy Corporation*, No. 20-35562 (DRJ) (Bankr. S.D. Tex. Jan. 11, 2021).[3]

9.      In preparing for its representation of the Debtors in these chapter 11 cases, Kirkland has become familiar with the Debtors' business and many of the potential legal issues that may arise in the context of these chapter 11 cases.  The Debtors believe that Kirkland is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

### Services to be Provided

10.      Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Kirkland to render the following legal services:

    a.      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    b.      advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

    d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

    e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

---

[3]      Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Kirkland.

f.    representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.    advising the Debtors in connection with any potential sale of assets;

h.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.    advising the Debtors regarding tax matters;

j.    taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.    performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including:  (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

## **Professional Compensation**

11.    Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Kirkland will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Kirkland uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12.    Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13.    From November 12, 2022, through December 31, 2022, Kirkland's hourly rates for

matters related to these chapter 11 cases range as follows:[4]

| Billing Category[5] | U.S. Range |
| --- | --- |
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

14.    As of January 1, 2023, Kirkland's hourly rates for matters related to these

chapter 11 cases will range as follows:

| Billing Category | U.S. Range |
| --- | --- |
| Partners | $1,195-$2,245 |
| Of Counsel | $820-$2,125 |
| Associates | $685-$1,395 |
| Paraprofessionals | $295-$575 |

15.    Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for

the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly

rates vary with the experience and seniority of the individuals assigned.  These hourly rates are

subject to periodic adjustments to reflect economic and other conditions.[6]

---

[4]    For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.  While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

[5]    Although Kirkland does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Kirkland will not charge a markup to the Debtors with respect to fees billed by such attorneys.  Any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Kirkland will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[6]    For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).  As set forth in

7

16.    Kirkland represented the Debtors during the approximately two-week period before the Petition Date, using the hourly rates listed above and in the Sussberg Declaration.  Moreover, these hourly rates are consistent with the rates that Kirkland charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

17.    The rate structure provided by Kirkland is appropriate and not significantly different from (a) the rates that Kirkland charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kirkland will perform in these chapter 11 cases.

18.    It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

19.    To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time Kirkland utilizes the services of overtime secretaries.  Kirkland charges fees for these services pursuant to the Engagement Letter, which permits Kirkland to bill the Debtors for overtime secretarial charges that arise out of business necessity.   In addition, Kirkland professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

---

the Order, Kirkland will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

20.     Kirkland currently charges the Debtors $0.16 per page for standard duplication in its offices in the United States.  Kirkland does not charge its clients for incoming facsimile transmissions.  Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research.  Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

### Compensation Received by Kirkland from the Debtors

21.     Per the terms of the Engagement Letter, on November 15, 2022, the Debtors paid $100,000 to Kirkland, which, as stated in the Engagement Letter, constituted an "advance payment retainer" as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct and *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007).  Subsequently, the Debtors paid to Kirkland additional advance payment retainer totaling $2.0 million in the aggregate.  As stated in the Engagement Letter, any advance payment retainer is earned by Kirkland upon receipt, any advance payment retainer becomes the property of Kirkland upon receipt, the Debtors no longer have a property interest in any advance payment retainer upon Kirkland's receipt, any advance payment retainer will be placed in Kirkland's general account and will not be held in a client trust account, and the Debtors will not earn any interest on any advance payment retainer.[7]

22.     Pursuant to Bankruptcy Rule 2016(b), Kirkland has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than

---

[7]    The Engagement Letter permits Kirkland to retain any prepetition advance payment retainer held by Kirkland as of the Petition Date rather than applying such prepetition advance payment retainer to pay postpetition fees and expenses.  In light of the facts and circumstances of these chapter 11 cases, Kirkland will retain any prepetition advance payment retainer held by Kirkland as of the Petition Date and will not apply any such amounts to postpetition fees and expenses.

with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

23.     As of the Petition Date, the Debtors did not owe Kirkland any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Kirkland's advance payment retainer, the amount of Kirkland's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

## Kirkland's Disinterestedness

24.     To the best of the Debtors' knowledge and as disclosed herein and in the Sussberg Declaration, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Sussberg Declaration.

25.     Kirkland will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Kirkland will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Supporting Authority

26.     The Debtors seek retention of Kirkland as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

10

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

27.     Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

28.     The Debtors submit that for all the reasons stated above and in the Sussberg Declaration, the retention and employment of Kirkland as counsel to the Debtors is warranted. Further, as stated in the Sussberg Declaration, Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Sussberg Declaration.

## No Prior Request

29.     No prior request for the relief sought in this Application has been made to this or any other court.

## Notice

30.     The Debtors have provided notice of this Application to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) the United States Attorney's

Office for the District of New Jersey; (d) the Internal Revenue Service; (e)  the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.  A copy of this Application is also available on the website of the Debtors' notice and claims agent at http://restructuring.ra.kroll.com/blockfi.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 22, 2022
       Jersey City, New Jersey

*/s/  Zachary Prince*
Zachary Prince
BlockFi Inc.
Chief Executive Officer and President