**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>                     Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11
U.S.C. §§ 327(a), 330 AND 1107(b) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY
CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE PURSUANT TO LOCAL
BANKRUPTCY RULE 2014-1**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1* (the "Application"). In support of the Application, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a), 329, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

4. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order granting the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [*See* Docket No. 42]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

**Relief Requested**

6. By this Application, the Debtors seek authorization to employ and retain Haynes and Boone, LLP ("Haynes and Boone") as their bankruptcy co-counsel in connection with the filing and prosecution of these Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. The Debtors further request that the Court approve the retention of Haynes and Boone under a general retainer and hourly fee arrangement in accordance with Haynes and Boone's normal hourly rates in effect at the time services are rendered and Haynes and Boone's normal expense reimbursement policies. In support of this Application, the Debtors submit the Declaration

of Richard Kanowitz (the "Kanowitz Declaration"), attached hereto as **Exhibit A**, and the Declaration of Zachary Prince (the "Prince Declaration"), attached hereto as **Exhibit B**.

## Haynes and Boone's Qualifications

7. In July 2018 shortly after founding BlockFi, the Debtors retained Haynes and Boone to advise them in connection with non-bankruptcy matters in the ordinary course of business. The subject matters on which Haynes and Boone advises the Debtors has expanded greatly over the years and include industry-first product development[2], U.S. and international regulatory analysis, intellectual property filings and protection, litigation issues, and financing transactions.

8. In November 2022, the Debtors retained Haynes and Boone to advise them regarding restructuring matters. Haynes and Boone has expended significant resources over the past few weeks working with the Debtors to prepare for their bankruptcy filing. In the process, Haynes and Boone has become familiar with the Debtors' business operations and financial affairs and many of the legal issues that will likely arise in the context of the Chapter 11 Cases. If the Debtors are forced to retain co-counsel other than Haynes and Boone, the Debtors' estates would incur additional expenses and delays associated with familiarizing new counsel with the intricacies of the Debtors' financial affairs and business operations.

9. Haynes and Boone is a Texas limited liability partnership comprised of duly licensed attorneys qualified to practice before this Court. Haynes and Boone is a full-service law firm with experience and expertise in all facets of legal practice, including bankruptcy, insolvency, corporate reorganization, and debtor-creditor law. Haynes and Boone is well qualified to act as co-counsel for the Debtors in the Chapter 11 Cases.

---

[2] https://www.haynesboone.com/news/press-releases/article-detail-page

**Services to be Provided**

10. The Debtors seek to retain Haynes and Boone as their bankruptcy co-counsel to perform the following legal services:

   a. Advising the Debtors of their rights, powers, and duties as a debtors-in-possession under the Bankruptcy Code;

   b. Performing all legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of the Chapter 11 Cases and the Debtors' business;

   c. Advising the Debtors concerning, and assisting in, the negotiation and documentation of financing agreements and debt restructurings;

   d. Reviewing the nature and validity of agreements relating to the Debtors' interests in real and personal property and advising the Debtors of their corresponding rights and obligations;

   e. Advising the Debtors concerning preference, avoidance, recovery, or other actions that it may take to collect and to recover property for the benefit of the estates and their creditors, whether or not arising under Chapter 5 of the Bankruptcy Code;

   f. Preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents and reviewing all financial and other reports to be filed in the Chapter 11 Cases;

   g. Advising the Debtors concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in the Chapter 11 Cases;

   h. Counseling the Debtors in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents;

   i. Working with and coordinating efforts among other professionals, including Haynes and Boone's proposed co-counsel Kirkland & Ellis, LLP and Cole Schotz, P.C., to preclude any duplication of effort among those professionals and to guide their efforts in the overall framework of the Debtors' reorganization;

   j. Working with professionals retained by other parties-in-interest in the Chapter 11 Cases to attempt to structure a consensual plan of reorganization, or other resolution for Debtors;

      k.      To continue advising the Debtors with respect to other legal matters including but not limited to the issues outline in paragraph 8 in the ordinary course of business; and

      l.      Performing such additional legal services as may be required by the Debtors.

The nonexclusive services described above are essential to the Debtors' successful reorganization.

## Professional Compensation

11. The Debtors understand that, subject to this Court's approval, Haynes and Boone will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon Haynes and Boone's filing of appropriate applications for the allowance of interim and final compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and any orders entered in these Chapter 11 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

12. The Debtors understand that, subject to the Court's approval, Haynes and Boone will be compensated at its standard hourly rates, which are based on the professionals' level of experience and subject to the discounts provided in the Debtors' engagement letter with Haynes and Boone.[3] The attorneys and paralegals primarily responsible for representing the Debtors and their current standard hourly rates are:

---

[3] The Debtors' engagement letters with Haynes and Boone for both bankruptcy and non-bankruptcy related work provide the following discount language: "[o]n a calendar year basis, the BlockFi Group shall be provided a 10% discount on the Firm's hourly rates; provided, such discount shall increase to (i) 12.5% after the Firm has been paid $2.5 million in such calendar year and (ii) 15% after the first has been paid $3.5 million in such calendar year."

| Professional | Title | Hourly Rate |
|---|---|---|
| Richard Kanowitz | Partner | $1,400 |
| Kenric D. Kattner | Partner | $1,525 |
| J. Frasher Murphy | Partner | $1,100 |
| Eli Columbus | Partner | $1,050 |
| Kourtney Lyda | Counsel | $1,050 |
| Jordan E. Chavez | Associate | $775 |
| Entry Level Associates | Associate | $630 |
| Paralegals | Paralegal | $525 |

13.   The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Any such adjustments will be reflected in Haynes and Boone's fee requests. Aside from the above-referenced discount, there are no alternative fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

14.   The Debtors understand and agree that Haynes and Boone will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Kanowitz Declaration.

15.   The Debtors understand and agree that Haynes and Boone will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above and that they will be charged for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).

16.   It is the Debtors' understanding that Haynes and Boone will submit detailed statements to the Court setting forth the services rendered and seeking compensation and

reimbursement of expenses (including, when appropriate, authority to apply the Retainer (defined below)).

### Compensation Received from the Debtors

17. As set forth in the Kanowitz Declaration, Haynes and Boone was paid $1,904,529.03 through the day prior to the Petition Date as compensation for services rendered and costs incurred for work performed in preparation for and in connection with the Chapter 11 Cases prior to the Petition Date. Prior to the Petition Date, Haynes and Boone received $750,000 as a retainer from the Debtors for work performed in connection with the Chapter 11 Cases (the "Retainer"). Haynes and Boone will hold the Retainer in trust pending further order of the Court. Additionally, Haynes and Boone was paid $4,159,521.07 in 2022 through the day prior to the Petition Date as compensation for services rendered and costs incurred for work performed for the Debtors that was unrelated to these Chapter 11 Cases. Haynes and Boone did not receive any kind of retainer from the Debtors for the work performed that was unrelated to these Chapter 11 Cases. As of the Petition Date, Haynes and Boone was not owed any amounts for services performed for the Debtors or expenses incurred in connection therewith prior to the Petition Date.

### Disinterestedness of Professionals

18. The Kanowitz Declaration describes the relationships, if any, that Haynes and Boone has with creditors of the Debtors and other parties in interest. As set forth in the Kanowitz Declaration, Haynes and Boone does not believe that any of those relationships would foreclose the Debtors' retention of Haynes and Boone under section 327(a) of the Bankruptcy Code in that Haynes and Boone (i) does not represent any other entity having an adverse interest to the Debtors, their estates, or any other party-in-interest in connection with these Chapter 11 Cases; (ii) is a disinterested person under section 101(14) of the Bankruptcy Code; and (iii) has no connection

with the Office of the United States Trustee (the "U.S. Trustee") or any other person employed therein.[4] The Debtors have been informed that Haynes and Boone will continue conducting a review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Haynes and Boone will supplement its disclosure to the Court.

**Statement Regarding U.S. Trustee Guidelines**

19. Haynes and Boone recognizes that the U.S. Trustee is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications

20. Haynes and Boone intends to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the fee applications to be filed by Haynes and Boone in these Chapter 11 Cases.

21. Moreover, as described in the Kanowitz Declaration, and consistent with the U.S. Trustee Guidelines, the Debtors have undertaken certain steps to ensure that the rate structure provided by Haynes and Boone is not significantly different from the rates that (a) Haynes and Boone charges for other non-bankruptcy engagements or (b) other comparable counsel would charge to do work substantially similar to the work Haynes and Boone will perform in these Chapter 11 Cases.

**Basis for Relief Requested**

22. The bases for the relief requested herein are Bankruptcy Code §§ 327(a), 330 and 1107(b), Bankruptcy Rule 2014(a), and Local Rule 2014-1.

23. Bankruptcy Code § 327(a) provides that a debtor, subject to Court approval:

---

[4] Section "327(a) is written in the present tense: it bars the retention of professionals who 'hold or represent' adverse interests. It only allows disqualifications for adverse interests that exist at the time of retention." *In re Boy Scouts of Am.*, 35 F.4th 149, 158, n. 5 (3d Cir. 2022).

9

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

24. Bankruptcy Code § 101 defines "disinterested person" as a person that:

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and…does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(A)–(C).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

26. The Debtors request approval of the employment of Haynes and Boone *nunc pro tunc* to the Petition Date. Such relief is warranted by the circumstances presented by these Chapter 11 Cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See, e.g., Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed,* 909 F.2d 1476 (3d Cir. 1990). The Debtors' selection of Haynes and Boone as their bankruptcy co-counsel necessitated that Haynes and Boone immediately commence work on time-sensitive matters and promptly devote resources to the Debtors' cases pending submission and approval of this Application. Haynes and Boone's services on the Debtors' behalf

10

have not prejudiced any creditor or party-in-interest in these cases, but rather, have served their best interests.[5]

27.   The Debtors submit that, for the reasons stated above and in the Kanowitz and Prince Declarations, the retention of Haynes and Boone as their bankruptcy co-counsel, as described herein, is warranted. Accordingly, the retention of Haynes and Boone as bankruptcy co-counsel to the Debtors should be approved.

## No Prior Request

28.   No prior request for the relief sought in this Application has been made to this Court or any other court.

## Notice

29.   The Debtors will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

---

[5] While subject to court approval, a debtor in possession has broad discretion to select their choice of counsel. "[O]nly in the rarest of cases should a debtor in possession under chapter 11 be deprived of the privilege of selection of counsel" provided that such counsel is disinterested within the meaning of section 327(a). *In re Career Concepts, Inc.*, 76 B.R. 839, 834 (Bankr. D. Utah 1983); *see also Matter of Codesco, Inc.*, 18 B.R. 997, 999 (Bankr. S.D.N.Y. 1982) (explaining that the trustee/debtor in possession has "wide latitude in determining who shall be employed to perform legal services for the estate.").

**WHEREFORE**, the Debtors respectfully request entry of the proposed Order submitted herewith granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| December 22, 2022 | Respectfully Submitted, |
| | **BLOCKFI INC., AND ITS AFFILIATED DEBTORS** |
| | By: <u>*/s/ Zachary Prince*</u><br>    Zachary Prince<br>    CEO<br>    BlockFi Inc., *et al.* |