# **EXHIBIT B**

# **Prince Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF ZACHARY PRINCE IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 330
AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE
PETITION DATE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

I, Zachary Prince, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare:

1. My name is Zachary Prince. I am over the age of 21. I am (i) the Chief Executive Officer ("CEO") of BlockFi Inc. (which is the sole member of BlockFi Wallet LLC, BlockFi Ventures LLC, and BlockFi Investment Products LLC), (ii) CEO of BlockFi International Ltd., (iii) President of BlockFi Trading LLC, BlockFi Lending LLC, BlockFi Lending II, LLC, and (iv) an authorized representative of BlockFi Services, Inc., which are the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). Accordingly, I am in all respects competent to make this Declaration (the "Declaration").

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by Haynes and Boone and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Declaration on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. This Declaration is submitted in support of the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1* (the "Application"),[2] filed concurrently herewith.

4. This Declaration also is submitted provided pursuant to Section D.2 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

*Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee"). I am informed by Haynes and Boone that the U.S. Trustee Guidelines require that any application for employment of an attorney under section 327 or 1103 of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

(a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

5. In each of my respective positions with the Debtors outlined in paragraph 1, I am part of the BlockFi team responsible for supervising outside counsel and monitoring and controlling legal costs.

6. When the Debtors decided to retain counsel to provide them with chapter 11 advice, the Debtors' legal team and Board of Directors, recommended the retention of Haynes and Boone based on (i) Haynes and Boone's institutional knowledge of the Debtors and their business operations based on its prepetition representation of the Debtors in the ordinary course of business and (ii) Haynes and Boone's expertise in complex chapter 11 cases. Haynes and Boone has

extensive knowledge of and experience with the Debtors' capital structure and various other facets of their business that the Debtors consider critical to this representation.

7. Haynes and Boone's representation of the Debtors has resulted in Haynes and Boone becoming even more familiar with the Debtors' organizational and capital structure, the operation of their businesses, the terms of the Debtors' debt structure, and many of the potential legal issues that might arise in the context of these Chapter 11 Cases. Haynes and Boone has provided advice and assisted the Debtors in all aspects of their restructuring efforts, including negotiating with various constituents and drafting various first day motions and other documents and pleadings necessary for the successful prosecution of these Chapter 11 Cases. In addition, as set forth above, Haynes and Boone has substantial and specific experience with chapter 11 filings by large and complex companies like the Debtors. I believe that for these reasons, as well as Haynes and Boone's experience in consummating large and complex distressed corporate and financing transactions and its ability to act quickly in a crisis, Haynes and Boone is well-qualified to represent the Debtors in these Chapter 11 Cases.

8. I have confirmed with Haynes and Boone that, although its billing rates vary from attorney to attorney based on facts such as the attorney's seniority and position with the firm (*e.g.*, member, counsel, or associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

9. The Debtors have been informed that Haynes and Boone endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with whom they compete. In addition, the Debtors confirmed that (i) the Haynes and Boone attorneys staffed to this engagement will not be charging a premium or in any way increasing their hourly

rates over the fees charged to non-bankruptcy clients and (ii) the material terms for the engagement are comparable to terms of other comparably skilled professionals.

10. The Debtors supervise outside counsel retained in the ordinary course of business and will supervise the fees and expenses incurred by Haynes and Boone in connection with these Chapter 11 Cases. More specifically, in my capacity as CEO and President of the Debtors, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs. During the course of these Chapter 11 Cases, I, or others working under my direction and guidance, will review Haynes and Boone's invoices, monthly fee statements, and interim and final compensation applications in connection with Haynes and Boone's requests for payment of fees and reimbursement of expenses. I understand that Haynes and Boone historically increase its hourly billing rates for their professionals and paraprofessionals each year in October. The Debtors have consented to such ordinary course rate increase subject to the applicable discount in the Debtors' engagement letter with Haynes and Boone.[3]

11. Haynes and Boone has indicated that it will provide the Debtors with a prospective budget and staffing plan in accordance with the U.S. Trustee Guidelines. The Debtors recognize, however that in the course of these Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Haynes and Boone. The Debtors recognize that it is their responsibility to closely monitor Haynes and Boone's billing practices and to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases. The Debtors will work with Haynes

---

[3] The Debtors' engagement letters with Haynes and Boone for both bankruptcy and non-bankruptcy work provide the following discount language: "[o]n a calendar year basis, the BlockFi Group shall be provided a 10% discount on the Firm's hourly rates; provided, such discount shall increase to (i) 12.5% after the Firm has been paid $2.5 million in such calendar year and (ii) 15% after the first has been paid $3.5 million in such calendar year."

and Boone to amend the budget and staffing plan as necessary during the pendency of these Chapter 11 Cases.

12. To the extent the Debtors have an objection to the fees and expenses requested by Haynes and Boone in any monthly fee statement or interim or final compensation applications that cannot be informally resolved to the Debtors' satisfaction, Haynes and Boone has informed me that it will file a Notice of Objection to Fee Statement on the Debtors' behalf. I understand that Haynes and Boone reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Debtors reserve all rights to retain conflicts counsel to prosecute any such fee objection to the extent it cannot be resolved informally by the parties.

13. Nothing contained herein is intended to limit Haynes and Boone's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, nor to restrict Haynes and Boone's rights to defend any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party-in-interest, such as the U.S Trustee.

14. Based on the foregoing, I am of the opinion that it is necessary for the Debtors to employ Haynes and Boone as their bankruptcy co-counsel in these Chapter 11 Cases and that such employment is in the best interest of the Debtors' estates.

[*Remainder of page intentionally left blank*]

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2022

> By: /s/ *Zachary Prince*
> Zachary Prince
> CEO
> BlockFi Inc., *et al.*