**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (pro hac vice pending)
Christine A. Okike, P.C. (pro hac vice pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (pro hac vice pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

# DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE MICHAEL B. KAPLAN,
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

## I. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a), 329, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## II. BACKGROUND

4. On November 28, 2022 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their business, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 17].

5. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

6. The Debtors' cases are being jointly administered under lead Case No. 22-19361 (MBK) pursuant to Bankruptcy Rule 1015 [Docket No. 42].

### III. RELIEF REQUESTED

7. By this Application, the Debtors seek authorization to employ and retain Cole Schotz P.C. ("**Cole Schotz**") as their New Jersey counsel in connection with the filing and prosecution of these chapter 11 cases, *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. The Debtors further request that the Court approve the retention of Cole Schotz under a general retainer and hourly fee arrangement in accordance with Cole Schotz's normal hourly rates in effect at the time services are rendered and Cole Schotz's normal expense reimbursement policies. In support of this Application, the Debtors submit the Declaration of Michael D. Sirota, Esq. (the "**Sirota Declaration**"), attached hereto as **Exhibit A**, and the Declaration of Zachary Prince (the "**Prince Declaration**"), attached hereto as **Exhibit B**.

### IV. COLE SCHOTZ'S QUALIFICATIONS

8. The Debtors have determined that the retention of New Jersey counsel is necessary to the successful administration of these cases and that Cole Schotz's employment would be in the best interests of the estates. Cole Schotz's complex Chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the local rules and practices, make it substantively and geographically ideal to efficiently serve the needs of the Debtors. Cole Schotz regularly represents Chapter 11 debtors throughout New Jersey and, thus, is well qualified to serve as New Jersey counsel to the Debtors in these Chapter 11 proceedings.

9. Cole Schotz has been actively involved in many major Chapter 11 cases in this District. *See e.g. In re Nat'l Realty Investment Advisors, LLC*, Case No. 22-14539 (JKS); *In re Christopher & Banks Corp.*, Case No. 21-10269 (ABA); *In re RTW Retailwinds, Inc.*, Case No. 20-18445 (JKS); *In re Congoleum Corporation*, Case No. 20-18488 (MBK); *In re SLT Holdco,*

Case 22-19361-MBK    Doc 135    Filed 12/22/22    Entered 12/22/22 20:38:51    Desc Main
Document    Page 4 of 12

*Inc.*, Case No. 20-18368 (MBK); *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP); *In re Cinram Group, Inc.*, Case No. 17-15258 (VFP); *In re Saint Michael's Medical Center, Inc.*, Case No. 15-24999 (VFP); *In re Crumbs Bake Shop, Inc.*, Case No. 14-24287 (MBK); *In re Revel AC, Inc.*, Case No. 14-22654 (GMB); *In re MEE Apparel LLC*, Case No. 14-16484 (CMG); *In re Dots, LLC*, Case No. 14-11016 (MBK); *710 Long Ridge Road Operating Company II, LLC*, Case No. 13-13653 (DHS); *In re Big M, Inc.,* Case No. 13-10233 (MBK); *In re Tarragon Corporation*, Case No. 09-10555 (DHS); *In re Marcal Paper Mills, Inc.*, Case No. 06-21886 (MS); *In re Best Manufacturing Group LLC*, Case No. 06-17415 (DHS).

10. In preparing for its representation of the Debtors, Cole Schotz has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these Chapter 11 cases. The Debtors believe that Cole Schotz is both well-qualified and uniquely able to represent them in an efficient and timely manner and that the services of Cole Schotz are necessary and essential to the Debtors' performance of their duties as debtors in possession.

11. By separate applications, the Debtors have also asked the Court to approve the retention of (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("**K&E**") and (ii) Haynes and Boone, LLP ("**H&B**") as joint lead counsel to the Debtors. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz will coordinate K&E and H&B and any additional firms the Debtors retain regarding their respective responsibilities in these chapter 11 cases.

4

## V. SERVICES TO BE PROVIDED

12. The Debtors seek to retain Cole Schotz as their New Jersey counsel to advise of local rules, procedures, and customs in connection with the performance of the following legal services:

    (a) advise the Debtors of their rights, powers, and duties as debtors in possession in continuing to operate and manage their assets and business;

    (b) provide legal advice and services regarding local rules, practices and procedures including Third Circuit law;

    (c) provide certain services in connection with the administration of the chapter 11 cases including, without limitation, preparing agendas, hearing notices, and hearing binders of documents and pleadings;

    (d) review and comment on proposed drafts of pleadings to be filed with the Court;

    (e) appear in Court and at any meeting with the United States Trustee and any meeting of creditors;

    (f) provide legal advice and services on any matter on which K&E and H&B may have a conflict or as needed based on specialization;

    (g) perform all other legal services for and on behalf of the Debtors which may be necessary or appropriate in the administration of their chapter 11 cases and fulfillment of their duties as debtors in possession.

## VI. PROFESSIONAL COMPENSATION

13. The Debtors understand that Cole Schotz intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in connection with the preparation of the Debtors' chapter 11 petitions and after the Petition Date in connection with the chapter 11 cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013

(the "**U.S. Trustee Guidelines**"), and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

14. The Debtors understand that, subject to the Court's approval, Cole Schotz will be compensated at its standard hourly rates, which are based on the professionals' level of experience. The attorneys and paralegals primarily responsible for representing the Debtors and their current standard hourly rates are:

| Name | Title | Hourly Rate |
|---|---|---|
| Michael D. Sirota | Member | $1,200.00 |
| Warren Usatine | Member | $950.00 |
| Felice Yudkin | Member | $705.00 |
| Rebecca Hollander | Member | $550.00 |
| Andreas D. Milliaressis | Associate | $475.00 |
| Frances Pisano | Paralegal | $355.00 |

15. Other attorneys, paralegals, and case management clerks will be involved in representing the Debtors. The range of hourly rates for such professionals are:

| Position | Rates |
|---|---|
| Members | $485 to $1,200 per hour |
| Special Counsel | $300 to $730 per hour |
| Associates | $325 to $685 per hour |
| Law Clerks | $325 per hour |
| Paralegals | $245 to $410 per hour |

16. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. There are no alternative fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

17. The Debtors understand and agree that Cole Schotz will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Sirota Declaration.

18. Prior to applying any increases in its hourly rates beyond the rates set forth in this Application, Cole Schotz shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in these chapter 11 cases.

19. The Debtors understand and agree that Cole Schotz will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above and that they will be charged for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).

20. It is the Debtors' understanding that Cole Schotz will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses (including, when appropriate, authority to apply the Retainer (defined below)).

### VII.   COMPENSATION RECEIVED FROM THE DEBTORS

21. As set forth in the Sirota Declaration, during the ninety days prior to the Petition Date, the Debtors paid Cole Schotz $85,852.50 representing Cole Schotz's fees for services rendered and expenses incurred including the filing fees for the Chapter 11 petitions. As of the Petition Date, Cole Schotz was holding, on behalf of the Debtors, a retainer in the amount of $100,000 (the "**Retainer**") in connection with these chapter 11 cases.

22. As of the Petition Date, Cole Schotz was owed $25,564.80 by the Debtors or their estates, representing $25,560.00 in fees for pre-petition services rendered and $4.80 in pre-petition costs incurred, which amount was incurred in the days leading up to the chapter 11 filing and relates exclusively to the preparation of these chapter 11 cases (indeed, Cole Schotz has never rendered any services for the Debtors apart from the preparation of these chapter 11 cases). Cole Schotz has indicated that it intends to seek payment of this amount in its first monthly fee statement and first interim fee application filed before this Court and that the existence of this *de minimis* claim does not impact Cole Schotz's "disinterestedness" for the purposes of this retention application. *See In re Premiere Enterprises of Whiteville, LLC*, No. 13-04639-8-RDD, 2013 WL 5907790, at *3 (Bankr. E.D.N.C. Nov. 4, 2013) (granting application for retention subject to the bankruptcy administrator's review of the first application for compensation "to determine if all of the fees requested and not paid pre-petition, are relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding the preparation of the petition and accompanying papers—the bare-bones, routine and necessary services for filing," noting that a firm is "'disinterested' pursuant to § 327" if those criteria are satisfied, and stating that "if any of the pre-petition fees requested are not specifically relative to the preparation and the filing of the petition, then the Bankruptcy Administrator shall object or in the alternative, the Firm shall waive those objectionable fees requested or request a hearing"); *In re Icon Eyewear, Inc.,* Case No. 19-29733 (JKS), Docket No. 100) (Bankr. D.N.J., Dec. 30, 2019) (order granting application for compensation that included fees related to the preparation of the chapter 11 case).

### VIII. DISINTERESTEDNESS OF PROFESSIONALS

23. The Sirota Declaration describes the relationships, if any, that Cole Schotz has with creditors of the Debtors and other interested parties. As set forth in the Sirota Declaration, Cole

8

65365/0001-44209253v4

Schotz does not believe that any of those relationships would foreclose the Debtors' retention of Cole Schotz under section 327(a) of the Bankruptcy Code in that Cole Schotz: (i) does not represent any other entity having an adverse interest to the Debtors, their estates, or any other party-in-interest in connection with these chapter 11 cases; (ii) is a disinterested person under section 101(14) of the Bankruptcy Code;[2] and (iii) has no connection with the Office of the United States Trustee (the "**U.S. Trustee**") or any other person employed therein.  The Debtors have been informed that Cole Schotz will continue conducting a review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Cole Schotz will supplement its disclosure to the Court.

### IX.    STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24.    Cole Schotz recognizes that the U.S. Trustee is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications.

25.    Cole Schotz intends to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Cole Schotz in these chapter 11 cases.

26.    Moreover, as described in the Sirota Declaration, and consistent with the U.S. Trustee Guidelines, the Debtors have undertaken certain steps to ensure that the rate structure provided by Cole Schotz is not significantly different from the rates that (a) Cole Schotz charges

---

[2] As set forth above, Cole Schotz submits that its *de minimis* claim for $25,564.80, incurred in the days leading up to the chapter 11 filing and related exclusively to the preparation of these chapter 11 petitions and accompanying papers, does not impact the firm's "disinterestedness" for the purposes of its section 327 retention. Cole Schotz intends to seek payment of this amount in its first monthly fee statement and first interim fee application filed before this Court.

9

65365/0001-44209253v4

for other non-bankruptcy engagements or (b) other comparable counsel would charge to do work substantially similar to the work Cole Schotz will perform in these chapter 11 cases.

## X. BASIS FOR RELIEF REQUESTED

27. Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title." 11 U.S.C. § 327(a). Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." *Id.* § 1107(b).

28. Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

29. The Debtors request approval of the employment of Cole Schotz *nunc pro tunc* to the Petition Date. Such relief is warranted by the circumstances presented by these chapter 11 cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See, e.g., Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed,* 909 F.2d 1476 (3d Cir. 1990). The Debtors' selection of Cole Schotz as their New Jersey

10

65365/0001-44209253v4

counsel necessitated that Cole Schotz immediately commence work on time-sensitive matters and promptly devote resources to the Debtors' cases pending submission and approval of this Application. Cole Schotz's services on the Debtors' behalf have not prejudiced any creditor or party-in-interest in these cases, but rather, have served their best interests.

30. The Debtors submit that, for the reasons stated above and in the Sirota and Prince Declarations, the retention of Cole Schotz as their New Jersey counsel, as described herein, is warranted. Accordingly, the retention of Cole Schotz as New Jersey counsel to the Debtors should be approved.

## XI.    NO PRIOR REQUEST

31. No prior request for the relief sought in this Application has been made to this Court or any other court.

## XII.    NOTICE

32. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the proposed order submitted herewith granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated: December 22, 2022                    Respectfully submitted,

**BLOCKFI INC.,** *et al.*

By: */s/ Zachary Prince*
    Zachary Prince
    CEO
    BlockFi Inc., *et al.*

65365/0001-44209253v4