## Exhibit B

## Prince Declaration

65365/0001-44209253v4

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (pro hac vice pending)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (pro hac vice pending)
Christine A. Okike, P.C. (pro hac vice pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

# DECLARATION OF ZACHARY PRINCE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Zachary Prince, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare:

1. My name is Zachary Prince. I am over the age of 21. I am (i) the Chief Executive Officer of BlockFi Inc. (which is the sole member of BlockFi Wallet LLC, BlockFi Ventures LLC,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

and BlockFi Investment Products LLC), (ii) CEO of BlockFi International Ltd., (iii) President of BlockFi Trading LLC, BlockFi Lending LLC, BlockFi Lending II, LLC, and (iv) an authorized representative of BlockFi Services, Inc., which are the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). Accordingly, I am generally familiar with the business operations, business and financial affairs, and books and records of the Debtors and am in all respects competent to make this Declaration (the "**Declaration**").

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by Cole Schotz and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations.  I am authorized to submit this Declaration on the Debtors' behalf.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. This Declaration is submitted in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**"),[2] filed concurrently herewith.

4. This Declaration also is submitted provided pursuant to Section D.2 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), promulgated by the Office of the United States Trustee (the "**U.S. Trustee**").  I am informed by Cole Schotz that the U.S. Trustee Guidelines require that

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

any application for employment of an attorney under section 327 or 1103 of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

(a) The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside general counsel, explain how and why.  In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

5. In each of my respective positions with the Debtors outlined above, I am part of the BlockFi team responsible for supervising the Debtors' outside counsel and monitoring and controlling legal costs.

6. When the Debtors decided to retain New Jersey counsel in connection with their anticipated District of New Jersey filing, their counsel and financial advisor recommended the retention of Cole Schotz on the basis of its expertise in complex chapter 11 cases and its familiarity with the local rules, procedures, and practices in the District of New Jersey.

7. Since its retention, Cole Schotz has provided advice and assisted the Debtors in all aspects of their restructuring efforts by providing advice on local rules, procedures, and practices

in this District. In addition, as set forth above, Cole Schotz has specific experience with chapter 11 filings by large and complex companies like the Debtors. I believe that for these reasons Cole Schotz is well-qualified to serve as the Debtors' New Jersey counsel in these chapter 11 cases. Moreover, in the event K&E or H&B have a disabling conflict of interest in these chapter 11 cases, that matter will be handled by Cole Schotz.

8.  I have confirmed with Cole Schotz that, although its billing rates vary from attorney to attorney based on such facts as the attorney's seniority and position with the firm (*e.g.*, member, counsel, or associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

9.  The Debtors have been informed that Cole Schotz endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with whom they compete. In addition, the Debtors confirmed that (i) the Cole Schotz attorneys staffed to this engagement will not be charging a premium or in any way increasing their hourly rates over the fees charged to non-bankruptcy clients, and (ii) the material terms for the engagement are comparable to terms of other comparably skilled professionals.

10. The Debtors supervise outside counsel retained in the ordinary course of business and will supervise the fees and expenses incurred by Cole Schotz in connection with these chapter 11 cases. More specifically, in my capacity as CEO and President of the Debtors, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs. During the course of these chapter 11 cases, I, or others working under my direction and guidance, will review Cole Schotz's invoices, monthly fee statements, and interim and final compensation applications in connection with Cole Schotz's requests for payment of fees and

reimbursement of expenses. Cole Schotz has assured me that, in order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz will coordinate with K&E, H&B, and any additional firms the Debtors retain regarding their respective responsibilities in these chapter 11 cases.

11. I understand that Cole Schotz historically increases its hourly billing rates for their professionals and paraprofessionals on September 1 of each year. The Debtors have consented to such ordinary course rate increases.

12. Cole Schotz has indicated that it will provide the Debtors with a prospective budget and staffing plan in accordance with the in accordance with the U.S. Trustee Guidelines. The Debtors recognize, however that in the course of these chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Cole Schotz. The Debtors recognize that it is their responsibility to closely monitor Cole Schotz's billing practices and to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases. The Debtors will work with Cole Schotz to amend the budget and staffing plan as necessary during the pendency of these chapter 11 cases.

13. To the extent the Debtors have an objection to the fees and expenses requested by Cole Schotz in any monthly fee statement or interim or final compensation applications that cannot be informally resolved to the Debtors' satisfaction, Cole Schotz has informed me that it will file a Notice of Objection to Fee Statement on the Debtors' behalf. I understand that Cole Schotz reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Debtors reserve all rights to retain conflicts counsel to prosecute any such fee objection to the extent it cannot be resolved informally by the parties.

14. Nothing contained herein is intended to limit Cole Schotz's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, nor to restrict Cole Schotz's rights to defend any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party-in-interest, such as the U.S. Trustee.

15. Based on the foregoing, I am of the opinion that it is necessary for the Debtors to employ Cole Schotz as their New Jersey counsel in these cases and that such employment is in the best interest of the Debtors' estates.

[*Remainder of page left intentionally blank.*]

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 22, 2022

Respectfully submitted,

By: /s/ *Zachary Prince*
    Zachary Prince
    CEO
    BlockFi Inc., *et al.*