**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BlockFi Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS
ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

TO:   THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-

in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "Application") and respectfully represent as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is Proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### Background

4. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") incorporated by reference herein.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order granting the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). The Debtors' cases are being jointly administered under lease Case No. 22-19361 pursuant to Bankruptcy Rule 1015 [Docket No. 42]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

**Relief Requested**

6. The Debtors previously filed an application (the "Claims Agent Application") for an order appointing Kroll Restructuring Administration LLC ("Kroll")[2] as claims and noticing agent pursuant to 28 U.S.C. § 156(c), which application was granted by this Court on November 30, 2022 [Docket No. 48]. The Debtors believe that administration of these chapter 11 cases will require Kroll to perform services arguably outside the scope of the order approving the Claims Agent Application, including assisting the Debtors with the preparation of their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") as well as with the plan solicitation and confirmation process. Therefore, the Debtors submit this Application for entry of an order authorizing them to employ and retain Kroll so that it may perform services as their administrative advisor ("Administrative Advisor") in accordance with that certain engagement agreement dated November 15, 2022 by and between the Debtors and Kroll (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit A**. The Debtors request that Kroll's retention be effective *nunc pro tunc* to the Petition Date, the date on which Kroll began providing services related to preparation of Schedules and the chapter 11 plan

---

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

solicitation process. In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele (the "Steele Declaration"), a copy of which is attached hereto as **Exhibit B**.

**A.    Kroll's Qualifications**

7.    Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, assisting with the preparation of Schedules, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtors' counsel, official claims and noticing agent, and/or administrative advisor in many large bankruptcy cases in this district and in other districts nationwide. *See, e.g.*, *In re The Diocese of Camden, New Jersey,* Case No. 20-21257 (JNP) (Bankr. D.N.J); *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J); *In re Hollister Construction Services, LLC*, Case No. 19-27439 (MBK) (Bankr. D.N.J.); *In re Aceto Corporation*, Case No. 19-13448 (CFP) (Bankr. D.N.J.); *In re Frank Theatres Bayonne/South Cove, LLC*, Case No. 18- 34808 (SLM) (Bankr. D.N.J.); *In re Mountain Creek Resort, Inc.*, Case No. 17- 19899 (SLM) (Bankr. D.N.J.); *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.); *In re GenapSys, Inc.*, No. 22-10621 (BLS) (Bankr. D. Del.); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del.); *In re Ruby Pipeline, LLC,* No. 22-10278 (CTG) (Bankr. D. Del.); *In re Endo International plc*, Case No. 22-22549 (JLG) (Bank. S.D.N.Y.); *In re SAS AB*, Case No. 22- 10925 (MEW) (Bankr. S.D.N.Y); *In re Revlon Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.).

**B.    Services to be Provided**

8.    The Debtors seek to retain Kroll as Administrative Advisor to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

4

    (a)    Assist with, among other things, the preparation of the Debtors' Schedules and the gathering of data in conjunction therewith;

    (b)    Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties-in-interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

    (c)    Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

    (d)    Manage and coordinate any distributions pursuant to a chapter 11 plan; and

    (e)    Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Claims Agent Application, as may be requested from time-to-time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

**C.    Professional Compensation**

9.    The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before retaining Kroll with respect to these chapter 11 cases. The Debtors believe Kroll's rates are more than reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise. Additionally, Kroll will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

10.    Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

11. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Kroll and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

**D.    Disinterestedness**

12. Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties-in-interest provided by the Debtors and, to the best of the Debtors' knowledge, information and belief, and except as may be otherwise disclosed in the Steele Declaration, Kroll is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code as required by Section 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors, their estates or creditors. The Debtors have been informed that Kroll will continue conducting a review of its files to ensure that no disqualifying circumstances arise.

13. Kroll believes that it does not have any relationships with creditors or parties-in-interest that would present a disqualifying conflict of interest. Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Basis for Relief Requested**

14. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

6

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

15. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

16. The Debtors seek entry of an order authorizing the retention and employment of Kroll as Administrative Advisor in order to relieve the Debtors of the significant noticing and other administrative tasks involved in the preparation of Schedules and the chapter 11 plan solicitation process. In light of the numerous creditors and other parties-in-interest that are involved in these chapter 11 cases, the Debtors submit that Kroll's retention as Administrative Advisor is in the best interest of the Debtors' estates and their creditors, and that the terms set forth in the Engagement Agreement are fair and reasonable.

## No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

## Notice

18. The Debtors will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District

of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

      WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

[*Remainder of page intentionally left blank*]

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 22, 2022 | /s/ *Michael D. Sirota* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*