## Exhibit B

**Klein Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF BARAK KLEIN IN SUPPORT OF**
**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR**
**ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF**
**MOELIS & COMPANY LLC AS INVESTMENT BANKER, CAPITAL MARKETS**
**ADVISOR, AND FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE**

I, Barak Klein, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the

following is true and correct to the best of my knowledge, information, and belief:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1.      I am a Managing Director in the Recapitalization and Restructuring Group at Moelis & Company LLC ("Moelis"), the proposed investment banker, capital markets advisor, and financial advisor to the above-captioned debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases, which has its principal office at 399 Park Avenue, 5th Floor, New York, New York 10022.

2.      I have more than 20 years of investment banking and asset management experience. I have led complex bankruptcies and reorganizations across a broad spectrum of industries in a variety of capacities.  In particular, I have provided services to debtors and other constituencies in numerous restructurings, including, among others, AAC Holdings, Inc., Aegerion Pharmaceuticals, Allied Nevada Gold Corp., Inc., American Zinc Recycling LLC, AMF Bowling Worldwide, Inc., Aralez Pharmaceuticals US Inc., Bristow Group, Inc., Catalyst Paper Corp., CHC Group LLC, Chemtura Corp., Cobalt International Energy, Inc., Eagle Hospitality Trust, F.C.F. Fishery Co., Ltd., Garrett Motion, Inc., General Growth Properties Inc., HCR ManorCare, Inc., Hertz Global Holdings, Inc., Hi-Crush, Inc., Intelsat SA, ION Media Networks, Inc., Joerns WoundCo Holdings, Inc., Lear Corp., Mallinckrodt Plc, Midway Gold Corp., Motorsport Aftermarket Group, Inc, Murray Energy Holdings Co., Peabody Energy Corp., Seadrill Ltd., SkillSoft Corp., Tervita Corporation, Toys 'R Us, Inc., Residential Capital, LLC, Revel AC, Voyager Digit. Holdings, Inc., and Yellow Media Ltd.

3.      Prior to joining Moelis, I was a member of the CR Intrinsic-General Distressed Group of SAC Capital Advisors, where my primary responsibilities included investing in workout and special situations.  I have also served as a senior vice president at Jefferies Asset Management and, prior to that role, I served as a vice president in the Restructuring & Recapitalization Group

at Jefferies & Company.  I began my career in the Financial Restructuring Group at Houlihan, Lokey, Howard & Zukin.

4.    I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Application of Debtors and Debtors in Possession for Entry of an Order Authorizing the Employment and Retention of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor Effective as of the Petition Date* (the "<u>Application</u>").[2]

5.    The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or other employees of Moelis under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

## Moelis's Qualifications

6.    Moelis is an investment banking firm with its principal office located at 399 Park Avenue, 5th Floor, New York, New York 10022.  Moelis is a registered broker-dealer with the United States Securities and Exchange Commission and is a member of the Financial Industry Regulatory Authority.  Moelis was founded in 2007 and is a wholly owned subsidiary of Moelis & Company Group LP.  Moelis & Company Group LP, together with its subsidiaries, has approximately 1,000 employees with geographic locations in North and South America, Europe, the Middle East, and Asia.  Moelis & Company Group LP is a subsidiary of Moelis & Company, a public company listed on the New York Stock Exchange.

7.    Moelis provides a broad range of financial advisory and investment banking services to its clients, including:  (a) general corporate finance; (b) mergers, acquisitions, and divestitures; (c) corporate restructurings; (d) special committee assignments; and (e) capital

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

raising.  Moelis and its senior professionals have extensive experience in the reorganization and restructuring of distressed companies, both out-of-court and in chapter 11 cases.  Moelis' business reorganization professionals have served as financial advisors, and/or investment bankers in numerous cases, including:  *In re Revel AC, Inc.*, No. 14-22654 (MBK) (Bankr. D.N.J. Aug. 1, 2014); *In re Voyager Digit. Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 16, 2022); *In re CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Aug. 11, 2021); *In re Knotel, Inc.*, No. 21-10146 (MFW) (Bankr. D. Del. June 29, 2021); *In re Energy Alloys Holdings, LLC*, No. 20-12088 (MFW) (Bankr. D. Del. June 28, 2021); *In re Mallinkrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del. Jan. 14, 2021); *In re Jason Indus., Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2020); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. Sept. 22, 2020); *In re Internap Technology Solutions Inc.*, No. 20-22393 (RDD) (Bankr. S.D.N.Y. May 5, 2020).[3]

8.      Moelis began advising the Debtors on strategic and restructuring initiatives prior to the commencement of these chapter 11 cases.  Moelis was initially engaged as the Debtors' investment banker and financial advisor in November 2022 and has provided extensive prepetition services in connection with the Debtors' restructuring efforts since then.

9.      As a result of its prepetition work with the Debtors, Moelis has developed valuable institutional knowledge regarding the Debtors' businesses, operations, capital structure and other material information.  Accordingly, I believe Moelis is well-qualified to represent the Debtors in a cost-effective, efficient and timely manner.

---

[3]      Because of the voluminous nature of the orders cited herein, such orders are not attached to this Application. Copies of these orders are available upon request of the Debtors' proposed counsel.

## Services to be Provided

10.     Subject to further order of the Court, and as set forth more fully in the Engagement Letter attached to the Proposed Order as <u>Exhibit 1</u>, in consideration for the compensation contemplated therein, Moelis has and will perform the following services the ("<u>Services</u>"), as requested, for the Debtors:[4]

(a)     assist the Debtors in reviewing and analyzing the Debtors' results of operations, financial condition, and business plan;

(b)     assist the Debtors in reviewing and analyzing any potential Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction;

(c)     assist the Debtors in negotiating any Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction;

(d)     advise the Debtors on the terms of securities it offers in any potential Capital Transaction;

(e)     advise the Debtors on their preparation of information memoranda for a potential Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction (each, an "<u>Information Memo</u>");

(f)     assist the Debtors in contacting potential counterparties or purchasers of a Capital Transaction ("<u>Purchasers</u>") that Moelis and the Debtors agree are appropriate for the applicable Transactions, and meet with and provide them with the Information Memo and such additional information about the Debtors' assets, properties, or businesses that is acceptable to the Debtors, subject to customary business confidentiality agreements; and

(g)     provide such other financial advisory and investment banking services in connection with a Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction as Moelis and the Debtors may mutually agree upon in writing.

---

[4]     The summary of the Engagement Letter in this Declaration is qualified in its entirety by reference to the provisions of the Engagement Letter.  To the extent there is any discrepancy between the summary contained herein and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall control. Capitalized terms used and not otherwise defined in this Declaration shall have the meanings ascribed to them in the Engagement Letter.

11.     I believe these professional services are necessary to the Debtors' restructuring efforts and in the ongoing operation and management of the Debtors' businesses while subject to chapter 11 of the Bankruptcy Code.  Further, if the Debtors request that Moelis perform services not contemplated by the Moelis Engagement Letter, Moelis and the Debtors will agree, in writing, on the terms for such services and seek the Court's approval.  I believe that the employment of Moelis is important to enabling the Debtors to execute their duties as debtors in possession and to effectuate their reorganization efforts.

### Professional Compensation

12.     Moelis' decision to advise and assist the Debtors in connection with these chapter 11 cases is subject to its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth in the Engagement Letter.

13.     Moelis does not typically charge for its services on an hourly basis.  Instead, it customarily charges a monthly advisory fee plus an additional fee that is contingent upon the occurrence of a specified type of transaction.  The Engagement Letter follows this custom in the financial advisory and investment banking industry and sets forth the monthly and transaction-based fees that are to be payable to Moelis.

14.     As set forth more fully in the Engagement Letter, Moelis and ~~the Debtors~~ have agreed on the following terms of compensation and expense reimbursement (the "Fee Structure"). The Debtors have agreed to pay Moelis the following nonrefundable cash fees:

**Retainer Fee.**  Promptly after execution of the Engagement Letter, a retained fee of $500,000 (the "Retainer Fee").  The Retainer Fee shall be offset, to the extent previously paid, against the Restructuring Fee or the Sale Transaction Fee (each as defined below).  The Retainer Fee was funded by the Debtors before the Petition Date.

6

ii.   **Monthly Fee.**  During the term of the Engagement Letter, a fee of $200,000 per month (the "Monthly Fee"), payable in advance of each month.  The Debtors paid the first Monthly Fee immediately upon the execution of this agreement, and will pay all subsequent Monthly Fees prior to each monthly anniversary of the date of this agreement.  Whether or not a Restructuring, Sale Transaction, or Capital Transaction occurs, Moelis shall earn and be paid the Monthly Fee every month during the term of the Engagement Letter.  After three (3) months, 50% of the Monthly Fee shall be offset, to the extent previously paid, against the Sale Transaction Fee or the Restructuring Fee.

iii.   **Restructuring Fee.**   At the closing a Restructuring, a fee (the "Restructuring Fee") of $8,000,000.  If, at the closing of a Restructuring, Moelis has not received a Mining Assets Sale Fee or a Claim Monetization Transaction Fee (each as defined below), the Restructuring Fee will increase to $9,000,000.

iv.   **Sale Transaction Fee.**   At the closing of a Sale Transaction, a non-refundable cash fee (the "Sale Transaction Fee") of $8,000,000

In the event of a Sale Transaction that is consummated pursuant to Section 363 of the Bankruptcy Code, such Sale Transaction shall trigger a Restructuring Fee.  To the extent a Transaction is both a Sale Transaction and a Restructuring Transaction, the Debtors shall pay the Restructuring Fee  If, at the closing of a Sale Transaction, Moelis has not received a Mining Assets Sale Fee or a Claim Monetization Transaction Fee, the Sale Transaction Fee will increase to $9,000,000.

v.   **Capital Transaction Fee.**   At the closing of a Capital Transaction, a non-refundable cash fee (the "Capital Transaction Fee") as follows:

a.   1.00% of the amount Raised (as defined below)[5] in a Capital Transaction that is a first-lien debt financing, including a DIP financing; provided, however, that 50% of any fee earned on a DIP financing will be offset, to the extent previously paid, against the Sale Transaction Fee or the Restructuring Fee; plus

b.   3.00% of the amount Raised in a Capital Transaction that is any other debt financing; plus

c.   4.00% of the amount Raised in a Capital Transaction that is equity, equity-lined interests, options, warrants, or other rights to acquire equity interests.

---

[5]   "Raised" includes the amount committed to the Debtors, whether or not the Debtors draw the full amount, and whether or not the Debtors apply such amounts to refinance any of its obligations.

The Debtors will pay a separate Capital Transaction Fee in respect of each Capital Transaction in the event that more than one Capital Transaction occurs.

vi.    **Mining Asset Sale Fee.**  At the closing of a Mining Assets Sale, a non-refundable cash fee (the "Mining Assets Sale Fee") of $500,000, plus 5.0% of the total gross consideration received or to be received in connection with a Mining Assets Sale.

The Debtors will pay a separate Mining Assets Sale Fee in respect of each Mining Assets Sale in the event that more than one Mining Assets Sale occurs.

vii.    **Claim Monetization Transaction Fee.**  At the closing of a Claim Monetization Transaction, a non-refundable cash fee (the "Claim Monetization Transaction Fee," and, together with the Restructuring Fee, Sale Transaction Fee, Capital Transaction Fee, and Mining Assets Sale Fee, the "Transaction Fees") of $500,000, plus 5.0% of the total gross consideration received or to be received in connection with a Claim Monetization Transaction.

The Company will pay a separate Claim Monetization Transaction Fee in respect of each Claim Monetization Transaction in the event that more than one Claim Monetization Transaction occurs. If a Transaction triggers both a Claim Monetization Transaction Fee and a Capital Transaction Fee, the Company shall pay the Claim Monetization Transaction Fee only.

15.    Notwithstanding anything to the contrary in the Engagement Letter, the aggregate amount of Mining Assets Sale Fees and Claim Monetization Transaction Fees earned in connection with one or more Mining Assets Sales or Claim Monetization Transactions shall not exceed $4,000,000.

16.    If, at any time prior to the end of the Tail Period,[6] the Debtors consummate any Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction, or enter into an agreement or a Plan is filed regarding any Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization Transaction and a

---

[6]    The "Tail Period" shall end 12 months following the expiration or termination of the Engagement Letter.

Restructuring, Sale Transaction, Capital Transaction, Mining Assets Sale, or Claim Monetization

Transaction is subsequently consummated, then the Debtors (or their estates) shall pay Moelis the

applicable Transaction Fee(s) as specified above.

17.     In addition to any fees payable to Moelis, the Debtors will reimburse Moelis for it's

out-of-pocket expenses as they are incurred in performing services pursuant to the Engagement

Letter, whether or not the Debtors consummate a Restructuring. Sale Transaction, Capital

Transaction, Mining Assets Sale, or Claim Monetization Transaction.  Upon execution of the

Engagement Letter, the Debtors paid, and will maintain, a $25,000 expense advance for Moelis

(the "Expense Retainer").  Moelis will return the unused portion of the Expense Retainer to the

Debtors following termination of the Engagement Letter.  Moelis agrees to provide the Debtors

with reasonable support for its expenses at the Debtors' request or at the Court's direction.  Such

expenses include, without limitation, insourced document production costs, travel costs, and the

costs of Moelis's external legal counsel (without the need for such legal counsel to be retained as

a professional in these chapter 11 cases and without regard to whether such legal counsel's services

satisfy section 330(a)(3)(C) of the Bankruptcy Code).

18.     Moelis intends to apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the

Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, the Trustee Guidelines, the Amended Guidelines and any other

applicable procedures and orders of the Court, including any order granting this Application (to

the extent compliance is not waived) and consistent with the proposed compensation set forth in

the Engagement Letter.

19.     However, because (a) it is not the general practice of investment banking firms such as Moelis to keep detailed time records similar to those customarily kept by attorneys, (b) Moelis does not ordinarily keep time records on a "project category" basis, and (c) Moelis' compensation is based on a fixed Monthly Fee and fixed transaction fees, I respectfully request that only Moelis' restructuring professionals who advise or provide professional services to or on behalf of the Debtors be required to maintain records (in summary format) of the services rendered for the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in hourly increments) and the identity of the professionals who provided those services, consistent with its ordinary practice.  Moelis will present such records to the Court in its fee application(s).  Moreover, I respectfully request that Moelis' restructuring professionals not be required to keep time records on a "project category" basis, that its non-restructuring professionals and personnel in administrative departments (including legal) not be required to maintain any time records, and that we not be required to provide or conform to any schedule of hourly rates.  To the extent that Moelis would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines, or other applicable procedures and orders of the Court, I respectfully request that this Court waive such requirements.

20.     Moelis will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases.  In the event that Moelis seeks reimbursement for attorneys' fees during the term of these chapter 11 cases, Moelis will include the applicable invoices and supporting time records from such attorneys in Moelis' own application, both interim and final.  Such invoices and time records will be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code,

without regard to whether such attorneys have been retained under section 327 of the Bankruptcy

Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the

Bankruptcy Code.

21.     I believe the Fee Structure is reasonable, consistent with, and typical of

compensation arrangements entered into by Moelis and other comparable firms in connection with

the rendering of similar services under similar circumstances, both in and out of bankruptcy

proceedings.  I also believe that the Fee Structure reflects a proper balance between a fixed,

monthly fee, and a contingency amount, which is tied to the consummation and closing of the

transactions and services contemplated by the Debtors and Moelis in the Engagement Letter.  The

Fee Structure is consistent with Moelis' normal and customary billing practices for cases of this

size and complexity that require the level of scope and services outlined herein.  After discussions

and arm's-length negotiations with the Debtors, I believe that the Fee Structure is reasonable,

market based and designed to compensate Moelis fairly for its work.

22.     I understand that Moelis' strategic and financial expertise, as well as its capital

markets knowledge, financing skills, restructuring capabilities and mergers and acquisitions

expertise, some or all of which has and will be required by the Debtors during the term of Moelis'

engagement, were all important factors in determining the Fee Structure.  I believe that the ultimate

benefit of Moelis' services cannot be measured by reference to the number of hours to be expended

by Moelis' professionals in the performance of such services.  Moelis and the Debtors have agreed

upon the Fee Structure in anticipation that a substantial commitment of professional time and effort

will be required of Moelis and its professionals in connection with these chapter 11 cases and in

light of the fact that (a) such commitment may foreclose other opportunities for Moelis and (b) the

actual time and commitment required of Moelis and its professionals to perform its services under

the Engagement Letter may vary substantially from week-to-week and month-to-month, creating "peak load" issues for Moelis.

23.    During the 90-day period prior to the Petition Date, the Debtors paid to Moelis in the ordinary course, certain fees and expense reimbursements due under the Engagement Letter. Specifically, according to the Debtors' books and records, the Debtors paid Moelis (a) the Retainer Fee in the amount of $500,000; (b) Monthly Fees in the amount of $200,000; and (c)  the Expense Retainer in the amount of $25,000.  As of the Petition Date, the Debtors do not owe Moelis any fees for services performed or expenses incurred to date under the Engagement Letter in excess of the Expense Retainer, which Moelis is holding on account for expenses incurred in connection with the Engagement Letter.

### Indemnification Provisions

24.    As part of the overall compensation payable to Moelis under the terms of the Engagement Letter, the Debtors have agreed to indemnify and exculpate any and all Indemnified Persons (as defined in the Engagement Letter), and pay certain contributions and reimbursements to, Moelis in accordance with the terms and conditions set forth in the Engagement Letter, including the annexes thereto (such provisions, collectively, the "Indemnification Provisions"). As set forth more fully therein, under the Indemnification Provisions, if any Indemnified Person becomes involved in an becomes involved in any capacity in any Action (as defined in the Engagement Letter), the Debtors will reimburse such Indemnified Person for the reasonable out-of-pocket costs and expenses (including counsel fees) of investigating, preparing for and responding to such Action or enforcing the Engagement Letter, as they are incurred.  The Debtors will also indemnify and hold harmless any Indemnified Person from and against, and the Debtors each agree that no Indemnified Person shall have any liability to the Debtors or their affiliates, or their respective owners, directors, officers, employees, security holders or creditors for, any losses,

claims, damages, expenses or liabilities (collectively, "Losses") (A)(i) related to the Debtors'
actions or omissions (or the actions or omissions of the Debtors' officers, directors, employees and
agents other than Moelis) in connection with the Engagement Letter or the matters referred to
therein, or (ii) related to or arising out of oral or written statements of omissions made or
information provided by the Debtors or its agents in connection with the Engagement Letter or the
matters referred to therein (including, without limitation, the Information Memo and any other
information provided by or on behalf of the Debtors to any purchaser or seller of a security in any
transaction contemplated by the Engagement Letter), or (B) otherwise arising out of, related to or
in connection with the Engagement Letter or Moelis' performance thereunder or any other services
or advance the Debtors request any Indemnified Person to provide (in each case, including prior
to the date of the Engagement Letter), except that this clause (B) shall not apply to Losses to the
extent such Losses are finally judicially determined to have resulted primarily from the bad faith,
willful misconduct or gross negligence of an Indemnified Person.[7]

25.     I believe that the Indemnification Provisions are customary and reasonable terms
of consideration for investment bankers and financial advisors such as Moelis in connection with
in court and out of court restructuring activities.  Moelis negotiated the Engagement Letter,
including the Indemnification Provisions, with the Debtors in good faith and at arm's length.

### Efforts to Avoid Duplication of Services

26.     The Debtors have applied, or expect to apply, to the Court to retain various
additional professionals.  Moelis is mindful of the need to avoid duplication of services and
appropriate procedures will be implemented to ensure that there is minimal duplication of effort

---

[7]     To the extent there is any inconsistency between the summary of the indemnification provisions set forth in this
Application and the indemnifications set forth in Annex A to the Engagement Letter, the terms of the Engagement
Letter shall control.

as a result of Moelis' retention as investment banker and financial advisor.  Moelis will use its reasonable efforts to work cooperatively with the Debtors' other professionals to integrate any respective work performed by those professionals on behalf of the Debtors.

### Moelis's Disinterestedness

27.    Moelis has undertaken to determine whether it has any conflicts or other relationships that might cause it not to be eligible for employment by the Debtors in these cases. Specifically, Moelis obtained from the Debtors the names of individuals and entities that may be parties in interest in these cases.  Moelis then (a) researched its internal records to determine whether Moelis has any connections with the Debtors and the parties listed on **Schedule 1** attached hereto (the "Potential Parties in Interest"), and (b) issued a general inquiry to certain of its officers with respect to the Debtors and certain Potential Parties in Interest.

28.    Based on the foregoing inquiry, other than in connection with this engagement and as otherwise disclosed herein, Moelis has no relationships or connections with the Debtors of which I am aware.  In particular, to the best of my knowledge, information and belief, neither I, Moelis, nor any of its professionals:

      i.      is a creditor, equity security holder or insider of the Debtors;

      ii.      is or has been within three years before the Petition Date, a director, officer or employee of the Debtors; or

      iii.      has any interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

29.    Accordingly, I believe Moelis is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors or their estates.

30.    Neither I nor any of the Moelis professionals who will provide services for the
Debtors is related to any Judge of this Court, the U.S. Trustee, or any person employed in the office
of the U.S. Trustee assigned to these chapter 11 cases.

31.    To the extent that I have been able to ascertain to date that Moelis has been engaged
within the last three years or is currently engaged by any of the Potential Parties in Interest (or
their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on
**Schedule 2** attached hereto.  **Schedule 2** also sets forth certain other relationships Moelis has with
certain Potential Parties in Interest.  In addition to the facts disclosed on **Schedule 2**, Moelis may
in the future be engaged by parties that are or may become parties in interest in these cases.  As
these cases progress, new parties may become parties in interest in these cases and similarly,
Moelis may have been engaged, may be currently engaged, and may in the future be engaged by
such new parties in interest in matters unrelated to these chapter 11 cases.  Also, Moelis may have
engaged or had mutual clients with, may currently engage or have mutual clients with, and may in
the future engage or have mutual clients with certain law firms, financial advisors, accounting
firms, and other professionals that are Potential Parties in Interest or may become parties in
interest, all in matters unrelated to these cases.  In addition, Moelis may have also been engaged
by, be currently engaged by, or in the future be engaged by persons who are creditors or
shareholders of the Debtors, otherwise have a business relationship with the Debtors, or who are
competitors or customers of the Debtors.  Potential Parties in Interest, persons that may become
parties in interest in these cases, and persons that have business relationships with the Debtors, are
competitors of the Debtors, or that are customers of the Debtors may be:  (a) parties in interest in
other bankruptcy cases where Moelis is acting as investment banker or financial advisor to the
debtors or to other parties in interest therein; or (b) may be affiliates of or creditors of persons who

15

Moelis may have been engaged, is currently engaged, or may in the future be engaged by.  In the ordinary course of its business, Moelis may also purchase services or products from Potential Parties in Interest and other persons that are or may become parties in interest in these chapter 11 cases.

32.     Currently, Moelis is engaged to advise an ad hoc creditor group to a company which is a creditor to these Debtors with a loan representing less than 3% of liabilities of the Debtors as of November 28, 2022.

33.     Given the large number of parties in interest in these chapter 11 cases, despite the efforts described above to identify and disclose Moelis' relationships with parties in interest in these chapter 11 cases, Moelis is unable to state with certainty that every client relationship or other connection has been disclosed.  In particular, among other things, Moelis may have relationships with persons who are beneficial owners of parties in interest and persons whose beneficial owners include parties in interest or persons who otherwise have relationships with parties in interest.  Moreover, Moelis' employees may have relationships with Potential Parties in Interest, persons that may become parties in interest in these cases, and/or persons that have business relationships with the Debtors, are competitors of the Debtors, or are customers of the Debtors.  Continued inquiry will be made following the filing of the Application, on a periodic basis, with additional disclosures to this Court if necessary or otherwise appropriate.

34.     Moelis Asset Management ("MAM") is an asset management holding company that is controlled by Kenneth Moelis, who also controls Moelis.  MAM holds interests in various funds, including private equity, credit investments, direct lending and collateralized loan obligations funds.  These funds may hold investment positions in various entities from time-to-time, some of which may be parties in interest in these chapter 11 cases.  MAM and its subsidiaries

are operated in separate legal and operating entities from Moelis and its financial advisory affiliates.  MAM and its subsidiaries are separated from Moelis and its financial advisory affiliates by a compliance information barrier that prevents (a) an employee of Moelis and its financial advisory affiliates from disclosing non-public information concerning the Debtors or these cases to any employee of MAM or its subsidiaries, and (b) an employee of MAM or its subsidiaries from disclosing non-public information concerning an investment of a MAM subsidiary to an employee of Moelis or its financial advisory affiliates.  No employees of MAM or its subsidiaries will work on these cases, and employees of Moelis working on these cases have no involvement in the investment decisions of MAM's subsidiaries.  Based on the business separation and compliance information barriers referred to above, I do not believe that the investment activities of MAM's subsidiaries constitute a conflict of interest that would disqualify Moelis from providing services described in the Engagement Letter.

35.    To the best of my knowledge, information, and belief, some of Moelis' present and future employees may have, or may in the future have, personal investments in funds or other investment vehicles over whose investment decisions such employees have no input or control. Such entities may have made, or may in the future make, investments in the claims or securities of the Debtors, or those of their creditors or other parties in interest in these chapter 11 cases.

36.    Moelis will not share any compensation to be paid by the Debtors in connection with services to be performed after the Petition Date with any other person, other than other principals and employees of Moelis, to the extent required by section 504 of the Bankruptcy Code. In the ordinary course of its business, Moelis regularly retains the services of senior advisors with specific industry or other expertise to supplement the investment banking and financial advisory services offered by Moelis' regular employees to Moelis' clients.  Upon Moelis' engagement on a

particular assignment, one such senior advisor may be assigned to assist the other Moelis professionals for such engagement.  Such advisor acts under the management of the Moelis Managing Director who retains the lead role and primary responsibility for such assignment.  The fees and expenses of such senior advisor are paid solely by Moelis.

[*The remainder of this page is intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge.  Executed on this 22 day of December, 2022.


*/s/ Barak Klein*
Barak Klein
Managing Director
Moelis & Company LLC

## SCHEDULE 1

**Potential Parties in Interest**

# SCHEDULE 1

### List of Schedules

| __Schedule__ | __Category__ |
|---|---|
| 1(a) | Debtors & Affiliates |
| 1(b) | Current and Former Directors & Officers |
| 1(c) | Equity Holders |
| 1(d) | Bankruptcy Professionals |
| 1(e) | Banks |
| 1(f) | Custodians |
| 1(g) | Exchanges / Marketplaces |
| 1(h) | Government, Taxing Authorities, and Regulatory Agencies |
| 1(i) | Indenture Trustee |
| 1(j) | Insurance |
| 1(k) | Joint Provisional Liquidators |
| 1(l) | JV Partners |
| 1(m) | Litigation Counterparties |
| 1(n) | Loan Counterparties |
| 1(o) | Non-Debtor Professionals |
| 1(p) | Notice of Appearance Parties |
| 1(q) | Ordinary Course Professionals |
| 1(r) | Potential M&A Transaction Counterparties |
| 1(s) | Significant Clients[1] |
| 1(t) | Significant Vendors |
| 1(u) | Top 50 Unsecured Creditors |
| 1(v) | US Trustee Personnel, Judges, and Court Contacts for the District of New Jersey |
| 1(w) | Utilities |

---

[1]  The Debtors have more than approximately 700,000 retail and institutional clients.  Due to the large number of the Debtors' Clients, Moelis limited its search of its electronic database to only those Debtors' Clients who hold digital assets in an amount of at least $250,000 on an aggregate basis in their rehypothecated accounts as of the Petition Date.

# SCHEDULE 1(a)

## **Debtors & Affiliates**

BlockFi Asia Pte. Ltd. (Singapore)
BlockFi Cayman LLC
BlockFi Holding UK Ltd. (England & Wales)
BlockFi Inc.
BlockFi International Ltd
BlockFi Investment Products
BlockFi Lending II LLC
BlockFi Lending LLC
BlockFi Management LLC
BlockFi Services Inc.
BlockFi Trading LLC
BlockFi Ventures LLC
BlockFi Wallet
BlockFi Wallet LLC
BV Power Alpha LLC

# SCHEDULE 1(b)

## **Current and Former Directors & Officers**

Carr, Alan J.
Corrie, Pamela B.
Frizzley, Jill
Hill, Jennifer
Lauro, Tony
Marquez, Florencia
Prince, Zachary
Tepner, Harvey L.
Vogel, Scott D.
[Confidential]

# SCHEDULE 1(c)

## Equity Holders

2021 Fintech Industry Fund LLC
3 Arrows Capital
A210Z Capital LLC
aCrew Diversify Capital Executive Fund (A)
    LP
aCrew Diversify Capital Executive Fund LP
aCrew Diversify Capital Fund (A) LP
aCrew Diversify Capital Fund (G) LP
aCrew Diversify Capital Fund LP
Akuna Capital
Akuna Ventures LLC
Altive Master Fund SPC - Altive Pisces
    Fund SP
Arrington XRP Capital
Arrington XRP Capital Cayman SPV Ltd.
Atreides Foundation Master Fund LP
AVG - PAV BlockFi 2020 Trust
AVGF-PAV1-BlockFi 2018 LLC
Avon Venture Fund I LP
Avon Ventures
Bain Capital Venture Coinvestment Fund II
    LP
Bain Capital Venture Fund 2021 LP
Bain Capital Ventures
Base10 Advancement Initiative I LP
BC/BL Holdco LLC
BCIP Venture Associates II LP
BCIP Venture Associates II-B LP
BCIP Ventures Associates II LP
BCIP Ventures Associates II-B LP
BCV 2019-MD Coinvestment II LP
BCV 21 Innovators Fund LP
BF, a series of Factorial Funds I LLC
BL Fund I
BL Fund I, a series of AHP Investments LP
BL Fund II, a Series of AHP Investments LP
BLF 107, a series of SAX Capital Series
    Fund V LP
Blythe Ventures Pty. Ltd.
Bracket Capital
Cadenza Ventures Opportunities Fund LP
    (Series B)

Castle Island
Castle Island Ventures I LP
Castle Island Ventures I-A LP
CIV Opportunity Series Co-Invest I LP
CIV Opportunity Series Co-Invest I LP -
    (Series 2)
CMS
CMS Holdings LLC
CMT Digital
CMT Digital Investments I LLC – Series 3
CMT Digital Ventures Fund I LLC
Coinbase Global Inc.
Coinbase Ventures
ConsenSys
ConsenSys Fund I LP
Delly VC LLC
Disruptive Innovation Fund LP
Dolly VC LLC
EquityZen Growth Technology Fund LLC -
    Series 1054
EquityZen Growth Technology Fund LLC -
    Series 1070
EquityZen Growth Technology Fund LLC -
    Series 1189
EquityZen Growth Technology Fund LLC -
    Series 1274
Formic Ventures LLC
Fort Schuyler Ventures LLC
FTX
Gaingels
Gaingels BlockFi 2021 LLC
Gaingels BlockFi LLC
Gaingels Gill BlockFi LLC
Galaxy Digital
Gemini Investments LP
Goanna Capital 21Q LLC
Harvard Management Private Equity Corp.
HashKey
HashKey Fintech Investment Fund LP
HDR Cadenza Management Ltd.
HRT
HRT Research LLC

HS Investments IV Ltd.
Hyperion Capital LLC
Hyperion Capital Ltd.
IL2BF, a series of Investlink Holdings
JCDP-6 AI LLC
JCDP-6 QP LLC
Jump Capital
Kenetic
Kenetic Advisors Ltd.
Kenetic Holdings Ltd.
Kristal Advisors (SG) Pte. Ltd.
LBP Fi III LLP
LeadBlock Partners (GP) Sarl
LIEC Invest AG
Linqto Liquidshares LLC
Morgan Creek Blockchain Opportunities
    Fund II LP
Morgan Creek Blockchain Opportunities
    Fund LP
Morgan Creek Capital Management
Morgan Creek Consumer Opportunities
    Fund LP
Morgan Creek Digital Fund III LP
Morgan Creek Private Opportunites Fund
    LLC Series H - BlockFi
Morgan Creek Private Opportunities LLC
    Series K - BlockFI
MyAsiaVC BLF 157, a series of SAX
    Capital Series Fund III LP
NO Investments LLC
Ocean Capital GmbH
Ocean Fidelity GmbH
Olola Investments Pty Ltd.
OÜ Notorious
Paradigm
Paradigm Fund LP
ParaFi Capital
ParaFi Private Opportunities LLC – Series F
Park West Investors Master Fund Ltd.
Park West Partners International Ltd.
PJC
PJC Blockfi SPV LLC
Point Judith Venture Fund IV LP
Polka Dot Ventures Pty Ltd.
Pomp Bracket Digital Assets I LLC
Pomp Bracket Digital Assets II LLC

Pomp Bracket Digital Assets III LLC
Purple Arch Ventures
RCapital BlockFi I, a Series of Republic
    Capital Master Fund LP
Recruit Strategic Partners Inc.
RSP Fund VI LLC
Sand Dune Investments LLC
SCB 10X Co. Ltd.
SGP Governance
SLV BlockFi Holding LLC
Social Finance Inc.
SoFi
Susquehanna Government Products LLLP
Sustainable Governance Partners LLC
Tayenthal Ventures UG
TB Asset Management GmbH
The Midnight, a Third Prime Series LLC
    (Series: BlockFi)
Third Prime
Tiger Global
Tiger Global Management LLC
Tiger Global PIP 14-7 LLC
Tiny Orange LLC
TONA Investments LP
Trustees of Columbia University
Trustees of Columbia University in the City
    of New York, The
TVC
TVC X, a series of The Venture Collective
    Holdings LLC
TVC XVII, a series of The Venture
    Collective Holdings LLC
Valar Co-Invest 10 LP
Valar Co-Invest 11 LP
Valar Co-Invest 12 LP
Valar Fund V LP
Valar Fund VII LP
Valar Principals Fund V LP
Valar Velocity Fund 2 LP
Valar Ventures LP
Vanderbilt University, The
Winklevoss Capital
Winklevoss Capital Fund LLC
Winklevoss Capital Management LLC
[Confidential]

# SCHEDULE 1(d)

## **Bankruptcy Professionals**

Berkeley Research Group
Cole Schotz PC
Haynes and Boone LLP
Kirkland & Ellis International LLP
Kirkand & Ellis LLP
Kroll Inc.
Kroll Legal
Kroll Restructuring Administration LLC

# SCHEDULE 1(e)

## **Banks**

BCB Bancorp Inc.
Capital Union Bank Ltd.
Centre Consortium
FOMO Pay
Signature Bank
Silicon Valley Bank
Silvergate Bank

# SCHEDULE 1(f)

### Custodians

Anchorage Digital Bank NA
BitGo
Blockdaemon
Coinbase
Deribit
Elwood Technologies Services Ltd.
Fidelity Digital Assets Services LLC
Fireblocks
Fireblocks Inc.
Fireblocks International
Fireblocks Lending
Fireblocks Wallet
Gemini
Gemini Lending LLC
Gemini Trust Co. LLC
Kraken
Paxos

# SCHEDULE 1(g)

## **Exchanges / Marketplaces**

Binance
BitFinex
BitMex
ByBit
Celsius Network Ltd.
Coinbase
CoinLoan
Compound Treasury
Crypto.com
Fernhill Corp.
Fidelity Prime
FTX
FTX International
FTX Trading Ltd.
Huobi
Kraken
KuCoin
LMAX
LooksRare
Nexo
Nifty Gateway
OKX
OpenSea
Quadriga
Robinhood
Tagomi Systems Inc.
Terra
Voyager Digital
Wintermute Ltd.

# SCHEDULE 1(h)

## Government, Taxing Authorities, and Regulatory Agencies

Alabama, State of, Attorney General
Alabama, State of, Department of Labor
Alabama, State of, Department of Revenue
Alaska, State of, Attorney General
Alaska, State of, Department of Labor &
    Workforce Development
Alaska, State of, Department of Revenue
Arizona, State of, Attorney General
Arizona, State of, Department of Revenue
Arizona, State of, Industrial Commission
Arkansas, State of, Attorney General
Arkansas, State of, Department of Finance
    & Administration
Arkansas, State of, Department of Labor
Bermuda Monetary Authority
California, State of, Attorney General
California, State of, Division of Labor
    Standards Enforcement & the Office of
    the Labor Commissioner
California, State of, State Board of
    Equalization
Colorado, State of, Attorney General
Colorado, State of, Department of Labor &
    Employment
Colorado, State of, Department of Revenue
Connecticut, State of, Attorney General
Connecticut, State of, Department of Labor
Connecticut, State of, Department of
    Revenue Services
Delaware, State of, Attorney General
Delaware, State of, Department of Labor
Delaware, State of, Division of Revenue
Financial Action Task Force
Florida, State of, Attorney General
Florida, State of, Department of Revenue
Florida, State of, Division of Workforce
    Services
Georgia, State of, Attorney General
Georgia, State of, Department of Labor
Georgia, State of, Department of Revenue
Hawaii, State of, Attorney General

Hawaii, State of, Department of Labor &
    Industrial Relations
Hawaii, State of, Department of Taxation
Idaho, State of, Attorney General
Idaho, State of, Department of Labor
Idaho, State of, State Tax Commission
Illinois, State of, Attorney General
Illinois, State of, Department of Labor
Illinois, State of, Department of Revenue
Indiana, State of, Attorney General
Indiana, State of, Department of Labor
Indiana, State of, Department of Revenue
Iowa, State of, Attorney General
Iowa, State of, Department of Revenue &
    Finance
Iowa, State of, Labor Services Division
Kansas, State of, Attorney General
Kansas, State of, Department of Labor
Kansas, State of, Department of Revenue
Kentucky, Commonwealth of, Attorney
    General
Kentucky, Commonwealth of, Labor
    Cabinet
Kentucky, Commonwealth of, Revenue
    Cabinet
Louisiana, State of, Attorney General
Louisiana, State of, Department of Revenue
Louisiana, State of, Workforce Commission
Maine, State of, Attorney General
Maine, State of, Department of Labor
Maine, State of, Revenue Services,
    Compliance Division
Maryland, State of, Attorney General
Maryland, State of, Department of Labor,
    Licensing & Regulation
Massachusetts, Commonwealth of, Attorney
    General
Massachusetts, Commonwealth of,
    Department of Revenue
Massachusetts, Commonwealth of,
    Executive Office of Labor & Workforce
    Development

Massachusetts, Commonwealth of, Fair Labor Division, Office of The Attorney General

Michigan, State of, Attorney General

Michigan, State of, Department of Licensing & Regulatory Affairs

Michigan, State of, Department of Treasury

Minnesota, State of, Attorney General

Minnesota, State of, Department of Labor & Industry

Minnesota, State of, Department of Revenue

Mississippi, State of, Attorney General

Mississippi, State of, Department of Employment Security

Mississippi, State of, Tax Commission

Missouri, State of, Attorney General

Missouri, State of, Department of Revenue

Missouri, State of, Labor & Industrial Relations Commission

Montana, State of, Attorney General

Montana, State of, Department of Labor & Industry

Montana, State of, Department of Revenue

National Association of Attorneys General

Nebraska, State of, Attorney General

Nebraska, State of, Department of Labor

Nebraska, State of, Department of Revenue

Nevada, State of, Attorney General

Nevada, State of, Department of Business & Industry

Nevada, State of, Department of Taxation

New Hampshire, State of, Attorney General

New Hampshire, State of, Department of Labor

New Hampshire, State of, Department of Revenue - Administration Unit

New Jersey, State of, Attorney General

New Jersey, State of, Department of Labor & Workforce Development

New Jersey, State of, Department of Treasury

New Mexico, State of, Attorney General

New Mexico, State of, Department of Taxation & Revenue

New Mexico, State of, Department of Work Force Solutions

New York, State of, Attorney General

New York, State of, Department of Financial Services

New York, State of, Department of Labor

New York, State of, Department of Taxation & Finance Bankruptcy Section

North Carolina, State of, Attorney General

North Carolina, State of, Department of Labor

North Carolina, State of, Department of Revenue

North Dakota, State of, Attorney General

North Dakota, State of, Department of Labor

North Dakota, State of, Tax Department

Ohio, State of, Attorney General

Ohio, State of, Department of Commerce

Ohio, State of, Department of Taxation

Oklahoma, State of, Attorney General

Oklahoma, State of, Department of Labor

Oklahoma, State of, Tax Commission

Oregon, State of, Attorney General

Oregon, State of, Bureau of Labor & Industries

Oregon, State of, Department of Revenue

Pennsylvania, Commonwealth of, Attorney General

Pennsylvania, Commonwealth of, Department of Labor & Industry

Pennsylvania, Commonwealth of, Department of Revenue, Office of Chief Counsel

Puerto Rico, Commonwealth of, Attn: Bankruptcy Department

Puerto Rico, Commonwealth of, Department of The Treasury

Rhode Island, State of, Attorney General

Rhode Island, State of, Department of Labor & Training

Rhode Island, State of, Department of Revenue

South Carolina, State of, Attorney General

South Carolina, State of, Department of Labor, Licensing & Regulations

South Carolina, State of, Department of Revenue

South Dakota, State of, Attorney General

South Dakota, State of, Department of Labor & Regulation

South Dakota, State of, Department of Revenue

Tennessee, State of, Attorney General

Tennessee, State of, Department of Labor & Workforce Development

Tennessee, State of, Department of Revenue

Texas, State of, Attorney General

Texas, State of, Department of Revenue

Texas, State of, Workforce Commission

United States, Government of the, Attorney General

United States, Government of the, Commodities Futures Trading Commission

United States, Government of the, Department of Justice

United States, Government of the, Department of Labor, Division of Labor Standards Enforcement

United States, Government of the, Department of the Treasury, Internal Revenue Service

United States, Government of the, Department of Treasury

United States, Government of the, Department of Treasury, Office of Comptroller of Currency

United States, Government of the, Employment Services

United States, Government of the, Environmental Protection Agency Region 1 (CT, MA, ME, NH, RI, VT)

United States, Government of the, Environmental Protection Agency Region 10 (AK, ID, OR, WA)

United States, Government of the, Environmental Protection Agency Region 2 (NJ, NY, PR, VI)

United States, Government of the, Environmental Protection Agency Region 3 (DC, DE, MD, PA, VA, WV)

United States, Government of the, Environmental Protection Agency

Region 4 (AL, FL, GA, KY, MS, NC, SC, TN)

United States, Government of the, Environmental Protection Agency Region 5 (IL, IN, MI, MN, OH, WI)

United States, Government of the, Environmental Protection Agency Region 6 (AR, LA, NM, OK, TX)

United States, Government of the, Environmental Protection Agency Region 7 (IA, KS, MO, NE)

United States, Government of the, Environmental Protection Agency Region 8 (CO, MT, ND, SD, UT, WY)

United States, Government of the, Environmental Protection Agency Region 9 (AZ, CA, HI, NV)

United States, Government of the, Pension Benefit Guaranty Corp.

United States, Government of the, Securities and Exchange Commission

Utah, State of, Attorney General

Utah, State of, Labor Commission

Utah, State of, Department of Revenue

Vermont, State of, Attorney General

Vermont, State of, Department of Labor

Vermont, State of, Department of Taxes

Virginia, Commonwealth of, Attorney General

Virginia, Commonwealth of, Department of Labor & Industry

Virginia, Commonwealth of, Department of Revenue

Washington, D.C., Attorney General

Washington, D.C., Department of Employment Services

Washington, D.C., Office of Tax & Revenue

Washington, State of, Attorney General

Washington, State of, Department of Labor & Industries

Washington, State of, Department of Revenue, Taxpayer Account Administration

West Virginia, State of, Attorney General

West Virginia, State of, Division of Labor

West Virginia, State of, Department of
    Revenue
Wisconsin, State of, Attorney General
Wisconsin, State of, Department of
    Workforce Development
Wisconsin, State of, Department of
    Revenue, Customer Service Bureau
Wyoming, State of, Attorney General
Wyoming, State of, Department of
    Workforce Service
Wyoming, State of, Department of Revenue

# SCHEDULE 1(i)

## __Indenture Trustee__

Ankura Trust Co. LLC

# SCHEDULE 1(j)

### Insurance

ACE American Insurance Co.
Arch Insurance Co.
Atlantic Specialty Insurance Co.
AXA XL Specialty Insurance Co.
AXIS Insurance Co.
Beazley Group
Berkley Insurance Co.
Berkshire Hathaway Specialty Insurance
Berkshire
Endurance American Insurance Co.
Illinois National Insurance Co.
Princeton Excess & Surplus Lines Insurance Co., The
Relm Insurance Ltd.
Scottsdale Insurance Co.
Tokio Marine HCC
Westchester Surplus Lines Insurance Co.

# SCHEDULE 1(k)

## **Joint Provisional Liquidators**

EY Bermuda Ltd.
EY Cayman Ltd.
[Confidential]

# SCHEDULE 1(l)

## **JV Partners**

VCV Digital Infrastructure Alpha LLC

# SCHEDULE 1(m)

## __Litigation Counterparties__

Core Scientific
ED&F Man Capital Markets Inc.
Emergent Fidelity Technologies Ltd.
Lake Kentish & Bennett Inc.
Luna
Pulsar Global Ltd.
Quantuma Advisory Ltd.
[Confidential]

# SCHEDULE 1(n)

## **Loan Counterparties**

Akuna Digital Assets LLC
Alameda Research Ltd.
Altana Strategy 1
Auros Tech Ltd.
BK Offshore Fund Ltd.
Core Scientific
Cumberland DRW LLC
Druk Holding & Investments Ltd.
Elevated Returns LLC
Fasanara Investments SCSp
Flow Traders BV
Galaxy Digital LLC
GoldenCoin Cayman LLC
GoldenCoin LLC
HRTJ Ltd.
JSCT Cayman
Kenetic Holdings Ltd.
Lakeside Trading LLC
Mountain Cloud Global Ltd.
Noom Ltd.
Payward Inc.
POINT95 Global (Hong Kong) Ltd.
Portofino Technologies AG
PrimeBlock Operations LLC
QED Capital LLC
VCV Digital Infrastructure Alpha LLC
Virtu Financial Singapore Pte. Ltd.
[Confidential]

## SCHEDULE 1(o)

### Non-Debtor Professionals

Boyle & Valenti Law PC
Gibbons PC
Gorski & Knowlton PC
Hogan Lovells US LLP
McElroy Deutsch Mulvaney & Carpenter LLP
Morgan Lewis & Bockius LLP
Quinn Emanuel Urquhart & Sullivan LLP
Severson & Werson PC

# SCHEDULE 1(p)

## Notice of Appearance Parties

[Confidential]

# SCHEDULE 1(q)

## Ordinary Course Professionals

Advokatfirmae Schjodt AS
Allen & Overy LLP
Bradley Arant Boult Cummings LLP
Brody & Browne LLP
CFGI, LLC
CohnReznick LLP
Conyers Dill & Pearman LLP
Covington & Burling LLP
CrowdStrike Inc.
Davis Polk & Wardwell LLP
Deloitte & Touche LLP
Deloitte Tax LLP
Details Management Ltd.
Downs Rachlin Martin PLLC
Germano Law LLC
Gunderson Dettmer Stough Villeneuve
     Franklin & Hachigian LLP
Hodgson Russ LLP
Hogan Lovells International LLP
Holland & Knight LLP
Intralinks Inc.
Johnson Gardiner, Attorneys At Law
Katten Muchin Rosenman LLP
King & Spalding LLP
KPMG LLP
Linklaters LLP
Linklaters Singapore Pte. Ltd.
Littler Mendelson PC
Locke Lord LLP
Manatt Phelps & Phillips LLP
Maynard Cooper & Gale PC
McAfee & Taft, a Professional Corp.
McLeod Law LLP
Mintz Levin Cohn Ferris Glovsky & Popeo
     PC
Morris Nichols Arsht & Tunnell LLP
North River Global LLC
Osler Hoskin & Harcourt LLP
Pensionmark Financial Group LLP
Perkins Coie LLP
PKF O'Connor Davies LLP
Rath Young & Pignatelli PC

Richards & Co.
Rose Law Firm
Schjodt LLP
Simmons & Simmons LLP
Starn O'Toole Marcus & Fisher
Stikeman Elliott LLP
Stoll Keenon Ogden PLLC
Sullivan & Cromwell LLP
Taller Technologies
Walkers (Bermuda) Ltd.
Ward & Smith PA
White & Case LLP
Willis Towers Watson PLC
Y Partners

# SCHEDULE 1(r)

## <u>Potential M&A Transaction Counterparties</u>

[Confidential]

# SCHEDULE 1(s)

## **Significant Clients**

[Confidential]

# SCHEDULE 1(t)

## **Significant Vendors**

Accertify Inc.
Accuity Inc.
Airbase Inc.
Airgas Inc.
Alder
Alteryx Inc.
Amazon Web Services Inc.
Amazon.com Inc.
Andco Consulting
Aniket Ltd.
Aon (Bermuda) Ltd.
Aon plc
AT&T Inc.
Atlassian Corp.
Auth0 Inc.
BambooHR LLC
Bandalier Inc.
BitGo Holdings Inc.
Blockdaemon Inc.
Blockstream Corp. Inc.
Bloomberg Finance LP
Brex Inc.
C Street Advisory
Canon Inc.
Capital Properties Inc.
Carta Inc.
CF Benchmarks Ltd.
Chainalysis Inc.
Cloudflare Inc.
Cogency Global Inc.
Cogent Communications Holdings Inc.
Coinbase Global Inc.
Coralisle Pension Services Ltd.
CrowdStrike Inc.
Crown Castle Inc.
CSC
Culture Amp Inc.
Datadog Inc.
Deel
Delaware, State of, Franchise Tax
Deserve Inc.
Details Management Ltd.

DHL
DigiCert Inc.
Docker Inc.
Donnelley Financial Solutions Inc.
Dovetail Digital Ltd.
Duco Tech Inc.
DVORA
Eden Network
Embroker Inc.
Evolve Bank & Trust
FedEx Corp.
Financial Conduct Authority
Fireblocks Inc.
First & 42nd
Fly Over the City
FTX Trading Ltd.
Gemini Trust Co.
GitHub
Global PPL Pte. Ltd.
Google
Google Cloud
Google G Suite
Google Voice Inc.
Google Workspace
GoTo Technologies USA Inc.
Grant Thornton LLP
Great-West Trust Co. LLC
Hummingbird Regtech Inc.
iConnections LLC
Impact Tech Inc.
Irish Life
Iron Mountain Inc.
Ironclad
JAMF Software
KISI Inc.
Microsoft Corp.
Modern Treasury Corp.
Monday.com Ltd.
Nest Workplace Pension Scheme
NMLS
Nomics Inc.
NordVPN SA

Okta Inc.
Papaya Global Inc.
Paperless Inc.
Pensionmark Financial Group
Persona Inc.
Phinx Consultants
Phinx Consultants Group
Phinx/Fleet
Pulumi Corp.
Quench USA Inc.
Regus plc
Round Robin App
Sage Intacct Inc.
Scratch
Scratch Services LLC
Slack Technologies LLC
Splunk Inc.
Stripe Inc.
Taller Technologies
TaxBit Inc.
Thomson Reuters - West
Tiger Consulting Ltd.
TriNet
TriNet Group Inc.
United States Postal Service
Unqork Inc.
UPS Store Inc., The
Visa Inc.
Visa USA Inc.
West Realm Shires Inc.
WeWork Nashville
Y Partners
Zapier Inc.
Zendesk Inc.
ZVI Brener Enterprises

# SCHEDULE 1(u)

### Top 50 Unsecured Creditors

Ankura Trust Co. LLC, as Trustee for the
    Indenture dated as of February 28, 2022
United States, Government of the, Securities
    & Exchange Commission
Vrai Nom Investment Ltd.
West Realm Shires Inc.
[Confidential]

## SCHEDULE 1(v)

### US Trustee Personnel, Judges, and Court contacts for the District of New Jersey

Kaplan, Judge Michael B.
[Confidential]

# SCHEDULE 1(w)

## **Utilities**

AT&T
Cogent Communications
Crown Castle
Paperless Inc.

<u>**SCHEDULE 2**</u>

**Relationship with Potential Parties in Interest**

Moelis (and its financial advisory affiliates) has been engaged within the last three years or is currently engaged by the following Potential Parties in Interest (or one or more of their affiliates, as the case may be) in matters unrelated to these cases (including where the Potential Party in Interest was only a member of an official or an ad hoc creditor committee or an equity committee):

<u>**INVESTORS – CURRENT CLIENTS AND/OR AFFILIATES**</u>
- Bain Capital Private Equity (Japan), LLC
- Core Scientific
- Linqto, Inc.

<u>**INVESTORS – PAST CLIENTS AND/OR AFFILIATES**</u>
- Bain Capital Private Equity, LP
- Bain Capital Ventures, LP
- Bain Capital Credit
- Social Finance, Inc.
- TVC Capital, LLC
- Valar Ventures

<u>**VENDORS – CURRENT CLIENTS AND/OR AFFILIATES**</u>
- Aon Consulting, Inc.
- Anchorage Capital Group, LLC
- Iron Mountain
- Silicon Valley Bank

<u>**VENDORS – PAST CLIENTS AND/OR AFFILIATES**</u>
- Berkshire Hathaway Specialty Insurance

<u>**TAXING AUTHORITIES – CURRENT CLIENTS AND/OR AFFILIATES**</u>
- Commonwealth of Puerto Rico

<u>**TAXING AUTHORITIES – PAST CLIENTS AND/OR AFFILIATES**</u>
- State of South Carolina

<u>**POTENTIAL M&A TRANSACTION COUNTERPARTIES – CURRENT CLIENTS AND/OR AFFILIATES**</u>
- [CONFIDENTIAL]