# **EXHIBIT A**

# **PROPOSED ORDER**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BERKELEY RESEARCH
GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS,
EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO
APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

**GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE**

The relief set forth on the following pages, numbered three (3) through eleven (11), is hereby **ORDERED**.

(Page | 3)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE

Upon the application (the "**Application**") [2] of the Debtors for entry of an order (this "**Order**"), pursuant to sections 105(a), 327(a), 328(a), and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1 of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), (a) authorizing the Debtors to retain and employ BRG from the Petition Date through the CRO Appointment Date in accordance with the terms and conditions set forth in the Initial Engagement Letter, effective as of the Petition Date; (b) authorizing BRG to provide (i) Mark A. Renzi as CRO to the Debtors and (ii) the Additional Personnel to support the CRO and assist the Debtors in accordance with the terms and conditions set forth in the CRO Engagement Letter, effective as of the CRO Appointment Date; and (c) granting certain related relief, all as more fully set forth in the Application; and upon consideration of the Renzi Declaration and the First Day Declaration; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Application, the Engagement Letters, the hearing thereon, and opportunity for objection having been given; and this Court being satisfied based on the representations made in

---

[2]  Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

- 3 -

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

the Application and in the Renzi Declaration that the terms and conditions of BRG's employment, including, but not limited to, the fee structure set forth in the Engagement Letters and summarized in the Application and Renzi Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court finding that BRG does not hold or represent interests adverse to the Debtors' estates and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ BRG as financial advisors to the Debtors, in accordance with the terms of the Initial Engagement Letter, the Application, and the Renzi Declaration, as modified by this Order, effective as of the Petition Date through the CRO Appointment Date.

3. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, BRG is authorized to (a) provide Mark A. Renzi to serve as CRO and (b) provide Additional Personnel to support the CRO and assist the Debtors, in accordance with the terms of the CRO Engagement Letter, the

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

Application, and the Renzi Declaration, as modified by this Order, effective as of the CRO Appointment Date.

4.      BRG shall file interim and final fee applications for allowance of its compensation and reimbursement of its expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court, including an arrangement for interim compensation for services rendered to the Debtors from the Petition Date through the CRO Appointment Date.  For the avoidance of doubt, for the time period following the CRO Appointment Date, BRG shall not be required to submit fee applications for allowance of its compensation and reimbursement of its expenses in accordance with sections 330 and 331 of the Bankruptcy Code.

5.      The Debtors are authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by BRG for fees and expenses accrued on or after the CRO Appointment Date.

6.       Beginning on the CRO Appointment Date, BRG shall file reports of staffing, compensation earned, and expenses incurred on a monthly basis by the last day of each month for the previous month (each, a "**Staffing Report**") with the Court.  Each Staffing Report shall include the names and functions filled by all BRG Professionals assigned to the engagement as well as compensation earned and expenses incurred for the relevant period.  Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each BRG Professional, and itemize the expenses incurred.  Time records shall (i) be appended to the Staffing Report, (ii) contain detailed

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in half-hour increments; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed by February 28, 2023, for the period December 27-31, 2022 and the month of January 2023.

7. Objections or responses to Staffing Reports, if any, shall be filed and served within fourteen days of filing the Staffing Report.

8. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

9. The terms of the Engagement Letters, as modified herein are approved and the indemnification, contribution, and reimbursement provisions as set forth therein are approved, subject, during the pendency of these cases, to the following modifications:

(a) BRG shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letters, unless the indemnification, contribution, or reimbursement is approved by the Court.

(b) Notwithstanding any provision of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify BRG, or provide contribution or reimbursement to BRG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BRG's gross negligence, willful misconduct, bad faith or

Case 22-19361-MBK    Doc 174-1    Filed 12/30/22    Entered 12/30/22 19:54:04    Desc
Exhibit A - Proposed Order    Page 8 of 12

(Page | 7)
Debtors:            BLOCKFI INC., *et al*.
Case No.            22-19361 (MBK)
Caption of Order:   ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE

self-dealing to which the Debtors have not consented, (ii) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations to maintain the confidentiality of non-public information unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co..,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) to be a claim or expense for which BRG should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters as modified by this Order.

(c) If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefor in this Court, and the Debtors may not pay any such amounts to BRG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BRG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, contribution, or reimbursement.

(d) Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letters under the terms of the Engagement Letters shall be eliminated.

(e) The Debtors are permitted to (i) indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and pursuant to applicable federal and state laws; and (ii) provide insurance coverage under the Debtors' D&O policy.

(Page | 8)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE

10. Notwithstanding anything to the contrary in the Application or the Renzi Declaration, BRG shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of BRG's fee applications in the cases. In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Rules and shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11. To the extent BRG uses the services of Contractors in these cases and seeks to pass the fees and/or costs of the Contractors through to the Debtors, BRG shall: (a) pass through the fees of such Contractors to the Debtors at the same rate that BRG pays the Contractors; and (b) seek reimbursement for the actual costs of the Contractors only. In addition, BRG shall ensure that the Contractors perform conflicts checks and file disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

12. In connection with any increase in BRG's rates from the Petition Date through the CRO Appointment Date, BRG shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee, prior to filing a fee statement or fee application reflecting such an increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds,

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13. BRG is authorized to apply the Cash on Account to satisfy any unbilled or other remaining prepetition fees and expenses BRG becomes aware of during its ordinary course billing review and reconciliation. BRG is authorized to maintain the balance of the Cash on Account until the conclusion of its representation of the Debtors, at which time BRG may apply such balance against its final invoices or otherwise return the funds.

14. To the extent the Debtors wish to expand the scope of BRG's services beyond those services set forth in the Application or this Order, inclusive of the utilization of any BRG affiliates to perform services for the Debtors or seeking to have BRG personnel assume executive officer positions that are different than the position disclosed in the Application, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors' filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

(Page | 10)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

15. No principal, employee, or independent contractor of BRG and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these chapter 11 cases.

16. For a period of three years after the conclusion of the engagement, neither BRG nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors. BRG personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

17. To the extent that there may be any inconsistency between the terms of the Application, the Renzi Declaration, the Engagement Letters, and this Order, the terms of this Order shall govern.

18. During the pendency of these chapter 11 cases, the arbitration provision in the Engagement Letters shall not be applicable.

19. During the pendency of the chapter 11 cases, the Fees and Expenses provision of the Engagement Letters shall be revised to provide that the 1% interest per month late charge, biweekly billing and seven (7) day review of invoices will not be applicable.

20. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The relief granted herein shall be binding upon any trustee or other successor of the Debtors. The relief granted herein shall also be binding in the event the bankruptcy proceeding is dismissed.

(Page | 11)
Debtors:          BLOCKFI INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

23. This Court retains exclusive jurisdiction with respect to all matters arising from the implementation of this Order.