**WEBBER MCGILL LLC**
Douglas J. McGill, Esq.
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel: (973) 739-9559
Fax: (973) 739-9575
dmcgill@webbermcgill.com
*Attorneys for Gary Ford, Individually and*
 *As Trustee of Equity Trust*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

### OBJECTION OF GARY FORD TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

Gary Ford, individually and as trustee of Equity Trust (jointly, severally and collectively, "Mr. Ford"), by and through his undersigned counsel, herby objects to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals From Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets As Of the Platform Pause, (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief (the "**Motion**"), and respectfully states:

## ARGUMENT

1.  Although couched in terms of the need to effect administrative cleanup to account for "attempted" transactions which allegedly did not occur after the Platform Pause Time Stamp[1], the Debtors' Motion appears to be an effort to invalidate certain transactions which did, in fact, occur after the Platform Pause Time Stamp, including transactions completed by Mr. Ford.

2.  Mr. Ford made a series of transfers from his BIA to his Wallet Accounts on the morning of November 11, 2022. *See Certification of Gary Ford submitted herewith.* The User Interface indicates that these transactions were in fact completed. Against these indicia of transfers, the Debtors' Motion does not sufficiently establish that the platform was in fact paused prior to those transfers; rather the Debtors appear to be asking the Court to simply deem the platform to have been paused coincident with their announced intent to effectuate a pause, which was made *via* Twitter at 8:15 p.m. EDT on November 10, 2022.[2]

3.  At minimum, the Debtors should be made to more precisely explain to the Court what evidence establishes that the Attempted Platform Pause Transactions – at least those which the User Interface indicates are completed (as opposed to pending) - did not actually occur, and how the records of such transactions would be different if, contrary to the Debtors' assertion, they had in fact occurred. Mr. Ford and other objectors should be afforded discovery on this issue, if necessary, particularly given the importance of this issue to so many clients/creditors and its impact potential impact on the trajectory of these cases.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to those terms in the Motion.

[2] To the extent the Debtors seek to reverse, among other things, transfers from the BIAs to wallets, it does not appear that such transactions can be properly reversed without running afoul of a February 14, 2022 SEC Order, in which BlockFi Lending, LLC apparently agreed to stop accepting further investments and funds in the BIAs from U.S. investors. *See https://www.sec.gov/litigation/admin/2022/33-11029*. Mr. Ford's BIA account statement makes clear that "[i]f assets are transferred out of your Interest Account they cannot be transferred back." *See Ford Certification, Exhibit C.*

4. The Debtors' Motion really amounts to a request for a declaration of rights with respect to interests in property, which must be made by adversary proceeding, as opposed to motion. See Fed.R.Bankr.P. 7001(2) and (9); see also, SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin), 530 F.3d 230, 237-38 (3d Cir. 2008); In re Whitehall Jewelers Holdings, Inc., 2008 WL 2951974, *6 (Bankr. D. Del. July 28, 2008) (noting the impropriety of seeking, through a motion, a determination regarding property of the estate).

5. The Debtors here are seeking a hasty determination concerning property of the estate, without the procedural due process protections attendant to an adversary proceeding. Moreover, the Debtors' Motion implicates a number of broad considerations of extreme importance to all customers, creditors and the estates, which considerations are not necessarily limited to the relief expressly requested by Debtors' Motion.

6. In particular, any order granting some or all of the relief set forth in Debtors' Motion the Motion might establish or support the proposition, by negative implication, that, the assets held in BIAs are property of the Debtors' estates, as opposed to property of clients. This general issue is of extreme importance and, indeed, is currently being litigated in the chapter 11 cases *In re Celsius Network, LLC*, et al., 22-10964 (MG) (Bankr. S.D.N.Y.) and *Voyager Digital Holdings, Inc., et al.*, 22-10943 (MEW), largely as issues of first impression within the crypto industry context. An adjudication on this issue likely depends on host of considerations, including, without limitation, the terms of service in question and the enforceability of such terms,[3] the parties' actual practices with respect to the accounts at issue, the extent of any commingling, and any indicia of

---

[3] While Debtors' Motion cites to BlockFi Wallet Terms of Services, upon information and belief, there are other potentially relevant terms of service, including, without limitation, BIA terms of service and general BlockFi terms of service.

3

a custodial or trust relationship, all of which must be determined within the procedural due process of an adversary proceeding.

7.   Mr. Ford joins in the other objections to the Motion which have been and may be filed, and reserves the right to make a supplemental filing in the event that the Motion is adjourned.

## CONCLUSION

For all of the foregoing reasons, Mr. Ford requests that the Court enter an order (a) denying or adjourning the Debtors' Motion consistent with this Objection; (b) authorizing and directing the Debtors to honor Attempted Platform Transactions which have in fact occurred; and (c) granting such other and further relief as the Court deems just and proper.

WEBBER MCGILL, LLC
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
(973) 739-9559
dmcgill@webbermcgill.com
*Attorneys for Gary Ford, Individually and
As Trustee for Equity Trust*

By: */s/ Douglas J. McGill*
        Douglas J. McGill

Dated: January 3, 2023
Cedar Knolls, New Jersey