| | |
|---|---|
| UNITED STATES BANKRTUPCY COURT<br>DISTRICT OF NEW JERSEY | |
| Carol L. Knowlton (NJ Bar No. 017501981)<br>**GORSKI & KNOWLTON PC**<br>311 Whitehorse Avenue, Suite A<br>Hamilton, New Jersey 08610<br>Phone: (609)964-4000<br>Fax: (609)528-0721<br>Email: cknowlton@gorskiknowlton.com<br>*Attorneys for Creditor and Party in Interest George J. Gerro* | |
| In Re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors. | Case No.: 22-19361 (MBK)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: January 9, 2023, 10:00 a.m.<br><br>Judge: The Honorable Michael B. Kaplan |

**GEORGE J. GERRO'S REPLY AND RESPONSE TO DEBTORS' OBJECTION TO MOTION OF GEORGE J. GERRO FOR ENTRY OF AN ORDER (I) GRANTING PARTIAL RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. §§ 362(d)(1)) AND DISCHARGE INJUNCTION (11 U.S.C. § 524(a)) WITH RESPECT TO CERTAIN NON-CORE PROCEEDINGS; AND (II) EXTENDING TIME TO FILE A PROOF OF CLAIM (F.R.B.P. 3002(c)(3))**

TO THE HONORABLE JUDGE MICHAEL B. KAPLAN, CHIEF BANKRUPTCY JUDGE:

George J. Gerro ("Gerro") respectfully submits this Reply and Response ("Reply") in support of his *Motion for Entry of an Order (I) Granting Partial Relief from the Automatic Stay (11 U.S.C. §§ 362(d)(1)) and Discharge Injunction (11 U.S.C. § 524(a)) with Respect to Certain Non-Core Proceedings; and (II) Extending Time to File a Proof of Claim (F.R.B.P. 3003(c)(3))*. *See* Docket No. 117 ("Motion").

1

This Reply responds to the Debtors' Objection and Response, filed on December 30, 2022. Docket No. 173 ("Objection"). No other objections have been filed. In particular, the *Gerro I* co-defendant, non-debtor Scratch Services LLC, appeared on December 19, 2022 (Docket Nos. 118 & 154), but has not filed any objection to the Motion.

## I.     Introduction

Gerro proposes that this Court grant in part, and deny in part, the Motion, subject to the following conditions. Gerro will file a timely proof of claim for this Court to "estimate[e]" his claim "for purposes of confirming a plan under chapter 11." 28 U.S.C. § 157(b)(2)(B). Thereafter, while the California Supreme Court fulfills its function, the parties will mediate pursuant to the local rules and continue their negotiations. The case might settle subject to court approval. If not, then this Bankruptcy Court may reconsider this Motion after review the California Supreme Court's opinion. This procedure will benefit the Debtors, California courts, and Gerro's fellow creditors, for the following reasons.

## II.    Summary of Argument

Comity for California courts. Respect for California law. The right to a jury trial. BlockFi's Objection averts those important issues while proposing to contravene California's courts, law, and public policy.

Even though Debtors' Objection rightfully concerns itself with conservation of resources, it fails to consider the *relative* efficiencies of litigation in California versus New Jersey. The legal work in *Gerro I* must be performed in any event, whether by this Court or the

California courts. However, the Objection fails to show that California litigation will be more expensive, prolix, or complicated than bankruptcy litigation.

Contrary to the Objection, deferring to California courts will benefit all stakeholders. The Debtors will benefit from a breathing spell. This Court will benefit by sharing the workload with California courts. Gerro will benefit from preserving his right to a jury trial and promoting consumer protections. The California Supreme Court will benefit by clarifying California law. Other creditors will benefit from the Debtors' focus on reorganization now and litigation later.

### III.    Standard of Review

This Court may modify the automatic stay "for cause." 11 U.S.C. § 362(d)(1). This Court has "wide latitude" "to balance the equities when granting relief from the automatic stay" "based on the totality of the circumstances in each particular case." *In re Heine*, No. 21-1531, 2022 WL 883938, at *2 (3d Cir. Mar. 24, 2022). No particular test need be applied. *Ibid*.

In a hearing for relief from the automatic bankruptcy stay, "the party opposing such relief has the burden of proof on all… issues." 11 U.S.C. § 362(g)(2). Debtors present a 19-page Objection but fail to present any admissible evidence to support their arguments. Needless to say, Gerro objects to the hearsay.

Generally, bankruptcy courts do not consider the underlying merits, affirmative defenses, or counter-claims in hearings upon motions for relief from the automatic stay. *In re Mullarkey*, 536 F. 3d 215, 227 (3rd Cir. 2008). So even though the Objection strenuously advocates its version of the facts, this Reply will not present Gerro's case in this procedural context. Instead,

3

this Reply simply notes that *Gerro I* is meritorious and Gerro will present his evidence at the appropriate time.

### IV.     Supplemental Background

The Objection lays blame on Gerro for Debtors' legal fees. Indubitably, BlockFi bears most (if not all) responsibility for its own legal fees. For example, before filing *Gerro I*, Gerro demanded arbitration against BlockFi Lending before the American Arbitration Association. BlockFi refused to arbitrate.

As another example, the California Court of Appeal invited the parties to participate in its official mediation program, recommended eight qualified mediators, offered 4.5 hours of free mediation. See Letters dated March 9 and March 15, 2022, Docket in Case No. B307156, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm. Gerro agreed. *Ibid*. But BlockFi refused to participate. *Ibid*.

The Objection attacks Gerro for being self-represented. However, it fails to disclose that Gerro is also represented by an attorney of record, George J. Gerro's father, John M. Gerro, who has been licensed in good standing by the State Bar of California for over 43 years (State Bar No. 85900). *E.g.* Motion, Exhibits "1" and "3."

### V.     Discussion

**1. This Court May Estimate Gerro's Claim for Purposes of Confirming a Plan.**

This Court may grant the Motion consistently with the claim administration procedures. There are two ways that this Court may process *Gerro I*'s proof of claim, either: 1) "estimating"

Gerro's claim "for the purposes of confirming a plan under chapter 11" (28 U.S.C. § 157(b)(2)(B)); or 2) extending Gerro's time to file a proof of claim for *Gerro I* "for cause" (F.R.B.P. Rule 3003(c)(3)).

Gerro proposes the claim estimation procedure as a reasonable compromise. If agreeable, Gerro will integrate the claim estimation procedure into the Proposed Order and serve it for this Court's review pursuant to D.N.J. LBR 9013-4 (d-e).[1]

The claim estimation procedure should not interfere with the Debtors' successful reorganization, since the Debtors' currently proposed plan provides a framework for estimated claims. *See* Docket No. 22, *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankrtupcy Code*, Case No. 22-19361 (MBK), Art. VIII, p. 57, ¶ C.

**2. The Motion Requests Relief that is Routinely Granted by Bankruptcy Courts.**

Bankruptcy courts routinely permit unsecured creditors to finish state court litigation. *E.g. In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 126 (Bankr. D.N.J. 2003). An oft-cited passage of legislative history expressly permits this type of relief: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to

---

[1] Please note a quick *erratum* in the Motion. The Motion (erroneously) assumed that F.R.B.P. Rule 300**2**(c)(3) applies to extend the time to file a proof of claim as a matter of right. That rule is no model of clarity, but further research reveals it not apply. The correct rule F.R.B.P. Rule 300**3**(c)(3), allows the proof of claim filing deadline to be extended "for cause." F.R.B.P. Rule 300**3**(c)(3) ("The court shall fix and *for cause shown may extend the time* within which proofs of claim … may be filed" [italics added]). Therefore, this Court may extend the time for Gerro to file a proof of claim "for cause. *Ibid*.

the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." (H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340–344).

The practice guides similarly observes that "Where a state… action was pending against the debtor prepetition, the plaintiff will often move to have the stay modified to allow the non-bankruptcy court action to *proceed to judgment* (to liquidate the amount of a claim) but *prohibit enforcement* of the judgment.  The judgment is then filed as a claim against the debtor in the bankruptcy case.  [¶] These motions are frequently granted because they relief the bankruptcy court from having to determine the validity of plaintiff's claim against the debtor…. This is true even where the plaintiff is *unsecured*."  3 March, Ahart and Shapiro, Rutter Group California Practice Guide: Bankruptcy, ¶8:1546 at 8(II)-67 and ¶ 8:1566 at 8(II)-69 (italics original).

### 3. Granting the Motion will Benefit Debtors, Creditors, and this Court.

Gerro posits that the Debtors, Creditors, and this Court will all benefit by deferring to the California courts.  For example, by reducing the risk of duplicative litigation, inconsistent rulings, and further appeals.  The bankruptcy court in *Metz v. Poughkeepsie Savings Bank, FSB*, 165 B.R. 769, 771-772 (Bankr. E.D.N.Y. 1994) considered similar benefits, in overruling the same objection there that "relief from the stay should be denied because the issue can easily be resolved by this Court if and when Movant files a proof of claim."

Of course, "if the case is not tried in state court, the same proceeding will be conducted in bankruptcy court."  *In re Davis*, 91 B.R. 470, 472 (Bankr. N.D. Ill. 1988).  Thus, the parties will not necessarily save legal fees by litigating in the bankruptcy court.  In this Court, *Gerro I* will

proceed as a non-core, adversary proceeding pursuant to F.R.B.P. Rule 7001 *et seq*. Adversary proceedings unfold like all other civil lawsuits, including motions, discovery, and trial. In any event, Gerro has a right to continue representing himself in the bankruptcy court. F.R.B.P. Rule 9010(a).

The Objection assumes, without proving, that *Gerro I* must be exclusively adjudicated by a proof of claim procedure. The Objection does not consider that *Gerro I* may proceed as an adversary proceeding (F.R.B.P. Rule 7003) or be removed from the California court (F.R.B.P. Rule 7001(10).) *See* 28 U.S.C. § 1452(a).

The Objection predicts that the California Supreme Court review will take years to finish, but fails to explain the significance of the prediction. Besides, bankruptcy litigation will also involve delays, disputes, and expenses.

In practice, the California Supreme Court review delay may promote the bankruptcy policy of giving the Debtor a "breathing spell." *See In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994). During review, the *Gerro I* trial court will not resume proceedings due to California's stay pending appeal. Cal. Civ. Proc., § 916(a). While the California Supreme Court conducts its oversight judicial function, the Debtors, Gerro, and this Court will be saddled with less motions, discovery, and trial. During that time, the parties can negotiate, mediate, and perhaps even settle.

The Objection simply ignores the choice of law issue. The choice of law issue may need to be re-litigated in the bankruptcy forum. In California, by contrast, reported caselaw clearly requires a California Court to apply the California Financing Law, notwithstanding a choice of law clause. *See Brack v. Omni Loan Co., Ltd.*, 164 Cal.App.4th 1312, 1320 (2008); *also* Cal. Fin. Code, § 22324 (California Financing Law is un-avoidable and un-evadable); Cal. Code Regs., tit. 10, § 1408(a) (California Financing Law is unwaivable by borrower).

7

The Objection simply ignores the forum selection issue. The forum selection issue may need to be re-litigated in the bankruptcy forum. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 204 (3d Cir. 1983) ("We know of no authority supporting the proposition that the filing of a proof of claim is a waiver of the provisions of a forum selection clause"); *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495, 498 (1989).[2] By itself, the public policy of bankruptcy administration does not resolve the forum selection issue. Only the California Supreme Court can effectively and conclusively resolve the choice-of-forum issue. As the highest court in California, no further appeals will be necessary.

The Objection simply ignores Gerro's right to a jury trial. The jury trial issue may need to be re-litigated in the bankruptcy forum. Debtors' bankruptcy filing did not eliminate Gerro's right to a jury trial.

Admittedly, the right to a jury trial (like most other rights) increases expense and delay. But our society values the right to a jury trial and protects our constitutional rights regardless of increased expenses.

Finally, and most importantly, the Objection does not address the relationship, respect, and comity between this United States Court and California courts. California Supreme Court review constitutes a "civil proceeding[]… uniquely in furtherance of the state courts' ability to perform judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584,

---

[2] Please note another *erratum* in the Motion. The Motion cited expired caselaw for the proposition that a *forum non conveniens* order is immediately appealable. Motion, Memorandum of Law, p.7. The correct rule is that orders relating to forum selection clauses are not immediately appealable. *Single Emp. Welfare Ben. Plan Tr. v. Datalink Elecs., Inc.*, 372 F. App'x 294, 296 (3d Cir. 2010), *as amended* (Apr. 19, 2010); *accord Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 590, n. 3 (2020) (order granting motion); *Lauro Lines v. Chasser*, 490 U.S. 495, 498 (1989) (order denying motion).

8

591, 187 L. Ed. 2d 505 (2013). As such, this Court should defer to the California Supreme Court. Perhaps, this Court may revisit the issue after having an opportunity to review the high court's opinion.

**4.  *Gerro I* Constitutes a Non-Core Proceeding, Merely Related to a Title 11 Case.**

The Objection says that, "any claims Gerro holds against the Debtors are core claims." Objection, p. 4, ¶ 6. To the contrary, the proceedings in *Gerro I* are **non-core**. Motion, p. 6.

Only rights "arising in" or "arising under" a title 11 case constitute "core" proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011). *Gerro I* does not "arise in" or "arise under" a Title 11 case. *Gerro I* is neither "predicated on a right created or determined by title 11," nor "found only in bankruptcy.' " *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 120 (Bankr. D.N.J. 2003) (citations omitted).

Since *Gerro I* does not arise in or under a title 11 case, *Gerro I* constitutes a non-core proceeding. *Gerro I* constitutes a "related to," non-core proceeding, due merely to a potential affect upon the Debtors' estate. As the abstention doctrines demonstrate, bankruptcy courts sometimes lack subject matter jurisdiction over non-core proceedings. *See Stern v. Marshall*, 564 U.S. 462, 478 (2011).

**5.  The Abstention Statutes Weigh in Favor of Granting the Motion.**

The abstention doctrines demonstrate that Congress allows state court litigation to proceed even if related to a title 11 case. Under the doctrine of discretionary abstention, this Court may abstain "in the interest of comity with State courts or respect for State law." *See* 28

9

U.S.C. § 1334(c)(1). "When deciding to exercise discretion by abstaining from a matter, a court will consider among the following factors: 1) the effect on the efficient administration of the bankruptcy estate; 2) the extent to which issues of state law predominate; 3) the difficulty or unsettled nature of the applicable state law; 4) comity; 5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 6) the existence of the right to a jury trial; and 7) prejudice to the involuntarily removed defendants." *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 126 (Bankr. D.N.J. 2003). Factors (1) through (6) each weigh in favor of abstention in this case.

Under the doctrine of mandatory abstention, this Court must abstain from "a proceeding based upon a State law claim or State law cause of action . . . related to a case under title 11 . . . with respect to which an action could not have been commenced in a court of the United States absent [bankruptcy] jurisdiction… if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction" *See* 28 U.S.C. § 1334(c)(2). The elements are: "1) a timely motion for abstention is made by a party in the proceeding; 2) the proceeding is based upon a state law claim or state law cause of action; 3) the proceeding is related to a case under title 11; 4) the proceeding does not arise under title 11; 5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and 6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 126 (Bankr. D.N.J. 2003). Here, each of the elements is satisfied. The only questionable element is the state court's ability to timely resolve *Gerro I*.

The instant Motion does not request abstention since *Gerro I* is not before this Court. Yet, *Gerro I* may qualify for abstention, weighing in favor of granting relief from the stay.

10

*Gerro I* must eventually proceed in some forum. Thus, if *Gerro I* may not proceed in federal court, then it must proceed in state court. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)

### VI.    Quick Summary of California Law.

California has a very unique constitutional right to a civil jury trial, because "California constitutional history reflects an unwavering commitment to the principle that the right to a civil jury trial may be waived only as the Legislature prescribes, even in the face of concerns that the interests of the parties and the courts would benefit from a relaxation of this requirement." *Grafton Partners v. Superior Court* 36 Cal.4th 944, 955 [32 Cal.Rptr.3d 5, 116 P.3d 479] (Cal. 2005). Thus, under California law, predispute waivers right to a jury trial are unconstitutional. *Ibid*. Only the Supreme Courts of Georgia and California have adopted this unique rule. *Id.* at p. 968, (*concurring opinion* Chin, J.). California's right to a jury trial will even be upheld even if the contract contains a choice-of-law clause designating an out-of-state forum that permits such waivers. (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 8 Cal. App. 5th 1, 15 (2017). California's right to a jury trial will even be upheld by a federal court sitting in diversity, because it constitutes a unique "substantive" rule. *In re County of Orange*, 784 F.3d 520, 530 (9th Cir. 2015).

The California Court of Appeal held that *Gerro I* must proceed in California, notwithstanding the forum selection clause, in order to protect Gerro's right to a jury trial. In so ruling, the Court of Appeal applied California's public policy against forum selection clauses that diminish unwaivable rights of a California resident. *Hall v. Superior Court*, 150 Cal.App.3d 411, 418 (1983); *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.*, 32 Cal.App.4th 1511, 1522 (1995); *America Online, Inc. v. Superior Court*, 90 Cal.App.4th 1, 4-5 (2001); *Verdugo v.*

11

*Alliantgroup, L.P.*, 237 Cal.App.4th 141, 156-157 (2015); *Handoush v. Lease Finance Group*, 41 Cal. App. 5th 729, 966.

California law also requires a California Court to apply the California Financing Law, notwithstanding contrary choice of law provision. *See Brack v. Omni Loan Co., Ltd.*, 164 Cal.App.4th 1312, 1320 (2008); Cal. Fin. Code, § 22324 (California Financing Law is un-avoidable and un-evadable); Cal. Code Regs., tit. 10, § 1408(a) (California Financing Law is unwaivable by borrower).

The California Supreme Court granted review to determine when a forum selection clause violates California's public policy. The high court may adopt a new test, rely upon Gerro's other unwaivable rights, so this Court should wait to see how the California courts rule.

### VII.    Conclusion

Gerro respectfully requests that this Court, at a minimum, modify the stay to allow the California Supreme Court's to complete its review.

Hamilton, New Jersey  
Dated: January 5, 2023

/s/ Carol L. Knowlton

GORSKI & KNOWLTON PC  
Carol L. Knowlton (NJ Bar No. 017501981)  
311 Whitehorse Avenue, Suite A  
Hamilton, New Jersey 08610  
Phone: (609)964-4000  
Fax: (609) 528-0721  
Email: cknowlton@gorskiknowlton.com

*Attorneys for Creditor and Party in Interest George J. Gerro*