# *Exhibit E*

Electronically FILED by Superior Court of California, County of Los Angeles on 06/25/2021 04:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CRISTOPHER S. SHULTZ, as Commissioner of Financial Protection and Innovation of the State of California; BLOCKFI LENDING LLC, a Delaware Limited Liability Company.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
George J. Gerro

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):*<br>**21STCP02023** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George J. Gerro; Gerro & Gerro; 530 S. Glenoaks Blvd., Suite 200, Burbank, CA 91502; (818) 840-0000

| DATE:<br>*(Fecha)* 06/25/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Blockfi Lending, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* A Delaware limited liability company
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>George J. Gerro (325168)<br>530 S. Glenoaks Blvd. Suite 200<br>Burbank, CA 91502<br><br>TELEPHONE NO.: (818) 840-0000   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* George J. Gerro | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
George J. Gerro v. Christopher S. Shultz, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCP02023<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[x] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[x] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Two: Petition for Writ of Mandate (CCP 1085) and Public Records Act (Gov. Code 6258).
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 25, 2021

George J. Gerro
(TYPE OR PRINT NAME)                                    ▶ *George Gerro* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you should check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

| SHORT TITLE: Gerro v. Shultz | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Gerro v. Shultz | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Gerro v. Shultz | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☑ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Gerro v. Shultz | CASE NUMBER |
|---|---|
| | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY:      STATE:      ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 25, 2021 _____

*George Gerro*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/25/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCP02023 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Mary H. Strobel | 82 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/25/2021
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by videoconference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**06/25/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. DiGiambattista _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

George J. Gerro

DEFENDANT(S):

Christopher S. Shultz, as Commissioner of Financial Protection and In

**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

CASE NUMBER:

21STCP02023

You are hereby notified that the above matter has been set for trial setting conference on <u>10/07/2021</u> at <u>1:30 PM</u> in <u>Department 82</u> of the above-entitled court.

You are ordered to give notice of this hearing and serve a copy of this notice to all parties to the action within 10 days of service of this notice.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: <u>06/25/2021</u>

By, <u>N. DiGiambattista</u>
Deputy Clerk

**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

LACIV XXX
LASC Approved 00/00

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/25/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. DiGiambattista _____ Deputy |
| PLAINTIFF/PETITIONER:<br>George J. Gerro | |
| DEFENDANT/RESPONDENT:<br>Christopher S. Shultz, as Commissioner of Financial Protection and Innovation of the State of California | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>21STCP02023 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Trial Setting Conference and Attached Orders Thereon upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

George J. Gerro
Gerro & Gerro
530 S Glenoaks Blvd Ste 200
Burbank, CA  91502

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/25/2021                    By: N. DiGiambattista
                                                Deputy Clerk

**CERTIFICATE OF MAILING**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d)  **Documents in Related Cases**

   Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  **EXEMPT LITIGANTS**

   a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  **EXEMPT FILINGS**

   a)  The following documents shall not be filed electronically:

      i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii)  Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b)  **Lodgments**

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

    a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

    b) The table of contents for any filing must be bookmarked.

    c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

    d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

        i)   Depositions;

        ii)  Declarations;

        iii) Exhibits (including exhibits to declarations);

        iv) Transcripts (including excerpts within transcripts);

        v)   Points and Authorities;

        vi) Citations; and

        vii) Supporting Briefs.

    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

    f) Accompanying Documents

    Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

    g) Multiple Documents

    Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i) Any printed document required pursuant to a Standing or General Order;

      ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv) Demurrers;

      v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi) Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

---

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) **SIGNATURES ON ELECTRONIC FILING**

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.    Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.    Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐ Request for Informal Discovery Conference
    - ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____        _____
                                                        JUDICIAL OFFICER

# FILED

LOS ANGELES SUPERIOR COURT

## MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases is voluntary** and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| Secretary of State<br>**Statement of Information**<br>(Limited Liability Company) | **LLC-12** | **21-B96920** |
| --- | --- | --- |

**FILED**

In the office of the Secretary of State
of the State of California

**APR 12, 2021**

**IMPORTANT** — Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

This Space For Office Use Only

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

BLOCKFI LENDING LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
| --- | --- |
| 201803110036 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
| --- | --- | --- | --- |
| a. Street Address of Principal Office - Do not list a P.O. Box<br>155 2nd St, Suite 112 | Jersey City | NJ | 07302 |
| b. Mailing Address of LLC, if different than item 4a<br>155 2nd St, Suite 112 | Jersey City | NJ | 07302 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State<br>CA | Zip Code |

**5. Manager(s) or Member(s)**

If no managers have been appointed or elected, provide the name and address of each member. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | | Suffix |
| --- | --- | --- | --- | --- |
| b. Entity Name - Do not complete Item 5a<br>BlockFi Inc | | | | |
| c. Address<br>201 Montgomery St Suite 263 | City (no abbreviations)<br>Jersey City | State<br>NJ | Zip Code<br>07302 | |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation)<br>National Registered Agents | Middle Name | Last Name<br>Inc | | Suffix |
| --- | --- | --- | --- | --- |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box<br>818 West Seventh Street Suite 930 | City (no abbreviations)<br>Los Angeles | State<br>CA | Zip Code<br>90017 | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
| --- |
| |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
| --- |
| Consumer Lending |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | | Suffix |
| --- | --- | --- | --- | --- |
| b. Address | City (no abbreviations) | State | Zip Code | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 04/12/2021 | David Spack | CCO | |
| --- | --- | --- | --- |
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐

Company:

Address:

City/State/Zip: ∟

LLC-12 (REV 01/2017)

Page 1 of 1

2017 California Secretary of State
www.sos.ca.gov/business/be

Electronically FILED by Superior Court of California, County of Los Angeles on 05/25/2021 12:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

George J. Gerro (SBN 325168)
John M. Gerro (SBN 85900)
Gerro & Gerro
530 S. Glenoaks Blvd., Suite 200
Burbank, CA 91502
Telephone: (818) 840-0000

Attorney for Petitioner
George J. Gerro

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

GEORGE J. GERRO,

               Petitioner,

    vs.

CRISTOPHER S. SHULTZ, as Commissioner of
Financial Protection and Innovation of the State of
California,

               Respondent.

_____

BLOCKFI LENDING LLC, A DELAWARE
LIMITED LIABILITY COMPANY,

            Real Party in Interest.

_____

Case No.: 21STCP02023

**VERIFIED PETITION FOR WRIT OF
MANDATE (CIV PROC., § 1085); AND
COMPLAINT FOR DECLARATORY
RELIEF (GOV. CODE, § 6258)**

Petitioner, George J. Gerro, brings this petition for a writ of mandate, pursuant to Code of Civil

Procedure section 1085, to compel Respondent Christopher S. Shultz, in his capacity as Acting

Commissioner of the California Department of Financial Protection and Innovation (Commissioner), to

revoke finance lending license of Real Party in Interest, Blockfi Lending LLC, a Delaware Limited

Liability Company (BlockFi.)  The Commissioner's predecessor-in-interest issued Blockfi's finance

1  lending license in violation of law. Also, Petitioner also seeks a declaration of his rights, pursuant to

2  Government Code section 6258, to disclosure of Respondent's public records relating to BlockFi.

## INTRODUCTION

3

4  1. Respondent Christopher S. Schultz's predecessor-in-interest, Jan Lynn Owen, violated the

5     California Financing Law (Fin. Code, § 22009) by issuing a finance lending license to Real Party

6     in Interest, Blockfi Lending LLC, a Delaware Limited Liability Company (BlockFi).

7  2. BlockFi retains use and possession of personal property in which it obtains a forfeiture interest.

8  3. Petitioner George J. Gerro (Gerro) is a California consumer affected by Blockfi's activities

9     conducted under the color of authority of its finance lending license.

10 4. Petitioner has no other adequate legal remedy to revoke Blockfi's finance lending license.

11 5. As long as Blockfi retains use and possession of personal property securing its loans, the public

12    of California will continue to be affected by the Commissioner's refusal to revoke Blockfi's

13    finance lending license.

## PARTIES

14

15 6. Gerro is an individual residing in Los Angeles County at all relevant times.

16 7. Respondent, Christopher S. Shultz, is the Acting Commissioner of the California Department of

17    Financial Protection and Innovation, formerly known as the California Department of Business

18    Oversight (Department.) The Department is responsible for licensing finance lenders (Fin. Code,

19    § 22009,) administering the California Financing Law (Fin. Code, § 22000 *et seq.*,) and the

20    regulations promulgated thereunder (10 C.C.R. § 1404 *et seq.*)

21 8. The Department does not administer the pawnbroker law (Fin. Code, § 21000 *et seq.*)

22 9. Blockfi is a California Finance Lender and Broker (license no. 60DBO-81955, issued on Aug.

23    16, 2018) conducting business in California pursuant to the authority of the Commissioner.

## GENERAL ALLEGATIONS

24

25 10. On or about January 11, 2018, Blockfi was organized under the laws of Delaware. (Rec. at 059.)[1]

26

27

28

[1] Citations to "Rec." refer to the Record attached to this Petition.

11. On or about February 1, 2018, BlockFi applied to the Department for a Finance Lender License. (Rec. at 001-007 (Application); Fin. Code, § 22007(a).)

12. A true and correct copy of relevant excerpts of BlockFi's February 1, 2018 application, as obtained by Gerro from the Department, is attached hereto as Exhibit "1."

13. Blockfi sought to do business in the State of California, by lending money to the People of California.

14. The Application requested from Blockfi, "any information necessary . . . to have an understanding of the type of business that applicant [Blockfi] plans to conduct under this license." (Rec. at 003.)

15. In response, Blockfi's Application stated Blockfi's intent to make "secured loans collateralized by digital assets (Bitcoin and Ether)," whereby California borrowers would "put[] up their digital assets as collateral." (Rec. at 003.)

16. On or about February 14, 2018, the Department wrote a letter to Blockfi. (Rec. at 009.)

17. A true and correct copy of the February 14, 2018 letter from the Department to Blockfi, as obtained by Gerro from the Department, is attached hereto as Exhibit "2." (Rec. at 009-012 (February 14, 2018 Letter).)

18. The Department's February 14, 2018 Letter requested clarification from Blockfi of its proposed lending activities. (Rec. at 010.)

19. On or about March 7, 2018, the Department received a response from Blockfi. (Rec. at 014.)

20. A true and correct copy of the letter from Blockfi to the Department, dated March 5, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "3." (Rec. at 014-016 (March 5, 2018 Letter.)

21. Blockfi's March 5, 2018 Letter notified the Department that Blockfi intended to retain use and possession of the personal property collateral securing Blockfi's loans. (Rec. at 014-015.)

22. Blockfi's March 5, 2018 Letter stated that Blockfi "requires that its clients store the assets posted as collateral with Blockfi Lending's Licensed custodian, Gemini Trust Company, LLC." (Rec. at 014.)

23. Blockfi's March 5, 2018 Letter stated that "Blockfi holds each borrower's digital assets in escrow as collateral." (Rec. at 015.)

24. Blockfi's March 5, 2018 Letter stated that Blockfi "files a UCC-1" financing statement with the California Secretary of State to perfect its security interest in its borrowers' collateral. (Rec. at 014-015.)

25. Blockfi's March 5, 2018 Letter stated that "In the event that the value of the borrower's digital assets falls below a prescribed threshold, Blockfi reserves the right to liquidate some or all those digital assets in order to recoup the outstanding loan balance." (Rec. at 015.)

26. On or about March 8, 2018, the Department wrote a letter to Blockfi. (Rec. at 018.)

27. A true and correct copy of the March 8, 2018 letter from the Department to Blockfi, as obtained from the Department, is attached hereto as Exhibit "4." (Rec. at 018-021 (March 8, 2018 Letter).)

28. The Department's March 8, 2018 Letter informed Blockfi that it was disallowed to retain use or possession of collateral securing its loans. (Rec. at 018.)

29. The Department's March 8, 2018 Letter stated that "the collateral must remain with the borrower" and that Blockfi "cannot hold the borrower's digital assets in escrow as collateral." (Rec. at 019.)

30. On or about March 23, 2018, the Department received a response from Blockfi. (Rec. at 023.)

31. A true and correct copy of relevant excerpts of the letter from Blockfi to the Department, dated March 23, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "5." (Rec. at 023-025 (March 23, 2018 Letter).)

32. In Blockfi's March 23, 2018 Letter, Blockfi argued that it must take possession of collateral to prevent its borrowers from transferring it to third-parties. (Rec. at 025.)

33. On or about March 27, 2018, the Department received a response from Blockfi. (Rec. at 027.)

34. A true and correct copy of relevant excerpts of the letter from Blockfi to the Department, dated March 26, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "6." (Rec. at 014-016 (March 26, 2018 Letter).)

35. In Blockfi's March 26, 2018 Letter, Blockfi again informed the Department of Blockfi's intent to "take, in the name of the lender, in part, as security for the loan, possession of each borrower's assets." (Rec. at 028.)

36. On or about March 28, 2018, the Department wrote a letter to Blockfi.  (Rec. at 030.)

37. A true and correct copy of relevant excerpts of the March 28, 2018 letter from the Department to Blockfi, as obtained by Gerro from the Department, is attached hereto as Exhibit "7." (Rec. at 030-031 (March 28, 2018 Letter).)

38. In the Department's March 28, 2018 Letter, the Department again informed Blockfi that it "cannot hold the borrower's digital assets as collateral," because these "activities are not authorized under the [Financing Law]." (Rec. at 031.)

39. On or about April 6, 2018, the Department wrote a letter to Blockfi.  (Rec. at 033.)

40. A true and correct copy of relevant excerpts of the April 6, 2018 letter from the Department to Blockfi, as obtained by Gerro from the Department, is attached hereto as Exhibit "8." (Rec. at 033-034 (April 6, 2018 Letter).)

41. The Department's April 6, 2018 Letter again informed Blockfi that its proposed practice of depriving its borrowers of possession of their collateral is "not allowed." (Rec. at 033.)

42. On or about April 10, 2018, the Department received a response from Blockfi.  (Rec. at 023.)

43. A true and correct copy of the email from Blockfi to the Department, dated April 10, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "9." (Rec. at 036-038 (April 10, 2018 Email.)

44. In Blockfi's April 10, 2018 Email, Blockfi attempted to justify and/or distinguish its practice of taking possession of collateral securing its loans.  (Rec. at 037.)

45. On or about April 10, 2018, the Department wrote a letter to Blockfi.  (Rec. at 040.)

46. A true and correct copy of relevant excerpts of the April 10, 2018 letter from the Department to Blockfi, as obtained by Gerro from the Department, is attached hereto as Exhibit "10." (Rec. at 040-041 (April 10, 2018 Letter).)

47. In the Department's April 10, 2018 Letter, the Department informed Blockfi that, pursuant to Financial Code section 22009, a finance lender may not take possession of collateral.  (Rec. at 041.)

48. "[L]egal counsel" for the Department rejected Blockfi's legal arguments contained in Blockfi's April 10, 2018 Email.  (Rec. at 041.)

49. On or about April 10, 2018, the Department and Blockfi communicated via telephone.  (Rec. at 043, 045.)

50. On or about April 11, 2018, the Department received a follow-up email from Blockfi.  (Rec. at 023.)

51. A true and correct copy of the email from Blockfi to the Department, dated April 11, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "11."  (Rec. at 043-045 (April 11, 2018 Email).)

52. In Blockfi's April 11, 2018 Email, Blockfi stated that it would make loans based upon its valuation of collateral that its borrowers possess.  (*See* Rec. at 043.)

53. On or about May 15, 2018, Respondent's predecessor-in-interest received a request for interpretive opinion from Blockfi.  (Rec. at 047.)

54. A true and correct copy of the letter, with exhibits omitted, from Blockfi to the Department, dated May 14, 2018, as obtained by Gerro from the Department, is attached hereto as Exhibit "12."  (Rec. at 047-051 (May 14, 2018 Request).)

55. Blockfi asked the Department to keep its May 14, 2018 Request confidential (Rec. at 053,) and the Department agreed to keep Blockfi's request confidential until June 7, 2020 (Rec. at 055.)

56. In its May 14, 2018 Request, Blockfi requested an interpretation of the Financing Law that would allow Blockfi to "possess . . . collateral . . . . held in its name with a third party depository."  (Rec. at 047-048.)

57. In its May 14, 2018 Request, Blockfi acknowledged receipt of the Department's prior disapprovals of its proposed lending practice of possessing collateral.  (Rec. at 048.)

58. In its May 14, 2018 Request, Blockfi informed the Department that Blockfi takes possession of collateral securing its loans to borrowers in other states.  (Rec. at 048.)

59. In its May 14, 2018 Request, Blockfi made at least one erroneous legal argument. (Rec. at 049.)

60. In its May 14, 2018 Request, Blockfi made multiple erroneous legal arguments. (Rec. at 049.)

61. In its May 14, 2018 Request, Blockfi incorrectly construed Financial Code section 22009. (Rec. at 049.)

62. In its May 14, 2018 Request, Blockfi erroneously argued that the Commercial Code allows a finance lender to routinely possess collateral prior to any default by the borrower. (Rec. at 049.)

63. The issue of whether Blockfi could possess collateral was the "only obstacle to approval of the application for a CFL license submitted by BlockFi." (Rec. at 051.)

64. At the end of Blockfi's May 14, 2018 Request, Blockfi "request[ed] that, if the Department reaches a preliminary conclusion in its review of this request that a finance lender may not hold collateral, the Department contact the undersigned and at our option we be permitted to withdraw this request for the interpretive opinion." (Rec. at 051.)

65. Upon information and belief, Blockfi withdrew its May 14, 2018 Request.

66. Upon information and belief, no interpretive opinion was issued in response to Blockfi's May 14, 2018 Request.

67. Charles E. Washburn, Jr. (Mr. Washburn) was an attorney for Blockfi in connection with Blockfi's application for a finance lender's license from the Department.

68. A true and correct copy of the Declaration of Mr. Washburn, filed with the Los Angeles Superior Court on March 23, 2021, is attached hereto as Exhibit "19." (Rec. at 101-117.)

69. Mr. Washburn "consistently made the [Department] aware that Blockfi intended, as a licensed finance lender, to hold cryptocurrency as collateral (whether directly or through a third party)." (Rec. at 104.)

70. The Department agreed with Blockfi's legal conclusion that Blockfi could hold collateral securing its loans consistently with Financial Code section 22009. (Rec. at 104.)

71. The Department issued a finance lending license to Blockfi upon the understanding that Blockfi would use the license to make loans secured by personal property that Blockfi uses and possesses. (Rec. at 103.)

72. The Department issued Blockfi's finance lending license upon the legal conclusion that a finance lender may retain use and possession of collateral consistently with Financial Code section 22009.  (Rec. at 103.)

73. On August 16, 2018, the Department licensed Blockfi as a "'finance lender' . . . as defined in [Fin. Code, § 22009]." (license number 60DBO-81955).  (Rec. at 059 (License).)

74. The Department's issuance of Blockfi's License indicated agreement with Blockfi's legal conclusion that a finance lender may possess collateral securing its finance lending.  (Rec. at 103.)

75. When the Department issued the finance lender's license to Blockfi, the Department was on notice that Blockfi intended to retain use and possession of collateral securing its loans originated pursuant to its finance lending license.

76. When the Department issued the finance lender's license to Blockfi, the Department had reason to believe that Blockfi would rely upon the authority of its finance lending license to make loans secured by Blockfi's use and possession of collateral securing its loans.

77. Blockfi does not have any pawnbroker licenses.

78. The Department had reason to know that a pawnbroker license was required for Blockfi to engage in its proposed lending activities.

79. Blockfi had reason to believe that a pawnbroker license may be required to engage in Blockfi's proposed lending activities.

80. On at least one occasion, the Department notified Blockfi that its intended lending activities were governed by the pawnbroker law rather than the Financing Law (*Compare* Fin. Code, § 21000 *with id.*, at § 22009.)

81. The Department issued Blockfi's finance lender license upon the legal conclusion that a finance lender may retain use and possession of personal property collateral.  (Rec. at 101.)

82. Upon information and belief, the Department has adopted a policy of issuing "finance lender" licenses to lenders that retain use or possession of digital assets.

83. Upon information and belief, the Department has adopted a policy of issuing "finance lender" licenses to lenders that retain use or possession of intangible assets.

84. Jan Lynn Owen (Ms. Owen) was the Commissioner of the Department when Blockfi's License was issued.

85. A true and correct copy of the Declaration of Ms. Owen, filed with the Los Angeles Superior Court on March 23, 2021, is attached hereto as Exhibit "20." (Rec. at 119-123.)

86. The Department "permit[s]" Blockfi, "as a finance lender," to "hold or use cryptocurrency (or other collateral) as security for the loans it gives to borrowers." (Rec. at 121.)

87. The Department "granted many licenses to finance lenders whose planned business operations included the holding and/or use of collateral that was being used to secure loans." (Rec. at 121.)

88. The Department has adopted a policy of issuing finance lender licenses to applicants that intend to make loans secured by their possession of collateral securing their loans. (Rec. at 121.)

## FIRST CAUSE OF ACTION
### WRIT OF MANDATE (CIV. PROC., § 1085)

89. Gerro refers to and realleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth at length.

90. Respondent, in his capacity as Commissioner of Financial Protection and Innovation of the State of California, has a duty to revoke Blockfi's finance lending license.

91. Gerro seeks to compel Respondent to revoke Blockfi's finance lending license.

92. The Department was informed by Gerro that Blockfi took possession of Gerro's collateral to secure a loan from Blockfi to Gerro. (Rec. at 061.)

93. Over a period of time and a series of communications with the Department (true and correct excerpts thereof attached hereto as Exhibit "16") Gerro demanded that the Department take administrative action to prevent Blockfi from using or possessing collateral belonging to California borrowers. (Rec. at 061-068.)

94. Upon information and belief, the Department has failed to take any formal administrative action to prohibit Blockfi from using or possessing collateral.

95. Upon information and belief, the Department has failed to take any informal administrative action to prohibit Blockfi from using or possessing collateral.

96. On two occasions, Gerro submitted a complaint to the Department regarding Blockfi's pre-default possession of collateral and demanding "Revocation of the License." (*E.g.* Rec. at 070.)

97. The Department refused to take any administrative action in response to Gerro's numerous consumer complaints.

98. Blockfi continues to enter into, and enforce, contracts substantially similar to Exhibit "18." (Rec. at 072-098 (Blockfi's Contract).)

99. Gerro, in his capacity as a California consumer, and Blockfi, in its capacity as a finance lender, entered into contracts substantially similar to Exhibit "18."

100. Blockfi took possession of Gerro's collateral to secure its loans of money to Gerro.

101. Blockfi purportedly exercised its forfeiture interest in Gerro's personal property that Blockfi retained use and possession thereof.

102. Blockfi continues to claim a forfeiture interest in personal property that Blockfi uses or possesses, belonging to residents of California.

103. Blockfi's Contract requires that Blockfi shall have "actual possession of, and a first priority security interest in, the Collateral" for the entire duration of the loan. (Rec. at 074.)

104. Blockfi continues to retain use and possession of collateral securing its outstanding loans. (Rec. at 074.)

105. Gemini Trust Company, LLC, in its capacity as an agent of Blockfi, receives possession of collateral. (Rec. at 074.)

106. Respondent has the duty to suspend or revoke Blockfi's License.

107. Gerro has no plain, speedy or adequate remedy at law, because there is no other legal proceeding whereby Gerro can compel the revocation of Blockfi's License.

## SECOND CAUSE OF ACTION
### PUBLIC RECORDS ACT (GOV. CODE, § 6258)

108. Petitioner refers to and realleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth at length.

109. Pursuant to the Public Records Act, Gerro requested, but has not received, all documents and communications relating to Blockfi in the Department's actual or constructive possession, .

---

110. Gerro requested from the Department all communications between the Department and Blockfi.

111. Gerro requested from the Department all communications relating to Blockfi.

112. Gerro requested from the Department all documents relating to Blockfi.

113. The Department has not provided Gerro with all documents and communications relating to Blockfi, and the Department has asserted inapplicable privileges with respect to others.

## PRAYER FOR RELIEF

WHEREFORE, PETITIONER respectfully prays that the Court enter judgment against Respondent as follows:

## FIRST CAUSE OF ACTION

1. That a peremptory Writ of Mandate be issued commanding respondent to revoke BlockFi's license issued by Respondent in excess of its statutory authority; or, in the alternative, that an appropriate writ issue to accomplish the similar or same result;

2. That Petitioner be awarded his costs of suit;

3. That Petitioner be awarded attorney fees (Civ. Proc., § 1021.5;) and

4. For such other and further relief as to the court seems just and proper.

## SECOND CAUSE OF ACTION

5. For a declaration of the rights and obligations of the Department to provide all documents and communications, in its actual or constructive possession, relating to Blockfi;

6. That Petitioner be awarded his costs of suit;

7. That Petitioner be awarded attorney fees (Gov. Code, § 6259(d);) and

8. For such other and further relief as to the court seems just and proper.

Dated:  June 25, 2021

Respectfully Submitted
GERRO & GERRO

By: _____

*George Gerro*

George J. Gerro
Attorney and Plaintiff

1

**VERIFICATION**

2   I, George J. Gerro, the undersigned, says:  he is the Petitioner in the above entitled action; he has read

3   the above VERIFIED PETITION FOR WRIT OF MANDATE (CIV PROC., § 1085); AND

4   COMPLAINT FOR DECLARATORY RELIEF (GOV. CODE, § 6258), and is familiar with its

5   contents; that the same is true of his own knowledge except as to the matters which are therein stated on

6   his information and belief, and as to those matters that he believes it to be true.  I declare under penalty

7   of perjury under the laws of the State of California that the above is true and correct and that this

8   verification is executed on June 25, 2021, in Burbank, California.

9

*George Gerro*

10   _____

11                                        GEORGE J. GERRO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX OF EXHIBITS TO VERIFIED PETITION

| Ex. | Page | DESCRIPTION |
|---|---|---|
| 1 | 1 | Application to the Department of Financial Protection and Innovation (formerly known as the Department of Business Oversight) (Department) by Blockfi Lending LLC (BlockFi) for a Finance Lender's License |
| 2 | 8 | Letter from Department to Blockfi dated February 14, 2018, requesting clarification of Blockfi's business plan. |
| 3 | 13 | Letter from Blockfi to Department dated March 5, 2018, notifying the Department that Blockfi intends to retain use and possession of personal property collateral. |
| 4 | 17 | Letter from Department to Blockfi dated March 8, 2018, notifying Blockfi that its proposed business plan falls outside the scope of a finance lending license. |
| 5 | 22 | Letter from Blockfi to Department dated March 23, 2018, arguing that it must take possession of collateral to prevent borrowers from transferring it. |
| 6 | 26 | Letter from Blockfi to Department dated March 26, 2018, expressing its intent to take possession of its borrower's assets as security for Blockfi's loans. |
| 7 | 29 | Letter from Department to Blockfi dated March 28, 2018, stating that Blockfi's possession of its borrower's collateral is unauthorized by the Financing Law. |
| 8 | 32 | Letter from Department to Blockfi dated April 6, 2018, reiterating that Blockfi's proposed lending activities are not allowed by the Financing Law. |
| 9 | 35 | Email from Blockfi to Department dated April 10, 2018, construing the Commercial Code to allow a finance lender to take possession of collateral. |
| 10 | 39 | Letter from Department to Blockfi dated April 10, 2018, rejecting Blockfi's legal conclusion that a finance lender may possess collateral in accordance with the Commercial Code. |

| 11 | 42 | Email from Blockfi to Department dated April 11, 2018, modifying Blockfi's proposed business plan. |
|----|----|--------------------------------------------------------------------------------------|
| 12 | 46 | Request for Confidential Interpretive Opinion from Blockfi to Department dated May 14, 2018, requesting a legal interpretation that would allow a finance lender to use and possess collateral securing its loan. |
| 13 | 52 | Request for Confidential Treatment from Blockfi to Department dated May 14, 2018, requesting confidentiality. |
| 14 | 54 | Grant of Request for Confidential Treatment from Department to Blockfi dated June 7, 2018, extending confidentiality. |
| 15 | 56 | Letter from Department to Blockfi dated August 16, 2018, issuing a finance lending license to Blockfi. |
| 16 | 60 | Emails from George J. Gerro (Gerro) to Department dated July 7, 2020, March 25, 2021, October 28, 2020, July 7, 2020, March 31, 2021, and April 2, 2021, demanding that the Department take action against Blockfi. |
| 17 | 69 | Consumer Complaint Form from Gerro to the Department, requesting that the Department revoke Blockfi's license. |
| 18 | 71 | Blockfi's Contract, requiring Blockfi's borrowers to transfer actual possession of their collateral to Blockfi. |
| 19 | 99 | Declaration of Charles J. Washburn, Jr., an attorney for Blockfi, filed on March 23, 2021 in Gerro v. Blockfi Lending LLC, et al. (Los Angeles Superior Court Case Number 20STCV31493,) stating that the Department issued Blockfi's license upon the legal conclusion that Blockfi may possess collateral. |
| 20 | 118 | Declaration of Jan Lynn Owen, former Commissioner of the Department, filed on March 23, 2021 in Gerro v. Blockfi Lending LLC, et al. (Los Angeles Superior Court Case Number 20STCV31493,) stating that the Department has a policy of issuing licenses to finance lenders that take possession of collateral. |

001

# EXHIBIT "1"

# EXHIBIT "1"

# EXHIBIT "1"

002

(Department of Business Oversight Use Only)

Fee Paid $ _SS8_

Receipt No. _CF147-02_

FEB 0 2 2018

DEPARTMENT OF BUSINESS OVERSIGHT

File No._____

**STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT**

**APPLICATION FOR A LICENSE UNDER THE
CALIFORNIA FINANCE LENDERS LAW**

Received
LA Mailroom

FEB 0 1 2018

Department of
Business Oversight

*APPLICATION FOR A LICENSE AS A:*    [ ] LENDER       [ ] BROKER       ☑ BOTH

The application must be accompanied by a non-refundable application fee of $200, a non-refundable investigation fee of $100, and non-refundable fingerprint processing fees (Departments of Business Oversight and Justice). The application (together with the fees payable to the Department of Business Oversight) must be filed in the Los Angeles office of the Department of Business Oversight, located at 320 West 4th Street, Suite 750, Los Angeles, CA 90013.

1.    a. Name of Applicant: BlockFi Lending LLC

      b. Fictitious Business Name: NA

      c. Fictitious Business Name filed in the County of: NA

2.    Applicant is organized and will do business as (check as applicable):

        ☐ an individual (a sole proprietor)

        ☐ a general partnership

        ☐ a limited partnership

        ☐ a corporation

        ☑ a limited liability company

        ☐ other (please specify such as joint venture, association, joint stock company, trust, unincorporated organization, government, or political subdivision of a government):

3.    Applicant's proposed licensed place of business:

| 86 Chambers Street, Suite 205 | New York, | New York, NY | 10007 |
|---|---|---|---|
| (Number and Street) | (City) | (County)  (State) | (Zip) |

*1422 – CFLL Application Long Form (Rev. 5/16)*              1

b.   Provide a short description of the applicant's business plan that includes any information necessary for the Commissioner of Business Oversight to have an understanding of the type of business that the applicant plans to conduct under this license.

BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the needs of consumers and

corporations across the globe.  We build bridges between traditional finance and digital markets that enable growth for all participants.  Our first product is secured loans collateralized by digital assets (Bitcoin and Ether).  Clients can access liquidity in the form of a loan in fiat currency by putting up their digital assets as collateral.  Leveraging a sophisticated infrastructure that integrates with multiple blockchains, we plan to expand our product set based on our retail and institutional client's needs.

11.   Has the applicant's offer and sale of securities been qualified in California?

☐ Yes      ☑ No

If no, check as applicable:
☐ Applicant is exempt from qualification, and has filed any applicable notice of exemption with the Department.
☑ Applicant has never offered or sold its securities in California or to a California resident.

## REQUIRED EXHIBITS:

**EXHIBIT A.**   Provide a balance sheet of the applicant prepared in accordance with generally accepted accounting principles and dated no more than 90 days prior to the date this application is filed.  Label the balance sheet as Exhibit A.

**EXHIBIT B.**   Provide the original surety bond, including riders and endorsements in the amount of $25,000. The instructions and bond form are enclosed.

**EXHIBIT C.**   Provide for each individual (natural person) named in Items 4, 5, and 6, a Statement of Identity and Questionnaire, along with fingerprint information and the cost of fingerprint processing.  The Statement of Identity and Questionnaire form is enclosed.

**EXHIBIT D.**   SOLE PROPRIETOR ONLY: Complete the enclosed form entitled "Statement of Citizenship, Alienage, and Immigration Status for Application of Department of Business Oversight License or Certificate."

**EXHIBIT E.**   Complete the enclosed form entitled "Customer Authorization for Disclosure of Financial Records."

**EXHIBIT F.**   Provide a copy of the current Fictitious Business Name Statement filed with the county clerk. Label the document as Exhibit F.

*1422 – CFLL Application Long Form (Rev.5/16)*                 6

## EXECUTION SECTION

In the matter of the Application for a License under the California Finance Lenders Law, I, the undersigned, authorized to act on behalf of the applicant, declare that the following statements are true and correct:

1.  That the applicant has obtained and read copies of the California Finance Lenders Law (Division 9 of the California Financial Code) and the Finance Company Rules (Chapter 3, Title 10, California Code of Regulations) and is familiar with their content.

2.  That the applicant agrees to comply with the requirements of the California Finance Lenders Law, the rules adopted, and the orders issued by the Commissioner of Business Oversight.

3.  That in the event of any change of its officers, directors, or any other persons named in this application, the applicant will file an amendment to the application containing the same information in relation to the new person(s) as is required in the application, within thirty days from the date of the change, with the Commissioner of Business Oversight.

4.  That the applicant will file with the Commissioner of Business Oversight an amendment to this application prior to any material change in the information contained in the application for licensure, including, without limitation, the plan of operation.

5.  That the applicant agrees to report any change of business location at least 10 days prior to the change.

6.  That the applicant for a brokers license agrees that a license issued pursuant to the California Finance Lenders Law does not provide the authority to broker loans to lenders that are not licensed as finance lenders as defined in Financial Code Section 22009, that loans will only be brokered to lenders licensed pursuant to the California Finance Lenders Law, and that finance lenders may not pay compensation for brokerage services (i.e., brokerage commission, finder's fee, referral fees, etc.) to anyone not licensed as a broker under this Division, except for those exempt persons as provided for in Section 1451 of the Rules (10 C.C.R. § 1451).

7.  For purposes of Financial Code Sections 22340 and 22600, when selling loans secured by real property to institutional investors, the applicant agrees that the source of funds will be exclusive of any funding advances from an institutional investor committed to purchasing the note. The practice commonly known as "table funding" is not permitted under the California Finance Lenders Law.

8.  That the applicant agrees that a license issued pursuant to the California Finance Lenders Law permits only employees to work under the license. Persons engaged in lending that are not employees may need to obtain a license under the California Finance Lenders Law.

9.  That the applicant agrees that a license issued pursuant to the California Finance Lenders Law does not permit a licensee to authorize locations operated by persons other than employees of the licensee under some form of franchise or license agreement (e.g., net branching).

10. That the applicant agrees to obtain a new license issued pursuant to the California Finance Lenders Law for each additional location.

*1422 – CFLL Application Long Form (Rev.5/16)*        8

11. That the applicant agrees to comply with limitations on rates and charges for loans under the California Finance Lenders Law.

12. That the applicant agrees to obtain the Commissioner of Business Oversight's approval prior to engaging in other business at a licensed location, unless that other business is providing products or services of an affiliated supervised financial institution.

13. That the applicant agrees that real estate may not be taken as security for a consumer loan of less than $5,000.

14. That the applicant agrees that commercial loans of less than $5,000 are treated as consumer loans under the law.

15. For high interest rate loans secured by real estate, the applicant agrees to comply with the additional disclosure and consumer protection requirements of the Covered Loan Law and higher-price mortgage loans (Financial Code Section 4970 et seq., Financial Code Section 4995 and Part 226 of Title 12 of the Code of Federal Regulations).

16. That the applicant agrees to not share borrower information with third parties without obtaining the express written consent of the borrower, as required by the California Financial Information Privacy Act (Financial Code Section 4050 et seq.).

17. That the applicant agrees to not charge interest on a consumer loan secured by real estate for more than one day prior to the date the loan proceeds are disbursed from escrow in accordance with Civil Code Section 2948.5.

18. That the applicant will maintain adequate staff to meet the requirements of the California Finance Lenders Law, as prescribed by rule or order of the Commissioner of Business Oversight.

19. That the applicant agrees to maintain accounting records that meet generally accepted accounting principles and demonstrate a net worth of at least $25,000 at all times.

20. That the applicant will file with the Commissioner of Business Oversight any report required by the Commissioner.

21. That the applicant agrees to maintain books and records sufficient to document compliance with the California Finance Lenders Law.

22. That the applicant will keep and maintain for 36 months from the date of final entry on any loan the business records and other information required by law or rules of the Commissioner of Business Oversight.

23. That the applicant will maintain a register of all loans made or brokered under this license that will be updated at least monthly, and that the information maintained in the register will include the name and address of the borrower, account number, amount of loan, date of loan, terms, total of payments and the annual percentage rate, and that the register will also show the account number, name of borrower and payoff date of all loans paid in full.

24. That the applicant will submit to periodic examinations by the Commissioner of Business Oversight as required by the California Finance Lenders Law.

25. That the applicant agrees to pay for the costs of each examination.

26. That the applicant, if located outside of the State of California, agrees to make available to the Commissioner of Business Oversight or the Commissioner's representatives, at a location in this state designated by the Commissioner of Business Oversight, or the Commissioner's representatives, the books, accounts, papers, records and files within 10 calendar days of any request from the Commissioner; or to pay the reasonable expenses for travel, meals, and lodging of the Commissioner of Business Oversight or the Commissioner's representatives incurred during any investigation or examination made at the licensee's location outside this state.

27. That the applicant agrees to pay an annual assessment each year of a minimum of $250 per location.

28. That the applicant agrees to file an annual report by March 15 of each year.

29. That the applicant agrees to maintain a surety bond of $25,000 at all times.

30. That the applicant hereby attests that the applicant (including officers, directors, general partners, persons responsible for the applicant's lending activities in California and persons owning or controlling directly or indirectly, 10% or more of the applicant) has not engaged in conduct that would be cause for denial of a license. (Only one declaration required for each applicant.)

31. That, if applicable, the applicant will comply with the rules governing the filing of a fictitious business name as set forth in the Business and Professions Code, beginning at Section 17900.

32. That the applicant will comply with the examination requirements concerning advertising pursuant to California Code of Regulations Section 1550.

33. By signing the application, the applicant hereby irrevocably appoints the Commissioner of Business Oversight of the State of California, or the Commissioner's successor in office, to be the undersigned's attorney to receive service of any lawful process in any noncriminal suit, action or proceeding against the undersigned, or the undersigned's successor, executor, or administrator which arises under the California Finance Lenders Law or any rule or order thereunder after this consent has been filed, with the same force and validity as if served personally on the undersigned. For the purpose of compliance with the California Finance Lenders Law of the State of California, notice of the service and a copy of process must be sent by registered or certified mail to the undersigned at the following address:

| Florencia Maria Marquez | | | |
|---|---|---|---|
| | (Name) | | |
| 86 Chambers Street, Suite 205 | New York | NY | 10007 |
| (Number and Street) | (City) | (State) | (Zip Code) |

*1422 – CFLL Application Long Form (Rev.5/16)*          10

Indicate the name, title, address, telephone number, and e-mail address of the person who should be contacted for information regarding this application. The license will also be mailed to this person *unless otherwise instructed.*

Attention: Stacey Batzar, Regulatory Counsel Group, Inc. Preparer                                678-393-1925

| (Name) | (Title) | | (Telephone Number) |

219 Roswell Street, Suite 200          Alpharetta,          GA                          30009

| (Number and Street) | (City) | (State) | (Zip Code) |

sbbatzar@rcgteam.com

(Email Address)

WHEREFORE, applicant requests that a license be issued by the Commissioner of Business Oversight authorizing applicant to engage in business under the California Finance Lenders Law within the State of California.

The applicant has duly caused this application to be signed on its behalf by the undersigned, thereunto duly authorized.

The undersigned, on behalf of the applicant, acknowledges that this application and all exhibits thereto which are not designated as confidential are subject to public inspection pursuant to Section 250.9.1, Chapter 3, Title 10, California Code of Regulations. A request for confidentiality of certain documents may be requested pursuant to Section 250.10. If a request for confidential treatment is granted (or denied), the person making such request will be notified in writing.

The undersigned also acknowledges on behalf of the applicant that the State Board of Equalization and the Franchise Tax Board are authorized to share taxpayer information with the Department of Business Oversight, and in the event the state tax obligation is not paid by licensee after a license is issued, the Department of Business Oversight may be required to suspend the license (Business and Professions Code Sections 31 and 494.5).

I declare under penalty of perjury under the laws of the State of California that I have read the foregoing application, including all Exhibits attached thereto, or filed therewith, and know the contents thereof, and that the statements therein are true and correct. **The signor of this declaration must be named in either Section 4, 5, or 6 of this application.**

BlockFi Lending LLC
_____
(Applicant)

Executed at _New York New York, NY_
(City, County, and State)

_____
(Signature of Declarant)

Date _1/25/18_
_____

Florencia Maria Marquez
_____
(Typed Name of Declarant)

Vice President
_____
(Title)

008

# EXHIBIT "2"

# EXHIBIT "2"

# EXHIBIT "2"

009

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

February 14, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.   Item #6e of the Application was left blank. Please resubmit Item #6e (and all other items
     included on the same page as 6e) without any blanks; if necessary, indicate ("N/A") but do
     not leave blanks.

2.   Item #8 of the application indicated that there are no other business activities taking place
     at the Applicant's proposed place of business. However, BlockFi Inc. is also noted to be
     operating out of the same business address as the Applicant. Please revise and resubmit
     Item #8 of the Application so that it indicates the other business (BlockFi Inc.) and provides
     a description of its activities.

3.   Item #10b of the application did not describe any lending and/or brokering activities that
     fall under the purview of the California Financing Law ("CFL"). The business plan also

---

1515 K Street, Suite 200          One Sansome Street, Suite 600        320 West 4th Street, Suite 750        1350 Front Street, Room 2034
Sacramento, CA 95814-4052        San Francisco, CA 94104-4428        Los Angeles, CA 90013-2344          San Diego, CA 92101-3697
   (916) 445-2705                     (415) 972-8565                     (213) 576-7500                       (619) 525-4233

   45 Fremont Street, Suite 1700                    300 S. Spring Street, Suite 15513              7575 Metropolitan Drive, Suite 108
   San Francisco, CA 94105                          Los Angeles, CA 90013                          San Diego, CA 92108
        (415) 263-8500                                   (213) 897-2085                                (619) 682-7227

www.dbo.ca.gov • 1-866-275-2677

indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the need of consumers and corporations across the globe. We build bridges between traditional finance and digital markets that enable growth for all participants. Our product is secured loans collateralized by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral." What are fiat currencies? How are these assets securing any loans made by the Applicant? It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender.

Also, a licensed broker under the CFL may only broker loans to licensed CFL lenders.

Please revise and respond accordingly.

4.    A business plan was also submitted under ("Exhibit L"), however, it was indicated to be Exhibit N on the cover letter submitted with the Application. The business plan submitted was indicated as ("Confidential Business Plan"). The business plan is a public document and not confidential. Please remove any reference to confidentiality and resubmit this section.

5.    The Statement of Identity and Questionnaire (SIQ) submitted for Kavita Gupta was not an original SIQ, and the signature page did not include an original, wet-ink signature. Please resubmit Kavita Gupta's SIQ and make sure the verification page includes an original, wet-ink, signature.

6.    Exhibit A: The balance sheet, statement of cash flows and all other financials submitted indicated, ("Draft"). Please remove ("Draft") from the financials and resubmit. The balance sheet should be prepared in accordance with generally accepted accounting principles, with no indications of ("Draft") or any other statements that may give the impression that the information presented may be incorrect.

Exhibit J: The Certificate of Good Standing submitted from the Secretary of State from Delaware did not indicate the date of formation. Please resubmit Exhibit J and ensure that it states the date of formation, state of organization and a statement that the entity is in good standing.

8.    Exhibit K: A certificate of Good Standing from the California Secretary of State was not submitted. Please submit Exhibit K.

9.    Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

a.   This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

b.   Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

c.   Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

d.   Please submit the limited partnership agreement for ConsenSys Fund I, L.P.

10.   Please provide a detailed description of the following:

a.   Who is involved with the Applicant's CFL lending and brokering activities? Please list the names of the individuals and their duties and responsibilities.

b.   Who makes the CFL loan decisions for the Applicant?

c.   Who negotiates the terms, rates, and fees with California borrowers?

d.   Who takes in the loan applications from the California borrowers?

In addition, please list the duties and responsibilities for the individuals named in the application.

11.   The Commissioner requires each licensee to establish a designated e-mail address in order to have rapid, direct communication of vital and time sensitive information, such as Commissioner's Orders, consumer complaint filings, bulletins, surveys and other pertinent information. This e-mail account must be monitored daily by members of the company's executive staff to ensure prompt attention is paid to electronic communications from the Commissioner and the Department of Business Oversight.

You must register for access to the Department's portal. Once this access has been granted, then you must log back into the portal to set up your designated e-mail address. The Department requires that this be established prior to the approval of the application. Delays in requesting portal access and establishing the designated e-mail will result in a delay in the application being approved by the Department.

DESIGNATED E-MAIL: An e-mail address dedicated to receiving electronic mail from the Commissioner and the Department must be established. To begin this process, visit the DBO's Self-Service DOCQNET Portal at https://docqnet.dbo.ca.gov/ and click on the instructions provided in PDF format. Follow the instructions to register your company's e-mail address.

The designated email must use a generic address, not an individual's email (for example, dbo@sbcfinancial.com or govcompliance@abc.com). The designated email address may be an address already in use by your company Inc., but should not be an address provided to the public for general communications. Spam settings must be modified to allow emails form the domains "@dbo.ca.gov" and @Service.GOVDelivery.com." Security setting should also be modified or confirmed to allow for attachments to be received. Also, the designated email should not be an address of a third-party representative. Licensees should review emails sent by the DBO and then determine if they would like to forward the information to a third-party representative.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight


By _____

      Daniel Balian
      Daniel.Balian@dbo.ca.gov
      Corporation Examiner
      California Financing Law
      (213) 576-7687

013

# EXHIBIT "3"

# EXHIBIT "3"

# EXHIBIT "3"

014

**RCG·⅃·**
_____
**Regulatory Counsel Group, Inc.**
*Mortgage Licensing & Compliance Advisors*

March 5, 2018

Received
LA Mailroom

MAR 0 7 2018

Department of
Business Oversight

Department of Business Oversight

320 West 4th Street

Suite 750

Los Angeles, CA  90013

1-866-275-2677

RE:     **BlockFi Lending LLC/CA CFL License Application/60DBO 81955**

Dear Mr. Balian:

Per your request, this provides you with the responses to your inquiries in relation to BlockFi Lending LLC's submission for a CFL License.  Regulatory Counsel Group, Inc. is submitting this on behalf of our client.

1. Please see enclosed page 4, 6e which we discussed.

2. BlockFi Inc., as the parent company of BlockFi Lending LLC, employs the full time employees that work on BlockFi Inc. and BlockFi Lending LLC and holds material contracts that relate to the non-lending side of the business, such as office leases, marketing contracts and contracts with other vendors.

3. *What are fiat currencies?*

     A fiat currency is a currency that is backed by a government. In the case of BlockFi Lending LLC, the term fiat currency is used to describe the U.S. Dollar.

     *b. How are these assets securing any loans made by the Applicant?*

     The assets are secured two ways. First, BlockFi Lending LLC requires that its clients store the assets posted as collateral with BlockFi Lending's Licensed custodian, <u>Gemini Trust Company, LLC ("Gemini") (NMLS #1518126)</u>, throughout the life of the loan. Gemini is a New York trust company licensed by the New York State Department of Financial Services. Gemini is a fiduciary under §100 of the New York Banking Law and held to specific capital reserve requirements and banking compliance standards.

     Second, BlockFi Lending LLC files a UCC-1 with the secretary of state of the primary state of operation or residence of each borrower. The language utilized in our UCCs to describe the collateral is below:

1

*All of Debtor's right, title and interest in the [AMOUNT OF CRYPTOCURRENCY] [TYPE OF CRYPTOCURRENCY] at [GEMINI DEPOSIT ADDRESS], and all [TYPE OF CRYPTOCURRENCY] that is thereafter deposited by Debtor to such address pursuant to the terms of that certain Loan and Security Agreement, dated as of [DATE OF AGREEMENT], by and between Debtor and Secured Party.*

    **c.    Please explain how BlockFi Lending LLC is engaged in the business of making consumer and commercial loans.**

BlockFi issues consumer and commercial loans to cryptocurrency holders who require liquidity but do not wish to sell their digital assets. BlockFi holds each borrower's digital assets in escrow as collateral, and provides interest-only, U.S. Dollar-denominated loans borrowers. The product is an installment loan with a 12% interest rate on consumer loans and a 13.5% interest rate on commercial loans. Currently, both types of loans are paid back over a period of 12 months. In the event that the value of the borrower's digital assets falls below a prescribed threshold, BlockFi reserves the right to liquidate some or all those digital assets in order to recoup the outstanding loan balance.

4.    Please see attached business plan without the reference to "confidential".

5.    Kavita Gupta's SIQ with a wet-ink signature is being sent directly to your attention.

6.    Please see the non-draft financials enclosed (BlockFi Inc. and BlockFi Lending LLC).

7.    Please see the attached, Certificate of Good Standing with formation date, state of organization and good standing of entity (Exhibit J).

8.    Please see the attached, Certificate of Good Standing from the Secretary of State of California (Exhibit K).

9.    Per our discussion, please see the enclosed updated organizational chart clarifying the ultimate owner.

10.   **Who is involved with the Applicant's CFL lending and brokering activities?  Please list the names of the individuals and their duties and responsibilities.**

Currently, Flori Marquez and Zac Prince are involved in CFL lending activities. Zac Prince is involved in customer outreach efforts. His responsibilities include handling inbound customer questions, developing materials to explain our loan products to prospective clients, and managing our marketing efforts to help initiate applications through marketing efforts.

Flori Marquez is involved in the underwriting, approval and funding of loans. From time to time, Flori Marquez also assists in answering inbound questions from prospective clients.

    **b.   Who makes the CFL loan decisions for the Applicant?**
All decisions are approved by Flori Marquez in accordance with BlockFi's underwriting policy. All applicants are evaluated on a pass / fail basis.

**c.   Who negotiates the terms, rates, and fees with CA borrowers?**

Because each loan is fully collateralized by an asset, BlockFi Lending LLC's terms are standard across its consumer and business applicants respectively. BlockFi's terms, rates and fees are outlined below:

| Borrower | Term | Rate | Fee |
|----------|----------|-------|------|
| Consumer | 12 months | 12.0% | 1.0% |
| Commercial | 12 months | 13.5% | 2.0% |

**d.   Who takes in the loan applications from the CA borrowers?**

All of BlockFi Lending LLC's loan applications are submitted online at https://blockfi.com/apply. Applications are processed by BlockFi's Credit Underwriting team, which currently consists of Flori Marquez.

**e.   List the duties and responsibilities for the individuals named in the application.**

Flori Marquez is responsible for the company's credit operations which include underwriting, funding and tracking of loan applications.

Zac Prince is responsible for the company's investors and helping BlockFi's marketing efforts to help inform potential clients about BlockFi's Lending LLC's lending products.

11.  Please note that the designated email will be set up with legal@blockfi.com.

**If you should have any questions or need any information expeditiously, please do not hesitate to contact me at 678-393-1925 by phone or at sbbatzar@rcgteam.com via email.**

Thank you in advance for your attention to the enclosed.

Regards,


Stacey B. Batzar

219 Roswell Street, Suite 200, Alpharetta, GA 30009

Phone: 678-393-1925/Fax: 678-393-1908

3

017

# EXHIBIT "4"

# EXHIBIT "4"

# EXHIBIT "4"

018

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

. March 8, 2018

Stacey B. Batzar
. RE: BlockFi Lending LLC
219 Rosewell Lane, Suite 200
Alpharetta, GA 30009

RE: **CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.) A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.  Item #8 of the application indicated that there are no other business activities taking place
    at the Applicant's proposed place of business. However, BlockFi Inc. is also noted to be
    operating out of the same business address as the Applicant. Please revise and resubmit
    Item #8 of the Application so that it indicates the other business (BlockFi Inc.) and provides
    a description of its activities.

2.  Item #10b of the application did not describe any lending and/or brokering activities that
    fall under the purview of the California Financing Law ("CFL"). The business plan also
    indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and
    efficiency to digital financial markets by creating products that meet the need of consumers
    and corporations across the globe. We build bridges between traditional finance and digital
    markets that enable growth for all participants. Our product is secured loans collateralized

*1515 K Street, Suite 200*
*Sacramento, CA 95814-4052*
*(916) 445-2705*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*

*45 Fremont Street, Suite 1700*
*San Francisco, CA 94105*
*(415) 263-8500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral."

The business plan provided does not indicate any lending and/or brokering activities that fall under the purview of the CFL. It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender. In addition, a licensed broker under the CFL may only broker loans to licensed CFL lenders. Also, the CFL license is for lending and brokering within the State of California and is not a license to conduct lending and/or brokering activities across the globe.

Please revise your business plan and submit a business plan that falls under the purview of the CFL. Also, please indicate the lending and brokering activities that will be conducted by the Applicant under the CFL in the State of California with California commercial and consumer borrowers. The business plan does not indicate whether the Applicant will be involved with commercial and/or consumer borrowers within the State of California.

Lastly, the collateral must remain with the borrower. Your response indicated that the clients store the assets posted as collateral with the Applicant's licensed custodian, Gemini Trust Company, throughout the life of the loan. This is not allowed. The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets in escrow as collateral.

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

3.    *The Statement of Identity and Questionnaire (SIQ) submitted for Kavita Gupta was not an original SIQ, and the signature page did not include an original, wet-ink signature. Please resubmit Kavita Gupta's SIQ and make sure the verification page includes an original, wet-ink, signature.*

Your response to the above item indicated that the SIQ is attached; however, an SIQ was not included with the mail received by the Department.

4.    Exhibit A: The balance sheet submitted indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

Is the balance sheet prepared under the cash basis or accrual basis?

Please respond accordingly.

5.  Exhibit J: The Certificate of Good Standing submitted from the Secretary of State from Delaware did not indicate the date of formation. Please resubmit Exhibit J and ensure that it states the date of formation, state of organization and a statement that the entity is in good standing.

6.  Exhibit K: A certificate of Good Standing from the California Secretary of State was not submitted. Please submit Exhibit K.

7.  Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

    a.  This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

    b.  Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

    c.  Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

    d.  Please submit the limited partnership agreement for ConsenSys Fund I, L.P.

8.  The Commissioner requires each licensee to establish a designated e-mail address in order to have rapid, direct communication of vital and time sensitive information, such as Commissioner's Orders, consumer complaint filings, bulletins, surveys and other pertinent information. This e-mail account must be monitored daily by members of the company's executive staff to ensure prompt attention is paid to electronic communications from the Commissioner and the Department of Business Oversight.

    You must register for access to the Department's portal. Once this access has been granted, then you must log back into the portal to set up your designated e-mail address. The Department requires that this be established prior to the approval of the application. Delays in requesting portal access and establishing the designated e-mail will result in a delay in the application being approved by the Department.

    DESIGNATED E-MAIL: An e-mail address dedicated to receiving electronic mail from the Commissioner and the Department must be established. To begin this process, visit the DBO's Self-Service DOCQNET Portal at https://docqnet.dbo.ca.gov/ and click on the instructions provided in PDF format. Follow the instructions to register your company's e-mail address.

The designated email must use a generic address, not an individual's email (for example, dbo@sbcfinancial.com or govcompliance@abc.com). The designated email address may be an address already in use by your company Inc., but should not be an address provided to the public for general communications. Spam settings must be modified to allow emails form the domains "@dbo.ca.gov" and @Service.GOVDelivery.com." Security setting should also be modified or confirmed to allow for attachments to be received. Also, the designated email should not be an address of a third-party representative. Licensees should review emails sent by the DBO and then determine if they would like to forward the information to a third-party representative.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight


By _____
    Daniel Balian
    Daniel.Balian@dbo.ca.gov
    Corporation Examiner
    California Financing Law
    (213) 576-7687

022

# EXHIBIT "5"

# EXHIBIT "5"

# EXHIBIT "5"

Flori Marquez
Co-Founder, VP of Operations

March 23, 2018

VIA OVERNIGHT COURIER

Daniel Balian

Corporation Examiner
California Financing Law
Department of Business Oversight
320 West 4th Street, Suite 750
Los Angeles, California 90013-2344

**RE: California Financing Law License Application 60DBO 81955**

Dear Mr. Balian,

This letter is in reference to the letter sent by the Department on March 8, 2018 to BlockFi
Lending LLC (Applicant) in regards to our application for a license under the California
Financing Law (CFL).

We have set forth below each item in your letter for ease of reference, followed by our
responses:

1. **Item #8 of the application indicated that there are no other business activities taking**
   **place at the Applicant's proposed place of business. However, BlockFi Inc. is also**
   **noted to be operating out of the same business address as the Applicant. Please**
   **revise and resubmit Item #8 of the Application so that it indicates the other business**
   **(BlockFi Inc.) and provides a description of its activities.**

   Applicant has updated Item #8 of the attached application by checking the "yes" box and
   providing the following description of BlockFi Inc.'s activities:

   Applicant shares its office with BlockFi Inc., the parent company and sole owner of
   Applicant. BlockFi Inc. does not conduct any lending-related activities, and customers
   generally never visit the space, so the shared space should not cause any customer
   confusion. As a parent company, BlockFi Inc. employs the employees that work for
   BlockFi Inc. and Applicant and holds material contracts that relate to the non-lending
   side of the business, such as office leases, marketing contracts and contracts with other
   vendors.

2. **Item #10b of the application did not describe any lending and/or brokering activities**
   **that fall under the purview of the California Financing Law ("CFL"). The business**

plan also indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the need of consumers and corporations across the globe. We build bridges between traditional finance and digital markets that enable growth for all participants. Our product is secured loans collateralized by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral."

The business plan provided does not indicate any lending and/or brokering activities that fall under the purview of the CFL. It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender. In addition, a licensed broker under the CFL may only broker loans to licensed CFL lenders.

Also, the CFL license is for lending and brokering within the State of California and is not a license to conduct lending and/or brokering activities across the globe. Please revise your business plan and submit a business plan that falls under the purview of the CFL. Also, please indicate the lending and brokering activities that will be conducted by the Applicant under the CFL in the State of California with California commercial and consumer borrowers. The business plan does not indicate whether the Applicant will be involved with commercial and/or consumer borrowers within the State of California.

As you note above, Item #10b did state that "our product is secured loans," indicating that we intend to engage in the business of lending. Nevertheless, we are revising Item #10b in the attached application to distill and clarify our business plan as follows:

Applicant plans to make one-year, fixed interest rate, consumer and commercial loans. The loans will be secured by security interests in crypto currencies owned by the borrower.

In the event that Applicant determines that it will not make a loan, Applicant may refer the applicant or otherwise broker the loan under the authority of its CFL license to other CFL licensed lenders in the State of California.

Lastly, the collateral must remain with the borrower. Your response indicated that the clients store the assets posted as collateral with the Applicant's licensed custodian, Gemini Trust Company, throughout the life of the loan. This is not allowed. The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets in escrow as collateral. Based on the

business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

Responding to the foregoing comment, we note that a crypto currency is not a tangible asset like an automobile or house that a borrower will possess and use while a loan is outstanding, subject to the lender's security interest. Instead, as its name suggests, a crypto currency is more like money or a deposit account, and a lender that takes a security interest in such an asset must exercise control over the asset to protect itself. For example, if a lender takes a security interest in cash, it cannot allow the borrower to have possession of the cash to spend, of course. The way Applicant will exercise this control to protect itself is by having the crypto currency held by a third party custodian pursuant to an agreement between the Applicant, the borrower and the custodian, which agreement among other things will provide that the borrower cannot sell or transfer the crypto currency until the loan that it secures is paid in full.

3. **Your response to the above item indicated that the SIQ is attached; however, an SIQ was not included with the mail received by the Department.**

   Kavita Gupta is sending her SIQ to the Department separately.

4. **Exhibit A: The balance sheet submitted indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.**

   **Please find the Operating Agreement attached as Exhibit A.**

   **The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.**

   Please find updated financials attached as Exhibit B1 and B2. The Fixed Assets are owned by BlockFi Lending LLC. Please find a current breakdown of all loans owned by BlockFi Lending LLC in exhibit B3. These loans were made in states outside of California in accordance with each state's licensing regulations.

   **Is the balance sheet prepared under the cash basis or accrual basis?**

   The balance sheet is prepared under an accrual basis.

5. **Exhibit J: The Certificate of Good Standing submitted from the Secretary of State from Delaware did not indicate the date of formation. Please resubmit Exhibit J and ensure that it states the date of formation, state of organization and a statement that the entity is in good standing.**

   Please find an updated Certificate of Good Standing attached as Exhibit C.

026

# EXHIBIT "6"

# EXHIBIT "6"

# EXHIBIT "6"

027



**Regulatory Counsel Group, Inc.**
*Mortgage Licensing & Compliance Advisors*

March 26, 2018

Daniel Balian

Department of Business Oversight

320 West 4th Street

Suite 750

Los Angeles, CA  90013

1-866-275-2677

Received
LA R...

MAR 27 2018

Department   of
Business Oversight

RE:   **BlockFi Lending LLC/CA CFL License Application/60DBO 81955**

Dear Mr. Balian:

Per your request, this provides you with the responses to your inquiries in relation to BlockFi Lending LLC's submission for a CFL License.  Regulatory Counsel Group, Inc. is submitting this on behalf of our client.

1. Please see attached, page5, #8 of the application.
2. Please see attached,  page 6, #10b of the application.
3. Per your request, please see Z. Prince's and F. Marquez's page 1, SIQs with full social security numbers.
4. Please note that the designated email was set up with legal@blockfi.com.

**If you should have any questions or need any information expeditiously, please do not hesitate to contact me at 678-393-1925 by phone or at sbbatzar@rcgteam.com via email.**

Thank you in advance for your attention to the enclosed.

Regards,

Stacey B. Batzar

219 Roswell Street, Suite 200, Alpharetta, GA 30009

Phone: 678-393-1925/Fax: 678-393-1908

1

027

   b.    Provide a short description of the applicant's business plan that includes any information necessary for the Commissioner of Business Oversight to have an understanding of the type of business that the applicant plans to conduct under this license.

BlockFi Lending LLC plans to make one-year, fixed interest rate, consumer and commercial loans.  In accordance with California Financial Code Section 2209, BlockFi

will take, in the name of the lender, in part, as security for the loan, possession of each borrowers' assets.

The assets that BlockFi Lending LLC will take possession of as collateral are cryptocurrencies.

11.    Has the applicant's offer and sale of securities been qualified in California?

☐ Yes    ☑ No

If no, check as applicable:

☐ Applicant is exempt from qualification, and has filed any applicable notice of exemption with the Department.

☑ Applicant has never offered or sold its securities in California or to a California resident.

## REQUIRED EXHIBITS:

**EXHIBIT A.**  Provide a balance sheet of the applicant prepared in accordance with generally accepted accounting principles and dated no more than 90 days prior to the date this application is filed.  Label the balance sheet as Exhibit A.

**EXHIBIT B.**  Provide the original surety bond, including riders and endorsements in the amount of $25,000.  The instructions and bond form are enclosed.

**EXHIBIT C.**  Provide for each individual (natural person) named in Items 4, 5, and 6, a Statement of Identity and Questionnaire, along with fingerprint information and the cost of fingerprint processing.  The Statement of Identity and Questionnaire form is enclosed.

**EXHIBIT D.**  SOLE PROPRIETOR ONLY: Complete the enclosed form entitled "Statement of Citizenship, Alienage, and Immigration Status for Application of Department of Business Oversight License or Certificate."

**EXHIBIT E.**  Complete the enclosed form entitled "Customer Authorization for Disclosure of Financial Records."

**EXHIBIT F.**  Provide a copy of the current Fictitious Business Name Statement filed with the county clerk.  Label the document as Exhibit F.

*1422 – CFLL Application Long Form (Rev.5/16)*     .  6

029

# EXHIBIT "7"

# EXHIBIT "7"

# EXHIBIT "7"

030

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    EDMUND G. BROWN JR. Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

March 28, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

### RE:   CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE RESPONSE DUE ON MAY 21, 2018

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the "California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to the California Financing Law means the California Finance Lenders Law before October 4, 2017 and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any additional deficiency items identified during the review process, is due on May 21, 2018. Failure to meet this deadline will result in your pending application being ABANDONED WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not acceptable and will result in the application being abandoned.**

1.   Item #2 of the SIQ for Kavita Gupta did not indicate her employment with BlockFi Inc. Please revise and resubmit Item #2 of her SIQ so that BlockFi Inc. is indicated.

2.   Item #10b of the application did not describe any brokering activities that fall under the purview of the California Financing Law ("CFL").

   The collateral must remain with the borrower. Your response indicated that, "Blockfi will take, in the name of the lender, in part, as security for the loan, possession of each borrower's assets. The Assets that BlockFi Lending LLC will take possession of as collateral are cryptocurrencies.

| 1515 K Street, Suite 200 | One Sansome Street, Suite 600 | 320 West 4th Street, Suite 750 | 1350 Front Street, Room 2034 |
| Sacramento, CA 95814-4052 | San Francisco, CA 94104-4428 | Los Angeles, CA 90013-2344 | San Diego, CA 92101-3697 |
| (916) 445-2705 | (415) 972-8565 | (213) 576-7500 | (619) 525-4233 |
| 45 Fremont Street, Suite 1700 | 300 S. Spring Street, Suite 15513 | | 7575 Metropolitan Drive, Suite 108 |
| San Francisco, CA 94105 | Los Angeles, CA 90013 | | San Diego, CA 92108 |
| (415) 263-8500 | (213) 897-2085 | | (619) 682-7227 |

www.dbo.ca.gov • 1-866-275-2677

030

This is not allowed under the CFL The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets as collateral.

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

3.    Exhibit A: The balance sheet submitted, dated January 31, 2018, indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

Please respond accordingly.

4.    Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

a.    This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

b.    Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

c.    Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

d.    Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement.

Please submit an organization chart that clearly indicates the information requested above.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight

032

# EXHIBIT "8"

# EXHIBIT "8"

# EXHIBIT "8"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

April 6, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA  FINANCING  LAW  LICENSE  APPLICATION  COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.     Item #10b of the application did not describe any brokering activities that fall under the
       purview of the California Financing Law ("CFL").



       The collateral must remain with the borrower. Your response indicated that, "Blockfi will
       take, in the name of the lender, in part, as security for the loan, possession of each
       borrower's assets. The Assets that BlockFi Lending LLC will take possession of as
       collateral are cryptocurrencies.

       This is not allowed under the CFL The Collateral must remain with the borrower.
       Moreover, the Applicant cannot hold the borrower's digital assets as collateral.

---

*1515 K Street, Suite 200*
*Sacramento, CA 95814-4052*
*(916) 445-2705*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*

*45 Fremont Street, Suite 1700*
*San Francisco, CA 94105*
*(415) 263-8500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

2.   Exhibit A: The balance sheet submitted, dated January 31, 2018, indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

Please respond accordingly.

3.   Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

a.   This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

b.   Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

c.   Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

d.   Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement.

Please submit an organization chart that clearly indicates the information requested above.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight


By _____
        Daniel Balian

035

# EXHIBIT "9"

# EXHIBIT "9"

# EXHIBIT "9"

036

## Balian, Daniel@DBO

| | |
|---|---|
| **From:** | Washburn, Charles <cwashburn@manatt.com> |
| **Sent:** | Tuesday, April 10, 2018 11:41 AM |
| **To:** | Balian, Daniel@DBO |
| **Cc:** | Flori Marquez; Zac Prince |
| **Subject:** | BlockFi Lending LLC (File Number 60DBO-81955) |
| **Attachments:** | BlockFi Lending LLC_3rd DL_Follow-up Supplemental Questions.pdf; COM_9313..pdf; COM_9312..pdf; BlockFi Lending LLC - Balance Sheet 2018-03.pdf; Screenshot of Bank Account Balance.pdf; BlockFi Lending LLC Loans Receivable.pdf; BlockFi Capitalization Table.pdf |
| **Importance:** | High |

Dear Mr. Balian,

BlockFi Lending LLC, file number 60DBO-81955 ("Applicant"), has asked this law firm to assist them in resolving the last remaining items with respect to their application for licenses under the California Financing Law ("CFL") set forth in your March 28 letter, in order that their application can be approved and CFL licenses can promptly issue. After you have reviewed this message, I would be happy to discuss with you and other Department representatives any of these items with respect to which the Department might still have questions, so all of the items can be quickly and finally resolved.

The responses below follow the numbering in your March 28 letter, a copy of which is attached for ease of reference.

1. I understand that the Applicant has sent to you by overnight courier an updated page of the SIQ for Ms. Gupta, so this item should be resolved. Please let me know if it is not.

2. The Applicant believes that its March 23 response addressed the matters discussed in Item 2 of your letter, and we hope the following additional response clarifies and resolves this item.

As discussed in the Applicant's March 23 response, the Applicant has revised and replaced in its entirety its business plan for Item 10(b) of the application to read as follows:

> Applicant plans to make one-year, fixed interest rate, consumer and commercial loans. The loans will be secured by security interests in crypto currencies owned by the borrower.

> In the event that Applicant determines that it will not make a loan, Applicant may refer the loan applicant or otherwise broker the loan under the authority of its CFL license to other CFL licensed lenders in the State of California.

We are confused by the statements in your March 28 letter that the foregoing business plan is outside of the purview or authority of the CFL. The business plan states that the Applicant will be engaged in the business of making consumer and commercial loans, which business is clearly within the definition of "finance lender" set forth in the first sentence of Section 22009 of the CFL. The business plan also states that, under the authority of a CFL license, the Applicant will broker to other CFL lenders applications for loans that the Applicant chooses not to make. This activity likewise is clearly within the scope of the definition of "broker" in Section 22004 of the CFL. Please explain to us why these activities are not covered by the CFL, and also please let us know if your letter is therefore advising the Applicant that the Applicant can engage in the activities described in the revised business plan above in California without obtaining a CFL license.

036

We did note that your letter states that "the collateral must remain with the borrower" and a lender "is not allowed under the CFL" to take possession of collateral. Subject to the next paragraph, we are not aware of the basis in the CFL for these statements. Also and as we trust the Department is aware, the California Commercial Code provides that a creditor may perfect a security interest in several types of collateral, including "tangible negotiable documents, goods, instruments, money, or tangible chattel paper" as well as "certificated securities," by taking "possession" of the collateral. See Section 9313 of the California Commercial Code, attached. Indeed, in the case of a security interest in "money" a creditor can only perfect its security interest in collateral by taking possession. See Section 9312(a) and (b)(3) of the California Commercial Code, attached. We are sure that the Department does not mean to forbid finance lenders from perfecting security interests as authorized and, in the case of "money," required by California law. Also, a crypto currency of course functions much like "money" in terms of a secured creditor wishing to control it to protect the creditor from the collateral being spent by the borrower.

We do note that the second sentence of Section 22009 states that the business of making consumer and commercial loans "may" (emphasis added) include lending money and entering into a contract with the borrower pursuant to which the borrower agrees that it may forfeit rights in personal property, "the use and possession of which property is retained by other than the mortgagee or lender." Although this is only a guess, perhaps the statements in your letter are based on this clause. If so, we respectfully believe this is a misreading of that second sentence. As the Department is also aware, the CFL has its origins in the Personal Property Brokers' Act of 1909, which included language substantially similar to the second sentence to define a "personal property broker." That definition among other things prevented a personal property broker from making unsecured loans, or loans secured by real estate, which loans of course are permissible today for a finance lender. See in this regard Robert E Stone, *Small Loans in California*, 29 California Law Review 332–365 at 342-343 (1941). Accordingly, the second sentence apparently has been retained over the years by the Legislature as a vestige of the 1909 law, but based on the separate first sentence and the use of the word "may" in the second sentence, a "finance lender" under the CFL is simply "any person who is engaged in the business of making consumer loans or making commercial loans," period, and a finance lender is not prohibited from entering into a security agreement pursuant to which the borrower agrees that the lender may possess the collateral in order to protect the lender and in some cases (not including crypto currency) perfect the security interest.

We would also like to point out that we understand from the Department's web site that the Department recently issued a CFL license to Unchained Capital, Inc., license number 60DBO-78867 ("Unchained"). Unchained is also engaged in the business of lending on the security of crypto currency, and likewise through a different method takes control of the crypto currency securing their loans. See this page on the Unchained web site, stating that collateral is sent from the borrower's crypto currency wallet "to your new loan's vault address," and upon repayment of the loan "we [(i.e., Unchained)] will return your collateral to an address of your choosing": https://www.unchained-capital.com/how_it_works/ Accordingly, if Unchained's practices with respect to control of crypto currency collateral are acceptable to the Department, the Applicant's practices should be equally acceptable.

3.  Attached please find a balance sheet as of March 2018 provided by the Applicant that shows a net worth well in excess of $25,000. Assets supporting that net worth include cash of over $388,000, and I have enclosed a screenshot of the Applicant's bank balance provided by the Applicant confirming an amount of over $389,000 as of April 5. Additional supporting documents include a breakdown of the loans payable assets. We trust these materials confirm for the Department that the Applicant has a net worth far in excess of regulatory requirements.

4.  The last item in your letter reiterates requests for information that were in your March 8 letter regarding ownership of the Applicant. We similarly are confused by this item, as the response sent by the Applicant on March 23 addressed each of the matters in this item. Specifically:

a.  The capitalization tables included in the Applicant's March 23 letter show that the Applicant's 100% owner is BlockFi Inc. ("Parent"), and then discloses the owners of Parent. In the interests of supervisory cooperation, I have attached an expanded cap table for Parent provided by the Applicant that shows the percentage ownership interest in Parent of every individual and entity. I note that Applicant has redacted the names of employees and private individual

2

investors and advisors with interests of less than 10% to protect their privacy. Many of these interests are less than 1%, and none are over 8%.

b. The March 23 response included the Applicant's statement regarding all officers, directors and managing members of each entity in the ownership chain that owns or controls, directly or indirectly, 10% or more of the Applicant. In this regard, and pursuant to Section 22105 of the CFL, the list requirement should only apply to entities having such a 10% or more interest in an applicant, and not entities above the applicant in the chain with smaller interests.

c. As stated in the March 23 response, the Applicant listed all qualifying individuals, and SIQs and fingerprints were previously submitted by the Applicant for these individuals.

d. The limited partnership agreement for ConsenSys Fund I, L.P. was submitted with the Applicant's March 23 response.

We trust that the foregoing resolves all outstanding items, but again I would be happy to discuss any remaining questions with you and other Department representatives at your earliest convenience.

Respectfully submitted,

Chuck

**Charles Washburn**
Partner

---

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd.
Los Angeles, CA  90064
**D** (310) 312-4372  **F** (310) 914-5761

cwashburn@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

039

# EXHIBIT "10"

# EXHIBIT "10"

# EXHIBIT "10"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    EDMUND G. BROWN JR., Governor

**DEPARTMENT OF BUSINESS OVERSIGHT**
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

April 10, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

### RE: CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE RESPONSE DUE ON MAY 21, 2018

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the "California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to the California Financing Law means the California Finance Lenders Law before October 4, 2017 and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any additional deficiency items identified during the review process, is due on May 21, 2018. Failure to meet this deadline will result in your pending application being ABANDONED WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not acceptable and will result in the application being abandoned.**

1.    Item #10b of the application did not describe any brokering activities that fall under the purview of the California Financing Law ("CFL"). The business plan provided indicates that the Applicant plans to make one-year consumer and commercial loans. I do not see a description in the business plan regarding any brokering activities. Your response indicated that you are confused and that the business plan has clearly indicated brokering activities. Please let me know where it indicates brokering activities. Also, a licensed CFL broker is only allowed to broker California commercial and/or consumer loans to CFL licensed lenders

In addition, under California Financial Code Section 22009, states that, "The business of making consumer loans or commercial loans may include lending money and taking, in the name of the lender, or any other name, in whole or in part, as security for a loan, any

1515 K Street, Suite 200          One Sansome Street, Suite 600       320 West 4th Street, Suite 750        1350 Front Street, Room 2034
Sacramento, CA 95814-4052        San Francisco, CA 94104-4428        Los Angeles, CA 90013-2344            San Diego, CA 92101-3697
(916) 445-2705                   (415) 972-8565                       (213) 576-7500                          (619) 525-4233

45 Fremont Street, Suite 1700                        300 S. Spring Street, Suite 15513              7575 Metropolitan Drive, Suite 108
San Francisco, CA 94105                              Los Angeles, CA 90013                          San Diego, CA 92108
(415) 263-8500                                       (213) 897-2085                                 (619) 682-7227

www.dbo.ca.gov • 1-866-275-2677

contract or obligation involving the forfeiture of rights in or to personal property, the use and possession of which property is retained by other than the mortgagee or lender....." Under the California Financial Code, the Applicant is not allowed to hold possession of the borrower's collateral.

Your emailed dated April 10, 2018, indicated references to a different law, and not the California Financial Code. I do understand your confusion; however, we have obtained legal counsel and the laws under the California Commercial Code do not apply or trump the laws under the California Financial Code.

Therefore, the business plan and method of operation are not allowed under the CFL. The collateral must remain with the borrower: Applicant cannot hold the borrower's digital assets as collateral. Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

Please address all the issues and respond accordingly.

2.   Please indicate whether any of the receivable noted on the balance sheet are from California *OK* borrowers.

3.   Please submit an organizational chart. You have not submitted an organizational chart depicting the ownership structure of the Applicant. A table was submitted; however, please submit an organization chart as follows:

*OK*

    a.   This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

    b.   Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

    c.   Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

    d.   Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement. The limited partnership agreement you have submitted does not appear to be the original limited partnership agreement. Please submit a copy of the limited partnership agreement that includes the signatures of the partners and limited partners and general partners, and all other signers.

Please submit an organization chart that clearly indicates the information requested above.

# EXHIBIT "11"

# EXHIBIT "11"

# EXHIBIT "11"

**Balian, Daniel@DBO**

| | |
|---|---|
| **From:** | Flori Marquez <flori@blockfi.com> |
| **Sent:** | Wednesday, April 11, 2018 12:41 PM |
| **To:** | Balian, Daniel@DBO |
| **Cc:** | Washburn, Charles; Stacey Batzar; Zac Prince |
| **Subject:** | Re: BlockFi Lending LLC (File Number 60DBO-81955) |
| **Attachments:** | Organizational Chart.pdf; BlockFi Capitalization Table - For California.xlsx |

Dear Mr. Balian,

Thank you for continued attention and responsiveness to our application. We appreciate your mindfulness of our deadline for application expiration on May 21, 2018. The phone call we had yesterday was extremely useful in helping us understand your outstanding questions. Please find our answers below. I have included the details as discussed in our conversation.

1. **Question 1**

Brokering Loans

BlockFi Lending LLC will engage in the business of brokering loans under the purview of the California Financing Law ("CFL").

In the event that BlockFi Lending LLC cannot work with a <u>consumer or commercial</u> applicant for a loan, BlockFi Lending LLC will refer the denied consumer or commercial applicant to other CFL licensed lenders. At each customer's request, BlockFi Lending LLC will refer the customer by sending their contact information and loan application request details to other CFL licensed lenders.

Updated Business Plan

Because of regulations in California Financing Law, BlockFi Lending LLC has revised its business plan. Please find its updated business plan for operations in the state of California below:

BlockFi Lending LLC will make one-year, fixed rate, consumer and commercial loans. As part of our underwriting, we will prescribe value to commercial and consumer applicants' holdings of cryptocurrencies, which they possess.

2. **Question 2**

The receivables noted on the balance sheet submitted with our previous response are not from California borrowers. Each borrower is either from New York, New Jersey or Florida. BlockFi Lending LLC has not made any loans to California consumer or commercial borrowers.

3. **Question 3**

Please find the following documents attached:

1

a.  We have revised our organizational chart to depict the ownership structure of BlockFi Lending LLC with all percentages until the ultimate owner is reached. Please see the attached ownership chart "BlockFi Organizational Chart.pdf"

b.  The officers and directors for each entity in the ownership chain are below. The only people that are subject to the submission of SIQs based on these titles are Florencia Marquez, Zachary Lee Prince and Kavita Gupta. We confirm that SIQs, fingerprints and applicable fingerprint processing fees have been submitted for each of these individuals, as required.

Officers of BlockFi Lending LLC
Zachary Prince – President
Florencia Marquez – Vice President

Board of Directors for BlockFi Inc.
Zachary Prince
Kavita Gupta

Officers of BlockFi Inc.
Zachary Prince – CEO
Florencia Marquez – VP of Operations

There are no other directors, members, partners, managing members, general partners or trustees for either BlockFi Lending LLC or BlockFi Inc. All officers and directors are listed here.

c.  There are three individuals that control, directly or indirectly, 10% or more of the outstanding interests of the listed entities in the ownership chain: Florencia Marquez and Zachary Prince each own more than 10% of BlockFi Inc. Kavita Gupta does not own any percentage of BlockFi Lending LLC or BlockFi Inc. individually. Kavita Gupta, as an individual, serves as a member of BlockFi Inc.'s Board of Directors.

Each of these three individuals have submitted their SIQs, fingerprints and applicable fingerprint processing fees as required by Exhibit C of the application.

d.  As discussed over our phone call on April 10, 2018 and as illustrated in the attached "Organizational Chart.pdf" ConsenSys Fund I, L.P. does not own 10% or more of BlockFi Inc. Furthermore, the entity is not involved in the day-to-day operations of BlockFi Lending LLC or BlockFi Inc. The entity also does not control directly or indirectly 10% or more of the outstanding interests of any of the listed entities. As such, it is not under purview of BlockFi Lending LLC's application to the CFL.

Please let me know if you have any further questions or comments. Thank you again for your time and attention.

Best,

Flori

2



**Flori Marquez**
Co-Founder & VP of Operations
646.779.9688

**blockfi.com**
86 Chambers Street, Suite 205, New York, NY 10007

On Tue, Apr 10, 2018 at 4:16 PM, Flori Marquez <flori@blockfi.com> wrote:
 Hi Daniel,

 Thank you for getting back to us so quickly. We appreciate your careful review.

 Would it be helpful for us to schedule a call? I am available now and later this week.

 Best,

 Flori



**Flori Marquez**
Co-Founder & VP of Operations
646.779.9688

**blockfi.com**
86 Chambers Street, Suite 205, New York, NY 10007

On Tue, Apr 10, 2018 at 3:56 PM, Balian, Daniel@DBO <daniel.balian@dbo.ca.gov> wrote:

 Hello,


 Please see attached.


 Thank you,

 Daniel Balian

 213-576-7687


**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Tuesday, April 10, 2018 11:41 AM
**To:** Balian, Daniel@DBO <daniel.balian@dbo.ca.gov>
**Cc:** Flori Marquez <flori@blockfi.com>; Zac Prince <zac@blockfi.com>

3

046

# EXHIBIT "12"

# EXHIBIT "12"

# EXHIBIT "12"

# manatt

**Charles E. Washburn, Jr.**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4372
E-mail: cwashburn@manatt.com

CONFIDENTIAL TREATMENT REQUESTED

May 14, 2018

Client-Matter: 63758-030

VIA OVERNIGHT COURIER

Jan Lynn Owen
Commissioner of Business Oversight
in care of the Legal Division
Department of Business Oversight
1515 K Street, Suite 200
Sacramento, California 95814

     Re:    Request for Interpretive Opinion

Dear Commissioner Owen:

### Request for Opinion and Legal Question Presented

     This letter is a request for an interpretive opinion with respect to the specific legal question of whether a "finance lender" under the California Financing Law (the "CFL")[1] that takes a security interest in collateral to secure a loan made by the finance lender may possess such collateral. As discussed in more detail below, we believe a finance lender may do so, including in order to perfect a security interest in certain categories of collateral in accordance with the California Commercial Code or otherwise to protect the finance lender.[2]

### Principal Party and Relevant Facts and Circumstances

     The principal party interested in this matter is our client, BlockFi Lending LLC ("BlockFi"). BlockFi has submitted an application to the Department to obtain a license as a "finance lender" under the CFL. (The file number of its application is 60DBO 81955.) As discussed in the business plan included in its application, BlockFi makes loans denominated in U.S. dollars. The loans are secured by crypto currency assets of the borrower. We understand that the crypto currency securing a loan made by BlockFi is held in its name with a third party

---

[1]    As you know, the CFL is codified at Section 22000 et seq. of the California Financial Code.

[2]    We note that much of the substance of this letter was included in prior e-mail communications to certain Department representatives, but these representatives advised us that a request for an interpretive opinion must be submitted in order to obtain a response to this question.

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000  Fax: 310.312.4224
Albany | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

# manatt

Jan Lynn Owen
May 14, 2018
Page 2

depository. Crypto currency of course can be spent or transferred like money, and therefore the depository arrangement protects BlockFi as a secured creditor by preventing the borrower from spending or transferring the crypto currency collateral until the loan is repaid.

BlockFi currently extends loans in other states, including holding collateral with the depository. BlockFi desires to make such loans to California residents, and so it has applied for a finance lender license under the CFL.

In a letter from Daniel Balian of the Department to Stacey Batzar dated April 10, 2018, a copy of which is enclosed, Mr. Balian quoted a portion of wording included in the definition of "finance lender" in Section 22009 of the California Financial Code discussed below and then stated that, "[u]nder the California Financial Code, the Applicant is not allowed to hold possession of the borrower's collateral." Other communications from Department representatives to BlockFi have similarly stated that a finance lender may "never hold the assets of the California borrowers it makes loans to under the CFL license," "assets/collateral [may] not be held by BlockFi or any other third party," "the collateral ha[s] to remain with the borrower" and "the CFL license does not permit you to take possession of the collateral."

It is important to note that this Department position prevents any lender that needs to obtain a license under the CFL in order to lend in California, and that because of the nature of the collateral either must or desires to hold the collateral, from doing business in California.

<u>Legal Analysis and Reasoned Conclusion</u>

Based on Mr. Balian's letter and other communications with the Department, we understand that the Department's position that a finance lender may not take possession of collateral is based on certain wording in the definition of "finance lender" in Section 22009. Section 22009 reads as follows for ease of reference, with certain key words and punctuation highlighted:

> "Finance lender" includes any person who is engaged in the business of making consumer loans or making commercial loans. The business of making consumer loans or commercial loans <u>may</u> include lending money <u>and</u> taking, in the name of the lender, or in any other name, in whole or in part, as security for a loan, any contract or obligation involving the forfeiture of rights in or to personal property, <u>the use and possession of which property is retained by other than the mortgagee or lender</u>, or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission. (Emphasis added.)

**manatt**

Jan Lynn Owen
May 14, 2018
Page 3

It is the intent of the Legislature that the definition of finance lender shall be interpreted to include a personal property broker as referenced in Section 1 of Article XV of the California Constitution.

We understand that the statements from Mr. Balian and other Department representatives quoted above are based solely on the phrase "the use and possession of which property is retained by other than the mortgagee or lender" included in the second sentence of Section 22009. We respectfully believe this is a misinterpretation of Section 22009.

Specifically, the first sentence of the definition simply defines a finance lender as "any person who is engaged in the business of making consumer loans or making commercial loans." (Emphasis added.)  That is a standalone definition of a finance lender, without any limits as to how collateral is held or if collateral is even required in order to be a finance lender.

The second sentence that follows and that includes the phrase at issue begins by saying that "[t]he business of making consumer loans or commercial loans may include" certain activities described in that sentence (emphasis added). The second sentence therefore is not an exclusive definition of what is the business of making consumer or commercial loans, and so that business could include taking possession of collateral, pursuant to the broad definition in the first sentence.

Also, that second sentence continues by providing that such activities may include lending money "and" taking collateral for the loan. Based on that conjunction and applying the Department's reasoning to the entire sentence, it would follow that a finance lender must take security for a loan, and finance lenders may not make unsecured loans. That of course is not the case, as Item 10.a. in the application for a license under the CFL set forth in Section 1422 of the Commissioner's regulations includes "unsecured" lending as an option for finance lenders.

In this regard, and as discussed in a message sent to Mr. Balian on April 10, the CFL as the Department is aware has its origins in the Personal Property Brokers' Act of 1909, which included language substantially similar to the second sentence in Section 22009 to define a "personal property broker." That definition among other things prevented a personal property broker from making unsecured loans, or loans secured by real estate, which loans of course are permissible today for a "finance lender" under the CFL. See in this regard Robert E Stone, *Small Loans in California*, 29 California Law Review 332–365 at 342-343 (1941), a copy of which excerpt is also enclosed. Accordingly, it appears that the second sentence, including that phrase, has been retained over the years by the California Legislature only as a vestige of the 1909 law, and based on the separate first sentence and the use of the word "may" in the second sentence, a "finance lender" under the CFL is simply "any person who is engaged in the business of making consumer loans or making commercial loans," period, and a finance lender is not prohibited from

# manatt

Jan Lynn Owen
May 14, 2018
Page 4

entering into a security agreement pursuant to which the borrower agrees that the lender may possess the collateral in order to protect the lender and in some cases perfect the security interest. See in this regard the second paragraph of Section 22009, which states that it was the Legislature's intent that the term finance lender "include" (i.e., not be limited only to) a "personal property broker."

It also is important to bear in mind that possession of collateral is expressly authorized by the California Commercial Code, and in fact is the only way that a creditor may perfect a security interest in certain collateral. Specifically, Section 9313(a) of the California Commercial Code provides that a creditor may perfect a security interest in several types of collateral, including "tangible negotiable documents, goods, instruments, money, or tangible chattel paper" by taking "<u>possession</u>" of the collateral (emphasis added). In fact, in the case of a security interest in "money" a creditor can only perfect its security interest in collateral by taking possession. See Section 9312(a) and (b)(3) of the California Commercial Code. Although not "money" as defined in Section 1201(b)(24) of the California Commercial Code, a crypto currency of course functions much like money in terms of a secured creditor wishing to control it to protect the creditor from the collateral being spent or transferred by the borrower. In any event, the Department's position would appear to prevent lenders from doing business in California in accordance with permitted ways of perfecting security interests under the Commercial Code, and indeed we suspect that a significant number of lenders licensed under CFL lend on the security of collateral such as money, securities and negotiable instruments and are in fact taking possession of collateral today.

We also point out that the pawnbroker license is not an alternative to a lender making loans on the security of crypto currency assets, because Section 21000 of the California Financial Code defines a "pawnbroker" as a person receiving "goods," which term would not include intangible property like crypto currency.

<u>Requests for Confidential and Expedited Treatments</u>

This letter discusses BlockFi's operations and is being submitted in the context of the Department's review of BlockFi's application for a license under the CFL, including disclosing a deficiency item raised by the Department during that review, and as indicated by the legend above we are requesting confidential treatment of this request for an interpretive opinion. A separate request for confidential treatment is enclosed. If the Department declines to provide confidential treatment of this letter, please contact the undersigned promptly.

# manatt

Jan Lynn Owen
May 14, 2018
Page 5

We understand that resolution of this issue is the only obstacle to approval of the application for a CFL license submitted by BlockFi.[3] We also understand based on press reports and the Department's web site that a competitor of BlockFi that is holding crypto currency collateral has been granted a CFL license and is currently operating in California. Accordingly, this Department's position, which for the reasons discussed above we believe is incorrect, is causing significant, daily harm to BlockFi. We therefore respectfully request expedited review of this request for an interpretive opinion.

We also request that, if the Department reaches a preliminary conclusion in its review of this request that a finance lender may not hold collateral, the Department contact the undersigned and at our option we be permitted to withdraw this request for the interpretive opinion.

Thank you in advance for your consideration. We would be happy to discuss with you any of the matters set forth in this letter, or provide additional information regarding BlockFi and its operations.

Respectfully submitted,

Charles E. Washburn, Jr.
Manatt, Phelps & Phillips, LLP

CEW
Enclosures

204499933:2

---

[3]     We note that the Department has established a deadline of May 21, 2018, for resolution of all outstanding issues with respect to BlockFi's application, but we also understand that the Department will not deny the application while this request for a legal opinion is pending, and we assume that a reasonable opportunity to respond to any such opinion will be provided to BlockFi by the Department.

052

# EXHIBIT "13"

# EXHIBIT "13"

# EXHIBIT "13"

Received

MAY 15 2018

Department of Business Oversight
Legal Division

Request for Confidential Treatment

May 14, 2018

Pursuant to Subsection (b) of Section 250.10 of the Commissioner's Regulations, Manatt, Phelps & Phillips, LLP ("Manatt") hereby respectfully requests that the Commissioner withhold from public inspection and otherwise accord confidential treatment to that certain application for interpretive opinion submitted by Manatt to the Department of Business Oversight of even date herewith (the "Request").

1.     Information Subject to Request.  The Request discusses BlockFi, Inc. ("BlockFi"), 60DBO 81955, including certain matters regarding its operations as well as the status of its application for a license under the California Financing Law (the "CFL").

2.     Provisions Under Which Request Is Made.  The request for confidential treatment of the Investor Materials is made pursuant to the following provisions of Subsection (a) of Section 250.10 of the Commissioner's Regulations:

- Paragraph (1), which applies to "[i]nformation which is of a proprietary business nature and is in fact confidential, including but not limited to trade secrets"; and
- Paragraph (2), which applies to "[i]nformation which is of a confidential business nature and which is in fact confidential, the release of which would be damaging or prejudicial to the business concerned."

3.     Grounds For Request.  The information in the Request regarding BlockFi, including regarding its business plan and status of its application for a license under the CFL, is confidential.  Disclosure of the information would reveal proprietary business information and would be damaging and prejudicial to the interests of the BlockFi.  Disclosure would also reveal matters relating to a pending CFL license application before the Department.

4.     Time Period.  Because BlockFi's business operations and the status of its CFL license application are not public, confidential treatment is requested on a continuing basis.

If the Commissioner reaches a preliminary determination to deny this request for confidential treatment, Manatt respectfully requests that the undersigned be contacted immediately.

Manatt, Phelps & Phillips, LLP

By:     _____
        Charles E. Washburn, Jr.

204504212.1

054

# EXHIBIT "14"

# EXHIBIT "14"

# EXHIBIT "14"

055

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
Commissioner of Business Oversight



IN REPLY REFER TO:
FILE NO: OP 7612

June 7, 2018

Charles E. Washburn, Jr.
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064

Re:       Request for Confidential Treatment

Dear Mr. Washburn:

The Department of Business Oversight ("Department") has received the letter you
submitted on behalf of BlockFi Lending, LLC ("BlockFi") dated May 14, 2018, requesting
confidential treatment of your request for an interpretive opinion under the California
Financing Law, formerly the California Finance Lenders Law.

Your letter states that information supplied to the Department as part of the interpretive
opinion request, such as its business plan and the status of its license, are confidential. You
assert that disclosure of information provided by BlockFi to the Department would be
damaging and prejudicial to the interests of BlockFi. You also note that confidentiality is
necessary to protect information related to BlockFi's pending application for a CFL license.
You request confidential treatment of the request for an interpretive opinion on a
"continuing basis."

Section 250.10, subsection (a), of title 10, California Code of Regulations provides that the
Commissioner of Business Oversight will withhold from public inspection for such time as
in the Commissioner's judgment is necessary information received concerning requests for
interpretive opinions.  Based on the information provided in your correspondence and the
authority provided in Section 250.10, subsection (a)(1) and (2), the Commissioner hereby
grants your request for confidential treatment. The Department will withhold the request
for interpretive opinion dated May 14, 2018 from public inspection for <u>two years</u> from the
date of this letter.

If you have any questions, please contact the undersigned at (415) 263-8503.

---

*1515 K Street, Suite 200*          *320 West 4ᵗʰ Street, Suite 750*          *1350 Front Street, Room 2034*
*Sacramento, CA  95814-4052*          *Los Angeles, CA  90013-2344*          *San Diego, CA  92101-3697*

055

056

# EXHIBIT "15"

# EXHIBIT "15"

# EXHIBIT "15"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                  EDMUND G. BROWN JR., Governor

# DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

AUGUST 16, 2018

ZAHARY PRINCE
BLOCKFI LENDING LLC
86 CHAMBERS STREET, SUITE 205
NEW YORK, NEW YORK 10007

RE: IMPORTANT INFORMATION ABOUT YOUR FINANCE LENDERS LICENSE

Dear Licensee:

The filing of your application under the California Financing Law is complete and has been approved. Enclosed you will find the license issued in the above entitled matter.

As you know, one of the documents you provided when you filed your application for this license was a statement that you understood certain obligations and responsibilities as a licensee under the California Financing Law. We would like to direct your attention to these items one more time. We find that they are the ones that cause the largest number of licensees the most difficulties including the loss of their licenses.

For your reference, we have provided that information below:

1. Every licensee (broker or lender) whether or not any business has been conducted pursuant to their license, is subject at any time to an examination of their books and records. The scope of the examination may extend beyond the records pertaining to business conducted pursuant to the license. The licensee will be billed for actual cost of the examination. This includes any licensed time used to contact a licensee that cannot be reached during normal business hours at the licensed location and time used to prepare for and to conduct the examination.

Two hours is the minimum amount of time billed for any examination. Failure to pay the examination bill may subject the licensee to administrative action including the revocation of the license.

Our examiners' work day begins at 8:30 am. If it will not be possible to start an examination by arriving at the licensed location during normal business hours, the licensee should provide the Department in writing with the telephone number and current address at which the licensee can be reached during normal business hours to arrange an examination. (See Financial Code sections 22701, 22707 and 22714).

2. Licensees are required to notify the Department of any change in location at least ten (10) days prior to the move. Failure to do so may subject the licensee to a civil penalty not to exceed $500. (See Financial Code section 22153). The notification must be in writing and sent to Department of Business Oversight, Attention: CFL Licensing Unit, 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

3. Each licensee is required to file an "annual report" by March 15th of each year, even if no business has been conducted with the license. Failure to file the report will result in the summary revocation of the license. (See Financial Code

---

*1515 K Street, Suite 200*
*Sacramento, CA 95814-4052*
*(916) 445-7205*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

section 22159).    The report must be completed online on the Department of Business Oversight's website at https://docqnet.dbo.ca.gov.  Licensees must log in to the self-service portal in order to complete the report.  Pursuant to Financial Code section 22715, failure to file by March 15 may result in an imposed penalty not to exceed one hundred dollars ($100) for each business day for the first five business days the report or information is overdue, and thereafter shall not exceed five hundred dollars ($500) for each business day the report or information is overdue, not to exceed twenty-five thousand dollars ($25,000) in the aggregate.

4. Licensees are required to maintain a net worth of at least $25,000 at all times.  Mortgage Brokers are required to maintain a net worth of at least $50,000 at all times.  Mortgage Lenders are required to maintain a net worth of at least $250,000 at all times.  (See Financial Code section 22104).

5. Each year every licensee is required to pay an assessment of at least $250 per licensed location. Failure to pay the assessment will result in the loss of the license.  The assessment is due and payable when billed. (See Financial Code section 22107).  By law, assessment notices must be mailed by the 30th of September.  If you do not receive a notice by the end of the first week in October, contact the Department's accounting office in Sacramento at (916) 323-7383.

6. Every finance company shall maintain a surety bond in accordance with Financial Code section 22112.

The surety bond amount for those applicants who engage in consumer lending or brokering (where the collateral is other than real estate) and commercial lending and brokering is $25,000.  For those applicants who engage in consumer real estate lending or brokering the bond amount varies between $25,000 and $200,000 depending on the aggregate amount of residential mortgage loans originated and or brokered in the preceding year.

A mortgage lender, mortgage broker, or mortgage and broker applicant without a prior year operating history shall make a good faith estimate of the aggregate amount of loans anticipated to be originated in the upcoming year to determine the amount of the surety bond.

Questions regarding the use of your license can be directed to a CFL licensing specialist in the Los Angeles Office at 213-576-7690.

Jan Lynn Owen
Commissioner
Department of Business Oversight

By_____
DEBBIE STOPECK
Licensing Supervisor
(213) 576-7690

ENCLOSURE (1)

THIS LICENSE MUST BE CONSPICUOUSLY POSTED AT LOCATION HEREIN PROVIDED.

## *Department of Business Oversight*

### *State of California*

# *License*

### FINANCE LENDER AND BROKER

File No:  60DBO 81955

BLOCKFI LENDING LLC

PURSUANT TO, AND IN COMPLIANCE WITH, THE CALIFORNIA FINANCING LAW:

I, THE UNDERSIGNED, AS COMMISSIONER OF BUSINESS OVERSIGHT OF THE STATE OF CALIFORNIA, DO HEREBY ISSUE THIS LICENSE TO THE ABOVE NAMED LIMITED LIABILITY COMPANY.

ORGANIZED JANUARY 11, 2018, IN THE STATE OF DELAWARE TO ENGAGE IN THE BUSINESS OF "FINANCE LENDER" AND "BROKER" AS DEFINED IN SAID LAW, AT THE FOLLOWING LOCATION:

> 86 CHAMBERS STREET, SUITE 205
> NEW YORK, NEW YORK 10007

TO CONTINUE IN EFFECT UNTIL SURRENDERED, SUSPENDED, OR REVOKED AS PROVIDED BY LAW.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THE DATE APPEARING BELOW.

Date:    August 16, 2018



JAN LYNN OWEN

Commissioner of Business Oversight

By _____

CHARLES AGBONKPOLOR
Special Administrator
California Financing Law

THIS LICENSE IS NOT TRANSFERABLE OR ASSIGNABLE

060

# EXHIBIT "16"

# EXHIBIT "16"

# EXHIBIT "16"

061

# M Gmail

George Gerro <george@gerrolaw.com>

## Consumer Complaint

3 messages

**George Gerro** <george@gerrolaw.com>                                    Tue, Jul 7, 2020 at 11:10 PM
To: Manuel.Alvarez@dbo.ca.gov
Cc: John Gerro <john@gerrolaw.com>

Hello Commissioner Alvarez:

I am a self-represented consumer plaintiff, currently engaged in litigation with a licensee who is attempting to enforce a Delaware forum selection clause to evade the consumer protections contained in California's Financial Code.

The licensee, Blockfi Lending LLC, (license no. 60DBO-81955) takes possession of its borrower's collateral, leases the collateral to third parties, and keeps all of the profits. In March, they purportedly sold all my bitcoin in a dishonest manner.

Concerningly, *the licensee is representing to Judge William Stewart of the Los Angeles Superior Court* (Case No. 20BBCV00308) *that the Department of Business Oversight has "expressly" deemed that it is not a pawnbroker.* Alarmingly, the licensee is asking the judge to defer to this interpretation.

The licensee requested an interpretive opinion on May 14, 2018. We would like to see that request and the internal deliberations of the Department, but an attorney from the Department, Ms. Miranda LeKander ( Miranda.LeKander@dbo.ca.gov ), has refused my public records request (even though the Department's grant of confidentiality for the request for interpretive opinion has already expired).

Bitcoin is a volatile bearer asset. The licensee should not be taking possession of its borrowers' collateral.

If you are interested in more details please call me and I will give you a personal update on the litigation, or at your request I will provide my Opposition to the licensee's Request to Dismiss.

I appreciate your time,

**George J. Gerro**

Attorney at Law

530 South Glenoaks Boulevard, Suite 200

Burbank, California 91502

(818) 840-0000

Available via phone 4:00pm to 6:00pm

George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or
provisions of law.

M Gmail

062
George Gerro <georgejgerro@gmail.com>

## Automatic reply: Consumer Complaint

1 message

**Alvarez, Manuel@DBO** <Manuel.Alvarez@dbo.ca.gov>                    Tue, Jul 7, 2020 at 11:11 PM
To: George Gerro <george@gerrolaw.com>

I will be out of pocket with limited access to email through July 7. If this is an emergency, please contact Chief Deputy, Chris Shultz. Otherwise I will respond when possible.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



George Gerro <george@gerrolaw.com>

# Re: Gerro v. Blockfi Lending LLC et al., Los Angeles Superior Court, Case no. 20STCV31493

4 messages

**George Gerro** <george@gerrolaw.com>                              Thu, Mar 25, 2021 at 9:11 AM
To: Manuel.Alvarez@dbo.ca.gov, "Ladine, Bret@DBO" <Bret.Ladine@dbo.ca.gov>, John Gerro <john@gerrolaw.com>

Dear Commissioner Alvarez and General Counsel Ladine,

Attached to this email is a Declaration from former Commissioner Jan Lynn Owen, filed with the Los Angeles Superior Court this Tuesday.

Owen's declaration states that the Department permits Finance Lenders to possess and use collateral securing their loans. (¶¶ 5-6). Then, the declaration says that "licensees may reasonably conclude that holding collateral is appropriate." (*Id.* at ¶ 7). The Declaration claims that a finance lender may retain use and possession of collateral, insinuating that the Declaration constitutes the Department's express policy. (*Contra* Fin. Code § 22009; *see* Civ. Code § 1667(2).)

Also attached to this email is a Declaration of Charles Washburn Jr., the attorney for Blockfi Lending LLC (60DBO-81955), who submitted a confidential request for interpretive opinion no. OP_7612.

The Department never issued an interpretive opinion in response to OP_7612. Nevertheless, Washburn declares that "DBO legal staff agreed that a licensee may hold collateral" (¶ 10). Washburn declares that "the DBO's agreement with BlockFi's position on CFL Section 22009 and its ability to hold cryptocurrency as collateral for loans would simply be evidenced by the granting of BlockFi's licenses." (¶ 9). Washburn's Declaration attempts to fabricate an interpretive opinion, even though no opinion was ever issued.

Please provide me with a declaration stating that: (1) neither Washburn nor Owen are speaking on behalf of the Department; (2) the Declarations do not contain or constitute official interpretations of your Department; and (3) the Department does not expressly permit finance lenders to retain use and possession of collateral.

Note, the Department has previously forbidden Blockfi from taking use or possession of bitcoin collateral. (See Exs. 1-3, 5-6 of the brief attached hereto). Feel free to call me for any additional details, documents, or legal analysis. I look forward to hearing from you.

**George J. Gerro**
Attorney at Law
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
(818) 840-0000
George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law.

On Wed, Oct 28, 2020 at 6:37 PM George Gerro <george@gerrolaw.com> wrote:

Dear Commissioner Alvarez and General Counsel Ladine,

I write to request your assistance against Finance Lender license no. **60DBO-81955** (Blockfi Lending LLC, a Delaware LLC).

The Licensee routinely receives possession of bitcoin to secure its loans to California consumers. In my capacity as a consumer, I pledged 448.15 bitcoins to the licensee to secure a $2.275M loan from the licensee. On March 12, 2020, the licensee summarily foreclosed upon my collateral, attempted to extort more collateral from me, and breached its contract with me to redeem the collateral.

How many California consumers were foreclosed upon by the Licensee on March 12th? I don't know. Since the Licensee considers a declining price of bitcoin to be a default event, it forecloses without oversight, upon bitcoin already in the Licensee's possession. Although Bitcoin is now over $13,000 each, the March 12th foreclosures occurred at $5,000 per Bitcoin.

**Before, during and after the licensee's purported foreclosure, the licensee demanded that I send them hundreds of thousands of dollars or hundreds of bitcoin to prevent and "reverse" the foreclosure.** Why would the licensee offer to "reverse" the foreclosure sales upon my pledging of additional collateral unless the sales never occurred? Despite my repeated requests, the licensee has never presented me with any proof that they actually sold my bitcoin to a third-party. **In response to my discovery request for production of documents in *Gerro I*, the licensee produced nothing.**

I demanded arbitration but the licensee refused, so I sued it in the Los Angeles Superior Court. The case was stayed on the grounds of *forum non conveniens*, due to the licensee's motion to enforce its mandatory Delaware forum selection clause. (*Gerro v. Blockfi Lending LLC, et al.*, Los Angeles Superior Court Case No. 20BBCV00308 (*pending appeal* **California Court of Appeal, Second District, Case No. B307156** (hereinafter "*Gerro I*").

On appeal, I will argue that *Gerro I* must remain in California to protect my unwaivable and fundamental California rights. (S*ee generally Brack v. Omni Loan* (2008) 164 Cal.App.4th 1312, 1316 (CFL is fundamental and unwaivable) *and Verdugo v. Alliantgroup LP* (2015) 237 Cal.App.4th 141). Since a Delaware court must apply Delaware law (*see* 6 Del.C. § 2708 and *Fdg v. A&R* (2016) 131A.3d 842, 854), my unwaivable California rights will be diminished in Delaware . **If the licensee prevails on appeal in *Gerro I*, then the**

**Licensee will have successfully required and permitted me to waive the California Financing Law in violation of the Commissioner's regulation, 10 C.C.R. § 1408.**

**The statutory construction of California Financial Code § 22009 compels the conclusion that finance lenders are not allowed to possess collateral. On May 15, 2018,**

the licensee confidentially requested a contrary interpretive opinion from the Commissioner (OP 7612). In its request, the licensee requested permission to take possession of its borrowers' collateral, or permission to withdraw its request to avoid an adverse opinion. **Subsequently, the licensee withdrew its request, implying that the Department was prepared to rule against them in 2018.**

**Although profits derived from the collateral belongs to the borrower under Cal. Com. Code § 9207(c)(1-2),** the Licensee has routinely leased its borrower's bitcoin to third-parties for its own profit. **The licensee never accounts to its borrowers for this implicit interest expense.**

While the appeal in *Gerro I* is pending, we initiated related litigation of *Gerro v. Blockfi Lending LLC, et al.,* Los Angeles Superior Court, Case no. 20STCV31493 (hereinafter "*Gerro II*"). *Gerro I* and *Gerro II* invoke different primary rights. In *Gerro II*, we are requesting a "public injunction" against the licensee under Bus. & Prof. Code § 17204, within the meaning of (*McGill v. CitiBank* (2018) 2 Cal.5th 945). In response, **the Licensee is requesting sanctions of nearly $30,000 against me** (the motion for sanction is yet to be filed with the court, due to Cal. Civ. Proc. 128.7(c)(1)).

**I request that you submit an *amicus curiae* brief in *Gerro I,* or to intervene as a plaintiff in *Gerro II*.** (*See* Fin. Code § 320(b)). You can also help me by providing more documentation under the CA Public Records Act, or examining the licensee's books and records.

At your convenience, please call me and my Father, John M. Gerro, Esq., at (818) 840-0000 to discuss the above matter. The assistance of the Department will protect me and all California borrowers.

Attachments:
*Gerro I* First Amended Complaint (20BBCV00308)
*Gerro I* Appealed Order (B307156)
*Gerro II* First Amended Complaint (20STCV31493)
Licensee's Confidential Interpretive Opinion Request (OP 7612)

**George J. Gerro**
Attorney at Law
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
(818) 840-0000
George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law.

On Tue, Jul 7, 2020 at 11:10 PM George Gerro <george@gerrolaw.com> wrote:
Hello Commissioner Alvarez:

I am a self-represented consumer plaintiff, currently engaged in litigation with a licensee who is attempting to enforce a Delaware forum selection clause to evade the consumer

Case 22-19361-MBK    Doc 204-5    Filed 01/06/23    Entered 01/06/23 18:06:09    Desc
protections contained in California Financial Code. 16 of 175

066

The licensee, Blockfi Lending LLC, (license no. 60DBO-81955) takes possession of its borrower's collateral, leases the collateral to third parties, and keeps all of the profits. In March, they purportedly sold all my bitcoin in a dishonest manner.

Concerningly, *the licensee is representing to Judge William Stewart of the Los Angeles Superior Court* (Case No. 20BBCV00308) *that the Department of Business Oversight has "expressly" deemed that it is not a pawnbroker.*   Alarmingly, the licensee is asking the judge to defer to this interpretation.

The licensee requested an interpretive opinion on May 14, 2018.  We would like to see that request and the internal deliberations of the Department, but an attorney from the Department, Ms. Miranda LeKander ( Miranda.LeKander@dbo.ca.gov ), has refused my public records request (even though the Department's grant of confidentiality for the request for interpretive opinion has already expired).

Bitcoin is a volatile bearer asset.  The licensee should not be taking possession of its borrowers' collateral.

If you are interested in more details please call me and I will give you a personal update on the litigation, or at your request I will provide my Opposition to the licensee's Request to Dismiss.

I appreciate your time,

**George J. Gerro**
Attorney at Law
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
(818) 840-0000
Available via phone 4:00pm to 6:00pm
George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law.

---

**3 attachments**

📄 **Gerro Supplemental Brief, 20STCV31493.pdf**
6625K

📄 **Jan Lynn Owen Declaration.pdf**
499K

📄 **Charles E. Washburn Jr. Delcaration.pdf**
1825K

---

**George Gerro** <george@gerrolaw.com>                                    Wed, Mar 31, 2021 at 12:23 PM
To: Manuel.Alvarez@dbo.ca.gov

Dear Commissioner Alvarez,

Please let me know when I can call you to discuss.  Thank you

**George J. Gerro**                                                                    067
——Attorney-at-Law——
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
(818) 840-0000
George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law.

[Quoted text hidden]

---

**3 attachments**

📄 **Gerro Supplemental Brief, 20STCV31493.pdf**
   6625K

📄 **Jan Lynn Owen Declaration.pdf**
   499K

📄 **Charles E. Washburn Jr. Delcaration.pdf**
   1825K

---

Ladine, Bret@DFPI <Bret.Ladine@dfpi.ca.gov>                     Thu, Apr 1, 2021 at 8:03 AM
To: George Gerro <george@gerrolaw.com>
Cc: John Gerro <john@gerrolaw.com>

George,

I appreciate your situation here, but the Department will not be weighing in with a declaration.

-Bret

[Quoted text hidden]

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

George Gerro <george@gerrolaw.com>                              Fri, Apr 2, 2021 at 9:37 AM
To: Manuel.Alvarez@dbo.ca.gov
Bcc: John Gerro <john@gerrolaw.com>

Dear Commissioner Alvarez,

I understand that you may not have enough time to speak with me. I want you to know that my offer to speak is an open offer and you can call me directly at any time.

I am a California consumer that was economically devastated by the unlawful activities of an out-of-state lender, Blockfi Lending LLC. It appears that your predecessors knew about Blockfi's plans to use and possess collateral, but chose to look the other way. (See OP_7612). For the time being, you can still remedy the wrongs of your predecessors. For example, during the litigation of *Brack v. Omni Loan Co., Ltd.* (2008) 164 Cal.App.4th 1312,

1320, the Commissioner of your Department relied upon the Department's prior letter that was relied upon by the defendant to justify unlicensed lending in that case.

You have many statutory options and I am willing to discuss those options with you at any time. I believe it is your duty to stand up against the unlawful business practices of Blockfi before more California consumers are hurt. Please let me know if there is anything I can do for you or the Department.

**George J. Gerro**
Attorney at Law
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
(818) 840-0000
George@GerroLaw.com

CONFIDENTIAL: Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law.

[Quoted text hidden]

069

# EXHIBIT "17"

# EXHIBIT "17"

# EXHIBIT "17"

STATE OF CALIFORNIA - DEPARTMENT OF BUSINESS OVERSIGHT

**CONSUMER COMPLAINT FORM**

DBO-801  (Rev. 1-20)



*Thank you for taking time to submit a consumer complaint to the Department of Business Oversight. By informing us of potentially improper or illegal activity in the financial services marketplace, your input helps us protect you and other Californians.*

**1.   Your Information** (type or print clearly):
*(We collect the following information so that we can contact you for follow up information and to determine who else may be affected by the issue raised in your complaint.)*

George J. Gerro

Full Name (First, MI, Last)

530 S. Glenoaks Blvd. Suite 200, Burbank, CA 91502

Address (Street, City, State and Zip Code)

Property Address (Street, City, State and Zip Code)

(818) 840-0000                                    George@GerroLaw.com

Daytime Phone Number                         E-Mail Address

What is the best way to contact you?   ☐Phone      ☐Mail      ☑E-mail

Your age (optional):   ☐Under 21   ☐21 - 30   ☐31 - 40   ☐41 - 50   ☐51 - 55   ☐Over 55

Are you currently in the United States Military?   ☐Yes  (Branch:_____)   ☑No

**2.   Information on the individual or organization about which you have a complaint:**

Blockfi Lending LLC, a Delaware Limited Liability Company

Full Name of Financial Institution, Business, Company, Firm, or Person

Business Address (include Room #, Suite #, or Apt. #), City, State, Zip Code

Business Phone                  Full Name of Salesperson, Agent or Other Representative (if applicable)

**3.   Have you contacted the financial institution, business, firm or individual(s) regarding your complaint?**
☐Yes  ☑No
If **yes**, include names, dates and results of your contact(s) in #4 below.  Attach **copies** of all related documents.

**4.   Describe your complaint.**  Please clearly describe the events in the order in which they occurred.  Include full names, addresses, a description of the problem with the amount(s), date(s) of any transaction(s) and the contact information of any witnesses to the transactions, and any other relevant information that may assist us in resolving your complaint.  Finally, please state if you have filed a lawsuit or arbitration for this complaint.  For your protection, DO NOT INCLUDE PERSONAL CONFIDENTIAL INFORMATION SUCH AS YOUR SOCIAL SECURITY NUMBER. **Include extra pages as necessary.**

Licensee No. 60DBO 81955 required that I transfer possession and use of my collateral to them, pre-default, in violation of California Financial Code Section 22009, which provides for "use and possession of which property is retained by other than the... lender."

**5.   What do you believe would be a fair resolution to this matter?**

Revocation of the License

*In submitting this complaint, you agree the information provided is true and correct to the best of your knowledge and that the information may be used by the Department for its investigation. Consumer complaints are considered to have been received by the Department in confidence. However, the Department may, at its sole discretion, disclose your complaint to the person or entity for the purpose of corrective action. The Department may also choose to disclose your complaint to others for the purpose of facilitating an investigation of the person or entity complained against or initiating legal proceedings against the same under the Department's investigation.*

071

# EXHIBIT "18"

# EXHIBIT "18"

# EXHIBIT "18"

072

**BlockFi Loan No.** _____

## LOAN AND SECURITY AGREEMENT

This Loan and Security Agreement (this "**Agreement**") is made on _____, by and between

_____,

_____,

_____

("**Borrower**") and **BlockFi Lending LLC**, with its principal place of business located at **150 Broadway, 19th Floor, New York, NY 10038** ("**Lender**").

      1.    **The Loan.** Upon the terms and subject to the conditions set forth in this Agreement, Lender agrees to make a single loan to Borrower in the principal;

dollars ($_____) (the "**Loan**") on the date all of the terms and conditions to making such Loan have been satisfied in Lender's sole discretion (the "**Closing Date**"). Upon disbursement of the Loan proceeds, Lender shall collect an origination fee equal to _____% of the principal sum of the Loan (the "**Loan Origination Fee**"), which is fully earned by Lender on the date it is collected. Lender shall deduct the Loan Origination Fee from the Loan proceeds and disburse the remaining Loan proceeds to the Borrower on the Closing Date. This is a closed-end loan. Amounts repaid in respect of the Loan may not be reborrowed. The indebtedness of Borrower to Lender on account of the Loan ("**Indebtedness**") includes the Loan, the Loan Origination Fee, advances, debts, expense reimbursement, fees, liabilities, and obligations (whether or not such amounts are then required or contingent, or are liquidated or determinable) at any time owing by Borrower to Lender, of any kind or nature, present or future, whether or not evidenced by any note, agreement or other instrument including, without limitation, all principal, interest (including interest accruing at the then applicable rate provided herein after the Maturity Date (as defined below) and interest accruing at the then applicable rate provided herein after the filing of any petition in bankruptcy, or the commencement of any insolvency, reorganization or like proceeding, whether or not a claim for post-filing or post-petition interest is allowed in such proceeding), fees, charges, expenses, attorneys' fees and any other sum chargeable to Borrower under any of the Related Documents (as defined below) to the extent permitted by applicable law. Capitalized terms not otherwise defined in this Agreement shall have the meanings provided by the Uniform Commercial Code as in effect in the State of Delaware ("UCC") to the extent such terms are defined therein.

      2.    **Related Documents.** This Agreement and such other agreements, certificates, instruments, guaranties, authorizations or other documents executed to further, permit, effect or promote any purpose set forth in this Agreement, as such may be amended, restated, supplemented or otherwise modified from time to time (collectively with this Agreement, the "**Related Documents**"), including, without limitation, any UCC-1 financing statements naming Borrower as debtor and Lender as the secured party (the "**UCC-1 Financing Statement**"), and any other security agreement relating to the Collateral, memorialize the terms and conditions pursuant to which Lender is willing to provide the Loan. Borrower understands and agrees that this Agreement and the other Related Documents shall apply to the Loan and the Indebtedness, including, without limitation, the granting, renewing or extending of the Loan as provided herein.

      3.    **Repayment Terms.** Borrower agrees to repay the Loan in installments as set forth below, provided that any principal balance and any unpaid accrued interest thereon shall be due and payable not later than _____ (the "**Maturity Date**"). All payments of principal and interest and other sums due hereunder shall be made in immediately available funds to the Lender at such account or place as the Lender may specify for such purpose by written notice to Borrower from time to time. Borrower agrees that Lender's internal records shall,

073

BlockFi Loan No. _____

absent manifest error, serve for all purposes as conclusive evidence of the outstanding principal balance of loans, as well as the amount of interest, fees and charges that may be owed to Lender at any time. Lender may apply Borrower's payments in any manner permitted by applicable law, but generally shall apply payments first to interest then due, then to any outstanding fees, charges or other expenses, and then to principal.

(a)  **Interest.** The annual interest rate on the outstanding principal amount of the Loan from the date hereof until payment of the Loan in full shall be _____%. All interest accrued hereunder shall be calculated on a simple interest basis. Interest shall be calculated on the basis of a 360-day year consisting of twelve (12) months of thirty (30) days each. If at any time and for any reason whatsoever, the interest rate payable on the Loan shall exceed the maximum rate of interest permitted to be charged by Lender to Borrower under applicable law, such interest rate shall be reduced automatically to the maximum rate of interest permitted to be charged under applicable law. Any amount added to principal pursuant to this Agreement or any Related Document shall bear interest at the rate specified herein and shall be payable with such interest upon demand by Lender and absent such demand, as otherwise provided herein.[1]

(b)  **Interest Only Payments**. Until the Maturity Date, Borrower agrees to make payments of interest accrued on the outstanding principal balance of the Loan. The first payment will be due one month after the date of this agreement and every month thereafter (for example, if the agreement is signed on January 5th, the first payment will be due on February 5th, and subsequent payments will be due on the 5th of each month). Borrower's first payment may be higher depending on the actual funding date of the loan, and the amount of interest payable may vary in certain instances such as a payment due date change.[2]

(c)  **Final Maturity Date Payment**. Borrower agrees to pay the entire principal amount (which is inclusive of the Loan Origination Fee) and all accrued and unpaid interest at the rate expressed herein on the Maturity Date, unless earlier accelerated pursuant to the terms and conditions of this Agreement, or the other Related Documents.

(d)  **Prepayments**. Borrower may prepay the outstanding principal and all accrued and unpaid interest thereon at the rate expressed herein without penalty.[3]

(e)  **Late Payments**. To the extent permitted under applicable law, Borrower agrees that if any payment pursuant to Section 3(b) or Section 3(c) is not made within ten (10) days of the due date, (i) Borrower will be charged a late charge of fifteen dollars ($15.00) or five percent 5.00% of the amount of the past due payment, whichever is greater; and (ii) Lender may liquidate a portion of the Collateral in an amount equal to any late payment and corresponding late charge.

4.  **Conditions to Lender's Obligations**.  Lender's obligation to advance funds under this Agreement shall be subject to the satisfaction of all of the conditions set forth in this Agreement and the Related Documents, including, without limitation, the following specific conditions precedent:

(a)  **Related Documents.** Borrower shall electronically execute all Related Documents, in form and substance acceptable to Lender.

---

[1] If you are not a resident of the U.S. or Canada or you have requested a loan with no monthly interest payments, please see, "Appendix A: Bullet Loans" for your interest rate definition.

[2] Unless you are a resident of the state of Illinois, in which case, payments will be fully-amortizing. Please see, "Appendix B: Loan Disclosures," at the end of this agreement for more details. If you are not a resident of the U.S. or Canada or you have requested a loan with no monthly interest payments, please disregard this section.

[3] If you are not a resident of the U.S. or Canada or you have requested a loan with no monthly interest payments, please see, "Appendix A: Bullet Loans" for your Prepayments definition.

**BlockFi Loan No.** _____

(b)    **Representations and Warranties.** The representations and warranties set forth in this Agreement and the other Related Documents are true and correct in all material respects; provided, however, that those representations and warranties expressly referring to another specific date shall be true and correct in all material respects as of such date.

(c)    **No Event of Default.** There shall not exist at the time of the advance, and after giving effect thereto, a condition which would constitute an Event of Default under this Agreement.

**Collateral.** Borrower shall have transferred the Collateral into Lender's digital asset depository account at Gemini Trust Company, LLC ("**Gemini**" or the "**Depository**"), deposit address

_____

(such account or any other account at the Depository to which Lender may transfer the Collateral, the "**Depository Account**"). Lender may change the location of the Depository Account without notice to Borrower. Borrower agrees that Lender may, for its own account, pledge and repledge from time to time, without notice to the Borrower, either separately or in common with other such cryptocurrency, any or all of the Collateral and that Lender may do so without retaining in its possession or control for delivery, a like amount of similar Collateral. The parties agree that the holding of cryptocurrencies through the Depository constitutes the use of reasonable care with respect to the custody and preservation of the Collateral.

(d)    **Priority.** Lender shall have actual possession of, and a first priority security interest in, the Collateral.

Notwithstanding the above, Borrower's failure to meet any of the conditions set forth in this <u>Section 4</u> shall not provide any basis for Borrower to contest the enforceability of the Loan.

5.    **Grant of Security Interest in Collateral**.  For valuable consideration, the adequacy and receipt of which is hereby acknowledged, Borrower hereby:

(a)    pledges, assigns, transfers and delivers to Lender, and grants to Lender a continuing and unconditional first priority security interest in all of Borrower's present and future rights, title and interest in the following (collectively referred to as the "**Collateral**") as security for the payment and performance of the Indebtedness:

(i)    the Depository Account;

(ii)    all cryptocurrency now or in the future held in, on deposit in or otherwise allocated to the Depository Account (including, without limitation, any cryptocurrency transferred to the Depository Account after the date hereof by the Borrower pursuant to <u>Section 7</u> or otherwise);

(iii)    any other cryptocurrency now or in the future issued with respect to any of the foregoing cryptocurrency as a result of a fork or other event that results in the holders of cryptocurrency receiving additional or replacement cryptocurrency (whether or not such other cryptocurrency is held in, on deposit in or otherwise allocated to the Depository Account);

(iv)    _____;

(v)    all rights to receive delivery of or withdraw any of the foregoing cryptocurrency from the Depository and all rights against the Depository with respect to the Depository Account, any of the

————075————

**BlockFi Loan No. _____**

foregoing cryptocurrency, and the proceeds thereof; and

> (vi)   all proceeds of the foregoing.

(b)   agrees that such security interest granted by Borrower to Lender constitutes a valid, first priority security interest in the Collateral, and will constitute a valid, first priority security interest in later-acquired Collateral. Notwithstanding any termination of this Agreement, Lender's security interest in the Collateral shall remain in effect for so long as any Indebtedness remains outstanding under this Agreement or any of the Related Documents.

(c)   agrees that Lender has the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

(d)   authorizes Lender at any time and from time to time, at Borrower's expense, to file in any jurisdiction any financing statements and amendments that: (i) name the Collateral as collateral thereunder, regardless of whether any particular Collateral falls within the scope of the UCC; (ii) contain any other information required by the UCC for sufficiency or filing office acceptance, including organization identification numbers; and (iii) contain such language as Lender determines helpful in protecting or preserving rights against third parties. Borrower ratifies any such filings made prior to the date hereof.

(e)   acknowledges and agrees that the obligations of Borrower under this Agreement shall be full recourse obligations of Borrower and that Borrower is and shall remain personally liable to Lender for the payment in full of all Indebtedness and performance of all obligations hereunder.

6.   **Borrower's Representations, Warranties and Covenants**. To induce Lender to enter into this Agreement and to make the Loan, Borrower hereby makes the following representations, warranties and covenants to Lender:

(a)   With respect to the Collateral, Borrower will, at all times, maintain a loan to value ratio where the outstanding principal balance of the Loan is less than or equal to seventy percent (70.0%) of the market value of the Collateral in the Depository Account calculated as either (i) the last trade price for each unit of the Collateral in the Depository Account that is quoted on the Gemini website, or (ii) the market value determined by Lender in its reasonable discretion (the "**Required Loan to Value Ratio**").

(b)   Except for the security interest in the Collateral granted by Borrower to Lender under this Agreement, Borrower is the sole, legal and equitable owner of the Collateral and no other security agreement, financing statement, or other security instrument covering the Collateral exists.

(c)   Borrower has rights in or the power to transfer the Collateral, and its title to the Collateral is free and clear of liens, adverse claims, and restrictions on transfer or pledge, other than those created by this Agreement or the Related Documents.

(d)   There are no actions, suits, litigation or proceedings, at law or in equity, pending by or against Borrower before any court, administrative agency, or arbitrator.

(e)   Borrower is, and at all times prior to the Maturity Date will be, in compliance with all applicable federal and state laws, regulations and ordinances.

(f)   Borrower will not sell, dispose or otherwise transfer the Collateral or any interest in the

076

**BlockFi Loan No.** _____

Collateral without the prior written consent from Lender.

      (g)    Borrower will not create or allow any other security interest or lien on the Collateral, other than those created by this Agreement or the Related Documents.

      (h)    Upon Lender's request, Borrower will execute any financing statement or other document necessary to perfect or otherwise record Lender's security interest in the Collateral.

      (i)    Borrower will notify Lender in writing prior to making any change in Borrower's: (i) residence, if such Borrower is an individual or sole proprietorship, (ii) principal place of business, if such Borrower is a business entity that is created without any state filings, or (iii) state of organization, if such Borrower is a business entity that is created by state filings.

      (j)    Borrower will promptly pay all taxes and assessments due on the Collateral.

      (k)    Borrower is not engaged in the business of extending credit for the purpose of purchasing or carrying margin stock, and no proceeds of the Loan will be used to extend credit to others for the purpose of purchasing or carrying any margin stock.

      (l)    Borrower is not, and is not required to be, registered as an "investment company" under the Investment Company Act of 1940, as amended. Borrower is not subject to regulation under any law that limits the ability to incur debt or which may otherwise render all or any portion of the obligations hereunder unenforceable.

      (m)    Neither Borrower nor any of its affiliates or officers, directors, brokers or agents of Borrower or its affiliates (i) has violated any anti-terrorism laws, (ii) has engaged in any transaction, investment, undertaking or activity that conceals the identity, source or destination of the proceeds from any category of prohibited offenses designated by the Organization for Economic Co-operation and Development's Financial Action Task Force on Money Laundering, (iii) is publicly identified on the most current list of "Specially Designated Nationals and Blocked Persons" published by the Office of Foreign Assets Control of the U.S. Department of the Treasury ("**OFAC**") or resides, is organized or chartered, or has a place of business in a country or territory subject to OFAC sanctions or embargo programs, (iv) is publicly identified as prohibited from doing business with the United States under the International Emergency Economic Powers Act, the Trading With the Enemy Act, or any other law, (v) conducts any business or engages in making or receiving any contribution of goods, services or money to or for the benefit of any person described in clauses (iii) or (iv) above, (vi) deals in, or otherwise engages in any transaction related to, any property or interests in property blocked pursuant to any anti-terrorism law or (vii) engages in or conspires to engage in any transaction that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in any anti-terrorism law.

      (n)    Borrower will use the proceeds of the Loan solely for lawful purposes and all representations and warranties set forth in Borrower's credit application are true, correct and complete as of the date of such credit application and the date of this Agreement.

      Each representation, warranty and covenant shall be made by Borrower as of the date of this Agreement and as of the date of any renewal, extension or modification of the Loan.

    7.    **Valuation; Additional Collateral.** At any time, the market value of the Collateral in the Depository Account shall be either (a) the product of amount of Collateral times the last trade price for each unit of the Collateral in the Depository Account that is quoted on the Gemini website, or (b) the market value determined by Lender in its reasonable discretion (the "**Collateral Market Value**"). Borrower agrees that for purposes of

077

**BlockFi Loan No.** _____

calculating the Collateral Market Value Lender may take into account or disregard, at its sole discretion, the value of any new cryptocurrency held in the Depository Account created as the result of a forking or similar event that occurs after the date of this Agreement.

(a)      Upon notice by Lender to Borrower of the occurrence of a Trigger Event (hereinafter defined), Borrower shall promptly, and in no case later than seventy-two (72) hours after notice is provided, deposit additional Collateral into the Depository Account in such an amount as necessary to establish a loan to value ratio where the total of the outstanding principal balance of the Loan plus all other amounts due is equal to or less than fifty percent (50.0%) of the Collateral Market Value, provided that if at any time, the outstanding principal balance of the Loan is equal to or greater than eighty percent (80.0%) of the Collateral Market Value (the "**Accelerated Maximum Loan to Value Ratio**"), Lender has the right to immediately liquidate Collateral in such an amount as necessary to establish a loan to value ratio where the total of the outstanding principal balance of the Loan plus all other amounts due is equal to or less than seventy percent (70.0%) of the Collateral Market Value.  Any Collateral liquidated by Lender is subject to a 3% processing fee.  Any additional Collateral posted by Borrower pursuant to this Section 7 must be based in the same kind of cryptocurrency as the original Collateral.

For purposes of this Section 7, (i) a "**Trigger Event**" means an event where Lender becomes aware that Borrower has failed to maintain the Required Loan to Value Ratio and the outstanding principal balance of the Loan is greater than seventy percent (70.0%) of the Collateral Market Value (the "**Maximum Loan to Value Ratio**"), and (ii) "**notice is provided**" at the earliest of (x) the time Lender transmits an electronic communication to the Borrower of such Trigger Event, (y) the following day if sent by UPS, FedEx or other express mail overnight delivery, or (z) four (4) days from the date posted if sent by U.S. Mail, all in accordance with the Notices provisions of Section 25 hereof.

8.      **Default**. Borrower shall be in default under this Agreement upon the occurrence of, and continuation of any of the following events, after giving effect to any applicable cure period (each, an "**Event of Default**"):

(a)      Borrower's failure to timely pay any payment when due, including any payments owed pursuant to Section 3(b) and Section 7(a);

(b)      A Trigger Event occurs and is continuing and Borrower fails to deposit additional Collateral as required pursuant to Section 7;

(c)      The Accelerated Maximum Loan to Value Ratio is then in effect and has not been cured pursuant to Section 7;

(d)      If Borrower is an entity, the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or any levy, garnishment, attachment or similar proceeding is instituted against any property of Borrower held by Lender;

(e)      Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any Collateral securing the Loan. However, the Event of Default specified in this Section 8(e) shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined

077

078

**BlockFi Loan No.** _____

by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute;

(f)    If Borrower is an individual, Borrower dies or becomes incompetent;

(g)    Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement, any Related Document or any other agreement between Borrower and Lender;

(h)    Any warranty, representation or statement made or furnished to Lender by Borrower, or on Borrower's behalf, under this Agreement or any Related Document is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter;

(i)    A material adverse change occurs in the financial condition of Borrower, or the ability of Borrower to repay the Loan or perform under this Agreement or any other Related Document is impaired;

(j)    A change or material development in applicable law (including case law) or regulation makes the Loan unlawful, unless grandfathered; or

(k)    A general suspension in buying, selling or owning Bitcoin or Ethereum by U.S. federal governmental authorities or a suspension in buying, selling or owning digital assets or cryptocurrencies on at least three (3) major exchanges (including Gemini, GDAX / Coinbase, Kraken, or Bitstamp), with such disruption lasting at least five (5) days.

Borrower agrees to promptly notify Lender in writing upon the occurrence of any of the events described in this Section 8, in no case later than two (2) business days after the occurrence of such event.

9.    **Remedies**.

(a)    Upon an Event of Default and at any time thereafter, Lender may declare all amounts due under this Agreement immediately due and payable and shall have all the rights and remedies of a Lender under the UCC or as otherwise provided under applicable law. Without limiting the generality of the foregoing, Borrower expressly agrees that in any such default Lender may take immediate and exclusive possession of the Collateral and that Lender may liquidate the Collateral in whole or in part, at its sole discretion.

(b)    The proceeds of any sale or disposition of any part of the Collateral shall be distributed by Lender in the following order of priorities:

(i)    to Lender for any reasonable costs, fees, or expenses incurred in connection with the sale or disposition of the Collateral, including any legal, accounting or other fees incurred;

(ii)    to Lender in an amount equal to any outstanding and unpaid Indebtedness under this Agreement and the Related Documents; and

(iii)    any remaining surplus to Borrower, in accordance with the UCC or as a court of competent jurisdiction may direct.

10.    **Arbitration Provision.** If this contract is made to a business domiciled in the U.S. or Canada, please see Appendix A for the applicable Arbitration Provision.

BlockFi Loan No. _____

11. **Payment Failure.** Borrower agrees that Lender may assess a fee (a "**Payment Failure Fee**") of fifteen dollars (US$15.00) if any attempted payment by Borrower to Lender is not collected by Lender for any reason, including if wire transfers or checks are returned or fail due to insufficient funds in any account from which a payment is to be made to Lender. The amount of any Payment Failure Fee will be added to the balance due and payable on the relevant payment due date. Each business processing day in which a new non-payment occurs shall be deemed an "occurrence," with a maximum of one occurrence per day per deposit account, including single or multiple checks or drafts submitted or wire transfers attempted for payment on any payment due date.

12. **Lender Appointed Attorney-In-Fact.** Borrower hereby appoints Lender Borrower's attorney-in-fact, with full authority in the place and stead of Borrower and in the name of Borrower or otherwise, from time to time during the continuance of an Event of Default to take any action and to execute any instrument that Lender may deem necessary or advisable to accomplish the purposes of this Agreement (but Lender shall not be obligated to and shall have no liability to Borrower or any third party for failure to do so or take action). This appointment, being coupled with an interest, shall be irrevocable. Borrower hereby ratifies all that said attorney-in-fact shall lawfully do or cause to be done by virtue hereof.

13. **Security Interest Absolute.** To the extent permitted by law, Borrower hereby waives demand, notice, protest, notice of acceptance of this Agreement, Collateral received or delivered and all other demands and notices of any description. To the extent permitted by law, all rights of Lender and liens and security interests hereunder, and all Indebtedness of Borrower hereunder, shall be absolute and unconditional irrespective of:

(a)     any illegality or lack of validity or enforceability of any Indebtedness or any related agreement or instrument;

(b)     any change in the time, place or manner of payment of, or in any other term of, the Indebtedness, or any amendment or other modification of this Agreement or any other agreement, including any increase in the Indebtedness resulting from any extension of additional credit or otherwise;

(c)     any taking, exchange, substitution, release, impairment or non-perfection of any Collateral or any other collateral, or any taking, release, impairment, amendment, waiver or other modification of any guaranty, for all or any of the Indebtedness;

(d)     any manner of sale, disposition or application of proceeds of any Collateral or any other collateral or other assets to all or part of the Indebtedness;

(e)     any default, failure or delay, willful or otherwise, in the payment of the Indebtedness;

(f)     any defense, set-off or counterclaim (other than a defense of payment or performance) that may at any time be available to, or be asserted by, Borrower against Lender; or

(g)     any other circumstance (including, without limitation, any statute of limitations) or manner of administering the Loan or any existence of or reliance on any representation by Lender that might vary the risk of Borrower or otherwise operate as a defense available to, or a legal or equitable discharge of, Borrower or any guarantor or surety.

14. **Survival of Representations and Warranties.** Borrower understands and agrees that in making this Loan, Lender is relying on all representations, warranties and covenants made by Borrower in this Agreement, the Related Documents and in any certificate or other instrument delivered by Borrower to Lender under this

BlockFi Loan No. _____

Agreement. Such Borrower further agrees that regardless of any investigation made by Lender, all such representations, warranties and covenants will survive the execution of this Agreement and the funding of the advance, shall be continuing in nature, and shall remain in full force and effect until such time as all of Borrower's obligations under this Agreement shall be fully satisfied, or until this Agreement shall be terminated in the manner provided herein, whichever is the last to occur.

15.    **Account Authorization**. In order to satisfy Borrower's obligations under this Agreement, Borrower expressly authorizes Lender to initiate an electronic funds transfer ("**EFT**") debit from Borrower's designated bank account (including any subsequent designated account identified to Lender by the Borrower) in accordance with the Authorization Agreement for Electronic Funds Transfer (EFT) Payments attached as Exhibit A (the "**EFT Authorization**") for all amounts due and owing by Borrower to Lender under this Agreement, including, without limitation, all payments to be made by Borrower pursuant to Section 3 of this Agreement. In connection with such payments, Borrower further agrees to complete the EFT Authorization. Borrower authorizes Lender to resubmit any EFT debit authorized by Borrower that is returned for insufficient or uncollected funds, except as otherwise provided by NACHA – The Electronic Payment Association's EFT rules or applicable law.

16.    **Cost of Collection**. To the extent permitted by law, Borrower agrees to pay all costs and expenses, including collection expenses, court costs, and reasonable attorneys' fees, incurred by Lender in the collection or enforcement of this Agreement. Borrower also agrees to pay any and all withholding taxes applicable to the Collateral, including any withholding taxes on any amounts so paid and, upon written request by Lender, shall furnish Lender with evidence of payment thereof.

17.    **Termination**. This Agreement shall terminate upon the payment in full of all Indebtedness and performance of all obligations hereunder. At such time, Lender's sole obligations shall be to direct the Depository to transfer the remaining Collateral in the Depository Account to Borrower, at a wallet address provided by Borrower to Lender, and to authorize Borrower to terminate any UCC financing statements filed by Lender against Borrower with respect to the Collateral.

18.    **Binding Effect**. All representations, warranties, covenants and agreements by or on behalf of Borrower contained in this Agreement or any Related Documents shall bind Borrower's successors and assigns and shall inure to the benefit of Lender and its successors and assigns. Borrower shall not have the right to assign Borrower's rights under this Agreement or any interest therein, without the prior written consent of Lender. Any such assignment in violation of this Section 18 shall be null and void.

19.    **Caption Headings**. Caption headings in this Agreement and the Related Documents are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement or the Related Documents.

20.    **Cumulative Rights; Non-Exercise**. Lender's rights under this Agreement are cumulative, and shall not be construed as exclusive of each other unless otherwise required by law. The non-exercise by Lender of any rights or remedies under this Agreement shall not constitute a waiver thereof in that or any subsequent instance.

21.    **Waiver**. Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Borrower shall constitute a waiver of any of Lender's rights or of the Borrower's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by

081

**BlockFi Loan No.** _____

Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

22.    **Entire Agreement; Integration**. This Agreement and the other Related Documents constitute the entire agreement among the parties relating to the subject matter hereof and thereof and supersede any and all previous agreements and understandings, oral or written, relating to the subject matter hereof and thereof. Each Related Document, and any exhibit, schedule or similar addition to this Agreement or any Related Document, is hereby incorporated into this Agreement by this reference as though fully set forth herein.

23.    **Severability**. If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

24.    **Usury Savings Clause**. Lender and Borrower intend to contract in strict compliance with applicable usury law from time to time in effect. In furtherance thereof, Lender and Borrower stipulate and agree that none of the terms and provisions contained in the Loan Documents shall ever be construed to create a contract to pay for the use, forbearance or detention of money or interest in excess of the maximum amount of interest (including all charges and fees) permitted to be charged by applicable law, from time to time.

25.    **Notices**. Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, delivered by overnight delivery service, or via electronic mail, addressed as follows:

If to Lender:

BlockFi Lending LLC
150 Broadway, 19th Floor
New York, NY 10038
support@blockfi.com

If to Borrower:

Either party may change such addresses from time to time by providing notice as set forth above.

26.    **USA Patriot Act Notice**. Lender hereby notifies Borrower that, pursuant to the requirements of the USA Patriot Act (Title III of Pub. L. 107-56 (signed into law October 26, 2001)) (the "**Act**"), it may be required to obtain, verify and record information that identifies Borrower, which information includes the name and address of Borrower and other information that will allow Lender to identify Borrower in accordance with the Act.

27.    **Credit Report and Other Authorizations**. Borrower authorizes Lender, its agents and representatives and any credit reporting agency engaged by Lender, to (a) investigate any references given or any other statements or data obtained from or about Borrower or any guarantor for the purpose of this Loan Agreement,

081

082

**BlockFi Loan No.** _____

(b) obtain consumer and business credit reports on Borrower and any guarantor, (c) contact personal and business references provided by Borrower, at any time now or for so long as any Indebtedness remains unpaid, and (d) share information regarding Borrower's performance under this Agreement with affiliates and unaffiliated third parties.

28.    **Counting of Days.** Except where otherwise specifically provided, any reference in this Note to a period of "days" means calendar days and not business days.

29.    **Amendment**. This Agreement and the Related Documents constitute the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration, amendment, modification, termination, discharge or waiver of any provision of this Agreement or any other Related Document, or consent to any departure by either party therefrom, shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration, amendment, modification, termination, discharge or waiver. Any such alteration, amendment, modification, termination, discharge or waiver shall be effective only for the specific purpose for which given.

30.    **Bankruptcy**. The rights and priorities set forth in this Agreement shall remain binding irrespective of the terms of any plan of reorganization in any proceeding commenced by or against Borrower under any provision of the United States Bankruptcy Code (11 U.S.C. § 101, et seq.), as amended, and any successor statute (the "**Bankruptcy Code**") or under any other federal or state bankruptcy or insolvency law, including assignments for the benefit of creditors, formal or informal moratoria, compositions, extensions generally with its creditors, or proceedings seeking reorganization, arrangement, or other similar relief, and all converted or succeeding cases in respect thereof or other provisions of the Bankruptcy Code or any similar federal or state statute.

31.    **Governing Law; Acceptable Forums; Waiver of Jury Trial**. EXCEPT     FOR     THE ARBITRATION PROVISION, WHERE APPLICABLE, WHICH SHALL BE GOVERNED BY FEDERAL LAW, THIS AGREEMENT WILL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE WITHOUT REGARD TO ITS CONFLICTS OF LAW PROVISIONS. BORROWER UNDERSTANDS THAT BORROWER'S AGREEING TO THE APPLICABILITY OF DELAWARE LAW AND VENUE ARE A MATERIAL FACTOR IN LENDER'S WILLINGNESS TO ENTER INTO THIS AGREEMENT. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if Lender so elects, be instituted in any court sitting in New Castle County, Delaware, (the "**Acceptable Forums**"). Borrower agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Borrower waives any right to oppose any motion or application made by Lender to transfer such proceeding to an Acceptable Forum. Borrower irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding directly or indirectly arising out of or relating to this Agreement or any Related Document or the transactions contemplated hereby or thereby (whether based on contract, tort or any other theory).

32.    **Facsimile Acceptance**.  This Agreement may be executed in any number of counterparts and by the different parties on separate counterparts.  Each such counterpart shall be deemed an original, but all such counterparts shall together constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission (whether directly from one facsimile device to another by means of a dial-up connection or whether mediated by the worldwide web), by e-mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, or by combination of such means, shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes.

082

083

BlockFi Loan No. _____

33.     **Military Lending Act.** The Military Lending Act provides protections for certain members of the Armed Forces and their dependents ("**Covered Borrowers**"). The provisions of this section apply to Covered Borrowers. Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36%. This rate must include, as applicable to the credit transaction or account: (a) the costs associated with credit insurance premiums; (b) fees for ancillary products sold in connection with the credit transaction; (c) any application fee charged (other than certain application fees for specified credit transactions or accounts); and (d) any participation fee charged (other than certain participation fees for a credit card account). Before signing this Agreement, in order to hear important disclosures and payment information about this Agreement, you may call 1-646-779-9688.

34.     **Transferable Record.** Borrower expressly agrees that this Agreement is a "transferable record" as defined in applicable law relating to electronic transactions and that it may be created, authenticated, stored, transmitted and transferred in a manner consistent with and permitted by such applicable law.

35.     **Loan Transferability.** Borrower expressly agrees and acknowledges that Lender may assign this Agreement and the Related Documents, or any of Lender's rights under this Agreement or the Related Documents, in whole or in part at any time. Borrower further understands, acknowledges and agrees that Lender or another third party may further sell, assign or transfer this Agreement, the Related Documents and all associated documents and information related to this Agreement and the Related Documents without Borrower's consent or notice to Borrower.

**[The remainder of this page intentionally left blank.]**

204543107.1                                    12

084

**BlockFi Loan No. _____**

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first written above.

**BORROWER**

By:
Name:

**LENDER**

BlockFi Lending LLC, a Delaware limited liability company

By:
Name: Flori Marquez
Title: Co-Founder and VP of Operations

Signature Page to Loan and Security Agreement

084

085

**BlockFi Loan No.** _____

**Funds will be sent to:**

**Bank Wires**

Beneficiary Name                    _____

Beneficiary Address                 _____

                                    _____

                                    _____

*(Please ensure the Name and Address match that associated with your Bank, otherwise funds may be delayed)*

Bank Account # (USA)                _____

Wire Capable Routing # (USA)        _____

IBAN (for Non USA Wires)            _____

SWIFT / BIC (for Non USA Wires)     _____

_____

**Stablecoin**

Stablecoin Currency                 _____
*(Please verify that the Stablecoin Currency above is accurate. Funds sent to a wallet that does not support the above Currency may be permanently lost. BlockFi will not be responsible for any errors arising from an incorrectly specified Stablecoin Currency)*

Destination Wallet Address          _____
*(Please ensure the Destination Wallet Address above is correct. Funds sent to an incorrect address may be permanently lost. BlockFi will not be responsible for any errors arising from an incorrectly specified Destination Wallet Address)*

086

**BlockFi Loan No.** _____

**Lender**                                           **Borrower**

BlockFi Lending LLC                          _____
150 Broadway                                     _____
19th Floor                                          _____
New York, NY 10038                          _____

**TRUTH IN LENDING DISCLOSURE STATEMENT**

087

**BlockFi Loan No.** _____

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate | FINANCE CHARGE<br><br>The dollar amount the credit will cost you | Amount Financed<br><br>The amount of credit provided to you or on your behalf | Total of Payments<br><br>The amount you will have paid when you have made all scheduled payments |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

Your payment schedule will be as follows:

| Number of payments | Amount | When payments are due |
|---|---|---|
| _____ | _____ | First payment is due on _____ , and each subsequent payment is due monthly thereafter on the same day of each month |
| _____ | _____ | Last payment is due on<br><br>_____ |

**Security**: You are giving a security interest in the following collateral:

_____

**Late charges:** If your payment arrives more than 10 days after the date on it is due, you may be charged a late fee equal to the greater of 5.00% of the past due payment or $15.

**Prepayment policy:**  Borrower may prepay the outstanding principal and all accrued and unpaid interest thereon at the rate expressed herein without penalty.

**See your Loan and Security Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, collateral and termination matters.**

088

**BlockFi Loan No.** _____

Itemization of Amount Financed of $_____

| Amount given to you directly | Amount paid to others on your behalf: |
|---|---|
| _____ | _____ |
| Amount paid on your account | Prepaid finance charge to BlockFi Lending LLC |
| _____ | _____ |

The payment amounts disclosed in the payment schedule are calculated on the assumption that you will make all payments on the applicable payment due date and assume, for purposes of this disclosure, that all months have 30 days.  Please note that monthly loan payments are made on an "interest-only" basis until the final payment is due. This means that the actual amount of a monthly loan payment may increase when you make a payment after the payment due date or decrease when you make a payment before the payment due date. The payment amount will also vary based on the actual days in any given month.

089

**BlockFi Loan No.** _____

### Guaranty of
### Loan and Security Agreement

This Personal Guaranty (as the same may be amended, supplemented, or otherwise modified from time to time, "Guaranty") is provided by the undersigned Guarantor in consideration of the extension of a loan by **BlockFi Lending LLC** ("Lender") to _____ ("Borrower") and for other good and valuable consideration and is dated and effective as of _____.

**Guaranteed Obligations.** The term "Guaranteed Obligations" means all present and future loans, advances, debts, liabilities, obligations, covenants and duties owing by Borrower to Lender, regardless of the manner in which it was created, of any kind or nature, present or future, whether direct or indirect, absolute or contingent, joint or several, due or to become due, primary or secondary, as principal or guarantor; and any amendments, extensions, renewals and increases of or to any of the foregoing, and all costs and expenses of Lender incurred in the documentation, negotiation, modification, enforcement, collection and otherwise in connection with any of the foregoing, including reasonable attorneys' fees and disbursements, whether made, incurred, or created before or after any entry of order of relief with respect to Borrower in a bankruptcy case and whether recovery is or hereafter becomes barred by any statute of limitations or otherwise becomes unenforceable for any reason whatsoever.

**Unconditional Guaranty.** In order to induce Lender to make, or continue to make, loans, advances, or grant other financial accommodations to Borrower, and in consideration thereof and/or for loans, advances, or financial accommodations already or hereafter granted by Lender to or for the account of Borrower, Guarantor hereby absolutely and unconditionally guarantees, as a primary obligor, and becomes surety for the full and prompt payment to Lender of all Guaranteed Obligations when due, whether by acceleration or otherwise, and the full and prompt performance of all terms, covenants, conditions and agreements related to the Guaranteed Obligations.

**Guaranty of Payment.** This is a guaranty of payment and not collection. In no event shall Lender be obligated to take any action, obtain any judgment, or file any claim prior to enforcing this Guaranty. Upon failure of Borrower punctually to pay the Guaranteed Obligations, Guarantor agrees to pay such amounts, provided that delay by Lender in making a demand for payment shall in no event affect Guarantor's obligations under this Guaranty.

**No Termination.** This is an absolute, unconditional, irrevocable and continuing guaranty and will remain in full force and effect until all the Guaranteed Obligations have been indefeasibly paid in full, and Lender has terminated this Guaranty.

**Enforcement Costs.** To the extent that Lender incurs any costs or expenses in protecting or enforcing its rights under the Guaranteed Obligations or this Guaranty, including reasonable attorneys' fees and the costs and expenses of litigation, such costs and expenses will be due on demand, will be included in the Guaranteed Obligations.

**Waivers.** Guarantor hereby expressly waives: (a) notice of the acceptance by Lender of this Guaranty; (b) notice of the existence or creation or non-payment of all or any of the Guaranteed Obligations; (c) notice of extensions of credit to Borrower from time to time; (d) notice of default, diligence, presentment, demand on Borrower for payment or otherwise, requirement of a prior proceeding against Borrower, dishonor, protest, and all other notices whatsoever; and (e) diligence in collection or protection of or realization upon the Guaranteed Obligations, or any part thereof, any obligation under this Guaranty or any security for or guaranty of any of the foregoing. Guarantor waives any and all claims, counter-claims and defenses that Guarantor may now and in the future have against Lender, Borrower or any other guarantor of the Guaranteed Obligations that may cause Lender to lose any rights against Guarantor or against Guarantor's property or assets, and agrees that the Guaranteed Obligations shall not be discharged except by complete payment thereof, irrespective of: (a) any claim as to the genuineness, validity, regularity, or enforceability of the Guaranteed Obligations or this Guaranty; (b) the lack of authority of Borrower; (c) any modification,

089

**BlockFi Loan No. _____**

supplement, extension, renewal, amendment, or change in the time, manner, or place of payment or performance of any Guaranteed Obligations, or in any other term of or amendment to the documents evidencing the Guaranteed Obligations, all of which may be done without notice to or consent of Guarantor; (d) the order, manner and amount of application of any payments by whomever paid or however realized including any proceeds of any collateral, to any Guaranteed Obligations as Lender may determine in its sole discretion; (e) any right to require Lender to notify Guarantor of any nonpayment relating to the Guaranteed Obligations; (f) any waiver or consent by Lender with respect to the Guaranteed Obligations or any compromise or release thereof, including the release or discharge of Borrower from the performance or observance of any agreements, covenants, terms or conditions in connection with the Guaranteed Obligations by operation of law or otherwise; (g) the absence of any action to exercise any right, power or remedy, enforce any Guaranteed Obligations, recover any judgment against Borrower, or enforce a judgment against Borrower; (h) the occurrence of any event of default or potential event of default under any document evidencing the Guaranteed Obligations; (i) the existence of any bankruptcy, insolvency, reorganization, or similar proceedings involving Borrower, and Guarantor waives all rights and benefits which might accrue to it by reason of any such proceeding and will be liable to the full extent hereunder, irrespective of any modification, limitation or discharge of the liability of Borrower that may result from any such proceeding; (j) any setoff, counterclaim, recoupment, deduction, or defense of any kind or nature that may be available to or asserted by Guarantor or Borrower against Borrower, Lender or any of their affiliates, except payment or performance of the Guaranteed Obligations; (k) any impairment, taking, furnishing, exchange, or release of or failure to perfect, maintain or obtain protection of any lien or security interest in, any security or other collateral securing the Guaranteed Obligations; (l) any "one-action" or "anti-deficiency" law or other law which may prevent Lender from otherwise bringing an action against Guarantor; (m) any defenses based upon suretyship available to Guarantor; (n) any surrender, exchange, acceptance, settlement, compromise or release by Lender of any party (including, but not limited to Borrower or Guarantor), or any other guaranty or any

security held by it for any of the Guaranteed Obligations; (o) by any irregularity, unenforceability or invalidity of any of the Guaranteed Obligations or any part thereof or any security or other guaranty thereof; (p) any defense based upon Lender's failure to comply with the notice requirements under Sections 9-611 and 9-612 of the Uniform Commercial Code as in effect from time to time; (q) any statute of limitations; (r) any change in the laws, rules, or regulations of any jurisdiction; or (s) any other circumstance (other than payment or performance) that might otherwise constitute a legal or equitable discharge or defense of Guarantor generally.

**Representations and Warranties.** Guarantor represents and warrants to Lender on the date hereof and during the duration of this Guaranty that: (a) Guarantor has the authority to enter into this Guaranty and to guarantee payment of the Guaranteed Obligations; (b) this Guaranty will not cause Guarantor to violate any agreement or order binding on Guarantor or on or against Guarantor's property or assets; (c) Guarantor has agreed to guarantee payment of the Guaranteed Obligations at Borrower's request, rather than Lender's request; (d) Guarantor has or will receive, or continue to receive, adequate consideration for agreeing to this Guaranty; and (e) this Guaranty is a legal, valid, binding obligation of Guarantor.

**Financial Statements.** Guarantor shall provide Lender with financial statements (including, if requested, financial statements certified by an independent certified public accountant) and other financial information, as Lender may request from time to time.

**Subrogation.** Until such time as all Guaranteed Obligations are paid in full and any commitments of Lender to extend further credit to Borrower have been terminated, Guarantor unconditionally waives any rights that Guarantor may now have or hereafter acquire against Borrower that arise from the existence, payment, performance, or enforcement of Guarantor's obligations under or in respect of this Guaranty or any other agreement in connection therewith, including without limitation, any right of subrogation, reimbursement, exoneration, contribution, or indemnification. Any amount paid to Guarantor in violation of the preceding sentence, shall be received and held in trust for the benefit of Lender, shall be

091

**BlockFi Loan No.** _____

segregated from the other property and funds of Guarantor, and shall forthwith be paid or delivered to Lender in the same form as so received (with any necessary endorsement or assignment) to be credited and applied to the Guaranteed Obligations and all other amounts payable under this Guaranty, or to be held as collateral for any Guaranteed Obligations or other amounts payable under this Guaranty.

**Subordination.** Guarantor agrees that following the occurrence and during the continuation of any default or event of default by Borrower pursuant to any document evidencing any Guaranteed Obligation, and until such time as all Guaranteed Obligations are paid in full and any commitments of Lender to extend further credit to Borrower have been terminated: (a) any and all present and future indebtedness of Borrower owing to Guarantor shall be postponed in favor of and subordinated to the payment in full of the Guaranteed Obligations, and (b) no payment of any kind whatsoever shall be made with respect to such indebtedness until the Guaranteed Obligations have been paid in full, and any payment received by Guarantor in respect of such indebtedness shall be held by Guarantor as trustee for Lender and promptly paid over to Lender on account of the Guaranteed Obligations but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty. Upon request of Lender, any notes or other instruments now or hereafter evidencing such indebtedness of Borrower to Guarantor, and any security therefor, shall be marked with a legend that the same are subject to this Guaranty or shall be delivered to Lender for safekeeping.

**Indemnity.** Guarantor agrees to indemnify Lender, each legal entity, if any, who controls, is controlled by or is under common control with Lender and each of their respective directors, officers and employees (the "Indemnified Parties"), and to defend and hold each Indemnified Party harmless from and against, any and all claims, damages, losses, liabilities and expenses (including all fees and charges of legal counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur or which may be asserted against any Indemnified Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of Guarantor),

in connection with or arising out of or relating to the matters referred to in this Guaranty, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by Guarantor, or (b) arising out of or resulting from any pending or threatened suit, action, claim, proceeding or governmental investigation, before any court or governmental authority; provided, however, that the foregoing indemnity agreement shall not apply to any claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this paragraph shall survive the termination of this Guaranty and assignment of any rights hereunder. Guarantor may participate at its expense in the defense of any such claim.

**Credit Reports.** By signing below, each Guarantor provides written authorization to Lender or its designee (and any assignee or potential assignee) to periodically obtain credit reports (including consumer credit reports) on such Guarantor and to share such reports with Lender's affiliates. Such authorization shall extend to obtaining a credit profile in considering this Guaranty and subsequently for the purposes of update, renewal or extension of any Guaranteed Obligations, for any potential additional credit, and for reviewing or collecting the resulting account.

**Entire Agreement.** This Guaranty contains the entire agreement of the parties hereto with respect to the subject matter hereof. Any representation, promise, condition or understanding in connection therewith which is not expressed in this Guaranty shall not be binding upon Guarantor or Lender.

**Application of Payments.** Any amounts received by Lender from any source on account of the Guaranteed Obligations may be applied by Lender toward the payment of such of the Guaranteed Obligations, and in such order of application, as Lender may from time to time elect.

**Notices.** All notices to Guarantor shall be sent to the address set forth below Guarantor's signature, or such other address as Guarantor may from time to time specify in writing to Lender. All notices to Lender shall be sent to the following address: BlockFi, 150 Broadway, 19th Floor, New York, NY 10038, Attention:

091

092

**BlockFi Loan No. _____**

Flori Marquez, or such other address as Lender may specify to Guarantor in writing. Any notice or other communication to be provided to a party pursuant to this Guaranty shall be in writing and shall be personally delivered or deposited in the United States mail, first class, registered or certified mail, postage prepaid or by a nationally-recognized overnight delivery service, or by another method mutually agreed to by Lender and Guarantor. All such notices shall be deemed given, in the case of notice by courier service, upon delivery, in the case of appropriate mail, three business days following deposit with the U.S. Postal Service, and by another method, upon actual receipt thereof.

**Governing Law, Venue and Jurisdiction.** THIS GUARANTY WILL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE WITHOUT REGARD TO ITS CONFLICTS OF LAW PROVISIONS. GUARANTOR UNDERSTANDS THAT GUARANTOR'S AGREEING TO THE APPLICABILITY OF DELAWARE LAW AND VENUE ARE A MATERIAL FACTOR IN LENDER'S WILLINGNESS TO PROVIDE THE LOAN TO BORROWER. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if Lender so elects, be instituted in any court sitting in New York county, (the "Acceptable Forums"). Borrower agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Guarantor waives any right to oppose any motion or application made by Lender to transfer such proceeding to an Acceptable Forum. Guarantor irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding directly or indirectly arising out of or relating to this Guaranty or the Guaranteed Obligations (whether based on contract, tort or any other theory)..

**Severability.** Wherever possible, each provision of this Guaranty shall be interpreted in such manner to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under such law, the remaining provisions of this Guaranty shall remain in full force and effect.

**Successors and Assigns.** All guaranties and agreements contained in this Guaranty shall bind the legal representatives, heirs, successors and assigns of Guarantor; provided, however, that Guarantor may not assign this Guaranty in whole or in part without Lender's prior written consent and Lender at any time may assign this Guaranty in whole or in part.

**Rights and Remedies.** No delays on the part of Lender in exercising any power or right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right hereunder or the failure to exercise same in any instance preclude other or further exercise of any other power or right, nor shall Lender be liable for exercising or failing to exercise any such power or right. The rights, powers, remedies, and privileges provided in this Guaranty are cumulative and not exclusive of any rights, powers, remedies, and privileges provided by any prior guaranty, any other agreement, or by law.

**Modification.** No modification, amendment, or waiver of, or consent to any departure by Guarantor from, any provision of this Guaranty will be effective unless made in a writing signed by Lender, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. Notwithstanding the foregoing, Lender may modify this Guaranty for the purposes of completing missing content or correcting erroneous content, without the need for a written amendment, provided that Lender shall send a copy of any such modification to Guarantor (which notice may be given by e-mail).

**No Right to Further Notices.** No notice to or demand on Guarantor will entitle Guarantor to any other or further notice or demand in the same, similar or other circumstance.

**Severability.** If for any reason any court of competent jurisdiction finds any provisions of this Guaranty to be void or voidable, the parties agree that the court may reform such provision(s) to render the provision(s) enforceable ensuring that the restrictions and prohibitions contained in this Guaranty shall be effective to the fullest extent allowed under applicable law.

**Opportunity for Attorney Review.** Guarantor represents that it has carefully read this Guaranty and

092

093

**BlockFi Loan No.** _____

has, or had a reasonable opportunity to, consult with its attorney. Guarantor understands the contents of this Guaranty, and signs this Guaranty as its free act and deed.

**Facsimile Acceptance.**    This Guaranty may be executed in any number of counterparts. Each such counterpart shall be deemed an original, but all such counterparts shall together constitute one and the same agreement. The delivery of copies of this Guaranty and of signature pages by facsimile transmission (whether directly from one facsimile device to another by means of a dial-up connection or whether mediated by the worldwide web), by e-mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, or by combination of such means, shall constitute effective execution and delivery of this Guaranty and may be used in lieu of the original Guaranty for all purposes. Signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes.

**Multiple Guarantors.** If more than one Guarantor signs this Guaranty, then each reference to "Guarantor" herein refers to each and every such Guarantor and

each such Guarantor is directly, jointly and severally with each other and with all other guarantors of the Guaranteed Obligations or any portion thereof, liable to Lender. The obligations of each Guarantor hereunder are direct and primary and are independent of the obligations of Borrower or any other Guarantor, and a separate action may be brought against each Guarantor irrespective of whether an action is brought against Borrower or any other Guarantor or whether Borrower or any other Guarantor is joined in such action. Each Guarantor's liability hereunder shall not be contingent upon the exercise or enforcement by Lender of any remedies it may have against Borrower or any other Guarantor. Any release which may be given by Lender to any Guarantor shall not release any other Guarantor. Each Guarantor acknowledges that Lender shall have the right to seek recourse against each Guarantor to the fullest extent provided for herein and no election by Lender to proceed in one form of action or proceeding, or against any party or on any obligation, shall constitute a waiver of Lender's right to proceed in any other form of action or proceeding or against other parties.

By signing below the undersigned Guarantors acknowledge that they have read and understand all the provisions of this Guaranty, including each of the waivers set forth above, and has been advised by counsel as necessary or appropriate.

**Guarantor**

X
    Signature

    Print name

093

094

**BlockFi Loan No.** _____

Rev. Aug. 2018

| FACTS | WHAT DOES BLOCKFI DO<br>WITH YOUR PERSONAL INFORMATION? |
|---|---|

| Why? | Financial companies choose how they share your personal information.  Federal law gives consumers the right to limit some but not all sharing.  Federal law also requires us to tell you how we collect, share, and protect your personal information.  Please read this notice carefully to understand what we do. |
|---|---|

| What? | The types of personal information we collect and share depend on the product or service you have with us.  This information can include:<br><br>•   Social Security number and income<br>•   account balances and payment history<br>•   credit history and credit scores<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
|---|---|

| How? | All financial companies need to share customers' personal information to run their everyday business.  In the section below, we list the reasons financial companies can share their customers' personal information; the reasons BlockFi chooses to share; and whether you can limit this sharing. |
|---|---|

| Reasons we can share your personal information | Does BlockFi share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—**<br>such as to process your transactions, maintain your account(s), respond to court orders and legal investigations | Yes | No |
| **For our marketing purposes—**<br>to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes—**<br>information about your transactions and experiences | No | We don't share |
| **For our affiliates' everyday business purposes—**<br>information about your creditworthiness | No | We don't share |
| **For our affiliates to market to you** | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

094

095

**BlockFi Loan No. _____**

| Questions? | 646-779-9688 |
|---|---|

| **Who we are** | |
|---|---|
| Who is providing this notice? | BlockFi |

| **What we do** | |
|---|---|
| How does BlockFi protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| How does BlockFi collect my personal information? | We collect your personal information, for example, when you<br>■ apply for a loan or give us your contact information<br>■ pay your bills or give us your income information<br>■ provide employment information<br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>■ sharing for affiliates' everyday business purposes—information about your creditworthiness<br>■ affiliates from using your information to market to you<br>■ sharing for nonaffiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing. |

| **Definitions** | |
|---|---|
| Affiliates | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br>■ *BlockFi does not share with our affiliates* |
| Nonaffiliates | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br>■ *BlockFi does not share with nonaffiliates so they can market to you* |
| Joint Marketing | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>■ *BlockFi doesn't jointly market* |

095

096

**BlockFi Loan No. _____**

096

097

**BlockFi Loan No.** _____

## APPENDIX A: BULLET LOANS

**Interest.** The annual interest rate on the outstanding principal amount of the Loan from the date hereof until payment of the Loan in full shall be the rate stated above in section 3(a) and in your loan offer on your client dashboard. All interest accrued hereunder shall be calculated on a front-loaded basis. Interest shall be calculated on the basis of a 360-day year consisting of twelve (12) months of thirty (30) days each. Upon disbursement of the Loan proceeds, Lender shall collect an interest payment equal to the aforementioned rate times the principal sum of the Loan, prorated for the loan's term. All interest due is fully earned by Lender on the date it is collected. Lender shall deduct the all interest due from the Loan proceeds and disburse the remaining Loan proceeds to the Borrower on the Closing Date. If at any time and for any reason whatsoever, the interest rate payable on the Loan shall exceed the maximum rate of interest permitted to be charged by Lender to Borrower under applicable law, such interest rate shall be reduced automatically to the maximum rate of interest permitted to be charged under applicable law. Any amount added to principal pursuant to this Agreement or any Related Document shall bear interest at the rate specified herein and shall be payable with such interest upon demand by Lender and absent such demand, as otherwise provided herein.

**Prepayments.** Borrower may prepay the outstanding principal at any time. There is no additional charge for prepaying principal ahead of the Maturity Date. Prior to prepayment, the Borrower must give the Lender 5 business day notice. Interest payments made at origination will not be reimbursed.

**Arbitration Provision.**

(a)    In the event that any Dispute (as hereinafter defined) cannot be resolved through a discussion between Borrower and Lender (individually "party" and collectively "parties"), either party may demand that such Dispute be submitted to arbitration, which (if demanded) shall be the exclusive, final, and binding means for resolving such Dispute; provided, this arbitration provision shall not prevent the parties from obtaining injunctive relief from a court of competent jurisdiction to enforce the obligations of this agreement for which either party may obtain provisional relief pending a decision on the merits by the arbitrator. A "Dispute" is a claim or controversy of every kind and nature between Borrower and Lender, including, but not limited to: (i) all claims or controversies arising out of or relating to any aspect of the relationship between the parties hereto, regardless of legal basis or theory; (ii) all claims or controversies involving the interpretation, construction, performance or nonperformance, enforcement, or breach of this agreement; and (iii) all claims or controversies that may arise after the termination of this agreement.   This arbitration provision is intended to be broadly interpreted, and the term "Dispute" shall have the broadest meaning possible.   Any party may demand arbitration in writing by notice to the other party.

(b)    Any such arbitration shall be conducted under the Commercial Dispute Resolution Rules of the American Arbitration Association ("AAA"), except as modified herein.   Alternatively, upon both parties' consent, another arbitration association and its rules may be used.   The arbitration proceedings shall be before a single neutral arbitrator who shall be an attorney, retired judge, or arbitrator experienced in commercial finance. The arbitrator shall be registered and in good standing with an arbitration association.   The arbitrators shall apply applicable statutes of limitation and rules of privilege.   Except as otherwise provided herein, the arbitrator shall have authority to award any remedy or relief that a court of the State of Delaware or federal court located in the State of Delaware could grant in conformity to applicable law on the basis of claims actually made in the arbitration.   .   Any arbitration will be held in New York County, NY, which the parties agree is a convenient location. Any arbitration award shall be accompanied by a written statement containing a summary of the issues in controversy, a description of the award, and an explanation of the reasons for the award.   The non-prevailing party shall pay to the prevailing party, to the extent not prohibited by law, all of the prevailing party's arbitration costs and expenses, including reasonable attorneys' fees, and the arbitrator shall award such in its decision.   The

097

098

**BlockFi Loan No.** _____

arbitrator's award shall be final, and judgment may be entered upon such award by any court. All arbitration proceedings shall be confidential, and neither party shall disclose any information about the evidence produced by either party in the arbitration proceeding except as necessary in the course of a judicial, regulatory or arbitration proceeding, or as may be demanded by government authority; provided, before making any such disclosure the disclosing party shall give the other party reasonable advance written notice and an opportunity to prevent the disclosure.

(c)        No class action arbitration may be ordered under this arbitration provision (this is referred to in the next sentence as the "class waiver"). If any part of this arbitration provision is found to be unenforceable, except for the class waiver, the rest shall be enforceable; but if the class waiver is found to be unenforceable, then this entire arbitration provision shall be unenforceable.

(d)        Because the parties hereto operate in interstate commerce, this Arbitration Provision shall be governed by the Federal Arbitration Act, as will any actions to compel, enforce, vacate, or confirm proceedings, awards, or orders of the arbitrator. This arbitration provision shall, with respect to such dispute, survive the termination or expiration of this agreement. Except for the enforceability of the arbitration provision discussed above, nothing in this arbitration provision shall be deemed to give the arbitrators any authority, power, or right to alter, change, amend, modify, add to, or subtract from any of the provisions of this agreement.

## APPENDIX B: LOAN DISCLOSURES

BlockFi Lending LLC is required to comply with the following state-specific lending disclosures

(a) IF YOU ARE A RESIDENT OF OHIO:

The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

(b) IF YOU ARE A RESIDENT OF MICHIGAN:

In accordance with the Michigan Regulatory Loan Act, Michigan residents' origination fee will not exceed the lesser of 5% of the principal loan amount or $300.

(c) IF YOU ARE A RESIDENT OF ILLINOIS:

In accordance with the Illinois Consumer Installment Loan Act, the repayment of this loan, at issuance, is scheduled to be in equal monthly installments with no balloon of principal at maturity. BlockFi does note that there will be no late fees applied as long as the customer pays the interest portion of their monthly payment.

(d) IF YOU ARE A RESIDENT OF OREGON:

This agreement is governed by Oregon Law.

098

099

# EXHIBIT "19"

# EXHIBIT "19"

# EXHIBIT "19"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2021 02:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Hankins, Deputy Clerk

1  HAYNES AND BOONE, LLP
   David Clark/Bar No. 275204
2    david.clark@haynesboone.com
   Andrea Levenson/Bar No. 323926
3    andrea.levenson@haynesboone.com
   600 Anton Boulevard, Suite 700
4  Costa Mesa, CA  92626
   Telephone:    (949) 202-3000
5  Facsimile:    (949) 202-3001

6  Attorneys for Defendants
   BLOCKFI LENDING, LLC
7  BLOCKFI INC.

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF LOS ANGELES, BURBANK COURTHOUSE

11

12  GEORGE GERRO, an individual,          )  CASE NO.: 20STCV31493
                                          )
13            Plaintiff,                  )  ASSIGNED FOR ALL PURPOSES TO:
                                          )     Honorable William D. Stewart
14        vs.                             )     Department A
                                          )
15  BLOCKFI LENDING LLC, a Delaware       )
    limited liability company; SCRATCH    )  DECLARATION OF CHARLES E.
16  SERVICES, LLC, a Delaware limited     )  WASHBURN, JR. RE: SUPPLEMENTAL
    liability company; and DOES 1 through )  REPLY BRIEF OF BRIEF
17  100,                                  )  DEFENDANTS BLOCKFI LENDING,
                                          )  LLC AND BLOCKFI, INC. IN SUPPORT
18            Defendants.                 )  OF FORUM NON CONVENIENS
                                          )  MOTION AND DEMURRER
19

20

21                                          Hearing Date: April 8, 2021
                                            Time:         9:30 a.m.
22                                          Department:   A

23                                          *First Amended*
                                            *Complaint Filed: May 13, 2020*
24

25

26

27

28

_____
            DECLARATION OF CHARLES E. WASHBURN JR.

## DECLARATION OF CHARLES E. WASHBURN, JR.

I, CHARLES E. WASHBURN, JR., declare as follows:

1. I am an attorney at law duly admitted to practice in the State of California and am a partner with the law firm of Manatt, Phelps & Phillips, LLP.  I have personal knowledge of the matters set forth herein and, if called upon to testify, I could and would testify competently thereto.

2. I have practiced law in California for over 40 years, and the primary focus of my practice during my career has been the regulation of financial services.  A significant part of that practice has been advising clients regarding the California Financing Law (the "CFL"), including with respect to applying for licenses under that law.  That work has included interfacing with the application review staff as well as the legal staff of the California Department of Business Oversight (the "DBO") (which agency is now called the Department of Financial Protection and Innovation or "DFPI") when issues have arisen in connection with license applications.

3. On or about March 15, 2018, BlockFi Lending LLC ("BlockFi") retained me to assist BlockFi in responding to a letter received by BlockFi from the DBO with respect to BlockFi's then pending application for Finance Lender and Broker licenses under the CFL.  My duties included corresponding and otherwise communicating directly with the DBO in connection with that letter in an effort to correct DBO application review staff's misunderstanding of the CFL so that the licenses would issue in accordance with the business plan disclosed in the original application.  .  Specifically, the letter sent by DBO staff included an incorrect preliminary statement that BlockFi was prohibited by the CFL from holding collateral for loans, including cryptocurrency as discussed in BlockFi's business plan included in its application.

4. I have read the contention in plaintiff George Gerro's March 19, 2021 brief that the DBO was somehow unaware of BlockFi's  disclosed intention to hold (whether directly or through a third-party custodian) cryptocurrency as collateral for loans extended to California borrowers when the DBO issued BlockFi's Finance Lender and Broker licenses.  Mr. Gerro's assertion is incorrect.

5.   I personally communicated with the DBO on BlockFi's behalf with respect to the letter

BlockFi received from the DBO regarding its license application, including specifically the issue

raised by the DBO regarding the holding of collateral.  Those communications included e-mail

messages sent to application review staff and, when such staff advised that the issue would need

to be resolved with DBO legal staff, the submission to legal staff of the opinion request.

Throughout this process, I consistently made clear to the DBO that BlockFi intended to hold

cryptocurrency as collateral for the loans it issued, and indeed the DBO was well aware of that

business plan based on the issue being raised by the DBO itself in its letter to BlockFi.  For

example, on July 24, 2018, I sent an email to Alexander Nourafshan, Counsel, Financial

Institutions Division, DBO raising those exact issues.  A true and correct copy of the email chain

between myself and Mr. Nourafshan is attached hereto as **Exhibit A**.  At the time of that

correspondence, a lower-level application review staff member at the DBO had expressed the

view in the original deficiency letter (which, as I explain below, more senior personnel at the

DBO legal department later corrected) that BlockFi could not hold cryptocurrency as collateral

for loans.  Accordingly, in that email I specifically addressed the flaws in the DBO's preliminary

position, BlockFi's intent to hold cryptocurrency as collateral for loans, and CFL Section 22009.

I stated:

> As discussed in more detail in the opinion request, the position taken by the
> Department to-date that a licensee under the California Financing Law ("CFL")
> cannot hold collateral I respectfully believe is based on a clear misreading of
> vestigial language in Section 22009 of the CFL defining the term "finance
> lender," which hopefully you see as well.

I similarly informed the DBO in my July 24th email that the DBO had already granted a Finance

Lender license to BlockFi's competitor, Unchained Capital, Inc. ("Unchained"), and that

Unchained was performing "lending business in California and *is still holding crypto currency*

*as collateral in connection with those loans.*" (emphasis added).  In other words, I also informed

Mr. Nourafshan that BlockFi's competitor had already been licensed to perform the exact

business operations for which BlockFi was asking to be approved, including holding

cryptocurrency as collateral.

**DECLARATION OF CHARLES E. WASHBURN JR.**

6.  In my correspondence and discussions with him, Mr. Nourafshan did not express any
issues with BlockFi's intended business operations, including BlockFi's intent to hold
cryptocurrency as collateral, in response to my emails and opinion request.  Mr. Nourafshan also
never expressed any possible distinction between BlockFi's operations and those of Unchained,
for which the DBO had already granted a Finance Lender license.

7.  On August 20, 2018 (after a few brief emails checking on the status of BlockFi's request
for an opinion), Mr. Nourafshan called me and advised that BlockFi's Finance Lender and
Broker license application had been approved.  Mr. Nourafshan stated that BlockFi's opinion
request "hit all the right notes" and explained that the DBO agreed with BlockFi's analysis of
CFL Section 22009 and BlockFi's right under Section 22009 and the CFL to hold cryptocurrency
as collateral for loans.  Mr. Nourafshan also apologized for the delay in responding to the
opinion request and granting the licenses and stated that BlockFi would receive the licenses in
the mail in 7 to 10 days.

8.  In particular, Mr. Nourafshan did not state that the disclosed business plan of BlockFi
must change to eliminate holding of collateral as a condition to the licenses issuing.  In my
experience the DBO would not issue licenses to BlockFi if BlockFi's business plan as clearly
disclosed to the DBO, including the holding of collateral, would violate the CFL.

9.  Mr. Nourafshan also explained to me in our August 20th call that the DBO would not be
issuing a formal opinion in response to our request, and that instead the DBO's agreement with
BlockFi's position on CFL Section 22009 and its ability to hold cryptocurrency as collateral for
loans would simply be evidenced by the granting of BlockFi's licenses.  Thus, while I did not
withdraw BlockFi's request for an interpretive opinion, the DBO elected not to issue one because
it had decided to approve BlockFi's Finance Lender and Broker license application.

10. In this regard, I have reviewed the e-mail message from Miranda LeKander to Mr. Gerro
attached as Exhibit 7 to his submission in which she states that in August 2018 I verbally
withdrew my request for an opinion, which statement by Ms. LeKander should be clarified.  As
stated in the request for the opinion included in Exhibit 6 to Mr. Gerro's submission, as a routine
matter I ask that the DBO legal staff contact me if it reaches a "preliminary" conclusion that it

**DECLARATION OF CHARLES E. WASHBURN JR.**

1  will issue an adverse opinion and, in such event, extend to me the courtesy of allowing me to

2  withdraw the opinion request.  The DBO legal staff never reached a negative opinion with

3  respect to the ability of a licensee to hold collateral, "preliminary" or otherwise, with respect to

4  my request.  Instead, DBO legal staff agreed that a licensee may hold collateral, a determination

5  that was evidenced by the issuance of licenses to BlockFi when BlockFi had disclosed it would

6  hold collateral.  Because the goal of the request was for the licenses to issue, and with that goal

7  achieved no formal opinion was then needed, I acquiesced in Mr. Nourafshan's desire to avoid

8  DBO having to go to the trouble of issuing a formal opinion.  My acceptance is likely what Ms.

9  LeKander referred to as a withdrawal.  But again, my agreement with the DBO's view that an

10  opinion was no longer needed does not reflect any adverse determination made by DBO legal

11  staff regarding the permissibility of holding collateral under the CFL.

12      11. To be clear, never in my correspondence or discussions with the DBO did I indicate that

13  BlockFi somehow did not plan to hold cryptocurrency as collateral for loans it issued.  To the

14  contrary, I consistently made the DBO aware that BlockFi intended, as a licensed finance lender,

15  to hold cryptocurrency as collateral (whether directly or through a third party), and that it was

16  entitled to do so under any applicable statutes.  (*See, e.g.*, Exhibit A, July 24th and July 26th

17  emails to the DBO.)  This, among other reasons, is why during my August 20th phone call with

18  the DBO, Mr. Nourafshan expressly stated that the DBO agreed with BlockFi's position on CFL

19  Section 22009 and BlockFi's right to hold cryptocurrency as collateral for loans.

20

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct and that this Declaration was executed this 22rd day of March,

23  2021, at Manhattan Beach, California.

24

25  CHARLES E. WASHBURN JR.

26

27

28

105

# EXHIBIT "A"

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Monday, August 20, 2018 2:15 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi

Hi Charles,

I will call in a few minutes.

Best,

Alex

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e*  alexander.nourafshan@dbo.ca.gov

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Monday, August 20, 2018 2:12 PM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi

Thank you, Alex, and I am available any time this afternoon until 6:30 p.m., including now.

**Charles Washburn**

Partner

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA 90064

**D** (310) 312-4372  **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Monday, August 20, 2018 1:20 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi


Hi Charles,


Sincere apologies for my delayed reply. Are you available this afternoon or anytime tomorrow to chat for a few minutes? Please let me know your availability for a brief phone call. Thanks!


Best,


Alex


Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e* alexander.nourafshan@dbo.ca.gov


---

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, August 16, 2018 2:24 PM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi


Alex,

I thought I would check in on the status of management review of the opinion request, and also my question regarding whether you could share your view on the issue. Thank you.


**Charles Washburn**

Partner

_____


**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA 90064

**D** (310) 312-4372   **F** (310) 914-5761


cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Washburn, Charles
**Sent:** Thursday, July 26, 2018 5:05 PM
**To:**-'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi


I appreciate your prompt review of the request, and I also appreciate your conveying to management the urgency here. Would you be able to share your view with me, which I would of course recognize is subject to management review and so is not binding on the Department?


**Charles Washburn**

Partner

_____


**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA 90064

**D** (310) 312-4372   **F** (310) 914-5761


cwashburn@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, July 26, 2018 4:35 PM
**To:** Washburn, Charles
**Subject:** Re: Confidential Treatment Re: BlockFi

Hi Charles,

I have completed my review and sent my analysis to management for approval. I am not sure when management review will be completed, but I will send a note along requesting expedited review. Hopefully that will help speed the process along, though I cannot provide any more specific timeline.

Best,

Alex

Alexander M. Nourafshan
Counsel, Financial Institutions Division
Department of Business Oversight

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, July 26, 2018 4:07:35 PM
**To:** Nourafshan, Alexander@DBO
**Subject:** RE: Confidential Treatment Re: BlockFi

I appreciate the quick response, Alex. Again, due to the urgency of the request from the client's perspective, can you give me a feel for when the review will be completed, and whether there is anything that can be done to expedite the review?

**Charles Washburn**

Partner

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA 90064

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, July 26, 2018 4:07 PM
**To:** Washburn, Charles
**Subject:** Re: Confidential Treatment Re: BlockFi

Dear Charles,

Thank you for your email. We are still reviewing your request. I will let you know if we have any questions or can provide a more detailed update. Thank you for your patience.

Best,


Alex



Alexander M. Nourafshan
Counsel, Financial Institutions Division
Department of Business Oversight

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, July 26, 2018 3:42:53 PM
**To:** Nourafshan, Alexander@DBO
**Subject:** FW: Confidential Treatment Re: BlockFi


Alex,


Sorry to bother you (and I got a bounce back to my message on Tuesday), but again I want to check in on the status of this request. As noted below, the client has been placed at a severe disadvantage due to a competitor with a similar business that apparently is being allowed to operate under the CFL by the Department. If the Department sees a distinction between the two operations, please let me know as soon as possible.


Chuck

Case 22-19361-MBK    Doc 204-5    Filed 01/06/23    Entered 01/06/23 18:06:09    Desc
Exhibit E-Mail - Page 161 of 175 t-Re: BlockFi

111

**Charles Washburn**

Partner

_____

.

.

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372  **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Washburn, Charles
**Sent:** Tuesday, July 24, 2018 10:57 AM
**To:** 'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi
**Importance:** High


CONFIDENTIAL


Alex,


I hope this message finds you well.


I am following up to check on the status of our request for an interpretive opinion, a copy of which request I have attached for ease of reference.  As you know, it was received by the Department on May 15.


As discussed in more detail in the opinion request, the position  taken by the Department to-date that a licensee under the California Financing Law ("CFL") cannot hold collateral I respectfully believe is based on a clear misreading of vestigial language in Section 22009 of the CFL defining the term "finance lender," which hopefully you see as well.


As also discussed in the request, this incorrect Department position is causing substantial harm to our client BlockFi Lending LLC.  In particular and as noted in the request for expedited treatment, I understand from the client that a competitor, Unchained Capital, Inc., was granted a CFL license by the Department (60DBO-78867) and based on the Department's web site that license is still active.  The client further advises that Unchained Capital is still doing a lending business in California and is still holding crypto currency as collateral in connection

with those loans, while at the same time BlockFi Lending is unable to lend in California on similar terms with respect to holding collateral based on this Department position.

Thank you in advance for your assistance, and I would again be happy to discuss any questions you may have regarding the analysis.

Best regards,

Chuck

**Charles Washburn**

Partner

_____

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA 90064

D (310) 312-4372  F (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, June 28, 2018 1:44 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi

Interpretive opinion requests generally take at least 60-90 days. I will do my best to provide any updates that I can.

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e* alexander.nourafshan@dbo.ca.gov

112

**From:** Washburn, Charles [mailto:cwashburn@manatt.com]
**Sent:** Thursday, June 28, 2018 11:47 AM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi


Thank you, Alex.  Is it possible to give me an idea when the initial review may be completed?



**Charles Washburn**

Partner

_____


**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761


cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, June 28, 2018 11:24 AM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi


Hi Mr. Washburn,


Thank you for your email. Your request is currently under review. I will let you know if we have any further questions or need additional information.


Best,


Alex

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e* alexander.nourafshan@dbo.ca.gov

**From:** Washburn, Charles [mailto:cwashburn@manatt.com]
**Sent:** Thursday, June 28, 2018 11:08 AM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi

Alex,

I thought I would take the liberty of checking on the status of our request for an interpretive opinion, and reiterate my offer to discuss any questions you may have regarding our analysis. Please let me know, and thank you.

Best regards,

Chuck

**Charles Washburn**

Partner

_____

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372  **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Washburn, Charles
**Sent:** Friday, June 15, 2018 3:25 PM
**To:** 'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi


Thank you very much, Alex.  (I have yet to receive the letter sent by USPS, so I appreciate the PDF.)  Also, I would be happy to discuss with you the request for an interpretive opinion, including any questions you may have regarding the legal analysis.  Again, thank you, and have a good weekend.


**Charles Washburn**

Partner

_____


**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372  **F** (310) 914-5761


cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Friday, June 15, 2018 3:20 PM
**To:** Washburn, Charles
**Subject:** Confidential Treatment Re: BlockFi


Dear Mr. Washburn,


A letter granting confidential treatment of your request regarding BlockFi Lending LLC was sent in the mail on Monday, June 11, 2018. Please find a copy of this letter attached. I will let you know if any additional information is needed in connection with this request.


Best regards,


Alex

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e* alexander.nourafshan@dbo.ca.gov


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4    I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

5    On ***March 23, 2021***, I served a true and correct copy of the document entitled:
6  ***DECLARATION OF CHARLES E. WASHBURN, JR. RE SUPPLEMENTAL BRIEF RE MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY, THE ACTION ON THE GROUND OF FORUM NON CONVENIENS*** on the interested parties in this action by placing
7  true copies thereof, enclosed in sealed envelopes, as indicated below and addressed as follows:

8

| John M. Gerro, Esq. | Scott J. Hyman, Esq. |
|---|---|
9 | George J. Gerro, Esq. | Katherine Figueroa, Esq. |
| Law Offices of Gerro & Gerro | Severson & Werson |
10 | 530 S. Glenoaks Boulevard, Suite 200 | The Atrium, 19100 Von Karman Avenue |
| Burbank, CA 91502 | Suite 700 |
11 | Telephone: (818) 840-0000 | Irvine, CA 92612 |
| E-Mail:    john@gerrolaw.com | Telephone: (949) 442-7110 |
12 |         george@gerrolaw.com | E-Mail:    sjh@severson.com |
| *[Attorneys for Plaintiff]* |         kf@severson.com |
13 | | *[Attorneys for Defendant Scratch Services, LLC]* |

14

15    ☐    **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I
16  am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I caused such
17  envelope, with postage thereon fully prepaid, to be placed in the United States Mail at Costa Mesa, California as indicated above.

18    ☐    **(By Electronic Delivery)** Pursuant to C.C.P. § 1010.6, I served true and correct
19  copies of the foregoing document by electronic delivery to the interested parties in this action as indicated above.

20    ☒    **(By Express Delivery)** I served a true and correct copy, enclosed in sealed Fedex
21  envelopes, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressees as indicated above.

22    I declare under penalty of perjury under the laws of the State of California that the
23  foregoing is true and correct. Executed on ***March 23, 2021***, at Costa Mesa, California.

24

25    *Kelley L. Saunders*

─────────────────────────────
26    Kelley L. Saunders

27

28

# EXHIBIT "20"

# EXHIBIT "20"

# EXHIBIT "20"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2021 02:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Hankins, Deputy Clerk

1  HAYNES AND BOONE, LLP
   David Clark/Bar No. 275204
2    david.clark@haynesboone.com
   Andrea Levenson/Bar No. 323926
3    andrea.levenson@haynesboone.com
   600 Anton Boulevard, Suite 700
4  Costa Mesa, CA  92626
   Telephone:    (949) 202-3000
5  Facsimile:    (949) 202-3001

6  Attorneys for Defendants
   BLOCKFI LENDING LLC
7  BLOCKFI INC.

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **COUNTY OF LOS ANGELES, BURBANK COURTHOUSE**

11

| | |
|---|---|
| GEORGE GERRO, an individual, | ) **CASE NO.: 20STCV31493** |
| Plaintiff, | ) |
| | ) **ASSIGNED FOR ALL PURPOSES TO:** |
| vs. | ) **Honorable William D. Stewart** |
| | ) **Department A** |
| BLOCKFI LENDING LLC, a Delaware | ) |
| limited liability company; SCRATCH | ) **DECLARATION OF JAN LYNN** |
| SERVICES, LLC, a Delaware limited | ) **OWEN RE: SUPPLEMENTAL** |
| liability company; and DOES 1 through | ) **REPLY BRIEF OF BRIEF** |
| 100, | ) **DEFENDANTS BLOCKFI LENDING,** |
| | ) **LLC AND BLOCKFI, INC. IN SUPPORT** |
| Defendants. | ) **OF FORUM NON CONVENIENS** |
| | ) **MOTION AND DEMURRER** |

Hearing Date: April 8, 2021
Time:              9:30 a.m.
Department:    A

*First Amended*
*Complaint Filed: May 13, 2020*

DECLARATION OF CHARLES E. WASHBURN JR.

# DECLARATION OF JAN LYNN OWEN

I, JAN LYNN OWEN, declare as follows:

1. I am the former Commissioner of the Department of Business Oversight, and I am currently a senior advisor in the Financial Services Group at Manatt, Phelps & Phillips, LLP. I have personal knowledge of the matters set forth herein and, if called upon to testify, I could and would testify competently thereto.

2. In December 2011, I was appointed by Governor Edmund G. Brown Jr. to be the Commissioner of the California Department of Corporations. In July 2013, the Department of Corporations combined with the California Department of Financial Institutions to form the Department of Business Oversight (the "DBO," now called the Department of Financial Protection and Innovation, or "DFPI"). I, therefore, became the first Commissioner of the DBO when those two entities combined in 2013, and I remained Commissioner of the DBO until I left on May 31, 2019. I was therefore Commissioner of the DBO when BlockFi Lending, LLC ("BlockFi") applied for and was granted its Finance Lender and Broker License application in 2018, although I do not recall personally working on BlockFi's application.

3. As Governor Brown's appointment as Commissioner of the DBO, my responsibilities at the DBO included supervision of the entirety of the DBO's operations, including supervision of the DBO's processing and consideration of license applications in approximately 22 different areas of California law, including, without limitation, the California Financing Law ("CFL") (Division 9 of the California Financial Code). Specifically as to license applications, at times I would review those applications in order to monitor the DBO's application process generally and evaluate the performance of our agency as a whole and its individual employees. At other times, I would personally review individual applications and have the authority to make ultimate determinations on whether the DBO should grant or deny certain licenses.

1

DECLARATION OF JAN LYNN OWEN

4.  Particularly given the size of California's economy and its significant influence well outside California, my responsibilities as Commissioner included critical issues such as ensuring that the DBO correctly applied the law when evaluating license applications as well as considering the public policy issues when reviewing the practical impact of DBO decisions inside California as well as nationwide. During my tenure as Commissioner of the DBO, our agency licensed and chartered approximately 368,000 licensees, including many thousands of finance lender licensees alone.

5.  I have read the contention in plaintiff George Gerro's March 19, 2021 brief that as a finance lender, BlockFi is somehow not permitted to hold or use cryptocurrency (or other collateral) as security for the loans it gives to its borrowers. I have also read Mr. Gerro's contention that by doing so, BlockFi is somehow acting as a pawnbroker rather than a finance lender and should be licensed and regulated accordingly. Each of these contentions is incorrect.

6.  As for Mr. Gerro's first contention, during my tenure as Commissioner the DBO granted many licenses to finance lenders whose planned business operations included the holding and/or use of collateral that was being used to secure loans. The business practice of holding and using collateral—including the rehypothecation of that collateral—is common both in California and throughout the United States in connection with secured lending. As Commissioner, I was required to become intimately familiar with California law including, but not limited to, the CFL (including section 22009) as well as the Uniform/California Commercial Code, and the argument that the holding or use of collateral by a finance lender is somehow inconsistent with either of these laws is incorrect. Indeed, a rule to the contrary —that finance lenders were somehow not permitted to hold or use collateral securing loans— would not only be contrary to established California law, it would significantly and detrimentally hamper lending activities and related business operations throughout the State. Accordingly, during my tenure as Commissioner, the DBO granted finance lender licenses to businesses planning to hold and/or use collateral securing loans, including but not limited to licenses which I approved as DBO Commissioner.

2

**DECLARATION OF JAN LYNN OWEN**

7.  Mr. Gerzo's pawnbroker assertions are likewise incorrect.  BlockFi's stated business operations—holding and/or using collateral in the form of cryptocurrency for secured loans, falls squarely under the umbrella of business activities performed by a finance lender licensed by the DBO.  Depending on the business model of any particular entity, finance lenders use a wide variety of collateral to secure loans, including traditional U.S. dollars, physical precious metals (which are typically vaulted with the lender or a third party custodian), stocks and other securities, and (more recently) cryptocurrency such as Bitcoin, Ethereum and Litecoin.  Among other instances, licensees may reasonably conclude that holding collateral is appropriate in situations where traditional collateral controls such as Uniform Commercial Code filings are insufficient to provide effective restrictions on permanent alienation and disposal of the collateral, for example with digital assets and cryptocurrency.  A finance lender license is the appropriate license in California for such operations, and the holding and use of these various types of collateral is not only consistent with California finance lender laws, but is also the standard commercial lending practice for finance lending on easily transferrable collateral.  A pawnbroker license is neither appropriate nor required.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this 23rd day of March, 2021, at _West Sacramento_, California.

_Jan Lynn Owen_
JAN LYNN OWEN

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On *March 23, 2021*, I served a true and correct copy of the document entitled: *DECLARATION OF JAN LYNN OWEN RE SUPPLEMENTAL BRIEF RE MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY, THE ACTION ON THE GROUND OF FORUM NON CONVENIENS* on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, as indicated below and addressed as follows:

| John M. Gerro, Esq.<br>George J. Gerro, Esq.<br>Law Offices of Gerro & Gerro<br>530 S. Glenoaks Boulevard, Suite 200<br>Burbank, CA 91502<br>Telephone: (818) 840-0000<br>E-Mail:      john@gerrolaw.com<br>               george@gerrolaw.com<br>*[Attorneys for Plaintiff]* | Scott J. Hyman, Esq.<br>Katherine Figueroa, Esq.<br>Severson & Werson<br>The Atrium, 19100 Von Karman Avenue<br>Suite 700<br>Irvine, CA 92612<br>Telephone: (949) 442-7110<br>E-Mail:      sjh@severson.com<br>               kf@severson.com<br>*[Attorneys for Defendant Scratch Services, LLC]* |
|---|---|

☐ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I caused such envelope, with postage thereon fully prepaid, to be placed in the United States Mail at Costa Mesa, California as indicated above.

☐ **(By Electronic Delivery)** Pursuant to C.C.P. § 1010.6, I served true and correct copies of the foregoing document by electronic delivery to the interested parties in this action as indicated above.

☒ **(By Express Delivery)** I served a true and correct copy, enclosed in sealed Fedex envelopes, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressees as indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on *March 23, 2021*, at Costa Mesa, California.

*Kelley L. Saunders*
_____
Kelley L. Saunders

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Erin Self
Blockfi Lending LLC
150 BROADWAY FL 19
NEW YORK, NY 10038-4324

SOP Transmittal #  **539852789**

Entity Served:  BlockFi Lending LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of CALIFORNIA on this 06 day of July, 2021. The following is a summary of the document(s) received:

1.  **Title of Action:**  George J. Gerro, Pltf. vs. Christopher S. Shultz, et al., Dfts. // To: BlockFi Lending LLC

2.  **Document(s) Served:**  Other: --

3.  **Court of Jurisdiction/Case Number:** None Specified
Case # 21STCP02023

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

_X_ Personally served by:  _X_ Process Server  ___ Law Enforcement  ___ Deputy Sheriff  ___ U. S Marshall

___ Delivered Via:  ___ Certified Mail  ___ Regular Mail  ___ Facsimile

___ Other (Explain):

6.  **Date and Time of Receipt:**  07/06/2021 02:28:00 PM CST

7.  **Appearance/Answer Date:**  None Specified

8.  **Received From:**  None Specified

9.  **Carrier Airbill #** 1ZY041160198677038

10.  **Call Made to:** Not required

11.  **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Dugan Bliss  dugan.bliss@blockfi.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**          **CopiesTo:**

888-579-0286 - Telephone
213-614-9347 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by  Amanda Garcia

ORIGINAL



## PROCESS SERVER DELIVERY DETAILS

**Date:**              Tue, Jul 6, 2021

**Server Name:**       DROP SERVICE


Entity Served          BLOCKFI LENDING LLC

Case Number            21STCP02023

Jurisdiction           CA

