# *Exhibit G*

Electronically Received 12/03/2021 03:18 AM

George J. Gerro (SBN 325168)
John M. Gerro (SBN 85900)
Gerro & Gerro
530 S. Glenoaks Blvd., Suite 200
Burbank, CA 91502
Telephone: (818) 840-0000

Attorney for Plaintiff
George J. Gerro

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

GEORGE J. GERRO, an individual,

      Plaintiff,

    vs.

CHRISTOPHER S. SHULTZ, as
Commissioner of Financial Protection and
Innovation of the State of California, and DOES
1 through 20, inclusive;

      Defendants.

_____

BLOCKFI LENDING LLC, a Delaware Limited
Liability Company, BLOCKFI TRADING LLC,
a Delaware Limited Liability Company,
BLOCKFI, INC., a Delaware Corporation, and
DOES 21 through 40, inclusive;

      Real Parties in Interest.

Case No.: 21STCP02023

**SECOND AMENDED VERIFIED COMPLAINT FOR:**

**1) DECLARATORY RELIEF (GOV. CODE, § 11350)**

**2) DECLARATORY RELIEF (CIV. PROC., § 1060)**

Plaintiff, George J. Gerro, alleges as follows:

    1.    California's statutory scheme recognizes two mutually exclusive categories of secured lenders: (A) a "pawnbroker:" in the "business of receiving goods . . . in pledge as security for a loan" (Fin. Code, § 21000;) and, (B) a " 'Finance lender:' " in the business of making loans secured by "personal property, the *use and possession of which property is retained by **other than the . . . lender***" (Fin. Code, § 22009, italics and emphasis added.)

2.    The Commissioner of Financial Protection and Innovation of California (Defendant) may issue " 'Finance lender' " licenses; however, Defendant has no authority to issue a "pawnbroker" license.

3.    Defendant willfully issued a " 'Finance lender' " license to an unlicensed pawnbroker, BlockFi.

4.    Real Party in Interest BlockFi Lending LLC (BlockFi) makes loans to California residents, yet retains use and possession of personal property securing its loans, usually Bitcoin and Ethereum.

5.    BlockFi usurps legal and equitable ownership from its California borrowers.

6.    BlockFi transfers, trades, and speculates with personal property belonging to its California borrowers, transferring possession to third-parties, and converting all proceeds thereof to its own use.

7.    Defendant knew that BlockFi did not qualify as a finance lender.

8.    BlockFi's finance lender license (Finance Lender License) is unlawful, invalid, and contravenes public policy.

9.    From 2018 to 2021, Defendant issued numerous " 'Finance lender' " licenses to lenders that retain use and possession of personal property securing their loans to California residents, based upon Defendant's erroneous interpretation of Financial Code section 22009.

10.    Defendant's erroneous interpretation of Financial Code section 22009 (Underground Regulation) failed to comply with the Administrative Procedures Act (Gov. Code, § 11340 et seq.)

11.    Defendant's Underground Regulation constitutes a void and unenforceable regulation.

12.    Pursuant to its Finance Lender License, BlockFi used and possessed Plaintiff's personal property.

13.    BlockFi foreclosed upon Plaintiff during a mass foreclosure event—harming an untold number of California residents.

14.    BlockFi converted Plaintiff's personal property due to a mere decline in the price of bitcoin.

15.    BlockFi refuses to return almost all of Plaintiff's personal property.

16.    BlockFi relies upon the purported validity, and incorrect construction, of its Finance Lender License in refusing to return Plaintiff's personal property.

17.    Upon information and belief, if this Court declares that BlockFi's Finance Lender License was invalidly issued, or that BlockFi's use and possession of Plaintiff's property was unauthorized activity, then BlockFi will return Plaintiff's property.

18. This action seeks no coercive relief.

19. This action only seeks pure declaratory relief, that:

   a. Defendant erroneously interpreted Financial Code section 22009 to allow a " 'Finance lender' " to retain use and possession of personal property securing its loans;

   b. Defendant has no authority to issue finance lender licenses to secured parties that retain use and possession of personal property securing their loans;

   c. Defendant's Underground Regulation, interpreting Financial Code section 22009, is void for failure to comply with the Administrative Procedure Act (Gov. Code, § 11350);

   d. BlockFi's use and possession of personal property securing its loans constitutes unauthorized or unlicensed activity;

   e. Defendant exceeded his authority under the Financing Law, by issuing finance lender licenses to unlicensed pawnbrokers (*Levison v. Boas* (1907) 150 Cal. 185, 189-193;) and

   f. BlockFi's finance lender license is void, unlawful, invalid, and against public policy (Civ. Code, § 1667.)

20. Plaintiff has commenced different causes of action against BlockFi to recover possession of Plaintiff's personal property and to obtain "public injunctive relief."  (*McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 961.)

21. Plaintiff alleges Count One against Defendant only, under the Administrative Procedure Act (Gov. Code, § 11350).

22. Plaintiff joins Real Parties with respect to Count Two only, under the Declaratory Relief Act (Civ. Proc., § 1060 et seq.)

23. The instant action involves pivotal public policy, because BlockFi continues to systematically use, possess, and declare forfeitures of personal property securing its loans to California residents.

24. If BlockFi is unable or unwilling to return possession of personal property securing its loans, for any reason whatsoever, then its California borrowers will suffer terrible and devastating financial losses.

25. Due to BlockFi's unlawful and unlicensed lending, its California borrowers are *net, unsecured,* sub silentio *creditors* of BlockFi.

26. BlockFi exposes its borrowers, including Plaintiff, to ongoing, grave, and irreparable risk of loss.

**PARTIES**

27.    At all relevant times herein, George J. Gerro (Gerro) was an individual residing in the County of Los Angeles, acting in his capacity as a consumer for personal purposes only.  George J. Gerro is a member of the California State Bar (State Bar Number 325168).

28.    Defendant Christopher S. Shultz is the Acting Commissioner of the California Department of Financial Protection and Innovation, formerly known as the California Department of Business Oversight (Defendant).  Defendant is being sued in his representative capacity only.

29.    Real Party in Interest BlockFi Lending LLC, a Delaware Limited Liability Company, (BlockFi) is a California Finance Lender and Broker (license No. 60DBO-81955, Aug. 16, 2018 (License)) licensed by the Department as a "finance lender" (Fin. Code, § 22009).  BlockFi retains use and possession of personal property, usually Bitcoin, securing its loans pursuant to said License.

30.    Real Party in Interest BlockFi Inc. is a Delaware Corporation, and upon information and belief, is the sole and exclusive member of BlockFi Lending LLC, and was responsible for aiding, abetting, and providing material assistance in the illegal obtainment of BlockFi's Finance Lending License.

31.    Real Party in Interest BlockFi Trading LLC is a Delaware Limited Liability Company, and upon information and belief, intermittently takes use and possession of personal property securing BlockFi's loans to California residents for the purpose of transporting, liquidating, and converting their security.

32.    Plaintiff does not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 40, inclusive, and therefore sues these defendants by fictitious names under Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 40, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 40, inclusive, is involved in the unlawful activities alleged herein.

**GENERAL ALLEGATIONS**

**Bitcoin is Personal Property Capable of Use and Actual Possession**

33.    Bitcoin is movable personal property.

34.    Bitcoin is capable of actual possession, delivery, and use.

35.    Bitcoin may be permanently transferred, stolen, or lost.

36.    Bitcoin is created by an energy intensive process referred to as mining.

37.    Bitcoin is purchased and sold for a uniform market price as a commodity.

38.    Bitcoin may be used to create and pay for transactions, including smart contracts, upon the Bitcoin Network.

39.    Transactions on the Bitcoin Network are irreversible.

40.    Bitcoin is divisible, so any lay person may own a tiny fraction of a Bitcoin.

41.    Foreseeable and unforeseeable network-wide events, such as a soft fork, hard fork, or attack, may temporarily cause the bitcoin price to suddenly lose most of its value.

42.    Foreseeable and unforeseeable market-wide events, such as price manipulation,  deleveraging, or mass foreclosures by BlockFi, may temporarily cause the bitcoin price to suddenly lose most of its value.

43.    When Bitcoin's price undergoes a net drawdown of 30% to 50% or more, BlockFi systematically accelerates its loans and liquidates personal property belonging to California residents.

44.    Bitcoin's price is extraordinarily volatile.

**BlockFi Lending LLC Retains Use and Possession of Personal Property Securing its Loans**

45.    Defendant allows BlockFi to retain use and possession of personal property securing BlockFi's loans to California borrowers, consisting of bitcoin and other digital goods (collectively, with Plaintiff's security, referred to as "Pledged Bitcoin").

46.    BlockFi lends money for interest to California consumers (collectively, including Plaintiff, referred to herein as "California Consumers") secured by BlockFi's possession of Pledged Bitcoin.

47.    BlockFi always requires California Consumers to deliver their Pledged Bitcoin to BlockFi.

48.    BlockFi claims a contractual right to  *actual possession* of Pledged Bitcoin as a condition concurrent of BlockFi's loans.

49.    BlockFi takes in whole or in part, as security for a loan, a contract or obligation involving the forfeiture of rights in or to personal property, of which BlockFi retains use or possession thereof.

50.    Upon information and belief, BlockFi holds the Pledged Bitcoin by and through BlockFi's agents, who hold the Pledged Bitcoin in BlockFi's name, at BlockFi's behest, and for BlockFi's benefit.

51.    BlockFi and its agents do not act as trustees or agents of California Consumers.

**BlockFi Lending LLC's Practices Threaten California Consumers with Irreparable Harm**

52.    Upon information and belief, BlockFi has taken possession of billions of dollars' worth of Bitcoin from California residents.

53.    Upon information and belief, BlockFi converts Pledged Bitcoin to an unsecured liability of BlockFi.

54.    Upon information and belief, BlockFi reduces California Consumers to the status of unsecured creditors of BlockFi.

55.    California Consumers are *net creditors* of BlockFi, because BlockFi owes more to California Consumers than vice versa.

56.    Upon information and belief, BlockFi's liability to California Consumers greatly exceeds the liability of California Consumers to BlockFi.

57.    Upon information and belief, BlockFi claims legal title to Pledged Bitcoin.

58.    Upon information and belief, BlockFi claims equitable ownership of Pledged Bitcoin.

59.    Upon information and belief, BlockFi intermittently short-sells Pledged Bitcoin.

60.    California Consumers are deprived of control over Pledged Bitcoin for the duration of BlockFi's possession.

61.    If BlockFi were a duly licensed and properly regulated pawnbroker (Fin. Code, § 21000 et seq.), then BlockFi: (A) cannot take legal title to the Pledged Bitcoin, (see Fin. Code, § 21002, subd. (a);) (B) cannot transfer possession of Pledged Bitcoin to third-parties (see Fin. Code, § 21201, subd. (c);) (C) cannot accelerate loan balances of California Consumers (*ibid*.;) (D) must provide California Consumers with a statutory right of redemption for the entire loan term (*ibid*.;) and (E) cannot sell Pledged Bitcoin (Fin. Code, § 21201, subd. (g).)

62.    BlockFi forecloses upon California Consumers by liquidating and converting their Pledged Bitcoin at a significant discount, upon foreseeable declines in the price of Bitcoin.

63.    Upon information and belief, BlockFi uses the Pledged Bitcoin without remitting, crediting, or accounting to the California Consumers for the proceeds thereof.

64.    BlockFi conceals details of BlockFi's transactions with Pledged Bitcoin.

65.    Upon information and belief, BlockFi leases, transfers, trades, and sells Pledged Bitcoin.

66.   Upon information and belief, all proceeds from the Pledged Bitcoin are wrongfully converted to BlockFi's own use.

67.   BlockFi's use and possession of Pledged Bitcoin is largely unregulated with little oversight, like an unregulated hedge fund, or fractionally reserved shadow bank.

68.   Pledged Bitcoin is uninsured, subjected to risk, and at peril of an accidental loss.

69.   Pledged Bitcoin is uninsured by the Federal Deposit Insurance Corporation (FDIC).

70.   Pledged Bitcoin is unprotected by the Securities Investor Protection Corp. (SIPC).

71.   Pledged Bitcoin is not regulated by the Securities and Exchange Commission (SEC).

72.   BlockFi is not regulated by the Office of the Comptroller of the Currency (OCC).

73.   BlockFi is not regulated by the Federal Reserve Board.

74.   BlockFi is not a chartered bank.

75.   BlockFi cannot qualify as a bank.

76.   BlockFi is not a licensed custodian.

77.   BlockFi cannot qualify as a licensed custodian.

78.   BlockFi is not a trust company.

79.   BlockFi cannot qualify as a trust company.

80.   BlockFi has no authority to use and possess Pledged Bitcoin from California Consumers.

81.   Upon information and belief, BlockFi commingles Pledged Bitcoin with other proceeds that BlockFi obtains from its sale of unregistered securities.

82.   Multiple States, including New Jersey, Kentucky, Alabama, Texas, Vermont, and Washington have alleged or found that BlockFi offers and sells unregistered securities.

83.   Upon information and belief, BlockFi's ability to return the Pledged Bitcoin to California Consumers is thereby imperiled by operational risks of BlockFi's proprietary business.

84.   BlockFi exposes California Consumers to greater risks than that of an ordinary loan.

85.   BlockFi's unlawful operation poses a risk to the credit, economy, and markets of California.

86.   California Consumers will suffer large scale, state-wide, and irreparable financial harm if BlockFi fails to return the Pledged Bitcoin for any reason, including but not limited to insolvency, theft, negligence, or Acts of God, affecting either BlockFi or its counterparties.

---

87.   BlockFi may declare the California Consumers to be in default of their loans for many different reasons that are beyond the control of California Consumers.

88.   BlockFi considers a substantial decline in the price of bitcoin as an event of default.

89.   After BlockFi declares the Consumer to be in default, BlockFi might liquidate their Bitcoin in whole or in part, at its sole discretion.

90.   Upon information and belief, BlockFi engages in systematic and mass foreclosures every time that the price of Bitcoin substantially declines.

91.   BlockFi continues to amass possession of Bitcoin securing its loans to California Consumers.

92.   BlockFi continues to use Bitcoin securing its loans to California Consumers.

93.   If the price of Bitcoin significantly declines, for any reason, then BlockFi may summarily foreclose upon many California Consumers that will suffer irreparable financial losses as a result.

94.   Upon information and belief, BlockFi will continue to retain use and possession of personal property belonging to California Consumers unless and until its License is declared to be invalid.

**Plaintiff Suffered, and Continues to Suffer, Due to Defendant's Invalid Licensure of BlockFi**

95.   Plaintiff is a California Consumer.

96.   BlockFi took possession of Plaintiff's Pledged Bitcoin as security for his loan.

97.   BlockFi refuses to return almost all of Plaintiff's Pledged Bitcoin.

98.   BlockFi claims to have liquidated almost all of Plaintiff's Bitcoin due to a mere decline in the price of Bitcoin.

99.   BlockFi retains Plaintiff's Bitcoin under color of authority of BlockFi's Finance Lender License.

100.  BlockFi lent money to Plaintiff, and retained use and possession of his Bitcoin, under color of authority of its Finance Lender License.

101.  Plaintiff commenced suit against BlockFi to recover possession of his personal property, so the California Court of Appeal is currently determining whether BlockFi's Delaware forum selection clause violates California's Financing Law (Fin. Code, § 22324; 10 Cal. Code Regs. § 1408) and California's public policy (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 158-162).  (*Gerro v. BlockFi Lending LLC, et al.* (Los Angeles Super. Ct., case No. 20BBCV00308 (pending app. California Court of Appeal, Second District, Division 1, case no. B307156) (*Gerro I*).)

102.  Plaintiff commenced suit against BlockFi for public injunctive relief only (*McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 961,) so the California Court of Appeal is currently determining whether that action constitutes a different cause of action than *Gerro I*.  (*Gerro v. BlockFi Lending LLC, et al.* (Los Angeles Superior Court, case no. 20STCV31493 (pending app. California Court of Appeal, Second District, Division p, case no. B312647) (*Gerro II*).)

103.  *Gerro I & II* have been consolidated by the Court of Appeal for purposes of oral argument and decision.

104.  Currently, Defendant is not a party to *Gerro I* or *Gerro II*.

**Defendant Willfully Issued a Finance Lender License to an Unlicensed Pawnbroker**

105.  Defendant willfully licensed BlockFi as a finance lender that makes loans secured by BlockFi's use and possession of Pledged Bitcoin.

106.  Defendant had actual notice that BlockFi intended to retain use and possession of security for its loans.

107.  Defendant's notice of BlockFi's use and possession of Pledged Bitcoin is demonstrated by Exhibits "1" to "14," true and correct excerpts of Defendant's file on BlockFi, and are hereby incorporated by reference.

108.  Initially, Defendant informed BlockFi that it did not qualify as a " 'Finance lender' " (Fin. Code, § 22009.)  (See Exhibit "10").

109.  Then, BlockFi requested that Defendant issue an interpretive opinion of the Financing Law, to expressly allow BlockFi's use and possession of Pledged Bitcoin.  (See Exhibit "12").

110.  Defendant secretly interpreted Financial Code section 22009 as being consistent with BlockFi's possession of Pledged Bitcoin.  (A true and correct copy of a list of the Defendant's intra-agency communications is attached hereto as Exhibit "15," and hereby incorporated by reference.)

111.  Defendant concluded that BlockFi may possess California Consumers' Pledged Bitcoin.

112.  Upon information and belief, Defendant attempted to hide its Underground Regulation, by issuing BlockFi's Finance Lending License, instead of issuing its requested interpretive opinion.

113.  Defendant willfully issued a license "to engage in the business of 'finance lender'. . . as defined in said law," or Financial Code section 22009 to BlockFi on August 16, 2018.  (A true and correct copy of the Finance Lending License is attached hereto as Exhibit "16," and incorporated by reference.)

114.  Upon information and belief, Defendant issued the license in accordance with an overarching, quasi-legislative policy and interpretation that a " 'Finance lender' " may retain use and possession of Pledged Bitcoin as security for loans to California Consumers.  (Fin. Code, § 22009; Civ. Code, § 1667.)

115.  Pursuant to its Underground Regulation, Defendant has since issued numerous licenses to lenders that retain use and possession of personal property security belonging to California borrowers.

116.  Plaintiff hereby incorporates by reference Exhibit "17" which is a true and correct copy of a declaration demonstrating that Defendant willfully issued a finance lender license to BlockFi.

117.  Plaintiff hereby incorporates by reference Exhibit "18," which is a true and correct copy of a declaration of Defendant at the time that BlockFi's license was issued, Defendant's predecessor-in-interest, demonstrating the Underground Regulation of Defendant.  (Declaration of Jan Lynn Owen.)

118.  Upon information and belief, BlockFi has no other license authorizing it to retain use and possession of personal property securing its loans.

119.  Defendant unlawfully issued finance lender licenses to BlockFi.

120.  BlockFi's license was issued in violation of statute.

121.  BlockFi's license was issued pursuant to Defendant's underground regulation.

122.  BlockFi's license violates public policy.

123.  BlockFi's license was issued in an abuse of discretion.

124.  BlockFi's license was issued without substantial evidence.

125.  BlockFi's license was issued in excess of jurisdiction.

126.  BlockFi's license is void ab initio.

127.  Upon information and belief, Defendant intentionally aided, abetted, and acted in conspiracy with Real Parties to materially assist in their unlawful acts.  (Fin. Code, §§ 22753, 22780, 21300.1, 21209, 21307, 21201, subd. (g); see Com. Code, § 9201.)

128.  BlockFi constitutes an unlicensed pawnbroker under California law.  (See Fin. Code, § 21000; especially *Levison v. Boas* (1907) 150 Cal. 185, 189-195.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION
### Administrative Procedure Act (Gov. Code, § 11350)
### (Against Defendant Christopher S. Shultz, and DOES 1 to 10 and 21 to 30, inclusive)

129.   Plaintiff refers to and realleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth at length.

130.  "Any interested person may obtain a judicial declaration as to the validity of any regulation . . . by bringing an action for declaratory relief in the superior court in accordance with the Code of Civil Procedure. . . . The regulation . . . may be declared to be invalid for a substantial failure to comply with this chapter [Gov. Code, § 11340 *et seq*.]"  (Gov. Code, § 11350, subd. (a).)

131.  "Every order, decision . . . or other official act of the commissioner is subject to judicial review in accordance with law."  (Fin. Code, § 22718.)

132.  Defendant has interpreted and construed Financial Code section 22009 so as to enable a " 'Finance lender' " to retain use and possession of personal property securing its loans.

133.  Defendant effectuated its Underground Regulation, by issuing finance lender licenses to secured parties that routinely retain use and possession of personal property securing their loans.

134.  Defendant utilized, enforced, and/or attempted to enforce an instruction, order, rule, standard of general application, or regulation adopted to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure, without adopting it as a regulation in accordance with California's Administrative Procedure Act (Gov. Code, § 11340.5 *et seq*.) and without filing the underground regulation with the Secretary of State.

135.  Defendant has failed to create, compile, or maintain a rulemaking file for its Underground Regulation.

136.  Plaintiff hereby incorporates by reference Exhibit "19," which is a true and correct copy of Plaintiff's request for a public inspection of Defendant's rulemaking file.

137.  Notwithstanding Plaintiff's request, Defendant has failed to provide its rulemaking file for public inspection in violation of Government Code section 11347.3, subdivision (d).

138.  Defendant will continue to issue finance lender licenses, pursuant to its void Underground Regulation, unless and until this court declares the infirmity of Defendant's mis-licensing scheme.

## SECOND CAUSE OF ACTION
### Declaratory Relief Act (Civ. Proc., § 1060)
**(Against all Defendants, Real Parties in Interest, and DOES 11 to 20 and 31 to 40, inclusive)**

139.  Plaintiff refers to and realleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth at length.

140.  "Every . . . license . . . of the [Defendant] commissioner is subject to judicial review in accordance with law."  (Fin. Code, § 22718.)

141.  An actual controversy has arisen between the parties in relation to the invalidity of the License.

142.  Pursuant to its finance lender license, BlockFi used and possessed Plaintiff's personal property securing his loan.

143.  The parties dispute whether Defendant's issuance of the license was inconsistent with Financial Code section 22009.

144.  The parties dispute the effect of the License, and whether the Real Parties may not retain either use or possession of personal property securing loans made pursuant to their finance lender licenses.

145.  The parties dispute whether the License was issued in violation of public policy.

146.  The parties dispute whether the License was issued inconsistently with Financial Code section 22009.

147.  The parties dispute whether Real Parties' use and possession of Plaintiff's personal property is permitted by the License.

148.  The parties dispute whether Defendant can authorize a finance lender to use and possess security.

149.  The parties dispute whether Real Parties' licenses were issued pursuant to an underground regulation that Defendant has not adopted in compliance with the statutory rulemaking procedures.

150.  BlockFi's license was issued pursuant to a void underground regulation of Defendant.

151.  Plaintiff seeks a declaration of whether the License is void, in order to determine the status of Real Parties' licensure.

152.  The parties dispute whether BlockFi is required to return possession of the personal property securing Plaintiff's loan.

153.  The parties dispute whether BlockFi has an enforceable forfeiture interest in the Pledged Bitcoin.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that the Court enter judgment against Defendant and Real Parties in Interest as follows:

### **As to the First Cause of Action**

1.  For a determination that Defendant's interpretation, regarding Financial Code section 22009, is void, incorrect, and not entitled to any deference;

2.   For a determination that Defendant has failed to substantially comply with the California Administrative Procedure Act (Gov. Code, § 11340 et seq.;)

3.  For a determination that Defendant's interpretation of Financial Code section 22009 does not effectuate the purpose of the statute;

4.  For a determination that Defendant's interpretation of Financial Code section 22009 is not reasonably necessary.

5.  For a determination that Defendant's interpretation of Financial Code section 22009 is not within the scope of authority conferred;

6.  For a determination that Defendant's interpretation of Financial Code section 22009 is in conflict with the statute;

### **As to the Second Cause of Action**

7.  For a determination be made that the License is invalid, void, and against public policy;

8.  For a determination that the License was issued in an abuse of Defendant's discretion;

9.  For a determination that the License was issued by Defendant without substantial evidence;

### **As to All Causes of Action**

10. For costs of the action;

11. For public interest attorney fees (Civ. Code, § 1021.5;) and

12. For any other declaratory relief that this Court deems just and proper.

Dated:  December 3, 2021

Respectfully Submitted
GERRO & GERRO

By:  /s/ George Gerro
George J. Gerro
Attorney and Plaintiff

1

### VERIFICATION

2  I, George J. Gerro, the undersigned, says:  he is the Plaintiff in the above entitled action; he has read the

3  above **SECOND AMENDED COMPLAINT FOR PURE DECLARATORY RELIEF**, and is

4  familiar with its contents; that the same is true of his own knowledge except as to the matters which are

5  therein stated on his information and belief, and as to those matters that he believes it to be true.  I

6  declare under penalty of perjury under the laws of the State of California that the above is true and

7  correct and that this verification is executed on December 3, 2021, in Burbank, California.

8

9

10  

11  GEORGE J. GERRO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *GERRO v. SHULTZ* (LOS ANGELES SUPER. COURT CASE NO. 21STCP02023)
### INDEX OF EXHIBITS TO
### SECOND AMENDED COMPLAINT FOR PURE DECLARATORY RELIEF

| Ex. | p. | DESCRIPTION |
|---|---|---|
| "1" | 2 | Application by BlockFi Lending LLC (BlockFi) for a Finance Lender's License |
| "2" | 7 | Letter from Defendant to BlockFi, dated February 14, 2018, requesting information. |
| "3" | 10 | Letter from Blockfi to Defendant, dated March 5, 2018, notifying the Department that BlockFi intends to retain use and possession of personal property securing its loans as a finance lender. |
| "4" | 14 | Letter from Defendant to BlockFi, dated March 8, 2018, notifying Blockfi that its proposed business plan falls outside the scope of a finance lending license. |
| "5" | 17 | Letter from Blockfi to Defendant, dated March 23, 2018, arguing that BlockFi must take possession of security to deprive its borrowers of control. |
| "6" | 21 | Letter from BlockFi to Defendant, dated March 26, 2018, expressing BlockFi's intent, pursuant to Financial Code section 22009, to take possession of its borrower's assets as security for Blockfi's loans. |
| "7" | 24 | Letter from Defendant to BlockFi, dated March 28, 2018, stating Blockfi's possession of its borrower's security is unauthorized by the Financing Law. |
| "8" | 27 | Letter from Defendant to BlockFi, dated April 6, 2018, reiterating that BlockFi's proposed use and possession of security is not authorized by the Financing Law. |
| "9" | 30 | Email from Blockfi to Defendant, dated April 10, 2018, construing the Commercial Code to allow a finance lender to take possession of collateral. |
| "10" | 34 | Letter from Defendant to BlockFi, dated April 10, 2018, rejecting Blockfi's legal conclusion that a finance lender may use and possess its security. |
| "11" | 37 | Email from Blockfi to Defendant, dated April 11, 2018, stating that Blockfi's underwriting model will value personal property that its borrowers possess. |
| "12" | 41 | Request for Interpretive Opinion from Blockfi to Defendant, dated May 14, 2018, requesting a legal interpretation to allow a finance lender to use and possess collateral securing its loan. |
| "13" | 47 | Request for Confidential Treatment from Blockfi to Defendant, dated May 14, 2018, requesting confidentiality of its request for an Interpretive Opinion. |
| "14" | 49 | Grant of Request for Confidential Treatment from Defendant to Blockfi, dated June 7, 2018, concealing BlockFi's request for two years. |
| "15" | 51 | List of Defendant's concealed communications in response to BlockFi's request for interpretive opinion. |
| "16" | 54 | BlockFi's Finance Lender License, issued on August 16, 2018. |
| "17" | 58 | Declaration of Charles J. Washburn, Jr., Blockfi's attorney, filed by BlockFi on March 23, 2021 in *Gerro II*, confirming that the Department issued Blockfi's license upon the legal conclusion that Blockfi may possess collateral. |
| "18" | 75 | Declaration of Jan Lynn Owen, predecessor in interest to Defendant, filed by BlockFi on March 23, 2021 in *Gerro II*, confirming that the Department has a policy of issuing licenses to finance lenders that take possession of collateral. |
| "19" | 80 | Plaintiff's Request to Defendant, dated November 18, 2021, Requesting a public inspection of Defendant's Rulemaking File. |

# EXHIBIT "1"

# EXHIBIT "1"

# EXHIBIT "1"

(Department of Business Oversight Use Only)

Fee Paid $ _558_

Receipt No. _CF147-02_

FEB 0 2 2018

DEPARTMENT OF BUSINESS OVERSIGHT

File No._____

**STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT**

**APPLICATION FOR A LICENSE UNDER THE
CALIFORNIA FINANCE LENDERS LAW**

*Received
LA Mailroom*

*FEB 0 1 2018*

*Department of
Business Oversight*

*APPLICATION FOR A LICENSE AS A:*    [ ] LENDER    [ ] BROKER    [☑] BOTH

The application must be accompanied by a non-refundable application fee of $200, a non-refundable investigation fee of $100, and non-refundable fingerprint processing fees (Departments of Business Oversight and Justice). The application (together with the fees payable to the Department of Business Oversight) must be filed in the Los Angeles office of the Department of Business Oversight, located at 320 West 4th Street, Suite 750, Los Angeles, CA  90013.

1.    a. Name of Applicant: BlockFi Lending LLC _____

      b. Fictitious Business Name: NA _____

      c. Fictitious Business Name filed in the County of: NA _____

2.    Applicant is organized and will do business as (check as applicable):

            [ ] an individual (a sole proprietor)

            [ ] a general partnership

            [ ] a limited partnership

            [ ] a corporation

            [☑] a limited liability company

            [ ] other (please specify such as joint venture, association, joint stock company, trust, unincorporated organization, government, or political subdivision of a government): _____

3.    Applicant's proposed licensed place of business:

| 86 Chambers Street, Suite 205 | New York, | New York, NY | 10007 |
|---|---|---|---|
| (Number and Street) | (City) | (County)    (State) | (Zip) |

*1422 – CFLL Application Long Form (Rev.5/16)*          1

b.  Provide a short description of the applicant's business plan that includes any information necessary for the Commissioner of Business Oversight to have an understanding of the type of business that the applicant plans to conduct under this license.

BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the needs of consumers and

corporations across the globe.  We build bridges between traditional finance and digital markets that enable growth for all participants.  Our first product is secured loans collateralized by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up their digital assets as collateral.  Leveraging a sophisticated infrastructure that integrates with multiple blockchains, we plan to expand our product set based on our retail and institutional client's needs.

11.  Has the applicant's offer and sale of securities been qualified in California?

☐ Yes      ☑ No

If no, check as applicable:
☐ Applicant is exempt from qualification, and has filed any applicable notice of exemption with the Department.
☑ Applicant has never offered or sold its securities in California or to a California resident.

## REQUIRED EXHIBITS:

**EXHIBIT A.**  Provide a balance sheet of the applicant prepared in accordance with generally accepted accounting principles and dated no more than 90 days prior to the date this application is filed.  Label the balance sheet as Exhibit A.

**EXHIBIT B.**  Provide the original surety bond, including riders and endorsements in the amount of $25,000. The instructions and bond form are enclosed.

**EXHIBIT C.**  Provide for each individual (natural person) named in Items 4, 5, and 6, a Statement of Identity and Questionnaire, along with fingerprint information and the cost of fingerprint processing.  The Statement of Identity and Questionnaire form is enclosed.

**EXHIBIT D.**  SOLE PROPRIETOR ONLY: Complete the enclosed form entitled "Statement of Citizenship, Alienage, and Immigration Status for Application of Department of Business Oversight License or Certificate."

**EXHIBIT E.**  Complete the enclosed form entitled "Customer Authorization for Disclosure of Financial Records."

**EXHIBIT F.**  Provide a copy of the current Fictitious Business Name Statement filed with the county clerk. Label the document as Exhibit F.

## EXECUTION SECTION

In the matter of the Application for a License under the California Finance Lenders Law, I, the undersigned, authorized to act on behalf of the applicant, declare that the following statements are true and correct:

1.  That the applicant has obtained and read copies of the California Finance Lenders Law (Division 9 of the California Financial Code) and the Finance Company Rules (Chapter 3, Title 10, California Code of Regulations) and is familiar with their content.

2.  That the applicant agrees to comply with the requirements of the California Finance Lenders Law, the rules adopted, and the orders issued by the Commissioner of Business Oversight.

3.  That in the event of any change of its officers, directors, or any other persons named in this application, the applicant will file an amendment to the application containing the same information in relation to the new person(s) as is required in the application, within thirty days from the date of the change, with the Commissioner of Business Oversight.

4.  That the applicant will file with the Commissioner of Business Oversight an amendment to this application prior to any material change in the information contained in the application for licensure, including, without limitation, the plan of operation.

5.  That the applicant agrees to report any change of business location at least 10 days prior to the change.

6.  That the applicant for a brokers license agrees that a license issued pursuant to the California Finance Lenders Law does not provide the authority to broker loans to lenders that are not licensed as finance lenders as defined in Financial Code Section 22009, that loans will only be brokered to lenders licensed pursuant to the California Finance Lenders Law, and that finance lenders may not pay compensation for brokerage services (i.e., brokerage commission, finder's fee, referral fees, etc.) to anyone not licensed as a broker under this Division, except for those exempt persons as provided for in Section 1451 of the Rules (10 C.C.R. § 1451).

7.  For purposes of Financial Code Sections 22340 and 22600, when selling loans secured by real property to institutional investors, the applicant agrees that the source of funds will be exclusive of any funding advances from an institutional investor committed to purchasing the note. The practice commonly known as "table funding" is not permitted under the California Finance Lenders Law.

8.  That the applicant agrees that a license issued pursuant to the California Finance Lenders Law permits only employees to work under the license. Persons engaged in lending that are not employees may need to obtain a license under the California Finance Lenders Law.

9.  That the applicant agrees that a license issued pursuant to the California Finance Lenders Law does not permit a licensee to authorize locations operated by persons other than employees of the licensee under some form of franchise or license agreement (e.g., net branching).

10.  That the applicant agrees to obtain a new license issued pursuant to the California Finance Lenders Law for each additional location.

Indicate the name, title, address, telephone number, and e-mail address of the person who should be contacted for information regarding this application.  The license will also be mailed to this person *unless otherwise instructed.*

Attention: Stacey Batzar, Regulatory Counsel Group, Inc. Preparer                    678-393-1925
_____          _____
           (Name)                              (Title)                    (Telephone Number)

219 Roswell Street, Suite 200          Alpharetta,          GA                    30009
_____          _____
(Number and Street)                  (City)              (State)                  (Zip Code)

sbbatzar@rcgteam.com
_____
                                    (Email Address)

WHEREFORE, applicant requests that a license be issued by the Commissioner of Business Oversight authorizing applicant to engage in business under the California Finance Lenders Law within the State of California.

The applicant has duly caused this application to be signed on its behalf by the undersigned, thereunto duly authorized.

The undersigned, on behalf of the applicant, acknowledges that this application and all exhibits thereto which are not designated as confidential are subject to public inspection pursuant to Section 250.9.1, Chapter 3, Title 10, California Code of Regulations.  A request for confidentiality of certain documents may be requested pursuant to Section 250.10.  If a request for confidential treatment is granted (or denied), the person making such request will be notified in writing.

The undersigned also acknowledges on behalf of the applicant that the State Board of Equalization and the Franchise Tax Board are authorized to share taxpayer information with the Department of Business Oversight, and in the event the state tax obligation is not paid by licensee after a license is issued, the Department of Business Oversight may be required to suspend the license (Business and Professions Code Sections 31 and 494.5).

I declare under penalty of perjury under the laws of the State of California that I have read the foregoing application, including all Exhibits attached thereto, or filed therewith, and know the contents thereof, and that the statements therein are true and correct.  **The signor of this declaration must be named in either Section 4, 5, or 6 of this application.**

BlockFi Lending LLC
_____
(Applicant)

Executed at New York New York, NY
           (City, County, and State)

Date 1/25/18
                                    (Signature of Declarant)

                                    Florencia Maria Marquez
                                    (Typed Name of Declarant)

                                    Vice President
                                    (Title)

000006

# EXHIBIT "2"

# EXHIBIT "2"

# EXHIBIT "2"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

February 14, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA   FINANCING   LAW   LICENSE   APPLICATION   COMPLETE**
**RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)   A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.   Item #6e of the Application was left blank. Please resubmit Item #6e (and all other items
     included on the same page as 6e) without any blanks; if necessary, indicate ("N/A") but do
     not leave blanks.

2.   Item #8 of the application indicated that there are no other business activities taking place
     at the Applicant's proposed place of business. However, BlockFi Inc. is also noted to be
     operating out of the same business address as the Applicant. Please revise and resubmit
     Item #8 of the Application so that it indicates the other business (BlockFi Inc.) and provides
     a description of its activities.

3.   Item #10b of the application did not describe any lending and/or brokering activities that
     fall under the purview of the California Financing Law ("CFL"). The business plan also

*1515 K Street, Suite 200*            *One Sansome Street, Suite 600*        *320 West 4th Street, Suite 750*        *1350 Front Street, Room 2034*
*Sacramento, CA  95814-4052*          *San Francisco, CA 94104-4428*        *Los Angeles, CA  90013-2344*          *San Diego, CA  92101-3697*
*(916) 445-2705*                      *(415) 972-8565*                      *(213) 576-7500*                       *(619) 525-4233*

*45 Fremont Street, Suite 1700*       *300 S. Spring Street, Suite 15513*    *7575 Metropolitan Drive, Suite 108*
*San Francisco, CA 94105*             *Los Angeles, CA 90013*               *San Diego, CA 92108*
*(415) 263-8500*                      *(213) 897-2085*                      *(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the need of consumers and corporations across the globe. We build bridges between traditional finance and digital markets that enable growth for all participants. Our product is secured loans collateralized by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral." What are fiat currencies? How are these assets securing any loans made by the Applicant? It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender.

Also, a licensed broker under the CFL may only broker loans to licensed CFL lenders.

Please revise and respond accordingly.

4.   A business plan was also submitted under ("Exhibit L"), however, it was indicated to be Exhibit N on the cover letter submitted with the Application. The business plan submitted was indicated as ("Confidential Business Plan"). The business plan is a public document and not confidential. Please remove any reference to confidentiality and resubmit this section.

5.   The Statement of Identity and Questionnaire (SIQ) submitted for Kavita Gupta was not an original SIQ, and the signature page did not include an original, wet-ink signature. Please resubmit Kavita Gupta's SIQ and make sure the verification page includes an original, wet-ink, signature.

6.   Exhibit A: The balance sheet, statement of cash flows and all other financials submitted indicated, ("Draft"). Please remove ("Draft") from the financials and resubmit. The balance sheet should be prepared in accordance with generally accepted accounting principles, with no indications of ("Draft") or any other statements that may give the impression that the information presented may be incorrect.

7.   Exhibit J: The Certificate of Good Standing submitted from the Secretary of State from Delaware did not indicate the date of formation. Please resubmit Exhibit J and ensure that it states the date of formation, state of organization and a statement that the entity is in good standing.

8.   Exhibit K: A certificate of Good Standing from the California Secretary of State was not submitted. Please submit Exhibit K.

9.   Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

000009

# EXHIBIT "3"

# EXHIBIT "3"

# EXHIBIT "3"



**Regulatory Counsel Group, Inc.**
*Mortgage Licensing & Compliance Advisors*

March 5, 2018

> Received
> LA Mailroom
>
> MAR 0 7 2018
>
> Department of
> Business Oversight

Department of Business Oversight

320 West 4th Street

Suite 750

Los Angeles, CA  90013

1-866-275-2677

RE:    BlockFi Lending LLC/CA CFL License Application/60DBO 81955

Dear Mr. Balian:

Per your request, this provides you with the responses to your inquiries in relation to BlockFi Lending LLC's submission for a CFL License.  Regulatory Counsel Group, Inc. is submitting this on behalf of our client.

1.  Please see enclosed page 4, 6e which we discussed.

2.  BlockFi Inc., as the parent company of BlockFi Lending LLC, employs the full time employees that work on BlockFi Inc. and BlockFi Lending LLC and holds material contracts that relate to the non-lending side of the business, such as office leases, marketing contracts and contracts with other vendors.

3.  *What are fiat currencies?*

    A fiat currency is a currency that is backed by a government. In the case of BlockFi Lending LLC, the term fiat currency is used to describe the U.S. Dollar.

    *b. How are these assets securing any loans made by the Applicant?*

    The assets are secured two ways. First, BlockFi Lending LLC requires that its clients store the assets posted as collateral with BlockFi Lending's Licensed custodian, Gemini Trust Company, LLC ("Gemini") (NMLS #1518126), throughout the life of the loan. Gemini is a New York trust company licensed by the New York State Department of Financial Services. Gemini is a fiduciary under §100 of the New York Banking Law and held to specific capital reserve requirements and banking compliance standards.

    Second, BlockFi Lending LLC files a UCC-1 with the secretary of state of the primary state of operation or residence of each borrower. The language utilized in our UCCs to describe the collateral is below:

1

*All of Debtor's right, title and interest in the [AMOUNT OF CRYPTOCURRENCY] [TYPE OF CRYPTOCURRENCY] at [GEMINI DEPOSIT ADDRESS], and all [TYPE OF CRYPTOCURRENCY] that is thereafter deposited by Debtor to such address pursuant to the terms of that certain Loan and Security Agreement, dated as of [DATE OF AGREEMENT], by and between Debtor and Secured Party.*

    **c.    Please explain how BlockFi Lending LLC is engaged in the business of making consumer and commercial loans.**

BlockFi issues consumer and commercial loans to cryptocurrency holders who require liquidity but do not wish to sell their digital assets. BlockFi holds each borrower's digital assets in escrow as collateral, and provides interest-only, U.S. Dollar-denominated loans borrowers. The product is an installment loan with a 12% interest rate on consumer loans and a 13.5% interest rate on commercial loans. Currently, both types of loans are paid back over a period of 12 months. In the event that the value of the borrower's digital assets falls below a prescribed threshold, BlockFi reserves the right to liquidate some or all those digital assets in order to recoup the outstanding loan balance.

4. Please see attached business plan without the reference to "confidential".

5. Kavita Gupta's SIQ with a wet-ink signature is being sent directly to your attention.

6. Please see the non-draft financials enclosed (BlockFi Inc. and BlockFi Lending LLC).

7. Please see the attached, Certificate of Good Standing with formation date, state of organization and good standing of entity (Exhibit J).

8. Please see the attached, Certificate of Good Standing from the Secretary of State of California (Exhibit K).

9. Per our discussion, please see the enclosed updated organizational chart clarifying the ultimate owner.

10. **Who is involved with the Applicant's CFL lending and brokering activities?  Please list the names of the individuals and their duties and responsibilities.**

    Currently, Flori Marquez and Zac Prince are involved in CFL lending activities. Zac Prince is involved in customer outreach efforts. His responsibilities include handling inbound customer questions, developing materials to explain our loan products to prospective clients, and managing our marketing efforts to help initiate applications through marketing efforts.

    Flori Marquez is involved in the underwriting, approval and funding of loans. From time to time, Flori Marquez also assists in answering inbound questions from prospective clients.

    **b.    Who makes the CFL loan decisions for the Applicant?**
All decisions are approved by Flori Marquez in accordance with BlockFi's underwriting policy. All applicants are evaluated on a pass / fail basis.

**c.  Who negotiates the terms, rates, and fees with CA borrowers?**

Because each loan is fully collateralized by an asset, BlockFi Lending LLC's terms are standard across its consumer and business applicants respectively. BlockFi's terms, rates and fees are outlined below:

| Borrower | Term | Rate | Fee |
|----------|------|------|-----|
| Consumer | 12 months | 12.0% | 1.0% |
| Commercial | 12 months | 13.5% | 2.0% |

**d.  Who takes in the loan applications from the CA borrowers?**

All of BlockFi Lending LLC's loan applications are submitted online at https://blockfi.com/apply. Applications are processed by BlockFi's Credit Underwriting team, which currently consists of Flori Marquez.

**e.  List the duties and responsibilities for the individuals named in the application.**

Flori Marquez is responsible for the company's credit operations which include underwriting, funding and tracking of loan applications.

Zac Prince is responsible for the company's investors and helping BlockFi's marketing efforts to help inform potential clients about BlockFi's Lending LLC's lending products.

11.  Please note that the designated email will be set up with legal@blockfi.com.

**If you should have any questions or need any information expeditiously, please do not hesitate to contact me at 678-393-1925 by phone or at sbbatzar@rcgteam.com via email.**

Thank you in advance for your attention to the enclosed.

Regards,

Stacey B. Batzar

219 Roswell Street, Suite 200, Alpharetta, GA 30009

Phone: 678-393-1925/Fax: 678-393-1908

3

# EXHIBIT "4"

# EXHIBIT "4"

# EXHIBIT "4"

000014

STATE OF CALIFORNIA – BUSINESS, CONSUMER  .VICES AND HOUSING AGENCY                                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

March 8, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)   A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.   Item #8 of the application indicated that there are no other business activities taking place
      at the Applicant's proposed place of business. However, BlockFi Inc. is also noted to be
      operating out of the same business address as the Applicant. Please revise and resubmit
      Item #8 of the Application so that it indicates the other business (BlockFi Inc.) and provides
      a description of its activities.

2.   Item #10b of the application did not describe any lending and/or brokering activities that
      fall under the purview of the California Financing Law ("CFL"). The business plan also
      indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and
      efficiency to digital financial markets by creating products that meet the need of consumers
      and corporations across the globe. We build bridges between traditional finance and digital
      markets that enable growth for all participants. Our product is secured loans collateralized

---

*1515 K Street, Suite 200*          *One Sansome Street, Suite 600*          *320 West 4th Street, Suite 750*          *1350 Front Street, Room 2034*
*Sacramento, CA  95814-4052*        *San Francisco, CA 94104-4428*        *Los Angeles, CA  90013-2344*        *San Diego, CA  92101-3697*
*(916) 445-2705*                       *(415) 972-8565*                       *(213) 576-7500*                       *(619) 525-4233*

*45 Fremont Street, Suite 1700*                          *300 S. Spring Street, Suite 15513*                       *7575 Metropolitan Drive, Suite 108*
*San Francisco, CA 94105*                              *Los Angeles, CA 90013*                               *San Diego, CA 92108*
*(415) 263-8500*                                    *(213) 897-2085*                                    *(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral."

The business plan provided does not indicate any lending and/or brokering activities that fall under the purview of the CFL. It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender. In addition, a licensed broker under the CFL may only broker loans to licensed CFL lenders. Also, the CFL license is for lending and brokering within the State of California and is not a license to conduct lending and/or brokering activities across the globe.

Please revise your business plan and submit a business plan that falls under the purview of the CFL. Also, please indicate the lending and brokering activities that will be conducted by the Applicant under the CFL in the State of California with California commercial and consumer borrowers. The business plan does not indicate whether the Applicant will be involved with commercial and/or consumer borrowers within the State of California.

Lastly, the collateral must remain with the borrower. Your response indicated that the clients store the assets posted as collateral with the Applicant's licensed custodian, Gemini Trust Company, throughout the life of the loan. This is not allowed. The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets in escrow as collateral.

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

3.    *The Statement of Identity and Questionnaire (SIQ) submitted for Kavita Gupta was not an original SIQ, and the signature page did not include an original, wet-ink signature. Please resubmit Kavita Gupta's SIQ and make sure the verification page includes an original, wet-ink, signature.*

     Your response to the above item indicated that the SIQ is attached; however, an SIQ was not included with the mail received by the Department.

4.    Exhibit A: The balance sheet submitted indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

     The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

     Is the balance sheet prepared under the cash basis or accrual basis?

     Please respond accordingly.

000016

# EXHIBIT "5"

# EXHIBIT "5"

# EXHIBIT "5"

**Flori Marquez**
**Co-Founder, VP of Operations**

March 23, 2018

VIA OVERNIGHT COURIER

Daniel Balian



Corporation Examiner
California Financing Law
Department of Business Oversight
320 West 4ᵗʰ Street, Suite 750
Los Angeles, California 90013-2344

**RE: California Financing Law License Application 60DBO 81955**

Dear Mr. Balian,

This letter is in reference to the letter sent by the Department on March 8, 2018 to BlockFi
Lending LLC (Applicant) in regards to our application for a license under the California
Financing Law (CFL).

We have set forth below each item in your letter for ease of reference, followed by our
responses:

1. **Item #8 of the application indicated that there are no other business activities taking
   place at the Applicant's proposed place of business. However, BlockFi Inc. is also
   noted to be operating out of the same business address as the Applicant. Please
   revise and resubmit Item #8 of the Application so that it indicates the other business
   (BlockFi Inc.) and provides a description of its activities.**

   Applicant has updated Item #8 of the attached application by checking the "yes" box and
   providing the following description of BlockFi Inc.'s activities:

   Applicant shares its office with BlockFi Inc., the parent company and sole owner of
   Applicant. BlockFi Inc. does not conduct any lending-related activities, and customers
   generally never visit the space, so the shared space should not cause any customer
   confusion. As a parent company, BlockFi Inc. employs the employees that work for
   BlockFi Inc. and Applicant and holds material contracts that relate to the non-lending
   side of the business, such as office leases, marketing contracts and contracts with other
   vendors.

2. **Item #10b of the application did not describe any lending and/or brokering activities
   that fall under the purview of the California Financing Law ("CFL"). The business**

plan also indicated that, "BlockFi Lending LLC's mission is to provide liquidity, transparency and efficiency to digital financial markets by creating products that meet the need of consumers and corporations across the globe. We build bridges between traditional finance and digital markets that enable growth for all participants. Our product is secured loans collateralized by digital assets (Bitcoin and Ether). Clients can access liquidity in the form of a loan in fiat currency by putting up digital assets as collateral."

The business plan provided does not indicate any lending and/or brokering activities that fall under the purview of the CFL. It is unclear what lending activities will be conducted by the Applicant. In addition, no brokering activities were described. Based on the description of the Applicant's planned lending and brokering activities, it does not appear that the Applicant is making or brokering any loans. A finance lender is defined by California Financial Code Section 22009 as any person who is engaged in the business of making consumer or commercial loans. Based on the description of your planned business activities, it is not clear how this falls within the definition of a lender. In addition, a licensed broker under the CFL may only broker loans to licensed CFL lenders.

Also, the CFL license is for lending and brokering within the State of California and is not a license to conduct lending and/or brokering activities across the globe. Please revise your business plan and submit a business plan that falls under the purview of the CFL. Also, please indicate the lending and brokering activities that will be conducted by the Applicant under the CFL in the State of California with California commercial and consumer borrowers. The business plan does not indicate whether the Applicant will be involved with commercial and/or consumer borrowers within the State of California.

As you note above, Item #10b did state that "our product is secured loans," indicating that we intend to engage in the business of lending. Nevertheless, we are revising Item #10b in the attached application to distill and clarify our business plan as follows:

Applicant plans to make one-year, fixed interest rate, consumer and commercial loans. The loans will be secured by security interests in crypto currencies owned by the borrower.

In the event that Applicant determines that it will not make a loan, Applicant may refer the applicant or otherwise broker the loan under the authority of its CFL license to other CFL licensed lenders in the State of California.

Lastly, the collateral must remain with the borrower. Your response indicated that the clients store the assets posted as collateral with the Applicant's licensed custodian, Gemini Trust Company, throughout the life of the loan. This is not allowed. The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets in escrow as collateral. Based on the

**business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.**

Responding to the foregoing comment, we note that a crypto currency is not a tangible asset like an automobile or house that a borrower will possess and use while a loan is outstanding, subject to the lender's security interest. Instead, as its name suggests, a crypto currency is more like money or a deposit account, and a lender that takes a security interest in such an asset must exercise control over the asset to protect itself. For example, if a lender takes a security interest in cash, it cannot allow the borrower to have possession of the cash to spend, of course. The way Applicant will exercise this control to protect itself is by having the crypto currency held by a third party custodian pursuant to an agreement between the Applicant, the borrower and the custodian, which agreement among other things will provide that the borrower cannot sell or transfer the crypto currency until the loan that it secures is paid in full.

3. **Your response to the above item indicated that the SIQ is attached; however, an SIQ was not included with the mail received by the Department.**

   Kavita Gupta is sending her SIQ to the Department separately.

4. **Exhibit A: The balance sheet submitted indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.**

   **Please find the Operating Agreement attached as Exhibit A.**

   **The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.**

   Please find updated financials attached as Exhibit B1 and B2. The Fixed Assets are owned by BlockFi Lending LLC. Please find a current breakdown of all loans owned by BlockFi Lending LLC in exhibit B3. These loans were made in states outside of California in accordance with each state's licensing regulations.

   **Is the balance sheet prepared under the cash basis or accrual basis?**

   The balance sheet is prepared under an accrual basis.

5. **Exhibit J: The Certificate of Good Standing submitted from the Secretary of State from Delaware did not indicate the date of formation. Please resubmit Exhibit J and ensure that it states the date of formation, state of organization and a statement that the entity is in good standing.**

   Please find an updated Certificate of Good Standing attached as Exhibit C.

# EXHIBIT "6"

# EXHIBIT "6"

# EXHIBIT "6"



**Regulatory Counsel Group, Inc.**
*Mortgage Licensing & Compliance Advisors*

March 26, 2018

Daniel Balian

Department of Business Oversight

320 West 4th Street

Suite 750

Los Angeles, CA  90013

1-866-275-2677

Received
LA E...

MAR 27 2018

Department   of
Business Oversight

RE:    **BlockFi Lending LLC/CA CFL License Application/60DBO 81955**

Dear Mr. Balian:

Per your request, this provides you with the responses to your inquiries in relation to BlockFi Lending LLC's submission for a CFL License.  Regulatory Counsel Group, Inc. is submitting this on behalf of our client.

1. Please see attached, page5, #8 of the application.
2. Please see attached,  page 6, #10b of the application.
3. Per your request, please see Z. Prince's and F. Marquez's page 1, SIQs with full social security numbers.
4. Please note that the designated email was set up with legal@blockfi.com.

**If you should have any questions or need any information expeditiously, please do not hesitate to contact me at 678-393-1925 by phone or at sbbatzar@rcgteam.com via email.**

Thank you in advance for your attention to the enclosed.

Regards,

Stacey B. Batzar

219 Roswell Street, Suite 200, Alpharetta, GA 30009

Phone: 678-393-1925/Fax: 678-393-1908

1

b.    Provide a short description of the applicant's business plan that includes any information necessary for the Commissioner of Business Oversight to have an understanding of the type of business that the applicant plans to conduct under this license.

BlockFi Lending LLC plans to make one-year, fixed interest rate, consumer and
commercial loans.  In accordance with California Financial Code Section 2209, BlockFi

will take, in the name of the lender, in part, as security for the loan, possession of each
borrowers' assets.
The assets that BlockFi Lending LLC will take possession of as collateral are
cryptocurrencies.

11.    Has the applicant's offer and sale of securities been qualified in California?

☐ Yes      ☑ No

If no, check as applicable:
☐ Applicant is exempt from qualification, and has filed any applicable notice of exemption with the Department.
☑ Applicant has never offered or sold its securities in California or to a California resident.

## REQUIRED EXHIBITS:

**EXHIBIT A.**  Provide a balance sheet of the applicant prepared in accordance with generally accepted accounting principles and dated no more than 90 days prior to the date this application is filed.  Label the balance sheet as Exhibit A.

**EXHIBIT B.**  Provide the original surety bond, including riders and endorsements in the amount of $25,000. The instructions and bond form are enclosed.

**EXHIBIT C.**  Provide for each individual (natural person) named in Items 4, 5, and 6, a Statement of Identity and Questionnaire, along with fingerprint information and the cost of fingerprint processing.  The Statement of Identity and Questionnaire form is enclosed.

**EXHIBIT D.**  SOLE PROPRIETOR ONLY: Complete the enclosed form entitled "Statement of Citizenship, Alienage, and Immigration Status for Application of Department of Business Oversight License or Certificate."

**EXHIBIT E.**  Complete the enclosed form entitled "Customer Authorization for Disclosure of Financial Records."

**EXHIBIT F.**  Provide a copy of the current Fictitious Business Name Statement filed with the county clerk. Label the document as Exhibit F.

000023

# EXHIBIT "7"

# EXHIBIT "7"

# EXHIBIT "7"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                    EDMUND G. BROWN JR., Governor

**DEPARTMENT OF BUSINESS OVERSIGHT**
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

March 28, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA   FINANCING   LAW   LICENSE   APPLICATION   COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under
the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the
"California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to
the California Financing Law means the California Finance Lenders Law before October 4, 2017
and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any
additional deficiency items identified during the review process, is due on May 21, 2018.
Failure to meet this deadline will result in your pending application being ABANDONED
WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not
acceptable and will result in the application being abandoned.**

1.    Item #2 of the SIQ for Kavita Gupta did not indicate her employment with BlockFi Inc.
      Please revise and resubmit Item #2 of her SIQ so that BlockFi Inc. is indicated.

2.    Item #10b of the application did not describe any brokering activities that fall under the
      purview of the California Financing Law ("CFL").

      The collateral must remain with the borrower. Your response indicated that, "Blockfi will
      take, in the name of the lender, in part, as security for the loan, possession of each
      borrower's assets. The Assets that BlockFi Lending LLC will take possession of as
      collateral are cryptocurrencies.

---

1515 K Street, Suite 200          One Sansome Street, Suite 600       320 West 4th Street, Suite 750      1350 Front Street, Room 2034
Sacramento, CA  95814-4052        San Francisco, CA 94104-4428        Los Angeles, CA 90013-2344          San Diego, CA 92101-3697
(916) 445-2705                    (415) 972-8565                      (213) 576-7500                      (619) 525-4233

45 Fremont Street, Suite 1700                        300 S. Spring Street, Suite 15513                7575 Metropolitan Drive, Suite 108
San Francisco, CA 94105                              Los Angeles, CA 90013                            San Diego, CA 92108
(415) 263-8500                                       (213) 897-2085                                   (619) 682-7227

www.dbo.ca.gov • 1-866-275-2677

This is not allowed under the CFL The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets as collateral.

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

3.   Exhibit A: The balance sheet submitted, dated January 31, 2018, indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

Please respond accordingly.

4.   Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

a.   This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

b.   Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

c.   Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

d.   Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement.

Please submit an organization chart that clearly indicates the information requested above.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight

# EXHIBIT "8"

# EXHIBIT "8"

# EXHIBIT "8"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                    EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

April 6, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

**RE:   CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE
RESPONSE DUE ON MAY 21, 2018**

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the "California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)   A reference to the California Financing Law means the California Finance Lenders Law before October 4, 2017 and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any additional deficiency items identified during the review process, is due on May 21, 2018. Failure to meet this deadline will result in your pending application being ABANDONED WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not acceptable and will result in the application being abandoned.**

1.     Item #10b of the application did not describe any brokering activities that fall under the purview of the California Financing Law ("CFL").



The collateral must remain with the borrower. Your response indicated that, "Blockfi will take, in the name of the lender, in part, as security for the loan, possession of each borrower's assets. The Assets that BlockFi Lending LLC will take possession of as collateral are cryptocurrencies.

This is not allowed under the CFL The Collateral must remain with the borrower. Moreover, the Applicant cannot hold the borrower's digital assets as collateral.

---

| | | | |
|---|---|---|---|
| *1515 K Street, Suite 200* | *One Sansome Street, Suite 600* | *320 West 4th Street, Suite 750* | *1350 Front Street, Room 2034* |
| *Sacramento, CA 95814-4052* | *San Francisco, CA 94104-4428* | *Los Angeles, CA 90013-2344* | *San Diego, CA 92101-3697* |
| *(916) 445-2705* | *(415) 972-8565* | *(213) 576-7500* | *(619) 525-4233* |
| | | | |
| *45 Fremont Street, Suite 1700* | | *300 S. Spring Street, Suite 15513* | *7575 Metropolitan Drive, Suite 108* |
| *San Francisco, CA 94105* | | *Los Angeles, CA 90013* | *San Diego, CA 92108* |
| *(415) 263-8500* | | *(213) 897-2085* | *(619) 682-7227* |

**www.dbo.ca.gov ♦ 1-866-275-2677**

Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

2.    Exhibit A: The balance sheet submitted, dated January 31, 2018, indicated $500,000 due from affiliate. Please provide supporting documents for this receivable; such as a loan agreement or any other supporting document to substantiate the $500,000 indicated on the balance sheet.

The balance sheet also indicated Fixed Assets of $66,302. Please provide supporting documents to substantiate the Fixed Assets indicated on the balance sheet.

Please respond accordingly.

3.    Exhibit M: The organizational chart submitted was unclear as to who the ultimate owner(s) are/is. The organizational chart of the CFL application requires the submission of an organizational chart of the Applicant as follows:

a.    This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

b.    Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

c.    Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

d.    Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement.

Please submit an organization chart that clearly indicates the information requested above.

Please send your response to Daniel Balian at 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

Jan Lynn Owen
Commissioner
Department of Business Oversight

By _____
       Daniel Balian

000029

# EXHIBIT "9"

# EXHIBIT "9"

# EXHIBIT "9"

## Balian, Daniel@DBO

| | |
|---|---|
| **From:** | Washburn, Charles <cwashburn@manatt.com> |
| **Sent:** | Tuesday, April 10, 2018 11:41 AM |
| **To:** | Balian, Daniel@DBO |
| **Cc:** | Flori Marquez; Zac Prince |
| **Subject:** | BlockFi Lending LLC (File Number 60DBO-81955) |
| **Attachments:** | BlockFi Lending LLC_3rd DL_Follow-up Supplemental Questions.pdf; COM_9313..pdf; COM_9312..pdf; BlockFi Lending LLC - Balance Sheet 2018-03.pdf; Screenshot of Bank Account Balance.pdf; BlockFi Lending LLC Loans Receivable.pdf; BlockFi Capitalization Table.pdf |

| | |
|---|---|
| **Importance:** | High |

Dear Mr. Balian,

BlockFi Lending LLC, file number 60DBO-81955 ("Applicant"), has asked this law firm to assist them in resolving the last remaining items with respect to their application for licenses under the California Financing Law ("CFL") set forth in your March 28 letter, in order that their application can be approved and CFL licenses can promptly issue. After you have reviewed this message, I would be happy to discuss with you and other Department representatives any of these items with respect to which the Department might still have questions, so all of the items can be quickly and finally resolved.

The responses below follow the numbering in your March 28 letter, a copy of which is attached for ease of reference.

1. I understand that the Applicant has sent to you by overnight courier an updated page of the SIQ for Ms. Gupta, so this item should be resolved. Please let me know if it is not.

2. The Applicant believes that its March 23 response addressed the matters discussed in Item 2 of your letter, and we hope the following additional response clarifies and resolves this item.

As discussed in the Applicant's March 23 response, the Applicant has revised and replaced in its entirety its business plan for Item 10(b) of the application to read as follows:

> Applicant plans to make one-year, fixed interest rate, consumer and commercial loans. The loans will be secured by security interests in crypto currencies owned by the borrower.

> In the event that Applicant determines that it will not make a loan, Applicant may refer the loan applicant or otherwise broker the loan under the authority of its CFL license to other CFL licensed lenders in the State of California.

We are confused by the statements in your March 28 letter that the foregoing business plan is outside of the purview or authority of the CFL. The business plan states that the Applicant will be engaged in the business of making consumer and commercial loans, which business is clearly within the definition of "finance lender" set forth in the first sentence of Section 22009 of the CFL. The business plan also states that, under the authority of a CFL license, the Applicant will broker to other CFL lenders applications for loans that the Applicant chooses not to make. This activity likewise is clearly within the scope of the definition of "broker" in Section 22004 of the CFL. Please explain to us why these activities are not covered by the CFL, and also please let us know if your letter is therefore advising the Applicant that the Applicant can engage in the activities described in the revised business plan above in California without obtaining a CFL license.

1

We did note that your letter states that "the collateral must remain with the borrower" and a lender "is not allowed under the CFL" to take possession of collateral. Subject to the next paragraph, we are not aware of the basis in the CFL for these statements. Also and as we trust the Department is aware, the California Commercial Code provides that a creditor may perfect a security interest in several types of collateral, including "tangible negotiable documents, goods, instruments, money, or tangible chattel paper" as well as "certificated securities," by taking "possession" of the collateral. See Section 9313 of the California Commercial Code, attached. Indeed, in the case of a security interest in "money" a creditor can <u>only</u> perfect its security interest in collateral by taking possession. See Section 9312(a) and (b)(3) of the California Commercial Code, attached. We are sure that the Department does not mean to forbid finance lenders from perfecting security interests as authorized and, in the case of "money," required by California law. Also, a crypto currency of course functions much like "money" in terms of a secured creditor wishing to control it to protect the creditor from the collateral being spent by the borrower.

We do note that the second sentence of Section 22009 states that the business of making consumer and commercial loans "<u>may</u>" (emphasis added) include lending money and entering into a contract with the borrower pursuant to which the borrower agrees that it may forfeit rights in personal property, "the use and possession of which property is retained by other than the mortgagee or lender." Although this is only a guess, perhaps the statements in your letter are based on this clause. If so, we respectfully believe this is a misreading of that second sentence. As the Department is also aware, the CFL has its origins in the Personal Property Brokers' Act of 1909, which included language substantially similar to the second sentence to define a "personal property broker." That definition among other things prevented a personal property broker from making unsecured loans, or loans secured by real estate, which loans of course are permissible today for a finance lender. See in this regard Robert E Stone, *Small Loans in California*, 29 California Law Review 332–365 at 342-343 (1941). Accordingly, the second sentence apparently has been retained over the years by the Legislature as a vestige of the 1909 law, but based on the separate first sentence and the use of the word "may" in the second sentence, a "finance lender" under the CFL is simply "any person who is engaged in the business of making consumer loans or making commercial loans," period, and a finance lender is not prohibited from entering into a security agreement pursuant to which the borrower agrees that the lender may possess the collateral in order to protect the lender and in some cases (not including crypto currency) perfect the security interest.

We would also like to point out that we understand from the Department's web site that the Department recently issued a CFL license to Unchained Capital, Inc., license number 60DBO-78867 ("Unchained"). Unchained is also engaged in the business of lending on the security of crypto currency, and likewise through a different method takes control of the crypto currency securing their loans. See this page on the Unchained web site, stating that collateral is sent from the borrower's crypto currency wallet "to your new loan's vault address," and upon repayment of the loan "we [(i.e., Unchained)] will return your collateral to an address of your choosing": https://www.unchained-capital.com/how_it_works/ Accordingly, if Unchained's practices with respect to control of crypto currency collateral are acceptable to the Department, the Applicant's practices should be equally acceptable.

3.  Attached please find a balance sheet as of March 2018 provided by the Applicant that shows a net worth well in excess of $25,000. Assets supporting that net worth include cash of over $388,000, and I have enclosed a screenshot of the Applicant's bank balance provided by the Applicant confirming an amount of over $389,000 as of April 5. Additional supporting documents include a breakdown of the loans payable assets. We trust these materials confirm for the Department that the Applicant has a net worth far in excess of regulatory requirements.

4.  The last item in your letter reiterates requests for information that were in your March 8 letter regarding ownership of the Applicant. We similarly are confused by this item, as the response sent by the Applicant on March 23 addressed each of the matters in this item. Specifically:

a.  The capitalization tables included in the Applicant's March 23 letter show that the Applicant's 100% owner is BlockFi Inc. ("Parent"), and then discloses the owners of Parent. In the interests of supervisory cooperation, I have attached an expanded cap table for Parent provided by the Applicant that shows the percentage ownership interest in Parent of every individual and entity. I note that Applicant has redacted the names of employees and private individual

investors and advisors with interests of less than 10% to protect their privacy.  Many of these interests are less than 1%, and none are over 8%.

b. The March 23 response included the Applicant's statement regarding all officers, directors and managing members of each entity in the ownership chain that owns or controls, directly or indirectly, 10% or more of the Applicant.  In this regard, and pursuant to Section 22105 of the CFL, the list requirement should only apply to entities having such a 10% or more interest in an applicant, and not entities above the applicant in the chain with smaller interests.

c. As stated in the March 23 response, the Applicant listed all qualifying individuals, and SIQs and fingerprints were previously submitted by the Applicant for these individuals.

d. The limited partnership agreement for ConsenSys Fund I, L.P. was submitted with the Applicant's March 23 response.

We trust that the foregoing resolves all outstanding items, but again I would be happy to discuss any remaining questions with you and other Department representatives at your earliest convenience.

Respectfully submitted,

Chuck

**Charles Washburn**
Partner

_____

**Manatt, Phelps & Phillips, LLP**
11355 W. Olympic Blvd
Los Angeles, CA  90064
**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com
manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

000033

# EXHIBIT "10"

# EXHIBIT "10"

# EXHIBIT "10"

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                        EDMUND G. BROWN JR., Governor

# DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

April 10, 2018

Stacey B. Batzar
RE: BlockFi Lending LLC
219 Rosewell Street, Suite 200
Alpharetta, GA 30009

## RE:    CALIFORNIA FINANCING LAW LICENSE APPLICATION COMPLETE RESPONSE DUE ON MAY 21, 2018

Dear Ms. Batzar:

This letter is in reference to the application submitted for BlockFi Lending LLC for a license under the California Financing Law (CFL).

*\*Effective October 4, 2017, the name of the "California Finance Lenders Law" changed to the "California Financing Law." (Assem. Bill No. 1284 (2017-2018 Reg. Sess.) § 4.)  A reference to the California Financing Law means the California Finance Lenders Law before October 4, 2017 and the California Financing Law on and after that date. (Cal. Fin. Code, § 22000.)*

**Your complete response to the following deficiency items listed in this letter, as well as any additional deficiency items identified during the review process, is due on May 21, 2018. Failure to meet this deadline will result in your pending application being ABANDONED WITHOUT FURTHER NOTICE. Incomplete responses and missing items are not acceptable and will result in the application being abandoned.**

1.    Item #10b of the application did not describe any brokering activities that fall under the purview of the California Financing Law ("CFL"). The business plan provided indicates that the Applicant plans to make one-year consumer and commercial loans. I do not see a description in the business plan regarding any brokering activities. Your response indicated that you are confused and that the business plan has clearly indicated brokering activities. Please let me know where it indicates brokering activities. Also, a licensed CFL broker is only allowed to broker California commercial and/or consumer loans to CFL licensed lenders

In addition, under California Financial Code Section 22009, states that, "The business of making consumer loans or commercial loans may include lending money and taking, in the name of the lender, or any other name, in whole or in part, as security for a loan, any

---

*1515 K Street, Suite 200*
*Sacramento, CA  95814-4052*
*(916) 445-2705*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA  90013-2344*
*(213) 576-7500*

*1350 Front Street, Room 2034*
*San Diego, CA  92101-3697*
*(619) 525-4233*

*45 Fremont Street, Suite 1700*
*San Francisco, CA 94105*
*(415) 263-8500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

contract or obligation involving the forfeiture of rights in or to personal property, the use and possession of which property is retained by other than the mortgagee or lender...."
Under the California Financial Code, the Applicant is not allowed to hold possession of the borrower's collateral.

Your emailed dated April 10, 2018, indicated references to a different law, and not the California Financial Code. I do understand your confusion; however, we have obtained legal counsel and the laws under the California Commercial Code do not apply or trump the laws under the California Financial Code.

Therefore, the business plan and method of operation are not allowed under the CFL. The collateral must remain with the borrower: Applicant cannot hold the borrower's digital assets as collateral. Based on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL.

Please address all the issues and respond accordingly.

2.    Please indicate whether any of the receivable noted on the balance sheet are from California
*OK* borrowers.

3.    Please submit an organizational chart. You have not submitted an organizational chart depicting the ownership structure of the Applicant. A table was submitted; however, please submit an organization chart as follows:

*OK*

  a.    This chart should depict the ownership structure of the Applicant with the percentages included until the ultimate owner of the Applicant is reached.

  b.    Please list the officers, directors, members, partners, managing members, general partners, trustees, etc., of each entity in the ownership chain from the Applicant to the ultimate owners. They are subject to the submission of their SIQs, fingerprints, and applicable fingerprint processing fees as required.

  c.    Any individuals who own or control, directly or indirectly, 10% or more outstanding interests of the listed entities in the ownership chain have to submit their SIQs, fingerprints, and applicable fingerprint processing fees as required by Exhibit C of the application.

  d.    Please submit the limited partnership agreement for ConsenSys Fund I, L.P. The agreement submitted did not indicate a date and any signatures; it was a draft and not the original agreement. The limited partnership agreement you have submitted does not appear to be the original limited partnership agreement. Please submit a copy of the limited partnership agreement that includes the signatures of the partners and limited partners and general partners, and all other signers.

Please submit an organization chart that clearly indicates the information requested above.

# EXHIBIT "11"

# EXHIBIT "11"

# EXHIBIT "11"

**Balian, Daniel@DBO**

| | |
|---|---|
| **From:** | Flori Marquez <flori@blockfi.com> |
| **Sent:** | Wednesday, April 11, 2018 12:41 PM |
| **To:** | Balian, Daniel@DBO |
| **Cc:** | Washburn, Charles; Stacey Batzar; Zac Prince |
| **Subject:** | Re: BlockFi Lending LLC (File Number 60DBO-81955) |
| **Attachments:** | Organizational Chart.pdf; BlockFi Capitalization Table - For California.xlsx |

Dear Mr. Balian,

Thank you for continued attention and responsiveness to our application. We appreciate your mindfulness of our deadline for application expiration on May 21, 2018. The phone call we had yesterday was extremely useful in helping us understand your outstanding questions. Please find our answers below. I have included the details as discussed in our conversation.

1. **Question 1**

Brokering Loans

BlockFi Lending LLC will engage in the business of brokering loans under the purview of the California Financing Law ("CFL").

In the event that BlockFi Lending LLC cannot work with a consumer or commercial applicant for a loan, BlockFi Lending LLC will refer the denied consumer or commercial applicant to other CFL licensed lenders. At each customer's request, BlockFi Lending LLC will refer the customer by sending their contact information and loan application request details to other CFL licensed lenders.

Updated Business Plan

Because of regulations in California Financing Law, BlockFi Lending LLC has revised its business plan. Please find its updated business plan for operations in the state of California below:

BlockFi Lending LLC will make one-year, fixed rate, consumer and commercial loans. As part of our underwriting, we will prescribe value to commercial and consumer applicants' holdings of cryptocurrencies, which they possess.

2. **Question 2**

The receivables noted on the balance sheet submitted with our previous response are not from California borrowers. Each borrower is either from New York, New Jersey or Florida. BlockFi Lending LLC has not made any loans to California consumer or commercial borrowers.

3. **Question 3**

Please find the following documents attached:

1

a.  We have revised our organizational chart to depict the ownership structure of BlockFi Lending LLC with all percentages until the ultimate owner is reached. Please see the attached ownership chart "BlockFi Organizational Chart.pdf"

b.  The officers and directors for each entity in the ownership chain are below. The only people that are subject to the submission of SIQs based on these titles are Florencia Marquez, Zachary Lee Prince and Kavita Gupta. We confirm that SIQs, fingerprints and applicable fingerprint processing fees have been submitted for each of these individuals, as required.

Officers of BlockFi Lending LLC
Zachary Prince – President
Florencia Marquez – Vice President

Board of Directors for BlockFi Inc.
Zachary Prince
Kavita Gupta

Officers of BlockFi Inc.
Zachary Prince – CEO
Florencia Marquez – VP of Operations

There are no other directors, members, partners, managing members, general partners or trustees for either BlockFi Lending LLC or BlockFi Inc. All officers and directors are listed here.

c.  There are three individuals that control, directly or indirectly, 10% or more of the outstanding interests of the listed entities in the ownership chain: Florencia Marquez and Zachary Prince each own more than 10% of BlockFi Inc. Kavita Gupta does not own any percentage of BlockFi Lending LLC or BlockFi Inc. individually. Kavita Gupta, as an individual, serves as a member of BlockFi Inc.'s Board of Directors.

Each of these three individuals have submitted their SIQs, fingerprints and applicable fingerprint processing fees as required by Exhibit C of the application.

d.  As discussed over our phone call on April 10, 2018 and as illustrated in the attached "Organizational Chart.pdf" ConsenSys Fund I, L.P. does not own 10% or more of BlockFi Inc. Furthermore, the entity is not involved in the day-to-day operations of BlockFi Lending LLC or BlockFi Inc. The entity also does not control directly or indirectly 10% or more of the outstanding interests of any of the listed entities. As such, it is not under purview of BlockFi Lending LLC's application to the CFL.

Please let me know if you have any further questions or comments. Thank you again for your time and attention.

Best,

Flori

2



**Flori Marquez**
Co-Founder & VP of Operations
646.779.9688

**blockfi.com**
86 Chambers Street, Suite 205, New York, NY 10007

On Tue, Apr 10, 2018 at 4:16 PM, Flori Marquez <flori@blockfi.com> wrote:
Hi Daniel,

Thank you for getting back to us so quickly. We appreciate your careful review.

Would it be helpful for us to schedule a call? I am available now and later this week.

Best,

Flori



**Flori Marquez**
Co-Founder & VP of Operations
646.779.9688

**blockfi.com**
86 Chambers Street, Suite 205, New York, NY 10007

On Tue, Apr 10, 2018 at 3:56 PM, Balian, Daniel@DBO <daniel.balian@dbo.ca.gov> wrote:

Hello,


Please see attached.



Thank you,

Daniel Balian

213-576-7687



**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Tuesday, April 10, 2018 11:41 AM
**To:** Balian, Daniel@DBO <daniel.balian@dbo.ca.gov>
**Cc:** Flori Marquez <flori@blockfi.com>; Zac Prince <zac@blockfi.com>

3

000040

# EXHIBIT "12"

# EXHIBIT "12"

# EXHIBIT "12"

# manatt

**Charles E. Washburn, Jr.**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4372
E-mail: cwashburn@manatt.com

<u>CONFIDENTIAL TREATMENT REQUESTED</u>

May 14, 2018

Client-Matter: 63758-030

<u>VIA OVERNIGHT COURIER</u>

Jan Lynn Owen
Commissioner of Business Oversight
in care of the Legal Division
Department of Business Oversight
1515 K Street, Suite 200
Sacramento, California 95814

      Re:   <u>Request for Interpretive Opinion</u>

Dear Commissioner Owen:

<u>Request for Opinion and Legal Question Presented</u>

      This letter is a request for an interpretive opinion with respect to the specific legal question of whether a "finance lender" under the California Financing Law (the "CFL")[1] that takes a security interest in collateral to secure a loan made by the finance lender may possess such collateral.  As discussed in more detail below, we believe a finance lender may do so, including in order to perfect a security interest in certain categories of collateral in accordance with the California Commercial Code or otherwise to protect the finance lender.[2]

<u>Principal Party and Relevant Facts and Circumstances</u>

      The principal party interested in this matter is our client, BlockFi Lending LLC ("BlockFi").  BlockFi has submitted an application to the Department to obtain a license as a "finance lender" under the CFL.  (The file number of its application is 60DBO 81955.)  As discussed in the business plan included in its application, BlockFi makes loans denominated in U.S. dollars.  The loans are secured by crypto currency assets of the borrower.  We understand that the crypto currency securing a loan made by BlockFi is held in its name with a third party

---

[1]    As you know, the CFL is codified at Section 22000 <u>et seq.</u> of the California Financial Code.

[2]    We note that much of the substance of this letter was included in prior e-mail communications to certain Department representatives, but these representatives advised us that a request for an interpretive opinion must be submitted in order to obtain a response to this question.

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000 Fax: 310.312.4224

Albany | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

000042

**manatt**

Jan Lynn Owen
May 14, 2018
Page 2

depository. Crypto currency of course can be spent or transferred like money, and therefore the depository arrangement protects BlockFi as a secured creditor by preventing the borrower from spending or transferring the crypto currency collateral until the loan is repaid.

BlockFi currently extends loans in other states, including holding collateral with the depository. BlockFi desires to make such loans to California residents, and so it has applied for a finance lender license under the CFL.

In a letter from Daniel Balian of the Department to Stacey Batzar dated April 10, 2018, a copy of which is enclosed, Mr. Balian quoted a portion of wording included in the definition of "finance lender" in Section 22009 of the California Financial Code discussed below and then stated that, "[u]nder the California Financial Code, the Applicant is not allowed to hold possession of the borrower's collateral." Other communications from Department representatives to BlockFi have similarly stated that a finance lender may "never hold the assets of the California borrowers it makes loans to under the CFL license," "assets/collateral [may] not be held by BlockFi or any other third party," "the collateral ha[s] to remain with the borrower" and "the CFL license does not permit you to take possession of the collateral."

It is important to note that this Department position prevents any lender that needs to obtain a license under the CFL in order to lend in California, and that because of the nature of the collateral either must or desires to hold the collateral, from doing business in California.

<u>Legal Analysis and Reasoned Conclusion</u>

Based on Mr. Balian's letter and other communications with the Department, we understand that the Department's position that a finance lender may not take possession of collateral is based on certain wording in the definition of "finance lender" in Section 22009. Section 22009 reads as follows for ease of reference, with certain key words and punctuation highlighted:

> "Finance lender" includes any person who is engaged in the business of making consumer loans or making commercial loans<u>.</u> The business of making consumer loans or commercial loans <u>may</u> include lending money <u>and</u> taking, in the name of the lender, or in any other name, in whole or in part, as security for a loan, any contract or obligation involving the forfeiture of rights in or to personal property, <u>the use and possession of which property is retained by other than the mortgagee or lender,</u> or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission. (Emphasis added.)

**manatt**

Jan Lynn Owen
May 14, 2018
Page 3

It is the intent of the Legislature that the definition of finance lender shall be interpreted to <u>include</u> a personal property broker as referenced in Section 1 of Article XV of the California Constitution.

We understand that the statements from Mr. Balian and other Department representatives quoted above are based solely on the phrase "the use and possession of which property is retained by other than the mortgagee or lender" included in the second sentence of Section 22009. We respectfully believe this is a misinterpretation of Section 22009.

Specifically, the first sentence of the definition simply defines a finance lender as "<u>any</u> person who is engaged in the business of making consumer loans or making commercial loans." (Emphasis added.) That is a standalone definition of a finance lender, without any limits as to how collateral is held or if collateral is even required in order to be a finance lender.

The second sentence that follows and that includes the phrase at issue begins by saying that "[t]he business of making consumer loans or commercial loans <u>may</u> include" certain activities described in that sentence (emphasis added). The second sentence therefore is not an exclusive definition of what is the business of making consumer or commercial loans, and so that business could include taking possession of collateral, pursuant to the broad definition in the first sentence.

Also, that second sentence continues by providing that such activities may include lending money "<u>and</u>" taking collateral for the loan. Based on that conjunction and applying the Department's reasoning to the entire sentence, it would follow that a finance lender must take security for a loan, and finance lenders may not make unsecured loans. That of course is not the case, as Item 10.a. in the application for a license under the CFL set forth in Section 1422 of the Commissioner's regulations includes "unsecured" lending as an option for finance lenders.

In this regard, and as discussed in a message sent to Mr. Balian on April 10, the CFL as the Department is aware has its origins in the Personal Property Brokers' Act of 1909, which included language substantially similar to the second sentence in Section 22009 to define a "personal property broker." That definition among other things prevented a personal property broker from making unsecured loans, or loans secured by real estate, which loans of course are permissible today for a "finance lender" under the CFL. See in this regard Robert E Stone, *Small Loans in California*, 29 California Law Review 332–365 at 342-343 (1941), a copy of which excerpt is also enclosed. Accordingly, it appears that the second sentence, including that phrase, has been retained over the years by the California Legislature only as a vestige of the 1909 law, and based on the separate first sentence and the use of the word "may" in the second sentence, a "finance lender" under the CFL is simply "any person who is engaged in the business of making consumer loans or making commercial loans," period, and a finance lender is not prohibited from

# manatt

Jan Lynn Owen
May 14, 2018
Page 4

entering into a security agreement pursuant to which the borrower agrees that the lender may possess the collateral in order to protect the lender and in some cases perfect the security interest. See in this regard the second paragraph of Section 22009, which states that it was the Legislature's intent that the term finance lender "include" (i.e., not be limited only to) a "personal property broker."

It also is important to bear in mind that possession of collateral is expressly authorized by the California Commercial Code, and in fact is the only way that a creditor may perfect a security interest in certain collateral. Specifically, Section 9313(a) of the California Commercial Code provides that a creditor may perfect a security interest in several types of collateral, including "tangible negotiable documents, goods, instruments, money, or tangible chattel paper" by taking "possession" of the collateral (emphasis added). In fact, in the case of a security interest in "money" a creditor can only perfect its security interest in collateral by taking possession. See Section 9312(a) and (b)(3) of the California Commercial Code. Although not "money" as defined in Section 1201(b)(24) of the California Commercial Code, a crypto currency of course functions much like money in terms of a secured creditor wishing to control it to protect the creditor from the collateral being spent or transferred by the borrower. In any event, the Department's position would appear to prevent lenders from doing business in California in accordance with permitted ways of perfecting security interests under the Commercial Code, and indeed we suspect that a significant number of lenders licensed under CFL lend on the security of collateral such as money, securities and negotiable instruments and are in fact taking possession of collateral today.

We also point out that the pawnbroker license is not an alternative to a lender making loans on the security of crypto currency assets, because Section 21000 of the California Financial Code defines a "pawnbroker" as a person receiving "goods," which term would not include intangible property like crypto currency.

### Requests for Confidential and Expedited Treatments

This letter discusses BlockFi's operations and is being submitted in the context of the Department's review of BlockFi's application for a license under the CFL, including disclosing a deficiency item raised by the Department during that review, and as indicated by the legend above we are requesting confidential treatment of this request for an interpretive opinion. A separate request for confidential treatment is enclosed. If the Department declines to provide confidential treatment of this letter, please contact the undersigned promptly.

**manatt**

Jan Lynn Owen
May 14, 2018
Page 5

     We understand that resolution of this issue is the only obstacle to approval of the application for a CFL license submitted by BlockFi.[3] We also understand based on press reports and the Department's web site that a competitor of BlockFi that is holding crypto currency collateral has been granted a CFL license and is currently operating in California. Accordingly, this Department's position, which for the reasons discussed above we believe is incorrect, is causing significant, daily harm to BlockFi. We therefore respectfully request expedited review of this request for an interpretive opinion.

     We also request that, if the Department reaches a preliminary conclusion in its review of this request that a finance lender may not hold collateral, the Department contact the undersigned and at our option we be permitted to withdraw this request for the interpretive opinion.

     Thank you in advance for your consideration. We would be happy to discuss with you any of the matters set forth in this letter, or provide additional information regarding BlockFi and its operations.

Respectfully submitted,

Charles E. Washburn, Jr.
Manatt, Phelps & Phillips, LLP

CEW
Enclosures

204499933.2

---

[3]    We note that the Department has established a deadline of May 21, 2018, for resolution of all outstanding issues with respect to BlockFi's application, but we also understand that the Department will not deny the application while this request for a legal opinion is pending, and we assume that a reasonable opportunity to respond to any such opinion will be provided to BlockFi by the Department.

000046

# EXHIBIT "13"

# EXHIBIT "13"

# EXHIBIT "13"

Request for Confidential Treatment

Received

MAY 15 2018

Department of Business Oversight
Legal Division

May 14, 2018

Pursuant to Subsection (b) of Section 250.10 of the Commissioner's Regulations, Manatt, Phelps & Phillips, LLP ("Manatt") hereby respectfully requests that the Commissioner withhold from public inspection and otherwise accord confidential treatment to that certain application for interpretive opinion submitted by Manatt to the Department of Business Oversight of even date herewith (the "Request").

1.      Information Subject to Request.  The Request discusses BlockFi, Inc. ("BlockFi"), 60DBO 81955, including certain matters regarding its operations as well as the status of its application for a license under the California Financing Law (the "CFL").

2.      Provisions Under Which Request Is Made.  The request for confidential treatment of the Investor Materials is made pursuant to the following provisions of Subsection (a) of Section 250.10 of the Commissioner's Regulations:

- Paragraph (1), which applies to "[i]nformation which is of a proprietary business nature and is in fact confidential, including but not limited to trade secrets"; and
- Paragraph (2), which applies to "[i]nformation which is of a confidential business nature and which is in fact confidential, the release of which would be damaging or prejudicial to the business concerned."

3.      Grounds For Request.  The information in the Request regarding BlockFi, including regarding its business plan and status of its application for a license under the CFL, is confidential.  Disclosure of the information would reveal proprietary business information and would be damaging and prejudicial to the interests of the BlockFi.  Disclosure would also reveal matters relating to a pending CFL license application before the Department.

4.      Time Period.  Because BlockFi's business operations and the status of its CFL license application are not public, confidential treatment is requested on a continuing basis.

If the Commissioner reaches a preliminary determination to deny this request for confidential treatment, Manatt respectfully requests that the undersigned be contacted immediately.

Manatt, Phelps & Phillips, LLP

By:      _____
        Charles E. Washburn, Jr.

204504212.1

# EXHIBIT "14"

# EXHIBIT "14"

# EXHIBIT "14"

000049

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                        EDMUND G. BROWN JR., Governor

# DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
Commissioner of Business Oversight



IN REPLY REFER TO:
FILE NO: OP 7612

June 7, 2018


Charles E. Washburn, Jr.
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064


Re:      Request for Confidential Treatment


Dear Mr. Washburn:

The Department of Business Oversight ("Department") has received the letter you
submitted on behalf of BlockFi Lending, LLC ("BlockFi") dated May 14, 2018, requesting
confidential treatment of your request for an interpretive opinion under the California
Financing Law, formerly the California Finance Lenders Law.

Your letter states that information supplied to the Department as part of the interpretive
opinion request, such as its business plan and the status of its license, are confidential. You
assert that disclosure of information provided by BlockFi to the Department would be
damaging and prejudicial to the interests of BlockFi. You also note that confidentiality is
necessary to protect information related to BlockFi's pending application for a CFL license.
You request confidential treatment of the request for an interpretive opinion on a
"continuing basis."

Section 250.10, subsection (a), of title 10, California Code of Regulations provides that the
Commissioner of Business Oversight will withhold from public inspection for such time as
in the Commissioner's judgment is necessary information received concerning requests for
interpretive opinions.  Based on the information provided in your correspondence and the
authority provided in Section 250.10, subsection (a)(1) and (2), the Commissioner hereby
grants your request for confidential treatment. The Department will withhold the request
for interpretive opinion dated May 14, 2018 from public inspection for <u>two years</u> from the
date of this letter.

If you have any questions, please contact the undersigned at (415) 263-8503.

000050

# EXHIBIT "15"

# EXHIBIT "15"

# EXHIBIT "15"

George Gerro <georgejgerro@gmail.com>

## Fw: PRA 3147

**LeKander, Miranda@DBO** <Miranda.LeKander@dbo.ca.gov>                    Fri, Jul 3, 2020 at 6:59 PM
To: George Gerro <george@gerrolaw.com>

Resending.

Miranda LeKander
Deputy Commissioner
Department of Business Oversight
Legal Division
916-322-6567

**From:** LeKander, Miranda@DBO
**Sent:** Friday, July 3, 2020 3:51 PM
**To:** John Gerro <john@gerrolaw.com>
**Subject:** PRA 3147

Mr. Gerro,

As requested, I have reviewed all records maintained by the Department of Business Oversight (DBO) that may be responsive to your California Public Records Act (PRA) request.  I have determined that the below listed records are exempt from the PRA as follows:

| Document Type | Description | Date of Document | PRA Exemption |
|---|---|---|---|
| License Application | Statement of Identification of Kavita Gupta | 2/1/18 | Records contained in applications filed with a state agency responsible for supervision or regulation of financial institutions; Information received in confidence by agency (Gov. Code sections 6254(d)(1)&(4)) |
| License Application | Statement of Identification of Zachary Lee Prince | 2/1/18 | Records contained in applications filed with a state agency responsible for supervision or regulation of financial institutions; Information received in confidence by agency (Gov. Code section 6253(d)(1)&(4)) |
| | | | Records contained in applications filed |

| License Application | Statement of Identification of Florencia Maria Marquez | 2/1/18 | with a state agency responsible for supervision or regulation of financial institutions; Information received in confidence by agency (Gov. Code section 6254(d)(1)& (4)) |
|---|---|---|---|
| Correspondence | Request for Interpretive Opinion and Confidential Treatment from Charles Washburn, Esq. | 5/14/18 | Information received in confidence (10 CCR, section 250.10(a); Gov. Code section 6254(d)(4)) |
| Internal Communications | Emails between Counsel in DBO's Legal Division | 5/16/18 5/21/18 7/2/18 7/16/18 7/19/18 7/22/18 7/27/18 8/2/18 8/20/18 | Preliminary drafts, notes or intra-agency communications; records exempted by provisions of the Evidence Code related to privilege (Gov. Code section 6254(d)(3) 7 (k)); Attorney Work Product (Code Civ. Proc. section 2018.30(a)&(b)) |
| Internal Communications | Emails between Staff in DBO's Licensing Division and Counsel in DBO's Legal Division | 8/2/18 8/3/18 8/15/18 8/16/18 | Preliminary drafts, notes or intra-agency communications; records exempted by provisions of Evidence Code related to privilege (Gov. Code section 6254(d)(3)&(k)); Attorney-Client Privilege (Evid. Code section 954) |
| Licensing File | New Application Review Form, Checklist and Notes to File | 2/1/18 8/16/18 | Preliminary drafts, notes or intra-agency communications (Gov. Code section 6254(d)(3)) |

In reviewing the above confidential records, I came across an additional public document identified as an undated cover letter to the DBO from the Regulatory Counsel Group, Inc. received on 3/12/18, which is attached to this email.

Should you have any questions, please feel free to contact the undersigned.

Miranda LeKander
Deputy Commissioner

000053

# EXHIBIT "16"

# EXHIBIT "16"

# EXHIBIT "16"

THIS LICENSE MUST BE CONSPICUOUSLY POSTED AT LOCATION HEREIN PROVIDED.

## *Department of Business Oversight*

### *State of California*

# *License*

FINANCE LENDER AND BROKER

File No: 60DBO 81955

BLOCKFI LENDING LLC

PURSUANT TO, AND IN COMPLIANCE WITH, THE CALIFORNIA FINANCING LAW:

I, THE UNDERSIGNED, AS COMMISSIONER OF BUSINESS OVERSIGHT OF THE STATE OF CALIFORNIA, DO HEREBY ISSUE THIS LICENSE TO THE ABOVE NAMED LIMITED LIABILITY COMPANY.

ORGANIZED JANUARY 11, 2018, IN THE STATE OF DELAWARE TO ENGAGE IN THE BUSINESS OF "FINANCE LENDER" AND "BROKER" AS DEFINED IN SAID LAW, AT THE FOLLOWING LOCATION:

86 CHAMBERS STREET, SUITE 205
NEW YORK, NEW YORK 10007

TO CONTINUE IN EFFECT UNTIL SURRENDERED, SUSPENDED, OR REVOKED AS PROVIDED BY LAW.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THE DATE APPEARING BELOW.

Date:    August 16, 2018

JAN LYNN OWEN

Commissioner of Business Oversight

By _____

CHARLES AGBONKPOLOR
Special Administrator
California Financing Law

THIS LICENSE IS NOT TRANSFERABLE OR ASSIGNABLE

000055

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                    EDMUND G. BROWN JR., Governor

**DEPARTMENT OF BUSINESS OVERSIGHT**
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*

**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 60DBO 81955

AUGUST 16, 2018

ZAHARY PRINCE
BLOCKFI LENDING LLC
86 CHAMBERS STREET, SUITE 205
NEW YORK, NEW YORK 10007

RE: IMPORTANT INFORMATION ABOUT YOUR FINANCE LENDERS LICENSE

Dear Licensee:

The filing of your application under the California Financing Law is complete and has been approved. Enclosed you will find the license issued in the above entitled matter.

As you know, one of the documents you provided when you filed your application for this license was a statement that you understood certain obligations and responsibilities as a licensee under the California Financing Law. We would like to direct your attention to these items one more time. We find that they are the ones that cause the largest number of licensees the most difficulties including the loss of their licenses.

For your reference, we have provided that information below:

1. Every licensee (broker or lender) whether or not any business has been conducted pursuant to their license, is subject at any time to an examination of their books and records. The scope of the examination may extend beyond the records pertaining to business conducted pursuant to the license. The licensee will be billed for actual cost of the examination. This includes any licensed time used to contact a licensee that cannot be reached during normal business hours at the licensed location and time used to prepare for and to conduct the examination.

Two hours is the minimum amount of time billed for any examination. Failure to pay the examination bill may subject the licensee to administrative action including the revocation of the license.

Our examiners' work day begins at 8:30 am. If it will not be possible to start an examination by arriving at the licensed location during normal business hours, the licensee should provide the Department in writing with the telephone number and current address at which the licensee can be reached during normal business hours to arrange an examination. (See Financial Code sections 22701, 22707 and 22714).

2. Licensees are required to notify the Department of any change in location at least ten (10) days prior to the move. Failure to do so may subject the licensee to a civil penalty not to exceed $500. (See Financial Code section 22153). The notification must be in writing and sent to Department of Business Oversight, Attention: CFL Licensing Unit, 320 W. 4th Street, Suite 750, Los Angeles, CA 90013.

3. Each licensee is required to file an "annual report" by March 15th of each year, even if no business has been conducted with the license. Failure to file the report will result in the summary revocation of the license. (See Financial Code

*1515 K Street, Suite 200*
*Sacramento, CA 95814-4052*
*(916) 445-7205*
*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*
*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*
*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov** • 1-866-275-2677

section 22159).    The report must be completed online on the Department of Business Oversight's website at https://docqnet.dbo.ca.gov.  Licensees must log in to the self-service portal in order to complete the report.  Pursuant to Financial Code section 22715, failure to file by March 15 may result in an imposed penalty not to exceed one hundred dollars ($100) for each business day for the first five business days the report or information is overdue, and thereafter shall not exceed five hundred dollars ($500) for each business day the report or information is overdue, not to exceed twenty-five thousand dollars ($25,000) in the aggregate.

4. Licensees are required to maintain a net worth of at least $25,000 at all times.  Mortgage Brokers are required to maintain a net worth of at least $50,000 at all times.  Mortgage Lenders are required to maintain a net worth of at least $250,000 at all times.  (See Financial Code section 22104).

5. Each year every licensee is required to pay an assessment of at least $250 per licensed location. Failure to pay the assessment will result in the loss of the license.  The assessment is due and payable when billed.  (See Financial Code section 22107).  By law, assessment notices must be mailed by the 30th of September.  If you do not receive a notice by the end of the first week in October, contact the Department's accounting office in Sacramento at (916) 323-7383.

6. Every finance company shall maintain a surety bond in accordance with Financial Code section 22112.

The surety bond amount for those applicants who engage in consumer lending or brokering (where the collateral is other than real estate) and commercial lending and brokering is $25,000.  For those applicants who engage in consumer real estate lending or brokering the bond amount varies between $25,000 and $200,000 depending on the aggregate amount of residential mortgage loans originated and or brokered in the preceding year.

A mortgage lender, mortgage broker, or mortgage and broker applicant without a prior year operating history shall make a good faith estimate of the aggregate amount of loans anticipated to be originated in the upcoming year to determine the amount of the surety bond.

Questions regarding the use of your license can be directed to a CFL licensing specialist in the Los Angeles Office at 213-576-7690.


Jan Lynn Owen
Commissioner
Department of Business Oversight

By_____
DEBBIE STOPECK
Licensing Supervisor
(213) 576-7690

ENCLOSURE (1)

# EXHIBIT "17"

# EXHIBIT "17"

# EXHIBIT "17"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2021 02:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Hankins,Deputy Clerk
000058

1    HAYNES AND BOONE, LLP
     David Clark/Bar No. 275204
2      david.clark@haynesboone.com
     Andrea Levenson/Bar No. 323926
3      andrea.levenson@haynesboone.com
     600 Anton Boulevard, Suite 700
4    Costa Mesa, CA  92626
     Telephone:    (949) 202-3000
5    Facsimile:     (949) 202-3001

6    Attorneys for Defendants
     BLOCKFI LENDING, LLC
7    BLOCKFI INC.

8

                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                    **COUNTY OF LOS ANGELES, BURBANK COURTHOUSE**
10

11
          GEORGE GERRO, an individual,          )    **CASE NO.: 20STCV31493**
12                                              )
                    Plaintiff,                  )    **ASSIGNED FOR ALL PURPOSES TO:**
13                                              )         **Honorable William D. Stewart**
               vs.                              )         **Department A**
14                                              )
     BLOCKFI LENDING LLC, a Delaware            )
15   limited liability company; SCRATCH         )    **DECLARATION OF CHARLES E.**
     SERVICES, LLC, a Delaware limited          )    **WASHBURN, JR. RE: SUPPLEMENTAL**
16   liability company; and DOES 1 through      )    **REPLY BRIEF OF BRIEF**
     100,                                       )    **DEFENDANTS BLOCKFI LENDING,**
17                                              )    **LLC AND BLOCKFI, INC. IN SUPPORT**
                    Defendants.                 )    **OF FORUM NON CONVENIENS**
18                                              )    **MOTION AND DEMURRER**
     _____        )
19

20

21                                                  Hearing Date: April 8, 2021
                                                    Time:            9:30 a.m.
22                                                  Department:    A

23                                                  *First Amended*
                                                    *Complaint Filed: May 13, 2020*
24

25

26

27

28

                         **DECLARATION OF CHARLES E. WASHBURN JR.**

## DECLARATION OF CHARLES E. WASHBURN, JR.

I, CHARLES E. WASHBURN, JR., declare as follows:

1. I am an attorney at law duly admitted to practice in the State of California and am a partner with the law firm of Manatt, Phelps & Phillips, LLP. I have personal knowledge of the matters set forth herein and, if called upon to testify, I could and would testify competently thereto.

2. I have practiced law in California for over 40 years, and the primary focus of my practice during my career has been the regulation of financial services. A significant part of that practice has been advising clients regarding the California Financing Law (the "CFL"), including with respect to applying for licenses under that law. That work has included interfacing with the application review staff as well as the legal staff of the California Department of Business Oversight (the "DBO") (which agency is now called the Department of Financial Protection and Innovation or "DFPI") when issues have arisen in connection with license applications.

3. On or about March 15, 2018, BlockFi Lending LLC ("BlockFi") retained me to assist BlockFi in responding to a letter received by BlockFi from the DBO with respect to BlockFi's then-pending application for Finance Lender and Broker licenses under the CFL. My duties included corresponding and otherwise communicating directly with the DBO in connection with that letter in an effort to correct DBO application review staff's misunderstanding of the CFL, so that the licenses would issue in accordance with the business plan disclosed in the original application. Specifically, the letter sent by DBO staff included an incorrect preliminary statement that BlockFi was prohibited by the CFL from holding collateral for loans, including cryptocurrency as discussed in BlockFi's business plan included in its application.

4. I have read the contention in plaintiff George Gerro's March 19, 2021 brief that the DBO was somehow unaware of BlockFi's disclosed intention to hold (whether directly or through a third-party custodian) cryptocurrency as collateral for loans extended to California borrowers when the DBO issued BlockFi's Finance Lender and Broker licenses. Mr. Gerro's assertion is incorrect.

5.    I personally communicated with the DBO on BlockFi's behalf with respect to the letter
BlockFi received from the DBO regarding its license application, including specifically the issue
raised by the DBO regarding the holding of collateral.  These communications included e-mail
messages sent to application review staff and, when such staff advised that the issue would need
to be resolved with DBO legal staff, the submission to legal staff of the opinion request.
Throughout this process, I consistently made clear to the DBO that BlockFi intended to hold
cryptocurrency as collateral for the loans it issued, and indeed the DBO was well aware of that
business plan based on the issue being raised by the DBO itself in its letter to BlockFi.  For
example, on July 24, 2018, I sent an email to *Alexander Nourisham, Counsel, Financial
Institutions Division*, DBO raising those exact issues.  A true and correct copy of the email chain
between myself and Mr. Nourisham is attached hereto as **Exhibit A**.  At the time of that
correspondence, a lower-level application review staff member at the DBO had expressed the
view in the original deficiency letter (which, as I explain below, more senior personnel at the
DBO legal department later corrected) that BlockFi could not hold cryptocurrency as collateral
for loans.  Accordingly, in that email I specifically addressed the flaws in the DBO's preliminary
position, *BlockFi's intent to hold cryptocurrency as collateral for loans*, and CFL Section 22009.
I stated:

> As discussed in more detail in the opinion request, the position taken by the
> Department to-date that a licensee under the California Financing Law ("CFL")
> cannot hold collateral I respectfully believe is based on a clear misreading of
> vestigial language in Section 22009 of the CFL defining the term "finance
> lender," which hopefully you see as well.

I similarly informed the DBO in my July 24th email that the DBO had already granted a Finance
Lender license to BlockFi's competitor, Unchained Capital, Inc. ("Unchained"), and that
Unchained was performing "lending business in California and *is still holding crypto currency
as collateral in connection with those loans.*" (emphasis added).  In other words, I also informed
Mr. Nourisham that BlockFi's competitor had already been licensed to perform the exact
business operations for which BlockFi was asking to be approved, including holding
cryptocurrency as collateral.

6.  In my correspondence and discussions with him, Mr. Nourafshan did not express any issues with BlockFi's intended business operations, including BlockFi's intent to hold cryptocurrency as collateral, in response to my emails and opinion request. Mr. Nourafshan also never expressed any possible distinction between BlockFi's operations and those of Unchained, for which the DBO had already granted a Finance Lender license.

7.  On August 20, 2018 (after a few brief emails checking on the status of BlockFi's request for an opinion), Mr. Nourafshan called me and advised that BlockFi's Finance Lender and Broker license application had been approved. Mr. Nourafshan stated that BlockFi's opinion request "hit all the right notes" and explained that the DBO agreed with BlockFi's analysis of CFL Section 22009 and BlockFi's right under Section 22009 and the CFL to hold cryptocurrency as collateral for loans. Mr. Nourafshan also apologized for the delay in responding to the opinion request and granting the licenses and stated that BlockFi would receive the licenses in the mail in 7 to 10 days.

8.  In particular, Mr. Nourafshan did not state that the disclosed business plan of BlockFi must change to eliminate holding of collateral as a condition to the licenses issuing. In my experience the DBO would not issue licenses to BlockFi if BlockFi's business plan as clearly disclosed to the DBO, including the holding of collateral, would violate the CFL.

9.  Mr. Nourafshan also explained to me in our August 20th call that the DBO would not be issuing a formal opinion in response to our request, and that instead the DBO's agreement with BlockFi's position on CFL Section 22009 and its ability to hold cryptocurrency as collateral for loans would simply be evidenced by the granting of BlockFi's licenses. Thus, while I did not withdraw BlockFi's request for an interpretive opinion, the DBO elected not to issue one because it had decided to approve BlockFi's Finance Lender and Broker license application.

10.  In this regard, I have reviewed the e-mail message from Miranda LeKander to Mr. Cerro attached as Exhibit 7 to his submission in which she states that in August 2018 I verbally withdrew my request for an opinion, which statement by Ms. LeKander should be clarified. As stated in the request for the opinion included in Exhibit 6 to Mr. Cerro's submission, as a routine matter I ask that the DBO legal staff contact me if it reaches a "preliminary" conclusion that it

5

1     will issue an adverse opinion and, in such event, extend to me the courtesy of allowing me to

2     withdraw the opinion request. The DBO legal staff never reached a negative opinion with

3     respect to the ability of a licensee to hold collateral, "preliminary" or otherwise, with respect to

4     my request. Instead, DBO legal staff agreed that a licensee may hold collateral, a determination

5     that was evidenced by the issuance of licenses to BlockFi when BlockFi had disclosed it would

6     hold collateral. Because the goal of the request was for the licenses to issue, and with that goal

7     achieved no formal opinion was then needed. I acquiesced in Mr. Nourafshan's desire to avoid

8     DBO having to go to the trouble of issuing a formal opinion. My acceptance is likely what Ms.

9     LeKander referred to as a withdrawal. But again, my agreement with the DBO's view that an

10     opinion was no longer needed does not reflect any adverse determination made by DBO legal

11     staff regarding the permissibility of holding collateral under the CFL.

12        11. To be clear, never in my correspondence or discussions with the DBO did I indicate that

13     BlockFi somehow did not plan to hold cryptocurrency as collateral for loans it issued. To the

14     contrary, I consistently made the DBO aware that BlockFi intended, as a licensed finance lender,

15     to hold cryptocurrency as collateral (whether directly or through a third party), and that it was

16     entitled to do so under any applicable statutes. (See, e.g., Exhibit A, July 24th and July 26th

17     emails to the DBO.) This, among other reasons, is why during my August 20th phone call with

18     the DBO, Mr. Nourafshan expressly stated that the DBO agreed with BlockFi's position on CFL

19     Section 22009 and BlockFi's right to hold cryptocurrency as collateral for loans.

20

21        I declare under penalty of perjury under the laws of the State of California that the

22     foregoing is true and correct and that this Declaration was executed this 22nd day of March

23     2021, at Manhattan Beach, California.

24

25                                     CHARLES E. WASHBURN JR.

26

27

28

000063

# EXHIBIT "A"

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Monday, August 20, 2018 2:15 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi


Hi Charles,


I will call in a few minutes.


Best,


Alex



Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e*  alexander.nourafshan@dbo.ca.gov

---

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Monday, August 20, 2018 2:12 PM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi


Thank you, Alex, and I am available any time this afternoon until 6:30 p.m., including now.


**Charles Washburn**

Partner

---

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

D (310) 312-4372   F (310) 914-5761

cwashburn@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Monday, August 20, 2018 1:20 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi

Hi Charles,

Sincere apologies for my delayed reply. Are you available this afternoon or anytime tomorrow to chat for a few minutes? Please let me know your availability for a brief phone call. Thanks!

Best,

Alex

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

t (415) 263-8503 | e  alexander.nourafshan@dbo.ca.gov

---

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, August 16, 2018 2:24 PM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi

Alex,

Blockfi - Confidential Treatment Request 000066

I thought I would check in on the status of management review of the opinion request, and also my question regarding whether you could share your view on the issue.  Thank you.

**Charles Washburn**

Partner

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Washburn, Charles
**Sent:** Thursday, July 26, 2018 5:05 PM
**To:** 'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi

I appreciate your prompt review of the request, and I also appreciate your conveying to management the urgency here.  Would you be able to share your view with me, which I would of course recognize is subject to management review and so is not binding on the Department?

**Charles Washburn**

Partner

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com

manatt.com                                                                                                    000067

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, July 26, 2018 4:35 PM
**To:** Washburn, Charles
**Subject:** Re: Confidential Treatment Re: BlockFi

Hi Charles,

I have completed my review and sent my analysis to management for approval. I am not sure when management review will be completed, but I will send a note along requesting expedited review. Hopefully that will help speed the process along, though I cannot provide any more specific timeline.

Best,

Alex

Alexander M. Nourafshan
Counsel, Financial Institutions Division
Department of Business Oversight

---

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, July 26, 2018 4:07:35 PM
**To:** Nourafshan, Alexander@DBO
**Subject:** RE: Confidential Treatment Re: BlockFi

I appreciate the quick response, Alex.  Again, due to the urgency of the request from the client's perspective, can you give me a feel for when the review will be completed, and whether there is anything that can be done to expedite the review?

**Charles Washburn**

Partner

---

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

D (310) 312-4372  F (310) 914-5761

000068

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, July 26, 2018 4:07 PM
**To:** Washburn, Charles
**Subject:** Re: Confidential Treatment Re: BlockFi

Dear Charles,

Thank you for your email. We are still reviewing your request. I will let you know if we have any questions or can provide a more detailed update. Thank you for your patience.

Best,

Alex

Alexander M. Nourafshan
Counsel, Financial Institutions Division
Department of Business Oversight

---

**From:** Washburn, Charles <cwashburn@manatt.com>
**Sent:** Thursday, July 26, 2018 3:42:53 PM
**To:** Nourafshan, Alexander@DBO
**Subject:** FW: Confidential Treatment Re: BlockFi

Alex,

Sorry to bother you (and I got a bounce back to my message on Tuesday), but again I want to check in on the status of this request.  As noted below, the client has been placed at a severe disadvantage due to a competitor with a similar business that apparently is being allowed to operate under the CFL by the Department.  If the Department sees a distinction between the two operations, please let me know as soon as possible.

Chuck

Charles Washburn

Partner

—————————————

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Washburn, Charles
**Sent:** Tuesday, July 24, 2018 10:57 AM
**To:** 'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi
**Importance:** High

CONFIDENTIAL

Alex,

I hope this message finds you well.

I am following up to check on the status of our request for an interpretive opinion, a copy of which request I have attached for ease of reference.  As you know, it was received by the Department on May 15.

As discussed in more detail in the opinion request, the position  taken by the Department to-date that a licensee under the California Financing Law ("CFL") cannot hold collateral I respectfully believe is based on a clear misreading of vestigial language in Section 22009 of the CFL defining the term "finance lender," which hopefully you see as well.

As also discussed in the request, this incorrect Department position is causing substantial harm to our client BlockFi Lending LLC.  In particular and as noted in the request for expedited treatment, I understand from the client that a competitor, Unchained Capital, Inc., was granted a CFL license by the Department (60DBO-78867) and based on the Department's web site that license is still active.  The client further advises that Unchained Capital is still doing a lending business in California and is still holding crypto currency as collateral in connection

BlockFi Confidential Treatment Requested

with those loans, while at the same time BlockFi Lending is unable to lend in California on similar terms with respect to holding collateral based on this Department position.

Thank you in advance for your assistance, and I would again be happy to discuss any questions you may have regarding the analysis.

Best regards,

Chuck

**Charles Washburn**

Partner

_____

**Manatt, Phelps & Phillips,** LLP

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, June 28, 2018 1:44 PM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi

Interpretive opinion requests generally take at least 60-90 days. I will do my best to provide any updates that I can.

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e*  alexander.nourafshan@dbo.ca.gov

**From:** Washburn, Charles [mailto:cwashburn@manatt.com]
**Sent:** Thursday, June 28, 2018 11:47 AM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi


Thank you, Alex.  Is it possible to give me an idea when the initial review may be completed?


**Charles Washburn**

Partner

_____


**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761


cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

---

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Thursday, June 28, 2018 11:24 AM
**To:** Washburn, Charles
**Subject:** RE: Confidential Treatment Re: BlockFi


Hi Mr. Washburn,


Thank you for your email. Your request is currently under review. I will let you know if we have any further questions or need additional information.


Best,


Alex

Alexander M. Nourafshan

Counsel, Legal Division

Department of Business Oversight

*t* (415) 263-8503 | *e*  alexander.nourafshan@dbo.ca.gov

---

**From:** Washburn, Charles [mailto:cwashburn@manatt.com]
**Sent:** Thursday, June 28, 2018 11:08 AM
**To:** Nourafshan, Alexander@DBO <alexander.nourafshan@dbo.ca.gov>
**Subject:** RE: Confidential Treatment Re: BlockFi

Alex,

I thought I would take the liberty of checking on the status of our request for an interpretive opinion, and reiterate my offer to discuss any questions you may have regarding our analysis.  Please let me know, and thank you.

Best regards,

Chuck

**Charles Washburn**

Partner

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372  **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Washburn, Charles
**Sent:** Friday, June 15, 2018 3:25 PM
**To:** 'Nourafshan, Alexander@DBO'
**Subject:** RE: Confidential Treatment Re: BlockFi

Thank you very much, Alex.  (I have yet to receive the letter sent by USPS, so I appreciate the PDF.)  Also, I would be happy to discuss with you the request for an interpretive opinion, including any questions you may have regarding the legal analysis.  Again, thank you, and have a good weekend.

**Charles Washburn**

Partner

───────────────────────

**Manatt, Phelps & Phillips, LLP**

11355 W. Olympic Blvd

Los Angeles, CA  90064

**D** (310) 312-4372   **F** (310) 914-5761

cwashburn@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nourafshan, Alexander@DBO [mailto:alexander.nourafshan@dbo.ca.gov]
**Sent:** Friday, June 15, 2018 3:20 PM
**To:** Washburn, Charles
**Subject:** Confidential Treatment Re: BlockFi

Dear Mr. Washburn,

A letter granting confidential treatment of your request regarding BlockFi Lending LLC was sent in the mail on Monday, June 11, 2018. Please find a copy of this letter attached. I will let you know if any additional information is needed in connection with this request.

Best regards,

Alex

000074

# EXHIBIT "18"

# EXHIBIT "18"

# EXHIBIT "18"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2021 02:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Hanlon, Deputy Clerk
000075

1  HAYNES AND BOONE, LLP
   David Clark/Bar No. 275204
2    david.clark@haynesboone.com
   Andrea Levenson/Bar No. 323926
3    andrea.levenson@haynesboone.com
   600 Anton Boulevard, Suite 700
4  Costa Mesa, CA 92626
   Telephone:    (949) 202-3000
5  Facsimile:    (949) 202-3001

6  Attorneys for Defendants
   BLOCKFI LENDING LLC
7  BLOCKFI INC.

8

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                    COUNTY OF LOS ANGELES, BURBANK COURTHOUSE
10

11

12  GEORGE GERRO, an individual,           )   CASE NO.: 20STCV31493
                                           )
13                Plaintiff,               )   ASSIGNED FOR ALL PURPOSES TO:
                                           )      Honorable William D. Stewart
14          vs.                            )      Department A
                                           )
15  BLOCKFI LENDING LLC, a Delaware        )
    limited liability company; SCRATCH     )   DECLARATION OF JAN LYNN
16  SERVICES, LLC, a Delaware limited      )   OWEN RE: SUPPLEMENTAL
    liability company; and DOES 1 through  )   REPLY BRIEF OF BRIEF
17  100,                                   )   DEFENDANTS BLOCKFI LENDING,
                                           )   LLC AND BLOCKFI, INC. IN SUPPORT
18                Defendants.              )   OF FORUM NON CONVENIENS
                                           )   MOTION AND DEMURRER
19  _____

20

21                                             Hearing Date: April 8, 2021
                                               Time:           9:30 a.m.
22                                             Department:    A

23                                             *First Amended
                                               Complaint Filed: May 13, 2020*
24

25

26

27

28

                    DECLARATION OF CHARLES E. WASHBURN JR.

000076

000077

[illegible]

[illegible]

[illegible]

[illegible]

# EXHIBIT "19"

# EXHIBIT "19"

# EXHIBIT "19"

# GERRO & GERRO

*Attorneys at Law*
530 South Glenoaks Boulevard, Suite 200
Burbank, California 91502
Telephone: (818) 840-0000

November 18, 2021

*via certified mail*
*and email to Leanna.Costantini@doj.ca.gov*

Leanna C. Costantini
Deputy Attorney General
Department of Justice
300 South Spring Street
Suite 1702
Los Angeles, CA 90013

Re:     Request for Rulemaking File (Gov. Code, § 11347.3, subd. (d))
        California Department of Financial Protection and Innovation
        Financial Code section 22009

Dear Ms. Costantini:

We respectfully request any rulemaking files of the above-referenced Department,
interpreting, implementing, or construing Financial Code section 22009.
Specifically, we request any rulemaking file pertaining to the Department's
interpretation of whether a "finance lender" may retain "use and possession" of
personal property securing its loans.  (Fin. Code, § 22009.)

Pursuant to Government Code section 11347.3, subdivision (d), "The rulemaking
file shall be made available by the agency to the public."

Please furnish the rulemaking file no later than Wednesday, November 24, 2021.

Respectfully,

/s/ George Gerro

George J. Gerro

## **PROOF OF SERVICE**

I am over 18 years of age and not a party to this action. My business address is 530 S. Glenoaks Blvd., Suite 200, Burbank, CA 91502.

On the date below, I served true copies of the following document:

**SECOND AMENDED VERIFIED COMPLAINT FOR DECLARATORY RELIEF**

The document was served by the following means:

**By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

David Clark
Marco Pulido
Haynes and Boone, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626

Attorneys for Real Parties in Interest, BlockFi Lending LLC, BlockFi Trading LLC, and BlockFi, Inc.

**By electronic service.** I electronically served the documents listed above to the electronic service addressee listed below:

Leanna Costantini
California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Leanna.Costantini@doj.ca.gov

Attorney for Defendant, Christopher S. Shultz,
as Commissioner of Financial Protection and Innovation of the State of California

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Burbank, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed in Burbank, California.

| | | |
|---|---|---|
| Dec. 3, 2021 | Ethan Poytress | /s/ Ethan Poytress |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

---