# *Exhibit K*

1  HAYNES AND BOONE, LLP
   David Clark/Bar No. 275204
2    david.clark@haynesboone.com
   Marco A. Pulido/Bar No. 308074
3    marco.pulido@haynesboone.com
   600 Anton Boulevard, Suite 700
4  Costa Mesa, CA  92626
   Telephone:    (949) 202-3000
5  Facsimile:    (949) 202-3001

6  Attorneys for Real Parties in Interest
   BLOCKFI LENDING LLC; BLOCKFI
7  TRADING LLC and BLOCKFI INC.

8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                **COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE**
10

11

12  GEORGE GERRO,                                 ) **CASE NO.: 21STCP02023**
                                                  )
13           Petitioner,                          ) **ASSIGNED FOR ALL PURPOSES TO:**
                                                  )     **Honorable Mary H. Strobel**
    vs.                                           )     **Department 82**
14                                                )
    Christopher S. Shultz, as Commissioner of     )
15  Financial Protection and Innovation of the    ) **NOTICE OF RULING ON DEMURRERS**
    State of California,                          ) **OF RESPONDENT CHRISTOPHER S.**
16                                                ) **SHULTZ AND REAL PARTIES IN**
             Respondent.                          ) **INTEREST TO PETITIONER'S SECOND**
17  _____        ) **AMENDED COMPLAINT**
                                                  )
18  BLOCKFI LENDING LLC, a Delaware               )
    limited liability company; BLOCKFI            ) Hearing Date:    April 21, 2022
19  TRADING LLC, a Delaware Limited               ) Time:            1:30 p.m.
    Liability Company; and BLOCKFI, INC., a       ) Department:      82
20  Delaware Corporation                          )
                                                  ) *Second Amended Complaint Filed*
21           Real Parties in Interest.            ) *December 3, 2021*
                                                  )
22  _____        )

23

24

25

26

27

28

                                                 1

**NOTICE OF RULING ON DEMURRERS OF RESPONDENT CHRISTOPHER S. SHULTZ AND REAL
PARTIES IN INTEREST TO PETITIONER'S SECOND AMENDED COMPLAINT**

**TO PETITIONER GEORGE GERRO AND TO HIS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on April 21, 2022, the hearing on the demurrers to Petitioner George Gerro's ("Gerro") Second Amended Complaint of Respondent Christopher S. Shultz ("Shultz") and Real Parties in Interest BlockFi Lending LLC, BlockFi trading LLC, and BlockFi Inc. (collectively, "BlockFi") came on regularly for hearing before the Honorable Mary H. Strobel in Department 82 of the above-entitled Court. Mark D. Erickson appeared via LA Connect for BlockFi, Leanna C. Costantini appeared via LA Connect for Shultz, and John Gerro and George Gerro appeared via LA Connect for Gerro.

Following the oral argument of counsel, the Court adopted its Tentative Ruling as its Final Ruling and sustained the demurrers without leave to amend as to the second cause of action for declaratory relief and transferred the first cause of action for declaratory relief to Department 1 of the Los Angeles Superior Court for reassignment to an independent calendar department. The Court vacated all pending hearing dates in Department 82 and stayed the first cause of action in its entirety pending reassignment to a new department. The Court directed counsel for BlockFi to prepare a judgment of dismissal as to BlockFi.

A true and correct copy of the Court's Tentative Ruling is attached hereto as Exhibit "A."

DATED: April 21, 2022                          HAYNES AND BOONE, LLP

By: _____
    David Clark
    Attorneys for Real Parties in Interest
    BLOCKFI LENDING LLC; BLOCKFI
    TRADING LLC and BLOCKFI INC.

4873-2807-1709 v.1

2

**NOTICE OF RULING ON DEMURRERS OF RESPONDENT CHRISTOPHER S. SHULTZ AND REAL PARTIES IN INTEREST TO PETITIONER'S SECOND AMENDED COMPLAINT**

# EXHIBIT "A"

**DEPARTMENT 82 LAW AND MOTION RULINGS**

Hon. Mary H. Strobel

The clerk for Department 82 may be reached at (213) 893-0530.

---

**Case Number:** 21STCP02023    **Hearing Date:** April 21, 2022    **Dept:** 82

| | |
|---|---|
| *George J. Gerro,* | Judge Mary Strobel |
| v. | Hearing: April 21, 2022 |
| *Christopher S. Shultz, as Commissioner of Financial Protection and Innovation of the State of California,* | |
| 21STCP02023 | Tentative Decision on Demurrers to Petition for Writ of Mandate |

Christopher S. Shultz, as Commissioner of the California Department of Financial Protection and Innovation ("Respondent" or "Commissioner") generally demurs to the entire second amended complaint ("SAC") filed by Petitioner George J. Gerro ("Petitioner" or "Plaintiff") for failure to state a cause of action. Real Parties in Interest BlockFi Lending LLC, BlockFi Trading LLC, and BlockFi, Inc. (collectively, "Real Parties," "BlockFi," or "RPI") generally demur to the second cause of action in the SAC.

**Judicial Notice**

Real Parties' RJN Exhibits A-E – Granted.

**Background and Procedural History**

On June 25, 2021, Petitioner filed the original petition for writ of mandate. On August 6, 2021, Petitioner filed the first amended petition ("FAP").

On September 8 and 9, 2021, Respondent and Real Parties filed their demurrers to the FAP and meet and confer declarations. The court received Petitioner's opposition to the demurrers, Respondent's reply, and Real Parties' reply.

On November 16, 2021, the court sustained with leave to amend Respondent's and Real Parties' demurrers to the FAP. The court's legal discussion from the November 16 minute order (hereafter "Order") is not repeated here but is incorporated by reference.

On December 3, 2021, Plaintiff filed his second amended verified complaint for (1) declaratory relief pursuant to Government Code section 11350; and (2) declaratory relief pursuant to CCP section 1060. Relevant changes to Petitioner's pleading are discussed in the analysis section below.

On January 4, 2022, Respondent and Real Parties filed their demurrers to the SAC and meet and confer declarations. The court has received Petitioner's consolidated opposition, Respondent's reply, and Real Parties' reply.

**Analysis**

A demurrer tests the sufficiency of a pleading, and the grounds for a demurrer must appear on the face of the pleading or from judicially noticeable matters. The demurrer admits all material facts properly pleaded. (CCP 430.30(a); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters." (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747.) The allegations in the petition must be liberally construed in favor of Petitioner on demurrer. (*Mobil Oil Corp. v Exxon Corp.* (1986) 177 Cal.App.3d 942, 947.) A demurrer accepts as true "all material facts properly pleaded and matters subject to judicial notice, but not deductions, contentions, or conclusions of law or fact." (*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal. App. 4th 531, 538.) "A demurrer must dispose of an entire cause of action to be sustained." (*Poizner v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 119.)

Second Cause of Action – Declaratory Relief Pursuant to CCP Section 1060

Petitioner Must Challenge an Administrative Decision of Respondent by Petition for Writ of Mandate

The second cause of action in the SAC is for declaratory relief pursuant to CCP section 1060. Respondent and Real Parties contend that the second cause of action is subject to dismissal because Petitioner improperly seeks review of an administrative decision – Respondent's issuance

of a license – through declaratory relief rather than mandamus. (Resp. Dem. 10-12; RPI Dem. 9-12.) The court agrees.

It is well established that "an action for declaratory relief is not appropriate to review an administrative decision." (*State of California v. Superior Court (Veta)* (1974) 12 Cal.3d 237, 249; *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 127 [same]; *Tejon Real Estate, LLC v. City of Los Angeles* (2014) 223 Cal.App.4th 149, 155 [same].) Although declaratory relief is "generally an appropriate means of facially challenging a legislative or quasi-legislative enactment of a public entity," mandamus is the "sole remedy" for asserting an "as-applied" challenge to an enactment. (*Beach & Bluff Conservancy v. City of Solana Beach* (2018) 28 Cal.App.5th 244, 259-62.) "A difference of opinion as to the interpretation of a statute as between a citizen and a governmental agency does not give rise to a justiciable controversy…. The declaratory relief act does not purport to confer upon courts the authority to control administrative discretion." (*Zetterberg v. State Dep't of Pub. Health* (1974) 43 Cal.App.3d 657, 663.)

Significantly here, a complaint that improperly seeks declaratory relief to review an administrative decision may be dismissed on that ground alone. (*Veta, supra*, 12 Cal.3d at 249; *Tejon, supra*, 223 Cal.App.4th at 155.)

In the second cause of action, Petitioner expressly challenges Respondent's administrative decision to issue a "finance lender" license to Real Party BlockFi (hereafter "License"). (SAC ¶¶ 29, 139-153 and Prayer.) Similar to the relief that could be sought in a mandamus action, Petitioner seeks a judicial determination that "the License is invalid, void, and against public policy," "the License was issued in an abuse of Defendant's discretion," and "the License was issued by Defendant without substantial evidence." (SAC Prayer ¶¶ 7-9.)

Petitioner tersely asserts that it is "debatable" whether "the Commissioner's issuance of BlockFi's license was a quasi-judicial decision." (Oppo. 17.) Petitioner suggests that "factfinding and discretion" are necessary elements of a quasi-judicial decision. (Ibid.) For the demurrers to the second cause of action, the court need not decide whether Petitioner challenges a quasi-judicial decision or other ministerial licensing decision of Respondent. As discussed, Petitioner expressly challenges an administrative decision of Respondent to issue the License to BlockFi. (SAC Prayer ¶¶ 7-9.) Whether the challenged decision is viewed as quasi-judicial or ministerial, Petitioner must challenge that decision through an action for writ of mandate. (See *City of Rancho Cucamonga v. Regional Water Quality Control Bd.* (2006) 135 Cal.App.4th 1377, 1385 ["'The exercise of discretion to grant or deny a license, permit or other type of application is a quasi-judicial function" subject to review under administrative mandate]; *Rodriguez v. Dep't of Real Estate* (1996) 51 Cal.App.4th 1289, 1298-1300 [mandatory suspension of real estate license reviewed under traditional mandate]; see Id. at fn. 6 ["As this decision was ministerial and not quasi-judicial in nature, traditional mandate —not administrative mandate—is the appropriate remedy."].)

Petitioner contends that "the SAC alleges an 'overarching, quasi-legislative policy' that 'is subject to review in an action for declaratory relief.'" Petitioner further states that "A complaint for declaratory relief may allege examples of quasi-judicial decisions made in the context of a broader quasi-legislative policy." (Oppo. 14, citing *Californians for Native Salmon Etc. Ass'n v. Dep't of*

*Forestry* (1990) 221 Cal.App.3d 1419, 1429.) With respect to the second cause of action under section 1060, the court finds this argument unpersuasive. In the second cause of action, Petitioner states that "every … license … of the [Defendant] commissioner is subject to judicial review," suggesting that Petitioner is seeking "judicial review" of BlockFi's License. (SAC ¶ 140, citing Fin. Code § 227188.) Petitioner then alleges that an "actual controversy has arisen between the parties in relation to the invalidity of the License," which refers to the challenged license of BlockFi. (Id. ¶ 141.) "The parties dispute the effect of the License, and whether the Real Parties may not retain either use or possession of personal property securing loans made pursuant to their finance lender licenses." (Id. ¶ 144.) "Plaintiff seeks a declaration of whether the License is void, in order to determine the status of Real Parties' licensure." (Id. ¶ 151.) The prayer for the second cause of action, summarized above, only seeks relief with respect to BlockFi's License and not with respect to Respondent's issuance of a license to any other person or entity. Reading the specific allegations about BlockFi's License alongside the Prayer, the second cause of action only challenges a specific administrative decision of Respondent – the issuance of the License to BlockFi.

The SAC does include some general allegations about issuance of licenses to other lenders. For instance, paragraph 9 alleges: "From 2018 to 2021, Defendant issued numerous 'Finance lender' licenses to lenders that retain use and possession of personal property securing their loans to California residents, based upon Defendant's erroneous interpretation of Financial Code section 22009." (SAC ¶ 9.) However, these general allegations appear to be included primarily for the first cause of action under the Administrative Procedure Act, which seeks broad determinations regarding the legality of Respondent's interpretation of Financial Code section 22009 and purported "underground regulation" related to such interpretation. (See SAC ¶¶ 129-139 and Prayer ¶¶ 1-6.) Those general allegations do not change the essential character of the second cause of action as a challenge to Respondent's issuance of the License to BlockFI.

Based on the foregoing, the second cause of action is subject to dismissal because it is improperly pleaded as a claim for declaratory relief. (*Tejon, supra*, 223 Cal.App.4th at 155 ["Because appellant's complaint and FAC improperly sought declaratory relief to review a purported administrative decision, demurrer was properly sustained on that ground alone."].)

Standing

Even if the court construes the second cause of action as a petition for writ of mandate, Respondent and Real Parties also contend that Petitioner has not pleaded a cause of action for writ of mandate. Respondent and Real Parties contend that Petitioner lacks standing to challenge the issuance of the License to BlockFi because "the SAC does not allege how Gerro would benefit if the Court declared BlockFi's license invalid or how he would be harmed if the Court declined to do so." (Resp. Dem. 13-14; RPI Dem. 7-14.) The court previously sustained a demurrer on this same basis. (see Order at 5-7).

To have standing to seek a writ of mandate, a party must be "beneficially interested." (CCP § 1086.) "A petitioner is beneficially interested if he or she has some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with

the public at large." (*Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal. App. 4th 899, 913; accord *Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 796-97.) "This standard … is equivalent to the federal 'injury in fact' test, which requires a party to prove by a preponderance of the evidence that it has suffered 'an invasion of a legally protected interest that is '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'"" (*Associated Builders and Contractors, Inc. v. San Francisco* (1999) 21 Cal.4th 352, 361-362.) "One who is in fact adversely affected by governmental action should have standing to challenge that action if it is judicially reviewable." (*Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 165.)

In the November 2019 order, the court ruled that Petitioner did not plead a beneficial interest in the requested writ. The court stated: "Petitioner does not allege how he would benefit if the court issued the requested writs in paragraphs 1 and 2 of the Prayer, or how he would be harmed if the court declined to issue such writs. Petitioner does not allege factually, or cite legal authority, that the liquidation and foreclosure of his Bitcoin by BlockFi would be reversed if Respondent suspended or revoked BlockFi's license. Petitioner does not allege that he presently has a loan with BlockFi or that BlockFi presently holds his Bitcoin or other assets as collateral. 'A writ of mandate is granted 'only where necessary to protect a substantial right and only when it is shown that some substantial damage will be *suffered by the petitioner* if said writ is denied.' " (*Schmier v. Supreme Court* (2000) 78 Cal.App.4th 703, 707-708.)." (Order at 6.) The court also reasoned that Petitioner did "not cite any statute or other law under which the court would have authority to issue a writ compelling Respondent to cause the suspension of a license until the licensed party unwinds certain transactions or returns collateral," as required in paragraph 3 of the Prayer in the FAP. Thus, "Inclusion of Paragraph 3 of the Prayer is not sufficient to confer standing on Petitioner for that writ claim." (Order at 6-7.)

In response to certain statements made in Petitioner's opposition to the prior demurrer, the court stated: "The court's ruling on demurrer is limited to the four corners of the pleading. As discussed, Petitioner does not allege that suspension or revocation of BlockFi's license would result in a return of his Bitcoin. Nor does Petitioner allege that BlockFi presently holds any of his assets as collateral, such that suspension of BlockFi's license might directly impact Petitioner as a customer. Accordingly, Petitioner has not alleged a beneficial interest in the requested writ." (Order at 6-7.)

In the SAC, Petitioner similarly alleges that he is a California Consumer; that BlockFi took possession of his pledged bitcoin as security for a loan; that BlockFi refuses to return almost all of his pledged bitcoin; that BlockFi claims to have liquidated almost all of Petitioner's bitcoin due to a decline in price; and that BlockFi retains Plaintiff's bitcoin under color of authority. (SAC ¶¶ 95-104.) In these allegations, Petitioner does not allege any ultimate facts supporting a theory that a writ directing Respondent to set aside BlockFi's License would cause any benefit to Petitioner or that Petitioner would be harmed by denial of the writ. Indeed, Petitioner admits that BlockFi has liquidated "almost all" of the pledged bitcoin, and Petitioner does not allege any factual or legal reasons to conclude that revocation of BlockFi's license would actually cause BlockFi to return any of Petitioner's pledged bitcoin.

Petitioner alleges "[u]pon information and belief, if this Court declares that BlockFi's Finance Lender License was invalidly issued, or that BlockFi's use and possession of Plaintiff's property was

unauthorized activity, then BlockFi will return Plaintiff's property." (SAC ¶ 17.) "[A] pleading made on information and belief is insufficient if it 'merely assert[s] the facts so alleged without alleging such information that 'lead[s] [the plaintiff] to believe that the allegations are true'." (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1158-59.) Petitioner does not allege the information that led him to believe that, if the court declares BlockFi's License to be invalidly issued, BlockFi would return Petitioner's pledged bitcoin.

      In opposition, Petitioner contends that there is "legal support" for the allegation in paragraph 17 in Financial Code section 22750, which states in relevant part: "If any provision of this division is willfully violated in the making or collection of a loan, whether by a licensee or by an unlicensed person subject to this division, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction." (§ 22750(a); see Oppo. 18-19.) Petitioner also cites to *Brack v. Omni Loan Co., Ltd.* (2008) 164 Cal.App.4th 1312, which declined to enforce a Nevada choice-of-law provision of a Nevada lender that *never* had the required license to make certain loans in California. In such circumstances, the Court of Appeal cited section 22750 and noted that contracts made "in particular violation of the requirement that a lender have a license issued by the commissioner, are void." (Id. at 1326.) The Court of Appeal did not rule that contracts made with lenders that were licensed by Respondent, such as BlockFi, would be voided.[1]

      As argued in reply, for contracts with a lender who had a license issued by the Commissioner that was later suspended or revoked, Financial Code section 22716 may apply. (Resp. Reply 5.) Section 22716 states that "[t]he revocation, suspension, expiration, or surrender of any license does not impair or affect the obligation of any preexisting lawful contract between the licensee and any borrower or property owner." Under section 22716, revocation of BlockFi's license would not automatically invalidate the contract with Petitioner. Moreover, even if BlockFi's loans were found to somehow violate the requirement that a lender have a license issued by the Commissioner, it appears the Commissioner would need to pursue legal action seeking restitution or disgorgement on behalf of Petitioner. (Fin. Code, § 22713 [granting the Commissioner discretion to bring legal action to enjoin violations of the Financial Code and include a claim for restitution, disgorgement, or damages on behalf of the persons injured].) Presumably, Commissioner would have discretion as to whether to pursue such legal action and such discretion vested in the Commissioner cannot be controlled by mandate. (*AIDS Healthcare Foundation v. Los Angeles County Dept. of Public Health* (2011) 197 Cal.App.4th 693, 700.) Petitioner does not address any of this statutory authority, which undermines his claim of standing.

      Based on the foregoing, Petitioner has not alleged a beneficial interest in the requested writ.

<u>Public-Interest Exception to Standing Requirement; and Petitioner's Contentions that Respondent Violated Section 22009 By Issuing a License to BlockFi</u>

      The court ruled that Petitioner did not allege sufficient facts in the FAP to support the public-interest exception to the standing requirement. (Order 7-11.) Respondent and Real Parties contend that, in the SAC, Petitioner fails to allege any new facts to satisfy the requirements of the public interest exception to standing. (Resp. Dem. 13-14; RPI Dem. 7-14.)

Here, the allegations in the SAC related to public-interest standing do not appear materially different from those pled in the FAP. Petitioner alleges that the Department issued BlockFi's finance lender license based upon an "erroneous interpretation of Financial Code section 22009" and that BlockFi's lending practices threaten California consumers with irreparable harm. (SAC ¶¶ 10, 29, 105-128; see generally Id. ¶¶ 33-94 [discussing alleged harm to California consumers of BlockFi's lending practices].) The court must assess whether Petitioner has sufficiently alleged that Respondent's duty to revoke RPI's license is "sharp" and that there is a "weighty" public need for issuance of the writ.

Section 22100(a) states that "[n]o person shall engage in the business of a finance lender or broker without obtaining a license from the commissioner." Section 22009 defines "finance lender" as "any person who is engaged in the business of making consumer loans or making commercial loans." Section 22009 further states that "[t]he business of making consumer loans or commercial loans **may include lending money and taking**, in the name of the lender, or in any other name, in whole or in part, **as security** for a loan, **any contract or obligation involving the forfeiture of rights in or to personal property, the use and possession of which property is retained by other than the mortgagee or lender**, or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission." (emphasis added.)

Petitioner contends that, under section 22009, "Defendant has no authority to issue finance lender licenses to secured parties that retain use and possession of personal property securing their loans" and "BlockFi's use and possession of personal property securing its loans constitutes unauthorized or unlicensed activity." (SAC ¶ 19.)

As the court ruled in the November 16 Order, the statutory language upon which Petitioner relies is not mandatory in nature (i.e., "shall include"), but rather permissive ("may include"). Section 22009 does not clearly or explicitly prohibit a finance lender from using or possessing collateral. Petitioner has not developed an argument based on the statutory scheme as a whole that a finance lender cannot, in any circumstance, use or possess the personal property that secures its loan. (See Order 9.)

Petitioner does not submit or request judicial notice of any legislative history to support his interpretation of section 22009. (See Cal. Rules of Court, Rule 3.1306(c) ["A party requesting judicial notice of material under Evidence Code sections 452 or 453 must provide the court and each party with a copy of the material."].) Even as summarized in Petitioner's brief, the legislative history cited by Petitioner is inconclusive. (See Oppo. 20-21.) For instance, while a "personal property broker" is included in the definition of "finance lender," section 22009 does not state that "finance lender" is limited to personal property brokers as defined in Petitioner's cited legislative history. Petitioner has still not provided the court extrinsic aids that suggest Respondent illegally issued a license to BlockFi.

Petitioner's reliance on *W. Pico Furniture Co. v. Pac. Fin. Loans* (1970) 2 Cal. 3d 594 is misplaced. (Oppo. 21.) That case did not address the question presented here of whether section

22009 *requires*, in all circumstances, that use and possession of collateral be retained by other than a finance lender. "'It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered.'" (*People v. Knoller* (2007) 41 Cal.4th 139, 154-55.) For that same reason, Petitioner's discussion of *Ex parte Stephan* (1915) 170 Cal. 48, *Carter v. Seaboard Finance Co.* (1949) 33 Cal.2d 564, and 1948 Attorney General opinion is not persuasive. (Ibid.)

For purposes of this demurrer, the court concludes only that Petitioner has not shown a "sharp" duty owed by Respondent to suspend or revoke BlockFi's license, nor a "weighty" public need for the requested writ. As discussed, Petitioner has alleged no personal interest in the writ relief that he seeks. Balancing the interests, the court presently finds no grounds to apply the public-interest exception to Petitioner's writ claim.

Petitioner has not alleged sufficient facts to satisfy the public-interest exception to the standing requirement.

Does Petitioner Have an Adequate Legal Remedy?

Respondent and Real Parties contend that Petitioner has an adequate remedy at law in two pending actions for breach of contract and injunctive relief. (Resp. Dem. 16 and fn. 14; RPI Dem. 7-9, 11-12.) The court agrees.

"The extraordinary remedy of mandate is not available when other remedies at law are adequate." (See *Agosto v. Board of Trustees of Grossmont-Cuyamaca Community College Dist.* (2010) 189 Cal.App.4th 330, 336.)

Moreover, even if the second cause of action was properly brought under CCP section 1060 for declaratory relief (it was not), "[t]he court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (CCP § 1061.) Among other factors, "California trial courts may consider in their section 1061 analysis whether the timing of the declaratory relief action suggests litigation strategy motivated the filing rather than a concern that judicial guidance was needed and would not be forthcoming absent the filing of a declaratory relief action." (*Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 376.)

Petitioner has filed two other cases against BlockFi in the Los Angeles Superior Court. (See SAC ¶¶ 101-103.)

In *Gerro I* (Case No. 20BBCV00308), Petitioner sued BlockFi and his loan servicer "to recover possession of his personal property," specifically Bitcoin that BlockFi liquidated after

Petitioner failed to maintain loan-to-value ratios specified in his contract with BlockFi. (See SAC ¶ 101; RPI RJN Exh. B.) The complaint alleged multiple claims against BlockFi, including breach of contract, conversion, and violation of several Commercial Code sections. In opposition to a demurrer, Petitioner asserted that his contract with BlockFi was illegal based on his statutory interpretation of the definition of finance lender in section 22009. (RPI RJN Exh. C at 7.) The trial court enforced a Delaware forum selection clause and stayed the action. (RPI RJN Exh. A.) Petitioner appealed, and his appeal is presently pending. (SAC ¶ 103.)

In *Gerro II* (Case No. 20STCV31493), Petitioner sued BlockFi for injunctive relief based on claims of unfair competition, false advertising, and civil conspiracy. Petitioner alleged, as he does in this writ action, that BlockFi is illegally engaging in the business of an unlicensed pawnbroker and activity that falls outside the scope of a finance lender license pursuant to section 22009. (RPI RJN Exh. D.) The trial court stayed *Gerro II* based on the pending action in *Gerro I*, concluding that *Gerro II* constituted the same cause of action as *Gerro I*. (SAC ¶¶ 101-102.) Petitioner appealed the stay in *Gerro II,* and that appeal is pending. (SAC ¶ 103.)

In paragraph 3 of the Prayer of the FAP, Petitioner sought a writ "commanding Respondent to suspend said License until BlockFi unwinds all of its prior forfeitures of California Collateral and restores possession to Consumers." (FAP p. 17.) Although now styled as an action for declaratory relief, the second cause of action in the SAC effectively seeks the same relief. Specifically, Petitioner seeks to cause BlockFi, as a result of a judicial declaration voiding its License, to return to Petitioner the Bitcoin liquidated or foreclosed by BlockFi. (SAC ¶¶ 12-17, 19, 29, 95-104; Prayer ¶¶ 7-9.) Petitioner has an adequate remedy at law in *Gerro I* and *Gerro II* to obtain return of his Bitcoin or a corresponding amount of money damages.

In the SAC, Petitioner also effectively seeks a writ commanding Respondent to revoke, cancel, or annul BlockFi's Finance Lender and Broker License No. 60DBO 81955 (License). (SAC ¶ 29 and Prayer ¶¶ 7-9.) Petitioner could not obtain that exact relief in *Gerro I* or *Gerro II*. Nonetheless, *Gerro II* alleges that BlockFi is "engaging in the unlawful business practice of accepting and obtaining forfeiture interests in collateral which it uses and possesses, in violation of California Financial Code Section 21009 [sic]" and "knowingly and negligently violating the pawnbroker laws." (RPI RJN Exh. D, ¶¶ 244-245.) Petitioner seeks to enjoin this alleged unlawful conduct pursuant to Business and Professions Code section 17200. If Petitioner proved his claims in *Gerro II* and the court enjoined conduct of BlockFi that he contends violates section 22009, that would provide him an adequate remedy for the harm alleged in the instant petition.

Petitioner has not made a persuasive argument to the contrary. (See e.g. Oppo. 10, 19.) Petitioner's reliance on *Covert v. State Bd. of Equalization* (1946) 29 Cal.2d 125 is misplaced. (Ibid.) In *Covert*, a statute specifically authorized the petitioner, a citizen, to file a complaint with the board against a liquor licensee. In those circumstances, the Court held that abatement proceedings were not an adequate remedy. The Court did not hold that actions for contract damages or injunctive relief can never provide an adequate, alternative remedy for a petition for writ of mandate. "An opinion is not authority for propositions not considered.'" (*People v. Knoller* (2007) 41 Cal.4th 139, 154-55.)

Interpreting the second cause of action as a petition for writ of mandate challenging Respondent's issuance of the License to BlockFi, the second cause of action is barred because Petitioner has other, adequate remedies at law in *Gerro I* and *II*. Thus, even if it could be concluded that Petitioner had standing, public-interest standing, or even taxpayer standing (see *infra*), Petitioner's action for writ of mandate is barred.

While the second cause of action is improper to the extent it seeks declaratory relief pursuant to section 1060 (see above), if the second cause of action were properly brought under section 1060, the court would also exercise its discretion and determine that declaratory relief is not necessary or proper at this time under all the circumstances. (CCP § 1061.) Among other reasons, Petitioner has adequate alternative remedies in *Gerro I* and *II*. Furthermore, the timing of the declaratory relief action, which was filed only after this court sustained a demurrer to Petitioner's writ petition and while Petitioner's two other actions against BlockFi are pending on appeal, "suggests litigation strategy motivated the filing rather than a concern that judicial guidance was needed and would not be forthcoming absent the filing of a declaratory relief action." (*Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 376.) Notably, Petitioner does not respond to or distinguish *Osseous* in opposition.

Taxpayer Standing

For the first time in opposition, Petitioner asserts that he "qualifies for taxpayer standing, as an additional and independent basis for standing." (Oppo. 19.) This theory of standing is not pleaded in the SAC. The court's ruling on demurrer is limited to the four corners of the pleading.

Even if the SAC could be construed to allege that Petitioner is a state taxpayer (see Oppo. 22 and SAC ¶ 27), Petitioner does not show that taxpayer standing saves his second cause of action from dismissal or that further leave to amend should be granted related to taxpayer standing.

Taxpayer standing under section 526a applies only to challenges involving an "illegal expenditure of" or "waste of" public funds. (*Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 482-483 ["Waste does not encompass the great majority of governmental outlays of money or the time of salaried governmental employees, nor does it apply to the vast majority of discretionary decisions made by state and local units of government."].) A taxpayer must allege detailed facts asserting an actual or threatened expenditure of public funds to have standing; "'[g]eneral allegations, innuendo, and legal conclusions are not sufficient.'" (*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739, 749.)

"[A] taxpayer's action may not be maintained where the challenged government conduct is legal. [Citation.] 'Conduct in accordance with regulatory [or statutory] standards 'is a perfectly legal activity' and beyond the scope of section 526a." (*Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499, 1503.)

Even if there were some ambiguity in section 22009 with respect to Respondent's authority to issue the License, Petitioner does not allege or propose to amend with specific facts suggesting that Respondent's interpretation was made in bad faith and could be construed as an illegal, *ultra vires,* fraudulent, or wasteful expenditure of public funds.  In addition, Petitioner has an adequate remedy at law to the extent he challenges Respondent's issuance of the License, seeks return of his bitcoin, or seeks money damages.  It is also apparent that Petitioner is using the present action as a "litigation strategy" to obtain return of his bitcoin from BlockFi while his appeals in *Gerro I* and *II* are pending on appeal.  (See *Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 376.)   For all these reasons, even if taxpayer standing was alleged, Petitioner has not alleged facts supporting a petition for writ of mandate or a claim for declaratory relief under section 1060.

The demurrer to the second cause of action is SUSTAINED.

First Cause of Action – Administrative Procedure Act

In the first cause of action, Petitioner alleges that "Defendant's erroneous interpretation of Financial Code section 22009 (Underground Regulation) failed to comply with the Administrative Procedures Act (Gov. Code, § 11340 et seq.)."  (SAC ¶ 10.)  Petitioner contends that because Respondent did not comply with the Administrative Procedures Act ("APA"), the "Underground Regulation constitutes a void and unenforceable regulation."  (Id. ¶ 11.)  Real Parties are not named as parties to the first cause of action.

Does Petitioner Improperly Seek a Writ of Mandate Challenging BlockFi's License Through a Declaratory Relief Action under the APA?

Respondent contends that the first cause of action improperly seeks a writ through a declaratory relief action.  Respondent states that the first cause of action is "derived entirely from the Commissioner's administrative decision to issue BlockFi's license."  (Dem. 11.)

Under the APA, "[a]ny interested person may obtain a judicial declaration as to the validity of any regulation or order of repeal by bringing an action for declaratory relief in the superior court in accordance with the Code of Civil Procedure."  (Gov. Code § 11350(a).)

The APA establishes a procedure for public notice, comment, hearing, filing, review, and approval, which an agency must follow only when adopting a "regulation." (See Gov. Code, § 11340, et seq.) As defined in the APA, a "'regulation' means every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure." (Gov. Code, § 11342.600.)

Regulations under the APA may include agency "interpretations of the law." (*Morning Star Co. v. State Bd. of Equalization* (2006) 38 Cal.4th 324, 334.) Significantly, "underground" regulations may be challenged under section 11350(a). An "'underground regulation' that was not issued in accordance with the APA and is therefore void . . . . [is] not entitled to any deference." (*Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 563, 577.)

The SAC alleges that Commissioner "secretly interpreted Financial Code section 22009 as being consistent with BlockFi's possession of Pledged Bitcoin," which Petitioner claims is an "erroneous interpretation" of section 22009. (SAC ¶¶ 10, 110.) Petitioner's claim that the Commissioner's interpretation of section 22009 is "erroneous" is the same reason the second cause of action under section 1060 purports to challenge the validity of BlockFi's license. (See id. ¶¶ 141-153.)

However, unlike the second cause of action, the first cause of action does not seek declaratory relief specifically with regard to BlockFi's License. Rather, Petitioner alleges generally that "Defendant has interpreted and construed Financial Code section 22009 so as to enable a 'Finance lender' to retain use and possession of personal property securing its loans." (SAC ¶ 132.) Petitioner's allegations in the first cause of action apply to lenders other than BlockFi: "Defendant effectuated its Underground Regulation, by issuing finance lender licenses to secured parties that routinely retain use and possession of personal property securing their loans." (Id. ¶ 133.) "Defendant will continue to issue finance lender licenses, pursuant to its void Underground Regulation, unless and until this court declares the infirmity of Defendant's mis-licensing scheme." (Id. ¶ 138) The prayer seeks a judicial determination that "Defendant's interpretation, regarding Financial Code section 22009, is void, incorrect, and not entitled to any deference" and violates the rulemaking procedures of the APA. (Prayer ¶¶ 1-6.)

Government Code section 11350 expressly permits interested parties to pursue a judicial declaration as to the validity of any regulation, including purported "underground regulations." (Gov. Code § 11350(a).) As Respondent states, a declaration under section 11350(a) that Respondent's alleged "underground regulation" is "void" would not necessarily render BlockFi's License invalid. (Resp. Dem. 15:15-26, citing *Alvarado v. Dart Container Corp. of Cal.* (2018) 4 Cal.5th 542, 558.) Given these circumstances, the first cause of action does not improperly challenge a specific administrative decision of Respondent through a declaratory relief action. The first cause of action is properly brought as a claim for declaratory relief, rather than writ of mandate. (*Dep't of Consumer Affairs v. Superior Court* (2016) 245 Cal.App.4th 256, 262 ["as section 11350 makes clear, an action for declaratory relief is to be brought 'in accordance with the Code of Civil Procedure.'"].)

Assignment of Declaratory Relief Action under the APA to Writs and Receivers Department

Pursuant to the local rules which designate that Department 82 is a specialized Writs and Receivers department and not a general civil department, only a cause of action for writ of mandate is properly assigned to this department. (LASC Local Rules 2.8(d) and 2.9.) Local Rules 2.8(d) and 2.9 do not include a claim for declaratory relief as a special proceeding assigned to the writs departments.

As discussed, the first cause of action is a claim for declaratory relief, not writ of mandate. Accordingly, pursuant to Local Rules 2.8(d) and 2.9, the first cause of action is not properly assigned to the Writs and Receivers Departments.

In a lengthy footnote, Respondent contends that the APA claim "is still properly assigned to the Writs and Receivers because it seeks review of an allegedly quasi-legislative agency action, which may be pursued either through a declaratory relief action under the APA or an action for traditional mandamus…. To be sure, the Writs and Receivers department regularly presides over and rules on actions for declaratory relief under the APA." (Resp. Dem. 12, fn. 2.) This argument is not persuasive. Respondent does not discuss the procedural circumstances of each of the cited cases in this footnote. While an action for declaratory relief under section 11350 may often overlap with and be joined with a petition for traditional or administrative mandate (see e.g. *California Assn. of Medical Products Supplies v. Maxwell-Jolly* (2011) 199 Cal.App.4th 286, 302-304), it does not follow that a complaint or cause of action brought under section 11350 could be construed as a petition for writ of mandate.

Because the first cause of action for declaratory relief is not properly assigned to Department 82, that cause of action will be transferred to Department 1 for reassignment to an independent calendar department. The court does not reach Respondent's arguments that Petitioner lacks standing to challenge any purported underground regulation under the ABA, or that the SAC fails to identify a regulation subject to the APA. (Dem. 14-17.) Those merit questions must be decided by the independent calendar department to which the first cause of action is assigned. The demurrer should be renoticed in the assigned independent calendar department.

Leave to Amend

A demurrer may be sustained without leave to amend when there is no reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Courts generally allow at least one time to amend a complaint after sustaining a demurrer. (*McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303.) In assessing whether leave to amend should be granted, the burden is on the complainant to show the court that a pleading can be amended successfully. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 348-349.)

This is the court's second ruling on the demurrer. In the opposition brief, Petitioner has not made an offer of proof of amendments that could address the pleading defects analyzed above. For reasons discussed, the court is not persuaded that additional allegations of taxpayer standing would cure the defects in the second cause of action. (See e.g. Oppo. 22.) Because the court already granted leave to amend, and because Petitioner has not shown in opposition how the defects could be cured, the court is not inclined to grant further leave to amendment with respect to the second cause of action. Counsel may address this issue at the hearing.

-

**Conclusion**

Respondent's demurrer to the second cause of action is SUSTAINED.  Real Parties' demurrer to the second cause of action is SUSTAINED. Subject to argument, further leave to amend is DENIED.

The court does not rule on Respondent's demurrer to the first cause of action.  The first cause of action is stayed pending transfer of the case to Department 1 and reassignment to an independent calendar department.  (LASC Local Rules 2.8(d) and 2.9.)

---

[1] The Court of Appeal also discussed the detailed licensing process required under the Finance Lenders Law and under which BlockFi's License was issued.  (Id. at 1326-27.)  Notably, other than his argument under section 22009, discussed *infra*, Petitioner does not challenge any other aspect of Respondent's issuance of the License under the Finance Lenders Law.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On **April 22, 2022**, I served a true and correct copy of the document entitled: **NOTICE OF RULING ON DEMURRERS OF RESPONDENT CHRISTOPHER S. SHULTZ AND REAL PARTIES IN INTEREST TO PETITIONER'S SECOND AMENDED COMPLAINT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, as indicated below and addressed as follows:

| | |
|---|---|
| John M. Gerro, Esq.<br>George J. Gerro, Esq.<br>Law Offices of Gerro & Gerro<br>530 S. Glenoaks Boulevard, Suite 200<br>Burbank, CA  91502<br>Telephone:    (818) 840-0000<br>E-Mail:         john@gerrolaw.com<br>                     george@gerrolaw.com<br><br>*[Attorneys for Petitioner GEORGE GERRO]* | Rob Bonta, Esq., Attorney General of California<br>Leanna C. Costantini, Esq., Dep. Atty. General<br>California Department of Justice<br>300 South Spring Street<br>Suite 1702<br>Los Angeles, CA 90013<br>Telephone:    (213) 269-6231<br>Facsimile:     (619) 738-9000<br>E-Mail:          rob.bonta@doj.ca.gov<br>                      leanna.costantini@doj.ca.gov<br><br>*[Attorneys for Respondent CHRISTOPHER S. SHULTZ, as Commissioner of Financial Protection and Innovation of the State of California]* |

☐    **(By Personal Delivery)** I served true and correct copies of the foregoing document by personal delivery through First Legal Network to the offices of the interested parties as indicated above.

☐    **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I caused such envelope, with postage thereon fully prepaid, to be placed in the United States Mail at Costa Mesa, California as indicated above.

☒    **(By Electronic Delivery)** Pursuant to C.C.P. § 1010.6, I served true and correct copies of the foregoing document by electronic delivery to the interested parties in this action as indicated above.

1  ☐ **(By Overnight Delivery)** I served true and correct copies of the foregoing document by placing such document in a sealed Fedex envelope addressed to the interested parties as indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **April 22, 2022**, at Costa Mesa, California.

*Carrie L. Gagne*
_____
Carrie L. Gagne

2

**PROOF OF SERVICE**