**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM,
## (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,
## (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Bar Date Order"):[2]  (a) setting Bar Dates (as defined herein) for creditors to submit

Proofs of Claim (as defined herein) in these Chapter 11 Cases;  (b) approving the procedures

described herein for submitting Proofs of Claim in these Chapter 11 Cases and the forms of the

Proof of Claim attached hereto as **Exhibit B** and **Exhibit C**; (c) approving the form and manner

of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit D**

(the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in

the form attached hereto as **Exhibit E**, allowing for publication notice as described in this Motion;

and (d) granting related relief.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 23] (as may be amended, supplemented, or modified from time to time, the "Plan"), or the Bankruptcy Code, as applicable.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 501, 502(b)(9), 503(b)(9), and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 3003, 5005, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3003-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### Background

5.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration") incorporated by reference herein.

6.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

**Bar Dates**

7.      The Debtors intend to file their schedules of assets and liabilities (the "Schedules")

by January 11, 2023.  Except as otherwise set forth herein, the Debtors seek to establish **5:00 p.m.**

**prevailing Eastern Time on March 13, 2023** (the "General Claims Bar Date") as the deadline by

which all persons and entities must submit proofs of claim (each, a "Proof of Claim") asserting

claims that arose on or before the Petition Date (each, a "Claim") against the Debtors in these

Chapter 11 Cases.  This date is sixty-one days after the proposed Bar Date Notices are expected to

be disseminated, which will occur within ten business days of entry of the Bar Date Order.  The

General Claims Bar Date includes Claims asserted under section 503(b)(9) of the

Bankruptcy Code.[3]

8.      In addition to the General Claims Bar Date, pursuant to section 502(b)(9) of the

Bankruptcy Code, the deadline by which all governmental units must submit Proofs of Claim

asserting Claims that arose on or before the Petition Date against the Debtors in these

Chapter 11 Cases (the "Governmental Bar Date") is **5:00 p.m. prevailing Eastern Time on**

**May 30, 2023**.[4]

9.      The Debtors seek authority to establish supplemental bar dates (any such date,

a "Supplemental Bar Date") without further order of the Bankruptcy Court to the extent the

Debtors amend or supplement their Schedules to provide adequate notice and opportunity to

submit a Proof of Claim to parties holding claims affected thereby.  In such instances, the Debtors

will provide such parties with notice, in a form substantially similar to the Bar Date Notice, that

---

[3]   "503(b)(9) Claims" are Claims on account of goods received by a Debtor within twenty days before the
Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business, and
entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code.  *See* 11 U.S.C.
§ 503(b)(9).

[4]   Section 502(b)(9)(A) of the Bankruptcy Code provides that governmental units have 180 days after the
Petition Date to file Proofs of Claim.

will clearly set forth the Supplemental Bar Date by which such parties must submit a Proof of Claim with respect to such Claims so that such Proofs of Claim are **actually received** by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity.

10.     Lastly, the Debtors seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order (the "Rejection Bar Date," and, together with the General Claims Bar Date, the Supplemental Bar Date, and the Governmental Bar Date, the "Bar Dates").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

<u>**Procedures for Submitting Proofs of Claim**</u>

**I.      Claims for Which Proofs of Claim Need Not be Filed.**

11.     Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a Proof of Claim in order to preserve rights with respect to such Claim.  In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity, ***other than*** those listed below, that holds a Claim against any Debtor in these Chapter 11 Cases be required to submit a Proof of Claim to assert such Claim in accordance with the Bar Date Order.  Subject to Bankruptcy Court approval of the Bar Dates and the Bar Date Order, the Debtors propose that persons or entities do ***not*** need to submit a

Proof of Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls

into one of the following categories:

a.    any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.    any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.    any Claim that has previously been allowed by order of this Court;

d.    any Claim that has already been paid in full by any of the Debtors;

e.    any Claim for which a different deadline has previously been fixed by this Court;

f.    any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of BlockFi Inc.;

g.    any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h.    any Claim based on an equity interest in the Debtors;

i.    any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j.    claims for fees and expenses of professionals retained in these proceedings;

k.    any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

m.      any Claim held by any person or entity solely against a non-Debtor entity.

## II.    The Proof of Claim Forms.

12.    The Debtors seek approval of the form of Proof of Claim attached hereto as **Exhibit B** (the "Customer Proof of Claim Form"), which, although based on Official Form 410, is modified to allow holders of Claims based on digital assets held in accounts on the Debtors' platform to list the number of units of each digital assets held in lieu of denominating their Claim in United States dollars, and to identify the type of account (*e.g.*, BlockFi Wallet, BlockFi Interest Account, Retail Loans, Institutional Loans, BlockFi Private Client, and Credit Card) they assert their cryptocurrency is held in.    Additionally, the Debtors seek approval of the form of Proof of Claim attached hereto as **Exhibit C** (the "Non-Customer Proof of Claim Form," and together with the Customer Proof of Claim Form, the "Proof of Claim Forms"), which, although based on Official Form 410, is modified to allow creditors to assert 503(b)(9) Claims.

13.    With the assistance of the Notice and Claims Agent, the Debtors propose to provide each of the creditors listed on the Schedules with a personalized Proof of Claim Form, which will set forth:  (a) the identity of the Debtor against which the creditor's Claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.[5]

14.    If any creditor disagrees with the information set forth on a personalized Proof of Claim Form such creditor must submit a Proof of Claim identifying the Debtor against

---

[5]    For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

which the creditor asserts a Claim and the amount and type of that Claim as set forth in section III

below.  Additionally, creditors may choose not to use the personalized Proof of Claim Forms, as

applicable, provided by the Debtors and instead submit Proofs of Claim on Official Form 410 as

and to the extent provided in the Bar Date Order.

### III.    Requirements for Preparing and Submitting Proofs of Claim.

15.    The Debtors request that the Court require all Proofs of Claim submitted in these

chapter 11 cases be consistent with the following:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account and the type of account[6] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[7]

b.    ***Section 503(b)(9) Claim***.  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

---

[6]    For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly indicate:  (a) each type of cryptocurrency held, (b) the number of units of each cryptocurrency held, and (c) the type of account (BlockFi Wallet, BlockFi Interest Account, Retail Loans, Institutional Loans, BlockFi Private Client, and Credit Card).

[7]    Supporting documentation may include, but is not limited to, a .csv report of the claimant's account with the Debtors.

c. **_Receipt of Service_**.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. **_Identification of the Debtor Entity_**.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Forms.    A Proof of Claim submitted under Case No. 22-19361 or that does not identify a Debtor will be deemed as submitted only against BlockFi Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-19361 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. **_Claim Against Multiple Debtor Entities_**.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of a Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. **_Supporting Documentation_**.  Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent actually receives the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address:    BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:    BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**IV.    Consequences of Failing to Timely Submit a Proof of Claim.**

16.    In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to submit a Proof of Claim in accordance with the

Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined

from asserting such Claim—including any such Claim asserting administrative expense status

under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or submitting a

Proof of Claim with respect to that Claim), and the Debtors and their property, will be forever

discharged from any and all indebtedness or liability with respect to or arising from that Claim.[8]

Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these

Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these

Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such

Claim.  Such person or entity shall not be treated as a creditor with respect to such Claim for any

purpose in these Chapter 11 Cases.

### The Bar Date Notice

17.    Among other things, the Bar Date Notice:  (a) identifies the Bar Dates, (b) includes

detailed procedures for submitting a timely and accurate Proof of Claim, (c) lists the parties who

are not required to submit a Proof of Claim, (d) describes the consequences of failing to submit a

Proof of Claim in accordance with the Bar Date Order, and (e) provides creditors with the name

and telephone number of the Notice and Claims Agent, where questions may be addressed and

from whom additional information may be obtained.

18.    With the assistance of the Notice and Claims Agent, by no later than ten business

days after entry of the Bar Date Order (forty-seven days in advance of the

General Claims Bar Date), the Debtors will serve the Bar Date Notice and a Proof of Claim Form

---

[8]    For the avoidance of doubt, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be automatically barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of Bermuda.

by email from the Notice and Claims Agent as applicable and/or first-class mail in accordance

with the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and*

*Administrative Procedures* [Docket No. 54] (as amended, supplemented, or modified by order of

the Court, the "Case Management Procedures") on:

    a.    the Master Service List (as defined in the Case Management Procedures);

    b.    all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.    all entities who are party to executory contracts and unexpired leases with the Debtors;

    f.    all entities who are party to litigation with the Debtors;

    g.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    h.    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

    i.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

19.    The Debtors also intend to provide notice of the Bar Dates by publication to help

ensure that all potential claimants receive adequate notice of the Bar Dates.  Specifically, the

Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form

attached hereto as **Exhibit E**, on one occasion in *The New York Times* (National Edition),

*CoinDesk* (CoinDesk.com), *The Royal Gazette*, and any such other publication that the Debtors

deem appropriate and disclose in their Affidavit of Service.

20.    Further, the Debtors shall post the Proof of Claim Forms and the Bar Date Notice

on  the  Debtors'  case  website  established  by  the  Notice  and  Claims  Agent  at

https://restructuring.ra.kroll.com/blockfi.

**Basis for Relief**

I.    **Authority to Approve the Bar Dates and the Procedures for Filing Proofs of Claim.**

21.    Generally, claimants must submit a Proof of Claim to assert a Claim in a bankruptcy

proceeding.   *See* 11 U.S.C. § 501(a).   Bankruptcy Rule 3003(c)(3) typically governs the

submission of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court

shall fix and for cause shown may extend the time within which proofs of claim or interest may be

filed."   General claims bar dates are integral to the twin goals of chapter 11—preserving

going-concerns  and  maximizing  creditor  recovery  value.   *See In re Waterman S.S. Corp.*,

59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).  Indeed, prolonged uncertainty regarding the aggregate

liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring

plan process to the detriment of creditors and parties in interest.  *Id.*  ("Absent the setting of a bar

date, a Chapter 11 case could not be administered to a conclusion.").

22.    Local Rule 3003-1 provides that:  (i) a "creditor (other than a governmental unit)

or equity security holder subject to Bankruptcy Rule 3003(c)(2) must file a proof of Claim . . . not

later than 70 days after the date of the order for relief;" (ii) that a "governmental unit subject to

Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the

order for relief;" and (iii) that a "proof of claim arising from the rejection of an executory contract

or unexpired lease must be filed by the later of (1) 30 days after rejection; or (2) 70 days after the

date of the order for relief."  *See* Local Rule 3003-1.

23.    Recognizing the importance of setting deadlines for submitting claims against a

debtor, courts in this and other jurisdictions routinely approve relief similar to that requested in

this Motion.  *See, e.g.*, *In re Alliant Techs. L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Apr. 6, 2022); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Mar. 31, 2021); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 13, 2020); *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 16, 2022); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022).[9]

24.    To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against their estates in these Chapter 11 Cases.  Given the sheer number of potential claimants in these Chapter 11 Cases, it is important that the Debtors begin the Claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources.  Fixing the Bar Dates as set forth herein will help the Debtors accomplish the foregoing objectives.

25.    In addition, (a) requiring holders of 503(b)(9) Claims to assert such Claims using the Non-Customer Proof of Claim Form attached hereto on or prior to the General Claims Bar Date and (b) requiring holders of Claims based on cryptocurrency held in accounts on the Debtors' platform to list the number of units of each cryptocurrency held in lieu of denominating their Claim in United States dollars on the Customer Proof of Claim Form will ensure that the Debtors have accurate information regarding the nature, validity, and amount of such Claims while affording parties asserting such Claims appropriate and adequate notice.  Moreover, this approach facilitates

---

[9]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

a cost-effective, efficient Claims process for such creditors and helps conserve estate resources to the benefit of the Debtors' unsecured creditors.[10]

26.     The Debtors submit that the adjustments to the Proof of Claim Forms set forth herein are justified and warranted under the circumstances present here.  Courts in this and other jurisdictions regularly adjust a proof of claim form with respect to fixing bar dates for submitting Claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Mar. 31, 2021); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 13, 2020); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021).

27.     The Bar Dates herein comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, are appropriate, and should be approved.  The Debtors anticipate that their Schedules will be on file at least sixty-one days before the General Claims Bar Date and at least one hundred and thirty-nine days before the Governmental Bar Date.  Further, the proposed timeline provides that the Rejection Bar Date is the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order.  Accordingly, the Debtors request that the Court establish the Bar Dates set forth herein.

---

[10]   Parties asserting administrative Claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

## II.    The Procedures for Submitting Proofs of Claim Should Be Approved.

28.    The Debtors have worked to design procedures that:  (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for effecting the same, and (c) achieve administrative and judicial efficiency.  Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

29.    Among other things, the procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which, in either event, would result in unnecessary expense and delay in the Claims reconciliation process for all parties affected thereby.

30.    The Debtors propose that claimants be permitted to submit Proofs of Claim in person, by hand delivery, or via mail.  Although Proofs of Claim submitted by facsimile or electronic mail will not be accepted, the Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi.  A similar electronic interface has been utilized in other large bankruptcy cases.  *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022) (approving procedures for submission of proofs of claim through electronic interface); *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022) (same); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021) (same); *In re Greensill Cap. Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021) (same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020)

(same).[11]  These procedures will facilitate the Claims process by establishing protocols for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding the procedures and other requirements for submitting a Proof of Claim.  Accordingly, these procedures should be approved.

### III.     The Proposed Notice and Service Satisfy Due Process Requirements.

31.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c).  In addition, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

32.     The Debtors propose to serve the Bar Date Notice to their known creditors and must rely on publication to give notice to their unknown creditors.

33.     To determine the adequacy of notice to a creditor, case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of the debtor in the ordinary course of business.  *See Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (holding that publication is acceptable where it is not "reasonably possible or

---

[11]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

34.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim.  *See, e.g.*, *In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (holding that where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").

35.     Where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim.  *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the Claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same).  Furthermore, debtors are not required to publish notice in an excessive number of publications.  *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

36.     The Debtors propose that the Bar Date Notice be served by email and/or first class mail, as applicable, within ten business days of entry of the Bar Date Order.  This will provide for at least forty-seven days' notice of the General Claims Bar Date.

37.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[12] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors.   In these and similar circumstances, the Debtors request that the Court permit them to make supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

38.     To provide creditors unknown to the Debtors with constructive notice of the Bar Dates herein, the Debtors propose to publish the Bar Date Notice, modified as necessary, in *The New York Times* (National Edition), *CoinDesk* (CoinDesk.com), *The Royal Gazette*, and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

39.     In light of the foregoing, service and publication of the Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and

---

[12]   If notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

Local Rules.  Accordingly, the Debtors request that the Court deem the form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

### Waiver of Memorandum of Law

40.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

41.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### No Prior Request

42.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Notice

43.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e)  the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that

has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: January 9, 2023

/s/  *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*