**Exhibit A**

**Proposed Bar Date Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **COLE SCHOTZ P.C.** <br> Michael D. Sirota, Esq. (NJ Bar No. 014321986) <br> Warren A. Usatine, Esq. (NJ Bar No. 025881995) <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> (201) 489-3000 <br> msirota@coleschotz.com <br> wusatine@coleschotz.com <br><br> **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Joshua A. Sussberg, P.C. (admitted *pro hac vice*) <br> Christine A. Okike, P.C. (admitted *pro hac vice*) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> (212) 446-4800 <br> jsussberg@kirkland.com <br> christine.okike@kirkland.com <br><br> **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Kenric D. Kattner, Esq. (admitted *pro hac vice*) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> kenric.kattner@haynesboone.com <br><br> *Proposed Attorneys for Debtors and Debtors in Possession* | |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br>      Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> (Jointly Administered) |

# ORDER (I) SETTING BAR
## DATES FOR SUBMITTING PROOFS OF CLAIM,
## (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,
## (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through and including twelve (12), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion For Entry of An Order (I) Setting Bar Dates For Submitting Proofs Of Claim, (II) Approving Procedures For Submitting Proofs Of Claim, (III) Approving Notice Thereof, And (IV) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the form of Proof of Claim attached thereto as Exhibit B and Exhibit C, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached thereto as Exhibit D (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached thereto as Exhibit E, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

requested therein at a hearing before this Court (the "Hearing");[2] and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on the basis as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is *actually received* by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") before **5:00 p.m. prevailing Eastern Time on March 13, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be *actually received* by the Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time on May 30, 2023** (the "Governmental Bar Date").

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Case 22-19361-MBK    Doc 225-1    Filed 01/09/23    Entered 01/09/23 21:16:22    Desc
Exhibit A - Proposed Bar Date Order    Page 6 of 13

(Page | 5)
Debtors:            BLOCKFI INC., *et al*.
Case No.            22-19361 (MBK)
Caption of Order:   ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF
                    CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING
                    PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND
                    (IV) GRANTING RELATED RELIEF

later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5. In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "Supplemental Bar Date").

6. In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim, *provided* that, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be automatically barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of Bermuda. Such person

Case 22-19361-MBK    Doc 225-1    Filed 01/09/23    Entered 01/09/23 21:16:22    Desc
Exhibit A - Proposed Bar Date Order    Page 7 of 13

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

or entity shall not be treated as a creditor with respect to such Claim for any purpose in these chapter 11 cases.

7. The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these Chapter 11 Cases shall apply:

    a. Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account and the type of account[2] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[3]

    b. In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

---

[2] For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly indicate: (a) each type of cryptocurrency held, (b) the number of units of each cryptocurrency held, and (c) the type of account (BlockFi Wallet, BlockFi Interest Account, Retail Loans, Institutional Loans, BlockFi Private Client, and Credit Card).

[3] Supporting documentation may include, but is not limited to, a .csv report of the claimant's account with the Debtors.

Case 22-19361-MBK    Doc 225-1    Filed 01/09/23    Entered 01/09/23 21:16:22    Desc
Exhibit A - Proposed Bar Date Order    Page 8 of 13

(Page | 7)

Debtors:            BLOCKFI INC., *et al*.
Case No.            22-19361 (MBK)
Caption of Order:   ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

c. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 22-19361 or that does not identify a Debtor will be deemed as submitted only against BlockFi Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-19361 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; provided that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent actually receives the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address: BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE. PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

(Page | 8)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

8. Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

   a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

   b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

   c. any Claim that has previously been allowed by order of this Court;

   d. any Claim that has already been paid in full by any of the Debtors;

   e. any Claim for which a different deadline has previously been fixed by this Court;

   f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of BlockFi Inc.;

   g. any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

   h. any Claim based on an equity interest in the Debtors;

   i. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former

(Page | 9)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

---

employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j. claims for fees and expenses of professionals retained in these proceedings;

k. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

l. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

m. any Claim held by any person or entity solely against a non-Debtor entity.

9. Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10. The Bar Date Notice, substantially in the form attached to the Motion as Exhibit D, and the Proof of Claim Forms, substantially in the forms attached to the Motion as Exhibit B and Exhibit C, are hereby approved.

11. The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms to be served within ten business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

a. the Master Service List (as defined in the Case Management Procedures);

b. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

(Page | 10)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

---

c. all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

d. all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

e. all entities who are party to executory contracts and unexpired leases with the Debtors;

f. all entities who are party to litigation with the Debtors;

g. all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h. all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i. all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12. After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to fourteen

---

[4] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as <u>Exhibit E</u> to the Motion, on one occasion in *The New York Times* (National Edition), *CoinDesk* (CoinDesk.com), *The Royal Gazette*, and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

14. For the avoidance of doubt, the Notice and Claims Agent is authorized to redact certain personally identifiable information from the claims register for each Debtor, in accordance with the *Interim Order Granting Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* [Docket No 53] and any final order related thereto.

15. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

16. The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17. Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18. Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. Notwithstanding anything to the contrary in the Motion, this Bar Date Order, or any findings announced at the hearing, nothing in the Motion, this Bar Date Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.