UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
       lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BlockFi Inc., *et al.*,[1] | Case No. 22-19361 (MBK) |
| | Jointly Administered |
| Debtors. | Hearing Date: January 17, 2023 at 10:00 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES IN INTEREST RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Debtors' Motion for Entry of an Authorizing the Debtors to File Under Seal the Names of Certain Confidential Transaction Parties in Interest Related to the Debtors' Professional Retention Applications* (the "Motion") (Dkt. 127), and respectfully states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

I.     **PRELIMINARY STATEMENT**

1. Rigorous compliance with professional retention rules is critical to the integrity and transparency required of the bankruptcy system. All professionals should be held to the same baseline standards of transparent and complete disclosures. Further, all professionals must meet the Bankruptcy Code's requirements for retention, including that they be free from conflict and satisfy the standards for disinterestedness.

2. Here, the Debtors filed the Motion, seeking authorization to redact from the Debtors' professionals' retention applications the names of the Debtors' "Confidential Transaction Counterparties" on the basis that the Debtors "are currently engaged in an active and ongoing marketing process . . . for a value-maximizing transaction" and "revealing potential counterparties may chill the marketing process[.]"[2]

3. Disclosure is a basic premise of bankruptcy law. Indeed, it is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised. The Bankruptcy Code contains very limited and specific exceptions to the general rule that bankruptcy proceedings should be open and transparent.

---

[2] The Debtors already filed a *Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief*, pursuant to which the Debtors seek to redact all personally identifiable information of creditors, clients, equity holders, and current and former employees from all Schedules and any document filed in this case. Dkt. 4. The result is a series of retention applications and supporting declarations that are not transparent and, by the Debtors' own admission, are incomplete.

4. As relevant to this Motion, the Debtors move under Section 107 to seal the Confidential Transaction Parties. However, no showing has been made that the list of Confidential Transaction Parties contains information subject to any confidentiality or privilege.

5. As such, the U.S. Trustee objects to the sealing of the Confidential Transaction Parties and leaves the Debtors to its burden under 11 U.S.C. § 107(a).

## II.    JURISDICTION, VENUE AND STANDING

6. This Court has jurisdiction to hear and determine this Objection.

7. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

8. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## III.    FACTUAL BACKGROUND

**General Case Background**

9. On November 28, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

10. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

11. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

12. No trustee or examiner has been appointed in these chapter 11 cases.

13. On December 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors. *See* Dkts. 130 and 131.

14. "BlockFi acquires clients by offering custom products and services that enable its clients to meet their financial goals, and continuously expands its product suite to deepen its relationship with its clients over time." *See* Dkt. 17 at ¶ 29. "BlockFi serves retail clients through web and mobile applications, and its products enable individuals and small businesses to store and/or earn interest on, buy and sell, borrow U.S. Dollars secured by, and earn (via credit card rewards program) digital assets." *See id.* at ¶ 30. On the institutional side, "BlockFi provides hedge funds, market makers, proprietary trading firms, trading desks, cryptocurrency miners, exchanges, and corporations with bespoke financing, trading, and treasury solutions relating to digital assets." *See id.*

**The Motion**

15. On December 19, 2022, the Debtors filed the Motion.

16. The Motion seeks an order authorizing the Debtors to redact and file under seal the names of the Debtors' potential transaction counterparties ("Confidential Transaction Parties") in connection with the Debtors' professionals' retention applications ("Debtors' Professional Applications"), which includes: (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP at Dkt. 133; (ii) Haynes and Boone, LLP at Dkt. 134; (iii) Cole Schotz P.C. at Dkt. 135; (iv)

4

Berkeley Research Group, LLC at Dkt. 174; (v) Moelis & Company, LLC at Dkt. 131; and (vi) Kroll Restructuring Administration LLC at Dkt. 136.

17. The Motion is not supported by a Certification and provides no evidentiary support for the relief requested.

### IV.     LAW ANALYSIS AND ARGUMENT

18. A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *See In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993).

19. The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted). Courts have generally observed that the common law right of access is codified in Section 107(a) of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

20. Section 107 of the Bankruptcy Code provides in relevant part:

5

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*See* 11 U.S.C. § 107.

21. In addition, Fed. R. Bankr. P. 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

*See* Fed. R. Bankr. P. 9018.

22. Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *See In re A C & S Inc.*, 775 Fed.Appx. at 79. "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *See In re Food Management Group, LLC*,

359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *See In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

23. The party seeking to seal bears the burden of showing that the information falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. at 340 (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012). "It is not an easy burden nor should it be." *See In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005), *aff'd* 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd* 422 F.3d 1 (1st Cir. 2005).

24. For the "commercial information" exception to apply, the information at issue has to result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006), *quoting In re Orion Pictures Corp.*, 21 F.3d 24, 27-8 (2d Cir. 1994), *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.*), 17 B.R. 942, 944 (9th Cir. BAP 1982). "[D]isclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *In re Alterra Healthcare Corp.*, 353 B.R. at 75 (further citations omitted). Further, a court has to find that the information "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Id*. at 75-6, *quoting In re Barney's, Inc.*, 201 B.R. 703, 708-9 (Bankr. S.D.N.Y. 1996).

25. In addition, a protective order is not sufficient grounds to support the sealing of information. *See In re Columbia Gas System, Inc.*, 1995 WL 917032 at *2 (D. Del. Oct. 4, 1995) ("[A] protective order *may* be binding on the parties to it during the discovery phase of litigation, but not beyond, if a party chooses to utilize 'protected material' in any matter other than a discovery dispute."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record.").

26. Additionally, an agreement among parties to keep information confidential is not determinative. *See In re Muma Services, Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of contractual confidentiality provisions, then the Court "would never have control over motion practice" and Section 107 "would be meaningless."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d at 447 (some parties have a "misconception that they, rather than the court, get to decide when documents are sealed. That is not so.").

27. Moreover, Section 105 of the Bankruptcy Code is not an independent basis on which to grant the Seal Motion. Section 105(a) "has a limited scope." *See In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000). A Bankruptcy Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

28. "The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code and must be exercised within the parameters of the Code itself."

8

*See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). The Bankruptcy Court "cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments." *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 302 (3d Cir. 1994). "[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code." *Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 154 (7th Cir. 1993).

29. Here, the Debtors offer only unsupported statements that disclosing the identities of the potential counterparties would chill the marketing process. The non-disclosure agreements are not a basis to avoid the transparency and disclosure requirements of the Bankruptcy Code. Accordingly, the Debtors failed to establish that the Confidential Transaction Parties should be sealed under Section 107 of the Bankruptcy Code. As such, the Motion should be denied.

30. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Objection.

WHEREFORE, the United States Trustee respectfully submits that the Court deny the Motion and grant such other relief as the Court deems just and necessary.

Respectfully Submitted,

**ANDREW R. VARA,
UNITED STATES TRUSTEE
REGIONS 3 & 9**

By: */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney

By: */s/ Lauren Bielskie*
Lauren Bielskie
Trial Attorney

Dated: January 10, 2023

9