UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
         lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BlockFi Inc., *et al.*,[1] | : | Case No. 22-19361 (MBK) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Hearing Date: January 17, 2023 at 10:00 a.m. |
| | : | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this Limited Objection ("Objection") to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated With the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements (the "Motion") (Dkt. 7).  In support of the Objection, the U.S. Trustee respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. The U.S. Trustee objects to one aspect of the final relief sought on the Motion, which is the granting of super-priority administrative expense claim status to transfers between Debtors.[2]

## II. JURISDICTION, VENUE AND STANDING

2. This Court has jurisdiction to hear and determine this Objection.

3. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),*

---

[2] The U.S. Trustee and the Debtors continue to negotiate the terms of the proposed order concerning the Motion.  To the extent the U.S. Trustee and the Debtors are unable to resolve any and all other issues, the U.S. Trustee reserves all rights to raise any such issues with the Court at the hearing.

33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III. FACTUAL BACKGROUND

**General Background**

5. On November 28, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

6. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

7. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

8. No trustee or examiner has been appointed in these chapter 11 cases.

9. On December 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors. *See* Dkts. 130 and 131.

**Case Management Motion**

10. On November 28, 2022, the Debtors filed the Motion. In the Motion, the Debtors indicated that transfers between the Debtors were contemplated, and that super-priority administrative expense claim status was being sought for such transfers.[3] However, the Debtors provided vague details regarding the purpose of those transfers including "to (a) reimburse certain

---

[3] It appears that the Cash Management System is comprised of forty-three bank accounts involving the Debtors and non-debtor entities. *See* Dkt. 7 at ¶ 8. Although there are bank accounts from non-debtor entities, it is unclear from the Motion whether there are intercompany transfers between Debtors and non-debtor entities, and if so, whether the Debtors and non-debtor entities will also be seeking super-priority claims.

Debtors for various expenditures associated with their business; (b) fund certain Debtors' accounts in anticipation of such expenditures as needed; or (c) facilitate trading and lending activity." *See* Dkt. 7 ¶¶ 21-23 and 41-43.

11. On November 30, 2022, the Court entered an Order granting interim relief on the Motion and setting the final hearing for January 11, 2023, which has since been adjourned to January 17, 2023. *See* Dkt. 44.

### IV.     **LIMITED OBJECTION**

12. Post-petition transfers between Debtors are entitled to ordinary administrative priority status under section 507(a)(2) of the Bankruptcy Code, and not super-priority status. Under the Code, super-priority status is reserved for only two types of claims: (a) those of entities providing post-petition financing, and (b) those of pre-petition secured lenders for adequate protection for diminution in value of their collateral during a bankruptcy case. *See* 11 U.S.C. §§ 361(2), 364(c)(1) and 507(b). Adequate protection has no application here. If the Debtors take the position that transfers between Debtors constitute a form of post-petition debtor-in-possession financing, they need to file an appropriate motion for approval of such financing under Local Rule 4001-3 and comply with the disclosure and other requirements of that Rule.

13. If, as it appears, there are no statutory grounds to provide super-priority administrative claim status to transfers between Debtors, granting them super-priority status is not permissible. Moreover, it would elevate debtor claims above those of ordinary course administrative claimants and estate professionals. Estate professionals may consent to subordinate their claims in such fashion, but there is no basis to believe that ordinary course administrative creditors, such as providers of post-petition goods and services, would consent to such treatment.

14. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies, and obligations to, among other things, complement, supplement, augment, alter or modify this Limited Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

By: */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney

By: */s/ Lauren Bielskie*
Lauren Bielskie
Trial Attorney

Dated: January 12, 2023