**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>       kaulet@brownrudnick.com<br>       bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>       DClarke@genovaburns.com<br>       GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

64944967 v6

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits this objection (this "**Objection**") to the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief* [Docket No. 21-1] (the "**Motion**").[2] In support of this Objection, the Committee states as follows:

**OBJECTION**

1. The Committee does not object, in principle, to the Retention Programs. The Committee understands the need for certain key employees to be incentivized to stay on to aid the restructuring effort and preserve value. But every unnecessary dollar paid from these Programs diminishes distributions to creditors.

2. The Motion, pursuant to section 503(c) of the Bankruptcy Code, seeks Court approval of two Retention Programs, the key employee retention program (KERP) and target retention program (TRP). The Retention Programs propose to pay bonus awards totaling over $12 million. Over half that amount is proposed to be paid immediately. *See* Motion ¶ 19. Bonuses will be paid to 127 employees and independent contractors—most if not all of the Debtors' remaining workforce. *Id.* ¶ 15; Docket No. 17 ¶ 28. The Debtors represent that none of the Participants are insiders. Of the 127 Participants, 113 (89%) are designated Tier 1 Participants, who will receive bonuses equal to 50% of their base salary. *Id.* ¶¶ 7, 19. The average bonus for the 95 KERP Participants is $104,211.88; for the 32 TRP Participants, $75,781.25.

---

[2] Capitalized terms used in this Objection but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

3. These numbers are striking. The Committee is concerned that the amounts are disproportionate and above-market, and that the pool is over-inclusive.

4. The Committee has completed a diligence of the program and proposed a reduced budget to the Debtors that takes into account the amounts paid in other, similar cases – and even above what those cases would suggest is a reasonable budget. The Committee recognizes that further discussions between the Committee and the Debtors regarding the Committee's proposal may be fruitful and remains open to such discussions.

5. However, the Debtors have declined to further extend the Committee's objection deadline. Accordingly, the Committee objects to the program as proposed. The Committee remains open to discussion over what level of program is value-maximizing in this case and will continue to pursue discussions on that subject with the Debtors. However, in the absence of such an agreement, the Committee does not believe that the Debtors have met their high burden to show that the proposed nearly $12.5 million in employee retention bonuses will benefit the estate.

6. Further, although the Debtors state that no insiders are Participants as defined under section 101(31) of the Bankruptcy Code, the only evidence provided in support are cursory statements, along with an admission that certain Participants' titles would normally indicate that they *are* insiders. *See id.* ¶ 18. The Bankruptcy Code is clear as to the high bar required to make retention bonus payments to insiders, and the Debtors have not met (or attempted to meet) that burden.

7. These concerns necessitate thorough consideration in this case. The Committee is receptive to payments to retain employees who are critical to the restructuring effort and necessary to preserve value for the benefit of all stakeholders. But what has been proposed is not, based on

the Committee's diligence to date, an appropriate use of funds that would otherwise go to distributions to BlockFi customers and creditors.

8. In addition, if the Motion is later granted in whole or in part, the Committee requests ongoing reporting related to proposed payments under the Retention Programs.

## RESERVATION OF RIGHTS

9. The Committee and its members reserve all of their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Objection, to seek discovery, to raise additional objections during any hearing on the Motion, and to negotiate and document alternative proposals for relief.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court deny the relief sought in the Motion.

Trenton, New Jersey
Dated: January 13, 2023

By: */s/ Donald W. Clarke*
**GENOVA BURNS LLC**
Donald W. Clarke, Esq.
Daniel M. Stolz, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax:        (973) 533-1112
Email:     DClarke@genovaburns.com
               DStolz@genovaburns.com
               GKinoian@genovaburns.com
*Proposed Local Counsel for the Official Committee of Unsecured Creditors*