**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF REVISED
## PROPOSED FINAL ORDER ON NOL MOTION

**PLEASE TAKE NOTICE** that, on November 28, 2022, the Debtors filed their *Debtors'*

*Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures*

*for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and*

*Preferred Stock and (II) Granting Related Relief* [Docket No. 14] (the "NOL Motion"), which

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet
LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC
(2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service
address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

attached as an exhibit a proposed final order granting the requested relief (the "Proposed Final Order").

PLEASE TAKE FURTHER NOTICE that the Debtors have revised the Proposed Final Order to reflect comments received from the United States Trustee for the District of New Jersey, the Official Committee of Unsecured Creditors, and various parties in interest, to the extent applicable. A copy of the revised Proposed Final Order is attached hereto as **Exhibit A** (the "Revised Proposed Final Order").

PLEASE TAKE FURTHER NOTICE that a redline reflecting all changes from the Proposed Final Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that a final hearing on the NOL Motion will be conducted on January 17, 2023 at 10:00 a.m. (prevailing Eastern Time), as set forth in the *Notice of Adjournment of Hearing* [Docket No. 186] filed on January 4, 2023.

PLEASE TAKE FURTHER NOTICE that copies of the NOL Motion, any responses thereto filed on the bankruptcy docket, the interim order entered on November 30, 2022, and the Notice of Adjournment may be obtained on the Debtors' claims and noticing agent website at https://restructuring.ra.kroll.com/blockfi.

*[Remainder of page intentionally left blank]*

Dated:  January 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

## Exhibit A

**Revised Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date and Time:** January 17, 2023, at 10:00 a.m. (Prevailing Eastern Time) |

# FINAL ORDER
# (I) APPROVING NOTIFICATION AND
# HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND
# DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON
# STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 14] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock and Preferred Stock, and (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Procedures, as set forth in <u>Exhibit 1</u> attached to the Interim Order [Docket No. 50], are hereby approved on a final basis.

3.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

7.     Within three days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall send the notice of this Final Order to all parties that were served with notice of the Motion, publish the Notice of Final Order once in *The New York Times*, and post the Final Order, Procedures, Declarations, and Notice of Final Order to the website established by Kroll Restructuring Administration LLC for these Chapter 11 Cases (https://restructuring.ra.kroll.com/blockfi), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.     To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Final Order shall govern.

9.     Nothing herein shall preclude any person desirous of acquiring Common Stock or Preferred Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

10.    The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11.    Other than to the extent that this Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order

(Page | 6)

| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

12.    Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

13.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

14.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## <u>Exhibit 1</u>

**Procedures for Transfers
of and Declarations of Worthlessness with Respect to
Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a
Substantial Shareholder (as defined herein) must file with the Court, and serve
upon: (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City,
New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the
Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York
10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes
and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112,
Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory
Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan E.
Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack,
New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A. Usatine, Esq.;
(iii) counsel to any statutory committee appointed in these cases; and (iv) the Office
of the United States Trustee for the District of New Jersey, One Newark Center,
Suite 2100, Newark, NJ 07102, (collectively, the "Notice Parties"), a declaration of
such status, substantially in the form attached to the Procedures as **Exhibit 1A**
(each, a "Declaration of Status as a Substantial Shareholder"), on or before the later
of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten
calendar days after becoming a Substantial Shareholder; *provided* that, for the
avoidance of doubt, the other procedures set forth herein shall apply to any
Substantial Shareholder even if no Declaration of Status as a Substantial
Shareholder has been filed.

a.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in an increase in the amount of Common Stock
or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or
would result in an entity or individual becoming a Substantial Shareholder, the
parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common
Stock or Preferred Stock").

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in a decrease in the amount of Common Stock or
Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or
would result in an entity or individual ceasing to be a Substantial Shareholder, the
parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

<u>Stock or Preferred Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "<u>Declaration of Proposed Transfer</u>").

c.      The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

d.      For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): For purposes of these Procedures:  (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.  Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1D (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.  Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as Exhibit 1E.

> i.  The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

> ii.  If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

> iii.  If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an

---

[2]  For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

## **NOTICE PROCEDURES**

The following notice procedures apply to these Procedures:

a.  No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on: (i) the U.S. Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the entities listed on the consolidated list of creditors holding the 50 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases; (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Final Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.  All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors **shall not** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall

4

keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## <u>DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER</u>[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to any existing class (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "<u>Common Stock</u>") or existing class (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "<u>Preferred Stock</u>") of BlockFi Inc. BlockFi Inc. is a debtor and debtor in possession in Case No. 22-19361 (MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock or Preferred Stock that the Substantial

Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF INTENT TO ACCUMULATE
COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its
intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more
shares of the existing classes (or series) of common stock, including the special voting stock, or
any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or
the special voting stock, collectively, the "Common Stock") or existing classes (or series) of
preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of
preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet
LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC
(2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service
address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]     For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial
Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial
Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal
Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder
(other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive
ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by
its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of
any equity securities owned by such partnership, (3) an individual and such individual's family members may be
treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity
securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity
securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described
in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt,
put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it
is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 22-19361 (MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

       **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

       **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

       **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

2

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name:   _____
Address:   _____
_____
Telephone:   _____
Facsimile:   _____

Dated: _____ __, 20__
_____, _____
(City)                    (State)

4

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF INTENT TO TRANSFER**
**COMMON STOCK OR PREFERRED STOCK**[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the

existing classes (or series) of common stock, including the special voting stock, or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the

special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred

stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred

stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and debtor in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 22-19361 (MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

      (City)        (State)

## <u>Exhibit 1D</u>

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

## <u>DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER</u>

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock,

including the special voting stock, or any Beneficial Ownership therein (any such record or

Beneficial Ownership of common stock or the special voting stock, collectively, the "<u>Common</u>

<u>Stock</u>") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any

such record or Beneficial Ownership of preferred stock, collectively, the "<u>Preferred Stock</u>")  of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

BlockFi Inc.  BlockFi Inc. is a debtor and debtor in possession in Case No. 22-19361 (MBK)

pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned

party currently has Beneficial Ownership of _____ shares of Common Stock and _____

shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned

party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order*

*(I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## Exhibit 1E

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to

one or more shares of the existing classes (or series) of common stock, including the special voting

stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common

stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series)

of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership

of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and debtor in possession in Case No. 22-22-19361 (MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

       (City)        (State)

## **Exhibit 1F**

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) DISCLOSURE PROCEDURES
APPLICABLE TO CERTAIN HOLDERS OF COMMON
STOCK AND PREFERRED STOCK, (II) DISCLOSURE PROCEDURES
FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
OF COMMON STOCK (THE "COMMON STOCK")[2] OR PREFERRED STOCK (THE
"PREFERRED STOCK") OF BLOCKFI INC.:**

**PLEASE TAKE NOTICE** that on November 28, 2022 (the "Petition Date"), the

above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions

with the United States Bankruptcy Court for the District of New Jersey (the "Court") under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet
LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC
(2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service
address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    For the avoidance of doubt, the Common Stock includes the special voting stock.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 14] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2023, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Final Order (the "Procedures").[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*,

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Final Order or the Motion, as applicable.

and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov/ for a fee or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

PLEASE TAKE FURTHER NOTICE that other than to the extent that the Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or Preferred Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

PLEASE TAKE FURTHER NOTICE that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, Beneficial

Ownership thereof, or Option with respect thereto in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

  **PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

[<em>Remainder of page intentionally left blank</em>]

Dated: [●], 2023

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* pending)
Christine A. Okike, P.C. (admitted *pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

---

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-____ 22-19361 (____MBK) |
| Debtors.[1] | (Jointly Administerationed Requested) |
| | **Hearing Date and Time:** January 17, 2023, at 10:00 a.m. (Prevailing Eastern Time) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**FINAL ORDER**
**(I) APPROVING NOTIFICATION AND**
**HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND**
**DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (67), is

**ORDERED**.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22- 22-19361 (MBK) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related ReliefFINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 14] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock and Preferred Stock, and (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | ~~22~~ 22-19361 (MBK) |
| Caption of Order: | ~~Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief~~ FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Procedures, as set forth in Exhibit 1 attached to the Interim Order [Docket No. ~~[  ]~~ 50], are hereby approved on a final basis.

3.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | ~~22-~~ 22-19361 (MBK) |
| Caption of Order: | ~~Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief~~FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

5.     In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.     The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.     Within three days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall send the notice of this Final Order to all parties that were served with notice of the Motion, publish the Notice of Final Order once in *The New York Times*, and post the Final Order, Procedures, Declarations, and Notice of Final Order to the website established by Kroll Restructuring Administration LLC for these Chapter 11 Cases (https://restructuring.ra.kroll.com/blockfi), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.     To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Final Order shall govern.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | ~~22~~ 22-19361 (MBK) |
| Caption of Order: | ~~Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief~~ FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

9.      Nothing herein shall preclude any person desirous of acquiring Common Stock or Preferred Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

10.     The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11.     Other than to the extent that this Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order

12.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

13.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22- 22-19361 (MBK) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related ReliefFINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14.   11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15.   12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.   13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | ~~22~~ 22-19361 (MBK) |
| Caption of Order: | ~~Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Related Relief~~ FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) RELATED RELIEF |

17.    ~~14.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.    ~~15.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.    ~~16.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## <u>Exhibit 1</u>

**Procedures for Transfers
of and Declarations of Worthlessness with Respect to
Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a
Substantial Shareholder (as defined herein) must file with the Court, and serve
upon:  (i) the Debtors, BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey
City, New Jersey 07302, Attn: Jonathan Mayers; (ii) proposed co-counsel to the
Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York
10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike, P.C., (b) Haynes
and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112,
Attn.: Richard S. Kanowitz, Esq. and Kenrie D. Kattner, Esq., and 2323 Victory
Ave., Suite 700, Dallas, Texas 75219, Attn.: J. Frasher Murphy, Esq. and Jordan
E. Chavez, Esq., (c) Cole Schotz P.C., Court Plaza North, 25 Main Street,
Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., and Warren A.
Usatine, Esq.; (iii) counsel to any statutory committee appointed in these cases;
and (iv) the Office of the United States Trustee for the District of New Jersey,
One Newark Center, Suite 2100, Newark, NJ 07102, (collectively, the "Notice
Parties"), a declaration of such status, substantially in the form attached to the
Procedures as **Exhibit 1A**  (each, a "Declaration of Status as a Substantial
Shareholder"), on or before the later of (A) twenty calendar days after the date of
the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial
Shareholder; *provided* that, for the avoidance of doubt, the other procedures set
forth herein shall apply to any Substantial Shareholder even if no Declaration of
Status as a Substantial Shareholder has been filed.

a.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in an increase in the amount of Common Stock
or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership
or would result in an entity or individual becoming a Substantial Shareholder, the
parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common
Stock or Preferred Stock").

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or
Preferred Stock that would result in a decrease in the amount of Common Stock
or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership
or would result in an entity or individual ceasing to be a Substantial Shareholder,
the parties to such transaction must file with the Court, and serve upon the Notice
Parties, an advance written declaration of the intended transfer of Common Stock
or Preferred Stock, as applicable, substantially in the form attached to the
Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

c.  The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

d.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness):  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.  Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1D (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.  Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as Exhibit 1E.

    i.  The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.  If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

    iii.  If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an

---

[2]  For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these Chapter 11 Cases.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a.     No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on:  (i) the U.S. Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the entities listed on the consolidated list of creditors holding the 50 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these Chapter 11 Cases;  (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable);  and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of ~~Interim~~Final Order modified to reflect that the Final Order has been entered (as modified, the " Notice of Final Order" ) on the same entities that received the Notice of Interim Order.

b.     All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*,

that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-~~____~~ 22-19361 (~~____~~MBK) |
| Debtors.[1] | (Jointly Administe~~rationed Requested~~red) |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to any existing class (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing class (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc. BlockFi Inc. is a debtor and debtor in possession in ~~22-[____] (____~~ Case No. 22-19361 (MBK)) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 202~~2~~3, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served

2

upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock or Preferred Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

 (City)   (State)

3

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. ~~22-~~ 22-19361 (~~——~~MBK) |
| Debtors.[1] | (Joint~~ly~~ Administ~~erationed~~ Requested) |

**DECLARATION OF INTENT TO ACCUMULATE**
**COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc. BlockFi Inc. is a debtor and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 22-[_____]22-19361 (—MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20223, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

2

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

 (City)   (State)

4

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-~~——~~22-19361 (~~——~~MBK) |
| Debtors.[1] | (Jointly Administe~~rationed Requested~~) |

**DECLARATION OF INTENT TO TRANSFER**
**COMMON STOCK OR PREFERRED STOCK**[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the

existing classes (or series) of common stock, including the special voting stock, or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the

special voting stock, collectively, the "Common Stock") or existing classes (or series) of

preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of

preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5 percent of any class (or series) of Common Stock or Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 22-[_____]22-19361 (——MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 202223, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

2

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

 (City)  (State)

4

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. ~~22-~~ 22-19361 (~~——~~MBK) |
| Debtors.[1] | (Joint~~ly~~ Administ~~erationed Requested~~) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock, including the special voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock or the special voting stock, collectively, the "Common Stock") or existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of BlockFi Inc.  BlockFi Inc. is a debtor and debtor in possession in Case No.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]  For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

22-[_____]22-19361 (——MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 202~~2~~3, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

      **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:
_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)   (State)

**<u>Exhibit 1E</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 2̶2̶ ̶-̶-̶-̶-̶-̶ 22-19361 (̶-̶-̶-̶MBK) |
| Debtors.¹ | (Joint<u>ly</u> Administe̶r̶a̶t̶i̶o̶n̶e̶d̶ ̶R̶e̶q̶u̶e̶s̶t̶e̶d̶) |

**DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**²

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "<u>Worthless Stock Deduction</u>") with respect to

one or more shares of the existing classes (or series) of common stock, including the special

voting stock, or any Beneficial Ownership therein (any such record or Beneficial Ownership of

common stock or the special voting stock, collectively, the "<u>Common Stock</u>") or existing classes

(or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial

Ownership of preferred stock, collectively, the "<u>Preferred Stock</u>")  of BlockFi Inc.  BlockFi Inc.

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet
LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products
LLC (2422); BlockFi Services, Inc. (5965)<u>;</u> and BlockFi Lending II LLC (0154).  The location of the Debtors'
service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

²    For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since
December 31, 2018, has owned Beneficial Ownership of 50 percent or more of the Common Stock and/or the
Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury
Regulations thereunder); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable
rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended
(the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations
section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding
company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner
in a partnership would be considered to beneficially own its proportionate share of any equity securities owned
by such partnership, (3) an individual and such individual's family members may be treated as one individual,
(4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated
as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder
has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests
described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant,
convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest,
regardless of whether it is contingent or otherwise not currently exercisable.

is a debtor and debtor in possession in Case No. 22-[——————] (——22-22-19361 (MBK) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

> **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 20223, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

> **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

> **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

> **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

> **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

> **PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

3

(City)  (State)

## **Exhibit 1F**

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. ~~22-_____~~ 22-19361 (~~____~~MBK) |
| Debtors.[1] | (Joint~~ly~~ Administe~~rationed Requested~~) |

**NOTICE OF (I) DISCLOSURE PROCEDURES**
**APPLICABLE TO CERTAIN HOLDERS OF COMMON**
**STOCK AND PREFERRED STOCK, (II) DISCLOSURE PROCEDURES**
**FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK")[2] OR PREFERRED STOCK (THE "PREFERRED STOCK") OF BLOCKFI INC.:**

**PLEASE TAKE NOTICE** that on November 28, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965)~~;~~; and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] For the avoidance of doubt, the Common Stock includes the special voting stock.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. —14] (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that on [_____], 20223, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the InterimFinal Order (the "Procedures").[3]

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of

---

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the InterimFinal Order or the Motion, as applicable.

the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov/ for a fee or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the ~~Interim~~Final Order, failure to follow the procedures set forth in the ~~Interim~~Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the ~~Interim~~Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or Preferred Stock, nothing in the ~~Interim~~Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer

of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, Beneficial

Ownership thereof, or Option with respect thereto in violation of the Final Order is prohibited

and shall be null and void *ab initio* and may be subject to additional sanctions as this court may

determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order

are in addition to the requirements of applicable law and do not excuse compliance therewith.


[*Remainder of page intentionally left blank*]

Dated: [  ], 2022~~23~~                           /s/ *DRAFT*
_____
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*
~~pending~~)
Christine A. Okike, P.C. (admitted *pro hac vice*
~~pending~~)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com


**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*
~~pending~~)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*