**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF REVISED PROPOSED FINAL ORDER ON WAGES MOTION

**PLEASE TAKE NOTICE** that, on November 28, 2022, the Debtors filed their *Debtors'*
*Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee*
*Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee*
*Benefits Programs, and (II) Granting Related Relief* [Docket No. 16] (the "Wages Motion"),

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

which attached as an exhibit a proposed final order granting the requested relief (the "Proposed Final Order").

PLEASE TAKE FURTHER NOTICE that the Debtors have revised the Proposed Final Order to reflect comments received from the United States Trustee for the District of New Jersey, the Official Committee of Unsecured Creditors, and various parties in interest, to the extent applicable.   A copy of the revised Proposed Final Order is attached hereto as **Exhibit A** (the "Revised Proposed Final Order").

PLEASE TAKE FURTHER NOTICE that a redline reflecting all changes from the Proposed Final Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that a final hearing on the Wages Motion will be conducted on January 17, 2023 at 10:00 a.m. (prevailing Eastern Time), as set forth in the *Notice of Adjournment of Hearing* [Docket No. 186] filed on January 4, 2023.

PLEASE TAKE FURTHER NOTICE that copies of the Wages Motion, any responses thereto filed on the bankruptcy docket, the interim order entered on November 29, 2022, and the Notice of Adjournment may be obtained on the Debtors' claims and noticing agent website at https://restructuring.ra.kroll.com/blockfi.

*[Remainder of page intentionally left blank]*

2

Dated: January 15, 2023

<u>/s/ Michael D. Sirota</u>

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date and Time:** January 17, 2023, at 10:00 a.m. (Prevailing Eastern Time) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
(A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 16] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

2.       The Debtors are hereby authorized, but not directed, to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay on a postpetition basis in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, any obligations on account of the Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition; *provided* that the Debtors shall not make any payment to, or on account of, any individual with respect to any prepetition claim in excess of the priority cap of $15,150 set forth in section 507(a) (4) or 507(a)(5) of the Bankruptcy Code; *provided*, *further*, that, notwithstanding the foregoing, the Debtors are authorized to pay two employees an amount above the priority cap set forth in section 507(a)(4)and 507(a)(5) as follows: (i) a payment to an employee that is $1,236 over the priority cap; and (ii) a payment to an employee that is $6,517 over the priority cap.  In addition, the Debtors shall seek court approval, upon motion and notice, if any modifications to the Compensation and Benefits implicate any provision of Section 503(c) of the Bankruptcy Code.

3.       The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to any prepetition amounts owed to their Employees and Independent Contractors.

4.       The Debtors shall not make any bonus, incentive, or severance payments to their Employees, Independent Contractors, or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.  Nothing in the Motion, the Interim Order, or this Final Order shall constitute a determination by the Court as to whether any individual

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

seeking payment pursuant to this Final Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or in this Final Order should be construed as approving any transfer pursuant to Section 503(c) of the Bankruptcy Code. In addition, nothing herein shall be deemed to authorize the Debtors to cash out unpaid vacation/leave time except upon termination of an employee, if applicable state law requires such payment.

5.      The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit, without further order of this Court: (a) current or former Employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Programs in the appropriate judicial or administrative forum; (b) insurers and third-party administrators to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Programs and pay any amounts relating thereto postpetition in the ordinary course of business; and (d) insurers and third-party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral and/or prefunded loss accounts provided by or on behalf of the Debtors therefor, if and when the Debtors fail to pay and/or reimburse any insurers and third-party administrators for any amounts in relation thereto. The modification of the automatic stay in this paragraph pertains solely to claims under the Workers' Compensation Programs and direct action claims.

6.      Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Programs; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Programs; (c) precludes or limits, in any way, the rights of any insurer to contest

(Page | 6)
Debtors:       BLOCKFI INC., *et al.*
Case No.:      22-19361 (MBK)
Caption:       FINAL   ORDER   (I) AUTHORIZING   THE   DEBTORS   TO   (A) PAY
               PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION,
               AND   REIMBURSABLE   EXPENSES,   AND   (B) CONTINUE   EMPLOYEE
               BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

and/or litigate the existence, primacy, and/or scope of available coverage under the Workers'

Compensation Programs; or (d) creates a direct right of action against any insurers or third-party

administrators where such right of action does not already exist under non-bankruptcy law.

7.     The Debtors are authorized, but not directed, to forward any unpaid amounts on

account of Withholding and Deduction Obligations or Employer Payroll Taxes to the appropriate

third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and

practices.

8.     The Debtors are authorized, but not directed, to pay costs and expenses incidental

to payment of the Compensation and Benefits obligations, including all administrative and

processing costs and payments to the Wage and Service Providers.

9.     Nothing contained herein is intended or should be construed to create an

administrative priority claim on account of the Compensation and Benefits obligations.

10.    The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on

the Debtors' designation of any particular check or electronic payment request as approved by this

Final Order without any duty of further inquiry and without liability for following the Debtors'

instructions.

11.    Notwithstanding anything to the contrary in the Motion, this Final Order, or any

findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the

(Page | 7)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No.: | 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice* pending)
Christine A. Okike, P.C. (admitted *pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administerationed Requested) |
| | **Hearing Date and Time: January 17, 2023, at 10:00 a.m. (Prevailing Eastern Time)** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
## (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through ~~seven~~eight (~~7~~8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | ~~22~~-22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 16] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") ~~(a)~~ authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the ~~relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the~~ Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | ~~22~~-22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay on a postpetition basis in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, any obligations on account of the Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition.; *provided* that the Debtors shall not make any payment to, or on account of, any individual with respect to any prepetition claim in excess of the priority cap of $15,150 set forth in section 507(a) (4) or 507(a)(5) of the Bankruptcy Code; *provided, further,* that, notwithstanding the foregoing, the Debtors are authorized to pay two employees an amount above the priority cap set forth in section 507(a)(4)and 507(a)(5) as follows: (i) a payment to an employee that is $1,236 over the priority cap; and (ii) a payment to an employee that is $6,517 over the priority cap.  In addition, the Debtors shall seek court approval, upon motion and notice, if any modifications to the Compensation and Benefits implicate any provision of Section 503(c) of the Bankruptcy Code.

3. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to any prepetition amounts owed to their Employees and Independent Contractors.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | ~~22~~-22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

4.     The Debtors shall not make any ~~non-ordinary course~~ bonus, incentive, or severance payments to their Employees, Independent Contractors, or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.  ~~For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider without further order of this Court.~~ Nothing in the Motion, the Interim Order, or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.  Nothing in the Motion or in this Final Order should be construed as approving any transfer pursuant to Section 503(c) of the Bankruptcy Code.  In addition, nothing herein shall be deemed to authorize the Debtors to cash out unpaid vacation/leave time except upon termination of an employee, if applicable state law requires such payment.

5.     The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit, without further order of this Court:  (a) current or former Employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Programs in the appropriate judicial or administrative forum; (b) insurers and third-party administrators to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Programs and pay any amounts relating thereto postpetition in the ordinary course of business; and (d) insurers and third-party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | ~~22~~-22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

collateral and/or prefunded loss accounts provided by or on behalf of the Debtors therefor, if and when the Debtors fail to pay and/or reimburse any insurers and third-party administrators for any amounts in relation thereto.  The modification of the automatic stay in this paragraph pertains solely to claims under the Workers' Compensation Programs and direct action claims.

6.      Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Programs; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Programs; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Programs; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

7.      The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations or Employer Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

8.      The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Compensation and Benefits obligations, including all administrative and processing costs and payments to ~~outside professionals~~the Wage and Service Providers.

9.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | ~~22~~-22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

10.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12.     ~~11.~~Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors'

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | ~~22~~ 22-19361 (MBK) |
| Caption: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF |

rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13.     ~~12.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.     ~~13.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16.     ~~15.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     ~~16.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     ~~17.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

(Page | 9)

Debtors:     BLOCKFI INC., *et al*.

Case No.:    ~~22-~~22-19361 (MBK)

Caption:     FINAL   ORDER   (I) AUTHORIZING   THE   DEBTORS   TO   (A) PAY
             PREPETITION     EMPLOYEE     WAGES,     SALARIES,     OTHER
             COMPENSATION,     AND     REIMBURSABLE     EXPENSES,     AND
             (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING
             RELATED RELIEF

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 1/15/2023 3:27:42 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** BlockFi - Wages - Final Order [Filed] (5).docx | |
| **Modified filename:** BlockFi - Wages - Final Order KE DRAFT 1.15.23_(92118825_9).docx | |
| **Changes:** | |
| Add | 27 |
| Delete | 25 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 52 |