

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Order Filed on January 17, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:
BLOCKFI INC., *et al.*,
      Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
Jointly Administered
**Hearing Date: January 17, 2023**
**@ 10:00 a.m. ET**

## ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The relief set forth on the following pages, numbered two (2) through six (6) and the exhibit(s)

attached hereto, is hereby **ORDERED**.

**DATED: January 17, 2023**

_Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for entry of an order pursuant to Sections 105(a), 365, and 554 of

title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6006 and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing procedures for the

rejection of executory contracts and unexpired leases and abandonment of personal property as

more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157(a), (b) and 1334(b); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

notice of the Motion having been given as provided in the Motion; and such notice having been

adequate and appropriate under the circumstances; and it appearing that no other notice of Motion

need be provided; and the Court having held a hearing to consider the relief requested in the Motion

(the "Hearing"); and the Court having reviewed the Motion, the First Day Declaration, and the

Second Day Declaration; and upon the record of the Hearing, and all of the proceedings had before

the Court; and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The following Rejection Procedures are authorized and approved:

        a)      Rejection Notice.   The Debtors will file a notice (the "Rejection
Notice"), setting forth the proposed rejection of one or more Contracts and/or

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

Leases and will serve the Rejection Notice via overnight delivery service, email, or fax on: (1) the non-Debtor counterparty (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors (the "Counterparty"); (2) any party known to assert a lien in any property subject to the rejected Contract or Lease; (3) with respect to real property Leases any known third party having an interest in any Remaining Property (as defined herein) located at the leased premises; (4) counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), and (5) the Office of the United States Trustee for the District of New Jersey (collectively, the "Rejection Notice Parties"). The Debtors shall consult with the Committee prior to the filing of a Rejection Notice for a Contract or Lease giving rise to a Claim over $1 million.

b)      Content of Rejection Notice. The Rejection Notice shall be substantially in the form attached as EXHIBIT 1 to this Order.  With respect to real property Leases, the Rejection notice shall set forth the following information, to the best of the Debtors' knowledge: (1) the street address of the related real property; (2) the name and address of the landlord ("the Landlord"); and (3) the date on which the Debtors will vacate (or have vacated) the Leased Premises. With respect to all Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (1) the name and address of the Counterparty; and (2) a brief description of the Contract or Lease to be rejected. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "Rejection Order"), substantially in the form attached to the Rejection Notice as EXHIBIT A.

c)      Objections.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such Objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren A. Usatine, Esq., wusatine@coleschotz.com, and Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attn: Richard Kanowitz, Esq., richard.kanowitz@haynesboone.com, and  Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Eli Columbus, Esq., eli.columbus@haynesboone.com      and      Jordan      Chavez,      Esq., jordan.chavez@haynesboone.com, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com      and      Christine      Okike,      Esq., christine.okike@kirkland.com; (2) Office of the United States Trustee, One

(Page 4)
Debtors:        BlockFi Inc.
Case No.        22-19361(MBK)
Caption of Order:    ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                     REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                     LEASES

Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 Attn: Jeffrey M. Sponder, Esq., jeffrey.m.sponder@usdoj.gov and Lauren Bielskie, Esq., lauren.bielskie@usdoj.gov; and (3 counsel to the Committee, Brown Rudnick, LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, rstark@brownrudnick.com; Kenneth J. Aulet, kaulet@brownrudnick.com; Bennett S. Silverberg, bsilverberg@brownrudnick.com; and Stephen D. Palley, spalley@brownrudnick.com (collectively, the "Objection Notice Parties"). Each Objection must state with specificity the ground for objecting to the proposed rejection of the Contract or Lease and/or abandonment of Remaining Property (as defined and discussed below), as applicable.

d)    Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the Debtors may submit the Rejection Order to the Court, and the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "Rejection Date"); provided, however that the Rejection Date for a real property Lease shall not be earlier than the later of (i) the date the Debtors file and serve a Rejection Notice for the real property Lease and (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the Landlord in writing of the Debtors' irrevocable surrender of the premises. Upon the Rejection Date, any personal property or furniture, fixtures, and equipment (the "Remaining Property") remaining on the Leased Premises shall be deemed abandoned by the Debtors (except the Debtors must remove any items containing personal and/or confidential information prior to the Rejection Date). The Landlords may use or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, and without any liability to the Debtors and their estates and any third-party and without waiver of any claim the Landlords may have against the Debtors and their estates.

e)    Effects of Filing an Objection to a Rejection Notice. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and affected landlord, if not the objecting party, and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

f)    Consent Orders. Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party on notice to the Objection Notice Parties.

Debtors:           BlockFi Inc.
Case No.          22-19361(MBK)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

g)      Deadlines for Filing Claims. Claims arising out of the rejection of Contracts and/or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by the Court in these Chapter 11 cases or (ii) thirty (30) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtors' bankruptcy cases.

h)      Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.      The form of Rejection Notice attached hereto as **EXHIBIT 1** is hereby approved.

4.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

5.      Entry of this Order is without prejudice to the rights of the Debtors, including but not limited to, the right to seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, Section 365 of the Bankruptcy Code.

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing

(Page 6)
Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

in the Motion or this Order shall constitute, nor is it intended to constitute: (1) an admission as to

the validity or priority or any claim against the Debtors; (2) a waiver of the Debtors' rights to

dispute any claim; or (3) a rejection, assumption or assignment of any Contractor Lease pursuant

to Section 365 of the Bankruptcy Code.

    8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

    9.      This Court retains jurisdiction with respect to all matters arising from or related to

the enforcement and implementation of this Order.

## EXHIBIT 1

**Form of Rejection Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

## NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND LEASES

**TO:** The Parties Identified on <u>Schedule 1</u> Attached Hereto:

    **PLEASE TAKE NOTICE** that on January [-], 2023, the United States Bankruptcy Court

for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. ____] (the

"<u>Rejection Procedures Order</u>") granting the *Debtors' Motion for Entry of an Order Authorizing*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* [Docket No. ___] (the "Motion"), approving certain procedures for the rejection of executory contracts and unexpired leases of the Debtors.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby provide notice of their intent to reject the Contracts and/or Leases identified on Schedule 1 hereto (the "Contracts and Leases") pursuant to the terms of the Rejection Procedures Order and the *Proposed Order Approving the Rejection of Contracts and Leases* attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that should you object to the Debtors' rejection of a Contract or Lease identified on Schedule 1 hereto, you must file and serve a written objection on: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren A. Usatine, Esq., wusatine@coleschotz.com, and Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112 Attn: Richard Kanowitz, Esq., richard.kanowitz@haynesboone.com and Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Eli Columbus, Esq., eli.columbus@haynesboone.com and Jordan Chavez, Esq., Jordan.chavez@haynesboone.com, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com and Christine Okike, Esq., christine.okike@kirkland.com; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Lauren Bielskie, lauren.bielskie@usdoj.gov and Jeffrey M. Sponder, Jeffrey.m.sponder@usdoj.gov, and (3) counsel to the Committee, Brown Rudnick, LLP, Seven Times Square, New York, NY 10036,

Attn: Robert J. Stark, rstark@brownrudnick.com; Kenneth J. Aulet, kaulet@brownrudnick.com; Bennett S. Silverberg, bsilverberg@brownrudnick.com; and Stephen D. Palley, spalley@brownrudnick.com (collectively, the "Objection Notice Parties"), so that such objection is filed with the Bankruptcy Court and received by the Objection Notice Parties no later than _____, 2023, which is fourteen (14) days after the date that the Debtors filed and served this Rejection Notice.

PLEASE TAKE FURTHER NOTICE that absent an objection being filed and served in compliance with the Rejection Procedures Order, the Rejected Contracts and Leases will be rejected pursuant to Section 365(a) of the Bankruptcy Code effective as of the date set forth on Schedule 1 to this Rejection Notice (the "Rejection Date") or, if no such date is set forth therein, the Rejection Date shall be the later of (i) the date of this Rejection Notice and (ii) the date of surrender of the leased property.

PLEASE TAKE FURTHER NOTICE that if an objection is timely filed and served on the Objection Notice Parties as specified above, and cannot be resolved, the Debtors shall seek a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Bankruptcy Court or withdrawn, the rejection of the Rejected Contracts and Leases shall be deemed as effective the rejection shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Bankruptcy Court as set forth in any order overruling such objection.

PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with you as a security deposit or other arrangement, you may not setoff, recoup, or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) the deadline for filing proofs of claim established by the Bankruptcy Court in the Debtors' Chapter 11 Cases, or (ii) thirty (30) days after the Rejection Date. If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claim for voting on any Chapter 11 plan in the Debtors' Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the Rejected Contract and Leases or from participating in any distributions that may be made in connection with these Chapter 11 Cases.

Respectfully submitted,

Dated: [-], 2023

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

## SCHEDULE 1

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
| | | | | |
| | | | | |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
| | |
| | |

## EXHIBIT A TO REJECTION NOTICE

### Proposed Rejection Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>       Debtors[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>Jointly Administered<br>**Hearing Date and Time:** |

## ORDER APPROVING THE REJECTION OF EXECUTORY CONTRACTS AND LEASES

The relief set forth on the following pages, numbered two (2) through three (3) and Exhibit 1,

is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302

Debtors:          BlockFi Inc.
Case No.        22-19361(MBK)
Caption of Order:    ORDER    APPROVING    DEBTORS'    REJECTION    OF
                            EXECUTORY CONTRACTS AND LEASES

Pursuant to and in accordance with the *Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. ___] (the "Rejection Procedures Order");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of Executory Contracts and/or Unexpired Leases" [Docket No. ___] (the "Rejection Notice") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "Contracts") and/or unexpired leases (the "Leases") set forth on Exhibit 1 hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED:**

1.        Contracts and Leases listed on **EXHIBIT 1** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on **EXHIBIT 1** hereto (the "Rejection Date").

2.        The rights of the Debtors and their estates to assert that the Contracts and Leases are rejected hereby expired by their own terms or were terminated prior to the date hereof and fully preserved, and the Debtors and their estates do not waive any rights or claims that they may have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

with respect or against the counterparties to such Contracts and Leases, whether or not such rights or claims arise under, are related to the rejection of, or are independent of the Contracts and Leases rejected hereby.

3.     If any affected counterparty subject to this Order (a "Rejection Claimant") asserts a claim or claims against the Debtors and their estates arising from the rejection of the Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in these Chapter 11 Cases or (ii) thirty (30) days after the date of entry of this Order. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distribution that may be made in connection with the Debtors' bankruptcy cases.

4.     The Debtors are authorized to take any action necessary or appropriate to implement the terms of this Order and the rejections without further order from this Court.

5.     This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

# EXHIBIT 1

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
| | | | | |
| | | | | |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
| | |
| | |