**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

Order Filed on January 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
Jointly Administered
**Hearing Date and Time: January 17, 2023 at 10:00 AM (ET)**

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

**DATED: January 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, as such Utility Companies hereby are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

3. The Debtors have established the Utility Deposit Account and have deposited $9,275 into the Utility Deposit Account, which shall be separately allocated for, and payable to, each Utility Company, in the amount set forth in the Utility Company List attached to the Motion, as to each Utility Company, for the purpose of providing Utility Companies adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtors shall maintain the Utility Deposit Account with a minimum balance equal to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services, attributable to each Utility Company, which the Debtors

(Page | 4)
Debtors:              BLOCKFI, INC., *et al.*
Case No.              22-19361 (MBK)
Caption of Order:     FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                      PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                      DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                      INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                      ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                      ESTABLISHING PROCEDURES FOR RESOLVING
                      REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                      ASSURANCE OF PAYMENT

may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company, until the earlier of (a) termination or modification by subsequent agreement of any Utility Services, or (b) confirmation of a plan of reorganization or further order of this Court.

4. To the extent the Debtors become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtors, (b) counsel to the Debtors; (c) the Official Committee of Unsecured Creditors (the "Committee"), and (d) the United States Trustee for the District of New Jersey (each, a "Party in Interest"). The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then, the Debtors shall (a) remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's account and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility Company. If an Objection to the Delinquency Notice is filed prior to the expiration of the ten-day period, the Debtors will request that this Court schedule a hearing to resolve the dispute.

(Page | 5)
Debtors:            BLOCKFI, INC., *et al.*
Case No.            22-19361 (MBK)
Caption of Order:   FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                    PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                    DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                    INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                    ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                    ESTABLISHING PROCEDURES FOR RESOLVING
                    REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                    ASSURANCE OF PAYMENT

5.      The Debtors are authorized, in their sole discretion, to amend the list of Utility Companies set forth on the Utility Company List to add or delete any Utility Company, and this Final Order shall apply to any Utility Company that is subsequently added to the list (each a "Subsequently Identified Utility Company"). The Debtors shall promptly serve a copy of this Final Order on any Utility Companies that are subsequently added to the Utility Company List, and deposit two weeks' worth of utility costs based on a historical average in the Utility Deposit Account for the benefit of such Subsequently Identified Utility Company (less any amounts on deposit with any such Subsequently Identified Utility Company that have not been applied to outstanding prepetition amounts).

6.      With respect to requests for additional assurance of payment by Subsequently Identified Utility Companies, the following procedures are approved:

(a)     If a Subsequently Identified Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Subsequently Identified Utility Company must (i) file a request for additional assurance of future payment (an "Additional Assurance Request") no later than the date that is fourteen (14) days after the date such Subsequently Identified Utility Company receives notice of this Final Order (the "Additional Assurance Request Deadline") and (ii) serve the Additional Assurance Request upon the proposed Debtors' counsel via email and first class mail.

(b)     Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable.

(c)   If a Subsequently Identified Utility Company makes a timely Additional Assurance Request that the Debtors believe is reasonable, the Debtors shall be authorized, in their sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Assurance Request, provide such Subsequently Identified Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

(d)   If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Subsequently Identified Utility Company, Debtors shall schedule a hearing (a "Determination Hearing") to determine (i) if additional assurance to such Subsequently Identified Utility Company is necessary and, if so, (ii) the nature and amount of the adequate assurance to be provided to such Subsequently Identified Utility Company.

(e)   Pending resolution of a Subsequently Identified Utility Company's Additional Assurance Request at a Determination Hearing such Subsequently Identified Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtors.

(f)   If a Subsequently Identified Utility Company fails to send an Additional Assurance Request by the applicable Additional Assurance Request Deadline, such Subsequently Identified Utility Company shall have waived its right to make an Additional Assurance Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(i) of the Bankruptcy Code by virtue of the deposit.

(g)   A Subsequently Identified Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

(Page | 7)
Debtors:               BLOCKFI, INC., *et al*.
Case No.               22-19361 (MBK)
Caption of Order:      FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                       PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                       DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                       INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                       ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                       ESTABLISHING PROCEDURES FOR RESOLVING
                       REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                       ASSURANCE OF PAYMENT

7.      All Utility Companies other than Subsequently Identified Utility Companies hereby are deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security.

8.      Within two (2) business days from the date hereof, the Debtors shall serve this Final Order upon each of the Utility Companies listed on the Utility Company List, at the addresses listed thereon, by first-class mail, postage prepaid.

9.      The inclusion or exclusion of any entity on or from the Utility Company List or on or from any amended Utility Company List shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code section 366. This Final Order specifically reserves the Debtors' rights to argue that (a) any of the entities listed on the Utility Company List to the Motion or any amended Utility Company List is not a "utility" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing of the Chapter 11 Cases.

10.     Nothing in this Final Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

section 365. Nothing in this Final Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

11.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12.     The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtors.

13.     The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Final Order in accordance with the Motion

14.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 9)
Debtors:                BLOCKFI, INC., *et al.*
Case No.                22-19361 (MBK)
Caption of Order:       FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
                        PROHIBITING UTILITY COMPANIES FROM ALTERING OR
                        DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
                        INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS
                        ADEQUATE ASSURANCE OF PAYMENT, AND (III)
                        ESTABLISHING PROCEDURES FOR RESOLVING
                        REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
                        ASSURANCE OF PAYMENT

16.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.