**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Order Filed on January 17, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

BLOCKFI INC., *et al.*,

   Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)
**Hearing Date and Time: January 17, 2023 at 10:00 AM (ET)**

## FINAL ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6) is hereby

**ORDERED**.

**DATED: January 17, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)
Debtors:         BLOCKFI, INC., *et al.*
Case No.         22-19361 (MBK)
Caption of Order: FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF

The Court having considered the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay or Honor Prepetition Obligations to Certain Claimants and (II) Granting Related Relief* (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, in the exercise of their business judgment, to pay up to $1,293,885 in satisfaction of Prepetition Obligations on account of the Claimants, including all amounts paid pursuant to the Interim Order, which is now approved on a

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| (Page \| 3) | |
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

final basis as set forth herein, and are authorized to pay all undisputed amounts related to any postpetition goods or services in the ordinary course of business consistent with the parties' customary practices.

3. Any Claimant that accepts payment from the Debtors on account of a Prepetition Obligation shall be deemed to have agreed to the terms and provisions of this Order.

4. The Debtors are authorized, but not directed, to condition payment of Prepetition Obligations upon the execution of an agreement, and the Debtors are authorized, but not directed, to enter into such agreements when and if the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

5. The Debtors are authorized, but not directed, to pay the Prepetition Obligations in the event that no agreement has been executed if the Debtors determine, in their business judgment, that a formal agreement is unnecessary to ensure a Claimant's continued performance on Customary Trade Terms.

6. If any Claimant accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, then: (a) any payment on account of a prepetition claim received by such Claimant shall be deemed, in the Debtors' discretion, an improper prepetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such Claimant shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such Claimant, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion

| | |
|---|---|
| (Page \| 4) | |
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

to such outstanding postpetition balance and such Claimant will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then-outstanding without the right of any setoffs, claims, provisions for payments of any claims, or otherwise.

7. Any Claimant that accepts payment from the Debtors on account of all or a portion of a Prepetition Obligation pursuant to this Order shall be deemed to (a) agree to the terms and provisions of this Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

8. Nothing in this Order shall impair or prejudice the Debtors' ability to contest, in their discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Claimant, or a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under Bankruptcy Code § 365.

9. Nothing in this Order or an agreement by the Debtors shall be declared a waiver of any other cause of action, including avoidance actions that may be held by the Debtors.

10. The banks and financial institutions on which checks were drawn (or were to be drawn), credit card payments made (or were to be made), or electronic payment requests were made (or were to be made) in payment of the Prepetition Obligations approved herein are authorized and directed to receive, process, honor and pay all such checks, credit card payments, and electronic payment requests when presented for payment, solely to the extent the Debtors have sufficient funds standing to their credit with such bank or financial institution, and all such banks

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

and financial institutions are authorized and directed to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

11. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment; and (d) the payment due. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, and counsel to the Official Committee of Unsecured Creditors (the "Committee") every thirty (30) days beginning upon entry of this Order.

12. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and the Committee, which are expressly reserved, to object to any payment made pursuant to this Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider to the Debtors. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall to the extent reasonably practicable, provide seven (7) calendar days' advance notice to, and opportunity to object by, the U.S. Trustee and the Committee; provided that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

13. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CLAIMANTS AND (II) GRANTING RELATED RELIEF |

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

16. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.