| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>      kaulet@brownrudnick.com<br>      bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>      DClarke@genovaburns.com<br>      GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>          Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>Hearing:   January 24, 2023<br>              at 10:00 a.m. |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE REDACTED PORTIONS OF THE COMMITTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the Committee's supplemental objection (this "**Supplemental Objection**"), filed substantially contemporaneously herewith,[2] to the Committee's initial objection filed on January 13, 2023 (the "**Initial Objection**") [Docket No. 280] to the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief* [Docket No. 21-1] (the "**Motion**")[3] filed November 28, 2022, and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The redacted portions of the Supplemental Objection include "trade secret[s] or confidential research, development, or commercial information," as set forth in Bankruptcy Code

---

[2] A redacted version of the Supplemental Objection has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Supplemental Objection is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

[3] Capitalized terms used in this Supplemental Objection but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Section 107(b) (*see also* Fed. R. Bankr. P. 9018). Such information includes, generally, the following (collectively, the "Confidential Information"): Analysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals. The Committee committed to protecting this information in good faith.

2. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the Confidential Information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal by granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

6. The Motion was filed among the Debtors' "first-day motions."

7. The Committee's Initial Objection and Supplemental Objection set forth the background and bases for those pleadings and are incorporated herein by reference.

## APPLICABLE LAW

8. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

9. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

10. As previously stated, the Confidential Information redacted from the Committee's Supplemental Objection generally constitutes analysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals, which information the Committee committed to protecting and treating as confidential in good faith. The redacted Confidential Information falls squarely within the specified categories entitled to protection under Section 107(b)(1) and Fed. R. Bankr. P. 9018.

11. Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

12. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

## RESERVATION OF RIGHTS

13. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Supplemental Objection, to seek discovery, to raise additional objections during any hearing on the Motion, and to negotiate and document alternative proposals for relief.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: January 17, 2023

**GENOVA BURNS LLC**

By: */s/ Daniel M. Stolz*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:    (973) 230-2095
Fax:    (973) 533-1112
Email: DStolz@genovaburns.com
          DClarke@genovaburns.com
          GKinoian@genovaburns.com

*Proposed Local Counsel for the Official Committee of Unsecured Creditors*