UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 22-19361-MBK |
| | . | |
| BLOCKFI INC., et al., | . | |
| | . | |
| Debtors. | . | |
| | . | |
| . . . . . . . . . . . . .. | | |
| BLOCKFI INC., et al., | . | Adversary No. 22-01382-MBK |
| | . | |
| Plaintiffs, | . | |
| | . | |
| vs. | . | 402 East State Street |
| | . | Trenton, NJ 08608 |
| EMERGENT FIDELITY | . | |
| TECHNOLOGIES LTD., et al.. | | |
| | . | |
| Defendants. | . | January 17, 2023 |
| . . . . . . . . . . . . .. | | 10:01 a.m. |

TRANSCRIPT OF OMNIBUS HEARING
RE: UNCONTESTED MATTERS GOING FORWARD
BEFORE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Haynes and Boone
                         By:  RICHARD KANOWITZ, ESQ.
                              JORDAN CHAVEZ, ESQ.
                         30 Rockefeller Plaza, 26th Floor
                         New York, NY 10112

Audio Operator          Kiya Martin

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311     Fax No. (609) 587-3599**

APPEARANCES (CONTINUED):

For the Debtor:                Kirkland & Ellis LLP
                               By: FRANCIS PETRIE, ESQ.
                               601 Lexington Avenue
                               New York, NY 10022

For the Official              Brown Rudnick, LLP
Committee of Unsecured        By: KENNETH AULET, ESQ.
Creditors:                    7 Times Square
                              New York, NY 10036

                              Genova Burns, LLC
                              By: DONALD W. CLARKE, ESQ.
                              494 Broad Street
                              Newark, NJ 07102

For the United States         Office of the United States Trustee
Trustee:                      By:  JEFFREY SPONDER, ESQ.
                                   One Newark Center
                              Newark, NJ 07102


TELEPHONIC APPEARANCES:

For the Debtor:                Kirkland & Ellis LLP
                               By: ROBERT J. STARK, ESQ.
                               601 Lexington Avenue
                               New York, NY 10022


                              - - -

1          THE COURT:  Good morning.  This is Judge Kaplan.  We

2   will start our omnibus, albeit reduced omnibus, BlockFi hearing

3   -- set of hearings.

4          Good morning, Counsel.  Let me have appearances,

5   please.

6          MR. KANOWITZ:  Good morning, Your Honor.  Richard

7   Kanowitz, Haynes and Boone, proposed counsel to the debtors and

8   debtors in possession.  Along with me is Jordan Chavez of

9   Haynes and Boone.

10          THE COURT:  All right.  And I'll take other

11   appearances as counsel rise to speak.

12          MR. KANOWITZ:  Your Honor, you are right.  Today

13   should be a rather straightforward day, and we would ask to

14   proceed down the agenda in order.

15          We are thankful for the constructive comments and

16   resolution of matters by the Office of the United States

17   Trustee as well as the Official Committee of Unsecured

18   Creditors.

19          You will see many, many redlines, but we are all in

20   agreement that, subject to Your Honor's approval, these motions

21   should be granted in accordance with those orders.

22          THE COURT:  That's fine.  I appreciate the work of

23   everybody through this morning, possibly.

24          MR. KANOWITZ:  On the Zoom today is Mr. Mark Renzi.

25   He could -- he was going to appear in person, but weather has

1  trapped him in Boston, so we appreciate Your Honor allowing him

2  to testify, if necessary, through Zoom.  We don't anticipate

3  any cross-examination, but, for the record, he did have a

4  Second Day declaration that we would ask be submitted under --

5  you know, it supports various motions that we made on the

6  second day.

7          THE COURT:  I have read through the declaration.  I

8  will accept Counsel's proffer.  I welcome Mr. Renzi's --

9  examination of Mr. Renzi, if needed.  Let's see how we proceed.

10         MR. KANOWITZ:  Thank you, Your Honor.  And at this

11  time I would cede the podium to Ms. Chavez.

12         THE COURT:  All right.  Good morning, Ms. Chavez.

13         MS. CHAVEZ:  Good morning, Your Honor.  For the

14  record, Jordan Chavez with Haynes and Boone on behalf of the

15  debtors.

16         As Mr. Kanowitz mentioned, we would just like to

17  highlight some of the changes we've made to the orders for Your

18  Honor, with the constructive comments we've received from the

19  Committee and the U.S. Trustee.

20         I do have copies of revised proposed orders for Your

21  Honor for matters one through six on the agenda, if I may

22  approach and provide those to you.

23         THE COURT:  Yes, please.  Thank you.

24         MS. CHAVEZ:  Your Honor, beginning on item number one

25  of the agenda that we filed at docket number 294 is our tax

1  motion that we filed at docket number 9.  We filed a notice of

2  revised proposed order for the tax motion at docket number 267.

3       The main changes to this order are on page 3.  We've

4  just clarified that the debtors are authorized, but not

5  directed, to also pay penalties that may have been incurred

6  pre-petition for some taxes.  And then paragraph 6 just adds

7  the requested language that -- from the SEC that was in the

8  interim order that has been carried over to the final order.

9       We did not receive any other comments from the

10 Committee or the Trustee on this particular final order, so we

11 would ask that Your Honor grant the motion on a final basis and

12 enter the proposed final order after the hearing.

13      THE COURT:  All right.  As far as going forward this

14 morning, Mr. Sponder, to the extent you have a specific concern

15 that hasn't been addressed in your working out the language or

16 you want to apprise the Court of any specific issues, I'll just

17 wait for you to come and approach the podium.  Otherwise, I'll

18 assume that the U.S. Trustee has signed off or has viewed the

19 language in the proposals.

20      MR. SPONDER:  Good morning, Your Honor.  Jeff Sponder

21 from the Office of the United States Trustee.

22      To make it easy, the United States Trustee has signed

23 off on all of these orders that are being presented today.

24      THE COURT:  It can't be easier than that.  I was

25 going to say the same for the Committee.

1          MR. AULET:  Your Honor, Kenneth Aulet of Brown

2   Rudnick, proposed counsel for the Committee.

3          The Committee, likewise, has signed off on all of the

4   proposed orders.

5          THE COURT:  Is the result of all this acquiescence

6   everybody was just busy watching football this weekend?

7          MR. KANOWITZ:  Based on the number of trees killed --

8          THE COURT:  Go ahead.

9          MS. CHAVEZ:  We had to have everything resolved

10  before last night.

11                         (Laughter)

12         MS. CHAVEZ:  Item number two on the --

13         THE COURT:  Just a quick question then.  We'll be

14  getting final orders, complete ones, later this morning or --

15         MS. CHAVEZ:  We're happy to submit that to chambers

16  if that's the easiest way for Your Honor.

17         THE COURT:  I think that's the easiest.

18         MS. CHAVEZ:  Sure.

19         THE COURT:  All right.  Thank you.

20         MS. CHAVEZ:  After the hearing, we'll submit all the

21  proposed orders to Your Honor.

22         THE COURT:  Great.  So we'll mark it granted, order

23  to be submitted.  Thank you.

24         Go ahead.

25         MS. CHAVEZ:  Thank you, Your Honor.

1      Number two is the utility motion that we filed at

2  docket number 10.  We did receive some informal comments from

3  the United States Trustee, and we did add the Committee as a

4  noticed party.

5      So the main changes for this order are in the Notice

6  of Revised Proposed Order that we filed at docket number 293.

7  Paragraph 3 is just clarifying the amount of the adequate

8  insurance deposit, rather than just referencing 50 percent of

9  the monthly amount of -- again, out of the Committee as a

10 noticed party, we imposed a duty on the debtors to set a

11 hearing if there is objections to -- or if there is delinquency

12 notices that we cannot resolve or objections filed.

13     And then paragraph 8 just provides a service deadline

14 of two days upon entry of the order to all of the utility

15 parties.  And then paragraph 11 is the SEC's requested

16 language.

17     Again, no objections were received to the utility

18 motion, and we'll ask this court to grant it on a final basis.

19     THE COURT:  I was looking at the SEC language.  We'll

20 reserve that fun issue for another day.

21     All right.  Again, we'll mark it order to be

22 submitted.  Thank you.  Granted.

23     MS. CHAVEZ:  Thank you, Your Honor.

24     Item number three is the insurance motion that we

25 filed at docket number 11.  We did receive some informal

8

1  comments from the Committee, from the Trustee, and from some of

2  the insurance and surety bond providers.

3        We filed a Notice of Revised Proposed Order at docket

4  number 268.  And notable changes in that order, Your Honor, are

5  at paragraph 5, we have agreed to give the Committee consent

6  rights for payments that are proposed above $50,000.  And the

7  rest of the order is just clarifications from the insurance and

8  bond providers and the carryover language from the interim

9  order that it does not impact money transmitter bonds.

10       No formal objections were received, and we'll ask the

11 Court to grant this motion as well on a final basis.

12       THE COURT:  All right.  Granted.  Order to be

13 submitted.  Thank you.

14       MS. CHAVEZ:  Thank you, Your Honor.

15       Number four is the claimants' motion or critical

16 vendor motion.  That was filed originally on the first day at

17 docket number 13.  We filed a Revised Proposed Order at docket

18 number 292 after comments were received from the U.S. Trustee

19 and the Committee.

20       And we have agreed to include and on page 5 of the

21 order are some reporting requirements and objection rights, so

22 upon entry of the order, we will provide the Committee and the

23 Trustee within 30 days just an updated report on the spending

24 that's proposed in the critical vendor order.  And, of course,

25 the SEC language we have carried over from the interim order.

1      We have received no formal objections to the critical

2  vendor motion and would ask Your Honor to grant that on a final

3  basis as well.

4      THE COURT:  All right.  Thank you.  We'll mark it

5  granted, order to be submitted.

6      For counsel who are appearing remotely, I haven't

7  forgotten about you all.  If you wish to be heard, please just

8  use the raise hand function.  Otherwise, we'll just keep on

9  proceeding.  Thank you.

10      MS. CHAVEZ:  Thank you, Your Honor.

11      Item number five is a new motion that we filed.  So

12  we're moving on now to our second -- some of our second day

13  motions.  And this was to set up procedures for rejection of

14  executory contracts and unexpired leases.  This was filed at

15  docket number 122.

16      We did receive some informal comments that we

17  incorporated into the proposed order that we revised and filed

18  at docket number 290.

19      This -- the main changes in the procedures after

20  receiving comments are that we received language from the U.S.

21  Trustee that clarifies the procedures and adds the Committee as

22  a noticed party.

23      We agreed to give some consent rights to the

24  Committee for rejections creating claims over a million

25  dollars.  And paragraph 2(e) adds the debtor's duty to set a

1  hearing if we receive objections and provide seven -- at least

2  seven days' notice of such a hearing.

3         THE COURT:  And just to clarify, rejection dates for

4  both personal property, leases, and real estate are all as of

5  the initial notice date --

6         MS. CHAVEZ:  Yes.

7         THE COURT:  -- listed as an objection?

8         MS. CHAVEZ:  Yes, Your Honor.  And there's a really

9  limited amount of real property leases, but to the extent we

10 were requesting, you know, retroactive rejection as of the

11 notice, that would, of course, be if the keys are turned over

12 and the property has been returned to the applicable landlord.

13        THE COURT:  All right.  Thank you.

14        Again, granted, OTBS.

15        MS. CHAVEZ:  Thank you, Your Honor.

16        My last item is number six, which is our

17 administrative procedures.  We filed this at docket number 123.

18 We received some comments from the Trustee and the Committee

19 that we incorporated and filed a Notice of Revised Proposed

20 Order at docket number 269.

21        The main changes to the order are, of course, adding

22 in the Committee once they were appointed and all the requested

23 language from the U.S. Trustee just to clarify the procedures

24 if they were to want to object to any of the fees.

25        And there were no other formal objections received to

11

1  those procedures, and we would ask the Court to grant the order

2  on a final basis.

3        THE COURT:  All right.  Granted, consistent with the

4  prior orders on these matters that the Court has approved.  All

5  right.  Granted and order to be submitted.

6        Thank you, Counsel.

7        MS. CHAVEZ:  Thank you, Your Honor.  I'll turn the

8  podium back over to Mr. Kanowitz to handle items seven and

9  eight.

10        THE COURT:  All right.

11        MR. KANOWITZ:  Again, for the record, Richard

12  Kanowitz, Haynes and Boone, proposed counsel for debtors and

13  debtors in possession.

14        Your Honor, I'm handling what is known as the

15  ordinary course professional motion as well as the loan

16  servicing motion.  I have copies of the redlined orders if you

17  would like.

18        THE COURT:  Yes, please.

19        MR. KANOWITZ:  May I approach?

20        THE COURT:  Absolutely.

21        MR. KANOWITZ:  Thank you.

22        THE COURT:  Thank you.

23        MR. KANOWITZ:  The ordinary course professional

24  motion, Your Honor, at docket 124 is standard fare in these

25  type of proceedings.  Much of the language can be found in

1  other orders that you approved, in the LTL case, for example.

2       It's heavily marked by the U.S. Trustee's office, not

3  because it was deficient, but, rather, because we wanted some

4  clarification on certain things.

5       Two -- two points to note that I would say is the

6  takeaway that may be different.  One, here we are asking for

7  the authority to give post-petition retainers to certain

8  professionals.  For example, Lenworth Johnson in Antigua

9  requested a $20,000 retainer in connection with the proceedings

10 down there.

11      It was a foreign representation.  He is not familiar

12 with the proceedings here.  He asked for it.  We agree, subject

13 to Your Honor approving it.

14      THE COURT:  Okay.

15      MR. KANOWITZ:  That's the only one I anticipate

16 actually providing, but the motion is flexible that to the

17 extent someone else comes forward, we will do that on notice.

18 So that's one takeaway that you might not see in other types of

19 ordinary course professional motions.

20      The second big picture item is the fact that after

21 six months we're going to look at the aggregate cap.  We

22 probably may have to come back to expand it, but the Trustee

23 wanted us to have a revisit of where we are after six months.

24 So to the extent we think we're going to go above the aggregate

25 cap, we need to enhance it, increase it, we'll come back and

1   we'll deal with those issues.

2              THE COURT:  In advance.

3              MR. KANOWITZ:  In advance, right.

4              THE COURT:  Not retroactive.

5              MR. KANOWITZ:  You know, if any -- if any

6   professional goes over the aggregate cap or monthly cap for

7   three months in a row, they're supposed to make application and

8   get retained, all of the typical procedures that you would see

9   that to the extent that the party is actually handling large

10  matters, case administration issues, we'll come back with the

11  appropriate retention applications if necessary.

12             THE COURT:  All right.

13             MR. KANOWITZ:  So we would ask that the Court grant

14  that motion, and we will submit it as, Ms. Chavez said, after

15  court.

16             THE COURT:  Thank you.  We'll mark it, again,

17  granted, order to be submitted.

18             MR. KANOWITZ:  The next motion, Your Honor, that I

19  will handle is on docket 125.  It's what's known as the loan

20  servicing motion.  This is for institutional loan portfolio

21  only.  This is not for retail clients, as we made clear.

22             The aggregate amount of potential institutional loans

23  is north of 900 million, so we're talking about a large

24  portfolio that the debtor deals with on a day-to-day basis.

25             As you can see, there's typical loan servicing types

1  of things in there, such as, you know, collections,

2  forbearance, extensions, workouts.  To the extent that we want

3  to ultimately take a haircut, if you will, on any of the loans,

4  there's procedures to give notice based on the threshold.

5  Under a million dollars, pretty much do what you want; a

6  million to five million, we're giving notice for people to

7  respond, especially the Committee, to see if we have an

8  objection; and then, of course, if there any objections above

9  five million, put it out on notice for a hearing before Your

10  Honor if necessary.

11        But this will allow the debtor to have flexibility to

12  do things in the ordinary course.  As you can imagine, many of

13  the counter parties are distressed themselves, and we want to

14  realize the highest value without litigation and court costs if

15  possible.  But to the extent we have to, we will come back to

16  court.

17        THE COURT:  Loan servicing is all undertaken in-

18  house?

19        MR. KANOWITZ:  Yes.  The debtor has extensive both

20  financial and legal capabilities.  They have been doing this

21  without us, without us bankruptcy lawyers.  So this motion is

22  just really a hand-off back to them of what they have been

23  doing, and doing it competently and well, for the benefit of

24  the estate.

25        THE COURT:  So that -- so, Counsel, that would be

1  pursuing collection remedies or workouts or other -- other

2  efforts are part of the ordinary course professionals --

3            MR. KANOWITZ:  It would --

4            THE COURT:  -- for the most part?

5            MR. KANOWITZ:  To the extent that we might need a

6  specific collection lawyer in a specific jurisdiction, we would

7  add that to the ordinary course professional.

8            THE COURT:  Okay.

9            MR. KANOWITZ:  That's my contemplation.  If it

10  becomes something much larger, of course we will come back to

11  court if we believe that it runs afoul of any of Your Honor's

12  orders.

13            The other thing to note about this motion is BlockFi

14  International has some institutional loan portfolios.  The JPLs

15  out of Bermuda were hesitant in connection with this motion.

16  That's why you'll see throughout the motion and the order there

17  are certain carve outs and, likewise, that we agree that they

18  must seek orders in their court so that they become comfortable

19  with what we're doing if it impacts a BlockFi International

20  loan.

21            We don't believe there are many loans that belong to

22  that bucket, but notwithstanding that fact, we wanted to make

23  one motion, put it before Your Honor to cover the enterprise as

24  opposed to separate debtors.

25            THE COURT:  And again, just for clarification, maybe

1 | for the participants who are watching, this does not concern
2 | the retail customers --
3 |        MR. KANOWITZ:  Nope.
4 |        THE COURT:  -- consumer?
5 |        MR. KANOWITZ:  Correct.  It's made clear in the
6 | motion and throughout.
7 |        THE COURT:  All right.  Thank you.
8 |        MR. KANOWITZ:  Thank you, Your Honor.
9 |        THE COURT:  The motion will be granted, order to be
10 | submitted.
11 |        MR. KANOWITZ:  Thank you, Your Honor.  I will cede
12 | the podium.
13 |        THE COURT:  Good morning.
14 |        MR. PETRIE:  Good morning, Your Honor.  Francis
15 | Petrie of Kirkland, proposed counsel for the debtors.
16 |        I'll be taking us through the next few items on the
17 | agenda, all of which bring us back to final orders for relief
18 | that was already granted on the first day of these cases.
19 |        We filed revised proposed orders on the docket
20 | approximately 48 hours ago.  The orders have not changed since
21 | then.  However, I do have redlines to the forms of final order
22 | that we filed with the original motions for convenience.
23 |        THE COURT:  Great.
24 |        MR. PETRIE:  May I approach?
25 |        THE COURT:  Yes, please.  Thank you.

1         MR. PETRIE:  Okay, Your Honor.

2         THE COURT:  Proceed.  Thank you.

3         MR. PETRIE:  So the first item is the order on NOLs

4    or equity trading procedures.  There have been no material

5    updates to the language of this order from the interim stage.

6    This has been circulated to the U.S. Trustee and the Committee,

7    and they have signed off on it, as represented.

8              In addition, I can confirm, to address your concerns

9    at the first day hearing, that the equity holders that are

10   implicated by this order were all served with the motion and

11   the interim order on December 1st and had notice of this final

12   hearing.  Nobody spoke up or provided comments.

13             So unless Your Honor has any questions, I

14   respectfully ask you to enter this order on a final basis.

15             THE COURT:  Just a quick question.  The order

16   contemplates sending out advance notice of the procedures to

17   all equity holders, correct, not just the ones who are

18   currently 4.5 percent?

19             MR. PETRIE:  Yes.

20             THE COURT:  Then in the back of my mind, and it's not

21   on for today, when we had one of the motions with respect to

22   redaction or -- it was to limit notice to equity holders, was

23   it not?  I thought there was a pending motion, and it seemed

24   inconsistent, that it would be too burdensome on the debtor to

25   notice all equity holders because you were not sure of who is

1  holding the stocking on a specific date.

2          And I was wondering, if it's too burdensome then, why

3  is it -- why are you able to do it now?  Unless I have that

4  other motion wrong.

5          MS. CHAVEZ:  Your Honor, Jordan Chavez, for the

6  record.

7          On the first day we filed a motion to waive the

8  requirement to file an equity holder list.  So that was the

9  relief we were seeking in addition to consolidation and

10 redaction.

11         THE COURT:  I thought there was a requirement, too,

12 to waive the notice of requirement of future events that

13 occurred during the bankruptcy from financing to disclosure on

14 equity holders.  Do I have it wrong?

15         MS. CHAVEZ:  Your Honor, I would have to go back and

16 look at the language, but I think what Mr. Petrie is saying

17 through the NOL motion and now that the dust has settled, I

18 think we are able to serve the equity holders with this type of

19 notice in order to get this relief that is very much needed for

20 the debtors.

21         THE COURT:  Maybe we just revisit that other motion.

22 I thought it was more expansive.  I thought it referenced how

23 difficult and cumbersome it would be to serve all equity

24 holders, and it seemed inconsistent.  So we can revisit that.

25 That's obviously being deferred, so we can revisit that at a

1 later point.

2          MR. PETRIE:  We can definitely revisit that in the

3 order.  As you can imagine, we're in less of a scramble now

4 than we were --

5          THE COURT:  Right.

6          MR. PETRIE:  -- when we were initially filing this

7 case.  So we'll discuss the actual terms of that form of order

8 going forward.

9          THE COURT:  All right.  So this motion will be

10 granted, order to be submitted.

11          MR. PETRIE:  Thank you, Your Honor.

12          Okay.  So next is the debtor's final wages order.

13 Again, there is no significant changes from the interim stage.

14 The redline changes all reflect conforming edits to the entered

15 order -- the entered interim order.

16          We discussed this order with parties in interest, the

17 U.S. Trustee, and the Committee, and they've all signed off.

18 So unless Your Honor has any questions, again, we respectfully

19 ask that you grant the relief requested on a final basis.

20          THE COURT:  I do not -- I reviewed it initially.  The

21 motion will be granted.  And I would say, even if there's been

22 changes to the order, send us down all the orders from today's

23 hearings in one packet so we have clarity.

24          MR. PETRIE:  We'll be sure to do that, Your Honor.

25          THE COURT:  Thank you.

1          MR. PETRIE:  All right.  So next is the debtor's

2    final cash management order.

3          The changes reflected in this redline show comments

4    from certain cash management banks that wanted to clarify their

5    relationships with the debtors, comments from the Committee

6    about the ability to move crypto externally outside of the

7    ordinary course while it's in custodians that the company

8    currently does things with, and comments from the United States

9    Trustee.

10          Some of these are conforming changes from the interim

11    order, as discussed, but others are updating the order for the

12    current state of affairs with regards to complying with the

13    345(b) guidelines, and the debtor's post-petition obligations.

14          I would like to note that the U.S. Trustee did file a

15    formal objection to this order, but we believe we've resolved

16    that objection by adjusting the requested super priority status

17    of the inter-company loans to administrative priority.

18          I spoke to Mr. Sponder of the Office of the U.S.

19    Trustee, and he is comfortable believing that we have resolved

20    this objection with this form of order.

21          So unless Your Honor has any questions, with this

22    being consensual, we ask that you grant the relief sought here

23    on a final basis.

24          THE COURT:  All right.  Mr. Sponder, it does address

25    the concern on the super priority nature of inter-company loans

1 that you had?

2        MR. SPONDER:  Good morning again, Your Honor.  Jeff

3 Sponder from the Office of the United States Trustee.

4        It does.

5        THE COURT:  Okay.  Then I'll -- we'll mark it

6 granted, with the limited objection of the U.S. Trustee having

7 been resolved.

8        MR. PETRIE:  Thank you, Your Honor.  And we'll submit

9 all of these to chambers after the hearing.

10        THE COURT:  Thank you.

11        MR. PETRIE:  And with that, I'll turn the podium over

12 to Committee's counsel.

13        THE COURT:  All right.

14        MR. AULET:  Good morning, Your Honor.

15        THE COURT:  Good morning.

16        MR. AULET:  Again, Kenneth Aulet of Brown Rudnick,

17 proposed counsel to the Committee.  I am joined by Don Clarke

18 of Genova Burns, proposed local counsel for the Committee.

19        With me also in the courtroom is a member of the

20 Committee, Corey Grossman.  I just wanted to note that.  Mr.

21 Stark, my partner, spoke a lot at the previous hearing about

22 how diligent the Committee is, and even though this is a fully

23 consensual hearing today, the Committee still felt it was

24 important, and Mr. Grossman is here.

25        THE COURT:  And Mr. Grossman is -- good morning.

1   Welcome.

2        MR. AULET:  As discussed, the Committee does not

3 object to any of the second day motions that are being entered

4 today.  We appreciate the ability to get our informal comments

5 on those resolved.

6        The only thing for the Committee today is, if Your

7 Honor is prepared, we have a consent order on the Committee's

8 motion to intervene.

9        THE COURT:  I did see that.

10       MR. AULET:  It was submitted to chambers this

11 morning.

12      THE COURT:  Yeah.  I looked through it.  I have no

13 objection to it.  We'll be entering that order.

14      MR. AULET:  Okay.  And that's all for the Committee.

15 Thank you.

16      THE COURT:  All right.  Thank you.

17      Mr. Kanowitz.

18      MR. KANOWITZ:  Yes, Your Honor.  Again, Richard

19 Kanowitz, Haynes and Boone, proposed counsel to debtors and

20 debtors in possession.

21      I think, given the Committee intervention, I think

22 it's good to circle back from our last hearing just to give you

23 a status update of where we are.

24      THE COURT:  Yeah.

25      MR. KANOWITZ:  I'm not going to talk about anything

1  on the merits.  No party has to worry about what I'm going to

2  say.  But if they want to chime in, to the extent they're on

3  Zoom, so be it.

4       Coming out of the last hearing, Your Honor made

5  certain, I would say, admonishments, directions.  I hope that

6  the parties and parties in interest heard them.  I can tell you

7  that the FTX debtors have requested from Judge Dorsey has been

8  granted to mark without date their motion to stay.  We'll be in

9  contact with them in due course.

10      Likewise, our motion to preclude certain testimony in

11 that proceeding -- in connection with their lift stay -- or I'm

12 sorry -- their stay motion was also adjourned without a date.

13 So we are not facing a January 20th motion in Judge Dorsey's

14 courtroom.

15      Two, the JPLs in Antigua are proceeding on the

16 petition, the windup petition there, on January 27th.  We were

17 compelled to file papers by January 9th in connection to that

18 proceeding.  Our papers are very straightforward.  We don't

19 object to the windup, per se.  We object to the language in

20 direction four three that was pointed out in prior pleadings

21 filed in this court that would touch upon the pledge issue.

22      We ask for a stay of that portion of that windup

23 petition to the extent that you can do that or, alternatively,

24 a form non-convenience argument since the pledge agreement has

25 arbitration in New York under Delaware law.

1      We do not know what's going to happen down there on

2  the 27th.  It may go forward.  It may be assigned to another

3  judge.  We will report back once we know what the outcome is

4  there.

5      We've also had discussions with all the various

6  parties about the proposed amended complaint that we are going

7  to be filing.  At this time it was our goal to file the amended

8  complaint by January 20th.  We have a draft in process.

9      It may be delayed for the following reason:  We had a

10 very, from my perspective, productive call with the Department

11 of Justice, both the criminal side as well as the civil side

12 and their bankruptcy counsel as well.  They would like to take

13 a look at our amended complaint.  Clearly they have the seizure

14 and forfeiture in mind.

15     THE COURT:  Sure.

16     MR. KANOWITZ:  We are not making the Government a

17 defendant in the adversary proceeding.  In fact, we are not

18 making the FTX debtors a defendant in the adversary proceeding.

19 This amended complaint will address Emergent and whoever speaks

20 for Emergent will come to court and speak for Emergent in this

21 court.

22     And likewise, again, it's Marex.  And it will explain

23 in further detail all the relief we seek in that amended

24 complaint.

25     We got on the phone before we spoke to the DOJ with

25

1 the Defendants, among others, in connection with the, you know,

2 intervention motion, if you will, by the Committee, because it

3 led to a natural discussion.  And we agreed that we're filing

4 the amended complaint.  We're not going to try to jam anyone.

5         Initially under Your Honor's scheduling order it was

6 February 15th to respond to the --

7         THE COURT:  Right.

8         MR. KANOWITZ:  -- complaint.  We agree to move that

9 back to March 15th.

10        THE COURT:  Okay.

11        MR. KANOWITZ:  To the extent that the DOJ and the

12 State is discussing the amended complaint, for the purposes of,

13 again, to try to limit litigation and to not step on toes, you

14 know, we're respectful of their process and hopefully they're

15 respectful of our process.

16        But to the extent that we need to move forward on the

17 amended complaint, we're going to try to work things out with

18 the DOJ, if not, we'll file it.  But as to the Defendants, we

19 will give them whatever time they need to respond.  So right

20 now the goal is hopefully to file this by January 20th, if it

21 gets pushed a little.  Likewise, the response date is from

22 February 15th to March 15th.

23        And I believe we should come before Your Honor

24 hopefully on January 30th with a request to amend Your Honor's

25 order --

1           THE COURT:  For the pretrial, yeah.

2           MR. KANOWITZ:  -- for the pretrial schedule.  It was

3   really straightforward.  And then, of course, adjourn the

4   pretrial conference that's on for sometime later anyway.

5           So we're not going to trip any deadlines in this

6   court, but I want to give parties an understanding of what's at

7   play here.  The Government has requested certain things, and I

8   think it's incumbent on us to at least discuss with them their

9   concerns, if any, in connection with the amended complaint.

10          THE COURT:  Fair enough.  I appreciate the update.  I

11  think others listening in also benefit by it.  Thank you.

12          MR. KANOWITZ:  Thank you, Your Honor.

13          And the last is really to tie up the loose ends in

14  connection with the adjournment of the two motions.

15          THE COURT:  Yeah.  I wanted to go over our upcoming

16  schedule a little bit.

17          MR. KANOWITZ:  Yeah.  So the redaction of the PII,

18  which is docket 4, and the sealing of confidential parties,

19  which is docket 127, those have been carried to the March

20  omnibus hearing date, Your Honor, March 13th, I believe.

21          THE COURT:  I'm sorry.  So docket number 4, which was

22  the redaction, and the -- oh, 127?

23          MR. KANOWITZ:  Yes.

24          THE COURT:  Okay.

25          MR. KANOWITZ:  Yes.  And notwithstanding those

1 adjournments, Your Honor, to the extent that the Office of the

2 United States Trustee has an objection to professional

3 retention applications, and their deadline is the 23rd of

4 January, notwithstanding that those motions haven't been heard,

5 nothing will prohibit the Court from entering orders pertaining

6 to professionals.

7      So it's sort of like a "subject to," right?

8      THE COURT:  Right.

9      MR. KANOWITZ:  You'll enter the order, hopefully.

10 Hopefully there won't be any objections and we'll submit the

11 order.  But to the extent we have a hearing and you overrule

12 objections, these objections will be still outstanding, subject

13 to Your Honor's ruling on these motions when and if.  We'll

14 deal with disclosures that must be required to be done after

15 that ruling.

16      THE COURT:  Okay.

17      MR. KANOWITZ:  So, you know, if we can work it out

18 with the U.S. Trustee in connection with these motions, you

19 won't have a motion to be heard.  If we can't, one day you will

20 decide it, and we will apply accordingly Your Honor's ruling to

21 whatever disclosures we made, but the retentions will have been

22 hopefully --

23      THE COURT:  Right.

24      MR. KANOWITZ:  -- granted before then.

25      THE COURT:  Essentially reservation of rights.

1          MR. KANOWITZ:  I'll leave it to the U.S. Trustee to

2  explain their thought process on what's going on with the

3  process, but it really was.  We couldn't be in a catch-22 where

4  we adjourn something and then the retention applications get

5  held up pending the termination.

6          THE COURT:  Yeah.  It's similar to what we had in LTL

7  and the U.S. Trustee's Office was very effective in working out

8  an arrangement to reserve rights pending the Court having a

9  chance to look at the issue.

10          MR. KANOWITZ:  Yes.

11          THE COURT:  So that's fine.

12          MR. KANOWITZ:  So unless anybody has comment,

13  including the U.S. Trustee, I think that captures the intent of

14  the parties with adjournment and how it relates to the

15  retention apps.

16          THE COURT:  As far as -- let me just double check,

17  because we have some -- we have two dates coming up in January,

18  the 24th and the 30th.  The 24th, from I can tell, is the

19  Wallet issue and the retention program.

20          MR. KANOWITZ:  Yes.

21          THE COURT:  Those are still planned on the 24th, or

22  are we moving to the 30th?  I didn't know if you all want to

23  consolidate the 24th and 30th or how you want to proceed.

24          MR. PETRIE:  No, we still need two court dates

25  between now and the 30th.  We're still in discussions with all

1  parties about what will be heard on each of those dates, but

2  we've been working with your chambers, who has been very

3  accommodating to us, and so we'll work on scheduling as soon as

4  possible.

5          THE COURT:  That's fine.  Just to let you all know, I

6  just had a calendar issue, if I can find it.  I am speaking at

7  a town hall -- you're welcome to attend remotely -- 12:00 to

8  1:00 o'clock on the 30th.

9          So if we -- if you don't think we have enough time to

10  do -- handle the matters in the morning before the 12:00 to

11  1:00, I would do it in the afternoon when we had more time, on

12  the 30th, from 1:30 on to the afternoon.  So take a sense of

13  what your -- the time you'll need and add more.

14          So all right.  Then I think this was relatively

15  straightforward.

16          Anyone remote attending through Zoom wish to be heard

17  on any issues?

18          MR. STARK:  Your Honor, it's Robert Stark.

19          THE COURT:  Yes.

20          MR. STARK:  I just wish to apologize for not being in

21  the courtroom and thank Your Honor and your staff for allowing

22  me to appear by Zoom.  I had a medical issue that

23  (indiscernible).

24          THE COURT:  Not a problem.  This was easy and

25  straightforward.  As easy as extra points in football.

1          All right.  So thank you all, and we're adjourned.

2                          * * * * *

3

4                    **C E R T I F I C A T I O N**

5          I, LORI KNOLLMEYER, court approved transcribers,

6   certify that the foregoing is a correct transcript from the

7   official electronic sound recording of the proceedings in the

8   above-entitled matter, and to the best of my ability.

9

10   /s/ Lori Knollmeyer

11   LORI KNOLLMEYER, CET-206

12   J&J COURT TRANSCRIBERS, INC.   DATE:  January 18, 2023

13

14

15

16

17

18

19

20

21

22

23

24

25