**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Order Filed on January 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**January 17, 2023 at 10:00 a.m. (ET)** |

### ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

**DATED: January 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

(Page 2)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

The relief set forth on the following pages, numbered three (3) through nine (9) and the attached exhibits is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

Upon consideration of the motion (the "Motion")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an administrative order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| (Page 4) | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

**A.  Ordinary Course Loan Servicing and Administration of Performing Loans**

2.      The Debtors are authorized but not directed, to continue in the ordinary course of business, taking the following actions in connection with the BlockFi Institutional Loan Portfolio (the "Performing Loan Servicing Activities"):

    a.  Collecting and accounting for loan payments received from borrowers, including payments of principal and interest;

    b.  Verifying borrower and lender compliance with loan terms;

    c.  Providing notices and engaging in other routine communications with borrowers;

    d.  Responding to borrower inquiries; and

    e.  All other matters of general servicing and administration relating to the servicing and administering of performing loans in the BlockFi Institutional Loan Portfolio.

**B.  Ordinary Course Loan Servicing of Underperforming and Defaulted Loans**

3.      The Debtors are further authorized to continue engaging in ordinary course deferment and forbearance arrangements with borrowers of loans included in the BlockFi Institutional Loan Portfolio, which may include, without limitation (the "Deferment and

4

(Page 5)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

Forbearance Arrangements")):

    a.  adjustments to monthly payment amounts, payment deferrals, interest rate adjustments (both increases and decreases), and extensions of loan maturities; and

    b.  the imposition, in accordance with applicable law and the Debtors' applicable loan agreements with their borrowers, or waiver of fees and other penalties.

4.     For the avoidance of doubt, the Deferment and Forbearance Arrangements shall not include agreements by the Debtors to reduce the principal amount of loans in the BlockFi Institutional Loan Portfolio.

5.     The Debtors are further authorized to take the following actions to collect, recover, and otherwise exercise remedies with respect to past-due or defaulted loans in the BlockFi Institutional Loan Portfolio:

    a.  To commence or continue private or court-administered foreclosure procedures, as applicable, or otherwise seek to recover collateral for secured loans (a "Foreclosure");

    b.  To commence or continue one or more collection actions in an applicable court to seek recovery from the applicable borrowers, guarantors, or other responsible parties in connection with an applicable loan in the BlockFi Institutional Loan Portfolio (a "Collection Suit");

    c.  To otherwise negotiate with or engage in a loan restructuring, settlement, or other workout with a borrower, guarantor, or other responsible party (a "Workout", and together with a Foreclosure and a "Collection Suit" the "Enforcement and Collection Actions"); and

    d.  To retain counsel and other applicable advisors, in a manner consistent with the Bankruptcy Code and other applicable Orders of the Court, to aid and assist the Debtors in pursuing Enforcement and Collection Actions.

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

6.    With respect to BlockFi International, the Performing Loan Servicing Activities, Deferment and Forbearance Arrangements, and Enforcement and Collection Actions shall be conducted subject to entry of such order(s) or approval(s) as may be required authorizing such activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

### C.    Loan Settlement Procedures

7.    To the extent that the Debtors wish to enter into any Workouts or settlements ("Loan Settlement Agreements") with borrowers that would result in a reduction in the principal amount owed to the Debtors within the BlockFi Institutional Loan Portfolio, the Debtors shall comply with the following procedures (the "Loan Settlement Procedures") except that b. below shall not apply to applicable loans held by BlockFi International:

a.    Any Loan Settlement Agreement entered into by the Debtors and a borrower (a "Defaulting Borrower") party to a loan in the BlockFi Institutional Loan Portfolio (a "Defaulted Loan") shall be entered into subject to compliance with these Loan Settlement Procedures.

b.    The Debtors may enter into and consummate Loan Settlement Agreements with Defaulting Borrowers without further order of this Court or notice to or approval of any party where the Loan Settlement Agreement settles a Defaulted Loan with a total outstanding principal amount of less than $5 million, provided that, for any Defaulted Loan with a total outstanding principal amount of greater than $1 million but less than $5 million, the Debtors shall give three (3) business days' notice of the proposed Loan Settlement Agreement to the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee.  If the Committee and/or the U.S. Trustee objects, then the Debtors shall utilize

6

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

the procedures set forth in paragraph 7.c of this Order for approval of the Loan Settlement Agreement.

c.  At least seven (7) calendar days before the effective date of any Loan Settlement Agreement (the "Agreement Effective Date") agreed to by the Debtors and a Defaulting Borrower to settle a Defaulted Loan with an outstanding principal amount of $5 million or more, the Debtors will provide a notice (the "Notice") by email to counsel of record for the Committee, the U.S. Trustee and counsel to the U.S. Securities and Exchange Commission (collectively, the "Notice Parties") of the existence of the Loan Settlement Agreement and the applicable Agreement Effective Date, together with (i) a copy of the applicable Loan Settlement Agreement, (ii) a statement as to why the Debtors are entering into the Loan Settlement Agreement and how the Loan Settlement Agreement is beneficial to the Debtors and the Debtors' estates, and (iii) a form of order to be submitted to the Court authorizing the entry into and performance under the Loan Settlement Agreement, substantially in the form attached to the Motion as Exhibit 1 (the "Proposed Loan Agreement Order"). The Debtors shall also, contemporaneously with providing the Notice file a notice on the bankruptcy docket substantially in the form of notice attached to the Motion as Exhibit 2 (the "Settlement Notice"). Any party-in-interest may request the additional information provided to the Notice Parties subject to entry into a confidentiality agreement with the Debtors.

d.  Confidential economic terms may be redacted from the Loan Settlement Agreement and related materials may not be provided to the members of a Committee. Such terms will be provided to a Committee's professionals on a "professionals' eyes only" basis and subject to such confidentiality provisions acceptable to the Debtors and the counterparty(ies) of the Loan Settlement Agreement; provided that the advisors to a Committee may provide unredacted copies of the Agreements (or summaries thereof) to members of the Committee and such Committee members' respective advisors who (1) are not (i) borrowers to any loans in the BlockFi Institutional Loan Portfolio, (ii) direct or indirect competitor of BlockFi, or (iii) affiliates of any party enumerated in the foregoing (i) and (ii) and (2) have executed or implemented appropriate restrictions to maintain the confidentiality of such confidential terms.

(Page 8)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

e.   The Notice Parties shall have ten (10) calendar days after receipt of a Notice of a Loan Settlement Agreement, and any party-in-interest shall have ten (10) calendar days from the date the Notice is filed on the bankruptcy docket, to file an objection with the Court (with a copy to Debtors' counsel) opposing the entry of the applicable Proposed Loan Settlement Agreement Order and approval of such Loan Settlement Agreement. If an objection is filed, the Loan Settlement Agreement shall not become effective pending further order of the Court. If such an objection is timely filed, the Debtors shall schedule a hearing before the Court at the earliest possible date with notice to the Notice Parties, the objecting party if different than the Notice Parties, and parties who have requested notices in the Chapter 11 Cases for a determination on the filed objection and the Debtor's request for approval to enter into and perform under the applicable Loan Settlement Agreement(s).

f.   If the Notice Parties do not file an objection on or before the tenth (10th) calendar day after receipt of the Notice or any party-in-interest does not file an objection on or before the tenth (10th) calendar day after the Notice is filed on the bankruptcy docket, the Debtors will submit the applicable Proposed Loan Settlement Agreement Order to the Court for entry without the need for any further notice or hearing. Upon entry by the Court of the applicable Proposed Loan Settlement Agreement Order, the Debtors shall be authorized to immediately enter into and consummate the applicable Loan Settlement Agreement in accordance with its terms.[2]

8.   Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving

---

[2] Notwithstanding the foregoing, the Loan Settlement Procedures and any approval of a Proposed Loan Settlement Agreement with respect to a loan where BlockFi International is the lender, shall be subject to entry of such order(s) or approval(s) as may be required authorizing such activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda. Individual Loan Settlement Orders with respect to applicable loans held by BlockFi International shall also not be necessary in the form set out in Exhibit 1. An alternative, but broadly similar, process shall be carried out subject to entry of such order(s) or approval(s) as may be required authorizing such activity in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

(Page 9)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING THE RESTRUCTURING, SETTLEMENT, OR OTHER MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS |

crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.      The Debtors are authorized to take all actions as may be required or necessary in order to implement the terms of the Settlement Agreement and the relief granted pursuant to this Order, subject to the respective terms thereof. The parties to the Settlement Agreement are directed to cooperate with the Debtors in carrying out all actions necessary and appropriate to implement the terms of this Order.

10.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

11.      Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry.

12.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

## EXHIBIT 1

**FORM OF PROPOSED ORDER APPROVING INDIVIDUAL INSTITUTIONAL LOAN
SETTLEMENTS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)

## ORDER GRANTING THE DEBTORS AUTHORITY TO ENTER INTO RESTRUCTURING OR SETTLEMENT AGREEMENT WITH [--]

    The relief set forth on the following pages, numbered two (2) through three (3) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

(Page 2)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' AUTHORITY TO ENTER INTO RESTRUCTURING SETTLEMENT AGREEMENT WITH [-] |

Pursuant to the *Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Settlement Procedures Order")[1] [Docket No. __] entered by the Court on _____, 2023, authorizing and approving, among other things, procedures for entering into certain settlement agreements or other restructurings with respect to loans in the BlockFi Institutional Loan Portfolio,[2] and upon consideration of the declarations and other evidence proffered in connection with the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the entry of this Order being appropriate and in conformance the terms and provisions of the Settlement Procedures Order, and due and proper notice having been given under the circumstances and as required under the Settlement Procedures Order, including the filing of a Notice on the Docket and the provision of requisite notice to the Notice Parties;

---

[1] Except as otherwise indicated herein, capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

[2] As defined in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Motion") [Docket No. __].

2

**IT IS HEREBY ORDERED THAT:**

1.      The Proposed Loan Settlement Agreement with [Party], notice of which was provided at Docket No. [--] (the "Settlement"), is hereby **APPROVED**.

2.      Pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, and Bankruptcy Rule 9019, the Debtors are hereby authorized to enter into the Settlement.

3.      The Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the entry into and performance under the Settlement and this Order.

4.      Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of the Loan Settlement Agreement or this Order.

3

## EXHIBIT 2

**FORM OF NOTICE OF PROPOSED ENTRY INTO SETTLEMENT**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**[FORM OF NOTICE] OF DEBTORS' PROPOSED ENTRY INTO A LOAN
SETTLEMENT AGREEMENT PURSUANT TO THE ORDER
GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO CONTINUE SERVICING AND
ADMINISTRATION ACTIVITIES IN THE ORDINARY COURSE OF
BUSINESS WITH RESPECT TO THE DEBTORS' INSTITUTIONAL
LOAN PORTFOLIO AND GRANTING RELATED RELIEF AND
(II) AUTHORIZING AND ESTABLISHING PROCEDURES REGARDING
THE RESTRUCTURING, SETTLEMENT, OR OTHER**

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017);
BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi
Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The
location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

## MODIFICATIONS OF INSTITUTIONAL LOANS AND LOAN OBLIGATIONS

**PLEASE TAKE NOTICE** that pursuant to the terms of the *Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* (the "Settlement Procedures Order"),[2] the Debtors, subject to entry of an order consistent with the Settlement Procedures Order, have entered into a proposed Loan Settlement Agreement with [Borrower] ("Borrower"), with respect to a loan in the BlockFi Institutional Loan Portfolio.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have provided certain additional required information with respect to the Proposed Settlement Agreement to the applicable Notice Parties including (i) a copy of the applicable Loan Settlement Agreement and (ii) a form of order authorizing the entry into and performance under the Loan Settlement Agreement.

**PLEASE TAKE FURTHER NOTICE** that the Notice Parties and any party-in-interest shall have ten (10) calendar days after receipt of this Notice of a Loan Settlement Agreement or ten (10) calendar days from the filing of the Notice on the bankruptcy docket to file an objection with the Court (with a copy to Debtors' counsel) opposing the entry of the applicable Proposed Loan Settlement Agreement Order and approval of such Loan Settlement Agreement.

---

[2] Except as otherwise indicated herein, capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, upon satisfaction of the conditions in the Settlement Procedures Order, the Debtors will upload a proposed order approving the proposed Settlement Agreement for entry by the Court consistent with the terms of the Settlement Procedures Order.

Dated: __ ___, 2023

/s/ *[Draft]*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

3

United States Bankruptcy Court

District of New Jersey

In re:                                       Case No. 22-19361-MBK

BlockFi Inc.                              Chapter 11

       Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 3 |
| Date Rcvd: Jan 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2023                Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com |
| Brett S. Theisen | on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Carol L. Knowlton | on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com |
| Carrie J. Boyle | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co |

District/off: 0312-3                                    User: admin                                    Page 2 of 3
Date Rcvd: Jan 17, 2023                              Form ID: pdf903                              Total Noticed: 1

m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Daniel Stolz

on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David J. Adler

on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker

on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker

on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap

on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke

on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com

Donald W Clarke

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com

Douglas J. McGill

on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman

on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II

on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley

on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jeffrey Bernstein

on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild

on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

Kaitlin R. Walsh

on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
docketing@mintz.com

Kaitlin R. Walsh

on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet

on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
hcohen@brownrudnick.com

Kyle McEvilly

on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie

on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer

on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer

on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

District/off: 0312-3                                    User: admin                                    Page 3 of 3
Date Rcvd: Jan 17, 2023                              Form ID: pdf903                              Total Noticed: 1

Lindsay Feuer
on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lisa Bonsall
on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Services Inc. msirota@coleschotz.com, fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Nicole A. Leonard
on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Richard Kanowitz
on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Robert Malone
on behalf of Unknown Role Type Ankura Trust Company LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Seth Brandon Shapiro
on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com

Warren A. Usatine
on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com

TOTAL: 52