**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Order Filed on January 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

BLOCKFI INC., *et al.*,

     Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)
(Jointly Administered)

**Hearing Date: January 17, 2023 @ 10:00 am ET**

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

**DATED: January 17, 2023**

*Michael B. Kaplan*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered three (3) through eleven (11) and the

exhibits hereto is **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion")[1] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "Hearing") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **Exhibit 1** (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| (Page 4) | |
| --- | --- |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

this Order and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional. The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable post-petition retainer to the Ordinary Course Professional. Except for the one-time retainer to Johnson Gardiner disclosed in the Motion, any advancement of a reasonable post-petition retainer to an Ordinary Course Professional shall be subject to notice being provided to the Notice Parties (defined below) with an opportunity to object within seven (7) days of service of such notice. Such objection deadline is subject to extension by agreement of the Debtors and the U.S. Trustee. The Debtors are further authorized, but not directed, to reimburse expenses incurred by Ordinary Course Professionals pursuant to the terms of this Order. Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.      Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional. Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form of **Exhibit 2** (the "OCP Declaration") for filing with the Court and service upon (i) the United States Trustee, (ii) counsel to the official unsecured creditors committee appointed in these cases (the "Committee"), and (iii) those parties that have filed a notice of appearance and request for service of pleadings in the

(Page 5)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter or matters on which such Ordinary Course Professional is to be employed. Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3**, which, among other things, will detail the type and scope of services to be provided and the compensation to be paid for such services and shall be served on the Notice Parties.

4.      The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit 1 (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to Exhibit B (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap and aggregate fee cap, serving a copy of the Supplement on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file an OCP Declaration no later than (a) thirty (30) days of the filing of such Supplement or (b) the date on which each Additional Ordinary Course Professional commences services for the Debtors.

5.      The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this Order or (ii) the service of any OCP Declaration and Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

shall be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of filing of the Supplement.

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its OCP Declaration and Retention Questionnaire and such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice, a copy of which shall be promptly provided to the U.S. Trustee and counsel to the Committee, setting forth in reasonable detail the nature of

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

the services rendered and expenses actually incurred during the month (without prejudice and subject to (i) the Debtors' right to dispute any such invoices in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (defined below) in accordance with paragraph 11 hereof; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in Exhibit 1 or in any Supplement, as applicable, on average over any three month period on a rolling basis; and provided further that the Debtors shall not pay any Ordinary Course Professional in excess of the Aggregate Fee Cap during the course of these Chapter 11 Cases as set forth in Exhibit 1 or in any Supplement except as otherwise authorized by the Court under the procedures outlined in paragraphs 8–10 of this Order.

8.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and expenses exceeded the Monthly Fee Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules"), all orders of this Court, and the U.S. Trustee Fee Guidelines (defined below); provided that the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application up to the amount of the Monthly Fee Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court. Each Ordinary Course Professional that is a law

7

| Debtors: | BlockFi Inc. |
|---|---|
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

firm and exceeds the Monthly Fee Cap shall agree to make a reasonable effort to comply with the

U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for*

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C.*

*§ 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S.

Trustee Fee Guidelines").

9.      If an Ordinary Course Professional seeks payment of fees in excess of the

Aggregate Fee Cap, such Ordinary Course Professional shall (i) be required to (a) file a separate

retention application to be retained as a professional person pursuant to section 327 of the

Bankruptcy Code; and (b) apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Chapter 11 Cases in accordance with

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S.

Trustee Fee Guidelines and any and all applicable orders of the Court.  The rights of all parties in

interest with respect to any such applications are fully preserved.  Each Ordinary Course

Professional that is a law firm and exceeds the Aggregate Fee Cap shall agree to make a reasonable

effort to comply with the U.S. Trustee Fee Guidelines.

10.      Within thirty (30) days after the end of, and with respect to, each full three month

period after entry of this Order (including any initial partial month in the first period), the Debtors

shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the

following information for each Ordinary Course Professional: (a) the name of the Ordinary Course

Professional; (b) the aggregate amounts paid as compensation for services rendered and

reimbursement of expenses incurred by such Ordinary Course Professional during the statement

(Page 9)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

period; (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the reported Quarter; and (d) a reasonably detailed description of the services rendered by such Ordinary Course Professional during the statement period. The obligation to file summary statements shall terminate upon confirmation of a plan in the Chapter 11 Cases.

11.     On the date that is established in the Chapter 11 Cases for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, the Debtors shall file a statement (the "Final Statement") for each of the Ordinary Course Professionals. The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid post-petition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during the Chapter 11 Cases. The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "Ordinary Course Professional Fee Objection").

12.     In the event the duration of these Chapter 11 Cases is longer than six (6) months from the date of entry of this Order, the Aggregate Fee Cap for each Ordinary Course Professional that has been retained, may be increased  by agreement of the Notice Parties or by order of the Court.

13.     Each Ordinary Course Professional shall periodically update its OCP Declaration to the extent necessary to reflect new facts or circumstances relevant to its retention, including,

9

| (Page 10) | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

without limitation, any changes in the type or scope of services to be provided.

14.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

15.     Subject to the payment procedures set forth in this Order, the Debtors' rights and the right of any party-in-interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

16.     Each attorney Ordinary Course Professional who exceeds the Monthly Fee Cap and the Aggregate Fee Cap shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines.

17.     As this Order is only procedural in nature, the U.S. Trustee reserves his rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified in Exhibit 1 to the Motion and any Supplement.

18.     The Debtors shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional Procedures and the other terms of this Order.

19.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

20.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

(Page 11)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

21.     To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

**<u>EXHIBIT 1</u>**

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| Advokatfirmae Schjodt AS<br>Attn: Hanne Worsoee Garnes<br>Kongsgardbakken 3<br>PB 444<br>Savanger, Norway | Legal - Norway mining portfolio | $100,000 | $600,000 |
| Allen & Overy LLP<br>Attn: Lorna Dougan<br>1 Bishops Sq<br>London, United Kingdom E1 6AD | Legal - Commercial contracts and international counsel | $8,550 | $51,300 |
| Bradley Arant Boult Cummings LLP<br>Attn: Michael Burke<br>One Federal Place, 1819 5th Avenue North<br>Birmingham, Alabama 35203 | Legal - State securities law counsel | $3,150 | $18,900 |
| Brody and Browne LLP<br>Attn: Anna Browne<br>One Penn Plaza<br>New York, New York 10119 | Legal - Employment counsel | $9,000 | $54,000 |
| CFGI<br>1 Lincoln Street, Suite 1301<br>Boston, Massachusetts 02111 | Accounting advisory - Tax advisory and prior year filing consulting | $18,000 | $108,000 |
| CohnReznick LLP<br>14 Sylvan Way, 3rd Floor<br>Parsippany, New Jersey 07054 | Auditor - 401k plan required audits | $27,000 | $162,000 |
| Conyers Dill and Pearman Limited<br>Attn: Jannika Smith<br>Clarendon House, 2 Church Street<br>Hamilton, Bermuda HM 11 | Legal - Carribean region transactional counsel | $1,800 | $10,800 |
| Covington & Burling LLP<br>Attn: Ebill Admin<br>2301 Tower C, Yintai Center<br>No. 2 Jianguomenwai Dajie<br>Beijing, China 22000 | Legal - Financal services regulatory counsel | $39,600 | $237,600 |
| Davis Polk & Wardwell LLP<br>Attn: Stanley Bazin<br>Av. Brigadeiro Faria Lima, | Legal - General transactional counsel | $81,000 | $486,000 |

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| 3900<br>11 andare - cj 1102<br>Sao Paulo, Brazil 04538-132 | | | |
| Downs Rachlin Martin PLLC<br>  Attn: Joni Gingue<br>  Courthouse Plaza, 199 Main Street, 6th Floor<br>  Burlington, Vermont 5402 | Legal - State securities law counsel | $2,700 | $16,200 |
| GermanolawLLC<br>  Attn: Judith Germano<br>  460 Bloomfield Avenue Suite 200<br>  Montclair, New Jersey 7042 | Legal - NJ civil and criminal law counsel | $40,500 | $243,000 |
| Grant Thornton<br>  757 3rd Avenue #9<br>  New York, New York 10017-2013 | Auditor - Auditor for financial statements | $36,000 | $216,000 |
| Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP<br>  Attn: Bryan Rosenberg<br>  201 S. Main Street, Suite 700<br>  Ann Arbor, Michigan 48104 | Legal - Corporate counsel | $45,000 | $270,000 |
| Hodgson Russ LLP<br>  Attn: Michele Torba<br>  140 Pearl St, Suite 100<br>  Buffalo, New York 14202 | Legal - Immigration legal counsel | $22,500 | $135,000 |
| Hogan Lovells International LLP<br>  Attn: Electronic Billing<br>  Avenida Maisonnauve 22<br>  Alicante, Spain 3003 | Legal - UK regulatory counsel | $4,500 | $27,000 |
| Holland & Knight LLP<br>  Attn: Billing TeamE<br>  Al Masaood Tower, Nissan Show Room<br>  7th Floor<br>  Al Najda Street, United Arab Emirates 112738 | Legal - Defensive litigation counsel | $9,000 | $54,000 |
| Johnson Gardiner, Attorneys At Law<br>  51A St. Mary's Street | Legal - Antigua and Barbuda litigation counsel | $38,000 | $228,000 |

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| St. John's, Antigua | | | |
| Katten Muchin Rosenman, LLP<br>Attn: Katten E-Billing<br>111 Congress Avenue<br>Austin, Texas 78701-4143 | Legal - Commodities regulatory counsel | $4,500 | $27,000 |
| King & Spalding LLP<br>Attn: Amber Wills<br>Level, Al Sila Tower Abu<br>Dhabi Global Market Square<br>PO Box 130522<br>Abu Dhabi, United Arab<br>Emirates | Legal - State securities law counsel | $900 | $5,400 |
| KPMG<br>Dept 0511<br>PO Box 120511<br>Dallas, Texas 75312-0511 | Accounting advisory - Internal audit services | $135,000 | $810,000 |
| Linklaters LLP<br>Attn: Adam Knight<br>Al Sila Tower 1, Level 27<br>Abu Dhabi Global Market<br>Square<br>Abu Dhabi, United Arab<br>Emirates<br>PO Box 144970 | Legal - Singapore legal counsel | $45,000 | $270,000 |
| Linklaters Singapore Pte. Ltd.<br>Attn: Evelyn Hui<br>One George Street #17-01<br>Singapore, Singapore 49145 | Legal - Singapore legal counsel | $45,000 | $270,000 |
| Littler Mendelson, P.C.<br>Attn: Electronic<br>Billingadministrator<br>6565 Americas Parkway NE,<br>Suite 200<br>Albuquerque, New Mexico<br>87110 | Legal - Employment counsel | $4,500 | $27,000 |
| Luxor Data Services<br>Attn: Ethan Vera<br>ethan@luxor.tech<br>6965 El Camino Real 105,<br>Carlsbad, California, 92009 | Consultant – ASIC Valuation and Pricing | $25,000 | $50,000 |

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| Maynard, Cooper & Gale<br>Attn: Ragan Barker<br>1901 6th Ave. North, Suite 1700<br>Birmingham, Alabama 35203 | Legal - State securities law counsel | $2,700 | $16,200 |
| McAfee & Taft A Professional Corporation<br>Attn: Sharon Selby<br>211 North Robinson<br>Oklahoma City, Oklahoma 73102 | Legal - State securities law counsel | $2,700 | $16,200 |
| McLeod Law LLP<br>Attn: Karan Jones<br>14505 Bannister Road SE<br>Calgary, Alberta, Canada T2X 3J3 | Legal - Canadian legal counsel | $22,500 | $135,000 |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>Attn: MintzBilling Support<br>One Financial Center<br>Boston, Massachusetts 2111 | Legal - General transactional counsel | $9,000 | $54,000 |
| Morris Nichols Arsht & Tunnell<br>Attn: Derek Abbott<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19899-1347 | Legal - Delaware local counsel | $45,000 | $270,000 |
| North River Global, LLC<br>251 East 51st Street, Suite 8A<br>New York, New York 10022 | Accounting advisory - Book keeping services | $18,000 | $108,000 |
| Osler Hoskin & Harcourt LLP<br>Attn: E-billing Team<br>P.O. Box 50, 1 First Canadian Place<br>Toronto, Ontario, Canada M5X 1B8 | Legal - Canadian legal counsel | $19,800 | $118,800 |
| Perkins Coie LLP<br>Attn: Electronic Billing Administrator Team<br>1029 West Third Ave., Suite | Legal - State regulatory counsel | $31,500 | $189,000 |

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| 300<br>Anchorage, Alaska 99501 | | | |
| PKF O'Connor Davies LLP<br>245 Park Avenue<br>New York, New York 10167 | Auditor - Auditor for financial statements | $328,500 | $985,500 |
| Rath, Young and Pignatelli<br>Attn: Jeannine Bohi<br>One Capital Plaza<br>PO BOX 1500<br>Concord, New Hampshire 03302-1500 | Legal - State regulatory counsel | $900 | $5,400 |
| Richards and Company<br>Victoria Chambers<br>The Colony House, 41 Nevins Street<br>St. John's, Antigua | Legal - Antigua and Barbuda counsel | $900 | $5,400 |
| Rose Law Firm (Little Rock)<br>Attn: Cathy Robinson<br>120 East Fourth Street<br>Little Rock, Arkansas 77201-2893 | Legal - State regulatory counsel | $900 | $5,400 |
| Simmons & Simmons<br>Attn: Ediz Ali<br>PO Box 79023<br>Amsterdam, Netherlands 1070 NB | Legal - UK legal counsel | $7,200 | $43,200 |
| Starn O'Toole Marcus & Fisher<br>Attn: Chantal Lactaoen<br>733 Bishop Street, 19th Floor<br>Pacific Guardian Center, Makal Tower<br>Honolulu, Hawaii 96813 | Legal - State regulatory counsel | $900 | $5,400 |
| Stoll Keenon Ogden, PLLC<br>Attn: Michelle Bryant<br>One Main Street, Suite 201<br>Evansville, Indiana 47708 | Legal - State regulatory counsel | $900 | $5,400 |
| Sullivan & Cromwell LLP<br>Attn: Adela Ceron<br>20th Floor, Alexander House, 18 Chater Road<br>Hong Kong, Hong Kong | Legal - Federal securities law counsel | $90,000 | $540,000 |

5

| Professional (Name & Address) | Type of Service Provided | Monthly Fee Cap if Services are Utilized | Aggregate Fee Cap |
|---|---|---|---|
| Walkers<br>   Attn: Michael Rivers<br>   5th Floor, The Exchange<br>   Building<br>   PO Box 506513, DIFC<br>   Dubai, United Arab Emirates | Legal - Non-bankruptcy international legal work | $45,000 | $270,000 |
| Ward and Smith, P.A.<br>   Attn: Sara Jones<br>   82 Patton Avenue<br>   Suite 300<br>   Asheville, North Carolina<br>   28802 | Legal - State regulatory counsel | $31,500 | $189,000 |
| White & Case LLP<br>   Attn: Lisa Bottone<br>   16 Al Sila Tower<br>   Abu Dhabi Global Market<br>   Square<br>   Abu Dhabi, United Arab<br>   Emirates | Legal - General transactional counsel | $27,000 | $162,000 |

## EXHIBIT 2

**Form of Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

2.      This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing BlockFi Inc. and/or its affiliated debtors (collectively, the "<u>Debtors</u>") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 Cases [Dkt. ___] (the "<u>Order</u>"). Following the date that the Debtors' Chapter 11 Cases were commenced (the "<u>Petition Date</u>"), the Debtors have requested that the Company provide professional services (or continue to provide such services) to the Debtors, and the Company has consented to provide such services. Accordingly, the Company is submitting this Declaration pursuant to the Order.

3.      The Company, through me, and other members, partners, associates, or employees of the Company, has provided, or plans to provide, the following services to the Debtors from and after the Petition Date:

4.      BlockFi Inc. and/or its affiliated debtors (collectively, the "<u>Debtors</u>") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

5.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases. The Company does not perform services for any such person in connection with these cases. In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

2

6.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

7.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

8.      The Company believes that it is [not owed any amount] / [owed approximately $_____] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Company's employment by the Debtors.

9.      [FOR LEGAL SERVICES FIRMS: The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532].

10.     [FOR NON-LEGAL SERVICE FIRMS ONLY: The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date].

11.     As of the Petition Date, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

12.     At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

13.     I, or a representative of the Company, have read and am familiar with the requirements of the *Order Granting Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
[**Declarant**]

4

**Exhibit 3**

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | |
| Debtors.[1] | Case No. 22-19361 (MBK) |
| | (Jointly Administered) |

### RETENTION QUESTIONNAIRE

### TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL
### EMPLOYED BY THE DEBTORS

**<u>Do not file</u> this Questionnaire with the Court. Please return it to:**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

If more space is needed, please complete on a separate page and attach.

1. Name and address of Company:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

(a) Average hourly rate (if applicable):
_____

(b) Estimated average monthly compensation based on prepetition retention (if Company was
employed prepetition):
_____

_____

6. Prepetition claims against the Debtor held by the firm (if any):

Amount of claim: $

_____

Date claim arose:

_____

Nature of claim

_____

_____

_____

7. Prepetition claims against the Debtor held individually by any
member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of claim:

$_____

Date claim arose:

_____

Nature of claim:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the Company is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

United States Bankruptcy Court
District of New Jersey

In re:                                                                        Case No. 22-19361-MBK

BlockFi Inc.                                                                  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 3 |
| Date Rcvd: Jan 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol      Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#          Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.


**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2023:**

**Recip ID              Recipient Name and Address**
db                      #+  BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE


# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE


# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**


**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**


Date: Jan 19, 2023                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com |
| Brett S. Theisen | on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Carol L. Knowlton | on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com |
| Carrie J. Boyle | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co |

m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Daniel Stolz
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David J. Adler
    on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker
    on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker
    on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap
    on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Douglas J. McGill
    on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman
    on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II
    on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley
    on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jeffrey Bernstein
    on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder
    on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild
    on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

Kaitlin R. Walsh
    on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
    docketing@mintz.com

Kaitlin R. Walsh
    on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet
    on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
    hcohen@brownrudnick.com

Kyle McEvilly
    on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer
    on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
    on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

District/off: 0312-3                                    User: admin                                    Page 3 of 3
Date Rcvd: Jan 17, 2023                              Form ID: pdf903                            Total Noticed: 1

Lindsay Feuer
    on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lisa Bonsall
    on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Nicole A. Leonard
    on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
    gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard Kanowitz
    on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Robert Malone
    on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Seth Brandon Shapiro
    on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
    on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com

Warren A. Usatine
    on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com


TOTAL: 52