| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* | **Order Filed on January 17, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>        Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>Jointly Administered<br>**Hearing Date and Time: January 17, 2023 at 10:00 AM (ET)** |

# FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

      The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

**DATED: January 17, 2023**

                                                       */s/ Michael B. Kaplan*
                                                       Honorable Michael B. Kaplan
                                                       United States Bankruptcy Judge

| | |
|---|---|
| (Page \| 2) | |
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

Upon the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit Account as Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "<u>Motion</u>")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "<u>Hearing</u>") on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* filed contemporaneously with the Motion, the record

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| (Page \| 3) | |
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, as such Utility Companies hereby are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

3. The Debtors have established the Utility Deposit Account and have deposited $9,275 into the Utility Deposit Account, which shall be separately allocated for, and payable to, each Utility Company, in the amount set forth in the Utility Company List attached to the Motion, as to each Utility Company, for the purpose of providing Utility Companies adequate assurance of payment for postpetition Utility Services provided to the Debtors. The Debtors shall maintain the Utility Deposit Account with a minimum balance equal to fifty percent (50%) of the Debtors' historical monthly cost of Utility Services, attributable to each Utility Company, which the Debtors

| | |
|---|---|
| (Page \| 4) | |
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

may adjust to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company, until the earlier of (a) termination or modification by subsequent agreement of any Utility Services, or (b) confirmation of a plan of reorganization or further order of this Court.

4.   To the extent the Debtors become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtors, (b) counsel to the Debtors; (c) the Official Committee of Unsecured Creditors (the "Committee"), and (d) the United States Trustee for the District of New Jersey (each, a "Party in Interest"). The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then, the Debtors shall (a) remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility Company's account and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency Notice, and (b) replenish the Utility Deposit Account for the amount remitted to such Utility Company. If an Objection to the Delinquency Notice is filed prior to the expiration of the ten-day period, the Debtors will request that this Court schedule a hearing to resolve the dispute.

Case 22-19361-MBK    Doc 330    Filed 01/19/23    Entered 01/20/23 00:19:06    Desc
Imaged Certificate of Notice    Page 5 of 12

(Page | 5)
Debtors: BLOCKFI, INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

5. The Debtors are authorized, in their sole discretion, to amend the list of Utility Companies set forth on the Utility Company List to add or delete any Utility Company, and this Final Order shall apply to any Utility Company that is subsequently added to the list (each a "Subsequently Identified Utility Company"). The Debtors shall promptly serve a copy of this Final Order on any Utility Companies that are subsequently added to the Utility Company List, and deposit two weeks' worth of utility costs based on a historical average in the Utility Deposit Account for the benefit of such Subsequently Identified Utility Company (less any amounts on deposit with any such Subsequently Identified Utility Company that have not been applied to outstanding prepetition amounts).

6. With respect to requests for additional assurance of payment by Subsequently Identified Utility Companies, the following procedures are approved:

(a) If a Subsequently Identified Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Subsequently Identified Utility Company must (i) file a request for additional assurance of future payment (an "Additional Assurance Request") no later than the date that is fourteen (14) days after the date such Subsequently Identified Utility Company receives notice of this Final Order (the "Additional Assurance Request Deadline") and (ii) serve the Additional Assurance Request upon the proposed Debtors' counsel via email and first class mail.

(b) Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the

(Page | 6)
Debtors: BLOCKFI, INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

---

procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable.

(c) If a Subsequently Identified Utility Company makes a timely Additional Assurance Request that the Debtors believe is reasonable, the Debtors shall be authorized, in their sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Assurance Request, provide such Subsequently Identified Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

(d) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Subsequently Identified Utility Company, Debtors shall schedule a hearing (a "Determination Hearing") to determine (i) if additional assurance to such Subsequently Identified Utility Company is necessary and, if so, (ii) the nature and amount of the adequate assurance to be provided to such Subsequently Identified Utility Company.

(e) Pending resolution of a Subsequently Identified Utility Company's Additional Assurance Request at a Determination Hearing such Subsequently Identified Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtors.

(f) If a Subsequently Identified Utility Company fails to send an Additional Assurance Request by the applicable Additional Assurance Request Deadline, such Subsequently Identified Utility Company shall have waived its right to make an Additional Assurance Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(i) of the Bankruptcy Code by virtue of the deposit.

(g) A Subsequently Identified Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

7. All Utility Companies other than Subsequently Identified Utility Companies hereby are deemed to have received adequate assurance of payment in accordance with Bankruptcy Code section 366, without the need for an additional deposit or other security.

8. Within two (2) business days from the date hereof, the Debtors shall serve this Final Order upon each of the Utility Companies listed on the Utility Company List, at the addresses listed thereon, by first-class mail, postage prepaid.

9. The inclusion or exclusion of any entity on or from the Utility Company List or on or from any amended Utility Company List shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code section 366. This Final Order specifically reserves the Debtors' rights to argue that (a) any of the entities listed on the Utility Company List to the Motion or any amended Utility Company List is not a "utility" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing of the Chapter 11 Cases.

10. Nothing in this Final Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to Bankruptcy Code

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | BLOCKFI, INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

section 365. Nothing in this Final Order shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

11. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtors.

13. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Final Order in accordance with the Motion

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI, INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT ACCOUNT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT |

16. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 22-19361-MBK
BlockFi Inc.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3  User: admin  Page 1 of 3
Date Rcvd: Jan 17, 2023  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2023:**

Recip ID  Recipient Name and Address
db  #+ BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2023  Signature:  /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2023 at the address(es) listed below:

**Name**  **Email Address**

Barbra Rachel Parlin
    on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
    elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com

Brett S. Theisen
    on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
    on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle
    on behalf of Creditor Ge Song cboyle@b-vlaw.com
    tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co

    m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Daniel Stolz
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David J. Adler
    on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker
    on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker
    on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap
    on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Douglas J. McGill
    on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman
    on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II
    on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley
    on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jeffrey Bernstein
    on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder
    on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild
    on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

Kaitlin R. Walsh
    on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
    docketing@mintz.com

Kaitlin R. Walsh
    on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet
    on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
    hcohen@brownrudnick.com

Kyle McEvilly
    on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer
    on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
    on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Case 22-19361-MBK    Doc 330    Filed 01/19/23    Entered 01/20/23 00:19:06    Desc
Imaged Certificate of Notice    Page 12 of 12

| District/off: 0312-3 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Jan 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Lindsay Feuer | on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com |
| Lisa Bonsall | on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Services Inc. msirota@coleschotz.com, fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com |
| Nicole A. Leonard | on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com |
| Robert Malone | on behalf of Unknown Role Type Ankura Trust Company LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Seth Brandon Shapiro | on behalf of Interested Party United States of America seth.shapiro@usdoj.gov |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com |
| Warren A. Usatine | on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com |

TOTAL: 52