**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Order Filed on January 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**Hearing Date and Time:** January 17, 2023, at 10:00 a.m. (Prevailing Eastern Time)

# FINAL ORDER (I) AUTHORIZING
## THE DEBTORS TO (A) CONTINUE USE OF
## EXISTING BUSINESS FORMS AND RECORDS,

**DATED: January 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(B) MAINTAIN EXISTING CORPORATE BANK
ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY
PREPETITION BANK FEES ASSOCIATED WITH THE CASH
MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE
OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND
(III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS**

The relief set forth on the following pages, numbered three (3) through fourteen (14), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated with the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* [Docket No. 7] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an final order (this "Final Order") (a) authorizing the Debtors to (i) continue use of existing business forms and records, (ii) maintain existing corporate bank accounts and cash management system, (iii) pay prepetition bank fees associated with the cash management system, and (iv) continue performance of intercompany transactions, (b) granting administrative expense status to postpetition intercompany balances, and (c) suspending certain U.S. Trustee Requirements; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984,

---

2    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are hereby authorized, in its sole discretion, to (a) use the Cash Management System, and (b) maintain and continue using the Bank Accounts with the same account numbers, in existence on the Petition Date, including, without limitation, those accounts identified on the exhibits to this Final Order.

3.      The Debtors shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtors' books and records, to the same extent as maintained prior to the commencement of these Chapter 11 Cases.

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

4.      Each of the Cash Management Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors are responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

5.      The Debtors are authorized, but not directed, to (a) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, automated clearinghouse transfers, drafts, electronic fund transfers, or other items presented, issued or drawn on the Bank Accounts, (b) pay and/or reimburse the Cash Management Banks in the ordinary course of business for any claims arising prepetition or postpetition including ordinary-course bank fees, checks deposited which have been dishonored or returned for insufficient funds, and any reimbursement or other payment obligations such as overdrafts arising in connection with the Bank Accounts, (c) perform their obligations under the documents and agreements governing the Bank

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

Accounts, and (d) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession.

6.     The Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7.     Each of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.  To the extent a Cash Management Bank honors a prepetition check or other item drawn on any account either: (a) at the direction of the Debtors; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures, such Cash Management Bank will not be deemed to be liable to the Debtors or to the estates on account of such prepetition check or other item honored postpetition.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

8.     In the course of providing cash management services to the Debtors, any Cash Management Bank, without further order of this Court, is authorized to (a) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Cash Management Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors as of the Petition Date, and such contractual arrangements shall continue to govern the cash management services provided by the Debtors after the Petition Date, and (b) charge-back returned items to the Bank Accounts, whether such items are dated before, on, or after the Petition Date, in the ordinary course of business during the pendency of these Chapter 11 Cases.

9.     The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; provided however, that the Debtors give notice within fifteen (15) days to the U.S. Trustee and the Official Committee of Unsecured Creditors (the "Committee"); provided, further, however that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement and shall timely indicate the opening of such account on the Debtors' monthly operating reports.

| (Page | 8) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

10.     The Debtors are authorized to continue using the Corporate Cards and to pay in the ordinary course of business any amounts owing prepetition or postpetition on account of the Corporate Cards.

11.     The Cash Management Banks are authorized to apply cash collateral in their respective possession in satisfaction of the Debtors' reimbursement and other obligations arising under agreements governing the issuance of letters of credit (the "LC Obligations") without further order from this Court.  The Cash Management Banks shall provide five (5) days' notice (which may be via email) to the Debtors, the U.S. Trustee and the Committee of any such proposed application of cash collateral in their respective possession in satisfaction of the LC Obligations, and such parties shall retain the right to object.

12.     For the avoidance of doubt, the account at Silicon Valley Bank ending in -3354 is not a collateral account established in favor of Ankura Trust Company, LLC (the Indenture Trustee relating to the BlockFi Interest Accounts that are registered on the books and records of BlockFi Inc. as owned by account holders residing in the United States) but rather a pledged account in favor of Silicon Valley Bank.  The revised table included on page 20 of the Motion regarding Collateral Accounts is included below.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

| Type of Account | Account Description |
|---|---|
| **Collateral Accounts**<br><br>BlockFi Inc. (-2610, -3354, -7779) | The Debtors hold three segregated cash collateral accounts at Silicon Valley Bank, which each serve as cash collateral for the Debtors' reimbursement obligations under one of the following letters of credit issued by Silicon Valley Bank: (a) *Irrevocable Standby Letter of Credit* No. XXXXXXX0245, dated as of March 2, 2022, in favor of Paperless Inc. as beneficiary; (b) *Irrevocable Standby Letter of Credit* No. XXXXXXX0560, dated as of April 1, 2022, in favor of Ankura Trust Company, LLC as beneficiary; and (c) *Irrevocable Standby Letter of Credit* No. XXXXXXX1208, dated as of October 6, 2022, in favor of Lockhart Power Company as beneficiary. |

13.     The Debtors are authorized, but not directed, to:  (a) designate, maintain and continue to use, with the same account numbers, all of the Existing Bank Accounts in existence as of the Petition Date that the Debtors determine, in the reasonable exercise of their business judgment, are necessary, except as otherwise set forth in this Final Order; (b) use, in their present form, all preprinted correspondence and Business Forms (including, but not limited to, letterhead, purchase orders, invoices and checks), without reference to the Debtors' status as debtors in possession, and other preprinted documents related to the Bank Accounts; provided that upon depletion of the Debtors correspondence, Business Forms  stock and checks, the Debtors will obtain new Business Forms stock and checks reflecting their status as  "Debtors-In-Possession" and include the corresponding lead bankruptcy case number on all checks; (c) treat the bank accounts for all purposes as accounts of the Debtors as debtors-in-possession; (d) pay any and all Bank Fees, whether incurred prepetition or postpetition, under or in connection with the Cash Management System, *provided* that the Debtors shall not be obligated under the terms of this Final

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

Order to pay, repay, or otherwise transfer any funds on account of Bank Fees which are disputed and/or currently being investigated by the Debtors, and/or any fees related thereto; and (e) for the duration of these Chapter 11 Cases, the Debtors shall include a debtor-in-possession legend and the lead bankruptcy case number on all electronic or newly self-printed checks and business forms; and when reordering checks shall require the designation "Debtor-in-Possession" and the corresponding lead bankruptcy case number on all checks.

14.     The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

15.     As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on the Cash Management Banks.

16.     Notwithstanding anything to the contrary set forth herein, the Debtors are authorized, but not directed, to continue Intercompany Transactions arising from or related to the operation of their businesses in the ordinary course; provided that each Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices; and (b) beginning on the Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the Debtors' advisors with respect to such records.

17.     All postpetition transfers and payments from a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.  The Debtors shall maintain records in the ordinary course reflecting transfers of cash, and non-cash transfers or adjustments, including but not limited to transfers between the Debtors, and transfers between the Debtors and non-Debtor affiliates, so as to permit all such transactions to be ascertainable.

18.     With respect to all Bank Accounts, the Debtors shall have 30 days from entry of this Final Order or such longer time as agreed with the U.S. Trustee to either comply with section 345(b) of the Bankruptcy Code, make such other arrangements as agreed with the U.S. Trustee or obtain the Court's approval for any deviation from section 345(b), without prejudice to the Debtors' right to seek an extension of the time to comply; *provided* the Debtors' and the U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Cash Management Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully preserved.

| | |
|---|---|
| (Page \| 12) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

19.     With respect to accounts at Cash Management Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall attach to their monthly operating reports or provide to the U.S. Trustee copies of the bank statements of such accounts.

20.     Notwithstanding the use of a consolidated cash management system, the Debtors shall calculate quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless of what entity pays such disbursements.

21.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

22.     The Debtors shall not transfer any cryptocurrency to any external destination outside of the Debtors' ordinary course wallets and custodians without the prior written consent of the Committee (email is sufficient), or pursuant to a court order other than this Order authorizing any such external transfer.

23.     Any material modification to the Cash Management System shall be subject to notice, a hearing and Court approval.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

24. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

25. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

26. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

(Page | 14)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS, (B) MAINTAIN EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (C) PAY PREPETITION BANK FEES ASSOCIATED WITH THE CASH MANAGEMENT SYSTEM, AND (D) CONTINUE PERFORMANCE OF INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) WAIVING CERTAIN U.S. TRUSTEE REQUIREMENTS |

27.    In the event of any inconsistency between the terms of this Final Order and the Motion, the terms of this Final Order shall govern.

28.    Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

29.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

31.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## Exhibit 1

**Diagram of the Cash Management System**



**Exhibit 2**

**Table of Bank Accounts**

| Name | Debtor / Non-Debtor | Bank | Account Number | Country | Balance at Petition Date |
|---|---|---|---|---|---|
| BlockFi Asia | Non-Debtor | FOMOpay | -0291 | Singapore | $9,800.00 |
| BlockFi Cayman LLC (Inactive) | Non-Debtor | Silvergate | -9256 | United States | $0.00 |
| BlockFi Cayman LLC (Inactive) | Non-Debtor | Silvergate | -9264 | United States | $0.00 |
| BlockFi Inc | Debtor | Silvergate | -4183 | United States | $0.00 |
| BlockFi Inc | Debtor | Silvergate | -4191 | United States | $0.00 |
| BlockFi Inc | Debtor | Silicon Valley | -0719 | United States | $1,000,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -2610 | United States | $330,022.00 |
| BlockFi Inc | Debtor | Silicon Valley | -3354 | United States | $750,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -7779 | United States | $4,000,000.00 |
| BlockFi Inc | Debtor | Silicon Valley | -7263 | United States | $254,056,136.00 |
| BlockFi International Ltd (Inactive) | Debtor | Signature | -9744 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | Signature | -9752 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -0586 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -0776 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -4552 | United States | $5,458.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -4560 | United States | $0.00 |
| BlockFi International Ltd | Debtor | Silvergate | -4578 | United States | $1,500,000.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -4586 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | Silvergate | -8926 | United States | $0.00 |
| BlockFi Lending II LLC (Inactive) | Debtor | Silvergate | -2705 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -5383 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -1447 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Signature | -3eb4 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4091 | United States | $508,508.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4109 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silvergate | -4768 | United States | $0.00 |
| BlockFi Lending LLC | Debtor | Silicon Valley | -8628 | United States | $102.00 |

| | | | | | |
|---|---|---|---|---|---|
| BlockFi Lending LLC | Debtor | CUB | -0230 | United States | $0.00 |
| BlockFi Services, Inc | Debtor | Silvergate | -2201 | United States | $54,301.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8523 | United States | $14,488.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8531 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -2277 | United States | $11,973.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -4704 | United States | $289,144.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -4712 | United States | $10,000,000.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -6799 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -8549 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -7937 | United States | $0.00 |
| BlockFi Trading LLC | Debtor | Silvergate | -7945 | United States | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2063 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2059 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2551 | United Kingdom | $0.00 |
| BlockFi International Ltd (Inactive) | Debtor | BCB | -2555 | United Kingdom | $0.00 |
| BlockFi Management (Inactive) | Non-Debtor | Signature | -8615 | United States | $0.00 |

United States Bankruptcy Court

District of New Jersey

In re:                                                                              Case No. 22-19361-MBK

BlockFi Inc.                                                                        Chapter 11

      Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                              Page 1 of 3
Date Rcvd: Jan 17, 2023                       Form ID: pdf903                          Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#        Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.


**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2023:**

**Recip ID**        **Recipient Name and Address**
db               #+  BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE


# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE


# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**


**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**


Date: Jan 19, 2023             Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2023 at the address(es) listed below:**

**Name**        **Email Address**

Barbra Rachel Parlin
        on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
        elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com

Brett S. Theisen
        on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
        on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle
        on behalf of Creditor Ge Song cboyle@b-vlaw.com
        tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co

District/off: 0312-3                     User: admin                          Page 2 of 3
Date Rcvd: Jan 17, 2023                  Form ID: pdf903                       Total Noticed: 1

m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Daniel Stolz

on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David J. Adler

on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker

on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker

on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap

on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke

on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com

Donald W Clarke

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com

Douglas J. McGill

on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman

on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II

on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley

on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jeffrey Bernstein

on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild

on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

Kaitlin R. Walsh

on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
docketing@mintz.com

Kaitlin R. Walsh

on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet

on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
hcohen@brownrudnick.com

Kyle McEvilly

on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie

on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer

on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer

on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lisa Bonsall
on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com

Nicole A. Leonard
on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Richard Kanowitz
on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Robert Malone
on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Seth Brandon Shapiro
on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com

Warren A. Usatine
on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com

TOTAL: 52