| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

**Order Filed on January 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>         Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>Jointly Administered<br>**Hearing Date: January 17, 2023 @ 10:00 a.m. ET** |

## ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

**DATED: January 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

Upon consideration of the motion (the "Motion")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, for entry of an administrative order establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and Second Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

(Page 4)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained or proposed to be retained in these Chapter 11 Cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

   (A) Monthly Fee Statements.

   1. Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the administrative fee order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

      i. Berkeley Research Group, as Debtors' financial advisor

         Berkeley Research Group, 99 High Street, 27th Floor, Boston, MA 02110, Attn: Mark Renzi, mrenzi@thinkbrg.com

      ii. Haynes and Boone, LLP as Debtors' co-counsel:

         Haynes and Boone, LLP 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attn: Richard Kanowitz, Esq., richard.kanowitz@haynesboone.com, J. Frasher Murphy, Esq., frasher.murphy@haynesboone.com; Jordan Chavez, Esq., jordan.chavez@haynesboone.com

      iii. Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Debtors' co-counsel:

7

| | |
|---|---|
| (Page 5) | |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

        Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua Sussberg, Esq., jsussberg@kirkland.com, Christine Okike, Esq., christine.okike@kirkland.com, Francis Petrie, Esq., fpetrie@kirkland.com

  iv.  Cole Schotz P.C., as Debtors' local counsel:

        Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq., msirota@coleschotz.com, Warren A. Usatine, Esq., wusatine@coleschotz.com

  v.  Moelis & Company, as Debtors' investment banker:

        Moelis & Company, LLC, 399 Park Ave., 4th Floord, New York, NY 10022, Attn: Barak Klein, barak.klein@moelis.com, Jared Dermont, jared.dermont@moelis.com

  vi.  Kroll Restructuring Administration, LLC, as Debtors' claims and noticing agent;

        Kroll Restructuring Administration, LLC, 55 East 52nd St., 17th Floor, New York, NY 10055, Attn: Legal Department, legal@kbs.kroll.com; Gabriel Brunswick, Gabriel.brunswick@kroll.com, shira.weiner@kroll.com

  vii.  Brown Rudnick, LLP, counsel for the Committee:

        Brown Rudnick, LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, rstark@brownrudnick.com; Kenneth J. Aulet, kaulet@brownrudnick.com; Bennett S. Silverberg, bsilverberg@brownrudnick.com; and Stephen D. Palley, spalley@brownrudnick.com

  viii.  the United States Trustee for Region 3 (the "U.S. Trustee"):

        United States Trustee for Region 3, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M.

7

(Page 6)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

Sponder, Esq., jeffrey.m.sponder@usdoj.gov and Lauren Bielskie, lauren.bielskie@usdoj.gov

    ix.    any party requesting notice of all proceedings; and

    x.    any other party designated by the Court.

2. Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the District of New Jersey and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

3. Time spent traveling without actively working on the Chapter 11 Cases shall be billed at 50% of the Professional's normal hourly rate.

4. Except as otherwise provided in the Professional's specific retention orders, all timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the UST Guidelines and applicable law.

(B)    Objections.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than 14 days after service of the Monthly Fee Statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

7

(Page 7)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

(C) <u>Payments.</u>

1. On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. No payments shall be made to a Professional until the Professional's retention is approved by the Court. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection. If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

2. If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the monthly fee statement which is no longer subject to an objection.

3. If the parties are unable to resolve an objection not later than 14 days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least 14 days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

4. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an objection or not. Failure by a party listed in subdivision (A)(1) to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any Interim Fee Application (as defined below) or final fee application.

(Page 8)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

(D)  <u>Fee Applications.</u>

1. A Professional who has received monthly payments under this Order must, at four-month intervals (the "<u>Interim Fee Period</u>") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the Monthly Fee Statements issued during the applicable period (the "<u>Interim Fee Application</u>").

2. Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit Law, the Local Bankruptcy Rules, and the UST Guidelines.

3. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

4. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

5. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

(Page 9)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

6. Any party under subdivision (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3. All Professionals that are law firms shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, in connection with any Monthly Fee Statements, Interim Fee Applications and final fee applications to be filed in these Chapter 11 Cases. All Professionals that are law firms shall provide any and all Monthly Fee Statements, Interim Fee Applications and final fee applications in "LEDES" format to the U.S. Trustee.

4. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

5. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. For the avoidance of doubt, this provision only permits the committee member to request reimbursement and does not extend to any representative purporting to act on behalf of the committee member.

7

(Page 10)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT |

7. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final Order of this Court.

8. The Debtors are authorized to take all actions necessary to carry out this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 22-19361-MBK |
| BlockFi Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 3 |
| Date Rcvd: Jan 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+ BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2023        Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com;vincent.foley@hklaw.com |
| Brett S. Theisen | on behalf of Unknown Role Type Ankura Trust Company LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Carol L. Knowlton | on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com |
| Carrie J. Boyle | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co |

Case 22-19361-MBK    Doc 333    Filed 01/19/23    Entered 01/20/23 00:19:06    Desc
Imaged Certificate of Notice    Page 12 of 13

| District/off: 0312-3 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jan 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Daniel Stolz
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

David J. Adler
    on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker
    on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker
    on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
    david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap
    on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com

Douglas J. McGill
    on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman
    on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II
    on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley
    on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jeffrey Bernstein
    on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder
    on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild
    on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

Kaitlin R. Walsh
    on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
    docketing@mintz.com

Kaitlin R. Walsh
    on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet
    on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
    hcohen@brownrudnick.com

Kyle McEvilly
    on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer
    on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
    on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

| | |
|---|---|
| Lindsay Feuer | on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com |
| Lisa Bonsall | on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com |
| Nicole A. Leonard | on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com |
| Robert Malone | on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Seth Brandon Shapiro | on behalf of Interested Party United States of America seth.shapiro@usdoj.gov |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com |
| Warren A. Usatine | on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com |

TOTAL: 52