**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' STATEMENT WITH RESPECT TO THE WALLET WITHDRAWAL MOTION

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

**Statement**

1. No good deed goes unpunished. The Debtors commenced these chapter 11 cases with a clear objective: to do right by their clients. And on the very first day of these cases, the Debtors took an important step in that direction, announcing they would be immediately filing the *Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121] (the "Wallet Withdrawal Motion").[2]

2. The relief requested in the Wallet Withdrawal Motion is as simple as it is clear. Although the Debtors currently hold clients' digital assets in Wallet Accounts, these assets are not property of these estates. The Debtors wish to return those digital assets to their clients. To facilitate that return, the Debtors must first reset aspects of the User Interface to reflect proper accounting of the amounts held in Wallet Accounts.

3. While the Debtors of course knew that certain parties would have responsibilities to diligence this matter, it is shocking that there are entities—including the Committee—standing in the way of clients receiving their funds. On the Debtors' original timeline, the vast majority of these assets would already be back with clients today. But instead, each of the Committee and the Ad Hoc Committee have stood in the Debtors' way of accomplishing this goal. The Committee's and Ad Hoc Committee's advisors have initiated needless, burdensome, and wasteful discovery and litigation. The Committee's advisors have repeatedly asked for voluminous and expensive data requests, including millions of lines of transaction data. The Committee's advisors' excessive

---

[2] Through the Wallet Withdrawal Motion, the Debtors seek to release approximately $300 million to clients because it is <u>not</u> property of the estates.

discovery requests continue to distract management from other objectives, and they are forced to spend time explaining data to advisors rather than returning funds to clients or otherwise maximizing available recoveries. Additionally, the Committee's proposals for the return of funds are divorced from reality, and could require the Debtors' product teams to build new functionality to the Wallet infrastructure or materially adjust client balances in an untenable way. This would only further reduce the funds that could be distributed to clients in the near term. If allowed to go forward on the schedule proposed by the Committee and Ad Hoc Committee, the litigation would burn a substantial amount of the Debtors' cash on hand on legal fees over the course of several months. And all of these costs are being borne by the very people the Debtors are trying to maximize recovery for.

4. The Debtors see no value in incurring needless costs that will ultimately reduce clients' recovery. **Therefore, absent support from the Committee on an immediate basis, the Debtors will withdraw the Wallet Withdrawal Motion from consideration, without prejudice.** The Debtors believe that withdrawing the Wallet Withdrawal Motion, if needed, will better enable the Debtors and Committee to focus on a comprehensive plan to exit bankruptcy and return funds to clients.

5. The Debtors would like nothing more than to return the amounts held in Wallet Accounts to their rightful owners as soon as possible. But the Debtors are not prepared to waste client money on needless litigation and discovery: this is up to the Committee, which is charged with serving as a fiduciary to <u>all</u> unsecured creditors.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: January 20, 2023 | /s/ *Michael D. Sirota* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*