**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**HEARING DATE AND TIME:**<br>**TBD**<br><br>**ORAL ARGUMENT WAIVED UNLESS**<br>**OBJECTIONS TIMELY FILED** |

**NOTICE OF HEARING OF**
**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE DEBTORS TO FILE**
**UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**
**RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE**
**DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Confidential Information Related to the Crowell Declaration in Support of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief* (the "Motion") will be held **on a date to be determined** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received on or before **a date to be determined by the Court**.

2

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: January 23, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE DEBTORS TO FILE**
**UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**
**RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE**
**DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

## Relief Requested

1.       The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**: (the "Order"): (a) authorizing the Debtors to (i) redact and file under seal the Retention

Programs' Participants' names, job titles, salary, and proposed Retention Programs award ranges

as set forth in Exhibit A to the *Declaration of Chief People Officer, Megan Crowell, In Support of*

*the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and*

*(II) Granting Related Relief* (the "Crowell Declaration"), and (b) granting related relief.[2]

## Jurisdiction and Venue

2.       The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a) and 107(b) of title 11

of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Rules of the United

States Bankruptcy Court for the District of New Jersey (the "Local Rules").

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors'*
*Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief*
[Docket No. 21] (the "Retention Programs Motion") or the Crowell Declaration, as applicable.

## Background

5.        On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.[3]  A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth

in greater detail in the First Day Declaration and incorporated by reference herein.

6.        The Debtors are operating their businesses and managing their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 29,

2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint

administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for

the appointment of a trustee or examiner has been made in these chapter 11 cases.  On December

21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed

an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code

(the "Committee") [Docket No. 130].

## The Retention Programs

7.        On November 28, 2022, the Debtors filed the Retention Programs Motion, which

seeks authorization for the Debtors to award retention based compensation to certain of the

Debtors' non-insider employees (the "Participants").  In support of the Retention Programs

Motion, the Debtors prepared the Crowell Declaration.[4]  The Crowell Declaration contains

commercially and personally sensitive information with respect to the Debtors' employees,

---

[3]    Debtor BlockFi International Ltd. is also subject to parallel joint provisional liquidation proceedings (for restructuring purposes), currently pending in the Supreme Court of Bermuda.

[4]    The Debtors also filed the Declaration of Josephine Gartrell in Support of Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief substantially contemporaneously herewith.  Ms. Gartrell is a Senior Director at Willis Towers Watson US LLC, the compensation consultant engaged by the Debtors in these chapter 11 cases.

including their names, job titles, salary, and proposed Retention Programs award ranges (the "Confidential Information").  In light of the non-public, personal, and/or sensitive information related to the Participants set forth in the Crowell Declaration, the Debtors respectfully submit that the Court should restrict access to the Confidential Information pursuant to section 107 of the Bankruptcy Code.

8.      Further, disclosure of the Confidential Information would allow the Debtors' competitors to obtain competitive commercial information regarding the Debtors' employment practices and individual employees.  Further, the Debtors have historically struggled with high attrition rates, as noted in the Crowell Declaration.  Crowell Declaration ¶16.  The concerns surrounding bankruptcy proceedings have unfortunately exacerbated these attrition struggles, with eleven proposed Participants resigning in the period between the Petition Date and filing this Motion.  The proposed Participants provide vital assistance to the Debtors' advisors to facilitate the administration of these chapter 11 cases and position the Debtors for a smooth transition to post-emergence operations.  Disclosure of the Confidential Information would further result in these highly specialized employees to seek other employment, leaving the Debtors without vital resources to proceed through either a sale or reorganization process.

9.      The Debtors will also provide the U.S. Trustee with an unredacted version of the Professional Declarations in advance of the Hearing.

### Basis for Relief

**I.    Redacting the Names of the Confidential Information is Warranted Under Section 107(b) of the Bankruptcy Code.**

10.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:

    (1)    protect an entity with respect to a trade secret or confidential research, development, or ***commercial information***; or

    (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.[5]

11.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

12.    If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr.

---

[5]   11 U.S.C. § 107(b) (emphasis added).

S.D.N.Y. 2003).  Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27).  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[6]  Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018).

13.    The Debtors submit that the Confidential Information contained in the Crowell Declaration constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Courts in this district and others have held that such confidential commercial information includes information related to a debtor's key employee retention plan.  *See In re SLT HoldCo, Inc.,* No. 20-18368 (MBK) (Bankr. D.N.J. Aug. 26, 2020) (sealing names, positions, and salary information); *In re RTW Retailwinds, Inc.*, No. 20-18445 (JKS) (Bankr. D.N.J. Aug. 26. 2020); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 25, 2022) (sealing job titles, supervisors, and corresponding salary and proposed KERP award); *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. May 20, 2022) (sealing performance metrics); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 7, 2021) (sealing the names of participants, their job titles, and specific payout amounts).

---

[6]    *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

14.     The Debtors operate in a highly competitive market and the publication of the Confidential Information—which includes the names, salary, and proposed Retention Programs of each Participant—may enable competitors to poach the Debtors' key employees.  If any of the Confidential Information is publicly disclosed, the competitive advantage the Debtors' competitors would obtain will undoubtedly harm and jeopardize the Debtors' ability to maximize the value of their estates.

15.     Further, disclosure of the Confidential Information would enable the Debtors' employees to learn or intuit certain information with respect to their colleagues, which is not only inappropriate, but also is likely to negatively affect employee morale to the detriment of the Debtors and their estates.   Accordingly, disclosure of the Confidential Information would negatively impact the Debtors' business, put the Debtors at an enormous competitive disadvantage, erode employee morale, and undermine the Debtors' efforts to reorganize.   The Debtors' competitors should not be allowed to use confidential employee and retention information to obtain an unfair business advantage to the detriment of the Debtors' estates and creditors.

16.     The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.   As a result, the Debtors believe that authorizing the Confidential Information to be redacted and filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

**II.     The Court Should Authorize the Professionals to Redact the Names of the Confidential Information.**

17.     The Debtors request authority for the Debtors to file redacted versions of Exhibit A to the Crowell Declaration.  The Debtors will provide the Court, the U.S. Trustee, and counsel to

the Committee with unredacted versions of the Crowell Declaration. The Debtors further request

that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to

frustrate the purpose of the Order.

18.     This proposed format for disclosure is carefully tailored to provide appropriate

levels of information in these cases while still maintaining confidentiality of "commercial

information" where truly necessary.

### No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this Court or

any other court.

### Waiver of Memorandum of Law

20.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Notice

21.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the United States Trustee for the District of

New Jersey; (b) the Committee; (c) United States Attorney's Office for the District of New Jersey;

(d) the Internal Revenue Service; (e)  the U.S. Securities and Exchange Commission; (f) the

attorneys general in the states where the Debtors conduct their business operations; and (g) any

party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in

light of the nature of the relief requested, no other or further notice need be given.


*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: January 23, 2023

/s/ Michael Sirota
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO FILE**
**UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**
**RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE**

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE
DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page |3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Confidential Information Related to the Crowell Declaration in Support of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to redact and file under seal the Confidential Information, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page |4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF |

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** on a basis as set forth herein.

2.     The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, to (i) file the Crowell Declaration and any documents related thereto in a form redacted as to the names and identifiable information of the Confidential Information, and (ii) file the unredacted versions of the Crowell Declaration under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3.     The unredacted versions of the Crowell Declaration shall not be made available to any party (other than those specified in paragraph 4 of this Order) without the Debtors' written consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4.     The Debtors are authorized to cause the unredacted versions of the Crowell Declaration and any documents related thereto to be served on and made available, on a confidential basis, to:  (a) the Court; (b) the U.S. Trustee; (c) counsel to the Committee, subject to agreed confidentiality protocols or by further order of the Court; and (d) any other party as may be ordered by the Court or agreed to in writing by the Debtors, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors, that preserve the confidentiality of the names of the Confidential Information (and any information derived therefrom).

(Page |5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF |

5.      For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Professional Declarations, or any part thereof.

6.      Any party who receives the names of the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

7.      The requirements of Local Rule 9018-1 is satisfied by the contents of the Motion or otherwise deemed waived.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.