UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
       lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BlockFi Inc., *et al.*,[1] | : | Case No. 22-19361 (MBK) |
| | : | jointly administered |
| | : | |
| Debtors. | : | Hearing Date: January 27, 2023 at 9:00 a.m. |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE CROWELL DECLARATION IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**

The United States Trustee (the "U.S Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection (the "Objection") to the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Confidential Information Related to the Crowell Declaration*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

*in Support of the Debtors' Motion For Entry of an Order (i) Approving the Debtors' Retention Programs and (ii) Granting Related Relief* (Dkt. 351) (the "Seal Motion").[2]

## PRELIMINARY STATEMENT

1.  The Debtors seek an order from the Court redacting certain information contained in the Declaration of Chief People Officer, Megan Crowell, in Support of the Debtors' Motion for Entry of an Order (i) Approving the Debtors' Retention Programs and (ii) Granting Related Relief (the "Crowell Declaration"). The Debtors set forth that "[t]he Crowell Declaration contains commercially and personally sensitive information with respect to the Debtors' employees, including their names, job titles, salary, and proposed Retention Programs award ranges (the "Confidential Information"). In light of the non-public, personal, and/or sensitive information related to the Participants set forth in the Crowell Declaration, the Debtors respectfully submit that the Court should restrict access to the Confidential Information pursuant to section 107 of the Bankruptcy Code." *See* Dkt. 351 at ¶ 7.

2.  The Debtors have not made a showing that the information sought to be redacted is commercial information other than to provide that "publication of the Confidential Information—which includes the names, salary, and proposed Retention Programs of each Participant—**may** enable competitors to poach the Debtors' key employees." *See id.* at ¶ 14. In addition, the Debtors also set forth that disclosure of this information "**is likely** to negatively affect employee morale to the detriment of the Debtors and their estate." *See id.* at ¶ 15.

3.  The U.S. Trustee objects to the Seal Motion and the redactions sought in the Crowell Declaration, and leaves the Debtors to their burden under 11 U.S.C. § 107 to seal such information.

---

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Seal Motion.

## JURISDICTION, VENUE AND STANDING

4. This Court has jurisdiction to hear and determine this Objection.

5. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## BACKGROUND AND RELEVANT FACTS

### A. The Bankruptcy Cases

7. On November 28, 2022 (the "Petition Date"), BlockFi Inc. ("BlockFi"), BlockFi Trading LLC ("Trading"), BlockFi Lending LLC ("Lending"), BlockFi Wallet LLC ("Wallet"), BlockFi Ventures LLC ("Ventures"), BlockFi International Ltd. ("International"), BlockFi Investment Products LLC ("Investment"), BlockFi Services, Inc. ("Services") and BlockFi Lending II LLC ("Lending II" and together with BlockFi, Trading, Lending, Wallet, Ventures, International, Investment and Services, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

3

8. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

9. On December 21, 2022, the U.S. Trustee filed a Notice of Appointment of an Official Committee of Unsecured Creditors. *See* Dkt. 130. On December 22, 2022, the U.S. Trustee filed an Amended Notice of Appointment of an Official Committee of Unsecured Creditors. *See* Dkt. 131.

10. No trustee or examiner has been appointed in these chapter 11 cases.

11. "BlockFi acquires clients by offering custom products and services that enable its clients to meet their financial goals, and continuously expands its product suite to deepen its relationship with its clients over time." *See* Dkt. 17 at page 10 of 41. "BlockFi serves retail clients through web and mobile applications, and its products enable individuals and small businesses to store and/or earn interest on, buy and sell, borrow U.S. Dollars secured by, and earn (via credit card rewards program) digital assets." *See id.* BlockFi serves institutional clients such as "hedge funds, market makers, proprietary trading firms, trading desks, cryptocurrency miners, exchanges, and corporations with bespoke financing, trading, and treasury solutions relating to digital assets." *See id.*

**B.    The Seal Motion**

12. On January 23, 2023, the Debtors filed the Seal Motion seeking an order authorizing the Debtors to file a redacted copy of the Crowell Declaration that redacts the names, job titles, salaries, and proposed award ranges of the Participants in the Retention Programs. *See* Dkt. 351.

13. The Debtors argue that "[t]he Crowell Declaration contains commercially and personally sensitive information with respect to the Debtors' employees, including their names,

4

job titles, salary, and proposed Retention Programs award ranges (the "Confidential Information"). In light of the non-public, personal, and/or sensitive information related to the Participants set forth in the Crowell Declaration, the Debtors respectfully submit that the Court should restrict access to the Confidential Information pursuant to section 107 of the Bankruptcy Code." *See id.* at ¶ 7.

14. For the reasons set forth below, the Court should deny the Seal Motion as the Debtors have not made a specific showing that the information to be redacted falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access."[3]

## LAW, ANALYSIS AND ARGUMENT

15. A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *See In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993).

16. The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality

---

[3] Pursuant to Section 107(c)(3) of the Bankruptcy Code, the U.S. Trustee shall have full access to all information contained in any pleading filed with the Court and shall not disclose such information if such information is specifically protected by the Court. In furtherance, the Debtors provided an unredacted copy of the Crowell Declaration immediately after filing the redacted version on the docket.

5

of justice dispensed by the court." *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted). Courts have generally observed that the common law right of access is codified in Section 107(a) of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

17. Section 107 of the Bankruptcy Code provides in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*See* 11 U.S.C. § 107.

18. Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *See In re A C & S Inc.*, 775 Fed.Appx. at 79. "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *See In re Food Management Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure

6

that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *See In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

19.  For the "commercial information" exception to apply, the information at issue has to result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *See In re Alterra Healthcare Corp.*, 353 B.R. at 75, *quoting In re Orion Pictures Corp.*, 21 F.3d 24, 27-8 (2d Cir. 1994), *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp*.), 17 B.R. 942, 944 (9th Cir. BAP 1982). "[D]isclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *See In re Alterra Healthcare Corp.*, 353 B.R. at 75 (further citations omitted). Further, a court must find that the information "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *See Id*. at 75-6, *quoting In re Barney's, Inc.*, 201 B.R. 703, 708-9 (Bankr. S.D.N.Y. 1996).

20.  The Debtors bear the burden of showing that the information falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. at 340 (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012). "It is not an easy burden nor should it be." *See In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005), *aff'd* 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd* 422 F.3d 1 (1st Cir. 2005).

21.  In addition, Section 105 of the Bankruptcy Code is not an independent basis on which to grant the Seal Motion. Section 105(a) "has a limited scope." *See In re Continental*

7

*Airlines*, 203 F.3d 203, 211 (3d Cir. 2000). A Bankruptcy Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

22. "The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself." *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). The Bankruptcy Court "cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments." *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 302 (3d Cir. 1994). "[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code." *Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 154 (7th Cir. 1993).

23. Here, the U.S. Trustee objects to the sealing of the names, job titles, salary, and proposed award ranges of Debtors' employees. It does not appear that the Debtors have met their burden to seal such information. The Debtor should be required to provide evidence to demonstrate that the information they seek to seal is truly confidential commercial information.

24. It also appears that the Debtors request that the Crowell Declaration be redacted for the duration of these chapter 11 cases. However, to the extent the Court authorizes the redactions in the Crowell Declaration, the Court should require the redactions to remain only until such time as a sale is approved or a plan is confirmed.

25. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Objection.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Seal Motion and grant such other relief as may be appropriate and just.

                          Respectfully submitted,

                          ANDREW R. VARA
                          UNITED STATES TRUSTEE
                          REGIONS 3 & 9

By:    */s/* Jeffrey M. Sponder
        Jeffrey M. Sponder
        Trial Attorney

        Lauren Bielskie
        Trial Attorney

Dated: January 23, 2023