| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Proposed Attorneys for Debtors and Debtors in Possession* |

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>              Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF RICHARD KANOWITZ IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 330 AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(B)(1)**

I, Richard Kanowitz, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of Haynes and Boone LLP ("Haynes and Boone"), 30 Rockefeller Plaza, 26th Floor, New York, New York 10112. I am a member in good standing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

of the Bars of the State of New Jersey and New York, and I am admitted to practice before the U.S. Court of Appeals for the Second Circuit, U.S. Court of Appeals for the Third Circuit, U.S. Court of Appeals for the Fourth Circuit, U.S. District Court for the District of New Jersey, U.S. District Court for the Southern District of New York, U.S. District Court for the Eastern District of New York, and the U.S. District Court for the Northern District of New York. There are no disciplinary proceedings pending against me.

2.  I submit this supplemental declaration (the "Supplemental Declaration") in support of the *Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 134] (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(a), 330, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Bankruptcy Rules"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.  Haynes and Boone initially disclosed several connections to potential parties-in-interest in the Chapter 11 Cases that are current clients of Haynes and Boone. Over the last two years, each of those clients constituted a de minimis amount of the firm's yearly revenue. Specifically, each of these clients were less than two percent (2%) of the firm's total yearly revenue. Neither I nor Haynes and Boone are aware of any causes of action that the disclosed potential parties-in-interest/disclosed clients may have against the Debtors. Haynes and Boone

does not represent any of the disclosed potential parties-in-interest/disclosed clients in any cause of action against any of the Debtors.

4. Haynes and Boone formerly represented certain officers of the Debtors, including Zachary Prince, Florencia Marquez, Tony Lauro II, and David Spack, in connection with threats of litigation unrelated to the Chapter 11 Cases, and principally worked to document the settlement of that matter. The settlement was discussed in open court on January 9, 2023, and further detail is included in "Statement Question No. 4: Payments to or for the Benefit of Insiders" contained in the Debtors' Statement of Financial Affairs filed on January 11, 2023. Haynes and Boone was not involved in the negotiation of the terms of the settlement or the corporate actions to authorize the settlement and related payments. The settlement agreement was executed in August 2022.

5. Each of the firms the Debtors have proposed to retain serve a distinct purpose from the others. In preparing for these Chapter 11 Cases and subsequently, partners at Haynes and Boone and Kirkland & Ellis ("K&E") have discussed the division of labor between the firms. Set forth below is the division of labor between the two firms:

6. Haynes and Boone is primarily responsible for the following:

   a. Advising the Debtors (to the extent applicable) in matters adverse to the Celsius debtors or the Voyager debtors;
   b. FTX/Alameda claims and litigation in NJ and DE;
   c. Department of Justice seizure of the collateral represented by the HOOD Shares;
   d. Emergent adversary proceeding;
   e. Antigua joint provisional liquidators' ("JPLs") claims and litigation in NJ, DE and Antigua related to Emergent and Hood Shares;
   f. All matters in the case related to BlockFi International, including, but not limited to, working with Bermuda JPLs in the Bermuda proceedings and US proceedings;
   g. Day to day ordinary course transactions involving the Debtors, including, but not limited to, guidance on loan servicing, the BlockFi Visa Card, and the workout of certain retail loans, institutional transactions and mining loans;
   h. Day to day ordinary course litigation issues, including, but not limited to, responding to demands, threats, civil subpoenas, claims and lawsuits;

3

       i. Executory contract and lease issues;
       j. Transactional support to Debtors and K&E regarding the sale process and M&A;
       k. Core Scientific bankruptcy proceeding and the Debtors' claims therein;
       l. D&O insurance policy issues;
       m. SOFAs and Schedules;
       n. Vendor Issues;
       o. Responding to creditor and party-in-interest inquiries directed to Haynes and Boone; and
       p. First Day Motions regarding operational matters.

7. K&E is primarily responsible for the following:

       a. Corporate governance matters;
       b. Retention program issues;
       c. BlockFi Wallet issues;
       d. Internal Investigations by the Debtors' Independent Directors;
       e. Responding to the 2004 investigation by UCC;
       f. M&A for sale of business or assets in whole or part;
       g. Debtors' Plan of Reorganization;
       h. Governmental inquiries/investigations; and
       i. First Day Motions regarding cash management and employment matters.

8. It should be noted that there are some areas of this case that the combined legal services of Haynes and Boone and K&E are required. As an example, the work in relation to BlockFi International requires both firms to work on discrete parts of this workstream. While Haynes and Boone is primarily engaged in the BlockFi International matters, there are certain workstreams within K&E's primary responsibilities that involve aspects of the business of BlockFi International. In particular, Kirkland is primarily responsible for the BlockFi Wallet ("Wallet") analysis and related motions both for US and non-US customers. BlockFi International provides Wallet to non-US customers. So, both Haynes and Boone as primary contact with the JPLs in Bermuda and K&E as lead in Wallet discussions are engaged in this combined workstream. The responsibility and assigned work for the Haynes and Boone attorneys and the K&E attorneys on this combined workstream are distinct and have been thoughtfully organized to avoid duplication. Moreover, the Debtors' management actively monitors the division of labor between

4

the retained professionals to avoid duplication. The Wallet matters in BlockFi International are presented in this Supplemental Declaration as an example of a situation in which primary responsibility for distinct subparts of a workstream are necessary to provide legal advice to the Debtors in order to complete the workstream in an efficient manner.

9. Cole Schotz's role in these Chapter 11 Case is to serve as New Jersey counsel, with extensive experience and expertise in bankruptcy cases in this district. In that capacity, Cole Schotz will provide the Debtors with advice regarding the local rules, practice and procedures of the United States Bankruptcy Court for the District of New Jersey, and Third Circuit law. Additionally, Cole Schotz will provide legal advice and services on any matter on which K&E and Haynes and Boone may have a conflict or as requested based on Cole Schotz's specialization.

10. There are no structural or inherent conflicts arising from Haynes and Boone's continued representation of the Debtors post-petition. The Debtors' governing bodies, including the Board of Directors and Independent Directors (where applicable) will, among other tasks, make sure that the applicable Debtor and any creditors of that Debtor are protected under the law.

11. The Debtors who are owed material intercompany obligations pre-petition and have continued obligations to one another post-petition are BlockFi Inc. and BlockFi International. These obligations are based on arms-length shared services and intercompany loan agreements that have been in place for a significant period of time pre-petition. In complex cases similar to this one, it is common for the Debtors to have intercompany receivables related to intercompany transactions to fund the operations of affiliates, including support through share services agreements.

12. Haynes and Boone represented BlockFi Inc. and all of the Debtors pre-petition. There is not currently a conflict waiver among the Debtors for the ordinary course intercompany claims noted above.

13. BlockFi International has its own wind-up petition in Bermuda. In that proceeding, it has its own independent fiduciaries - the JPLS - who safeguard the assets of BlockFi International and creditors' interests. Additionally, BlockFi International has its own counsel, Walkers. The JPLs and Walkers are each paid from the assets of BlockFi International under the supervision of the Bermuda court.

14. The Independent Directors of the applicable Debtors were approved by the applicable Debtors' Board of Directors on November 25, 2022, as more fully disclosed in the First Day Declaration of Mark Renzi (see paragraphs 63 and 64). Haynes and Boone is not aware of any Independent Director that has retained separate counsel.

15. Haynes and Boone has not been advised of any claims arising out of the investigation of, among other things, any conflict matters, which include any material Intercompany Transactions from the prepetition period and any insider transactions. Haynes and Boone has not been advised of any claims arising from Intercompany Transactions, including whether or not there are any valuable claims by one debtor against another or whether or not a determination has been made concerning the validity and proper treatment of any current intercompany balances. K&E is handling the internal investigations by the Independent Directors and has not advised Haynes and Boone that there are any claims arising out of these investigations.

16. As disclosed in the Debtors' chapter 11 petitions, Haynes and Boone was paid $1,904,529.03 through the day prior to the Petition Date as compensation for services rendered and costs incurred for work performed in preparation for and in connection with the Chapter 11

6

Cases prior to the Petition Date. As of the Petition Date, Haynes and Boone was holding a $750,000 retainer in connection with the Chapter 11 Cases (the "Retainer"). Haynes and Boone will hold the Retainer pending further order of the Court. Additionally, Haynes and Boone was paid $4,159,521.07 in 2022 through the day prior to the Petition Date as compensation for services rendered and costs incurred for work performed for the Debtors that was unrelated to these Chapter 11 Cases. Haynes and Boone did not receive any kind of retainer from the Debtors for the work performed that was unrelated to these Chapter 11 Cases. As of the Petition Date, Haynes and Boone was not owed any amounts for services performed for the Debtors or expenses incurred in connection therewith prior to the Petition Date.

17. It is standard and customary for law firms like Haynes and Boone to require a retainer prior to providing restructuring services. The $750,000 Retainer requested in these Chapter 11 Cases is based on the volume of work required pre-petition and Haynes and Boone's reasonable expectation of work post-petition. Additionally, this Retainer amount is low compared to retainers in similar and similarly sized cases. As such, Haynes and Boone believes the amount of the Retainer is reasonable. While the Debtors have cash on hand, they do not currently have alternative source of financing or carve out and, thus, the $750,000 is necessary to protect Haynes and Boone's incurred fees. Although an administrative fee order prevents a large receivable from accruing, it does not provide counsel with security in the same way that a retainer in the form of cash held in trust does.

18. BlockFi has an experienced legal department and had this department at the time it engaged Haynes and Boone for the restructuring work and agreed to pay the requested retainer. Haynes and Boone submits that the retention, as proposed, is in the best interests of the Debtors' estates. As far as I am aware, there is no creditor opposition to the retention or to the retainer

7

provisions and the deadline for all parties to object to Haynes and Boone's retention has already passed.

19. Haynes and Boone will comply the Large Case Fee Guidelines or as otherwise directed by any orders of the Bankruptcy Court.

I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: January 23, 2023                                    Respectfully submitted,

                                                             */s/ Richard Kanowitz*
                                                            Richard Kanowitz
                                                            Partner, Haynes and Boone LLP