**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ZACHARY PRINCE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 330 AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

I, Zachary Prince, pursuant to 28 U.S.C. § 1746, declare:

1. My name is Zachary Prince. I am over the age of 21. I am (i) the Chief Executive Officer ("CEO") of BlockFi Inc. (which is the sole member of BlockFi Wallet LLC, BlockFi Ventures LLC, and BlockFi Investment Products LLC), (ii) CEO of BlockFi International Ltd., (iii) President of BlockFi Trading LLC, BlockFi Lending LLC, BlockFi Lending II, LLC, and (iv) an authorized representative of BlockFi Services, Inc., which are the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). Accordingly, I am in all respects competent to make this supplemental Declaration (the "Supplemental Declaration").

2. Except as otherwise indicated herein, the facts set forth in this Supplemental Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by Haynes and Boone and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Supplemental Declaration on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Supplemental Declaration.

3. This Declaration is submitted in further support of the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1* [Docket No. 134] (the "Application").[2]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4.  This Supplemental Declaration also is submitted pursuant to Section D.2 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee").

5.  When the Debtors decided to retain counsel to provide them with chapter 11 advice, the Debtors' legal team, Board of Directors (where applicable) and other governing bodies (where applicable), recommended the retention of Haynes and Boone, LLP ("Haynes and Boone") based on (i) Haynes and Boone's institutional knowledge of the Debtors and their business operations based on its prepetition representation of the Debtors in the ordinary course of business and (ii) Haynes and Boone's expertise in complex chapter 11 cases. Haynes and Boone has extensive knowledge of and experience with the Debtors' capital structure and various other facets of their business that the Debtors consider critical to this representation.

6.  Prior to these Chapter 11 Cases, Haynes and Boone formerly represented certain officers of the Debtors including Florencia Marquez, Tony Lauro II, David Spack, and myself in connection with threats of litigation unrelated to the Chapter 11 Cases, and principally worked to document the settlement of that matter. The settlement was discussed in open court on January 9, 2023 and further detail is included in "Statement Question No. 4: Payments to or for the Benefit of Insiders" contained in the Debtors' Statement of Financial Affairs filed on January 11, 2023. Haynes and Boone was not involved in the negotiation of the business terms of the settlement or the corporate actions to authorize the settlement and related payments. The settlement agreement was executed in August 2022.

7. There are no structural or inherent conflicts arising from Haynes and Boone's continued representation of the Debtors post-petition. The Debtors' governing bodies, including any Board of Directors and Independent Directors (where applicable) will, among other tasks, make sure that the applicable Debtor and any creditors of that Debtor are protected under the law.

8. The only Debtors who are owed material intercompany obligations pre-petition and have continued obligations to one another post-petition are BlockFi Inc. and BlockFi International, in each case, based on arms-length shared services and intercompany loan agreements that have been in place for a significant period of time pre-petition.

9. Haynes and Boone represented BlockFi Inc. and all of the Debtors pre-petition. There is not currently a conflict waiver among the Debtors for the ordinary course intercompany claims noted above.

10. BlockFi International has its own wind-up petition in Bermuda. In that proceeding, it has its own independent fiduciaries - the joint provisional liquidators ("JPLs") - who safeguard the assets of BlockFi International and creditor's interests. Additionally, BlockFi International has its own counsel, Walkers. The JPLs and Walkers are each paid from the assets of BlockFi International under the supervision of the Bermuda court.

11. The Independent Directors of the applicable Debtors were approved by the applicable Debtors' Board of Directors on November 25, 2022, as more fully disclosed in the First Day Declaration of Mark Renzi (see paragraphs 63 and 64). I am not aware of any Independent Director that has retained separate counsel.

12. It is standard and customary for law firms like Haynes and Boone to require a retainer prior to providing restructuring services. The $750,000 retainer requested in these Chapter 11 Cases is based on the volume of work required pre-petition and Haynes and Boone's reasonable

expectation of work post-petition. BlockFi has an experienced legal department and had this department at the time it engaged Haynes and Boone for the restructuring work and agreed to pay the requested retainer. As such, I believe the amount of the retainer is reasonable. While the Debtors have cash on hand, they do not currently have alternative sources of financing or carve out and, thus, the $750,000 is necessary to protect Haynes and Boone's incurred fees.

13. I submit that the retention of Haynes and Boone, as proposed, is necessary and in the best interests of the Debtors' estates. As far as I am aware, there is no creditor opposition to the retention or to the retainer provisions and the deadline for all parties to object to Haynes and Boone's retention has already passed.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2023

By: /s/ *Zachary Prince*
Zachary Prince
CEO
BlockFi Inc., *et al.*