**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted pro hac vice)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted pro hac vice)
Christine A. Okike, P.C. (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF MICHAEL D. SIROTA, ESQ. IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS <u>*NUNC PRO TUNC* TO THE PETITION DATE</u>**

I, MICHAEL D. SIROTA, ESQ. pursuant to 28 U.S.C. § 1746, declare under penalty of

perjury:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1. I am an attorney at law and shareholder of the law firm of Cole Schotz P.C. ("**Cole Schotz**"). Cole Schotz is a law firm of over 170 attorneys, having its principal offices at Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, with other offices in New York, Delaware, Maryland, Texas, and Florida. This Supplemental Declaration (the "**Supplemental Declaration**") is submitted pursuant to sections 327, 329, and 504 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rule 2014-1.

2. This Supplemental Declaration is made in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 135] (the "**Application**"),[2] filed concurrently herewith. This Supplemental Declaration also is submitted as the statement required pursuant to Section D.1 of the U.S. Trustee Guidelines.

3. I am familiar with the matters set forth herein and make this Supplemental Declaration in further support of the Application.

4. Cole Schotz will file a budget and staffing plan in connection with any and all applications for interim and final compensation they file in these Chapter 11 Cases.

5. Pursuant to the Retention Procedures, and under my direction and supervision, Cole Schotz performed a conflict of interest search of all parties on the Unredacted Entity List to identify any actual or potential conflicts of interest. For the avoidance of doubt, the Unredacted Entity List included, but was not limited to, the Debtors' clients who hold digital assets in an amount of at least $250,000 on an aggregate basis in their rehypothecated accounts as of the Petition Date.

6. None of the attorneys at Cole Schotz working on the BlockFi cases hold any accounts with the Debtors.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

65365/0001-44445025v1

7. Cole Schotz disclosed that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ are affiliates of Cole Schotz's Current Client ▆▆▆▆▆▆▆▆▆▆. After further review, Cole Schotz determined that ▆▆▆▆▆▆▆▆▆▆ is not and has never been a client of Cole Schotz but was an investor in an entity that Cole Schotz represented.

8. Each of the firms the Debtors have proposed to retain serves a distinct purpose from the others. In preparing for these chapter 11 cases and subsequently, partners at H&B and K&E have discussed the division of labor between the firms. Set forth below is the division of labor between the two firms.

9. H&B is primarily responsible for the following:

   (a) advising the Debtors (to the extent applicable) in matters adverse to the Celsius debtors or the Voyager debtors;
   (b) FTX/Alameda claims and litigation in NJ and DE;
   (c) Department of Justice seizure of the collateral represented by the HOOD shares;
   (d) Emergent adversary proceeding;
   (e) Antigua JPLs claims and litigation in NJ, DE, and Antigua related to Emergent and Hood Shares;
   (f) all matters in the case related to BlockFi International, including, but not limited to, working with Bermuda JPLs in the Bermuda proceedings and US proceedings;
   (g) day to day ordinary course transactions involving the Debtors, including, but not limited to, guidance on loan servicing, the BlockFi Visa Card, and the workout of certain retail loans, institutional transactions and mining loans;
   (h) day to day ordinary course litigation issues, including, but not limited to, responding to demands, threats, civil subpoenas, claims and lawsuits;
   (i) executory contract and lease issues;
   (j) transactional support to Debtors and Kirkland regarding the sale process and M&A;
   (k) Core Scientific bankruptcy proceeding and the Debtors' claims;
   (l) D&O insurance policy issues;
   (m) SOFAs and Schedules;
   (n) Vendor issues;
   (o) responding to creditor and party-in-interest inquiries directed to Haynes and Boone; and

      (p)      First Day Motions regarding operational matters.

10.      K&E is primarily responsible for the following:

      (a)      corporate governance matters;
      (b)      retention program issues;
      (c)      BlockFi Wallet issues;
      (d)      internal investigations by independent directors;
      (e)      responding to 2004 investigation by UCC;
      (f)      M&A for sale of business or assets in whole or part;
      (g)      Debtors' Plan of Reorganization;
      (h)      governmental inquiries/investigations; and
      (i)      First Day Motions regarding cash management and employment matters.

11.      It should be noted that there are some areas of this case that the combined legal services of Haynes and Boone and Kirkland are required. As an example, the work in relation to BlockFi International requires both firms to work on discrete parts of this workstream. While Haynes and Boone is primarily engaged in the BlockFi International matters, there are certain workstreams within Kirkland's primary responsibilities that involve aspects of the business of BlockFi International. In particular, Kirkland is primarily responsible for the BlockFi Wallet analysis and related motions both for US and non-US customers. BlockFi International provides BlockFi Wallet to non-US customers. So, both Haynes and Boone as primary contact with the JPL in Bermuda and Kirkland as lead in Wallet discussions are engaged in this combined workstream. The responsibility and assigned work for the Haynes and Boone attorneys and the Kirkland attorneys on this combined workstream are distinct and have been thoughtfully organized to avoid duplication. Moreover, the Debtors' management actively monitors the division of labor between the retained professionals to avoid duplication. The Wallet matters in BlockFi International are presented in this response as an example of a situation in which primary responsibility for distinct subparts of a workstream are necessary to provide legal advice to the Debtors in order to complete the workstream in an efficient manner.

12. Cole Schotz's role in these chapter 11 cases is to serve as New Jersey counsel, with extensive experience and expertise in bankruptcy cases in this district. In that capacity, Cole Schotz will provide the Debtors with advice regarding the local rules, practices, and procedures of the United States Bankruptcy Court for the District of New Jersey and Third Circuit law. Additionally, Cole Schotz will provide legal advice and services on any matter on which Kirkland and Haynes and Boone may have a conflict or as requested based on Cole Schotz's specialization.

13. By reason of the foregoing, I believe Cole Schotz is eligible for employment and retention by the Debtors pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2023

                                                */s/ Michael D. Sirota*
                                               MICHAEL D. SIROTA