EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>  kaulet@brownrudnick.com<br>  bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>  DClarke@genovaburns.com<br>  GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR
WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER
INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS
AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE
RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED.**

Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

---

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to (i) honor client withdrawals solely from the Wallet Accounts as of the Platform Pause Time Stamp, (ii) update the User Interface to properly reflect transactions and assets held in clients' accounts as of the Platform Pause Time Stamp, and (iii) conduct ordinary course reconciliation of client accounts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a basis as set forth herein.

2. The Debtors are authorized to honor client withdrawal requests solely from the Wallet Accounts to the extent set forth herein; *provided, however,* that the withdrawal requests of the BlockFi International clients from the International Vault Wallets shall be honored subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda. For the avoidance of doubt, all complete or partial withdrawals from the Wallet Accounts permitted by this Order in any respect shall be subject to the ordinary withdrawal fees provided for under the BlockFi Wallet Terms of Service and the cost of facilitating the withdrawals shall be mitigated insofar as reasonably practicable by the Debtors.

3. The Debtors shall not dollarize Trade-Only Assets, and withdrawal of such assets or proceeds thereof shall not be permitted.

4. The Debtors shall take no action with respect to the Attempted Platform Pause Transactions. For the avoidance of doubt, withdrawal of assets from Wallet Accounts representing any funds actually, potentially or allegedly transferred thereto following the Platform Pause shall

not be permitted absent further Order of the Court, and for the purposes of withdrawals permitted by this Order as set forth below, any such transfers shall be deemed not to have occurred.

5. The Debtors shall not permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31).

6. To the extent withdrawal from any Wallet Account is otherwise permitted pursuant to this order, such withdrawal is limited to no greater than thirty-three percent (33%) of the currencies in such Wallet Account that would, notwithstanding this paragraph, be permitted to be withdrawn. The 33% shall be applied on a currency-by-currency basis.

7. Subject in all respects to the foregoing paragraphs (including, for the avoidance of doubt, that withdrawals by BlockFi International clients from the International Vault Wallets shall be subject to orders of the Supreme Court of Bermuda in the Bermuda JPL Proceedings), the Debtors are authorized to permit and process withdrawals from Wallet Accounts to the following extent:

    a. Withdrawals of any and all assets transferred to the Wallet Account from a source external to the Debtors (in other words, from a source other than a BIA or similar product account);

    b. Withdrawals of any and all assets transferred to the Wallet Account from any source more than ninety (90) days prior to the Petition Date; and

    c.    Withdrawals of any and all assets transferred to the Wallet Account from any source within ninety (90) days prior to the Petition Date, *solely to the extent* the Debtors reasonably determine, pursuant to prevailing rates of exchange as of the Petition Date, that the aggregate value of assets transferred to such Wallet Account during such period was less than $7,575 as of the Petition Date; *provided that*

    d.    Notwithstanding the foregoing paragraphs (a), (b), and (c), the Debtors shall not be authorized to permit withdrawals of assets from any Wallet Account that received transfers from a BIA or similar product account comprising greater than $7,575 in aggregate value as of the Petition Date, unless (i) the withdrawal of such assets is otherwise permissible under this Order, and (ii) the value of assets remaining in such Wallet Account after withdrawal exceeds the aggregate amount of such transfers.

8.    To the extent of authorized withdrawals pursuant to this Order, the Debtors are authorized to conduct reconciliatory practices in the ordinary course consistent with prepetition practices.

9.    Notwithstanding the actual or threatened suspension or termination of any transmission licenses by any U.S. state or governmental entity, any transfers or disbursements made pursuant to this Order shall not be deemed an implication, admission, or determination that the Debtors are operating with a suspended or terminated license, nor shall the Debtors or their

(Page | 7)
Debtors:            BLOCKFI INC., *et al*.
Case No.            22-19361 (MBK)
Caption of Order:   FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

insurance providers be liable for any associated fines or penalties, including, but not limited to, penalties related to the Arch Insurance Company money transmitter bonds or otherwise.

10. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIAs; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

64944746 v1-WorkSiteUS-039246/0001
64944746 v4-WorkSiteUS-039246/0001
64944746 v5-WorkSiteUS-039246/0001