| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>          kaulet@brownrudnick.com<br>          bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>          DClarke@genovaburns.com<br>          GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>                    Debtors. | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>Hearing:    January 27, 2023<br>                   at 9:00 a.m. |

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE REDACTED PORTIONS OF THE DECLARATION OF MOSHIN MEGHJI OF M3 PARTNERS [DOCKET NO. 363] AND GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the Declaration of Moshin Meghji (the "**Meghji Declaration**") [Docket No. 363],[1] a Managing Partner of M3 Partners, the Committee's proposed financial advisors, in further support of (i) the Committee's initial objection filed on January 13, 2023 (the "**Initial KERP Objection**") [Docket No. 280] and supplemental objection filed on January 17, 2023 (the "**Supplemental KERP Objection**") [Docket No. 310], to the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Retention Programs and (II) Granting Related Relief* [Docket No. 21-1] (the "**KERP Motion**") filed November 28, 2022, and (ii) the Committee's objection filed on January 13, 2023 (the "**Moelis Objection**") [Docket No. 279] to the *Application of the Debtors and Debtors in Possession for Entry of an Order Authorizing the Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor Effective as of the Petition Date* (the "**Moelis Application**") [Docket No. 139] filed on December 23, 2022, and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

---

[1] The redacted version of the Meghji Declaration [Docket No. 363] was filed prior to the filing of this Motion to Seal. An unredacted version of the Supplemental Objection is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

**PRELIMINARY STATEMENT**

1. The redacted portions of the Meghji Declaration include "trade secret[s] or confidential research, development, or commercial information," as set forth in Bankruptcy Code Section 107(b) (*see also* Fed. R. Bankr. P. 9018). Such information includes, generally, the following (collectively, the "Confidential Information"): Analysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals. The Committee committed to protecting this information in good faith.

2. The Committee's Supplemental KERP Objection [Docket No. 310] was also filed with redactions based on the same sources of Confidential Information. A similar motion to seal was filed with respect to the Supplemental KERP Objection [Docket No. 311] on January 17, 2023, which motion is still pending and is currently scheduled to be heard on January 27, 2023 at 9:00 a.m. contemporaneously with the Debtor's KERP Motion, the Committee's Initial KERP Objection and the Supplemental KERP Objection (among other matters).

3. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the Confidential Information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal by granted.

**JURISDICTION**

4. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates

for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

5. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

6. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

7. The KERP Motion was filed among the Debtors' "first-day motions." The Moelis Application was filed approximately one month into the Chapter 11 cases.

8. The Committee's Initial KERP Objection, Supplemental KERP Objection and Moelis Objections set forth the background and bases for those pleadings and are incorporated herein by reference. Likewise, the Meghji Declaration is also incorporated herein by reference.

## APPLICABLE LAW

9. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

10. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the

application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

11. As previously stated, the Confidential Information redacted from the Meghji Declaration generally constitutes analysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals, which information the Committee committed to protecting and treating as confidential in good faith. The redacted Confidential Information falls squarely within the specified categories entitled to protection under Section 107(b)(1) and Fed. R. Bankr. P. 9018.

12. Therefore, the Committee's Motion to Seal should be granted.

**NO PRIOR REQUEST**

13. But for the Committee's motion to seal [Docket No. 311] filed with respect to the Committee's Supplemental KERP Objection, which motion is still pending and concerns the same sources of Confidential Information used in the Meghji Declaration, no prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

**RESERVATION OF RIGHTS**

14. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement the Meghji Declaration, to seek

discovery, to raise additional objections during any hearing on the KERP Motion and the Moelis Application, and to negotiate and document alternative proposals for relief.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: January 24, 2023

          **GENOVA BURNS LLC**

          By: */s/ Donald W. Clarke*
              Daniel M. Stolz, Esq.
              Donald W. Clarke, Esq.
              Gregory S. Kinoian, Esq.
          110 Allen Rd., Suite 304
          Basking Ridge, NJ 07920
          Tel:   (973) 230-2095
          Fax:   (973) 533-1112
          Email: DStolz@genovaburns.com
                    DClarke@genovaburns.com
                    GKinoian@genovaburns.com

          *Proposed Local Counsel for the Official*
          *Committee of Unsecured Creditors*