UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
       lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BlockFi Inc., *et al.,*[1] | : | Case No. 22-19361 (MBK) |
| | : | jointly administered |
| | : | |
| Debtors. | : | Hearing Date: January 27, 2023 at 9:00 a.m. |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE REDACTED PORTIONS OF THE DECLARATION OF MOSHIN MEGHJI OF M3 PARTNERS [DOCKET NO. 363] AND GRANTING RELATED RELIEF**

The United States Trustee (the "U.S Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection (the "Objection") to the *Motion of the Official Committee of Unsecured Creditors to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

*Seal the Redacted Portions of the Declaration of Moshin Meghi of M3 Partners [Docket 363] and (ii) Granting Related Relief* (Dkt. 382) (the "Seal Motion").[2]

## PRELIMINARY STATEMENT

1. The Official Committee of Unsecured Creditors (the "Committee") seeks an order from the Court redacting certain information contained in the Declaration of Moshin Meghji of M3 Partners (the "Meghji Declaration"). The Committee states that "[t]he redacted portions of the Meghji Declaration include 'trade secret[s] or confidential research, development, or commercial information,' as set forth in Bankruptcy Code Section 107(b) (*see also* Fed. R. Bankr. P. 9018)." *See* Dkt. 382 at ¶ 1.

2. The Committee has not made a showing that the information sought to be redacted contains information subject to any confidentiality or privilege other than advising that "[s]uch information includes, generally, the following (collectively, the "Confidential Information"): Analysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals. The Committee committed to protecting this information in good faith." *See id.* As such, the U.S. Trustee objects to the redactions sought in the Meghji Declaration, and leaves the Committee, or any party seeking to keep the information sealed, to its burden under 11 U.S.C. § 107(a) to seal such information.

## JURISDICTION, VENUE AND STANDING

3. This Court has jurisdiction to hear and determine this Objection.

4. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's

---

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Seal Motion.

overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## BACKGROUND AND RELEVANT FACTS

### A. The Bankruptcy Cases

6. On November 28, 2022 (the "Petition Date"), BlockFi Inc. ("BlockFi"), BlockFi Trading LLC ("Trading"), BlockFi Lending LLC ("Lending"), BlockFi Wallet LLC ("Wallet"), BlockFi Ventures LLC ("Ventures"), BlockFi International Ltd. ("International"), BlockFi Investment Products LLC ("Investment"), BlockFi Services, Inc. ("Services") and BlockFi Lending II LLC ("Lending II" and together with BlockFi, Trading, Lending, Wallet, Ventures, International, Investment and Services, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

7. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

8. On December 21, 2022, the U.S. Trustee filed a Notice of Appointment of an Official Committee of Unsecured Creditors. *See* Dkt. 130. On December 22, 2022, the U.S.

3

Trustee filed an Amended Notice of Appointment of an Official Committee of Unsecured Creditors.  *See* Dkt. 131.

9. No trustee or examiner has been appointed in these chapter 11 cases.

10. "BlockFi acquires clients by offering custom products and services that enable its clients to meet their financial goals, and continuously expands its product suite to deepen its relationship with its clients over time."  *See* Dkt. 17 at page 10 of 41.  "BlockFi serves retail clients through web and mobile applications, and its products enable individuals and small businesses to store and/or earn interest on, buy and sell, borrow U.S. Dollars secured by, and earn (via credit card rewards program) digital assets."  *See id.*  BlockFi serves institutional clients such as "hedge funds, market makers, proprietary trading firms, trading desks, cryptocurrency miners, exchanges, and corporations with bespoke financing, trading, and treasury solutions relating to digital assets."  *See id.*

**B.    The Seal Motion**

11. On January 24, 2023, the Committee filed the Seal Motion seeking an order authorizing the Committee to file a redacted copy of the Meghji Declaration.  *See* Dkt. 382.[3]

12. The Committee argues that the information sought to be redacted in the Meghji Declaration constitutes "…[a]nalysis from Committee professionals based off of data the Debtors' professionals provided during confidential meet and confers with the Committee and their professionals.  The Committee committed to protecting this information in good faith."  *See id.* at ¶ 1.

---

[3] On January 17, 2023, the Committee filed a Motion of the Official Committee of Unsecured Creditors to Seal the Redacted Portions of the Committee's Supplemental Objection to Debtors' Motion for Entry of an Order (i) Approving the Debtors' Retention Programs and (ii) Granting Related Relief (the "Prior Seal Motion").  *See* Dkt. 311.  On January 20, 2023, the U.S. Trustee filed an Objection to the Prior Seal Motion.  *See* Dkt. 335.  The Prior Seal Motion is scheduled for a hearing on January 27, 2023.

4

13. For the reasons set forth below, the Court should deny the Seal Motion as the Committee, or any party seeking to keep the information sealed, has not made a specific showing that the information to be redacted falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access."[4]

## LAW, ANALYSIS AND ARGUMENT

14. A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *See In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993).

15. The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted). Courts have generally observed that the common law right of access is codified in Section 107(a)

---

[4] Pursuant to Section 107(c)(3) of the Bankruptcy Code, the U.S. Trustee shall have full access to all information contained in any pleading filed with the Court and shall not disclose such information if such information is specifically protected by the Court. As of the date of this Objection, despite the U.S. Trustee's request for the unredacted documents and confirming to the Committee and the Debtors that he would abide by Section 107(c)(3), the unredacted copy has not been provided to the U.S. Trustee. The U.S. Trustee understands that the Debtors do not object to the Committee providing the unredacted copy, but it has not been provided as of the time of this filing.

of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

16. Section 107 of the Bankruptcy Code provides in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*See* 11 U.S.C. § 107.

17. Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *See In re A C & S Inc.*, 775 Fed.Appx. at 79. "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *See In re Food Management Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *See In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

18. For the "commercial information" exception to apply, the information at issue has to result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *See In re Alterra Healthcare Corp.*, 353 B.R. at 75, *quoting In re Orion Pictures Corp.*, 21 F.3d 24, 27-8 (2d Cir. 1994), *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp.* (*In re Itel Corp*.), 17 B.R. 942, 944 (9th Cir. BAP 1982). "[D]isclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *See In re Alterra Healthcare Corp.*, 353 B.R. at 75 (further citations omitted). Further, a court must find that the information "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *See Id*. at 75-6, *quoting In re Barney's, Inc.*, 201 B.R. 703, 708-9 (Bankr. S.D.N.Y. 1996).

19. The Committee, or any party seeking to keep the information sealed, bears the burden of showing that the information falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. at 340 (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012). "It is not an easy burden nor should it be." *See In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005), *aff'd* 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd* 422 F.3d 1 (1st Cir. 2005).

20. In addition, an agreement among parties to keep information confidential is not determinative. *See In re Muma Services, Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of contractual confidentiality provisions,

7

then the Court "would never have control over motion practice" and Section 107 "would be meaningless."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d 445, 447 (D. Mass. 2015) (some parties have "misconception that they, rather than the court, get to decide when documents are sealed. That is not so.").

21. Here, the Committee, or any party seeking to keep the information sealed, has not established that the information sought to be redacted in the Meghji Declaration should be sealed under Section 107 of the Bankruptcy Code. As such, the Motion to Seal should be denied.

22. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Objection.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Seal Motion and grant such other relief as may be appropriate and just.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 & 9

        By:    */s/* Jeffrey M. Sponder
                Jeffrey M. Sponder
                Trial Attorney

                Lauren Bielskie
                Trial Attorney

Dated: January 24, 2023