Order Filed on January 24, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>COLE SCHOTZ P.C.<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

### ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through seven (7) is **ORDERED**.

**DATED: January 24, 2023**

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]

(Page 2)
Debtors:        BlockFi Inc.
Case No.        22-19361(MBK)
Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

Upon consideration of the application (the "Application")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Haynes and Boone, LLP ("Haynes and Boone") as their bankruptcy co-counsel in these proceedings effective as of the Petition Date; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Richard Kanowitz, Esq. and Zachary Prince in support thereof; and the Court being satisfied that Haynes and Boone does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that said employment would be in the best interest of the Debtors and their respective estates, and that the legal and factual bases set forth in the Application establish just

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors:          BlockFi Inc.
Case No.          22-19361(MBK)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Application is **GRANTED** to the extent set forth herein.

2.  In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ and retain Haynes and Boone as their bankruptcy co-counsel in these Chapter 11 Cases effective as of the Petition Date.

3.  Any and all compensation to be paid to Haynes and Boone for services rendered on the Debtors' behalf shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred. Haynes and Boone also shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Haynes and Boone in the Chapter 11 Cases.

4.  The Debtors are authorized to take all actions necessary to carry out this Order.

(Page 4)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

5. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Haynes and Boone shall coordinate with Cole Schotz, P.C., Kirkland & Ellis LLP, Kirkland & Ellis International LLP, and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases. As such, Haynes and Boone shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

6. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Haynes and Boone shall provide ten (10) business days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in the Debtors' Chapter 11 Cases, which shall set forth the requested rate increase and explain the basis for the requested rate increase, and shall file such notice with the Court. All parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Haynes and Boone (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Haynes and Boone's fee applications in this case; (iii) shall use billing and expense categories that include those set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) shall provide any and all monthly fee

(Page 5)
Debtors:         BlockFi Inc.
Case No.         22-19361(MBK)
Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

8. Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information [Docket No. 4] (the "Redaction Motion"), Haynes and Boone will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration. Further, if the Court denies the Motion to Seal Confidential Transaction Parties on the Retention Applications [Docket No. 127], Haynes and Boone will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Haynes and Boone to such potential counterparties.

9. Notwithstanding anything in the Application or the Kanowitz Declarations to the contrary, Haynes and Boone shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

10. Notwithstanding anything in the Application and the Kanowitz Declarations to the contrary, Haynes and Boone shall (i) to the extent that Haynes and Boone uses the services of independent contractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Haynes and Boone pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Haynes and Boone; (iv) file with the Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these Chapter 11 Cases.

(Page 6)
Debtors:        BlockFi Inc.
Case No.        22-19361(MBK)
Caption of Order:   ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

11. Notwithstanding anything in the Application and Kanowitz Declarations to the contrary, all parties-in-interest reserve the right to object to any application for the payment of pre-petition fees to the extent those fees are not specifically related to the preparation and the filing of the Debtors' Chapter 11 Cases.

12. No agreement or understanding exists between Haynes and Boone and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall Haynes and Boone share or agree to share compensation received for services rendered in connection with these Chapter 11 Cases with any other person other than as permitted by Bankruptcy Code section 504.

13. Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, the $750,000 retainer balance as of the petition date is a security retainer and may be held during the Chapter 11 Cases and applied upon order of the Court after approval of a final fee application.

14. Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, during the pendency of these Chapter 11 Cases, any reference to arbitration shall not be applicable. The Court shall have exclusive jurisdiction over Haynes and Boone's engagement during the pendency of these Chapter 11 Cases.

15. Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, during the pendency of these

(Page 7)
Debtors:         BlockFi Inc.
Case No.         22-19361(MBK)
Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

Chapter 11 Cases, termination of Haynes and Boone will only be allowed upon entry of an Order by the Court.

16. The Debtors are authorized to take all actions necessary to carry out this Order.

17. To the extent the Application, the Kanowitz Declarations, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.