| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>        kaulet@brownrudnick.com<br>        bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>        DClarke@genovaburns.com<br>        GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (617) 536-1766<br>Fax: (617) 289-0466<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
BLOCKFI INC., ET AL., *NUNC PRO TUNC* TO DECEMBER 29, 2022**

The Official Committee of Unsecured Creditors (the "Committee") of BlockFi Inc., *et al.*, debtors and debtors-in-possession (the "Debtors") in the above-captioned cases (the "Cases"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing and approving the retention and employment of Brown Rudnick LLP ("Brown Rudnick") as counsel to the Committee in connection with these Cases, effective as of December 29, 2022, pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Application, the Committee submits the declaration of Robert J. Stark (the "Stark Declaration"), a Partner of Brown Rudnick, attached hereto as Exhibit B and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**BACKGROUND**

2. On November 28, 2022, the Debtors filed, in the United States Bankruptcy Court for the District of New Jersey (the "Court"), voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. As of the date hereof, the Debtors continue as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed in these Cases.

4. On December 21, 2022, the United States Trustee for the District of New Jersey (the "United States Trustee") filed the *Notice of Appointment of Official Committee of Unsecured Creditors* (the "Notice of Appointment") [Dkt. No. 130].[2]

5. Following the Committee's appointment, on December 29, 2022, the Committee selected Brown Rudnick to serve as its counsel, subject to Court approval.

## SERVICES TO BE RENDERED

6. In its role as counsel to the Committee, Brown Rudnick will be responsible for representing the Committee in all aspects of these Cases, including all manner of bankruptcy litigation and overall case strategy. The professional services to be provided by Brown Rudnick to the Committee, include, but are not limited to, the following:

   a. assisting and advising the Committee in its discussions with the Debtors and other parties-in-interest regarding the overall administration of these Cases;

   b. representing the Committee at hearings to be held before this Court and communicating with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

   c. assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

   d. reviewing and analyzing pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in these Cases; advising the Committee as to the necessity, propriety, and impact of the foregoing upon these Cases; and consenting or objecting to pleadings or orders on behalf of the Committee, as appropriate;

---

[2] An Amended *Notice of Appointment of Official Committee of Unsecured Creditors* was filed on December 22, 2022 to reflect certain non-substantive additions. [Dkt. No. 131].

e. assisting the Committee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Committee, including all trial preparation as may be necessary;

f. conferring with the professionals retained by the Debtors and other parties-in-interest, as well as with such other professionals as may be selected and employed by the Committee;

g. coordinating the receipt and dissemination of information prepared by and received from the Debtors' professionals, as well as such information as may be received from professionals engaged by the Committee or other parties-in-interest in these Cases;

h. participating in such examinations of the Debtors and other witnesses as may be necessary in order to analyze and determine, among other things, the Debtors' assets and financial condition, whether the Debtors have made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtors' estates;

i. representing the Committee in connection with any proposed sale or other disposition of assets of the estates;

j. negotiating and, if necessary or advisable, formulating a plan of reorganization for the Debtors; and

k. assisting the Committee generally in performing such other services as may be appropriate, desirable, or required for the discharge of the Committee's duties pursuant to Bankruptcy Code section 1103.

7. To address the scope of the work involved in representing the interests of the Committee and to manage professional fees and expenses in these Cases, the Committee has determined to retain McCarter & English, LLP, as efficiency counsel ("McCarter & English" or "Efficiency Counsel"), and Genova Burns LLC ("Genova Burns" or "Local Counsel"), as local counsel. Brown Rudnick and the other law firms retained as counsel to the Committee will work in an integrated and coordinated manner to avoid any unnecessary duplication of effort and to ensure the Committee obtains the benefit of each Committee advisor's collective experience both generally and specifically as to each firm's specialized focus.

4

**PROFESSIONAL COMPENSATION**

8.  Subject to this Court's approval, and in accordance with section 330(a) of the Bankruptcy Code and any orders of the Court, Brown Rudnick will charge for its legal services as counsel to the Committee on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Stark Declaration. The current hourly rates of Brown Rudnick professionals are in the following ranges:[3]

| **Professional** | **Rate Per Hour** |
|---|---|
| Partners | $750 - $2,250 |
| Counsel | $290 - $2,575 |
| Associates | $420 - $975 |
| Paralegals | $425 - $530 |

9.  The Committee is advised that Brown Rudnick intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and the *Order Granting Debtors' Motion For Entry Of An Administrative Fee Order Establishing Procedures For The Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses Of Professionals Retained By Order Of This Court* [Docket No 307] issued by the United States Bankruptcy Court for the District of New Jersey, any orders establishing procedures for monthly compensation and reimbursement of expenses of professionals, and further orders of this

---

[3] As set forth in the Stark Declaration, pursuant to its ordinary practice, Brown Rudnick generally revises its rates on an annual basis; the last such increase took effect on January 1, 2023. In the event that Brown Rudnick increases its standard hourly rates in its ordinary course of business during its retention in these Cases, prior to any increases to the rates set forth in this Application taking effect, Brown Rudnick shall provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee, and shall file a notice of the increase of its standard hourly rates with the Court.

Court. Brown Rudnick will maintain detailed records of fees and expenses incurred in connection with the rendering of the professional services described above, in accordance with applicable rules and guidelines.

10. Consistent with Brown Rudnick's policy with respect to its other clients, Brown Rudnick will charge for all other services provided and for any other charges and disbursements incurred in the rendition of services. These charges and disbursements include, but are not limited to, business meals, photocopies, courier service, computer assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by Brown Rudnick specifically for the representation of the Committee, in a manner and at rates consistent with charges made generally to Brown Rudnick's other clients. Photocopies and similar copies will be billed at a reduced rate of $0.10 per page.

11. Brown Rudnick has further advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this Application and related documents, and the preparation of monthly, interim or final fee applications for Brown Rudnick. It will not bill for the defense of any fee applications. Brown Rudnick agrees to charge non-working travel time at 50% of the non-working travel time actually incurred.

12. Brown Rudnick has agreed to accept as compensation such sums as may be allowed by the Court, including on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the Debtors' estates, the reasonableness of the time within which the services were performed in relation to the results

6

achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these Cases.

13. Brown Rudnick has no agreement with any other entity to share any compensation received, nor will any be made.

## BROWN RUDNICK'S CONNECTIONS IN THESE CASES

14. The Committee has reviewed the Stark Declaration, including the "connections" to these Cases disclosed therein, as such term is used in Bankruptcy Rule 2014(a).

15. Notwithstanding any such connections, the Committee believes that Brown Rudnick is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Brown Rudnick is to be employed, as required by section 328(c) of the Bankruptcy Code.

16. To the extent that issues arise that would cause the Committee to be adverse to any of Brown Rudnick's clients such that it would not be appropriate for Brown Rudnick to represent the Committee with respect to such matters, the Committee will engage conflicts counsel with respect to those matters.

17. Other than as described herein, insofar as Brown Rudnick has been able to ascertain, other than in connection with these Cases, neither Brown Rudnick nor any partner, counsel or associate of Brown Rudnick, has any connection (connection being defined as a familial or professional relationship) with the Debtors, their creditors, or any other interested party herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee.

18. Brown Rudnick is conducting a continuing inquiry into matters that would affect its disinterested status. In the event additional disclosure is necessary, Brown Rudnick will

promptly file a supplemental affidavit with this Court setting forth any facts and circumstances relevant thereto.

## RELIEF REQUESTED

19. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to retain and employ Brown Rudnick as counsel in these Cases. The Committee seeks to retain Brown Rudnick effective as of December 29, 2022, the date the Committee engaged Brown Rudnick.

## BASIS FOR RELIEF

20. The Committee selected Brown Rudnick because of its extensive experience and knowledge of complex Chapter 11 matters, and believes Brown Rudnick is well qualified to represent the Committee in these Cases. For example, and as more fully described in the Stark Declaration, Brown Rudnick has represented official and unofficial committees and other prominent parties in many of the most complex and prominent Chapter 11 bankruptcy cases in recent years, including cases in this jurisdiction.

## NOTICE

21. Notice of this Application has been provided to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; and (d) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is necessary under the circumstances.

[*Remainder of page intentionally left blank.*]

## CONCLUSION

WHEREFORE, for the reasons set forth in this Application and in the annexed Stark Declaration, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the employment and retention of Brown Rudnick as counsel to the Committee effective as of December 29, 2022, and granting the Committee such other and further relief as may be just and proper.

Dated: January  25 , 2023

                              Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*/s/ Elisabeth Carabas*
Elisabeth Carabas, solely in her capacity as Co-Chair of the Official Committee of Unsecured Creditors of BlockFi Inc., *et al*.

*/s/ Brendon Ishikawa*
Brendon Ishikawa solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of BlockFi Inc., *et al*.