**EXHIBIT B**
**(Stark Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>    kaulet@brownrudnick.com<br>    bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>    DClarke@genovaburns.com<br>    GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (617) 536-1766<br>Fax: (617) 289-0466<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

**DECLARATION OF ROBERT J. STARK IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLOCKFI INC., ET AL., *NUNC PRO TUNC* TO DECEMBER 29, 2022**

I, Robert J. Stark, declare under the penalty of perjury:

1. I am an attorney admitted to practice in the State of New York and am a member of the law firm of Brown Rudnick LLP ("Brown Rudnick"), resident in Brown Rudnick's New York office at Seven Times Square, New York, NY 10036.

2. I submit this Declaration (the "Declaration") in support of the Application[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases (the "Cases") for entry of an order, pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the retention and employment of Brown Rudnick as counsel to the Committee in connection with these Cases, effective as of December 29, 2022.

3. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

**BROWN RUDNICK'S QUALIFICATIONS AND EXPERIENCE**

4. Brown Rudnick is well-qualified to represent the Committee in these Cases. Among other reasons for selection, Brown Rudnick has a deep bankruptcy bench as well as meaningful experience with and expertise in cryptocurrency and digital assets. Brown Rudnick's Bankruptcy & Corporate Restructuring team is focused first and foremost on committee

---

[2] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to them in the Application.

engagements in large Chapter 11 cases, and we are known for passionate and zealous advocacy on behalf of Official Committees. In addition to its attorneys with decades of experience in restructuring, Brown Rudnick has a large and well-respected litigation group at the Committee's disposal.

5. Over the past two decades, Brown Rudnick has successfully represented debtors and official committees of creditors and equity security holders in many prominent and complex bankruptcy cases, including, among others:

>A123 Systems, Inc. (D. Del.)
>A.H. Robbins Company, Incorporated (E.D. Va.)
>Adeptus Health Inc. (N.D. Tex.)
>Adelphia Communications (S.D.N.Y.)
>Aearo Technologies LLC (S.D. Ind.)
>Aereo, Inc. (S.D.N.Y.)
>Allis-Chalmers Corporation (S.D.N.Y.)
>Alta Mesa Holdings (S.D. Tex.)
>Alpha Guardian (D. Nev.)
>Ampal-American Israel Corporation (S.D.N.Y.)
>Aralez Pharmaceuticals US Inc. (S.D.N.Y.)
>Arizona Charlie's, Inc. (D. Nev.)
>Beacon Power Corporation (D. Del.)
>BeavEx Holding Corporation (D. Del.)
>Briggs & Stratton Corporation (E.D. MO)
>Boomerang Tube, LLC (D. Del.)
>BPS US Holdings, Inc. (D. Del.)
>Budget Rent-A-Car Corporation (D. Del.)
>Calpine Corporation (S.D.N.Y)
>Cerro Negro Oil Project (Venezuela)
>Chellino Crane, Inc. (N.D. Ill.)
>Chesapeake Energy Corporation (S.D. Tex.)
>ClearEdge Power, Inc. (N.D. Cal.)
>Comdisco, Inc. (N.D. Ill.)
>Coda Holdings, Inc. (D. Del.)
>Continental Airlines, Inc. (S.D. Tex.)
>Corinthian Colleges, Inc. (D. Del.)
>Dana Corporation (S.D.N.Y)
>Days Inns of America, Inc. (D. Del.)
>Dewey & LeBoeuf LLP (S.D.N.Y)
>Digital Domain Holdings Corporation (D. Del.)
>EdgeMarc Energy Holdings. LLC (D. Del.)

EXCO Resources, Inc. (S.D. Tex.)
Fedders North America, Inc. (D. Del.)
Fisker Automotive Holdings, Inc. (D. Del.)
Global Crossing, Ltd. (S.D.N.Y.)
Global Power Equipment Group (D. Del.)
Gordon Jewelry Corporation (Zale Corporation) (N.D. Tex.)
Granite Corporation (Askin Capital Management) (S.D.N.Y.)
Greate Bay Hotel & Casino, Inc. (The "Sands") (D. Nev.)
HMP Services Holding Sub III, LLC (D. Del.)
Hooper Holmes, Inc. d/b/a Provant Health (S.D.N.Y.)
IMX Acquisition Corp. (D. Del.)
Integrated Resources, Inc. (S.D.N.Y.)
Ironclad Performance Wear Corporation (C.D. Cal.)
Jagged Peak, A Nevada Corporation (D. Nev.)
KIT digital, Inc. (S.D.N.Y.)
Libbey Glass Inc. (D. Del.)
Legacy Reserves, Inc. (S.D. Tex.)
LocatePLUS Holdings Corporation (E.D. Mass.)
LTL Management LLC (D. N.J.)
Lyondell Chemical Company (S.D.N.Y)
Marvel Entertainment Group, Inc. (D. Del.)
MES International, Inc. (D. Del.)
Mirant Corporation (N.D. Tex.)
Mobile Media Communications, Inc. (D. Del.)
Modern Shoe Company LLC (E.D. Mass.)
Motor Coach Industries International, Inc. (D. Del.)
Muzak Holdings LLC (D. Del.)
New England Compounding Pharmacy, Inc. (E.D. Mass.)
New York Racing Association, Inc. (S.D.N.Y.)
Oneida Ltd. (S.D.N.Y.)
Overseas Shipholding Group, Inc. (D. Del.)
Owens Corning (D. Del.)
Partsearch Technologies, Inc. (S.D.N.Y.)
PES Holdings, LLC (D. Del.)
Quigley Company (S.D.N.Y.)
Ravn Air Group, Inc. (D. Del.)
R.E. Gas Development, Inc. (W.D. Pa.)
Real Industry, Inc. (D. Del.)
Reed and Barton Corporation (E.D. Mass.)
Refco, Inc. (S.D.N.Y.)
Revlon, Inc. (S.D.N.Y.)
Riverstone Networks (D. Del.)
R.H. Macy & Co., Inc. (S.D.N.Y.)
Ruby Pipeline, L.L.C. (D. Del.)
Service America Corporation (D. Conn.)
Solutia Inc. (S.D.N.Y)

4

    The Stratosphere Corporation and Stratosphere Gaming Corp. (D. Nev.)
    Sungevity, Inc. (D. Del.)
    Telemundo Group, Inc. (S.D.N.Y.)
    Texscan Corporation (D. Ariz.)
    Todd Shipyards Corporation (D. N.J.)
    Tracor Holdings, Inc. (W.D. Tex.)
    Tower Automotive (S.D.N.Y)
    Trans World Airlines (D. Del.)
    Tropicana Entertainment (D. Del.)
    Ultra Petroleum Corp. (S.D. Tex.)
    Vector Launch Inc. (D. Del.)
    Wang Laboratories, Inc. (E.D. Mass.)
    Washington Prime Group Inc. (S.D. Tex.)
    WorldCom, Inc. (S.D.N.Y.)
    XO Communications (S.D.N.Y.)
    Zacky & Sons Poultry, LLC (C.D. Cal.)

   6. To address the scope of the work involved in representing the interests of the Committee and to manage professional fees and expenses in these Cases, the Committee has determined to retain McCarter & English, LLP, as efficiency counsel ("McCarter & English" or "Efficiency Counsel"), and Genova Burns LLC ("Genova Burns" or "Local Counsel"), as local counsel. Brown Rudnick and the other law firms retained as counsel to the Committee will work in an integrated and coordinated manner to avoid any unnecessary duplication of effort and to ensure the Committee obtains the benefit of each Committee advisor's collective experience both generally and specifically as to each firm's specialized focus.

### BROWN RUDNICK'S CONNECTIONS IN THESE CASES

   7. In connection with the Committee's proposed retention of Brown Rudnick, I directed Brown Rudnick staff to conduct a review (the "Connections Check") of Brown Rudnick's connections (as such term is used in Bankruptcy Rule 2014(a)) to identify the parties relevant to this Declaration and to ascertain Brown Rudnick's connections to certain parties. The Conflicts Department performed an examination and comparison of the following categories of entities who may be parties-in-interest in these Cases:

5

(a) Debtors & Affiliates;
(b) Current and Former Directors & Officers;
(c) Equity Holders;
(d) Bankruptcy Professionals;
(e) Banks;
(f) Custodians;
(g) Exchanges / Marketplaces;
(h) Government, Taxing Authorities, and Regulatory Agencies;
(i) Indenture Trustee;
(j) Insurance;
(k) Joint Provisional Liquidators;
(l) JV Partners;
(m) Litigation Counterparties;
(n) Loan Counterparties;
(o) Non-Debtor Professionals;
(p) Notice of Appearance Parties;
(q) Ordinary Course Professionals;
(r) Potential M&A Transaction Counterparties;
(s) Significant Vendors;
(t) Top 50 Unsecured Creditors;
(u) US Trustee Personnel, Judges, and Court Contacts for the District of New Jersey; and
(v) Utilities.

8. The list of parties checked in accordance with the foregoing categories (collectively, the "Case Parties") is attached hereto as Schedule 1.[3] For the purposes of these Cases, only potential connections that existed as of January 3, 2023, shortly before the submission of this Declaration, were checked. These connections were then reviewed to identify any relationship that would need to be disclosed in accordance with Bankruptcy Rule 2014.

9. The Connections Check performed by Brown Rudnick included an email circulated to all Brown Rudnick attorneys alerting all professionals at Brown Rudnick to identify any connections with the Case Parties. As part of this circulation, the recipients were also requested to identify: (a) any connections to the U.S. Trustee or any person employed in that office, and (b)

---

[3] BlockFi has a significant number of individual clients. Because of the number of individual Case Parties and the relative difficulty identifying whether the searched Case Party is the same person as the individual flagged by Brown Rudnick's conflict database, our disclosures are limited to individual Case Parties identified on Schedule 1 that are the Debtors' current or former directors and officers.

6

their direct holding of any claims against or interests in the Debtors (including whether any recipient was ever a customer, client, or loan counterparty to the Debtors).

10. A summary of the results of the Connections Check is annexed hereto as Schedule 2 (the "Connections List"). To the best of my knowledge after diligent inquiry, neither Brown Rudnick, any member of Brown Rudnick, nor any attorney associated with or employed by Brown Rudnick, has any "connection," as such term is used in Bankruptcy Rule 2014(a), with the Debtors herein, their creditors, any other party-in-interest herein, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except to the extent set forth in Schedule 2 or as follows:

   a. In March 2022, Brown Rudnick was engaged to provide legal services to the Commonwealth of The Bahamas ("The Bahamas") in connection with the country's policy position statement regarding digital assets.

   b. As of November 15, 2022, Brown Rudnick was engaged to represent the Securities Commission of The Bahamas ("SCB") and The Bahamas in connection with the SCB's regulatory proceedings as to FTX Digital Markets Ltd., the insolvency proceedings of FTX Digital Markets Ltd., and certain related matters. As regulator, and pursuant to orders entered by the Supreme Court of The Bahamas, on November 12, 2022, SCB effected the protective transfer of certain digital assets under the control of FTX Digital Markets Ltd. or its principals to itself as trustee, pending the entry of orders determining the ultimate entitlement to the same. To the extent that the SCB itself conducts analyses or participates in proceedings to determine the ultimate entitlement to the transferred assets, Brown Rudnick will not participate in those analyses or proceedings.

   c. In December 2022, Brown Rudnick was engaged by The Bahamas to communicate on behalf of The Bahamas with media outlets in the U.S with respect to matters related to FTX Digital Markets Ltd.

   d. Brown Rudnick presently represents Binance and certain of its affiliates in matters unrelated to BlockFi. Brown Rudnick will not represent Binance in any capacity with respect to BlockFi or these Cases.

   e. Brown Rudnick performed limited work for Morgan Creek affiliates in connection with BlockFi and these Cases. Brown Rudnick's work on behalf of Morgan Creek concluded prior to being retained by the Committee in these Cases.

7

  f.  Certain professionals of Brown Rudnick hold cryptocurrency in accounts maintained by "crypto" exchanges or custodians, including other Case Parties. No Brown Rudnick professional, to date, has disclosed holding any cryptocurrency with BlockFi.

11. Notwithstanding any "connection" set forth in Schedule 2 and except as set forth herein, to the best of my knowledge, any "connection" of Brown Rudnick to the identified entities are limited to matters unrelated to the Debtors.

12. In addition to the aforementioned connections, Brown Rudnick has the additional potential connections to the entities (or their affiliates) identified in Schedule 1 and the Court:

  a.  Brown Rudnick appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, some of which may represent the Debtors, creditors, or parties-in-interest, or themselves be creditors or parties-in-interest in these Cases. Brown Rudnick has not and will not represent any of these creditors, investors, potential acquirers, parties-in-interest, attorneys, financial advisors, accountants, or any other entity in connection with these Cases.

  b.  Brown Rudnick represents many investors, financial institutions, and other persons or entities that may become creditors or parties-in-interest in these Cases. Brown Rudnick has not and will not represent any of these investors, financial institutions, or other creditors or parties-in-interest in connection with these Cases.

  c.  Brown Rudnick regularly appears in cases before the United States Bankruptcy Court for the District of New Jersey.

13. Brown Rudnick currently represents, has represented, and may represent in the future parties in documenting the trading of claims against, interests in, and debt of, the Debtors or their estates. Brown Rudnick has not and will not provide any valuation or strategic due diligence regarding the Debtors in connection with providing such advice. Our work, on behalf of such parties, is generally limited to: (i) the ordinary course review of any underlying loan, interest, or claim documentation in connection with the purchase or sale of such loan, interest, or claim and the review of any upstream trade transaction documentation in connection therewith; or (ii) advice based solely on publicly available information or information obtained in connection with (i)

8

above. Brown Rudnick will also assist such parties with completing the filings or submissions necessary to complete the transfer of a debt, interest, or claim against the Debtors or their estates from a seller to a purchaser.

14. None of the Brown Rudnick existing clients noted in Schedule 2 accounted for more than 1% of Brown Rudnick's gross revenues for the past twelve (12) months.

15. Brown Rudnick will file appropriate supplemental disclosure(s) with the Court to the extent that additional information concerning any connections is developed.

16. Notwithstanding the above, I believe that Brown Rudnick is a disinterested person, and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Brown Rudnick is to be employed, as required by Bankruptcy Code section 328(c).

## PROFESSIONAL COMPENSATION

17. Subject to this Court's approval, and in accordance with section 330(a) of the Bankruptcy Code and any orders of the Court, Brown Rudnick will charge for its legal services as counsel to the Committee on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith.

18. My hourly rate is currently $1,950. Other attorneys and paraprofessionals will assist with these Cases as needed. As of the date hereof, the hourly rates of other Brown Rudnick professionals are in the following ranges:

| **Professional** | **Rate Per Hour** |
|---|---|
| Partners | $750 - $2,250 |
| Counsel | $290 - $2,575 |
| Associates | $420 - $975 |
| Paralegals | $425 - $530 |

9

19. The hourly rates set forth above are Brown Rudnick's general hourly rates for work of this nature and are consistent with the customary compensation charged by comparably skilled attorneys at Brown Rudnick in similar matters, including non-bankruptcy matters.

20. Brown Rudnick periodically reviews and, if appropriate, increases its hourly rates. Brown Rudnick will provide at least 10 business days' notice to the Committee, the Debtors, and the U.S. Trustee prior to any increases in the rates set forth in this Declaration and will file such notice with this Court.

21. Brown Rudnick has advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this application to retain Brown Rudnick and related documents, and the preparation of monthly, interim or final fee applications for Brown Rudnick. It will not bill for the defense of any fee applications. Brown Rudnick will bill any non-working travel time at 50% of the actual time incurred.

22. In addition, Brown Rudnick requests that it be reimbursed for any actual and necessary expenses incurred in representing the Committee, including, but not limited to, business meals, photocopies, courier service, computer assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by Brown Rudnick specifically for the representation of the Committee, in a manner and at rates consistent with charges made generally to Brown Rudnick's other clients. Photocopies and similar copies will be billed at a reduced rate of $0.10 per page.

23. Brown Rudnick has not agreed to share: (a) any compensation it may receive with another party or person, other than with the Partners, Counsel and Associates of Brown Rudnick;

or (b) any compensation another person or party has received or may receive in connection with these Cases.

24. Brown Rudnick has not received a retainer in connection with these Cases.

25. Brown Rudnick intends to work closely with the Committee's representatives and the other professionals to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

### **AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**

26. Based upon the information available to me, and except as otherwise described herein, Brown Rudnick holds no interest adverse to the Debtors, its estates, or any class of creditors or equity holders as to the matters in which it is to be employed. I know of no reason why Brown Rudnick cannot act as counsel to the Committee.

### **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

27. The following information is provided pursuant to paragraph D.1 of the U.S. Trustee Guidelines:

| | |
|---|---|
| **QUESTION:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | Brown Rudnick will comply with the United States Trustee's Fee Guidelines in connection with this engagement. |
| **QUESTION:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **QUESTION:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | No. |
| **QUESTION:** | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | The Committee has approved Brown Rudnick's general staffing plan, which is described in the Application. |

11

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January  25 , 2023

*/s/ Robert J. Stark*
Robert J. Stark
