| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>                    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>Hearing:    February 21, 2023<br>                at 10:00 a.m. |

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE NAMES OF CERTAIN CONFIDENTIAL TRANSACTION PARTIES INTEREST RELATED TO THE COMMITTEE'S PROFESSIONAL RETENTION APPLICATIONS AND FOR RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of those certain Applications for Retention of Professionals filed by and on behalf of the Committee as identified below (collectively, the "**Committee's Retention Applications**" and the "**Committee's Proposed Professionals**," respectively), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The redacted portions of the Committee's Retention Applications include "trade secret[s] or confidential research, development, or commercial information," as set forth in Bankruptcy Code Section 107(b) (*see also* Fed. R. Bankr. P. 9018). Such information includes, generally, the following (collectively, the "Confidential Information"): the names and identities of certain of the Debtors' potential transaction counterparties (collectively, the "Confidential Transaction Parties") with whom, as represented to the Committee and the Committee's Proposed Professionals by the Debtor and the Debtor's professionals, the Debtors are currently engaged in

---

[2] The Committee's Retention Applications with the Confidential Information (as defined herein) redacted therefrom have been filed prior to the filing of this Motion to Seal. Unredacted versions of the Committee's Retention Applications are being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

an active and ongoing marketing process among certain potential transaction counterparties for a value-maximizing transaction.[3]

2. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the Confidential Information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal by granted.

3. Furthermore, importantly, the Committee's Proposed Professionals have not represented and will not represent any of the Confidential Transaction Parties in connection with any matter in these chapter 11 cases. Thus, the Committee's Proposed Professionals' connections to the Confidential Transaction Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

4. With the Debtors' consent, unredacted versions of the Committee's Retention Applications will be provided to the U.S. Trustee in advance of the objection deadlines with respect to each of the Committee's Retention Applications.

## JURISDICTION

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

---

[3] A similar motion to seal was filed by the Debtors [Docket No. 127] on December 19, 2022 with respect to its applications for retention of professionals, which motion to seal is still pending as of the filing of this Motion to Seal.

**BACKGROUND**

6. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

7. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

**THE COMMITTEE'S RETENTION APPLICATIONS**

8. This Motion to Seal pertains to the Committee's Retention Applications previously filed with respect to the following Committee's Proposed Professionals:

   a. Brown Rudnick LLP, as attorneys for the Committee;

   b. Genova Burns LLC, as local attorneys for the Committee;

   c. M3 Partners, LP, as financial advisors to the Committee; and

   d. Elementus, as blockchain intelligence and forensics experts for the Committee.

9. In connection with their proposed retention, the Committee's Proposed Professionals searched names and entities to determine whether any potential conflicts or other relationship exists that preclude the Committee's Proposed Professionals from meeting the disinterestedness standard under the Bankruptcy Code. As such, included with each of the Certifications of Professional submitted in support of each of the Committee's Retention Applications are schedules setting forth the names and entities searched by each of the Committee's Proposed Professionals and the results of such searches.

10. The Committee's Proposed Professionals have not represented and will not represent any of the Confidential Transaction Parties in connection with any matter in these chapter 11 cases. Thus, the Committee's Proposed Professionals' connections to the Confidential

Transaction Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

11. With the Debtors' consent, unredacted versions of the Committee's Retention Applications will be provided to the U.S. Trustee in advance of the objection deadlines with respect to each of the Committee's Retention Applications.

## APPLICABLE LAW

12. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

13. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

14. As previously stated, the Confidential Information redacted from the Committee's Retention Applications includes the names and identities of the Confidential Transaction Parties (as represented to the Committee and the Committee's Proposed Professionals by the Debtors and the Debtors' professionals). The Debtors and their professionals have represented to the Committee and the Committee's Proposed Professionals that, due to the inherently competitive nature of this process, revealing potential counterparties may chill the marketing process by preventing current potential counterparties from moving forward with negotiations and deterring potential counterparties from getting involved in the sale process. Moreover, the Debtors and their professionals have further represented to the Committee and the Committee's Proposed Professionals that certain of the Confidential Transaction Parties have executed non-disclosure agreements with the Debtors that require that their identities remain confidential, and disclosure of their identities may unduly disrupt the Debtors' efforts to consummate a value-maximizing transaction. The Debtors and their professionals have further represented to the Committee and the Committee's Proposed Professionals that disclosing the identities of the potential counterparties before a transaction is negotiated in violation of the underlying confidentiality agreements could severely hamper the sensitive negotiations between the Debtors and the potential counterparties, to the detriment of the marketing process, and interfere with the Debtors' ability to maximize value for the benefit of their estates and all stakeholders.

15. The Committee committed to protecting the Confidential Information in good faith. Accordingly, based on the foregoing, the redacted Confidential Information falls squarely within the specified categories entitled to protection under Section 107(b)(1) and Fed. R. Bankr. P. 9018. Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court by the Committee. However, a similar motion to seal was filed by the Debtors [Docket No. 127] on December 19, 2022 with respect to its applications for retention of professionals, which motion to seal is still pending as of the filing of this Motion to Seal.

## RESERVATION OF RIGHTS

17. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Supplemental Objection, to seek discovery, to raise additional objections during any hearing on the Motion, and to negotiate and document alternative proposals for relief.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: January 25, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 230-2095
Fax:   (973) 533-1112
Email: DStolz@genovaburns.com
       DClarke@genovaburns.com
       GKinoian@genovaburns.com
*Proposed Local Counsel for the Official Committee of Unsecured Creditors*