**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF MARK A. RENZI IN**
**SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM,**
**(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,**
**(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

I, Mark A. Renzi, hereby declare under penalty of perjury:

1. I am the Chief Restructuring Officer (the "CRO") to the above-captioned debtors

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases.

2. I submit this declaration (this "Declaration") in support of the relief requested in the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 225] ( the "Motion").[2] Unless otherwise indicated, the statements set forth in this Declaration are based upon (a) my personal knowledge, belief, and opinion; (b) information learned from my review of relevant documents, books, and records; (c) information I have received from the Debtors' employees or advisors and/or employees of Berkeley Research Group, LLC ("BRG") working directly with me or under my supervision and direction; or (d) my experience as an industry professional.

3. I am authorized to submit this Declaration on behalf of the Debtors, and, if I were called upon to testify, I could and would testify to the facts set forth herein.

## Background and Qualifications

4. I am the Debtors' CRO. I am also a Managing Director and the Head of the Corporate Finance Financial Institutions Group for BRG.

5. I have over twenty years of experience in the practice of turnarounds and restructurings. I have considerable experience in providing restructuring advisory and restructuring management services in reorganization proceedings, and working with senior management teams in the areas of financial and operational restructuring, loan workouts, and business planning. I have advised and served in management positions involving numerous turnaround engagements. Most recently, I was the Chief Restructuring Officer of Lucky Brand Dungarees, LLC.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**Bar Dates**

6. Except as otherwise set forth in the Motion, the Debtors seek to establish **5:00 p.m. prevailing Eastern Time on March 31, 2023** (the "General Claims Bar Date") as the deadline by which all persons and entities must submit Proofs of Claim asserting Claims that arose on or before the Petition Date against the Debtors in these chapter 11 cases and **5:00 p.m. prevailing Eastern Time on May 30, 2023** (the "Governmental Bar Date")[3] as the deadline by which all governmental units must submit Proofs of Claim asserting Claims that arose on or before the Petition Date against the Debtors in these chapter 11 cases.

7. Additionally, the Debtors seek authority to establish supplemental bar dates (any such date, a "Supplemental Bar Date") without further order of the Bankruptcy Court to the extent the Debtors amend or supplement their Schedules to provide adequate notice and opportunity to submit a Proof of Claim to parties holding Claims affected thereby. In such instances, the Debtors will provide such parties with notice by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity.

8. Lastly, the Debtors seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order (the "Rejection Bar Date," and together with

---

[3] Section 502(b)(9)(A) of the Bankruptcy Code provides that governmental units have 180 days after the Petition Date to file Proofs of Claim.

the General Claims Bar Date, the Supplemental Bar Date, and the Governmental Bar Date, collectively, the "Bar Dates").

### The Proposed Bar Dates and Associated Procedures are Reasonable Under the Circumstances

9.  To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, I believe that the Debtors will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against their estates in these chapter 11 cases. Given the sheer number of potential claimants in these chapter 11 cases, it is important that the Debtors begin the Claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources. I believe that fixing the Bar Dates as set forth in the Motion will help the Debtors accomplish the foregoing objectives.

10. The Debtors have worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for effecting the same, and (c) achieve administrative and judicial efficiency. Indeed, I believe that the procedures described in the Motion are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

11. I believe that the proposed Bar Dates and associated procedures will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond. For these reasons, I believe that the proposed Bar Dates are reasonable and appropriate and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

| | |
|---|---|
| Dated: January 29, 2023<br>New York, New York | By: */s/ Mark A. Renzi*<br>Name: Mark A. Renzi<br>Title: Chief Restructuring Officer |