**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED**
**PROPOSED ORDER APPROVING THE DEBTORS' BAR DATE MOTION**

**PLEASE TAKE NOTICE** that on January 9, 2023, the above-captioned debtors and

debtors-in-possesion (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order*

*(I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 225] ( the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order"), reflecting comments received from the United States Trustee for the District of New Jersey (the "U.S. Trustee"), the Official Committee of Unsecured Creditors, and various parties in interest, to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that a redline between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/blockfi/.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at https://www.njb.uscourts.gov/ in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

2

Dated: January 29, 2023

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) SETTING BAR
DATES FOR SUBMITTING PROOFS OF CLAIM,
(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,
(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through and including thirteen (13), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion For Entry of An Order (I) Setting Bar Dates For Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, And (IV) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these Chapter 11 Cases and the forms of Proof of Claim attached hereto as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached to the Motion as Exhibit D (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached thereto as Exhibit E, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

a hearing before this Court (the "Hearing");[2] and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on the basis as set forth herein.

2.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is *actually received* by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") on or before **5:00 p.m. prevailing Eastern Time on March 31, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3.      Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be *actually received* by the Notice and Claims Agent on or before **5:00 p.m. prevailing Eastern Time on May 30, 2023** (the "Governmental Bar Date").

4.      Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 5)

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order (the "Rejection Bar Date").   The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5.      In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "Supplemental Bar Date").

6.      In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim, *provided* that, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be automatically barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of Bermuda.   Such person

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

or entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

7.     The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these Chapter 11 Cases shall apply:

a.     Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account and the type of account[2] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[3]

b.     In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.     Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the

---

[2]   For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly indicate:  (a) each type of cryptocurrency held, (b) the number of units of each cryptocurrency held, and (c) the type of account (BlockFi Wallet, BlockFi Interest Account, Retail Loans, Institutional Loans, BlockFi Private Client, and Credit Card).

[3]   Supporting documentation may include, but is not limited to, a .csv report of the claimant's account with the Debtors.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 22-19361 or that does not identify a Debtor will be deemed as submitted only against BlockFi Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-19361 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.  The failure to select the correct Debtor on the Proof of Claim Form alone is not a basis to object to the allowability of the Claim; *provided* that the asserted Claim is otherwise acceptable in all respects and complies with the terms of this Bar Date Order such that the Claim would have been allowed if not for the failure to select the correct Debtor on the Proof of Claim Form;

e.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; *provided* that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f.  Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent actually receives the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE.  PROOFS OF CLAIM**

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

**SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

8.      Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a.   any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.   any Claim that is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.   any Claim that has previously been allowed by order of this Court;

d.   any Claim that has already been paid in full by any of the Debtors;

e.   any Claim for which a different deadline has previously been fixed by this Court;

f.   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of BlockFi Inc.;

g.   any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h.   any Claim based on an equity interest in the Debtors;

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

    i.  any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

    j.  claims for fees and expenses of professionals retained in these proceedings;

    k.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

    l.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

    m.  any Claim held by any person or entity solely against a non-Debtor entity.

9.    Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10.    The Bar Date Notice, substantially in the form attached to the Motion as <u>Exhibit D</u>, and the Proof of Claim Forms, substantially in the forms attached to this Bar Date Order as **<u>Exhibit 1</u>**, **<u>Exhibit 2</u>**, **<u>Exhibit 3</u>**, and **<u>Exhibit 4</u>** are hereby approved.

11.    The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms to be served within ten business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

    a.  the Master Service List (as defined in the Case Management Procedures);

    b.  all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

(Page | 10)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

c. all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

d. all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

e. all entities who are party to executory contracts and unexpired leases with the Debtors;

f. all entities who are party to litigation with the Debtors;

g. all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h. all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i. all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12. After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors shall make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) notices served only by email are confirmed to be undeliverable and the Debtors have alternative contact information for the creditor; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors shall make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and

---

[4] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

similar circumstances and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Forms.

13.     Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as <u>Exhibit E</u> to the Motion, on one occasion in *The New York Times* (National Edition), *CoinDesk* (CoinDesk.com), *The Royal Gazette*, and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

14.     For the avoidance of doubt, in accordance with paragraph 4 of *Interim Order Granting Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* [Docket No 53] and any final order related thereto, each of the Debtors and the Notice and Claims Agent are authorized to take all actions necessary to redact the personally identifiable information of clients or individuals, including their names, home addresses, email addresses, and any other Personal Data (as defined in the Creditor Matrix Motion [Docket No. 4]) from any document filed on, or otherwise prevent such personally identifiable information being published on, the publicly available claims register for each Debtor, unless the Court orders the information to be unredacted.

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

15.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

16.    The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17.    Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18.    Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20.    Notwithstanding anything to the contrary in the Motion, this Bar Date Order, or any findings announced at the hearing, nothing in the Motion, this Bar Date Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Bar Date Order.

## **Exhibit 1**

**Form of Wallet Account Holder Proof of Claim Form**

**United States Bankruptcy Court, District of New Jersey (Trenton)**

| If you have one or more BlockFi Wallet account(s), fill in this information to identify the case: | |
|---|---|
| If you are a U.S. client: | ☐  BlockFi Wallet LLC  (Case No. 22-19366) |
| If you are a non-U.S. client: | ☐  BlockFi International Ltd. (Case No. 22-19368) |
| Other: | ☐  _____<br>(Debtor Name)<br>_____<br>(Case Number) |

<u>Modified Official Form 410</u>

# Wallet Account Holder Proof of Claim Form          04/22

**Read the instructions before filling out this form. This form is for making a claim based on assets held in account of the Debtors. <u>Do not</u>** use this form to assert any other pre-petition claims. <u>**Do not**</u> use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed (November 28, 2022).**

## Part 1:    Identify the Claim

| | |
|---|---|
| 1.  **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____<br><br>Customer Identification Number(s): _____<br><br>Email Address Used to Sign Up for your BlockFi Account(s): _____ |
| 2.  **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| 3.  **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br>Number     Street<br>City          State          ZIP Code<br>Country (If outside of the US)<br>Contact phone _____<br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br>Number     Street<br>City          State          ZIP Code<br>Country (If outside of the US)<br>Contact phone _____<br>Contact email _____ |
| 4.  **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____          Filed on ___ / ___ / _____<br>MM / DD / YYYY |
| 5.  **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:**    **Give Information About the Claim as of November 28, 2022**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7a.  **To the extent that you assert a claim that is denominated in US Dollars, list the value of the claim in US Dollars as of the date the case was filed (November 28, 2022)** | $ _____ |

7b.  **List the number of each type of coin held in your Wallet account(s) as of the date the case was filed (November 28, 2022) (i.e., list the IN KIND COIN BALANCE in your Wallet account(s) as of the date the case was filed).**

| Coin | Price as of November 28, 2022, at 11:59 p.m. UTC | Wallet |
|---|---|---|
| Bitcoin (BTC) | $16,206.3000 | |
| Ethereum (ETH) | $1,167.2400 | |
| Gemini Dollar (GUSD) | $1.0000 | |
| USD Coin (USDC) | $1.0000 | |
| 1inch Network1 (INCH) | $0.5170 | |
| Aave (AAVE) | $60.1500 | |
| Algorand (ALGO) | $0.2359 | |
| Avalanche (AVAX) | $12.4500 | |
| Axie Infinity (AXS) | $6.5600 | |
| Basic Attention Token (BAT) | $0.22322 | |
| Binance Coin (BNB) | $292.7865 | |
| Bitcoin Cash (BCH) | $109.9100 | |
| Binance USD (BUSD) | $1.0000 | |
| Cardano (ADA) | $0.3064 | |
| Chainlink (LINK) | $7.1940 | |
| Celo (CELO) | $0.6170 | |
| Chiliz (CHZ) | $0.1642 | |
| Compound (COMP) | $37.1600 | |
| Cosmos (ATOM) | $9.8590 | |
| Curve DAO Token (CRV) | $0.6450 | |
| Decentraland (MANA) | $0.3862 | |
| DogeCoin (DOGE) | $0.09506 | |
| dYdX (DYDX) | $1.6660 | |
| Elrond (EGLD) | $42.1390 | |
| Enjin Coin (ENJ) | $0.2960 | |
| EOS (EOS) | $0.9034 | |
| Fantom (FTM) | $0.2049 | |
| Filecoin (FIL) | $4.2530 | |
| FTX Token (FTT) | $1.2923535 | |
| Gala (GALA) | $0.02478 | |
| Hedera Hashgraph (HBAR) | $0.0486 | |

| Coin | Price as of November 28, 2022, at 11:59 p.m. UTC | Wallet |
|---|---|---|
| Kusama (KSM) | $25.5900 | |
| Litecoin (LTC) | $73.8500 | |
| Loopring (LRC) | $0.2368 | |
| Maker (MKR) | $645.4100 | |
| Multi Collateral Dai (DAI) | $0.9997 | |
| Near (NEAR) | $1.5900 | |
| OMG Network (OMG) | $1.1605 | |
| One Coin (ONE) | $0.0137 | |
| PAX Gold (PAXG) | $1,740.6400 | |
| Paxos Standard Token (PAX) | $1.0000 | |
| Polkadot (DOT) | $5.1340 | |
| Polygon (MATIC) | $0.8209 | |
| Quant (QNT) | $112.4100 | |
| Render Token (RNDR) | $0.4672 | |
| Serum (SRM) | $0.2330 | |
| Solana (SOL) | $13.3200 | |
| Stellar (XLM) | $0.087183 | |
| SushiSwap (SUSHI) | $1.3348 | |
| Synthetix (SNX) | $1.6620 | |
| Terra 2.0 (LUNA) | $0.0001552 | |
| Tether (USDT) | $0.9995 | |
| Tezos (XTZ) | $0.9750 | |
| The Graph (GRT) | $0.0622 | |
| The Sandbox (SAND) | $0.5531 | |
| THORchain (RUNE) | $1.1670 | |
| Tron (TRX) | $0.052973 | |
| TrueUSD (TUSD) | $0.9997 | |
| Uniswap (UNI) | $5.2830 | |
| Waves (WAVES) | $2.3300 | |
| Yearn.Finance (YFI) | $6,266.5000 | |
| Other (Please Specify) | | |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Client Account, goods sold, money loaned, lease, services performed, or personal injury/wrongful death.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

**9. Is all or part of the claim secured?**

☐ No
☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**                $_____

    **Amount of the claim that is secured:**   $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**   $_____

    **Annual Interest Rate** (when case was filed)_____%
    ☐ Fixed
    ☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories,

☐ No
☐ Yes. *Check one:*

|  | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |

    * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
| --- | --- |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Name of the person who is completing and signing this claim:**

Name    _____
         First name          Middle name          Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number       Street

         _____
         City                        State     ZIP Code

Contact phone  _____    Email  _____

## <u>Exhibit 2</u>

**Form of Interest Bearing Account Holder Proof of Claim Form**

### United States Bankruptcy Court, District of New Jersey (Trenton)

| | |
|---|---|
| **If you have one or more Interest-Bearing accounts (i.e. BlockFi Interest Accounts or BlockFi Private Client Fixed or Open Loans), fill in this information to identify the case:** | |
| **If you are a U.S. client:** | |
| BlockFi Interest Account: ☐ | BlockFi Inc. (Case No. 22-19361) |
| BlockFi Private Client Fixed or Open Loans: ☐ | BlockFi Lending LLC (Case No. 22-19365) |
| **If you are a non-U.S. client:** ☐ | BlockFi International Ltd. (Case No. 22-19368) |
| **Other:** ☐ | _____ (Debtor Name) _____ (Case Number) |

## Modified Official Form 410

# Interest Bearing Account Holder Proof of Claim Form    04/22

**Read the instructions before filling out this form. This form is for making a claim based on assets held in account of the Debtors. Do not** use this form to assert any other pre-petition claims. **Do not** use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed (November 28, 2022).**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| | Customer Identification Number(s): _____ |
| | Email Address Used to Sign Up for your BlockFi Account(s): _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No ☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Number    Street | Number    Street |
| City    State    ZIP Code | City    State    ZIP Code |
| Country (If outside of the US) | Country (If outside of the US) |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

| | |
|---|---|
| 4.  **Does this claim amend one already filed?** | ❏ No<br>❏ Yes.  Claim number on court claims registry (if known)_____<br><br>Filed on _____<br>MM / DD / YYYY |
| 5.  **Do you know if anyone else has filed a proof of claim for this claim?** | ❏ No<br>❏ Yes. Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of November 28, 2022**

| | |
|---|---|
| 6.  **Do you have any number you use to identify the debtor?** | ❏ No<br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |
| 7a.  **To the extent that you assert a claim that is denominated in US Dollars, list the value of the claim in US Dollars as of the date the case was filed (November 28, 2022)** | **U.S. Clients:**<br>BlockFi Interest Account (BlockFi Inc.; Case No. 22-19361)      $_____<br>BlockFi Private Client Fixed or Open Loans<br>(BlockFi Lending LLC; Case No. 22-19365)      $_____<br><br>**Non-U.S. Clients:**<br>BlockFi Interest Account<br>(BlockFi International Ltd.; Case No. 22-19368)      $_____<br>BlockFi Private Client Fixed or Open Loans<br>(BlockFi International Ltd.; Case No. 22-19368)      $_____ |

7b.  **List the number of each type of coin held in Interest Bearing Account(s) as of the date the case was filed (November 28, 2022) (i.e., list the IN KIND COIN BALANCE in Interest Bearing Account(s) as of the date the case was filed).**

| Coin | Price as of November 28, 2022, at 11:59 p.m. UTC | Interest Bearing Accounts | |
|---|---|---|---|
| | | BlockFi Interest Account(s) | BlockFi Private Client Fixed or Open Loans |
| **Bitcoin (BTC)** | $16,206.3000 | | |
| **Ethereum (ETH)** | $1,167.2400 | | |
| **Gemini Dollar (GUSD)** | $1.0000 | | |
| **USD Coin (USDC)** | $1.0000 | | |
| **1inch Network1 (INCH)** | $0.5170 | | |
| **Aave (AAVE)** | $60.1500 | | |
| **Algorand (ALGO)** | $0.2359 | | |
| **Avalanche (AVAX)** | $12.4500 | | |
| **Axie Infinity (AXS)** | $6.5600 | | |
| **Basic Attention Token (BAT)** | $0.22322 | | |
| **Binance Coin (BNB)** | $292.7865 | | |
| **Bitcoin Cash (BCH)** | $109.9100 | | |
| **Binance USD (BUSD)** | $1.0000 | | |
| **Cardano (ADA)** | $0.3064 | | |
| **Chainlink (LINK)** | $7.1940 | | |
| **Celo (CELO)** | $0.6170 | | |
| **Chiliz (CHZ)** | $0.1642 | | |
| **Compound (COMP)** | $37.1600 | | |
| **Cosmos (ATOM)** | $9.8590 | | |
| **Curve DAO Token (CRV)** | $0.6450 | | |
| **Decentraland (MANA)** | $0.3862 | | |
| **DogeCoin (DOGE)** | $0.09506 | | |
| **dYdX (DYDX)** | $1.6660 | | |
| **Elrond (EGLD)** | $42.1390 | | |

| Coin | Price as of November 28, 2022, at 11:59 p.m. UTC | Interest Bearing Accounts | |
| | | BlockFi Interest Account(s) | BlockFi Private Client Fixed or Open Loans |
|---|---|---|---|
| Enjin Coin (ENJ) | $0.2960 | | |
| EOS (EOS) | $0.9034 | | |
| Fantom (FTM) | $0.2049 | | |
| Filecoin (FIL) | $4.2530 | | |
| FTX Token (FTT) | $1.2923535 | | |
| Gala (GALA) | $0.02478 | | |
| Hedera Hashgraph (HBAR) | $0.0486 | | |
| Kusama (KSM) | $25.5900 | | |
| Litecoin (LTC) | $73.8500 | | |
| Loopring (LRC) | $0.2368 | | |
| Maker (MKR) | $645.4100 | | |
| Multi Collateral Dai (DAI) | $0.9997 | | |
| Near (NEAR) | $1.5900 | | |
| OMG Network (OMG) | $1.1605 | | |
| One Coin (ONE) | $0.0137 | | |
| PAX Gold (PAXG) | $1,740.6400 | | |
| Paxos Standard Token (PAX) | $1.0000 | | |
| Polkadot (DOT) | $5.1340 | | |
| Polygon (MATIC) | $0.8209 | | |
| Quant (QNT) | $112.4100 | | |
| Render Token (RNDR) | $0.4672 | | |
| Serum (SRM) | $0.2330 | | |
| Solana (SOL) | $13.3200 | | |
| Stellar (XLM) | $0.087183 | | |
| SushiSwap (SUSHI) | $1.3348 | | |
| Synthetix (SNX) | $1.6620 | | |
| Terra 2.0 (LUNA) | $0.0001552 | | |
| Tether (USDT) | $0.9995 | | |
| Tezos (XTZ) | $0.9750 | | |
| The Graph (GRT) | $0.0622 | | |
| The Sandbox (SAND) | $0.5531 | | |
| THORchain (RUNE) | $1.1670 | | |
| Tron (TRX) | $0.052973 | | |
| TrueUSD (TUSD) | $0.9997 | | |
| Uniswap (UNI) | $5.2830 | | |
| Waves (WAVES) | $2.3300 | | |
| Yearn.Finance (YFI) | $6,266.5000 | | |
| _____ Other (Please Specify) | | | |

| 8. **What is the basis of the claim?** | Examples: Client Account, goods sold, money loaned, lease, services performed, or personal injury/wrongful death. |
|---|---|
| | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | Limit disclosing information that is entitled to privacy, such as health care information. |
| | _____ |

| 9. **Is all or part of the claim secured?** | ☐ No |
|---|---|
| | ☐ Yes. The claim is secured by a lien on property. |
| | **Nature of property:** |
| | ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* |
| | ☐ Motor vehicle |
| | ☐ Other. Describe: _____ |
| | **Basis for perfection:** _____ |
| | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | **Value of property:** $_____ |
| | **Amount of the claim that is secured:** $_____ |
| | **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | **Amount necessary to cure any default as of the date of the petition:** $_____ |
| | **Annual Interest Rate** (when case was filed)_____% |
| | ☐ Fixed |
| | ☐ Variable |

| 10. **Is this claim based on a lease?** | ☐ No |
|---|---|
| | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. **Is this claim subject to a right of setoff?** | ☐ No |
|---|---|
| | ☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

### Name of the person who is completing and signing this claim:

Name  _____
First name                  Middle name                    Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number          Street

_____
City                                              State      ZIP Code

Contact phone  _____       Email  _____

## <u>Exhibit 3</u>

**Form of Loan Account Holder Proof of Claim Form**

**United States Bankruptcy Court, District of New Jersey (Trenton)**

| If you have one or more Loan Collateral accounts, fill in this information to identify the case: | |
|---|---|
| If you are a U.S. client: | ☐   BlockFi Lending LLC (Case No. 22-19365) |
| If you are a non-U.S. client: | ☐   BlockFi International Ltd. (Case No. 22-19368) |
| Other: | ☐   _____<br>(Debtor Name)<br><br>_____<br>(Case Number) |

<u>Modified Official Form 410</u>

# Loan Account Holder Proof of Claim Form                   04/22

Read the instructions before filling out this form. This form is for making a claim based on assets held in account of the Debtors. <u>**Do not**</u> use this form to assert any other pre-petition claims. <u>**Do not**</u> use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed (November 28, 2022).**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1.  **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____<br><br>Customer Identification Number(s): _____<br><br>Email Address Used to Sign Up for your BlockFi Account(s): _____ |
| 2.  **Has this claim been acquired from someone else?** | ☐  No<br>☐  Yes. From whom? _____ |
| 3.  **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br>Number      Street<br><br>City                State        ZIP Code<br><br>Country (If outside of the US)<br><br>Contact phone _____<br>Contact email _____ |
| | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br>Number      Street<br><br>City                State        ZIP Code<br><br>Country (If outside of the US)<br><br>Contact phone _____<br>Contact email _____ |
| 4.  **Does this claim amend one already filed?** | ☐  No<br>☐  Yes.  Claim number on court claims registry (if known)_____     Filed on _____<br>                                                                                                                        MM  / DD  / YYYY |
| 5.  **Do you know if anyone else has filed a proof of claim for this claim?** | ☐  No<br>☐  Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of November 28, 2022 |
|---|---|

| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|

| 7a. **To the extent that you assert a claim that is denominated in US Dollars, list the value of the claim in US Dollars as of the date the case was filed (November 28, 2022)** | $_____ |
|---|---|

7b.  **List the number of each type of coin held in your Loan account(s) as of the date the case was filed (November 28, 2022) (i.e., list the IN KIND COIN BALANCE in your Loan account(s) as of the date the case was filed).**

| Coin | Price as of November 28, 2022, at 11:59 p.m. UTC | Loan Collateral |
|---|---|---|
| Bitcoin (BTC) | $16,206.3000 | |
| Ethereum (ETH) | $1,167.2400 | |
| Binance Coin (BNB) | $292.7865 | |
| Binance USD (BUSD) | $1.0000 | |
| Litecoin (LTC) | $73.8500 | |
| Multi Collateral Dai (DAI) | $0.9997 | |
| PAX Gold (PAXG) | $1,740.6400 | |
| Polkadot (DOT) | $5.1340 | |
| US Dollar Fiat (USD) | N/A | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |
| Other (Please Specify) _____ | | |

| 8. **What is the basis of the claim?** | Examples: Client Account, goods sold, money loaned, lease, services performed, or personal injury/wrongful death. |
|---|---|
| | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | Limit disclosing information that is entitled to privacy, such as health care information. |
| | _____ |

| 9. **Is all or part of the claim secured?** | ☐ No |
|---|---|
| | ☐ Yes. The claim is secured by a lien on property. |
| | **Nature of property:** |
| | ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* |
| | ☐ Motor vehicle |
| | ☐ Other. Describe: _____ |
| | **Basis for perfection:** _____ |
| | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | **Value of property:** $_____ |
| | **Amount of the claim that is secured:** $_____ |
| | **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | **Amount necessary to cure any default as of the date of the petition:** $_____ |
| | **Annual Interest Rate** (when case was filed)_____% |
| | ☐ Fixed |
| | ☐ Variable |

| 10. **Is this claim based on a lease?** | ☐ No |
|---|---|
| | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. **Is this claim subject to a right of setoff?** | ☐ No |
|---|---|
| | ☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

**Name of the person who is completing and signing this claim:**

Name  _____
        First name                    Middle name                    Last name

Title  _____

Company  _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
        Number          Street

_____
City                                        State        ZIP Code

Contact phone  _____        Email  _____

## <u>Exhibit 4</u>

**Form of Non-Customer Proof of Claim Form**

United States Bankruptcy Court, District of New Jersey (Trenton)

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ BlockFi Inc. (Case No. 22-19361) | ☐ BlockFi Wallet LLC (Case No. 22-19366) | ☐ BlockFi Investment Products LLC (Case No. 22-19370) |
| ☐ BlockFi Trading LLC (Case No. 22-19363) | ☐ BlockFi Ventures LLC (Case No. 22-19367) | ☐ BlockFi Services, Inc. (Case No. 22-19371) |
| ☐ BlockFi Lending LLC (Case No. 22-19365) | ☐ BlockFi International Ltd. (Case No. 22-19368) | ☐ BlockFi Lending II LLC (Case No. 22-19374) |

<u>Modified Official Form 410</u>

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed (November 28, 2022).** That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Number     Street | Number     Street |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____

Filed on ____ / ____ / ____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing?

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed (November 28, 2022)**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| **7. How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❑ Motor vehicle<br>❑ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**          $_____<br><br>**Amount of the claim that is secured:**   $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>❑ Fixed<br>❑ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br><br>❑ Yes. *Check one:* | **Amount entitled to priority** |
| | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❑ No<br><br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
　　　　　　　MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name　　　_____
　　　　　First name　　　　　Middle name　　　　　Last name

Title　　　_____

Company　_____
　　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.

Address　_____
　　　　　Number　　　Street
　　　　　_____
　　　　　City　　　　　　　　　　State　　ZIP Code

Contact phone _____　　Email _____

<u>Modified Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at <u>https://restructuring.ra.kroll.com/blockfi</u>.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

**If by first class mail:**

BlockFi Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**

BlockFi Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at
https://restructuring.ra.kroll.com/blockfi via the link
entitled "Submit a Claim."**

---

### Do not file these instructions with your form

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) SETTING BAR
DATES FOR SUBMITTING PROOFS OF CLAIM,
(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,
(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through and including

~~twelve~~thirteen (1~~2~~3), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion For Entry of An Order (I) Setting Bar Dates For Submitting Proofs ~~Of~~of Claim, (II) Approving Procedures ~~For~~for Submitting Proofs ~~Of~~of Claim, (III) Approving Notice Thereof, And (IV) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these ~~c~~Chapter 11 ~~c~~Cases and the form~~s~~ of Proof of Claim attached ~~t~~hereto as **Exhibit ~~B~~1, Exhibit 2, Exhibit 3,** and **Exhibit ~~C~~4,** (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached ~~thereto~~to the Motion as Exhibit D (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached thereto as Exhibit E, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the ~~relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the~~ Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");[2] and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on the basis as set forth herein.

2.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") on or before **5:00 p.m. prevailing Eastern Time on March 31~~3~~, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3.      Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent on or before **5:00 p.m. prevailing Eastern Time on May 30, 2023** (the "Governmental Bar Date").

4.      Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order

authorizing such rejection and, if no such date is provided, thirty calendar days from the date of

entry of such order (the "<u>Rejection Bar Date</u>").   The Debtors will provide notice of the

Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected

at the time the Debtors reject such executory contract or unexpired lease.

5.      In the event the Debtors amend or supplement their Schedules, the Debtors shall

give notice of any such amendment to the holders of any Claim affected thereby, and such holders

shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing**

**Eastern Time on the date that is thirty calendar days** after such person or entity is served with

notice that the Debtor has amended its Schedules in a manner that affects such person or entity

(any such date, a "<u>Supplemental Bar Date</u>").

6.      In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not

excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim

in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any

chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any

distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices

regarding such Claim, *provided* that, in the event that BlockFi International Ltd. enters into a full

liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary,

notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd.

shall not be automatically barred from asserting such Claims against BlockFi International Ltd. in

such liquidation proceedings without further order of the Supreme Court of Bermuda.  Such person

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

or entity shall not be treated as a creditor with respect to such Claim for any purpose in these ~~e~~Chapter 11 ~~e~~Cases.

7.    The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these Chapter 11 Cases shall apply:

a.    Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account and the type of account[2] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[3]

b.    In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.    Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the

---

[2]    For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly indicate:  (a) each type of cryptocurrency held, (b) the number of units of each cryptocurrency held, and (c) the type of account (BlockFi Wallet, BlockFi Interest Account, Retail Loans, Institutional Loans, BlockFi Private Client, and Credit Card).

[3]    Supporting documentation may include, but is not limited to, a .csv report of the claimant's account with the Debtors.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 22-19361 or that does not identify a Debtor will be deemed as submitted only against BlockFi Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-19361 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists; The failure to select the correct Debtor on the Proof of Claim Form alone is not a basis to object to the allowability of the Claim; *provided* that the asserted Claim is otherwise acceptable in all respects and complies with the terms of this Bar Date Order such that the Claim would have been allowed if not for the failure to select the correct Debtor on the Proof of Claim Form;

e. If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; *provided* that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent actually receives the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address: BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE. PROOFS OF CLAIM**

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

**SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

8.      Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

      a.   any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

      b.   any Claim that is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

      c.   any Claim that has previously been allowed by order of this Court;

      d.   any Claim that has already been paid in full by any of the Debtors;

      e.   any Claim for which a different deadline has previously been fixed by this Court;

      f.   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of BlockFi Inc.;

      g.   any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

      h.   any Claim based on an equity interest in the Debtors;

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

i. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j. claims for fees and expenses of professionals retained in these proceedings;

k. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

l. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

m. any Claim held by any person or entity solely against a non-Debtor entity.

9. Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10. The Bar Date Notice, substantially in the form attached to the Motion as <u>Exhibit D</u>, and the Proof of Claim Forms, substantially in the forms attached to ~~the Motion~~this Bar Date Order as **Exhibit ~~B~~1, Exhibit 2, Exhibit 3,** and **Exhibit ~~C,~~4** are hereby approved.

11. The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms to be served within ten business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

a. the Master Service List (as defined in the Case Management Procedures);

b. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

    c.   all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.   all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.   all entities who are party to executory contracts and unexpired leases with the Debtors;

    f.   all entities who are party to litigation with the Debtors;

    g.   all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    h.   all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

    i.   all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12. After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors ~~may, in their discretion,~~shall make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) notices served only by email are confirmed to be undeliverable and the Debtors have alternative contact information for the creditor; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors ~~may~~shall make supplemental mailings of the Bar Date Notices and

---

[4]   To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

Proof of Claim Forms in these and similar circumstances ~~at any time up to fourteen days in advance of~~and such holders shall submit their Claims by the later of (a) the applicable Bar Date~~, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.~~ and (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Forms.

13.    Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as <u>Exhibit E</u> to the Motion, on one occasion in *The New York Times* (National Edition), *CoinDesk* (CoinDesk.com), *The Royal Gazette*, and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service.

14.    For the avoidance of doubt, ~~the Notice and Claims Agent is authorized to redact certain personally identifiable information from the claims register for each Debtor,~~ in accordance with ~~the~~paragraph 4 of *Interim Order Granting Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* [Docket No 53] and any final order related thereto., each of the Debtors and the Notice and Claims Agent are authorized to take all actions necessary to redact the personally identifiable information of clients or individuals, including their names, home addresses, email addresses, and

(Page | 12)

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

any other Personal Data (as defined in the Creditor Matrix Motion [Docket No. 4]) from any document filed on, or otherwise prevent such personally identifiable information being published on, the publicly available claims register for each Debtor, unless the Court orders the information to be unredacted.

15. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

16. The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17. Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18. Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20. Notwithstanding anything to the contrary in the Motion, this Bar Date Order, or any findings announced at the hearing, nothing in the Motion, this Bar Date Order, or announced at

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, (III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF |

the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## Exhibit 1

### Form of Wallet Account Holder Proof of Claim Form

**Exhibit 2**

**Form of Interest Bearing Account Holder Proof of Claim Form**

**Exhibit 3**

**Form of Loan Account Holder Proof of Claim Form**

**Exhibit 4**

**Form of Non-Customer Proof of Claim Form**