| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for the Debtors and Debtors in Possession* |
| *Proposed Attorneys for Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

# SUPPLEMENTAL DECLARATION OF JOSHUA A. SUSSBERG IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF NOVEMBER 28, 2022

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1.     I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland").[2] I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Northern District of Illinois, and the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2. I submit this supplemental declaration (the "Supplemental Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* [Docket No. 133] (the "Application").

3. On November 28, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On December 22, 2022, the Debtors filed the Application pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

4. My original declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

5. In connection with the Application, I submit this Supplemental Declaration to provide additional disclosures in response to requests made by the United States Trustee for the District of New Jersey (the "U.S. Trustee") and in accordance with Bankruptcy Rules 2014(a) and

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2016(b).  Except as otherwise indicated in this Supplemental Declaration, all facts stated in the Supplemental Declaration are based on personal knowledge, information learned from my review of relevant documents, and information supplied to me by Kirkland's partners or employees.  If called upon to testify, I could and would testify on that basis.

## Additional Disclosures

6. Each of the firms the Debtors have proposed to retain serves a distinct purpose from the others.  In preparing for these chapter 11 cases and subsequently, partners at Haynes and Boone, LLP ("Haynes and Boone") and Kirkland have discussed the division of labor between the firms.  Set forth below is the division of labor between the two firms:

7. Haynes and Boone is primarily responsible for the following:

   a. Advising the Debtors (to the extent applicable) in matters adverse to the Celsius debtors or the Voyager debtors;
   b. FTX/Alameda claims and litigation in New Jersey and Delaware;
   c. Department of Justice seizure of the collateral represented by the HOOD Shares;
   d. Emergent Fidelity Technologies Ltd. ("Emergent") adversary proceeding;
   e. Antigua joint provisional liquidators' ("JPLs") claims and litigation in New Jersey, Delaware and Antigua related to Emergent and HOOD shares;
   f. All matters in the case related to BlockFi International, including, but not limited to, working with Bermuda JPLs in the Bermuda proceedings and US proceedings;
   g. Day to day ordinary course transactions involving the Debtors, including, but not limited to, guidance on loan servicing, the BlockFi Visa Card, and the workout of certain retail loans, institutional transactions and mining loans;
   h. Day to day ordinary course litigation issues, including, but not limited to, responding to demands, threats, civil subpoenas, claims and lawsuits;
   i. Executory contract and lease issues;
   j. Transactional support to Debtors and Kirkland regarding the sale process and M&A;
   k. *In re Core Scientific, Inc., et al.*, Case No. 22-90341 (Bankr. S.D. Tex. 2022) (DRJ) bankruptcy proceeding and the Debtors' claims therein;
   l. D&O insurance policy issues;
   m. SOFAs and Schedules;
   n. Vendor issues;
   o. Responding to creditor and party-in-interest inquiries directed to Haynes and Boone; and

    p. First Day Motions regarding operational matters.

 8. Kirkland is primarily responsible for the following:

    a. Corporate governance matters;
    b. Retention program issues;
    c. BlockFi Wallet issues;
    d. Internal investigations by the Debtors' independent directors;
    e. Responding to the 2004 investigation by the Committee;
    f. M&A for sale of business or assets in whole or part;
    g. The Debtors' plan of reorganization;
    h. Governmental inquiries/investigations; and
    i. First Day Motions regarding cash management and employment matters.

 9. It should be noted that there are some areas of this case that the combined legal services of Haynes and Boone and Kirkland are required. As an example, the work in relation to BlockFi International requires both firms to work on discrete parts of this workstream. While Haynes and Boone is primarily engaged in the BlockFi International matters, there are certain workstreams within Kirkland's primary responsibilities that involve aspects of the business of BlockFi International. In particular, Kirkland is primarily responsible for the Wallet analysis and related motions both for US and non-US customers. BlockFi International provides Wallet to non-US customers. So, both Haynes and Boone as primary contact with the JPLs in Bermuda and Kirkland as lead in Wallet discussions are engaged in this combined workstream. The responsibility and assigned work for the Haynes and Boone attorneys and the Kirkland attorneys on this combined workstream are distinct and have been thoughtfully organized to avoid duplication. Moreover, the Debtors' management actively monitors the division of labor between the retained professionals to avoid duplication. The Wallet matters in BlockFi International are presented in this Supplemental Declaration as an example of a situation in which primary responsibility for distinct subparts of a workstream are necessary to provide legal advice to the Debtors in order to complete the workstream in an efficient manner.

10. Cole Schotz's role in these chapter 11 cases is to serve as New Jersey counsel, with extensive experience and expertise in bankruptcy cases in this district. In that capacity, Cole Schotz will provide the Debtors with advice regarding the local rules, practice and procedures of the United States Bankruptcy Court for the District of New Jersey, and Third Circuit law. Additionally, Cole Schotz will provide legal advice and services on any matter on which Kirkland and Haynes and Boone may have a conflict or as requested based on Cole Schotz's specialization.

11. **Exhibit A** attached hereto sets forth a proposed staffing plan and the current hourly rates of the attorneys and other personnel likely to work on these chapter 11 cases. Kirkland may periodically amend its staffing plan as the case develops and increase the hourly billing rates of attorneys and paraprofessionals consistent with the terms of the Application and Engagement Letter.

12. Kirkland is not aware of any actual conflicts among the various Debtors in these chapter 11 cases. In the event the Independent Directors determine an actual conflict may exist, they are empowered to retain separate counsel, subject to Bankruptcy Court approval. Further, Kirkland does not believe there are any conflicts, perceived or otherwise, in its joint representation of all of the Debtors in these chapter 11 cases.

13. Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") is not currently a Kirkland client and has not been a Kirkland client for at least the past 36 months. As discussed in paragraph 49 of the Original Declaration, Quinn Emanuel has appeared on behalf of West Realm Shires, Inc. ("FTX") in connection with these chapter 11 cases. Kirkland is not aware of any potential causes of action the Debtors may have against Quinn Emanuel at this time. Kirkland is not aware of any potential cause of action that Quinn Emanuel may have against the Debtors at this time.

14. As disclosed in paragraph 42 of the Original Declaration, certain Kirkland attorneys are individual clients of the Debtors. These Kirkland attorneys will not perform work in connection with Kirkland's representation of the Debtors and will not have access to confidential information related to the representation. Kirkland's formal ethical screen, as discussed further in the Original Declaration, provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Kirkland attorneys who are the Debtors' Clients and protecting confidential information.

15. Kirkland currently represents Voyager in its chapter 11 cases. While both the Debtors and Voyager have agreed to appropriate and necessary waivers with respect to these matters, there is no specific multi-party conflict waiver between the Debtors and Voyager. Pursuant to the terms of the Engagement Letter, in the event Kirkland determines a present conflict of interest exists or arises in the future between the Debtors and Voyager in a restructuring case, the Debtors will be required to use separate conflicts counsel in those matters. Haynes and Boone is representing the Debtors in the Voyager chapter 11 cases.

16. Kirkland currently represents Celsius its chapter 11 cases. While both the Debtors and Celsius have agreed to appropriate and necessary waivers with respect to these matters, there is no specific multi-party conflict waiver between the Debtors and Celsius. Pursuant to the terms of the Engagement Letter, in the event Kirkland determines a present conflict of interest exists or arises in the future between the Debtors and Celsius in a restructuring case, the Debtors will be required to use separate conflicts counsel in those matters. Haynes and Boone is representing the Debtors in the Celsius chapter 11 cases.

17. Kirkland is not aware of any potential causes of action that the Debtors may have against Coinbase Global, Inc. ("Coinbase"), Robinhood Markets, Inc. ("Robinhood"), or their

respective subsidiaries and affiliates at this time. Kirkland is not aware of any potential causes of action Coinbase or Robinhood may have against the Debtors at this time.

18. By reason of the foregoing, I believe Kirkland is eligible for employment and retention by the Debtors pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

[*Remainder of page left intentionally blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: January 31, 2023

Respectfully submitted,

By: */s/ Joshua A. Sussberg*
    Joshua A. Sussberg
    as President of Joshua A. Sussberg, P.C.,
    as Partner of Kirkland & Ellis LLP; and as
    Partner of Kirkland & Ellis International
    LLP

## Exhibit A

### Staffing Plan

| Attorney or Staff Name | Staff Level | Current USD Rate |
|---|---|---|
| Bob Allen, P.C. | Partner | $1,605 |
| Joanna Aybar | Paralegal | $395 |
| Joey Daniel Baruh | Associate | $985 |
| Alli Beckett | Conflicts Analyst Supervisor | $465 |
| Ziv Ben-Shahar | Associate | $735 |
| Erin Bishop | Associate | $1,135 |
| Cade C. Boland | Associate | $985 |
| Megan Bowsher | Paralegal | $395 |
| Megan Buenviaje | Litigation & Practice Tech Project Manager | $475 |
| Karsten Busby | Associate | $1,295 |
| Steven M. Cantor | Partner | $1,455 |
| Michael Y. Chan | Conflicts Specialist | $365 |
| Stephen Coudounaris | Associate | $1,155 |
| Kate Vera Coverdale, P.C. | Partner | $1,605 |
| Marta Dudyan | Conflicts Analyst II | $315 |
| Trevor Eck | Associate | $735 |
| Emma L. Flett | Partner | $1,795 |
| Julia R. Foster | Paralegal | $480 |
| Susan D. Golden | Partner | $1,475 |
| Nick Guisinger | Junior Paralegal | $295 |
| Will Guthrie | Associate | $1,245 |
| Meghan E. Guzaitis | Paralegal | $550 |
| Ricardo Guzman | Litigation & Practice Tech Project Manager | $475 |
| David Hackel | Associate | $735 |
| Shayne Henry | Partner | $1,310 |
| Richard U. S. Howell, P.C. | Partner | $1,620 |
| Aleschia D. Hyde | Associate | $985 |
| Rob Jacobson | Associate | $1,155 |
| Elizabeth Helen Jones | Associate | $1,155 |
| Katherine Karnosh | Associate | $935 |
| Mike James Koch | Associate | $735 |
| Tom Kotlowski | Associate | $995 |
| Library Business Research | Research Services | $445 |
| Library Factual Research | Research Services | $445 |
| Drew Maliniak | Associate | $1,295 |
| Sarah R. Margolis | Associate | $995 |
| Alex McCammon | Associate | $1,295 |
| Casey McGushin | Partner | $1,415 |

| | | |
|---|---|---|
| Brian Nakhaimousa | Associate | $995 |
| Eric Nyberg | Other Billers | $315 |
| Christine A. Okike, P.C. | Partner | $1,850 |
| Isabella J. Paretti | Associate | $735 |
| Francis Petrie | Associate | $1,295 |
| Evangelia Podaras | Partner | $1,405 |
| William T. Pruitt | Partner | $1,550 |
| Margaret Reiney | Associate | $1,155 |
| Chloe Reum | Associate | $715 |
| Laura K. Riff | Partner | $1,405 |
| Jimmy Ryan | Associate | $885 |
| Alexandra Schrader | Associate | $985 |
| Anthony Vincenzo Sexton | Partner | $1,680 |
| Michelle Six | Partner | $1,495 |
| Michael B. Slade | Partner | $1,855 |
| John Sorrentino | Trial Setup Specialist | $455 |
| Luke Spangler | Junior Paralegal | $325 |
| Josh Sussberg, P.C. | Partner | $2,045 |
| Steve Toth | Partner | $1,615 |
| Katie J. Welch | Associate | $1,135 |
| Jenny Wilson | Partner | $1,595 |
| Lydia Yale | Paralegal | $335 |
| Alex Zapalowski | Associate | $1,245 |
| Mason N. Zurek | Associate | $995 |