

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Order Filed on January 30, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

BLOCKFI INC., *et al.*,

     Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

Judge: Michael B. Kaplan

### ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including eleven (11), is **ORDERED**.

**DATED: January 30, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect To the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures") in connection with the sale of the Assets, (b) approving the Bid Protections, (c) establishing certain dates and deadlines, including the Bid Deadline, and the date of the Auction, if any, (d) approving the manner of notice of the Auction, if any, (e) scheduling dates and deadlines in connection with approval of a Sale, Disclosure Statement, and confirmation of a Plan, and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of the Debtors' enterprise, including with respect to the proposed procedures for providing Bid Protections as determined by the Debtors in an exercise of their business judgment.

3.    The Debtors' proposed notice of the Motion and the Hearing was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to all interested persons and entities.

4.    All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

| (Page | 4) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

## I.   **Important Dates and Deadlines**.

5.      **Final Bid Deadline**.  February 20, 2023, at 12:00 p.m., prevailing Eastern Time, is the deadline by which all Qualified Bids must be **actually received** by the parties specified in the Bidding Procedures.

6.      **Stalking Horse Bidders and Bid Protections**.  The Debtors, upon entry of this Order, shall be authorized, but are not obligated or directed, in an exercise of their business judgment, and in consultation with the Committee, to select one or more Stalking Horse Bidders with respect to some or all of the Debtors' Assets and enter into a Stalking Horse Agreement.

7.      In the event that the Debtors enter into a Stalking Horse Agreement with one or more Stalking Horse Bidders, within two business days of entry, the Debtors shall file a notice and proposed form of order with the Court (the "Stalking Horse Notice") and serve on the Stalking Horse Bidder, the U.S. Trustee, and the Committee.  The Stalking Horse Notice shall: (i) set forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor); (ii) set forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iii) state whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid; (iv) specify any proposed Bid Protections; (v) attach the Stalking Horse Agreement, including all exhibits, schedules and attachments thereto; and (vi) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections.  If there are no objections to the Stalking Horse Notice within two business days of filing with the Court, (the "Notice Period"), the Debtors may

| (Page | 5) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

submit an order to the Court that incorporates any comments received during the Notice Period that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse Agreement, without the need for further hearing. If a party files an objection to the Stalking Horse Notice, the Court shall hold a hearing after the expiration of the Notice Period and as soon thereafter as the Court is available.

8.      Upon entry of the order that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse Agreement, the Debtors are authorized, but not directed, to incur and pay (a) the Breakup Fee in an amount not to exceed three percent of the proposed Purchase Price and (b) the Expense Reimbursement to each Stalking Horse Bidder.

9.      No person or entity, other than a Stalking Horse Bidder, shall be entitled to any expense reimbursement, breakup fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

10.      **Auction**. The date and time of the Auction, if needed, is February 28, 2023, at 10:00 a.m. prevailing Eastern Time, which time may be extended by the Debtors in their sole discretion, upon written notice with the Court. The Auction will be held at the offices of the proposed investment banker to the Debtors: Moelis & Company LLC, 399 Park Ave., 4th Floor, New York, NY 10022. The Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders, the Committee, and the U.S. Trustee no later than two business

| (Page | 6) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

days before such Auction, and will post notice of the date, time, and place of the Auction no later than two business days before such Auction on the website of the Debtors' notice, claims, and solicitation agent, Kroll Restructuring Administration LLC (the "Notice and Claims Agent"), at https://restructuring.ra.kroll.com/blockfi. For the avoidance of doubt, the Debtors may also conduct more than one Auction with respect to non-overlapping material portions of the Debtors' Assets.

11. **Deadline to File Sale Motion**. March 2, 2023, at 4:00 p.m. prevailing Eastern Time, is the deadline by which the Sale Motion must be filed with the Court and served on the applicable notice parties.

12. **Sale Objection Deadline**. March 16, 2023, at 4:00 p.m. prevailing Eastern Time, is the deadline by which objections to the Sale must be filed with the Court and served so as to be actually received by the (i) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Christine A. Okike, P.C., Francis Petrie; (ii) proposed co-counsel to the Debtors, Haynes and Boone LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz; (iii) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: Robert J. Stark, Bennett S. Silverberg, Kenneth J. Aulet, and Stephen D. Palley; and (iv) the U.S. States Trustee for Region 3, District of New Jersey, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Lauren Bielskie and Jeffrey M. Sponder (collectively, the "Objection Notice Parties"), as applicable and appropriate.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

13.      **Sale Hearing**.  March 23, 2023, at 10:00 a.m. prevailing Eastern Time, is the date and time for the hearing for the Court to consider the Successful Bid or Successful Bids, if needed.

14.      **Deadline to File Disclosure Statement**.  April 3, 2023, at 4:00 p.m. prevailing Eastern Time, is the deadline by which the Disclosure Statement must be filed with the Court and served on the applicable notice parties.

15.      **Disclosure Statement Objection Deadline**.  May 1, 2023, at 4:00 p.m. prevailing Eastern Time, is the deadline by which objections to the Disclosure Statement must be filed with the Court and served so as to be actually received by the Objection Notice Parties, as applicable and appropriate.

16.      **Disclosure Statement Hearing**.  May 8, 2023, at 10:00 a.m. prevailing Eastern Time, is the date and time for the hearing for the Court to consider approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code.

17.      **Solicitation Deadline**.  The Debtors shall determine the deadline for distributing solicitation packages, including ballots, to holders of claims entitled to vote to accept or reject the Plan in the order approving the Disclosure Statement, in consultation with the Claims and Noticing Agent.

18.      **Plan Objection Deadline**.  June 12, 2023, at 4:00 p.m., prevailing Eastern Time, is the deadline by which objections to the Plan must be filed with the Court and served so as to be actually received by the Objection Notice Parties, as applicable and appropriate.

| (Page | 8) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

19.    **Voting Deadline**.  June 12, 2023, at 4:00 p.m., prevailing Eastern Time, is the deadline by which all ballots must be properly executed, completed, and delivered so that they are actually received by the Notice and Claims Agent.

20.    **Confirmation Hearing**.  June 19, 2023, at 10:00 a.m. prevailing Eastern Time, is the date and time for the hearing to consider confirmation of the Plan.

**II.**    **Auction, Bidding Procedures, Transaction Notice, and Related Relief**.

21.    The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures. Notwithstanding anything to the contrary, the Debtors may modify the Bidding Procedures as necessary or appropriate to maximize value for their estates.

22.    Any deposit provided by a Stalking Horse Bidder or other Qualified Bidder shall be held in escrow by the Debtors or their agent, and shall not become property of the Debtors' bankruptcy estates unless and until released from escrow to the Debtors pursuant to the terms of the applicable escrow agreement or order of this Court.

23.    The Transaction Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  As soon as reasonably practicable following the entry of this Order, the Debtors will cause the Transaction Notice to be served upon (a) the office of the U.S. Trustee; (b) the

| (Page \| 9) | |
| --- | --- |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) any Qualified Bidders; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

### III.  **Consumer Privacy Ombudsman**

24.     The U.S. Trustee, in consultation with the Debtors only as to timing, shall appoint a consumer privacy ombudsman (a "CPO"), whose purview will be limited to any Sale of any Assets that contain personally identifiable information in these chapter 11 cases.  The Debtors and the U.S. Trustee will continue to engage on the timing of the appointment of any such CPO.

### IV.  **Miscellaneous**.

25.     Nothing in this Order or the Bidding Procedures shall be deemed a waiver of any rights, remedies or defenses that any party (including the sureties, the Debtors, the Debtors' lenders, any Stalking Horse Bidder, if applicable, or any other prospective purchaser) has or may have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, surety bonds or related agreements or any letters of credit relating thereto, or any rights, remedies, or defenses of the Debtors with respect thereto, including seeking Bankruptcy Court relief with regard to the Auction, the Bidding Procedures, the Sale, and any related items (including, if necessary, to seek an extension of the Bid Deadline).

26.     Nothing in this Order or the Bidding Procedures shall be deemed to limit any approval or objection rights of the Bermuda Monetary Authority to the extent the Sale implicates

| (Page | 10) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

any Assets of BlockFi International Ltd, which such Sale and the Bidding Procedures (as applicable) may also be subject to approval by the Bermuda Supreme Court.

27.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

28.     The Court, at the request of the Debtors and subject to its availability, may modify the dates of and adjourn any hearing set by this Order without further Order of this Court, *provided* that the Debtors will serve notice (email to suffice) to any Qualified Bidder, Stalking Horse Bidder, the Committee, and the U.S. Trustee, as applicable and appropriate, informing them of such requested modification.

29.     The Debtors may, in consultation with the Committee, modify any of the deadlines set forth herein, *provided* that the Debtors will serve notice (email to suffice) to any Qualified Bidder, Stalking Horse Bidder, the Committee, and the U.S. Trustee, as applicable and appropriate, informing them of such modification.

30.     The Debtors may modify any Bid Deposit, upon consultation with the Committee, as necessary or appropriate, based on the Assets being sold.

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption: | ORDER (I) APPROVING THE BIDDING PROCEDURES AND RELATED DATES AND DEADLINES, (II) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE DEBTORS' SALE, DISCLOSURE STATEMENT, AND PLAN CONFIRMATION, AND (III) GRANTING RELATED RELIEF |

31.     The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

32.     In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

33.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

35.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

36.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

37.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Bidding Procedures**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## BIDDING PROCEDURES FOR THE
## SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS
## IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS

On November 28, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court").

On [●], 2023, the Court entered an order [Docket No. [●]] (the "Bidding Procedures Order") approving, among other things, these bidding procedures (the "Bidding Procedures"). These Bidding Procedures set forth the process by which the Debtors are authorized to solicit the highest or otherwise best bids (each, a "Bid") and conduct an auction (the "Auction") for the sale (the "Sale") of certain of the Debtors' equity and/or certain of the Debtors' assets (the "Assets").

The Sale, if any, will be implemented pursuant to section 363 of the Bankruptcy Code or a chapter 11 plan of reorganization (as modified, amended, or supplemented from time to time, the "Plan").

To the extent that these Bidding Procedures require the Debtors to consult with the Official Committee of Unsecured Creditors (the "Committee") in connection with making a determination or taking any action, or in connection with any other matter related to these Bidding Procedures or at an Auction, if any, the Debtors shall do so in a regular and timely manner prior to making such determination or taking any such action.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Copies of the Bidding Procedures Order or any other documents in the Debtors' chapter 11 cases are available upon request to Kroll Restructuring Administration LLC, by calling (888) 773-0375 (Toll-Free) or (646) 440-4371 (International) or by visiting https://restructuring.ra.kroll.com/blockfi.

## A.    Participation Requirements.

To participate in the bidding process or otherwise be considered for any purpose hereunder, an entity interested in submitting a Bid (a "Potential Bidder") must deliver (unless previously delivered) to each of (i) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Christine A. Okike, P.C. (christine.okike@kirkland.com), Francis Petrie (francis.petrie@kirkland.com); (ii) proposed co-counsel to the Debtors, Haynes and Boone LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz (richard.kanowitz@haynesboone.com); (iii) proposed counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, New York 10036; and (iv) the Debtors' proposed investment banker, Moelis & Company LLC, 399 Park Avenue, 4th Floor, New York, New York 10022, Attn.: Jared Dermont (jared.dermont@moelis.com), Mike DiYanni (michael.diyanni@moelis.com), Barak Klein (barak.klein@moelis.com), and Brian Tichenor (brian.tichenor@moelis.com) (collectively, the "Notice Parties"):

(i)    a written proposal (a "Proposal") containing all material terms, including, but not limited to:

(a)    the identity and a description (including entity type, jurisdiction of formation or organization, credit rating, and regulators, if applicable) of the Potential Bidder;

(b)    the proposed Purchase Price (as defined herein) in U.S. dollars;

(c)    a statement of which specific Assets the Potential Bidder intends to acquire, any liabilities the Potential Bidder intends to assume, and which Assets the Potential Bidder does not intend to acquire;

(d)    a statement specifying any key assumptions and any variables to which the Potential Bidder's valuation is sensitive, as well as any other information the Potential Bidder believes will assist in evaluation of the Proposal;

(e)    a brief assessment of the Potential Bidder's rationale for the Proposal and the Potential Bidder's intentions with respect to the Assets. The Proposal should also highlight any former involvement in similar sectors to the Debtors and any other support/relevant facts that support the basis for the Proposal;

(f)    a statement regarding the level of review and, if necessary, approval that the Proposal has received within the Potential Bidder's

2

organization.  The Proposal should also provide a list of any corporate, shareholder, regulatory, or other approvals required to complete the Sale and the timing to obtain such approvals as well as any other conditions or impediments to the consummation of the Sale;

(g)    a detailed description of the intended sources of any financing required for the proposed Sale and any contingencies related thereto, as well as an indication of the timing and steps, if any, required to secure such financing, or a statement that the Potential Bidder has available all of the funds necessary to perform all obligations regarding the proposed Sale;

(h)    a description of the Potential Bidder's intentions with respect to any relevant members of the Debtors' current management team and other employees and a description of any contemplated incentive plan, to the extent applicable;

(i)    a detailed list of due diligence topics, documents required to review, and other material diligence items including site visits, as well as timing in order to finalize a definitive written agreement;

(j)    a description of the expected timetable to consummate a Sale.  Any material conditions or other relevant information that might influence the Potential Bidder's ability to consummate a transaction in a timely fashion should be disclosed;

(k)    a list of the names, and respective functions, of the Potential Bidder's due diligence team and any legal, financial, and other advisors the Potential Bidder has engaged or would plan to engage in connection with the Sale, including their contact information, and the names, phone numbers, and email addresses of the individuals prepared to answer any questions regarding the Proposal; and

(ii)    an executed confidentiality agreement on terms reasonably acceptable to the Debtors (the "Confidentiality Agreement," and, together with the Proposal, the "Bid Documents").

Within four business days after a Potential Bidder delivers the Bid Documents, the Debtors will determine in their reasonable business judgment, upon consultation with the Committee, whether such Potential Bidder has submitted acceptable Bid Documents (any such Potential Bidder being referred to as an "Acceptable Bidder").  The Debtors will provide regular updates to the Committee, through their counsel, regarding Potential Bidders, Proposals, and Acceptable Bidders.

**Bid Documents must be sent to the Notice Parties so as to be actually received no later than February 20, 2023, at 12:00 p.m., prevailing Eastern Time (the "Bid Deadline").**

**B.**     **Due Diligence.**

(i)     <u>**Access to Due Diligence**</u>.

Only Acceptable Bidders will be eligible to receive due diligence and access to additional non-public information regarding the Assets and the Debtors.  The Debtors will provide each Acceptable Bidder with access to the virtual data room and reasonable due diligence information concerning those Assets that are the subject of such Acceptable Bidder's Bid (or such other Assets if the list provided in accordance with section A.i(c) above is amended or modified), as requested by such Acceptable Bidder in writing, as soon as reasonably practicable after such request, but shall only extend to those Assets (or such other Assets if the list provided in accordance with section A.i(c) above is amended or modified) that are the subject of such Acceptable Bidder's Bid. The Debtors will post substantially all written due diligence provided to any Acceptable Bidder to the Debtors' virtual data room.  The due diligence period will end on the Bid Deadline (as defined herein), after which the Debtors will have no obligation to furnish any due diligence information.

In connection with the provision of due diligence information to Acceptable Bidders, the Debtors will not furnish any confidential information relating to the Debtors, the Debtors' Assets or liabilities, or the Sale to any person except an Acceptable Bidder or such Acceptable Bidder's duly-authorized representatives, in each case, to the extent provided in the applicable Confidentiality Agreement and only to the extent of the Assets that are the subject of such Acceptable Bidder's Bid.

The Debtors and their advisors will coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; *provided* that the Debtors may decline to provide such information to Acceptable Bidders who, in the Debtors' reasonable business judgment have not established that such Acceptable Bidders intend in good faith to, or have the capacity to, consummate their Bid.  No conditions relating to the completion of due diligence will be permitted to exist after the Bid Deadline (as defined herein).

The Debtors also reserve the right in their business judgment to withhold any diligence materials that the Debtors reasonably determine are sensitive, proprietary, or otherwise not appropriate for disclosure to an Acceptable Bidder who the Debtors reasonably determine is a competitor of the Debtors or is affiliated with any competitor of the Debtors.  Neither the Debtors nor their representatives will be obligated to furnish information of any kind whatsoever to any person that is not determined to be an Acceptable Bidder.

Each Acceptable Bidder will be deemed to acknowledge and represent that it:  (a) has had an opportunity to conduct any and all due diligence regarding the Debtors' Assets and liabilities that are the subject of the Auction to the extent of the Assets and liabilities that are the subject of their Bid prior to making any such Bid; (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Debtors' Assets or liabilities, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures.  Neither the Debtors nor any of their employees, officers, directors, affiliates, subsidiaries, representatives, agents, advisors, or

4

professionals are responsible for, and will bear no liability with respect to, any information obtained by Acceptable Bidders in connection with the Sale.

> The Debtors have designated Moelis & Company LLC, 399 Park Avenue, 4th Floor, New York, New York 10022, Attn.:   Jared Dermont (jared.dermont@moelis.com), Mike DiYanni (michael.diyanni@moelis.com), Barak Klein (barak.klein@moelis.com), and Brian Tichenor (brian.tichenor@moelis.com), to coordinate all reasonable requests for additional information and due diligence access.

(ii)    **No Communications Among Acceptable Bidders**.

There must be no communications between and amongst Acceptable Bidders, unless the Debtors have previously authorized such communication in writing.  The Debtors reserve the right, in their reasonable business judgment, upon consultation with the Committee to disqualify any Potential Bidders and/or Acceptable Bidders that have communications between and amongst themselves; *provided* that any Acceptable Bidder that believes it has been wrongfully disqualified hereunder may file an emergency motion with the Court seeking the reversal of such disqualification.

**C.    Stalking Horse Bidders and Bid Protections.**

Upon entry of the Bidding Procedures Order, the Debtors shall be authorized but not obligated, in an exercise of their business judgment, and upon consultation with the Committee, to select one or more Acceptable Bidders to act as stalking horse bidders in connection with the Auction (each, a "Stalking Horse Bidder") and enter into a stalking horse agreement with each Stalking Horse Bidder (each, a "Stalking Horse Agreement").

In the event that the Debtors enter into a Stalking Horse Agreement with one or more Stalking Horse Bidders, within two business days of entry, the Debtors shall file a notice and proposed form of order with the Court (the "Stalking Horse Notice") and serve on the Stalking Horse Bidder, the U.S. Trustee, and the Committee.  The Stalking Horse Notice shall: (i) set forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor); (ii) set forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iii) state whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid; (iv) specify any proposed Bid Protections; (v) attach the Stalking Horse Agreement, including all exhibits, schedules and attachments thereto; and (vi) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections.  If there are no objections to the Stalking Horse Notice within two business days of filing with the Court, (the "Notice Period"), the Debtors may submit an order to the Court that incorporates any comments received during the Notice Period that authorizes the Debtors to designate a Stalking Horse Bidder and to enter into a Stalking Horse Agreement, without the need for further hearing.  If a party files an objection to the Stalking Horse Notice, the Court shall hold a hearing after the expiration of the Notice Period and as soon thereafter as the Court is available.

Upon entry of the order approving the designation of a Stalking Horse Bidder and Stalking Horse Agreement, the Debtors are authorized, but not directed, to incur and pay a (i) breakup fee

(the "Breakup Fee") in an amount not to exceed three percent of the proposed Purchase Price, and/or (ii) agree to reimburse reasonable and documented out-of-pocket fees and expenses (the "Expense Reimbursement," and together with the Breakup Fee, the "Bid Protections") to each Stalking Horse Bidder.

**D.    Bid Requirements.**

To be eligible to participate in the Auction, an Acceptable Bidder must deliver to the Debtors and their advisors, a written, irrevocable offer that must be determined by the Debtors, in their business judgment, to satisfy each of the following conditions (collectively, the "Bid Requirements"):

(i)    **Purpose**. Each Acceptable Bidder must state that the Bid includes an offer by the Acceptable Bidder to acquire the Debtors' equity and/or some or all of the Assets, and identify the Assets with reasonable specificity.

(ii)    **Transaction Structure and Purchase Price**. Each Bid must clearly set forth the purchase price to be paid for the Assets (the "Purchase Price"), must specify the form (whether cash, cryptocurrency, or other, and the amount of each such form) of consideration to be included, and must indicate the source of consideration, including funding or financing commitments, and confirm that such consideration is not subject to any contingencies. The Bid should include a detailed sources and uses schedule. Each Bid shall also provide for appropriate treatment for the Account Holder Claims[2] as provided in the Plan. For purposes of calculating any Good Faith Deposit (defined below) or any potential Breakup Fee, cash and cryptocurrency coins that are being transferred by the Debtors, and any liabilities being assumed by a bidder, would not be included in the Purchase Price (but, for the avoidance of doubt, should still be set forth in the Bid).

(iii)    **Bid Deposit**. Each Bid must be accompanied by a cash deposit equal to the greater of: (a) ten percent of the net asset Purchase Price of the Bid; or (b) $5 million (provided, however, that (b) shall not be applicable with respect to any Bid solely for mining-related assets) (the "Good Faith Deposit"), which will be held in an escrow account to be identified and established pursuant to the authority granted by an order authorizing the Debtors to maintain their cash management system (the "Cash Management Order"); *provided, however*, that, with respect to clause (a), for purposes of calculating the amount of the Good Faith Deposit, cash and cryptocurrency coins that are being transferred by the Debtors, and any liabilities being assumed by a bidder, would not be included in the Purchase Price.[3]

---

[2]    "Account Holder Claims" shall have the meaning ascribed to such term in the *Joint Plan of Reorganization of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 22] (as amended, supplemented, or modified from time to time).

[3]    Notwithstanding anything to the contrary, the Debtors may modify any Good Faith Deposit, upon consultation with the Committee, as necessary or appropriate, based on the Assets being sold.

(iv)    **Committed Financing**.  To the extent that a Bid is not accompanied by evidence of the Acceptable Bidder's capacity to consummate the Sale transaction set forth in its Bid with cash on hand, each Bid must include committed financing documented to the Debtors' satisfaction that demonstrates that the Acceptable Bidder has received sufficient debt and/or equity funding commitments to satisfy the Acceptable Bidder's Purchase Price and other obligations under its Bid.  Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions reasonably acceptable to the Debtors in their sole discretion.

(v)    **Good Faith Offer**.  Each Bid must represent an irrevocable, binding, good faith, and *bona fide* offer to purchase some or all of the Assets identified in such Bid if such Bid is selected as the Successful Bid or the Back-Up Bid (each as defined herein).

(vi)    **Marked Agreement**.  Each Bid must be accompanied by clean and duly executed transaction documents including, at a minimum, a Plan or a draft asset purchase agreement, the form of which will be provided to any Acceptable Bidder prior to the Bid Deadline (as defined herein), including the exhibits and schedules related thereto and any related material documents integral to such Bid pursuant to which the Acceptable Bidder proposes to effectuate the Sale, along with copies that are marked to reflect any amendments and modifications from the Plan or asset purchase agreement provided, which amendments and modifications may not be materially more burdensome or otherwise inconsistent with these Bidding Procedures.  The Debtors, in their reasonable business judgment, will determine whether any such amendments and modifications are materially more burdensome.

(vii)    **No Contingencies**.  A Bid must not be conditioned on any contingency, including, among others, on obtaining any of the following (a) financing, (b) shareholder, board of directors, or other approval, and/or (c) the outcome or completion of a due diligence review by the Acceptable Bidder.

(viii)    **Binding and Irrevocable**.  An Acceptable Bidder's Bid must be irrevocable unless and until the Debtors accept a higher Bid and such Acceptable Bidder is not selected as the Back-Up Bidder (as defined herein).

(ix)    **Joint Bids**.  The Debtors will be authorized to approve joint Bids in their reasonable discretion on a case-by-case basis.

(x)    **Adequate Assurance Information**.  Each Bid must be accompanied by sufficient and adequate financial and other information (the "Adequate Assurance Information") to demonstrate, to the reasonable satisfaction of the Debtors that such Acceptable Bidder (a) has the financial wherewithal and ability to consummate the acquisition of the Assets (the "Closing"), and (b) can provide adequate assurance of future performance in

connection with the proposed transaction.  The Bid must also identify a contact person that parties may contact to obtain additional Adequate Assurance Information.

(xi)   **Identity & Corporate Authority**.  Each Bid must fully disclose the identity of each entity that will be participating in connection with such Bid (including any equity owners or sponsors, if the purchaser is an entity formed for the purpose of consummating the acquisition of the Assets), and the complete terms of any such participation, along with sufficient evidence that the Acceptable Bidder is legally empowered, by power of attorney or otherwise, to complete the transactions on the terms contemplated by the parties.  A Bid must also fully disclose any connections or agreements with the Debtors, any known, potential, prospective bidder or Qualified Bidder (as defined herein), or any officer, director, or equity security holder of the Debtors.

(xii)   **Authorization**.  Each Bid must contain evidence that the Acceptable Bidder has obtained authorization or approval from its board of directors (or a comparable governing body reasonably acceptable to the Debtors) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

(xiii)  **No Fees**.  Each Acceptable Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code; *provided* that the Debtors are authorized in their discretion, upon consultation with the Committee, to provide the Bid Protections to one or more Stalking Horse Bidders in accordance with these Bidding Procedures.

(xiv)  **Adherence to Bidding Procedures**.   By submitting its Bid, each Acceptable Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after conclusion of the Auction.

(xv)   **Regulatory Approvals and Covenants**.  A Bid must set forth each regulatory and third-party approval required for the Acceptable Bidder to consummate the applicable Sale, if any, and the time period within which the Acceptable Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty days following execution and delivery of the Plan and/or asset purchase agreement, those actions the Acceptable Bidder will take to ensure receipt of such approvals as promptly as possible).

(xvi)  **As-Is, Where-Is**.  Each Bid must include a written acknowledgement and representation that the Acceptable Bidder (a) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, (b) has relied solely upon its own independent review, investigation, and/or inspection of any

documents and/or the Assets in making its Bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Acceptable Bidder's proposed purchase agreement for the Assets.

(xvii) **Time Frame for Closing**.  A Bid by an Acceptable Bidder must be reasonably likely (based on antitrust or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid (as defined herein), within a time frame acceptable to the Debtors.

(xviii) **Consent to Jurisdiction**.  The Acceptable Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Debtors' qualification of Bids, the Auction, the construction and enforcement of these Bidding Procedures, the Plan, the Sale documents, and the Closing, as applicable.

The Debtors shall deliver any and all bids received to the Committee's advisors within two business days of receipt.  Bids fulfilling all of the preceding requirements, as determined by the Debtors and their advisors, upon consultation with the Committee, will be deemed to be "Qualified Bids," and those parties submitting Qualified Bids will be deemed to be "Qualified Bidders."  The Debtors reserve the right to work with any Acceptable Bidder in advance of the Auction to cure any deficiencies in a Bid that is not initially deemed to be a Qualified Bid.  The Debtors may accept a single Qualified Bid or multiple Qualified Bids for non-overlapping material portions of the Debtors' Assets such that, if taken together in the aggregate, would otherwise meet the standards for a single Qualified Bid (in which event those multiple bidders will be treated as a single Qualified Bidder for purposes of the Auction; *provided* that the Debtors also reserve the right to conduct more than one Auction with respect to non-overlapping material portions of the Debtors' Assets).

The Debtors and their advisors, upon consultation with the Committee, will determine which Acceptable Bidders are Qualified Bidders and will notify the Acceptable Bidders whether Bids submitted constitute, alone or together with other Bids, Qualified Bids so as to enable such Qualified Bidders to Bid at the Auction.  Any Bid that is not deemed a Qualified Bid will not be considered by the Debtors.  For the avoidance of doubt, any Acceptable Bidders designated as Stalking Horse Bidders by the Debtors and in accordance with these Bidding Procedures will be deemed to be Qualified Bidders, and any Stalking Horse Agreement submitted by such Stalking Horse Bidders will be deemed Qualified Bids, which qualify such Stalking Horse Bidders to participate in the Auction as Qualified Bidders.

**Bids must be sent to the Notice Parties so as to be <u>actually received</u> no later than 12:00 p.m., prevailing Eastern Time on the Bid Deadline.**

E.    **Evaluation of Qualified Bids.**

Prior to the Auction, the Debtors and their advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' reasonable business judgment, upon consultation with the Committee, the highest or otherwise best Bid (the "Initial Minimum Overbid").  For the avoidance of doubt, the Debtors may select more than one Qualified Bid to collectively serve as the Initial Minimum Overbid if each such Qualified Bid contemplates the purchase of different Assets.  In making such determination, the Debtors will take into account, among other things, (i) the amount of the Qualified Bid, (ii) the impact on customers, vendors, and employees, (iii) the certainty of a Qualified Bid leading to a confirmed Plan, and (iv) the execution risk attendant to any submitted Bids.  Within 24 hours of such determination, but in no event later than the start of the Auction, the Debtors will distribute copies of the Initial Minimum Overbid to each Qualified Bidder who has submitted a Qualified Bid, the Committee, and the U.S. Trustee.

If any Bid is determined by the Debtors not to be a Qualified Bid, the Debtors will refund such Acceptable Bidder's Good Faith Deposit and all accumulated interest thereon, if any, within five business days after the Bid Deadline.

F.    **No Qualified Bids.**

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur.

G.    **Auction.**

If one or more Qualified Bids is received by the Bid Deadline, the Debtors will conduct the Auction with respect to the Debtors' Assets.  For the avoidance of doubt, the Debtors may also conduct more than one Auction with respect to non-overlapping material portions of the Debtors' Assets.  The Auction will commence on February 28, 2023, at 10:00 a.m. prevailing Eastern Time, at the offices of Moelis & Company LLC, 399 Park Ave., 4th Floor, New York, NY 10022, or such later time or other place as the Debtors will timely notify any Stalking Horse Bidders and all other Qualified Bidders.

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

(i)    the Auction will be conducted openly;

(ii)    only the Qualified Bidders, including any Stalking Horse Bidders, will be entitled to Bid at the Auction;

(iii)    the Qualified Bidders, including any Stalking Horse Bidders, must appear in person or through duly-authorized representatives at the Auction;

(iv)    only such authorized representatives of each of the Qualified Bidders (including any Stalking Horse Bidders), the Debtors, the Committee, and their respective advisors will be permitted to attend the Auction;

(v)    bidding at the Auction will begin at the Initial Minimum Overbid;

(vi)     subsequent Bids at the Auction, including any Bids by any Stalking Horse Bidder, must be made in minimum increments in an amount that the Debtors determine, after payment of the Bid Protections to any Stalking Horse Bidders, if applicable, in consultation with the Committee;

(vii)    each Qualified Bidder will be informed of the terms of the previous Bids;

(viii)   the bidding will be transcribed to ensure an accurate recording of the bidding at the Auction;

(ix)     each Qualified Bidder will be required to confirm on the record of the Auction that it has not engaged in any collusion with respect to the bidding or the Sale;

(x)      the Auction will not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an overbid at the Auction to the then prevailing highest Bid, subject to the Debtors' right, upon consultation with the Committee, to require last and final Bids to be submitted on a "blind" basis;

(xi)     the Debtors reserve the right, in their reasonable business judgment, to adjourn the Auction one or more times to, among other things, (a) facilitate discussions between the Debtors and Qualified Bidders, (b) allow Qualified Bidders to consider how they wish to proceed, and (c) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, may require that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount; and

(xii)    the Auction will be governed by such other Auction Procedures as may be announced by the Debtors and their advisors, upon consultation with the Committee, from time to time on the record at the Auction; *provided* that such other Auction Procedures are (a) not inconsistent with the Bidding Procedures Order, the Bankruptcy Code, or any other order of the Court, (b) disclosed orally or in writing to all Qualified Bidders, and (c) determined by the Debtors, in good faith, to further the goal of attaining the highest or otherwise best offer.

For the avoidance of doubt, nothing in the Auction Procedures will prevent the Debtors from exercising their respective fiduciary duties under applicable law (as reasonably determined in good faith by the Debtors).

**H.     Acceptance of the Successful Bid or Successful Bids.**

Upon the conclusion of the Auction (if such Auction is conducted), the Debtors, in the exercise of their reasonable, good-faith business judgment, upon consultation with the Committee, will identify the highest or otherwise best Qualified Bid or Qualified Bids (each, a "Successful Bid"), which will be determined by considering, among other things, (a) the type and amount of Assets sought to be purchased in the Bid or Bids, (b) the total expected consideration to be received by the Debtors, (c) the likelihood of the Qualified Bidder or

Qualified Bidders' ability to close a transaction and the timing thereof (including any anticipated delays to Closing and the cost to the Debtors of such delays), (d) the expected net benefit to the estates, (e) the impact on vendors, customers, and employees (f) the certainty of the Debtors being able to confirm a Plan, and (g) any other criteria as may be considered by the Debtors in their reasonable, good-faith business judgment.  For the avoidance of doubt, the Debtors, upon consultation with the Committee, may select more than one Qualified Bid to collectively serve as a Successful Bid if each such Qualified Bid contemplates the purchase of different Assets.  The Qualified Bidder or Qualified Bidders having submitted the Successful Bid or Successful Bids will be deemed the "<u>Winning Bidder</u>" or "<u>Winning Bidders</u>," as applicable.  The Winning Bidder or Winning Bidders and the Debtors must, as soon as commercially reasonably practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which such Successful Bid or Successful Bids were made.

The Debtors will present the results of the Auction to the Court at the Sale Hearing or Confirmation Hearing (each as defined herein), as applicable, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (a) the Auction was conducted, and the Winning Bidder or Winning Bidders were selected, in accordance with these Bidding Procedures, (b) the Auction was fair in substance and procedure, and (c) consummation of the Successful Bid or Successful Bids will provide the highest or otherwise best value for the Debtors' Assets and is in the best interests of the Debtors' estates.

If an Auction is held, the Debtors will be deemed to have accepted a Qualified Bid only when (a) such Qualified Bid is declared a Successful Bid at the Auction, and (b) definitive documentation has been executed in respect thereof.  Such acceptance is conditioned upon approval by the Court of the Successful Bid or Successful Bids and entry of an order approving such Successful Bid or Successful Bids (in the case of a Sale under section 363 of the Bankruptcy Code,  the "<u>Sale Order</u>,"  or  in  the  case  of  a  Sale  under  the  Plan, the "<u>Confirmation Order</u>").

**I.      Sale Hearing.**

In the event a transaction is consummated pursuant to section 363 of the Bankruptcy Code, a hearing before the Court to consider approval of the Successful Bid or Successful Bids (the "<u>Sale Hearing</u>"), pursuant to which the Debtors and the Winning Bidder or Winning Bidders will consummate the Sale, will be held on March 23, 2023, at 10:00 a.m. prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the Bankruptcy Court for the District of New Jersey at 402 East State Street, Trenton, New Jersey 08608.

**Objections, if any, to the Successful Bid or Successful Bids must be filed with the Court and served so as to be <u>actually received</u> no later than March 16, 2023 at 4:00 p.m., prevailing Eastern Time.  The Sale Hearing may be continued to a later date by the Debtors by sending notice prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required to be provided to any party.[4]**

---

[4]    For the avoidance of doubt, nothing in these Bidding Procedures shall be deemed to limit any approval or objection rights of the Bermuda Monetary Authority to the extent the Sale implicates any Assets of BlockFi International Ltd, which such Sale may also be subject to approval by the Bermuda Supreme Court.  To

At the Sale Hearing, the Debtors will present the Successful Bid or Successful Bids to the Court for approval.

**J.      Confirmation Hearing.**

In the event a transaction is consummated through a Plan, a hearing before the Court to consider confirmation of the Plan (the "Confirmation Hearing") will be held on June 19, 2023, at 10:00 a.m. prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the Bankruptcy Court for the District of New Jersey at 402 East State Street, Trenton, New Jersey 08608, and otherwise in accordance with any scheduling orders entered by the Court relating to confirmation of the Plan or approval of any disclosure statement related thereto.

**The Confirmation Hearing may be continued to a later date by the Debtors by sending notice prior to, or making an announcement at, the Confirmation Hearing.  No further notice of any such continuance will be required to be provided to any party.**

At the Confirmation Hearing, the Debtors will present the Plan, which will incorporate the terms of the Successful Bid or Successful Bids, to the Court for confirmation.

**K.      Designation of Back-Up Bidder or Back-Up Bidders.**

If for any reason the Winning Bidder or Winning Bidders fail to consummate the Qualified Bid or Qualified Bids within the time permitted after the entry of the Sale Order or Confirmation Order approving the Sale to the Winning Bidder or Winning Bidders, then the Qualified Bidder or Qualified Bidders with the next-highest or otherwise second-best Bid or Bids (each, a "Back-Up Bidder"), as determined by the Debtors upon consultation with their advisors and the Committee, at the conclusion of the Auction and announced at that time to all the Qualified Bidders participating therein, will automatically be deemed to have submitted the highest or otherwise best Bid or Bids (each, a "Back-Up Bid"), and the Debtors will be authorized, but not required, to consummate the transaction pursuant to the Back-Up Bid or Back-Up Bids as soon as is commercially reasonable without further order of the Court upon at least 24 hours advance notice, which notice will be filed with the Court.  Upon designation of the Back-Up Bidder or Back-Up Bidders at the Auction, the Back-Up Bid or Back-Up Bids must remain open until the Closing of the Successful Bid or Successful Bids, as applicable, notwithstanding any outside date set forth in such Back-Up Bidder or Back-Up Bidders' proposed purchase agreement or Plan.

**L.      Return of Good Faith Deposit to Qualified Bidders that Submit Qualified Bids.**

The Good Faith Deposit of the Winning Bidder or Winning Bidders will, upon consummation of the Successful Bid or Successful Bids, become property of the Debtors' estates and be credited to the portion of the Purchase Price.  If the Winning Bidder or Winning Bidders (or Back-Up Bidder or Back-Up Bidders, if applicable) fails to consummate the Successful Bid or

---

the extent the Sale implicates any Assets of BlockFi International Ltd., the Debtors shall also consult with the joint provisional liquidators of the parallel joint provisional liquidation proceedings currently pending before the Supreme Court of Bermuda, as applicable.

Successful Bids (or Back-Up Bid or Back-Up Bids, if applicable), then the Good Faith Deposit of such Winning Bidder or Winning Bidders (or Back-Up Bidder or Back-Up Bidders, if applicable) will be irrevocably forfeited to the Debtors and may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors.

The Good Faith Deposit of any unsuccessful Qualified Bidders (except for the Back-Up Bidder or Back-Up Bidders and any Stalking Horse Bidders) will be returned within five business days after consummation of the Sale or upon the permanent withdrawal of the proposed Sale. The Good Faith Deposit of the Back-Up Bidder or Back-Up Bidders, if any, will be returned to such Back-Up Bidder or Back-Up Bidders no later than five business days after the Closing with the Winning Bidder or Winning Bidders. The return of any Good Faith Deposit of any Stalking Horse Bidders will be subject to the terms of such Stalking Horse Bidders' Plan or purchase agreement, as applicable.

All deposits shall be held in escrow and at no time shall be deemed property of the Debtors' estates absent further order of the Court.

**M.        Reservation of Rights.**

The Debtors reserve their rights to modify these Bidding Procedures in good faith, to further the goal of attaining the highest or otherwise best offer, or impose, at or prior to the Auction, additional terms and conditions on the Sale. The Debtors shall provide notice of any such modification (email to suffice) to any Qualified Bidder, including any Stalking Horse Bidder, the Committee, and the U.S. Trustee. Notwithstanding anything to the contrary herein, the Debtors may elect to consummate the Sale under section 363(f) of the Bankruptcy Code as opposed to pursuant to the Plan with the Winning Bidder or Winning Bidders, but, for the avoidance of doubt, the Debtors prefer that the Sale be accomplished through the Plan.

**N.        Consent to Jurisdiction.**

All Qualified Bidders at the Auction will be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Sale, the Auction, the construction and enforcement of these Bidding Procedures, the Bid Requirements, and/or the Bid Documents, as applicable.

Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Court on an expedited basis.

**O.        Fiduciary Out.**

Nothing in these Bidding Procedures will require the board of directors, board of managers, or such similar governing body of a Debtor or non-Debtor affiliate to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent such board of directors, board of managers, or such similar governing body reasonably determines in good faith, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law.

14

**P.**    **Sale Is As Is/Where Is.**

The Assets sold pursuant to these Bidding Procedures will be conveyed at the Closing in their then-present condition, "**as is, with all faults, and without any warranty whatsoever, express or implied.**"

\*    \*    \*    \*    \*

**Exhibit 2**

**Transaction Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | |
| Debtors.[1] | Case No. 22-19361 (MBK) |
| | (Jointly Administered) |

---

## NOTICE OF BIDDING PROCEDURES,
## POTENTIAL AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] each filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on November 28, 2022 (the "Petition Date").

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms used in this notice and not immediately defined have the meanings given to such terms in the Bidding Procedures (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that on January 9, 2023, the Debtors filed a motion [Docket No. 226] (the "Motion") seeking, among other things, the entry of an order approving (a) bidding procedures (the "Bidding Procedures") in connection with the proposed auction (the "Auction") and sale (the "Sale") of certain of the Debtors' Assets to one or more Successful Bidders, (b) the selection of a Stalking Horse Bidder and the payment of Bid Protections, in certain instances as set forth in the Bidding Procedures, and (c) scheduling dates and deadlines in connection with approval of the Sale (the "Sale Schedule") and the Debtors' Plan process (the "Confirmation Schedule").

**PLEASE TAKE FURTHER NOTICE** that on [●], 2023, the Bankruptcy Court entered an order [Docket No. [●]] (the "Bidding Procedures Order") granting certain of the relief sought in the Motion, including, among other things, approving the Bidding Procedures, the Sale Schedule, and the Confirmation Schedule.

### Contact Persons for Parties Interested in Submitting a Bid

The Bidding Procedures set forth in detail the requirements for submitting Qualified Bids, and any person interested in making an offer to purchase the Debtors' equity and/or Assets **must** comply strictly with the Bidding Procedures.  **Only Qualified Bids that are submitted in accordance with the Bidding Procedures will be considered by the Debtors**.  Any persons interested in making an offer to purchase the Debtors' equity and/or Assets should contact:

| Investment Banker to the Debtors | Counsel to the Debtors |
|---|---|
| Moelis & Company LLC<br>399 Park Avenue, 4th Floor<br>New York, New York 10022<br>Attn: Jared Dermont (jared.dermont@moelis.com)<br>Mike DiYanni (michael.diyanni@moelis.com)<br>Barak Klein (barak.klein@moelis.com)<br>Brian Tichenor (brian.tichenor@moelis.com) | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com)<br>Christine A. Okike, P.C. (christine.okike@kirkland.com)<br>Francis Petrie (francis.petrie@kirkland.com) |
| **Counsel to the Committee** | |
| Brown Rudnick LLP<br>7 Times Square<br>New York, New York 10036<br>Attn.: Robert J. Stark (rstark@brownrudnick.com)<br>Bennett S. Silverberg (bsilverberg@brownrudnick.com)<br>Kenneth J. Aulet (kaulet@brownrudnick.com)<br>Stephen D. Palley (spalley@brownrudnick.com) | |

### Obtaining Information

Copies of the Bidding Procedures Order, the Bidding Procedures, and any other related documents are available upon request to Kroll Restructuring Administration LLC, by calling (888) 773-0375 (Toll-Free) or (646) 440-4371 (International) or by visiting https://restructuring.ra.kroll.com/blockfi.

## The Sale Schedule and Confirmation Schedule

1.     The deadline to submit a Qualified Bid (the "Bid Deadline") is **February 20, 2023, at 12:00 p.m., prevailing Eastern Time**.

2.     The Auction for the Debtors' equity and/or Assets, if one is necessary, will commence on **February 28, 2023, at 10:00 a.m., prevailing Eastern Time**, at the offices of Moelis & Company LLC, 399 Park Avenue, 4th Floor, New York, New York 10022, or at such later time or other place as the Debtors will timely notify Qualified Bidders and the Stalking Horse Bidder, if any, the Committee, and the U.S. Trustee.

3.     The deadline to file an objection with the Bankruptcy Court to the Sale is **March 16, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Sale Objection Deadline").

4.     A hearing to consider a Sale pursuant to section 363 of the Bankruptcy Code will be held before the Honorable Michael B. Kaplan of the Bankruptcy Court on **March 23, 2023, at 10:00 a.m., prevailing Eastern Time**, or such other date as determined by the Bankruptcy Court.

5.     The Debtors will seek to file a Disclosure Statement on or by **April 3, 2023**.

6.     The Debtors will seek to establish **May 1, 2023, at 4:00 p.m., prevailing Eastern Time** as the deadline to file an objection with the Bankruptcy Court to the Disclosure Statement (the "Disclosure Statement Objection Deadline"). The notice of a hearing seeking approval of the Disclosure Statement will include the Disclosure Statement Objection Deadline.

7.     The Debtors will seek to schedule a hearing to consider the adequacy of the Disclosure Statement, solicitation materials, and scheduling of dates related to confirmation of a Plan before the Honorable Michael B. Kaplan of the Bankruptcy Court on **May 8, 2023, at 10:00 a.m., prevailing Eastern Time**, or such other date as determined by the Bankruptcy Court. The order approving the Disclosure Statement will include the objection and voting deadlines with respect to confirmation of the Plan.

8.     The Debtors will seek to establish **June 12, 2023, at 4:00 p.m., prevailing Eastern Time** as the deadline to vote to accept or reject the Plan (the "Voting Deadline") and file an objection with the Bankruptcy Court to confirmation of the Plan (the "Plan Objection Deadline"). The order approving the Disclosure Statement will include the Voting Deadline and the Plan Objection Deadline.

9.     The Debtors will seek to schedule a hearing to consider confirmation of the Plan before the Honorable Michael B. Kaplan of the Bankruptcy Court on **June 19, 2023, at 10:00 a.m., prevailing Eastern Time**, or such other date as determined by the Bankruptcy Court.

**Filing Objections to the Sale, the Disclosure Statement, or the Plan**

Any objection to the Sale must (a) be in writing, (b) state with specificity the nature of such objection, (c) comply with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of New Jersey, and any case management order entered by the Bankruptcy Court, and (d) be filed with the Clerk of the Bankruptcy Court by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and served upon, so as to be **actually received** on or prior to the Sale Objection Deadline, Disclosure Statement Objection Deadline, or Plan Objection Deadline, as applicable, by the following parties (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Christine A. Okike, P.C. (christine.okike@kirkland.com), and Francis Petrie (francis.petrie@kirkland.com); (ii) proposed co-counsel to the Debtors, Haynes and Boone LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn.: Richard S. Kanowitz (richard.kanowitz@haynesboone.com); (iii) counsel to the Committee, Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: Robert J. Stark (rstark@brownrudnick.com), Bennett S. Silverberg (bsilverberg@brownrudnick.com), Kenneth J. Aulet (kaulet@brownrudnick.com), and Stephen D. Palley (spalley@brownrudnick.com); and (iv) the Office of the United States Trustee for Region 3, District of New Jersey, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Lauren Bielskie and Jeffrey M. Sponder.

**Consequences of Failing to Timely File an Objection**

**Any party or entity who fails to timely file an objection to the Sale, Disclosure Statement, or Plan on or before the Sale Objection Deadline, Disclosure Statement Objection Deadline or Plan Objection Deadline, as applicable, in accordance with the Bidding Procedures, shall be forever barred from asserting any objection to the Sale, Disclosure Statement, or Plan.**[3]

*    *    *    *    *

---

[3] For the avoidance of doubt, nothing in this Notice shall be deemed to limit any approval or objection rights of the Bermuda Monetary Authority to the extent the Sale implicates any Assets of BlockFi International Ltd, which such Sale may also be subject to approval by the Bermuda Supreme Court.

United States Bankruptcy Court
District of New Jersey

In re:                                                                                          Case No. 22-19361-MBK

BlockFi Inc.                                                                                    Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                                      Page 1 of 4
Date Rcvd: Jan 30, 2023                       Form ID: pdf903                                   Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#          Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 01, 2023:**

**Recip ID**                  **Recipient Name and Address**
db                  #+  BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2023                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 30, 2023 at the address(es) listed below:**

**Name**                      **Email Address**

Allen I Gorski
    on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com

Barbra Rachel Parlin
    on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
    elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Brett S. Theisen
    on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
    on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle

District/off: 0312-3                          User: admin                              Page 2 of 4
Date Rcvd: Jan 30, 2023                       Form ID: pdf903                     Total Noticed: 1

|  |  |
|---|---|
|  | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.com;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net |
| Daniel Stolz | on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel E. Straffi | on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com  G25938@notify.cincompass.com |
| Daniel E. Straffi | on behalf of Creditor Bruce Gilling bkclient@straffilaw.com  G25938@notify.cincompass.com |
| David J. Adler | on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com |
| David M. Banker | on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com |
| David M. Banker | on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com |
| Deborah Kovsky Apap | on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com |
| Donald W Clarke | on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com |
| Donald W Clarke | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com |
| Douglas J. McGill | on behalf of Creditor Gary Ford dmcgill@webbermcgill.com |
| Eleanor M Roman | on behalf of Interested Party Scratch Services LLC emr@severson.com |
| Gaston P. Loomis, II | on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| James L Bromley | on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com |
| Jason D. Angelo | on behalf of Creditor Bryant F. Foulger jangelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com |
| Jeffrey Bernstein | on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov |
| John C. Goodchild | on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com |
| Kaitlin R. Walsh | on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com |
| Kaitlin R. Walsh | on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kaitlin R. Walsh | on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kenneth Aulet | on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com hcohen@brownrudnick.com |

Kurt F. Gwynne
on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com

Kyle McEvilly
on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer
on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com  nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lisa Bonsall
on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com

Mark Edward Hall
on behalf of Creditor John Lymn mhall@foxrothschild.com

Michael Anthony Guerra
on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com

Michael Anthony Guerra
on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com

Nicole A. Leonard
on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

District/off: 0312-3                                      User: admin                                      Page 4 of 4

Date Rcvd: Jan 30, 2023                                 Form ID: pdf903                            Total Noticed: 1

Robert Malone

    on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Seth Brandon Shapiro

    on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

U.S. Trustee

    USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea

    on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com

Warren A. Usatine

    on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com


TOTAL: 61