**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MAY FILE NOTICES OF REMOVAL PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Debtors' Motion for Entry of an Order Extending the Time Within Which the*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

*Debtors May File Notices of Removal Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## General Background

4. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29,

2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7. Prior to the Petition Date, certain of the Debtors were involved in various judicial and/or administrative proceedings (collectively, the "Actions"). The Actions involve a variety of different matters, including, *inter alia*, civil litigation. The Actions are identified in the *Schedules of Assets and Liabilities and Statements of Financial Affairs* filed by each Debtor at Docket Nos. 242–262.

## Relief Requested

8. Pursuant to Bankruptcy Rule 9027, the current deadline within which the Debtors must file notices of removal of the Actions is February 26, 2023 (the "Current Deadline"). The Debtors seek entry of an order pursuant to FED. R. BANKR. P. 9006(b) extending for 90 days, through and including May 27, 2023, the period set forth in Bankruptcy Rule 9027 for the Debtors to file notices of removal (the "Removal Period").

9. Since the Petition Date, the Debtors have allocated the majority of their time to dealing with matters relating to their business and operational issues. Consequently, the Debtors require additional time to adequately review and evaluate the Actions in which they are a party in order to make a determination with respect to their removal.

10. The extension sought will ensure that the Debtors do not forfeit valuable rights

3

under § 1452. Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension. Any party to a pre-petition action that is removed may still seek to have it remanded pursuant to § 1452(b).

11.     The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether § 362 of the Bankruptcy Code applies to stay any given litigation pending against the Debtors and (b) the right of the Debtors to seek further extensions of the period in which they may remove actions pursuant to Bankruptcy Rule 9027.

12.     The Debtors submit that the relief requested by this Motion is in the best interest of the Debtors, their estates and their creditors because it will maximize the Debtors' likelihood of a successful reorganization and/or sale process.

### Basis for Relief Requested

13.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).

4

14. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods such as the time within which the Debtor may remove actions:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or extended by a previous order ….

FED. R. BANKR. P. 9006(b)(1).

15. It is well-established that this Court has authority to extend the Removal Period as requested herein. *See, e.g., Pacor, inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

16. This Court has granted similar requests for extension of the Removal Period. *See, e.g.*, *In re Christopher & Banks Corp.*, No. 21-10269 (Bankr. D.N.J. Apr. 21, 2021) (ABA); *In re RTW Retailwinds, Inc.*, 20-18445 (Bankr. D.N.J. Oct. 29, 2020) (JKS); *In re Modell's Sporting Goods, Inc.*, No. 20-14179 (Bankr. D.N.J. June 24, 2020) (VFP); *In re Saint Michael's Med. Ctr., Inc.*, No. 15-24999 (Bankr. D.N.J. Nov. 17, 2015) (VFP);

17. Other courts have also granted similar requests for extension of the Removal Period. *See, e.g.*, *In re Directbuy Holdings, Inc.*, 2017 Bankr. LEXIS 4488 (Bankr. D. Del. Jan 10, 2017); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000). Further, courts have held that non-compliance with Rule 9027 may be cured, as it is not jurisdictional. *See, e.g., Kirk v. Hendon (In re Heinsohn)*, 247 B.R. 237, 242 (E.D. Tenn. 2000) (allowing defect in notice to be corrected because it was not jurisdictional and holding that failure to state "core" or

"non-core" was not fatal); *Mid-Atlantic Res. Corp.*, 283 B.R. 176, 185-86 (S.D. W.Va. 2002) (holding that "non-compliance [with Rule 9027] is not fatal to the removal").

18. Cause exists for an extension of the Removal Period because the Debtors must consider a number of factors in determining whether to seek removal of any particular Action. These include, among other things: (a) the importance of the Action to the expeditious resolution of the Chapter 11 Cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Plan, the claims resolution process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action in its original venue.

19. Based upon the nature of the scheduled Actions, as well as any other prepetition claims that may involve the assertion of a new Action (subject to relief from the stay being obtained), the Debtors need additional time to review and address the issues involved. To date, the Debtors have not yet had an opportunity to determine conclusively which Actions, if any, they may seek to remove.

20. The Debtors believe the extension requested in this Motion will provide the Debtors with additional time to make fully informed decisions concerning the removal of the Actions and will ensure that the Debtors' rights under § 1452 are preserved and may be exercised in an appropriate manner. Further, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' request for an extension. Because section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during the Chapter 11 Cases even absent the relief requested in this Motion.

Moreover, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded pursuant to §1452. Accordingly, the Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

### Reservation of Rights

21. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

### Waiver of Memorandum of Law

22. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

23. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Notice

24. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured

creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; (f) parties to the Actions; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

[remainder of page left intentionally blank]

**WHEREFORE**, the Debtors respectfully request that the Court enter (i) the Proposed Order, a copy of which is attached hereto as **Exhibit A,** granting the relief requested herein on a final basis, and (ii) the proposed Bridge Order, a copy of which is attached hereto as **Exhibit B,** granting the relief requested herein on a temporary basis pending final approval of the Motion by this Court, and grant such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: February 10, 2023                    /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*