|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | **Order Filed on February 9, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

### ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH

**DATED: February 9, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

**GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is hereby **ORDERED**.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

Upon the application (the "**Application**")[1] of the Debtors for entry of an order (this "**Order**"), pursuant to sections 105(a), 327(a), 328(a), and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1 of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), (a) authorizing the Debtors to retain and employ BRG from the Petition Date through the CRO Appointment Date in accordance with the terms and conditions set forth in the Initial Engagement Letter, effective as of the Petition Date; (b) authorizing BRG to provide (i) Mark A. Renzi as CRO to the Debtors and (ii) the Additional Personnel to support the CRO and assist the Debtors in accordance with the terms and conditions set forth in the CRO Engagement Letter, effective as of the CRO Appointment Date; and (c) granting certain related relief, all as more fully set forth in the Application; and upon consideration of the Renzi Declaration and the First Day Declaration; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Application, the Engagement Letters, the hearing thereon, and opportunity for

---

[1] Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

objection having been given; and this Court being satisfied based on the representations made in the Application and in the Renzi Declaration that the terms and conditions of BRG's employment, including, but not limited to, the fee structure set forth in the Engagement Letters and summarized in the Application and Renzi Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court finding that BRG does not hold or represent interests adverse to the Debtors' estates and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ BRG as financial advisors to the Debtors, in accordance with the terms of the Initial Engagement Letter, the Application, and the Renzi Declaration, as modified by this Order, effective as of the Petition Date through the CRO Appointment Date.

3. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, BRG is authorized to (a) provide Mark A. Renzi to serve as CRO and (b) provide Additional Personnel to support the

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

CRO and assist the Debtors, in accordance with the terms of the CRO Engagement Letter, the Application, and the Renzi Declaration, as modified by this Order, effective as of the CRO Appointment Date on the terms disclosed in the Application, subject to the following terms, which apply notwithstanding anything in the Application or any exhibits related thereto to the contrary:

a. BRG and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases other than its prior retention as a financial advisor as set forth in the Application.

b. Beginning on the CRO Appointment Date, BRG shall file reports of staffing, compensation earned, and expenses incurred on a monthly basis by the last day of each month for the previous month (each, a "**Staffing Report**") with the Court. Each Staffing Report shall include the names and functions filled by all BRG Professionals assigned to the engagement as well as compensation earned and expenses incurred for the relevant period. Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each BRG Professional, and itemize the expenses incurred. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 hour increments; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed by February 28, 2023, for the period December 27-31, 2022 and the month of January 2023.

c. Objections or responses to Staffing Reports, if any, shall be filed with the Court and served within fourteen days of filing the Staffing Report.

d. No principal, employee, or independent contractor of BRG and its affiliates shall serve as a director of any above-captioned Debtors during the pendency of these chapter 11 cases.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

e.  Success fees, transaction fees, or other back-end fees including the Completion Fee shall be approved by the Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

f.  The Debtors are permitted to (i) indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and pursuant to applicable federal and state laws; and (ii) provide insurance coverage under the Debtors' D&O policy.

g.  There shall be no indemnification of BRG or its affiliates for purposes of retention as CRO in these cases.

h.  For a period of three years after the conclusion of the engagement, neither BRG nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors. BRG personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

i.  BRG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individual working on the engagement hold or represent an interest adverse to the Debtors, their creditors, or other parties-in-interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

4.  BRG shall file interim and final fee applications for allowance of its compensation and reimbursement of its expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court, including an arrangement for interim compensation for services rendered to the Debtors from the Petition Date through the CRO Appointment Date. BRG shall provide any and all monthly fee statements, interim fee applications, and final fee applications in a searchable electronic format (Excel) to the U.S. Trustee. For the avoidance of doubt, for the time

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

period following the CRO Appointment Date, BRG shall not be required to submit fee applications for allowance of its compensation and reimbursement of its expenses in accordance with sections 330 and 331 of the Bankruptcy Code and instead will provide Staffing Reports as set forth in paragraph 3 of this Order.

5.  The Debtors are authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by BRG for fees and expenses accrued on or after the CRO Appointment Date, subject to the procedures set forth in paragraph 3 of this Order. For the avoidance of doubt, the requirement to file Staffing Reports shall not preclude the Debtors from paying BRG's invoices upon presentment, except that should an objection or response be filed to a Staffing Report, the Debtors shall withhold the amount of fees and expenses subject to that objection or response from the next payment made to BRG until the objection or response is resolved by agreement between the parties or order of the Court.

6.  The terms of the Engagement Letters, as modified herein are approved and the indemnification, contribution, and reimbursement provisions as set forth therein are approved, only with respect to BRG's employment as a financial advisor and not as CRO, subject, during the pendency of these chapter 11 cases, to the following modifications:

   a. BRG shall not be entitled to indemnification, exculpation contribution, or reimbursement pursuant to the Engagement Letters, unless the indemnification, exculpation, contribution, or reimbursement is approved by the Court.

   b. Notwithstanding any provision of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify or exculpate BRG, or

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

provide contribution or reimbursement to BRG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BRG's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented, (ii) for a contractual dispute in which the Debtors allege the breach of BRG's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, exculpation, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors consent prior to a judicial determination as to BRG's gross negligence, willful misconduct, bad faith, fraud, or uncontested self-dealing, but determined by the Court, after notice and a hearing, to be a claim or expense for which BRG should not receive indemnification, exculpation, contribution, or reimbursement under the terms of the Engagement Letters as modified by this Order.

c. If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, exculpation, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefor in this Court, and the Debtors may not pay any such amounts to BRG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, exculpation, contribution, and/or reimbursement by BRG, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, exculpation, contribution, or reimbursement.

d. Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letters under the terms of the Engagement Letters shall be eliminated.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

7. Notwithstanding anything to the contrary in the Application or the Renzi Declaration, BRG shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of BRG's fee applications in the cases. In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Rules and shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. In connection with any increase in BRG's rates from the Petition Date through the CRO Appointment Date, BRG shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee, prior to filing a fee statement or fee application reflecting such an increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. Notwithstanding anything in the Application, the Renzi Declaration, or the Engagement Letters to the contrary, BRG is authorized to apply the Cash on Account to satisfy any unbilled or other remaining prepetition fees and expenses that BRG becomes aware of during

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

its ordinary course billing review and reconciliation. BRG is authorized without further order of the Court to apply amounts from the prepetition Cash on Account, that would otherwise be applied toward payment of postpetition fees and expenses, as are necessary and appropriate to compensate and reimburse BRG for fees or expenses incurred on or prior to the Petition Date. At the conclusion of BRG's engagement by the Debtors, if the amount of any Cash on Account held by BRG is in excess of the amount of BRG's outstanding and estimated fees, expenses, and costs, BRG will pay to the Debtors the amount by which any Cash on Account exceeds such fees, expenses, and costs.

10. In the event the Debtors seek to have BRG personnel assume executive officer positions that are different than the position(s) disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of officers, (ii) adding new officers, (iii) utilizing any BRG affiliates to perform services for the Debtors, or (iv) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

11. To the extent that there may be any inconsistency between the terms of the Application, the Renzi Declaration, the Engagement Letters, and this Order, the terms of this Order shall govern.

12. During the pendency of these chapter 11 cases, the arbitration provision in the Engagement Letters shall not be applicable. The Court shall have exclusive jurisdiction over BRG's engagement during the pendency of these chapter 11 cases.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

13. During the pendency of these chapter 11 cases, the Fees and Expenses provision of the Engagement Letters shall be revised to provide that the 1% interest per month late charge, biweekly billing and seven (7) day review of invoices will not be applicable.

14. Notwithstanding anything to the contrary in the Application, the Renzi Declaration, and the Engagement Letters, BRG will only bill 50% for non-working travel.

15. Notwithstanding anything to the contrary in the Application, Renzi Declaration, and the Engagement Letters, BRG's Engagement Letters may not be terminated unless by order of the Court. Any such Order approving termination may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.

16. No agreement or understanding exists between BRG and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall BRG share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

17. Notwithstanding anything to the contrary in the Application, the Renzi Declaration, and the Engagement Letters, BRG shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the company's actual cost paid.

| | |
|---|---|
| (Page \| 12) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

18. Upon entry of a final order on the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File A Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* [Docket No. 4], BRG will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration. Further, if the Court denies the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Professional Retention Applications* [Docket No. 127], BRG will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of BRG to such potential counterparties.

19. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The relief granted herein shall be binding upon any trustee or other successor of the Debtors.

21. The relief granted herein shall also be binding in the event the bankruptcy proceeding is dismissed.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE THROUGH THE CRO APPOINTMENT DATE, AND (II) AUTHORIZING BERKELEY RESEARCH GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, EFFECTIVE AS OF THE CRO APPOINTMENT DATE |

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

23. This Court retains exclusive jurisdiction with respect to all matters arising from the implementation of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 22-19361-MBK |
| BlockFi Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 4 |
| Date Rcvd: Feb 09, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 11, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+ BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 11, 2023    Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 9, 2023 at the address(es) listed below:

**Name**    **Email Address**

Allen I Gorski
    on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com

Barbra Rachel Parlin
    on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
    elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Brett S. Theisen
    on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
    on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle

Case 22-19361-MBK    Doc 505    Filed 02/11/23    Entered 02/12/23 00:15:26    Desc
Imaged Certificate of Notice    Page 15 of 17

| District/off: 0312-3 | User: admin | Page 2 of 4 |
|---|---|---|
| Date Rcvd: Feb 09, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.com;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net |
| Daniel Stolz | on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel E. Straffi | on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com  G25938@notify.cincompass.com |
| Daniel E. Straffi | on behalf of Creditor Bruce Gilling bkclient@straffilaw.com  G25938@notify.cincompass.com |
| Daniel E. Straffi | on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com  G25938@notify.cincompass.com |
| David J. Adler | on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com |
| David M. Banker | on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com |
| David M. Banker | on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com |
| Deborah Kovsky Apap | on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com |
| Donald W Clarke | on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com |
| Donald W Clarke | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com |
| Douglas J. McGill | on behalf of Creditor Gary Ford dmcgill@webbermcgill.com |
| Eleanor M Roman | on behalf of Interested Party Scratch Services LLC emr@severson.com |
| Gaston P. Loomis, II | on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| James L Bromley | on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com |
| Jason D. Angelo | on behalf of Creditor Bryant F. Foulger jangelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com |
| Jeffrey Bernstein | on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov |
| John C. Goodchild | on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com |
| Kaitlin R. Walsh | on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kaitlin R. Walsh | on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com |
| Kaitlin R. Walsh | on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |

Case 22-19361-MBK    Doc 505    Filed 02/11/23    Entered 02/12/23 00:15:26    Desc
Imaged Certificate of Notice    Page 16 of 17

| District/off: 0312-3 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Feb 09, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Kenneth Aulet | on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com hcohen@brownrudnick.com |
| Kurt F. Gwynne | on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com |
| Kyle McEvilly | on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Lindsay Feuer | on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com |
| Lindsay Feuer | on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com |
| Lindsay Feuer | on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com  nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com |
| Lisa Bonsall | on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com |
| Mark Edward Hall | on behalf of Creditor John Lymn mhall@foxrothschild.com |
| Michael Anthony Guerra | on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael Anthony Guerra | on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com  fpisano@coleschotz.com |
| Nicole A. Leonard | on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com |
| Richard Kanowitz | on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |

| | |
|---|---|
| | on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |
| | on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |
| | on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com |
| Robert Malone | |
| | on behalf of Unknown Role Type Ankura Trust Company LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Seth Brandon Shapiro | |
| | on behalf of Interested Party United States of America seth.shapiro@usdoj.gov |
| U.S. Trustee | |
| | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | |
| | on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com |
| Warren A. Usatine | |
| | on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com |

TOTAL: 63