**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

Order Filed on February 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# ORDER AUTHORIZING
## EMPLOYMENT AND RETENTION OF MOELIS &
## COMPANY LLC AS INVESTMENT BANKER, CAPITAL

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**DATED: February 16, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**MARKETS ADVISOR, AND FINANCIAL ADVISOR TO THE DEBTORS
<u>AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE</u>**

The relief set forth on the following pages, numbered three (3) through and including twelve (12), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

Upon the *Application of the Debtors and Debtors in Possession for Entry of an Order Authorizing the Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor* (the "Application")[2], filed on December 23, 2022, pursuant to 11. U.S.C. § 327(a) and 328(a), Federal Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, the supporting declaration of Barak Klein, and its attached exhibits; all as more fully set forth in the Application; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); this Court being satisfied, based on the representations made in the Application and the Klein Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** as set forth in this Order, and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Moelis as their investment banker, capital markets advisor, and financial advisor in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective as of the Petition Date.

3.      Moelis shall be compensated for fees and reimbursed for its reasonable, documented out-of-pocket expenses by the Debtors in accordance with the terms of the Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, and the Restructuring Fee, shall be subject to section 328(a) of the Bankruptcy Code, except as set forth herein.

4.      Moelis is authorized to apply the Expense Retainer to any unbilled or otherwise remaining expenses that Moelis becomes aware of during its ordinary course billing review and reconciliation.  Moelis shall apply any remaining amounts of the Expense Retainer as a credit

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

towards postpetition fees and expenses after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Moelis.

5.      Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of its out-of-pocket expenses incurred pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any other procedures or orders of the Bankruptcy Court; *provided, however*, the U.S. Trustee retains all rights to respond or object to Moelis's interim and final applications for compensation (including without limitation the Monthly Fees and the Transaction Fees) and reimbursement of out-of-pocket expenses pursuant to section 330 and 331 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis's interim and final fee applications pursuant to section 330 of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code.

6.      Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other procedures or orders of the Court are hereby modified such that Moelis's restructuring professionals (including bankers) shall be required only to maintain records (in summary format) of services rendered to the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in one-half hour (0.5)

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

increments), and the identity of the restructuring professionals who provided those services, consistent with its ordinary practice, Moelis's non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis's professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

7.      In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter during the pendency of these cases, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis's own fee applications, both interim and final, and such invoices and time records shall be subject to any United States Trustee Guidelines and in compliance with the Local Bankruptcy Rules, and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Moelis in retention and fee application matters, and those arising under the indemnification, contribution and reimbursement provisions set forth in Annex A of the Engagement Letter, subject to paragraph 9 herein.

8.      Upon earning any Transaction Fees or a portion thereof, Moelis will provide notice to the Debtors, the Committee and the U.S. Trustee, and the Debtors will promptly deposit the earned portion of the Transaction Fees into an escrow account solely for the benefit of Moelis.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

Moelis will file a fee application for approval and payment of any Transaction Fees from the escrow account.

9.    The indemnification, exculpation, contribution, and reimbursement provisions included in <u>Annex A</u> to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

      a.    Moelis shall not be entitled to indemnification, exculpation, contribution, or reimbursement set forth in the Engagement Letter, unless such indemnification, exculpation, contribution, or reimbursement is approved by the Court.

      b.    Notwithstanding any provision of the Application and the Engagement Letter to the contrary including Annex A, the Debtors shall have no obligation to indemnify or exculpate any Indemnified Person (as defined in the Engagement Letter), or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Person's obligations to maintain the confidentiality of nonpublic information, unless the Court determines that indemnification, exculpation, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith, fraud, or unconsented self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnification, exculpation, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

      c.    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing the chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, exculpation, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, exculpation, contribution, and/or reimbursement by any Indemnified Persons, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, exculpation, contribution, and/or reimbursement.

d. Any limitations on any amounts to be contributed by Moelis shall be eliminated from the Engagement Letter and Annex A. The Indemnified Parties shall retain any rights they may have to contribution at common law.

e. Notwithstanding anything to the contrary in the Application and the Engagement Letter, the following words shall be inserted at the end of the second paragraph of Annex A: "Notwithstanding anything to the contrary, in no event will the Company have any contribution obligations under this paragraph with respect to Losses to the extent such Losses have been finally judicially determined to have resulted from the gross negligence, willful misconduct or bad faith of an Indemnified Person."

10.   Notwithstanding anything to the contrary in the Application and the Engagement Letter, in the event that any Transaction Fees are earned and paid to Moelis prior to the conclusion of the Debtors' pending chapter 11 cases, Moelis shall continue to provide services to the Debtors until the conclusion of these chapter 11 cases pursuant to the terms of the Engagement Letter (unless precluded from doing so as a matter or applicable law, rule or regulation) unless permitted to cease providing such services following notice and approval of this Court, and shall continue to earn and be paid its Monthly Fees pursuant to the Engagement Letter and this Order until the conclusion of these cases.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

11.      Section 2(a)(iii) of the Engagement Letter shall be deemed replaced with the following:

(iii)      At the closing of a Restructuring in which there are ongoing business operations of the Debtors, a fee (the "Restructuring Fee") of $7,500,000, or if a chapter 11 plan goes effective but no Sale Transaction occurs, and following such effectiveness there are no ongoing business operations of the Debtors, then a Restructuring Fee of $6,500,000.

12.      Section 2(a)(iv) of the Engagement Letter shall be deemed replaced with the following:

(iv)      At the closing of any Sale Transaction, a non-refundable cash fee (the "Sale Transaction Fee") of $8,000,000. For the avoidance of doubt, any Sale Transaction related to the assets or equity interests of Debtors' domestic or international businesses or operations shall constitute a Sale Transaction.

In the event that a Transaction constitutes both (i) a Restructuring Transaction and a Capital Transaction, and (ii) a Sale Transaction, then Moelis shall earn the greater of the fees applicable to (i) and (ii) of this sentence.

13.      Section 2(a)(vi) of the Engagement Letter shall be deemed replaced with the following:

(vi)      At the closing of a Mining Assets Sale, a non-refundable cash fee (the "Mining Assets Sale Fee") of $250,000, plus 5.0% of the total gross consideration received or to be received in connection with a Mining Assets Sale.

The Company will pay a separate Mining Assets Sale Fee in respect of each Mining Assets Sale in the event that more than one Mining Assets Sale occurs.

15.      The first two sentences of Section 2(a)(vii) of the Engagement Letter shall be deemed replaced with the following:

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

(vii)    At the closing of a Claim Monetization Transaction, a non-refundable cash fee (the "Claim Monetization Transaction Fee") of 3.0% of the total gross consideration received or to be received in connection with a Claim Monetization Transaction.

The Company will pay a separate Claim Monetization Transaction Fee in respect of each Claim Monetization Transaction in the event that more than one Claim Monetization Transaction occurs.   If a Transaction triggers both a Claim Monetization Transaction Fee and a Capital Transaction Fee, the Company shall pay the Claim Monetization Transaction Fee only.

16.    The final paragraph of section 2(a) of the Engagement Letter is deleted in its entirety and replaced with the following: If, at any time prior to the end of the Tail Period (as defined below), the Company (or any entity formed or invested in to consummate a Transaction) consummates a Transaction or enters into an agreement for a Transaction, or a Plan is filed regarding a Transaction and a Transaction is subsequently consummated at any time, then the Company (including any entity formed or invested in to consummate the Transaction) and its bankruptcy estates shall pay Moelis the appropriate fee(s) specified in Section 2(a)(iii), (iv), (v), (vi) and (vii) above immediately upon the consummation of each such Transaction subject to paragraph 8 of this Order.  The "Tail Period" shall end 12 months following the termination of this agreement.  Notwithstanding the immediately preceding two sentences, if, prior to the filing of a Plan, (a) the Debtors provide written notice to Moelis that it is terminating Moelis' engagement due to the bad faith, willful misconduct or gross negligence of Moelis in the performance of its services hereunder, and (b) such bad faith, willful misconduct or gross negligence is not promptly cured (if such cure is possible) by Moelis, then no Transaction Fee shall be paid or payable hereunder; *provided, however*, that if Moelis obtains a judicial determination that it did not act

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

with bad faith, willful misconduct or gross negligence in the performance of its services hereunder, Moelis will remain entitled to its Transaction Fee.

17.     The first sentence of Section 3(c) of the Engagement Letter is deleted in its entirety and replaced with the following:  Moelis' post-petition compensation, expense reimbursements and payment received pursuant to the provisions of Annex A shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507 (a)(2) of the Bankruptcy Code, subject to Bankruptcy Court approval, and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect pursuant to one or more financing orders entered by the Bankruptcy Court.

18.     Moelis shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

19.     Paragraph 9 of the Engagement Letter is revised to reflect that the Bankruptcy Court shall hear and adjudicate any disputes arising between Moelis and the Debtors during the pendency of the Chapter 11 Cases.

20.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, Moelis shall, to the extent that Moelis uses the services of non-employee independent contractors or subcontractors (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors at the same rate that Moelis pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Moelis; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014;

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

21.    Moelis shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

22.    Upon entry of a Final Order on the *Motion to Redact all Personally Identifiable Information* [Docket No. 4], Moelis will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration.  Further, if the Court denies the *Motion to Seal Confidential Transaction Parties on the Retention Applications* [Docket No. 127], Moelis will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Moelis to such potential counterparties.

23.    Notwithstanding anything in the Application or any supporting declarations to the contrary, Moelis shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost.

24.    Such services other than set forth in the Application that the Debtors may request that Moelis provide during the course of these chapter 11 cases, and as agreed to by Moelis, shall be subject to separate application and order of this Court.

25.    None of the fees payable to Moelis shall constitute a "bonus" or fee enhancement under applicable law.

26.    To the extent that there is any inconsistency between the Engagement Letter, the Application, the Klein Declaration, and this Order, the provisions of this Order shall apply.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 |
| Caption of Order: | Order Authorizing Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date. |

27.     The Debtors and Moelis are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

28.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

29.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.