**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al*.,<br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION
PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY
RULE 3007(e), AND (C) GRANTING RELATED RELIEF**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

hereby file this *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## Relief Requested[2]

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) approving the objection procedures described herein; (b) authorizing the Debtors to assert substantive objections to "claims" (collectively, "Claims") as that term is defined in section 101(5) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), including requests for payment of administrative expense claims (collectively, "Administrative Claims"), in an omnibus format pursuant to rules 3007(c) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (c) approving the satisfaction procedures and form of notice described herein; (d) waiving Bankruptcy Rule 3007(e)(6); and (e) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this

---

[2] Debtor BlockFi International Ltd. ("BlockFi International") will further comply with all requirements for seeking and obtaining order(s) and/or approval(s) in the parallel joint provisional liquidation proceedings currently pending in the Supreme Court of Bermuda (the "Bermuda JPL Proceedings") before taking any steps otherwise authorized by any order granting the relief requested herein.

2

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a) and 502(a) of Bankruptcy Code, Bankruptcy Rule 3007 and Rules 3007-1, 3007-2 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5.  On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

6.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

7.  On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

**Claims Reconciliation Process**

8. On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"), (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting Claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

9. On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of: BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket No. 460), BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket No. 462); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi Lending LLC

(Case No. 22-19365) [Docket No. 251] (as amended by Docket No. 461), BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No. 22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257], BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

10. On February 2, 2023 and February 3, 2023, the Debtors caused the Bar Date Notice to be published in The New York Times and The Royal Gazette, respectively, as set forth in the affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

a. the Master Service List (as defined in the Case Management Order);

b. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

c. all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

d. all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

e. all entities who are party to executory contracts and unexpired leases with the Debtors;

f. all entities who are party to litigation with the Debtors;

g. all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

5

      h.      all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

      i.      all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

11. As of the date hereof, over 5,000 Proofs of Claim have been filed against the Debtors. The Debtors, together with their advisors, have commenced the Claims reconciliation process and anticipate that they will object to a substantial number of Proofs of Claim asserted against the Debtors in accordance with Bankruptcy Rule 3007(d), which authorizes the Debtors to object to multiple Claims in an omnibus fashion based on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule 3007(d). It would be time-consuming for the Debtors to prepare and file individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d). Authority to object to multiple Proofs of Claim in an omnibus format on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative and financial burden associated with the Claims reconciliation process. Accordingly, the Debtors request authority to file omnibus objections in accordance with the relief sought herein as well as to provide notices of satisfaction to claimants asserting Claims that have been satisfied in full.

## Proposed Objection Procedures

12. The Debtors seek approval of the procedures attached as <u>Exhibit 1</u> to the Proposed Order (the "<u>Objection Procedures</u>") to expedite and complete the Claims reconciliation process in a timely, efficient, and cost-effective manner. The Objection Procedures describe the key aspects of the Debtors' proposed Claims objection process, such as (a) the form of omnibus objection (each, an "<u>Omnibus Objection</u>"), (b) the types of exhibits and supporting documentation that will be included with each Omnibus Objection, (c) the form of notice that will be provided to affected

6

creditors (the "Objection Notice"), (d) information for creditors on how they may attempt to resolve informally the objection to their Claim or file a formal response to the objection to their Claim, (e) the implications of failing to resolve or respond to such objection timely, and (f) information relating to filing replies, obtaining discovery, and hearings. The Objection Procedures and Objection Notice, substantially in the form attached as Exhibit 2 to the Proposed Order,[3] will contain the procedural safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e)(1)–(e)(5) to protect the due process rights of creditors.

## Proposed Satisfaction Procedures

13.     The Debtors also seek approval of the procedures for filing and serving notices of satisfaction of Claims set forth in Exhibit 3 to the Proposed Order (the "Satisfaction Procedures"), which will further streamline the Claims reconciliation process. The form of notice of satisfaction, attached as Exhibit 4 to the Proposed Order (the "Notice of Satisfaction"),[4] will comply with the Satisfaction Procedures. The Satisfaction Procedures provide information about objecting to the Notice of Satisfaction and/or filing a formal response thereto as well as the implications of failing to object or respond to such Notice of Satisfaction in timely manner and in accordance with the procedures. The Notice of Satisfaction will notify certain claimants of the Debtors' belief that their Claims have been satisfied in full pursuant to the Debtors' books and records, a Court Order, or otherwise, and state that their Claims will be expunged from the Claims Register as a result of their satisfaction, subject to the Response procedures set forth therein.

---

[3] The Objection Notice generally will be in the form set forth as Exhibit 2 to the Proposed Order and will contain all information included in the standard form pursuant to Local Rule 3007-2, but it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

[4] The Notice of Satisfaction generally will be in the form set forth as Exhibit 4 to the Proposed Order, but it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

14. The Debtors have incorporated safeguards into the Satisfaction Procedures and the Notice of Satisfaction to protect the due process rights of creditors. For example, the Notice of Satisfaction will include (a) the name of the claimant or Reference Number, as applicable, (b) the Proof of Claim number (if applicable), (c) the amount for which each particular Claim has been satisfied, to the extent applicable, and (d) the response deadline and procedures for responding to the Notice of Satisfaction.

### Relief Pursuant to Bankruptcy Rule 3007(c)

15. Although the Debtors expect to object to a number of Claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain Claims necessitate objections on additional grounds not set forth expressly therein (collectively, the "Additional Grounds"). The Additional Grounds include the following or grounds similar thereto:

   a. the Claims are inconsistent with the Debtors' books and records;

   b. the Claims fail to specify the asserted claim amount (or only list the claim amount as "unliquidated");

   c. the Claims fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; *provided, however* that the Debtors shall be required to submit at least one request for additional information to the claimant prior to objecting on this ground;

   d. the Claims seek recovery of amounts for which the Debtors are not liable;

   e. the Claims are classified incorrectly or improperly;

   f. the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

   g. the Claims have been satisfied in full by a party that is not a Debtor;

   h. the Claims are subject to satisfaction by one or more of the Debtors' insurers with a legal obligation to satisfy such claim;

   i. the Claims have been withdrawn formally by the claimant pursuant to either a pleading or an order of the Court; and

   j. the Claims include amounts requested in violation of the Terms of Use

The Debtors seek authority to object to multiple Claims on the Additional Grounds outlined above in an Omnibus Objection pursuant to Bankruptcy Rules 3007(c) and (d). This will allow the Debtors to minimize the cost, confusion, and delay associated with preparing and filing individual objections on a Claim-by-Claim basis.

16. Waiver of Bankruptcy Rule 3007(e)(6) will further minimize costs and enable the Debtors to execute an efficient and expedient Claims resolution process which will permit the Debtors to make distributions more quickly. Over 5,000 Proofs of Claim have been filed, which makes the limitations imposed under Bankruptcy Rule 3007(e)(6) extremely burdensome and counterproductive. Adherence to this rule would lead to redundancies and an unnecessary use of estate resources. This could create unintended and unforeseeable issues for creditors with multiple Claims as well as complicate the Court's docket. The relief requested herein is intended to maximize value without sacrificing the procedural safeguards contained in Bankruptcy Rule 3007(e) and the additional protections set forth in the Objection Procedures.

**Basis for Relief Requested**

17. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* FED. R. BANKR. P. 3001. Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as Proofs of Claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). As such, the Debtors must review and reconcile all Claims as part of the claims reconciliation process.

9

18.     In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing Omnibus Objections to claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize Omnibus Objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* FED. R. BANKR. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection."). Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). The Third Circuit has construed this provision to give bankruptcy courts "broad authority" to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings. *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) (citing *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004)); *see also Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc) (noting bankruptcy court's equitable power to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain."); *In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir. 1990) (noting that section 105(a) of the Bankruptcy Code is a powerful and versatile tool); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994).

19.     It is within the Court's power under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, to authorize the Debtors to file Omnibus Objections consistent with the Objection Procedures and send Notices of Satisfaction consistent with the Satisfaction Procedures. Bankruptcy Rule 3007(c) contemplates an order modifying the limitation set forth therein on

joining claims in a single objection, which is what the Debtors seek authority to do pursuant to the relief requested in this Motion. Bankruptcy Rule 3007(d) already allows multiple claims against different entities to be included in one omnibus objection. The Debtors merely seek to add to the circumstances under which omnibus objections are filed for administrative convenience.

20. Authorizing the Debtors to file Omnibus Objections consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007 to balance the due process rights of creditors with the efficient administration of large and complex Chapter 11 cases.

21. The proposed Objection Procedures provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of Claims by, among other things, (a) providing greater certainty in administering the objection process, (b) promoting the consensual resolution of Claims objections or, alternatively, establishing efficient fair mechanisms to settle Claims objections, and (c) reducing the cost, time, and delay of prosecuting Claims objections. The proposed Objection Procedures also respect creditors' due process rights by implementing the safeguards set forth for Omnibus Objections already authorized under Bankruptcy Rule 3007(e) and requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code and Bankruptcy Rules (except Bankruptcy Rule 3007(e)(6)). Each notice will contain information about how affected creditors can resolve objections to Claims formally and informally and will include the deadline to file responses to the applicable Omnibus Objections. The notices will also have a customized schedule attached thereto that will reference the claimant's specific Claim that is subject to an objection or could be deemed satisfied. Therefore, the proposed Claims reconciliation process will exceed what is required in Bankruptcy Rule 3007 and the Bankruptcy Code.

22. Similarly, if the Debtors are allowed to object to Claims on Additional Grounds in an omnibus format and include more than 100 Claims in an Omnibus Objection, they will be more efficient and cost-effective in administering the Claims resolution process. The relief requested will save the Debtors from the added time and expense of filing potentially hundreds of individual claim objections. The claims objection process will be well-organized, and all parties in interest will benefit from a streamlined filing process that will result in fewer pleadings, fewer hearings, and greater efficiency. Ultimately, through a well-organized process, estate value will be preserved, and fewer resources will be spent reconciling Claims.

23. Further, the Notice of Satisfaction will bring certainty to the Claims resolution process, which will involve reconciling the Proofs of Claim for the Debtors. Such notice and Satisfaction Procedures will allow claimants to know when their Claims have been satisfied in accordance with the Bankruptcy Code and can reduce needless litigation and uncertainty around whether and when such Claims have been resolved on a final basis.

24. The relief sought herein is consistent with similar claims objection procedures approved in other large Chapter 11 cases, including by this Court. *See, e.g.*, *In re RTW Retailwinds, Inc., et al.*, Case No. 20-18445 (JKS) (Bankr. D.N.J. Feb. 22, 2021); *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Nov. 29, 2022); *In re HSP Liquidation, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. Dec. 16, 2019); *In re BCBG Max Azria Global Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Sept. 28, 2018); *In re Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 22, 2016).

25. The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights. Specifically, the procedures and notices

preserve and protect Estate assets and are designed to streamline the Claims reconciliation process. Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

### Reservation of Rights

26.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Waiver of Memorandum of Law

27.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

28.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

29.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; (f) counsel for the Committee; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: February 20, 2023        /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*