UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on February 23, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
BlockFi Inc.

Case No.: 22-19361

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLOCKFI INC, ET AL NUNC PRO TUNC TO DECEMBER 29 2022.

The relief set forth on the following page is hereby **ORDERED**.

**DATED: February 23, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Proposed Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (617) 536-1766<br>Fax: (617) 289-0466<br>Email: spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Case 22-19361-MBK    Doc 5442    Filed 02/28/23    Entered 02/28/23 15:26:09    Desc Main
Document    Page 3 of 6

Case 22-19361-MBK    Doc 542-1    Filed 02/23/23    Entered 02/23/23 16:04:15    Desc
Proposed Order Authorizing and Approving the Employment and Retention of Brown R    Page 2 of 5

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
BLOCKFI INC., ET AL., *NUNC PRO TUNC* TO DECEMBER 29, 2022**

Upon consideration of the *Application for Order Authorizing the Employment and Retention of Brown Rudnick LLP as Counsel for the Official Committee of Unsecured Creditors of Blockfi Inc., et al., Nunc Pro Tunc to December 29, 2022* (the "Application"),[2] pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of Brown Rudnick LLP ("Brown Rudnick") as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned bankruptcy cases (the "Cases") of BlockFi Inc., *et al.* (the "Debtors"), effective as of December 29, 2022; and upon consideration of the Stark Declaration in support of the Application annexed thereto; and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested is in the best interests of the Debtors' estates; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED as set forth herein.

2. The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Brown Rudnick as counsel to the Committee effective as of December 29, 2022.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3. Brown Rudnick shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court. Brown Rudnick also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Brown Rudnick in these Cases.

4. Brown Rudnick will bill 50% for non-working travel related to these Cases and will not seek reimbursement for fees or expenses incurred in connection with the defense of any of Brown Rudnick's fee applications in these Cases.

5. Brown Rudnick shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Cases.

6. Brown Rudnick shall not charge a markup with respect to fees billed by contract attorneys who are hired by Brown Rudnick to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Brown Rudnick shall provide at least 10 business days' notice to the Committee, the Debtors, and the U.S. Trustee prior to any increases in the rates set forth in the Stark Declaration and shall file such notice with this Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330

of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. No agreement or understanding exists between Brown Rudnick and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these Cases, nor shall Brown Rudnick share or agree to share compensation received for services rendered in connection with these Cases with any other person other than as permitted by Bankruptcy Code section 504.

9. Upon entry of a final order on the *Debtors' Motion For Entry Of An Order (I) Authorizing The Debtors To File A Consolidated List Of Top 50 Unsecured Creditors And Consolidated List Of Creditors, (II) Authorizing The Debtors To Redact Certain Personally Identifiable Information Of Individual Creditors, Clients, Equity Holders, And Current And Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving The Requirement To File An Equity List And Provide Notices Directly To Equity Security Holders, And (V) Granting Related Relief* [Docket No. 4], Brown Rudnick will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration. Further, if the Court denies the *Motion Of The Official Committee Of Unsecured Creditors To Seal The Names Of Certain Confidential Transaction Parties Interest Related To The Committee's Professional Retention Applications And For Related Relief* [Docket No. 403], Brown Rudnick will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Brown Rudnick to such potential counterparties

10. The Committee and Brown Rudnick are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2023

                                                        THE HONORABLE MICHAEL B. KAPLAN
                                                        UNITED STATES BANKRUPTCY JUDGE