| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>*Attorneys for Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF RICHARD KANOWITZ IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 330 AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(B)(1)**

I, Richard Kanowitz, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Haynes and Boone LLP ("Haynes and Boone"), 30 Rockefeller Plaza, 26th Floor, New York, New York 10112. I am a member in good standing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

of the Bars of the State of New Jersey and New York, and I am admitted to practice before the U.S. Court of Appeals for the Second Circuit, U.S. Court of Appeals for the Third Circuit, U.S. Court of Appeals for the Fourth Circuit, U.S. District Court for the District of New Jersey, U.S. District Court for the Southern District of New York, U.S. District Court for the Eastern District of New York, and the U.S. District Court for the Northern District of New York. There are no disciplinary proceedings pending against me.

2. On November 28, 2022 (the "Petition Date"), BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On December 22, 2022, the Debtors filed their *Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 134] (the "Retention Application").[2] Concurrently therewith, the Debtors filed the *Declaration of Richard Kanowitz in Support of the Debtors' Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 134, Ex. A] (the "Original Declaration").

4. On January 24, 2023, Haynes and Boone filed the *Supplemental Declaration of Richard Kanowitz in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

*in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 376] (the "Supplemental Declaration").

5. On January 24, 2023, the Court entered its *Order Approving the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 393] (the "Retention Order").

6. In connection with the Retention Application, the Original Declaration and the Supplemental Declaration, I submit this second supplemental declaration (the "Second Supplemental Declaration") to provide additional disclosures in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required under the Retention Order. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Supplemental Disclosures**

7. This Second Supplemental Declaration makes certain additional disclosures. As stated in the Original Declaration, Haynes and Boone represented that "The Firm recognizes its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' bankruptcy estates and the Chapter 11 Cases as they appear or become recognized during the Chapter 11 Cases. Accordingly, the Firm reserves the right to supplement this disclosure if necessary as more information becomes available to the Firm." *See* Original Decl., ¶ 28. Consistent with this representation, Haynes and Boone has continued to review its files for any new relevant facts or relationships regarding all the entities disclosed in the Original Declaration, and any connections to any additional entities not disclosed in the Original Declaration or the Supplemental Declaration.

8. Moreover, the Debtors recently provided Haynes and Boone with a supplemental list of parties that were not disclosed in the Original Declaration or the Supplemental Declaration,

3

such as law firms who have appeared in the Chapter 11 Cases, additional M&A counterparties who have signed NDAs, UCC advisors, and Ad Hoc Wallet Group advisors. These additional parties are listed on **Schedule 1** attached hereto (the "Additional Potential Parties in Interest"). To the extent that I have been able to ascertain that Haynes and Boone has been retained within the last two years to represent any of the Additional Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on **Schedule 2** attached hereto.

9. As more fully disclosed in Schedule 2, each of the connections set forth on Schedule 2 does not constitute a disqualifying conflict of interest.[3] In circumstances in which the Debtors are adverse to another current Haynes and Boone client in the Chapter 11 Cases, Haynes and Boone will assist the Debtors in engaging conflicts counsel to handle the investigation and prosecution of those claims. At this time, no such adversity is anticipated. Therefore, Haynes and Boone does not believe that its concurrent representation of the above potential additional parties-in-interest on unrelated matters creates a disqualifying conflict of interest in the Chapter 11 Cases.

10. As of the date of this Second Supplemental Declaration, based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, I believe that Haynes and Boone (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) has no connection to the Debtors, their creditors, or other parties in interest.

---

[3] Section "327(a) is written in the present tense: it bars the retention of professionals who 'hold or represent' adverse interests. It only allows disqualifications for adverse interests that exist at the time of retention." *In re Boy Scouts of Am.*, 35 F.4th 149, 158, n. 5 (3d Cir. 2022).

11. Haynes and Boone recognizes its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' bankruptcy estates and the Chapter 11 Cases as they appear or become recognized during the Chapter 11 Cases. Accordingly, the Haynes and Boone reserves the right to further supplement this disclosure if necessary as more information becomes available. The foregoing constitutes my supplemental statement and that of Haynes and Boone pursuant to section 327 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: February 24, 2023                                   Respectfully submitted,

                                                            /s/ Richard Kanowitz
                                                           Richard Kanowitz
                                                           Partner, Haynes and Boone LLP

# SCHEDULE 1
**List of Schedules**

| Schedule | Category |
|---|---|
| 1(a) | Non-Debtor Professionals |
| 1(b) | Notice of Appearance Party |
| 1(c) | Potential M&A Counterparties |
| 1(d) | Wallet Motion Objecting Parties |

# SCHEDULE 1(a)

### Non-Debtor Professionals

Brown Rudnick LLP
Clark Hill plc
Elementus Inc.
Fox Rothschild LLP
Genova Burns LLC
Loeb & Loeb LLP
M3 Partners LLC
McCarter & English LLP
Mintz Levin Cohn Ferris Glovsky & Popeo PC
Reed Smith LLP
Straffi & Straffi
Troutman Pepper Hamilton Sanders LLP
Venable LLP
Webber McGill LLC

## SCHEDULE 1(b)

**Notice of Appearance Party**

Marex Capital Markets Inc.

## SCHEDULE 1(c)

**Potential M&A Counterparties**

[Confidential]

## SCHEDULE 1(d)

**Wallet Motion Objecting Parties**

[Confidential]

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a Current or Former HB Client | Status |
|---|---|---|
| Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. | Mintz, Levin, Cohn, Ferris, Glovsky, & Popeo, P.C. | The Firm formerly represented Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. on matters unrelated to the Debtors or the Chapter 11 Cases. |
| ██████ | ██████ | The Firm represents ██████ on matters unrelated to the Debtors or the Chapter 11 Cases |
| ██████ | ██████ | The Firm represents ██████ on matters unrelated to the Debtors or the Chapter 11 Cases |
| ██████ | ██████ | The Firm represents ██████ on matters unrelated to the Debtors or the Chapter 11 Cases |
| ██████ | ██████ | The Firm represents ██████ on matters unrelated to the Debtors or the Chapter 11 Cases |
| ██████ | ██████ | The Firm represents ██████ on matters unrelated to the Debtors or the Chapter 11 Cases |