| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for Debtors and<br>Debtors in Possession* |
| *Attorneys for Debtors and<br>Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL
DECLARATION OF JOSHUA A. SUSSBERG
IN SUPPORT OF THE DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND &
ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF NOVEMBER 28, 2022**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1.  I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland"). I am one of the lead attorneys from Kirkland working on the above captioned Chapter 11 Cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Northern District of Illinois, and the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2.  I submit this second supplemental declaration (the "Second Supplemental Declaration") in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* [Docket No. 133] (the "Application").[2]

**Background**

3.  On November 28, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On December 22, 2022, the Debtors filed the Application pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

(the "Local Rules"). My original declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

4. On January 31, 2023, the Debtors filed the *Supplemental Declaration of Joshua A. Sussberg in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* [Docket No. 445] (the "First Supplemental Declaration" and together with the Original Declaration, the "Prior Declarations") in further support of the Application.

5. On February 1, 2023, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* [Docket No. 448] (the "Retention Order").

6. In connection with the Application, I submit this second supplemental declaration (this "Second Supplemental Declaration") in further support of the Application and to supplement the disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b). Except as otherwise indicated in this Second Supplemental Declaration, all facts stated in this Second Supplemental Declaration are based upon my personal knowledge of Kirkland's practices and Kirkland's representation of the Debtors and information learned from my review of relevant documents and information supplied to me by other parties, including partners or employees of Kirkland. No one individual at Kirkland has personal knowledge of all of the facts set forth in this Second Supplemental Declaration.

**Additional Disclosures**

7. As set forth in the Original Declaration and herein, Kirkland in the past may have represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these Chapter 11 Cases in connection with matters unrelated (except as otherwise disclosed in the Prior Declarations and herein) to the Debtors and these Chapter 11 Cases. None of the representations set forth on **Schedule 2** and **Schedule 3** are materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Kirkland is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors or other parties in interest in matters unrelated to these Chapter 11 Cases.

8. Kirkland has searched its electronic database of representations for connections to parties in interest in these Chapter 11 Cases. Certain connections were disclosed in the Prior Declarations. Since the Petition Date, Kirkland has updated those conflicts searches and has searched additional parties as Kirkland became aware of additional parties in interest in these Chapter 11 Cases. In addition to the entities searched and disclosed in the Prior Declarations, Kirkland searched its electronic database for the entities listed on **Schedule 1**, attached hereto. The following is a list of the additional categories that Kirkland has searched:[3]

| Schedule | Category |
|---|---|
| 1(a) | Non-Debtor Professionals |
| 1(b) | Notice of Appearance Parties |
| 1(c) | Potential M&A Counterparties |
| 1(d) | Wallet Motion Objecting Parties |

---

[3] Kirkland's inclusion of parties in the following schedules is solely to illustrate Kirkland's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

9. I have included the results of Kirkland's conflicts searches of the entities included in the above-listed categories on **Schedule 2** hereto.[4] In addition, Kirkland re-ran searches in its electronic database for the entities that were previously reviewed in the Prior Declarations. The results of Kirkland's conflict searches from the entities that were re-run are listed on **Schedule 3**. All current and prior representations of the parties identified on **Schedule 2** and **Schedule 3** are in matters unrelated to the Debtors and these Chapter 11 Cases.

10. As disclosed on **Schedule 2** and **Schedule 3**, certain parties in interest in these Chapter 11 Cases are current or former Kirkland clients. Kirkland has not represented, nor will Kirkland represent, any of these parties or any of their affiliates in any matter related to these Chapter 11 Cases. I do not believe these representations preclude Kirkland from being disinterested under the Bankruptcy Code.

11. Generally, it is Kirkland's policy to disclose entities in the capacity that they first appear in a conflicts search. For example, if an entity already has been disclosed in the Original Declaration in one capacity (*e.g.*, a customer), and the entity appears in a subsequent conflicts search in a different capacity (*e.g.*, a vendor), Kirkland does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

---

[4] As referenced in **Schedule 2** and **Schedule 3**, the term "current" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 12 months preceding the Petition Date. As referenced in **Schedule 2** and **Schedule 3**, the term "former" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date. As referenced in **Schedule 2** and **Schedule 3**, the term "closed" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed. Whether an actual client relationship exists can only be determined by reference to the documents governing Kirkland's representation rather than its potential listing in Kirkland's conflicts search system. The list generated from Kirkland's conflicts search system is over-inclusive. As a general matter, Kirkland discloses connections with "former" or "closed" clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

5

**Specific Disclosures**

12. The official committee of unsecured creditors (the "Committee") has applied for retention of M3 Partners ("M3") as its financial advisor. Mohsin Meghji, a managing partner with M3, has served, or may serve from time to time in various management and director capacities of certain Kirkland clients or affiliates thereof. I do not believe that Kirkland's current or prior representation of clients for which Mr. Meghji serve(d) in management and director capacities precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

**Affirmative Statement of Disinterestedness**

13. Based on the conflicts searches conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates, and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Original Declaration and herein.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2023

Respectfully submitted,

/s/ *Joshua A. Sussberg*
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as Partner of Kirkland & Ellis LLP; and as Partner of Kirkland & Ellis International LLP

# SCHEDULE 1

## List of Schedules

| Schedule | Category |
| --- | --- |
| 1(a) | Non-Debtor Professionals |
| 1(b) | Notice of Appearance Party |
| 1(c) | Potential M&A Counterparties |
| 1(d) | Wallet Motion Objecting Parties |

## SCHEDULE 1(a)

### **Non-Debtor Professionals**

Brown Rudnick LLP
Clark Hill plc
Elementus Inc.
Fox Rothschild LLP
Genova Burns LLC
Loeb & Loeb LLP
M3 Partners LLC
McCarter & English LLP
Mintz Levin Cohn Ferris Glovsky & Popeo PC
Reed Smith LLP
Straffi & Straffi
Troutman Pepper Hamilton Sanders LLP
Venable LLP
Webber McGill LLC

## SCHEDULE 1(b)

**Notice of Appearance Party**

Marex Capital Markets Inc.

## SCHEDULE 1(c)

**Potential M&A Counterparties**

[Confidential]

## SCHEDULE 1(d)

**Wallet Motion Objecting Parties**

[Confidential]

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Confidential Party | Confidential Client | Closed |
| Confidential Party | Confidential Client | Closed |
| | Confidential Client | Current |
| | Confidential Client | Current |
| | Confidential Client | Current |
| | Confidential Client | Current |
| Marex Capital Markets Inc. | TCP Highgate Holdings SPV LLC | Current |
| | Trilantic Capital Management GP Guernsey Ltd | Current |
| | Trilantic Capital Partners LP | Current |

# SCHEDULE 3

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Confidential Party | Confidential Client | Current |
| Confidential Party | Confidential Client | Current |
| Confidential Party<br>Confidential Party<br>Confidential Party | Confidential Client | Current |
| Confidential Party | Confidential Client | Current |
| Social Finance Inc. | SoFi Technologies Inc. | Current |
| Zendesk Inc. | Zendesk, Inc. | Current |
| Zendesk Inc. | Permira Advisers LLC | Current |