**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**April 11, 2023, at 10:00 a.m. (ET)** |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING THE DEBTORS TO DIRECT SCRATCH TO**
**RETURN POST-PAUSE PAYMENTS ON RETAIL CLIENT LOANS AND**
**(B) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)

Debtors: BlockFi Inc.

Case No.              22-19361(MBK)

Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                    (A) AUTHORIZING THE DEBTORS TO DIRECT SCRATCH TO
                    RETURN POST-PAUSE PAYMENTS ON RETAIL CLIENT LOANS AND
                    (B) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through five (5) is

**ORDERED**.

Upon consideration of the *Debtors' Motion for Entry of an Order (a) Authorizing the Debtors to Direct Scratch to Return Post-Pause Payments on Retail Client Loans, and (b) Granting Related Relief* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized to direct Scratch to immediately return the $585,100.03 Scratch is holding in Post-Pause Payments to the respective Retail Clients who made such Post-Pause Payments.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors: BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING THE DEBTORS TO DIRECT SCRATCH TO
RETURN POST-PAUSE PAYMENTS ON RETAIL CLIENT LOANS AND
(B) GRANTING RELATED RELIEF

3.      To the extent that Scratch (i) has received additional Post-Pause Payments not included in paragraph 2 of this Order or (ii) continues to receive additional Post-Pause Payments for prepetition Retail Client Loans after the entry of this Order while these Chapter 11 Cases are still pending, Scratch shall notify the Debtors of such Post-Pause Payments and the Debtors are authorized to direct Scratch to return the Post-Pause Payments consistent with the terms of this Order.

4.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

5.      Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is

(Page 5)
Debtors: BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
                   (A) AUTHORIZING THE DEBTORS TO DIRECT SCRATCH TO
                   RETURN POST-PAUSE PAYMENTS ON RETAIL CLIENT LOANS AND
                   (B) GRANTING RELATED RELIEF

not intended and should not be construed as an admission as to the validity of any particular claim

or a waiver of the Debtors' rights to subsequently dispute such claim.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out

the relief granted in this Order.

7.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or is otherwise waived.

8.      Under the circumstances of these Chapter 11 Cases, notice of the Motion is

adequate under Bankruptcy Rule 6004(a).

9.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be

immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.