**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: March 23, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: March 16, 2023**<br>**Oral Argument Waived Unless Objections Timely Filed** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE
EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED
LEASES OF NON-RESIDENTIAL REAL PROPERTY AND
(II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on **March 23, 2023** at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(collectively, the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: March 2, 2023                                             /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

3

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

hereby file this *Debtors' Motion for Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 365(d)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Rules of the United States Bankruptcy Court of the District of New Jersey (the "Local Rules").

### Relief Requested

4. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") to extend the Debtors' time to assume or reject their three unexpired leases of non-residential real property (collectively, the "Unexpired Leases") for an additional ninety days for a total of 300 days from the Petition Date through and including September 25,

2023.[2] The Debtors further request that the proposed extension be without prejudice to the Debtors' right to seek additional extensions of the time to assume or reject the Unexpired Leases as contemplated under Section 365(d)(4)(B)(ii) of the Bankruptcy Code with the consent of the applicable Unexpired Lease counterparty.

## Background

5. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

6. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

7. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

---

[2] The date 300 days after the Petition Date is September 24, 2023, but such date rolls forward by operation of Bankruptcy Rule 9006(a)(1)(C).

3

8. On December 27, 2020, the Consolidated Appropriations Act of 2021 (the "CAA") was signed into law. The CAA amended section 365(d)(4) of the Bankruptcy Code to allow bankruptcy courts to extend the debtor's time to assume or reject unexpired leases of non-residential real property from 120 days after the petition date to 210 days after the petition date. *See* CAA, 2021 Pub. L. No. 116-260 Division FF, Title X, Sec. 1001.

9. The CAA set December 27, 2022 as the sunset date (the "Sunset Date") for the revisions to section 365(d)(4) of the Bankruptcy Code, after which the deadline for the debtors to make assumption and rejection decisions would revert to 120 days from the petition date. *See id.* The text of the CAA does not state, and the Debtors do not believe, that the Sunset Date is meant to apply retroactively to debtors whose cases were pending prior to the Sunset Date.[3] If that were the case, the Sunset Date would strip the Debtors of their valuable rights during their Chapter 11 Cases.

10. Accordingly, the Debtors are filing this Motion, nearly four months prior to the 210-day deadline on June 26, 2023, to obtain certainty regarding the deadline to assume or reject the Unexpired Leases. Given that the Sunset Date occurred prior to the 210-day deadline but after the Petition Date, the Debtors submit that the CAA's extended 210-day initial deadline will continue to apply to these currently pending Chapter 11 Cases.[4] Courts faced with this issue have

---

[3] Indeed, if the Sunset Date applied retroactively, a debtor that has filed a chapter 11 case more than 120 days prior to the Sunset Date but had not yet assumed its unexpired non-residential real property leases prior to or by the Sunset Date in reliance on the CAA could be deemed to lose all of its unexpired real property leases as of the Sunset Date. Such an untenable outcome would be in direct contravention of the purpose of the CAA and the reorganization principles underpinning the Bankruptcy Code.

[4] For the avoidance of doubt, if the Court determines that the Sunset Date retroactively applies, the Debtors seek to extend the deadline proscribed under Section 365(d)(4)(B)(i) through and including June 26, 2023.

applied the 210-day initial deadline afforded under the CAA to debtors that commenced chapter 11 cases prior to the Sunset Date.[5]

### Basis for Relief Requested

11. Under Bankruptcy Code § 365(d)(4)(B), the Court may extend the expiration period for 90 days "for cause." 11 U.S.C.§ 365(d)(4)(B). Thus, upon a showing of cause, a court has the discretion to grant an extension of 90 days to assume or reject unexpired non-residential real property leases. *Id.* Bankruptcy Code § 365(d)(4)(B) demonstrates that Congress, when enacting § 365(d)(4), recognized that in some cases the initial period is not sufficient for a debtor-lessee to decide whether to assume or reject leases.

12. The term "cause" as used in § 365(d)(4) is not defined in the Bankruptcy Code. In determining whether cause exists to grant an extension of time to assume or reject an unexpired lease of non-residential real property, bankruptcy courts consider several factors, including: (i) whether the debtor is paying for the use of the property; (ii) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code; and (iii) the complexity of the case facing the debtor. *S. St. Seaport LP v Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *Legacy Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993); *In re GST Telecom Inc.*, No. 00-1982, 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding that "equity

---

[5] *See, e.g.*, *In re Cineworld Group PLC*, No. 22-90168 (MI) (Bankr. S.D. Tex. Dec. 28, 2022) (granting an initial extension of the 365(d)(4) deadline to 300 days after the petition date based on a 210-day initial deadline); *In re Armstrong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. Nov. 21, 2022) (same); *In re Aearo Technologies LLC*, No. 22-02890 (JJG) (Bankr. S.D. Ind. Nov. 21, 2022) (same); *In re Madison Square Boys & Girls Club, Inc.*, No. 22-10910 (SHL) (Bankr. S.D.N.Y. Nov. 10, 2022) (same); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) (same).

5

dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease.").

13. The Third Circuit has specifically found that:

> nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that is attempting to develop. …[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time to analyze leases in light of the plan it is formulating.

*In re Channel Home Ctrs., Inc.*, 989 F.2d at 689.

14. The purpose of this extension is to allow the Debtors additional time to carefully evaluate the Unexpired Leases so that they can make decisions to maximize the value of their estates. The Debtors' successful administration of these Chapter 11 Cases requires a careful analysis of the Unexpired Leases to determine if each fit within the Debtors' (or a potential buyer's) go-forward business strategy. Moreover, the Debtors respectfully submit that assumption of their Unexpired Leases at this stage of these Chapter 11 Cases would be premature and could lead to unnecessary prejudice to the creditors of the estates. Specifically, assumption will require the Debtors to cure any prepetition defaults under such Unexpired Leases and would elevate all future rentals due and owing under the Unexpired Leases for the remaining unexpired portion of the terms of such Unexpired Leases to administrative expenses, thereby diluting potential recoveries of general unsecured creditors. Furthermore, an extension of the section 365(d)(4) deadline is critical for the Debtors to preserve optionality in connection with their ongoing sale and marketing process for some or substantially all of their assets. The totality of the circumstances weighs heavily in favor of an extension of the deadline to assume or reject leases under section 365(d)(4), which is necessary, appropriate, and in the best interests of the Debtors' estates.

6

15. The Debtors believe that they will require the full benefit of the 90-day extension to evaluate the performance of and negotiate with their landlords regarding the terms of each Unexpired Lease. Accordingly, the Debtors respectfully request that the Court extend the time within which they must assume or reject the Unexpired Leases for an additional ninety days, through and including September 26, 2023, without prejudice to the Debtors' right to obtain subsequent extensions upon appropriate notice and hearing and prior written consent of the landlords.

### Notice

16. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) the non-Debtor counterparties of the Unexpired Leases; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Debtors respectfully request entry of the Order submitted herewith extending the time within which they must assume or reject their Unexpired Leases of non-residential real property.

[*Remainder of page intentionally left blank*]

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: March 2, 2023 | /s/ *Michael D. Sirota* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**EXHIBIT A**

**PROPOSED ORDER**

|   |   |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: March 23, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: March 16, 2023** |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through six (6) is **ORDERED**.

(Page 3)
Debtors:  BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

---

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief* (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:          BLOCKFI INC., *et al.*
Case No.:         22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

2. The time within which the Debtors must assume or reject the Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code is hereby extended through and including September 25, 2023 (the "Section 365(d)(4) Deadline"). The Section 365(d)(4) Deadline may be extended to another date that is mutually agreed to between the Debtors and the counterparty to an Unexpired Lease only upon written consent (email being sufficient) of the applicable counterparty.

3. If the Debtors file a motion to assume or reject an Unexpired Lease prior to the Section 365(d)(4) Deadline, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to Section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

4. Entry of this Order shall be without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Unexpired Leases in accordance with the requirements of Section 365(d)(4) of the Bankruptcy Code.

5. Nothing in the Motion or this Order shall be deemed an approval or rejection of the Unexpired Leases or modify any rights and obligations of the Debtors under the Unexpired Leases.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute

(Page 5)
Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

---

any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the or any order granting the relief requested by the or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8. All time periods set forth in the Motion shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

(Page 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF |

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation, or enforcement of this Order.