UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ   07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:     jeffrey.m.sponder@usdoj.gov
            lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>BlockFi Inc., *et al.*[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>Jointly Administered<br><br>Hearing Date: PURSUANT TO ORDER<br>                         SHORTENING TIME<br><br>Honorable Michael B. Kaplan, Chief Judge |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO COMPEL THE DEBTORS TO COMPLY WITH: (i) SECTION 345(b) OF THE BANKRUPCY CODE; AND (ii) THE FINAL CASH MANAGEMENT ORDER**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), through his counsel, moves before the Court pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a), and 345, for an Order compelling the Debtors to comply with 11 U.S.C. § 345(b) and the *Final Order (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms, and Records,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

*(B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated with the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* (Dkt. 306) ("Final Cash Management Order") and respectfully represents as follows:

## PRELIMINARY STATEMENT

The U.S. Trustee requests the Court compel the Debtors to comply with the requirements of section 345 and the terms of the Final Cash Management Order, in particular with regard to the bank account it maintains at Silicon Valley Bank ("SVB") ending in x7263, which, upon information and belief, currently leaves approximately $227 million in funds unprotected.

## JURISDICTION

1.  The Court has jurisdiction to hear this Motion.

2.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is generally charged with overseeing the administration of chapter 11 cases filed in this District. 28 U.S.C. § 586. Under section 586 and section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad responsibilities in chapter 11 cases and the standing to rise and be heard on any issue in any case or proceeding. 11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

**General Case Background**

3. On November 28, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

4. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

5. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. No trustee or examiner has been appointed in these chapter 11 cases.

7. On December 21, 2022, the U.S. Trustee appointed an Official Committee of Unsecured Creditors. *See* Dkts. 130 and 131.

8. BlockFi "provide[s] credit services to markets with limited access to simple financial products." *See* Dkt. 17 at ¶ 22. "BlockFi acquires clients by offering custom products and services that enable its clients to meet their financial goals, and continuously expands its product suite to deepen its relationship with its clients over time." *See id.* at ¶ 29. "BlockFi serves retail clients through web and mobile applications, and its products enable individuals and small businesses to store and/or earn interest on, buy and sell, borrow U.S. Dollars secured by, and earn (via credit card rewards program) digital assets." *See id.* at ¶ 30. On the institutional side, "BlockFi provides hedge funds, market makers, proprietary trading firms, trading desks,

3

cryptocurrency miners, exchanges, and corporations with bespoke financing, trading, and treasury solutions relating to digital assets." *See id*.

**Cash Management Motion and Order**

9. On November 28, 2022, the Debtors filed a *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated With the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* ("Cash Management Motion"). *See* Dkt. 7.

10. On January 17, 2023, the Court entered the Final Cash Management Order. *See* Dkt. 306.

11. The Final Cash Management Order includes the following paragraph as requested by the U.S. Trustee:

> With respect to all Bank Accounts, the Debtors shall have 30 days from entry of this Final Order or such longer time as agreed with the U.S. Trustee to either comply with section 345(b) of the Bankruptcy Code, make such other arrangements as agreed with the U.S. Trustee or obtain the Court's approval for any deviation from section 345(b), without prejudice to the Debtors' right to seek an extension of the time to comply; provided the Debtors' and the U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Cash Management Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully preserved.

*See* Dkt. 306, ¶ 18.

**Debtors' Accounts with Silicon Valley Bank**

12. SVB executed a Depository Agreement for the District of New Jersey. *See* Certification of Daniel C. Kropiewnicki ("Kropiewnicki Cert.") at ¶ 2.

13. The Debtors maintain multiple bank accounts at SVB. *See* Kropiewnicki Cert. at ¶ 3.

14. The SVB account ending in x7263 is a money market mutual fund. *See id*. at ¶ 4. Because it is a money market mutual fund, it is not FDIC insured and does not comply with section 345(b) or the terms of the Depository Agreement. *See id*.

15. On February 17, 2023 – at the end of the 30 days allowed under the Final Cash Management Order for compliance with section 345 – the U.S. Trustee emailed Debtors' counsel requesting documentation to support that the funds in account x7263 were held in a DIP account and were collateralized/insured. *See id*. at ¶ 5.

16. No proof was provided. *See id*. at ¶ 6.

17. As of February 28, 2023, the Debtors maintained approximately $227,000,000.00 in account x7263. *See id*. at ¶ 7.

18. On March 6, 2023, the U.S. Trustee emailed Debtors counsel stating that with regard to account x7263, "[t]he Debtor needs to immediately take steps to safeguard these funds in compliance with Section 345(b)." *See* Kropiewnicki Cert. at ¶ 8 (emphasis in the original).

19. The following day, the Debtors, through counsel, requested agreement from the U.S. Trustee to allow the funds to remain in the money market mutual fund, representing there is FDIC insurance on the first $250,000 and "[t]hese holdings are AAA rated and invested in US

5

government securities. These holdings generate meaningful value for the estate (~10M USD / year) and would be harmful to the estate if funds could only be held in checking account (sic) at 0% interest." *See id*. at ¶ 9.

20.   A Balance Summary statement provided by SVB with regard to account x7263 states: "MONEY MARKET MUTUAL FUND INVESTMENTS ARE: NOT A DEPOSIT – NOT FDIC INSURED – NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY – NOT GUARANTEED BY THE BANK – MAY LOSE VALUE." *See id*. at ¶ 10 (emphasis in the original).

21.   The U.S. Trustee responded on March 7, 2023, attaching the account statement referenced in the preceding paragraph. *See id*. at ¶ 11. The email further advised the Debtors that:

> The United States Trustee must seek to ensure that a debtor in possession invests funds of the estate only in accordance with 11 U.S.C. Section 345. The Debtor may purchase U.S. Treasury bills, bonds or notes provided the treasuries are titled as debtor in possession. Unless the court orders otherwise, investments in repurchase agreements and secondary financial markets are not authorized.

*See id*.

22.   The Debtors agreed to provide a response by March 10, 2023. *See id*. at ¶ 12.

23.   As of the filing of this Motion, the Debtors have not provided any proof that the funds in account x7263 are being held in accordance with section 345(b). *See id*. at ¶ 13.

## ARGUMENT AND BASIS FOR RELIEF

24. The Debtors are not in compliance with section 345(b)[2] and the temporary waiver provided by the Final Cash Management Order has expired. Requiring the Debtors' compliance with section 345(b) and the Final Cash Management Order is necessary to protect this substantial amount of estate property.

25. Although SVB executed a Depository Agreement, account x7263 is a money market mutual fund and does not comply with section 345(b) or the terms of the Depository Agreement. Compliance with section 345 will ensure that all estate cash is properly

---

[2] Bankruptcy Code § 345(b) provides that:

(b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—

    (1) a bond—

        (A) in favor of the United States;

        (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and

        (C) conditioned on—

            (i) a proper accounting for all money so deposited or invested and for any return on such money;

            (ii) prompt repayment of such money and return; and

            (iii) faithful performance of duties as a depository; or

    (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

*See* 11 U.S.C. § 345(b).

collateralized pursuant to section 345(b).

**A. Statutory Standard**

26. Section 345(b) imposes certain requirements as to where estate funds can be held in order to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with whom estate funds are deposited to post a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C. § 345(b). Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return . . . [while] taking in to account the safety of such deposit or investment." *See* 11 U.S.C. § 345(a). Section 345(b) requires that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b). A court may waive the requirements of section 345 upon the showing of "cause." *Id*.

27. Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-

8

in-possession accounts at "authorized depositories," *i.e.*, those that have entered into a Uniform Depository Agreement with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), §§ 7-1.1 – 7-1.2.[3]

28. Pursuant to the U.S. Trustee's responsibilities under 11 U.S.C. § 345 and 28 U.S.C. § 586, the U.S. Trustee has entered into Uniform Depository Agreements ("UDAs") with multiple financial institutions, including SVB. The UDA between the depository and the United States Trustee requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the insurance limit of the Federal Deposit Insurance Corporation ("FDIC"). *See* Manual, § 7-1.2.1. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7-1.3.2.

29. The UDA also aims to safeguard estate monies on deposit at UDA banks if those banks encounter difficulties during a case. Specifically, the UDA makes all estate monies on deposit immediately due and payable if the depository bank fails, suspends active operations or becomes insolvent, or if a receiver, conservator or liquidator is appointed for the bank. In such events, the UDA gives the U.S. Trustee the immediate right to seek recourse against any surety bond the bank obtained, or unilaterally demand turnover or take actual or constructive possession of all securities the bank has pledged as collateral with the Federal Reserve, without notice to the

---

[3] The manual is available at: https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual.

bank. The U.S. Trustee would then pay such surety bonds or pledge securities to the debtor or hold them in trust for the debtor. Without the depository bank's compliance with a UDA, the U.S. Trustee would be unable to proceed as expeditiously to protect estate assets.

**B. The Debtors are Not in Compliance with Section 345**

30. As of the filing of this Motion, the Debtors are not in compliance with section 345 because account x7263 is a money market mutual fund account, which is not FDIC insured. Accordingly, account x7263 does not comply with the Depository Agreement executed by SVB and upon information and belief, the Debtors have not taken any steps to safeguard those funds as required by section 345.

31. The Debtors are also not in compliance with the Final Cash Management Order because it is now more than 30 days after entry of the order, there is no further extension agreed to by the U.S. Trustee, and the Debtors have not complied with or obtained the Court's approval of a waiver of section 345(b) requirements.

32. Even if the Debtors did request a waiver, the Debtors would have to establish "cause" under section 345(b). The U.S. Trustee disputes there is any cause to waive the requirements because there is no showing that the funds in SVB account x7263 will be sufficiently protected in the absence of compliance.

33. As a waiver has not been requested, the U.S. Trustee reserves all rights to object to any such request.

WHEREFORE the U.S. Trustee requests that this Court issue an order directing the Debtors to comply with section 345.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

    By:    */s/ Jeffrey M. Sponder*
           Jeffrey M. Sponder
           Trial Attorney

    By:    */s/ Lauren Bielskie*
           Lauren Bielskie
           Trial Attorney

Dated: March 10, 2023

11