**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*



**Order Filed on March 13, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)
**Hearing Date and Time:**
**March 13, 2023 at 10:00 a.m. (ET)**

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF

**DATED: March 13, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

Upon consideration of the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the First Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to more than 100 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

4.      The Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in the preceding paragraph. The Debtors may include scheduled Claims in Omnibus Objections.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to send Objection Notices via first-class mail or electronic mail, as applicable, in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached hereto as **Exhibit 4** is approved. The Debtors are authorized to mail or email Notices of Satisfaction via first-class mail or electronic

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

mail in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors'

belief that those Claims have been satisfied in full and will be expunged from the Claims Register

absent a timely response from the Claim holder. If no response is received timely from the recipient

of the Notice of Satisfaction, the Debtors or the Claims and Noticing Agent acting on the Debtors'

behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not

be treated as a creditor with respect to the Claim for purposes of distribution.

8.     The Debtors are authorized to take all steps necessary or appropriate to carry out

the relief granted in this Order.

9.     The terms, conditions, and provisions of this Order shall be immediately effective

and enforceable upon its entry.

10.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings

announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes

a finding under the federal securities laws as to whether crypto tokens or transactions involving

crypto tokens are securities, and the right of the United States Securities and Exchange

Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as: (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

(Page 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     For the avoidance of doubt, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of Bermuda.

13.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related

(Page 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

to the implementation, interpretation, or enforcement of this Order.

## Exhibit 1

**Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS

On [__], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. [__]] (the "Order")[2] in the Chapter 11 Cases of the above-captioned debtors (collectively, the "Debtors"). Among other things, the Order approved these omnibus objection procedures.

### Omnibus Objections

1.    Grounds for Omnibus Objections. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims on the grounds that such Claims, in part or in whole:

   a.    are inconsistent with the Debtors' books and records;

   b.    fail to specify the asserted Claim amount (or only list the claim amount as "unliquidated");

   c.    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim; *provided, however* that the Debtors shall be required to submit at least one request for additional information to the claimant prior to objecting on this ground;

   d.    seek recovery of amounts for which the Debtors are not liable;

   e.    are classified incorrectly or improperly;

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Order.

1

f.      are disallowed pursuant to section 502 of the Bankruptcy Code;

g.      has been satisfied in full by a party that is not a Debtor;

h.      are subject to satisfaction by one or more of the Debtors' insurers with a legal obligation to satisfy such Claims as determined by an order of this Court or other court of competent jurisdiction;

i.      has been withdrawn formally by the claimant pursuant to either a pleading or an order of the Court; and

j.      the Claims include amounts requested in violation of the Terms of Use.

2.      <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively regardless of basis.

3.      <u>Supporting Documentation</u>. To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.      <u>Claims Exhibits</u>. An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims for which there is a common basis for the objection. Claims that have more than one basis for objection may appear on only one exhibit with reference to all of the bases for objecting to the Claims. The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection. The exhibits will include the following information and will be alphabetized based claimant:

a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register without disclosing personally identifiable information;

b.      the asserted amount of the Claim, if applicable;

c.      the grounds for the Omnibus Objection;

d.      a cross-reference to the section in the Omnibus Objection discussing such Claim; and

e.      other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

2

5.     <u>Objection Notice</u>. An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u> (the "<u>Objection Notice</u>") and containing all information included in the standard form pursuant to Local Rule 3007-2, will accompany each Omnibus Objection to address a particular creditor, Claim, or objection and will include the following:

      a.     a description of the basic nature of the Omnibus Objection;

      b.     information to claimants that their rights may be affected by the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

      c.     procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

      d.     the hearing date, if applicable, and related information; and

      e.     a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the Chapter 11 cases may be obtained.

6.     <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, (c) the Committee, (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002, and (e) with respect to Omnibus Objections filed pursuant to paragraph 1.h. of these procedures, the Debtors' applicable insurer for such claims.

7.     <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>"). The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing. If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously. The Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court in the Debtors' sole discretion so long as notice is provided to the affected claimant(s).

8.     <u>Contested Matter</u>. Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

9.    <u>Resolving Objections</u>. Certain of the Debtors' advisors will be available to work with you to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes    and    Boone,    LLP,    the    Debtors'    counsel,    via    (a)    e-mail    at Jordan.Chavez@haynesboone.com    and    Tom.Zavala@haynesboone.com,    respectively,    or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

10.    <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

11.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

ii.    the name, address, telephone number, and email address of the party

4

with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

     a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (Jordan.chavez@haynesboone.com); and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

     b.    <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

     c.    <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

13.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

14.    <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the Notice Parties or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

15.    <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply or omnibus reply to any Response or multiple responses, as applicable, no later than two (2) business days before

the hearing with respect to the relevant Omnibus Objection.

**Miscellaneous**

16.    <u>Additional Information</u>. Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 Cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to Kroll, the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

17.    <u>Reservation of Rights</u>. NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

**<u>Exhibit 2</u>**

**Objection Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
COLE SCHOTZ P.C.
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

HAYNES AND BOONE, LLP
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Case No. 22-19361 (MBK)<br>Chapter 11 (Jointly Administered)<br>**Hearing Date and Time:**<br>_____, 2023 at \_\_:00 \_.m. (ET)<br>Chief Judge Michael B. Kaplan |

## NOTICE OF OBJECTION TO YOUR CLAIM

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that BlockFi Inc. and its affiliates (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

---

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:**

| JORDAN E CHAVEZ, ESQ. | TOM J. ZAVALA, ESQ. |
|---|---|
| **(214) 651-5453** | **(214) 651-5046** |
| **JORDAN.CHAVEZ@HAYNESBOONE.COM** | **TOM.ZAVALA@HAYNESBOONE.COM** |

---

### Important Information Regarding the Objection

Grounds for the Objection. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [_____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures. On March [__], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. ___] (the "Order") approving procedures for filing and resolving objections to Claims asserted against the Debtors in the Chapter 11 Cases (the "Objection Procedures"), which are attached to the Order at Exhibit 1. ***Please review the Objection Procedures carefully to ensure your response to the Objection, if any, is filed and served timely and correctly. You may obtain a copy of the Order as set forth in the Additional Information section below.***

### Resolving the Objection(s) to Your Claim(s)

1.    Resolving Objections. Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes and Boone, LLP, the Debtors' counsel, via (a) e-mail at Jordan.Chavez@haynesboone.com and Tom.Zavala@haynesboone.com, respectively, or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

2.    Parties Required to File a Response. If you are not able to resolve the Objection filed with respect to your Claim(s) as set forth above consensually, you must file a response (each, a "Response") with the Court in accordance with the following procedures:

3.    Response Contents. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4.    Filing and Serving the Response. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "Notice Parties") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Objection(s) and Response(s)** (the "Response Deadline"), unless the Debtors consent to an extension in writing:

    a.    Debtors' Counsel. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th

Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com), Jordan E. Chavez (jordan.chavez@haynesboone.com) and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.      <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.      <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

5.      <u>Failure to Respond</u>. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

**Hearing on the Objection**

6.      <u>Date, Time and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [_____], 2023, at [_____], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

7.      <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a

hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

### **Additional Information**

8.      Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

### **Reservation of Rights**

9.      NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

Dated: [_____], 2023                    /s/

                                             **COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| Claimant Name or Identifier | Debtor | Claim Number | Date Filed | Asserted Claim Amount[1] | Basis for Objection | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1] Asserted Claim amounts listed as $0.00 or 0.00 cryptocurrency reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

## Exhibit 3

**Satisfaction Procedures**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## PROCEDURES FOR FILING AND SERVING
## NOTICES OF SATISFACTION OF CLAIMS

On [___], 2023, the above-captioned debtors (collectively, the "Debtors") in the Chapter 11 cases filed the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. [___]] (the "Motion")[2] with the United States Bankruptcy Court for the District of New Jersey (the "Court"). On [___], 2023, the Court entered an order [Docket No. [___]] (the "Order") approving these procedures for serving notices of satisfaction of Claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1.      Grounds for Satisfaction Procedures. The Debtors may file and serve notices of satisfaction in the form attached hereto (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules. A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed Chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2.      Parties Required to File a Response. Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided, however*, that such party may not object to any amount that the Court has approved pursuant to an order. **If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the Debtors are authorized to instruct the Claims and Noticing Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

3.    <u>Response Contents</u>. Each Response to a Notice of Satisfaction must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Notice of Satisfaction** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

    a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan Chavez (Jordan.chavez@haynesboone.com) and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D.

Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.   <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.   <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

5.   <u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register without further notice or hearing, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

## Hearing on the Response

6.   <u>Date, Time and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [___], 2023, at [___], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

7.   <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Miscellaneous

8.   <u>Additional Information</u>. Copies of these procedures, the Order, the Motion, or any

3

other pleadings filed in the Debtors' Chapter 11 cases are available for free online at
https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon
written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring
Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York
11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the
documents filed in the Debtors' Chapter 11 cases for a fee via PACER at
http://www.njb.uscourts.gov.

       9.    <u>Reservation of Rights</u>. NOTHING IN ANY NOTICE SHALL BE DEEMED TO
CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY
IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF
OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS
NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED
THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A
LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE
THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

## Exhibit 4

**Notice of Satisfaction of Claims**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>     Debtors.[1] | Case No. 22-19361 (MBK)<br>Chapter 11 (Jointly Administered)<br>**Hearing Date and Time:**<br>_____, 2023 at __:00 _.m. (ET)<br>Chief Judge Michael B. Kaplan |

## NOTICE OF SATISFACTION OF CLAIMS

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that BlockFi Inc. and its affiliates (collectively, the "Debtors") have identified you as holding certain Claim(s)[2] against Debtors listed in the table at the end of this notice, which have been satisfied in full according to the Debtors' books and records.

---

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIMS REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSES OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:**

| JORDAN E. CHAVEZ, ESQ. | TOM J. ZAVALA, ESQ. |
|---|---|
| (214) 651-5453 | (214) 651-5046 |
| JORDAN.CHAVEZ@HAYNESBOONE.COM | TOM.ZAVALA@HAYNESBOONE.COM |

---

### Important Information Regarding the Notice of Satisfaction

Grounds for the Notice of Satisfaction. The Debtors are seeking to expunge your Claim(s) listed in the table at the end of this notice on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

Satisfaction Procedures. On March [___], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. ____] (the "Order") approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the Chapter 11 cases (the "Satisfaction Procedures"), which are attached to the Order at Exhibit 3. ***Please review the Satisfaction Procedures carefully to ensure your response, if any, is filed and served timely and correctly. You may obtain a copy of the Order as set forth in the Additional Information section below.***

### Resolving the Notice of Satisfaction Regarding Your Claim(s)

1.    Resolving Objections. Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes and Boone, LLP, the Debtors' counsel, via (a) e-mail at Jordan.Chavez@haynesboone.com and Tom.Zavala@haynesboone.com, respectively, or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

available for any such discussions.

2.    <u>Response Contents</u>. Each Response to a Notice of Satisfaction must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

3.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Notice of Satisfaction** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com);    Jordan    Chavez (jordan.chavez@haynesboone.com);    and    Tom    Zavala

(tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.    <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.    <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

4.    <u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register without further notice or hearing, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

### Hearing on the Response

5.    <u>Date, Time and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [___], 2023, at [___], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

6.    <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Additional Information

7.      Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

## Reservation of Rights

8.      NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

Dated: [_____], 2023

/s/ _____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| Claimant Name or Identifier | Claim / Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |