**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**APPLICATION IN LIEU OF MOTION FOR CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)**

TO:   HONORABLE MICHAEL B. KAPLAN
       Chief United States Bankruptcy Judge

The above-captioned debtors and debtors-in-possession (the "Debtors") in the above-

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

referenced Chapter 11 cases (these "Chapter 11 Cases"), by and through their undersigned counsel, hereby submit this application in lieu of motion (the "Application"), pursuant to sections 105(a), 523(c) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 9021-1(b), seeking the approval and entry of the proposed *Consent Order Extending Rule 4007(c) Deadline for New Jersey Bureau of Securities to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* (the "Proposed Consent Order"), a copy of which is attached hereto as **Exhibit 1**, and respectfully state as follows:

1. On November 28, 2022 (the "Petition Date"), each Debtor filed voluntary petitions for relief commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. The section 341 meeting of creditors was held on January 20, 2023. *See Amended Notice of Chapter 11 Bankruptcy Cases* [Docket No. 138].

3. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

4. Section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt— (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . ." 11 U.S.C. § 1141(d)(6). Section 523(a)(2)(A) pertains to certain debts to the extent obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(B) pertains to, among other things, debts to the extent obtained

2

by "materially false" statements in writing respecting the debtor's financial condition. 11 U.S.C 523(a)(2)(B).

    5.    Section 523(c) of the Bankruptcy Code provides that:

> ... the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).

    6.    Bankruptcy Rule 4007(c) provides further that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," but that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Since the section 341 meeting of creditors was held on January 20, 2023, pursuant to Bankruptcy Rule 4007(c), the deadline for parties-in-interest to file a complaint in these Chapter 11 Cases to determine the dischargeability of a debt under section 523(c) is March 21, 2023.

    7.    The Debtors submit that cause exists to extend the 60-day deadline set forth in Bankruptcy Rule 4007(c) (the "Rule 4007(c) Deadline") for the New Jersey Bureau of Securities ("NJBS"). The applicability of the Rule 4007(c) Deadline to the NJBS is uncertain and there is no controlling case law in this Circuit addressing the issue. *See In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 425–26 (S.D.N.Y. 2014) (concluding that section 1141(d)(6) is self-executing and that deadlines imposed under section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007 are inapplicable to a creditor seeking a dischargeability determination under section 1141(d)(6)). The NJBS has represented to the Debtors that its position is that section 523(c) of the Bankruptcy Code

3

and the Rule 4007(c) Deadline do not apply to a determination of the nondischargeability of a debt under Section 1141(d)(6).

8. Thus, out of an abundance of caution and given the ambiguity regarding the applicability of section 523 of the Bankruptcy Code and Bankruptcy Rule 4007 to the NJBS, the Debtors submit that cause exists to extend the Rule 4007(c) Deadline for the NJBS to May 22, 2023, as agreed by the Debtors and the NJBS, without prejudice to the NJBS' right to seek further extensions of such deadline. Addressing dischargeability complaints filed prior to the Rule 4007(c) Deadline simply out of an abundance of caution would waste estate resources and distract the Debtors from their efforts to reorganize and progress these Chapter 11 Cases. Accordingly, the extension requested herein will help the Debtors avoid unnecessary litigation or litigation with an undefined scope, thereby preserving estate value for the benefit of all creditors.

9. This Application is submitted pursuant to D.N.J. LBR 9021-1(b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Consent Order as presented. The Debtors submit that the Proposed Consent Order is in the best interests of the Debtors and their estates because it will prevent unnecessary or unfocused litigation and allow the Debtors to instead continue focusing on the administration of these Chapter 11 Cases. No previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Consent Order and grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,

Dated: March 16, 2023

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*