**<u>Exhibit B</u>**

**Proposed Bridge Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

# BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through four (4) is **ORDERED.**

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

**THIS MATTER** having been opened to the Court by Cole Schotz P.C., Kirkland & Ellis LLP, Kirkland & Ellis International LLP, and Haynes and Boone, LLP, attorneys for BlockFi, Inc., et al., on behalf of the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), upon a motion for entry of an Order extending the exclusivity period within which the Debtors may file a chapter 11 plan pursuant to 28 U.S.C. § 1121 (the "Motion"); and the current exclusive period within which the Debtors may file a chapter 11 plan expires on March 28, 2023; and good cause appearing for the entry of this order (the "Bridge Order");

It is **ORDERED** as follows:

1. The Motion be, and hereby is, **GRANTED** on a temporary basis pending final approval of the Motion by this Court.

2. The exclusivity period set forth in 28 U.S.C. § 1121 is hereby extended pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure through and including the date by which the Court enters a final order with respect to the Motion.

3. This Bridge Order is effective immediately upon entry.

4. The Debtors' counsel shall serve a true copy of this Bridge Order on all interested parties within seven (7) days of the date hereof.

5. All parties in interest reserve any and all of their rights with respect to the final determination on the Motion. This Bridge Order is without prejudice to the Debtors' right to seek further extensions of the exclusive periods to file and solicit a chapter 11 plan.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bridge Order.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Bridge Order.