**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

|  |  |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>                           Debtors.[1] | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| BLOCKFI INTERNATIONAL LTD.,<br><br>                           Plaintiff,<br><br>-against-<br><br>DRUK HOLDING AND INVESTMENTS LIMITED,<br><br>                           Defendant. | Adv. Pro. No. 23-_____ (MBK) |

## COMPLAINT AGAINST DRUK HOLDING AND INVESTMENTS LIMITED

BlockFi International Ltd. ("BlockFi International" or "Plaintiff"), as a debtor and debtor

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and as Plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), brings this Complaint against Druk Holding and Investments Limited ("Druk" or "Defendant"). In support, BlockFi International alleges as follows:

## NATURE OF THE CASE

1. Through this Adversary Proceeding, BlockFi International seeks to enforce (a) the terms of, and (b) BlockFi International's rights under and pursuant to, that certain Master Digital Currency Loan Agreement, dated as of February 17, 2022, between BlockFi International and Druk, as amended and/or supplemented by those certain term sheets dated as of April 25, 2022, July 25, 2022, September 16, 2022, November 2, 2022, (collectively, the "Loan Agreement").[2]

2. Druk, as borrower under the Loan Agreement, has defaulted on its obligations under such Loan Agreement and related loan documents (collectively with the Loan Agreement, the "Loan Documents"). Druk has failed to satisfy its obligations under the Loan Documents despite BlockFi International's delivery of written notice of default and demand for payment of all obligations due and payable under the Loan Documents.

3. BlockFi International, as lender under the Loan Agreement, is entitled to exercise and enforce its rights under such Loan Agreement and related Loan Documents.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because, *inter alia*, this matter is a proceeding to (a) recover money or property belonging to the Debtors' estates, and (b) obtain a declaratory judgment relating to the foregoing. FED. R. BANKR. P. 7001(1), (9).

---

[2] A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

5. This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334 and *In the matter of: Standing Order of Reference to Bankruptcy Court under Title 11,* Standing Order of Reference 12-1, dated September 18, 2012.

6. This Adversary Proceeding is being brought in connection with the Chapter 11 Cases, which are pending in the United States Bankruptcy Court for the District of New Jersey, Trenton Division.

7. This is a core proceeding under 28 U.S.C. §157(b). The claims asserted in this Complaint concern the administration of the Debtors' estates, and this is a proceeding affecting the liquidation of the assets of the Debtors' estates. *See*, *e.g.*, 28 U.S.C. § 157(b)(2)(A), (O).

8. Plaintiff consents to the entry of final orders or judgment by this Court in connection with this Adversary Proceeding if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9. Venue is proper before this Court under 28 U. S. C. § 1409. This proceeding arises in or relates to the Chapter 11 Cases.

10. This Court has personal jurisdiction over the non-resident Defendant because, on information and belief, Defendant has the minimum contacts with the United States necessary for the Bankruptcy Court to exercise personal jurisdiction over Defendant. Moreover, this Court has personal jurisdiction over Defendant pursuant to New Jersey's long-arm-statute and/or Federal Rule of Civil Procedure 4(k)(2).

## THE PARTIES

11. BlockFi International Ltd. is a company organized under the laws of Bermuda.

12. Druk Holding and Investments Limited is a company incorporated under the laws of Bhutan. Druk may be served by serving any of its officers or employees at its principal office

or anywhere else they may be found. In addition, Druk may be served by serving Druk at: Druk Holding and Investments Limited, Att: Pem Tshering, 5th Floor BOBL Building, Norzin Lam, Thimphu Bhutan by the methods identified in Federal Rules of Civil Procedure 4(f) and 4(h)(2). *See* FED. R. CIV. P. 4(f) and (h); FED. R. BANKR. P. 7004(a)(1) and (b)(3).

## FACTUAL BACKGROUND

13. In the ordinary course of BlockFi International's business, BlockFi International enters into loan agreements with certain institutional clients pursuant to which BlockFi International lends digital currency, fiat currency, and related funds.

14. On or about February 17, 2022, BlockFi International and Druk entered into the Loan Agreement. The Loan Agreement is governed by the laws of the State of Delaware.

15. Pursuant to the terms of the Loan Agreement, BlockFi International made loans to Druk of 30,000,000 USD Coin ("USDC") which had an aggregate value of $30,000,000 U.S. dollars[3] (each, a "Loan" and, collectively, the "Loans").

16. Pursuant to the terms of the Loan Agreement, Druk agreed to repay the principal amount of the Loans, plus interest accrued thereon, plus all other fees, costs, and other amounts payable under and pursuant to the Loan Documents.

17. Pursuant to Article V(a) of the Loan Agreement, Druk was required to provide as collateral for the Loans (the "Collateral") an amount of digital currency, fiat currency, or alternative currency as determined in accordance with the Loan Documents. Article V(a)(ii) of the Loan Agreement provides, in pertinent part, that "[t]he Collateral transferred by Borrower to

---

[3] Unless otherwise specified herein, dollar amounts reflected with the use of the "$" sign, reflect amounts in U.S. dollars.

Lender shall be security for all of Borrower's Obligations hereunder and under the other Loan Documents."

18. Pursuant to the terms of the Loan Documents, Druk provided 1,888.79 Bitcoin ("BTC") to BlockFi International as Collateral for the Loans.

19. Each of the Loans BlockFi International made to Druk under the Loan Agreement included a "Callable Option" (as such term is more particularly described in the Loan Agreement) in favor of BlockFi International. Pursuant to Article II(c)(i) of the Loan Agreement, BlockFi International was authorized at any time to exercise the Callable Option and recall all or any portion of the amount of digital currency or fiat currency BlockFi International loaned to Druk in connection with the applicable Loans.

20. On November 8, 2022, BlockFi International exercised its Callable Option on Loans to Druk for the entire 30,000,000 USDC. Pursuant to Article II(c)(ii) of the Loan Agreement, Druk was required to deliver to BlockFi International, within forty-eight (48) hours of BlockFi International's exercise of such Callable Option, 30,000,000 USDC plus all accrued and unpaid interest on the called Loans.

21. On November 9, 2022, Druk instructed BlockFi International to liquidate the Collateral and apply the proceeds thereof to Druk's outstanding obligations under the Loan Documents. In accordance with Druk's instructions, BlockFi International, through its trading affiliate, sold the Collateral consisting of 1,888,79 BTC at the then available spot price of $15,450.00 U.S. dollars per BTC. This sale resulted in proceeds of $29,181,833.31 which, after application to Druk's outstanding obligations owed under the Loan Documents, resulted in a deficiency of 818,166.99 USDC.

22. Druk failed and refused to pay the 818,166.99 USDC balance owing to BlockFi International under the Loan Documents. Thereafter, BlockFi International provided written notice of default and demand for payment to Druk.

23. Pursuant to the terms of the Loan Agreement, Druk is indebted to BlockFi International in an amount not less than 818,166.99 USDC, plus applicable accrued and unpaid interest, fees, costs, and related amounts.

24. Druk has defaulted on its obligations to repay the amounts due and owing to BlockFi International under the Loan Documents.

25. As permitted under the terms of the Loan Agreement, BlockFi International has made demand on Druk to repay the remaining amounts owed under the Loan Agreement.

26. Druk has failed and/or refused to repay the amounts owed to BlockFi International as required pursuant to the terms of the Loan Agreement.

27. All conditions precedent, if any, to BlockFi International's rights to (a) exercise and enforce its rights under such Loan Agreement and related Loan Documents and (b) recover from Druk under the Loan Agreement and related Loan Documents, have been satisfied or waived.

## CAUSES OF ACTION

### COUNT ONE
### Request for Entry of Declaratory Judgment

28. Plaintiff restates and realleges all foregoing and subsequent factual allegations as if fully set forth herein and incorporates them herein by reference.

29. Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). Bankruptcy Courts, as units of the district court, have the authority to issue

declaratory judgments.

30. Courts possess jurisdiction to issue declaratory relief when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007).

31. Valid and justiciable controversies regarding the interpretation of the Loan Agreement have arisen that are properly presented for judicial relief under Bankruptcy Rules 7001(1), (7), and (9) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

32. Plaintiff and Defendant entered into a valid and enforceable written contract in the form of the Loan Agreement and related Loan Documents.

33. Plaintiff has complied with all of its obligations under the Loan Documents.

34. Demand has been made by Plaintiff to Defendant demanding that Defendant comply with its obligations under the Loan Documents, including without limitation Defendant's obligation to make the payments required under the Loan Documents.

35. Defendant breached its obligations under the Loan Documents by, *inter alia*, failing to pay the amounts due and owing thereunder, despite Plaintiff's demand.

36. Defendant's obligation to pay not less than 818,166.99 USDC pursuant to the Loan Documents is a current obligation due and owing by Defendant to Plaintiff. Defendant disputes that it is obligated to pay such amount to Plaintiff.

37. Plaintiff requests the entry of an order and judgment pursuant to Bankruptcy Rules 7001(2) and 7009(9) and 28 U.S.C. §§ 2201-2202, the Declaratory Judgment Act declaring that:

   a. The Loan Agreement is a valid and binding contract between Plaintiff and Defendant.

   b. Plaintiff has complied with its obligations under the Loan Agreement.

    c. Defendant owes not less than 818,166.99 USDC pursuant to the Loan Agreement and related Loan Documents.

    d. Plaintiff has a valid claim against Defendant for an amount not less than 818,166.99 USDC, plus Plaintiff's attorneys' fees, costs, and expenses as have been or may be reasonably incurred by Plaintiff in enforcing its rights under the Loan Documents.

    e. Demand has been made by Plaintiff to Defendant requesting payment of all amounts due and owing under the Loan Documents.

    f. Defendant has failed to pay the outstanding balance of not less than 818,166.99 USDC to Plaintiff as required by the Loan Documents.

    g. Defendant is in default under the terms of the Loan Documents.

    h. Defendant is not entitled to any right of offset, recoupment, or other similar right against Plaintiff of the amounts due and owing under the Loan Documents.

## COUNT TWO
### Breach of Contract

38. Plaintiff restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

39. Plaintiff and Defendant entered into a valid and enforceable contract in the form of the Loan Agreement and related Loan Documents. Plaintiff has fully performed its contract obligations.

40. In accordance with the terms of the Loan Agreement, Plaintiff made loans to Defendant of 30,000,000 USDC, which Defendant accepted.

41. Under the terms of the Loan Agreement, Defendant agreed to repay the amounts borrowed by Defendant pursuant to the Loan Agreement.

42. In accordance with the terms of the Loan Agreement, Plaintiff has demanded repayment of all outstanding amounts loaned by Plaintiff to Defendant.

43. The principal amount due and owing to Plaintiff by Defendant under the Loan Agreement is an amount not less than 818,166.99 USDC, plus all interest, costs, fees and expenses

payable under the Loan Documents.

44. Defendant has breached its obligations under the Loan Documents by failing to repay all amounts owed under the Loan Documents. In light of Defendant's failure to repay, Defendant is in default of its obligations under the Loan Documents.

45. Defendant's failure to repay the amounts owed to Plaintiff as required by the terms of the Loan Documents constitutes a breach of the Loan Documents.

46. Defendant's breach of its obligations under the Loan Documents has caused, and continues to cause, damage to Plaintiff.

47. Plaintiff is entitled to recover all costs, expenses, commissions or other fees, including without limitation, attorneys' fees and court costs, incurred by Plaintiff in connection with the enforcement of its rights under the Loan Documents.

## COUNT THREE
### Promissory Estoppel

48. Plaintiff restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

49. In the alternative, Defendant promised to repay the amounts that Plaintiff loaned to Defendant under the Loan Agreement.

50. Based on Defendant's promises of repayment and the parties' prior course of dealing, Plaintiff reasonably relied upon the affirmations of Defendant that the amounts Plaintiff loaned to Defendant would be repaid.

51. Plaintiff relied on Defendant's promises in loaning Defendant 30,000,000 USDC.

52. Plaintiff's reliance on Defendant's promises of repayment was both reasonable and substantial. Plaintiff would not have loaned Defendant any funds or digital currency if Defendant did not agree to repay the amounts loaned.

53. Defendant knew, or reasonably should have known, that Plaintiff was relying on Defendant's promises of repayment when Plaintiff made the Loans to Defendant.

54. Defendant has failed to repay an amount of not less than 818,166.99 USDC of the Loans, and injustice can only be avoided if Defendant's promises of repayment are enforced.

55. Plaintiff's reliance on Defendant's promises of repayment resulted in injury to Plaintiff, which has caused reliance damages in the amount of not less than $818,166.99 (the US dollar value of 818,166.99 USDC), plus additional accrued and accruing interest, attorneys' fees, and other costs.

### COUNT FOUR
### Unjust Enrichment

56. Plaintiff restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

57. Defendant has been unjustly enriched and obtained benefits as a result of the improper conduct alleged in this Complaint.

58. As a result, Plaintiff seeks recovery of money damages for the benefits received by Defendant at Plaintiff's expense and without justification.

### COUNT FIVE
### Quantum Meruit

59. Plaintiff restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

60. Plaintiff made the loans to Defendant with the expectation that Defendant would repay the Loans.

61. Defendant knew, or should have known, that Plaintiff expected to be repaid in full for the Loans that Plaintiff made to Defendant.

62. Defendant has failed to repay the Loans to Plaintiff.

63. Plaintiff has been damaged by Defendant's failure to repay the Loans.

64. As a result, Plaintiff seeks recovery of money damages for the benefits received by Defendant at Plaintiff's expense and without justification.

## COUNT SIX
### Attorneys' Fees and Costs

65. Plaintiff restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

66. As a result of the actions and omissions of Defendant, including Defendant's failure to make payments to Plaintiff in accordance with the Loan Documents, Plaintiff has retained the undersigned legal counsel to represent it in this lawsuit and related collection actions. Plaintiff is obligated to pay its legal counsel their reasonable hourly fees for their services (the "Attorneys' Fees").

67. Plaintiff is entitled to recover its reasonable Attorneys' Fees and costs incurred in connection with the Complaint pursuant to, *inter alia*, the express terms of the Loan Documents, and applicable law.

68. As a result of the foregoing, Plaintiff is entitled to a judgment in the amount of its reasonable Attorneys' Fees and costs with such amounts to be determined at trial.

## RESERVATION OF RIGHTS

69. Plaintiff reserves all rights and remedies available with respect to its interests and rights under the Loan Documents and under applicable law. Plaintiff further reserves the right to amend this Complaint to add or remove parties and causes of action to the extent necessary and in light of the information that becomes available, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy

Procedure, the Local Rules of this Court, or other applicable law. The filing of this Complaint does not constitute a waiver of any rights or claims available to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE** BlockFi International respectfully prays that this Court award it the following relief in its favor against Druk:

A. Entry of an order and judgment pursuant to Bankruptcy Rules 7001(2) and 7009(9) and 28 U.S.C. §§ 2201-2202, the Declaratory Judgment Act making the declarations identified and requested in this Complaint;

B. Compensatory damages, including actual damages of not less than $818,166.99;

C. Prejudgment and post-judgment interest at the default rate identified in the Loan Documents;

D. Court costs;

E. All reasonable and necessary attorneys' fees, expenses, and costs, including attorneys' fees for all appeals to other courts; and

F. Such other relief to which Plaintiff may be entitled.

| | |
|---|---|
| Dated: March 22, 2023 | /s/ Michael D. Sirota |

                                               **COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (*pro hac vice* pending)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

# **EXHIBIT A**

Loan Agreement

# **FILED UNDER SEAL**