**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: April 19, 2023 @ 10:00 a.m. ET**<br>**Response Deadline: April 12, 2023 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF**
**THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL**
**CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II)**
**AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT**
**AGREEMENTS, AND (III) GRANTING RELATED RELIEF**

       **PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Approving the Sale and Assignment of Certain of the Debtors' Institutional Loans Free and*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Clear of all Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter into the Assignment Agreements, and (III) Granting Related Relief* (the "Motion") will be held on **April 19, 2023 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Hearing"), before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE** that the relevant factual and legal bases upon which the relief requested should be granted included in the Motion. A proposed order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Doc. No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received on or before **April 12, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: March 29, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>                            Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF**
**THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL**
**CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II)**
**AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT**
**AGREEMENTS, AND (III) GRANTING RELATED RELIEF**

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

       BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

hereby file this *Debtors' Motion for Entry of an Order (I) Approving the Sale and Assignment of Certain of the Debtors' Institutional Loans Free and Clear of all Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter into the Assignment Agreements, and (III) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 9007 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## General Background

4.     On November 28, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set

forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6.      On December 21, 2022, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code [Docket No. 130, as amended by Docket No. 131]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.      On January 17, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Servicing and Administration Activities in the Ordinary Course of Business with Respect to the Debtors' Institutional Loan Portfolio and Granting Related Relief and (II) Authorizing and Establishing Procedures Regarding the Restructuring, Settlement, or Other Modifications of Institutional Loans and Loan Obligations* [Docket No. 299] (the "Loan Settlement Procedures Order"). The Loan Settlement Procedures Order authorized the Debtors to, among other things, "enter into any Workouts or settlements ('Loan Settlement Agreements') with borrowers that would result in a reduction in the principal amount owed to the Debtors within the BlockFi Institutional Loan Portfolio," subject in each case to the procedures set forth in the Loan Settlement Procedures Order. *See* Loan Settlement

Procedures Order ¶ 7. With respect to loans within the BlockFi Institutional Loan Portfolio with

an outstanding principal balance of greater than $1 million but less than $5 million, the Loan

Settlement Procedures Order sets forth the following procedure:

> The Debtors may enter into and consummate Loan Settlement Agreements with
> Defaulting Borrowers without further order of this Court or notice to or approval of
> any party where the Loan Settlement Agreement settles a Defaulted Loan with a
> total outstanding principal amount of less than $5 million, provided that, for any
> Defaulted Loan with a total outstanding principal amount of greater than $1 million
> but less than $5 million, the Debtors shall give three (3) business days' notice of the
> proposed Loan Settlement Agreement to the Official Committee of Unsecured
> Creditors (the "Committee") and the U.S. Trustee. . . . *See id.* ¶ 7.b.

### **The VCV Loans and the Proposed Sale and Assignment to Faithful High LTD**

8.      Since the commencement of these Chapter 11 Cases, the Debtors have worked to

maximize the value of, and recovery from, the BlockFi Institutional Loan Portfolio for the benefit

of the Debtors' estates and creditors. To that end, the Debtors have pursued workouts and

settlements of certain of the loans in the BlockFi Institutional Loan Portfolio, while also running

a parallel marketing and sale process led by Moelis & Company LLC ("Moelis") for the sale of

certain mining loans within the BlockFi Institutional Loan Portfolio.

9.      The BlockFi Institutional Loan Portfolio includes loans made by Debtor BlockFi

Lending LLC, as lender, to each of TYMIF Coin Ventures LLC and VCV Power Beta LLC, as

borrowers (together, the "VCV Loans"). TYMIF Coin Ventures LLC and VCV Power Beta LLC

are affiliates (together, the "VCV Borrowers"), but the VCV Loans constitute two separate loan

facilities:

> a.      **The TYMIF Loan**. Debtor BlockFi Lending LLC is party to that certain
> Facility and Security Agreement, dated as of March 1, 2021, as amended by
> that certain First Amendment to Facility and Security Agreement, dated as
> of June 3, 2021, by and between BlockFi Lending LLC, as lender, and
> TYMIF Coin Ventures LLC ("TYMIF"), as borrower.
>
> b.      **The VCV Beta Loan**. Debtor BlockFi Lending LLC is party to that certain
> Facility and Security Agreement, dated as of June 15, 2021, by and between

BlockFi Lending LLC, as lender, and VCV Power Beta LLC ("VCV"), as borrower.

10.    As of the Petition Date, each of the VCV Loans was in default and had an outstanding principal balance greater than $1 million but less than $5 million. BlockFi has engaged in workout and settlement negotiations with the VCV Borrowers. Additionally, BlockFi, in consultation with its advisers, explored third-party sales of the VCV Loans. Such parallel efforts have produced an offer to purchase the VCV Loans that BlockFi, in consultation with its advisers, has determined represents the highest and best value recoverable on account of the VCV Loans. Specifically, BlockFi requests authorization to enter into the assignment agreements substantially in the form attached hereto as **Exhibit A** (the "Assignment Agreements") providing for the sale and assignment (the "Assignments")[2] of the VCV Loans to Faithful High LTD, a limited partnership organized under the laws of the British Virgin Islands. TYMIF and VCV are parties to the applicable Assignment Agreements and consent to the assignment of their respective loans to Faithful High LTD.

### Relief Requested

11.    Through this Motion, the Debtors request entry of an order substantially in the form of the proposed order attached hereto as **Exhibit B** (the "Proposed Order"): (a) authorizing the sale and assignment of the VCV Loans to Faithful High LTD free and clear of all claims, liens, rights, interests and encumbrances, (b) authorizing the Debtors' entry into the Assignment Agreements, and (c) granting related relief.

---

[2] Contemporaneously with the filing of this Motion, BlockFi is filing a separate motion to submit the Assignment Agreements under seal.

**<u>Basis for Relief Requested</u>**

**A.    The Assignments Should be Approved as Ordinary Course Transactions**

12.    Section 363 of the Bankruptcy Code provides for a debtor's use, sale, or lease of property in the ordinary course of business, pursuant to section 363(c)(1). In particular, section 363(c)(1) of the Bankruptcy Code provides that:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204 or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). Section 363(c) is intended to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unnecessary oversight by creditors or the court. *See In re Roth American, Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets") (internal quotations marks omitted); *In re Sportsman's Warehouse, Inc.*, Case No. 09-10990 CSS, 2013 WL 492554, at *9 (Bankr. D. Del. Feb. 7, 2013) ("Under sections 1107(a) and 1108 of the Bankruptcy Code, a debtor in possession . . . is authorized to operate its business. Concomitantly, Section 363(c)(1) allows the debtor in possession to enter into transactions in the ordinary course of business without notice to creditors and approval from the Court.").

13.    Included within the purview of section 363(c) of the Bankruptcy Code is a debtor's ability to continue "routine transactions." *See, e.g.*, *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007) ("Thus, whether notice and a hearing are required depends on whether a transaction is 'in the ordinary course of business.'"); *In re Vision Metals*, 325 B.R. 138, 142 (Bankr. D. Del. 2005) ("[W]hen a chapter 11 debtor in possession continues to operate its business,

as permitted by section 1108, no court authorization is necessary for the debtor to enter transactions that fall within the ordinary course of its business.").

14.    The Assignments are the type of ordinary-course, routine activities contemplated by both section 363(c)(1) of the Bankruptcy Code and the Loan Settlement Procedures Order. Historically, BlockFi engaged in workouts with defaulting borrowers and negotiated settlements or sales and assignments of defaulted loans in the ordinary course of its business. The Assignments represent similar ordinary course transactions which are in the best interests of the Debtors' estates and should be approved as such.

15.    Pursuant to the Loan Settlement Procedures Order, because each of the VCV Loans have an outstanding principal balance between $1 million and $5 million, the Debtors would be authorized to enter into Loan Settlement Agreements regarding the VCV Loans without further order of this Court or notice to parties in interest other than the Committee and the U.S. Trustee. *See* Loan Settlement Procedures Order ¶ 7.b. Nonetheless, through this Motion the Debtors seek Court approval to assign the VCV Loans to Faithful High LTD because the Loan Settlement Procedures Order does not expressly provide for the sale and assignment of loans. The Debtors have provided unredacted copies of the Assignment Agreements to counsel for the Committee and the U.S. Trustee. The Assignment Agreements and the relief requested herein are under review by the Committee and the U.S. Trustee.

**B.    Alternatively, the Assignments Should be Approved as Uses of Property Outside of the Ordinary Course and in the Best Interests of the Debtors' Estates**

16.    The Debtors believe that the entry into the Assignments with each of TYMIF and VCV is within the ordinary course of the Debtors' business. Such transactions are necessary for the ongoing operations of the Debtors and are customary in the Debtors' industry, as well as the

larger lending industry more generally. Accordingly, the Assignments should be authorized pursuant to sections 363(c)(1) and 1108 of the Bankruptcy Code.

17.     In the alternative, the Debtors seek approval of the Assignments pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

18.     The Court has broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The "provisions of this title," *id.*, include the right to seek Court approval to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under normal circumstances such as these, courts defer to the Debtors' judgment so long as there is a legitimate business justification. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task"); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (holding that judicial approval under section 363 of the Bankruptcy Code requires a showing that there is a good business reason); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (same). The Debtors also have the right to seek Court approval of compromises under Bankruptcy Rule 9019. For the reasons discussed herein, the Debtors have a good business justification for executing the Assignments. The underlying VCV Loans are each in default and the Assignments represent the settlement terms most likely to maximize the estates' recovery on each loan in the Debtors' exercise of their sound business judgment.

19.     Motions to use estate property outside the ordinary course and to approve compromises are subject to certain notice and hearing requirements. *See*, *e.g.*, Bankruptcy Rule

2002(a)(2) & (3). The Court has authority under Bankruptcy Rule 9007 to vary these notice and hearing requirements in appropriate circumstances. *See also* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances. . . ."). The Debtors respectfully submit that approval of the Assignments is "appropriate" within the meaning of 11 U.S.C. § 105(a) to carry out the provisions of the Bankruptcy Code and provides "such opportunity for a hearing as is appropriate in the particular circumstances" within the meaning of 11 U.S.C. § 102(1)(A).

20.     Further, because the terms of the Assignment Agreements are confidential, it is appropriate to limit notice of the specific terms of the Assignments Agreements. The financial terms of any particular settlement will be affected by numerous factors and variables that are likely to make each settlement unique and inapplicable in the context of other defaulted loans. The terms of the Assignments may differ from the terms of other settlements of defaulted loans for a wide variety of reasons, and it would be detrimental to the Debtors and their estates if the terms of the Assignments are disclosed and used by other borrowers as a basis for seeking settlement that, in the Debtors' business judgment, would not be in the best interests of the Debtors and their estates. Accordingly, the Debtors are filing a separate motion to seal the Assignment Agreements contemporaneously with this Motion and will make unredacted copies available upon request by parties-in-interest who have executed a non-disclosure agreement.

**C.     Relief Under Bankruptcy Rule 6004(h) Is Appropriate**

21.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of fourteen days after the entry of the order, unless the court orders otherwise." The Debtors request that any Order granting the relief requested in

this Motion be effective immediately upon its entry by providing that the fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

22.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day stay period, the leading treatise on bankruptcy states that "the court should eliminate the 14-day stay period and allow the sale or other transaction to close immediately in all cases where there has been no objection to the procedure." 10 Collier on Bankruptcy ¶ 6004.11 (16th ed. 2022). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

23.     To maximize the value received for the VCV Loans, the Debtors seek to complete the Assignments as soon as possible after the hearing on this Motion. Accordingly, the Debtors request that the Court waive the fourteen-day stay period under Bankruptcy Rule 6004(h).

**D.     The Assignments Should be Approved "Free and Clear" Under Section 363(f) of the Bankruptcy Code**

24.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is the subject of a bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f). Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements

enumerated therein will suffice to warrant the Assignments free and clear of all liens, security interests, pledges, charges, defects, or similar encumbrances (collectively, "Encumbrances"). *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Elliot*, 94 B.R. 343, 354 (E.D. Pa. 1988) (sale "free and clear" may be approved provided the requirements of at least one subsection are met).

25.    The Debtors are unaware of, and do not believe there are, any Encumbrances on the Debtors' interests in the VCV Loans.[3] Nonetheless, to the extent there are any Encumbrances on the Debtors' interests in the VCV Loans, the Assignments should be approved free and clear of such Encumbrances because at least one enumerated criterion of section 363(f) is satisfied. Further, any such Encumbrance will attach to the proceeds of the Assignment, subject to any claims and defenses the Debtors may possess with respect thereto. Therefore, to the extent there are any Encumbrances on the Debtors' interests in the VCV Loans, the beneficiary thereof will be adequately protected by replacement liens on the proceeds of the Assignments.

**E.    Faithful High LTD Acted in Good Faith and is Entitled to Full Protections Pursuant to Section 363(m) of the Bankruptcy Code**

26.    Because Faithful High LTD acted in good faith, it is entitled to the benefits and protections provided by section 363(m) of the Bankruptcy Code in connection with the Assignments. Section 363(m) of the Bankruptcy Code provides, in pertinent part:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

---

[3] The Debtors make no representations regarding any interests in the underlying collateral securing the VCV Loans.

11 U.S.C. § 363(m). Section 363(m) of the Bankruptcy Code protects a purchaser of assets sold pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the purchased assets if the order allowing the sale is reversed on appeal. Purchasers are provided this protection so long as they purchased the assets in "good faith." *Id.* Although the Bankruptcy Code does not define "good faith purchaser," the Third Circuit, in *In re Abbotts Dairies of Pa., Inc.*, held that:

> [t]he requirement that a Buyer act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a Buyer's good faith status at a judicial sale involves fraud, collusion between the Buyer and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d 143, 147 (3d Cir. 1986) (citations omitted); *see also In re Triangle Transp., Inc.*, 419 B.R. 603, 609 (Bankr. D.N.J. 2009) ("*Abbott Dairies* . . . remains the foundation of § 363(m) law in this Circuit.").

27.    Here, the Debtors engaged in good faith, arms'-length negotiations with Faithful High LTD to reach an agreement that would be mutually beneficial to both parties. The Debtors and Faithful High LTD were each represented by separate counsel in connection with the negotiation and documentation of the Assignment Agreements. The resulting Assignment Agreements reflect a heavily negotiated, arms'-length transaction in which Faithful High LTD at all times has acted in good faith and otherwise in accordance with such standards. Accordingly, Faithful High LTD is entitled to the protections afforded under section 363(m) of the Bankruptcy Code.

## **Reservation of Rights**

28.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Separate Contested Matter

29.    Each of the Assignments constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Motion be deemed a separate order with respect to each of the Assignments.

### Waiver of Memorandum of Law

30.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

31.     No prior request for the relief sought in this Motion has been made to this Court

or any other court.

**Notice**

32.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the United States Trustee for the District of New

Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States Attorney's

Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general

in the states where the Debtors conduct their business operations; (e) counsel for the Committee;

and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the

"Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is

sufficient and no other or further notice need be provided.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

Respectfully Submitted,

Dated: March 29, 2023                    /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## EXHIBIT A

**ASSIGNMENT AGREEMENTS**

# FILED UNDER SEAL

## EXHIBIT B

**PROPOSED ORDER**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN
OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF
ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES,
(II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT
AGREEMENTS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF |

Upon consideration of the motion (the "Motion")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and upon the record at the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    Pursuant to sections 105(a), 363(c) and 363(f) of the Bankruptcy Code, all of the Debtors' right, title, and interest in and to, and possession of, the VCV Loans shall be assigned to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF |

Faithful High LTD free and clear of any and all liens, security interests, pledges, charges, defects, or similar encumbrances as of the effective date of the Assignment Agreements (the "Assignments"), with any such liens, claims, encumbrances, and interests to attach to the proceeds of the Assignments in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto. Such Assignments shall constitute a legal, valid, binding, and effective transfer of the VCV Loans, and all respective rights thereunder, to Faithful High LTD.

3.      The Debtors are authorized to: (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Assignments without further order of the Court; and (b) take all further actions and to execute and deliver the forms of settlement and any and all additional instruments and documents that may be (i) reasonably requested by Faithful High LTD, as assignee of the VCV Loans, for the purpose of assigning, transferring, granting, conveying, and conferring such loans to Faithful High LTD, in accordance with the terms of any assignment agreement between Faithful High LTD and BlockFi Lending LLC, or (ii) necessary, appropriate, or desirable to the performance of the obligations contemplated by the Assignments, all without further order of the Court.

4.      All objections, statements, or reservation of rights to the Motion or relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court or as resolved in this Order are, except as provided in other

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF |

orders of the Court, hereby overruled on the merits with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

5.      This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to record, document or otherwise consummate the Assignments.

6.      Faithful High LTD is deemed to be a good faith purchaser and assignee of the VCV Loans. Pursuant to section 363(m) of the Bankruptcy Code, if this Order is reversed or modified on appeal, such reversal or modification shall not affect the validity of the Assignments. The consideration provided for the VCV Loans under the Assignment Agreements is fair and reasonable, and the Assignments are not subject to avoidance under section 363(n) of the Bankruptcy Code or otherwise.

7.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF |

Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

9.     Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be effective immediately upon entry, and the Debtors and Faithful High LTD are authorized to close the Assignment immediately upon entry of this Order.

10.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF |

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     To the extent there are any inconsistencies between the terms of this Order and the Assignment Agreements, the terms of this Order shall control.

13.     The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Assignment Agreements, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Faithful High LTD, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Assignments.