**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**CERTIFICATION OF MARK A. RENZI
IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE SALE AND ASSIGNMENT OF CERTAIN OF
THE DEBTORS' INSTITUTIONAL LOANS FREE AND CLEAR OF ALL
CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES, (II)
AUTHORIZING THE DEBTORS TO ENTER INTO THE ASSIGNMENT
AGREEMENTS, AND (III) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

I, Mark A. Renzi, pursuant to 28 U.S.C. § 1746 and Local Rule 7007-1, declare:

1. My name is Mark Renzi. I am over the age of 21. I am a Managing Director and the Head of the Corporate Finance Financial Institutions Group for Berkeley Research Group, LLC ("BRG"). I am also the Chief Restructuring Officer for the debtors and debtors in possession (collectively, "BlockFi" or the "Debtors") in the above-captioned Chapter 11 Cases. Accordingly, I am in all respects competent to make this certification (the "Certification").

2. I submit this Certification in support of the *Debtors' Motion for Entry of an Order (I) Approving the Sale and Assignment of Certain of the Debtors' Institutional Loans Free and Clear of all Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter into the Assignment Agreements, and (III) Granting Related Relief* [Docket No. 701] (the "Motion") filed on March 29, 2023.

3. Except as otherwise indicated herein, the facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in this case and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Certification on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification.

4. Since the commencement of these Chapter 11 Cases, the Debtors have worked to maximize the value of, and recovery from, the BlockFi Institutional Loan Portfolio for the benefit of the Debtors' estates and creditors. To that end, the Debtors have pursued workouts and settlements of certain of the loans in the BlockFi Institutional Loan Portfolio, while also running a parallel marketing and sale process led by Moelis & Company LLC ("Moelis") for the sale of certain mining loans within the BlockFi Institutional Loan Portfolio.

5. The BlockFi Institutional Loan Portfolio includes loans made by Debtor BlockFi Lending LLC, as lender, to each of TYMIF Coin Ventures LLC and VCV Power Beta LLC, as borrowers (together, the "VCV Loans"). The VCV Loans constitute two separate loan facilities:

    a. **The TYMIF Loan**. Debtor BlockFi Lending LLC is party to that certain Facility and Security Agreement, dated as of March 1, 2021, as amended by that certain First Amendment to Facility and Security Agreement, dated as of June 3, 2021, by and between BlockFi Lending LLC, as lender, and TYMIF Coin Ventures LLC ("TYMIF"), as borrower.

    b. **The VCV Beta Loan**. Debtor BlockFi Lending LLC is party to that certain Facility and Security Agreement, dated as of June 15, 2021, by and between BlockFi Lending LLC, as lender, and VCV Power Beta LLC ("VCV"), as borrower.

6. As of the Petition Date, each of the VCV Loans was in default and had an outstanding principal balance greater than $1 million but less than $5 million. BlockFi has engaged in workout and settlement negotiations with the VCV Borrowers. Additionally, BlockFi, in consultation with its advisers, explored third-party sales of the VCV Loans. Such parallel efforts have produced an offer to purchase the VCV Loans that BlockFi, in consultation with its advisers, has determined represents the highest and best value recoverable on account of the VCV Loans (the "Assignments").

7. The Debtors have good business justifications for executing the Assignments. The underlying VCV Loans are each in default and the Assignments represent the settlement terms most likely to maximize the estates' recovery on each loan in the Debtors' exercise of their sound business judgment.

8. Historically, the Debtors engaged in workouts with defaulting borrowers and negotiated settlements or sales and assignments of defaulted loans in the ordinary course of its business.

9. Further, because the terms of the Assignment Agreements are confidential, it is appropriate to limit notice of the specific terms of the Assignments Agreements. The financial terms of any particular settlement will be affected by numerous factors and variables that are likely to make each settlement unique and inapplicable in the context of other defaulted loans. The terms of the Assignments may differ from the terms of other settlements of defaulted loans for a wide variety of reasons, and it would be detrimental to the Debtors and their estates if the terms of the Assignments are disclosed and used by other borrowers as a basis for seeking settlement that, in the Debtors' business judgment, would not be in the best interests of the Debtors and their estates. Accordingly, the Debtors are filing a separate motion to seal the Assignment Agreements contemporaneously with this Motion and will make unredacted copies available upon request by parties-in-interest who have executed a non-disclosure agreement.

10. The Debtors have provided unredacted copies of the Assignment Agreements to counsel for the Committee and the U.S. Trustee. The Assignment Agreements and the relief requested in the Motion are under review by the Committee and the U.S. Trustee.

11. The Debtors are unaware of, and do not believe there are, any Encumbrances on the Debtors' interests in the VCV Loans.[2]

---

[2] The Debtors make no representations regarding any interests in the underlying collateral securing the VCV Loans.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2023        By:    /s/ *Mark A. Renzi*
                                          Mark A. Renzi
                                          CRO to the Debtors