**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF CHRISTINA PULLO**
**OF KROLL RESTRUCTURING ADMINISTRATION LLC**
**REGARDING THE DEBTORS' SOLICITATION TIMELINE**

I, Christina Pullo, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.     I am a Managing Director and Head of Restructuring Administration and Issuer Services of Kroll Restructuring Administration LLC ("Kroll"), a chapter 11 administrative services firm whose offices are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. Pursuant to the Court's *Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated February 7, 2023 [ECF No. 486], the above-captioned debtors and debtors in possession (collectively, the "Debtors") retained Kroll to serve as administrative advisor in these Chapter 11 Cases to, among other things, assist the Debtors with solicitation, balloting, and the tabulation of votes in connection with a chapter 11 plan.

2.     I submit this declaration (this "Declaration") regarding the Debtors' solicitation timeline.  Unless otherwise indicated, the statements set forth in this Declaration are based upon (a) my personal knowledge, belief, and opinion; (b) information learned from my review of

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

relevant documents, books, and records; (c) information I have received from the Debtors' employees or advisors and/or employees of Kroll working directly with me or under my general supervision and direction; or (d) my experience as an industry professional.

3.     I am authorized to submit this Declaration on behalf of Kroll, and, if I were called upon to testify, I could and would testify to the facts set forth herein.

### Background and Qualifications

4.     Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel, official claims and noticing agent, and/or administrative advisor in many large bankruptcy cases in this District and others.  *See, e.g.*, *In re The Diocese of Camden, New Jersey*, No. 20-21257 (JNP) (Bankr. D.N.J. 2020); *In re Modell's Sporting Goods, Inc.*, No. 20-14179 (VFP) (Bankr. D.N.J. 2020); *In re Hollister Construction Servs, LLC*, No. 19-27439 (MBK) (Bankr. D.N.J. 2019); *In re Aceto Corporation*, No. 19-13448 (CFP) (Bankr. D.N.J. 2019); *In re Frank Theatres Bayonne/South Cove, LLC*, No. 18-34808 (SLM) (Bankr. D.N.J. 2018); *In re Mountain Creek Resort, Inc.*, No. 17-19899 (SLM) (Bankr. D.N.J. 2017); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. 2022); *In re GenapSys, Inc.*, No. 22-10621 (BLS) (Bankr. D. Del. 2022); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. 2022); *In re Ruby Pipeline, LLC*, No. 22-10278 (CTG) (Bankr. D. Del. 2022); *In re Endo International plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. 2022); *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. 2022); *In re Revlon Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. 2022).

**Proposed Solicitation and Tabulation Timeline**

5.      Pursuant to Kroll's role as administrative advisor, I have discussed with Debtors'

counsel the Debtors' proposed solicitation and confirmation timeline as set forth below.

| Event | Date |
|---|---|
| Target date for filing of Disclosure Statement and Chapter 11 Plan | May 1, 2023 |
| Proposed Disclosure Statement Objection Deadline | May 30, 2023 |
| Proposed Disclosure Statement Hearing | June 8, 2023, subject to Court availability |
| Proposed Date of Completion of Solicitation | June 22, 2023 |
| Proposed Voting Deadline/Confirmation Objection Deadline | July 20, 2023 |
| Proposed Confirmation Hearing | August 7, 2023, subject to Court availability |

6.      Further, although we have not received any of the draft solicitation materials (*e.g.*, a
draft chapter 11 plan, disclosure statement, motion to approve the disclosure statement, solicitation
procedures, ballots, notices, etc.), we have been informed by Debtors' counsel that the Debtors
anticipate serving solicitation materials on over 300,000 clients and other creditors, many of whom
will be eligible to vote on a proposed plan in these Chapter 11 Cases.

7.      Based on my discussion with Debtors' counsel, and to the best of my knowledge,
information, and belief based on my experience, the proposed timeline for solicitation, distributing
ballots, counting votes, and preparing a declaration for the Court prior to the proposed
confirmation hearing is as condensed a timeline to which Kroll can reasonably commit, and Kroll
believes that any shorter timeline could create risks of error.

8.      Due to the number of parties who will need to be served and noticed, based on my

3

experience and belief, the Debtors will require (a) at least fourteen days to complete solicitation of a chapter 11 plan, and (b) at least eleven days to tabulate votes received.  This proposed timeline could require an extension if additional parties are determined to require notice or unforeseen circumstances arise.  We have advised the Debtors to include at least this minimum amount of time for notice, solicitation, and vote tabulation, in their proposed confirmation timeline.

9.      The Debtors' proposed timeline reflects the above estimates and the statutory notice periods required under the Bankruptcy Rules.  It is my understanding that Bankruptcy Rule 2002 requires: (a) no less than twenty-eight days' notice by mail of the time fixed for filing objections and the hearing to consider approval of a disclosure statement and (b) no less than twenty-eight days' notice by mail of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan, and that the Local Rules of the United States Bankruptcy Court for the District of New Jersey require the Debtors file Local Form *Certification of Balloting* no later than three days before a confirmation hearing.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  April 17, 2023                           */s/ Christine Pullo*
                                                 Christine Pullo
                                                 Managing Director
                                                 Kroll Restructuring Administration LLC