**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*



Order Filed on April 19, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

**DATED: April 19, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered one (1) through three (3) is

**ORDERED.**

(Page | 1)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

Upon the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the Debtors' Exclusivity Periods, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, as set forth in the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** on a basis as set forth herein.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended by 48 days through and including May 15, 2023.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended by 73 days through and including August 11, 2023.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

9.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.