**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. … Rick
Anigian (admitted *pro hac vice*)
Charlie Jones (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
rick.anigian@haynesboone.com
charlie.jones@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

Order Filed on April 21, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

### ORDER APPROVING THE STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS

The relief set forth on the following pages numbered two (2) through thirteen (13) is **ORDERED**.

**DATED: April 21, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

## STIPULATION STAYING LITIGATION AND RELATED DISCOVERY

This stipulation (the "Stipulation") is being entered into among the following: (i) BlockFi, Inc. and its affiliated debtors, debtors-in-possession, and their respective bankruptcy estates (collectively, "BlockFi"); (ii) Emergent Fidelity Technologies, Ltd. and its bankruptcy estate ("Emergent"); and (iii) FTX Trading Ltd. and its affiliated debtors, debtors-in-possession, and their respective bankruptcy estates (collectively, "FTX"). BlockFi, Emergent, and FTX are each a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS,** BlockFi are debtors in the Chapter 11 cases jointly administered under the case styled *In re BlockFi, Inc., et. al*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey (the "BlockFi Bankruptcy Cases");[2]

**WHEREAS,** Emergent is the debtor in a Chapter 11 case styled *In re Emergent Fidelity Technologies, Ltd.*, Case No. 23-10149 (JTD), and jointly administered under the case styled *In re FTX Trading, Ltd., et. al*, Case No. 22-11068 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Emergent Bankruptcy Case");[3]

**WHEREAS,** FTX are debtors in the Chapter 11 cases jointly administered under the case styled *In re FTX Trading, Ltd., et. al*, Case No. 22-11068 (JTD), pending in the United States

---

[2] The Debtors in the BlockFi Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

[3] Emergent Fidelity Technologies Ltd, is a company formed under the laws of Antigua and Barbuda with registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. Emergent's principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

Bankruptcy Court for the District of Delaware (the "FTX Bankruptcy Cases");[4]

**WHEREAS,** on November 28, 2022, BlockFi Inc. and two of its affiliated debtors in the BlockFi Bankruptcy Cases filed an adversary proceeding complaint against Emergent and Marex Capital Markets Inc., formerly known as ED&F Man Capital Markets Inc. ("Marex"), Adversary Proceeding No. 22-01382 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey (the "BlockFi Adversary Proceeding");

**WHEREAS,** prior to the Seizure (as defined below), Emergent had accounts at Marex that held, among other things, 55,273,469 shares of common stock of Robinhood Markets Inc. (NASDAQ ticker symbol: HOOD) and certain proceeds therefrom, including approximately $20.7 million in cash (the "Robinhood Assets");

**WHEREAS,** BlockFi asserts that it has rights, title, ownership of, and/or claims and liens to and against the Robinhood Assets, arising from a certain Pledge Agreement entered into between Emergent and BlockFi with respect to debt owed by FTX debtor Alameda Research Ltd. to BlockFi;

**WHEREAS,** FTX asserts that it has rights, title, and ownership of the Robinhood Assets, or in the alternative asserts that it is a creditor of Emergent with respect to the Robinhood Assets;

**WHEREAS,** the United States of America (the "Government"), acting through the United States Attorney for the Southern District of New York, has a criminal case against Samuel

---

[4] The last four digits of Debtors FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the FTX Bankruptcy Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

3

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

Bankman-Fried, Zixiao (Gary) Wang, Caroline Ellison, and Nishad Singh in the action styled *United States of America v. Samuel Bankman-Fried a/k/a "SBF," et al.,* 22 Cr. 673, pending in the United States District Court for the Southern District of New York (the "SBF Criminal Proceeding"). Mr. Bankman-Fried is currently scheduled for trial beginning on October 2, 2023;

WHEREAS, on December 30, 2022, the Honorable Katherine H. Parker, United States Magistrate Judge for the Southern District of New York, signed a Warrant of Seizure for the Robinhood Assets;

WHEREAS, on January 6, 2023, and January 11, 2023, the Government filed a Notice of Asset Seizures in the BlockFi Bankruptcy Cases and the FTX Bankruptcy Cases, respectively, stating that it had seized the Robinhood Assets (the "Seizure");

WHEREAS, on January 20, 2023, the Government filed its Forfeiture Bill of Particulars in the SBF Criminal Proceeding, identifying specific assets that it seized from various sources, including the Robinhood Assets "held in the name of 'Emergent Fidelity Technologies'" in Marex accounts numbered *9*-***00 and *2*-***00. The Robinhood Assets, which are in the Government's possession, custody, and control pending the outcome of the SBF Criminal Proceeding and, if Mr. Bankman-Fried is convicted of or pleads guilty to certain offenses, a subsequent forfeiture proceeding (the "Forfeiture Proceeding");

WHEREAS, BlockFi intends to amend the complaint in the BlockFi Adversary Proceeding to further substantiate, supplement, and add to its current claims against Emergent and Marex;

WHEREAS, Emergent intends to file an adversary proceeding in the Emergent Bankruptcy Case seeking, among other things, avoidance of all transfers of any interests (including

4

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

security interests) in Emergent's property made to BlockFi, the disallowance of BlockFi's claims against Emergent, and a declaration that BlockFi has no rights, title, ownership interests, or security interests to or in the Robinhood Assets;

**WHEREAS,** FTX intends to file an adversary proceeding in the FTX Bankruptcy Cases seeking, among other things, to establish ownership of the Robinhood Assets and avoidance of the transfer of the Robinhood Assets to Emergent and/or their pledge to BlockFi;

**WHEREAS,** the Government has advised BlockFi, Emergent, and FTX that the BlockFi Adversary Proceeding and any further litigation among the Parties with respect to claims, rights, interests, liens, or ownership with respect to the Robinhood Assets could potentially interfere with the SBF Criminal Proceeding and/or the Forfeiture Proceeding;

**WHEREAS,** at a hearing on March 14, 2023, in the Emergent Bankruptcy Proceeding, the Delaware Bankruptcy Court informed the Parties that it will not issue rulings with respect to ownership of the Robinhood Assets for so long as the District Court hearing the SBF Criminal Proceeding and potentially the Forfeiture Proceeding asserts jurisdiction over the Robinhood Assets;

**WHEREAS,** the Parties agree that, except as set forth herein, it is in the best interests of justice and the Parties and their respective bankruptcy estates to agree to stay and not to seek or otherwise commence or pursue litigation (in the United States or any other jurisdiction), or otherwise pursue a ruling or judgment from any court, determining interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets, including without limitation litigation among any of the Parties to determine the validity or allowance of any Party's claims against Emergent or any Party's alleged interests in the Robinhood Assets (collectively

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

"Robinhood Assets Litigation"), outside of (i) the SBF Criminal Proceeding and (ii) if any, the Forfeiture Proceeding (each exclusive of any appeals) (the satisfaction of both conditions being the "Criminal Proceedings Conclusion");

**WHEREAS,** the Parties acknowledge they may deem it necessary to file claims, motions or objections to protect their rights in any or all of the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, and the FTX Bankruptcy Cases, both related and unrelated to the Robinhood Assets, and that nothing in this Stipulation shall prevent any Party from doing so; provided that any claims, motions, or objections concerning the Robinhood Assets shall be consistent with the provisions of this Stipulation; and

**WHEREAS,** the Parties have engaged in arm's length negotiations regarding a stay of the Robinhood Assets Litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned counsel for the Parties, as follows:

1. Recitals Incorporated. The recitals and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2. Approval of the Stipulation by the Bankruptcy Courts. This Stipulation shall be filed and submitted for approval by the respective debtor(s) in the BlockFi Adversary Proceeding, the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, and the FTX Bankruptcy Cases. The effectiveness and enforceability of this Stipulation is conditioned on the respective Bankruptcy Courts approving the respective stipulations filed before them (and the provisions of Paragraphs 4 and 5 of this Stipulation are conditioned on both Bankruptcy Courts granting all the relief contemplated therein). The submission of this Stipulation for approval in any bankruptcy

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

court shall not constitute a submission by any Party to the jurisdiction of that court, and all jurisdictional rights and arguments of the Parties with respect to any such proceeding are expressly reserved. No Party shall argue that any other Party consented to the jurisdiction of any court, or waived any jurisdictional argument involving the Robinhood Assets due to the filing and approval of the terms and conditions of this Stipulation.

3. <u>Stay of the Robinhood Assets Litigation</u>. Subject only to Paragraphs, 4, 5, and 7 below, the relevant Parties shall in good faith seek a stay of the BlockFi Adversary Proceeding and no Party shall commence or prosecute any other Robinhood Assets Litigation before any domestic or foreign tribunal, outside of the SBF Criminal Proceeding and Forfeiture Proceeding, until the Criminal Proceedings Conclusion; <u>provided</u>, <u>however</u>, nothing in this Stipulation shall restrict or prevent any Party from (i) filing proofs of claim with respect to the Robinhood Assets in any of the BlockFi Bankruptcy Cases, the FTX Bankruptcy Cases, or the Emergent Bankruptcy Case; or (ii) filing pleadings or other documents in any bankruptcy proceeding or other forum necessary to preserve a Party's rights in the Robinhood Assets, including in response to any plan of reorganization that may be filed in any of the Parties' Bankruptcy Cases, or to safeguard a Party's rights and protections as a debtor in any insolvency proceeding. For the avoidance of doubt, unless otherwise set forth herein, until the Criminal Proceedings Conclusion, no Party shall file any pleadings or other documents requesting affirmative relief with respect to the Robinhood Assets outside of the Forfeiture Proceeding. For the further avoidance of doubt, nothing in this Stipulation shall prohibit any of the Parties from discussing, negotiating, or settling any disputes related to the Robinhood Assets or otherwise as among themselves, subject to any approvals or other procedures that would apply independently of this Stipulation.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

4. <u>Emergent Stay Stipulation</u>. If BlockFi requests, Emergent shall stipulate to relief from the automatic stay in the Emergent Bankruptcy Case for the limited purpose of permitting BlockFi to file and serve an amended complaint in the BlockFi Adversary Proceeding, including against Emergent. If the Delaware Bankruptcy Court approves such stipulation and modifies the stay, and if BlockFi files an amended complaint in the BlockFi Adversary Proceeding, then BlockFi shall thereafter immediately seek a stay of the BlockFi Adversary Proceeding from the New Jersey Bankruptcy Court until after the Criminal Proceedings Conclusion.

5. <u>BlockFi Stay Stipulation</u>. If Emergent requests, BlockFi shall stipulate to relief from the automatic stay in the BlockFi Bankruptcy Case for the limited purpose of permitting Emergent to file and serve a complaint commencing an adversary proceeding against BlockFi in the Delaware Bankruptcy Court related to the Robinhood Assets (the "<u>Emergent Adversary Proceeding</u>"). If the New Jersey Bankruptcy Court approves such stipulation and modifies the stay, and if Emergent files such a complaint, then Emergent shall thereafter immediately seek a stay of that adversary proceeding from the Delaware Bankruptcy Court until after the Criminal Proceedings Conclusion.

6. <u>Discovery</u>. Consistent with a stay of all Robinhood Assets Litigation, the Parties agree that they will not seek discovery before any domestic or foreign tribunal from (i) any other Party or (ii) any defendant in the SBF Criminal Proceeding, in each case only with respect to interests in, ownership of, rights or claims to, or liens with respect to, the Robinhood Assets (the "<u>Robinhood Assets Subject Matter</u>") until the conclusion of the SBF Criminal Proceeding. Notwithstanding any other provisions of this Stipulation:

   a. within 90 days after the effectiveness of this Stipulation, each Party shall

Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS

provide to the other Parties those documents and communications (including electronically stored information) within such Party's possession, custody, or control that, in such Party's good faith determination, relate to the Robinhood Assets Subject Matter (including, without limitation, documents and communications that, in such Party's good faith determination, relate to any claim or defense in the BlockFi Adversary Proceeding or the Emergent Adversary Proceeding);

b. if at any time thereafter a Party discovers or receives any document or communication (including electronically stored information) not already provided hereunder that, in such Party's good faith determination, relates to the Robinhood Assets Subject Matter, such Party shall provide such document or communication reasonably promptly to the other Parties;

c. within 90 days after the effectiveness of this Stipulation, Emergent shall identify to BlockFi and FTX all defenses it intends to assert in the BlockFi Adversary Proceeding (and, if BlockFi files an amended complaint in the BlockFi Adversary Proceeding, within 45 days after such filing, identify all additional defenses Emergent intends to assert);

d. with respect to the obligations set forth in Paragraph 6 of this Stipulation, no Party shall be required to re-produce documents that have already been publicly filed in any of the BlockFi Bankruptcy Cases, the FTX Bankruptcy Cases, and/or the Emergent Bankruptcy Case;

e. aside from the provisions set forth in Paragraphs 6 and 7 of this Stipulation, no Party may seek any formal discovery from any other Party concerning the Robinhood

Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS

Assets Subject Matter prior to the Criminal Proceedings Conclusion without leave of Court for good cause shown; and

  f. any Party may seek from or provide to any other Party information on an informal basis relating to any subject.

  7. <u>Forfeiture Proceeding Rights Reserved</u>.  Nothing in this Stipulation affects or encumbers in any way a Party's procedural or substantive rights, claims, or defenses that may be asserted in any Forfeiture Proceeding involving the Robinhood Assets or any existing right to participate in such Forfeiture Proceeding.  For the avoidance of doubt, no Party shall object to any other Party raising any rights, claims, or defenses in the Forfeiture Proceeding that the other Party could have raised in any of the litigations being stayed pursuant to this Stipulation.  Nothing in this Stipulation affects or encumbers in any way a Party's procedural or substantive rights, claims, or defenses that may be asserted in any other criminal, civil, or forfeiture proceedings not specifically included in this Stipulation.

  8. <u>Proofs of Claim</u>.  If a bar date for filing a proof of claim in the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, and/or the FTX Bankruptcy Cases occurs before the Criminal Proceedings Conclusion, any Party may file such proof or proofs of claim.  BlockFi, Emergent, and FTX may object to any such claims to preserve rights as necessary, but the relevant Parties shall work in good faith, and shall seek the appropriate Bankruptcy Court's permission, to defer all prosecution and adjudication of any objection to any portion of such claim asserting interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets within the applicable Bankruptcy Case until after the Criminal Proceedings Conclusion.

  9. <u>General Reservations of Rights</u>.  Nothing in this Stipulation (including the recitals

10

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

incorporated herein) shall constitute an admission on a factual issue or a concession on a legal issue or shall in any way affect or encumber any Party's claims and defenses against another Party or any Party's interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets. Neither this Stipulation, nor the provision of documents and communications hereunder, shall constitute an admission as to the relevance of any document or communication to any claim, defense, or proceeding. Nothing in this Stipulation shall affect, encumber, or restrict any Party from seeking discovery from any person (i) in the Forfeiture Proceeding or after the conclusion of the SBF Criminal Proceeding or (ii) at any time on any subject or issue, including in any bankruptcy proceeding, except as set forth in Paragraph 6. Further, nothing in this Stipulation shall affect, encumber, or restrict any inter-estate discovery occurring within the Parties' respective bankruptcy cases. Nothing in this Stipulation in any way affects or encumbers any Party's rights to assert or otherwise pursue any claims, causes of action, interests, rights, or defenses against another Party, including in the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, or the FTX Bankruptcy Cases, other than with respect to the Robinhood Assets prior to the Criminal Proceedings Conclusion as set forth in this Stipulation. Nothing in this Stipulation shall preclude any party from complying with requests from the Government or cooperating with any government investigation. Nothing in this Stipulation prohibits the Parties from taking procedural or administrative actions to maintain their respective Bankruptcy Cases. Nothing in this Stipulation shall prevent Emergent's Liquidators from acting (or causing Emergent to act) in accordance with their duties as court-appointed liquidators (i) in connection with litigation between Emergent and Mr. Bankman-Fried in Antigua (including without limitation litigation in claims ANUHCV 0456/2022 and ANUHCV 0480/2022 and any appeals therefrom), and (ii) insofar as they may be

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

ordered or directed by any court with jurisdiction over the Emergent's liquidation proceeding provided, however, in doing so Emergent's liquidators may not pursue a ruling or judgment determining interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets, including without limitation to determine the validity or allowance of any Party's claims against Emergent or any Party's alleged interests in the Robinhood Assets, beyond what is provided for in this Stipulation, while this Stipulation is in effect.

10. <u>Jurisdiction</u>. Each of the Courts presiding over the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, and the FTX Bankruptcy Cases shall retain concurrent jurisdiction to hear and determine matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation. Any Party may apply to the Court in which that Party's bankruptcy proceedings are pending for relief from the terms of this Stipulation at any time, and such relief shall be granted only upon a showing of good cause upon notice to all Parties. Nothing in this Stipulation shall prevent Emergent from filing a proposed cross-border administration protocol and/or seeking instructions from the courts in the U.S. and/or in Antigua insofar as consistent with this Stipulation.

11. <u>Governing Law</u>. This Stipulation shall be governed by, and construed in accordance with, the law of the State of New York, without regard to conflict-of-law principles.

12. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement among the Parties, and may not be changed, modified or altered in any manner, except in writing, signed by each Party.

13. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute

Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS

one and the same instrument. Any signature delivered by a Party electronically shall be deemed an original signature hereto.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

**STIPULATED AND AGREED TO BY:**

Dated: April 11, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:    landis@lrclaw.com
            brown@lrclaw.com
            pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:    dietdericha@sullcrom.com
            bromleyj@sullcrom.com
            gluecksteinb@sullcrom.com
            kranzleya@sullcrom.com

*Counsel to FTX Trading Ltd. and its Affiliated Debtors*

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

Dated: April 11, 2023
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Proposed Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession*

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING STIPULATION STAYING LITIGATION AND RELATED DISCOVERY CONCERNING THE ROBINHOOD ASSETS |

Dated: April 11, 2023
Wilmington, Delaware

**MORRIS NICHOLS ARSHIT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbot@morrisnichols.com

and

**HAYNES AND BOONE, LLP**
Richard Kanowitz (admitted *pro hac vice*)
30 Rockefeller Plaza
26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: Richard.Kanowitz@haynesboone.com

Richard D. Anigian (admitted *pro hac vice*)
Charles M. Jones II (admitted *pro hac vice*)
Brian Singleterry (admitted *pro hac vice*)
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:  Rick.Anigian@haynesboone.com
         Charlie.Jones@haynesboone.com
         Brian.Singleterry@haynesboone.com

*Counsel for BlockFi Inc. and its Affiliated Debtors*