| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | <br><br>**Order Filed on April 24, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>      Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**March 23, 2023 at 10:00 a.m. (ET)** |

### ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS 1363, 1649 AND 3217

The relief set forth on the following pages, numbered two (2) through four (4) is

**ORDERED**.

**DATED: April 24, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS 1363, 1649 AND 3217 |

Upon consideration of the *Debtors' First Omnibus Objection to Claims 1363, 1649 and 3217* (the "Objection")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Mark A. Renzi attached to the Objection, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims listed on **Schedule 1** attached hereto are hereby deemed disallowed in their entirety.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)
Debtors:           BLOCKFI INC., *et al.*
Case No.           22-19361 (MBK)
Caption of Order:  ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO
                   CLAIMS 1363, 1649 AND 3217

3.     Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to mark each Disputed Claim as disallowed on the claims register maintained for the Debtors' Chapter 11 Cases and expunge each Disputed Claim from the claims register.

4.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5.     The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6.     Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.     Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common

| | |
|---|---|
| (Page 4) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS 1363, 1649 AND 3217 |

law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## Schedule 1

## Disputed Claims

| Debtor | Claim Number | Date Filed | Asserted Claim Amount | Basis for Objection | Proposed Claim Amounts |
|---|---|---|---|---|---|
| All | 1363 | 1/13/23 | $100 million secured claim | Failure to allege facts sufficient to support *prima facie* validity of claims and failure to provide sufficient documentation to support *prima facie* validity of claim | $0.00 |
| BlockFi Inc. | 1649 | 1/13/23 | $2.2 trillion secured claim | Failure to allege facts sufficient to support *prima facie* validity of claims and failure to provide sufficient documentation to support *prima facie* validity of claim | $0.00 |
| BlockFi Inc. | 3217 | 2/14/2023 | $2.2 trillion secured claim | Failure to allege facts sufficient to support *prima facie* validity of claims and failure to provide sufficient documentation to support *prima facie* validity of claim | $0.00 |