**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Deborah Kovsky-Apap (NJ Bar No. 030942003)
875 Third Avenue
New York, NY 10022
(212) 808-2726
deborah.kovsky@troutman.com

*Counsel for the Ad Hoc Committee of
Wallet Account Holders*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 Case No. 22-19361 (MBK) |
| BLOCKFI INC., *et al.*[1] | (Jointly Administered) |
| Debtors. | |

### NOTICE OF RULE 30(b)(6) DEPOSITION OF THE DEBTORS
### IN CONNECTION WITH THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND
### <u>(II) GRANTING RELATED RELIEF [DOCKET NO. 121]</u>

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9104, the Ad Hoc Committee of Wallet Account Holders (the "**AHC**") will take the oral deposition of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), commencing on April 28, 2023 at 10:00 a.m. ET, and continuing thereafter until completed. Said deposition will be stenographically and videographically recorded. The deposition will be taken

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

for the purposes of discovery, for use at court hearings or trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. The deposition will take place remotely via Zoom or a similar platform.

        The Debtors are required to designate, pursuant to Rule 30(b)(6), person(s) to testify on their behalf regarding the subject matters listed in the attached Schedule A. The Debtors are requested to provide the AHC's counsel, as soon as reasonably possible, with a written designation of the name(s) and position(s) of the persons who will testify on behalf of the Debtors.

Dated: April 27, 2023        **TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Deborah Kovsky-Apap*
875 Third Avenue
New York, New York 10022
(212) 704-6000
deborah.kovsky@troutman.com

## SCHEDULE A

### Definitions

1. "**BIA**" means a cryptocurrency repository account that allowed a customer to earn interest in the form of digital assets on eligible digital assets that were deposited or transferred into the account.

2. "**Customer Wallet Account**" means a non-interest-bearing cryptocurrency account that a US customer could open with BlockFi Trading LLC, and that a non-US customer could open with BlockFi International Ltd., that allowed the customer to hold, transfer and manage the cryptocurrency held in the account.

3. "**Omnibus Wallets**" means the omnibus pooled wallets maintained by BlockFi Trading, LLC, BlockFi Wallet LLC and/or BlockFi International Ltd. through Fireblocks or third-party custodians for the benefit of the Debtors' customers.

4. "**Post-Pause Withdrawals**" means withdrawals of digital or other assets from the Debtors' platform to external wallets or bank accounts that were requested by customers prior to November 10, 2022 at 8:15 p.m. (prevailing Eastern Time) and processed by the Debtors after that time.

5. "**Rehypothecatable Wallets**" means the omnibus pooled wallets maintained by BlockFi Inc., BlockFi Lending LLC and/or BlockFi International Ltd. holding digital assets that the Debtors pledged, repledged, hypothetcated, rehypothecated, sold, lent, and/or otherwise transferred, invested or used.

6. "**True-Up Process**" means the periodic process undertaken by the Debtors to try to ensure (among other things) that the amount of cryptocurrency in the Omnibus Wallets was

equal to the amount of cryptocurrency reflected in Customer Wallet Accounts, plus a buffer of 1-5%.

7. "**User Interface Action**" means a customer's clicking of the "Transfer" button such customer's BIA and, with respect to US customers, subsequently clicking the "Continue with Transfer" and "Confirm Transfer" buttons.

8. "**And**," "**each**," "**all**" and "**any**" shall be construed as necessary in each case to make each deposition topic inclusive, rather than exclusive.

9. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the masculine includes the feminine; and the term "including" means "including without limitation."

### Deposition Topics

1. The structure of the Omnibus Wallets, including, but not limited to, whether customers' assets are commingled in the Omnibus Wallets; whether the Debtors maintain separate Omnibus Wallet wallets for different coin types; and whether the Omnibus Wallets function as a reserve to ensure that the Debtors have at least the amount and types of coins on hand that are reflected in the Customer Wallet Accounts.

2. The process for onboarding new deposits of cryptocurrency, including, but not limited to: whether deposits of cryptocurrency were immediately reflected in the User Interface as being in the customer's Customer Wallet Account; whether the customer could immediately trade newly-deposited cryptocurrency prior to the Debtors' performance of the True-Up Process; the function of customers' unique blockchain wallet addresses at BitGo; whether newly-deposited cryptocurrency is commingled for any period of time with digital assets in Rehypothecatable Wallets; whether the specific coins that a customer deposits onto Debtors'

platform are swept into the Omnibus Wallets; and whether the newly-deposited cryptocurrency is subject to the True-Up Process.

3. The True-Up Process, including but not limited to the general True-Up Process and each and every True-Up Process performed from November 10, 2022 through and including November 25, 2022.

4. All alerts or other communications to customers advising them that transfers were paused.

5. All transactions on or about July 7, 2022 by or with the customer with BlockFi ID ▇▇▇▇.

6. All transactions on or about February 4, 2022 by or with the customer with BlockFi ID ▇▇▇▇.

7. The continued accrual of interest on digital assets in BIA between November 10, 2022 and November 28, 2022, including, but not limited to, as reflected on Schedule F of BlockFi's schedules of assets and liabilities filed in the Bankruptcy Cases.

8. The cessation of the accrual of interest on digital assets with respect to which a User Interface Action was taken after November 10, 2022 at 8:15 p.m.

9. Whether customers could immediately trade digital assets following the performance of a User Interface Action.

10. Whether customers could withdraw digital assets or fiat currency from the Debtors' platform following the performance of a User Interface Action and prior to the performance of the True-Up Process.

11. The ordinary-course process for withdrawals of digital assets from BIA to an external wallet, including but not limited to the role of wallets maintained by the Debtors at BitGo.

12. The ability of customers to continue to perform the User Interface Action after November 10, 2022 at 8:15 p.m. (prevailing Eastern Time).

13. Whether digital assets transferred by customers from BIA to Wallet on November 10, 2022, prior to 8:15 p.m. (prevailing Eastern Time), are property of the Debtors or property of customers.

14. The Post-Pause Withdrawals.