**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]



Order Filed on May 1, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

# ORDER (I) GRANTING IN PART AND DENYING IN PART A LIMITED WAIVER OF THE DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

**DATED: May 1, 2023**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) GRANTING IN PART AND DENYING IN PART A LIMITED WAIVER OF THE DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Emergency Motion for Entry of an Order (I) Granting a Limited Waiver of the Deposit Requirements of Section 345(a) of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) granting a limited waiver of the requirements of section 345(b) of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and the United States Trustee having filed an Objection to the Motion ("U.S. Trustee Objection"); and this Court having reviewed the Motion and the U.S. Trustee Objection and having heard the statements in support of the relief requested therein and objections thereto at a hearing before this Court on April 27, 2023 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for certain relief granted herein; and upon all of the proceedings had before the Court and for the reasons set

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) GRANTING IN PART AND DENYING IN PART A LIMITED WAIVER OF THE DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Notwithstanding anything to the contrary in the *Final Order (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated with the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Administrative Expense Status To Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* [Docket No. 306], or elsewhere, the requirements of section 345 of the Bankruptcy Code, to the extent applicable and solely in connection with these chapter 11 cases, may be waived solely with respect to the Remaining Funds and solely on the terms set forth herein.

3. A limited waiver of section 345(b) is denied to the extent the Debtors receive confirmation from First Citizens Bank and/or the U.S. Trustee that First Citizens Bank has collateralized the Remaining Funds (as that term is defined in the Motion) in an amount equal to 115% of the Remaining Funds as required under the Uniform Depository Agreement between First Citizens Bank and the United States Trustee for Region 3 (the "345 Confirmation") by 5:00 pm prevailing Eastern time on May 1, 2023 (the "Deadline"), which Deadline may be extended by mutual agreement between the Debtors and the U.S. Trustee.

4. A limited waiver of section 345(b) is granted if, and only if, First Citizens Bank or the U.S. Trustee does not provide the Debtors with the 345 Confirmation, prior to the Deadline.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) GRANTING IN PART AND DENYING IN PART A LIMITED WAIVER OF THE DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

In such event, the Debtors are authorized to invest the applicable Remaining Funds in one or more money market funds that only invest in U.S. government obligations in an amount up to $275 million with Webster Bank or other authorized depository that has executed a Uniform Depository Agreement with the United States Trustee for Region 3.  For the avoidance of doubt, the Debtors are authorized to invest in U.S. government obligations directly at any time.

5. With respect to the $24 million of Remaining Funds currently held at BAML, the Debtors are authorized to transfer such funds to First Citizens Bank if First Citizens Bank confirms prior to the Deadline that they will open a bank account for BlockFi International Ltd. ("Account Confirmation").  To the extent First Citizens Bank fails to provide the Account confirmation directly with the Debtors by the Deadline, or any agreed upon extension thereof, the Debtors are granted a limited waiver of the section 345 requirements to allow such funds of BlockFi International Ltd. to be deposited into one or more money market funds that only invest in U.S. government obligations or to purchase U.S. government obligations directly.  For the avoidance of doubt, nothing herein prohibits the Debtors from placing these funds into an account with an approved depository that will comply with the collateralization requirements of their UDA.

6. The Debtors are not authorized to deposit any funds into any insured cash sweep programs.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) GRANTING IN PART AND DENYING IN PART A LIMITED WAIVER OF THE DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit B

## Redline of Revised Proposed Order