**REED SMITH LLP**
Kurt F. Gwynne, Esq. (NJ Bar No. 02351992)
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

*Counsel to the Ad Hoc Group of*
*<u>Actual</u> Wallet Holders*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 121 and 805**<br>**Hearing Date: May 8, 2023 at 10:00 a.m.** |

### AD HOC GROUP OF <u>ACTUAL</u> WALLET HOLDERS' STATEMENT
### IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM
### WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY
### REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND
### (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS,
### AND (II) GRANTING RELATED RELIEF

　　　　The Ad Hoc Group of <u>Actual</u> Wallet Holders[2] (the "<u>Actual</u> Wallet Holders"), by and

through its undersigned counsel, files this *Statement in Support of Debtors' Motion for Entry of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015);.BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] The following entities and individuals constitute the Ad Hoc Group of <u>Actual</u> Wallet Holders: (i) BCF 2020 Investments, LLC; (ii) BMB 2020 Investments, LLC; (iii) Brent Pratt; (iv) Bryant Foulger; (v) Clayton Foulger; (vi) FP Equity Investments, LLC; and (vii) Scott Foulger.

*an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [D.I. 121] (the "Motion") and states as follows:

1. As clients holding digital assets in Client Wallet Accounts at the Platform Pause Time Stamp, the Actual Wallet Holders join in the Debtors' request for the *return of the Actual Wallet Holders' property*. The assets held in Wallet Accounts[3] at the Platform Pause Time Stamp are not property of the Debtors' bankruptcy estates (the "Estates") and should be returned to the Actual Wallet Holders without further delay. As set forth by the Debtors in the Motion and the Debtors' *Omnibus Reply in Support of [the Motion]* [D.I. 805] (the "Reply"), the Debtors have no legal or equitable interest in the digital assets held in Client Wallet Accounts at the Platform Pause Time Stamp and such assets must be returned to their rightful owners: the Actual Wallet Holders.

2. The BlockFi Wallet Terms of Service clearly and unambiguously state that title to a client's digital assets held in a client's BlockFi Wallet "shall at all times remain with [the client] and shall not transfer to BlockFi." *See* BlockFi Wallet Terms of Service, https://blockfi.com/wallet-terms at Section F ("Ownership of Cryptocurrency").

3. The filing of a petition in bankruptcy does not magically give the debtor ownership of property the debtor did not own before filing. "[W]hatever rights a debtor has in property at the commencement of the case continue in bankruptcy – no more, no less. Section 541 [of the Bankruptcy Code] 'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.'" *In re Tudor Motor Lodge Assocs. Ltd.*, 102 B.R. 936, 949

---

[3] Capitalized terms not defined herein have the meanings given to them in the Reply.

(Bankr. D.N.J. 1989) (quoting *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984) (quoting, in turn, H.R. REP. NO. 595, 95th Cong., 1st Sess., reprinted in 1978 U.S. Code Cong. & Ad. News 5787)).

4.  The Bankruptcy Code, like the Bankruptcy Act before it, "does not authorize a [debtor-in-possession] to distribute other people's property." *In re Jones Constr. & Renovation, Inc.*, 337 B.R. 579, 585-86 (Bankr. E.D.Va. 2006) (quoting *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136 (1962) ("the Bankruptcy Act does not authorize a trustee to distribute other people's property among a bankrupt's creditors."). Property in which a debtor holds neither legal nor equitable title is not property of the estate. *Entegra Power Group LLC v. Dewey & Leboeuf LLP (In re Dewey & Leboeuf LLP)*, 493 B.R. 421, 430 (Bankr. S.D.N.Y. 2013).

5.  Here, the Debtors hold neither legal nor equitable title to the digital assets in Client Wallet Accounts at the Platform Pause Time Stamp. Such assets are not property of the Estates.

6.  Clients whose assets were not already in Client Wallet Accounts at the Platform Pause Time Stamp (the "<u>Non-Wallet Holders</u>") have no right to recover on account of their unsecured claims from assets that belong to the Actual Wallet Holders and are not property of the Estates. To hold otherwise would dilute the Actual Wallet Holders' return of *their own property* and violate the long-standing tenet of bankruptcy law stated in *Pearlman*: the Bankruptcy Code does not authorize a debtor-in-possession to distribute other people's property among a debtor's creditors. 371 U.S. at 136.

7.  The Actual Wallet Holders join the Debtors' opposition to the Objecting Parties' argument that the relief requested in the Motion must be sought through an adversary proceeding. The Debtors merely seek authority to return other people's property to the owners thereof. The owners of such property obviously do not object to having their property returned. It would

be absurd to force the Debtors to commence an adversary proceeding against their clients for a judgment permitting the Debtors to return the clients' property. The Actual Wallet Holders have a right to possess and control their property; the Debtors seek to return such possession and control to the Actual Wallet Holders. An adversary proceeding is not required to confirm such a basic request. In fact, although the Debtors no doubt were being cautious, a motion also is not required to return the Actual Wallet Holders' property to them.

WHEREFORE, for the reasons set forth herein, the Actual Wallet Holders respectfully request that the Court enter an order (i) authorizing and directing the immediate return of the Actual Wallet Holders' property to the Actual Wallet Holders and (ii) granting to the Actual Wallet Holders such other relief as is appropriate.

Respectfully submitted,

Dated: May 3, 2023

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (NJ Bar No. 02351992)
REED SMITH LLP
506 Carnegie Center, Suite 300
Princeton, NJ  08540
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575
E-mail:  kgwynne@reedsmith.com

Counsel for the Ad Hoc Group of
<u>Actual</u> Wallet Holders