**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

     Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

# ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

The relief set forth on the following pages, numbered two (2) through thirteen (13), is hereby **ORDERED.**

(Page | 2)
Debtors:          BLOCKFI INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

---

Upon consideration of the Application of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through counsel, for entry of an order (this "Order"); and given the size and complexity of these Chapter 11 cases that have and will continue to result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's determination that the legal and factual bases set forth in in the Motion establish cause for the relief requested; and

WHEREAS, on November 28, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"); and

WHEREAS, on December 21, 2022, the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors [Docket No. 130] (the "Committee"); and

WHEREAS, on January 17, 2023, the Court entered the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 307] (the "Administrative Fee Order"); and

WHEREAS, the Debtors having conferred with the Committee and the U.S. Trustee regarding the selection of the fee examiner (the "Fee Examiner") and the establishment of related procedures; and upon the agreement of the Debtors, the Committee and the U.S. Trustee as to the Fee Examiner and the procedures outlined herein; and

WHEREAS, the Fee Examiner will review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 327 or 1103 of the Bankruptcy

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

Code (the "Retained Professionals")[1], in accordance with sections 327, 329, 330 and 331 of the Bankruptcy Code and the Administrative Fee Order (collectively, the "Applications"); and

It is hereby

**ORDERED:**

1. Elise S. Frejka is appointed and shall serve as the Fee Examiner in these chapter 11 cases effective as of the date of the filing of the Application, subject to the terms and conditions of this Order.

2. Based upon the Declaration of Elise S. Frejka, Ms. Frejka is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

3. The Fee Examiner shall monitor, review, and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

   a. Bankruptcy Code sections 327, 329, 330, and 331, as applicable;

---

[1] Notwithstanding the fact that certain of the parties set forth herein were not retained under sections 327 or 1103 of the Bankruptcy Code, for the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (a) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103, (b) the Fee Examiner and all professionals retained by the Fee Examiner, and (c) each professional subject to the *Order Granting Debtors Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* [ECF No. 301] (as may be amended or supplemented from time to time, the "Ordinary Course Professionals Order") whose fees exceed the Monthly Fee Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, solely with respect to the fees of such professional that exceed such Monthly Fee Cap, and (ii) shall specifically exclude (a) professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order whose fees do not exceed the Monthly Fee Cap, and (c) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

    b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;

    c.    The Administrative Fee Order;

    d.    The Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Fee Guidelines"); and

    e.    The Local Rules of the United States Bankruptcy Court for the District of New Jersey.

    4.    The Fee Examiner shall not evaluate or review any compensation requests made by professionals retained under Bankruptcy Code sections 328, 363 (unless such fees exceed the Monthly Fee Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, and 503(b)(3) or (4).

**A.**    **Fee Examiner Authority.**

    5.    The Fee Examiner shall have authority to:

    a.    prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

    b.    require that Retained Professionals provide budgets, staffing plans, or other information to the Fee Examiner; *provided, however*, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies)

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information");

    c.    appear and be heard on any matter before the Court concerning Fee Examiner matters as set forth in this Order;

    d.    serve, file and litigate objections to the allowance or payment of fees or reimbursement of expenses in an Application;

    e.    take, defend, or appear in any appeal regarding an Application; and

    f.    conduct discovery, including filing and litigating discovery motions or objections concerning Fee Examiner matters as set forth in this Order.

    6.    The terms of this Order shall be applicable to all Retained Professionals, except those retained under Bankruptcy Code sections 328 and 363. However, to the extent a Retained Professional under section 363 exceeds the Monthly Fee Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, the terms of this Order shall also be applicable. The Debtors, the Committee, and all Retained Professionals shall cooperate with the Fee Examiner in the discharge of her duties and shall promptly respond to any requests by the Fee Examiner for information or communications.

    7.    Any professional retained by order of the Court subsequent to the entry of this Order shall immediately contact the Fee Examiner to discuss the procedures that the professional must follow concerning all Applications made or filed in these chapter 11 cases under this Order and any supplemental fee protocol. Any Monthly Fee Statement or Fee Application served

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

pursuant to the Administrative Fee Order prior to entry of this Order shall be served on the Fee Examiner as soon as is reasonably practical after entry of this Order.

8. The Fee Examiner shall be deemed a Notice Party for purposes of the Administrative Fee Order and any Monthly Fee Statement or Fee Application submitted by a Retained Professional shall be served on the Fee Examiner in accordance with the terms of the Administrative Fee Order.

9. No later than five (5) business days after the filing of each monthly Fee Statement or Fee Application, the requesting party shall send to the Fee Examiner by electronic mail the Monthly Fee Statement or Fee Application in Adobe Acrobat and the fee detail containing the daily time entries and the expense detail (the "Fee Detail") in the LEDES electronic format. Fee Details in LEDES electronic format for Final Fee Applications do not need to be resubmitted. Each Retained Professional may supply to the Fee Examiner any invoices, payment records, or other documents reasonably requested by the Fee Examiner in the possession of the Retained Professional and supporting any request for reimbursement of expenses to the extent such invoices, payment records or other documents are maintained in the ordinary course of business of the Retained Professional.

10. After reviewing each Retained Professional's Applications, the Fee Examiner shall:

a. For each Retained Professional's first interim Application, within sixty (60) days after a Retained Professional files the Application and, thereafter, within forty-five (45) days after a Retained Professional files a second or any subsequent Application, prepare a confidential report on each Application (each, a

Case 22-19361-MBK    Doc 854-1    Filed 05/09/23    Entered 05/09/23 16:51:11    Desc
Exhibit 1 - Proposed Order    Page 8 of 14

(Page | 7)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

"<u>Preliminary Report</u>") for which the Fee Examiner has a potential issue or objection, and serve any such Preliminary Report on the Retained Professional and the U.S. Trustee. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code, Local Rule 2016-1, and the U.S. Trustee Fee Guidelines. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 7(c) below;

b. within thirty (30) days after service of the Preliminary Report for any professional's first interim application and within twenty (20) days after service of the Preliminary Report for any professional's second or any subsequent Application, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the Preliminary Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Preliminary Report;

c. after a reasonable opportunity for the applicable Retained Professionals to resolve the issues identified in the Preliminary Report or amend the Application, file a final

(Page | 8)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

report or objection (the "Final Report") with the Court and note any remaining objections to the Application. The Retained Professionals may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code, Local Rule 2016-1, and the U.S. Trustee Fee Guidelines. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution; and

    d. The Fee Examiner shall file her Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the U.S. Trustee, counsel to the Debtors, counsel to the Committee, and all Retained Professionals. The Retained Professionals may file a reply to the Final Report at least four (4) days before the hearing on the relevant Application and shall serve a copy on the Fee Examiner, the U.S. Trustee, counsel to the Debtors and counsel to the Committee.

11. The Application submission and reporting schedule for the first four interim fee periods, if applicable, shall be as follows:

(Page | 9)

| | | | | |
|---|---|---|---|---|
| Debtors: | BLOCKFI INC., *et al*. | | | |
| Case No. | 22-19361 (MBK) | | | |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS | | | |

| INTERIM FEE PERIOD | FIRST | SECOND | THIRD | FOURTH |
|---|---|---|---|---|
| DATES | November 28, 2022[2] – March 31, 2023 | April 1, 2023 – July 31, 2023 | August 1, 2023 – November 30, 2023 | December 1, 2023 – March 31, 2023 |
| APPLICATION DEADLINE | May 15, 2023 | September 15, 2023 | January 15, 2024 | May 15, 2024 |
| PRELIMINARY REPORT | July 14, 2023 | October 30, 2023 | February 29, 2024 | July 1, 2024 |
| SUMMARY REPORT FOR UNCONTESTED APPLICATIONS | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing |
| HEARING DATE FOR UNCONTESTED APPLICATIONS | September, 2023, omnibus hearing | December, 2023, omnibus hearing | April, 2024, omnibus hearing | September, 2024, omnibus hearing |

12. Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

13. All Retained Professionals (including attorneys, financial advisors, auditors, and claims agents, but excluding all professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 5(b) above with respect to

---

[2] Or the effective date of the Retained Professional's retention.

Case 22-19361-MBK    Doc 854-1    Filed 05/09/23    Entered 05/09/23 16:51:11    Desc
Exhibit 1 - Proposed Order    Page 11 of 14

(Page | 10)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

**B.    Compensation.**

14.    The Fee Examiner shall be compensated at an hourly rate of $625 per hour.

15.    The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent she deems it necessary to discharge her duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to those set out in 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to the Local Bankruptcy Rules of this Court.

16.    The fees and expenses of the Fee Examiner and any Court-approved professional for the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Administrative Fee Order, except that neither the Fee Examiner nor any professional retained by her shall review their own fee applications. The Fee Examiner's compensation shall not be contingent, dependent or based on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation.

**C.    Exculpation and Indemnification.**

17.    The Fee Examiner is hereby appointed an officer of the Court with respect to the performance of her duties as the Fee Examiner and is provided the maximum immunity permitted

(Page | 11)
Debtors:         BLOCKFI INC., *et al*.
Case No.         22-19361 (MBK)
Caption of Order: ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

by law from civil actions for all acts taken or omitted in the performance of her duties and powers as the Fee Examiner. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to section 330 of the Bankruptcy Code shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties or powers hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction therefor.

18.  The Fee Examiner is hereby indemnified by the Debtors for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of her duties as the Fee Examiner. Nothing herein shall be deemed to limit the application of any immunities to which any party is entitled under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity that any party may have. The Fee Examiner shall not be indemnified or exculpated for acts of her own that constitute willful misconduct or gross negligence.

**D.    Miscellaneous.**

19.  Prior to any rate increases, the Fee Examiner shall provide at least five (5) business days' advance notification of such revised hourly rate to the Debtors' counsel, the Committee's counsel, and the U.S. Trustee.

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

20. The Fee Examiner shall not seek reimbursement of any fees or costs arising from the defense of her fee applications in these Chapter 11 cases.

21. Nothing herein shall limit the right of any entity to object to the allowance or payment of fees or reimbursement of expenses sought by any Retained Professional on any grounds, to the extent such right exists under the Bankruptcy Code or the Administrative Fee Order.

22. Any and all objections not raised by the U.S. Trustee to an interim fee application are reserved pending this Court's consideration of final fee applications.

23. Without limiting any provision of this Order, to the extent that any order approving the retention of a professional in these Chapter 11 Cases in whole or in part under Bankruptcy Code section 328 authorizes any party, including, without limitation, the U.S. Trustee, to object to the allowance of fees or expenses sought by such professional on any grounds, including, without limitation, based on the reasonableness standard provided in Bankruptcy Code section 330, this Order shall not modify or otherwise limit any such authority.

24. Nothing herein shall limit the right of any entity, including the Fee Examiner, to object to the allowance or payment of fees or reimbursement of expenses sought by a Retained Professional on any grounds.

25. Any Retained Professional may seek an order on appropriate notice seeking relief from any provision of this Order.

26. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING AN INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS |

27. To the extent there is any inconsistency between the terms of any Retained Professional's retention agreement and this Order, the terms of this Order shall govern.

28. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Committee, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.