**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**APPLICATION IN LIEU OF MOTION
FOR CONSENT ORDER EXTENDING THE GOVERNMENTAL
BAR DATE TO JUNE 13, 2023 FOR THE UNITED STATES OF AMERICA**

TO:   THE HONORABLE MICHAEL B. KAPLAN
      Chief United States Bankruptcy Judge

The above-captioned debtors and debtors-in-possession (the "Debtors") in the above-referenced Chapter 11 cases (these "Chapter 11 Cases"), by and through their undersigned counsel,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

hereby submit this application in lieu of motion (the "Application"), pursuant to sections 105(a) and 502(b)(9)(a) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 3003(c)(3) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3003-1(a)(2) and 9021-1(b) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules" or "D.N.J. LBR"), seeking the approval and entry of the proposed *Consent Order Extending the Governmental Bar Date to June 13, 2023 for the United States of America* (the "Proposed Consent Order"), a copy of which is attached hereto as **Exhibit 1**, and respectfully state as follows:

1. On November 28, 2022 (the "Petition Date"), each Debtor filed voluntary petitions for relief commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. On January 30, 2023, the Bankruptcy Court entered its *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order"), which established 5:00 p.m. (prevailing Eastern Time) on May 30, 2023 as the Governmental Bar Date (defined therein).

3. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

4. Section 502(b)(9)(A) of the Bankruptcy Code provides, in relevant part, that "the court . . . shall allow such claim . . . except to the extent that . . . proof of such claim is not timely filed . . . except that . . . a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief ***or such later time as the Federal Rules of Bankruptcy***

2

***Procedure may provide*** . . . ." 11 U.S.C. § 502(b)(9)(A) (emphasis supplied).

5. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 9006(b) provides further that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed. R. Bankr. P. 9006(b).

6. Local Rule 3003-1(a)(2) provides that "[a] governmental unit subject to Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the order for relief." D.N.J. LBR 3003-1(a)(2).

7. Local Rule 9021-1(b) provides further that "[a] proposed consent order submitted in lieu of a motion may be presented by application. The application must include the facts and law supporting entry of the proposed consent order." D.N.J. LBR 9021-1(b).

8. The Debtors submit that cause exists to extend the Governmental Bar Date set forth in the Bar Date Order for the United States of America and its federal agencies, including, without limitation, the Department of Justice (collectively, the "United States"). At this time, the United States is still determining whether it may have any potential claims against the Debtors' estates and the amount of such claims, if any. Rather than expend estate resources on litigating potential claims issues, the Debtors and the United States (together, the "Parties") have agreed to a two-week extension of the Governmental Bar Date to 5:00 p.m. (prevailing Eastern Time) on June 13, 2023. Such extension will provide the United States with additional time to evaluate its potential claims and will help streamline the claims reconciliation process, thereby preserving estate value

3

for the benefit of all creditors. The Parties jointly seek the relief requested herein in the interest of judicial economy, for good cause, and not for the purpose of unnecessary delay.

9. This Application is submitted pursuant to D.N.J. LBR 9021-1(b) in lieu of a motion in support of the Debtors' request that the Bankruptcy Court enter the Proposed Consent Order as presented. The Debtors submit that the Proposed Consent Order is in the best interests of their estates because the relief afforded therein will likely reduce the number of issues to resolve during the claims reconciliation process and will not unreasonably delay the administration of these Chapter 11 Cases. No previous application for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Proposed Consent Order and grant such other relief as the Bankruptcy Court deems just and appropriate under the circumstances.

Respectfully submitted,

Dated: May 11, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*