**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | **HEARING DATE AND TIME:**<br>**June 20, 2023 at 11:30 a.m. prevailing Eastern Time** |
| | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

<div align="center">

**NOTICE OF HEARING**
**ON DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER APPROVING (I) THE**
**ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) THE SOLICITATION AND NOTICE PROCEDURES,**
**(III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION**
**THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

</div>

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that on May 12, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **June 20, 2023 at 11:30 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted therewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with

the General Order and the Supplemental Commentary, so as to be received on or before **June 12, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

 **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

 **PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with Local Rule 9013-3(d) and the relief requested may be granted without further notice or hearing.

 **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: May 12, 2023

/s/  *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER APPROVING (I) THE**
**ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) THE SOLICITATION AND NOTICE PROCEDURES,**
**(III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION**
**THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), granting the following relief:

a.      ***Adequacy of the Disclosure Statement.***      Approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), filed contemporaneously herewith, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b.      ***Solicitation and Voting Procedures.***      Approving procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to confirmation of the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Exhibit 1;

c.      ***Non-Voting Status Notices.***  Approving (i) the form of notice applicable to Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (ii) the form of notice applicable to Holders of Claims or Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (iii) the form of notice applicable to Holders of Claims or Interests that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim or Interest (each, a "Non-Voting Status Notice"), substantially in the forms attached to the Order as Exhibit 2A, Exhibit 2B, and Exhibit 2C, respectively;

d.      ***Ballots.***  Approving the form of ballots (the "Ballots") that the Debtors will send to holders of Claims entitled to vote to accept or reject the Plan, substantially in the forms attached to the Order as Exhibits 3A-3I;

---

[2]      Detailed descriptions of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases are set forth in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 17] (the "First Day Declaration").  Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them in the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, filed contemporaneously herewith (as amended, supplemented, or modified from time to time, the "Plan") or the Disclosure Statement, as applicable.

e.    ***Solicitation Packages.***    Finding that the solicitation materials and documents included in the solicitation packages (the "Solicitation Packages") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with rules 3017(d) and 2002(b) of the Federal Rules of Bankruptcy Procedure;

f.    ***Cover Letter.***    Approving the form of letter (the "Cover Letter") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as Exhibit 4;

g.    ***Instruction Letter.***    Approving the form of letter (the "Instruction Letter") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Order, the Cover Letter, and a Ballot, substantially in the form attached to the Order as Exhibit 5;

h.    ***Confirmation Hearing Notice.***    Approving the form and manner of notice of the hearing to be held by the Court to consider confirmation of the Plan (the "Confirmation Hearing," and the notice thereof, the "Confirmation Hearing Notice"), substantially in the form attached to the Order as Exhibit 6;

i.    ***Plan Supplement Notice.***    Approving the notice related to the filing of the Plan Supplement (the "Plan Supplement Notice"), substantially in the form attached to the Order as Exhibit 7;

j.    ***Assumption Notice.***    Approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan (the "Assumption Notice"), substantially in the form attached to the Order as Exhibit 8; and

k.    ***Confirmation Timeline.***    Establishing the following dates and deadlines, subject to modification as necessary:

| Event or Deadline | Date and Time | Description |
|---|---|---|
| Voting Record Date | June 12, 2023 | The date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt-out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule |

3

| | | 3001(e) such that the assignee can vote as the Holder of the respective Claim. |
|---|---|---|
| Publication Deadline | Five (5) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The last date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication. |
| Solicitation Deadline | Ten (10) days following entry of the Order (or as soon as reasonably practicable thereafter) | The deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan. |
| Plan Supplement Filing Date | The date that is no later than seven (7) days prior to the Voting Deadline | Date by which the Debtors shall file the Plan Supplement. |
| Confirmation Objection Deadline | July 28, 2023 at 4:00 p.m., prevailing Eastern Time | The deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Voting Deadline | July 28, 2023 at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted so that they are **actually received** by Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"). |
| Confirmation Brief and Plan Objection Reply Deadline | August 13, 2023 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court. |
| Deadline to File Voting Report | August 13, 2023 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Confirmation Hearing | August 17, 2023, subject to Court availability | The date for the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing Date"). |

## **Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for the relief requested herein are sections 105, 363, 502, 1123(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"); rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and rules 3016-1, 3018-1, and 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.    On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

6.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Bankruptcy Rules.  On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

## Plan Overview

7.    The Plan provides for meaningful recoveries to Holders of Claims.

8.    The Plan classifies Holders of Claims and Interests into the following Classes for all purposes, including with respect to voting and distributions under the Plan:

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 1 | Secured Tax Claims | Each Holder of an Allowed Secured Tax Claim shall receive, in full and final satisfaction of such Allowed Secured Tax Claim, at the option of the applicable Debtor, payment in full in Cash of such Holder's Allowed Secured Tax Claim or such other treatment rendering such Holder's Allowed Secured Tax Claim Unimpaired. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, at the option of the applicable Debtor, payment in full in Cash of such Holder's Allowed Other Priority Claim or such other treatment rendering such Holder's Allowed Other Priority Claim Unimpaired. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3-a | BlockFi Lending LLC Private Client Account Claims | Each Holder of an Allowed BlockFi Lending LLC Private Client Account Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC Private Client Account Claim:<br><br>(i)  its Pro Rata share of:<br><br>A.  the Cash Allocation for Holders of Claims at BlockFi Lending LLC; or<br><br>B.  the Digital Assets Allocation for Holders of Claims at BlockFi Lending LLC; and<br><br>(ii)  its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC Private Client Account Claims;<br><br>*provided* that Holders of BlockFi Lending LLC Private Client Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Lending LLC Private Client Account Claims shall be *pari passu* with Holders of Claims in Class 3-b (BlockFi Lending LLC Loan Collateral Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims).   For the avoidance of doubt, Holders of Claims in Class 3-b shall only be treated *pari passu* with Holders of Allowed BlockFi Lending LLC Private Client Account Claims in this Class 3-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment[3] is accounted for, is still owed to such Holder on account of its Class 3-b Claim. | Impaired | Entitled to Vote |

---

[3]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|-------|-------------------|-----------|--------|---------------|
| 3-b | BlockFi Lending LLC Loan Collateral Claims | Each Holder of an Allowed BlockFi Lending LLC Loan Collateral Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC Loan Collateral Claim, the Set Off Treatment; *provided* that, for the avoidance of doubt, any Distribution made to Holders of Allowed BlockFi Lending LLC Loan Collateral Claims shall be *pari passu* with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims). | Impaired | Entitled to Vote |
| 3-c | BlockFi International Ltd. Private Client and Interest Account Claims | Each Holder of an Allowed BlockFi International Ltd. Private Client and Interest Account Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. Private Client and Interest Account Claim:<br><br>(i)  its Pro Rata share of:<br><br> A.  the Cash Allocation for Holders of Claims at BlockFi International Ltd.; or<br><br> B.  the Digital Assets Allocation for Holders of Claims at BlockFi International Ltd.; and<br><br>(ii)  its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. Private Client and Interest Account Claim;<br><br>*provided* that Holders of BlockFi International Ltd. Private Client and Interest Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims shall be *pari passu* with Holders of Claims in Class 3-d (BlockFi International Ltd. Loan Collateral Claims) and Class | Impaired | Entitled to Vote |

---

applicable Loan Account Obligations outstanding on the Petition Date. Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date. The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | 4-b (BlockFi International Ltd. General Unsecured Claims). For the avoidance of doubt, Holders of Claims in Class 3-d shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims in this Class 3-c to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment is accounted for, is still owed to such Holder on account of its Class 3-d Claim. | | |
| 3-d | BlockFi International Ltd. Loan Collateral Claims | Each Holder of an Allowed BlockFi International Ltd. Loan Collateral Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. Loan Collateral Claim, the Set Off Treatment; *provided* that, for the avoidance of doubt, any Distribution made to Holders of Allowed BlockFi International Ltd. Loan Collateral Claims shall be *pari passu* with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 4-b (BlockFi International Ltd. General Unsecured Claims). | Impaired | Entitled to Vote |
| 3-e | BlockFi Inc. Interest Account Claims | Each Holder of an Allowed BlockFi Inc. Interest Account Claim will receive in full and final satisfaction of such Allowed BlockFi Inc. Interest Account Claim:<br><br>(i)  its Pro Rata share of:<br><br>A. the Cash Allocation for Holders of Claims at BlockFi Inc.; or<br><br>B. the Digital Assets Allocation for Holders of Claims at BlockFi Inc.; and<br><br>(ii) its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. Interest Account Claim;<br><br>*provided* that Holders of BlockFi Inc. Interest Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Inc. Interest Account Claims shall be *pari passu* with Holders of Claims in Class 4-c (BlockFi Inc. General Unsecured Claims). | Impaired | Entitled to Vote |
| 4-a | BlockFi Lending LLC General Unsecured Claims | Each Holder of an Allowed BlockFi Lending LLC General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi Lending LLC and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi Lending LLC General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 3-b (BlockFi Lending LLC Loan Collateral Claims).  For the avoidance of | Impaired | Entitled to Vote |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | doubt, Holders of Claims in Class 3-b shall only be treated *pari passu* with Holders of Allowed BlockFi Lending LLC General Unsecured Claims in this Class 4-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment is accounted for, is still owed to such Holder on account of its Class 3-b Claim. | | |
| 4-b | BlockFi International Ltd. General Unsecured Claims | Each Holder of an Allowed BlockFi International Ltd. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi International Ltd. and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi International Ltd. General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 3-d (BlockFi International Ltd. Loan Collateral Claims).  For the avoidance of doubt, Holders of Claims in Class 3-d shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. General Unsecured Claims in this Class 4-b to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment is accounted for, is still owed to such Holder on account of its Class 3-d Claim. | Impaired | Entitled to Vote |
| 4-c | BlockFi Inc. General Unsecured Claims | Each Holder of an Allowed BlockFi Inc. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Inc. General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi Inc. and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi Inc. General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-e (BlockFi Inc. Interest Account Claims). | Impaired | Entitled to Vote |
| 4-d | BlockFi Services, Inc. General Unsecured Claims | Each Holder of an Allowed BlockFi Services, Inc. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Services, Inc. General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi Services, Inc. and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Services, Inc. until payment in full of such Allowed BlockFi Services, Inc. General Unsecured Claim. | Impaired | Entitled to Vote |
| 4-e | BlockFi Trading LLC General Unsecured Claims | On the Effective Date, all BlockFi Trading LLC General Unsecured Claims shall be canceled, released and extinguished, and will be of no further force or effect, and Holders of BlockFi Trading LLC General Unsecured Claims will not receive any Distribution on account of such BlockFi Trading LLC General Unsecured Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 4-f | BlockFi Wallet LLC General Unsecured Claims | On the Effective Date, all BlockFi Wallet LLC General Unsecured Claims shall be canceled, released and extinguished, and will be of no further force or effect, and Holders of BlockFi Wallet LLC General Unsecured Claims will not receive any Distribution on account of such BlockFi Wallet LLC General Unsecured Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-g | BlockFi Ventures LLC General Unsecured Claims | On the Effective Date, all BlockFi Ventures LLC General Unsecured Claims shall be canceled, released, and extinguished, and will be of no further force or effect, and Holders of BlockFi Ventures LLC General Unsecured Claims will not receive any Distribution on account of such BlockFi Ventures LLC General Unsecured Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-h | BlockFi Investment Products LLC General Unsecured Claims | On the Effective Date, all BlockFi Investment Products LLC General Unsecured Claims will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of BlockFi Investment Products LLC General Unsecured Claims will not receive any Distribution on account of such BlockFi Investment Products LLC General Unsecured Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-i | BlockFi Lending II LLC General Unsecured Claims | On the Effective Date, all BlockFi Lending II LLC General Unsecured Claims will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of BlockFi Lending II LLC General Unsecured Claims will not receive any Distribution on account of such BlockFi Lending II LLC General Unsecured Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 5 | FTX Facility Claims | The FTX Facility Claims shall be recharacterized as equity contributions and shall be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of FTX Facility Claims will not receive any Distribution on account of such FTX Facility Claims; *provided*, *however*, if the Bankruptcy Court determines that the FTX Facility Claims should not be recharacterized as equity contributions, then the FTX Facility Claims shall be contractually subordinated to Account Holder Claims and equitably subordinated to General Unsecured Claims and Intercompany Claims at the applicable Debtor entity pursuant to section 510(c) of the Bankruptcy Code; *provided further*, *however*, if the Bankruptcy Court determines that the FTX Facility Claims should not be equitably subordinated pursuant to section 510(c) of the Bankruptcy Code, such Claims shall be *pari passu* with General Unsecured Claims and Intercompany Claims at the applicable Debtor entity. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 6 | FTX Avoidable Transfer Claims | The FTX Avoidable Transfer Claims shall be, pursuant to section 510(c) of the Bankruptcy Code, equitably subordinated to Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity; *provided*, *however*, if the Bankruptcy Court determines that the FTX Avoidable Transfer Claims should not be equitably subordinated pursuant to section 510(c) of the Bankruptcy Code, then the FTX Avoidable Transfer Claims shall be *pari passu* with Account Holder Claims, General Unsecured | Impaired | Not Entitled to Vote (Deemed to Reject) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | Claims, and Intercompany Claims at the applicable Debtor entity. | | |
| 7 | Alameda Claims | The Alameda Claims shall be, pursuant to section 510(c) of the Bankruptcy Code, equitably subordinated to Account Holders Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity; *provided*, *however*, if the Bankruptcy Court determines that the Alameda Claims should not be equitably subordinated pursuant to section 510(c) of the Bankruptcy Code, such Claims shall be *pari passu* with Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | 3AC Claims | The 3AC Claims shall be, pursuant to section 510(c) of the Bankruptcy Code, equitably subordinated to Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity; *provided*, *however*, if the Bankruptcy Court determines that the 3AC Claims should not be equitably subordinated pursuant to section 510(c) of the Bankruptcy Code, then the 3AC Claims shall be *pari passu* with Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 9 | Government Penalty Claims | The Government Penalty Claims shall be, pursuant to sections 726(a)(4) and 1129(a)(7) of the Bankruptcy Code, subordinated to Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity, and the Government Entity will not receive any Distribution on account of such Government Penalty Claims until all Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity are paid in full; *provided*, *however*, if the Bankruptcy Court determines that the Government Penalty Claims should not be subordinated pursuant to sections 726(a)(4) and 1129(a)(7) of the Bankruptcy Code, then the Government Penalty Claims shall be *pari passu* with Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 10 | *De Minimis* Claims | On the Effective Date, all *De Minimis* Claims shall be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of *De Minimis* Claims will not receive any Distribution on account of such *De Minimis* Claims. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 11 | Intercompany Claims | On the Effective Date, all Intercompany Claims will be, at the option of the Debtors, either (a) reinstated or (b) converted to equity, otherwise set off, settled, distributed, contributed, cancelled, or released, in each case in accordance with the Restructuring Transactions Memorandum; *provided* that the Intercompany Claims (x) between BlockFi International Ltd. and BlockFi Lending LLC, (y) between BlockFi International Ltd. and BlockFi Inc., and (z) between BlockFi Lending LLC and BlockFi Inc., will, in each case, be netted, resulting in three separate Intercompany Claims (one for each pair of Debtors in clauses (x), (y), and (z)), and such remaining | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | Intercompany Claims after such netting will be treated *pari passu* with Account Holder Claims and General Unsecured Claims at the applicable Debtor entity. | | |
| 12 | Intercompany Interests | On the Effective Date, all Intercompany Interests will be, at the option of the Debtors, either (a) reinstated or (b) set off, settled, addressed, distributed, contributed, merged, or cancelled, in each case in accordance with the Restructuring Transactions Memorandum. | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 13 | Existing Preferred Equity Interests | On the Effective Date, all Existing Preferred Equity Interests will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of Existing Preferred Equity Interests will not receive any Distribution on account of such Existing Preferred Equity Interests. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 14 | Existing Common Equity Interests | On the Effective Date, all Existing Common Equity Interests will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of Existing Common Equity Interests will not receive any Distribution on account of such Existing Common Equity Interests. | Impaired | Not Entitled to Vote (Deemed to Reject) |

9.     Based on the foregoing, the Debtors propose to solicit votes to accept or reject the Plan from Holders of Claims in Classes 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").  The Debtors do not propose to solicit votes from Holders of Claims or Interests in Classes 1, 2, 4-e, 4-f, 4-g, 4-h, 4-i, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 (each a "<u>Non-Voting Class</u>" and collectively, the "<u>Non-Voting Classes</u>").

10.     The Disclosure Statement provides adequate information with respect to the Plan and ensures that Holders of Claims entitled to vote on the Plan will receive information of a kind and in sufficient detail to make an informed judgment regarding acceptance or rejection of the Plan.  The proposed schedule and procedures to confirm and consummate the Plan will move these Chapter 11 Cases forward in a timely manner while ensuring due process and providing for the procedural safeguards mandated under the Bankruptcy Code and the Bankruptcy Rules. Accordingly, the Debtors respectfully submit that the relief requested in this Motion should be approved.

**The Debtors' Solicitation and Noticing Plan**

11.     The Debtors have designed a comprehensive solicitation and noticing plan that affords all Holders of Claims and Interests the maximum notice practicable under the circumstances and the greatest opportunity to cast their votes (as applicable) or be heard in connection with confirmation of the Plan.

12.     The Debtors request that they be authorized to distribute the Solicitation Packages via e-mail[4] to Holders of Claims in the Voting Classes and the Non-Voting Status Notices to Holders of Claims or Interests in the Non-Voting Classes.  As of the date hereof, the Debtors estimate that there are approximately 300,000 Clients and other creditors that will require a Solicitation Package.

13.     Due to the large number of Holders of Claims and Interests, the Debtors estimate that providing materials to Holders of Claims and Interests in paper and/or flash drive format would cost more than $10 million and $3 million, respectively.  Further, the Debtors estimate that it would take approximately 40 calendar days to print hard copies of certain Solicitation Package materials or Non-Voting Status Notices and provide the other Solicitation Package materials (*i.e.*, the Plan, the Disclosure Statement, and the Order) in flash drive format, introducing meaningful delay to the Debtors' proposed confirmation timeline.  In addition, Clients are not required to provide their home address when creating an account on the Debtors' platform.  Rather, each Client provided the Debtors with their e-mail address when they registered on the Debtors' platform, and the Debtors send Clients information regarding their account via e-mail in the ordinary course.

---

[4]     Due to the voluminous nature of the Solicitation Packages, the Debtors will distribute by e-mail instructions, including applicable links to the Debtors' case website, for each Holder to access their personalized Solicitation Package online.

Service via e-mail is therefore consistent with the Debtors' business practices and the means by which Clients receive a majority of communications regarding their account.

14.     Accordingly, in lieu of providing such materials in paper format and/or by flash drive, the Debtors' Claims, Noticing, and Solicitation Agent will e-mail Holders of Claims entitled to vote on confirmation of the Plan with instructions on how to access electronic copies of their Ballots and the Solicitation Packages from the Claims, Noticing, and Solicitation Agent's website. To the extent a Holder of a Claim or Interest is not entitled to vote on confirmation of the Plan, the Debtors' Claims, Noticing, and Solicitation Agent will e-mail such Holders instructions on how to access electronic copies of the Plan, Disclosure Statement, and applicable Non-Voting Status Notice.

15.     To the extent that the Debtors' records do not contain a Holder's e-mail address, the Debtors' Claims, Noticing, and Solicitation Agent shall mail a Confirmation Hearing Notice and an Instruction Letter or a Non-Voting Status Notice, as applicable, to such Holder of a Claim or Interest.  Additionally, any party that receives any materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

16.     In addition, to ensure all parties-in-interest receive sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Confirmation Objection Deadline, and the Confirmation Hearing, the Debtors will publish the Publication Notice in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition), on the Publication Deadline or as soon as reasonably practicable thereafter.

17.     The Debtors believe that the process described herein appropriately satisfies the need for broad notice in a case of this scope, without incurring excessive costs.  Utilizing e-mail, rather than hard copy service, to solicit Holders of Claims for which the Debtors have e-mail addresses in the Voting Classes will result in significant cost savings that will directly inure to the benefit of the Debtors' stakeholders and enhance recoveries under the Plan.  Furthermore, service via e-mail is consistent with how the Debtors regularly communicate with their Clients in the ordinary course of business.

18.     Accordingly, the Debtors believe that service in this manner is in the best interests of such Holders and maximizes recoveries under the Plan.

## Basis for Relief

### I.     The Court Should Approve the Disclosure Statement.

#### A.     The Disclosure Statement Contains Adequate Information.

19.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

20.     Courts in several circuits have stated that the primary purpose of a disclosure statement is to provide adequate information such that creditors and interest holders affected by a

proposed plan can make an informed decision regarding whether or not to vote for the plan.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan" (internal quotations omitted)); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."); *In re A. H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989) (stating that the disclosure statement must provide "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan.").  Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a chapter 11 plan.  *See Century Glove*, 860 F.2d at 100.

21.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor

and the condition of the debtor's books and records. . . ."); *see Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."); *In re River Vill. Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phx. Petrol. Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("The information required will necessarily be governed by the circumstances of the case.").

22.     In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

    a.    the events that led to the filing of a bankruptcy petition;

    b.    the relationship of the debtor with its affiliates;

    c.    a description of the available assets and their value;

    d.    the debtor's anticipated future performance;

    e.    the source of information stated in the disclosure statement;

    f.    the debtor's condition while in chapter 11;

    g.    claims asserted against the debtor;

    h.    the estimated return to creditors under a chapter 7 liquidation of the debtor;

    i.    the future management of the debtor;

j.       the chapter 11 plan or a summary thereof;

k.       financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.       information relevant to the risks posed to creditors under the plan;

m.      the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.       litigation likely to arise in a nonbankruptcy context; and

o.       tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure regarding all topics is not necessary in every case.  *See U.S. Brass*, 194 B.R. at 424; *see also Phx. Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

**B.      The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

23.      The Disclosure Statement provides "adequate information" to allow Holders of Allowed Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains information that courts consider "adequate information," including:

a.       ***The Debtors' Business Operations and Capital Structure.***  An overview of the Debtors' corporate history, business operations, assets, organizational structure, and capital structure, which are described in detail in Article VIII of the Disclosure Statement;

b.       ***Events Leading to these Chapter 11 Cases.***  An overview of the events leading to the commencement of the Debtors' Chapter 11 Cases, which are described in detail in Article IX of the Disclosure Statement;

c.      ***Events of the Chapter 11 Cases.***  An overview of key events in the Debtors' Chapter 11 Cases, which are described in detail in Article X of the Disclosure Statement;

d.      ***Release and Exculpation Provisions of the Plan.***  A description of the Debtor Release, Third-Party Release, Exculpation, and Bermuda Release which are described in <u>Article V.K</u> of the Disclosure Statement, and a description of the Special Committee's investigation and general conclusions, including its recommendation to seek settlements with relevant officers, directors, and employees of the Debtors, which are described in <u>Article X.Q</u> of the Disclosure Statement;

e.      ***Liquidation Analysis.***  A liquidation analysis is attached to the Disclosure Statement as <u>Exhibit B</u>;

f.      ***Risk Factors.***  Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement, which are described in <u>Article XI</u> of the Disclosure Statement;

g.      ***Solicitation and Voting Procedures.***  A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, which are described in <u>Article VI</u> of the Disclosure Statement;

h.      ***Confirmation of the Plan.***  Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan, which are described in <u>Article VII</u> of the Disclosure Statement;

i.      ***Certain United States Federal Income Tax Consequences of the Plan.***  A description of certain U.S. federal income tax law consequences of the Plan, which are described in <u>Article XII</u> of the Disclosure Statement;

j.      ***Questions and Answers Regarding the Disclosure Statement and Plan***: A list of frequently asked questions, which are described in detail in <u>Article V</u> of the Disclosure Statement; and

k.      ***Recommendation of the Debtors.***  A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan, stated in <u>Articles IV</u> and <u>XIII</u> of the Disclosure Statement.

24.      Based on the foregoing, the Debtors submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to

accept or reject the Plan.  Accordingly, the Debtors submit that the Disclosure Statement contains

"adequate information" and therefore should be approved.

**C.      The Disclosure Statement Provides Sufficient Notice of Release, Exculpation, and Injunction Provisions in the Plan**.

25.      Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against

conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must

describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to

the injunction.  Fed. R. Bankr. P. 3016(c).

26.      Article V.K of the Disclosure Statement describes in detail the entities that may be

subject to an injunction under the Plan and the acts that they may be enjoined from pursuing,

including bolded language related to the Debtor Release, Third-Party Release, Exculpation,

Injunction, and Bermuda Release.  Article X.Q also summarizes the establishment of the Special

Committee to perform a comprehensive investigation (the "Investigation") into a number of issues,

as set forth more fully in Article X.Q of the Disclosure Statement.  The Disclosure Statement

provides that the Debtor Release and certain definitions related to the releases generally are subject

to the recommendation of the Special Committee.  Further, the relevant language in Article VIII

of the Plan is in bold font, making it conspicuous to anyone who reads it.  Accordingly, the Debtors

respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by

conspicuously describing the conduct and parties that may be enjoined by the Plan.

**II.      The Court Should Approve the Confirmation Timeline and Related Forms**.

**A.      The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline**.

27.      Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in

connection with the confirmation of a plan, "creditors and equity security holders shall include

holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after

notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar

provision regarding determination of the record date for voting purposes.

Fed. R. Bankr. P. 3018(a). Additionally, Bankruptcy Rule 3017(c) provides that before approving

the disclosure statement, the Court must fix a time within which the holders of claims and interests

may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See*

Fed. R. Bankr. P. 3017(c).

      28.    The Debtors request that the Court exercise its authority under Local Rule 3018-1

and Bankruptcy Rules 3017(c), 3017(d) and 3018(a) to establish, subject to the Court's

availability, (i) **June 12, 2023**, as the Voting Record Date; (ii) **ten days following the entry of**

**the Order** (or as soon as reasonably practicable thereafter) as the Solicitation Deadline; and

(iii) **July 28, 2023 at 4:00 p.m.**, prevailing Eastern Time, as the Voting Deadline. Moreover, the

Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to

receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to

the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to effectuate the

transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting

Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required

by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor

supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record

Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of

such Claim as of the Voting Record Date.

      29.    The Debtors request that, after the Debtors distribute Solicitation Packages to

Holders of Claims entitled to vote on the Plan, the Court require that all Holders of Claims entitled

to vote on the Plan complete and submit their Ballots so that they are **actually** **received** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline.  Similarly, holders of Claims or Interests who wish to opt out of the Third-Party Release on their Ballot or Non-Voting Status Notice must complete and submit an electronic Opt Out Form so that it is **actually** **received** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline.

30.    The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least twenty-eight days, within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules.[5] Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes and the deadline for Holders of Claims in the Voting Classes to vote to accept or reject the Plan.

**B.    The Court Should Approve the Forms of the Ballots**.

31.    Bankruptcy Rule 3018(c) requires that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c).    In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized the Ballots.  Although based on Official Form B 314, the Ballots have been modified to (a) address the particular circumstances of these Chapter 11 Cases and (b) include

---

[5]    *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).  Nonetheless, the Debtors request authority to extend the Voting Deadline in their sole discretion and without further order of the Court.

certain additional information that is relevant and appropriate for Claims in the Voting Classes. The proposed Ballots for the Voting Classes are annexed as <u>Exhibits 3A-3I</u> to the Order. The Debtors respectfully submit that the form of the Ballots complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**C.    The Court Should Approve the Form and Distribution of the Solicitation Packages to Holders of Claims Entitled to Vote on the Plan**.

32.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

33.    In accordance with this requirement, the Debtors propose to send the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on or before the Solicitation Deadline, the Debtors will cause the Solicitation Packages to be distributed by e-mail, as applicable, through the Claims, Noticing, and Solicitation Agent to such Holders of Claims in the Voting Classes.

34.    Each Solicitation Package will include the following materials, as applicable:

    a.    the applicable form of electronic Ballot, substantially in the form of the Ballots attached to the Order as <u>Exhibits 3A–3I</u>, together with a unique E-Ballot ID, detailed voting instructions, and instructions on how to submit the Ballot;

    b.    the Cover Letter, substantially in the form attached to the Order as <u>Exhibit 4</u>, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

    c.    a copy of the Solicitation and Voting Procedures, substantially in the form attached to the Order as <u>Exhibit 1</u>;

    d.    the Disclosure Statement (and exhibits thereto, including the Plan);

e.      the Order granting the relief requested herein (without exhibits);

f.      the Confirmation Hearing Notice, substantially in the form attached to the Order as Exhibit 6; and

g.      any additional documents that the Court has ordered to be made available.

35.     To the extent a Holder of a Claim does not have an e-mail address on file with the Debtors, the Debtors' Claims, Noticing, and Solicitation Agent will mail such Holder of a Claim the Confirmation Hearing Notice and the Instruction Letter detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of the Solicitation Package.  Further, any party that receives any materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).  Distribution in this manner will translate to significant monetary savings that will benefit the Debtors' stakeholders and enhance recoveries under the Plan.

36.     Bankruptcy courts in this district and others have permitted debtors to transmit solicitation documents in electronic format in other large Chapter 11 cases in the interest of saving printing and mailing costs.  *See, e.g.*, *In re Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. June 28, 2019) (authorizing the debtors to mail to the voting classes instructions detailing how to access electronic versions or request hard copies of the confirmation order, the disclosure statement, and any letters recommending acceptance of the plan); *In re Voyager Digital Holdings,* No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 13, 2023) (authorizing the debtors to distribute solicitation packages by e-mail to holders of account holder claims); *In re The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del. Apr. 22, 2021) (authorizing the debtors to provide holders of claims with a QR Code to access solicitation documents electronically instead

of mailing paper copies, except for the cover letter, applicable ballot, and confirmation hearing notice, which were mailed); *see also In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. Jun 10, 2021) (authorizing the debtors to distribute solicitation documents other than the cover letter, ballot, and confirmation hearing notice in electronic format); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. Nov. 6, 2020) (authorizing the debtors to distribute solicitation documents other than the cover letter, ballot, and confirmation hearing notice in electronic format). Accordingly, the Debtors believe that their proposed notice and service procedures are in the best interest of the Debtors and their stakeholders and maximize recoveries under the Plan.

37.    Additionally, the Debtors will provide complete paper copies of the Solicitation Package (excluding the Ballots) to the U.S. Trustee and electronic copies of the Solicitation Package (excluding the Ballots) to all other parties on the 2002 List as of the Voting Record Date. The Debtors will not provide Solicitation Packages, Non-Voting Status Notices, or other solicitation materials to: (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).

38.    The Debtors respectfully request that the Claims, Noticing, and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries

from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims, Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report.

39.    Given the large number of parties in the Voting Classes that the Debtors will solicit and the attendant timing considerations in connection with tabulating such a large number of returned Ballots, the Debtors request authorization to accept Ballots solely via electronic, online transmissions through a customized online balloting portal on the Debtors' case website. Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots. Parties entitled to vote must cast a Ballot by utilizing the online balloting portal (which allows a holder to submit an electronic signature). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

40.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and submitted electronically through the Debtors' restructuring website https://restructuring.ra.kroll.com/blockfi/EBallot-Home in accordance with the applicable voting instructions so that the Ballots are **actually received** by the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline. **Hard copy Ballots**

will not be accepted.  **In addition, electronic Ballots will not be accepted by facsimile or other electronic means (other than through the Debtors' restructuring website)**.

      **D.**      **The Court Should Approve the Confirmation Hearing Notice**.

      41.      The Confirmation Hearing Notice includes the following:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing, and Solicitation Agent's and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the Confirmation Hearing Date and information related thereto.  The Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) by no later than ten days following entry of the Order (or as soon as reasonably practicable thereafter).

      42.      Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition) five business days following the entry of the Order, or as soon as practicable thereafter.  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service of the Confirmation Hearing Notice and publication of the Publication Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

**E.     The Court Should Approve the Plan Supplement Notice**.

43.     The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, schedules, and exhibits to the Plan to be filed by the Debtors no later than seven days prior to the Voting Deadline or such later date as may be approved by the Court on notice to parties-in-interest.[6]   The Plan Supplement will include the following materials in connection with confirmation, as applicable:  (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the Restructuring Transactions Memorandum; (d) the Digital Assets Conversion Table; (e) the identification of the Wind-Down Trustee; (f) the Wind-Down Trustee Agreement; (g) the Wind-Down Budget; (h) the identification of the member(s) of the Wind-Down Debtors' Oversight Committee; and (i) any additional documents necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

44.     To ensure that all Holders of Claims or Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.   Accordingly, the Plan Supplement Notice should be approved.

**F.     The Court Should Approve the Form of Notices to Non-Voting Classes**.

45.     As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As a result, they will not receive Solicitation Packages and, instead, the Debtors propose that such parties receive a Non-Voting Status Notice.   Specifically, in lieu of solicitation materials, the Debtors propose to provide the following to Holders of Claims or Interests in Non-Voting Classes:

---

[6]     *See* Plan at Art. I.A.

| Class | Status | Treatment |
|---|---|---|
| Class 1, and Class 2 | Unimpaired—Presumed to Accept | Will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2A</u>, in lieu of a Solicitation Package. |
| Class 4-e, Class 4-f, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, and Class 14 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2B</u>, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2C</u>. |

46.     In light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors will not provide the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with the solicitation.

47.     Each Non-Voting Status Notice will include, among other things:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing, and Solicitation Agent and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan, and a form for opting out of the Third-Party Release provided by Article VIII.B of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

48.     The Debtors believe that the e-mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, unless

the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

### G.    The Court Should Approve Notices to Contract and Lease Counterparties.

49.    Article V.A of the Plan provides that each of the Debtors' Executory Contracts and Unexpired Leases shall be deemed rejected by the Debtors or the Wind-Down Debtors, as applicable, without the need for any further notice to or action, order, or approval of the Court, unless such Executory Contract and Unexpired Lease:  (a) was previously assumed, assumed and assigned, or rejected by the Debtors; (b)  previously expired or terminated pursuant to its own terms; (c) is the subject of a motion to assume, assume and assign, or reject Filed on or before the Confirmation Date that is pending on the Effective Date; or (d) is designated specifically, or by category, as an Executory Contract or Unexpired Lease on the Schedule of Assumed Executory Contracts and Unexpired Leases, if any.

50.    To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the assumption of their Executory Contract or Unexpired Lease, if any, pursuant to the Plan, the Debtors will mail the Assumption Notice, as applicable and appropriate, within the time periods specified in the Plan.  Accordingly, the Assumption Notice should be approved.

### III.    The Court Should Approve the Solicitation and Voting Procedures.

51.    Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

52.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form."  Fed. R. Bankr. P. 3018(c).  Consistent with these requirements, the Debtors propose using the Solicitation and Voting Procedures.  The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as described below.

A.      **Completion of Ballots**.

53.     To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Solicitation and Voting Procedures provide that the Debtors will not count a Ballot if it is, among other things, submitted by a Holder of a Claim or Interest that is not entitled to vote on the Plan, incomplete, is submitted in hard copy format, or is submitted in electronic format other than through the Debtors' case website (*i.e.*, by facsimile or e-mail).  Further, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

B.      **General Ballot Tabulation and Voting Procedures**.

54.     The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes, including, among other things, that the Debtors intend to convert each Claim asserted in currency other than U.S. Dollars (including Digital Assets) to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including,

without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

55.    The Debtors respectfully request that the Claims, Noticing, and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims, Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report.

56.    The proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code.  The Solicitation and Voting Procedures are in the best interests of the Debtors' estates, Holders of Claims and Interests, and other parties in interest, and that good cause supports the relief requested herein.

IV.    **The Court Should Approve the Procedures for Confirming the Plan**.

    A.    **The Confirmation Hearing Date**.

57.    Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties-in-interest can object to confirmation. 11 U.S.C. § 1128.  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c).  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish **August 17, 2023**, as the Confirmation Hearing Date.  The Debtors further request that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

    B.    **The Court Should Approve the Procedures for Filing Objections to Confirmation of the Plan**.

58.    Bankruptcy Rule 2002 requires no less than twenty-eight days' notice to all Holders of Claims of the time fixed for filing objections to the hearing on confirmation of a Chapter 11 plan.  Fed. R. Bankr. P. 2002(b), (d).  The Debtors request that the Court establish **July 28, 2023 at 4:00 p.m.** prevailing Eastern Time, as the Confirmation Objection Deadline.

59.    The Debtors also request that the Court direct the manner in which parties-in-interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

    a.    be in writing;

b.      conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

c.      state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.      be filed with the Court and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

60.    The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties-in-interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

**C.     The Court Should Approve the Consequences of Not Confirming or Consummating the Plan**.

61.    The Debtors reserve the right to revoke or withdraw the Plan before the Confirmation Hearing and to file subsequent chapter 11 plans.  If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (a) the Plan will be null and void in all respects; (b) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (c) nothing contained in the Plan shall (i) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (ii) prejudice in any manner the rights of any Debtor or any other Entity, or (iii) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

## Non-Substantive Modifications

62.     The Debtors request authorization to make changes to the Disclosure Statement,

Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots,

Publication Notice, Cover Letter, Instruction Letter, Solicitation and Voting Procedures, Plan

Supplement Notice, Assumption Notice, and related documents without further order of the Court,

including changes to correct typographical and grammatical errors, if any, and to make conforming

changes to any other materials in the Solicitation Packages before distribution.

## Waiver of Memorandum of Law

63.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

64.     Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization

to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code,

(f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable

law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or

otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights

to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants

the relief sought herein, any payment made pursuant to the Court's order is not intended and should

not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Prior Request**

65.     No prior request for the relief sought in this Motion has been made to this or any other court.

## **Notice**

66.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e)  the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) counsel to the Committee; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  May 12, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**ORDER APPROVING (I) THE
ADEQUACY OF THE DISCLOSURE STATEMENT,
(II) THE SOLICITATION AND NOTICE PROCEDURES,
(III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
<u>THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO</u>**

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Upon the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 363, 502, 1123(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006, and Local Rules 3018-1 and 9013-1 approving:  (i) the adequacy of the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (the "Disclosure Statement");  (ii) the Solicitation and Voting Procedures; (iii) the Non-Voting Status Notices; (iv) the Ballots; (v) the manner and form of the Solicitation Packages and the materials contained therein; (vi) the Cover Letter (vii) the Instruction Letter; (viii) the Confirmation Hearing Notice; (ix) the Publication Notice; (x) the Plan Supplement Notice; (xi) the Assumption Notice; (xii) the Voting Record Date; (xiii) the Publication Deadline; (xiv) the Solicitation Deadline; (xv) the Plan Supplement Filing Date; (xvi) the Confirmation Objection Deadline; (xvii) the Voting Deadline; (xviii) the Confirmation Brief and Plan Objection Reply Deadline; (xix) the deadline to file the Voting Report; (xx) the Confirmation Hearing Date; and (xxi) the dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

I.      **Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

## II.     Approval of the Materials and Timeline for Soliciting Votes.

### A.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.

4.      The Confirmation Timeline is hereby approved (subject to modification as necessary):

   a.     ***Voting Record Date.*** **June 12, 2023** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt-out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt-out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim.;

   b.     ***Publication Deadline.*** **Five (5) business days following entry of the Order** (or as soon as reasonably practicable thereafter) as the last date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication;

   c.     ***Solicitation Deadline.*** **Ten (10) days following entry of the Order** (or as soon as reasonably practicable thereafter) as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan;

   d.     ***Plan Supplement Filing Deadline.*** **No later than seven (7) days prior to the Voting Deadline** as the date by which the Debtors shall file the Plan Supplement;

   e.     ***Confirmation Objection Deadline.*** **July 28, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties;

   f.     ***Voting Deadline.*** **July 28, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which **all** Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted to https://restructuring.ra.kroll.com/BlockFi/EBallot-Home so that they are **actually received** by the Claims, Noticing, and Solicitation Agent;

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

g. ***Confirmation Brief and Plan Objection Reply Deadline.*** **August 13, 2023** as the deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court;

h. ***Deadline to File Voting Report.*** **August 13, 2023** as the date by which the Voting Report shall be filed with the Court; and

i. ***Confirmation Hearing Date.*** **August 17, 2023 at [●] [a.m.] prevailing Eastern Time**, or such other date as may be scheduled by the Court, as the date of the hearing at which the Court will consider confirmation of the Plan.

5.        The Solicitation Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan.  The Debtors may adjourn the Confirmation Hearing Date and any related dates and deadlines from time to time, without notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**B.        Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.        The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.        the applicable form of Ballot, substantially in the form of the Ballots attached hereto as **Exhibits 3A–3I**, together with a unique E-Ballot ID, detailed voting instructions, and instructions on how to submit the Ballot;

b.        the Cover Letter, substantially in the form attached hereto as **Exhibit 4**;

c.        the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

d.        the Disclosure Statement (and exhibits thereto, including the Plan);

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

e.      this Order (without exhibits);

f.      the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 6**; and

g.      any additional documents that the Court has ordered to be made available.

7.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.      The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.    Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Debtors are authorized to cause the Solicitation Packages to be distributed in electronic format by e-mail, as applicable, through the Claims, Noticing, and Solicitation Agent to Holders of Claims in the Voting Classes.

10.      The form of letter (the "Instruction Letter") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation Packages and a Ballot, substantially in the formed attached hereto as **Exhibit 5**, is approved.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

11.     The Debtors are authorized to cause the Confirmation Hearing Notice and Non-Voting Status Notices to be distributed in electronic format by e-mail through the Claims, Noticing, and Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

12.     The Debtors are authorized to cause the Confirmation Hearing Notice, the Instruction Letter, and / or a Non-Voting Status Notice to be mailed through the Claims, Noticing, and Solicitation Agent to a Holder of a Claim or Interest, as applicable, to the extent the Debtors' records as of the date of the filing of the Motion does not contain such Holder's e-mail address.

13.     Any party that receives any materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent to request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

14.     The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims, Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification.

15.     On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete Solicitation Packages in paper format (other than Ballots) to the U.S. Trustee and distribute in electronic format by e-mail to all other parties on the 2002 List as of the Voting Record Date.

16.     For purposes of serving the Solicitation Packages, Non-Voting Status Notices, and the Confirmation Hearing Notice, the Claims, Noticing, and Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Claims, Noticing, and Solicitation Agent as of the Voting Record Date.

17.     The Claims, Noticing, and Solicitation Agent is authorized to accept Ballots via electronic online transmissions through an online balloting portal maintained by the Claims, Noticing, and Solicitation Agent on the Debtors' case website (the "E-Ballot"). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. E-Ballots shall be the sole method by which a creditor may submit a Ballot. Ballots submitted by mail, hand delivery, overnight courier, e-mail, facsimile, or other electronic means shall be deemed invalid.

18.     Neither the Debtors nor the Claims, Noticing, and Solicitation Agent are required to take any action to cure a deficiency associated with a submitted Ballot.

(Page | 10)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

19.     All votes to accept or reject the Plan must be cast by using the appropriate E-Ballot. All E-Ballots must be properly executed, completed, and submitted according to their applicable voting instructions so that the Ballots are **actually received** by the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline.

### C.     Approval of the Confirmation Hearing Notice.

20.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, filed by the Debtors and served upon parties-in-interest in these Chapter 11 Cases on or before the Solicitation Deadline constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

21.     The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition), on or as soon as reasonably practicable after the Publication Deadline.

### D.     Approval of Notice of Filing of the Plan Supplement.

22.     The Debtors are authorized to distribute in electronic format by e-mail the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

(Page | 11)

| | | |
|---|---|---|
| Debtors: | BLOCKFI INC., *et al*. | |
| Case No. | 22-19361 (MBK) | |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO | |

**E.      Approval of the Form of Notices to Non-Voting Classes.**

23.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Claims, Noticing, and Solicitation Agent shall distribute in electronic format by e-mail a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1, and Class 2 | Unimpaired—Presumed to Accept | Will receive a notice, substantially in the form attached hereto as **Exhibit 2A**, in lieu of a Solicitation Package. |
| Class 4-e, Class 4-f, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, and Class 14 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached hereto as **Exhibit 2B**, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached hereto as **Exhibit 2C**. |

24.      The Debtors are not required to distribute Solicitation Packages, other solicitation materials, or a Non-Voting Status Notice to:  (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).  Further, the Debtors are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

**F.      Approval of Notices to Contract and Lease Counterparties.**

25.     The Debtors are authorized to mail a notice of assumption of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected or assumed pursuant to the Plan, within the time periods specified in the Plan.

**III.     Approval of the Solicitation and Voting Procedures.**

26.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

27.     The Debtors are authorized to convert each Claim asserted in currency other than U.S. Dollars (including Digital Assets) to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

**IV.    Approval of Procedures for Confirming the Plan.**

**A.    Approval of the Procedures for Filing Objections to Confirmation of the Plan.**

28.    Objections to confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline by each of the notice parties identified in the Confirmation Hearing Notice.

**B.    Approval of Consequences of Not Confirming or Consummating the Plan.**

29.    If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (i) the Plan will be null and void in all respects; (ii) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (iii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any

(Page | 14)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

Debtor or any other Entity, or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

## V.    Miscellaneous.

30.    The Debtors are authorized to make changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

31.    The Debtors' rights are reserved to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

32.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

33.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

34.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

(Page | 15)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO |

35.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

38.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

39.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

**<u>Exhibit 1</u>**

**Solicitation and Voting Procedures**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

<div align="center">

**SOLICITATION AND VOTING PROCEDURES**

</div>

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**A.    The Voting Record Date.**

The Bankruptcy Court has approved **[June 12], 2023** as the record date for purposes of determining which Holders of Claims in Classes 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each a "Voting Class" and collectively, the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

**B.    The Voting Deadline.**

The Bankruptcy Court has approved **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "Voting Deadline").  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court.  To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and electronically submitted through the Debtors' online balloting portal at https://restructuring.ra.kroll.com/blockfi/EBallot-Home pursuant to the instructions set forth on the applicable Ballot so that they are **actually received** by Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") no later than the Voting Deadline.

**The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**C.    Form, Content, and Manner of Notices.**

1.    The Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    the applicable form of electronic Ballot with a unique E-Ballot ID, detailed voting instructions and instructions on how to submit the Ballot;

b.    the cover letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan (the "Cover Letter");

c.    these Solicitation and Voting Procedures;

d.    the Disclosure Statement (and exhibits thereto, including the Plan);

e.    the Disclosure Statement Order (without exhibits);

f.    the notice of the Confirmation Hearing (the "Confirmation Hearing Notice"); and

g.    any additional documents that the Bankruptcy Court has ordered to be made available.

2.    Distribution of the Solicitation Package.

The Debtors shall serve, or cause to be served, electronic copies of the Solicitation Package to Holders of Claims in the Voting Classes.  In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://restructuring.ra.kroll.com/blockfi, *provided* that any party that would prefer paper format may contact the Claims, Noticing, and Solicitation Agent by: calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll-Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject

line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes within ten (10) days following entry of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) who are entitled to vote, as described in Section D.1. below. The Debtors will not distribute Solicitation Packages or other solicitation materials to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.    <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event.</u>

a.    If a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as <u>Exhibit 2C</u> to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

b.    If a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

c.    A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

i.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

ii.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

iv.    the pending objection is voluntarily withdrawn by the objecting party.

d.    No later than two business days following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute a Solicitation Package to the relevant Holder via email.

4.  <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

    a.  Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 2A</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.

    b.  Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 2B</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.

    c.  Certain Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claims unless a Resolution Event occurs and will receive the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as <u>Exhibit 2C</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.

5.  <u>Notices in Respect of Executory Contracts and Unexpired Leases.</u>

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts* substantially in the form attached as <u>Exhibit 8</u> to the Disclosure Statement Order may file an objection to the Debtors' proposed assumption or cure amount, as applicable.  Such objections must: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

| *Debtors* | |
|---|---|
| **BlockFi, Inc.**<br>201 Montgomery Street, Suite 263<br>Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike; Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

| Counsel for the Committee |
|---|
| **Brown Rudnick LLP** |
| 7 Times Square |
| New York, NY 10036 |
| Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |
| United States Trustee |
| **Office of the United States Trustee** |
| **United States Trustee, Regions 3 & 9** |
| One Newark Center, Suite 2100 |
| Newark, NJ 07102 |
| Attention:  Jeffrey M. Sponder; Lauren Bielskie |

**D.** **Voting and Tabulation Procedures.**

1. <u>Holders of Claims Entitled to Vote.</u>

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a. Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Bankruptcy Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Bankruptcy Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court;

b. Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in D.2. of these Solicitation and Voting Procedures;

c. Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d. Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018, *provided, that*, to the extent the Bankruptcy Court determines that Holders of Class 5 (FTX Facility Claims), Class 6 (FTX Avoidable Transfer Claims), Class 7 (Alameda Claims), Class 8 (3AC Claims), or Class 9 (Government Penalty Claims) should be allowed to vote on the Plan, Ballots cast by such Holders will count in the amount of $1.00;

e. Holders who filed a Proof of Claim for $0.00 or zero (0) Digital Assets, as applicable, are not entitled to vote; and

f. with respect to any Entity described in subparagraphs (a) through (e) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the

assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.    <u>Establishing Claim Amounts for Voting Purposes.</u>

**Filed and Scheduled Claims.**  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.    the Claim amount:  (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims, Noticing, and Solicitation Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph a above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars (including Digital Assets) shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date.  Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim), *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Bankruptcy Court or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

f.    Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.     in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3.     <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.     each Claim asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date.  Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

b.     except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing, and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

c.     the Claims, Noticing, and Solicitation Agent will date-stamp all Ballots when received;

d.     the Claims, Noticing, and Solicitation Agent shall retain copies of Ballots and all solicitation-related correspondence for two years following the closing of the Chapter 11 Cases, whereupon the Claims, Noticing, and Solicitation Agent is authorized to destroy and/or otherwise dispose of:  (a) all copies of Ballots; (b) printed solicitation materials including unused copies of the Solicitation Package; and (c) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Bankruptcy Court in writing within such two year period;

e.     the Debtors will file the Voting Report by no later than three (3) days prior to the Confirmation Hearing.  The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "<u>Irregular Ballot</u>"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged.  The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots. Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

f.     the online balloting portal (available at <u>https://restructuring.ra.kroll.com/blockfi/EBallot-Home</u>) is the sole manner in which Ballots may be delivered to the Claims, Noticing, and Solicitation Agent.  Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by facsimile, hard copy, hand delivery, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

7

g.      except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing, and Solicitation Agent actually receives the executed Ballot;

h.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

i.       if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.       Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

k.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

l.       the Debtors, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

m.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

n.      unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that a valid opt-out election on an otherwise defective or irregular Ballot submitted prior to the Voting Deadline shall be honored as a valid opt-out election;

o.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

p.      subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all ballots not in proper form (including those submitted in paper format or other electronic means other than through the Debtors' online ballot portal), the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

q.      if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution, *provided*, *that*, to the extent the Bankruptcy Court determines that Holders of Class 5 (FTX Facility Claims), Class 6 (FTX Avoidable Transfer Claims),

Class 7 (Alameda Claims), Class 8 (3AC Claims), or Class 9 (Government Penalty Claims) should be allowed to vote on the Plan, Ballots cast by such Holders will count in the amount of $1.00;

r.        if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

s.        the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot delivered or otherwise submitted in hard copy format, transmitted by facsimile, email, or other electronic means not specifically approved pursuant to the Disclosure Statement Order; (vii) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims, Noticing, and Solicitation Agent); and (viii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

t.        after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Bankruptcy Court; and

u.        the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.

**E.        Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and any related documents without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any materials in the Solicitation Packages before distribution.

*        *        *        *        *

## Exhibit 2A

**Unimpaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

      **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| Debtors | |
|---|---|
| **BlockFi, Inc.**<br>201 Montgomery Street, Suite 263<br>Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE THAT **ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: [_____], 2023

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## **Attachment A**

**Release Opt Out Form**

## OPTIONAL:  RELEASE OPT OUT FORM

***IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION*, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT *PROMPTLY* BY THE METHOD BELOW.**

> By electronic, online submission:
>
> To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.
>
> **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**
>
> **Unique E-Opt-Out ID#:** _____
>
> The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

---

You are receiving this opt out form (the "Opt Out Form") because you are or may be a holder of a Claim that is not entitled to vote on the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court on or before [July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY BEFORE COMPLETING THIS OPT-OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in Article VIII.B of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "Ballot Portal") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home.  The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).**

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN

**ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*       \*       \*

**UNDER THE PLAN, [“*RELEASED PARTIES*” MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; AND (E) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (D); *PROVIDED* THAT ANY OF (I) FTX, (II) 3AC, (III) ALAMEDA, (IV) EMERGENT, (V) MAREX, AND (VI) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY SHALL NOT BE A “RELEASED PARTY.”][1]**

**UNDER THE PLAN, [“*RELEASING PARTIES*” MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).][2]**

**Important information regarding the Third-Party Release:**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A “RELEASING PARTY” UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN ONLY IF YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

**OPTIONAL RELEASE ELECTION. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN IF YOU CHECK THE BOX BELOW:**

| |
|---|
| ☐ **By checking this box, you elect to opt OUT of the Third-Party Release** |

---

[1]    This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

[2]    This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

**Certifications.**

By signing this Opt Out Form, the undersigned certifies:

(a) that, as of the Voting Record Date, either: (i) the undersigned is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

(b) that the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has submitted the Opt Out Form with respect to all of its Claims; and

(d) that no other Opt Out Form with respect to these Claims has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

If your address or contact information has changed, please note the new information here.

## **Exhibit 2B**

**Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN**

      **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

1

accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| Debtors | |
|---|---|
| **BlockFi, Inc.** 201 Montgomery Street, Suite 263 Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP** 601 Lexington Avenue New York, New York 10022 Attention:  Joshua A. Sussberg; Christine A. Okike; Francis Petrie | **Haynes and Boone, LLP** Rockefeller Plaza, 26th Floor New York, NY 10112 Attention:  Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP** 7 Times Square New York, NY 10036 Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee** **United States Trustee, Regions 3 & 9** One Newark Center, Suite 2100 Newark, NJ 07102 Attention:  Jeffrey M. Sponder; Lauren Bielskie | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**PLEASE TAKE FURTHER NOTICE THAT ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: [_____], 2023                          /s/ DRAFT
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## **Attachment A**

**Release Opt Out Form**

**OPTIONAL:  RELEASE OPT OUT FORM**

*IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION,* **PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT *PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**

**Unique E-Opt-Out ID#:** _____

The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

---

You are receiving this opt out form (the "Opt Out Form") because you are or may be a holder of a Claim or Interest that is not entitled to vote on the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court <u>on or before</u> [July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT-OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in Article VIII.B of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "Ballot Portal") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home.  The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN

**ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

<div align="center">*     *     *</div>

**UNDER THE PLAN,** [**"*RELEASED PARTIES*"** MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; AND (E) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (D); *PROVIDED* THAT ANY OF (I) FTX, (II) 3AC, (III) ALAMEDA, (IV) EMERGENT, (V) MAREX, AND (VI) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY SHALL NOT BE A "RELEASED PARTY."][1]

**UNDER THE PLAN,** [**"*RELEASING PARTIES*"** MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).][2]

**Important information regarding the Third-Party Release:**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN ONLY IF YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

**OPTIONAL RELEASE ELECTION.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN IF YOU CHECK THE BOX BELOW:**

<div style="border:1px solid black; padding:10px; text-align:center;">

☐  **By checking this box, you elect to opt OUT of the Third-Party Release**

</div>

---

[1]   This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

[2]   This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

**Certifications.**

By signing this Opt Out Form, the undersigned certifies:

(a) that, as of the Voting Record Date, either: (i) the undersigned is a Holder of a Claim or Interest against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim or Interest against the Debtors that is not entitled to vote on the Plan;

(b) that the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has submitted the Opt Out Form with respect to all of its Claims and Interests; and

(d) that no other Opt Out Form with respect to these Claims or Interests has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

If your address or contact information has changed, please note the new information here.

## **Exhibit 2C**

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

    **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

    **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two business days before the Voting Deadline** (each, a "Resolution Event"):

        1.      an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

        2.      an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

        3.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

        4.      the pending objection to such Claim is voluntarily withdrawn by the objecting party.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business days thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a ballot via email to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**PLEASE TAKE FURTHER NOTICE THAT ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: [_____], 2023

*/s/ DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## Attachment A

**Release Opt Out Form**

**OPTIONAL:  RELEASE OPT OUT FORM**

***IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION*, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT *PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**

**Unique E-Opt Out ID#:** _____

The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

---

You are receiving this opt out form (the "Opt Out Form") because you are or may be a holder of a Claim that is not entitled to vote on the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court <u>on or before</u> [July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT-OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in Article VIII.B of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "Ballot Portal") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home.  The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).**

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES

**CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

<div align="center">*     *     *</div>

**UNDER THE PLAN, [“*RELEASED PARTIES*” MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS, AND (E) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (D); *PROVIDED* THAT ANY OF (I) FTX, (II) 3AC, (III) ALAMEDA, (IV) EMERGENT, (V) MAREX, AND (VI) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY SHALL NOT BE A “RELEASED PARTY.”][1]**

**UNDER THE PLAN, [“*RELEASING PARTIES*” MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).][2]**

<u>**Important information regarding the Third-Party Release:**</u>

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A “RELEASING PARTY” UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN, AS SET FORTH ABOVE. YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

---

[1]   This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

[2]   This definition and any related provision in the Plan remain subject to the recommendation of the Special Committee, and to the ongoing review and approval of the Bermuda Provisional Liquidators with respect to BlockFi International Ltd.

**OPTIONAL RELEASE ELECTION.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED
IN ARTICLE VIII.B OF THE PLAN <u>IF</u> YOU CHECK THE BOX BELOW:**

---

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

---

<u>**Certifications.**</u>

By signing this Opt Out Form, the undersigned certifies:

(a)    that, as of the Voting Record Date, either:  (i) the undersigned is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

(b)    that the Holder has received a copy of the *Notice of Non-Voting Status With Respect to Disputed Claims* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c)    that the undersigned has submitted the Opt Out Form with respect to all of its Claims; and

(d)    that no other Opt Out Form with respect to these Claims has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

If your address or contact information has changed, please note the new information here.

## **Exhibit 3A**

**Form of Ballot for Holders of**
**BlockFi Lending LLC Private Client Account Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-A BLOCKFI LENDING LLC PRIVATE CLIENT ACCOUNT CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.**

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

**Unique E-Ballot ID#:** _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC Private Client Account Claim as of **[June 12], 2023** (the "Voting Record Date").  **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC Private Client Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>**Item 1**</u>.    **Amount of Class 3-a BlockFi Lending LLC Private Client Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-a BlockFi Lending LLC Private Client Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi Lending LLC Private Client Account Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC Private Client Account Claim:

(i)    its Pro Rata share of:

      A.    the Cash Allocation for Holders of Claims at BlockFi Lending LLC; or

      B.    the Digital Assets Allocation for Holders of Claims at BlockFi Lending LLC; and

(ii)    its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC Private Client Account Claims;

*provided* that Holders of BlockFi Lending LLC Private Client Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Lending LLC Private Client Account Claims shall be *pari passu* with Holders of Claims in Class 3-b (BlockFi Lending LLC Loan Collateral Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims).  For the avoidance of doubt, Holders of Claims in Class 3-b shall only be treated *pari passu* with Holders of Allowed BlockFi Lending LLC Private Client Account Claims in this Class 3-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-b Claim.

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

> ☐  **ACCEPT** (vote FOR) the Plan        ☐  **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.  Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date.  The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

**Item 4.**    **Important information regarding the Third-Party Release.**[3]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF**

---

[3]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*       \*       \*

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐ **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

**<u>Item 5</u>.   Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of a Class 3-a BlockFi Lending LLC Private Client Account Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Class 3-a BlockFi Lending LLC Private Client Account Claims in connection with the Plan; and

4.   (a) no other Ballot with respect to the same Class 3-a BlockFi Lending LLC Private Client Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-a BlockFi Lending LLC Private Client Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC Private Client Account Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Lending LLC Private Client Account Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-a, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-a for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center"><b><u>PLEASE RETURN YOUR BALLOT PROMPTLY</u></b></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

<div align="center"><b>THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).

THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.</b></div>

---

[4]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## <u>Exhibit 3B</u>

**Form of Ballot for Holders of
BlockFi Lending LLC Loan Collateral Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 3-B BLOCKFI LENDING LLC LOAN COLLATERAL CLAIMS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:

Unique E-Ballot ID#: _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC Loan Collateral Claim as of **[June 12], 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC Loan Collateral Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.    **Amount of Class 3-b BlockFi Lending LLC Loan Collateral Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-b BlockFi Lending LLC Loan Collateral Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi Lending LLC Loan Collateral Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC Loan Collateral Claim, the Set Off Treatment[2]; *provided* that, for the avoidance of doubt, any Distribution made to Holders of Allowed BlockFi Lending LLC Loan Collateral Claims shall be *pari passu* with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims).

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

| | |
|---|---|
| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.  Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date.  The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

3

**Item 4.**    **Important information regarding the Third-Party Release.**[3]

AS A "**RELEASING PARTY**" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF

---

[3]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*      \*      \*

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

5

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

**<u>Item 5</u>.   Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of a Class 3-b BlockFi Lending LLC Loan Collateral Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Class 3-b BlockFi Lending LLC Loan Collateral Claims in connection with the Plan; and

4.   (a) no other Ballot with respect to the same Class 3-b BlockFi Lending LLC Loan Collateral Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-b BlockFi Lending LLC Loan Collateral Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## **INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC Loan Collateral Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **<u>Use of Online Ballot Portal</u>**.   To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Lending LLC Loan Collateral Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-b, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-b for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[4]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## **Exhibit 3C**

**Form of Ballot for Holders of
BlockFi International Ltd. Private Client and Interest Account Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-C BLOCKFI INTERNATIONAL LTD.
PRIVATE CLIENT AND INTEREST ACCOUNT CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

   Unique E-Ballot ID#: _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. Private Client and Interest Account Claim as of **[June 12], 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. Private Client and Interest Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**Item 1**.    **Amount of Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims:  $_____ |
| --- |

2

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi International Ltd. Private Client and Interest Account Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. Private Client and Interest Account Claim:

(i)    its Pro Rata share of:

      A.    the Cash Allocation for Holders of Claims at BlockFi International Ltd.; or

      B.    the Digital Assets Allocation for Holders of Claims at BlockFi International Ltd.; and

(ii)    its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. Private Client and Interest Account Claim;

*provided* that Holders of BlockFi International Ltd. Private Client and Interest Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims shall be *pari passu* with Holders of Claims in Class 3-d (BlockFi International Ltd. Loan Collateral Claims) and Class 4-b (BlockFi International Ltd. General Unsecured Claims).  For the avoidance of doubt, Holders of Claims in Class 3-d shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims in this Class 3-c to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-d Claim.

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.  Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date.  The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

**Item 4.**   **Important information regarding the Third-Party Release.**[3]

**AS A "UNDERLINED(RELEASING PARTY)" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF

---

[3]   Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*      \*      \*

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

<u>Item 5</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of a Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. Private Client and Interest Account Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal.** To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi International Ltd. Private Client and Interest Account Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 3-c, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-c for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. SIGN AND DATE your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[4]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**<u>Exhibit 3D</u>**

**Form of Ballot for Holders of
BlockFi International Ltd. Loan Collateral Claims**

<div style="text-align:center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

In re:                                                          Chapter 11

BLOCKFI INC., *et al.*,                             Case No. 22-19361 (MBK)

                                  Debtors.[1]      (Jointly Administered)

<div style="text-align:center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-D BLOCKFI INTERNATIONAL LTD. LOAN COLLATERAL CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.**

</div>

---

<div style="text-align:center">

By electronic, online submission:

</div>

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your
Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your
customized Ballot:**

   **Unique E-Ballot ID#:** _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic
means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. Loan Collateral Claim as of **[June 12], 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. Loan Collateral Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>**Item 1**</u>.    **Amount of Class 3-d BlockFi International Ltd. Loan Collateral Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-d BlockFi International Ltd. Loan Collateral Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims: $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi International Ltd. Loan Collateral Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. Loan Collateral Claim, the Set Off Treatment[2]; *provided* that, for the avoidance of doubt, any Distribution made to Holders of Allowed BlockFi International Ltd. Loan Collateral Claims shall be *pari passu* with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 4-b (BlockFi International Ltd. General Unsecured Claims).

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

☐  **ACCEPT** (vote FOR) the Plan      ☐  **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.  Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date.  The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

**Item 4.    Important information regarding the Third-Party Release.**[3]

AS A "**RELEASING PARTY**" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF

---

[3]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*        \*        \*

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

5

> ☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

**<u>Item 5</u>.    Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of a Class 3-d BlockFi International Ltd. Loan Collateral Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Class 3-d BlockFi International Ltd. Loan Collateral Claims in connection with the Plan; and

4.   (a) no other Ballot with respect to the same Class 3-d BlockFi International Ltd. Loan Collateral Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-d BlockFi International Ltd. Loan Collateral Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

> **THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. Loan Collateral Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal**. To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi International Ltd. Loan Collateral Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 3-d, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-d for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center"><b><u>PLEASE RETURN YOUR BALLOT PROMPTLY</u></b></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

<div align="center"><b>THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).</b>

<b>THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.</b></div>

---

[4]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## **Exhibit 3E**

**Form of Ballot for Holders of
BlockFi Inc. Interest Account Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 3-E BLOCKFI INC. INTEREST ACCOUNT CLAIMS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.

<div>

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:**

Unique E-Ballot ID#: _____

The online balloting portal is the sole manner in which Ballots will be accepted. Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

</div>

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Inc. Interest Account Claim as of **[June 12], 2023** (the "Voting Record Date").  **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Inc. Interest Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1.    **Amount of Class 3-e BlockFi Inc. Interest Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-e BlockFi Inc. Interest Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims:  $_____ |
| --- |

**Item 2.**   **Recovery.**

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed BlockFi Inc. Interest Account Claim will receive in full and final satisfaction of such Allowed BlockFi Inc. Interest Account Claim:

(i)   its Pro Rata share of:

      A.   the Cash Allocation for Holders of Claims at BlockFi Inc.; or

      B.   the Digital Assets Allocation for Holders of Claims at BlockFi Inc.; and

(ii)   its Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. Interest Account Claim;

provided that Holders of BlockFi Inc. Interest Account Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Inc. Interest Account Claims shall be *pari passu* with Holders of Claims in Class 4-c (BlockFi Inc. General Unsecured Claims).

**Item 3.**   **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

*[Remainder of page intentionally left blank; continued next page.]*

3

<u>Item 4</u>.    **Important information regarding the Third-Party Release.**[2]

**AS A "<u>RELEASING PARTY</u>" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF**

---

[2]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

\*       \*       \*

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

**<u>Item 5</u>.   Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of a Class 3-e BlockFi Inc. Interest Account Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3-e BlockFi Inc. Interest Account Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3-e BlockFi Inc. Interest Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-e BlockFi Inc. Interest Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Inc. Interest Account Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Inc. Interest Account Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-e, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-e for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. SIGN AND DATE your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

## PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

<u>**Exhibit 3F**</u>

**Form of Ballot for Holders of
BlockFi Lending LLC General Unsecured Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 4-A BLOCKFI LENDING LLC GENERAL UNSECURED CLAIMS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your
Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your
customized Ballot:**

  Unique E-Ballot ID#:  _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic
means (other than the online portal).

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC General Unsecured Claim as of **June 12], 2023** (the "Voting Record Date").  **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1.    **Amount of Class 4-a BlockFi Lending LLC General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-a BlockFi Lending LLC General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi Lending LLC General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Lending LLC General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi Lending LLC and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi Lending LLC General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 3-b (BlockFi Lending LLC Loan Collateral Claims).  For the avoidance of doubt, Holders of Claims in Class 3-b shall be treated *pari passu* with Holders of Allowed BlockFi Lending LLC General Unsecured Claims in this Class 4-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-b Claim.

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

☐  **ACCEPT** (vote FOR) the Plan        ☐  **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.  Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date.  The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

<u>Item 4</u>.    **Important information regarding the Third-Party Release.**[3]

**AS A "<u>RELEASING PARTY</u>" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF**

---

[3]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

<p align="center">*      *      *</p>

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN. IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

<u>Item 5</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of a Class 4-a BlockFi Lending LLC General Unsecured Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 4-a BlockFi Lending LLC General Unsecured Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 4-a BlockFi Lending LLC General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-a BlockFi Lending LLC General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____
                        (Print or Type)

Signature: _____

Name of Signatory: _____
                        (If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC General Unsecured Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Lending LLC General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 4-a, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-a for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

| |
|---|
| **THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**<br><br>**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.** |

---

[4]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## **Exhibit 3G**

**Form of Ballot for Holders of**
**BlockFi International Ltd. General Unsecured Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-B BLOCKFI INTERNATIONAL LTD. GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.**

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your
Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your
customized Ballot:**

**Unique E-Ballot ID#:** _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic
means (other than the online portal).

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. General Unsecured Claim as of **[June 12], 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1.    **Amount of Class 4-b BlockFi International Ltd. General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-b BlockFi International Ltd. General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi International Ltd. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi International Ltd. General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi International Ltd. and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi International Ltd. General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 3-d (BlockFi International Ltd. Loan Collateral Claims). For the avoidance of doubt, Holders of Claims in Class 3-d shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. General Unsecured Claims in this Class 4-b to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-d Claim.

**Item 3.    Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check one):

☐ **ACCEPT** (vote FOR) the Plan          ☐ **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

*[Remainder of page intentionally left blank; continued next page.]*

---

[2] "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date. Under the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, as applicable, will receive on account of any remaining Claims after set off of the Loan Account Obligations (i) a Pro Rata share of either (a) the Digital Assets Allocation or (b) the Cash Allocation for Holders of Claims at BlockFi International Ltd. or BlockFi Lending LLC, as applicable, in any event, in an amount (calculated in United States dollars as of the Distribution Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (ii) a Pro Rata share of any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims; *provided* that the Holders of such Claims shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period after the Effective Date. The remaining amount of such Holder's Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims (each calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table), after such set off or recoupment is accounted for (if any) and any further Distribution made to Holders of such Claims, shall be *pari passu* with Account Holder Claims and General Unsecured Claims at BlockFi Lending LLC or BlockFi International Ltd., as applicable.

<u>Item 4</u>.    **Important information regarding the Third-Party Release.**[3]

**AS A "<u>RELEASING PARTY</u>" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

<u>**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**</u>

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED**

---

[3]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

\*        \*        \*

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.

5

**OPTIONAL RELEASE ELECTION. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐ **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

<u>**Item 5**</u>. **Certifications.**

By signing this Ballot the undersigned certifies that:

1. the undersigned is (a) the Holder of a Class 4-b BlockFi International Ltd. General Unsecured Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3. the undersigned has cast the same vote with respect to all of its Class 4-b BlockFi International Ltd. General Unsecured Claims in connection with the Plan; and

4. (a) no other Ballot with respect to the same Class 4-b BlockFi International Ltd. General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-b BlockFi International Ltd. General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

6

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. General Unsecured Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal**.   To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot.   You will need to enter your unique Ballot identification number indicated above.   The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi International Ltd. General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 4-b, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-b for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[4]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[4]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## **Exhibit 3H**

**Form of Ballot for Holders of
BlockFi Inc. General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-C BLOCKFI INC. GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT**
***PROMPTLY* BY THE METHOD BELOW.**

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:   You will need the following information to retrieve and submit your customized Ballot:**

   **Unique E-Ballot ID#:** _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy*

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Code* (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are the Holder (as defined below) of a BlockFi Inc. General Unsecured Claim as of **[June 12], 2023** (the "<u>Voting Record Date</u>"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Inc. General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "<u>Claims, Noticing, and Solicitation Agent</u>"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.    **Amount of Class 4-c BlockFi Inc. General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-c BlockFi Inc. General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims: $_____

<u>Item 2</u>.    **Recovery.**

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed BlockFi Inc. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Inc. General Unsecured Claim, its Pro Rata share of (i) the Cash

Allocation for Holders of Claims at BlockFi Inc. and (ii) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi Inc. General Unsecured Claims shall be *pari passu* with Holders of Claims in Class 3-e (BlockFi Inc. Interest Account Claims).

<u>Item 3</u>.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

<table>
<tr><td>☐  <b><u>ACCEPT</u></b> (vote FOR) the Plan</td><td>☐  <b><u>REJECT</u></b> (vote AGAINST) the Plan</td></tr>
</table>

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

[*Remainder of page intentionally left blank; continued next page.*]

<u>Item 4</u>.    **Important information regarding the Third-Party Release.**[2]

**AS A "<u>RELEASING PARTY</u>" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

**<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF**

---

[2]    Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

**THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI OF THE PLAN</u>, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.**

*      *      *

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**IF YOU DO <u>NOT</u> OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.**

**YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.**

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW:**

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

<u>**Item 5**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of a Class 4-c BlockFi Inc. General Unsecured Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 4-c BlockFi Inc. General Unsecured Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 4-c BlockFi Inc. General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-c BlockFi Inc. General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

## **INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of certain Holders of BlockFi Inc. General Unsecured Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **<u>Use of Online Ballot Portal</u>**. To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Inc. General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 4-c, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-c for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. SIGN AND DATE your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## <u>Exhibit 3I</u>

**Form of Ballot for Holders of**
**BlockFi Services, Inc. General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**FIRST AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-D BLOCKFI SERVICES, INC. GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS**
**CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
**MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE**
***ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT**
**BY [JULY 28], 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT**
***PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your
Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your**
**customized Ballot:**

    **Unique E-Ballot ID#:** _____

The online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic
means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *First*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 4-d (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Services, Inc. General Unsecured Claim as of **June 12], 2023** (the "Voting Record Date").  **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Services, Inc. General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; (ii) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (iii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iv) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**Item 1.    Amount of Class 4-d BlockFi Services, Inc. General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-d BlockFi Services, Inc. General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, each Holder of an Allowed BlockFi Services, Inc. General Unsecured Claim will receive in full and final satisfaction of such Allowed BlockFi Services, Inc. General Unsecured Claim, its Pro Rata share of (i) the Cash Allocation for Holders of Claims at BlockFi Services, Inc. and (ii) any Additional Bankruptcy

Distributions in Cash for Holders of Claims at BlockFi Services, Inc. until payment in full of such Allowed BlockFi Services, Inc. General Unsecured Claim.

**Item 3.**    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

*[Remainder of page intentionally left blank; continued next page.]*

<u>Item 4</u>.   **Important information regarding the Third-Party Release.**[2]

**AS A "<u>RELEASING PARTY</u>" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN SET FORTH BELOW, UNLESS YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE BY CHECKING THE BOX BELOW AND SUBMITTING THIS BALLOT BY THE VOTING DEADLINE.**

**<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF**

---

[2]   Under the Plan, ["*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Releasing Parties; (d) the Bermuda Provisional Liquidators, and (e) each Related Party of each Entity in clauses (a) through (d); *provided* that any of (i) FTX, (ii) 3AC, (iii) Alameda, (iv) Emergent, (v) Marex, and (vi) any Holder of a Claim against or Interest in the Debtors that is not a Releasing Party shall not be a "Released Party."]

Under the Plan, ["*Releasing Parties*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (h) each Related Party of each Entity in clauses (a) through (g).]

THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, NO ENTITY THAT EITHER VOTES IN FAVOR OF THE PLAN OR DOES NOT OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS.  FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT DID NOT VOTE IN FAVOR OF THE PLAN AND OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

\*      \*      \*

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

IF YOU DO NOT OPT-OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU.

YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.

OPTIONAL RELEASE ELECTION.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

**<u>Item 5</u>.    Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of a Class 4-d BlockFi Services, Inc. General Unsecured Claim being voted, or (b) the authorized signatory for an entity that is a Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 4-d BlockFi Services, Inc. General Unsecured Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 4-d BlockFi Services, Inc. General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-d BlockFi Services, Inc. General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

*[Remainder of page intentionally left blank; continued to next page.]*

6

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Services, Inc. General Unsecured Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **Use of Online Ballot Portal**. To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7.  To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)**.

8.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

10. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11. You must vote all of your BlockFi Services, Inc. General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 4-d, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-d for the purpose of counting votes.

12. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT (888) 773-0375 (TOLL FREE) OR (646) 440-4371 (INTERNATIONAL) OR EMAIL BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

| |
|---|
| **THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).** <br><br> **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.** |

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4**

**Cover Letter**

**Voting in favor of the Plan is the fastest way for Holders of Claims to receive the highest recovery.**

Through the Plan, the Debtors are one step closer to returning Digital Assets and Cash to Clients. The Plan maximizes recovery for Clients and provides for the quickest possible Distributions to Clients, while allowing the Debtors to Wind Down in an orderly fashion. The Plan also preserves and puts the Debtors in the best place to successfully prosecute (and defend) viable litigation claims against Emergent, Marex, Alameda, FTX, 3AC, and Core Scientific which, if successful, could lead to meaningfully higher recoveries for Clients. While preserving these viable Causes of Action, the Plan avoids years spent in litigation—and Client money—pursuing other potential causes of action that would make success on the meaningful litigation described above less likely and are unlikely to be successful in their own right while resulting in substantially increased professional fees and decreased recoveries for Clients.

The Debtors have remained steadfast throughout these Chapter 11 Cases in their goal to return Digital Assets to Clients as quickly as possible. It remains unclear if the Committee shares this goal. The Committee objected to two early, extremely straightforward motions intended to ensure that the Debtor would retain and engage the people necessary to return Digital Assets to Clients as quickly as possible. The Committee then objected to the Wallet Withdrawal Motion, indicating that it would like to preserve potential clawback claims against Clients that transferred assets from BIAs or BPCs to Wallet and/or off of the BlockFi Platform in the 90 days prior to the Petition Date. The Committee then objected to the Debtors' motion to extend exclusivity, suggesting that it wanted to file its own plan that would have required years of litigation before any assets could be returned to Clients and could not have resulted in safe and secure in-kind Distributions to Clients. Pursuit of preference claims against 4,152 Clients, which the Committee has expressed a desire to do, would result in a substantial holdback of Client assets, which would be used to pay legal professionals to pursue clawback of funds that are currently in Clients' possession into BIAs and BPCs with uncertain probability of returns.

**If you vote in favor of the Debtors' Plan, you will receive a release from the Debtors. This release includes a release of any clawback claims the Debtors could bring against you for transfers from BIAs or BPCs to Wallet and/or off the BlockFi Platform prior to the Platform Pause. The releases to be implemented pursuant to the Plan preserve value by enabling the Debtors to emerge swiftly from chapter 11 while giving finality to all stakeholders.**

If you do not vote in favor of the Plan, the Committee will likely seek to propose their own competing plan that will preserve clawback claims against Clients, resulting in significantly reduced recoveries to Clients and materially extending the timeline for Clients to receive Distributions. The Committee's chapter 11 plan would likely seek to authorize the Wind-Down Debtors to claw back certain amounts that Clients properly transferred from BIAs or BPCs to Wallet and/or withdrew from Client Wallet Accounts before the Platform Pause. Under the Committee's chapter 11 plan, if you are the target of a preference claim, you will have to come out of pocket for personal legal counsel to defend any clawback claims brought against you. There will likely be no Distributions to Clients until these clawback claims are litigated and resolved which could take years. The Committee's strategy will not only result in significant professional fees but it is also unlikely to be successful given the valid defenses that Clients have to potential preference claims. In the end, only professionals will benefit from such litigation.

The Committee may also seek to pursue potential claims that it believes exist against insiders of the Debtors. This litigation strategy would be extremely expensive to pursue (draining Estate assets that should go to Clients), would take a material amount of time, and is unlikely to be successful based on the results of the Special Committee Investigation (as discussed in greater detail in Articles V.K and X.Q of the Disclosure Statement). It would also alienate the remaining employees, effectively foreclosing the possibility of any in-kind Distributions to Clients, jeopardizing the safety of the Debtors' Digital Assets, and reducing the likelihood of success in the Litigation. The Debtors do not believe that any employee would voluntarily cooperate with the estate, in the Litigation, the return of assets in kind to Clients, or both, if they were being targeted with specious litigation claims.

A vote in favor of the Plan will help usher these Chapter 11 Cases to conclusion. Your affirmative vote will preserve remaining value, the Debtors will release all claims and causes of action they may have against you, including any potential clawback claims, and you will receive Digital Assets and Cash on the fastest timeline. The Wind-Down Debtors will then focus all of their efforts on pursuing real claims and causes of action in the Litigation against Emergent, Marex, Alameda, FTX, 3AC, and Core Scientific to maximize recoveries for their Clients, and defending against claims asserted by Alameda, FTX, and 3AC (which threaten to massively dilute Clients). Only success on

*those* causes of action—claims against Alameda, FTX, Emergent, Marex, 3AC, and Core Scientific, and claims against the Debtors by Alameda, FTX, and 3AC—will have a material impact on Client recoveries, and it makes no sense for the Debtors to take action that would compromise the estates' ability to succeed on those claims.

## **Exhibit 5**

**Instruction Letter**

**INSTRUCTIONS TO ELECTRONICALLY ACCESS THE
SOLICITATION MATERIALS AND A BALLOT FREE-OF-CHARGE**

[●], 2023

Dear Holders of Claims entitled to vote on the Plan,

On [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[1] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

Because you are a Holder of a Claim in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and/or 4-d (each, a "Voting Class" and collectively, the "Voting Classes") you are entitled to vote on the Plan. The rights and treatment for each Voting Class is described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package"). The Solicitation Package includes the following materials, as applicable:

1.  a Ballot with a unique E-Ballot ID, and detailed voting instructions and instructions on how to submit the Ballot;

2.  the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

3.  a copy of procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to Confirmation of the Plan (the "Solicitation and Voting Procedures");

4.  the Disclosure Statement (and exhibits thereto, including the Plan);

5.  the Disclosure Statement Order;

6.  the notice of the Confirmation Hearing (the "Confirmation Hearing Notice"); and

7.  any additional documents that the Court has ordered to be made available.

**To view and download the Solicitation Package materials**, other than your customized-Ballot, free-of-charge, please follow the steps below:[2]

1.  Follow the link below to access the Debtors' Chapter 11 Cases website: https://restructuring.ra.kroll.com/blockfi/.

2.  Select "Solicitation Materials" under the "Quick Links" tab on the left side of the page.

---

[1]  Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

3.       Select one or all of the aforementioned documents to access them electronically free of charge.

**To submit an electronic version of your customized Ballot**, please select "Submit E-Ballot" under the "Case Navigation" tab on the left side of the page of the Debtors' Chapter 11 website.  Click the link within the "Submit a Ballot Electronically" section of the subsequent page and enter your name, email address, and unique Ballot identification number to submit your Ballot.  The unique E-Ballot identification number can be located in the original email you received containing links to the solicitation materials.

**Please note that the online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).**

If you desire paper copies of the Solicitation Package, you may obtain them from Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by:  (i) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232; (ii) calling (888) 773-0375 (Toll Free) or (646) 440-4371 (International); or (iii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN
ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.
THE VOTING DEADLINE IS [JULY 28], 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

## **Exhibit 6**

**Confirmation Hearing Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

<div align="center">

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11**
**PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

</div>

  **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing BlockFi Inc., and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or such other time that the Bankruptcy Court determines, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at Courtroom #8, 402 East State Street, Trenton, New Jersey 08608.

---

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **[June 12], 2023** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing, and solicitation agent Kroll Restructuring Administration LLC, (the "Claims, Noticing, and Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote.**

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Objection Deadline**.  The deadline for filing objections to the Plan is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  All objections to the relief sought at the Confirmation Hearing **must**:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| Debtors | |
|---|---|
| **BlockFi, Inc.**<br>201 Montgomery Street, Suite 263<br>Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike; Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

| *Counsel for the Committee* |
| :---: |
| **Brown Rudnick LLP** |
| 7 Times Square |
| New York, NY 10036 |
| Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |

| *United States Trustee* |
| :---: |
| **Office of the United States Trustee** |
| **United States Trustee, Regions 3 & 9** |
| One Newark Center, Suite 2100 |
| Newark, NJ 07102 |
| Attention:  Jeffrey M. Sponder; Lauren Bielskie |

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN ONLY IF YOU (A) DO NOT VOTE TO ACCEPT THE PLAN AND (B) RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, OR (B) (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (III) VOTE TO REJECT THE PLAN AND, IN EACH CASE OF (B)(I)-(III), FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.B OF THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format), please feel free to contact the Debtors' Claims, Noticing, and Solicitation Agent, by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **[July 21], 2023** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN**

IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.

Dated: [_____], 2023

<div style="text-align:right">

/s/ DRAFT
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

</div>

**<u>Exhibit 7</u>**

**Plan Supplement Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<div style="text-align:center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

<div style="text-align:center">

**NOTICE OF FILING OF PLAN SUPPLEMENT**

</div>

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on [●], 2023 [Docket No. [●]].  The Plan Supplement contains the following documents each as defined in the Plan:  (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the Restructuring Transactions Memorandum; (d) the Digital Assets Conversion Table; (e) the identification of the Wind-Down Trustee; (f) the Wind-Down Trustee Agreement; (g) the Wind-Down Budget; (h) the identification of the member(s) of the Wind-Down Debtors' Oversight Committee; and (i) any additional documents necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| Debtors | |
|---|---|
| **BlockFi, Inc.**<br>201 Montgomery Street, Suite 263<br>Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

---

Dated: [_____], 2023

*/s/ DRAFT*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## **Exhibit 8**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

    **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT,** on [●], 2023, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Assumed Contract Schedule") with the Bankruptcy Court as part of the *Plan Supplement for the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, as contemplated under the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **[August 17], 2023 at [●] a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Contract Schedule. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Contract Schedule.

**PLEASE TAKE FURTHER NOTICE THAT**, on the Effective Date, the Wind-Down Debtors will assume the contracts (the "Assumed Contracts") listed on the Assumed Contract Schedule, attached hereto as **Schedule A**, one of more of which you are a counterparty. The Assumed Contract Schedule can also be viewed on the Debtors' case website (https://restructuring.ra.kroll.com/blockfi/).

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Schedule A**. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed with the Bankruptcy Court on or before thirty days after the Effective Date. Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' first scheduled omnibus hearing for which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure amounts, your objection (a "Cure Objection") must: (i) be in writing; (ii) state with particularity the basis of the objection and, if the objection pertains to the proposed Cure amounts, state the correct Cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **[July 28], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"):

2

| *Debtors* | |
|---|---|
| **BlockFi, Inc.**<br>201 Montgomery Street, Suite 263<br>Jersey City, NJ 07302 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie | |

**PLEASE TAKE FURTHER NOTICE** that if no objection is filed by the Cure Objection Deadline, then: **(i) you will be deemed to have stipulated that the Cure amounts as determined by the Debtors are correct; (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract; and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption**.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing shall be heard at the Confirmation Hearing or a later date to be fixed by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that nothing herein:  (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (888) 773-0375 (Toll Free) or (646) 440-4371 (International), (b) emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at BlockFi Inquiries, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.

---

*[Remainder of page intentionally left blank]*

Dated: [_____], 2023

/s/ *DRAFT*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## Schedule A

**Assumed Contract Schedule**