**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
|  | **HEARING DATE AND TIME:** **June 20, 2023, at 11:30 a.m. (EST)** |
|  | **ORAL ARGUMENT WAIVED UNLESS** **OBJECTIONS TIMELY FILED** |

**NOTICE OF HEARING ON DEBTORS' SECOND MOTION**
**FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Second Exclusivity Motion") will be held on **June 20, 2023 at 11:30 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Second Exclusivity Motion sets forth the relevant factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Second Exclusivity Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Second Exclusivity Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received on or before **June 13, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Second Exclusivity Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Second Exclusivity Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: May 15, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<br>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' SECOND MOTION FOR ENTRY**
**OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state the following in support of this motion (the "<u>Motion</u>"):

## **<u>Preliminary Statement</u>**

1.       The Debtors have continued to make substantial progress in these chapter 11 cases

since their first request for an extension of exclusivity was granted less than a month ago.  Since

then, the Debtors have filed a chapter 11 plan (the "<u>Plan</u>")[2] and related disclosure statement

(the "<u>Disclosure Statement</u>")[3] which will maximize value and deliver the best possible outcome

for their clients and other stakeholders.  The Debtors are seeking a modest extension of exclusivity

to have the opportunity to generate consensus surrounding, and confirm, their Plan.  The requested

extension will allow the Debtors the opportunity to solicit votes on the Plan, while minimizing any

distraction and confusion that competing plans would create and eliminating unnecessary

administrative expenses that would be incurred in a dual-plan process.

2.       The Debtors certainly meet the legal standard for this Court to extend exclusivity

to give the Debtors an opportunity to solicit and confirm the Plan on file.  At its prior hearing, this

Court recognized that these Chapter 11 Cases are clearly large and complex.[4]  And as evidenced

by the documents now on file, there is no question that these Chapter 11 Cases have progressed

---

[2]   *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 875] (as amended and supplemented from time to time, the "<u>Plan</u>").

[3]   *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 874] (as amended and supplemented from time to time, the "<u>Disclosure Statement</u>").

[4]   *See* Tr. of Hr'g Held Apr. 19, 2023 at 26:20–27:7, *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) [Docket No. 756].

meaningfully toward conclusion since entry of the First Exclusivity Order.[5]  Beyond that, in the time since the first extension, the Debtors have spent significant time and resources:

- answering various discovery and diligence requests in connection with the Wallet Withdrawal Motion, including defending the deposition of the Debtors' CFO;

- drafting and filing their omnibus reply and related documents in support of the Wallet Withdrawal Motion [Docket Nos. 804, 805, 822];

- negotiating stipulated facts with the ad hoc committee of wallet holders in connection with the Wallet Withdrawal Motion [Docket No. 842];

- preparing for and prevailing in a contested hearing on the Wallet Withdrawal Motion, which ultimately allowed the Debtors to propose the Plan;

- running a comprehensive sale process, which to date has confirmed that the proposed path described in the Plan and Disclosure Statement is the best way to return maximum value to clients;

- negotiating with the Department of Justice regarding seizure warrants issued in federal proceedings involving BlockFi clients outside of the Bankruptcy Court;

- preparing and filing a complaint against PrimeBlock Operations LLC ("PrimeBlock") seeking to enforce the terms of a master digital currency agreement between Debtor BlockFi Lending LLC and PrimeBlock;[6]

- filing an application in lieu of motion in support of entry of an order appointing a fee examiner [Docket No. 854];

- amending their Schedules and Statements and filing the same on May 10, 2023 [Docket Nos. 856–860];

- analyzing, preparing, and filing the *Notice of Rejection of Executory Contracts and Leases* on May 11, 2023 [Docket No. 867] pursuant to which the Debtors propose to reject more than 70 executory contracts; and

- developing and drafting their Plan, Disclosure Statement, and related documents and filing the same on May 12, 2023 [Docket Nos. 873, 874, 875, 876].

---

5   Tr. of Hr'g Held Apr. 19, 2023 at 22:24–23, *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) [Docket No. 756] ("I can look at the docket and get 80 percent of the content of the declaration just by looking at the docket because it shows the activity of the Debtor and of, and the Committee in this case.").

6   *Complaint Against PrimeBlock Operations LLC*, *BlockFi Lending LLC v. PrimeBlock Operations LLC*, Adv. No. 23-01116 (Bankr. D.N.J. May 1, 2023) [Adv. Proc. Docket No. 1].

3.     Each of these achievements *in addition* to the tasks completed in advance of the prior exclusivity hearing[7] demonstrate the Debtors' efforts to maximize the value of their estates and materially progress these proceedings in a comprehensive and efficient manner.  With these accomplishments now complete, the Debtors are seeking approval of their Disclosure Statement on June 20, 2023, and intend to commence solicitation of their Plan shortly thereafter so that they will be in a position to confirm and implement their Plan following a confirmation hearing that the Debtors propose starting on August 17, 2023.

4.     The Debtors believe that not only is an extension of their exclusive right to propose a plan prudent, but failure to do so would have irreparable consequences.  ***First***, permitting any other party in interest to propose a competing plan would serve only to introduce delay and additional expense at this crucial stage of these Chapter 11 Cases.  All stakeholders will benefit from the stability that a centralized plan negotiation process provides, which can only occur if the Debtors remain the sole plan proponents.  Further, allowing parties to expend time, money, and effort drafting and filing competing plans now would effectively foreclose any possibility of reaching consensus with that constituency, as competitor(s) would lose any incentive to continue discussions with the Debtors about a workable Plan structure.

5.     ***Second***, the Debtors, and only the Debtors, are in a position to resolve the gating regulatory and international issues that must necessarily be addressed before their Plan—or any

---

[7]    Among other things, the Debtors have: obtained entry of each of the First Day Orders [Docket Nos. 42–45, 48–56]; filed an initial *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 22]; obtained Court approval of the Debtors' employee retention programs [Docket No. 423]; negotiated the consensual resolution of, and obtained Court authority for, bidding procedures and a timeline for interested parties to submit bids for an acquisition of the Debtors' assets [Docket No. 441]; conducted an auction for and obtained approval of the sale of the Debtors' self-mining assets resulting in $4.675 million in value to the Debtors' clients [Docket No. 669]; filed the Wallet Withdrawal Motion [Docket No. 121]; obtained Court approval to establish procedures and deadlines for filing Proofs of Claim [Docket No. 440]; and commenced an adversary proceeding to stay two putative class action litigations that were filed against certain of the Debtors' directors, officers, and former employees [Docket No. 608].

chapter 11 plan—can become effective and distributions thereunder can be made to the Debtors'

clients.  The Debtors have spent many months in discussions with various regulatory authorities

and have worked in conjunction with the Joint Provisional Liquidators in the concurrent

proceeding for BlockFi International Ltd. in connection with the development of their Plan and

the regulatory steps required to consummate the Plan, including preserving the possibility of

making distributions in coin to clients.  No other party in interest could resolve these complex

issues, and any other party would likely only be able to make discounted and delayed distributions

in cash.

6.      ***Third***, the Debtors need to retain control of the Plan process in order to maximize

client recoveries through successful prosecution, and defense, in multiple legal proceedings.  The

high-end recoveries contemplated by the Disclosure Statement presuppose that there is some

success in litigation against FTX, Alameda, Marex, and 3AC, each of which will require the

cooperation of the Debtors to maximize the chance of success in those proceedings.  The proposal

of competing, alternative plans would put the Debtors into an adversarial posture within their own

Chapter 11 Cases, and the associated discovery and litigation surrounding these competing plans

would alienate and divide the very people needed to defend the Company and work to maximize

recoveries in those proceedings.  No value-maximizing, objective estate fiduciary would put the

estates' potential recoveries in the FTX, Alameda, Marex, and 3AC disputes—the ones that will

ultimately make a substantive difference to creditors' recoveries—at risk to pursue other

objectives.

7.      Additionally, litigation with Emergent and Marex has already begun in an

adversary proceeding initiated in these Chapter 11 Cases.  Specifically, since the Court first

extended exclusivity, this Court entered an order approving a stipulation between the Debtors and

Emergent with regard to certain litigation regarding the Robinhood Shares that stayed the adversary proceeding as to Emergent,[8] and the Debtors and Marex negotiated—and the Court approved—a second stipulation staying the adversary proceeding in these Chapter 11 Cases as to Marex.[9]  Both of these stipulations were the result of *the Debtors'* efforts in negotiations with the various litigation counterparties, and the stipulations embody an accord by which *the Debtors* may continue litigation at an appropriate later date.

8.      Accordingly, given the facts and circumstances of these chapter 11 cases and the standards set forth by applicable law, the Debtors have met the legal standard for the extension of the Exclusivity Periods requested herein.

## **Relief Requested**

9.      The Debtors seek entry of orders, substantially in the form attached hereto as **Exhibit A** (the "Order") and **Exhibit B** (the "Bridge Order"):  (a) further extending (i) the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") for 100 days through and including August 23, 2023, and (ii) the deadline under which the Debtors have the exclusive right to solicit a plan of reorganization filed during the Filing Exclusivity Period (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period, collectively, the "Exclusivity Periods") by 50 days through and including September 30,

---

[8]    *Order Approving the Stipulation Staying Litigation and Related Discovery entered between BlockFi and Emergent, Concerning the Robinhood Assets* [Docket No. 760].

[9]    *Application in Lieu of Motion in Support of Entry of an Order Approving Stipulation Staying Litigation and Related Discovery, BlockFi Inc., et al. v. Emergent Fidelity Techs. Ltd and ED&F Man Cap. Mkts., Inc.*, Adv. No. 22-01382 [Adv. Proc. Docket No. 65]; *Order Approving Stipulation Staying Litigation and Related Discovery* [Adv. Proc. Docket No. 67].  The parties stipulated to a stay of litigation involving certain Robinhood Shares posted as collateral for loans made by BlockFi to Alameda which loans were guaranteed by Emergent.  The Debtors described this litigation in greater detail in Article X.J of the Disclosure Statement.  Disclosure Statement at 77.  On January 4, 2023, the U.S. Department of Justice informed the Debtors that it had seized the Robinhood Shares in connection with criminal proceedings involving Sam Bankman-Fried.  Disclosure Statement, Article X.P at 81.

2023, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods;

and (b) granting related relief.

## Jurisdiction and Venue

10.     The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

11.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12.     The bases for the relief requested herein are section 1121 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>"), rule 9006 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and rule 9013 of the Local Rules of the United States Bankruptcy Court

for the District of New Jersey (the "<u>Local Rules</u>").

## Background

13.     On November 28, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the First Day Declaration and incorporated by reference herein.

14.     The Debtors are operating their businesses and managing their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 29,

2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint

administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

### Basis for Relief

15.    A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan.  "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated."  *In re Burns and Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotations omitted) (quoting H.R. Rep. No. 103–835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344).  In these Chapter 11 Cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on May 15, 2023, and August 11, 2023, respectively, absent further order of the Court.  The Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of confirming a value-maximizing chapter 11 plan.

16.    Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.  Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement."

H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of N.H.*, 88

B.R. 521, 534 (Bankr. D.N.H. 1988) ("[Section] 1121(d) provides a 'for cause' standard in

determining exclusivity extension requests.  As might be inferred from such a general standard,

the legislative intent has been construed to leave the question to the reorganization court in the

exercise of its discretion and to promote maximum flexibility . . . .").  Simply put, a debtor should

be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare

adequate financial and nonfinancial information concerning the ramifications of any proposed plan

for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

17.     Courts within the Third Circuit and in other jurisdictions have held that the decision

to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should

be based on the totality of circumstances in each case.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw.*

*Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208

B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr.

E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

In particular, courts examine a number of factors to determine whether a debtor has had an

adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there

is "cause" for extension of the Exclusivity Periods.  *See In re Cent. Jersey Airport Servs., LLC*,

282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*,

208 B.R. at 664–65 (identifying the below factors and noting that courts generally rely on the same

factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884,

888 (Bankr. D. Ga. 2005) (same).  These factors include the following:

(a)     the size and complexity of the case;

(b)     the existence of good faith progress toward reorganization;

     (c)     the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

     (d)     whether the debtor is paying its debts as they become due;

     (e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

     (f)     whether the debtor has made progress negotiating with creditors;

     (g)     the amount of time which has elapsed in the case;

     (h)     whether the debtor is seeking an extension to pressure creditors; and

     (i)     whether an unresolved contingency exists.

18.     Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity).  For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan.  H.R. No. 95-595, at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.").  *See also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization

for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

19.     The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein.  Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex*.  As the Court noted at the hearing on April 19, 2023, these Chapter 11 Cases involve complex issues, including the unusual nature of cryptocurrency assets, issues of property of the estate, ownership issues of estate and non-estate property in connection with the Wallet Withdrawal Motion, regulatory issues, including with respect to the SEC and other regulatory authorities regarding distributions, intercompany issues, and international issues that span governmental bodies in two countries.[10]  *Any* distribution scheme for a cryptocurrency-related business who held cryptocurrency for clients would be complex, whether the ultimate distribution is in kind or in cash.

- *The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11*. The Debtors have used their time since entry of the First Exclusivity Order constructively and have filed their Plan and Disclosure Statement.  In addition, although the Debtors have now resolved certain issues surrounding the Wallet Withdrawal Motion, which clarified ownership issues of the assets held under the Wallet Program and solidified which creditors are subject to, and entitled to vote on, the Plan, other issues related to assets held under the Wallet Program are proposed to be resolved in the context of the Plan.

- *The Debtors Have Filed a Plan and Prepared Adequate Information to Allow a Creditor to Determine Whether to Accept the Plan*.  The Debtors filed their Plan and Disclosure Statement on May 12, 2023.  The Debtors will use their additional extension to seek approval of the Disclosure Statement and confirmation of the Plan on an expeditious timeline based on the notice periods and practicalities of serving voting parties.  The hearing on the Debtors' Disclosure Statement motion is set for June 20, 2023.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Continued exclusivity will permit the Debtors to solicit their Plan without competing plans that would derail the Debtors' process.  Being required to dual-track negotiations across multiple plans would give rise to uncertainty to the detriment of all stakeholders and could cause substantial delay in returning

---

[10]  *See* Tr. of Hr'g Held Apr. 19, 2023 at 26:20–27:7, *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) [Docket No. 756].

value to the Debtors' creditors.  Moreover, throughout these Chapter 11 Cases, the Debtors have had ongoing and transparent communications with their major creditor groups, the Committee, and the U.S. Trustee, and continue to meet their postpetition obligations in the ordinary course.  Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- *The Debtors Are Paying Their Bills as They Come Due*.  Since the Petition Date, the Debtors have paid their bills in the ordinary course of business or as otherwise provided by orders of the Court.  The Debtors continued to honor their financial obligations even when faced with unexpected obstacles, including historic, systemic bank failures and having to revamp their cash management system.

- *The Debtors Have Filed a Viable Plan*.  The Debtors filed their Plan on May 12, 2023 and maintain that the Plan is not only viable and confirmable, but is the only way to provide clients with in-kind recoveries and the only way to ensure that estate value is maximized.

- *These Cases Are Only Approximately Six Months Old*.  The Debtors' request for an extension of the Exclusivity Periods is only the Debtors' second such request and is filed less than six months after the Petition Date.  During this time, the Debtors have accomplished a great deal[11] and continue to work diligently toward a resolution of these Chapter 11 Cases.

- *An Extension Will Not Pressure Creditors*.  The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these Chapter 11 Cases.  The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date.

20.    An objective analysis of the relevant factors demonstrates that the Debtors are making meaningful progress in these Chapter 11 Cases.  Accordingly, the Debtors respectfully

---

[11]  As described above, even since the entry of the First Exclusivity Order the Debtors have, among other things: obtained an order granting the Debtors' first omnibus objection to claims [Docket No. 777]; prepared, negotiated, and filed numerous pleadings and other documents related to the Wallet Withdrawal Motion [Docket Nos. 804, 805, 822, and 842]; obtained an order granting in part the Debtors' motion for a limited waiver of section 345(b) of the Bankruptcy Code [Docket No. 810]; negotiated, prepared, and filed an application in lieu of motion in support of entry of an order appointing a fee examiner [Docket No. 854]; amended their Schedules and Statements and filed the same [Docket Nos. 856–60]; prepared and filed a notice of rejection of more than 70 executory contracts [Docket No. 867]; obtained a favorable ruling granting the relief sought in the Wallet Withdrawal Motion [Docket No. 871] (transcript of oral ruling); and developed, drafted, and filed their Disclosure Statement, Plan, a motion seeking approval of the Disclosure Statement, and related documents [Docket Nos. 873–876].

submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.  Similar

relief is regularly granted in large chapter 11 cases in this district. *See, e.g.*, *In re LTL Management

LLC*, No. 21-30589 (MBK) (Bankr. D.N.J. May 9, 2022) (granting a second order extending the

exclusivity periods for approximately four months); *In re Diocese of Camden, New Jersey*,

No. 20-21257 (JNP) (Bankr. D.N.J. May 12, 2021) (granting a second order extending the

exclusivity periods for an additional 90 days); *In re Dots, LLC*, No. 14-11016 (MBK) (Bankr.

D.N.J Sept. 16, 2014) (granting a second order extending the exclusivity periods for an additional

120 days); *In re Haas Environmental, Inc.*, No. 13-27297 (KCF) (Bankr. D.N.J. Apr. 2, 2014)

(granting a second order extending the exclusivity period for an additional 84 days); *In re Big M,

Inc.*, No. 13-10233 (MBK) (Bankr. D.N.J. Aug. 1, 2013) (granting a second order extending the

exclusivity periods for an additional 90 days).[12]

## **Waiver of Memorandum of Law**

21.    The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **No Prior Request**

22.    Other than with respect to the relief granted by the First Exclusivity Order, no prior

request for the relief sought in this Motion has been made to this or any other court.

## **Notice**

23.    The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable:  (a) the office of the U.S. Trustee for the District of New Jersey;

---

[12]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtors' counsel.

(b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  May 15, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
## SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
## OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered four (4) through five (5) is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the Debtors' Filing Exclusivity Period by 90 days through and including August 13, 2023, and the Debtors' Soliciting Exclusivity Period by 50 days through and including September 30, 2023, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, as set forth in the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a basis as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended by 100 days through and including August 23, 2023.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended by 50 days through and including September 30, 2023.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

8.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit B</u>**

**Proposed Bridge Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE
## PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
## THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through four (4) is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

**THIS MATTER** having been opened to the Court by Cole Schotz P.C., Kirkland & Ellis LLP and Kirkland & Ellis International LLP, and Haynes and Boone, LLP, attorneys for BlockFi, Inc., *et al.*, on behalf of the above-captioned chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), upon a motion for entry of an Order extending the exclusivity period within which the Debtors may file a chapter 11 plan pursuant to 28 U.S.C. § 1121 (the "Motion"); and the current exclusive period within which the Debtors may file a chapter 11 plan expires on May 15, 2023; and good cause appearing for the entry of this order (the "Bridge Order");

It is **ORDERED** as follows:

1.      The Motion be, and hereby is, **GRANTED** on a temporary basis pending final approval of the Motion by this Court.

2.      The exclusivity period set forth in 28 U.S.C. § 1121 is hereby extended pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure through and including the date by which the Court enters a final order with respect to the Motion.

3.      This Bridge Order is effective immediately upon entry.

4.      The Debtors' counsel shall serve a true copy of this Bridge Order on all interested parties within seven (7) days of the date hereof.

5.      All parties in interest reserve any and all of their rights with respect to the final determination on the Motion.  This Bridge Order is without prejudice to the Debtors' right to seek further extensions of the exclusive periods to file and solicit a chapter 11 plan.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bridge Order.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

7.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Bridge Order.