**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**APPLICATION IN LIEU OF MOTION FOR CONSENT ORDER
EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF
SECURITIES TO FILE A COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CERTAIN DEBTS
PURSUANT TO 11 U.S.C. § 1141(d)(6)**

TO:     HONORABLE MICHAEL B. KAPLAN
        Chief United States Bankruptcy Judge

The above-captioned debtors and debtors-in-possession (the "Debtors") in the above-

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

referenced Chapter 11 cases (these "Chapter 11 Cases"), by and through their undersigned counsel, hereby submit this application in lieu of motion (the "Application"), pursuant to sections 105(a), 523(c) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 9021-1(b), seeking the approval and entry of the proposed *Consent Order Extending Rule 4007(c) Deadline for New Jersey Bureau of Securities to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* (the "Proposed Consent Order"), a copy of which is attached hereto as **Exhibit 1**, and respectfully state as follows:

1. On November 28, 2022 (the "Petition Date"), each Debtor filed voluntary petitions for relief commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. The section 341 meeting of creditors was held on January 20, 2023. *See Amended Notice of Chapter 11 Bankruptcy Cases* [Docket No. 138].

3. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

4. Section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt— (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . ." 11 U.S.C. § 1141(d)(6). Section 523(a)(2)(A) pertains to certain debts to the extent obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(B) pertains to, among other things, debts to the extent obtained by "materially false" statements in writing respecting the debtor's financial condition. 11 U.S.C.

2

§ 523(a)(2)(B).

5. Section 523(c) of the Bankruptcy Code provides that:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).

6. Bankruptcy Rule 4007(c) provides further that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," but that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Since the section 341 meeting of creditors was held on January 20, 2023, pursuant to Bankruptcy Rule 4007(c), the deadline for parties-in-interest to file a complaint in these Chapter 11 Cases to determine the dischargeability of a debt under section 523(c) is March 21, 2023.

7. The Debtors submit that cause exists to extend the 60-day deadline set forth in Bankruptcy Rule 4007(c) (the "Rule 4007(c) Deadline") for the New Jersey Bureau of Securities ("NJBS"). The applicability of the Rule 4007(c) Deadline to the NJBS is uncertain and there is no controlling case law in this Circuit addressing the issue. *See In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 425–26 (S.D.N.Y. 2014) (concluding that section 1141(d)(6) is self-executing and that deadlines imposed under section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007 are inapplicable to a creditor seeking a dischargeability determination under section 1141(d)(6)). The NJBS has represented to the Debtors that its position is that section 523(c) of the Bankruptcy Code and the Rule 4007(c) Deadline do not apply to a determination of the nondischargeability of a debt

under Section 1141(d)(6).

8. Thus, out of an abundance of caution and given the ambiguity regarding the applicability of section 523 of the Bankruptcy Code and Bankruptcy Rule 4007 to the NJBS, the Debtors submit that cause exists to extend the Rule 4007(c) Deadline for the NJBS to July 21, 2023, as agreed by the Debtors and the NJBS, without prejudice to the NJBS' right to seek further extensions of such deadline. Addressing dischargeability complaints filed prior to the Rule 4007(c) Deadline simply out of an abundance of caution would waste estate resources and distract the Debtors from their efforts to reorganize and progress these Chapter 11 Cases. Accordingly, the extension requested herein will help the Debtors avoid unnecessary litigation or litigation with an undefined scope, thereby preserving estate value for the benefit of all creditors.

9. This Application is submitted pursuant to D.N.J. LBR 9021-1(b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Consent Order as presented. The Debtors submit that the Proposed Consent Order is in the best interests of the Debtors and their estates because it will prevent unnecessary or unfocused litigation and allow the Debtors to instead continue focusing on the administration of these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Consent Order and grant such other relief as the Court deems just and appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

                                      Respectfully Submitted,

Dated: May 15, 2023                        /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

# EXHIBIT 1

**Consent Order Extending Rule 4007(c) Deadline**

Case 22-19361-MBK    Doc 887    Filed 05/15/23    Entered 05/15/23 14:01:05    Desc Main
Document    Page 6 of 11

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>Judge: Michael B. Kaplan |

**CONSENT ORDER EXTENDING RULE 4007(c)
DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES
TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY
OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)**

The relief set forth on the following pages numbered two (2) through four (4) is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

| | |
|---|---|
| (Page 2) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

## RECITALS

**WHEREAS**, on November 28, 2022, the Debtors commenced these Chapter 11 Cases;

**WHEREAS**, on January 20, 2023, the Debtors held a meeting of creditors pursuant to section 341 of the Bankruptcy Code;

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . .";

**WHEREAS**, Bankruptcy Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," which is March 21, 2023;

**WHEREAS**, Bankruptcy Rule 4007(c) provides further that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. . . ."

**WHEREAS**, the New Jersey Bureau of Securities ("NJBS") takes the position that the Rule 4007(c) Deadline does not apply to a determination of the nondischargeability of a debt pursuant to Section 1141(d)(6) and there is no controlling case law in this Circuit addressing the issue; and

**WHEREAS**, out of an abundance of caution and without conceding the applicability of section 523(c) or Rule 4007(c) to the NJBS' right to seek a determination of the dischargeabilty of a debt pursuant to section 1141(d)(6), the undersigned parties previously agreed, and this Court

2

| | |
|---|---|
| (Page 3) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

entered an order to extend the Rule 4007(c) Deadline to May 22, 2023 for the NJBS, without prejudice to the NJBS' right to seek further extensions.[1]

**WHEREAS**, the undersigned parties have agreed to an additional extension of the Rule 4007(c) Deadline to July 21, 2023 for the NJBS, without prejudice to the NJBS' right to seek further extensions.

### STIPULATION AND ORDER

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED, BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL, IT IS HEREBY ORDERED THAT:**

1. To the extent section 523(c) or Bankruptcy Rule 4007 applies, the deadline by which the NJBS must file any complaints or take other action that may be required in these Chapter 11 Cases to determine the dischargeability of any debts arising from any civil actions by such domestic governmental unit against the Debtors pursuant to section 1141(d)(6) of the Bankruptcy Code shall be the latest of (a) July 21, 2023 or (b) such later date as may be ordered by the Court.

2. All rights to seek further extensions of the Rule 4007(c) Deadline are reserved.

3. Nothing in this Consent Order constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) apply, or that any deadline exists for a governmental unit to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Consent Order.

---

[1] *In re BlockFi, Inc.*, Case No. 22-19361(MBK), Doc. No. 670.

Case 22-19361-MBK    Doc 887    Filed 05/15/23    Entered 05/15/23 14:01:05    Desc Main
Document      Page 10 of 11

(Page 4)
Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361 (MBK)
Caption of Order: CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)

5. The signatories below have authority to enter into this Consent Order.

| | |
|---|---|
| */s/ Michael D. Sirota* | */s/ Jeffrey Bernstein* |
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**<br>Jeffrey Bernstein, Esq.<br>Gaston P. Loomis, Esq.<br>570 Broad Street<br>Newark, NJ 07102<br>(973)565-2183<br>jbernstein@mdmc-law.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorney for the New Jersey Bureau of Securities* |
| **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com | |
| *Attorneys for Debtors and Debtors in Possession* | |