UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET**
**FOR THE PERIOD NOVEMBER 28, 2022 THROUGH MARCH 31, 2023**

In re BlockFi, Inc., *et al.*,[1]                    Applicant: Cole Schotz P.C.

Case No. 22-19361 (MBK)                    Client: Debtors and Debtors in Possession

Chapter 11                    Cases Filed: November 28, 2022

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

_/s/ Michael D. Sirota_          05/15/2023
MICHAEL D. SIROTA          Date

| SECTION I |
| :---: |
| FEE SUMMARY |

First Interim Fee Application Covering the Period
November 28, 2022 through March 31, 2023:[2]

| | |
| :--- | ---: |
| FEE TOTALS | $498,264.25 |
| DISBURSEMENTS TOTALS | $5,752.85 |
| TOTAL FEE APPLICATION | $504,017.10 |

| | FEES | EXPENSES |
| :--- | ---: | ---: |
| TOTAL PREVIOUS FEES REQUESTED: | $498,264.25 | $5,752.85 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $100,000.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $87,403.30 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $349,613.20 | $4,754.65 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] As previewed in the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 135], this First Interim Fee Application includes $25,560.00 in fees for prepetition services rendered and $4.80 in prepetition costs incurred, which amounts were incurred in the days leading up to the chapter 11 filing and relate exclusively to the preparation of these chapter 11 cases.

> **SECTION II**
> **CASE HISTORY**

(1)    Date case filed:  November 28, 2022

(2)    Chapter under which case commenced:  Chapter 11

(3)    Date of retention:    January 25, 2023, *nunc pro tunc* to November 28, 2022. See **Exhibit A**.

      If limit on number of hours or other limitations to retention, set forth: n/a

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:  See narrative portion of fee application.

(5)    Anticipated distribution to creditors:

      (a)    Administration expense: Unknown at this time.

      (b)    Secured creditors: Unknown at this time.

      (c)    Priority creditors: Unknown at this time.

      (d)    General unsecured creditors: Unknown at this time.

(6)    Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim compensation application.  Final dividend percentages are unknown at this time.

65365/0001-45331635v1

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[3] | (Jointly Administered) |

**FIRST INTERIM APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331**

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Cole Schotz P.C. ("Cole Schotz"), as counsel for BlockFi, Inc. and its subsidiaries as debtors and debtors in possession (the "Debtors"), hereby submits this first interim application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated January 17, 2023 [Docket No. 307] (the "Interim Compensation Procedures Order"), for professional services rendered by Cole Schotz for the period commencing November 28, 2022 through and including March 31, 2023 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Cole Schotz respectfully represents as follows:

## **BACKGROUND**

1. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On

2

November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural

consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the

Bankruptcy Rules.  On December 21, 2022, the United States Trustee for the District of New

Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

## INFORMATION REQUIRED BY THE GUIDELINES

**A.**     The Scope of the Application

2.      Consistent with the Guidelines, Cole Schotz discloses the following concerning

the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
|---|---|
| Name of Client | Debtors in Possession |
| Petition Date | November 28, 2022 |
| Retention Date | Order signed January 25, 2023 [Docket No. 392] ("Retention Order"), effective November 28, 2022. |
| Date of Order Approving Employment | January 25, 2023; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | November 28, 2022 – July 31, 2020 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On January 17, 2023, this Court entered the Interim Compensation Procedures Order.  Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of |

3

| | expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
|---|---|
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $498,264.25[4] |
| Total Expenses Sought this Period | $5,752.85 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $722.91 |
| Blended rate in this application for all timekeepers | $640.52 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $349,613.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $4,754.65 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 0 |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $810,750.00 in fees during the Compensation Period and incurred $498,264.25 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes                    [X] No |
| | n/a |

---

[4] As previewed in the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 135] (the "Retention Application"), this First Interim Fee Application includes $25,560.00 in fees for prepetition services rendered and $4.80 in prepetition costs incurred, which amounts were incurred in the days leading up to the chapter 11 filing and relate exclusively to the preparation of these chapter 11 cases.

4

### B.    Summary of Time Keepers and Rate Increases

3.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; (viii) hourly rate contained in the first interim application; and (ix) the number of rate increases since the inception of the case.  No rate increases were implemented during the Compensation Period.

### C.    Customary and Comparable Compensation

4.    Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2022 calendar year as compared to the Compensation Period.  As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $640.52.

### D.    Statements from the Applicant

5.    Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |

| | |
|---|---|
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No. |
| Does the fee application includes any rate increases? | No. |

      **E.**     **Budget and Staffing Plan**

6.     Consistent with the Guidelines, Cole Schotz provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits D-1** and **D-2**.  As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| November 28, 2022 - December 31, 2022 | 450.00 | 297.10 | $317,250.00 | $188,810.00 |
| January 2023 | 280.00 | 288.10 | $197,400.00 | $196,994.50 |
| February 2023 | 215.00 | 87.00 | $151,575.00 | $51,212.00 |
| March 2023 | 205.00 | 105.70 | $144,525.00 | $61,247.75 |
| **Total** | **1,150.00** | **777.90** | **$810,750.00** | **$498,264.25** |

**SUMMARY OF PROFESSIONAL SERVICES**
**RENDERED AND EXPENSES INCURRED**

7.     Cole Schotz seeks allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $498,264.25.  In addition, Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $5,752.85.  During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 777.90 hours for which compensation is requested.  The fees charged by Cole Schotz in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

6

8.      The following summary highlights the major areas in which Cole Schotz rendered services during the Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Cole Schotz in this Application is attached as **Exhibit E-2**.  Detailed descriptions of services rendered are contained in Cole Schotz's monthly fee statements for the Compensation Period.

### A.      Business Operations

9.      This category includes time expended by Cole Schotz with respect to the Debtors' business operations.   During the Compensation Period, Cole Schotz engaged in ongoing discussions with the case professionals, including Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E"), Haynes and Boone, LLP ("H&B") and other interested parties, and analyzed and made recommendations to the Debtors with respect to a variety of matters, including the Debtors' wallet and scratch motions.  Moreover, in the wake of the recent banking crisis, Cole Schotz has been actively engaged in discussions with the Debtors, their advisors, and the U.S. Trustee regarding the Debtors' section 345 obligations.

### B.      Case Administration

10.      This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of these Chapter 11 Cases, including significant time expended by Cole Schotz at the outset of these cases strategizing and coordinating with the Debtors' employees and advisors regarding these Chapter 11 Cases and the customs, rules, and procedures of New Jersey Practice.  Cole Schotz has been responsible for interfacing with the U.S. Trustee as well as the Court.  The category also includes time attending various hearings, including the first day hearings and various status and chambers' conferences,

7

and strategizing regarding the drafting and filing of various administrative motions and applications critical to the smooth and efficient functioning of these Chapter 11 Cases. Cole Schotz's New Jersey expertise has been instrumental to the success of the Chapter 11 cases.

### C.    Employee Benefits/Pensions

11.    This category includes time expended by Cole Schotz advising the Debtors and their advisors regarding the Debtors' proposed Key Employee Retention Program, including preparing for and attending a contested hearing on that motion.

### D.    Reporting

12.    This time category includes time Cole Schotz spent preparing the Debtors' schedules of assets and liabilities and statements of financial affairs and monthly operating reports and responding to U.S. Trustee inquiries regarding same.

### E.    Fee Employment

13.    This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings. Among other things, Cole Schotz conducted a thorough conflicts check analysis and prepared the Debtors' application to retain Cole Schotz as its counsel. Cole Schotz assisted the Debtors' other counsel and advisors, including K&E, H&B, Berkeley Research Group, LLC, Moelis & Company LLC, Kroll (collectively, the "Retained Professionals") in the preparation, filing, and service of their own professional retention papers and provided counsel regarding the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order. Cole Schotz served as the primary liaison between the Retained Professionals and the U.S. Trustee regarding various retention and disclosure inquiries and coordinated the drafting and submission of related supplements to the Retained Professionals' retention applications. Separately, Cole Schotz facilitated the filing of

8

declarations and questionnaires for numerous ordinary course professionals, including responding to and addressing questions and comments from the U.S. Trustee regarding same;.

### F.    Fee Application Preparation

14.    This category includes time expended by Cole Schotz preparing and filing its own monthly fee statements, advising the other Retained Professionals with respect to their monthly fee statements and filing same, and coordinating the service of the foregoing and the filing of certifications of not objection with regard to same.

### G.    Litigation (Other than Avoidance Action Litigation)

15.    This category includes time expended by Cole Schotz with respect to various litigation matters other than avoidance action litigation.  Cole Schotz expended extensive time strategizing and providing recommendations to K&E and H&B regarding various proposed and pending litigations, including regarding injunctive relief and requests for relief on shortened notice.

### RELIEF REQUESTED AND BASIS THEREFOR

16.    The professional services performed by Cole Schotz on the Debtors' behalf during the Compensation Period required an aggregate expenditure of 777.90 recorded hours by Cole Schotz's partners, associates and paraprofessionals.  Of the aggregate time expended, 551.50 recorded hours were expended by members of Cole Schotz, 52.20 recorded hours were expended by associates, and 174.20 recorded hours were expended by paraprofessionals.

17.    During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $355.00 to $1,200.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $640.52, which represents a blended rate of $355.01 and $722.91 for paraprofessionals and attorneys,

9

respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

18.      Cole Schotz has incurred $5,752.85 in direct out-of-pocket expenses in providing professional services during the Compensation Period.  These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

19.      Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

20.      Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.   Engel, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  See id. (citing, inter alia, Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

10

21. Once the court determines that a service was necessary, it also assesses the reasonable value of the service. 11 U.S.C. § 303(a)(3). Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22. In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 123 (3d Cir. 1999). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved

11

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. Id. at 123 n.8.

23.    In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney

employed under Section 327 of the Bankruptcy Code may apply to the Court for interim

compensation not more than once every 120 days after an order for relief in a case under chapter

11. See 11 U.S.C. § 331.

24.    In the instant case, Cole Schotz devoted a substantial amount of time and effort to

addressing the numerous issues involved in these Chapter 11 Cases.  Cole Schotz respectfully

submits that the services for which it seeks compensation in this Application were, at the time

rendered, believed to be necessary to effectively represent the Debtors, were performed

economically, effectively, and efficiently.   Because Cole Schotz's services benefitted the

bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary"

services compensable under Section 330 of the Bankruptcy Code.[5]

---

[5] As previewed in the Retention Application, this First Interim Fee Application includes $25,560.00 in fees for prepetition services rendered and $4.80 in prepetition costs incurred, which amounts were incurred in the days leading up to the chapter 11 filing and relate exclusively to the preparation of these chapter 11 cases.  Cole Schotz submits that the payment of such de minimis fees is permissible pursuant to applicable law.   In re Premiere Enterprises of Whiteville, LLC, No. 13-04639-8-RDD, 2013 WL 5907790, at *3 (Bankr. E.D.N.C. Nov. 4, 2013) (granting application for retention subject to the bankruptcy administrator's review of the first application for compensation "to determine if all of the fees requested and not paid pre-petition, are relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding the preparation of the petition and accompanying papers—the bare-bones, routine and necessary services for filing," noting that a firm is "'disinterested' pursuant to § 327" if those criteria are satisfied, and stating that "if any of the pre-petition fees requested are not specifically relative to the preparation and the filing of the petition, then the Bankruptcy Administrator shall object or in the alternative, the Firm shall waive those objectionable fees requested or request a hearing"); In re Icon Eyewear, Inc., Case No. 19-29733 (JKS), Docket No. 100) (Bankr. D.N.J., Dec. 30, 2019) (order granting application for compensation that included fees related to the preparation of the chapter 11 case). Accordingly, Cole Schotz seeks allowance of these de minimis prepetition fees in connection with this First Interim Fee Application.

25.     Further, Cole Schotz submits that consideration of the relevant factors enumerated in Lan Assocs., 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

(a)     *The Time and Labor Required*.  The professional services rendered by Cole Schotz on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the Debtors in these cases with skill and dispatch.  Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

(b)     *The Novelty and Difficulty of Questions*.  Although the issues in this case were not particularly novel, many legal challenges have arisen in the course of this case. Cole Schotz's effective assistance has facilitated and will continue to facilitate the resolution of such issues.

(c)     *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization and its knowledge of New Jersey practice and procedure contributed to the efficient and effective representation of the Debtors in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Debtors did not preclude its acceptance of new clients.  However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these Chapter 11 Cases.

(e)     *The Customary Fee*.  The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(h)     *The Amount Involved and Results Obtained.*  Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

13

(i)     *The Experience, Reputation and Ability of the Attorneys*.  Cole Schotz is a professional association with approximately 170 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases.

26.     In addition, consistent with Section 331 of the Bankruptcy Code, this is Cole Schotz's first interim fee application.  This application is made more than 120 days from the Petition Date.  See 11 U.S.C. § 331.

14

WHEREFORE, Cole Schotz respectfully requests a first interim fee allowance as bankruptcy counsel for the Debtors in the amount of $498,264.25 for fees for services rendered, together with reimbursement of expenses in the amount of $5,752.85, for a total first interim fee award of $504,017.10.

Respectfully submitted,

Dated: May 15, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted pro hac vice)
Christine A. Okike, P.C. (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted pro hac vice)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)

Order Filed on January 24, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

**DATED: January 24, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

Debtors:              BLOCKFI INC., *et al*.
Case No.              22-19361(MBK)
Caption of Order:     ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                      SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC*
                      *PRO TUNC* TO THE PETITION DATE

---

Upon the application (the "**Application**")[2] of BlockFi Inc. and its debtor affiliates, as debtors

and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local

Rule 2014-1, authorizing the Debtors to employ and retain Cole Schotz P.C. ("**Cole Schotz**") as their

New Jersey counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having

jurisdiction to decide the Application and the relief requested therein in accordance with 28. U.S.C. §§

157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11of the United

States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and

consideration of the Application and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and notice of the Application having been given as provided in the Application, and such notice

having been adequate and appropriate under the circumstances; and it appearing that no other or further

notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and

Zachary Prince in support thereof; and the Court being satisfied that Cole Schotz does not hold or

represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested

person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that said

employment would be in the best interest of the Debtors and their respective estates, and that the legal

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

and factual bases set forth in the Application establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Application is **GRANTED** to the extent set forth herein.

2.     In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors

are hereby authorized and empowered to employ and retain Cole Schotz as their New Jersey counsel

in these chapter 11 cases effective as of the Petition Date.

3.     Any and all compensation to be paid to Cole Schotz for services rendered on the

Debtors' behalf, including compensation for services rendered in connection with the preparation of

the petition and accompanying papers, shall be fixed by application to this Court in accordance with

sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be

applicable, and any orders entered in these cases governing the compensation and reimbursement of

professionals for services rendered and charges and disbursements incurred.  Cole Schotz also shall

make a reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases

Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the

Application and the interim and final fee applications to be filed by Cole Schotz in the chapter 11 cases.

(Page 4)
Debtors:                BLOCKFI INC., *et al*.
Case No.                22-19361(MBK)
Caption of Order:       ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                        SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC
                        PRO TUNC* TO THE PETITION DATE

4.      In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz shall coordinate with Haynes and Boone, LLP, Kirkland & Ellis LLP, Kirkland & Ellis International LLP and any additional firms the Debtors retain regarding their respective responsibilities in these chapter 11 cases.  As such, Cole Schotz shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Cole Schotz shall provide ten (10) business days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in the Debtors' chapter 11 cases and shall file such notice with the Court.  All parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      Cole Schotz (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of Cole Schotz's fee applications in this case; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category); and (iv) shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

(Page 5)
Debtors:            BLOCKFI INC., *et al.*
Case No.            22-19361(MBK)
Caption of Order:   ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                    SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC
                    PRO TUNC* TO THE PETITION DATE

---

7.      Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information [Docket No. 4], Cole Schotz will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration.  Further, if the Court denies the Motion to Seal Confidential Transaction Parties on the Retention Applications [Docket No. 127], Cole Schotz will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Cole Schotz to such potential counterparties.

8.      Notwithstanding anything in the Application or the Sirota Declaration to the contrary, Cole Schotz shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

9.      Notwithstanding anything in the Application and the Sirota Declaration to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

10.     Notwithstanding anything in the Application and Sirota Declaration to the contrary, the parties in interest reserve the right to object to any application for the payment of pre-petition fees to

(Page 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

the extent those fees are not specifically related to the preparation and the filing of the Debtors' Chapter 11 Cases.

11.     No agreement or understanding exists between Cole Schotz and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Cole Schotz share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

12.     Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision that "Our bills are due and payable upon receipt" shall be null and void during the pendency of these bankruptcy cases.

13.     Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, during the pendency of the Chapter 11 Cases, Cole Schotz's retainer shall be treated like a security retainer and shall not be drawn down absent Court order.

14.     As set forth in Cole Schotz's Standard Terms of Engagement for Legal Services, Cole Schotz's fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in that certain *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 307] and shall only be allowed upon entry of a Court order allowing them.

(Page 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS NEW JERSEY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

15.     Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision concerning fee disputes is null and void during the pendency of these bankruptcy cases.

16.     The Debtors are authorized to take all actions necessary to carry out this Order.

17.     To the extent the Application, the Sirota Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

18.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE[1] |
|---|---|---|---|---|---|---|
| Michael D. Sirota | Member | Bankruptcy | 1986 | $140,280.00 | 116.90 | $1,200.00 |
| Michael D. Sirota | Member | Bankruptcy | 1986 | $1,800.00 | 3.00 | $600.00 (travel) |
| Warren A. Usatine | Member | Bankruptcy | 1995 | $9,405.00 | 9.90 | $950.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | $139,519.50 | 197.90 | $705.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | $4,406.25 | 12.50 | $352.50 (travel) |
| Rebecca W. Hollander | Member | Bankruptcy | 2014 | $116,215.00 | 211.30 | $550.00 |
| Andreas D. Milliaressis | Associate | Bankruptcy | 2016 | $24,795.00 | 52.20 | $475.00 |
| Frances Pisano | Paralegal | Bankruptcy | n/a | $61,166.50 | 172.30 | $355.00 |
| Suhailah S. Sallie | Paralegal | Bankruptcy | n/a | $497.00 | 1.40 | $355.00 |
| Pauline Z. Ratkowiak | Paralegal | Bankruptcy | n/a | $180.00 | 0.50 | $360.00 |

Client Name:              BlockFi, Inc., et al.
Case Number:            22-19361 (MBK)
Applicant's Name:       Cole Schotz P.C.
Date of Application:    May 15, 2023
Interim or Final:         Interim

---

[1] No rate increases have been implemented during the Compensation Period.

# EXHIBIT C

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

*(See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| (using categories already maintained by the firm) | Billed by New Jersey Office Excluding Bankruptcy[1] | BILLED In this fee application |
| Member | $623.92 | $746.37 |
| Counsel | n/a | n/a |
| Associate | $382.41 | $475.00 |
| Paralegal | $312.96 | $355.01 |
| Other (please define) | $145.98[2] | n/a |
| All timekeepers aggregated | $516.69 | $640.52 |

Client Name:          BlockFi, Inc., et al.
Case Number:          22-19361 (MBK)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 15, 2023
Interim or Final:     Interim

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2022 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Law Clerk, Litigation Support Specialists, Project Assistants, Summer Associates, and Legal Practice Assistants.

**EXHIBIT D-1**

**BUDGET FOR THE PERIOD
NOVEMBER 28, 2022 THROUGH DECEMBER 31, 2022**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 0.00 | $0.00 |
| Asset/Business Disposition | 0.00 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 10.00 | $7,050.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 10.00 | $7,050.00 |
| Business Operations | 20.00 | $14,100.00 |
| Case Administration | 110.00 | $77,550.00 |
| Claims Administration and Objections | 10.00 | $7,050.00 |
| Corporate Governance and Board Matters | 15.00 | $10,575.00 |
| Employee Benefits/Pensions | 15.00 | $10,575.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 130.00 | $91,650.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 30.00 | $21,150.00 |
| Meetings of Creditors | 10.00 | $7,050.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 15.00 | $10,575.00 |
| Real Estate | 10.00 | $7,050.00 |
| Relief from Stay | 20.00 | $14,100.00 |
| Reporting | 25.00 | $17,625.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 20.00 | $14,100.00 |
| **Total:** | **450.00** | **$317,250.00** |

**BUDGET FOR THE PERIOD JANUARY 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 5.00 | $3,525.00 |
| Asset Disposition | 10.00 | $7,050.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $3,525.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,525.00 |
| Business Operations | 10.00 | $7,050.00 |
| Case Administration | 75.00 | $52,875.00 |
| Claims Administration and Objections | 5.00 | $3,525.00 |
| Corporate Governance and Board Matters | 5.00 | $3,525.00 |
| Employee Benefits/Pensions | 30.00 | $21,150.00 |
| Fee Application Preparation | 20.00 | $14,100.00 |
| Fee Employment | 30.00 | $21,150.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $14,100.00 |
| Meetings of Creditors | 10.00 | $7,050.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 5.00 | $3,525.00 |
| Real Estate | 5.00 | $3,525.00 |
| Relief from Stay | 10.00 | $7,050.00 |
| Reporting | 20.00 | $14,100.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $7,050.00 |
| **Total:** | **280.00** | **$197,400.00** |

65365/0001-45331630v1

**BUDGET FOR THE PERIOD FEBRUARY 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 5.00 | $3,525.00 |
| Asset Disposition | 20.00 | $14,100.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $3,525.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,525.00 |
| Business Operations | 10.00 | $7,050.00 |
| Case Administration | 50.00 | $35,250.00 |
| Claims Administration and Objections | 5.00 | $3,525.00 |
| Corporate Governance and Board Matters | 5.00 | $3,525.00 |
| Employee Benefits/Pensions | 10.00 | $7,050.00 |
| Fee Application Preparation | 10.00 | $7,050.00 |
| Fee Employment | 20.00 | $14,100.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $14,100.00 |
| Meetings of Creditors | 10.00 | $7,050.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 5.00 | $3,525.00 |
| Real Estate | 5.00 | $3,525.00 |
| Relief from Stay | 10.00 | $7,050.00 |
| Reporting | 10.00 | $7,050.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $7,050.00 |
| **Total:** | **215.00** | **$151,575.00** |

3

**BUDGET FOR THE PERIOD MARCH 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 5.00 | $3,525.00 |
| Asset Disposition | 20.00 | $14,100.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $3,525.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $3,525.00 |
| Business Operations | 10.00 | $7,050.00 |
| Case Administration | 50.00 | $35,250.00 |
| Claims Administration and Objections | 5.00 | $3,525.00 |
| Corporate Governance and Board Matters | 5.00 | $3,525.00 |
| Employee Benefits/Pensions | 10.00 | $7,050.00 |
| Fee Application Preparation | 10.00 | $7,050.00 |
| Fee Employment | 10.00 | $7,050.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $14,100.00 |
| Meetings of Creditors | 10.00 | $7,050.00 |
| Disclosure Statement | 0.00 | $0.00 |
| Plan of Reorganization | 5.00 | $3,525.00 |
| Real Estate | 5.00 | $3,525.00 |
| Relief from Stay | 10.00 | $7,050.00 |
| Reporting | 10.00 | $7,050.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $7,050.00 |
| **Total:** | **205.00** | **$144,525.00** |

4

**EXHIBIT D-2**
**STAFFING PLAN FOR THE PERIOD NOVEMBER 28, 2022 THROUGH MARCH 31, 2023**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 4 | $851.25 |
| | Counsel | - | - |
| | Sr. Associate (7 or more years since first admission) | 1 | $475.00 |
| | Associate (4-6 years since first admission) | - | - |
| | Jr. Associate (1-3 years since first admission) | - | - |
| | Paralegal | 1 | $355.00 |
| | Other (please define) | 0 | - |

This staffing plan (the "Staffing Plan") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

65365/0001-45331629v1

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 15.00 | $10,575.00 | 0.00 | $0.00 |
| Asset/Business Disposition | 50.00 | $35,250.00 | 18.70 | $12,265.50 |
| Assumption and Rejection of Leases and Contracts | 25.00 | $17,625.00 | 2.60 | $1,569.00 |
| Preference Actions/Response | 0.00 | $0.00 | 0.00 | $0.00 |
| Budgeting (Case) | 25.00 | $17,625.00 | 0.60 | $330.00 |
| Business Operations | 50.00 | $35,250.00 | 32.00 | $24,932.50 |
| Case Administration | 285.00 | $200,925.00 | 220.70 | $137,890.50 |
| Claims Administration and Objections | 25.00 | $17,625.00 | 19.10 | $12,126.50 |
| Corporate Governance and Board Matters | 30.00 | $21,150.00 | 0.00 | $0.00 |
| Employee Benefits/Pensions | 65.00 | $45,825.00 | 58.20 | $50,943.00 |
| Fee Application Preparation | 40.00 | $28,200.00 | 62.20 | $28,555.50 |
| Fee Employment | 190.00 | $133,950.00 | 183.90 | $105,619.50 |
| Fee Objections | 0.00 | $0.00 | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 | 0.00 | $0.00 |
| Litigation | 90.00 | $63,450.00 | 90.30 | $74,718.00 |
| Meetings of Creditors | 40.00 | $28,200.00 | 10.30 | $6,864.00 |
| Disclosure Statement | 0.00 | $0.00 | 0.30 | $165.00 |
| Plan of Reorganization | 30.00 | $21,150.00 | 3.90 | $2,673.50 |
| Real Estate | 25.00 | $17,625.00 | 0.00 | $0.00 |
| Relief from Stay | 50.00 | $35,250.00 | 7.00 | $3,423.50 |
| Reporting | 65.00 | $45,825.00 | 52.60 | $29,982.00 |
| Tax Issues | 0.00 | $0.00 | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 | 0.00 | $0.00 |
| Non-Working Travel | 50.00 | $35,250.00 | 15.50 | $6,206.25 |
| **Total:** | **1,150.00** | **$810,750.00** | **777.90** | **$498,264.25** |

Client Name:          BlockFi, Inc., et al.
Case Number:          22-19361 (MBK)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  May 15, 2023
Interim or Final:     Interim

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Computer Assisted Legal Research | $202.97 |
| Facsimile | $0.00 |
| Long Distance Telephone/Conference Calls | $0.00 |
| In-House Reproduction | $1,620.20 |
| Outside Reproduction | $0.00 |
| Outside Research | $0.00 |
| Filing Fees | $1,334.00 |
| Court Fees | $151.80 |
| Court Reporting | $0.00 |
| Travel | $734.33 |
| Delivery Services / Federal Express | $69.00 |
| Postage | $0.00 |
| Other (Explain) | $0.00 |
| Transcripts | $1,124.70 |
| Service of Process | $515.85 |
| **DISBURSEMENTS TOTAL** | **$5,752.85** |

Client Name:              BlockFi, Inc., et al.
Case Number:              22-19361 (MBK)
Applicant's Name:         Cole Schotz P.C.
Date of Application:      May 15, 2023
Interim or Final:         Interim