UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

## FEE APPLICATION COVER SHEET

In re:                                        Applicant:
                                              Kroll Restructuring Administration LLC[2]
BlockFi Inc., *et al.*[1]

Case No.:    22-19361 (MBK)                   Client:
             (Jointly Administered)           Debtors and Debtors-in-Possession

Chapter: 11                                   Case Filed:  11/28/22

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED

/s/ Shira D. Weiner                          5/15/23
SHIRA D. WEINER                              Date

---

## SECTION I
## FEE SUMMARY

**Fee Application for the First Interim Fee Period of
December 1, 2022 through March 31, 2023**

|                                            | Fees        | Expenses |
|--------------------------------------------|-------------|----------|
| Total Previous Fees and Expenses Requested: | $20,302.25  | $0.00    |
| Total Fees and Expenses Allowed to Date:    | $0.00       | $0.00    |
| Total Retainer (if applicable):             | N/A         | N/A      |
| Total Holdback (if applicable):             | $4,060.45   | N/A      |
| Total Received by Applicant:                | $16,241.80[3] | $0.00  |

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2]  Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.  There has not been any change in the company's leadership, ownership, or organizational structure.

[3] Kroll has sought but not yet received payment of $2,014.84 representing 80% of fees for the February and March period.  Because Kroll anticipates receiving that amount prior to a hearing on this interim compensation application, Kroll has included that currently unpaid amount in the amount "received."

Fee Totals (Before Discount):        $23,885.00
Fee Totals (After Discount):        $20,302.25
Disbursements Totals:        $0.00
Total Fee Application:        $20,302.25

| Name of Professional and Title | Hours | Rate | Fee |
|---|---|---|---|
| 1.  Daloia, James F<br>Director of Solicitation | 1.50 | $245.00 | $367.50 |
| 2.  Kesler, Stanislav<br>Director of Solicitation | 1.60 | $245.00 | $392.00 |
| 3.  Orchowski, Alex T<br>Director of Solicitation | 5.70 | $245.00 | $1,396.50 |
| 4.  Baer, Herb C<br>Director | 15.20 | $245.00 | $3,724.00 |
| 5.  Berman, Jessica G<br>Director | 7.50 | $245.00 | $1,837.50 |
| 6.  Brunswick, Gabriel<br>Director | 0.50 | $245.00 | $122.50 |
| 7.  Sabo, Lili<br>Director | 1.80 | $245.00 | $441.00 |
| 8.  Porter, Christine C<br>Director | 54.70 | $205.00 | $11,213.50 |
| 9.  Champagnie, Kadeem A<br>Senior Consultant | 11.20 | $195.00 | $2,184.00 |
| 10. Garraway, Cosmos X<br>Senior Consultant | 2.10 | $185.00 | $388.50 |
| 11. Kulyk, Liliya<br>Consultant | 3.30 | $180.00 | $594.00 |
| 12. Rivera, Christian I<br>Consultant | 6.80 | $180.00 | $1,224.00 |
| **TOTALS** | **111.90** | | **$23,885.00**[4] |
| **BLENDED RATE** | | **$213.45** | |

---

[4]  This amount has been discounted to $20,302.25 in accordance with the terms of Kroll's retention.  Taking into account this discount, the blended hourly rate is $181.43.

| SECTION II |
| SUMMARY OF SERVICES |

| Services Rendered | Hours | Fee |
|---|---|---|
| a)  Asset Analysis and Recovery | 0.00 | $0.00 |
| b)  Asset/Business Disposition | 0.00 | $0.00 |
| c)  Business Operations | 0.00 | $0.00 |
| d)  Case Administration | 0.00 | $0.00 |
| e)  Claims Administration and Objections | 0.00 | $0.00 |
| f)  Due Diligence | 0.00 | $0.00 |
| g)  Employee Benefits/Pensions | 0.00 | $0.00 |
| h)  Fee/Employment Applications | 2.30 | $563.50 |
| i)  Fee/Employment Objections | 0.00 | $0.00 |
| j)  Financing | 0.00 | $0.00 |
| k)  Litigation (Other than Avoidance Action Litigation) | 0.00 | $0.00 |
| l)  Avoidance Action Litigation | 0.00 | $0.00 |
| m)  Meetings of Creditors | 0.00 | $0.00 |
| n)  Plan and Disclosure Statement | 0.00 | $0.00 |
| o)  Relief from Stay Proceedings | 0.00 | $0.00 |
| p)  Regulatory Compliance | 0.00 | $0.00 |
| q)  Travel | 0.00 | $0.00 |
| r)  Accounting/Auditing | 0.00 | $0.00 |
| s)  Business Analysis | 0.00 | $0.00 |
| t)  Corporate Finance and Valuation | 0.00 | $0.00 |
| u)  Data Analysis | 0.00 | $0.00 |
| v)  Litigation Consulting | 0.00 | $0.00 |
| w)  Reconstruction Accounting | 0.00 | $0.00 |
| x)  Tax Issues | 0.00 | $0.00 |
| y)  Other (specify category), Disbursements | 1.30 | $318.50 |
| z)  Other (specify category), Schedules & SOFAs | 99.00 | $20,744.50 |
| aa) Other (specify category), Solicitation | 9.30 | $2,258.50 |
| **SERVICES TOTALS** | **111.90** | **$23,885.00**[5] |

---

[5]  This amount has been discounted to $20,302.25 in accordance with the terms of Kroll's retention.

**SECTION III
SUMMARY OF DISBURSEMENTS**

| Disbursements | Amount |
|---|---|
| a)   Computer Assisted Legal Research<br>        Westlaw | $0.00 |
| b)   Facsimile (with rates)<br>        Rate per Page $1.00 (Max. $1.00/pg.) | $0.00 |
| c)   Long Distance Telephone | $0.00 |
| d)   In-House Reproduction<br>        No. of Pages (0); Rate per Page $0.20 (Max. 20¢/pg.) | $0.00 |
| e)   Outside Reproduction | $0.00 |
| f)   Outside Research | $0.00 |
| g)   Filing/Court Fees | $0.00 |
| h)   Court Reporting | $0.00 |
| i)   Travel | $0.00 |
| j)   Courier & Express Carriers (e.g., Federal Express)<br>        Federal Express<br>        Messenger Service | $0.00 |
| k)   Postage | $0.00 |
| l)   Other (Explain):<br>        After Hours Transportation | $0.00 |
| **DISBURSEMENTS TOTAL** | **$0.00** |

| SECTION IV<br>CASE HISTORY |
| --- |

(NOTE:  Items (3) through (6) are not applicable to applications under 11 U.S.C. § 506)

(1)    Date case filed:  November 28, 2022

(2)    Chapter under which case commenced:  Chapter 11

(3)    Date of retention:  Order signed February 7, 2023, effective *nunc pro tunc* to the Petition Date
(Annex copy of order(s).)  **See Exhibit A.**
If limit on number of hours or other limitations to retention, set forth: N/A

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:

    (A)    Conferring and coordinating among the Kroll case team and Debtors' counsel regarding solicitation of the Debtors' plan, including solicitation procedures, voting, balloting, and related mechanics, and responding to inquiries from Debtors' counsel regarding solicitation of the Debtors' plan;

    (B)    Preparing, formatting, reviewing, and revising the Debtors' schedules of assets and liabilities (the "Schedules") and amendments thereto, and statements of financial affairs (the "SOFAs"), and performing quality assurance review of the Schedules and SOFAs;

    (C)    Coordinating wire transfers in connection with the return of bid deposits; and

    (D)    Reviewing and revising the application to retain Kroll as administrative advisor to the Debtors filed at Docket No. 136, and drafting Kroll's combined monthly fee application filed at Docket No. 558.

    **INVOICES ITEMIZING SERVICES RENDERED ARE ATTACHED AS EXHIBITS "B."**

(5)    Anticipated distribution to creditors:

    (a)    Administration expense: Unknown at this time.

    (b)    Secured creditors: Unknown at this time.

    (c)    Priority creditors: Unknown at this time.

    (d)    General unsecured creditors: Unknown at this time.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable):
        Final dividend percentages are unknown at this time.

<u>/s/ Shira D. Weiner</u>          <u>5/15/23</u>
SHIRA D. WEINER           Date

## EXHIBIT A

**Retention Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** **COLE SCHOTZ P.C.** Michael D. Sirota, Esq. (NJ Bar No. 014321986) Warren A. Usatine, Esq. (NJ Bar No. 025881995) Court Plaza North, 25 Main Street Hackensack, New Jersey 07601 (201) 489-3000 msirota@coleschotz.com wusatine@coleschotz.com **KIRKLAND & ELLIS LLP** **KIRKLAND & ELLIS INTERNATIONAL LLP** Joshua A. Sussberg, P.C. (admitted *pro hac vice*) Christine A. Okike, P.C. (admitted *pro hac vice*) 601 Lexington Avenue New York, New York 10022 (212) 446-4800 jsussberg@kirkland.com christine.okike@kirkland.com **HAYNES AND BOONE, LLP** Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) Kenric D. Kattner, Esq. (admitted *pro hac vice*) 30 Rockefeller Plaza, 26th Floor New York, New York 10112 (212) 659-7300 richard.kanowitz@haynesboone.com kenric.kattner@haynesboone.com *Attorneys for Debtors and Debtors in Possession* | |



**Order Filed on February 7, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: BLOCKFI INC., *et al*., Debtors.[1] | Chapter 11 Case No. 22-19361 (MBK) (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF
KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE
ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: February 7, 2023**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

(Page 2)
Debtor:            BLOCKFI INC., et al.
Case No:           22-19361 (MBK)
Caption of Order:  ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                   RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                   LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                   PETITION DATE

---

Upon consideration of the application (the "Application")[1] of BlockFi Inc. and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for entry of an order

authorizing the Debtors to employ and retain Kroll Restructuring Administration LLC ("Kroll")

so that it may perform services as administrative advisor ("Administrative Advisor") effective

nunc pro tunc to the Petition Date; and the Court having jurisdiction to decide the Application and

the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the

Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District

Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration

of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

notice of the Application having been given as provided in the Application, and such notice having

been adequate and appropriate under the circumstances; and it appearing that no other or further

notice of the Application need be provided; and upon the Declaration of Benjamin J. Steele in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application.

(Page 3)
Debtor:              BLOCKFI INC., et al.
Case No:             22-19361 (MBK)
Caption of Order:    ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                     RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                     LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                     PETITION DATE

---

support thereof; and the Court being satisfied that Kroll does not hold or represent any interest

adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the

meaning of Sections 327 and 101(14) of the Bankruptcy Code, and that said employment would

be in the best interest of the Debtors and their respective estates, and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized to retain Kroll as Administrative Advisor, effective as

of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code and under the terms of the

Engagement Agreement attached to the Application as **Exhibit A**, as modified by this Order, and

Kroll is authorized to perform the bankruptcy administration services described in the Application

and set forth in the Engagement Agreement.

3.      Kroll is authorized to take all actions necessary to comply with its duties as

Administrative Advisor as described in the Application and set forth in the Engagement

Agreement.

4.      Kroll shall apply to the Court for allowance of compensation and reimbursement of

expenses incurred after the Petition Date in its capacity as Administrative Advisor in accordance

with the sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

(Page 4)

| | |
|---|---|
| Debtor: | BLOCKFI INC., et al. |
| Case No: | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE |

_____

and any orders entered in these cases regarding professional compensation and reimbursement

of expenses.

     5.     The Debtors shall indemnify Kroll under the terms of the Engagement

Agreement, as modified pursuant to this Order.

     (i)     Notwithstanding any provision of the Application and the Engagement Letter to the contrary, Kroll shall not be entitled to indemnification, exculpation, contribution, or reimbursement pursuant to the Engagement Agreement for any services, unless such services and the indemnification, exculpation, contribution, or reimbursement therefor are approved by the Court.

     (ii)     Notwithstanding anything to the contrary in the Application or the Engagement Agreement, the Debtors shall have no obligation to indemnify or exculpate Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either: (i) judicially determined (that determination having become final) to have arisen from Kroll's gross negligence, willful misconduct, bad faith, self-dealing or fraud to which the Debtors' have not consented; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's obligations to maintain the confidentiality of nonpublic information, unless the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.),* 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to Kroll's gross negligence, willful misconduct, bad faith, fraud or uncontested self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnification, exculpation contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

     (iii)     If, before the earlier of the entry of an order (i) confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) closing these chapter 11 cases, Kroll

(Page 5)
Debtor:                BLOCKFI INC., et al.
Case No:               22-19361 (MBK)
Caption of Order:      ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                       RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                       LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                       PETITION DATE

---

believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, exculpation, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, exculpation, contribution, and/or reimbursement by Kroll, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to Kroll. All parties-in-interest shall retain the right to object to any demand by Kroll for indemnification, exculpation, contribution, or reimbursement.

6.      The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

7.      Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 6 thereof, by this Order the Court is not authorizing Kroll to establish accounts with financial institutions on behalf of the Debtors.

8.      Notwithstanding anything to the contrary contained in the Engagement Agreement, the 1.5% late charge in paragraph 2(c) of the Engagement Agreement shall not be assessed during the pendency of these Chapter 11 Cases.

9.      Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 15 thereof, the Court shall have exclusive jurisdiction over Kroll's engagement during the pendency of these chapter 11 cases and the Arbitration clause shall have no force or effect during the pendency of these Chapter 11 Cases.

5

(Page 6)
Debtor:              BLOCKFI INC., et al.
Case No:             22-19361 (MBK)
Caption of Order:    ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                     RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                     LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                     PETITION DATE

_____

10.     Notwithstanding anything to the contrary contained in the Engagement Agreement,

including paragraph 2(h) thereof, Kroll shall provide at least ten (10) business days' notice of any

increases in its Rate Structure, subject to the parties-in-interest's right to object to any such

increases including, but not limited to, the reasonableness standard provided in section 330 of the

Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section

330 of the Bankruptcy Code.

11.     Notwithstanding anything to the contrary contained in the Engagement Agreement,

paragraph 3(b) of the Engagement Agreement (indicating that Kroll will continue to be paid,

notwithstanding conversion of the cases to cases under chapter 7) shall be of no force or effect

with respect to the services provided by Kroll pursuant to the order.

12.     Notwithstanding anything in the Application or any supporting declarations to the

contrary, Kroll shall seek reimbursement from the Debtors' estates for its engagement-related

expenses at the firm's actual costs paid.

13.     Notwithstanding anything in the Application or the supporting declarations to the

contrary, Kroll shall, to the extent that Kroll uses the services of independent contractors,

subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors")

in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Kroll

pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors

are subject to the same conflicts checks as required for Kroll; (iv) file with this Court disclosures

(Page 7)
Debtor:              BLOCKFI INC., et al.
Case No:             22-19361 (MBK)
Caption of Order:    ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                     RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                     LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                     PETITION DATE

_____

pertaining to such use required by Bankruptcy Rule 2014; and attach any such Contractors invoices

to its monthly fee statements, interim fee applications and/or final fee applications filed in these

cases.

14.     Kroll shall not seek reimbursement of any fees or costs arising from the defense of

its fee applications in the above-captioned cases.

15.     Upon entry of a Final Order on the Motion to Redact all Personally Identifiable

Information (Dkt. 4), Kroll will disclose the information that the Court orders to be unredacted, if

any, through a supplemental declaration.  Further, if the Court denies the Motion to Seal

Confidential Transaction Parties on the Retention Applications (Dkt. 127), Kroll will, through a

supplemental declaration, disclose the identities of all counterparties that were filed under seal,

and the connections of Kroll to such potential counterparties.

16.     In the event of any inconsistency between the Engagement Agreement, the

Application, and the Order, the Order shall govern.

17.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be immediately effective and enforceable upon its entry.

18.     The Debtors and Kroll are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Application.

19.     Notice of the Application as provided therein shall be deemed good and sufficient

notice of the Application and the Local Rules of this Court are satisfied by such notice.

(Page 8)
Debtor:                BLOCKFI INC., et al.
Case No:               22-19361 (MBK)
Caption of Order:      ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                       RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                       LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                       PETITION DATE

_____

20.     To the extent applicable, the requirement set forth in Local Rule 9013-1(a)(3) that

any motion/application be accompanied by a memorandum of law is hereby deemed satisfied by

the contents of the Application or otherwise waived.

21.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court

shall retain jurisdiction to hear and determine all matters arising from or related to the

implementation, interpretation, and/or enforcement of this Order.

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.:  22–19361–MBK
Chapter:  11
Judge:  Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    BlockFi Inc.
    201 Montgomery Street
    Suite 263
    Jersey City, NJ 07302

Social Security No.:

Employer's Tax I.D. No.:
    82–2390015

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

    Please be advised that on February 7, 2023, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 486 – 136
Order Granting Application to Employ Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc (Related Doc # 136). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 2/7/2023. (wiq)

    Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: February 7, 2023
JAN: wiq

Jeanne Naughton
Clerk

## **EXHIBIT B**

**Detailed Time Records of Services Rendered**



### Hourly Fees by Employee through December  2022

| Initial | Employee Name | Title | Hours | Rate | Total |
|---|---|---|---|---|---|
| CHP | Porter, Christine C | DI  - Director | 0.60 | $205.00 | $123.00 |
| HCB | Baer, Herb C | DI  - Director | 1.00 | $245.00 | $245.00 |
| JGB | Berman, Jessica G | DI  - Director | 2.10 | $245.00 | $514.50 |
| GB | Brunswick, Gabriel | DI  - Director | 0.50 | $245.00 | $122.50 |
| | | **TOTAL:** | **4.20** | | **$1,005.00** |

### Hourly Fees by Task Code through December  2022

| Task Code | Task Code Description | Hours | Total |
|---|---|---|---|
| RETN | Retention / Fee Application | 0.50 | $122.50 |
| SOFA | Schedules & SOFA | 3.70 | $882.50 |
| | **TOTAL:** | **4.20** | **$1,005.00** |

BlockFi Inc.

Page 2

Invoice #: 20173

## Time Detail

| Date | Emp | Title | Description | Task | Hours |
|------|-----|-------|-------------|------|-------|
| 12/05/22 | CHP | DI | Confer and correspond with J. Berman, H. Baer (Kroll) and M. Henry (BlockFi) re SOFA Questions 1 and 3 | Schedules & SOFA | 0.30 |
| 12/05/22 | JGB | DI | Confer with C. Porter (Kroll) in connection with preparation of SOFA Q3 | Schedules & SOFA | 0.50 |
| 12/14/22 | GB | DI | Review and revise 327 application | Retention / Fee Application | 0.50 |
| 12/20/22 | CHP | DI | Prepare for and participate in telephone conference with M. Shankweiler and J. Barbarito (BRG) re schedule preparation | Schedules & SOFA | 0.30 |
| 12/20/22 | JGB | DI | Confer with M. Shankweiler, J. Barbarito (BRG) and C. Porter in connection with Schedule and SOFA preparation | Schedules & SOFA | 0.50 |
| 12/21/22 | JGB | DI | Participate in Schedule and SOFA preparation conference with M. Henry (BlockFi), M. Shankweiler, J. Barbarito (BRG), and H. Baer (Kroll) | Schedules & SOFA | 0.70 |
| 12/29/22 | HCB | DI | Review and revise SOFA Q14 (.3), Q18 (.4), Q25 (.3) | Schedules & SOFA | 1.00 |
| 12/29/22 | JGB | DI | Correspond with M. Henry (BlockFi) in connection with preparation of SOFA Q18, 25, 27 | Schedules & SOFA | 0.40 |

**Total Hours**    **4.20**



## Hourly Fees by Employee through January  2023

| Initial | Employee Name | Title | Hours | Rate | Total |
|---|---|---|---|---|---|
| LKU | Kulyk, Liliya | CO - Consultant | 2.50 | $180.00 | $450.00 |
| CIR | Rivera, Christian I | CO - Consultant | 6.80 | $180.00 | $1,224.00 |
| CXG | Garraway, Cosmos X | SC  - Senior Consultant | 2.10 | $185.00 | $388.50 |
| KAC | Champagnie, Kadeem A | SC  - Senior Consultant | 11.20 | $195.00 | $2,184.00 |
| CHP | Porter, Christine C | DI  - Director | 52.30 | $205.00 | $10,721.50 |
| HCB | Baer, Herb C | DI  - Director | 12.30 | $245.00 | $3,013.50 |
| JGB | Berman, Jessica G | DI  - Director | 4.10 | $245.00 | $1,004.50 |
| STK | Kesler, Stanislav | DS - Director of Solicitation | 1.10 | $245.00 | $269.50 |
| ATO | Orchowski, Alex T | DS - Director of Solicitation | 2.70 | $245.00 | $661.50 |
| | | **TOTAL:** | **95.10** | | **$19,917.00** |

## Hourly Fees by Task Code through January  2023

| Task Code | Task Code Description | Hours | Total |
|---|---|---|---|
| SOFA | Schedules & SOFA | 91.30 | $18,986.00 |
| SOLI | Solicitation | 3.80 | $931.00 |
| | **TOTAL:** | **95.10** | **$19,917.00** |

BlockFi Inc.                                                                                    Page 2
                                                                              Invoice #: 20414

---

## Time Detail

| Date | Emp | Title | Description | Task | Hours |
|------|-----|-------|-------------|------|-------|
| 01/03/23 | ATO | DS | Review responses to inquiries from B. Nakhaimousa (Kirkland) related to the solicitation timeline | Solicitation | 0.60 |
| 01/03/23 | CHP | DI | Confer and correspond with M. Shankweiler (BRG) re schedules and statements | Schedules & SOFA | 0.10 |
| 01/03/23 | HCB | DI | Review and revise SOFA Q7 (1.1), Q9 (.1), Q11 (.4), Q16 (.3), Q20 (.2), Q31 (.2) | Schedules & SOFA | 2.30 |
| 01/03/23 | STK | DS | Review and respond to inquiry from B. Nakhaimousa (K&E) re solicitation timeline | Solicitation | 1.10 |
| 01/04/23 | CHP | DI | Prepare for and participate in telephone conference with BRG re schedule preparation (0.3); confer and correspond with M. Henry (BlockFi) re schedule preparation (0.2) | Schedules & SOFA | 0.50 |
| 01/04/23 | HCB | DI | Review and revise Schedule A/B (1.2), Schedule D (.2), SOFA Q4 (.3), Q17 (.2), Q21 (.2), Q28 (.4), Q29 (.2), Q32 (.2) | Schedules & SOFA | 2.90 |
| 01/04/23 | JGB | DI | Confer with M. Shankweiler, J. Barbario (BRG), C. Porter, H. Baer, and K. Champagnie (Kroll) in connection with SOFA/SOAL preparation and coordination (.5) correspond with M. Henry (BlockFi) in connection with same (.3) | Schedules & SOFA | 0.80 |
| 01/05/23 | CHP | DI | Prepare SOFA Part 11 Question 21 | Schedules & SOFA | 1.70 |
| 01/05/23 | JGB | DI | Confer with H. Baer, K. Champagnie, C. Garraway, A. Ashraf, L. Kulyk and C. Rivera (Kroll) regarding preparation of BlockFi schedules and SOFAs | Schedules & SOFA | 0.30 |
| 01/05/23 | KAC | SC | Review and revise Schedules & SOFA for all debtors | Schedules & SOFA | 0.70 |
| 01/05/23 | KAC | SC | Prepare Schedule A/B:  Part 1, Question 3 (.5),Part 2, Question 7 (.3), Part 2, Question 8 (.3), Part 4, Question 15 (.3), Part 8, Question 47-53 (.2), Part 10, Question 60-65 (.3), Part 11, Question 74 (.2), D Part 1 (.2) | Schedules & SOFA | 2.30 |
| 01/06/23 | ATO | DS | Respond to inquiries from B. Nakhaimousa (Kirkland) related to the solicitation timeline | Solicitation | 1.70 |
| 01/06/23 | ATO | DS | Respond to inquiries from F. Petrie (Kirkland) related to the solicitation timeline | Solicitation | 0.40 |
| 01/06/23 | CHP | DI | Review and revise SOFA and Schedule drafts for all debtors | Schedules & SOFA | 2.00 |
| 01/06/23 | CHP | DI | Prepare for and participate in telephone conference with M. Henry (BlockFi), J. Chavez (Haynes & Boone) and J. Barbarito (BRG) re schedule preparation (0.4); Prepare SOFA Q2, Q3, Q4, Q7, Q16, Q21, Q26, Q28 and Q29 for all debtors (4.8) | Schedules & SOFA | 5.20 |
| 01/06/23 | HCB | DI | Review and revise Schedules & SOFA for all debtors (1.3); Attend meeting with Mark Shankweiler and Joseph Barbarito | Schedules & SOFA | 1.60 |

BlockFi Inc.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  | (BRG) regarding timing of SOFA and Schedule drafts (.3) |  |  |
| 01/06/23 | KAC | SC | Prepare draft schedules (.3); review and edit draft schedules (1.8); prepare notes for manual edits to draft schedules (.4) | Schedules & SOFA | 2.50 |
| 01/07/23 | CHP | DI | Prepare SOFA Question 3 (1.1); quality assurance review of SOFA Q21 (1.0); prepare Schedule F (0.4); prepare SOFA drafts for all debtors (1.8) | Schedules & SOFA | 4.30 |
| 01/08/23 | CHP | DI | Prepare Schedule F | Schedules & SOFA | 5.20 |
| 01/08/23 | CHP | DI | Prepare Schedule drafts for all debtors (2.4); quality assurance review of Schedule AB (0.5) | Schedules & SOFA | 2.90 |
| 01/09/23 | CHP | DI | Quality assurance review of Schedule F (3.6); prepare Schedule draft for BlockFi Lending LLC (0.7); prepare SOFA for BlockFi Inc. (0.5); confer and correspond with M. Henry (BlockFi) re schedule edits (0.3); prepare excel template for BRG review (0.5); quality assurance review of SOFA Q21 (0.8) | Schedules & SOFA | 6.40 |
| 01/09/23 | CIR | CO | Extract SOFA and Schedule data for all debtors for BRG review | Schedules & SOFA | 4.00 |
| 01/09/23 | CXG | SC | Extract SOFA and Schedule data for all debtors for BRG review | Schedules & SOFA | 0.80 |
| 01/09/23 | HCB | DI | Review and revise Schedules & SOFA for all debtors | Schedules & SOFA | 0.80 |
| 01/09/23 | KAC | SC | Review and revise Schedule E/F Part 2 for all debtors | Schedules & SOFA | 1.20 |
| 01/10/23 | CHP | DI | Aggregate Schedule and SOFA Excel data for BRG review (0.6); confer and correspond with M. Henry (BlockFi) re SOFA Q21 (0.2); prepare Schedule and SOFA drafts for all debtors (2.8); quality assurance review of Schedule F (0.8); prepare for and participate in telephone conference with M. Shankweiler (BRG) re Schedule F (0.6); quality assurance review of SOFA 3, 4 and 21 (2.5) | Schedules & SOFA | 7.50 |
| 01/10/23 | CIR | CO | Extract SOFA and Schedule data for all debtors for BRG review | Schedules & SOFA | 1.20 |
| 01/10/23 | HCB | DI | Review and revise Schedules & SOFA for all debtors | Schedules & SOFA | 1.20 |
| 01/10/23 | JGB | DI | Quality assurance review of schedule F across all debtors | Schedules & SOFA | 3.00 |
| 01/10/23 | KAC | SC | Review and revise Schedule E/F Part 2 for all debtors | Schedules & SOFA | 0.50 |
| 01/10/23 | KAC | SC | Review and revise Schedule AB, Part 4, Question 15 (.2); Schedule AB, Part 7, Question 41 (.1); Schedule AB, Part 10, Question 65 (.1); Schedule AB, Part 11, Question 74 (.1); Schedule D, Part 1 (.1) | Schedules & SOFA | 0.60 |
| 01/11/23 | CHP | DI | Prepare SOFA and Schedule drafts for all debtors (3.5); quality assurance review of SOFA and Schedule drafts for all debtors (2.8); prepare SOFA Question 3 (1.7); quality assurance review of SOFA Question 26 (1.5); quality assurance review of Schedule F (0.6); quality assurance | Schedules & SOFA | 11.00 |

BlockFi Inc.

Page 4

Invoice #: 20414

| | | | | | |
|---|---|---|---|---|---|
| | | | review of Schedule E (0.3); review and revise SOFA Question 29 (0.2); confer and correspond with R. Jacobson (K&E) re schedule preparation (0.2); confer and correspond with M. Henry (BlockFi) re SOFA Q3 (0.2) | | |
| 01/11/23 | CIR | CO | Prepare SOFA and Schedules drafts for all debtors | Schedules & SOFA | 1.60 |
| 01/11/23 | CXG | SC | Format all SOFAs and schedules A/B, D, E/F, G and H for circulation to debtors counsel | Schedules & SOFA | 1.30 |
| 01/11/23 | HCB | DI | Review and revise Schedules & SOFA for all debtors | Schedules & SOFA | 0.90 |
| 01/11/23 | KAC | SC | Review and revise Schedules & SOFA for all debtors | Schedules & SOFA | 1.00 |
| 01/11/23 | KAC | SC | Review and revise Schedule AB, Part 4, Question 15 (.8); Schedule AB, Part 7, Question 41 (.4); Schedule AB, Part 10, Question 65 (.4); Schedule AB, Part 11, Question 74 (.4); Schedule D, Part 1 (.4) | Schedules & SOFA | 2.40 |
| 01/11/23 | LKU | CO | Prepare and format of SOFA and Schedules for filing | Schedules & SOFA | 2.50 |
| 01/12/23 | CHP | DI | Prepare and send SOFA and Schedules Binders to UST (1.8); coordinate and quality control service of SOFA and Schedules Binders to UST (1.5); Aggregate SOFA and SOAL data for UCC review (1.2) | Schedules & SOFA | 4.50 |
| 01/23/23 | CHP | DI | Confer and correspond with M. Shankweiler (BRG) re schedules and statements | Schedules & SOFA | 0.20 |
| 01/31/23 | CHP | DI | Prepare amended Schedule F (0.6); prepare amended SOFA Q11 (0.2) | Schedules & SOFA | 0.80 |
| 01/31/23 | HCB | DI | Prepare amended Schedule E/F (1.9); SOFA Q11 (.7) | Schedules & SOFA | 2.60 |

**Total Hours**     **95.10**



## Hourly Fees by Employee through February  2023

| Initial | Employee Name | Title | Hours | Rate | Total |
|---------|---------------|-------|-------|------|-------|
| LKU | Kulyk, Liliya | CO - Consultant | 0.80 | $180.00 | $144.00 |
| CHP | Porter, Christine C | DI  - Director | 1.30 | $205.00 | $266.50 |
| HCB | Baer, Herb C | DI  - Director | 1.90 | $245.00 | $465.50 |
| LIS | Sabo, Lili | DI  - Director | 1.80 | $245.00 | $441.00 |
| ATO | Orchowski, Alex T | DS - Director of Solicitation | 0.60 | $245.00 | $147.00 |
| | | **TOTAL:** | **6.40** | | **$1,464.00** |

## Hourly Fees by Task Code through February  2023

| Task Code | Task Code Description | Hours | Total |
|-----------|----------------------|-------|-------|
| RETN | Retention / Fee Application | 1.80 | $441.00 |
| SOFA | Schedules & SOFA | 4.00 | $876.00 |
| SOLI | Solicitation | 0.60 | $147.00 |
| | **TOTAL:** | **6.40** | **$1,464.00** |

BlockFi Inc.                                                                                     Page 2

Invoice #: 20700

## Time Detail

| Date | Emp | Title | Description | Task | Hours |
|------|-----|-------|-------------|------|-------|
| 02/01/23 | ATO | DS | Confer with F. Petrie (Kirkland) regarding the scheduled hearings and deadlines related to the Plan and disclosure statement | Solicitation | 0.60 |
| 02/01/23 | HCB | DI | Prepare schedule amendment | Schedules & SOFA | 0.80 |
| 02/01/23 | LKU | CO | Prepare SOFA 21 import file | Schedules & SOFA | 0.80 |
| 02/02/23 | HCB | DI | Prepare schedule amendment | Schedules & SOFA | 1.10 |
| 02/11/23 | CHP | DI | Quality assurance review of SOFA question 21 account holders for lookup tool | Schedules & SOFA | 0.40 |
| 02/13/23 | LIS | DI | Draft combined monthly fee application for December and January | Retention / Fee Application | 1.80 |
| 02/14/23 | CHP | DI | Quality assurance review of SOFA Question 4 data | Schedules & SOFA | 0.20 |
| 02/27/23 | CHP | DI | Quality assurance review of SOFA 3 and Schedule F data | Schedules & SOFA | 0.70 |
| | | | | **Total Hours** | **6.40** |



**Hourly Fees by Employee through March  2023**

| Initial | Employee Name | Title | Hours | Rate | Total |
|---------|---------------|-------|-------|------|-------|
| CHP | Porter, Christine C | DI  - Director | 0.50 | $205.00 | $102.50 |
| JGB | Berman, Jessica G | DI  - Director | 1.30 | $245.00 | $318.50 |
| JFD | Daloia, James F | DS - Director of Solicitation | 1.50 | $245.00 | $367.50 |
| STK | Kesler, Stanislav | DS - Director of Solicitation | 0.50 | $245.00 | $122.50 |
| ATO | Orchowski, Alex T | DS - Director of Solicitation | 2.40 | $245.00 | $588.00 |
| | | **TOTAL:** | **6.20** | | **$1,499.00** |

**Hourly Fees by Task Code through March  2023**

| Task Code | Task Code Description | Hours | Total |
|-----------|----------------------|-------|-------|
| DISB | Disbursements | 1.30 | $318.50 |
| SOLI | Solicitation | 4.90 | $1,180.50 |
| | **TOTAL:** | **6.20** | **$1,499.00** |

BlockFi Inc.                                                                                    Page 2
                                                                                    Invoice #: 20898

---

## Time Detail

| Date | Emp | Title | Description | Task | Hours |
|------|-----|-------|-------------|------|-------|
| 03/02/23 | JGB | DI | Coordinate return of bid deposits | Disbursements | 0.50 |
| 03/03/23 | JGB | DI | Coordinate return of bid deposits | Disbursements | 0.30 |
| 03/08/23 | JGB | DI | Coordinate bid deposit wires | Disbursements | 0.30 |
| 03/13/23 | JGB | DI | Coordinate wire transfer in connection with bid deposit | Disbursements | 0.20 |
| 03/14/23 | ATO | DS | Respond to inquiries from B. Nakhaimousa (Kirkland & Ellis) related to solicitation | Solicitation | 0.20 |
| 03/16/23 | ATO | DS | Telephone conference with B. Nakhaimousa and R. Jacobson (Kirkland) related to solicitation | Solicitation | 0.50 |
| 03/16/23 | ATO | DS | Prepare for telephone conference with B. Nakhaimousa and R. Jacobson (Kirkland) related to solicitation | Solicitation | 0.50 |
| 03/16/23 | ATO | DS | Respond to inquiries from B. Nakhaimousa (Kirkland) related to solicitation | Solicitation | 0.70 |
| 03/16/23 | ATO | DS | Confer with J. Hughes (Kroll) regarding the upcoming solicitation and ballot tabulation | Solicitation | 0.50 |
| 03/16/23 | CHP | DI | Prepare for and participate in telephone conference with B Nakhaimousa (K&E), J. Berman and A. Orchowski (Kroll) re upcoming solicitation | Solicitation | 0.50 |
| 03/16/23 | STK | DS | Teleconference with A. Orchowski , J. Berman, C. Porter, C. Liu (Kroll) and B. Nakhaimousa (Kirkland) re proposed solicitation and confirmation timeline | Solicitation | 0.50 |
| 03/28/23 | JFD | DS | Internal discussion regarding possible issues related to timing of filing of vote declaration after the vote deadline | Solicitation | 1.20 |
| 03/29/23 | JFD | DS | Conference call with C. Okikie and F. Petrie (Kirkland) regarding timing to file vote declaration after the vote deadline | Solicitation | 0.30 |
| | | | | **Total Hours** | **6.20** |

|  | : | UNITED STATES BANKRUPTCY COURT |
|---|---|---|
| In re: | : | FOR THE DISTRICT OF NEW JERSEY |
|  | : | CASE NO. 22-19361 (MBK) |
| BlockFi Inc., *et al.*[1] | : | |
|  | : | Chapter 11 |
| Debtors | : | (Jointly Administered) |
|  | : | |
|  | : | **FIRST INTERIM APPLICATION OF KROLL** |
|  | : | **RESTRUCTURING ADMINISTRATION LLC** |
|  | : | **FOR ALLOWANCE OF COMPENSATION** |
|  | : | **FOR PROFESSIONAL SERVICES RENDERED** |
|  | | **AND FOR REIMBURSEMENT OF ACTUAL** |
|  | | **AND NECESSARY EXPENSES INCURRED** |
|  | | **FROM DECEMBER 1, 2022 THROUGH** |
|  | | **MARCH 31, 2023** |

TO:    HONORABLE MICHAEL B. KAPLAN
       UNITED STATES BANKRUPTCY JUDGE

Kroll Restructuring Administration LLC ("**Kroll**"),[2] administrative advisor to the

debtors and debtors-in-possession (the "**Debtors**") in the above-captioned chapter 11 cases (these

"**Chapter 11 Cases**"), submits this first interim application (this "**Application**") pursuant to

sections 327, 330(a), 331 and 503(b) of title 11 of the United States Code (as amended, the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and Rule 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local**

**Bankruptcy Rules**") for (a) interim allowance of compensation in the aggregate amount of

$20,302.25 incurred by Kroll during the period of December 1, 2022 through March 31, 2023 (the

"**First Interim Fee Period**"), which amount comprises $20,302.25 for services rendered and the

reimbursement of actual and necessary expenses incurred in connection therewith in the aggregate

amount of $0.00, and (b) allowance and payment of the holdback portion of such fees and

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.
[2]  Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

expenses in the aggregate amount of $4,060.45 (the "**Holdback**").  In support of this Application,

Kroll respectfully states as follows:

### Jurisdiction

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as

of September 18, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and

1409.

### Background

A.       *General Background*

2.       On November 28, 2022 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of New Jersey (the "**Court**").  Since the Petition Date, the

Debtors have remained in possession of their assets and continued management of their

businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in these Chapter 11 Cases.

3.       A detailed description of the Debtors, their businesses, and the facts and

circumstances supporting the Debtors' Chapter 11 cases are set forth in greater detail in the

*Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day

Motions* [Docket No. 17].  Those facts are incorporated herein by reference.

4.       On December 21, 2022, the Office of the United States Trustee for the

District of New Jersey (the "**UST**") appointed an Official Committee of Unsecured Creditors

(the "**Committee**").

B.      *Retention and Disinterestedness of Kroll*

5.      On February 7, 2023, the Court entered the *Order Authorizing the Debtors' Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Docket No. 486] (the "**Retention Order**"), approving the Debtors' employment of Kroll.  Pursuant to the Retention Order, Kroll is authorized to be compensated on an hourly basis for services rendered to the Debtors and reimbursed for actual and necessary expenses incurred by Kroll in connection therewith.

6.      On January 17, 2023, the Court entered the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 307] (the "**Interim Compensation Order**").  Pursuant to the Interim Compensation Order, Professionals (as defined therein), are authorized to be paid eighty (80%) percent of fees and one-hundred (100%) percent of expenses requested in monthly fee statements that are to be filed with the Court, subject to a fourteen-day objection deadline.  The Interim Compensation Order further provides that at four-month intervals Professionals (as defined therein) may file interim applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty (20%) percent holdback pursuant to section 331 of the Bankruptcy Code.

7.      As disclosed in the *Declaration of Benjamin J. Steele in Support of Debtors' Application for Entry of an order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Docket No. 136, Ex. B] (the "**Steele Declaration**"), Kroll does not have any materially adverse connection to the Debtors, their creditors or other relevant parties and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b)

of the Bankruptcy Code.  Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8.     Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in this case. Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Willkie Farr & Gallagher LLP; Jones Day; Shearman & Sterling LLP; KPMG LLP; PricewaterhouseCoopers LLC; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson Consultants LLC.  Additionally, James Waldron, former Clerk of the United States Bankruptcy Court for the District of New Jersey joined Kroll as Senior Advisor in March 2017.  Except as disclosed in the Steele Declaration, these professionals did not work on any matters involving the Debtors while employed by their previous firms.

9.     Kroll performed the services for which it seeks compensation by this Application on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

10.     Kroll has received no payment and no promises for payment from any source, other than the Debtors, for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

11.     Pursuant to Bankruptcy Rule 2016(b), Kroll has not shared, nor has Kroll agreed to share, (a) any compensation it has received or may receive with another party or person other than with partners, directors, managers, employees, or affiliates of Kroll or (b) any compensation another person or party has received or may receive from the Debtors.

**Disclosure of Compensation and Requested Award**

12.    By this Application, Kroll requests approval of (a) an aggregate award for the First Interim Fee Period of $20,302.25 for services rendered and $0.00 for reimbursement of actual expenses and (b) payment of the Holdback in the amount of $4,060.45.

13.    In accordance with the Interim Compensation Order, Kroll has received fees in the amount of $16,241.80, representing 80% of the fees requested in its combined monthly fee statements filed at Docket Nos. 558 and 783.   Kroll has not yet received the holdback with respect to such monthly fee statements, in the amount of $4,060.45.  In addition, Kroll has not yet received any payments with respect to the amounts requested in its combined monthly fee statement for February and March 2023 filed at Docket No. 783, totaling $2,518.55 (of which Kroll sought payment of $2,014.84, representing 80% of such fees).

14.    In connection with the First Interim Fee Period, Kroll provided the parties identified in the Interim Compensation Order with its combined monthly fee statements in accordance with the Interim Compensation Order.

15.    The fees sought in this Application reflect an aggregate of 111.90 hours expended by Kroll professionals during the First Interim Fee Period rendering necessary and beneficial services to the Debtors at a discounted blended average hourly rate of $181.43.  Kroll maintains computerized records of the time expended in the performance of the services required by the Debtors and their estates.  These records are maintained in the ordinary course of Kroll's practice.  The billing rates charged to the Debtors by Kroll have not changed during the First Interim Fee Period.

16.    Kroll's hourly rates are set at a level designed to fairly compensate Kroll for the work of its professionals and to cover routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to

periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Kroll regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary.

17.     This Application is Kroll's first interim request for compensation for services rendered and reimbursement of expenses incurred as administrative advisor to the Debtors.

### Summary of Professional Services

18.     To provide a meaningful summary of services rendered on behalf of the Debtors and their estates, Kroll has established, in accordance with the U.S. Trustee Guidelines and its internal billing procedures, subject matters in connection with these Chapter 11 Cases. Kroll incurred fees for service rendered during the First Interim Fee Period in the following subject matters: (A) Disbursements; (B) Retention / Fee Applications; (C) Schedules & SOFAs; and (D) Solicitation.  The following is a summary of the services provided to the Debtors by subject matter:[3]

**A.     Disbursements**

Total Undiscounted Fees: $318.50; Total Hours: 1.30

19.     Disbursements services provided included coordinating wire transfers in connection with the return of bid deposits.

**B.     Retention / Fee Applications**

Total Undiscounted Fees: $563.50; Total Hours: 2.30

20.     Retention / Fee Application services provided included: (a) reviewing and revising the application to retain and employ Kroll as administrative advisor to the Debtors, filed

---

[3] This summary of services rendered during the First Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Kroll.  More detailed descriptions of the work performed in the First Interim Fee Period, categorized by subject matter, and those day-to-day services and the time expended in performing such services are set forth in the detailed time records attached hereto as **Exhibit B**.

at Docket No. 136; and (b) drafting, reviewing, and revising Kroll's combined monthly fee application filed at Docket No. 558.

**C.    Schedules & SOFAs**

Total Undiscounted Fees:  $20,744.50; Total Hours:  99.00

21.    Schedules & SOFAs services provided included: (a) preparing, formatting, reviewing, and revising the Debtors' schedules of assets and liabilities (the **"Schedules"**) and statements of financial affairs (the **"SOFAs"**); (b) preparing the amendment to Debtors' Schedules; and (c) performing quality assurance review of the Schedules and SOFAs.

**D.    Solicitation**

Total Undiscounted Fees:  $2,258.50; Total Hours:  9.30

22.    Solicitation services provided included: (a) conferring and coordinating among the Kroll case team and Debtors' counsel regarding solicitation of the Debtors' plan, including solicitation procedures, voting, balloting, and related mechanics; and (b) responding to inquiries from Debtors' counsel regarding solicitation of the Debtors' plan.

## Reasonable and Necessary Services Rendered by Kroll

23.    The foregoing services rendered by Kroll to the Debtors during the First Interim Fee Period were reasonable, necessary, and appropriate.  In addition, **Exhibit B** hereto: (a) identifies the individuals that rendered services in each subject matter set forth above; (b) describes each activity or service that each individual performed; and (c) states the number of hours (in increments of tenths of an hour) spent by each individual providing the services.

## Actual and Necessary Expenses Incurred by Kroll

24.    Kroll is not currently aware of any actual and necessary expenses incurred during the First Interim Fee Period in rendering the services described herein.

**<u>Relief Requested and the Basis Therefor</u>**

25.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 327.

26.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the services rendered, the Court must make a threshold inquiry into its necessity.  See <u>In re Engle</u>, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); <u>see also</u> <u>In re Fleming Cos.</u>, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determine whether compensation should be allowed – first "the court must be satisfied that the attorney performed actual and necessary services" and second, "the court must assess a reasonable value for those services.").  The majority of courts that have interpreted section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.   <u>Engel</u>, 190 B.R. at 209.   Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  See <u>In re APW Enclosure Sys., Inc.</u>, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing <u>In re Ames Dep't Stores, Inc.</u>, 76 F.3d 66, 72 (2d Cir. 1996)).  This test does not rely on hindsight to determine the ultimate success or failure of the attorneys' actions.  See <u>id.</u> (citing <u>Keate v. Miller (In re Kohl)</u>, 95 F.3d 713, 714 (8th Cir. 1996)).

27.     Once the court determines that the services were necessary, it also assesses the reasonable value of the services.  See 11 U.S.C. § 330(a)(3).  Specifically, section 330(a)(3)

of the Bankruptcy Code sets forth the criteria for the award of such compensation and

reimbursement.  In determining the amount of reasonable compensation to be awarded, the Court

should consider the nature, extent, and the value of such services, taking into account all relevant

factors, including:

  a.  the time spent on such services;

  b.  the rates charged for such services;

  c.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

  d.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;

  e.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  f.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

  28.  In determining the reasonableness of fees, courts in this Circuit routinely

"employ the twelve factors set forth in Johnson v. Ga Highway Express, Inc., 488 F.2d 714, 717-

19 (5th Cir. 1974)."  Staino v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 123 (3d Cir.

1999).  These factors include:  (i) the time and labor required; (ii) the novelty and difficulty of

the questions involved; (iii) the skill required to perform the legal service properly; (iv) the

preclusion of employment by the attorney due to acceptance of the case; (v) the customary fee

charged; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client

or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience,

reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and

length of the professional relationship with the client; and (xii) awards in similar cases.  Id. at 123 n.8.

29.     In these Chapter 11 Cases, Kroll respectfully submits that the services for which it seeks compensation in the Application were necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Additionally, Kroll respectfully submits that the services rendered to the Debtors were performed economically, effectively, and efficiently and that the results obtained to date have benefited not only the Debtors but all stakeholders in these Chapter 11 Cases.  Kroll further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

30.     As demonstrated by the Application and all of the exhibits submitted in support hereof, Kroll professionals spent their time economically and without unnecessary duplication.  In addition, the work conducted was carefully assigned to appropriate employees according to the experience and level of expertise required for the particular task.

31.     In summary, the services rendered by Kroll were necessary and beneficial to the Debtors and their estates, and were performed in a timely manner commensurate with the complexity, importance, novelty, and nature of the issues involved.

32.     Accordingly, Kroll respectfully submits that approval of the compensation sought herein is warranted.

## **Notice**

33.     Notice of this Application has been given in accordance with the Interim Compensation Order.  Kroll submits that no other or further notice need be given in light of the circumstances of these Chapter 11 Cases.

**No Prior Request**

34.    No prior application for the relief requested herein has been made to this

or any other court.

WHEREFORE, Kroll respectfully requests that the Court grant the Application

and such other and further relief as is just and proper.

Dated:  May 15, 2023
       New York, New York

KROLL RESTRUCTURING
ADMINISTRATION LLC


*/s/ Shira D. Weiner*
Shira D. Weiner
Gabriel Brunswick
55 East 52nd Street, 17th Floor
New York, NY 10055
Telephone: (212) 257-5450
Email: shira.weiner@kroll.com
gabriel.brunswick@kroll.com

*Administrative   Advisor   to   the
Debtors and Debtors in Possession*