**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>      kaulet@brownrudnick.com<br>      bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br><br>   -and-<br><br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>      DClarke@genovaburns.com<br>      GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email:  spalley@brownrudnick.com<br><br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA  02111<br>Tristan Axelrod, Esq.<br>Telephone: (617) 856-8200<br>Fax:  (617) 856-8201<br>Email: taxelrod@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

**EMERGENCY MOTION OF THE OFFICIAL CREDITORS COMMITTEE
REQUESTING AN ORDER REMEDYING THE DEBTORS' IMPROPER PLAN
SOLICITATION IN VIOLATION OF BANKRUPTCY CODE SECTION 1125(b)**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the
Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "Debtors" or
"BlockFi") hereby submits this Emergency Motion, pursuant to Bankruptcy Code Sections 105(a)
and 1125, for entry of an Order remedying the Debtors' improper plan solicitation.  In support
thereof, the Committee submits the Declaration of Tristan G. Axelrod (the "Axelrod Declaration"),
filed contemporaneously herewith, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      Apparently, the Debtors believe: (i) the rule of law does not apply to them; and/or
(ii) they are free to ignore fundamental Chapter 11 regulations.

2.      Friday evening, the Debtors filed with this Court a new proposed Plan and a new
proposed Disclosure Statement.[2]  Obviously, the Court has not approved the Disclosure Statement
or any other solicitation documents/procedures; the objection deadline and hearing on the proposed
Disclosure Statement are weeks away.  And, yet, simultaneously with these filings, the Debtors
filed and immediately posted on Twitter and published on their website an open letter to creditors
arguing why they should vote in favor of the Plan.[3]  This was accompanied by self-styled "FAQs"

---

[2]      *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the
Bankruptcy Code* [Docket No. 875] (the "Plan"); *Disclosure Statement Relating to the First Amended Joint
Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*
[Docket No. 874] (the "Disclosure Statement").

[3]      *A Letter to Creditors* [Docket No. 873] (the "Plan Solicitation Letter"); Axelrod Declaration Exhibit 1
(selection from https://blockfi.com/chapter-11-disclosure-statement-faq, retrieved May 13, 2023, at 7:43 a.m.
EST, the "FAQs"); Axelrod Declaration Exhibit 2 (Twitter thread regarding the Plan, Disclosure Statement
and FAQs, posted May 12, 2023, the "Twitter Thread").  Notably, the docket entry for the Plan Solicitation
Letter reads "Document re: Letter to Creditors in Support of Plan."  The CM/ECF system for the NJ
Bankruptcy Court allows for the filer to insert a description of the "Document" being filed, meaning that
Debtors' counsel knowingly described the filing as a letter urging creditors to support the Plan.

that say things like this: "We strongly recommend that you vote to accept the plan. Our plan maximizes recovery for BlockFi clients and provides for the quickest possible distributions to clients, while allowing us to wind down in an orderly fashion."[4]

3.    Throughout Friday evening, BlockFi continued posting on Twitter, repeatedly pushing the Plan, Disclosure Statement, FAQs and surrounding solicitation materials in front of creditors.[5] Early Saturday morning, BlockFi sent a personalized email (addressed, *e.g.*, "Dear John") to each creditor, including creditors known by the Debtors to be represented by counsel and, on information and belief, had not consented to direct email communication of legal matters.[6] The email reiterated that the Plan is "the fastest way for clients to receive the highest recovery of digital assets and conclude the Chapter 11 cases as quickly as possible," and urged them to follow (i) a hyperlink to the proposed Disclosure Statement and (ii) a hyperlink to the self-styled FAQs.[7]

4.    BlockFi's communications were not simply notice of a bankruptcy development. The messaging was not mere procedure. The verbiage is loud, "in your face," carnival barking:

- "Voting in favor of the Plan is the fastest way for clients to receive the highest recovery."[8]

- "The proposed Plan is also the fastest way to return the funds currently held in Wallet Accounts back to Creditors."[9]

---

[4]    FAQs.

[5]    Twitter Thread.

[6]    *See* Axelrod Declaration ¶ 4 (receipt by Committee counsel of emails from BlockFi directly to creditors known to be represented by counsel noted as preferred contact on proof of claim); N.J. Rule of Professional Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows, or by the exercise of reasonable diligence should know, to be represented by another lawyer in the matter").

[7]    Axelrod Declaration Exhibit 3 (sample letter emailed to creditors) (this email as generally sent to BlockFi's creditors, the "Solicitation Email").

[8]    FAQs; *see also id.* ("We believe that the Plan is the fastest way for clients to receive the highest recovery of digital assets").

[9]    Plan Solicitation Letter.

- "Our plan maximizes recovery for BlockFi clients."[10]

- "In the event that the plan is not confirmed or does not go effective…[i]t is unclear what, if anything clients would ultimately receive."[11]

5.      There is more.  BlockFi's solicitation materials divulge plan proposals advanced by the Committee during private (pre-agreed FRE 408) settlement discussions, trashes those plan proposals (without any explanation of the underlying facts and circumstances), and then spreads falsehoods and otherwise maligns the Committee:

- **"The Debtors have remained steadfast throughout these Chapter 11 Cases in their goal to return Digital Assets to Clients as quickly as possible. It remains unclear if the Committee shares this goal."**[12]

- "The plan the Committee would file could preserve all these preference actions and significantly delay—and ultimately dilute—creditor recoveries."[13]

- "Under the Committee's chapter 11 plan, if you are the target of a preference claim, you will have to come out of pocket for personal legal counsel to defend any clawback claims brought against you."[14]

- **"If you do not vote in favor of the Plan, the Committee will likely seek to propose their own competing plan that will preserve clawback claims against Clients, resulting in significantly reduced recoveries to Clients and materially extending the timeline for Clients to receive Distributions."**[15]

- **"Pursuit of preference claims against 4,152 Clients, which the Committee has expressed a desire to do, would result in a substantial holdback of Client assets, which would be used to pay legal professionals to pursue clawback of funds that are currently in Clients' possession into BIAs and BPCs with uncertain probability of returns."**[16]

---

[10]      FAQs.

[11]      *Id.*

[12]      Disclosure Statement at 25.

[13]      *Id.* at 23.

[14]      *Id.* at 26.

[15]      *Id.* at 25.

[16]      *Id.* at 25.

6.      This being a cryptocurrency debtor, the customers – now fed a bunch of poison – took to the internet.  The Reddit chatroom exploded with commentary regarding the Debtor's Plan, Disclosure Statement, FAQs, and other solicitation materials.[17]  Then came the news reports,[18] the reviews of bloggers and commentators,[19] and so on.

7.      This is a very serious matter.  Plan solicitation before approval of a disclosure statement is Chapter 11's "third-rail."  Section 1125(b) expressly prohibits what BlockFi has done:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

8.      BlockFi's actions were not only illegal, they undermine the entire bankruptcy process.  On April 19, 2023, the Court conducted a hearing on exclusivity.  The Committee objected to a continuation of exclusivity, gently/obliquely noting certain areas of "misalignment" with the Debtors.[20]  Without needing to delve into the points of disagreement, the Court overruled the Committee's objection and encouraged the parties to "start the negotiation process yesterday."[21]  The Committee thereafter attended two in-person settlement meetings, conducted numerous settlement telephone calls, and engaged in many email exchanges.   It offered suggestions as to how the cases should conclude in a consensual way.  It even offered to support a

---

[17]    *See, e.g.,*  https://www.reddit.com/r/blockfi/comments/13fyhnt/blockfi_a_letter_to_ creditors/ (last visited May 13, 2023, at 2:15 p.m.) (numerous reactions to Plan, Disclosure Statement and Plan Solicitation Letter).

[18]    *See* Jonathan Randles, "BlockFi Says Liquidation Is Best Way to Repay Crypto Customers," Bloomberg (May 12, 2023, at 8:00 p.m.), available at https://news.bloomberglaw.com/bankruptcy-law/blockfi-says-liquidation-is-best-way-to-repay-crypto-customers (last visited May 13, 2023, at 4:11 p.m.).

[19]    *See, e.g.,* YouTube, "BlockFi UPDATE – The Disclosure Statement Is Released! Voting and Getting Funds Back!," available at https://www.youtube.com/watch?v= FG8EcIMSCTg (last visited May 13, 2023 at 4:09 p.m.).

[20]    Tr. of Hr'g April 19, 2023, at 13:8-18.

[21]    *Id.* at 26:17-18.

slight extension of exclusivity to create more room for negotiations.  Yet, without any warning,

the Debtors posted their surprise Friday filings and began the "Tweet Storm."

9.      Emergency remediation is necessary.  As the Court said in *In re Rook Broadcasting*

*of Idaho*:

> Permitting a plan proponent to distribute proposed disclosure statements taints the
> voting process. Those creditors who are ignorant of the debtor and its affairs, the
> ones for whose protection section 1125 requires court approval of the disclosure
> statement, would instead be presented with numerous documents containing
> inconsistencies, omissions, and misleading or incorrect statements. The [estate
> parties] and the Court would be forced to attempt to "chase down" these problems,
> with little real hope of undoing the damage.

154 B.R. 970, 976 (Bankr. D. Idaho 1993).

10.     The cases now face the aptly described "chase down problem" and that, it seems,

was precisely the Debtors' objective.  Bankruptcy jurisprudence offers some suggestions, and the

Court might find assistance in how Delaware Bankruptcy Judge Silverstein addressed a similarly

wanton disregard for solicitation rules in the *Boy Scouts of America* Chapter 11 cases.  The

precedents are described herein.  At the end of this Emergency Motion, the Committee proposes

steps that the Court might impose that, hopefully, will undo at least some of the damage done.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23,

1984, and amended on September 18, 2012 (Simandle, C.J.).

12.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13.     The bases for the relief requested herein are Bankruptcy Code Sections 105 and

1125 and Local Bankruptcy Rule 9013-1.

## BACKGROUND

14.     On November 28, 2022, each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

15.     The Debtors remain in possession of their assets but, unlike most Chapter 11 debtors, they do not run a functioning business.  All operations were discontinued months ago, and the Debtors' efforts to find an M&A solution have now failed.  This is a liquidation case, and (given the high monthly administrative burn), it needs to end quickly.   This has long been the Committee's position, and it has repeated it often.[22]

16.     Over the last several weeks, the Debtors and the Committee have engaged in discussions over the development of a consensual plan.  But, there have been sticking points, especially (as the Debtors revealed at the April 19th exclusivity hearing)[23] plan releases the Debtors want for their historical directors and officers.  But, that is not consistent with the evidence revealed during the Committee's internal investigation.  It is this disagreement that prompted the Debtors' aggressive outreach to customers: BlockFi is pressing a parochial message before the Committee has had an opportunity to disclose what actually transpired, when no one was watching.[24]

---

[22]     *See, e.g.,* Tr. of Hr'g April 19, 2023, at 9:22-9:25 ("I've been saying for quite a while now we want a plan on file that we can agree to before there are leaves on the trees. And there are already leaves on the trees. And I can't explain the delay."); 13:19-13:21 ("Meanwhile we've incurred tens of millions of dollars in additional incremental cost. And that's terrible, that's terrible."); 15:21-16:1 ("so that Your Honor can make a decision before we incur all that expense and take this case all the way out to Halloween. I think that's the proper staging of how we end the Blockfi case. And make it unlike Voyager (phonetic), and Celsius (phonetic) and Lord knows FTX.").

[23]     Tr. of Hr'g April 19, 2023, at 4:23-5:4.

[24]     This "us vs. them" PR strategy isn't new.  The Debtors previously took stances in the case obviously intended to present Committee as "the bad guy," in particular respecting the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121] (the "Wallet Motion").  *See, e.g., Debtors' Statement with Respect to the Wallet Withdrawal Motion* [Docket No. 339] at ¶ 3 (describing Committee's objection to, among other things, release of Wallet funds to insiders accused of misconduct as "needless, burdensome and wasteful").  In filing that motion, the Debtors knew that the relief requested (releasing wallet funds without considering avoidance issues) was in direct contradiction with Judge Glenn's decision in *In re Celsius Network LLC,* Case No. 22-10964-MG (Bankr. S.D.N.Y. Oct. 13, 2022) [Docket

17.     Despite weeks of discussion, the Committee did not receive a proposed plan term sheet or any draft of the Plan, until it specifically requested one.  It came on Thursday, May 11th (12:53 a.m.), in the form of the fully drafted Plan.  The Committee immediately reviewed the Plan, quickly provided informal comments to the Debtors, and sent a list of formal comments on Friday, May 12th (12:55 p.m.).[25]  Given that exclusivity is scheduled to expire on Monday, May 15th, the Committee reiterated its suggestion that the parties agree to a short exclusivity extension (and/or commit to hard negotiations over the weekend) in pursuit of a consensual arrangement.

18.     But, there were no further discussions.  That afternoon (days before exclusivity terminates) the Debtors filed the Plan, Disclosure Statement and Creditors Letter, published all the other solicitation materials, and emailed all creditors directly (hyperlinks and voting advocacy).  Discussions are over.  They clearly want a litigation, and they are coupling their litigation strategy with a public smear campaign.

## **RELIEF REQUESTED**

19.     By this Emergency Motion, pursuant to Bankruptcy Code Sections 105(a) and 1125, the Debtors request entry of the proposed Order attached hereto as **Exhibit A**.  This proposed form of Order is based on applicable bankruptcy jurisprudence (cited below) and Judge Silverstein's order in the *Boys Scouts of America* case (also described below).  But, it may ultimately prove insufficient for the damage done, necessitating further reservation of rights.

---

No. 1044], issued just a few weeks prior.  Indeed, the same lawyers at Kirkland & Ellis serve as debtors' counsel in both Chapter 11 cases.  Yet, the Wallet Motion ignored avoidance analysis, leaving it to the Committee to interpose an objection (that the Debtors could telegraph widely) that the relief requested was inconsistent with applicable law.

[25]     The Committee's comments and views regarding the Plan are laid out in the *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* (the "Committee Statement"), filed contemporaneously herewith and incorporated herein by reference.

**BASES FOR THE RELIEF REQUESTED**

20.     The Debtors' actions have violated an express prohibition in the Bankruptcy Code, infected the Chapter 11 process more generally, and deprived the Committee and creditors of a fair (and their rightful) opportunity to present counterviews at a hearing on the proposed Disclosure Statement.  Much of the Debtors' messaging is false and/or grossly misleading, reflecting a "vote tampering" intent.

21.     Section 1125(b) explicitly prohibits what the Debtors have done. *See, e.g., Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100-02 (3d Cir. 1988); *see also In re Cal. Fid., Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996); *In re Mirant Corp.*, 334 B.R. 787, 792 (Bankr. N.D. Tex. 2005); *In re Apex Oil Co.*, 111 B.R. 245, 249-50 (Bankr. E.D. Mo. 1990); *In re Temple Ret. Cmty., Inc.*, 80 B.R. 367, 368 (Bankr. W.D. Tex. 1987).

22.     Indeed, **any** communication to creditors, urging them to vote for or against a plan, falls squarely within the category of prohibited speech.  *See In re Snyder*, 51 B.R. 432, 437 (Bankr. D. Utah 1988) ("an unauthorized "solicitation" would include a specific request for an official vote for or against a plan of reorganization…that is made before dissemination to parties in interest of an approved disclosure statement"); *cf. Century Glove*, 860 F.2d at 100.

23.     Section 105(a) authorizes this Court to enter Orders remediating improper post-petition activity.  *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) ("[Section 105(a)] has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings." (internal citation omitted)); *In re VII Holdings Co.*, 362 B.R. 663, 668 (Bankr. D. Del. 2007) ("Section 105(a) bestows broad equitable powers on the Court.").

24.     Moreover, courts have inherent powers to, among other things, impose sanctions for violations of the Bankruptcy Code, including violations of Section 1125(b).  *See, e.g., Cal. Fid.*, 198 B.R. at 573-74 (citing *In re Gulph Woods Corp.*, 83 B.R. 339, 343 (Bankr. E.D. Pa. 1988); *Rook Broadcasting of Idaho,* 154 B.R. at 976)).

25.     Courts have rendered various kinds of relief in connection with violations of Section 1125(b), such as: (1) monetary sanctions, *see Cal. Fid.*, 198 B.R. at 573; (2) formal reprimand of all individuals involved, *see Snyder*, 51 B.R. at 439; and (3) injunctive relief, *see Gulph Woods*, 83 B.R. at 343.

26.     It is worth observing what transpired in the *Boys Scouts of America* Chapter 11 case, and how Judge Silverstein tried to remediate similarly wrongful conduct.[26]  There (as here), an estate party issued solicitation communications to thousands of creditors without first receiving court approval under Section 1125.[27]  There (as here), the communications mischaracterized the actions and positions of other estate parties/professionals, and denigrated the views of the party's adversaries.  There (as here), the communications at issue were transmitted via internet and personal emails to creditors, including creditors known to be represented by counsel who had not authorized direct communications about legal matters to their clients.  There (as here), the communications were issued on a Friday night, forcing counsel to spend a weekend (here, a holiday weekend) scrambling to ascertain the extent of damage and respond appropriately.[28]

27.     The plan proponents in *Boy Scouts* requested relief similar to that requested here. The party sending the offensive communications ultimately agreed to the requested relief without

---

[26]     *See* Axelrod Declaration Exhibit 4 (true and correct copies of relevant documents from *Boy Scouts of America* case).

[27]     *See* Axelrod Declaration Exhibit 4.1 (enforcement motion describing solicitation communications).

[28]     *See id.*; *see also* Axelrod Declaration Exhibits 4.2, 4.3 (transcripts of hearing on enforcement motion).

prejudice to further sanctions.[29]  The party's counsel later proposed a $2 million fee reduction as

sanction, which proposal was included in the confirmed and now effective plan of reorganization.[30]

As of the date of this filing, Judge Silverstein has not yet approved the $2 million quantum as

sufficient sanctions for what was done.[31]

<u>**COMMITTEE'S PROPOSED FORM OF ORDER**</u>

28.      In order to partially remedy the injury caused by the Debtors' breathtaking

disregard for the Bankruptcy Code, the Committee suggests that the Court order at least the

following:

(a)      <u>**Advance Notice Of All Future Communications; Expedited Hearing**</u>.
The Debtors shall give prior notice to the Committee of any substantive
communications that it intends to publish to its website, Twitter feed, on the
docket, or otherwise, concerning the Plan and any Disclosure Statement. If,
upon 48 hours' notice to the Committee (the "<u>Notice Period</u>"), the
Committee disputes any of the proposed communications, and the Debtors
and the Committee are unable to agree to revised communications, the
Debtors may seek an expedited hearing with the Court to resolve such
disagreement. In that event, the Committee shall not oppose the request for
expedited consideration provided that any such hearing is held on not less
than 24 hours' notice to the Committee; provided further that, if a hearing
to consider any appropriate relief in connection with any communications
(as may be held on an expedited basis) is requested by the Debtors to be
heard within the Notice Period but is scheduled for a later date by the Court,
the communication at issue shall not be distributed until the hearing
concludes. In the event of any dispute regarding the terms of such
communications, the Debtors and the Committee reserve any and all rights
under the Bankruptcy Code or applicable law.

(b)      <u>**Corrective Communication**</u>.      Additionally, the Debtors will post a
corrective letter on the case docket, their website and their Twitter feed, and
will also email such letter to all creditors that received the weekend
communications, acknowledging that the solicitation communications were

---

[29]      Axelrod Declaration Exhibit 4.4 (agreed order).  At the time the agreed order was entered, the offending party
had already issued a remediation communication; hence that element of relief was struck from the order.

[30]      *See* Axelrod Declaration Exhibit 4.5 (confirmation order attaching plan).  Art. V.S.7 of the plan (Docket No.
10316-1, page 87) describes the settlement in question.

[31]      *See id.*  Paragraph G of the confirmation order (Docket No. 10316, page 6) renders the offending party's fees
subject to further objection.

unlawful and misleading, retracting them completely, and fairly presenting the Committee's views as follows:

To all concerned:

BlockFi posted certain statements to the court docket, its website, and its Twitter feed on May 13, 2023, regarding a proposed plan of reorganization. We urge each of you to disregard those communications. BlockFi's publication of those communications was unlawful.

The Official Committee of Unsecured Creditors (the "Committee"), among other parties, does not support the plan of reorganization in question. Among other issues, the Committee believes that the plan provides releases of litigation claims against, among others, current and former directors and officers of BlockFi that committed significant misconduct that harmed BlockFi and its customers. The Committee also believes that it is not appropriate for BlockFi, via its current management and professionals, to control the liquidation of BlockFi and distributions to creditors. The Committee has requested changes to the plan. The Committee has not, however, proposed its own plan (as it is barred from doing so by the Debtors' "exclusivity" entitlements) or taken any formal position on certain issues ascribed to the Committee in our prior communications to you.

A disclosure statement must be approved by the Court before any party may lawfully encourage you to accept or reject any plan of reorganization. BlockFi retracts, repudiates and withdraws any prior statements concerning your vote on the plan, the Committee's positions regarding the plan and any alternatives that might be proposed by the Committee.

Please see the attached Order of the Bankruptcy Court and statement of the Committee. BlockFi and its professional advisors apologize to you for their conduct and any expense or delay caused to you thereby.

29.    It bears noting that, in preparation of this Emergency Motion, the Committee considered whether a remediation Order should also direct the Debtors to withdraw (*i.e.*, take off the docket) the Plan, Disclosure Statement, and Creditors Letter. There would be good reason for such provision, given that Saturday's direct emails to creditors hyperlinked to the Disclosure Statement (inclusive of falsehoods and/or gross misstatements), and given that those emails cannot

now be retrieved. The Committee is, however, reluctant to further feed the Debtors' shockingly false narrative that it is trying to obstruct case conclusion, especially given how hard it has worked and how firmly it has advocated for a quick resolution of this bankruptcy.

30. Without the foregoing relief, the harm caused by the Debtors' actions and any future similar actions will damage the estates' prospects of confirming any fair and equitable plan providing distributions to creditors.

## **NOTICE**

31. The Committee will provide notice of this Emergency Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Debtors; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter the proposed form of Order attached hereto as **Exhibit A**, and grant it such other and any further relief as is necessary and appropriate, given the very serious issues raised in this Emergency Motion.

Basking Ridge, New Jersey
Dated: May 15, 2023

By: */s/  Daniel M. Stolz*
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095

Fax:      (973) 533-1112
Email:    DStolz@genovaburns.com
            DClarke@genovaburns.com
            GKinoian@genovaburns.com

*Local Counsel for the Official*
*Committee of Unsecured Creditors*


By: */s/ Robert J. Stark*

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax:      (212) 209-4801
Email:    rstark@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC  20005
Telephone: (202) 536-1700
Fax:      (202) 536-1701
Email:    spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax:      (617) 856-8201
Email:    taxelrod@brownrudnick.com

*Counsel for the Official*
*Committee of Unsecured Creditors*

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

### ORDER ENFORCING SECTION 1125 OF THE BANKRUPTCY CODE

The relief requested on the attached pages is hereby ORDERED.

DATED:

_____
HONORABLE MICHAEL B. KAPLAN
CHIEF, UNITED STATES BANKRUPTCY JUDGE

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

Upon the emergency motion (the "Emergency Motion")[2] of the Committee for entry of an

Order,  pursuant to Bankruptcy Code Sections 105(a) and 1125; and upon the Axelrod Declaration

filed in support of the Emergency Motion; and the Court having jurisdiction to consider the

Emergency Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District*

*Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012,

(Simandle, C.J.); and this Court having found that venue of this proceeding and the Emergency

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that the relief requested in the Emergency Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that notice of the

Emergency Motion was appropriate under the circumstances and no other notice need be provided;

and this Court having reviewed the Emergency Motion and having heard the statements in support

of the relief requested therein at any hearing before this Court; and the Court having determined

that the legal and factual bases set forth in the Emergency Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Emergency Motion is **GRANTED** as set forth herein.

2.      The Debtors shall give prior notice to the Committee of any substantive

communications that it intends to publish to its website, Twitter feed, on the docket, or otherwise,

concerning the Plan and Disclosure Statement.

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency
Motion.

3.      If, upon 48 hours' notice to the Committee (the "Notice Period"), the Committee

disputes any of the proposed communications, and the Debtors and the Committee are unable to

agree to revised communications, the Debtors may seek an expedited hearing with the Court to

resolve such disagreement. In that event, the Committee shall not oppose the request for expedited

consideration provided that any such hearing is held on not less than 24 hours' notice to the

Committee; provided further that, if a hearing to consider any appropriate relief in connection with

any communications (as may be held on an expedited basis) is requested by the Debtors to be heard

within the Notice Period but is scheduled for a later date by the Court, the communication at issue

shall not be distributed until the hearing concludes. In the event of any dispute regarding the terms

of such communications, the Debtors and the Committee reserve any and all rights under the

Bankruptcy Code or applicable law.

4.      Within 24 hours of entry of this Order, the Debtors shall post a corrective letter on

the case docket, their website and their Twitter feed, and will also email to all creditors that

received communications described in the Emergency Motion.  The corrective letter shall state as

follows:

> To all concerned:
>
> BlockFi posted certain statements to the court docket, its website,
> and its Twitter feed on May 13, 2023, regarding a proposed plan of
> reorganization.   We urge each of you to disregard those
> communications.  BlockFi's publication of those communications
> was unlawful.
>
> The Official Committee of Unsecured Creditors (the "Committee"),
> among other parties, does not support the plan of reorganization in
> question.  Among other issues, the Committee believes that the plan
> provides releases of litigation claims against, among others, current
> and former directors and officers of BlockFi that committed
> significant misconduct that harmed BlockFi and its customers.  The
> Committee also believes that it is not appropriate for BlockFi, via
> its current management and professionals, to control the liquidation

3

of BlockFi and distributions to creditors. The Committee has requested changes to the plan. The Committee has not, however, proposed its own plan (as it is barred from doing so by the Debtors' "exclusivity" entitlements) or taken any formal position on certain issues ascribed to the Committee in our prior communications to you.

A disclosure statement must be approved by the Court before any party may lawfully encourage you to accept or reject any plan of reorganization. BlockFi retracts, repudiates and withdraws any prior statements concerning your vote on the plan, the Committee's positions regarding the plan and any alternatives that might be proposed by the Committee.

Please see the attached Order of the Bankruptcy Court and statement of the Committee. BlockFi and its professional advisors apologize to you for their conduct and any expense or delay caused to you thereby.

5.      Notwithstanding anything to the contrary in the Emergency Motion or this Order, the Committee on behalf of itself and the Debtors' estates retain all rights to seek any further and other applicable legal or equitable remedies for the Debtors' actions and the harm caused by those actions, and the Committee's failure to request any such relief in the Emergency Motion or the omission of any such relief from this Order shall not preclude the Committee or any other party from later seeking such relief in accordance with applicable law and rules.

6.      The Debtors and the Committee are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Emergency Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Axelrod Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

**DECLARATION OF TRISTAN AXELROD IN
<u>CONNECTION WITH EMERGENCY MOTION TO ENFORCE SECTION 1125</u>**

I, Tristan Axelrod, being duly sworn, hereby declare as follows:

1.       I am a partner at the law firm of Brown Rudnick LLP, located at One Financial Center, Boston, MA  02111.  I am a member in good standing of the bar of the Commonwealth of Massachusetts.  I serve as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>BlockFi</u>").  I submit this declaration (this "<u>Declaration</u>") in connection with the *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)*, (the "<u>Emergency Motion</u>") filed concurrently herewith.  Except as otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  If called upon to testify, I would competently testify to the facts set forth herein.

2.       Attached as **<u>Exhibit 1</u>** to this Declaration is a true and correct copy of the "Chapter 11 Disclosure Statement FAQs," which I retrieved from BlockFi's website (https://blockfi.com/chapter-11-disclosure-statement-faq) on May 13, 2023.

---

[1]       The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

3.      Attached as **Exhibit 2** to this Declaration is a true and correct copy of a Twitter thread posted by BlockFi, which I retrieved from Twitter (https://twitter.com/BlockFi/status/1657175589676109832?cxt=HHwWkMC-keaavP8tAAAA) on May 13, 2023.

4.      Attached as **Exhibit 3** to this Declaration is a true and correct copy of an email forwarded to me by a member of the Committee whose name has been redacted to ensure privacy. I received multiple substantially identical copies of this email from creditors of BlockFi, including creditors I understand to be represented by personal counsel listed on their proof of claim as preferred contact.

5.      Attached as **Exhibit 4** are true and correct copies of materials from *In re Boy Scouts of America et al.*, Case No. 20-10343 (LSS) (Bankr. D. Del.), delineated as follows:

      a.   **Exhibit 4.1** is the *Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7118] (the "Enforcement Motion").

      b.   **Exhibit 4.2** is a transcript of a hearing held November 12, 2021, upon the Enforcement Motion.

      c.   **Exhibit 4.3** is a transcript of a hearing held November 17, 2021, upon the Enforcement Motion.

      d.   **Exhibit 4.4** is the *Agreed Interim Order on Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Solicitation Procedures Order, (II) Enforcing Section 1103 of the Bankruptcy Code Against the Tort Claimants' Committee, and (III) Granting Related Relief* [Docket No. 7401].

      e.   **Exhibit 4.5** is the *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 10316].

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 15, 2023                                    /s/ Tristan G. Axelrod
        Boston, Massachusetts                          Tristan G. Axelrod, Esq.