| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>       kaulet@brownrudnick.com<br>       bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br><br>  -and-<br><br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>       DClarke@genovaburns.com<br>       GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com<br><br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA 02111<br>Tristan Axelrod, Esq.<br>Telephone: (617) 856-8200<br>Fax: (617) 856-8201<br>Email: taxelrod@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) SEAL THE REDACTED PORTIONS OF THE STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RESPECTING THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the Committee's *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* (the "**Committee's Statement**"), filed substantially contemporaneously herewith,[2] relating to the Committee's *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)* (the "**Committee's Emergency 1125(b) Motion**") in response to, among other things, the *Letter to Creditors in Support of Plan* filed by the Debtors on May 12, 2023 (the "**Debtors' Plan Solicitation Letter**") [Docket No. 873], and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

---

[2] A redacted version of the Committee's Statement has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Committee's Statement is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

## PRELIMINARY STATEMENT

1. The redacted portions of the Committee's Statement include references to documents provided by the Debtors to the Committee designated as confidential pursuant to the *Confidentiality Stipulation and Protective Order* [Docket No. 498] (the "**Protective Order**") entered in this case. The Committee believes such designations are improper. However, for purposes of expediency, so as not to delay the filing of the Committee's Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

2. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the redacted information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November

29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

6. On May 12, 2023 (a Friday) at 5:45 pm, the Debtors' Plan Solicitation Letter was filed, prior to, but immediately followed by, the filing by the Debtors of a *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 874] (the "**Proposed Disclosure Statement**"), the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 875] (the "**Proposed Plan**") and a *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 876] (the "**Disclosure Statement Approval Motion**").

7. The Committee's Emergency 1125(b) Motion sets forth the background and bases for that pleading and is incorporated herein by reference.

**APPLICABLE LAW**

8. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

9. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

10. As previously stated, the redacted portions of the Committee's Statement include references to documents provided by the Debtors to the Committee designated as confidential pursuant to the Protective Order. The Committee believes such designations are improper. However, for purposes of expediency, so as not to delay the filing of the Committee's Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

11. Therefore, the Committee's Motion to Seal should be granted.

**<u>NO PRIOR REQUEST</u>**

12. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the information redacted from the Committee's Statement. The Committee has previously filed Motions to Seal with respect to other pleadings unrelated to

the Committee's Statement or the information redacted therefrom. *See* Docket Nos. 311, 382 and 403.

## RESERVATION OF RIGHTS

13. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: May 15, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:  (973) 230-2095
Fax:  (973) 533-1112
Email: DStolz@genovaburns.com
       DClarke@genovaburns.com
       GKinoian@genovaburns.com

*Local Counsel for the Official*
*Committee of Unsecured Creditors*