| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| BROWN RUDNICK LLP <br> Robert J. Stark, Esq. <br> Kenneth J. Aulet, Esq. <br> Bennett S. Silverberg, Esq. <br> Seven Times Square <br> New York, NY  10036 <br> Telephone: (212) 209-4800 <br> Fax: (212) 209-4801 <br> Email: rstark@brownrudnick.com <br>        kaulet@brownrudnick.com <br>        bsilverberg@brownrudnick.com <br> *Counsel for the Official Committee of Unsecured Creditors* <br><br>   -and- <br><br> GENOVA BURNS LLC. <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> Telephone: (973) 230-2095 <br> Fax: (973) 533-1112 <br> Email: DStolz@genovaburns.com <br>        DClarke@genovaburns.com <br>        GKinoian@genovaburns.com <br> *Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP <br> Stephen D. Palley, Esq. <br> 601 Thirteenth Street, NW <br> Washington, DC  20005 <br> Telephone: (202) 536-1700 <br> Fax: (202) 536-1701 <br> Email:  spalley@brownrudnick.com <br><br> BROWN RUDNICK LLP <br> One Financial Center <br> Boston, MA  02111 <br> Tristan Axelrod, Esq. <br> Telephone: (617) 856-8200 <br> Fax:  (617) 856-8201 <br> Email: taxelrod@brownrudnick.com |
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br>                Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

## APPLICATION FOR ORDER SHORTENING TIME AND CERTAIN OTHER RELIEF

The applicant, the Official Committee of Unsecured Creditors (the "Committee") of BlockFi Inc., ("BlockFi" or the "Debtor"), by and through its counsel, having filed substantially contemporaneously with this Application a motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") (discussed further below), hereby requests that the time period for the Motion to Seal ordinarily required by D.N.J. LBR 9013-2(a) be shortened pursuant to Fed. R. Bankr. P. 9006(c)(1), and that an order be entered substantially in the form submitted herewith (the "**Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice**"), for the reasons set forth below:

1. Friday evening, the Debtors filed with this Court a new proposed Plan and a new proposed Disclosure Statement.[2] Obviously, the Court has not approved the Disclosure Statement or any other solicitation documents/procedures; the objection deadline and hearing on the proposed Disclosure Statement are weeks away. And, yet, simultaneously with these filings, the Debtors filed and immediately posted on Twitter and published on their website an open letter to creditors arguing why they should vote in favor of the Plan.[3] This was accompanied by self-styled "FAQs" that say things like this: "We strongly recommend that you vote to accept the plan. Our plan

---

[2] *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 875] (the "Plan"); *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 874] (the "Disclosure Statement").

[3] *A Letter to Creditors* [Docket No. 873] (the "Plan Soliciation Letter"); Axelrod Declaration (attached as Exhibit "B" to the Motion) Exhibit 1 (selection from https://blockfi.com/chapter-11-disclosure-statement-faq, retrieved May 13, 2023, at 7:43 a.m. EST, the "FAQs"); Axelrod Declaration Exhibit 2 (Twitter thread regarding the Plan, Disclosure Statement and FAQs, posted May 12, 2023, the "Twitter Thread"). Notably, the docket entry for the Plan Solicitation Letter reads "Document re: Letter to Creditors in Support of Plan." The CM/ECF system for the NJ Bankruptcy Court allows for the filer to insert a description of the "Document" being filed, meaning that Debtors' counsel knowingly described the filing as a letter urging creditors to support the Plan.

maximizes recovery for BlockFi clients and provides for the quickest possible distributions to clients, while allowing us to wind down in an orderly fashion."[4]

2. In an attempt to mitigate the irreparable harm caused by the Debtor's improper solicitation of the Plan, the Committee has filed, substantially contemporaneously herewith, an *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)* (the "**Committee's Emergency 1125(b) Motion**").

3. In addition, in connection with the Committee's Emergency 1125(b) Motion, the Committee also filed the *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* (the "**Committee's Statement**"). The Committee's Statement includes references to documents provided by the Debtors to the Committee designated as confidential pursuant to the *Confidentiality Stipulation and Protective Order* [Docket No. 498] (the "**Protective Order**") entered in this case, which references have been redacted, necessitating the Motion to Seal.

4. The Committee believes the Debtors' confidentiality designations are improper. However, for purposes of expediency, so as not to delay the filing of the Committee's Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

---

[4] FAQs.

5. Every single day the improper solicitation is permitted to remain accessible through the Debtor's channels, or the Committee's proposed curative language is not prominently posted, the harm resulting from the improper solicitation grows. Substantially contemporaneously with the Committee's Emergency 1125(b) Motion, the Committee filed an application pursuant to Fed. R. Bankr. P. 9006(c)(1) requesting that the Committee's Emergency 1125(b) Motion be heard on shortened and limited notice, respectfully requesting that the matters be scheduled for a hearing **at the Court's earliest availability**. Likewise, and for the same reasons supporting that application for shortened notice, the Committee by this Application requests a hearing on shortened and limited notice with respect to the Motion to Seal be scheduled contemporaneously with the Committee's Emergency 1125(b) Motion.

6. Reduction of the time period requested by this Application is not prohibited under Fed. R. Bankr. P 9006(c)(2).

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Application, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary and appropriate.

Dated: May 15, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Donald W. Clarke, Esq.
    110 Allen Rd., Suite 304
    Basking Ridge, NJ 07920
    Tel:   (973) 230-2095
    Fax:  (973) 533-1112
    Email: DClarke@genovaburns.com

*Local Counsel for the Official Committee of Unsecured Creditors*