| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| BROWN RUDNICK LLP <br> Robert J. Stark, Esq. <br> Kenneth J. Aulet, Esq. <br> Bennett S. Silverberg, Esq. <br> Seven Times Square <br> New York, NY 10036 <br> Telephone: (212) 209-4800 <br> Fax: (212) 209-4801 <br> Email: rstark@brownrudnick.com <br>       kaulet@brownrudnick.com <br>       bsilverberg@brownrudnick.com <br> *Counsel for the Official Committee of Unsecured Creditors* <br><br>   -and- <br><br> GENOVA BURNS LLC. <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> Telephone: (973) 230-2095 <br> Fax: (973) 533-1112 <br> Email: DStolz@genovaburns.com <br>       DClarke@genovaburns.com <br>       GKinoian@genovaburns.com <br> *Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP <br> Stephen D. Palley, Esq. <br> 601 Thirteenth Street, NW <br> Washington, DC 20005 <br> Telephone: (202) 536-1700 <br> Fax: (202) 536-1701 <br> Email: spalley@brownrudnick.com <br><br> BROWN RUDNICK LLP <br> One Financial Center <br> Boston, MA 02111 <br> Tristan Axelrod, Esq. <br> Telephone: (617) 856-8200 <br> Fax: (617) 856-8201 <br> Email: taxelrod@brownrudnick.com |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br>           Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

### APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) SEAL THE DECLARATION OF TRISTAN AXELROD IN CONNECTION WITH STATEMENT RESPECTING PLAN AND (II) GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the *Declaration of Tristan Axelrod in Connection with Statement Respecting Plan* (the "**Axelrod Declaration**"), filed substantially contemporaneously herewith,[2] relating to the Committee's *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* filed on May 15, 2023 [Docket No. 899] (the "**Committee's Statement**"), which itself was filed in connection with the Committee's *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)* filed on May 15, 2023 [Docket No. 895] (the "**Committee's Emergency Motion**") in response to, among other things, the *Letter to Creditors in Support of Plan* filed by the Debtors on May 12, 2023 [Docket No. 873] (the "**Debtors' Plan Solicitation Letter**"), and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent

---

[2] An unredacted version of the Axelrod Declaration is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

- 3 -

with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Committee seeks authority to file the entire Axelrod Declaration and its exhibits under seal. Each of the exhibits to the Axelrod Declaration to are documents designated by the Debtors as confidential or containing confidential information pursuant to the *Confidentiality Stipulation and Protective Order* [Docket No. 498] (the "**Protective Order**") entered in this case. The Axelrod Declaration merely identifies each exhibit. However, to avoid an accusation that such identifications violate the Protective Order, the Committee seeks authority to file the Axelrod Declaration under seal as well.

2. The Committee disagrees with the Debtors' designations and believe them to be improper. However, for purposes of expediency, so as not to delay the filing of the Axelrod Declaration, which is relevant to the Committee Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

3. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the redacted information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal be granted.

## JURISDICTION

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

5. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

6. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

7. On May 12, 2023 (a Friday) at 5:45 pm, the Debtors' Plan Solicitation Letter was filed, prior to, but immediately followed by, the filing by the Debtors of a *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 874] (the "**Proposed Disclosure Statement**"), the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 875] (the "**Proposed Plan**") and a *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 876] (the "**Disclosure Statement Approval Motion**").

8. The Committee's Emergency Motion, which was filed on May 15, 2023, sets forth the background and bases for that pleading and is incorporated herein by reference.

9. The Axelrod Declaration relates to the Committee Statement, which was filed on May 15, 2023, which itself was filed in connection with the Committee's Emergency Motion.

10. On May 16, 2023, the Court entered an *Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice* [Docket No. 903] with respect to the Committee's Emergency Motion, which, among other things, scheduled a hearing on the Committee's Emergency Motion for May 18, 2023 at 11:30 a.m.

## APPLICABLE LAW

11. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

12. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

13. As previously stated, each of the exhibits to the Axelrod Declaration to are documents designated by the Debtors as confidential or containing confidential information pursuant to the Protective Order. The Axelrod Declaration merely identifies each exhibit. However, to avoid an accusation that such identifications violate the Protective Order, the Committee seeks authority to file the Axelrod Declaration under seal as well.

14. While the Committee disagrees with the Debtors' designations and believe them to be improper, for purposes of expediency, so as not to delay the filing of the Axelrod Declaration, which is relevant to the Committee Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

15. Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the Axelrod Declaration or the exhibits thereto. The Committee has previously filed motions to seal with respect to other pleadings unrelated to the Axelrod Declaration. *See* Docket Nos. 311, 382 and 403. On May 15, 2023, the Committee filed a motion to seal with respect to the Committee Statement, which was filed with redactions. An *Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice* [Docket No. 904] was entered on May 16, 2023 with respect to that motion to seal, that, among other things, scheduled a hearing on that motion to seal for May 18, 2023 at 11:30 a.m.[3]

---

[3] The Committee will be filing substantially contemporaneously herewith an Application for Shortening Time requesting that a hearing on this Motion to Seal be held contemporaneously with May 18, 2023 hearings.

## RESERVATION OF RIGHTS

17. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: May 16, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 230-2095
Fax:   (973) 533-1112
Email: DStolz@genovaburns.com
       DClarke@genovaburns.com
       GKinoian@genovaburns.com

*Local Counsel for the Official
Committee of Unsecured Creditors*