UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

---

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**Order Filed on May 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

**DATED: May 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered four (4) through seven (7), is **ORDERED**.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Motion"),[1] where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order (this "Order") (a) authorizing the Debtors to (i) honor client withdrawals solely from the Wallet Accounts as of the Platform Pause Time Stamp, (ii) update the User Interface to properly reflect transactions and assets held in clients' accounts as of the Platform Pause Time Stamp, and (iii) conduct ordinary course reconciliation of client accounts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court on May 8, 2023 (the "Hearing"); and this Court having determined and articulated on the record at a hearing on May 11, 2023, that the legal and factual bases set forth in the Motion, the Stipulated Facts (Dkt. No. 842), the Amended Declaration of Amit Cheela (Dkt. No. 822), and the exhibits to each, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The digital assets held in the Custodial Omnibus Wallets as of the Platform Pause Time Stamp are not property of the Debtors' estate.

3. The Debtors are authorized to take any actions to update the User Interface and Company-Facing Interface to accurately reflect the transactions and related balance of digital assets as of the Platform Pause Time Stamp, including those held in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts. With respect to BlockFi International, the foregoing shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

4. The Debtors are authorized, but not directed, to distribute the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp, subject to further order of the Court with respect to preference

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

claims under chapter 5 of the Bankruptcy Code and any setoff rights; *provided, however,* that distributions of the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp to BlockFi International clients from the International Vault Wallets shall be honored subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

5. For the avoidance of doubt, all complete or partial withdrawals or distributions from the Client Wallet Accounts shall be subject to the ordinary withdrawal fees provided for under the BlockFi Wallet Terms of Service and the cost of facilitating the withdrawals shall be mitigated insofar as reasonably practicable by the Debtors.

6. For the avoidance of doubt, nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31); or (iii) pending further order of the Court, to permit withdrawal from (x) any Wallet Account that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date, or (y) any Wallet Account belonging to any person that the Debtors reasonably believe may be subject to any avoidance actions under chapter 5 of the Bankruptcy Code or other rights of setoff belonging to the Debtors' estates.

(Page | 6)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

7. The Debtors are authorized to conduct reconciliatory practices in the ordinary course consistent with prepetition practices. Reconciliatory practices for BlockFi International shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

8. Notwithstanding the actual or threatened suspension or termination of any transmission licenses by any U.S. state or governmental entity, any transfers or disbursements made pursuant to this Order shall not be deemed an implication, admission, or determination that the Debtors are operating with a suspended or terminated license, nor shall the Debtors or their insurance providers be liable for any associated fines or penalties, including, but not limited to, penalties related to the Arch Insurance Company money transmitter bonds or otherwise.

9. For the avoidance of doubt, the approximately $7,423,926 worth of digital assets that were requested to be transferred from clients' Client Wallet Accounts to their BIAs or to their BlockFi private client accounts during the Platform Pause Period did not include any requests from BlockFi's U.S. clients to transfer digital assets from Client Wallet Accounts to BIAs, which was prohibited on BlockFi's platform as of February 14, 2022 in connection with BlockFi's settlement agreement with the U.S. Securities and Exchange Commission.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Redline**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>~~*Proposed*~~ *Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>~~**Hearing Date and Time:**~~ |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR
WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER
INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS
AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE
RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

2

The relief set forth on the following pages, numbered ~~three~~four (~~3~~4) through ~~six~~seven (~~6~~7), is **ORDERED**.

~~2~~

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Motion"),[1] ~~of~~where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), ~~for~~seek entry of an order (this "Order") (a) authorizing the Debtors to (i) honor client withdrawals solely from the Wallet Accounts as of the Platform Pause Time Stamp, (ii) update the User Interface to properly reflect transactions and assets held in clients' accounts as of the Platform Pause Time Stamp, and (iii) conduct ordinary course reconciliation of client accounts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court on May 8, 2023 (the "Hearing"); and this Court having determined and articulated on the record at a hearing on May 11, 2023, that the legal and factual bases set forth in the Motion, the Stipulated Facts (Dkt.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

~~3~~

| | |
|---|---|
| (Page \| 4) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

No. 842), the Amended Declaration of Amit Cheela (Dkt. No. 822), and the exhibits to each, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** ~~on a basis~~ as set forth herein.

2. The digital assets held in the Custodial Omnibus Wallets as of the Platform Pause Time Stamp are not property of the Debtors' estate.

3. The Debtors are authorized to take any actions to update the User Interface and Company-Facing Interface to accurately reflect the transactions and related balance of digital assets as of the Platform Pause Time Stamp, including those held in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts. With respect to BlockFi International, the foregoing shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

4. ~~2.~~ The Debtors are authorized ~~to honor client withdrawal requests solely from the~~, but not directed, to distribute the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp ~~in accordance with the BlockFi Wallet Terms of Service~~, subject to further order of the Court with respect to preference claims under chapter 5 of the Bankruptcy Code and any setoff rights; *provided, however,* that ~~the withdrawal requests of the~~ distributions of the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause

(Page | 5)
Debtors:         BLOCKFI INC., *et al*.
Case No.:        22-19361 (MBK)
Caption of Order: ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF

---

Time Stamp to BlockFi International clients from the International Vault Wallets shall be honored subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

5.    For the avoidance of doubt, all complete or partial withdrawals or distributions from the Client Wallet Accounts, ~~including Trade-Only Assets,~~ shall be subject to the ordinary withdrawal fees provided for under the BlockFi Wallet Terms of Service and the cost of facilitating the withdrawals shall be mitigated insofar as reasonably practicable by the Debtors.

6.    For the avoidance of doubt, nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31); or (iii) pending further order of the Court, to permit withdrawal from (x) any Wallet Account that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date, or (y) any Wallet Account belonging to any person that the Debtors reasonably believe may be subject to any avoidance actions under chapter 5 of the Bankruptcy Code or other rights of setoff belonging to the Debtors' estates.

~~3. The Debtors are authorized to dollarize the Trade-Only Assets as soon as reasonably practicable after a client makes a withdrawal request of such Trade-Only Assets. Withdrawal of~~

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption <u>of Order</u>: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

~~the Trade-Only Assets of BlockFi International shall be conducted subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.~~

~~4. The Debtors are authorized to take any actions reasonably necessary to accurately reflect that the Attempted Platform Pause Transactions did not actually occur, so that the User Interface properly reflects the digital assets in the Wallet Accounts as of the Platform Pause Time Stamp. With respect to Attempted Platform Pause Transactions for BlockFi International, this shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.~~

<u>7.</u>    ~~5.~~ The Debtors are authorized to conduct reconciliatory practices in the ordinary course consistent with prepetition practices. Reconciliatory practices for BlockFi International shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

<u>8.</u>    ~~6.~~ Notwithstanding the actual or threatened suspension or termination of any transmission licenses by any U.S. state or governmental entity, any transfers or disbursements made pursuant to this Order shall not be deemed an implication, admission, or determination that the Debtors are operating with a suspended or terminated license, nor shall the Debtors or their insurance providers be liable for any associated fines or penalties, including, but not limited to, penalties related to the Arch Insurance Company money transmitter bonds or otherwise.

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption <u>of Order</u>: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

9. <u>For the avoidance of doubt, the approximately $7,423,926 worth of digital assets that were requested to be transferred from clients' Client Wallet Accounts to their BIAs or to their BlockFi private client accounts during the Platform Pause Period did not include any requests from BlockFi's U.S. clients to transfer digital assets from Client Wallet Accounts to BIAs, which was prohibited on BlockFi's platform as of February 14, 2022 in connection with BlockFi's settlement agreement with the U.S. Securities and Exchange Commission.</u>

<u>10.</u>    ~~7.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a <u>determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a</u> request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (~~f~~<u>g</u>) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (~~g~~<u>h</u>) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

11. ~~8.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. ~~9.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

14. ~~10.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.