| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br><br>-and-<br><br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>Patrick E. Gilman, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com<br>         pgilman@brownrudnick.com<br><br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA 02111<br>Tristan Axelrod, Esq.<br>Telephone: (617) 856-8200<br>Fax: (617) 856-8201<br>Email: taxelrod@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) AUTHORITY TO FILE UNDER SEAL THE PRELIMINARY REPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND (II) OTHER RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through its counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the Committee's *Preliminary Report Addressing Question Posed by the Official Committee of Unsecured Creditors: Why Did BlockFi Fail?* (the "**Preliminary Report**"), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1.   The Committee seeks authority to file the entire Preliminary Report and its exhibits under seal. Each of the exhibits to the Preliminary Report are documents designated by the Debtors as confidential or containing confidential information pursuant to the *Confidentiality Stipulation and Protective Order* [Docket No. 498] (the "**Protective Order**") entered in this case. The Committee's Preliminary Report includes references to the exhibits as well as other documents

---

[2] An unredacted version of the Committee's Preliminary Report is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

and information provided by the Debtors to the Committee designated as confidential pursuant to Protective Order. The Committee believes such designations are improper. However, for purposes of expediency, so as not to delay the filing of the Committee's Preliminary Report, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

2. For the reasons set forth herein, the Committee respectfully states that it has satisfied its burden in establishing that the redacted information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

6. On May 12, 2023 (a Friday) at 5:45 pm, the Debtors filed a *Letter to Creditors in Support of Plan* [Docket No. 873] (the "**Debtors' Plan Solicitation Letter**"), which was filed prior to, but immediately followed by, the filing by the Debtors of a *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 874] (the "**Proposed Disclosure Statement**"), the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 875] (the "**Proposed Plan**") and a *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 876] (the "**Disclosure Statement Approval Motion**").

7. In response to, among other things, Debtors' Plan Solicitation Letter, in an attempt to mitigate the irreparable harm caused by the Debtors' improper solicitation of their Proposed Plan, on May 15, 2023, the Committee filed an *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)* [Docket No. 895] (the "**Committee's Emergency Motion**") and a *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* [Docket No. 899] (the "**Committee's Statement**").[3] On May 16, 2023, the Committee filed under seal the *Declaration of Tristan Axelrod in Connection with Statement Respecting Plan* (the "**Axelrod Declaration**")[4] which related to the Committee's Statement.

---

[3] A Motion to Seal was filed with respect to the Committee's Statement [Docket No. 900].

[4] A Motion to Seal was filed with respect to the Axelrod Declaration [Docket No. 919].

- 4 -

8. On May 17, 2023, the Debtors filed an objection with respect to the Committee's Emergency Motion [Docket No. 926] (the "**Debtor's Objection**").

9. The Committee's Emergency Motion sets forth the background and bases for that pleading which are incorporated herein by reference.

10. On May 16 and 17, 2023, the Court entered *Orders Shortening Time Period for Notice, Setting Hearing and Limiting Notice* [Docket Nos. 903, 904 and 922] with respect to the Committee's Emergency Motion and Motions to Seal filed with respect to the Committee's Statement and the Axelrod Declaration, which orders, among other things, scheduled a hearing on those matters for May 18, 2023 at 11:30 a.m.

## APPLICABLE LAW

11. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

12. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined

- 5 -

as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

13. As previously stated, each of the exhibits to the Committee's Preliminary Report are documents designated by the Debtors as confidential or containing confidential information pursuant to the Protective Order. The Committee's Preliminary Report includes references to the exhibits as well as other documents and information provided by the Debtors to the Committee designated as confidential pursuant to Protective Order. Accordingly, the Committee seeks authority to file the entire Preliminary Report and its exhibits under seal.

14. While the Committee disagrees with the Debtors' designations and believe them to be improper, for purposes of expediency, so as not to delay the filing of the Committee's Preliminary Report, which is relevant to the matters raised by the Debtors' Plan Solicitation Letter, Proposed Disclosure Statement, Proposed Plan, Disclosure Statement Approval Motion, Debtor's Objection to the Committee's Emergency Motion, as well as the issues raised by the Committee's Statement, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's confidentiality designations, including, but not necessarily limited to, those rights under the terms of the Protective Order are hereby being expressly preserved.

15. Therefore, this Motion to Seal should be granted.

**NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the Committee's Preliminary Report. On May 15, 2023,

the Committee filed a motion to seal [Docket No. 900] with respect to the Committee's Statement, which was filed with redactions. On May 16, 2023, the Committee filed the entire Axelrod Declaration under seal and filed a motion to seal [Docket No. 919] with respect thereto. Those motions to seal were scheduled to be heard on May 18, 2023 at 11:30 a.m. The Committee has previously filed motions to seal with respect to other pleadings unrelated to the Committee Report. *See* Docket Nos. 311, 382 and 403.

## **RESERVATION OF RIGHTS**

17. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: May 18, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 230-2095
Fax:   (973) 533-1112
Email: DStolz@genovaburns.com
       DClarke@genovaburns.com
       GKinoian@genovaburns.com

*Local Counsel for the Official Committee of Unsecured Creditors*