**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS OF ELISE S. FREJKA

I, Elise S. Frejka, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Fee Examiner in the above-captioned chapter 11 cases of BlockFi Inc., and its affiliated debtors (collectively, the "Debtors"). See *Order Appointing an Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Dkt. No. 925].

2. I am a member of the law firm of Frejka PLLC (the "Firm"), and I am admitted to practice before the courts of the State of New York, the Supreme Court of the United States, the Second and Federal Circuit Courts of Appeal, and the Southern, Eastern, and Northern Districts of New York.

3. After more than two decades working in the bankruptcy and restructuring departments of major law firms, I founded the Firm in March 2015. Since 2015, I have been appointed by the United States Bankruptcy Court for the District of Delaware as the fee examiner in the large and complex chapter 11 cases of *In re CL H Winddown LLC (f/k/a*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

*CarbonLite Holdings LLC)*, 21-10527 (JTD) (Bankr. D. Del. Mar. 8, 2021), *In re Woodbridge Group of Companies, LLC*, 17-12560 (JKS) (Bankr. D. Del. Dec. 4, 2017), and *In re TSA WD Holdings, Inc. (f/k/a Sports Authority Holdings, Inc.)*, 16-10527 (MFW) (Bankr. D. Del. Oct. 18, 2017). In each of the years 2017 through 2022, I have been named as one of the Nation's Top Attorney Fee Experts by the National Association of Legal Fee Analysis. I have also served as an expert witness on fee issues in several non-fee examiner matters.

4. I submit this Declaration to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in connection with my appointment as Fee Examiner.

5. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

6. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry and review of the potential parties in interest set forth on the lists provided by the Debtors:

   a. Neither the Firm nor I is, and has not been, during the pendency of these chapter 11 cases, a creditor, equity security holder, or insider of any of the Debtors.

   b. Neither any attorney at the Firm nor I is, and has not been, a director, officer, or employee of any of the Debtors.

   c. Neither the Firm nor I have an interest materially adverse to the interests of these bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in any of the Debtors, or for any other reason.

   d. Neither any attorney at the Firm nor I is a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey, the Office of the United States Trustee for Region 3 or any person employed by the Office of the United States Trustee for Region 3.

   e. Neither the Firm nor I represent or have represented in the past any of the Debtors or any of their affiliates.

   f. Neither the Firm nor I represent or have represented in the past any party in interest in connection with the Debtors' chapter 11 cases.

2

       g.      Neither the Firm nor I have any connection with any of the professionals which have been retained by the Debtors or the Official Committee of Unsecured Creditors (the "Retained Professionals") except that (1) prior to March 9, 2015, while employed at Kramer Levin Naftalis & Frankel LLP, I represented Deloitte Tax LLP, the Debtors' proposed Tax Services Provider in matters wholly unrelated to the Debtors' chapter 11 cases and, since March 9, 2015, the Firm previously represented affiliates of Deloitte Tax LLP in matters wholly unrelated to the Debtors' chapter 11 cases, and (2) the Firm represents a defendant in *In re Fairfield Sentry Limited* and Brown Rudnick LLP represents the plaintiff. In addition, both the Firm and I have, in the past, and from time to time, in the future, will likely have numerous interactions with the Retained Professionals, serve as co-counsel with a Retained Professional, hire a Retained Professional as an expert or consultant on behalf of one of our clients or represent a client in a matter in which a Retained Professional represents an adverse party or serves as an expert or consultant for an adverse party.

       h.      Neither the Firm nor I have any connection with any of the members of the Official Committee of Unsecured Creditors.

7.      I do not believe that any of the disclosures set forth in paragraph 6 above will in any way compromise my disinterestedness as Fee Examiner in the Debtors' chapter 11 cases.

8.      If I discover any facts bearing on the matters described herein, I will supplement the information contained in this Declaration.

9.      The Office of the U.S. Trustee has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines"). 28 C.F.R. pt. 58, Appendix B. The purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines.

       (a)      I shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of any other applicable procedures and orders of the Court, including (1) only billing 50% for non-working travel and not seeking the reimbursement of any fees or costs, including attorneys fees, arising from the defense of the Firm's fee applications in these chapter 11 cases; (b) not charging a mark-up with respect to fees

3

          billed by contract attorneys or independent contractors or subcontractors; (c) providing all monthly fee statements, interim fee applications and final fee applications to the Office of the United States Trustee in LEDES format; and (d) not sharing compensation received for services rendered in connection with these chapter 11 cases with any other person other than as permitted by section 504 of the Bankruptcy Code.  I will make a reasonable effort to comply with the U.S. Trustee's requests for information both in connection with my appointment and any related applications and the interim and final fee application to be filed by me in these cases.  My 2023 hourly rate is $625, and the Firm will provide at least ten (10) days advance notice to the Debtors, the Office of the United States Trustee, and the Official Committee of Unsecured Creditors of any change in this hourly rate before it becomes effective.

(b)      The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**: No.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

**Response**: Not applicable.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**: Not applicable.

4

(c) I have performed work in good faith, beginning on May 8, 2023, and earlier, in anticipation of the commencement of the Fee Examiner's work.

(d) I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 18, 2023

_____
Elise S. Frejka

5