# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11

Case Number: 22-19361 MBK

Jointly Administered

**Order Filed on May 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## ORDER ENFORCING SECTION 1125 OF THE BANKRUPTCY CODE

The relief requested on the attached pages is hereby ORDERED.

**DATED: May 18, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Upon the emergency motion (the "Emergency Motion")[2] of the Committee for entry of an Order, pursuant to Bankruptcy Code Sections 105(a) and 1125; and upon the Axelrod Declaration filed in support of the Emergency Motion; and the Court having jurisdiction to consider the Emergency Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012, (Simandle, C.J.); and this Court having found that venue of this proceeding and the Emergency Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Emergency Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Emergency Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Emergency Motion and having heard the statements in support of the relief requested therein at any hearing before this Court; and the Court having determined that the legal and factual bases set forth in the Emergency Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Emergency Motion is **GRANTED in part** as set forth herein.

2. Apart from pleadings consistent with the Bankruptcy Code and Rules, or as permitted by today's ruling, neither the Debtors nor the Official Committee of Unsecured Creditors (the "Committee") shall publish any advocacy communications to its website, Twitter feed, on the docket, or otherwise, concerning the Plan and Disclosure Statement, until such time as the Disclosure Statement and solicitation materials have been approved.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

3. Within 24 hours of entry of this Order, the Debtors shall post a corrective letter on the case docket, their website and their Twitter feed, and will also email to all creditors that received communications described in the Emergency Motion. The corrective letter shall state as follows:

> To all concerned:
>
> BlockFi prematurely posted certain statements to the court docket, its website, and its Twitter feed on May 13, 2023, regarding a proposed plan of reorganization. We urge each of you to disregard those communications until such time as the publication and dissemination of such statements are authorized. BlockFi's publication of those communications is inconsistent with the requirements of the Bankruptcy Code and undertaken without Court authorization. The Court has directed BlockFi to circulate this communication on behalf of the Official Committee of Unsecured Creditors (the "Committee") to clarify that the Court has not yet approved BlockFi's disclosure statement or BlockFi's ability to solicit acceptances of its plan.
>
> At this juncture, the Committee, among other parties, does not support the plan of reorganization in question. Among other issues, the Committee believes that the plan provides releases of litigation claims against, among others, current and former directors and officers of BlockFi that committed significant misconduct that harmed BlockFi and its customers. The Committee also believes that it is not appropriate for BlockFi, via its current management and professionals, to control the liquidation of BlockFi and distributions to creditors. The Committee has requested changes to the plan. The Committee has not, however, proposed its own plan (as it is barred from doing so by the Debtors' "exclusivity" entitlements) or taken any formal position on certain issues ascribed to the Committee in our prior communications to you.

>A disclosure statement must be approved by the Court before any party may lawfully encourage you to accept or reject any plan of reorganization. Accordingly, BlockFi withdraws any prior statements concerning your vote on the plan, the Committee's positions regarding the plan and any alternatives that might be proposed by the Committee.
>
>At the appropriate time, after the Court has authorized the dissemination of one or more disclosure statements, the parties may communicate to all creditors their respective positions as part of the solicitation process.

4.     Notwithstanding anything to the contrary in the Emergency Motion or this Order, the Committee on behalf of itself and the Debtors' estates retain all rights to seek any further and other applicable legal or equitable remedies for the Debtors' actions and the harm caused by those actions, and the Committee's failure to request any such relief in the Emergency Motion or the omission of any such relief from this Order shall not preclude the Committee or any other party from later seeking such relief in accordance with applicable law and rules.

5.     The Debtors and the Committee are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Emergency Motion.

6.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.