```
          IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF NEW JERSEY

IN RE:                      .    Case No. 22-19361-MBK
                            .    (Jointly Administered)
BLOCKFI INC., et al.,       .
                            .
         Debtors.           .
                            .    May 18, 2023
. . . . . . . . . . . . .        11:56 a.m.

         TRANSCRIPT OF COMMITTEE'S EMERGENT MOTION
          BEFORE THE HONORABLE MICHAEL B. KAPLAN
            UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the debtors:        Cole Schotz P.C.
                        By:  MICHAEL D. SIROTA, ESQ.
                        Court Plaza North
                        25 Main Street
                        Hackensack, NJ  07601

                        Kirkland & Ellis LLP
                        BY:  JOSHUA A. SUSSBERG, ESQ.
                        601 Lexington Avenue
                        New York, NY  10022

                        Kirkland & Ellis LLP
                        BY:  MICHAEL B. SLADE, ESQ.
                        300 North LaSalle
                        Chicago, IL 60654




Audio Operator:         Kiya Martin




 Proceedings recorded by electronic sound recording, transcript
            produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

| | |
|---|---|
| For the Official Committee of Unsecured Creditors: | Brown Rudnick, LLP<br>By:   ROBERT J. STARK, ESQ.<br>         KENNETH AULET, ESQ.<br>7 Times Square<br>New York, NY 10036 |
| For the U.S. Trustee: | Office of the United States Trustee<br>By:   JEFFREY SPONDER, ESQ.<br>         LAUREN BIELSKIE, ESQ.<br>One Newark Center<br>1085 Raymond Boulevard, Suite 2100<br>Newark, NJ  07102 |

# **I N D E X**

| **EXHIBITS** | **ID.** | **EVD.** |
|---|---|---|
| Axelrod declaration attachments | -- | 14 |

1            THE COURT:  Good morning again.  This is Judge Kaplan
2  and I'm hearing the Committee's emergent motion in the BlockFi
3  Inc. matter.
4            I have limited counsel in front of me so let me take
5  appearances.  On behalf of the debtor?
6            MR. SIROTA:  Good morning, Judge.  Michael Sirota,
7  Cole Schotz, along with Joshua Sussberg and Michael Slade from
8  Kirkland.
9            THE COURT:  Thank you.
10           On behalf of the Committee?
11           MR. STARK:  Good morning, Your Honor.  Robert Stark
12 and Ken Aulet from Brown Rudnick on behalf of the Committee.
13           THE COURT:  Thank you, counsel.
14           On behalf of the U.S. Trustee?
15           MR. SPONDER:  Good morning, Your Honor.  Jeff Sponder
16 and Lauren Bielskie on behalf of the United States Trustee.
17           THE COURT:  This Court engaged with all counsel in
18 chambers in a conference outside of the record in an effort to
19 address the issues that were raised in the emergent motion
20 brought before the Court, specifically, the Committee filed an
21 emergent motion requesting an order remedying the debtors'
22 improper plan solicitations in violation of the Bankruptcy Code
23 Section 1125(b).
24           The purpose in speaking with counsel off record was
25 to examine the various issues and statements under scrutiny in

1 a matter which didn't further exacerbate any issues with
2 respect to whether creditors, parties-in-interest or the public
3 received unauthorized, improper communications.
4     UNIDENTIFIED SPEAKER:  Your Honor may be muted.
5     THE COURT:  Beck, am I muted?
6     UNIDENTIFIED SPEAKER:  It shows that you're muted in
7 there.  Forgive me for interrupting.  I just want to make sure
8 people --
9     THE COURT:  All right.  I don't think I'm muted.
10    UNIDENTIFIED SPEAKER:  It says it on there.  Forgive
11 me.
12    THE COURT:  It says it there but we run the
13 communications through our recording.
14    UNIDENTIFIED SPEAKER:  Apologies.
15    THE COURT:  Not a problem.  Better safe than sorry.
16    So let me first address because the manner in which
17 the Court addresses today's motion is going to be a bit
18 unusual.  Let me say at the outset the issue that's been raised
19 by the Committee are the statements that have been made in
20 tweets and letters e-mailed by the debtor to its customers as
21 well as statements referenced in the filed disclosure statement
22 and plan with links to certain statements contained in the
23 various communications and the issue is whether or not these
24 communications fall outside the scope of permissible activity
25 under Section 1125(b).

1         The Court has reviewed, for instance, the letter to
2    creditors that was e-mailed to BlockFi's customers that was
3    referenced in their tweets.  The Court has reviewed the various
4    identified provisions of the disclosure statement to which the
5    Committee has raised concerns given that there were links to
6    such provisions in the various communications to the public, to
7    the customers and to the creditors.  And the Court in all
8    candor takes issue with the manner in which these
9    communications were made.  Indeed, many of the communications
10   fall outside the scope of permissible solicitation under the
11   Bankruptcy Code.
12        I applaud the Committee for acting in this emergent
13   fashion to bring the matter before the Court professionally,
14   quickly and efficiently.  The manner in which the Committee
15   raised these issues, of course, are consistent with the manner
16   in which they've prosecuted the case on behalf of the
17   Committee, counsel, the manner in which they have protected,
18   both the Committee and counsel have protected the interest of
19   creditors.
20        The Court is cognizant that you don't see often what
21   goes on outside of court, that the public, unfortunately, is
22   limited to what they see inside the court and there is usually
23   a tremendous amount of activity.  This case is no different.
24   Indeed, I think I've referred to this case as being a stealth
25   case in that so much of the work that is being done to protect

1  the interest of both the creditors, the debtor and parties-in-
2  interest is being done outside the courtroom, without a show so
3  to speak that usually just adds, impedes into the cost of the
4  case.  So the Court is appreciative of the manner in which the
5  Committee and counsel have worked to protect their interests.
6         In doing so and now having said that, over the
7  Committee counsel's strenuous objections in chambers, I have
8  decided to limit the manner in which the motion today is going
9  to be presented to the Court in that I'm directing the parties
10 to rely on their papers without adding additional argument.
11 I'm doing so because in this Court's view continued argument
12 over the merits or lack of merits or the truthfulness of
13 statements and positions that appear in the communications that
14 are on file would simply exacerbate the problem.
15         The Court does not want oral argument in which
16 certain statements that have not been vetted by the Court, that
17 have not been authorized by the Court, that have not been
18 supported by outside evidence to be communicated to the public
19 for reliance outside of the process that is improved by the
20 Code in Section 1125(b).  For parties to argue and contest the
21 merits and truthfulness and accuracy of their competing
22 positions simply provides the public with information that has
23 not yet been vetted and approved and only makes this situation
24 even worse.

1        The Court is prepared to enter an order and I'm going
2   to read portions of the order into the record that addresses
3   the fact that in the Court's view the debtors' statements
4   outside of their filing invade the process and the Court wants
5   certain steps taken to ensure, at the Committee's assistance
6   and the Court agrees, that all creditors understand that what's
7   reflected in the disclosure statement, in the plan that's on
8   file has not been authorized by the Court, has not been vetted
9   by the Court, has not been approved by the Court and that
10  solicitations based on what's been filed are improper.
11       The Committee has filed a statement in which they
12  outline the issues they have generally with the plan by
13  category and by substance and since that information is on file
14  along with the information that's included in the debtors'
15  disclosure statement and the debtors' position, further
16  argument should await proper process which is a contested
17  disclosure statement hearing where both the debtor and the
18  Committee can supplement their arguments and this Court will
19  decide what information should go out to the public, to the
20  parties-in-interest and to the creditors.  Before that process
21  is completed the Court urges all parties-in-interest to avoid
22  reliance on any of the statements that they are reading because
23  they reflect only the position of competing parties and
24  advocacy.

1           The Court is prepared to enter today on the emergent
2  motion the following order enforcing Section 1125 of the
3  Bankruptcy Code.  The sum and substance of the Court's order
4  will read as follows.  Apart from the pleadings consistent with
5  the Bankruptcy Code and Rules or as permitted by today's
6  ruling, neither the debtor nor the Official Committee of
7  Unsecured Creditors shall publish any advocacy communication to
8  a website, Twitter feed, on the docket or otherwise concerning
9  the debtors' plan and disclosure statement until such time as
10 the disclosure statement and solicitation materials have been
11 approved.
12          Within 24 hours of the entry of this order the
13 debtors shall post a corrective letter on the case docket,
14 their website and their Twitter feed, will also e-mail to all
15 creditors that receive communications described in the
16 emergency motion.  The corrective letter shall state as
17 follows: To all concerned, BlockFi prematurely posted certain
18 statements to the court docket, its website and its Twitter
19 feed on May 13th, 2023 regarding a proposed plan of
20 reorganization.  We urge each of you to disregard those
21 communications until such a time as the publication and
22 dissemination of such statements are authorized.  BlockFi's
23 publication of those communications is inconsistent with the
24 requirements of the Bankruptcy Code and undertaken without
25 Court authorization.  The Court has directed BlockFi to

1  circulate this communication on behalf of the Committee to
2  clarify that the Court has not yet approved BlockFi's
3  disclosure statement or BlockFi's ability to solicit
4  acceptances of its plan.
5           At this juncture the Committee, among other parties,
6  does not support the plan of reorganization in question, among
7  other issues.  The Committee believes that the plan provides
8  releases of litigation claims against, among others, current
9  and former directors and officers of BlockFi that committed
10 significant misconduct, that harmed BlockFi and its customers.
11 These are the positions taken by the Committee as of this date.
12          The Committee also believed that it is not
13 appropriate for BlockFi via its current management and
14 professionals to control the liquidation of BlockFi and
15 distributions to creditors.  The Committee has requested
16 changes to the plan.  The Committee has not, however, proposed
17 its own plan and, in fact, is barred from doing so by the
18 debtors' exclusivity entitlements under the Bankruptcy Code nor
19 has the Committee taken any formal position on certain issues
20 ascribed to the Committee in the prior communications.
21          A disclosure statement must be approved by the Court
22 before any party may lawfully encourage you to accept or reject
23 any plan of reorganization.  Accordingly, BlockFi withdraws any
24 prior statements concerning your vote on the plan, the
25 Committee's positions regarding the plan and any alternatives

1  that might be proposed by the Committee.  At the appropriate
2  time after the Court has authorized the dissemination of one or
3  more disclosure statements, the parties may communicate to all
4  creditors their respective positions as part of the
5  solicitation process.
6         That's this Court's ruling today.  I am authorizing
7  the Committee in conjunction with the efforts of the debtor to
8  communicate the Court's ruling, to provide its statement which
9  is already on the docket to those parties that have received
10 the communications by BlockFi and to reiterate, of course,
11 today's Court's ruling.
12        Now, the Court recognizes that both the Committee's
13 statement as well as the debtors' disclosure statement and
14 responses will be supplemented consistent with the Bankruptcy
15 Rules and the Code and that all parties are reserving their
16 rights going forward with respect to the plan process.  At the
17 same time the Court is of the firm belief that parties are not
18 served by a hotly-contested, expensive and time-consuming
19 litigation over this plan process.  If that happens, the Court
20 will address the contested issues in an efficient and
21 expeditious fashion.
22        But in order to avoid those costs and delays and
23 risks, the Court is directing the parties to engage in an
24 expedited mediation process with respect to the debtors'
25 proposed plan.  The Court will identify a mediator after taking

1  recommendations from both the Committee and the debtor.  If the
2  parties can agree on a proposed mediator, of course, the Court
3  will pursue the efforts of that mediator.  The Court will also
4  ask debtors' counsel to prepare a proposed form of mediation
5  order once the mediator has been identified and a protocol and,
6  of course, communications made and documents and information
7  provided during the course of the mediation will remain
8  confidential and not be available absent consent.
9          There are also pending motions to seal much of what
10 the Court has referenced as far as information that was
11 included in the declaration of Tristan Axelrod as well as
12 information that was included in the statement that's on file.
13 The only objection that the Court is aware of -- well, I
14 shouldn't say that.  Needless to say, the Committee has
15 expressed an interest in having full disclosure but recognizes
16 the mandate to at least pursue sealing efforts, but I
17 understand that the U.S. Trustee has objected to sealing or
18 redactions under Section 107.
19         Mr. Sponder, does the U.S. Trustee want to place
20 anything on the record?
21         MR. SPONDER:  Thank you, Your Honor.  Good afternoon
22 again.  Jeff Sponder from the Office of the United States
23 Trustee.  Your Honor, the debtor and/or the Committee, since
24 the Committee is the one that filed the motions under seal,
25 they have the burden of showing that the information to be

1  sealed falls within the parameters of an exception to Section
2  107(a) by demonstrating that the interest in secrecy outweighs
3  the presumption in favor of access.
4         It appears that the sealing motions rely on a
5  protective order and/or some type of confidentiality agreement.
6  Your Honor, a protective order is not sufficient grounds to
7  support the sealing of information nor is an agreement among
8  parties to keep information confidential not sufficient
9  grounds.  Neither the debtor nor the Committee have made any
10 showing that the information to be sealed is protected under
11 Section 107.  As a result, the United States Trustee believes,
12 Your Honor, that these motions should be denied and the
13 information should be disseminated to the public.  Thank you,
14 Your Honor.
15         THE COURT:  Thank you, Mr. Sponder.
16         The Court is overruling the objections of the U.S.
17 Trustee and doing so notes the inherent tension between 1125 of
18 the Code and 107.  With Section 1125, restricting the
19 information that can go out to the public as part of the plan
20 and disclosure statement process until Court approval to avoid
21 improper solicitation activity and to ensure that the
22 information that the public receives as part of this process
23 has been vetted, has been reviewed by all parties-in-interest
24 and has been approved only after the Court has had the ability
25 and the opportunity to hold a hearing in which the parties can

14

1  raise issues with the language and content, that flies in the
2  face of Section 107 which mandates disclosure of information
3  that is on file.
4         In order to ensure the proper administration of this
5  case and to better serve the interest of the creditors in
6  getting accurate information that has been approved, vetted and
7  authorized, the Court is going to employ its authority under
8  Section 105 to overrule the objection, noting the tension
9  between the statutory sections.
10         Let me ask at this point do any counsel wish to raise
11 any issues or concerns that the Court may have missed?
12         MR. STARK:  Just some clarifications, Your Honor, if
13 I may.  Again, Robert Stark, Brown Rudnick, on behalf of the
14 Creditors Committee.  First, just so that we have a clear
15 record, we have asked, and I do not believe there's an
16 objection from my opposition, that the documents that were
17 attached to the Axelrod declarations would be formally admitted
18 into evidence so that they are as part of the record in
19 evidentiary fashion, all of them.  That was my understanding
20 that there would be no objection albeit they are under seal.
21         MR. SUSSBERG:  No objection, Your Honor, as long as
22 they're under seal.
23         THE COURT:  They are under seal and the Court accepts
24 those documents into the record.

1  MR. STARK: Thank you, Your Honor. Second
2 clarification, Your Honor, when we were chatting earlier, Your
3 Honor's ruling earlier about clarification that creditors would
4 receive and I think Your Honor was clear with respect to what
5 the debtor has to do but I want to make sure that we have
6 clarity on the record about the Committee's authorization in
7 terms of making its views known.

8  My understanding had been, and I think Your Honor
9 alluded to it but I want to make sure we have a clear record
10 and I have clear instructions, is that the Committee is
11 authorized to send e-mails to the same people that received the
12 company's e-mails and we can hyperlink or otherwise attach our
13 statement with respect to the plan and today's ruling from Your
14 Honor, whether it be in whole or in part from the record and
15 that would be the same communication format that individual
16 creditors received, whether it be e-mail or what have you and
17 that the company is required to assist us in terms of being
18 able to get that out the door.

19  THE COURT: That is my understanding.

20  Is there any objection?

21  MR. SUSSBERG: No, Your Honor. We will coordinate.
22 We will send the order and the statement.

23  MR. STARK: No, no, no, Your Honor. It's our
24 statement.

25  MR. SUSSBERG: The Committee's statement.

1            THE COURT:  It will be the Committee's communication.
2 I thought that the debtor has to actually undertake that as
3 part of the same platform.
4            MR. STARK:  Or share with us how it can be done.
5            THE COURT:  Correct.
6            MR. STARK:  And it will be ours.
7            THE COURT:  It's your communication.  It won't be
8 BlockFi's communication.
9            MR. STARK:  Thank you, Your Honor.
10           THE COURT:  All right, thank you.
11           Any other issues?
12           MR. SUSSBERG:  Nothing further from us, Your Honor.
13 Joshua Sussberg from Kirkland Ellis on behalf of the debtors.
14 We appreciate your time today and look forward to mediation.
15           THE COURT:  All right.  Let's see, it's Thursday.  If
16 possible, by close of business tomorrow can I get
17 recommendations on mediators?
18           MR. STARK:  Yes, Your Honor.
19           MR. SUSSBERG:  Yes, Your Honor.
20           THE COURT:  Thank you.  Please meet and confer.
21           Again, I want to thank all the professionals
22 involved.  I know this is an emotional, that there are issues
23 here that are troubling, that they are difficult and I
24 appreciate the courtesies and professionalism engaged and by
25 all counsel.  Thank you.

1        MR. STARK:  Thank you, Judge.

2        MR. SUSSBERG:  Thank you.

3        THE COURT:  We are adjourned.

4        * * * * *

5        **C E R T I F I C A T I O N**

6        I, MARY POLITO, court approved transcriber, certify

7 that the foregoing is a correct transcript from the official

8 electronic sound recording of the proceedings in the above-

9 entitled matter and to the best of my ability.

12 /s/ Mary Polito

13 MARY POLITO

14 J&J COURT TRANSCRIBERS, INC.     DATE:  May 19, 2023