**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*



**Order Filed on May 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In re: | Chapter 11 |
|---|---|
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR
WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER
INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS
AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE
RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF**

**DATED: May 17, 2023**

Michael B. Kaplan

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered four (4) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Motion"),[1] where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order (this "Order") (a) authorizing the Debtors to (i) honor client withdrawals solely from the Wallet Accounts as of the Platform Pause Time Stamp, (ii) update the User Interface to properly reflect transactions and assets held in clients' accounts as of the Platform Pause Time Stamp, and (iii) conduct ordinary course reconciliation of client accounts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS  AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE  RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court on May 8, 2023 (the "Hearing"); and this Court having determined and articulated on the record at a hearing on May 11, 2023, that the legal and factual bases set forth in the Motion, the Stipulated Facts (Dkt. No. 842), the Amended Declaration of Amit Cheela (Dkt. No. 822), and the exhibits to each, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** as set forth herein.

2.     The digital assets held in the Custodial Omnibus Wallets as of the Platform Pause Time Stamp are not property of the Debtors' estate.

3.     The Debtors are authorized to take any actions to update the User Interface and Company-Facing Interface to accurately reflect the transactions and related balance of digital assets as of the Platform Pause Time Stamp, including those held in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts.  With respect to BlockFi International, the foregoing shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

4.     The Debtors are authorized, but not directed, to distribute the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp, subject to further order of the Court with respect to preference

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

claims under chapter 5 of the Bankruptcy Code and any setoff rights; *provided, however,* that distributions of the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp to BlockFi International clients from the International Vault Wallets shall be honored subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

5.      For the avoidance of doubt, all complete or partial withdrawals or distributions from the Client Wallet Accounts shall be subject to the ordinary withdrawal fees provided for under the BlockFi Wallet Terms of Service and the cost of facilitating the withdrawals shall be mitigated insofar as reasonably practicable by the Debtors.

6.      For the avoidance of doubt, nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31); or (iii) pending further order of the Court, to permit withdrawal from (x) any Wallet Account that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date, or (y) any Wallet Account belonging to any person that the Debtors reasonably believe may be subject to any avoidance actions under chapter 5 of the Bankruptcy Code or other rights of setoff belonging to the Debtors' estates.

| (Page | 6) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS  AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE  RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

7.     The Debtors are authorized to conduct reconciliatory practices in the ordinary course consistent with prepetition practices.  Reconciliatory practices for BlockFi International shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

8.     Notwithstanding the actual or threatened suspension or termination of any transmission licenses by any U.S. state or governmental entity, any transfers or disbursements made pursuant to this Order shall not be deemed an implication, admission, or determination that the Debtors are operating with a suspended or terminated license, nor shall the Debtors or their insurance providers be liable for any associated fines or penalties, including, but not limited to, penalties related to the Arch Insurance Company money transmitter bonds or otherwise.

9.     For the avoidance of doubt, the approximately $7,423,926 worth of digital assets that were requested to be transferred from clients' Client Wallet Accounts to their BIAs or to their BlockFi private client accounts during the Platform Pause Period did not include any requests from BlockFi's U.S. clients to transfer digital assets from Client Wallet Accounts to BIAs, which was prohibited on BlockFi's platform as of February 14, 2022 in connection with BlockFi's settlement agreement with the U.S. Securities and Exchange Commission.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS  AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE  RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

or admission that any particular claim is of a type specified or defined in this Order or the Motion;
(e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

~~Proposed~~ *Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>~~Hearing Date and Time:~~ |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR
WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER
INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS
AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE
RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered ~~three~~four (~~3~~4) through ~~six~~seven (~~6~~7),

is **ORDERED**.

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Motion"),[1] ~~of~~where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), ~~for~~seek entry of an order (this "Order") (a) authorizing the Debtors to (i) honor client withdrawals solely from the Wallet Accounts as of the Platform Pause Time Stamp, (ii) update the User Interface to properly reflect transactions and assets held in clients' accounts as of the Platform Pause Time Stamp, and (iii) conduct ordinary course reconciliation of client accounts, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the declaration filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court on May 8, 2023 (the "Hearing"); and this Court having determined and articulated on the record at a hearing on May 11, 2023, that the legal and factual bases set forth in the Motion, the Stipulated Facts (Dkt.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS  AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE  RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

No. 842), the Amended Declaration of Amit Cheela (Dkt. No. 822), and the exhibits to each,

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY**

**ORDERED THAT**:

1.      The Motion is **GRANTED** ~~on a basis~~ as set forth herein.

2.      The digital assets held in the Custodial Omnibus Wallets as of the Platform Pause

Time Stamp are not property of the Debtors' estate.

3.      The Debtors are authorized to take any actions to update the User Interface and

Company-Facing Interface to accurately reflect the transactions and related balance of digital

assets as of the Platform Pause Time Stamp, including those held in the Custodial Omnibus Wallets

and represented in the Client Wallet Accounts.  With respect to BlockFi International, the

foregoing shall be carried out subject to entry of an order authorizing such relief in the parallel

Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

4.      ~~2.~~ The Debtors are authorized ~~to honor client withdrawal requests solely from the~~,

but not directed, to distribute the digital assets contained in the Custodial Omnibus Wallets and

represented in the Client Wallet Accounts as of the Platform Pause Time Stamp ~~in accordance with~~

~~the BlockFi Wallet Terms of Service~~, subject to further order of the Court with respect to

preference claims under chapter 5 of the Bankruptcy Code and any setoff rights; *provided,*

*however,* that ~~the withdrawal requests of the~~distributions of the digital assets contained in the

Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS   AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE  RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

Time Stamp to BlockFi International clients from the International Vault Wallets shall be honored subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

5.      For the avoidance of doubt, all complete or partial withdrawals or distributions from the Client Wallet Accounts, including Trade-Only Assets,  shall be subject to the ordinary withdrawal fees provided for under the BlockFi Wallet Terms of Service and the cost of facilitating the withdrawals shall be mitigated insofar as reasonably practicable by the Debtors.

6.      For the avoidance of doubt, nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31); or (iii) pending further order of the Court, to permit withdrawal from (x) any Wallet Account that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date, or (y) any Wallet Account belonging to any person that the Debtors reasonably believe may be subject to any avoidance actions under chapter 5 of the Bankruptcy Code or other rights of setoff belonging to the Debtors' estates.

3. The Debtors are authorized to dollarize the Trade-Only Assets as soon as reasonably practicable after a client makes a withdrawal request of such Trade-Only Assets.  Withdrawal of

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

the Trade-Only Assets of BlockFi International shall be conducted subject to entry of an order authorizing such withdrawals in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

4. The Debtors are authorized to take any actions reasonably necessary to accurately reflect that the Attempted Platform Pause Transactions did not actually occur, so that the User Interface properly reflects the digital assets in the Wallet Accounts as of the Platform Pause Time Stamp. With respect to Attempted Platform Pause Transactions for BlockFi International, this shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

7. 5. The Debtors are authorized to conduct reconciliatory practices in the ordinary course consistent with prepetition practices. Reconciliatory practices for BlockFi International shall be carried out subject to entry of an order authorizing such relief in the parallel Bermuda JPL Proceedings currently pending in the Supreme Court of Bermuda.

8. 6. Notwithstanding the actual or threatened suspension or termination of any transmission licenses by any U.S. state or governmental entity, any transfers or disbursements made pursuant to this Order shall not be deemed an implication, admission, or determination that the Debtors are operating with a suspended or terminated license, nor shall the Debtors or their insurance providers be liable for any associated fines or penalties, including, but not limited to, penalties related to the Arch Insurance Company money transmitter bonds or otherwise.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

9.      For the avoidance of doubt, the approximately $7,423,926 worth of digital assets that were requested to be transferred from clients' Client Wallet Accounts to their BIAs or to their BlockFi private client accounts during the Platform Pause Period did not include any requests from BlockFi's U.S. clients to transfer digital assets from Client Wallet Accounts to BIAs, which was prohibited on BlockFi's platform as of February 14, 2022 in connection with BlockFi's settlement agreement with the U.S. Securities and Exchange Commission.

10.      ~~7.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (~~f~~g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (~~g~~h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No.~~:~~ | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM WALLET ACCOUNTS, (B) UPDATE THE USER INTERFACE TO PROPERLY REFLECT TRANSACTIONS AND ASSETS AS OF THE PLATFORM PAUSE, AND (C) CONDUCT ORDINARY COURSE RECONCILIATION OF ACCOUNTS, AND (II) GRANTING RELATED RELIEF |

11.    ~~8.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.    ~~9.~~ The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

14.    ~~10.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

In re:

Case No. 22-19361-MBK

BlockFi Inc.

Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 5 |
| Date Rcvd: May 17, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+  BlockFi Inc., 201 Montgomery Street, Suite 263, Jersey City, NJ 07302-5057 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2023        Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 17, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron Garber | on behalf of Creditor Kristen Vorhees agarber@wgwc-law.com |
| Allen I Gorski | on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com |
| Andrew Marks | on behalf of Creditor Matthew Gordon jcardenas@dorflaw.com |
| Anthony J D'Artiglio | on behalf of Creditor Kyle Klaus ajd@ansellgrimm.com  courtfilings@ansellgrimm.com;jb@ansellgrimm.com |
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |

District/off: 0312-3                          User: admin                          Page 2 of 5
Date Rcvd: May 17, 2023                    Form ID: pdf903                    Total Noticed: 1

Brett S. Theisen
                    on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
                    on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle
                    on behalf of Creditor Ge Song cboyle@b-vlaw.com
                    tking@b-vlaw.com;cvitullo@b-vlaw.com;lgrigley@b-vlaw.com;cjbecf@gmail.com;kgresh@mpadlaw.com;tegner@mpadlaw.co
                    m;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;carrie.boyle@comcast.net

Catherine B. Heitzenrater
                    on behalf of Creditor Chubb Companies cebeideman@duanemorris.com

Daniel Stolz
                    on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
                    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
                    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
                    on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
                    on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
                    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel E. Straffi
                    on behalf of Creditor Michiel Hemminga bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Scott Aufenanger bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Clayton Bargsten bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Daniel Gusovsky bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Andrew Martinez bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor William Warburton bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Kole Kottmeier bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Brian Graddon bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Ashton Rincon bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Joseph Borremans bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Alberto Olivo bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Brendan Pena bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Ellison Bak bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Bruce Gilling bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Steven Lee bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi
                    on behalf of Creditor Wayne Akey bkclient@straffilaw.com  G25938@notify.cincompass.com

Daniel E. Straffi

District/off: 0312-3          User: admin          Page 3 of 5

Date Rcvd: May 17, 2023          Form ID: pdf903          Total Noticed: 1

on behalf of Creditor Matthew Hoselton bkclient@straffilaw.com  G25938@notify.cincompass.com

David J. Adler

on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

David M. Banker

on behalf of Stockholder Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

David M. Banker

on behalf of Unknown Role Type Samuel L. Bankman-Fried dbanker@mmwr.com
david-banker-1986@ecf.pacerpro.com;eschnitzer@mmwr.com

Deborah Kovsky Apap

on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke

on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke

on behalf of Other Prof. M3 Partners dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke

on behalf of Other Prof. Elementus  Inc. dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill

on behalf of Creditor Ad Hoc Committee of Collateralized Loan Account Holders dmcgill@webbermcgill.com

Douglas J. McGill

on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Eleanor M Roman

on behalf of Interested Party Scratch Services LLC emr@severson.com

Gaston P. Loomis, II

on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian

on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley

on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jason D. Angelo

on behalf of Creditor Bryant F. Foulger jangelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com

Jeffrey Bernstein

on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

John C. Goodchild

on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Kilgannon

on behalf of Interested Party Towards Equilibrium  LLC john.kilgannon@stevenslee.com

Joshua S. Bauchner

on behalf of Creditor Kyle Klaus jb@ansellgrimm.com  courtfilings@ansellgrimm.com;ajd@ansellgrimm.com

Kaitlin R. Walsh

on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com

Kaitlin R. Walsh

on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
docketing@mintz.com

Kaitlin R. Walsh

on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet

on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
hcohen@brownrudnick.com

District/off: 0312-3                              User: admin                              Page 4 of 5
Date Rcvd: May 17, 2023                        Form ID: pdf903                        Total Noticed: 1

Kurt F. Gwynne
    on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com

Kurt F. Gwynne
    on behalf of Interested Party The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
    on behalf of Creditor The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kyle McEvilly
    on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lindsay Feuer
    on behalf of Creditor Deferred 1031 Series 4 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
    on behalf of Unknown Role Type Deferred 1031 LLC lfeuer@loeb.com
    nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lindsay Feuer
    on behalf of Creditor Deferred 1031 LLC lfeuer@loeb.com  nydocket@loeb.com;lfeuer@ecf.courtdrive.com;dbesikof@loeb.com

Lisa Bonsall
    on behalf of Creditor Committee Official Committee of Unsecured Creditors lbonsall@mccarter.com

Mark Edward Hall
    on behalf of Creditor John Lymn mhall@foxrothschild.com

Michael Anthony Guerra
    on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com

Michael Anthony Guerra
    on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Services  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Investment Products LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Wallet LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Ventures LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota

|  |  |
|---|---|
|  | on behalf of Plaintiff BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Plaintiff BlockFi Trading  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com |
| Nicole A. Leonard | |
|  | on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com |
| Richard Kanowitz | |
|  | on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |
|  | on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |
|  | on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com |
| Richard Kanowitz | |
|  | on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com |
| Robert Malone | |
|  | on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Scott Fleischer | |
|  | on behalf of Creditor Rui Pedro Vaz dos Santos Teixeira sfleischer@barclaydamon.com |
| Seth Brandon Shapiro | |
|  | on behalf of Interested Party United States of America seth.shapiro@usdoj.gov |
| U.S. Trustee | |
|  | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | |
|  | on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com |
| Warren A. Usatine | |
|  | on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com |

TOTAL: 99