**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**THIRD SUPPLEMENTAL DECLARATION OF RICHARD KANOWITZ IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a), 330 AND 1107(b) AUTHORIZING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(B)(1)**

I, Richard Kanowitz, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Haynes and Boone LLP ("<u>Haynes and Boone</u>"), 30 Rockefeller Plaza, 26th Floor, New York, New York 10112. I am a member in good standing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

of the Bars of the State of New Jersey and New York, and I am admitted to practice before the U.S. Court of Appeals for the Second Circuit, U.S. Court of Appeals for the Third Circuit, U.S. Court of Appeals for the Fourth Circuit, U.S. District Court for the District of New Jersey, U.S. District Court for the Southern District of New York, U.S. District Court for the Eastern District of New York, and the U.S. District Court for the Northern District of New York. There are no disciplinary proceedings pending against me.

2. On November 28, 2022 (the "Petition Date"), BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On December 22, 2022, the Debtors filed their *Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 134] (the "Retention Application").[2] Concurrently therewith, the Debtors filed the *Declaration of Richard Kanowitz in Support of the Debtors' Application of the Debtors for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 134, Ex. A] (the "Original Declaration").

4. On January 24, 2023, Haynes and Boone filed the *Supplemental Declaration of Richard Kanowitz in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

*in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 376] (the "First Supplemental Declaration").

5. On January 24, 2023, the Court entered its *Order Approving the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 393] (the "Retention Order").

6. On February 24, 2023, Haynes and Boone filed the *Second Supplemental Declaration of Richard Kanowitz in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Haynes and Boone LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 555] (the "Second Supplemental Declaration", and together with the Original Declaration and First Supplemental Declaration, the "Supplemental Declarations").

7. In connection with the Retention Application and the Supplemental Declarations, I submit this third supplemental declaration (the "Third Supplemental Declaration") to provide additional disclosures in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required under the Retention Order. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Supplemental Disclosures**

8. This Third Supplemental Declaration makes certain additional disclosures. As stated in the Original Declaration, Haynes and Boone represented that "The Firm recognizes its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' bankruptcy estates and the Chapter 11 Cases as they appear or become recognized during the Chapter 11 Cases. Accordingly, the Firm reserves the right to supplement this disclosure if necessary, as more information becomes available to the

3

Firm." *See* Original Decl., ¶ 28. Consistent with this representation, Haynes and Boone has continued to review its files for any new relevant facts or relationships regarding all the entities disclosed in the Original Declaration, and any connections to any additional entities not disclosed in the Original Declaration or the Supplemental Declaration. All the entities listed in **Schedule 1** attached hereto are additional parties-in-interest that Haynes and Boone has run conflict searches on since the Second Supplemental Declaration was filed.

9. In the Original Declaration, ▇▇▇▇ was included on the parties-in-interest list under the Custodian category. They were listed as a Haynes and Boone client in the Original Declaration, but not redacted because of their status as a Custodian. ▇▇▇▇▇▇▇▇▇▇ was included in the supplemental parties-in-interest list under the Potential M&A Counterparties category. They were again listed as a Haynes and Boone client in the Second Supplemental Declaration but were redacted because of their status as a Potential M&A Counterparty. Haynes and Boone did not receive any payments from ▇▇▇ in either 2022 or 2021, and their payments to Haynes and Boone in 2020 were de minimis.

10. In the Second Supplemental Declaration, Haynes and Boone disclosed several connections to potential parties-in-interest in the Chapter 11 Cases that are current clients of Haynes and Boone. Over the last two years, each of those clients constituted a de minimis amount of the firm's yearly revenue and were in total less than two percent (2%) of the firm's total yearly revenue.

11. Since the filing of the Second Supplemental Declaration, Haynes and Boone was notified by its Conflicts Department that certain Parties-in-Interest to whom Haynes and Boone originally had no connections are now new firm clients on unrelated matters. The names of those parties-in-interest and the details of Haynes and Boone's connection to these parties-in-interest are

4

disclosed on **Schedule 2** attached hereto. As these parties-in-interest are new clients (or affiliates thereof) of the firm, they did not contribute to any of Haynes and Boone's yearly revenue for the last two years. **Schedule 2** also contains the names of entities that became parties-in-interest since the filing of the Second Supplemental Declaration that are current clients (or affiliates thereof) of Haynes and Boone on unrelated matters. None of these current clients represented more than two percent (2%) of Haynes and Boone's yearly fee receipts for the last two years.

12. Pursuant to the Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Professional Retention Applications [Docket No. 127] (the "Motion to Seal"), and to avoid prejudicing the Debtors' sale processes, the Debtors redacted the names of "Potential M&A Counterparties" in each of the Prior Declarations. On March 24, 2023, the Bankruptcy Court entered the *Order (I) Approving the Sale of Certain of the Debtors' Self-Mining Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, and (III) Granting Related Relief* [Docket No. 669] authorizing the sale of certain of the Debtors' self-mining assets to U.S. Farms & Mining Opportunity Fund LLC ("U.S. Farms").

13. Upon finalizing the sale to U.S. Farms, and the conclusion of the sale process for the Debtors' self-mining assets, the Debtors entered into an agreement with the United States Trustee for the District of New Jersey to unredact certain Potential M&A Counterparties that related solely to the self-mining asset sale process (the "Unredacted Potential M&A Counterparties"). Schedule 1(g)[3] contains a list of the Unredacted Potential M&A Counterparties.

---

[3] Certain other Potential M&A Counterparties remain redacted pursuant to the Motion to Seal. The Debtors' sale process for certain of their assets remains ongoing, and disclosure of other Potential M&A Counterparties at this time may prejudice the sale process.

5

All of the Unredacted Potential M&A Counterparties, with the exception of "Backbone Mining Solutions" and "AP Capital," have been previously subject to conflict searches and disclosure and are now being unredacted pursuant to an agreement with the United States Trustee. Conflict searches with regard to Backbone Mining Solutions and AP Capital yielded no results.

14. As more fully disclosed in Schedule 2, each of the connections set forth on Schedule 2 does not constitute a disqualifying conflict of interest.[4] In circumstances in which the Debtors are adverse to another current Haynes and Boone client in the Chapter 11 Cases, Haynes and Boone will assist the Debtors in engaging conflicts counsel to handle the investigation and prosecution of those claims. At this time, no such adversity is anticipated. Therefore, Haynes and Boone does not believe that its concurrent representation of the above potential additional parties-in-interest on unrelated matters creates a disqualifying conflict of interest in the Chapter 11 Cases.

15. As of the date of this Third Supplemental Declaration, based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, I believe that Haynes and Boone (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) has no connection to the Debtors, their creditors, or other parties in interest.

16. Haynes and Boone recognizes its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' bankruptcy estates and the Chapter 11 Cases as they appear or become recognized during the Chapter 11 Cases. Accordingly, Haynes and Boone reserves the right to further supplement

---

[4] Section "327(a) is written in the present tense: it bars the retention of professionals who 'hold or represent' adverse interests. It only allows disqualifications for adverse interests that exist at the time of retention." *In re Boy Scouts of Am.*, 35 F.4th 149, 158, n. 5 (3d Cir. 2022).

this disclosure if necessary as more information becomes available. The foregoing constitutes my supplemental statement and that of Haynes and Boone pursuant to section 327 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: May 24, 2023                                             Respectfully submitted,

                                                                 /s/ *Richard S. Kanowitz*
                                                                Richard S. Kanowitz
                                                                Partner, Haynes and Boone LLP

# SCHEDULE 1
**List of Schedules**

| Schedule | Category |
|---|---|
| 1(a) | Ad Hoc Committee Members |
| 1(b) | Banks |
| 1(c) | Non-Debtor Professionals |
| 1(d) | Notice of Appearance Parties |
| 1(e) | Potential M&A Counterparties |
| 1(f) | Reed Smith Ad Hoc Committee |
| 1(g) | Unredacted Potential M&A Counterparties |

## SCHEDULE 1(a)

### Ad Hoc Committee Members

[Confidential]

## SCHEDULE 1(b)

**Banks**

First Citizens Bank
Peapack-Gladstone Bank
Webster Bank

## SCHEDULE 1(c)

**Non-Debtor Professionals**

Ansell Grimm & Aaron PC
Stevens & Lee PC
Straffi, Daniel E., Jr., Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP

## SCHEDULE 1(d)

**Notice of Appearance Parties**

Teixeira, Rui Pedro Vaz dos Santos
Towards Equilibrium LLC
[Confidential]

## SCHEDULE 1(e)

### Potential M&A Counterparties

[Confidential]

## SCHEDULE 1(f)

**<u>Reed Smith Ad Hoc Committee</u>**

BCF 2020 Investments LLC
BMB 2020 Investments LLC
FP Equity Investments LLC
[Confidential]

# SCHEDULE 1(g)

## Unredacted Potential M&A Counterparties

AP Capital
Apollo Global Management Inc.
Ares Management Corp.
Aspen Creek Digital Corp.
Atlas Technology Group LLC
Backbone Mining Solutions
Bain Capital LP
Baupost Group LLC, The
Binance US
Binance.com
Bitdeer
BlackRock Inc.
Blackstone Inc.
Blue Owl Capital Inc.
Brevan Howard
Brigade Capital
Castlelake
Centerbridge
Cerberus Capital Management
Chicago Atlantic Group LLC
D.E. Shaw
Davidson Kempner
Disrupt Ventures LLC
Elliott Investment Management
EQT
Fortress Investment Group
Global X Management Co. LLC
GoldenTree Asset Management LP
Hudson Bay Capital Management LP
KKR & Co. Inc.
KryptoVault
Luxor Technologies Inc.
Magnetar Capital LLC
Marathon Digital Holdings Inc.
MaxBoring LLC
Merkle Standard
Morgan Stanley
Oak Hill Capital Management LLC
Oaktree
Redwood Capital Management LLC
Silver Point Capital LP

Sixth Street
SkyBridge Capital
Temasek
Thoma Bravo LP
Thomas H. Lee Partners LP
US Farms & Mining Inc.
Vistra Group

15

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a Current or Former HB Client | Status |
|---|---|---|
| Payward, Inc. | Payward, Inc. | The Firm represents Payward, Inc. as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| CF Benchmarks Ltd. | Payward, Inc. (CF Benchmarks Ltd. is a subsidiary of Payward, Inc.) | The Firm represents Payward, Inc. as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Coinbase | Coinbase | The Firm represents Coinbase as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Kraken | Kraken | The Firm represents Kraken as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Magnetar Capital LLC | Vesper Energy Development, LLC (subsidiary of Magnetar Capital LLC) | The Firm represents Vesper Energy Development, LLC, a subsidiary of Magnetar Capital LLC, as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Marathon Digital Holdings Inc. | Marathon Digital Holdings Inc. | The Firm represents Marathon Digital Holdings Inc. as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Webster Bank | Webster Bank | The Firm represents Webster Bank as a current client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| [REDACTED] | [REDACTED] | The Firm represents [REDACTED] an affiliate of those individuals listed, as a new client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| BlackRock Inc. | BlackRock Inc. | The Firm represents BlackRock Inc. as a current client on matters unrelated to the Debtors or the Chapter 11 Cases. |
| Blackstone Inc. | Blackstone Real Estate Investors | The Firm represents Blackstone Real Estate Investors as a current client on matters unrelated to the Debtors or the Chapter 11 Cases. |