| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP <br> Robert J. Stark, Esq. <br> Kenneth J. Aulet, Esq. <br> Bennett S. Silverberg, Esq. <br> Seven Times Square <br> New York, NY 10036 <br> Telephone: (212) 209-4800 <br> Fax: (212) 209-4801 <br> Email: rstark@brownrudnick.com <br> kaulet@brownrudnick.com <br> bsilverberg@brownrudnick.com <br> *Counsel for the Official Committee of Unsecured Creditors* <br><br> -and- <br><br> GENOVA BURNS LLC. <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> Telephone: (973) 230-2095 <br> Fax: (973) 533-1112 <br> Email: DStolz@genovaburns.com <br> DClarke@genovaburns.com <br> GKinoian@genovaburns.com <br> *Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP <br> Stephen D. Palley, Esq. <br> Patrick E. Gilman, Esq. <br> 601 Thirteenth Street, NW <br> Washington, DC 20005 <br> Telephone: (202) 536-1700 <br> Fax: (202) 536-1701 <br> Email: spalley@brownrudnick.com <br> pgilman@brownrudnick.com <br><br> BROWN RUDNICK LLP <br> One Financial Center <br> Boston, MA 02111 <br> Tristan Axelrod, Esq. <br> Shari I. Dwoskin, Esq. <br> Telephone: (617) 856-8200 <br> Fax: (617) 856-8201 <br> Email: taxelrod@brownrudnick.com <br> sdwoskin@brownrudnick.com |
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**APPLICATION IN SUPPORT OF MOTION OF GENOVA BURNS LLC FOR (I) AUTHORITY TO SEAL MEMBER INVOICES ATTACHED TO THE FIRM'S MONTHLY FEE STATEMENT FOR APRIL 2023 WHICH INCLUDES PERSONAL IDENTIFIABLE INFORMATION OF MEMBERS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (II) GRANTING RELATED RELIEF**

Genova Burns LLC ("**Genova Burns**"), local counsel to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**"), respectfully submits this application in support of Genova Burns' motion pursuant to 11 U.S.C. § 107(b) and (c), Fed. R. Bankr. P. 9018 and 9037, and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the *Monthly Fee Statement of Genova Burns LLC, Local Counsel to Official Committee of Unsecured Creditors for the Period April 1, 2023 through April 30, 2023* (the "**Genova Burns Monthly Fee Statement**"), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, Genova Burns respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The sealed member invoices attached to the Genova Burns Monthly Fee Statement include personally identifiable information of the members of the Committee relating to actual out-of-pocket expenses incurred by the Committee members in the performance of the duties of the Committee for which they seek reimbursement pursuant to 11 U.SC. § 503(b)(3)(F) through the Genova Burns Monthly Fee Statement.

---

[2] A redacted version of the Genova Burns Monthly Fee Statement has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Genova Burns Monthly Fee Statement is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see Process to Electronically Request that a Document be Sealed* (http://www.njb.uscourts.gov/content/process-electronically-request-document-be-sealed)).

2. For the reasons set forth herein, as well as for the reasons set forth in the Debtors' Motion to Redact Client Personal Information (defined below) and the Committee's joinder thereto, Genova Burns respectfully states that it has satisfied its burden in establishing that the redacted information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and (c), Bankruptcy Rules 9018 and 9037, and Local Bankruptcy Rule 9018-1, and respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The predicates for the relief sought herein include Bankruptcy Code Section 107(b) and (c) and Section 503(b)(3)(F), Bankruptcy Rules 9018 and 9037, and Local Bankruptcy Rule 9018-1.

## BACKGROUND

4. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

6. On November 28, 2022, the Debtors filed their *Motion for Entry of an Order (I) Authorizing the Debtors to file a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redactions, (IV) Waiving the Requirement to File an*

*Equity List and Provide Notices Directly to Equity Security Holders, and (V) Granting Related Relief* (the "Motion to Redact Client Personal Information"). [Doc 4]

7. On January 10, 2023, the Committee filed a joinder to the Debtor's Motion to Redact Client Personal Information. [Doc 234]

8. On January 10, 2023, the United States Trustee filed an objection to the Debtor's Motion to Redact Client Personal Information. [Doc 232]

9. On January 15, 2023, the Ad Hoc Committee of Wallet Account Holders filed a joinder to the Debtor's Motion to Redact Client Personal Information. [Doc 282]

10. The Court has yet to rule on the Debtors' Motion to Redact Client Personal Information. Currently, the matter is scheduled for a hearing on June 5, 2023, at 10:00 a.m. ET.

11. On February 23, 2023, the *Order Authorizing Retention of Genova Burns LLC Effective December 29, 2022* [Docket No. 543] was entered.

## APPLICABLE LAW

12. Bankruptcy Code Section 107(b) reads, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(c)(1). In addition, Bankruptcy Code Section 107(c)(1) reads as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Furthermore, Bankruptcy Rule 9018 provides, in relevant part, the following:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018. Additionally, Bankruptcy Rule 9037(a) allows for certain redactions "in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number …." Fed. R. Bankr. P. 9037(a). Genova Burns represents that none of the exemptions to Bankruptcy Rule 9037(a) set forth in Bankruptcy Rule 9037(b) are applicable here. *See* Fed. R. Bankr. P. 9037(b). And, Bankruptcy Rule 9037(b) provides, in relevant part, that "For cause, the court may by order in a case under the Code: (1) require redaction of additional information …." Fed. R. Bankr. P. 9037(d).

13. Genova Burns respectfully submits that it would be improper to disclose the personal information of the individual committee members while the Debtors' Motion to Redact Client Personal Information is still pending.

14. Furthermore, Genova Burns represents that the sealed invoices attached to the Genova Burns Monthly Fee Statement are of the kind and nature covered and contemplated by Bankruptcy Code Section 107(b) and (c) and Bankruptcy Rules 9018 and 9037. As previously stated, the redacted portions of the Genova Burns Monthly Fee Statement generally include personally identifiable information of the members of the Committee relating to actual out-of-pocket expenses incurred by the Committee members in the performance of the duties of the Committee for which they seek reimbursement pursuant to 11 U.SC. § 503(b)(3)(F) through the Genova Burns Monthly Fee Statement.

15. In accordance with Bankruptcy Code Section 107(c)(3), the Office of the United States shall be provided with unredacted versions of the Genova Burns Monthly Fee Statement.

16. Genova Burns hereby represents that the filing of the Motion to Seal complies with Local Bankruptcy Rule 9018-1.

17. Therefore, this Motion to Seal should be granted.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the Genova Burns Monthly Fee Statement. The Committee has previously filed motions to seal in the Chapter 11 case with respect to other pleadings unrelated to the Genova Burns Monthly Fee Statement. *See* Docket Nos. 311, 382, 403, 900, 919 and 928.

## RESERVATION OF RIGHTS

19. Genova Burns and the Committee reserve all of rights, claims, defenses, and remedies, including, without limitation, the right to defend against the public disclosure of the materials under seal or currently subject to redaction. Genova Burns further reserves the right to supplement this Application.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: May 25, 2023

        **GENOVA BURNS LLC**

        By: */s/ Donald W. Clarke*
            Daniel M. Stolz, Esq.
            Donald W. Clarke, Esq.
            Gregory S. Kinoian, Esq.
        110 Allen Rd., Suite 304
        Basking Ridge, NJ 07920
        Tel:    (973) 230-2095
        Fax:   (973) 533-1112
        Email: DStolz@genovaburns.com
                   DClarke@genovaburns.com
                   GKinoian@genovaburns.com

        *Local Counsel for the Official*
        *Committee of Unsecured Creditors*