**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Proposed Counsel for the Fee Examiner*

Order Filed on May 26, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., et al.,[1]<br><br><div align="right">Debtors</div> | Case No. 22-19361 (MBK)<br><br>Judge Michael B. Kaplan<br><br>Chapter 11<br><br>(Jointly Administered) |

## ORDER AUTHORIZING RETENTION OF TRAURIG LAW LLC
## AS COUNSEL TO THE FEE EXAMINER

The relief set forth on the following pages two (2) and three (3) is hereby **ORDERED**.

**DATED: May 26, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**(Page 2)**
BLOCKFI INC, et al.
Chapter 11, Case No.: 22-19361 (MBK) (Jointly Administered)
Order Authorizing Retention of Traurig Law LLC As Counsel To The Fee Examiner _____

 

Upon the applicant's, Elise S. Frejka (the "<u>Fee Examiner</u>"), request for authorization to retain Traurig Law LLC ("<u>Traurig Law</u>") as counsel to the Fee Examiner, it is hereby **ORDERED**:

1.  The Fee Examiner is authorized to retain Traurig Law in the professional capacity noted in the Application.

> The professional's address is: Traurig Law LLC
> One University Plaza, Suite 124
> Hackensack, NJ  07601

2.  As provided in the *Order Appointing an Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [<u>Docket No. 925</u>], the "fees and expenses of the Fee Examiner and any Court-approved professional for the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Administrative Fee Order, except that neither the Fee Examiner nor any professional retained by her shall review their own fee applications. The Fee Examiner's compensation shall not be contingent, dependent or based on any element of success or result."  Traurig Law's fees and expenses and those of any counsel retained pursuant to court order, shall be subject to the information detail requirements set forth in D.N.J. LBR 2016-1.

3.  Traurig Law will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Traurig's fee applications in this case.

4.  Traurig Law will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category), among other categories.

5.  Traurig Law will provide all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format or other satisfactory format to the United States Trustee.

6. Traurig Law will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

7. Traurig Law shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Traurig to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. No agreement or understanding exists between Traurig Law and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall Traurig Law share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by section 504 of the Bankruptcy Code

9. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

   ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.
   ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

10. The effective date of retention is the date the application was filed with the Court.

