**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

      Debtors.[1]



Order Filed on May 30, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

## ORDER APPOINTING A
## MEDIATOR AND GOVERNING MEDIATION PROCEDURES

**DATED: May 30, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER   APPOINTING   A   MEDIATOR   AND   GOVERNING MEDIATION PROCEDURES |

In furtherance of the Court's findings and conclusions announced on the record at the hearing held May 18, 2023, **IT IS HEREBY ORDERED THAT**:

1.      The Court authorizes and appoints Hon. Christopher Sontchi (ret.), to serve as mediator (the "<u>Mediator</u>") in these Chapter 11 Cases and to conduct the mediation as set forth herein (the "<u>Mediation</u>").

2.      Subject to the Mediator's availability, the Court requests that the Mediation be commenced and continued, as necessary, as soon as practicable for the Mediator and the Key Participants (defined below).  The Mediation shall commence at **<u>10:00 a.m. Eastern Time on June 5, 2023</u>** at the offices of Kirkland & Ellis LLP, 601 Lexington Ave., New York, New York 10022.

3.      The following parties are hereby denoted "<u>Key Participants</u>", and each shall make every effort to attend the Mediation in-person.  If it is not practicable for a Key Participant to attend in person based on geographic considerations, such Key Participant may participate via Zoom videoconference:

      i.      Zac Prince, the Debtors' Chief Executive Officer;

      ii.     Flori Marquez, the Debtors' Chief Operating Officer;

      iii.    Scott Vogel, Member of the Special Committee of the Debtors' Board of Directors;

      iv.     Mark Renzi, the Debtors' Chief Restructuring Officer; and

      v.      All members of the Official Committee of Unsecured Creditors (the "<u>Committee</u>").

4.      The Key Participants shall have settlement authority.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING A MEDIATOR AND GOVERNING MEDIATION PROCEDURES |

5.      The following additional parties may attend the Mediation in-person or *via* Zoom videoconference and their actions shall be governed by the procedures outlined here (together with the Key Participants, the "Parties"):

     i.     The Debtors' and the Committee's advisors (the "Key Participants Representatives");

     ii.    the Bermuda Provisional Liquidators of BlockFi International Ltd. and their advisors (the "JPLs"); and

     iii.   Such other members of the Debtors' management team as the Debtors, in their discretion, may identify.

6.      The Mediator is authorized to mediate any issues and disputes concerning the Plan and Disclosure Statement (the "Mediation Topics").

7.      Promptly upon entry of this Order, the Debtors shall provide the Mediator with the filed versions of the Plan, the Disclosure Statement, this Order, the *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan*, filed on May 15, 2023 at [Docket No. 899], and any other background materials requested by the Mediator.

8.      Each of the Debtors, the JPLs, and the Committee may share a confidential summary document, not to exceed ten (10) pages, exclusive of exhibits, expressing their respective views and arguments on the Mediation Topics (each, a "Meditation Statement"), by **5:00 p.m. Eastern Time on May 31, 2023**.  Each Mediation Statement shall only be provided to the Mediator and shall not be shared with the other Parties; *provided, however*, that the Special Committee of the BlockFi Inc. Board of Directors and Committee shall each share a copy of their respective reports outlining the results of their respective investigations into potential estate

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING A MEDIATOR AND GOVERNING MEDIATION PROCEDURES |

claims and causes of action (the "<u>Investigation Reports</u>") with each other and the Mediator on a purely confidential basis. The Investigation Reports shall be subject to the confidentiality and privilege provisions set forth herein and thus, for the avoidance of doubt, the provision of information in the Investigation Reports to other Parties in connection with the Mediation shall not waive any privilege (including, but not limited to, the attorney-client and work-product privileges).

9.    Unless reduced to writing and signed by counsel for the Key Participants, the results of the Mediation are non-binding upon the Parties.

10.    The Mediator shall file a statement with the Court regarding whether a settlement is reached and/or whether the Parties participated in the Mediation in good faith. Prior to the filing of any statement regarding the Mediation, the Mediator shall provide a draft of such statement to the Mediation Parties.

11.    All communications, information, and evidence, written or oral, exchanged within the Mediation, including, (a) discussions among the Parties, including discussions with or in the presence of the Mediator before or after the entry of this Order, (b) any mediation statements or any other documents or information, including the Mediation Statements and the Investigation Reports, provided to the Mediator or exchanged among the Parties in the course of the Mediation, (c) any proprietary information provided to the Mediator or exchanged among the Parties in the course of the Mediation, and (d) correspondence, offers, and counteroffers produced for, or as a result of, or during the Mediation, shall be treated confidentially by all Parties and shall remain confidential following the Mediation's conclusion, and shall not be used for any purpose other than the Mediation unless otherwise agreed by the Parties.  To the extent

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING A MEDIATOR AND GOVERNING MEDIATION PROCEDURES |

any information or evidence disclosed within the course of Mediation is privileged, its disclosure amongst the Parties in the Mediation and to the Mediator does not waive or adversely affect the privileged nature of such information or evidence.  Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery or admission because of its use in Mediation.  No person, the Mediator, or any Party, including counsel for any Party, shall in any way (including, without limitation, in any pleading or other submission to any court) disclose to any person or entity that is not a Party or to any court, including this Court, any discussion, Mediation statement, other information, correspondence, resolution, offer, or counteroffer that may be made or provided in connection with the Mediation.

12.    All settlement proposals, counterproposals, and offers of compromise made during the Mediation (each, a "Settlement Proposal") shall (a) remain confidential unless the Party making such Settlement Proposal agrees to the disclosure of any such Settlement Proposal and (b) be subject to protection under Rule 408 of the Federal Rules of Evidence and all applicable federal and state-law equivalents.  Upon motion by any Party, the Court may impose sanctions against any person who fails to comply with D.N.J. LBR 9019 or this Order in connection with the Mediation.

13.    The Mediator shall not disclose or be compelled to disclose to the Court or to any person or entity that is not a Party any information received or distributed by the Mediator while serving in such capacity.  The Mediator shall not testify or be compelled to testify concerning the Mediation in any other proceeding.  The Mediator shall not be a necessary party in any proceeding relating to the Mediation.

14.    The following costs of the Mediation shall be borne by the Debtors:

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER APPOINTING A MEDIATOR AND GOVERNING MEDIATION PROCEDURES |

    A.   the professionals of the Debtors and the Committee will seek approval of fees and expenses consistent with the Bankruptcy Code, the Bankruptcy Rules, and any orders of this Court;

    B.   the Mediator will receive compensation consistent with an engagement letter to be executed by the Debtors, on behalf of the Parties, and

    C.   the Debtors will promptly reimburse all expenses related to the Mediation incurred by the Mediator.

15.    Any Party may engage in *ex parte* communications with any other Party and with the Mediator and shall not be obligated to disclose the substance of any such communications to any other Party or the Mediator.

16.    The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.    Each of the Parties represents and warrants that it is duly authorized to enter into and be bound by this Order.

19.    Provided always that it is acknowledged and agreed that the JPLs shall not be required to do anything or omit from doing anything which in their reasonable opinion is contrary to their powers and duties as JPLs or may contravene any requirements of the Bermuda Court.

20.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.