| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| BROWN RUDNICK LLP <br> Robert J. Stark, Esq. <br> Kenneth J. Aulet, Esq. <br> Bennett S. Silverberg, Esq. <br> Seven Times Square <br> New York, NY 10036 <br> Telephone: (212) 209-4800 <br> Fax: (212) 209-4801 <br> Email: rstark@brownrudnick.com <br>          kaulet@brownrudnick.com <br>          bsilverberg@brownrudnick.com <br> *Counsel for the Official Committee of Unsecured Creditors* <br>  -and- <br> GENOVA BURNS LLC. <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> Telephone: (973) 230-2095 <br> Fax: (973) 533-1112 <br> Email: DStolz@genovaburns.com <br>          DClarke@genovaburns.com <br>          GKinoian@genovaburns.com <br> *Local Counsel for the Official* <br> *Committee of Unsecured Creditors* | BROWN RUDNICK LLP <br> Stephen D. Palley, Esq. <br> 601 Thirteenth Street, NW <br> Washington, DC 20005 <br> Telephone: (617)536-1766 <br> Fax: (617)289-0466 <br> Email: spalley@brownrudnick.com |
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br>                              Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**APPLICATION IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE NAMES OF CERTAIN INTERESTED PARTIES IN THE APPLICATION FOR RETENTION OF MILLER NASH LLP AS SPECIAL LOCAL WASHINGTON COUNSEL AND FOR RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**," the "**Company**," or "**BlockFi**") respectfully submits, by and through the Committee's counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of those certain *Application for Retention of Miller Nash LLP as Special Local Washington Counsel to the Official Committee of Unsecured Creditors* (respectively, the "**Miller Nash Retention Application**" and the "**Miller Nash**"), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The redacted portions of the Miller Nash Retention Application include "trade secret[s] or confidential research, development, or commercial information," as set forth in Bankruptcy Code Section 107(b) (*see also* Fed. R. Bankr. P. 9018). Such information includes, generally, the following (collectively, the "Confidential Information"): the names and identities of certain of the Debtors' potential transaction counterparties (collectively, the "Confidential

---

[2] The Miller Nash Retention Application with the Confidential Information (as defined herein) redacted therefrom has been filed prior to the filing of this Motion to Seal. An unredacted version of the Miller Nash Retention Application is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

Transaction Parties") with whom, as represented to the Committee and the Committee's professionals by the Debtor and the Debtor's professionals, the Debtors engaged in active marketing process pre- and early post-petition.[3]

2. For the reasons set forth herein, the Committee respectfully states that it has satisfied it burden in establishing that the Confidential Information is of the kind and nature contemplated by Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, and respectfully requests that the Motion to Seal by granted.

3. Furthermore, importantly, the Committee's Proposed Professionals have not represented and will not represent any of the Confidential Transaction Parties in connection with any matter in these chapter 11 cases. Thus, the Committee's Proposed Professionals' connections to the Confidential Transaction Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

4. With the Debtors' consent, unredacted versions of the Committee's Retention Applications will be provided to the U.S. Trustee in advance of the objection deadlines with respect to each of the Committee's Retention Applications.

**JURISDICTION**

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

---

[3] A similar motion to seal was filed by the Debtors [Docket No. 127] on December 19, 2022 with respect to the Debtors' applications for retention of professionals. On January 10, 2023, the United States Trustee filed an objection with respect to that motion to seal [Docket No. 233]. The Debtors' motion to seal and the UST's objection thereto are still pending as of the filing of this Motion to Seal and are currently scheduled to be heard on July 6, 2023. *See* 6/5/2023 docket entry.

## BACKGROUND

6. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

7. The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131].

8. On January 25, 2023, the Committee filed a Motion to Seal on the same grounds with respect to substantially similar confidential information [Docket No. 403] (the "Committee's Prior Motion to Seal") in connection with the Committee's applications for authority to retain Genova Burns LLC, as local attorneys for the Committee [Docket No. 399], Brown Rudnick LLP, as attorneys for the Committee [Docket No. 400], Elementus, as blockchain intelligence and forensics experts for the Committee [Docket No. 401], M3 Partners, LP, as financial advisors to the Committee [Docket No. 402] (collectively, the "Committee's Other Retention Applications").

9. On February 13, 2023, the United States Trustee (the "UST") filed an objection with respect to the Committee's Prior Motion to Seal [Docket No. 508] (the "UST's Pending Objection").

10. On February 23, 2023, March 16, 2023 and March 20, 2023, orders were entered granting the Committee's Other Retention Applications [respectively, Docket Nos. 543, 544, 625 and 637], while the UST's Pending Objection with respect to the Committee's Prior Motion to Seal was preserved.

11. The hearing on the Committee's Prior Motion to Seal and the UST's Pending Objection has been adjourned from time to time and is currently scheduled to be heard on July 6, 2023. *See* 6/5/2023 docket entry.

12. On May 22, 2023, the Committee commenced an adversary proceeding seeking, among other things, to enjoin the United States from executing on a certain seizure warrant issued by United States District Court for the Western District of Washington in the criminal case *United States v. Sergei Potapenko, et al.*, 2:22-CR-00185-RSL (W.D. Wa. Oct. 27, 2022) (the "WD Washington Case"). *See* Adv. Proc. No. 23-01144 (MBK) (the "Committee's Seizure Injunction Action"). The factual allegations set forth in the Committee's Verified Complaint filed in the Committee's Seizure Injunction Action is incorporated herein by reference.

13. The Committee has determined that it will need to retain local Washington counsel in order to best protect its claims and interests with respect to the Committee's Seizure Injunction Action in connection with the WD Washington Case. For that reason, the Committee has filed the Miller Nash Retention Application.

14. In connection with the Committee's proposed retention of Miller Nash, Miller Nash has searched names and entities to determine whether any potential conflicts or other relationship exists that should be disclosed in order to satisfy its burden under Bankruptcy Code Section 327(c) that no actual conflict of interest exists that would preclude Miller Nash from being retained as special counsel by the Committee. As such, included with the Certification of Professional submitted in support of the Miller Nash Retention Application is a schedule setting forth the names and entities searched by Miller Nash and the results of such searches.

15. Miller Nash's connections to the Confidential Transaction Parties do not give rise to any actual conflicts of interest, and therefore do not preclude Miller Nash from being retained as special counsel by the Committee under section 327(c) of the Bankruptcy Code.

16. Based on the Debtors' consent given with respect to the Committee's Prior Motion to Seal relating to the Committee's Other Retention Applications, an unredacted version of the

Miller Nash Retention Application will be provided to the UST in advance of the objection deadline with respect to the Miller Nash Retention Application.

## APPLICABLE LAW

17. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

18. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

19. As previously stated, the Confidential Information redacted from the Miller Nash Retention Application includes the names and identifies of the Confidential Transaction Parties (as represented to the Committee and the Committee's professionals by the Debtors and the Debtors' professionals). The Debtors and their professionals have represented to the Committee

and the Committee's professionals that the Confidential Transaction Parties constitute Confidential Information. Moreover, the Debtors and their professionals have further represented to the Committee and the Committee's professionals that certain of the Confidential Transaction Parties have executed non-disclosure agreements with the Debtors that require that their identities remain confidential. The Committee committed to protecting the Confidential Information in good faith.

20. Accordingly, based on the foregoing, the redacted Confidential Information falls squarely within the specified categories entitled to protection under Section 107(b)(1) and Fed. R. Bankr. P. 9018. Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

21. As discussed above, on January 25, 2023, the Committee's Prior Motion to Seal was filed with respect to the Committee's Other Retention Applications, which motion (along with the UST's Pending Objection thereto) is still pending and currently scheduled to be heard on July 6, 2023. While the Committee's Prior Motion to Seal seeks relief on the same grounds with respect to substantially similar confidential information as this Motion to Seal, no prior request has been made with respect to the Confidential Information redacted from the Miller Nash Retention Application.

22. In addition to the Committee's Prior Motion to Seal, the Committee has previously filed motions to seal in the Chapter 11 case with respect to other pleadings unrelated to the Miller Nash Retention Application or the Committee's Prior Motion to Seal. *See* Docket Nos. 311, 382, 900, 919 and 928. The Committee has also filed a motion to seal in the Committee's Seizure Injunction Action (Adv. Proc. Docket No. 3); however, the subject matter of that motion to seal

also is unrelated to the Miller Nash Retention Application or the Committee's Prior Motion to Seal.

## RESERVATION OF RIGHTS

23. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement the Miller Nash Retention Application and this Motion to Seal.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: June 9, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 230-2095
Fax:   (973) 533-1112
Email: DStolz@genovaburns.com
        DClarke@genovaburns.com
        GKinoian@genovaburns.com
*Proposed Local Counsel for the Official Committee of Unsecured Creditors*