**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BlockFi Inc., *et al.,* | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

I, Paul Pullo, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On May 24, 2023, at my direction and under my supervision, employees of Kroll caused the following document to be served via first class mail on Address ID: 11490911, whose name and address has been redacted in the interest of privacy:

- Notice of Deadline Requiring Submission of Proofs of Claim on or before March 31, 2023, and Related Procedures for Submitting Proofs of Claim in the above-captioned Chapter 11 Cases, a copy attached hereto as **Exhibit A**

Dated: June 9, 2023

                                                            */s/ Paul Pullo*
                                                            Paul Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on June 9, 2023, by Paul Pullo, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

*/s/ HERBERT BAER*
Notary Public, State of New York
No BA6205563
Qualified in Westchester County
Commission Expires May 11, 2025

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**<u>Exhibit A</u>**

SRF 69940

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF DEADLINE
### REQUIRING SUBMISSION OF PROOFS
### OF CLAIM ON OR BEFORE MARCH 31, 2023,
### AND RELATED PROCEDURES FOR SUBMITTING PROOFS
### OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**TO:   ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR
LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED
CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has
entered an order [Docket No. 440] (the "Bar Date Order") establishing **5:00 p.m. prevailing
Eastern Time on March 31, 2023** (the "General Claims Bar Date"), as the last date for each
person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to
submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively,
the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the
General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth
below for submitting proofs of Claim (each, a "Proof of Claim") apply to all Claims (defined
below) against the Debtors that arose prior to **November 28, 2022** (the "Petition Date"), the date
on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code,
**including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code
(each, a "503(b)(9) Claim").**[4]   In addition, governmental units have until **5:00 p.m. prevailing
Eastern Time on May 30, 2023** (the date that is the one-hundred and eighty-three days after the
Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any
> matters not covered by this notice, such as whether the holder should submit a Proof of
> Claim.**

### Debtors in these chapter 11 cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| BlockFi Inc. | 0015 | 22-19361 |
| BlockFi Trading LLC | 2487 | 22-19363 |
| BlockFi Lending LLC | 5017 | 22-19365 |
| BlockFi Wallet LLC | 3231 | 22-19366 |
| BlockFi Ventures LLC | 9937 | 22-19367 |
| BlockFi International Ltd. | 2233 | 22-19368 |
| BlockFi Investment Products LLC | 2422 | 22-19370 |
| BlockFi Services, Inc. | 5965 | 22-19371 |
| BlockFi Lending II LLC | 0154 | 22-19374 |

---

[2]   As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States
Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee.
Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41)
and 101(27) of the Bankruptcy Code, respectively.

[3]   Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the
Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]   "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date,
where such goods were sold to the Debtor in the ordinary course of such Debtor's business.  *See* 11 U.S.C.
§ 503(b)(9).

## Who Must Submit a Proof of Claim

You <u>MUST</u> submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "<u>Claim</u>" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What To Submit

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated.  You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Kroll Restructuring Administration LLC (the "<u>Notice and Claims Agent</u>"), by calling (888) 773-0375 for callers in the United States or by calling (646) 440-4371 for callers outside the United States and/or visiting the Debtors' restructuring website at: <u>https://restructuring.ra.kroll.com/blockfi</u>.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

>    a. ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency

held in such account and the type of account[5] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;[6]

b. ***Section 503(b)(9) Claim***.  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entity***.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 22-19361 or that does not identify a Debtor will be deemed as submitted only against BlockFi Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-19361 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.  The failure to select the correct Debtor on the Proof of Claim Form alone is not a basis to

---

[5]    For the avoidance of doubt, all Claims for cryptocurrency held by any holder must clearly indicate:  (a) each type of cryptocurrency held, (b) the number of units of each cryptocurrency held, and (c) the type of account (Wallet, Interest Bearing Account, and/or Loan Account).

[6]    Supporting documentation may include, but is not limited to, a .csv report of the claimant's account with the Debtors.

object to the allowability of the Claim; *provided* that the asserted Claim is otherwise acceptable in all respects and complies with the terms of the Bar Date Order such that the Claim would have been allowed if not for the failure to select the correct Debtor on the Proof of Claim Form;

e. ***Claim Against Multiple Debtor Entities***.  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim Form must be submitted with respect to each Claim; *provided* that a Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Claims; and

f. ***Supporting Documentation***.   Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent actually receives the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi,  (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

## <u>When and Where To Submit</u>

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/blockfi, or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following address:  BlockFi Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE.  PROOFS OF CLAIM**

**SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**<u>Claims for Which Proofs of Claim Need Not Be Filed</u>**

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

    a.   any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

    b.   any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

    c.   any Claim that has previously been allowed by order of this Court;

    d.   any Claim that has already been paid in full by any of the Debtors;

    e.   any Claim for which a different deadline has previously been fixed by this Court;

    f.   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of BlockFi Inc.;

    g.   any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

    h.   any Claim based on an equity interest in the Debtors;

    i.   any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j.  claims for fees and expenses of professionals retained in these proceedings;

k.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

l.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases; and

m.  any Claim held by any person or entity solely against a non-Debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty calendar days from the date of entry of such order (the "<u>Rejection Bar Date</u>").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, a "<u>Supplemental Bar Date</u>").

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "<u>Schedules</u>").

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling (888) 773-0375 for callers in the United States or by calling (646) 440-4371  for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/blockfi; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at

http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.  SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

Dated: January 30, 2023

/s/  Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and*
*Debtors in Possession*