**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>                                Debtors.[1] | Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| BLOCKFI TRADING LLC[2],<br>                                Plaintiff,<br><br>-against-<br><br>JORGE L. PEREZ, SOLELY IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE CONNECTICUT DEPARTMENT OF BANKING,<br>                                Defendant. | Adv. Pro. No. 23-_____ (MBK) |

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A)); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] BlockFi Trading LLC is the holder of the money transmission license at issue in these proceedings and is one of the Debtors in these Chapter 11 Cases.

## BLOCKFI'S ADVERSARY COMPLAINT AGAINST CONNECTICUT DEPARTMENT OF BANKING

BlockFi Trading LLC ("BlockFi") brings this Complaint against Jorge L. Perez, solely in his official capacity as Commissioner of the Connecticut Department of Banking (the "Department"). In support of this Complaint, BlockFi alleges as follows:

### NATURE OF THE CASE[3]

1. On February 14, 2023, after the commencement of these Chapter 11 Cases, BlockFi was issued a *Notice of Automatic Suspension, Notice of Intent to Revoke Money Transmission License, Notice of Intent to Issue Order to Cease and Desist, and Notice of Right to Hearing* (the "Notice") by the Department indicating that the money transmitter license issued by the Department to BlockFi was suspended and that a proceeding (the "Administrative Proceeding") to revoke the license and assess civil penalties against BlockFi would be forthcoming. The Notice stated that BlockFi had a right to request a hearing before a hearing officer on the matters indicated in the Notice within 14 days of receipt.

2. BlockFi has attempted to surrender its money transmitter license to the Department to resolve this matter and avoid the need for an Administrative Proceeding. To date, the Department has refused to accept surrender of the license. After failing to come to an agreement with the Department regarding a stay of the Administrative Proceeding, BlockFi exercised its right to a hearing by submitting an Appearance and Request for Hearing (the "Hearing Request") on March 8, 2023. As of the filing of this Complaint, that hearing is scheduled for July 20, 2023, and counsel for the Department has advised BlockFi that the Department intends to go forward with the Administrative Proceeding.

---

[3] Certain capitalized terms used in the Nature of the Case are defined later in this Complaint.

3. Should BlockFi be forced to proceed with the adjudication of the Administrative Proceeding, it would be required to retain Connecticut counsel experienced in litigating administrative matters before the Department at significant expense to the estate. Additionally, the officers and directors of BlockFi would be required to devote time and resources to assist counsel in preparation of BlockFi's defense, diverting their attention from operating as a debtor-in-possession.

4. Through this adversary proceeding, BlockFi seeks (a) to enforce the automatic stay as to the Notice and Administrative Proceeding, or in the alternative, for injunctive relief enjoining the Administrative Proceeding, and (b) a finding that the Department violated Section 525 by its actions to revoke BlockFi's monetary transmission license (the "License") and assess civil penalties.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This adversary proceeding is a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b). The Debtors consent to the entry of final orders or judgment by this Court in connection with this adversary proceeding.

6. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

7. BlockFi Trading LLC is a limited liability corporation organized under the laws of Delaware.

8. Jorge L. Perez is the Commissioner of the Connecticut Department of Banking, and he is named in this adversary proceeding solely in his capacity as the Commissioner.

9.  The Connecticut Department of Banking is a state agency of the State of Connecticut "charged with administering title 36a of the Connecticut General Statutes, the 'Banking Law of Connecticut', and title 36b of the Connecticut General Statutes, the 'Securities and Business Investments Law of Connecticut'."[4]

## FACTUAL BACKGROUND

10. BlockFi Inc. was founded in 2017 by Zac Prince and Flori Marquez to provide credit services to markets with limited access to simple financial products. A detailed description of BlockFi's business operations, capital and debt structure, and the facts and circumstances leading to these Chapter 11 Cases is set forth in the Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions (the "First Day Declaration") [Docket No. 17].

11. On November 8, 2022, FTX Trading Ltd. ("FTX") paused withdrawals from its platform, and BlockFi, Inc. announced on November 10, 2022, that it too was limiting platform activity, including pausing client withdrawals (the "Platform Pause"). On November 11, 2022, FTX and related companies filed petitions for bankruptcy in the United States Bankruptcy Court for the District of Delaware.

12. On November 14, 2022, BlockFi represented on its website that withdrawals would continue to be paused because BlockFi had significant exposure to FTX and FTX's affiliated entities. On November 28, 2022 (the "Petition Date"), BlockFi Trading and its debtor affiliates filed petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their property as debtors in

---

[4] https://portal.ct.gov/DOB/Laws-and-Regulations/Laws-and-Regulations/Department-of-Banking-Regulations#DOBOrgandRulesofPractice.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

13. On November 30, 2022, the Court entered an *Order (i) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code and (ii) Granting Related Relief* (the "Worldwide Stay Order.") [Docket No. 56].

14. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

15. Prior to the commencement of these Chapter 11 Cases, in the ordinary course of the Debtors' business, the Debtors obtained money transmission licenses from various state regulatory agencies. Specifically, as it pertains to this Complaint, on April 2, 2020, BlockFi Trading LLC obtained the License issued by the Department. To secure the performance of its obligations under the License, in accordance with applicable law, BlockFi obtained money transmitter bonds issued by Arch Insurance Company ("Arch").

16. Prior to the Petition Date, but shortly after the Platform Pause, Arch canceled the bonds backing the License, effective December 15, 2022.

17. On November 28, 2022, the Department sent a letter to BlockFi acknowledging that Arch had canceled the bonds and providing instructions for requesting surrender of the License.

The letter also stated that certain circumstances would cause such a request to be denied, including pendency of an administrative action.

18. On December 14, 2022, BlockFi submitted a request to the Department to surrender the License. The request was not accepted.

19. On February 14, 2023, well after the Petition Date, the Department mailed the Notice to BlockFi which stated, in part:

> FURTHER, notice is hereby given to Respondent that the Commissioner intends to issue an order to REVOKE Respondent's money transmission license in Connecticut, to issue an order requiring Respondent to CEASE AND DESIST from engaging in an unsafe or unsound practice within the meaning of Section 36a-608(a) of the Connecticut General Statutes and to impose a CIVIL PENALTY upon Respondent as set forth herein, subject to Respondent's right to a hearing on the allegations set forth above. A hearing will be granted to Respondent if a written request for a hearing is received by the Department of Banking…within fourteen (14) days following Respondent's receipt of this Notice of Automatic Suspension, Notice of Intent to Revoke Money Transmission License, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing as set forth in Sections 36a-52(a) and 36a-50(a) of the 2022 Supplement to the General Statutes.

Notice, p. 5.

20. On March 8, 2023, in response to the Notice, counsel for BlockFi submitted an Appearance and Request for Hearing solely to preserve its rights to a hearing, and without prejudice to its rights under the Bankruptcy Code.

21. On March 15, 2023, counsel for BlockFi sent a letter to counsel for the Department, explaining the Debtors' position vis-à-vis the Debtors' Chapter 11 Cases and the Administrative Proceeding (the "March 15 Letter"). As of the filing of this adversary proceeding, the Debtors have not received a formal response to the March 15 Letter.

22. On March 24, 2023, the Commissioner for the Department issued a *Notification of Hearing and Designation of Hearing Officer* setting a hearing date of April 5, 2023, at 10:00 a.m.

23. On March 28, 2023, counsel for BlockFi conferred with the Department regarding the upcoming hearing and restated its position from the March 15 Letter. Although the Department has not taken any action in this Court to appropriately seek relief from the automatic stay and has instead forced the Debtors to request a hearing, the Department indicated that it believes its actions are excepted from the automatic stay and that it has every right to move forward with the Administrative Proceeding, which is now scheduled for July 20, 2023. A pre-hearing conference for the parties is scheduled for June 21, 2023.

24. Per this Court's *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order"), the bar date for government entities to file a proof of claim in these Chapter 11 Cases was May 30, 2023. The Department did not file a proof of claim before the bar date, despite being served with the Bar Date Order, the *Notice of Deadline Requiring Submissions of Proofs of Claim on or before March 31, 2023, and Related Procedures for Submitting Proofs of Claim in the above-captioned Chapter 11 Cases* (the "Bar Date Notice"), and a non-customer claim form (the "Claim Form", and together with the Bar Date Notice and Bar Date Order, the "Bar Date Package") via first class mail on February 8, 2023 [Docket No. 591, p. 25].

25. Throughout the months of April and May counsel for BlockFi continued to work toward a resolution of the issues, including providing the Department with working drafts of the Complaint and Motion to further facilitate the Department's understanding of BlockFi's position. On May 31, 2023 counsel for the Department indicated that they would be moving forward with the Administrative Proceeding scheduled for July 20, 2023. As such, BlockFi had no other option but to move forward with the filing of this Complaint and the Motion.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Request for Entry of Declaratory Judgment

26. BlockFi restates and realleges all foregoing and subsequent factual allegations as if fully set forth herein and incorporates them herein by reference.

27. BlockFi seeks an order that the automatic stay applies to the Notice and Administrative Proceeding and that further prosecution of the Administrative Proceeding is stayed, subject to further order of this Court, until the effective date of a plan in these Chapter 11 Cases, pursuant to Sections 362(a)(1), (3), and (6).

28. The Department's self-help actions to revoke the License and assess monetary penalties are in pursuit of its pecuniary interest and do not seek to protect public health, safety, or welfare.

29. Continued prosecution of the Administrative Proceeding will deplete estate resources as it will require BlockFi to retain Connecticut-barred counsel specializing in administrative matters.

30. Continued prosecution of the Administrative Proceeding will require the officers and directors of the Debtors to direct their time and resources away from operating as debtors-in-possession and working toward confirmation of a plan in the Chapter 11 Cases.

31. Based on the foregoing, BlockFi seeks a declaratory judgment that the Administrative Proceeding is subject to the automatic stay and that the Department's continued prosecution of the Administrative Proceeding is a violation of the stay.

### SECOND CLAIM FOR RELIEF
### Request for an Injunction

32. BlockFi restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

33. BlockFi seeks an injunction enjoining the continued prosecution of the Administrative Proceeding.

34. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

35. Relief under § 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a restructuring plan and to preserve the property of the debtor's estates.

36. For the reasons stated herein, this Court should exercise its authority under § 105 of the Bankruptcy Code to enjoin the prosecution of the Administrative Proceeding. If the Administrative Proceeding continues, it will harm the Debtors' efforts to monetize assets efficiently and effectively and will interfere with the property of the Debtors' estates.

37. If the Department is not enjoined from prosecuting the adversary proceeding the Debtors will likely suffer, at minimum, the following harms:

   a. Depletion of estate resources to hire additional counsel, resulting in the diminution of unsecured creditors' recoveries;

   b. The distraction of directors and officers from their duties to oversee the Chapter 11 Cases and propose and confirm a plan; and

   c. A possible barrage of litigation by other state issuers of money transmission licenses to BlockFi seeking monetary penalties for similar claims.

38. Conversely, the Department will suffer little, if any, harm if the Administrative Proceeding is enjoined until the effective date as BlockFi is not currently operating as a money transmitter and there is no immediate or foreseeable danger to the public.

39. The issuance of the requested injunction is in the public interest.

40. Debtors request the injunction issue without bond pursuant to Bankruptcy Rule 7065.

### THIRD CLAIM FOR RELIEF
### Violation of Section 525

41. BlockFi restates and realleges all foregoing factual allegations as if fully set forth herein and incorporates them herein by reference.

42. BlockFi seeks a finding that the Department violated Section 525 when it conditioned the suspension of BlockFi's license and attempted to issue civil penalties.

### PRAYER FOR RELIEF

WHEREFORE BlockFi respectfully request that this Court award it the following relief in its favor against the Department:

A. Entry of a declaratory judgment that the Administrative Proceeding is stayed under Section 362 until the effective date of a restructuring plan or further order of this Court; and/or

B. In the alternative, the entry of an Order granting an injunction pursuant to Bankruptcy Code § 105(a) enjoining and prohibiting the Department from prosecuting the Administrative Proceeding until the effective date of a restructuring plan or further order of this Court; and

C. A finding that the Department violated Section 525 by revoking BlockFi's license to transmit money and pursuing civil penalties; and

D. Such other relief to which Plaintiff may be entitled.

| | |
|---|---|
| Dated: June 13, 2023 | /s/ *Michael D. Sirota* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
(201) 489-1536 Facsimile
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*