**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

</td></tr>
<tr><td>

In re:

BLOCKFI INC., *et al.*,

              Debtors.[1]

</td><td>

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**Hearing Date: July 20, 2023 @ 11:30 AM ET**
**Response Deadline: July 13, 2023 @ 4:00 p.m. ET**
**Oral Argument Waived Unless Response Timely Filed**

</td></tr>
</table>

## NOTICE OF DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS
### (same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims)

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:

JORDAN E. CHAVEZ, ESQ.                          THOMAS J. ZAVALA, ESQ.
(214) 651-5453                                          (214) 651-5046
JORDAN.CHAVEZ@HAYNESBOONE.COM          TOM.ZAVALA@HAYNESBOONE.COM

**PLEASE TAKE NOTICE** that on **July 20, 2023 at 11:30 AM (ET)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, shall move for disallowance, expungement, reclassification and/or reduction or adjustment of certain claims described herein (the "Objection") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. The Debtors shall rely upon the accompanying *Certification of Mark A. Renzi* attached to the Objection as Exhibit A. A Proposed Order granting the relief requested in the Objection is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54] (the "Case Management Order"); (iv) conform with the Bankruptcy Court's *Order Granting Debtors' Motion*

*for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order"); and (v) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than 4:00 pm (ET) seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: June 14, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' SECOND OMNIBUS OBJECTION
## TO CERTAIN CLAIMS
**(same-debtor and cross-debtor duplicates, books and records,**
**incorrect/improper classification, and amended claims)**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

  BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

hereby file this *Debtors' Second Omnibus Objection to Certain Claims* (the "Objection") for entry

---

[1]   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

of an Order substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant

to sections 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 3007-1, 3007-2 and 9013-1 of the Local Rules of the United States Bankruptcy

Court for the District of New Jersey (the "Local Rules"). In support of the Objection, the Debtors

respectfully represent as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.).

The Debtors confirm their consent to the Court entering a final order in connection with this

Objection to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 502(a) of

Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1, 3007-2 and 9013-1.

## Background

**A.      The Chapter 11 Cases**

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions*

*and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5.       The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6.       On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

**B.       The Claims Process**

7.       On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"), (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the

Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such

order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of

an executory contract or unexpired lease must file Proofs of Claim for damages arising from such

rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors provided

notice of an amendment or supplement to the Schedules (as defined herein), as the deadline for

when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs

of Claim with respect to such claim.

8.      On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of:

BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket Nos. 460 and 856),

BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket Nos.

462 and 858); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi

Lending LLC (Case No. 22-19365) [Docket No. 251] (as amended by Docket Nos. 461 and 857),

BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No.

22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257],

BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case

No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the

"Schedules") pursuant to Bankruptcy Rule 1007.

9.      On February 2, 2023 and February 3, 2023, the Debtors caused a bar date notice to

be published in The New York Times and The Royal Gazette, respectively, as set forth in the

affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring

Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date

Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures

set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

  a.  the Master Service List (as defined in the Case Management Order);

  b.  all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

  c.  all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

  d.  all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

  e.  all entities who are party to executory contracts and unexpired leases with the Debtors;

  f.  all entities who are party to litigation with the Debtors;

  g.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

  h.  all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

  i.  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

10.  On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

11.  As of the date hereof, over 30,000 Proofs of Claim have been filed against the Debtors. The Debtors, together with their advisors, have commenced the Claims reconciliation

process, reviewed the claims listed on <u>Schedule 1</u> to the Proposed Order (the "<u>Disputed Claims</u>"), and concluded that each such Disputed Claims should not be allowed in the filed amounts for one or more of the following reasons: (1) the claims either amend or are same-debtor or cross-debtor duplicates of the Proof of Claim identified as the "Surviving Claim" on <u>Schedule 1</u>; (2) the claims seek recovery of certain amounts that are inconsistent with the Debtors' books and records; and/or (3) the claims are incorrectly or improperly classified. Accordingly, the Disputed Claims should be disallowed or reduced in amount and, where applicable, reclassified as detailed on <u>Schedule 1</u>.

12.     On May 17, 2023, the Court entered the *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 923] (the "<u>Wallet Order</u>"). Pursuant to the terms in the Wallet Order, the Client Wallet Accounts[2] are not property of the Debtors' estates, and the Debtors have been authorized to update the User Interface to accurately reflect the transactions and related balance of digital assets as of the Platform Pause Time Stamp. As such, if the Disputed Claim in <u>Schedule 1</u> included amounts claimed for Wallet Accounts, <u>Schedule 1</u> directs the creditor to go view the current Wallet Account balance on the Kroll website.

---

[2] Capitalized terms in this paragraph shall have the meanings provided in the Wallet Order and *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121].

## Objection

13.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

14.     The burden of proof for claims brought in the bankruptcy court under section 502(a) of the Bankruptcy Code rests on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH, 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). First, the claimant must allege facts sufficient to support their claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.* A properly filed proof of claim is generally considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f). The burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

15.     Notwithstanding the shifting burden of proof, a claimant's failure to allege facts and to provide sufficient support for a claim may deprive the claim of *prima facie* validity in the

first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Although the lack of *prima facie* validity is not necessarily a ground for disallowance, "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b) . . . ." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

16.     Pursuant to Local Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

17.     Pursuant to the Claims Procedures Order, the Debtors have listed multiple bases for objecting to the Disputed Claims listed on Schedule 1. The Debtors object to the Disputed Claims for multiple reasons, including that they either amend or are same-debtor or cross-debtor duplicates of the Proof of Claim identified as a "Surviving Claim" on Schedule 1. Cross-debtor duplicates are duplicate claims filed by the same claimant but against different Debtors. Additionally, the Debtors object to certain Disputed Claims on the basis that they are inconsistent with the Debtors' books and records and/or classified incorrectly or improperly, including, as an example, claims that improperly assert secured or priority status but are general unsecured claims. Accordingly, to prevent improper recovery against the estates, the Debtors request that the Disputed Claims be allowed only in the amounts and classifications as listed in the Surviving Claim Amount column on Schedule 1.

18.     <u>Schedule 1</u> identifies for each claimant: (a) the Proof of Claim number; (b) the date

the Proof of Claim was filed; (c) the entity against which the Proof of Claim was asserted; (d) the

amount asserted; (e) the bases for Objection; (f) the Surviving Claim number; (g) the correct entity

against which the claim should have been asserted; (h) the Surviving Claim amount; (i) to the

extent the creditor asserted a Wallet claim in the claim that is the subject of the objection, a

hyperlink with instructions on how the creditor can access the current Wallet account balance, and

(j) any relevant notes associated with the Objection. <u>Schedule 1</u> also includes a key explaining the

abbreviations for the bases for the Objection.

### Responses to this Objection

19.     <u>Parties Required to File a Response</u>. Any party who disagrees with this Omnibus

Objection is required to file a Response in accordance with the procedures set forth herein, which

were approved in the Claims Procedures Order. If a claimant whose Claim is subject to an

Objection does not file and serve a Response in compliance with the Claims Procedures Order, the

Court may sustain the Objection with respect to such Claim without further notice to the claimants.

20.     <u>Response Contents</u>. Each Response must contain the following (at a minimum):

   a.   a caption stating the name of the Court, the name of the Debtors, the case number,
        the title of the Objection to which the Response is directed, and, if applicable, the
        Proof of Claim number(s) related thereto from the Claims Register;

   b.   a concise statement setting forth the reasons why the Court should not sustain the
        Objection with respect to such Claim, including the factual and legal bases upon
        which the claimant will rely in opposing the Objection;

   c.   a copy of any other documentation or other evidence of the Claim, to the extent not
        already included with the Proof of Claim (if applicable), upon which the claimant
        will rely in opposing the Objection; *provided, however*, that the claimant need not
        disclose confidential, proprietary, or otherwise protected information in the
        Response; *provided further, however*, that the claimant shall disclose to the Debtors
        all information and provide copies of all documents that the claimant believes to be
        confidential, proprietary, or otherwise protected and upon which the claimant

intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.  the following contact information for the responding party:[3]

        i.  the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

21.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

    a.  <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (Jordan.chavez@haynesboone.com); and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

    b.  <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

    c.  <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq.

---

[3] If redaction is necessary for privacy protections, please reach out to Debtors' counsel with this information via email to the addresses listed in paragraph 21.a.

(Jeffrey.M.Sponder@usdoj.gov)      and      Lauren      Bielskie,      Esq.
(Lauren.Bielskie@usdoj.gov).

22.    <u>Hearing on Objection</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on

**July 20, 2023, at 11:30 a.m., prevailing Eastern Time**, before the Honorable Michael B. Kaplan,

United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted

both live and virtually using Zoom for Government. To the extent parties wish to present their

argument at the hearing via Zoom, a request for "Presenter Status" must be submitted to the Court

at    least    one    (1)    business    day    prior    to    the    Hearing    by    emailing    Chambers

(chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of

Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what

party or interest the Presenter represents. If the request is approved, the Presenter will receive

appropriate Zoom credentials and further instructions via email. The Hearing may be adjourned to

a subsequent date in these cases in the Court's or Debtors' discretion. Any party in interest who

disagrees with the Objection and has filed a Response that remains unresolved prior to the Hearing

must attend the Hearing. If such Claims cannot be resolved and a hearing is determined to be

necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the

hearing to the extent the Debtors did not file a notice of hearing previously.

23.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of the

Hearing, the Debtors will serve notice on the affected claimant and its counsel of record (if

applicable) that the scheduled hearing will be treated as a status conference during which the

parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of

the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may

be provided in a separate notice.

24.     <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the

Notice Parties or before the Response Deadline or such other date as agreed with the Debtors, in

accordance with the procedures set forth herein, may not be considered at the Hearing before the

Court. **Absent reaching an agreement with the Debtors resolving the Objection to a Claim,**

**failure to both file and serve a Response timely as set forth herein may result in the Court**

**granting the Objection without further notice or hearing.** Affected creditors will be served

with such order once it has been entered.

25.     <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply or omnibus reply

to any Response or multiple responses, as applicable, no later than two (2) business days before

the hearing with respect to the relevant Objection.

## **Reservation of Rights**

26.     Nothing contained in this Objection or any actions taken pursuant to any order

granting the relief requested by this Objection is intended or should be construed as: (a) an

admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors'

rights to dispute any particular claim on any grounds, including the Surviving Claim, (c) a promise

or requirement to pay any particular claim, (d) an implication or admission that any particular

claim is of a type specified or defined in this Objection or any order granting the relief requested

by this Objection, (e) a request or authorization to assume any agreement, contract, or lease

pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights

under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that

any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection

are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection

or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made

pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Separate Contested Matters

27.    Each of the Disputed Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the Disputed Claims.

## Waiver of Memorandum of Law

28.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Objection does not raise any novel issues of law.

## No Prior Request

29.    No prior request for the relief sought in this Objection has been made to this Court or any other court.

## Notice

30.    The Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Debtors conduct their business operations; (e) counsel for the Committee; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) the claimant(s) listed on Schedule 1 attached to the Proposed Order (collectively, the "Notice Parties").

The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: June 14, 2023

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## **EXHIBIT A**

**Certification of Mark A. Renzi**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                   Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**CERTIFICATION OF MARK A. RENZI IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims)**

---

[1]      The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

I, Mark A. Renzi, pursuant to 28 U.S.C. § 1746, declare:

1.      My name is Mark Renzi. I am over the age of 21. I am a Managing Director and the Head of the Corporate Finance Financial Institutions Group for Berkeley Research Group, LLC ("BRG"). I am also the Chief Restructuring Officer for the debtors and debtors in possession (collectively, "BlockFi" or the "Debtors") in the above-captioned Chapter 11 Cases. Accordingly, I am in all respects competent to make this certification (the "Certification").

2.      I submit this Certification in support of the *Debtors' Second Omnibus Objection to Certain Claims* (the "Objection") filed contemporaneously herewith.

3.      Except as otherwise indicated herein, the facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in this case and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Certification on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification.

4.      I have read and reviewed the Objection, including the information regarding the Disputed Claims[2] set forth on Schedule 1 to the Proposed Order attached thereto, and I am familiar with the information contained in those documents. In consultation with the Debtors' advisors, I have concluded that the Disputed Claims include claims that are: (i) same-debtor or cross-debtor duplicates and amendments of the proof of claim identified as a "Surviving Claim" on Exhibit 1; (ii) inconsistent with the Debtors' books and records; and/or (iii) classified incorrectly or improperly.

---

[2] Capitalized terms used but not defined in this Certification shall have the meanings set forth in the Objection.

5.      Accordingly, to prevent improper recovery against the estates, I believe that the Proposed Order should be granted and the Disputed Claims should be allowed only in the amounts and classifications as listed in the Surviving Claim Amount column on Schedule 1.

*[Remainder of page intentionally left blank]*

I hereby declare under the penalty of perjury that the foregoing is true and correct.


Executed on <u>June 14, 2023</u>          By:   <u>/s/ *Mark A. Renzi*</u>
                                                Mark A. Renzi
                                                CRO to the Debtors

## **EXHIBIT B**

**Proposed Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

| In re: | Chapter 11 |
|---|---|
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered)<br>**Hearing Date and Time:**<br>**July 20, 2023 at 11:30 AM (ET)** |

**ORDER GRANTING DEBTORS' SECOND OMNIBUS**
**OBJECTION TO CERTAIN CLAIMS**
**(same-debtor and cross-debtor duplicates, books and records,**
**incorrect/improper classification, and amended claims)**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims) |

The relief set forth on the following pages, numbered three (3) through five (5) and

<u>Schedule 1</u> is **ORDERED**.

| (Page 3) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims) |

Upon consideration of the *Debtors' Second Objection to Certain Claims* (the "Objection")[1]; and

the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to

28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the*

*Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice

of the Objection having been provided; and it appearing that no other or further notice need be

provided; and it appearing that no other or further notice of the Objection need be provided; and

all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court

having found and determined that the relief sought in the Objection is in the best interests of the

Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having

determined that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and upon the Certification of Mark A. Renzi attached to the Objection, the

record herein, and all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      The Disputed Claims listed on **Schedule 1** attached hereto are hereby deemed

allowed only in the amounts and classifications as listed in the Surviving Claim Amount column

on **Schedule 1**.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 4)

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims) |

3.    Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to mark each Disputed Claim as allowed in the amounts and classifications as listed in the Surviving Claim Amount column on **Schedule 1** on the claims register maintained for the Debtors' Chapter 11 Cases or, where appropriate, expunge each Disputed Claim with a Surviving Claim Amount of $0.00 from the claims register.

4.    The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5.    The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6.    Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.    Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS (same-debtor and cross-debtor duplicates, books and records, incorrect/improper classification, and amended claims) |

Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.      The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

9.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**<u>Schedule 1</u>**

**Disputed Claims**

**Debtor: BlockFi Inc *et al.***

Relevant Case Numbers: BlockFi Inc. 22-19361; BlockFi Lending LLC 22-19365; BlockFi Wallet LLC 22-19366; BlockFi International Ltd. 22-19368

Second Omnibus Objection

**Legend: Basis for Objection**

| | | | |
|---|---|---|---|
| BR-NI | Claimant is not identifiable as a customer of BlockFi | TOU | Claim includes amounts in violation of Terms of Use, including fraud or disabled account |
| BR - A | Inconsistent with Books and Records - Incorrect Crypto Amount, Correct Dollar Amount | IC | Claims are classified incorrectly or improperly |
| BR - B | Inconsistent with Books and Records - Incorrect Dollar Amount, Correct Crypto Amount | ID | Claims fail to specify the basis for claim or provide sufficient documentation |
| BR - C | Inconsistent with Books and Records - Incorrect Dollar and Crypto Amount | NL | Seeks recovery for amounts for which the Debtors are not liable |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | NDF | Non-debtor has satisfied the claim in full |
| AMD | Claim amended by subsequently filed proof of claim | L | Late filed claim after bar date |
| DUP | Duplicative claim | O | Other; see Notes for more information |

| Filed Claim | | | | | Surviving Claim | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Estate - Debtor Entity | Estate - Surviving Claim Amount | Wallet - Debtor Entity | Wallet Coins - Surviving Claim Amount [1] | Notes |
| 525 | *Redacted* | 12/19/2022 | BlockFi Inc. | $5,000.00 | BR-B, IC | 525 | BlockFi Inc | $0.03 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | Claim asserted against BlockFi Inc. when claim is properly against BlockFi Wallet LLC; asserted Wallet values match books and records |
| 17679 | *Redacted* | 2/13/2023 | BlockFi Inc. | $154.55 | BR-C, DUP, IC | 3264 | BlockFi Inc | $0.00 | N/A | N/A | |
| 3264 | *Redacted* | 2/13/2023 | BlockFi Inc. | $154.55 | BR-B, IC | 3264 | BlockFi Inc | $0.15 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 2070 | *Redacted* | 1/17/2023 | BlockFi Inc. | $223.10 | BR-C, IC | 2070 | BlockFi Inc | $0.09 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 2526 | *Redacted* | 2/1/2023 | BlockFi Inc. | $15.32 | BR-B, IC | 2526 | BlockFi Inc | $0.02 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 24108 | *Redacted* | 3/31/2023 | BlockFi Inc. | $125,538.54 | BR-C, IC | 24108 | BlockFi Inc | $65.23 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | BIA transfer to Wallet on 11/10/22 prior to Platform Pause; no client funds remain in BIA and Wallet balances differ from provided support. Remaining estate claim is for trailing accrued BIA interest. |
| 20386 | *Redacted* | 2/15/2023 | BlockFi Inc. | $334.94 | BR-C, IC | 20386 | BlockFi Inc | $1.00 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 24366 | *Redacted* | 3/30/2023 | BlockFi Inc. | $3,053.71 | BR-B, IC | 24366 | BlockFi Inc | $1.48 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 313 | *Redacted* | 12/12/2022 | BlockFi Inc. | $494,095.21 | AMD | 12342 | BlockFi Lending LLC | $0.00 | N/A | Loan Claim Only | Claim 313 is amended by claims 10732 and 12342 |
| 10732 | *Redacted* | 3/17/2023 | BlockFi Lending LLC | $270,566.78 | BR-B, DUP, IC | 12342 | BlockFi Lending LLC | $0.00 | N/A | Loan Claim Only | Claim asserted as secured but is a general unsecured claim; duplicative as a transposition of the last two numbers in the asserted amount |
| 12342 | *Redacted* | 3/24/2023 | BlockFi Lending LLC | $270,566.87 | BR-B, IC | 12342 | BlockFi Lending LLC | $108,288.19 | N/A | Loan Claim Only | Claim asserted as secured but is a general unsecured claim; 11/28/22 prices not properly used for crypto to USD conversion |
| 6148 | *Redacted* | 3/13/2023 | BlockFi International Ltd | $1,919.17 | BR-B, DUP, IC | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |
| 12920 | *Redacted* | 3/23/2023 | BlockFi International Ltd. | $1,919.17 | BR-B, IC | 12920 | BlockFi International Ltd | $0.16 | BlockFi International Ltd | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | Estate claim for trailing accrued interest; remainder of crypto asserted is Wallet claim that matches books and records |
| 12359 | *Redacted* | 3/23/2023 | BlockFi International Ltd. | $1,919.17 | BR-B, DUP, IC | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |
| 4243 | *Redacted* | 2/13/2023 | BlockFi International Ltd. | $1,060.12 | BR-B, DUP | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |

[1] Claims that did not assert Wallet as part of their proof of claim form may still have Wallet balances, but are listed as not applicable "N/A" to this particular proof of claim.

**Legend: Basis for Objection**

| | | | |
|---|---|---|---|
| BR-NI | Claimant is not identifiable as a customer of BlockFi | TOU | Claim includes amounts in violation of Terms of Use, including fraud or disabled account |
| BR - A | Inconsistent with Books and Records - Incorrect Crypto Amount, Correct Dollar Amount | IC | Claims are classified incorrectly or improperly |
| BR - B | Inconsistent with Books and Records - Incorrect Dollar Amount, Correct Crypto Amount | ID | Claims fail to specify the basis for claim or provide sufficient documentation |
| BR - C | Inconsistent with Books and Records - Incorrect Dollar and Crypto Amount | NL | Seeks recovery for amounts for which the Debtors are not liable |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | NDF | Non-debtor has satisfied the claim in full |
| AMD | Claim amended by subsequently filed proof of claim | L | Late filed claim after bar date |
| DUP | Duplicative claim | O | Other; see Notes for more information |

| | Filed Claim | | | | | Surviving Claim | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Estate - Debtor Entity | Estate - Surviving Claim Amount | Wallet - Debtor Entity | Wallet Coins - Surviving Claim Amount [1] | Notes |
| 10230 | *Redacted* | 3/13/2023 | BlockFi International Ltd. | $1,919.17 | BR-B, DUP | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |
| 25811 | *Redacted* | 3/23/2023 | BlockFi International Ltd. | $1,919.17 | BR-B, DUP | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |
| 25552 | *Redacted* | 3/13/2023 | BlockFi International Ltd. | $1,919.17 | BR-B, DUP | 12920 | BlockFi International Ltd | $0.00 | N/A | N/A | |
| 1953 | *Redacted* | 1/26/2023 | BlockFi Inc. | $50,000.00 | BR-C, IC | 1953 | BlockFi Inc | $0.62 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | Crypto amounts listed are for Wallet, not BIA, and dollarized claim does not use 11/28/22 prices |
| 15070 | *Redacted* | 3/30/2023 | BlockFi Inc. | $2,425.94 | BR-B, IC | 15070 | BlockFi Inc | $0.01 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 18976 | *Redacted* | 3/30/2023 | BlockFi Inc. | $2,421.72 | BR-C, DUP | 15070 | BlockFi Inc | $0.00 | N/A | N/A | |
| 25594 | *Redacted* | 3/28/2023 | BlockFi Inc. | $396.38 | BR-C, IC | 25594 | BlockFi Inc | $0.06 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | Estate claim for trailing accrued interest; otherwise asserting a Wallet claim as BlockFi Interest Account |
| 11830 | *Redacted* | 3/14/2023 | BlockFi Inc. | $1,475.97 | BR-C, IC | 11830 | BlockFi Inc | $1.32 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 229 | *Redacted* | 12/6/2022 | BlockFi Inc. | $165.33 | BR-B, IC | 229 | BlockFi Inc | $0.03 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |
| 2427 | *Redacted* | 2/1/2023 | BlockFi Inc. | $6,787.00 | BR-C, IC | 2427 | BlockFi Inc | $0.41 | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | |

[1] Claims that did not assert Wallet as part of their proof of claim form may still have Wallet balances, but are listed as not applicable "N/A" to this particular proof of claim.