**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 20, 2023 @ 11:30 AM (ET)**<br>**Response Deadline: July 13, 2023 @ 4:00 p.m. (ET)**<br>**Oral Argument Waived Unless Response Timely Filed** |

**NOTICE OF DEBTORS' THIRD OMNIBUS**
**OBJECTION TO CLAIMS OF ARCH INSURANCE**
**(insufficient documentation)**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIMS ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIMS MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:

| | |
|---|---|
| **JORDAN E. CHAVEZ, ESQ.** | **THOMAS J. ZAVALA, ESQ.** |
| **(214) 651-5453** | **(214) 651-5046** |
| **JORDAN.CHAVEZ@HAYNESBOONE.COM** | **TOM.ZAVALA@HAYNESBOONE.COM** |

**PLEASE TAKE NOTICE** that on **July 20, 2023 at 11:30 AM (ET)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, shall move for disallowance, expungement, reclassification and/or reduction of certain claims described herein (the "Objection") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. The Debtors shall rely upon the accompanying *Certification of Mark A. Renzi* attached to the Objection as Exhibit A. A Proposed Order granting the relief requested in the Objection is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54] (the "Case Management Order"), (iv) conform with the Bankruptcy Court's *Order Granting Debtors' Motion*

*for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order"); and (v) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: June 14, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' THIRD OMNIBUS OBJECTION
## TO CLAIMS OF ARCH INSURANCE
### (insufficient documentation)

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

    BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

hereby file this *Debtors' Third Omnibus Objection to Certain Claims of Arch Insurance*

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*(insufficient documentation)* (the "Objection") for entry of an Order substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Objection, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 502(a) of Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1, 3007-2 and 9013-1.

## Background

### A.    The Chapter 11 Cases

4.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions*

*and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5.    The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6.    On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

**B.    The Claims Process**

7.    On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"), (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the

3

Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such

order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of

an executory contract or unexpired lease must file Proofs of Claim for damages arising from such

rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors provided

notice of an amendment or supplement to the Schedules (as defined herein), as the deadline for

when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs

of Claim with respect to such claim.

8.      On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of:

BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket No. 460), BlockFi

International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket No. 462);

BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi Lending LLC

(Case No. 22-19365) [Docket No. 251] (as amended by Docket No. 461), BlockFi Lending II LLC

(Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No. 22-19371) [Docket

No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257], BlockFi Ventures LLC

(Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case No. 22-19366) [Docket

No. 261] (collectively and as may be amended from time to time, the "Schedules") pursuant to

Bankruptcy Rule 1007.

9.      On February 2, 2023 and February 3, 2023, the Debtors caused a bar date notice to

be published in The New York Times and The Royal Gazette, respectively, as set forth in the

affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring

Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date

Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures

set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

    a.    the Master Service List (as defined in the Case Management Order);

    b.    all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.    all entities who are party to executory contracts and unexpired leases with the Debtors;

    f.    all entities who are party to litigation with the Debtors;

    g.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    h.    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

    i.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

10.    On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

11.    As of the date hereof, over 30,000 Proofs of Claim have been filed against the Debtors. The Debtors, together with their advisors, have commenced the Claims reconciliation

process, reviewed the claims of Arch Insurance Company and Arch Insurance Group (collectively, "Arch Insurance"), which were filed on the Claims Bar Date as Claim Nos. 15208, 15224, 15893, and 15890 and are listed on Schedule 1 to the Proposed Order (the "Disputed Claims"). The Debtors concluded that: (i) the Disputed Claims were filed without sufficient documentation to support the amounts asserted in the claims and (ii) to the extent the amounts asserted in Claim Nos. 15208, 15224, and 15890 are validly owed by a Debtor or Debtors, the validity of which the Debtors contest and have not been able to determine based on the lack of supporting documentation, Arch Insurance would not be entitled to recover the amounts asserted from each of those named Debtor entities. Pursuant to the Claims Procedures Order, on May 8, 2023, Debtors' counsel contacted counsel for Arch Insurance and requested supporting documentation for the Disputed Claims. Arch Insurance has not responded. Accordingly, the Disputed Claims should be disallowed as detailed on Schedule 1.

## **Objection**

12.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

13.     The burden of proof for claims brought in the bankruptcy court under section 502(a) of the Bankruptcy Code rests on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH, 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). First, the claimant must allege facts sufficient to support his claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.* A properly filed proof of claim is generally

6

considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f). The burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

14.    Notwithstanding the shifting burden of proof, a claimant's failure to allege facts and to provide sufficient support for a claim may deprive the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Although the lack of *prima facie* validity is not necessarily a ground for disallowance, "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b) . . . ." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

15.    Pursuant to Local Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

16.     Pursuant to the Claims Procedures Order, the Debtors have listed the basis for objecting to the Disputed Claims listed on <u>Schedule 1</u>. The Debtors object to the Disputed Claims because Arch Insurance has failed to provide sufficient documentation to supports its indemnity claims, and even assuming Arch Insurance could produce sufficient documentation to justify the asserted amounts, it is not entitled to recover such amount from each Debtor it filed a claim against. Accordingly, to prevent improper recovery against the estates, the Debtors request that the Disputed Claims be allowed only in the amounts and classifications as listed in the Surviving Claim Amount column on <u>Schedule 1</u>.

17.     <u>Schedule 1</u> identifies for each claimant: (a) the Proof of Claim number; (b) the date the Proof of Claim was filed; (c) the entity against which the Proof of Claim was asserted; (d) the amount asserted; (e) the basis for the Objection; and (f) the Surviving Claim amount. <u>Schedule 1</u> also includes a key explaining the abbreviations for the basis for the Objection.

## **Responses to this Objection**

18.     <u>Parties Required to File a Response</u>. Any party who disagrees with this Omnibus Objection is required to file a Response in accordance with the procedures set forth herein, which were approved in the Claims Procedures Order. If a claimant whose Claim is subject to an Objection does not file and serve a Response in compliance with the Claims Procedures Order, the Court may sustain the Objection with respect to such Claim without further notice to the claimants.

19.     <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not sustain the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:[2]

        i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

20.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

    a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (Jordan.chavez@haynesboone.com); and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

    b.    <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn:

---

[2] If redaction is necessary for privacy protections, please reach out to Debtors' counsel with this information via email to the addresses listed in paragraph 20.a.

Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.    <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

21.    <u>Hearing on Objection</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on

**July 20, 2023, at 11:30 a.m., prevailing Eastern Time**, before the Honorable Michael B. Kaplan,

United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted

both live and virtually using Zoom for Government. To the extent parties wish to present their

argument at the hearing via Zoom, a request for "Presenter Status" must be submitted to the Court

at least one (1) business day prior to the Hearing by emailing Chambers

(chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of

Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what

party or interest the Presenter represents. If the request is approved, the Presenter will receive

appropriate Zoom credentials and further instructions via email. The Hearing may be adjourned to

a subsequent date in these cases in the Court's or Debtors' discretion. Any party in interest who

disagrees with the Objection and has filed a Response that remains unresolved prior to the Hearing

must attend the Hearing. If such Claims cannot be resolved and a hearing is determined to be

necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the

hearing to the extent the Debtors did not file a notice of hearing previously.

22.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of the

Hearing, the Debtors will serve notice on the affected claimant and its counsel of record (if

applicable) that the scheduled hearing will be treated as a status conference during which the

parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of

the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may

be provided in a separate notice.

23.     <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the

Notice Parties or before the Response Deadline or such other date as agreed with the Debtors, in

accordance with the procedures set forth herein, may not be considered at the Hearing before the

Court. **Absent reaching an agreement with the Debtors resolving the Objection to a Claim,**

**failure to both file and serve a Response timely as set forth herein may result in the Court**

**granting the Objection without further notice or hearing.** Affected creditors will be served

with such order once it has been entered.

24.     <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply or omnibus reply

to any Response or multiple responses, as applicable, no later than two (2) business days before

the hearing with respect to the relevant Objection.

<u>**Reservation of Rights**</u>

25.     To the extent Arch Insurance provides documentation in support of the Disputed

Claims, the Debtors reserve their rights to review such documentation and further contest the

validity of the Disputed Claims, including the right to object to the Disputed Claims as cross-

debtor duplicates. Moreover, nothing contained in this Objection or any actions taken pursuant to

any order granting the relief requested by this Objection is intended or should be construed as:

(a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the

Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay

any particular claim, (d) an implication or admission that any particular claim is of a type specified

or defined in this Objection or any order granting the relief requested by this Objection, (e) a

request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the

Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Separate Contested Matters

26.     Each of the Disputed Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the Disputed Claims.

## Waiver of Memorandum of Law

27.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Objection does not raise any novel issues of law.

## No Prior Request

28.     No prior request for the relief sought in this Objection has been made to this Court or any other court.

## Notice

29.     The Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States

Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Debtors conduct their business operations; (e) counsel for the Committee; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) the claimant(s) listed on <u>Schedule 1</u> attached to the Proposed Order (collectively, the "<u>Notice Parties</u>"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: June 14, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## <u>EXHIBIT A</u>

**Certification of Mark A. Renzi**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>              Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**CERTIFICATION OF MARK A. RENZI IN SUPPORT OF DEBTORS' THIRD**
**OMNIBUS OBJECTION TO CLAIMS OF ARCH INSURANCE**
**(insufficient documentation)**

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

1

I, Mark A. Renzi, pursuant to 28 U.S.C. § 1746, declare:

1.        My name is Mark Renzi. I am over the age of 21. I am a Managing Director and the Head of the Corporate Finance Financial Institutions Group for Berkeley Research Group, LLC ("BRG"). I am also the Chief Restructuring Officer for the debtors and debtors in possession (collectively, "BlockFi" or the "Debtors") in the above-captioned Chapter 11 Cases. Accordingly, I am in all respects competent to make this certification (the "Certification").

2.        I submit this Certification in support of the *Debtors' Third Omnibus Objection to Claims of Arch Insurance (insufficient documentation)* (the "Objection") filed contemporaneously herewith.

3.        Except as otherwise indicated herein, the facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in this case and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Certification on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification.

4.        I have read and reviewed the Objection, including the information regarding the Disputed Claims[2] set forth on Schedule 1 to the Proposed Order attached thereto, and I am familiar with the information contained in those documents. In consultation with the Debtors' advisors, I have concluded that the Disputed Claims include claims of Arch Insurance that lack sufficient or supporting documentation and attempt to recover unsupported indemnity claims in the same amount from multiple Debtor entities.

---

[2] Capitalized terms used but not defined in this Certification shall have the meanings set forth in the Objection.

5.     Accordingly, to prevent improper recovery against the estates, I believe that the Proposed Order should be granted, and the Disputed Claims should be disallowed, or allowed as only a $0.00 claim as listed in the Surviving Claim Amount column on Schedule 1.

*[Remainder of page intentionally left blank]*

I hereby declare under the penalty of perjury that the foregoing is true and correct.


Executed on <u>June 14, 2023</u>      By:    <u>/s/ *Mark A. Renzi*          </u>

                                           Mark A. Renzi

                                           CRO to the Debtors

## **EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**July 20, 2023, at 11:30 AM (ET)** |

**ORDER GRANTING DEBTORS' THIRD OMNIBUS**
**OBJECTION TO CERTAIN CLAIMS OF ARCH INSURANCE**

The relief set forth on the following pages, numbered two (2) through five (5) and <u>Schedule</u>

<u>1</u> is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS OF ARCH INSURANCE (INSUFFICIENT DOCUMENTATION) |

Upon consideration of the *Debtors' Third Omnibus Objection to Claims of Arch Insurance* (the "<u>Objection</u>")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Mark A. Renzi attached to the Objection, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims listed on **<u>Schedule 1</u>** attached hereto are hereby deemed allowed only in the amounts and classifications as listed in the Surviving Claim Amount column on **<u>Schedule 1</u>**.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3):
Debtors:            BLOCKFI INC., *et al.*
Case No.            22-19361 (MBK)
Caption of Order:   ORDER GRANTING DEBTORS' THIRD OMNIBUS OBJECTION TO
                    CLAIMS     OF      ARCH     INSURANCE      (INSUFFICIENT
                    DOCUMENTATION)

3.      Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is

hereby authorized and directed to mark each Disputed Claim as allowed in the amounts and

classifications as listed in the Surviving Claim Amount column on **Schedule 1** on the claims

register maintained for the Debtors' Chapter 11 Cases or, where appropriate, expunge each

Disputed Claim with a Surviving Claim Amount of $0.00 from the claims register.

4.      The Debtors are authorized to take all steps necessary or appropriate to carry out

the relief granted in this Order.

5.      The terms, conditions, and provisions of this Order shall be immediately effective

and enforceable upon its entry.

6.      Notwithstanding anything to the contrary in the Objection, this Order, or any

findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing

constitutes a finding under the federal securities laws as to whether crypto tokens or transactions

involving crypto tokens are securities, and the right of the United States Securities and Exchange

Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.      Nothing contained in this Objection or any actions taken pursuant to any order

granting the relief requested by this Objection is intended or should be construed as: (a) an

admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors'

rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any

particular claim, (d) an implication or admission that any particular claim is of a type specified or

defined in this Objection or any order granting the relief requested by this Objection, (e) a request

or authorization to assume any agreement, contract, or lease pursuant to section 365 of the

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS OF ARCH INSURANCE (INSUFFICIENT DOCUMENTATION) |

Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.       The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

9.       The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

10.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **Schedule 1**

**Disputed**

**Claims**

**Debtor: BlockFi Inc** *et al.*

**Relevant Case Numbers: BlockFi Inc. 22-19361; BlockFi Lending LLC 22-19365; BlockFi Wallet LLC 22-19366; BlockFi International Ltd. 22-19368**

**Third Omnibus Objection**

**Legend: Basis for Objection**

| | | | |
|---|---|---|---|
| BR-NI | Claimant is not identifiable as a customer of BlockFi | TOU | Claim includes amounts in violation of Terms of Use, including fraud or disabled account |
| BR - A | Inconsistent with Books and Records - Incorrect Crypto Amount, Correct Dollar Amount | IC | Claims are classified incorrectly or improperly |
| BR - B | Inconsistent with Books and Records - Incorrect Dollar Amount, Correct Crypto Amount | ID | Claims fail to specify the basis for claim or provide sufficient documentation |
| BR - C | Inconsistent with Books and Records - Incorrect Dollar and Crypto Amount | NL | Seeks recovery for amounts for which the Debtors are not liable |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | NDF | Non-debtor has satisfied the claim in full |
| AMD | Claim amended by subsequently filed proof of claim | L | Late filed claim after bar date |
| DUP | Duplicative claim | O | Other; see Notes for more information |

| Filed Claim | | | | | Basis for Objection | Surviving Claim | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | | Surviving Claim No. | Estate - Debtor Entity | Estate - Surviving Claim Amount | Wallet - Debtor Entity | Wallet Coins - Surviving Claim Amount [1] | Notes |
| 15208 | Arch Insurance Company | 3/31/2023 | BlockFi Lending LLC | $29,045,000.00 | ID | 15208 | BlockFi Lending LLC | $0.00 | N/A | N/A | Indemnity claim |
| 15224 | Arch Insurance Company | 3/31/2023 | BlockFi Inc. | $29,045,000.00 | ID | 15224 | BlockFi Inc. | $0.00 | N/A | N/A | Indemnity claim |
| 15890 | Arch Insurance Group | 3/31/2023 | BlockFi Trading LLC | $29,045,000.00 | ID | 15890 | BlockFi Trading LLC | $0.00 | N/A | N/A | Indemnity claim |
| 15893 | Arch Insurance Company | 3/31/2023 | BlockFi Wallet LLC | $2,000,000.00 | ID | 15893 | BlockFi Wallet LLC | $0.00 | N/A | N/A | Claim against Wallet for indemnity, not for coin held in a BlockFi Wallet account |

[1] Claims that did not assert Wallet as part of their proof of claim form may still have Wallet balances, but are listed as not applicable "N/A" to this particular proof of claim.