| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email:  rstark@brownrudnick.com<br>　　　　kaulet@brownrudnick.com<br>　　　　bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>　-and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>　　　 DClarke@genovaburns.com<br>　　　 GKinoian@genovaburns.com<br>*Local Counsel for the Official<br> Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone: (617)536-1766<br>Fax: (617)289-0466<br>Email:  spalley@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES TO GENOVA BURNS LLC**

TO:   THE HONORABLE MICHAEL B. KAPLAN
      UNITED STATES BANKRUPTCY JUDGE

The Application of Genova Burns LLC ("Applicant" or "Genova"), Local Counsel to the Official Committee of Unsecured Creditors (the "Committee"), respectfully states to the Court as follows:

1. The members and associates of Genova are all attorneys at law of the State of New Jersey and are duly admitted to practice before this Court.

2. On November 28, 2022, the Debtor filed a Chapter 11 Petition in the United States Bankruptcy Court for the District of New Jersey [dkt #1].

3. On December 21, 2022, a Notice of Appointment of Official Committee of Unsecured Creditors was entered by the Court [dkt #130], and on December 22, 2022, an Amended Notice of Appointment of Official Committee of Unsecured Creditors was entered by the Court [dkt #131].

4. On January 17, 2023, the Court entered an Order Granting Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court [dkt #307] (the "Administrative Fee Order").

5. On May 17, 2023, the Court entered an Order Appointing an Independent Fee Examiner and Establishing Related Procedures for the Review of fee Applications of Retained Professionals [dkt #925] (the "Fee Examiner Order").

2

6.  Genova was retained to serve in the capacity of Local Counsel to the Official Committee of Unsecured Creditors by Order of this Court dated February 23, 2023 [dkt #543], which retention was effective December 29, 2022. A copy of such retention Order is annexed hereto as **Exhibit "A"**.

7.  This Application represents Genova's First Interim Application as Local Counsel to the Committee and covers the period December 29, 2022 through April 30, 2023 (the "Interim Application Period").

8.  Genova's computerized time sheets, previously filed with the Monthly Fee Statements covering the Interim Application Period (as referenced below), detail the services rendered by the members and associates of Genova, the hourly rate charged by each member, associate or paralegal, and the actual time expended in the performance of such services. Said time sheets reflect that Genova has expended 826.70 hours in performing services for the Committee, resulting in charges of $520,095.00. The blended hourly rate charged herein is $629.12, which your applicant believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services, together with all out-of-pocket disbursements incurred by Genova in the performance of its duties as Local Counsel to the Committee, which total $2,922.43.

9.  Monthly Fee Statements covering the Interim Application Period were prepared, filed and served pursuant to the Administrative Fee Order. The following table identifies Genova's prior Monthly Fee Statements covering the Interim Application Period:

| Docket # | Filed Date (Covered Period) | Fees | Less 20% Holdback | Fee Payment Requested | Expense Reimbursement (100%) |
|---|---|---|---|---|---|
| **618** | 3/14/23 (12/29/22-1/31/23) | $233,222.50 | ($47,044.50) | $188,178.00 | $1,790.96 |

3

| Docket # | Filed Date (Covered Period) | Fees | Less 20% Holdback | Fee Payment Requested | Expense Reimbursement (100%) |
|---|---|---|---|---|---|
| **642** | 3/21/23 (2/1/23-2/28/23) | $89,955.00 | ($17,991.00) | $71,964.00 | $195.98 |
| **735** | 4/12/23 (3/1/23-3/31/23) | $145,165.00 | ($29,033.00) | $116,132.00 | $768.93 |
| **1002** | 5/23/23 (4/1/23-4/30-23) | $49,752.50 | ($9,950.50) | $39,802.00 | $166.56 |

The above-listed Monthly Fee Statements, and the statements of services and statements of expenses annexed as Exhibits thereto, are incorporated herein by reference. Copies of the above-listed Monthly Fee Statements will be provided to the Fee Examiner appointed pursuant to the Fee Examiner Order.

10. Annexed hereto and made part hereof as **Exhibit "B"** is the Affidavit of Daniel M. Stolz, Esq., submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

11. All services that are the subject of this fee application were rendered for the Committee at the request and/or consent of the Committee in conjunction with Applicant's co-counsel.

12. The within fee application encompasses services rendered for the Committee.

13. As local counsel familiar with the practices, local rules and procedures in this District, your Applicant's involvement in almost every issue is essential.

14. Throughout the period covered by the within application, Applicant communicated regularly with co-counsel for the Committee, professionals for the Committee, and with Committee members. Applicant also communicated (and continues to communicate) frequently with representatives of the Office of the US Trustee with regard to administrative issues in this

Chapter 11 case. Applicant further coordinated with Court personnel with regard to the scheduling of hearings and related issues.

15. Applicant is charged with the responsibility of filing every pleading for the Committee in this complex Chapter 11 case. For each pleading, Applicant is responsible for ensuring all such pleadings (in form and substance) conform to the local practice and procedures.

16. Applicant is charged with coordinating the retention of co-counsel and professionals for the Committee. This coordination included the drafting, revising, and filing the necessary retention documents, answering questions from co-counsel and professionals on the local practices and forms, and addressing the concerns of the US Trustee raised by disclosures of the professionals to their respective exposure to the case parties list.

17. Applicant has appeared at every hearing before this Court during the time that this Chapter 11 case has been pending in this District.

18. Applicant has participated in all weekly meetings with the Committee and its professionals.

19. Applicant notes that the hourly rates of Applicant's firm are well below those of every other law firm employed in the within Chapter 11 case.

20. Efforts were made to avoid duplication of efforts among Applicant's attorneys and between Applicant and co-counsel. However, certain tasks that Applicant were involved in may have required more than one attorney be assigned to the matter.

21. Applicant respectfully submits that the services rendered by your Applicant during the Interim Application Period covered by this Fee Application were reasonable, enabled and/or assisted the Committee in fulfilling its fiduciary obligations to similarly situated creditors, and were of significant benefit to creditors of the within bankruptcy case.

22. Applicant respectfully submits that all services were essential and necessary and the complexity of this Chapter 11 case required such services.

23. In addition to the foregoing, Applicant respectfully directs the Court's attention to the detailed time records submitted with the above-listed Monthly Fee Statements covering the Interim Application Period, which set forth the specific services rendered.

24. In summary, Applicant has performed extensive services, which have benefited the Committee and enabled and/or assisted the Committee in fulfilling its fiduciary obligations to the constituent creditors it represents.

**WHEREFORE,** Genova Burns LLC respectfully requests the entry of the annexed Order, granting a first interim allowance of compensation in the amount of $520,095.00, together with reimbursement of actual out-of-pocket disbursements in the amount of $2,922.43, for a total award of $523,017.43, and granting such other relief as the Court deems just and appropriate.

Dated: June 15, 2023

        **GENOVA BURNS LLC**

        By: */s/ Daniel M. Stolz*
            Daniel M. Stolz, Esq.
            Donald W. Clarke, Esq.
            Gregory S. Kinoian, Esq.
        110 Allen Rd., Suite 304
        Basking Ridge, NJ 07920
        Tel:   (973) 230-2095
        Fax:  (973) 533-1112
        Email: DStolz@genovaburns.com
                  DClarke@genovaburns.com
                  GKinoian@genovaburns.com

        *Local Counsel for the Official*
        *Committee of Unsecured Creditors*