IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | Chapter 11 Case No. 22-19361 (MBK) |
| BLOCKFI INC., et al., | (Jointly Administered) |
| Debtors.[1] | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**STIPULATION AND AGREED ORDER BETWEEN U.S. SECURITIES AND EXCHANGE COMMISSION AND DEBTORS TO FOREGO RECEIVING DISTRIBUTION FROM DEBTORS' BANKRUPTCY ESTATES**

This stipulation and agreed order (this "Stipulation") is made between the U.S. Securities and Exchange Commission (the "Commission"), through the undersigned counsel, and BlockFi Inc. and its affiliated debtors (the "Debtors") (collectively, the "Parties"), with respect to the treatment of the SEC Penalty Claims under the Debtors' proposed First Amended Joint Chapter 11 Plan of BlockFi, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code filed on May 12, 2023 [Dkt. No. 875] (the "Plan")[2] as follows:

**RECITALS**

**WHEREAS**, on November 28, 2022, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Chapter 11 Cases");

**WHEREAS**, on June 13, 2023, the Commission timely filed a proof of claim, in the amount of $30,284,696.15, against the Debtors as Claim No. 32249 on account of amounts that remain due under that certain Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the

---

[1] The Debtors in these Chapter 11 cases along with the last four digits of each Debtors federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).

Securities Act of 1933 and Section 9(f) of the Investment Company Act of 1940, Making Findings, and Imposing a Cease-and-Desist Order entered on February 14, 2022 in an Administrative Proceeding before the Commission (the "Commission POC");

**WHEREAS**, the Plan provides for the SEC Penalty Claims to be subordinated to Account Holder Claims, General Unsecured Claims and Intercompany Claims pursuant to sections 726(a)(4) and 1129(a)(7) of the Bankruptcy Code (the "Proposed Plan Treatment");

**WHEREAS**, the Commission disagrees with the Proposed Plan Treatment and asserts that its claims are general unsecured claims entitled to participate *pari passu* with other general unsecured creditors in the Debtors' Chapter 11 Cases but due to the specific facts of these Chapter 11 Cases, in order to maximize the amount that may be distributed to investors and avoid delay in such distribution, the Commission has agreed to forego participating in any distributions under the Plan or requiring any cash reserve in connection with such distributions, on account of any claims that may be or become Allowed Claims based on the Commission POC until all other allowed claims in Classes 1, 2 , 3, 4 and 11 (as defined in the Plan) are paid in full.

**NOW, IT IS THEREFORE STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED EFFECTIVE AS OF THE EFFECTIVE DATE HEREOF AS FOLLOWS:**

1. The Commission POC will be re-classified as a general unsecured claim in new Class 15.

2. The Commission consents to the Debtors making distributions to holders of Allowed Claims in the Debtors' Chapter 11 Cases without making such a distribution to the Commission on account of the Commission POC, or reserving cash available for such distribution on account of the Commission POC, until payment in full of all other Allowed Claims in Classes 1, 2, 3, 4 and 11.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

3. The Commission retains all rights with respect to the Commission POC, including the right to amend the Commission POC. The Debtors retain all objections and defenses to the Commission POC.

4. This Stipulation shall continue to remain in full force and effect with respect to any amended Plan; provided that the classification and treatment of Allowed Claims in Classes 1, 2, 3 and 4 remains substantially the same as in the Plan.

5. Any Allowed Commission POC shall be subject to the terms of this Stipulation and shall not be subject to reconsideration, provided that, this Stipulation shall be of no force or effect if the Plan is not confirmed by this Court or the Plan does not thereafter become effective.

6. Nothing in this Stipulation precludes the Commission from objecting to the classification or allowance of any claim other than the SEC Penalty Claims.

7. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each Party who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

8. This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.

9. Each Party agrees that this Stipulation shall not be used in any other proceeding for any purpose.

10. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a

dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought

on proper notice and in accordance with the relevant Bankruptcy Rules and the Local Rules.

STIPULATED AND AGREED as of this 22 day of June, 2023.

By: */s/ Alan S. Maza*
Alan S. Maza
Phone: (212) 336-1100
Email: Mazaa@sec.gov

*Counsel for*:
**U.S. Securities & Exchange Commission**
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

5