## **EXHIBIT A**

PROPOSED ORDER

25

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

**[PROPOSED] ORDER SUSTAINING OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' SECOND MOTION TO EXTEND EXCLUSIVITY AND GRANTING CROSS-MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (A) APPOINTING A CHAPTER 11 TRUSTEE, (B) TERMINATING THE DEBTORS' EXCLUSIVITY PERIODS OR, ALTERNATIVELY, (C) CONVERTING THESE CASES TO CHAPTER 7 PROCEEDINGS, AND (D) FOR OTHER RELATED RELIEF**

The relief set forth on the following page is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

2

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email:  rstark@brownrudnick.com<br>        kaulet@brownrudnick.com<br>        bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>        DClarke@genovaburns.com<br>        GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone:  (617)536-1766<br>Fax: (617)289-0466<br>Email:  spalley@brownrudnick.com |

This matter coming before the Court on the *Objection of the Official Committee of Unsecured Creditors to Debtors' Second Motion to Extend Exclusivity and Cross-Motion of the Official Committee of Unsecured Creditors for an Order (A) Appointing a Chapter 11 Trustee, (B) Terminating the Debtors' Exclusivity Periods or, Alternatively, (C) Converting These Cases to Chapter 7 Proceedings* (the "Cross-Motion")[2] filed by the Official Committee of Unsecured Creditors duly appointed in these Chapter 11 cases (the "Committee"), as an objection and cross-motion to the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 886] (the "Debtors' Motion;" with the Cross-Motion, the "Motions"); the Court having reviewed the Motions and having heard the statements of counsel and the evidence introduced with respect to the Motions at any hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (d) cause exists within the meaning of 11 U.S.C. [§ 1104 for the appointment of a chapter 11 trustee] [§ 1121(d)(1) for the termination of the exclusive periods granted therein] [§ 1112 for the conversion of these cases to cases under chapter 7 of the Bankruptcy Code]; and the Court having determined that the legal and factual bases set forth in the Cross-Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Cross-Motion is GRANTED as set forth herein.

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

3

2. The Debtors' Motion is DENIED.

[CHAPTER 11 TRUSTEE:

3. The United State Trustee is directed to appoint a chapter 11 trustee in the above-captioned chapter 11 cases in accordance with the provisions of section 1104 of the Bankruptcy Code.

4. A meeting of creditors for the purpose of electing one disinterested person to serve as trustee, as provided at section 1104(b)(1) of the Bankruptcy Code, is deemed timely requested.]

[EXCLUSIVITY:

5. The exclusive periods of section 1121(d) of the Bankruptcy Code are hereby terminated as to the Committee, as set forth below.

6. The Committee may file its plan, disclosure statement and motion to approve the disclosure statement and solicitation procedures, within seven (7) days of entry of this Order.]

[CONVERSION:

7. Effective as of the date hereof, these Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

8. The Debtors shall:

   a. Within seven (7) days of entry of this Order, or such time as may be agreed by any duly appointed chapter 7 trustee, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

   b. Within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the conversion date, which schedule shall include the name and address of each creditor holding any such debt; and

   c. Within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

4

9. Effective upon entry of this Order, the Debtors' retention of all professional advisors shall be terminated, provided that Debtors' counsel shall be authorized and empowered to effectuate a conversion of the Debtors and their Chapter 11 Cases to cases under Chapter 7.]

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.