| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| BROWN RUDNICK LLP <br> Robert J. Stark, Esq. <br> Kenneth J. Aulet, Esq. <br> Bennett S. Silverberg, Esq. <br> Seven Times Square <br> New York, NY  10036 <br> Telephone: (212) 209-4800 <br> Fax: (212) 209-4801 <br> Email: rstark@brownrudnick.com <br>       kaulet@brownrudnick.com <br>       bsilverberg@brownrudnick.com <br> *Counsel for the Official Committee of Unsecured Creditors* <br>  -and- <br> GENOVA BURNS LLC. <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> Telephone: (973) 230-2095 <br> Fax: (973) 533-1112 <br> Email: DStolz@genovaburns.com <br>       DClarke@genovaburns.com <br>       GKinoian@genovaburns.com <br> *Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP <br> Stephen D. Palley, Esq. <br> 601 Thirteenth Street, NW <br> Washington, DC  20005 <br> Telephone: (202) 536-1700 <br> Fax: (202) 536-1701 <br> Email:  spalley@brownrudnick.com |
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br>                  Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ  08691.

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNREDACTED COPIES OF THE COMMITTEE'S PRELIMINARY REPORT AND PLAN STATEMENT AND OBJECTION TO THE MOTION TO SEAL THE REPORT**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the "**Debtors**" or "**BlockFi**"), by and through undersigned counsel, respectfully requests entry of an order substantially in the form attached here as **Exhibit A**, authorizing the Committee to file unredacted copies of (i) the Committee's *Preliminary Report Addressing Question Posed by the Official Committee of Unsecured Creditors: Why Did BlockFi Fail?* (the "**Preliminary Report**") by denying the *Application in Support of the Motion of the Official Committee of Unsecured Creditors for (I) Authority to File Under Seal the Preliminary Report of the Official Committee of Unsecured Creditors and (II) Other related Relief* (the "**Motion to Seal the Preliminary Report**") [Docket No. 928]; and (ii) the *Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan* (the "**Committee's Plan Statement**") [Docket No. 899].

**PRELIMINARY STATEMENT**

1.      Full disclosure and transparency are hallmark principles of the bankruptcy process and are especially critical given the requirement under the Bankruptcy Code that creditors be provided information to inform their decision-making on a plan of reorganization. In this case, the Debtors have proposed a plan of liquidation that would, among other deficiencies, release insiders of allegedly fraudulent conduct. The Preliminary Report and the Committee's Plan Statement describe extensive past misconduct and call into question the fitness of those insiders to continue managing these Debtors and processes. To put it mildly, the Preliminary Report and Committee's Plan Statement contradict the narrative set forth by the Debtors in their own First Amended Plan and Disclosure Statement (defined below), and communications to creditors.

2

2.      As will be set forth in the Committee's anticipated objection to the Debtors' Disclosure Statement, creditors of BlockFi cannot understand the Plan and its impact without access to the Preliminary Report and Committee's Plan Statement. By separate motion, the Committee is requesting that this motion be heard in tandem with approval of the proposed disclosure statement.

3.      The Committee previously requested the sealing of the Preliminary Report and the Committee's Plan Statement in accordance with the Debtors' confidentiality designations under the protective order entered in this case (Docket No. 498, the "**Protective Order**"). The Protective Order required a good-faith belief that designated information was appropriately designated. The Debtors, however, produced nearly every scrap of paper in this case under either a "confidential" or a "highly confidential" designation. The Committee has never agreed that the underlying documents were properly designated as confidential, nor that the summaries of such documents ought to be confidential; however, previously, the Committee determined to reserve its rights to challenge designation while the parties engaged in mediated settlement discussions.[2]

4.      Ruling upon the Committee's previous motion to seal the papers, against an objection from the U.S. Trustee, the Court implicitly acknowledged the lack of commercial sensitivity required to seal documents under the prevailing standard for sealing of documents by declining to seal the Committee's Plan Statement under Section 107, but overruled the objection and sealed the Preliminary Report and Plan Statement using its equitable powers in connection with the disclosure statement approval process and Section 1125 of the Code.[3]

---

[2] For the avoidance of doubt, the Committee continues to reserve all rights with respect to confidentiality designations under the Protective Order. With this motion, the Committee seeks relief on the basis that sealing and redaction are not warranted or permissible pursuant to sections 105 and 107 of the Bankruptcy Code.

[3] May 18, 2023 Hr'g Tr. 14:04-09.

5. Mediation failed and the parties are now at an impasse. The Debtors are now pushing to confirm their First Amended Plan and Disclosure Statement against the Committee's objections, without disclosing any of the material facts regarding valuable claims to be released for minimal consideration. The Court's prior reasoning in favor of sealing is no longer applicable.

6. Further, the Debtors seek to persuade customers to release their individual claims against the Debtors' executive team – including claims that sound in fraud – without disclosure of what those claims are and what evidence supports them, preventing customers from making an informed choice.

7. The Committee is engaging in the process to de-designate the underlying documents relied upon by the Committee as there are no legitimate grounds to designate those documents as confidential. If the Debtors refuse to agree, the Committee will seek this Court's intervention. In the interim, however, there are no legitimate grounds to seal the Committee's filings, and the Committee should be permitted to unseal those filings.[4]

8. BlockFi's creditors must have the facts. The Committee urges the Court to grant this Motion and to deny the Committee's pending motion to seal its Report.

## JURISDICTION

9. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought herein is 11 U.S.C. § 107(a).

---

[4] The Committee reserves the right to file a redacted version of its Report, without waiver of its arguments that the entire Report should be unredacted.

**RELEVANT FACTUAL BACKGROUND**

A. **Petition Date and Plan Filing.**

10.     The Debtors commenced these Chapter 11 cases on November 28, 2022. That same day, the Debtors filed their *Joint Plan of Reorganization of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 22], which, among other things, contained extremely broad releases for BlockFi's current and former officers and directors for no consideration. The Debtors, however, did not file a disclosure statement or request solicitation procedures to be approved at that time.

11.     An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

12.     The Committee was appointed on December 21, 2022 [Docket Nos. 130, 131]. Immediately following its appointment, the Committee commenced an investigation into the causes of BlockFi's collapse, with the intention of, among other things, determining the value of potential litigation claims. The Committee's investigation quickly revealed significant pre-Petition Date misconduct by BlockFi's management, principally including Zac Prince and Flori Marquez. Likewise, the investigation demonstrated that BlockFi's initial case disclosures, among many communications to creditors prior to and after the Petition Date, contained material falsehoods.

13.     On May 12, 2023, the Debtors filed the *First Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "**First Amended Plan**") [Docket No. 875], along with

5

the accompanying *Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "**Disclosure Statement**") [Docket No. 874].

### B. Improper Solicitation; Committee Response and Filings.

14. Shortly after the Plan and Disclosure Statement were filed on May 12, 2023 – before any party could respond to the Disclosure Statement, and of course before the Disclosure Statement could be approved, the Debtors filed the First Amended Plan and the Disclosure Statement, and proceeded to make various communications directly to creditors via email, regular mail, Twitter, and on their proprietary platforms. These communications urged "We strongly recommend that you vote to accept the Plan," and threatened that the Committee's plan (which did not and legally could not exist) was inferior and dangerous to creditor interests.

15. In response to such communications – which occurred before Court approval of the Disclosure Statement – the Committee filed its *Emergency Motion of the Official Creditors Committee Requesting an Order Remedying the Debtors' Improper Plan Solicitation in Violation of Bankruptcy Code Section 1125(b)* (the "**Improper Solicitation Motion**") [Docket No. 895]. Contemporaneously therewith, the Committee also filed the Committee's Plan Statement to counteract the false and misleading narrative advanced by the Debtors and provide BlockFi creditors with further insight into the Committee's disagreements with the Debtors' First Amended Plan.

16. On May 18, 2023, the Court held an emergency hearing on the Debtors' plan solicitation communications, and concluded that "many of the communications fall outside the

6

scope of permissible solicitation under the Bankruptcy Code."[5] The Court did not permit publication of the unredacted Plan Statement and Preliminary Report, however, in furtherance of the mediation to which it referred the Debtors and Committee.

17. The parties engaged in mediation, which as of the date hereof has concluded without settlement. In the early hours of June 28, 2023, the Debtors filed amended versions of the First Amended Plan and Disclosure Statement that reference (but do not seek approval of) certain settlements with insiders that the Committee considers to be grossly insufficient, and substantially no changes to the disclosures concerning the claims being settled. *See* Docket Nos. 1132, 1133.

### C. Sealing Requests; Nature of Sealed Filings.

18. The redacted portions of the Committee's Plan Statement include references to documents provided by the Debtors to the Committee designated as confidential pursuant to the Protective Order. The Committee disagreed with the confidentiality designations. Nevertheless, as required under the Protective Order, the Committee submitted certain information in redacted form and filed its *Application in Support of the Motion of the Official Committee of Unsecured Creditors to (I) Seal the Redacted Portions of the Statement of the Official Committee of Unsecured Creditors Respecting the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* [Docket No. 900] (the "**Motion to Seal the Committee's Plan Statement**" and together with the Motion to Seal the Preliminary Report, the "**Motions to Seal**") to avoid further delay as negotiations proceeded. The Committee expressly reserved its rights to challenge the Debtors' confidentiality designations at a later date.

19. Contemporaneously, the Committee finalized its comprehensive investigation into,

---

[5] May 18, 2023 Hr'g Tr. 6:09-11.

among other things, potential estate causes of action against the Debtors' current and former directors and officers. The bulk of the exhibits and information developed in the investigation, which formed the basis of the Preliminary Report, had likewise been designated confidential under the Protective Order (such that publication of a redacted version of the Preliminary Report would have been impractical). The Committee, again, disagreed with the Debtors' confidentiality designations. However, again as required by the Protective Order, the Committee filed the Motion to Seal the Preliminary Report, requesting Court authority to file under seal the Preliminary Report, and reserving challenge rights for a later date.

20. On May 22, 2023, the Court entered an order granting the Committee's Motion to Seal the Committee's Plan Statement [Docket No. 962]. At a hearing on May 25, 2023, the parties agreed to adjourn the hearing on the Motion to Seal the Preliminary Investigation Report until after mediation.[6]

21. Shortly thereafter, the Committee and the Debtors commenced an expedited mediation process in hopes of resolving certain plan-related issues. As noted above, the parties were unable to reach a settlement.

22. The Committee will object to the Disclosure Statement (absent foreseeable further amendment) on the grounds that, among other things, the Disclosure Statement contains false, misleading and incomplete information concerning the estate and third-party claims against BlockFi's insiders, which are to be released under the Plan for little or no consideration. A hearing on the Disclosure Statement is currently set for July 13, 2023.

---

[6] May 25, 2023 Hr'g Tr. 28:13-18.

8

**ARGUMENT**

23. Public access to court documents is a bedrock principle in American jurisprudence.[7] There is a "a strong presumption of public access to court records […] rooted in the public's first amendment rights to know about the administration of justice" and which is necessary to safeguard the integrity and respect in our judicial system.[8]

24. Bankruptcy Code section 107(a) sets forth this same principle of open access to bankruptcy court records, providing that, subject to certain limited exceptions, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."[9] Accordingly, "[t]here is a strong presumption in favor of public access to bankruptcy proceedings and records."[10]

25. Against this backdrop, restricting public access to court records is limited to compelling and extraordinary circumstances.[11] To that end, sections 107(b) and 107(c) of the Bankruptcy Code provide certain limited circumstances under which a bankruptcy court may prevent public disclosure of court records: (i) if necessary to protect an entity with respect to "a trade secret or confidential research, development, or commercial information"[12]; (ii) if necessary to protect a person with respect to "scandalous or defamatory matter contained in a paper filed in

---

[7] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

[8] *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24, 26 (2d Cir. 1994).

[9] 11 U.S.C. § 107(a); *see also Orion*, 21 F.3d at 26 ("This policy of open inspection, codified generally in § 107(a) of the Bankruptcy Code, evidences [C]ongress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding."

[10] *In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006).

[11] *See Orion*, 21 F.3d at 27 (citing *Nixon*, 435 U.S. at 597-98).

[12] 11 U.S.C. § 107(b)(1).

9

a case under this title"[13]; and (iii) if necessary to protect an individual against undue risk of identity theft or other unlawful injury to the individual or the individual' property.[14]

26. In seeking any form of exception to the general rule that mandates public access to judicial records, codified by 107(a) of the Bankruptcy Code, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption."[15]

27. Here, while it was originally the Committee that filed the subject Motions to Seal, the motions were filed as required under the Protective Order and to otherwise avoid delay and expensive litigation over such confidentiality designations while settlement discussions progressed. And most importantly, the Committee expressly preserved its rights in each of the motions to challenge the Debtors' confidentiality designations at a later date.[16]

28. As previously noted above, now that settlement discussions between the Debtors and the Committee have concluded, there appears to be no benefit to the estates or to creditors in restricting access to information. To the contrary, the Bankruptcy Code demands that creditors entitled to vote on the Plan be provided information fully disclosing "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor…that would enable… an informed judgment about the plan[.]"[17]

29. These Debtors have no hope of rehabilitation. They are liquidating, and the success of the liquidation process designed by the Debtors is, in the Debtors' expressed view, dependent

---

[13] 11 U.S.C. § 107(b)(2).

[14] 11 U.S.C. § 107(c)(1).

[15] *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

[16] Motion to Seal the Preliminary Report at ¶ 14; Motion to Seal the Committee's Plan Statement at ¶ 10.

[17] 11 U.S.C. § 1125(a)(1).

upon assistance from insiders credibly accused of fraud following an extensive investigation. There can be no meaningful claim of protection of commercial information of an entity that will never engage in business again.

30. A cursory review of the filings shows that there is **no** information that qualifies as a "trade secret or confidential research, development, or commercial information" – the Debtors will never engage in business again, and any information they have about counterparties (e.g. FTX) is non-protectable. Further, although the information is certainly *damaging* to BlockFi executives, it is not "scandalous or defamatory matter" entitled to protection. None of the documents relied upon are properly entitled to confidentiality (and the Committee has formally challenged their status), and in the interim the summaries and the quotes from those documents are not entitled to sealing under Section 107 of the Code.

31. Creditors must understand what the investigation revealed, what claims are to be released, and the risks inherent to entrusting liquidation and the timeline and quantum of potential recoveries with the very same people that defrauded them and caused tremendous losses. The Bankruptcy Code requires that they be given this information.[18]

---

[18] *In re Gitto Global Corp.*, 422 F.3d 1, 10 (1st Cir. 2005) ("As we have already discussed, § 107 limits the discretion of courts regarding public access to papers filed in a bankruptcy case by providing that all papers filed are public records (and therefore not subject to protective orders) unless material contained therein falls within one of the statutory exceptions, in which case the court "shall," on request of a party in interest, or "may," on its own motion, protect the affected party. This arrangement reflects Congress's intent to cabin the courts' authority over their records and files with regard to public access issues in bankruptcy cases.").

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court grant this Motion, deny the Motion to Seal the Preliminary Report, and authorize the filing of unredacted copies of both the Preliminary Report and the Committee's Plan Statement, and grant the Committee such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 28, 2023

*Counsel for the Official
Committee of Unsecured Creditors*

By: */s/ Gregory S. Kinoian*
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax:           (973) 533-1112
Email:      DStolz@genovaburns.com
                 DClarke@genovaburns.com
                 GKinoian@genovaburns.com

*Local Counsel for the Official
Committee of Unsecured Creditors*

By: */s/ Robert J. Stark, Esq.*
**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax:           (212) 209-4801
Email:      rstark@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC  20005
Telephone: (202) 536-1700
Fax:           (202) 536-1701
Email:        spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax:           (617) 856-8201
Email:        taxelrod@brownrudnick.com

**EXHIBIT A**

PROPOSED ORDER

14

| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br> Debtors.[19] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> Jointly Administered |

**[PROPOSED] ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNREDACTED COPIES OF THE COMMITTEE'S PRELIMINARY REPORT AND PLAN STATEMENT**

The relief set forth on the following page is **ORDERED**.

---

[19] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

2

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email:  rstark@brownrudnick.com<br>          kaulet@brownrudnick.com<br>          bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br> -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone:  (617)536-1766<br>Fax: (617)289-0466<br>Email:  spalley@brownrudnick.com |

This matter coming before the Court on the *Motion of the Official Committee of Unsecured Creditors to File Unredacted Copies of the Committee's Preliminary Report and Plan Statement* (the "Motion")[20] filed by the Official Committee of Unsecured Creditors duly appointed in these Chapter 11 cases (the "Committee"); the Court having reviewed the Motion and having heard the statements of counsel and the evidence introduced with respect to the Motion at any hearing before the Court (the "Hearing"); the Court having found that (a) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (d) cause exists within the meaning of 11 U.S.C. §§ 105(a) and 107 for the termination of the exclusive periods granted herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Motion to Seal the Preliminary Report is DENIED.

3. Not later than three (3) business days after the entry of this Order, the Committee shall file the Preliminary Report and Committee's Plan Statement on the docket in these Chapter 11 Cases in unredacted form.

4. The Committee may publish and disseminate the Preliminary Report and Committee's Plan Statement by any means and in any forum deemed appropriate thereby. The Protective Order shall not apply to restrict publication or dissemination of such documents or any portion or component thereof in any respect.

---

[20] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

3

4

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.