UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Alan S. Maza
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
Phone: (212) 336-1100
Email: Mazaa@sec.gov

**UNITED STATES BANKRUPTCY COURT
DISRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

*In re:*

**BLOCKFI INC., et al.,**[1]

             **Debtors.**

**Chapter 11
Case No. 22-19361 (MBK)**

**Jointly Administered**

Obj. Deadline: July 5, 2023 at 4:00 p.m.
Hearing Date: July 13, 2023 at 10:00 am

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE SECURITIES AND EXCHANGE COMMISSION TO DEBTORS' MOTION FOR ORDER APPROVING THE ADEQUACY OF THE DEBTORS' AMENDED DISCLOSURE STATEMENT AND RELATED RELIEF

The U.S. Securities and Exchange Commission ("**SEC**") files this limited objection and reservation of rights with respect to the Debtors' *Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "**Disclosure Statement Motion**") [Docket No. 876].[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement Motion.

**BACKGROUND**

The SEC is the federal agency responsible for regulating the U.S. securities markets, protecting investors, and enforcing the federal securities laws. In this bankruptcy case, the SEC is also a creditor holding an approximately $30 million claim against the Debtors pursuant to an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 9(f) of the Investment Company Act of 1940, Making Findings, and Imposing a Cease-and-Desist Order entered on February 14, 2022 in an Administrative Proceeding before the Commission.[3]

On June 28, 2023, the Debtors filed the Disclosure Statement [Docket No. 1133] ("**Disclosure Statement**") and the Second Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtors Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1132] ("**Plan**").

The Plan provides Third Party Releases (the "Releases") in favor of and by: (a) the Debtors; (b) the WindDown Debtors; (c) all Holders of Claims that vote to accept the Plan; (d) all Holders of Claims that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (e) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (f) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (g)

---

[3] On June 22, 2023, the SEC entered into a stipulation with the Debtors pursuant to which it consented to payment in full of all other allowed claims in Classes 1, 2, 3, 4 and 11 prior to payment of the SEC's claim, to maximize the amount that may be distributed to investors and avoid delay in such distribution. *See* Docket No. 1140. In addition to its status as a creditor, as a statutory party in a corporate reorganization proceedings, the Commission "may raise and may appear and be heard on any issue[.]" 11 U.S.C. § 1109(a).

2

each Related Party of each Entity in clauses (a) through (f). Related Party is defined to include, among others, current and former directors, managers, officers, investment committee members, special committee members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, and others. (Plan at 15-16). The Releases are for any and all claims and causes of action and a wide range of other obligations. (Plan at 58-59).

## DISCUSSION

### A. The Disclosure Statement Fails to Disclose which Parties and Claims are being Released and what Consideration the Released Parties have Tendered in exchange for the Releases

The Disclosure Statement fails to specifically identify: (i) each person and/or entity granting a Release pursuant to the very broad definition of Released Parties, including those persons and/or entities included as a Related Party; (ii) the claims being released; and (iii) the specific consideration tendered by each Released Party in exchange for the subject release.

The releases appear to be a significant component of the Plan, particularly in light of the assertions made by the Official Committee of Unsecured Creditors in its recently filed Cross-Motion for an order seeking the Appointment of a Chapter 11 Trustee and other relief based on findings contained in the sealed investigative report [Docket No. 1131]. The Debtors need to provide more detailed information about such broad releases to permit affected stakeholders to make an informed decision with respect to the Plan. *See* 11 U.S.C.A. § 1125(a)(1) (Disclosure Statement must contain adequate information of a "kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor"); *see also*

3

*Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 287–88 (5th Cir. 2016), <u>as revised</u> (Jan. 6, 2016) (boilerplate release language was not sufficiently specific to release claims against a third party and required identification of specific claim and released party); *In re Aegean Marine Petroleum Network, Inc.*, 599 B.R. 717 (Bankr. S.D.N.Y. 2019) (bankruptcy court could not approve language in debtors' proposed Chapter 11 plan granting broad releases to lender where proponents of releases could not identify what claims this language was intended to release or the owner of any such claims).

## **RESERVATION OF RIGHTS**

The SEC staff has communicated its concerns to Debtors' counsel who have cooperated with the staff in addressing other concerns regarding the Disclosure Statement. The SEC reserves the right to amend this objection and further reserves the right to object to confirmation of the Plan on these or any other bases. The SEC is not opining as to the legality, under the federal securities laws, of the transactions outlined in the Plan, and reserves its rights to challenge transactions involving crypto assets.

WHEREFORE, the SEC requests that the Court deny approval of the Disclosure Statement Motion subject to the Debtors sufficiently addressing the issues raised above and grant such other and further relief that is just and proper.

Dated: New York, NY

July 5, 2023

                UNITED STATES SECURITIES AND
                EXCHANGE COMMISSION

                By: /s/ Alan S. Maza
                    Alan S. Maza
                    New York Regional Office
                    100 Pearl Street, Suite 20-100
                    New York, New York 10004
                    Phone: (212) 336-1100
                    Mazaa@sec.gov

Of Counsel: Alistaire Bambach
              Therese Scheuer
              Morgan Bradylyons

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July, 2023, a true and correct copy of the foregoing Objection was furnished to all ECF Participants via the CM/ECF system, and further, served by email upon the following:

Debtors' Counsel
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
**COLE SCHOTZ P.C.**
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Tel: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com

Joshua A. Sussberg, P.C.
Christine A. Okike, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: jsussberg@kirkland.com
christine.okike@kirkland.com

Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Tel: (212) 659-7300
Email: richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

Counsel to the Official Committee of Unsecured Creditors
GENOVA BURNS LLC
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel: (973) 230-2095
Fax: (973) 533-1112
Email: DStolz@genovaburns.com

        DClarke@genovaburns.com
        GKinoian@genovaburns.com

BROWN RUDNICK LLP
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax: (212) 209-4801
Email:  rstark@brownrudnick.com
       kaulet@brownrudnick.com
       bsilverberg@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 536-1700
Fax: (202) 536-1701
Email: spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201
Email: taxelrod@brownrudnick.com
      sdwoskin@brownrudnick.com

<u>Office of the U.S. Trustee</u>
UNITED STATES DEPARTMENT OF JUSTICE OFFICE OF THE UNITED STATES TRUSTEE ANDREW R. VARA UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
      lauren.bielskie@usdoj.gov

                                /s/ Alan S. Maza
                              Alan S. Maza