# **<u>EXHIBIT B</u>**

United States Bankruptcy Court, District of New Jersey (Trenton)

Fill in this information to identify the case (Select only one Debtor per claim form):

- ☐ BlockFi Inc. (Case No. 22-19361)
- ☐ BlockFi Wallet LLC (Case No. 22-19366)
- ☐ BlockFi Investment Products LLC (Case No. 22-19370)
- ☒ BlockFi Trading LLC (Case No. 22-19363)
- ☐ BlockFi Ventures LLC (Case No. 22-19367)
- ☐ BlockFi Services Inc. (Case No. 22-19371)
- ☐ BlockFi Lending LLC (Case No. 22-19365)
- ☐ BlockFi International Ltd. (Case No. 22-19368)
- ☐ BlockFi Lending II LLC (Case No. 22-19374)

RECEIVED MAR 3 1 2023 KROLL RESTRUCTURING ADMINISTRATION

Modified Official Form 410

☒ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

# Proof of Claim    04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Three Arrows Capital Ltd (in liquidation)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Teneo (BVI) Limited
Name
Banco Popular Building, 3rd Floor, VG-1110
Number   Street
Road Town, Tortola
City            State      ZIP Code
British Virgin Islands
Country (If outside of the US)

Contact phone _____
Contact email russell.crumpler@teneo.com

Where should payments to the creditor be sent? (if different)

c/o Teneo (BVI) Limited
Name
Banco Popular Building, 3rd Floor, VG-1110
Number   Street
Road Town, Tortola
City            State      ZIP Code
British Virgin Islands
Country (If outside of the US)

Contact phone _____
Contact email russell.crumpler@teneo.com

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____/____/____  MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

221936180006458

Proof of Claim    page 1

Claim Number: 25923

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $_____See attached_____. Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   See attached

9. Is all or part of the claim secured?
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** See attached
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $ See attached

   **Amount of the claim that is secured:** $ See attached

   **Amount of the claim that is unsecured:** $ See attached (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $ See attached

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

11. Is this claim subject to a right of setoff?
    ☐ No
    ☑ Yes. Identify the property: See attached

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ See attached |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/31/2023
                  MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name      Russell Crumpler
          First name    Middle name    Last name

Title     Joint Liquidator of Three Arrows Capital Ltd

Company   Teneo (BVI) Limited
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   c/o Teneo (BVI) Limited, Banco Popular Building, 3rd Floor, VG-1110
          Number    Street
          Road Town, Tortola, British Virgin Island
          City                                  State    ZIP Code

Contact phone _____    Email russell.crumpler@teneo.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BlockFi Inc., *et al.*,<br><br>　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**ATTACHMENT TO PROOF OF CLAIM FILED BY THE**
**JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD**

This attachment (the "**Attachment**") to this proof of claim (the "**Proof of Claim**") is hereby filed by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators and foreign representatives (the "**Joint Liquidators**") of Three Arrows Capital Ltd. ("**Three Arrows**"), against each Debtor. This Attachment is an integral part of this Proof of Claim and is incorporated by reference therein for all purposes.

**BACKGROUND**

1. Three Arrows was an investment firm incorporated in the British Virgin Islands (the "**BVI**") with a focus on trading and investing in cryptocurrency and other digital assets.

2. Three Arrows' business collapsed during May and June 2022 in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, it commenced a liquidation proceeding (the "**BVI Proceeding**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), and that court issued an order appointing Russell Crumpler and Christian Farmer as the Joint Liquidators of Three Arrows.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

US-DOCS\140494837.7

3. On July 1, 2022, the Joint Liquidators, acting as the foreign representatives of Three Arrows, commenced Chapter 15 proceedings before the United States Bankruptcy Court for the Southern District of New York (*In re Three Arrows Capital Ltd.*, Case No. 22-10920 (Bankr. S.D.N.Y. 2022)), which court granted recognition of Three Arrows' foreign main proceeding pending in the BVI.

4. Under BVI law, the Joint Liquidators are fiduciaries of the Three Arrows' estate created in the BVI Proceeding, with an obligation under BVI law to conduct an orderly, fair liquidation of Three Arrows and to maximize the value of the Three Arrows' assets for the benefit of creditors. In furtherance of those duties, the BVI Order and BVI law empower the Foreign Representatives, *inter alia*, with the sole authority to take possession and control of Three Arrows' assets, carry on Three Arrows' business and manage its affairs, and investigate the causes of Three Arrows' insolvency and any potential causes of action the estate may have.

## SUMMARY OF CLAIM

5. The Joint Liquidators' investigation remains limited by Three Arrows' historically meager record-keeping, which limitation is further exacerbated by the Three Arrows' founders' (who maintained day to day control over Three Arrows prior to its collapse) refusal to meaningfully engage or cooperate with the Joint Liquidators in their investigative efforts. Nevertheless, the Joint Liquidators have been able to identify certain claims and causes of action that they believe the Three Arrows' estate has against the Debtors as of the date of the commencement of the Debtors' chapter 11 cases (the "**Petition Date**"). The Joint Liquidators' investigation remains ongoing and may develop additional claims or additional information relevant to the claims asserted herein.

6. Based on the information that the Joint Liquidators have been able to uncover to-date in their investigation, the Three Arrows' estate has various claims against the Debtors (the

"**Known Claims**").[2] The Known Claims comprise claims arising from: (a) preference claims under BVI and other applicable law arising from (i) a payment by Three Arrows to the Debtors on May 9, 2022 in the amount of $71,000,000, (ii) an interest payment by Three Arrows to the Debtors on June 3, 2022 in the amount of 6,070,123 USD Coin (USDC), and (iii) various transfers of cash and digital assets by Three Arrows to the Debtors, including the transfers of (v) 34,225 Ether tokens (ETH), (w) 1,905,529 Grayscale Bitcoin Trust shares (GBTC), (x) 6,150,854 Grayscale Ethereum Trust shares (ETHE), (y) 386,477 Grayscale Ethereum Classic Trust shares (ETCG), and (z) $1,691,744, and (b) obligations to repay loans made by Three Arrows to the Debtors in the amount of 2,307.75 Bitcoin (the "**BTC Loan**"). Based on information available to them, the Joint Liquidators understand that 31,345 Ether tokens were pledged to Three Arrows as security for the BTC Loan. Upon information and belief, the Joint Liquidators believe that Three Arrows foreclosed upon such Ether collateral prior to the Petition Date. Further, on information and belief, the Joint Liquidators are aware of multiple other transactions between and among Three Arrows and the Debtors, which may include additional lending transactions between Three Arrows and the Debtors that could constitute the basis for additional claims by Three Arrows and its estate against the Debtors. Any such additional claims remain subject to the Joint Liquidators' ongoing evaluation and investigation. The Joint Liquidators hereby preserve such claims and reserve all rights with respect thereto.

## RESERVATION OF RIGHTS

7.     The Joint Liquidators do not yet have access to documentation evidencing the Known Claims, and thus far have only been able to identify such claims via limited information

---

[2] All rights are reserved as to the denomination, amount, priority, security interests, and other rights with respect to the claims asserted herein and other claims of the Three Arrows estate, and nothing herein shall be deemed a waiver or admission as to any aspect thereof.

US-DOCS\140494837.7

available to them through Three Arrows' books and records. The Joint Liquidators do not have access to sufficient information at this stage to determine whether the Three Arrows' estate has any prepetition claims against the Debtors in addition to the Known Claims. The Joint Liquidators' efforts to locate such documents and information remains ongoing. In light of the General Claims Bar Date (as defined in the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440]) of March 31, 2023, the Joint Liquidators file this Proof of Claim against each of the Debtors in good faith with the information presently available to them to preserve the Known Claims.

8. The Joint Liquidators further hereby assert all other claims that Three Arrows or its estate may possess against the Debtors, whether known or unknown, contingent or non-contingent, or otherwise. The Joint Liquidators, on behalf of the Three Arrows' estate, file this Proof of Claim with full reservation of rights, including, without limitation, to right to amend, clarify, or supplement this Proof of Claim at any time (either before or after the General Claims Bar Date), in any manner, and for any reason, including but not limited to, fixing or liquidating any claims of the Three Arrows estate (whether or not expressly described herein), specifying claims for ongoing obligations of the Debtors that are not expressly described herein, pursuing any claims based upon additional or alternative legal theories, or asserting any additional claims, including for secured status or priority (including pursuant to Section 507(c) of the Bankruptcy Code), subrogation (equitable or otherwise), claims for indemnities under any loan documents or other agreements between Three Arrows and any of the Debtors, state, common law, and BVI causes of action, and interest owed on account of any claims included herein or that may be asserted by the Joint Liquidators in the future.

9.  This Proof of Claim is without prejudice to claims, if any, that Three Arrows or its estate has or may have for payment of any additional administrative expenses allowable under section 503(b) of the Bankruptcy Code or otherwise with respect to any transaction, whether or not such amounts are included in this Proof of Claim, and the Joint Liquidators' right to file such claims or any similar claims on behalf of Three Arrows and its estate at an appropriate time is expressly reserved.

10. The Joint Liquidators, on behalf of the Three Arrows' estate, further reserve all of their rights of setoff, recoupment, bankers' lien, and all similar such rights, and nothing herein shall be construed as a waiver thereof.

11. The Joint Liquidators, on behalf of themselves and the Three Arrows' estate, reserve all of their respective procedural and substantive defenses and rights, including a right to a jury trial, with respect to any claim that may be asserted against them by any of the Debtors, any trustee for the Debtors' estates, any other party in interest in these chapter 11 cases, or any other person or entity whatsoever.

12. The filing of this Proof of Claim and the assertion of the claims herein are not and shall not be deemed or construed as a consent or admission with respect to the validity or accuracy of any valuation proposed by the Debtors, any affiliate, or any third party. The Joint Liquidators and Three Arrows do not waive or release any rights with respect thereto.

13. The execution and filing of this Proof of Claim is not (i) a waiver or release of any of the Joint Liquidators' or the Three Arrows' rights against any entity or person liable for all or part of the claims herein, (ii) a consent by the Joint Liquidators or Three Arrows to the jurisdiction of this Court with respect to any proceeding commenced in these chapter 11 cases against or otherwise involving the Joint Liquidators, (iii) a waiver of the Joint Liquidators' or Three Arrows'

right to have any and all final orders in any and all non-core matters entered after *de novo* review by a United States District Court judge or their respective right to a trial by jury in any proceeding as to any and all matters so triable, whether designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to section 157(b) of the Bankruptcy Code or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution, (iv) a waiver of the right to withdraw the reference with respect to the subject matter of the claims herein, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Joint Liquidators or Three Arrows, (v) an election of remedy or choice of law that waives or otherwise affects any other remedy or choice of law, (vi) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights and remedies under applicable law, including BVI law, (vii) a waiver of any right of action that the Joint Liquidators or Three Arrows have or may have against any of the Debtors or any other person or entity, (viii) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights against any third party, and/or (ix) a waiver of any right to the subordination, in favor of Three Arrows and its estate, of indebtedness or liens held by creditors of any of the Debtors.

14. To the extent that any of the Debtors or any other party takes any action that would give rise to a counterclaim or other rights or claims that Three Arrows or its estate may have against any of the Debtors, the Joint Liquidators reserve all of their and Three Arrows' rights.

15. The Joint Liquidators reserve the right to attach, produce and/or rely upon additional documentation that supports Three Arrows' and its estate's claims against the Debtors, and any additional documents that may become available after further investigation or discovery, or upon request of any of the Debtors. Nothing contained in this Proof of Claim shall limit the

rights of the Joint Liquidators to file papers or pleadings, or commence any proceedings, or take any actions concerning Three Arrows' and its estate's claims against the Debtors.

## NOTICES

16. All notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

> c/o Teneo (BVI) Limited
> Banco Popular Building, 3rd Floor
> Road Town, Tortola, VG-1110
> British Virgin Islands
> Attn: Russell Crumpler
> Email: Russell.crumpler@teneo.com and 3acliquidation@teneo.com

Copies of all notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

> LATHAM & WATKINS LLP
> Attn: Adam J. Goldberg, Brett Neve, and Nacif Taousse
> 1271 Avenue of the Americas
> New York, NY 10020
> Emails: adam.goldberg@lw.com, brett.neve@lw.com, and nacif.taousse@lw.com

17. The request for copies of notices to be sent to Latham & Watkins LLP will not be deemed authorization of Latham & Watkins LLP to accept service of process on behalf of the Joint Liquidators.

# KROLL

## Restructuring Administration LLC
## (f/k/a Prime Clerk LLC)

# Brooklyn

## CLAIM/BALLOT HAND DELIVERY CONFIRMATION SHEET

DATE RECEIVED: 03/31/2023

CASE: Blockfi

NO. OF CLAIMS: 9

NO. OF BALLOTS: 0

COPIES: 9 copies returned + 9 Dupes with orginals

RECEIVED BY: RR