**REED SMITH LLP**
Kurt F. Gwynne, Esq. (NJ Bar No. 02351992)
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com

*Counsel to the Ad Hoc Group of*
*Actual Wallet Holders*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1131-1** |

### AD HOC GROUP OF ACTUAL WALLET HOLDERS' OBJECTION TO THE CROSS-MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (A) APPOINTING A CHAPTER 11 TRUSTEE, (B) TERMINATING THE DEBTORS' EXCLUSIVITY PERIODS OR, ALTERNATIVELY, (C) CONVERTING THESE CASES TO CHAPTER 7 PROCEEDINGS, AND (D) FOR OTHER RELATED RELIEF

The Ad Hoc Group of Actual Wallet Holders[2] (the "Actual Wallet Holders"), by and through its undersigned counsel, files this *Objection to the Cross-Motion of the Official Committee*

---

[1] The "Debtors" in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015);.BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] The following entities and individuals constitute the Ad Hoc Group of Actual Wallet Holders: (i) BCF 2020 Investments, LLC; (ii) BMB 2020 Investments, LLC; (iii) Brent Pratt; (iv) Bryant Foulger; (v) Clayton Foulger; (vi) FP Equity Investments, LLC; and (vii) Scott Foulger.

*of Unsecured Creditors for an Order (A) Appointing a Chapter 11 Trustee, (B) Terminating the Debtors' Exclusivity Periods or, Alternatively, (C) Converting These Cases to Chapter 7 Proceedings, and (D) For Other Related Relief* [D.I. 1113-1] (the Committee's "Cross-Motion") and respectfully states as follows:

## OBJECTION

1. On November 28, 2022 (the "Petition Date"), the Debtors stated their intent "to seek authority to honor client withdrawal request from Customer Wallet Accounts."[3] Over the next six (6) months, through costly litigation, the Debtors remained steadfast in their efforts to "permit[ ] clients to access digital assets that are owned by them and were held in their Wallet Accounts on BlockFi's platform as of the Platform Pause."[4] As the result of the Debtors' efforts, on May 17, 2023, the Court ultimately entered the *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [D.I. 923]. Since that time, although they have not allowed the Actual Wallet Holders to withdraw their assets, the Debtors have reported to counsel for the Actual Wallet Holders that the Debtors' platform cannot be used for withdrawals at this time because the platform is being worked on to build the functionality necessary to transact withdrawals of digital assets by holders that may be subject to potential preference claims.

---

[3] *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [D.I. 17] (the "Renzi Declaration").

[4] *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [D.I. 121] (the "Wallet Withdrawal Motion") at ¶ 1. Capitalized terms not defined herein have the meanings given to them in the Wallet Withdrawal Motion.

2. On June 27, 2023, after significant administrative burn, the Official Committee of Unsecured Creditors (the "Committee") filed the Cross-Motion for either (i) appointment of a chapter 11 trustee and termination of the Debtors' exclusivity periods pursuant to section 1121(d) of the Bankruptcy Code[5] or (ii) conversion of the Debtors' bankruptcy cases (the "Cases") to chapter 7. At this point in these Cases, it makes no economic sense to appoint a chapter 11 trustee or convert the Cases to chapter 7. Appointment of a chapter 11 trustee or conversion to chapter 7 may increase the cost and almost certainly would delay the resolution of these Cases.

3. There has been nothing about the Actual Wallet Holders' dealings with the Debtors to indicate any lack of good faith or mismanagement.[6] Instead, counsel for the Debtors has been responsive and acting in good faith in moving the Cases to resolution.

WHEREFORE, for the reasons set forth herein, the Actual Wallet Holders respectfully request that the Court enter an order (i) denying the Cross-Motion and (ii) granting to the Actual Wallet Holders such other relief as is appropriate.

---

[5] 11 U.S.C. § 101 *et seq*.

[6] Although the Actual Wallet Holders have not yet been able to review an unredacted copy of the Committee's *Preliminary Report Addressing Question Posed by the [Committee]: Why did BlockFi Fail?*, *see* D.I. 1136-1, or an unredacted version of the *Statement of the [Committee] Respecting the Debtors' Amended Joint Chapter 11 Plan* [D.I. 899], nothing has been disclosed or is otherwise a matter of record in the Cases to justify the appointment of a chapter 11 trustee.

Respectfully submitted,

Dated: July 7, 2023

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (NJ Bar No. 02351992)
REED SMITH LLP
506 Carnegie Center, Suite 300
Princeton, NJ  08540
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575
E-mail:  kgwynne@reedsmith.com

Counsel for the Ad Hoc Group of
Actual Wallet Holders