**FAEGRE DRINKER BIDDLE & REATH LLP**
Frank F. Velocci, Esq. (NJ State Bar No. 01886-1999)
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 549-7000
Fax: (973) 360-9831
Email: frank.velocci@faegredrinker.com

-and-

Richard J. Bernard, Esq. (NY State Bar No. 4047056) (*pro hac vice* forthcoming)
Roya Imani, Esq. (NY Bar No. 5825377) (*pro hac vice* forthcoming)
1177 6th Ave, 41st Floor
New York, NY 10036
Telephone: (212) 248-3140
Fax: (212) 248-3141
Email: richard.bernard@faegredrinker.com
    roya.imani@faegredrinker.com

*Counsel for the Joint and Several Provisional Liquidators of BlockFi International Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

**RESPONSE OF THE BERMUDA JOINT PROVISIONAL LIQUIDATORS TO THE CROSS-MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (A) APPOINTING A CHAPTER 11 TRUSTEE, (B) TERMINATING THE DEBTORS' EXCLUSIVITY PERIODS OR, ALTERNATIVELY, (C) CONVERTING THESE CASES TO CHAPTER 7 PROCEEDINGS, AND (D) FOR OTHER RELATED RELIEF**

Joel Edwards of EY Bermuda Ltd., 3 Bermudiana Road, Hamilton HM 08, Bermuda and

Eleanor Fisher of EY Cayman Ltd., 1 Nexus Way, Camana Bay, Cayman Islands P.O. Box 510,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

1

Grand Cayman, KY1-1106 appointed as joint and several provisional liquidators (together, the "JPLs") of BlockFi International Ltd. ("BlockFi International") by the Supreme Court of Bermuda (the "Bermuda Court"), submit this response (the "Response") to the *Cross-Motion of the Official Committee of Unsecured Creditors for an Order (A) Appointing a Chapter 11 Trustee, (B) Terminating the Debtors' Exclusivity Periods or, Alternatively, (C) Converting These Cases to Chapter 7 Proceedings, and (D) for Other Related Relief* [Docket No. 1131] (the "Cross-Motion"), and respectfully states, as follows.

## OVERVIEW

1. The JPLs are fiduciaries for BlockFi International granted "light touch" powers by the Bermuda Court. The above captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") still have an opportunity to reach consensus on a plan; however, there are impediments.

2. The Committee has identified the correct issues (i.e. appropriateness of insider releases, cost and delay of these cases, inter-company claims, and allocation of administrative expenses between Debtors (the "Issues")), but a resolution of such issues would serve the best interests of these estates better than all-out war between the Committee and the Debtors. The administrative expense of such legal battles in the short term may outweigh the reduction of administrative costs in the future. Further, the Committee seeks the appointment of a chapter 11 trustee (necessitating a new layer of administrative expenses) or conversion of these chapter 11 cases to cases under chapter 7 (raising potential jurisdictional issues concerning the liquidation of BlockFi International between the Bermuda Court and the Bankruptcy Court).

3. The JPLs, as officers of the Bermuda Court, are willing to step into a more prominent role with respect to BlockFi International, assessing the merits of the respective positions of the Committee and the Debtors relating to the key issues, which the JPLs have already begun. The JPLs

2

US.358352972.04

were appointed by the Bermuda Court to monitor and inquire into the pertinent issues, which they have been doing, in furtherance of their fiduciary duty to serve the best interests of the creditors of BlockFi International. The Bermuda Court in the Appointment Order (defined below) grants the JPLs the right to participate in BlockFi International's Chapter 11 Case. Also, the Debtors should all benefit (because each Debtor faces the same issues) from the JPLs' resolution of issues. The Committee notes the delay and expense; however, the path they propose at this juncture likely increases both. The JPLs offer a solution for BlockFi International that likely will be more expedient and value preserving than the Committee's approach, will likely result in collateral benefits to the other Debtors and will avoid a potential jurisdictional conflict.

## PROCEDURAL BACKGROUND – CHAPTER 11 CASES

4. On November 28, 2022 (the "Petition Date"), the Debtors commenced the joint cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). Since the Petition Date, the Debtors have continued to operate and manage their business pursuant to sections 1107(a) and 1108 of the Bankruptcy Code as debtors-in-possession.

5. On December 21, 2022, the United States Trustee for the District of New Jersey appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 130].

6. On June 5, 6, and 23, 2023, the Debtors, Committee, JPLs, and other interested parties participated in a mediation to attempt to resolve plan issues, which resulted in an impasse.

7. On June 27, 2023, the Committee filed its Cross-Motion.

8. On June 28, 2023, the Debtors filed their *Second Amended Joint Chapter 11 Plan* [Docket No. 1132] (the "Plan") and their *Revised Disclosure Statement Relating to the Second Amended Joint Chapter 11 Plan* [Docket No. 1133] (the "Disclosure Statement").

3

**PROCEDURAL BACKGROUND – BERMUDA PROVISIONAL LIQUIDATION**

9. BlockFi International was incorporated as a limited liability company under the laws of the Cayman Islands on May 10, 2019, and was originally known as BlockFi International LLB. On January 21, 2022, pursuant to a Certificate of Continuance issued under section 132C (4)(d) of the Bermuda Companies Act 1981 (the "Bermuda Companies Act"), BlockFi International was continued into Bermuda with company registration number 20220092 and the name BlockFi International Ltd. BlockFi International is a wholly owned direct subsidiary of BlockFi, Inc.

10. In parallel with filing the Chapter 11 Cases, BlockFi International also filed a winding-up petition (the "Petition") in the Bermuda Court on the basis that the company was not able to meet its debts as they fell due and was therefore insolvent pursuant to section 161(e) of the Bermuda Companies Act.

11. Upon reading the Petition and related supporting documents, the Bermuda Court ordered the appointment of the JPLs as joint provisional liquidators of BlockFi International on November 29, 2022 (the "Appointment Order").

12. The Appointment Order authorizes the JPLs to exercise certain powers in relation to BlockFi International including, inter alia, to: (i) "receive notice of hearings and, if thought appropriate by the JPLs, to appear and to be heard in the Chapter 11 Case[s], including any related litigation proceedings initiated by or against [BlockFi International]," (ii) "monitor the continuation of the business of [BlockFi International] under the control of the [board of directors] and under the supervision of the [Bermuda Court] and [this Court]," (iii) "consult with and provide such assistance to [BlockFi International] as debtor in possession regarding the Chapter 11 Case[s] as reasonably required, including any related litigation proceedings initiated by or against [BlockFi International]," and (iv) "to do all things necessary and incidental to the exercise of the foregoing powers." Appointment Ord. ¶3(c), (e), (g), and (n). Pursuant to the Appointment Order, the JPLs were also

4

directed to enter into a protocol with BlockFi International's board of directors ("Protocol") to ensure the just, efficient, orderly and expeditious administration of the provisional liquidation proceedings in Bermuda (the "Bermuda Proceedings") and to facilitate the function of the Bermuda Proceedings in tandem with and support of the Chapter 11 Cases. *Id.* at 2. A true and correct copy of the Appointment Order is attached as Exhibit A to the Response. The JPLs and BlockFi International have entered into protocols dated December 5, 2022 and January 19, 2023 to provide the parties a memorandum of understanding with respect to standard procedures and controls.

13. The Bermuda Court specifically granted authority to the JPLs to appear and be heard in BlockFi International's Chapter 11 Case. Section 3(g) of the Appointment Order provides: "Until further order of this [Bermuda] Court, the JPLs are authorised to exercise the following powers - … (g) to receive notice of hearings and, if thought appropriate by the JPLs, to appear and to be heard in the Chapter 11 Case, including any related litigation proceedings initiated by or against [BlockFi International]…".

## ROLE OF THE JPLS

14. The JPLs are officers of the Bermuda Court with fiduciary and statutory responsibilities. Their role is to, inter alia, monitor the process of the Chapter 11 Cases relating to BlockFi International, focusing on protecting the interests of its creditors as a whole. While BlockFi International continues to operate (subject to the Chapter 11 Cases), BlockFi remains subject to the JPLs' monitoring, unless otherwise ordered by the Bermuda Court. In particular, the directors of BlockFi International are required to consult with the JPLs prior to the exercise of the directors' powers outside of the ordinary course of business (subject to the Chapter 11 Cases).

15. Since their appointment, the JPLs have been monitoring the position of BlockFi International, including in relation to its business operations, financial position, and progress of the Chapter 11 Cases. In particular, the JPLs have been provided with and (where necessary and

5

appropriate) reviewed materials in relation to, among other things: (i) the proposed plan and the mechanics and implementation thereof, especially from the perspective of BlockFi International and its creditors, (ii) the intercompany transactions, (iii) the claims process, especially with respect to non-U.S. creditors, (iv) related litigation proceedings, (v) releases of preferential transfers, (vi) releases of the Debtors' directors and officers, (vii) seizure of certain accounts held at BlockFi International by the U.S. Department of Justice, (viii) potential drivers for creditor recoveries, and (ix) considering the position as relates to BlockFi wallet assets and their expeditious return to clients.

16. The JPLs have been considering and (where appropriate) analyzing the information and data made available to them by the Debtors during the conduct of the Chapter 11 Cases. The JPLs have been in regular communication with the Debtors and their counsel and have been routinely raising questions to understand the Debtors' position, explanations and justifications regarding the steps being taken in the Chapter 11 Cases, while also complying with and considering the position under Bermuda law, where relevant. The Debtors have been appropriately forthcoming with information as requested by the JPLs.

17. With respect to the releases of the Debtors' directors and officers, apparently the main issue of contention between the Debtors and Committee, the JPLs have reviewed the transcripts of depositions conducted by the Committee, the *Preliminary Report Addressing Questions Posed by the Official Committee of Unsecured Creditors: Why Did BlockFi Fail?*, dated May 17, 2023, and the Special Committee's *Analysis of Whether Potential Estate Causes of Action Against Insiders Should Be Litigated, Released, Settled, or Retained*. The JPLs have reserved their position pending completion of their inquiries and following the failed mediation have commenced discussions with the Committee regarding the Issues.

## RESPONSE

18. The Committee has identified the correct Issues for inquiry – the JPLs have been inquiring on those same issues. The JPLs understand that the Committee's goals are to avoid waste and delay. The Issues identified in the Cross-Motion are likely are likely capable of being negotiated and agreed in order to achieve those goals. The short-term expenses may outweigh any long-term gains, assuming the Committee even wins on its requests for extraordinary relief. The Cross-Motion has already resulted in a month delay in considering approval of the Disclosure Statement so the Debtors and Committee can ramp up for the legal battle. Further, the relief requested by the Committee may negatively impact the Debtors' estates and their creditors. The JPLs consider that the optimal outcome for the Debtors' estates, and specifically for the estate of BlockFi International, constitutes a single plan negotiated and agreed between the Debtors and Committee, which would preserve value for creditors and expedite an exit from chapter 11.

19. The appointment of a chapter 11 trustee will necessitate the on-boarding of a new fiduciary with its own professionals, which likely significantly increases the administrative burn as the Debtors' professionals transition information to the trustee's professionals. The Committee calculated the current burn rate at $16 million/month in its Cross-Motion. The trustee will need to get up to speed before it can make any informed decisions. Meanwhile, whilst we understand the Committee's intention would be for a chapter 11 trustee to do little work here, the trustee would nonetheless likely keep a number of employees in place, at least until it reaches an independent decision on how to proceed with the Chapter 11 Cases and determines the employees necessary to service on-going business, wind-down that business, and implement a plan. And, as discussed below, the JPLs already serve as fiduciaries for BlockFi International pursuant to the Appointment Order and Protocol. The Debtors' estates would see no immediate administrative cost savings from the appointment of a chapter 11 trustee.

7

20. The opening of exclusivity to permit for a competing plan process may result in confusion among creditors, the majority of whom have small positions and may not be financially sophisticated or familiar with the bankruptcy process. Whilst it may be possible for the risk of confusion to be mitigated, at least in part, it is unavoidable that the cost and burdens of solicitation of competing plans, which is meaningful here given the sheer number of creditors, would increase meaningfully. Other administrative expenses would also increase with both the Debtors and Committee running competing solicitation processes.

21. The conversion of the Chapter 11 Cases to cases under chapter 7 would entail the same initial transition costs as appointment of a chapter 11 trustee, except the chapter 7 trustee may terminate all or most all employees quicker than a chapter 11 trustee. Upon conversion, creditors should not expect a chapter 7 trustee to make distributions to creditors in kind, but rather in fiat currency. Moreover, although the JPLs have been working diligently on mechanics for implementation purposes with respect to a confirmed chapter 11 plan, which has some complexities and needs certain approvals from the Bermuda Court, Bermuda law does not operate seamlessly with a chapter 7 liquidation. Under the chapter 11 process, the Bermuda Court can permit this Court to take lead and, depending on the outcome of confirmation of a plan, take action in Bermuda to help implement that plan in the best interests of BlockFi International's creditors. Upon conversion to chapter 7, the Bermuda Court would likely convert the provisional liquidation proceeding into a full liquidation proceeding in Bermuda, with potential jurisdictional differences between the Bermuda Court and this Court. Again, resulting in delay and expense.

## CONCLUSION

22. The JPLs stand ready and willing, with respect to BlockFi International, to take a more prominent role. As independent fiduciaries of BlockFi International, and given the level of monitoring and inquiry of the JPLs to date, the JPLs are well-placed to help drive consensus between

8

the Debtors and Committee for a single plan. The Committee has identified the Issues. The JPLs have identified the same serious Issues. The Appointment Order and related protocols accommodate the JPLs' proposed role and, subject to approval of the Bermuda Court, can be varied as necessary. Although the JPLs are concerned with BlockFi International, each of the Debtors faces the same issues and likely would receive collateral benefit here if a resolution as to BlockFi International can be reached.

23. Moreover, if this Court is inclined to convert the case of BlockFi International to a case under chapter 7, the JPLs recommend dismissal of the case as creditors will be prejudiced by the competing interests and jurisdiction of the Bermuda Court and this Court as to the liquidation of BlockFi International. Bermuda law permits for an orderly liquidation and wind-down of BlockFi International, rather than the usual fire sale approach typical of chapter 7, better serving the interests of BlockFi International's creditors.

24. BlockFi International plays a key role in the Debtors' estates, including by virtue of owning the largest portion of the Debtors' claims into FTX and Alemeda. The JPLs have a duty to maximize recoveries for BlockFi International's creditors which includes finding a path that reduces administrative costs and delay.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: July 11, 2023 | FAEGRE DRINKER BIDDLE & REATH LLP |

*/s/ Frank F. Velocci*
Frank F. Velocci, Esq. (NJ Bar No. 01886-1999)
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 549-7000
Fax: (973) 360-9831
frank.velocci@faegredrinker.com

-and-

Richard J. Bernard, Esq. (NY Bar No. 4047056)
(*pro hac vice* forthcoming)
Roya Imani, Esq. (NY Bar No. 5825377)
(*pro hac vice* forthcoming)
1177 6th Ave, 41st Floor
New York, NY 10036
Telephone: (212) 248-3140
Fax: (212) 248-3141
richard.bernard@faegredrinker.com
roya.imani@faegredrinker.com

*Counsel for the Joint and Several Provisional Liquidators of BlockFi International Ltd.*