## **EXHIBIT A**

11

# Appendix A – Court Order appointing the Joint Provisional Liquidators dated 29 November 2022

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES (WINDING UP)

2022: No.

IN THE MATTER OF BLOCKFI INTERNATIONAL LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

### ORDER

**UPON READING** the Petition presented by BlockFi International Ltd (the "Company") on 28 November 2022 and the *ex parte* Summons filed herein seeking the appointment of joint and several provisional liquidators ("JPLs");

**AND UPON READING** the First Affidavit of Zachary Prince sworn on 28 November 2022 (the "Prince Affidavit") and the exhibit thereto;

**AND UPON HEARING** Counsel for the Company;

**AND UPON** the Company having filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "US Chapter 11 Court"), commencing its chapter 11 case (the "Chapter 11 Case");

**IT IS HEREBY ORDERED** as follows:

1. That Joel Edwards of EY Bermuda Ltd, 3 Bermudiana Road, Hamilton HM 08, Bermuda and Eleanor Fisher of EY Cayman Ltd, 1 Nexus Way, Camana Bay, Cayman Islands P.O. Box 510, Grand Cayman, KY1-1106 be appointed as JPLs of the Company with the power to act jointly and severally.

2. The JPLs are directed to enter into a protocol with the Company's Board of Directors (the "Board") and such protocol is to be submitted to this Court for sanction within 5 working days of the date of this Order (the "Protocol"). The terms of the Protocol may be revised from time to time subject to the mutual agreement of the JPLs and the Board. The Protocol should be filed with this Court within 5 working days of any updated terms and the JPLs be at liberty to apply to this Court for directions in the event that mutual agreement is not possible.

3. Until further order of this Court, the JPLs are authorised to exercise the following powers:-

    (a) to review the financial position of the Company;

    (b) to monitor the internal controls and the day-to-day operations of the Company and the actions taken by the Board;

    (c) to monitor the continuation of the business of the Company under the control of the Board and under the supervision of this Court and the US Chapter 11 Court;

    (d) to monitor, in conjunction with the Board, the Chapter 11 Case and any related litigation proceedings initiated by or against the Company prior to the date of this Order and such other proceedings as may be deemed appropriate by the Company to initiate thereafter following consultation with the JPLs;

    (e) to consult with and provide such assistance to the Company as debtor in possession regarding the Chapter 11 Case as reasonably required, including any related litigation proceedings initiated by or against the Company;

    (f) to consult with and assist the Company as a Class F licensed digital assets business regarding any action taken, issue arising or statutory directions issued by (or continuing from) the Bermuda Monetary Authority ("BMA"). The JPLs may be authorised, following consultation with and approval by the Board, to liaise with the BMA directly to agree or seek modifications or dispensation from the BMA Directions (as defined in the Prince Affidavit) as deemed appropriate;

(g) to receive notice of hearings and, if thought appropriate by the JPLs, to appear and to be heard in the Chapter 11 Case, including any related litigation proceedings initiated by or against the Company;

(h) to prepare and submit written reports to this Court on the progress of the provisional liquidation;

(i) to retain and employ, in consultation with the Company, barristers, attorneys and solicitors, and such other agents and professional persons in Bermuda, in the United States and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers;

(j) if deemed necessary and in the interests of the Company, to seek the assistance of this Court, as appropriate;

(k) to set up, maintain and control bank accounts at any bank or financial institutions situated in Bermuda or elsewhere as appropriate and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the fees and expenses of the JPLs (at the rates agreed and set out in the Prince Affidavit) including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they may employ subject to the appropriate procedures being agreed with the Company as to how fees will be determined;

(l) pending the approval of fees by this Court, but subject at all times to the BMA Directions, the JPLs are authorized to render invoices and draw 80% of their fees and 100% of their expenses on account on a monthly basis from the sums which may be from time to time agreed with and supplied to them by the Company and held for the purpose of discharging fees and expenses. The remuneration and expenses of the JPLs, to the extent it exceeds the sums supplied shall be paid from the assets of the Company;

(m) to authorize payments or dispositions of the Company's property subject to the appropriate approvals from this Court where necessary; and

(n) to do all things necessary and incidental to the exercise of the foregoing powers.

4. The first report to this Court shall be prepared and filed within 8 weeks of the date of this Order. The JPLs shall prepare and file further reports every 12 weeks thereafter or at other intervals as this Court may otherwise from time to time direct.

5. The Company shall provide notice to the JPLs of Board meetings and the JPLs shall be permitted to attend such meetings where the topics to be considered are relevant to the JPLs' monitoring of the Company. In addition, the Company will provide the JPLs with written minutes of all such meetings within 5 working days of any such meeting. The Company will provide updates on other management meetings as soon as reasonably practicable following such meetings, where the matters discussed are relevant to the JPLs' oversight role.

6. Subject as always to the sanction of this Court as necessary, the Company shall consult with and obtain the approval of the JPLs prior to:

    (a) the sale or other disposition of any business, operation, subsidiary, division or other significant asset of the Company;

    (b) the determination of the terms of any new investment in the Company where new financial obligations are being imposed upon the Company;

    (c) the incurrence of indebtedness or borrowing of money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions or other parties, and the granting of security in respect of the same, and providing guarantees of indebtedness or borrowings of affiliates; and

    (d) any material payment or disposition of the Company's property.

7. The Company shall consult with the JPLs with reasonable notice prior to:

    (a) the issuance of any company public statements or press releases by the Company;

    (b) any formal notifications made to the Bermuda Monetary Authority or any other regulators in relation to the Company, subject to compliance by the Company with its statutory obligations; and

(c) where such prior consultation as set-out in 7(a) and (b) is not reasonably practicable, the Company shall inform the JPLs of the action taken and provide copies of any relevant documents to the JPLs as soon as possible thereafter.

8. The provisions of section 166 of the Companies Act 1981 shall not apply to payments or dispositions of the Company's property made by or with the authority of the JPLs in carrying out their duties and function in the exercise of their powers under this order.

9. In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they may employ following consultation with the Company, which are payable in accordance with the terms of any orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982 and shall be paid out of the assets of the Company on the indemnity basis.

10. Unless and until the Court so orders there shall be no obligation to file a statement of affairs of the Company.

11. Save as are specifically set out herein:

    (a) The JPLs shall have no general or additional powers or duties with respect to the property or records of the Company; and

    (b) the Board shall continue to manage the Company's affairs in all respects and exercise the powers conferred upon it by the Company's Memorandum of Association and Bye-Laws, provided always that, should the JPLs consider at any time that the Board is not acting in the best interests of the Company and its creditors and other stakeholders, where applicable, the JPLs shall report same to this Court and seek such directions from this Court as the JPLs are advised are appropriate.

12. The Company shall provide the JPLs with such information as the JPLs may reasonably require in order that the JPLs are able properly to discharge their functions under this Order and as officers of this Court.

13. The JPLs shall not be required to give security for their appointment.

14. The costs of and arising from this application be paid out of the assets of the Company.

DATED this 29th day of November 2022

_____
HONOURABLE CHIEF JUSTICE/~~PUISNE JUDGE~~

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES (WINDING UP)

2022: No.

IN THE MATTER OF BLOCKFI INTERNATIONAL LTD.

IN THE MATTER OF THE COMPANIES ACT 1981



---

**ORDER**

---

Walkers (Bermuda) Limited
Park Place
55 Par La Ville Road
Third Floor
Hamilton HM 11
Bermuda
Tel: 441 242 1500

KT/SW/TM/ A03331