# EXHIBIT 1

**Consent Order Extending Rule 4007(c) Deadline**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>Judge: Michael B. Kaplan |

**CONSENT ORDER EXTENDING RULE 4007(c)**
**DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES**
**TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)**

The relief set forth on the following pages numbered two (2) through four (4) is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

| | |
|---|---|
| (Page 2) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

## RECITALS

**WHEREAS**, on November 28, 2022, the Debtors commenced these Chapter 11 Cases;

**WHEREAS**, on January 20, 2023, the Debtors held a meeting of creditors pursuant to section 341 of the Bankruptcy Code;

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . .";

**WHEREAS**, Bankruptcy Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," which is March 21, 2023;

**WHEREAS**, Bankruptcy Rule 4007(c) provides further that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. . . ."

**WHEREAS**, the New Jersey Bureau of Securities ("NJBS") takes the position that the Rule 4007(c) Deadline does not apply to a determination of the nondischargeability of a debt pursuant to Section 1141(d)(6) and there is no controlling case law in this Circuit addressing the issue; and

**WHEREAS**, out of an abundance of caution and without conceding the applicability of section 523(c) or Rule 4007(c) to the NJBS' right to seek a determination of the dischargeabilty of a debt pursuant to section 1141(d)(6), the undersigned parties previously agreed, and this Court

| | |
|---|---|
| (Page 3) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

entered orders to extend the Rule 4007(c) Deadline to May 22, 2023 and July 21, 2023 for the NJBS, without prejudice to the NJBS' right to seek further extensions.[1]

**WHEREAS**, the undersigned parties have agreed to an additional extension of the Rule 4007(c) Deadline to August 15, 2023 for the NJBS, without prejudice to the NJBS' right to seek further extensions.

### STIPULATION AND ORDER

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED, BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL, IT IS HEREBY ORDERED THAT:**

1. To the extent section 523(c) or Bankruptcy Rule 4007 applies, the deadline by which the NJBS must file any complaints or take other action that may be required in these Chapter 11 Cases to determine the dischargeability of any debts arising from any civil actions by such domestic governmental unit against the Debtors pursuant to section 1141(d)(6) of the Bankruptcy Code shall be the latest of (a) August 15, 2023 or (b) such later date as may be ordered by the Court.

2. All rights to seek further extensions of the Rule 4007(c) Deadline are reserved.

3. Nothing in this Consent Order constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) apply, or that any deadline exists for a governmental unit to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code.

4. This Court shall retain jurisdiction with respect to all matters arising from or related

---

[1] *In re BlockFi, Inc.*, Case No. 22-19361(MBK), Doc. No. 670.

| | |
|---|---|
| (Page 4) | |
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR NEW JERSEY BUREAU OF SECURITIES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

to the implementation, interpretation, or enforcement of this Consent Order.

    5.    The signatories below have authority to enter into this Consent Order.

| | |
|---|---|
| */s/ Michael D. Sirota* | */s/ Jeffrey Bernstein* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Jeffrey Bernstein, Esq.
Gaston P. Loomis, Esq.
570 Broad Street
Newark, NJ 07102
(973)565-2183
jbernstein@mdmc-law.com

*Attorney for the New Jersey Bureau of Securities*

5