**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

---

Order Filed on July 14, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS
OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF**

**DATED: July 14, 2023**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED**.

(Page | 3)
Debtors: BLOCKFI INC., *et al*.
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Application in Lieu of a Motion for Entry of an Order (I) Establishing that All Withdrawals of Wallet Assets are Final and (II) Granting Related Relief* (the "Application"),[2] where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order (this "Order") establishing (a) that all withdrawals of digital assets from the Custodial Omnibus Wallets that are represented in the applicable Client Wallet Accounts as of the Platform Pause Time Stamp are final and (b) the Debtors are not liable for any user error in the Wallet Withdrawal Process, all as more fully set forth in the Application; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having established just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application or the Amended Cheela Declaration [Docket No. 822], as applicable.

(Page | 4)
Debtors:            BLOCKFI INC., *et al*.
Case No.            22-19361 (MBK)
Caption of Order:   ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF

1. The Application is **GRANTED** as set forth herein.

2. Any withdrawal request of Wallet Assets from Client Wallet Accounts honored by the Debtors pursuant to the Wallet Withdrawal Process is hereby deemed final.

3. As established by the *Order (I) Authorizing the Debtors to (A) Honor Withdrawals From Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions And Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation Of Accounts, And (II) Granting Related Relief* (the "Wallet Withdrawal Order") [Docket No. 923], all withdrawals of digital assets pursuant to the Wallet Withdrawal Process shall be net of any applicable third-party transaction fees and/or withdrawal fees, as set forth in, and as updated from time to time pursuant to, the BlockFi General Terms of Service[2] and the BlockFi Wallet Terms of Service.[3] To the extent such applicable fees exceed the amount of Wallet Assets that a customer is entitled to withdraw, then such customer shall not be entitled to withdraw any Wallet Assets.

4. For the avoidance of doubt, the Debtors will not charge any withdrawal or transaction fees on any additional items other than those provided for under the BlockFi Terms of Service.

5. For the avoidance of doubt, as provided for in the BlockFi Terms of Service, the

---

[2] BlockFi General Terms of Service (Fees) ("A schedule of our fees is accessible at https://blockfi.com/fees/. Fees are subject to change, at our sole discretion, and you understand and acknowledge that you are solely responsible for accessing the fee schedule prior to engaging in any services on our Online Platform").

[3] BlockFi Wallet Terms of Service § D.6 ("For withdrawals of cryptocurrency in any calendar month, the transaction fees described at https://blockfi.com/fees will be deducted from the amount of cryptocurrency you withdraw from your BlockFi Wallet . . . We will publish any such withdrawal fees on our Website before they take effect, and thereafter the applicable withdrawal fee will be deducted from the amount of cryptocurrency you withdraw from your BlockFi Wallet").

(Page | 5)
Debtors:           BLOCKFI INC., *et al*.
Case No.           22-19361 (MBK)
Caption of Order:  ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF

Debtors will not be responsible or liable for any claims, costs, losses, harms, or damages, including the permanent loss of cryptocurrency:

    a.    as a result of user error, including, (a) if users provide the Debtors with inaccurate, incorrect, or invalid external wallet addresses, (b) if users provide the Debtors with inaccurate, incomplete, or misleading details for such transfer, (c) if users provide the Debtors with unsupported accounts, networks, or external wallet addresses to which the Debtors are unable to process transfers;[4]

    b.    if users fail to maintain adequate security and control of all IDs, passwords, hints, or any other codes that users may use to access their BlockFi Wallet through the Debtors online platform;[5]

    c.    subject to applicable law, if users' accounts and/or passwords are hacked or compromised;[6]

    d.    in the event that the Debtors and/or the Debtors' third-party partners experience cyber-attacks, extreme market conditions, or other operational or technical difficulties which could result in the immediate halt or suspensions of transfers and withdrawals of cryptocurrency either temporarily or permanently;[7]

    e.    caused by an event that is beyond the Debtors' reasonable control, including the acts or omissions of third parties, natural disaster, emergency conditions, disease epidemics/pandemics such as Covid-19, government action, equipment or communications malfunction.[8]

---

[4]    BlockFi Wallet Terms of Service §§ D.4, I.2.

[5]    BlockFi Wallet Terms of Service § R.1.

[6]    *See* BlockFi General Terms of Service (Account Security and Password).

[7]    BlockFi Wallet Terms of Service § D.5.

[8]    BlockFi Wallet Terms of Service § H.2.

(Page | 6)
Debtors:          BLOCKFI INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF

6. For the avoidance of doubt, nothing contained herein shall be construed to modify or alter any of the terms or provisions of the BlockFi Terms of Service, including the limitations of liability contained therein.

7. Nothing contained in this Order expands the scope of the relief granted pursuant to the Wallet Withdrawal Order.

8. The Debtors submit that the Proposed Order is in the best interests of the Debtors, their estates, their clients, and all parties in interest, as it will facilitate a speedy, safe, efficient, and accurate Wallet Withdrawal Process.

9. For the avoidance of doubt, nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any (a) employee of the Debtors or (b) "insider" of the Debtors as such term is defined in the Bankruptcy Code, 11 U.S.C. § 101(31); or (iii) pending further order of the Court, to permit withdrawal from (x) any Wallet Account that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date, or (y) any Wallet Account belonging to any person that the Debtors reasonably believe may be subject to any avoidance actions under chapter 5 of the Bankruptcy Code or other rights of setoff belonging to the Debtors' estates.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular

| | |
|---|---|
| (Page \| 7) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) ESTABLISHING THAT ALL WITHDRAWALS OF WALLET ASSETS ARE FINAL AND (II) GRANTING RELATED RELIEF |

claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Application; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Application are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application

12. Notwithstanding anything to the contrary in the Application or this Order, nothing in the Application or this Order constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.