## EXHIBIT 1

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Aimee M. Furness (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
aimee.furness@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The relief set forth on the following pages, numbered two (2) through nineteen (19), is

hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) BlockFi Inc., BlockFi Trading LLC, BlockFi Lending LLC, BlockFi Wallet LLC, BlockFi Ventures LLC, BlockFi International Ltd., BlockFi Investment Products LLC, BlockFi Services, Inc., and BlockFi Lending II LLC (together, the "Debtors"), and (b) Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (together with the Debtors, the "Parties" and each a "Party");

WHEREAS, on November 28, 2022 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court" or "Court"). The Debtors' bankruptcy cases are being jointly administered under Case No. 22-19361 (MBK) the ("Chapter 11 Cases");

WHEREAS, on June 27, 2022, Three Arrows Capital, Ltd ("3AC") commenced a liquidation proceeding, claim number BVIHC(COM)2022/0119 (the "BVI Proceeding") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court"), and on June 29, 2022, that court issued an order dated June 27 2022 (the "BVI Order") appointing the Foreign Representatives as joint liquidators of 3AC;

WHEREAS, on July 1, 2022, the Foreign Representatives commenced a Chapter 15 case in the Bankruptcy Court for the Southern District of New York, Case No. 22-10920 (MG) (the "Three Arrows Chapter 15 Case"), and on July 28, 2022, the Bankruptcy Court for the Southern District of New York granted recognition of the foreign main proceeding pending in the BVI.

(Page 3)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the Foreign Representatives seek documents and information from Debtors (all documents and information provided pursuant to such requests are collectively referred to as the "Discovery Material" or "Discovery Materials");

WHEREAS, the Parties have agreed that the Discovery Materials shall be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26, to protect privilege and the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms, subject to approval by the Court; pending such approval, the Parties agree that all Discovery Material may be designated and treated as "Confidential" or "Highly Confidential" as described below.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1.    Designation of Documents. Any Party or third-party producing Discovery Material (the "Producing Party") who agrees to be bound by the terms of this Stipulation, may, in response to formal or informal discovery requests promulgated by any party (the "Receiving Party") relating to any transaction or business relations of any kind between Debtors and 3AC, designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a.    Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: (a) constitutes or contains technical, business, financial, personal, or other information of a nature that can be

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

protected under Rule 26(c) of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 7026 or 9018; (b) is subject by law, by contract, or Court order to a legally protected right of privacy; or (c) the Producing Party is under a preexisting obligation to a third-party to treat as confidential.

b.      <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith that such Discovery Material is of such confidential nature that a risk of competitive injury may be created if it were disclosed to persons other than those identified in Paragraph 2 of this Protective Order, such as trade secrets or sensitive financial or business information.

c.      <u>Exclusions:</u> Confidential Material and Highly Confidential Material does not include information which: (a) is or becomes generally available to the public other than as a result of a disclosure by the Receiving Party in violation of this Stipulation or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available to the Receiving Party on a non-confidential basis from a Person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information; (d) has been independently developed by the Receiving Party without reference to any Confidential or Highly Confidential Material; or (e) the Producing Party has previously authorized the Receiving Party in writing to divulge or communicate to third parties.

A Producing Party shall designate Discovery Materials as Confidential or Highly Confidential Discovery Material by applying the legend "Confidential" or "Highly Confidential"

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

to each page containing any Confidential or Highly Confidential Discovery Material.  In the case

of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any,

shall be printed on the cover or container of the disk, tape, or other medium in which the electronic

form of data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by

electronic means to each electronic document or other electronically stored information containing

any Confidential or Highly Confidential Discovery Materials.  The failure to designate Discovery

Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim,

and a Producing Party may so designate Discovery Material after such Discovery Material has

been produced in accordance with Paragraph 9, with the effect that such Discovery Material is

subject thereafter to the protections of this Stipulation.

2.    <u>Treatment of Confidential and Highly Confidential Discovery Material</u>.    Any

Discovery Material designated as "Confidential" or "Highly Confidential" shall be maintained in

confidence by any Receiving Party and shall be stored under the direct control of counsel of record

who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

a.    <u>Disclosing Highly Confidential Material.</u>    Highly Confidential

Material shall only be disclosed to outside counsel and in-house counsel to a Party together

with any necessary legal assistants, secretaries, staff, or agents of counsel's firms.  Outside

consultants, financial advisors, or experts to Parties may only receive Highly Confidential

Discovery Material after executing a Non-Disclosure Declaration in the form annexed as

<u>Exhibit "A"</u> hereto.  In addition, counsel for the Foreign Representatives are allowed to

provide the Foreign Representatives and any necessary employee, officer, or director of

5

(Page 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

the Foreign Representative's firm Teneo (BVI) Limited with high level summaries of the

Highly Confidential Materials.

b.    <u>Disclosing Confidential Material.</u>    In addition to the persons

identified in the above section 2(a), Confidential Material shall only be disclosed to:

i.    Any current employee, officer, director, or other manager or member of the Debtors and/or any affiliate of the Debtors;

ii.    The Foreign Representatives and any necessary employee, officer, or director of the Foreign Representative's firm Teneo (BVI) Limited;

iii.    Court officials involved in these Chapter 11 Cases, the BVI Proceeding, Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code;

iv.    Court-reporting personnel involved in taking or transcribing testimony in these Chapter 11 Cases, the BVI Proceeding, Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code;

v.    Authors and addressees of the designated Discovery Material;

vi.    Any other person designated by order of the Court or other tribunal; and

vii.    Any mediator engaged by the Parties or appointed by the Court or other tribunal.

3.    <u>Public Disclosure.</u>    Any public filing or communication that seeks to quote or

otherwise include Confidential or Highly Confidential Material shall be filed under seal with the

Bankruptcy Court or the court supervising the Three Arrows Chapter 15 Case (or any other

proceeding 3AC may bring under the Bankruptcy Code) in accordance with the procedures

provided in Paragraph 7 below.

(Page 7)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

4.      <u>Permitted Purposes</u>.  All Discovery Materials disclosed pursuant to this Stipulation, whether or not containing Confidential or Highly Confidential Materials, shall be used solely in connection with these Chapter 11 Cases, the BVI Proceeding, the Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code (including any adversary proceeding or contested matter in those cases), and not for any other legal, business, commercial, competitive, personal, or other purpose.  Any summary, compilation, notes, memoranda, analysis, copy, electronic image, or database containing Confidential or Highly Confidential Material, and any electronic image or database containing Confidential or Highly Confidential Material shall be subject to the terms of this Stipulation to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  No Confidential or Highly Confidential Material shall be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.  Notwithstanding the foregoing, nothing in the Stipulation shall prevent a Party from using or disclosing its own Discovery Materials in any way or from using in any way any Discovery Materials to the extent such Discovery Materials: (a) were already in the Party's possession when the same Discovery Materials are received from a Producing Party and are not subject to any other obligation of confidentiality to any other person; (b) are received or become available to a Party on a non-confidential basis that does not violate this Stipulation or any other obligation of confidentiality to any other person; (c) were independently developed by such Party without reference to any Confidential or Highly Confidential Material; or (d) are published or become publicly available in a manner that is not in violation of this Stipulation or of any obligation of confidentiality to any other person.

(Page 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

5.    <u>Third-Party Disclosures</u>.    The production of any Confidential or Highly Confidential Discovery Material by any party to this stipulation to any other party or non-party in the Chapter 11 Cases, the BVI Proceeding, the Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code shall be subject to and governed by the terms of this Stipulation.

6.    <u>Preservation of Privileges and Clawbacks</u>.    This Order is entered pursuant to Federal Rule of Evidence 502(d) and any similar rule that may exist and is applicable in the BVI Court.    In accordance therewith, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege and the attorney work product doctrine) shall remain in effect as to any privileged Discovery Material shared, and shall not be waived or in any way impaired in connection with these Chapter 11 Cases, the BVI Proceeding, the Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code, including in connection with any or current or subsequent adversary proceeding or contested matter in these Chapter 11 Cases, the BVI Proceeding, the Three Arrows Chapter 15 Case, or in any other Federal, State, or other proceeding outside these cases, by production, or by disclosing such Discovery Material to the Court or other tribunal in the context of resolving a request or dispute as to sealing.

a.    Any Party or third-party that determines it may have inadvertently received protected information shall promptly notify the Producing Party.    If a Producing Party that produces or otherwise discloses information thereafter claims that such information is protected by any privilege or other immunity from discovery ("Disclosed Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of

(Page 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

any claim of privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding, the BVI Proceeding, the Three Arrows Chapter 15 Case, Or in any other Federal, State, or other proceeding outside of these cases.  The parties stipulate by entering this Order that the Court shall provide the maximum protection allowed by Rule 502(d) or any similar rules that may exist and are applicable to the BVI Court.

b.      Any Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for the return and withholding of such material or information from production.

c.      If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the Receiving Party shall immediately stop any review of the document, and—unless it contests the claim of attorney-client privilege or other immunity—within five (5) business days of receipt of written notice (a) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (b) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

d.      If a Party wishes to challenge the claim of privilege, other immunity or work product protection, it must sequester the material until the issue can be resolved and may not review it for any reason.  The Parties agree to meet and confer regarding the challenge, and if, at the conclusion of that process, the parties are still not in agreement, they may bring the issue to a tribunal for resolution.

(Page 10)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

7. <u>Sealing of Designated Material Filed With or Submitted to the Court or other</u> <u>tribunal</u>.  For the avoidance of doubt, no papers containing Confidential or Highly Confidential Discovery Material shall be disseminated without the Producing Party's express written consent or an order of a tribunal permitting such dissemination.  To the extent a Party seeks an order from a tribunal requesting permission to disseminate Confidential or Highly Confidential Discovery Material, that Party will give the Producing Party no fewer than five (5) business days' notice before seeking permission from the tribunal.  For the further avoidance of doubt, no Party or third-party shall attempt to publicly file any Discovery Material that contains privileged information with a tribunal under any circumstances.  Otherwise, pleadings, documents, or other papers (or attachments thereto) containing Confidential or Highly Confidential Discovery Material that a Party seeks to file with the BVI Court shall be filed in a manner such that they are not publicly available.  Pleadings, documents, or other papers (or attachments thereto) containing Confidential or Highly Confidential Discovery Material that a Party seeks to file with a tribunal in the United States shall be handled in the following manner:

a.      The pleadings, documents, or other papers (or attachments thereto) containing Designated Material should be redacted to remove all portions containing Designated Material, and the Party seeking to file Designated Material (the "Filing Party") shall file the pleadings, documents, or other papers (or attachments thereto) with the aforementioned redactions on the Court's electronic docket or the other tribunal's docket;

b.      The Filing Party shall, contemporaneously with the aforementioned redacted filing, file (a) a motion to seal (a "Motion to Seal") under § 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9018-1 of the Local Rules of the

(Page 11)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

United States Bankruptcy Court for the District of New Jersey (the "Local Rules") or the rules of the applicable tribunal; and (b)  unredacted copies of the pleadings, documents, or other papers under seal, also pursuant to § 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 or the rules of the applicable tribunal;

c.      If the filing occurs in these Chapter 11 Cases, Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code, the Filing Party shall serve the Producing Party, the Debtors, and the U.S. Trustee with un-redacted copies of any sealed filing;

d.      Each Filing Party shall use best efforts when filing with the Court or other tribunal pleadings, documents, or other papers (or attachments thereto) to remove Designated Material from pleadings, documents, or other papers (or attachments thereto). If a Filing Party believes in good faith that a pleading relies on Designated Material to such a degree that it is impractical for the Filing Party to conclusively determine all aspects of the pleading that could disclose Designated Material, the Filing Party may file the entire pleading under seal, and serve the Producing Party with proposed redactions.  In such event, the Producing Party shall propose any additional requested redactions within five (5) business days (or indicate which proposed redactions are not required), at which point a redacted pleading shall be filed; and

e.      The Court or other applicable tribunal shall decide whether sealing is appropriate pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 or other rules governing the tribunal.  Until the Court or other tribunal decides the Motion

(Page 12)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

to Seal, the pleading, document, or other paper (or attachments thereto) shall remain under seal.

8.    <u>Compelled Disclosure</u>.  Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose any of the Confidential or Highly Confidential Discovery Material, to the extent permitted by law the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential or Highly Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Confidential or Highly Confidential Discovery Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly Confidential Discovery Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Discovery Material by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances.  In no event will a Receiving Party oppose action by a Producing Party to obtain a

(Page 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential

Discovery Material or to obtain reliable assurance that confidential treatment will be afforded to

the Confidential or Highly Confidential Discovery Material.

     9.    <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly

Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise

to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery

Material other than the right to use such Confidential or Highly Confidential Discovery Material

solely in accordance with this Stipulation.  It is understood and agreed by the Parties that no failure

or delay by a Producing Party in exercising any right, power, or privilege pursuant to this

Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof

preclude any other or further exercise thereof or the exercise of any right, power or privilege

pursuant to this Stipulation.  If at any time a Producing Party determines or realizes that certain

testimony or some portion(s) of Discovery Materials that it previously produced should be

designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties

in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be

treated as Confidential or Highly Confidential Discovery Materials under the terms of this

Stipulation and Protective Order, provided, however, that the Producing Party shall, at its cost,

provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend

"Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall

promptly return to the Producing Party the copies of such substituted Discovery Materials.  Entry

into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material

(Page 14)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

10.    <u>Objections to Designation</u>.  By agreeing to this Protective Order, the Parties do not concede that any Designated Material does in fact contain or reflect information that may be protected under the Applicable Rules and Law or that has been properly designated as Designated Material.  Any Party may move at any time for relief from the provisions of this Protective Order with respect to confidentiality designations as set forth herein.  In the event a Receiving Party objects to any designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential" or wants to show Highly Confidential documents to its clients or other persons other than counsel, retained professionals, or retained experts, the Receiving Party shall so inform the Producing Party, stating the grounds of the objection.  The Parties shall have five business (5) days to meet and confer and resolve any objection involving less than 20 documents, at the end of which the Producing Party may seek a ruling from the Court or other tribunal, on no less than ten (10) business days' notice to the Receiving Party, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record or otherwise disclosed prior to a determination by the Court or the other tribunal that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 or the other tribunal's rules.  If a Receiving Party challenges the designation of more than 20 documents, the Receiving Party and Producing Party shall work in good faith to establish a reasonable schedule for addressing challenges to confidentiality designations.  For the avoidance of doubt, a Receiving Party may object to the designation at any time and is not required to do so within any specific time period.

(Page 15)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

11.    <u>Use in Depositions</u>.    If Confidential or Highly Confidential Discovery Materials are utilized in a deposition, then it shall be indicated on the record by counsel for one of the Parties (or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, in which case the transcript of the designated testimony (if any) shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential Discovery Material Governed by Protective Order" by the reporter.    Any Party may also designate the actual transcript of a deposition or any portion thereof as "Confidential" or "Highly Confidential" by stating as such on the record of such deposition.    All depositions shall be treated as "Highly Confidential" under this Stipulation and Protective Order until five business days after a final transcript is made available by the Court Reporter to the person defending the deposition, and during that five-day period the person defending the deposition should advise the Parties and the Court Reporter of what additional portions of the deposition, if any, should receive a "Highly Confidential" or a "Confidential" designation.

12.    <u>Use In Open Court</u>. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 24 hours (or if not practicable, as soon as practicable) prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use Designated Material it received from a Producing Party shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such trial or hearing to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by

(Page 16)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, the parties will jointly contact the Court or other tribunal regarding a conference prior to the start of trial or hearing to address confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Designated Material should remain confidential at such trial or hearing.  No Designated Material marked Confidential or Highly Confidential may be used in open court without the Producing Party's consent prior to the Court or other tribunal having made such a determination.

13.    <u>Use by Any Professional Firm or Individual Retained in Connection With these Cases</u>.  Counsel for the Party retaining any professional firm or individual in connection with the Chapter 11 Cases, the BVI Proceeding, Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code, including outside consultants, financial advisors, or experts (collectively, the "Permitted Recipients," and each a "Permitted Recipient") shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as <u>Exhibit "A"</u> hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

14.    <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.  The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of

(Page 17)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

these Chapter 11 Cases, the BVI Proceeding, he Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code.

15.    <u>Disposition of Confidential or Highly Confidential Discovery Material</u>.    Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the Parties' hereto arising out of or relating to these Chapter 11 Cases, the BVI Proceeding, Three Arrows Chapter 15 Case, or any other proceeding 3AC may bring under the Bankruptcy Code, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties.    Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files.    To the extent any Confidential or Highly Confidential Discovery Material exist in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning the Discovery Materials to the Producing Party, but such retained information shall continue to be treated in accordance with this Stipulation.    This Paragraph 15 applies to Confidential and Highly Confidential Discovery Material only and does not require that counsel for the Parties destroy work product or correspondence.

16.    Any Party or non-party may seek relief from, or modification of, this Stipulation or any provision thereof by properly noticed motion to the Court or applicable tribunal.

| | |
|---|---|
| (Page 18) | |
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

17.    The Foreign Representatives also agree that they will abide by this Stipulation and Protective Order in the Three Arrows Chapter 15 Case and any other proceeding that 3AC brings under the Bankruptcy Code.  The Parties understand and agree that the foregoing sentence does not apply to the BVI Proceeding, but the Foreign Representatives agree to file this Stipulation and Protective Order in the BVI Proceeding if there is a pending dispute in the BVI Proceeding and filings are permitted.

18.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

*[signature page follows]*

(Page 19)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

**AGREED TO BY:**

**KIRKLAND & ELLIS LLP**

/s/ *Joshua Sussberg, P.C.*
Joshua Sussberg, P.C. (admitted *pro hac vice*)
Christine Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800

**HAYNES and BOONE LLP**

/s/ *Richard S. Kanowitz*
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Aimee M. Furness, Esq. (admitted *pro hac vice)*
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300

**COLE SCHOTZ P.C.**

/s/ *Michael D. Sirota*
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000

*Counsel to the Debtors*

**LATHAM & WATKINS LLP**

/s/ *Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel to the Foreign Representatives*

## EXHIBIT "A"

In re:
BLOCKFI INC., *et al.*,

                Debtors.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Case No. 22-19361 (MBK)

(Jointly Administered)

I, _____ , state that:

1.     My address is_____.

2.     My present occupation or job description is _____.

3.     I have received a copy of the Confidentiality Stipulation and Protective Order (the "Stipulation") entered in the above-entitled action on _____.

4.     I have carefully read and understand the provisions of the Stipulation.

5.     I will comply with all provisions of the Stipulation.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential or Highly Confidential Discovery Material that is disclosed to me.

7.     I will return or destroy all Confidential or Highly Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Discovery Material.

8.     I hereby submit to the jurisdiction of _____for the purpose of enforcement of the Stipulation in this action.

Dated: _____                         _____