UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

# FEE APPLICATION COVER SHEET

| | |
|---|---|
| IN RE: | APPLICANT: |
| BlockFi Inc., *et al.*[1] | Kroll Restructuring Administration LLC[2] |
| CASE NO.:  22-19361 (MBK) | CLIENT: |
| (Jointly Administered) | Debtors and Debtors-in-Possession |
| CHAPTER: 11 | CASES FILED:  11/28/22 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746.

<u>RETENTION ORDER ATTACHED</u>.

*/s/ Shira D. Weiner*    7/25/2023
SHIRA D. WEINER    DATE

## MONTHLY FEE STATEMENT OF
## KROLL RESTRUCTURING ADMINISTRATION LLC
## FOR THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 30, 2023

### SECTION I
### FEE SUMMARY

| | FEES | EXPENSES |
|---|---:|---:|
| TOTAL PREVIOUSLY REQUESTED | $32,053.07 | $0.00 |
| TOTAL ALLOWED TO DATE | $0.00 | $0.00 |
| TOTAL PREVIOUS HOLDBACK | $6,410.62 | $0.00 |
| TOTAL RECEIVED | $25,642.46 | $0.00 |
| TOTAL CURRENT FEE APPLICATION | $1,927.80 | $0.00 |
| MINUS: 20% HOLDBACK | $385.56 | $0.00 |
| AMOUNT SOUGHT AT THIS TIME | $1,542.24 | $0.00 |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

| Name of Professional and Title | Hours | Rate | Fee |
|---|---|---|---|
| 1. Orchowski, Alex T<br>Director of Solicitation | 5.70 | $245.00 | $1,396.50 |
| 2. Baer, Herb C<br>Director | 0.30 | $245.00 | $73.50 |
| 3. Brunswick, Gabriel<br>Director | 0.60 | $245.00 | $147.00 |
| 4. Porter, Christine C<br>Director | 0.60 | $205.00 | $123.00 |
| 5. Brown, Mark M<br>Solicitation Consultant | 1.40 | $220.00 | $308.00 |
| 6. Liu, Calvin L<br>Solicitation Consultant | 1.00 | $220.00 | $220.00 |
| **TOTALS** | **9.60** | | **$2,268.00**[3] |
| **BLENDED RATE** | | **$236.25** | |

FEE TOTALS (Before Discount)                                                                                              $2,268.00

FEE TOTALS (After Discount, Page 3)                                                                                        $1,927.80

DISBURSEMENTS TOTALS (Page 4)                                                                                               $0.00

TOTAL FEE APPLICATION                                                                                                       $1,927.80

---

[3] This amount has been discounted to $1,927.80 in accordance with the terms of Kroll's retention. Taking into account this discount, the blended hourly rate is $200.81.

## SECTION II
## SUMMARY OF SERVICES

| | Services Rendered | Hours | Fee |
|---|---|---|---|
| a) | Asset Analysis and Recovery | 0.00 | $0.00 |
| b) | Asset/Business Disposition | 0.00 | $0.00 |
| c) | Business Operations | 0.00 | $0.00 |
| d) | Case Administration | 0.00 | $0.00 |
| e) | Claims Administration and Objections | 0.00 | $0.00 |
| f) | Due Diligence | 0.00 | $0.00 |
| g) | Employee Benefits/Pensions | 0.00 | $0.00 |
| h) | Fee/Employment Applications | 0.60 | $147.00 |
| i) | Fee/Employment Objections | 0.00 | $0.00 |
| j) | Financing | 0.00 | $0.00 |
| k) | Litigation (Other than Avoidance Action Litigation) | 0.00 | $0.00 |
| l) | Avoidance Action Litigation | 0.00 | $0.00 |
| m) | Meetings of Creditors | 0.00 | $0.00 |
| n) | Plan and Disclosure Statement | 0.00 | $0.00 |
| o) | Relief from Stay Proceedings | 0.00 | $0.00 |
| p) | Regulatory Compliance | 0.00 | $0.00 |
| q) | Travel | 0.00 | $0.00 |
| r) | Accounting/Auditing | 0.00 | $0.00 |
| s) | Business Analysis | 0.00 | $0.00 |
| t) | Corporate Finance and Valuation | 0.00 | $0.00 |
| u) | Data Analysis | 0.00 | $0.00 |
| v) | Litigation Consulting | 0.00 | $0.00 |
| w) | Reconstruction Accounting | 0.00 | $0.00 |
| x) | Tax Issues | 0.00 | $0.00 |
| y) | Other (specify category), Schedules & SOFAs | 0.90 | $196.50 |
| z) | Other (specify category), Solicitation | 8.10 | $1,924.50 |
| **SERVICES TOTALS** | | **9.60** | **$2,268.00**[4] |

---

[4] This amount has been discounted to $1,927.80 in accordance with the terms of Kroll's retention.

3

# SECTION III
# SUMMARY OF DISBURSEMENTS

| Disbursements | Amount |
|---|---|
| a) Computer Assisted Legal Research<br>    Westlaw | $0.00 |
| b) Facsimile (with rates)<br>    Rate per Page $0.10 (Max. $1.00/pg.) | $0.00 |
| c) Long Distance Telephone | $0.00 |
| d) In-House Reproduction<br>    No. of Pages (         ); Rate per Page $0.08 (Max. 20¢/pg.) | $0.00 |
| e) Outside Reproduction | $0.00 |
| f) Outside Research | $0.00 |
| g) Filing/Court Fees | $0.00 |
| h) Court Reporting | $0.00 |
| i) Travel | $0.00 |
| j) Courier & Express Carriers (e.g., Federal Express)<br>    Federal Express<br>    Messenger Service | $0.00 |
| k) Postage | $0.00 |
| l) Other (Telephonic Hearings) | $0.00 |
| DISBURSEMENTS TOTAL | $0.00 |

| SECTION IV |
| :---: |
| **CASE HISTORY** |

(NOTE: Items (3) through (6) are not applicable to applications under 11 U.S.C. § 506)

(1)　　Date case filed: November 28, 2022

(2)　　Chapter under which case commenced: Chapter 11

(3)　　Date of retention: Order signed February 7, 2023, effective *nunc pro tunc* to the Petition Date
　　　　(Annex copy of order(s).) **See Exhibit A.**
　　　　If limit on number of hours or other limitations to retention, set forth: N/A

(4)　　Summarize in brief the benefits to the estate and attach supplements as needed:

　　　(A)　Conferring and coordinating among the Kroll case team and Debtors' other professionals regarding solicitation of the Debtor's plan;

　　　(B)　Preparing plan class reports in connection with the upcoming solicitation of the Debtors' plan;

　　　(C)　Coordinating an amendment to the Debtors' schedules of assets and liabilities, and performing quality assurance review of same; and

　　　(D)　Drafting Kroll's monthly fee application filed at Docket No. 1147.

**AN INVOICE ITEMIZING SERVICES RENDERED DURING THE PERIOD IS ATTACHED AS EXHIBIT "B."**

(5)　　Anticipated distribution to creditors:

　　　(a)　Administration expense: Unknown at this time.

　　　(b)　Secured creditors: Unknown at this time.

　　　(c)　Priority creditors: Unknown at this time.

　　　(d)　General unsecured creditors: Unknown at this time.

(6)　　Final disposition of case and percentage of dividend paid to creditors (if applicable): Final dividend percentages are unknown at this time.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Shira D. Weiner*　　7/25/2023
　　　　　　　　　　　　　　　　　　　　　　　　SHIRA D. WEINER　　DATE

**Exhibit A – Kroll Retention Order**

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | **Order Filed on February 7, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

# ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: February 7, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: BLOCKFI INC., et al.
Case No: 22-19361 (MBK)
Caption of Order: ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

---

Upon consideration of the application (the "Application")[1] of BlockFi Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for entry of an order authorizing the Debtors to employ and retain Kroll Restructuring Administration LLC ("Kroll") so that it may perform services as administrative advisor ("Administrative Advisor") effective nunc pro tunc to the Petition Date; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declaration of Benjamin J. Steele in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtor: BLOCKFI INC., et al.
Case No: 22-19361 (MBK)
Caption of Order: ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

---

support thereof; and the Court being satisfied that Kroll does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of Sections 327 and 101(14) of the Bankruptcy Code, and that said employment would be in the best interest of the Debtors and their respective estates, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized to retain Kroll as Administrative Advisor, effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code and under the terms of the Engagement Agreement attached to the Application as **Exhibit A**, as modified by this Order, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Kroll is authorized to take all actions necessary to comply with its duties as Administrative Advisor as described in the Application and set forth in the Engagement Agreement.

4. Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in its capacity as Administrative Advisor in accordance with the sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

| | |
|---|---|
| (Page 4) | |
| Debtor: | BLOCKFI INC., et al. |
| Case No: | 22-19361 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE |

and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

    5.     The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

        (i)    Notwithstanding any provision of the Application and the Engagement Letter to the contrary, Kroll shall not be entitled to indemnification, exculpation, contribution, or reimbursement pursuant to the Engagement Agreement for any services, unless such services and the indemnification, exculpation, contribution, or reimbursement therefor are approved by the Court.

        (ii)    Notwithstanding anything to the contrary in the Application or the Engagement Agreement, the Debtors shall have no obligation to indemnify or exculpate Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either: (i) judicially determined (that determination having become final) to have arisen from Kroll's gross negligence, willful misconduct, bad faith, self-dealing or fraud to which the Debtors' have not consented; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's obligations to maintain the confidentiality of nonpublic information, unless the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.),* 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to Kroll's gross negligence, willful misconduct, bad faith, fraud or uncontested self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnification, exculpation contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

        (iii)   If, before the earlier of the entry of an order (i) confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) closing these chapter 11 cases, Kroll

4

Case 22-19361-MBK    Doc 1426    Filed 02/25/23    Entered 02/25/23 09:36:59    Desc Main
Document    Page 15 of 88

(Page 5)
Debtor:              BLOCKFI INC., et al.
Case No:             22-19361 (MBK)
Caption of Order:    ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                     RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                     LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                     PETITION DATE

---

believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, exculpation, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, exculpation, contribution, and/or reimbursement by Kroll, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to Kroll. All parties-in-interest shall retain the right to object to any demand by Kroll for indemnification, exculpation, contribution, or reimbursement.

6. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

7. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 6 thereof, by this Order the Court is not authorizing Kroll to establish accounts with financial institutions on behalf of the Debtors.

8. Notwithstanding anything to the contrary contained in the Engagement Agreement, the 1.5% late charge in paragraph 2(c) of the Engagement Agreement shall not be assessed during the pendency of these Chapter 11 Cases.

9. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 15 thereof, the Court shall have exclusive jurisdiction over Kroll's engagement during the pendency of these chapter 11 cases and the Arbitration clause shall have no force or effect during the pendency of these Chapter 11 Cases.

(Page 6)
Debtor:                BLOCKFI INC., et al.
Case No:               22-19361 (MBK)
Caption of Order:      ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                       RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                       LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                       PETITION DATE

---

10.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 2(h) thereof, Kroll shall provide at least ten (10) business days' notice of any increases in its Rate Structure, subject to the parties-in-interest's right to object to any such increases including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11.     Notwithstanding anything to the contrary contained in the Engagement Agreement, paragraph 3(b) of the Engagement Agreement (indicating that Kroll will continue to be paid, notwithstanding conversion of the cases to cases under chapter 7) shall be of no force or effect with respect to the services provided by Kroll pursuant to the order.

12.     Notwithstanding anything in the Application or any supporting declarations to the contrary, Kroll shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual costs paid.

13.     Notwithstanding anything in the Application or the supporting declarations to the contrary, Kroll shall, to the extent that Kroll uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Kroll pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Kroll; (iv) file with this Court disclosures

6

(Page 7)
Debtor:             BLOCKFI INC., et al.
Case No:            22-19361 (MBK)
Caption of Order:   ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                    RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                    LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                    PETITION DATE

---

pertaining to such use required by Bankruptcy Rule 2014; and attach any such Contractors invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

14. Kroll shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

15. Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information (Dkt. 4), Kroll will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration. Further, if the Court denies the Motion to Seal Confidential Transaction Parties on the Retention Applications (Dkt. 127), Kroll will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Kroll to such potential counterparties.

16. In the event of any inconsistency between the Engagement Agreement, the Application, and the Order, the Order shall govern.

17. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application and the Local Rules of this Court are satisfied by such notice.

(Page 8)
Debtor:            BLOCKFI INC., et al.
Case No:           22-19361 (MBK)
Caption of Order:  ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
                   RETENTION OF KROLL RESTRUCTURING ADMINISTRATION
                   LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE
                   PETITION DATE

_____

20. To the extent applicable, the requirement set forth in Local Rule 9013-1(a)(3) that any motion/application be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

21. Notwithstanding any term in the Engagement Agreement to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

Case No.: 22–19361–MBK
Chapter: 11
Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   BlockFi Inc.
   201 Montgomery Street
   Suite 263
   Jersey City, NJ 07302

Social Security No.:

Employer's Tax I.D. No.:
   82–2390015

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

   Please be advised that on February 7, 2023, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 486 – 136
Order Granting Application to Employ Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc (Related Doc # 136). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 2/7/2023. (wiq)

   Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: February 7, 2023
JAN: wiq

Jeanne Naughton
Clerk

**Exhibit B – Kroll Time Detail**



## Hourly Fees by Employee through June 2023

| Initial | Employee Name | Title | Hours | Rate | Total |
|---|---|---|---|---|---|
| CHP | Porter, Christine C | DI - Director | 0.60 | $205.00 | $123.00 |
| MMB | Brown, Mark M | SA - Solicitation Consultant | 1.40 | $220.00 | $308.00 |
| CLL | Liu, Calvin L | SA - Solicitation Consultant | 1.00 | $220.00 | $220.00 |
| HCB | Baer, Herb C | DI - Director | 0.30 | $245.00 | $73.50 |
| GB | Brunswick, Gabriel | DI - Director | 0.60 | $245.00 | $147.00 |
| ATO | Orchowski, Alex T | DS - Director of Solicitation | 5.70 | $245.00 | $1,396.50 |
| | | **TOTAL:** | **9.60** | | **$2,268.00** |

## Hourly Fees by Task Code through June 2023

| Task Code | Task Code Description | Hours | Total |
|---|---|---|---|
| RETN | Retention / Fee Application | 0.60 | $147.00 |
| SOFA | Schedules & SOFA | 0.90 | $196.50 |
| SOLI | Solicitation | 8.10 | $1,924.50 |
| | **TOTAL:** | **9.60** | **$2,268.00** |

## Time Detail

| Date | Emp | Title | Description | Task | Hours |
|---|---|---|---|---|---|
| 06/08/23 | ATO | DS | Review and analyze the disclosure statement motion in preparation for solicitation | Solicitation | 0.70 |
| 06/12/23 | GB | DI | Draft monthly fee statement | Retention / Fee Application | 0.60 |
| 06/14/23 | ATO | DS | Confer with J. Berman (Kroll) to prepare a plan class report in preparation for solicitation | Solicitation | 0.30 |
| 06/14/23 | ATO | DS | Prepare a plan class report for the upcoming solicitation | Solicitation | 0.80 |
| 06/14/23 | MMB | SA | Review solicitation documents in preparation for solicitation | Solicitation | 1.40 |
| 06/22/23 | CHP | DI | Quality assurance review of Schedule A/B data (0.2); prepare for and participate in telephone conference with M. Shankweiler and J. Barrbarito (BRG) re amended schedule A/B (0.4) | Schedules & SOFA | 0.60 |
| 06/22/23 | HCB | DI | Coordinate existing Schedule A/B data for upcoming schedule amendment | Schedules & SOFA | 0.30 |
| 06/25/23 | ATO | DS | Respond to inquiries from B. Nakhaimousa (Kirkland) related to solicitation | Solicitation | 0.60 |
| 06/27/23 | ATO | DS | Confer with M. Shankweiler (BRG) regarding preparation of the solicitation plan class report | Solicitation | 0.60 |
| 06/27/23 | ATO | DS | Prepare draft plan class report in preparation for solicitation | Solicitation | 1.40 |
| 06/27/23 | ATO | DS | Prepare for telephone conference with B. Nakhaimousa (Kirkland) related to solicitation | Solicitation | 0.80 |
| 06/27/23 | ATO | DS | Telephone conference with B. Nakhaimousa (Kirkland) related to solicitation | Solicitation | 0.50 |
| 06/27/23 | CLL | SA | Review and analyze solicitation materials and procedures to be implemented in upcoming solicitation | Solicitation | 1.00 |
| | | | | **Total Hours** | **9.60** |