**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | **HEARING DATE AND TIME:** |
| | **August 1, 2023 at 11:00 a.m. prevailing Eastern Time** |
| | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

**NOTICE OF HEARING ON DEBTORS' SUPPLEMENTAL MOTION**
**FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING**
**THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING**
**THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING**
**THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH,**
**(IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND**
**(V) REPLYING TO OBJECTIONS TO THE DISCLOSURE STATEMENT**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**PLEASE TAKE NOTICE** that on May 12, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Initial Motion").

**PLEASE TAKE NOTICE** that, as a supplement to the Initial Motion, the Debtors hereby file the *Debtors' Supplemental Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Forms of Ballots and Notices In Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Replying to Objections to the Disclosure Statement* (the "Supplemental Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Supplemental Motion will be held on **August 1, 2023 at 11:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Supplemental Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Supplemental Motion is also submitted therewith, and a comparison of the Order and the revised order filed with the Initial Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that objections to the relief requested in the Initial Motion were due on or before **July 5, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: July 30, 2023

/s/  Michael D. Sirota
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' SUPPLEMENTAL MOTION
FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING
THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING
THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING
THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH,
(IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND
(V) REPLYING TO OBJECTIONS TO THE DISCLOSURE STATEMENT**

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

On May 12, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 876] (the "Initial Motion").[2] As a supplement to the Initial Motion (the "Supplemental Motion"), the Debtors respectfully state as follows:

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the following relief:

    a.    ***Conditionally Approving Adequacy of the Disclosure Statement.*** Conditionally approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

    b.    ***Solicitation and Voting Procedures.*** Approving procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to confirmation of the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Exhibit 1;

    c.    ***Non-Voting Status Notices.*** Approving (i) the form of notice applicable to Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (ii) the form of notice applicable to Holders of Claims or Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (iii) the form of notice applicable to Holders of Claims or Interests that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim or Interest (each, a "Non-Voting Status

---

[2]    Detailed descriptions of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases are set forth in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 17] (the "First Day Declaration"). Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them in the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, the "Plan") or the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, the "Disclosure Statement"), as applicable.

Notice"), substantially in the forms attached to the Order as <u>Exhibit 2A</u>, <u>Exhibit 2B</u>, and <u>Exhibit 2C</u>, respectively;

d.   ***Ballots.***   Approving the form of ballots (the "<u>Ballots</u>") that the Debtors will send to holders of Claims entitled to vote to accept or reject the Plan, substantially in the forms attached to the Order as <u>Exhibits 3A-3I</u>;

e.   ***Solicitation Packages.***   Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with rules 3017(d) and 2002(b) of the Federal Rules of Bankruptcy Procedure;

f.   ***Cover Letter.***   Approving the form of letter (the "<u>Cover Letter</u>") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as <u>Exhibit 4</u>;

g.   ***UCC Letter***.   Approving the form of letter (the "<u>UCC Letter</u>") by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in support of the Plan and recommending that Holders of Claims in the Voting Classes vote to accept the Plan, substantially in the form attached to the Order as <u>Exhibit 9</u>;

h.   ***Instruction Letter.***   Approving the form of letter (the "<u>Instruction Letter</u>") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Order, the Cover Letter, the UCC Letter, and a Ballot, substantially in the form attached to the Order as <u>Exhibit 5</u>;

i.   ***Combined Hearing Notice.***   Approving the form and manner of notice of the hearing to be held by the Court to consider confirmation of the Plan and approval of the Disclosure Statement on a final basis (the "<u>Combined Hearing</u>," and the notice thereof, the "<u>Combined Hearing Notice</u>"), substantially in the form attached to the Order as <u>Exhibit 6</u>;

j.   ***Plan Supplement Notice.***   Approving the notice related to the filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>"), substantially in the form attached to the Order as <u>Exhibit 7</u>;

k.   ***Assumption Notice.***   Approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan (the "<u>Assumption Notice</u>"), substantially in the form attached to the Order as <u>Exhibit 8</u>; and

l.   ***Confirmation Timeline.***   Establishing the following dates and deadlines, subject to modification as necessary:

| Event or Deadline | Date and Time | Description |
|---|---|---|
| Voting Record Date | July 26, 2023 | The date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim. |
| Publication Deadline | Five (5) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The last date by which the Debtors will submit the Combined Hearing Notice in a format modified for publication. |
| Solicitation Deadline | Ten (10) days following entry of the Order (or as soon as reasonably practicable thereafter) | The deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan. |
| Plan Supplement Filing Date | The date that is no later than seven (7) days prior to the Voting Deadline | Date by which the Debtors shall file the Plan Supplement. |
| Confirmation Objection Deadline | September 8, 2023 at 4:00 p.m., prevailing Eastern Time | The deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties. |
| Voting Deadline | September 8, 2023 at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted so that they are **actually received** by Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"). |
| Confirmation Brief and Plan Objection Reply Deadline | September 22, 2023 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court. |
| Deadline to File Voting Report | September 22, 2023 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Combined Hearing Date | September 27, 2023, subject to Court availability | The date of the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement. |

## Amended Plan and Disclosure Statement Overview

2.      In light of the comprehensive settlement between the Debtors, the Committee

Settlement Parties,[3] and the Committee (the "Committee Settlement"), the Debtors amended the

Plan and the Disclosure Statement in a number of respects to implement the terms of the

Committee Settlement.

3.      By this Supplemental Motion, the Debtors highlight the key changes to the relief

requested in the Initial Motion, each of which the Debtors believe are necessary to expeditiously

and cost-effectively advance these cases towards confirmation.

## I.      The Amended Disclosure Statement Should Be Approved on a Conditional Basis as Containing Adequate Information.

4.      Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed

chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125(a)(1)

of the Bankruptcy Code provides, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor to
> the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such a hypothetical
> investor of the relevant class to make an informed judgment about
> the plan.

11 U.S.C. § 1125(a)(1).

---

[3]      "*Committee Settlement Parties*" means Zac Prince, Flori Marquez, Amit Cheela, Jonathan Mayers, Rob Loban, Tony Lauro, Yuri Mushkin, Andrew Tam, David Spack, and all other Persons who served as officers or directors of the Debtors during these Chapter 11 Cases, including Alan Carr, Jill Frizzley, Scott Vogel, Jennifer Hill, Harvey Tepner, and Pamela Corrie.

5.      Courts in several circuits have stated that the primary purpose of a disclosure statement is to provide adequate information such that creditors and interest holders affected by a proposed plan can make an informed decision regarding whether or not to vote for the plan.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan" (internal quotations omitted)); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."); *In re A. H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989) (stating that the disclosure statement must provide "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan.").  Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a chapter 11 plan.  *See Century Glove*, 860 F.2d at 100.

6.      "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records. . . ."); *see Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."); *In re River Vill. Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phx. Petrol. Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("The information required will necessarily be governed by the circumstances of the case.").

7.      In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

a.      the events that led to the filing of a bankruptcy petition;

b.      the relationship of the debtor with its affiliates;

c.      a description of the available assets and their value;

d.      the debtor's anticipated future performance;

e.      the source of information stated in the disclosure statement;

f.      the debtor's condition while in chapter 11;

g.    claims asserted against the debtor;

h.    the estimated return to creditors under a chapter 7 liquidation of the debtor;

i.    the future management of the debtor;

j.    the chapter 11 plan or a summary thereof;

k.    financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.    information relevant to the risks posed to creditors under the plan;

m.    the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.    litigation likely to arise in a nonbankruptcy context; and

o.    tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure regarding all topics is not necessary in every case.  *See U.S. Brass*, 194 B.R. at 424; *see also Phx. Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

A.    **The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code**.

8.    The Disclosure Statement provides "adequate information" to allow Holders of Allowed Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains information that courts consider "adequate information," including:

a.    ***The Debtors' Business Operations and Capital Structure.***  An overview of the Debtors' corporate history, business operations, assets, organizational

structure, and capital structure, which are described in detail in <u>Article VIII</u> of the Disclosure Statement;

b.   ***Events Leading to these Chapter 11 Cases.***  An overview of the events leading to the commencement of the Debtors' Chapter 11 Cases, which are described in detail in <u>Article IX</u> of the Disclosure Statement;

c.   ***Events of the Chapter 11 Cases.***  An overview of key events in the Debtors' Chapter 11 Cases, including the terms of the Committee Settlement, are described in detail in <u>Article X</u> of the Disclosure Statement;

d.   ***Release and Exculpation Provisions of the Plan.***  A description of the Debtor Release, Third-Party Release, Exculpation, and Bermuda Release which are described in <u>Article V.K</u> of the Disclosure Statement, and a description of the Special Committee's investigation and general conclusions, including its recommendation to seek settlements with relevant officers, directors, and employees of the Debtors, which are described in <u>Article X.Q</u> of the Disclosure Statement;

e.   ***Liquidation Analysis.***  A liquidation analysis is attached to the Disclosure Statement as <u>Exhibit B</u>;

f.   ***Risk Factors.***  Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement, which are described in <u>Article XI</u> of the Disclosure Statement;

g.   ***Solicitation and Voting Procedures.***  A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, which are described in <u>Article VI</u> of the Disclosure Statement;

h.   ***Confirmation of the Plan.***  Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan, which are described in <u>Article VII</u> of the Disclosure Statement;

i.   ***Certain United States Federal Income Tax Consequences of the Plan.***  A description of certain U.S. federal income tax law consequences of the Plan, which are described in <u>Article XII</u> of the Disclosure Statement;

j.   ***Questions and Answers Regarding the Disclosure Statement and Plan***.  A list of frequently asked questions, which are described in detail in <u>Article V</u> of the Disclosure Statement; and

k.   ***Recommendation of the Debtors.***  A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan, stated in <u>Articles IV</u> and <u>XIII</u> of the Disclosure Statement.

**B.** **The Disclosure Statement Contains Adequate Information Regarding the Terms of the Committee Settlement**.

9.      Importantly, the Disclosure Statement, as amended, includes adequate information with respect to the Committee Settlement, including the key terms thereof and a description of the settled claims.  Specifically, <u>Article X.Q</u> of Disclosure Statement, as amended, provides adequate disclosure with respect to, among other things:

a.      The estate claims and causes of action against the Committee Settlement Parties that will be settled pursuant to the Committee Settlement;

b.      The consideration that the Committee Settlement Parties will contribute to the estates;

c.      The definition of "Released Party," which has been amended to include the Committee Settlement Parties;

d.      The work plan and budget, which provides that the Debtors and Committee will work cooperatively to minimize costs and maximize recovery to the Debtors' Clients (including with respect to the operational budget of the Debtors going forward); and

e.      The snap-back release provision, which provides that, in certain circumstances described in the Disclosure Statement, the Wind-Down Trustee may request the Court (which will serve as "gatekeeper" to ensure compliance with the Committee Settlement) to void the Debtor release as to the Committee Settlement Parties for lack of compliance with such settlement obligations.

10.      Based on the foregoing, the Debtors submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan.

11.      Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and therefore should be approved on a conditional basis so that the Debtors can begin the Plan solicitation process.

**C.      The Disclosure Statement Provides Sufficient Notice of Release, Exculpation, and Injunction Provisions in the Plan**.

12.      Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

13.      Article V.K of the Disclosure Statement describes in detail the entities that may be subject to an injunction under the Plan and the acts that they may be enjoined from pursuing, including bolded language related to the Debtor Release, Third-Party Release, Exculpation, Injunction, and Bermuda Release.  Article X.Q also summarizes the establishment of the Special Committee to perform a comprehensive investigation (the "Investigation") into a number of issues, as set forth more fully in Article X.Q of the Disclosure Statement.  The Disclosure Statement provides that the Debtor Release and certain definitions related to the releases generally are subject to the Committee Settlement.  Further, the relevant language in Article VIII of the Plan is in bold font, making it conspicuous to anyone who reads it.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties that may be enjoined by the Plan.

**D.      The Disclosure Statement Provides for Sufficient Notice of the Convenience Claim Election.**

14.      The Plan, as amended, provides for the addition of a Convenience Claim Class.  As set forth in the Plan and described in Article III.F of the Disclosure Statement, the Plan provides for a one-time cash payment for those Holders of Claims in the Voting Classes under a $3,000 threshold, with Holders of Claims in the Voting Classes in excess of that threshold given the

opportunity to make an election to have their Claim treated as a Convenience Claim through a validly submitted Ballot, in accordance with Solicitation and Voting Procedures.

15.     The Plan has been amended to include Class 16 - Convenience Claims, as set forth below:

| Class | Claim or Interest | Status | Voting Rights |
|-------|------------------|--------|---------------|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3-a | BlockFi Lending LLC Private Client Account Claims | Impaired | Entitled to Vote |
| 3-b | BlockFi Lending LLC Loan Collateral Claims | Impaired | Entitled to Vote |
| 3-c | BlockFi International Ltd. Private Client and Interest Account Claims | Impaired | Entitled to Vote |
| 3-d | BlockFi International Ltd. Loan Collateral Claims | Impaired | Entitled to Vote |
| 3-e | BlockFi Inc. Interest Account Claims | Impaired | Entitled to Vote |
| 4-a | BlockFi Lending LLC General Unsecured Claims | Impaired | Entitled to Vote |
| 4-b | BlockFi International Ltd. General Unsecured Claims | Impaired | Entitled to Vote |
| 4-c | BlockFi Inc. General Unsecured Claims | Impaired | Entitled to Vote |
| 4-d | BlockFi Services, Inc. General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-e | BlockFi Trading LLC General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-f | BlockFi Wallet LLC General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 4-g | BlockFi Ventures LLC General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-h | BlockFi Investment Products LLC General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 4-i | BlockFi Lending II LLC General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 5 | FTX Facility Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 6 | FTX Avoidable Transfer Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Alameda Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | 3AC Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 9 | Government Penalty Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 10 | *De Minimis* Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 11 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 12 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 13 | Existing Preferred Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 14 | Existing Common Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 15 | SEC Penalty Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 16 | Convenience Claims | Impaired | Entitled to Vote |

## II.    Amendments to the Voting Classes and Non-Voting Classes.

16.    The Debtors propose to solicit votes to accept or reject the Plan from Holders of Claims in Class 16 via the Convenience Claims Election on the Ballots.  Accordingly, the Classes entitled to vote under the Plan are Classes 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each a "Voting Class" and collectively, the "Voting Classes").

17.    The Debtors no longer propose to solicit votes from Holders of Claims in Class 4f, as Holders of Claims in Class 4f are unimpaired under the amended Plan.  Accordingly, the Debtors do not propose to solicit votes from Holders of Claims or Interests in Classes 1, 2, 4-d, 4-e, 4-f, 4-g, 4-h, 4-i, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 (each a "Non-Voting Class" and collectively, the "Non-Voting Classes").  To that end, in lieu of solicitation materials, the Debtors propose to provide the following to Holders of Claims or Interests in Non-Voting Classes:

| Class | Status | Treatment |
|-------|--------|-----------|
| Class 1, Class 2, and Class 4-f | Unimpaired—Presumed to Accept | Will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2A</u>, in lieu of a Solicitation Package. |
| Class 4-d, Class 4-e, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, Class 14, and Class 15 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2B</u>, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached to the Order as <u>Exhibit 2C</u>. |

## III.    The Objections to the Disclosure Statement Should be Overruled.

18.    The Debtors respectfully submit that the Objections[4] to the Disclosure Statement should be overruled.  The Debtors are only seeking conditional approval of the Disclosure Statement at this time.  Final approval of the Disclosure Statement will be sought at the Combined Hearing.  The Debtors submit that the Objections that actually pertain to disclosure have been resolved by the language in the amended Disclosure Statement, and that the Objections are not prejudiced as they can raise any disclosure-related objections at the Combined Hearing.

---

[4]    The following objections were received:  (a) *Limited Objection and Reservation of Rights of the Securities and Exchange Commission to Debtors Motion for Order Approving the Adequacy of the Debtors' Amended Disclosure Statement* [Docket No. 1151] (the "<u>SEC Objection</u>"); (b) *Objection of the Foreign Representatives of Three Arrows Capital Ltd. (in Liquidation) to (A) the Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan and (B) The Adequacy of the Debtors' Motion for Entry of an Order Approving the (I) Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith,, and (IV) Certain Dates With Respect Thereto* [Docket No. 1153] (the "<u>3AC Objection</u>"); and the (d) *Objection of the FTX Debtors to BlockFi Debtors' Motion for Approval of Disclosure Statement, Solicitation Procedures and Forms, and Confirmation Schedule* [Docket No. 1154] (the "<u>FTX Objection</u>") (collectively, the "<u>Objections</u>," and the filing parties, the "<u>Objectors</u>").

**A.    The FTX and 3AC Objections Are Moot.**

19.    The FTX Objection and 3AC Objection both assert that the Confirmation Timeline deprives FTX and 3AC of the opportunity to litigate equitable subordination and/or recharacterization of their claims.  In response to such Objections, the Debtors have further clarified in the amended Disclosure Statement that they object to the FTX and 3AC Claims and will file formal objections seeking disallowance of such claims.  Thus, any dispute over subordination and/or recharacterization of the FTX and 3AC Claims will only be necessary to the extent the Court allows any portion of such Claims.

20.    While the Debtors intend to seek to estimate the FTX and 3AC Claims in advance of confirmation, any litigation surrounding the allowance of the FTX and 3AC Claims, including arguments for recharacterization and/or subordination of such Claims will take place separate and apart from the Confirmation Timeline.[5]  If the Court allows any portion of the FTX or 3AC Claims, thus making subordination and/or recharacterization relevant, FTX and 3AC will have a full and fair opportunity to assert that their Claims should not be subject to subordination or recharacterization.  Accordingly, the FTX and 3AC Objections to the Disclosure Statement are moot.

**B.    The SEC Objection Should be Overruled.**

21.    The SEC Objection, to the extent that it is outstanding, raises points based on disclosure surrounding the Plan releases, specifically alleging that the Debtors fail to identify (i) each person and/or entity granting a release to the very broad definition of Released Parties, including those persons and/or entities included as a Related Party, (ii) the claims being released,

---

[5]    This Court has discretion to establish procedures or a scheduling order surrounding such litigation, and the Debtors are willing to meet and confer with FTX and 3AC to establish same.

and (iii) specific consideration tendered by each Released Party in exchange for the subject release. The SEC Objection was filed in advance of the amended version of the Disclosure Statement, which now contains robust disclosure surrounding the terms of the Committee Settlement, including the claims at issue, the contributions of each of the Committee Settlement Parties, and a description of the scope of the investigation that preceded the Committee Settlement.  Article X.Q. of the Disclosure Statement provides a detailed description of the Committee Settlement, including the participants, the releases, the cash payments being provided in consideration for such releases, and the snap-back provision, in which the Court will act as a gatekeeper and can nullify any release if a Committee Settlement Party is not upholding their end of the bargain.

22.     To the extent that the SEC Objection concerns the existence and scope of the releases themselves, then such argument is premature and does not provide a basis for the Court to delay approval of the Disclosure Statement and solicitation of the Plan.  The appropriate time to address such issues is at the Combined Hearing seeking confirmation of the Plan where the Debtors will present their case in support of approval of the releases.  *See In re TCI 2 Holdings, LLC*, 428 B.R. 117, 170 (Bankr. D.N.J. 2010) (finding that notwithstanding the approval of the disclosure statement certain issues may be revisited at the confirmation hearing).  Accordingly, the Debtors submit that ample information is provided concerning such terms at this stage, and the disclosure is adequate for the purposes of conditional approval of the Disclosure Statement.

**IV.     The Amended Solicitation and Noticing Plan.**

23.     By the Initial Motion, the Debtors seek entry of an Order approving the Debtors Solicitation and Noticing Plan, as more fully described therein.  The Debtors believe that service in the manner described in the Initial Motion is in the best interests of such Holders and maximizes recoveries under the Plan.

24.    In addition to the Solicitation and Noticing Plan set forth in the Initial Motion, the Debtors also request that the Court authorize the Debtors and their Claims, Noticing, and Solicitation Agent, as may be applicable, to publish, distribute, or otherwise issue communication materials that are consistent with the approved Solicitation Package (the "Communications Materials") via press release, in-app messages (including banner messages and dismissible pop-up messages), email distribution, their official website (including Frequently Asked Questions), and on their regular social media feeds, including X (f/k/a Twitter) (collectively, the "Communication Channels").  The Debtors submit that, because their customer base is accustomed to receiving regular email communications from the Debtors, and, in light of the fact that the Debtors regularly provide their clients with updates about these chapter 11 cases via Twitter and their website blog, authority to publish the Communications Materials on the Communications Channels will facilitate a robust voting process and enhance solicitation of the Plan.  To that end, the Debtors request that such communications materials may contain language that explicitly (a) encourages creditors in the Voting Classes to review the Plan, Disclosure Statement, the Order, and other materials contained in the Solicitation Package and (b) urges creditors in the Voting Classes to vote to accept the Plan.  The Debtors and their Claims, Noticing, and Solicitation Agent, as may be applicable, may also publish, distribute, or otherwise issue communications materials via the Communication Channels that include explicit reminders about the approved Confirmation Timeline, including the Voting Deadline.

## V.    The Updated Solicitation Packages.

25.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.   Fed. R. Bankr. P. 3017(d).   In accordance with this

requirement, the Debtors propose to send the Solicitation Packages to provide Holders of Claims

in the Voting Classes with the information they need to be able to make informed decisions with

respect to how to vote on the Plan.  Specifically, on or before the Solicitation Deadline, the Debtors

will cause the Solicitation Packages to be distributed by e-mail through the Claims, Noticing, and

Solicitation Agent to such Holders of Claims in the Voting Classes.

26.     In addition, the Debtors have amended the form of Ballots, attached to the Order as

Exhibits 3A–3I, to provide Holders of Claims in the Voting Classes the opportunity to make the

Convenience Claims Election.  Pursuant to Bankruptcy Rule 3018(c), the Debtors have prepared

and customized the Ballots.   Although based on Official Form B 314, the Ballots have been

modified to not only (a) address the particular circumstances of these Chapter 11 Cases and

(b) include certain additional information that is relevant and appropriate for Claims in the Voting

Classes, but also provide the opportunity to Holders of Claims entitled to vote on the Plan to make

the Convenience Claims Election.  The Debtors submit that the Ballots attached as Exhibits 3A-3I

to the Order comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

## Conclusion

27.     As set forth in the Initial Motion, the Disclosure Statement provides adequate

information with respect to the Plan and ensures that Holders of Claims entitled to vote on the Plan

will receive information of a kind and in sufficient detail to make an informed judgment regarding

acceptance or rejection of the Plan.  The revised proposed schedule and procedures to confirm the

Plan will swiftly move these Chapter 11 Cases forward while ensuring due process and providing

for the procedural safeguards mandated under the Bankruptcy Code and the Bankruptcy Rules.

Accordingly, the Debtors respectfully submit that the relief requested in this Supplemental Motion

should be approved.

## Non-Substantive Modifications

28.     The Debtors request authorization to make changes to the Disclosure Statement,

Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots,

Publication Notice, Cover Letter, UCC Letter, Instruction Letter, Solicitation and Voting

Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further

order of the Court, including changes to correct typographical and grammatical errors, if any, and

to make conforming changes to any other materials in the Solicitation Packages before distribution.

## Waiver of Memorandum of Law

29.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Supplemental Motion does not raise any novel

issues of law.

## Reservation of Rights

30.     Nothing contained in this Supplemental Motion or any actions taken pursuant to

any order granting the relief requested by this Supplemental Motion is intended or should be

construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a

waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or

requirement to pay any particular claim, (d) an implication or admission that any particular claim

is of a type specified or defined in this Supplemental Motion or any order granting the relief

requested by this Supplemental Motion, (e) a request or authorization to assume any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the

Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the

Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this

Supplemental Motion are valid, and the Debtors expressly reserve their rights to contest the extent,

validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Prior Request**

31.    No prior request for the relief sought in this Motion has been made to this or any other court.

## **Notice**

32.    The Debtors will provide notice of this Supplemental Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) counsel to the Committee; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  July 30, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**ORDER (I) CONDITIONALLY APPROVING
THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING
THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING
THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH,
<u>AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO</u>**

The relief set forth on the following pages, numbered three (3) through sixteen (16), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Upon the *Debtors' Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Replying to Objections to the Disclosure Statement* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 363, 502, 1123(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006, and Local Rules 3018-1 and 9013-1 (i) conditionally approving the adequacy of the Disclosure Statement; (ii) approving the Solicitation and Voting Procedures; (iii) approving the Non-Voting Status Notices; (iv) approving the Ballots; (v) approving the manner and form of the Solicitation Packages and the materials contained therein; (vi) approving the Cover Letter; (vii) approving the UCC Letter; (viii) approving the Instruction Letter; (ix) approving the Combined Hearing Notice; (x) approving the Publication Notice; (xi) approving the Plan Supplement Notice; (xii) approving the Assumption Notice; and (xiii) scheduling the dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey,*

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

## I.      Approval of the Disclosure Statement.

2.      The Disclosure Statement is hereby conditionally approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties-in-interest with sufficient notice of the

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

## II.    Approval of the Materials and Timeline for Soliciting Votes.

### A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.

4.    The Confirmation Timeline is hereby approved (subject to modification as necessary):

a.    ***Voting Record Date***.  **July 26, 2023** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim;

b.    ***Publication Deadline***.  **Five (5) business days following entry of the Order** (or as soon as reasonably practicable thereafter) as the last date by which the Debtors will submit the Combined Hearing Notice in a format modified for publication;

c.    ***Solicitation Deadline***.  **Ten (10) days following entry of the Order** (or as soon as reasonably practicable thereafter) as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan;

d.    ***Plan Supplement Filing Deadline***.  **No later than seven (7) days prior to the Voting Deadline** as the date by which the Debtors shall file the Plan Supplement;

e.    ***Confirmation Objection Deadline***.  **September 8, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties;

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

f.   ***Voting Deadline.*** **September 8, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which **all** Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted to https://restructuring.ra.kroll.com/BlockFi/EBallot-Home so that they are **actually received** by the Claims, Noticing, and Solicitation Agent;

g.   ***Confirmation Brief and Plan Objection Reply Deadline.*** **September 22, 2023** as the deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court;

h.   ***Deadline to File Voting Report.*** **September 22, 2023** as the date by which the Voting Report shall be filed with the Court; and

i.   ***Combined Hearing Date.*** **September 27, 2023 at [●] [a.m.] prevailing Eastern Time**, or such other date as may be scheduled by the Court, as the date of the hearing at which the Court will consider confirmation of the Plan and approval of the Disclosure Statement on a final basis.

5.   The Solicitation Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan. The Debtors may adjourn the Combined Hearing Date and any related dates and deadlines from time to time, without notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**B.      Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.   The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

a.  the applicable form of Ballot, substantially in the form of the Ballots attached hereto as **Exhibits 3A–3I**, together with a unique E-Ballot ID, detailed voting instructions, and instructions on how to submit the Ballot;

b.  the Cover Letter, substantially in the form attached hereto as **Exhibit 4**;

c.  the UCC Letter, substantially in the form attached hereto as **Exhibit 9**;

d.  the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

e.  the Disclosure Statement (and exhibits thereto, including the Plan);

f.  this Order (without exhibits);

g.  the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**; and

h.  any additional documents that the Court has ordered to be made available.

7.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.    Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.    The Debtors are authorized to cause the Solicitation Packages to be distributed in electronic format by e-mail, as applicable, through the Claims, Noticing, and Solicitation Agent to Holders of Claims in the Voting Classes.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

10.     The form of letter (the "Instruction Letter") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation Packages and a Ballot, substantially in the formed attached hereto as **Exhibit 5**, is approved.

11.     The Debtors are authorized to cause the Combined Hearing Notice and Non-Voting Status Notices to be distributed in electronic format by e-mail through the Claims, Noticing, and Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

12.     The Debtors are authorized to cause the Combined Hearing Notice, the Instruction Letter, and/or a Non-Voting Status Notice to be mailed through the Claims, Noticing, and Solicitation Agent to a Holder of a Claim or Interest, as applicable, to the extent the Debtors' records as of the date of the filing of the Motion does not contain such Holder's e-mail address.

13.     The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims,

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification.

14.     On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete a Solicitation Package in paper format (other than Ballots) to the U.S. Trustee and distribute all other Solicitation Packages in electronic format by e-mail to all other parties on the 2002 List as of the Voting Record Date.

15.     For purposes of serving the Solicitation Packages, Non-Voting Status Notices, and the Combined Hearing Notice, the Claims, Noticing, and Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Claims, Noticing, and Solicitation Agent as of the Voting Record Date.

16.     The Claims, Noticing, and Solicitation Agent is authorized to accept Ballots via electronic online transmissions through an online balloting portal maintained by the Claims, Noticing, and Solicitation Agent on the Debtors' case website (the "E-Ballot"). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. E-Ballots shall be the sole method by which a creditor may submit a Ballot. Ballots submitted by mail, hand delivery, overnight courier, e-mail, facsimile, or other electronic means shall be deemed invalid.

| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

17.     Neither the Debtors nor the Claims, Noticing, and Solicitation Agent are required to take any action to cure a deficiency associated with a submitted Ballot.

18.     All votes to accept or reject the Plan must be cast by using the appropriate E-Ballot. All E-Ballots must be properly executed, completed, and submitted according to their applicable voting instructions so that the Ballots are **actually** **received** by the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline.

19.     The Debtors and their Claims, Noticing, and Solicitation Agent, as may be applicable, are hereby authorized to publish, distribute, or otherwise issue communication materials that are consistent with the approved Solicitation Package (the "Communications Materials") via press release, in-app messages (including banner messages and dismissible pop-up messages), email distribution, their official website (including Frequently Asked Questions), and on their regular social media feeds, including X (f/k/a Twitter) (collectively, the "Communication Channels").  Such communications materials may contain language that explicitly (a) encourages creditors in the Voting Classes to review the Plan, Disclosure Statement, this Order, and other materials contained in the Solicitation Package and (b) urges creditors in the Voting Classes to vote to accept the Plan.  The Debtors and their Claims, Noticing, and Solicitation Agent, as may be applicable, may also publish, distribute, or otherwise issue communications materials via the Communication Channels that include explicit reminders about the approved Confirmation Timeline, including the Voting Deadline.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

### C.    Approval of the Combined Hearing Notice.

20.    The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, filed by the Debtors and served upon parties-in-interest in these Chapter 11 Cases on or before the Solicitation Deadline constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

21.    The Debtors shall publish the Combined Hearing Notice (in a format modified for publication) one time in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition), on or as soon as reasonably practicable after the Publication Deadline.

### D.    Approval of Notice of Filing of the Plan Supplement.

22.    The Debtors are authorized to distribute in electronic format by e-mail the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

### E.    Approval of the Form of Notices to Non-Voting Classes.

23.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Claims, Noticing, and Solicitation Agent shall

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

distribute in electronic format by e-mail a Non-Voting Status Notice in lieu of Solicitation

Packages, the form of each of which is hereby approved, to those parties, outlined below, who are

not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1, Class 2, and Class 4-f | Unimpaired—Presumed to Accept | Will receive a notice, substantially in the form attached to the Order as Exhibit 2A, in lieu of a Solicitation Package. |
| Class 4-d, Class 4-e, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, Class 14, and Class 15 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached to the Order as Exhibit 2B, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached to the Order as Exhibit 2C. |

24.    The Debtors are not required to distribute Solicitation Packages, other solicitation

materials, or a Non-Voting Status Notice to:  (i) Holders of Claims that have already been paid in

full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course

of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of

the Motion was sent but was subsequently returned as undeliverable without a forwarding address

by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or

Class 12 (Intercompany Interests).  Further, the Debtors are not required to conduct any additional

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

### F. Approval of Notices to Contract and Lease Counterparties.

25. The Debtors are authorized to mail a notice of assumption of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods specified in the Plan.

### III. Approval of the Solicitation and Voting Procedures.

26. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

27. The Debtors are authorized to convert each Claim asserted in currency other than U.S. Dollars (including Digital Assets) to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

(Page | 14)

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

## IV.     Approval of Procedures for Confirming the Plan.

### A.     Approval of the Procedures for Filing Objections to Confirmation of the Plan.

28.     Objections to confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order.   Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline by each of the notice parties identified in the Combined Hearing Notice.

### B.     Approval of Consequences of Not Confirming or Consummating the Plan.

29.     If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (i) the Plan will be null and void in all respects; (ii) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (iii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any

(Page | 15)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Debtor or any other Entity, or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

## V.  Miscellaneous.

30.     The Debtors are authorized to make changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, UCC Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

31.     The Debtors' rights are reserved to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

32.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

33.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page | 16)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

34.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

35.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

38.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

39.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

[*Remaining Exhibits to be Filed Separately*]

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is ~~201~~00 ~~Montgomery Street, Suite 263, Jersey City~~Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ ~~07302~~08691.

**ORDER ~~APPROVING~~ (I) ~~THE~~<u>CONDITIONALLY APPROVING</u>**
**<u>THE</u> ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) <u>APPROVING</u>**
**THE SOLICITATION AND NOTICE PROCEDURES,**
**(III) <u>APPROVING</u>**
**THE FORMS OF BALLOTS AND NOTICES IN CONNECTION**
**THEREWITH,**
**AND (IV) <u>SCHEDULING</u> CERTAIN DATES WITH RESPECT THERETO**

The relief set forth on the following pages, numbered three (3) through ~~f~~si~~f~~xteen (1~~5~~<u>6</u>), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Upon the *Debtors' Motion for Entry of an Order* ~~*Approving*~~ *(I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith,* ~~*and*~~ *(IV) Scheduling Certain Dates with Respect Thereto, and (V) Replying to Objections to the Disclosure Statement* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 363, 502, 1123(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006, and Local Rules 3018-1 and 9013-1 ~~approving:~~ (i) conditionally approving the adequacy of the Disclosure Statement ~~*Relating to the First Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*~~ [Docket No. [●]] (the "Disclosure Statement"); (ii) approving the Solicitation and Voting Procedures; (iii) approving the Non-Voting Status Notices; (iv) approving the Ballots; (v) approving the manner and form of the Solicitation Packages and the materials contained therein; (vi) approving the Cover Letter~~;~~ (vii) approving the ~~Instruction~~UCC Letter; (viii) ~~the Confirmation~~approving the Instruction Letter; (ix) approving the Combined Hearing Notice; (~~ix~~x) approving the Publication Notice; (~~x~~xi) approving the Plan Supplement Notice; (xii) approving the Assumption Notice; ~~(xii) the Voting Record Date; (xiii) the Publication Deadline; (xiv) the Solicitation Deadline; (xv) the Plan Supplement Filing Date; (xvi) the~~

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

~~Confirmation Objection Deadline; (xvii) the Voting Deadline; (xviii) the Confirmation Brief and Plan Objection Reply Deadline; (xix) the deadline to file the Voting Report; (xx) the Confirmation Hearing Date; and (xxi)~~and (xiii) scheduling the dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

**I.     Approval of the Disclosure Statement.**

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

2.      The Disclosure Statement is hereby conditionally approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

**II.     Approval of the Materials and Timeline for Soliciting Votes.**

> **A.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

4.      The Confirmation Timeline is hereby approved (subject to modification as necessary):

> a.     ***Voting Record Date.***  ~~June~~July ~~1~~26, 2023 as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, ~~opt out~~opt out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to ~~opt out~~opt out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim~~.~~;
>
> b.     ***Publication Deadline.***  **Five (5) business days following entry of the Order** (or as soon as reasonably practicable thereafter) as the last date by which the Debtors will submit the ~~Confirmation~~Combined Hearing Notice in a format modified for publication;

| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

c.  ***Solicitation Deadline.***  **Ten (10) days following entry of the Order** (or as soon as reasonably practicable thereafter) as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan;

d.  ***Plan Supplement Filing Deadline.***  **No later than seven (7) days prior to the Voting Deadline** as the date by which the Debtors shall file the Plan Supplement;

e.  ***Confirmation Objection Deadline.***   ~~July~~**September 2**~~8~~, 2023 **at 4:00 p.m. prevailing Eastern Time** as the deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties;

f.  ***Voting Deadline.***   ~~July~~**September 2**~~8~~**, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which **all** Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted to https://restructuring.ra.kroll.com/BlockFi/EBallot-Home so that they are **actually received** by the Claims, Noticing, and Solicitation Agent;

g.  ***Confirmation Brief and Plan Objection Reply Deadline.***   ~~August 13~~**September 22, 2023** as the deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court;

h.  ***Deadline to File Voting Report.***   ~~August 13~~**September 22, 2023** as the date by which the Voting Report shall be filed with the Court; and

i.  ***~~Confirmation~~Combined Hearing Date.***   ~~August~~**September 1**~~2~~**7, 2023 at [●] [a.m.] prevailing Eastern Time**, or such other date as may be scheduled by the Court, as the date of the hearing at which the Court will consider confirmation of the Plan and approval of the Disclosure Statement on a final basis.

5.    The Solicitation Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan.  The Debtors

| (Page | 7) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

may adjourn the ~~Confirmation~~Combined Hearing Date and any related dates and deadlines from time to time, without notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**B.      Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.      The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      the applicable form of Ballot, substantially in the form of the Ballots attached hereto as **Exhibits 3A–3I**, together with a unique E-Ballot ID, detailed voting instructions, and instructions on how to submit the Ballot;

b.      the Cover Letter, substantially in the form attached hereto as **Exhibit 4**;

c.      the UCC Letter, substantially in the form attached hereto as **Exhibit 9**;

d.      ~~c.~~ the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

e.      ~~d.~~ the Disclosure Statement (and exhibits thereto, including the Plan);

f.      ~~e.~~ this Order (without exhibits);

g.      ~~f.~~ the ~~Confirmation~~Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**; and

h.      ~~g.~~ any additional documents that the Court has ordered to be made available.

| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

7.     The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.     The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.     The Debtors are authorized to cause the Solicitation Packages to be distributed in electronic format by e-mail, as applicable, through the Claims, Noticing, and Solicitation Agent to Holders of Claims in the Voting Classes.

10.     The form of letter (the "Instruction Letter") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation Packages and a Ballot, substantially in the formed attached hereto as **Exhibit 5**, is approved.

11.     The Debtors are authorized to cause the ~~Confirmation~~Combined Hearing Notice and Non-Voting Status Notices to be distributed in electronic format by e-mail through the Claims, Noticing, and Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

(Page | 9)
Debtors:          BLOCKFI INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF
                  THE DISCLOSURE STATEMENT, (II) APPROVING THE
                  SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING
                  THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
                  THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH
                  RESPECT THERETO

12.     The Debtors are authorized to cause the ~~Confirmation~~Combined Hearing Notice,
the Instruction Letter, and/or a Non-Voting Status Notice to be mailed through the Claims,
Noticing, and Solicitation Agent to a Holder of a Claim or Interest, as applicable, to the extent
the Debtors' records as of the date of the filing of the Motion does not contain such Holder's
e-mail address.

~~13.     Any party that receives any materials in electronic format but would prefer paper
format may contact the Claims, Noticing, and Solicitation Agent to request paper copies of the
corresponding materials previously received in electronic format (to be provided at the Debtors'
expense).~~

13.     ~~14.~~ The Claims, Noticing, and Solicitation Agent is authorized to assist the
Debtors in:  (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on
Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding
to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the
Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related
documents and matters related thereto, including the procedures and requirements for voting to
accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the
Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient
Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims,
Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the
Debtors nor any other Person or Entity will be under any duty to provide notification of defects

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification.

14. ~~15.~~ On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete a Solicitation Package~~s~~ in paper format (other than Ballots) to the U.S. Trustee and distribute all other Solicitation Packages in electronic format by e-mail to all other parties on the 2002 List as of the Voting Record Date.

15. ~~16.~~ For purposes of serving the Solicitation Packages, Non-Voting Status Notices, and the ~~Confirmation~~Combined Hearing Notice, the Claims, Noticing, and Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Claims, Noticing, and Solicitation Agent as of the Voting Record Date.

16. ~~17.~~ The Claims, Noticing, and Solicitation Agent is authorized to accept Ballots via electronic online transmissions through an online balloting portal maintained by the Claims, Noticing, and Solicitation Agent on the Debtors' case website (the "E-Ballot"). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. E-Ballots shall be the sole method by which a creditor may submit a Ballot. Ballots submitted by mail, hand delivery, overnight courier, e-mail, facsimile, or other electronic means shall be deemed invalid.

17. ~~18.~~ Neither the Debtors nor the Claims, Noticing, and Solicitation Agent are required to take any action to cure a deficiency associated with a submitted Ballot.

(Page | 11)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

18.    ~~19.~~ All votes to accept or reject the Plan must be cast by using the appropriate

E-Ballot.  All E-Ballots must be properly executed, completed, and submitted according to their

applicable voting instructions so that the Ballots are **actually** **received** by the Claims, Noticing,

and Solicitation Agent no later than the Voting Deadline.

19.    The Debtors and their Claims, Noticing, and Solicitation Agent, as may be

applicable, are hereby authorized to publish, distribute, or otherwise issue communication

materials that are consistent with the approved Solicitation Package (the "Communications

Materials") via press release, in-app messages (including banner messages and dismissible

pop-up messages), email distribution, their official website (including Frequently Asked

Questions), and on their regular social media feeds, including X (f/k/a Twitter) (collectively,

the "Communication Channels").  Such communications materials may contain language that

explicitly (a) encourages creditors in the Voting Classes to review the Plan, Disclosure

Statement, this Order, and other materials contained in the Solicitation Package and (b) urges

creditors in the Voting Classes to vote to accept the Plan.  The Debtors and their Claims,

Noticing, and Solicitation Agent, as may be applicable, may also publish, distribute, or otherwise

issue communications materials via the Communication Channels that include explicit reminders

about the approved Confirmation Timeline, including the Voting Deadline.

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

**C.     Approval of the ~~Confirmation~~Combined Hearing Notice.**

20.     The ~~Confirmation~~Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, filed by the Debtors and served upon parties-in-interest in these Chapter 11 Cases on or before the Solicitation Deadline constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

21.     The Debtors shall publish the ~~Confirmation~~Combined Hearing Notice (in a format modified for publication) one time in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition), on or as soon as reasonably practicable after the Publication Deadline.

**D.     Approval of Notice of Filing of the Plan Supplement.**

22.     The Debtors are authorized to distribute in electronic format by e-mail the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

(Page | 13)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

**E.     Approval of the Form of Notices to Non-Voting Classes.**

23.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Claims, Noticing, and Solicitation Agent shall distribute in electronic format by e-mail a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1, ~~and~~ Class 2, and Class 4-f | Unimpaired—Presumed to Accept | Will receive a notice, substantially in the form attached ~~hereto~~ to the Order as Exhibit 2A, in lieu of a Solicitation Package. |
| Class 4-d, Class 4-e, Class 4-f, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, ~~and~~ Class 14, and Class 15 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached ~~hereto~~ to the Order as Exhibit 2B, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached ~~hereto~~ to the Order as Exhibit 2C. |

| Debtors: | BLOCKFI INC., *et al*. |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

24.     The Debtors are not required to distribute Solicitation Packages, other solicitation materials, or a Non-Voting Status Notice to:  (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).   Further, the Debtors are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

**F.     Approval of Notices to Contract and Lease Counterparties.**

25.     The Debtors are authorized to mail a notice of assumption of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected or assumed pursuant to the Plan, within the time periods specified in the Plan.

**III.    Approval of the Solicitation and Voting Procedures.**

26.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

| (Page \| 15) | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

27.     The Debtors are authorized to convert each Claim asserted in currency other than U.S. Dollars (including Digital Assets) to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

## IV.    Approval of Procedures for Confirming the Plan.

### A.    Approval of the Procedures for Filing Objections to Confirmation of the Plan.

28.     Objections to confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually** **received** on or before the Plan Objection Deadline by each of the notice parties identified in the ConfirmationCombined Hearing Notice.

(Page | 16)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

**B.      Approval of Consequences of Not Confirming or Consummating the Plan.**

29.     If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (i) the Plan will be null and void in all respects; (ii) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (iii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

**V.      Miscellaneous.**

30.     The Debtors are authorized to make changes to the Disclosure Statement, Plan, ~~Confirmation~~Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, UCC Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

31.    The Debtors' rights are reserved to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

32.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

33.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

34.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

35.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 18)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

38.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) and the Local Rules are satisfied by such notice.

39.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.