**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

In re:

BLOCKFI INC., *et al.*,

     Debtors.[1]

Order Filed on August 2, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**DATED: August 2, 2023**

                  Honorable Michael B. Kaplan
                  United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**ORDER (I) CONDITIONALLY APPROVING
THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING
THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING
THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH,
AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO**

The relief set forth on the following pages, numbered three (3) through seventeen (17), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Upon the *Debtors' Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Replying to Objections to the Disclosure Statement* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 363, 502, 1123(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006, and Local Rules 3018-1 and 9013-1 (i) conditionally approving the adequacy of the Disclosure Statement; (ii) approving the Solicitation and Voting Procedures; (iii) approving the Non-Voting Status Notices; (iv) approving the Ballots; (v) approving the manner and form of the Solicitation Packages and the materials contained therein; (vi) approving the Cover Letter; (vii) approving the UCC Letter; (viii) approving the Instruction Letter; (ix) approving the Combined Hearing Notice; (x) approving the Publication Notice; (xi) approving the Plan Supplement Notice; (xii) approving the Assumption Notice; and (xiii) scheduling the dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey,*

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

Debtors:            BLOCKFI INC., *et al.*

Case No.            22-19361 (MBK)

Caption of Order:   ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF
                    THE DISCLOSURE STATEMENT, (II) APPROVING THE
                    SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE
                    FORMS OF BALLOTS AND NOTICES IN CONNECTION
                    THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH
                    RESPECT THERETO

entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

Court having found that the Debtors' notice of the Motion was appropriate under the circumstances

and no other notice need be provided; and this Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before this Court

(the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had before

the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY**

**ORDERED THAT**:

      1.    The Motion is **GRANTED** as set forth herein.

**I.**    **Approval of the Disclosure Statement.**

      2.    The Disclosure Statement is hereby conditionally approved as providing Holders

of Claims entitled to vote on the Plan with adequate information to make an informed decision as

to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the

Bankruptcy Code.

      3.    The Disclosure Statement (including all applicable exhibits attached thereto)

provides Holders of Claims and Interests, and other parties-in-interest with sufficient notice of the

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction

of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

## II.    Approval of the Materials and Timeline for Soliciting Votes.

### A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.

4.    The Confirmation Timeline is hereby approved (subject to modification as

necessary):

a.    ***Voting Record Date.*** **July 26, 2023** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, opt out of the Third-Party Release, and receive Solicitation Packages in connection therewith, (ii) which Holders of Claims and Interests in the Non-Voting Classes are entitled to opt out of the Third-Party Release, and (iii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim;

b.    ***Publication Deadline.*** **Five (5) business days following entry of the Order** (or as soon as reasonably practicable thereafter) as the last date by which the Debtors will submit the Combined Hearing Notice in a format modified for publication;

c.    ***Solicitation Deadline.*** **Ten (10) days following entry of the Order** (or as soon as reasonably practicable thereafter) as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan;

d.    ***Plan Supplement Filing Deadline.*** **No later than seven (7) days prior to the Voting Deadline** as the date by which the Debtors shall file the Plan Supplement;

e.    ***Confirmation Objection Deadline.*** **September 11, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which objections to confirmation of the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties;

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

f.   ***Voting Deadline.*  September 11, 2023 at 4:00 p.m. prevailing Eastern Time** as the deadline by which **all** Ballots and opt out forms (the "Opt Out Forms") must be properly executed, completed, and electronically submitted to https://restructuring.ra.kroll.com/BlockFi/EBallot-Home so that they are **actually received** by the Claims, Noticing, and Solicitation Agent;

g.   ***Confirmation Brief and Plan Objection Reply Deadline.*  September 25, 2023 at 5:00 p.m. prevailing Eastern Time** as the deadline by which the Debtors shall file their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court;

h.   ***Deadline to File Voting Report.*  September 25, 2023 at 5:00 p.m. prevailing Eastern Time** as the date by which the Voting Report shall be filed with the Court; and

i.   ***Combined Hearing Date.*  September 26, 2023 at 1:00 p.m. prevailing Eastern Time**, or such other date as may be scheduled by the Court, as the date of the hearing at which the Court will consider confirmation of the Plan and approval of the Disclosure Statement on a final basis.

5.     The Solicitation Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan. The Debtors may adjourn the Combined Hearing Date and any related dates and deadlines from time to time, without notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**B.     Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.     The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

a. the applicable form of Ballot, substantially in the form of the Ballots attached hereto as **Exhibits 3A–3I**, together with a unique E-Ballot ID, detailed voting instructions, and instructions on how to submit the Ballot;

b. the Cover Letter, substantially in the form attached hereto as **Exhibit 4**;

c. the UCC Letter, substantially in the form attached hereto as **Exhibit 9**;

d. the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

e. the Disclosure Statement (and exhibits thereto, including the Plan);

f. this Order (without exhibits);

g. the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**; and

h. any additional documents that the Court has ordered to be made available.

7.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.    Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.    The Debtors are authorized to cause the Solicitation Packages to be distributed in electronic format by e-mail, as applicable, through the Claims, Noticing, and Solicitation Agent to Holders of Claims in the Voting Classes.

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

10.    The form of letter (the "Instruction Letter") detailing how Holders of Claims entitled to vote to accept or reject the Plan may access electronic versions or request hard copies of each of the Solicitation Packages and a Ballot, substantially in the formed attached hereto as **Exhibit 5**, is approved.

11.    The Debtors are authorized to cause the Combined Hearing Notice and Non-Voting Status Notices to be distributed in electronic format by e-mail through the Claims, Noticing, and Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

12.    The Debtors are authorized to cause the Combined Hearing Notice, the Instruction Letter, and/or a Non-Voting Status Notice to be mailed through the Claims, Noticing, and Solicitation Agent to a Holder of a Claim or Interest, as applicable, to the extent the Debtors' records as of the date of the filing of the Motion does not contain such Holder's e-mail address.

13.    The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to confirmation of the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, as the Debtors and/or the Claims,

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Noticing, and Solicitation Agent deem necessary and applicable; *provided that* neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification.

14.     On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete a Solicitation Package in paper format (other than Ballots) to the U.S. Trustee and distribute all other Solicitation Packages in electronic format by e-mail to all other parties on the 2002 List as of the Voting Record Date.

15.     For purposes of serving the Solicitation Packages, Non-Voting Status Notices, and the Combined Hearing Notice, the Claims, Noticing, and Solicitation Agent is authorized to rely on the address information maintained by the Debtors and provided to the Claims, Noticing, and Solicitation Agent as of the Voting Record Date.

16.     The Claims, Noticing, and Solicitation Agent is authorized to accept Ballots via electronic online transmissions through an online balloting portal maintained by the Claims, Noticing, and Solicitation Agent on the Debtors' case website (the "E-Ballot"). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. E-Ballots shall be the sole method by which a creditor may submit a Ballot. Ballots submitted by mail, hand delivery, overnight courier, e-mail, facsimile, or other electronic means shall be deemed invalid.

(Page | 10)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

17. Neither the Debtors nor the Claims, Noticing, and Solicitation Agent are required to take any action to cure a deficiency associated with a submitted Ballot.

18. All votes to accept or reject the Plan must be cast by using the appropriate E-Ballot. Based on the facts and circumstances of these cases, the US Trustee does not object to the sole use of E-Ballots. All E-Ballots must be properly executed, completed, and submitted according to their applicable voting instructions so that the Ballots are **actually** **received** by the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline.

19. Any Holder that files a request for a hard copy Ballot with the Clerk of Bankruptcy Court at least one calendar week prior to the Voting Deadline will be provided such Ballot and instructions for submission.

20. The Debtors and their Claims, Noticing, and Solicitation Agent, as may be applicable, are hereby authorized to publish, distribute, or otherwise issue communication materials that are consistent with the approved Solicitation Package (the "Communications Materials") via press release, in-app messages (including banner messages and dismissible pop-up messages), email distribution, their official website (including Frequently Asked Questions), and on their regular social media feeds, including X (f/k/a Twitter) (collectively, the "Communication Channels"). Such communications materials may contain language that explicitly (a) encourages creditors in the Voting Classes to review the Plan, Disclosure Statement, this Order, and other materials contained in the Solicitation Package and (b) urges creditors in the Voting Classes to vote to accept the Plan. The Debtors and their Claims, Noticing, and Solicitation Agent, as may

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

be applicable, may also publish, distribute, or otherwise issue communications materials via the Communication Channels that include explicit reminders about the approved Confirmation Timeline, including the Voting Deadline.

**C.** **Approval of the Combined Hearing Notice.**

21.    The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, filed by the Debtors and served upon parties-in-interest in these Chapter 11 Cases on or before the Solicitation Deadline constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

22.    The Debtors shall publish the Combined Hearing Notice (in a format modified for publication) one time in the *New York Times* (National Edition), the *Royal Gazette*, and the *Financial Times* (International Edition), on or as soon as reasonably practicable after the Publication Deadline.

**D.** **Approval of Notice of Filing of the Plan Supplement.**

23.    The Debtors are authorized to distribute in electronic format by e-mail the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

(Page | 12)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

**E.      Approval of the Form of Notices to Non-Voting Classes.**

24.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Claims, Noticing, and Solicitation Agent shall distribute in electronic format by e-mail a Non-Voting Status Notice in lieu of Solicitation

(Page | 13)

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Packages, the form of each of which is hereby approved, to those parties, outlined below, who are

not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1, Class 2, and Class 4-f | Unimpaired—Presumed to Accept | Will receive copies of the Disclosure Statement, the Conditional Disclosure Statement Order, the Plan, and the notice, substantially in the form attached to the Order as <u>Exhibit 2A</u>, in lieu of a Solicitation Package. |
| Class 4-d, Class 4-e, Class 4-g, Class 4-h, Class 4-i, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 13, Class 14, and Class 15 | Impaired—Deemed to Reject | Will receive copies of the Disclosure Statement, the Conditional Disclosure Statement Order, the Plan, and the notice, substantially in the form attached to the Order as <u>Exhibit 2B</u>, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims or Interests will receive copies of the Disclosure Statement, the Conditional Disclosure Statement Order, the Plan, and the notice, substantially in the form attached to the Order as <u>Exhibit 2C</u>. |

25.    The Debtors are not required to distribute Solicitation Packages, other solicitation

materials, or a Non-Voting Status Notice to:  (i) Holders of Claims that have already been paid in

full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course

of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of

the Motion was sent but was subsequently returned as undeliverable without a forwarding address

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).  Further, the Debtors are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or other undeliverable solicitation-related notices.

**F.      Approval of Notices to Contract and Lease Counterparties.**

26.     The Debtors are authorized to mail a notice of assumption of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods specified in the Plan.

**III.     Approval of the Solicitation and Voting Procedures.**

27.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

28.     The Debtors are authorized to convert each Claim asserted in currency other than U.S. Dollars (including Digital Assets) to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

## IV.     Approval of Procedures for Confirming the Plan.

### A.     Approval of the Procedures for Filing Objections to Confirmation of the Plan.

29.     Objections to confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order.   Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:   (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline by each of the notice parties identified in the Combined Hearing Notice.

### B.     Approval of Consequences of Not Confirming or Consummating the Plan.

30.     If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:   (i) the Plan will be null and void in all respects; (ii) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (iii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any

(Page | 16)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

Debtor or any other Entity, or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

## V.    Miscellaneous.

31.    The Debtors are authorized to make changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, UCC Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

32.    The Debtors' rights are reserved to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

33.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

34.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO |

35.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

36.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

37.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

38.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

39.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

40.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

**Exhibit 1**

**Solicitation and Voting Procedures**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

<div align="center">

**SOLICITATION AND VOTING PROCEDURES**

</div>

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Conditional Disclosure Statement Order, as applicable.

to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**A.    The Voting Record Date.**

The Bankruptcy Court has approved **July 26, 2023** as the record date for purposes of determining which Holders of Claims in Classes 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each a "Voting Class" and collectively, the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

**B.    The Voting Deadline.**

The Bankruptcy Court has approved **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "Voting Deadline"). The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court. To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and electronically submitted through the Debtors' online balloting portal at https://restructuring.ra.kroll.com/blockfi/EBallot-Home pursuant to the instructions set forth on the applicable Ballot so that they are **actually received** by Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") no later than the Voting Deadline.

**The online balloting portal is the sole manner in which Ballots will be accepted. Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**C.    Form, Content, and Manner of Notices.**

1.    The Solicitation Package.

The following materials constitute the solicitation package (the "Solicitation Package") distributed to Holders of Claims in the Voting Classes:

a.    the applicable form of electronic Ballot with a unique E-Ballot ID, a release opt out form, detailed voting instructions, and instructions on how to submit the Ballot;

b.    the cover letter, which urges Holders of Claims in each of the Voting Classes to vote to accept the Plan (the "Cover Letter");

c.    the solicitation letter from the Committee, which recommends that Holders of Claims in each of the Voting Classes vote to accept the Plan (the "UCC Letter");

d.    these Solicitation and Voting Procedures;

e.    the Disclosure Statement (and exhibits thereto, including the Plan);

f.    the Conditional Disclosure Statement Order (without exhibits);

g.    the notice of the Combined Hearing (the "Combined Hearing Notice"); and

h.    any additional documents that the Bankruptcy Court has ordered to be made available.

2.    Distribution of the Solicitation Package.

The Debtors shall serve, or cause to be served, electronic copies of the Solicitation Package to Holders of Claims in the Voting Classes. In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Conditional Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://restructuring.ra.kroll.com/blockfi, *provided* that any party that would

2

prefer paper format may contact the Claims, Noticing, and Solicitation Agent by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.  In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes within ten (10) days following entry of the Conditional Disclosure Statement Order (or as soon as reasonably practicable thereafter) who are entitled to vote, as described in Section D.1. below.  The Debtors will not distribute Solicitation Packages or other solicitation materials to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 11 (Intercompany Claims) or Class 12 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.    Resolution of Disputed Claims for Voting Purposes; Resolution Event.

a.    Subject to paragraph D.1.a herein, if a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to seven days before the Voting Deadline:  (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as Exhibit 2C to the Conditional Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

b.    If a Claim in a Voting Class is subject to an objection that is filed with the Bankruptcy Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

c.    A "Resolution Event" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

i.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

ii.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

iv.    the pending objection is voluntarily withdrawn by the objecting party.

d.    No later than two business days (or within a week of the Voting Deadline, one business day) following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute a Solicitation Package to the relevant Holder via email.

4.   Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.

a.   Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive copies of the Disclosure Statement, Conditional Disclosure Statement Order, the Plan, and the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Exhibit 2A to the Conditional Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.

b.   Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive copies of the Disclosure Statement, Conditional Disclosure Statement Order, the Plan, and the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as Exhibit 2B to the Conditional Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (*excluding* Ballots).

c.   Certain Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claims unless a Resolution Event occurs and will receive copies of the Disclosure Statement, Conditional Disclosure Statement Order, the Plan, and the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as Exhibit 2C to the Conditional Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain paper copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third-Party Release.

5.   Notices in Respect of Executory Contracts and Unexpired Leases.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts* substantially in the form attached as Exhibit 8 to the Conditional Disclosure Statement Order may file an objection to the Debtors' proposed assumption or cure amount, as applicable. Such objections must: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

| Debtors | |
|---|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike; Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

4

| Counsel for the Committee |
| :---: |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |
| *United States Trustee* |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie |

**D.      Voting and Tabulation Procedures.**

1.      <u>Holders of Claims Entitled to Vote.</u>

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Bankruptcy Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Bankruptcy Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that Holders of Claims that are subject to a pending objection on a "reclassify and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim at the applicable Debtor contained in such objection absent a further order of the Bankruptcy Court;

b.      Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in D.2. of these Solicitation and Voting Procedures;

c.      Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018, *provided*, *that*, to the extent the Bankruptcy Court determines that Holders of Class 5 (FTX Facility Claims), Class 6 (FTX Avoidable Transfer Claims), Class 7 (Alameda Claims), Class 8 (3AC Claims), or Class 9 (Government Penalty Claims) should be allowed to vote on the Plan, Ballots cast by such Holders will count in the amount of $1.00;

e.      Holders who filed a Proof of Claim for $0.00 or zero (0) Digital Assets, as applicable, are not entitled to vote; and

5

f.      with respect to any Entity described in subparagraphs (a) through (e) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.    <u>Establishing Claim Amounts for Voting Purposes.</u>

**Filed and Scheduled Claims.** The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.      the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims, Noticing, and Solicitation Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph a above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars (including Digital Assets) shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim), *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Bankruptcy Court or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

f.      Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3.    <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.      each Claim asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date.  Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

b.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing, and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

c.      the Claims, Noticing, and Solicitation Agent will date-stamp all Ballots when received;

d.      the Claims, Noticing, and Solicitation Agent shall retain copies of Ballots and all solicitation-related correspondence for two years following the closing of the Chapter 11 Cases, whereupon the Claims, Noticing, and Solicitation Agent is authorized to destroy and/or otherwise dispose of:  (a) all copies of Ballots; (b) printed solicitation materials including unused copies of the Solicitation Package; and (c) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Bankruptcy Court in writing within such two year period;

e.      the Debtors will file the Voting Report by no later than three (3) days prior to the Combined Hearing.  The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "<u>Irregular Ballot</u>"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged.  The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots.  Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

f.      the online balloting portal (available at <u>https://restructuring.ra.kroll.com/blockfi/EBallot-Home</u>) is the sole manner in which Ballots may be delivered to the Claims, Noticing, and Solicitation Agent.  Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by

facsimile, hard copy, hand delivery, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

g.      except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing, and Solicitation Agent actually receives the executed Ballot;

h.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

i.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

k.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

l.      the Debtors, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

m.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification *provided*, that the Debtors will share the underlying data regarding defective ballots with the U.S. Trustee and the Committee.  The Committee will have consultation rights regarding the treatment of Irregular Ballots that include elections to opt out of the Third-Party Release;

n.      unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that a valid opt out election on an otherwise defective or irregular Ballot submitted prior to the Voting Deadline shall be honored as a valid opt out election;

o.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

p.      subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all ballots not in proper form (including those submitted in paper format or other electronic means other than through the Debtors' online ballot portal), the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

q.   if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution, *provided*, *that*, to the extent the Bankruptcy Court determines that Holders of Class 5 (FTX Facility Claims), Class 6 (FTX Avoidable Transfer Claims), Class 7 (Alameda Claims), Class 8 (3AC Claims), or Class 9 (Government Penalty Claims) should be allowed to vote on the Plan, Ballots cast by such Holders will count in the amount of $1.00;

r.   if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

s.   subject to paragraph (n) above, the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:   (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot delivered or otherwise submitted in hard copy format, transmitted by facsimile, email, or other electronic means not specifically approved pursuant to the Conditional Disclosure Statement Order; (vii) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims, Noticing, and Solicitation Agent); and (viii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

t.   after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Bankruptcy Court; and

u.   the Debtors, in consultation with the Committee, are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.  The Debtors shall provide notice to the U.S. Trustee upon entering into any such stipulations.

**E.    Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, UCC Letter, Instruction Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, and any related documents without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any materials in the Solicitation Packages before distribution.

*       *       *       *       *

**Exhibit 2A**

**Unimpaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

the Supplemental Commentary upon the following parties so as to be **actually** **received** on or before the Confirmation Objection Deadline:

| Debtors |
|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 |

| Counsel for the Debtors | Counsel for the Debtors |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

| Counsel for the Committee |
|---|
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |

| United States Trustee |
|---|
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie |

  PLEASE TAKE FURTHER NOTICE THAT electronic copies of the Disclosure Statement, the Conditional Disclosure Statement Order, and the Plan have been included with the distribution of this notice.  If you would like to obtain paper copies of the Disclosure Statement, the Conditional Disclosure Statement Order, or the Plan, or copies of the Plan Supplement and other related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE THAT ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL NOT RECEIVE A RELEASE FROM THE DEBTORS AND THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated:  [●], 2023                              /s/ DRAFT
                                              _____

                                              **COLE SCHOTZ P.C.**
                                              Michael D. Sirota, Esq. (NJ Bar No. 014321986)
                                              Warren A. Usatine, Esq. (NJ Bar No. 025881995)
                                              Court Plaza North, 25 Main Street
                                              Hackensack, New Jersey 07601
                                              (201) 489-3000
                                              msirota@coleschotz.com
                                              wusatine@coleschotz.com

                                              **KIRKLAND & ELLIS LLP**
                                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                              Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                                              Christine A. Okike, P.C. (admitted *pro hac vice*)
                                              601 Lexington Avenue
                                              New York, New York 10022
                                              (212) 446-4800
                                              jsussberg@kirkland.com
                                              christine.okike@kirkland.com

                                              **HAYNES AND BOONE, LLP**
                                              Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
                                              Kenric D. Kattner, Esq. (admitted *pro hac vice*)
                                              30 Rockefeller Plaza, 26th Floor
                                              New York, New York 10112
                                              (212) 659-7300
                                              richard.kanowitz@haynesboone.com
                                              kenric.kattner@haynesboone.com

                                              *Attorneys for Debtors and*
                                              *Debtors in Possession*

## **Attachment A**

**Release Opt Out Form**

## OPTIONAL:  RELEASE OPT OUT FORM

*IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION*, **PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT *PROMPTLY* BY THE METHOD BELOW.**

<div style="border:1px solid">

By electronic, online submission:

To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**

 Unique E-Opt Out ID#:  _____

The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

</div>

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

You are receiving this opt out form (the "Opt Out Form") because you are or may be a holder of a Claim that is not entitled to vote on the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court <u>on or before</u> September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in <u>Article VIII.B</u> of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "<u>Claims, Noticing, and Solicitation Agent</u>") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "<u>Ballot Portal</u>") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home. The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.

**<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release")</u>:**

 **EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH**

IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE

JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN ARTICLE VIII.B OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*       \*       \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**Important information regarding the Third-Party Release:**

YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN ONLY IF YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

**<u>OPTIONAL RELEASE ELECTION</u>.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>IF</u> YOU CHECK THE BOX BELOW:**

---

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

---

**<u>Certifications.</u>**

By signing this Opt Out Form, the undersigned certifies:

(a)  that, as of the Voting Record Date, either:  (i) the undersigned is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

(b)  that the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c)  that the undersigned has submitted the Opt Out Form with respect to all of its Claims; and

(d)  that no other Opt Out Form with respect to these Claims has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

If your address or contact information has changed, please note the new information here.

**<u>Exhibit 2B</u>**

**Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically (i) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

1

the Supplemental Commentary upon the following parties so as to be **actually** **received** on or before the Confirmation Objection Deadline:

| *Debtors* | |
|---|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie | |

   **PLEASE TAKE FURTHER NOTICE THAT** electronic copies of the Disclosure Statement, the Conditional Disclosure Statement Order, and the Plan have been included with the distribution of this notice.  If you would like to obtain paper copies of the Disclosure Statement, the Conditional Disclosure Statement Order, or the Plan, or copies of the Plan Supplement and other related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

<div style="border:1px solid black; padding:8px;">

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

</div>

Dated: [●], 2023

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**<u>Exhibit 2C</u>**

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

---

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [●]] (the "<u>Conditional Disclosure Statement Order</u>") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two business days before the Voting Deadline** (each, a "<u>Resolution Event</u>"):

1.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.    the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "<u>Combined Hearing</u>") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** electronic copies of the Disclosure Statement, the Conditional Disclosure Statement Order, and the Plan have been included with the distribution of this notice.  If you would like to obtain paper copies of the Disclosure Statement, the Conditional Disclosure Statement Order, or the Plan, or copies of the Plan Supplement and other related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business days (or one business day if such Resolution Event occurs within one week of the Voting Deadline) thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a ballot via email to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**PLEASE TAKE FURTHER NOTICE THAT ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL NOT RECEIVE A RELEASE FROM THE DEBTORS AND THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: [●], 2023

/s/ DRAFT
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**<u>Attachment A</u>**

**Release Opt Out Form**

## OPTIONAL:  RELEASE OPT OUT FORM

*IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION*, **PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT** *PROMPTLY* **BY THE METHOD BELOW.**

> By electronic, online submission:
>
> To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.
>
> **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**
>
> Unique E-Opt Out ID#:  _____
>
> The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

> **THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

You are receiving this opt out form (the "Opt Out Form") because you are the holder of a disputed Claim that is not entitled to vote on the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court** on or before **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT OUT FORM CAREFULLY BEFORE COMPLETING THIS OPT OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in Article VIII.B of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "Ballot Portal") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home.  The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.

Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR

2

WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.   THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*     \*     \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

<u>Important information regarding the Third-Party Release:</u>

3

YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>ONLY IF</u> YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

<u>**OPTIONAL RELEASE ELECTION**</u>**.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN <u>IF</u> YOU CHECK THE BOX BELOW:**

---

☐  **By checking this box, you elect to opt <u>OUT</u> of the Third-Party Release**

---

<u>**Certifications.**</u>

By signing this Opt Out Form, the undersigned certifies:

(a)  that, as of the Voting Record Date, either:  (i) the undersigned is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

(b)  that the Holder has received a copy of the *Notice of Non-Voting Status With Respect to Disputed Claims* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c)  that the undersigned has submitted the Opt Out Form with respect to all of its Claims; and

(d)  that no other Opt Out Form with respect to these Claims has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

If your address or contact information has changed, please note the new information here.

**<u>Exhibit 3A</u>**

**Form of Ballot for Holders of
BlockFi Lending LLC Private Client Account Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-A BLOCKFI LENDING LLC PRIVATE CLIENT ACCOUNT CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

---

<u>PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT</u>
<u>*PROMPTLY* BY THE METHOD BELOW.</u>

---

<u>By electronic, online submission:</u>

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:**

   **Unique E-Ballot ID#: _____**

<u>The online Ballot Portal is the sole manner in which Ballots will be accepted. Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).</u>

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC Private Client Account Claim as of **July 26, 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC Private Client Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON September 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**Item 1.    Amount of Class 3-a BlockFi Lending LLC Private Client Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-a BlockFi Lending LLC Private Client Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims: $_____ |
|---|

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi Lending LLC Private Client Account Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement

and release of and in exchange for each Allowed BlockFi Lending LLC Private Account Claim, each such Holder shall receive:

(i) an Allowed Convenience Claim either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii) with respect to an Allowed BlockFi Lending LLC Private Client Account Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of:

A. the Cash Allocation for Holders of Claims at BlockFi Lending LLC; or

B. the Digital Assets Allocation for Holders of Claims at BlockFi Lending LLC; and

C. any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC Private Client Account Claims;

*provided* that Holders of BlockFi Lending LLC Private Client Account Claims that are not Allowed Convenience Claims, either by amount or election, shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Lending LLC Private Client Account Claims that are not Allowed Convenience Claims, either by amount or election, shall be *pari passu* with Holders of Claims in Class 3-b (BlockFi Lending LLC Loan Collateral Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims). For the avoidance of doubt, Holders of Claims in Class 3-b that are not Allowed Convenience Claims, either by amount or election, shall only be treated *pari passu* with Holders of Allowed BlockFi Lending LLC Private Client Account Claims in this Class 3-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-b Claim.

<u>**Item 3.**</u>    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

☐ <u>**ACCEPT**</u> (vote FOR) the Plan          ☐ <u>**REJECT**</u> (vote AGAINST) the Plan

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

<u>**Item 4.**</u>    **Optional Convenience Claim Election.**

Holders of Class 3-a BlockFi Lending LLC Private Client Account Claims whose Claims ***exceed*** the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>"). Holders of Class 3-a BlockFi Lending LLC Private Client Account Claims that would like to make the **optional** Convenience Claim Election and reduce their Class 3-a BlockFi Lending LLC Private Client Account Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

final satisfaction of your Class 3-a BlockFi Lending LLC Private Client Account Claim(s). Holders of Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN.  IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐   **ACCEPTS** the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with **<u>Item 3</u>** above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in **<u>Item 1</u>**.

*[Remainder of page intentionally left blank; continued next page.]*

4

<u>Item 5</u>.    **Important information regarding the Third-Party Release.**

<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.   THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN ARTICLE VIII.B OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*       \*       \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

6

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors in Item 1 elects to:

---

☐ **<u>OPT OUT</u> of the Third-Party Release**

---

<u>**Item 6**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 3-a BlockFi Lending LLC Private Client Account Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3-a BlockFi Lending LLC Private Client Account Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3-a BlockFi Lending LLC Private Client Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-a BlockFi Lending LLC Private Client Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

<u>**INSTRUCTIONS FOR COMPLETING THIS BALLOT**</u>

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC Private Client Account Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. **Optional Convenience Claim Election.**  In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan.  **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you <u>MUST</u> deliver your completed Ballot so that it is <u>**ACTUALLY RECEIVED**</u> by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is <u>**September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**</u>.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi Lending LLC Private Client Account Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-a, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-a for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center"><u>**PLEASE RETURN YOUR BALLOT PROMPTLY**</u></div>

<u>**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION**</u>

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

> **THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **Exhibit 3B**

**Form of Ballot for Holders of
BlockFi Lending LLC Loan Collateral Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-B BLOCKFI LENDING LLC LOAN COLLATERAL CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT**
***PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

   **Unique E-Ballot ID#:** _____

The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC Loan Collateral Claim as of **July 26, 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC Loan Collateral Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.    **Amount of Class 3-b BlockFi Lending LLC Loan Collateral Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-b BlockFi Lending LLC Loan Collateral Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims: $_____ |
|---|

<u>Item 2</u>.    **Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi Lending LLC Loan Collateral Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi Lending LLC Loan Collateral Claim, each such Holder shall

be subject to the Set Off Treatment.[2] After application of the Set Off Treatment, Holders of Allowed BlockFi Lending LLC Loan Collateral Claims will receive on account of any remaining Claims (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table):

(i)  an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) in an amount not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii)  with respect to an Allowed BlockFi Lending LLC Loan Collateral Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of (a) either (i) the Digital Assets Allocation or (ii) the Cash Allocation for Holders of Claims at BlockFi Lending LLC in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, _and_ (b) any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims;

_provided_ that Holders of BlockFi Lending LLC Loan Collateral Claims that are not Allowed Convenience Claims, either by amount or election, shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date; _provided further_ that any Distribution made to Holders of Allowed BlockFi Lending LLC Loan Collateral Claims that are not Allowed Convenience Claims, either by amount or election, shall be _pari passu_ with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 4-a (BlockFi Lending LLC General Unsecured Claims).

**Item 3.**    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

☐  **ACCEPT** (vote FOR) the Plan          ☐  **REJECT** (vote AGAINST) the Plan

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

**Item 4.**    **Optional Convenience Claim Election.**

Holders of Class 3-b BlockFi Lending LLC Loan Collateral Claims whose Claims **_exceed_** the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (_i.e._, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>"). Holders of Class 3-b BlockFi Lending LLC Loan Collateral Claims that would like to make the **<u>optional</u>** Convenience Claim Election and reduce their Class 3-b BlockFi Lending LLC Loan Collateral Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 3-b BlockFi Lending LLC Loan Collateral Claim(s). Holders of Allowed Convenience

---

[2]  "_Set Off Treatment_" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN. IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐   <u>**ACCEPTS**</u> the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with <u>**Item 3**</u> above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in <u>**Item 1**</u>.

*[Remainder of page intentionally left blank; continued next page.]*

4

**Item 5.**  **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC*., 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN ARTICLE VIII.B OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*        \*        \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN. THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN. THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

> ☐ **OPT <u>OUT</u> of the Third-Party Release**

<u>Item 6</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of the Class 3-b BlockFi Lending LLC Loan Collateral Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Class 3-b BlockFi Lending LLC Loan Collateral Claims in connection with the Plan; and

4.  (a) no other Ballot with respect to the same Class 3-b BlockFi Lending LLC Loan Collateral Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-b BlockFi Lending LLC Loan Collateral Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

---

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC Loan Collateral Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **Use of Online Ballot Portal**.    To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. **Optional Convenience Claim Election.** In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan. **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi Lending LLC Loan Collateral Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 3-b, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-b for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. SIGN AND DATE your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

### PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**<u>Exhibit 3C</u>**

**Form of Ballot for Holders of
BlockFi International Ltd. Private Client and Interest Account Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-C BLOCKFI INTERNATIONAL LTD.**
**PRIVATE CLIENT AND INTEREST ACCOUNT CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT *PROMPTLY* BY THE METHOD BELOW.**

---

<u>By electronic, online submission:</u>

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

   Unique E-Ballot ID#: _____

<u>The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).</u>

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. Private Client and Interest Account Claim as of July 26, 2023 (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. Private Client and Interest Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1.    **Amount of Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims: $_____

Item 2.    **Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi International Ltd. Private Client and Interest Account Claim agrees to a less favorable treatment of its Allowed Claim, in full and final

satisfaction, settlement, and release of and in exchange for each Allowed BlockFi International Ltd. Private Client and Interest Account Claim, each such Holder shall receive:

(i)   an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii)  with respect to an Allowed BlockFi International Ltd. Private Client and Interest Account Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of:

A.   the Cash Allocation for Holders of Claims at BlockFi International Ltd.; or

B.   the Digital Assets Allocation for Holders of Claims at BlockFi International Ltd.; and

C.   any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. Private Client and Interest Account Claim;

*provided* that Holders of BlockFi International Ltd. Private Client and Interest Account Claims that are not Allowed Convenience Claims, either by amount or election, shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims that are not Allowed Convenience Claims, either by amount or election, shall be *pari passu* with Holders of Claims in Class 3-d (BlockFi International Ltd. Loan Collateral Claims) and Class 4-b (BlockFi International Ltd. General Unsecured Claims).  For the avoidance of doubt, Holders of Claims in Class 3-d that are not Allowed Convenience Claims, either by amount or election, shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. Private Client and Interest Account Claims in this Class 3-c to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-d Claim.

<u>Item 3</u>.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐  **<u>ACCEPT</u>** (vote FOR) the Plan | ☐  **<u>REJECT</u>** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

<u>Item 4</u>.    **Optional Convenience Claim Election.**

Holders of Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims whose Claims *exceed* the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>").  Holders of Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims that would like to make the **optional**

---

[2]   "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

Convenience Claim Election and reduce their Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "Convenience Claim Recovery").  The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim(s).  Holders of Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN.  IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐   **<u>ACCEPTS</u>** the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with **<u>Item 3</u>** above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in **<u>Item 1</u>**.

*[Remainder of page intentionally left blank; continued next page.]*

<u>Item 5.</u>    **Important information regarding the Third-Party Release.**

<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.   THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC*., 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

*       *       *

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

> ☐ **<u>OPT OUT</u> of the Third-Party Release**

<u>Item 6</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.   the undersigned is (a) the Holder of the Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Class 3-c BlockFi International Ltd. Private Client and Interest Account Claims in connection with the Plan; and

4.   (a) no other Ballot with respect to the same Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-c BlockFi International Ltd. Private Client and Interest Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. Private Client and Interest Account Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **<u>Use of Online Ballot Portal</u>**.   To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

7. **Optional Convenience Claim Election.** In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan. **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi International Ltd. Private Client and Interest Account Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 3-c, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-c for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. SIGN AND DATE your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**<u>Exhibit 3D</u>**

**Form of Ballot for Holders of
BlockFi International Ltd. Loan Collateral Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-D BLOCKFI INTERNATIONAL LTD. LOAN COLLATERAL CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT**
***PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

   **Unique E-Ballot ID#:** _____

The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third*

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. Loan Collateral Claim as of **July 26, 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. Loan Collateral Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**Item 1.    Amount of Class 3-d BlockFi International Ltd. Loan Collateral Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-d BlockFi International Ltd. Loan Collateral Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi International Ltd. Loan Collateral Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi International Ltd. Loan Collateral Claim, each such Holder

2

shall be subject to the Set Off Treatment.[2]  After application of the Set Off Treatment, Holders of Allowed BlockFi International Ltd. Loan Collateral Claims will receive on account of any remaining Claims (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table):

(i)   an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) in an amount not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii)   with respect to an Allowed BlockFi International Ltd. Loan Collateral Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of (a) either (i) the Digital Assets Allocation or (ii) the Cash Allocation for Holders of Claims at BlockFi International Ltd. in an amount (calculated in United States dollars as of the Petition Date pursuant to the Digital Assets Conversion Table) not to exceed (x) such Holder's Loan Collateral outstanding as of the Petition Date (calculated in United States dollars pursuant to the Digital Assets Conversion Table) less (y) such Holder's Loan Account Obligations, and (b) any Additional Bankruptcy Distributions in Cash for Holders of such Claims until payment in full of such Allowed Claims;

*provided* that Holders of BlockFi International Ltd. Loan Collateral Claims that are not Allowed Convenience Claims, either by amount or election, shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date; *provided further* that any Distribution made to Holders of BlockFi International Ltd. Loan Collateral Claims that are not Allowed Convenience Claims, either by amount or election, shall be pari passu with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 4-b (BlockFi International Ltd. General Unsecured Claims).

**Item 3.**   **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

☐  **ACCEPT** (vote FOR) the Plan          ☐  **REJECT** (vote AGAINST) the Plan

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

**Item 4.**   **Optional Convenience Claim Election.**

Holders of Class 3-d BlockFi International Ltd. Loan Collateral Claims whose Claims *exceed* the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>").  Holders of Class 3-d BlockFi International Ltd. Loan Collateral Claims that would like to make the **<u>optional</u>** Convenience Claim Election and

---

[2]   "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

reduce their Class 3-d BlockFi International Ltd. Loan Collateral Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "Convenience Claim Recovery"). The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 3-d BlockFi International Ltd. Loan Collateral Claim(s). Holders of Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO ACCEPT THE PLAN.  IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐    **ACCEPTS** the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with **Item 3** above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in **Item 1**.

*[Remainder of page intentionally left blank; continued next page.]*

4

**Item 5.**    **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC*., 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*        \*        \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

| |
|---|
| ☐  **<u>OPT OUT</u> of the Third-Party Release** |

<u>**Item 6**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 3-d BlockFi International Ltd. Loan Collateral Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3-d BlockFi International Ltd. Loan Collateral Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3-d BlockFi International Ltd. Loan Collateral Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-d BlockFi International Ltd. Loan Collateral Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. Loan Collateral Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal**.   To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. **Optional Convenience Claim Election.**  In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan.  **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi International Ltd. Loan Collateral Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-d, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-d for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT At BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## Exhibit 3E

**Form of Ballot for Holders of
BlockFi Inc. Interest Account Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-E BLOCKFI INC. INTEREST ACCOUNT CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING
DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit
your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your
customized Ballot:**

   **Unique E-Ballot ID#:** _____

The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other
electronic means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Inc. Interest Account Claim as of **July 26, 2023** (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Inc. Interest Account Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.    **Amount of Class 3-e BlockFi Inc. Interest Account Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 3-e BlockFi Inc. Interest Account Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims: $_____ |
| --- |

<u>Item 2</u>.    **Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi Inc. Interest Account Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi Inc. Interest Account Claim, each such Holder shall receive:

(i) an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery:

(ii) with respect of an Allowed BlockFi Inc. Interest Account Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of:

    A. the Cash Allocation for Holders of Claims at BlockFi Inc.; or

    B. the Digital Assets Allocation for Holders of Claims at BlockFi Inc.; and

    C. any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. Interest Account Claim;

*provided* that Holders of BlockFi Inc. Interest Account Claims that are not Allowed Convenience Claims, either by amount or election, shall receive the Digital Assets Allocation for any Distributions made during the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date and the Cash Allocation for any Distributions made following the expiration of the six (6) month period (or, such later period as may be reasonably determined by the Wind-Down Trustee) after the Effective Date; *provided further* that any Distribution made to Holders of Allowed BlockFi Inc. Interest Account Claims that are not Allowed Convenience Claims, either by amount or election, shall be *pari passu* with Holders of Claims in Class 4-c (BlockFi Inc. General Unsecured Claims).

<u>Item 3</u>.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

---

    ☐  **<u>ACCEPT</u>** (vote FOR) the Plan    ☐  **<u>REJECT</u>** (vote AGAINST) the Plan

---

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

<u>Item 4</u>.    **Optional Convenience Claim Election.**

Holders of Class 3-e BlockFi Inc. Interest Account Claims whose Claims *exceed* the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>"). Holders of Class 3-e BlockFi Inc. Interest Account Claims that would like to make the **<u>optional</u>** Convenience Claim Election and reduce their Class 3-e BlockFi Inc. Interest Account Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 3-e BlockFi Inc. Interest Account Claim(s). Holders of Allowed Convenience Claims

and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN.  IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐  <u>**ACCEPTS**</u> the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with <u>**Item 3**</u> above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in <u>**Item 1**</u>.

*[Remainder of page intentionally left blank; continued next page.]*

4

**Item 5.**   **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

5

CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.A OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN ARTICLE XI OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN ARTICLE VIII.B OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*      \*      \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

6

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN. THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN. THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

☐ **<u>OPT OUT</u> of the Third-Party Release**

<u>Item 6</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 3-e BlockFi Inc. Interest Account Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 3-e BlockFi Inc. Interest Account Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 3-e BlockFi Inc. Interest Account Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 3-e BlockFi Inc. Interest Account Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

7

Name of Holder: _____
(Print or Type)

Signature: _____

Name of Signatory: _____
(If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

8

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Inc. Interest Account Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7.  **<u>Optional Convenience Claim Election</u>.**  In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan.  **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY</u> <u>RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **<u>September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi Inc. Interest Account Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3-e, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3-e for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. SIGN AND DATE your Ballot.[2]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[2]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## **Exhibit 3F**

**Form of Ballot for Holders of
BlockFi Lending LLC General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-A BLOCKFI LENDING LLC GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

<u>PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT</u>
<u>*PROMPTLY* BY THE METHOD BELOW.</u>

---

<u>By electronic, online submission:</u>

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

   **Unique E-Ballot ID#:** _____

<u>The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).</u>

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Lending LLC General Unsecured Claim as of **July 26, 2023** (the "Voting Record Date").  **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Lending LLC General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**Item 1.    Amount of Class 4-a BlockFi Lending LLC General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-a BlockFi Lending LLC General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims:  $_____ |
| --- |

**Item 2.    Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi Lending LLC General Unsecured Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi Lending LLC General Unsecured Claim, each such Holder shall receive:

2

(i)  an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii)  with respect of an Allowed BlockFi Lending LLC General Unsecured Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of (a) the Cash Allocation for Holders of Claims at BlockFi Lending LLC and (b) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Lending LLC until payment in full of such Allowed BlockFi Lending LLC General Unsecured Claim; provided that any Distribution made to Holders of Allowed BlockFi Lending LLC General Unsecured Claims that are not Allowed Convenience Claims, either by amount or election, shall be pari passu with Holders of Claims in Class 3-a (BlockFi Lending LLC Private Client Account Claims) and Class 3-b (BlockFi Lending LLC Loan Collateral Claims).

For the avoidance of doubt, Holders of Claims in Class 3-b that are not Allowed Convenience Claims, either by amount or election, shall only be treated *pari passu* with Holders of Allowed BlockFi Lending LLC General Unsecured Claims in this Class 4-a to the extent any remaining amount of such Holder's Allowed Claims in Class 3-b, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-b Claim.

**Item 3**    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4.**    **Optional Convenience Claim Election.**

Holders of Class 4-a BlockFi Lending LLC General Unsecured Claims whose Claims ***exceed*** the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>").  Holders of Class 4-a BlockFi Lending LLC General Unsecured Claims that would like to make the **optional** Convenience Claim Election and reduce their Class 4-a BlockFi Lending LLC General Unsecured Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 4-a BlockFi Lending LLC General Unsecured Claim(s).  Holders of Allowed

---

[2]    "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN. IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

---

☐    <u>**ACCEPTS**</u> the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

---

In the event this election is inconsistent with <u>**Item 3**</u> above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in <u>**Item 1**</u>.

*[Remainder of page intentionally left blank; continued next page.]*

**Item 5.**    **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN **ARTICLE VIII.B** OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN **ARTICLE VIII.A** OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN **ARTICLE VIII.A** OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN **ARTICLE XI** OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN **ARTICLE VIII.B** OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*       \*       \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

---

☐ **<u>OPT OUT</u> of the Third-Party Release**

---

<u>Item 6</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of the Class 4-a BlockFi Lending LLC General Unsecured Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Class 4-a BlockFi Lending LLC General Unsecured Claims in connection with the Plan; and

4.  (a) no other Ballot with respect to the same Class 4-a BlockFi Lending LLC General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-a BlockFi Lending LLC General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of certain Holders of BlockFi Lending LLC General Unsecured Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **<u>Use of Online Ballot Portal</u>**. To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online**

**portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. **Optional Convenience Claim Election.** In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan. **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal. The Voting Deadline is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi Lending LLC General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 4-a, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-a for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. <u>SIGN AND DATE</u> your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**Exhibit 3G**

**Form of Ballot for Holders of
BlockFi International Ltd. General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-B BLOCKFI INTERNATIONAL LTD. GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
**MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE**
***ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT**
**BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT**
***PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

**Unique E-Ballot ID#:** _____

The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi International Ltd. General Unsecured Claim as of July 26, 2023 (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi International Ltd. General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1.    **Amount of Class 4-b BlockFi International Ltd. General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-b BlockFi International Ltd. General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims:  $_____ |
| --- |

Item 2.    **Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi International Ltd. General Unsecured Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi International Ltd. General Unsecured Claim, each such Holder shall receive:

(i)   an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii)   with respect of an Allowed BlockFi International Ltd. General Unsecured Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of (a) the Cash Allocation for Holders of Claims at BlockFi International Ltd. and (b) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi International Ltd. until payment in full of such Allowed BlockFi International Ltd. General Unsecured Claim; *provided* that any Distribution made to Holders of Allowed BlockFi International Ltd. General Unsecured Claims that are not Allowed Convenience Claims, either by amount or election, shall be *pari passu* with Holders of Claims in Class 3-c (BlockFi International Ltd. Private Client and Interest Account Claims) and Class 3-d (BlockFi International Ltd. Loan Collateral Claims).

For the avoidance of doubt, Holders of Claims in Class 3-d that are not Allowed Convenience Claims, either by amount or election, shall only be treated *pari passu* with Holders of Allowed BlockFi International Ltd. General Unsecured Claims in this Class 4-b to the extent any remaining amount of such Holder's Allowed Claims in Class 3-d, after the Set Off Treatment[2] is accounted for, is still owed to such Holder on account of its Class 3-d Claim.

**Item 3**.   **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

☐   **ACCEPT** (vote FOR) the Plan            ☐   **REJECT** (vote AGAINST) the Plan

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4**.   **Optional Convenience Claim Election.**

Holders of Class 4-b BlockFi International Ltd. General Unsecured Claims whose Claims ***exceed*** the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "<u>Convenience Claim Election</u>").  Holders of Class 4-b BlockFi International Ltd. General Unsecured Claims that would like to make the **optional** Convenience Claim Election and reduce their Class 4-b BlockFi International Ltd. General Unsecured Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 4-b BlockFi International Ltd. General Unsecured Claim(s).  Holders of Allowed

---

[2]   "*Set Off Treatment*" means, with respect to any Allowed BlockFi Lending LLC Loan Collateral Claims or Allowed BlockFi International Ltd. Loan Collateral Claims, such Claims will be set off or recouped against the applicable Loan Account Obligations outstanding on the Petition Date.

Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN. IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

> ☐    <u>**ACCEPTS**</u> the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**

In the event this election is inconsistent with <u>**Item 3**</u> above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in <u>**Item 1**</u>.

*[Remainder of page intentionally left blank; continued next page.]*

4

<u>Item 5.</u>    **Important information regarding the Third-Party Release.**

<u>Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):</u>

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN <u>ARTICLE VIII.B</u> OF THE PLAN IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

5

CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*    \*    \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN.  THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

---

☐ **<u>OPT OUT</u> of the Third-Party Release**

---

<u>**Item 6**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of the Class 4-b BlockFi International Ltd. General Unsecured Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Class 4-b BlockFi International Ltd. General Unsecured Claims in connection with the Plan; and

4.  (a) no other Ballot with respect to the same Class 4-b BlockFi International Ltd. General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-b BlockFi International Ltd. General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

7

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of certain Holders of BlockFi International Ltd. General Unsecured Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5. **Use of Online Ballot Portal.** To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "Ballot Portal") and follow the instructions to submit your Ballot. You will need to enter your unique Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted. **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**. Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7. **<u>Optional Convenience Claim Election.</u>** In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan. **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY</u> <u>RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **<u>September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12. You must vote all of your BlockFi International Ltd. General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 4-b, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-b for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<p align="center">**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**</p>

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION</u>**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **Exhibit 3H**

**Form of Ballot for Holders of
BlockFi Inc. General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4-C BLOCKFI INC. GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT *PROMPTLY* BY THE METHOD BELOW.**

---

By electronic, online submission:

To submit your Ballot via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Ballot:**

**Unique E-Ballot ID#:**  _____

The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of a BlockFi Inc. General Unsecured Claim as of July 26, 2023 (the "Voting Record Date"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of BlockFi Inc. General Unsecured Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/blockfi; or (ii) emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

Item 1. **Amount of Class 4-c BlockFi Inc. General Unsecured Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4-c BlockFi Inc. General Unsecured Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims: $_____ |
| --- |

Item 2. **Recovery.**

Pursuant to Article III of the Plan, except to the extent that a Holder of an Allowed BlockFi Inc. General Unsecured Claim agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed BlockFi Inc. General Unsecured Claim, each such Holder shall receive:

2

(i) an Allowed Convenience Claim, either by amount or election, which shall be classified as a Class 16 Convenience Claim, and pursuant to the Convenience Claim Election, the Convenience Claim Recovery; or

(ii) with respect of an Allowed BlockFi Inc. General Unsecured Claim that is not an Allowed Convenience Claim, either by amount or election, its Pro Rata share of (a) the Cash Allocation for Holders of Claims at BlockFi Inc. and (b) any Additional Bankruptcy Distributions in Cash for Holders of Claims at BlockFi Inc. until payment in full of such Allowed BlockFi Inc. General Unsecured Claim; provided that any Distribution made to Holders of Allowed BlockFi Inc. General Unsecured Claims that are not Allowed Convenience Claims, either by amount or election, shall be *pari passu* with Holders of Claims in Class 3-e (BlockFi Inc. Interest Account Claims).

**Item 3**.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

<div style="border:1px solid black;padding:10px;">
☐  <u>**ACCEPT**</u> (vote FOR) the Plan        ☐  <u>**REJECT**</u> (vote AGAINST) the Plan
</div>

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4**.    **Optional Convenience Claim Election.**

Holders of Class 4-c BlockFi Inc. General Unsecured Claims whose Claims *exceed* the Convenience Claim Threshold may irrevocably elect to have their Claims reduced to Convenience Claim Threshold (*i.e.*, $3,000) and treated as a Class 16 Convenience Claim (the "Convenience Claim Election"). Class 4-c BlockFi Inc. General Unsecured Claims that would like to make the **optional** Convenience Claim Election and reduce their Class 4-c BlockFi Inc. General Unsecured Claim(s) to the Convenience Claim Threshold should check the box below.

Holders of Convenience Claims are entitled to a one-time Cash payment of no greater than 50% of your Allowed Convenience Claim (the "Convenience Claim Recovery"). The Convenience Claim Recovery will be paid in full and final satisfaction of your Class 4-c BlockFi Inc. General Unsecured Claim(s). Holders of Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to Additional Bankruptcy Distributions, if any.

**CHECKING THE BOX BELOW CONSTITUTES A VOTE TO <u>ACCEPT</u> THE PLAN.  IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CONVENIENCE CLAIM AND YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

The Holder of the Claims against the Debtors set forth in Item 1, elects as follows:

<div style="border:1px solid black;padding:10px;">
☐  <u>**ACCEPTS**</u> the Convenience Claim Election and the reduction of their Claim to the Convenience Claim Threshold of $3,000 and **votes in favor of the Plan.**
</div>

In the event this election is inconsistent with **<u>Item 3</u>** above, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to vote to accept the Plan in the amount of $3,000 in Class 16 – Convenience Claims against the Debtor referenced in **<u>Item 1</u>**.

**Item 5.**    **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

CONTAINED IN **ARTICLE VIII.B** OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN **ARTICLE VIII.A** OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN **ARTICLE VIII.A** OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.    THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN **ARTICLE XI** OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC*., 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN **ARTICLE VIII.B** OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*        \*        \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

5

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN. THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN. THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

| |
|---|
| ☐ <u>**OPT OUT**</u> **of the Third-Party Release** |

<u>**Item 6**</u>.    **Certifications.**

By signing this Ballot the undersigned certifies that:

1.    the undersigned is (a) the Holder of the Class 4-c BlockFi Inc. General Unsecured Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Class 4-c BlockFi Inc. General Unsecured Claims in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Class 4-c BlockFi Inc. General Unsecured Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 4-c BlockFi Inc. General Unsecured Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of certain Holders of BlockFi Inc. General Unsecured Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7.  **<u>Optional Convenience Claim Election</u>.**  In the event you elect to reduce your Claim to the $3,000 Convenience Claim Threshold, your Claim will be treated as a Convenience Claim and the entire value of your Claim will be counted as a vote to accept the Plan.  **In the event that the Convenience Claim Election is inconsistent with your vote on the Plan, a valid acceptance of the Convenience Claim Election will control, and your Ballot will be deemed to be a $3,000 vote to accept the Plan in Class 16 – Convenience Claims against the Debtor referenced in Item 1 of your Ballot.**

8.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **<u>September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

10. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

11. If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

8

12. You must vote all of your BlockFi Inc. General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 4-c, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4-c for the purpose of counting votes.

13. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. SIGN AND DATE your Ballot.[2]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

16. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[2]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**<u>Exhibit 3I</u>**

**Form of Ballot for Holders of
Convenience Claims**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 16 CONVENIENCE CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT
BY SEPTEMBER 11, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING
DEADLINE</u>").**

---

<u>PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND SUBMIT
*PROMPTLY* BY THE METHOD BELOW.</u>

---

<u>By electronic, online submission:</u>

To submit your Ballot via the online Ballot Portal, please visit
https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit
your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your
customized Ballot:**

**Unique E-Ballot ID#:**  _____

<u>The online Ballot Portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots
will not be accepted, and electronic Ballots will not be accepted by facsimile or any other
electronic means (other than the online portal).</u>

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes in accordance
with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the *Third*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc.
(0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi
International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The
location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>") from Holders of Claims in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and 16 (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class vote to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are the Holder (as defined below) of a Convenience Claim as of <u>July 26, 2023</u> (the "<u>Voting Record Date</u>"). **For additional discussion of the treatment of your Claims under the Plan and the rights of Holders of Convenience Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you desire paper copies of the Solicitation Package, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Kroll Restructuring Administration LLC (the "<u>Claims, Noticing, and Solicitation Agent</u>"), at no charge by: (i) accessing the Debtors' restructuring website at <u>https://restructuring.ra.kroll.com/blockfi</u>; or (ii) emailing <u>blockfiinfo@ra.kroll.com</u> and referencing "In re BlockFi - Solicitation Inquiry" in the subject line; or (b) by visiting the Bankruptcy Court's website at <u>https://www.njb.uscourts.gov</u> in accordance with the procedures and fees set forth therein.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the email address set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Item 1</u>.    **Amount of Class 16 Convenience Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 16. Convenience Claim in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims: $ _____

Debtor:_____

<u>Item 2</u>.    **Recovery.**

Pursuant to <u>Article III</u> of the Plan, Holders of Allowed Class 16 Convenience Claims, either by amount or election, shall receive a one-time Cash payment of no greater than 50% of such Convenience Claim in full and final satisfaction

2

of such Convenience Claim.  Holders of Allowed Convenience Claims shall not be entitled to any Additional Bankruptcy Distributions.

<u>**Item 3**</u>.    **Vote on Plan.**

The Holder of the Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

☐ **<u>ACCEPT</u>** (vote FOR) the Plan    ☐ **<u>REJECT</u>** (vote AGAINST) the Plan

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

[*Remainder of page intentionally left blank; continued next page.*]

3

**Item 4.**    **Important information regarding the Third-Party Release.**

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES

4

CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.   THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

\*       \*       \*

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

**AN ENTITY SHALL BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN.**

**YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE. SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN. THIS MEANS THAT THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

**IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN <u>ARTICLE VIII.B</u> OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN <u>ARTICLE VIII.A</u> OF THE PLAN. THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.**

**IF YOU DO <u>NOT</u> OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.**

The Holder of the Claims against the Debtors set forth in Item 1 elects to:

☐ **<u>OPT OUT</u> of the Third-Party Release**

**<u>Item 5</u>.** **Certifications.**

By signing this Ballot the undersigned certifies that:

1.  the undersigned is (a) the Holder of the Class 16 Convenience Claim being voted, or (b) the authorized signatory for the entity that is the Holder of such Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Class 16 Convenience Claims in connection with the Plan; and

4.  (a) no other Ballot with respect to the same Class 16 Convenience Claim identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Class 16 Convenience Claim, then any such earlier Ballots are hereby revoked and deemed to be null and void.

6

Name of Holder: _____
(Print or Type)

Signature: _____

Name of Signatory: _____
(If other than the holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of certain Holders of Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

5.  **<u>Use of Online Ballot Portal</u>**.  To ensure that your electronic Ballot is counted, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home (the "<u>Ballot Portal</u>") and follow the instructions to submit your Ballot.  You will need to enter your unique Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted.  **Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal)**.  Each Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each Ballot ID# you receive, as applicable.

6.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

7.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY</u> <u>RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline through the Ballot Portal.  The Voting Deadline is **<u>September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)</u>**.

8.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot through the Ballot Portal (for the avoidance of doubt, a Ballot submitted via the Ballot Portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely submission.

10.  If you submit multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

11.  You must vote all of your Convenience Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 16, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 16 for the purpose of counting votes.

12.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. SIGN AND DATE your Ballot.[2]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

15. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT BLOCKFIINFO@RA.KROLL.COM AND REFERENCE "IN RE: BLOCKFI - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[2] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4**

**Cover Letter**

◆ **BlockFi**

**August [●], 2023**

RE:    **In re BlockFi Inc., et al., No. 22-19361 (MBK) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

On August 2, 2023, the Court entered an order: (a) authorizing the Debtors to solicit acceptances for the Plan; (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

You have received this letter and enclosed materials because you are entitled to vote on the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan").[1]

---

**THE DEBTORS RECOMMEND THAT YOU VOTE IN FAVOR OF THE PLAN. VOTING IN FAVOR OF THE PLAN IS THE FASTEST WAY FOR YOU TO RECEIVE THE HIGHEST RECOVERY.**

**THE VOTING DEADLINE IS SEPTEMBER 11, 2023, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

The Plan maximizes recovery for Clients and provides for the quickest possible Distributions to Clients.

The Official Committee of Unsecured Creditors (the "Committee") supports the Plan, which includes the Committee Settlement, and encourages all creditors to vote in favor of the Plan.

The Plan contains a Third-Party Release. If you do not check the box to opt out of the Third-Party Release, you will release any claims you may have against third parties related to BlockFi and you will receive a release from the Debtors of substantially all claims they may have against you. This includes a release of any clawback claims the Debtors could bring against you for transfers from BIAs or BPCs to Wallet and/or off the BlockFi Platform prior to the Platform Pause other than Retained Preference Claims. If you check the box to opt out of the Third-Party Release set forth in the Plan, you will preserve any claims you may have against third parties, but you will **not** receive a release from the Debtors. This means that if you check the box to opt out of the Third-Party release, the Wind-Down Trustee may pursue claims and causes of action that the Debtors may have against you.

If the Plan is confirmed, the Wind-Down Debtors will focus their efforts on pursuing claims and causes of action in the Litigation against Alameda, FTX, 3AC, Emergent, Marex, and Core Scientific to maximize recoveries for their Clients, and defending against claims asserted by Alameda, FTX, and 3AC (which threaten to massively dilute Clients). Success or failure in these matters will make a positive or negative difference to client recoveries of over $1 billion, which is an order of magnitude larger than any other issue facing BlockFi and its Clients.

The Plan also maximizes value by ensuring the full cooperation of certain current and former key members of the Debtors' management team with respect to both the distribution of Digital Assets to creditors and litigation against the Alameda, FTX, Emergent, Core Scientific, and 3AC estates.

Throughout these bankruptcy proceedings, BlockFi has remained steadfast in its goal to maximize the value of its assets and to distribute that value to Clients as promptly as possible. A Special Committee of BlockFi Inc.'s Board of Directors completed a comprehensive and thorough investigation of all potential claims or causes of action against insiders. The Special Committee then wrote a comprehensive Investigation Report detailing the facts and law and recommending whether BlockFi should assert, reserve, settle, or release those claims or causes of action. A copy of the Investigation Report can be found here attached as Exhibit B.

---

[1]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan or Disclosure Statement, as applicable.

In the Investigation Report, the Special Committee recognized and described BlockFi's comprehensive historical policies and procedures, which were improved upon over time, to ensure that BlockFi understood and managed its risk profile.

In particular, BlockFi had sector-leading risk management practices and its lending diligence and protections (including overcollateralizing every relevant transaction) far exceeded its peer firms. Because of those practices, potential risks from lending to Alameda were in fact identified on the front end and discussed extensively by the company in various forums. The Special Committee found that any suggestion that BlockFi's managers were grossly negligent when entering into those transactions in the first place reflects hindsight bias that ignores the reality of BlockFi's business and the facts on the ground at the time.

As discussed at length in the Investigation Report, the Special Committee evaluated all potential claims against insiders in detail and concluded that pursuing claims against BlockFi's insiders would be value destructive and not in the best interest of BlockFi's Clients, because:

(a) it is unlikely that BlockFi would prevail in any lawsuits against its insiders;

(b) pursuing any such claims would be extremely expensive; and

(c) the value of the settlement achieved was materially greater than the risk-adjusted value of all potential    claims      against BlockFi insiders.

The Committee conducted its own investigation and drafted a report setting forth the Committee's opinion regarding the downfall of BlockFi.  The Committee's report did not evaluate the merits of any particular claims, and BlockFi and the Special Committee completely disagree with the vast majority of the Committee's key assertions.  BlockFi and the Special Committee strongly suggest that any creditor interested in the facts and law underlying potential claims against insiders review the BlockFi Special Committee report in detail, at this link.  Regardless, as reflected by the Committee Settlement, all parties agree that putting these issues to bed through accepting the Plan is in the best interest of all BlockFi Clients.

Accordingly, both the Debtors and the Committee now recommend that all parties entitled to vote should vote to **accept** the Plan.  The Plan and the Committee Settlement embodied therein will bring these chapter 11 cases to a fair and value-maximizing conclusion that will return Client funds as quickly as possible.

### The Solicitation Package

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan.  The Solicitation Package consists of the following:

i. the applicable form of electronic Ballot with a unique E-Ballot ID, a release opt out form, voting instructions, and instructions on how to submit the Ballot;

ii. this Cover Letter;

iii. the UCC Letter;

iv. the Solicitation and Voting Procedures;

v. the Disclosure Statement (and exhibits thereto, including the Plan);

vi. the Conditional Disclosure Statement Order (without exhibits);

vii. the Combined Hearing Notice; and

viii. any additional documents that the Bankruptcy Court has ordered to be made available.

3

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Kroll, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases, by emailing blockfiinfo@ra.kroll.com.  Kroll cannot and will not provide legal advice.  If you need legal advice, you should consult an attorney.

Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are available for inspection free of charge on the Debtors' website at https://restructuring.ra.kroll.com/blockfi.

Sincerely,

_____

Mark A. Renzi
Chief Restructuring Officer
BlockFi Inc.

4

## **Exhibit 5**

**Instruction Letter**

**INSTRUCTIONS TO ELECTRONICALLY ACCESS THE
SOLICITATION MATERIALS AND A BALLOT FREE-OF-CHARGE**

[●], 2023

Dear Holders of Claims entitled to vote on the Plan,

On [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[1] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

Because you are a Holder of a Claim in Class(es) 3-a, 3-b, 3-c, 3-d, 3-e, 4-a, 4-b, 4-c, and/or 16 (each, a "Voting Class" and collectively, the "Voting Classes") you are entitled to vote on the Plan.  The rights and treatment for each Voting Class is described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package").  The Solicitation Package includes the following materials, as applicable:

1.  a Ballot with a unique E-Ballot ID, a release opt out form, and detailed voting instructions and instructions on how to submit the Ballot;

2.  the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

3.  the solicitation letter, from the Committee which recommends that Holders of Claims in each of the Voting Classes vote to accept the Plan (the "UCC Letter");

4.  a copy of procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures");

5.  the Disclosure Statement (and exhibits thereto, including the Plan);

6.  the Conditional Disclosure Statement Order;

7.  the notice of the Combined Hearing (the "Combined Hearing Notice"); and

8.  any additional documents that the Court has ordered to be made available.

**To view and download the Solicitation Package materials**, other than your customized-Ballot, free-of-charge, please follow the steps below:[2]

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

1.      Follow the link below to access the Debtors' Chapter 11 Cases website: https://restructuring.ra.kroll.com/blockfi/.

2.      Select "Solicitation Materials" under the "Quick Links" tab on the left side of the page.

3.      Select one or all of the aforementioned documents to access them electronically free of charge.

**To submit an electronic version of your customized Ballot**, please select "Submit E-Ballot" under the "Case Navigation" tab on the left side of the page of the Debtors' Chapter 11 website.  Click the link within the "Submit a Ballot Electronically" section of the subsequent page and enter your name, email address, and unique Ballot identification number to submit your Ballot.  The unique E-Ballot identification number can be located in the original email you received containing links to the solicitation materials.

**Please note that the online balloting portal is the sole manner in which Ballots will be accepted.  Hard copy Ballots will not be accepted, and electronic Ballots will not be accepted by facsimile or any other electronic means (other than the online portal).**

If you desire paper copies of the Solicitation Package, you may obtain them from Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent"), at no charge by:  emailing blockfiinfo@ra.kroll.com and referencing "In re BlockFi - Solicitation Inquiry" in the subject line.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN
ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.
THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

**<u>Exhibit 6</u>**

**Combined Hearing Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER (I) THE ADEQUACY OF**
**THE DISCLOSURE STATEMENT, (II) CONFIRMATION OF THE CHAPTER 11**
**PLAN FILED BY THE DEBTORS, AND (III) RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan (the "Combined Hearing") will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or such other time that the Bankruptcy Court determines, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at Courtroom #8, 402 East State Street, Trenton, New Jersey 08608.

---

**PLEASE BE ADVISED**:  THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **July 26, 2023** (the "Voting Record Date"), which is the date for determining which Holders of Claims are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing, and solicitation agent Kroll Restructuring Administration LLC, (the "Claims, Noticing, and Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Objection Deadline**.  The deadline for filing objections to the Plant is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  All objections to the relief sought at the Combined Hearing **must**:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| *Debtors* | |
|---|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

| *Counsel for the Committee* |
|---|
| **Brown Rudnick LLP** |
| 7 Times Square |
| New York, NY 10036 |
| Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |
| *United States Trustee* |
| **Office of the United States Trustee** |
| **United States Trustee, Regions 3 & 9** |
| One Newark Center, Suite 2100 |
| Newark, NJ 07102 |
| Attention:  Jeffrey M. Sponder; Lauren Bielskie |

<div style="border:1px solid black">

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN **ARTICLE VIII** OF THE PLAN ONLY IF YOU RETURN A BALLOT CHECKING THE BOX TO "OPT OUT" FROM THE THIRD-PARTY RELEASE.  SUBJECT TO ANY FINAL ORDER OF THE BANKRUPTCY COURT TO THE CONTRARY, REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT OUT OF THE RELEASE, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (D) VOTE TO REJECT THE PLAN AND, IN EACH CASE, FAIL TO CHECK THE BOX TO "OPT OUT" FROM THE THIRD PARTY RELEASE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN **ARTICLE VIII.B** OF THE PLAN.  IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE THE DEBTORS WILL RELEASE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.  IF YOU OPT OUT OF THE THIRD-PARTY RELEASE THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASE IN ARTICLE VIII.B OF THE PLAN.

</div>

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format), please feel free to contact the Debtors' Claims, Noticing, and Solicitation Agent, by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **September 4, 2023** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN**

IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE
MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER
WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS
FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR
REJECT THE PLAN OR VOTED TO REJECT THE PLAN.

[*Remainder of page intentionally left blank*]

Dated: [●], 2023

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**<u>Exhibit 7</u>**

**Plan Supplement Notice**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

---

**NOTICE OF FILING OF PLAN SUPPLEMENT**

     **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Conditional Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on September 4, 2023 [Docket No. [●]]. The Plan Supplement contains the following documents each as defined in the Plan: (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the Restructuring Transactions Memorandum; (d) the Digital Assets Conversion Table; (e) the Wind-Down Trustee Agreement; (f) the Wind-Down Budget; (g) the identification of the member(s) of the Wind-Down Debtors' Oversight Committee; (h) the Employee Transition Plan; and (i) any additional documents necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by (i) attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (ii) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

| Debtors | |
|---|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 | |
| *Counsel for the Debtors* | *Counsel for the Debtors* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christine A. Okike; Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention: Richard S. Kanowitz; Jordan Chavez |
| *Counsel for the Committee* | |
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention: Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg | |
| *United States Trustee* | |
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention: Jeffrey M. Sponder; Lauren Bielskie | |

2

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Conditional Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.

---

*[Remainder of page intentionally left blank]*

Dated: [●], 2023

/s/ DRAFT
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

4

## Exhibit 8

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

PLEASE TAKE NOTICE THAT on [●], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT,** on [●], 2023, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Assumed Contract Schedule") with the Bankruptcy Court as part of the *Plan Supplement for the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* as contemplated under the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time),** or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Contract Schedule. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Contract Schedule.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Effective Date, the Wind-Down Debtors will assume the contracts (the "Assumed Contracts") listed on the Assumed Contract Schedule, attached hereto as **Schedule A,** one of more of which you are a counterparty. The Assumed Contract Schedule can also be viewed on the Debtors' case website (https://restructuring.ra.kroll.com/blockfi/).

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Schedule A.** Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed with the Bankruptcy Court on or before thirty days after the Effective Date. Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' first scheduled omnibus hearing for which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

**PLEASE TAKE FURTHER NOTICE THAT** if you disagree with the proposed Cure amounts, your objection (a "Cure Objection") must: (i) be in writing; (ii) state with particularity the basis of the objection and, if the objection pertains to the proposed Cure amounts, state the correct Cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically (a) by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, (b) by all other parties-in-interest, if not otherwise filed with the Clerk of the Bankruptcy Court electronically, via hard copy, and shall be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"):

| Debtors |
|---|
| **BlockFi, Inc.**<br>100 Horizon Center Blvd., 1st and 2nd Floors<br>Hamilton, NJ 08691 |

| *Counsel for the Debtors* | *Counsel for the Debtors* |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christine A. Okike;<br>Francis Petrie | **Haynes and Boone, LLP**<br>Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Attention:  Richard S. Kanowitz; Jordan Chavez |

| *Counsel for the Committee* |
|---|
| **Brown Rudnick LLP**<br>7 Times Square<br>New York, NY 10036<br>Attention:  Robert J. Stark; Kenneth J. Aulet; Bennett S. Silverberg |

| *United States Trustee* |
|---|
| **Office of the United States Trustee**<br>**United States Trustee, Regions 3 & 9**<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Attention:  Jeffrey M. Sponder; Lauren Bielskie |

PLEASE TAKE FURTHER NOTICE THAT if no objection is filed by the Cure Objection Deadline, then: **(i) you will be deemed to have stipulated that the Cure amounts as determined by the Debtors are correct; (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract; and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption**.

PLEASE TAKE FURTHER NOTICE THAT any Cure Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Combined Hearing shall be heard at the Combined Hearing or a later date to be fixed by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

PLEASE TAKE FURTHER NOTICE THAT nothing herein:  (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Conditional Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.

---

*[Remainder of page intentionally left blank]*

Dated: [●], 2023

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

## Schedule A

### Assumed Contract Schedule

**Exhibit 9**

**UCC Letter**

# OFFICIAL COMMITTEE OF UNSECURED CREDITORS
# OF BLOCKFI INC., ET AL

**TO:**    **HOLDERS OF UNSECURED NOTES CLAIMS AND GENERAL UNSECURED CLAIMS**

**RE:**    Recommendation Of Official Committee Of Unsecured Creditors In Support Of The
*Third Amended Joint Chapter 11 Plan Of BlockFi Inc. And Its Debtor Affiliates Pursuant
To Chapter 11 Of The Bankruptcy Code* (the "**Plan**") [Docket No. 1300][1]

---

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BLOCKFI, INC. RECOMMENDS THAT YOU
*VOTE IN FAVOR* OF THE PLAN, WHICH INCORPORATES
THE TERMS OF A GLOBAL SETTLEMENT REACHED BY THE COMMITTEE.**

**THE PLAN CONTAINS AN OPT-OUT MECHANISM WHEREBY CREDITORS CAN CHOOSE
TO RETAIN OR RELESE INDIVIDUAL CLAIMS AGAINST CERTAIN THIRD PARTIES. THE
COMMITTEE RECOMMENDS THAT YOU CAREFULLY REVIEW THE PLAN AND ALL
ASSOCIATED DOCUMENTS WITH RESPECT TO MAKING SUCH ELECTION.**

---

The Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 cases of BlockFi, Inc. and certain of its affiliated entities (collectively, "**BlockFi**" or the "**Debtors**") on December 21, 2022, by the Office of the United States Trustee, and is comprised of domestic and international customers of BlockFi, and is charged as acting as a fiduciary to the unsecured creditors of the Debtors.

The Committee is advised by Brown Rudnick LLP as counsel, McCarter & English, LLP, as efficiency counsel, Genova Burns LLC, as local counsel, M3 Partners as its financial advisor, and Elementus Inc. as its blockchain intelligence and forensics expert.

You are receiving this letter because you are entitled to vote on BlockFi's Plan.  For the reasons outlined below, the Committee recommends that all unsecured creditors vote to **APPROVE** the Plan.

## The Plan Settlement

The structure of the Plan is, under the circumstances, the best path forward for creditors. The Committee's view has always been that the remaining value in BlockFi should be returned to creditors as quickly as possible, in as cost-efficient a manner as possible.  The Plan – as modified

---

[1]    The Plan and Disclosure Statement are available online at  https://restructuring.ra.kroll.com/blockfi.  Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Plan.

by the Plan Settlement – is the best way to do so and the Committee recommends that creditors vote to approve the Plan.

### In-Kind Distributions

The Plan Settlement provides that distributions to BlockFi customers will be in cryptocurrency (which is designed to mitigate certain negative tax implications for customers) to the greatest extent practicable as soon as practicable. This was an important aspect of any plan for the Committee due, in part, to potential adverse tax consequences if distributions were made in dollars.

The Committee demanded, and obtained, additional authority to extend the period where "in-kind" distributions could be made, and additional flexibility to make those distributions in the most practical way possible.

### Creditor Control

The Plan provides that the wind-down of BlockFi (including litigation against and by FTX, Alameda, 3AC, Core Scientific, and other counterparties, including the United States) is controlled by representatives of BlockFi's creditors (much like the Committee is representative of your interests).

The Committee believes that creditors – who bear all of the costs of these cases and of any future litigation – are best suited to determine what should be done with their money, and are entitled to determine what should be done with their money. The Plan does so. On the Effective Date, a Wind-Down Trustee selected by the Committee, and reporting to a board with a supermajority of creditors with a personal stake in the success of the Wind-Down Trustee's efforts, will take control.

### Preference Waivers

The Plan Settlement provides that **all** customers will receive a broad waiver of preference claims: all preference claims for withdrawals prior to November 2, 2023 will be waived, and any preference claims that, in the aggregate, amount to less than $250,000 will be waived.

This aspect of the Plan Settlement ensures that the overwhelming majority of claims that could be asserted against BlockFi customers are waived *regardless* of how they vote on the Plan or if they grant a release of claims they hold in their individual capacity – but preserves potentially valuable avoidance actions against customers which withdrew large amounts (i.e., in excess of $250,000) off of BlockFi's platform in the days leading up to its bankruptcy filing.

### D&O Avoidance Actions

The Plan Settlement further preserves fraudulent transfer claims against BlockFi's D&O insurance providers for the return of $22.5 million in premiums paid on the eve of bankruptcy. The

Committee believes this is a potential source of recovery for BlockFi's creditors that would have, but for the Plan Settlement, been lost.

### The Committee Investigation

The Committee understands, and sympathizes with, the creditors who feel wronged by the collapse of BlockFi. The Committee believed BlockFi's collapse required an independent investigation, that would inform creditors of what was discovered and allow the Committee to determine if it believed potential causes of action existed against third parties.

Starting at the outset of these Chapter 11 cases, the Committee and its professionals conducted an intensive investigation on several fronts, comprised of substantial document discovery, informal interviews, depositions, financial analysis, forensic blockchain analysis and associated asset tracing

On behalf of the Committee, we conducted six interviews and eleven depositions of current and former employees and directors of BlockFi. We also reviewed over thirty-four thousand documents produced by BlockFi and other parties. We analyzed the risk factors inherent in BlockFi's business, the promises made to customers, corporate guidelines and oversight functions, interactions with state and federal regulators, and certain investment failures. We also analyzed transactions that occurred just prior to BlockFi's bankruptcy, including the liquidation of BlockFi's cryptocurrency amid the volatility in digital currencies in general; the purchase of D&O insurance; certain withdrawals of digital currency off of BlockFi's platform by insiders; and the payment of settlement consideration on behalf of certain BlockFi insiders.

Our investigation was designed to answer the question: *Why did BlockFi fail*? The Committee's preliminary report on this investigation (the "**Investigative Report**") is available online at: https://bit.ly/UCC-Report and was filed on the docket at Docket No. 1202. We encourage creditors to read the Investigative Report.

As set forth in the Committee's Investigative Report, the Committee concluded that there were fundamental flaws with BlockFi's business model, that had led to significant losses prior to the FTX bankruptcy proceedings. These flaws resulted in customers being exposed to risks materially greater than the risks customers appear to have understood they were undertaking. The Committee concluded that BlockFi's risk management department was not fully independent and was subject to override, and that it identified specific risks that should have been addressed, but were not, with the Alameda Research loans due to being overridden.

The Debtors disagree with the above conclusions. The Debtors' Special Committee produced a report which reached conclusions contrary to the Investigative Report. We reviewed, and disagree with, the conclusions reached in the Special Committee Report and did not alter any of our conclusions in response.

Based on the Investigative Report, the Committee feels strongly that the claims that the estate could bring against insiders are strong and would, ultimately, lead to a verdict against those

August 2, 2023
Page 11

insiders.  The Committee sympathizes with customers who want to see those claims litigated rather than settled.

However, the Committee cannot ignore the economic realities of this case.  Customers have waited over half a year to regain access to some of their money.  Challenging the Debtors' proposed plan that would release those insiders would cost significant money – paid for out of customer funds – and further delay distributions to creditors.  Litigating such claims would also take additional money and time, and come with additional risks.  Finally, the Committee obtained information regarding the funds available to satisfy any judgment against the insiders that the Committee believed might be liable.

As a result, following the creation of the Investigative Report, the Committee and its professionals engaged in extensive and hard-fought mediation with the Debtors.  The first mediation was conducted by United States Bankruptcy Court Judge Christopher S. Sontchi (retired).  After several weeks, this mediation was ultimately unsuccessful.  Then, the Honorable Michael B. Kaplan, the Chief Judge of the United States Bankruptcy Court for the District of New Jersey, and the Bankruptcy Court Judge presiding over BlockFi's chapter 11 cases, held in chambers status conferences with counsel for the Debtors and the Committee that led to the Plan Settlement embodied in the Plan.

The Committee believes that, under the circumstances, the Plan Settlement the best resolution available of the causes of action identified in its investigation, in lieu of commencing litigation against the Debtors' Plan to preserve such claims and litigate such claims, with its attendant costs and uncertainty of outcome.  In particular, the Committee considered what assets would be available to satisfy the identified causes of action – including the proceeds of D&O insurance and the personal assets of the potential targets.  Additionally, the Committee considered the mounting administrative costs of these bankruptcy cases and the savings that could be achieved by pursuing a prompt exit from Chapter 11.  Perhaps, above all else, we recognize that BlockFi's customers have been waiting patiently for recoveries on their claims.

As part of the Plan Settlement, all of *BlockFi's* claims against certain third parties (the "**Released Parties**"), including its officers and directors, are being released.

The Plan also includes an **optional** release of the Released Parties by all creditors who do not affirmatively opt-out of providing this release on their ballot or otherwise (with respect to creditors that are not entitled to vote).  On this point, the Committee negotiated modifications to the Plan and ballot procedures to enable creditors that vote in favor of the Plan to opt-out of providing releases to certain "third-parties."  Note that you will receive the broad preference waiver described above **regardless** of your choice with respect to this release. The Committee has identified no other potential estate causes of action against customers that would be assigned to the Wind-Down Trustee to pursue other than the retained preference actions described above.

***If you do not opt out, you will be deemed to have granted this third-party release. The Committee cannot make a recommendation to any individual creditor with respect to granting this third-party release, and you may wish to consult your own attorney to determine the effects of granting such release and if you should do so.***

August 2, 2023
Page 12

Obtaining these concessions from the Debtors was not easy.  But, with the modifications to the Plan secured by the Committee, the Committee believes that confirmation of the Plan is in the best interests of all unsecured creditors.

## Summary Of Distributions To Unsecured Creditors

Claim recovery for unsecured creditors depends on the type of claim and the BlockFi entity against which such claim arises.  The amount of recovery (especially at the high end of projected recoveries) will depend on, among other things, the outcome of the litigation described above.  For a full description of the treatment of each class of creditors, please review the Disclosure Statement.

**PLEASE NOTE THAT THESE AMOUNTS ARE PROJECTED RECOVERIES IN TOTAL.  ANY FIRST INTERIM DISTRIBUTION RECEIVED BASED ON ASSETS ON HAND AT THE DEBTORS IS LIKELY TO BE MEANINGFULLY LOWER THAN THE AMOUNTS SHOWN BELOW, OTHER THAN FOR THE CONVINENCE CLASS.**

| Class | Projected Recovery of Claims |
|---|---|
| 3-a BlockFi Lending LLC Private Client Account Claims | 93.2%-100.0% |
| 3-b BlockFi Lending LLC Loan Collateral Claims | 93.2%-100.0% |
| 3-c BlockFi Int'l Ltd. Private Client and Interest Account Claims | 54.6%-100.0% |
| 3-d BlockFi Int'l Ltd. Loan Collateral Claims | 54.6%-100.0% |
| 3-e BlockFi Inc. Interest Account Claims | 39.5%-100.0% |
| 4-a BlockFi Lending LLC General Unsecured Claims | 93.2%-100.0% |
| 4-b BlockFi International Ltd. General Unsecured Claims | 54.6%-100.0% |
| 4-c BlockFi Inc. General Unsecured Claims | 37.3%-100.0% |
| 4-d BlockFi Services, Inc. General Unsecured Claims | 0% |
| 4-e BlockFi Trading LLC General Unsecured Claims | 0% |
| 4-f BlockFi Wallet LLC General Unsecured Claims | 100.0% |
| 4-g BlockFi Ventures LLC General Unsecured Claims | 0% |
| 4-h BlockFi Investment Products LLC General Unsecured Claims | 0% |
| 4-i BlockFi Lending II LLC General Unsecured Claims | 0% |
| Class 16 Convenience Claim Class | 50% |

August 2, 2023
Page 13

*The foregoing description of the settlement and Plan is not intended as a substitute for the Disclosure Statement.  The Committee cannot provide you with any investment advice. Please review Article XI of the Disclosure Statement ("Risk Factors") and Article XII of the Disclosure Statement ("Certain United States Federal Income Tax Consequences Of The Plan").*

Your vote is important.  To have your vote counted, you must complete the ballot previously provided to you in accordance with the procedures set forth therein.  **PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY THROUGH THE DEBTORS' ONLINE BALLOTING PORTAL**.  Your ballot must be submitted *on or before September 11, 2023 at 4:00 p.m. Eastern Time* to be counted.

Sincerely,

*The Official Committee of*
*Unsecured Creditors*

United States Bankruptcy Court

District of New Jersey

In re:                                                              Case No. 22-19361-MBK

BlockFi Inc.                                                        Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 7 |
| Date Rcvd: Aug 02, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 04, 2023:**

**Recip ID**       **Recipient Name and Address**
db           + BlockFi Inc., 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691-1910

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2023         Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 2, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron Garber | |
| | on behalf of Creditor Kristen Vorhees agarber@wgwc-law.com |
| Adam S. Ravin | |
| | on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation) adam.ravin@lw.com |
| Alan Stuart Maza | |
| | on behalf of Creditor Securities and Exchange Commission mazaa@sec.gov  mazaa@sec.gov |
| Allen I Gorski | |
| | on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com |
| Andrew Marks | |
| | on behalf of Creditor Matthew Gordon jcardenas@dorflaw.com |
| Anthony J D'Artiglio | |
| | on behalf of Creditor Kyle Klaus ajd@ansellgrimm.com  courtfilings@ansellgrimm.com;jb@ansellgrimm.com |

District/off: 0312-3 | User: admin | Page 2 of 7
Date Rcvd: Aug 02, 2023 | Form ID: pdf903 | Total Noticed: 1

Barbra Rachel Parlin
on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Brett S. Theisen
on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Carol L. Knowlton
on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle
on behalf of Creditor Ge Song cboyle@b-vlaw.com
tking@b-vlaw.com;lgrigley@b-vlaw.com;carrie.boyle@comcast.net;jpryor@b-vlaw.com

Catherine B. Heitzenrater
on behalf of Creditor Chubb Companies cebeideman@duanemorris.com

Daniel Stolz
on behalf of Other Prof. Elementus  Inc. dstolz@genovaburns.com, dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Other Prof. M3 Partners dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Plaintiff Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel E. Straffi
on behalf of Creditor Steven Lee bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Matthew Hoselton bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor William Warburton bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Alberto Olivo bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Brendan Pena bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Bruce Gilling bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Wayne Akey bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Scott Aufenanger bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Ellison Bak bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Michiel Hemminga bkclient@straffilaw.com

g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Clayton Bargsten bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Daniel Gusovsky bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Andrew Martinez bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Kole Kottmeier bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Damon Andersson bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Brian Graddon bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Ashton Rincon bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Joseph Borremans bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com
g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

David J. Adler
on behalf of Creditor Committee McCarter & English  LLP DAdler@McCarter.com

David J. Adler
on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

Deborah Kovsky Apap
on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
on behalf of Attorney Brown Rudnick LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Other Prof. Elementus  Inc. dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Other Prof. M3 Partners dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Attorney Genova Burns LLC dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Plaintiff Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill
on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Douglas J. McGill
on behalf of Creditor Ad Hoc Committee of Collaterized Loan Account Holders dmcgill@webbermcgill.com

Douglas T Tabachnik
on behalf of Defendant Primeblock Operations LLC dtabachnik@dttlaw.com  rdalba@dttlaw.com

Eleanor M Roman
on behalf of Interested Party Scratch Services LLC emr@severson.com

District/off: 0312-3                          User: admin                          Page 4 of 7
Date Rcvd: Aug 02, 2023                      Form ID: pdf903                      Total Noticed: 1

Felice R. Yudkin
on behalf of Debtor BlockFi Inc. fyudkin@coleschotz.com  fpisano@coleschotz.com

Frank F. Velocci
on behalf of Interested Party Bermuda Joint Provisional Liquidators of BlockFi International Ltd.
frank.velocci@faegredrinker.com  cathy.greer@faegredrinker.com

Gaston P. Loomis, II
on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian
on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
on behalf of Plaintiff Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

James L Bromley
on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jason D. Angelo
on behalf of Creditor Bryant F. Foulger JAngelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com

Jason M. Avellino
on behalf of Creditor Undisclosed Creditors javellino@gelaw.com
7661309420@filings.docketbird.com;gnovod@gelaw.com;cnevers@gelaw.com

Jeffrey Bernstein
on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder
on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jeffrey M. Traurig
on behalf of Examiner Elise S. Frejka jtraurig@trauriglaw.com

Jessica Cole
on behalf of Interested Party United States of America jessica.cole@usdoj.gov

John Piskora
on behalf of Creditor Deferred 1031 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John Piskora
on behalf of Creditor Deferred 1031 Series 4 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John C. Goodchild
on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Kilgannon
on behalf of Interested Party Towards Equilibrium  LLC john.kilgannon@stevenslee.com

Joshua S. Bauchner
on behalf of Creditor Kyle Klaus jb@ansellgrimm.com  courtfilings@ansellgrimm.com;ajd@ansellgrimm.com

Kaitlin R. Walsh
on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com

Kaitlin R. Walsh
on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kaitlin R. Walsh
on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com,
docketing@mintz.com

Kenneth Aulet
on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com
hcohen@brownrudnick.com

Kurt F. Gwynne
on behalf of Interested Party Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
on behalf of Creditor The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
on behalf of Interested Party The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com

Kyle McEvilly

District/off: 0312-3

Date Rcvd: Aug 02, 2023

User: admin

Form ID: pdf903

Page 5 of 7

Total Noticed: 1

|  |  |
|---|---|
|  | on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com |
| Lauren Bielskie |  |
|  | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Michael Anthony Guerra |  |
|  | on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael Anthony Guerra |  |
|  | on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Defendant BlockFi Lending II LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Defendant BlockFi Ventures LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Trading  LLC msirota@coleschotz.com,<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Defendant BlockFi International Ltd. msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Investment Products LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Wallet LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Ventures LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Defendant BlockFi Investment Products LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Plaintiff BlockFi Lending II LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota |  |
|  | on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com<br>fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |

Michael D. Sirota
on behalf of Defendant BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Defendant BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Defendant BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Defendant BlockFi Trading LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
on behalf of Defendant BlockFi Lending LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Nicole A. Leonard
on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Paul J. Winterhalter
on behalf of Creditor Moneeb Waseem pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Richard Kanowitz
on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard G. Placey
on behalf of Stockholder Samuel L. Bankman-Fried rplacey@mmwr.com
plorenz@mmwr.com;pat-lorenz-montgomery-mccracken-walker-rhoads-llp-7123@ecf.pacerpro.com

Robert Malone
on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Robert M. Schechter
on behalf of Creditor Flori Marquez rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com

Robert M. Schechter
on behalf of Creditor Zachary Lee Prince rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com

Scott Fleischer
on behalf of Creditor Rui Pedro Vaz dos Santos Teixeira sfleischer@barclaydamon.com

Sean James Mack
on behalf of Defendant Digistar Norway AS smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

Sean James Mack
on behalf of Defendant Nessim-Sariel Gaon smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

District/off: 0312-3                          User: admin                                    Page 7 of 7
Date Rcvd: Aug 02, 2023                      Form ID: pdf903                          Total Noticed: 1

Sean James Mack
    on behalf of Defendant Fiorenzo Manganiello smack@pashmanstein.com
    smack@pashmanstein.com;Jpadilla@pashmanstein.com

Seth Brandon Shapiro
    on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

Seth Brandon Shapiro
    on behalf of Defendant United States of America seth.shapiro@usdoj.gov

Stephen R. Catanzaro
    on behalf of Creditor Zachary Lee Prince scatanzaro@daypitney.com  cparlapiano@daypitney.com;jcohen@daypitney.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
    on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com

Warren A. Usatine
    on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

Warren J. Martin, Jr.
    on behalf of Creditor Flori Marquez wjmartin@pbnlaw.com
    mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Warren J. Martin, Jr.
    on behalf of Creditor Zachary Lee Prince wjmartin@pbnlaw.com
    mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com


TOTAL: 132