**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: September 20, 2023 @ 10:00 a.m. ET**<br>**Obj. Deadline: September 13, 2023**<br>**Oral Argument Waived Unless Objections Timely Filed** |

## NOTICE OF DEBTORS' MOTION TO ESTIMATE THE AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on **September 20, 2023 at 10:00 a.m.** (ET), or as soon

thereafter as counsel may be heard, the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), by and through their undersigned counsel, shall move (the "Motion")

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8

of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"),

402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may

be determined by the Court, for entry of an order, substantially in the form submitted herewith.

PLEASE TAKE FURTHER NOTICE that in support of the Motion, the Debtors shall

rely upon the *Declaration of Mark A. Renzi in Support of Debtors' Motion to Estimate the Amount

of the 3AC Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of The Bankruptcy

Code* which sets forth the relevant factual bases upon which the relief requested should be granted.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in

the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection;

(iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain

Notice, Case Management, and Administrative Procedures* [Docket No. 54], and (iv) be filed with

the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice

before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means

for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order")

and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the

"Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's

Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official

website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable

Document Format (PDF), and shall be served in accordance with the General Order and the

Supplemental Commentary, so as to be received no later than seven (7) days before the hearing

date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief

requested may be granted without further notice or hearing.

Dated: August 11, 2023                      /s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

## DEBTORS' MOTION TO ESTIMATE THE AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY CODE

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

hereby file this *Debtors' Motion to Estimate the Amount of the 3AC Claims Against the Debtors*

---

[1]        The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).   The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (the "<u>Motion</u>"). In support of the

Motion, the Debtors respectfully represent as follows:

<b><u>Jurisdiction and Venue</u></b>

1.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.).

This Court has exclusive jurisdiction to direct the manner and time in which claims are to be

estimated. *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 136 n. 3 (3d Cir. 1982).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 502(c) of title 11

of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and the Federal Rules

of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

<b><u>Relief Requested</u></b>

4.      The Debtors seek entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Order</u>"): (a) estimating the 3AC Claims for distribution purposes and (b) granting

related relief.

<b><u>Background</u></b>

5.      On November 28, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the

Motion are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors'*

*Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), which was filed on the

Petition Date and is incorporated by reference herein.

2

6.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

7.      On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

**A. BlockFi's Prepetition Relationship with 3AC**

8.       BlockFi Lending LLC ("BlockFi Lending") made a series of overcollateralized loans to Three Arrows Capital, Ltd. ("Three Arrows" or "3AC").  When the relationship ended, the value of the outstanding loans was approximately $1.085 billion (USD equivalent) (the "Loans").  The Loans were secured by certain digital assets, including Bitcoin (BTC), interests in Grayscale Bitcoin Trust (GBTC), Grayscale Ethereum Trust (ETHE), Grayscale Ethereum Classic Trust (ETCG), Grayscale Digital Large Cap Fund (GLCF), Grayscale Zcash Trust, cash, general intangibles, investment property, and financial assets (collectively, the "Collateral").

9.      Three Arrows defaulted on the Loans in June 2022 and BlockFi properly accelerated the Loans and foreclosed on the Collateral with notice to 3AC. The proceeds of the Collateral were insufficient to repay the obligations under the Loans, so BlockFi initiated arbitration to recover the deficiency amount, default interest, and other fees and costs, which total at least $142 million.

10.     On June 27, 2022, 3AC commenced a liquidation proceeding before the British

Virgin Islands ("BVI") Court (the "BVI Proceeding"), which stayed the arbitration.[2] Russell

Crumpler and Christopher Farmer were appointed as joint liquidators and foreign representatives

of Three Arrows (the "JLs") and obtained recognition of the BVI Proceeding as a foreign main

proceeding under Chapter 15 of the Bankruptcy Code before the U.S. Bankruptcy Court for the

Southern District of New York, Case No. 22-1020 (the "3AC Chapter 15").

11.     Although the cases have been pending for a year, the BVI Proceeding and 3AC

Chapter 15 have progressed very little. While the BVI Proceeding is sealed, the 3AC Chapter 15

docket largely consists of pleadings related to the JLs' attempts to obtain documents and

cooperation from Kyle Davies and Su Zhu (the "3AC Founders") with no success to date.[3] The

JLs have repeatedly noted that the 3AC Founders have failed to cooperate with the 3AC liquidation

and have caused significant delays.[4] According to JL Russell Crumpler, Mr. Davies "has not

remotely 'cooperated with the legal process.'"[5] Not only are the 3AC Founders failing to

cooperate, they are instead galivanting around the world, creating new business ventures using

---

[2] Three Arrows held itself out as a business of investments and short-term opportunities incorporated under the laws of BVI in May 2012.

[3] *See In re Three Arrows Capital, Ltd.*, 647 B.R. 143 (Bankr. S.D.N.Y. 2023) (granting JLs' motion directing Davies to comply with subpoena served via email and social media); *In re Three Arrows Capital, Ltd.*, 647 B.R. 440 (Bankr. S.D.N.Y. 2022) (detailing the JLs' discovery requests and challenges with the 3AC Founders and holding service of subpoena via email and social media on Davies was warranted); *see also Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies* [3AC Chapter 15 Case, Docket No. 98]. On information and belief, the JLs are not requesting the same relief for Zhu since he is not a U.S. Citizen.

[4] *See supra*, note 4 (citing opinions and pleadings in the 3AC Chapter 15 regarding the 3AC Founders and the JLs' subpoena attempts).

[5] *Declaration of Russell Crumpler in Support of Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies* [3AC Chapter 15 Case, Docket No. 102 at ¶ 63].

3AC's likeness, and wholly ignoring orders of the court in the Chapter 15 Case, all while still finding time to "participate in only the U.S. proceedings which benefit [their] new ventures."[6] Additionally, the JLs recently alerted the Court in the Chapter 15 Proceeding that they believe "thousands of Davies's emails are suspiciously missing," and these communications occurred "during a critical period of time leading up to Three Arrows's insolvency."[7] The JLs acknowledge that "Davies's failure to provide information and documents has thus made it significantly more difficult for the Foreign Representatives to investigate the Debtor's affairs and the causes of its insolvency…"[8]

### B. The 3AC Claims Against BlockFi

12.    On January 30, 2023, this Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claims (collectively, the "Proofs of Claim") in these Chapter 11 Cases. The Bar Date Order established March 31, 2023, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than

---

[6] *See Supplemental Filing (A) In support of the Foreign Representatives' Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies; and (B) Updated the Court on Recent Developments* [3AC Chapter 15, Docket No. 109] (the "Supplement to the Davies Contempt Motion").

[7] *See Foreign Representatives of Three Arrows Capital, Ltd.'s Reply and Opposition to Non-Party Kyle Davies': (I) Opposition to Motion for Contempt; and (II) Cross-Motion to Vacate Orders* [3AC Chapter 15, Docket No. 110] (the "Reply to Opposition to Davies Contempt Motion").

[8] Reply to Opposition to Davies Contempt Motion at p. 2. Davies is now taking the position that he has renounced his U.S. citizenship. *See Non-Party Kyle Davies': (i) Opposition to Motion for Contempt; and (ii) Cross-Motion to Vacate Orders* [3AC Chapter 15, Docket No. 106].

governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date").

13.     On the General Claims Bar Date, the JLs filed nine (9) duplicative proofs of claim with identical addendums against each of the BlockFi Debtors asserting both "Known Claims" and "Unknown Claims" (collectively, the "3AC Claims"). A copy of the 3AC Claim against BlockFi Lending is attached hereto as Exhibit B.

14.     The JLs assert that their "Known Claims" include (a) preference claims under BVI and "other applicable law" arising from (i) a payment by 3AC to BlockFi on May 9, 2022, in the amount of $71M, (ii) an interest payment by 3AC on June 3, 2022 of 6,070,123 USDC and (iii) various transfers of cash and digital assets by 3AC, including: 34,225 ETH, 1,905,529 GBTC, 6,150,845 ETHE, 386,477 ETCG, and $1,691,744 and (b) BlockFi's obligations to repay loans made by 3AC in the amount of 2,307.75 BTC (the "BTC Loan"). 3AC Claims, addendum ¶ 6. 3AC asserts BlockFi pledged 31,345 ETH tokens as collateral for the BTC Loan, which "[b]ased on information available" to the JLs, 3AC foreclosed upon prior to the 3AC petition date. *Id.* For the Unknown Claims, the JLs reserved their rights to assert additional claims, stating they are aware of "multiple other transactions" between and among 3AC and BlockFi, which may include lending transactions and could constitute additional basis for claims by 3AC. *Id.*

15.     On May 12, 2023, the Debtors filed the *First Amended Joint Chapter 11 Plan* [Docket No. 875], as amended on June 28, 2023 [Docket No. 1132] and on July 31, 2023 [Docket No. 1300] (collectively, and as may be further amended from time to time, the "Plan") and the accompanying Disclosure Statement [Docket No. 874], as amended on June 28, 2023 [Docket No. 1133] and on July 31, 2023 [Docket No. 1301] (collectively, and as may be further amended from time to time, the "Disclosure Statement"). As proposed in the Plan and set forth in the Disclosure

Document    Page 10 of 37

Statement, BlockFi seeks to equitably subordinate any *Allowed*[9] portion of the 3AC Claims.[10] If the Court determines both that (i) any portion of the 3AC Claims are Allowed and (ii) that such Allowed 3AC Claims should not be equitably subordinated, "then the Allowed 3AC Claims shall be *pari passu* with Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity." Plan, at Art. III.C.

16.     In what was couched as an objection to the Disclosure Statement, the 3AC JLs objected to the proposed treatment of the 3AC Claims, claiming the "proposed confirmation procedures" (i) violate the automatic stay in the 3AC Chapter 15; (ii) violate the JLs' due process rights; and (iii) fail to properly describe BlockFi's objections to the 3AC Claims and proposal for equitable subordination. 3AC Disclosure Statement Objection, p. 6–19.[11]  The JLs argue that the issues surrounding the 3AC Claims and the Debtors' proposed treatment of any allowed portion of the 3AC Claims should be addressed in the 3AC Chapter 15.[12] *Id.*; *see also Supplement to the Davies Contempt Motion*, at 12–13 (explaining the filings in the BlockFi case to the 3AC Chapter 15 Court).

17.     It is entirely unclear on what basis the JLs are asserting claims against BlockFi at all. According to the JLs own pleadings and declarations in the 3AC Chapter 15, the JLs lack any

---

[9] As such term is defined in the Debtors' proposed Plan.

[10] BlockFi will be filing formal objections to the 3AC Claims as well, which is why the proposed Plan provides for equitable subordination of any Allowed portion of the 3AC Claims.

[11] The "3AC Disclosure Statement Objection" means the *Objection of the Foreign Representatives of Three Arrows Capital, Ltd. (in liquidation) to (A) The Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan and (B) The Debtors' Motion for Entry of an Order Approving (I) The Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 1153].

[12] The JLs filed claims in the BlockFi bankruptcy case, thereby submitting to this Court's jurisdiction. Moreover, as further detailed in *infra*, note 13, this Court has exclusive in rem jurisdiction over the allowance of the 3AC Claims and equitable subordination of any allowed portion of such claims.

books, records, or other documentation of the 3AC debtor, and based on the lack of documentation attached in support of the 3AC Claims, the JLs similarly lack support for their "Known" and "Unknown Claims" against BlockFi. The JLs now seek documentation from the Debtors in an effort to prove up claims that do not exist.

18.     The JLs' efforts to assert claims are also procedurally flawed. To date, the JLs (i) have failed to seek to lift the stay to file an adversary proceeding to properly prosecute the contingent, unliquidated 3AC Claims for preferences under BVI and "other applicable law" and (ii) have not filed any amendments to the 3AC Claims to provide any "additional basis" or context for the contingent and unliquidated "Unknown Claims." The JLs did apply in the BVI Proceeding for authority to file a Chapter 11 case in the United States on behalf of 3AC, but such application was denied.[13]

19.     The bottom line is that 3AC has no valid claims against BlockFi, and to the extent it did, any Allowed portion of the 3AC Claims would be offset by the outstanding deficiency balance owed by the 3AC estates to the Debtors. The Debtors have been working diligently to move expeditiously through these Chapter 11 Cases to confirmation and have started the solicitation process. Given the contingent, unliquidated, and disputed nature of the 3AC Claims, and the undue delay to making creditor distributions that could be caused if the 3AC Claims are not estimated, the Debtors submit that this Court should estimate the 3AC Claims at $0 for purposes of distribution.

---

[13] *Supplement to Davies Contempt Motion*, at 9. The JLs submitted this request to enable them to pursue claims under sections 544 and 547 of the Bankruptcy Code, which they currently cannot do.

## Basis for Relief Requested

20.     Bankruptcy Code section 105(a) grants this Court broad authority and discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. 105(a). Section 502(c) of the Bankruptcy Code provides that "there shall be estimated for purposes of allowance under this section . . . any contingent or unliquidated claim, the fixing of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(l).

21.     "Estimation by the Court is mandatory, provided that the movant establishes that fixing or liquidation of the claim would unduly delay the administration of the case." *In re RNI Wind Down Corp.,* 369 B.R. 174, 191 (Bankr. D. Del. 2007) (noting that the purpose of section 502(c) is to prevent the debtor's estate from "being held hostage by the fixing or liquidation of an unliquidated or contingent claim"). This Court has broad discretion to estimate claims, and estimation can be used for the purpose of allowing timely distributions under a chapter 11 plan. *See, e.g., Bittner*, 691 F.2d at 137 n.9 (explaining "Congress has given bankruptcy courts broad discretion to estimate a claim pursuant to section 502(c)(1)."); *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 279 (Bankr. S.D.N.Y. 2007) (estimating claim for distribution reserves); *In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 544463, at *8 (Bankr. S.D.N.Y. Jan. 17, 2006) (same). *In re C.F. Smith & Assoc.*, 235 B.R. 153, 159 (Bankr. D. Mass. 1999) ("[a] section 502(c) estimation is often employed for purposes other than adjudicating the merits of claim . . . In some cases, courts have estimated the value of a claim for all purposes, including distribution") (internal citations omitted). "The merits of a claim may be finally adjudicated under an estimation procedure." *In re C. F. Smith & Assocs., Inc.*, 235 B.R. 153, 160 (Bankr. D. Mass. 1999).

### A.  The 3AC Claims are Contingent and Unliquidated

Case 22-19361-MBK   Doc 1346   Filed 08/11/23   Entered 08/11/23 18:47:37   Desc Main
Document     Page 13 of 37

22. The requirements for claim estimation are satisfied here. First, the 3AC Claims are contingent and unliquidated. Although the term "contingent" is not defined in the Bankruptcy Code, claims are considered contingent if the payment of such claim "is dependent upon some future event that may never happen." *In re RNI Wind Down Corp.*, 369 B.R. 174, 182 (Bankr. D. Del. 2007); *First City Beamont v. Durkay (In re Ford)*, 967 F.2d 1047, 1051 (5th Cir. 1992) (explaining a contingent claim "is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to alleged creditor"). The term unliquidated is similarly not defined, but claims are considered unliquidated when "a specific value has not been determined." *Denunzio v. Ivy Holdings, Inc. (In re E. Orange Gen. Hosp., Inc.)*, 587 B.R. 54, 59 n.10 (D.N.J. 2018) (quoting Black's Law Dictionary 282 (10th ed. 2014)); *see also In re RNI Wind Down Corp.*, 369 B.R. at 183 (explaining "[a]n unliquidated claim is a claim in which the amount owed has not been determined.").

23. The 3AC Claims are contingent. The only theory that is somewhat articulated in the 3AC Claims is a potential preference claim under BVI and "other" (a/k/a unidentified) applicable law. To establish an allowed claim based on preference liability, the JLs would first have to obtain relief from the automatic stay in these Chapter 11 Cases and file an adversary proceeding against the Debtors to recover preferential transfers. FED. R. BANKR. P. 4001; 7001(1).[14] Even assuming such a proceeding could withstand valid procedural challenges raised by the Debtors, the JLs would also have to plainly set forth, with evidence, the elements of a preference under BVI and "other applicable law", which they cannot possibly do. 3AC has made no effort to articulate exactly why it thinks it has a claim, because it does not.

---

[14] If the JLs seek to challenge BlockFi's liens against 3AC, they would similarly be required to file an adversary proceeding on 3AC's behalf. FED. R. BANKR. P. 7001(2).

24.    Additionally, even if 3AC had *some* claim, the JLs would have to overcome all substantive defenses raised by the Debtors to the preferences and obtain an order from this Court that establishes the amount that should be paid to the 3AC estate.[15] The JLs have not taken steps to obtain any recovery from the Debtors based on preference liability, and the Debtors submit that any such action would be baseless.

25.    The 3AC Claims are also clearly unliquidated. The JLs do not assert any specific amounts that they claim 3AC estate is entitled to for the alleged preferences. Further, in reviewing the 3AC Claims, it is impossible to understand, let alone determine value for, what the JLs are claiming is owed for the "Unknown Claims." The JLs' description of the "Unknown Claims" includes nothing more than blanket, overly broad assertions that there are other "Unknown Claims" that "*could* constitute the basis for additional claims by Three Arrows and its estate against the Debtors." 3AC Claims, addendum at ¶ 6 (emphasis added). As such, the requirement in Section 502(c)(1) that claims be contingent or unliquidated is satisfied.

---

[15] Like the claims between FTX and BlockFi, this Court has exclusive in rem jurisdiction over BlockFi's interests in U.S. Property. Moreover, a bankruptcy court's in rem jurisdiction also gives it authority over claims made against the Debtors' estate. Even if the 3AC Claims were liquidated, which they are not, the treatment of such claims under bankruptcy law is within the exclusive in rem jurisdiction of this Court. "A bankruptcy court or district court resolving disputes over allowance, disallowance, or subordination of claims can never be bound by prior judgment of another court" aside from the other court's initial determination of the nature of a claim and amount of resulting damages under nonbankruptcy law. *In re Abeinsa Holding, Inc.*, Case No. 16-10790, 2019 Bankr, LEXIS 509 *11 (Bankr. D. Del. Feb. 14, 2019).

**B. Declining to Estimate the 3AC Claims Would Unduly Delay the Administration of these Chapter 11 Cases**

26.     Estimation of the 3AC Claims is necessary to avoid undue delay in the administration of these Chapter 11 Cases. Specifically, declining to estimate the 3AC Claims could materially delay distributions to creditors.

27.     Estimation "provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine." *In re Chemtura Corp.*, 448 B.R. 635, 649–50 (Bankr. S.D.N.Y. 2011). As noted above, the 3AC JLs have not sought to lift the stay to file an adversary proceeding to recover preference claims, let alone filed or prosecuted such claims (or even sufficiently described what the JLs are talking about). Nor have the JLs articulated any basis for the "Unknown Claims."

28.     The Debtors have worked diligently to prepare and file the proposed Plan that maximizes recovery with a carefully designed confirmation timeline that aims to get to the distribution phase as quickly as possible. In contrast, administration of the 3AC estate is lagging far behind. The JLs cannot get the 3AC Founders to cooperate with them or participate in the 3AC proceedings, and the JLs are trying to recreate the 3AC books and records, all of which are causing tremendous delay in administration of the 3AC estate. BlockFi's creditors should not be prejudiced by delays occurring in the 3AC liquidation. Further, if the JLs ever seek to the lift the stay and file an adversary proceeding, the Debtors are prepared to dispute the validity and allowance of the 3AC Claims, which could result in a lengthy dispute that could take a significant amount of time to resolve.

29.     Aside from the vague addendum attached to each 3AC Claim, the JLs attach no evidence or supporting documentation for the 3AC Claims because they have none. The JLs have

repeatedly, publicly stated that they do not have the books and records of 3AC and 3AC's Founders have refused to assist in locating or creating those books and records. The 3AC Claims assert no specific amount that the JLs seek to recover from the Debtors, and any allowed claim that BlockFi could potentially owe to 3AC is subject to setoff pursuant to applicable law and the terms of the agreements between the parties. These Chapter 11 Cases should not be delayed so that the JLs can (1) re-create evidence; (2) analyze whether 3AC has any claims against Blockfi; and then (3) potentially, at some unknown time, try to lift the stay to pursue any alleged unsupported 3AC preference claims. Based on the contingent, unliquidated, disputed nature of the 3AC Claims, the 3AC Claims should be estimated at $0.00 to prevent any undue delay in these Chapter 11 Cases.

### C. This Court has Broad Authority to Estimate the 3AC Claims

30.     There is no requirement that a particular kind of procedure be employed in estimating the value of a claim. *See Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 356 (3d Cir. 2002). Congress intended estimation to be undertaken initially by the bankruptcy judges, using whatever method is best suited to the contingencies at issue. *See Bittner*, 691 F.2d at 135 ("Despite the lack of express direction on the matter, we are persuaded that Congress intended the procedure to be undertaken initially by the bankruptcy judges, using whatever method is best suited to the particular contingencies at issue."). Accordingly, this Court has broad discretion to choose whatever method it deems best suited to the circumstances to estimate the 3AC Claims. *See In re Innovasystems, Inc.*, 2014 WL 7235527, at *7 ("There is no particular method to be employed in estimating a claim. Estimation decisions therefore fall within the discretion of the trial judge.") (citations omitted); *G-I Holdings*, 323 B.R. at 599. Estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim." *Bittner*, 691 F.2d at 135. There are no other limitations on the court's authority to evaluate the claim save those general principles that should

13

inform all decisions made pursuant to the Bankruptcy Code. *G-I Holdings*, 323 B.R. at 599 (citing *Bittner*, 691 F.2d at 136).

31.    An estimation, by definition, is an approximation and necessarily involves comparing a known or established quantum of data to the claim being estimated. *Fed.-Mogul Glob., Inc.*, 330 B.R. at 155. Courts recognize they are dealing with uncertainties and are attempting to make predictions, which are themselves based upon predictions and assumptions. *Owens Corning v. Credit Suisse First Boston*, 322 B.R. 719, 721 (D. Del. 2005). Thus, courts consider all factors and circumstances surrounding the claims, but do not seek to estimate claims with mathematical precision. *See In re Armstrong World Indus., Inc.*, 348 B.R. 111, 124 (D. Del. 2006) ("[T]he Court will not seek to analyze the estimations before it for mathematical precision, nor will it attempt to reach its own exact number."). The only requirement is that the value of the claim be determined in accordance with the legal rules that will govern the final amount of the claim. *See id.* at 123.

32.    The 3AC Claims are replete with conclusory allegations and unsubstantiated claims. Each of the 3AC Claims is subject to contingencies that must be resolved through litigation. 3AC must overcome too many factual and legal barriers to justify any delay in the claim distribution process at the expense of BlockFi's creditors. Thus, no matter the method this Court chooses, the circumstances of these Chapter 11 Cases and the contingencies surrounding the 3AC Claims warrant estimation at $0.

## **Reservation of Rights**

33.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization

to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or

(f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable

law.

## Separate Contested Matter

34.     Each of the 3AC Claims constitute a separate contested matter pursuant to

Bankruptcy Rule 9014. BlockFi respectfully requests that any order entered by the Court with

respect to a 3AC Claim described in this Motion be deemed a separate order with respect to each

of the 3AC Claims.

## Waiver of Memorandum of Law

35.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

36.     No prior request for the relief sought in this Motion has been made to this Court

or any other court.

## Notice

37.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the JLs for 3AC; (b) the office of the United States Trustee

for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (c) the

Debtors' 50 largest unsecured creditors (on a consolidated basis); (d) the United States Attorney's

Office for the District of New Jersey; (e) the Internal Revenue Service; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

16

Respectfully Submitted,

Dated: August 11, 2023                    /s/ *Michael D. Sirota*
                                          _____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## **EXHIBIT A**

## **PROPOSED ORDER**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**September 20, 2023 10:00 a.m. (ET)** |

### ORDER GRANTING DEBTORS' MOTION TO ESTIMATE THE AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY CODE

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

1

(Page 2)

Debtors: BlockFi Inc.

Case No.              22-19361(MBK)

Caption of Order:    ORDER GRANTING DEBTORS' MOTION TO ESTIMATE THE
                     AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS
                     PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY
                     CODE

---

The relief set forth on the following pages, numbered three (3) through five (5) is

**ORDERED**.

(Page 3)
Debtors: BlockFi Inc.
Case No.          22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION TO ESTIMATE THE
AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS
PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY
CODE

Upon consideration of the *Debtors' Motion to Estimate the Amount of the 3AC Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The 3AC Claims shall be estimated at $0.00 for distribution purposes.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors: BlockFi Inc.
Case No.              22-19361(MBK)
Caption of Order:    ORDER GRANTING DEBTORS' MOTION TO ESTIMATE THE
AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS
PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY
CODE

3.      Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

6.      Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

7.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**<u>Exhibit B</u>**

**3AC Claim Against BlockFi Lending**
**(A representative of all 9 duplicative claims filed by 3AC)**

**United States Bankruptcy Court, District of New Jersey (Trenton)**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ BlockFi Inc. (Case No. 22-19361) | ☐ BlockFi Wallet LLC (Case No. 22-19366) | ☐ BlockFi Investment Products LLC (Case No. 22-19370) |
| ☐ BlockFi Trading LLC (Case No. 22-19363) | ☐ BlockFi Ventures LLC (Case No. 22-19367) | ☐ BlockFi Services Inc. (Case No. 22-19371) |
| ☒ BlockFi Lending LLC (Case No. 22-19365) | ☐ BlockFi International Ltd. (Case No. 22-19368) | ☐ BlockFi Lending II LLC (Case No. 22-19374) |

RECEIVED

MAR 31 2023

KROLL RESTRUCTURING
ADMINISTRATION

[X] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

<u>Modified Official Form 410</u>

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Three Arrows Capital Ltd (in liquidation)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Teneo (BVI) Limited
Name

Banco Popular Building, 3rd Floor, VG-1110
Number      Street

Road Town, Tortola
City                                    State              ZIP Code

British Virgin Islands
Country (If outside of the US)

Contact phone _____

Contact email russell.crumpler@teneo.com

Where should payments to the creditor be sent? (if different)

c/o Teneo (BVI) Limited
Name

Banco Popular Building, 3rd Floor, VG-1110
Number      Street

Road Town, Tortola
City                                    State              ZIP Code

British Virgin Islands
Country (If outside of the US)

Contact phone _____

Contact email russell.crumpler@teneo.com

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known)_____

Filed on _____
            MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

221936180006495

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

---

**7. How much is the claim?**   $_____ See attached _____   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____ See attached _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____ See attached _____

**Amount of the claim that is secured:**   $_____ See attached _____

**Amount of the claim that is unsecured:**   $_____ See attached _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____ See attached _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property: See attached _____

---

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2  ) that applies. | $____See attached__ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    03/31/2023
                    MM / DD / YYYY

Signature

**Name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Russell Crumpler |
| | First name          Middle name          Last name |
| Title | Joint Liquidator of Three Arrows Capital Ltd |
| Company | Teneo (BVI) Limited |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | c/o Teneo (BVI) Limited, Banco Popular Building, 3rd Floor, VG-1110 |
| | Number      Street |
| | Road Town, Tortola, British Virgin Island |
| | City                                          State      ZIP Code |
| Contact phone | _____        Email russell.crumpler@teneo.com |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BlockFi Inc., *et al.*, | ) | Case No. 22-19361 (MBK) |
| | ) | |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### ATTACHMENT TO PROOF OF CLAIM FILED BY THE
### JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD

This attachment (the "**Attachment**") to this proof of claim (the "**Proof of Claim**") is hereby filed by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators and foreign representatives (the "**Joint Liquidators**") of Three Arrows Capital Ltd. ("**Three Arrows**"), against each Debtor. This Attachment is an integral part of this Proof of Claim and is incorporated by reference therein for all purposes.

### BACKGROUND

1.      Three Arrows was an investment firm incorporated in the British Virgin Islands (the "**BVI**") with a focus on trading and investing in cryptocurrency and other digital assets.

2.      Three Arrows' business collapsed during May and June 2022 in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, it commenced a liquidation proceeding (the "**BVI Proceeding**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), and that court issued an order appointing Russell Crumpler and Christian Farmer as the Joint Liquidators of Three Arrows.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

3.      On July 1, 2022, the Joint Liquidators, acting as the foreign representatives of Three
Arrows, commenced Chapter 15 proceedings before the United States Bankruptcy Court for the
Southern District of New York (*In re Three Arrows Capital Ltd.*, Case No. 22-10920 (Bankr.
S.D.N.Y. 2022)), which court granted recognition of Three Arrows' foreign main proceeding
pending in the BVI.

4.      Under BVI law, the Joint Liquidators are fiduciaries of the Three Arrows' estate
created in the BVI Proceeding, with an obligation under BVI law to conduct an orderly, fair
liquidation of Three Arrows and to maximize the value of the Three Arrows' assets for the benefit
of creditors.  In furtherance of those duties, the BVI Order and BVI law empower the Foreign
Representatives, *inter alia*, with the sole authority to take possession and control of Three Arrows'
assets, carry on Three Arrows' business and manage its affairs, and investigate the causes of Three
Arrows' insolvency and any potential causes of action the estate may have.

## SUMMARY OF CLAIM

5.      The Joint Liquidators' investigation remains limited by Three Arrows' historically
meager record-keeping, which limitation is further exacerbated by the Three Arrows' founders'
(who maintained day to day control over Three Arrows prior to its collapse) refusal to
meaningfully engage or cooperate with the Joint Liquidators in their investigative efforts.
Nevertheless, the Joint Liquidators have been able to identify certain claims and causes of action
that they believe the Three Arrows' estate has against the Debtors as of the date of the
commencement of the Debtors' chapter 11 cases (the "**Petition Date**").  The Joint Liquidators'
investigation remains ongoing and may develop additional claims or additional information
relevant to the claims asserted herein.

6.      Based on the information that the Joint Liquidators have been able to uncover to-
date in their investigation, the Three Arrows' estate has various claims against the Debtors (the

"**Known Claims**").[2]  The Known Claims comprise claims arising from: (a) preference claims under BVI and other applicable law arising from (i) a payment by Three Arrows to the Debtors on May 9, 2022 in the amount of $71,000,000, (ii) an interest payment by Three Arrows to the Debtors on June 3, 2022 in the amount of 6,070,123 USD Coin (USDC), and (iii) various transfers of cash and digital assets by Three Arrows to the Debtors, including the transfers of (v) 34,225 Ether tokens (ETH), (w) 1,905,529 Grayscale Bitcoin Trust shares (GBTC), (x) 6,150,854 Grayscale Ethereum Trust shares (ETHE), (y) 386,477 Grayscale Ethereum Classic Trust shares (ETCG), and (z) $1,691,744, and (b) obligations to repay loans made by Three Arrows to the Debtors in the amount of 2,307.75 Bitcoin (the "**BTC Loan**").  Based on information available to them, the Joint Liquidators understand that 31,345 Ether tokens were pledged to Three Arrows as security for the BTC Loan.  Upon information and belief, the Joint Liquidators believe that Three Arrows foreclosed upon such Ether collateral prior to the Petition Date.  Further, on information and belief, the Joint Liquidators are aware of multiple other transactions between and among Three Arrows and the Debtors, which may include additional lending transactions between Three Arrows and the Debtors that could constitute the basis for additional claims by Three Arrows and its estate against the Debtors.  Any such additional claims remain subject to the Joint Liquidators' ongoing evaluation and investigation.  The Joint Liquidators hereby preserve such claims and reserve all rights with respect thereto.

## RESERVATION OF RIGHTS

7.      The Joint Liquidators do not yet have access to documentation evidencing the Known Claims, and thus far have only been able to identify such claims via limited information

---

[2]  All rights are reserved as to the denomination, amount, priority, security interests, and other rights with respect to the claims asserted herein and other claims of the Three Arrows estate, and nothing herein shall be deemed a waiver or admission as to any aspect thereof.

available to them through Three Arrows' books and records. The Joint Liquidators do not have access to sufficient information at this stage to determine whether the Three Arrows' estate has any prepetition claims against the Debtors in addition to the Known Claims. The Joint Liquidators' efforts to locate such documents and information remains ongoing. In light of the General Claims Bar Date (as defined in the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440]) of March 31, 2023, the Joint Liquidators file this Proof of Claim against each of the Debtors in good faith with the information presently available to them to preserve the Known Claims.

8. The Joint Liquidators further hereby assert all other claims that Three Arrows or its estate may possess against the Debtors, whether known or unknown, contingent or non-contingent, or otherwise. The Joint Liquidators, on behalf of the Three Arrows' estate, file this Proof of Claim with full reservation of rights, including, without limitation, to right to amend, clarify, or supplement this Proof of Claim at any time (either before or after the General Claims Bar Date), in any manner, and for any reason, including but not limited to, fixing or liquidating any claims of the Three Arrows estate (whether or not expressly described herein), specifying claims for ongoing obligations of the Debtors that are not expressly described herein, pursuing any claims based upon additional or alternative legal theories, or asserting any additional claims, including for secured status or priority (including pursuant to Section 507(c) of the Bankruptcy Code), subrogation (equitable or otherwise), claims for indemnities under any loan documents or other agreements between Three Arrows and any of the Debtors, state, common law, and BVI causes of action, and interest owed on account of any claims included herein or that may be asserted by the Joint Liquidators in the future.

9.     This Proof of Claim is without prejudice to claims, if any, that Three Arrows or its estate has or may have for payment of any additional administrative expenses allowable under section 503(b) of the Bankruptcy Code or otherwise with respect to any transaction, whether or not such amounts are included in this Proof of Claim, and the Joint Liquidators' right to file such claims or any similar claims on behalf of Three Arrows and its estate at an appropriate time is expressly reserved.

10.    The Joint Liquidators, on behalf of the Three Arrows' estate, further reserve all of their rights of setoff, recoupment, bankers' lien, and all similar such rights, and nothing herein shall be construed as a waiver thereof.

11.    The Joint Liquidators, on behalf of themselves and the Three Arrows' estate, reserve all of their respective procedural and substantive defenses and rights, including a right to a jury trial, with respect to any claim that may be asserted against them by any of the Debtors, any trustee for the Debtors' estates, any other party in interest in these chapter 11 cases, or any other person or entity whatsoever.

12.    The filing of this Proof of Claim and the assertion of the claims herein are not and shall not be deemed or construed as a consent or admission with respect to the validity or accuracy of any valuation proposed by the Debtors, any affiliate, or any third party.  The Joint Liquidators and Three Arrows do not waive or release any rights with respect thereto.

13.    The execution and filing of this Proof of Claim is not (i) a waiver or release of any of the Joint Liquidators' or the Three Arrows' rights against any entity or person liable for all or part of the claims herein, (ii) a consent by the Joint Liquidators or Three Arrows to the jurisdiction of this Court with respect to any proceeding commenced in these chapter 11 cases against or otherwise involving the Joint Liquidators, (iii) a waiver of the Joint Liquidators' or Three Arrows'

right to have any and all final orders in any and all non-core matters entered after *de novo* review by a United States District Court judge or their respective right to a trial by jury in any proceeding as to any and all matters so triable, whether designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to section 157(b) of the Bankruptcy Code or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution, (iv) a waiver of the right to withdraw the reference with respect to the subject matter of the claims herein, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Joint Liquidators or Three Arrows, (v) an election of remedy or choice of law that waives or otherwise affects any other remedy or choice of law, (vi) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights and remedies under applicable law, including BVI law, (vii) a waiver of any right of action that the Joint Liquidators or Three Arrows have or may have against any of the Debtors or any other person or entity, (viii) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights against any third party, and/or (ix) a waiver of any right to the subordination, in favor of Three Arrows and its estate, of indebtedness or liens held by creditors of any of the Debtors.

14.    To the extent that any of the Debtors or any other party takes any action that would give rise to a counterclaim or other rights or claims that Three Arrows or its estate may have against any of the Debtors, the Joint Liquidators reserve all of their and Three Arrows' rights.

15.    The Joint Liquidators reserve the right to attach, produce and/or rely upon additional documentation that supports Three Arrows' and its estate's claims against the Debtors, and any additional documents that may become available after further investigation or discovery, or upon request of any of the Debtors. Nothing contained in this Proof of Claim shall limit the

rights of the Joint Liquidators to file papers or pleadings, or commence any proceedings, or take

any actions concerning Three Arrows' and its estate's claims against the Debtors.

## NOTICES

16.     All notices to the Joint Liquidators concerning this Proof of Claim should be sent

to:

> c/o Teneo (BVI) Limited
> Banco Popular Building, 3rd Floor
> Road Town, Tortola, VG-1110
> British Virgin Islands
> Attn: Russell Crumpler
> Email: Russell.crumpler@teneo.com and 3acliquidation@teneo.com

Copies of all notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

> LATHAM & WATKINS LLP
> Attn: Adam J. Goldberg, Brett Neve, and Nacif Taousse
> 1271 Avenue of the Americas
> New York, NY 10020
> Emails: adam.goldberg@lw.com, brett.neve@lw.com, and nacif.taousse@lw.com

17.     The request for copies of notices to be sent to Latham & Watkins LLP will not be

deemed authorization of Latham & Watkins LLP to accept service of process on behalf of the Joint

Liquidators.

# KROLL

## Restructuring Administration LLC
## (f/k/a Prime Clerk LLC)

# **Brooklyn**

## CLAIM/BALLOT HAND DELIVERY
## CONFIRMATION SHEET

DATE RECEIVED: 03/31/2023

CASE: BlockFi

NO. OF CLAIMS: 9

NO. OF BALLOTS: 0

COPIES: 9 copies returned + 9 Dupes with orginals

RECEIVED BY: RR