**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DECLARATION OF MARK RENZI IN SUPPORT OF DEBTORS' MOTION TO ESTIMATE THE AMOUNT OF THE 3AC CLAIMS AGAINST THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY CODE**

I, Mark Renzi, pursuant to 28 U.S.C. § 1746, declare:

1. My name is Mark Renzi. I am over the age of 21. I am a Managing Director and the Head of the Corporate Finance Financial Institutions Group for Berkeley Research Group, LLC ("BRG"). I am also the Chief Restructuring Officer for the debtors and debtors in possession in

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

1

the above-captioned Chapter 11 Cases (collectively, "BlockFi" or the "Debtors"). Accordingly, I am in all respects competent to make this Declaration (the "Declaration").

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in these Chapter 11 Cases and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Declaration on the Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## The 3AC Estimation Motion

3. Contemporaneously with this Declaration, the Debtors filed *Debtors' Motion to Estimate the Amount of the 3AC Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (the "3AC Estimation Motion").[2] Through the 3AC Estimation Motion, the Debtors request the Court estimate the 3AC Claims in the amount of $0.00 for distribution purposes.

**A. The 3AC Claims in these Chapter 11 Cases**

4. The JLs filed nine (9) duplicative claims against each of the BlockFi Debtors.

5. The JLs attached to each 3AC Claim an identical addendum (the "3AC Addendum") purporting to state the 3AC Claims.

6. In the 3AC Addendum, the JLs assert that 3AC has various "Known Claims" and "Unknown Claims" against the Debtors. 3AC Claims Addendum at ¶ 6.

7. The "Known Claims" include alleged (a) preference claims under BVI and "other [unidentified] applicable law" arising from (i) a payment by 3AC to BlockFi on May 9, 2022, in

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the 3AC Estimation Motion.

2

the amount of $71M, (ii) an interest payment by 3AC on June 3, 2022 of 6,070,123 USDC and (iii) various transfers of cash and digital assets by 3AC, including: 34,225 ETH, 1,905,529 GBTC, 6,150,845 ETHE, 386,477 ETCG, and $1,691,744, and (b) BlockFi's obligations to repay loans made by 3AC in the amount of 2,307.75 BTC. *Id.* The JLs assert BlockFi pledged 31,345 ETH tokens as collateral for the BTC Loan, which "[b]ased on information available" to the JLs, 3AC foreclosed upon prior to the 3AC petition date. *Id.*

8. For the "Unknown Claims," the JLs reserved the right to assert additional claims, stating they are aware of "multiple other transactions" between and among 3AC and BlockFi, which may include lending transactions and could constitute additional basis for claims by 3AC. *Id.* The 3AC Addendum is the only evidence 3AC submitted in support of the 3AC Claims.

9. Based on my review of the Debtors' books and records, BlockFi does not owe 3AC any amount of fiat currency or digital assets. Rather, 3AC owes BlockFi an amount not less than $142 million due to 3AC's Loan default. Therefore, the 3AC Claims should be estimated at $0.00 to prevent unnecessary delay in the administration of these Chapter 11 Cases.

**B. The 3AC Claims Should be Estimated at $0.00.**

10. Under the facts and circumstances of these Chapter 11 Cases, estimation is necessary to prevent undue delay of implementation and consummation of the Debtors' proposed Plan. The Debtors obtained conditional approval of the amended Disclosure Statement and will soon begin soliciting votes. Although subject to change, the below chart represents the current confirmation timeline, with a proposed combined Disclosure Statement and Plan confirmation hearing on September 26, 2023.

| Entry of Conditional DS Order | **August 2** |
|---|---|
| Publication Deadline (5 business days after entry of order) | **August 9** |
| Proposed Solicitation Deadline | **August 12** |

3

| | |
|---|---|
| Plan Supplement Filing Deadline (7 days before Voting Deadline) | **September 4** |
| Proposed Confirmation Objection Deadline/Voting Deadline | **September 11 at 4:00 PM** |
| Voting Report Deadline/ Confirmation Reply Deadline | **September 25 at 5:00 PM** |
| Final DS/Confirmation Hearing | **September 26 at 1:00 PM** |

11.    This timeline is designed for the Debtors to swiftly confirm their proposed Plan and begin making distributions. Based on my review of the 3AC Claims, it is entirely unclear what the JLs believe is owed to the 3AC estate by the Debtors. The JLs have not asserted a specific claim amount and seem to base the Debtors' asserted liabilities to 3AC on certain avoidance actions that have not been filed, let alone litigated to the point that 3AC could have a liquidated claim. As such, estimation of the 3AC Claims is proper and in the best interest of the Chapter 11 Cases. Estimation at $0.00 for these contingent, unliquidated 3AC Claims will prevent (i) requiring parties-in-interest to await the outcome of some potential, uncertain litigation and (ii) making creditors with legitimate claims suffer the value destruction that would result from a significantly prolonged bankruptcy.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2023

By: /s/ *Mark Renzi*
     Mark Renzi
     CRO of the Debtors