**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

Order Filed on August 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) ESTABLISHING ELIGIBILITY FOR
WITHDRAWALS OF WALLET ASSETS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through six (6), is ORDERED.

**DATED: August 16, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) ESTABLISHING ELIGIBILITY FOR WITHDRAWALS OF WALLET ASSETS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Application in Lieu of a Motion for Entry of an Order (I) Establishing that All Withdrawals of Wallet Assets are Final and (II) Granting Related Relief* (the "Application"),[2] where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order (this "Order") establishing the eligibility for withdrawals of Wallet Assets, all as more fully set forth in the Application; and upon the First Day Declaration and the Amended Cheela Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having established just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. Notwithstanding anything to the contrary in the Prior Wallet Orders, the Debtors are authorized, but not directed, to distribute the digital assets contained in the Custodial

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) ESTABLISHING ELIGIBILITY FOR WITHDRAWALS OF WALLET ASSETS AND (II) GRANTING RELATED RELIEF |

Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp from those Wallet Accounts owned or controlled by employees of the Debtors, excluding those employees that are also "Committee Settlement Parties," as such term is defined in the Plan.

3.     Notwithstanding anything to the contrary in the Prior Wallet Orders, the Debtors are authorized, but not directed, to distribute the digital assets contained in the Custodial Omnibus Wallets and represented in the Client Wallet Accounts as of the Platform Pause Time Stamp from those Wallet Accounts that received transfers from other non-Wallet BlockFi accounts during the ninety (90) days prior to the Petition Date *provided that*, pending further order of the Court, there will not be any distribution from any Wallet Account that received transfers from other non-Wallet BlockFi accounts (x) in excess of $7,575 during the ninety (90) days prior to the Petition Date and (y) upon entry of the Confirmation Order, in excess of $250,000 and received after November 2, 2022.

4.     Nothing contained herein shall be construed (i) as a determination, implication, admission, or waiver of any rights or causes of action with respect to any potential preference or avoidance actions under chapter 5 of the Bankruptcy Code; (ii) to permit withdrawal from any Wallet Account owned or controlled by any Committee Settlement Party; or (iii) pending further order of the Court, to permit withdrawal from any Wallet Account that received transfers from other non-Wallet BlockFi accounts (x) in excess of $7,575 during the ninety (90) days prior to the Petition Date and (y) upon entry of the Confirmation Order, in excess of $250,000 and received after November 2, 2022.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) ESTABLISHING ELIGIBILITY FOR WITHDRAWALS OF WALLET ASSETS AND (II) GRANTING RELATED RELIEF |

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Application; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Application are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application

7. Notwithstanding anything to the contrary in the Application or this Order, nothing in the Application or this Order constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page | 5)

Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER (I) ESTABLISHING ELIGIBILITY FOR WITHDRAWALS OF WALLET ASSETS AND (II) GRANTING RELATED RELIEF

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court
District of New Jersey

In re: Case No. 22-19361-MBK
BlockFi Inc. Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1
Date Rcvd: Aug 16, 2023     Form ID: pdf903     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 18, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + BlockFi Inc., 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691-1910 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 18, 2023      Signature:      /s/Gustava Winters