**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 20, 2023 @ 10:00 a.m. ET**<br>**Response Deadline: September 13, 2023 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

## NOTICE OF DEBTORS' EIGHTH OMNIBUS
## OBJECTION TO CLAIMS OF THREE ARROWS CAPITAL, LTD.
### (books and records, unliquidated, duplicates, incorrect/improper classification, insufficient documentation, not liable)

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:**

| | |
|---|---|
| **JORDAN E. CHAVEZ** | **LAUREN M. SISSON** |
| **(214) 651-5453** | **(212) 835-4877** |
| **JORDAN.CHAVEZ@HAYNESBOONE.COM** | **LAUREN.SISSON@HAYNESBOONE.COM** |

**PLEASE TAKE NOTICE** that on **September 20, 2023 @ 10:00 a.m. (ET)**, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, shall move for disallowance of the 3AC Claims[2] described herein (the "Objection") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. The Debtors shall rely upon the accompanying *Certification of Zachary L. Prince* attached to the Objection as **Exhibit A**. A Proposed Order granting the relief requested in the Objection is also submitted herewith as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain*

---

[2] Capitalized terms used in this Notice but not otherwise defined shall have the meanings provided in the body of the attached Objection.

*Notice, Case Management, and Administrative Procedures* [Docket No. 54] (the "<u>Case Management Order</u>"); (iv) conform with the Bankruptcy Court's *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "<u>Claims Procedures Order</u>"); and (v) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than 4:00 pm (ET) seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: August 21, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice* g)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' EIGHTH OMNIBUS
## OBJECTION TO CLAIMS OF THREE ARROWS CAPITAL, LTD.
**(books and records, unliquidated, duplicates, incorrect/improper**
**classification, insufficient documentation, not liable)**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

hereby file this *Debtors' Eighth Omnibus Objection to Claims of Three Arrows Capital, Ltd.* (the

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

"Objection") for entry of an Order substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Objection, the Debtors respectfully represent as follows:

### Preliminary Statement[2]

1.      The 3AC JLs filed duplicative proofs of claim against each of the Debtors asserting what it characterizes as "Known Claims" and "Unknown Claims." The JLs describe the "Known Claims" as preference claims under BVI and "other applicable law" and claims for outstanding amounts allegedly owed by BlockFi on loans, yet the JLs have *zero* evidence to support the "Known Claims." The alleged "Unknown Claims" are even more vague, based entirely on the JLs' unidentified "information and belief" that there were other transactions between BlockFi and 3AC.

2.      In filing the 3AC Claims, the JLs failed to plead any legitimate claims against the Debtors whatsoever. The 3AC Claims allege no facts or evidence to support a fraudulent preference under BVI law or any other avoidance action under any other potentially applicable law. The 3AC Claims do not make out a *prima facie* case that the JLs may recover anything from the Debtors—they contain only vague assertions and conclusory, unsupported allegations. The reason is simple: 3AC borrowed money from BlockFi through 3AC's fraud, and some of 3AC's debt to BlockFi was paid back when 3AC failed to respond to a margin call and BlockFi foreclosed on posted Collateral. 3AC owes BlockFi for this deficiency. BlockFi owes 3AC nothing.

---

[2] Capitalized terms used but not otherwise defined in the Preliminary Statement shall have the meanings provided in the remainder of this Objection.

3.      3AC has no claim given the applicable law and facts. As a preliminary matter, the
JLs have not taken any steps to seek relief from the stay to pursue avoidance actions against the
Debtors. The JLs have not pled any valid claims against the Debtors, and more substantively, the
suggestion that 3AC would have a claim against BlockFi is illogical. 3AC convinced BlockFi to
lend money to it through fraud. BlockFi required 3AC to post the Collateral to secure the Loans
and, when 3AC failed to a respond to a margin call, BlockFi rightfully foreclosed. None of these
actions could possibly create a claim *by* 3AC *against* BlockFi. As such, the 3AC Claims should
be disallowed.

### **Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.).
The Debtors confirm their consent to the Court entering a final order in connection with this
Objection to the extent that it is later determined that the Court, absent consent of the parties,
cannot enter final orders or judgments in connection herewith consistent with Article III of the
United States Constitution.

5.      By filing proofs of claim, 3AC and the JLs have submitted to the equitable
jurisdiction of this Court and consented to this Court's adjudication of its claims. *See Langenkamp
v. Culp*, 498 U.S. 42, 45 (1990) (per curiam); *In re Tarragon Corp.*, 2009 WL 2244598, at *6
(Bankr. D.N.J. July 27, 2009) ("[T]he filing of a proof of claim brings a creditor within the
equitable jurisdiction of the Bankruptcy Court removing the creditor's right to a jury trial.") (citing
*Shubert v. Lucent Techs., Inc.* (*In re Winstar Communications, Inc.*), 554 F.3d 382, 406–07 (3d

Cir. 2009) (citing *Langenkamp*, 498 U.S. at 44–45) (other citations omitted)); *Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 451 (E.D. Pa. 2004).

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are sections 105(a) and 502(a) of Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2 and 9013-1.

## Background

**A.      The Chapter 11 Cases**

8.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

9.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

10.     On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

**B.      The Claims Process**

11.      On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these Chapter 11 Cases. The Bar Date Order established March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date").

12.      On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of: BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket Nos. 460 and 856), BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket Nos. 462 and 858); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi Lending LLC (Case No. 22-19365) [Docket No. 251] (as amended by Docket Nos. 461 and 857), BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No. 22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257], BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007. On February 2, 2023 and February 3, 2023, the Debtors caused a bar date notice to be published in The New York Times and The Royal Gazette, respectively, as set forth in the affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance

5

with the procedures set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order"). The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

13.     On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order"). The Claims Procedures Order, attached hereto as **Exhibit C**, provides the relevant information with respect to claim objections, responses, and replies, including the required substance and deadlines for each.

14.     As of the date hereof, over 32,000 Proofs of Claim have been filed against the Debtors. The Debtors, together with their advisors, have commenced the Claims reconciliation process, reviewed the claims listed on Schedule 1 to the Proposed Order and concluded that each should be disallowed as detailed in this Objection and on Schedule 1.

**C.  The 3AC Claims**

15.     BlockFi Lending LLC ("BlockFi Lending") made a series of overcollateralized loans (the "Loans") to Three Arrows Capital, Ltd. ("Three Arrows" or "3AC"). The Loans were secured by certain digital assets, including Bitcoin (BTC), interests in Grayscale Bitcoin Trust (GBTC), Grayscale Ethereum Trust (ETHE), Grayscale Ethereum Classic Trust (ETCG),

Grayscale Digital Large Cap Fund (GLCF), Grayscale Zcash Trust, cash, general intangibles, investment property, and financial assets (collectively, the "Collateral").

16.     Three Arrows defaulted on the Loans in June 2022 and BlockFi properly accelerated the Loans and foreclosed on the Collateral with notice to 3AC. The proceeds of the Collateral were insufficient to repay the obligations under the Loans, so BlockFi initiated arbitration to recover the deficiency amount, default interest, and other fees and costs, which total at least $142 million.

17.     On June 27, 2022, 3AC commenced a liquidation proceeding before the British Virgin Islands ("BVI") Court (the "BVI Proceeding"), which stayed the arbitration.[3] Russell Crumpler and Christopher Farmer were appointed as joint liquidators and foreign representatives of Three Arrows (the "JLs") and obtained recognition of the BVI Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code before the U.S. Bankruptcy Court for the Southern District of New York, Case No. 22-1020 (the "3AC Chapter 15").

18.     According to the JLs, there has been minimal progress in both the BVI Proceeding and 3AC Chapter 15, as Kyle Davies and Su Zhu (the "3AC Founders") have ignored the JLs' requests to cooperate. As a result, the JLs allege that they are trying to piece together 3AC's books and records using documents provided by 3AC's prior business partners. While the BVI Proceeding is sealed, the 3AC Chapter 15 docket largely consists of pleadings related to the JLs' attempts to obtain documents and cooperation from the 3AC Founders, with no success to date.[4]

---

[3] Three Arrows held itself out as a business of investments and short-term opportunities incorporated under the laws of BVI in May 2012.

[4] *See In re Three Arrows Capital, Ltd.*, 647 B.R. 143 (Bankr. S.D.N.Y. 2023) (granting JLs' motion directing Davies to comply with subpoena served via email and social media); *In re Three Arrows Capital, Ltd.*, 647 B.R. 440 (Bankr. S.D.N.Y. 2022) (detailing the JLs' discovery requests and challenges with the 3AC Founders and holding service of subpoena via email and social media on Davies was warranted); *see also Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply*

19.    The JLs have repeatedly noted that the 3AC Founders have failed to cooperate with the 3AC liquidation and have caused significant delays. According to JL Russell Crumpler, Mr. Davies "has not remotely 'cooperated with the legal process.'"[5] The JLs assert that not only are the 3AC Founders failing to cooperate and wholly ignoring orders of the court in the Chapter 15 Case, but they are also publicly flaunting their world travels and new business ventures, while Davies is still finding time to "participate in only the U.S. proceedings which benefit his new ventures."[6]

20.    On the General Claims Bar Date, the JLs filed nine (9) duplicative proofs of claim against each of the BlockFi Debtors purporting to assert both "Known Claims" and "Unknown Claims" (collectively, the "3AC Claims"). The JLs attached to each 3AC Claim an identical addendum as the only support for the 3AC Claims (the "3AC Addendum"). The 3AC Addendum fails to even allege which debtor entity or entities had a business relationship with 3AC. A copy of the 3AC Claims is attached hereto as **Exhibit D**.[7]

---

*With March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies* [3AC Chapter 15 Case, Docket No. 98].

On information and belief, the JLs are not requesting the same relief for Zhu since he is not a U.S. Citizen. Davies recently asserted that he has renounced his U.S. citizenship, and the court denied the JL's motion for contempt and sanctions partly on the basis that he successfully rebutted the presumption that he was a U.S. citizen and held that he was not properly served through social media. *See Non-Party Kyle Davies': (I) Opposition to Motion for Contempt; and (II) Cross-Motion to Vacate Orders* [3AC Chapter 15 Case, Docket No. 106]; *Order Denying the Foreign Representatives' Motion for Contempt and Sanctions* [3AC Chapter 15 Case, Docket No. 112].

[5] *Declaration of Russell Crumpler in Support of Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies* [3AC Chapter 15 Case, Docket No. 102 at ¶ 63].

[6] *See Supplemental Filing (A) In support of the Foreign Representatives' Motion for an Order (1) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order, and (II) Granting Sanctions Against Kyle Livingstone Davies; and (B) Updated the Court on Recent Developments* [3AC Chapter 15, Docket No. 109] (the "Supplement to the Davies Contempt Motion").

[7] The JLs filed identical proofs of claim against each entity, Ex. D is the proof of claim filed against BlockFi Lending LLC, the entity which was a party to the Loan agreement with 3AC.

21.     The JLs assert that 3AC's "Known Claims" include (a) preference claims under BVI and "other applicable law" arising from (i) a payment by 3AC to BlockFi on May 9, 2022, in the amount of $71M, (ii) an interest payment by 3AC on June 3, 2022 of 6,070,123 USDC and (iii) various transfers of cash and digital assets by 3AC, including: 34,225 ETH, 1,905,529 GBTC, 6,150,845 ETHE, 386,477 ETCG, and $1,691,744 and (b) BlockFi's obligations to repay loans made by 3AC in the amount of 2,307.75 BTC (the "BTC Loan"). 3AC Claims Addendum at ¶ 6. 3AC asserts BlockFi pledged 31,345 ETH tokens as collateral for the BTC Loan, which "[b]ased on information available" to the JLs, 3AC foreclosed upon prior to the 3AC petition date. *Id.* For the Unknown Claims, the JLs reserved their rights to assert additional claims and stated that they are aware of "multiple other transactions" between and among 3AC and BlockFi, which may include lending transactions and could constitute additional basis for claims by 3AC. *Id.*

22.     With respect to the 3AC Claims, to date, the JLs (i) have failed to seek to lift the stay to file an adversary proceeding to properly prosecute the contingent, unliquidated 3AC Claims for preferences under BVI and "other applicable law" and (ii) have not filed any amendments to the 3AC Claims to provide any "additional basis" or context for the contingent and unliquidated "Unknown Claims." The JLs did, however, apply in the BVI Proceeding for authority to file a Chapter 11 case in the United States on behalf of 3AC, but the application was denied.[8]

## Objection

23.     The Debtors object to the 3AC Claims and ask this Court to disallow the 3AC Claims in their entirety. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,

---

[8] *Supplement to Davies Contempt Motion*, at 9. The JLs submitted this request to enable them to pursue claims under sections 544 and 547 of the Bankruptcy Code, which they currently cannot do.

unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for claims brought

in the bankruptcy court under section 502(a) of the Bankruptcy Code is a shifting burden that rests

on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH, 2013 WL

6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir.

1992)). First, the claimant must allege facts sufficient to support its claim. *Id.* If the allegations in

the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that

alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial

obligation." *Id.* A properly filed proof of claim is generally considered "*prima facie* evidence of

the validity and the amount of the claim." FED. R. BANKR. P. 3001(f).

24.    The burden then shifts to the objector to produce evidence sufficient to negate the

*prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must

produce evidence which, if believed, would refute at least one of the allegations that is essential to

the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to

the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden

of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to

provide that, with limited exceptions, any defense to a claim that is available outside of the

bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas

& Elec. Co.*, 549 U.S. 443, 450 (2007).

25.    A claimant's failure to allege facts and to provide sufficient support for a claim

deprives the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474,

481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with

respect to the allowance of claims). "[I]n certain circumstances claims can be disallowed for failure

to support the claim with sufficient evidence, even if this is not a specifically enumerated reason

for disallowance under 11 U.S.C. § 502(b) . . . ." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD,

2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667

(Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule

3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

26.      "The debtor… 'has no evidentiary burden to overcome' in objecting to a claim that

is not prima facie valid." *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008) (*citing eCast

Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (Bankr. S.D. Tex. 2007)) (holding that

debtors' objections alone are sufficient to shift the burden back to claimant when proof of claim

had insufficient documentation).

27.      The JLs have failed to allege facts and provide sufficient support for the 3AC

Claims, thus depriving the 3AC Claims of *prima facie* validity. The only theories that are

somewhat articulated in the 3AC Claims are repayment for the BTC Loan and a potential

fraudulent preference claim under BVI and "other" (unidentified) applicable law.

28.      To establish an allowed claim based on preference liability, the JLs would first have

to obtain relief from the automatic stay in these Chapter 11 Cases and file an adversary proceeding

against the Debtors to recover preferential transfers. Even assuming such a proceeding could

withstand valid procedural challenges raised by the Debtors, the JLs would also have to set forth,

with evidence, the elements of a fraudulent preference under BVI[9] and any "other applicable law,"

which they plainly have not done despite having five months to supplement the 3AC Claims.

---

[9] One element of a fraudulent preference under BVI law is that the transfer must have been made with the dominant intention to prefer a particular creditor. *See Re Stealth Construction* [2011] EWHC 1305 at 67. As such, the JLs would need to show that the transfers to BlockFi within the preference period were made primarily because 3AC intended to prefer BlockFi over its other creditors. The JLs have failed to carry this heightened standard for their *prima facie* case.

29.     With respect to the "Unknown Claims" it is impossible to understand, let alone determine value for, the amount the JLs claim is owed. The JLs' description of the "Unknown Claims" includes nothing more than blanket, overly broad assertions that there are other "Unknown Claims" that "**could** constitute the basis for additional claims by Three Arrows and its estate against the Debtors." 3AC Claims Addendum at ¶ 6 (emphasis added). 3AC has made no effort to articulate exactly why it thinks it has any claims against the Debtors, because it does not.

30.     BlockFi has multiple substantive defenses under both the Bankruptcy Code and state and common law to successfully defend against the 3AC Claims. These defenses[10] include but are not limited to the right to setoff under Section 558, preference defenses under Section 547, fraudulent transfer defenses under Section 548, the safe-harbor defense under Section 546(e), state law defenses under the applicable voidable or fraudulent transfer act, defenses provided by BVI law, and the common law doctrines of unclean hands and *in pari delecto*.

31.     Even if 3AC had *some* claim, the JLs would have to overcome all substantive defenses raised by the Debtors and obtain an order from this Court that establishes the amount that should be paid to the 3AC estate.

32.     The JLs have not taken steps to obtain any recovery from the Debtors based on preference or other liability, and the Debtors submit that any such action would be baseless. To prevent any further use of estate resources to defend against these meritless claims, the Debtors respectfully request that this Court disallow all 3AC Claims.

---

[10] The list of defenses provided is non-exhaustive. It includes defenses that BlockFi could assert in the event that 3AC is somehow able to obtain additional avoidance powers by filing a petition under Chapter 11 in the future, despite the denial of the JL's previous application to do so in the BVI Proceeding. Additionally, the 3AC Claims reference the possibility of additional claims under "other applicable law." To the extent the JLs are referring to state law, BlockFi reserves all rights to raise any defenses provided under state statutory and common law.

## Reservation of Rights

33.    The Debtors reserve their rights to object to all 3AC Claims on any other grounds. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Separate Contested Matters

34.    Each of the Disputed Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the Disputed Claims.

## **Waiver of Memorandum of Law**

35.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Objection does not raise any novel issues of law.

## **No Prior Request**

36.     No prior request for the relief sought in this Objection has been made to this Court or any other court.

## **Notice**

37.     The Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Debtors conduct their business operations; (e) counsel for the Committee; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) the claimant(s) listed on Schedule 1 attached to the Proposed Order (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 21, 2023

Respectfully Submitted,

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## **EXHIBIT A**

**Certification of Zachary L. Prince**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## CERTIFICATION OF ZACHARY L. PRINCE IN SUPPORT OF DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS OF THREE ARROWS CAPITAL, LTD
**(books and records, amendments, duplicates, incorrect/improper classification, insufficient documentation, not liable, late filed)**

---

[1]      The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

1

I, Zachary L. Prince, pursuant to 28 U.S.C. § 1746, declare:

1.      My name is Zachary L. Prince. I am over the age of 21. I am the Chief Executive
Officer for the debtors and debtors in possession (collectively, "BlockFi" or the "Debtors") in the
above-captioned Chapter 11 Cases. Accordingly, I am in all respects competent to make this
certification (the "Certification").

2.      I submit this Certification in support of the *Debtors' Eighth Omnibus Objection to
Claims of Three Arrows Capital, Ltd.* (the "Objection") filed contemporaneously herewith.

3.      Except as otherwise indicated herein, the facts set forth in this Certification are
based upon my personal knowledge, my review of relevant documents, information provided to
me by the professionals in this case and/or employees working under my supervision, or my
opinion based upon my experience, knowledge, and information concerning the Debtors'
operations. I am authorized to submit this Certification on the Debtors' behalf. If called upon to
testify, I would testify competently to the facts set forth in this Certification.

4.      I have read and reviewed the Objection, including the information regarding the
Disputed Claims[2] set forth on Schedule 1 to the Proposed Order attached thereto, and I am familiar
with the information contained in those documents. In consultation with the Debtors' advisors, I
have concluded that the Disputed Claims are claims that are (a) asserted in amounts that do not
match the Debtor's books and records, (b) unliquidated, (c) duplicative, (d) incorrectly or
improperly classified (asserted against the wrong debtor entity), (e) asserted on an unclear basis,
and/or (f) seeking amounts for which the Debtors are not liable.

---

[2] Capitalized terms used but not defined in this Certification shall have the meanings set forth in the Objection.

5.      Accordingly, to prevent improper recovery against the estates, I believe that the

Proposed Order should be granted and that each such Disputed Claims should be disallowed, as

detailed on Schedule 1.


I hereby declare under the penalty of perjury that the foregoing is true and correct.


Executed on August 21, 2023          By:    /s/ Zachary L. Prince

## **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br>BLOCKFI INC., *et al.*,<br>        Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>**Hearing Date and Time:**<br>**September 20, 2023 @ 10:00 a.m. (ET)** |

## ORDER GRANTING DEBTORS' EIGHTH OMNIBUS OBJECTION TO THE 3AC CLAIMS

The relief set forth on the following pages, numbered two (2) through four (4) and Schedule

1 is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' EIGHTH OMNIBUS OBJECTION TO THE 3AC CLAIMS |

Upon consideration of the *Debtors' Eighth Omnibus Objection to Claims of Three Arrows Capital, Ltd.* (the "Objection")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Zachary L. Prince attached to the Objection, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors' Objection is SUSTAINED as set forth herein.

2.      The 3AC Claims listed on Schedule 1 attached hereto are hereby deemed disallowed.

3.      Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to disallow each 3AC Claim on Schedule 1.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)
Debtors:            BLOCKFI INC., *et al.*
Case No.            22-19361 (MBK)
Caption of Order:   ORDER GRANTING DEBTORS' EIGHTH OMNIBUS OBJECTION TO
                    THE 3AC CLAIMS

4.      To the extent a Disputed Claim on <u>Schedule 1</u> improperly asserted priority or secured status, the Claims and Noticing Agent is hereby authorized and directed to correct the registry to reflect the correct status of such Disputed Claims as general unsecured claims.

5.      To the extent a Disputed Claim on <u>Schedule 1</u> was asserted against the incorrect Debtor entity, the Claims and Noticing Agent is hereby authorized and directed to correct the registry to reflect the correct Debtor entity.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

7.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

8.      Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.      Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the

3

(Page 4)

| Debtors: | BLOCKFI INC., *et al.* |
|---|---|
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' EIGHTH OMNIBUS OBJECTION TO THE 3AC CLAIMS |

Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10.     The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **Schedule 1**

**Disputed Claims**

**Debtor: BlockFi Inc _et al._**

**Eighth Omnibus Objection**

**Legend: Basis for Objection**

| | | | |
|---|---|---|---|
| BR-NI | Claimant is not identifiable as a customer or counterparty of BlockFi | TOU | Claim includes amounts in violation of Terms of Use, including fraud or disabled account |
| BR - A | Inconsistent with Books and Records - Incorrect Crypto Amount, Correct Dollar Amount | IC | Claims are classified incorrectly or improperly |
| BR - B | Inconsistent with Books and Records - Incorrect Dollar Amount, Correct Crypto Amount | ID | Claims fail to specify the basis for claim or provide sufficient documentation |
| BR - C | Inconsistent with Books and Records - Incorrect Dollar and Crypto Amount | NL | Seeks recovery for amounts for which the Debtors are not liable |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | NDF | Non-debtor has satisfied the claim in full |
| AMD | Claim amended by subsequently filed proof of claim | L | Late filed claim after bar date |
| DUP | Duplicative claim | O | Other; see Notes for more information |

| Filed Claim | | | | | | Surviving Claim | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Estate - Debtor Entity | Estate - Surviving Claim Amount | Wallet - Debtor Entity | Wallet Coins - Surviving Claim Amount [1] | Notes | Action [2] |
| 15592 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Inc. | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25958 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Wallet LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25961 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Investment Products LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25923 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Trading LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25985 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Ventures LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25984 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Services Inc. | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 26292 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Lending LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25953 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi International Ltd. | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |
| 25964 | Three Arrows Capital Ltd (in liquidation) | 3/31/2023 | BlockFi Lending II LLC | Unliquidated/contingent | BR-C, UL, DUP, IC, ID, NL | N/A | N/A | N/A | | | | Expunge |

[1] Claims that did not assert Wallet as part of their proof of claim may still have Wallet balances but may be listed as "N/A" to this particular claim.

[2] Claims that the Debtors are seeking to modify are subject to future objection.

**<u>Exhibit C</u>**

**Claims Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*



**Order Filed on March 13, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

BLOCKFI INC., *et al.*,

    Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)
**Hearing Date and Time:**
**March 13, 2023 at 10:00 a.m. (ET)**

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE**
**CLAIMS OBJECTIONS, AND (III) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND**
**(C) GRANTING RELATED RELIEF**

**DATED: March 13, 2023**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

(Page 2)
Debtors:                    BLOCKFI INC., *et al.*
Case No.:                   22-19361 (MBK)
Caption of Order:           ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                            ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION
                            PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
                            SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
                            PROCEDURES AND FORM OF NOTICE, (B) WAIVING
                            BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED
                            RELIEF

---

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

Upon consideration of the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the First Day Declaration, the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

Debtors:                BLOCKFI INC., *et al.*
Case No.:               22-19361 (MBK)
Caption of Order:       ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                        ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION
                        PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
                        SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
                        PROCEDURES AND FORM OF NOTICE, (B) WAIVING
                        BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED
                        RELIEF

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to more than 100 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

4.      The Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in the preceding paragraph. The Debtors may include scheduled Claims in Omnibus Objections.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to send Objection Notices via first-class mail or electronic mail, as applicable, in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached hereto as **Exhibit 4** is approved. The Debtors are authorized to mail or email Notices of Satisfaction via first-class mail or electronic

(Page 5)
Debtors:              BLOCKFI INC., *et al.*
Case No.:             22-19361 (MBK)
Caption of Order:     ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                      ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION
                      PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
                      SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
                      PROCEDURES AND FORM OF NOTICE, (B) WAIVING
                      BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED
                      RELIEF

mail in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors'

belief that those Claims have been satisfied in full and will be expunged from the Claims Register

absent a timely response from the Claim holder. If no response is received timely from the recipient

of the Notice of Satisfaction, the Debtors or the Claims and Noticing Agent acting on the Debtors'

behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not

be treated as a creditor with respect to the Claim for purposes of distribution.

8.      The Debtors are authorized to take all steps necessary or appropriate to carry out

the relief granted in this Order.

9.      The terms, conditions, and provisions of this Order shall be immediately effective

and enforceable upon its entry.

10.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings

announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes

a finding under the federal securities laws as to whether crypto tokens or transactions involving

crypto tokens are securities, and the right of the United States Securities and Exchange

Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as: (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. For the avoidance of doubt, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of Bermuda.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

14. This Court shall retain jurisdiction with respect to all matters arising from or related

(Page 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE, (B) WAIVING BANKRUPTCY RULE 3007(e), AND (C) GRANTING RELATED RELIEF |

to the implementation, interpretation, or enforcement of this Order.

## <u>Exhibit 1</u>

## Objection Procedures

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

## PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS

On [\_\_], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. [\_\_]] (the "Order")[2] in the Chapter 11 Cases of the above-captioned debtors (collectively, the "Debtors"). Among other things, the Order approved these omnibus objection procedures.

### Omnibus Objections

1.    <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims on the grounds that such Claims, in part or in whole:

   a.    are inconsistent with the Debtors' books and records;

   b.    fail to specify the asserted Claim amount (or only list the claim amount as "unliquidated");

   c.    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim; *provided, however* that the Debtors shall be required to submit at least one request for additional information to the claimant prior to objecting on this ground;

   d.    seek recovery of amounts for which the Debtors are not liable;

   e.    are classified incorrectly or improperly;

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Order.

     f.        are disallowed pursuant to section 502 of the Bankruptcy Code;

     g.       has been satisfied in full by a party that is not a Debtor;

     h.       are subject to satisfaction by one or more of the Debtors' insurers with a legal obligation to satisfy such Claims as determined by an order of this Court or other court of competent jurisdiction;

     i.        has been withdrawn formally by the claimant pursuant to either a pleading or an order of the Court; and

     j.        the Claims include amounts requested in violation of the Terms of Use.

2.    <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively regardless of basis.

3.    <u>Supporting Documentation</u>. To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.    <u>Claims Exhibits</u>. An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims for which there is a common basis for the objection. Claims that have more than one basis for objection may appear on only one exhibit with reference to all of the bases for objecting to the Claims. The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection. The exhibits will include the following information and will be alphabetized based claimant:

     a.       the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register without disclosing personally identifiable information;

     b.       the asserted amount of the Claim, if applicable;

     c.       the grounds for the Omnibus Objection;

     d.       a cross-reference to the section in the Omnibus Objection discussing such Claim; and

     e.       other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

5.     Objection Notice. An objection notice, substantially in the form attached to the Order as Exhibit 2 (the "Objection Notice") and containing all information included in the standard form pursuant to Local Rule 3007-2, will accompany each Omnibus Objection to address a particular creditor, Claim, or objection and will include the following:

   a.     a description of the basic nature of the Omnibus Objection;

   b.     information to claimants that their rights may be affected by the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

   c.     procedures for filing a written response (each, a "Response") to the objection, including all relevant dates and deadlines related thereto;

   d.     the hearing date, if applicable, and related information; and

   e.     a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the Chapter 11 cases may be obtained.

6.     Notice and Service. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, (c) the Committee, (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002, and (e) with respect to Omnibus Objections filed pursuant to paragraph 1.h. of these procedures, the Debtors' applicable insurer for such claims.

7.     Omnibus Hearings. Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "Hearing"). The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing. If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously. The Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court in the Debtors' sole discretion so long as notice is provided to the affected claimant(s).

8.     Contested Matter. Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

9. <u>Resolving Objections</u>. Certain of the Debtors' advisors will be available to work with you to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes and Boone, LLP, the Debtors' counsel, via (a) e-mail at Jordan.Chavez@haynesboone.com and Tom.Zavala@haynesboone.com, respectively, or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

10. <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

11. <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party

with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

   a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (Jordan.chavez@haynesboone.com); and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

   b.    <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

   c.    <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

13.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

14.    <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the Notice Parties or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

15.    <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply or omnibus reply to any Response or multiple responses, as applicable, no later than two (2) business days before

the hearing with respect to the relevant Omnibus Objection.

## **Miscellaneous**

16. <u>Additional Information</u>. Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 Cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to Kroll, the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

17. <u>Reservation of Rights</u>. NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

### Exhibit 2

**Objection Notice**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | |
| **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com | |
| *Attorneys for Debtors and Debtors in Possession* | |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Case No. 22-19361 (MBK)<br>Chapter 11 (Jointly Administered)<br>**Hearing Date and Time:**<br>_____, 2023 at __:00 _.m. (ET)<br>Chief Judge Michael B. Kaplan |

## NOTICE OF OBJECTION TO YOUR CLAIM

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that BlockFi Inc. and its affiliates (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**
>
> **IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:**
>
> | | |
> |---|---|
> | **JORDAN E CHAVEZ, ESQ.** | **TOM J. ZAVALA, ESQ.** |
> | **(214) 651-5453** | **(214) 651-5046** |
> | **JORDAN.CHAVEZ@HAYNESBOONE.COM** | **TOM.ZAVALA@HAYNESBOONE.COM** |

## Important Information Regarding the Objection

Grounds for the Objection. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [_____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures. On March [__], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. ___] (the "Order") approving procedures for filing and resolving objections to Claims asserted against the Debtors in the Chapter 11 Cases (the "Objection Procedures"), which are attached to the Order at Exhibit 1. *Please review the Objection Procedures carefully to ensure your response to the Objection, if any, is filed and served timely and correctly. You may obtain a copy of the Order as set forth in the Additional Information section below.*

## Resolving the Objection(s) to Your Claim(s)

1.      Resolving Objections. Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes and Boone, LLP, the Debtors' counsel, via (a) e-mail at Jordan.Chavez@haynesboone.com and Tom.Zavala@haynesboone.com, respectively, or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

2.    <u>Parties Required to File a Response</u>. If you are not able to resolve the Objection filed with respect to your Claim(s) as set forth above consensually, you must file a response (each, a "<u>Response</u>") with the Court in accordance with the following procedures:

3.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

    a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th

3

Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com), Jordan E. Chavez (jordan.chavez@haynesboone.com) and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.    Committee Counsel. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.    U.S. Trustee. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

5.    Failure to Respond. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

## Hearing on the Objection

6.    Date, Time and Location. A hearing (the "Hearing") on the Objection will be held on [____], 2023, at [____], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

7.    Discovery. If the Debtors determine that discovery is necessary in advance of a

4

hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

### Additional Information

8.      Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

### Reservation of Rights

9.      NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

Dated: [_____], 2023

/s/ _____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| Claimant Name or Identifier | Debtor | Claim Number | Date Filed | Asserted Claim Amount[1] | Basis for Objection | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1] Asserted Claim amounts listed as $0.00 or 0.00 cryptocurrency reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

## Exhibit 3

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## PROCEDURES FOR FILING AND SERVING
## NOTICES OF SATISFACTION OF CLAIMS

On [___], 2023, the above-captioned debtors (collectively, the "Debtors") in the Chapter 11 cases filed the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. [___]] (the "Motion")[2] with the United States Bankruptcy Court for the District of New Jersey (the "Court"). On [___], 2023, the Court entered an order [Docket No. [___]] (the "Order") approving these procedures for serving notices of satisfaction of Claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1.      Grounds for Satisfaction Procedures. The Debtors may file and serve notices of satisfaction in the form attached hereto (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules. A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed Chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2.      Parties Required to File a Response. Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided, however*, that such party may not object to any amount that the Court has approved pursuant to an order. **If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the Debtors are authorized to instruct the Claims and Noticing Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

3.    <u>Response Contents</u>. Each Response to a Notice of Satisfaction must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

      i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

      ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Notice of Satisfaction** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

    a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan Chavez (Jordan.chavez@haynesboone.com) and Tom Zavala (tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D.

Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.  <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.  <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

5.  <u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register without further notice or hearing, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

## Hearing on the Response

6.  <u>Date, Time and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [___], 2023, at [___], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

7.  <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Miscellaneous

8.  <u>Additional Information</u>. Copies of these procedures, the Order, the Motion, or any

other pleadings filed in the Debtors' Chapter 11 cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

9.    <u>Reservation of Rights</u>. NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

## Exhibit 4

**Notice of Satisfaction of Claims**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Case No. 22-19361 (MBK)<br>Chapter 11 (Jointly Administered)<br>**Hearing Date and Time:**<br>**_____, 2023 at __:00 _.m. (ET)**<br>Chief Judge Michael B. Kaplan |

## NOTICE OF SATISFACTION OF CLAIMS

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

**PLEASE TAKE NOTICE** that BlockFi Inc. and its affiliates (collectively, the "Debtors") have identified you as holding certain Claim(s)[2] against Debtors listed in the table at the end of this notice, which have been satisfied in full according to the Debtors' books and records.

---

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIMS REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSES OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE**.

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT DEBTORS' COUNSEL:**

| | |
|---|---|
| **JORDAN E. CHAVEZ, ESQ.** | **TOM J. ZAVALA, ESQ.** |
| **(214) 651-5453** | **(214) 651-5046** |
| **JORDAN.CHAVEZ@HAYNESBOONE.COM** | **TOM.ZAVALA@HAYNESBOONE.COM** |

---

## Important Information Regarding the Notice of Satisfaction

Grounds for the Notice of Satisfaction. The Debtors are seeking to expunge your Claim(s) listed in the table at the end of this notice on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

Satisfaction Procedures. On March [___], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. ____] (the "Order") approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the Chapter 11 cases (the "Satisfaction Procedures"), which are attached to the Order at Exhibit 3. ***Please review the Satisfaction Procedures carefully to ensure your response, if any, is filed and served timely and correctly. You may obtain a copy of the Order as set forth in the Additional Information section below.***

## Resolving the Notice of Satisfaction Regarding Your Claim(s)

1.    Resolving Objections. Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Jordan Chavez and Tom Zavala at Haynes and Boone, LLP, the Debtors' counsel, via (a) e-mail at Jordan.Chavez@haynesboone.com and Tom.Zavala@haynesboone.com, respectively, or (b) telephone at (214) 651-5453 or (214) 651-5046, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

available for any such discussions.

2.    <u>Response Contents</u>. Each Response to a Notice of Satisfaction must contain the following (at a minimum):

      a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

      c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

      d.    the following contact information for the responding party:

          i.    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

          ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

3.    <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Notice of Satisfaction** (the "<u>Response Deadline</u>"), unless the Debtors consent to an extension in writing:

      a.    <u>Debtors' Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan Chavez (jordan.chavez@haynesboone.com); and Tom Zavala

(tom.zavala@haynesboone.com); and (2) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com) and Felice Yudkin, Esq. (fyudkin@coleschotz.com);

b.      <u>Committee Counsel</u>. (1) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Robert J. Stark, Esq. (rstark@brownrudnick.com) and Kenneth Aulet, Esq. (kaulet@brownrudnick.com); (2) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

c.      <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

4.      <u>Failure to Respond</u>. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register without further notice or hearing, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

## Hearing on the Response

5.      <u>Date, Time and Location</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on [____], 2023, at [____], prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be conducted virtually using Zoom for Government. To the extent parties wish to present their argument at the hearing, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents. If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

6.      <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Additional Information

7.      Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' Chapter 11 cases are available for free online at https://restructuring.ra.kroll.com/blockfi. Copies of these documents may also be obtained upon written request to the Debtors' Claims and Noticing Agent by mail at Kroll Restructuring Administration LLC, Attn: BlockFi Inquiries, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or by email at blockfiinfo@ra.kroll.com. You may also obtain copies of any of the documents filed in the Debtors' Chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

## Reservation of Rights

8.      NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

*[Remainder of page intentionally left blank]*

Dated: [_____], 2023

/s/ _____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| Claimant Name or Identifier | Claim / Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |

## Exhibit D

**3AC Proof of Claim**

**United States Bankruptcy Court, District of New Jersey (Trenton)**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ BlockFi Inc. (Case No. 22-19361) | ☐ BlockFi Wallet LLC (Case No. 22-19366) | ☐ BlockFi Investment Products LLC (Case No. 22-19370) |
| ☐ BlockFi Trading LLC (Case No. 22-19363) | ☐ BlockFi Ventures LLC (Case No. 22-19367) | ☐ BlockFi Services Inc. (Case No. 22-19371) |
| ☒ BlockFi Lending LLC (Case No. 22-19365) | ☐ BlockFi International Ltd. (Case No. 22-19368) | ☐ BlockFi Lending II LLC (Case No. 22-19374) |

RECEIVED

MAR 31 2023

KROLL RESTRUCTURING
ADMINISTRATION

Modified Official Form 410

[☒] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Three Arrows Capital Ltd (in liquidation)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Teneo (BVI) Limited
Name

Banco Popular Building, 3rd Floor, VG-1110
Number     Street

Road Town, Tortola
City          State          ZIP Code

British Virgin Islands
Country (If outside of the US)

Contact phone _____

Contact email russell.crumpler@teneo.com

Where should payments to the creditor be sent? (if different)

c/o Teneo (BVI) Limited
Name

Banco Popular Building, 3rd Floor, VG-1110
Number     Street

Road Town, Tortola
City          State          ZIP Code

British Virgin Islands
Country (If outside of the US)

Contact phone _____

Contact email russell.crumpler@teneo.com

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

221936180006495

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| --- | --- |
| 7. How much is the claim? | $_____ See attached _____  **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See attached _____ |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** See attached _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $____ See attached ____<br><br>**Amount of the claim that is secured:** $____ See attached ____<br><br>**Amount of the claim that is unsecured:** $____ See attached ____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $____ See attached ____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☑ Yes. Identify the property: See attached _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ See attached |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/31/2023
                   MM / DD / YYYY

Signature

**Name of the person who is completing and signing this claim:**

| Name | Russell                    Crumpler |
|---|---|
| | First name        Middle name        Last name |
| Title | Joint Liquidator of Three Arrows Capital Ltd |
| Company | Teneo (BVI) Limited |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | c/o Teneo (BVI) Limited, Banco Popular Building, 3rd Floor, VG-1110 |
| | Number        Street |
| | Road Town, Tortola, British Virgin Island |
| | City        State   ZIP Code |
| Contact phone | _____   Email russell.crumpler@teneo.com |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BlockFi Inc., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### ATTACHMENT TO PROOF OF CLAIM FILED BY THE
### JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD

This attachment (the "**Attachment**") to this proof of claim (the "**Proof of Claim**") is hereby filed by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators and foreign representatives (the "**Joint Liquidators**") of Three Arrows Capital Ltd. ("**Three Arrows**"), against each Debtor.  This Attachment is an integral part of this Proof of Claim and is incorporated by reference therein for all purposes.

### BACKGROUND

1.      Three Arrows was an investment firm incorporated in the British Virgin Islands (the "**BVI**") with a focus on trading and investing in cryptocurrency and other digital assets.

2.      Three Arrows' business collapsed during May and June 2022 in the wake of extreme fluctuations in the cryptocurrency markets.  On June 27, 2022, it commenced a liquidation proceeding (the "**BVI Proceeding**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), and that court issued an order appointing Russell Crumpler and Christian Farmer as the Joint Liquidators of Three Arrows.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

3.    On July 1, 2022, the Joint Liquidators, acting as the foreign representatives of Three Arrows, commenced Chapter 15 proceedings before the United States Bankruptcy Court for the Southern District of New York (*In re Three Arrows Capital Ltd.*, Case No. 22-10920 (Bankr. S.D.N.Y. 2022)), which court granted recognition of Three Arrows' foreign main proceeding pending in the BVI.

4.    Under BVI law, the Joint Liquidators are fiduciaries of the Three Arrows' estate created in the BVI Proceeding, with an obligation under BVI law to conduct an orderly, fair liquidation of Three Arrows and to maximize the value of the Three Arrows' assets for the benefit of creditors.  In furtherance of those duties, the BVI Order and BVI law empower the Foreign Representatives, *inter alia*, with the sole authority to take possession and control of Three Arrows' assets, carry on Three Arrows' business and manage its affairs, and investigate the causes of Three Arrows' insolvency and any potential causes of action the estate may have.

## SUMMARY OF CLAIM

5.    The Joint Liquidators' investigation remains limited by Three Arrows' historically meager record-keeping, which limitation is further exacerbated by the Three Arrows' founders' (who maintained day to day control over Three Arrows prior to its collapse) refusal to meaningfully engage or cooperate with the Joint Liquidators in their investigative efforts. Nevertheless, the Joint Liquidators have been able to identify certain claims and causes of action that they believe the Three Arrows' estate has against the Debtors as of the date of the commencement of the Debtors' chapter 11 cases (the "**Petition Date**").  The Joint Liquidators' investigation remains ongoing and may develop additional claims or additional information relevant to the claims asserted herein.

6.    Based on the information that the Joint Liquidators have been able to uncover to-date in their investigation, the Three Arrows' estate has various claims against the Debtors (the

"**Known Claims**").[2]  The Known Claims comprise claims arising from: (a) preference claims under BVI and other applicable law arising from (i) a payment by Three Arrows to the Debtors on May 9, 2022 in the amount of $71,000,000, (ii) an interest payment by Three Arrows to the Debtors on June 3, 2022 in the amount of 6,070,123 USD Coin (USDC), and (iii) various transfers of cash and digital assets by Three Arrows to the Debtors, including the transfers of (v) 34,225 Ether tokens (ETH), (w) 1,905,529 Grayscale Bitcoin Trust shares (GBTC), (x) 6,150,854 Grayscale Ethereum Trust shares (ETHE), (y) 386,477 Grayscale Ethereum Classic Trust shares (ETCG), and (z) $1,691,744, and (b) obligations to repay loans made by Three Arrows to the Debtors in the amount of 2,307.75 Bitcoin (the "**BTC Loan**").  Based on information available to them, the Joint Liquidators understand that 31,345 Ether tokens were pledged to Three Arrows as security for the BTC Loan.  Upon information and belief, the Joint Liquidators believe that Three Arrows foreclosed upon such Ether collateral prior to the Petition Date.  Further, on information and belief, the Joint Liquidators are aware of multiple other transactions between and among Three Arrows and the Debtors, which may include additional lending transactions between Three Arrows and the Debtors that could constitute the basis for additional claims by Three Arrows and its estate against the Debtors.  Any such additional claims remain subject to the Joint Liquidators' ongoing evaluation and investigation.  The Joint Liquidators hereby preserve such claims and reserve all rights with respect thereto.

## **RESERVATION OF RIGHTS**

7.       The Joint Liquidators do not yet have access to documentation evidencing the Known Claims, and thus far have only been able to identify such claims via limited information

---

[2]  All rights are reserved as to the denomination, amount, priority, security interests, and other rights with respect to the claims asserted herein and other claims of the Three Arrows estate, and nothing herein shall be deemed a waiver or admission as to any aspect thereof.

available to them through Three Arrows' books and records. The Joint Liquidators do not have access to sufficient information at this stage to determine whether the Three Arrows' estate has any prepetition claims against the Debtors in addition to the Known Claims. The Joint Liquidators' efforts to locate such documents and information remains ongoing. In light of the General Claims Bar Date (as defined in the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440]) of March 31, 2023, the Joint Liquidators file this Proof of Claim against each of the Debtors in good faith with the information presently available to them to preserve the Known Claims.

8.      The Joint Liquidators further hereby assert all other claims that Three Arrows or its estate may possess against the Debtors, whether known or unknown, contingent or non-contingent, or otherwise. The Joint Liquidators, on behalf of the Three Arrows' estate, file this Proof of Claim with full reservation of rights, including, without limitation, to right to amend, clarify, or supplement this Proof of Claim at any time (either before or after the General Claims Bar Date), in any manner, and for any reason, including but not limited to, fixing or liquidating any claims of the Three Arrows estate (whether or not expressly described herein), specifying claims for ongoing obligations of the Debtors that are not expressly described herein, pursuing any claims based upon additional or alternative legal theories, or asserting any additional claims, including for secured status or priority (including pursuant to Section 507(c) of the Bankruptcy Code), subrogation (equitable or otherwise), claims for indemnities under any loan documents or other agreements between Three Arrows and any of the Debtors, state, common law, and BVI causes of action, and interest owed on account of any claims included herein or that may be asserted by the Joint Liquidators in the future.

US-DOCS\140494837.7

9.      This Proof of Claim is without prejudice to claims, if any, that Three Arrows or its estate has or may have for payment of any additional administrative expenses allowable under section 503(b) of the Bankruptcy Code or otherwise with respect to any transaction, whether or not such amounts are included in this Proof of Claim, and the Joint Liquidators' right to file such claims or any similar claims on behalf of Three Arrows and its estate at an appropriate time is expressly reserved.

10.      The Joint Liquidators, on behalf of the Three Arrows' estate, further reserve all of their rights of setoff, recoupment, bankers' lien, and all similar such rights, and nothing herein shall be construed as a waiver thereof.

11.      The Joint Liquidators, on behalf of themselves and the Three Arrows' estate, reserve all of their respective procedural and substantive defenses and rights, including a right to a jury trial, with respect to any claim that may be asserted against them by any of the Debtors, any trustee for the Debtors' estates, any other party in interest in these chapter 11 cases, or any other person or entity whatsoever.

12.      The filing of this Proof of Claim and the assertion of the claims herein are not and shall not be deemed or construed as a consent or admission with respect to the validity or accuracy of any valuation proposed by the Debtors, any affiliate, or any third party.  The Joint Liquidators and Three Arrows do not waive or release any rights with respect thereto.

13.      The execution and filing of this Proof of Claim is not (i) a waiver or release of any of the Joint Liquidators' or the Three Arrows' rights against any entity or person liable for all or part of the claims herein, (ii) a consent by the Joint Liquidators or Three Arrows to the jurisdiction of this Court with respect to any proceeding commenced in these chapter 11 cases against or otherwise involving the Joint Liquidators, (iii) a waiver of the Joint Liquidators' or Three Arrows'

right to have any and all final orders in any and all non-core matters entered after *de novo* review by a United States District Court judge or their respective right to a trial by jury in any proceeding as to any and all matters so triable, whether designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to section 157(b) of the Bankruptcy Code or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution, (iv) a waiver of the right to withdraw the reference with respect to the subject matter of the claims herein, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Joint Liquidators or Three Arrows, (v) an election of remedy or choice of law that waives or otherwise affects any other remedy or choice of law, (vi) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights and remedies under applicable law, including BVI law, (vii) a waiver of any right of action that the Joint Liquidators or Three Arrows have or may have against any of the Debtors or any other person or entity, (viii) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights against any third party, and/or (ix) a waiver of any right to the subordination, in favor of Three Arrows and its estate, of indebtedness or liens held by creditors of any of the Debtors.

14.    To the extent that any of the Debtors or any other party takes any action that would give rise to a counterclaim or other rights or claims that Three Arrows or its estate may have against any of the Debtors, the Joint Liquidators reserve all of their and Three Arrows' rights.

15.    The Joint Liquidators reserve the right to attach, produce and/or rely upon additional documentation that supports Three Arrows' and its estate's claims against the Debtors, and any additional documents that may become available after further investigation or discovery, or upon request of any of the Debtors. Nothing contained in this Proof of Claim shall limit the

rights of the Joint Liquidators to file papers or pleadings, or commence any proceedings, or take

any actions concerning Three Arrows' and its estate's claims against the Debtors.

## NOTICES

16.     All notices to the Joint Liquidators concerning this Proof of Claim should be sent

to:

> c/o Teneo (BVI) Limited
> Banco Popular Building, 3rd Floor
> Road Town, Tortola, VG-1110
> British Virgin Islands
> Attn: Russell Crumpler
> Email: Russell.crumpler@teneo.com and 3acliquidation@teneo.com

Copies of all notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

> LATHAM & WATKINS LLP
> Attn: Adam J. Goldberg, Brett Neve, and Nacif Taousse
> 1271 Avenue of the Americas
> New York, NY 10020
> Emails: adam.goldberg@lw.com, brett.neve@lw.com, and nacif.taousse@lw.com

17.     The request for copies of notices to be sent to Latham & Watkins LLP will not be

deemed authorization of Latham & Watkins LLP to accept service of process on behalf of the Joint

Liquidators.

# KROLL

**Restructuring Administration LLC**

**(f/k/a Prime Clerk LLC)**

# **Brooklyn**

## CLAIM/BALLOT HAND DELIVERY
## CONFIRMATION SHEET

DATE RECEIVED:     03/31/2023

CASE:     Blockfi

NO. OF CLAIMS:     9

NO. OF BALLOTS:     Ø

COPIES:     9 copies returned + 9 Dupes with orginals

RECEIVED BY:     RR