**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin, Esq. (wjmartin@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
David E. Sklar, Esq. (desklar@pbnlaw.com)

*Attorneys for Zachary Prince and Flori Marquez*

**SHEARMAN & STERLING LLP**
R. Thaddeus Behrens, Esq. (*pro hac vice*)
Daniel H. Gold, Esq. (*pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
(214) 271-5812
thad.behrens@shearman.com
dan.gold@shearman.com

*Attorneys for Zachary Prince*

**ZUKERMAN GORE**
**BRANDEIS & CROSSMAN, LLP**
John K. Crossman, Esq. (*pro hac vice*)
Karen S. Park, Esq. (*pro hac vice*)
Jeffrey L. Friesen, Esq. (*pro hac vice*)
Eleven Times Square, 15th Floor
New York, NY 10036
(212)223-6700
jcrossman@zukermangore.com
kpark@zukermangore.com
jfriesen@zukermangore.com

*Attorneys for Flori Marquez*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br>　　　　　　　　　Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**September 21, 2023 at 10:00 a.m. (ET)** |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422);

7431511

**MOTION TO FILE UNDER SEAL EXHIBIT A TO THE CERTIFICATION OF DAVID
E. SKLAR IN SUPPORT OF THE MOTION OF ZACHARY PRINCE AND FLORI
MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW INSURED PERSONS TO ACCESS PRIMARY
DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS**

Zachary Prince and Flori Marquez (together, the "Movants"), by and through its

undersigned counsel, hereby submits this motion (the "Motion") to file under seal the *Relm*

*Insurance, Ltd. Director and Officer Policy* ("Relm" and the insurance policy, the "Relm D&O

Policy"). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.).

The Movants confirm its consent to the Court entering a final order in connection with this Motion

to the extent that it is later determined that the Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States

Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 107(b) of title 11 of

the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"),

rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 9018-1

of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local

Rules").

---

BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201
Montgomery Street, Suite 263, Jersey City, NJ 07302.

7431511

## BACKGROUND

### I.    General Background

3.      On November 28, 2022 (as applicable, the "Petition Date"), the Debtors filed with

the Court voluntary petitions for relief under the Bankruptcy Code (the "Chapter 11 Cases"). The

Debtors continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors'

Chapter 11 Cases was authorized by the Court by entry of an order on November 29, 2022 [D.I.

42]. On December 21, 2022, the Office of the United States Trustee for the District of New Jersey

(the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee")

pursuant to section 1102 of the Bankruptcy Code [D.I. 130, as amended at D.I. 131].

4.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of Mark A. Renzi in

Support of Debtors' Chapter 11 Petitions and First-Day Motions* [D.I. 17].

### II.    The Relm D&O Policy

5.      Prior to the Petition Date, Debtor BlockFi Inc. procured D&O liability insurance

policies to protect its directors and officers from certain claims that may be alleged against them.

In particular for purposes of this Motion, BlockFi Inc. maintains the Relm D&O Policy (Relm

Insurance Ltd. Policy No. RILPDO4532021), which generally provides up to $2,000,000 in

aggregate coverage for the policy period September 24, 2021 to September 24, 2022, as extended

to November 18, 2023 (as extended, the "Relm Coverage Period").

6.      Contemporaneously with the filing of this Motion, the Movants are filing their

Motion for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow Insured

Persons to Access Primary Directors and Officers Insurance Policy for Defense Costs (the "Stay

Relief Motion"). The Relm D&O Policy is entered into on a confidential basis due to the sensitive

7431511

nature of the confidential insurance information contained in it. As such, the Relm D&O Policy,

attached to the certification of David E. Sklar (the "Sklar Certification") as Exhibit A, is being

filed as restricted documents pursuant to Local Rule 9018-1 and the Court's CM/ECF procedures.

## BASIS FOR RELIEF REQUESTED

7.      A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy

Code section 107(b) and Bankruptcy Rule 9018. Bankruptcy Code section 107(b) provides

bankruptcy courts with the power to issue orders that will protect entities from potential harm. In

relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may—
>
> (i)   protect an entity with respect to a trade secret or
>       confidential research, development, or commercial
>       information….

11 U.S.C. § 107(b)(1). *See also In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d. Cir. 1994).

(commercial information does not have to rise to the level of a trade secret to be protected under

section 107(b) of the Bankruptcy Code and finding that section 107(b)(1) creates an exception to

the general rule that court records are open to examination by the public and, under this exception,

an interested party has to show only that the information it wishes to seal is "confidential and

commercial in nature").  Bankruptcy Rule 9018 defines the procedure by which a party may move

for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information, (2) to protect
> any entity against scandalous or defamatory matter contained in any
> paper filed in a case under the Code, or (3) to protect governmental
> matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

7431511

8.       Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code

section 107(b) does not require a demonstration of "good cause." Rather, if material sought to be

protected falls within one of the enumerated categories, "the court is *required* to protect a

requesting interested party and has no discretion to deny the application." *In re Orion Pictures*

*Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

9.       Section 107(b)(1) "establishes the exception to the general rule that court

documents are open for public inspection[,]" and under this exception, a party seeking relief "had

to show only that the information it sought to seal was 'confidential' and 'commercial' in nature."

*Id.* Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its

protections to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28 (quoting *Ad Hoc*

*Protective Comm. of 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944

(9th Cir. BAP 1982)). "Courts have supervisory power over their records and files and may deny

access to those records and files to prevent them from being used for an improper purpose." *In re*

*Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such

protections "generally where open inspection may be used as a vehicle for improper purposes."

*Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential

documents, but to other confidentiality restrictions that are warranted in the interests of justice."

*See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Commercial information

need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy

Code.[2] Courts have also held that the resulting sealing order should be broad (i.e., "any order which

---

[2] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018).

10.     The Relm D&O Policy was entered into on a confidential basis between BlockFi, the Movants and Relm. Therefore, the Relm D&O Policy contains confidential proprietary information that should not be filed on a public docket, and out of an abundance of caution, the Relm D&O Policy should be filed as an exhibit under seal.

11.     Accordingly, the Movants submit that Exhibit A to the Sklar Certification should be sealed.

## WAIVER OF MEMORANDUM OF LAW

12.     The Movants requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the basis which the Landlord relies on is incorporated herein and this Motion does not raise any novel issues of law.

## NOTICE AND NO PRIOR REQUEST

13.     The Movants will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) counsel for the Official Committee of Unsecured Creditors; (c) Relm; and (d) the Debtors and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Movants submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

*[Remainder of page intentionally left blank.]*

7431511

## CONCLUSION

WHEREFORE, The Movants respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: August 22, 2023                    Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Zachary Prince and Flori Marquez*


By: */s/ David E. Sklar*
    Warren J. Martin, Esq.
    Robert M. Schechter, Esq.
    David E. Sklar, Esq.
    100 Southgate Parkway
    P.O. Box 1997
    Morristown, New Jersey 07962
    (973) 538-4006
    (973) 538-5146 Facsimile
    wjmartin@pbnlaw.com
    rmschechter@pbnlaw.com
    Desklar@pbnlaw.com

    -and-

**SHEARMAN & STERLING LLP**
R. Thaddeus Behrens, Esq. (*pro hac vice*)
Daniel H. Gold, Esq. (*pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
(214) 271-5812
thad.behrens@shearman.com
dan.gold@shearman.com
*Attorneys for Zachary Prince*

    -and-

7431511

**ZUKERMAN GORE
BRANDEIS & CROSSMAN, LLP**
John K. Crossman, Esq. (*pro hac vice*)
Karen S. Park, Esq. (*pro hac vice*)
Jeffrey L. Friesen, Esq. (*pro hac vice*)
Eleven Times Square, 15th Floor
New York, NY 10036
(212)223-6700
jcrossman@zukermangore.com
kpark@zukermangore.com
jfriesen@zukermangore.com
*Attorneys for Flori Marquez*

7431511