**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | **HEARING DATE AND TIME:** |
| | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

**NOTICE OF HEARING ON DEBTORS' THIRD MOTION**
**FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Third Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Third Exclusivity Motion") will be held on **September 20, 2023 at 10:00 a.m. (prevailing Eastern Time**) or as soon thereafter as counsel may be heard (the "Hearing") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

**PLEASE TAKE FURTHER NOTICE** that the Third Exclusivity Motion sets forth the relevant factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Third Exclusivity Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Objections, if any, to the relief requested in the Third Exclusivity Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received on or before **September 13, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Third Exclusivity Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Third Exclusivity Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration, LLC at https://restructuring.ra.kroll.com/blockfi.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: August 22, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and*
*Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' THIRD MOTION FOR ENTRY**
**OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (the "Motion"):[2]

### Preliminary Statement

1.　　After months of negotiations, the Debtors and the Committee have reached a settlement that will put an end to these turbulent Chapter 11 Cases and provide for the return of digital assets and cash to clients on the fastest timeline possible.  That settlement is embodied in the proposed Plan and Disclosure Statement, and was only achievable due to the tools afforded to the Debtors under the Bankruptcy Code and the formal court-sanctioned processes that assisted in resolving the disputes between the parties.  Now, less than one year after the Petition Date, the Debtors and the Committee jointly support the approval of a Plan, which, if approved, will accrue to the benefit of all stakeholders.  Accordingly, the Debtors seek a modest extension of exclusivity for an additional approximately 54 days through the contemplated end of these Chapter 11 Cases, which additional time will be needed to complete soliciting votes, seek court approval of the Plan, and emerge from these Chapter 11 Cases without the confusion—or expenses—associated with multiple plans being considered for approval.

2.　　Under the Court-approved confirmation timeline, the combined hearing to approve the Disclosure Statement and confirm the Plan is scheduled to take place on September 26, 2023. The Exclusivity Periods are currently contemplated to expire on August 23, 2023, and September 30, 2023, respectively.  To ensure that the Debtors have sufficient time to solicit and confirm the Plan, and for the Plan to go effective, the Debtors seek to extend the Exclusivity

---

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to the in the *Third Amended Joint Chapter 11 Plan of Blockfi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1309] (as may be amended, modified, or supplemented from time to time, the "Plan") or the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of Blockfi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1310] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), as applicable.

Periods to October 16, 2023, and November 23, 2023, respectively.  The requested extension is a modest request and will provide the Debtors with the necessary runway to confirm the Plan and emerge from these Chapter 11 Cases.

3.       An extension of the Exclusivity Periods is certainly warranted.  The Debtors have continued to make substantial progress in these Chapter 11 Cases since seeking their second extension of exclusivity, including, among other things, (a) filing a proposed Plan and related Disclosure Statement, (b) obtaining conditional approval of the Disclosure Statement, solicitation materials, and confirmation schedule, (c) commencing solicitation of the Plan, and (d) as indicated above, reaching a global settlement with the Committee that clears the path towards confirmation. Cause exists under section 1121 of the Bankruptcy Code for this extension, which will ensure that all stakeholders can thoroughly review and understand the revised Plan and related Disclosure Statement to decide whether to vote to accept or reject the Plan in an efficient, organized fashion. This extension complies with the Court's previous directions and allows the Debtors, and all parties in interest, to focus on solicitation and confirmation of solely one Plan.  Notably, the requested extension is supported by the Committee.

4.       For these reasons, as well as the reasons described herein, the Court should grant the Debtors' request for an extension of the Exclusivity Periods.

### Relief Requested

5.       The Debtors seek entry of orders, substantially in the form attached hereto as **Exhibit A** (the "Order") and **Exhibit B** (the "Bridge Order"):  (a) further extending (i) the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") for 54 days through and including October 16, 2023, and (ii) the deadline under which the Debtors have the exclusive right to solicit a chapter 11 plan filed during the Filing Exclusivity

3

Period (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period,

collectively, the "Exclusivity Periods") by 54 days through and including November 23, 2023,

without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and

(b) granting related relief.

## Jurisdiction and Venue

6.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested herein are section 1121 of title 11 of the United

States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and rule 9013 of the Local Rules of the United States Bankruptcy Court

for the District of New Jersey (the "Local Rules").

## Background

9.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth

in greater detail in the First Day Declaration and incorporated by reference herein.

10.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 130].

**Basis for Relief**

11.     A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan.  "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated."  *In re Burns and Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotations omitted) (quoting H.R. Rep. No. 103–835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344).  In these Chapter 11 Cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on August 23, 2023, and September 30, 2023, respectively, absent further order of the Court.  The Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of confirming a value-maximizing chapter 11 plan.

12.     Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.  Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice

and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[Section] 1121(d) provides a 'for cause' standard in determining exclusivity extension requests.  As might be inferred from such a general standard, the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility . . . ."). Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

13.     Courts within the Third Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  *See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664–65 (identifying the below factors and noting that courts generally rely on the same

factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884,

888 (Bankr. D. Ga. 2005) (same).  These factors include the following:

(a)  the size and complexity of the case;

(b)  the existence of good faith progress toward reorganization;

(c)  the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d)  whether the debtor is paying its debts as they become due;

(e)  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)  whether the debtor has made progress negotiating with creditors;

(g)  the amount of time which has elapsed in the case;

(h)  whether the debtor is seeking an extension to pressure creditors; and

(i)  whether an unresolved contingency exists.

14.    Not all of these factors are relevant to every case, and courts use only the relevant

subset of the above factors to determine whether cause exists to grant an exclusivity extension in

a particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100

(Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause"

exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986)

(finding that the debtor showed "cause" to extend exclusivity based upon three of the factors);

*In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided

sufficient cause to extend exclusivity).  For example, both Congress and courts have recognized

that the size and complexity of a debtor's case alone may constitute cause for extension of a

debtor's exclusive periods to file a plan and solicit acceptances of such a plan.  H.R. No. 95-595,

at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large

company were to seek reorganization under chapter 11, the court would probably need to extend

the time in order to allow the debtor to reach an agreement."). *See also Texaco*, 76 B.R. at 326

("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization

for a huge debtor with a complex financial structure are important factors which generally

constitute cause for extending the exclusivity periods.").

15.    Sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to

extend the Exclusivity Periods as provided herein.  Each of the relevant factors weighs in favor of

an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex*.  As the Court already found and noted multiple times, these Chapter 11 Cases involve complex issues, including the unusual nature of digital assets, issues of property of the estate, ownership issues of estate and non-estate property in connection with the Wallet Withdrawal Motion, regulatory issues, including with respect to the SEC and other regulatory authorities regarding distributions, intercompany issues, and international issues that span governmental bodies in two countries.[3]  *Any* distribution scheme for a cryptocurrency-related business that held cryptocurrency for clients would be complex, whether the ultimate distribution is in kind or in cash.

- *The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11.* As discussed above, the Debtors reached a settlement with the Committee on the terms of the proposed Plan.  Following that agreement, the Debtors filed the current versions of the Plan and Disclosure Statement with the support of the Committee, which are scheduled to be considered by the Court for confirmation on September 26, 2023.  The Court already conditionally approved the adequacy of the Disclosure Statement on August 2, 2023, and all that remains in these Chapter 11 Cases are the completion of soliciting votes, obtaining final approval of the Disclosure Statement, confirming the Plan, and going effective.

- *The Debtors Have Filed a Plan and Prepared Adequate Information to Allow a Creditor to Determine Whether to Accept the Plan*.  The Debtors filed their Plan and Disclosure Statement on July 31, 2023.  The Disclosure Statement was approved on a conditional basis on August 2, 2023.  The Debtors will use this additional extension to seek approval of the Plan on the most expeditious

---

[3]    *See* Tr. of Hr'g Held Apr. 19, 2023 at 26:20–27:7, *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) [Docket No. 756].

timeline available, and to finalize all related documents and approvals to going effective.

- ***An Extension of the Exclusivity Periods Will Not Prejudice Creditors***. Continued exclusivity will permit the Debtors to solicit their Plan without the confusion and massive additional expense that would be incurred were there competing plans to derail the Debtors' process. Being required to dual-track negotiations across multiple plans would give rise to uncertainty and could cause substantial delay in returning value to the Debtors' creditors, and increased expenses within chapter 11 will only reduce the distributable value available to clients. Moreover, throughout these Chapter 11 Cases, the Debtors have had ongoing and transparent communications with their major creditor groups, the Committee, and the U.S. Trustee, and continue to meet their postpetition obligations in the ordinary course. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- ***The Debtors Are Paying Their Bills as They Come Due***. Since the Petition Date, the Debtors have paid their bills in the ordinary course of business or as otherwise provided by orders of the Court. The Debtors continued to honor their financial obligations even when faced with unexpected obstacles, including historic, systemic bank failures and having to revamp their cash management system during these chapter 11 cases.

- ***The Debtors Have Filed a Viable Plan***. The Debtors, with the support of the Committee, filed their Plan on July 31, 2023, and maintain that the Plan is not only viable and confirmable, but is the best way to provide clients with in-kind recoveries and the only way to ensure that estate value is maximized.

- ***The Debtors Have Made Progress in Negotiations with Creditors***. The Debtors have achieved resolution of outstanding issues with the Committee, and are in active discussions with governmental bodies and other parties in interest.

- ***An Extension Will Not Pressure Creditors***. The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. The Plan and Disclosure Statement were drafted pursuant to the terms of the Committee Settlement and the Committee provided its input on the Plan and Disclosure Statement. The voting process on the current Plan is in progress now. Accordingly, an extension of the Exclusivity Periods provides the Debtors the opportunity to consummate a Plan that has been approved by their creditor constituencies and would not pressure any such creditors.

16. An objective analysis of the relevant factors demonstrates that the Debtors are making meaningful progress in these Chapter 11 Cases. Accordingly, sufficient cause exists to

extend the Exclusivity Periods as provided herein.  Similar relief is regularly granted in large Chapter 11 Cases in this district.  *See, e.g.*, *In re LTL Management LLC*, No. 21-30589 (MBK) (Bankr. D.N.J. Aug. 12, 2022) (granting a third order extending the exclusivity periods for approximately four months); *In re Diocese of Camden, New Jersey*, No. 20-21257 (JNP) (Bankr. D.N.J. July 14, 2021) (granting a third order extending the exclusivity periods for an additional 120 days); *In re Saint Michael's Med. Ctr., Inc.*, No. 15-24999 (VFP) Bankr. D.N.J. July 29, 2016) (granting a third order extending the exclusivity period for approximately four months); *In re Cineworld Group plc*, No. 22-90168 (MI) (Bankr. S.D. Tex. June 5, 2023) (granting a third order extending the exclusivity period for an additional 60 days); *In re Seadrill Limited*, 21-30427 (DRJ) (Bankr. S.D. Tex. Feb. 3, 2023) (granting a third order extending the exclusivity period for approximately forty-five days).[4]

### **Waiver of Memorandum of Law**

17.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### **No Prior Request**

18.    Other than with respect to the relief granted by the First Exclusivity Order and the Second Exclusivity Order, no prior request for the relief sought in this Motion has been made to this or any other court.

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

**<u>Notice</u>**

19.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the

forms submitted herewith, granting the relief requested herein and such other relief as is just and

proper under the circumstances.

Dated:  August 22, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
## SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
## OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The relief set forth on the following pages, numbered three (3) through five (5) is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Third Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the Debtors' Filing Exclusivity Period by 54 days through and including October 16, 2023, and the Debtors' Soliciting Exclusivity Period by 54 days through and including November 23, 2023, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, as set forth in the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

---

2   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.       The Motion is **GRANTED** on a basis as set forth herein.

2.       Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended by 54 days through and including October 16, 2023.

3.       Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended by 54 days through and including November 23, 2023.

4.       Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.       Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF |

8.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit B**

### **Proposed Bridge Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The relief set forth on the following pages, numbered three (3) through four (4) is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

**THIS MATTER** having been opened to the Court by Cole Schotz P.C., Kirkland & Ellis LLP and Kirkland & Ellis International LLP, and Haynes and Boone, LLP, attorneys for BlockFi, Inc., *et al.*, on behalf of the above-captioned chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), upon a motion for entry of an Order extending the exclusivity period within which the Debtors may file a chapter 11 plan pursuant to 28 U.S.C. § 1121 (the "Motion"); and the current exclusive period within which the Debtors may file a chapter 11 plan expires on August 23, 2023; and good cause appearing for the entry of this order (the "Bridge Order");

It is **ORDERED** as follows:

1.      The Motion be, and hereby is, **GRANTED** on a temporary basis pending final approval of the Motion by this Court.

2.      The exclusivity period set forth in 28 U.S.C. § 1121 is hereby extended pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure through and including the date by which the Court enters a final order with respect to the Motion.

3.      This Bridge Order is effective immediately upon entry.

4.      The Debtors' counsel shall serve a true copy of this Bridge Order on all interested parties within seven (7) days of the date hereof.

5.      All parties in interest reserve any and all of their rights with respect to the final determination on the Motion.  This Bridge Order is without prejudice to the Debtors' right to seek further extensions of the exclusive periods to file and solicit a chapter 11 plan.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bridge Order.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE |

7.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, and enforcement of this Bridge Order.