**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**APPLICATION IN LIEU OF A MOTION
IN SUPPORT OF ENTRY OF AN ORDER (I) AUTHORIZING
CONVERSION OF TRADE ONLY ASSETS IN WALLET ACCOUNTS INTO
WITHDRAWABLE DIGITAL ASSETS AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this application in lieu of motion (the "Application"),[2] pursuant to Local Rule 9021-1(b) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), seeking approval and entry of the proposed *Order (I) Authorizing Conversion of Trade Only Assets in Wallet Accounts into Withdrawable Digital Assets and (II) Granting Related Relief* (the "Proposed Order"), a copy of which is attached hereto as **Exhibit A**, and respectfully state as follows:

1. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark A. Renzi in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 17], incorporated by reference herein.

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On December 21, 2022, the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121] (the "Wallet Withdrawal Motion").

3. On May 11, 2023, the Court granted the Debtors' Wallet Withdrawal Motion, and, on May 17, 2023, the Court entered the Wallet Order.[3] On July 14, 2023, the Court entered the Supporting Wallet Order.[4] On August 16, 2023, the Court granted the Wallet Eligibility Order[5] (together with the Wallet Order and Supporting Wallet Order, the "Prior Wallet Orders"). On August 17, 2023, the Debtors reopened their platform to permit eligible clients to request withdrawals of the digital assets from the Custodial Omnibus Wallets that are represented in the applicable Client Wallet Accounts as of the Platform Pause Time Stamp (the "Wallet Assets"), each as defined in the Amended Cheela Declaration[6] (the "Wallet Withdrawal Process").

4. This Application is submitted pursuant to Local Rule 9021-1(b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Order as presented. The Debtors seek entry of the Proposed Order to enable withdrawals of a limited number of certain Wallet Assets that cannot be withdrawn in kind by clients via the existing Wallet Withdrawal Process. In the U.S., these include certain "trade only" assets: (i) Algorand (ALGO), (ii) Bitcoin Cash (BCH), and (iii) Dogecoin (DOGE) (collectively, the "Trade Only Assets"), which constitute less than one-half of a percent (0.5%) of all Wallet Assets in the U.S.[7]

---

[3] *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 923] (the "Wallet Order").

[4] *Order (I) Establishing that All Withdrawals of Wallet Assets Are Final and (II) Granting Related Relief* [Docket No. 1207] (the "Supporting Wallet Order").

[5] *Order (I) Establishing Eligibility for Withdrawals of Wallet Assets and (II) Granting Related Relief* [Docket No. 1361] (the "Wallet Eligibility Order").

[6] *Amended Declaration in Amit Cheela, Chief Financial Officer of BlockFi, Inc., in Support of the Debtors' Motion for Entry of an Order(I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 822] (the "Amended Cheela Declaration").

[7] In addition to the U.S. coins listed here, BlockFi International Ltd. also separately holds additional "trade only" assets maintained in Custodial Omnibus Wallets in the following digital coins: (i) Cardano (ADA); (ii) Cosmos (ATOM); (iii) Avalanche (AVAX); (iv) Polkadot (DOT); (v) Filecoin (FIL); (vi) Solana (SOL);

The limited number of clients in possession of the Trade Only Assets were notified at the time of purchase of the Trade Only Assets that the Trade Only Assets were not withdrawable.

5. In the existing Wallet Withdrawal Process and in the ordinary course of business, the Debtors use a custodial partner, BitGo, to host and maintain pooled wallets for the benefit of BlockFi clients and to facilitate BlockFi's receipt and withdrawals of digital assets via the blockchain. The Trade Only Assets are not currently available for withdrawal for practical reasons associated with the attributes of the digital coins, including that BitGo does not have the ability to facilitate the process required to transmit blockchain transactions for these Trade Only Assets with the current integrations to BlockFi.

6. Accordingly, in order to facilitate the withdrawal of Trade Only Assets, the Debtors seek authority, but not direction, to make a one-time exchange of the Trade Only Assets for Gemini Dollar (GUSD) stablecoin or another stablecoin of the Debtors' choosing, which equivalent amount would then be transferred to BitGo, to enable clients to withdraw these previously locked up assets.

7. The Debtors submit that the Proposed Order is in the best interests of the Debtors, their estates, their clients, and all parties in interest, as it will allow for a comprehensive withdrawal process for all Wallet Assets. The Proposed Order is submitted with the support of the Committee.

8. No prior request for the relief sought in this Application has been made to this Court or any other court.

---

(vii) Polygon (MATIC); (viii) Binance Coin (BNB); (ix) Serum (SRM); (x) Near (NEAR); (xi) Fantom (FTM); (xii) Sandbox (SAND); (xiii) Decentraland (MANA); (xiv) Tron (TRX); (xv) Gala (GALA); (xvi) Aave (AAVE); (xvii) Axie Infinity Shards (AXS); (xviii) EOS (EOS); (xix) FTX Token (FTT); (xx) Loopring token (LRC); (xxi) Omg Network (OMG); (xxii) Hedera (HBAR); (xxiii) Texos (XTZ); (xxiv) Maker (MKR); (xxv) Curve DAO Token (CRV); (xxvi) Compound (COMP); (xxvii) SushiSwap (SUSHI); (xxviii) The Graph (GRT); (xxix) yearn.finance (YFI); (xxx) Chiliz (CHZ); (xxxi) 1inch (1INCH); and (xxxii) Enjin Coin (ENJ).

**Notice**

9.      The Debtors will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys general in the states where the Debtors conduct their business operations; (g) all clients in possession of the Trade Only Assets; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter the Proposed Order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: August 29, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*