NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

In Re:

    BlockFi, Inc.

                      Debtors

Case No. 22-19361 (MBK)

Hearing Date: August 17, 2023

Chapter 11

Judge: Michael B. Kaplan

**Carol L. Knowlton, Esq.**
Gorski & Knowlton, PC
311 Whitehorse Ave, Suite A
Hamilton, NJ 08610
*Creditor*

**Michael D. Sirota, Esq.**
**Warran A. Usatine, Esq.**
Cole Schotz, P.C.
Court Plaza North
25 Main St.
Hackensack, NJ 07601
*Counsel for Debtors and Debtors in Possession*

**Richard S. Kanowitz, Esq.**
**Kenric D. Kattner, Esq.**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
*Counsel for Debtors and Debtors in Possession*

**Joshua A. Sussberg, P.C.**
**Christine A. Okike, P.C.**
601 Lexington Ave.
New York, New York 10022
*Counsel for Debtors and Debtors in Possession*

**MEMORANDUM DECISION**

This matter comes before the Court upon George J. Gerro's Response to BlockFi, Inc.'s Fourth Omnibus Objection to Certain Claims (ECF No. 1192) and Cross-Motion for an Order Temporarily Allowing Claim No. 12386 (ECF No. 1192-4). In his motion, movant ("Gerro") asks the Court to overrule BlockFi's objection and allow Proof of Claim No. 12386 in the amount of 426 bitcoin. BlockFi filed a reply to Gerro's objection and opposes Gerro's motion (ECF No. 1342). For reasons discussed, the Court disallows Gerro's claim and, as a result, denies Gerro's Cross-Motion as moot.

I.   **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

II.  **Background and Procedural History**

The Court limits its recitation of the factual and procedural history of this case to information pertinent to the matter presently being decided. BlockFi and Gerro entered into a prepetition lending relationship through which BlockFi Lending LLC issued a series of loans (the "Loans") to Gerro, secured by collateral in the form of bitcoin ("BTC"). The Loan Agreement granted BlockFi a security interest in, among other things, the BTC and proceeds thereof (the "Collateral"). Significantly, the Loan Agreement also contained a specific loan-to-value ("LTV") Ratio requirement that authorized BlockFi to liquidate Collateral with 3 days' notice if the LTV Ratio rose above 70%, and immediately if it rose above 80%.

In March of 2020, BlockFi notified Gerro that—because the price of BTC had dropped—he was required to post additional BTC Collateral to avoid liquidation. Gerro did not respond to BlockFi's margin call, and on March 12, 2020, BlockFi liquidated approximately 399 BTC to bring the loan into compliance with the required LTV Ratio. The parties communicated regarding the liquidation, *see Ex. B to BlockFi's Reply*, ECF No. 1341, and Gerro ultimately requested a further liquidation to pay off his remaining Loan balance and asked that whatever Collateral remained after the payoff be transferred to his external wallet with immediate confirmation after the trade. Upon Gerro's request, BlockFi then provided Gerro with several options to achieve

Page **2** of **13**

reinstatement of some or all of the Loans. Gerro responded on March 24, 2020 by indicating he was "in the due diligence phase with a traditional source of capital," *id.* at 47, and inquired about the formula BlockFi was using to determine the amount Gerro would need to pay in order to reinstate his loan. That same day, BlockFi responded with the formula and gave an example that assumed 426 BTC collateral at 60% LTV Ratio. BlockFi further cautioned that the example was subject to fluctuation, given the volatility of BTC and the need to satisfy the LTV Ratio requirement.

On April 27, 2020—more than 30 days after BlockFi provided the reinstatement information—Gerro responded to BlockFi via email, indicating that he "accept[ed] BlockFi's offer to reverse [his] collateral sales[,]" and he provided his own calculations for the terms of the reinstated loan. *Id.* BlockFi promptly responded, explaining that—due to the increase in the value of BTC in the month that had transpired since BlockFi's initial email—BlockFi could not offer to reinstate the loan on those terms. Additional communications on that day clarified that—upon Gerro's default on the Loans over 45 days prior—BlockFi had liquidated BTC at a rate of about $5,000 per coin. At the time of the April 27, 2020 communications, BTC was valued much higher, meaning that BlockFi would incur substantial losses if it were to buy the liquidated Collateral back. In other words, BlockFi could not reverse the prior liquidation of the Collateral.

Gerro filed a series of lawsuits against BlockFi in state court (the "State Court Litigation"), which were stayed upon the filing of BlockFi's chapter 11 bankruptcy filing. He then filed Claim Nos. 12386 and 15248 in the bankruptcy case, asserting duplicative claims for the return of the initial 426 BTC he had pledged as Collateral pursuant to the parties' Loan Agreement. When BlockFi objected to Gerro's claims, Gerro filed the response and Cross-Motion that are the subject of the instant Opinion.

### III. Discussion

Gerro raises multiple arguments in support of his position under the California Financial Code, the California Commercial Code, California pawnbroker laws, and the Uniform Commercial Code. The Court will address each in turn.

### A. California Financial Code

#### 1. CFC § 22009

Gerro examines the statutory construction and legislative history of § 22009 of the California Financial Code and asserts that BlockFi violated same by using, possessing and liquidating his BTC Collateral. The Court disagrees.[1]

Gerro first asserts that "BlockFi's Finance Lender's License (60DBO-81955) permits BlockFi to 'engage in the business of "finance lender" . . . as defined in [California's Financing Law].'" *Gerro Response* 4, ECF No. 1192 (internal citations omitted). Under the California Financial Code, a "finance lender" is defined as

> any person who is engaged in the business of making consumer loans or making commercial loans. The business of making consumer loans or commercial loans may include lending money and taking, in the name of the lender, or in any other name, in whole or in part, as security for a loan, any contract or obligation involving the forfeiture of rights in or to personal property, **the use and possession of which property is retained by other than the mortgagee or lender**, or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission.

Cal. Fin. Code § 22009 (emphasis added).

Gerro points to both the language of California's Financing Law ("CFL") and certain deficiencies in BlockFi's CFL License Application identified by the Department of Business Oversight (the "Department") in an April 18, 2018 letter. *See Attachment 9 to Gerro Response* 37,

---

[1] For purposes of resolving this motion, the Court will assume—without finding—that California law applies.

ECF No. 1192-3.  Specifically, the Department stated at that time that BlockFi "cannot hold the borrower's digital assets as collateral" and that "[b]ased on the business plan and explanation provided, the Applicant is conducting or will be conducting activities not authorized under the CFL." *Id.* at 38.  However, Gerro's argument ignores that BlockFi continued communications and negotiations with the Department, which ultimately issued the license to BlockFi.  Moreover, BlockFi obtained a declaration from Jan Lynn Owen, the Commissioner of the Department during the time BlockFi's license was issued, confirming that:

> The business practice of holding and using collateral—including the rehypothecation of that collateral—is common both in California and throughout the United States in connection with secured lendings. As Commissioner, I was required to become intimately familiar with . . . the CFL (including section 22009) as well as the Uniform/California Commercial Code, and the argument that the holding or use of collateral by a finance lender is somehow inconsistent with either of these laws is incorrect. Indeed, a rule to the contrary-that finance lenders were somehow not permitted to hold or use collateral securing loans-would not only be contrary to established California law, it would significantly and detrimentally hamper lending activities…throughout the State. Accordingly, during my tenure as Commissioner, the [Department] granted finance lender licenses to businesses planning to hold and/or use collateral securing loans, including but not limited to licenses which I approved as . . . Commissioner.

*Ex. D to BlockFi Reply (Owen Decl.)* ¶6, 70, ECF No. 1341.

Ms. Owen went on to state that:

> BlockFi's stated business operations—holding and/or using collateral in the form of cryptocurrency for secured loans, falls squarely under the umbrella of business activities performed by a finance lender licensed by the [Department]. . . . A finance lender license is the appropriate license in California for such operations, and the holding and use of these various types of collateral is not only consistent with California finance lender laws, but is also the standard commercial lending practice for finance lending on easily transferrable collateral.

*Id.* at 73.

Further, BlockFi attaches to its Reply the Declaration of Charles E. Washburn, an attorney retained by BlockFi to assist in responding to the Department's initial response to BlockFi's finance lender and broker license application. *Ex. C to BlockFi Reply (Washburn Decl.)* 52, ECF No. 1341. In this document—which was prepared and submitted in connection with the State Court Litigation—Mr. Washburn certifies:

> The [Department] legal staff never reached a negative opinion with respect to the ability of a licensee to hold collateral, 'preliminary' or otherwise, with respect to my request. Instead, [Department] legal staff agreed that a licensee may hold collateral, a determination that was evidenced by the issuance of licenses to BlockFi when BlockFi had disclosed it would hold collateral.

*Id.* at 55.

Given the Department's own interpretation of the CFL, and given the fact that the Department granted BlockFi a license premised upon an application wherein BlockFi explicitly had held itself out to be a business that intended to hold cryptocurrency as security for loans, this Court cannot conclude—as Gerro urges—that BlockFi willfully violated the California Financial Code. Rather, this Court, consistent with the tentative ruling in the State Court Litigation, will defer to the Department's application and interpretation of the applicable laws and regulations.

2. **Pawnbroker**

Gerro also contends that BlockFi operated as "an unlicensed pawnbroker" and, as such, was not permitted to refuse Gerro's request for return of his BTC collateral. *See Gerro Response* 4-5, ECF No. 1192; *see also Gerro Memo in Support of Cross-Motion* 9-16, ECF No. 1192-4. In support of this argument, Gerro cites to California Financial Code § 21000, which states that "[e]very person engaged in the business of receiving goods, including motor vehicles, in pledge as security for a loan is a pawnbroker within the meaning of this division." Gerro then asserts that

"Bitcoin constitutes a 'good' within the meaning of the California pawnbroker law[.]" *Gerro Response* 24, ECF No. 1192.

To evaluate this argument, this Court looks to the definitions provided by the California Commercial Code. *See* CAL. COM. CODE § 9102(a). Pursuant to that code, the term "goods" means "all things that are movable when a security interest attaches" and "does **not** include . . . general intangibles." CAL. COM. CODE § 9102(a)(44) (emphasis added). Moreover, the term "general intangibles" is defined as "any personal property, including things in action, **other than** accounts, chattel paper, commercial tort claims, deposit accounts, documents, **goods**, instruments, investment property, letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. **The term includes payment intangibles and software.**" CAL. COM. CODE § 9102(a)(42). The Court finds that BTC fits more neatly into the "general intangible" category under the California Commercial Code. BTC is not something that can be held or moved as contemplated by the definition of "goods." Rather, it is "a form of digital currency based on mathematical algorithms that is not controlled by any country, bank, or individual." *United States v. Costanzo*, 956 F.3d 1088, 1089 (9th Cir. 2020); *see also Symphony FS Ltd. v. Thompson*, No. 18-3904, 2018 WL 6715894, at *1 n.1 (E.D. Pa. Dec. 20, 2018) ("Bitcoin is the most prominent example of cryptocurrency, an electronic form of currency with no tangible format."). Because this Court determines that BTC is not a "good," BlockFi is not a pawnbroker, and Gerro's argument fails.

Gerro asserts that—even "[i]f bitcoin were categorized as general intangible under the Commercial Code[—]that conclusion would still would not resolve the issue of whether bitcoin constitutes a 'good' within the meaning of the pawnbroker law." *Gerro Memo in Support of Cross-Motion* 16, ECF No. 1192-4. This argument is not convincing. In interpreting California law—

specifically, an interpretation that turns on the definition of a particular term—this Court finds it appropriate to look to California law that provides the definition. Gerro offers no persuasive argument to the contrary.

The Court finds additional support for rejection of Gerro's argument in the record and in California's business laws. First, the Court looks to the professional opinion of Ms. Owen, the Commissioner of the Department during the time BlockFi obtained its license. In her declaration—submitted under oath in a legal proceeding—she clarifies that a "finance lender license is the appropriate license in California" for BlockFi's operations and adds that "[a] pawnbroker license is neither appropriate nor required." *Owen Decl.* ¶7, ECF No. 1341 at 73.

Next, the Court looks to the California Business and Professions Code, which defines a "secondhand dealer" as "any person, copartnership, firm, or corporation whose business includes buying, selling, trading, taking in pawn, accepting for sale on consignment, accepting for auctioning, or auctioning secondhand **tangible personal property**." CAL. BUS. & PROF. CODE § 21626(a) (emphasis added). In a publication addressing frequently asked questions regarding secondhand dealer and pawnbroker licenses, the California Department of Justice's Secondhand Dealer & Pawnbroker Unit explains that "[a] pawnbroker is also a secondhand dealer but a secondhand dealer is not a pawnbroker." JUSTICE DATA AND INVESTIGATIVE SERVICES BUREAU, SECONDHAND DEALER/PAWNBROKER LICENSING UNIT – FREQUENTLY ASKED QUESTIONS (FAQ'S) 5, https://oag.ca.gov/sites/all/files/agweb/pdfs/secondhand/faqs-shdpb.pdf?. Thus, under the Business and Professions Code, a pawnbroker—as a secondhand dealer—must deal with "tangible personal property," which is described under the Code, in part, as "[a]ll tangible personal property, new or used, including motor vehicles, received in pledge as security for a loan by a pawnbroker." CAL. BUS. & PROF. CODE § 21627(b)(1). For reasons already discussed, this Court concludes that

BTC does not fit the definition of "tangible personal property." *See Costanzo*, 956 F.3d at 1089 (describing bitcoin as "a form of digital currency based on mathematical algorithms"); *Symphony FS Ltd. v. Thompson*, 2018 WL 6715894, at *1 n.1 (stating that bitcoin is "an electronic form of currency with no tangible format"). Because BlockFi is not dealing in "tangible personal property," it cannot be deemed a secondhand dealer and, as a result, cannot be a pawnbroker.

Finally, the Court looks to the California Financial Code. Under this Code, "[e]very person engaged in the business of receiving goods, including motor vehicles, **in pledge as security for a loan is a pawnbroker** within the meaning of this division." CAL. FIN. CODE § 21000 (emphasis added). "Pledged property," in turn, is "property held as security for a loan, **the title to which remains with the pledgor and has not passed to the pawnbroker**[.]" Cal. Fin. Code § 21002(a) (emphasis added). In the present case, all indicia of ownership indicates that BlockFi regularly engaged in the practice of taking title to collateral. Indeed, this Court addressed the issue of title in the context of a different motion. As discussed in pleadings and on the record, it is undisputed that in nearly every BlockFi agreement, BlockFi retained the right to "pledge, repledge, hypothecate, rehypothecate, sell, lend or otherwise transfer or use any amount of such Collateral,". *Hrg. Tr. May 8, 2023 — Slade* 9:23-10:4, ECF No. 853; *Stipulated Facts* ¶44, ECF No. 842 ("The digital assets in the Rehypothecateable Wallets are free to be pledged, repledged, hypothecated, rehypothecated, sold, lent, or otherwise transferred, invested, or used."). Moreover, the parties agree that title to collateral passed to BlockFi. *See, e.g., Hrg. Tr. May 8, 2023 — Slade* 9:17-18, ECF No. 853 ("[Y]ou are giving title and control over the tokens to BlockFi for use in BlockFi's revenue-generating activities."); *Ad Hoc Response* ¶ 7, ECF No. 834 ("Balances shown in BIA reflect assets to which the customer has granted title to BlockFi.").

Further, the Loan Agreement between Gerro and BlockFi states that, in the event of Borrower's default, "Lender may take immediate and exclusive possession of the Collateral[.]" *Ex. A to BlockFi Reply (Loan Agreement)* 24, ECF No. 1341.  And the declaration submitted by Ms. Owen indicates that the Department routinely issued finance lender licenses to companies, like BlockFi, who intended to engage in the "practice of holding and using collateral—including the rehypothecation of that collateral[.]" *Owen Decl.* ¶6, ECF No. 1341 at 70.  The record, thus, demonstrates that BlockFi expressed its intention to take title to the Collateral, that all parties—including Gerro and the Department—understood and acknowledged this intention, and that BlockFi regularly took title to collateral.  Because, in practice, title to collateral did **not** remain with the pledgor, the collateral cannot be considered "pledged property" under CAL. FIN. CODE § 21002(a), and BlockFi does not resemble a pawnbroker under CAL. FIN. CODE § 21000.

### B. Breach of Contract

Gerro also contends that BlockFi breached its contract with him.  Specifically, he refers to the email communications between the parties from March 16 to March 24, 2020 allegedly containing BlockFi's offer, and his April 27, 2020 email constituting his "unconditional[] accept[ance]." *Gerro Response* 22, ECF No. 1192.  Again, the Court is not persuaded.

As an initial matter, the Court questions whether BlockFi's emails contained terms specific enough to create a valid offer which could be accepted so as to form a binding contract. *See, e.g.*, *Apablasa v. Merritt & Co.*, 176 Cal. App. 2d 719, 723, 1 Cal. Rptr. 500, 503 (Ct. App. 1959) ("It is well settled that if the offer is so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforceable agreement.").  Here, BlockFi's email explained that the offer was dependent on the price of BTC. *See Ex. B to BlockFi Reply (March 24, 2020 email)* 47, ECF No. 1341 (explaining

the formula as "Reinstated Principal Balance minus Loan Available at 60% (based on reinstated collateral + **price of BTC**") (emphasis added). Moreover, the email gave only an **example** of loan terms—not specific loan terms. That example further clarified that it provided the "Loan Available at 60%" term was "**subject to fluctuate slightly based on BTC**" and it **assumed** "426 BTC collateral at 60% LTV." *Id.* Given that the price of BTC—an essential element of the agreement—was not established, it is unclear whether the March 24 email from BlockFi was definite enough to constitute an offer.

Nevertheless, even assuming—without finding—that BlockFi's March emails constitute a formal "offer," Gerro's responsive email—sent more than one month later—cannot be interpreted as "unconditional acceptance" of that offer. Instead, he supplied a counteroffer. As explained, the record clearly demonstrates that BlockFi's offer was dependent on the value of BTC. Gerro's responsive email inserted a value for BTC ("$7700 per BTC"), a term that was not included in BlockFi's initial email and a price that is not supported by the figures used in BlockFi's formula. Additionally, Blockfi's email referenced a "new principal balance to $1,505,746.11 backed by 426 BTC" whereas Gerro's responsive email suggested a "New principal balance of $1,968,120 backed by 426 BTC collateral." *Id.* "A qualified acceptance is a new proposal." CAL. CIV. CODE § 1585; *see also Roth Grading, Inc. v. Martin Bros. Constr.*, 493 F. Supp. 3d 865, 869 (E.D. Cal. 2020) ("California, as have many other jurisdictions, recognizes the common-law 'mirror image' rule[.]"); *Sung v. Hamilton*, 676 F. Supp. 2d 990, 1002 (D. Haw. 2009) (explaining that "a purported acceptance of an offer which attempts to modify one or more terms of the offer acts as a rejection of the offer and results in a counteroffer.").

In any event, the Court finds that there was no meeting of the minds sufficient to form an enforceable contract. "California law is clear that there is no contract until there has been a meeting

of the minds on all material points." *Banner Ent., Inc. v. Superior Ct. (Alchemy Filmworks, Inc.)*, 62 Cal. App. 4th 348, 358, 72 Cal. Rptr. 2d 598 (1998), as modified (Mar. 30, 1998); *see also Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 215, 45 Cal. Rptr. 3d 692, 704 (2006). "[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract." *Banner Ent., Inc. v. Superior Ct.*, 62 Cal. App. 4th at 359; *see also Hauswirth v. Shih, No. D080294*, 2023 WL 1790070, at *3 (Cal. Ct. App. Feb. 7, 2023), as modified on denial of reh'g (Feb. 24, 2023), review denied (May 3, 2023); *Sterling v. Taylor*, 40 Cal. 4th 757, 766, 152 P.3d 420, 425 (2007) (citing RESTATEMENT (SECOND) OF CONTRACTS § 131 (1981) and discussing the statute of frauds and explaining that the essential contract terms must be stated with reasonable certainty); *Grove v. Grove Valve & Reg. Co.*, 4 Cal. App. 3d 299, 311–12, 84 Cal. Rptr. 300 (1970).

Here, the record demonstrates that material terms remained uncertain; namely, the value of BTC to be used in the formula calculating the amount required to reinstate Gerro's loan. Gerro concedes in his pleadings that he "expressly proposed reinstating at $7,500 per bitcoin and BlockFi did not indicate any contrary intentions." *Gerro Response* 22, ECF No. 1192. Indeed, in a March 19, 2020 email to BlockFi, Gerro proposed that value for BTC. *See Ex. 1 to Gerro Response (Gerro's March 19, 2020 email)* 92, ECF No. 1192-3. However, BlockFi responded several days later with its own formula and calculations, which—under California contract law previously cited—cannot be construed as acceptance of Gerro's proposed BTC price. Moreover, Gerro's April 27, 2020 email suggests a price of $7,700 per BTC, a value different than what he proposed more than a month prior. *See Ex. B to BlockFi Reply (March 24, 2020 email)* 47, ECF No. 1341. Given an email exchange that included shifting figures, varied formulas based on assumptions,

and the fluctuations in the value of BTC over a more-than-a-month period, the Court simply cannot conclude that there was any meeting of the minds between the parties as to the precise terms of an agreement to reinstate Gerro's loan. As such, there was no contract and, thus, no breach by BlockFi.

### C. BlockFi is not an Unlicensed Commercial Bank

Gerro also argues that BlockFi engages in the commercial banking business without a banking license. He does not provide any analysis or evidence of this assertion beyond reference to a New York Times article. *Gerro Memo in Support of Cross-Motion* 17, ECF No. 1192-4. The Court need not address this argument in detail as it lacks merit. The Court finds that it fails for many of the same reasons as Gerro's pawnbroker argument.

### IV.    Conclusion

For the aforementioned reasons, the Court disallows Mr. Gerro's claims and denies the Cross-Motion as moot. Counsel for Debtor is directed to submit a form of order consistent with this opinion.

*[signature]*

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Dated: August 29, 2023

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 22-19361-MBK |
| BlockFi Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 7 |
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 31, 2023:**

**Recip ID        Recipient Name and Address**
db               + BlockFi Inc., 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691-1910

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2023           Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2023 at the address(es) listed below:

**Name**              **Email Address**

Aaron Garber
                  on behalf of Creditor Kristen Vorhees agarber@wgwc-law.com

Adam S. Ravin
                  on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation) adam.ravin@lw.com

Alan Stuart Maza
                  on behalf of Creditor Securities and Exchange Commission mazaa@sec.gov  mazaa@sec.gov

Allen I Gorski
                  on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com

Andrew Marks
                  on behalf of Creditor Matthew Gordon jcardenas@dorflaw.com

Anna Pia Felix
                  on behalf of Creditor Yuri Mushkin afelix@lpgmlaw.com

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 15 of 20

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 2 of 7 |
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Anthony J D'Artiglio | on behalf of Creditor Kyle Klaus adartiglio@ansell.law  courtfilings@ansell.law;jbauchner@ansell.law |
| Barbra Rachel Parlin | on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com |
| Brett S. Theisen | on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Carol L. Knowlton | on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com |
| Carrie J. Boyle | on behalf of Creditor Ge Song cboyle@b-vlaw.com tking@b-vlaw.com;lgrigley@b-vlaw.com;carrie.boyle@comcast.net;jpryor@b-vlaw.com |
| Catherine B. Heitzenrater | on behalf of Creditor Chubb Companies cebeideman@duanemorris.com |
| Daniel Stolz | on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Other Prof. Elementus  Inc. dstolz@genovaburns.com, dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Other Prof. M3 Partners dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel Stolz | on behalf of Plaintiff Official Committee Of Unsecured Creditors dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| Daniel E. Straffi | on behalf of Creditor Joseph Borremans bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Steven Lee bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Matthew Hoselton bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor William Warburton bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Alberto Olivo bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Brendan Pena bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Bruce Gilling bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |
| Daniel E. Straffi | on behalf of Creditor Wayne Akey bkclient@straffilaw.com g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com |

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 16 of 20

| District/off: 0312-3 | User: admin | Page 3 of 7 |
|---|---|---|
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

Daniel E. Straffi
    on behalf of Creditor Scott Aufenanger bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Ellison Bak bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Michiel Hemminga bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Clayton Bargsten bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Damon Andersson bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Daniel Gusovsky bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Andrew Martinez bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Kole Kottmeier bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Brian Graddon bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

Daniel E. Straffi
    on behalf of Creditor Ashton Rincon bkclient@straffilaw.com
    g25938@notify.cincompass.com;jr..daniels.b124806@notify.bestcase.com

David E. Sklar
    on behalf of Creditor Flori Marquez desklar@pbnlaw.com
    mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

David E. Sklar
    on behalf of Creditor Zachary Lee Prince desklar@pbnlaw.com
    mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

David J. Adler
    on behalf of Creditor Committee McCarter & English  LLP DAdler@McCarter.com

David J. Adler
    on behalf of Attorney McCarter & English DAdler@McCarter.com

David J. Adler
    on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

Deborah Kovsky Apap
    on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
    on behalf of Attorney Brown Rudnick LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Other Prof. Elementus  Inc. dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Other Prof. M3 Partners dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Attorney Genova Burns LLC dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
    on behalf of Plaintiff Official Committee Of Unsecured Creditors dclarke@genovaburns.com
    dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 17 of 20

| District/off: 0312-3 | User: admin | Page 4 of 7 |
|---|---|---|
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Douglas J. McGill | on behalf of Creditor Gary Ford dmcgill@webbermcgill.com |
| Douglas J. McGill | on behalf of Creditor Ad Hoc Committee of Collaterized Loan Account Holders dmcgill@webbermcgill.com |
| Douglas T Tabachnik | on behalf of Defendant Primeblock Operations LLC dtabachnik@dttlaw.com rdalba@dttlaw.com |
| Eleanor M Roman | on behalf of Interested Party Scratch Services LLC emr@severson.com |
| Elisabeth Bruce | on behalf of Interested Party Internal Revenue Service elisabeth.m.bruce@usdoj.gov ari.d.kunofsky@usdoj.gov;eastern.taxcivil@usdoj.gov |
| Felice R. Yudkin | on behalf of Debtor BlockFi Inc. fyudkin@coleschotz.com fpisano@coleschotz.com |
| Frank F. Velocci | on behalf of Interested Party Bermuda Joint Provisional Liquidators of BlockFi International Ltd. frank.velocci@faegredrinker.com cathy.greer@faegredrinker.com |
| Gaston P. Loomis, II | on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com scarney@mdmc-law.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | on behalf of Plaintiff Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| James L Bromley | on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com |
| Jason D. Angelo | on behalf of Creditor Bryant F. Foulger JAngelo@reedsmith.com sshidner@mdmc-law.com;smullen@mdmc-law.com |
| Jason M. Avellino | on behalf of Creditor Undisclosed Creditors javellino@gelaw.com 7661309420@filings.docketbird.com;gnovod@gelaw.com;cnevers@gelaw.com |
| Jeffrey Bernstein | on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com |
| Jeffrey M. Sponder | on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov |
| Jeffrey M. Traurig | on behalf of Examiner Elise S. Frejka jtraurig@trauriglaw.com |
| Jessica Cole | on behalf of Defendant United States of America jessica.cole@usdoj.gov |
| Jessica Cole | on behalf of Interested Party United States of America jessica.cole@usdoj.gov |
| John Piskora | on behalf of Creditor Deferred 1031 LLC jpiskora@loeb.com nydocket@loeb.com,dbesikof@loeb.com |
| John Piskora | on behalf of Creditor Deferred 1031 Series 4 LLC jpiskora@loeb.com nydocket@loeb.com,dbesikof@loeb.com |
| John C. Goodchild | on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com |
| John C. Kilgannon | on behalf of Interested Party Towards Equilibrium LLC john.kilgannon@stevenslee.com |
| Joseph M. Shapiro | on behalf of Creditor Wilson Cotrim jshapiro@middlebrooksshapiro.com |
| Joseph M. Shapiro | on behalf of Creditor John A. Javes jshapiro@middlebrooksshapiro.com |
| Joshua S. Bauchner | on behalf of Creditor Kyle Klaus jb@ansellgrimm.com courtfilings@ansellgrimm.com;ajd@ansellgrimm.com |
| Kaitlin R. Walsh | on behalf of Defendant ED&F Man Capital Markets Inc. krwalsh@mintz.com, docketing@mintz.com |

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 18 of 20

| District/off: 0312-3 | User: admin | Page 5 of 7 |
|---|---|---|
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Kaitlin R. Walsh | on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com |
| Kaitlin R. Walsh | on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kenneth Aulet | on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com hcohen@brownrudnick.com |
| Kurt F. Gwynne | on behalf of Interested Party Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kurt F. Gwynne | on behalf of Creditor The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kurt F. Gwynne | on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com |
| Kurt F. Gwynne | on behalf of Interested Party The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kyle McEvilly | on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Michael Anthony Guerra | on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael Anthony Guerra | on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael D. Sirota | on behalf of Defendant BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Defendant BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Defendant BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Trading  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Defendant BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff BlockFi Investment Products LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com |

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 19 of 20

| District/off: 0312-3 | User: admin | Page 6 of 7 |
|---|---|---|
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

Michael D. Sirota
    on behalf of Plaintiff BlockFi Wallet LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Ventures LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Defendant BlockFi Investment Products LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Lending II LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Defendant BlockFi Wallet LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Plaintiff BlockFi Services  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Defendant BlockFi Services  Inc. msirota@coleschotz.com,
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Defendant BlockFi Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Defendant BlockFi Trading LLC msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael D. Sirota
    on behalf of Debtor BlockFi Inc. msirota@coleschotz.com
    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com

Michael S. Etkin
    on behalf of Interested Party Proposed Lead Plaintiff in Securities Class Action metkin@lowenstein.com

Nicole A. Leonard
    on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
    gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Paul J. Winterhalter
    on behalf of Creditor Moneeb Waseem pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Richard Kanowitz
    on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
    on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Case 22-19361-MBK    Doc 1436    Filed 08/31/23    Entered 09/01/23 00:13:32    Desc
Imaged Certificate of Notice    Page 20 of 20

| District/off: 0312-3 | User: admin | Page 7 of 7 |
|---|---|---|
| Date Rcvd: Aug 29, 2023 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| Richard Kanowitz | on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com |
| Richard G. Placey | on behalf of Stockholder Samuel L. Bankman-Fried rplacey@mmwr.com plorenz@mmwr.com;pat-lorenz-montgomery-mccracken-walker-rhoads-llp-7123@ecf.pacerpro.com |
| Robert Malone | on behalf of Unknown Role Type Ankura Trust Company LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com |
| Robert M. Schechter | on behalf of Creditor Flori Marquez rmschechter@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com |
| Robert M. Schechter | on behalf of Creditor Zachary Lee Prince rmschechter@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com |
| Scott Fleischer | on behalf of Creditor Rui Pedro Vaz dos Santos Teixeira sfleischer@barclaydamon.com |
| Sean James Mack | on behalf of Defendant Digistar Norway AS smack@pashmanstein.com smack@pashmanstein.com;Jpadilla@pashmanstein.com |
| Sean James Mack | on behalf of Defendant Nessim-Sariel Gaon smack@pashmanstein.com smack@pashmanstein.com;Jpadilla@pashmanstein.com |
| Sean James Mack | on behalf of Defendant Fiorenzo Manganiello smack@pashmanstein.com smack@pashmanstein.com;Jpadilla@pashmanstein.com |
| Seth Brandon Shapiro | on behalf of Interested Party United States of America seth.shapiro@usdoj.gov |
| Seth Brandon Shapiro | on behalf of Defendant United States of America seth.shapiro@usdoj.gov |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| Virginia T. Shea | on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com gbressler@mdmc-law.com |
| Warren A. Usatine | on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com fpisano@coleschotz.com |
| Warren J. Martin, Jr. | on behalf of Creditor Zachary Lee Prince wjmartin@pbnlaw.com mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com |
| Warren J. Martin, Jr. | on behalf of Creditor Flori Marquez wjmartin@pbnlaw.com mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com |

TOTAL: 140