**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: October 10, 2023 @ 11:00 a.m. ET**<br>**Obj. Deadline: October 3, 2023 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Objections Timely Filed** |

### NOTICE OF DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

**PLEASE TAKE NOTICE** that on October 10, 2023 at 11:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

of the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely upon the *Certification of Lauren M. Sisson* which sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "<u>General Order</u>") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: September 5, 2023                         /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for Debtors and Debtors in Possession* |

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: October 10, 2023 @ 11:00 a.m. ET**<br>**Obj. Deadline: October 3, 2023 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Objections Timely Filed** |

## DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit the *Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion"). In support of this Motion, the Debtors submit the Certification of Counsel (the "Sisson Cert."), attached hereto as Exhibit A, and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1(d) of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

4. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 cases (the "Chapter 11 Cases") are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and

2

joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

7. On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date").

8. On February 23, 2023, Creditor ▇▇▇▇▇ ("▇▇▇") filed proof of claim no. 3419 and proof of claim no. 5503 (the "▇▇▇ Claims"). Claim no. 3419 asserts a claim against BlockFi Wallet LLC in the amount of $5,317,212.00, comprised of 40 bitcoin ("BTC") and 4000 ether ("ETH"). Claim no. 5503 asserts a claim against BlockFi Inc. and BlockFi Lending in the same USD and cryptocurrency amounts as claim no. 3419. Both ▇▇▇ Claims were accompanied by identical sworn affidavits in which ▇▇▇ states, *inter alia*, that he transferred 40 BTC and 4000 ETH into his BlockFi account on September 16, 2022.

9. On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form*

3

*of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

10. On August 3, 2023, the Debtors filed their *Seventh Omnibus Objection to Certain Claims* (the "Objection"). The Objection includes an objection to the ▓▓▓▓ Claims and seeks to expunge claim no. 3419 and modify claim no. 5503 to correct the debtor entity, the amount of the claim, and the improper assertion that the claim is secured. The hearing date for the Objection is September 6, 2023, with a response deadline for creditors of August 30, 2023.

11. On August 22, 2023, counsel for ▓▓▓▓ emailed a Rule 2004 Subpoena (the "Initial Subpoena") to Debtors' counsel seeking document production by September 6, 2023. The Initial Subpoena requested account records and communications for the period January 1, 2022 through the date of production. Sisson Cert., ¶ 3.

12. On August 23, 2023, Debtors' counsel contacted ▓▓▓▓'s counsel to discuss the Objection. Debtors' counsel explained that BlockFi's books and records did not show any deposits of BTC or ETH into ▓▓▓▓'s account in September 2022, that the last activity on the account initiated by ▓▓▓▓ was in September 2021, and that ▓▓▓▓'s only deposit onto the BlockFi platform was approximately 1.22 BTC in March of 2021 when he opened the account. After the call, Debtors' counsel sent a full transaction history of ▓▓▓▓'s account to his counsel. Sisson Cert., ¶ 4.

13. In response, ▓▓▓▓'s counsel emailed a second Rule 2004 Subpoena (the "Revised Subpoena") expanding the request period by two years to January 1, 2020 to present. Debtors' counsel responded that the Objection was a contested matter and therefore a Rule 2004 subpoena was an inappropriate vehicle to request document production. Debtors' counsel offered to adjourn the September 6, 2023 hearing and ▓▓▓▓'s response deadline in order to resolve the issues

4

without the Court's intervention. In doing so, Debtors' counsel proposed that either (a) the request for production be served properly under the Federal Rules or (b) the parties stipulate to treat the subpoena as properly served under the Federal Rules and allow BlockFi to object and respond accordingly. Sisson Cert., ¶ 5.

14. Counsel for ▮ responded by accepting the adjournment to a hearing date of September 20, 2023 with a corresponding response deadline of September 13, 2023, but counsel did not directly address the improper use of the Rule 2004 subpoena or the offer to stipulate beyond stating that he was aware of the pending proceeding rule. Sisson Cert., ¶ 6.

15. As detailed further below, BlockFi provided substantial additional documentation and information to ▮'s counsel in an attempt to settle the Objection in good faith, but as of the filing of this Motion ▮ has refused to withdraw the improper subpoena or provide any documentation whatsoever to support the ▮ Claims.

**RELIEF REQUESTED**

16. The Debtors seek entry of an order, substantially in the form of the proposed order attached hereto as <u>Exhibit B</u>, quashing the Revised Subpoena.

**ARGUMENT**

**A.    The revised Rule 2004 subpoena is an improper vehicle to seek document production in a contested matter.**

17. The Objection filed by the Debtors' to the ▮ Claims is a contested matter. *See* Objection, ¶ 27; Fed. R. Bankr. P. 9014, advisory committee note ("[T]he filing of an objection to a proof of claim…creates a dispute which is a contested matter"). Bankruptcy Rule 9014(c) provides that "unless the court directs otherwise" most of the Federal Rules governing discovery apply to contested matters.

5

18. It is well-established that once a contested matter has commenced, discovery must take place under the Federal Rules "rather than the broader bounds of [Rule] 2004." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *see also In re Summit Glob. Logtics*, No. 08-11566 (DHS), 2008 WL 1446722, at *3 (Bankr. D.N.J. Apr. 9, 2008) (holding that the Federal Rules provide a threshold requirement of relevance and additional protections to subpoenaed parties). Therefore, any requests for production of documents relating to the Debtors' Objection to the ▮▮▮ Claims are governed by the Federal Rules, and the Revised Subpoena issued under Rule 2004 is procedurally improper.

**B.     BlockFi has provided all documents and information in its possession relevant to the ▮▮▮ Claims.**

19. Because of the nature of the large omnibus objections to claims necessitated by these Chapter 11 Cases and the Debtors' desire to protect sensitive creditor information in all filings, BlockFi is not logistically able to provide books and records for each individual creditor in the Objection. The Objection, however, provides a detailed legend allowing each creditor listed to see all the bases for objection to their filed proofs of claim, and it includes no less than 4 different codes for books and records objections. This specificity is designed to give each creditor sufficient detail to understand the bases for the objection to their proof of claim, and the Notice of Objection provides contact info for Debtors' counsel to consult for questions.

20. Rather than contact Debtors' counsel with questions or to request additional documentation supporting the books and records, ▮▮▮ drafted and served a Rule 2004 Subpoena on the Debtors with no attempt to meet and confer beforehand to avoid costly motion practice.

21. Despite the inappropriate method by which ▮▮▮ requested documentation regarding his claim, BlockFi nevertheless provided the vast majority of the items requested by

6

▓▓ in the Revised Subpoena, and also advised ▓▓'s counsel what items did not exist or were no longer in the Debtors' records.

22. BlockFi provided the following documents to ▓▓:

- Account Overview;
- Audit History;
- Risk Rating;
- Transaction Log;
- Persona Logs, showing identity verifications run when ▓▓ initiated a withdrawal from his account; and
- Automated email log and identity verification email.

Additionally, BlockFi provided information about the availability, existence, and retention of the following:

- Emails between ▓▓ and BlockFi employees;
- Automated account emails; and
- Helpdesk tickets.

23. BlockFi more than amply discharged its duty to provide information to creditors regarding the objections to their claims. ▓▓'s counsel was invited several times to further discuss his client's $5MM+ claims in light of the documentation provided, yet he declined to do so and did not withdraw the Revised Subpoena. As such, the Debtors file this Motion to protect the estate from further outlay of time and resources before ▓▓'s response deadline, where he must presumably present some evidence to refute the plethora of documents that indicate that he has, at best, a de minimus claim against the Debtors.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, quashing the Revised Subpoena.

7

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: September 5, 2023 | /s/ *Michael D. Sirota* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

8

**EXHIBIT A**

**Certification of Counsel**

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for Debtors and<br>Debtors in Possession* |
| *Attorneys for Debtors and<br>Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered)<br>**Hearing Date: October 10, 2023 @ 11:00 a.m. ET**<br>**Obj. Deadline: October 3, 2023 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Objections Timely Filed** |

**CERTIFICATION OF COUNSEL IN SUPPORT OF DEBTORS' MOTION
TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION**

I, Lauren Sisson, of full age, hereby certifies and says:

1.      I am an associate in the law firm of Haynes and Boone LLP ("Haynes and Boone"),

30 Rockefeller Plaza, 26th Floor, New York, New York 10112. I am a member in good standing

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

of the Bars of the State of New Jersey, New York, and Georgia, and I am admitted to practice before the U.S. District Court for the District of New Jersey. There are no disciplinary proceedings pending against me.

2. I have full personal knowledge of the facts set forth herein through my role as counsel for the Debtors in this matter. I make this certification in support of the *Debtors' Motion to Quash Subpoena for Rule 2004 Examination* submitted herewith.

3. On August 22, 2023, Debtors' counsel received a Rule 2004 Subpoena by email from counsel to ▮ seeking document production by September 6, 2023. The subpoena requested account records and communications for the period January 1, 2022 through the date of production.

4. On August 23, 2023, I contacted ▮'s counsel to discuss the Objection. I explained that BlockFi's books and records did not show any deposits of BTC or ETH into ▮'s account in September 2022, that the last activity on the account initiated by ▮ was in September 2021, and that ▮'s only deposit onto the BlockFi platform was approximately 1.22 BTC in March of 2021 when he opened the account. After the call, I sent a full transaction history of ▮'s account to his counsel.

5. In response, ▮'s counsel emailed me a second Rule 2004 Subpoena expanding the request period by two years to January 1, 2020 to present and adding a request for all records of data breaches or hacks experienced by BlockFi during the request period. I responded to counsel for ▮ that the objection to his client's claims was a contested matter and therefore a Rule 2004 subpoena was an inappropriate vehicle to request document production. I offered to adjourn the September 6, 2023 hearing and ▮'s response deadline in order to resolve the issues without the Court's intervention. I proposed that either (a) the request for production be served

2

properly under the Federal Rules or (b) the parties stipulate to treat the subpoena as properly served under the Federal Rules and allow BlockFi to object and respond accordingly.

6. Counsel for ▮ accepted the adjournment to a hearing date of September 20, 2023 with a corresponding response deadline of September 13, 2023, but did not directly address the improper use of the Rule 2004 subpoena or the offer to stipulate to treating the subpoena as if it was issued under the Federal Rules. He stated that he was aware of the pending proceeding rule and that the demands made in the subpoena were relevant and not burdensome.

7. During the course of sending documents and information to ▮'s counsel in a series of emails, I repeatedly offered to discuss the Debtors' objection to ▮'s claims, but other than requesting additional details on the production he did not agree to engage in any further discussion of his client's claims.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2023

By: /s/ *Lauren M. Sisson*

Lauren M. Sisson, Esq.
Haynes and Boone, LLP
Counsel to the Debtors

3

**EXHIBIT B**

**Proposed Order**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**October 10, 2023 at 11:00 a.m. (ET)** |
|---|---|

**ORDER GRANTING DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION**

The relief set forth on the following pages, numbered two (2) through three (3) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

---

Upon consideration of the *Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion") and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all responses, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the Certification of Counsel attached to the Motion; and the Court having held a hearing to consider the relief requested in the Motion; and upon the record of the Hearing; the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** and the Subpoena for Rule 2004 Examination is quashed.

2. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

3. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

<mark>
</mark>
<mark>
</mark>

(Page 3)
Debtors:         BLOCKFI INC., *et al.*
Case No.         22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

4. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.