| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Kenric D. Kattner, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>kenric.kattner@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* | <br><br>**Order Filed on September 6, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.*,[1]<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

### ORDER (I) AUTHORIZING CONVERSION
### OF TRADE ONLY ASSETS IN WALLET ACCOUNTS INTO
### WITHDRAWABLE DIGITAL ASSETS AND (II) GRANTING RELATED RELIEF

**DATED: September 6, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING CONVERSION OF TRADE ONLY ASSETS IN WALLET ACCOUNTS INTO WITHDRAWABLE DIGITAL ASSETS AND (II) GRANTING RELATED RELIEF |

Upon the Debtors' *Application in Lieu of a Motion for Entry of an Order (I) Authorizing Conversion of Trade Only Assets in Wallet Accounts into Withdrawable Digital Assets and (II) Granting Related Relief* (the "Application"),[2] where the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order (this "Order") authorizing the Debtors to convert Trade Only Assets into Gemini Dollar (GUSD) stablecoin or another stablecoin of the Debtors' choosing to facilitate withdrawals of Wallet Assets, all as more fully set forth in the Application; and upon the First Day Declaration and the Amended Cheela Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having established just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING CONVERSION OF TRADE ONLY ASSETS IN WALLET ACCOUNTS INTO WITHDRAWABLE DIGITAL ASSETS AND (II) GRANTING RELATED RELIEF |

2. Notwithstanding anything to the contrary in the Prior Wallet Orders, the Debtors are authorized, but not directed, to make a one-time exchange of the Trade Only Assets to Gemini Dollar (GUSD) stablecoin or another stablecoin of the Debtors' choosing. The Debtors are authorized to take all actions to make the stablecoin equivalent balances available in eligible Client Wallet Accounts for withdrawal via the BlockFi platform.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Application; (e) a determination, implication, or admission as to the status as property of the estate of any assets held in BIA; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Application are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

(Page | 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING CONVERSION OF TRADE ONLY ASSETS IN WALLET ACCOUNTS INTO WITHDRAWABLE DIGITAL ASSETS AND (II) GRANTING RELATED RELIEF |

5. Notwithstanding anything to the contrary in the Application or this Order, nothing in the Application or this Order constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.