| | |
|---|---|
| Adam S. Ravin | Nima H. Mohebbi (admitted *pro hac vice*) |
| Adam J. Goldberg (admitted *pro hac vice*) | Tiffany M. Ikeda (*pro hac vice* pending) |
| Christopher Harris (admitted *pro hac vice*) | **LATHAM & WATKINS LLP** |
| Brett M. Neve (admitted *pro hac vice*) | 355 South Grand Avenue, Suite 100 |
| Nacif Taousse (admitted *pro hac vice*) | Los Angeles, CA 90071 |
| **LATHAM & WATKINS LLP** | Telephone: (213) 485-1234 |
| 1271 Avenue of the Americas | Facsimile: (213) 891-8763 |
| New York, NY 10020 | Email: nima.mohebbi@lw.com |
| Telephone: (212) 906-1200 | tiffany.ikeda@lw.com |
| Facsimile: (212) 751-4864 | |
| Email: adam.ravin@lw.com | |
| adam.goldberg@lw.com | |
| christopher.harris@lw.com | |
| brett.neve@lw.com | |
| nacif.taousse@lw.com | |

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLOCKFI INC., *et al.*,[1] | : | Case No. 22-19361 (MBK) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | **Re: ECF Nos. 1309** |

### THE JOINT LIQUIDATORS' LIMITED OBJECTION TO CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF BLOCKFI INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Russell Crumpler and Christopher Farmer, in their capacities as the joint liquidators (the "**Joint Liquidators**") appointed in the British Virgin Islands ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) ("**3AC**") and foreign representatives of 3AC, as recognized pursuant to chapter 15 of the Bankruptcy Code, by and through the undersigned counsel, hereby submit

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

this limited objection (the "**Objection**") and reservation of rights with respect to the *Third Amended Joint Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**").[2] ECF No. 1309. In support of the Objection, the Joint Liquidators respectfully state as follows:

## BACKGROUND

1. 3AC was an investment firm incorporated in the BVI with a focus on trading cryptocurrency and other digital assets. 3AC was founded in 2013 and initially focused on foreign-exchange arbitrage before shifting to cryptocurrency trading in 2018. The Debtors were one of 3AC's largest purported lenders. Between 2019 and 2022, the Debtors extended 3AC billions of loans (the "**Loans**").

2. In early 2022, the global cryptocurrency market experienced a historic and momentous decline, and 3AC collapsed as a result. Ultimately, 3AC lost around $2.7 billion in value between February and May 2022. 3AC's collapse was in part due to the failure of 3AC's investments in the "Luna" coin.

3. The Debtors were plainly aware of the decline in the cryptocurrency markets from 2021 through 3AC's collapse in 2022. Nevertheless, the Debtors loaned more than $938 million to 3AC from May 15 to May 27, 2022 alone, *after the Luna collapse*, and, on information and belief, the Debtors were aware of 3AC's exposure to certain cryptocurrencies and digital assets whose value severely deteriorated (and in some cases, completely collapsed) during the market decline.[3]

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

[3] *See Preliminary Report Addressing Question Posed by the Official Committee of Unsecured Creditors:* Why Did BlockFi Fail?, ECF No. 1202 at 52 ("BlockFi knew or should have known that UST and LUNA were substantial components of 3AC's investment portfolio and that 3AC was perilously close to collapse" when BlockFi loaned $938 million to 3AC between May 15 and May 27, 2022).

4.  On June 14, 2022, BlockFi Lending accelerated the Loans and purported to foreclose on assets in which they asserted a security interest.[4] The Debtors have represented that as of June 15, 2022, Loans in the amount of approximately $1.085 billion remained outstanding and it held purported collateral valued at approximately $1.036 billion. On information and belief, between June 15 and 23, 2022, the Debtors purported to foreclose on the remaining 3AC assets in its possession.

5.  On June 27, 2022, 3AC commenced the BVI Proceeding, and the BVI Court appointed Russell Crumpler and Christopher Farmer as 3AC's joint liquidators. On July 28, 2022, the Joint Liquidators obtained recognition of the BVI Proceeding as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code before the Honorable Martin Glenn of the U.S. Bankruptcy Court for the Southern District of New York. *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG), Docket No. 47 (Bankr. S.D.N.Y. July 28, 2022).

6.  The Joint Liquidators timely filed proofs of claim asserting claims (a) to avoid, pursuant to BVI law, preferential transfers to the Debtors by 3AC while it was insolvent and (b) for repayment of loans made by 3AC to the Debtors (the "**3AC Claims**"). The Joint Liquidators will be filing an amendment to their proofs of claim shortly following the filing of this Objection.

7.  On August 3, 2023, the Debtors filed the Plan. The 3AC Claims are separately classified in Class 8 and are deemed to reject the Plan. Plan art. III.C.20. The Plan provides that the Debtors "contest the validity of the 3AC Claims" and will seek to equitably subordinate any allowed portion of the 3AC Claims. *Id.* To the extent the Court determines that the 3AC claims are allowed and not subject to equitable subordination, the 3AC Claims "shall be *pari passu* with

---

[4] The Debtors assert that the Loans extended to 3AC pursuant that certain Master Loan Agreement (as amended and restated on April 23, 2020 and amended on February 24, 2021) were secured by Bitcoin (BTC), interests in Grayscale Bitcoin Trust (GBTC), Grayscale Ethereum Trust (ETHE), Grayscale Ethereum Classic Trust (ETCG), Grayscale Digital Large Cap Fund (GLCF), Grayscale Zcash Trust, cash, general intangibles, investment property, and financial assets. Est. Mot. ¶ 8; Claim Obj. ¶ 15.

Account Holder Claims, General Unsecured Claims, and Intercompany Claims at the applicable Debtor entity." *Id.*

8. The Debtors filed an objection to the 3AC Claims and a motion seeking estimation of such claims at $0, with both matters set for at least initial hearings on September 20, 2023. ECF Nos. 1346, 1375.

9. The Joint Liquidators disagree with the Debtors' contentions that the 3AC Claims are invalid and subject to equitable subordination and look forward to the opportunity to defend their claims at the appropriate time.

## **LIMITED OBJECTION**

10. The Joint Liquidators' do not oppose confirmation of the Plan and file this Objection in an effort to clarify the effect of confirmation on the 3AC Claims and preserve the Joint Liquidators' rights in respect to those claims. In particular, the Joint Liquidators seek to (a) resolve potential ambiguity as to the scope of the third-party releases as applied to holders of claims in classes that are deemed to reject the Plan (and therefore not afforded an opportunity to opt out of the releases) and (b) ensure that the Joint Liquidators' receive notice of the amount proposed to be reserved against their disputed claims and are afforded an opportunity to be heard with respect to such reserve. The Joint Liquidators are hopeful that the Objection can be resolved through agreed upon language to be included in the Confirmation Order, and to that end have proposed language below that would resolve the Objection. The Joint Liquidators have engaged with the Debtors on these issues but as of the date hereof have been unable to reach an agreement to resolve the Objection.

11. First, the Plan includes third-party releases to be granted by the Releasing Parties. Plan art. VIII.B. Releasing Parties is defined to include "all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan." Plan, art.

4

I.A.172. The Joint Liquidators do not understand the definition of Releasing Parties to encompass the Joint Liquidators or other holders of claims that are deemed to reject the Plan and not afforded an opportunity to opt-out of the releases—as opposed to those holders that are afforded an opportunity to vote, affirmatively vote to reject the Plan, and do not opt-out of the Third-Party Releases. Nevertheless, to avoid any potential ambiguity regarding whether the Joint Liquidators (and other holders of claims that are deemed to reject) are included in the definition of Releasing Parties, the Joint Liquidators propose that the following language be included in the Confirmation Order: "Notwithstanding anything in the Plan or this Order to contrary, each Holder of a Claim that is deemed to reject the Plan shall not be a Releasing Party."

12. To the extent the Debtors' position is that the Joint Liquidators and other holders of claims deemed to reject are encompassed by the definition of Releasing Parties, then the Joint Liquidators hereby object to the releases included in the Plan and opt-out of such releases.[5]

13. Second, the Plan must provide certainty regarding the Debtors' and the Wind-Down Trustee's obligations to establish a reserve for disputed claims and provide the Joint Liquidators notice and an opportunity to be heard on the amount reserved on account of the 3AC Claims. The Plan defines "Disputed Claim Reserve" as "an appropriate reserve in an amount to be determined by the Wind-Down Debtors for Distributions on account of Disputed Claims that are subsequently Allowed after the Effective Date, in accordance with Article VII.A hereof." Plan, art. I.A.105. Article VII.A does not use the term Disputed Claims Reserve and only provides that "[o]n the Effective Date, the Debtors or Wind-Down Trustee, as applicable, *may* establish one or more accounts or funds to . . . satisfy certain Claims (including Claims that are contingent, disputed, or have not yet been allowed)." Plan, art. VII.A (emphasis added). Accordingly, the Plan would

---

[5] The Joint Liquidators as holders of claims deemed to reject the Plan did not receive a release opt-out form and therefore are unable to return such form as provided in the solicitation procedures.

5

grant the Debtors and the Wind-Down Trustee complete discretion over the amount of the Disputed Claims Reserve and, remarkably, whether to even establish a Disputed Claims Reserve. The Confirmation Order should, at minimum, make clear that the Debtors and the Wind-Down Trustee have a firm obligation to fund an appropriate Disputed Claims Reserve and afford the Joint Liquidators notice and opportunity to be heard on the amount reserved for the 3AC Claims before any distributions are made to creditors under the Plan.

14. To that end, inclusion of the following language in the Confirmation Order would resolve the Joint Liquidators' objection regarding the Disputed Claims Reserve:

> Notwithstanding anything in the Plan or this Order to the contrary, on or prior to the Effective Date the Debtors shall establish a Disputed Claims Reserve. The Debtors shall provide Russell Crumpler and Christopher Farmer (the "**Joint Liquidators**"), in their joint capacities as liquidators and foreign representatives of Three Arrows Capital Ltd., notice of the proposed amount of the Disputed Claims Reserve at least fourteen (14) days prior to the occurrence of the Effective Date and the Joint Liquidators may, upon three (3) days' notice to the Debtors, request that the Court enter an order establishing the amount of an appropriate Disputed Claims Reserve.

## **RESERVATION OF RIGHTS**

15. The Joint Liquidators reserve all rights (a) with respect to the Plan, including the rights to amended and/or supplement this Objection to raise any further objections as the Joint Liquidators deem necessary or appropriate and as the evidence may allow at any hearing thereon, (b) with respect to any modifications to the Plan, the Confirmation Order, the Plan Supplement, or any related documents, (c) with respect to the 3AC Claims and all other pending motions or pleadings in these Chapter 11 Cases, and (d) to seek any other relief in respect of the Plan and in these Chapter 11 Cases.

## **CONCLUSION**

16. For the foregoing reasons, the Joint Liquidators respectfully request that the Court sustain this Objection, direct the Debtors to insert the proposed clarifying language into the Confirmation Order, and grant such other relief as is appropriate.

Dated: September 11, 2023  
      New York, New York

Respectfully submitted,

*/s/ Adam S. Ravin*  
Adam S. Ravin  
Christopher Harris (admitted *pro hac vice*)  
Adam J. Goldberg (admitted *pro hac vice*)  
Brett M. Neve (admitted *pro hac vice*)  
Nacif Taousse (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864  
Email: adam.ravin@lw.com  
       chris.harris@lw.com  
       adam.goldberg@lw.com  
       brett.neve@lw.com  
       nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)  
Tiffany M. Ikeda (*pro hac vice* pending)  
**LATHAM & WATKINS LLP**  
355 South Grand Avenue, Suite 100  
Los Angeles, CA 90071  
Telephone: (213) 485-1234  
Facsimile: (213) 891-8763  
Email: nima.mohebbi@lw.com  
       tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators*  
*of Three Arrows Capital, Ltd. (in liquidation)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of September, 2023, a true and correct copy of the foregoing Limited Objection was furnished to all ECF Participants via the CM/ECF system, and further, served by email upon the following:

**Debtors' Counsel**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
**COLE SCHOTZ P.C.**
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Tel: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com

Joshua A. Sussberg, P.C.
Christine A. Okike, P.C.
**Kirkland & Ellis LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: jsussberg@kirkland.com
christine.okike@kirkland.com

Richard S. Kanowitz, Esq.
Kenric D. Kattner, Esq.
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Tel: (212) 659-7300
Email: richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

**Counsel to the Official Committee of Unsecured Creditors**
GENOVA BURNS LLC
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel: (973) 230-2095
Fax: (973) 533-1112
Email: DStolz@genovaburns.com
DClarke@genovaburns.com

    GKinoian@genovaburns.com

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax: (212) 209-4801
Email: rstark@brownrudnick.com
      kaulet@brownrudnick.com
      bsilverberg@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 536-1700
Fax: (202) 536-1701
Email: spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201
Email: taxelrod@brownrudnick.com
      sdwoskin@brownrudnick.com

**Office of the U.S. Trustee**
UNITED STATES DEPARTMENT OF JUSTICE OFFICE OF THE UNITED STATES TRUSTEE ANDREW R. VARA UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
      lauren.bielskie@usdoj.gov

                                          */s/   Adam S. Ravin*
                                            Adam S. Ravin