John C. Goodchild, III (Bar No. 024031994)
Matthew C. Ziegler (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5020
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6700
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Jointly Administered<br><br>Case No. 22-19361 (MBK) |

**LIMITED OBJECTION OF EMERGENT**
**FIDELITY TECHNOLOGIES LTD TO DEBTORS'**
**(1) MOTION TO ESTIMATE FTX CLAIMS AND (2) OBJECTION TO FTX CLAIMS**

Emergent Fidelity Technologies Ltd ("Emergent"), as a party to the *Stipulation Staying Litigation and Related Discovery* (the "Stipulation") among Emergent, FTX Trading Ltd. and certain of its affiliates (collectively, "FTX"), and the Debtors, so ordered by this Court by its *Order Approving Stipulation Staying Litigation and Related Discovery Concerning Robinhood Shares* entered on April 21, 2023 (the "Order") (ECF 760) and as a party in interest to certain of the issues in dispute between the Debtors and FTX, hereby objects on a limited basis to the *Debtors' Motion to Estimate the Amount of the FTX Claims Against the Debtors Pursuant to Sections 105(a) and*

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*502(c) of the Bankruptcy Code* (the "Motion") (ECF 1347) and *BlockFi's Ninth Omnibus Objection to the FTX Claims* (the "Objection") (ECF 1376) for the reasons set forth below.

## BACKGROUND

Emergent is an Antiguan company majority-owned by Samuel Bankman-Fried and is a chapter 11 debtor in the Delaware Bankruptcy Court, whose case is in part jointly administered with FTX's cases. This Court likely will recall that:

- on the first day of this chapter 11 case, the Debtors commenced an adversary proceeding, Adv. Pro. No. 22-01382 (MBK), against Emergent and Marex Capital Markets Inc. (the "Action"), the focus of which was the Debtors' alleged interests in certain Robinhood Marketing Inc. shares and the proceeds thereof (the "Robinhood Assets");

- in January 2023, the Department of Justice seized the Robinhood Assets[2]; and

- in April 2023, this Court entered the Order, so ordering the operative paragraphs of the Stipulation and thereby staying the Action and all related litigation as between the Debtors, Emergent, and FTX.[3]

The Stipulation defines "Robinhood Assets Litigation" as "litigation (in the United States or any other jurisdiction), or otherwise pursu[ing] a ruling or judgment from any court, determining interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets, including without limitation litigation among any of the Parties to determine the validity or allowance of any Party's claims against Emergent or any Party's alleged interests in the Robinhood Assets." Stipulation at 4. Paragraph 3 of the Stipulation expressly provides that "no Party shall

---

[2] On or about September 1, 2023, the Department of Justice, with the consent of the parties in interest, sold the Robinhood shares that it had seized, and thus the Robinhood Assets as defined herein consist entirely of cash, which the DOJ continues to hold. *See United States v. Samuel Bankman-Fried*, Case No. 1:22-cr-00673 (LAK), ECF 242 (S.D.N.Y. Sept. 1, 2023).

[3] The Delaware Bankruptcy Court entered an order so ordering the same Stipulation. *See In re FTX Trading LTD.*, Case 22-11068-JTD, ECF 1297 (Bankr. D. Del. Apr. 17, 2023). The Motion and the Objection violate that order and/or the automatic stay in Emergent's chapter 11 case to the same extent as they violate this Court's Order. Emergent reserves the right to seek relief from the Delaware Bankruptcy Court for the Debtors' violation of that court's order and/or the automatic stay in Emergent's chapter 11 case.

2

commence or prosecute any other Robinhood Assets Litigation before any domestic or foreign tribunal, outside of the SBF Criminal Proceeding and Forfeiture Proceeding, until the Criminal Proceedings Conclusion." The SBF Criminal Proceeding remains pending (with trial currently scheduled for October 2023) and the Forfeiture Proceeding has not yet commenced (and may never commence). *See United States' Notice of Asset Seizures* (ECF 203).

Thus, this Court's express prohibition on Robinhood Assets Litigation outside the SBF Criminal Proceeding is in effect. *See* Order, Stipulation ¶ 3.

## **LIMITED OBJECTION**

Emergent objects to the Motion and the Objection to the extent they constitute Robinhood Assets Litigation, as plainly violating this Court's Order, and in addition as violating Emergent's due process rights.

The Motion and the Objection address numerous claims asserted by FTX against the Debtors (the "FTX Claims"). Certain of the FTX Claims expressly refer to the "Emergent Pledge" or otherwise relate to the Robinhood Assets (such claims, the "Robinhood-Related Claims"). *See, e.g.,* Motion ¶¶ 22, 23, 26, 37, 38, 52; Objection ¶¶ 30-32, 56, 57, 63. To the extent the Motion and the Objection ask this Court for relief concerning the Robinhood-Related Claims, the Debtors necessarily are asking this Court to "determin[e] interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets, including … any Party's alleged interests in the Robinhood Assets." *See* Stipulation at 4 (definition of Robinhood Assets Litigation). Indeed, the Motion and the Objection ask this Court to adopt the Debtors' view of the parties' interests in the Robinhood Shares: e.g., "BlockFi is therefore the sole owner of the Robinhood Shares," Motion ¶ 37; *see* Objection ¶ 56; FTX "lacks an ownership interest in the Robinhood Shares," Motion ¶ 52; *see* Objection ¶ 56. Likewise, BlockFi's argument that the Emergent Pledge cannot have

3

been a preferential or fraudulent transfer asks this Court to determine interests, ownership, rights, claims, <u>and</u> liens with respect to the Robinhood Assets. *See* Stipulation at 4-6; *see also* Motion ¶ 37; Objection ¶ 63.

The Motion and the Objection, to the extent they relate to Robinhood-Related Claims, are plainly "Robinhood Assets Litigation" as defined in the Stipulation. *See* Stipulation at 4-6.

Paragraph 8 of the Stipulation has a carveout permitting filing of proofs of claim: "If a bar date for filing a proof of claim in the BlockFi Bankruptcy Cases, the Emergent Bankruptcy Case, and/or the FTX Bankruptcy Cases occurs before the Criminal Proceedings Conclusion, any Party may file such proof or proofs of claim. BlockFi, Emergent, and FTX may object to any such claims to preserve rights as necessary, but the relevant Parties shall work in good faith, and shall seek the appropriate Bankruptcy Court's permission, to defer all prosecution and adjudication of any objection to any portion of such claim asserting interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets within the applicable Bankruptcy Case until after the Criminal Proceedings Conclusion." This carveout applies to FTX filing the FTX Claims but not to the Motion or the Objection opposing the Robinhood-Related Claims.[4]

The Debtors in the Motion and the Objection do not seek merely to "preserve rights" in the Robinhood Assets – they are asking this Court to <u>decide</u> in their favor disputes over rights and interests in the Robinhood Assets. *See* Stipulation ¶ 8. The Debtors have <u>not</u> sought this Court's "permission[] to defer all prosecution and adjudication of any objection to any portion of such claim asserting interests in, ownership of, rights or claims to, or liens with respect to the Robinhood

---

[4] There are also potential carveouts in paragraphs 4, 5 and 7 of the Stipulation, but these are not relevant to the instant dispute.

4

Assets." *See id.* The Debtors have done the exact opposite of what the Order compels: They have asked this Court not to defer but to expedite Robinhood Assets Litigation.

For the foregoing reasons, the Motion and the Objection plainly violate the Order and the Stipulation to the extent they address Robinhood-Related Claims, and the Motion and the Objection should both be denied in relevant part. *See* Stipulation ¶ 3.

Besides violating this Court's Order, the Motion and the Objection, as to Robinhood-Related Claims, are an apparent attempt to violate Emergent's due process rights. This Court likely will recall, and the Debtors are certainly aware, that Emergent, as well as FTX, claims an ownership interest in the Robinhood Assets and has asserted that the Emergent Pledge is avoidable. Among other points that Emergent made in the Action before the Order was entered, Emergent undisputedly held title to the Robinhood Shares even after the Debtors filed these chapter 11 cases, and Emergent disputed that a security interest (even with a power of attorney) could confer on the Debtors ownership of any asset. *See* Action ECF 34 ¶ 24. Emergent has also asserted that the Emergent Pledge is avoidable as lacking authorization, lacking consideration, lacking perfection, as a preferential transfer, and as an intentional and constructive fraudulent transfer. *See* Action ECF 34 ¶ 26. Yet the Motion and the Objection ask this Court to decide those issues behind Emergent's back. This is unfairly prejudicial – especially given that the Debtors would likely attempt to use any favorable ruling obtained there against Emergent in other proceedings in this or other courts.

Emergent is an indispensable party to any judicial determination of rights and interests in the Robinhood Assets. *See* Action ECF 34. The Stipulation confirms this by compelling the parties to litigate the Robinhood Assets Litigation in one forum and all together. *See* Stipulation

5

¶ 3.  The Debtors' attempt to pursue Robinhood Assets Litigation without the participation of <u>both</u> other parties offends due process as well as the Stipulation.

For the foregoing reasons, the Motion and the Objection, to the extent they address Robinhood-Related Claims, violate (i) this Court's Order and (ii) the parties' Stipulation and (iii) Emergent's due process rights.  The Motion and the Objection should both be denied in relevant part.[5]

---

[5] In the unlikely event that this Court sees fit to permit the Debtors to proceed with the Motion or the Objection with respect to the Robinhood-Related Claims, the Court should expressly order that no judicial determination concerning any Robinhood-Related Claims shall have any preclusive effect, on any theory, in any dispute between the Debtors and Emergent concerning the Robinhood Assets in any forum.

## **CONCLUSION**

For the foregoing reasons, Emergent respectfully requests that this Court deny the Motion and the Objection to the extent they ask this Court to determine any person's "interests in, ownership of, rights or claims to, or liens with respect to the Robinhood Assets, including … any Party's alleged interests in the Robinhood Assets."

Dated: September 12, 2023

Respectfully submitted,

By: *John C. Goodchild, III*
John C. Goodchild, III (Bar No. 024031994)
Matthew C. Ziegler (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5020
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6700
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd*