UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Alan S. Maza
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
Phone: (212) 336-1100
Email: Mazaa@sec.gov

**UNITED STATES BANKRUPTCY COURT
DISRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

*In re:*

**BLOCKFI INC., et al.,**[1]

       **Debtors.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Chapter 11
Case No. 22-19361 (MBK)**

**Jointly Administered**

# LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN

The U.S. Securities and Exchange Commission ("SEC" or the "Commission") files this limited objection and reservation of rights with respect to confirmation of the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1309][2] and respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

## BACKGROUND

1. The SEC is the federal agency responsible for regulating the U.S. securities markets, protecting investors, and enforcing the federal securities laws. In this bankruptcy case, the SEC is also a creditor holding an approximately $30 million claim against the Debtors pursuant to an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 9(f) of the Investment Company Act of 1940, Making Findings, and Imposing a Cease-and-Desist Order entered on February 14, 2022 in an Administrative Proceeding before the Commission.[3]

2. On July 5, 2023, the SEC filed the *Limited Objection and Reservation Of Rights Of The Securities And Exchange Commission To Debtors' Motion For Order Approving The Adequacy Of The Debtors' Amended Disclosure Statement And Related Relief* [Docket No. 1151] ("Limited Objection"), which raised concerns with respect to the third-party releases set forth in the Plan and Disclosure Statement. The objections set forth in the Limited Objection are incorporated herein by reference.

3. On August 3, 2023, the Debtors filed the Plan, amending previously filed plans.

---

[3] On June 22, 2023, the SEC entered into a stipulation with the Debtors pursuant to which it consented to payment in full of all other allowed claims in Classes 1, 2, 3, 4 and 11 prior to payment of the SEC's claim, to maximize the amount that may be distributed to investors and avoid delay in such distribution. *See* Docket No. 1140. In addition to its status as a creditor, as a statutory party in a corporate reorganization proceedings, the Commission "may raise and may appear and be heard on any issue[.]" 11 U.S.C. § 1109(a).

**DISCUSSION**

A. **The Plan Is Not Confirmable Because the Third-Party Release Does Not Except Claims Arising Out of Fraud, Gross Negligence or Willful Misconduct**

4. The Plan's Third-Party Release impermissibly releases all claims of any kind, even those for actual fraud, gross negligence or willful misconduct. Indeed, the Third-Party Release would give the individuals among the Released Parties what they could not obtain if they were to file their own bankruptcy cases—a discharge of otherwise non-dischargeable claims. *See* 11 U.S.C. §§ 523(a)(2, 4, 6) and 523(a)(19); *see also Law v. Siegel*, 571 U.S. 415, 421 (2014) (holding that "in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions"). Moreover, the Debtors have the burden to establish how their release of claims in favor of the Released Parties, including but not limited to claims for known and unknown fraud, willful misconduct, and gross negligence of the Released Parties, meet the requirements of relevant case law, *see*, *e.g.*, *In re: Washington Mutual, Inc.*, 442 B.R. 314, 345-50 (D. Del. 2011) (requiring evidence to convince the court that releases are warranted). Here, the Debtors have not met that burden as the Plan fails to provide sufficient information about the identities of the released parties and the nature of the specific claims to be released. *See In re Aegean Marine Petroleum Network Inc.*, 599 B.R. 717, 728 (Bankr. S.D.N.Y. 2019) (proponents' inability to identify the claims affected or the owners of such claims meant that there was lack of proof of facts necessary to support the proposed releases). Accordingly, the releases are flawed as a matter of law and the Plan is non-confirmable.

### B. The Plan's "Gatekeeping" Provision Is Unnecessary and Designed to Deter Future Actions

5. The Plan requires those who opt out from the release to seek a final order from the Bankruptcy Court determining that their opt-out was valid prior to pursuing their claims outside of the Bankruptcy Court. This provision serves to deter actions against non-debtors and is inconsistent with Fed. R. Civ. P. 8(c)(1), which specifically lists "release" as an affirmative defense to be pled by the released party in a responsive pleading. *See* Fed. R. Civ. P. 8(c)(1); *Sada 2400 OGDEN, Ltd Liab. Co. v. 2400 OFDEN Ave.*, No. 20 C 4224, 2021 U.S. Dist. LEXIS 38678, at *1 (N.D. Ill. Mar. 2, 2021) (plaintiff need not anticipate and negate a release in her pleading; to successfully assert the affirmative defense of release, a defendant must show that the release is valid and that the release covers the claims at issue in the case); *see also In re Toussaint*, 259 B.R. 96, 1010 (Bankr. E.D.N.C. 2000), *citing Strucker v. Cardinal Building Materials, Inc. (In re Stucker)*, 153 B.R. 219, 222 (Bankr. N.D. Ill. 1993).

6. By bestowing upon the Bankruptcy Court authority to act as the gatekeeper of future claims, the Plan limits—and, in some instances, may eliminate— the ability of creditors to seek redress for claims over which the Bankruptcy Court would otherwise lack subject-matter jurisdiction. But the Bankruptcy Court should not be the sole arbiter of the appropriateness of a cause of action involving non-bankruptcy claims against non-debtors as the non-bankruptcy courts are the appropriate forums to rule on dispositive motions and causes of action litigated between non-debtors. *Cf. In re Hepburn*, 27 B.R. 135, 136-37 (Bankr. E.D.N.Y. 1983) (Bankruptcy court would not decide landlord-tenant dispute because "except

4

that the debtor's discharge in bankruptcy absolves her of the debt for rent, the landlord is entitled to whatever his remedies would be in the courts of New York State, absent bankruptcy, for breach of a lease."); *In re Iannacone*, 21 B.R. 153 (Bankr. D. Mass 1982) (non-bankruptcy court may determine question of dischargeability of debt under 11 U.S.C. Section 523 in suit brought by creditor post-bankruptcy).

7. This provision represents an inappropriate burden on plaintiffs who took the prescribed step to except causes of action. Accordingly, this offensive provision should be stricken from the Plan to allow those parties who opted out and who are otherwise outside the scope of the release to pursue legitimate claims against third parties without the need for further bankruptcy court intervention.

## RESERVATION OF RIGHTS

The SEC staff has communicated with Debtors' counsel who has cooperated with the staff in addressing concerns regarding the Plan. As of the date of this filing, the Debtors have not filed their proposed confirmation order. Accordingly, the SEC reserves the right to amend this filing and to object to any provision of the proposed confirmation order, including but not limited to, those provisions relevant to the federal securities laws. The SEC is further not opining as to the legality, under the federal securities laws, of the transactions outlined in the Plan, and reserves its rights to challenge transactions involving crypto assets.

**CONCLUSION**

For the reasons set forth above, the Commission respectfully requests that, unless the Debtors modify their Plan as described above, the Court deny confirmation of the Plan and grant such other relief as the Court deems just and proper.

Dated: New York, NY
September 13, 2023

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By: /s/ Alan S. Maza
Alan S. Maza
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
Phone: (212) 336-1100
Mazaa@sec.gov

Of Counsel: Alistaire Bambach
Morgan Bradylyons
Therese Scheuer

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September 2023, a true and correct copy of the foregoing Limited Objection and Reservation of Rights was furnished to all ECF Participants via the CM/ECF system, and further, served by Regular mail or email upon the following:

BlockFi, Inc.
100 Horizon Center Blvd. 1st and 2nd Floors
Hamilton, NJ 08691

<u>Debtors' Counsel</u>

Joshua A. Sussberg, P.C.
Christine A. Okike, P.C.
Francis Petrie. P.C.
Kirkland & Ellis LLP
Email:  jsussberg@kirkland.com
            christine.okike@kirkland.com
            francis.petrie@kirkland.com

Richard S. Kanowitz, Esq.
Jordan Chavez, Esq.
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Tel: (212) 659-7300
Email:  richard.kanowitz@haynesboone.com
            jordan.chavez@haynesboone.com

<u>Counsel to the Official Committee of Unsecured Creditors</u>

BROWN RUDNICK LLP
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Email:  rstark@brownrudnick.com
            kaulet@brownrudnick.com
            bsilverberg@brownrudnick.com

<u>Office of the U.S. Trustee</u>
UNITED STATES DEPARTMENT OF JUSTICE OFFICE OF THE UNITED STATES TRUSTEE ANDREW R. VARA UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
Email: jeffrey.m.sponder@usdoj.gov
   lauren.bielskie@usdoj.gov

            <u>/s/ Alan S. Maza</u>
            Alan S. Maza