**CSG law**

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

**SAM DELLA FERA, JR.**
Member

sdellafera@csglaw.com

O  973.530.2076      F  973.325.1501

September 13, 2023

**VIA ECF**

The Honorable Michael B. Kaplan, Chief U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

    Re:    In re BlockFi Inc., et al.
             Case No. 22-19361 (MBK)
             Hearing Date:  September 20, 2023, at 10:00 a.m.

Dear Judge Kaplan:

    This firm represents Vrai Nom Investment Limited ("Vrai Nom") in the above-referenced chapter 11 case.  Please accept this letter in lieu of a more formal opposition by Vrai Nom to the Motion of BlockFi International Ltd. (the "Debtor") for Entry of an Order (i) Enforcing the Automatic Stay, (ii) Holding Vrai Nom in Contempt and Imposing Sanctions for Willful Violations of the Automatic Stay, and (ii) Granting Related Relief (the "Sanctions Motion") (Docket No. 1330).[1]

## INTRODUCTION

    By the procedurally deficient Sanctions Motion, the Debtor seeks to hold Vrai Nom in contempt of an order that, as the Debtor itself admits, Vrai Nom had no notice of at the time of the actions allegedly taken in violation of the automatic stay.

    The motion is procedurally deficient because (i) it is unsupported by any certification containing facts supporting the relief requested in compliance with Rules 7007-1 and 9013-1(a)(2) of the District of New Jersey Local Bankruptcy Rules (the "Local Rules"), and (ii) it was not properly served on Vrai Nom, a foreign company located exclusively outside the United States, in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure and the Local Rules.  The former deficiency is a serious one, because of the punitive nature of the relief sought and the burden of proof placed on the Debtor as movant.  The latter deficiency is also a serious deprivation of due process, and it has not been excused by the Court's recently entered Alternate Service Order (defined below),

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Sanctions Motion.

NEW JERSEY    NEW YORK

4871-9262-9887.v1

Hon. Michael B. Kaplan, Chief U.S.B.J.
September 13, 2023
Page 2

which relates only to the Debtor's pending complaint against Vrai seeking similar relief and described in more detail below.

More significant, the motion fails on its merits because the Worldwide Stay Order that the Debtor accuses Vrai Nom (without evidentiary support) of willfully violating was, by the Debtor's own admission, served on Vrai Nom, if at all, at least one day <u>after</u> the complained of actions took place.[2]

As the Debtor concedes, the Worldwide Stay Order was entered by this Court on November 30, 2022, the same day that the Debtor alleges Vrai Nom acted in violation of the automatic stay. At the November 29, 2022 hearing on the Debtor's request for the Worldwide Stay Order, the Court forewarned the Debtor that, if the Debtor were to seek relief against an offending party under that Order, "[b]efore I would hold the party in contempt I will need to be assured by separate motion that they've been served and <u>had notice of the order</u>." Sanctions Motion at 6-7 (emphasis added). The Debtor offers no such assurances here. In fact, the Sanctions Motion expressly asserts that the Worldwide Stay Motion was served on Vrai Nom on December 1, 2022, <u>after</u> the events complained of.[3] Sanctions Motion at 7.

As a result, the Sanctions Motion fails both procedurally and on the merits, and it should be denied. As set forth below, the Debtor is seeking virtually identical relief against Vrai Nom in the Stay Violation Complaint, which unlike the Sanctions Motion has now been deemed properly served on Vrai Nom, and which is proceeding in the ordinary course. The Court should allow the parties to fully investigate and demonstrate on the record the relevant facts about the alleged stay violation in that pending litigation, and not by way of motion practice devoid of evidentiary support.

## OBJECTION TO THE SANCTIONS MOTION

<u>The Stay Violation Complaint</u>

On July 10, 2023, the Debtor filed a complaint (the "<u>Stay Violation Complaint</u>") against Vrai Nom commencing Adversary Proceeding No. 23-1175 (the "<u>Adversary Proceeding</u>"). The Debtor asserts seven causes of action in the Adversary Proceeding:

---

[2] The Debtor relies on Kroll's Nov. Affidavit of Service (Docket No. 36) to support its allegation that Vrai Nom was served and received notice of the First Day Hearing Letter and the Worldwide Stay Motion. Notably, Vrai Nom's name does not appear on any exhibit to that Affidavit.

[3] As the Court considers the dates set forth in the Sanctions Motion, it is worth noting that when Trenton, New Jersey is on Eastern Standard Time, as it was on November 29 and 30, and December 1, 2022, Vrai Nom's local time is 13 hours ahead, such that it may already have been November 30, December 1, and December 2, 2022, for Vrai Nom when the Debtor uses the dates it does in the Sanctions Motion. Discovery is necessary to determine exactly what Vrai Nom knew and when it knew it. That discovery is readily available in connection with the Stay Violation Complaint; there has been no meaningful opportunity for discovery in connection with the Sanctions Motion. This is yet another procedural shortcoming for which the Court should deny the Sanctions Motion.

Hon. Michael B. Kaplan, Chief U.S.B.J.
September 13, 2023
Page 3

- In Count One, the Debtor requests entry of a declaratory judgment that: (a) pursuant to section 541 of the Bankruptcy Code, the Transferred Collateral and the ETHW Collateral are property of the Debtor's bankruptcy estate; (b) by exercising remedies against the Transferred Collateral on November 30, 2022, Vrai Nom caused a transfer of property of BlockFi International's estate on a post-petition basis in violation of the automatic stay and such transfer was, therefore, void <u>ab initio</u> under section 549 of the Bankruptcy Code; (c) sections 542, 543 and 550(a) of the Bankruptcy Code, as applicable, require Vrai Nom to turn over the Transferred Collateral for the benefit of the Debtor's estate or, in the alternative, Vrai Nom must compensate the Debtor for damages caused by its improper exercise of remedies against the Transferred Collateral; and (d) sections 542 and 543 of the Bankruptcy Code, as applicable, require Vrai Nom to turn over the ETHW Collateral for the benefit of the Debtor's estate. Stay Violation Complaint at 9-10.

Significantly, in Count One the Debtor <u>also</u> "seeks a finding of contempt and an award of damages, costs, and attorneys' fees resulting from Vrai Nom's willful violation of the automatic stay and the Worldwide Stay Order." Stay Violation Complaint at 10, ¶30.

- In Count Two, the Debtor seeks, among other things, turnover of the Transferred Collateral and the ETHW Collateral as property of the Debtor's estate pursuant to 11 U.S.C. §§ 542(a) and 543, and a return of alleged surplus Collateral under Delaware state law. Stay Violation Complaint at 10-12.

- In Count Three, the Debtor seeks avoidance of alleged unauthorized post-petition transfers to Vrai Nom pursuant to 11 U.S.C. § 549. Stay Violation Complaint at 12.

- In Count Four, the Debtor seeks recovery of any and all avoided transfers pursuant to 11 U.S.C. § 550(a). Stay Violation Complaint at 13-14.

- In Count Five, the Debtor seeks the disallowance of Vrai Nom's claims pursuant to 11 U.S.C. § 502(b) and (d). Stay Violation Complaint at 14.

- In Count Six, the Debtor, <u>once again</u>, seeks damages and sanctions pursuant to 11 U.S.C. § 362(k) for Vrai Nom's alleged knowing, willful and intentional violation of the automatic stay. Stay Violation Complaint at 15.

- Finally, in Count Seven, the Debtor seeks attorneys' fees and costs. Stay Violation Complaint at 15-16

The Adversary Proceeding remains pending. Pursuant to an Agreed Joint Scheduling Order entered by the Court on September 11, 2023 (Adv. Proc. Docket No. 12), Vrai Nom's response to the Complaint is due by September 29, 2023, and the Court is scheduled to conduct a pretrial conference on October 10, 2023.

Hon. Michael B. Kaplan, Chief U.S.B.J.
September 13, 2023
Page 4

For the record, among other things, Vrai Nom disputes that the Debtor, which had indisputably defaulted on its loan obligation to Vrai Nom prepetition, had on the Petition Date any cognizable rights in the collateral against which Vrai Nom enforced its rights as a secured party. Vrai Nom intends to offer its proofs in support of that position at or before trial in the Adversary Proceeding.

The Debtor purported to serve the Stay Violation Complaint and related Summons on Vrai Nom, but given that Vrai Nom is a foreign entity with no presence in the United States, the effectiveness of that service was doubtful, at best. Accordingly, on August 8, 2023, the Debtor moved for approval of alternate service of the Stay Violation Complaint on Vrai Nom (the "<u>Alternate Service Motion</u>") (Adv. Proc. Docket No. 4). The Alternate Service Motion requested that the Debtor's prior alleged service of the Complaint be deemed effective or, alternatively, that the Court authorize service of the Complaint on Vrai Nom by mail and e-mail.

Vrai Nom did not object to the Alternate Service Motion, which was granted by the Court on August 29, 2023 (Adv. Proc. Docket No. 7). As a result, service of the Stay Violation Complaint on Vrai Nom was deemed effective. No such relief has been granted regarding the Sanctions Motion.

<u>The Sanctions Motion</u>

Simultaneously with the Alternative Service Motion, on August 8, 2023, the Debtor also filed the Sanctions Motion in the main bankruptcy case. Therein, the Debtor alleges that, on November 30, 2022, <u>i.e.</u>, post-petition, Vrai Nom transferred certain collateral that acted as security for Vrai Nom's loan to the Debtor, in violation of the automatic stay. Sanctions Motion at 7. The Debtor makes the exact same claim in the Stay Violation Complaint. Vrai Nom intends to dispute that claim in the same way in that proceeding.

In the Sanctions Motion, however, the Debtor further alleges that Vrai Nom willfully violated the automatic stay and the Worldwide Stay Order by intentionally transferring its collateral after the Petition Date. Sanctions Motion at 10-11. Still missing in the Sanctions Motion is any evidence of Vrai Nom's willfulness, or knowledge of the bankruptcy stay or the Worldwide Stay Order. The available facts are to the contrary. Vrai Nom was served with the Worldwide Stay Order at least a day after the property transfer. The Debtor offers no proof that Vrai Nom was served (or received within a day of service) notice of the bankruptcy and related matters. Given the substantial time difference, the timing of any such notice and the timing of the transfer (assuming that the Debtor had rights in the property) is critical in this context.

Nor does the Debtor convincingly assert in the Sanctions Motion that the property transferred, which indisputably acted as Vrai Nom's collateral, was property of the Debtor's estate at the time of transfer. Rights in property are defined by non-bankruptcy law, which is nowhere to be found in the Sanctions Motion. At best, the Debtor alleges that the subject property was "arguably a part of the estate" and in which it "retained at least an equitable interest." Sanctions Motion at 9-10. Perhaps, but perhaps not. Discovery and a more fulsome factual and legal analysis are unquestionably required. That will be forthcoming in the Adversary Proceeding under all applicable Federal Rules.

Hon. Michael B. Kaplan, Chief U.S.B.J.
September 13, 2023
Page 5

## CONCLUSION

      Based upon the record before it, the Court should deny the Sanctions Motion. Absent is any proof of (i) the Debtor's rights, if any, on the Petition Date under non-bankruptcy law in the property transferred, (ii) Vrai Nom's notice of the bankruptcy or the Worldwide Stay Order, (iii) Vrai Nom's willful and intentional disregard of that notice. The Court itself set the bar for what conduct would be considered contemptable and sanctionable under the Worldwide Stay Order, and the Debtor has fallen woefully short.

      If the Debtor is to be granted any relief for Vrai Nom's alleged violation of the automatic stay, such relief should only follow the discovery, pretrial procedures and, if necessary, trial in the Adversary Proceeding, in which the Debtor asserts essentially the same claims. Vrai Nom looks forward to proving its case on a complete record in that action.

      Respectfully submitted,

      */s/ Sam Della Fera, Jr.*

      Sam Della Fera, Jr.

SDF/ldp

4871-9262-9887.v1