# Exhibit A

## Proposed Agreed Order

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## JOINT STIPULATION AND AGREED ORDER BETWEEN CERTAIN STATE GOVERNMENTAL REGULATORY CLAIMANTS AND DEBTORS TO FOREGO RECEIVING DISTRIBUTION FROM DEBTORS' BANKRUPTCY ESTATES

This stipulation and agreed order (this "Stipulation") is made this 18 day of September 2023 by each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the state governmental entities signatory hereto (the "State Governmental

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

Regulatory Claimants[2]" and together with the Debtors, the "Parties") with respect to the treatment of the Certain State Regulatory Claims (defined herein) under the *Third Amended Joint Chapter 11 Plan of BlockFi, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* filed on August 3, 2023 [Docket No. 1309] (the "Plan")[3] as follows:

## RECITALS

**WHEREAS**, on November 28, 2022, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Chapter 11 Cases");

**WHEREAS,** prior to the filing of the Chapter 11 Cases, state securities regulators, including the State Governmental Regulatory Claimants, formed a working group which reached a settlement with the Debtors through which the Debtors agreed to pay up to a total of fifty million dollars ($50,000,000.00) in settlement payments divided equally among the 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands;

**WHEREAS**, on January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order");

**WHEREAS**, pursuant to the Bar Date Order, the deadline for the governmental claimants to file proofs of claim against the Debtors was 5:00 p.m. prevailing Eastern Time on May 30, 2023 (the "Governmental Bar Date");

---

[2]     For the avoidance of doubt, tax claims are not included in the State Governmental Regulatory Claims
[3]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

2

**WHEREAS**, prior to the Governmental Bar Date, the State Governmental Regulatory Claimants timely filed proofs of claim against the Debtors or were included on the Debtors' schedules of liabilities;[4]

**WHEREAS**, the Plan provides for the State Governmental Regulatory Claims, if Allowed, to be subordinated to Account Holder Claims, General Unsecured Claims, and Intercompany Claims pursuant to sections 726(a)(4) and 1129(a)(7) of the Bankruptcy Code;

**WHEREAS**, the State Governmental Regulatory Claimants disagree with the Proposed Plan Treatment and assert that their claims are general unsecured claims entitled to participate *pani passu* with other general unsecured creditors in the Debtors' Chapter 11 Cases;

**WHEREAS**, in order to maximize the amount that may be distributed to BlockFi consumer clients and avoid delay in such distribution, the Parties have determined that it is in their best interests to enter into this Stipulation whereby the State Governmental Regulatory Claimants agree to forego participating in any distributions under the Plan or requiring any cash reserve in connection with such distributions, on account of any claims that may be or become Allowed Claims based on the State Government Regulatory POCs until all other Allowed Claims in Classes 1, 2, 3, 4, 11, and 16 (as defined in the Plan) are paid in full.

**NOW, IT IS THEREFORE STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED EFFECTIVE AS OF THE EFFECTIVE DATE HEREOF AS FOLLOWS:**

1. The State Governmental Regulatory POCs will be re-classified as a general unsecured claims in new Class 17.

---

[4] 31740, 31746, 31294, 31295, 4107191, 30837, 4107192, 4107193, 4107231, 31606, 31608, 31609, 31610, 31611, 31612, 31613, 31614, 31615 (collectively, the "State Governmental Regulatory POCs" and the claims reflected therein the "Certain State Regulatory Claims.")

3

2. The State Governmental Regulatory Claimants consent to the Debtors making distributions to Holders of Allowed Claims in the Chapter 11 Cases without making such a distribution to the State Governmental Regulatory Claimants on account of the State Governmental Regulatory POCs, or reserving cash available for such distribution on account of the State Governmental Regulatory POCs, until payment in full of all other Allowed Claims in Classes 1, 2, 3, 4, 11, and 16.

3. Except as stated in paragraph 2 above, the State Governmental Regulatory Claimants retain all rights with respect to the State Governmental Regulatory POCs, including the right to amend the State Governmental Regulatory POCs. The Debtors retain all objections and defenses to the State Governmental Regulatory POCs.

4. This Stipulation shall continue to remain in full force and effect with respect to any amended Plan; *provided* that the classification and treatment of Allowed Claims in Classes 1, 2, 3, 4, 11 and 16 shall remain substantially the same as in the Plan.

5. Any Allowed Certain State Regulatory Claims shall be subject to the terms of this Stipulation and shall not be subject to reconsideration, provided that, this Stipulation shall be of no force or effect if the Plan (as amended) is not confirmed by this Court or the Plan does not thereafter become effective.

6. For the avoidance of doubt, this Stipulation does not impact, alter or in any way affect claims, consent orders, or judgments against one or more of the Debtors by other divisions, departments and/or governmental units of the State Governmental Regulatory Claimants.

7. Nothing in this Stipulation precludes the State Governmental Regulatory Claimants from objecting to the classification or allowance of any claim other than the Certain State Regulatory Claims.

8. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Each Party who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.

10. Each Party agrees that this Stipulation shall not be used in any other proceeding for any purpose.

11. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.  Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and Local Rules of the United States Bankruptcy Court for the District of New Jersey.

STIPULATED AND AGREED as of this 18th day of September 2023.

/s/ *Christine A. Okike*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

6

Jonathan Skrmetti
Tennessee Attorney General & Reporter

/s/ Gina Baker Hantel
Gina Baker Hantel
Senior Assistant Attorney General
TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207
PH: 615-532-8928
FX: 615-741-3334
gina.hantel@ag.tn.gov

Attorney for the Tennessee Department of Commerce and Insurance

7

Dated: September 14, 2023

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
Texas State Bar No. 24095553
SEAN T. FLYNN
Texas State Bar No. 24074214
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
sean.flynn@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD AND
THE TEXAS DEPARTMENT OF BANKING

8

|  | **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** |
|---|---|
| Dated: September 14, 2023 | */s/ Jeffrey Bernstein* <br> Jeffrey Bernstein, Esq. <br> Nicole Leonard, Esq. <br> 570 Broad Street, Suite 1500 <br> Newark, NJ 07102 <br> Telephone: (973) 565-2183 <br> Facsimile: (973) 622-5314 <br> Email:  jbernstein@mdmc-law.com <br>        nleonard@mdmc-law.com <br><br> *Counsel for the New Jersey Bureau of Securities* |

**Claim Numbers Subject to Stipulation:** 31606, 31608, 31609, 31610, 31611, 31612, 31613, 31614, 31615

**Vermont Department of Financial Regulation**

/s/ *Jennifer Rood*

By: Jennifer Rood, Assistant General Counsel
89 Main Street
Montpelier, Vermont 05620
(802)828-5672
Jennifer.rood@vermont.gov

10

**Joinder to Joint Stipulation and Agreed Order**

The undersigned state governmental entity hereby acknowledges that it has reviewed and understands the Joint Stipulation and Agreed Order Between Certain State Governmental Regulatory Claimants and Debtors to Forego Receiving Distribution from Debtors' Bankruptcy Estates (the "***Joint Stipulation***") dated as of September 18, 2023, by and among the Debtors and the State Governmental Regulatory Claimants (as defined in the Joint Stipulation) and agrees to be bound by the terms and conditions thereof, and shall be deemed a "State Governmental Regulatory Claimant" under the terms of the Joint Stipulation.

State Governmental Entity:

Signature:

Date: