```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF NEW JERSEY

IN RE:                     .      Case No. 22-19361-MBK
                           .      (Jointly Administered)
BLOCKFI INC., et al.,      .
                           .
          Debtors.         .
                           .      September 20, 2023
. . . . . . . . . . . . .          10:02 a.m.

    TRANSCRIPT OF STATUS CONFERENCE REGARDING FTX AND THREE ARROWS
              BEFORE THE HONORABLE MICHAEL B. KAPLAN
            UNITED STATES BANKRUPTCY COURT CHIEF JUDGE


APPEARANCES:

For the Debtors and        Haynes and Boone, LLP
Debtors-in-Possession:     By:  RICHARD KANOWITZ, ESQ.
                           30 Rockefeller Plaza, 26th Floor
                           New York, NY 10112

For the Foreign            Latham & Watkins LLP
Representatives of         By:  ADAM GOLDBERG, ESQ.
Three Arrows Capital:           BRETT M. NEVE, ESQ.
                           1271 Avenue of the Americas
                           New York, NY 10020


For FTX Trading LTD        Sullivan & Cromwell LLP
and Affiliated Debtors:    By:  BRIAN D. GLUECKSTEIN, ESQ.
                           125 Broad Street
                           New York, NY 10004

Audio Operator:            Kiya Martin



    Proceedings recorded by electronic sound recording, transcript
                  produced by transcription service.
```

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311     Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

For the U.S. Trustee:        Office of the U.S. Trustee
                             By:  JEFFREY M. SPONDER, ESQ.
                             One Newark Center, Suite 2100
                             Newark, NJ 07102

For the Official            Brown Rudnick, LLP
Committee of Unsecured      By:  KENNETH AULET, ESQ.
Creditors:                  7 Times Square
                             New York, NY 10036

                             Genova Burns LLC
                             By:  DANIEL M. STOLZ, ESQ.
                             110 Allen Road, Suite 304
                             Basking Ridge, NJ 07920

TELEPHONIC APPEARANCES:

For the Foreign             Latham & Watkins LLP
Representatives of          By:  NIMA H. MOHEBBI, ESQ.
Three Arrows Capital:       355 S. Grand Avenue, Suite 100
                             Los Angeles, CA 90071

For the Debtors and         Haynes and Boone LLP
Debtors-in-Possession:      By:  AIMEE FURNESS, ESQ.
                             2801 N. Harwood Street, Suite 2300
                             Dallas, TX  75201

For Prime Block             Goldstein & McClintock LLLP
Operations LLC:             By:  DANIEL C. CURTH, ESQ.
                             111 Washington Street, Suite 1221
                             Chicago, IL  60602

                             Law Offices of Douglas T. Tabachnik,
                               P.C.
                             By:  DOUGLAS T. TABACHNIK, ESQ.
                             63 West Main Street, Suite C
                             Freehold, NJ  07728

For the Official            Brown Rudnick LLP
Committee of Unsecured      By:  BENNETT S. SILVERBERG, ESQ.
Creditors:                  7 Times Square
                             New York, NY  10036

                             McCarter & English, LLP
                             By:  DAVID J. ADLER, ESQ.
                             Four Gateway Center
                             100 Mulberry Street
                             Newark, NJ  07102

TELEPHONIC APPEARANCES (Cont'd):

For Elise S. Frejka:        Traurig Law LLC
                            By:  JEFFREY M. TRAURIG, ESQ.
                            One University Plaza, Suite 124
                            Hackensack, NJ  07601

For Emergent Fidelity       Morgan Lewis
Technologies Ltd.:          By:  JOSHUA DORCHAK, ESQ.
                            101 Park Avenue
                            New York, NY  10178

- - -

4

1          THE COURT:  Good morning, everyone.  This is Judge

2   Kaplan and we are addressing today's calendar with the BlockFi

3   matters.  I'm hearing a little feedback.  Just bear with us

4   while we test.

5                    (Court/clerk discussion)

6          I assume, all on remote, can you all hear me?  I see

7   nodding heads.

8          UNIDENTIFIED ATTORNEY:  We can hear you fine, Your

9   Honor.

10                   (Court/clerk discussion)

11         THE COURT:  All right, yes, much better.  This what

12  we face with these days.  Good morning, counsel.  So I have

13  counsel who are here in court as well as counsel appearing

14  remotely.

15         Let me just have an appearance on behalf of the

16  debtor.

17         MR. KANOWITZ:  Good morning, Your Honor.  May it

18  please the Court?  Richard Kanowitz of Haynes and Boone on

19  behalf of the debtors and debtors-in-possession, BlockFi.

20         THE COURT:  Thank you.

21         On behalf of the Committee?

22         MR. AULET:  Good morning, Your Honor.  Kenneth Aulet

23  of Brown Rudnick for the Committee.

24         MR. STOLZ:  Good morning, Your Honor.  Daniel Stolz

25  of Genova Burns on behalf of the Committee.

1          THE COURT:  All right, let me take other appearances

2  who are here, more just to let those who are appearing remotely

3  know who's sitting in the courtroom.

4          MR. GOLDBERG:  Good morning, Your Honor.  Adam

5  Goldberg of Latham and Watkins on behalf of the joint

6  liquidators of Three Arrows Capital.  I'm joined with my

7  colleague, Brett Neve.

8          THE COURT:  Good morning.

9          MR. GLUECKSTEIN:  Good morning, Your Honor.  Brian

10  Glueckstein, Sullivan & Cromwell, on behalf of the FTX debtors.

11          THE COURT:  Great.  Thank you.

12          Mr. Sponder, good morning.

13          MR. SPONDER:  Good morning, Your Honor.  Jeff Sponder

14  from the Office of the United States Trustee.

15          THE COURT:  And now let's do the reverse.  Let me

16  have appearances for those appearing remotely.

17          MR. CURTH:  Good morning, Your Honor.  Dan Curth on

18  behalf of Prime Block Operations LLC.

19          THE COURT:  All right, thank you.

20          MR. TABACHNIK:  Good morning, Your Honor.  Douglas

21  Tabachnik, local counsel for Prime Block Operations.

22          THE COURT:  Okay.

23          MR. SILVERBERG:  Good morning, Your Honor.  Bennett

24  Silverberg of Brown Rudnick on behalf of the Committee.

25          THE COURT:  Thank you, Mr. Silverberg.

6

1          MR. TRAURIG:  Good morning, Your Honor.  Jeff Traurig

2  on behalf of Elise Frejka, the fee examiner.

3          THE COURT:  And I see Ms. Frejka.  Good morning.

4          MS. FREJKA:  Good morning, Your Honor.

5          MR. MOHEBBI:  Good morning, Your Honor.  Nima Mohebbi

6  on behalf of the Joint Liquidators of Three Arrows Capital.

7          THE COURT:  Great.  Thank you.

8          MR. ADLER:  Good morning, Your Honor.  David Adler

9  from McCarter & English, efficiency counsel to the Committee.

10          THE COURT:  Good morning, Mr. Adler.

11          MR. ADLER:  Good morning.

12          MS. FURNESS:  Good morning, Your Honor.

13          THE COURT:  Anyone else?  There we go.

14          MS. FURNESS:  Aimee Furness from Haynes and Boone

15  here on behalf of the debtors and debtors-in-possession.

16          THE COURT:  All right, thank you.

17          MR. DORCHAK:  Your Honor, good morning.  Joshua

18  Dorchak of Morgan Lewis on behalf of Emergent Fidelity

19  Technologies Ltd.

20          THE COURT:  Good morning.

21          And all right, so, counsel, Mr. Kanowitz --

22          MR. KANOWITZ:  Yes, Your Honor.

23          THE COURT:  -- what would you like to start with?

24          MR. KANOWITZ:  Well, good news.  This should be

25  relatively straightforward hearing nothing contested.  This is

1   truly a status conference on four matters regarding FTX and

2   Three Arrows that are on the docket.  You have the claim

3   objection against Three Arrows at 1375, the estimation motion

4   at 1346 and as to the FTX debtors' claim objections, 1376, and

5   estimation motion 1347.  We thought we'd take the opportunity

6   to have a status conference, Your Honor, before we maybe launch

7   into war so here we are.  But there's going to be no argument

8   today.  Today is really to answer any questions you have as you

9   saw a flurry of documents being filed --

10          THE COURT:  Right.

11          MR. KANOWITZ:  -- and to really map out for you in

12  general terms, again, nothing is hard and fast and I'll explain

13  as I go along, of where the debtors or the estate see us going

14  over the next, you know, few weeks, few months.  Confirmation

15  is right around the corner and these issues that arise today in

16  connection with estimation and the claim objections

17  tangentially relate to those issues but do not stop

18  confirmation, right?  We were talking about estimation for

19  distribution purposes only in connection with our estimation

20  motion and claim objections which deal with the amount allowed,

21  if any, and the distribution under a plan that gets confirmed.

22          So, again, no oral argument today but I thought it

23  was really important to get in front of Your Honor before we go

24  all out against one another.

25          THE COURT:  Well, I appreciate that.  It always helps

1  and I enjoy not having argument.  We save that for I think for

2  tomorrow.  Before we go into the status conferences and since

3  we have the fee examiner and her counsel on, why don't we

4  address -- and it's always nicer to talk about fees, right,

5  first?

6        MR. KANOWITZ:  As long as they're approved.

7        THE COURT:  So, let me turn to what's on my calendar

8  as Numbers 7 and 8 but it's the uncontested matters going

9  forward, the fee examiner's final report regarding first

10  interim fee applications for both debtors' counsel and

11  Committee counsel.  Let me turn to the fee examiner and/or her

12  counsel.

13        MS. FREJKA:  Good morning, Your Honor.  Elise Frejka.

14  I'm the fee examiner appointed in this case.  I think this will

15  be very brief.  There are two final reports filed at Docket

16  Numbers 1464 and 1465.  They're separated by representation.  I

17  spent extensive amount of time both reviewing the fees and

18  discussing work streams and staffing and time keeping with all

19  the professionals.  After that extensive review, we engaged in

20  negotiations and the proposed order that was filed as an

21  exhibit to both of the final reports reflect those agreements.

22  I can say after looking at the time entries extensively that

23  the work performed and the descriptions provided align nicely

24  and I recommended allowance as recommended in the two final

25  reports.

1          THE COURT:  All right.  Any counsel wish to comment?

2          MR. STOLZ:  Your Honor, on behalf of all the

3   professionals, we want to thank Ms. Frejka for her diligence

4   and her reasonableness in working through with all of us,

5   whipping us into shape in certain respects, so we wanted to all

6   thank her for that.

7          THE COURT:  Out of court I've heard that she was very

8   effective in her job.

9          And in reviewing the reports, it's apparent that, Ms.

10  Frejka, your diligence and professionalism was shown.

11         MS. FREJKA:  Thank you.

12         THE COURT:  And I appreciate your efforts.  I think

13  the reports reflect fair compromises, fair adjustments.  I've

14  gone through both reports both for the debtors' professionals

15  and Committee professionals.  I have no issue with the

16  recommendations and I will approve the fees as based on the fee

17  examiner's recommendations in both matters.

18         MS. FREJKA:  Thank you.

19         THE COURT:  And I thank you for your time and effort,

20  as well as your counsel.

21         MS. FREJKA:  We will submit -- we'll upload the order

22  as filed.

23         THE COURT:  That's great.

24         MS. FREJKA:  Thank you.

25         THE COURT:  And thank you, Mr. Traurig, as well.

1    MS. FREJKA:  May we be excused from the balance of

2  the hearing?

3    THE COURT:  It's entertainment but you're more than

4  happy to be excused.

5    MS. FREJKA:  Thank you.

6    THE COURT:  All right, thank you.

7    All right, so those were Numbers 7 and 8, Kiya.

8    And now we'll turn to Mr. Kanowitz.

9    MR. KANOWITZ:  Yes.  Thank you, Your Honor.  For the

10 record, Richard Kanowitz, Haynes and Boone, for the debtors.

11 So getting back to what the debtors propose or will propose,

12 we're going to work diligently and in good faith with both

13 Three Arrows and FTX between now and October 10th to see if we

14 can chart the procedural course and substantive course to

15 resolve the estimation motion and the claim objection motion.

16 If we can't resolve it substantively, we're going to propose

17 both a process to deal with the estimation motion as well as

18 the claims objection, as well as a time schedule, right?

19    So, what do I mean by process?  Well, what type of

20 hearing should we have?  You know, should they by bifurcated

21 with legal issues first, factual issues second, trial on

22 estimation first, trial later on on claims objection?  All of

23 those type of things are going to be in the mix and the debtors

24 with, of course, the estate parties, the Committee as well will

25 make a proposal.

1    If the parties cannot agree on the process as well as

2 the schedule, we're going to come before Your Honor on the 10th

3 in written form and ask Your Honor to rule.  These issues are

4 very important to the estate, both estimation and claim

5 objection, and we're going to put our energy towards that to

6 try to see what can we get them consensually and what issues

7 need Your Honor's attention if we can.  So that's what I

8 anticipate between now and the 10th.

9    There will be another filing by the estate

10 concerning, again, process and scheduling.  Even if we make a

11 deal on process and scheduling, we're still going to put

12 something before Your Honor so you could really give us your

13 own input about how to move forward with these significant

14 matters in the estate.

15    The fact is, Your Honor, since we filed our

16 estimation motion and claim objection, there has been

17 discussion between the parties and, in fact, Three Arrows came

18 forth with a number.  We don't agree with it.  They amended

19 their claim which will give rise to another claim objection.

20 But at least we're talking, we're getting somewhere, there's

21 been movement.  Likewise, FTX, a lot of discussion, a lot of

22 talk.  They came down from several billion-dollar claims to I

23 believe now is $488 million claim for purposes of estimation.

24    So, again, moving forward, not there yet, but we're

25 looking forward to having, again, productive discussions about

12

1  how do we resolve it or how do we move forward.

2        Also, in the interim Three Arrows filed a motion to

3  lift stay.  It's returnable on the 10th.  We will be opposing

4  that as well.  That must also get put into the fold.  So,

5  you're going to have additional pleadings, i.e., the objection

6  to the amended Three Arrows claim on a whole host of defenses

7  and reasons as well as opposition to the lift stay.  So, all of

8  that ball of wax will be put in front of Your Honor either, you

9  know, to approve or to sort out on the 10th, at least that's

10  the goal at this point in time.

11        There were some concerns raised by parties outside of

12  the claimants, to wit, the Emergent debtors and I made it clear

13  in an e-mail to them and I'll make it clear on the record, we

14  are not seeking to have a determination about what has been

15  preserved, reserved concerning the emergent pledge and the

16  Robinhood shares.  That is clearly embodied in the stipulation

17  that Your Honor approved, that Judge Dorsey approved, that the

18  Government is aware of, that the Government has been working

19  with the estate, you know, on those issues.

20        So, we're not going to use estimation motions or the

21  claim objections to deal with the emergent pledge.  It's just

22  that simple.  And, in fact, on estimation where we're seeking

23  estimation for distribution purposes, a lien challenge which is

24  what Emergent potentially has is not even relevant.  So, we

25  couldn't ask Your Honor to make a determination on a lien

1  challenge for distribution purposes, especially where we do not

2  have the collateral asset.

3          Rather, the Government seized it.  And on that, Your

4  Honor, I think you might have seen in the news, which is good

5  for all parties who claim to have an interest, the Government

6  was able to do a buyback with Robinhood and now there are $605

7  million there subject to everybody's rights to assert priority

8  or some other type of interest in that.

9          THE COURT:  Nice little bump up.

10          MR. KANOWITZ:  It's something to look forward to in

11  terms of creditor distributions in or more cases.  So that's

12  really where we're at.  I don't have many more comments.  If

13  Your Honor would have any questions, happy to answer or cede

14  the podium to anybody who would like to speak on these issues

15  but really, it's to table everything, see what we could work

16  out consensually.  If not, we'll be back in front of Your Honor

17  on the 10th for some guidance.

18          THE COURT:  Thank you, Mr. Kanowitz.  And I certainly

19  will hear from any and all counsel.

20          Two things of concern, and I'm pleased to hear that

21  the parties are speaking and trying to work out a sensible

22  approach to resolving the issues or if not, at least narrowing

23  the issues for the Court to resolve.  The question I have is,

24  is it envisioned, and this will be addressed by other counsel

25  as well, that these disputes will have an impact on the plan

1 confirmation hearing going forward?

2          MR. KANOWITZ:  On ours?  No.  I think I remarked at

3 the beginning they're related because clearly when we're asking

4 for estimation for a distribution purpose, it's related to the

5 plan, but that presupposes a confirmed plan.  So none of the

6 issues that arise from these claim objections or estimation are

7 a block to confirmation.  There are other objections that have

8 been raised --

9          THE COURT:  Right.

10          MR. KANOWITZ:  -- that we'll deal with in due course

11 next week but nothing as it rises from these pleadings.

12          THE COURT:  All right.

13          MR. KANOWITZ:  At least that's my view.

14          THE COURT:  And from the limited amount I've read,

15 because you all have been working on it and I just see what

16 gets filed and try to glean the import of it, what I'm able to

17 glean is part of this an issue as to which Court is going to be

18 addressing some of these issues, whether it's going to be Judge

19 Dorsey or I?

20          MR. KANOWITZ:  There are multiple jurisdiction and

21 venue issues.

22          THE COURT:  Or maybe even another Court?

23          MR. KANOWITZ:  Yes, Your Honor, those issues have

24 been raised and will be raised.

25          THE COURT:  Okay.  I will urge the parties -- I think

1  I could speak for Judge Dorsey, that neither one of us want to

2  have an arm wrestle over jurisdiction.  It's always unseemly

3  when Courts are forced to take oppositions so to the extent you

4  all can come to a consensus, I think that would benefit both

5  Chapter 11s that are proceeding as well as the insolvency

6  proceeding outside of this country.  So, I just offer that for

7  two cents but I certainly want to hear from counsel.

8           MR. KANOWITZ:  Sure.  And that issue, not on for

9  today.

10          THE COURT:  Right, exactly.

11          MR. KANOWITZ:  I'll cede the podium.

12          THE COURT:  Let me turn to Committee.  Mr. Aulet?

13          MR. AULET:  Good morning, Your Honor.  Kenneth Aulet

14  of Brown Rudnick.  The Committee fully supports the debtors on

15  these issues.  This is perhaps the first hearing where we've

16  been on the debtors' side.  We're pleased to be here.

17          THE COURT:  Nice to see you sitting together.

18          MR. AULET:  And yes, we fully support everything that

19  the debtors have said and done with respect to these claims and

20  with respect to the discussions that they've been having with

21  the other parties.

22          THE COURT:  Great.  Thank you.

23          Let me turn to other counsel.

24          MR. GOLDBERG:  Good morning, Your Honor.  For the

25  record, Adam Goldberg of Latham & Watkins on behalf of the

16

1  joint liquidators of Three Arrows.  Before addressing the

2  issues of the status conference, if Your Honor would permit it,

3  I'd just like to take a minute or two to give you the Three

4  Arrows story on our first appearance before you today.

5          THE COURT:  Absolutely.

6          MR. GOLDBERG:  Thank you.  Our case also presents a

7  dueling debtor case and so a little background may be helpful.

8  But before I get into that, I would also like to mention for

9  the Court's benefit, we are in the process of retaining local

10 counsel here in New Jersey and I appreciate the opportunity to

11 appear before you in person today with that in process.

12         THE COURT:  That's great.  Thank you.

13         MR. AULET:  Thank you, Your Honor.  So, Three Arrows

14 Capital, it was an investment firm organized in the British

15 Virgin Islands to be the eye focused on crypto currency

16 trading.  It incurred billions of dollars of loans from a whole

17 host of parties.  One of the lenders to Three Arrows was

18 BlockFi.  That trading strategy began to unravel and collapsed

19 over the course of 2022 culminating in the BVI liquidation

20 proceeding that was filed on June 27th, 2022.  That case has

21 now been recognized as a foreign main proceeding in the

22 Southern District of New York before Judge Martin Klein.

23         One of the key issues that has been facing our

24 liquidation proceeding has been that the founders of Three

25 Arrows essentially disappeared upon the filing of the

1  liquidation and while they reappeared in the public sphere for

2  their own parochial purposes, they have refused to cooperate

3  with the liquidation and have completely resisted discovery

4  demands through a whole number of courts there in which we're

5  trying to pursue them.

6          As a result, the Three Arrows liquidators have been

7  scrambling from the get go to identify and preserve assets that

8  are very easily movable to liquidate and realize the value of

9  those assets in a highly volatile environment and really

10 completely rebuild from the ground up the books and records of

11 Three Arrows.

12         In that context, Your Honor, we've been engaged in a

13 discovery process involving dozens and dozens of parties to

14 attempt to rebuild those books and records and that effort has

15 then been ongoing with the debtors.  We've been issuing

16 discovery requests and working with them behind the scenes for

17 a little over two months now.  That process has enabled us to

18 now begin pursuing avoidance actions under BVI law and we are

19 earnestly pursuing those actions against the debtors here as

20 well as against other Chapter 11 debtors, namely, Genesis

21 Global which is in Chapter 11 in the SDNY, against FTX as well

22 as Celsius and a number of other parties which actually are not

23 in Chapter 11.

24         As part of that effort and to provide additional

25 clarity on the claims before this Court, we filed an amended

1 proof of claim that sets out the detail of our claims that was

2 filed on September 13th and it reflects a headline claim amount

3 of approximately $283 million.

4        So, our claim in this case is, from our perspective,

5 one that involves common issues across an array of cases as the

6 debtors' counsel mentioned and that is why we filed our motion

7 for relief from the stay that's before the Court on October

8 10th.  And in the meantime, Your Honor, I should also mention

9 we have a motion for relief from stay pending in the Genesis

10 global Chapter 11 case that is currently scheduled to be heard

11 next week on September 26th as well.

12        So, that's our brief introduction for --

13        THE COURT:  Who's hearing the Genesis case?

14        MR. AULET:  That's Judge Sean Lane, Your Honor.

15        THE COURT:  Okay.

16        MR. AULET:  So that's the context for our case and

17 appreciate Mr. Kanowitz' remarks.  I think I largely agree with

18 what he has framed.  We look forward to working on how we can

19 frame and perhaps even resolve these issues before the hearings

20 and we'll be working earnestly to do that.

21        THE COURT:  I appreciate the background.  Thank you.

22        MR. AULET:  Thank you, Your Honor.

23        THE COURT:  Sounds like all the judges should get

24 together at the NCBJ and just, you know, try to bring order to

25 this.

19

1          MR. GLUECKSTEIN:  Thank you, Your Honor.  Good

2  morning again.  Brian Glueckstein, Sullivan & Cromwell, for the

3  FTX debtors.

4          All right, I do echo Mr. Kanowitz' comments.  We are

5  talking to the debtors about potential paths forward.  As far

6  as both process, Your Honor hit the nail on the head.  There

7  are very important venue questions here from our perspective in

8  these multi-debtor issue cases.  We clearly understand and

9  believe we have an obligation as BlockFi debtors do to try to

10 cut through those issues --

11         THE COURT:  Right.

12         MR. GLUECKSTEIN:  -- so that Your Honor does not have

13 to adjudicate them and be put in that position.

14         We have filed timely claims.  We believe they're

15 significant claims.  We understand the estate has a different

16 view.  As we did say in our preliminary response to the motion

17 filed before today, we have been working with our FAs,

18 obtaining additional information, talking to the BlockFi

19 debtors about the size of our preference claims into the

20 estates here.

21         Mr. Kanowitz is correct.  We have suggested that the

22 totality of those claims for reserved purposes could be as low

23 as around $488 million which obviously is significantly reduced

24 from the claims we filed now that we have additional

25 information.  We do have questions and there will be issues,

1  not before Your Honor today, about whether estimation is

2  appropriate in that context with the size of that claim,

3  whether the debtor can satisfy its burden under Section 502(c)

4  that undue delay would be incurred if we need to estimate these

5  claims.

6          They have, of course, filed a substantive claim

7  objection to our claims.  They have filed significant claims

8  into the FTX Estates, a billion dollars worth of claims.  I

9  think at this point there's general agreement that the

10 magnitude of the BlockFi claims into our estate are larger than

11 the size of our claims into the estate here.  And so that

12 raises all sorts  of issues when we have preference claims

13 going effectively --

14          THE COURT:  Sure.

15          MR. GLUECKSTEIN:  -- and other claims going in both

16 directions.

17          As I said, Your Honor, you know, we do believe that

18 the complicated questions around both venue and sequencing, how

19 to adjudicate to the extent necessary the substantive issues

20 are very complex and we continue to have discussions with

21 BlockFi debtors' counsel about how to resolve them and paths

22 forward that would either set reserves or in the context of

23 potentially resolving some of these venue questions, perhaps

24 even obviate the need.

25          We will certainly over the next couple of weeks

1  confer in addition to those discussions with the debtors on

2  process and schedule to the extent that one or both of the

3  substantive motions need to proceed in short order and we look

4  forward to trying to, you know, narrow the issues at least as

5  much as possible between now and October 10th.  Thank you, Your

6  Honor.

7          THE COURT:  Great.  Mr. Glueckstein, thank you.

8          MR. GLUECKSTEIN:  Thank you.

9          THE COURT:  Anyone else in court?

10              (No audible response)

11         THE COURT:  Let me turn to any counsel appearing

12  remotely if they wish to be heard.

13         Mr. Dorchak?

14         MR. DORCHAK:  Your Honor, if I may?  Thank you.

15  Joshua Dorchak from Morgan Lewis again on behalf of Emergent

16  Fidelity Technologies.  Just quickly to explain our objection,

17  Your Honor, I was pleased to hear Mr. Kanowitz say on the

18  record that the debtors aren't going to ask Your Honor to just

19  make any determinations that would be contrary to the

20  stipulation and order (indiscernible) and stay the litigation

21  over the Robinhood assets.

22         But just to be clear, the papers that were filed, the

23  motion to estimate and the objection, did do that.  The

24  stipulation orders say thou shalt not litigate ownership of the

25  shares.  The papers filed by BlockFi are to estimate at zero on

22

1  the principle that BlockFi was the sole owner of the shares.

2  The stipulation and order say thou shall not litigate the issue

3  of liens over the Robinhood assets.  The papers filed by

4  BlockFi said, Judge, estimate the claims at zero and deny the

5  fraudulent transfer claims coming in because BlockFi hasn't

6  filed a lien on the Robinhood assets.

7        So, we had reason to object.  If there's not going to

8  be a determination on those subjects, glad to hear it, but I

9  hope you, Your Honor, and the rest of the persons in the

10  courtroom understand that the objection that we filed had

11  (indiscernible).

12        THE COURT:  Sure.  No, I appreciate it and I

13  understand all the parties here are doing what they can to

14  preserve their rights and try to reach a pathway to resolving

15  some of the issues.

16        Anyone else wish to be heard?

17        Mr. Curth?

18        MS. CURTH:  Your Honor, on behalf of Prime Block

19  Operations, we are here for a continued initial status

20  conference.  We have been in discussion for resolution of an

21  adversary claim with BlockFi.  We've made a settlement offer.

22  They have asked for additional materials to review it and

23  respond to it.  We've provided that.  In the interim we sort of

24  ran out of time so we filed our motion to dismiss and compel

25  arbitration.

23

1        THE COURT:  Right.

2        MS. CURTH:  And there's a hearing date I believe of

3  October 10th for that.  We don't know if we might be seeking to

4  continue that if settlement discussions continue to be

5  fruitful, but right now we have those dates and I don't know if

6  there's anything else to report to the Court at this point

7  given that if our motion is successful, this won't be heard

8  before Your Honor (indiscernible).

9        THE COURT:  I'm cognizant of the pending motion.

10  Needless to say, I urge the parties to keep discussions going

11  forward.  As always, I offer the Court's assistance where I

12  can.  I get myself in trouble when I do that because I run out

13  of time keeping all the balls in the air.  But if I can, I

14  certainly will assist.  Otherwise, we're just moving -- going

15  to move the pretrial to that date and keep everything for

16  calendar purposes and see where you all go.

17        MS. CURTH:  Sounds good, Your Honor.

18        THE COURT:  All right, thank you.

19        MS. CURTH:  Thank you, Your Honor.

20        THE COURT:  All right, then I think we've exhausted

21  the matters.  I don't have any additional questions.

22        Mr. Sponder for the U.S. Trustee, did you have

23  anything you wish to weigh in on?

24        MR. SPONDER:  As always, thank you, Your Honor.  Jeff

25  Sponder from the Office of the U.S. Trustee.  Nothing today.

24

1   Thank you.

2          THE COURT:  Okay, thanks.

3          All right then I will say it somewhat tongue in cheek

4   I look forward to seeing you all again, some tomorrow maybe,

5   others next week.  So, thank you.  We are adjourned.

6                      *  *  *  *  *

6          **C E R T I F I C A T I O N**

7          I, MARY POLITO, court approved transcriber, certify

8   that the foregoing is a correct transcript from the official

9   electronic sound recording of the proceedings in the above-

10  entitled matter and to the best of my ability.

11

12

13  /s/ Mary Polito

14  MARY POLITO

15  J&J COURT TRANSCRIBERS, INC.        DATE:  September 21, 2023

16

17

18

19

20

21

22

23

24

25