| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| | Order Filed on September 21, 2023 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In Re: BlockFi Inc. | Case No.: 22-19361 |
| | Adv. No.: 9/21/2023 |
| | Hearing Date: |
| | Judge: Michael B. Kaplan |

# ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW INSURED PERSONS TO ACCESS PRIMARY DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

The relief set forth on the following page is hereby **ORDERED**.

**DATED: September 21, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Esq. (wjmartin@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br>David E. Sklar, Esq. (desklar@pbnlaw.com)<br>*Attorneys for Zachary Prince and Flori Marquez*<br><br>**SHEARMAN & STERLING LLP**<br>R. Thaddeus Behrens, Esq. (*pro hac vice*)<br>Daniel H. Gold, Esq. (*pro hac vice*)<br>2601 Olive Street, 17th Floor<br>Dallas, TX 75201<br>(214) 271-5812<br>thad.behrens@shearman.com<br>dan.gold@shearman.com<br>*Attorneys for Zachary Prince*<br><br>**ZUKERMAN GORE**<br>**BRANDEIS & CROSSMAN, LLP**<br>John K. Crossman, Esq. (*pro hac vice*)<br>Karen S. Park, Esq. (*pro hac vice*)<br>Jeffrey L. Friesen, Esq. (*pro hac vice*)<br>Eleven Times Square, 15th Floor<br>New York, NY 10036<br>(212)223-6700<br>jcrossman@zukermangore.com<br>kpark@zukermangore.com<br>jfriesen@zukermangore.com<br>*Attorneys for Flori Marquez* | |
| In re:<br><br>BLOCKFI INC., *et al*.,<br>        Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**September 21, 2023 at 10:00 a.m. (ET)** |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC

7432365

**ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW INSURED PERSONS TO ACCESS PRIMARY DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS**

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

---

(3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

7432365

(Page 2)
Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW INSURED PERSONS TO ACCESS PRIMARY DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

Upon consideration of the Motion of Zachary Prince and Flori Marquez for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow Insured Persons to Access Primary Directors and Officers Insurance Policy for Defense Costs (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

7432365

(Page 3)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW INSURED PERSONS TO ACCESS PRIMARY DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

---

2. The automatic stay, to the extent applicable, is hereby modified with respect to the Relm D&O Policy to authorize and permit the advancement and payment of Defense Costs to and on behalf of Movants and other Executives entitled thereto pursuant to the terms and conditions of the Relm D&O Policy.

3. The Movants, Relm, and the Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

4. Nothing in this Order shall alter, amend, or modify any of the terms, conditions, or provisions of the Relm D&O Policy, which shall remain in full force and effect.

5. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

6. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

7. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

7432365