# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## ATTORNEY FEE APPLICATION COVER SHEET
## FOR THE PERIOD APRIL 1, 2023 THROUGH JULY 31, 2023

In re BlockFi Inc., *et al.*[1]                    Applicant: Haynes and Boone, LLP

Case No. 22-19361 (MBK)                    Client:  Debtors and Debtors in Possession

Chapter 11                                 Case Filed: November 28, 2022

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

## RETENTION ORDER ATTACHED.

                    */s/ Richard S. Kanowitz*      9/22/2023
                    RICHARD S. KANOWITZ          Date

---

| SECTION I |
| :---: |
| **FEE SUMMARY** |

Second Interim Fee Application Covering the Period
April 1, 2023 through July 31, 2023:

| | |
| :--- | ---: |
| FEE TOTALS | $4,499,553.40 |
| DISBURSEMENTS TOTALS | $92,745.16 |
| TOTAL FEE APPLICATION | $4,592,298.56 |

| | FEES | EXPENSES |
| :--- | ---: | ---: |
| TOTAL PREVIOUS FEES REQUESTED: | $5,947,082.91 | $103,221.45 |
| TOTAL FEES ALLOWED TO DATE: | $5,933,959.91 | $99,635.99 |
| TOTAL RETAINER REMAINING: | $750,000.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $2,089,327.27 | N/A |
| TOTAL RECEIVED BY APPLICANT | $8,357,309.04 | $195,966.61 |

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

<div style="border: 1px solid black;">

**SECTION II**
**CASE HISTORY**

</div>

(1)     Date case filed:  November 28, 2022

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention:  January 25, 2023, *nunc pro tunc* to November 28, 2022. *See* **Exhibit A**.

     If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed:  <u>See</u> narrative portion of fee application.

(5)     Anticipated distribution to creditors:

     (a)     Administration expense: Unknown at this time.

     (b)     Secured creditors: Unknown at this time.

     (c)     Priority creditors: Unknown at this time.

     (d)     General unsecured creditors: Unknown at this time.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the second interim compensation application. Final dividend percentages are unknown at this time.

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

## SECOND INTERIM APPLICATION OF HAYNES AND BOONE, LLP, COUNSEL FOR DEBTORS, FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

Haynes and Boone, LLP ("Haynes Boone"), counsel for BlockFi Inc. and its debtor affiliates as debtors and debtors in possession (collectively, "BlockFi" or the "Debtors"), hereby submits this second interim application (the "Application") for compensation of professional services rendered and actual and necessary expenses incurred by Haynes Boone for the period commencing April 1, 2023 through and including July 31, 2023 (the "Compensation Period"). In support of this Application, Haynes Boone respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein are (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated January 17, 2023 [Docket No. 307] (the "Interim Compensation Procedures Order").

## BACKGROUND

4.     On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases and the Application are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

5.     The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

6.     On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

7.     On May 5, 2023, the Debtors filed their *Application in Lieu of Motion in Support of Entry of Order Appointing an Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 854]. On May 17, 2023, the Court entered its *Order Appointing an Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 925], appointing Elise S. Frejka as the fee examiner (the "Fee Examiner") in these Chapter 11 Cases.

8.       This is Haynes Boone's second interim fee application. On May 15, 2023, Haynes Boone filed its *First Interim Application of Haynes and Boone, LLP, Counsel for Debtors, for Compensation of Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Pursuant to 11 U.S.C. §§ 327, 328, 330 and 331* [Docket No. 894] (the "First Interim Application"), covering the period November 28, 2022 through March 31, 2023, and requesting fees in the amount of $5,947,082.91 for 6,877.9 hours of services rendered and reimbursement of expenses in the amount of $103,221.45. After receiving comments to the First Interim Application from the Fee Examiner, Haynes Boone agreed to reduce its requested fees by $13,123.00 and expenses by $3,585.46.

9.       A hearing on the First Interim Application was held on September 20, 2023, and the Court subsequently entered its *Order Allowing Interim Compensation for Services Rendered and Reimbursement of Expenses of the Retained Professionals* [Docket No. 1544], approving Haynes Boone's fees in the amount of $5,933,959.91 and expenses in the amount of $99,635.99. for the period November 28, 2022 through March 31, 2023. Haynes Boone has not yet been paid its 20% fee holdbacks (less the Fee Examiner's reductions) from the First Interim Application.

## INFORMATION REQUIRED BY THE GUIDELINES

### A.       The Scope of the Application

10.       Consistent with the Guidelines, Haynes Boone discloses the following concerning the scope of the Application:

| Name of Applicant | Haynes and Boone, LLP |
|---|---|
| Name of Client | Debtors in Possession |
| Petition Date | November 28, 2022 |
| Retention Date | Order signed January 25, 2023, effective November 28, 2022. *See* Retention Order at Docket No. 393, a copy of which is attached hereto as **Exhibit A**. |

| | |
|---|---|
| Time Period Covered by Application | April 1, 2023 – July 31, 2023 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application pursuant to 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On January 17, 2023, this Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court. If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement. The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Haynes Boone seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $4,499,553.40 |
| Total Expenses Sought this Period | $92,745.16 |
| Total compensation approved by interim order to date | $5,933,959.91 |
| Total expenses approved by interim order to date | $99,635.99 |
| Blended rate in this application for all attorneys | $982.33 |
| Blended rate in this application for all timekeepers | $968.59 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $3,599,642.71 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not | $92,745.16 |

| | |
|---|---|
| yet allowed | |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 3[2] |
| If applicable, difference between fees budgeted and compensation sought for this period | Haynes Boone budgeted $4,900,000.00 in fees during the Compensation Period and incurred $5,293,592.50 in fees during the Compensation Period.[3] The fees request total, however, is $4,499,553.40 due to the applicable discount provided to the Debtors. |
| Number of professionals billing fewer than 15 hours to the case during this period | 33 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes            [X] No |
| | N/A |

### B.    Summary of Timekeepers and Rate Increases

11.    With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Haynes Boone discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary practice area; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; and (vii) current hourly rate contained in this Application.

### C.    Customary and Comparable Compensation

12.    Haynes Boone submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the period April 1, 2022 through

---

[2] The staffing plan approved by the Debtors included the attorneys and paraprofessionals that would predominantly staff this case. The 3 additional professionals included in this Application that were not included in the staffing plan billed $1,975.00 in the aggregate during the Compensation Period, which represents less than .01% of the total fees billed during the Compensation Period.

[3] As set forth in detail below, Haynes Boone has had to address unforeseen issues during the Compensation Period. Addressing these additional matters caused Haynes Boone to be overbudget for the Compensation Period. Haynes Boone has kept the Debtor, the Court, and all parties in interest apprised of all developments in this case in a timely manner. Additionally, due to the applicable discount to the Debtors based on Haynes Boone's engagement letter, the actual requested fees are lower than the total fees billed and fees budgeted.

March 31, 2023 as compared to the Compensation Period. As set forth in Exhibit C, Haynes

Boone's blended hourly rate for all timekeepers during the Compensation Period was $969.

        **D.**        **Statements from the Applicant**

      13.    Consistent with the UST Guidelines, Haynes Boone answers the following

questions:

| **Question** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | Yes. The Debtors' engagement letters with Haynes and Boone for both bankruptcy and non-bankruptcy related work provide the following discount language: "[o]n a calendar year basis, the BlockFi Group shall be provided a 10% discount on the Firm's hourly rates; provided, such discount shall increase to (i) 12.5% after the Firm has been paid $2.5 million in such calendar year and (ii) 15% after the first has been paid $3.5 million in such calendar year." |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted and are lower than the amount budgeted due to the discount applied. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (to the extent necessary to comply with U.S. trustee requirements and inquiries) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes |
| Does the fee application include any rate increases? | No |

        **E.**        **Budget and Staffing Plan**

      14.    Consistent with the Guidelines, Haynes Boone discussed a budget and staffing

plan with the Debtors for the Compensation Period. Copies of the approved budgets and staffing

plan for the Compensation Period are attached hereto as **Exhibits D-1** and **D-2.** As set forth

below, the total hours and fees actually incurred did not exceed the budget by more than 10% in

the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| April 2023 | 1,210 | 1,306.8 | $1,210,000.00 | $1,273,192.00 |
| May 2023 | 1,260 | 1,454.4 | $1,260,000.00 | $1,429,383.00 |
| June 2023 | 1,210 | 1,332.7 | $1,210,000.00 | $1,271,804.00 |
| July 2023 | 1,220 | 1,371.3 | $1,220,000.00 | $1,319,213.50 |
| **Total** | **4,900** | **5,465.2** | **$4,900,000.00** | **$5,293,592.50** |
| **Total Requested with Discount** | | | | **$4,499,553.40** |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

15.     Haynes Boone seeks allowance of compensation of professional services rendered

to the Debtors during the Compensation Period in the amount of $4,499,553.40. In addition,

Haynes Boone seeks approval for reimbursement of expenses incurred in connection with the

rendition of its services in the aggregate amount of $92,745.16. During the Compensation

Period, Haynes Boone attorneys and paraprofessionals expended a total of 5,465.2 hours for

which compensation is requested. The fees charged by Haynes Boone in this proceeding are

billed in accordance with the terms of its engagement letter and its existing billing rates and

procedures in effect during the Compensation Period.

16.     The following summary highlights the major areas in which Haynes Boone

rendered services during the Compensation Period. As required by the UST Guidelines, the

summary is organized by project category. A summary chart setting forth the number of hours

spent and the amount of compensation requested for each projected category is attached as

**Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Haynes

Boone in this Application is attached as **Exhibit E-2**. The full breadth of Haynes Boone's

services performed during the Compensation Period is reflected in the time records which are

attached to Haynes Boone's monthly fee statements and incorporated herein by reference.[4] *See* Docket Nos. 1006, 1138, 1287, and 1432.

17.     As described in more detail below, during the Compensation Period, Haynes Boone advised the Debtors on a broad range of issues, was intimately involved in many aspects of the Debtors' bankruptcy cases[5] and worked with the Debtors, co-counsel and all interested parties to maximize the value of the Debtors' estates for the benefit of creditors. Haynes Boone was also involved in numerous litigation matters, including litigation against the FTX, Alameda, Emergent and Three Arrows debtors, Digistar, Vrai Nom, PrimeBlock and the defendants in the class action adversary proceeding. In particular, Haynes Boone expended significant time during the Compensation Period (over 100 hours each) on the following tasks:

### A.    Asset Analysis

18.     This category includes time expended by Haynes Boone with respect to analyzing the Debtors' assets. During the Compensation Period, Haynes Boone analyzed materials and communications related to the Debtors various platform products, institutional, retail, and mining loan portfolios, and prepared documentation and provided advice with respect to pursuing claims against defaulting counterparties.

---

[4] Certain of these invoices have been redacted to avoid any waiver of attorney-client privilege that could result in injury to the estates.

[5] Haynes Boone and Kirkland & Ellis ("K&E") are co-counsel to the Debtors in these Chapter 11 Cases. Haynes Boone and K&E prepared a division of labor between the firms to avoid any duplication of efforts. *See Supplemental Declaration of Richard Kanowitz in Support of the Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rule 2014-1(B)(1)* [Docket No. 376] for a description of the matters for which Haynes Boone is primarily responsible. Haynes Boone provided significant assistance in connection with matters for which K&E is primarily responsible given Haynes Boone's in-depth knowledge of the Debtors' business and its involvement in substantial restructuring and litigation matters.

### B.    Claims Administration & Objections

19.    This category includes time expended by Haynes Boone with respect to claims administration and objections. During the Compensation Period, Haynes Boone spent significant time reviewing and analyzing the claims filed in the Debtors' Chapter 11 Cases. Haynes Boone also assisted the Debtors in reconciling the claims against the Debtors' books and records and objecting to certain claims as necessary. The claims reconciliation process is still underway.

### C.    Fee/Employment Applications

20.    This category includes time expended by Haynes Boone with respect to the retention and compensation of various professionals in these Chapter 11 Cases, including Haynes Boone. During the Compensation Period, Haynes Boone (i) refreshed its conflict check analyses as necessary, and (ii) supplemented retention declarations when necessary.

### D.    Plan and Disclosure Statement

21.    This category includes time expended by Haynes Boone with respect to the Debtors' disclosure statement and proposed plan. Haynes Boone spent extensive time and resources working with the Debtors and their other retained professionals to prepare and file the plan and disclosure statement and exhibits for each. Additionally, Haynes Boone assisted with amending the plan and disclosure statement as needed and working with other parties in interest, such as the Creditors' Committee, to resolve disputes related to the plan and disclosure statement.

### E.    General Litigation

22.    This category includes time expended by Haynes Boone with respect to the Debtors' general litigation matters. During the Compensation Period, Haynes Boone expended extensive time reviewing, analyzing, researching, and advising the Debtors regarding numerous litigation matters, including responding to demand letters, subpoenas, and, where appropriate,

preparing and circulating demand letters on the Debtors' behalf. Haynes Boone also assisted the

Debtors with settlement negotiations with the counterparties involved in the litigation matters.

### F.     Hearings and Court Matters

23.     This category includes time expended by Haynes Boone with respect to the

hearings in these Chapter 11 Cases. During the Compensation Period, Haynes Boone prepared

for and attended each omnibus hearing and special setting in these Chapter 11 Cases, including

(i) preparing materials, exhibit binders, and demonstratives for the hearings, (ii) meeting with the

Debtors' witnesses, and (iii) discussing hearing logistics and outcomes with the Debtors'

management.

### G.     Emergent Proceedings

24.     This category includes time expended by Haynes Boone with respect to the

Emergent proceedings. During the Compensation Period, Haynes Boone prosecuted and

negotiated certain contested matters against Emergent and other parties related to the adversary

proceeding pending in this Court – *In re BlockFi Inc., et al., v. Emergent Fidelity Technologies*

*Ltd. et al.*, Case No. 22-01382 and the FTX and the Emergent chapter 11 cases pending in

Delaware. Haynes Boone also assisted the Debtors' Antigua counsel with prosecuting certain

contested matters in Antigua against the joint provisional liquidators appointed in the Antigua

wind up proceeding for Emergent Fidelity Technologies Ltd.

### H.     FTX/Alameda Proceedings

25.     This category includes time expended by Haynes Boone with respect to the

FTX/Alameda proceedings. During the Compensation Period, Haynes Boone prosecuted certain

contested matters against FTX and its affiliated debtors, including Alameda, in these Chapter 11

Cases and in the FTX chapter 11 cases pending in Delaware. Haynes Boone also reviewed and

analyzed the claims filed by the FTX debtors and prepared an estimation motion and claim

objections to the claims. Further, Haynes Boone prepared and filed the Debtors' proofs of claim against the FTX and Alameda debtors in the FTX chapter 11 cases pending in Delaware.

### I. Executory Contracts and Unexpired Leases

26.     This category includes time expended by Haynes Boone with respect to the Debtors' executory contracts and unexpired leases. Haynes Boone assisted the Debtors with conducting a fulsome analysis of the Debtors' executory contracts and unexpired leases and prepared and filed notices of rejection to enable the Debtors to reject certain burdensome contracts and leases. Haynes Boone also assisted the Debtors with the preparing a schedule of contracts to assume.

### J. Discovery

27.     This category includes time expended by Haynes Boone with respect to certain discovery. During the Compensation Period, Haynes Boone assisted the Debtors with (i) responding to initial informal discovery from parties in interest and the other adversary defendants, (ii) responding to various subpoenas, (iii) preparing drafts of negotiating terms to various protective orders, (iv) responding to discovery requests from the Committee, and (v) preparing for and defending various depositions of the Debtors' witnesses. Notably, for professional services related to discovery in matters involving specific counterparties for which Haynes Boone created a designated matter number, such professional discovery services were billed to that counterparty-specific matter number.

### K. Communications with Creditors

28.     This category includes time expended by Haynes Boone with respect to communications with creditors. During the Compensation Period, Haynes Boone expended significant time and resources communicating with the Debtors' clients and other creditors to

answer questions to the best of their ability without giving legal advice. Haynes Boone responded to creditor inquiries in a timely manner and pointed creditors to various resources to obtain additional information about the Debtors' pleadings and claims reconciliation process.

### L.    Core Scientific Issues

29.    This category includes time expended by Haynes Boone with respect to issues involving Core Scientific. During the Compensation Period, Haynes Boone prosecuted and negotiated certain contested matters against Core Scientific in Core's pending chapter 11 case, *In re Core Scientific, Inc., et al.*, Case No. 22-90341 (Bankr. S.D. Tex. 2022).

### M.    Class Action Lawsuits

30.    This category includes time expended by Haynes Boone with respect to the class action lawsuits filed against the Debtors and the related adversary proceeding filed by the Debtors, Adv. Pro. No. 23-01071 (*BlockFi Inc. v. Greene*). During the Compensation Period, Haynes Boone (i) continued discussing and negotiating the stipulation with the adversary defendants to stay the class action lawsuits for the remainder of these Chapter 11 Cases with the exception of allowing the lead plaintiff process to continue, and (ii) conducted the necessary analyses related to the preliminary injunction, post-injunction issues, and discovery. The legal services provided to the Debtors with respect to the class action lawsuits were not anticipated in Haynes Boone's budget.

### N.    Three Arrows Proceedings/Claims

31.    This category includes time expended by Haynes Boone with respect to issues involving Three Arrows Capital, Ltd ("Three Arrows"). During the Compensation Period, Haynes Boone conducted a thorough analysis of the claims filed by Three Arrows in the Debtors' bankruptcy case. Additionally, Haynes Boone prepared the sections of the Debtors'

plan and disclosure statement addressing the relationship between the Debtors and Three Arrows and the proposed treatment of the Three Arrows claims. Moreover, Haynes Boone prepared and negotiated a protective order between the Three Arrows liquidators and the Debtors and responded to related discovery requests.

### O.    Digistar Recovery

32.    This category includes time expended by Haynes Boone with respect to issues involving Digistar Norway AS ("Digistar") and its guarantors. During the Compensation Period, Haynes Boone conducted a thorough analysis of BlockFi's claims against Digistar and its guarantors pursuant to the mining loan BlockFi Lending provided to Digistar. Haynes Boone prepared and prosecuted Adv. No. 23-01150 on behalf of BlockFi Lending against Digistar and its guarantors. Haynes Boone negotiated a settlement agreement with Digistar, the documentation of which is in progress.

### P.    Vrai Nom Litigation

33.    This category includes time expended by Haynes Boone with respect to issues involving Vrai Nom Investment Limited ("Vrai Nom"). During the Compensation Period, Haynes Boone conducted a thorough analysis of the claims filed by Vrai Nom and BlockFi International's respective claims against Vrai Nom. Haynes Boone prepared and prosecuted Adv. No. 23-01175 to recover from Vrai Nom. Negotiations with Vrai Nom remain ongoing.

### RELIEF REQUESTED AND BASIS THEREFOR

34.    The professional services performed by Haynes Boone on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 5,465.2 recorded hours by Haynes Boone's partners, counsel, associates, and paraprofessionals. Of the aggregate time expended, 2,955.8 recorded hours were expended by Haynes Boone partners, 79.2 recorded hours were expended by counsel (and senior counsel) of Haynes Boone, 2,268 recorded hours

were expended by associates, 152.3 recorded hours were expended by paralegals, and 9.9 hours were expended by professional support staff.

35.    During the Compensation Period, Haynes Boone's hourly billing rates for attorneys and paraprofessionals ranged from $300 to $1,525 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $968.59, which represents a blended rate of $519.69 for paralegals and professional support staff and $982.33 for attorneys at Haynes Boone's regular billing rates in effect at the time of the performance of services. The Debtors' engagement letters with Haynes and Boone for both bankruptcy and non-bankruptcy related work provide the following discount language: "[o]n a calendar year basis, the BlockFi Group shall be provided a 10% discount on the Firm's hourly rates; provided, such discount shall increase to (i) 12.5% after the Firm has been paid $2.5 million in such calendar year and (ii) 15% after the first has been paid $3.5 million in such calendar year." The blended hourly billing rates listed in this Application do **not** reflect the courtesy discount which Haynes Boone is providing to the Debtors.

36.    Haynes Boone has incurred $92,745.16 in direct out-of-pocket expenses in providing professional services during the Compensation Period. These do not include overhead charges, but are intended to cover Haynes Boone's direct operating costs, which costs are not incorporated into Haynes Boone's billing rates.

37.    Haynes Boone is not seeking any amounts for summer associate time, time spent on responding to the Fee Examiner's preliminary report on the First Interim Application or professional support staff time spent on technical duties. Accordingly, prior to filing each of its monthly fee statements, Haynes Boone voluntary reduced its fees in the collective amount of $27,771.50 for the four months included in this Application. Additionally, Haynes Boone

voluntarily reduced its request for out-of-pocket expenses during the Application Period for a total of $8,060.99. These expenses included meals over the $60/person cap, Lexis charges incurred by a summer associate and airfare expense where the attorney was not able to obtain a coach class ticket.

38.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

39.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity. *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services"). The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate. *Engel*, 190 B.R. at 209. Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89). This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. *See id.* (citing, *inter alia*, *Keate v. Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

40.     Once the court determines that a service was necessary, it also assesses the

reasonable value of the service. 11 U.S.C. § 303(a)(3). Section 330(a)(3) of the Bankruptcy Code

sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.     In determining the reasonableness of fees, courts routinely "employ the twelve

factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)."

*Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999). These factors

include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

skill requisite to perform the legal service properly; (4) the preclusion of employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

17

undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8.

42.    In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331.

43.    During the Compensation Period, Haynes Boone devoted a substantial amount of time and effort to addressing the numerous issues involved in these Chapter 11 Cases. Haynes Boone respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Debtors, were performed economically, effectively, and efficiently. Because Haynes Boone's services benefitted the bankruptcy estate, Haynes Boone respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

44.    Further, Haynes Boone submits that consideration of the relevant factors enumerated in *Lan Assocs.*, 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtor:

(a)    *The Time and Labor Required*. Haynes Boone's partners, associates, paralegals and professional support staff expended 5,465.2 hours in representing the Debtors during the Application Period. All professionals involved in the rendering of services in these proceedings made a deliberate effort to avoid any unnecessary duplication of work and time expended both among themselves and between Haynes Boone and K&E. Where more routine tasks were involved, Haynes Boone used the talents of its paralegals and professional support staff to reduce the total fees in these cases without sacrifice to the quality of the services rendered. Except for the core group of approximately eleven (11) attorneys, other attorneys and paralegals were used on an "as needed" basis. The use of specialists in certain areas of law, such as litigation, corporate and finance enabled Haynes Boone to keep the costs down for the estates.

(b)    *The Novelty and Difficulty of Questions*. Many of the issues in these Chapter 11 Cases were unusual and difficult and involve areas of law which had to be

carefully considered by Haynes Boone, including crypto-based financial products not previously subject to bankruptcy court analysis and numerous unique cryptocurrency and regulatory issues.

(c)     *The Skill Required to Perform the Legal Services Properly*. Haynes Boone effectively and efficiently utilized the various levels of experience and seniority of its attorneys and paralegals to meet the requirements of the tasks that were presented and provide assistance to the Debtors. Haynes Boone believes that it displayed a high degree of professional skill with respect to both standard and novel problems encountered during the Compensation Period, and handled all legal issues efficiently and effectively.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Haynes Boone is precluded from accepting representation of other entities in these cases by virtue of its representation of the Debtors; however, Haynes Boone was not precluded from taking other employment in other matters.

(e)     *The Customary Fee*. The time and effort required by Haynes Boone to represent the Debtors adequately and the complexities of these Chapter 11 Cases have been described in this Application. If these Chapter 11 Cases were not regulated by the rules and regulations promulgated under the Bankruptcy Code, Haynes Boone would charge the Debtors, and expect to receive on a current basis, an amount equal to the amounts requested in this Application for professional services. Moreover, the fees and rates charged by Haynes Boone are the same or lower than (i) fees and rates charged by other law firms in these proceedings and (ii) fees charged by Haynes Boone for work performed by attorneys of commensurate experience in bankruptcy and other fields of law. Haynes Boone submits that under all of the criteria normally examined in bankruptcy cases, and based on the factors to be considered in accordance with section 330(a) of the Bankruptcy Code, the results achieved in these Chapter 11 Cases justify an allowance of compensation in the requested amounts. Notably, this Court has already approved the terms of employment between Haynes Boone and the Debtors under section 330(a)(1) of the Bankruptcy Code.

(f)     *Whether the Fee is Fixed or Contingent*. The fees for Haynes Boone's services are fixed fees based on the time spent in these cases. Haynes Boone's compensation, however, has at all times been contingent upon the availability of sufficient assets and funds in the estates and the ultimate determination of the Court.

(g)     *Time Limitations Imposed by Client or other Circumstances*. Throughout the Compensation Period, these Chapter 11 Cases have involved issues and events requiring expedited responses by Haynes Boone to facilitate prompt and informed actions by the Debtors. Haynes Boone believes that costs to the bankruptcy estates, such as fees for professional services, have been as efficient as possible, and Haynes Boone worked diligently to maximize the value of the estates for the benefit of all creditors. In general, however, time limitations in these cases were

reasonable under the circumstances and did not impose an undue hardship on Haynes Boone.

(h)     *The Amount Involved and Results Obtained*. This factor will be addressed in more detail at the end of the cases. The skill and experience of Haynes Boone's professionals have helped the Debtors efficiently navigate the Chapter 11 process.

(i)     *The Experience, Reputation and Ability of the Attorneys*. Haynes Boone is a full service international law firm with over 600 attorneys with offices throughout Texas, in Washington D.C., New York City, Palo Alto, San Francisco, Orange County, Denver, Chicago, Charlotte, Northern Virginia, Shanghai China, Mexico City and London. Haynes Boone has represented all types of entities in liquidation and reorganization cases in the State of Texas and elsewhere throughout the nation. Further, Haynes Boone enjoys an excellent reputation as experienced and capable bankruptcy counsel and regulatory counsel to financial technology companies.

(j)     *The Undesirability of the Case*. Representation of the Debtors in these Chapter 11 Cases has not been undesirable for Haynes Boone.

(k)     *Nature and Length of Professional Relationship*. Haynes Boone has a long-standing relationship with the Debtors going back nearly to the Debtors' original formation and initial product offering. Haynes Boone was employed by the Debtors in this matter as a result of its knowledge of the Debtors' operations and financial products, as well as its excellent reputation in the field of bankruptcy and reorganization law.

(l)     *Awards In Similar Cases*. Haynes Boone believes the services it has rendered as co-counsel for the Debtors in these cases has benefited the Debtors, the creditors, and the estates. Haynes Boone further represents that its fees are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. Haynes Boone respectfully requests that the Court take notice of the awards made in similar proceedings of this size and complexity.

45.     This is Haynes Boone's second interim fee application. Haynes and Boone's First Interim Application was filed on May 15, 2023, covering the time period November 28, 2022 through March 31, 2023. Accordingly, Haynes Boone has complied with Section 331's requirement that an applicant may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331.

WHEREFORE, Haynes Boone respectfully requests a second interim fee allowance as bankruptcy co-counsel for the Debtors in the amount of $4,499,553.40, together with reimbursement of expenses in the amount of $92,745.16, for a total second interim fee award of $4,592,298.56.

Dated: September 22, 2023                    /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**EXHIBIT A**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

**Order Filed on January 24, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through seven (7) is

**ORDERED**.
**DATED: January 24, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

(Page 2)

Debtors:                BlockFi Inc.
Case No.                22-19361(MBK)
Caption of Order:       ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE

---

Upon consideration of the application (the "Application")[1] of BlockFi Inc. and its debtor

affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases

(collectively, the "Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain

Haynes and Boone, LLP ("Haynes and Boone") as their bankruptcy co-counsel in these

proceedings effective as of the Petition Date; and the Court having jurisdiction to decide the

Application and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and

the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States

District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and

consideration of the Application and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and notice of the Application having been given as provided in the Application, and

such notice having been adequate and appropriate under the circumstances; and it appearing that

no other or further notice of the Application need be provided; and upon the Declarations of

Richard Kanowitz, Esq. and Zachary Prince in support thereof; and the Court being satisfied that

Haynes and Boone does not hold or represent any interest adverse to the Debtors, their estates, or

their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the

Bankruptcy Code, and that said employment would be in the best interest of the Debtors and their

respective estates, and that the legal and factual bases set forth in the Application establish just

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION |

OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** to the extent set forth herein.

2.      In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the

Debtors are hereby authorized and empowered to employ and retain Haynes and Boone as their

bankruptcy co-counsel in these Chapter 11 Cases effective as of the Petition Date.

3.      Any and all compensation to be paid to Haynes and Boone for services rendered on

the Debtors' behalf shall be fixed by application to this Court in accordance with sections 330 and

331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and

any orders entered in these cases governing the compensation and reimbursement of professionals

for services rendered and charges and disbursements incurred. Haynes and Boone also shall make

a reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases

Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the

Application and the interim and final fee applications to be filed by Haynes and Boone in the

Chapter 11 Cases.

4.      The Debtors are authorized to take all actions necessary to carry out this Order.

(Page 4)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:            ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE

5.      In order to avoid any duplication of effort and provide services to the Debtors in

the most efficient and cost-effective manner, Haynes and Boone shall coordinate with Cole Schotz,

P.C., Kirkland & Ellis LLP, Kirkland & Ellis International LLP, and any additional firms the

Debtors retain regarding their respective responsibilities in these Chapter 11 Cases. As such,

Haynes and Boone shall use its best efforts to avoid duplication of services provided by any of the

Debtors' other retained professionals in these Chapter 11 Cases.

6.      Prior to applying any increases in its hourly rates beyond the rates set forth in the

Application, Haynes and Boone shall provide ten (10) business days' prior notice of any such

increases to the Debtors, the United States Trustee, and any official committee appointed in the

Debtors' Chapter 11 Cases, which shall set forth the requested rate increase and explain the basis

for the requested rate increase, and shall file such notice with the Court. All parties-in-interest

retain all rights to object to any rate increase on all grounds, including the reasonableness standard

set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate

increase pursuant to section 330 of the Bankruptcy Code.

7.      Haynes and Boone (i) shall only bill 50% for non-working travel; (ii) shall not seek

the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense

of any of Haynes and Boone's fee applications in this case; (iii) shall use billing and expense

categories that include those set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of

Compensation Requested by Project Category"); and (iv) shall provide any and all monthly fee

(Page 5)
Debtors:              BlockFi Inc.
Case No.              22-19361(MBK)
Caption of Order:     ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE

---

statements, interim fee applications, and final fee applications in "LEDES" format to the United

States Trustee.

8.    Upon entry of a Final Order on the Motion to Redact all Personally Identifiable

Information [Docket No. 4] (the "Redaction Motion"), Haynes and Boone will disclose the

information that the Court orders to be unredacted, if any, through a supplemental declaration.

Further, if the Court denies the Motion to Seal Confidential Transaction Parties on the Retention

Applications [Docket No. 127], Haynes and Boone will, through a supplemental declaration,

disclose the identities of all counterparties that were filed under seal, and the connections of

Haynes and Boone to such potential counterparties.

9.    Notwithstanding anything in the Application or the Kanowitz Declarations to the

contrary, Haynes and Boone shall seek reimbursement from the Debtors' estates for its

engagement-related expenses at the firm's actual cost paid.

10.    Notwithstanding anything in the Application and the Kanowitz Declarations to the

contrary, Haynes and Boone shall (i) to the extent that Haynes and Boone uses the services of

independent contractors (collectively, the "Contractors") in these cases, pass through the cost of

such Contractors at the same rate that Haynes and Boone pays the Contractors; (ii) seek

reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same

conflicts checks as required for Haynes and Boone; (iv) file with the Court such disclosures

required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee

statements, interim fee applications and/or final fee applications filed in these Chapter 11 Cases.

(Page 6)

Debtors:        BlockFi Inc.

Case No.       22-19361(MBK)

Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

---

11.      Notwithstanding anything in the Application and Kanowitz Declarations to the contrary, all parties-in-interest reserve the right to object to any application for the payment of pre-petition fees to the extent those fees are not specifically related to the preparation and the filing of the Debtors' Chapter 11 Cases.

12.      No agreement or understanding exists between Haynes and Boone and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall Haynes and Boone share or agree to share compensation received for services rendered in connection with these Chapter 11 Cases with any other person other than as permitted by Bankruptcy Code section 504.

13.      Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, the $750,000 retainer balance as of the petition date is a security retainer and may be held during the Chapter 11 Cases and applied upon order of the Court after approval of a final fee application.

14.      Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, during the pendency of these Chapter 11 Cases, any reference to arbitration shall not be applicable. The Court shall have exclusive jurisdiction over Haynes and Boone's engagement during the pendency of these Chapter 11 Cases.

15.      Notwithstanding anything to the contrary in the November 11, 2022 retainer agreement by and between the Debtors and Haynes and Boone, during the pendency of these

(Page 7)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF HAYNES AND BOONE, LLP AS BANKRUPTCY CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE

Chapter 11 Cases, termination of Haynes and Boone will only be allowed upon entry of an Order

by the Court.

16.    The Debtors are authorized to take all actions necessary to carry out this Order.

17.    To the extent the Application, the Kanowitz Declarations, or any engagement

agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall

govern.

18.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| Name | Title or Position | Practice Area | Year Admitted (if applicable) | Fees Billed | Hours Billed | Hourly Rate |
|------|-------------------|---------------|-------------------------------|-------------|--------------|-------------|
| Richard D. Anigian | Partner (Dallas) | Litigation | 1985 | $384,840.00 | 320.7 | $1,200.00 |
| David Clark | Partner (Orange County) | Litigation | 2010 | $850.00 | 1.0 | $850.00 |
| Eli Columbus | Partner (Dallas) | Restructuring | 2000 | $1,050.00 | 1.0 | $1,050.00 |
| Mark Erickson | Partner (Orange County) | Litigation | 1982 | $1,995.00 | 1.9 | $1,050.00 |
| Matt Ferris | Partner (Dallas) | Restructuring | 2004 | $397,100.00 | 397.1 | $1,000.00 |
| Brad Foster | Partner (Dallas) | Litigation | 1990 | $104,610.00 | 95.1 | $1,100.00 |
| Matthew Frankle | Partner (New York) | Financial Transactions | 2000 | $300,265.00 | 261.1 | $1,150.00 |
| Michael Freeman | Partner (Dallas) | Business Transactions | 2004 | $3,000.00 | 3.0 | $1,000.00 |
| Aimee Furness | Partner (Dallas) | Litigation | 2000 | $238,000.00 | 238.0 | $1,000.00 |
| Alexander Grishman | Partner (New York) | Financial Transactions | 2006 | $317,340.00 | 295.2 | $1,075.00 |
| Erin Hennessy | Partner (New York) | Intellectual Property | 1996 | $1,300.00 | 1.3 | $1,000.00 |
| Charlie M. Jones | Partner (Dallas) | Litigation | 2008 | $90,300.00 | 90.3 | $1,000.00 |
| Glenn Kangisser | Partner (London) | Business Transactions | 2005 | $9,856.00 | 11.2 | $880.00 |
| Richard Kanowitz | Partner (New York) | Restructuring | 1992 | $1,222,620.00 | 873.3 | $1,400.00 |
| Kenric D. Kattner | Partner (Houston) | Restructuring | 1988 | $16,622.50 | 10.9 | $1,525.00 |
| Sam Lichtman | Partner (New York) | Business Transactions | 2000 | $4,930.00 | 3.4 | $1,450.00 |
| Lisa Mark | Partner (Shanghai) | Business Transactions | 1998 | $477.00 | 0.6 | $795.00 |
| J. Frasher Murphy | Partner (Dallas) | Restructuring | 1999 | $301,510.00 | 274.1 | $1,100.00 |
| Timothy A. Newman | Partner (Dallas) | Litigation | 2000 | $31,635.00 | 33.3 | $950.00 |
| Larry Pascal | Partner (Dallas) | Business Transactions | 1991 | $199.00 | 0.2 | $995.00 |
| Scott Thompson | Partner (Dallas) | Business Transactions | 2012 | $1,764.00 | 2.1 | $840.00 |
| Leslie C. Thorne | Partner (New York) | Litigation | 2004 | $44,000.00 | 40.0 | $1,100.00 |
| Craig S. Unterberg | Partner (New York) | Finance | 1998 | $1,120.00 | 0.8 | $1,400.00 |
| Susan Wetzel | Partner (Dallas) | Business Transactions | 1997 | $240.00 | 0.2 | $1,200.00 |
| Thomas Hogan | Counsel (New York) | Business Transactions | 2006 | $2,437.50 | 2.5 | $975.00 |
| Kourtney Lyda | Counsel (Houston) | Restructuring | 1999 | $32,550.00 | 31.0 | $1,050.00 |
| Ryan Paulsen | Counsel (Dallas) | Litigation | 2007 | $8,160.00 | 9.6 | $850.00 |
| Jarom Yates | Counsel (Dallas) | Restructuring | 2009 | $33,820.00 | 35.6 | $950.00 |
| Kenneth K. Bezozo | Senior Counsel (New York) | Business Transactions | 1980 | $750.00 | 0.5 | $1,500.00 |

| Name | Title or Position | Practice Area | Year Admitted (if applicable) | Fees Billed | Hours Billed | Hourly Rate |
|---|---|---|---|---|---|---|
| Annie Allison | Associate (New York) | Intellectual Property | 2014 | $2,080.00 | 2.6 | $800.00 |
| Jordan Chavez | Associate (Dallas) | Restructuring | 2018 | $463,295.00 | 597.8 | $775.00 |
| Cody Cravens | Associate (Dallas) | Financial Transactions | 2015 | $350.00 | 0.4 | $875.00 |
| Katie Eissenstat | Associate (Dallas) | Intellectual Property | 2016 | $136.00 | 0.2 | $680.00 |
| Matt Howes | Associate (New York) | Financial Transactions | 2013 | $6,048.00 | 7.2 | $840.00 |
| Neil Issar | Associate (Dallas) | Litigation | 2016 | $36,380.00 | 42.8 | $850.00 |
| Alexandra Larkin | Associate (New York) | Litigation | 2015 | $15,210.00 | 16.9 | $900.00 |
| Sam Mallick | Associate (Dallas) | Litigation | 2018 | $5,425.00 | 7.0 | $775.00 |
| Charlotte Mullis | Associate (London) | Litigation | 2021 | $1,782.00 | 3.3 | $540.00 |
| Alicia Pitts | Associate (Dallas) | Litigation | 2019 | $1,533.00 | 2.1 | $730.00 |
| Angel Rendon | Associate (New York) | Financial Transactions | 2021 | $594.00 | 0.9 | $660.00 |
| Nicole Rubin | Associate (New York) | Financial Transactions | 2020 | $284.00 | 0.4 | $710.00 |
| Ian Schwartz | Associate (New York) | Financial Transactions | 2017 | $9,912.00 | 11.8 | $840.00 |
| Re'Necia Sherald | Associate (Houston) | Restructuring | 2020 | $158,319.00 | 251.3 | $630.00 |
| Brian Singleterry | Associate (Fort Worth) | Litigation | 2015 | $136,437.00 | 186.9 | $730.00 |
| Lauren Sisson | Associate (New York) | Restructuring | 2018 | $454,400.00 | 640.0 | $710.00 |
| David Staab | Associate (Fort Worth) | Restructuring | 2014 | $5,490.00 | 6.1 | $900.00 |
| David Trausch | Associate (Houston) | Restructuring | 2018 | $730.00 | 1.0 | $730.00 |
| Greg Van Houten | Association (Washington DC) | Litigation | 2015 | $2,187.50 | 2.5 | $875.00 |
| Tom Zavala | Associate (Dallas) | Restructuring | 2019 | $355,364.00 | 486.8 | $730.00 |
| Kim Morzak | Paralegal (Dallas) | Restructuring | N/A | $65,835.00 | 125.4 | $525.00 |
| Ken Rusinko | Paralegal (Houston) | Restructuring | N/A | $11,812.50 | 22.5 | $525.00 |
| Michelle Wenckens | Paralegal (Houston) | Litigation | N/A | $1,980.00 | 4.4 | $450.00 |
| DiAnna Gaeta | Professional Staff (Dallas) | Discovery Project Manager | N/A | $2,422.50 | 5.1 | $475.00 |
| Stacie Schmidt | Professional Staff (Orange County) | Librarian | N/A | $60.00 | 0.2 | $300.00 |
| Pattti Zerwas | Professional Staff (Houston) | Discovery Project Manager | N/A | $2,185.00 | 4.6 | $475.00 |
| TOTALS | | | | $5,293,592.50 | | |
| Less: Agreed Discount | | | | ($794,039.10) | | |
| **TOTALS** | | | | **$4,499,553.40** | **5,465.2** | |

Client Name:              BlockFi Inc.
Case Number:              22-19361 (MBK) (Jointly Administered)
Applicant's Name:         Haynes and Boone, LLP
Date of Application:      September 22, 2023
Interim or Final:         Interim

**EXHIBIT C**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| **(using categories already maintained by the firm)** | **Billed by Domestic Offices Excluding Bankruptcy[1]** | **Billed in this fee application[2]** |
| Partner | $887 | $1,176 |
| Counsel | $670 | $978 |
| Senior Counsel | $1,103 | $1,500 |
| Associate | $565 | $730 |
| Paralegal / Professional Staff | $357 | $520 |
| All timekeepers aggregated | $714 | $969 |

Client Name:            BlockFi Inc.
Case Number:          22-19361 (MBK) (Jointly Administered)
Applicant's Name:    Haynes and Boone, LLP
Date of Application:  September 22, 2023
Interim or Final:      Interim

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is period April 1, 2022 through March 31, 2023; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] These amounts do **not** reflect the agreed discount described in paragraph 13 of the Application.

**EXHIBIT D-1**

**BUDGET FOR THE MONTH OF APRIL, 2023**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Analysis | 20 | $20,000.00 |
| Bid Procedures & Sale Process | 25 | $25,000.00 |
| Avoidance Actions | 10 | $10,000.00 |
| Business Operations | 15 | $15,000.00 |
| Case Administration | 35 | $35,000.00 |
| Claims Administration & Objections | 65 | $65,000.00 |
| Employee Issues & Related Matters | 5 | $5,000.00 |
| Fee/Employment Applications | 40 | $40,000.00 |
| Contested Matters | 30 | $30,000.00 |
| Plan & Disclosure Statement | 220 | $220,000.00 |
| General Litigation | 80 | $80,000.00 |
| Hearings and Court Matters | 40 | $40,000.00 |
| Insurance & Surety Matters | 15 | $15,000.00 |
| Emergent Proceedings | 85 | $85,000.00 |
| Tax Matters | 5 | $5,000.00 |
| FTX/Alameda Proceedings | 50 | $50,000.00 |
| Travel Time | 20 | $20,000.00 |
| International Issues | 20 | $20,000.00 |
| Executory Contracts & Unexpired Leases | 50 | $50,000.00 |
| Discovery | 60 | $60,000.00 |
| Corporate Governance / Securities / Board Matters | 20 | $20,000.00 |
| Preparation of Motions, Applications & Other Pleadings | 40 | $40,000.00 |
| Reporting | 10 | $10,000.00 |
| Communications with Creditors | 50 | $50,000.00 |
| Trademark Issues | 0 | $0.00 |
| Core Scientific Issues | 50 | $50,000.00 |
| Class Action Lawsuits | 0 | $0.00 |
| Three Arrows Proceedings / Claims | 100 | $100,000.00 |
| BlockFi Wallet | 25 | $25,000.00 |
| Digistar Recovery | 25 | $25,000.00 |
| **Total:** | **1,210** | **$1,210,000.00** |

**BUDGET FOR THE MONTH OF MAY 2023**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Analysis | 20 | $20,000.00 |
| Bid Procedures & Sale Process | 15 | $15,000.00 |
| Avoidance Actions | 10 | $10,000.00 |
| Business Operations | 15 | $15,000.00 |
| Case Administration | 15 | $15,000.00 |
| Claims Administration & Objections | 125 | $125,000.00 |
| Fee/Employment Applications | 80 | $80,000.00 |
| Contested Matters | 30 | $30,000.00 |
| Plan & Disclosure Statement | 220 | $220,000.00 |
| General Litigation | 150 | $150,000.00 |
| Hearings and Court Matters | 35 | $35,000.00 |
| Insurance & Surety Matters | 30 | $30,000.00 |
| SOFAs and Schedules | 0 | $0 |
| Emergent Proceedings | 40 | $40,000.00 |
| Tax Matters | 5 | $5,000.00 |
| FTX/Alameda Proceedings | 50 | $50,000.00 |
| Travel Time | 5 | $5,000.00 |
| International Issues | 40 | $40,000.00 |
| Executory Contracts & Unexpired Leases | 30 | $30,000.00 |
| Discovery | 10 | $10,000.00 |
| Corporate Governance / Securities / Board Matters | 30 | $30,000.00 |
| Preparation of Motions, Applications & Other Pleadings | 10 | $10,000.00 |
| Reporting | 10 | $10,000.00 |
| Communications with Creditors | 20 | $20,000.00 |
| Trademark Issues | 0 | $0 |
| Core Scientific Issues | 60 | $60,000.00 |
| Class Action Lawsuits | 0 | $0 |
| Three Arrows Proceedings / Claims | 100 | $100,000.00 |
| BlockFi Wallet | 35 | $35,000.00 |
| Digistar Recovery | 35 | $35,000.00 |
| Vrai Nom Litigation | 35 | $35,000.00 |
| **Total:** | **1,260** | **$1,260,000.00** |

**BUDGET FOR THE MONTH OF JUNE 2023**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Analysis | 40 | $40,000.00 |
| Bid Procedures & Sale Process | 10 | $10,000.00 |
| Business Operations | 25 | $25,000.00 |
| Case Administration | 15 | $15,000.00 |
| Claims Administration & Objections | 100 | $100,000.00 |
| Fee/Employment Applications | 25 | $25,000.00 |
| Contested Matters | 30 | $30,000.00 |
| Plan & Disclosure Statement | 150 | $150,000.00 |
| General Litigation | 150 | $150,000.00 |
| Hearings and Court Matters | 15 | $15,000.00 |
| Insurance & Surety Matters | 10 | $10,000.00 |
| SOFAs and Schedules | 0 | $0 |
| Emergent Proceedings | 40 | $40,000.00 |
| Tax Matters | 5 | $5,000.00 |
| FTX/Alameda Proceedings | 150 | $150,000.00 |
| Travel Time | 5 | $5,000.00 |
| International Issues | 20 | $20,000.00 |
| Executory Contracts & Unexpired Leases | 30 | $30,000.00 |
| Discovery | 30 | $30,000.00 |
| Corporate Governance / Securities / Board Matters | 30 | $30,000.00 |
| Preparation of Motions, Applications & Other Pleadings | 25 | $25,000.00 |
| Reporting | 5 | $5,000.00 |
| Communications with Creditors | 30 | $30,000.00 |
| Trademark Issues | 0 | $0 |
| Core Scientific Issues | 75 | $75,000.00 |
| Class Action Lawsuits | 0 | $0 |
| Three Arrows Proceedings / Claims | 100 | $100,000.00 |
| BlockFi Wallet | 5 | $5,000.00 |
| Digistar Recovery | 45 | $45,000.00 |
| Vrai Nom Litigation | 45 | $45,000.00 |
| **Total:** | **1,210** | **$1,210,000.00** |

3

**BUDGET FOR THE MONTH OF JULY 2023**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Analysis | 20 | $20,000.00 |
| Bid Procedures & Sale Process | 15 | $15,000.00 |
| Avoidance Actions | 10 | $10,000.00 |
| Business Operations | 20 | $20,000.00 |
| Case Administration | 15 | $15,000.00 |
| Claims Administration & Objections | 100 | $100,000.00 |
| Fee/Employment Applications | 30 | $30,000.00 |
| Contested Matters | 15 | $15,000.00 |
| Plan & Disclosure Statement | 200 | $200,000.00 |
| General Litigation | 75 | $75,000.00 |
| Hearings and Court Matters | 35 | $35,000.00 |
| Insurance & Surety Matters | 10 | $10,000.00 |
| SOFAs and Schedules | 0 | $0 |
| Emergent Proceedings | 20 | $20,000.00 |
| Tax Matters | 5 | $5,000.00 |
| FTX/Alameda Proceedings | 150 | $150,000.00 |
| Travel Time | 5 | $5,000.00 |
| International Issues | 20 | $20,000.00 |
| Executory Contracts & Unexpired Leases | 30 | $30,000.00 |
| Discovery | 5 | $5,000.00 |
| Corporate Governance / Securities / Board Matters | 10 | $10,000.00 |
| Preparation of Motions, Applications & Other Pleadings | 25 | $25,000.00 |
| Reporting | 5 | $5,000.00 |
| Communications with Creditors | 20 | $20,000.00 |
| Trademark Issues | 0 | $0 |
| Core Scientific Issues | 85 | $85,000.00 |
| Class Action Lawsuits | 0 | $0 |
| Three Arrows Proceedings / Claims | 200 | $200,000.00 |
| BlockFi Wallet | 5 | $5,000.00 |
| Digistar Recovery | 45 | $45,000.00 |
| Vrai Nom Litigation | 45 | $45,000.00 |
| **Total:** | **1,220** | **$1,220,000.00** |

Client Name:             BlockFi Inc.
Case Number:          22-19361 (MBK) (Jointly Administered)
Applicant's Name:    Haynes and Boone, LLP
Date of Application:  September 22, 2023
Interim or Final:        Interim

# EXHIBIT D-2

## STAFFING PLAN FOR THE PERIOD
## APRIL 1, 2023 THROUGH JULY 31, 2023

|  | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
|  | Partner | 22 | $983.24 |
|  | Counsel | 4 | $950.52 |
|  | Senior Counsel | 1 | $1,500.00 |
|  | Associate | 25 | $746.88 |
|  | Paralegal | 4 | $509.01 |
|  | Professional Staff | 2 | $463.76 |

This staffing plan (the "**Staffing Plan**") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013. The Staffing Plan is Haynes and Boone's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

Client Name:           BlockFi Inc.
Case Number:           22-19361 (MBK) (Jointly Administered)
Applicant's Name:      Haynes and Boone, LLP
Date of Application:   September 22, 2023
Interim or Final:      Interim

**EXHIBIT E-1**

**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| Project Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|
| Asset Analysis | 100 | $100,000.00 | 102.0 | $109,668.00 |
| Bid Procedures & Sale Process | 65 | $65,000.00 | 59.6 | $67,768.00 |
| Avoidance Actions | 30 | $30,000.00 | 16.2 | $14,146.00 |
| Business Operations | 75 | $75,000.00 | 79.4 | $82,584.50 |
| Case Administration | 80 | $80,000.00 | 85.6 | $70,233.00 |
| Claims Administration & Objections | 390 | $390,000.00 | 449.9 | $364,013.50 |
| Employee Issues & Related Matters | 5 | $5,000.00 | 3.0 | $3,097.50 |
| Fee/Employment Applications | 175 | $175,000.00 | 229.4 | $188,361.00 |
| Contested Matters | 105 | $105,000.00 | 87.1 | $79,581.50 |
| Plan & Disclosure Statement | 790 | $790,000.00 | 840.8 | $928,564.00 |
| General Litigation | 455 | $455,000.00 | 533.5 | $510,045.50 |
| Hearings and Court Matters | 125 | $125,000.00 | 100.4 | $114,149.50 |
| Insurance & Surety Matters | 65 | $65,000.00 | 76.8 | $78,583.00 |
| Emergent Proceedings | 185 | $185,000.00 | 137.6 | $129,098.00 |
| Tax Matters | 20 | $20,000.00 | 11.2 | $11,559.00 |
| FTX/Alameda Proceedings | 400 | $400,000.00 | 490.8 | $465,685.00 |
| Travel Time | 35 | $35,000.00 | 34.7 | $39,175.00 |
| International Issues | 100 | $100,000.00 | 96.3 | $116,551.00 |
| Executory Contracts & Unexpired Leases | 140 | $140,000.00 | 184.7 | $139,810.50 |
| Discovery | 105 | $105,000.00 | 114.9 | $140,829.00 |
| Corporate Governance / Securities / Board Matters | 90 | $90,000.00 | 89.3 | $105,179.00 |
| Preparation of Motions, Applications & Other Pleadings | 100 | $100,000.00 | 92.5 | $77,095.00 |
| Reporting | 30 | $30,000.00 | 5.4 | $6,730.00 |
| Communications with Creditors | 120 | $120,000.00 | 101.6 | $103,468.00 |
| Trademark Issues | 0 | $0.00 | 4.1 | $3,516.00 |
| Core Scientific Issues | 270 | 270,000.00 | 272.8 | $288,744.00 |
| Class Action Lawsuits | 0 | $0.00 | 113.0 | $125,257.50 |
| Three Arrows Proceedings / Claims | 500 | $500,000.00 | 626.2 | $538,503.00 |
| BlockFi Wallet | 70 | $70,000.00 | 57.3 | $64,579.50 |
| Digistar Recovery | 150 | $150,000.00 | 207.4 | $188,845.50 |
| Vrai Nom Litigation | 125 | $125,000.00 | 150.4 | $127,178.00 |
| **SERVICES TOTALS** | **4,900.0** | **$4,900,000.00** | **5,465.2** | $5,293,592.50 |
| Less: Agreed Discount | | | | ($794,039.10) |
| **TOTAL REQUESTED FEES** | | | | **$4,499,553.40** |

Client Name:          BlockFi Inc.
Case Number:          22-19361 (MBK) (Jointly Administered)
Applicant's Name:     Haynes and Boone, LLP
Date of Application:  September 22, 2023
Interim or Final:     Interim

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.12. for expense category information.)

| Disbursements | Amount |
|---|---|
| Courier Services | $149.53 |
| Database Creation | $750.00 |
| Federal Express | $396.73 |
| Filing Fee Expense | $232.47 |
| Hotel Expense | $4,855.47 |
| Lexis | $3,888.70 |
| Load Third Party Productions | $2,422.00 |
| Meals & Entertainment | $5,741.05 |
| Mileage | $34.42 |
| Other Expense – CT Lien Solutions and CT Corporation System | $215.00 |
| Other Expense - PHV Admission Fees to District Court | $150.00 |
| Other Expense – Membership Fees to NJ Lawyers' Fund | $239.00 |
| Pacer Service Center | $108.90 |
| Professional Service Expense – Marks & Clerk LLP | $2,061.87 |
| Professional Service Expense – Marval & O'Farrell | $1,161.60 |
| Service of Process | $1,050.62 |
| Transcripts and Tapes of Hearings | $2,003.60 |
| Travel Expense - Airfare | $3,015.21 |
| Travel Expense – In-flight Internet Service | $38.00 |
| Travel Expense – Ground Transportation (Uber, taxi, rental car, parking) | $2,624.40 |
| Trial prep/Tech time | $1,788.50 |
| UCC Searches | $372.54 |
| Westlaw | $59,387.21 |
| Wire Transfer Fee | $58.34 |
| **DISBURSEMENTS TOTAL** | **$92,745.16** |

Client Name:                  BlockFi Inc.
Case Number:            22-19361 (MBK) (Jointly Administered)
Applicant's Name:      Haynes and Boone, LLP
Date of Application:    September 22, 2023
Interim or Final:        Interim