**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and
Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered) |

## SUPPLEMENT TO DEBTORS' AMENDED RESPONSE TO U.S. TRUSTEE'S OBJECTION TO DEBTORS' CONSOLIDATION AND REDACTION MOTION

TO THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

BlockFi Inc. ("BlockFi") and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") hereby file this *Supplement to Debtors' Amended Response to the U.S. Trustee's Objection to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

*Debtors' Consolidation and Redaction Motion* (the "Supplement")[2] to update the Court on recent developments concerning the redaction of personally identifiable information ("PII") in other cryptocurrency cases. In support of the Supplement, the Debtors respectfully state as follows:

1. On the Petition Date, the Debtors filed *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders and (V) Granting Related Relief* [Docket No. 4] (the "Consolidation and Redaction Motion")[3] and the First Day Declaration, which provides the initial support for the Consolidation and Redaction Motion.

2. Through the Consolidation and Redaction Motion, the Debtors request authority to (i) file a consolidated list of the top 50 unsecured creditors (the "Top 50 List") and a consolidated list of creditors (the "Consolidated Creditor Matrix") and (ii) redact from the creditor matrix,[4] Top 50 List, Schedules and Statements,[5] any other document filed with the Court (a) the names, home and email addresses and other personal data of individuals who are citizens of the United States

---

[2] *Debtors' Amended Response to the U.S. Trustee's Objection to Debtors' Consolidation and Redaction Motion* [Doc. No. 337]; *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 50 Unsecured Creditors and Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information of Individual Creditors, Clients, Equity Holders, and Current and Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders and (V) Granting Related Relief* [Doc. No. 4].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Consolidation and Redaction Motion.

[4] The Debtors filed a short form creditor matrix with the Court following the Petition Date. The Debtors represented that they would file the larger .pdf creditor list once the Schedules and Statements were filed. The Schedules and Statements were filed on January 11, 2023. To avoid duplicative matrix filings, the Debtors intend to file the creditor matrix after the Court rules on the Consolidation and Redaction Motion.

[5] As described in note 4, the Schedules and Statements were filed on January 11, 2023 in compliance with the Interim Order.

located in the United States, (b) the names, home and email addresses, and other personal data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state or whose address is unknown, and (c) the names of the Debtors' clients (collectively, the <u>Protected Parties</u>").

3. At the first day hearing on November 29, 2022, the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>"), objected to the Consolidation and Redaction Motion, specifically concerning the redaction of individual and client names. The Court granted the Consolidation and Redaction Motion on an interim basis over this objection. [Docket No. 53] (the "<u>Interim Order</u>").

4. On January 10, 2023, the U.S. Trustee filed a formal objection to the Consolidation and Redaction Motion [Docket No. 232] (the "<u>Objection</u>"). Like the Office of the United States Trustee's objections in other cryptocurrency bankruptcy cases, the U.S. Trustee takes the position that the Court should deny the relief requested in the Consolidation and Redaction Motion.

5. This contested matter has been adjourned several times throughout these Chapter 11 Cases. The U.S. Trustee has indicated it desires a final ruling on the Consolidation and Redaction Motion. The matter is currently set for hearing on September 26, 2023, which is also the date of the confirmation hearing in these Chapter 11 Cases.

6. The Debtors' hereby file this Supplement to note that the Debtors and other parties in these Chapter 11 Cases have been operating during these Chapter 11 Cases in compliance with the Court's Interim Order. As offered in the Consolidation and Redaction Motion and required under the Interim Order, the Debtors have provided an unredacted Top 50 List to both the Court and the U.S. Trustee, along with unredacted copies of the Debtors' schedules and statements and amendments thereto. Additionally, the Debtors have provided the U.S. Trustee with unredacted

5

versions of all of the claim objections filed to date. The redaction of these documents is often a heavy lift for the Debtors, but given the risk involved with disclosure of PII it was a lift the Debtors were happy to undergo. Other similarly situated chapter 11 debtors have done the same, and several recent orders issued in cryptocurrency Chapter 11 cases have granted the respective debtors' motions to redact the names and PII of creditors in public filings to protect creditor safety and privacy as well as confidential information of the estates.

**Recent Holdings on Redaction of PII in Other Cryptocurrency Bankruptcy Cases**

7. In *In re FTX Trading, Ltd., et al.*, No. 22-11068 (JTD) (Bankr. D. Del. June 15, 2023) *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [Doc. No. 1643], Judge Dorsey granted the debtors' motion (joined by the Committee) to allow redaction of the names and other PII for all natural persons from all court filings that would indicate the individual's customer status. Judge Dorsey held that the redaction request was justified under Sections 107(b) and (c) of the Bankruptcy Code and provided the following reasoning:

> I think the evidence presented was uncontroverted that customer identification has value. It has value to the debtors' estates. And under 107(b), the customer names constitute a trade secret. *In re FTX Trading, Ltd., et al.*, No. 22-11068 (JTD) (Bankr. D. Del. June 12, 2023) [Doc. No. 1612] (June 9, 2023 Hr'g Tr. at 156:16–156:19).

> The 107(c) issue, Mr. Sheridan introduced very compelling testimony; again, uncontroverted testimony, about how customers can be identified just by a name. It's something that happens all the time in our society today, given the access to, not just the types of information we all have access to -- Google, Twitter, et cetera -- but the dark web, where there's all kinds of information about individuals that can be found with just a name. *Id.* at 157:8–157:15.

> And [the Debtors' witness] testified, again, very compellingly, that if they have a name and they are an FTX customer, they can be targeted, and that is what we need to protect here. It's the customers that are the most important issue here. I want to make sure that they are protected and they don't fall victim to any types of scams that might be happening out there. *Id*. at 157:16–157:21.

8.     In *In re Desolation Holdings LLC, et al.*, No. 23-10597 (BLS) (Bankr. D. Del. June 8, 2023) *Final Order (I) Authorizing the Debtors to (A) Maintain a Consolidated List of Creditors, (B) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, and (C) Withhold or Omit Certain Confidential Information, (II) Establishing Procedures for Notifying the Parties of Commencement, and (III) Granting Related Relief* [Doc. No. 116], Judge Shannon granted the debtors' motion to redact customer names, addresses, and any other contact information from all court filings. Similar to Judge Dorsey in FTX, Judge Shannon relied on both privacy and asset-value concerns:

> I am satisfied that Mr. Hengel has demonstrated that the disclosure of this information could materially compromise the value that could be obtained… *In re Desolation Holdings LLC, et al.*, No. 23-10597 (BLS) (Bankr. D. Del. June 9, 2023) [Doc. No. 118] (June 7, 2023 Hr'g Tr. at 76:4–76:6).

> Mr. Hengel testified that they did a test run and without a great deal of effort, out of simply knowing the names of the top 50 customers, they were able to identify over half of them in, I assume, a relatively short period of time. The risk is manifest and the attractiveness of that list, even only names, of people that have invested and are holding crypto in a particular amount to be disclosed on the schedules in a format easily searchable gives rise to, again, a manifest risk of identity theft, scams, and phishing. *Id.* at 77:18–78:3.

> Crypto is different from many other businesses, and as I said during argument, one of its primary purposes is the immediate, instantaneous, and effectively untraceable transfer of value. That aspect does not necessarily drive through every business that we own, whether it's gift cards in a retail case, shares of a company, debt securities being held, or, frankly, claims against a company. So I think that there is a more material risk of loss here and of injury here to stakeholders than perhaps would exist in a more typical or traditional business environment. *Id.* at 78:12–78:21.

9.     Similarly, In *In re Genesis Global Holdco, LLC, et al.,* No. 23-10063 (SHL) (Bankr. S.D.N.Y. Aug. 4, 2023) [Doc. No. 581] *Memorandum of Decision*, Judge Lane granted the debtors' motions to redact customer information (including names, addresses, and email addresses) over the objections of the United States Trustee, holding that "[t]he publication of names alone has been found to heighten the risk of identity theft" and "the record is replete with examples of past harassment, threats, and attacks against individuals motivated by the theft of cryptocurrency…"

7

*Id*. at 29, 31. As Judge Lane pointed out, "many of the alerts and warnings [directed to holders of cryptocurrency] come from the Department of Justice (of which the UST is a part)." *Id*. at 13.

10. Finally, in *In re Prime Core Technologies Inc., et al.,* No 23-11161 (JKS) (Bankr. D. Del. Sept. 20, 2023) *Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief* [Doc. No. 168], Judge Stickles granted the debtors' motion to redact the names, addresses, and any other contact information of individual customers from all court filings, citing similar concerns as the judges in the cases above during the bench ruling. *See In re Prime Core Technologies Inc., et al.,* No 23-11161 (JKS) (Bankr. D. Del. Sept. 20, 2023) [Doc. No. 159] (September 19, 2023 Hr'g Audio File).

**Kroll Data Breach and Phishing in Other Chapter 11 Crypto Cases**

11. As this Court is aware, on August 19, 2023 an employee of Kroll, BlockFi's Claims and Noticing Agent, was a victim of a SIM swapping attack which enabled that certain attacker to obtain access to the names and contact information of certain creditors. This attack, which occurred right around the time the Debtors initiated the Wallet account withdrawal process, demonstrates the lengths that bad actors will go to in order to obtain information about crypto holders in order to engage in fraud and theft using their personal data. Further, unfortunate events such as Kroll's data breach reinforce the need for BlockFi to keep as much information about creditors out of the public domain as possible.

12. The debtors in the *Celsius* cases, in which the court required the disclosure of individual creditor names, have continued to apprise the court overseeing their Chapter 11 cases of phishing attempts likely resulting from this disclosure through the filing of nine supplemental

8

notices detailing the efforts of scammers to obtain information from Celsius creditors.[6]

13. Additionally, the Official Committee of Unsecured Creditors informed counsel for the Debtors' this week that one of its members who also holds claims in the Voyager bankruptcy received sophisticated phishing emails purported to be from Stretto, the claims and noticing agent for Voyager, and later received an email from Stretto warning customers about those phishing attempts.

## Conclusion

14. As demonstrated in the recent decisions and events outlined above, the disclosure of a name with no other PII is no longer discrete. Consumers are required to enter their personal information on the internet regularly to purchase household goods, conduct business, and socialize. This information is stored online, making it all too easy for hackers to obtain it. The Debtors continue to believe that client safety and security is of the utmost importance as these Chapter 11 Cases move toward confirmation, and ultimately to distributions to creditors. These recent decisions and events also support the Debtors' position that the disclosure of client names and PII in public filings presents real and substantial risks that are not outweighed by the general proposition that bankruptcy proceedings should be open and transparent to the public. The undue risk of theft and/or harm is real, and the Debtors' Motion should be granted on a final basis.

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court (i) grant the Motion on a final basis, (ii) overrule the U.S. Trustee's objection, and (iii) grant such other and further relief as is just and proper.

---

[6] *In re Celsius Network, LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 28, 2022) [Docket Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, and 3422].

9

                                           Respectfully submitted,

Dated: September 23, 2023                             /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Proposed Attorneys for Debtors and
Debtors in Possession*