Steven R. Wirth
New Jersey Bar No. 040681998
E-Mail: steven.wirth@akerman.com
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Tel.: (813) 223-7332
Fax: (813) 223-2837

Joanne Gelfand
*Admission Pro Hac Vice Pending*
E-Mail: joanne.gelfand@akerman.com
AKERMAN LLPThree Brickell City Centre
98 Southeast Seventh Street,Suite 1100
Miami, FL  33131
Direct: (305) 982-5694
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel for John Lymn, Creditor*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| BLOCKFI INC., et al.,[1] ) | Case No. 22-19361 (MBK) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**OBJECTION TO DEBTORS' NOTICE OF FILING TECHNICAL MODIFICATIONS TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF BLOCKFI AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND TO CONFIRMATION OF THE PLAN**

John Lymn, by and through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 3019(a) and Sections 1125, 1127 and 1129 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. **(the "Code"),** objects to Debtors' Notice Of Filing Technical Modifications

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products, LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154).  The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

72853161;1

To Third Amended Joint Chapter 11 Plan Of Blockfi and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and to Confirmation of the Plan **("Notice of Filing")** (Docket Nos. 1564, 1309). In support hereof Mr. Lymn respectfully states:

## PRELIMINARY STATEMENT

The Plan released the Debtors' objection to the claim of Mr. Lymn. The modified Plan strips Mr. Lymn of the release. The Plan even illuminates the release of the claims objections and confirms that the "causes of action" being released include the claim objections stating:

> *For the avoidance of doubt*, 'Causes of Action' include . . . *any right to object to or otherwise contest Claims or Interests . . . .*"

Plan at Art. 1 (66) (emphasis supplied). Unquestionably, modifying a plan to eliminate a debtor's release of claims objections adversely changes the treatment of the claims of the released creditors.

Nothing can change the fact that the Plan states outright that the claims objections are released. Whether it was inadvertent or a mistake does not affect the Debtors' release in the Plan that was included as a carrot for creditors accepting the Plan and agreeing to the third party release. The Debtors seemingly contend that the Plan, taken as a whole, shows that the Debtors did not release their claims objections. Taking the Plan as a whole does not trump or void the unambiguous and specific release language and in any event, the release is consistent with other parts of the Plan, none of which are rendered meaningless or superfluous.

Mr. Lymn does not want to derail confirmation or the Effective Date. Preferably, the Plan can be confirmed without the modification to the release. Otherwise, because the Plan as modified violates sections 1129(a)(1), 1127 and 1125 of the Code and Rule 3019(a), confirmation of the Plan should be denied.[2]

---

[2] Voting closed in the Celsius Network LLC ("Celsius") related chapter 11s on September 22, 2023. The plan filed by Debtors' counsel in the Celsius cases mirrors the Debtors' Plan and includes the Celsius debtors' release of objections to claims. Case No. 22-10964 (MG), U.S. Bankr. Court S.D.N.Y., Docket Nos. 3337 at 3 A (f), 3319 at Art. I (34), VIII C.

72853161;1

**Background**

1. Under the terms of the Third Amended Joint Chapter 11 Plan (**the "Plan"),** creditors accepting the Plan and not opting out of the third party release **("Accepting Creditors")** are entitled to "a **release from the Debtors of all claims**" other than Retained Preference Claims. Plan at Art. IV C 2 (Provisions for Implementation of the Plan) (emphasis supplied). Mr. Lymn is the holder of a Loan Collateral Claim. He voted to accept the Plan and he did not opt out of the third party release and is an Accepting Creditor.

2. The Debtors' release in favor of the Accepting Creditors provides for the Debtors release of all "Cause of Action" whether "known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors would have been legally entitled to assert in their own right". Plan at Art. VIII A (Releases by the Debtors).

3. The Debtors reassured the Accepting Creditors that the Causes of Action being released included claims objections stating that: "*For the avoidance of doubt*, 'Causes of Action' include . . . any right to object to or otherwise contest Claims or Interests . . . ." Plan at Art. 1A (66) (emphasis supplied). On its face, the definition of "causes of action" is broad including "any action, Claim, cross-claim, third-party claim, damage, judgment, cause of action, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, Lien, indemnity, interest, guaranty . . . ." *Id.*

4. On September 6, 2023, the Debtors' filed their Notice of Amendment of Eleventh Omnibus Objections to Certain Claims amending the claims objection to include an objection to the claim of Mr. Lymn. *See* Objection to Claims (Docket No. 1450).

5. On September 15, 2023, prior to Mr. Lymn casting his vote, the undersigned contacted counsel for the Official Committee of Unsecured Creditors to discuss the General

Release and confirm that the Debtors' release included claims objections. The Committee's counsel then informed the Debtors' counsel of the conversation with the undersigned concerning the scope release. The Debtor offered to allow Mr. Lymn to change his vote to reject the Plan, but Mr. Lymn had no qualms with the Plan and had accepted the Plan relying on the Debtors' release. Debtors' counsel invited the undersigned to appear at the confirmation hearing and object to the Modification, although Mr. Lymn viewed that as a last resort.

6. On September 15, 2023, Mr. Lymn cast his ballot accepting the Plan and not opting out of the third party release.

7. On September 21, 2023, the Debtors' filed the Notice of Filing setting forth modifications to the Plan. Docket No. 1564. The proposed modification (**the "Modification"**) to the Debtors' release includes language to avoid any doubt that the claims objections are *not released* in the Plan as follows:

> *For the avoidance of doubt, nothing in this Plan shall release, waive, or otherwise limit the Debtors' or the Wind-Down Debtors' right to object to Claims or Interests* (or to assert affirmative defenses, mandatory counterclaims, rights of setoff or other defenses, arising in connection with such Claims against or Interests in the Debtors or Wind-Down Debtors) . . . .

Notice of Filing, Ex. B at p. 74 (emphasis supplied).

8. The Debtors did not modify the definition of "Causes of Action" that contradicts and conflicts with the proposed Modification. The definition also includes language to avoid doubt that the claims objection *are released* under the Plan stating: "*For the avoidance of doubt,* "Causes of Action" include: . . . (c) any right to object to or otherwise contest Claims or Interests. . . ." Plan at Art. I (66).

4

72853161;1

9. The Debtors excepted the released claims from Article VII of the Plan granting the Wind-Down Debtors broad power to object to claims.[3]

**OBJECTIONS TO THE MODIFICATION OF THE DEBTORS' RELEASE**

10. Federal Rule of Bankruptcy Procedure 3019(a) addresses modification of a plan after acceptance and before confirmation providing that so long as the proposed modification does not adversely change the treatment of the claim of any creditor, it shall be deemed accepted by all creditors who accepted the plan.  Fed. R. Bankr. P. 3019(a).[4]

11. The Modification is material and adversely changes the Plan treatment of the Accepting Creditors by denying them of the benefit of the Debtors' release of the claims objections. Moreover, the Modification creates an ambiguity in the Plan because it contradicts and conflicts with Article I A (66) of the Plan defining Causes of Action released to include claims objections and Article IV C 2 of the Plan providing for the Debtors' release of "all claims" other than Retained Preference Claims.  Plan at Art. I A (66), IV C 2.

12. The Eleventh Circuit in *In Re America-Cv Station Group, Inc.*, 56 F. 4th 1302, 1312 (11 Cir. 2023), reversed the Bankruptcy Court's confirmation order finding that the debtors' plan modifications adversely changed the treatment of shareholders.  The original plans gave

---

[3] Article VII B dealing with claims objections by the Wind-Down Debtors states:

> *Except as otherwise specifically provided in the Plan,* after the Effective Date, the Wind-Down Debtors, shall have the sole authority to: (1) File, withdraw, or litigate to judgment, any objections to Claims; and (2) settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court.  Plan at Art. VII B (emphasis supplied).

Plan at Art. VII B (emphasis supplied).

[4] Rule 3019 provides:

(a) Modification of Plan Before Confirmation. In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

72853161;1

shareholders the exclusive opportunity to obtain equity interests in reorganized holding companies. *Id.* The modification was designed to "strip" the shareholders of the equity interests. *Id.* The Court found resolicitation and a new disclosure statement were required. *Id.*

13. Relying on the language in Rule 3019 allowing modifications that do not adversely change the treatment of the claim of "*any creditor*", the Court found that additional disclosure and voting was required if the modification materially and adversely affects *any* creditor or interest holder and not just those voting to accept the plan. *Id.* at 1311.

14. The Modification impermissibly strips the Accepting Creditors of the value and benefit of the Debtors' release of the claims objections. The Accepting Creditors would likely reconsider acceptance of the Plan as modified if they knew that the claims objections were not included in the Debtors' release. *See In re G–I Holdings Inc. (f/k/a GAF Corporation*), 420 B.R. 216, 255-56 (D. NJ. 2009). Certainly, Mr. Lymn would reconsider accepting the Plan if he knew the Debtors were not releasing the objection to his claim.

## OBJECTIONS TO THE MODIFICATION OF THE DEBTORS' RELEASE

15. Section 1127 of the Code provides that the proponent of a modification shall comply with section 1125 with respect to the plan as modified. 11 U.S.C. §§ 1127, 1125. The Debtors have failed to comply with sections 1127 and 1125 of the Code.

16. The Plan, as modified, fails to comply with all applicable provisions of the Code and cannot be confirmed. 11 U.S.C. § 1129(a)(1).

17. Pursuant to D.N.J. LBR 9013-3, the parties have conferred before the hearing to determine whether this objection can be resolved. Unfortunately, the objection remains unresolved.

## Conclusion

Based on the foregoing arguments and authorities, John Lymn respectfully requests entry of an order sustaining his objection to the Modification and permitting confirmation to go forward without the Modification, or alternatively, denying confirmation of the Plan as modified and granting such further and additional relief as may be just and proper including requiring the Debtor to comply with Sections 1127 and 1125 of the Code.

Dated: September 25, 2023        Respectfully submitted,

By:  /s/ Steve Wirth
Steven R. Wirth
New Jersey Bar No. 040681998
E-Mail: steven.wirth@akerman.com
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Tel.: (813) 223-7332
Fax: (813) 223-2837

Joanne Gelfand*
AKERMAN LLP
E-Mail:  joanne.gelfand@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL  33131
Direct: (305) 982-5694
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel for John Lymn, Creditor*

---

* Admission *Pro Hac Vice* Pending

72853161;1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/ Steve Wirth
Steven R. Wirth

72853161;1