**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

# ORDER RESOLVING CERTAIN
# DISPUTES BETWEEN THE FTX DEBTORS AND THE BLOCKFI DEBTORS

The relief set forth on the following page is **ORDERED**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order (this "Order") approving that certain Settlement Agreement dated September 25, 2023 (the "Settlement Agreement"), attached hereto as **Exhibit A,** by and between the Debtors and FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "FTX Debtors") (together with the Debtors, the "Parties") subject to the terms and conditions of the Settlement Agreement; and this Court having found that entry into the Settlement Agreement is in the best interest of the Debtors and their estates; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Settlement Agreement is incorporated by reference into this Order with the same force and effect as if fully set forth hereinafter.

2. The Settlement Agreement is hereby **APPROVED** in its entirety.

3. The Parties are authorized to enter into and perform under the Settlement Agreement and to take all actions necessary to implement the Settlement Agreement in accordance with the terms, conditions and agreements provided for therein.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit A

## Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into by and among: (i) BlockFi Inc. and its affiliated debtors and debtors-in-possession (collectively, the "BlockFi Debtors") in the jointly administered chapter 11 cases proceeding under the caption *In re BlockFi Inc., et al.* Case No. 22-19361 (MBK) (the "BlockFi Bankruptcy Proceeding") and (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors," and together with the BlockFi Debtors, each a "Party" and collectively the "Parties") in the jointly-administered chapter 11 cases proceeding under the caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy Proceeding");

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the FTX Bankruptcy Proceeding;

**WHEREAS**, on November 28, 2022, the BlockFi Debtors filed their respective petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") initiating the BlockFi Bankruptcy Proceeding;

**WHEREAS**, on or about March 31, 2023, the FTX Debtors filed claims against the BlockFi Debtors in the BlockFi Bankruptcy Proceeding (collectively, the "FTX Proofs of Claim"), which include, among other claims, an unsecured claim in the amount of $275 million for new money loans advanced by the West Realm Shires Inc. ("WRS") pursuant to a revolving credit facility (the "FTX Facility Claims") and avoidance claims pursuant to section 547 of the Bankruptcy Code for preferential transfers made by certain FTX Debtors (the "FTX Avoidance Claims," and together with the FTX Facility Claims, the "FTX Claims");[1]

**WHEREAS**, on or about June 29, 2023, the BlockFi Debtors filed claims against the FTX Debtors in the FTX Bankruptcy Proceeding (collectively, the "BlockFi Proofs of Claim," and the claims asserted therein, the "BlockFi Claims");

**WHEREAS**, on August 11, 2023, the BlockFi Debtors filed the *Motion to Estimate the Amount of the FTX Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1347) (the "Estimation Motion"), which seeks to estimate the FTX Claims for plan distribution purposes;

---

[1] For the avoidance of doubt, the "FTX Avoidance Claims" for purposes of this Settlement Agreement do not include any claims, causes of action, or defenses covered by the Robinhood Stipulation, all of which are reserved for determination in accordance with the Robinhood Stipulation, and nothing herein shall constitute a waiver of any rights, claims, causes of action or defenses on any such matters.

**WHEREAS**, on August 21, 2023, the BlockFi Debtors filed the *Ninth Omnibus Objection to the FTX Claims* (BlockFi Bankruptcy Proceeding, ECF No. 1376) (the "FTX Claim Objection") seeking disallowance of the FTX Claims;

**WHEREAS**, on September 13, 2023, the FTX Debtors filed their *Preliminary Objection of the FTX Debtors to BlockFi Debtors' Motion to Estimate the Amount of the FTX Claims Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1489) and their *Reservation of Rights of the FTX Debtors In Connection With the BlockFi Debtors' Ninth Omnibus Objection to the FTX Claims* (BlockFi Bankruptcy Proceeding, ECF No. 1485);

**WHEREAS**, without any admission by any Party, and subject to the terms of this Settlement Agreement, the Parties desire to resolve certain disputes between them relating to, among other things, the Estimation Motion and FTX Claim Objection, and disputes with respect to venue for litigating the FTX Claims, the BlockFi Claims, and related matters, as set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms, and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1. **AGREEMENTS OF THE PARTIES**

    (a) <u>Treatment of the FTX Claims in the BlockFi Bankruptcy Proceeding</u>. On the Settlement Effective Date (as defined below), the FTX Proofs of Claim shall be deemed withdrawn subject to the terms and conditions of this Settlement Agreement, (x) with respect to the FTX Avoidance Claims, solely for purposes of obtaining any affirmative distribution from the BlockFi Debtors or their estates; and (y) with respect to the FTX Facility Claims, subject to and as set forth in paragraph 1(f) below governing the Allowed WRS Claims. Notwithstanding the foregoing, the FTX Debtors shall be entitled to assert the FTX Avoidance Claims, any failure to pay the FTX Avoidance Claims, and all related arguments and defenses as arguments, defenses, counterclaims, setoffs or otherwise with respect to the BlockFi Claims (with the BlockFi Debtors reserving their rights to dispute any such claims, arguments, counterclaims, defenses, setoffs or otherwise subject to the terms of this Settlement Agreement), and any arguments with respect to the amount and nature of reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code shall be addressed as provided in Paragraph 1(d) below. The FTX Debtors and the BlockFi Debtors agree that nothing in this Settlement Agreement is intended to modify, waive or otherwise affect any of the Parties' claims with respect to the matters addressed in that certain *Order Approving the Stipulation Staying Litigation and Related Discovery Concerning the Robinhood Assets* [BlockFi Bankruptcy Proceeding, ECF No. 760; FTX Bankruptcy Proceeding, ECF No. 1261] (the "Robinhood Stipulation"). For the avoidance of doubt, while the FTX Debtors may assert the FTX Claims consistent with this Settlement Agreement in the FTX Bankruptcy Proceeding, no

distribution shall ever be owed or made by any of the BlockFi Debtors to any of the FTX Debtors under any circumstances except that, if all BlockFi Debtors' customers' claims are paid in full, the WRS Allowed Claims shall receive a distribution consistent with Paragraph 1(f) herein.  The FTX Debtors agree that none of the BlockFi Debtors shall withhold from distribution to the BlockFi Debtors' creditors any amounts on account of the FTX Proofs of Claim.

(b)     Litigation of the FTX Avoidance Claims and the BlockFi Claims in Delaware Bankruptcy Court.  Subject to the terms of this Settlement Agreement, the Parties agree to litigate the merits of the FTX Avoidance Claims and all aspects of the BlockFi Claims (collectively, the "Delaware Matters") in the FTX Bankruptcy Proceeding before the Delaware Bankruptcy Court, *provided* that the BlockFi Debtors reserve the right to seek to withdraw the reference with respect to any such matters to the U.S. District Court for the District of Delaware, and the FTX Debtors reserve the right to oppose any such attempt to withdraw the reference.

(c)     Consensual Lifting of the Automatic Stay in the BlockFi Bankruptcy Proceeding With Respect to the FTX Avoidance Claims.  Promptly upon the later of (i) 30 days following entry of an order confirming the BlockFi Debtors' currently pending *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1309) (the "BlockFi Plan") and (ii) the Settlement Effective Date, the FTX Debtors and the BlockFi Debtors shall submit a joint stipulated order, in form and substance acceptable to the BlockFi Debtors and the FTX Debtors and consistent with this Settlement Agreement, to the New Jersey Bankruptcy Court for the consensual lifting of the automatic stay in the BlockFi Bankruptcy Proceeding to allow the FTX Debtors to, except as stated below, (x) assert and file, and litigate to judgment the Delaware Matters, including, without limitation, all arguments, defenses, counterclaims, setoffs, or otherwise, including arising under section 502(d) of the Bankruptcy Code in connection with any such judgment obtained, with respect to the BlockFi Claims in the FTX Bankruptcy Proceeding (subject to the BlockFi Debtors' right to seek to withdraw the reference as described above in paragraph 1(b) and pursuant to paragraph 1(d) below); (y) assert, file, and litigate to judgment any avoidance actions or other defenses or counterclaims with respect to the BlockFi Claims; and (z) enforce and recover on such avoidance actions or defenses or counterclaims as contemplated by this Settlement Agreement (the "Stay Relief Stipulation").  All of the FTX Debtors' and the BlockFi Debtors' rights under section 502(d) of the Bankruptcy Code are expressly reserved and preserved, except that the FTX Debtors shall have no right to receive an affirmative distribution from the BlockFi Debtors pursuant to the BlockFi Plan on account of the FTX Avoidance Claims, and recovery of any judgment with respect to the FTX Avoidance Claims shall be by setoff, reduction, or netting.  The Parties agree that the amount and manner of setoff, reduction, or netting against the BlockFi Claims or the proceeds thereof, if any, shall be as provided in Paragraph 1(d) below.

(d)     If any judgment is entered in connection with the FTX Avoidance Claims, the Parties agree that recovery on such judgment shall be made by reducing either the amount of the BlockFi Claims or distributions by the FTX Debtors with respect to the BlockFi Claims in such amount as may be agreed by the Parties or determined by order of the New Jersey Bankruptcy Court, and the Parties rights are fully reserved with respect to the amount and nature of such reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code.  The Parties agree and acknowledge that no distributions shall be made by the FTX Debtors to the BlockFi Debtors on account of the BlockFi Claims until section 502(d) of the Bankruptcy Code is satisfied in accordance with this paragraph, unless otherwise agreed by the Parties.

(e)     <u>Meet and Confer With Respect to Litigation of the Delaware Matters</u>.  The Parties shall meet and confer in good faith regarding the process and schedule for litigation of the Delaware Matters, including any defenses or counterclaims thereto.

(f)     <u>Allowed WRS Claims</u>.  On the Settlement Effective Date, WRS shall have an allowed subordinated general unsecured claim against each of BlockFi Inc., BlockFi Trading LLC and BlockFi Lending LLC in the amount of $275 million the ("<u>WRS Allowed Claims</u>"), which shall be subordinated to recoveries on account of all Account Holder Claims, including Intercompany Claims (as each is defined in the BlockFi Plan) inuring to the benefit of Account Holder Claims), and WRS and all other FTX Debtors waive any other claim arising from or relating to the pre-petition transactions between the Parties executed on or about July 1, 2022.  The WRS Allowed Claims shall not be available as a defense, counterclaim, or setoff with respect to the BlockFi Claims, but shall be entitled to distributions as set forth in this Settlement Agreement under any confirmed plan of the BlockFi Debtors (including the BlockFi Plan), if all Account Holder Claims, including Intercompany Claims (as each is defined in the BlockFi Plan) are paid in full.  The BlockFi Debtors shall not seek to further subordinate or recharacterize, or seek disparate, otherwise discriminatory, or other alternative treatment of, the WRS Allowed Claims other than as expressly provided in this Settlement Agreement.

(g)     <u>Litigation With Respect to Robinhood Assets</u>.  The Parties affirm their agreements set forth in the Robinhood Stipulation that all issues relating to the Robinhood Assets will be litigated in New York civil or criminal forfeiture proceedings before Judge Kaplan of the United States District Court for the Southern District of New York as contemplated by and pursuant to the terms and conditions of the Robinhood Stipulation.  As set forth in Robinhood Stipulation, in the event there are no such proceedings, the BlockFi Debtors reserve the right to argue that any and all claims with respect to the Robinhood Assets be resolved in that certain adversary proceeding commenced against Marex Capital Markets Inc. and Emergent Fidelity Technologies Ltd. on November 28, 2022, Adv. Pro. No. 22-01382-MBK, in the New Jersey Bankruptcy Court, and the FTX Debtors reserve all of their rights to argue such dispute should be resolved in the Delaware Bankruptcy Court.

(h) <u>Withdrawal of Estimation Motion and Claim Objection and Modification of BlockFi Plan</u>.  Upon execution of this Settlement Agreement, the BlockFi Debtors shall hold in abeyance, and upon the Settlement Effective Date shall withdraw with prejudice, the Estimation Motion and FTX Claim Objection.  Upon execution of this Settlement Agreement, the BlockFi Debtors shall provide for implementation of the terms of this Settlement Agreement, including updated treatment of the FTX Claims, in a revised form of the BlockFi Plan, and the FTX Debtors will otherwise withdraw all objections to the BlockFi Plan with prejudice.

(i) <u>Settlement Effective Date</u>.  The "<u>Settlement Effective Date</u>" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, (ii) the New Jersey Bankruptcy Court and the Delaware Bankruptcy Court have each entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Settlement Agreement, on terms and conditions consistent with this Settlement Agreement and otherwise reasonably acceptable to each Party (each, an "<u>Approval Order</u>" and together the "<u>Approval Orders</u>"), and (iii) the Parties have agreed on the form of Stay Relief Stipulation.

(j) <u>Non-Binding Mediation</u>.  The Parties agree to participate in good faith in non-binding mediation with respect to all claims among the Parties.  The Stay Relief Stipulation shall provide a schedule for non-binding mediation to begin within 90 days of execution of the Settlement Agreement (unless otherwise agreed by the Parties) and will discuss in good faith the process and terms of non-binding mediation.

(k) <u>Reservation of Rights</u>.  Except as otherwise set forth in this Settlement Agreement, each Party reserves any and all rights, claims, defenses, and arguments against the other Party with respect to the matters of this Settlement Agreement and all other matters.

2. **REPRESENTATIONS & WARRANTIES**

(a) <u>Mutual Representations and Warranties of All Parties</u>.  Each Party represents and warrants to each other Party that as of the date of this Settlement Agreement:

(i) subject to the Approval Orders, it has the requisite organizational power and authority to enter into this Settlement Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Settlement Agreement;

(ii) subject to the Approval Orders, this Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

    (iii)  the execution and delivery of this Settlement Agreement and the performance of its obligations hereunder have been duly authorized by all necessary corporate or other organizational action on its part;

    (iv)  the execution, delivery, and performance by it of this Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of its affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

    (v)  before executing this Settlement Agreement, it has been fully informed of its terms, contents, conditions and effects, it has had a full and complete opportunity to discuss this settlement with its attorney or attorneys, it is not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained in this Settlement Agreement.

**3.  MISCELLANEOUS PROVISIONS**

  (a)  <u>No Admission of Liability.</u> The undersigned Parties each acknowledge and agree that the matters set forth in this Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

  (b)  <u>Specific Performance.</u> It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Settlement Agreement, including an order of the New Jersey Bankruptcy Court or the Delaware Bankruptcy Court, as applicable, or another court of competent jurisdiction requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that it will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

  (c)  <u>Damages.</u> Notwithstanding anything to the contrary in this Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, employees, counsel, representatives, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related to this Settlement Agreement.  It is understood, however, that neither this provision nor any other part of this Settlement Agreement shall preclude or limit the BlockFi Debtors from amending their proofs of

claim in the FTX Bankruptcy Proceeding, with all of the BlockFi Debtors' rights to do so being expressly preserved.

(d) <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(e) <u>Execution in Counterparts.</u>  This Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Settlement Agreement.  Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, .TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the parties.

(f) <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York (without regard to conflicts of law principles that would result in the application of any law other than the law of the State of New York).

(g) <u>Trial by Jury Waived</u>. EACH PARTY HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY PROCEEDING DIRECTLY OR INDIRECTLY BASED UPON, ARISING OUT OF OR RELATING TO THIS SETTLEMENT AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER IN CONTRACT OR IN TORT, IN LAW OR IN EQUITY OR GRANTED BY STATUTE). EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND EACH OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS SETTLEMENT AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

(h) <u>Notices</u>.  Any notices required hereunder shall be sent by registered mail, first class, return receipt requested, and by email, to the following:

    (i)    If to any BlockFi Entity:

**BlockFi Inc.**
21 Montgomery Street, Suite 263
Jersey City, New Jersey 07302

with copies to:

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
601 Lexington Avenue
New York, New York 10022
Attention: Joshua A. Sussberg, P.C., Christine Okike, P.C., and Francis Petrie

and

**Cole Schotz P.C.**
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Attention: Michael D. Sirota, Esq. and Warren A. Usatine, Esq.

and

**Haynes and Boone, LLP**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Attention: Richard S. Kanowitz, Esq. and Kenric D. Kattner, Esq.

Counsel for the BlockFi Debtors

and

Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, NY  10036
Telephone: (212) 209-4800
Fax: (212) 209-4801
Email: rstark@brownrudnick.com
       kaulet@brownrudnick.com
       bsilverberg@brownrudnick.com

and

**Genova Burns LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax: (973) 533-1112
Email: DStolz@genovaburns.com
　　　　DClarke@genovaburns.com
　　　　GKinoian@genovaburns.com

Counsel to the BlockFi Official Committee of Unsecured Creditors

(ii)　　If to the FTX Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attn: Brian D. Glueckstein and Benjamin S. Beller
E-mail: gluecksteinb@sullcrom.com; bellerb@sullcrom.com

(j)　　<u>Entire Agreement and Amendments</u>.  This Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney(s), or other representative(s).

(k)　　<u>Severability</u>.  If any provision in this Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Settlement Agreement remain in effect if both the economic and legal substance of this Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise,

-9-

the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

   (l)  <u>Binding Effect</u>.  This Settlement Agreement shall be binding upon the Parties hereto and their successors and assigns, including the BlockFi Wind-Down Debtors and the Plan Administrator (as each is defined in the BlockFi Plan).

[*Remainder of Page Intentionally Left Blank*]

-10-

| | |
|---|---|
| Dated: September 25, 2023 | /s/ *Christine A. Okike* |

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for BlockFi Debtors and Debtors in Possession*

Dated:  September 25, 2023
       New York, New York

*/s/ Brian D. Glueckstein*
James L. Bromley (NJ Bar No. 1551996)
Andrew G. Dietderich (*pro hac vice*)
Brian D. Glueckstein (*pro hac vice*)
Benjamin S. Beller (*pro hac vice* to be filed)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
       dietdericha@sullcrom.com
       gluecksteinb@sullcrom.com
       bellerb@sullcrom.com

*Counsel for the FTX Debtors*

-12-