**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY  10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>　　　　kaulet@brownrudnick.com<br>　　　　bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br><br>　-and-<br><br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>　　　　DClarke@genovaburns.com<br>　　　　GKinoian@genovaburns.com<br><br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC  20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email:  spalley@brownrudnick.com<br><br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA  02111<br>Tristan Axelrod, Esq.<br>Sharon I. Dwoskin, Esq.<br>Telephone: (617) 856-8200<br>Fax:  (617) 856-8201<br>Email: taxelrod@brownrudnick.com<br>　　　　sdwoskin@brownrudnick.com |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1]　　The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ  07302.

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
SUPPORT OF CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN
OF BLOCKFI INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11
OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the

above-captioned Chapter 11 cases of BlockFi, Inc. and its affiliated debtors (collectively, the

"**Debtors**" or "**BlockFi**"), by and through its undersigned counsel, hereby submits this Reply (the

"**Reply**") in support of confirmation of the *Third Amended Joint Chapter 11 Plan of BlockFi Inc.*

*and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1309] (as

modified, amended or supplemented from time to time, the "**Plan**"),[2] and in response to certain

objections to the Plan (the "**Objections**").[3]

## STATEMENT

1.      These cases have been hard.  Customers of BlockFi have been separated from their

money since November 10, 2022.  Because the Debtors operated in a novel industry, certain legal

tools available for other financial bankruptcies have been unavailable to the Debtors, unsettled

questions of law needed to be resolved, and complicated insider claims needed to be investigated.

Intercompany issues needed to be investigated, reconciled, and determined.    Regulatory

---

[2]      Capitalized terms used and not defined herein have the terms ascribed to them in the Plan.

[3]      The Objections include:  (1) *Limited Objection of Ankura Trust Company, LLC to Third Amended Joint
Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*
[Docket No. 1478] (the "**Ankura Objection**"); (2) *Objection of the FTX Debtors to (I) Confirmation of the
Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates and (II) Final Approval of
the Debtors' Disclosure Statement* [Docket No. 1488] (the "**FTX Objection**"); (3) *The Joint Liquidators'
Limited Objection to Confirmation of Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor
Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1474] (the "**3AC Objection**"); (4)
*Objection of the United States Trustee to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its
Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1476] (the "**UST Objection**");
(5) *Objection of Cameron Wyatt, Proposed Securities Class Action Lead Plaintiff, to (I) Confirmation of the
Debtors' Proposed Chapter 11 Plan and (II) Final Approval of the Disclosure Statement in Connection
Therewith* [Docket No. 1475] (the "**Class Plaintiff Objection**") and (6) Objection to Debtors' Notice of
Filing Technical Modifications to Third Amended Joint Chapter 11 Plan of BlockFi and its Debtor Affiliates
Pursuant to Chapter 11 of the Bankruptcy Code and to Confirmation of the Plan [Docket No. 1600] (the
"**Lymn Objection**").  The Committee understands several of the Objections to have been resolved.

impediments for distributions "in kind" needed to be investigated and ameliorated, and practical issues surrounding such distributions needed to be resolved. The estates, finally, needed to structure how they will recover money owed from FTX and its affiliated debtors, whose wrongful conduct caused these bankruptcy cases.

2.     These cases have been extremely contentious for a long time, with deeply thought and deeply felt positions taken on a range of issues not limited to the conduct and treatment of insiders. Some weeks ago, with the assistance of the Court, the Committee and the Debtors finally reached a compromise to take BlockFi out of bankruptcy, return money to creditors, and prosecute claims against non-settling parties under a structure controlled by, and almost universally acceptable to, BlockFi's creditors.

3.     The Plan resolves all "insider" claims asserted by the estate, while reserving the right of customers to preserve any individual claims they may have. The Plan resolves any intercompany claims, allocating to each entity the assets (and liabilities) that it possessed on the filing date, including liabilities to other BlockFi entities.

4.     Customers have been given an overwhelming level of detail on what transpired in this case: the filing with minimal redactions of two reports (the Committee's, and the Debtors') laying out their view of the causes of BlockFi's collapse and the facts and circumstances surrounding BlockFi's collapse. Those reports were incorporated by reference in the Disclosure Statement, and available on the docket for any interested creditor to read. Ultimately, this plan has been overwhelmingly accepted by every customer class. If the Plan is confirmed, the Committee is hopeful that distributions can commence this year.

5.     As bitter as the process has been at times, it is worth noting that BlockFi may yet emerge from bankruptcy more swiftly than any comparable cryptocurrency debtor, and with less

than or likely less than the professional fees in other comparable cases.  That BlockFi may emerge from bankruptcy and make certain distributions within the calendar year is, to put it lightly, anomalous; more specifically, it's a testament to the fact that the Committee, Debtors and other key parties have engaged deeply in a variety of case issues and made difficult compromises to get the job done.

6.      Certain of the Objections seem to say that the Plan Settlement was improperly structured or otherwise impermissible.  Many of the Objections filed have been resolved.  The remaining Objections should be overruled.  Ultimately, none of the Objections identifies a fatal flaw in the Plan, nor offers any reason why the informed, overwhelming vote of BlockFi's customers should be overturned, as will be addressed in greater detail by the Debtors in their reply brief.  The Lymn Objection's challenge to certain plan modifications that seeks to block the [Reorganized] Debtors from conducting an appropriate claims reconciliation is similarly without merit. The Plan Settlement was arrived upon following extraordinary diligence by the Committee and a highly adversarial process that resulted in significant concessions from the Debtors, and the Intercompany Settlement followed comprehensive diligence by the Committee and the Debtors regarding the validity of the intercompany claims, assets, and potential claims that could be asserted by one Debtor against another Debtor.  The structure of the voluntary third-party releases and related relief is typical of cases of this nature and size, and broadly permissible.

7.      It is time to end these cases and turn to distributing money to BlockFi's customers, and recovering additional funds to increase those distributions.  The Plan is the best option to do so in the shortest period of time.  The Plan should be confirmed.

New York, New York
Dated: September 25, 2023

Respectfully submitted,

By: */s/   Kenneth J. Aulet, Esq.*
**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Fax:        (212) 209-4801
Email:        rstark@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC  20005
Telephone: (202) 536-1700
Fax:        (202) 536-1701
Email:      spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax:        (617) 856-8201
Email:      taxelrod@brownrudnick.com

*Counsel for the Official*
*Committee of Unsecured Creditors*

By: */s/  Daniel M. Stolz, Esq.*
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax:        (973) 533-1112
Email:      DStolz@genovaburns.com
            DClarke@genovaburns.com
            GKinoian@genovaburns.com

*Local Counsel for the Official*
*Committee of Unsecured Creditors*