# Exhibit D

Part X, to the Local Rules for the United States Bankruptcy Court of District of Delaware

**PART X.**     **MODALITIES OF COURT-TO-COURT COMMUNICATION**

**Scope and Definitions**

1.  These Modalities apply to direct communications (written or oral) between courts in specific cases of cross-border proceedings relating to insolvency or adjustment of debt opened in more than one jurisdiction ("Parallel Proceedings"). Nothing in this document precludes indirect means of communication between courts, such as through the parties or by exchange of transcripts, etc. This document is subject to any applicable law.

2.  These Modalities govern only the mechanics of communication between courts in Parallel Proceedings. For the principles of communication (e.g., that court-to-court communications should not interfere with or derogate from the jurisdiction or the exercise of jurisdiction by a court in any proceedings, etc.), reference may be made to the Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters (the "Guidelines") issued by the Judicial Insolvency Network in October 2016, adopted in the Local Rules in 2017 as APPENDIX A hereto.

3.  These Modalities contemplate contact being initiated by an "Initiating Judge" (defined below). The parties before such judge may request him or her to initiate such contact, or the Initiating Judge may seek it on his or her own initiative.

4.  In this document:

    a.  "Initiating Judge" refers to the judge initiating communication in the first instance;

    b.  "Receiving Judge" refers to the judge receiving communication in the first instance;

    c.  "Facilitator" refers to the person(s) designated by the court where the Initiating Judge sits or the court where the Receiving Judge sits (as the case may be) to initiate or receive communications on behalf of the Initiating Judge or the Receiving Judge in relation to Parallel Proceedings.

**Designation of Facilitator**

5. Each court may designate one or more judges or administrative officials as the Facilitator. It is recommended that, where the Facilitator is not a judge, a judge be designated to supervise the initial steps in the communication process. The Facilitator appointed by the Court is the Clerk.

6. Courts should prominently publish the identities and contact details of their Facilitators, such as on their websites.

7. Courts should prominently list the language(s) in which initial communications may be made and the technology available to facilitate communication between or among courts (e.g. telephonic and/or video conference capabilities, any secure channel email capacity, etc.). The Court identifies English as the language in which initial communications may be made.

**Initiating Communication**

8. To initiate communication in the first instance, the Initiating Judge may require the parties over whom he or she exercises jurisdiction to obtain the identity and contact details of the Facilitator of the other court in the Parallel Proceedings, unless the information is already known to the Initiating Judge.

9. The first contact with the Receiving Judge should be in writing, including by email, from the Facilitator of the Initiating Judge's court to the Facilitator of the Receiving Judge's court, and contain the following:

    a. the name and contact details of the Facilitator of the Initiating Judge's court;

    b. the name and title of the Initiating Judge as well as contact details of the Initiating Judge in the event that the Receiving Judge wishes to contact the Initiating Judge directly and such contact is acceptable to the Initiating Judge;

    c. the reference number and title of the case filed before the Initiating Judge and the reference number and title (if known; otherwise, some other identifier)

      of the case filed before the Receiving Judge in the Parallel Proceedings;

d. the nature of the case (with due regard to confidentiality concerns);

e. whether the parties before the Initiating Judge have consented to the communication taking place (if there is any order of court, direction or protocol for court-to-court communication for the case approved by the Initiating Judge, this information should also be provided);

f. if appropriate, the proposed date and time for the communication requested (with due regard to time differences); and

g. the specific issue(s) on which communication is sought by the Initiating Judge.

### Arrangements for Communication

10. The Facilitator of the Initiating Judge's court and the Facilitator of the Receiving Judge's court may communicate fully with each other to establish appropriate arrangements for the communication without the necessity for participation of counsel or the parties unless otherwise ordered by one of the courts.

11. The time, method and language of communication should be to the satisfaction of the Initiating Judge and the Receiving Judge, with due regard given to the need for efficient management of the Parallel Proceedings.

12. Where translation or interpretation services are required, appropriate arrangements shall be made, as agreed by the courts. Where written communication is provided through translation, the communication in its original form should also be provided.

13. Where it is necessary for confidential information to be communicated, a secure means of communication should be employed where possible.

### Communication Between Initiating Judge and Receiving Judge

14. After the arrangements for communication have been made, discussion of the specific issue(s) on which communication

180

     was sought by the Initiating Judge and subsequent communications in relation thereto should, as far as possible, be carried out between the Initiating Judge and the Receiving Judge in accordance with any protocol or order for communication and cooperation in the Parallel Proceedings.

15. If the Receiving Judge wishes to by-pass the use of a Facilitator, and the Initiating Judge has indicated that he or she is amenable, the judges may communicate with each other about the arrangements for the communication without the necessity for the participation of counsel or the parties.

16. Nothing in this document should limit the discretion of the Initiating Judge to contact the Receiving Judge directly in exceptional circumstances.

## APPENDIX A

### GUIDELINES FOR COMMUNICATION AND COOPERATION BETWEEN COURTS IN CROSS-BORDER INSOLVENCY MATTERS

#### INTRODUCTION

A. The overarching objective of these Guidelines is to improve in the interests of all stakeholders the efficiency and effectiveness of cross-border proceedings relating to insolvency or adjustment of debt opened in more than one jurisdiction ("Parallel Proceedings") by enhancing coordination and cooperation among courts under whose supervision such proceedings are being conducted. These Guidelines represent best practice for dealing with Parallel Proceedings.

B. In all Parallel Proceedings, these Guidelines should be considered at the earliest practicable opportunity.

C. In particular, these Guidelines aim to promote:

- (i) the efficient and timely coordination and administration of Parallel Proceedings;

- (ii) the administration of Parallel Proceedings with a view to ensuring relevant stakeholders' interests are respected;

- (iii) the identification, preservation, and maximization of the value of the debtor's assets, including the debtor's business;

- (iv) the management of the debtor's estate in ways that are proportionate to the amount of money involved, the nature of the case, the complexity of the issues, the number of creditors and the number of jurisdictions involved in Parallel Proceedings;

- (v) the sharing of information in order to reduce costs; and

       (vi)    the avoidance or minimization of litigation, costs and inconvenience to the parties[1] in Parallel Proceedings.

D.    These Guidelines should be implemented in each jurisdiction in such manner as the jurisdiction deems fit.[2]

E.    These Guidelines are not intended to be exhaustive and in each case consideration ought to be given to the special requirements in that case.

F.    Courts should consider in all cases involving Parallel Proceedings whether and how to implement these Guidelines. Courts should encourage and where necessary direct, if they have the power to do so, the parties to make the necessary applications to the court to facilitate such implementation by a protocol or order derived from these Guidelines and encourage them to act so as to promote the objectives and aims of these Guidelines wherever possible.

## ADOPTION AND INTERPRETATION

Guideline 1: In furtherance of paragraph F above, the courts should encourage administrators in Parallel Proceedings to cooperate in all aspects of the case, including the necessity of notifying the courts at the earliest practicable opportunity of issues present and potential that may (a) affect those proceedings and (b) benefit from communication and coordination between the courts. For the purpose of these Guidelines, "administrator" includes a liquidator, trustee, judicial manager, administrator in administration proceedings, debtor-in-possession in a reorganization or scheme of arrangement, or any fiduciary of the estate or person appointed by the court.

Guideline 2: Where a court intends to apply these Guidelines (whether in whole or in part and with or without modification) in particular Parallel Proceedings, it will need to do so by a protocol or an order,[3] following an application by the parties or

---

[1] The term "parties" when used in these Guidelines shall be interpreted broadly.

[2] Possible modalities for the implementation of these Guidelines include practice directions and commercial guides.

[3] In the normal case, the parties will agree on a protocol derived from these Guidelines and obtain the approval of each court in which the protocol is to apply.

pursuant to a direction of the court if the court has the power to do so.

Guideline 3: Such protocol or order should promote the efficient and timely administration of Parallel Proceedings. It should address the coordination of requests for court approvals of related decisions and actions when required and communication with creditors and other parties. To the extent possible, it should also provide for timesaving procedures to avoid unnecessary and costly court hearings and other proceedings.

Guideline 4: These Guidelines when implemented are not intended to:

- (i) interfere with or derogate from the jurisdiction or the exercise of jurisdiction by a court in any proceedings including its authority or supervision over an administrator in those proceedings;

- (ii) interfere with or derogate from the rules or ethical principles by which an administrator is bound according to any applicable law and professional rules;

- (iii) prevent a court from refusing to take an action that would be manifestly contrary to the public policy of the jurisdiction; or

- (iv) confer or change jurisdiction, alter substantive rights, interfere with any function or duty arising out of any applicable law, or encroach upon any applicable law.

Guideline 5: For the avoidance of doubt, a protocol or order under these Guidelines is procedural in nature. It should not constitute a limitation on or waiver by the court of any powers, responsibilities, or authority or a substantive determination of any matter in controversy before the court or before the other court or a waiver by any of the parties of any of their substantive rights and claims.

Guideline 6: In the interpretation of these Guidelines or any protocol or order under these Guidelines, due regard shall be given to their international origin and to the need to promote good faith and uniformity in their application.

**COMMUNICATION BETWEEN COURTS**

Guideline 7: A court may receive communications from a foreign court and may respond directly to them. Such communications may occur for the purpose of the orderly making of submissions and rendering of decisions by the courts, and to coordinate and resolve any procedural, administrative or preliminary matters relating to any joint hearing where Annex A is applicable. Such communications may take place through the following methods or such other method as may be agreed by the two courts in a specific case:

(i) Sending or transmitting copies of formal orders, judgments, opinions, reasons for decision, endorsements, transcripts of proceedings or other documents directly to the other court and providing advance notice to counsel for affected parties in such manner as the court considers appropriate.

(ii) Directing counsel to transmit or deliver copies of documents, pleadings, affidavits, briefs or other documents that are filed or to be filed with the court to the other court in such fashion as may be appropriate and providing advance notice to counsel for affected parties in such manner as the court considers appropriate.

(iii) Participating in two-way communications with the other court, in which case Guideline 8 should be considered.

Guideline 8: In the event of communications between courts, other than on procedural matters, unless otherwise directed by any court involved in the communications whether on an ex parte basis or otherwise, or permitted by a protocol, the following shall apply:

(i) In the normal case, parties may be present.

(ii) If the parties are entitled to be present, advance notice of the communications shall be given to all parties in accordance with the rules of procedure applicable in each of the courts to be involved in the communications and the communications between the courts shall be recorded and may be transcribed. A written transcript may be prepared from a recording of the communications that, with the approval of each court involved in the

185

> communications, may be treated as the official transcript of the communications.
>
> (iii) Copies of any recording of the communications, of any transcript of the communications prepared pursuant to any direction of any court involved in the communications, and of any official transcript prepared from a recording may be filed as part of the record in the proceedings and made available to the parties and subject to such directions as to confidentiality as any court may consider appropriate.
>
> (iv) The time and place for communications between the courts shall be as directed by the courts. Personnel other than judges in each court may communicate with each other to establish appropriate arrangements for the communications without the presence of the parties.

Guideline 9: A court may direct that notice of its proceedings be given to parties in proceedings in another jurisdiction. All notices, applications, motions, and other materials served for purposes of the proceedings before the court may be ordered to be provided to such other parties by making such materials available electronically in a publicly accessible system or by facsimile transmission, certified or registered mail or delivery by courier, or in such other manner as may be directed by the court in accordance with the procedures applicable in the court.

### APPEARANCE IN COURT

Guideline 10: A court may authorize a party, or an appropriate person, to appear before and be heard by a foreign court, subject to approval of the foreign court to such appearance.

Guideline 11: If permitted by its law and otherwise appropriate, a court may authorize a party to a foreign proceeding, or an appropriate person, to appear and be heard on a specific matter by it without thereby becoming subject to its jurisdiction for any purpose other than the specific matter on which the party is appearing.

### CONSEQUENTIAL PROVISIONS

Guideline 12: A court shall, except on proper objection on valid grounds and then only to the extent of such objection, recognize and accept as authentic the provisions of statutes, statutory or

administrative regulations, and rules of court of general application applicable to the proceedings in other jurisdictions without further proof.  For the avoidance of doubt, such recognition and acceptance does not constitute recognition or acceptance of their legal effect or implications.

Guideline 13: A court shall, except upon proper objection on valid grounds and then only to the extent of such objection, accept that orders made in the proceedings in other jurisdictions were duly and properly made or entered on their respective dates and accept that such orders require no further proof for purposes of the proceedings before it, subject to its law and all such proper reservations as in the opinion of the court are appropriate regarding proceedings by way of appeal or review that are actually pending in respect of any such orders. Notice of any amendments, modifications, extensions, or appellate decisions with respect to such orders shall be made to the other court(s) involved in Parallel Proceedings, as soon as it is practicable to do so.

Guideline 14: A protocol or order made by a court under these Guidelines is subject to such amendments, modifications, and extensions as may be considered appropriate by the court, and to reflect the changes and developments from time to time in any Parallel Proceedings. Notice of such amendments, modifications, or extensions shall be made to the other court(s) involved in Parallel Proceedings, as soon as it is practicable to do so.

## ANNEX A (JOINT HEARINGS)

Annex A to these Guidelines relates to guidelines on the conduct of joint hearings.  Annex A shall be applicable to, and shall form a part of these Guidelines, with respect to courts that may signify their assent to Annex A from time to time. Parties are encouraged to address the matters set out in Annex A in a protocol or order.

**ANNEX A:   JOINT HEARINGS**

A court may conduct a joint hearing with another court. In connection with any such joint hearing, the following shall apply, or where relevant, be considered for inclusion in a protocol or order:

(i) The implementation of this Annex shall not divest nor diminish any court's respective independent jurisdiction over the subject matter of proceedings. By implementing this Annex, neither a court nor any party shall be deemed to have approved or engaged in any infringement on the sovereignty of the other jurisdiction.

(ii) Each court shall have sole and exclusive jurisdiction and power over the conduct of its own proceedings and the hearing and determination of matters arising in its proceedings.

(iii) Each court should be able simultaneously to hear the proceedings in the other court. Consideration should be given as to how to provide the best audio-visual access possible.

(iv) Consideration should be given to coordination of the process and format for submissions and evidence filed or to be filed in each court.

(v) A court may make an order permitting foreign counsel or any party in another jurisdiction to appear and be heard by it. If such an order is made, consideration needs to be given as to whether foreign counsel or any party would be submitting to the jurisdiction of the relevant court and/or its professional regulations.

(vi) A court should be entitled to communicate with the other court in advance of a joint hearing, with or without counsel being present, to establish the procedures for the orderly making of submissions and rendering of decisions by the courts, and to coordinate and resolve any procedural, administrative or preliminary matters relating to the joint hearing.

(vii) A court, subsequent to the joint hearing, should be entitled to communicate with the other court, with

188

or without counsel present, for the purpose of determining outstanding issues. Consideration should be given as to whether the issues include procedural and/or substantive matters. Consideration should also be given as to whether some or all of such communications should be recorded and preserved.