John W. Weiss
Joseph C. Barsalona II
**PASHMAN STEIN WALDER HAYDEN, P.C.**
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
Telephone: (732) 852-2481
Facsimile: (732) 852-2482
Email: jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
        tiffany.ikeda@lw.com

Adam J. Goldberg (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
        christopher.harris@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com

*Counsel to the Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation)*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLOCKFI INC., *et al.*,[1] | : | Case No. 22-19361 (MBK) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**MOTION FOR AUTHORIZATION TO
FILE MOTION FOR COORDINATION AMONG COURTS UNDER SEAL**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154) (the "**BlockFi Debtors**"). The location of the BlockFi Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

US-DOCS\145228151.1

Russell Crumpler and Christopher Farmer, in their capacities as the joint liquidators (collectively, the "**Joint Liquidators**") appointed in the British Virgin Islands ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign representatives of 3AC, as recognized pursuant to chapter 15 of the Bankruptcy Code, by and through the undersigned counsel, and pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and rules 9013-1 and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (as amended, the "**Local Bankruptcy Rules**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## RELIEF REQUESTED

1. The Joint Liquidators hereby request authority to file the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (the "**Coordination Motion**"), publicly with statements therein regarding certain claims being advanced before the BVI Court (as defined below) (such statements, the "**BVI Claims Information**") redacted, while filing such motion unredacted under seal. The basis for the relief requested in this Motion is set forth in the *Declaration of Russell Crumpler in Support of the Motion of the Joint Liquidators for Authorization to File Motion for Coordination Among Courts Under Seal*, attached hereto as **Exhibit A** (the "**Crumpler Declaration**"). Because the 3AC Debtor cannot outline the rationale for the relief sought herein without revealing confidential information related to the 3AC Debtor's ongoing proceedings before the BVI Court (as defined below), the 3AC Debtor likewise proposes to publicly file the Crumpler Declaration redacted in its entirety, while filing it unredacted under seal. The 3AC Debtor proposes to provide unredacted copies of the Coordination Motion and the Crumpler Declaration, on a strictly confidential basis, to (a) this Court, (b) the BlockFi Debtors,

(c) the Office of the United States Trustee for the District of New Jersey (Trenton) (the "**U.S. Trustee**"), and (d) the official committee of unsecured creditors appointed in these chapter 11 cases (the "**Committee**"). A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "**Proposed Order**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the BlockFi Debtors' chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Joint Liquidators consent to this Court's entry of a final order on the Motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for relief are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Bankruptcy Rules 9013-1 and 9018-1.

## BACKGROUND

5. The 3AC Debtor was an investment firm incorporated in the British Virgin Islands ("**BVI**"), with a focus on trading cryptocurrency and other digital assets with billions of dollars in assets under management as of April 2022. The 3AC Debtor collapsed around that time in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, the 3AC Debtor commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**"), and that court issued an order appointing Russell Crumpler and Christopher Farmer as joint liquidators of the 3AC Debtor. On July 1, 2022, the 3AC Debtor commenced a chapter 15 case, and on July 28, 2022, the U.S. Bankruptcy Court for the Southern District of New York granted recognition of the foreign main proceeding pending in the BVI. *See Order Granting Recognition Of Foreign Main*

*Proceeding And Related Relief*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. July 1, 2022), ECF No. 47.

6. The 3AC Debtor asserts various claims on behalf of 3AC's estate against the BlockFi Debtors, as set forth in the proofs of claim filed with this Court by the 3AC Debtor (the "**3AC POCs**", and the claims set forth therein, the "**3AC Claims**"). Concurrently herewith, the 3AC Debtor filed with this Court the Coordination Motion, requesting consultation among and between this Court, the BVI Court, the BlockFi Court, the FTX Court, the Celsius Court, and the Chapter 15 Court (each as defined in the Coordination Motion) to establish procedures to adjudicate the common issues of fact and law raised by the 3AC Claims (as defined in the Coordination Motion) in a centralized forum.

## BASIS FOR RELIEF

7. The Bankruptcy Code provides strong support for sealing the BVI Claims Information and the related Crumpler Declaration. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the 3AC Debtor to file the Coordination Motion and the Crumpler Declaration under seal by permitting the issuance of an order that protects from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may

4

make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. If the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."); *see also In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) ("[B]y its terms, the protections afforded in section 107(b)(1) do not just extend to a debtor. Rather, a bankruptcy court may 'protect an **entity** with respect to . . . commercial information.'") (emphasis original).

10. In *Orion Pictures*, the court noted under section 107(b)(1)'s exception to the general rule that court records are open to examination by the public an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

11. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

5

Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The 3AC Debtor submits that the BVI Claims Information and the information set forth in the Crumpler Declaration falls within the scope of confidential information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

13. Here, for the reasons set forth in the Crumpler Declaration, 3AC's estate would be prejudiced if the BVI Claims Information, or the information set forth in the Crumpler Declaration, is revealed publicly. Accordingly, the 3AC Debtor respectfully submits that cause exists to allow it to redact the Coordination Motion and the Crumpler Declaration for public filing. However, to maximize transparency, the 3AC Debtor proposes to file a copy of the Coordination Motion and the Crumpler Declaration, entirely unredacted, with the Court under seal and to share copies thereof with the U.S. Trustee, the BlockFi Debtors, and the Committee on a strictly confidential basis.

### WAIVER OF MEMORANDUM OF LAW

14. The 3AC Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the 3AC Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## NOTICE

15. Notice of this Motion has been provided to (a) the Chambers of the Honorable Michael B. Kaplan, (b) the BlockFi Debtors, (c) counsel for the BlockFi Debtors, (d) counsel to the Official Committee of Unsecured Creditors, (e) the Office of the U.S. Trustee for the District of New Jersey (Trenton), and (f) all other parties entitled to notice pursuant to Bankruptcy Rule 2002. The 3AC Debtor submits that such notice is sufficient, and no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the 3AC Debtor respectfully requests entry of an order, substantially in the form attached hereto as **<u>Exhibit B</u>**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 28, 2023
       Holmdel, New Jersey

Respectfully submitted,

*/s/ John W. Weiss*
John W. Weiss
Joseph C. Barsalona II
**PASHMAN STEIN WALDER HAYDEN, P.C.**
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
Telephone: (732) 852-2481
Facsimile: (732) 852-2482
Email:   jweiss@pashmanstein.com
            jbarsalona@pashmanstein.com

– and –

Adam J. Goldberg (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:   adam.goldberg@lw.com
           chris.harris@lw.com
           brett.neve@lw.com
           nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   nima.mohebbi@lw.com
           tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators*
*of Three Arrows Capital, Ltd. (in liquidation)*