**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**DEBTORS' MOTION TO FILE UNDER SEAL EXHIBIT A TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT WITH G75 CAPITAL; AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (the "Motion") to file under seal the Assignment Agreement (defined below), which is attached as Exhibit A to the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Terms of the Debtors' Settlement with Digistar Norway AS, Nessim-Sariel Gaon, and Fiorenzo Manganiello; (II) Approving Blockfi Lending's Assignment to G75 Capital of All of Blockfi Lending's Rights, Title and Interest in and to the Digistar Norway Transaction Documents Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances; (III) Authorizing Blockfi Lending to Enter Into the Assignment Agreement with G75 Capital; and (IV) Granting Related Relief* (the "Assignment Motion")[2] filed contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the District of New Jersey (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended or modified, the "Bankruptcy Code"), rule 9018

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assignment Motion.

2

of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

3. On November 28, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration [Docket No. 17] and incorporated by reference herein.

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

5. On December 21, 2022, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code [Docket No. 130, as amended by Docket No. 131]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6. Contemporaneously with the filing of this Motion, the Debtors are filing the Assignment Motion for authority to enter into the proposed assignment and settlement agreement (the "Assignment Agreement") between BlockFi Lending, the Assignee, the Borrower Parties, and Bricklane.[3] The Assignment Agreement sets forth the terms of the proposed sale and assignment

---

[3] Contemporaneously herewith, the Debtors are also filing an *Application for Order Shortening Time for Notice of Debtors' Motions for Entry of Orders (I) Approving the Debtors' Assignment Agreement with Digistar Norway AS, Nessim-Sariel Gaon, and Fiorenzo Manganiello and (II) Authorizing the Debtors to File Under Seal Exhibit A to the Motion to Approve the Assignment Agreement* [Docket No. [●]] (the "Motion to Shorten Notice"), pursuant to which

3

of the Digistar Loan to the Assignee in exchange for the Payment Amount (as defined in the Assignment Agreement) and a comprehensive release of all claims against BlockFi Lending. The Borrower Parties are each party to the Assignment Agreement and consent to the assignment of the Digistar Loan to the Assignee. The Assignment Agreement was entered into on a confidential basis due to the sensitive nature of the economic terms thereof, which, if disclosed to third parties, may provide them with an unfair advantage over the Debtors in settlement negotiations and result in harm to the bankruptcy estates, as described more fully in the Assignment Motion. Accordingly, the Assignment Agreement included as Exhibit A to the Assignment Motion is being filed as a restricted document pursuant to Local Rule 9018-1 and the Court's CM/ECF procedures.

## Relief Requested

7. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file the Assignment Agreement attached as Exhibit A to the Assignment Motion under seal; and (b) directing that the Assignment Agreement not be made available to anyone except the Court, the Debtors and their counsel, the U.S. Trustee and its counsel, counsel to the Committee on a professional-eyes only basis, the Assignee and its counsel, the Borrower Parties and their counsel, and other persons upon further order of the Court or as agreed by the Debtors, in each case subject to confidentiality agreements or other arrangements reasonably satisfactory to the Debtors.

## Basis for Relief Requested

8. A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018. Bankruptcy Code section 107(b) provides

---

the Debtors request that the Court set the Assignment Motion and this Motion for hearing on October 10, 2023, at 11:00 a.m. (ET).

4

bankruptcy courts with the power to issue orders that will protect entities from potential harm. In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (i) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

12. Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis original).

13. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the party seeking relief. *Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. of 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). Moreover, section 107(b)(1) "establishes the exception to the

5

general rule that court documents are open for public inspection[,]" and under this exception, a party seeking relief "had to show only that the information it sought to seal was 'confidential' and 'commercial' in nature." *Id.* Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

14. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[4] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018).

---

[4] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

15. The Assignment Agreement was entered into on a confidential basis between the Parties. The terms and conditions pursuant to which the Debtors settle defaulted loans constitute the Debtors' confidential commercial information based on numerous factors that are unique to each borrower. While the Parties are permitted to disclose the terms of the Assignment Agreement to enforce their respective rights, the Debtors and their bankruptcy estates would likely suffer harm if commercially sensitive terms of the Assignment Agreement are disclosed to third parties, who may use such information to the disadvantage of the Debtors in other loan settlement negotiations or litigation over other defaulted loans.

16. Preserving the confidentiality of the terms and conditions of the Assignment Agreement is important to the Debtors ongoing efforts to recover on other defaulted loans by settlement or litigation. Public disclosure of the confidential terms and conditions of the Assignment Agreement could potentially harm the Debtors and their estates or decrease the value of the Debtors' assets, in particular the BlockFi Institutional Loan Portfolio (as defined in the Assignment Motion). No party will be prejudiced if the Assignment Agreement is filed under seal given that the Parties, counsel to the Committee and counsel to the U.S. Trustee each already have copies and are familiar with their terms. Any third party that needs to review the Assignment Agreement may seek authorization from the Debtors directly or will otherwise have the opportunity to seek permission from the Court to review the Assignment Agreement.

**Notice and No Prior Request**

17. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the Committee; (c) the Parties to the Assignment Agreement; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice

7

Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## Waiver of Memorandum of Law

19. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

Document    Page 9 of 12

## **Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Respectfully Submitted,

Dated: October 2, 2023  /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Matthew T. Ferris, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
matt.ferris@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

# EXHIBIT A

# PROPOSED ORDER

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Matthew T. Ferris, Esq. (admitted pro hac vice)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>matt.ferris@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for Debtors and Debtors in Possession* |

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

**ORDER CONCERNING REQUEST TO SEAL DOCUMENTS**

The relief set forth on the following page is **ORDERED**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page | 2)
Debtors:           BLOCKFI INC., *et al.*
Case No.:          22-19361 (MBK)
Caption of Order:  ORDER CONCERNING REQUEST TO SEAL DOCUMENTS

On request of BlockFi Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), to seal the following documents: the Assignment Agreement annexed as Exhibit A to the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Terms of the Debtors' Settlement with Digistar Norway AS, Nessim-Sariel Gaon, and Fiorenzo Manganiello; (II) Approving Blockfi Lending's Assignment to G75 Capital of All of Blockfi Lending's Rights, Title and Interest in and to the Digistar Norway Transaction Documents Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances; (III) Authorizing Blockfi Lending to Enter Into the Assignment Agreement with G75 Capital; and (IV) Granting Related Relief*, which the Debtors filed on October 2, 2023; and the Court having considered the request and any objection thereto; it is

☐   **ORDERED** that the request is denied and the underlying document(s) shall be deleted from the court's electronic filing system.

☐   **ORDERED** that the request is granted and the document(s) shall be sealed until the expiration of the judiciary records retention period at which time the document will be permanently deleted.

2