George S. Wynns
124 Brewster Street
San Francisco, CA 94110-5304
415-279-7397
georgewynns@gmail.com

FILED
JEANNE A. NAUGHTON, CLERK
OCT - 3 2023
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: BLOCKFI, INC., Et al.<br><br>Debtors. | ) Case No. 22-19361  Chapter 11<br>)<br>) **AFFIDAVIT OF SECURED**<br>) **CREDITOR GEORGE WYNNS**<br>) **IN SUPPORT OF CREDITOR'S**<br>) **OBJECTION TO DEBTOR'S**<br>) **TENTH OMNIBUS**<br>) **OBJECTION TO CERTAIN**<br>) **CLAIMS**<br>)<br>) Motion Hearing:  October 10, 2023<br>) 11:00 a.m.<br>)<br>) Honorable Michael B. Kaplan, Judge |

**AFFIDAVIT IN SUPPORT OF
CREDITOR GEORGE WYNNS'S OBJECTION AND RESPONSE
TO TENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

1

I, George Wynns, declare as follows:

1. I am a secured creditor of the Debtor, Blockfi, Inc. ("Blockfi").

2. On January 10, 2023, I filed a timely Proof of Claim directly with the United States Bankruptcy Court for the District of New Jersey in Blockfi's Case No.22-19361, and I received back from the Court a file-stamped copy of my Proof of Claim, which is shown as Exhibit A to my Objection and Response to the Debtor's Tenth Omnibus Objection to Certain Claims, now on file the Court.

3. My status as a secured creditor is reflected on said Proof of Claim, and evidence of that status is given on the attachment or attachments to said Claim.

4. My Claim is secured by specific deposits with the Debtor of the cryptocurrency known as Bitcoin (BTC) that I made to the Debtor at various times, principally in 2021 and 2022. Said deposits were placed by me with the Debtor solely as security for two loans I took out with Blockfi, which were for one year, and which I renewed or "rolled over" in 2022 for slightly lower principal amounts.

5. At all times since the inception of Blockfi's Chapter 11 case, I have been ready, willing, and able to repay to Blockfi, or to Blockfi's bankruptcy estate, the full amount owing on my two loans, in exchange for the return of my 4.22+ Bitcoin, as provided for in our Loan and Security Agreements.

2

6. In my above-referenced Proof of Claim, I have demanded the return of my property in specie. I want my Bitcoin returned to me as Bitcoin, not as some arbitrary dollar amount reflecting the price of BTC any point in time, which return to me can easily be done and must be done pursuant to my Loan and Security Agreements with Blockfi.

7. Blockfi's bankruptcy estate holds more than sufficient Bitcoin to return my 4.22+ BTC to me upon repayment of the loans, which I am, and have been, ready willing, and able to do.

8. According to an accounting furnished to me by Blockfi at around the time I filed the Proof of Claim, Blockfi was holding, (and Blockfi's bankruptcy estate) continues to hold on my behalf) slightly over 4.22 Bitcoin as security for my loans.

9. The amount of BTC held as security for my loans was and is reflected on the attachment(s) to the above referenced Proof of Claim. In my present Objection to the Debtor's Tenth Omnibus Objection to Certain Claims, I have attached as an exemplar of our agreements, as Exhibit B, thereto, our May 2021 Loan and Security Agreement. I believe this agreement is essentially identical to our other Loan and Security Agreements made in 2021 and 2022.

10. The purpose of the deposits of BTC given to the Debtor was solely and only as security for the two loans. According to our Loan and Security Agreements, I did not transfer ownership of any of my Bitcoin deposits to Blockfi, Inc. The Loan and Agreements expressly state that I continued to own my Bitcoin that Blockfi held as mere security for the loans and promised to return my Bitcoin to me upon repayment of the loans. Blockfi agreed that it was holding my deposits of BTC in essentially a fiduciary capacity for me and had no authority to sell, transfer, or dispose of the security in any manner unless I failed to maintain my deposits of Bitcoin with Blockfi sufficiently to maintain a 70% loan to value ratio, based upon the current value of BTC on the market.

11. According to our Loan and Security Agreements, Blockfi would have the right to sell as much of the Bitcoin as needed to be sold to maintain the required loan to value ratio in the event that the market price of BTC should fall so much as to bring the loan to value ratio below 80%. This never occurred. Nor did the LTV ever fall to below 70%

12. I always maintained a sufficient amount of BTC deposited with Blockfi to keep the LTV ratio well below the required 70% ratio, and I was also always current on the required monthly payment on the loans.

4

13. The price of Bitcoin on the markets was volatile, and from time-to-time Blockfi notified me that I must deposit more BTC with Blockfi to maintain a safe LTV ratio, and I did so, therefore bringing the total amount of BTC deposited to the amount currently held of 4.22+ Bitcoin.

14. According to my recollection, I initially took out the two loans with Blockfi around May 2021, and I "rolled over" the loans around May 2022 for slightly lower amounts, having paid off some principal, with a new total principal balance on the two loans at that time of around $42,060.33. As it happened, I made a principal balance payment of $5,000 of the larger of the two loans around the time that Blockfi, Inc. filed for Chapter 11 bankruptcy protection, bringing the combined loan balance to approximately $35,668.02.

15. However, for reasons best known to others, Blockfi or its agent later refunded to me my most recent principal $5,000 payment, bringing the amount principal owed again to approximately $42,060.33. At around the time of its Chapter 11 filing, Blockfi refused further payments on its retail loans and "froze" interest on such loans so that the principal amount owing my loans has not increased in subsequent months.

16. According to my recollection, my Proof of Claim filed with the Court on or about January 10, 2023, was initially reflected on the Court's Claim register. At

5

some subsequent time, I received notification that claims should be filed with the Kroll agency, and I believe I again submitted my above-mentioned Proof of Claim to Kroll. Kroll apparently assigned the Claim Number of my original Proof of Claim filed with the Court as Claim Number 1324.

17. Because I was unsure which Blockfi entity was holding my Bitcoin, I also submitted essentially identical, timely Proofs of Claims to Kroll for Blockfi Ventures, LLC, Blockfi Lending, LLC, Blockfi Lending II, Blockfi Wallet, LLC, Blockfi Trading, LLC. Kroll apparently gave these additional proofs of claim the numbers 3052, 3061, 3067, 3071, and 3072, not necessarily in that order. I believe at this time that Kroll's assigned proof of claim number 1324 is supposed to reflect my original Proof of Claim referenced above that I filed with the Court in January 2023, and shown as Exhibit A to present objection on file with this Court. Kroll sent, and may have filed with the Court, inaccurate summary representations of my several Proofs of Claim.

18. It may be that just my original Proof of Claim filed with Court on or about January 10, 2023 states all that needs to be stated because that Proof of Claim, along with its attachment(s), shows clearly that the Debtor was holding 4.22+ of Bitcoin as my property and is and was obligated to return my Bitcoin to me in specie upon repayment of the loans. Since I believe the Debtor's estate holds

6

many more Bitcoin than those that belong to me, there should be no obstacle in returning my Bitcoin upon loan repayments. Again, I am ready, willing and able to repay whatever is currently owing on the loans in order to obtain the release to me of my Bitcoin.

19. When I sent the various, timely additional Proofs of Claims to the Kroll agency, I believe I requested that they return filed-stamped copies of the various Proofs of Claims to me but they did not do that. Just recently I have received in the mail multiple copies of the Debtor's Tenth Omnibus Objection to Certain Claims, with attached references to my particular claims. This is the first communication I have received from anyone in regard to my own Proofs of Claim apart from this Court's file-stamped copy of my January 10, 2023, Proof of Claim, and Kroll's acknowledgement that it had received the subsequent Proofs of Claim that I submitted to Kroll.

20. No one has previously objected to any of my Proofs of Claim, and most importantly my original Proof of Claim referenced herein, which appears to sufficiently assert my ownership of the 4.22 Bitcoin held by the Debtor, my status as a secured creditor, and my demand for return of my Bitcoin upon appropriate payment of what is owed on the loans.

7

21. In the many months following Blockfi's Chapter 11 filing around November 2022, I have made numerous attempts to talk with someone at Blockfi, the Debtor's counsel and/or some representative of the Committee for Unsecured Creditors, and I was unable to contact anyone who could or would discuss anything about the bankruptcy or my standing in the bankruptcy with me. It is an apparently very complex and difficult case, and I have been unable to understand its extensive proceedings.

22. Fortunately, just this past Friday, Ms. Lauren Sisson, Esq., one of the attorneys with Haynes and Boone, LLP, counsel for the Debtor, kindly returned my telephone call and informed me of the particular requirements for filing my present Objection, which I have confirmed was received by the Court for filing this morning.

23. Although I believe I filed a Request for Special Notice when I filed the Proof of Claim in January 2022, I have not received notices about the case in the mail, or anything about my Proofs of Claim in particular, until I recently received notices of the Tenth Omnibus Objection to Certain Claims, with specific references to my own Proofs of Claim. I had been unaware of the various Orders apparently approved by the Court in reference to this extremely apparently complicated case. I was unaware of the Debtor's proposed Chapter 11 plan,

8

which I am now told has been confirmed by the Court. I do not believe anything that has been done in the case could have lawfully or equitably affected my status as a secured creditor or my right to receive my Bitcoin back upon payment of the amount owed.

24. It seems to me that the Debtor's Tenth Omnibus Objection to Certain Claims may be attempting to treat my claim to my 4.22+ as an unsecured claim, or to assign some valuation to my Bitcoin which is incorrect. I have demanded and believe I am entitled to the return of my Bitcoin in specie upon repayment of the loans.

25. I therefore respectfully request that this Court shall make some appropriate order resulting in the return of my 4.22+ Bitcoin to me upon repayment of whatever is actually owed on my two loans. For example, I would suggest that the Court order the Debtor's counsel, and perhaps attorney Lauren Sisson, Esq. in particular, to discuss with me the exact amount of repayment required and the manner in which the bankruptcy estate shall return my Bitcoin to me upon repayment of the requisite loan amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 2, 2023

/s/ George S. Wynns

George S. Wynns

George S. Wynns
124 Brewster Street
San Francisco, CA 94110
415-279-7397
georgewynns@gmail.com



Oct. 2, 2023

Clerk of the Court
U.S. Bankruptcy Court
402 E. State St.
Trenton, NJ 08608-1507
608-858-933

Re No 22-19367 MBK

Dear Clerk of the Court:

Please file the enclosed Affidavit Supporting Creditor's Objection and Response to the Debtor's Tenth Omnibus Objection to Certain Claims, Plus Affidavit of Service.

Deadline for filing is October 3, 2023.

Thank you.

George Wynns
Creditor.