**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

Order Filed on October 3, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER RESOLVING CERTAIN**
**DISPUTES BETWEEN THE FTX DEBTORS AND THE BLOCKFI DEBTORS**

The relief set forth on the following page is **ORDERED**.

**DATED: October 3, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order (this "Order") approving that certain Settlement Agreement dated September 25, 2023 (the "Settlement Agreement"), attached hereto as **Exhibit A,** by and between the Debtors and FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "FTX Debtors") (together with the Debtors, the "Parties") subject to the terms and conditions of the Settlement Agreement; and this Court having found that entry into the Settlement Agreement is in the best interest of the Debtors and their estates; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.       The Settlement Agreement is incorporated by reference into this Order with the same force and effect as if fully set forth hereinafter.

2.       The Settlement Agreement is hereby **APPROVED** in its entirety.

3.       The Parties are authorized to enter into and perform under the Settlement Agreement and to take all actions necessary to implement the Settlement Agreement in accordance with the terms, conditions and agreements provided for therein.

4.       The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit A

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into by and among: (i) BlockFi Inc. and its affiliated debtors and debtors-in-possession (collectively, the "BlockFi Debtors") in the jointly administered chapter 11 cases proceeding under the caption *In re BlockFi Inc., et al.* Case No. 22-19361 (MBK) (the "BlockFi Bankruptcy Proceeding") and (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors," and together with the BlockFi Debtors, each a "Party" and collectively the "Parties") in the jointly-administered chapter 11 cases proceeding under the caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy Proceeding");

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the FTX Bankruptcy Proceeding;

**WHEREAS**, on November 28, 2022, the BlockFi Debtors filed their respective petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") initiating the BlockFi Bankruptcy Proceeding;

**WHEREAS**, on or about March 31, 2023, the FTX Debtors filed claims against the BlockFi Debtors in the BlockFi Bankruptcy Proceeding (collectively, the "FTX Proofs of Claim"), which include, among other claims, an unsecured claim in the amount of $275 million for new money loans advanced by the West Realm Shires Inc. ("WRS") pursuant to a revolving credit facility (the "FTX Facility Claims") and avoidance claims pursuant to section 547 of the Bankruptcy Code for preferential transfers made by certain FTX Debtors (the "FTX Avoidance Claims," and together with the FTX Facility Claims, the "FTX Claims");[1]

**WHEREAS**, on or about June 29, 2023, the BlockFi Debtors filed claims against the FTX Debtors in the FTX Bankruptcy Proceeding (collectively, the "BlockFi Proofs of Claim," and the claims asserted therein, the "BlockFi Claims");

**WHEREAS**, on August 11, 2023, the BlockFi Debtors filed the *Motion to Estimate the Amount of the FTX Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1347) (the "Estimation Motion"), which seeks to estimate the FTX Claims for plan distribution purposes;

---

[1]    For the avoidance of doubt, the "FTX Avoidance Claims" for purposes of this Settlement Agreement do not include any claims, causes of action, or defenses covered by the Robinhood Stipulation, all of which are reserved for determination in accordance with the Robinhood Stipulation, and nothing herein shall constitute a waiver of any rights, claims, causes of action or defenses on any such matters.

**WHEREAS**, on August 21, 2023, the BlockFi Debtors filed the *Ninth Omnibus Objection to the FTX Claims* (BlockFi Bankruptcy Proceeding, ECF No. 1376) (the "FTX Claim Objection") seeking disallowance of the FTX Claims;

**WHEREAS**, on September 13, 2023, the FTX Debtors filed their *Preliminary Objection of the FTX Debtors to BlockFi Debtors' Motion to Estimate the Amount of the FTX Claims Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1489) and their *Reservation of Rights of the FTX Debtors In Connection With the BlockFi Debtors' Ninth Omnibus Objection to the FTX Claims* (BlockFi Bankruptcy Proceeding, ECF No. 1485);

**WHEREAS**, without any admission by any Party, and subject to the terms of this Settlement Agreement, the Parties desire to resolve certain disputes between them relating to, among other things, the Estimation Motion and FTX Claim Objection, and disputes with respect to venue for litigating the FTX Claims, the BlockFi Claims, and related matters, as set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms, and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1.   **AGREEMENTS OF THE PARTIES**

(a)   Treatment of the FTX Claims in the BlockFi Bankruptcy Proceeding.  On the Settlement Effective Date (as defined below), the FTX Proofs of Claim shall be deemed withdrawn subject to the terms and conditions of this Settlement Agreement, (x) with respect to the FTX Avoidance Claims, solely for purposes of obtaining any affirmative distribution from the BlockFi Debtors or their estates; and (y) with respect to the FTX Facility Claims, subject to and as set forth in paragraph 1(f) below governing the Allowed WRS Claims.  Notwithstanding the foregoing, the FTX Debtors shall be entitled to assert the FTX Avoidance Claims, any failure to pay the FTX Avoidance Claims, and all related arguments and defenses as arguments, defenses, counterclaims, setoffs or otherwise with respect to the BlockFi Claims (with the BlockFi Debtors reserving their rights to dispute any such claims, arguments, counterclaims, defenses, setoffs or otherwise subject to the terms of this Settlement Agreement), and any arguments with respect to the amount and nature of reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code shall be addressed as provided in Paragraph 1(d) below.  The FTX Debtors and the BlockFi Debtors agree that nothing in this Settlement Agreement is intended to modify, waive or otherwise affect any of the Parties' claims with respect to the matters addressed in that certain *Order Approving the Stipulation Staying Litigation and Related Discovery Concerning the Robinhood Assets* [BlockFi Bankruptcy Proceeding, ECF No. 760; FTX Bankruptcy Proceeding, ECF No. 1261] (the "Robinhood Stipulation").  For the avoidance of doubt, while the FTX Debtors may assert the FTX Claims consistent with this Settlement Agreement in the FTX Bankruptcy Proceeding, no

distribution shall ever be owed or made by any of the BlockFi Debtors to any of the FTX Debtors under any circumstances except that, if all BlockFi Debtors' customers' claims are paid in full, the WRS Allowed Claims shall receive a distribution consistent with Paragraph 1(f) herein. The FTX Debtors agree that none of the BlockFi Debtors shall withhold from distribution to the BlockFi Debtors' creditors any amounts on account of the FTX Proofs of Claim.

(b)    Litigation of the FTX Avoidance Claims and the BlockFi Claims in Delaware Bankruptcy Court. Subject to the terms of this Settlement Agreement, the Parties agree to litigate the merits of the FTX Avoidance Claims and all aspects of the BlockFi Claims (collectively, the "Delaware Matters") in the FTX Bankruptcy Proceeding before the Delaware Bankruptcy Court, *provided* that the BlockFi Debtors reserve the right to seek to withdraw the reference with respect to any such matters to the U.S. District Court for the District of Delaware, and the FTX Debtors reserve the right to oppose any such attempt to withdraw the reference.

(c)    Consensual Lifting of the Automatic Stay in the BlockFi Bankruptcy Proceeding With Respect to the FTX Avoidance Claims. Promptly upon the later of (i) 30 days following entry of an order confirming the BlockFi Debtors' currently pending *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (BlockFi Bankruptcy Proceeding, ECF No. 1309) (the "BlockFi Plan") and (ii) the Settlement Effective Date, the FTX Debtors and the BlockFi Debtors shall submit a joint stipulated order, in form and substance acceptable to the BlockFi Debtors and the FTX Debtors and consistent with this Settlement Agreement, to the New Jersey Bankruptcy Court for the consensual lifting of the automatic stay in the BlockFi Bankruptcy Proceeding to allow the FTX Debtors to, except as stated below, (x) assert and file, and litigate to judgment the Delaware Matters, including, without limitation, all arguments, defenses, counterclaims, setoffs, or otherwise, including arising under section 502(d) of the Bankruptcy Code in connection with any such judgment obtained, with respect to the BlockFi Claims in the FTX Bankruptcy Proceeding (subject to the BlockFi Debtors' right to seek to withdraw the reference as described above in paragraph 1(b) and pursuant to paragraph 1(d) below); (y) assert, file, and litigate to judgment any avoidance actions or other defenses or counterclaims with respect to the BlockFi Claims; and (z) enforce and recover on such avoidance actions or defenses or counterclaims as contemplated by this Settlement Agreement (the "Stay Relief Stipulation"). All of the FTX Debtors' and the BlockFi Debtors' rights under section 502(d) of the Bankruptcy Code are expressly reserved and preserved, except that the FTX Debtors shall have no right to receive an affirmative distribution from the BlockFi Debtors pursuant to the BlockFi Plan on account of the FTX Avoidance Claims, and recovery of any judgment with respect to the FTX Avoidance Claims shall be by setoff, reduction, or netting. The Parties agree that the amount and manner of setoff, reduction, or netting against the BlockFi Claims or the proceeds thereof, if any, shall be as provided in Paragraph 1(d) below.

-3-

(d)      If any judgment is entered in connection with the FTX Avoidance Claims, the Parties agree that recovery on such judgment shall be made by reducing either the amount of the BlockFi Claims or distributions by the FTX Debtors with respect to the BlockFi Claims in such amount as may be agreed by the Parties or determined by order of the New Jersey Bankruptcy Court, and the Parties rights are fully reserved with respect to the amount and nature of such reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code.  The Parties agree and acknowledge that no distributions shall be made by the FTX Debtors to the BlockFi Debtors on account of the BlockFi Claims until section 502(d) of the Bankruptcy Code is satisfied in accordance with this paragraph, unless otherwise agreed by the Parties.

(e)      <u>Meet and Confer With Respect to Litigation of the Delaware Matters</u>.  The Parties shall meet and confer in good faith regarding the process and schedule for litigation of the Delaware Matters, including any defenses or counterclaims thereto.

(f)      <u>Allowed WRS Claims</u>.  On the Settlement Effective Date, WRS shall have an allowed subordinated general unsecured claim against each of BlockFi Inc., BlockFi Trading LLC and BlockFi Lending LLC in the amount of $275 million the ("<u>WRS Allowed Claims</u>"), which shall be subordinated to recoveries on account of all Account Holder Claims, including Intercompany Claims (as each is defined in the BlockFi Plan) inuring to the benefit of Account Holder Claims), and WRS and all other FTX Debtors waive any other claim arising from or relating to the pre-petition transactions between the Parties executed on or about July 1, 2022.  The WRS Allowed Claims shall not be available as a defense, counterclaim, or setoff with respect to the BlockFi Claims, but shall be entitled to distributions as set forth in this Settlement Agreement under any confirmed plan of the BlockFi Debtors (including the BlockFi Plan), if all Account Holder Claims, including Intercompany Claims (as each is defined in the BlockFi Plan) are paid in full.  The BlockFi Debtors shall not seek to further subordinate or recharacterize, or seek disparate, otherwise discriminatory, or other alternative treatment of, the WRS Allowed Claims other than as expressly provided in this Settlement Agreement.

(g)      <u>Litigation With Respect to Robinhood Assets</u>.  The Parties affirm their agreements set forth in the Robinhood Stipulation that all issues relating to the Robinhood Assets will be litigated in New York civil or criminal forfeiture proceedings before Judge Kaplan of the United States District Court for the Southern District of New York as contemplated by and pursuant to the terms and conditions of the Robinhood Stipulation.  As set forth in Robinhood Stipulation, in the event there are no such proceedings, the BlockFi Debtors reserve the right to argue that any and all claims with respect to the Robinhood Assets be resolved in that certain adversary proceeding commenced against Marex Capital Markets Inc. and Emergent Fidelity Technologies Ltd. on November 28, 2022, Adv. Pro. No. 22-01382-MBK, in the New Jersey Bankruptcy Court, and the FTX Debtors reserve all of their rights to argue such dispute should be resolved in the Delaware Bankruptcy Court.

-4-

(h)      Withdrawal of Estimation Motion and Claim Objection and Modification of BlockFi Plan.  Upon execution of this Settlement Agreement, the BlockFi Debtors shall hold in abeyance, and upon the Settlement Effective Date shall withdraw with prejudice, the Estimation Motion and FTX Claim Objection.  Upon execution of this Settlement Agreement, the BlockFi Debtors shall provide for implementation of the terms of this Settlement Agreement, including updated treatment of the FTX Claims, in a revised form of the BlockFi Plan, and the FTX Debtors will otherwise withdraw all objections to the BlockFi Plan with prejudice.

(i)      Settlement Effective Date.  The "Settlement Effective Date" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, (ii) the New Jersey Bankruptcy Court and the Delaware Bankruptcy Court have each entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Settlement Agreement, on terms and conditions consistent with this Settlement Agreement and otherwise reasonably acceptable to each Party (each, an "Approval Order" and together the "Approval Orders"), and (iii) the Parties have agreed on the form of Stay Relief Stipulation.

(j)      Non-Binding Mediation.  The Parties agree to participate in good faith in non-binding mediation with respect to all claims among the Parties.  The Stay Relief Stipulation shall provide a schedule for non-binding mediation to begin within 90 days of execution of the Settlement Agreement (unless otherwise agreed by the Parties) and will discuss in good faith the process and terms of non-binding mediation.

(k)      Reservation of Rights.  Except as otherwise set forth in this Settlement Agreement, each Party reserves any and all rights, claims, defenses, and arguments against the other Party with respect to the matters of this Settlement Agreement and all other matters.

## 2.      REPRESENTATIONS & WARRANTIES

(a)      Mutual Representations and Warranties of All Parties.  Each Party represents and warrants to each other Party that as of the date of this Settlement Agreement:

(i)      subject to the Approval Orders, it has the requisite organizational power and authority to enter into this Settlement Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Settlement Agreement;

(ii)      subject to the Approval Orders, this Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

-5-

(iii)      the execution and delivery of this Settlement Agreement and the performance of its obligations hereunder have been duly authorized by all necessary corporate or other organizational action on its part;

(iv)      the execution, delivery, and performance by it of this Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of its affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

(v)      before executing this Settlement Agreement, it has been fully informed of its terms, contents, conditions and effects, it has had a full and complete opportunity to discuss this settlement with its attorney or attorneys, it is not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained in this Settlement Agreement.

3.      **MISCELLANEOUS PROVISIONS**

(a)      <u>No Admission of Liability.</u>  The undersigned Parties each acknowledge and agree that the matters set forth in this Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

(b)      <u>Specific Performance.</u>  It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Settlement Agreement, including an order of the New Jersey Bankruptcy Court or the Delaware Bankruptcy Court, as applicable, or another court of competent jurisdiction requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that it will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

(c)      <u>Damages.</u>  Notwithstanding anything to the contrary in this Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, employees, counsel, representatives, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related to this Settlement Agreement.  It is understood, however, that neither this provision nor any other part of this Settlement Agreement shall preclude or limit the BlockFi Debtors from amending their proofs of

-6-

claim in the FTX Bankruptcy Proceeding, with all of the BlockFi Debtors' rights to do so being expressly preserved.

(d)    <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(e)    <u>Execution in Counterparts.</u>  This Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Settlement Agreement.  Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, .TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the parties.

(f)    <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York (without regard to conflicts of law principles that would result in the application of any law other than the law of the State of New York).

(g)    <u>Trial by Jury Waived</u>. EACH PARTY HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY PROCEEDING DIRECTLY OR INDIRECTLY BASED UPON, ARISING OUT OF OR RELATING TO THIS SETTLEMENT AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER IN CONTRACT OR IN TORT, IN LAW OR IN EQUITY OR GRANTED BY STATUTE). EACH PARTY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND EACH OTHER PARTY HAVE BEEN INDUCED TO ENTER INTO THIS SETTLEMENT AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

(h)    <u>Notices</u>.  Any notices required hereunder shall be sent by registered mail, first class, return receipt requested, and by email, to the following:

(i)      If to any BlockFi Entity:

**BlockFi Inc.**
21 Montgomery Street, Suite 263
Jersey City, New Jersey 07302

with copies to:

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
601 Lexington Avenue
New York, New York 10022
Attention: Joshua A. Sussberg, P.C., Christine Okike, P.C., and Francis
Petrie

and

**Cole Schotz P.C.**
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Attention: Michael D. Sirota, Esq. and Warren A. Usatine, Esq.

and

**Haynes and Boone, LLP**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Attention: Richard S. Kanowitz, Esq. and Kenric D. Kattner, Esq.

Counsel for the BlockFi Debtors

and

Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, NY  10036
Telephone: (212) 209-4800
Fax: (212) 209-4801
Email: rstark@brownrudnick.com
        kaulet@brownrudnick.com
        bsilverberg@brownrudnick.com

-8-

and

**Genova Burns LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 230-2095
Fax: (973) 533-1112
Email: DStolz@genovaburns.com
        DClarke@genovaburns.com
        GKinoian@genovaburns.com

Counsel to the BlockFi Official Committee of Unsecured Creditors

(ii)    If to the FTX Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attn: Brian D. Glueckstein and Benjamin S. Beller
E-mail: gluecksteinb@sullcrom.com; bellerb@sullcrom.com

(j)    <u>Entire Agreement and Amendments</u>.  This Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney(s), or other representative(s).

(k)    <u>Severability</u>.  If any provision in this Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Settlement Agreement remain in effect if both the economic and legal substance of this Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise,

-9-

the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

(l)     <u>Binding Effect</u>.  This Settlement Agreement shall be binding upon the Parties hereto and their successors and assigns, including the BlockFi Wind-Down Debtors and the Plan Administrator (as each is defined in the BlockFi Plan).

[*Remainder of Page Intentionally Left Blank*]

Dated: September 25, 2023

*/s/ Christine A. Okike*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for BlockFi Debtors and
Debtors in Possession*

Dated:  September 25, 2023
       New York, New York

/s/ Brian D. Glueckstein

James L. Bromley (NJ Bar No. 1551996)
Andrew G. Dietderich (*pro hac vice*)
Brian D. Glueckstein (*pro hac vice*)
Benjamin S. Beller (*pro hac vice* to be filed)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
      dietdericha@sullcrom.com
      gluecksteinb@sullcrom.com
      bellerb@sullcrom.com

*Counsel for the FTX Debtors*

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 22-19361-MBK

BlockFi Inc.                                                              Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                    User: admin                                    Page 1 of 8

Date Rcvd: Oct 03, 2023                Form ID: pdf903                          Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 05, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + BlockFi Inc., 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691-1910 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2023                    Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 3, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron Garber | on behalf of Creditor Kristen Vorhees agarber@wgwc-law.com |
| Adam S. Ravin | on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation) adam.ravin@lw.com |
| Alan Stuart Maza | on behalf of Creditor Securities and Exchange Commission mazaa@sec.gov  mazaa@sec.gov |
| Allen I Gorski | on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com |
| Andrew Marks | on behalf of Creditor Matthew Gordon jcardenas@dorflaw.com |
| Anna Pia Felix | on behalf of Creditor Yuri Mushkin afelix@lpgmlaw.com |

District/off: 0312-3                          User: admin                                    Page 2 of 8
Date Rcvd: Oct 03, 2023                      Form ID: pdf903                              Total Noticed: 1

Anthony J D'Artiglio

on behalf of Creditor Kyle Klaus adartiglio@ansell.law  courtfilings@ansell.law;jbauchner@ansell.law

Barbra Rachel Parlin

on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Brett S. Theisen

on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Bryan Russell Horton

on behalf of Interested Party Scratch Services LLC rhorton@gbkh.com

Carol L. Knowlton

on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle

on behalf of Creditor Ge Song cboyle@b-vlaw.com
tking@b-vlaw.com;lgrigley@b-vlaw.com;carrie.boyle@comcast.net;jpryor@b-vlaw.com

Catherine B. Heitzenrater

on behalf of Creditor Chubb Companies cebeideman@duanemorris.com

Daniel Stolz

on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Other Prof. Elementus  Inc. dstolz@genovaburns.com, dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Other Prof. M3 Partners dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz

on behalf of Plaintiff Official Committee Of Unsecured Creditors dstolz@genovaburns.com
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel E. Straffi

on behalf of Creditor Andrew Martinez bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Kole Kottmeier bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Brian Graddon bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Ashton Rincon bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Damon Andersson bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Joseph Borremans bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Steven Lee bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Matthew Hoselton bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

District/off: 0312-3                           User: admin                              Page 3 of 8
Date Rcvd: Oct 03, 2023                        Form ID: pdf903                         Total Noticed: 1

Daniel E. Straffi
      on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor William Warburton bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Brendan Pena bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Alberto Olivo bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Bruce Gilling bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Wayne Akey bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Scott Aufenanger bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Ellison Bak bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Michiel Hemminga bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Clayton Bargsten bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi
      on behalf of Creditor Daniel Gusovsky bkclient@straffilaw.com
      g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

David E. Sklar
      on behalf of Creditor Zachary Lee Prince desklar@pbnlaw.com
      mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

David E. Sklar
      on behalf of Creditor Flori Marquez desklar@pbnlaw.com
      mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

David J. Adler
      on behalf of Creditor Committee McCarter & English  LLP DAdler@McCarter.com

David J. Adler
      on behalf of Attorney McCarter & English DAdler@McCarter.com

David J. Adler
      on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com

Deborah Kovsky Apap
      on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com

Donald W Clarke
      on behalf of Attorney Brown Rudnick LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
      on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com
      dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
      on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com
      dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
      on behalf of Other Prof. Elementus  Inc. dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
      on behalf of Other Prof. M3 Partners dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
      on behalf of Attorney Genova Burns LLC dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

District/off: 0312-3                                    User: admin                                    Page 4 of 8
Date Rcvd: Oct 03, 2023                                 Form ID: pdf903                                Total Noticed: 1

Donald W Clarke
on behalf of Plaintiff Official Committee Of Unsecured Creditors dclarke@genovaburns.com
dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Douglas J. McGill
on behalf of Creditor Ad Hoc Committee of Collaterized Loan Account Holders dmcgill@webbermcgill.com

Douglas J. McGill
on behalf of Creditor Gary Ford dmcgill@webbermcgill.com

Douglas T Tabachnik
on behalf of Defendant Primeblock Operations LLC dtabachnik@dttlaw.com  rdalba@dttlaw.com

Elisabeth Bruce
on behalf of Interested Party Internal Revenue Service elisabeth.m.bruce@usdoj.gov
ari.d.kunofsky@usdoj.gov;eastern.taxcivil@usdoj.gov

Felice R. Yudkin
on behalf of Debtor BlockFi Inc. fyudkin@coleschotz.com  fpisano@coleschotz.com

Frank F. Velocci
on behalf of Interested Party Bermuda Joint Provisional Liquidators of BlockFi International Ltd.
frank.velocci@faegredrinker.com  cathy.greer@faegredrinker.com

Gaston P. Loomis, II
on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com

Gregory S. Kinoian
on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

Gregory S. Kinoian
on behalf of Plaintiff Official Committee Of Unsecured Creditors gkinoian@genovaburns.com

Jack Shrum
on behalf of Creditor John M. Von Pischke jshrum@jshrumlaw.com

James L Bromley
on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jason D. Angelo
on behalf of Creditor Bryant F. Foulger JAngelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com

Jason M. Avellino
on behalf of Creditor Undisclosed Creditors javellino@gelaw.com
7661309420@filings.docketbird.com;gnovod@gelaw.com;cnevers@gelaw.com

Jeffrey Bernstein
on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder
on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jeffrey M. Traurig
on behalf of Examiner Elise S. Frejka jtraurig@trauriglaw.com

Jessica Cole
on behalf of Defendant United States of America jessica.cole@usdoj.gov

Jessica Cole
on behalf of Interested Party United States of America jessica.cole@usdoj.gov

Joao Ferreira Magalhaes
on behalf of Creditor John William Van Tubergen Jr. jmagalhaes@connellfoley.com

John Piskora
on behalf of Creditor Deferred 1031 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John Piskora
on behalf of Creditor Deferred 1031 Series 4 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John C. Goodchild
on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Goodchild
on behalf of Interested Party Emergent Fidelity Technologies Ltd john.goodchild@morganlewis.com

John C. Goodchild
on behalf of Creditor Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Kilgannon

|  |  |
|---|---|
|  | on behalf of Interested Party Towards Equilibrium  LLC john.kilgannon@stevenslee.com |
| John W. Weiss | |
|  | on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation) jweiss@pashmanstein.com |
| Joseph M. Shapiro | |
|  | on behalf of Creditor Wilson Cotrim jshapiro@middlebrooksshapiro.com |
| Joseph M. Shapiro | |
|  | on behalf of Creditor John A. Javes jshapiro@middlebrooksshapiro.com |
| Joshua S. Bauchner | |
|  | on behalf of Creditor Kyle Klaus jb@ansellgrimm.com  courtfilings@ansellgrimm.com;ajd@ansellgrimm.com |
| Kaitlin R. Walsh | |
|  | on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kaitlin R. Walsh | |
|  | on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com |
| Kaitlin R. Walsh | |
|  | on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com |
| Kenneth Aulet | |
|  | on behalf of Creditor Committee Official Committee of Unsecured Creditors kaulet@brownrudnick.com hcohen@brownrudnick.com |
| Kurt F. Gwynne | |
|  | on behalf of Interested Party Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kurt F. Gwynne | |
|  | on behalf of Creditor The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kurt F. Gwynne | |
|  | on behalf of Interested Party The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com |
| Kurt F. Gwynne | |
|  | on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com |
| Kyle McEvilly | |
|  | on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com |
| Lauren Bielskie | |
|  | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Michael Anthony Guerra | |
|  | on behalf of Interested Party Cipher Mining Technologies Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael Anthony Guerra | |
|  | on behalf of Interested Party Cipher Mining Inc. maguerra@venable.com  nylitigationdocketing@venable.com |
| Michael D. Sirota | |
|  | on behalf of Debtor BlockFi Inc. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Defendant BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Defendant BlockFi Lending II LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Defendant BlockFi Ventures LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |
|  | on behalf of Plaintiff BlockFi Trading  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |

District/off: 0312-3                    User: admin                    Page 6 of 8
Date Rcvd: Oct 03, 2023                 Form ID: pdf903                 Total Noticed: 1

Michael D. Sirota

on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Defendant BlockFi International Ltd. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Defendant BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Lending II LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Defendant BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz.com

Michael D. Sirota

on behalf of Defendant BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz;ddelehanty@coleschotz

.com

Michael D. Sirota

on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Trading LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael S. Etkin

on behalf of Interested Party Proposed Lead Plaintiff in Securities Class Action metkin@lowenstein.com

Nicole A. Leonard

on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Paul J. Winterhalter

on behalf of Creditor Moneeb Waseem pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Peter Y. Lee

on behalf of Creditor Renard Ihlenfeld peter.lee@leeadvocates.com

Richard Kanowitz

on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz

on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz

on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz

on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard G. Placey

on behalf of Stockholder Samuel L. Bankman-Fried rplacey@mmwr.com
plorenz@mmwr.com;pat-lorenz-montgomery-mccracken-walker-rhoads-llp-7123@ecf.pacerpro.com

Robert Malone

on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Robert M. Schechter

on behalf of Creditor Flori Marquez rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com

Robert M. Schechter

on behalf of Creditor Zachary Lee Prince rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;nvfuentes@pbnlaw.com;jmoconnor@pbnlaw.com

Sam Della Fera, Jr

on behalf of Defendant Vrai Nom Investment Limited sdellafera@csglaw.com

Sam Della Fera, Jr

on behalf of Creditor Vrai Nom Investment Limited sdellafera@csglaw.com

Scott Fleischer

on behalf of Creditor Rui Pedro Vaz dos Santos Teixeira sfleischer@barclaydamon.com

Sean James Mack

on behalf of Defendant Digistar Norway AS smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

Sean James Mack

on behalf of Defendant Nessim-Sariel Gaon smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

Sean James Mack

on behalf of Defendant Fiorenzo Manganiello smack@pashmanstein.com
smack@pashmanstein.com;Jpadilla@pashmanstein.com

Seth Brandon Shapiro

on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

Seth Brandon Shapiro

on behalf of Defendant United States of America seth.shapiro@usdoj.gov

Steven R. Wirth

on behalf of Creditor John Lymn steven.wirth@akerman.com  caren.collier@akerman.com;Jennifer.meehan@akerman.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea

on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com

Warren A. Usatine

on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

Warren J. Martin, Jr.

on behalf of Creditor Zachary Lee Prince wjmartin@pbnlaw.com
mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Warren J. Martin, Jr.

on behalf of Creditor Flori Marquez wjmartin@pbnlaw.com
mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Wendy M Simkulak

on behalf of Creditor Chubb Companies wmsimkulak@duanemorris.com


TOTAL: 150