**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Jordan E. Chavez (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
jordan.chavez@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al*., | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC. AND (II) GRANTING RELATED RELIEF

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (the "Motion"):

---

[1] The Debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

**Preliminary Statement**

1.      The Debtors file this Motion to memorialize and finalize a settlement between Deserve, Inc. ("Deserve") and BlockFi Inc. ("BlockFi Inc.," and together with Deserve, the "Parties") with respect to that certain Master Services Agreement and Statement of Work #1 (the "MSA") and Credit Enhancement Agreement ("CEA") between the Parties, including the Parties' mutual release of claims. The terms of such settlement are reflected in that certain Settlement Agreement and Release of Claims dated as of September 25, 2023, by and among BlockFi and Deserve (the "Deserve Settlement"), a copy of which is attached hereto as **Exhibit A**. The Debtors, in consultation with the Committee, believe that the Deserve Settlement represents the best possible resolution of the Parties' disputes regarding the MSA, CEA, and any claims related thereto. Accordingly, the Debtors respectfully submit that entry of an order approving the Deserve Settlement is in the best interests of the Debtors' estates and creditors.

**Requested Relief**

2.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), (a) approving BlockFi Inc.'s entry into the Deserve Settlement, and (b) granting related relief.

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the District of New Jersey (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 362(d) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(3), 6004, 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002, 9019-3, and rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

## I.      The Chapter 11 Cases

6.      On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the First Day Declaration [Docket No. 17] and incorporated by reference herein.

7.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 29, 2022, the Court entered an order [Docket No. 42] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 130].

8.      On May 12, 2023, BlockFi filed its *First Amended Joint Chapter 11 Plan* [Docket No. 875], (as most recently amended at Docket No. 1609 and as may be further amended from time to time, the "Plan") and the accompanying Disclosure Statement [Docket No. 874], as most recently amended at Docket No. 1310, the "Disclosure Statement"). On September 26, 2023, the Court confirmed the Plan and approved the Disclosure Statement [Docket No. 1660].

3

## II.    The Parties' Prepetition Relationship

9.    BlockFi and Deserve were parties to the MSA as part of a partnership to issue BlockFi branded credit cards (the "BlockFi Credit Card Program"). The Parties were both obligated to pay certain fees to one another under the terms of the MSA. Sections 1.41 and 1.42 of the MSA required BlockFi to (i) reimburse Deserve for certain underwriting and account setup fees (the "Program Operation Fees") and (ii) pay Deserve certain amounts for managing the BlockFi Credit Card Program (the "Monthly Program Management Fees"). Section 1.41 of the MSA also required Deserve to pay BlockFi 80% of the Interchange Fees[2] (together with the Program Operation Fees and Monthly Program Management Fees, the "Fees").

10.    The BlockFi Credit Card Program included certain clients that did not meet Deserve's credit policy (the "Collateralized Partner Card Accounts"). Pursuant to the CEA, BlockFi was required to, and did, establish a collateral account (the "Collateral Account") in the name of Deserve to provide (i) credit enhancement for the receivables generated by the Collateralized Partner Card Accounts; and (ii) indemnification for certain Losses as defined in Section 4(a) the CEA (the "Indemnification Losses") (collectively, the "Partner Obligations"). As of August 31, 2023, there is $4,507,462.68 in the Collateral Account.[3]

11.    Pursuant to Section 1(c)(v) of the CEA, Deserve was obligated to periodically review the Collateralized Partner Card Accounts to determine whether such cardholder(s) satisfied

---

[2] "Interchange Fees" are defined as: "the total amount of interchange received from the Issuing Network in connection with Partner's Card holder transactions. The interchange shall be, with respect to any calendar month of the Term, the Issuing Network published rate that is designated as interchange or the like and is applicable to the Cards, expressed in basis points." MSA (Statement of Work), Section 1.1.1.

[3] Deserve runs reports at month end. Because the amount in the Collateral Account has changed between the time of the Deserve Settlement was signed and the filing of this Motion, the updated amounts listed in the Proposed Order and any Order entered by the Court on the Motion shall also be treated by the Parties as a valid amendment to the Deserve Settlement, but only for the purpose of reflecting the accurate amount in the Collateral Account and correct dollar amounts throughout the body of the Deserve Settlement.

the terms of Deserve's Credit Policy and, if so, to remove such Collateralized Partner Card

Account(s) from the credit enhancement procedures contemplated by the CEA.

12.     Pursuant to Section 2 of the CEA, prior to the imposition of the automatic stay in

these Chapter 11 Cases, Deserve was permitted to withdraw funds from the Collateral Account for

receivables owing from the Collateralized Partner Card Accounts that were more than 30 days past

due (the "Delinquent Receivables") without prior notice to BlockFi.

### III.    The Parties' Dispute and the Key Terms of Settlement

13.     On November 10, 2022, all activities on the BlockFi platform were halted (the

"Platform Pause"), including the BlockFi Credit Card Program. On or about November 13, 2022,

Deserve terminated the MSA, and cardholders were no longer able to use their BlockFi credit

cards. As such, the BlockFi Credit Card Program ceased to exist.

14.     As of the Petition Date, Deserve owed BlockFi certain Interchange Fees that

exceeded the amount of Program Operation Fees and Monthly Program Management Fees owed

to Deserve. Additionally, Deserve maintains that as of September 30, 2023, there is $468,403.18

owed to Deserve as Delinquent Receivables. Deserve further maintains that as of September 30,

2023, there is an additional open balance of approximately $908,043.45 for the Collateralized

Partner Card Accounts for a total balance of $1,376,446.63 for the Collateralized Partner Card

Accounts (inclusive of the Delinquent Receivables).

15.     Before and after the Petition Date, the Parties engaged in various discussions and

negotiations surrounding the outstanding Interchange Fees, the Delinquent Receivables, and the

excess funds in the Collateral Account. The Parties disagree as to whether the funds in the

Collateral Account are property of the estate. The Parties also disagree as to the scope of the

indemnification obligations under Section 4(a) of the CEA but agree that as of the date of the

Deserve Agreement and this Motion, Deserve has not provided BlockFi with any Claim Notice(s) (as defined in the CEA).

16.    Since the Petition Date, the Parties have continued to engage in good-faith, arms'-length negotiations, which ultimately resulted in the Deserve Settlement. The Parties have agreed to set off their outstanding Fee obligations under the MSA, resulting in a balance owed by Deserve of $975,592.99. Deserve has agreed to pay this outstanding Fee balance to the estate in full satisfaction of all amounts due and owing by either Party with respect to Fees owed pursuant to the MSA. Additionally, the Parties have agreed that Deserve will turn over to the estate certain funds in the Collateral Account that exceed the current open balance for Collateralized Partner Card Accounts. The current open balance totals $1,376,446.63, leaving an excess amount in the Collateral Account of $3,131,757.00. As such, as of the date of this Motion, the Deserve Settlement results in an initial distribution to be remitted to the estate of $4,107,349.99.

17.    The Deserve Settlement also requires Deserve to provide BlockFi with a Monthly Accounting and authorizes Deserve to subsequently withdraw amounts owed to Deserve with respect to Delinquent Receivables. Deserve is further required to provide Quarterly Reports to BlockFi that include a report of any amounts Deserve recovers or otherwise receives with respect to the Delinquent Receivables (the "Recoveries") and pay such Recoveries to BlockFi as set forth in Section 5 of the Deserve Settlement. Deserve has the right to pursue the allowance of an Indemnifiable Claim before this Court within the confines of the terms outlined in the Deserve Settlement. Deserve's ability to assert and attempt to recover an Indemnifiable Claim shall terminate 160 days after the Effective Date of the Plan, and any outstanding balance in the Collateral Account over and above the then-outstanding balance for Collateralized Partner Card

Accounts shall be returned to the Debtors' estate under the terms set forth in Section 4(b)(x) of the

Deserve Settlement.

18.     The Deserve Settlement includes a comprehensive mutual release of liability in

accordance with the terms set forth therein. Through the Deserve Settlement, the Parties will

maximize value by settling all potential issues, claims, and causes of action against one another

arising out of the MSA and CEA.

## Basis for Relief

### I.     The Deserve Settlement Satisfies the Standards of Bankruptcy Rule 9019 and Should Be Approved.

19.     Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a
> hearing, the court may approve a compromise or settlement. Notice
> shall be given to creditors, the United States trustee . . . and indenture
> trustee as provided in Rule 2002 and to any other entity as the court
> may direct.

Bankruptcy Rule 9019(a).

Moreover, Section 105(a) of the Bankruptcy Code provides that that a bankruptcy court

may "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

20.     Settlements and compromises are "a normal part of the process of reorganization."

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414,

428 (1968) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)); *see also*

*Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (Settlements

are considered "a normal part of the process of reorganization" and a "desirable and wise method[]

of bringing to a close proceedings otherwise lengthy, complicated, and costly.") (citations omitted)

(decided under the Bankruptcy Act)). Furthermore, it is well established that "[t]o minimize

7

litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted) (citing 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that "[s]ettlements are favored [in bankruptcy]"); *In re Adelphia Commc'n Corp.*, 361 B.R. 337, 348 (Bankr. D. Del. 2007) (same). Accordingly, when required, "courts are able to craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, affect the result the [Bankruptcy] Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

21.     Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997) ("The decision whether to approve a compromise under Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate."); *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'") (citations omitted)); *In re Northwestern Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("[T]he bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate.") (citations omitted); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("[T]he bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). "Ultimately, the decision whether or not to approve a settlement agreement lies within the sound discretion of the Court." *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014).

22.    In *Martin*, the Third Circuit set forth a four-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors the Court must consider are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *see also In re Nutraquest*, 434 F.3d at 644–45 (applying *Martin's* four-factor test to affirm district court's order approving settlement); *Nebo Ventures, LLC v. Stanziale (In re Novapro Holdings, LLC)*, No. 18-766-RGA, 2019 U.S. Dist. LEXIS 49047 (D. Del., Mar. 5, 2019) (applying *Martin's* four-factor test to affirm bankruptcy court's order approving settlement); *Key3Media*, 336 B.R. at 93 (holding that, when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value of the estate of the acceptance of the compromise proposal").

23.    A settlement should be approved if it falls "within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008); s*ee also In re W.R. Grace & Co.*, 475 B.R. 34, 77–78 (Bankr. D. Del. 2012) ("In analyzing the compromise or settlement agreement under the *Martin* factors, courts should not have a 'mini-trial' on the merits, but rather should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."); *Nortel*, 522 B.R. at 510 (same).

24.    The Deserve Settlement is fair and reasonable and is clearly in the best interests of the Debtors' estates. It should therefore be approved pursuant to Bankruptcy Rule 9019. There is no reason to believe that litigating with Deserve would produce an outcome that is materially better for creditors. The Deserve Settlement represents a satisfactory outcome for the Debtors' estates, is

supported by the Committee, and easily rises above the lowest point in the range of reasonableness when analyzed under the *Martin* factors.

### A.      The Outcome of Potential Litigation is Uncertain

25.      The Debtors have evaluated the disputed issues with Deserve and concluded that the outcome of any litigation would be uncertain given the strengths and weaknesses of each Party's position. Moreover, the Parties' disagreement is not material enough to justify the attendant risks and costs of protracted litigation. Accordingly, the uncertainty of the results of potential litigation weighs in favor of this compromise. *See In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 518 (Bankr. D. Del. 2010) (finding uncertainty weighs in favor of settlement); *see also Moren v. Ray & Bergman, et al.*, 2007 WL 953115 (9th Cir. Jan. 29, 2007) ("Given the tremendous uncertainty of success at trial, this factor weighs heavily in favor of approval of the compromise"). The Deserve Settlement allows the Parties to reach a just, reasonable, and consensual outcome while avoiding the uncertainty of protracted and expensive litigation that would deplete estate resources. Accordingly, the first *Martin* factor weighs in favor of the Court approving the Deserve Settlement.

### B.      Litigating Would be Complex, Expensive, Inconvenient, and Would Delay or Inhibit the Debtors' Efforts to Maximize Value for Creditors of the Estates

26.      The Deserve Settlement is the product of good-faith, arms'-length negotiations between BlockFi and Deserve, each of which was represented by counsel who assisted in the determination that the Deserve Settlement is mutually beneficial to both Parties. While, as outlined above, the result of litigation may be uncertain, the Debtors *are* certain that litigation would be complex, expensive, inconvenient, and could result in less of a recovery to the estates than the Deserve Settlement provides. Taking all factors and costs into account, the Debtors submit that the

benefits of the Deserve Settlement exceed the costs of settlement and likely far exceed the costs of

litigation. Accordingly, the second and third *Martin* factors weigh in favor of settlement.

### C.   The Paramount Interests of Creditors Weigh in Favor of Approving the Deserve Settlement

27.     The Deserve Settlement inures to the benefit of, and is in the paramount interests

of, creditors of the BlockFi estates. Settlement supports the Debtors' efforts to maximize the value

of their estates and will result in greater cash on hand for (i) prosecuting and recovering on other

claims belonging to the Debtors, (ii) funding the remaining administration of these Chapter 11

Cases, and (iv) funding distributions to creditors. Accordingly, the Committee supports the

Deserve Settlement, and this Court's approval is in the paramount interests of the Debtors' estates,

creditors, and all parties in interest in these Chapter 11 Cases.

### II.   Consummating the Deserve Settlement is a Sound Exercise of the Debtors' Business Judgment Under Section 363(b)(1) of the Bankruptcy Code.

28.     Section 363(b)(1) of the Bankruptcy Code provides that "after notice and a hearing

[a debtor] may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in

possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler*

*Motors Corp.*, 186 F.3d 346, 350–51 (3d Cir. 1999) ("[t]he scope of [11 U.S.C. § 541] is broad. It

includes all kinds of property, including tangible or intangible property, causes of action . . . and

all other forms of property currently specified in section 70a of the Bankruptcy Act . . . ." (quoting

H.R. Rep. No. 95–595, at 367 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6323). If a settlement

is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy

court pursuant to Section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395

n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval;

Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").

29.      Courts in the Third Circuit have made clear that a debtor may use property of the estate outside of the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g.*, *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor in possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991); *In re Trans World Airlines, Inc.*, Case No. 01-00056 (PJW), 2001 WL 1820326, at *10 (Bankr. D. Del. Apr. 2, 2001).

30.      Generally, a debtor's decision to use property of the estate out of the ordinary course of business shields a debtor's decisions from judicial second-guessing and enjoys a strong presumption "that in making a business decision the directors . . . acted on an informed basis, in good faith and in an honest belief that the action taken was in the best interests of the company." *In re Integrated Res.*, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("If a valid business justification exists, then a strong presumption follows that the agreement at issue was negotiated in good faith and is in the best interests of the estate") (citations omitted)); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under [section 363(b)], courts require the debtor to show that a sound business purpose justifies such actions").

31.      Here, the Debtors' entry into the Deserve Settlement is a reasonable exercise of the Debtors' business judgement and should be approved. If the Court grants this Motion, the Debtors'

estate will receive (i) over $4 million in an initial distribution from Deserve, (ii) Monthly Accountings and Quarterly Reports from Deserve regarding the Collateralized Partner Card Accounts, along with payment for any future Recoveries and amounts exceeding any Allowed Indemnifiable Claims, and (iii) releases of claims and causes of action from Deserve. Accordingly, the Debtors submit that entry into the Deserve Settlement is a reasonable exercise of the Debtors' business judgment and should be approved.

## Conclusion

32.     For the reasons set forth herein, authorizing the Debtors to enter into the Deserve Settlement is in the best interest of the Debtors, their estates, creditors and all parties in interest in these Chapter 11 Cases. Accordingly, the Debtors request that the Court grant the Motion.

## Request of Waiver of Stay

33.     To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## Waiver of Memorandum of Law

34.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and in the attachments hereto, and the Motion does not raise any novel issues of law.

## No Prior Request

35.     No prior request for the relief sought in this Motion has been made.

13

**Notice**

36.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable: (a) the office of the U.S. Trustee for the District of New Jersey;

(b) the Committee; (c) the United States Attorney's Office for the District of New Jersey; (d) the

Internal Revenue Service; (e) the U.S. Securities and Exchange Commission; (f) the attorneys

general in the states where the Debtors conduct their business operations; (g) Deserve and its

counsel; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need

be given.

Dated: October 5, 2023

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Jordan E. Chavez (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
jordan.chavez@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

# EXHIBIT A

## DESERVE SETTLEMENT AGREEMENT

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

....................................................................x
                                                              :
In re:                                                        :         Chapter 11
                                                              :
BLOCKFI INC., *et al.*[1]                                     :         Case No. 22-19361 (MBK)
                                                              :
                              Debtors.                        :         (Jointly Administered)
                                                              :
....................................................................x

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Settlement Agreement") is entered into by and between the following parties (each a "Party," and collectively, the "Parties"): (a) BlockFi, Inc, in its capacity as a Chapter 11 debtor in the above-captioned bankruptcy case ("BlockFi") and (b) Deserve, Inc. ("Deserve").

## RECITALS

**WHEREAS**, on or about December 21, 2020, BlockFi and Deserve entered into that certain Master Services Agreement and Statement of Work #1 (together, the "MSA") as part of a partnership to issue BlockFi branded Visa credit cards (the "BlockFi Credit Card Program"); and

**WHEREAS**, pursuant to Sections 1.41 and 1.42 of the MSA (Statement of Work), BlockFi is obligated to (i) reimburse Deserve for certain underwriting and account setup fees (the "Program Operation Fees") and (ii) pay Deserve certain amounts for managing the BlockFi Credit Program (the "Monthly Program Management Fees"); and

**WHEREAS**, pursuant to Section 1.1.4 of the MSA (Statement of Work), Deserve is obligated to pay to BlockFi 80% of the Interchange Fees[2]; and

**WHEREAS**, on or about November 13, 2022, Deserve terminated the MSA; and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

[2] Interchange Fees are defined as: "the total amount of interchange received from the Issuing Network in connection with Partner's Card holder transactions. The interchange shall be, with respect to any calendar month of the Term, the Issuing Network published rate that is designated as interchange or the like and is applicable to the Cards, expressed in basis points." MSA (Statement of Work), Section 1.1.1.

1

**WHEREAS**, the BlockFi Credit Cards were issued to two groups of BlockFi clients: (i) those clients that met the issuing bank's credit policy (the "Non-Collateralized Partner Card Accounts"); and (ii) those clients that did not meet the credit policy (the "Collateralized Partner Card Accounts"); and

**WHEREAS**, on or about June 25, 2021, BlockFi and Deserve entered into that certain Credit Enhancement Agreement (the "CEA"); and

**WHEREAS**, pursuant to Section 1(a) of the CEA, BlockFi was to establish a collateral account (the "Collateral Account") in the name of Deserve to provide: (i) credit enhancement for the receivables generated by the Collateralized Partner Card Accounts; and (ii) indemnification for certain Losses as defined in Section 4 of the CEA (the "Indemnification Losses") (collectively, the "Partner Obligations"); and

**WHEREAS**, BlockFi deposited funds into the Collateral Account, which had a balance of $5,643,827.00 as of June 30, 2022; and

**WHEREAS**, pursuant to Section 1(a) of the CEA, Deserve was obligated to grant BlockFi read only online access to the Collateral Account; and

**WHEREAS**, pursuant to Section 1(c)(v) of the CEA, Deserve was obligated to periodically review the Collateralized Partner Card Accounts to determine whether such Cardholder(s) satisfied the terms of Deserve's Credit Policy and, if so, to remove such Collateralized Partner Card Account(s) from the credit enhancement procedures contemplated by the CEA; and

**WHEREAS**, pursuant to Section 2 of the CEA, prior to the imposition of the automatic stay that immediately took effect upon BlockFi's Chapter 11 filing on November 28, 2022 (the "Petition Date"), Deserve was permitted to withdraw funds from the Collateral Account for receivables owing from the Collateralized Partner Card Accounts that were more than 30 days past due (the "Delinquent Receivables") without prior notice to BlockFi; and

**WHEREAS**, as of August 31, 2023, there is $4,507,462.68 in the Collateral Account; and

**WHEREAS**, Deserve maintains that as of August 31 2023, there is $489,686.49 owed to Deserve as Delinquent Receivables net of any prior Recoveries (as the term is defined below); and

**WHEREAS**, Deserve maintains that as of August 31, 2023, there is an additional open balance of approximately $932,545.32 for the Collateralized Partner Card Accounts for a total balance of $1,422,231.81 for the Collateralized Partner Card Accounts (inclusive of the Delinquent Receivables); and

**WHEREAS**, the Parties disagree as to the scope of the indemnification obligations under Section 4(a) of the CEA, but agree that as of the date of this Agreement, Deserve has not provided BlockFi with any Claim Notice(s) (as defined in the CEA); and

**WHEREAS**, the Parties disagree as to whether the funds in the Collateral Account are property of the estate; and

2

**WHEREAS**, on the Petition Date, BlockFi and eight affiliated debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

**WHEREAS**, the Parties acknowledge that each Party owes the other certain fees that were incurred prior to the Petition Date; and

**WHEREAS**, on March 31, 2023, Deserve filed a proof of claim in the BlockFi Bankruptcy case (Claim No. 15216) (the "Deserve Claim"); and

**WHEREAS**, it is in the interest of the BlockFi bankruptcy estate to obtain the excess funds in the Collateral Account in a timely and orderly manner; and

**WHEREAS**, after an exchange of information and arm's-length negotiations among the Parties, the Parties have determined that it is in their respective best interests to avoid the cost, expense, and uncertainty of protracted litigation and have determined it to be in the Parties' best interest to resolve such disputes among them on the terms set forth herein.

**NOW THEREFORE**, the Parties, intending to be legally bound and for good and valuable consideration, the receipt of which is hereby acknowledged, agree as follows:

1. Recitals. The Recitals set forth above are incorporated herein by reference.

2. Effective Date. This Settlement Agreement shall become effective on the date (the "Effective Date") on which the Bankruptcy Court's order approving this Settlement Agreement becomes a final, non-appealable order.

3. Termination of MSA. As stated above, the MSA has been terminated. For the avoidance of doubt, cardholders may no longer incur any additional spend on their Collateralized and Non-Collateralized Partner Card Accounts.

4. Settlement Consideration. Within two (2) calendar days of the Effective Date, the Parties agree to consummate the following transactions (the "Settlement Transactions"):

   a. **MSA -** Deserve shall pay to BlockFi $975,592.99 in full satisfaction of all amounts due and owing from either Party to the other for Program Operation Fees, Monthly Program Management Fees and/or Interchange Fees under the MSA.

   b. **CEA**

      i. Deserve shall maintain an amount in the Collateral Account, equal to $1,422,231.81, which amount represents the current open balance for the Collateralized Partner Card Accounts, inclusive of current Delinquent Receivables.

      ii. Deserve shall release and remit to BlockFi all funds in the Collateral Account that exceed $1,422,231.81, which total $3,085,230.87.

iii.  Upon the Effective Date, the total initial distribution to be remitted to BlockFi in accordance with Sections 4(a) and 4(b)(ii) is $4,060,832.86.

iv.  After the Effective Date, within five (5) business days following the first day of every month, Deserve shall provide to BlockFi via electronic mail, in the form attached hereto as <u>Exhibit A</u>, which includes an accounting (the "<u>Monthly Accounting</u>") of the Delinquent Receivables that have become 30 days or more due since the last Monthly Accounting, as measured on the last day of that monthly reporting period;

v.  On a monthly basis, no sooner than three (3) business days after providing the Monthly Accounting to BlockFi, Deserve may withdraw the amounts with respect to any Delinquent Receivables from the Collateral Account owed as reflected on each Monthly Accounting, and if Deserve makes such a withdrawal, Deserve will provide immediate notice to BlockFi of such withdrawal;

vi.  To the extent Deserve recovers or otherwise receives any amounts with respect to any of the Delinquent Receivables after the funds for that customer are withdrawn from the Collateral Account pursuant to a Monthly Accounting (any such recovered amount, "<u>Recoveries</u>"), Deserve will pay such Recoveries directly to BlockFi in accordance with the terms of Section 5 below;

vii.  Deserve shall maintain the necessary funds in the Collateral Account until there is no longer an open balance for the Collateralized Partner Card Accounts;

viii.  Once there is no longer an open balance for the Collateralized Partner Card Accounts, Deserve shall immediate notify BlockFi in writing, and within two (2) business days of providing such written notice shall release and remit all remaining funds in the Collateral Account to BlockFi; and

ix.  Notwithstanding Subsections 4(b)(vii)–4(b)(viii) of this Settlement Agreement, if Deserve becomes aware that it possesses an Indemnifiable Claim (as defined in the CEA), Deserve will be permitted, in accordance with the terms of Section 4 of the CEA, to provide BlockFi (or any successor or representative party under any plan of reorganization or liquidation confirmed by the Bankruptcy Court, including but not limited to a wind down trustee) with a Claim Notice and seek indemnification for such Indemnifiable Claim in accordance with the terms of Section 4 of the CEA. Any Indemnifiable Claim shall be subject to approval by the Bankruptcy Court and shall only be paid to Deserve to the extent it is deemed an allowed claim by the Bankruptcy Court (an "<u>Allowed Indemnifiable Claim</u>"). Until such time as the Bankruptcy Court determines the allowance of an Indemnifiable Claim asserted by Deserve, Deserve is permitted to hold the amount of the Indemnifiable Claim in the Collateral Account. In the event

the Bankruptcy Court determines that the indemnity portion of the Deserve Claim is not an Allowed Indemnifiable Claim, Deserve shall, within two (2) business days of such Bankruptcy Court determination, remit the amount reserved for the Indemnifiable Claim back to BlockFi (or any successor or representative party under any plan of reorganization or liquidation confirmed by the Bankruptcy Court, including but not limited to a wind down trustee).

x.  With respect to any deficiency or balance of an Indemnifiable Claim over and above the remaining funds in the Collateral Account, Deserve reserves the right to pursue recovery of the Indemnifiable Claim as a general unsecured deficiency claim pursuant to the Deserve Claim filed in the Chapter 11 Cases. Recovery of any such deficiency is dependent upon Deserve's compliance with the terms and procedures set forth in Section 4 of the CEA, and such deficiency claim shall only be paid to the extent it is deemed an Allowed Indemnifiable Claim by the Bankruptcy Court. The Debtors and or any successor or representative party, including a wind down trustee, reserve the right to object to and contest the validity of any Indemnifiable Claim asserted by Deserve in the Chapter 11 Cases. Deserve's ability to assert and attempt to recover Indemnifiable Claims by following the procedures in Section 4 of the CEA and this Settlement Agreement shall terminate 160 days after the Effective Date of any plan confirmed by the Bankruptcy Court (the "Indemnity Termination Date"). Within five (5) business days of the Indemnity Termination Date and on a quarterly basis thereafter, Deserve shall return to BlockFi any remaining funds in the Collateral Account that exceed the then-outstanding balance for the Collateralized Partner Card Accounts, including but not limited to any amounts held as alleged security for the Indemnifiable Claims such as paid off principal on the Collateralized Partner Card Accounts.

xi.  Deserve shall provide BlockFi read only online access to the Collateral Account and continue providing such access until the remaining balance in the Collateral Account is released to BlockFi in accordance with Section 4(b)(viii)–(x) of this Agreement.

5.  <u>Recoveries.</u> Commencing on *three months from the Effective Date, rounded to the beginning of the following month* and every three (3) months thereafter, Deserve shall provide to BlockFi via electronic mail, in the form attached hereto as <u>Exhibit B</u>, a report (the "<u>Quarterly Report</u>") of all Recoveries and pay such Recoveries to BlockFi. The Quarterly Report shall be sent to BlockFi no later than ten (10) business days after quarter end, and applicable Recoveries shall be paid no later than fifteen (15) business days after quarter end.

6.  <u>Release.</u> Following the Effective Date, the Parties, and their affiliated companies, and in the case of all such entities, their current and former insurers, reinsurers, trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners,

5

partnerships, joint ventures, companies, members, attorneys, representatives, and related entities are immediately deemed to have irrevocably and unconditionally released and forever discharged each other from any and all past or present claims or causes of action (including any causes of action, suits, petitions, demands, complaints, proceedings, or other claim in law, equity, or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, dues, liens, fees, expenses, rights of and to indemnification, rights of and to contribution, rights of and to restitution, reckonings, controversies, promises, obligations, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct, indirect or derivative, in law, equity, or arbitration, absolute or contingent, accrued or unaccrued, whether based in tort, contract, statute, common law, or otherwise, whether based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, interest, costs, or disbursements), known or unknown, that are, have been, could have been or might in the future be asserted by, on behalf of, or through the Parties, based on or arising out of any matter, cause, or thing whatsoever, including, with the exception of a deficiency for an Allowed Indemnifiable Claim as set forth in Subsection 4.b.(ix) of this Settlement Agreement, the Deserve Proof of Claim filed in BlockFi's Chapter 11 Case and any and all claims asserted and those claims that could be asserted in any bankruptcy action, including any and all claims arising out of or related to the (i) the Program Operation Fees, Monthly Program Management Fees and Interchange Fees under the MSA; or (ii) the Collateralized Partner Card Accounts; provided, however, that nothing contained in this Release constitutes, or is deemed to constitute, a release, discharge, or impairment of the Parties' right to enforce this Settlement Agreement, all of which are expressly reserved.

7. <u>Court Approval Required.</u> This Settlement Agreement is subject to approval of the Bankruptcy Court. Within three (3) business days after mutual execution of this Settlement Agreement, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to FED. R. BANKR. P. 9019. This Settlement Agreement shall be of no force or effect until it is approved by the Bankruptcy Court through the entry of an order approving this Settlement Agreement. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, affiliates, and assigns, including any party to which Deserve assigns its Collateralized Partner Card Account rights. In the event this Settlement Agreement is not approved, each of the Parties shall be returned to their position *status quo ante*.

8. <u>Confidentiality</u>. Each of the Parties shall hold, and shall cause each of their respective affiliates, directors, officers, partners, members, managers, trustees, employees, agents and advisers to hold, in confidence all documents and information exchanged as confidential settlement communications in connection with the covenants contemplated by this Settlement Agreement and any of the provisions of this Settlement Agreement. The obligation that such information and documents remain in confidence shall continue in full force and effect until the Effective Date. For the avoidance of doubt, this provision applies only to the underlying business records exchanged during settlement discussions, and not to the Rule 9019 Motion or this Agreement itself.

**9.** <u>Miscellaneous</u>.

    a.  <u>Entire Agreement</u>. No promise, inducement, commitment, or other agreement not expressly set forth herein has been made with respect to this Settlement Agreement or the subject matter hereof. This Settlement Agreement contains the entire agreement by and among the Parties with respect to all matters related hereto. All prior agreements and understandings, oral agreements, and writings regarding the matters set forth herein (if any) are expressly superseded hereby and are of no further force or effect.

    b.  <u>Amendments</u>. This Settlement Agreement may not be altered, amended, or modified in any respect except by a writing duly executed by all of the Parties. For the avoidance of doubt, email signatures shall not constitute a signed writing. Any material alterations, amendments, or modifications entered after Bankruptcy Court approval must be approved by the Bankruptcy Court before going into effect.

    c.  <u>Binding Effect; Third Parties</u>. This Settlement Agreement shall be binding on and inure to the benefit of each Party and its successors and assigns. There is no third-party beneficiary of this Settlement Agreement.

    d.  <u>No Admission of Wrongdoing</u>. In entering into this Settlement Agreement, no Party is admitting any fault or liability of any kind whatsoever to each other or to any third party, all of which are expressly denied. Nothing in this Settlement Agreement is or shall be construed to be an admission of liability or wrongdoing by any Party.

    e.  <u>Defense.</u> This Settlement Agreement may be pleaded as a full and complete defense in any subsequent action or other proceeding concerning any and all of the claims, counterclaims, causes of action, assertions, issues, defenses, or other matters released and discharged by this Settlement Agreement, except for claims arising directly from this Settlement Agreement.

    f.  <u>Venue and Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction and venue over the subject matter of this Settlement Agreement and the Parties for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Parties to apply to the Bankruptcy Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

    g.  <u>Applicable Law</u>. This Settlement Agreement shall be governed, interpreted, construed, and enforced in accordance with the laws of the state of New Jersey.

    h.  <u>Assignability</u>. Neither Party may assign this Settlement Agreement without the prior written consent of each Party, except that BlockFi may assign, without Deserve's consent, this Settlement Agreement to any successor or representative party under any plan of reorganization or liquidation confirmed by the Bankruptcy Court, including but not limited to a wind down trustee.

i.   <u>Authority</u>. Each Party represents and warrants that the signatory to this Settlement Agreement on behalf of such Party has the full power and authority to enter into this Settlement Agreement on behalf of such Party and to bind such Party to the terms of this Settlement Agreement.

j.   <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Signature pages emailed in a portable document format (.PDF) shall be acceptable and deemed binding on all Parties hereto as if they were originals.

[*signature page follows*]

DocuSign Envelope ID: 3688F901-784B-4SB8-B00C-13C7B2A24A0F

**IN WITNESS HEREOF**, the Parties have each approved and executed this Settlement Agreement.

Dated: September 25, 2023

**DESERVE, INC.**

By: _Kalpesh Kapadia_____
Name: Kalpesh Kapadia
Title: Chief Executive Officer

**BLOCKFI, INC.**

By: _____
Name: Zac Prince
Title: Chief Executive Officer

**IN WITNESS HEREOF**, the Parties have each approved and executed this Settlement Agreement.

Dated: September 25, 2023

**DESERVE, INC.**

By: _____
Name: Kalpesh Kapadia
Title: Chief Executive Officer

**BLOCKFI, INC.**

By: _____
Name: Zac Prince
Title: Chief Executive Officer

| | Exhibit A - Monthly Accounting | | | |
|---|---|---|---|---|
| | | | | |
| | | Receivables Balance, prior month-end | Receivables Balance, current month-end | Status: Current / | Lifetime Gross Charged Off Receivables Balance |
| | guid (all acounts since inception) | $ | $ | 30+ / Charged Off | $ |
| | | | | | |
| | | | | | |
| | | | | | |
| | Total Receivables Balance | $ | $ | | $ |
| | Subtotal 1: performing | | | $ | |
| | Subtotal 2: 30+ day delinquent (not written off) | | | $ | |
| | Subtotal 3: written-off | | | $ | |
| | | | | | |
| | Lifetime Gross Charged Off Receivables Balance | $ | | | |

| | **Exhibit B - Quarterly Report** | | | | |
|---|---|---|---|---|---|
| | | Receivables Balance, prior quarter-end * | Receivables Balance, current quarter-end | Status: Current / 30+ / Charged Off | Lifetime Gross Charged Off Receivables Balance | Current Quarter Recoveries |
| **guid (all acounts since inception)** | | $ | $ | | $ | $ |
| | | | | | | |
| | | | | | | |
| Total Receivables Balance | | $ | $ | | $ | $ |
| Subtotal 1: performing | | | | $ | | |
| Subtotal 2: 30+ day delinquent (not written off) | | | | $ | | |
| Subtotal 3: written-off | | | | $ | | |
| | | | | | | |
| | | | | | | |
| **CEA funds** | | | | | | |
| 1) CEA Balances as of prior quarter end* | | | | | | |
| 1a) Interest Earned | | | | | | |
| 1b) Released to Deserve (30+ and Charge Offs) | | | | | | |
| 1c) CEA Balances, current quarter end | | | | | | = 1) + 1a) - 1b) |
| | | | | | | |
| 2) Not available to BlockFi | | | | | | |
| 2a) Current Balance, current quarter-end | | | | | | |
| 2b) Indemnifiable Claims, prior to 160 days after Settlement Agreement Effective Date | | | | | | |
| 2c) Paid off balances, prior to 160 days after Settlement Agreement Effective Date | | | | | | |
| 2d) Subtotal: not avaiable to BlockFi | | | | | | |
| | | | | | | |
| 3) Current Quarter Recoveries | | | | | | |
| | | | | | | |
| 4) Release to BlockFi | | | | | | 1c) - 2d) + 3) |
| | | | | | | |
| | | | | | | |
| * Aug 31, 2023, instead of prior quarter-end, for the first Quarterly report on Dec 31, 2023 | | | | | | |

# **EXHIBIT B**

## **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Jordan E. Chavez (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
jordan.chavez@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

| In re: | Chapter 11 |
|---|---|
| | Case No. 22-19361 (MBK) |
| BLOCKFI INC., *et al*., | (Jointly Administered) |
| | **Hearing Date and Time:** |
| Debtors.[1] | **October 10, 2023, at 11:00 a.m. (ET)** |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE**
**OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC.**
**AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC. AND (II) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered three (3) through five (5) is

**ORDERED**.

2

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC. AND (II) GRANTING RELATED RELIEF |

The Debtors filed their *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement and Release of Claims By and Among BlockFi Inc. and Deserve, Inc. and (II) Granting Related Relief* (the "Motion")[2] seeking an order of this Court (i) authorizing the Debtors' entry into and approving the Deserve Settlement and (ii) granting related relief; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due notice hereof having been given; a hearing thereon having been held; the Court having considered the Debtors' request for relief, and opposition thereto, if any; and the Court finding good and sufficient cause for ordering the relief requested in the Motion; it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    The terms of and transactions contemplated in the Deserve Settlement are hereby approved.

3.    The Debtors are authorized and directed to (a) enter into, execute, deliver and perform under the Deserve Settlement and any other documents and instruments in connection

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC. AND (II) GRANTING RELATED RELIEF |

therewith, and the transactions contemplated therein; (b) take all actions necessary or appropriate in connection with the Deserve Settlement, including to immediately continue and fully implement the Deserve Settlement and the settlements and transactions embodied therein; (c) take all such other actions, provide all such further assurances, and execute, acknowledge, deliver and perform under, all such other documents and instruments as shall be necessary, appropriate or desirable to fully implement the Deserve Settlement and the settlements and transactions embodied therein; and (d) fully consummate and effect the transactions provided for, and carry out the relief granted, in this Order in accordance with the terms of the Deserve Settlement.

4.      The Deserve Settlement is the product of extensive, good faith, arms-length negotiations between Deserve and the Debtors and their respective representatives.

5.      Effective upon the Effective Date of Deserve Settlement (as defined therein), to the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Deserve Settlement and the settlements and transactions contemplated therein, and/or to permit Deserve to enforce the terms of the Deserve Settlement and exercise its rights and remedies thereunder, subject to the terms of the Deserve Settlement and this Order.

6.      Pursuant to Section 4 of the Deserve Settlement (as amended in this Order to provide for accounting updates), within two (2) calendar days of the Effective Date, the Parties agree to consummate the following transactions:

    a.   Deserve shall pay to BlockFi $975,592.99 in full satisfaction of all amounts due and owing from either Party to the other for Program Operation Fees, Monthly Program Management Fees and/or Interchange Fees under the MSA.

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS BY AND AMONG BLOCKFI INC. AND DESERVE, INC. AND (II) GRANTING RELATED RELIEF |

    b.   Deserve shall maintain an amount in the Collateral Account, equal to $1,376,446.63, which amount represents the current open balance for the Collateralized Partner Card Accounts, inclusive of current Delinquent Receivables.

    c.   Deserve shall release and remit to BlockFi all funds in the Collateral Account that exceed $1,376,446.63, which total $3,131,757.00.

    d.   Upon the Effective Date, the total initial distribution to be remitted to BlockFi in accordance with Sections 4(a) and 4(b)(ii) of the Deserve Settlment is $4,107,349.99.

7.      To the extent that there is any inconsistency between the Motion and this Order, the provisions of this Order shall govern.

8.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.