John W. Weiss
Joseph C. Barsalona II
**PASHMAN STEIN WALDER HAYDEN, P.C.**
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
Telephone: (732) 852-2481
Facsimile: (732) 852-2482
Email:   jweiss@pashmanstein.com
            jbarsalona@pashmanstein.com

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice* )
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
           tiffany.ikeda@lw.com

Adam J. Goldberg (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
Marissa Alter-Nelson (*pro hac vice* pending)
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
           christopher.harris@lw.com
           marrisa.alter-nelson@lw.com
           brett.neve@lw.com
           nacif.taousse@lw.com

*Counsel to the Joint Liquidators of Three Arrows Capital, Ltd.*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLOCKFI INC., *et al.*, | : | Case No. 22-19361 (MBK) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**OBJECTION TO THE BLOCKFI DEBTORS' PROPOSED SCHEDULING ORDER
ON 3AC MATTERS AND NOTICE OF ALTERNATIVE SCHEDULING
ORDER PROPOSED BY THE JOINT LIQUIDATORS OF
THREE ARROWS CAPITAL, LTD.**

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

1

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

Russell Crumpler and Christopher Farmer, in their capacities as joint liquidators appointed by the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**") in the liquidation proceeding of Three Arrows Capital, Ltd. ("**3AC**" or the "**3AC Debtor**") in the British Virgin Islands (the "**BVI Proceeding**") and duly authorized foreign representatives (the "**Joint Liquidators**"), by and through the undersigned counsel, hereby file this *Objection to the BlockFi Debtors' Proposed Scheduling Order and Notice of Alternative Scheduling Order Proposed by the Joint Liquidators of Three Arrows Capital, Ltd.*

**WHEREAS**, on August 11, 2023, BlockFi Inc. and its debtor affiliates (collectively, the "**BlockFi Debtors**"), filed their *Motion to Estimate the Amount of the 3AC Claims against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code* (the "**Estimation Motion**") [Doc. No. 1346];

**WHEREAS**, on August 17, 2023, the Official Committee of Unsecured Creditors (the "**Official Committee**") filed its *Joinder of the Official Committee of Unsecured Creditors to Debtors' Motion to Estimate the Amount of the 3AC Claims Against the Debtors pursuant to Sections 105(A) and 502(C) of the Bankruptcy Code* (the "**Committee Joinder**") [Doc. No. 1363].

**WHEREAS**, on August 21, 2023, the Debtors' filed their *Eighth Omnibus Objection to Claims of Three Arrows Capital, Ltd.* (the "**Claim Objection**") [Doc. No. 1375];

**WHEREAS**, on September 13, 2023, the Joint Liquidators filed *The Joint Liquidators of Three Arrows Capital, Ltd. (in Liquidation)'s (A) Objection to Debtors' Motion to Estimate the Amount of the 3AC Claims Against the Debtors Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code (ECF No. 1346), and (B) Opposition to Debtors' Eighth Omnibus Objection to Claims of Three Arrows Capital, Ltd. (ECF No. 1375)* [Doc. No. 1484];

2

**WHEREAS**, on September 27, 2023, the Debtors filed their *Debtors' Notice of Proposed Scheduling Order on 3AC Matters* (the "**BlockFi Proposal**") [Doc. No. 1614];

**WHEREAS**, counsel to the 3AC Debtor has met and conferred with counsel to the BlockFi Debtors regarding a potential litigation schedule but the parties have not been able to reach consensus;

**WHEREAS**, the 3AC Debtor hereby objects to the BlockFi Proposal and submits the alternative proposed scheduling orders attached hereto as **Exhibits A-C** (the "**3AC Proposal**") for this Court's consideration during the hearing scheduled on October 10, 2023 and request entry of one of the 3AC Debtor's proposed scheduling orders rather than a scheduling order reflecting the BlockFi Proposal, and state as follows in support thereof:

1.  As discussed in the 3AC Debtor's objection to the Estimation Motion [Doc. No. 1484], the BlockFi Debtors have failed to carry their burden under section 502(c) of the Bankruptcy Code to show that estimation is necessary to avoid undue delay in the administration of these Chapter 11 Cases. The BlockFi Proposal itself supports the fact that there is no undue delay here. Indeed, the BlockFi Debtors have proposed a hearing on the merits of the Claim Objection the week of February 5, 2024, and yet, contend that an estimation hearing (starting December 18, 2023) is necessary to avoid undue delay in making distributions to creditors. That is absurd. There would be only a seven week difference between the start of an estimation hearing and the start of a hearing on liquidation of the claims—two weeks of which will fall over the holiday season in late-December. A seven week (at most)[2] delay is plainly insufficient to demonstrate "undue delay" under section 502(c) of the Bankruptcy Code. *In re Dow Corning*

---

[2] Assuming the Court rules on estimation immediately after the proposed estimation hearing, there is only six weeks between an estimation ruling and the beginning of any hearing on liquidation of the claims. And it will be even less if the Court takes time to review the evidence before issuing such an order.

*Corp.*, 211 B.R. 545, 563 (Bankr. E.D. Mich. 1997) (stating that undue delay requires an "unjustifiable" delay in administration of the estate); *In re Teigen*, 228 B.R. 720, 722 (Bankr. D.S.D. 1998) ("Although liquidation of a claim may take longer, the delay is only undue if it is unjustifiable."); *In re Apex Oil Co.*, 107 B.R. 189, 193 (Bankr. E.D. Mo. 1989) (finding that liquidation would not unduly delay administration of cases where trial in the District Court could commence within 70 days); *In re Bison Res., Inc.*, 230 B.R. 611, 619 (Bankr. N.D. Okla. 1999) (finding that there was no undue delay where the state court action was scheduled for trial in two months). The BlockFi Debtors have not cited any case where a court has found that a seven-week (or less), post-confirmation delay is grounds for estimation—and the 3AC Debtor has not identified any such case.[3] Considering the BlockFi Debtors' own proposal, there is simply no justification for engaging in a "second-best method" of litigating the merits of the 3AC Claims that would be duplicated by litigation on the Claim Objection a mere seven or less weeks later. *In re N. Am. Health Care, Inc.*, 544 B.R. 684, 689 (Bankr. C.D. Cal. 2016); *see Dow Corning*, 211 B.R. at 560-61 (stating that the Bankruptcy Code's "general rule is to liquidate, not estimate").

2. Moreover, the BlockFi Proposal contemplates that the parties engage in two separate discovery processes for two evidentiary hearings—estimation and claims objection—on identical issues within the span of seven weeks between December 18, 2023 and February 5, 2024. Because the issues in dispute at both hearings would be identical, the 3AC Debtor will be required to present the same or substantially the same evidence at both hearings. *See, e.g., In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) ("We cannot imagine any reason for allocating the

---

[3] *See, e.g., In re G-I Holdings, Inc.*, 323 B.R. 583, 598 (Bankr. D.N.J. 2005) (finding that delay of "years" to liquidate personal injury claims was undue); *In re N. Am. Health Care, Inc.*, 544 B.R. 684, 686 (Bankr. C.D. Cal. 2016) (same); *In re Lionel L.L.C.*, No. 04-17324, 2007 WL 2261539 (Bankr. S.D.N.Y. Aug. 3, 2007) (finding undue delay because "the final outcome" of liquidation of a claim scheduled to be re-tried in a non-bankruptcy court was "not forthcoming" and noting that a judgment in the original trial was not issued until seven months after the original trial date).

4

burdens of proof differently in a proceeding to estimate claims than in a proceeding to finally determine the merits of a proof of claim."); *In re Frascella Enter. Inc.*, 360 B.R. 435, 458 (Bankr. E.D. Pa. 2007) ("The applicable burdens of proof [for estimation] are also not defined in the Bankruptcy Code or Rules, and while they have been placed on the claimant by some courts and the objector by others, the better view is they should be consistent with the burdens of proof of in claim litigation."). Accordingly, nearly all, if not all, discovery will need to occur prior to any estimation hearing regardless. Likewise, the BlockFi Proposal contemplates legal briefing in connection with both the estimation hearing and the claim objection hearing, much of which will overlap. The BlockFi Proposal would unduly burden the parties, their respective estates, and this Court with duplicative discovery, briefing, and evidence when a hearing on liquidation of the claims can begin in lieu of estimation on or before February 5, 2024.

3. To avoid the unnecessary and wasteful duplication of efforts, the 3AC Debtor proposes to dispense with the estimation process and instead will request a consolidated merits hearing the week of December 18, 2023—the same week the BlockFi Debtors propose for a hearing on estimation—subject to the availability of the BVI Court or the Chapter 15 Court, as applicable. As this Court is aware, the 3AC Debtor has filed a motion requesting consultation among and between this Court and the other courts where the 3AC Debtor is pursuing claims involving common issues of fact and law regarding the procedures to adjudicate such issues. [Doc. No. 1623] (the "**Coordination Motion**") The 3AC Debtor proposes that the consolidated hearing the week of December 18 would address the merits of the BVI preference claims against the BlockFi Debtors as well as the merits of the similar claims the 3AC Debtor is pursuing against potential debtor-defendants in separate chapter 11 cases. The 3AC Debtor requests that this Court enter an order establishing a discovery schedule now in the form attached hereto as **Exhibit A** so

5

that the parties can advance the issues expeditiously towards a merits hearing the week of December 18, but forego scheduling a hearing on the merits while issues regarding coordination are addressed in the other courts where the claims presenting common issues are pending.

4. By focusing immediately and exclusively on the merits of the 3AC Debtor's claims through a claims objection hearing, the 3AC Proposal would streamline the process, resulting in considerable cost savings to both estates and a significant reduction in the demands on this Court's time. The 3AC Proposal also addresses the BlockFi Debtors' stated interest in adjudicating the 3AC claims on an expeditious timeline to facilitate distributions to creditors. To the extent this Court determines that consolidation is warranted and the parties are able to secure a merits hearing the week of December 18 consistent with what is contemplated in the 3AC Proposal, there would be no undue delay in the administration of these Chapter 11 Cases.

5. Nonetheless, to the extent the Court determines that consolidation is not warranted, the 3AC Debtor proposes an alternative proposal attached hereto as **Exhibit B** that contemplates a hearing on the Claim Objection the week of February 5, 2024 and would dispense with the need to hold a merits hearing on the Estimation Motion seven weeks earlier and duplicative discovery and briefing in connection with that hearing. Like with the proposal set forth for a consolidation scenario, this proposal will likewise reach a timely adjudication of the 3AC claims and there would be no undue delay in the administration of these Chapter 11 Cases.

6. Finally, to the extent the Court determines that the schedule should include a hearing on whether estimation is appropriate here, notwithstanding that the BlockFi Proposal demonstrates otherwise, the 3AC Debtor proposes a further alternative proposal attached hereto as **Exhibit C**, which would set a hearing on the question of whether estimation is appropriate for the week of November 20, 2023 with the process and schedule for litigation on the merits to be

determined based on the outcome of that hearing. This schedule is nearly identical to the schedule proposed by the BlockFi Debtors in "Part 1" of the BlockFi Proposal, however, builds in time for discovery and simultaneous briefing on the merits which the BlockFi Proposal does not include. To the extent the Court determines estimation is appropriate after that hearing, the parties can propose a schedule for any hearing at that time depending on whether or not the various matters are consolidated consistent with the Coordination Motion.

7. Additionally, each of the proposals submitted by the 3AC Debtor also proposes minor modifications to the BlockFi Proposal to address the following issues, among others:

   a. The BlockFi Proposal deprives the 3AC Debtor of a fair opportunity to brief the issues. Specifically, the BlockFi Proposal contemplates that (i) the BlockFi Debtors will submit a reply brief in support of their arguments on the basis for estimation and (ii) a reply brief on the merits in advance of the estimation hearing. The BlockFi Debtors' proposal would unfairly deprive the 3AC Debtor of the opportunity to brief issues relating to the basis for estimation with the benefit of discovery and any opportunity to brief the merits of their claims in advance of the estimation hearing.

   b. Regardless of whether a multi-stage or streamlined schedule is ultimately adopted, the BlockFi Debtors should be required to file a renewed claims objection at the outset of the process, rather than waiting until December 15, 2023. It is impossible to engage in targeted, efficient discovery until the BlockFi Debtors set forth with particularity the defenses they intend to assert.

   c. Likewise, the 3AC Debtor proposes that the parties agree to discuss appropriate limitations on document requests, interrogatories, and requests for admission after the BlockFi Debtors file a renewed claims objection. Until the BlockFi Debtors set forth their defenses, the 3AC Debtor cannot make an informed assessment of what discovery will be needed.

   d. The 3AC Debtor proposes that the parties will have the option of submitting witnesses' direct testimony by declaration—as opposed to the BlockFi Debtors' proposal that all direct testimony will be by declaration. At this juncture, without the benefit of witness lists, it is premature to determine that live direct testimony will be unnecessary.

   e. The 3AC Debtor proposes that any contemplated demonstratives will be exchanged no later than 24 hours prior to the day they will be used at the

hearing—as opposed to the BlockFi Debtors' proposal that demonstratives be shared "48 hours prior to the start of the respective hearing."

8. The 3AC Debtor will continue to engage with the BlockFi Debtors in an effort to reach agreement on a scheduling order. Absent such agreement, the 3AC Debtor respectfully requests that the Court enter a scheduling order substantially in the form attached hereto as **Exhibit A or B**.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 6, 2023
      Holmdel, New Jersey

Respectfully submitted,

/s/ **John W. Weiss**
John W. Weiss
Joseph C. Barsalona II
**PASHMAN STEIN WALDER HAYDEN, P.C.**
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
Telephone: (732) 852-2481
Facsimile: (732) 852-2482
Email:   jweiss@pashmanstein.com
           jbarsalona@pashmanstein.com

Adam J. Goldberg (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
Marissa Alter-Nelson (*pro hac vice* pending)
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:   adam.goldberg@lw.com
           chris.harris@lw.com
           marissa.alter-nelson@lw.com
           brett.neve@lw.com
           nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   nima.mohebbi@lw.com
           tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators of
Three Arrows Capital, Ltd.*