| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Aimee M. Furness (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>aimee.furness@haynesboone.com |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com | *Attorneys for Debtors and Debtors in Possession* |

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered) |

### REPLY TO 3AC's OBJECTION TO THE BLOCKFI DEBTORS' PROPOSED SCHEDULING ORDER ON 3AC MATTERS AND NOTICE OF ALTERNATIVE SCHEDULING ORDER PROPOSED BY THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED
STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Debtors"), as debtors

and debtors-in-possession in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"),

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

hereby file this *Reply to 3AC's Objection to the Blockfi Debtors' Proposed Scheduling Order on 3AC Matters and Notice of Alternative Scheduling Order Proposed by The Joint Liquidators of Three Arrows Capital, Ltd.* (the "Reply"). In support of the Reply, the Debtors respectfully represent as follows:

### Reply[2]

1. The JLs filed their *Objection to the Blockfi Debtors' Proposed Scheduling Order on 3AC Matters and Notice of Alternative Scheduling Order Proposed by The Joint Liquidators of Three Arrows Capital, Ltd.* (the "Objection to Proposed Scheduling Order") containing several proposed schedules, each of which conflicts with the arguments advanced and relief requested in the JLs' Lift Stay Motion and Consolidation Motion.

2. To be clear, the JLs have requested:

   - that this Court lift the stay to allow the JLs' claim to be litigated in the Chapter 15 or BVI;
   - that this Court order the Genesis Court, the FTX Court, the Chapter 15 Court, and a foreign court in the British Virgin Islands to "coordinate in order to establish procedures to adjudicate the common issues of fact and law raised by the 3AC Claims in a centralized forum"; and
   - that this Court then enter a scheduling order requiring the BlockFi Debtors, the FTX Debtors and the Genesis Debtors to try their entire objections to claims in an undetermined court by December 18, 2023.

Three Arrows' requests are contradictory and impossible to fulfill.

**A. Estimation is Necessary**

3. The JLs propose that this Court lift the stay and that the objections to 3AC's claims by the Debtors, the Genesis Debtors, and the FTX Debtors[3] (the "Preference Defendants") be tried

---

[2] Capitalized terms used but not otherwise defined in the Reply shall have the meaning ascribed to such terms in the Debtors' Objections to 3AC's Lift Stay Motion and Consolidation Motion [Docket Nos. 1654, __ (to be filed 10/9)].

[3] In a footnote to its Reply in Support of the Lift Stay Motion, the JLs dismiss their request to include the Celsius debtors and the Celsius Court in this quagmire.

elsewhere. Coordination of this number of Chapter 11 debtors with pending complex cases in multiple different courts would necessarily take much longer than asserted by the JLs, who propose that this Court order all parties into a discovery and trial schedule. The hearings on consolidation are not even scheduled until October 19, 2023, for the FTX Debtors and October 24, 2023, for the Genesis Debtors. As more fully outlined in the *Debtors' Objection to Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (the "Consolidation Objection") (filed contemporaneously herewith), this Court does not have jurisdiction to order each of these other courts, one of which is in a foreign country, to consolidate these matters. Standing alone, this fact demonstrates that estimation is necessary.

4. BlockFi's original schedule depends on a summary procedure for Estimation. BlockFi hereby submits its proposed procedures for claim estimation here as Exhibit A. The JLs, however, seek a full trial at the estimation stage. That is not required. The JLs' cited cases deal with Rule 3018 estimation (voting), not estimation under Section 502(c) (allowance). Further, the JLs address where the burden lies—with the debtor or with the claimant—not the quantum of evidence required. BlockFi's proposed procedure would allow this Court to estimate the 3AC Claims quickly and cost efficiently.

**B. The JLs' Schedule is Not Feasible**

5. The JLs propose a full hearing on all the claim objections by the BlockFi Debtors, the Genesis debtors, and the FTX debtors: "the 3AC Debtor proposes that the consolidated hearing the week of December 18 would address ***the merits of the BVI preference claims against the BlockFi Debtors as well as the merits of the similar claims the 3AC Debtor is pursuing against the debtor-defendants*** in separate chapter 11 cases." Objection to Proposed Scheduling Order ¶ 3. As outlined in the Consolidation Objection, this Court has no jurisdiction to order the BVI Court

to do anything. The JLs now seek this relief before this Court with **no notice** to the remaining Preference Defendants.

6. Even if this Court had jurisdiction and could order such a scheduling proposal, it is not feasible as it would combine different claims of disparate debtors in a court unfamiliar with any facts related to the claims. The JLs couch the schedule as "subject to availability of the Chapter 15 or BVI Court" but ignore the other parties entirely. Objection to Proposed Scheduling Order ¶ 3.

C. **Specific Objections to the JLs' Proposed Dates**

7. The JLs propose that this Court order the Preference Defendants to file objections to the JLs' claims by October 13, 2023. The Genesis debtors have filed extensive objections to the JLs' claims (comprising 863 pages). Genesis Cases [Docket No. 673, ¶1]. The Debtors filed their original objection to the first claims filed by the JLs – but have had little time to review the amended claims the JLs filed without leave of Court in the wake of plan confirmation and other pending matters. The Debtors are unaware of the status of the JLs' claims against the FTX debtors or any objection to those claims.

8. Filing a detailed response to the JLs' new proofs of claim a week after receipt of the JLs' proposed schedule is manifestly unreasonable. The JLs support this incredible request by stating that "it is impossible to engage in targeted, efficient discovery until the BlockFi Debtors set forth with particularity the defenses they intend to assert." Objection to Proposed Scheduling Order ¶ 7. The JLs' claim is belied by the 30 requests for production they have already served, along with a 23-topic Rule 30(b)(6) deposition notice and four other individual deposition notices (all the while refusing to agree to any discovery limitations). Requiring the FTX Debtors to file

their claim objections just three days after the hearing on proposed scheduling, without notice, seems unfair and prejudicial.

9. The JLs have yet to produce a single document to the Debtors. The Debtors served requests for production on September 25, 2023. The Debtors specifically requested that the JLs serve their responses and objections sooner than the Federal Rules require, but the JLs have refused to commit to doing so. Assuming a fulsome and complete response and production by the JLs, any additional written discovery is required to be served before any response under the JLs' proposed orders. It is unreasonable to expect that the Debtors serve additional discovery until after the opportunity to review what the JLs do eventually produce. The JLs' proposal is unfair to the Debtors, who have already responded to 30 separate overly broad requests for production and produced more than 4,000 documents that total more than 12,000 pages.

10. The JLs propose that responses to interrogatories be served a week after issuance and responses to requests for production and production of requested documents occur two weeks after service. This expedited schedule for responses is especially harmful to the Debtors because the JLs refuse to limit the discovery in any way – either by method or number.

11. The JLs propose that only 7 days after receipt of documents BlockFi be required to designate experts. Again, the JLs have not produced a single document to BlockFi and refuse to commit to do so before October 25, 2023 – the deadline under the Federal Rules. The JLs' position now is vastly different than its position in the Genesis matter where they asserted that they "should not be required to complete expert discovery when it remains uncertain whether their claims will require a U.S. court to hear expert testimony on BVI law, or a BVI court to instead hear expert testimony on U.S. law." Genesis Cases [Docket No. 673, ¶ 3]. Now the JLs seek to force the Debtors into that same zone of uncertainty while also asking this Court to enter a scheduling order

that will bind the Bankruptcy Courts in the Southern District of New York and the District of Delaware as well as the BVI Court.

## Conclusion

12. The JLs' proposed schedules are unworkable. The Debtors' Proposed Schedule allowed discovery to continue through both the estimation process and claim objection process because the Debtors envisioned a summary trial proceeding at the estimation stage.

**WHEREFORE**, the Debtors respectfully request that the Court address the process for estimation and the scheduling deadlines the parties must adhere to and grant other such relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: October 9, 2023 /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
Christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Aimee M. Furness (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
aimee.furness@haynesboone.com

*Attorneys for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Procedures**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq. (NJ Bar No. 014321986)<br>Warren A. Usatine, Esq. (NJ Bar No. 025881995)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>(201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>jsussberg@kirkland.com<br>christine.okike@kirkland.com<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Aimee M. Furness, Esq. (admitted *pro hac vice*)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>aimee.furness@haynesboone.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>        Debtors.[4] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br><br>**October 10, 2023, at 11:00 a.m. (ET)** |

## ORDER ON PROCEDURES FOR CLAIMS ESTIMATION

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

---

[4] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER ON PROCEDURES FOR CLAIMS ESTIMATION

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, and 11 U.S.C. § 502(c), the Court hereby **ORDERS** that the following procedures shall apply for the estimation of claims of 3AC against the Debtors.

1. The trial on the Debtors' Motion to Estimate the 3AC Claims is to be conducted during the week of December 18, 2023. Three Arrows shall have 4 hours to present its case to the Court. The Debtor shall have 5 hours to present its case to the Court.

2. The attorney presentations shall be organized in the manner of a typical trial. First, Debtor may present an opening statement not to exceed 20 minutes. Three Arrows may then present an opening statement not to exceed 20 minutes.

3. Debtor and Three Arrows shall then present their case-in-chief, which shall consist of a statement by counsel of who the witnesses are, what their testimony will be and what documentary or discovery evidence will establish.

4. Debtor and Three Arrows may present live testimony by one witness each. Cross examination of such witnesses by opposing parties shall be limited to 30 minutes per opposing party. Finally, Debtor and Three Arrows may present closing arguments to the Court. The parties are free to divide their allotted time among the three trial segments as they see fit, but in no event shall the total time allotted to each party exceed that set forth in paragraph 1 above.

5. Except for live testimony by one witness per party, all evidence shall be presented by the attorneys for the parties. The attorneys may summarize and comment on the evidence and may summarize or quote directly from depositions, documentary evidence, and sworn statements of potential witnesses.

(Page 3)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER ON PROCEDURES FOR CLAIMS ESTIMATION

---

6. No witnesses' testimony may be referred to unless the reference is based upon one of the products of the various discovery procedures or upon a written sworn statement of the witness.

7. Objections will be received if during a presentation counsel goes beyond the limits of propriety in presenting statements as to evidence or argument thereon. All evidence presented or described by counsel shall be admissible if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, except that counsel may not introduce evidence if its probative value is substantially outweighed by the danger of undue prejudice or confusion of the issues.

8. By no later than December 11, 2023, counsel shall submit to the Court a statement of the contested issues of fact and law to be determined at the summary trial, and a list of exhibits which each party intends to introduce at the trial. The issues of law should be accompanied by citations of authority which support the parties' respective positions.

9. The parties shall exchange copies of their exhibits by December 4, 2023.

10. By November 17, 2023, counsel for each party shall disclose the identity of the witness, if any, which they intend to call at trial. The person identified shall be made available at trial regardless of whether he or she is called to testify by the offering party.

11. Unless all parties agree otherwise, the summary trial will be recorded.

12. By no later than January 5, 2023, counsel shall present the Court with proposed findings of fact and conclusions of law regarding the estimation of Three Arrows' claims.