| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY (TRENTON)<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Allen J. Underwood II (No. 035611997)<br>LITE DEPALMA GREENBERG & AFANADOR, LLC<br>570 Broad Street – Suite 1201<br>Newark, NJ 07102<br>Main No.: 973.623.3000<br>Facsimile: 973.623.0858<br>Email: aunderwood@litedepalma.com<br><br>Luke A. Barefoot, Esq.<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: 212-225-2000<br>Facsimile: 212-225-3999<br>Email: lbarefoot@csgh.com<br>*Counsel to Genesis Global Holdco LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.* | |
| In Re:<br><br>**BLOCKFI INC.,** *et al.*,[1]<br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered<br><br>Judge: Honorable Michael B. Kaplan<br><br>Related Docket No. 1623 |

**BRIEF OF SPECIALLY-APPEARING GENESIS DEBTORS REGARDING MOTION OF THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD. FOR COORDINATION AMONG COURTS**

TO:   THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED
      STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession[2] (collectively, the "Genesis Debtors") in the jointly administered chapter 11 cases before the Honorable Judge Sean Lane in the United States Bankruptcy Court for the Southern District of New York (the "Genesis Court"), *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (SHL) (the "Genesis Chapter 11 Cases"), specially-appearing through their undersigned counsel solely for the purpose identified herein, hereby submit this brief (this "Brief") in response to the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (the "Coordination Motion") (ECF No. 1623) filed by the Foreign Representatives of Three Arrows Capital, Ltd. ("3AC").  The Genesis Debtors specially appear to file the Brief solely for the purpose of informing this Court of the position the Genesis Debtors intend to take on the parallel relief requested in the Genesis Chapter 11 Cases, and the potential effects of the proposed relief on the claim adjudication process currently underway in the Genesis Chapter 11 Cases.[3]  The Genesis Debtors respectfully state as follows:

1. Along with the Coordination Motion filed in this case, 3AC has filed motions seeking similar relief in the Genesis Chapter 11 Cases, ECF 754 (*In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063); the chapter 11 cases of FTX Trading Inc., and its debtor affiliates; the Chapter 15 Court overseeing 3AC's own U.S. proceedings[4]; and the BVI court overseeing 3AC's BVI liquidation.[5]  Notably, no such motion has been filed in the court overseeing the Celsius chapter 11 cases.  *See* Coordination Motion Exhibit A at 1.

---

[2] In addition to Genesis Global Holdco LLC, the Genesis Debtors include Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.

[3] The Genesis Debtors' full reservation of rights is below.

[4] Notably, while the Coordination Motion was filed in 3AC's chapter 15 proceedings, no hearing date has been noticed on such motion.

[5] As of the date of this filing, the Genesis Debtors are not aware of any relief having been filed or sought from the BVI Court in respect of the Coordination Motion.

2. The relief sought by the Coordination Motion is both extraordinary and extraordinarily vague: 3AC purports to request an undefined coordination process between five or six separate courts,[6] one of which is outside of the United States, without specifying what that process might look like, which legal or factual issues may be reserved for it, or the timeline on which any of this coordination would happen.

3. 3AC filed claims in the Genesis Chapter 11 Cases more than four months ago, to which the Genesis Debtors objected, including on the ground that 3AC failed to sufficiently plead its claims. *See In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No. 530. After the Genesis Debtors filed their objection, 3AC indicated that it intended to amend its claims. 3AC sought leave of the Court to take broad discovery in advance of that amendment or, in the alternative, a ruling that a near-term amendment would not prejudice 3AC's right to amend its claims again at a later date, after substantial discovery. *See In re Genesis Global Holdco, LLC*, Case No. 23-10063, August 22 Hr'g Tr. 22-42. The court in the Genesis Debtors' cases characterized this as a request for a "free amendment" and denied 3AC's request. *Id*. at 38-42. 3AC then filed revised proofs of claim, to which the Genesis Debtors filed an amended substantive objection, more than a month ago. *See In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No. 658. Since the filing of that objection, Judge Lane entered a scheduling order under which fact discovery will conclude on November 6, 2023, *see In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No.695, and the Genesis Debtors have every expectation that an evidentiary hearing on the 3AC claims in the Genesis Chapter 11 Cases will be complete by year-end, consistent with Judge Lane's stated goal in setting the discovery schedule. *In re*

---

[6] The total number depends upon whether 3AC ultimately seeks to include the Celsius court, which was included in an amended version of the parallel coordination motion filed in the Genesis Chapter 11 Cases, but was not included in the relief sought in this Court.

3

*Genesis Global Holdco, LLC*, Case No. 23-10063, Sept. 6, 2023 Hr'g Tr. at 60 (entering discovery schedule that "leaves open the possibility we'd have [a substantive hearing on the objection to 3AC's claim] for the end of the year."). In the midst of this process, 3AC filed a motion to lift the automatic stay in the Genesis Chapter 11 Cases to prosecute its claim against the Genesis Debtors in either the BVI Court or, alternatively, in the Chapter 15 Court. *See In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No. 678. Throughout, the Genesis Debtors and their creditors have repeatedly expressed their concern that 3AC has been delaying the resolution of their claims and using the threat of such a delay as a tactic. The same parties have also argued that 3AC's request to transfer the litigation over its claims to another forum – after having sought, and been denied, certain relief from the Genesis Court – was impermissible forum shopping. *See, e.g.*, Joinder and Reservation of Rights of the Official Committee of Unsecured Creditors to Debtors' Objection to the Motion of the Joint Liquidators of Three Arrows Capital, Ltd. to Modify the Automatic Stay, *In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No 721 ("Because 3AC knows [that changing forums at this stage would cause material delay], it is difficult to see 3AC's Motion as anything more than a belated forum-shopping tactic designed to leverage the Genesis creditors' needs to receive distributions without further delay.").

4. 3AC has now filed a motion that is very similar to the Coordination Motion filed in the above-captioned chapter 11 cases. At the very least, this "coordination" gambit threatens to add significant delay and confusion to the well-advanced process of adjudicating 3AC's claims in the Genesis Chapter 11 Cases, to no clear end. Of particular concern is the fact that the Coordination Motion seeks relief that is structurally impossible as written, and unworkable in any event. In order for the proposed "coordination" to even be possible (in whatever yet-

4

unspecified form such "coordination" may ultimately take), *at least four other courts, including a foreign court*, would have to grant identical or parallel relief to that requested by the Coordination Motion filed in this case. Moreover, the relief granted by each court would have to be granted in favor of *all four (or five) other courts, including a foreign court*. This is no trifling point where 3AC has sought stay relief *in the alternative* in favor of the Chapter 15 Court or the BVI Court and where such relief is vigorously opposed by the various U.S. debtors. Setting aside the fact that it could take months for four or five separate courts to grant coordinated relief, the proposed order filed with the Coordination Motion purports to *order* other U.S. bankruptcy courts and a foreign court to coordinate with this Court, which this Court lacks authority to do. Even this preliminary undertaking is, ironically, likely to be exactly the source of "wasteful expenditure of both judicial resources and the administrative expenses of the Debtor Defendants" that 3AC claims it wishes to avoid. *See* Coordination Motion at ¶ 2.

5. As such, the Genesis Debtors plan to oppose the coordination motion filed in the Genesis Chapter 11 Cases[7] for, *inter alia*, the following reasons:[8]

    a. **3AC has articulated no statutory basis for the requested relief**. In support of the Coordination Motion, 3AC points to not a single section of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure that contemplates anything similar to the "coordination" they seek. The Coordination Motion gestures at the general grant of equitable authority under Bankruptcy Code section 105(a), *see* Coordination Motion at ¶ 22, but this authority is not unbounded, and must be used to effectuate another provision of the Bankruptcy

---

[7] Upon information and belief, the committee of unsecured creditors in the Genesis Chapter 11 Cases intends to join the Genesis Debtors in their opposition, just as they joined the Genesis Debtors in their opposition to 3AC's motion requesting relief from the automatic stay in the Genesis Chapter 11 Cases. *See In re Genesis Global Holdco, LLC*, Case No. 23-10063, ECF No. 721.

[8] Upon information and belief, the FTX Debtors intend to oppose the parallel relief sought in their chapter 11 cases on similar grounds.

Code. *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91–92 (2d Cir. 2003) (finding an "exercise of section 105 power [must] be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective"). The Coordination Motion also references Bankruptcy Code sections 1509, 1517 and 1525, none of which are relevant to the requested relief, even when read in tandem with Section 105(a). *See* Coordination Motion at ¶ 24-25. These sections of the Bankruptcy Code contemplate methods of coordination that are critical to a chapter 15 case's coordination with a foreign main proceeding, but are far afield from the coordination among multiple U.S. bankruptcy courts overseeing plenary proceedings of completely unaffiliated debtors contemplated by the Coordination Motion.

b. **The requested relief is too vague to implement**. In dozens of pages of briefing, the Coordination Motion fails to offer a single detail regarding the form the proposed "coordination" might take—and in its proposed order, requests no specific relief beyond "authorizing this Court to conference with the Genesis, FTX and BVI courts." Exhibit A to the Mot. at 1. It is, therefore, not even clear what the first step in this coordination process might be, even if this Court and the other five courts were to promptly grant the precise relief requested by 3AC. Actual implementation of this hypothetical coordination process would likely require additional motion practice, or at the very least a logistically-challenging joint conference among the five or six affected courts, all before any substantive consideration of supposedly common factual or legal questions could begin.

c. **3AC has failed to articulate genuinely common issues of law and fact**. The issues that 3AC identifies as "common" between the six cases – including the timing of 3AC's insolvency, as well as ordinary course and safe harbor defenses, *See* Coordination Motion at ¶ 19 – are in fact highly context-specific inquiries that have, at most, some

6

overlapping relevant facts. For instance, the question of whether 3AC was solvent is not a question that can be asked or resolved generically. To the contrary, in support of its preference claims, 3AC will need to demonstrate that it was insolvent *as of the time of each challenged transaction*, or that any such transaction *caused* 3AC to become insolvent. Courts making this solvency inquiry may well reach different conclusions for different time periods in connection with different challenged transactions, and it is therefore difficult to see how any such decisions could be "weaponized" against 3AC in other cases, considering the solvency inquiry in a different temporal context. *See* Coordination Motion at ¶ 36.

6. For the foregoing reasons, among others, the Genesis Debtors plan to vigorously object to the parallel coordination motion filed by 3AC in the Genesis Chapter 11 Cases. The Genesis Debtors file this Brief in order to make this Court aware that the relief sought by 3AC is not supported by Genesis Debtors (nor, to the Genesis Debtors' knowledge, is it supported by BlockFi, FTX or Celsius), that the parallel relief has not been granted in the other courts in which it has been sought, and that this Court's determination on the Coordination Motion presently before it is only one of many gating items to the commencement of the "coordination" process imagined by 3AC.

## **RESERVATION OF RIGHTS**

The filing and submission of the Brief is not in any way a submission by the Genesis Debtors to the jurisdiction or authority of this Court for any purpose and shall not constitute an admission, waiver or consent by the Genesis Debtors of any arguments, rights, claims, actions, defenses, setoffs, recoupments, or other matters of the Genesis Debtors of any kind, whether under any agreements, at law, in equity, or otherwise, including, without limitation, the matters expressly addressed herein.

Dated:  October 9, 2023  
      New York, New York

*/s/ Luke A. Barefoot*  
CLEARY GOTTLIEB STEEN & HAMILTON LLP  
Luke A. Barefoot  
One Liberty Plaza  
New York, New York 1006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*