**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

*Attorneys for Debtors and Debtors in Possession*



Order Filed on October 11, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF**

**DATED: October 11, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

The relief set forth on the following pages, numbered two (2) through nine (9), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

The Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Terms of the Debtors' Settlement with Digistar Norway AS, Nessim-Sariel Gaon, and Fiorenzo Manganiello; (II) Approving Blockfi Lending's Assignment to G75 Capital of All of Blockfi Lending's Rights, Title and Interest in and to the Digistar Norway Transaction Documents Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances; (III) Authorizing Blockfi Lending to Enter Into the Assignment Agreement; and (IV) Granting Related Relief* (the "Motion")[1] seeking an order of this Court (i) authorizing the Debtors' entry into and approving the Assignment and Assumption Agreement and Release of Claims dated as of October 2, 2023 (together with all exhibits and all documents to be executed in connection therewith, the "Assignment Agreement") and (ii) granting related relief; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due notice hereof having been given; a hearing thereon having been held (the "Hearing"); the Court having considered the Debtors' request for relief, and opposition thereto, if any; and the Court finding good and sufficient cause for ordering the relief requested in the Motion; it appearing that the relief requested in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Document      Page 4 of 9

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Assignment Agreement is hereby **APPROVED** in its entirety and the Debtors are authorized to implement the provisions of the Assignment Agreement and to take any and all actions necessary or appropriate to consummate the transaction evidenced by the Assignment Agreement.

3. The Assignment Agreement and all documents executed or to be executed in connection therewith are binding upon and inure to the benefit of the parties to the Assignment Agreement, and their respective successors and assigns, any statutory committee appointed in these Chapter 11 Cases, and any trustees, examiners, "responsible persons", or other fiduciaries appointed in these Chapter 11 Cases or upon a conversion of the Debtors' cases to cases under chapter 7 of the Bankruptcy Code, including a chapter 7 trustee, and the Assignment Agreement shall not be subject to rejection or avoidance under any circumstances.

4. Subject to and contingent upon the occurrence of the Closing Date as set forth in the Assignment Agreement, pursuant to sections 105(a), 363(c) and 363(f) of the Bankruptcy Code, all of the Debtors' rights, title, and interests in and to, and possession of, the Assigned

(Page | 5)
Debtors: BLOCKFI INC., *et al.*
Case No.: 22-19361(MBK)
Caption of Order: ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF

Interest shall be assigned, transferred, conveyed, and set over to the Assignee free and clear of any and all liens, liabilities, claims, rights, security interests, pledges, charges, defects, or similar encumbrances (the "Assignment") in accordance with the terms of the Assignment Agreement, with any such liens, claims, encumbrances, and interests to attach to the proceeds of the Assignment in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto. Such Assignment shall constitute a legal, valid, binding, and effective transfer of the Digistar Loan and the Loan Documents, including all respective rights thereunder, to the Assignee.

5. The Debtors are authorized to: (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Assignment without further order of the Court, including without limitation, executing the Assignment Agreement; and (b) take all further actions and to execute and deliver the documents to be executed in connection with the Assignment Agreement and any and all additional instruments and documents that may be (i) reasonably requested by the Assignee for the purpose of assigning, transferring, granting, conveying, and conferring the Digistar Loan and the Loan Documents to the Assignee, in accordance with the terms of the Assignment Agreement, or (ii) necessary, appropriate, or desirable to the performance

(Page | 6)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

of the obligations contemplated by the Assignment Agreement, all without further order of the Court.

6. All objections, statements, or reservation of rights to the Motion or relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court or as resolved in this Order are hereby overruled on the merits with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

7. This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to record, document or otherwise consummate the Assignment.

8. The Assignment Agreement is the product of extensive, good faith, arms-length negotiations between the Parties and their respective representatives, without collusion and from arm's length bargaining positions.

9. The Assignee is deemed to be a good faith purchaser and assignee of the Digistar Loan and Loan Documents. Pursuant to section 363(m) of the Bankruptcy Code, if this Order is

(Page | 7)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

reversed or modified on appeal, such reversal or modification shall not affect the validity of the Assignment. The consideration provided for the assignment of the Digistar Loan and Loan Documents under the Assignment Agreement is fair and reasonable, and the Assignment is not subject to avoidance under section 363(n) of the Bankruptcy Code or otherwise.

10. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or this Order; (f) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

Case 22-19361-MBK    Doc 1706    Filed 10/11/23    Entered 10/11/23 09:35:27    Desc Main
Document    Page 8 of 9

(Page | 8)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

(g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

12. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Debtors' rights, title and interests in the Digistar Loan and the Loan Documents or a bill of sale transferring good and marketable title in the Digistar Loan and the Loan Documents to Assignee on the Closing Date pursuant to the Assignment Agreement free and clear of all liens, liabilities, claims, rights, security interests, pledges, charges, defects, or similar encumbrances to the fullest extent permitted by Bankruptcy Code Section 363(f).

13. The Debtors and the Assignee are hereby authorized to close the Assignment following entry of this Order in accordance with the terms of the Assignment Agreement.

14. The failure to specifically include or make reference to any particular provisions of the Assignment Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Assignment Agreement is authorized and approved in its entirety.

15. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 9)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No.: | 22-19361(MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTORS' SETTLEMENT WITH DIGISTAR NORWAY AS, NESSIM-SARIEL GAON, AND FIORENZO MANGANIELLO; (II) APPROVING BLOCKFI LENDING'S ASSIGNMENT TO G75 CAPITAL OF ALL OF BLOCKFI LENDING'S RIGHTS, TITLE AND INTEREST IN AND TO THE DIGISTAR NORWAY TRANSACTION DOCUMENTS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (III) AUTHORIZING BLOCKFI LENDING TO ENTER INTO THE ASSIGNMENT AGREEMENT; AND (IV) GRANTING RELATED RELIEF |

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. To the extent there are any inconsistencies between the terms of this Order and the Assignment Agreement, the terms of this Order shall control.

18. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Assignment Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements and documents executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Assignee, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Assignment Agreement.