| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>**Hearing Date: November 6, 2023 @ 11:00 a.m. ET**<br>**Obj. Deadline: To be determined by Court** |

# WIND-DOWN DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications). [Docket No. 1609]

The above-captioned debtors and debtors-in-possession (the "Wind-Down Debtors"), as managed by the Plan Administrator, by and through their undersigned counsel, hereby submit the *Wind-Down Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion"). In support of this Motion the Wind-Down Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Wind-Down Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1(d) of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

4. On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 cases (the "Chapter 11 Cases") are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

4

5. On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

6. On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date").

7. On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

8. On March 15, 2023, Creditor John W. Van Tubergen Jr. ("Van Tubergen") filed proof of claim no. 7233 (the "Van Tubergen Claim"). Claim no. 7233 asserts a claim against BlockFi Lending LLC in the amount of $10,000,000 and does not provide any amounts of crypto held as loan collateral by Lending, though it does indicate that the basis for the claim is "my collateral that is owed to me from my loans due to false force liquidations from BlockFi."

5

9. On August 3, 2023, the Debtors filed their *Seventh Omnibus Objection to Certain Claims* (the "Objection") [Docket No. 1311]. The Objection includes an objection to the Van Tubergen Claim and seeks to modify claim no. 7233 to correct the debtor entity and the amount of the claim.

10. On August 28, 2023, counsel for Van Tubergen contacted counsel for the Wind-Down Debtors to request an adjournment of the original hearing date of September 6, 2023 due to his recent retention. The hearing was adjourned to September 20, 2023.

11. On August 30, 2023, counsel for the Wind-Down Debtors provided documents, as detailed further below, in support of the Objection and proposed modification to the Van Tubergen Claim. Additional documentation was sent on October 26 and October 30, 2023.

12. On September 13, 2023, Van Tubergen filed his *Response to the Seventh Omnibus Objection to Certain Claims* (the "Response") [Docket No. 1496].

13. The Objection was subsequently adjourned to the current hearing date of November 6, 2023.

14. On October 20, 2023, counsel for Van Tubergen emailed a Rule 2004 Subpoena (the "Subpoena") to Wind-Down Debtors' counsel seeking document production. The Subpoena does not have a return date and requests the following in relation to seven loan numbers identified in the Subpoena:

> a. Any Documents related to the Accounts, including, but not limited to, the following:
>    i. any Documents relating to the sale, assignment, seizure, liquidation, bundling or other transfer(s) or disposition(s) of any collateral posted or made available by Claimant, including but not limited cryptocurrency collateral;
>    ii. any Documents relating to servicing of Accounts, including, but not limited to, Documents relating to Claimant's payment history;

6

       iii. any communications between or among Debtors' Representatives, or other current or former employees or agents of Debtors, relating to the Accounts; and

       iv. any Documents relating to the use of or access to collateral posted in connection with the Accounts in connection with lending or other business arrangements between Debtors and FTX Trading Ltd. (commonly known as "FTX"), Alameda Lenders and/or Alameda Research.

  b. Any Documents related to the Claim.

15. BlockFi has produced all documentation and information to support the objection to the Van Tubergen Claim and to address the additional allegations made in the Response to Van Tubergen's counsel in an attempt to settle the Objection in good faith.

## RELIEF REQUESTED

16. The Debtors seek entry of an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>, quashing the Subpoena.

## ARGUMENT

**A.   The Rule 2004 subpoena is an improper vehicle to seek document production in a contested matter.**

17. The Objection filed by the Debtors to the Van Tubergen Claims is a contested matter. *See* Objection, ¶ 27; Fed. R. Bankr. P. 9014, advisory committee note ("[T]he filing of an objection to a proof of claim…creates a dispute which is a contested matter"). Bankruptcy Rule 9014(c) provides that "unless the court directs otherwise" most of the Federal Rules governing discovery apply to contested matters.

18. It is well-established that once a contested matter has commenced, discovery must take place under the Federal Rules "rather than the broader bounds of [Rule] 2004." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *see also In re Summit Glob. Logtics*, No. 08-11566 (DHS), 2008 WL 1446722, at *3 (Bankr. D.N.J. Apr. 9, 2008) (holding that the Federal Rules provide a threshold requirement of relevance and additional protections to

7

subpoenaed parties). Therefore, any requests for production of documents relating to the Debtors' Objection to the Van Tubergen Claims are governed by the Federal Rules, and the Subpoena issued under Rule 2004 is procedurally improper.

**B.     BlockFi has provided all documents and information in its possession to meet their burden to object to the VanTubergen Claim.**

19.     BlockFi has more than amply discharged its duty to provide information to Van Tubergen regarding the objection to his claim. Because of the nature of the large omnibus objections to claims necessitated by these Chapter 11 Cases and the Debtors' desire to protect sensitive creditor information in all filings, BlockFi is not logistically able to provide books and records for each individual creditor in the Objection itself. The Objection, however, provides a detailed legend allowing each creditor listed to see all the bases for objection to their filed proofs of claim, and it includes no less than 4 different codes for books and records objections. This specificity is designed to give each creditor sufficient detail to understand the bases for the objection to their proof of claim, and the Notice of Objection provides contact info for Debtors' counsel to consult for questions.

20.     BlockFi has provided the vast majority of the items requested by Van Tubergen in the Subpoena, and also advised Van Tubergen's counsel what items did not exist or were no longer in the Debtors' records.

21.     BlockFi provided the following documents to Van Tubergen:

- Loan and Security Agreements for all 36 of the loans he entered into with BlockFi Lending LLC;

- A full transaction log for all 36 loans showing all deposits, withdrawals, interest payments, liquidations, and transfers to and from Van Tubergen's collateral account to his BIA and Wallet;

- A liquidation log for the 7 loans identified in the Response showing all automated liquidation warnings, triggers, and sale emails sent to Van Tubergen

8

> as well as the times of liquidations, amount and type of crypto sold, and amount of USD gained through the liquidations; and
>
> - All emails between Van Tubergen and employees of BlockFi identified in his Response;

Additionally, BlockFi provided information about the availability, existence, and retention of the following:

> - Automated account emails;
>
> - Records relating to the disposition/tracing of the exact collateral pledged by Van Tubergen in relation to his loans; and
>
> - Payment records held by the loan servicing agent, Scratch.

22. As such, the Debtors file this Motion to protect the estate from further outlay of time and resources before the adjudication of the Van Tubergen Claim on November 6, 2023.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, quashing the Subpoena.

*[Remainder of this page intentionally left blank]*

9

| | |
|---|---|
| Dated: October 30, 2023 | /s/ *Daniel M. Stolz* |

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[5] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[6])<br><br>Hearing Date: November 6, 2023 @ 11:00 a.m. ET |

### ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

The relief requested on the following pages is hereby ORDERED.

---

[5] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[6] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications). [Docket No. 1609]

Debtors:           BLOCKFI INC., *et al*.
Case No.           22-19361 (MBK)
Caption of Order:  ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion") and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all responses, if any, to the Motion having been withdrawn, resolved, or overruled; and the

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION |

---

Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having held a hearing to consider the relief requested in the Motion; and upon the record of the Hearing; the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** and the Subpoena for Rule 2004 Examination is quashed.

2. The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

3. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

4. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

17291345v2 (25400.002)