**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2]) |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the Plan.

**WIND-DOWN DEBTORS' REPLY TO RESPONSE TO DEBTORS'
SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 5503 AND 3419**

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED
STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), as managed by the Plan Administrator in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Reply to Response to Debtors' Seventh Omnibus Objection to Claim Nos. 5503 and 3419* (the "Reply") in response to Wilson Cotrim's ("Mr. Cotrim") *Certification in Response To Debtors' Seventh Omnibus Objection To Certain Claims* (the "Cotrim Response") in connection with the *Debtors' Seventh Omnibus Objection To Certain Claims* (the "Cotrim Claim Objection"). In support of the Reply, the Wind-Down Debtors also rely of the Certification of Michelle Henry (cited herein as "Henry Cert. at __") attached hereto as Exhibit A, and respectfully represent as follows:

**Preliminary Statement**[3]

1.    Mr. Cotrim says he transferred Digital Assets worth over $10 million to his BlockFi accounts in September 2022. This assertion is not supported by the Debtors' books and records.

2.    The Wind-Down Debtors have provided Mr. Cotrim with records supporting their proposed treatment of the Cotrim claims. Those records directly contradict the assertions contained in the Cotrim Response and accompanying affidavit.

---

[3] Capitalized terms used but not otherwise defined in the Preliminary Statement shall have the meanings provided in the remainder of this Reply.

3.      The Wind-Down Debtors do not believe, and have been presented with no viable evidence from Mr. Cotrim or anyone else to suggest, that Mr. Cotrim ever deposited material assets into the accounts subject to these pleadings.

4.      The claims should be modified and/or expunged per Schedule 1 to the Cotrim Claim Objection.

### Factual Background

**I.      The Cotrim Proofs of Claim and Affidavit**

5.      Creditor Wilson Cotrim filed two proofs of claim (the "Cotrim Proofs of Claim") summarized below (the "Cotrim Claims"):

| Claim No. | Date | Debtor Entity | Amount | Status |
|---|---|---|---|---|
| 3419 | 2/23/23 | BlockFi Wallet LLC | $5,317,212.00<br>40 BTC and 4000 ETH | Secured |
| 5503 | 2/23/23 | BlockFi Inc.<br>BlockFi Lending LLC | $5,317,212.00<br>40 BTC and 4000 ETH | Secured |

In June of 2023, Mr. Cotrim submitted identical affidavits (the "Cotrim Claims Affidavit") in support of both of the Cotrim Claims. The Cotrim Claims Affidavit[4] contains the following representations:

- Mr. Cotrim transferred 40 bitcoin ("BTC") and 4000 ethereum ("ETH") into his "BlockFi Earn Account"[5] ("BIA") and 40 BTC and 4000 ETH into his "BlockFi Wallet Account" ("Wallet") on September 16, 2022.

- Mr. Cotrim did not check his account again until December 2022, at which time he could not log into his BlockFi account.

---

[4] A true and correct copy of the Cotrim Claims Affidavit is attached as **Exhibit B**.

[5] BlockFi did not offer a product called the "BlockFi Earn Account." Upon information and belief, Mr. Cotrim is likely referring to his BlockFi Interest Account, or BIA, which allowed customers to lend various cryptocurrencies to BlockFi in exchange for a variable monthly interest payment. Both Gemini and Celsius offered products called Earn accounts (Gemini Earn and Celsius Earn Account).

- After receiving a request from the Wind-Down Debtors for additional documentation for the Cotrim Claims, Mr. Cotrim accessed his BlockFi account and was able to view the balances of his BIA and Wallet, which were $0.04 and $0.00 respectively.

## II.     The Proposed Treatment of the Cotrim Claims

6.      The Wind-Down Debtors filed the Cotrim Claim Objection on August 3, 2023 [Docket No. 1311] objecting to the Cotrim Proofs of Claim and seeking to modify claim no. 5503 and expunge claim no. 3419 as shown in the chart below:

| Claim No. | Surviving Debtor Entity | Amount | Action |
|-----------|------------------------|--------|--------|
| 3419 | N/A | $0.00 | Expunge |
| 5503 | BlockFi Inc. | $0.04 | Modify |

## III.     Supporting Documentation Provided to Mr. Cotrim

7.      On August 22, 2023, former counsel for Mr. Cotrim served a Rule 2004 Subpoena (the "Subpoena") on the Debtors to request documentation in support of the proposed treatment of the Cotrim Claims. As more fully detailed in the *Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion to Quash") and accompanying *Certification of Counsel in Support of Debtors' Motion to Quash Subpoena for Rule 2004 Examination* (the "Motion to Quash Certification") [both at Docket No. 1447], after initial discussions, Mr. Cotrim's counsel served a revised subpoena (the "Revised Subpoena") expanding the date range and seeking additional documents.

8.      Mr. Cotrim was provided with a full account history showing all withdrawals, deposits, and transfers related to his BIA and Wallet accounts, automated email logs showing notification emails sent to Mr. Cotrim in relation to all account transactions, and documents evidencing the identity verification Mr. Cotrim was prompted to submit when withdrawing funds

4

from his account. BlockFi additionally searched for emails between Mr. Cotrim and all BlockFi

employees as well as helpdesk tickets, and confirmed that none existed.

9.      The Debtors also requested that Mr. Cotrim provide evidence that the purported

deposit was made, and/or that Mr. Cotrim ever possessed such a quantity of BTC or ETH outside

of the BlockFi platform.  Mr. Cotrim did not provide any such evidence.  Thereafter, the Debtors

filed the aforementioned Motion to Quash on September 5, 2023.

10.      On September 13, 2023, Mr. Cotrim filed the Cotrim Response [Docket No. 1483].

The Cotrim Response consists only of a certification of Mr. Cotrim (the "Cotrim Certification")

and an affidavit of Julierme Araujo Vieira (the "Vieira Affidavit"). The Cotrim Certification makes

legal and conclusory statements regarding the Wind-Down Debtors' burden of proof, compliance

with the Revised Subpoena, and the *prima facie* validity of the Cotrim Claims.[6] Cotrim Response

at 5-6.

11.      The Cotrim Certification provides a different account of the purported September

2022 deposit than previously provided.  It asserts as follows:

- Mr. Vieira, a friend of Mr. Cotrim, was holding a "substantial amount" of Mr. Cotrim's cryptocurrency in a Kucoin account.

- On September 15, 2022, Mr. Cotrim was advised that Mr. Vieira transferred 80 BTC and 8000 ETH into Mr. Cotrim's BlockFi Accounts.

- The 80 BTC and 8000 ETH posted to his BlockFi Accounts on September 16, 2022.

---

[6] The Cotrim Certification thus contravenes D.N.J. LBR 7007-1, which states that certifications "must contain only statements of facts" and should not contain "arguments of the facts and law."

The Cotrim Certification includes two screenshots, one purporting to show the 80 BTC and 8000 ETH withdrawn from Mr. Vieira's account at Kucoin and another purporting to show the balances of Mr. Cotrim's Wallet and BIA, at $6,283,043.20 and $6,282,943.20 respectively.

12.     The Vieira Affidavit consists of an August 27, 2023 declaration in Portuguese[7] by Mr. Vieira containing the following statements:

- Around September 15, 2022, Vieira transferred 80 BTC and 8000 ETH from Kucoin to Mr. Cotrim's BlockFi account.

- Since the transfer occurred a "long time ago" he did not keep the information of his client, Mr. Cotrim.

## IV.    Counsel Withdrawal and Subsequent Activity

13.     On October 2, 2023, counsel for Mr. Cotrim filed an *Application In Support Of Entry Of Proposed Consent Order Authorizing Withdrawal Of Appearance By Middlebrooks Shapiro, P.C. On Behalf Of Wilson Cotrim Pursuant To D.N.J. LBR 9010-2(B) And D.N.J. LBR 9021-1(B) And Granting Related Relief* (the "Withdrawal Application") seeking to withdraw as counsel and substitute Mr. Cotrim as pro se.

14.     The deadline to object to the Motion to Quash was October 3, 2023. No objection was filed.

15.     On October 5, 2023, counsel for Mr. Cotrim requested an adjournment of the Cotrim Claim Objection and confirmed that the Motion to Quash was unopposed. The Court granted to Motion to Quash [Docket No. 1709], and the Cotrim Claim Objection was adjourned to November 6, 2023.

---

[7] Provided with a certified English translation.

16.     On October 10, 2023, the Court granted the Withdrawal Application [Docket No. 1695].

## <u>Reply</u>

### I.     The Wind-Down Debtors Have Met Their Burden to Show the Cotrim Claims Should Be Modified and Expunged

17.     The Wind-Down Debtors books and records do not support Mr. Cotrim's assertions that he deposited anything onto the BlockFi Platform in September 2022. In fact, his account transaction history demonstrates that he never had anything more than 2 BTC or 33 ETH in his BIA or Wallet at any time, and that he withdrew all funds from his BIA and Wallet in April 2021. Henry Cert. at 7–8.

18.     The Wind-Down Debtors believe that had Mr. Cotrim deposited currency in the volume indicated, they would possess a substantial variety of documentation related thereto. For instance, any attempt to withdraw cryptocurrency worth more than $250,000 into an external wallet from Mr. Cotrim's account would have triggered a mandatory identity verification process wherein he would receive an email directing him to complete an ID check before the withdrawal would be initiated. Henry Cert. at 12. Converting the cryptocurrency to cash and attempting to remove the cash from the platform could only be accomplished by and through the same account from which the deposit was initially received, and attempting an outgoing wire transfer of the funds would also result in a required identity verification. Henry Cert. at 12. Again, the Debtors and Wind-Down Debtors have searched their files for records of the emails, transfers, and internal processes that would substantiate any such activity, and have found nothing.

19.     Mr. Cotrim alleges that "potential hacks" or "security breaches" could provide an explanation for why his account no longer contains 80 BTC and 8000 ETH. His allegations

amount to speculation, and raise the question of why or how someone fraudulently accessing his account to steal funds would go to the trouble of not only stealing the funds, but also erasing the emails, transaction records, and internal process documentation created by BlockFi in connection with any deposit of the kind alleged.  Although the Wind-Down Debtors are aware of phishing and hacking attempts on their platform (and across many other platforms in and out of chapter 11 proceedings), they are aware of no hack or security breach of the type apparently alleged by Mr. Cotrim, and they have received no complaints, inquiries or objection responses alleging any similar disturbance or factual discrepancy.

20.     There is simply no indication anywhere in BlockFi's books and records that support Mr. Cotrim's various allegations regarding a deposit in September 2022.  The Debtors and Wind-Down Debtors have provided ample documentation to show that the evidence that *would* exist, were his allegations true, does not in fact exist.  The Wind-Down Debtors cannot, and need not, do more to prove a negative.

## II.     Mr. Cotrim Has Provided No Evidence to Support the Cotrim Claims

21.     Mr. Cotrim has, likewise, not authenticated his purported possession of 80 BTC and 8000 ETH outside of BlockFi's platform, and has provided no evidence or plausible explanation regarding the lack of evidence of the purported deposit in September 2022.  To date, Mr. Cotrim has offered only affidavits that are both contradictory and unverifiable by any third party evidence.

22.     Internal inconsistencies alone cast doubt on the veracity of the affidavits.  For instance:

- The Cotrim Response attaches at paragraph 9 a purported screenshot of a mobile phone display of Mr. Cotrim's BlockFi account, showing deposits of 80 BTC and 8000 ETH on "9-13," contradicting the date of transfer asserted by both Cotrim and Vieira.

- The BlockFi display on the righthand side shows a date and time of September 24, 2022 at 10:24 a.m., but the mobile display time at top left shows a time of "3:10," suggesting at best that the proffered image is a picture of a screenshot, not a screenshot itself.

- The alleged screenshot of Mr. Cotrim's BlockFi account shows a notation under his Wallet that he has "3 active crypto balances." Mr. Cotrim does not allege having deposited any cryptocurrencies other than BTC and ETH into his account, and BlockFi's books and records also show that he only ever had small quantities of BTC and ETH in his BIA and Wallet. This discrepancy suggests that the purported screenshot may not be taken from Mr. Cotrim's account. Henry Cert. at 10.

23.    Moreover, pursuant to a settlement agreement with the Securities and Exchange Commission, after February 2022 BlockFi no longer allowed U.S. based customers to (a) deposit funds directly into their BIA, or (b) move funds from their Wallet accounts to their BIA.[8] Mr. Cotrim attests that he resides in Arizona, Cotrim Response ¶ 1, and the Debtors' records substantiate that he was known to be a US-based customer at relevant times. Henry Cert. at 6. Therefore, the Debtors' platform would not have permitted the described deposit in September 2022, either directly from an external wallet, or by moving funds from his Wallet to his BIA. Henry Cert. at 13.

---

[8] BLOCKFI.COM, https://blockfi.com/interest-account-terms-existing-us/, last accessed on November 3, 2023. ("Starting on February 14, 2022, we will no longer offer Crypto Interest Accounts to new U.S. clients. Existing U.S. clients can continue to maintain their Crypto Interest Account, receive interest and withdraw cryptocurrency from their Crypto Interest Accounts but will no longer be able to transfer additional cryptocurrency into their Crypto Interest Accounts.")

## <u>Conclusion</u>

24.     The Cotrim Claims are not supported by any evidence.  Mr. Cotrim's sworn

statements are inconsistent and contradicted by the Wind-Down Debtors' books and records as

well as the factual record in these cases.  The Wind-Down Debtors have provided more than ample

documentation to support that Mr. Cotrim had no material assets on deposit and that his proofs of

claim should be disallowed and/or modified as requested.

WHEREFORE, the Wind-Down Debtors respectfully request entry of an order expunging

claim no. 3419 and modifying 5503 to a $0.04 claim against BlockFi Inc.

Respectfully submitted,

Dated: November 3, 2023                    /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No.
047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

11