## Exhibit A

Certification of Michelle Henry

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>        Debtors.[9] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[10]) |

[9] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[10] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the Plan.

**CERTIFICATION OF MICHELLE HENRY IN SUPPORT OF THE
WIND-DOWN DEBTORS' REPLY TO RESPONSE TO DEBTORS'
SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 5503 AND 3419[11]**

I, Michelle Henry, pursuant to 28 U.S.C. § 1746, declare:

1.      My name is Michelle Henry. I am over the age of 21. I am the Senior Vice President, Finance and Operations for the Wind-Down Debtors (collectively, "BlockFi" or the "Wind-Down Debtors") in the above-captioned Chapter 11 Cases. Accordingly, I am in all respects competent to make this certification (the "Certification").

2.      I submit this Certification in support of the *Debtors' Reply to Response to Debtors' Amended Seventh Omnibus Objection to Claim Nos. 5503 and 3419* (the "Reply") filed contemporaneously herewith.

3.      Except as otherwise indicated herein, the facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in this case and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations. I am authorized to submit this Certification on the Wind-Down Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification.

4.      I have read and reviewed the Cotrim Claims, the Wind-Down Debtors' Reply, the Cotrim Response, and the Cotrim Claim Objection, including the information regarding the Cotrim Claims set forth on Schedule 1 to the Proposed Order attached to the Cotrim Claim Objection, and I am familiar with the information contained in those documents. In consultation with the Wind-

---

[11] Capitalized terms used but not otherwise defined in the Certification shall have the meanings provided in the Reply.

14

Down Debtors' advisors, I have concluded that the Cotrim Claims are claims that are (a) asserted in amounts that do not match the Debtor's books and records (b) incorrectly or improperly classified (asserted as having secured status when the Claim is a general unsecured claim), and (c) asserted on an unclear basis or the claimant failed to provide sufficient documentation when requested to do so.

5.      I have reviewed all transactions associated with the account matching the name and customer ID number ("CID") provided by Mr. Cotrim in the Cotrim Proofs of Claim and Cotrim Response and concluded that the deposits of BTC and ETH into Mr. Cotrim's BIA and Wallet accounts alleged to have occurred in September 2022 in the Cotrim Affidavit and the Cotrim Response did not occur.

6.      Mr. Cotrim opened his account as a U.S. customer with an address in Arizona and has not requested an address change as of the date of this Certification.

7.      Mr. Cotrim made one deposit of approximately 1.2 BTC on March 16, 2021, earned a small amount of interest on that BTC and then traded his BTC into ETH on April 2, 2021. He then withdrew all of the ETH except for a de minimus fraction of 1 ETH on April 8, 2021. This withdrawal was subject to an identity verification wherein he needed to upload his driver's license and a selfie.

8.      The last transaction initiated on the BlockFi platform by Mr. Cotrim occurred in September 2021, when he traded a fraction of 1 ETH into a fraction of 1 BTC. He accrued a fraction of 1 BTC and 1 ETH in interest at the end of September 2021, resulting in the $.04 balance reflected in the surviving claim amount indicated on Schedule 1 to the Cotrim Objection.

9.      At no time did Mr. Cotrim have more than 2 BTC or 33 ETH on the BlockFi platform.

10.     At no time did Mr. Cotrim have any cryptocurrencies other than BTC or ETH, so the screenshot provided showing 3 Active Crypto Balances cannot be a screenshot of his account.

11.     A search of the blockchain for transactions involving all the external wallets used by Mr. Cotrim reveals no additional cryptocurrency beyond the small quantities he deposited to and withdrew from the BlockFi Platform.

12.     Pursuant to BlockFi's policies, any attempts to withdraw cryptocurrency worth more than $250,000 from Mr. Cotrim's account to an external wallet would have resulted in him receiving an email directing him to verify his identity before the withdrawal would be initiated. Similarly, any attempts to initiate a manual wire would prompt an identity verification. Converting the BTC and ETH to cash would not only be reflected in the books and records, but attempts to remove that cash using an ACH withdrawal would require the use of the same bank account from which funds were originally deposited.

13.     The Cotrim Response contains a screenshot that allegedly depicts a Wallet and BIA asset value balance of over $6 MM in each account. The Cotrim Certification and the Cotrim Response both assert that those funds were deposited in Cotrim's BIA (which he calls an Earn account) and BlockFi Wallet in September 2022, but pursuant to BlockFi's settlement with the SEC, existing U.S. clients could no longer transfer new assets to their BIAs after February 14, 2022, so the transaction Cotrim alleges was not possible.

16

14.     Accordingly, to prevent improper recovery against the estates, I believe that the

Proposed Order should be granted and that each such Disputed Claims should be disallowed,

reclassified, reduced, and/or adjusted as detailed on <u>Schedule 1</u>.


I hereby declare under the penalty of perjury that the foregoing is true and correct.


Executed on <u>November 3, 2023</u>          By:    <u>/s/ *Michelle Henry*</u>
                                                            Michelle Henry
                                                            Senior Vice President, Finance &
                                                            Operations to the Wind-Down Debtors