| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>              Debtors.[1] | **Order Filed on November 7, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey**<br><br>Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan[2]) |

# ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 3419 AND 5503

The relief set forth on the following pages, numbered two (2) through five (5) and <u>Schedule 1</u> is **ORDERED**.

**DATED: November 7, 2023**

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "<u>Plan</u>") [Docket No. 1609].

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 3419 AND 5503

---

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Debtors' Seventh Omnibus Objection to Claim Nos. 3419 and 5503* (the "Objection")[3]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 3419 AND 5503 |

need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Michelle Henry attached to the Reply, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims listed on Schedule 1 attached hereto are hereby deemed disallowed, reclassified, reduced, and/or adjusted as detailed on Schedule 1.

3. Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to disallow, reclassify, reduce, and/or adjust each Disputed Claim on Schedule 1.

4. To the extent a Disputed Claim on Schedule 1 improperly asserted priority or secured status, the Claims and Noticing Agent is hereby authorized and directed to correct the registry to reflect the correct status of such Disputed Claims as general unsecured claims.

5. To the extent a Disputed Claim on Schedule 1 was asserted against the incorrect Debtor entity, the Claims and Noticing Agent is hereby authorized and directed to correct the registry to reflect the correct Debtor entity.

6. The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 3419 AND 5503 |

7. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

8. Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

(Page 5)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIM NOS. 3419 AND 5503

10. The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# Schedule 1

## Disputed Claims

**Debtor: BlockFi Inc *et al.***
**7th Omnibus Objection**

### Legend: Basis for Objection

| | |
|---|---|
| BR-NI | Claimant is not identifiable as a customer or counterparty of BlockFi |
| BR - A | Inconsistent with Books and Records - Incorrect Crypto Amount, Correct Dollar Amount |
| BR - B | Inconsistent with Books and Records - Incorrect Dollar Amount, Correct Crypto Amount |
| BR - C | Inconsistent with Books and Records - Incorrect Dollar and Crypto Amount |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' |
| AMD | Claim amended by subsequently filed proof of claim |
| DUP | Duplicative claim |

| | |
|---|---|
| TOU | Claim includes amounts in violation of Terms of Use, including fraud or disabled account |
| IC | Claims are classified incorrectly or improperly |
| ID | Claims fail to specify the basis for claim or provide sufficient documentation |
| NL | Seeks recovery for amounts for which the Debtors are not liable |
| NDF | Non-debtor has satisfied the claim in full |
| L | Late filed claim after bar date |
| O | Other; see Notes for more information |

| Filed Claim | | | | | Basis for Objection | Surviving Claim | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | | Surviving Claim No. | Estate - Debtor Entity | Estate - Surviving Claim Amount | Wallet - Debtor Entity | Wallet Coins - Surviving Claim Amount [1] | Notes | Action [2] |
| 3419 | Cotrim, Wilson | 2/23/2023 | BlockFi Wallet LLC | $5,317,212.00 | BR-C, ID | 3419 | N/A | N/A | BlockFi Wallet LLC | View balances at https://restructuring.ra.kroll.com/blockfi/EPOC-Index | | Expunge |
| 5503 | Cotrim, Wilson | 2/23/2023 | BlockFi Inc. and BlockFi Lending LLC | $5,317,212.00 | BR-C, IC, ID | 5503 | BlockFi Inc. | $0.04 | N/A | N/A | | Modify |

[1] Claims that did not assert Wallet as part of their proof of claim may still have Wallet balances but may be listed as "N/A" to this particular claim.

[2] Claims that the Debtors are seeking to modify are subject to future objection.