| |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Esq. (wjmartin@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Attorneys for Flori Marquez* | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br>        Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**November 28, 2023, 10:00 am (ET)** |

# MOTION OF FLORI MARQUEZ FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, AND TO OTHERWISE PERMIT, ACCESS TO PRIMARY DIRECTORS AND OFFICERS INSURANCE POLICY FOR COVERAGE OF SETTLEMENT PAYMENT

TO:   THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
       UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

Flori Marquez ("Marquez") hereby files this *Motion of Flori Marquez for an Order Lifting the Automatic Stay, to the Extent Applicable, and to Otherwise Permit, Access to Primary Directors and Officers Insurance Policy for Coverage of Settlement Payment* (the "Motion"). In support of the Motion, Marquez respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

7512737

**Preliminary Statement and Background**

1. The Court previously entered an order [Docket No. 1550] granting Marquez's motion [Docket No. 1389] (the "Prior Motion") to allow her to access the Relm D&O Policy (as defined in the Prior Motion), issued by Relm Insurance, Ltd. ("Relm"), for payment of Defense Costs (as defined in the Prior Motion). Marquez incorporates by reference the discussion of the Relm D&O Policy at ¶¶ 12-20 of the Prior Motion.

2. On October 3, 2023, the Court entered an order [Docket No. 1660] (the "Confirmation Order") confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan"). The Confirmation Order approved the Committee Settlement (as defined in the Plan), which included a cash payment by Marquez (the "Settlement Payment").

3. Marquez now seeks an order permitting her to access the Relm D&O Policy for coverage of the Settlement Payment.

4. Counsel for the Plan Administrator has advised that the Plan Administrator is not opposed to this Motion.

**Jurisdiction and Venue**

5. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Movants confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7512737

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a), 362, and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

## **Relief Requested**

8. Marquez requests entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") lifting the automatic stay, to the extent applicable, and authorizing and permitting her to seek coverage of the Settlement Payment in accordance with the terms and conditions of the Relm D&O Policy.

## **Basis for Relief Requested**

9. Marquez incorporates by reference the discussion at ¶¶ 28-33 of the Prior Motion.

10. For the same reasons stated in the Prior Motion as to why Marquez should be permitted to access the Relm D&O Policy for payment of Defense Costs, Marquez should also now be permitted to access the Relm D&O Policy for coverage of the Settlement Payment.

11. In addition, the Plan specifically preserves Marquez's right to access the Relm D&O Policy. Article V.F of the Plan provides that "[n]otwithstanding anything to the contrary in the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Order, any bar date notice or claim objection, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases . . . (d) the Debtors or the Wind-Down Debtors, as applicable, shall not terminate or otherwise reduce the coverage under any D&O

7512737

Liability Insurance Policy (including, without limitation, any 'tail policy'), ***and any current and former directors, officers, managers, and employees of the Debtors who served in such capacity at any time before or after the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy subject in all respects to the terms and conditions thereof regardless of whether such directors, officers, managers, and employees remain in such positions after the Effective Date***" (emphasis added).  Nevertheless, to the extent any party may argue that the Plan, including without limitation Article VIII thereof, limits Marquez's ability to access the Relm D&O Policy for coverage of the Settlement Payment, Marquez seeks relief here out of an abundance of caution.

## Waiver of Memorandum of Law

12. Marquez respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which Marquez relies is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

14. Marquez will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) counsel for the Plan Administrator; (b) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (c) counsel for Relm; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Marquez submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

7512737

**WHEREFORE**, Marquez respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

7512737

Respectfully Submitted,

Dated: November 7, 2023 /s/ *Warren J. Martin  Jr.*

**PORZIO, BROMBERG & NEWMAN, P.C.**
Warren J. Martin Jr., Esq.
(wjmartin@pbnlaw.com)
Robert M. Schechter, Esq.
(rmschechter@pbnlaw.com)
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile

6

7512737