**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Order Filed on November 13, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered under a Confirmed Plan[2])

### JOINT STIPULATION AND AGREED ORDER GRANTING THE FTX DEBTORS RELIEF FROM THE AUTOMATIC STAY

The relief requested on the following pages is hereby ORDERED.

**DATED: November 13, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This stipulation and agreed order (the "Stipulation") is entered into by and between: (a) BlockFi Inc. and its affiliated debtors and debtors-in-possession (collectively, the "BlockFi Debtors") and (b) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors",[3] and together with the BlockFi Debtors, the "Parties," and each a "Party").

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the jointly-administered chapter 11 cases proceeding under the caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy Proceeding");

**WHEREAS**, on November 28, 2022, BlockFi Inc. and its affiliated debtors and debtors-in-possession (collectively, the "BlockFi Debtors") filed their respective petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court") initiating the above-captioned chapter 11 cases (the "BlockFi Bankruptcy Proceeding");

**WHEREAS**, the filing of the BlockFi Bankruptcy Proceeding triggered an automatic stay with respect to the BlockFi Debtors as provided for in section 362(a) of the Bankruptcy Code (the "Automatic Stay");

---

[3] The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**WHEREAS**, on or about March 31, 2023, the FTX Debtors filed proofs of claim against the BlockFi Debtors in the BlockFi Bankruptcy Proceeding (collectively, the "FTX Proofs of Claim", and the claims asserted therein, the "FTX Claims"), which include, among others, avoidance claims pursuant to section 547 of the Bankruptcy Code for preferential transfers made by certain FTX Debtors (the "FTX Avoidance Claims");[4]

**WHEREAS**, on or about June 29, 2023, the BlockFi Debtors filed proofs of claim against the FTX Debtors in the FTX Bankruptcy Proceeding (collectively, the "BlockFi Proofs of Claim," and the claims asserted therein, the "BlockFi Claims");

**WHEREAS**, on September 25, 2023, the Parties entered into that certain Settlement Agreement resolving certain disputes between them, including with respect to the venue for litigating the FTX Claims, the BlockFi Claims, and defenses and related matters thereto, which was approved by the Court on October 3, 2023 (Dkt. No. 1644) and by the Delaware Bankruptcy Court on October 19, 2023 (FTX Dkt. No 3314) (the "Settlement Agreement");

**WHEREAS**, pursuant to the Settlement Agreement, the Parties agreed to submit a joint stipulated order to the Court for the consensual lifting of the Automatic Stay with respect to the merits of the FTX Avoidance Claims and all aspects of the BlockFi Claims (the "Delaware Matters") in the FTX Bankruptcy Proceeding before the Delaware Bankruptcy Court as set forth in the Settlement Agreement; and

**WHEREAS**, to effectuate the agreements and obligations embodied in the Settlement Agreement, the Parties are entering into this Stipulation.

---

[4] For the avoidance of doubt, the "FTX Avoidance Claims" for purposes of this Stipulation do not include any claims, causes of action, or defenses covered by the Robinhood Stipulation, all of which are reserved for determination in accordance with the Robinhood Stipulation, and nothing herein shall constitute a waiver of any rights, claims, causes of action or defenses on any such matters.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND UPON COURT APPROVAL, IT IS ORDERED THAT**:

1. <u>Recitals Incorporated</u>.  The recitals and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2. <u>No Inconsistency</u>.  This Stipulation is intended to serve as the Stay Relief Stipulation as defined at paragraph 1(c) of the Settlement Agreement.  This Stipulation is not intended to modify the Settlement Agreement.  To the extent of any inconsistency between this Stipulation and the Settlement Agreement, the Settlement Agreement shall control.

3. <u>Modification of the Automatic Stay</u>.  The Automatic Stay is hereby modified to allow the FTX Debtors to, subject to paragraph 3 below, (x) assert and file, and litigate to judgment the Delaware Matters, including, without limitation, all arguments, defenses, counterclaims, setoffs, or otherwise, including arising under section 502(d) of the Bankruptcy Code in connection with any such judgment obtained, with respect to the BlockFi Claims in the FTX Bankruptcy Proceeding; (y) assert, file, and litigate to judgment any avoidance actions or other defenses or counterclaims with respect to the BlockFi Claims; and (z) enforce and recover on such avoidance actions or defenses or counterclaims as provided in this Order and the Settlement Agreement.

4. <u>Reservation of Rights</u>.  All of the FTX Debtors' and the BlockFi Debtors' rights under section 502(d) of the Bankruptcy Code are expressly reserved and preserved, except that the FTX Debtors shall have no right to receive an affirmative distribution from the BlockFi Debtors pursuant to the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* as approved by the Court [Docket No. 1650] on account of the FTX Avoidance Claims, and recovery of any judgment with respect to the FTX Avoidance Claims shall be by setoff, reduction, or netting.  If any judgment is entered in connection with the FTX Avoidance Claims, the Parties agree that recovery

on such judgment shall be made by reducing either the amount of the BlockFi Claims or distributions by the FTX Debtors with respect to the BlockFi Claims in such amount as may be agreed by the Parties or determined by order of the New Jersey Bankruptcy Court, and the Parties' rights are fully reserved with respect to the amount and nature of such reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code.

5. <u>Mediation Schedule</u>.  The Parties shall negotiate in good faith with respect to the process, terms and schedule of non-binding mediation as contemplated by the Settlement Agreement and shall file as soon as possible a mediation order with the Delaware Bankruptcy Court, which order shall provide for mediation to begin no later than December 24, 2023.

6. <u>No Waiver</u>. Nothing in this Order waives any available claims or defenses, including at law, equity, or otherwise with respect to the FTX Claims or the BlockFi Claims.  The Parties reserve all rights as provided under the Settlement Agreement and otherwise.

7. <u>Immediate Effect</u>.  The terms and conditions of this Stipulation are immediately effective and enforceable upon entry of an order approving this Stipulation.

8. <u>Further Authorization</u>. The Parties are authorized to take all actions necessary or appropriate to carry out the terms of this Stipulation.

**STIPULATED AND AGREED TO BY***:*

Dated: November 10, 2023

| | |
|---|---|
| **BROWN RUDNICK LLP** | **HAYNES and BOONE, LLP** |
| By: */s/ Kenneth J. Aulet* | By: */s/ Richard Kanowitz* |
| Kenneth J. Aulet | Richard Kanowitz |
| Jeffrey L. Jonas | 30 Rockefeller Plaza |
| Michael S. Winograd | 26th Floor |
| Alexander F. Kasnetz | New York, NY 10112 |
| Seven Times Square | Telephone: (212) 659-7300 |
| New York, NY 10036 | Facsimile: (212) 918-8989 |
| Tel:   (212) 209-4800 | Email: |
| Fax:   (212) 209-4801 | Richard.Kanowitz@haynesboone.com |
| Email: kaulet@brownrudnick.com | |
|     jjonas@brownrudnick.com | Richard D. Anigian |
|     mwinograd@brownrudnick.com | Charles M. Jones II |
|     akasnetz@brownrudnick.com | 2323 Victory Avenue |
| | Suite 700 |
| | Dallas, TX 75219 |
| Tristan G. Axelrod | Telephone: (214) 651-5000 |
| Sharon I. Dwoskin |  Facsimile: (214) 651-5940 |
| Matthew Sawyer | Email: Rick.Anigian@haynesboone.com |
| One Financial Center | Charlie.Jones@haynesboone.com |
| Boston, MA 02111 | |
| Tel:   (617) 856-8200 | |
| Fax:   (617) 856-8201 | *Counsel for the BlockFi Debtors* |
| Email: taxelrod@brownrudnick.com | |
|     sdwoskin@brownrudnick.com | |
|     msawyer@brownrudnick.com | |

*Counsel for the BlockFi Debtors*

| | |
|---|---|
| **GELLERT SCALI BUSENKELL & BROWN, LLC** | **GENOVA BURNS LLC** |
| By: */s/ Michael Busenkell*<br>Michael Busenkell, Esq.<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Tel:    (302) 425-5812<br>Fax:   (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br><br>*Delaware Counsel for the BlockFi Debtors* | By: */s/ Daniel M. Stolz*<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Tel:    (973) 230-2095<br>Fax:   (973) 533-1112<br>Email: DStolz@genovaburns.com<br>            DClarke@genovaburns.com<br><br>*New Jersey Counsel for the BlockFi Debtors* |

Dated:  November 10, 2023
          New York, New York

By: */s/ James L. Bromley*
James L. Bromley (NJ Bar No. 1551996)
Andrew G. Dietderich (*pro hac vice*)
Brian D. Glueckstein (*pro hac vice*)
Benjamin S. Beller (*pro hac vice* to be filed)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
            dietdericha@sullcrom.com
            gluecksteinb@sullcrom.com
            bellerb@sullcrom.com

*Counsel for the FTX Debtors*