| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | | **REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |
|---|---|---|
| In re: BLOCKFI, INC. | Chapter 11 Case Number: 22-19361 | |

NOTE: This form should not be used for an unsecured claim arising prior to the commencement of the case. In such instances, a proof of claim should be filed.

| Name of Creditor: SLACK TECHNOLOGIES, INC. (The person or other entity to whom the debtor owed money or property.) | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| Name and Addresses Where Notices Should Be Sent: C/O BIALSON, BERGEN & SCHWAB ATTN: LAWRENCE SCHWAB/GAYE HECK 830 MENLO AVE., SUITE 201 MENLO PARK, CA 94025 | | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this request: ☐ replaces a previously filed request, dated: ☐ amends a previously filed request, dated: |
|---|---|

1. BASIS FOR CLAIM

☐ Goods Sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

2. DATE DEBT WAS INCURRED: SEE ATTTACHMENT 1

3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE: $131,232.66_____

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

4. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:

☐ Real Estate     ☐ Motor Vehicle
☐ Other (Describe briefly) _____

Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

5. **Credits**: The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

6. **Supporting Documents**: *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

7. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

| Date: 11/21/2023 | **Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).** /s/ James C. Vandermark, Esq._____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE: The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with D.N.J. LBR 3001-1(b). *rev.8/1/15*

**Attachment 1 to Request for Payment of Administrative Expense of Slack Technologies, LLC**

**Debtor:** **BlockFi, Inc.**  **Case Number:** 22-19361
**Creditor:** **Slack Technologies, LLC**

**Amount of Claim: Not less than $131,232.66**

## Statement of Administrative Expense Claim

BlockFi, Inc. and its affiliates (collectively, the "**Debtors**") are liable to Slack Technologies, LLC (the "**Creditor**"), in the amount of not less than $131,232.66 (the "**Claim**"), for amounts payable with respect to the services provided (the "**Services**") and pursuant to the terms of that certain *Order Form* listed below (the "**Order**") and the *Master Subscription Agreement* between Creditor and Debtor, and any applicable addenda thereto (the "**MSA**," and together with the Orders, the "**Contract**").

| Master Agreement | Order No. | Date | Term |
|---|---|---|---|
| MSA | Q-75005 | 31-Jan-22 | 1/31/22 to 1/30/25 |

Pursuant to the terms and conditions of the MSA, each Party to the Contract is obligated to maintain the confidentiality of all Confidential Information including, without limitation, (i) the Debtor's Data, (ii) the Creditor's Confidential Information (including, without limitation, the Services and Content), (iii) the terms and conditions of MSA and all Order Forms (including pricing), and (iv) business and marketing plans, technology and technical information, product plans and designs, and business processes disclosed by a Party. Accordingly, copies of the Contract and related Invoice(s) are not attached hereto. However, upon request and subject to adequate procedures protecting the Confidential Information from disclosure in violation of the MSA, the Creditor will make available a copy of the Contract and/or related Invoice(s) to the Debtor or other appropriate representative of the Debtor's estate.

Pursuant to the *Revised Findings of Fact, Conclusions of Law, And Order (I) Approving the Disclosure Statement Relating to The Third Amended Joint Chapter 11 Plan of Blockfi Inc. And Its Debtor Affiliates Pursuant to Chapter 11 Of the Bankruptcy Code on A Final Basis And (II) Confirming the Third Amended Joint Chapter 11 Plan of Blockfi Inc. And Its Debtor Affiliates Pursuant to Chapter 11 Of the Bankruptcy Code (Additional Technical Modifications)* [ECF 1660] (the "**Plan Confirmation Order**"), the Contract is deemed assumed as of October 24, 2023 (the "**Plan Effective Date**")[1]. Pursuant to 11 U.S.C. §365(b)(1)(A), where (as in the case before the Court) a debtor has defaulted on an executory contract, the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

    (A)    cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .

---

[1] *See, Notice Of (I) Entry Of The Order (A) Approving The Disclosure Statement On A Final Basis And (B) Confirming The Third Amended Joint Chapter 11 Plan Of Blockfi Inc. And Its Debtor Affiliates Pursuant to Chapter 11 Of the Bankruptcy Code (Additional Technical Modifications) And (II) Occurrence of The Effective Date* [ECF 1788] (the "**Effective Date Notice**").

**Attachment 1 to Request for Payment of Administrative Expense of Slack Technologies, LLC**

    (B)    compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C)    provides adequate assurance of future performance under such contract or lease.

"Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements... In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.". *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3rd Cir. 2003) (emphasis added); *cf. In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . .").

Here, Salesforce's books and records show that from and after November 28, 2022 (the "**Petition Date**") through the Effective Date (A) the Debtors have failed to pay all Fees due and owing pursuant to the Salesforce Contract, and (B) as of this date, an amount not less than $$140,599.00 (*i.e.,* the Salesforce Cure Amount) is due and owing, but unpaid, pursuant to the Salesforce Contract.

Further, Creditor asserts that, the Debtor is obligated to make all payments that become due and owing pursuant to the Contract according to the terms of such contract for Services provided from and after the Petition Date.

More specifically, Creditor represents that the Salesforce Cure Amount is an Administrative Expense Claim that accrued from and after the Petition Date through the Plan Effective Date and all such amounts, subject to 11 U.S.C. §503(b), constitute administrative expenses and, therefore, all such amounts are entitled to priority in payment as permitted by 11 U.S.C. §507.

A summary of the claim amount is set forth below.

| Invoice No. | Date | Invoice Due Date | Service Dates | Balance Due | Post-Petition Balance | Amount Paid |
|---|---|---|---|---|---|---|
| CI-US-26288 | 31-Jan-23 | 2-Mar-23 | 1/31/23 to 7/30/23 | $112,396.06 | $ 18,732.66 | $ 93,663.40 |
| 26727834 | 30-Jul-23 | 29-Aug-23 | 7/31/23 to 1/30/24 | $112,500.00 | $ 112,500.00 | |
| | | | | | $ 131,262.66 | $ 93,663.406 |

This Proof of Claim is filed to protect the Creditor from forfeiture of its Claim. The execution and filing of this Proof of Claim is not: (a) a waiver or release of the Creditor's rights against any other entity or person liable for all or part of the Claim; (b) a consent by the Creditor to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Creditor; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection or other proceedings commenced with

**<u>Attachment 1 to Request for Payment of Administrative Expense of Slack Technologies, LLC</u>**

respect thereto or any other proceeding commenced in this case against or otherwise involving the Creditor; or (d) an election of remedy which waives or otherwise affects any other remedy.

The Creditor expressly reserves all rights, including without limitation, its rights to file other Proofs of Claim or requests for allowance and payment of any administrative expense with respect to the Claim set forth herein or otherwise (which proof of claim or request, if so filed, shall not be deemed to supersede this claim), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an amended claim or to file additional Proofs of Claim for claims not covered by this claim. Notwithstanding anything contained in this Proof of Claim, Creditor expressly reserves its rights with respect to the Claim set forth herein or any other claims, cause of action, chose in action, and preserves all rights including, without limitation, to assert its rights against any third party whatsoever, raiser counterclaims or cross-claims, or assert defenses to any claims asserted by any party-in-interest with respect to the Claim.

Creditor asserts the following additional claims including, without limitation, (i) the right to claim administrative expense priority for any unsecured portion of the Claim; (ii) interest, attorneys' fees and costs which continue to accrue and be incurred; (iii) rights to estimate contingent and assert additional claims if contingent claims are estimated and/or liquidated; and (iv) any other claim Creditor may have against the Debtor relating to or incidental to any loans made by Creditor to the Debtor (collectively, the "Additional Claims"). Notwithstanding anything to the contrary as may be set forth in the Proof of Claim, Creditor expressly reserves and preserves all rights with regard to the Additional Claims.