Jeffrey M. Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Ste. 124
Hackensack, NJ 07601
(646) 974-8650
jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

*-and-*

Elise S. Frejka
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800
*Fee Examiner*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., et al.,[1]<br><br>Debtors. | Case No. 22-19361 (MBK)<br><br>Judge Michael B. Kaplan<br><br>Chapter 11<br><br>(Jointly Administered) |

<div align="center">

**NOTICE OF THE FEE EXAMINER'S**
**CONSOLIDATED FINAL REPORT REGARDING SECOND INTERIM**
**FEE APPLICATIONS OF PROFESSIONALS RETAINED BY THE DEBTORS**

</div>

**PLEASE TAKE NOTICE** that attached hereto is the *Fee Examiner's Consolidated*

*Final Report Regarding Second Interim Fee Applications of Professionals Retained by the*

*Debtors* submitted by Elise S. Frejka, the fee examiner in the above-captioned cases.

Date: December 1, 2023

 /s/ Jeffrey Traurig
Jeffrey Traurig
TRAURIG LAW LLC
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Elise S. Frejka
*Fee Examiner*
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors. | (Jointly Administered) |

## FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING SECOND INTERIM FEE APPLICATIONS OF PROFESSIONALS RETAINED BY THE DEBTORS

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned chapter 11

cases (the "Chapter 11 Cases") submits this final report (the "Final Report") pursuant to the

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order") [Dkt. No.

925] in connection with the applications for allowance of compensation for professional services

rendered and for reimbursement of actual and necessary expenses (each, a "Fee Application,"

and together, the "Fee Applications") of the following professionals retained by the above-

captioned debtors (the "Debtors"): (I) Kirkland and Ellis LLP and Kirkland and Ellis

International LLP ("K&E"), Co-Counsel to the Debtors [Dkt. No. 1616]; (II) Haynes and Boone,

LLP ("HB"), Co-Counsel to the Debtors [Dkt. No. 1575]; (III) Cole Schotz P.C. ("Cole Schotz"),

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

Local Counsel to the Debtors [Dkt. No. 1572]; (IV) Moelis & Company LLC ("Moelis"), Investment Banker, Capital Markets Advisor and Financial Advisor to the Debtors [Dkt. No. 1580]; (V) Deloitte Tax LLP ("Deloitte Tax") [Dkt. No. 1513]; and (VI) Kroll Restructuring Administration LLC, Administrative Advisor to the Debtors [Dkt. No 1571].

### Case Background

1.      On November 28, 2022 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases.

3.      On December 21, 2022, the United States Trustee for Region 3 (the "U.S. Trustee"), appointed an official committee of unsecured creditors (the "Committee") [Dkt. Nos. 130, 131].

4.      On August 3, 2023, the Debtors filed their *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1309] (the "Plan") and their *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1310] (the "Disclosure Statement").

5.      On October 3, 2023, the Court entered the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint*

*Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the*

*Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11*

*Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

*(Technical Modifications)* [Dkt. No. 1655].

6.      On October 24, 2023, the Debtors filed the *Notice of (I) Entry of the Order (A)*

*Approving the Disclosure Statement on a Final Basis and (B) Confirming the Third Amended*

*Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the*

*Bankruptcy Code (Additional Technical Modifications) and (II) Occurrence of the Effective Date*

[Dkt. No. 1788].

### Fee Examiner Order

7.      On May 17, 2023, after recognizing the size and complexity of the Chapter 11

Cases, the Court entered the Fee Examiner Order to assist the Court in its determination of

whether applications for compensation are compliant with the Bankruptcy Code, all applicable

Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation*

*and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, at 28 C.F.R. Part 58, Appendix A,

and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of

November 1, 2013, at 28 C.F.R. Part 58, Appendix B (together, the "UST Guidelines"), and the

*Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim*

*Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*

entered on January 17, 2023 (the "Interim Compensation Order") [Dkt. No. 307].

8.      Under paragraphs 5 and 10 of the Fee Examiner Order, the Fee Examiner was

charged by the Court with, among other things: (a) reviewing the interim and final fee

3

applications filed by each applicant in these Chapter 11 Cases, along with the fee detail related

thereto; (b) reviewing any relevant documents filed in these Chapter 11 Cases to be generally

familiar with these cases and the dockets; (c) within sixty (60) days after the filing of the first

interim application (and forty-five (45) days for any subsequent fee application), serving an

initial report on the applicant addressing whether the requested fees, disbursements and expenses

are substantially in compliance with the applicable standards of sections 330 of the Bankruptcy

Code and Local Rule 2016-1, and the U.S. Trustee Fee Guidelines; (d) engaging in written

communication with each applicant, the objective of which is to resolve matters raised in the

initial report and endeavor to reach consensual resolution with each applicant with respect to the

applicant's requested fees and expenses; and (e) following communications between the Fee

Examiner and the applicant, and the Fee Examiner's review of any supplemental information

provided by such applicant in response to the initial report, conclude the information resolution

period by filing with the Court a final report with respect to each application at least ten (10)

days before the hearing date on the relevant application.  The final report shall be in a format

designed to quantify and present factual data relevant to whether the requested fees and expenses

of each applicant are substantially in compliance with the applicable standards of sections 330 of

the Bankruptcy Code and Local Rule 2016-1, and whether the applicant has made a reasonable

effort to comply with the UST Guidelines.  The final report shall also inform the Court of all

proposed consensual resolutions of the fee and/or expense reimbursement request for each

applicant.

9.      In accordance with the Fee Examiner Order, the Fee Examiner reviewed the Fee

Applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the Interim Compensation Order, and the UST Guidelines.  In addition,

the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent

established by the District Court and Bankruptcy Court for the District of New Jersey, the Third

Circuit Court of Appeals, and other applicable precedent.  This process consisted of a detailed

substantive review of the time and expense records by the Fee Examiner using her expertise and

judgment to identify noncompliant timekeeping practices and other areas of concern.

10.      Due to the size and complexity of these Chapter 11 Cases, the Fee Examiner

reviewed the time entries supporting the Fee Applications on a monthly basis, to the extent that

LEDES or other electronic files were provided.  Areas of general concern to the Fee Examiner

during her review were the role of each attorney attending hearings and meetings so that she

could assess case staffing issues and the benefit to the estate of certain work streams that the Fee

Examiner deemed administrative in nature in addition to general concerns about block billing

and vague entries.

11.      The Fee Examiner issued an informal initial report to each Retained Professional

to the extent she had any issues, questions, or concerns.  Each initial report detailed the Fee

Examiner's preliminary recommendations with respect to the specific Fee Application and, to the

extent necessary, identified specific time or expense entries that required further information to

assess compliance with the Bankruptcy Code, the Local Rules, and the UST Guidelines.

## **Governing Statutory Sections**

12.      Section 330 of the Bankruptcy Code provides:

> (a)(1) After notice to the parties in interest and the United States Trustee
> and a hearing, and subject to sections 326, 328, and 329, the court may
> award to a trustee, a consumer privacy ombudsman appointed under
> section 332, an examiner, an ombudsman appointed under section 333, or
> a professional person employed under section 327 or 1103—
>
> > (A) reasonable compensation for actual, necessary services
> > rendered by the trustee, examiner, ombudsman,
> > professional person, or attorney and by any

paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I)  reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

> (6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 330.

13.     Section 330 of the Bankruptcy Code allows a bankruptcy court to award "reasonable compensation for actual, necessary services rendered by . . . professional[s]." 11 U.S.C. § 330(a)(1)(A).  Reasonable compensation under section 330 is based on the nature, extent and value of the services, taking into account "all relevant factors . . . ." 11 U.S.C. § 330(a)(3).

14.     The statute enumerates six (6) relevant factors that the court must consider to determine whether the fees are reasonable:

- The time spent on such services;
- The rates charged for such services;
- Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the cases;
- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed;
- With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

11 U.S.C. § 330(a)(3)(A)-(F).

15.     Although the statute does specifically list factors to review when determining the reasonableness of fees, the list itself is not exhaustive.  See 11 U.S.C. § 102(3) (terms "includes" and "including" are not limiting).  Thus, the Court is "itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and

proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." See Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940).

16.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261 (3d Cir. 1995).  The failure of an applicant to sustain the burden of proof as to the reasonableness of the compensation may result in the denial of the requested compensation.  See Brake v. Tavormina (In re Beverly Mfg. Co.), 841 F.2d 365, 369 (11th Cir. 1988).  Where appropriate, section 330 expressly authorizes this Court to award less than the amount requested by the fee applicant.  See 11 U.S.C. § 330(a)(2).  In re Bennett Funding Grp., Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) ("Interim fee applications submitted pursuant to Code § 331 . . .  are judged under the same standards as final applications under Code § 330.").

17.    Professional services are considered "actual and necessary" if they benefit the estate.  In re APW Enclosure Sys., No. 06-11378, 2007 WL 3112414, at *3 (Bankr. D. Del. Oct. 23, 2007).  Success is not required, but rather the court "must conduct an objective inquiry based upon what services a reasonable professional would have performed in the same circumstances." In re Channel Master Holdings, Inc., 309 B.R. 855, 861-62 (Bankr. D. Del. 2004) (quoting In re Cenargo Int'l., PLC 294 B.R. 571 (Bankr. S.D.N.Y. 2003); see also In re Jefsaba, Inc., 172 B.R. 786, 799 (Bankr. E.D. Pa. 1994) ("[S]o long as there was a reasonable chance of success which outweighed the cost in pursuing the action, the fees relating thereto are compensable.").  The test of what is necessary cannot be applied in hindsight.  If at the time the work is performed, it reasonably appears that it would benefit the estate, it may be compensated." In re Berg, No. 05-

39380 (DWS), 2008 WL 2857959 at *7 (Bankr. E.D. Pa. July 21, 2008); <u>see also</u> <u>Cenargo</u>, 294

B.R. at 595 (when determining what is necessary, courts do not attempt to "invoke perfect

hindsight.").

18.    The Fee Examiner focused her review on the following issues:

    a.  Vague time entries that do not include complete activity descriptions that are sufficiently detailed to allow the reviewer to determine whether the time billed is actual, reasonable and necessary (hereinafter, "<u>Vague Time Entries</u>");

    b.  Block billed or "lumped" time entries that do not clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, the level of experience, and that person's hourly rate as required by the UST Guidelines at C.9(d) (hereinafter, "<u>Block Billing Entries</u>");

    c.  Entries that the Fee Examiner identified as more in the nature of overhead or other administrative activities where the benefit to the Debtors' estate was not readily ascertainable from the time entry (hereinafter "<u>Administrative Entries</u>");

    d.  Time entries where the sub-parts of a particular time entry did not equal the amount of time that was actually charged (hereinafter, "<u>Over/Under Billing Entries</u>");

    e.  Duplicate time entries (hereinafter, "<u>Duplicate Entries</u>") where based upon the narrative the Fee Examiner was unable to ascertain if the timekeeper undertook separate tasks or the entry was duplicative;

    f.  Time charges attributable to transitory timekeepers who billed less than five (5) hours per month during the Fee Period (hereinafter, "<u>Transitory Timekeepers</u>").  The Fee Examiner reviewed the nature of the work performed and the expertise the timekeeper brought to the case and made recommendations specific to the Retained Professionals;

    g.  Staffing inefficiencies where the number of professionals participating in conference calls, meetings, depositions, and hearings appeared excessive and the benefit to the estate appeared minimal or where the Retained Professional staffed the case with summer associates or unadmitted attorneys (hereinafter, "<u>Staffing Inefficiency Entries</u>");

    h.  Professionals with a disproportionate amount of time billed in rounded (.5 or .0) hours (hereinafter, "<u>Rounded Hour Entries</u>");

      i.    Mismatched entries where the professionals participating in conference calls, meetings, depositions and hearings billed differing amounts to the same activity ("Mismatched Time Entries");

      j.    Expense reimbursement-related issues (flights, train travel, taxi/ground transportation, meals, service/booking fees, tips, photocopies/facsimiles, in-flight internet, upgrades, car service, and unknown expenses);

      k.    Whether there was a duplication of effort, or coordination between the professionals retained by the Debtors;

      l.    Budgeted fees vs. actual fees; and

      m.   Compliance with the Interim Compensation Order and the Fee Examiner Order; and

19.    In undertaking her review, the Fee Examiner considered reductions taken by the Retained Professionals in an exercise of their billing discretion prior to submission of the relevant fee application, whether the Retained Professional stayed within budget, and general staffing considerations.

### Fee Examiner's Recommendations

20.    The Final Report covers the Fee Applications of the Retained Professionals engaged by the Debtors covering the time period from April 1, 2023 through July 31, 2023 (and March 1, 2023 through July 31, 2023 for Deloitte Tax) (the "Fee Period").  Per the process described above, the Fee Examiner has reached an agreement with all of the Retained Professionals regarding allowance for the period under review.  The Fee Examiner makes the following specific recommendations as to the fees to be allowed and expenses to be reimbursed:

### Kirkland & Ellis LLP and Kirkland and Ellis International LLP (Co-Counsel to the Debtors)

21.    On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis*

*International LLP as attorneys for the Debtors and Debtors in Possession Effective as of*

*November 28, 2022* [Dkt. No. 133].

22.     On February 1, 2023, the Court entered the *Order Authorizing the Retention and*

*Employment of* Kirkland *& Ellis LLP and Kirkland & Ellis International LLP as Attorneys for*

*the Debtors and Debtors in Possession Effective as of November 28, 2022* (the "<u>K&E Retention</u>

<u>Order</u>") [Dkt. No. 448].  Pursuant to the K&E Retention Order, the Debtors were authorized to

employ K&E as their counsel to render general legal services to the Debtors as needed

throughout the course of the Chapter 11 Cases.  For its services, K&E is compensated on an

hourly basis.

23.     K&E filed the K&E Fee Application for an interim allowance of compensation

for professional services rendered and for reimbursement of actual and necessary expenses for

the Fee Period requesting an interim allowance of compensation for professional services

rendered in the amount of $6,283,704.00 and reimbursement of actual and necessary expenses in

the amount of $1,065,031.40 [Dkt. No. 1616].

24.     During the Fee Period, K&E filed four (4) monthly applications for compensation

as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 06/27/2023 Dkt. 1130 | 04/01/2023 – 04/30/2023 | $2,196,545.00 | $514,547.23 | $1,757,236.00 | $514,547.23 |
| 08/22/2023 Dkt. 1393 | 05/01/2023 – 05/31/2023 | $1,696,606.00 | $484,875.60 | $1,357,284.80 | $484,875.60 |
| 08/22/2023 Dkt. 1394 | 06/01/2023 – 06/30/2023 | $1,083,770.00 | $49,236.45 | $867,016.00 | $49,236.45 |
| 09/20/2023 Dkt. 1542 | 07/01/2023 – 07/31/2023 | $1,306,783.00 | $16,372.12 | $1045,426.40 | $16,372.12 |
| **TOTAL** | | **$6,283,704.00** | **$1,065,031.40** | **$5,026,963.20** | **$1,065,031.40** |

25.     The Fee Examiner notes and appreciates that K&E's timekeeping was exceptional

and substantially in compliance with the UST Guidelines and that she had few, if any issues with

the K&E Fee Application.  The Fee Examiner focused her review on potential duplication of effort between K&E, HB and the other Debtor-professionals, Transitory Timekeepers, Administrative Entries, Mismatched Time Entries, and expense related issues.  After completing her review K&E and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner.  Both the Fee Examiner and K&E reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions.  Accordingly, with regard to the K&E Fee Application, the Fee Examiner recommends allowance of fees in the amount of $6,268,704.00 and reimbursement of expenses in the aggregate amount of $1,065,031.40

**Haynes and Boone LLP (Co-Counsel to the Debtors)**

26.    On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rules 2014-1* [Dkt. No. 134].

27.    On January 24, 2023, the Court entered the *Order Approving the Employment and Retention of Haynes and* Boone*, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "HB Retention Order") [Dkt. No. 393]. Pursuant to the HB Retention Order, the Debtors were authorized to employ HB as their general bankruptcy and restructuring co-counsel to render general legal services to the Debtors as needed throughout the course of the Chapter 11 Cases. For its services, HB is compensated on an hourly basis subject to a discount, calculated on a calendar year basis, equal to 10% off the firm's hourly rates with the discount increasing to (a) 12.5% after the firm has been paid $2.5 million in

such calendar year, and (b) 15% after the firm has been paid $3.5 million in such calendar year.

The discount applicable to the Fee Period was 15%.

28.    HB filed the HB Fee Application for an interim allowance of compensation for

professional services rendered and for reimbursement of actual and necessary expenses for the

Fee Period requesting an allowance of compensation for professional services rendered in the

amount of $4,499,553.40 and reimbursement of actual and necessary expenses in the amount of

$92,745.16 [Dkt. No. 1575].  HB provided a discount to the Debtors, calculated as described in

the preceding paragraph, in the amount of $794,039.10.

29.    During the Fee Period, HB filed (4) monthly applications for compensation as

follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 05/26/2023 Dkt. 1006 | 04/01/2023 – 04/30/2023 | $1,082,213.14 | $27,494.55 | $865,770.51 | $27,494.55 |
| 06/28/2023 Dkt. 1138 | 05/01/2023 – 05/31/2023 | $1,214,975.48 | $19,788.80 | $971,980.38 | $19,788.80 |
| 7/26/2023 Dkt. 1280 | 06/01/2023 – 06/30/2023 | $1,081,033.35 | $16,631.65 | $864,826.68 | $16,631.65 |
| 08/30/2023 Dkt. 1432 | 07/01/2023 – 07/31/2023 | $1,121,331.43 | $28,830.16 | $897,065.14 | $28,830.16 |
| **TOTAL** | | **$4,499,553.40** | **$92,745.16** | **$3,599,642.71** | **$92,745.16** |

30.    The Fee Examiner notes and appreciates that HB's timekeeping was exceptional

and substantially in compliance with the UST Guidelines. The Fee Examiner's initial report

regarding the HB Fee Application identified very minor issues with potentially Mismatched

Time and Administrative Entries but taking into account the discount provided by HB, the Fee

Examiner did not recommend any further reduction or adjustment in light of the strong and

Guideline compliant timekeeping.  Accordingly, with regard to the HB Fee Application, the Fee

Examiner recommends allowance of fees in the amount of $4,499,553.40 and reimbursement of

expenses in the aggregate amount of in the amount of $92,745.16.

**Cole Schotz P.C. (Local Counsel to the Debtors)**

31.     On December 22, 2022, the Debtors filed the Debtors' *Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Dkt. No. 135].

32.     On January 24, 2023, the Court entered the *Order Authorizing the Employment and Retention of Cole Schotz P.C as New Jersey Counsel to the Debtors Nunc Pro Tunc to Petition Date* [Dkt. No. 392] (the "Cole Schotz Retention Order").  Pursuant to the Cole Schotz Retention Order, the Debtors were authorized to employ Cole Schotz as their local counsel to render professional services to the Debtors.  For its services, Cole Schotz P.C. is compensated on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses.

33.     Cole Schotz filed the Cole Schotz Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for Fee Period requesting an interim allowance of compensation for professional services rendered in the amount of $348,436.50 and reimbursement of actual and necessary expenses in the amount of $4,960.63 [Dkt. No. 1572].

34.     During the Fee Period, Cole Schotz filed four (4) monthly applications for compensation as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 05/05/2023 Dkt. 835 | 04/01/2023 – 04/30/2023 | $49,257.00 | $0.00 | $39,405.60 | $0.00 |
| 06/13/2023 Dkt. 1060 | 05/01/2023 – 05/31/2023 | $117,030.50 | $1,377.25 | $93,624.40 | $1,377.25 |
| 07/20/2023 Dkt. 1238 | 06/01/2023 – 06/30/2023 | $88,121.50 | $952.87 | $70,497.20 | $952.87 |
| 08/10/2023 Dkt. 1340 | 07/01/2023 – 07/31/2023 | $94,027.50 | $2,630.51 | $75,222.00 | $2,630.51 |
| **TOTAL** | | **$348,436.50** | **$4,960.63** | **$278,749.20** | **$4,960.63** |

35.     As with the other Debtor professionals, the Fee Examiner notes and appreciates that Cole Schotz's timekeeping was exceptional and substantially in compliance with the UST Guidelines.  The Fee Examiner's initial report regarding the Cole Schotz Fee Application identified certain potentially Duplicate Entries and Administrative Entries and certain expense issues related to car service and photocopies.

36.     Cole Schotz and the Fee Examiner engaged in a dialogue to address and resolve the issues raised by the Fee Examiner's initial report.  Both the Fee Examiner and Cole Schotz reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions.  Accordingly, with regard to the Cole Schotz Fee Application, the Fee Examiner recommends allowance of fees in the amount of $348,436.50 and reimbursement of expenses in the aggregate amount of in the amount of $2,204.92.

**Moelis & Company LLC (Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors)**

37.     On December 23, 2022, the Debtors filed the *Application of the Debtors and Debtors in Possession for Entry of an Order Authorizing the Retention and Employment of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor Effective as of the Petition Date* [Dkt. No. 139].

38.     On February 16, 2023, the Court entered the *Order Authorizing Employment and Retention of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Moelis Retention Order") [Dkt. No. 526].  For its services during the Fee Period, Moelis agreed to a monthly fee and certain fees related to the sale of assets pursuant to Moelis' engagement letter as modified by the Moelis Retention Order.

39.     Moelis filed the Moelis Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the Fee Period requesting an allowance of compensation for professional services rendered in the amount of $800,000.00 and reimbursement of actual and necessary expenses in the amount of $20,766.63 [Dkt. No. 1580].  As set forth in the Moelis Retention Order, Moelis' compensation is governed by section 328 of the Bankruptcy Code.

40.     During the Fee Period, Moelis filed four (4) monthly applications for compensation as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 05/22/2023 Dkt. 974 | 04/01/2023 – 04/30/2023 | $200,000.00 | $2,765.67 | $160,000.00 | $2,765.67 |
| 06/30/2023 Dkt. 1145 | 05/01/2023 – 05/31/2023 | $200,000.00 | $2,608.19 | $160,000.00 | $2,608.19 |
| 09/14/2023 Dkt. 1503 | 06/01/2023 – 06/30/2023 | $200,000.00 | $6,100.35 | $160,000.00 | $6,100.35 |
| 09/18/2023 Dkt. 1515 | 07/01/2023 – 07/31/2023 | $200,000.00 | $9,292.42 | $160,000.00 | $9,292.42 |
| **TOTAL** | | **$800,000.00** | **$20,766.63** | **$640,000.00** | **$20,766.63** |

41.     The Fee Examiner reviewed the Moelis Retention Order and confirmed the monthly fees were billed appropriately and further confirmed that the time charges were adequately supported by the time records.  Further, the Fee Examiner reviewed the expenses submitted by Moelis, and after a productive dialogue with Moelis, recommends allowance as

requested.  As such, the Fee Examiner recommends allowance of fees in the amount of

$800,000.00 and reimbursement of expenses in the amount of $20,766.63 as requested in the

Moelis Fee Application.

**Deloitte Tax LLP (Tax Services Provider to the Debtors)**

42.    On May 16, 2023, the Debtors filed the *Debtors' Application for Entry of an*

*Order (I) Authorizing the Debtors to Retain and Employ Deloitte Tax as Tax Services Provider*

*Effective as of March 1, 2023 and (II) Granting Related Relief* [Dkt. No. 921].

43.    On June 23, 2023, the Court entered the *Amended Order (I) Authorizing the*

*Debtors to Retain and Employ Deloitte Tax as Tax Services Provider Effective as of March 1,*

*2023 and (II) Granting Related Relief* [Dkt. No. 1111].  Pursuant to the Deloitte Tax Retention

Order, the Debtors were authorized to employ Deloitte Tax as their tax services provider. For its

services, Deloitte Tax is compensated on an hourly basis and a fixed fee basis depending on the

services rendered in accordance with the engagement letters between the Debtors and Deloitte

Tax.

44.    Deloitte Tax filed the Deloitte Tax Fee Application for an interim allowance of

compensation for professional services rendered and for reimbursement of actual and necessary

expenses for period March 1, 2023 through July 31, 2023 requesting an interim allowance of

compensation for professional services rendered in the amount of $608,099.50 and

reimbursement of actual and necessary expenses in the amount of $0.00[2] [Dkt. No. 1513].

45.    During the Fee Period, Deloitte Tax filed four (4) monthly applications for

compensation and requested additional amounts for July 2023 in the Deloitte Tax Fee

Application as follows:

---

[2]  Deloitte Tax included expenses in the amount of $808.76 in the monthly applications for compensation but
    voluntarily reduced this amount to $0.00 in the Deloitte Fee Application.

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 07/24/2023 Dkt. 1267 | 03/01/2023 – 03/31/2023 | $21,766.00 | $0.00 | $17,412.80 | $0.00 |
| 07/24/2023 Dkt. 1268 | 04/01/2023 – 04/30/2023 | $19,662.00 | $0.00 | $15,729.60 | $0.00 |
| 07/24/2023 Dkt. 1269 | 05/01/2023 – 05/31/2023 | $206,883.00 | $691.42 | $165,506.40 | $691.42 |
| 09/04/2023 Dkt. 1441 | 06/01/2023 – 06/30/2023 | $182,909.00 | 117.34 | $146,327.20 | 117.34 |
| 09/15/2023 Dkt. 1513 | 07/01/2023 – 07/31/2023 | $176,879.50 | $0.00 | $0.00 | $0.00 |
| TOTAL | | $608,099.50 | $808.76 | $344,976.00 | $808.76 |

46.     The Fee Examiner reviewed the time entries supporting the Deloitte Fee Application and the engagement letters to confirm that Deloitte Tax billing was in compliance with the underlying agreements.  Thereafter, the Fee Examiner's initial report regarding the Deloitte Tax Fee Application identified certain time entries that could be characterized as administrative in nature.

47.     Deloitte Tax and the Fee Examiner engaged in a dialogue to address and resolve the issues raised by the Fee Examiner's initial report.  Both the Fee Examiner and Deloitte Tax reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the Deloitte Tax Fee Application, the Fee Examiner recommends allowance of fees in the amount of $607,099.50 and reimbursement of expenses in the aggregate amount of in the amount of $0.00.

**Kroll Restructuring Administration LLC (Administrative Advisor to the Debtors)**

48.     On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Dkt. No. 136].

49.      On February 7, 2023, the Court entered the *Order Authorizing the Debtors'*
*Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor*
*Nunc Pro Tunc to the Petition Date* [Dkt. No. 486].  Pursuant to the Kroll Retention Order, the
Debtors were authorized to employ Kroll as their administrative advisor to, among other things
and as relevant to the Kroll Fee Application, assist with the preparation of the Debtors' schedules
of assets and liabilities and statements of financial affairs. For its services, Kroll is compensated
on an hourly basis.

50.      Kroll filed the Kroll Fee Application for an interim allowance of compensation
for professional services rendered and for reimbursement of actual and necessary expenses for
Fee Period requesting an allowance of compensation for professional services rendered in the
amount of $34,716.97 and reimbursement of actual and necessary expenses in the amount of
$0.00 [Dkt. No. 1571].

51.      During the Fee Period, Kroll filed four (4) monthly applications for compensation
covering four (4) months as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 05/25/2023 Dkt. 1147 | 04/01/2023 – 04/30/2023 | $3,500.30 | $0.00 | $2,800.24 | $0.00 |
| 07/03/2023 Dkt. 1147 | 05/01/2023 – 05/31/2023 | $8,250.52 | $0.00 | $6,600.42 | $0.00 |
| 07/25/2023 Dkt. 1273 | 06/01/2023 – 06/30/2023 | $1,927.80 | $0.00 | $1,542.24 | $0.00 |
| 08/24/2023 Dkt. 1403 | 07/01/2023 – 07/31/2023 | $21,038.35 | $0.00 | $16,830.68 | $0.00 |
| **TOTAL** | | **$34,716.97** | **$0.00** | **$27,773.58** | **$0.00** |

52.      After her review of the Kroll Fee Application, the Fee Examiner advised Kroll
that she did not have any comments, concerns, or questions with respect to the time entries that
support the Kroll Fee Application.  Accordingly, the Fee Examiner recommends allowance of

fees in the amount of $34,716.97 and reimbursement of expenses in the amount of $0.00 as

requested in the Kroll Fee Application.

## **Conclusion**

For the reasons stated above, and in the absence of any objection to the Fee Applications

of the Retained Professionals, the Fee Examiner recommends that the Court enter an Order,

substantially in the form attached hereto as Exhibit A, on an interim basis and subject to a final

review of the final applications for compensation, granting the interim fee requests of the

Retained Professionals in the amounts recommended, as set forth herein.

Dated:  New York, New York
          December 1, 2023

Respectfully Submitted,

ELISE S. FREJKA

_____

415 East 52nd Street | Suite 3
New York, New York 10022
Phone: 212-641-0800
Facsimile: 212-641-0800

*Fee Examiner*

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

|  |  |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al*.,[1]<br><br><div align="center">Debtors</div> | Case No. 22-19361 (MBK)<br><br>Judge Michael B. Kaplan<br><br>Chapter 11<br><br>(Jointly Administered) |

<div align="center">

**ORDER ALLOWING INTERIM COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES OF THE DEBTORS' RETAINED PROFESSIONALS**

</div>

The relief set forth on the following pages(s), number two (2) through three (3), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)
BLOCKFI INC., et al.
Chapter 11, Case No.: 22-19361 (MBK) (Jointly Administered)
**Order Granting Interim Compensation for the Debtors' Retained Professionals**

Upon the interim fee applications (the "<u>Interim Applications</u>") of the professionals retained in the above-captioned Debtors' chapter 11 cases and listed on **<u>Exhibit A</u>** hereto (collectively, the "<u>Retained Professionals</u>" and each a "<u>Retained Professional</u>") by the Debtors, and this Court having previously authorized the employment of the Retained Professionals in the Debtors' cases; and it appearing that all of the requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and the local rules of this Court have been satisfied; and it further appearing that the fees and expenses incurred were reasonable and necessary; and proper and adequate notice of the Interim Applications has been given and that no other or further notice is necessary; and no objections or other responses having been filed with regard to the Interim Applications; and in consideration of the various recommendations of the fee examiner, Elise S. Frejka (the "<u>Fee Examiner</u>") with respect to the Interim Applications as set forth in the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Debtors* [Docket No. _____]; and the Court having considered the Interim Applications of the Retained Professionals and the Consolidated Report, and good and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

(Page 3)
BLOCKFI INC., et al.
Chapter 11, Case No. : 22-19361 (MBK) (Jointly Administered)
**Order Granting Interim Compensation for the Debtors' Retained Professionals**

1.      The Interim Applications are hereby approved in the amounts set forth on **<u>Exhibit A</u>** attached to this Order.

2.      The Retained Professionals are hereby granted allowance of compensation and reimbursement of expenses in the amounts set forth on **<u>Exhibit A</u>** under the columns entitled "Total Amount Allowed per Court Order (Fees)" and "Total Amount Allowed per Court Order (Expenses)" (jointly, the "<u>Allowed Professional Claims</u>").

3.      The Wind-Down Debtors[2] are hereby authorized and directed to remit to each Retained Professional the full amount of the Allowed Professional Claims less any and all amounts previously paid on account of such fees and expenses.  Without limiting the foregoing, any amounts previously held back with respect to the period covered by the Interim Applications may be released in payment of the Allowed Professional Claims.

4.      This Order shall constitute a separate order for each Retained Professional and the appeal of any order with respect to any Retained Professional shall have no effect on the authorized fees and expenses of the other Retained Professionals.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

---

[2] As defined in the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications).

**EXHIBIT A**

BLOCKFI INC., et al. Case No.: 22-19361 (MBK)

| Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Total Amount Allowed per Court Order (Fees) | Total Amount Allowed per Court Order (Expenses) |
|---|---|---|---|---|---|---|---|
| Kirkland & Ellis LLP and Kirkland and Ellis International LLP, *Co-Counsel to the Debtors* (Dkt. No. 1616) | 04/01/2023 – 07/31/2023 | $6,283,704.00 | $15,000.00 | $1,065,031.40 | $0.00 | $6,268,704.00 | $1,065,031.40 |
| Haynes and Boone, LLP, *Co-Counsel to the Debtors* (Dkt. No. 1575) | 04/01/2023 – 07/31/2023 | $4,499,553.40 | $0.00 | $92,745.16 | $0.00 | $4,499,553.40 | $92,745.16 |
| Cole Schotz P.C., *Local Counsel to the Debtors* (Dkt. No. 1572) | 04/01/2023 – 07/31/2023 | $348,436.50 | $0.00 | $4,960.63 | $2,755.71 | $348,436.50 | $2,204.92 |
| Moelis & Company LLC, *Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors* (Dkt. No. 1580) | 04/01/2023 – 07/31/2023 | $800,000.00 | $0.00 | $20,766.63 | $0.00 | $800,000.00 | $26,766.63 |
| Deloitte Tax LLP (*Tax Services Provider to the Debtors*) (Dkt. No. 1513) | 03/01/2023 – 7/31/2023 | 608,099.50 | $1,000.00 | $0.00 | $0.00 | $607,099.50 | $0.00 |
| Kroll Restructuring Administration LLC, *Administrative Advisors to the Debtors* (Dkt. No. 1571) | 04/01/2023 – 07/31/2023 | $34,716.97 | $0.00 | $0.00 | $0.00 | $34,716.97 | $0.00 |