**EXHIBIT "A"**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>       DClarke@genovaburns.com<br>       GKinoian@genovaburns.com<br>*Proposed Local Counsel for the Official*<br>*Committee of Unsecured Creditors* | **Order Filed on February 23, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

## ORDER AUTHORIZING RETENTION OF

## GENOVA BURNS LLC EFFECTIVE DECEMBER 29, 2022

The relief set forth on the following page is **ORDERED**.

**DATED: February 23, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

Upon the applicant's request for authorization to retain Genova Burns LLC as Local Counsel to the Official Committee of Unsecured Creditors (the "Committee"), it is hereby ORDERED:

1. The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Genova Burns as local counsel to the Committee.

    The professional's address is: GENOVA BURNS LLC
    110 Allen Road, Suite
    304 Basking Ridge, NJ
    07920

2. Genova Burns shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court. Genova Burns also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines, as well as the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Genova Burns in these Cases.

3. Genova Burns will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Genova Burns' fee applications in these Cases.

4. Genova Burns will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category).

5. Genova Burns will provide all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

6. Genova Burns shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Cases.

7. Prior to applying any increases in its hourly rates, Genova shall provide ten-business-days' notice of any such increases to the Debtor, the U.S. Trustee, and the Committee, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Genova Burns shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Genova Burns to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. No agreement or understanding exists between Genova Burns and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall Genova Burns share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

10. Upon entry of a final order on the *Debtors' Motion For Entry Of An Order (I) Authorizing The Debtors To File A Consolidated List Of Top 50 Unsecured Creditors And Consolidated List Of Creditors, (II) Authorizing The Debtors To Redact Certain Personally Identifiable Information Of Individual Creditors, Clients, Equity Holders, And Current And Former Employees, (III) Authorizing Client Name Redaction, (IV) Waiving The Requirement To File An Equity List And Provide Notices Directly To Equity Security Holders, And (V) Granting Related Relief* [Docket No. 4], Genova Burns will disclose the information that the Court orders to be unredacted, if any, through a supplemental declaration. Further, if the Court denies the *Motion Of The Official Committee Of Unsecured Creditors To Seal The Names Of Certain Confidential Transaction Parties Interest Related To The Committee's Professional Retention Applications And For Related Relief* [Docket No. 403], Genova Burns will, through a supplemental declaration, disclose the identities of all counterparties that were filed under seal, and the connections of Genova Burns to such potential counterparties.

11. The effective date of retention is December 29, 2022.

16883962v1 (25400.001)

3