# Exhibit "A"

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Local Counsel for the Official*<br>*Committee of Unsecured Creditors* | Order Filed on March 20, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                         Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

### ORDER AUTHORIZING RETENTION
### OF M3 ADVISORY PARTNERS, LP

The relief set forth on the following page is **ORDERED**.

**DATED: March 20, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the applicant's request for authorization to retain M3 Partners as Financial Advisor, it is hereby ORDERED:

1.      The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ M3 Advisory Partners, LP as financial advisor to the Committee.

  The professional's address is:  M3 Advisory Partners, LP
                   1700 Broadway, 19th Floor
                   New York, NY 10019

2.      M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court. M3 also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines, as well as the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by M3 in these chapter 11 cases.

3.      The effective date of retention is January 4, 2023.

4.      M3 shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-1 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

5.      M3 will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of M3's fee applications in these cases.

6.      M3 will use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1; United States Trustee Large Case Fee Guidelines - Summary of Compensation

Requested by Project Category).

7. M3 will provide all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

8. M3 shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Cases.

9. Notwithstanding anything in the Application and the Certification of Professional in Support of Application For Retention of Professional (the "Meghji Certification") to the contrary, M3 shall (i) to the extent that M3 uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that M3 pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for M3; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

10. In the event that M3 seeks reimbursement from the Estate for attorneys' fees and expenses pursuant to the Application during the pendency of these Cases, the invoices and supporting time records for the attorneys' fees and expenses shall be included in M3's own fee applications, both interim and final, and such invoices and time records shall be subject to any United States Trustee Guidelines and in compliance with the Local Bankruptcy Rules, and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of M3's independent legal counsel.

11. Prior to applying any increases in its hourly rates, M3 shall provide ten-business-days' notice of any such increases to the Debtor, the U.S. Trustee, and the Committee appointed in the Debtors' chapter 11 cases and shall file such notice with the Court. The U.S. Trustee retains all

2

rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Such services other than set forth in the Application that the Committee may request that M3 provide during these Cases, and as agreed to by M3, shall be subject to separate application and order of this Court.

13. In the event M3 seeks to use any of its affiliates to perform services for the Committee, the Committee shall seek and apply for the separate retention of any such affiliates.

14. None of the fees payable to M3 shall constitute a "bonus" or fee enhancement under applicable law.

15. To the extent that the Application or Meghji Certification are inconsistent with this Order, the terms of this Order shall govern.

16. No agreement or understanding exists between M3 and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall M3 share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

17. Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information [Docket No. 4], M3 will disclose the information that the Court orders to be unredacted, if any, through a supplemental certification. Further, if the Court denies the Motion of the Committee to Seal the Names of Certain Confidential Transaction Parties In Interest Related to the Committee's Professional Retention Applications and For Related Relief [Docket No. 403], M3 will, through a supplemental certification, disclose the identities of all counterparties that were filed under seal, and the connections of M3 to such potential counterparties.

16883960v1 (25400.001)