| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>   -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Local Counsel for the Official Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (202) 536-1700<br>Fax: (202) 536-1701<br>Email: spalley@brownrudnick.com<br><br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, MA 02111<br>Tristan Axelrod, Esq.<br>Sharon I. Dwoskin, Esq.<br>Telephone: (617) 856-8300<br>Fax: (617) 856-8201<br>Email: taxelrod@brownrudnick.com<br>         sdwoskin@brownrudnick.com |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

**THIRD INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES OF BROWN RUDNICK LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM DECEMBER 29, 2022 THROUGH AND INCLUDING OCTOBER 2, 2023**

TO:   THE HONORABLE MICHAEL B. KAPLAN
      UNITED STATES BANKRUPTCY JUDGE

Brown Rudnick LLP ("Brown Rudnick"), counsel to the Official Committee of Unsecured Creditors (the "Committee"), submits this third interim and final application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Interim Compensation Order") [Docket No. 307], the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Confirmation Order") [Docket No. 1660], and Article II.B of the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609], seeking approval of fees and expenses for the period from December 29, 2022 through October 2, 2023 (the "Final Application Period") in the amount of $10,739,931.00[2] in

---

[2]   Brown Rudnick excluded fees in the amount of $179,611.00 in respect of transient timekeepers and other voluntary reductions.

2

compensation for professional services and $293,491.24[3] in reimbursement of actual and necessary expenses and requests entry of an order substantially in the form submitted herewith. In support of the Application, Brown Rudnick respectfully represents as follows:

1. On November 28, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases"). On October 24, 2023, the effective date (the "Effective Date") [Docket No. 1788] of the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1609] occurred. Between the Petition Date and the Effective Date, the Debtors operated and managed their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 42]. No trustee or examiner has been appointed in the Chapter 11 Cases.

3. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") formed the Committee in these Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors* (the "Notice of Appointment") [Docket. No. 130].[4]

4. On December 29, 2022, the Official Committee of Unsecured Creditors selected Brown Rudnick as counsel, Genova Burns LLC ("Genova Burns" or "Local Counsel") as local counsel, and McCarter & English, LLP ("McCarter & English" or "Efficiency Counsel") as efficiency counsel, each subject to the Court's approval.

---

[3] Brown Rudnick has voluntarily excluded a total of $28,435.17 in costs during the Final Application Period, including $3,403.58 in costs previously requested on the Monthly Fee Statements.

[4] The U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* on December 22, 2022, to reflect certain non-substantive additions. [Docket. No. 131].

3

5. On February 23, 2023, the Court approved the retention and employment of Brown Rudnick as counsel [Docket No. 544] and Genova Burns as local counsel [Docket No. 543], and on March 7, 2023, approved the retention and employment of McCarter & English as efficiency counsel [Docket No. 588], each *nunc pro tunc* to December 29, 2023.

6. On June 15, 2023, Brown Rudnick filed its *First Interim Application for Allowance of Fees and Reimbursement of Expenses of Brown Rudnick LLP, as Counsel to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses Incurred for the Period of December 29, 2022 Through and Including April 30, 2023* (the "First Interim Application") [Docket No. 1074]. On September 21, 2023, the Court allowed $6,592,442.50 of fees and $205,585.02 of costs pursuant to the First Interim Application [Docket No. 1545].

7. On September 15, 2023, Brown Rudnick filed its *Second Interim Application for Allowance of Fees and Reimbursement of Expenses of Brown Rudnick LLP, as Counsel to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses Incurred for the Period of May 1, 2023 Through and Including July 31, 2023* (the "Second Interim Application") [Docket No. 1507].[5]

8. This Application is Brown Rudnick's third interim and final application for allowance of compensation for services rendered and for reimbursement of expenses. The First Interim Application and the Second Interim Application are incorporated herein by reference. Brown Rudnick filed a total of nine (9) monthly fee statements for the period from December 29, 2022 through September 30, 2023 (together, the "Monthly Fee Statements") [Docket Nos. 617,

---

[5] As of the date hereof, the Fee Examiner has issued her final report concerning the Second Interim Application [Docket No. 1947], and the Court has not allowed amounts requested pursuant to the Second Interim Application on a final basis.

4

698, 734, 872, 1087, 1189, 1345, 1534, and 1712]. Brown Rudnick filed Monthly Fee Statements for the months of August 2023 and September 2023 [Docket Nos. 1534, and 1712, respectively]. These two fee statements were not reflected on a prior interim fee application. The Monthly Fee Statements were also served upon the Debtors, the U.S Trustee, and the other notice parties in accordance with the provisions of the Interim Compensation Order and are incorporated herein by reference. This Application also includes (i) a request for payment of services rendered and for reimbursement of expenses incurred for the first two days of October (*i.e.*, the period of October which preceded the date that the Court Confirmed the Plan) in accordance with paragraph 91 of the Confirmation Order,[6] (ii) $2,040.00 in costs not previously included on a Monthly Fee Statement,[7] and (iii) $30,241.00 of fees related to preparation of this Application.[8]

**SUMMARY OF SERVICES PERFORMED BY
BROWN RUDNICK DURING THE FINAL APPLICATION PERIOD**

9. The services rendered by Brown Rudnick during these Chapter 11 Cases can be grouped into the categories set forth below. Brown Rudnick attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. The following provides a narrative description of project categories to which attorneys and paraprofessionals of Brown Rudnick dedicated the most significant time (i.e., time charges in excess of $50,000 in the aggregate) during the Final Application Period:

---

[6] Paragraph 91 of the Confirmation Order provides "All final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred *prior to the Confirmation Date* must be Filed no later than forty-five (45) days after the Effective Date." (emphasis added). An invoice for the first two days of October is attached hereto as Exhibit B.

[7] An invoice for the $2,040.00 of costs not previously included on a Monthly Fee Statement is attached hereto as Exhibit C.

[8] An invoice for the $30,241.00 of fees related to preparation of this Application is attached hereto as Exhibit D.

5

(a)     **Case Administration (Matter 0002): Fees: $145,925.50; Total Hours: 249.2.** These fees include all services rendered by Brown Rudnick with respect to the general administration of these cases on behalf of the Committee and may also include specific matters that are not readily classifiable into other more specific matters. This category includes time expended by Brown Rudnick monitoring the case docket, maintaining the case calendar, circulating pertinent filings, coordinating internally to optimize workstreams, preparing materials ahead of upcoming hearings, and handling all other day-to-day administrative matters in connection with these cases and Brown Rudnick's representation of the Committee.

(b)     **Meetings and Communications with Creditors (Matter 0003): Fees: $1,085,737.00; Total Hours: 889.1.** These fees include all services rendered by Brown Rudnick relating to in-person or virtual meetings with the Committee. Due to the size and complexity of this case, it was necessary for Brown Rudnick to meet and consult with the Committee on a regular basis to keep the Committee adequately informed on case developments and strategic decisions. During the Final Application Period, Brown Rudnick and other Committee professionals conducted standing weekly meetings with the Committee, as well as additional meetings and communications as circumstances warranted. Brown Rudnick also prepared weekly updates to the Committee to apprise the Committee of upcoming meetings, deadlines, related case developments, and ongoing workstreams to streamline discussions with the Committee. Further, Brown Rudnick responded to numerous creditor inquiries regarding the status of these Chapter 11 Cases, including questions related to proof of claims and timing of distributions. Brown Rudnick also developed and maintained a website and Twitter account to provide creditors with updates and pertinent information, including but not limited to FAQs, general updates, and open letters to customers.

6

(c) **Employment and Fee Applications (Matter 0004): Fees: $263,192.00[9]; Total Hours: 318.9.** These fees include all services rendered by Brown Rudnick relating to the preparation of its monthly fee statements and interim compensation applications during the Final Application Period. Brown Rudnick prepared and filed nine (9) Monthly Fee Statements covering the period from December 29, 2022 through September 30, 2023, and its First and Second Interim Applications. Brown Rudnick also assisted M3 Partners Advisory, LP ("M3 Partners") and Elementus, Inc. ("Elementus") with the preparation of their fee applications.

(d) **Employment and Fee Objections (Matter 0005): Fees: $102,810.00; Total Hours: 87.5.** These fees include all services rendered by Brown Rudnick reviewing, and conducting diligence into, the Debtors' applications to retain various professionals. During the Final Application Period, Brown Rudnick helped the Committee evaluate the Debtors' proposed retention of Moelis & Company as the Debtors' investment banker. At the direction of the Committee, Brown Rudnick prepared and filed an objection to the Debtor's retention thereof and ultimately resolved the Committee's objection to Moelis' retention.

(e) **Plan and Disclosure Statement (Matter 0006): Fees: $2,239,239.00; Total Hours: 1,880.0.** These fees include all services rendered by Brown Rudnick relating to the Debtors' plan and disclosure statement, which culminated with a global settlement embodied in the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609]. The Plan is the culmination of hard-fought negotiations ultimately leading to a consensual resolution. Brown Rudnick's extensive work on the Plan included objecting to the Debtors' request to extend its exclusivity period [Docket No. 733]; significant research related to

---

[9] This includes $30,241.00 in fees preparing this Application.

7

the development of a Chapter 11 plan and ancillary plan issues, including regulatory issues and plan treatment for the various Debtors' intercompany claims; responding to certain solicitation issues, including filing a motion to remedy same [Docket No. 895]; preparing an objection seeking, among other things, the appointment of a Chapter 11 trustee or conversion of the case to a Chapter 7 liquidation [Docket No. 1131]; participating in Court ordered mediation [Docket No. 1013]; and ultimately working alongside the Debtors to document modifications to the Plan and press for confirmation of the Plan. Brown Rudnick's efforts culminated in a confirmed plan, which, among other things, provided for both (i) a settlement with certain of BlockFi's former officers and directors, and (ii) a litigation trust to pursue several retained claims against third parties (such as FTX/Alameda and 3AC) for the benefit of creditors. The foregoing components of the Plan represent significant additional sources of recovery for creditors, and Brown Rudnick played a pivotal role in negotiating and delivering this material value to the Committee's constituency.

(f)    **Stay Relief/Injunction Litigation (Matter 0007): Fees: $509,537.50; Total Hours: 495.6.** These fees include all services rendered by Brown Rudnick relating to responding to the Department of Justice's request to seize certain assets that are property of BlockFi's estates. Brown Rudnick, at the direction of the Committee, responded to the seizure attempt through the commencement of an adversary proceeding with this Court and obtained multiple temporary restraining orders prohibiting the Department of Justice from seizing the estates' property. Brown Rudnick also expended considerable time in responding to, and ultimately securing an order denying, the Department of Justice's motion to dismiss the adversary proceeding.

(g)    **Non-Working Travel (Matter 0009): Fees: $95,609.00; Total Hours: 163.3.** These fees include all services rendered by Brown Rudnick in traveling to hearings during the

8

pendency of these chapter 11 cases, as well as traveling to the court-ordered mediation to resolve certain contested plan issues.

(h) **Committee Investigation (Matter 0010): Fees: $4,264,262.50; Total Hours: 4,577.6.** These fees include all services rendered by Brown Rudnick in connection with the comprehensive investigation conducted into the Debtors' prepetition activities and events leading up to these Chapter 11 Cases, as well as the various causes of action that may be asserted on behalf of the Debtors' estates. As part of this investigation, Brown Rudnick drafted several information and document requests, reviewed over 30,000 documents produced in discovery, interviewed and deposed over twelve (12) individuals. Brown Rudnick prepared a comprehensive report titled: *Preliminary Report Addressing Question Posed by the Official Committee of Unsecured Creditors: Why Did BlockFi Fail?* The report detailed the actions taken by the Committee as part of its investigation, a summary of the events leading to the commencement of the Chapter 11 Cases, and the Committee's preliminary assessment of causes of action related to the Debtors. The report is available at Docket No. 1202.

(i) **Wallet Motion and Related Analysis (Matter 0011): Fees: $438,280.00; Total Hours: 434.6.** These fees include all services rendered by Brown Rudnick in responding to the Debtors' Wallet Motion[10] requesting Court authority to release funds held in Wallet accounts to customers. Among other things, Brown Rudnick analyzed several issues implicated by the Wallet Motion, including identifying potential avoidable transfers in connection with the transfer of funds into Wallet accounts. The actions of the Ad Hoc Committee of Wallet Account Holders caused the Committee to evaluate, with Brown Rudnick's assistance, whether the transfers initiated by

---

[10] *See Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Wallet Motion") [Docket No. 121].

customers following the Platform Pause[11] should be recognized. Brown Rudnick prepared and filed an objection to the Wallet Motion and a supplemental reply brief outlining the Committee's position and participated in litigation related thereto. Ultimately, Brown Rudnick negotiated a resolution to the Committee's objection to the Wallet Motion, as reflected in the order entered by this Court.

(j) **Claims Administration and Objections (Matter 0012): Fees: $351,650.00; Total Hours: 366.9.** These fees include all services rendered by Brown Rudnick relating to claims administration, objections to claims, and allowance of claims. During the Final Application Period, Brown Rudnick evaluated the treatment of claims arising under the Debtors' various product offerings (*e.g.*, Wallet, BIA, retail/institutional loans, and private client program). This included analysis of, among other things: (i) the potential treatment of customers' loan claims (and potential setoff rights BlockFi customers may hold) and (ii) the intercompany claims held among the Debtors and the resulting impact on creditor recoveries at each Debtor entity as a result thereof. Brown Rudnick also researched and analyzed the impact of claim dollarization and prepared a memorandum on the same for the Committee.

(k) **Tax (Matter 0013): Fees: $337,549.50; Total Hours: 286.7.** These fees include all services rendered by Brown Rudnick relating to research and analysis of the tax implications of proposed distributions under a Chapter 11 plan (or prior interim distributions) and potential tax treatment of customer losses.

(l) **BlockFi v. Emergent Fidelity Technologies (Matter 0014): Fees: $87,780.00; Total Hours: 72.9.** These fees include all services rendered by Brown Rudnick in connection

---

[11] See *id*. at ¶ 6 (defining the attempted transactions that occurred during the period of time after the Debtors had attempted to pause all platform activity).

with this adversary proceeding. Brown Rudnick filed a motion to intervene therein and conducted legal research on several issues in developing its overall strategy. Upon the U.S. government's seizure of the subject collateral at issue in this adversary proceeding and the bankruptcy filing of the adversary defendant Emergent, Brown Rudnick negotiated with the Debtors regarding its proposed stipulation staying all related issues pending the resolution of the U.S. government's investigation.

(m)    **Hearings (Matter 0015): Fees: $211,538.50; Total Hours: 153.6.** These fees include services rendered by Brown Rudnick relating to preparation for, and attendance at, hearings held during the pendency of these cases.

(n)    **Asset Recovery and Analysis (Matter 0017): Fees: $171,688.50; Total Hours: 153.6.** These fees included services rendered by Brown Rudnick related to its participation in the sales process of the Debtors' mining assets. Brown Rudnick prepared and filed a limited objection and reservation of rights to the Debtors' bidding procedures motion, reviewed bids concerning the Debtors' mining assets and the sale of the Debtors' platform, and represented the Committee at the auction of the Debtors' mining assets. Brown Rudnick also worked to ensure the safety of estate funds held at various financial institutions following the collapse of certain of the Debtors' depositories. Brown Rudnick also expended time in analyzing certain issues relating to potential coverage under the Debtors' directors and officers liability policies.

(o)    **Contested Matters (Matter 0020): Fees: $394,922.50; Total Hours: 365.5.** These fees relate to services rendered by Brown Rudnick in analyzing and responding to the various motions filed by the Debtors. Brown Rudnick analyzed the first and second-day motions filed by the Debtors, provided recommendations to the Committee with respect thereto, and negotiated with the Debtors on requested modifications to certain proposed orders. Brown

11

Rudnick also analyzed and prepared and filed pleadings related to, among other things, the Debtors' request to seal customers' personally identifiable information and the Debtor's key employee retention program. This category also includes considerable time expended by Brown Rudnick in researching and analyzing several key issues related to the forum stipulation with the FTX debtors, and ultimately reaching a consensual resolution therewith.

## DISBURSEMENTS

10. Brown Rudnick incurred $293,491.24 as actual and necessary expenses in providing professional services during the Final Application Period. None of these expenses exceeds the maximum rate set by the Guidelines. These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into the Brown Rudnick hourly fees. Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

11. Brown Rudnick asserts that the foregoing services were necessary to the administration of the Chapter 11 Cases and were beneficial to the Committee at the time which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

## SUPPORTING DOCUMENTATION

12. As noted above, Brown Rudnick was retained to serve in the capacity of counsel to the Committee by Order of this Court dated February 23, 2023, which retention was effective *nunc pro tunc* to December 29, 2022.

13. This Application represents Brown Rudnick's third interim and final fee application as counsel to the Committee and covers the period from December 29, 2022 through October 2, 2023.

14. The computerized time sheets included with the Monthly Fee Statements detail the services rendered by the members and associates of Brown Rudnick, the hourly rate charged by each member, associate or paralegal, and the actual time expended in the performance of such services. Said time sheets reflect that Brown Rudnick has expended 10,525.0 hours in performing services for the Committee, resulting in charges of $10,739,931.00. The blended hourly rate charged herein is 1,020.42, which Brown Rudnick believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

15. The Monthly Fee Statements also include a detailed breakdown of all out-of-pocket disbursements incurred by Brown Rudnick in the performance of its duties as counsel to the Committee, which total $293,491.24. In the normal course of Brown Rudnick's practice, expenses are only charged to a client after the expenses are actually incurred by Brown Rudnick.

16. The following Monthly Fee Statements represent the fees and expenses sought in the third interim fee period from August 1, 2023 through and including October 2, 2023 and were not included in the First or Second Interim Applications. The Monthly Fee Statements covering August and September, 2023, were filed with the Court and served pursuant to the Interim Compensation Order:

[*Remainder of this page intentionally left blank*]

| Date Filed and Docket No. | Filing Period | Total Fees (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (Eighth) 9/19/2023 Docket No. 1534 | August 1, 2023 – August 31, 2023 | $342,884.50 | $68,576.90 | $274,307.60 | $9,360.76 |
| (Ninth) 10/11/2023 Docket No. 1712 | September 1, 2023 – September 30, 2023 | $358,074.75 | $71,614.95 | $286,459.80 | $9,625.01 |
| October 1, 2023 through October 2, 2023 Not previously submitted | October 1, 2023 – October 2, 2023 | $18,885.50 | N/A | N/A | $7,284.93 |
| Fee Application Preparation Statement and Previously Unbilled Cost Not previously submitted | October 25, 2023 – December 7, 2023 | $30,241.00 | N/A | N/A | $2,040.00 |
| **TOTAL** | | **$750,085.75** | **$140,191.85** | **$560,767.40** | **$28,310.70** |

17. Annexed hereto and made part hereof as <u>Exhibit A</u> is the Certification of Robert J. Stark with respect to compliance of Local Rules 2016-1 and 2016-3 and the U.S. Trustee Guidelines.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

18. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern a court's award of such compensation. 11 U.S.C. § 331.

19. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:
>
> a.   the time spent on such services;
>
> b.   the fees charged for such services;
>
> c.   whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> d.   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> e.   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20.   As set forth in greater detail below, Brown Rudnick respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code. The services for which it seeks compensation in this Application were necessary for and beneficial to the Committee. Brown Rudnick's request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved. These services were performed without unnecessary duplication of effort by professionals employed by Brown Rudnick. The compensation sought by Brown Rudnick is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. Indeed, Brown Rudnick's monthly fees are comparable with other similarly qualified legal advisors appearing in this and other chapter 11 cases. For all of the foregoing reasons, Brown Rudnick respectfully requests that the Court grant this Application.

15

## SUPPLEMENTAL DISCLOSURE REQUIRED BY UST GUIDELINES

21. Pursuant to Section C.3 of the UST Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

22. The following statements address the information pursuant to Section C.5 of the UST Guidelines:

   a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

   **Answer**: No.

   b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

   **Answer**: The fees sought in this Application are not more than 10% higher as compared to the budget provided in Exhibit E.

   c. **Question**: Have any of the professionals included in this fee application varied their hourly rate based on geographic location of the bankruptcy case?

   **Answer**: No.

   d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

   **Answer**: No.

   e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

16

**Answer**: No.

f. **Question**: If the fee application includes any rate increases in retention: (i) did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: The Application does not include any additional rate increases.

## STATEMENTS OF BROWN RUDNICK

23. No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between Brown Rudnick and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 Cases, nor shall Brown Rudnick share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by Brown Rudnick.

24. Pursuant to Bankruptcy Rule 2016, Brown Rudnick states that no payments have heretofore been made or promised to Brown Rudnick for services rendered or to be rendered in any capacity in connection with these Chapter 11 Cases, except as authorized by the Court in the Retention Order and the Interim Compensation Order.

25. The undersigned has reviewed the requirements of Local Rule 2016-2 and certified that this Application complies with that Local Rule.

26. Notice of this Application has been provided in accordance with the Plan and Confirmation Order. Brown Rudnick submits that no other or further notice need be provided.

27. Brown Rudnick reserves all rights and claims. Without limiting the generality of the foregoing, Brown Rudnick reserves its rights to include any time expended in the Final Application Period in future application(s) if it is not included herein.

WHEREFORE, Brown Rudnick respectfully requests that this Court (i) ratify the prior payments made to Brown Rudnick on account of its monthly fee statements and first and second interim fee applications, (ii) approve and ratify final allowance of compensation and reimbursement of expenses in the amounts of $10,739,931.00 and $293,491.24, respectively, for the Final Application Period, and (iii) grant such other relief as may be just and proper.

New York, New York
Dated: December 8, 2023

Respectfully submitted,

By: */s/ Robert J. Stark*
**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Kenneth J. Aulet, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, NY  10036
Telephone: (212) 209-4800
Fax:           (212) 209-4801
Email:        rstark@brownrudnick.com

Stephen D. Palley, Esq.
601 Thirteenth Street, NW
Washington, DC  20005
Telephone: (202) 536-1700
Fax:           (202) 536-1701
Email:        spalley@brownrudnick.com

Tristan G. Axelrod, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax:           (617) 856-8201
Email:        taxelrod@brownrudnick.com

*Counsel for the Official Committee of Unsecured Creditors*