Jeffrey M. Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Ste. 124
Hackensack, NJ 07601
(646) 974-8650
jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

*-and-*

Elise S. Frejka
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800
*Fee Examiner*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., et al.,[1]<br><br>                           Debtors. | Case No. 22-19361 (MBK)<br><br>Judge Michael B. Kaplan<br><br>Chapter 11<br><br>(Jointly Administered) |

<div align="center">

**NOTICE OF THE FEE EXAMINER'S CONSOLIDATED FINAL**
**REPORT REGARDING FEE APPLICATIONS OF (I) KIRKLAND**
**& ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP**
**(II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC**

</div>

**PLEASE TAKE NOTICE** that attached hereto is the *Fee Examiner's Consolidated*

*Final Report Regarding Final Fee Applications of (i) Kirkland & Ellis LLP & Kirkland & Ellis*

*International LLP; (ii) Cole Schotz P.C.; and (iii) Moelis & Company LLC* submitted by Elise S.

Frejka, the fee examiner in the above-captioned cases.

Date: December 10, 2023

                                _/s/ Jeffrey Traurig_____
                                  Jeffrey Traurig
                                  TRAURIG LAW LLC
                                  One University Plaza, Suite 124
                                  Hackensack, NJ  07601
                                  Tel: (646) 974-8650
                                  E-mail:  jtraurig@trauriglaw.com

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

Elise S. Frejka
*Fee Examiner*
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors. | (Jointly Administered) |

### FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING FINAL FEE APPLICATIONS OF (I) KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP; (II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned chapter 11

cases (the "Chapter 11 Cases") submits this final report (the "Final Report") pursuant to the

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order") [Dkt. No.

925] in connection with the final applications for allowance of compensation for professional

services rendered and for reimbursement of actual and necessary expenses (each, a "Fee

Application," and together, the "Fee Applications") of the following professionals retained by

the above-captioned debtors (the "Debtors"): (I) Kirkland and Ellis LLP and Kirkland and Ellis

International LLP ("K&E"), Co-Counsel to the Debtors [Dkt. No. 1896]; (II) Cole Schotz P.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, New York 10019.

("Cole Schotz"), Local Counsel to the Debtors [Dkt. No. 1897]; and (III) Moelis & Company

LLC ("Moelis, and together with K&E and Cole Schotz, the "Retained Professionals"),

Investment Banker, Capital Markets Advisor and Financial Advisor to the Debtors [Dkt. No.

1796]. The Fee Applications are final fee applications. Each Fee Application seeks approval of

(a) interim compensation for the period August 1, 2023 through October 3, 2023 (the "Third

Interim Period"), and (b) final compensation for the period from the Petition Date (defined

below) through October 3, 2023 on a final basis (the "Compensation Period").

### Case Background

1.       On November 28, 2022 (the "Petition Date"), the Debtors commenced voluntary

cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy

Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

The Debtors are operating their business and managing their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       The Debtors' Chapter 11 Cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"). As of the date hereof, no trustee or examiner has been appointed in these

Chapter 11 Cases.

3.       On December 21, 2022, the United States Trustee for Region 3 (the "U.S.

Trustee"), appointed an official committee of unsecured creditors (the "Committee") [Dkt. Nos.

130, 131].

4.       On August 3, 2023, the Debtors filed their *Third Amended Joint Chapter 11 Plan

of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt.

No. 1309] (the "Plan") and their *Disclosure Statement Relating to the Third Amended Joint*

*Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1310] (the "<u>Disclosure Statement</u>").

5.      On October 3, 2023, the Court entered the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Dkt. No. 1655].

6.      On October 24, 2023, the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) and (II) Occurrence of the Effective Date* [Dkt. No. 1788].

### <u>Fee Examiner Order</u>

7.      On May 17, 2023, after recognizing the size and complexity of the Chapter 11 Cases, the Court entered the Fee Examiner Order to assist the Court in its determination of whether applications for compensation are compliant with the Bankruptcy Code, all applicable Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, at 28 C.F.R. Part 58, Appendix A, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, at 28 C.F.R. Part 58, Appendix B (together, the "<u>UST Guidelines</u>"), and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim*

*Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*

entered on January 17, 2023 (the "Interim Compensation Order") [Dkt. No. 307].

8.      Under paragraphs 5 and 10 of the Fee Examiner Order, the Fee Examiner was

charged by the Court with, among other things: (a) reviewing the interim and final fee

applications filed by each applicant in these Chapter 11 Cases, along with the fee detail related

thereto; (b) reviewing any relevant documents filed in these Chapter 11 Cases to be generally

familiar with these cases and the dockets; (c) within sixty (60) days after the filing of the first

interim application (and forty-five (45) days for any subsequent fee application), serving an

initial report on the applicant addressing whether the requested fees, disbursements and expenses

are substantially in compliance with the applicable standards of sections 330 of the Bankruptcy

Code and Local Rule 2016-1, and the U.S. Trustee Fee Guidelines; (d) engaging in written

communication with each applicant, the objective of which is to resolve matters raised in the

initial report and endeavor to reach consensual resolution with each applicant with respect to the

applicant's requested fees and expenses; and (e) following communications between the Fee

Examiner and the applicant, and the Fee Examiner's review of any supplemental information

provided by such applicant in response to the initial report, conclude the information resolution

period by filing with the Court a final report with respect to each application at least ten (10)

days before the hearing date on the relevant application.  The final report shall be in a format

designed to quantify and present factual data relevant to whether the requested fees and expenses

of each applicant are substantially in compliance with the applicable standards of sections 330 of

the Bankruptcy Code and Local Rule 2016-1, and whether the applicant has made a reasonable

effort to comply with the UST Guidelines.  The final report shall also inform the Court of all

proposed consensual resolutions of the fee and/or expense reimbursement request for each applicant.

9.      In accordance with the Fee Examiner Order, the Fee Examiner reviewed the Fee Applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and the UST Guidelines.  In addition, the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent established by the District Court and Bankruptcy Court for the District of New Jersey, the Third Circuit Court of Appeals, and other applicable precedent.  This process consisted of a detailed substantive review of the time and expense records by the Fee Examiner using her expertise and judgment to identify noncompliant timekeeping practices and other areas of concern.

10.      Due to the size and complexity of these Chapter 11 Cases, the Fee Examiner reviewed the time entries supporting the Fee Applications on a monthly basis, to the extent that LEDES or other electronic files were provided.  Areas of general concern to the Fee Examiner during her review were the role of each attorney attending hearings and meetings so that she could assess case staffing issues and the benefit to the estate of certain work streams that the Fee Examiner deemed administrative in nature in addition to general concerns about block billing and vague entries.

11.      The Fee Examiner focused her review on the following issues:

    a.  Vague time entries that do not include complete activity descriptions that are sufficiently detailed to allow the reviewer to determine whether the time billed is actual, reasonable and necessary (hereinafter, "Vague Time Entries");

    b.  Block billed or "lumped" time entries that do not clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, the level of experience, and that person's hourly rate as required by the UST Guidelines at C.9(d) (hereinafter, "Block Billing Entries");

c. Entries that the Fee Examiner identified as more in the nature of overhead or other administrative activities where the benefit to the Debtors' estate was not readily ascertainable from the time entry (hereinafter "Administrative Entries");

d. Time entries where the sub-parts of a particular time entry did not equal the amount of time that was actually charged (hereinafter, "Over/Under Billing Entries");

e. Duplicate time entries (hereinafter, "Duplicate Entries") where based upon the narrative the Fee Examiner was unable to ascertain if the timekeeper undertook separate tasks or the entry was duplicative;

f. Time charges attributable to transitory timekeepers who billed less than five (5) hours per month during the Fee Period (hereinafter, "Transitory Timekeepers").  The Fee Examiner reviewed the nature of the work performed and the expertise the timekeeper brought to the case and made recommendations specific to the Retained Professionals;

g. Staffing inefficiencies where the number of professionals participating in conference calls, meetings, depositions, and hearings appeared excessive and the benefit to the estate appeared minimal or where the Retained Professional staffed the case with summer associates or unadmitted attorneys (hereinafter, "Staffing Inefficiency Entries");

h. Professionals with a disproportionate amount of time billed in rounded (.5 or .0) hours (hereinafter, "Rounded Hour Entries");

i. Mismatched entries where the professionals participating in conference calls, meetings, depositions and hearings billed differing amounts to the same activity ("Mismatched Time Entries");

j. Expense reimbursement-related issues (flights, train travel, taxi/ground transportation, meals, service/booking fees, tips, photocopies/facsimiles, in-flight internet, upgrades, car service, and unknown expenses);

k. Whether there was a duplication of effort, or coordination between the professionals retained by the Debtors;

l. Budgeted fees vs. actual fees; and

m. Compliance with the Interim Compensation Order and the Fee Examiner Order; and

12.     In undertaking her review, the Fee Examiner considered reductions taken by the

Retained Professionals in an exercise of their billing discretion prior to submission of the

relevant fee application, whether the Retained Professional stayed within budget, and general staffing considerations.

13.    The Fee Examiner issued an informal initial report to each Retained Professional to the extent she had any issues, questions, or concerns.  Each initial report detailed the Fee Examiner's preliminary recommendations with respect to the specific Fee Application and, to the extent necessary, identified specific time or expense entries that required further information to assess compliance with the Bankruptcy Code, the Local Rules, and the UST Guidelines.

## Standards Applied by the Fee Examiner

14.    The general standards applied by the Fee Examiner are set forth in the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Debtors [Dkt. No. 1933].*  Those standards are incorporated herein by reference and, except to the extent necessary, will not be repeated in Final Report.

## Fee Examiner's Recommendations

15.    The Final Report covers the final Fee Applications of the Retained Professionals. The Fee Examiner has reached an agreement with all of the Retained Professionals regarding allowance for the period under review.

16.    The Fee Examiner limited her review to the compensation sought in the Third Interim Period because (a) she previously reviewed the compensation requested in the first and second interim periods (as to which resolutions on reductions were reached) and that review occurred recently.  See Dkt. Nos. 1464, 1933.

17.    The Fee Examiner makes the following specific recommendations as to the fees to be allowed and expenses to be reimbursed:

**Kirkland & Ellis LLP and Kirkland and Ellis International LLP (Co-Counsel to the Debtors)**

18.     On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* [Dkt. No. 133].

19.     On February 1, 2023, the Court entered the *Order Authorizing the Retention and Employment of* Kirkland *& Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of November 28, 2022* (the "K&E Retention Order") [Dkt. No. 448].  Pursuant to the K&E Retention Order, the Debtors were authorized to employ K&E as their counsel to render general legal services to the Debtors as needed throughout the course of the Chapter 11 Cases.  For its services, K&E is compensated on an hourly basis.

20.     K&E requests a final allowance of fees in the amount $16,310,597.00[2] and expenses in the amount of $1,632,145.55 for the Compensation Period [Dkt. No. 1896].  These amounts are inclusive of the fees and expenses requested for the Third Interim Period.

---

[2]  KE filed the K&E Fee Application prior to the filing of the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Debtors* [Dkt. No. 1933].  After giving effect to the resolution reached with K&E regarding the second interim fee application, the adjusted fee request for the Compensation Period is $16,295,597.00.

21.     During the Third Interim Period, K&E filed two (2) monthly applications

covering three (3) months for compensation as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/27/2023 Dkt. 1806 | 08/01/2023 – 08/31/2023 | $570,471.00 | $250,506.27 | $456,376.80 | $250,506.27 |
| 11/17/2023 Dkt. 1889 | 09/01/2023 – 10/03/2023 | $1,131,970.50 | $35,580.97 | $905,576.40 | $35,580.97 |
| TOTAL | | $1,702,441.50 | $286,087.24 | $1,361,953.20 | $286,087.24 |

22.     The Fee Examiner notes and appreciates that K&E's timekeeping was exceptional

and substantially in compliance with the UST Guidelines and that she had few, if any, issues

with the K&E Fee Application.  The Fee Examiner focused her review on potential duplication

of effort between K&E, Haynes and Boone, LLP, Cole Schotz, and the other Debtor

professionals, Administrative Entries, Staffing Inefficiencies, Hearing Attendance, and expense-

related issues.  After completing her review, K&E and the Fee Examiner engaged in a productive

dialogue to address and resolve the issues raised by the Fee Examiner.  Accordingly, the Fee

Examiner recommends a final allowance of fees in the amount of $16,286,645.00 and

reimbursement of expenses in the amount of $1,632,145.55 for the Compensation Period,

inclusive of fees in the amount of $1,693,489.50 and expenses in the amount of $286,087.24

related to the Third Interim Period.

**Cole Schotz P.C. (Local Counsel to the Debtors)**

23.     On December 22, 2022, the Debtors filed the Debtors' *Application for Entry of an

Order Authorizing the Employment and Retention of Cole Schotz P.C. as New Jersey Counsel to

the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Dkt. No. 135].

24.     On January 24, 2023, the Court entered the *Order Authorizing the Employment

and Retention of Cole Schotz P.C as New Jersey Counsel to the Debtors Nunc Pro Tunc to*

*Petition Date* [Dkt. No. 392] (the "Cole Schotz Retention Order").  Pursuant to the Cole Schotz

Retention Order, the Debtors were authorized to employ Cole Schotz as their local counsel to

render professional services to the Debtors.  For its services, Cole Schotz P.C. is compensated on

an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date

such services are rendered and for out-of-pocket expenses.

25.    Cole Schotz requests a final allowance of fees in the amount $970,374.79 and

expenses in the amount of $11,303.81[3] for the Compensation Period [Dkt. No. 1896].  These

amounts are inclusive of the fees and expenses requested for the Third Interim Period.

26.    During the Fee Period, Cole Schotz filed two (2) monthly applications for

compensation and requested additional amounts for October 2023 in the Cole Schotz Fee

Application as follows as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 09/18/2033 Dkt. 1523 | 08/01/2023 – 08/31/2023 | $36,833.50 | $204.65 | $29,466.80 | $204.65 |
| 10/13/2023 Dkt. 1722 | 09/01/2023 – 09/30/2023 | $95,031.50 | $385.68 | $76,025.20 | $385.68 |
| 11/20/2023 Dkt. 1897 | 10/01/2023 – 10/3/2023 | $8,786.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL** | | **$140,651.00** | **$590.33** | **$105,492.00** | **$590.33** |

27.    As with the other Debtor professionals, the Fee Examiner notes and appreciates

that Cole Schotz's timekeeping was exceptional and substantially in compliance with the UST

Guidelines.  After her review of the Cole Schotz Fee Application, the Fee Examiner advised

Cole Schotz that she did not have any comments, concerns, or questions.  Accordingly, the Fee

Examiner recommends allowance of fees in the amount of $970,374.79 and reimbursement of

---

[3] Cole Schotz filed the Cole Schotz Fee Application prior to the filing of the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Debtors* [Dkt. No. 1933].  After giving effect to the resolution reached with Cole Schotz regarding the second interim fee application, the adjusted expense request for the Compensation Period is $8,553.10.

expenses in the aggregate amount of in the amount of $8,553.10 for the Compensation Period,

inclusive of fees in the amount of $140,651.00 and expenses in the amount of $590.33 related to

the Third Interim Period.

**Moelis & Company LLC (Investment Banker, Capital Markets Advisor, and Financial
Advisor to the Debtors)**

28.    On December 23, 2022, the Debtors filed the *Application of the Debtors and*

*Debtors in Possession for Entry of an Order Authorizing the Retention and Employment of*

*Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and Financial Advisor*

*Effective as of the Petition Date* [Dkt. No. 139].

29.    On February 16, 2023, the Court entered the *Order Authorizing Employment and*

*Retention of Moelis & Company LLC as Investment Banker, Capital Markets Advisor, and*

*Financial Advisor to the Debtors and Debtors in Possession Effective as of the Petition Date* (the

"Moelis Retention Order") [Dkt. No. 526].  For its services during the Fee Period, Moelis agreed

to a monthly fee and certain fees related to the sale of assets pursuant to Moelis' engagement

letter as modified by the Moelis Retention Order.

30.    Moelis requests a final allowance of fees in the amount $4,002,916.67[4] and

expenses in the amount of $84,088.09 for the Compensation Period [Dkt. No. 1796].  These

amounts are inclusive of the fees and expenses requested for the Third Interim Period.  As set

forth in the Moelis Retention Order, Moelis's compensation is governed by section 328 of the

Bankruptcy Code.

---

[4]  Moelis included in its Final Fee Application certain fees accrued during the period following the date of entry of
the Confirmation Order for the sake of completeness of disclosure but does not seek approval of these amounts.
This amount includes the Net Restructuring Fee in the amount of $5,176,666.67 and the prorated Monthly Fee in
the amount of $140,000.00. See Moelis Final Fee Application at footnote 5 [Dkt. No. 1796].  Accordingly, the Fee
Examiner has adjusted the fees requested and deducted the Net Restructuring Fee and the Monthly Fee.
Notwithstanding the foregoing, the Fee Examiner reviewed the operative documents and verified Moelis's
calculations.

31.     During the Third Interim Period, Moelis filed two (2) monthly applications

covering three (3) months for compensation as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/18/2023 Dkt. 1748 | 08/01/2023 – 08/31/2023 | $200,000.00 | $2,230.00 | $0.00 | $0.00 |
| 10/25/2023 Dkt. 1795 | 09/01/2023 – 10/03/2023 | $106,666.67 | $3,150.00 | $0.00 | $0.00 |
| **TOTAL** | | **$306,666.67** | **$5,380.00** | **$0.00** | **$0.00** |

32.     The Fee Examiner reviewed the Moelis Retention Order and confirmed the

Monthly Fees (as defined in the Moelis Retention Application) were billed appropriately and

further confirmed that the time charges were adequately supported by the time records.  The Fee

Examiner also reviewed the expenses submitted by Moelis, and after a productive dialogue with

Moelis, recommends allowance as requested.  Accordingly, with regard to the Moelis Fee

Application, the Fee Examiner recommends a final allowance of fees in the amount of

$4,002,916.67 and reimbursement of expenses in the amount of $84,088.09 for the

Compensation Period, inclusive of fees in the amount of $306,666.67 and expenses in the

amount of $5,380.00 related to the Third Interim Period.

## Conclusion

For the reasons stated above, and in the absence of any objection to the Fee Applications of the Retained Professionals, the Fee Examiner recommends that the Court enter an Order, substantially in the form attached hereto as Exhibit A, on a final basis granting the fee requests of the Retained Professionals in the amounts recommended herein.

Dated:  New York, New York
        December 10, 2023

Respectfully Submitted,

ELISE S. FREJKA

_____

415 East 52nd Street | Suite 3
New York, New York 10022
Phone: 212-641-0800
Facsimile: 212-641-0800

*Fee Examiner*

**<u>Exhibit A</u>**
*(Proposed Order)*

<div style="border:1px solid black;">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

</div>

| | |
|---|---|
| In re: | Case No. 22-19361 (MBK) |
| BLOCKFI INC., *et al.*,[1] | Judge Michael B. Kaplan |
| | Chapter 11 |
| Debtors | (Jointly Administered) |

## ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP (II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC

The relief set forth on the following pages(s), number two (2) through four (4), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

(Page 2)

BLOCKFI INC., et al.
Chapter 11, Case No.: 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP  (II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC**

Upon the third interim and final fee applications (the "<u>Fee Applications</u>") of (i) Kirkland and Ellis LLP and Kirkland and Ellis International LLP, Co-Counsel to the Debtors [Dkt. No. 1896]; (ii) Cole Schotz P.C., Local Counsel to the Debtors [Dkt. No. 1897]; and (iii) Moelis & Company LLC, Investment Banker, Capital Markets Advisor and Financial Advisor to the Debtors [Dkt. No. 1796] retained by the Debtors in the above-captioned chapter 11 cases (collectively, the "<u>Retained Professionals</u>" and each a "<u>Retained Professional</u>"), and this Court having previously authorized the employment of the Retained Professionals in the Debtors' cases; and it appearing that all of the requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and the local rules of this Court have been satisfied; and it further appearing that the fees and expenses incurred were reasonable and necessary; and proper and adequate notice of the Fee Applications has been given and that no other or further notice is necessary; and no objections or other responses having been filed with regard to the Fee Applications; and in consideration of the various recommendations of the fee examiner, Elise S. Frejka (the "<u>Fee Examiner</u>") with respect to the Fee Applications as set forth in the *Fee Examiner's Consolidated Final Report Regarding Final Fee Applications of Professionals Retained by the Debtors* (the "<u>Consolidated Report</u>") [Docket No. ____]; and the Court having considered the Fee Applications of the Retained Professionals and the Consolidated Report, and good and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

(Page 3)
BLOCKFI INC., et al.
Chapter 11, Case No. : 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP  (II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC**

1.      The Fee Applications are hereby approved in the amounts set forth on **Exhibit A** attached to this Order.

2.      The Retained Professionals are hereby granted allowance of compensation and reimbursement of expenses in the amounts set forth on **Exhibit A** under the columns entitled "Total Amount Allowed per Court Order (Fees)" and "Total Amount Allowed per Court Order (Expenses)" (jointly, the "Allowed Interim Professional Claims") for the Third Interim Period (as defined in the Consolidated  Report).

3.      The Retained Professionals are hereby granted allowance of compensation and reimbursement of expenses, on a final basis, in the amounts set forth on **Exhibit A** under the columns entitled "Total Amount Allowed per Court Order (Final Fees)" and "Total Amount Allowed per Court Order (Final Expenses)" (jointly, the "Allowed Final Professional Claims") for the Compensation Period (as defined in the Consolidated  Report).

4.      The Wind-Down Debtors are hereby authorized and directed to remit to each Retained Professional the full amount of the Allowed Final Professional Claims less any and all amounts previously paid on account of such fees and expenses after application of any retainer remaining.  Without limiting the foregoing, any amounts previously held back with respect to the period covered by the Fee Applications may be released in payment of the Allowed Final Professional Claims.

(Page 4)

BLOCKFI INC., et al.
Chapter 11, Case No. : 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES OF FEE APPLICATIONS OF (I) KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
INTERNATIONAL LLP  (II) COLE SCHOTZ P.C.; AND (III) MOELIS & COMPANY LLC**

5.      This Order shall constitute a separate order for each Retained Professional and the

appeal of any order with respect to any Retained Professional shall have no effect on the authorized

fees and expenses of the other Retained Professionals.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation or interpretation of this Order.

**<u>EXHIBIT A</u>**

BLOCKFI INC., et al. Case No.: 22-19361 (MBK)

<u>Third Interim Period</u>

| Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Total Amount Allowed per Court Order (Fees) | Total Amount Allowed per Court Order (Expenses) |
|---|---|---|---|---|---|---|---|
| Kirkland & Ellis LLP and Kirkland and Ellis International LLP, *Co-Counsel to the Debtors* (Dkt. No. 1896) | 08/01/2023 - 10/03/2023 | $1,702,441.50 | $8,952.00 | $286,087.24 | $0.00 | $1,693,489.50 | $286,087.24 |
| Cole Schotz P.C., *Local Counsel to the Debtors* (Dkt. No. 1897) | 08/01/2023 - 10/03/2023 | $140,651.00 | $0.00 | $590.33 | $0.00 | $140,651.00 | $590.33 |
| Moelis & Company LLC, *Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors* (Dkt. No. 1796) | 08/01/2023 - 10/03/2023 | $306,666.67 | $0.00 | $5,380.00 | $0.00 | $306,666.67 | $5,380.00 |

BLOCKFI INC., et al. Case No.: 22-19361 (MBK)

<u>Final Fee Period</u>

| Applicant | Compensation Period | Total Amount Allowed per Court Order (Final Fees) | Total Amount Allowed per Court Order (Final Expenses) |
|---|---|---|---|
| Kirkland & Ellis LLP and Kirkland and Ellis International LLP, *Co-Counsel to the Debtors* (Dkt. No. 1896) | 11/28/2023 - 10/03/2023 | $16,286,645.00 | $1,632,145.55 |
| Cole Schotz P.C., *Local Counsel to the Debtors,* (Dkt. No. 1897) | 11/28/2023 - 10/03/2023 | $970,374.79 | $8,553.10 |
| Moelis & Company LLC, *Investment Banker, Capital Markets Advisor, and Financial Advisor to the Debtors* (Dkt. No. 1796) | 11/28/2023 - 10/03/2023 | $4,002,916.67 | $84,088.09 |