| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Lauren M. Sisson, Esq. (NJ Bar No. 394182022) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> lauren.sisson@haynesboone.com <br><br> *Attorneys for the Plan Administrator* |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br> (Jointly Administered under a Confirmed Plan[2]) |

# WIND-DOWN DEBTORS' OMNIBUS REPLY TO RESPONSES TO TWELFTH OMNIBUS OBJECTION TO CLAIMS FILED AGAINST BLOCKFI WALLET LLC

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

1

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), as managed by the Plan Administrator in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Omnibus Reply to Responses to Twelfth Omnibus Objection to Claims Filed Against BlockFi Wallet LLC* (the "Reply") to responses filed by creditors to the *Wind-Down Debtors' Twelfth Omnibus Objection to Claims Filed Against BlockFi Wallet LLC* (the "Wallet Objection") [Docket No. 1878]. In support of the Reply, the Wind-Down Debtors respectfully represent as follows:

**Factual Background**

1. On November 15, 2023, the Debtors filed the Wallet Objection, seeking to expunge proofs of claim filed against debtor-entity BlockFi Wallet LLC. Creditors whose claims were contained on Schedule 1 to the Wallet Objection were directed to file any responses with Kroll Restructuring LLC ("Kroll") by 4:00 pm ET on January 4, 2024. Kroll received 24 responses (the "Kroll Responses"), and 2 responses were filed on the docket (the "Filed Responses," and together with the Kroll Responses, the "Responses").

2. The chart below contains a short summary of the Responses received.

| Response Name | Claim # | Claimant Name | Notes |
|---|---|---|---|
| Filed #1 Doc No. 2027 | Various | Various | This filing was made by counsel for creditors holding 33 claims on the Wallet Objection and indicated that the creditors did not dispute the objection to their claims. |
| Filed #2 Doc. No. 2028 | 29221 29303 14326 | Equi Balanced Fund, LP Equi Real Estate Fund, LP Equi Growth Fund, LP | This response has been resolved with counsel for these creditors. |
| Kroll #1 | 5535 | Redacted | Emailed creditor, no response. |
| Kroll #2 | 6404 | Redacted | Resolved with creditor. |

2

| Response Name | Claim # | Claimant Name | Notes |
|---|---|---|---|
| Kroll #3 | 6527 | Redacted | Resolved with creditor. |
| Kroll #4 | 6541 | Redacted | Emailed creditor, no response. |
| Kroll #5 | 6812 | Redacted | No documents or substantive response. |
| Kroll #6 | 7810 | Redacted | See footnote below.[3] |
| Kroll #7 | 8162 | Redacted | See footnote #3 below. |
| Kroll #8 | 8250 | Redacted | No documents or substantive response. |
| Kroll #9 | 9943 | Redacted | Emailed creditor, no response. |
| Kroll #10 | 9962 | Redacted | Resolved with creditor. |
| Kroll #11 | 14072 | Redacted | Contacted counsel, no response. Not a creditor of BlockFi. |
| Kroll #12 | 15134 | Redacted | Emailed creditor. |
| Kroll #13 | 15530 | Redacted | No documents or substantive response. |
| Kroll #14 | 15699 | Redacted | Emailed creditor, no response. |
| Kroll #15 | 26167 | Redacted | Emailed creditor, no response. |
| Kroll #16 | 28396 | Redacted | Resolved with creditor. |
| Kroll #17 | 28464 | Redacted | Emailed creditor, no response. |
| Kroll #18 | 29381 | Redacted | Emailed creditor, no response. |
| Kroll #19 | 29872 | Redacted | Emailed creditor, no response. |
| Kroll #20 | 31334 | Redacted | Emailed creditor, no response. |
| Kroll #21 | 32934 | Redacted | Resolved with creditor. |
| Kroll #22 | 33470 | Redacted | No documents or substantive response. |
| Kroll #23 | 33555 | Redacted | Emailed creditor, no response. |
| Kroll #24 | 2913 | Redacted | No documents or substantive response. |

3. The Responses received fell into three general categories:

- Responses that contained no substantive request, comment, or supporting documentation as to the Wallet Objection, or contained questions that were unrelated to the Wallet Objection (i.e. requests for instructions to withdraw BIA funds, etc.). Counsel reached out to all creditors with questions unrelated to the Wallet Objection, but as these responses made no substantive argument they are not addressed in this Reply.

- Responses that confused or conflated BlockFi Wallet Accounts ("Wallet") with BlockFi Interest Accounts ("BIA").

---

[3] The Responses filed by counsel for creditors holding claim nos. 7810 and 8162 contain allegations of fraud and requests for sanctions that are entirely unsupported and without merit. The Wind-Down Debtors reserve all rights with respect to counsel's compliance with Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9011(b) prior to making these allegations. However, the Court may disregard these allegations as they do not comply with Bankruptcy Rule 9011(c)(1)(A). Should counsel for these creditors indicate that they plan to file a motion related to these allegations, the Wind-Down Debtors would request that the Court caution them to undertake a reasonable inquiry before doing so.

- Responses by creditors who had attempted to transfer funds from their BIA to Wallet after BlockFi paused all platform activity (the "Platform Pause") on November 10, 2022.

4. Upon receiving the Responses, counsel for the Wind-Down Debtors attempted to contact all creditors whose Responses posed questions or appeared to contain misunderstandings about accounts or claims that could be clarified. If Wind-Down Debtors' counsel was able to address and clarify the issues raised by the creditor, the resolution of their Response is noted in the chart above.

### Reply[4]

5. The Wind-Down Debtors filed this Wallet Objection to move the claims reconciliation process forward in order to make faster distributions to creditors on their estate claims. As an initial matter, none of the Responses filed assert a substantive reason why the Court should not allow the expungement of proofs of claim filed against BlockFi Wallet LLC. Rather, they assert tangential issues that would not be affected or resolved by the denial of the Wallet Objection.

6. This Court has ruled, and none of the Responses dispute, that Wallet funds are not estate property. A proof of claim is filed in order to assert a creditor's claim against estate property, but BlockFi Wallet LLC has no creditors and holds no estate assets. BlockFi Wallet LLC is a debtor-entity that was created to provide custody services for customers who retained ownership of custodied assets. BlockFi Wallet LLC does not possess legal title to those assets.

7. Customers were able to withdraw Wallet funds in full[5] prior to the December 31, 2023. Any remaining funds in Wallet will be liquidated and distributed to the individual Wallet

---

[4] Capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the Wallet Withdrawal Motion.

[5] Any customers who were unable to withdraw their Wallet funds because they may be subject to future preference actions will have their Wallet funds segregated and kept in-kind pending resolution of those actions.

account holder who owns the funds. The expungement of the proofs of claim on Schedule 1 to the Wallet Objection will have no effect whatsoever on the ability of creditors to receive pro-rata distributions on any scheduled claims they may hold against BlockFi Inc., BlockFi Lending, or BlockFi International. In fact, the *failure* to expunge these proofs of claim would leave the creditor with claims against a debtor entity that has *no funds to distribute*.

8. Nevertheless, in the interest of clarity for all creditors, this Reply will address the two main issues raised by creditors in the Responses: confusion between BIA and Wallet, and transfers attempted after the Platform Pause.

**A. Creditors Will Receive Pro-Rata Distributions on Their Estate Claims Under the Confirmed Plan**

9. Many of the Responses filed by creditors appeared to confuse funds held in BIA with funds held in Wallet, prompting those creditors to inquire why they had not been able to withdraw BIA funds in full. Counsel for the Wind-Down Debtors attempted to clarify the distinction between these accounts and provide information about distributions on estate claims and Wallet withdrawals to creditors that filed these Responses.

10. To the extent further clarification is necessary: all claims that customers of BlockFi held against the various debtor-entities were scheduled by BlockFi in these Chapter 11 Cases, including all claims against BlockFi Inc. for amounts held in BIA. BlockFi customers with account balances as of the Petition Date will receive distributions from the Wind-Down Debtors as set forth in the Plan, even if they did not file a proof of claim. The expungement of any proofs of claim filed against BlockFi Wallet LLC will not affect these distributions and will assist in speeding up claims reconciliation to allow distributions on BIA claims to begin.

**B. The Status of Post-Pause Transfers Has Been Fully Litigated and Decided by this Court**

11. Shortly after the filing of these Chapter 11 Cases BlockFi filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121] (the "Wallet Withdrawal Motion"), seeking leave of the Court to update the User Interface to properly reflect that transactions initiated by creditors after the Platform Pause on November 10, 2022 at 8:15 p.m. (prevailing Eastern Time) were not effectuated, and to allow creditors to withdraw any assets they held in Wallet as of the Platform Pause.

12. The Wallet Withdrawal Motion was fully litigated over the course of several months by BlockFi, the Ad Hoc Committee of Wallet Account Holders, and other interested parties. After a hearing this Court entered an order (the "Wallet Withdrawal Order") [Docket No. 923] holding that (a) assets in Wallet as of the Platform Pause are not estate property, (b) BlockFi was authorized to update the User Interface to properly reflect the transactions and digital asset balances as of the Platform Pause, and (c) BlockFi was permitted to allow creditors to withdraw their Wallet funds. This Court has issued numerous additional orders related to Wallet accounts. *See* Docket Nos. 1207, 1361, and 1451.

13. Several of the Responses were filed by creditors who initiated post-pause transfers of some or all of the funds held in their BIA to their Wallet. Those creditors assert that the movement of their funds was successful because the User Interface reflected the transfers, and they should therefore be able to withdraw those funds from their Wallet. This is incorrect.

14. As previously explained in detail through the Wallet Withdrawal Motion and related pleadings and discovery, BlockFi halted all activity on its back-end systems as of the

6

Platform Pause. Several days passed, however, before BlockFi could fully disable functionality of web and mobile platforms. During this time, the User Interface continued to reflect as completed the transactions that creditors were attempting to initiate, which again, were not being effectuated due to the shutdown of back-end systems. Wallet Withdrawal Motion at 4–5. The transactions alleged in the Response filed by creditors who attempted post-pause transfers *were never completed*. Pursuant to the Wallet Withdrawal Order, the User Interface was updated in May 2023 and all creditors have been able to view their accurate BIA and Wallet balances since that time.

15. The expungement of the BlockFi Wallet LLC proofs of claim contained on Schedule 1 to the Wallet Objection will not affect the ability of creditors who attempted to initiate transfers to their Wallet after the Platform Pause to receive distributions on their scheduled claims for funds held in their BIA, even if the proofs of claim they filed included BIA funds, or combined the funds in their BIA and Wallet. The Court has ruled on the Wallet Withdrawal Motion, and customers were allowed to withdraw their Wallet funds in full. As such, the proofs of claim on Schedule 1 to the Wallet Objection should be disallowed and expunged.

**WHEREFORE**, the Wind-Down Debtors respectfully request entry of the Proposed Order on the *Wind-Down Debtors' Twelfth Omnibus Objection to Claims Filed Against BlockFi Wallet LLC*.

                                            Respectfully submitted,

Dated: January 9, 2023                    /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*