| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **ROSENBERG & ESTIS, P.C.**<br>733 Third Avenue<br>New York, New York 10017<br>John D. Giampolo, Esq.<br>Telephone: (212) 551-1273<br>Email: jgiampolo@rosenbergestis.com<br>*Attorneys for Paperless Inc., d/b/a Paperless Post* | |
| In re:<br><br>BLOCKFI INC., *et al*,<br><br>Debtors | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>Hearing Date: January 16, 2024 at 11:00 A.M. ET<br>Response Deadline: January 9, 2024<br>Related Doc 2006 |

## PAPERLESS INC., D/B/A PAPERLESS POST'S LIMITED RESPONSE TO MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR ALL CLAIMS TO ENABLE THE FIRST INTERIM DISTRIBUTION

Paperless Inc., d/b/a Paperless Post, as sublandlord ("**Sublandlord**") under that certain Sublease Agreement dated as of February 2, 2022, as amended, assigned, supplemented or otherwise modified (the "**Sublease**") with BlockFi Inc., as subtenant ("**Debtor**") relating to certain nonresidential sublease of space located at Suite 1100 on the eleventh (11th) floor within the building located at 115 Broadway, New York, New York 10006, which Sublease was rejected by Debtor, and as holder of Claim No. 33625 (the "**Claim**") relating to the Sublease, by and through Sublandlord's undersigned counsel, respectfully submits this limited response to the above-referenced *Motion of the Plan Administrator for an Order Capping the Maximum Allowable Amounts and Establishing a Reserve for All Claims to Enable the First Interim Distribution* (the "**Motion**") and respectfully states as follows.

With respect to Sublandlord's Claim, the Motion seeks only to cap the Claim as a secured claim in the amount of $192,782.48 (see Motion, Schedule A, page 283). In sum, after filing the Claim, Sublandlord lawfully received recovery from a source that is not property of the Debtors' bankruptcy estate and therefore Sublandlord's Claim has been voluntarily amended to $0.00. See amendment to Claim annexed hereto as **Exhibit A** filed simultaneously herewith which is incorporated herein by reference. Based on Sublandlord's retention of said recovery, Sublandlord does not assert a claim against or seek distribution from property of Debtors' bankruptcy estate. The Motion is moot as to the Claim and should be excluded from any Order entered for the Motion.

Sublandlord reserves the right to amend or supplement this objection.

Dated:  New York, New York
January 9, 2024

**ROSENBERG & ESTIS, P.C.**

By: */s/ John D. Giampolo*
　　John D. Giampolo

　　733 Third Avenue
　　New York, New York 10017
　　Tel: (212) 551-1273
　　Email: jgiampolo@rosenbergestis.com

*Attorneys for Paperless Inc., d/b/a Paperless Post*

# EXHIBIT A

**United States Bankruptcy Court, District of New Jersey (Trenton)**

Fill in this information to identify the case (Select only one Debtor per claim form):

- [x] BlockFi Inc. (Case No. 22-19361)
- [ ] BlockFi Wallet LLC (Case No. 22-19366)
- [ ] BlockFi Investment Products LLC (Case No. 22-19370)
- [ ] BlockFi Trading LLC (Case No. 22-19363)
- [ ] BlockFi Ventures LLC (Case No. 22-19367)
- [ ] BlockFi Services Inc. (Case No. 22-19371)
- [ ] BlockFi Lending LLC (Case No. 22-19365)
- [ ] BlockFi International Ltd. (Case No. 22-19368)
- [ ] BlockFi Lending II LLC (Case No. 22-19374)

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Paperless Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Paperless Post

**2. Has this claim been acquired from someone else?**

- [x] No
- [ ] Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Meg Hirschfeld, CAO
Name

115 Broadway, Suite 1203
Number    Street

New York         NY       10006
City             State    ZIP Code

Country (If outside of the US)

Contact phone: 212-242-1288
Contact email: meg@paperlesspost.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Country (If outside of the US)

Contact phone
Contact email

**4. Does this claim amend one already filed?**

- [ ] No
- [x] Yes. Claim number on court claims registry (if known) 33625    Filed on 10/11/2023 (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

- [x] No
- [ ] Yes. Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?** | $_____0_____. **Does this amount include interest or other charges?**<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Sublease rejection damages paid from source outside estate property |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____0_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☒ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____0_____ |
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/09/2024
                   MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | John | David | Giampolo |
| | First name | Middle name | Last name |
| Title | Member | | |
| Company | Rosenberg & Estis, PC attorney for creditor | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 733 Third Avenue, 15th Floor | | |
| | Number        Street | | |
| | New York | NY | 10017 |
| | City | State | ZIP Code |
| Contact phone | 212 551-1273 | Email jgiampolo@rosenbergestis.com | |

# ADDENDUM

**In the United States Bankruptcy Court for the District of New Jersey**
**Amendment to Proof of Claim of Paperless Inc., d/b/a Paperless Post Against BlockFi Inc. (Case No. 22-19361)**

Background. Paperless Inc., d/b/a Paperless Post, as sublandlord ("**Sublandlord**"), and BlockFi Inc., as subtenant ("**Debtor**"), are bound by that certain Sublease Agreement dated as of February 2, 2022, as amended, assigned, supplemented or otherwise modified (the "**Sublease**", a copy of which is available to counsel for the Debtor upon request as Debtor is already in possession of same). The Sublease relates to certain nonresidential sublease of space located at Suite 1100 on the eleventh (11th) floor within the building located at 115 Broadway, New York, New York 10006 as more fully identified in the Sublease and any exhibits annexed thereto (the "**Premises**").

On November 28, 2022 (the "**Petition Date**"), the Debtor and affiliates debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). Thereafter, Debtor filed its *Notice of Debtors' Fifth Omnibus Rejection of Executory Contracts and Leases* [Doc 1408] (the "**Notice**") which resulted in the Court entering the *Order Approving the Debtors' Fifth Omnibus Rejection of Executory Contracts and Leases* [Doc 1470] on September 11, 2023 (the "**Rejection Order**"), which, in accordance with the *Order Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* [Doc 302] (the "**Rejection Procedures Order**"), authorized rejection of the Sublease and abandonment of personal property left in the Premises. Capitalized terms not otherwise defined herein have the same meanings ascribed in the Notice, the Rejection Order and the Rejection Procedures Order. Upon its entry, the Order, among other things, provided that, effective as of the August 30, 2023 Rejection Date, the Sublease is rejected thereby surrendering the Premises to Sublandlord with any personal property remaining in the Premises deemed abandoned by the Debtor.

Pursuant to the Sublease and applicable law, Sublandlord had a right to recovery for (i) unpaid future rent obligations under the Sublease from September 1, 2023 through the end of the Sublease term on April 1, 2024 which equaled no less than $498,498.48 (see attached Schedule); and (ii) no less than $10,000.00 of legal fees and expenses incurred and estimated to be incurred in connection with enforcing Sublandlord's rights under the Sublease and applicable law. Out of an abundance of caution and under compulsion of the October 11, 2023 bar date fixed in this case, Sublandlord filed a proof of claim (Claim No. 33625) to protect its right to seek recovery and distribution from property of Debtor's bankruptcy estate and expressly reserved the right to amend its proof of claim. Subsequently, Sublandlord lawfully received recovery from property that was not property of Debtor's bankruptcy estate. Therefore, to the extent Sublandlord retains said recovery, Sublandlord does not assert a claim against or seek recovery from property of Debtor's bankruptcy estate and hereby files this amendment amending its proof of claim (Claim No. 33625) to $0.00.

Reservation of Rights. Sublandlord expressly reserves the right to amend this filing. This filing is not and should not be construed to be: (a) a waiver or release of Sublandlord's rights against any other entity or person liable for all or part of any claim described herein; (b) consent by Sublandlord to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving Sublandlord; (c) consent by Sublandlord to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to withdraw the reference with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case against or otherwise

involving Sublandlord; or (e) an election of a remedy that waives or otherwise affects any other remedy of Sublandlord. Sublandlord expressly reserves the right to amend or supplement this filing in any respect.

Certain information provided herein has been redacted due to the proprietary nature of the contents contained within documents. An unredacted copy, where needed for good cause shown, may be obtained by contacting the attorneys for Sublandlord.

Additional information and supporting documentation for this filing, which is not attached because it is voluminous or otherwise contains confidential, proprietary business information, may be obtained by appropriate written request sent to:

> John Giampolo, Esq.
> Rosenberg & Estis, P.C.
> 733 Third Avenue
> New York, New York 10017
> Tel: 212-551-1273
> Email: jgiampolo@rosenbergestis.com
> *Counsel for Paperless Inc., d/b/a Paperless Post*

*Sublease Schedule*

|  |  | Rent payments per Agreement | Additional Rent (Utilities) per Agreement |
|---|---|---:|---:|
|  | Mar-22 | $ 10,645 | $ 5,662 |
| 1 | Apr-22 | $ 50,417 | $ 5,662 |
| 2 | May-22 | $ 50,417 | $ 5,662 |
| 3 | Jun-22 | $ 50,417 | $ 5,662 |
| 4 | Jul-22 | $ 50,417 | $ 5,662 |
| 5 | Aug-22 | $ 50,417 | $ 5,662 |
| 6 | Sep-22 | $ 50,417 | $ 5,662 |
| 7 | Oct-22 | $ 50,417 | $ 5,662 |
| 8 | Nov-22 | $ 50,417 | $ 5,662 |
| 9 | Dec-22 | $ 50,417 | $ 5,662 |
| 10 | Jan-23 | $ 50,417 | $ 5,662 |
| 11 | Feb-23 | $ 50,417 | $ 5,662 |
| 12 | Mar-23 | $ 50,417 | $ 5,662 |
| 13 | Apr-23 | $ 56,650 | $ 5,662 |
| 14 | May-23 | $ 56,650 | $ 5,662 |
| 15 | Jun-23 | $ 56,650 | $ 5,662 |
| 16 | Jul-23 | $ 56,650 | $ 5,662 |
| 17 | Aug-23 | $ 56,650 | $ 5,662 |
| 18 | Sep-23 | $ 56,650 | $ 5,662 |
| 19 | Oct-23 | $ 56,650 | $ 5,662 |
| 20 | Nov-23 | $ 56,650 | $ 5,662 |
| 21 | Dec-23 | $ 56,650 | $ 5,662 |
| 22 | Jan-24 | $ 56,650 | $ 5,662 |
| 23 | Feb-24 | $ 56,650 | $ 5,662 |
| 24 | Mar-24 | $ 56,650 | $ 5,662 |
| 25 | Apr-24 | $ 56,650 | $ 5,662 |
|  |  | **$ 453,200** | **$ 45,298** |

$498,498.48