| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br>                    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: January 16, 2024 at 11:00 A.M. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

---

### THE PLAN ADMINISTRATOR'S OMNIBUS REPLY TO CLAIMANTS' RESPONSES TO THE MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNLIQUIDATED CLAIMS TO ENABLE THE FIRST INTERIM DISTRIBUTION

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]     On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down

Debtors"), as administered by Mohsin Meghji as Plan Administrator (the "Plan Administrator"),

in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Plan*

*Administrator's Omnibus Reply to Claimants' Responses to the Motion for an Order Capping the*

*Maximum Allowable Amounts and Establishing a Reserve for Unliquidated Claims to Enable the*

*First Interim Distribution* (the "Reply") in further support of the *Plan Administrator's Motion for*

*an Order Capping the Maximum Allowable Amounts and Establishing a Reserve for Unliquidated*

*Claims to Enable the First Interim Distribution* (the "Capping Motion," ECF No. 2006), and

respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Plan Administrator is focused on returning assets to BlockFi customers and

creditors as quickly as possible.  Rather than forgo making distributions until such time as the

claims reconciliation process is substantially complete (thereby continuing to separate BlockFi's

many retail customers from all of their assets with BlockFi for additional months), the Plan

Administrator filed the Capping Motion, so that distributions can begin as quickly as possible

while claims reconciliation continues.

2.      In his pursuit of expediency, the Plan Administrator was careful not to inadvertently

prejudice any claimants.  The Capping Motion asks the Court to fix Capped Claims[3] at the **higher**

**of** asserted **or** scheduled amounts.  It also requests that Bankruptcy Rule 3003(c)(4) be waived so

that errors may be corrected at a later date.  The Plan Administrator did so to ensure that no

---

[3]    Capitalized terms used but not otherwise defined in this Reply shall have the meanings ascribed to them in the
Capping Motion.

claimant would wind up with a Capped Amount lower than BlockFi's books and records show they are entitled, or lower than they have asserted an entitlement to.

3.      More than 170 creditors objected and/or responded to the Capping Motion through the portal established by Kroll (the "Responses"). These Responses varied in form and substance, but can generally be broken down into the following categories (certain objections fall into multiple categories):

i.      Requests to modify the proposed cap ("Modification Objections");
ii.     Requests for distributions ("Distribution Objections");
iii.    Objections to the dollarization of claims ("Dollarization Objections");
iv.     Responses that were illegible, asserted no specific objection or grounds for objection, or were otherwise unclear to the Plan Administrator ("Unclear/General Objections");
v.      Responses that simply uploaded supporting documents with no document containing any objection ("Supporting Document Responses")
vi.     Objections that the claimant's claim(s) were not marked as matched with a scheduled claim ("Matched Schedule Objections"); and
vii.    Responses that did not fall into any of the preceding categories and do not otherwise assert an objection or make any request related to the Capping Motion ("No Action Responses").

A table summarizing the Responses, and the categorization assigned by the Plan Administrator, is attached as **Exhibit A**.[4] Additional detail is also provided where relevant to the objection or response. In addition to these categorical Responses, the Wind-Down Debtors received one filed limited response voluntarily amending respondent's claim to $0.00 (the "Filed Response")[5] and engaged in negotiations with several claimants based on informal responses and objections as detailed below (the "Informal Responses"). Each Informal Response has been resolved consensually.

---

[4]    Exhibit A lists the revised capped amount for each Modification Objection. Where no debtor is listed, the modified cap is against the originally listed debtor. Where no priority is listed, the modified cap is an unsecured amount. These amounts are also reflected in the Revised Schedules.

[5]    *See* Docket No. 2035.

Case 22-19361-MBK   Doc 2042   Filed 01/12/24   Entered 01/12/24 16:32:05   Desc Main
Document     Page 4 of 42

4.      The Plan Administrator sincerely appreciates each of BlockFi's claimants who responded to the Capping Motion.  Where possible and appropriate, the Plan Administrator responded to claimants' questions and concerns.  And, as it represented in the Capping Motion, the Plan Administrator agreed to increased Capped Amounts requested in objections, so as to ensure that the claimant would not be prejudiced in any arguments they wished to raise regarding the merits of their claims – even if the Plan Administrator believed the Court had already definitively rejected such arguments.

5.      Following the deadline for claimants to object or respond to the Capping Motion, the Wind-Down Debtors now submit this omnibus Reply (i) responding categorically to the responses and objections it received, and (ii) reiterating its request that this court enter an order approving the requests made therein.  Revised schedules (the "Revised Schedules") will be filed contemporaneously with this Reply, along with a sheet showing the changes to Capped Amounts (and in certain cases, additions or removals of claims from the Revised Schedules).

## JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.).

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested herein are sections 105(a) and 502(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## REPLY

9.      The Plan Administrator received over 170 responses and/or objections to its Capping Motion prior to the Objection Deadline.  The Plan Administrator recognizes that many of BlockFi's claimants are new to the bankruptcy process and has made an effort to give objectors the benefit of the doubt with respect to any potential objection they may have sought to raise, and where appropriate to reach out and answer questions included in those objections.

10.      Given the number of responses and objections – which generally repeat similar themes – the Plan Administrator submits that the objections are best resolved categorically.  As the Objection Deadline has now passed, the Plan Administrator now offers the following reply to the respective categories of Responses:

**A.      The Modification Objections.**

11.      Several parties submitted written responses or otherwise communicated responses to the Plan Administrator that appeared to request a modification to the applicable cap as identified in the Motion Schedules.   In each case, the Plan Administrator approved the requested modification and communicated that revision to the claimant, or engaged in discussions with the claimant to reach an agreed-upon capped amount.  In each case, the revised capped amount is without prejudice to the Plan Administrator's right to object to those claims on the merits (i.e. it is not an agreement that the revised Capped Amount is the allowable amount of the claim).  Further, the Plan Administrator did not require any claimant to waive any other objection to the Capping Motion, and so the revised Capped Amount is without prejudice to any other objections that may have been lodged in that claimant's response.  All modified Capped Amounts are included in the revised schedules attached hereto.

5

**B.**     **The Distribution Objections.**

12.      Several parties submitted responses or otherwise communicated responses to the Plan Administrator requesting or demanding that the Wind-Down Debtors make distributions on their claim (generally, a demand for payment in full – generally "in kind").

13.      The Plan Administrator and the Wind-Down Debtors are working to make distributions as fast as possible.  To that end, the relief requested in the Capping Motion will allow BlockFi to make the First Interim Distribution on an expedited basis.  However, the Plan Administrator is unable to comply with demands for payment in full as the Plan Administrator has not marshalled sufficient assets (and may never do so), and must make distributions in compliance with the Plan and the Bankruptcy Code.  Further, a demand based on the timing and amount of distributions is not a proper objection to the Capping Motion.

14.      As such, the Plan Administrator requests that the Court overrule the Distribution Objections.

**C.**     **The Dollarization Objections.**

15.      Several parties submitted responses or otherwise communicated responses to the Plan Administrator directly objecting to the valuation of their claims in dollars as of the Petition Date.

16.      Where a claimant asserted a specific dollar amount (through valuing the claim in dollars as of a different date) the Plan Administrator adjusted the proposed Capped Amount pursuant to that claimant's request and considered such claim a Modification Objection (and not a Dollarization Objection).  The Plan Administrator will object to such claims at a later date.  The Plan Administrator did not, however, adjust capped amounts where no specific revised dollar

amount was proposed, and instead the claimant requested a claim amount denominated in digital assets.  Those objections are categorized as Dollarization Objections.

17.    The Plan Administrator appreciates that the value of many crypto currencies have increased since the Petition Date, and that dollarization of claims as of the Petition Date does not reflect such increase.  Regrettably, dollarization of claims as of the Petition Date is required under section 502(b) of the Bankruptcy Code, and is specifically disclosed in and required by the Plan.[6]

18.    Further, because of BlockFi's pre-petition liquidation of much of its cryptocurrency, much of that increase did not accrue to the benefit of the estates.  Where the increase in prices did accrue to the benefit of the estates, that price appreciation has not resulted in BlockFi becoming solvent and value due to customers "leaking" to equity rather than creditors (or even subordinated unsecured claims).

19.    Given that the Bankruptcy Code's requirement that claims be "dollarized" is clear and, in any event, this issue has been resolved by the Plan, the Plan Administrator requests that the Court overrule the Dollarization Objections.

**D.    The Unclear/General Objections.**

20.    Several parties submitted responses or otherwise communicated responses to the Plan Administrator directly that were illegible or incoherent, did not assert the nature or basis for the objection (e.g. they simply noted they objected to the motion, without more detail), or the Plan Administrator was otherwise unable to determine the nature or basis of the response or objection.

---

[6]    *See Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Confirmation Order") [Docket No. 1660], at VI.F.

21.     Without a coherent or specific basis for the objection, Plan Administrator is unable to respond to, or take any action with respect to, the Unclear/General Objections.  Accordingly, the Plan Administrator requests that the Court overrule the Unclear/General Objections.

**E.      The Supporting Document Responses.**

22.     Several parties submitted responses that simply attached supporting documents and did not include any actual objection.  In many cases, the response was simply the cover sheet showing their proposed capped amounts.  Certain claimants plainly misunderstood the purpose of the objection portal[7] but it is possible some intended to convey an objection through those uploaded documents.  However, the Plan Administrator is not able to infer a basis for an objection through uploaded documents where no written objection was included.

23.     The Plan Administrator is unable to respond to, or take any action with respect to, the Supporting Document Responses.  Accordingly, the Plan Administrator requests that the Court overrule the Supporting Document Responses

**F.      The Matched Schedule Objections.**

24.     Several parties submitted written responses or otherwise communicated responses to the Plan Administrator directly expressing a concern that their claims were not marked as matched with a scheduled claim, and requesting that their claim be deemed matched.

25.     *First*, the Matched Schedule Objections appear to misunderstand the purpose of disclosing the status of the schedule matching: all filed claims must be reconciled prior to being allowed regardless of whether they were noted as "matched."  The purpose of the matching exercise in the Capping Motion is not to reconcile any claims, but to identify where a claimant

---

[7]     Multiple claimants simply uploaded images of identification documents, for example.  Others uploaded documents entirely irrelevant to BlockFi.

may have asserted a claim that is too low and/or against the wrong entity (and thus increase the Capped Amount above their claimed amount) or to request appropriate waivers of Bankruptcy Rule 3003(c)(4).[8]

26.    *Second*, the Plan Administrator has reviewed the claims on the Capping Motion and updated the proposed schedules to reflect the vast majority of claims have now been matched with a scheduled claim.  Accordingly, most if not all of the Matched Schedule Objections are moot.  However, to the extent that any Matched Schedule Objections are not moot, the Plan Administrator submits they do not establish a basis to deny the Capping Motion and requests such objections be overruled.

## G.    **The No Action Responses.**

27.    Several parties submitted responses or otherwise communicated responses to the Plan Administrator directly confirming or otherwise agreeing to the proposed cap or which did not assert an objection or make any request with respect to the Capping Motion.[9]  The Plan Administrator appreciates those claimants who confirmed the accuracy of the applicable cap as provided in the Motion Schedules.  The Plan Administrator believes that there is no action to be taken with respect to, or objection that requires a response, in the No Action Responses.

---

[8]    Certain claims have been asserted against a particular debtor that the Plan Administrator believes should have been asserted against a different debtor.  The Plan Administrator has requested to cap such claims as against both debtor entities (i.e., reserving against likely duplicative claims) to ensure the appropriate claim can ultimately be allowed and receive distributions.  However, there may also be cases in which a customer has allowable claims against two different debtor entities.  For example, a customer may have had a BIA account (a claim against BlockFi Inc.) and also taken out a collateralized loan (a claim against BlockFi Lending LLC).  In that instance, BlockFi would schedule claims against both debtor entities.  If the claimant only filed a claim against one entity based on one of the two types of claims, it is the Plan Administrator's position that Bankruptcy Rule 3003 does not deem the scheduled claim against the other entity superseded.  The Plan Administrator has included language in paragraph 3 in the revised proposed order attached hereto as **Exhibit B** (the "Revised Order") to clarify this point.

[9]    Certain claimants made requests unrelated to the Capping Motion.  For example, certain claimants requested that amended claims be deemed withdrawn.  The Plan Administrator intends to deal with these requests separate from the distribution process and the Capping Motion.

**H.**    **The Filed Response.**

28.    A single claimant filed a response to the Capping Motion, wherein that claimant voluntarily amended its claim to $0.00 due to what it represents was a "recovery from a source that is not property of the Debtors' bankruptcy estate." The proposed cap amount underlying the Capped Claim subject of the Filed Response has been amended in revised Schedule A to reflect claimant's voluntary amendment.

**I.**    **Arch Insurance.**

29.    The Plan Administrator and Arch Insurance Company ("Arch") engaged in negotiations with respect to an appropriate cap for proof of claim nos. 15208, 15224, 15890, and 15893 (the "Arch Claims"). Based on such discussions, the Plan Administrator and Arch agreed on a Capped Amount of $7,800,000 against BlockFi Inc.; $7,800,000 against BlockFi Lending LLC; and $1,352,303.98 against BlockFi Wallet LLC[10] with respect to the Arch Claims. This represented a substantial reduction from the face value of the Arch Claims, allowing larger interim distributions to creditors. In exchange, the Plan Administrator agreed to language that would permit Arch Insurance Company to seek allowance of a greater amount at a later date (though the Plan Administrator would not be required to reserve against such assertions unless the claim became Allowed).[11] Given the substantial reductions in the Capped Amount compared to the face value the Arch Claims agreed to by Arch, the Plan Administrator submits that this exception to the binding nature of the Capped Amount is appropriate.

---

[10]    The Plan Administrator does not anticipate any distributions being made by BlockFi Wallet LLC, but this capped amount was agreed to for completeness. Because the Plan canceled claims against BlockFi Trading LLC, no cap is required for the Arch Claim against that entity as that claim is disallowed pursuant to the Plan.

[11]    The Plan Administrator and Arch will also engage in good-faith negotiations to resolve the objections filed to the Arch Claims and determine allowable non-disputed liquidated portions of the Arch Claims while disputed and unliquidated portions of the Arch Claims are resolved.

**J.**     <u>**State Regulator Claims**</u>.

30.    Certain state regulators agreed to have their claims subordinated pursuant to the *Joint Stipulation and Agreed Order Between Certain State Governmental Regulatory Claimants and Debtors to Forego Receiving Distribution from Debtors' Bankruptcy Estates* (the "Governmental Penalty Stipulation," ECF No. 1613).  As such claims are subordinated to other general unsecured claims of customers and no reserve needs to be kept against such claims for the purposes of a distribution, capping these claims is not required at this time.  Accordingly, the Plan Administrator has withdrawn these claims from the Capping Motion.

**K.**     <u>**The Ankura Informal Objection**</u>.

31.    Ankura Trust Company, LLC ("<u>Ankura</u>") engaged in informal discussions with the Plan Administrator with respect to the proposed cap for the Ankura Claim.  As part of those discussions, Ankura requested and received confirmation from the Plan Administrator that the amounts asserted on behalf of Holders in the Ankura Claim were not less than the amounts scheduled by BlockFi.

32.    Ankura requested clarifying language to ensure that the proposed capping of the unsecured portion of Ankura's claim at $0 did not abrogate its rights in any way under the Plan and the Plan Order.  The new language also seeks to reiterate and enforce the terms of the Plan and the Bar Date Order against an attempt by any creditor who did not file a proof of claim to evade the Plan, the Bar Date Order, and the Capping Motion through asserting a claim against Ankura that such claimant ought to have been included in the Ankura Claim.  Given, among other things, the Bar Date Order and the Plan language that stated that Ankura would not act as the distribution agent (and, thus, no claimant could rely on recovering through the Ankura Claim), the

Plan Administrator and Ankura agreed to revised language in the proposed Order reflected in paragraphs 6-8 of the proposed Revised Order attached hereto as **Exhibit B**.

**L.      Other Changes.**

33.      In reviewing the proposed schedules following the filing of the Capping Motion, the Plan Administrator determined that a subset of customers who had multiple types of accounts did not have proper Capped Amounts.  Specifically, the proposed Capped Amounts for this subset of claims reflected only one of the account types (rather than all of the account types).  The Plan Administrator has adjusted the proposed Capped Amount for all affected claimants (including those that did not file an objection), and verified that no other claimants were affected by this issue. In all cases, the Capped Amounts were increased.  The Plan Administrator submits that the revised, increased, Capped Amounts should be approved.

34.      Further, certain additional claimants contacted the Plan Administrator informally to request a revised cap for their claims on the Capping Motion (with no other changes requested). The Plan Administrator has agreed to those changes, and they are reflected on the revised schedules.

## CONCLUSION

35.      The Plan Administrator believes that the revised Schedules attached hereto represent a reasonable estimate of the maximum allowable amount of each claim contained on the Schedules.  The relief sought in the Capping Motion is critical to beginning the process of returning funds to BlockFi's customers, who have waited more than a year since BlockFi commenced these bankruptcy proceedings.  Accordingly, the Plan Administrator respectfully requests that this Court enter the proposed revised order approving the Capping Motion.

## NOTICE

36.      The Wind-Down Debtors will provide notice of this Reply to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) creditors whose claims are on revised Schedules A, B, and C; c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the attorneys general in the states where the Debtors conduct their business operations; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Plan Administrator respectfully requests entry of the Revised Order granting the relief requested in the Capping Motion and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

Respectfully Submitted,

Dated: January 12, 2023

/s/ *Daniel M. Stolz*
_____

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

## <u>EXHIBIT A</u>

**PLAN ADMINISTRATOR'S CATEGORIZATION OF OBJECTIONS**

| Tab | Claim No. | Objection / Response Category | Notes | New Capped Amount |
|---|---|---|---|---|
| 1 | 145 | Modification Objection | | $7,853.27 |
| 2 | 152 | Distribution Objection / Dollarization Objection | | |
| 3 | 217 | Distribution Objection | | |
| 4 | 357 | Supporting Document Response | | |
| 5 | 379 | Supporting Document Response | | |
| 6 | 544 | Supporting Document Response | | |
| 7 | 552 | Withdrawn | Claimant objected that their proposed cap was $0. The Plan Administrator reached out to indicate the proposed cap in the Capping Motion was $48,000, and as a result the claimant withdrew their objection. | |
| 8 | 651 | No Action Response | | |
| 9 | 693 | Modification Objection | | $221,915.76 |
| 10 | 750 | Supporting Document Response | | |
| 11 | 754 | Matched Schedule Objection | | |
| 12 | 970 | Modification Objection | | $187,000.00 |
| 13 | 1058 | Supporting Document Response | | |
| 14 | 1062 | Distribution Objection | | |
| 15 | 1131 | Supporting Document Response | | |
| 16 | 1133 | Supporting Document Response | | |
| 17 | 1233 | Supporting Document Response | | |
| 18 | 1300 | Supporting Document Response | | |

| 19 | 1357 | No Action Response | Claimant had questions regarding how the Plan allocated value realized through increased digital asset prices. Counsel to the Plan Administrator reached out by email to provide an answer. | |
| 20 | 1457 | Supporting Document Response | | |
| 21 | 1466 | Modification Objection | | $1,148.96 (Admin); $1,148.96 (Secured) |
| 22 | 1554 | No Action Response | | |
| 23 | 1580 | Distribution Objection | | |
| 24 | 1616 | Distribution Objection | | |
| 25 | 1749 | No Action Response | | |
| 26 | 1755 | Unclear/General Objection | This appears to be an objection/request for clarification to the 14th Omnibus Objection (and not the Capping Motion) | |
| 27 | 1819 | Matched Schedule Objection | | |
| 28 | 1862 | Dollarization Objection / Distribution Objection | | |
| 29 | 1941 | Unclear/General Objection | | |
| 30 | 1978 | Matched Schedule Objection | | |

| 31 | 2110 | Modification Objection | Claimant appears to be requesting a capped amount of $14,752.76. However, this is lower than the original capped amount. Out of an abundance of caution the Plan Administrator is retaining the original proposed capped amount of $18,242 | No Change |
| 32 | 2161 | Unclear/General Objection | Claimant appeared to request additional information if his claim was being disallowed. Counsel to the Plan Administrator reached out to clarify the Capping Motion did not propose to disallow his claim. | |
| 33 | 2297 | Matched Schedule Objection | | |
| 34 | 2381 | Supporting Document Response | | |
| 35 | 2473 | Supporting Document Response | | |
| 36 | 2559 | Supporting Document Response | | |
| 37 | 2720 | Unclear/General Objection | Counsel for the Plan Administrator reached out to this claimant to obtain additional information regarding the objection. No response was received as of the date of this filing. | |
| 38 | 2778 | Matched Schedule Objection | | |
| 39 | 2784 | Supporting Document Response | | |
| 40 | 3922 | Supporting Document Response | | |

| 41 | 4884 | Unclear/General Objection | | |
| 42 | 4948 | Modification Objection | | $10,000.00 |
| 43 | 5441 | Supporting Document Response | | |
| 44 | 5542 | Dollarization Objection | | |
| 45 | 5546 | Modification Objection | | $26,895.00 |
| 46 | 5638 | Modification Objection / General Objection | The claimant did not see his claim on schedules. Upon review, their claim was present on schedules, but in an erroneous amount. The Capped Amount has been adjusted. | $0.56 - BlockFi Inc. $53,316.78 - BlockFi Lending LLC |
| 47 | 5662 | Supporting Document Response | | |
| 48 | 5824 | Supporting Document Response | | |
| 49 | 6201 | No Action Response | | |
| 50 | 6351 | Modification Objection | | $37,547.02 |
| 51 | 9452 | Supporting Document Response | | |
| 52 | 10652 | Supporting Document Response | | |
| 53 | 11019 | Distribution Objection | | |
| 54 | 11268 | Supporting Document Response | | |
| 55 | 11578 | Supporting Document Response | | |
| 56 | 12325 | Modification Objection | | $513,846.83 |
| 57 | 12335 | Modification Objection | Claimant's modification objection asserts the additional amount was at Inc., but on review the additional amount is a Lending liability. | $114,485.08 - BlockFi Lending LLC |
| 58 | 12344 | Unclear/General Objection | | |

| 59 | 12348 | Dollarization Objection | | |
|----|-------|-------------------------|---|---|
| 60 | 12396 | Modification Objection | | $142,453.38 (secured) - BlockFi Lending |
| 61 | 12685 | Supporting Document Response | | |
| 62 | 12757 | No Action Response | | |
| 63 | 13050 | Unclear/General Objection | This objection contains a large amount of irrelevant documentation and argument that the Plan Administrator does not believe states a comprehensible objection as to the Capping Motion. | |
| 64 | 13199 | Supporting Document Response | | |
| 65 | 13232 | Modification Objection | | $350,000.00 |
| 66 | 13328 | Supporting Document Response | | |
| 67 | 13431 | Modification Objection | Resolved through a modification to the capped amounts for Claim 32381 | |
| 68 | 13890 | Distribution Objection / Dollarization Objection | Counsel for the Plan Administrator reached out to this claimant to obtain additional information regarding the objection. Claimant's email makes clear that the claimant objects to the dollarization of their claim and requests a distribution in excess of the proposed Capped Amount. | |
| 69 | 13946 | Supporting Document Response | | |
| 70 | 14258 | Distribution Objection | | |

| 71 | 14448 | Supporting Document Response | | |
| 72 | 14955 | Supporting Document Response | | |
| 73 | 14985 | Supporting Document Response | | |
| 74 | 15033 | Modification Objection | | $2,833,332.94 |
| 75 | 15746 | Unclear/General Objection | | |
| 76 | 15772 | Modification Objection / Dollarization Objection | Claimant was not previously matched. Claimant has subsequently been matched and the amounts updated as shown.  Claimant seperately proposes a scheme for alternative distribution that relies on rejecting claim dollarization, and appears to misunderstand the relief sought in the Capping Motion | $25930.08- BlockFi International LTD. |
| 77 | 15795 | Dollarization Objection | | |
| 78 | 16035 | Supporting Document Response | | |
| 79 | 16168 | Distribution Objection | | |
| 80 | 16395 | Supporting Document Response | | |
| 81 | 16453 | Modification Objection / Distribution Objection / Dollarization Objection | | $140.00 |
| 82 | 16482 | Matched Schedule Objection | | |
| 83 | 16640 | Distribution Objection | | |
| 84 | 16673 | Supporting Document Response | | |
| 85 | 16846 | Supporting Document Response | | |
| 86 | 16896 | Supporting Document Response | | |

| 87 | 16992 | Unclear/General Objection | | |
|---|---|---|---|---|
| 88 | 17106 | Supporting Document Response | | |
| 89 | 17134 | Supporting Document Response | | |
| 90 | 17258 | No Action Response | | |
| 91 | 17272 | Dollarization Objection | | |
| 92 | 17516 | Supporting Document Response | | |
| 93 | 17553 | No Action Response | | |
| 94 | 17788 | Supporting Document Response | | |
| 95 | 17924 | Distribution Objection | | |
| 96 | 18016 | Supporting Document Response | | |
| 97 | 18339 | Matched Schedule Objection | | |
| 98 | 18395 | Supporting Document Response | | |
| 99 | 18803 | Modification Objection / Dollarization Objection | While claimant appears to be asserting purely a dollarization objection, out of an abundance of caution the Plan Administrator has increased the Capped Amount to the amount specified in the Objection | $147,348.17 |
| 100 | 18933 | Dollarization Objection | | |
| 101 | 19004 | Supporting Document Response | | |
| 102 | 19014 | Supporting Document Response | | |
| 103 | 19103 | Supporting Document Response | | |
| 104 | 19187 | Supporting Document Response | | |
| 105 | 19570 | Distribution Objection | | |

| 106 | 19607 | Distribution Objection | Claimant wrote "I agree to be paid $1,387.19." Out of an abundance of caution the Plan Administrator categorized this as a distribution objection given that the Plan Administrator does not expect to make, at this time, a 100% distribution on this claim. | |
|---|---|---|---|---|
| 107 | 19730 | Supporting Document Response | | |
| 108 | 20440 | Supporting Document Response | | |
| 109 | 20534 | Modification Objection | | $25,000.00 |
| 110 | 20758 | Supporting Document Response | | |
| 111 | 21074 | Unclear/General Objection | | |
| 112 | 21253 | Supporting Document Response | | |
| 113 | 21260 | Supporting Document Response | | |
| 114 | 21267 | Distribution Objection | | |
| 115 | 21398 | Supporting Document Response | | |
| 116 | 21460 | Supporting Document Response | | |
| 117 | 21464 | Dollarization Objection / Matched Schedule Objection | | |
| 118 | 21531 | Distribution Objection | | |
| 119 | 21555 | Supporting Document Response | | |
| 120 | 21561 | Supporting Document Response | | |
| 121 | 21564 | Matched Schedule Objection | | |
| 122 | 21571 | Supporting Document Response | | |

| 123 | 21593 | Supporting Document Response | | |
|---|---|---|---|---|
| 124 | 21658 | Supporting Document Response | | |
| 125 | 21739 | Supporting Document Response | | |
| 126 | 21897 | Dollarization Objection | | |
| 127 | 22148 | Supporting Document Response | | |
| 128 | 22323 | Modification Objection / Dollarization Objection | | $4,324.02 - Secured |
| 129 | 22701 | Supporting Document Response | | |
| 130 | 22719 | Distribution Objection / Dollarization Objection | | |
| 131 | 22905 | Distribution Objection | | |
| 132 | 22961 | Supporting Document Response | | |
| 133 | 23150 | Modification Objection | Mr. White's request for an increased cap was conditional, but to preserve Mr. White's rights the Plan Administrator granted the increased cap despite the condition. | $37,067.00 |
| 134 | 23329 | Modification Objection | | $724.37 |
| 135 | 23448 | Supporting Document Response | | |
| 136 | 23670 | Unclear/General Objection | | |
| 137 | 23681 | Dollarization Objection | | |
| 138 | 24169 | Supporting Document Response | | |
| 139 | 24347 | Supporting Document Response | | |
| 140 | 24513 | Unclear/General Objection | | |
| 141 | 24576 | Supporting Document Response | | |
| 142 | 24673 | No Action Response | | |
| 143 | 25028 | No Action Response | | |

| 144 | 25116 | Supporting Document Response | | |
| 145 | 25248 | Supporting Document Response | | |
| 146 | 25406 | Modification Objection / Dollarization Objection | Claimant's objection boils down to an objection to dollarization, but contains substantial extraneous allegations and assertions that do not require a response. | $100,000.00 |
| 147 | 25471 | Distribution Objection | | |
| 148 | 25643 | Unclear/General Objection | | |
| 149 | 25689 | Supporting Document Response | | |
| 150 | 26341 | Modification Objection | | $146,100.00 |
| 151 | 27000 | Supporting Document Response | | |
| 152 | 28119 | Supporting Document Response | | |
| 153 | 28333 | Modification Objection | | $32,091.71 |
| 154 | 28572 | Supporting Document Response | | |
| 155 | 28841 | Supporting Document Response | | |
| 156 | 29093 | Dollarization Objection | | |
| 157 | 31591 | Modification Objection | | $54,939.36 |
| 158 | 31774 | Supporting Document Response | | |
| 159 | 31801 | Supporting Document Response | | |
| 160 | 32037 | Modification Objection | | $63,266.77 |

| 161 | 32381 | Modification Objection | Objection also requested confirmation that administrative claims would be fully reserved against prior to a distribution. The Plan Administrator has confirmed this is the case. | $39,107.27 (admin); $164,809.25 (unsecured) |
|---|---|---|---|---|
| 162 | 32528 | Unclear/General Objection | | |
| 163 | 32569 | Supporting Document Response | | |
| 164 | 32574 | Modification Objection / Matched Schedule Objection | | $1,616.46 |
| 165 | 32812 | Supporting Document Response | | |
| 166 | 33164 | Supporting Document Response | | |
| 167 | 33189 | Supporting Document Response | | |
| 168 | 33707 | Supporting Document Response | | |
| 169 | 33792 | Modification Objection | | 1120.34 - BlockFi Inc. |
| 170 | 33800 | Supporting Document Response | | |
| 171 | 33926 | Supporting Document Response | | |

**EXHIBIT B**

**REVISED PROPOSED ORDER**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br><br> Case No. 22-19361 (MBK)<br> (Jointly Administered under a Confirmed Plan[2])<br><br> Hearing Date: @ a.m. ET |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE
MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE
FOR UNSECURED CLAIMS**

   The relief set forth on the following pages, numbered three (3) through six (6) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

1

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Debtors' Motion For An Order Capping The Maximum Allowable Amounts And Establishing A Reserve For Unsecured Claims* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided;  and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtors:            BlockFi Inc.
Case No.            22-19361(MBK)
Caption of Order:   ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING
                    THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A
                    RESERVE FOR UNSECURED CLAIMS

overruled; and the Court having found and determined that the relief sought in the Motion is in the

best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The claims set forth on Schedules A-C attached to the Notice of Revised Schedules

to the Plan Administrator's Motion for an Order Capping the Maximum Allowable Amounts and

Establishing a Reserve for All Claims to Enable the First Interim Distribution are each capped at

the amounts and priorities listed therein for purposes of setting the maximum allowable amount of

such claim, and no claim amendments increasing those maximum amounts shall be allowed except

as set forth herein.  The Plan Administrator shall not be required to reserve on any claim for any

asserted amounts above such claims' Capped Amount.

3.      The provisions of Bankruptcy Rule 3003(c)(4) shall not apply to deem any

scheduled claim associated with a claim on Schedule A, Schedule B, or Schedule C that was not,

as of the date of the filing of those schedules, known to the Plan Administrator be associated with

such claim (as reflected on Schedule A or B or by the presence of the claim on Schedule C).

Further, and for the avoidance of doubt, the filing of a proof of claim against one Wind-Down

Debtor shall not operate to deem any scheduled claim against a different Wind-Down Debtor

superseded under Bankruptcy Rule 3003(c)(4).

3

(Page 4)
Debtors:           BlockFi Inc.
Case No.           22-19361(MBK)
Caption of Order:  ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING
                   THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A
                   RESERVE FOR UNSECURED CLAIMS

4.     January 15, 2024 shall be the Record Date for the First Interim Distribution and any

subsequent distribution (unless altered by further order of this Court).

5.     Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as: (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization

to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or

(f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable

law.

6.     Notwithstanding anything in the Motion or this Order, nothing in this Order shall

supersede, modify, abrogate or in any way affect the rights of Ankura Trust Company, LLC (the

"Indenture Trustee") under the Plan and the Plan Order including, without limitation, paragraph

127 of the Plan Order, all of which shall remain in full force and effect. The Indenture Trustee, the

Plan Administrator and the Wind-Down Debtors shall comply with paragraph 127 of the Plan

Order. In addition, notwithstanding anything in the Motion or this Order, by filing Proof of Claim

No. 15892 (the "Ankura Claim") on March 30, 2023, the Indenture Trustee timely filed, and shall

be deemed to have timely filed, a proof of claim with respect to the Indenture Trustee's

compensation, disbursements, advances, indemnifications and other obligations to the Indenture

Trustee arising out of or in connection with the Indenture Documents and the Accounts (each as

4

(Page 5)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

defined in the Ankura Claim). Nothing in the Motion or this Order shall constitute a withdrawal of or waiver of the Ankura Claim with respect to the Indenture Trustee's compensation, disbursements, advances, indemnifications and other obligations to the Indenture Trustee arising out of or in connection with the Indenture Documents and the Accounts.

7.      The Indenture Trustee shall be entitled to rely fully on the Schedule of Assets and Liabilities (as amended), Motion Schedules and the amounts of, and priorities of, the Capped Claims set forth on the Motion Schedules, and shall not be required to take any action or step with respect to the claims of the BIA holders under the BIA Indenture (as defined in the Plan), including, without limitation, with respect to the Ankura Claim.

8.      No creditor who did not submit a timely proof of claim is entitled to assert an entitlement to amounts in excess of those scheduled for such claimant through the Ankura Claim. Any such assertion of a claim directly or indirectly would be a violation of the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order," ECF No. 440). As provided in, and in furtherance of, the Plan Order, and for the avoidance of doubt, (a) the Indenture Trustee shall not serve as distribution agent and, therefore, no BIA Claimant (as defined below), whether or not it submitted a timely proof of claim, is entitled to rely on the Ankura Claim for any distribution, (b) the Indenture Trustee is conclusively, absolutely, unconditionally, irrevocably and forever discharged by each and every BIA holder, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities (as defined in the Plan) who may purport to assert any Cause of Action (as defined in the

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

Plan) (collectively, a "BIA Claimant"), from any and all Causes of Action, whether unknown or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, arising out of, connected with, or related to the Ankura Claim, (c) each BIA Claimant is permanently enjoined from enforcing, pursuing or seeking any relief of claim against the Indenture Trustee arising out of, connected with, or related to the Ankura Claim and (d) any action by any BIA Claimant in violation of this paragraph 8 would violate the Plan Order.

9.      Arch Insurance Company ("Arch") filed proof of claim nos. 15208, 15224, 15890, and 15893 (the "Arch Claims") against certain of the Wind-Down Debtors. Notwithstanding anything to the contrary in this Order, Arch's rights to have the maximum allowable amount of the Arch Claims determined and amended at a future date shall not be prejudiced and Arch's rights are expressly reserved and not waived, provided however that the Wind-Down Debtors shall be required to reserve only against the Capped Amount of the Arch Claims with respect to any distribution, unless and until the Arch Claims are Allowed in a greater amount by a subsequent court order or by stipulation between Arch and the Wind-Down Debtors. The Plan Administrator and the Wind-Down Debtors also reserve all rights and waive none concerning the Arch Claims, including without limitation the right to object to them.

10.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

12.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# **EXHIBIT C**

**REVISED PROPOSED ORDER (REDLINE)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BLOCKFI INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)
(Jointly Administered under a Confirmed Plan[2])

Hearing Date: @ a.m. ET

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS**

The relief set forth on the following pages, numbered three (3) through ~~five (5~~six (6) is

**ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

1

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Debtors' Motion For An Order Capping The Maximum Allowable Amounts And Establishing A Reserve For Unsecured Claims* (the "Motion")[3]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided;  and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

(Page 4)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The claims set forth on Schedules A-C attached to the Notice of Revised Schedules to the Plan Administrator's Motion for an Order Capping the Maximum Allowable Amounts and Establishing a Reserve for All Claims to Enable the First Interim Distribution are each capped at the amounts and priorities listed therein for purposes of setting the maximum allowable amount of such claim, and no claim amendments increasing those maximum amounts shall be allowed except as set forth herein. The Plan Administrator shall not be required to reserve on any claim for any asserted amounts above such claims' Capped Amount.

3.      The provisions of Bankruptcy Rule 3003(c)(4) shall not apply to deem any scheduled claim associated with a claim on Schedule A, Schedule B, or Schedule C that was not, as of the date of the filing of those schedules, known to the Plan Administrator be associated with such claim (as reflected on Schedule A or B or by the presence of the claim on Schedule C). Further, and for the avoidance of doubt, the filing of a proof of claim against one Wind-Down Debtor shall not operate to deem any scheduled claim against a different Wind-Down Debtor superseded under Bankruptcy Rule 3003(c)(4).

(Page 5)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

4.       January 15, 2024 shall be the Record Date for the First Interim Distribution and any subsequent distribution (unless altered by further order of this Court).

5.       Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6.       Notwithstanding anything in the Motion or this Order, nothing in this Order shall supersede, modify, abrogate or in any way affect the rights of Ankura Trust Company, LLC (the "Indenture Trustee") under the Plan and the Plan Order including, without limitation, paragraph 127 of the Plan Order, all of which shall remain in full force and effect. The Indenture Trustee, the Plan Administrator and the Wind-Down Debtors shall comply with paragraph 127 of the Plan Order. In addition, notwithstanding anything in the Motion or this Order, by filing Proof of Claim No. 15892 (the "Ankura Claim") on March 30, 2023, the Indenture Trustee timely filed, and shall be deemed to have timely filed, a proof of claim with respect to the Indenture Trustee's compensation, disbursements, advances, indemnifications and other obligations to the Indenture Trustee arising out of or in connection with the Indenture Documents and the Accounts (each as

(Page 6)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

defined in the Ankura Claim). Nothing in the Motion or this Order shall constitute a withdrawal of or waiver of the Ankura Claim with respect to the Indenture Trustee's compensation, disbursements, advances, indemnifications and other obligations to the Indenture Trustee arising out of or in connection with the Indenture Documents and the Accounts.

7.      The Indenture Trustee shall be entitled to rely fully on the Schedule of Assets and Liabilities (as amended), Motion Schedules and the amounts of, and priorities of, the Capped Claims set forth on the Motion Schedules, and shall not be required to take any action or step with respect to the claims of the BIA holders under the BIA Indenture (as defined in the Plan), including, without limitation, with respect to the Ankura Claim.

8.      No creditor who did not submit a timely proof of claim is entitled to assert an entitlement to amounts in excess of those scheduled for such claimant through the Ankura Claim. Any such assertion of a claim directly or indirectly would be a violation of the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order," ECF No. 440). As provided in, and in furtherance of, the Plan Order, and for the avoidance of doubt, (a) the Indenture Trustee shall not serve as distribution agent and, therefore, no BIA Claimant (as defined below), whether or not it submitted a timely proof of claim, is entitled to rely on the Ankura Claim for any distribution, (b) the Indenture Trustee is conclusively, absolutely, unconditionally, irrevocably and forever discharged by each and every BIA holder, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities (as defined in the Plan) who may purport to assert any Cause of Action (as defined in the

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

Plan) (collectively, a "BIA Claimant"), from any and all Causes of Action, whether unknown or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, arising out of, connected with, or related to the Ankura Claim, (c) each BIA Claimant is permanently enjoined from enforcing, pursuing or seeking any relief of claim against the Indenture Trustee arising out of, connected with, or related to the Ankura Claim and (d) any action by any BIA Claimant in violation of this paragraph 8 would violate the Plan Order.

9.      Arch Insurance Company ("Arch") filed proof of claim nos. 15208, 15224, 15890, and 15893 (the "Arch Claims") against certain of the Wind-Down Debtors. Notwithstanding anything to the contrary in this Order, Arch's rights to have the maximum allowable amount of the Arch Claims determined and amended at a future date shall not be prejudiced and Arch's rights are expressly reserved and not waived, provided however that the Wind-Down Debtors shall be required to reserve only against the Capped Amount of the Arch Claims with respect to any distribution, unless and until the Arch Claims are Allowed in a greater amount by a subsequent court order or by stipulation between Arch and the Wind-Down Debtors. The Plan Administrator and the Wind-Down Debtors also reserve all rights and waive none concerning the Arch Claims, including without limitation the right to object to them.

6.10.   The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

(Page 8)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

~~7.~~11.   The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

~~8.~~12.   Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

~~9.~~13.   Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

~~10.~~14.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.