Jeffrey M. Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Ste. 124
Hackensack, NJ 07601
(646) 974-8650
jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

-and-

Elise S. Frejka
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800
*Fee Examiner*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 22-19361 (MBK) |
| | Judge Michael B. Kaplan |
| BLOCKFI INC., et al.,[1] | Chapter 11 |
| Wind-Down Debtors. | (Jointly Administered) |

### NOTICE OF THE FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING FINAL FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE TAX LLP; (III) BERKELEY RESEARCH GROUP, LLC; AND (IV) KROLL RESTRUCTURING ADMINISTRATION LLC

**PLEASE TAKE NOTICE** that attached hereto is the *Fee Examiner's Consolidated Final Report Regarding Final Fee Applications of (I) Haynes and Boone, LLP; (II) Deloitte Tax LLP; (III) Berkeley Research Group, LLC; and (IV) Kroll Restructuring Administration LLC*, submitted by Elise S. Frejka, the fee examiner in the above-captioned cases.

Date: January 15, 2024

       /s/ Jeffrey Traurig_____
       Jeffrey Traurig
       TRAURIG LAW LLC
       One University Plaza, Suite 124
       Hackensack, NJ 07601
       Tel: (646) 974-8650
       E-mail: jtraurig@trauriglaw.com

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

Elise S. Frejka
*Fee Examiner*
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Wind-Down Debtors. | (Jointly Administered) |

**FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING**
**FINAL FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE**
**TAX LLP; (III) BERKELEY RESEARCH GROUP, LLC;**
**AND (IV) KROLL RESTRUCTURING ADMINISTRATION LLC**

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned chapter 11

cases (the "Chapter 11 Cases") submits this final report (the "Final Report") pursuant to the

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order") [Dkt. No.

925] in connection with the final applications for allowance of compensation for professional

services rendered and for reimbursement of actual and necessary expenses (each, a "Fee

Application," and together, the "Fee Applications") of the following professionals retained by

the above-captioned debtors (the "Debtors"): (I) Haynes and Boone, LLP ("HB"), Co-Counsel to

the Debtors [Dkt. No. 1950]; (II) Deloitte Tax LLP ("Deloitte Tax"), Tax Advisory Services

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc.  (0015); BlockFi Trading LLC (2487); Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc.  (5965); and BlockFi Lending II LLC (0154).  The location of the Wind-Down Debtors service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, New York 10019.

Provider to the Debtors [Dkt. No. 1939]; (III) Berkeley Research Group, LLC ("BRG"),

Financial Advisors to the Debtors [Dkt. 1941]; and (IV) Kroll Restructuring Administration LLC

("Kroll," and together with HB, Deloitte Tax, and BRG, the "Retained Professionals"),

Administrative Advisors to the Debtors [Dkt. No. 1937].  The Fee Applications are final fee

applications.  The Fee Application(s) of (I) HB, Deloitte Tax, and Kroll seek approval of (a)

interim compensation for the period August 1, 2023 through October 3, 2023 (the "Third Interim

Fee Period"), and (b) final compensation for the period from the Retained Professional's date of

retention through October 3, 2023 on a final basis (the "Compensation Period"); and (II) BRG

seeks approval of final compensation for the period from the Petition Date through December 26,

2022.

### Case Background

1.      On November 28, 2022 (the "Petition Date"), the Debtors commenced voluntary

cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy

Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

The Debtors are operating their business and managing their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' Chapter 11 Cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"). As of the date hereof, no trustee or examiner has been appointed in these

Chapter 11 Cases.

3.      On December 21, 2022, the United States Trustee for Region 3 (the "U.S.

Trustee"), appointed an official committee of unsecured creditors (the "Committee") [Dkt. Nos.

130, 131].

4.        On August 3, 2023, the Debtors filed their *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1309] (the "Plan") and their *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1310] (the "Disclosure Statement").

5.        On October 3, 2023, the Court entered the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Dkt. No. 1655].

6.        On October 24, 2023, the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) and (II) Occurrence of the Effective Date* [Dkt. No. 1788].

**Fee Examiner Order**

7.        On May 17, 2023, after recognizing the size and complexity of the Chapter 11 Cases, the Court entered the Fee Examiner Order to assist the Court in its determination of whether applications for compensation are compliant with the Bankruptcy Code, all applicable Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, at 28 C.F.R. Part 58, Appendix A, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of

November 1, 2013, at 28 C.F.R. Part 58, Appendix B (together, the "UST Guidelines"), and the

*Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim*

*Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*

entered on January 17, 2023 (the "Interim Compensation Order") [Dkt. No. 307].

8.      Under paragraphs 5 and 10 of the Fee Examiner Order, the Fee Examiner was

charged by the Court with, among other things: (a) reviewing the interim and final fee

applications filed by each applicant in these Chapter 11 Cases, along with the fee detail related

thereto; (b) reviewing any relevant documents filed in these Chapter 11 Cases to be generally

familiar with these cases and the dockets; (c) within sixty (60) days after the filing of the first

interim application (and forty-five (45) days for any subsequent fee application), serving an

initial report on the applicant addressing whether the requested fees, disbursements and expenses

are substantially in compliance with the applicable standards of sections 330 of the Bankruptcy

Code and Local Rule 2016-1, and the U.S. Trustee Fee Guidelines; (d) engaging in written

communication with each applicant, the objective of which is to resolve matters raised in the

initial report and endeavor to reach consensual resolution with each applicant with respect to the

applicant's requested fees and expenses; and (e) following communications between the Fee

Examiner and the applicant, and the Fee Examiner's review of any supplemental information

provided by such applicant in response to the initial report, conclude the information resolution

period by filing with the Court a final report with respect to each application at least ten (10)

days before the hearing date on the relevant application.  The final report shall be in a format

designed to quantify and present factual data relevant to whether the requested fees and expenses

of each applicant are substantially in compliance with the applicable standards of sections 330 of

the Bankruptcy Code and Local Rule 2016-1, and whether the applicant has made a reasonable

effort to comply with the UST Guidelines.  The final report shall also inform the Court of all

proposed consensual resolutions of the fee and/or expense reimbursement request for each

applicant.

9.      In accordance with the Fee Examiner Order, the Fee Examiner reviewed the Fee

Applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the Interim Compensation Order, and the UST Guidelines.  In addition,

the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent

established by the District Court and Bankruptcy Court for the District of New Jersey, the Third

Circuit Court of Appeals, and other applicable precedent.  This process consisted of a detailed

substantive review of the time and expense records by the Fee Examiner using her expertise and

judgment to identify noncompliant timekeeping practices and other areas of concern.

10.     Due to the size and complexity of these Chapter 11 Cases, the Fee Examiner

reviewed the time entries supporting the Fee Applications on a monthly basis, to the extent that

LEDES or other electronic files were provided.  Areas of general concern to the Fee Examiner

during her review were the role of each attorney attending hearings and meetings so that she

could assess case staffing issues and the benefit to the estate of certain work streams that the Fee

Examiner deemed administrative in nature in addition to general concerns about block billing

and vague entries.

11.     The Fee Examiner focused her review on the following issues:

    a.  Vague time entries that do not include complete activity descriptions that are
        sufficiently detailed to allow the reviewer to determine whether the time billed
        is actual, reasonable and necessary (hereinafter, "Vague Time Entries");

    b.  Block billed or "lumped" time entries that do not clearly identify each discrete
        task billed, indicate the date the task was performed, the precise amount of
        time spent (not to be billed in increments greater than one-tenth of an hour),

5

who performed the task, the level of experience, and that person's hourly rate as required by the UST Guidelines at C.9(d) (hereinafter, "<u>Block Billing Entries</u>");

c. Entries that the Fee Examiner identified as more in the nature of overhead or other administrative activities where the benefit to the Debtors' estate was not readily ascertainable from the time entry (hereinafter "<u>Administrative Entries</u>");

d. Time entries where the sub-parts of a particular time entry did not equal the amount of time that was actually charged (hereinafter, "<u>Over/Under Billing Entries</u>");

e. Duplicate time entries (hereinafter, "<u>Duplicate Entries</u>") where based upon the narrative the Fee Examiner was unable to ascertain if the timekeeper undertook separate tasks or the entry was duplicative;

f. Time charges attributable to transitory timekeepers who billed less than five (5) hours per month during the Fee Period (hereinafter, "<u>Transitory Timekeepers</u>").  The Fee Examiner reviewed the nature of the work performed and the expertise the timekeeper brought to the case and made recommendations specific to the Retained Professionals;

g. Staffing inefficiencies where the number of professionals participating in conference calls, meetings, depositions, and hearings appeared excessive and the benefit to the estate appeared minimal or where the Retained Professional staffed the case with summer associates or unadmitted attorneys (hereinafter, "<u>Staffing Inefficiency Entries</u>");

h. Professionals with a disproportionate amount of time billed in rounded (.5 or .0) hours (hereinafter, "<u>Rounded Hour Entries</u>");

i. Mismatched entries where the professionals participating in conference calls, meetings, depositions and hearings billed differing amounts to the same activity ("<u>Mismatched Time Entries</u>");

j. Expense reimbursement-related issues (flights, train travel, taxi/ground transportation, meals, service/booking fees, tips, photocopies/facsimiles, in-flight internet, upgrades, car service, and unknown expenses);

k. Whether there was a duplication of effort, or coordination between the professionals retained by the Debtors;

l. Budgeted fees vs. actual fees; and

m. Compliance with the Interim Compensation Order and the Fee Examiner Order.

6

12.     In undertaking her review, the Fee Examiner considered reductions taken by the Retained Professionals in an exercise of their billing discretion prior to submission of the relevant fee application, whether the Retained Professional stayed within budget, and general staffing considerations.

13.     The Fee Examiner issued an informal initial report to each Retained Professional to the extent she had any issues, questions, or concerns.  Each initial report detailed the Fee Examiner's preliminary recommendations with respect to the specific Fee Application and, to the extent necessary, identified specific time or expense entries that required further information to assess compliance with the Bankruptcy Code, the Local Rules, and the UST Guidelines.

## Standards Applied by the Fee Examiner

14.     The general standards applied by the Fee Examiner are set forth in the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Debtors* [Dkt. No. 1933].  Those standards are incorporated herein by reference and, except to the extent necessary, will not be repeated in this Final Report.

## Fee Examiner's Recommendations

15.     The Final Report covers the final Fee Applications of the Retained Professionals. The Fee Examiner has reached an agreement with all of the Retained Professionals regarding allowance for the period under review.

16.     The Fee Examiner limited her review to the compensation sought in the Third Interim Fee Period because she previously reviewed the compensation requested in the first and second interim periods (as to which resolutions on reductions were reached) and that review occurred recently.  See Dkt. Nos. 1464, 1933.

17.     The Fee Examiner makes the following specific recommendations as to the fees to be allowed and expenses to be reimbursed.

**Haynes and Boone LLP (Co-Counsel to the Debtors)**

18.     On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a), 330 and 1107(b) Authorizing the Employment and Retention of Haynes and Boone, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date Pursuant to Local Bankruptcy Rules 2014-1* [Dkt. No. 134].

19.     On January 24, 2023, the Court entered the *Order Approving the Employment and Retention of Haynes and* Boone*, LLP as Bankruptcy Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "HB Retention Order") [Dkt. No. 393]. Pursuant to the HB Retention Order, the Debtors were authorized to employ HB as their general bankruptcy and restructuring co-counsel to render general legal services to the Debtors as needed throughout the course of the Chapter 11 Cases. For its services, HB is compensated on an hourly basis subject to a discount, calculated on a calendar year basis, equal to 10% off the firm's hourly rates with the discount increasing to (a) 12.5% after the firm has been paid $2.5 million in such calendar year, and (b) 15% after the firm has been paid $3.5 million in such calendar year. The discount applicable to the Third Interim Fee Period was 15%.

20.     HB requests a final allowance of fees in the amount $12,641,195.23 and expenses in the amount of $212,064.83 for the Compensation Period [Dkt. No. 1950].  These amounts are inclusive of the fees and expenses requested for the Third Interim Fee Period. HB provided a discount to the Debtors, calculated as described in the preceding paragraph, in the aggregate amount of $1,999,150.77 for the Compensation Period.

8

21.     During the Third Interim Fee Period, HB filed three (3) monthly applications covering three (3) months for compensation as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/03/2023 Dkt. 1640 | 08/01/2023 – 08/31//2023 | $937,331.07 | $7,686.33 | $749,864.86 | $7,686.33 |
| 10/27/2023 Dkt. 1804 | 09/01/2023 – 09/30/2023 | $1,146,739.62 | $10,738.28 | $917,391.70 | $10,738.28 |
| 11/29/2023 Dkt. 1929 | 10/01/2023 – 10/03/2023 | $123,611.23 | $1,259.07 | $98,888.98 | $1,259.07 |
| TOTAL | | $2,207,681.92 | $19,683.68 | $1,766,145.54 | $19,683.68 |

The Fee Examiner notes and appreciates that HB's timekeeping was exceptional and substantially in compliance with the UST Guidelines. The Fee Examiner's initial report regarding the HB Fee Application identified very minor issues with expenses that required additional information, Transitory Timekeepers, Staffing Inefficiencies, and miscellaneous issues but taking into account the written explanations provided by HB and the fee discount, the Fee Examiner did not recommend any further reduction or adjustment in light of the strong and Guideline compliant timekeeping.  Accordingly, the Fee Examiner recommends a final allowance of fees in the amount of $12,641,195.23 and reimbursement of expenses in the amount of $212,064.83 for the Compensation Period, inclusive of fees in the amount of $2,207,681.92 and expenses in the amount of $19,683.68 related to the Third Interim Fee Period.

**Deloitte Tax LLP (Tax Services Provider to the Debtors)**

22.     On May 16, 2023, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Deloitte Tax as Tax Services Provider Effective as of March 1, 2023 and (II) Granting Related Relief* [Dkt. No. 921].

23.     On June 23, 2023, the Court entered the *Amended Order (I) Authorizing the Debtors to Retain and Employ Deloitte Tax as Tax Services Provider Effective as of March 1, 2023 and (II) Granting Related Relief* [Dkt. No. 1111].  Pursuant to the Deloitte Tax Retention

9

Order, the Debtors were authorized to employ Deloitte Tax as their tax services provider. For its services, Deloitte Tax is compensated on an hourly basis and a fixed fee basis depending on the services rendered in accordance with the engagement letters between the Debtors and Deloitte Tax.

24.     Deloitte Tax requests a final allowance of fees in the amount $947,899.80 and expenses in the amount of $0.00 for the Compensation Period [Dkt. No. 1939]. These amounts are inclusive of the fees and expenses requested for the Third Interim Fee Period.

25.     During the Third Interim Fee Period, Deloitte Tax filed two (2) monthly applications for compensation covering three (3) months as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/11/2023 Dkt. 1705 | 08/01/2023 – 08/31/2023 | $176,930.00 | $0.00 | $141,544.00 | $0.00 |
| 11/03/2023 Dkt. 1833 | 09/01/2023 – 10/03/2023 | $162,870.00 | $0.00 | $130,296.00 | $0.00 |
| TOTAL | | $339,800.00 | $0.00 | $271,840.00 | $0.00 |

26.     The Fee Examiner reviewed the time entries supporting the Deloitte Tax Fee Application and the engagement letters to confirm that Deloitte Tax billing was in compliance with the underlying agreements. The Fee Examiner notes and appreciates that Deloitte Tax's timekeeping was exceptional and substantially in compliance with the UST Guidelines and consistent with the engagement letters. After her review of the Deloitte Tax Fee Application, the Fee Examiner advised Deloitte Tax that she did not have any questions, comments, or concerns. the Fee Examiner recommends a final allowance of fees in the amount of $947,899.50 and reimbursement of expenses in the amount of $0.00 for the Compensation Period, inclusive of fees in the amount of $339,800.00 and expenses in the amount of $0.00 related to the Third Interim Fee Period.

**Berkeley Research Group, LLC (Financial Advisors to the Debtors)**

27.    On December 30, 2022, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC as Financial Advisors to the Debtors, Effective as of the Petition Date Through the CRO Appointment Date, and (II) Authorizing Berkeley Research. Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel, Effective as of the CRO Appointment* [Dkt. No. 174].

28.    On February 9, 2023, the Court entered the *Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC as Financial Advisors to the Debtors, Effective as of the Petition Date Through the CRO Appointment Date, and (II) Authorizing Berkeley Research Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel, Effective as of the CRO Appointment* (the "BRG Retention Order") [Dkt. No. 494]. Pursuant to the BRG Retention Order, the Debtors were authorized to employ BRG to financial advisory services.  BRG agreed to be compensated on an hourly basis for services.

29.    BRG requests a final allowance of fees in the amount $1,136,773.00 and expenses in the amount of $5,383.84 for the Compensation Period [Dkt. No. 1941].  These fees and expenses were approved on an interim basis by Order dated September 21, 2023 [Dkt. No. 1544].  At this time, the Fee Examiner recommends allowance of the BRG fees and expenses on a final basis.

**Kroll Restructuring Administration LLC (Administrative Advisor to the Debtors)**

30.    On December 22, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date.* [Dkt. No. 136].

31.     On February 7, 2023, the Court entered the *Order Authorizing the Debtors'*
*Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor*
*Nunc Pro Tunc to the Petition Date* [Dkt. No. 486].  Pursuant to the Kroll Retention Order, the
Debtors were authorized to employ Kroll as their administrative advisor to, among other things
and as relevant to the Kroll Fee Application, assist with the preparation of the Debtors' schedules
of assets and liabilities and statements of financial affairs. For its services, Kroll is compensated
on an hourly basis.

32.     Kroll requests a final allowance of fees in the amount $213,562.06 and expenses
in the amount of $244.00 for the Compensation Period [Dkt. No. 1937].  These amounts are
inclusive of the fees and expenses requested for the Third Interim Fee Period.  Kroll provided a
discount to the Debtors in the aggregate amount of $37,687.44 for the Compensation Period.

33.     During the Third Interim Fee Period, Kroll filed two (2) monthly applications for
compensation and included the stub period – October 1, 2023 through October 3, 2023 – in the
Kroll Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 09/22/2023 Dkt. No. 1570 | 08/01/2023 – 08/31/2023 | $60,597.77 | 0.00 | $48,478.22 | $0.00 |
| 10/25/2023 Dkt. No. 1790 | 09/01/2023– 09/30/2023 | $97,537.07 | $0.00 | $78,029.66 | $0.00 |
| 12/08/2023 Dkt. No. 1937 | 10/01/2023– 10/03/2023 | $408.00 | $244.00 | $0.00 | $0.00 |
| **TOTAL** | | **$158,542.84** | **$244.00** | **$126,507.88** | **$0.00** |

After her review of the Kroll Fee Application, the Fee Examiner requested additional
information from Kroll to support certain time entries related to the solicitation process and Kroll
adequately responded and addressed the Fee Examiner's questions, comments, and concerns.
Accordingly, the Fee Examiner recommends a final allowance of fees in the amount of
$213,562.06 and reimbursement of expenses in the amount of $244.00 for the Compensation

Period, inclusive of fees in the amount of $158,542.84 and expenses in the amount of $244.00 related to the Third Interim Fee Period.

### Conclusion

For the reasons stated above, and in the absence of any objection to the Fee Applications of the Retained Professionals, the Fee Examiner recommends that the Court enter an Order, substantially in the form attached hereto as Exhibit A, on a final basis granting the fee requests of the Retained Professionals in the amounts recommended herein.

Dated: New York, New York
        January 15, 2024

Respectfully Submitted,

ELISE S. FREJKA

415 East 52nd Street | Suite 3
New York, New York 10022
Phone: 212-641-0800
Facsimile: 212-641-0800

*Fee Examiner*

**<u>Exhibit A</u>**

*(Proposed Order)*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

|  |  |
|---|---|
| In re: | Case No. 22-19361 (MBK) |
| BLOCKFI INC., *et al*.,[1] | Judge Michael B. Kaplan |
|  | Chapter 11 |
| Wind-Down Debtors. | (Jointly Administered) |

## ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE TAX LLP; (III) BERKELEY RESEARCH GROUP, LLC; AND (IV) KROLL RESTRUCTURING ADMINISTRATION LLC

        The relief set forth on the following pages(s), number two (2) through four (4), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

(Page 2)

BLOCKFI INC., et al.
Chapter 11, Case No.: 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE TAX LLP; (III) BERKELEY RESEARCH GROUP, LLC; AND (IV) KROLL RESTRUCTURING ADMINISTRATION LLC**

Upon the final fee applications (the "<u>Fee Applications</u>") of (I) Haynes and Boone, LLP, Co-Counsel to the Debtors [Dkt. No. 1950]; (II) Deloitte Tax LLP, Tax Advisory Services Provider to the Debtors [Dkt. No. 1939]; (III) Berkeley Research Group, LLC, Financial Advisors to the Debtors [Dkt. 1941]; and (IV) Kroll Restructuring Administration LLC, Administrative Advisors to the Debtors [Dkt. No. 1937] retained by the Debtors in the above-captioned chapter 11 cases (collectively, the "<u>Retained Professionals</u>" and each a "<u>Retained Professional</u>"), and this Court having previously authorized the employment of the Retained Professionals in the Debtors' cases; and it appearing that all of the requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and the local rules of this Court have been satisfied; and it further appearing that the fees and expenses incurred were reasonable and necessary; and proper and adequate notice of the Fee Applications has been given and that no other or further notice is necessary; and no objections or other responses having been filed with regard to the Fee Applications; and in consideration of the various recommendations of the fee examiner, Elise S. Frejka (the "<u>Fee Examiner</u>") with respect to the Fee Applications as set forth in the *Fee Examiner's Consolidated Final Report Regarding Final Fee Applications of (I) Haynes and Boone, LLP; (II) Deloitte Tax LLP; (III) Berkeley Research Group, LLC; and (IV) Kroll Restructuring Administration LLC* (the "<u>Consolidated Report</u>") [Docket No. _____]; and the Court having considered the Fee Applications of the Retained Professionals and the Consolidated Report, and good and sufficient cause appearing therefore, accordingly,

(Page 3)

BLOCKFI INC., et al.
Chapter 11, Case No. : 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE TAX LLP; (III) BERKELEY RESEARCH GROUP, LLC; AND (IV) KROLL RESTRUCTURING ADMINISTRATION LLC**

### IT IS HEREBY ORDERED THAT:

1.    The Fee Applications are hereby approved in the amounts set forth on **Exhibit A** attached to this Order.

2.    The Retained Professionals are hereby granted allowance of compensation and reimbursement of expenses in the amounts set forth on **Exhibit A** under the columns entitled "Total Amount Allowed per Court Order (Fees)" and "Total Amount Allowed per Court Order (Expenses)" (jointly, the "Allowed Interim Professional Claims") for the Third Interim Fee Period (as defined in the Consolidated  Report).

3.    The Retained Professionals are hereby granted allowance of compensation and reimbursement of expenses, on a final basis, in the amounts set forth on **Exhibit A** under the columns entitled "Total Amount Allowed per Court Order (Final Fees)" and "Total Amount Allowed per Court Order (Final Expenses)" (jointly, the "Allowed Final Professional Claims") for the Compensation Period (as defined in the Consolidated  Report).

4.    The Wind-Down Debtors are hereby authorized and directed to remit to each Retained Professional the full amount of the Allowed Final Professional Claims less any and all amounts previously paid on account of such fees and expenses after application of any retainer remaining.  Without limiting the foregoing, any amounts previously held back with respect to the period covered by the Fee Applications may be released in payment of the Allowed Final Professional Claims.

(Page 4)
BLOCKFI INC., et al.
Chapter 11, Case No. : 22-19361 (MBK) (Jointly Administered)
**ORDER ALLOWING FINAL COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES OF FEE APPLICATIONS OF (I) HAYNES AND BOONE, LLP; (II) DELOITTE TAX LLP;
(III) BERKELEY RESEARCH GROUP, LLC; AND (IV) KROLL RESTRUCTURING ADMINISTRATION
LLC**

5.      This Order shall constitute a separate order for each Retained Professional and the

appeal of any order with respect to any Retained Professional shall have no effect on the authorized

fees and expenses of the other Retained Professionals.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation or interpretation of this Order.

**<u>EXHIBIT A</u>**

BLOCKFI INC., et al. Case No.: 22-19361 (MBK)

<u>Third Interim Period</u>

| Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Total Amount Allowed per Court Order (Fees) | Total Amount Allowed per Court Order (Expenses) |
|---|---|---|---|---|---|---|---|
| Haynes and Boone, LLP<br>*Co-Counsel to the Debtors*<br>[Dkt. No. 1950] | 08/01/2023 - 10/03/2023 | $2,207,681.92 | $0.00 | $19,683.68 | $0.00 | $2,207,681.92 | $19,683.68 |
| Deloitte Tax LLP<br>*Tax Advisory Services Provider to the Debtors*<br>[Dkt. No. 1939] | 08/01/2023 - 10/03/2023 | $339,800.00 | $0.00 | $0.00 | $0.00 | $339,800.00 | $0.00 |
| Kroll Restructuring Administration LLC<br>*Administrative Advisors to the Debtors*<br>[Dkt. No. 1937] | 08/01/2023 - 10/03/2023 | $158,542.84 | $0.00 | $244.00 | $0.00 | $158,542.84 | $244.00 |

BLOCKFI INC., et al. Case No.: 22-19361 (MBK)

Final Fee Period

| Applicant | Compensation Period | Total Amount Allowed per Court Order (Final Fees) | Total Amount Allowed per Court Order (Final Expenses) |
|---|---|---|---|
| Haynes and Boone, LLP<br>*Co-Counsel to the Debtors*<br>[Dkt. No. 1950] | 11/28/2022 - 10/03/2023 | $12,641,195.23 | $212,064.83 |
| Deloitte Tax LLP<br>*Tax Advisory Services Provider to the Debtors*<br>[Dkt. No. 1939] | 03/01/2023 - 10/03/2023 | $947,899.80 | $0.00 |
| Berkeley Research Group, LLC<br>Financial Advisors to the Debtors<br>[Dkt. No. 1941] | 11/28/2022 - 12/26/2022 | $1,136,773.00 | $5,383.84 |
| Kroll Restructuring Administration LLC<br>Administrative Advisors to the Debtors<br>[Dkt. No. 1937] | 11/28/2022 - 10/03/2023 | $213,562.06 | $244.00 |