UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No. 22-19361-MBK |
| BLOCKFI INC., et al., | |
| | 402 East State Street |
| | Trenton, NJ 08608 |
| Debtors. | |
| | January 11, 2024 |
| . . . . . . . . . . . . . . | 11:31 a.m. |

TRANSCRIPT OF [1878] WIND DOWN DEBTOR'S TWELFTH OMNIBUS
OBJECTION TO CLAIMS FILED AGAINST BLOCKFI WALLET, LLC

BEFORE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Official Committee of Unsecured Creditors: | Brown Rudnick, LLP<br>By:  KENNETH AULET, ESQ.<br>7 Times Square<br>New York, NY 10036 |
| | Haynes and Boone, LLP<br>By:  LAUREN SISSON, ESQ.<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112 |
| Audio Operator: | Kiya Martin |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311     Fax No. (609) 587-3599**

2

**I N D E X**

|  | **PAGE** | |
|---|---|---|
| **EXHIBITS** | **ID.** | **EVD.** |
| Declaration of Mr. Cheela in Support of the Objection [Docket 2009] | 4 | 5 |

1          THE COURT:  All right.  This morning we have the
2  BlockFi's, actually the motion, the twelfth omnibus objection
3  to claims filed against the BlockFi Wallet, LLC.
4          My understanding from reading the submissions is that
5  we're focused today on claims against BlockFi Wallet, LLC by
6  those who seek distributions beyond the digital assets held in
7  BlockFi Wallet for those who still contend that they had
8  transferred funds into the Wallet from their investment
9  accounts.
10          There's been a limited number of responses.  I have
11  the wind down debtor's reply in response to certain responses
12  as well as the amended declaration certification of Mr. Cheela
13  in support of the wind down debtor's motion.
14          Let me turn to the wind down debtor's counsel.  Who
15  is going to run with it today?
16          MR. AULET:  Good morning, Your Honor.  This is
17  Kenneth Aulet at Brown Rudnick, counsel for the Plan
18  Administrator.  My colleague or my co-counsel Lauren Sisson
19  will be handling the merits of the twelfth omnibus objection,
20  but I wanted to just address two preliminary issues.
21          THE COURT:  Sure, go ahead.
22          MR. AULET:  First, there were two objections filed by
23  the Archasino (phonetic) firm and Jason Archasino specifically.
24  Mr. Archasino does not appear to be admitted in New Jersey and
25  we notified him of that.

1  We're prepared to go forward with the objections on
2  the merits, but we wanted to highlight that issue for Your
3  Honor.
4  And you know relatedly and to give some context to or
5  to avoid any impression we're trying to leave out context to
6  the first point, Mr. Archasino requested separately that
7  BlockFi be sanctioned for attempting to utilize the Court to
8  commit additional fraud.
9  To the extent there's anything that needs to be
10 discussed about that particular claim, I request that we handle
11 that after we handle the merits of the twelfth omnibus
12 objection.
13 THE COURT: I think that makes the most sense. To my
14 knowledge we have not received a request by that counsel for a
15 presenter status, nor would we likely have granted it given his
16 admission issue. But let's proceed.
17 MR. AULET: Okay. And with that I'll turn it over to
18 my co-counsel.
19 THE COURT: Good morning, Ms. Sisson.
20 MS. SISSON: Good morning, Your Honor. Lauren Sisson
21 of Haynes and Boone for the Plan Administrator.
22 We're here today on the wind down debtor's twelfth
23 omnibus objection to claims filed against BlockFi Wallet, LLC
24 which is at Docket Number 1878.
25 As a preliminary matter we ask that the declaration

1  of Mr. Cheela in support of the objection be admitted and
2  that's at Docket 2009.
3         THE COURT:  All right.  Without objection it's
4  admitted.  Thank you.  And good morning, Mr. Cheela.
5         MR. CHEELA:  Good morning.
6         MS. SISSON:  We received 24 responses that were filed
7  through the Kroll portal and then two responses filed directly
8  on the docket.  Those are at Docket Numbers 2033, 2027, and
9  2028, respectively.
10        As you recall, Your Honor, the wind down debtors
11 filed this objection to about 12,000 groups of claim that
12 creditors had filed against debtor entity BlockFi Wallet, LLC
13 and those actually comprise about a third of all of the groups
14 of claim that were filed in the case.
15        The wind down debtors filed the objection seeking to
16 expunge those claims pursuant to the Court's ruling in May that
17 funds in Wallet are not estate property and that BlockFi could
18 allow creditors to withdraw the funds in the Wallet portions of
19 their accounts.
20        The expungement of these claims will not affect the
21 ability of any creditor who filed a proof of claim contained in
22 this objection to receive distributions on any scheduled claims
23 that they have against BlockFi, Inc., BlockFi Lending, or
24 BlockFi International.
25        What expunging these claims will do, however, is

1  allow the wind down debtors to complete the claims
2  reconciliation process much more quickly as we move toward
3  making initial distributions to creditors.
4       We received 26 total responses to the objection which
5  we summarized in our reply that was filed at Docket 2034.  To
6  the extent a response contained a question or a creditor seemed
7  to misunderstand something, we did reach out by email to
8  attempt to provide clarity, and we were able to resolve a
9  number of the responses.
10      I will not go through each individual response, but
11 if the Court has any questions about a particular response or
12 the objection generally, I'd be happy to answer it.  Otherwise
13 we would request that the Court sustain the objection and enter
14 the proposed order allowing the wind down debtors to disallow
15 and expunge the claims on Schedule 1 to the objection.
16      Thank you, Your Honor.
17      THE COURT:  Thank you, Ms. Sisson.  The Court is
18 satisfied that the process we put in place as far as being able
19 to administer and entertain the objections has worked
20 remarkably well, given the thousands of claims that were filed
21 and what was boiled down to, you know, a few dozen responses.
22 I think the process offers meaningful transparency for
23 parties-in-interest and creditors and an understanding of
24 what's at issue here.
25      What's at issue is we have a debtor entity that has

1 no assets, no creditors, and claims against these entities
2 serve no purpose.  The rights and the ability to pursue claims
3 against BlockFi, Inc. and other related entities that will have
4 assets for which there will be some distribution are retained.
5         We need not also re-litigate or offer the opportunity
6 to re-litigate the platform pause issues for which a
7 considerable amount of time, effort, and money was spent with
8 respect to its resolution.
9         I am satisfied that these claims should be expunged,
10 that such action is necessary to move ahead with distributions
11 which are long awaited.  Our chambers and your offices have
12 received a substantial number of emails from individuals
13 looking for distributions, looking for access.  The Wallet
14 Holders have had access.
15         Those that did not have digital assets in the Wallets
16 are not entitled to any return beyond their distributions as
17 they're all unsecured creditors that's contemplated in the
18 future.
19         So, with that being said, based on the wind down
20 debtor's responses and Mr. Cheela's amended declaration, the
21 Court will grant the objections in toto, and we will overrule
22 any objections.
23         With respect to Mr. Aulet's reference to counsel's
24 cross motion or motion for sanctions under Rule 9011, there's
25 no basis in fact or law to support that and procedurally, it

1  was improper.
2  　　　　If counsel wishes to file a new motion seeking
3  sanctions, counsel certainly has that right, but should be
4  guided by the requirements under Rule 9011 and the substantive
5  law with respect to applicability, and that such motions
6  themselves can be reviewed under Rule 9011 for propriety.
7  　　　　So, with that being said, do I have a filed form of
8  order or will you be submitting one?
9  　　　　MS. SISSON:  The proposed order that was filed is the
10 order, but we can submit it again to chambers directly if you
11 prefer.
12 　　　　THE COURT:  We'll have it.  If we need it we'll reach
13 out for you.  So with that being said, I don't believe we have
14 anything else on for today's calendar.
15 　　　　I did want to discuss the 11/16 [sic] calendar with
16 the I think it's the seventh omnibus objection in which we can
17 anticipate some substantial involvement by claim holders.
18 　　　　Needless to say, I'm reluctant to open the Zoom
19 process to, the remote process to a free wielding town hall
20 forum, and I wanted to hear your thoughts.
21 　　　　MS. SISSON:  Your Honor, in regards to the seventh
22 omnibus, there's actually only one claim that we've adjourned
23 several times that's going to be heard.  So, I'm sure -- I know
24 counsel for that claimant and that claimant himself will likely
25 be on the Zoom.

1           But what I suspect you may get a number of requests
2  for are possibly the claim capping motion that's on for that
3  day, which is the other matter.
4           THE COURT:  Right.  Okay.  We're referring to Mr. --
5           MS. SISSON:  Van Tubergen.
6           THE COURT:  Van Tubergen.  Yes.  That I'd seen in the
7  more recent filings.  So, that's the one contested matter.  And
8  then we have the other matters with respect to, I'm sorry, how
9  did you reference it?
10          MS. SISSON:  We have a motion to cap the claim.
11          THE COURT:  To capping the claims.
12          MS. SISSON:  Yeah.  That does contain -- it was
13 served on about 18,000 creditors.  So, your chambers may be
14 getting presenter status response requests for that.
15          THE COURT:  Right.  And, obviously, we don't have the
16 capacity to hear from thousands of individuals that arguments
17 are likely to be repetitive from what's already in their
18 written submissions which the Court has already seen based on
19 the portal.
20          I'm inclined, and I need to be fair, I can't let the
21 debtor have oral argument and not permit, or the wind down
22 debtor, and not permit respondents the same opportunity.  But
23 yet the volume of respondents and the repetitiveness will
24 impede administration of the case.
25          So, I'm inclined to do it just simply on the papers,

1  but I also wanted you to have -- hear any response on that if
2  there was a need to have more than just submissions on papers.
3          MR. AULET:  So, Your Honor, I --
4          THE COURT:  And you can think about it, you don't
5  have to give me an answer today, but we need to prepare.
6          MR. AULET:  Yes, Your Honor, I can address the
7  capping motion.  As you are aware, there were a number of
8  objections filed to that.  A large number of those objections
9  are non-substantive or don't even contain an objection.
10         I think we would be happy to move forward on the
11 papers.  We expect to file a reply that will categorize those
12 objections and address each of them largely by category.
13         I should note that there will be one substantive
14 change based on a negotiation from an informal objection by
15 Ankura Trust Company.  We will be proposing additional language
16 with respect to the capping of their unsecured claim at zero.
17 We have resolved that issue with them, but to the extent that
18 Your Honor wants any discussion on that, we could always have
19 discussion on that.
20         I don't believe that any other objections that were
21 filed require oral argument.
22         THE COURT:  Let the Court have the opportunity to
23 review the reply and then I'll decide on what makes sense
24 practically and equitably as far as how we move forward,
25 whether we have it on the papers or on limited oral argument.

```
 1                When do you anticipate filing the reply?
 2                MR. AULET:  I believe we anticipate filing tomorrow.
 3   And we're working on a submission to -- of all of the
 4   objections that can be docketed.  However, as Your Honor may
 5   have noted, some people uploaded identification documents.
 6                THE COURT:  Right.
 7                MR. AULET:  Other information that you know requires
 8   very careful scrubbing to make sure that we don't post anything
 9   publically that shouldn't be posted.
10                THE COURT:  Yes.
11                MR. AULET:  So we'll get that filed as quickly as
12   possible.
13                THE COURT:  Once you do that the Court will make a
14   decision and probably enter a text order on how to move
15   forward.
16                All right.  I appreciate all of your efforts.  Thank
17   you.  Is there anything else anybody needs?
18                MR. AULET:  No, Your Honor.
19                MS. SISSON:  No, Your Honor.
20                THE COURT: All right.  Take care then.  Thank you.
21   We are adjourned.
22                              * * * *
23
24
25
```

12

**C E R T I F I C A T I O N**

    I, JANET D. PERSONS, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

<u>/s/ Janet D. Persons</u>

JANET D. PERSONS

J&J COURT TRANSCRIBERS, INC.    DATE:  January 16, 2024