| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: @ a.m. ET |

Order Filed on January 17, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS

The relief set forth on the following pages, numbered two (2) through seven (7) is **ORDERED**.

**DATED: January 17, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

1

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Debtors' Motion For An Order Capping The Maximum Allowable Amounts And Establishing A Reserve For Unsecured Claims* (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Document    Page 3 of 7

| | |
|---|---|
| (Page 3) | |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The claims set forth on Schedules A-C attached to the Notice of Revised Schedules to the Plan Administrator's Motion for an Order Capping the Maximum Allowable Amounts and Establishing a Reserve for All Claims to Enable the First Interim Distribution are each capped at the amounts and priorities listed therein for purposes of setting the maximum allowable amount of such claim, and no claim amendments increasing those maximum amounts shall be allowed except as set forth herein. The Plan Administrator shall not be required to reserve on any claim for any asserted amounts above such claims' Capped Amount.

3. The provisions of Bankruptcy Rule 3003(c)(4) shall not apply to deem any scheduled claim associated with a claim on Schedule A, Schedule B, or Schedule C that was not, as of the date of the filing of those schedules, known to the Plan Administrator be associated with such claim (as reflected on Schedule A or B or by the presence of the claim on Schedule C). Further, and for the avoidance of doubt, the filing of a proof of claim against one Wind-Down Debtor shall not operate to deem any scheduled claim against a different Wind-Down Debtor superseded under Bankruptcy Rule 3003(c)(4).

(Page 4)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS

---

4. January 15, 2024 shall be the Record Date for the First Interim Distribution and any subsequent distribution (unless altered by further order of this Court).

5. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. Notwithstanding anything in the Motion or this Order, nothing in this Order shall supersede, modify, abrogate or in any way affect the rights of Ankura Trust Company, LLC (the "Indenture Trustee") under the Plan and the Plan Order including, without limitation, paragraph 127 of the Plan Order, all of which shall remain in full force and effect. The Indenture Trustee, the Plan Administrator and the Wind-Down Debtors shall comply with paragraph 127 of the Plan Order. In addition, notwithstanding anything in the Motion or this Order, by filing Proof of Claim No. 15892 (the "Ankura Claim") on March 30, 2023, the Indenture Trustee timely filed, and shall be deemed to have timely filed, a proof of claim with respect to the Indenture Trustee's compensation, disbursements, advances, indemnifications and other obligations to the Indenture Trustee arising out of or in connection with the Indenture Documents and the Accounts (each as

(Page 5)
Debtors:         BlockFi Inc.
Case No.         22-19361(MBK)
Caption of Order: ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS

defined in the Ankura Claim). Nothing in the Motion or this Order shall constitute a withdrawal of or waiver of the Ankura Claim with respect to the Indenture Trustee's compensation, disbursements, advances, indemnifications and other obligations to the Indenture Trustee arising out of or in connection with the Indenture Documents and the Accounts.

7. The Indenture Trustee shall be entitled to rely fully on the Schedule of Assets and Liabilities (as amended), Motion Schedules and the amounts of, and priorities of, the Capped Claims set forth on the Motion Schedules, and shall not be required to take any action or step with respect to the claims of the BIA holders under the BIA Indenture (as defined in the Plan), including, without limitation, with respect to the Ankura Claim.

8. No creditor who did not submit a timely proof of claim is entitled to assert an entitlement to amounts in excess of those scheduled for such claimant through the Ankura Claim. Any such assertion of a claim directly or indirectly would be a violation of the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order," ECF No. 440). As provided in, and in furtherance of, the Plan Order, and for the avoidance of doubt, (a) the Indenture Trustee shall not serve as distribution agent and, therefore, no BIA Claimant (as defined below), whether or not it submitted a timely proof of claim, is entitled to rely on the Ankura Claim for any distribution, (b) the Indenture Trustee is conclusively, absolutely, unconditionally, irrevocably and forever discharged by each and every BIA holder, on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities (as defined in the Plan) who may purport to assert any Cause of Action (as defined in the

5

| | |
|---|---|
| (Page 6) | |
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

Plan) (collectively, a "BIA Claimant"), from any and all Causes of Action, whether unknown or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, arising out of, connected with, or related to the Ankura Claim, (c) each BIA Claimant is permanently enjoined from enforcing, pursuing or seeking any relief of claim against the Indenture Trustee arising out of, connected with, or related to the Ankura Claim and (d) any action by any BIA Claimant in violation of this paragraph 8 would violate the Plan Order.

9. Arch Insurance Company ("Arch") filed proof of claim nos. 15208, 15224, 15890, and 15893 (the "Arch Claims") against certain of the Wind-Down Debtors. Notwithstanding anything to the contrary in this Order, Arch's rights to have the maximum allowable amount of the Arch Claims determined and amended at a future date shall not be prejudiced and Arch's rights are expressly reserved and not waived, provided however that the Wind-Down Debtors shall be required to reserve only against the Capped Amount of the Arch Claims with respect to any distribution, unless and until the Arch Claims are Allowed in a greater amount by a subsequent court order or by stipulation between Arch and the Wind-Down Debtors. The Plan Administrator and the Wind-Down Debtors also reserve all rights and waive none concerning the Arch Claims, including without limitation the right to object to them.

10. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

(Page 7)

| | |
|---|---|
| Debtors: | BlockFi Inc. |
| Case No. | 22-19361(MBK) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR AN ORDER CAPPING THE MAXIMUM ALLOWABLE AMOUNTS AND ESTABLISHING A RESERVE FOR UNSECURED CLAIMS |

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

12. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.