| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| In re: <br><br> BLOCKFI INC., *et al.,* <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br> (Jointly Administered under a Confirmed Plan[2]) <br><br> Hearing Date: |

### ORDER GRANTING WIND-DOWN DEBTORS MOTION FOR AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS AND CAUSES OF ACTION BY AND AMONG THE WIND-DOWN DEBTORS AND 3AC AND (II) GRANTING RELATED RELIEF

The relief requested on the following pages is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ  08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications). [Docket No. 1609]

| | |
|---|---|
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *Attorneys for the Plan Administrator* <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Lauren M. Sisson, Esq. (NJ Bar No. 394182022) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> lauren.sisson@haynesboone.com <br><br> *Attorneys for the Plan Administrator* |

Upon consideration of the *Wind-Down Debtors' Motion for an Order (I) Authorizing and Approving the Settlement and Release of Claims and Causes of Action By and Among the Wind-Down Debtors and 3AC and (II) Granting Related Relief* (the "Motion")[1] for entry of an order (this "Order") (a) approving the 3AC Settlement by and among the Settlement Parties as set forth in the Settlement Agreement, and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "<u>Hearing</u>"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Settlement Agreement by and among the Settlement Parties attached hereto as **<u>Exhibit A</u>** is hereby approved. The Wind-Down Debtors are authorized and directed to take all actions necessary to immediately continue and fully implement the 3AC Settlement in accordance with the terms, conditions, and agreements in the forms attached hereto, and are otherwise authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

3. The Allowed 3AC Claim is hereby allowed in the amount set forth in the Settlement Agreement. The Allowed 3AC Claim shall not be subject to subordination, recharacterization, or disallowance based on any acts or occurrences prior to the Settlement Execution Date.

4. This Order shall be binding on the Wind-Down Debtors, their estates, all creditors and parties-in-interest, and any trustee appointed in these cases.

5. To the extent applicable, the automatic stay under section 362(a) of the Bankruptcy Code is hereby lifted for purposes of implementing the Settlement Agreement and the settlements and transactions contemplated therein.

6. Notwithstanding Bankruptcy Rule 4001(a)(3), 6004(h), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.