| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: February 6, 2024**<br>**Response Deadline:**<br>**Oral Argument Waived Unless Response Timely Filed** |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

**WIND-DOWN DEBTORS' MOTION FOR AUTHORITY TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE WIND-DOWN DEBTORS' MOTION FOR AN ORDER (1) AUTHORIZING AND APPROVING THE SETTLEMENT AND RELEASE OF CLAIMS AND CAUSES OF ACTION BY AND AMONG THE WIND-DOWN DEBTORS AND 3AC AND (II) GRANTING RELATED RELIEF**

BlockFi Inc. and its debtor affiliates (the "Wind-Down Debtors," previously the "Debtors"), respectfully submit this motion (the "Motion to Seal") for entry of an order, (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing the Wind-Down Debtors to redact and file under seal, (i) Exhibit A (the "Settlement Agreement") to the *Wind-Down Debtors' Motion for an Order (I) Authorizing and Approving the Settlement and Release of Claims and Causes of Action By and Among the Wind-Down Debtors and 3AC and (II) Granting Related Relief* (the "9019 Motion"), and (ii) those portions of the 9019 Motion quoting or referencing certain commercially sensitive information contained within the Settlement Agreement (the "Sealed Portions") and (iii) granting the Wind-Down Debtors such other and further relief as the Court deems necessary, appropriate, and consistent with the goals of the Motion to Seal. The 9019 Motion and the Settlement Agreement have been filed with the proposed redactions contemporaneously herewith. In support of this Motion to Seal, the Wind-Down Debtors respectfully state as follows:

## BACKGROUND

1. The Debtors commenced these Chapter 11 cases on November 28, 2022. An order granting the Debtors' motion for the cases to be jointly administered was entered on November

29, 2022 [Docket No. 42]. No trustee has been appointed in the cases, and the Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. The Official Committee of Unsecured Creditors (the "Committee") pursuant to Section 1102 of the Bankruptcy Code was appointed on December 21, 2022 [Docket No. 130].

3. On January 30, 2023, this Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order") [Docket No. 440] establishing certain dates and deadlines for filing proofs of claims in these chapter 11 cases. March 31, 2023, at 5:00 p.m. (prevailing Eastern Time) was established by the Bar Date Order as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition claims against any Debtor (the "General Claims Bar Date").

4. On the General Claims Bar Date, 3AC Joint Liquidators filed its initial claims, which were followed by objections by the Wind-Down Debtors, subsequent amendments to the claims by 3AC Joint Liquidators, and further objections by the Wind-Down Debtors to the amended claims.

5. The 9019 Motion details the claim filings by 3AC Joint Liquidators, the subsequent objections to these claims by the Wind-Down Debtors, ensuing motion practice, and the mediation between the parties that resulted in the Settlement Agreement at the core of this Motion to Seal.

**JURISDICTION**

6. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates

for the relief sought herein include Section 107(b) of the Bankruptcy Code, Rule 9018, and Local Rule 9018-1.

## RELIEF REQUESTED

7. The Wind-Down Debtors respectfully request this Court entered the Proposed Order authorizing the Wind-Down Debtors to redact and file confidential and commercially sensitive portions of the Settlement Agreement (as redacted, the "Sealed Exhibit") and the Sealed Portions of the 9019 Motion, and directing that the Sealed Exhibit and Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court, provided however, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee, the Committee, 3AC, and subject to 3AC's consent or order of the Court, other parties that so request and have assented to the terms of the Protective Order (defined below).

## BASIS FOR RELIEF

8. Bankruptcy Code Section 107(b) provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information." Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to Bankruptcy Code Section 107(b). Rule 9018 states, in relevant part, that a court "on motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….". Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title".

9. Courts have recognized the term "commercial information" is broad under Bankruptcy Code Section 107(b). "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994). "If the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27.

10. The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

11. Here, the Sealed Exhibit and Sealed Portions contain sensitive non-public information solely concerning the terms of a proposed settlement agreement between the parties. Both the Wind-Down Debtors and 3AC are current parties to various proceedings and litigations and the specific terms of the Settlement Agreement may have potential negative impacts on existing or future litigations to which each is or may become a party. The redacted Confidential Information falls squarely within the specified categories entitled to protection under Bankruptcy Code Section 107(b)(1) and Rule 9018.

12. Therefore, the Wind-Down Debtors' Motion to Seal should be granted.

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Wind-Down Debtors respectfully request that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate, and consistent with the goals of the Motion to Seal.

Respectfully Submitted,

Dated: January 18, 2024              /s/  Donald W. Clarke

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan Long, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com
Slong@genovaburns.com

*Local Counsel to the Plan Administrator*