| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br>                    Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2]) |

## NOTICE OF STIPULATION RESOLVING WIND-DOWN DEBTORS' OBJECTION TO CLAIM NO. 15235 FILED BY SILICON VALLEY BANK

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

**PLEASE TAKE NOTICE** that pursuant to their authority under the terms of the confirmed and effective Plan, the Wind-Down Debtors have resolved their objection to Claim No. 15235 filed by Silicon Valley Bank pursuant to the terms of the *Stipulation Resolving Wind-Down Debtors' Objection to Claim No. 15235 filed by Silicon Valley Bank* attached hereto.

*[Remainder of page intentionally left blank]*

Dated: January 19, 2024                              /s/ *Daniel M. Stolz*
                                                     _____

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

**STIPULATION RESOLVING WIND-DOWN DEBTORS' OBJECTION TO
CLAIM NO. 15235 FILED BY SILICON VALLEY BANK**

This stipulation (the "Stipulation") is entered into by BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors," or referred to in the past tense as the "Debtors"), [3] as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), and (iii) Silicon Valley Bank, a division of First-Citizens Bank & Trust Company ("SVB").  BlockFi and SVB are each a "Party" and collectively, the "Parties."

**RECITALS**

**WHEREAS,** BlockFi are debtors in the Chapter 11 cases jointly administered under the case styled *In re BlockFi, Inc., et. al*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

**WHEREAS,** SVB timely filed Claim No. 15235 in the Chapter 11 Cases asserting a secured claim in the amount of $5,080,000.00 against BlockFi Inc. (the "SVB Claim"). The SVB Claim included at the time, BlockFi's then-current obligations arising under the Paperless Letter of Credit, the Ankura Letter of Credit, and the Lockhart Letter of Credit (each as defined and described in the SVB Claim).

**WHEREAS,** on September 26, 2023, the Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan"). On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its*

---

[3] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

*Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788].

WHEREAS, the Plan provides, among other things, that the Letters of Credit (as defined in the SVB Claim) with SVB are secured by cash in certain segregated blocked accounts at SVB, and such cash is and shall continue to be SVB's collateral notwithstanding any other provision in the Plan. "SVB shall be permitted to pay any obligations owed by the Debtors to SVB from such cash collateral without further order of the Bankruptcy Court or notice to or consent from the Debtors or any other party, except as required under the *Order (I) Authorizing the Debtors to (A) Continue Use of Existing Business Forms and Records, (B) Maintain Existing Corporate Bank Accounts and Cash Management System, (C) Pay Prepetition Bank Fees Associated with the Cash Management System, and (D) Continue Performance of Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Balances, and (III) Waiving Certain U.S. Trustee Requirements* [Docket No. 306]" (the "Cash Management Order"). Plan, Art. VIII § G.

WHEREAS, since the filing of the SVB Claim, the Debtors' reimbursement obligations under the Paperless Letter of Credit and Ankura Letter of Credit have each been satisfied in full with SVB's cash collateral held in the Paperless Collateral Account and Ankura Collateral Account (each as defined in the SVB Claim). In each case, SVB gave notice in accordance with the Cash Management Order prior to debiting such cash collateral for application to the Debtors' reimbursement obligations. As a result, the Debtors' obligations arising under the Paperless Letter of Credit and Ankura Letter of Credit were extinguished.

5

**WHEREAS**, the Lockhart Letter of Credit in the face amount of $4,000,000.00 is the Debtors' only remaining Letter of Credit with SVB. Prior to the filing of these Chapter 11 Cases, in connection with the creation of the Lockhart Letter of Credit, BlockFi pledged and granted to SVB a perfected security interest in and control of the Lockhart Collateral Account ending in #7779 as set forth in the Lockhart LC Agreement (as defined in the SVB Claim).  As a result, the Lockhart Letter of Credit is fully collateralized by the cash held in the Lockhart Collateral Account.

**WHEREAS**, the Debtors assert that BlockFi included the SVB Claim in the *Wind-Down Debtors' Thirteenth Omnibus Objection to Claims* [Docket No. 2002] (the "Thirteenth Omnibus Objection") because (i) only the Lockhart Letter of Credit remains in place; and (ii) SVB is not currently entitled to a distribution from the Wind-Down Debtors' estate.

**WHEREAS**, the Plan further provides that the Wind-Down Debtors have the sole authority to settle or comprise any Disputed Claim[4] without any further notice to or action, order, or approval by the Bankruptcy Court. Plan, Art. VII § B.

**WHEREAS**, the Parties now resolve BlockFi's objection to the SVB Claim based on the agreed terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned counsel for the Parties, as follows:

1.      <u>Recitals Incorporated</u>.   The recitals and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2.      <u>SVB Claim</u>. The SVB Claim shall be allowed in the amount of $4,000,000.00, which represents the face amount of the Lockhart Letter of Credit, which shall continue to be secured by the cash collateral in the Lockhart Collateral Account ending in #7779 (the "<u>Allowed</u>

---

[4] Disputed Claim shall have the meaning provided to it in the Plan.

SVB Claim"). SVB's recovery from the BlockFi estate is limited solely to the Lockhart Collateral Account, and SVB is authorized to apply the cash collateral held in the Lockhart Collateral Account in accordance with the Lockhart LC Agreement and the Plan. SVB is not entitled to any other distribution or form of payment from the BlockFi estate.

3.      Potential Termination of Lockhart Letter of Credit. If the Lockhart Letter of Credit is terminated without any draws, SVB shall promptly notify BlockFi, the Plan Administrator, and their counsel listed in the signature block hereto in writing via electronic mail of such termination and release the funds in the Lockhart Collateral Account in accordance with the terms of the Lockhart LC Agreement and the Lockhart Pledge Agreement.

4.      Potential Satisfaction in Full of Lockhart Letter of Credit. In the event SVB applies its cash collateral to satisfy BlockFi's obligations in full under the Lockhart LC Agreement, SVB shall promptly notify BlockFi, the Plan Administrator, and their counsel listed in the signature block hereto in writing via electronic mail of such satisfaction.

5.      Potential Modification to Allowed SVB Claim Amount. In the event of either (a) a termination of the Lockhart Letter of Credit without any draws or; (b) SVB has no remaining obligations under the Lockhart Letter of Credit and all BlockFi's reimbursement obligations under the Lockhart LC Agreement and the Lockhart Pledge Agreement have been paid in full from the cash collateral in the Lockhart Collateral Account, the Allowed SVB Claim shall be reduced to $0.00, and BlockFi is authorized to take all steps necessary to expunge the SVB Claim from the claims register in these Chapter 11 Cases.  In the event of a partial draw of the Lockhart Letter of Credit, and subject to SVB's debiting of its cash collateral in the Lockhart Collateral Account for application to BlockFi's reimbursement obligations under the Lockhart LC Agreement as a result of such draw, BlockFi is authorized to reduce SVB's Claim in the same amount as the reduction of BlockFi's obligations under the Lockhart Letter of Credit as a result of such draw and

reimbursement, as determined in accordance with the Lockhart LC Agreement and the Lockhart

Pledge Agreement.

6.      Jurisdiction.  The Bankruptcy Court shall retain jurisdiction to hear and determine

matters arising from or relating to the implementation, interpretation, and enforcement of this

Stipulation.

7.      Governing Law.  This Stipulation shall be governed by, and construed in accordance

with, the law of the State of New York, without regard to conflict-of-law principles.

8.      Entire Agreement.  This Stipulation constitutes the entire agreement among the

Parties, and may not be changed, modified, or altered in any manner, except in writing, signed by

each Party.

9.      Execution in Counterparts.  This Stipulation may be executed in one or more

counterparts, each of which shall be deemed an original but all of which together shall constitute

one and the same instrument. Any signature delivered by a Party electronically shall be deemed an

original signature hereto.

[*Signature page follows*]

**STIPULATED AND AGREED TO BY:**

**Dated: January 19, 2024**

| | |
|---|---|
| /s/ *Alexander G. Rheaume* | /s/ *Daniel M. Stolz* |
| **MORRISON & FOERSTER LLP**<br>Alexander G. Rheaume<br>200 Clarendon Street, Floor 21<br>Boston, MA 02116<br>Telephone: 617-648-4770<br>Email: arheaume@mofo.com<br>-and-<br>Benjamin Butterfield<br>Miranda Russell<br>250 W. 55th Street, Floor 20<br>New York, NY 10019-9601<br>Telephone: 212-468-8000<br>Email: bbutterfield@mofo.com<br>mrussell@mofo.com | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel to the Plan Administrator*<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator*<br><br>**BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted pro hac vice)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted pro hac vice)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel to the Plan Administrator* |