**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BLOCKFI INC., *et al.*,

            Debtors.[1]

Order Filed on January 26, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

Hearing Date: January 25, 2024 @ 11:30am

## ORDER GRANTING WIND-DOWN DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

The relief set forth on the following pages, numbered two (2) through five (5) and <u>Schedule 1</u> is **ORDERED**.

**DATED: January 26, 2024**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING WIND-DOWN DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Wind-Down Debtors' Thirteenth Objection to Claims* (the "Objection")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

(Page 3)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING WIND-DOWN DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

---

need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Amit Cheela attached to the Objection, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims listed on Schedule 1 attached hereto are hereby deemed disallowed as detailed on Schedule 1.

3. Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to expunge each Disputed Claim on Schedule 1.

4. The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6. Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

Case 22-19361-MBK    Doc 2082    Filed 01/26/24    Entered 01/26/24 08:16:09    Desc Main
Document    Page 4 of 7

(Page 4)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: ORDER GRANTING WIND-DOWN DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

---

7. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

8. The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

(Page 5)
Debtors:             BLOCKFI INC., *et al.*
Case No.             22-19361 (MBK)
Caption of Order:    ORDER GRANTING WIND-DOWN DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

---

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## Schedule 1

**Disputed Claims**

Wind-Down Debtors: BlockFi Inc et al.
13th Omnibus Objection

**Legend: Basis for Objection**

| | | | |
|---|---|---|---|
| BR | Asserted claim amount does not match Company's books and records | NL | Seeks recovery for amounts for which the Debtors are not liable |
| IC | Claims are asserted against wrong debtor or improperly assert secured or priority status | L | Late filed claim after bar date |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | O | Other, see Notes for more information |
| AMD | Claim amended by subsequently filed proof of claim | | |
| NI | Claimant is not identifiable as a customer or counterparty of BlockFi | | |

| | Filed Claim | | | | | Surviving Claim Amount | | | |
|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Debtor Entity | Surviving Claim Amount | Action | Notes |
| 2712 | Redacted | 2/5/2023 | BlockFi Inc. | $3,000,000.00 | NI | N/A | | | Expunge | |
| 6638 | Redacted | 2/25/2023 | BlockFi Inc. | $2,661,120.00 | NI | N/A | | | Expunge | |
| 13426 | Redacted | 3/28/2023 | BlockFi Inc. | $10,000,000.00 | NI | N/A | | | Expunge | |
| 33776 | Redacted | 11/3/2023 | Multiple | $20,000,000.00 | NI | N/A | | | Expunge | |
| 28585 | Deferred 1031, LLC – Series 4 | 3/31/2023 | Multiple | $1,395,897.94 | BR, IC, NL | 23916 | BlockFi Lending LLC | $1,398,077.00 | Expunge | |
| 13585 | Rcapital BlockFi I | 3/27/2023 | BlockFi Inc. | $12,196,558.32 | NL, O | N/A | | | Expunge | Equity interests were extinguished under the confirmed plan and will not receive a distribution. |
| 10516 | VCV Digital Infrastructure LLC | 3/21/2023 | BlockFi Inc. | $1,000,000.00 | NL | N/A | | | Expunge | |

[1] Claims that did not assert Wallet as part of their proof of claim may still have Wallet balances but may be listed as "N/A" to this particular claim.

[2] Claims that the Debtors are seeking to modify are subject to future objection.