| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>　　　　　Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2]) |

# NOTICE OF STIPULATION REGARDING WIND-DOWN DEBTORS' PENDING OBJECTION TO ARCH CLAIMS

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

1

**PLEASE TAKE NOTICE** that pursuant to their authority under the terms of the confirmed and effective Plan, the Wind-Down Debtors file this *Stipulation Regarding the Wind-Down Debtors' Pending Objection to Arch Claims.*

*[Remainder of page intentionally left blank]*

Dated: February 6, 2024  /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

### STIPULATION REGARDING WIND-DOWN DEBTORS' PENDING OBJECTION TO ARCH CLAIMS

This stipulation (the "Stipulation") is entered into by BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors," or referred to in the past tense as the "Debtors"), [3] as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), and (iii) Arch Insurance Company and Arch Insurance Group (collectively, "Arch"). BlockFi and Arch are each a "Party" and collectively, the "Parties."

### RECITALS

**WHEREAS**, BlockFi are debtors in the Chapter 11 cases jointly administered under the case styled *In re BlockFi, Inc., et. al*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court");

**WHEREAS**, Arch timely filed the following unliquidated indemnity claims in these Chapter 11 Cases:

- Claim No. 15208 in the amount of $29,045,000.00 against BlockFi Lending LLC (the "Lending Claim");

- Claim No. 15224 in the amount of $29,045,000.00 against BlockFi Inc. (the "Inc. Claim");

- Claim No. 15893 in the amount of $2,000,000.00 against BlockFi Wallet LLC (the "Wallet Claim"); and

- Claim No. 15890 in the amount of $29,045,000.00 against BlockFi Trading LLC (the "Trading Claim" and together with the Lending Claim, Inc. Claim, and Wallet Claim, the "Arch Claims").

---

[3] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

**WHEREAS**, on June 14, 2023, the Debtors filed an objection to the Arch Claims [Docket No. 1068] (the "Arch Claims Objection"), which is currently pending in the Bankruptcy Court.

**WHEREAS**, on September 26, 2023, the Bankruptcy Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan"). On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788].

**WHEREAS**, the Plan provides that the Wind-Down Debtors have the sole authority to settle or comprise any Disputed Claim[4] without any further notice to or action, order, or approval by the Bankruptcy Court. Plan, Art. VII § B.

**WHEREAS**, the Parties reached an agreement regarding the *Wind-Down Debtors' Motion for an Order Capping the Maximum Allowable Amount and Establishing a Reserve for Unsecured Claims* (the "Capping Motion") [Docket No. 2006]. The Bankruptcy Court's Order granting the Capping Motion [Docket No. 2053] provides that the Wind-Down Debtors have reserved $7,800,000.00 for each of the Lending Claim and Inc. Claim and $1,352,303.98 for the Wallet Claim;[5] provided that, among other things, (a) Arch's rights to have the maximum allowable

---

[4] Disputed Claim shall have the meaning provided to it in the Plan.
[5] A reserve was not established for the Trading Claim because the general unsecured claims against BlockFi Trading LLC will not receive any distribution under the Plan.

5

amount of the Arch Claims determined and amended at a future date were not prejudiced and Arch expressly reserved and did not waive such rights; and (b) the Plan Administrator and the Wind-Down Debtors reserved all rights and waived none concerning the Arch Claims, including without limitation the right to object to them.

**WHEREAS**, Arch has provided the Wind-Down Debtors with sufficient documentation to support that Arch currently has a liquidated claim against BlockFi Inc. in the amount of $203,167.08 (the "Liquidated Claim").

**WHEREAS**, the Parties have engaged in arms' length negotiations in good faith and now enter into this Stipulation regarding the Arch Claims, Arch Claims Objection, and the Liquidated Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned counsel for the Parties, as follows:

1. Recitals Incorporated. The recitals and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2. Allowed Liquidated Claim. For purposes of participating in anticipated interim distributions, the Liquidated Claim shall be allowed against BlockFi Inc. and BlockFi Lending LLC in the amount of $203,167.08 (the "Allowed Liquidated Claim"). Arch shall be entitled to receive the initial distribution payment on the Allowed Liquidated Claim that the Wind-Down Debtors' estate distributes to creditors in Classes 4-a and 4-c with Allowed Claims (as defined in the Plan); provided however, that for purposes of the interim distribution only, in the event the aggregate amount of the interim distributions to Classes 4-a and 4-c is such that Arch would receive more than $203,167.08, Arch may only receive up to the amount of its Allowed Liquidated Claim.

3. Disallowance of Arch's Trading Claim. Consistent with the confirmed Plan's cancellation of BlockFi Trading LLC General Unsecured Claims, the Trading Claim shall be

6

disallowed. The Wind-Down Debtors are authorized to take all necessary steps to expunge the Trading Claim from the claims register.

4. <u>Adjournment of Arch Claims Objection</u>. The Arch Claims Objection shall be removed from the Bankruptcy Court's matters set for the February 27, 2024 omnibus hearing in these Chapter 11 Cases and adjourned sine die while the Parties continue to negotiate in good faith to resolve the remaining disputes regarding the remaining, unliquidated Arch Claims. The Parties respectively reserve all rights and waive none concerning the remaining Arch Claims, including but not limited the total allowed amount of Arch Claims against BlockFi Inc., BlockFi Lending LLC, and BlockFi Wallet, LLC.

5. <u>Notice to Wind-Down Debtors</u>. Arch shall promptly notify the Wind-Down Debtors when Arch reasonably believes in good faith that any remaining portion of the disputed Arch Claims become liquidated and provide documentation to support such asserted liquidated amounts.

6. <u>Notice to Arch</u>. The Wind-Down Debtors shall promptly notify Arch if they intend to set the Arch Claims Objection for hearing, and the Parties shall coordinate with the Bankruptcy Court on an appropriate date and time for such hearing. Arch shall be provided adequate time to prepare and file a response to the Arch Claims Objection, which, absent written consent from the Wind-Down Debtors, shall be filed no later than seven (7) days prior to the hearing on the Arch Claims Objection. The Wind-Down Debtors' reply, absent written consent from Arch, shall be filed no later than four (4) days prior to the hearing on the Arch Claims Objection.

7. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to hear and determine matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

8. <u>Governing Law</u>. This Stipulation shall be governed by, and construed in accordance

7

with, the law of the State of New York, without regard to conflict-of-law principles.

9. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement among the Parties, and may not be changed, modified, or altered in any manner, except in writing, signed by each Party.

10. <u>Execution in Counterparts</u>.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a Party electronically shall be deemed an original signature hereto.

[*Signature page follows*]

**STIPULATED AND AGREED TO BY:**

Dated: February 6, 2024

| | |
|---|---|
| /s/ *Marguerite DeVoll* | /s/ *Daniel M. Stolz* |
| **WATT, TIEDER, HOFFAR & FITZGERALD, LLP**<br>Jennifer Kneeland, Esq.<br>Marguerite DeVoll, Esq.<br>1765 Greensboro Station Place, Suite 1100<br>McLean, VA 22102<br>jkneeland@watttieder.com<br>mdevoll@watttieder.com<br><br>*Counsel to Arch Insurance Company/ Arch Insurance Group* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel to the Plan Administrator*<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator*<br><br>**BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted pro hac vice)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted pro hac vice)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel to the Plan Administrator* |