Rachel Ehrlich Albanese (#027542001)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email:  rachel.albanese@us.dlapiper.com

Stephen C. Matthews (#055801994)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
Telephone: (973) 520-2550
Facsimile: (973) 520-2551
Email:  stephen.matthews@us.dlapiper.com

Stuart M. Brown (#026641988)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 397-2336
Email:  stuart.brown@us.dlapiper.com

Stacey E. Rufe (*pro hac vice forthcoming*)
**WERNER AHARI MANGEL LLP**
2112 Pennsylvania Ave. NW
Suite 200
Washington, DC 20037
Telephone: (202) 599-1013
Email: srufe@wam.law

*Attorneys for Defendants Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, and XL Specialty Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan)<br><br>Adv. Proc. No. _____ |

### NOTICE OF REMOVAL UNDER 28 U.S.C. § 1334(b) AND 28 U.S.C. § 1452(a) OF DEFENDANT BERKLEY INSURANCE COMPANY

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

ACTIVE\1607451580.2

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Berkley Insurance Company ("Removing Defendant") hereby removes Case No. HUD-L-000025-24 from the New Jersey Superior Court Law Division: Hudson County ("New Jersey State Court Action") to the United States Bankruptcy Court for the District of New Jersey.[2]  A copy of the docket sheet and all prior pleadings in the New Jersey State Court Action are attached as **Exhibit A**.  The nature of the New Jersey State Court Action and the bankruptcy proceeding and the grounds for removal are as follows:

### NATURE OF THE NEW JERSEY STATE COURT ACTION AND THE BANKRUPTCY PROCEEDING

1. BlockFi Inc. ("BlockFi") is an alleged Delaware corporation with its principal place of business in Jersey City, New Jersey.  (Ex. A, Compl. ¶12).  BlockFi was a former financial services company that "generated revenue through cryptocurrency and other digital asset trading, lending, and borrowing." (*Id.*).

2. From its founding in 2017, BlockFi accepted cryptocurrency deposits from its customers that held interest-bearing accounts and loaned the deposited amounts to third parties at higher interest rates. (*Id.* ¶27).

3. On November 28, 2022 (the "Petition Date"), BlockFi and eight of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing their chapter 11 cases, captioned *In re: BlockFi Inc., et al.*, Case No. 22-19361 (Bankr. D.N.J.) (the "Bankruptcy Cases").  The Bankruptcy Cases remain pending before the Honorable Michael Kaplan, U.S.B.J., in Trenton, New Jersey.

---

[2] By removing this matter, the Removing Defendant does not waive, and expressly preserves, any and all defenses that it may have, including, but not limited to, lack of subject matter jurisdiction, improper venue, and failure to state a claim for which relief can be granted.

ACTIVE\1607451580.2

4. Prior to the Petition Date, the Removing Defendant, along with Arch Insurance Company, U.S. Specialty Insurance Company, XL Specialty Insurance Company, Berkshire Hathaway Specialty Insurance Company, Axis Insurance Company, Ace American Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Endurance American Specialty Insurance Company, and Berkshire Hathaway Specialty Insurance Company (collectively, the "D&O Insurers") issued a CODA Premier Directors & Officers Liability Policy, Policy No. G71101320 001, with a policy period from November 18, 2022 to November 18, 2023 (the "Policy").

5. On August 3, 2023, BlockFi filed its *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, the "Plan"). (ECF Doc. No. 1309).

6. In the Plan, BlockFi and its debtor affiliates included specific provisions protecting D&O Liability Insurance Policies,[3] which the Plan defined as:

> all insurance policies issued or providing coverage to the Debtors, the Wind-Down Debtors, or the Estates for directors', managers', officers', members', and trustees' liability (including any "tail policy") and all agreements, documents, or instruments relating thereto.

(ECF Doc. No. 1660, ¶93).

7. Under the section of the Plan entitled "Treatment of Executory Contracts and Unexpired Leases" the Plan provides, in pertinent part:

> [T]he Debtors or the Wind-Down Debtors, as applicable, shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policy (including, without limitation, any "tail policy"), and any current and former directors, officers, managers, and employees of the Debtors who served in such capacity at any time before or after the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy subject in all respects to

---

[3] Capitalized terms not otherwise defined are defined as in the Plan.

ACTIVE\1607451580.2

the terms and conditions thereof regardless of whether such directors, officers, managers, and employees remain in such positions after the Effective Date.

(ECF Doc. No. 1660, at 61, Article V.F).

8. On October 3, 2023, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"). (ECF Doc. No. 1660).

9. The Confirmation Order, with respect to the Debtors' insurance policies, provides in pertinent part:

> Without ruling as to whether the assumption of an insurance policy was required, for the avoidance of doubt, on the Effective Date: (a) the Debtors shall be deemed to have assumed, to the extent necessary, each D&O Liability Insurance Policy (including, without limitation, any "tail policy" and all agreements, documents, or instruments related thereto), with the Wind-Down Debtors being authorized to pursue any proceeds thereof on behalf of the Debtors or the Wind-Down Debtors; and (b) such insurance policies and any agreements, documents, or instruments relating thereto shall revest in the applicable Wind-Down Debtor(s) unaltered.
> . . .
> The Debtors or the Wind-Down Debtors, as applicable, shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policy (including, without limitation, any "tail policy" and all agreements, documents, or instruments related thereto) in effect prior to the Effective Date.

(ECF Doc. No. 1660, ¶¶ 87-88).

10. The Confirmation Order further provides that the Bankruptcy Court "shall, to the full extent set forth in the Plan and otherwise permitted by applicable law, retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code . . ." Confirmation Order, ¶ 146.

11. On October 24, 2023, the Plan became effective (the "Effective Date"). (ECF Doc. No. 1788).

12. On January 3, 2024, BlockFi as the Wind Down Debtors ("Plaintiff") filed a complaint commencing the New Jersey State Action against the D&O Insurers concerning the

ACTIVE\1607451580.2

Policy. On February 13, 2024, the Plaintiff filed an amended complaint (the "Amended Complaint").

13. The Amended Complaint in the New Jersey State Action seeks a declaration that the Policy is void *ab initio* or, in the alternative, seeks return of the premium paid for the Policy. Plaintiff asserts the following causes of action against all Defendants: (1) Declaratory Judgment, seeking a declaration that the D&O Policy is void *ab initio* and that the Plaintiff is entitled to a return of the premium; (2) Avoidance and Recovery of Fraudulent Transfers – N.J.S.A. 25:2-27(a)&(b) and 11 U.S.C. § 544; (3) Avoidance and Recovery of Fraudulent Transfers – N.J.S.A. 25:2-25(a)&(b); and (4) Breach of Contract. In the alternative, Plaintiff also raises a fifth cause of action for Rescission of the D&O Policy and a sixth cause of action for Illusory Coverage – Unjust Enrichment.

## THIS COURT HAS JURISDICTION OVER THE NEW JERSEY STATE COURT ACTION

**a. The Court Has Jurisdiction Under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a) Because the New Jersey State Court Action Is Related to the Bankruptcy Cases.**

14. This Court has original jurisdiction over the instant civil action pursuant to 28 U.S.C. § 1334(b), which provides that the United States district courts shall have jurisdiction over all civil proceedings "arising under title 11 [the United States Bankruptcy Code], or arising in or related to cases under title 11." In addition, 28 U.S.C. § 1452(a) provides that any "party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

15. The Third Circuit has explained that "the reach of 'related to' jurisdiction is extremely broad, extending to any action the outcome of which '*could conceivably have any effect*

on the estate being administered in the bankruptcy.'" *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original), *overruled in part by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995)).

16. The key factor in determining "related to" jurisdiction is conceivability. *See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012). "'Certainty', or even likelihood [of effect on the estate being administered in bankruptcy,] is not a requirement.'" *Id.* (quoting *Copelin v. Spirco, Inc.*, 182 F.3d 174, 179 (3d Cir.1999) (quoting *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir.1999)) (alteration in original). A proceeding is typically considered "related to" a bankruptcy action "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (quoting *Pacor*, 743 F.2d at 994).

17. The Supreme Court agreed with the views expressed by the Third Circuit in *Pacor* "that the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (quoting *Pacor*, 743 F.2d at 994). The Supreme Court acknowledged that "related to" jurisdiction "cannot be limitless," and that the critical component of the *Pacor* test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Nuveen*, 692 F.3d at 294 (quoting *Celotex Corp.*, 514 U.S. at 308 & n.6).

18. The Third Circuit has expanded "related to" jurisdiction and the precedent created in *Pacor* and its progeny to post-confirmation bankruptcy proceedings. *See In re Resorts Int'l*,

*Inc.*, 372 F.3d 154, 168–69 (3d Cir. 2004). While bankruptcy court jurisdiction is limited after confirmation of a plan, "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." *Id.*

19.   Here, the New Jersey State Court Action and the Bankruptcy Cases are related for purposes of this removal, despite the post-confirmation status of the Bankruptcy Cases, which remain pending. The New Jersey State Court Action attempts to void and/or terminate the D&O Policy in contravention of the Plan. The Confirmation Order, however, directly controls the D&O Policy and all other Insurance Policies of the Debtors.

20.   As discussed above, the Confirmation Order determined that as of the Effective Date "the Debtors shall be deemed to have assumed, to the extent necessary, each D&O Liability Insurance Policy" and "[t]he Debtors or the Wind-Down Debtors, as applicable, shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policy . . . in effect prior to the Effective Date." (ECF Doc. No. 1660, ¶¶87-88).

21.   By filing the New Jersey State Court Action, the Wind-Down Debtor Plaintiff has acted in violation of the Confirmation Order by seeking to void and/or terminate the D&O Policy. The Plaintiff's state law allegations, including its claim for fraudulent transfers, rescission, and unjust enrichment, directly impact the "integrity of the bankruptcy process" as they affect the insurance and potential payments of insurance required under the Plan. *See Donaldson v. Berstein*, 104 F.3d 547, 553 (3d Cir. 1997).

### b. The Bankruptcy Court Has Jurisdiction Over the State Court Action Under 28 U.S.C. § 1441(c).

22. The Bankruptcy Court has jurisdiction for the additional reason that the New Jersey State Court Action includes a federal question under 28 U.S.C. § 1441(c). Here, the second cause of action asserts a claim under section 544 of the Bankruptcy Code, a federal statute. *See Rahl v. Bande*, 316 B.R. 127, 136-37 (S.D.N.Y. 2004) (finding federal question jurisdiction where the plaintiff sought to avoid a fraudulent conveyance under section 544 of the Bankruptcy Code and finding supplemental jurisdiction over the remaining claims). Accordingly, the Bankruptcy Court has federal question jurisdiction over the second cause of action and supplemental jurisdiction over the other causes of action asserted in the New Jersey State Court Action.

### c. The Bankruptcy Court Has Jurisdiction Over the New Jersey State Court Action Pursuant to the Confirmation Order.

23. Further, as noted above, the Confirmation Order provides that the Bankruptcy Court "shall, to the full extent set forth in the Plan and otherwise permitted by applicable law, retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code . . ." Confirmation Order, ¶ 146. *See In re Holdcorp LLC*, No. 22-1807, 2023 WL 418059, at *2 (3d Cir. 2023) (noting "a bankruptcy court plainly has jurisdiction to interpret and enforce its own prior orders") (*quoting Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009)); *see also In re AMR Corp.*, No. 11-15463 SHL, 2016 WL 1559294, at *4 (Bankr. S.D.N.Y. 2016) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own order, particularly when disputes arise over a bankruptcy plan of reorganization.").

24. In addition, venue is proper in the District of New Jersey under 28 U.S.C. § 1452(a). New Jersey State Court is where the New Jersey State Court Action is pending and such court is located in this District. Venue is also proper in the Bankruptcy Court.

## THIS REMOVAL IS PROPER AND TIMELY

25. Removing Defendant files this Notice of Removal directly with the Bankruptcy Court under 28 U.S.C. § 157(a) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated September 18, 2012, referring "any or all proceedings . . . relating to a case under Title 11 of the United States Code." *See, e.g.*, *Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 272 (D. Del. 1991) ("[I]n this jurisdiction all Title 11 proceedings are automatically referred to the United States Bankruptcy Court, *In Re Referral of Title 11 Proceedings To The United States Bankruptcy Judge For This District*, (D. Del. July 23, 1984) (order), and removal applications are properly filed in the bankruptcy court.").

26. Further, Bankruptcy Rule 9027(a)(1) "permits the filing of a notice of removal with the 'clerk,' a term that Rule 9001(3) of the Federal Rules of Bankruptcy Procedure defines as 'bankruptcy clerk.' 28 U.S.C.S. § 1452(a) permits removal to the district court, an entity of which the bankruptcy court is a unit. 28 U.S.C.S. § 151." *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 247 n. 8 (3d Cir. 2007).

27. This Notice of Removal is timely filed in accordance with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027(a)(3):

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

28. Removing Defendant's agent for service of process received a copy of the Complaint on January 23, 2024, which sets the removal deadline no earlier than February 22, 2024. Thus, the Notice of Removal is timely.

29. In accordance with Bankruptcy Rule 9027 (b) and (c), the Removing Defendant will promptly serve a copy of this Notice of Removal on all parties to the removed cause of action, and after the filing of this Notice of Removal, the Removing Defendant will promptly file a copy of the notice with the clerk of the court for the New Jersey State Court Action.

30. Removing Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

31. Under rule 9027-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), "[a] party seeking to remove a claim or cause of action from a state or federal court to the bankruptcy court must file a notice of removal with the clerk of the bankruptcy court." Further, within 14 days of filing the notice of removal, the removing party must file with the bankruptcy clerk a copy of the docket sheet and all pleadings from the original court." Local Rule 9027-1(c). A copy of the docket sheet and all pleadings from the New Jersey State Court Action is attached as **Exhibit A**.

32. For the reasons set forth above, Removing Defendant hereby removes the New Jersey State Court Action to the United States Bankruptcy Court for the District of New Jersey.

33. A notice of removal contemporaneously will be filed with the clerk of the New Jersey Superior Court Law Division: Hudson County and on the docket of the Bankruptcy Cases.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: February 15, 2024<br>New York, New York | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Rachel Ehrlich Albanese*<br>Rachel Ehrlich Albanese (#027542001)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br>Email:    rachel.albanese@us.dlapiper.com<br><br>Stephen C. Matthews (#055801994)<br>51 John F. Kennedy Parkway, Suite 120<br>Short Hills, New Jersey 07078<br>Telephone: (973) 520-2550<br>Facsimile: (973) 520-2551<br>Email:    stephen.matthews@us.dlapiper.com<br><br>Stuart M. Brown (#026641988)<br>1201 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 397-2336<br>Email:    stuart.brown@us.dlapiper.com<br><br>- and -<br><br>**WERNER AHARI MANGEL LLP**<br><br>Stacey E. Rufe (*pro hac vice forthcoming*)<br>2112 Pennsylvania Ave. NW<br>Suite 200<br>Washington, DC 20037<br>Telephone: (202) 599-1013<br>Email: srufe@wam.law<br><br>*Attorneys for Defendants Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, and XL Specialty Insurance Company* |