<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR
9004-1(b)**

</td><td></td></tr>
</table>

| | |
|---|---|
| **PULLMAN & COMLEY, LLC**<br>Irve J. Goldman, Esq. (admitted *pro hac vice*)<br>Kristin B. Mayhew, Esq. (NJ Bar No. 021921995)<br>850 Main Street, 8th Floor<br>PO Box 7006<br>Bridgeport, CT 06601-7006<br>(203) 330-2000<br>igoldman@pullcom.com<br>kmayhew@pullcom.com<br><br>*Attorneys for State of Connecticut Department of Banking* | |
| In re:<br><br>BLOCKFI INC., *et al*,<br><br>         Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br><br>**Hearing Date: February 27, 2024 @ 10:00 a.m.**<br>**Response Deadline: February 20, 2024 @ 4:00 p.m.** |

## DECLARATION OF STACEY L. SERRANO

I, Stacey L. Serrano, being duly sworn, depose and say:

1.      I am over 18 years of age and believe in the obligation of an oath.

2.      I am a Staff Attorney employed by the Connecticut Department of Banking and

have personal knowledge of the Department's investigation and enforcement proceedings

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

concerning BlockFi Trading, LLC.  I submit this Declaration in support of the Response of the

State of Connecticut Department of Banking to the Wind-Down Debtors' Objection to Claim.

3.      BlockFi Trading LLC is Delaware limited liability company with an address of

201 Montgomery Street, Suite 263, Jersey City, New Jersey, and was a crypto currency trading

platform (the "Company").

4.      Jorge Perez is the Commissioner of the Connecticut Department of Banking (the

"Commissioner").

5.      The Department of Banking (the "Department") is an agency of the State of

Connecticut charged with the administration of Part V of Chapter 668, Sections 36a-595 to 36a-

612, inclusive of the Connecticut General Statutes, known as the "Money Transmission Act."

6.      On April 2, 2020, the Company obtained a license from the Commissioner to

operate as a money transmitter after meeting various requirements, to include the posting of a

surety bond.  The Company obtained its bonds from Arch Insurance Company ("Arch").  The

Company thereafter engaged in the business of exchanging convertible virtual currency for other

convertible virtual currency and fiat currency by way of a trading platform and hosting custodial

wallets of virtual currency through various other entities and platforms.

7.      On November 10, 2022, the Company suspended the ability of its customers,

including Connecticut purchasers, to withdraw monetary value, either virtual or fiat currency,

from its platform, with the Company holding at least $ 2.6 million on behalf of Connecticut

purchasers.  This prompted the Department to initiate an investigation.

8.      On November 14, 2022, the Commissioner received notice from Arch that effective December 15, 2022, Arch would be cancelling the surety bond issued to the Company for its money transmission license in Connecticut.

9.      On November 28, 2022, the Commissioner notified the Company of the surety bond cancellation and provided the Company with an opportunity to show compliance with the bond requirement. (Attachment A).

10.      On November 28, 2022, the Company filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court. *In re BlockFi, Inc.*, Case No. 22-19361 (MBK).

11.      On December 14, 2022, the Company submitted a request to the Commissioner to surrender its money transmission license.  (Attachment B).  The request was not accepted in accordance with Conn. Gen. Stat. § 36a-602(c) and Conn. Gen. Stat. § 36a-51 (c) (1).  Even if surrender were accepted, it would not alleviate any civil liability arising from acts or omissions occurring prior to surrender, such as the assessment of civil penalties.  Conn. Gen. Stat. § 36a-599(b).

12.      When the Company failed to show compliance with the surety requirement, the Commissioner automatically suspended the Company's money transmission license effective December 15, 2022 in accordance with Conn. Gen. Stat. § 36a-602(c).

13.      On February 14, 2023, the Commissioner mailed to the Company a Notice of Automatic Suspension, Notice of Intent to Revoke Money Transmission License, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty, and Notice of Right to Hearing.  The Commissioner alleges the Company engaged in unsafe and unsound practices in violation of Conn. Gen. Stat. § 36a-608 (a). (Attachment C).

14.     On March 15, 2023, the Company advised the Department that the administrative

proceeding should not go forward because of the U.S. Bankruptcy Code's automatic stay.  The

Department disagreed that the automatic stay applied. (Attachment D).

15.     On March 24, 2023, the Commissioner issued a Notification of Hearing and

Designation of Hearing Officer setting a hearing date of April 5, 2023 at 10:00 am.

16.     The Company requested a hearing concerning the administrative enforcement

action and the Hearing Officer scheduled the hearing for July 20, 2023.

17.     On May 30, 2023, the Commissioner filed an unliquidated Proof of Claim No.

31767 against the Company in the bankruptcy court for anticipated civil penalties "up to

$100,000 per violation" for alleged violations of state law governing money transmission

activities.

18.     On June 13, 2023, the Company initiated the Adversary Proceeding with the filing

of an Adversary Complaint against the Commissioner in the Bankruptcy Court, claiming the

Commissioner's enforcement action violated the automatic stay provision of the U.S.

Bankruptcy Code, 11 U.S.C. § 362. Adv. Pro. No. 23-01159 (MBK).  The Company

contemporaneously filed a Stay Motion, entitled Motion for Entry of an Order (I) Enforcing the

Automatic Stay as to the Connecticut Department of Banking or, In the Alternative, For

Injunctive Relief Enjoying Prosecution of the Administrative Proceeding, and (II) Finding that

the Connecticut Department of Banking Violated 11 U.S.C. § 525. (Adv. Pro. No. 23-01159)

(MBK) (Doc. No. 2).

19.     On July 13, 2023, the Banking Department entered into a Standstill Agreement

with the Company and agreed to file a motion for a stay of the enforcement action with the

Hearing Officer and to move the Bankruptcy Court to stay the adversary proceeding pending

Chapter 11 bankruptcy plan confirmation.

20.     On July 14, 2023, the Hearing Officer agreed to stay the administrative

enforcement action and on September 13, 2023, the U.S. Bankruptcy Court approved the stay.

(Adv. Pro. No. 23-01159 (MBK) (Doc. No. 7).

21.     On October 24, 2023, the Company filed a notice of plan confirmation and

notified the Hearing Officer of the same.  The Hearing Officer thereafter ordered the

resumption of the enforcement proceeding and scheduled a status conference for December 7,

2023.

22.     On December 6, 2023, the Company filed an objection in the Bankruptcy Court to

the Commissioner's unliquidated proof of claim and asked the court to disallow it. (Case No. 22-

19361 (MBK) (Doc. No. 1942).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.


Dated:  February 20, 2024


Stacey L. Serrano
Title:   Staff Attorney, Connecticut Department of Banking