UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren E. Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov
Email: lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 22-19361 (MBK) |
| | *Jointly Administered* |
| BLOCKFI INC., *et al*,[1] | Chapter 11 |
| Debtors. | Honorable Michael B. Kaplan, Chief Judge |
| | Hearing Date: February 27, 2024 at 11:00 am |
| BLOCKFI INTERNATIONAL LTD., | Adversary Pro. No.: 23-1175/MBK |
| Plaintiff, | |
| v. | |
| VRAI NOM INVESTMENT LIMITED, | |
| Defendant. | |

**UNITED STATES TRUSTEE'S OBJECTION TO WIND-DOWN DEBTORS' MOTION FOR AUTHORITY TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE WIND-DOWN DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE WIND-DOWN DEBTORS' SETTLEMENT WITH VRAI NOM INVESTMENT LIMITED AND GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).

The United States Trustee ("U.S. Trustee"), by and through counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection (the "Objection") to the Wind-Down Debtors' Motion For Authority to Redact and File Certain Information Under Seal in Connection With the Wind-Down Debtors' Motion For Entry of an Order Authorizing and Approving the Wind-Down Debtors Settlement With Vrai Nom Investment Limited and Granting Related Relief (the "Motion to Seal") (Dkt. 25).[2]

## PRELIMINARY STATEMENT

1.  BlockFi Inc. and its debtor affiliates (the "Wind-Down Debtors," previously the "Debtors") seek an order from the Court "to redact and file confidential and commercially sensitive portions of the Settlement Agreement (as redacted, the "Sealed Exhibit") and the Sealed Portions of the 9019 Motion, and directing that the Sealed Exhibit and Sealed Portions remain under seal, confidential, and not be made available to any third party without further order of the Court, provided however, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee, the Committee, Vrai Nom Investment Limited, and subject to Vrai Nom Investment Limited's consent or order of the Court, other parties that so request and have assented to the terms of the Protective Order (defined below)." *See* Dkt. 25-1 at ¶ 6.

2.  The Wind-Down Debtors provide that the "Sealed Exhibit and Sealed Portions contain sensitive non-public information solely concerning the terms of a proposed settlement agreement between the parties. Both the Wind-Down Debtors and Vrai Nom Investment Limited are current parties to various proceedings and litigations and the specific terms of the Settlement Agreement may have potential negative impacts on existing or future litigations to which each is or may become a party." *See id.* at ¶ 10.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion to Seal.

2

3.  The Wind-Down Debtors have the burden to establish that the information to be protected is in fact "commercial information" of the kind that courts protect. Here, the Wind-Down Debtors have not made a showing that the Sealed Exhibit and Sealed Portions constitute "commercial information" allowing for such information to be redacted. As such, the U.S. Trustee objects to the sealing and redaction of the Sealed Exhibit and the Sealed Portions.

## JURISDICTION, VENUE AND STANDING

4.  This Court has jurisdiction to hear and determine this Objection.

5.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## RELEVANT FACTS AND BACKGROUND

### A.    The Bankruptcy Filing

7.  On November 28, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Case Nos. 22-19361, 22-19363, 22-19365, 22-19366, 22-19367, 22-19368, 22-19370, 22-19371 and 22-19374 at Dkt. 1.

8. On the same day, the Debtors filed a *Joint Plan of Reorganization of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Original Joint Plan"). *See* Dkt. 22. The Original Plan was not accompanied by a Disclosure Statement.

9. On November 29, 2022, the Court entered an Order directing that these cases be jointly administered. *See* Dkt. 42.

10. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

11. No trustee or examiner has been appointed in these chapter 11 cases.

12. On December 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors. *See* Dkts. 130 and 131.

13. On October 3, 2023, the Court entered the Revised Findings of Fact, Conclusions of Law, and Order (i) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (ii) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code. *See* Dkt. 1655.

14. On October 24, 2023, the Debtors filed a Notice of (i) Entry of the Order (a) Approving the Disclosure Statement on a Final Basis and (b) Confirming the Third Amended Joint Chapter 1 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) and (ii) Occurrence of the Effective Date. *See* Dkt. 1788.

B. **The Motion to Seal**

15. Upon information and belief, it appears that the Wind-Down Debtors and Vrai Nom Investment Limited ("Vrai Nom") seek to memorialize and finalize a settlement reached

4

concerning the claims set forth in the Complaint and the Stay Violation Motion. *See* Dkt. 25-1 at ¶ 1.

16. In furtherance of such settlement, on February 2, 2024, the Wind-Down Debtors filed the Wind-Down Debtors' Motion For Entry of an Order Authorizing and Approving the Wind-Down Debtors Settlement With Vrai Nom Investment Limited and Granting Related Relief. *See* Dkt. 24.

17. Also, on February 2, 2024, the Wind-Down Debtors filed the Motion to Seal seeking an order authorizing the Wind-Down Debtors to file the Sealed Exhibit and Sealed Portions under seal. *See* Dkt. 25-1.

18. It appears that the Wind-Down Debtors seek to seal the settlement agreement for which approval is being sought, from all parties except for the Court, the U.S. Trustee, the Committee, Vrai Nom, and other parties that agree to the Protective Order and either receive the consent of Vrai Nom or a separate Court order. *See id.* at ¶ 6.

19. For the reasons set forth below, the Court should deny the Motion to Seal as the Wind-Down Debtors have not made a specific showing that the Sealed Exhibit and Sealed Portions fall within the parameters of an exception to Section 107(a). In the alternative, to the extent the Court approves the Seal Motion, the Wind-Down Debtors should be required to file the Sealed Exhibit with redactions and the 9019 Motion should be revised to at least set forth the terms of the settlement.

## **LAW, ANALYSIS AND ARGUMENT**

20. A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord*

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *See In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993).

21.   The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted). Courts have generally observed that the common law right of access is codified in Section 107(a) of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

22.   Section 107 of the Bankruptcy Code provides in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

*See* 11 U.S.C. § 107.

23. In addition, Fed. R. Bankr. P. 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

*See* Fed. R. Bankr. P. 9018.

24. Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *See In re A C & S Inc.*, 775 Fed.Appx. at 79. "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *See In re Food Management Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *See In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

25. For the "commercial information" exception to apply, the information at issue has to result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006), *quoting In re Orion Pictures Corp.*, 21 F.3d 24, 27-8 (2d Cir. 1994), *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp.* (*In re Itel Corp.*), 17 B.R. 942, 944 (9th Cir. BAP 1982). "[D]isclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *In re Alterra Healthcare Corp.*, 353 B.R. at 75 (further

7

citations omitted). Further, a court has to find that the information "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Id.* at 75-6, *quoting In re Barney's, Inc.*, 201 B.R. 703, 708-9 (Bankr. S.D.N.Y. 1996).

26. The Wind-Down Debtors bear the burden of showing that the information falls within the parameters of an exception to Section 107(a) by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. at 340 (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012). "It is not an easy burden nor should it be." *See In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005), *aff'd* 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd* 422 F.3d 1 (1st Cir. 2005).

27. In addition, a protective order is not sufficient grounds to support the sealing of information. *See In re Columbia Gas System, Inc.*, 1995 WL 917032 at *2 (D. Del. Oct. 4, 1995) ("[A] protective order *may* be binding on the parties to it during the discovery phase of litigation, but not beyond, if a party chooses to utilize 'protected material' in any matter other than a discovery dispute."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record.").

28. Further, an agreement among parties to keep information confidential is not determinative. *See In re Muma Services, Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of contractual confidentiality provisions,

then the Court "would never have control over motion practice" and Section 107 "would be meaningless."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d at 447 (some parties have "misconception that they, rather than the court, get to decide when documents are sealed. That is not so.").

29. Moreover, Section 105 of the Bankruptcy Code is not an independent basis on which to grant the Seal Motion. Section 105(a) "has a limited scope." *See In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000). A Bankruptcy Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

30. "The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself." *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). The Bankruptcy Court "cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments." *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 302 (3d Cir. 1994). "[W]hen a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code." *Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 154 (7th Cir. 1993).

31. Here, the Wind-Down Debtors provide that "the Sealed Exhibit and Sealed Portions contain sensitive non-public information solely concerning the terms of a proposed settlement agreement between the parties. Both the Wind-Down Debtors and Vrai Nom Investment Limited are current parties to various proceedings and litigations and the specific terms of the Settlement Agreement may have potential negative impacts on existing or future litigations to which each is or may become a party." *See id.* at ¶ 10.

32. Pursuant to the relief requested in the Motion to Seal, the Wind-Down Debtors request the Court to authorize the "Wind-Down Debtors to redact and file confidential and commercially sensitive portions of the Settlement Agreement … and the Sealed Portions of the 9019 Motion, and directing that the Sealed Exhibit and Sealed Portions remain under seal, confidential, and not be made available to any third party without further order of the Court." *See id.* at ¶ 6.

33. Although the Wind-Down Debtors request authority to redact certain portions of the Sealed Exhibit, the Wind-Down Debtors instead have not filed the Sealed Exhibit with redactions and appear to be seeking to redact and seal the entirety of the Sealed Exhibit. In addition, parties-in-interest other than the U.S. Trustee and the Committee will not receive the Sealed Exhibit or the Sealed Portions unless parties-in-interest agree to assent to the terms of the Protective Order and either obtain Vrai Nom's consent or obtain a Court order. *See id.* As such, parties-in-interest are unable to assess the terms of the settlement and determine whether to file an objection.

34. In an effort to support the Seal Motion, the Wind-Down Debtors provide that "Both the Wind-Down Debtors and Vrai Nom Investment Limited are current parties to various proceedings and litigations and the specific terms of the Settlement Agreement ***may*** have potential negative impacts on existing or future litigations to which each is or may become a party." *See id.* at ¶ 10 (emphasis added). Sealing is an extraordinary measure and the interest in secrecy must outweigh the presumption in favor of access. The fact that the disclosure of the terms of the settlement agreement may have a negative impact is not sufficient to carry the Wind-Down Debtors' burden in order to seal the Sealed Exhibit and the Sealed Portions.

35. The Wind-Down Debtors provide that "[t]he terms of the Settlement Agreement easily clear the lowest point in the rage of reasonableness under *Martin*. *See* Dkt. 25-1 at ¶ 32.

However, without full disclosure of the terms of the settlement, parties-in-interest are unable to assess the validity of such statement.

36. In the alternative, to the extent the Court approves the Seal Motion, the Wind-Down Debtors should be required to file the Sealed Exhibit with redactions and the 9019 Motion should be revised to at least set forth the terms of the settlement.

37. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Objection.

WHEREFORE, the United States Trustee respectfully submits that the Court deny the Motion to Seal and grant such other relief as the Court deems just and necessary.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: */s/ Jeffrey M. Sponder*
     Jeffrey M. Sponder
     Trial Attorney

    */s/ Lauren Bielskie*
     Lauren Bielskie
     Trial Attorney

Dated: February 20, 2024