| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2]) |

**WIND-DOWN DEBTORS' REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 7**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

1

TO:  THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), as managed by the Plan Administrator in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Reply in Support of Objection to Claim No. 7* (the "Reply") from the *Wind-Down Debtors' Fourteenth Omnibus Objection to Claims* (the "14th Objection") [Docket No. 2010]. In support of the Reply, the Wind-Down Debtors submit the *Supplemental Certification of Amit Cheela* (the "Supplemental Certification") attached hereto as Exhibit A and respectfully represent as follows:

**Factual Background**

1. On December 1, 2022, a creditor of BlockFi Inc. (the "Claimant") timely filed a proof of claim numbered 7 (the "Claim") asserting a claim in the amount of $18,053.93. The Claim indicates that the basis is "Deposits of Money and Digital Assets." Attached to the Claim is what appears to be a screenshot of a portion of BlockFi's website related to BlockFi interest accounts ("BIA") as well as the Claimant's BIA and Wallet statements for October 2022.

2. On December 21, 2023, the Debtors filed the 14th Objection, seeking to disallow and expunge or modify and allow certain proofs of claim as indicated on Schedule 1 attached thereto. The Claim with the Claimant's name redacted is on page 1 of Schedule 1. The information in Schedule 1 as to the Claim includes the following: (i) date of filing of the Claim, (ii) debtor entity the Claim was filed against, (iii) amount asserted in the Claim, (iv) the basis for objection, (v) the surviving claim number, (vi) all amounts scheduled for the claimant, (vii) the debtor entity against which the scheduled claim is held, and (viii) a notation indicating whether the Wind-Down Debtors were seeking to have the claim expunged, or modified and Allowed. The 14th Objection

is supported by the *Certification of Amit Cheela in Support of the Wind-Down Debtors' Fourteenth Omnibus Objection to Claims* (the "Certification") attached thereto.

3.  Schedule 1 indicates that the Wind-Down Debtors are objecting to the Claimant's Claim as asserting an amount that does not match BlockFi's books and records. Specifically, the Claim seeks recovery of $18,053 against BlockFi, Inc. on account of BIA deposits, and the Wind-Down Debtors believe the Claim should be modified to $17,916.94 (reflecting $17,888.22 in principal and $28.72 in pre-petition accrued interest), also as against BlockFi, Inc. on account of Claimant's BIA deposits. 14th Objection, Schedule 1, p. 1.

4.  All claimants holding claims subject to the 14th Objection, including Claimant, were served with a customized pdf that listed the recipient's name and claim number, the basis for objection, and the proposed modification. *See* Affidavit of Service filed by Kroll Restructuring Administration LLC ("Kroll") on February 7, 2024 at Docket No. 2117. Attached hereto as Exhibit B is a blank copy of the customized pdf provided to each creditor. This information was provided in unredacted form and large print. The service package directed claimants to file any responses with Kroll by 4:00 pm ET on January 30, 2024.

5.  The Claimant filed a timely response (the "Response") which alleges several deficiencies as to the 14th Objection and the Certification. Specifically, the Response alleges that (i) the 14th Objection fails to comply with Bankruptcy Rule 3007(d), 3007(e), and the Claims Procedures Order; (ii) the Wind-Down Debtors objected to the Claim as being asserted against the incorrect debtor entity and improperly asserting secured or priority status; (iii) the 14th Objection asserts grounds outside the scope of Bankruptcy Rule 3007(d); and (iv) that the Certification should be stricken as deficient and inadmissible because, in sum, it fails to attach the Wind-Down

3

Debtors' actual books and records or attest to the certifier's personal knowledge as to each affected claim.

6. The Response also appears to seek leave to amend the asserted Claim amount and/or seeks additional damages.[3]

7. The Wind-Down Debtors adjourned the 14th Objection as to the Claim to address the Response on an individual basis.

## Reply

8. The Wind-Down Debtors' 14th Objection, as well as the Certification in support thereof, are proper and comply with the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), and this Court's *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* (the "Claims Procedures Order") [Doc. No. 609]. As discussed further below and as evidenced by the Supplemental Certification attached hereto, the Claimant's Response fails to assert any valid basis to overrule the objection to the Claim.

### A. The 14th Objection is a Proper Books and Records Objection

9. The Claimant is factually incorrect in his allegations concerning the type of objection at issue. Schedule 1 clearly shows that the only basis for objection to the Claim is "BR." An attached legend shows that "BR" means that the asserted dollar value of the Claim does not

---

[3] It is worth observing that the discrepancy between the face amount of the Claim and the modified amount is approximately $137. However, the request for amendment and/or damages contained in the Response indicates a larger, indeterminate amount in controversy. The Wind-Down Debtors and the Claimant exchanged communications relating to the Response but did not reach a resolution.

4

match BlockFi's calculation of the dollarized value of the cryptocurrency held in the Claimant's BIA at petition-date coin pricing.

10.  Moreover, there can be no doubt that this type of objection was approved to be made by this Court. Consistent with its authority pursuant to, among other things, Bankruptcy Rule 3007(c), this Court has permitted the Wind-Down Debtors to make "books and records" objections in omnibus form. *See* Claims Procedures Order ¶ 2 (citing authority under Bankruptcy Rule 3007(c)), Ex. 1, ¶ 1(a) (authorizing omnibus objection on grounds that affected claims "are inconsistent with the Debtors' books and records); *see also* Bankruptcy Rule 3007(c) ("*Unless otherwise ordered by the court* or permitted by subdivision (d)…").

11.  And finally, the Wind-Down Debtors have satisfied their due process obligations to Claimant regarding the 14th Objection. Again, Claimant was served with a customized package that listed *only* his Claim, the basis for objection, and the proposed modification, each in unredacted form and large print.[4] This method was designed to comply with the Bankruptcy Rules and Claims Procedures Order and to protect the personal information of BlockFi's creditors.

**B.  The Certification is Not Deficient**

12.  Similarly, the Wind-Down Debtors have satisfied their obligations regarding the Certification.

13.  The Claims Procedures Order indicates that "[t]o the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim

---

[4] AOS, Doc. No. 2117.

on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim." Claims Procedures Order, Ex. 1 ¶ 3.

14. Contrary to the Claims Procedures Order, Claimant appears to argue that the declarant must have personal knowledge as to each affected claim, and attach the Wind-Down Debtors' books and records themselves to the Certification. Response at 3-4. In support of this argument, Claimant references Federal Rule of Civil Procedure 56, a rule pertaining to affidavits in support of motions for summary judgment.

15. To the extent Claimant objects to the Certification in connection with the certifier's credentials or personal knowledge, the Response likewise fails. As CFO of the Wind-Down Debtors, Mr. Cheela possesses personal knowledge concerning the Wind-Down Debtors' books and records and the manner in which they are maintained, and has sufficient personal knowledge to certify that a review of the books and records as they are kept in the ordinary course reflect differing amounts than those asserted in proofs of claim.

16. The Wind-Down Debtors observe that Claimant's arguments, to the extent understood to counsel and in the event they were to prevail, would require the Wind-Down Debtors to incur the prohibitive costs of reconciling tens of thousands of proofs of claim one by one, with certifications from multiple employees and professionals as to each.

17. The Wind-Down Debtors thus maintain that the Certification to the 14th Objection meets the requirements of the Claims Procedures Order and supports the modification of the Claim. However, in order to address any and all concerns the Claimant has raised in his Response, the Wind-Down Debtors have prepared the Supplemental Certification attesting to Mr. Cheela's specific, personal knowledge as to the Claim at issue.

C. **The Claim Must Be Dollarized**

18. Although the Wind-Down Debtors and Claimant are close to agreement regarding the dollarized amount of the original Claim – a discrepancy of approximately $137 between the asserted amount and the Wind-Down Debtors' books and records – the Response must be overruled because, among other things, Claimant now seeks an in-kind or market-value recovery in contravention of the Plan and applicable law.

19. 11 U.S.C. § 502(b) states that "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition." Consistent with the statute, Art.VI.F of the confirmed Plan states:

> As is required by section 502(b) of the Bankruptcy Code, each Account Holder's Claim is determined by the fair market value of the Digital Assets (based in United States dollars pursuant to the Digital Assets Conversion Table) held by the Account Holder at the Debtors as of the Petition Date at 11.59 p.m. UTC. This process is generally referred to as a "dollarization." Dollarization allows the Debtors to put all Account Holders' Claims on equal footing to calculate recoveries in accordance with the requirements of the Bankruptcy Code.

20. Accordingly, and as this Court has observed on multiple occasions, claims against the Wind-Down Debtors are "dollarized" at prices prevailing on the Petition Date.

21. Notwithstanding the foregoing, and notwithstanding that the Claim when filed used exchange prices approximating rates then prevailing, which were similar to Petition Date rates,[5] Claimant now believes the Claim "should be increased to reflect current market values, plus cost, interest, legal fees, treble or punitive damages, and incidental or consequential damages." The

---

[5] It appears that the Claimant used different exchange prices or may have simply copied the USD amount displayed on the BlockFi user interface (which contained a disclaimer that it was for information purposes only and that actual amounts may vary) when calculating the amount of the Claim.

7

basis for such amendment appears to be allegations of fraud never previously raised and utterly lacking in support or rationale.[6] Response at 6.

22. Claimant's attempt to amend the Claim is thus inconsistent with the Plan, untimely, unsupported, and prejudicial to BlockFi's creditor body.

23. Both the 14th Objection and Certification are substantively and procedurally proper, and support the proposed modification of the asserted claim amount to match the scheduled claim amount per BlockFi's books and records.

**WHEREFORE**, the Wind-Down Debtors respectfully request that the Response be overruled and the *Wind-Down Debtors' Objection to Claim No. 7* be sustained.

*[remainder of page intentionally left blank]*

---

[6] The Response alleges fraud on the part of BlockFi in holding "themselves out as an alternative portal or d/b/a of Gemini Trust Company." Response at 6. Exhibit 1 to the Response is an email from Gemini that discusses Gemini's lack of exposure to FTX and contains no mention of BlockFi.

        Respectfully submitted,

Dated: February 23, 2024        /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

**EXHIBIT A**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>        Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>**Hearing Date: February 27, 2024 @ 10:00 AM ET** |

### SUPPLEMENTAL CERTIFICATION OF AMIT CHEELA IN SUPPORT OF WIND-DOWN DEBTORS' OBJECTION TO CLAIM NO. 7

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

I, Amit Cheela, pursuant to 28 U.S.C. § 1746, declare:

1. My name is Amit Cheela. I am over the age of 21. I am the Chief Financial Officer for the debtors (collectively, "BlockFi" or the "Wind-Down Debtors") in the above-captioned Chapter 11 Cases. I am familiar with the manner in which BlockFi's books and records are maintained by virtue of my duties and responsibilities. Accordingly, I am in all respects competent to make this certification (the "Certification").

2. I submit this Certification in support of the *Debtors' Fourteenth Omnibus Objection to Claim No. 7.* (the "Objection").

3. The facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, my review of information provided to me by employees working under my supervision, and my opinion based upon my experience, knowledge, and information concerning the Wind-Down Debtors' operations. I am authorized to submit this Certification on the Wind-Down Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification

4. I have read and reviewed the Objection, including the information regarding the Disputed Claims[3] set forth on Schedule 1 to the Proposed Order attached thereto, and I am familiar with the information contained in those documents. Specifically, I have reviewed and compared proof of claim no. 7 with BlockFi's books and records relating to the BlockFi Interest Account held by the claimant who filed claim no. 7.

5. The books and records reviewed include data and transaction information related to BlockFi Interest Accounts stored in the reporting systems maintained by BlockFi. As the Wind-Down Debtors' Chief Financial Officer and a custodian of records, I am familiar with how the

---

[3] Capitalized terms used but not defined in this Certification shall have the meanings set forth in the Objection.

reporting systems operate and are maintained. During the relevant time period, it was the regular practice of BlockFi to make and keep this and similar records.

6. BlockFi's reporting systems contain records of all acts or events related to BlockFi Interest Accounts, including deposits, trades, and withdrawals. It contains records that were made at or near the time of the act or event by or from information transmitted electronically from other onramps and offramps within the BlockFi platform. The records were kept in the course of regularly conducted activity of BlockFi. The recording and storing of data from the reporting systems was a regular practice of BlockFi prior to and at the time of the filing of these Chapter 11 Cases.

7. After reviewing the relevant records, I have concluded that the dollarized asserted claim amount on proof of claim no. 7 does not match the dollarized claim amount of the cryptocurrency held in the claimant's BlockFi Interest Account as of November 28, 2022.

8. Accordingly, to prevent improper recovery against the estates, I believe that the Proposed Order should be granted and that claim no. 7 should be modified as detailed on <u>Schedule 1</u> from the asserted amount of $18,053.93 to $17,916.94.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on <u>February 23, 2024</u>     By:     /s/ *Amit Cheela*
                                                 Amit Cheela
                                                 Chief Financial Officer
                                                 to the Wind-Down Debtors

**EXHIBIT B**

**Debtors: BlockFi Inc *et al.*
14th Omnibus Objection**

**Legend: Basis for Objection**

| | |
|---|---|
| BR | Asserted claim amount does not match BlockFi's books and records |
| IC | Asserted against incorrect debtor entity or improperly assert priority or secured status |

| Claim Info | | | | | |
|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection |
| | | | | | |

| Schedule Info | | | | | | | |
|---|---|---|---|---|---|---|---|
| Surviving Claim No. | US BIA | US BIA Interest | US Loan | US BPC | US BPC Interest | Intl BIA/BPC | Intl BIA/BPC Interest | Intl Loan | Surviving Claim Entity |



Expunge/Modify