**Nonaka Certification**

**CERTIFICATION OF MICHAEL NONAKA IN SUPPORT OF BLOCKFI'S MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE AUTOMATIC STAY AS TO THE CONNECTICUT DEPARTMENT OF BANKING OR, IN THE ALTERNATIVE, FOR INJUNCTIVE RELIEF ENJOINING PROSECUTION OF THE ADMINISTRATIVE PROCEEDING, AND (II) FINDING THAT THE CONNECTICUT DEPARTMENT OF BANKING VIOLATED 11 U.S.C. § 525**

Michael Nonaka, of full age, hereby certifies and says:

1. I am a partner in the law firm Covington & Burling LLP, located at 850 10th Street NW, Washington, DC 20001.

2. Covington & Burling LLP serves as financial services regulatory counsel to the above-captioned Debtors in their Chapter 11 Cases.

3. I have full personal knowledge of the facts set forth herein through my role as counsel for the Debtors in this matter. I make this certification in support of *Blockfi's Motion for Entry of an Order (i) Enforcing the Automatic Stay as to the Connecticut Department of Banking or, in the Alternative, for Injunctive Relief Enjoining Prosecution of the Administrative Proceeding, and (ii) Finding that the Connecticut Department of Banking Violated 11 U.S.C. § 525* (the "Motion").[2]

4. Prior to the commencement of these Chapter 11 Cases, in the ordinary course of the Debtors' business, the Debtors obtained money transmission licenses from various state regulatory agencies. Specifically, as it pertains to this Motion, on April 2, 2020, BlockFi Trading LLC obtained a license (the "License") issued by the Connecticut Department of Banking (the "Department").[3] In order to secure the performance of its obligations under

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Motion.
[3] License # MT-1873137.

the License, in accordance with applicable law, BlockFi obtained money transmitter bonds issued by Arch Insurance Company ("Arch").

5. On November 28, 2022, the Department sent a letter to BlockFi acknowledging that Arch had canceled the bonds and providing instructions for requesting surrender of the License (the "November 28 Letter"). The November 28 Letter also stated that certain circumstances would cause such a request to not be accepted by the Department, including pendency of an administrative action. A true and correct copy of the November 28 Letter is attached hereto as Exhibit A.

6. On December 14, 2022, BlockFi submitted a request to the Department to surrender its money transmitter license. A true and correct copy of the request to surrender submitted by BlockFi through the Nationwide Multistate Licensing System user portal is attached as Exhibit B. The Department never responded to the request to surrender.

7. On February 14, 2023, the Department mailed a Notice of Automatic Suspension, Notice of Intent to Revoke Money Transmission License, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing (the "Notice") to BlockFi. A true and correct copy of the Notice is attached hereto as Exhibit C.

8. On March 6, 2023, I conducted a call with Stacey Serrano, Staff Attorney for the Department, wherein we discussed the Notice. Ms. Serrano stated that the Department intended to seek a civil penalty in an amount to be determined in the event BlockFi requested a hearing and that if BlockFi would consent to the revocation of the License without a hearing the Department would seek a fixed penalty of $1,000,000.

9. On March 8, 2023, in response to the Notice and my discussions with counsel for the Department, I submitted an Appearance and Request for Hearing to the Department.

10. On March 15, 2023, counsel for BlockFi sent a letter to counsel for the Department, explaining the Debtors' position vis-à-vis the Debtors' Chapter 11 Cases and the Administrative Proceeding (the "March 15 Letter"). As of the filing of this Motion, the Debtors have not received a formal response to the March 15 Letter. A true and correct copy of the March 15 Letter is attached hereto as Exhibit D.

11. On March 24, 2023, the Commissioner for the Department issued a Notification of Hearing and Designation of Hearing Officer setting a hearing date of April 5, 2023, at 10:00 a.m. (the "Hearing Notice"). A true and correct copy of the Hearing Notice is attached hereto as Exhibit E.

12. On March 28, 2023, I conferred with Ms. Serrano regarding the upcoming hearing and restated BlockFi's position from the March 15 Letter. Ms. Serrano reiterated at that time that the Department believes its actions are excepted from the automatic stay and that the Department believes it has the right to move forward with the Administrative Proceeding.

13. On March 28, 2023, the Hearing Officer for the Administrative Proceeding emailed to postpone the hearing because April 5, 2023, conflicted with another matter. Based on the agreement of the parties and the Hearing Officer, the new hearing date was scheduled for June 20, 2023, and a pre-hearing conference was scheduled for May 18, 2023.

14. On April 20, 2023, I sent Ms. Serrano a working draft of the Complaint and Motion to further negotiations between the parties. The Department offered a continuance of the pre-hearing conference and Administrative Proceeding to June 21, 2023 and July 20, 2023 respectively, which BlockFi accepted.

15. On May 31, 2023, I again spoke with Ms. Serrano and she indicated that the Department reviewed the draft filings, had not changed its position, and would be proceeding as scheduled with the Administrative Proceeding.

16. As of the filing of the Complaint and the Motion, the parties have been unable to reach any resolution with respect to the Administrative Proceeding, and the Department has indicated that it intends to proceed with the July 20th hearing in the Administrative Proceeding notwithstanding the Debtors' pending Chapter 11 Cases.

17. BlockFi will be required to retain counsel barred in the state of Connecticut and before the Department of Banking if the Administrative Proceeding goes forward as scheduled.

I hereby certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: June 13, 2023

                                                                               */s/ Michael Nonaka*

                                                                                Michael Nonaka