| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: February 27, 2024 @ 10:00 a.m. ET** |

# DECLARATION OF AMIT CHEELA IN SUPPORT OF WIND-DOWN DEBTORS' OBJECTION TO CLAIM FILED BY THE CONNECTICUT DEPARTMENT OF BANKING

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

I, Amit Cheela, pursuant to 28 U.S.C. § 1746, declare:

1. My name is Amit Cheela. I am over the age of 21. I am the Chief Financial Officer for the debtors (collectively, "BlockFi" or the "Wind-Down Debtors") in the above-captioned Chapter 11 Cases. I am familiar with the manner in which BlockFi's books and records are maintained by virtue of my duties and responsibilities. Accordingly, I am in all respects competent to make this declaration (the "Declaration").

2. I submit this Declaration in support of the *Debtors' Objection to Claim Filed by the Connecticut Department Banking* (the "Objection").[3]

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the professionals in this case and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Wind-Down Debtors' operations. I am authorized to submit this Declaration on the Wind-Down Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. I have read and reviewed the Connecticut Claim and Objection, including the information regarding the Connecticut Claim set forth on Schedule 1 to the Proposed Order attached to the Objection, and I am familiar with the information contained in those documents.

5. Specifically, I understand from reviewing the Connecticut Claim and consulting with the Wind-Down Debtors' advisors that the Connecticut Claim is unliquidated. The Department seeks to assess a monetary penalty against BlockFi Trading due to the BlockFi Platform Pause. On April 29, 2024, BlockFi filed the *Declaration of Amit Cheela, Chief Financial*

---

[3] Capitalized terms used but not otherwise defined in this Declaration shall have the meanings provided in the Objection and the Cheela Wallet Declaration.

2

*Officer of BlockFi Inc., in Support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Cheela Wallet Declaration"). The Cheela Wallet Declaration is attached to this Declaration as **Exhibit A** and incorporated by reference as if fully set forth herein.

6. Following FTX's collapse, BlockFi recognized that there was a risk that it would be unable to operate the business as usual and initiated the Platform Pause to protect clients' (i.e., BlockFi customers) interests, including the interests of Wallet Account Holders. The decision to implement the Platform Pause was made over the course of two special meetings of the Board of Directors of BlockFi Inc. on November 10, 2022. At those meetings, it was determined that the Platform Pause was in the best interests of BlockFi and its customers and other creditors. The Platform Pause was a pause of certain product capabilities on the platform, including trades, transfers, and withdrawals.

7. The Platform Pause was a necessary measure to protect all BlockFi customers, including Wallet Account Holders. The Platform Pause protected the segregated funds in the BlockFi system for the Wallet Accounts. Had the Platform Pause not been implemented, withdrawal activity across all BlockFi products may have continued at an unsustainable rate, and the panic caused by the FTX collapse and declining prices of cryptocurrencies would have caused many customers to pull their assets off the BlockFi platform, resulting in a situation where there would be insufficient assets to cover all funds held in Wallet Accounts – i.e., a shortfall in the segregated accounts. Therefore, without the Platform Pause, there would likely have been insufficient assets available to return all Wallet assets to Wallet Account Holders. Certain

customers quicker to withdraw assets than others would have depleted the available assets, leaving other customers with little to no ability to withdraw assets due to the process associated with the platform withdrawal process as set forth in more detail in the Cheela Wallet Declaration. Such customers would likely have become unsecured creditors and been unable to recover the full amount of their funds.

8.     Due to the Platform Pause and the subsequent filing of these Chapter 11 Cases, BlockFi obtained Court authority to make the necessary User Interface updates and put programs into place to allow all Wallet Account Holders, including those that are Connecticut residents, to withdraw their digital assets in a safe and secure manner. The Wallet withdrawal process started in late August 2023, following extensive communications and instructions to Wallet Account Holders about the necessary steps and security actions required to withdraw.

9.     A majority of BlockFi's Wallet Account Holders, including those that provided Connecticut addresses, have now withdrawn their digital assets. The deadline to withdraw was extended several times through January 2024 in order to maximize the ability for all Wallet Account Holders to withdraw digital assets. Pursuant to the Plan, certain Wallet Accounts were not eligible for withdraw due to potential preference liability, which originally included three BlockFi clients that provided physical addresses in Connecticut. Due to the negligible amounts in those three Connecticut Wallet Accounts, however, the Wind-Down Debtors determined that withholding such negligible amounts, given the costs in withholding such amounts, was not in the best interests of the Wind-Down Debtors. Therefore, following the Effective Date of the Plan, in November 2023 all Connecticut customers with Wallet Accounts became eligible to withdraw their digital assets. Because the extended deadline to withdraw has now passed, the remaining Wallet Accounts are being liquidated to cash amounts and returned to the respective Wallet

Account Holders through the cash distribution process pursuant to the confirmed Plan. The Wallet withdrawal process that the Wind-Down Debtors are now completing would not have been possible without implementing the Platform Pause and obtaining Court authority for an orderly return of the Wallet assets.

10. Accordingly, to prevent improper recovery against the estates for the Connecticut Claim, I believe that the Proposed Order should be granted disallowing the Connecticut Claim.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 23, 2023          By:     /s/ *Amit Cheela*
                                                Amit Cheela
                                                Chief Financial Officer
                                                to the Wind-Down Debtors

5