**EXHIBIT "A"**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>         kaulet@brownrudnick.com<br>         bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>   -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         GKinoian@genovaburns.com<br>*Local Counsel for the Official<br> Committee of Unsecured Creditors* | <br><br>**Order Filed on March 16, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

## ORDER AUTHORIZING RETENTION OF
## ELEMENTUS EFFECTIVE JANUARY 4, 2023

The relief set forth on the following page is **ORDERED.**

**DATED: March 16, 2023**

*(signature)*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the applicant's request for authorization to retain Elementus Inc. ("Elementus") as Blockchain Intelligence and Forensics Expert, it is hereby ORDERED:

1.      The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Elementus as financial advisor to the Committee.

    The professional's address is:        347 5th Avenue · Suite 1402-337
                                          New York, NY 10016

2.      Elementus shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court. Elementus also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines, as well as the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Elementus in these chapter 11 cases.

3.      The effective date of retention is January 4, 2023.

4.      Elementus shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-1 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

5.      Elementus will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Elementus' fee applications in these cases.

6.      Elementus will use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1; United States Trustee Large Case Fee Guidelines - Summary of Compensation Requested by Project Category).

7.      Elementus will provide all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

8.      Elementus shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Cases.

9.      Notwithstanding anything in the Application and the Certification of Professional in Support of Application For Retention of Professional (the "Galka Certification") to the contrary, Elementus shall (i) to the extent that Elementus uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Elementus pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Elementus; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

10.     In the event that Elementus seeks reimbursement from the Estate for attorneys' fees and expenses pursuant to the Application during the pendency of these Cases, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Elementus' own fee applications, both interim and final, and such invoices and time records shall be subject to any United States Trustee Guidelines and in compliance with the Local Bankruptcy Rules, and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Elementus' independent legal counsel.

11.     Prior to applying any increases in its hourly rates, Elementus shall provide ten-business-days' notice of any such increases to the Debtor, the U.S. Trustee, and the Committee appointed in the Debtors' chapter 11 cases and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness

2

standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Such services other than set forth in the Application that the Committee may request that Elementus provide during these Cases, and as agreed to by Elementus, shall be subject to separate application and order of this Court.

13. In the event Elementus seeks to use any of its affiliates to perform services for the Committee, the Committee shall seek and apply for the separate retention of any such affiliates.

14. None of the fees payable to Elementus shall constitute a "bonus" or fee enhancement under applicable law.

15. No agreement or understanding exists between Elementus and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall Elementus share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

16. Notwithstanding any provision to the contrary in the Application, the Galka Certification, Elementus Inc. Master Services Agreement (the "Agreement"), Elementus Inc. Order Form/Engagement Letter (the "Engagement Letter"), Terms and Conditions (the "Terms"), and Addendum A Elementus Professional Services Addendum ("Addendum A"), Section 4.1 of the Terms is modified to remove the last two sentences including: "Any amounts not paid when due shall bear interest at the rate of one and one-half percent (1.5%) per month or the maximum rate allowed by law, whichever is less. Elementus reserves the right to change Fees from time to time in accordance with its practices for its customers generally, but subject to advance written notice to Customer."

17. Notwithstanding any provision to the contrary in the Application, Galka Certification, Agreement, Engagement Letter, Terms, and Addendum, Section 4.3 of the Terms is modified and replaced with the following language: "Customer will reimburse Elementus for reasonable

3

pre-approved travel and living expenses incurred by Elementus in performing Services at sites other than Elementus facilities at Customer's request (including without limitation, any Services relating to setup, training, technical support, and consulting). Elementus will charge the Committee for such expenses at rates consistent with charges made to other Elementus clients, and subject to the Local Rules, orders of the Court, and the Fee Guidelines".

18. Notwithstanding any provision to the contrary in the Application, Galka Certification, Agreement, Engagement Letter, Terms, and Addendum, Sections 6.2 and 6.3 of the Terms are revised to reflect that termination and/or suspension will only be allowed upon entry of an Order by the Bankruptcy Court.

19. Notwithstanding any provision to the contrary in the Application, Galka Certification, Agreement, Engagement Letter, Terms, and Addendum, Section 10.2 of the Terms is revised to reflect that any dispute relating to the services provided by Elementus shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

20. Notwithstanding any provision to the contrary in the Application, Galka Certification, Agreement, Engagement Letter, Terms, and Addendum, Section 3.2 of the Addendum is modified to require Court approval of any Change Orders.

21. To the extent that the Application, Galka Certification, Engagement Letter, or Terms or Conditions are inconsistent with this Order, the terms of this Order shall govern.

22. Notwithstanding any provision to the contrary in the Application, Galka Certification, Agreement, Engagement Letter, Terms, and Addendum, Section 7, 8.1(a), 8.1(b), 8.2, and 8.3 of the Terms are inapplicable during the pendency of these Cases and are modified as follows:

    a. Elementus shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Agreement, Engagement Letter, Terms, and Addendum, unless the indemnification, contribution, or reimbursement is

approved by the Court.

b.  Notwithstanding any provision of the Agreement, Engagement Letter, Terms, and Addendum to the contrary, the Estate shall have no obligation to indemnify Elementus, or provide contribution or reimbursement to Elementus, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Elementus' gross negligence, willful misconduct, bad faith, fraud or self-dealing to which the Estate has not consented, (ii) for a contractual dispute in which the Estate alleges the breach of Elementus' obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, exculpation, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Estate's consent prior to a judicial determination as to Elementus' gross negligence, willful misconduct, bad faith, fraud, or uncontested self-dealing, but determined by the Court, after notice and a hearing, to be a claim or expense for which Elementus should not receive indemnification, contribution, or reimbursement under the terms of the Agreement, Engagement Letter, Terms, and Addendum as modified by this Order.

c.  If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, Elementus believes that it is entitled to the payment of any amounts on account of the indemnification, contribution, and/or reimbursement obligations under the Agreement, Engagement Letter, Terms, and Addendum (as modified by this Order), including without limitation the advancement of defense costs, Elementus must file an application therefor in this Court, and the Estate may not pay any such amounts to Elementus before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by

5

Elementus, and is not a provision limiting the duration of the obligation to indemnify, or make contributions or reimbursements to, Elementus. All parties in interest shall retain the right to object to any demand by Elementus for indemnification, contribution, or reimbursement.

d. Any limitation of liability or limitation on any amounts to be contributed by the parties to the Agreement, Engagement Letter, Terms, and Addendum under the terms of the Agreement, Engagement Letter, Terms, and Addendum shall be eliminated.

23. Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information [Docket No. 4], Elementus will disclose the information that the Court orders to be unredacted, if any, through a supplemental certification. Further, if the Court denies the Motion of the Committee to Seal the Names of Certain Confidential Transaction Parties In Interest Related to the Committee's Professional Retention Applications and For Related Relief [Docket No. 403], Elementus will, through a supplemental certification, disclose the identities of all counterparties that were filed under seal, and the connections of Elementus to such potential counterparties.

16884393v1 (25400.001)

6