# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | **Order Filed on June 26, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>Jointly Administered |

# ORDER AUTHORIZING RETENTION
# OF MILLER NASH LLP

The relief set forth on the following page is **ORDERED**.

**DATED: June 26, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark, Esq.<br>Kenneth J. Aulet, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: rstark@brownrudnick.com<br>      kaulet@brownrudnick.com<br>      bsilverberg@brownrudnick.com<br>*Counsel for the Official Committee of Unsecured Creditors*<br>  -and-<br>GENOVA BURNS LLC.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>      DClarke@genovaburns.com<br>      GKinoian@genovaburns.com<br>*Local Counsel for the Official<br> Committee of Unsecured Creditors* | BROWN RUDNICK LLP<br>Stephen D. Palley, Esq.<br>601 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone: (617)536-1766<br>Fax: (617)289-0466<br>Email: spalley@brownrudnick.com |

Upon the applicant's request for authorization to retain Miller Nash LLP as Special Local Washington Counsel, it is hereby ORDERED:

1. The applicant is authorized to retain the above party in the professional capacity noted.

   The professional's address is:    Miller Nash LLP
   605 5th Ave. S., Suite 900
   Seattle, WA 98104

2. Compensation will be paid as may be allowed by the Court on proper application(s).

3. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

   ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

   ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a

chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

4. The effective date of retention is May 26, 2023.

5. The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Miller Nash as local Washington counsel to the Committee.

6. Miller Nash shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Cases in compliance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court, as well as the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

7. Miller Nash will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Miller Nash's fee applications in these Cases.

8. Miller Nash will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category).

9. Miller Nash will provide all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

10. Miller Nash shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Cases.

11. In connection with any increase in Miller Nash's rates, Miller Nash shall provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee prior to filing a fee statement or fee application reflecting such an increase, which shall set forth the requested rate increase and explain the basis for the requested rate increase.  All parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Notwithstanding anything in the Application and the Neu Certification to the contrary, Miller Nash shall (i) to the extent that Miller Nash uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such

2

Contractors at the same rate that Miller Nash pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Miller Nash; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these Cases.

13. No agreement or understanding exists between Miller Nash and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall Miller Nash share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

14. Upon entry of a Final Order on the Motion to Redact all Personally Identifiable Information [Docket No. 4], [Professional] will disclose the information that the Court orders to be unredacted, if any, through a supplemental certification. Further, if the Court denies the Motion of the Official Committee of Unsecured Creditors to Seal the Names of Certain Confidential Transaction Parties In Interest Related to the Committee's Professional Retention Applications and For Related Relief [Docket No. 403], [Professional] will, through a supplemental certification, disclose the identities of all counterparties that were filed under seal, and the connections of [Professional] to such potential counterparties.

17096432v1 (25400.001)

3