| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** ||
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: March 27, 2024, 10:00 a.m.**<br>**Response Deadline: March 20, 2024** |

# WIND-DOWN DEBTORS' MOTION TO
# AMEND SCHEDULES OF ASSETS AND LIABILITIES

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

BlockFi Inc., and its affiliated debtors (collectively, "BlockFi," the "Debtors," or the "Wind-Down Debtors," as applicable), as managed by the Plan Administrator[3] in the above-captioned cases, by and through its undersigned counsel, hereby submits this motion (the "Motion") pursuant to Sections 105(a) and 521 of the Bankruptcy Code, Rules 1009(a) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") seeking entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the Wind-Down Debtors to file amendments to the *Schedule of Assets and Liabilities for BlockFi International LTD (Case No. 22-19368)* [Dkt. No. 247] (together with all amendments and modifications thereto, the "International Schedules") and the *Schedule of Assets and Liabilities for BlockFi Lending LLC (Case No. 22-19365)* [Dkt. No. 251] (together with all amendments and modifications thereto, the "Lending Schedules," and with the International Schedules, the "Schedules"), as more particularly described herein and as reflected in Schedules 1 and 2 to **Exhibit A** (together, the "Accrued Interest Schedules").[4] In support of this Motion, the Wind-Down Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[4] The Court previously ordered that Schedules may be filed with redactions as to certain individual customers. Dkt. No. 1757. The Accrued Interest Schedules attached to this Motion contain redacted forms of personally identifiable information submitted in accordance with the Court's prior order. If the relief requested herein is

## BACKGROUND

2. Prior to the Petition Date, in August 2022, BlockFi altered how it paid interest to certain BlockFi Private Clients who lent BlockFi BTC or ETH between August 2022 through early November 2022 (collectively, the "BPCs"). Specifically, at that time, BlockFi switched from paying interest to BPCs monthly as interest accrued, to paying interest in a lump sum with the principal at the end of the loan term (*i.e.*, from a monthly-payment model to a payment-at-maturity model).

3. On November 28, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On January 12, 2023, BlockFi filed the Schedules.

5. On January 30, 2023, this Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Dkt. No. 440] (the "Bar Date Order"), which established March 31, 2023 (the "General Bar Date") as the deadline for customers including the BPCs to file Proofs of Claim against the Debtors. The Bar Date Order provided that in the event the Debtors supplement their Schedules, the Debtors would give notice to the holders of "any Claim affected thereby" and that holders of such Claims would be given an opportunity to file new Proofs of Claim within thirty calendar days thereafter (a "Supplemental Bar Date"). Bar Date Order ¶ 5.

6. On September 25, 2023, BlockFi filed its Plan [Dkt. No. 1609], which was confirmed by this Court on October 3, 2023 [Dkt. No. 1655] (the "Confirmation Order"). The

---

granted, the Wind-Down Debtors will submit amended Schedules redacted in the form and to the extent previously approved by the Court.

Plan went effective on October 24, 2023 [Dkt. No. 1788] (the "Effective Date"). Pursuant to the Plan, as of the Effective Date, the Wind-Down Debtors have been managed by the Plan Administrator.

7. Consistent with the Plan Administrator's fiduciary duties, while reviewing and ensuring quality control on claims reconciliation, the Plan Administrator and its professionals became aware that the Schedules do not accurately reflect the aforementioned change in interest calculation on BPC loans from a monthly-payment model to a payment-at-maturity model. As a result, the Plan Administrator and its professionals conducted a comprehensive review of the loan documents, the BPC terms of service, and compiled interest calculations and loan data for all of the BPCs that held an open loan.

8. Following its review, the Plan Administrator identified loans associated with 123 BPC accounts (certain BPCs held more than one loan) extended to BlockFi International LTD ("BlockFi International") and BlockFi Lending LLC ("BlockFi Lending") between August and early November 2022.

9. In light of this error, the Plan Administrator has determined that the most equitable and efficient course of action is to amend the Schedules to reflect the addition of interest accrual claims on account of these BPC loans, and to make distributions to these claimants in accordance with their agreements with BlockFi. No changes are being made to modify any of the scheduled claims for BPC loan principal amounts or the scheduled claims for interest accounts held by BPCs.

10. As reflected in the Accrued Interest Schedules, the addition of the scheduled claims for interest related to the 123 BPC accounts will result in an increase of the scheduled claim amounts for BlockFi Lending and BlockFi International by approximately $2.4 million, or

3% of the previously scheduled face amount of the claims for such entities.[5] The Wind-Down Debtors estimate that recoveries for other claimants will be altered materially less than 1%, if at all, as a result of the requested relief.

11. The Plan Administrator anticipates that the BlockFi estates will have more than $1 billion of distributable assets. As such, the proposed amendments to the Schedules as reflected in the Accrued Interest Schedules will have *de minimis* net impact to the recoveries of BlockFi's other stakeholders.

12. Moreover, the modifications as reflected in the Accrued Interest Schedules will not alter any claims and will otherwise not substantively change the Schedules except with respect to the accrued interest for certain BPCs as described herein.

## **RELIEF REQUESTED**

13. The Wind-Down Debtors, through this Motion, seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Wind-Down Debtors to file amendments of their Schedules pursuant to Sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1009(a) and Local Rule 1009-1, to reflect an approximately 3% increase against the face amount of previously scheduled claims concerning approximately 192 BPC loans as provided in the Accrued Interest Schedules, and further providing that the filing of such amendments shall not be deemed to establish a Supplemental Bar Date, otherwise modify the General Bar Date Order or otherwise authorize the filing of new Proofs of Claim previously barred by order of this Court, the Bankruptcy Rules, the Local Rules, or the Bankruptcy Code.

---

[5] Of the $2.4 million of interest, approximately $500,000 of such interest relates to loans with BlockFi International, and approximately $1.9 million relates to loans with BlockFi Lending.

## ARGUMENT

14. The Bankruptcy Code requires a debtor to file schedules of liabilities, and further authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."[6] Bankruptcy Rule 1009(a) provides a debtor with the general right to amend schedules as a matter of course at any time before the case is closed without court permission and without a showing of good cause.[7] The Bankruptcy Code "favors accuracy in debtors' schedules,"[8] and as such, "[l]iberal amendments to schedules are favored."[9] In other words, a debtor "does not need court permission to amend any of his schedules so long as the case is still open."[10] Bankruptcy Rule 3003(c)(3) provides that the "Court shall fix and for cause shown may extend" claims bar dates.

---

[6] 11 U.S.C. §§ 105(a), 521(a)(1)(B).

[7] *See* Bankruptcy Rule 1009(a) ("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed[.]"; *see also In re Whittick*, 547 B.R. 628 (Bankr. D.N.J. 2016) (citing Fed. R. Bankr. P. 1009) (holding that Chapter 7 debtor "could not be denied leave to amend his schedule to claim loan proceeds as exempt pursuant to bankruptcy statute based on debtor's alleged *bad faith* in allegedly concealing proceeds from trustee." Further asserting "[i]n general, a debtor may freely amend schedules throughout a case."); *In re Galvin*, 50 B.R. 583 (Bankr. D.R.I. 1985) (asserting that "[w]here bankruptcy case had not been closed, debtor could amend his schedules to add omitted creditor, who was claiming damages arising out of automobile accident involving motor vehicle owned by debtor and being operated by his son, without any showing of good cause[.]" (citing Fed. R. Bankr. P. 1009)).

[8] *In re Candelaria*, 121 B.R. 140, 144 n.2 (E.D.N.Y. 1990) (explaining that an "amendment in order to list formally even a discharged creditor is appropriate cause for granting a motion to reopen.").

[9] *In re Raggie*, 389 B.R. 309, 312 (Bankr. E.D.N.Y. 2008) (finding that a case is "closed" only "after the estate is fully administered.") (citing 11 U.S.C. § 350(a); *Critical Care Support Servs., Inc. v. United States (In re Critical Care Support Servs.),* 236 B.R. 137, 140 (E.D.N.Y.1999)); *In re Miller*, 462 B.R. 421, 432 (Bankr. E.D.N.Y. 2011) (explaining that "closing a case is distinct from dismissing a case.").

[10] *In re Sheridan*, 38 B.R. 52, 54 (Bankr. D. Vt. 1983) (citing *In re Gershenbaum,* 598 F.2d 779, 781 (3d Cir. 1979); *see In re Raggie*, 389 B.R. 309 (Bankr. E.D.N.Y. 2008) (explaining that a debtor's right to amend its schedules "as matter of course never expired, and proposed amendment to add an omitted cause of action on which debtor sought to sue outside bankruptcy had to be allowed, absent any showing of bad faith, prejudice to creditors or fraud, where case was never closed, but rather dismissed based on debtor's failure to obtain prepetition credit counseling.").

15.     11 U.S.C. § 350 provides that a bankruptcy case is considered "closed" only once the estate is fully administered and the court has entered a final decree.[11] The BlockFi estates have not been fully administered, and this Court has not entered a final decree.  As such, the BlockFi cases remain open, and the Wind-Down Debtors are free to amend their Schedules as a matter of course pursuant to Bankruptcy Rule 1009.

16.     The Wind-Down Debtors file this Motion out of an abundance of caution, to apprise the Court of the amendment and cause therefore, and ensure the Plan Administrator's authority to correct the error without interrupting the claims reconciliation and distribution processes under the Plan.  Specifically, by this Motion, the Wind-Down Debtors request that this Court clarify that the Bar Date Order does not require the establishment of a Supplemental Bar Date in respect of the requested relief.  In other words, the Wind-Down Debtors request that the Court not permit creditors, none of whom the Wind-Down Debtors respectfully submit are materially "affected" by the proposed amendments within the intended meaning of paragraph 5 of the Bar Date Order, to file new or amended Proofs of Claim at this time.

17.     The relief requested will result in a small group of creditors (the BPCs) receiving slightly increased recoveries under the Plan as a result of a corrected interest calculation.  As their recoveries are being increased, this adjustment should not give cause to interrupt the claims reconciliation process through the establishment of a Supplemental Bar Date.

---

[11] 11 U.S.C. § 350(a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."); *In re Raggie*, 389 B.R. 309, 312 (Bankr. E.D.N.Y. 2008) (finding that a case is "closed" only "after the estate is fully administered.") (citing 11 U.S.C. § 350(a); *Critical Care Support Servs., Inc. v. United States (In re Critical Care Support Servs.)*, 236 B.R. 137, 140 (E.D.N.Y.1999)); *Matter of Gershenbaum*, 598 F.2d 779, 782 (3d Cir. 1979) ("Whenever it appears that an estate has been administered and the court has passed upon the final account and discharged the trustee, the case shall be closed.").

18. Likewise, the amendments are anticipated to result in a difference in recoveries for non-BPC creditors of materially less than 1% against otherwise anticipated recoveries. As such, non-BPC creditors are not materially "affected" by the amendments.

19. For the avoidance of doubt: to the extent any creditors (including the BPCs) are affected by the relief requested, permitting the filing of new Proofs of Claim by any party would not be justified as no creditors are materially negatively affected, and the cost of reopening the claims and reconciliation process could dwarf the intended benefits of such relief.

20. The relief requested in this Motion is intended to rectify an error on the part of the Debtors which, if left uncorrected, would unfairly prejudice approximately 120 of BlockFi's hundreds of thousands of creditors. Customers are not otherwise and generally materially affected by the relief requested. The Motion should be granted.

## RESERVATION OF RIGHTS

21. The Wind-Down Debtors reserve the right, without any limitation thereto, to file additional objections to claims to the extent they are not disallowed and expunged. Separate notice and hearing will be provided and scheduled for any such objection.

22. The Wind-Down Debtors reiterate and reserve the right to amend the Schedules and statements from time-to-time as may be necessary or appropriate.

## **NOTICE**

23. Notice of this Motion has been given to (a) the U.S. Trustee; (b) each of the claimants whose claims are listed on the Accrued Interest Schedules attached to **Exhibit A**; (c) all other parties that have requested notice as of the date of this Motion pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Wind-Down Debtors submit that no further notice is necessary or required.

WHEREFORE, the Wind-Down Debtor respectfully requests that the Court enter an order pursuant to the Proposed Order hereunder (a) granting this Motion and allowing the Wind-Down Debtors to file schedule amendments reflecting the amounts indicated in the Accrued Interest Schedules attached to **Exhibit A**; and (b) granting such other and further relief as the Court deems proper and just.

[Remainder of page intentionally left blank.]

                                                Respectfully Submitted,

Dated: March 1, 2024　　　　　　　　　　　　　/s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

# **EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** ||
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date:  March 27, 2024, 10:00 a.m.**<br>**Response Deadline: March 20, 2024** |

---

[1]  The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]  On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

**PROPOSED ORDER GRANTING THE DEBTORS' MOTION
TO AMEND SCHEDULES OF ASSETS AND LIABILITIES**

The relief set forth is hereby **ORDERED**.

Upon consideration of the *Debtors' Motion to Amend Schedules of Assets and Liabilities* (the "Motion"),[3] pursuant to Bankruptcy Rule 1009(a) and Local Rule 1009-1; and notice of the Motion having been given to, among other parties, the Office of the United States Trustee, each of the parties listed on **Exhibit A** attached to the Motion, and all other parties requesting notice pursuant to Bankruptcy Rule 2002; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Court hereby authorizes and approves the additions to the Schedules BlockFi International and BlockFi Lending substantially as reflected in the Accrued Interest Schedules attached to this Order as Schedules 1, and 2, which may be filed in redacted form consistent with the Court's prior order at Docket No. 1757.

3. The Wind-Down Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order, including without limitation by submitting amended schedules otherwise conforming to applicable Local Rules and prior Orders of this Court with respect to redaction of personally identifiable information.

4. Notwithstanding any provision of the General Bar Date Order, the relief granted herein shall not, and shall not be construed to, establish a Supplemental Bar Date, reopen or extend any previous bar date in these Chapter 11 Cases, or otherwise authorize the filing of any

---

[3] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

2

new Proof of Claim previously barred by any order of this Court or by operation of the Bankruptcy Code, Bankruptcy Rules, or the Local Rules. For the avoidance of doubt, no party shall be permitted to file a Claim or amend their Claim as a result or in respect of this Order.

5. This Order is without prejudice to the Wind-Down Debtors' right to further amend the Debtors' Schedules.

6. The requirement pursuant to Local Rule 9013-1 for the Debtors to file a memorandum of law in support of the Motion is hereby waived.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

65281712 v4

## Schedule 1

## BlockFi International

| Creditor Name | Accrued Interest |
|---|---|
| Redacted | $ 4,520.55 |
| Redacted | $ 1,406.87 |
| Redacted | $ 233,043.01 |
| Redacted | $ 1,652.20 |
| Redacted | $ 1,634.50 |
| Redacted | $ 62,865.82 |
| Redacted | $ 4,004.38 |
| Redacted | $ 11,673.95 |
| Redacted | $ 13,276.88 |
| Redacted | $ 8,938.35 |
| Redacted | $ 1,031.40 |
| Redacted | $ 7,057.53 |
| Redacted | $ 18,814.27 |
| Redacted | $ 19,795.88 |
| Redacted | $ 44,663.01 |
| Redacted | $ 5,873.29 |
| Redacted | $ 1,700.67 |
| Redacted | $ 39,920.76 |

## Schedule 2

## BlockFi Lending

| Creditor Name | Accrued Interest |
|---|---|
| Redacted | $3,780.82 |
| Redacted | $2,154.40 |
| Redacted | $2,640.53 |
| Redacted | $2,024.68 |
| Redacted | $3,756.31 |
| Redacted | $2,704.00 |
| Redacted | $138,530.53 |
| Redacted | $42,851.00 |
| Redacted | $96,156.98 |
| Redacted | $11,187.67 |
| Redacted | $52,445.71 |
| Redacted | $7,232.82 |
| Redacted | $432,964.11 |
| Redacted | $35,118.39 |
| Redacted | $5,449.45 |
| Redacted | $524.85 |
| Redacted | $2,723.72 |
| Redacted | $29,999.90 |
| Redacted | $5,253.58 |
| Redacted | $26,040.19 |
| Redacted | $3,663.07 |
| Redacted | $5,544.95 |
| Redacted | $4,142.46 |
| Redacted | $4,520.55 |

| Redacted | $3,615.07 |
|---|---|
| Redacted | $16,579.45 |
| Redacted | $3,640.00 |
| Redacted | $3,590.14 |
| Redacted | $2,846.66 |
| Redacted | $22,582.47 |
| Redacted | $12,357.27 |
| Redacted | $13,464.29 |
| Redacted | $6,143.86 |
| Redacted | $27,439.70 |
| Redacted | $9,402.74 |
| Redacted | $5,115.12 |
| Redacted | $12,311.61 |
| Redacted | $87,404.10 |
| Redacted | $6,645.99 |
| Redacted | $34,093.15 |
| Redacted | $17,808.22 |
| Redacted | $15,528.77 |
| Redacted | $21,962.33 |
| Redacted | $8,191.78 |
| Redacted | $15,890.41 |
| Redacted | $8,013.70 |
| Redacted | $9,683.01 |
| Redacted | $17,605.48 |
| Redacted | $21,191.78 |
| Redacted | $3,843.83 |
| Redacted | $5,750.00 |
| Redacted | $1,609.64 |
| Redacted | $2,635.37 |

| Redacted | $2,836.65 |
| --- | --- |
| Redacted | $1,863.01 |
| Redacted | $2,772.60 |
| Redacted | $8,427.27 |
| Redacted | $2,311.64 |
| Redacted | $4,455.54 |
| Redacted | $20,502.38 |
| Redacted | $9,774.66 |
| Redacted | $5,142.20 |
| Redacted | $12,986.30 |
| Redacted | $3,507.66 |
| Redacted | $15,806.81 |
| Redacted | $3,375.34 |
| Redacted | $4,158.90 |
| Redacted | $16,060.00 |
| Redacted | $12,320.00 |
| Redacted | $11,191.78 |
| Redacted | $11,366.09 |
| Redacted | $15,008.22 |
| Redacted | $7,972.60 |
| Redacted | $14,767.12 |
| Redacted | $2,205.52 |
| Redacted | $9,406.85 |
| Redacted | $17,917.81 |
| Redacted | $10,142.05 |
| Redacted | $3,193.15 |
| Redacted | $1,370.65 |
| Redacted | $1,183.56 |
| Redacted | $65,068.46 |

| | |
|---|---|
| Redacted | $391.28 |
| Redacted | $22,495.89 |
| Redacted | $2,845.95 |
| Redacted | $84,777.38 |
| Redacted | $942.01 |
| Redacted | $7,883.44 |
| Redacted | $9,812.58 |
| Redacted | $7,713.92 |
| Redacted | $3,151.07 |
| Redacted | $1,760.53 |
| Redacted | $6,520.55 |
| Redacted | $3,019.18 |
| Redacted | $1,409.95 |
| Redacted | $5,394.45 |
| Redacted | $87,972.59 |
| Redacted | $2,386.85 |
| Redacted | $7,482.88 |
| Redacted | $15,726.03 |
| Redacted | $2,261.91 |
| Redacted | $2,814.69 |
| Redacted | $8,422.93 |
| Redacted | $7,232.88 |
| Redacted | $12,734.87 |