| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **GENOVA BURNS LLC.**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Susan S. Long, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 230-2095<br>Fax: (973) 533-1112<br>Email: DStolz@genovaburns.com<br>         DClarke@genovaburns.com<br>         SLong@genovaburns.com | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>                                  Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>*Jointly Administered under a Confirmed Plan*[2] |
| MOHSIN MEGHJI, solely in his capacity as PLAN ADMINISTRATOR for the Jointly Administered Estates of the WIND DOWN DEBTORS, BLOCKFI, INC. ET AL.<br><br>                                  Plaintiff,<br>v.<br><br>QED CAPITAL LLC and SHERRY WITTER,<br><br>                                  Defendants. | Chapter 11<br><br>Adversary Pro. No.: |

## COMPLAINT AGAINST QED CAPITAL LLC and SHERRY WITTER

Mohsin Meghji, solely in his capacity as Plan Administrator for the jointly administered estates of the Wind Down Debtors, BlockFi, Inc., et al. (collectively the "Wind-Down Debtors" or the "Plaintiff"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and as

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications). [Docket No. 1609]

Plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), brings this Complaint against the Defendants QED Capital LLC (individually "QED") and Sherry Witter (individually "Witter"). In support, the Plaintiff Wind-Down Debtors alleges as follows:

## THE PARTIES

1. Plaintiff commenced these Chapter 11 cases on November 28, 2022, of which BlockFi Lending LLC is a Debtor. An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. No trustee has been appointed in the cases and the Debtors continue to operate as debtors-in-possession pursuant to the 11 U.S.C. §§ 1107(a) and 1108.

2. Defendant QED is a Delaware Limited Liability Company having its principal place of business at 135 East 57th Street, 23rd Floor, New York, New York 10022.

3. Defendant Witter is an individual and resides at 370 Park Avenue, Number 105, New York, New York 10022.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

5. The Wind-Down Debtors bring this Adversary Proceeding pursuant to 11 U.S.C. § 541, F.R.B.P. § 7001, and the powers conveyed to the Wind-Down Trustee under the confirmed Plan of Reorganization.

6. This Adversary Proceeding is a core proceeding, as that term is defined in 28 U.S.C. § 157(b)(2)(A).

7. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## FACTUAL BACKGROUND

8. In its ordinary course of business, borrowers sought to initiate transactions in which BlockFi Lending LLC ("BlockFi"), in its sole and absolute discretion, entered into transactions lending digital currency, dollars ("USD"), or alternative currency pursuant to terms and conditions in an agreement to return such digital currency, dollars, or alternative currency to BlockFi upon termination of the loan.

9. On or about January 5, 2021, BlockFi and QED entered into a Master Digital Currency Loan Agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "MDCLA"). The MDCLA was executed by Witter on behalf of QED as the managing member. The executed MDCLA is attached as *Exhibit A*.

10. On or about January 5, 2021, Witter personally guaranteed the MDCLA between BlockFi and QED. The executed Personal Guaranty ("Guaranty") is attached as *Exhibit B*.

11. QED borrowed $2 million USD on or about November 15, 2021, at an initial interest rate of 11% ("Loan 1"). Loan 1 had an expiration date of November 8, 2022. The term sheet is attached as *Exhibit C*.

12. On or about October 17, 2022, BlockFi extended new loan terms on Loan 1. The new terms extended the expiration date to November 8, 2023, at the new interest rate of 13.5%. The term sheet is attached as *Exhibit D*.

13. QED borrowed $3 million USD on or about January 27, 2022, with an initial interest rate of 12% ("Loan 2"). Loan 2 had an expiration date of January 27, 2023. The term sheet is attached as *Exhibit E*.

14. On or about January 27, 2023, BlockFi extended new loan terms on Loan 2. The new terms extended the expiration date to January 27, 2024, at the new interest rate of 13.5%. The

term sheet is attached as *Exhibit F*.

15. In November 2023, QED defaulted on the MDCLA by failing to make the interest payments on Loans 1 and 2.

16. Pursuant to Sections IX(a) and X(a) of the MDCLA, on or about November 7, 2023, BlockFi forwarded the Notice of Events of Default and Acceleration ("Default Notice") to QED as the Borrower and Witter as the Guarantor. This Default Notice is attached as *Exhibit G*.

17. Despite demand, QED failed to remit the balances owed on Loans 1 and 2.

18. The applicable Default Rate is set forth in Section III(b) and (c) of the MDCLA. See *Exhibit A*.

19. As a result of the foregoing, Plaintiff Wind-Down Debtors brings this action against Defendants QED and Witter for breach of contract, enforcement of the guaranty, and for attorneys' fees and costs related to the prosecution of this action.

## CAUSES OF ACTION

### COUNT ONE
### Breach of Contract

20. Plaintiff Wind-Down Debtors restates and realleges all foregoing allegations as if fully set forth herein and incorporates them herein by reference.

21. BlockFi and Defendant QED entered into the MDCLA whereby Plaintiff extended two loans to QED, Loans 1 and 2, for a total amount of $5 million USD.

22. Pursuant to the terms referenced in Paragraph 11, Loan 1 was to be repaid in full on November 8, 2023, in the amount of $2 million USD.

23. Pursuant to the terms referenced in Paragraph 12, Loan 2 was to be repaid in full on January 27, 2024, in the amount of $3 million USD.

24. Defendant QED materially breached the contract by failing to make payment as required under the loan agreement.

25. BlockFi complied with any and all obligations required under the MDCLA.

26. Due to the foregoing, BlockFi suffered damages as a direct and foreseeable result of QED's breach and did not receive the benefit of the consideration in the MDCLA.

27. Plaintiff therefore seeks judgment in its favor and against Defendant QED in the amount of $2,195,916.67 USD as to Loan 1 and $3,293,875.00 USD as to Loan 2, for a total amount of $5,489,791.67 USD. This amount is comprised of principal, interest, and default interest, the calculation of which is set forth in *Exhibit H*.

## COUNT TWO
### Enforcement of Guaranty Against Sherry Witter

28. Plaintiff Wind-Down Debtors restates and realleges all foregoing allegations as if fully set forth herein and incorporates them herein by reference.

29. Pursuant to the Guaranty, Witter personally guaranteed the obligations of QED as set forth in the MDCLA.

30. Pursuant to Sections 2 and 3 of the Guaranty, Witter's guaranty is irrevocable, absolute, and unconditional, and remains in full force and effect.

31. Plaintiff therefore seeks judgment in its favor and against Defendant QED in the amount of $2,195,916.67 USD as to Loan 1 and $3,293,875.00 USD as to Loan 2, for a total amount of $5,489,791.67 USD. This amount is comprised of principal, interest, and default interest, the calculation of which is set forth in *Exhibit H*.

## COUNT THREE
### Attorney's Fees and Costs

32. Plaintiff Wind-Down Debtors restates and realleges all foregoing allegations as if fully set forth herein and incorporates them herein by reference.

33. Defendants' breach forced Plaintiff to retain the undersigned legal counsel to prosecute this action.

34. Section XII of the MDCLA and Section 12 of the Guaranty entitle Plaintiff to recover its reasonable attorneys' fees, expenses, and costs incurred in connection with the filing and prosecution of the claims outlined in this Complaint against Defendants QED and Witter.

35. Plaintiff therefore seeks judgment in its favor and against Defendants QED and Witter in the amount to be determined by the Court.

## RESERVATION OF RIGHTS

33. Plaintiff Wind-Down Debtors reserves all rights and remedies available with respect to its interests and rights under the MDCLA and Guaranty and under applicable law. Plaintiff further reserves the right to amend this Complaint to add or remove parties and causes of action to the extent necessary and in light of the information that becomes available, in accordance with the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the local rules of this Court, or other applicable law. The filing of this Complaint does not constitute a waiver of any rights or claims available to the Plaintiff.

## REQUEST FOR RELIEF

34. **WHEREFORE**, Plaintiff Wind-Down Debtors respectfully requests this Court grant it the following relief in its favor against Defendants QED and Witter:

    i. Entry of an order in its favor and against Defendants QED and Witter in the amount of $5,489,791.67 USD.

      ii.      All reasonable and necessary attorneys' fees, expenses, and costs, including court costs and attorney's fees for all post-verdict proceedings and appeals; and

      iii.      All other such relief to which Plaintiff may be entitled.

Respectfully Submitted,

Date: March 6, 2024

*/s/DANIEL M. STOLZ*
DANIEL M. STOLZ
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan S. Long, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com
SLong@genovaburns.com