# EXHIBIT B

## PERSONAL GUARANTY

This **PERSONAL GUARANTY**, dated as of December __, 2020 (this "*Guaranty*"), is made by Sherry Witter, an individual with a principal address at 370 Park Avenue, No. 105, New York, NY 10022 (the "*Guarantor*"), in favor of BlockFi Lending LLC ("*Lender*"), pursuant to the Loan Agreement referred to below.

### W I T N E S S E T H:

WHEREAS, QED Capital LLC, a Delaware limited liability company ("*Borrower*"), and Lender are parties to a Loan and Security Agreement, dated as of December __, 2020 (such agreement, as amended, restated or otherwise modified from time to time, being hereinafter referred to as the "*Loan Agreement*");

WHEREAS, pursuant to the Loan Agreement, Lender has agreed to make a term loan (the "*Advance*") to Borrower;

WHEREAS, the Lender desires the Guarantor to execute and deliver to Lender a guaranty guaranteeing the Advance and all other Obligations under the Loan Agreement; and

WHEREAS, the Guarantor has determined that the execution, delivery and performance of this Guaranty directly benefits, and is in the best interests of, the Guarantor;

NOW, THEREFORE, in consideration of the premises and the agreements herein and in order to induce Lender to enter into the Loan Agreement and to make the Advance pursuant thereto, the Guarantor hereby agrees with Lender as follows:

SECTION 1.    Definitions. Reference is hereby made to the Loan Agreement for a statement of the terms thereof. All terms used in this Guaranty which are defined in the Loan Agreement and not otherwise defined herein shall have the same meanings herein as set forth therein.

SECTION 2.    Guaranty. (a) The Guarantor hereby (i) irrevocably, absolutely and unconditionally guarantees the prompt payment by Borrower, as and when due and payable (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise), of all obligations from time to time owing in respect of the Loan Agreement or any other Loan Document (including, for the avoidance of doubt, repayment of the Loan, fees and indemnification as set forth in the Loan Documents, and all other obligations that may arise), and the due performance and observance by Borrower of its other obligations now or hereafter existing in respect of the Loan Documents (the "*Guaranteed Obligations*"), and (ii) agrees to pay any and all expenses (including counsel fees and expenses) incurred by Lender in enforcing any rights under this Guaranty."). Without limiting the generality of the foregoing, the Guarantor's liability shall extend to all amounts that constitute part of the Guaranteed Obligations and would be owed by Borrower to Lender under any Loan Document but for the fact that they are unenforceable or not allowable due to the existence of a bankruptcy, reorganization or similar proceeding involving Borrower.

(b)     Nothing contained herein shall limit or otherwise restrict (i) Lender's rights and remedies against any of the Collateral under any other Loan Document, either at law or equity, including, without limitation, any rights or remedies with respect to the distributions attributable to the Guarantor's interest in Borrower, (ii) Lender from bringing any action, suit or proceeding for specific performance against the Guarantor to perform any obligation imposed on the Guarantor hereunder, (iii) Lender's recourse to or liability of the Guarantor for any fraud committed by the Guarantor or material misrepresentation by the Guarantor in any Loan Document to which the Guarantor is a party, or (iv) the obligations of the Guarantor under any Loan Document which obligations are either directly in favor of Lender or have been assigned to Lender, each of which may be enforced by and for the benefit of Lender.

SECTION 3.    Guaranty Absolute; Continuing Guaranty; Assignments.

(a)     The Guarantor hereby guarantees that the Guaranteed Obligations will be paid strictly in accordance with the terms of the Loan Documents, regardless of any law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of Lender with respect thereto. The Guarantor agrees that this guarantee constitutes a guaranty of payment when due and not of collection and waives any right to require that any resort be made by Lender to any Collateral. The obligations of the Guarantor under this Guaranty are independent of the obligations under the Loan Agreement and the other Loan Documents, and a separate action or actions may be brought and prosecuted against the Guarantor to enforce this Guaranty, irrespective of whether any action is brought against Borrower or whether Borrower or any other guarantor is joined in any such action or actions. The liability of the Guarantor under this Guaranty shall be irrevocable, absolute and unconditional irrespective of, and the Guarantor hereby irrevocably waives any defenses it may now or hereafter have in any way relating to, any or all of the following:

(i)     any lack of validity or enforceability of any Loan Document or any agreement or instrument relating thereto;

(ii)     any change in the time, manner or place of payment of, or in any other term in respect of, all or any of the Guaranteed Obligations, or any other amendment or waiver of or any consent to departure from any Loan Document, including, without limitation, any increase in the Guaranteed Obligations resulting from the extension of additional credit to Borrower or otherwise;

(iii)     any taking, exchange, release or non-perfection of any Collateral, or any taking, release or amendment or waiver of or consent to departure from any other guaranty, for all or any of the Guaranteed Obligations;

(iv)     the existence of any claim, set-off, defense (other than the defense of payment) or other right that the Guarantor may have against any Person, including, without limitation, Lender;

(v)     any change, restructuring or termination of the structure or existence of Borrower; or

(vi)     any other circumstance (including any statute of limitations) or any existence of or reliance on any representation by Lender that might otherwise constitute a defense available to, or a discharge of, Borrower or any other guarantor or surety.

(b) This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Guaranteed Obligations is rescinded or must otherwise be returned by Lender or any other Person upon the insolvency, bankruptcy or reorganization of Borrower or otherwise, all as though such payment had not been made.

(c)     This Guaranty is a continuing guaranty and shall (i) remain in full force and effect until the cash payment in full of the Guaranteed Obligations and all other amounts payable under this Guaranty have been paid, (ii) be binding upon the Guarantor, its heirs, executors, administrators, legal representatives, successors and assigns and (iii) inure to the benefit of and be enforceable by Lender and its successors, pledgees, transferees and assigns. Without limiting the generality of the foregoing clause (iii), subject to the terms of the Loan Agreement, Lender may pledge, assign or otherwise transfer all or any portion of its rights and obligations under any Loan Document to any other Person, and such other Person shall thereupon become vested with all the benefits in respect thereof granted to Lender herein or otherwise, in each case as provided in the Loan Agreement.

SECTION 4.    Waivers. The Guarantor hereby waives, to the full extent permitted by applicable law, (i) promptness and diligence; (ii) notice of acceptance and notice of the incurrence of any Obligation by Borrower; (iii) notice of any actions taken by Lender or Borrower under any Loan Document or any other agreement or instrument related thereto; (iv) all other notices, demands and protests, and all other formalities of every kind in connection with the enforcement of the Obligations or of the obligations of the Guarantor hereunder, the omission of or delay in which, but for the provisions of this *Section 4*, might constitute grounds for relieving the Guarantor of his obligations hereunder; (v) any right to compel or direct Lender to seek payment or recovery of any amounts owed under this Guaranty from any one particular fund or source; (vi) any requirement that Lender protect, secure, perfect or insure any security interest or Lien or any property subject thereto or exhaust any right or take any action against the Borrower, any other guarantor or any other Person or any Collateral; and (vii) any other defense available to the Guarantor. The Guarantor acknowledges that it will receive direct and indirect benefits from the financing arrangements contemplated herein and that the waiver set forth in this *Section 4* is knowingly made in contemplation of such benefits. The Guarantor hereby waives any right to revoke this Guaranty, and acknowledges that this Guaranty is continuing in nature and applies to all Guaranteed Obligations, whether existing now or in the future.

SECTION 5.    Subrogation. (a) Until the final payment in cash and performance in full of all of the Guaranteed Obligations, the Guarantor shall not exercise any rights against the Borrower, or any other guarantor arising as a result of payment by Borrower, or such guarantor hereunder, by way of subrogation, reimbursement, restitution, contribution or otherwise, and will not prove any claim in competition with Lender in respect of any payment hereunder in any proceeding under any Debtor Relief Laws; the Guarantor will not claim any set-off, recoupment or counterclaim against the Borrower, or any other guarantor in respect of any liability of the Guarantor to the Borrower, or such other guarantor; and the Guarantor, the Borrower, and each

other guarantor waives any benefit of and any right to participate in any collateral security which may be held by Lender.

(b)     The payment of any amounts due with respect to any indebtedness of the Borrower, or any other guarantor for money borrowed or credit received now or hereafter owed to the Guarantor is hereby subordinated to the prior payment in full of all of the Obligations.  The Guarantor agrees that, after the occurrence of any Event of Default or any event that with notice or the passage of time, or both, would constitute an Event of Default, in the payment or performance of any of the Obligations, the Guarantor will not demand, sue for or otherwise attempt to collect any such indebtedness of the Borrower, or any other guarantor until all of the Obligations shall have been paid in full.  If, notwithstanding the foregoing sentence, the Guarantor shall collect, enforce or receive any amounts in respect of such indebtedness while any Obligations are still outstanding, such amounts shall be collected, enforced and received by the Guarantor as trustee for Lender and be paid over to Lender on account of the Obligations without affecting in any manner the liability of the Guarantor under the other provisions of this Guaranty.

SECTION 6.    Representations, Warranties.  The Guarantor hereby represents and warrants as follows:

(a)     The Guarantor has the legal capacity and right to execute, deliver and perform this Guaranty and each other Loan Document to which the Guarantor is a party.

(b)     The execution, delivery and performance by the Guarantor of this Guaranty and each other Loan Document to which the Guarantor is a party (i) do not and will not contravene any Law (including, but not limited to, the Securities Act of 1933 and the Securities Exchange Act of 1934 and the regulations thereunder) or writ, judgment, injunction, determination or award or any contractual restriction binding on or otherwise affecting the Guarantor or his properties, (ii) do not and will not result in or require the creation of any Lien (other than pursuant to any Loan Document) upon or with respect to any of its properties, and (iii) do not and will not result in any default, noncompliance, suspension, revocation, impairment, forfeiture or nonrenewal of any permit, license, authorization or approval applicable to any of his properties.

(c)     No authorization or approval or other action by, and no notice to or filing with, any Governmental Authority is required in connection with the due execution, delivery and performance by the Guarantor of this Guaranty or any of the other Loan Documents to which the Guarantor is a party.

(d)     Each of this Guaranty and the other Loan Documents to which the Guarantor is or will be a party, when delivered, will be, a legal, valid and binding obligation of the Guarantor, enforceable against the Guarantor in accordance with its terms, except as may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws.

(e)     There are no pending or written notices threatening any action, suit or proceeding affecting the Guarantor before any court or other Governmental Authority or any arbitrator that (x) if adversely determined could reasonably be expected to have a material adverse effect on the Guarantor's ability to perform its obligations under this Agreement or (y) relates to

this Guaranty or any of the other Loan Documents to which the Guarantor is a party or any transaction contemplated hereby or thereby.

(f)     The Guarantor is not in violation of any requirements of Law, any orders, writs, injunctions and decrees or any material term of any agreement or instrument (including, without limitation, any contract) binding on or otherwise affecting him or any of his properties.

(g)     The Guarantor is not a party to any agreement or instrument, or subject to any restriction or any judgment, order, regulation, ruling or other requirement of a court or other Governmental Authority, which has, or in the future could have, a material adverse effect to on the Guarantor's ability to perform its obligations under this Agreement.

(h)     No tax Lien has been filed with respect to any material tax liability against the Guarantor, and, to the knowledge of the Guarantor, no material tax assessment is pending against the Guarantor.

(i)     The Guarantor (i) has read and understands the terms and conditions of the Loan Agreement and the other Loan Documents, and (ii) now has and will continue to have independent means of obtaining information concerning the affairs, financial condition and business of the Borrower, and has no need of, or right to obtain from Lender, any credit or other information concerning the affairs, financial condition or business of the Borrower.

(j)     The Guarantor's assets minus the Guarantor's liabilities, including any contingent liabilities ("**Net Worth**") exceeds [___] ("**Minimum Net Worth**").

(k)     All representations and warranties set forth in this Guaranty are true and correct in all respects at the time as of which such representations were made and on the Closing Date.

SECTION 7.    Covenants.    The Guarantor hereby covenants and agrees that, until full and final payment of the Guarantied Obligations in cash and the termination of Lender's commitment to make any loan pursuant to the Loan Agreement, the Guarantor will:

(a)     Not accept or retain any distribution or other payment from the Borrower if the making of such distribution or other payment by the Borrower violates, or may reasonably be expected to result in a violation of, the Loan Agreement or any other Loan Document.

(b)     Comply in all material respects with all requirements of all Laws and all orders, writs, injunctions and decrees applicable to its business or property (including any settlement of any claim that, if breached, could give rise to any of the foregoing).

(c)     At all times, the Guarantor's Net Worth shall exceed the Minimum Net Worth.

(d)     Promptly notify Lender of the occurrence of any event or development that could have a material adverse effect on the ability of the Guarantor to fulfill its obligations hereunder; *provided* that each notice pursuant to this clause (d) shall be accompanied by a written

statement of the Guarantor, setting forth details of the occurrence referred to therein, and stating what actions the Guarantor proposes to take with respect thereto and at what time.

(e)     On the Closing Date, deliver to Lender, a personal financial statement or account certification of the Guarantor in form and substance reasonably acceptable to Lender, certified to be true and accurate by an independent public accountant, or other proof that Guarantor's Net Worth exceeds the Minimum Net Worth as of the Closing Date, in form and substance reasonably acceptable to Lender.

(f)     Promptly notify Lender of the occurrence of any event or development that has the effect of reducing Guarantor's Net Worth to below [____].

(g)     Execute and deliver to Lender such further instruments and do such other further actions as Lender may reasonably request to carry out more effectively the purposes of this Guaranty, the other Loan Documents and any agreements and instruments referred to herein.

(h)     Not reduce its direct or indirect ownership interest in Borrower.

SECTION 8.    Right of Set-off.  Upon the occurrence and during the continuance of any Event of Default, Lender may, and is hereby authorized to, at any time and from time to time, without notice to the Guarantor (any such notice being expressly waived by the Guarantor) and to the fullest extent permitted by law, set-off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other indebtedness at any time owing by Lender to or for the credit or the account of the Guarantor against any and all obligations of the Guarantor either now or hereafter existing under this Guaranty or any other Loan Document, irrespective of whether or not Lender shall have made any demand under this Guaranty or any other Loan Document and although such obligations may be contingent or unmatured.  Lender agrees to notify the Guarantor promptly after any such set-off and application made by Lender, provided that the failure to give such notice shall not affect the validity of such set-off and application.  The rights of Lender under this *Section 8* are in addition to other rights and remedies (including, without limitation, other rights of set-off) which Lender may have under this Guaranty or any other Loan Document in law or otherwise.

SECTION 9.    Notices, Etc.  All notices and other communications provided for hereunder shall be in writing. All such notices and other communications shall be effective (i) if mailed (certified mail, postage prepaid and return receipt requested), to the address set forth on the signature page hereto (or for the Lender at the address set forth in the Loan Agreement), when received or 3 days after deposited in the mails, whichever occurs first, (ii) if emailed or telecopied when transmitted, or (iii) if delivered by hand, Federal Express or other reputable overnight courier, upon delivery.

SECTION 10.    CONSENT TO JURISDICTION; SERVICE OF PROCESS AND VENUE.  GUARANTOR IRREVOCABLY AND UNCONDITIONALLY SUBMITS, FOR ITSELF AND ITS PROPERTY, TO THE EXCLUSIVE JURISDICTION (OR NON-EXCLUSIVE JURISDICTION, ONLY IN THE CASE THAT LENDER IS NOT OTHERWISE ABLE TO FORECLOSE ON THE COLLATERAL IN THE EXCLUSIVE JURISDICTION) OF THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK,

AND ALL APPROPRIATE APPELLATE COURTS OR, IF JURISDICTION IN SUCH COURT IS LACKING, ANY NEW YORK STATE COURT OF COMPETENT JURISDICTION SITTING IN NEW YORK (AND ALL APPROPRIATE APPELLATE COURTS), IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY, OR FOR RECOGNITION OR ENFORCEMENT OF ANY JUDGMENT, AND GUARANTOR IRREVOCABLY AND UNCONDITIONALLY AGREES THAT ALL CLAIMS IN RESPECT OF ANY SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH NEW YORK STATE COURT OR, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, IN SUCH FEDERAL COURT. GUARANTOR AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.  GUARANTOR IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN THE MANNER PROVIDED FOR NOTICES IN **SECTION 9**. NOTHING IN THIS GUARANTY WILL AFFECT THE RIGHT OF LENDER TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW. THE GUARANTOR HEREBY IRREVOCABLY CONSENTS TO THE SERVICE OF PROCESS OUT OF ANY OF THE AFOREMENTIONED COURTS AND IN ANY SUCH ACTION OR PROCEEDING BY THE MAILING OF COPIES THEREOF BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, CARE OF THE BORROWER AT ITS ADDRESS FOR NOTICES AS SET FORTH IN THE LOAN AGREEMENT, SUCH SERVICE TO BECOME EFFECTIVE TEN (10) DAYS AFTER SUCH MAILING.  GUARANTOR IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY OBJECTION THAT HE MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY IN ANY COURT REFERRED TO IN THIS **SECTION 10**. GUARANTOR HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR PROCEEDING IN ANY SUCH COURT.

SECTION 11. <u>WAIVER OF JURY TRIAL, ETC</u>.    GUARANTOR IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT HE MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS GUARANTY OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). GUARANTOR (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THE LOAN AGREEMENT AND THE OTHER LOAN DOCUMENTS.

SECTION 12.  <u>Indemnification</u>. Without limitation on any other obligations of Guarantor or remedies of Lender under this Guaranty, Guarantor shall, to the fullest extent permitted by law, indemnify, defend and save and hold harmless Lender from and against, and shall pay on demand, any and all damages, losses, liabilities and expenses (including attorneys'

fees and out-of-pocket expenses) that may be suffered or incurred by Lender in connection with or as a result of any failure of any Guaranteed Obligations to be the legal, valid and binding obligations of Borrower enforceable against Borrower in accordance with their respective terms (other than as a result of Lender's gross negligence or willful misconduct as finally determined by a court of competent jurisdiction). The obligations of Guarantor under this paragraph shall survive the payment in full of the Guaranteed Obligations and termination of this Guaranty.

SECTION 13.  Miscellaneous.

(a)    The Guarantor will make each payment hereunder in lawful money of the United States of America or in the cryptocurrency of the Borrowed Amounts, as applicable, and in immediately available funds to the Lender at such address specified by Lender from time to time by notice to the Guarantor.

(b)    No amendment of any provision of this Guaranty shall be effective unless it is in writing and signed by the Guarantor and Lender, and no waiver of any provision of this Guaranty, and no consent to any departure by the Guarantor therefrom, shall in any event be effective unless the same shall be in writing and signed by the Guarantor and Lender, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

(c)    No failure on the part of Lender to exercise, and no delay in exercising, any right hereunder or under any other Loan Document shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder or under any other Loan Document preclude any other or further exercise thereof or the exercise of any other right. The rights and remedies of Lender provided herein and in the other Loan Documents are cumulative and are in addition to, and not exclusive of, any rights or remedies provided by law. The rights of Lender under any Loan Document against any party thereto are not conditional or contingent on any attempt by Lender to exercise any of its rights under any other Loan Document against such party or against any other Person.

(d)    Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or thereof or affecting the validity or enforceability of such provision in any other jurisdiction.

(e)    The Guarantor acknowledges that, in executing this Guaranty, he has read and understood all of the terms and provisions of this Guaranty. This Guaranty shall not be construed against any party by reason of the drafting or preparation hereof.

(f)    This Guaranty and the other Loan Documents reflect the entire understanding of the transactions contemplated hereby and thereby and shall not be contradicted or qualified by any other agreement, oral or written, before the date hereof.

(g)    Section headings herein are included for convenience of reference only and shall not constitute a part of this Guaranty for any other purpose.

      (h)     Delivery of an executed counterpart of this Guaranty by telefacsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Guaranty. Any party delivering an executed counterpart of this Guaranty by telefacsimile or electronic mail also shall deliver an original executed counterpart of this Guaranty but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Guaranty.

      (i)     This Guaranty and the other Loan Documents (unless expressly provided to the contrary in another Loan Document in respect of such other Loan Document) shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to its conflict of laws provisions other than Section 5-1401 of the New York General Obligations Law.

[signature page follows]





IN WITNESS WHEREOF, the Guarantor has executed this Guaranty as of the date first above written.

_____

SHERRY WITTER

Address:

370 Park Avenue, No 105, New York, NY 10022

STATE OF [ CT ]

COUNTY OF [ Fairfield ]  ss.:

On this __5__ day of [ January ], 2020, before me personally came [ Sherry Witter ], to me known to be the person who executed the foregoing instrument, and who, being duly sworn by me, did depose and say to me that he executed the foregoing instrument.

_____
Notary Public, State of
[_____]

Denis W. Patterson
Notary Public
Stamford, Connecticut
My commission expires 12/31/23

- 10 -