Jeffrey M. Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Ste. 124
Hackensack, NJ 07601
(646) 974-8650
jtraurig@trauriglaw.com
*Counsel for the Fee Examiner*

-and-

Elise S. Frejka
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800
*Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., et al.,[1]<br><br>Wind-Down Debtors. | Case No. 22-19361 (MBK)<br><br>Judge Michael B. Kaplan<br><br>Chapter 11<br><br>(Jointly Administered) |

**NOTICE OF THE FEE EXAMINER'S CONSOLIDATED**
**FINAL REPORT REGARDING FINAL FEE APPLICATIONS OF**
**(I) ELEMENTUS, INC. AND (II) MILLER NASH LLP**

**PLEASE TAKE NOTICE** that attached hereto is the *Fee Examiner's Consolidated Final Report Regarding Final Fee Applications of (I) Elementus, Inc. and (II) Miller Nash LLP*, submitted by Elise S. Frejka, the fee examiner in the above-captioned cases.

Date: March 18, 2024

/s/ Jeffrey Traurig
Jeffrey Traurig
TRAURIG LAW LLC
One University Plaza, Suite 124
Hackensack, NJ 07601
Tel: (646) 974-8650
E-mail: jtraurig@trauriglaw.com

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

Elise S. Frejka
*Fee Examiner*
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Wind-Down Debtors. | (Jointly Administered) |

**FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING FINAL FEE APPLICATIONS OF (I) ELEMENTUS, INC. AND (II) MILLER NASH LLP**

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submits this final report (the "Final Report") pursuant to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "Fee Examiner Order") [Dkt. No. 925] in connection with the final applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (each, a "Fee Application," and together, the "Fee Applications") of the following professionals retained by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors"): (I) Elementus, Inc. ("Elementus"), Blockchain Intelligence and Forensic Expert to the Committee [Dkt. No. 2153] and (II) Miller Nash LLP ("Miller Nash," and together

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, New York 10019.

with Elementus, the "Retained Professionals")), Special Local Washington Counsel to the Committee [Dkt. No. 2154].  The Fee Applications are final fee applications.  The Fee Applications seek approval of final compensation for the period from the Retained Professional's date of retention through October 2, 2023 on a final basis (the "Compensation Period").  Neither of the Retained Professionals subject to this Final Report seeks payment of fees and expenses not previously approved by this Court.

## Case Background

1. On November 28, 2022 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases.

3. On December 21, 2022, the United States Trustee for Region 3 (the "U.S. Trustee"), appointed an official committee of unsecured creditors (the "Committee") [Dkt. Nos. 130, 131].

4. On August 3, 2023, the Debtors filed their *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1309] (the "Plan") and their *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1310] (the "Disclosure Statement").

2

5.      On October 3, 2023, the Court entered the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Dkt. No. 1655].

6.      On October 24, 2023, the Debtors filed the *Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) and (II) Occurrence of the Effective Date* [Dkt. No. 1788].

## Fee Examiner Order

7.      On May 17, 2023, after recognizing the size and complexity of the Chapter 11 Cases, the Court entered the Fee Examiner Order to assist the Court in its determination of whether applications for compensation are compliant with the Bankruptcy Code, all applicable Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, at 28 C.F.R. Part 58, Appendix A, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, at 28 C.F.R. Part 58, Appendix B (together, the "UST Guidelines"), and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* entered on January 17, 2023 (the "Interim Compensation Order") [Dkt. No. 307].

8. Under paragraphs 5 and 10 of the Fee Examiner Order, the Fee Examiner was charged by the Court with, among other things: (a) reviewing the interim and final fee applications filed by each applicant in these Chapter 11 Cases, along with the fee detail related thereto; (b) reviewing any relevant documents filed in these Chapter 11 Cases to be generally familiar with these cases and the dockets; (c) within sixty (60) days after the filing of the first interim application (and forty-five (45) days for any subsequent fee application), serving an initial report on the applicant addressing whether the requested fees, disbursements and expenses are substantially in compliance with the applicable standards of sections 330 of the Bankruptcy Code and Local Rule 2016-1, and the U.S. Trustee Fee Guidelines; (d) engaging in written communication with each applicant, the objective of which is to resolve matters raised in the initial report and endeavor to reach consensual resolution with each applicant with respect to the applicant's requested fees and expenses; and (e) following communications between the Fee Examiner and the applicant, and the Fee Examiner's review of any supplemental information provided by such applicant in response to the initial report, conclude the information resolution period by filing with the Court a final report with respect to each application at least ten (10) days before the hearing date on the relevant application. The final report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each applicant are substantially in compliance with the applicable standards of sections 330 of the Bankruptcy Code and Local Rule 2016-1, and whether the applicant has made a reasonable effort to comply with the UST Guidelines. The final report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each applicant.

4

9. In accordance with the Fee Examiner Order, the Fee Examiner reviewed the Fee Applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and the UST Guidelines. In addition, the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent established by the District Court and Bankruptcy Court for the District of New Jersey, the Third Circuit Court of Appeals, and other applicable precedent. This process consisted of a detailed substantive review of the time and expense records by the Fee Examiner using her expertise and judgment to identify noncompliant timekeeping practices and other areas of concern contemporaneously with the filing of her prior final reports. Notwithstanding the foregoing, the Fee Examiner did not review the time and expense records of the Retained Professionals supporting the Fee Applications as she completed this review in connection with prior application periods.

### Standards Applied by the Fee Examiner

10. The general standards applied by the Fee Examiner are set forth in the *Fee Examiner's Consolidated Final Report Regarding Second Interim Fee Applications of Professionals Retained by the Committee* [Dkt. No. 1947]. Those standards are incorporated herein by reference and, except to the extent necessary, will not be repeated in this Final Report.

### Fee Examiner's Recommendations

11. The Final Report covers the final Fee Applications of the Retained Professionals. The Fee Examiner previously reviewed the fees and expenses that are the subject of the Fee Applications during prior periods of review and these Retained Professionals seek final approval only for these fees and expenses and such fees and expenses were approved as recommended by the Fee Examiner. As such, the Fee Examiner recommends allowance as requested on a final

basis as set forth in the proposed orders attached to the respective applications of the Retained Professionals.

## Conclusion

For the reasons stated above, and in the absence of any objection to the Fee Applications of the Retained Professionals, the Fee Examiner recommends that the Court enter an Order, on a final basis granting the fee requests of the Retained Professionals as requested.

Dated: New York, New York
March 18, 2024

Respectfully Submitted,

ELISE S. FREJKA

415 East 52nd Street | Suite 3
New York, New York 10022
Phone: 212-641-0800
Facsimile: 212-641-0800

*Fee Examiner*

6