**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br>             Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: April 25, 2024 @ 11:30 AM ET**<br>**Response Deadline: April 18, 2024 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

## NOTICE OF WIND-DOWN DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (unidentifiable customer and equity claims)

---

[1] The Wind-Down Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE AND OBJECTION, PLEASE CONTACT WIND-DOWN DEBTORS' COUNSEL:**

| | |
|---|---|
| **LAUREN M. SISSON, ESQ.** | **JORDAN E. CHAVEZ, ESQ.** |
| **(212) 835-4877** | **(214) 651-5453** |
| **LAUREN.SISSON@HAYNESBOONE.COM** | **JORDAN.CHAVEZ@HAYNESBOONE.COM** |

**PLEASE TAKE NOTICE** that on **April 25, 2024 at 11:30 AM (ET)**, or as soon thereafter as counsel may be heard, the above-captioned debtors (collectively, the "<u>Wind-Down Debtors</u>"), as supervised by the Plan Administrator, by and through their undersigned counsel, shall move for disallowance, expungement, reclassification, reduction and/or adjustment of certain claims described herein (the "<u>Objection</u>") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. The Wind-Down Debtors shall rely upon the accompanying *Certification of Amit Cheela* attached to the Objection as <u>Exhibit A</u>. A Proposed Order granting the relief requested in the Objection is also submitted herewith as <u>Exhibit B</u>.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54] (the "<u>Case Management Order</u>"); (iv) conform with the Bankruptcy Court's *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of*

*Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order"); and **(v) be filed with the Bankruptcy Court and served upon the Notice Parties as set forth in the Objection no later than 4:00 pm (ET) seven (7) days before the hearing date set forth above.**

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: March 25, 2024                    /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br>              Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: April 25, 2024 @ 11:30 AM ET**<br>**Response Deadline: April 18, 2024 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

**WIND-DOWN DEBTORS' EIGHTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (unidentifiable customer and equity claims)**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Objection shall have the meanings ascribed to them in the Plan.

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"

or referred to in the past tense as the "Debtors"), as managed by the Plan Administrator, in the

above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors'*

*Eighteenth Omnibus Objection to Claims* (the "Objection") for entry of an Order substantially in

the form attached hereto as Exhibit B (the "Proposed Order"), pursuant to sections 105(a) and 502

of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-

2 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New

Jersey (the "Local Rules"). In support of the Objection, the Wind-Down Debtors respectfully

represent as follows:

### Preliminary Statement

1.      The purpose of this Objection is to expunge certain Disputed Claims as set forth on

Schedule 1 to this Objection.[3] The Wind-Down Debtors have reviewed and analyzed the Disputed

Claims and determined that the Disputed Claims contained on Schedule 1 should be objected to

because the Disputed Claims  are either: (1) claims that are asserted as customer claims but that

the Wind-Down Debtors have been unable to link to a known BlockFi customer account; OR (2)

claims asserted by purported equity holders of BlockFi. **Claimants should locate their claim**

**number on the email they received serving this Objection and review Schedule 1 to determine**

**the proposed basis for objection and treatment of their claim.**

2.      **In the event that a Disputed Claim being objected to on the basis of "NI" (non-**

**identifiable  customer)  was  filed  by  a  BlockFi  customer  with  a  scheduled  claim,  the**

---

[3] Capitalized terms used but not otherwise defined in this Preliminary Statement shall have the meanings provided to
them in the body of the Objection.

expungement of that Disputed Claim **WILL NOT** affect that customer's ability to receive distributions on their scheduled claim amount(s).

3.       Per the terms of the Confirmed Plan, holders of Existing Common and Existing Preferred Equity Interests are in Classes 14 and 13 respectively. The treatment of Classes 14 and 13 provides that all Existing Common and Existing Preferred Equity Interests "will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders…will not receive any Distribution on account of such…Equity Interests." Plan Art.III.C.25–26.

4.       The Wind-Down Debtors respectfully request that the Court sustain this Objection, disallow the Disputed Claims on Schedule 1, and authorize the Wind-Down Debtors to instruct Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") to expunge such disallowed claims from the register.

## Jurisdiction and Venue

5.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Wind-Down Debtors confirm their consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.       The bases for the relief requested herein are sections 105(a) and 502(a) of Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1, 3007-2 and 9013-1.

**Background**

A.     **The Chapter 11 Cases**

8.     On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

9.     On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

10.     On September 26, the Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan"). On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No.

1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788].

**B.     The Claims Process**

11.     On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"), (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules (as defined herein), as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

12.     On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of: BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket Nos. 460 and 856),

BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket Nos. 462 and 858); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi Lending LLC (Case No. 22-19365) [Docket No. 251] (as amended by Docket Nos. 461 and 857), BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No. 22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257], BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

13.     On February 2, 2023 and February 3, 2023, the Debtors caused a bar date notice (the "Bar Date Notice") to be published in The New York Times and The Royal Gazette, respectively, as set forth in the affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

      a.    the Master Service List (as defined in the Case Management Order);

      b.    all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

      c.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

      d.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

      e.    all entities who are party to executory contracts and unexpired leases with the Debtors;

f.      all entities who are party to litigation with the Debtors;

g.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h.      all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i.      all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

14.     On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

**The Disputed Claims**

15.     As of the date hereof, over 34,000 Proofs of Claim have been filed against the Debtors. The Wind-Down Debtors, together with their advisors, have commenced the Claims reconciliation process, reviewed the claims listed on Schedule 1 to the Proposed Order (the "Disputed Claims"), and concluded that each such Disputed Claim should be disallowed and expunged as detailed on Schedule 1.

**Objection**

16.     Each Disputed Claim is being objected to by the Wind-Down Debtors because the Disputed Claims are either: (1) claims that are asserted as customer claims but that the Wind-Down Debtors have been unable to link to a known BlockFi customer account; OR (2) claims asserted by purported equity holders of BlockFi. **Claimants should locate their claim number on the**

7

**email serving this Objection and review Schedule 1 to determine the proposed basis for objection and treatment of their claim.** The Wind-Down Debtors have determined that the Disputed Claims should be expunged as indicated on Schedule 1.

17.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

18.     The burden of proof for claims brought in the bankruptcy court under section 502(a) of the Bankruptcy Code rests on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH, 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). First, the claimant must allege facts sufficient to support their claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.* A properly filed proof of claim is generally considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f). The burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

19.    Notwithstanding the shifting burden of proof, a claimant's failure to allege facts and to provide sufficient support for a claim may deprive the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Although the lack of *prima facie* validity is not necessarily a ground for disallowance, "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b) . . . ." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

**Responses to this Objection**

20.    <u>Parties Required to File a Response</u>. **Only a party who disagrees with the proposed modification or expungement of their Disputed Claim is required to file a Response in accordance with the procedures set forth herein.** If a claimant whose Claim is subject to an Objection does not file a Response in compliance with this Objection, the Court may sustain the Objection with respect to such Claim without further notice to the claimant. **Claimants who have questions about the objection to their claim or the distribution process are encouraged to contact the attorneys on page 2 of the Notice before filing a Response.**

21.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Wind-Down Debtors, the case number, the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.  a concise statement setting forth the reasons why the Court should not sustain the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

c.  a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Wind-Down Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.  the following contact information for the responding party:[4]

   i.  the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Wind-Down Debtors should serve a reply to the Response, if any; or

   ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

22.  <u>Filing and Serving the Response</u>. **A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "<u>Notice Parties</u>") so as to be actually received by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection and Response(s)** (the "<u>Response Deadline</u>"), unless the Wind-Down Debtors consent to an extension in writing:

a.  <u>Wind-Down Debtors'/Plan Administrator's Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (jordan.chavez@haynesboone.com); and Lauren Sisson (lauren.sisson@haynesboone.com); (2) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Kenneth Aulet, Esq. (kaulet@brownrudnick.com); and (3) Genova Burns LLC, 110 Allen Rd., Suite 304, Basking Ridge, NJ 07920,

---

[4] If redaction is necessary for privacy protections, please reach out to Wind-Down Debtors' counsel with this information via email to the addresses listed on page 2 of the Notice of Objection.

Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

b. <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

23.    <u>Hearing on Objection</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on

**April 25, 2024, at 11:30 a.m., prevailing Eastern Time**, before the Honorable Michael B.

Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be

conducted both live and virtually using Zoom for Government. To the extent parties wish to present

their argument at the hearing via Zoom, a request for "Presenter Status" must be submitted to the

Court at least one (1) business day prior to the Hearing by emailing Chambers

(chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of

Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what

party or interest the Presenter represents. If the request is approved, the Presenter will receive

appropriate Zoom credentials and further instructions via email. The Hearing may be adjourned to

a subsequent date in these cases in the Court's or Wind-Down Debtors' discretion. Any party in

interest who disagrees with the Objection and has filed a Response that remains unresolved prior

to the Hearing must attend the Hearing. If such Claims cannot be resolved and a hearing is

determined to be necessary, the Wind-Down Debtors shall file with the Court and serve on the

affected claimants a notice of the hearing to the extent the Wind-Down Debtors did not file a notice

of hearing previously.

24.    <u>Discovery</u>. If the Wind-Down Debtors determine that discovery is necessary in

advance of the Hearing, the Wind-Down Debtors will serve notice on the affected claimant and its

counsel of record (if applicable) that the scheduled hearing will be treated as a status conference

during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

25.     <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the Notice Parties or before the Response Deadline or such other date as agreed with the Wind-Down Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Wind-Down Debtors resolving the Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

26.     <u>Reply to a Response</u>. The Wind-Down Debtors shall be permitted to file a reply or omnibus reply to any Response or multiple responses, as applicable, no later than two (2) business days before the hearing with respect to the relevant Objection.

### <u>Reservation of Rights</u>

27.     Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, including the Surviving Claim, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable

law; or (g) a concession by the Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

### Separate Contested Matters

28.    Each of the Disputed Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Wind-Down Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the Disputed Claims.

### Waiver of Memorandum of Law

29.    The Wind-Down Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Wind-Down Debtors rely is set forth herein and the Objection does not raise any novel issues of law.

### No Prior Request

30.    No prior request for the relief sought in this Objection has been made to this Court or any other court.

### Notice

31.    The Wind-Down Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United

States Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Wind-Down Debtors conduct their business operations; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) the claimant(s) listed on <u>Schedule 1</u> attached to the Proposed Order (collectively, the "<u>Notice Parties</u>"). The Wind-Down Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Wind-Down Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[remainder of this page intentionally left blank]*

Respectfully Submitted,

Dated: March 25, 2024                    /s/ Daniel M. Stolz
                                         _____

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

## EXHIBIT A

**Certification of Amit Cheela**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Lauren M. Sisson, Esq. (NJ Bar No. 394182022) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> lauren.sisson@haynesboone.com <br><br> *Attorneys for the Plan Administrator* |
| In re: <br><br> BLOCKFI INC., *et al.*, <br>          Debtors.[1] | Chapter 11 <br> Case No. 22-19361 (MBK) <br> (Jointly Administered under a Confirmed Plan[2]) <br> **Hearing Date: April 25, 2024 @ 11:30 AM ET** <br> **Response Deadline: April 18, 2024 @ 4:00 p.m. ET** <br> **Oral Argument Waived Unless Response Timely Filed** |

## CERTIFICATION OF AMIT CHEELA IN SUPPORT OF WIND-DOWN DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (unidentifiable customer and equity claims)

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

I, Amit Cheela, pursuant to 28 U.S.C. § 1746, declare:

1.       My name is Amit Cheela. I am over the age of 21. I am the Chief Financial Officer for the debtors (collectively, "BlockFi" or the "Wind-Down Debtors") in the above-captioned Chapter 11 Cases. I am familiar with the manner in which BlockFi's books and records are maintained by virtue of my duties and responsibilities. Accordingly, I am in all respects competent to make this certification (the "Certification").

2.       I submit this Certification in support of the *Debtors' Eighteenth Omnibus Objection to Claims* (the "Objection").

3.       The facts set forth in this Certification are based upon my personal knowledge, my review of relevant documents, my review of information provided to me by employees working under my supervision, and my opinion based upon my experience, knowledge, and information concerning the Wind-Down Debtors' operations. I am authorized to submit this Certification on the Wind-Down Debtors' behalf. If called upon to testify, I would testify competently to the facts set forth in this Certification.

4.       I have read and reviewed the Objection, including the information regarding the Disputed Claims[3] set forth on Schedule 1 to the Proposed Order attached thereto, and I am familiar with the information contained in those documents.

5.       The books and records reviewed in the preparation of this Objection include data and transaction information related to BlockFi Accounts stored in the reporting systems maintained by BlockFi. As the Wind-Down Debtors' Chief Financial Officer and a custodian of records, I am familiar with how the reporting systems operate and are maintained.  During the

---

[3] Capitalized terms used but not defined in this Certification shall have the meanings set forth in the Objection.

relevant time period, it was the regular practice of BlockFi to make and keep this and similar records.

6.      BlockFi's reporting systems contain records of all acts or events related to BlockFi Accounts, including deposits, trades, loans, collateral, and withdrawals. It contains records that were made at or near the time of the act or event by or from information transmitted electronically from other onramps and offramps within the BlockFi platform. The records were kept in the course of regularly conducted activity of BlockFi.  The recording and storing of data from the reporting systems was a regular practice of BlockFi prior to and at the time of the filing of these Chapter 11 Cases.

7.      After reviewing the relevant records, I have determined that the Disputed Claims on Schedule 1 should be objected to because the Disputed Claims are either: (1) claims that the Wind-Down Debtors have been unable to link to a known BlockFi customer account; OR (2) claims asserted by purported equity holders of BlockFi.

8.      Accordingly, to prevent improper recovery against the estates, I believe that the Proposed Order should be granted and that Disputed Claims should be expunged as detailed on Schedule 1.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on <u>March 25, 2024</u>          By:    <u>/s/ *Amit Cheela*</u>
                                                                                    Amit Cheela
                                                                                    Chief Financial Officer to the Wind-
                                                                                    Down Debtors

## **EXHIBIT B**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>           Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>**Hearing Date: April 25, 2024 @ 11:30 a.m. ET** |

### ORDER GRANTING WIND-DOWN DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (unidentifiable customer and equity claims)

       The relief set forth on the following pages, numbered two (2) through five (5) and Schedule 1 is **ORDERED**.

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS |

| | |
|---|---|
| **BROWN RUDNICK LLP** | **HAYNES AND BOONE, LLP** |
| Kenneth J. Aulet, Esq. (admitted *pro hac vice*) | Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) |
| Seven Times Square | Lauren M. Sisson, Esq. (NJ Bar No. 394182022) |
| New York, New York 10036 | 30 Rockefeller Plaza, 26th Floor |
| (212) 209-4800 | New York, New York 10112 |
| kaulet@brownrudnick.com | (212) 659-7300 |
| | richard.kanowitz@haynesboone.com |
| **BROWN RUDNICK LLP** | lauren.sisson@haynesboone.com |
| Tristan Axelrod, Esq. (admitted *pro hac vice*) | |
| One Financial Center | *Attorneys for the Plan Administrator* |
| Boston, MA 02111 | |
| (617)856-8300 | |
| taxelrod@brownrudnick.com | |
| | |
| *Attorneys for the Plan Administrator* | |
| | |
| **GENOVA BURNS LLC** | |
| Daniel M. Stolz, Esq. | |
| Donald W. Clarke, Esq. | |
| 110 Allen Rd., Suite 304 | |
| Basking Ridge, NJ 07920 | |
| (973) 230-2095 | |
| DStolz@genovaburns.com | |
| DClarke@genovaburns.com | |
| | |
| *Local Counsel for the Plan Administrator* | |

Upon consideration of the *Wind-Down Debtors' Eighteenth Objection to Claims* (the "Objection")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' EIGHTEENTH OBJECTION TO CLAIMS |

need be provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Certification of Amit Cheela attached to the Objection, the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      The Disputed Claims listed on Schedule 1 attached hereto are hereby deemed disallowed as detailed on Schedule 1.

3.      Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to expunge the Disputed Claims on Schedule 1.

4.      The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

6.      Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' EIGHTEENTH OBJECTION TO CLAIMS |

7.      Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

8.      The objection to each Disputed Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' EIGHTEENTH OBJECTION TO CLAIMS |

9.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## <u>Schedule 1</u>

**Disputed Claims**

**Wind-Down Debtors: BlockFi Inc *et al.*
18th Omnibus Objection**

**Basis for Objection**

| | |
|---|---|
| BR | Asserted claim amount does not match Company's books and records |
| IC | Claims are asserted against wrong debtor or improperly assert secured or priority status |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' |
| AMD | Claim amended by subsequently filed proof of claim |
| NI | Claimant is not identifiable as a customer or counterparty of BlockFi |

| | |
|---|---|
| NL | Seeks recovery for amounts for which the Debtors are not liable |
| L | Late filed claim after bar date |
| O | Other; see Notes for more information |

| Filed Claim | | | | | | | Surviving Claim Amount | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Debtor Entity | Surviving Claim Amount | Action | Notes |
| 20522 | Redacted | 2/13/2023 | BlockFi Inc. | $ 301.86 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 1383 | Redacted | 1/18/2023 | BlockFi Inc. | $ 17,315.45 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 24157 | Redacted | 2/13/2023 | BlockFi Inc. | $ 471.62 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 21873 | Asdsadasdas | 3/8/2023 | BlockFi Investment Products LLC | $ - | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 2357 | Redacted | 1/29/2023 | BlockFi Inc. | $ 1,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 14833 | Redacted | 3/22/2023 | BlockFi Inc. | $ - | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 3076 | Redacted | 2/14/2023 | BlockFi Inc. | $ 287,351.21 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 31473 | Redacted | 5/22/2023 | BlockFi Inc. | $ 50.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 16227 | Redacted | 3/12/2023 | BlockFi Inc. | $ 500.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 23490 | Redacted | 3/31/2023 | BlockFi Inc. | $ 2,024.28 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 11045 | Redacted | 3/6/2023 | BlockFi Inc. | $ 4,470.26 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 2002 | Redacted | 1/16/2023 | BlockFi Inc. | $ 4,030.90 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 17788 | Redacted | 2/16/2023 | BlockFi Inc. | $ 2,640.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 622 | Redacted | 12/22/2022 | BlockFi Inc. | $ 4,068.03 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 6229 | Redacted | 3/1/2023 | BlockFi Inc. | $ 44.72 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 6238 | Redacted | 3/9/2023 | BlockFi Inc. | $ 113,125.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 12954 | Redacted | 3/28/2023 | BlockFi Inc. | $ 76,666.67 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 15440 | Redacted | 3/20/2023 | BlockFi Wallet LLC | $ 1,657.84 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 209 | Fisherman's Cove Waterfront Resort | 12/8/2022 | BlockFi Inc. | $ 10,500.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 27147 | Redacted | 3/30/2023 | BlockFi Inc. | $ 5,061.29 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 30019 | Redacted | 4/6/2023 | BlockFi Inc. | $ 200.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |
| 1428 | Houston Mining Venture LLC | 1/18/2023 | BlockFi Inc. | $ 59,842.17 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account |

**Basis for Objection**

| | | | |
|---|---|---|---|
| BR | Asserted claim amount does not match Company's books and records | NL | Seeks recovery for amounts for which the Debtors are not liable |
| IC | Claims are asserted against wrong debtor or improperly assert secured or priority status | L | Late filed claim after bar date |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | O | Other; see Notes for more information |
| AMD | Claim amended by subsequently filed proof of claim | | |
| NI | Claimant is not identifiable as a customer or counterparty of BlockFi | | |

| | | Filed Claim | | | | | | Surviving Claim Amount | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Debtor Entity | Surviving Claim Amount | Action | Notes | |
| 28400 | Redacted | 3/31/2023 | BlockFi International Ltd. | $ 26,864.95 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 19326 | Redacted | 2/13/2023 | BlockFi Inc. | $ 21.71 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 23489 | Redacted | 3/29/2023 | BlockFi Inc. | $ 365.92 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 22150 | Redacted | 3/21/2023 | BlockFi Inc. | $ 11,929.86 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 867 | Redacted | 12/29/2022 | BlockFi Inc. | $ 17,908.89 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 4783 | Redacted | 3/5/2023 | BlockFi Inc. | $ 3,350.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 6349 | Redacted | 3/7/2023 | BlockFi Inc. | $ 4,330.68 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 32200 | Redacted | 6/12/2023 | BlockFi Inc. | $ 100,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 32051 | Redacted | 6/7/2023 | BlockFi Inc. | $ 150,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 32025 | Redacted | 6/7/2023 | BlockFi Inc. | $ 600,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 824 | Redacted | 12/28/2022 | BlockFi Inc. | $ 1,800.87 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 244 | Redacted | 12/8/2022 | BlockFi Inc. | $ 150,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 13617 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Inc. | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 13636 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Ventures LLC | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 13849 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Lending LLC | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 14807 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Investment Products LLC | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 15101 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Trading LLC | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 15102 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi International Ltd. | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 15105 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Services Inc. | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 15106 | TR 13 Acres Preston Road | 3/30/2023 | BlockFi Lending II LLC | $ 1,417,236.08 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 5410 | Redacted | 2/15/2023 | BlockFi Lending LLC | $ 10,000.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 2684 | Redacted | 2/3/2023 | BlockFi Inc. | $ 52.00 | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 31583 | Redacted | 5/25/2023 | BlockFi Inc. | $ - | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |
| 20647 | Redacted | 2/18/2023 | BlockFi Inc. | $ - | NI | N/A | N/A | N/A | Expunge | Asserted as a customer claim but could not be matched to a BlockFi customer account | |

**Basis for Objection**

| | | | |
|---|---|---|---|
| BR | Asserted claim amount does not match Company's books and records | NL | Seeks recovery for amounts for which the Debtors are not liable |
| IC | Claims are asserted against wrong debtor or improperly assert secured or priority status | L | Late filed claim after bar date |
| UL | Claims fail to specify the asserted claim amount or list 'unliquidated' | O | Other; see Notes for more information |
| AMD | Claim amended by subsequently filed proof of claim | | |
| NI | Claimant is not identifiable as a customer or counterparty of BlockFi | | |

| Filed Claim | | | | | | | Surviving Claim Amount | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Surviving Claim No. | Debtor Entity | Surviving Claim Amount | Action | Notes |
| 13861 | CMT Digital Investments I LLC - Series 3 | 3/29/2023 | BlockFi Inc. | $ 179,213.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 13853 | CMT Digital Ventures Fund I LLC | 3/29/2023 | BlockFi Inc. | $ 487,877.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 13856 | CMT Digital Ventures Fund I LLC | 3/29/2023 | BlockFi Inc. | $ 71,527.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 13865 | CMT Digital Ventures Fund I LLC | 3/29/2023 | BlockFi Inc. | $ 75,335.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 3199 | Fort Schuyler Ventures LLC | 2/24/2023 | BlockFi Inc. | $ 50,000.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 32492 | Sand Dune Investments LLC | 6/21/2023 | BlockFi Inc. | $ 799,858.76 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 13587 | SLV BlockFi Holding LLC | 3/28/2023 | BlockFi Inc. | $ 199,964.69 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 6243 | The Midnight, a Third Prime Series LLC (Series: BlockFi) | 3/6/2023 | BlockFi Inc. | $ 999,997.43 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 6235 | Winklevoss Capital Fund, LLC | 3/7/2023 | BlockFi Inc. | $ 549,998.70 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 31293 | Winklevoss Capital Fund, LLC | 5/17/2023 | BlockFi Inc. | $ 549,998.70 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 3118 | Redacted | 2/19/2023 | BlockFi Inc. | $ 15,387.50 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |
| 3171 | Redacted | 2/21/2023 | BlockFi Inc. | $ 400.00 | NL, O | N/A | N/A | N/A | Expunge | Equity claim |