| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP** <br> Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) <br> Lauren M. Sisson, Esq. (NJ Bar No. 394182022) <br> 30 Rockefeller Plaza, 26th Floor <br> New York, New York 10112 <br> (212) 659-7300 <br> richard.kanowitz@haynesboone.com <br> lauren.sisson@haynesboone.com <br><br> *Attorneys for the Plan Administrator* |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br> (Jointly Administered under a Confirmed Plan[2]) |

# WIND-DOWN DEBTORS' OMNIBUS REPLY IN SUPPORT OF SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan.

1

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), as managed by the Plan Administrator in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Omnibus Reply in Support of the Seventeenth Omnibus Objection to Claims* (the "Reply") addressing the responses filed by creditors to the *Wind-Down Debtors' Seventeenth Omnibus Objection to Claims* (the "17th Objection") [Docket No. 2169]. In support of the Reply, the Wind-Down Debtors respectfully represent as follows:

**Factual Background**

1. On March 4, 2024, the Debtors filed the 17th Objection, seeking to disallow and expunge or modify and Allow certain proofs of claim as indicated on Schedule 1[3]. Creditors whose claims were contained on Schedule 1 to the 17th Objection were directed to file any responses with Kroll Restructuring LLC ("Kroll") by 4:00 pm ET on April 2, 2024. Kroll received 74 responses (the "Kroll Responses"), some of which were duplicates. Additionally, one response was filed by counsel on behalf of several creditors on the docket (the "Docket Response," and together with the Kroll Responses, the "Responses") at Doc No. 2214.

2. Except as noted below, the Responses received fell into four general categories:

- **Response Type 1:** Responses that indicated that the creditor agreed with the treatment of their claim on Schedule 1.

---

[3] Upon further review of Schedule 1 after filing, the Wind-Down Debtors noted that certain claims that are being modified downward from the claimant's asserted amount and also to correct an improper assertion of secured or priority status are missing the BR designation. Those claims do list the proposed modified scheduled amounts, and a review of the Responses filed by creditors whose claims contain this omission indicates that the claimants are aware that the Wind-Down Debtors are seeking to modify their asserted claim amount downward. As such, and notwithstanding the missing BR designation, the Wind-Down Debtors believe the customized pdfs providing each creditor with the proposed modified amount of their claim are sufficient to apprise them of the changes to their claim should the objection be sustained.

2

- **Response Type 2:** Responses that contained no substantive request or comment to the 17th Objection or contained questions/requests related to the objection or distributions. Many Responses simply attached the documents the creditor was served with by Kroll or pre-petition account statements without notation or comment. Counsel reached out to all creditors with questions but as these responses made no substantive argument they are not addressed in this Reply.

- **Response Type 3:** Responses that disputed the use of petition date coin pricing and the dollarization of the claim amounts and/or incorrectly assumed that the Wind-Down Debtors would only be making distributions in cash.

- **Response Type 4:** Responses that appeared to misunderstand the format of the Objection exhibit and/or sought clarification on the status of any claims that had been previously objected to and modified or reviewed and Allowed (the "Surviving Claim(s)"). The vast majority of these Creditors already have a Surviving Claim from a previous objection or filed an additional claim that has been reviewed and will be Allowed (and is listed as their Surviving Claim on the Schedule). This response type also includes creditors objecting to the expungement of claims they themselves subsequently amended by filing another proof of claim.

3. The chart below contains a short summary of the Responses received.

| **Kroll Responses** | | |
|---|---|---|
| **Claim #** | **Response Type** | **Notes on supporting documentation** |
| 7633 | 2 | Wallet proof of claim and Wallet and BIA screenshots |
| 4850[4] | 2, Other | Letter asserting claims for another creditor's funds as well as his own account, proofs of claim, account statements, 1031 exchange account information. |
| 17001 | 2 | Screenshot of BIA and question about modification |
| 1297 | 4 | Letter objecting to expungement, creditor has Surviving Claim |
| 33897 | 2 | BIA screenshot |
| 31049 | 2 | Question about recovery in light of FTX settlement |
| 22946 | 1 | Transaction log and letter agreeing with modification |
| 558 | 2 | Copy of objection and BIA statement **RESOLVED** |
| 9006 | 4 | Letter objecting to expungement, transaction report, creditor has Surviving Claim |
| 16895 | 2 | Copy of objection **RESOLVED** |
| 25052 | 1 | BIA screenshot and transaction log, letter stating he agrees with scheduled amount |
| 5752 | 4 | Proof of claim, letter objecting to expungement, creditor has Surviving Claim |

---

[4] Counsel for the Wind-Down Debtors previously reached out to counsel for this creditor to explain that the Plan Administrator cannot distribute funds in another creditor's account based on allegations against that creditor made in a proof of claim. No reply from his counsel was received.

3

| | | |
|---|---|---|
| 18628 | 4 | Letter objecting to expungement, email to Kroll asking to correct claims, BIA statement, creditor has Surviving Claim |
| 15210 | 2 | BIA statement and transaction log |
| 31591 | Other | Letter stating BlockFi should have provided calculation tools to determine whether to participate in loan repayment program |
| 239 | 4 | Proof of claim and copy of objection, creditor has Surviving Claim |
| 2643 | 2 | Copy of Loan and Security Agreement |
| 22026 | 4 | Letter stating the claimant can't access Kroll portal for claims info, objecting to expungement, creditor has Surviving Claim |
| 122 | 1 | Copy of objection with note agreeing with modification |
| 1333 | 4 | Letter objecting to expungement of claim that was amended by subsequent claim creditor filed |
| 21145 | 3 | Letter requesting return of funds in full at market prices |
| 29325 | 2 | BIA screenshot and proof of claim |
| 22291 | 3 | Letter requesting valuation and distributions at current market prices |
| 24713 | 2 | Copy of objection with question about distribution amount |
| 14642 | 2 | Copy of objection |
| 27266 | 3 | Letter requesting return of funds in full at market prices |
| 20183 | 3 | Letter requesting return of funds in full at market prices |
| 564 | 4 | Letter objecting to expungement, creditor has Surviving Claim |
| 775 | 4 | Letter objecting to expungement of claim that was amended by subsequent claim creditor filed |
| 2483 | 4 | BIA screenshot and letter objecting to expungement of 2 amended proofs of claim, creditor has Surviving Claim |
| 34162 | 2 | Copy of objection and proof of claim |
| 34020 | 1 | Copy of objection and letter agreeing with modification |
| 34102[5] | 4, Other | Creditor has Surviving Claim from previous objection, letter provides transactions for both BIA and Wallet. |
| 712 | 4 | Letter objecting to expungement, proof of claim **RESOLVED** |
| 416 | 3 | Letter requesting claim valuation at rebalancing prices used for distribution |
| N/A | N/A | This creditor filed a response to Omni 17 through the mail but doesn't have a claim on Omni 17 and has already withdrawn the first interim distribution from his account |
| 12352 | 1 | Copy of objection, email from BlockFi re: his loan set off, letter agreeing to modification |
| 16026 | 2 | Copy of paychecks and loan documents, letter stating they disagree with modification |
| 3405 | 3, 4 | Letter requesting payout of claims in-kind at market value, creditor has Surviving Claim from previous objection |
| 32378 | 4 | Wallet proof of claim form, letter expressing confusion about objection, creditor has Surviving Claim from previous objection |
| 9819 | 2 | BIA screenshot and transaction report |

---

[5] This creditor was sent a detailed transaction report and explanation of his distribution amount as well as how he could receive his liquidated Wallet funds that he failed to withdraw.

4

| | | |
|---|---|---|
| 1278 | 2 | Copy of objection, same creditor as Claim No. 3405 above |
| 30753 | 3,4 | Letter disputing petition date valuation, proof of claim form, copy of objection, previous letter sent to Kroll, creditor has Surviving Claim |
| 1317 | 3 | Letter objecting to claim amount that he asserted on the proof of claim form and requesting valuation at rebalancing prices used for distribution |
| 5671 | 2 | Copy of objection |
| 12503 | 2 | Copy of objection |
| 21404 | Other | Letter stating his claim properly asserts "secured admin priority status." |
| 2414 | 2 | Transaction log, BlockFi website FAQs, BIA statement |
| 28683[6] | Other | Letter from counsel disputing expungement, **RESOLVED** |
| 588 | 2 | Bank statement, car loan, title documents |
| 24613 | 4 | Letter stating that claimant only objects if both claims are being expunged, creditor has Surviving Claim No. 24123 |
| 6685 | 2 | Letter attaching log in screen to choose payment method for liquidated Wallet funds, copy of objection |
| 1278, 3405 | 3, 4 | Letter requesting payout of claims in-kind at market value, proof of claim, Wallet and BIA statements, creditor already has Surviving Claim from previous objection (duplicate to 2 responses above) |
| 2186 | 3 | Copy of objection, letter requesting funds in full |
| 1200 | 2 | Copy of objection, copy of post-pause transfer |
| 3069 | 2 | Copy of Kroll portal information |
| 22116 | 3 | Letter requesting valuation at 10/31/22 pricing |
| 15057 | 4 | Email from BlockFi re: loan set off, copy of objection, letter seeking clarification on objection exhibit |
| 1793 | 2 | BIA screenshots |
| 13281 | 3 | Letter stating he wants his funds returned in full in kind because of resolution with FTX. |
| 32618 | 4 | BIA screenshot, BIA statement, letter objecting to expungement, creditor has Surviving Claim |
| 18933 | 3 | Letter stating he does not want a dollarized claim amount, objection to capping motion |
| 13420 | 4 | Letter conflating Wallet and BIA accounts and objecting to expungement of subsequently amended claim, BIA statement, BlockFi website FAQs, creditor has Surviving Claim |
| 21247 | 4 | Letter stating he can't access claim info on Kroll website, creditor has Surviving Claim |
| 15082 | 3 | Proof of claim, email to his attorney, letter asserting claim should be valued at market rates |

---

[6] Creditor has two BlockFi accounts and three Surviving Claims for interest account and retail loan collateral funds from Omni 11. Claim No. 28683 was asserted against Wallet LLC and is being expunged. Counsel for creditor has confirmed that the Response can be marked "Resolved."

| Claim # | Response Type | Notes |
|---|---|---|
| 23702 | 4 | Screenshot of BIA, letter objecting to expungement, creditor has Surviving Claim |
| 34048 | 4 | Screenshot of post-pause transfers, letter objecting to expungement, creditor has Surviving Claim |
| 19070 | 1 | BIA screenshot, letter agreeing that duplicate claim can be expunged |
| 5647 | 3 | Letter asserting that he owns his BTC collateral and it's not estate property |
| 23443 | 1 | Letter stating he agrees with modification |
| 2613 | 3 | BIA screenshot and letter stating he wants repayment in full in kind or at current market value |
| 26913 | 1 | Letter stating he agrees with modification |
| 18790 | 4 | Letter objecting to expungement of subsequently amended claim, creditor has Surviving Claim |
| 1793 | 4 | Letter objecting to expungement, BIA statement, duplicate of response above, creditor has Surviving Claim |
| **Docket Response** | | |
| Claim # | Response Type | Notes |
| 12929 | 4 | This claim is the creditor's Surviving Claim, No. 511 will be expunged. ***RESOLVED** |
| 14357/14232 | 4 | Only No. 14357 will be expunged, No. 14232 is the creditor's Surviving Claim ***RESOLVED** |
| 31535/12280 | 4 | Only No. 31535 will be expunged, No. 12280 is the creditor's Surviving Claim ***RESOLVED** |
| 1158/12301 | 4 | Only No. 1158 will be expunged, No. 12301 is the creditor's Surviving Claim ***RESOLVED** |
| 14127 | 4 | This claim is the creditor's Surviving Claim, No. 26805 will be expunged. ***RESOLVED** |
| 15016 | Other | Creditor provided documentation of trade executions from 2021 to support claim amount, BlockFi is seeking to modify to match BIA balance as of petition date which includes several ACH returns of deposited funds. |
| 12687 | 4 | This claim is the creditor's Surviving Claim, No. 15170 will be expunged. ***RESOLVED** |
| 12658 | 4 | This claim is the creditor's Surviving Claim, No. 25831 will be expunged. ***RESOLVED** |

4.  Upon receiving the Responses, counsel for the Wind-Down Debtors attempted to contact all creditors whose Responses posed questions or appeared to contain misunderstandings about accounts or claims that could be clarified, including claimants who had questions or wanted clarifications on their Surviving Claim(s). If Wind-Down Debtors' counsel was able to address and clarify the issues raised by the creditor prior to the filing of this Reply, the resolution of their

6

Response is noted in the chart above. The Wind-Down Debtors will continue this outreach until the hearing date.

## Reply

5. The Wind-Down Debtors filed this 17th Objection to move the claims reconciliation process forward in order to make faster distributions to all creditors who filed proofs of claim related to their estate claims. With the exception of one creditor on the Docket Response whose claim amount is still being discussed between his counsel and the Wind-Down Debtors, none of the Responses filed appear to assert a substantive dispute as to the amount or type of cryptocurrency in the creditor's interest account or retail loan collateral account as of the petition date. Rather, the vast majority of Responses simply provided documentation in the form of BIA screenshots or copies of the claim objection served on the creditor. Some of the Responses appear to take issue with the dollarization of claims using petition date coin pricing and request that distributions be made in-kind, rather than in USD. Finally, some creditors were confused that the Objection contained a Surviving Claim number that was different than the claim being objected to and sought clarification on the amount and number of their Surviving Claim(s).

6. In the interest of clarity for all creditors, this Reply will address the substantive issues raised by creditors in some of the Responses: claim dollarization at petition date pricing and the form of distributions to creditors. The Reply will also provide an explanation of the Surviving Claim column on the exhibit.

**A. The Bankruptcy Code, Confirmed Chapter 11 Plan, and Equity Require the Wind-Down Debtors to Value Claims in USD as of the Petition Date.**

7. Some of the Responses disputed the appropriateness of valuing creditor claims in USD as of the Petition Date, November 28, 2022. Because of the constantly fluctuating prices of cryptocurrency and in order to fairly calculate creditor distributions, scheduled claim amounts have

7

been determined using coin prices as of the petition date. This method of valuation is supported by both the Bankruptcy Code and the confirmed Plan.

8. 11 U.S.C. § 502(b) states that "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition." Additionally, Art.VI.F of the confirmed Plan states:

> As is required by section 502(b) of the Bankruptcy Code, each Account Holder's Claim is determined by the fair market value of the Digital Assets (based in United States dollars pursuant to the Digital Assets Conversion Table) held by the Account Holder at the Debtors as of the Petition Date at 11.59 p.m. UTC. This process is generally referred to as a "dollarization." Dollarization allows the Debtors to put all Account Holders' Claims on equal footing to calculate recoveries in accordance with the requirements of the Bankruptcy Code.

**B. Initial Distributions to Creditors Will Be Made in Cryptocurrency.**

9. On January 31, 2024, the Plan Administrator filed a *Status Report to Creditors* [Doc. No. 2098] to apprise creditors that initial distributions were set to begin in February. Consistent with the Plan, which provides that certain customers may receive the Digital Assets Allocation as defined therein, initial distributions on certain Allowed customer claims[7] against BlockFi Inc, BlockFi Lending LLC, and BlockFi International will be made in cryptocurrency. The Plan Administrator recognizes that the vast majority of customers wish to receive distributions in-kind and is working with the remaining BlockFi employees and the legal and financial professionals toward that goal.

10. Until the proofs of claim filed by customers have been reviewed, adjudicated, and then expunged or Allowed those customers who filed proofs of claim will be delayed in receiving distributions on their scheduled claims.

---

[7] Certain Allowed Convenience Class claims (claims under $3,000 USD or the claims of claimants who opted into the Convenience Class) will be paid in USD. Distributions on these claims began in February.

11. As such, the proofs of claim on Schedule 1 to the 17th Objection should be disallowed and expunged or modified and Allowed as indicated.

**C. Creditors with Claims on the Objection Will Receive Notice of Their Allowed Claims.**

12. The Wind-Down Debtors have filed 19 sets of claim objections (the "Omnibus Objections") as of the date of this Reply. Claims that were previously objected to and modified after entry of an order by this Court have been marked as Allowed and listed on the *Notices of Allowed Claims* filed at Doc Nos. 2160 and 2173. These Notices also contain claims that were correct as filed and did not need to be objected to by the Wind-Down Debtors.

13. Additionally, the Wind-Down Debtors have reviewed the vast majority of the remaining customer claims and objected to those claims that needed modification or expungement on this 17th Objection. Many creditors filed multiple proofs of claim, some of which did not need to be objected to at all. If a creditor with a claim on the 17th Objection also filed a claim that matched the Wind-Down Debtors' books and records without modification (or had a claim on a previous Omnibus Objection that was modified and Allowed) that claim number is listed in the Surviving Claim column on the 17th Objection schedule of claims.

14. After the entry of the order on the 17th Objection the Wind-Down Debtors will file a Notice of Allowed Claims listing the claim numbers of all claims filed by creditors on the 17th Objection that were modified and Allowed or did not require an objection. Those creditors will then be eligible to receive the first interim distribution per the terms of the Plan.

**WHEREFORE**, the Wind-Down Debtors respectfully request entry of the Proposed Order on the *Wind-Down Debtors' Seventeenth Omnibus Objection to Claims.*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 5, 2024 | /s/ *Daniel M. Stolz* |

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*