| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617) 856-8300 <br> taxelrod@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Stephen D. Palley, Esq., <br> (*pro hac vice*) <br> Daniel J. Healy, Esq., <br> (*pro hac vice*) <br> 601 Thirteenth Street NW Suite 600 <br> Washington, D.C. 20005 <br> Telephone: (202) 536-1766 <br> Facsimile: (617) 289-0766 <br> spalley@brownrudnick.com <br> dhealy@brownrudnick.com <br><br> *Counsel for Plaintiff BlockFi, Inc. by and through the Plan Administrator* | **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> **GENOVA BURNS LLC** <br> Jennifer Borek, Esq. <br> 494 Broad St. <br> (973) 533-0777 <br> JBorek@genovaburns.com <br><br> *Local Counsel for Counsel for Plaintiff BlockFi, Inc. by and through the Plan Administrator* |
| In re: <br><br> BLOCKFI INC., *et al.*, <br> Debtors.[1] | Chapter 11 <br> Case No. 22-19361 (MBK) <br> (Jointly Administered under a Confirmed Plan[2]) |

# THE PLAN ADMINISTRATOR'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS CONCERNING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order (the "Confirmation Order") [Docket No. 1660] confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors," or referred to in the past tense as the "Debtors"), as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") hereby submit this limited objection and reservation of rights (the "Limited Objection") to the *Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs* (the "Motion") [Docket No. 2219]. In support of their Objection, the Wind-Down Debtors respectfully submit as follows:

**INTRODUCTION**

1. It should not be required for the Plan Administrator to file this response: as the Plan Administrator made clear to Movants weeks prior to their filing the Motion, the Plan Administrator does not generally oppose lifting the stay as to the Excess Policy.[3] However, as the Plan Administrator also made clear to Movants, lifting the stay as to the Excess Policy cannot result in a backdoor finding as to the validity of the Excess Policy such that it would prejudice the Wind-Down Debtors' rights as provided in the Plan and Confirmation Order, including those asserted in the Insurance Lawsuit.

2. After oral discussions, the Plan Administrator drafted and emailed a revised proposed order to Movants on March 25 that would obviate the Plan Administrator's concerns. The Plan Administrator received no response to this email for weeks, until a perfunctory email hours before the filing of this Motion rejecting the Plan Administrator's proposed revisions, without any detail.

3. Consequently, the Plan Administrator is now forced to waste estate resources and the court's time to resolve these issues that should have been resolved prior to the filing of this Motion. This Limited Objection is filed to correct certain inaccuracies contained in the Motion,

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and to again request – this time, of the Court – that the relief sought be conditioned on insertion of language into the order (to the extent that the Court is inclined to grant Movants' request), consistent with the proposed order attached hereto as Exhibit A making clear that (1) such order does not constitute a finding as to the validity of the Excess Policy, and (2) reserving the Wind-Down Debtors rights as to the Excess Policy.

## BACKGROUND

4. The Wind-Down Debtors incorporate by reference the facts and procedural history as outlined in *The Wind-Down Debtor BlockFi, Inc.'s Motion for an Order Remanding State Court Action* [Docket No. 2181].

5. On March 19, 2024, Movants presented the Wind-Down Debtors with a proposed order substantially in the form attached to the Motion as Exhibit A.

6. On March 25, 2024, the Wind-Down Debtors provided comments to the proposed order to Movants clarifying that the proposed order, if entered, would not prejudice the Wind-Down Debtors rights with respect to the Excess Policy. The changes to the proposed order as provided by the Wind-Down Debtors to Movants on March 25, 2024 is attached hereto as Exhibit A.

7. Movants did not respond to the Wind-Down Debtors proposed revisions to the proposed order prior to filing the Motion on April 4, 2024.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

**I. The Excess Policy Is Property Of The Estate, Subject To The Automatic Stay, And Recovery Against The Policy May Only Be Made Following Order Lifting The Stay.**

8. First, assuming that the Court is inclined to grant Movants' request to recover against the Excess Policy, the Wind-Down Debtors believe it is important that the correct procedures be followed. The Excess Policy is unequivocally property of the Debtors' bankruptcy

3

estate.[4]  Recovery against property of the estate or acts to obtain property of the estate are stayed until either the property subject to the stay is no longer property of the estate, the case is closed, or the stay is lifted by order of the Court.[5]  Therefore, the only means by which Movants request to recover under the Excess Policy may occur is by order of this Court lifting the stay.  Any assertion by Movants as to an alternative means of recovery is incorrect.

**II.     The Wind-Down Debtors Have Standing Over Property Of Their Estate, And The Plan Administrator Is Not Contractually Obligated To Not Oppose Movants Request.**

9.      The Motion asserts that "under the express terms of the Excess Policy, which is a contract the Debtors assumed in the Plan, the Debtors contractually agreed not to oppose any efforts by their directors and officers to seek payment pursuant to the Excess Policy or lift any bankruptcy stay that might apply to policy proceeds." Motion ¶ 4.  This assertion implies that the Wind-Down Debtors lack standing to oppose the Motion.  This assertion ignores black-letter bankruptcy law.

10.     It is black-letter law that a debtor may not waive the protections of the automatic stay.  *See Commerzanstalt v. Telewide Sys.*, 790 F.2d 206, 207 (2d Cir. N.Y. 1986) (considering a post-petition waiver and stating, "[s]ince the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay."); *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. Pa. 1995) (considering a post-petition wavier and stating, "[t]he automatic stay

---

[4]   Section 541 of the Bankruptcy Code provides that, among other things, property of the estate "is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  It is well-settled that "Congress intended section 541 to be broad and inclusive." *In re WDH Howell, LLC*, 294 B.R. 613, 616 (Bankr. D.N.J. 2003) (citing *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198 (1983).  Insurance policies fall under section 541(a)(1)'s expansive definition of property of the estate.  *See In re Federal-Mogul Global Inc.*, 684 F.3d 355, 366 (3d Cir. 2012) (quoting *Estate of Lellock v. Prudential Ins. Co. of Am.*, 811 F.2d 186, 189 (3d Cir.1987) ("We hold that an insurance policy is property of the estate within 11 U.S.C. § 541(a)(1).")).  As the named insured on the Excess Policy, the Excess Policy is property of the estate. *See In re GB Holdings, Inc.*, 2006 WL 4457350, *2 (Bankr. D.N.J. Sept. 21, 2006) (holding that D&) policy on which debtor was named insured was property of the debtor's estate).

[5]   *See* 11 U.S.C. § 362(a)(2)-(3), (c)(1)-(2).

4

cannot be waived."); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991 (considering a post-petition waiver and stating, "[b]ecause the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor."); *Bank of China v. Huang (In re Huang)*, 275 F.3d 1173, 1177 (9th Cir. Cal. 2002) (considering pre-petition waiver of dischargability and stating, "[i]t is against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code.").

11. Here, the Motion asserts that the *company*, *pre-petition* (but on the eve of bankruptcy) contractually bound itself not to oppose the lifting of the automatic stay once the company became a debtor. But for similar reasons, many bankruptcy courts have held such prepetition waivers are *per se* unenforceable. *See Matter of Pease,* 195 B.R. 431, 435 (Bankr. D. Neb. 1996) (while noting that some courts upheld such waivers in limited circumstances, concluding that such waivers were *per se* unenforceable*); In re Jeff Benfield Nursery, Inc.*, 565 B.R. 603, 63 (Bankr. W.D. N.C. 2017) (same); *In re DB Cap. Holdings, LLC*, 454 B.R. 804, 816 (Bankr. D. Colo. 2011) (same); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 115 (Bankr. D. Del. 2001) (citing *Pease* for conclusion that fundamental rights of a debtor cannot be contracted away by pre-petition debtor).

12. Certain bankruptcy courts have held that such waivers are not *per se* unenforceable, but those that have done so generally hold the waivers are neither *per se* enforceable nor self-executing. *See, e.g., In re Frye*, 320 B.R. 786, 790 (Bankr. D. Vt. 2005) ("Although pre-petition agreements waiving the protection afforded by the automatic stay are enforceable, such waivers are neither *per se* enforceable, nor self-executing.") Instead, they must be weighed on a case-by-case basis. As one court has held (in finding such provisions potentially enforceable), "[a]s a general proposition, prepetition waivers of stay relief will be given no particular effect as part of initial loan documents; they will be given the greatest effect if entered

5

into during the course of prior (and subsequently aborted) chapter 11 proceedings." *In re Bryan Rd., LLC*, 382 B.R. 844, 848 (Bankr. S.D. Fla. 2008). Generally speaking, such waivers are enforced on

13. Under the circumstances here, the Plan Administrator plainly has standing to be heard with respect to the request to lift the automatic stay. The waiver is unenforceable against the Plan Administrator under these circumstances for two reasons.

14. First, the Movants make absolutely no effort to justify the enforcement of the purported waiver, instead simply assuming (with absolutely no caselaw support) that such waivers are *per se* enforceable. If the Plan Administrator determined that lifting the automatic stay was inappropriate under the circumstances, the Plan Administrator is not bound by the pre-petition wavier because this waiver was not part of any out-of-court restructuring or settlement. *See In re DB Cap. Holdings, LLC,* 454 B.R. 804, 813–14 (Bankr. D. Colo. 2011) ("Courts finding prepetition waivers of the automatic stay to be enforceable point out the enforcement furthers the legitimate public policy of encouraging out-of-court restructuring and settlements")

15. Second, the Plan Administrator *does not oppose lifting the automatic stay and informed the Movants prior to the filing of this Motion.* The Movants seek to assert that not only may the Plan Administrator not be heard to oppose the lifting of the automatic stay, the Plan Administrator may not be heard *to insist that the order be clarified to avoid inappropriate collateral consequences*. No case that supports even the limited fact-intensive potential enforceability of such waivers supports such a contention – and the waiver cited by the Movants

6

does not purport to limit the ability of the Plan Administrator to ensure that the order lifting the automatic stay *only* lifts the automatic stay.

**III.     Any Order Lifting The Stay With Respect To The Excess Policy Should Make Clear That Such An Order Does Not Constitute A Finding As To The Validity Of The Excess Policy, And That The <u>Wind-Down Debtors Rights With Respect Thereto Are Otherwise Preserved</u>.**

16.     As mentioned above and as communicated to Movants, the Wind-Down Debtors do not oppose Movants request to access the Excess Policy.  However, an order lifting the stay permitting Movants to make a demand under the Excess Policy on the Insurers must (1) not constitute a finding as to the validity of the Policy, and (2) otherwise reserve the Wind-Down Debtors rights, including to seek to avoid and recover any payments made under the Excess Policy.

17.     The cornerstone of the Plan that was confirmed in these cases is the Committee Settlement that, among other things, contemplated the reservation of the Wind-Down Debtors rights with respect to the Excess Policy.  The Committee Settlement, including the contemplated reservation of rights, was discussed at length on the record, and expressly provided for in the Plan and Plan Supplement documents.  On January 3, 2024, in accordance with the terms of the Plan and Confirmation Order, the Wind-Down Debtors filed a complaint (the "<u>Complaint</u>" and as amended on February 13, 2024, the "<u>Amended Complaint</u>") in the New Jersey Superior Court Law Division: Hudson County, commencing Case No. HUD-L-000025-24 asserting causes of action with respect to the Excess Policy.

18.     The Wind-Down Debtors provided language to Movants to include in the proposed order, attached hereto as Exhibit A, making clear that such order would not constitute a backdoor finding as to the validity of the Excess Policy that may bear on the claims asserted in the Amended

7

Complaint. Movants failed to respond to the Wind-Down Debtors proposed language and instead, filed their Motion.

19. The Wind-Down Debtors respectfully request that, to the extent that this Court is inclined to grant Movants' request to lift the stay to access the Excess Policy, the order include language sufficiently similar to that in Exhibit A making clear that (1) the order does not constitute a finding as to the validity of the Excess Policy, and (2) the Wind-Down Debtors rights with respect to the Excess Policy are reserved.

## **CONCLUSION**

Accordingly, the Wind-Down Debtors respectfully submit that this Court should deny the Motion, or, if this Court is inclined to grant the Motion, to enter an order that includes language sufficiently similar to that in Exhibit A making clear that (1) the order does not constitute a finding as to the validity of the Excess Policy, and (2) the Wind-Down Debtors rights with respect to the Excess Policy are reserved, and grant other such relief as it deems proper.

[*Remainder of page intentionally left blank.*]

Respectfully Submitted:

Dated: April 18, 2024 /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8300
taxelrod@brownrudnick.com

**BROWN RUDNICK LLP**
Stephen D. Palley, Esq. (admitted *pro hac vice*)
Daniel J. Healy Esq. (admitted *pro hac vice*)
601 13th St. NW Suite 600
Washington, D.C. 20005
(202) 536-1766
spalley@brownrudnick.com
dhealy@brownrudnick.com

*General Counsel to the Plan Administrator*

# **EXHIBIT A**

**(Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin, Esq. (wjmartin@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)

*Attorneys for Zachary Prince and Flori Marquez*

**SHEARMAN & STERLING LLP**
R. Thaddeus Behrens, Esq. (*pro hac vice*)
Daniel H. Gold, Esq. (*pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
(214) 271-5812
thad.behrens@shearman.com
dan.gold@shearman.com

*Attorneys for Zachary Prince*

In re :

BLOCKFI INC., *et al*.,
    Debtors.[1]

Chapter 11
Case No. 22-19361 (MBK)
(Jointly Administered)
**Hearing Date and Time:**
**April 25, 2024, 11:30 (ET)**

# ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

(Page 2)
Debtors: BlockFi Inc.
Case No. 22-19361(MBK)
Caption of Order: ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

Upon consideration of the Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interest of all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtors: BlockFi Inc.
Case No.      22-19361(MBK)
Caption of Order: ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

2. Movants and the other insured persons (including but not limited to all defendants in the Securities Lawsuit) under the Excess Policy are hereby authorized and permitted to seek coverage for Defense Costs and Mediation Expenses pursuant to the terms and conditions of the Excess Policy.

3. To the extent applicable, the automatic stay and/or injunction provisions of the Plan are waived and/or do not apply to bar the relief sought in the Motion. Movants, the other insured persons under the Excess Policy, and the carriers for the Excess Policy are authorized to take all steps necessary or appropriate for the insured persons to carry out the relief granted in this Order,.

4. Nothing in this Order shall alter, amend, or modify any of the terms, conditions, or provisions of the Excess Policy. All rights of the insureds and insurers under the Excess Policy are mutually reserved, as are all rights of BlockFi under the Excess Policy and with respect to the Excess Policy. Nothing in this Order authorizes any assertion that any party is entitled to coverage under the Excess Policy nor limits the right of any party to assert otherwise, including the insurance companies and BlockFi.

5. All rights of BlockFi with respect to the Excess Policy are reserved, including but not limited to the allegations and causes of action alleged in Blockfi Inc. as The Wind Down Debtors, vs. Ace American Insurance Company; et al., (the "Insurance Litigation"). Nothing in this Order constitutes any legal determination or factual finding relevant to the Insurance Litigation, including but not limited to (a) a finding that the Excess Policy is not avoidable under applicable law; (b) a finding the Excess Policy is valid and enforceable pursuant to its terms; (c) a finding BlockFi is not permitted to terminate the Excess Policy pursuant to its terms; (d) a finding

(Page 4)
Debtors: BlockFi Inc.
Case No.      22-19361(MBK)
Caption of Order: ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

---

with respect to any allegation (or defense) with respect to the complaint in the Insurance Proceeding; (e) a finding that jurisdiction in this court is proper, or that this court should or should not abstain in exercising jurisdiction, with respect to the Insurance Proceeding; (f) a finding that BlockFi is not entitled to a return of the premium p[aid for the Excess Policy;

6. Nothing in this Order, or in BlockFi's non-opposition to this Order, shall constitute a waiver by BlockFi, create any estoppel with respect to BlockFi, or any similar principle of law with respect to any matter related to the Excess Policy or the Insurance Litigation, or BlockFi's rights regarding the Excess Policy, or limit any damages recoverable by BlockFi with respect to any cause of action related to the Excess Policy, including but not limited to the causes of action asserted in the Insurance Litigation.

7. Without limiting the applicability of the foregoing, BlockFi specifically does not consent to the payment of any amounts under the Excess Policy, acknowledge the validity of the Excess Policy or the non-avoidability of premiums paid with respect to the Excess Policy, waive any right to rescind or void the Excess Policy, waive any rights to repayment of the premiums paid for the excess Policy, or waive any rights or arguments with respect to its motion to remand the Insurance Litigation.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

9. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

(Page 5)
Debtors: BlockFi Inc.
Case No.    22-19361(MBK)
Caption of Order: ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, this clause does not confer any additional jurisdiction or alter the nature of any jurisdiction this Court may have over the Insurance Litigation.