| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Esq. (wjmartin@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Attorneys for Zachary Prince and Flori Marquez*<br><br>**SHEARMAN & STERLING LLP**<br>R. Thaddeus Behrens, Esq. (*pro hac vice*)<br>Daniel H. Gold, Esq. (*pro hac vice*)<br>2601 Olive Street, 17th Floor<br>Dallas, TX 75201<br>(214) 271-5812<br>thad.behrens@shearman.com<br>dan.gold@shearman.com<br><br>*Attorneys for Zachary Prince* | |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>      Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered)<br>**Hearing Date and Time:**<br>**April 25, 2024 at 11:30 a.m. (EST)** |

### REPLY OF ZACHARY PRINCE AND FLORI MARQUEZ TO THE PLAN ADMINISTRATOR'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS CONCERNING MOTION FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR <u>DEFENSE COSTS</u>

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302.

7687919

TO:    THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

Zachary Prince and Flori Marquez ("Movants") hereby file this reply (the "Reply") in support of the *Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs* (the "Motion") [Docket No. 2219], and to the limited objection to and reservation of rights of the Plan Administrator to the Motion (the "Limited Objection") [Docket No. 2243]. In support of the Reply, Movants respectfully represent as follows:[2]

**REPLY**

1.    The discrete relief sought in the Motion—lifting the stay (to the extent applicable) to allow Movants and other insureds to access the Excess Policy for Defense Costs and Mediation Expenses—is effectively unopposed. The Plan Administrator "does not generally oppose lifting the stay as to the Excess Policy," "does not oppose lifting the automatic stay," and "do[es] not oppose Movants['] request to access the Excess Policy." Limited Objection ¶¶ 1, 15-16.[3]

---

[2] Capitalized terms used but not defined in this Reply have the meaning given to them in the Motion.

[3] The Plan Administrator nonetheless spills considerable ink arguing that the Wind Down Debtors, despite assuming the Excess Policy, are not bound by BlockFi's agreement not to oppose a motion such as this one. Even if the stay were applicable (which it is not), the Plan Administrator is wrong. By assuming the Excess Policy, the Wind Down Debtors are bound by its terms. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (debtor is required to "assume a contract subject to the benefits and burdens thereunder. The debtor may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other. The *cum onere* rule prevents the bankruptcy estate from avoiding obligations that are an integral part of an assumed agreement.") (cleaned up); *In re G-I Holdings, Inc.*, 580 B.R. 388, 420 (Bankr. D.N.J. Jan. 26, 2018) ("Once an executory contract is properly assumed, the debtor is bound to assume all of its terms *cum onere*—with all of its benefits and burdens. A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply." (cleaned up)). While the Plan Administrator cites general case law on pre-petition waivers of the automatic stay to support its argument that the Wind Down Debtors are not bound by BlockFi's agreement, none of those cases address a contract that was expressly assumed with the assumption then enshrined in a confirmed bankruptcy plan. In any event, there is no need for the Court to rule on this issue given that the Plan Administrator does not oppose the discrete relief sought in the Motion.

2

2. Rather, because of the Insurance Lawsuit the Plan Administrator seeks to add extensive language to Movants' straightforward Proposed Order, claiming it is necessary to avoid "a backdoor finding as to the validity of the Excess Policy." Limited Objection ¶ 1.

3. Nothing in Movants' Proposed Order constitutes such a backdoor finding. The Motion does not ask the Court to issue substantive rulings about the Insurance Lawsuit, and no court would mistake Movants' Proposed Order for doing so. Moreover, any concern the Plan Administrator may have had about waiver or estoppel through non-opposition is fully addressed by the filing of the Limited Objection.

4. The Plan Administrator's proposed language is problematic because it assumes or suggests that the Wind Down Debtors have rights that they do not have. For example, the Plan Administrator's proposed language refers to "rights of BlockFi under the Excess Policy and with respect to the Excess Policy," a purported "right" by BlockFi "to assert otherwise" with respect to insureds being entitled to coverage, and suggests BlockFi has some right to "not consent to the payment of any amounts under the Excess Policy." Limited Objection, Ex. A ¶¶ 4, 7.[4]

5. Nothing in the Excess Policy gives BlockFi any such rights. *See* Motion Ex. 1. On the contrary, there is clear language in the Plan and Confirmation Order, which the Plan Administrator ignores, that coverage under the Excess Policy shall not be terminated or reduced and that Movants and other insureds "shall be entitled to the full benefits" of the Excess Policy. Motion ¶¶ 30-32, 38). Similarly, the Plan Administrator does not dispute that the *proceeds* of the Excess Policy are not property of the Debtors' estates. *Compare* Motion ¶¶ 39-41 (citing case law

---

[4] The Plan Administrator also proposes language that "[n]othing in this Order authorizes any assertion that any party is entitled to coverage under the Excess Policy." Limited Objection, Ex. A ¶ 4. On its face, that language could be read as contradicting the entire point of the Motion and Proposed Order, which is to allow the insureds to seek and assert a right to coverage under the Excess Policy. Read in the context of the Limited Objection, Movants understand the Plan Administrator to intend to say that the Court is not ruling on any assertion of coverage (which the Motion did not ask the Court to do).

3

establishing that while insurance *policies* are property of the estate, the *proceeds* of a Side A policy like the Excess Policy are not) *with* Limited Objection ¶ 8 (arguing only that the *policy* is part of the property of the estate).

6. There is accordingly no basis for the Plan Administrator's proposed language and the Court should enter the straightforward Proposed Order submitted as Exhibit A to the Motion simply authorizing Movants and other insureds to seek coverage for Defense Costs and Mediation Expenses pursuant to the terms and conditions of the Excess Policy.

*[remainder of page intentionally left blank]*

7687919

## CONCLUSION

**WHEREFORE**, Movants respectfully request that this Court enter the Proposed Order attached to the Motion as **Exhibit A** authorizing and permitting payments for Defense Costs and Mediation Expenses in accordance with the terms and conditions of the Excess Policy and grant any such other and further relief as the Court may deem just and appropriate.

Dated: April 22, 2024

        */s/ Warren J. Martin Jr.*
        **PORZIO, BROMBERG & NEWMAN, P.C.**
        Warren J. Martin Jr., Esq.
        Robert M. Schechter, Esq.
        100 Southgate Parkway
        P.O. Box 1997
        Morristown, New Jersey 07962
        (973) 538-4006
        (973) 538-5146 Facsimile
        wjmartin@pbnlaw.com
        rmschechter@pbhlaw.com

        - and –

        **SHEARMAN & STERLING LLP**
        R. Thaddeus Behrens, Esq. (*pro hac vice*)
        Daniel H. Gold, Esq. (*pro hac vice*)
        2601 Olive Street, 17th Floor
        Dallas, TX 75201
        (214) 271-5812
        thad.behrens@shearman.com
        dan.gold@shearman.com

7687919

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, a true and correct copy of the above document has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

>*/s/ Warren J. Martin Jr.*
>Warren J. Martin Jr.

7687919