# STRAFFI & STRAFFI
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| DANIEL E. STRAFFI, ESQ.<br>bktrustee@straffilaw.com | 670 COMMONS WAY<br>TOMS RIVER, NJ 08755<br>T: (732) 341-3800<br>F: (732) 341-3548<br>www.straffilaw.com<br>infodocuments@straffilaw.com | DANIEL E. STRAFFI, JR, ESQ.*<br>familyclient@straffilaw.com<br>bkclient@straffilaw.com<br><br>* R. 1:40 Qualified Mediator |

April 24, 2024

Honorable Michael B. Kaplan
US Bankruptcy Court
402 East State Street
Trenton, NJ 08608

      Re: BlockFi, Inc.
         Case No: 22-19361/MBK
         Notice of Wind-Down Debtors' Seventeenth
         Omnibus Objection to Claims
         April 25, 2024 @ 11:30 am

Dear Judge Kaplan:

Please be respectfully advised that I represent Brandon Weiss, Creditor with respect to the above referenced matter. Please accept this letter brief in lieu of a more formal opposition pursuant to Notice of Wind-Down Debtors' Seventeenth Omnibus Objection to Claims presently scheduled for hearing on April 25, 2024 @ 11:30 am.

## PROCEDURAL HISTORY

BlockFi are debtors in the Chapter 11 cases jointly administered under the case styled *In re BlockFi, Inc., et al.*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

1

**STRAFFI & STRAFFI**
ATTORNEYS AT LAW

| DANIEL E. STRAFFI, ESQ. | 670 COMMONS WAY | DANIEL E. STRAFFI, JR, ESQ.* |
| bktrustee@straffilaw.com | TOMS RIVER, NJ 08755 | familyclient@straffilaw.com |
|  | T: (732) 341-3800 | bkclient@straffilaw.com |
|  | F: (732) 341-3548 |  |
|  | www.straffilaw.com | * R. 1:40 Qualified Mediator |
|  | infodocuments@straffilaw.com |  |

Claimant timely filed proofs of claim numbered 15063, 15069, 18939, 18969, 18974, 18993, and 26899 (the "Claims") against BlockFi Lending LLC. Claim 26899 is the combined claim, which was filed by Haynes/Boone.

On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order"), confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788].

The Plan provides that the Wind-Down Debtors, as managed by the Plan Administrator, have the sole authority to settle or compromise any Disputed Claim[1] without any further notice to or action, order, or approval by the Bankruptcy Court. Plan, Art. VII § B.

The Wind-Down Debtors and the Plan Administrator and their professionals reviewed the Claims to ascertain if and to what extent BlockFi Lending LLC may be liable for such Claims. On March 4, 2024 the Wind-Down Debtors filed the *Seventeenth Omnibus Objection to Claims* [Docket No. 2169], seeking to expunge Claim Nos. 15063, 15069, 18939, 18969, 18974, and 18993, and seeking to modify Claim No. 26899 to match the Wind-Down Debtors' books and records.

---

[1] Disputed Claim has the meaning ascribed to it in the Plan.

2

# STRAFFI & STRAFFI
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| DANIEL E. STRAFFI, ESQ.<br>bktrustee@straffilaw.com | 670 COMMONS WAY<br>TOMS RIVER, NJ 08755<br>T: (732) 341-3800<br>F: (732) 341-3548<br>www.straffilaw.com<br>infodocuments@straffilaw.com | DANIEL E. STRAFFI, JR, ESQ.*<br>familyclient@straffilaw.com<br>bkclient@straffilaw.com<br><br>* R. 1:40 Qualified Mediator |

The undersigned counsel requested an adjournment of the hearing as to the Claims in order to review and discuss with counsel for the Plan Administrator. Unfortunately, no settlement was able to be reached between the parties.

## LEGAL ARGUMENT

## THE FLUCTUATION IN VALUATION OF CRYPTO CURRENCY SHOULD BE TO THE BENEFIT OF THE CREDITOR, AKIN TO THE VALUATION BENEFIT AFFORDED TO A TRUSTEE REPRESENTING CREDITORS UNDER §348

While the undersigned acknowledges and recognizes that the Court has been inundated with hundreds – if not thousands – of objections to date by creditors that are rightfully upset at the treatment of their claims and the losses they have incurred as a result this bankruptcy filing, it is important to still explore and review the manner in which these unique claims are viewed by the Court herein and moving forward. This is especially so in light of recent, significant movement pertaining to decisions that have favored creditor as to the valuation of assets. This particular form of claim (and asset) will be one that the Court will have to grapple with as far as valuation and fairness to the general creditor base moving forward.

Crypto currency is a new frontier in the Chapter 11 Reorganization. These are unique assets with unique attributes, far different from the normal course assets seen in more common manufacturing and service industry bankruptcy filings. The Debtor here is an exchange of currencies in a highly unregulated industry. It cannot be said upon the clear timing of this bankruptcy that the tens of thousands of individual investors included in Debtor's bankruptcy filing were subject to targeted manipulation of the crypto market. They were victimized by this new marketplace.

**STRAFFI & STRAFFI**
ATTORNEYS AT LAW

| DANIEL E. STRAFFI, ESQ. | 670 COMMONS WAY | DANIEL E. STRAFFI, JR, ESQ.* |
| bktrustee@straffilaw.com | TOMS RIVER, NJ 08755 | familyclient@straffilaw.com |
| | T: (732) 341-3800 | bkclient@straffilaw.com |
| | F: (732) 341-3548 | |
| | www.straffilaw.com | * R. 1:40 Qualified Mediator |
| | infodocuments@straffilaw.com | |

Bitcoin – the most traded crypto currency and benchmark for the crypto market – was at an all-time recent low at the time of Debtor's filing as a result of Blockfi's action. Since the filing, the market has tripled. The Debtor should not be the beneficiary of such manipulation. The Creditor seeks only the present value of the crypto – akin to where a Chapter 7 Trustee sits at the time of conversion when it comes to real property. Real property being the only "brick and mortar" asset that has the same type of significant market fluctuation as crypto, though not nearly as volatile. A Chapter 7 Trustee stands in the shoes of the Debtor for the benefit of all creditors. A Chapter 11 Debtor in Possession should bear the same responsibility to creditors when it comes to this new form of asset, rather than taking advantage of it.

Section 348(f)(1) provides:

> (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
>
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;
>
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan ....

11 U.S.C. §§ 348(f)(1)(A) and (B).

STRAFFI
&STRAFFI
ATTORNEYS       AT LAW

| DANIEL E. STRAFFI, ESQ. | 670 COMMONS WAY | DANIEL E. STRAFFI, JR, ESQ.* |
| bktrustee@straffilaw.com | TOMS RIVER, NJ 08755 | familyclient@straffilaw.com |
| | T: (732) 341-3800 | bkclient@straffilaw.com |
| | F: (732) 341-3548 | |
| | www.straffilaw.com | * R. 1:40 Qualified Mediator |
| | infodocuments@straffilaw.com | |

The valuation of crypto at the time of distribution should be akin to the appreciation valuation of real property to the benefit of creditors seen in conversions from Chapter 13 to Chapter 7. *See In re Castleman* 631 BR 914 (Bankr.W.D. Wash 2021). The Court in Castleman provided an extensive analysis as to the prevailing valuation of property value at the time of conversion. It provided a comprehensive review of the difference in approach, namely the Cofer and Goins approaches.

When analyzing the impact of 11 U.S.C. § 348(f)(1) on changes in property value or net equity between the petition date and the date of conversion from Chapter 13 to Chapter 7, courts that held that any increase in net value of an asset the debtor owned at the date of petition that remains in the debtor's possession or control at conversion to Chapter 7 inures to the benefit of the debtor, absent bad faith, follow the Cofer approach. See *In re Cofer*, 625 B.R. 194, 202 (Bankr. D. Idaho 2021). The Goins analysis held that any appreciation or increase in net value inures to the Chapter 7 estate. *See In re Goins*, 539 B.R. 510, 516 (Bankr. E.D. Va. 2015).

After an extensive review of the dueling approaches and legislative history, the Court in Castleman surmised:

"In 2005, Section 348(f)(1)(B) was amended to indicate that valuations made prior to conversion from Chapter 13 to Chapter 7 are not binding. The Trustee argues that this change indicates that the Chapter 7 estate includes any post-petition, pre-conversion appreciation in value. However, as one court correctly noted, valuation does not mean value and the valuation provision in Section 348(f)(1)(B) was irrelevant to interpretation of Section 348(f)(1)(A) even prior to the 2005 amendment. *In re Lang*, 437 B.R. at 72–73. The 2005 amendment to Section 348(f)(1)(B) is therefore irrelevant to interpretation of Section 348(f)(1)(A).

5

# STRAFFI & STRAFFI
### ATTORNEYS AT LAW

| DANIEL E. STRAFFI, ESQ. | 670 COMMONS WAY | DANIEL E. STRAFFI, JR, ESQ.* |
| --- | --- | --- |
| bktrustee@straffilaw.com | TOMS RIVER, NJ 08755 | familyclient@straffilaw.com |
| | T: (732) 341-3800 | bkclient@straffilaw.com |
| | F: (732) 341-3548 | |
| | www.straffilaw.com | * R. 1:40 Qualified Mediator |
| | infodocuments@straffilaw.com | |

The meaning of Section 348(f)(1)(A) is clear. The failure of the provision to address the example of a risk of conversion from Chapter 13 to Chapter 7 discussed in the House Report does not create ambiguity or put the provision at odds with overall legislative intent. There is no reason to read into the statute words which are not there. I therefore conclude that the full value of the Real Property is property of the Chapter 7 estate including any post-petition appreciation." *See In re Castleman* 631 BR 914 at 918 (Bankr. W.D. Wash 2021).

Here, the individual investor creditors stand on their own, seeking only the currency they came in with in return. To deny the Creditors either the return of the crypto currency or, alternatively, the full value of their crypto currency at the time of distribution (akin to a Chapter 7 Trustee at the time of conversion) only subjects creditors to greater manipulation and loss in what is already an excessively volatile, unregulated and unknown market place. This is an important step for purposes of this Debtor, but also future potential Debtors in the crypto space that may avail themselves to such an opportunity to take advantage of the common individual investor who comprise the heart of the creditor base herein and moving forward.

A simple distribution that places value on an individual investor's ability to retain the crypto currency – win or lose as it pertains to market fluctuation moving forward from the time of filing – will add a layer of protection from future manipulation and provide individuals the confidence to invest in the crypto marketplace.

The majority of crypto investors willingly accept the voluntary risk of the market. This should not be confused as being a free pass for present and future Debtors in this space to be able to manipulate and take advantage of old bankruptcy administration and practices that do not translate well to this new frontier.



| DANIEL E. STRAFFI, ESQ.<br>bktrustee@straffilaw.com | 670 COMMONS WAY<br>TOMS RIVER, NJ 08755<br>T: (732) 341-3800<br>F: (732) 341-3548<br>www.straffilaw.com<br>infodocuments@straffilaw.com | DANIEL E. STRAFFI, JR, ESQ.*<br>familyclient@straffilaw.com<br>bkclient@straffilaw.com<br><br>* R. 1:40 Qualified Mediator |
|---|---|---|

For all of the foregoing reasons, it is respectfully requested that Mr. Weiss's claim be modified to reflect and represent the true present value of the currencies maintained in his BlockFi account prior to filing. Thank you for Your Honor's consideration of the foregoing.

Respectfully submitted,

Daniel E. Straffi, Jr.

DES:jm

cc:    Lauren Sisson, Esq., Attorney for Debtor (via email only)