**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BLOCKFI INC., *et al.,*

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**Order Filed on May 6, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# STIPULATION AND ORDER BY AND AMONG WIND-DOWN DEBTORS AND JOSEPH GRIFFIN

The relief requested on the following pages is hereby ORDERED.

**DATED: May 6, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND ORDER BY AND AMONG**
**WIND-DOWN DEBTORS AND JOSEPH GRIFFIN**

BlockFi Inc. and its affiliated debtors ("**BlockFi**," "**Wind-Down Debtors**," or referred to in the past tense as the "**Debtors**"), on the one hand, and Joseph Griffin ("**Griffin**"), on the other hand, by and through their respective undersigned counsel, hereby agree and stipulate (this "**Stipulation and Order**"), and respectfully state as follows:

**Recitals**

A.  BlockFi are debtors in the Chapter 11 cases jointly-administered under the case captioned *In re BlockFi, Inc., et al.*, Case No. 22-19361 (MBK), pending in the United States Bankruptcy Court for the District of New Jersey ("**Bankruptcy Court**"), the Honorable Michael B. Kaplan presiding.

B.  On November 28, 2022 ("**Petition Date**"), Debtors commenced these chapter 11 cases ("**Chapter 11 Cases**") by filing voluntary petitions for relief in the Bankruptcy Court under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**").

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

C. On August 3, 2023, Debtors filed their *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (ECF No. 1309) (as subsequently modified and approved, "**Plan**").

D. On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (ECF No. 1660) ("**Confirmation Order**") confirming the Plan. The Plan went effective on October 24, 2023 (ECF No. 1788).

E. The Plan provides that the Wind-Down Debtors, as managed by the Plan Administrator[2], have the sole authority to wind-down the Debtors' estates as successors to the Debtors' rights, title, and interests to the Wind-Down Debtors' Assets, including, but not limited to, by entering into any agreement consistent with the Plan, the Confirmation Order, or the Wind-Down Trustee Agreement, and performing all obligations thereunder. Plan, Art. IV § D.

F. Prior to the Petition Date, on May 12, 2022, Mr. Joseph Griffin ("**Griffin**") errantly sent USDC tokens totaling $949,992.33 ("**Griffin USDC Funds**") to digital wallet address 0x085bE2BA51431fBB0Db840a13B091AfA83c26ce7 on the BNB blockchain (rather than the Ethereum blockchain required by BlockFi's systems), which has the designated contract creator name "BlockFi 2." *See* **Exhibit A** (the "**Griffin USDC Funds Records**"). The transaction hash reflecting this transaction is 0x9e163c8589a993961960c704a0328552d4d56e6ac733cbc9c6da02016150756a.

---

[2] Capitalized terms used but not defined in this Stipulation and Order have the meanings ascribed to them in the Plan.

G. Both before and after the Petition Date, Griffin and his representatives made repeated attempts to have this errant transaction reversed and the Griffin USDC Funds returned, but these attempts were unsuccessful despite best efforts as result of the Griffin USDC Funds being sent on an incorrect blockchain.

H. The Plan Administrator, as manager of the Wind-Down Debtors' estate, reviewed the Debtors books and records, confirmed to Griffin that after checking the Debtors' books and records that the Griffin USDC Funds could not be processed and were not processed prior to the Petition Date due to improper instructions (*i.e.*, transferring the USDC funds on the BNB blockchain rather than the Ethereum blockchain).

I. Griffin has asserted that the Griffin USDC Funds qualify as an "Invalid Wire Transfer" pursuant to Section VI.C.7 of the Plan; and, thus the Plan Administrator is obligated to attempt to return such funds. The Plan Administrator investigated the technical issues involved in returning the Griffin USDC Funds and determined that the Plan Administrator is unable, as a technical matter, to return the Griffin USDC Funds without assistance from a third party.

J. Through this review and confirmation process, undersigned counsel for the Plan Administrator identified BitGo as the relevant intermediary of the Griffin transaction. However, Griffin's attempts to retrieve the Griffin USDC Funds at BitGo also proved fruitless.

K. Recognizing that the Griffin USDC Funds are unretrievable; and, thus the Plan Administrator is currently unable to implement Section VI.C.7 of the Plan as requested, to fully resolve the issues discussed, and to facilitate the resolution of the Griffin USDC Funds while avoiding the unnecessary cost and time associated with protracted motion practice, the Plan Administrator on behalf of the Wind-Down Debtors and Griffin (each a "**Party**" and, collectively, "**Parties**") have agreed to enter into and now jointly submit this Stipulation and Order.

L. On information and belief, the Parties understand that Circle Internet Financial, LLC ("**Circle**"), as the issuer of USDC stablecoins, is able to burn (*e.g.*, cancel) specific USDC, and then reissue and replace the cancelled USDC with newly minted USDC to a designated digital wallet address.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED,** based on the foregoing recitals, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, and intending to be legally bound hereby, the Parties hereto agree, by and through their respective counsel below, as follows:

1. The above recitals are incorporated in this Stipulation and Order in their entirety.

2. The Griffin USDC Funds shall be deemed Invalid Wire Transfers pursuant to Section VI.C.7 of the Plan. The Plan Administrator waives any claim to the Griffin USDC Funds and the Griffin USDC Funds are the sole property of Griffin.

3. To implement Section VI.C.7 of the Plan, upon the entry of this Stipulation and Order by the Bankruptcy Court (the date reflected by the entry of such on the Bankruptcy Court docket, "**Approval Effective Date**"), and pursuant to the terms and agreements more fully set forth below, any party served with this Stipulation and Order shall take all reasonable and necessary steps to burn and reissue and replace the Griffin USDC Funds.

4. Griffin is authorized and empowered to take all reasonable steps necessary to implement and effectuate the intent of this Stipulation and Order.

5. Griffin shall indemnify and hold harmless the Wind-Down Debtors with respect to any costs incurred subsequent to and as a result of the entry of this Stipulation and Order.

6. This Stipulation and Order is plainly within the range of reasonableness and in the best interests of Debtors and their estates and the creditors in these Chapter 11 Cases. On the Approval Effective Date, this Stipulation and Order is granted, approved, and authorized by the Bankruptcy Court, and the Plan Administrator is authorized and directed to perform in accordance with the terms of this Stipulation and Order.

7. Nothing in this Stipulation and Order will in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and Order.

8. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, will constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) will be deemed an original.

9. This Stipulation and Order constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation and Order with respect to its subject matter. The terms of this Stipulation and Order are contractual and not merely recitals. This Stipulation and Order may not be modified, amended, altered, changed, or waived except in a writing and duly executed by all Parties or by further order of the Bankruptcy Court.

10. The Parties acknowledge: (a) they have carefully read and fully understand the terms of this Stipulation and Order; (b) this Stipulation and Order shall be construed in all respects

5

as jointly drafted, and shall not be construed in any way against any other Party hereto on the grounds that the Party was the drafter of this Stipulation and Order, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Stipulation and Order; and (c) they discussed this Stipulation and Order with counsel and understand this Stipulation and Order fully and completely.

11. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order and, have obtained all required consents, and have had full opportunity to consult with legal counsel regarding the terms hereof. The Parties entered into this Stipulation and Order knowingly and voluntarily and agree to all of its provisions.

12. Each of the Parties warrants and represents to the other Party that, as of the date of this Stipulation and Order, it has not heretofore assigned, encumbered, hypothecated, or transferred, or purported to assign, encumber, hypothecate, or transfer, to any other person or entity in any manner, including by way of subrogation, any claim, demand, right, or cause of action released herein or relating thereto.

13. This Stipulation and Order will be filed and become part of the record in the Chapter 11 Cases.

14. This Stipulation and Order will be binding on and inure to the benefit of each Party hereto and each of their respective successors and assigns, if any. Nothing in this Stipulation and Order is intended to confer upon any other person, whether or not named herein, any rights or remedies of any nature whatsoever under or by reason of this Stipulation and Order. Except as otherwise expressly agreed herein, the Parties reserve all their respective rights and defenses with respect to any claims not resolved through this Stipulation and Order.

15. The Bankruptcy Court will retain exclusive jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

16. This Stipulation and Order is subject to the approval of the Bankruptcy Court and will be of no force and effect unless and until such approval is obtained. In the event that Debtors do not obtain Bankruptcy Court approval of this Stipulation and Order, and the Approval Effective Date will not occur, this Stipulation and Order will be unenforceable, null and void, and will be deemed to have been for settlement purposes only, subject to Federal Rule of Evidence 408 and similar rules, and the Parties will be restored to their positions as if this Stipulation and Order were never agreed among them.

[*Signature Page Immediately Follows*]

| | |
|---|---|
| Date:  May 3, 2024 | Date:  May 3, 2024<br>New York, New York |
| **GENOVA BURNS LLC** | **MORRISON COHEN LLP** |
| By: _/s/ Daniel M. Stolz_<br>    Daniel M. Stolz, Esq.<br>    Donald W. Clarke, Esq.<br><br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>Dstolz@genovaburns.com<br>Dclarke@genovaburns.com<br><br>*Local Counsel to the Plan Administrator*<br><br>**BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (*pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (*pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel to the Plan Administrator* | By: _/s/ Heath D. Rosenblat_<br>    Heath D. Rosenblat, Esq.<br><br>909 Third Avenue, 27th Floor<br>New York, New York 10022<br>(212) 735-8600<br>Hrosenblat@morrisoncohen.com<br><br>*Counsel to Joseph Griffin* |

#12931389v7\031668\0001