

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| **PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Esq. (wjmartin@pbnlaw.com)<br>Robert M. Schechter, Esq.<br>(rmschechter@pbnlaw.com)<br><br>*Attorneys for Zachary Prince and Flori Marquez* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] |

Order Filed on May 8, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 22-19361 (MBK)

(Jointly Administered)

**Hearing Date and Time:**
**April 25, 2024 at 11:30 a.m. (EST)**

### ORDER GRANTING MOTION OF ZACHARY PRINCE AND FLORI MARQUEZ FOR AN ORDER TO ALLOW INSURED PERSONS TO ACCESS EXCESS DIRECTORS AND OFFICERS INSURANCE POLICY FOR DEFENSE COSTS

The relief set forth on the following pages, numbered two (2) through five (5) is **ORDERED**.

**DATED: May 8, 2024**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon consideration of the Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interest of all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Movants and the other insured persons (including but not limited to all defendants in the Securities Lawsuit) under the Excess Policy are hereby authorized and permitted to seek coverage for Defense Costs and Mediation Expenses pursuant to the terms and conditions of the Excess Policy.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. To the extent applicable, the provisions of the Plan, Confirmation Order and/or automatic stay are waived or do not apply to bar the relief sought in the Motion and/or the payment of covered claims by the carriers under the Excess Policy.

4. Nothing in this Order shall alter, amend, or modify any of the terms, conditions, or provisions of the Excess Policy, which shall remain in full force and effect. All rights of the Wind-Down Debtors, insureds and insurers under the Excess Policy are mutually reserved.

5. For purposes of clarity the Court notes that it is not ruling on any assertions of coverage and that this ruling is limited to authorizing Movants and the other insured persons under the Excess Policy only to assert such rights, if any, to access the Excess Policy for covered Defense Costs and Mediation Expenses.

6. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

7. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

8. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.