NOT FOR PUBLICATION

<table>
<tr><td>

UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR
9004-1(b)**

---

In Re:
     BlockFi, Inc.,
             Debtors

</td><td>

Case No. 22-19361 (MBK)

Hearing Date: April 25, 2024

Chapter 11

Judge:  Michael B. Kaplan

</td></tr>
</table>

## MEMORANDUM DECISION

This matter comes before the Court upon Mr. Van Tubergen's ("Van Tubergen") Motion for Reconsideration (the "Motion") (ECF No. 2142) of this Court's Opinion (the "Opinion") (ECF No. 2120) and subsequent Order (ECF No. 2121) granting the Wind-Down Debtor's ("BlockFi") Seventh Omnibus Objection to Claim No. 7233 (the "Order"), issued on February 8, 2024. In his submission, Van Tubergen asks this Court to reconsider its Order reducing Van Tubergen's claim from $10 million to $19.07. The Court fully considered the parties' submissions, as well as the arguments presented during the hearing held on April 25, 2024 (the "Hearing"). For the reasons set forth below, the Court declines to alter, amend, or provide relief from this Court's prior Order.

### I.    Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The claims review process is a statutory core proceeding and this Court has constitutional authority to enter a final

order. 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and

1409. The following constitutes the Court's finding of fact pursuant to FED. R. BANKR. P. 7052.[1]

## II.    Background and Procedural History

The factual background and procedural history of this matter are well known to the parties and

the portions relevant to the instant Motion are set forth in this Court's February 8, 2024 Opinion.

As such, they will not be repeated in detail here.

In brief, on April 17, 2019, Van Tubergen and BlockFi Lending LLC entered into a prepetition

lending relationship and executed Loan Service Agreements ("LSAs"), which functioned as the

governing documents for the transactions. *See Wind Down Debtors' Reply to Response to Debtors'*

*Seventh Omnibus Objection to Claim No. 7233 of John V. Van Tubergen Jr.* ("Wind Down

Debtors' Reply"), Exhibit I, Flori Marquez Cert., ¶ 5, ECF No. 1963-10. The LSAs featured certain

provisions for the liquidation of the collateral used to secure Van Tubergen's loans. *See Wind*

*Down Debtors' Reply* ¶ 1, ECF No. 1963. Specifically, the LSAs required Van Tubergen to

maintain a Loan to Value ("LTV") ratio where the outstanding principal balance of the loan was

less than or equal to a certain percentage of the market value of the collateral. *Id.* The LSAs

established a specific LTV ratio requirement that authorized BlockFi to liquidate the collateral

with seventy-two (72) hours' notice if the LTV ratio of the collateral rose above 70% ("Triggering

Point").[2] *See JVT Cert.*, Exhibit B ¶ 7(a), ECF No. 1496-3. Once BlockFi gave such notice, the

LSAs provided that Van Tubergen could avoid liquidation by depositing additional collateral into

his account to re-establish an LTV of fifty (50%) to seventy (70%) percent. *Id.* The LSAs

additionally gave BlockFi the right to immediately liquidate the loan, without notice, if the LTV

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

[2] With the exception of Loan No. 1a118e43, which had an 80% Triggering Point.

ratio rose above eighty percent (80%). *Id.* Lastly, the LSAs defined market value as either the "product of the amount of the collateral times the last trade price for that type of collateral on the Gemini website *or the market value determined by BlockFi in its reasonable discretion*." *See JVT Reply*, Exhibit B, Section 7, ECF No. 1496-3 (emphasis added). BlockFi sold Van Tubergen's collateral based on an LTV ratio calculated using BlockFi's methodology. Van Tubergen argued that BlockFi applied the incorrect calculation to his collateral. In its Opinion, the Court found that BlockFi correctly liquidated Van Tubergen's collateral because the LSAs specifically gave BlockFi discretion to choose the calculation method and because BlockFi's calculation method was reasonable. Van Tubergen now seeks reconsideration of those findings.

**III.     Standard of Review**

As Van Tubergen points out, the Federal Rules of Bankruptcy Procedure do not recognize a "motion for reconsideration", nor is it provided for in the Local Bankruptcy Rules. However, litigants may seek relief from an order of the bankruptcy court under Federal Rules of Civil Procedure 59 or 60, made applicable to bankruptcy cases through the Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively. Van Tubergen cites to both Rule 59(e) and 60(b) in his brief in support of the Motion.

Under Rule 60(b), there are six (6) enumerated bases for relief from any order of the bankruptcy court—many of which mirror the grounds for relief in a Rule 59(e) motion, including "mistake inadvertence, surprise, or excusable neglect". FED. R. CIV. P. 60(b)(1). Rule 60(b) includes a "catch-all" basis, which indicates that a court may reconsider a prior order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, a motion for reconsideration "is an extraordinary remedy and is only appropriate in select and narrow instances." *McClees*, 2023 WL 4110656, at \*2 (Bankr. D.N.J. June 20, 2023). Further, the moving party holds the heavy

burden of demonstrating more than mere disagreement with a Court's decision. *Id.* Nonetheless, "[i]n exercising its discretion in ruling on a motion for re-argument or reconsideration, the [c]ourt must keep an open mind . . . the [c]ourt should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear legal error." *Walzer v. Muriel Siebert & Co., Inc.*, 2010 WL 4366197, at 1 (D.N.J. Oct. 28, 2010), aff'd sub nom. *Walzer v. Muriel Siebert & Co.*, 447 F. App'x 377 (3d Cir. 2011) (citing *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A court should only grant a Rule 59(e) motion

> where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (internal quotations and citations omitted).

This Court recognizes that, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of, or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *In re Christie*, 222 B.R. 64, 67–68 (Bankr. D.N.J. 1998). Lastly, this Court notes that reconsideration is an extraordinary remedy, and such motions should be granted sparingly. *See Lonvv. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604 (3d Cir. 1991).

After reviewing the submissions, the Court finds that Van Tubergen fails to sufficiently establish that reconsideration is appropriate under Rule 59(e) and Rule 60(b).

## IV.    Discussion

In support of his Motion, Van Tubergen asserts four (4) main arguments: (1) the Court was mistaken in adopting BlockFi's Loan to Value ("LTV") ratio calculation; (2) the Court overlooked

the applicability of Michigan law; (3) the Court's Opinion should be amended to reflect that BlockFi failed provide sufficient evidence of the issuance of notices required under the LSAs; and (4) the Opinion should be altered to reflect that BlockFi effectively admitted that it wrongfully liquidated Van Tubergen's collateral in connection with Loan No. 558207(a)(5).

In his Motion, Van Tubergen alleges mistake and failure to consider applicable law. Ultimately, the Court is not persuaded by Van Tubergen's arguments. Instead, this Court views Van Tubergen's Motion as an attempt to take a second bite at the apple. Indeed, the arguments raised in the Motion are not new— the parties briefed these arguments in the context of the initial claim objection and, following oral argument the Court issued its decision. The instant Motion offers no basis for reconsideration of the Court's decision.

## V.    The Acceptable LTV Calculation Method

In his Motion, Van Tubergen re-asserts his belief, without any additional evidence or information, that BlockFi employed—and that this Court incorrectly accepted—BlockFi's LTV calculation method. As explained in this Court's Opinion, BlockFi adopted the lowest price point for each digital asset for purposes of valuation and liquidation of Van Tubergen's collateral. BlockFi then used that valuation of collateral to calculate the loan's LTV. Van Tubergen argues that BlockFi's LTV methodology was "patently unreasonable and uncertain as a matter of fact." *See Van Tubergen Motion* ¶ 2, ECF No. 2142-1.

However, as noted in this Court's prior decision, the LSAs explicitly define market value for purposes of calculating the LTV as either the "product of the amount of the collateral times the [first] trade price for that type of collateral on the Gemini website *or* the market value determined by BlockFi in its *reasonable discretion*." *See JVT Cert.*, Exhibit B ¶ 7(a), ECF No. 1496-3. (emphasis added). The LSAs clearly afford BlockFi discretion to determine the LTV formula

calculation. This Court previously determined BlockFi's utilized reasonable discretion in adopting

its LTV calculation method. Van Tubergen offers no basis for this Court to revisit or amend the

Court's prior finding.

In support of his Motion, Van Tubergen advocates for application of his own LTV calculation

and asks this Court to take judicial notice of certain market data. However, his position ignores the

parties' agreement. The LSAs' language does not require BlockFi to adopt any specific calculation

method. Instead, it merely requires that BlockFi use reasonable discretion when determining a

market value to apply in the LTV calculation.  Thus, in the underlying claims objection, BlockFi

was not obligated to establish that its valuation method was the *sole* or *best* available option—it

only had to demonstrate that the discretion it used in making the relevant valuations was

reasonable.  The Court found that BlockFi satisfied that burden.  The basis for that conclusion is

set forth in the challenged Opinion and will not be repeated here.  Even assuming that Van

Tubergen's methodology is reasonable, or even *more* reasonable, BlockFi was not obligated to use

it. The LSAs—agreements into which Van Tubergen entered voluntarily—gave BlockFi discretion

to choose its valuation methodology. The Court found that its methodology was reasonable, and

Van Tubergen's present Motion offers no reason for altering that conclusion.

Next, in support of his Motion, Van Tubergen asserts that BlockFi provided an insufficient

explanation for its valuation method, and further argues that to the extent this Court finds BlockFi

did provide an explanation, this Court should find BlockFi's valuation method "patently

unreasonable." *Van Tubergen Brief* at 9, ECF No. 2142-1. In addition, Van Tubergen asks this

Court to take judicial notice of certain market data he provided from the Gemini Database. *Van

Tubergen Brief* at 14. The Court reiterates that BlockFi adequately explained the basis for its

calculations, which used the lowest price point for each digital asset for purposes of collateral

valuation and liquidation. Van Tubergen acknowledges that, among other things, BlockFi "presented certain charts depicting the LTV calculations." *Van Tubergen Brief* at 13 (citing *Wind-Down Debtors' Reply*, ECF No. 1963).  In light of BlockFi's explanations and submissions, this Court determined that BlockFi's methodology was reasonable.  The basis for that conclusion is set forth in the challenged Opinion and will not be repeated here.  To the extent Mr. Van Tubergen disagrees, he may file an appeal; however, his Motion does not warrant reconsideration of the Court's decision.

Van Tubergen also asserts that this Court erred by relying on the testimony of Flori Marquez. At the time of the January 16, 2024 hearing, Van Tubergen did not object to the introduction of Ms. Marquez's testimony and, thus, effectively waived any objections to the entry of her testimony into evidence. Nevertheless, the Court determines that Van Tubergen's arguments regarding Ms. Marquez's testimony are without merit.  Van Tubergen focuses on that fact that Ms. Marquez could not remember the name of certain pricing feeds BlockFi had used in prior years, and he alleges that her knowledge is secondhand because she relied on "separate teams comprised of BlockFi employees and even non BlockFi employees such as attorneys and outside advisors." *Van Tubergen Brief* at 9. In sum, Van Tubergen argues that Ms. Marquez lacks the requisite personal knowledge under the Federal Rule of Evidence 602. However, Rule 602's personal knowledge requirement does not require a witness to have a perfect memory; rather, "personal knowledge may consist of what the witness thinks he knows from personal perception." *C.P. v. New Jersey Dep't of Educ.*, 2022 WL 21297115, at *2 (D.N.J. Sept. 7, 2022). Moreover, Ms. Marquez testified that "she looked through the loan's transactions history and [their] books and records" and that she was part of the team that prepared the charts for her certification—all of which suggests personal knowledge. *Van Tubergen Motion, Exhibit OO, January 16, 2024 Hr'g Tr.* 54:2-6. As such, the

Court finds no issue with Ms. Marquez's testimony. Furthermore, the Court notes that it did not rely solely on Ms. Marquez's testimony in reaching its conclusion. Thus, nothing in Van Tubergen's arguments warrant amendment of this Court's prior Order.

## VI.    Applicability of Michigan Law

Van Tubergen argues that this Court's Opinion gave "insufficient consideration" to the applicability of Michigan law and that the Opinion incorrectly suggested that Van Tubergen's arguments thereunder were premised on solely a "straight breach of contract analysis." *Van Tubergen Brief* at 13. However, Van Tubergen's state law claims for breach of contract and the covenant of good faith and fair dealing are undeniably bottomed on his contention that BlockFi breached the parties' agreement—the controlling LSAs.

At the outset, this Court notes that it already determined that BlockFi did not breach the parties' agreement and that the contract was not unconscionable given that Van Tubergen was a sophisticated investor who knew the risks of his investments. The Court takes this opportunity to clarify that there was no violation under Michigan law for claims of unconscionability or breach of contract. Van Tubergen's arguments are bottomed on alleged breaches of good faith and fair dealing, unconscionability, and common law agency law. Based on the evidence presented, this Court summarily determined that there was no unconscionability or breach of good faith and fair dealing. This Court finds it unnecessary to delve further into the applicability of Michigan law. Simply put, Van Tubergen cannot present a claim under Michigan law and an analysis under Michigan law at this time would be a futile exercise. Nothing in the Motion warrants reconsideration of the Court's original Opinion. Rather, Van Tubergen simply disagrees with this Court's Opinion and, in such a case, Van Tubergen's concerns are more appropriately addressed on appeal.

### VII.    BlockFi Provided Sufficient Notice Under the LSAs

In his Motion, Van Tubergen asserts that BlockFi did not provide him with the required seventy-two (72) hour notice prior to liquidating his loans, and that this Court erred in ruling that BlockFi's notice was sufficient. Van Tubergen argues that reconsideration is proper because the record establishes that BlockFi did not comply with the requisite seventy-two (72) hour notice period. *Van Tubergen Brief* at 24.

In a section labeled "Other Proposed Amendments and Alterations to the Decision", Van Tubergen alleges that BlockFi did not place proof of the notices for liquidation into evidence. *Van Tubergen Brief* at 18. However, Van Tubergen fails to explain how the Court's prior finding on notice was made in error. Rather, he simply argues that the evidence BlockFi offered "[was] merely data purporting that such notices were issued, however it is not tantamount to the notices themselves." *Id.* The Court determined that Van Tubergen did not satisfy his burden at the time of the initial claim objection, and Van Tubergen provides no basis for reconsideration of the Court's decision here.

First, BlockFi *did* produce evidence of notice in the form of multiple emails sent to Van Tubergen.[3] Moreover, the only evidence Van Tubergen presented of notice regarding Loan #3 demonstrates that he did, in fact, receive notice that his loan was in default and that his collateral was "eligible for sale." *Sur-Reply, Exhibit II,* ECF No. 2039-2. The Court made findings regarding the issue of notice in the prior Opinion and Van Tubergen's Motion simply reiterates the arguments previously presented to this Court. To the extent Van Tubergen disagrees with this Court's findings, he may raise those issues on appeal.

---

[3] This document does not appear on the docket and was admitted into evidence at the evidentiary hearing held on January 16, 2024.

**VIII.   BlockFi's Alleged Wrongful Liquidation of Loan No. 558207(a)(5)**

Next, in the same section of his brief, Van Tubergen asks this Court to alter its Opinion to find that BlockFi effectively admitted that it wrongfully liquidated Van Tubergen's collateral for Loan No. 558207(a)(5). This Court finds that Van Tubergen's argument is undeveloped and does not warrant further discussion beyond the basis that this Court set forth in its Opinion. This Court does not view BlockFi as having admitted a breach in its liquidation process. To the extent Van Tubergen is dissatisfied with the Court's Opinion, Van Tubergen can properly raise his arguments in an appeal.

**IX.     Van Tubergen's Alternative Relief to the Order**

Finally, in his Motion Van Tubergen invokes Bankruptcy Rule 8007, which provides that "[o]rdinarily, a party must move first in the bankruptcy court for . . . (A) a stay of a judgement, order or decree of the bankruptcy court pending appeal[.]" FED R. BANKR. P. 8007(A)(1)(A).  Given that no notice of appeal has been filed in this matter, the Court declines to address this matter further.

[Remainder of page intentionally left blank.]

**X.      Conclusion**

In conclusion, Van Tubergen fails to establish an intervening change in controlling law; the

availability of new evidence; the need to correct a clear error of law or fact, or to prevent manifest

injustice; or any other grounds that would warrant reconsideration under either Rule 59(e) or 60(b).

Rather, Van Tubergen seeks to relitigate matters that were, or could have been, raised at the time

of the initial claim objection.

For the aforementioned reasons, this Court denies Van Tubergen's Motion for

Reconsideration.  The Court will enter an appropriate Order.

Dated: May 16, 2024

                                            Honorable Michael B. Kaplan
                                            United States Bankruptcy Judge

United States Bankruptcy Court
District of New Jersey

In re:                                                                                          Case No. 22-19361-MBK

BlockFi Inc.                                                                                 Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                              User: admin                                      Page 1 of 11
Date Rcvd: May 16, 2024                     Form ID: pdf903                               Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
             regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 18, 2024:**

**Recip ID**          **Recipient Name and Address**
db               +  BlockFi Inc., c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019-5905

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 18, 2024                              Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 16, 2024 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Aaron Garber | |
| | on behalf of Creditor Kristen Vorhees agarber@wgwc-law.com |
| Adam S. Ravin | |
| | on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation) adam.ravin@lw.com |
| Alan Stuart Maza | |
| | on behalf of Creditor Securities and Exchange Commission mazaa@sec.gov  mazaa@sec.gov |
| Allen I Gorski | |
| | on behalf of Creditor Estate of Herman Katzenell agorski@gorskiknowlton.com |
| Allen I Gorski | |
| | on behalf of Creditor Nancy Fout agorski@gorskiknowlton.com |
| Allen Joseph Underwood, II | |
| | on behalf of Interested Party Genesis Global Holdco LLC  Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd. aunderwood@litedepalma.com, ajunderwood@ecf.courtdrive.com;grodriguez@litedepalma.com |

District/off: 0312-3                          User: admin                                    Page 2 of 11
Date Rcvd: May 16, 2024                    Form ID: pdf903                             Total Noticed: 1

Andrew Marks
    on behalf of Creditor Matthew Gordon jcardenas@dorflaw.com

Anna Pia Felix
    on behalf of Creditor Yuri Mushkin afelix@lpgmlaw.com

Anthony J D'Artiglio
    on behalf of Creditor Kyle Klaus ADARTIGLIO@ANSELL.LAW  courtfilings@ansell.law

Barbra Rachel Parlin
    on behalf of Creditor Silvergate Bank barbra.parlin@hklaw.com
    elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com,HAPI@HKLAW.COM;hapi@hklaw.com;jjalemany@hklaw.com

Brett S. Theisen
    on behalf of Unknown Role Type Ankura Trust Company  LLC btheisen@gibbonslaw.com, nmitchell@gibbonslaw.com

Bryan Russell Horton
    on behalf of Interested Party Scratch Services LLC rhorton@gbkh.com

Carol L. Knowlton
    on behalf of Creditor George J. Gerro cknowlton@gorskiknowlton.com

Carrie J. Boyle
    on behalf of Creditor Ge Song cboyle@b-vlaw.com
    tking@b-vlaw.com;lgrigley@b-vlaw.com;carrie.boyle@comcast.net;jpryor@b-vlaw.com

Catherine B. Heitzenrater
    on behalf of Defendant ACE American Insurance Company cebeideman@duanemorris.com

Catherine B. Heitzenrater
    on behalf of Creditor Chubb Companies cebeideman@duanemorris.com

Chad Main
    chadmain@gmail.com

Daniel Stolz
    on behalf of Attorney Brown Rudnick LLP dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Other Prof. Elementus  Inc. dstolz@genovaburns.com, dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Other Prof. M3 Partners dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Committee Official Committee of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Attorney Genova Burns LLC dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Other Prof. Plan Administrator  On Behalf of the Post-Confirmation Debtor dstolz@genovaburns.com,
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Plaintiff Mohsin Meghji dstolz@genovaburns.com  dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Committee Official Committee Of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Other Prof. Plan Administrator  on Behalf of Post-Confirmation Debtor dstolz@genovaburns.com,
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Plaintiff Official Committee Of Unsecured Creditors dstolz@genovaburns.com
    dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Thornburgh
    on behalf of Creditor Robert Prendimano dthornburgh@awkolaw.com

Daniel Thornburgh
    on behalf of Creditor Bobby Strickland dthornburgh@awkolaw.com

Daniel Thornburgh
    on behalf of Creditor Brian McWilliams dthornburgh@awkolaw.com

Daniel Thornburgh
    on behalf of Creditor Stanley Dunavant dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor John Paul Zable dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Van Tu dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Montgomery Glover dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Rachel De Heras dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Sydney Hamilton dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Eric Masden dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Sean Schilder dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Michael Camal dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Randall Bacon dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Vladimir Arutunian dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Matthew Derwinski dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Daniel Schroeder dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Zachary Michaels dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Angel Rodriguez dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor James Switzer dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Noah Powell dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Fausto Castillo dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Carlos Rodriguez dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Robert Mulack dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Ezequiel Nieves dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Bryan Dahl dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Dyson Pullins dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Cory Roth dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Ross Furman dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Oscar Gonzalez dthornburgh@awkolaw.com

Daniel Thornburgh

on behalf of Creditor Deborah McWilliams dthornburgh@awkolaw.com

Daniel E. Straffi

on behalf of Creditor Ellison Bak bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Michiel Hemminga bkclient@straffilaw.com

g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Clayton Bargsten bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Brandon Weiss bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Daniel Gusovsky bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Damon Andersson bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Andrew Martinez bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Kole Kottmeier bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Ashton Rincon bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Joseph Borremans bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Martin Mikolajczyk bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Steven Lee bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Mitchell Eglar bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Todd Gantt bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Matthew Hoselton bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor William Warburton bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Brendan Pena bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Alberto Olivo bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Bruce Gilling bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Scott Aufenanger bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

Daniel E. Straffi

on behalf of Creditor Wayne Akey bkclient@straffilaw.com
g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com

David E. Sklar

on behalf of Creditor Zachary Lee Prince desklar@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

David E. Sklar

| District/off: 0312-3 | User: admin | Page 5 of 11 |
|---|---|---|
| Date Rcvd: May 16, 2024 | Form ID: pdf903 | Total Noticed: 1 |

|  |  |
|---|---|
| | on behalf of Creditor Flori Marquez desklar@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com |
| David J. Adler | |
| | on behalf of Creditor Committee Official Committee of Unsecured Creditors DAdler@McCarter.com |
| David J. Adler | |
| | on behalf of Creditor Committee McCarter & English  LLP DAdler@McCarter.com |
| David J. Adler | |
| | on behalf of Attorney McCarter & English DAdler@McCarter.com |
| Deborah Kovsky Apap | |
| | on behalf of Interested Party Ad Hoc Committee of Wallet Account Holders deborah.kovsky@troutman.com |
| Donald W Clarke | |
| | on behalf of Attorney Genova Burns LLC dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Plaintiff Official Committee Of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Attorney Haynes and Boone LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Attorney Brown Rudnick LLP dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Creditor Committee Official Committee of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Creditor Committee Official Committee Of Unsecured Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Other Prof. Plan Administrator  on Behalf of Post-Confirmation Debtor dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Other Prof. Elementus  Inc. dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Other Prof. M3 Partners dclarke@genovaburns.com  dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Donald W Clarke | |
| | on behalf of Other Prof. Plan Administrator  On Behalf of the Post-Confirmation Debtor dclarke@genovaburns.com, dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com |
| Douglas J. McGill | |
| | on behalf of Creditor Gary Ford dmcgill@webbermcgill.com |
| Douglas J. McGill | |
| | on behalf of Creditor Ad Hoc Committee of Collaterized Loan Account Holders dmcgill@webbermcgill.com |
| Douglas T Tabachnik | |
| | on behalf of Defendant Primeblock Operations LLC dtabachnik@dttlaw.com  rdalba@dttlaw.com |
| Elisabeth Bruce | |
| | on behalf of Interested Party Internal Revenue Service elisabeth.m.bruce@usdoj.gov ari.d.kunofsky@usdoj.gov;eastern.taxcivil@usdoj.gov |
| Felice R. Yudkin | |
| | on behalf of Debtor BlockFi Inc. fyudkin@coleschotz.com  fpisano@coleschotz.com |
| Frank F. Velocci | |
| | on behalf of Interested Party Bermuda Joint Provisional Liquidators of BlockFi International Ltd. frank.velocci@faegredrinker.com  cathy.greer@faegredrinker.com |
| Gaston P. Loomis, II | |
| | on behalf of Creditor New Jersey Bureau of Securities gloomis@mdmc-law.com  scarney@mdmc-law.com |
| Gregory S. Kinoian | |
| | on behalf of Plaintiff Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | |
| | on behalf of Creditor Committee Official Committee of Unsecured Creditors gkinoian@genovaburns.com |
| Gregory S. Kinoian | |
| | on behalf of Creditor Committee Official Committee Of Unsecured Creditors gkinoian@genovaburns.com |
| Hugh McDonald | |

on behalf of Creditor Three Arrows Fund Ltd hugh.mcdonald@pillsburylaw.com  john.murphy@troutman.com

Jack Shrum

on behalf of Creditor John M. Von Pischke jshrum@jshrumlaw.com

James C Vandermark

on behalf of Creditor Salesforce  Inc. vandermarkj@whiteandwilliams.com, vandermark.jamesr106165@notify.bestcase.com

James C Vandermark

on behalf of Creditor Slack Technologies  Inc. vandermarkj@whiteandwilliams.com,
vandermark.jamesr106165@notify.bestcase.com

James L Bromley

on behalf of Interested Party FTX Trading Ltd and Affiliated Debtors bromleyj@sullcrom.com

Jason D. Angelo

on behalf of Creditor Bryant F. Foulger JAngelo@reedsmith.com  sshidner@mdmc-law.com;smullen@mdmc-law.com

Jeffrey Bernstein

on behalf of Creditor New Jersey Bureau of Securities jbernstein@mdmc-law.com

Jeffrey M. Sponder

on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov  jeffrey.m.sponder@usdoj.gov

Jeffrey M. Traurig

on behalf of Examiner Elise S. Frejka jtraurig@trauriglaw.com

Jeffrey M. Traurig

on behalf of Attorney Traurig Law LLC jtraurig@trauriglaw.com

Jessica Cole

on behalf of Interested Party United States of America jessica.cole@usdoj.gov

Jessica Cole

on behalf of Defendant United States of America jessica.cole@usdoj.gov

Joao Ferreira Magalhaes

on behalf of Creditor John William Van Tubergen Jr. jmagalhaes@connellfoley.com

John Piskora

on behalf of Creditor Deferred 1031 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John Piskora

on behalf of Creditor Deferred 1031 Series 4 LLC jpiskora@loeb.com  nydocket@loeb.com,dbesikof@loeb.com

John C. Goodchild

on behalf of Defendant Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Goodchild

on behalf of Interested Party Emergent Fidelity Technologies Ltd john.goodchild@morganlewis.com

John C. Goodchild

on behalf of Creditor Emergent Fidelity Technologies Ltd. john.goodchild@morganlewis.com

John C. Kilgannon

on behalf of Interested Party Towards Equilibrium  LLC john.kilgannon@stevenslee.com

John C. Kilgannon

on behalf of Creditor Equi Real Estate Fund  LP john.kilgannon@stevenslee.com

John C. Kilgannon

on behalf of Creditor Equi Growth Fund  LP john.kilgannon@stevenslee.com

John C. Kilgannon

on behalf of Creditor Equi Balanced Fund  LP john.kilgannon@stevenslee.com

John D. Giampolo

on behalf of Interested Party Paperless Inc.  d/b/a Paperless Post jgiampolo@rosenbergestis.com

John W. Weiss

on behalf of Interested Party The Foreign Representatives of Three Arrows Capital  Ltd. (in liquidation)
jweiss@pashmanstein.com

Jonathan Ohring

on behalf of Defendant QED Capital LLC jonathan@yankwitt.com  docketing@yankwitt.com

Jonathan Ohring

on behalf of Defendant Sherry Witter jonathan@yankwitt.com  docketing@yankwitt.com

Joseph M. Shapiro

on behalf of Creditor John A. Javes jshapiro@middlebrooksshapiro.com

Joseph M. Shapiro

on behalf of Creditor Wilson Cotrim jshapiro@middlebrooksshapiro.com

Joshua S. Bauchner
 on behalf of Creditor Kyle Klaus jbauchner@mblawfirm.com  courtfilings@ansellgrimm.com;ajd@ansellgrimm.com

Kaitlin R. Walsh
 on behalf of Defendant Marex Capital Markets Inc. f/k/a ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com

Kaitlin R. Walsh
 on behalf of Defendant ED&F Man Capital Markets  Inc. krwalsh@mintz.com, docketing@mintz.com

Kaitlin R. Walsh
 on behalf of Creditor Marex Capital Markets Inc. krwalsh@mintz.com  docketing@mintz.com

Kenneth Aulet
 on behalf of Creditor Committee Official Committee of Unsecured Creditors hcohen@brownrudnick.com

Kristin Mayhew
 on behalf of Creditor State of Connecticut  Department of Banking kmayhew@pullcom.com, rmccoy@pullcom.com

Kurt F. Gwynne
 on behalf of Creditor The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
 on behalf of Interested Party The Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kurt F. Gwynne
 on behalf of Creditor Bryant F. Foulger kgwynne@reedsmith.com

Kurt F. Gwynne
 on behalf of Interested Party Ad Hoc Group of Actual Wallet Holders kgwynne@reedsmith.com

Kyle McEvilly
 on behalf of Unknown Role Type Ankura Trust Company  LLC kmcevilly@gibbonslaw.com

Lauren Bielskie
 on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Lisa Faucher
 lfaucher@cherokeeacq.com

Mark Sheridan
 on behalf of Defendant Axis Insurance Company mark.sheridan@squirepb.com maria.delpinho@squirepb.com,rudy.green@squirepb.com,mark-sheridan-6048@ecf.pacerpro.com,rudy-green-3307@ecf.pacerpro.com

Mark Christopher Errico
 on behalf of Defendant Axis Insurance Company mark.errico@squirepb.com maria.depinho@squirepb.com;mark-c-errico-7862@ecf.pacerpro.com;rudy.green@squirepb.com;rudy-green-3307@ecf.pacerpro.com

Mary E Putnick
 on behalf of Creditor Shaoky Taraman marybeth@putnicklegal.com  hpenrose@awkolaw.com

Mary E Putnick
 on behalf of Creditor Noah Powell marybeth@putnicklegal.com  hpenrose@awkolaw.com

Meredith Mitnick
 on behalf of Creditor Deserve  Inc. mmitnick@goodwinlaw.com

Michael D. Sirota
 on behalf of Debtor BlockFi International Ltd. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
 on behalf of Plaintiff BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
 on behalf of Defendant BlockFi Wallet LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
 on behalf of Debtor BlockFi Services  Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
 on behalf of Defendant BlockFi Services  Inc. msirota@coleschotz.com,

District/off: 0312-3                          User: admin                                    Page 8 of 11
Date Rcvd: May 16, 2024                       Form ID: pdf903                          Total Noticed: 1

fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz

Michael D. Sirota

on behalf of Debtor BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Trading LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Lending LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Lending LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Lending II LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Trading  LLC msirota@coleschotz.com,
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Plaintiff BlockFi Inc. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Debtor BlockFi Trading LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Defendant BlockFi International Ltd. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

Michael D. Sirota

on behalf of Plaintiff BlockFi International Ltd. msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
.com

District/off: 0312-3                                    User: admin                                    Page 9 of 11
Date Rcvd: May 16, 2024                          Form ID: pdf903                          Total Noticed: 1

Michael D. Sirota
on behalf of Plaintiff BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Wallet LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Ventures LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Defendant BlockFi Investment Products LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Plaintiff BlockFi Lending II LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending II LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael D. Sirota
on behalf of Debtor BlockFi Lending LLC msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com

Michael S. Etkin
on behalf of Interested Party Proposed Lead Plaintiff in Securities Class Action metkin@lowenstein.com

Michael S. Etkin
on behalf of Interested Party Cameron Wyatt metkin@lowenstein.com

Nicole A. Leonard
on behalf of Creditor New Jersey Bureau of Securities nleonard@mdmc-law.com
gbressler@mdmc-law.com;dprimack@mdmc-law.com;sshidner@mdmc-law.com

Paul J. Winterhalter
on behalf of Creditor Moneeb Waseem pwinterhalter@offitkurman.com  cballasy@offitkurman.com

Peter Y. Lee
on behalf of Creditor Renard Ihlenfeld peter.lee@leeadvocates.com

Rachel Ehrlich Albanese
on behalf of Defendant U.S. Specialty Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Defendant Berkley Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Other Prof. Berkshire Hathaway Specialty Insurance Company rachel.albanese@us.dlapiper.com
DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Other Prof. XL Specialty Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Other Prof. Berkley Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Defendant Berkshire Hathaway Specialty Insurance Company rachel.albanese@us.dlapiper.com
DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Other Prof. Arch Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Defendant Arch Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Other Prof. U.S. Specialty Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Rachel Ehrlich Albanese
on behalf of Defendant XL Specialty Insurance Company rachel.albanese@us.dlapiper.com  DLAPiper@ecfxmail.com

Richard Kanowitz
on behalf of Plaintiff BlockFi International Ltd. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Lending LLC richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Debtor BlockFi Inc. richard.kanowitz@haynesboone.com

Richard Kanowitz
on behalf of Plaintiff BlockFi Inc. richard.kanowitz@haynesboone.com

Richard G. Placey
on behalf of Stockholder Samuel L. Bankman-Fried rplacey@mmwr.com
plorenz@mmwr.com;pat-lorenz-montgomery-mccracken-walker-rhoads-llp-7123@ecf.pacerpro.com

Robert Drain
on behalf of Mediator Robert D. Drain robert.drain@skadden.com  robert-drain-8056@ecf.pacerpro.com

Robert Malone
on behalf of Unknown Role Type Ankura Trust Company  LLC rmalone@gibbonslaw.com, nmitchell@gibbonslaw.com

Robert Aaron Benjamin
on behalf of Creditor National Union Fire Insurance Company of Pittsburgh  Pa. rbenjamin@kbrlaw.com

Robert Aaron Benjamin
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA rbenjamin@kbrlaw.com

Robert M. Schechter
on behalf of Creditor Flori Marquez rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

Robert M. Schechter
on behalf of Creditor Zachary Lee Prince rmschechter@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

Russell Marc Yankwitt
on behalf of Defendant Sherry Witter russell@yankwitt.com  docketing@yankwitt.com

Russell Marc Yankwitt
on behalf of Defendant QED Capital LLC russell@yankwitt.com  docketing@yankwitt.com

Sam Della Fera, Jr
on behalf of Defendant Vrai Nom Investment Limited sdellafera@csglaw.com

Sam Della Fera, Jr
on behalf of Creditor Vrai Nom Investment Limited sdellafera@csglaw.com

Scott Fleischer
on behalf of Creditor Rui Pedro Vaz dos Santos Teixeira sfleischer@barclaydamon.com

Sean James Mack
on behalf of Defendant Fiorenzo Manganiello smack@pashmanstein.com
smack@pashmanstein.com;Jpadilla@pashmanstein.com

Sean James Mack
on behalf of Defendant Digistar Norway AS smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

Sean James Mack
on behalf of Defendant Nessim-Sariel Gaon smack@pashmanstein.com  smack@pashmanstein.com;Jpadilla@pashmanstein.com

Seth Brandon Shapiro
on behalf of Interested Party United States of America seth.shapiro@usdoj.gov

Seth Brandon Shapiro
on behalf of Defendant United States of America seth.shapiro@usdoj.gov

Seth David Griep
on behalf of Other Prof. Endurance American Specialty Insurance Company sgriep@kaufmandolowich.com
slegros@kaufmandolowich.com

Seth David Griep
on behalf of Defendant Endurance American Insurance Company sgriep@kaufmandolowich.com
slegros@kaufmandolowich.com

Stuart M. Brown
on behalf of Defendant Arch Insurance Company stuart.brown@us.dlapiper.com
DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Stuart M. Brown
on behalf of Defendant U.S. Specialty Insurance Company stuart.brown@us.dlapiper.com
DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

District/off: 0312-3                                    User: admin                                    Page 11 of 11
Date Rcvd: May 16, 2024                                 Form ID: pdf903                               Total Noticed: 1

Stuart M. Brown
on behalf of Defendant XL Specialty Insurance Company stuart.brown@us.dlapiper.com
DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Stuart M. Brown
on behalf of Defendant Berkley Insurance Company stuart.brown@us.dlapiper.com
DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Stuart M. Brown
on behalf of Defendant Berkshire Hathaway Specialty Insurance Company stuart.brown@us.dlapiper.com
DLAPiper@ecfxmail.com;docketingbaltimore@dlapiper.com

Susan Long
on behalf of Other Prof. Plan Administrator  on Behalf of Post-Confirmation Debtor slong@genovaburns.com

Susan Long
on behalf of Other Prof. Plan Administrator  On Behalf of the Post-Confirmation Debtor slong@genovaburns.com

Sydney Schubert
on behalf of Attorney Genova Burns LLC sschubert@genovaburns.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
on behalf of Creditor New Jersey Bureau of Securities vshea@mdmc-law.com  gbressler@mdmc-law.com

Warren A. Usatine
on behalf of Debtor BlockFi Inc. wusatine@coleschotz.com  fpisano@coleschotz.com

Warren J. Martin, Jr.
on behalf of Creditor Flori Marquez wjmartin@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Warren J. Martin, Jr.
on behalf of Creditor Zachary Lee Prince wjmartin@pbnlaw.com
mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Wendy M Simkulak
on behalf of Creditor Chubb Companies wmsimkulak@duanemorris.com

Wendy M Simkulak
on behalf of Defendant ACE American Insurance Company wmsimkulak@duanemorris.com

Wendy M Simkulak
on behalf of Other Prof. ACE American Insurance Company wmsimkulak@duanemorris.com


TOTAL: 232