| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. BLR 9004-1(b)** | |
| Rachel Ehrlich Albanese (#027542001)<br>**DLA PIPER LLP (US)**<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br>Email: rachel.albanese@us.dlapiper.com<br><br>Stephen C. Matthews (#055801994)<br>**DLA PIPER LLP (US)**<br>51 John F. Kennedy Parkway, Suite 120<br>Short Hills, New Jersey 07078<br>Telephone: (973) 520-2550<br>Facsimile: (973) 520-2551<br>Email: stephen.matthews@us.dlapiper.com<br><br>Stuart M. Brown (#026641988)<br>**DLA PIPER LLP (US)**<br>1201 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 397-2336<br>Email: stuart.brown@us.dlapiper.com<br><br>*Attorneys for Appellants Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, and XL Specialty Insurance Company* | Stacey E. Rufe (admitted *pro hac vice*)<br>**WERNER AHARI MANGEL LLP**<br>2112 Pennsylvania Ave. NW<br>Suite 200<br>Washington, DC 20037<br>Telephone: (202) 599-1013<br>Email: srufe@wam.law |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>                        Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan) |

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

1610248526.5

| | |
|---|---|
| BLOCKFI INC. AS THE WIND DOWN DEBTORS,<br>                Plaintiff,<br>v.<br>ACE AMERICAN INSURANCE COMPANY, ARCH INSURANCE COMPANY, AXIS INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, U.S. SPECIALTY INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY,<br>                Defendants. | Adv. Proc. No. 24-01067 (MBK) |

**APPELLANTS' JOINT STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 8009-1, appellants Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, XL Specialty Insurance Company, Endurance American Specialty Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., ACE American Insurance Company, and Axis Insurance Company (collectively, the "Appellants"), by and through their undersigned counsel, respectfully provide the following: (i) statement of issues to be included on the appeal from the United States Bankruptcy Court for the District of New Jersey with respect to the Appellants' appeal from the *Memorandum Decision* [Bankr. D.N.J. ECF No. 2303; Adv. Proc. No. 24-01067 ECF No. 48] (the "Opinion") and *Order Granting in Part the Motion to Enforce; and Granting the Motion for Remand* [Bankr. D.N.J. ECF No. 2302; Adv. Proc. No. 24-01067 ECF No. 49] (the "Order") and (ii) designation of items to be included in the record on appeal.

2

I. **STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Appellants respectfully submit the following statement of issues on appeal:

1. The Confirmation Order[2] provides that the Bankruptcy Court will retain jurisdiction over all matters arising out of, or related to, the chapter 11 cases, the Plan and the Confirmation Order. Did the Bankruptcy Court err in refusing to adjudicate the Adversary Proceeding (Adv. Proc. No. 24-01067), which arises out of a dispute over the interpretation of the Confirmation Order and Plan and asserts claims barred by the Confirmation Order and Plan?

2. Under federal law, mandatory abstention is appropriate only when, among other things, a proceeding is based on a state law claim or cause of action, the claim or cause of action does not "arise under" title 11, and the action can be "timely adjudicated" in a state court. A bankruptcy court must abstain from exercising jurisdiction only when a party seeking remand establishes that mandatory abstention is appropriate. Did the Bankruptcy Court err in abstaining from exercising jurisdiction over the Adversary Proceeding when the Complaint asserts a federal cause of action, the cause of action arises under title 11, and when the Wind-Down Debtors have not demonstrated that the action can be "timely adjudicated" in state court?

3. A cause of action by a trustee appointed under federal bankruptcy law to avoid and recover a fraudulent transfer involves a federal question and "arises under" title 11, *i.e.*, 11 U.S.C. §§ 544 and 550. The Wind-Down Debtors did not commence the state court action until after the effective date of the Plan (nor could they, since their authority to prosecute such causes of action derives from the Plan and federal bankruptcy law), and the second cause of action in the Wind-Down Debtors' Complaint cites federal law as its basis. Did the Bankruptcy Court err in remanding the

---

[2] Capitalized terms used but not defined in this Statement of Issues have the meaning set forth in the *Motion to Enforce Plan and Confirmation Order* [Bankr. D.N.J. ECF No. 2221].

3

Adversary Proceeding under mandatory abstention principles when the Complaint asserts a federal question cause of action?

4. Under federal bankruptcy law, permissive abstention is fact-driven and substantially grounded in equity. Did the Bankruptcy Court properly exercise its discretion to abstain from adjudicating a dispute that violates key provisions of the Plan and Confirmation Order—documents that the Bankruptcy Court is intimately familiar with and that the state court has not yet analyzed?

5. Applicable bankruptcy law provides that a debtor cannot assume a contract (including all of its benefits and obligations) under section 365 of the Bankruptcy Code and then seek to avoid payments under that contract as fraudulent transfers or to recover payments made under theories of breach of contract or unjust enrichment. Under the Plan and Confirmation Order, the Wind-Down Debtors expressly assumed their Insurance Contracts—including the Policy—for the benefit of the bankruptcy estates and the debtor's former directors and officers, and the Bankruptcy Court approved such assumption. After confirmation, however, the Wind-Down Debtors reversed course and sought to terminate the Policy and avoid and recover the Premium and related damages. Did the Bankruptcy Court err in ignoring applicable bankruptcy law and permitting the Wind-Down Debtors to seek avoidance of the Premium as a fraudulent transfer or to recover payments made under theories of breach of contract or unjust enrichment?

6. The Plan Supplement, which was approved by the Confirmation Order, only preserved specific causes of action. Did the Bankruptcy Court err in relying on the broad language preserving claims in the Plan over the specific language of the Plan Supplement limiting the claims that can be asserted?

7. Article V.F of the Plan contains language constraining the Wind-Down Debtors' ability to assert causes of action that seek in any way to reduce or terminate their Insurance Contracts,

4

including the Policy. The Bankruptcy Court held that the prefatory language in that section prohibited causes of action for termination and rescission but, without explanation, held that the very same language permitted causes of action for fraudulent transfer, breach of contract, and unjust enrichment. Did the Bankruptcy Court err in allowing the Wind-Down Debtors to pursue causes of action for fraudulent transfer, breach of contract, and unjust enrichment, notwithstanding that the court held the prefatory language controlling?

## II.    DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Appellants submit the following designation of items to be included in the record on appeal (including any exhibit, annex, or addendum thereto):

***In re BlockFi, Inc., et al.***
**United States Bankruptcy Court, District of New Jersey, Case No. 22-19361 (MBK)**

| | **Docket Entries and Other Items** | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 1. | n/a | n/a | Docket Report for *In re BlockFi, Inc., et al.*, No. 22-19361-MBK (Bankr. D.N.J.) |
| 2. | 1202 | 7/14/2023 | Preliminary Report Addressing Question Posed by the Official Committee of Unsecured Creditors: Why Did BlockFi Fail? |
| 3. | 1308 | 8/3/2023 | Transcript of Motions Hearing Before the Honorable Michael B. Kaplan United States Bankruptcy Court held on August 1, 2023 |
| 4. | 1309 | 8/3/2023 | Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |

5

1610248526.5

| | **Docket Entries and Other Items** | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 5. | 1310 | 8/3/2023 | Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |
| 6. | 1389 | 8/22/2023 | Motion of Zachary Prince and Flori Marquez for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow Insured Persons to Access Primary Directors and Officers Insurance Policy for Defense Costs |
| 7. | 1390 | 8/22/2023 | Motion to File Under Seal Exhibit A to the Certification of David E. Sklar in Support of the Motion of Zachary Prince and Flori Marquez for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow Insured Persons to Access Primary Directors and Officers Insurance Policy for Defense Costs |
| 8. | 1406 | 8/25/2023 | Joinder in of Yuri Mushkin in Motion of Zachary Prince and Flori Marquez for an Order Allowing Insured Persons to Access Primary Directors and Officers Insurance Policy |
| 9. | 1550 | 9/21/2023 | Order Granting Motion of Zachary Prince and Flori Marquez for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow Insured Persons to Access Primary Directors and Officers Insurance Policy for Defense Costs |
| 10. | 1582 | 9/22/2023 | Declaration of Mark A. Renzi, Chief Restructuring Officer of BlockFi Inc., in Support of (I) Final Approval of the Disclosure Statement and (II) Confirmation of the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |

1610248526.5

| | Docket Entries and Other Items | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 11. | 1584 | 9/22/2023 | Declaration of Scott D. Vogel, Independent Director and Member of the Special Committee of the Board of Directors of BlockFi Inc., in Support of (I) Final Approval of the Disclosure Statement and (II) Confirmation of the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |
| 12. | 1585 | 9/22/2023 | Notice of Filing of Second Amended Plan Supplement |
| 13. | 1608 | 9/25/2023 | Debtors' Memorandum of Law in Support of (I) Final Approval of the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) an Order Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |
| 14. | 1609 | 9/25/2023 | Notice of Filing of Additional Technical Modifications to Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |
| 15. | 1621 | 9/28/2023 | Transcript of Hearing on Plan Confirmation and Final Disclosure Statement Approval and Motions Hearing Before the Honorable Michael B. Kaplan United States Bankruptcy Court Chief Judge held on September 26, 2023 |

1610248526.5

| | **Docket Entries and Other Items** | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 16. | 1660 | 10/3/2023 | Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of Blockfi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of Blockfi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) |
| 17. | 1655[3] | 10/3/2023 | Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) |
| 18. | 1788 | 10/24/2023 | Notice of (I) Entry of the Order (A) Approving the Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications and (II) Occurrence of the Effective Date |
| 19. | 1951 | 12/8/2023 | Notice of Filing of Third Amended Plan Supplement |
| 20. | 2130 | 2/15/2024 | Notice of Removal Under 28 U.S.C. Section 1334(b) and 28 U.S.C. Section 1452(a) of Defendant Berkley Insurance Company |

---

[3] The Confirmation Order was entered at ECF Nos. 1655 and 1660. Therefore, in an abundance of caution, both docket entries are included here.

1610248526.5

| | Docket Entries and Other Items | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 21. | 2181 | 3/13/2024 | The Wind-Down Debtor BlockFi Inc.'s Motion for an Order Remanding State Court Action |
| 22. | 2205 | 3/26/2024 | Adjournment Request |
| 23. | 2219 | 4/4/2024 | Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs |
| 24. | 2221 | 4/4/2024 | Motion to Enforce Plan and Confirmation Order |
| 25. | 2228 | 4/5/2024 | Joinder of ACE American Insurance Company in Motion of Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, and XL Specialty Insurance Company to Enforce Plan and Confirmation Order |
| 26. | 2239 | 4/15/2024 | National Union Fire Insurance Company of Pittsburgh, PA Opposition to Wind-Down Debtor BlockFi Inc.'s Motion for an Order Remanding to State Court |
| 27. | 2240 | 4/15/2024 | Joinder to the Opposition of National Union Fire Insurance Company of Pittsburgh, PA to Wind-Down Debtor BlockFi Inc.'s Motion for an Order Remanding to State Court |
| 28. | 2243 | 4/18/2024 | The Plan Administrator's Limited Objection to and Reservation of Rights Concerning Motion of Zachary Prince and Flori Marquez for an Order to Allow Insured Persons to Access Excess Directors and Officers Insurance Policy for Defense Costs |

1610248526.5

| | Docket Entries and Other Items | | |
|---|---|---|---|
| | **Docket No.** | **Date Filed** | **Description** |
| 29. | 2244 | 4/18/2024 | The Wind-Down Debtors' Response to the Motion to Enforce Plan and Confirmation Order |
| 30. | 2257 | 4/21/2024 | The Wind-Down Debtor BlockFi, Inc.'s Reply in Support of Motion for an Order Remanding State Court Action |
| 31. | 2263 | 4/22/2024 | Reply in Support of Motion to Enforce Plan and Confirmation Order |
| 32. | 2281 | 4/29/2024 | Transcript Regarding Hearing Held April 25, 2024 |
| 33. | 2302 | 5/13/2024 | Order Granting in Part the Motion to Enforce; and Granting the Motion for Remand |
| 34. | 2303 | 5/13/2024 | Memorandum Decision |
| 35. | 2311 | 5/21/2024 | Joint Notice of Appeal |

The Appellants also designate items from adversary proceeding captioned,

***BlockFi Inc. as the Wind Down Debtors v. ACE American Insurance Company, et al.***
**United States Bankruptcy Court, District of New Jersey, Adv. Pro. No. 24-01067 (MBK)**

| | Docket Entries and Other Items | | |
|---|---|---|---|
| | **Adv. Pro. Docket No.** | **Date Filed** | **Description** |
| 1. | n/a | n/a | Docket Report for *BlockFi Inc. as the Wind Down Debtors v. ACE American Insurance Company, et al.,* Adv. Pro. No. 24-01067 (MBK) (Bankr. D.N.J.) |

| | Adv. Pro. Docket No. | Date Filed | Description |
|---|---|---|---|
| | **Docket Entries and Other Items** | | |
| 2. | 1 | 2/16/2024 | Notice of Removal Under 28 U.S.C. 1334(b) and 28 U.S.C. 1452(a) of Defendant Berkley Insurance Company |
| 3. | 38 | 5/10/2024 | Answer to Complaint |
| 4. | 39 | 5/10/2024 | Answer to Complaint |
| 5. | 40 | 5/10/2024 | Answer to Complaint |
| 6. | 41 | 5/10/2024 | Answer to Complaint |
| 7. | 42 | 5/10/2024 | Answer to Complaint |
| 8. | 43 | 5/10/2024 | Answer to Complaint |
| 9. | 44 | 5/10/2024 | Answer to Complaint |
| 10. | 45 | 5/10/2024 | Answer to Complaint |
| 11. | 47 | 5/15/2024 | Answer to Complaint |
| 12. | 48 | 5/21/2024 | Memorandum Decision |
| 13. | 49 | 5/21/2024 | Order Granting in Part the Motion to Enforce; and Granting the Motion for Remand |

1610248526.5

| | Adv. Pro. Docket No. | Date Filed | Description |
|---|---|---|---|
| **Docket Entries and Other Items** | | | |
| 14. | 50 | 5/21/2024 | Joint Notice of Appeal |

### III.  CERTIFICATE REGARDING TRANSCRIPTS

In an appeal from a bankruptcy court ruling, Bankruptcy Rule 8009(b) requires an appellant to either: (i) order from the court reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal and file a copy of the order with the bankruptcy clerk or (ii) file a certificate with the bankruptcy clerk stating that the appellant is not ordering a transcript.

Under Bankruptcy Rule 8009(b), Appellants respectfully certify to the Clerk of Court that they have ordered the following transcripts, evidence of which is attached as **Exhibit A**:

   a.   Transcript regarding Hearing held on April 25, 2024, at 11:27 a.m. with respect to the appeal docketed in the United States District Court for the District of New Jersey, No. 24-cv-06362-ZNQ.

Appellants expressly reserve the right to supplement this Designation and the record on appeal with any relevant materials from the above-captioned chapter 11 bankruptcy cases or the above-captioned adversary proceeding.

1610248526.5

Signed this 4th day of June, 2024

/s/ Rachel Ehrlich Albanese
Rachel Ehrlich Albanese (#027542001)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: rachel.albanese@us.dlapiper.com

Stephen C. Matthews (#055801994)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
Telephone: (973) 520-2550
Facsimile: (973) 520-2551
Email: stephen.matthews@us.dlapiper.com

Stuart M. Brown (#026641988)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 397-2336
Email: stuart.brown@us.dlapiper.com

- and –

Stacey E. Rufe
**WERNER AHARI MANGEL LLP**
2112 Pennsylvania Ave. NW
Suite 200
Washington, DC 20037
Telephone: (202) 599-1013
Email: srufe@wam.law

*Attorneys for Arch Insurance Company, Berkley Insurance Company, Berkshire Hathaway Specialty Insurance Company, U.S. Specialty Insurance Company, and XL Specialty Insurance Company*

Signed this 4th day of June, 2024

/s/ Robert A. Benjamin
Robert A. Benjamin
**KAUFMAN BORGEEST & RYAN LLP**
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: (914) 449-1059
Facsimile: (914) 449-1100
Email: rbenjamin@kbrlaw.com

*Attorney for National Union Fire Insurance Company of Pittsburgh, Pa.*

Signed this 4th day of June, 2024

/s/ Mark D. Sheridan
Mark D. Sheridan
**SQUIRE PATTON BOGGS (US) LLP**
382 Springfield Avenue
Summit, New Jersey 07901
Telephone: (973) 848-5681
Facsimile: (973) 848-5601
Email: mark.sheridan@squirepb.com

*Attorney for Axis Insurance Company*

Signed this 4th day of June, 2024

/s/ Kevin J. Windels
Seth D. Griep
**KAUFMAN DOLOWICH, LLP**
25 Main Street, Suite 500
Hackensack, New Jersey 07601
Telephone: (201) 488-6655
Facsimile: (201) 488-6652
Email: sgriep@kaufmandolowich.com

Kevin J. Windels (admitted *pro hac vice*)
**KAUFMAN DOLOWICH, LLP**
40 Exchange Place, 20th Floor
New York, NY 10005
Telephone: (212) 485-9977
Email: kwindels@kaufmandolowich.com

*Attorney for Endurance American Specialty Insurance Company*

13

1610248526.5

Signed this 4th day of June, 2024

*/s/ Jessica E. La Londe*
Jessica E. La Londe (admitted *pro hac vice*)
**DUANE MORRIS LLP**
One Marke Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: (415) 957-3225
Facsimile: (415) 520-9395
Email: jelalonde@duanemorris.com

Wendy M. Simkulak
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Facsimile: (215) 689-4951
Telephone: (215) 979-1547
Email: WMSimkulak@duanemorris.com

*Attorneys for ACE American Insurance Company*