**CONNELL FOLEY LLP**
Joao F. Magalhaes, Esq. (NJ Bar No. 004802008)
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, NJ 07102
973-436-5800
*Counsel to Appellant John W. Van Tubergen Jr.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*,[1] | Case No. 22-19361 (MBK) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF ISSUES ON APPEAL AND**
**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

PLEASE TAKE NOTICE that, pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), John W. Van Tubergen Jr. ("Mr. Van Tubergen" or "Appellant"), holder of claim number 7233 and creditor of the bankruptcy estate of BlockFi Lending LLC, Bankr. D.N.J. Case No. 22-19365, by and through his undersigned counsel, hereby respectfully submits this statement of issues to be presented on appeal, together with a designation of the items to be included in the record on appeal, in connection with Mr. Van Tubergen's appeal from the (I) *Order Granting Wind-Down Debtors' Seventh Omnibus Objection to Claim No. 7233 Filed by John W. Van Tubergen Jr.* of February 8, 2024 (the "Order

---

[1] References herein to the "Debtors" shall refer to the debtors in the jointly administered Chapter 11 cases, namely (with the last four digits of each debtor's federal tax identification number): BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The term "Debtors" shall also include reference to such debtors collectively as "BlockFi," or post-confirmation as the "Wind-Down Debtors."

14828420-1

Sustaining Objection");[2] as well as the (II) *Order Denying Van Tubergen's Motion for Reconsideration* of May 16, 2024 (the "Order Declining Reconsideration").[3]

## I. Statement of Issues to Be Presented on Appeal

1. When it sustained the *Debtors' Seventh Omnibus Objection to Claim No. 7233* (the "Objection"), did the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") err by not applying Michigan law governing, *inter alia,* good faith and fair dealing and unconscionability, to either refuse enforceability or limit application of clauses of the Debtors' Loan Service Agreements ("LSAs", each a "LSA") which were invoked to support the Debtors' purported unqualified "sole discretion" to determine and set the market value of cryptocurrency assets for purposes of determining loan-to-value ("LTV") ratios prior to liquidating Mr. Van Tubergen's cryptocurrency assets that were posted by him as collateral?

2. When it sustained the Objection, did the Bankruptcy Court err by failing to credit the actual market value of Mr. Van Tubergen's cryptocurrency assets for purposes of LTV calculations and determining whether "Trigger Events" under the LSAs had in-fact transpired prior to the liquidations conducted by the Debtors, and instead founding its holding upon the perceived reasonableness of the Debtors' LTV calculation method as described by a corporate executive of the Debtors?

3. When it sustained the Objection, did the Bankruptcy Court err by permitting the Debtors to have liquidated collateral beyond what was necessary to establish the "Required LTV" under the LSAs?

---

[2] Case No. 22-19361, Docket No. 2122. A copy of the Order Sustaining Objection, together with its accompanying memorandum decision, were previously annexed as Exhibits A and B, respectively, to Mr. Van Tubergen's *Notice of Appeal.* Docket No. 2318.

[3] Docket No. 2305. A copy of the Order Declining Reconsideration, together with its accompanying memorandum decision, were previously annexed as Exhibits C and D, respectively, to Mr. Van Tubergen's *Notice of Appeal.* Docket No. 2318.

14828420-1

4.  When it sustained the Objection, did the Bankruptcy Court err by not requiring the Debtors to produce the pre-liquidation notices required under the LSAs?

5.  When it sustained the Objection, did the Bankruptcy Court err by finding that the Debtors did not breach the LSA for Loan No. 558207a5 despite, *inter alia,* surplus collateral having been posted by Mr. Van Tubergen in reasonable reliance upon statements made by a representative of the Debtors, who expressly affirmed that the danger of liquidation had been averted, and a subsequent loan having been issued pursuant to a so-called "Reinstatement Proposal"?

6.  When it sustained the Objection, did the Bankruptcy Court err by accepting the Debtors' argument that scrivener's error was a valid explanation for why the LSA for Loan No. 1a118e43 showed collateral consisting of 4,230.120 units of Ethereum cryptocurrency, but the Debtors' records only reflected 3,334.9292 units?

## II. Designation of Items to Be Included in the Record on Appeal

Mr. Van Tubergen respectfully designates each of the following documents for inclusion in the record on appeal. Each designated item is intended to include any and all exhibits, schedules or other material originally annexed thereto or made a part thereof. As noted elsewhere herein, Mr. Van Tubergen respectfully reserves the right to designate additional items for inclusion in the record on appeal.

*In re BlockFi, Inc., et al.,*
**Bankr. D.N.J. Main Case No. 22-19361 (MBK) (Jointly Administered)**

| Docket No. | Filing Date | Document(s) |
|---|---|---|
| 1311 | 8/3/2023 | Debtors' Seventh Omnibus Objection to Certain Claims |
| 1496 | 9/13/2023 | Response to Debtors' Seventh Omnibus Objection to Certain Claims on Behalf of Claimant John W. Van Tubergen Jr. |

3

| Docket No. | Filing Date | Document(s) |
|---|---|---|
| 1496-1 (together with 1496-2 to -25) | 9/13/2023 | Certification of Claimant John W. Van Tubergen Jr. In Support of Response to Debtors' Seventh Omnibus Objection to Certain Claims (together with Exhibits A to X) |
| 1530 | 9/19/2023 | Certificate of Service of Mr. Van Tubergen's Response and Certification |
| 1814 (together with 1814-1 to -2) | 10/30/2023 | Wind-Down Debtors' Motion to Quash Subpoena for Rule 2004 Examination (together with accompanying Notice and proposed form of Order) |
| 1963 (together with 1963-1 to -9) | 12/12/2023 | Wind-Down Debtors' Reply to Response to Debtors' Seventh Omnibus Objection to Claim No. 7233 of John W. Van Tubergen Jr. (together with Exhibits A to I) |
| 1963-10 | 12/12/2023 | Certification of Flori Marquez in Support of the Wind-Down Debtors' Reply to Response to Debtors' Seventh Omnibus Objection to Claim No. 7233 of John W. Van Tubergen Jr. |
| 2039 | 1/10/2024 | Sur-Reply of Claimant John W. Van Tubergen Jr. to Wind-Down Debtors' Reply to Response to Debtors' Seventh Omnibus Objection to Claim No. 7233 |
| 2039-1 (together with 2039-2 to -17) | 1/10/2024 | Supplemental Certification of Claimant John W. Van Tubergen Jr. in Support of Sur-Reply to Wind-Down Debtors' Reply to Claimant's Response to Debtors' Seventh Omnibus Objection as to Claim No. 7233 and in Further Support of Claim (together with Exhibits Y to NN) |
| 2055 | 1/18/2024 | Transcript of hearing held on 1/16/2024 regarding, among other matters, the Debtors' Seventh Omnibus Objection as to Claim No. 7233 |
| 2120 | 2/8/2024 | Opinion Sustaining BlockFi's Claim Objection re: Van Tubergen Claim (Memorandum Decision) |
| 2122 | 2/8/2024 | Order Granting Wind-Down Debtors' Seventh Omnibus Objection to Claim No. 7233 Filed by John W. Van Tubergen Jr |
| 2142 (together with 2142-1, -4, and -5) | 2/21/2024 | Motion to Reconsider (Notice of Claimant John W. Van Tubergen Jr.'s (I) Motion Pursuant to Fed. R. Bankr. P. 3008, 8002(b), 8007(a), 9023 and 9024 to (A) Alter and Amend the Decision and Order Sustaining the Wind-Down Debtors' Objection to Claim No. 7233; and (B) Alternatively, Seek |

4

| Docket No. | Filing Date | Document(s) |
|---|---|---|
|  |  | Relief From Such Order; and (II) Invocation of Tolling of Time to Appeal Pursuant to Fed R. Bankr. P. 8002(b) (together with accompanying Memorandum of Law, proposed form of Order, and Certification of Service)) |
| 2142-2 (together with 2142-3) | 2/21/2024 | Certification of Joao F. Magalhaes, Esq., in Support of Claimant John W. Van Tubergen Jr.'s (I) Motion Pursuant to Fed. R. Bankr. P. 3008, 8002(b), 8007(a), 9023 and 9024 to (A) Alter and Amend the Decision and Order Sustaining the Wind-Down Debtors' Objection to Claim No. 7233; and (B) Alternatively, Seek Relief From Such Order (together with Exhibit OO) |
| 2245 (apparent duplicate at 2247) | 4/18/2024 | Response to Motion to Reconsider (Wind-Down Debtors' Response to Claimant John W. Van Tubergen Jr.'s Memorandum of Law in Support of Motion Pursuant to Fed. R. Bankr. P. 3008, 8002(b), 8007(a), 9023 and 9024 to (A) Alter and Amend the Decision and Order Sustaining the Wind-Down Debtors' Objection to Claim No. 7233; and (B) Alternatively, Seek Relief From Such Order) |
| 2262 | 4/22/2024 | [Reply] to Response to Motion to Reconsider (Claimant Van Tubergen Jr.'s Letter Brief Reply to BlockFi's Opposition to Motion to Alter/Amend Decision/Order Sustaining Objection to Claim No. 7233) |
| 2281 | 4/29/2024 | Transcript of hearing held on 4/25/2024 regarding, among other matters, Mr. Van Tubergen's Motion to Reconsider |
| 2305 | 5/16/2024 | Order Denying Van Tubergen's Motion for Reconsideration |
| 2306 | 5/16/2024 | Memorandum Decision |
| 2318 (together with 2318-2 to -4) | 5/23/2024 | Mr. Van Tubergen's Notice of Appeal (together with Exhibits A to D) |
| 2320 | 5/24/2024 | Clerk's Certificate of Service of Notice of Appeal |
| 2321 | 5/24/2024 | Transmittal of Record on Appeal to U.S. District Court |
| 2323 | 5/24/2024 | Notice of Docketing Record on Appeal to District Court |

14828420-1

### III. Compliance with Fed. R. Bankr. P. 8009(b)

Pursuant to Bankruptcy Rule 8009(b), the undersigned respectfully certifies that Mr. Van Tubergen timely submitted a written order for transcripts of the hearings held in this matter by the Bankruptcy Court, specifically:

a) transcript of hearing held on January 16, 2024, regarding, among other matters, the *Debtors' Seventh Omnibus Objection as to Claim No. 7233;* and

b) transcript of hearing held on April 25, 2024, a copy of which is annexed as Exhibit A,[4] regarding, among other matters, Mr. Van Tubergen's *Motion to Reconsider.*

### IV. Reservation of Right to Amend

Mr. Van Tubergen respectfully reserves the right to amend or supplement the statement of issues to be presented on appeal, and to designate additional items for the record on appeal.

Respectfully submitted,

**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, NJ 07102
973-436-5800
jmagalhaes@connellfoley.com
*Counsel to Appellant John W. Van Tubergen Jr.*

Dated: June 4, 2024          By:    */s/ Joao F. Magalhaes*
                                        Joao F. Magalhaes

---

[4] A copy of the transcript of the hearing held on January 16, 2024 is not annexed because, unlike the transcript for the hearing held on April 25, 2024, such transcript is already "on file" on the docket, for purposes of Bankruptcy Rule 8009(b)(1)(A), whereas it appears that the latter is not yet available on the docket despite appearing as filed thereon. *Compare* Docket Nos. 2055 *with* 2281 (with latter lacking a "live" hyperlink). In any event, a copy of the transcript of the hearing held on January 16, 2024, is also separately available as Exhibit OO to the undersigned's *Certification* in support of the *Motion to Reconsider* (or technically, the *Motion Pursuant to Fed. R. Bankr. P. 3008, 8002(b), 8007(a), 9023 and 9024 to (A) Alter and Amend the Decision and Order Sustaining the Wind-Down Debtors' Objection to Claim No. 7233; and (B) Alternatively, Seek Relief From Such Order). See* Docket No. 2142-2 and -3.

14828420-1