**brown**rudnick

KENNETH AULET
kaulet@brownrudnick.com

June 28, 2024

Honorable Michael B. Kaplan, Chief Judge
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ 08608
Courtroom #8

RE:   **Personnel Matter: Former Judicial Clerk Maria L. DeOliveira**

Dear Judge Kaplan:

      We write regarding Ms. Maria L. DeOliveira, who previously served as a judicial law clerk in your chambers from March 2022 to September 2023. Ms. DeOliveira will be joining Brown Rudnick LLP (the "Firm") as an associate in our Restructuring Practice Group. Ms. DeOliveira is a licensed member of the New Jersey and New York bars. In accordance with Rule 1.12(b)(2) of the New Jersey Rules of Professional Conduct (the "New Jersey Rules") and Rule l.12(d)(1)(iv) of the New York Rules of Professional Conduct (the "New York Rules" and together with the New Jersey Rules, the "Rules"), this correspondence is to advise the Court of the steps the Firm is taking to enable the Court to ascertain compliance with the Rules. Courtesy copies of the applicable Rules are attached for your convenience.

      The first contact with the Firm regarding Ms. DeOliveira's prospective employment was on or about May 22, 2024. Following that initial contact, the Firm conducted a conflicts analysis, in which Ms. DeOliveira advised that she worked on the following cases during her tenure with the Court:

- Chapter 11 bankruptcy case styled as In Re: BlockFi Inc. (Case No. 22-19361 (MBK)) (the "BlockFi Case"). In the BlockFi Case, we represented the Official Committee of Unsecured Creditors until its dissolution upon the effective date of the plan of reorganization, and now represent the Plan Administrator, Mohsin Meghji, and the Wind-Down Debtors.

- Chapter 11 bankruptcy case styled as In Re: LTL Management LLC (Case No. 23-12825 (MBK)) (the "2023 LTL Case") and Chapter 11 bankruptcy case styled as In Re: LTL Management LLC (Case No. 21-30589 (MBK)) (the "2021 LTL Case", together with the

Honorable Michael B. Kaplan, Chief Judge
June 28, 2024
Page 2

2023 LTL Case, the "LTL Cases"). We represented the Official Committee of Talc Claimants in the LTL Cases. As you are aware, there is a pending appeal for the 2023 LTL Case in the Third Circuit. We continue to represent the Official Committee of Talc Claimants pending the decision of the Third Circuit.

We are unaware of any other matter that Ms. DeOliveira participated in while serving as your judicial clerk that also involves the Firm.

Although Ms. DeOliveira will not be involved in the above-referenced cases or any future matters related to the above-referenced cases once employed by the Firm, we are taking the following steps regarding Ms. DeOliveira's employment with the Firm. In an abundance of caution, we are adhering to the New Jersey and New York Rules.

1)  Per Rule 1.12(a) of the New Jersey Rules Rule and 1.12(b)(2) of the New York Rules, Ms. DeOliveira will not represent anyone in connection with the above-referenced cases nor represent anyone in any future matters related to the above-referenced cases. If the Firm becomes involved in any other matter in which she participated personally and substantially as a law clerk, she will not represent anyone in such a matter.

2)  Per Rule 1.12(d)(1)(i) of the New York Rule, all Firm personnel working on the above-referenced cases will be notified that Ms. DeOliveira is prohibited from participating in the representation of any client in the above-referenced cases or in any future matters related to the above-referenced cases.

3)  Per Rule 1.12(b)(1) of the New Jersey Rules and Rule 1.12(d)(1)(ii) of the New York Rules, we will implement an ethical wall and screening procedures to prevent disclosure and access to information related to the above-referenced cases as well as any future matters related to the above-referenced cases between Ms. DeOliveira and other Firm personnel. If the Firm subsequently becomes involved in any other matter in which she participated personally and substantially as a law clerk, we will also establish screening procedures.

4)  Per Rule 1.12(b)(1) of the New Jersey Rule and Rule 1.12(d)(1)(iii) of the New York Rule, Ms. DeOliveira will not be apportioned any part of the fee from the Firm's representations in or related to the above-referenced cases or any future matters related to the above-referenced cases. If the Firm subsequently becomes involved in any other matter in which she participated personally and substantially as a law clerk, she will not be apportioned any part of the fee from such representation.

5)  Per Rule 1.12(b)(2) of the New Jersey Rule Rule and 1.12(d)(1)(iv) of the New York Rule, the Firm is sending this notice to the Court, and is providing a copy of this letter to the other parties in the above-referenced cases. If the Firm subsequently becomes involved in any other matter in which Ms. DeOliveira



Honorable Michael B. Kaplan, Chief Judge
June 28, 2024
Page 3

participated personally and substantially as a law clerk, we will provide appropriate notices.

In addition, per Rule 1.12(d)(2) of the New York Rule, after a review of the circumstances, we do not believe that there are any circumstances in our particular representation in the above-referenced cases that create an appearance of impropriety. We will conduct such an analysis in each case if the Firm subsequently becomes involved in any other matter in which Ms. DeOliveira participated in personally and substantially as a law clerk.

Should the Court have any questions regarding the matters outlined above, please contact me at your earliest convenience.

Sincerely,

**BROWN RUDNICK LLP**

Kenneth Aulet

Enclosures:   Rule 1.12 of the New Jersey Rules of Professional Conduct
Rule 1.12 of the New York Rules of Professional Conduct

cc:
Maria DeOliveira, Esq.

All parties in In Re: LTL Management LLC (Case No. 23-12825 (MBK)); In Re: LTL Management LLC (Case No. 21-30589 (MBK)); and In Re: BlockFi Inc. (Case No. 22-19361 (MBK)) via electronic filing (CM/ECF)