NEW YORK RULES OF PROFESSIONAL CONDUCT

# RULE 1.12

## SPECIFIC CONFLICTS OF INTEREST FOR FORMER JUDGES, ARBITRATORS, MEDIATORS OR OTHER THIRD-PARTY NEUTRALS

(a) A lawyer shall not accept private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity.

(b) Except as stated in paragraph (e), and unless all parties to the proceeding give informed consent, confirmed in writing, a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as:

    (1) an arbitrator, mediator or other third-party neutral; or

    (2) a law clerk to a judge or other adjudicative officer or an arbitrator, mediator or other third-party neutral.

(c) A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, mediator or other third-party neutral.

(d) When a lawyer is disqualified from representation under this Rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

    (1) the firm acts promptly and reasonably to:

        (i) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

        (ii) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm;

      (iii)    ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

      (iv)    give written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule; and

    (2)    there are no other circumstances in the particular representation that create an appearance of impropriety.

(e)    An arbitrator selected as a partisan of a party in a multi-member arbitration panel is not prohibited from subsequently representing that party.

**Comment**

    [1]    A lawyer acts in a "judicial capacity" within the meaning of paragraph (a) when the lawyer serves as a judge or other adjudicative officer. Where a judge or other adjudicative officer in a multimember court, leaves judicial office to practice law, the former judge or adjudicative officer is not prohibited from representing a client in a matter that was pending in the court if the former judge or adjudicative officer did not act upon the merits in that matter. So also, the fact that a former judge or adjudicative officer exercised administrative responsibility in a court does not prevent the former judge or adjudicative officer from acting as a lawyer in a matter where the judge or adjudicative officer had previously exercised remote or incidental administrative responsibility that did not affect the merits. *See* Rule 1.11, Comment [4] (a former government lawyer is disqualified "only from particular matters I which the lawyer participated personally and substantially"). A former judge or adjudicative officer may not, however, accept private employment in a matter upon the merits of which the judge or adjudicative officer has acted in a judicial capacity and—unlike conflicts for lawyers who have acted in a capacity listed in Rule 1.12 (b)—a conflict arising under paragraph (a) cannot be waived. The term "adjudicative officer" in paragraphs (b)(2) and (c) includes such officials as judges pro tempore, referees, special masters, hearing officers and other parajudicial officers.

    [2]    A lawyer who has served as an arbitrator, mediator or other third-party neutral may be asked to represent a client in a matter in which the lawyer participated personally and substantially. This Rule forbids such representation unless all of the parties to the proceedings give their

informed consents, confirmed in writing. *See* Rules 1.0(j), (e). Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification. *See* Rule 2.4.

[3]   Although lawyers who serve as third-party neutrals do not obtain information concerning the parties that is protected under Rule 1.6, they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals. Paragraph (d) therefore provides that conflicts of the personally disqualified lawyer will be imputed to other lawyers in a law firm unless the conditions of this paragraph are met.

[4]   Requirements for screening procedures are stated in paragraph (d). "Screened" and "screening" are defined in Rule 1.0(t).

[4A]   A firm seeking to avoid imputed disqualification under this Rule must prohibit the personally disqualified lawyer from sharing in the fees in the matter.

[4B]   A firm seeking to avoid disqualification under this Rule should also consider its ability to implement, maintain, and monitor the screening procedures permitted by paragraph (d) before undertaking or continuing the representation. In deciding whether the screening procedures permitted by this Rule will be effective to avoid imputed disqualification, a firm should consider a number of factors, including how the size, practices and organization of the firm will affect the likelihood that any confidential information acquired about the matter by the personally disqualified lawyer can be protected. If the firm is large and is organized into separate departments, or maintains offices in multiple locations, or for any reason the structure of the firm facilitates preventing the sharing of information with lawyers not participating in the particular matter, it is more likely that the requirements of this Rule can be met and imputed disqualification avoided. Although a large firm will find it easier to maintain effective screening, lack of timeliness in instituting, or lack of vigilance in maintaining, the procedures required by this Rule may make those procedures ineffective in avoiding imputed disqualification. If a personally disqualified lawyer is working on other matters with lawyers who are participating in a matter requiring screening, it may be impossible to maintain effective screening procedures. The size of the firm may be considered as one of the factors affecting the firm's ability to institute and maintain effective screening procedures, it is not a dispositive factor. A

small firm may need to exercise special care and vigilance to maintain effective screening but, if appropriate precautions are taken, small firms can satisfy the requirements of paragraph (d).

[4C]   In order to prevent any lawyer in the firm from acquiring confidential information about the matter from the newly associated lawyer, it is essential that notification be given and screening procedures implemented promptly. If the matter requiring screening is already pending before the personally disqualified lawyer joins the firm, the procedures required by this Rule should be implemented before the lawyer joins the firm. If a newly associated lawyer joins a firm before a conflict requiring screening arises, the requirements of this Rule should be satisfied as soon as practicable after the conflict arises. If any lawyer in the firm acquires confidential information about the matter from the personally disqualified lawyer, the requirements of this Rule cannot be met, and any subsequent efforts to institute or maintain screening will not be effective in avoiding the firm's disqualification. Other factors may affect the likelihood that screening procedures will be effective in preventing the flow of confidential information between the personally disqualified lawyer and others in the firm in a given matter.

[5]   To enable the tribunal to determine compliance with the Rule, notice to the parties and any appropriate tribunal generally should be given as soon as practicable after the need for screening becomes apparent.