former paragraphs (c) and (d) amended and redesignated as paragraphs (d) and (e), and former paragraph (e) merged into redesignated paragraph (e) November 17, 2003 to be effective January 1, 2004; paragraph (c) amended July 9, 2008 to be effective September 1, 2008.

Comment by Court (Regarding 2008 Amendment)

In In re ACPE Opinion 705, 192 N.J. 46 (2007), the Court deferred to the Legislature in the spirit of comity and held that the post-government employment restrictions imposed by the New Jersey Conflicts of Interest Law, N.J.S.A. 52:13D-17, apply in the context of former State attorneys. The 2008 amendment to paragraph (c) implements that decision.

---

### RPC 1.12. Former Judge, Arbitrator, Mediator or Other Third-Party Neutral or Law Clerk

(a) Except as stated in paragraph (c), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator, mediator or other third-party neutral, or law clerk to such a person, unless all parties to the proceeding have given consent, confirmed in writing.

(b) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

(c) A lawyer shall not negotiate for employment with any person who is involved as a party or as an attorney for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer, arbitrator, mediator, or other third-party neutral. A lawyer serving as law clerk to such a person may negotiate for employment with a party or attorney involved in a matter in which the law clerk is participating personally and substantially, but only after the lawyer has notified the person to whom the lawyer is serving as law clerk.

(d) An arbitrator selected by a party in a multi-member arbitration panel is not prohibited from subsequently representing that party.

Note: Adopted July 12, 1984 to be effective September 10, 1984; caption and paragraph (a) amended, new paragraph (b) adopted, former paragraphs (b) and (c) amended and redesignated as paragraphs (c) and (d) November 17, 2003 to be effective January 1, 2004.

---

### RPC 1.13. Organization as the Client

(a) A lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders or other constituents. For the purposes of RPC 4.2 and 4.3, however, the organization's lawyer shall be deemed to represent not only the organizational entity but also the members of its litigation control group. Members of the litigation control group shall be deemed to include current agents and employees responsible for, or significantly involved in, the determination of the organization's legal position in the matter whether or not in litigation, provided, however, that "significant involvement" requires involvement greater, and other than, the supplying of factual information or data respecting the matter. Former agents and employees who were members of the litigation control group shall presumptively be deemed to be represented in the matter by the organization's lawyer but may at any time disavow said representation.

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. In determining how to proceed, the lawyer shall give due consideration to the seriousness of the violation and its consequences, the scope and nature of the lawyer's representation, the responsibility in the organization and the apparent motivation of the person involved, the policies of the organization concerning such matters and any other relevant considerations. Any measures taken shall be designed to minimize disruption of the organization and the risk of revealing information relating to the representation to persons outside the organization. Such measures may include among others:

(1) asking reconsideration of the matter;

(2) advising that a separate legal opinion on the matter be sought for presentation to appropriate authority in the organization; and

(3) referring the matter to higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest authority that can act in behalf of the organization as determined by applicable law.

(c) When the organization's highest authority insists upon action, or refuses to take action, that is clearly a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer may take further remedial action that the lawyer reasonably believes to be in the best interest of the organization. Such action may include revealing information otherwise protected by RPC 1.6 only if the lawyer reasonably believes that: