| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: August 15, 2024 at 11:30 a.m. ET |

# WIND-DOWN DEBTORS' MOTION FOR AUTHORITY TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE WIND-DOWN DEBTORS' MOTION TO APPROVE KYC/ALM PROTOCOLS FOR US-BASED ACCOUNTS

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609]. Capitalized terms not otherwise defined herein shall have the meanings contained in the Plan.

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), respectfully submit this motion (the "Motion to Seal") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(c) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing the Wind-Down Debtors to redact and file under seal Schedule 1 to Exhibit A (the "Redacted Schedule") to the *Wind-Down Debtors' Motion to Approve KYC/ALM Protocols for US-Based Accounts* (the "Motion to Approve Protocols") and further relief as the Court deems necessary, appropriate, and consistent with the goals of the Motion to Seal. The Motion to Approve Protocols has been filed with the proposed redactions contemporaneously herewith. In support of this Motion to Seal, the Wind-Down Debtors respectfully state as follows:

## BACKGROUND

1. The Debtors commenced these Chapter 11 cases on November 28, 2022 (the "Petition Date"). An order granting the Debtors' motion for the cases to be jointly administered was entered on November 29, 2022 [Docket No. 42]. On October 3, 2023, this Court confirmed the Plan, which went effective on October 24, 2023 (the "Effective Date"). Between the Petition Date and the Effective Date, the Debtors operated and managed their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

2. Under the Plan, the Plan Administrator is responsible for, among other things, "implementing the Wind-Down and making distributions contemplated by the Plan." Plan Art. IV.D.6.

3. As set forth in the Motion to Approve Protocols, there are approximately 1,700 accounts held by domestic account holders which were flagged for possible KYC/AML issues. These accounts are in various stages of review and are listed in Schedule 1 to Exhibit A.

4. While these accounts are undergoing review, the Wind-Down Debtors filed the Motion to Approve Protocols which would enable them to continue the risk-based assessment of these accounts in compliance with KYC/AML obligations with the goal of making distributions expeditiously.

**JURISDICTION**

5. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include Section 107(b) of the Bankruptcy Code, Rule 9018, and Local Rule 9018-1.

**RELIEF REQUESTED**

6. The Wind-Down Debtors respectfully request this Court enter the Proposed Order authorizing the Wind-Down Debtors to redact and file confidential and sensitive portions of the Redacted Schedule and directing that it remain under seal, confidential, and not be made available to any third party without further order from the Court, provided however, that copies shall be provided on a confidential basis to the Court and the U.S. Trustee, and subject to the Wind-Down Debtor's consent or order of the Court, other parties that so request and have assented to the terms of the Seal Order and/or protective order.

## BASIS FOR RELIEF

7. Bankruptcy Code Section 107(c) provides, in relevant part, the following: "The bankruptcy court, for cause, may protect an individual … to the extent the court finds that disclosure of such information would cause undue risk of … unlawful injury to the individual or the individual's property." Rule 9037 establishes the procedure by which a party may file documents under seal and/or obtain a protective order. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title".

8. The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted).

9. Here, the Redacted Schedule contains sensitive non-public information of individual domestic account holders. The redactions are necessary to protect the individuals' privacy, safety, and security.

10. Therefore, the Wind-Down Debtors' Motion to Seal should be granted.

[*Remainder of page intentionally left blank*]

## NO PRIOR REQUEST

11. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Wind-Down Debtors respectfully request that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate, and consistent with the goals of the Motion to Seal.

Respectfully Submitted,

Dated: June 28, 2024

/s/  *Susan S. Long*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Susan S. Long, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com
SLong@genovaburns.com

*Local Counsel to the Plan Administrator*