George S. Wynns
124 Brewster Street
San Francisco, CA 94110-5304
415-279-7397
georgewynns@gmail.com

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

24 08-9 P 3 39

BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: BLOCKFI, INC., Et al.<br><br>Debtors. | Case No. 22-19361  Chapter 11<br><br>**NOTICE OF OBJECTTON AND OBJECTION BY SECURED CREDITOR GEORGE WYNNS TO FOURTH NOTICE OF PROPOSED SATISFACTION OF CLAIMS; AFFIDAVIT OF SECURED CREDITOR. .**<br><br>Hon. Michael B. Kaplan, Judge<br>Hearing Aug. 15, 2024 |

To: Counsel for the Debtor, to the United States Trustee, and to this Honorable Court, PLEASE TAKE NOTICE THAT: Secured creditor

1

George Wynns objects to the Fourth Notice of Proposed Satisfaction of Claims as regards his bona fide claims for return of his 4.2 Bitcoin by the Debtor and any other related claims.

**OBJECTION TO FOURTH NOTICE OF SATISFACTION OF CLAIMS**

Early on in Blockfi's present bankruptcy proceedings, secured creditor George Wynns submitted bona fide claims against Blockfi's various related entities for return of his 4.2 Bitcoin in specie that he had lodged with the Debtor as security for his loans of approximately $40,000. Wynns offered to repay the loans in full in exchange for the return of his Bitcoin

This Court denied Wynns's claims, offering the excuse that his claims conflicted with the confirmed bankruptcy plan. However, the return of Wynns's property was mandated by law. In spite of filing a formal request to be notified of all court filings, he was not notified. Wynns timely appealed the Court's determination to the United States District Court, Case No. **3:23-cv-23282-ZNQ.** Said appeal is presently pending before the District Court.

Wynns's Bitcoin constitutes his retirement savings. At current prices, Wynns's 4.2 Bitcoin is worth approximately $243,000. In addition to refusing to return Wynns's Bitcoin in exchange for full payment of the loans, the attorneys for the Debtor arbitrarily assigned ridiculously small monetary amounts to Wynns's claims. Wynns's claims have not been "satisfied" in any manner. Wynns

accordingly objects to the proposed order by this Court that his claims have been satisfied.  *George Wynns*

## AFFIDAVIT OF SECURED CREDITOR;
## AFFIDAVIT OF SERVICE

I, George Wynns, declare and affirm as follows:

1. I am a bona fide secured creditor in Blockfi's bankruptcy cases. I filed my claims early on in the bankruptcy proceedings, stating that I owned some 4.2 Bitcoin that the Debtor was holding as security for my two loans, totaling some $40,000.

2. I offered properly, lawfully, and in good faith to pay the loans in full in exchange for return of my property, which was fully in accord with applicable federal law.

3. I also filed a request for service upon me of documents filed in Blockfi's bankruptcies, but this request was ignored, and I was never served with anything until I was served with Blockfi's Tenth Omnibus Objection to certain claims, including my own claims.

4. I thus unlawfully had no notice of the Debtor's proposed Chapter 11 Plan or the confirmation of it.

5. Blockfi's counsel also placed arbitrary monetary values upon my Bitcoin, even considering the much lower market value of Bitcoin at the time. However, I was entitled to the return of my Bitcoin in specie, to which I was entitled.

6. The amount and value of my 4.2 Bitcoin constituted and constitutes a minuscule portion of the Debtor's estate.

7. I believe it should be obvious to the Court that the Debtor's counsel preferred to spend many thousands of dollars in contesting my just claims, to their own monetary benefit, rather than agreeing to return my retirement savings in exchange for payment of my loans. I believe the Court should recognize that that was unethical and unjust.

8. It is a simple, lawful, and equitable thing to do to return my retirement savings to me, which is my lawful property, in exchange for repayment of the loans.

9. My claims have not been satisfied, and I believe it would be improper for this Court to order that they have been satisfied.

10. As requested by Blockfi's counsel, I have served (1) Haynes & Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, NY 10112, Attn: Lauren M. Sisson (2) Brown Rudnick LLP, 7 Times Square New York, NY 10036, Attn: Kenneth J. Aulet, Esq. (kaulet@brownrudnick.com); and the United States Trustee by first-class U.S. Mail on this date.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Dated: August 5, 2024

*George Wynns*

George S. Wynns