Andrew P. Marks, Esq.
Dorf Nelson & Zauderer LLP
555 Theodore Fremd Avenue
Rye, NY 10580
Tel.: (914) 381-7600
Email: amarks@dorflaw.com

Aaron Weissberg, Esq. (*admitted pro hac vice*)
Dorf Nelson & Zauderer LLP
555 Theodore Fremd Avenue
Rye, NY 10580
Tel.: (914) 381-7600
Email: aweissberg@dorflaw.com

*Attorneys for Matthew Gordon*

ORAL ARGUMENT REQUESTED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------x
In Re:

BLOCKFI INC., *et al.*,

                                        Debtors.
---------------------------------------------------------x

Case No. 22-19361-MBK

Chapter 11

(Jointly Administered under a Confirmed Plan)

Hearing Date: September 4, 2024 at 10:00 a.m. ET

### MATTHEW GORDON'S REPLY TO THE RESPONSE BY THE WIND-DOWN DEBTORS' TO HIS CROSS-MOTION DIRECTING IMMEDIATE PAYMENT OF HIS APPROVED CLAIMS

I, Andrew P. Marks, Esq., being duly sworn, deposes and says:

1.  I am an attorney with Dorf Nelson & Zauderer LLP, counsel for the creditor Matthew Gordon ("Gordon"), and as such, am familiar with the facts stated herein.

2.  This affirmation is submitted in reply to the response by BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), and in further support of Matthew Gordon's cross-motion (Docket No. 2374) for an order directing the Wind-Down Debtors to immediately pay Matthew Gordon the amounts owed to him under his approved claims pursuant to the Amended Chapter 11 Plan and Confirmation Order dated October 3, 2023.

1

3. There is no allegation by the Debtors that Matthew Gordon violated the Bank Secrecy Act. Instead, the Debtors' point to a transaction for less than $5,000 from over 2 ½ years ago allegedly from an online gambling website that was transferred through multiple wallet accounts, until it was finally allegedly ended up in Matthew Gordon's account.

4. Debtors fail to submit any competent admissible evidence that Matthew Gordon violated the Unlawful Gambling Act. BlockFi has not submitted any client affidavit with any business records showing that Matthew Goron gambled with any internet gambling website. There is no Expert affidavit that traces the funds through prior multiple wallets or that shows that Matthew Gordon himself engaged in any transaction that violated the Unlawful Gambling Act.

5. BlockFi concedes in Footnote 6, that "The Wind-Down Debtors take no position as to the conduct of the Objector in connection with any gambling activities." Their allegation is that there were that 76.77 LTC (a little less than $5,000) that originated from a gambling website, that was transferred several times through various wallets, until finally it was deposited into Matthew Gordon's Wallet. The allegation is based on nothing more than rank speculation and conjecture. There is no evidence that Matthew Gordon was the owner of the prior wallets or that he himself engaged in any gambling.

6. At paragraph 23, BlockFi admits that "its factual knowledge concerning the [Matthew Gordon's] Objector's transaction history and fund sourcing is incomplete" Meaning that BlockFi has insufficient records and information about those transfers from the prior wallet accounts to demonstrate or prove that Matthew Gordon had anything to do with the prior owners of the $5,000 in Litecoin that allegedly originated from a gambling website.

7. At paragraph 17, BlockFi alleges only that the transaction "might" violate the Unlawful Gambling Act, however "might" is not good enough.

8. BlockFi alleges that it has an obligation to identify and block transactions that originate from a Gambling Website. However, they misconstrue the statute.

9. Pursuant to the FIS Regulatory Compliance Manual**,** Regulation GG 12 C.F.R. 233, requires that a funds transfer from a gambling website should be "blocked" meaning that it should be reversed and the funds credited back to a consumer's account, and goes on to state that the funds in the consumer's accounts should not be restrained or frozen. BlockFi has done the exact opposite.

10. There is no transaction going through BlockFi from a gambling website for them to reverse, and BlockFi should not be restraining a consumer's account.

11. The statute does not proscribe restraining or freezing transactions down the chain from prior owners of crypto currency.

12. Hypothetically, if someone from Germany gambled on a website and later sold his Litecoin on BlockFi's platform, and if Matthew Gordon later purchased that Litecoin, he would not have violated the law.

13. At paragraph 23, Wind-Down Debtors state that they "do not believe the UIGEA requires them to freeze any funds deposited by the Objector other than the Subject Funds". The subject funds are less than $5,000. Yet they improperly restrained **$838,853.20** of Matthew Gordon's approved claim No. 15784 as well as **$13,788.59** of his approved Claim No. 23511 totaling **$852,641.79.**

14. BlockFi lacks authority under the Bank Secrecy Act and the Unlawful Gambling Act to restrain or freeze an account. A civil forfeiture action must be brought by the US Attorney General or the US Secretary of the Treasury in federal district court which has **original and exclusive jurisdiction** in order to seek a temporary restraining order to restrain any funds. BlockFi lacks Standing and this court lacks jurisdiction to grant such relief. 31 U.S.C.A. § 5365. Moreover,

it would be time barred by 18 U.S.C.A. § 984, under the 1-year statute of limitations from the date of the disputed transaction.

15. Moreover, the Court cannot enter a final judgment in non-core matters without the parties' consent. *See* 28 U.S.C. § 157(c)(2). *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 WL 5225840, at *7 (Bankr. S.D.N.Y. Nov. 9, 2021). The relief sought by BlockFi seeking to restrain funds belonging to creditors is **non-core** to the bankruptcy by definition because it involves pre-petition conduct for potential claims of the U.S. Government or State claims against non-debtor creditors. Even under a "related to" analysis this court lacks jurisdiction since Matthew Gordon does not consent.

**WHEREFORE**, it is respectfully requested that Matthew Gordon's cross-motion be granted in its entirety and that the Wind-Down Debtors' be ordered to immediately pay Matthew Gordon his approved claims pursuant to the Amended Chapter 11 Plan, or be held in contempt of court for the Debtors' non-compliance; and that Matthew Gordon be granted such addition and further relief as this Court deems just, proper and equitable.

Dated: Rye, New York
      August 30, 2024

DORF NELSON & ZAUDERER LLP

By: _____
Andrew P. Marks, Esq.
555 Theodore Fremd Avenue
Rye, New York 10580
Tel.: (914) 381-7600
Email: amarks@dorflaw.com
*Attorneys for Matthew Gordon*

4