**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ZAHID N. QURAISHI**<br>UNITED STATES DISTRICT JUDGE | **U.S. COURTHOUSE**<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

August 30, 2024

## LETTER ORDER

Re:  *Gerro* v. *BlockFi Inc.*,
     Civil Action No. 23-18740-ZNQ

Dear Counsel and Pro Se Party:

This matter comes before the District Court upon *pro se* Appellant George J. Gerro's ("Appellant" or "Gerro") filing of an appeal of the District of New Jersey Bankruptcy Court's ("Bankruptcy Court") decision to disallow claims brought by Gerro in BlockFi Inc.'s Chapter 11 Bankruptcy case.[1] (ECF No. 1.) Appellant filed a moving brief (ECF No. 4-1), Appellee opposed (ECF No. 7) and Appellant replied (ECF No. 9).[2] The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court **DISMISSES** Appellant's appeal.

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158 (a). A district court reviews a bankruptcy court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for an abuse thereof." *In re Rashid*, 210 F.3d 201, 205 (3d Cir. 2000); *see In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . .") (quoting Frmr. Fed. R. Bankr. P. 8013); *see also In re Great Atl. & Pac. Tea Co., Inc.*, Civ. No. 14-4170, 2015 WL 6395967, at *2 n.1 (S.D.N.Y. Oct. 21, 2015) (although Fed. R. Bankr. P. 8013 was removed in the new Federal Rules of Bankruptcy Procedure "logic still compels the same conclusion with respect to the appellate powers of the District Court.") Also, the Court, when addressing mixed questions of law and fact, divides the questions into their respective components and applies the appropriate standard to each. *In re Brown*, 951 F.2d 564, 567 (3d Cir. 1991).

Appellant brings five alleged issues in this appeal, arguing the Bankruptcy Court erred in: (1) its finding that BlockFi's use and possession of Appellant's loan collateral (the "Collateral)[3] was not a violation of its California Finance Lender License under California Financial Code § 22009; (2) in not

---

[1] The Debtors in the Chapter 11 cases, followed by each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487), BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (2422); BlockFi Services, Inc. (5965), and BlockFi Lending II LLC (0154). (Collectively, "BlockFi." or "Appellee.") The relevant Bankruptcy docket number is 22-19361.
[2] Appellant also submitted a Supplemental Authority in support of his argument. (ECF No. 10.)
[3] The collateral securing the loan at issue was 441.85 Bitcoin ("BTC").

finding that while the Collateral was in BlockFi's possession any proceeds rightfully belonged to Appellant; (3) in not applying the California Financing Law's statutory remedies to the instant case; (4) in the alternative, in finding that there was no acceptance of BlockFi's offer to reverse its liquidation of the Collateral and no contract was formed to reverse the loan, and (5) in finding that BlockFi met its burden of persuasion under the California Commercial Code to prove it liquidated Appellant's collateral in a commercially reasonable manner. (ECF No. 4-1 at 10-13.)

Issues One and Three on appeal may be disposed of together. First, the Court finds that the Bankruptcy Court did not err in its analysis that BlockFi's possession, use, and liquidation of Appellant's collateral was not a violation of its California Finance Lender License. (ECF No. 1 at 18.) The Bankruptcy Court analyzed Appellant's arguments premised on statutory construction and legislative history, but found them unavailing in the face of the appropriate regulatory department's decision to award BlockFi the relevant license after being fully apprised of Appellee's intent to hold such collateral, as well as a declaration from the former head of that same regulatory department. (*Id.*) Further, the Bankruptcy Court tailored its opinion to be consistent with the "tentative ruling" in the related California State Court Litigation. (*Id.*) [4] Gerro's briefing does not sufficiently show an error on the part of the Bankruptcy Court—he merely disagrees with the Bankruptcy Court's interpretation of the law, an interpretation which to this point appears in line with the tentative analysis promulgated in the various ongoing California state court proceedings brought by Appellant on these same facts. (ECF No. 7 at 23.) The Court affirms the Bankruptcy Court's holding that there were no violations of the California Financial Code, and therefore holds that Appellee BlockFi is correct that "because no such violations occurred," there is "no reason . . . to examine [statutory] remedies." (*Id.* at 18.)

As to Issue Two on appeal—Appellant's argument that he was owed the proceeds of the Collateral—the plain language of the loan contract he signed gave BlockFi the rights to a security interest in all such proceeds. (ECF No. 4-1 at A412 ("For valuable consideration . . . Borrower hereby: pledges, assigns, transfers, and delivers to Lender, and grants to Lender a continuing and unconditional first priority security interest in . . . (vi) all proceeds of the [441.85 BTC]").) Appellant's citations to a default provision of the Uniform Commercial Code are unavailing, given the explicit contractual language of Appellant's loan from BlockFi, as are Appellant's arguments that the Bankruptcy Court erred in its analysis of the relevant contract. (ECF No. 4-1 at 23.) Appellant's own citation to the contract supports BlockFi's argument that Gerro "explicitly agree[d] that BlockFi may use the Collateral in transactions with other parties for its own benefit and without any notice requirement to Gerro." (*Compare* ECF No. 4-1 at 25 and ECF No. 4-2 at A412 *with* ECF No. 7 at 27-28.) In sum, the Court finds the Bankruptcy Court did not err in its analysis of Issue Two.

Next, the Court finds that the Bankruptcy Court correctly applied the facts of the email chain in its analysis of whether Appellant properly accepted BlockFi's offer, Appellant's Issue Four. Here, Appellant does not cite to an error of law or fact – merely, he argues without citation that "[o]ffers may involve

---

[4] While the Court will not reiterate the extensive history of those California State Court actions here, a summary of Gerro's ongoing efforts in California current to the briefing date can be found in Appellee's Opposition Brief and in the Appendix. (ECF No. 7 at 8 n.3) (citing ECF No. 4-2 at A288-302, A467-A484.)

formulas." (ECF No. 4-1 at 29.)  While that may be the case, the plain facts of the email chain show there was no offer and acceptance under any commonly accepted understanding of contract law.  Among other defects with Appellant's argument, the original email from BlockFi that Gerro understood to be the "offer" clearly identified the formula Appellant relies upon as an "[e]xample" of a formula that might be used in determining the correct loan terms.  (ECF No. 4-1 at A439.)  Setting aside the issue that Appellant neglected to respond to said "offer" for more than a month, the Bankruptcy Court correctly relied on the plain language of the email chain to find "that material terms remained uncertain" and there was no offer and acceptance.  (ECF No. 1 at 24.)

Finally, the Court agrees with Appellee BlockFi that Appellant waived Issue Five by failing to raise it in the bankruptcy court, beyond the bald statement that the Collateral's liquidation was unreasonable. (ECF No. 7 at 31) (citing *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372 (3d Cir. 2022).  An argument is waived when "a party fails to adequately raise it with a minimum level of thoroughness in the lower court." *In re BG Petroleum, LLC*, No. 23-1222, 2024 WL 2151522, at *2 (3d Cir. May 14, 2024). Given that Appellant does not substantively address BlockFi's waiver argument in his Reply Brief and only cites conclusory mentions of unreasonableness, there is no basis for this Court to find other than Gerro waived the issue at the bankruptcy court level.  (*See generally* ECF No. 9.)

For the reasons stated above, the Court will affirm the decision of the Bankruptcy Court and will **DISMISS** this appeal.  The Clerk is ordered to administratively close this case.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3