**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on September 9, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: September 4, 2024 at 10:00 a.m. ET |

**ORDER GRANTING THE WIND-DOWN DEBTORS'**
**MOTION TO APPROVE KYC/AML PROTOCOLS FOR US-BASED ACCOUNTS**

The relief requested on the following pages is hereby ORDERED.

**DATED: September 9, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al*. |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO APPROVE KYC/AML PROTOCOLS FOR US-BASED ACCOUNTS |

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8300<br>taxelrod@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Matthew A. Sawyer, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8300<br>msawyer@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

Upon consideration of the *Wind-Down Debtors' Motion to Approve KYC/AML Protocols for US-Based Accounts* (the "Motion")[3] for entry of an order (this "Order") approving the KYC/AML Protocols and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the*

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO APPROVE KYC/AML PROTOCOLS FOR US-BASED ACCOUNTS |

---

*Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The KYC/AML Protocols attached to this Order as Exhibit 1 are adopted and approved and shall govern distributions under the Plan to the Flagged Accounts.

3. The Wind-Down Debtors are authorized and directed to take all actions described in and consistent with the KYC/AML Protocols in accordance therewith and are otherwise authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. The actions of the Wind-Down Debtors, Plan Administrator, and any director, officer, employee, retained professional, independent contractor, or other related party thereof or successor or

Case 22-19361-MBK    Doc 2387    Filed 09/09/24    Entered 09/09/24 13:40:20    Desc Main
Document    Page 4 of 11

(Page | 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO APPROVE KYC/AML PROTOCOLS FOR US-BASED ACCOUNTS |

---

assignee of the foregoing, in each case to the extent acting within their reasonable business judgment to facilitate distributions (or not) to Holders of Allowed Claims in connection with the Flagged Accounts in compliance with the KYC/AML Protocols, does not and shall not violate any such persons' legal and ethical obligations pursuant to any KYC/AML Regulations, whatever and to whomever such obligations may be.

4.    This Order shall be binding on the Wind-Down Debtors, their estates, all creditors and parties-in-interest including any person authorized to investigate or enforce any KYC/AML Regulations, and any trustee appointed in these cases.

5.    Notwithstanding Bankruptcy Rule 4001(a)(3), 6004(h), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

6.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities or securities transactions, and the right of the United States Securities

(Page | 5)
Debtors:          BLOCKFI INC., *et al*.
Case No.          22-19361 (MBK)
Caption of Order: ORDER GRANTING WIND-DOWN DEBTORS' MOTION TO APPROVE KYC/AML PROTOCOLS FOR US-BASED ACCOUNTS

---

and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**PROPOSED ORDER EXHIBIT 1**
**(KYC/AML Protocols)**

## PROPOSED KYC/AML PROTOCOLS

1. The Wind-Down Debtors respectfully request that the Court authorize and direct the Wind-Down Debtors to adopt and implement the following KYC/AML Protocols with respect to the Flagged Accounts:[1]

**I.    Review and Distribution Determinations.**

2. As to each Flagged Account, the Wind-Down Debtors shall categorize accounts by risk level based on the type and nature of the applicable flag(s), after which the Wind-Down Debtors will review Persona and Chainalysis outcomes in connection with the following categories (flags) and render determinations as set forth below.

**A.    Identity Theft Review.**

3. Accounts flagged for insufficient identity information or risk of identity theft shall be reviewed as follows, consistent with BlockFi's pre-petition compliance practices except as to sub-paragraph (a).

   a. Accounts flagged solely for insufficient identity information or risk of identity theft for which the claim amount is less than or equal to $2,000 shall be unfrozen and distributions made thereon. The following procedures set forth in sub-paragraphs (b)-(d) shall apply with respect to accounts with multiple flags and/or claim amounts greater than $2,000.

   b. The Wind-Down Debtors will review the information available to them to determine whether there is a sufficient likelihood that making a distribution as to an account would violate applicable KYC Regulations. Where the Wind-Down Debtors determine that there is not a sufficient likelihood of a violation, they will make distributions on such accounts.

   c. Where the Wind-Down Debtors either (i) determine that there is a sufficient likelihood of a violation, or (ii) do not possess adequate information to make a determination, they will request additional information from the account holder (including without limitation new or verified copies of information provided to

---

[1] For the avoidance of doubt, these Protocols shall not, and shall not be interpreted to, prohibit the Wind-Down Debtors from taking any action required by law, including without limitation any reporting or other obligations under applicable law with respect to suspicious account activity.

BlockFi previously).

d. The Wind-Down Debtors will review and/or use Persona to screen the Flagged Accounts and make any subsequent determination thereafter, including to make distributions or continue to freeze the account. A determination by the Wind-Down Debtors to keep the account frozen will be subject to the notice and relief provisions set forth in Section II of these KYC/AML Protocols.

B. **OFAC/PEP Review.**

4. Accounts flagged in connection with OFAC or other sanctions list restrictions shall be reviewed to determine whether the account holder is a valid match for the restricted individual or entity.

a. If the Wind-Down Debtors determine that the account holder is not a valid match to the applicable list, the Wind-Down Debtors will clear the account holder to receive distributions.

b. If the Wind-Down Debtors identify a valid match against OFAC or any other sanctions list, the Wind-Down Debtors will freeze distributions subject to the notice and relief provisions set forth in Section II of these KYC/AML Protocols and report the match to OFAC and other appropriate parties consistent with OFAC guidance.

c. If the Wind-Down Debtors identify a match to a PEP but not linked to any OFAC or other sanctions list, the Wind-Down Debtors will review and make a determination in their discretion based on applicable guidance from OFAC or any comparable organization. Such determination may include making a distribution or freezing the account subject to the notice and relief provisions set forth in Section II of these KYC/AML Protocols.

C. **Chainalysis Flags: Exposure to Criminal Activity.**

   i. *Low-Risk Accounts*

5. Low-risk accounts will not be subject to further review, and distributions will be made on account thereof.

   ii. *Medium-Risk Accounts*

6. Medium-risk accounts for which the account balance is less than or equal to $2,000 will not be subject to further review, and distributions will be made on account thereof. Medium-risk accounts for which the account balance is greater than $2,000 will be subject to

further review. Following this review, the Wind-Down Debtors, in their reasonable discretion, may determine to clear an account and make distributions thereon, or freeze an account whereby such account would be subject to the notice and relief provisions set forth in Section II of these KYC/AML Protocols.

        *iii.*    *High-Risk Accounts*

7. High-Risk Accounts will be frozen and subject to the notice and relief provisions set forth in Section II of these KYC/AML Protocols.

    **D.**    **Previously Unfrozen Accounts.**

8. As mentioned above, certain of the Flagged Accounts appear to have been reviewed, to some extent, by BlockFi's Compliance Team prior to the Petition Date. In certain instances, the Compliance Team appear to have issued recommendations to, and in fact did, unfreeze accounts. Following the Petition Date, BlockFi determined to freeze accounts flagged by Persona for possible identity theft issues, notwithstanding whether the account was reviewed and previously unfrozen.

9. The Wind-Down Debtors are working quickly to re-review each of these accounts utilizing Persona and will prioritize review of these accounts. The Wind-Down Debtors intend to make distributions on account of each of these accounts following their review and absent any determination to the contrary.

**II.**    **Notice and Opportunity for Relief.**

10. If the Wind-Down Debtors determine to freeze distributions pursuant to the preceding Section I of these KYC/AML Protocols (each, a "Frozen Account" held by a "Frozen Account Holder"):

    a.    The Wind-Down Debtors shall provide notice to the Frozen Account Holder of such determination (a "Freeze Notice"). In the absence of a lawful order or request from law enforcement authorities, such Freeze Notice shall include:

      1.      information concerning the Claim associated with the Frozen Account; and

      2.      copies of these Protocols and the order of the Bankruptcy Court approving these Protocols.

b.      Such Freeze Notice shall be delivered to the Frozen Account Holder at all addresses provided thereby. The Wind-Down Debtors may, but need not, make further efforts to locate the Frozen Account Holder and provide the Freeze Notice. The first attempted issuance of the Freeze Notice shall constitute an attempted distribution pursuant to Article VI of the Plan, such that, pursuant to Article VI.C.6 of the Plan, in the event that (a) such Freeze Notice is returned as undeliverable or (b) the Frozen Account does not respond to such notice and seek relief as set forth below, all present and future distributions in connection with such Frozen Account shall be deemed Unclaimed Property under section 347(b) of the Bankruptcy Code on the date that is six months after the issuance of the Freeze Notice, without further notice or hearing.

c.      The Frozen Account Holder may, within six months after issuance of the Freeze Notice, request that the Frozen Account be unfrozen by order of this Court. Such request must be made by motion to this Court, which motion shall assert the reasons for unfreezing the account and be supported by a statement, made under penalty of perjury, indicating the source of funds in the Frozen Account. Such motion shall be served upon the Wind-Down Debtors, the applicable regulator(s), the United States Trustee, any other known party in interest, and all other parties entitled to notice in these proceedings.

d.      Nothing in these KYC/AML Protocols shall operate to prevent the Wind-Down Debtors from requesting additional information (including any information previously requested and/or received at any time by BlockFi) from any Frozen Account Holder or any other party, at any time, concerning any Frozen Account, or from taking any position with respect to any motion submitted by any Frozen Account Holder.

**III.**      **Distributions and Withholding.**

11.      For all accounts that the Wind-Down Debtors determine to clear for distributions pursuant to the preceding Section I of these KYC/AML Protocols (each a "Clear Account" associated with a "Clear Account Holder"), the Wind-Down Debtors and their agents shall be permitted to direct the relevant distribution agents to make distributions as otherwise set forth in the Plan and consistent with applicable law, without further notice or hearing. Notwithstanding the foregoing sentence, as to all Clear Accounts pursuant to which the distribution amount is in

excess of $10,000, the Clear Account Holder will be provided notice of the Wind-Down Debtors determination to make distributions on account of such Clear Account subject to the Clear Account Holder's execution of a form declaration, attached hereto as Exhibit B, affirming that the source of the funds in the Clear Account are not, in whole or in part, from any illegal activity under federal, state, or other applicable law (a "Clear Notice"). Any Clear Account Holder who fails to ensure receipt by the Wind-Down Debtors of the form declaration within six months following receipt of a Clear Notice shall forfeit such distributions, and any such distributions shall be deemed Unclaimed Property under section 347(b) of the Bankruptcy Code on the date that is six months after the issuance of the Clear Notice.

12. For the avoidance of doubt, the Wind-Down Debtors shall be permitted, and are directed, to withhold distributions to Frozen Account Holders absent further order of this Court. No provision of the Plan or Confirmation Order or any provision of the Bankruptcy Code or prior order of this Court shall be construed to require the Wind-Down Debtors to make any distribution to any Frozen Account Holder.