| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* | **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* |
| In re: <br><br> BLOCKFI INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-19361 (MBK) <br><br> (Jointly Administered under a Confirmed Plan[2]) <br><br> Hearing Date: October 9, 2024 at 10:00 a.m. ET <br><br> Objection Deadline: October 2, 2024 |

## WIND-DOWN DEBTORS' MOTION FOR FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES AND GRANTING RELATED RELIEF

BlockFi Inc., and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors"), as managed by the Plan Administrator in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), by and through undersigned counsel, hereby submit this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as Exhibit A (the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order (the "Confirmation Order") [Docket No. 1660] confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609]. Capitalized terms not otherwise defined herein shall have the meanings contained in the Plan.

"Proposed Order") (a) issuing a final decree providing for the closing of certain of the above-captioned jointly-administered Chapter 11 Cases listed on Schedule 1 annexed to the Proposed Order (the "Fully Administered Cases"); (b) authorizing the Wind-Down Debtors to amend the schedule of Fully Administered Cases by submitting a proposed form of order to the Court, and without further notice or hearing, and (c) granting such related relief as this Court deems just and proper. In support hereof, the Wind-Down Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. Less than two years after BlockFi crashed into bankruptcy on the heels of FTX's infamous collapse, BlockFi is in the process of making 100% distributions on account of allowed customer claims.[3] In the last year,[4] the Wind-Down Debtors have worked diligently to administer the Plan, including: (i) settling significant claims with the FTX[5] and Three Arrows Capital[6] estates; (ii) undertaking a substantial claims reconciliation process; and (iii) making interim distributions to creditors. The Plan Administrator submits this Motion to begin closing certain of the cases as the next step in the conclusion of these chapter 11 proceedings.

2. BlockFi seeks to close the cases, beginning with those identified on Schedule 1 that are inactive. The Wind-Down Debtors likewise seek authority to close any other cases (with the

---

[3] This result is particularly extraordinary given the circumstances surrounding BlockFi's filing. The Plan Administrator acknowledges and appreciates the efforts of this Court (and many case parties and professionals) for facilitating this result.

[4] The Plan went effective on October 24, 2023 (the "Effective Date"). *See* Docket No. 1788.

[5] *See Order Granting Wind-Down Debtors Motion for an Order (I) Authorizing and Approving the Settlement and Release of Claims and Causes of Action by and Among the Wind-Debtors and FTX Debtors and (II) Granting Related Relief* [Docket No. 2209].

[6] *See Order Granting Wind-Down Debtors Motion for an Order (I) Authorizing and Approving the Settlement and Release of Claims and Causes of Action by and Among the Wind-Down Debtors and 3AC and (II) Granting Related Relief* [Docket No. 2121].

2

exception of the Lead Case)[7] through submission of a proposed form of order amending Schedule 1. Notwithstanding, the Wind-Down Debtors propose to maintain the Lead Case docket until such time as the Wind-Down Debtors file (consistent with their confirmed Plan and customary practice) a consolidated final report and request for final decree concerning the Fully Administered Cases.

3. This relief is expressly contemplated under the Plan. Article IV.M thereof provides that after the Effective Date "the Wind-Down Debtors shall be permitted to classify all of the Chapter 11 Cases as closed" except for a designated lead case. The Wind-Down Debtors now desire to do so and seek this Court's approval of requisite forms of order and process, likewise consistent with 11 U.S.C. §§ 105(a) and 350, and Bankruptcy Rule 3022, as well as common practice. This will permit the Wind-Down Debtors to continue their charges under the Plan – namely, to administer and successfully close these estates.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Wind-Down Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. This matter is a core proceeding within the meaning 28 U.S.C. § 157(b)(2)(A).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[7] The Wind-Down Debtors currently designate as the "Lead Case" BlockFi Inc., Case No. 22-19361. However, following the completion of customer distributions, it is possible that the Wind-Down Debtors will change the Lead Case to BlockFi Lending LLC, Case No. 22-19365.

7. The bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"); Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 3022-1 of the of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELEVANT FACTUAL BACKGROUND

### A. Chapter 11 Cases and Confirmed Plan.

8. On November 28, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On September 25, 2023, the Debtors filed the Plan. On September 26, 2023, this Court held a hearing on the Plan. On October 3, 2023, this Court issued the Confirmation Order, confirming the Plan.[8] The Plan went effective on October 24, 2023.

10. Article IV.M of the Plan contemplates the closing of the Chapter 11 Cases, and provides (emphasis added):

> On and after the Effective Date, the Debtors or the Wind-Down Debtors **shall be permitted to classify all of the Chapter 11 Cases of the Debtors as closed except for the Chapter 11 Case of any one Debtor as having its Chapter 11 Case remain open following the Effective Date** and all contested matters relating to any of the Debtors, including objections to Claims and any adversary proceedings, shall be administered and heard in the Chapter 11 Case of that applicable Debtor, irrespective of whether such Claim(s) were Filed or such adversary proceeding was commenced against a Debtor whose Chapter 11 Case was closed.

11. In other words, the Plan recognizes that estate administration would benefit from the closing of certain of the Chapter 11 Cases, particularly where there remains no valid purpose to keep cases open and incur additional fees and expenses.

---

[8] *See* Docket No. 1655, which was supplemented for technical reasons on October 4, 2023.

4

### B. The Fully Administered Cases.

12. The Fully Administered Cases identified on Schedule 1 to the Proposed Order – BlockFi Investment Products LLC ("BlockFi Investment Products") and BlockFi Lending II LLC ("BlockFi Lending II") – have historically not been operating entities. They existed to fulfill certain business purposes no longer relevant.

13. As reflected in their respective Schedules[9] and detailed below, BlockFi Investment Products LLC and BlockFi Lending II: (a) have minimal (or zero) assets and liabilities, (b) are not party to any executory contracts or unexpired leases, and (c) are not co-liable with any other Debtor on any liability:

| Debtor Entity | Assets | Liabilities | Executory Contracts & Unexpired Leases | Co-Debtors |
|---|---|---|---|---|
| BlockFi Investment Products | $0.01 | $78,119.83 (single contingent intercompany payable) | None | None |
| BlockFi Lending II | $500,000 (accounts receivable) | None | None | None |

14. The SOFAs[10] also demonstrate that these entities are nonoperational. BlockFi Investment Products' limited revenue was related to certain holdings since liquidated pursuant to the Plan, and it had no employees. The BlockFi Lending II SOFA also indicates that it did not

---

[9] *See Schedule of Assets and Liabilities for BlockFi Investment Products* LLC (Case No. 22-19370) [Docket No. 249] (the "BlockFi Investment Products Schedules") and the *Schedule of Assets and Liabilities for BlockFi Lending II LLC (Case No. 22-19374)* [Docket No. 253] (the "BlockFi Lending II Schedules," and, with the BlockFi Investment Products Schedules, the "Schedules").

[10] *See Statement of Financial Affairs for BlockFi Investment Products LLC* (Case No. 22-19370) [Docket No. 250] (the "BlockFi Investment Products SOFA") and the *Statement of Financial of Financial Affairs for BlockFi Lending II LLC (Case No. 22-19374)* [Docket No. 254] (the "BlockFi Lending II SOFA," and, with the BlockFi Investment Products SOFA, the "SOFAs").

5

generate revenue and did not have any employees. Moreover, the monthly operating reports of both entities indicate no economic activity.[11]

15.     BlockFi Investment Products LLC General Unsecured Claims and BlockFi Lending II General Unsecured Claims were both "estimated to be approximately $0.00 million as of the Conversion Date." *See Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1310], Exhibit B Liquidation Analysis at 9.

16.     As a result, the Plan provides that Class 4-h and 4-I Claims (BlockFi Investment Products LLC General Unsecured Claims and BlockFi Lending II General Unsecured Claims, respectively) "will be cancelled, released, and extinguished, and will be no further force or effect and [such Holders] will not receive any Distribution will not receive any Distribution on account of such BlockFi [Claim]". Plan Art. III.C.15, C.16. (For the avoidance of doubt, however, notwithstanding the closing of any cases, intercompany claims and interests pursuant to the Plan would continue to be honored if necessary such that, e.g., any amounts that might be realized by BlockFi Lending II would continue to be upstreamed to its corporate parent for distribution to creditors as otherwise set forth in the Plan.  No such action is anticipated.)

17.     Lastly, the post-confirmation reports for BlockFi Investment Products and BlockFi Lending II note the lack of any post-confirmation transfers, allocable professional fees, or claims. *See* Docket Nos. 2250, 2251.

---

[11]  *See* Docket Nos. 211, 213, 368, 369, 551, 553, 656, 658, 763, 765, 967, 969, 1102, 1104, 1255, 1257, 1379, 1381, 1561, 1563, 1784, 1786, 1910, and 1912.

## RELIEF REQUESTED

18.    The Wind-Down Debtors seek entry of the Proposed Order (a) issuing a final decree and closing the Fully Administered Cases, (b) authorizing the Wind-Down Debtors to amend the schedule of Fully Administered Cases by submitting a proposed form of order to the Court, and without further notice or hearing, and (c) granting such related relief as this Court deems just and proper.[12]

## LEGAL ARGUMENT

19.    The Motion seeks to close the Fully Administered Cases, and authority to close any other estates (with the exception of the Lead Case) through submission of a proposed form of order amending Schedule 1. The relief requested in the Motion and as set forth in the Proposed Order is contemplated under the Plan, and is consistent with 11 U.S.C. §§ 105(a) and 350, and Bankruptcy Rule 3022, as well as common practice.

20.    The Plan provides in relevant part:

> On and after the Effective Date, the Debtors or the Wind-Down Debtors **shall be permitted to classify all of the Chapter 11 Cases of the Debtors as closed except for the Chapter 11 Case of any one Debtor as having its Chapter 11 Case remain open following the Effective Date** and all contested matters relating to any of the Debtors, including objections to Claims and any adversary proceedings, shall be administered and heard in the Chapter 11 Case of that applicable Debtor, irrespective of whether such Claim(s) were Filed or such adversary proceeding was commenced against a Debtor whose Chapter 11 Case was closed.

Plan, § IV.M. (emphasis added).

21.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered […], the court shall close the case." 11 U.S.C. § 350(a).

---

[12]  For the avoidance of doubt, the Wind-Down Debtors do not request authorization to amend the schedule of Fully Administered Cases at any point in the future to include the Lead Case. Rather, the Wind-Down Debtors intend to file a consolidated final report and separate request for final decree with respect to the Lead Case and any other remaining Chapter 11 Cases.

7

22. Bankruptcy Rule 3022 likewise provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

23. Article IV.M of the Plan expressly provides for closure of certain of the Chapter 11 Cases, and is consistent with normative bankruptcy practice and bankruptcy courts' exercise of discretion afforded under Section 105 of the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *In re Jackson Hewitt Tax Serv. Inc.*, Case No. 11-11587 (MFW), 2013 WL 1402799 (Bankr. D. Del. Apr. 4, 2013) (granting closure of certain jointly administered bankruptcy cases pursuant to Section 105(a) of the Bankruptcy Code).

24. Accordingly, the estates of BlockFi Investment Products and BlockFi Lending II have been fully administered and ample cause exists for the Court to authorize the closure of their cases.

## NO PRIOR REQUEST

25. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

26. The Wind-Down Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee for the District of New Jersey, and (b) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

**WHEREFORE**, Wind-Down Debtors seek entry of an order, substantially in the form

attached hereto as Exhibit A, (a) providing for a final decree and the closing of the Fully Administered Cases, (b) authorizing the Wind-Down Debtors to amend Schedule 1 by submitting a proposed form of order to the Court, and without further notice or hearing, and (c) granting such related relief as this Court deems just and proper.

Dated: September 18, 2024 /s/ *Daniel M. Stolz*
**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
Dstolz@genovaburns.com
Dclarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**

| | |
|---|---|
| **DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>     Debtors.[13] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br><br>(Jointly Administered under a Confirmed Plan) |

# FINAL DECREE CLOSING CERTAIN
# CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Upon the *Wind-Down Debtors' Motion for Final Decree Closing Certain Chapter 11 Cases and Granting Related Relief* (the "Motion")[14] for entry of this "Order" pursuant to Sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), as well as contemplated by the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and*

---

[13] The Debtors in these Chapter 11 cases prior to effectuation of this Final Decree and related relief, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[14] Capitalized terms use but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

11

*Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660 in Lead Case No. 22-19361] (the "Confirmation Order") and Article IV.M of the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (attached as Exhibit A to the Confirmation Order, the "Plan"), (a) issuing a final decree and closing the Fully Administered Cases as set forth on Schedule 1 attached hereto, (b) authorizing the Wind-Down Debtors to amend the schedule of Fully Administered Cases by submitting a proposed form of order to the Court, and without further notice or hearing, and (c) granting such related relief as this Court deems just and proper, all as more fully set forth in the Motion; and the Court having determined just cause exists for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Fully Administered Cases listed on Schedule 1 annexed hereto are hereby closed.

2. Notwithstanding the possible application of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

3. In lieu of filing individual closing reports in each of the Fully Administered Cases, a consolidated closing report with respect to all of the Chapter 11 Cases shall be filed in the case of BLOCKFI INC., Case No. 22-19361 (MBK) (the "Lead Case").

4. The Wind-Down Debtors are hereby authorized to amend the list of Fully

Administered Cases, and to change the Lead Case to the case of BlockFi Lending LLC, Case No. 22-19365, by submitting a proposed form of order to the Court, and without further notice or hearing; *provided* that the Lead Case shall remain open until the filing of a consolidated final report and separate request for final decree.

5. Entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen any of the Fully Administered Cases for cause shown.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree, or as further described in the Plan.

7. The Wind-Down Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree.

8. The Clerk of Court shall enter a copy of this Final Decree in each of the Fully Administered Cases.

# SCHEDULE 1

**Fully Administered Cases**

| Case Number | Debtor |
| --- | --- |
| 22-19370-MBK | BlockFi Investment Products LLC |
| 22-19374-MBK | BlockFi Lending II LLC |