# EXHIBIT B-1

1 | HAYNES AND BOONE, LLP
David Clark/Bar No. 275204
2 | david.clark@haynesboone.com
600 Anton Boulevard, Suite 700
3 | Costa Mesa, CA  92626
Telephone:    (949) 202-3000
4 | Facsimile:    (949) 202-3001

5 | Attorneys for Defendants
BLOCKFI LENDING LLC and
6 | BLOCKFI INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, BURBANK COURTHOUSE**

| | |
|---|---|
| GEORGE GERRO, an individual, | **CASE NOS.: 20BBCV00308** |
| Plaintiff, | **CASES STAYED IN THEIR ENTIRETY** |
| vs. | **ASSIGNED FOR ALL PURPOSES TO:** |
| BLOCKFI LENDING LLC, a Delaware limited liability company; BLOCKFI, INC., a Delaware Corporation; SCRATCH SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 100, | **Honorable Frank M. Tavelman**  **Department A** |
| | **STATUS CONFERENCE STATEMENT OF DEFENDANTS BLOCKFI LENDING LLC AND BLOCKFI INC. FOR CASE NOS. 20BBCV00308 AND 20STCV31493** |
| Defendants. | Status Conf. Date:    July 25, 2024 |
| | Time:                         9:00 a.m. |
| | Department:             A |

---

**STATUS CONFERNECE STATEMENT OF DEFENDANTS**
**BLOCKFI LENDING LLC AND BLOCKFI INC.**

1   As the Court is aware, BlockFi Inc., BlockFi Lending, LLC, and their debtor affiliates
2   (collectively, "BlockFi") filed Chapter 11 bankruptcy on November 28, 2022 (the "Petition
3   Date"), in the United States Bankruptcy Court for the District of New Jersey (Kaplan, J.) (the
4   "Bankruptcy Court"), Case No. 22-19361 (the "Bankruptcy Case").  Haynes and Boone
5   represented BlockFi throughout the Bankruptcy Case and now represents BlockFi's wind-down
6   estate and Plan Administrator[1] with co-counsel Brown Rudnick LLP.
7   BlockFi respectfully submits this statement in advance of the upcoming July 25, 2024
8   Status Conference to explain that in light of the confirmation of BlockFi's Chapter 11 Plan and
9   the Bankruptcy Court's Memorandum Decision disallowing the Gerro Claims (defined below)
10  filed by Plaintiff George Gerro's ("Gerro") in the Bankruptcy Case, any possible claims of Gerro
11  involving BlockFi in this Court, whether legal or equitable, are now barred and/or moot.
12  Accordingly, allowing this matter to continue to move forward in any form would be improper.
13  Gerro should therefore immediately dismiss this action, with prejudice.  Contrary to Gerro's
14  unsupported contentions in the past, such dismissal would not have any impact on his appeal to
15  the United States District Court for New Jersey since Gerro submitted to the jurisdiction of the
16  Bankruptcy Court with respect to his claims against BlockFi. The ultimate allowance and
17  treatment of Gerro's claims against BlockFi are now properly before the courts in New Jersey
18  and will be determined through the pending appeal process. The BlockFi Plan prohibits litigation
19  related to Gerro's claims against BlockFi from proceeding in any other forum.

20  **BLOCKFI'S PLAN OF LIQUDIATION HAS BEEN CONFIRMED**

21  Since the July 26, 2023 Status Conference in these related matters (*Gerro I*—Case No.
22  20BBCV00308 and *Gerro II*—Case No. 20STCV31493, collectively, the "State Court
23  Litigation"), BlockFi's liquidating Plan in the Bankruptcy Case was confirmed and went
24  effective (on October 24, 2023, the "Effective Date").  The adoption of the liquidation Plan

---

[1] As defined in the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications* (the "Plan") [Bankruptcy Docket No. 1609]. The Bankruptcy Court docket is publicly available for free at https://restructuring.ra.kroll.com/blockfi/Home-DocketInfo.

1

**STATUS CONFERNECE STATEMENT OF DEFENDANTS
BLOCKFI LENDING LLC AND BLOCKFI INC.**

resulted in, *inter alia*, a full and final resolution of all claims against BlockFi that existed on the Effective Date. The Bankruptcy Court's order confirming the Plan (the "Confirmation Order")[2] contains a broad release for BlockFi and enjoins the pursuit of any litigation or recovery on account of any claim against BlockFi that arose before the Effective Date.

## GERRO'S CLAIMS IN THE BANKRUPTCY CASE WERE DISALLOWED

Meanwhile, also in the Bankruptcy Case, Gerro filed two proofs of claim (the "Gerro Claims") on March 24 and March 29, 2023, asserting duplicative claims for the return of 426 BTC and $6,903,883.80, respectively, pledged as collateral pursuant to the loan agreement between BlockFi Lending and Gerro. After a contested hearing, the Bankruptcy Court entered its Memorandum Decision disallowing the Gerro Claims and holding that (i) BlockFi did not violate Section 22009 of the California Financial Code by using, possessing, and liquidating the collateral, (ii) the collateral was not pledged property and BlockFi is not a pawnbroker under Sections 21000 and 21002(a) of the California Financial Code, (iii) the post-liquidation discussions between Gerro and BlockFi did not form an enforceable contract, and (iv) Gerro's argument that BlockFi was a commercial bank did not need to be addressed in detail because it lacked evidence or analysis and failed for similar reasons as the pawnbroker argument. (Exhibit A—August 29, 2023 Memorandum Decision Disallowing Gerro Claim.) Gerro appealed the Bankruptcy Court's Memorandum Decision, and the appeal is currently before the United States District Court for the District of New Jersey.

## THE CALIFORNIA SUPREME COURT DISMISSED REVIEW OF THIS MATTER

On November 30, 2023, BlockFi filed a status report with the California Supreme Court and informed the Court of (1) the confirmation of BlockFi's Plan and (2) the disallowance of the Gerro Claims. The Court construed BlockFi's Report as a motion to dismiss review and remand with instructions to dismiss with prejudice. Gerro responded by arguing *inter alia*, that the

---

[2] "Confirmation Order" means the *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Bankruptcy Case Docket No. 1660].

**STATUS CONFERENCE STATEMENT OF DEFENDANTS
BLOCKFI LENDING LLC AND BLOCKFI INC.**

Courts of the Third Circuit might somehow be confused by a dismissal with prejudice or might otherwise construe it as a ruling on the merits for Gerro's claims against BlockFi, and that his rights in his appeal of the Memorandum Decision might somehow be prejudiced as a result of such a dismissal. The Court declined to decide the issue and instead, on January 31, 2024, issued a one-sentence order stating that "[r]eview in the above-captioned matter is dismissed. Cal. Rules of Court, rule 8.528(b)(1)." Remittiturs were issued on February 2, 2024.

## BRIEF LEGAL BACKGROUND ON BANKRUPTCY PROCEEDINGS BARRING GERRO'S STATE COURT CLAIMS AGAINST BLOCKFI

When an entity files Chapter 11, the Bankruptcy Court sets a bar date, which compels all parties to file a claim by the bar date unless they agree with the bankrupt debtors' scheduled amounts. The definition of "claim" under the Bankruptcy Code is very broad and includes any right to payment or any equitable remedy giving rise to a right to payment "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured[.]" 11 U.S.C. § 105(5).

If a party fails to file a claim, the party forever loses the opportunity to recover from the bankrupt entity for any claims that arose prior to the date the bankruptcy petition was filed.[3] If a claim is filed, the claimant voluntarily submits to the jurisdiction of the bankruptcy court.[4] Meanwhile, when a claim is filed, the debtor may object to the claim to seek, among other relief, (i) a reduction of the amount claimed or (ii) disallowance of the claim in its entirety. Disallowed claims are expunged from the claims registry and receive no distribution.

## THE BANKRUPTCY COURT DISALLOWED THE GERRO CLAIMS

As explained above, Gerro filed the Gerro Claims in the Bankruptcy Case, asserting duplicative claims for the return of 426 BTC pledged as collateral pursuant to the loan

---

[3] The are very narrow exceptions to this rule regarding certain personal injury claims that a bankruptcy court may lack jurisdiction to enter final orders over; however, such exceptions do not apply here.

[4] *See, e.g.*, *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam); *In re Tarragon Corp.*, 2009 WL 2244598, at *6 (Bankr. D.N.J. July 27, 2009) ("[T]he filing of a proof of claim brings a creditor within the equitable jurisdiction of the Bankruptcy Court removing the creditor's right to a jury trial.") (citing *Shubert v. Lucent Techs., Inc. (In re Winstar Comms., Inc.)*, 554 F.3d 382, 406–07 (3d Cir. 2009) (citing *Langenkamp*, 498 U.S. at 4445) (other citations omitted*)); Shared Network Users Grp., Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 451 (E.D. Pa. 2004).

agreement. BlockFi filed an objection to the Gerro Claims, asserting they were duplicative, inconsistent with BlockFi's books and records (which showed the loan as paid in full and closed at Gerro's direction), and claimed amounts for which BlockFi was not liable (the "Claim Objection").[5]

Gerro filed a response (the "Gerro Response") to the Claim Objection in which he acknowledged that the Gerro Claims were duplicative and asserted that only one claim in the amount of 426 BTC should be allowed.[6] He stated that his asserted claim represents the collateral pledged to secure his loan and "excludes all interest, damages, fees, costs, and proceeds from Gerro's bitcoin collateral." Thus, Gerro did not preserve the right to pursue any other recovery against BlockFi except for his claim for the collateral, including the relief he seeks in this action.

As explained above, after a contested hearing, the Bankruptcy Court disallowed the Gerro Claims. Gerro appealed the Bankruptcy Court's ruling disallowing his claims, and the appeal is currently before the United States District Court for the District of New Jersey. And as explained below, those proceedings, whether ultimately successful for Gerro or not, are now the sole possible remedy for Gerro.

## **FURTHER STATE COURT ACTION BY GERRO IS NOW BARRED**

In addition to the binding effect of the Bankruptcy Court's Memorandum Decision,[7] Gerro is also enjoined under BlockFi's Plan and Confirmation Order from pursuing any further actions involving BlockFi.

The Confirmation Order provides that "[t]he assets of BlockFi shall be used for the satisfaction of expense obligations and the payment of Claims and Interests only in the manner set forth in the Plan and shall not be available for any other purpose. All Persons or Entities who have held, hold, or may hold Claims or Interests based upon any act, omission, transaction, or

---

[5] Bankruptcy Court Docket No. 1069.
[6] *Id.* at Docket No. 1192.
[7] For collateral estoppel purposes, the Bankruptcy Court's Memorandum Decision, even though appealed, must be considered final. *See Younger v. Jensen*, 26 Cal. 3d 397, 411 (Cal. 1980) (explaining a "federal judgment has the same effect in the courts of this state as it would have in a federal court."); *Calhoun v. Franchise Tax Bd.*, 20 Cal. 3d 397, 887 (Cal. 1978) (explaining a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition). In any event, final or not, any claims in the State Court Litigation are barred.

other activity of any kind or nature related to the Debtors, the Wind-Down Debtors, or the Debtors' Chapter 11 Cases that occurred prior to the Effective Date, other than as expressly provided in the Plan or this Confirmation Order, shall be precluded and permanently enjoined on and after the Effective Date from interfering with the use and distribution of the Debtors' assets in the manner contemplated by the Plan." Confirmation Order, ¶ 110 (emphasis added). This Plan injunction applies to Gerro's claims in this matter and any of Gerro's claims arising prior to the Effective Date of the BlockFi Plan.

As a result, pursuit of any litigation or recovery on account of any claim against BlockFi that arose before the Effective Date is in direct violation of the Plan injunction and release provisions set forth in the Confirmation Order. Moreover, although Gerro is awaiting on a decision of his appeal of the disallowance of the Gerro Claims to the District Court of New Jersey, his appeal to that Court is now his sole and exclusive remedy for any claims against BlockFi. In short, any argument that these proceedings should not be dismissed because Gerro's bankruptcy appeal is pending is meritless.

## IN ADDITION TO THE BINDING PLAN INJUNCTION, GERRO'S CLAIMS ARE MOOT

BlockFi's Plan is a liquidating Plan. As such, BlockFi is no longer an operating entity and has not been a lender or money transmitter since prior to filing bankruptcy. BlockFi now essentially consists of a skeleton crew that is working alongside the BlockFi Plan Administrator and Bankruptcy Oversight Board[8] to reconcile bankruptcy claims and ultimately make distributions on Allowed Claims (the Gerro Claims are not Allowed Claims since the Bankruptcy Court disallowed them).

Since BlockFi is no longer in operation and exists now solely to carry out the provisions in the confirmed Plan, Gerro's claims against the Defendants are now moot. Indeed, BlockFi exists solely now to carry out the terms of the Plan through the Plan Administrator and its counsel and wind down the estates, which includes making distributions on allowed claims. The

---

[8] As defined in the Plan

Gerro Claims were disallowed, and Gerro was denied any recovery from BlockFi for his purported claims against BlockFi. Therefore, aside from Gerro's appeal of the Memorandum Decision to the District Court, Gerro is barred from pursuing any other claims or causes of action against BlockFi pursuant to the terms of the Plan and Confirmation Order in the Bankruptcy Case, including but not limited to the claims Gerro asserted in the State Court Litigation.

## CONCLUSION

In short, Gerro's sole remedy for any possible recovery now rests with the appeal pending in the District Court of New Jersey.  Dismissal of the State Court Litigation, which does not impact Gerro's pending appeal of the Memorandum Decision in the District Court in connection with bankruptcy proceedings, is required.  BlockFi reserves the right to seek enforcement of the Plan injunction by the Bankruptcy Court as well as any additional appropriate remedies, but the bottom line is that no additional resources should be required to be spent on claims that are now barred and moot.

DATED: July 18, 2024                           HAYNES AND BOONE, LLP

                                               By: _____
                                                   David B. Clark
                                                   Attorneys for Defendants
                                                   BLOCKFI LENDING LLC and
                                                   BLOCKFI INC.