|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| George J. Gerro, Esq.<br>530 S. Glenoaks Blvd., Suite 200<br>Burbank, CA 91502<br>(818) 845-3030<br><br>*Self-Represented* | |
| In Re:<br><br>BLOCKFI INC., *et al.*,<br><br>Debtors. | Case No.: 22-19361 (MBK)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: Nov. 7, 2024, 11:30 a.m. E.T.<br><br>Judge: The Honorable Michael B. Kaplan |

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2024 OCT 31  P 12:36

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

### GEORGE J. GERRO'S RESPONSE TO DEBTORS' MOTION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT, OR ALTERNATIVELY, A MOTION TO ENFORCE

George J. Gerro ("Gerro") hereby responds to the Wind Down Debtors's (collectively, BlockFi[1]) *Notice Of Wind-Down Debtors' Motion For Entry Of An Order To Show Cause Why George Gerro Should Not Be Found In Contempt And For Sanctions And In The Alternative, Motion To Enforce The Confirmation Order* [Docket No. 2412] ("Motion").

Gerro respectfully requests that the Motion be denied upon the grounds set forth herein. Gerro respectfully requests oral argument.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

1

I.  **Introduction**

Gerro's claims against BlockFi are currently pending before the United States Courts of Appeal for the Third Circuit ("Third Circuit"), in the case entitled *Gerro v. BlockFi Lending LLC (in re BlockFi Inc.)* Case No. 24-2637. BlockFi requested, and Gerro agreed, to dismiss the Wind Down Debtors from pre-petition state court litigation pending in the California Superior Court for the County of Los Angeles. Gerro dismissed BlockFi without prejudice and provided conforming copies to counsel for BlockFi.

BlockFi now attempts to argue that Gerro has engaged in contemptible conduct by not dismissing BlockFi *with* prejudice. Gerro explained that a dismissal with prejudice, under California law, would be *res judicata* and claim preclusive, undermining the Third Circuit's appellate jurisdiction (and the jurisdiction of this Bankruptcy Court and the District Court in the event of a reversal or remand for further factfinding).

In light of the foregoing, Gerro agreed to dismiss BlockFi with prejudice as long as BlockFi would agree that such dismissal would not be claim preclusive. BlockFi refused (for unknown reasons). A copy of the proposed stipulation is attached to the Motion.

Gerro was in the process of negotiating a mutually agreeable stipulation when BlockFi abruptly ended negotiations. Par for the course: in the entire bankruptcy litigation history, BlockFi has refused to negotiate or compromise on any points, forcing Gerro to make this Response on the basis of multiple objections.

First, BlockFi has failed to show, by clear and convincing evidence, that there is no fair doubt that Gerro currently violates a particular phrase in a binding court order. Second, Gerro has complied, and substantially complied, with every court order. Third, BlockFi's plan only binds holders of claims, not Gerro. Fourth, Gerro was not provided with an opportunity to opt-

2

out of BlockFi's third-party releases. BlockFi merely presents vague, speculative, and hypothetical future violations, which are insufficient to sustain its heavy burden in its Motion. Lastly, BlockFi's requested sanctions are punitive and would constitute criminal contempt.

## II.    Standard of Review

The protective legal test and standard of proof are as follows. "Proof of contempt requires a movant to demonstrate '(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order.' [Citations]. These elements 'must be proven by "clear and convincing" evidence, and ambiguities must be resolved in favor of the party charged with contempt.' " *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (2010).

As a prerequisite to being held in civil contempt of a bankruptcy court's injunction, there must be "*no fair ground of doubt*.... No objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019) (italics original). "Principles of 'basic fairness require that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt." *Id.* at 562. "'Only the least possible power adequate to the end proposed should be used in contempt cases.'" *Id.* at 562.

## III.    Argument

### A. BlockFi Fails to Show, by Clear and Convincing Evidence, That There is No Fair Doubt of a Clear Violation of BlockFi's Plan or Confirmation Order..

Except for the Third Circuit, there is currently no pending litigation between Gerro and BlockFi. None whatsoever. There is no threat of any future litigation against BlockFi. None.

3

BlockFi shows no evidence of any outstanding discovery, motions, trial dates, hearings, or even status conferences. Gerro dismissed BlockFi from the California cases. Thus, California no longer exercises any personal jurisdiction over BlockFi.

BlockFi has failed to provide a solid reason for why a dismissal with prejudice would be required. Nevertheless, in the spirit of cooperation, Gerro drafted and offered to enter into a stipulation to dismiss BlockFi with prejudice, and without claim preclusion. BlockFi refused to sign. BlockFi attached Gerro's proposed stipulations to the very last pages of its filing, pages 398 to 404. The substance of the stipulation is excerpted herein in full:

> WHEREAS, this action was stayed due to the bankruptcy of Defendants BlockFi Lending LLC and BlockFi, Inc. (collectively "BlockFi");
>
> WHEREAS, on August 19, 2024, Plaintiff George Gerro ("Gerro") filed a request for dismissal without prejudice of Defendants BlockFi Lending LLC and BlockFi, Inc. (collectively "BlockFi");
>
> WHEREAS, on August 19, 2024, the above-entitled court entered dismissal of BlockFi;
>
> WHEREAS, BlockFi requests that Gerro dismiss BlockFi with prejudice;
>
> WHEREAS, the subject matter of the above-entitled action is still pending before the United States Federal Court of Appeals for the Third Circuit, so dismissal with prejudice is not intended to constitute *res judicata* of the claims contained herein;
>
> **IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**
>
> 1. BlockFi is dismissed with prejudice, but such dismissal shall not be claim preclusive.
> 2. BlockFi represents that BlockFi will not argue in any forum or tribunal that its dismissal necessitates claim preclusion, and Gerro reasonably relies upon BlockFi's representation.
> 3. No third-parties or privies of BlockFi may rely upon this dismissal as being claim preclusive.
> 4. This stipulation shall not in any manner undermine the power, jurisdiction, or ability of the United States Bankruptcy Court for the District of New Jersey, the United States District Court of New Jersey, or the United States Court of Appeals for the Third Circuit to render appropriate relief upon Gerro's claims which are currently pending, or may be pending in the future, before those courts. Said courts shall retain the power to abstain, defer, or otherwise allow this Court to decide any remaining issues between the parties.

B. **BlockFi Cannot Be Dismissed With Prejudice Because that Would be Claim Preclusive in Gerro's Claims Litigation.**

A dismissal with prejudice would undermine, conflict with, and contradict Gerro's ongoing claims litigation. Under California law, "a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action.... [and] bars any future action on the same subject matter." *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788 [108 Cal.Rptr.3d 806, 230 P.3d 342, 345]. Under California law, a dismissal with prejudice would bar Gerro's claims litigation. That result is not required.

BlockFi's Motion fails to show by clear and convincing evidence that any explicit order has been clearly violated. BlockFi has failed to city to any provisions explicitly requiring a dismissal of state court litigation with prejudice. The Motion contains no admissible evidence.

Gerro's claims are currently pending before the Third Circuit. Gerro appealed by right to the Third Circuit, which currently exercises exclusive subject matter jurisdiction over the merits of the matter.[2] Neither BlockFi, Gerro, nor this Bankruptcy Court can take any action that would undermine the Third Circuit's appellate jurisdiction without the Third Circuit's consent, which has not been sought or obtained.

BlockFi's Motion only cites to two provisions that it claims have been violated. First, in Paragraph 9 BlockFi's Motion, BlockFi insinuates that Gerro violated Paragraph 112 of the Confirmation Order, which prohibits "enforcing, pursuing, or seeking any setoff or relief with respect to such Claims." BlockFi only provides vague allusions to a hypothetical, future violation. The mere possibility of a future violation of an injunction cannot constitute contempt.

---

[2] The Third Circuit has ordered BlockFi and Gerro to participate in a court-sponsored mediation program on December 3, 2024.

5

Nor can BlockFi show any violation of the referenced Article VIII of the Plan, which prohibits "interfering with the use and Distribution of the Debtors' assets." Gerro does not seek to interfere with the use and distribution of the Debtor's assets. There is a fair doubt as to whether these terms have been violated by Gerro's inaction.

The California Superior Court has stayed the cases at issue in their entirety. Gerro has never threatened any conduct that would violate any court order. If there happens to be a violation in the future, then the orders can be enforced, but only if and when there is a violation. Until then, BlockFi fails to show any violation of any particular text of any court order. A possibility of a future violation does not constitute a violation.

There are many potential outcomes where this Court's orders will be fully obeyed. For example, Gerro may prevail on appeal and dismiss the California cases upon distributions in full satisfaction of his claim. Or, Gerro may lose on appeal and dismiss the California cases with prejudice because the Third Circuit's ruling will also be binding upon the parties. Or, the parties may enter into a settlement agreement containing consideration for dismissals and releases.

### C. Gerro has Substantially Complied with this Court's Orders.

For the reasons set forth above, any violation of court order would be technical and inadvertent. The Third Circuit expressly recognizes "the defense of substantial compliance." *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (2010). Even if this Court finds that an order has been violated, this Court should also find substantial compliance since Gerro "(1) has taken all reasonable steps to comply with the valid court order, and (2) has violated the order in a manner that is merely 'technical' or 'inadvertent.' " *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (2010).

6

### D. Gerro is not Governed by BlockFi's Plan Because he is Not a Creditor.

If Gerro's claim was allowed, then Gerro would be a creditor of BlockFi. If Gerro's claim is eventually allowed, he will be a creditor. But the claim is currently disallowed for all purposes. Therefore, Gerro is not a creditor and does not hold any claim against BlockFi.

The plan binds, in relevant part, "Holders of Claims." Confirmation Or. ¶ 68. Therefore, to be bound by the Plan, Gerro must hold a claim. A "Holder" refers to "an Entity holding a Claim against… any Debtor." Plan, Art. I, § 1, ¶ 114. A "claim," in turn, is defined by "section 101(5) of the Bankruptcy Code." Plan, Art. I, § 1, ¶ 72. A claim means, in relevant part, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

This Court has already held that Gerro does not hold any claim against BlockFi. Gerro is not a disputed creditor. Rather, he is a disallowed creditor. A disallowed claim is treated as if it never existed.

Neither is Gerro a creditor of BlockFi. BlockFi refers to Section 1141(a) of the Bankruptcy Code for the proposition that "the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a). The Bankruptcy Code defines a creditor as an "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim." 11 U.S.C. § 101(10). Thus, in order to be a creditor, Gerro must have a claim against BlockFi or its estate. *Ibid.*

7

### E. Gerro Did not Have an Opportunity to Opt-Out of the Third-Party Releases, and Therefore, their Application to Him Would be Nonconsensual and Void.

BlockFi has failed to present any evidence that Gerro has violated the third-party releases, let alone by clear and convincing evidence. The Doe defendants are a fictitious pleading tool included in nearly every complaint as a matter of course. The Doe allegations were included in the pleadings before BlockFi filed bankruptcy.

Absent a settlement, Gerro does not consent to any third-party releases. During the opt-out period, Gerro's claim was prematurely disallowed. Therefore, Gerro was not provided with an opportunity to opt-out of BlockFi's third-party releases. BlockFi's nonconsensual release is unenforceable pursuant to *Harrington v. Purdue Pharma L.P.* (2024) ___U.S.___ [144 S.Ct. 2071, 219 L.Ed.2d 721, 738].

### F. BlockFi's Requested Relief is Punitive in Nature and Would Constitute Criminal Contempt, to which Gerro Firmly Objects.

Finally, Gerro objects that the nature of BlockFi's requested relief is punitive in nature. BlockFi requests a lump sum penalty. Civil contempt contemplates the least amount of deterrence possible, such as a per diem fee of $100.

Since BlockFi's lump sum request would constitute criminal contempt, Gerro demands his right to a neutral prosecutor, public defender, jury trial, presumption of innocence, proof beyond a reasonable doubt, and a trial in the District Court. This is a non-exclusive list of demands and should not be construed as a waiver of any other applicable rights and defenses. Gerro does not consent to the entry of a final order of criminal contempt.

## IV.    Conclusion

There is a fair doubt, and no clear and convincing evidence, for contempt of court. Gerro has complied (or in the alternative, substantially complied) with every court order. Gerro's claim was disallowed, so he is not a holder of a claim within the meaning of the Plan or Confirmation Order. Also, Gerro was not provided with a full opportunity to opt-out of the third-party releases. BlockFi requests punitive sanctions that are criminal in nature.

Gerro respectfully requests that: (1) the Motion be denied without prejudice; and (2) to set a post-mediation status conference after the Third Circuit concludes its mediation.

Burbank, California  
Dated: October 31, 2024

/s/ George J. Gerro

George J. Gerro, Esq.  
530 S. Glenoaks Blvd., Suite 200  
Burbank, CA 91502  
Phone: (818) 845-3030

*Self-Represented*

9