<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

</td></tr>
</table>

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br>　　　　　　　　Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: November 7, 2024 @ 11:30 a.m. ET** |

---

**WIND-DOWN DEBTORS' REPLY IN SUPPORT OF THE MOTION FOR ENTRY OF
AN ORDER TO SHOW CAUSE WHY GEORGE GERRO SHOULD NOT
BE FOUND IN CONTEMPT AND FOR SANCTIONS AND IN THE
ALTERNATIVE, MOTION TO ENFORCE THE CONFIRMATION ORDER**

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the Plan.

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

 BlockFi Inc. and its debtor affiliates (collectively, "<u>BlockFi</u>" or the "<u>Wind-Down</u> <u>Debtors</u>,"

or referred to in the past tense as the "<u>Debtors</u>"), as managed by the Plan Administrator, in the

above-referenced Chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby file this *Wind-Down Debtors'*

*Reply in Support of the Motion for Entry of an Order to Show Cause Why George Gerro Should*

*Not Be Found in Contempt and for Sanctions and in the Alternative, Motion to Enforce the*

*Confirmation Order* (the "<u>Reply</u>") in response to *George J. Gerro's Response to Debtors' Motion*

*for an Order to Show Cause Re: Contempt, or Alternatively, a Motion to Enforce* (the "<u>Gerro</u>

<u>Response</u>"). In support of the Reply, the Wind-Down Debtors respectfully represent as follows:

### Preliminary Statement

 1. In a case with over 300,000 creditors and parties in interest, Gerro remains the

repeated source of unnecessary litigation. The Wind-Down Debtors were forced to file the Motion[3]

to enforce the Confirmation Order against Gerro following multiple attempts to obtain Gerro's

voluntary compliance. It is clear to the Wind-Down Debtors that the only way to obtain Gerro's

compliance with the Confirmation Order is for this Court to enter an order specifically requiring

Gerro to comply with it and dismiss the Prepetition Litigation in full, with prejudice.

 2. Gerro's Response to the Motion continues with his misunderstanding that dismissal

of the Prepetition Litigation with prejudice will somehow negatively affect his pending appeal of

the District Court Order affirming this Court's Memorandum Decision disallowing the Gerro

Claims. In the event Gerro obtains a favorable decision from the Third Circuit that reverses the

District Court Order, at best, the result would be that the Gerro Claim becomes an Allowed Claim,

---

[3] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

or the issue is remanded to this Court for further determination regarding the allowance of the Gerro Claim. As Gerro has been informed repeatedly, in no scenario following the outcome of the appeal does Gerro get to continue his Prepetition Litigation against the Wind-Down Debtors or the BlockFi Doe Defendants. Gerro is permanently enjoined and barred from continuing to prosecute the Prepetition Litigation and from reserving the right to refile his prepetition lawsuits against the Wind-Down Debtors. Gerro's refusal to dismiss with prejudice is, in fact, a reservation of such rights and a violation of the Plan injunction.

3.    In his Response, Gerro would have this Court believe that he has acted innocently. He asserts that he is not bound by the Plan and Confirmation Order, and/or that he has substantially complied. But there can be no doubt he is so bound, and he is not in compliance.

4.    For reasons unknown, Gerro appears to believe the Wind-Down Debtors are seeking a massive monetary (or even criminal) penalty. The proposed Order, however, simply requires Gerro's compliance with the Confirmation Order by dismissing of the Prepetition Litigation in full, with prejudice. The proposed Order then provides that if Gerro fails to comply within ten days of entry of the Order, that he *may* be liable for the Wind-Down Debtors' reasonable costs and fees associated with enforcing their rights against Gerro. A separate hearing on that issue would need to be set if Gerro were to fail to comply, at which time the Court would assess the reasonableness of any requested sanctions.

5.    The Wind-Down Debtors submit the requested relief in the Motion is necessary to enforce the terms of the Plan and Confirmation Order and bring finality to the Prepetition Litigation.

## Background

6.      A complete background of the Chapter 11 Cases and Gerro's Prepetition Litigation may be found in the *Wind-Down Debtors' Motion for Entry of an Order to Show Cause Why George Gerro Should Not Be Found in Contempt and for Sanctions and in the Alternative, Motion to Enforce the Confirmation Order* (the "Motion") [Doc No. 2412].

7.      Gerro filed the Gerro Response to the Motion on October 31, 2024 [Doc No. 2421].

8.      The Gerro Response contains certain arguments newly raised in these Chapter 11 Cases, notwithstanding over a year of litigation between Gerro and the Debtors and Wind-Down Debtors. Certain additional factual representations follow below and are attached hereto as relevant to Gerro's new contentions.

## Reply

### A.  Dismissal With Prejudice of the Prepetition Litigation is Required by the Chapter 11 Plan and Does Not Affect Gerro's Appellate Rights as to the Gerro Claims.

9.      Gerro is a BlockFi creditor who submitted to the jurisdiction of this Court by filing the Gerro Claims. Gerro was served with due process in these cases, including an opportunity to object to the Plan and its provisions enjoining non-bankruptcy litigation, estimating disallowed claims, and providing for opt-out of the Plan releases. Gerro made no such objections and did not opt out of any releases. Gerro did not appeal the Plan or any provision thereof.  Accordingly, Gerro is not only bound by the confirmed Plan and Confirmation Order, including the Plan injunction, but is considered a Releasing Party under the Plan.[4]

---

[4] Gerro's contention that he is not a BlockFi creditor is discussed further below. In sum, the Plan defines "Releasing Party" to including Holders of Claims against any Debtor. At the time of Plan solicitation, Gerro held a claim that was subject to appeal, and thus was not disallowed on a final basis. Accordingly, as set forth in more detail below, Gerro received a Disputed Claim Notice that permitted him to opt out, or not, of the Plan's third-party releases. Gerro did not return the opt out form.

10.     The confirmed Plan precludes and permanently enjoins all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the releases and exculpations set forth in Articles VIII.A, VIII.B, and VIII.C of the Plan from "enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan." Confirmation Order ¶ 112; Plan Art. VIII.

11.     Moreover, Holders of Claims and Interests in these Chapter 11 Cases are defined in the Plan as Releasing Parties, which "conclusively, absolutely, unconditionally, irrevocably and forever released and discharged" themselves and their respective successors and assigns from asserting any Causes of Action against each Released Party.

12.     The Gerro Response asserts that the dismissal with prejudice of all BlockFi related entities from the Prepetition Litigation would "undermin[e] the Third Circuit's appellate jurisdiction" because it would be *res judicata* and claim preclusive under California law. Gerro Response at p. 2. This assertion is incorrect. Rather, the injunction language in the Plan bars Gerro from litigating the Gerro Claims against BlockFi in a forum outside of the Bankruptcy Court, including the state courts of California. Compliance with the Confirmation Order does not affect Gerro's appeal of the District Court Order affirming the Bankruptcy Court's Memorandum Decision disallowing the Gerro Claims, which is now pending before the Third Circuit. Dismissal of the Prepetition Litigation in full with prejudice as required by the Plan and Confirmation order will not have any effect on the Third Circuit's decision regarding the allowance of the Gerro Claims.

13.     Gerro was informed repeatedly in correspondence with BlockFi that a full dismissal with prejudice of the Prepetition Litigation would not affect the Third Circuit's pending decision

on the Gerro Claims. *See* Motion at Exs. B-1, C, & F. To assuage Gerro's concerns and avoid the need for the Motion and related use of additional estate resources, the Wind-Down Debtors proposed a stipulation to be filed with this Court that stated, *inter alia*, that "the dismissal of the entirety of the Prepetition Litigation with prejudice, shall not impact the Third Circuit Appeal or the allowance or disallowance of the Gerro Claims." A true and correct copy of the proposed stipulation, which was attached to correspondence the Wind-Down Debtors' counsel sent to Gerro prior to filing the Motion, is attached as **<u>Exhibit A</u>**.

14.     Gerro refused to sign the stipulation. Gerro proposed his own stipulation to be filed with the State Court that did not dismiss the Prepetition Litigation in its entirety with prejudice and left it pending against the BlockFi Doe Defendants with an opportunity to refile against BlockFi and its agents or representatives. *See* Motion at Exs. G-1, G-2. The Wind-Down Debtors declined Gerro's proposal. The Wind-Down Debtors believe Gerro's proposal is legally non-sensical and represents a clear attempt by Gerro to avoid compliance with the Plan and Confirmation Order.

15.     Following the exchange of proposals described above, Gerro continued to demand additional legal authority from the Wind-Down Debtors and asked the Wind-Down Debtors to explain their goals in seeking dismissal of the Prepetition litigation. Gerro has likewise expressed indifference to the administrative cost of his numerous pending matters against the Wind-Down Debtors.[5] On the basis of Gerro's statements and positions, and upon Gerro's failure to respond to the Wind-Down Debtors' stated deadline for dismissal with prejudice, the Wind-Down Debtors

---

[5] Gerro remarked during the most recent status conference in the Prepetition Litigation that the Wind-Down Debtors should not be allowed to complain about the wasting of estate resources because all creditors are being paid 100% of their claims.

concluded that Gerro's outstanding objections were not in good faith and were perhaps an intentional delay tactic. The Wind-Down Debtors accordingly filed the present Motion.

**B.  Gerro's Continued Refusal to Dismiss the Prepetition Litigation in Full and With Prejudice is a Clear Violation of the Chapter 11 Plan and Confirmation Order.**

16.    Gerro argues that he has substantially complied with this Court's orders and has not violated "any explicit order." Gerro Response at p. 2. Gerro, however, completely ignores the express terms of the Plan and Confirmation Order. Moreover, the Wind-Down Debtors have repeatedly explained to Gerro (who is an attorney) the meaning and import of the explicit sections of the Plan and Confirmation Order that require complete dismissal. In response, Gerro takes the position that "[u]nder California law, a dismissal with prejudice would bar Gerro's claims litigation. That result is not required." *Id*. at p. 5.

17.    Gerro is mistaken, as complete dismissal of the California litigation and a bar on the re-filing of prepetition litigation against BlockFi in any forum is *exactly what is required* by the Plan and Confirmation Order.

18.    Again, BlockFi attempted to work with Gerro over several months to obtain his compliance with the Plan and Confirmation Order, to no avail. The Wind-Down Debtors believe that Gerro's continued refusal to dismiss the Prepetition Litigation in full, with prejudice is not in good faith and may be an intentional delay tactic with the aim of later resurrecting impermissible legal claims.

**C.  Gerro is Bound by the Terms of the Chapter 11 Plan, including All Releases.**

19.    The Gerro Response inexplicably—and in complete contradiction to all other pleadings filed by Gerro in this Court and others—asserts that he is not a creditor of BlockFi. *See* Gerro Response at p. 7. Gerro appears to base this assertion on the Gerro Claims being disallowed

and the false premise that he was not given the opportunity to opt out of the Third-Party Releases. Gerro contends that a "disallowed claim is treated as if it never existed." *Id.*

20.     Gerro is incorrect as to both fact and law. First, Gerro was indeed a Holder of a Claim, consistent with the relevant definitions within the Plan, as of Plan solicitation and the date of entry of the Confirmation Order.[6] Thus, Kroll Restructuring Administration (the "Claims and Servicing Agent") served Gerro by electronic mail with the Disputed Claim Notice (the "Notice"), which contains an Optional Release Opt-Out Form. A true and correct copy of the Notice is attached as **Exhibit B**. A true and correct copy of the Claims and Servicing Agent's unredacted service exhibit showing that Gerro was served with the Notice via electronic mail is attached as **Exhibit C**.[7] The Claims and Servicing Agent's records of creditors who opted out of the Third-Party Release do not reflect a submission by Gerro of the Optional Release Opt-Out Form, nor does he assert that he submitted one. As such, Gerro is bound by the Third-Party Releases and cannot pursue claims against the BlockFi Doe Defendants.[8]

21.     Second, the Plan and Confirmation Order expressly refute the contention that the Gerro Claims would ever be treated somehow as if they never existed. The Plan and Confirmation

---

[6] Although the Gerro Claims were disallowed prior to Plan confirmation, Gerro appealed disallowance. Accordingly, he maintained a right to payment under the Plan contingent upon successful appeal and was (and is) a Holder of a Claim. Notably, the question of whether Gerro is a Holder of a Claim and was entitled to grant or opt out of third party releases is separate from the question of whether the Wind-Down Debtors must reserve for any Distribution upon Gerro's Claims. As ordered by this Court, the orders disallowing the Gerro Claims, notwithstanding further appeals, had the effect of estimating the value of the Gerro Claims at zero dollars pending resolution of such appeals. Interestingly, Gerro has appealed this Court's orders permitting the Wind-Down Debtors to hold no reserve for the Gerro Claims, a fact that undermines Gerro's contention that he has no such claims.

[7] The affidavit of service regarding the Disputed Claim Notice can be found at Doc. No. 1573. Ex. C is an excerpt from the unredacted list of creditors served with the Notice. The unredacted list was not filed on the docket because of privacy and security concerns for individual creditors.

[8] *See* Plan Art. VIII.B (releases); I.A.191 (definition of "Releasing Parties" including Holders of Claims that do not opt out of third-party releases). To the extent Gerro could be deemed to have opted out of the Plan releases, Gerro would be unable to prosecute claims against Released Parties (including, presumably, the so-called Doe Defendants) without satisfying the "gatekeeping" provision at Art. VIII.B. That provision would require that Gerro obtain a determination by this Court that his claims have not been released pursuant to Art. VIII.A of the Plan.

Order clearly state that "[a]ll Persons and Entities *who have held*, hold, or may hold Claims or Interests…shall be precluded and permanently enjoined…from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests" and likewise enjoined from interfering with the use of the Debtors' assets in the manner contemplated by the Plan. Plan Art. VIII.D (emphasis added), *cf.* Confirmation Order ¶¶ 110-112 (same language).

22.     Again, the Wind-Down Debtors view these arguments—raised now for the first time—as a further attempt by Gerro to cause delay and preserve rights to prosecute impermissible claims.

    **D.   <u>The Wind-Down Debtors Do Not Request Punitive or Criminal Relief.</u>**

23.     Gerro complains that the relief requested by the Wind-Down Debtors is punitive and "criminal in nature," comprising a "lump sum request." Gerro Response at pp. 8-9. This allegation is unsupported.

24.     The proposed Order attached to the Motion at Ex. A and filed at Dkt. No. 2413 would require that Gerro dismiss the Prepetition Litigation with prejudice. As stated herein and in the Motion, the Wind-Down Debtors believe that the relief is consistent with and comprises a fair enforcement of this Court's prior orders.

25.     The proposed Order states that if Gerro refuses to comply timely with the Order, he "may be" liable to the Wind-Down Debtors for payment of certain costs and fees, pending a further hearing on the matter. To the extent Gerro fears an inappropriate monetary penalty, he can address his concerns to the Court at the appropriate time when such penalty is sought. No

such penalty is currently sought, and no penalty of a criminal nature is sought by this Motion.

### Conclusion

The Gerro Response is predicated primarily upon Gerro's misunderstanding of law and fact, and his continued obfuscation of and refusal to comply with this Court's Confirmation Order. Entry of the proposed Order is necessary to make clear to Gerro that his compliance is required by law and to prevent continued waste of judicial and estate resources.

**WHEREFORE**, the Wind-Down Debtors respectfully request that the Court (i) enter the proposed Order to the Motion granting the relief requested therein on a final basis, and (ii) grant such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,
Dated: November 4, 2024

/s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

## **EXHIBIT A**

**PROPOSED STIPULATION**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>              Debtors.[1] | Chapter 11<br><br> Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2]) |

### STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION AND THIRD CIRCUIT APPEAL FILED BY GEORGE J. GERRO

       The relief set forth on the following pages, numbered one (1) through five (5), is hereby

**ORDERED**.

---

[1] The Wind-Down Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

(Page 1)

| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION FILED BY GEORGE J. GERRO |

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*Attorneys for the Plan Administrator*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel for the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

This stipulation (the "Stipulation") is entered into by BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors," or referred to in the past tense as the "Debtors"),[1] as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") and George J. Gerro ("Gerro"), each a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS,** The BlockFi entities are Wind-Down Debtors in the Chapter 11 Cases

---

[1]      The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019

(Page 2)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION FILED BY GEORGE J. GERRO |

jointly administered under the case styled *In re BlockFi, Inc., et al.*, Case No. 22-19361 (MBK),

pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy

Court");

**WHEREAS**, prior to the filing of these Chapter 11 Cases, ("Gerro") filed a *pro se*

lawsuit styled Case No. 20BBCV00308 in the Superior Court of the State of California for the

County of Los Angeles, North Central District (the "State Court") against BlockFi Lending,

LLC, Scratch Services, LLC, and Does 1-100 alleging claims based on breach of contract,

California Commercial Code violations, and other related claims ("*Gerro I*"), followed by a

second *pro se* lawsuit in the same State Court styled 20STCV31493 against BlockFi Lending,

LLC, Scratch Services, LLC, and Does 1-100 raising identical claims and seeking injunctive

relief under California Business and Professions Code Section 17200 ("*Gerro II*" and together

with *Gerro I*, the "Prepetition Litigation");

**WHEREAS**, Gerro filed Claim Nos. 12386 and 15248 in these Chapter 11 Cases against

BlockFi Lending (the "Gerro Claims");

**WHEREAS**, BlockFi objected to the Gerro Claims and sought their disallowance (the

"Gerro Claim Objection") [Docket No. 1069];

**WHEREAS**, the Bankruptcy Court entered its Memorandum Decision (the

"Memorandum Decision") disallowing the Gerro Claims [Docket No. 1420];

**WHEREAS**, Gerro appealed the Memorandum Decision to the United States District

Court for the District of New Jersey (the "District Court") [Docket No. 1453];

**WHEREAS,** on October 3, 2023, the Court entered its *Revised Findings of Fact,*

*Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third*

(Page 3)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION FILED BY GEORGE J. GERRO |

*Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788];

**WHEREAS**, on August 30, 2024, the District Court issued its Letter Order (the "District Court Order") affirming this Court's decision and dismissing Mr. Gerro's appeal [Docket No. 11 in Case No. 3:23-cv-18740-ZNQ];

**WHEREAS**, Gerro appealed the District Court Order to the United States Court of Appeals for the Third Circuit, which remains pending as of the date of this Stipulation and Agreed Order (the "Third Circuit Appeal");

**WHEREAS**, the Wind-Down Debtors have requested that Gerro dismiss the entirety of the Prepetition Litigation in full as to all parties with prejudice in compliance with the terms of the Plan and Confirmation Order; and

**WHEREAS**, Gerro is concerned that dismissal of the full of the Prepetition Litigation with prejudice could somehow impact his Third Circuit Appeal regarding the disallowance of the Gerro Claims.

**NOW, THEREFORE,** in consideration of the mutual covenants, promises and obligations set forth herein, and other good and valuable consideration, the sufficiency of which is acknowledged, the Parties hereby agree as follows and **IT IS HEREBY ORDERED THAT:**

1.      Gerro shall dismiss the lawsuits comprising the Prepetition Litigation in their entirety as to all parties with prejudice promptly upon entry of this Stipulation and Agreed Order.

3

(Page 4)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION FILED BY GEORGE J. GERRO |

2.      A copy of this Stipulation and Agreed Order shall also be filed in the Prepetition Litigation, to provide notice to the presiding judge.

3.      This Stipulation and Agreed Order, and Gerro's compliance therewith, including the dismissal of the entirety of the Prepetition Litigation with prejudice, shall not impact the Third Circuit Appeal or the allowance or disallowance of the Gerro Claims.

4.      This Stipulation and Agreed Order is immediately effective upon its entry.

5.      If the Prepetition Litigation is not dismissed within ten (10) days following entry of this Order, he Wind-Down Debtors shall report such violation of this Order to the Court and may seek a hearing to consider whether Gerro shall be liable for the Wind-Down Debtors' reasonable costs and attorneys' fees.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

*[signature page follows]*

(Page 5)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | STIPULATION AND AGREED ORDER REGARDING PREPETITION LITIGATION FILED BY GEORGE J. GERRO |

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| */s/ DRAFT* | */s/ DRAFT* |
| **GERRO & GERRO**<br>George J. Gerro<br>530 S. Glenoaks Boulevard, Suite 200<br>Burbank, California 91502<br>Telephone: (818) 840-0000<br>Email: george@gerrolaw.com<br><br>*Pro Se Attorney for George J. Gerro* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel to the Plan Administrator*<br><br>**HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator*<br><br>**BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted pro hac vice)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted pro hac vice)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel to the Plan Administrator* |

## **EXHIBIT B**

### **DISPUTED CLAIMS NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BLOCKFI INC., *et al.*, | Case No. 22-19361 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT** on August 2, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. 1306] (the "Conditional Disclosure Statement Order") (a) authorizing BlockFi Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1301] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two business days before the Voting Deadline** (each, a "Resolution Event"):

1. an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2. an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4. the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider final approval of the Disclosure Statement and Confirmation of the Plan will commence on **September 26, 2023 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Combined Hearing") before the Honorable Chief Judge Michael B. Kaplan, United States Bankruptcy Judge, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, NJ 08608.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965); and BlockFi Lending II LLC (0154). The location of the Debtors' service address is 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ 08691.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** electronic copies of the Disclosure Statement, the Conditional Disclosure Statement Order, and the Plan have been included with the distribution of this notice.  If you would like to obtain paper copies of the Disclosure Statement, the Conditional Disclosure Statement Order, or the Plan, or copies of the Plan Supplement and other related documents, you should contact Kroll Restructuring Administration LLC, the claims, noticing, and solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Claims, Noticing, and Solicitation Agent"), by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/blockfi, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business days (or one business day if such Resolution Event occurs within one week of the Voting Deadline) thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a ballot via email to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**PLEASE TAKE FURTHER NOTICE THAT ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL NOT RECEIVE A RELEASE FROM THE DEBTORS AND THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

IF YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT OUT FORM ATTACHED AS **ATTACHMENT A** AND SUBMIT IT PROMPTLY THROUGH THE ONLINE BALLOT PORTAL ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE RELEASE OPT OUT FORM.

THE RELEASE OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. PREVAILING EASTERN TIME.

YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

SRF 71952

Dated: August 3, 2023                    /s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq. (NJ Bar No. 014321986)
Warren A. Usatine, Esq. (NJ Bar No. 025881995)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
jsussberg@kirkland.com
christine.okike@kirkland.com

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Kenric D. Kattner, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
kenric.kattner@haynesboone.com

*Attorneys for Debtors and*
*Debtors in Possession*

SRF 71952

## **Attachment A**

## **Release Opt Out Form**

## OPTIONAL:  RELEASE OPT OUT FORM

***IF YOU WOULD LIKE TO MAKE THE OPTIONAL OPT OUT ELECTION*, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND SUBMIT IT *PROMPTLY* BY THE METHOD BELOW.**

> By electronic, online submission:
>
> To submit your Opt Out Form via the online Ballot Portal, please visit https://restructuring.ra.kroll.com/blockfi/EBallot-Home and follow the instructions to submit your Opt Out Form.
>
> **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized Opt Out Form:**
>
> **Unique E-Opt Out ID#: _____**
>
> The online Ballot Portal is the sole manner in which Opt Out Forms will be accepted.  Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal).

> **THE VOTING DEADLINE IS SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS OPT OUT FORM ON OR BEFORE THE VOTING DEADLINE.**

You are receiving this opt out form (the "Opt Out Form") because you are the holder of a disputed Claim that is not entitled to vote on the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1300] (as modified, amended, or supplemented from time to time, the "Plan").  **You are deemed to grant the Third-Party Release set forth below unless you affirmatively opt out by completing and returning this form in accordance with the directions herein or file an objection to the Third-Party Release with the Bankruptcy Court <u>on or before</u> September 11, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS OPT OUT FORM.

**If you choose to opt out of the Third-Party Release set forth in <u>Article VIII.B</u> of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** to Kroll Restructuring Administration LLC (the "Claims, Noticing, and Solicitation Agent") via the Claims, Noticing, and Solicitation Agent's online voting portal (the "Ballot Portal") at https://restructuring.ra.kroll.com/blockfi/EBallot-Home.  The online balloting portal is the sole manner in which Opt Out Forms will be accepted.  **Hard copy Opt Out Forms will not be accepted, and electronic Opt Out Forms will not be accepted by facsimile or any other electronic means (other than the online portal)**.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY SEPTEMBER 11, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").  IF THE OPT OUT FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt Out Form in error, or if you believe that you have received the wrong Opt Out Form, please contact the Claims, Noticing, and Solicitation Agent immediately by emailing the Claims, Noticing, and Solicitation Agent at blockfiinfo@ra.kroll.com with a reference to "In re: BlockFi - Solicitation Inquiry" in the subject line.

**Article VIII.B of the Plan provides for a third-party release (the "Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE PLATFORM PAUSE, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE FTX LOAN AGREEMENT, THE 3AC MASTER LOAN AGREEMENTS, THE ALAMEDA LOAN AGREEMENTS, THE EMERGENT PLEDGE, THE DEBTORS' OUT OF COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE WIND DOWN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES DESCRIBED IN ARTICLE VIII.B OF THE PLAN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN ARTICLE VIII.B OF THE PLAN IS:  (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CAUSES OF ACTION; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THE WIND-DOWN DEBTORS OR THEIR RESPECTIVE ESTATES ASSERTING ANY CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

WITHOUT LIMITING THE FOREGOING, FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY THAT IS GIVEN THE OPPORTUNITY TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN AND DOES NOT EXERCISE SUCH OPT OUT MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS. FROM AND AFTER THE EFFECTIVE DATE, ANY ENTITY (I) THAT OPTED OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN OR (II) WAS DEEMED TO REJECT THE PLAN MAY NOT ASSERT ANY CLAIM OR OTHER CAUSE OF ACTION AGAINST ANY RELEASED PARTY FOR

WHICH IT IS ASSERTED OR IMPLIED THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN WITHOUT FIRST OBTAINING A FINAL ORDER FROM THE BANKRUPTCY COURT (A) DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION IS NOT SUBJECT TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.A</u> OF THE PLAN AND (B) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH RELEASED PARTY.   THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CLAIM OR CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE AND AS PROVIDED FOR IN <u>ARTICLE XI</u> OF THE PLAN, THE BANKRUPTCY COURT SHALL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING CLAIM OR CAUSE OF ACTION.

NOTHING IN THE PLAN SETTLES, RELEASES, OR DISCHARGES DIRECT CLAIMS HELD BY CREDITORS (OTHER THAN CLAIMS AGAINST THE DEBTORS) WHO OPTED OUT OF THE THIRD-PARTY RELEASE.  TO THE EXTENT ANY CREDITOR WHO OPTED OUT HAD A DIRECT CLAIM AGAINST A NON-DEBTOR UNDER APPLICABLE NON-BANKRUPTCY LAW (OTHER THAN A FRAUDULENT TRANSFER CLAIM) PRIOR TO THE PETITION DATE, SUCH CLAIM DID NOT VEST IN THE DEBTORS ON THE PETITION DATE AND NOTHING IN THE PLAN OR THE CONFIRMATION ORDER PREVENTS, RELEASES, OR OBSTRUCTS A PROPERLY PLED DIRECT CLAIM, INCLUDING ANY ARGUMENT UNDER *IN RE SEMCRUDE L.P.*, 796 F.3D 310 (3D CIR. 2015) OR *IN RE WILTON ARMETALE, INC.*, 968 F.3D 273 (3D CIR. 2020) THAT SUCH CLAIM WAS VESTED IN THE DEBTORS BY OPERATION OF THE BANKRUPTCY CODE.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN OR THE CONFIRMATION ORDER MODIFIES THE GATEKEEPER FUNCTION CONTAINED IN <u>ARTICLE VIII.B</u> OF THE PLAN OR THE LAW AS TO WHAT IS A DIRECT OR DERIVATIVE CLAIM, OR IS A CONCESSION THAT A DIRECT OR DERIVATIVE CLAIM EXISTS.

*        *        *

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) THE RELEASING PARTIES; (D) THE BERMUDA PROVISIONAL LIQUIDATORS; (E) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (E); *PROVIDED* THAT ANY OF (I) FTX; (II) 3AC; (III) ALAMEDA; (IV) EMERGENT; (V) MAREX; (VI) CORE SCIENTIFIC; (VII) THE INSURANCE PROVIDERS; (VIII) ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS NOT A RELEASING PARTY; AND (IX) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (I) THROUGH (VIII) SHALL NOT BE A "RELEASED PARTY;" *PROVIDED FURTHER* THAT ADDITIONAL PERSONS, OTHER THAN THE COMMITTEE SETTLEMENT PARTIES AND THEIR RELATED PARTIES, MAY BE INCLUDED IN THE PLAN SUPPLEMENT AS NON-RELEASED PARTIES.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) THE COMMITTEE SETTLEMENT PARTIES (SUBJECT TO THE TERMS OF THE COMMITTEE SETTLEMENT); AND (H) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (G).

<u>Important information regarding the Third-Party Release:</u>

YOU MAY ELECT NOT TO GRANT AND RECEIVE THE RELEASES CONTAINED IN ARTICLE VIII.B OF THE PLAN ONLY IF YOU (A) TIMELY SUBMIT THE FORM BELOW OR (B) TIMELY FILE WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE VIII.A OF THE PLAN.  THIS MEANS THAT THE WIND-DOWN TRUSTEE MAY PURSUE ANY CLAIMS AND CAUSES OF ACTION THE DEBTORS HAVE AGAINST YOU.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE RELEASED FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION THE DEBTORS MAY HAVE AGAINST YOU, EXCEPT FOR RETAINED PREFERENCE CLAIMS, IF APPLICABLE.

**OPTIONAL RELEASE ELECTION.  YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN IF YOU CHECK THE BOX BELOW:**

> ☐  **By checking this box, you elect to opt OUT of the Third-Party Release**

**Certifications.**

By signing this Opt Out Form, the undersigned certifies:

(a) that, as of the Voting Record Date, either:  (i) the undersigned is a Holder of a Claim against the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against the Debtors that is not entitled to vote on the Plan;

(b) that the Holder has received a copy of the *Notice of Non-Voting Status With Respect to Disputed Claims* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has submitted the Opt Out Form with respect to all of its Claims; and

(d) that no other Opt Out Form with respect to these Claims has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

If your address or contact information has changed, please note the new information here.

SRF 71952

## EXHIBIT C

## SERVICE EXHIBIT

Disputed Service List
Served via Email



| NAME | EMAIL |
|------|-------|
| Gerro, George | George@GerroLaw.com |
| Gerro, George J | george@gerrolaw.com |