| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>**Hearing Date: December 5, 2024 at 10:00 a.m. ET**<br>**Objection Deadline: November 28, 2024**<br>**Oral Argument: Waived Unless Response Timely Filed** |

**WIND-DOWN DEBTORS' MOTION FOR AN ORDER LIFTING THE AUTOMATIC STAY AND/OR PLAN INJUNCTION, TO THE EXTENT APPLICABLE, TO PERMIT PAYMENTS UNDER THE EXCESS POLICY TOWARDS THE GLOBAL SETTLEMENT**

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order (the "Confirmation Order") [Docket No. 1660] confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609]. Capitalized terms not otherwise defined herein shall have the meanings contained in the Plan.

1

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors" or the "Debtors" as applicable), in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this Motion for an Order Lifting the Automatic Stay and/or Plan Injunction, To The Extent Applicable, To Permit Payments Under the Excess Policy Towards the Global Settlement (the "Motion"). In support of the Motion, the Wind-Down Debtors respectfully represent as follows:

**Preliminary Statement**

1. The Wind-Down Debtors seek limited relief, to the extent applicable, from the provisions of the Plan, Confirmation Order and/or automatic stay, with the consent of the parties to the Global Settlement (as defined below), and in an abundance of caution, to effectuate certain stipulated provisions of the Global Settlement, which, among other things, resolves the Insurance Litigation (defined below).

2. This Court previously entered a limited order (the "Previous Lift Stay Order" Docket No. 2296) with respect to the Excess Policy,[3] which has been the subject of litigation (the "Insurance Litigation") between the Wind-Down Debtors and the insurers (the "Insurers"). The Previous Lift Stay Order modified, to the extent applicable, the provisions of the Plan, Confirmation Order and/or automatic stay set forth in Section 362 of the Bankruptcy Code (the "Automatic Stay") to permit payments under the Excess Policy towards covered Defense Costs and Mediation Expenses.

3. Following extensive mediation, the Wind-Down Debtors have reached a global settlement in principle with the Insurers and the parties to certain securities litigation (the "Securities Litigation") between proposed class representatives (the "Class Representatives") and

---

[3] As defined in the Previous Lift Stay Order.

2

the defendants in that action (the "Securities Defendants" and together with the Class Representatives, the Insurers, and the Wind-Down Debtors, the "Parties"), that, subject to certain court approvals and related contingencies, would resolve both the Securities Litigation and the Insurance Litigation, as well as appeals of certain orders of this Court (the "Global Settlement").

4. Although the Wind-Down Debtors believe that the Plan (as defined below) gives sufficient authority to implement the Global Settlement without further order of this Court, because the Previous Lift Stay Order does not, by its terms, expressly authorize payment of settlements under the Excess Policy,[4] the Wind-Down Debtors bring this motion to confirm that any payments made under the Excess Policy (including the contemplated exhaustion of the pre-petition layer of the Excess Policy) as part of the Global Settlement do not violate and are permitted under the Plan, Confirmation Order, or the Automatic Stay or, to the extent applicable, and any injunction set forth in the Plan (a "Plan Injunction") and/or the Automatic Stay are modified with respect to such payments.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Wind-Down Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[4] The Parties reserve all rights with respect to the interpretation of the Previous Lift Stay Order.

3

7. The bases for the relief requested herein are sections 105(a), 362 and 502 of Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, 3007-2 and 9013-1.

**Background**

10. On November 28, 2022 (the "Petition Date"), BlockFi filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.[5] BlockFi International is currently in liquidation under the laws of Bermuda.

11. On November 29[17663930v1 (25400.002)], 2022, this Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 42]. These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361.

12. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

13. On September 26, 2023, the Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan").

14. On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11*

---

[5] A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

4

*Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 [Docket No. 1788].

15. The Plan provides that "On and after the Effective Date, the Wind-Down Debtors and the Plan Administrator may, without further Bankruptcy Court approval, commence, litigate, and settle any Vested Causes of Action or Claims relating to any Wind-Down Debtors' Assets remaining with the Wind-Down Debtors as a successor to the Debtors or rights to payment or Claims that belong to the Debtors as of the Effective Date or are instituted by the Wind-Down and the Plan Administrator on or after the Effective Date, except as otherwise expressly provided for herein and in the Plan Administrator Agreement." Plan at 48.

16. The Confirmation Order provides that "the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to 11 U.S.C. §362(c)(2), the stay of any other act described in 11 U.S.C. § 362(a) continues until the earlier of the closure or dismissal of these Chapter 11 Cases." Confirmation Order ¶ 132.

17. The Court entered the Previous Lift Stay Order on May 8, 2024, permitting parties to "seek coverage for Defense Costs and Mediation Expenses" under the Excess Policy.

18. Following months of mediation, the Parties reached the Global Settlement, resolving two independent litigations and two separate appeals of this Court's orders. The Global Settlement is confidential, except for terms that have been or will be made public through seeking final approval of the District Court for the District of New Jersey in the Securities Litigation, and will result in the complete exhaustion of the Pre-File Date Sublimit (as that term is defined in Endorsement No. 3 of the Excess Policy).

5

**Motion**

19. The Plan does not require that this Court approve the Global Settlement or the disposition of property in connection therewith. Plan Art. IV.D(4), L. As a result, the Wind-Down Debtors believe that relief from the Plan, Confirmation Order, any Plan Injunction and/or the Automatic Stay is not required to implement the Global Settlement, because once the Global Settlement is binding, all asserted rights of the Wind-Down Debtors in the Excess Policy are resolved. Any payments to any other parties would not violate the Plan, Confirmation Order, or the Automatic Stay, because the Wind-Down Debtors will have contractually waived any property interest in those portions of the Excess Policies.

20. However, out of an abundance of caution, and because the Previous Lift Stay Order does not, by its terms, expressly authorize payment of settlements under the Excess Policy, the Wind-Down Debtors bring this Motion to confirm that any Plan Injunction or Automatic Stay, to the extent applicable, are lifted to allow the contemplated payments under the Excess Policy (including the contemplated exhaustion of the Pre-File Date Sublimit of the Excess Policy) as part of the Global Settlement, and that the Global Settlement does not violate the Plan or Confirmation Order.

21. To the extent that the Plan Injunction and/or the Automatic Stay do apply, "cause" amply exists to lift the Plan Injunction and the Automatic Stay to permit the consummation of the Global Settlement. Bankruptcy Code section 362(d)(1) provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . for cause." 11 U.S.C. § 362(d)(1). "Cause" is a fact-intensive inquiry that generally considers "(i) whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the stay; (ii) whether the hardship to the

non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor upon lifting of the stay; and (iii) the probability of the creditor prevailing on the merits." *In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010)

22. Here, the Plan Administrator has determined, within the powers granted under the Plan, to enter into the Global Settlement. Lifting the Plan Injunction and/ or the Automatic Stay to the extent applicable, in order to consummate the Global Settlement will not prejudice the Wind-Down Debtors in any way, and indeed will benefit the Wind-Down Debtors. Further, as no party objected to the lifting of the Automatic Stay in the Previous Lift Stay Order (though disagreed on language required to avoid collateral consequences), the Wind-Down Debtors submit that cause further exists for the limited additional relief sought in this Motion to the extent required.

23. For the aforementioned reasons, the Wind-Down Debtors respectfully request that the Court enter an order, to the extent required, permitting payments made by the Insurers under the Excess Policy (including the exhaustion of the Pre-File Date Sublimit of the Excess Policy).

**Waiver of Memorandum of Law**

24. The Wind-Down Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Wind-Down Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

25. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

26. The Wind-Down Debtors will provide notice of this Motion to the following

7

parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) counsel to the Parties; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Wind-Down Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Wind-Down Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: November 15, 2024     /s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

8

Application for an Order Lifting the Automatic Stay and/or Plan Injunction    to t    Page 9 of 12

**EXHIBIT A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: December 5, 2024 |

### ORDER GRANTING WIND-DOWN DEBTORS' MOTION FOR AN ORDER LIFTING THE AUTOMATIC STAY AND/OR PLAN INJUNCTION, TO THE EXTENT APPLICABLE, TO PERMIT PAYMENTS UNDER THE EXCESS POLICY TOWARDS THE GLOBAL SETTLEMENT

The relief set forth on the following pages is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154).  The location of the Debtors' service address 100 Horizon Center Blvd., 1st and 2nd Floors, Hamilton, NJ  08691.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications). [Docket No. 1609]

| | |
|---|---|
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* | **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* |

Upon consideration of the Wind-Down Debtors' Motion For An Order Lifting the Automatic Stay and/or Plan Injunction, To The Extent Applicable, To Permit Payments Under The Excess Policy Towards the Global Settlement (the "Motion")[8], and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), Standing Order of Reference to the Bankruptcy Court Under Title 11, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interest of all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings

---

[8] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

had before the Court; and after due deliberation and sufficient cause appearing therefor and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Insurers are authorized and permitted to make any payments called for under the Global Settlement and, to the extent applicable, any relevant provisions of the Plan or Confirmation Order, including the Plan Injunction and/or Automatic Stay are waived and/or lifted and do not apply to bar the relief sought in the Motion and/or the payment by the Insurers under the Excess Policy of any amounts called for under the Global Settlement.

3. To the extent of any inconsistency between this Order and the Previous Lift Stay Order, this Order shall control.

4. Nothing herein or in the Motion alters, amends or otherwise modifies the terms and conditions of the Excess Policy or any agreements related thereto.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.