**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

November 25, 2024

**LETTER ORDER**

Re:  *Wynn* v. *BlockFi Inc.*,[1]
     Civil Action No. 23-23282-ZNQ

Dear Counsel and Pro Se Party:

This matter comes before the District Court upon *pro se* Appellant George S. Wynns' ("Appellant" or "Wynns") filing of an appeal of the District of New Jersey Bankruptcy Court's ("Bankruptcy Court") decision to deny a motion filed by Wynns in BlockFi Inc.'s Chapter 11 Bankruptcy case.[2] (ECF No. 1.) Appellant filed a moving brief ("App. Br.," ECF No. 15), BlockFi opposed ("Opp.," ECF No. 16) and Appellant replied ("Reply," ECF No. 17). In response, Appellee filed a Motion for Leave to File a Sur Reply (ECF No. 18), which Appellant Opposed (ECF No. 19).[3] The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court **DISMISSES** Appellant's appeal and **AFFIRMS** the Bankruptcy Court's Order.

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158 (a). A district court reviews a bankruptcy court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for an abuse thereof." *In re Rashid*, 210 F.3d 201, 205 (3d Cir. 2000); *see In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . .") (quoting Frmr. Fed. R. Bankr. P. 8013); *see also In re Great Atl. & Pac. Tea Co., Inc.*, Civ. No. 14 -4170, 2015 WL 6395967, at *2 n.1 (S.D.N.Y. Oct. 21, 2015) (although Fed. R. Bankr. P. 8013 was removed in the new Federal Rules of Bankruptcy Procedure

---

[1] When originally filed the case caption misidentified Appellant as "George Wynn" rather than "George Wynns." Both parties agree the caption is in error.

[2] The Debtors in the Chapter 11 case, followed by each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487), BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (2422); BlockFi Services, Inc. (5965), and BlockFi Lending II LLC (0154) (collectively, "BlockFi." or "Appellee"). The relevant Bankruptcy docket number is 22-19361. References to documents in the Bankruptcy Court's docket for this case will be preceded by the appellation "Bk. Dkt."

[3] Appellant's Objection substantively opposes BlockFi's motion and does not address why the Court should refuse to consider the sur reply or otherwise file it on the docket. (*See generally* ECF No. 19). Therefore, the Court **GRANTS** Appellee's motion to file its sur reply (ECF No. 18-1) and liberally construes Appellant's Opposition as a sur response (ECF No. 19). The Court will consider both filings for the purpose of this Letter Order.

"logic still compels the same conclusion with respect to the appellate powers of the District Court.") Also, the Court, when addressing mixed questions of law and fact, divides the questions into their respective components and applies the appropriate standard to each. *In re Brown*, 951 F.2d 564, 567 (3d Cir. 1991).

Wynns argues that the Bankruptcy Court erred in: (1) failing to treat Wynns as a secured creditor in BlockFi's bankruptcy and therefore denying him certain protections afforded to secured creditors; and (2) denying Wynns' motion asking for return of his 4..22 Bitcoin (the "Bitcoin Collateral") upon repayment of the loan he took out from BlockFi. (App. Br. at 5-8.) In his Reply, Wynns alleges he did not receive proper notice of BlockFi's bankruptcy plan and therefore argues he is not bound by it or its categorization of creditors. (Reply at 3-4.) Wynns argues that lack of notice means that his claim is not bound by the type of relief creditors bound by the plan will receive. (*Id.*).

First, the Court must determine whether Wynns is bound by the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmed Bankruptcy Plan"). (Opp. at 7 (citing Bk. Dkt. 1309).) The Confirmed Bankruptcy Plan was entered by the Bankruptcy Court in an order on October 3, 2023, and became effective on October 24, 2023. (Bk. Dkt. 1660, 1788; Opp. at 10.) The Confirmed Bankruptcy Plan categorizes creditors and defines the type of recovery each class of creditor will receive. (Opp. at 12-13.) The Confirmed Bankruptcy Plan treated Wynns as an unsecured creditor. (*Id.* at 13.) Wynns objects to the categorization of his claim by the Bankruptcy Court under the Confirmed Bankruptcy Plan, and argues that he should have been treated as a secured creditor of BlockFi. (App. Br. at 5-7; Reply at 3-4.)

In his Reply, Wynns substantively argued for the first time that he was not bound by the Confirmed Bankruptcy Plan because he had not received notice of that plan (the "Notice Argument"). (*See* Reply at 3-4.) BlockFi argues that Wynns waived the Notice Argument because he did not include any mention of such argument in his Opening Brief or otherwise substantively address it prior to his Reply. (*See* ECF No. 18-1 at 1-4.) In response, Wynns argues that he did not waive the Notice Argument because at the commencement of the appeal in front of this Court he listed it in the initial Statement of Issues filed alongside the designation of record. (*See* ECF No. 2 at 3; ECF No. 10 at 3; ECF No. 19 at 2-4.) In the alternative, Wynns argues that "extraordinary circumstances excused a more thorough discussion" of the Notice Argument in his opening brief. (ECF No. 19 at 5.) BlockFi concedes that Wynns raised the issue in his Statement of Issues. (ECF No. 18-1 at 3.)

The Court finds that Plaintiff waived the notice argument by not substantively discussing it in his opening appellate brief filed with this Court. *See, e.g., In re Paragon Offshore plc*, No. 19-1627, 2022 WL 1055574, at *2 (3d Cir. Apr. 8, 2022) (finding an appellant forfeited an argument in a bankruptcy appeal where he raised it in his issues on appeal list, but did not raise the argument in his opening brief) (citing *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)); *see also In re Radnor Holdings Corp.*, 528 B.R. 245, 251 (D. Del. 2014), *aff'd*, 629 F. App'x 277 (3d Cir. 2015) ("Because appellant failed to clearly raise the foregoing issue in his opening brief, the court need not consider the issue.") (citing *Pelullo*, 399 F.3d at 222). Further, the Court does not find that Plaintiff's medical situation was the type of extraordinary circumstances meriting an exception contemplated by the Third Circuit in *United States v. Albertson* or subsequent caselaw, particularly given Plaintiff was granted a filing extension and did file

2

numerous other arguments on his own behalf in the Opening Brief. 645 F.3d 191, 195 (3d Cir. 2011); *see also Hackerman v. Demeza*, 576 B.R. 472, 477 (M.D. Pa. 2017) (finding that absent extraordinary circumstances merely raising an argument in a list of issues on appeal was not enough to preserve an argument without a fully developed argument in a brief, together with supporting arguments and citations) (collecting cases).

Having found that the Confirmed Bankruptcy Plan applies to Wynns, the Court turns to the question of whether the Bankruptcy Court erred in classifying Wynns as an unsecured creditor of BlockFi, and subsequently in denying his Motion to recover the Collateral in its entirety. As a general matter, Wynns' briefing does not sufficiently show an error on the part of the Bankruptcy Court—he merely disagrees with the Bankruptcy Court's interpretation of his status and the application of the Confirmed Bankruptcy Plan to his claims. (*See generally* App. Br. & Reply) Wynns argues that he should properly have been classified as a secured creditor. (App. Br. at 5.) However, he does not cite authority for that position or substantially clarify where he believes the Bankruptcy Court erred. (*See generally* App. Br. at 17.) BlockFi argues that under the definitions and disclosure statement of the Confirmed Bankruptcy Plan, Wynns was properly classified as a Class 3-b claimant and a Class 3-e claimant, based on his proof of claims. (Opp. at 6-8.)

To the extent Wynns argues the Bankruptcy Court misread his contract with BlockFi when determining classifications under the Confirmed Bankruptcy Clan, the Court rejects Wynns' argument and finds the Bankruptcy Court properly examined the documents underlying the parties' relationship. (App. Br. at 4-7.) The Court also finds that the Bankruptcy Court properly affirmed BlockFi's objection to Wynn's Motion under the Confirmed Bankruptcy Plan, and that Wynns' claims were properly classified under that plan. As such, he will receive the same level of compensation as other creditors similarly classified. The Court identifies no error in the Bankruptcy Court's decision to deny Wynns' Motion to fully recover his 4.22 Bitcoin.

For the reasons stated above, the Court **AFFIRMS** the decision of the Bankruptcy Court and **DISMISSES** this appeal. The Clerk is ordered to administratively close this case.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
