**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

In re:

BLOCKFI INC., *et al.,*

Debtors.[1]

Chapter 11

Case No. 22-19361 (MBK)

Hearing Date: December 5, 2024

Order Filed on December 5, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER GRANTING WIND-DOWN DEBTORS' MOTION FOR AN ORDER LIFTING THE AUTOMATIC STAY AND/OR PLAN INJUNCTION, TO THE EXTENT APPLICABLE, TO PERMIT PAYMENTS UNDER THE EXCESS POLICY TOWARDS THE GLOBAL SETTLEMENT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: December 5, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **BROWN RUDNICK LLP** <br> Kenneth J. Aulet, Esq. (admitted *pro hac vice*) <br> Seven Times Square <br> New York, New York 10036 <br> (212) 209-4800 <br> kaulet@brownrudnick.com <br><br> **BROWN RUDNICK LLP** <br> Tristan Axelrod, Esq. (admitted *pro hac vice*) <br> One Financial Center <br> Boston, MA 02111 <br> (617)856-8300 <br> taxelrod@brownrudnick.com <br><br> *General Counsel for the Plan Administrator* | **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> 110 Allen Rd., Suite 304 <br> Basking Ridge, NJ 07920 <br> (973) 230-2095 <br> DStolz@genovaburns.com <br> DClarke@genovaburns.com <br><br> *Local Counsel for the Plan Administrator* |

Upon consideration of the Wind-Down Debtors' Motion For An Order Lifting the Automatic Stay and/or Plan Injunction, To The Extent Applicable, To Permit Payments Under The Excess Policy Towards the Global Settlement (the "Motion")[8], and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), Standing Order of Reference to the Bankruptcy Court Under Title 11, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interest of all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings

---

[8] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

had before the Court; and after due deliberation and sufficient cause appearing therefor and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Insurers are authorized and permitted to make any payments called for under the Global Settlement and, to the extent applicable, any relevant provisions of the Plan or Confirmation Order, including the Plan Injunction and/or Automatic Stay are waived and/or lifted and do not apply to bar the relief sought in the Motion and/or the payment by the Insurers under the Excess Policy of any amounts called for under the Global Settlement.

3. To the extent of any inconsistency between this Order and the Previous Lift Stay Order, this Order shall control.

4. Nothing herein or in the Motion alters, amends or otherwise modifies the terms and conditions of the Excess Policy or any agreements related thereto.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.