| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al*.,<br>              Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: February 6, 2025 @ 10:00 AM ET**<br>**Response Deadline: January 30, 2025 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

# WIND-DOWN DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD TO FILE AND SERVE OBJECTIONS TO CLAIMS

---

[1] The Wind-Down Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the Plan.

1

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down Debtors," or referred to in the past tense as the "Debtors"), as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Motion for Entry of an Order Extending the Period to File and Serve Objections to Claims* (the "Motion") for entry of an Order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 3007, 7008 and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Motion, the Wind-Down Debtors respectfully represent as follows:

**Preliminary Statement**

1. The Wind-Down Debtors seek entry of an order (the "Order") further extending the deadline to file objections to claims (the "Claims Objection Deadline") for 90 days, through and including April 16, 2025, to provide sufficient time to complete the claims reconciliation process.

2. The confirmed Plan establishes a Claims Objection Deadline that is 180 days after the Effective Date of the Plan unless extended by order of this Court.[3] The Court previously granted three extensions of the Claims Objection Deadline to July 20, 2024 [Doc No. 2327], October 18, 2024 [Doc No. 2354], and January 16, 2025 [Doc. No. 2414]. As of the date of the filing of this Motion, over 34,000 proofs of claim (the "Claims") have been filed in these Chapter 11 Cases. The Wind-Down Debtors have filed 20 omnibus objections to Claims (collectively, the

---

[3] Plan, Art. I.A.73 & Art,VII..B.

"Omnibus Objections"), seeking the modification or expungement of over 30,000 Claims. The vast majority of the remaining claims were reviewed and Allowed as filed.

3.  The Wind-Down Debtors estimate that less than 65 pending Claims remain to be reconciled. Efforts to reconcile these remaining claims are ongoing. The Wind-Down Debtors' liabilities on the Claims have been capped by order of this Court, and objections to these Claims may need to be filed in the upcoming months if the Wind-Down Debtors' are unable to agree to a resolution of these Claims with the respective creditors who filed them.

4.  As further set forth herein, the Wind-Down Debtors' ongoing and swift progress in claims reconciliation establishes cause to grant the requested extension. The Motion should be granted.

## Jurisdiction and Venue

5.  The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). Pursuant to Bankruptcy Rule 7008, the Wind-Down Debtors confirm their consent to entry of a final order.

6.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.    The Chapter 11 Cases**

7.  On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions*

*and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

8. On September 26, 2023, the Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan"). On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1660] (the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023 (the "Effective Date") [Docket No. 1788].

**B.    The Claims Reconciliation Process**

9. On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim ( the "Proofs of Claim") in these Chapter 11 Cases. The Bar Date Order established (a) March 31, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"), (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable

order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules (as defined herein), as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

10. On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of: BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket Nos. 460 and 856), BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket Nos. 462 and 858); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi Lending LLC (Case No. 22-19365) [Docket No. 251] (as amended by Docket Nos. 461 and 857), BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No. 22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257], BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

11. On February 2, 2023, and February 3, 2023, the Debtors caused a bar date notice (the "Bar Date Notice") to be published in The New York Times and The Royal Gazette, respectively, as set forth in the affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date Order and a Proof of Claim Form by email and/or first-class mail in accordance

with the procedures set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

a. the Master Service List (as defined in the Case Management Order);

b. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

c. all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

d. all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

e. all entities who are party to executory contracts and unexpired leases with the Debtors;

f. all entities who are party to litigation with the Debtors;

g. all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h. all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i. all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

12. On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

13.     As of the date hereof, over 34,000 Claims have been filed against the Debtors. The Wind-Down Debtors have filed Omnibus Objections to modify and Allow or expunge over 30,000 Proofs of Claim. The majority of the remaining claims were reviewed and Allowed as filed. The Plan Administrator commenced the initial interim distribution (the "First Interim Distribution") in January 2024 and the final distribution (the "Final Distribution") on Allowed claims in August 2024.

14.     While the vast majority of the Claims have been reconciled, the Wind-Down Debtors are still reviewing certain Claims (all non-customer claims) and may need to file additional objections to properly reconcile those Claims. As such, the requested extension of the Claims Objection Deadline will allow the Wind-Down Debtors additional time to negotiate resolutions with remaining claim holders and/or object to and litigate any outstanding Claims.

## Relief Requested

15.     By this Motion, the Wind-Down Debtors seek an Order further extending the Claims Objection Deadline for 90 days, to April 16, 2025, without prejudice to the Wind-Down Debtors' right to seek additional extensions.

## Basis for Relief Requested

16.     The confirmed Plan authorizes the Court to extend the Claims Objection Deadline. Article VII.B of the Plan provides that the Court may extend the time period to object to Claims at any time, including before or after the expiration of one hundred eighty days after the Effective Date, in its discretion or upon request by the Debtors or any party in interest." Plan Art,VII.B.

17.     Further, Section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9006(b)(1), "when an act is required or allowed to be done at or

within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . . " FED. R. BANKR. P. 9006(b)(1).

18. Although Bankruptcy Rule 9006 does not define "cause," it has been observed that a movant should demonstrate reasonable diligence such that proceedings will not be delayed without reason, or by virtue of negligence or bad faith. 10 COLLIER ON BANKRUPTCY ¶ 9006.06[2] (16th ed. 2024).

19. The Wind-Down Debtors submit that cause exists to grant the extension sought herein. The Wind-Down Debtors have been diligent in their efforts, and substantial progress has been made since the Effective Date, largely on a consensual and expedited basis: the Wind-Down Debtors have reconciled over 30,000 Claims and estimate that fewer than 65 pending Claims remain to be reconciled. The current Claims Objection Deadline, absent extension, would require the Wind-Down Debtors to initiate costly litigation to preserve rights to object to claims that may otherwise be resolved consensually and/or at minimal cost.

20. The Wind-Down Debtors require additional time to reconcile outstanding Claims. As such, the Wind-Down Debtors respectfully request an extension of the Claims Objection Deadline to April 16, 2025.

## Notice

21. The Wind-Down Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Wind-Down Debtors conduct their business operations; and (e) any

party that has requested notice pursuant to Bankruptcy Rule 2002. The Wind-Down Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

### Conclusion

**WHEREFORE**, the Wind-Down Debtors respectfully request that the Court (i) enter the Proposed Order, a copy of which is attached hereto as **Exhibit A**, and (ii) the proposed Bridge Order, a copy of which is attached hereto as **Exhibit B**, granting the relief requested herein on a temporary basis pending final approval of the Motion by this Court, and (iii) grant such other and further relief as the Court may deem just and appropriate.

*[This space intentionally left blank]*

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: January 7, 2025 | /s/ *Daniel M. Stolz* |

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

## EXHIBIT A

**Proposed Final Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: February 6, 2025 @ 10:00 a.m. ET |

# ORDER EXTENDING THE PERIOD TO FILE AND SERVE OBJECTIONS TO CLAIMS

The relief set forth on the following pages, numbered one (1) and two (2), is hereby **ORDERED**.

---

[1] The Wind-Down Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

(Page 1)
Debtors:         BLOCKFI INC., *et al.*
Case No.         22-19361 (MBK)
Caption of Order: ORDER EXTENDING THE WIND-DOWN DEBTORS' TIME TO FILE AND SERVE OBJECTIONS TO CLAIMS

---

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617) 856-8300
taxelrod@brownrudnick.com

*Attorneys for the Plan Administrator*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel for the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

---

Upon consideration of the *Wind-Down Debtors' Motion for Entry of an Order Extending the Period to File and Service Objections to Claims*[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157(b)(2) and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 2)
Debtors:          BLOCKFI INC., *et al.*
Case No.          22-19361 (MBK)
Caption of Order: BRIDGE ORDER EXTENDING THE WIND-DOWN DEBTORS' TIME TO FILE AND SERVE OBJECTIONS TO CLAIMS

---

further notice of the Motion need be provided; and all responses, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Wind-Down Debtors, and all parties-in-interest; and the Court reviewed the Motion and determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Claims Objection Deadline is further extended to April 16, 2025, without prejudice to the Wind-Down Debtors' right to seek an additional extension.

2. The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

3. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **EXHIBIT B**

**Bridge Order**

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: February 6, 2025 @ 10:00 a.m. ET |

# BRIDGE ORDER EXTENDING THE WIND-DOWN DEBTORS' TIME TO FILE AND SERVE OBJECTIONS TO CLAIMS

The relief set forth on the following pages, numbered one (1) through two (2), is hereby ORDERED.

---

[1] The Wind-Down Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); BlockFi Investment Products LLC (2422); BlockFi Services, Inc. (5965) and BlockFi Lending II LLC (0154). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] On October 3, 2023, the Court entered an order confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications) (the "Plan") [Docket No. 1609].

(Page 1)

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | BRIDGE ORDER EXTENDING THE WIND-DOWN DEBTORS' TIME TO FILE AND SERVE OBJECTIONS TO CLAIMS |

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*Attorneys for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |

**THIS MATTER** having been brought before the Court on behalf of the Wind-Down Debtors, upon a *Motion for Entry of an Order Extending the Period to File and Service Objections to Claim* (the "Motion");[1] and the current time within which the Wind-Down Debtors may file and serve objections to claims expires on January 16, 2025; and good cause appearing for the entry of this order (the "Bridge Order");

---

[1] All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

(Page 2)
Debtors: BLOCKFI INC., *et al.*
Case No. 22-19361 (MBK)
Caption of Order: BRIDGE ORDER EXTENDING THE WIND-DOWN DEBTORS' TIME TO FILE AND SERVE OBJECTIONS TO CLAIMS

It is **ORDERED** as follows:

1. The Motion is hereby **GRANTED** on a temporary basis pending final approval of the Motion by this Court.

2. The deadline to file and serve objections to claims is hereby extended through and including the date by which the Court enters a final order with respect to the Motion.

3. This Bridge Order is effective immediately upon entry.

4. The Wind-Down Debtors' counsel shall serve a true copy of this Bridge Order on all interested parties within seven (7) days of the date hereof.

5. All parties in interest reserve any and all of their rights with respect to the final determination on the Motion.

6. This Bridge Order is without prejudice to the Wind-Down Debtors' right to seek further extensions of time within which file and serve objections to claims.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bridge Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Bridge Order.