**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **BROWN RUDNICK LLP** | **HAYNES AND BOONE, LLP** |
| Kenneth J. Aulet, Esq. (admitted *pro hac vice*) | Richard S. Kanowitz, Esq. (NJ Bar No. 047911992) |
| Seven Times Square | Lauren M. Sisson, Esq. (NJ Bar No. 394182022) |
| New York, New York 10036 | 30 Rockefeller Plaza, 26th Floor |
| (212) 209-4800 | New York, New York 10112 |
| kaulet@brownrudnick.com | (212) 659-7300 |
| | richard.kanowitz@haynesboone.com |
| **BROWN RUDNICK LLP** | lauren.sisson@haynesboone.com |
| Tristan Axelrod, Esq. (admitted *pro hac vice*) | |
| One Financial Center | *Attorneys for the Plan Administrator* |
| Boston, MA 02111 | |
| (617) 856-8300 | |
| taxelrod@brownrudnick.com | |
| | |
| *General Counsel for the Plan Administrator* | |
| | |
| **GENOVA BURNS LLC** | |
| Daniel M. Stolz, Esq. | |
| Donald W. Clarke, Esq. | |
| 110 Allen Rd., Suite 304 | |
| Basking Ridge, NJ 07920 | |
| (973) 230-2095 | |
| DStolz@genovaburns.com | |
| DClarke@genovaburns.com | |
| | |
| *Local Counsel for the Plan Administrator* | |

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-19361 (MBK) |
| BLOCKFI INC., *et al.*, | (Jointly Administered under a Confirmed Plan[2]) |
| Debtors.[1] | **Hearing Date: February 6, 2025 @ 10:00 a.m. ET** |
| | **Response Deadline: January 30, 2025 @ 4:00 p.m. ET** |
| | **Oral Argument Waived Unless Response Timely Filed** |

## NOTICE OF WIND-DOWN DEBTORS'
## TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS
## FILED BY SURETY BOND ISSUERS

---

[1]  The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); and BlockFi Services, Inc. (5965. The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]  On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE**.

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE AND OBJECTION, PLEASE CONTACT WIND-DOWN DEBTORS' COUNSEL:**

**ANDREW S. RIZKALLA, ESQ.**
**(212) 209-4956**
**ARIZKALLA@BROWNRUDNICK.COM**

**PLEASE TAKE NOTICE** that on **February 6, 2025 at 10:00 a.m. ET**, or as soon thereafter as counsel may be heard, the above-captioned debtors (collectively, the "Wind-Down Debtors"), as supervised by the Plan Administrator, by and through their undersigned counsel, shall move for disallowance, expungement, reclassification and/or reduction or adjustment of certain claims described herein (the "Objection") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Objection is also submitted herewith as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Order Granting Debtors' Motion to Establish Certain Notice, Case Management, and Administrative Procedures* [Docket No. 54] (the "Case Management Order"); (iv) conform with the Bankruptcy Court's *Order Granting Debtors' Motion*

*for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order"); and (v) be filed with Kroll Restructuring Administration LLC (the "Claims and Noticing Agent"), so as to be received no later than 4:00 pm (ET) seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Objection shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: January 16, 2025

/s/ *Daniel M. Stolz*

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrator*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP**<br>Kenneth J. Aulet, Esq. (admitted *pro hac vice*)<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br>kaulet@brownrudnick.com<br><br>**BROWN RUDNICK LLP**<br>Tristan Axelrod, Esq. (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>(617)856-8300<br>taxelrod@brownrudnick.com<br><br>*General Counsel for the Plan Administrator*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>(973) 230-2095<br>DStolz@genovaburns.com<br>DClarke@genovaburns.com<br><br>*Local Counsel for the Plan Administrator* | **HAYNES AND BOONE, LLP**<br>Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)<br>Lauren M. Sisson, Esq. (NJ Bar No. 394182022)<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>(212) 659-7300<br>richard.kanowitz@haynesboone.com<br>lauren.sisson@haynesboone.com<br><br>*Attorneys for the Plan Administrator* |
| In re:<br><br>BLOCKFI INC., *et al.*,<br>　　　　　　　　　　　Debtors.[1] | Chapter 11<br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br>**Hearing Date: February 6, 2025 @ 10:00 a.m. ET**<br>**Response Deadline: January 30, 2025 @ 4:00 p.m. ET**<br>**Oral Argument Waived Unless Response Timely Filed** |

## WIND-DOWN DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
## TO CLAIMS FILED BY SURETY BOND ISSUERS

---

[1]　The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BlockFi Inc. (0015); BlockFi Trading LLC (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); and BlockFi Services, Inc. (5965). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]　On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609]. Unless otherwise indicated, capitalized terms used but not defined in this Objection shall have the meanings ascribed to them in the Plan.

1

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

BlockFi Inc. and its debtor affiliates (collectively, "BlockFi" or the "Wind-Down

Debtors"), as managed by the Plan Administrator, in the above-referenced Chapter 11 cases (the

"Chapter 11 Cases"), hereby file this *Wind-Down Debtors' Twenty-First Omnibus Objection to*

*Claims Filed by Surety Bond Issuers* (the "Objection") for entry of an Order substantially in the

form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 502 of

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2

and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey

(the "Local Rules"). In support of the Objection, the Wind-Down Debtors respectfully represent

as follows:

### **Preliminary Statement**

1.      With the Wind-Down Debtors nearing the end of making final distributions to

allowed customer claims, one of the few remaining issues to be resolved prior to closure of these

estates concern certain surety bonds previously issued by several surety bond providers (the

"Surety Bond Issuers") who have filed several contingent and unliquidated claims against the

BlockFi estates on account of their indemnity rights against BlockFi for amounts paid under such

bonds (the "Surety Bond Issuer Claims").[3]

2.      In the ordinary course of BlockFi's prepetition operations, BlockFi was required

under various state laws and regulations to obtain surety bonds (collectively, the "Surety Bonds")

---

[3]    Contemporaneously herewith, the Wind-Down Debtors have filed the *Wind-Down Debtor's Motion for Entry of*
*an Order Enforcing: (I) the Bar Date Order and Wallet Withdrawal Order and (II) the Plan and Confirmation*
*Order With Respect to Claims Asserted Against Surety Bonds*, which similarly requests a determination that
continued pursuit of the Surety Bonds is in violation of this Court's previous Orders, and is incorporated herein
by reference.

to secure the issuance of necessary money transmitter licenses in several jurisdictions, which bonds were issued by the Surety Bond Issuers. Upon information and belief, to date, no claimants have formally initiated proceedings against the Surety Bond Issuers to recover against the Surety Bonds, nor have any amounts been paid by the Surety Bond Issuers on account thereof.

3.      Accordingly, Section 502(e)(1)(A) necessitates disallowance of the Surety Bond Issuer Claims because the underlying claims against the Surety Bonds are disallowed as a matter of law pursuant to this Court's previous Orders, including the Bar Date Order and the Wallet Withdrawal Order. Alternatively, the Surety Bond Issuer Claims represent contingent and unliquidated claims against BlockFi based upon purported liability under the Surety Bonds, which must likewise be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code.

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.). The Wind-Down Debtors confirm their consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a), 502(a), and 502(e) of Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1, 3007-2 and 9013-1.

3

## Background

**A.    The Chapter 11 Cases**

7.    On November 28, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mark Renzi in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which was filed on the Petition Date and is incorporated by reference herein.

8.    On November 29, 2022, this Court entered an order [Docket No. 42] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361. On December 21, 2022, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 130].

9.    On September 26, the Court confirmed the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No. 1609] (the "Plan"). On October 3, 2023, the Court entered its *Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* [Docket No.

1660] (the "<u>Confirmation Order</u>") confirming the Plan, which went effective on October 24, 2023
[Docket No. 1788].

**B.      The Claims Process**

10.      On January 30, 2023, the Court entered the *Order (I) Setting Bar Dates for
Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim,
(III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 440] (the "<u>Bar Date
Order</u>") establishing certain dates and deadlines for filing proofs of Claims (collectively, the
"<u>Proofs of Claim</u>") in these Chapter 11 cases. The Bar Date Order established (a) March 31, 2023
at 5:00 p.m. (prevailing Eastern Time) as the last date and time for certain creditors other than
governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the
"<u>General Claims Bar Date</u>"), (b) May 30, 2023 at 5:00 p.m. (prevailing Eastern Time) as the last
date and time for each governmental unit to file Proofs of Claim against any Debtor (the
"<u>Governmental Bar Date</u>"), (c) the later of (i) the General Claims Bar Date and (ii) any date this
Court may fix in the applicable order authorizing rejection of any executory contract or unexpired
lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of
entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors'
rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising
from such rejection, and (d) at least thirty (30) calendar days from the date on which the Debtors
provided notice of an amendment or supplement to the Schedules (as defined herein), as the
deadline for when claimants holding Claims that the filing, amendment, or supplement affected
must file Proofs of Claim with respect to such claim.

11.      On January 12, 2023, the Debtors filed: the Schedules of Assets and Liabilities of:
BlockFi Inc. (Case No. 22-19361) [Docket No. 242] (as amended by Docket Nos. 460 and 856),

BlockFi International Ltd. (Case No. 22-19368) [Docket No. 247] (as amended by Docket Nos.

462 and 858); BlockFi Investment Products LLC (Case No. 22-19370) [Docket No. 249], BlockFi

Lending LLC (Case No. 22-19365) [Docket No. 251] (as amended by Docket Nos. 461 and 857),

BlockFi Lending II LLC (Case No. 22-19374) [Docket No. 253], BlockFi Services Inc. (Case No.

22-19371) [Docket No. 255], BlockFi Trading LLC (Case No. 22-19363) [Docket No. 257],

BlockFi Ventures LLC (Case No. 22-19367) [Docket No. 259], and BlockFi Wallet LLC (Case

No. 22-19366) [Docket No. 261] (collectively and as may be amended from time to time, the

"Schedules") pursuant to Bankruptcy Rule 1007.

12.    On February 2, 2023 and February 3, 2023, the Debtors caused a bar date notice to

be published in The New York Times and The Royal Gazette, respectively, as set forth in the

affidavits filed at Docket Nos. 471 and 472. With the assistance of Kroll Restructuring

Administration LLC (the "Claims and Noticing Agent"), the Debtors also served the Bar Date

Order and a Proof of Claim Form by email and/or first-class mail in accordance with the procedures

set forth in the *Order Granting Debtors' Motion to Establish Certain Notice, Case Management

and Administrative Procedures* [Docket No. 54] (the "Case Management Order") on:

    a.    the Master Service List (as defined in the Case Management Order);

    b.    all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order;

    d.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    e.    all entities who are party to executory contracts and unexpired leases with the Debtors;

    f.    all entities who are party to litigation with the Debtors;

g.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h.  all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i.  all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

The Bar Date Notice and Proof of Claim Forms were also published on the Debtors' case website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/blockfi.

13.  On March 13, 2023, the Court entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice, (B) Waiving Bankruptcy Rule 3007(e), and (C) Granting Related Relief* [Docket No. 609] (the "Claims Procedures Order").

14.  As of the date hereof, over 34,000 Proofs of Claim have been filed against the Debtors. The Wind-Down Debtors, together with their advisors, have continued the ongoing Claims reconciliation process, reviewed the Surety Bond Issuer Claims listed on Schedule 1 to the Proposed Order, and concluded that each such Surety Bond Issuer Claim should be disallowed as detailed on Schedule 1.

**C.  The Wallet Motion**

15.  Early in these cases, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 121] (the "Wallet Withdrawal Motion"), seeking authority to permit withdrawals from Client Wallet Accounts on the basis that, under the BlockFi Wallet Terms of Service, "title to the cryptocurrency

held in your BlockFi Wallet shall at all times remain with you and shall not transfer to BlockFi[,]"[4] and therefore BlockFi held no legal or equitable interest in the cryptocurrency held in the Wallet Accounts as of the Platform Pause.

16.     Through the Wallet Withdrawal Motion, BlockFi also sought to reconcile and adjust its User Interface to reflect the proper accounting of digital assets in the Wallet Accounts in connection with certain attempted transactions that took place following BlockFi's decision to pause all platform activity in the leadup to these chapter 11 cases.

17.     Several objections to the Wallet Withdrawal Motion were filed by various pro se creditors, who, among other things, disputed the sufficiency of notice provided under BlockFi's terms of service and opposed BlockFi's proposed reconciliation of its User Interface. *See* Docket Nos. 137, 143, 144, 145, 146, 147, 148, 149, 188, and 837.

18.     Objections were also filed by several claimants represented by counsel, including by the Ad Hoc Committee of Wallet Account Holders and the Ad Hoc Group of Actual Wallet Holders, who maintained that BlockFi's prepetition actions were in violation of the applicable terms of service and similarly argued against BlockFi's proposed reconciliation of the User Interface. *See* Docket Nos. 179, 182, 184, 201, 720, and 826.

19.     On May 17, 2023, the Court entered the *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* [Docket No. 923] (the "Wallet Withdrawal Order"), granting the Wallet Withdrawal Motion subject to certain modifications not relevant here.

---

[4]    *See* BlockFi Wallet Terms of Service, https://blockfi.com/wallet-terms

20.     The Wallet Withdrawal Order concluded, among other things, that funds in the Client Wallet Accounts are not property of the BlockFi estates, and that BlockFi was authorized to update the User Interface to accurately reflect the transactions and related balance of digital assets as of the Platform Pause Time Stamp on November 10, 2022 at 8:15 p.m. ET.

21.     In making its oral ruling that BlockFi's Platform Pause was authorized, the Court relied heavily on the applicable terms of service, which was binding on customers with respect to all aspects of the BlockFi platform. *See* 5/11/23 Hr'g Tr. 04:17-24 ("These terms of service form the Court's analysis and determination that the debtors in their sole discretion had the authority to discontinue, pause and/or refuse all current and future access for customers with respect to all account activity, meaning withdrawals, transfers or trading without advance notice. Currently, advance notice is not required under the terms of agreement in order to effectuate a pause on the platform.").

**D.     Surety Bond Issuer Claims**

22.     On March 28, 2023, Swiss Re Corporate Solutions America Insurance Company f/k/a North American Specialty Insurance Comp ("Swiss") timely filed contingent and unliquidated claims against BlockFi Inc. and BlockFi Lending LLC on account of several surety bonds issued prepetition in favor of BlockFi. *See* Claim Nos. 25864 and 25929. Attached to the claims filed by Swiss are indemnity agreements, pursuant to which BlockFi is required to indemnify Swiss for amounts incurred for claims against the surety bonds issued by Swiss.

23.     On March 30, 2023, AIG Property Casualty, Inc. ("AIG") timely filed Claim No. 26961 against BlockFi Inc., wherein AIG asserted contingent and unliquidated liability in connection with various surety bonds for the account of BlockFi. The addendum to AIG's proof

of claim made reference to BlockFi's obligations to indemnify AIG for, among other things, losses and expenses incurred by AIG as a result of the issuance of such bonds.

24.     On March 31, 2023, Arch Insurance Company and Arch Insurance Group (collectively "Arch Insurance") timely filed several contingent and unliquidated claims against BlockFi in connection with the issuance of certain Surety Bonds, including Claim Nos. 15208, 15224, 15893, and 15890 (the "Arch Claims"). The Arch Claims contained a rider, which similarly made reference to BlockFi's obligations to indemnify Arch Insurance for losses incurred in connection with the surety bonds issued thereby.

25.     On June 14, 2023, BlockFi filed the *Debtors' Third Omnibus Objection to Claims of Arch Insurance (insufficient documentation)* [Docket No. 1068] (the "Arch Objection"), thereby objecting to Claim Nos. 15208, 15224, 15893, and 15890 filed by Arch Insurance on the basis that: (i) the disputed claims were filed without sufficient documentation to support the amounts asserted therein; and (ii) to the extent the amounts asserted were owed by a debtor or debtors, Arch Insurance would nonetheless not be entitled to recover the amounts asserted from each of those named debtor entities.

26.     After negotiations with Arch Insurance, BlockFi filed the *Notice of Stipulation Regarding Wind-Down Debtors' Pending Objection to Arch Claims* [Docket No. 2113] (the "Arch Stipulation"), pursuant to which: (i) for purposes of participating in the anticipated upcoming interim distributions, Arch Insurance would be entitled to an allowed liquidated claim against BlockFi Inc. and BlockFi Lending LLC in the amount of $203,167.08 (on account of certain legal fees incurred by Arch Insurance); (ii) Arch Insurance's claim against BlockFi Trading (Claim No. 15890) would be disallowed and the Wind-Down Debtors would be authorized to expunge such claim from the claims register; and (iii) the objection to the claims filed by Arch Insurance would

10

be adjourned sine die while the parties continued to negotiate in good faith to resolve the outstanding disputes regarding the remaining, unliquidated claims.

27.      Contemporaneously with the filing of this Objection, the Wind-Down Debtors have withdrawn the Arch Objection.

**Objection**

### A. **Legal Standard.**

28.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

29.      The burden of proof for claims brought in the bankruptcy court under section 502(a) of the Bankruptcy Code rests on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH, 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). First, the claimant must allege facts sufficient to support their claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.* A properly filed proof of claim is generally considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f). The burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to

11

provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

30.     Notwithstanding the shifting burden of proof, a claimant's failure to allege facts and to provide sufficient support for a claim may deprive the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Although the lack of *prima facie* validity is not necessarily a ground for disallowance, "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b) . . . ." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

**B.   The Surety Bond Issuer Claims Should Be**
**Disallowed Under Section 502(e) of the Bankruptcy Code.**

31.     As detailed below: (i) disallowance of the Surety Bond Issuer Claims under Section 502(e)(1)(A) is mandated because the underlying claims implicating liability under the Surety Bonds are disallowed under this Court's Bar Date Order and Wallet Withdrawal Order; and (ii) the Surety Bond Issuer Claims represent contingent and unliquidated liability under the Surety Bonds, which must likewise be disallowed under Section 502(e)(1)(B). Accordingly, the Court must disallow the Surety Bond Issuer Claims under both Section 502(e)(1)(A) and 502(e)(1)(B).

**i.    The Surety Bond Issuer Claims Should Be Disallowed Under Section**
**502(e)(1)(A) Because The Underlying Claims Against BlockFi Are Disallowed.**

32.     Section 502(e)(1)(A) of the Bankruptcy Code states as follows:

(**e**)

(**1**) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

(**A**) such creditor's claim against the estate is disallowed[.]

33.     Here, the liability underlying the Surety Bond Issuer Claims is disallowed against BlockFi because (a) the Bar Date has lapsed and therefore BlockFi's confirmed Plan exclusively governs claims against the BlockFi estates; and (ii) the Court's findings of fact and conclusions of law expressed in the Wallet Withdrawal Order preclude a finding that BlockFi committed a breach of contract through its implementation of the Platform Pause or otherwise committed a wrongful act implicating liability under the Surety Bonds.

**(a) The Bar Date Has Lapsed And Therefore
     Creditor Entitlements Are Governed By The BlockFi Plan.**

34.     At this stage of these proceedings, all claims against the Wind-Down Debtors that arguably could implicate the Surety Bonds have been resolved by final order, and therefore the filing of further claims is barred by the Bar Date Order.

35.     The Court's entry of the Bar Date Order set the General Claims Bar Date, and the Bar Date Order expressly states that creditors who failed to timely submit a Proof of Claim would have their claims forever barred, estopped, and enjoined:

In accordance with Bankruptcy Rule 3003(c)(2) **any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined** from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim, provided that, in the event that BlockFi International Ltd. enters into a full liquidation proceeding in Bermuda such that a separate adjudication process becomes necessary, notwithstanding anything contained herein, holders of Claims against BlockFi International Ltd. shall not be automatically barred from asserting such Claims against BlockFi International Ltd. in such liquidation proceedings without further order of the Supreme Court of

13

Bermuda. **Such person or entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases**.

Bar Date Order at ¶ 6 (emphasis added).

36.    To trigger liability against the Surety Bond Issuers under the Surety Bonds, claimants must first establish liability on the part of BlockFi. However, any claims now filed against the BlockFi estates (*i.e.*, after the Bar Date) are enjoined and/or released under the Plan, which provides that "[e]xcept as otherwise provided herein or as agreed to by the Debtors or the Wind-Down Debtors, **any and all Proofs of Claim Filed after the Bar Date shall be deemed Disallowed and expunged as of the Effective Date** without any further notice to, or action, order, or approval of, the Bankruptcy Court, and Holders of such Claims may not receive any Distributions on account of such Claims, unless such late Proof of Claim has been deemed timely Filed by a Final Order." Plan, Art. III.H (emphasis added).

**(b)    Claims Against BlockFi Implicating The Surety Bonds Are Precluded By The Court's Entry Of The Wallet Withdrawal Order.**

37.    To the extent any claimants now seek to assert claims against BlockFi implicating the Surety Bonds, such claimants should be collaterally estopped because of the Court's entry of the Wallet Withdrawal Order.

38.    The standard formulation of issue preclusion, or collateral estoppel, is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments* § 27 (1982) (Oct. 2022 update); *see also Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016).

39.    The Third Circuit has construed this standard to require four elements: "'(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits;

(3) the party against whom the bar is asserted was a party or in privity with a party to the prior

adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to

litigate the issue in question." *Doe*, 828 F.3d at 171.

40.     *First*, regarding whether the identical issue was decided in a prior adjudication, the

Third Circuit has previously stated that "[t]o defeat a finding of identity of the issues for preclusion

purposes, the difference in the applicable legal standards must be 'substantial.'" *Raytech Corp. v.

White*, 54 F.3d 187, 191 (3d Cir. 1995). A recent opinion from the Delaware bankruptcy court in

*In re Town Sports Int'l, LLC*, No. 20-12168 (CTG), 2023 WL 124860 (Bankr. D. Del. Jan. 6, 2023)

is instructive on the application of this element.

41.     In *Town Sports*, the bankruptcy court was dealt with the question of whether a

breach of contract claim was precluded by the court's prior orders. 2023 WL 124860 at *1. The

gist of the breach of contract claim was that majority lenders and the agent bank had authorized a

certain credit bid without the majority lenders giving the appropriate instruction to the bank agent.

*Id*. Notwithstanding, the bankruptcy court reasoned that its prior ruling denying the lenders'

motion for a preliminary injunction meant it had already concluded upon approving the subject

sale that such an instruction *had* indeed been given – despite the fact that neither the prior order

nor the transcript of the prior hearing contained those precise words. *Id*. Accordingly, the

bankruptcy court, in reliance on the discretion afforded it in interpreting its prior orders, concluded

that "the issue that is at the core of the breach of contract action – whether the majority lenders

instructed the agent to transfer the loans to the buyer – had been actually litigated in a prior

proceeding in a way that precludes the plaintiffs from relitigating the issue." *Id*. at *13.

42.     Here, the Wallet Withdrawal Order could not have been entered if BlockFi's

Platform Pause constituted a breach of contract, and BlockFi's related prepetition actions

otherwise violated BlockFi's applicable terms of service. *See* 5/11/23 Hr'g Tr. 04:17-24 ("These

terms of service form the Court's analysis and determination that the debtors in their sole discretion

had the authority to discontinue, pause and/or refuse all current and future access for customers

with respect to all account activity, meaning withdrawals, transfers or trading without advance

notice. Currently, advance notice is not required under the terms of agreement in order to effectuate

a pause on the platform."); *Town Sports*, 2023 WL 124860 at *14-15 (finding that issue was

decided by prior order and noting that bankruptcy court is afforded discretion in construing its own

orders).

43.     Indeed, by entering the Wallet Withdrawal Order, this Court specifically overruled

an objection asserting that the Platform Pause was a breach of BlockFi's terms of service. *See

Preliminary Objection of the Ad Hoc Committee of Wallet Account Holders to Debtors' Motion

for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts,

(B) Update the User Interface to Properly Reflect Transactions and Assets as of the Platform

Pause, and (C) Conduct Ordinary Course Reconciliation of accounts, and (II) Granting Related

Relief* at ¶¶ 40-41.

44.     *Second*, the requirement of a final judgment on the merits is similarly met here, as

the Wallet Withdrawal Order is a final order, and the time to appeal the order (which was entered

back on May 17, 2023) has lapsed. *See e.g., Adelphia Gateway, LLC v. Pennsylvania

Environmental Hearing Board*, 62 F.4th 819, 828 (3d Cir. 2023) ("A judgment is deemed final for

purposes of ... collateral estoppel unless or until it is reversed on appeal.") (quoting *Shaffer v.

Smith*, 543 Pa. 526, 673 A.2d 872, 874 (1996)).

45.     *Third and fourth*, the party against whom collateral estoppel is being asserted must

have been a party or in privity with a party to the prior adjudication, and had a full and fair

opportunity to litigate the issue in question. Those requirements are likewise met here, as objections to the Wallet Motion were filed by a plethora of claimants, many of which were pro se creditors. Moreover, the Court previously held an evidentiary hearing on the Wallet Motion, during which all parties in interest were fully entitled to appear and be heard in connection with the Court's adjudication of the Wallet Motion. In other words, the record is replete with claimants having received notice of the Wallet Motion, and opposing the relief requested therein. Conversely, the record is void of any claimants being denied an opportunity to participate in the Wallet Motion proceedings.

46.    Therefore, all issue preclusion requirements are met, and claimants should be collaterally estopped from pursuing claims against BlockFi implicating the Surety Bonds.

### ii.    The Surety Bond Issuer Claims Should Be Disallowed Under 502(e)(1)(B) Because They Represent Contingent Claims For Reimbursement.

47.    Section 502(e)(1)(B) of the Bankruptcy Code provides in relevant part as follows:

(e)

> (1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

>> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

48.    Several of the relevant terms above, including "reimbursement," "contribution," "contingent," or liable with the debtor" are not defined under the Bankruptcy Code. Notwithstanding, bankruptcy courts interpreting section 502(e)(1)(B) have concluded three elements are required: "(i) the claim must be one for reimbursement or contribution; (ii) the entity asserting the claim for reimbursement of contribution must be "liable with the debtor" on or have secured the claim of a creditor; and (iii) the claim must be contingent at the time of its allowance

17

or disallowance." *In re Wedtech Corp*., 85 B.R. 285, 289 (Bankr. S.D.N.Y. 1988) (citing *In re Provincetown-Boston Airlines, Inc*., 72 B.R. 307, 309 (Bankr. M.D. Fla. 1987)).

49.     As articulated below, all such requirements are met and mandate the Court's disallowance of the Surety Bond Issuer Claims under Section 502(e)(1)(B).

50.     *First*, courts have consistently interpreted a claim for indemnity to be a claim for reimbursement or contribution as contemplated under 502(e)(1)(B). *In re RNI Wind Down Corp*., 369 B.R. 174, 181-182 (Bankr. D. Del. 2007) (citing *In re Wedtech Corp.,* 85 B.R. 285, 289 (Bankr. S.D.N.Y. 1988)). Here, the Surety Bonds represent the typical indemnity situation: to the extent a Surety Bond Issuer (the surety) makes payment on account of the Surety Bonds, the Surety Bond Issuer maintains the right to seek indemnity from the principal (BlockFi). Accordingly, this element is satisfied.

51.     *Second*, the "co-liability" element requires "a finding that the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor *could* be liable but for the automatic stay." *In re Touch Am. Holdings, Inc*., 409 B.R. 712, 718 (Bankr. D. Del. 2009) (quoting *In re Wedtech Corp*., 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (emphasis added).

52.     This co-liability requirement has been described as illuminating the central purpose of Section 502(e)(1)(B), which is "to preclude redundant recoveries on identical claims against insolvent estates in violation of the fundamental Code policy fostering equitable distribution among all creditors of the same class." *In re APCO Liquidating Tr*., 370 B.R. 625, 634 (Bankr. D. Del. 2007) (quoting *Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 923 (1st Cir. 1993)).

53.     This element has consistently been applied to sureties. *See, e.g*., *In re Alta Mesa Res., Inc*., No. 19-35133, 2022 WL 17984306, at *3 (Bankr. S.D. Tex. Dec. 28, 2022) ("Finally,

the debtor's co-liability with the claimant is implicit in an indemnity arrangement such as the one in this case, where the arrangement between a debtor and a claimant is one of surety who has issued bonds for which the obligor (debtor) has agreed to indemnify it."); 4 Collier P 502.06[2][b] ("Section 502(e)(1) applies only to 'an entity that is liable with the debtor on or has secured the claim of a creditor,' and **typically applies to codebtors, sureties and guarantors**) (emphasis added).

54.       Here, similarly to the indemnity arrangement in *Alta Mesa*, the Surety Bond Issuers previously issued the Surety Bonds for which BlockFi has agreed to indemnify them for amounts paid thereunder. Accordingly, the Surety Bond Issuers are co-liable on the Surety Bonds with BlockFi, and this element is likewise satisfied.

55.       *Third*, the Surety Bond Issuer Claims are undoubtedly contingent at this juncture. Under Section 502(a), a claim filed pursuant to Section 501 is deemed allowed unless an objection thereto is filed; however, "[a]n objection on a § 502(e)(1) ground will trigger a hearing and ruling on the objection (*See,* Bankruptcy Rule 3007) and thus, the '**time of allowance or disallowance' will be the date of the ruling**." *Matter of Baldwin-United Corp.*, 55 B.R. 885, 895 (Bankr. S.D. Ohio 1985) (emphasis added). As previously noted, no claimant has pursued the Surety Bonds, nor have any payments been made by the Surety Bond Issuers on account thereof.

56.       Until a Surety Bond Issuer has actually made any expenditures pursuant to the Surety Bonds, the Surety Bond Issuer Claims remain contingent, and this element is satisfied. *See Matter of Baldwin-United Corp.*, 55 B.R. 885, 895 (Bankr. S.D. Ohio 1985) ("Thus, if a codebtor has not paid the creditor and established his right to payment from the debtor as of the date of the ruling on the objection, his claim is contingent and must be disallowed under § 502(e)(1)(B)."); *In re Pacor, Inc.*, 110 B.R. 686 (E.D. Pa. 1990) (affirming bankruptcy court ruling that claimants

19

who sought contribution for future asbestos-related claims for which they were or might be jointly and severally liable with debtor had contingent claims subject to disallowance); *In re Chemtura Corp.*, 443 B.R. 601 (Bankr. S.D.N.Y. 2011) (concluding that certain contribution claims asserted against debtors by co-liable parties were contingent under § 502(e)(1)(B) until the co-liable party actually pays on account of the claim); *In re Lyondell Chemical Co.*, 442 B.R. 236 (Bankr. S.D.N.Y. 2011) (same).

57.    Disallowance of the Surety Bond Issuer Claims under Section 502(e)(1)(B) until actual payment is made by a Surety Bond Issuer is consistent with the legislative history behind the provision, which "requires disallowance of the claim for reimbursement or contribution of a co-debtor, surety or guarantor of an obligation of the debtor, **unless the claim of the creditor on such obligation has been paid in full. The provision prevents competition between a creditor and his guarantor for the limited proceeds in the estate**." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 354 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 65 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5851, 6310. (emphasis added)

### Responses to this Objection

58.    <u>Parties Required to File a Response</u>. Any party who disagrees with this Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Objection does not file a Response in compliance with this Objection, the Court may sustain the Objection with respect to such Claim without further notice to the claimants.

59.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.  a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.  a concise statement setting forth the reasons why the Court should not sustain the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

c.  a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Wind-Down Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.  the following contact information for the responding party:[5]

   i.  the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Wind-Down Debtors should serve a reply to the Response, if any; or

   ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the claimant's behalf.

60.  <u>Filing and Serving the Response</u>. A Response will be deemed timely only if it is filed with the Claims and Noticing Agent and served upon the U.S. Trustee so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing on the Objection(s) and Response(s)** (the "<u>Response Deadline</u>"), unless the Wind-Down Debtors consent to an extension in writing:

a.  <u>Wind-Down Debtors'/Plan Administrator's Counsel</u>. (1) Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor New York, New York 10112, Attn: Richard S. Kanowitz, Esq. (richard.kanowitz@haynesboone.com); Jordan E. Chavez (jordan.chavez@haynesboone.com); and Lauren Sisson (lauren.sisson@haynesboone.com); (2) Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Kenneth Aulet, Esq. (kaulet@brownrudnick.com); Tristan Axelrod, Esq. (taxelrod@brownrudnick.com); and Andrew Rizkalla, Esq. (arizkalla@brownrudnick.com); and (3) Genova Burns LLC, 110 Allen Rd., Suite

---

[5]  If redaction is necessary for privacy protections, please reach out to Wind-Down Debtors' counsel with this information via email to the addresses listed on page 2 of the Notice of Objection.

304, Basking Ridge, NJ 07920, Attn: Daniel M. Stolz (DStolz@genovaburns.com), Esq. and Donald W. Clarke, Esq. (DClarke@genovaburns.com); and

b. <u>U.S. Trustee</u>. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

61.   <u>Hearing on Objection</u>. A hearing (the "<u>Hearing</u>") on the Objection will be held on

**February 6, 2025 at 10:00 a.m. prevailing Eastern Time**, before the Honorable Michael B.

Kaplan, United States Bankruptcy Judge for the District of New Jersey. The Hearing will be

conducted both live and virtually using Zoom for Government. To the extent parties wish to present

their argument at the hearing via Zoom, a request for "Presenter Status" must be submitted to the

Court at least one (1) business day prior to the Hearing by emailing Chambers

(chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of

Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what

party or interest the Presenter represents. If the request is approved, the Presenter will receive

appropriate Zoom credentials and further instructions via email. The Hearing may be adjourned to

a subsequent date in these cases in the Court's or Wind-Down Debtors' discretion. Any party in

interest who disagrees with the Objection and has filed a Response that remains unresolved prior

to the Hearing must attend the Hearing. If such Claims cannot be resolved and a hearing is

determined to be necessary, the Wind-Down Debtors shall file with the Court and serve on the

affected claimants a notice of the hearing to the extent the Wind-Down Debtors did not file a notice

of hearing previously.

62.   <u>Discovery</u>. If the Wind-Down Debtors determine that discovery is necessary in

advance of the Hearing, the Wind-Down Debtors will serve notice on the affected claimant and its

counsel of record (if applicable) that the scheduled hearing will be treated as a status conference

during which the parties will request that the Court issue a scheduling order to facilitate dismissal
or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the
hearing or may be provided in a separate notice.

63.     <u>Failure to Respond</u>. A Response that is not filed with the Court and served on the
Notice Parties or before the Response Deadline or such other date as agreed with the Wind-Down
Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing
before the Court. **Absent reaching an agreement with the Wind-Down Debtors resolving the
Objection to a Claim, failure to both file and serve a Response timely as set forth herein may
result in the Court granting the Objection without further notice or hearing.** Affected
creditors will be served with such order once it has been entered.

64.     <u>Reply to a Response</u>. The Wind-Down Debtors shall be permitted to file a reply or
omnibus reply to any Response or multiple responses, as applicable, no later than two (2) business
days before the hearing with respect to the relevant Objection.

### **<u>Reservation of Rights</u>**

65.     Nothing contained in this Objection or any actions taken pursuant to any order
granting the relief requested by this Objection is intended or should be construed as: (a) an
admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver
of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, (c) a promise
or requirement to pay any particular claim, (d) an implication or admission that any particular
claim is of a type specified or defined in this Objection or any order granting the relief requested
by this Objection, (e) a request or authorization to assume any agreement, contract, or lease
pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down
Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the

Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

### Separate Contested Matters

66.     Each of the disputed Surety Bond Issuer Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Wind-Down Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the disputed Surety Bond Issuer Claims.

### Waiver of Memorandum of Law

67.     The Wind-Down Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Wind-Down Debtors rely is set forth herein and the Objection does not raise any novel issues of law.

### Notice

68.     The Wind-Down Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (b) the United States Attorney's Office for the District of New Jersey; (c) the Internal Revenue Service; (d) the attorneys general in the states where the Wind-Down Debtors conduct their business operations; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) the claimant(s)

24

listed on <u>Schedule 1</u> attached to the Proposed Order (collectively, the "<u>Notice Parties</u>"). The Wind-Down Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Wind-Down Debtors respectfully request entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem just

and appropriate.

Respectfully Submitted,

Dated: January 16, 2025                      /s/ *Daniel M. Stolz*
                                             _____

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel to the Plan Administrator*

**HAYNES AND BOONE, LLP**
Richard S. Kanowitz, Esq. (NJ Bar No. 047911992)
Lauren M. Sisson, Esq. (NJ Bar No. 394182022)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
richard.kanowitz@haynesboone.com
lauren.sisson@haynesboone.com

*Attorneys for the Plan Administrator*

**BROWN RUDNICK LLP**
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
(212) 209-4800
kaulet@brownrudnick.com

**BROWN RUDNICK LLP**
Tristan Axelrod, Esq. (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
(617)856-8300
taxelrod@brownrudnick.com

*General Counsel to the Plan Administrato*

## EXHIBIT A

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>BLOCKFI INC., *et al.*,<br><br>          Debtors.[1] | Chapter 11<br><br>Case No. 22-19361 (MBK)<br>(Jointly Administered under a Confirmed Plan[2])<br><br>Hearing Date: February 6, 2025 @ 10:00 a.m. ET |

## ORDER GRANTING WIND-DOWN DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY SURETY BOND ISSUERS

The relief set forth on the following pages, numbered two (2) through five (5) and Schedule 1 is **ORDERED**.

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  BlockFi Inc. (0015); BlockFi Trading LLC. (2487); BlockFi Lending LLC (5017); BlockFi Wallet LLC (3231); BlockFi Ventures LLC (9937); BlockFi International Ltd. (N/A); and BlockFi Services, Inc. (5965). The location of the Wind-Down Debtors' service address is c/o M3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]    On October 3, 2023, the Court entered an order confirming the *Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Additional Technical Modifications)* (the "Plan") [Docket No. 1609].

| **BROWN RUDNICK LLP** | **HAYNES AND BOONE, LLP** |
|---|---|
| Kenneth J. Aulet, Esq. (admitted *pro hac vice*) | Richard S. Kanowitz, Esq. (NJ Bar No. |
| Seven Times Square | 047911992) |
| New York, New York 10036 | Lauren M. Sisson, Esq. (NJ Bar No. |
| (212) 209-4800 | 394182022) |
| kaulet@brownrudnick.com | 30 Rockefeller Plaza, 26th Floor |
| | New York, New York 10112 |
| **BROWN RUDNICK LLP** | (212) 659-7300 |
| Tristan Axelrod, Esq. (admitted *pro hac vice*) | richard.kanowitz@haynesboone.com |
| One Financial Center | lauren.sisson@haynesboone.com |
| Boston, MA 02111 | *Attorneys for the Plan Administrator* |
| (617)856-8300 | |
| taxelrod@brownrudnick.com | |
| *Attorneys for the Plan Administrator* | |
| | |
| **GENOVA BURNS LLC** | |
| Daniel M. Stolz, Esq. | |
| Donald W. Clarke, Esq. | |
| 110 Allen Rd., Suite 304 | |
| Basking Ridge, NJ 07920 | |
| (973) 230-2095 | |
| DStolz@genovaburns.com | |
| DClarke@genovaburns.com | |
| *Local Counsel for the Plan Administrator* | |

Upon consideration of the *Wind-Down Debtors' Twenty-First Omnibus Objection to Claims Filed against Surety Bond Issuers* (the "Objection")[1]; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and all responses, if any, to the

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Page | 3

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY SURETY BOND ISSUERS |

Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record herein, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      The Surety Bond Issuer Claims listed on Schedule 1 attached hereto are hereby deemed disallowed as detailed on Schedule 1.

3.      Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") is hereby authorized and directed to expunge each disputed Surety Bond Issuer Claim on Schedule 1.

4.      No creditor who did not submit a timely proof of claim is entitled to assert any claim against a Surety Bond Issuer to impose liability of any kind under the Surety Bonds. Any such assertion of a claim directly or indirectly would be a violation of: (i) the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (the "Bar Date Order") [Docket No. 440]; and (ii) the *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from Wallet Accounts, (B) Update the User Interface to Properly Reflect Transactions and Assets as of the*

Page | 4

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY SURETY BOND ISSUERS |

*Platform Pause, and (C) Conduct Ordinary Course Reconciliation of Accounts, and (II) Granting Related Relief* (the "Wallet Withdrawal Order") [Docket No. 923].

5.      The Wind-Down Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

6.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

7.      Notwithstanding anything to the contrary in the Objection, this Order, or any findings announced at the hearing, nothing in the Objection, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

8.      Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors, (b) a waiver of the Wind-Down Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied

Page | 5

| | |
|---|---|
| Debtors: | BLOCKFI INC., *et al.* |
| Case No. | 22-19361 (MBK) |
| Caption of Order: | ORDER GRANTING WIND-DOWN DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY SURETY BOND ISSUERS |

pursuant to the Objection are valid, and the Wind-Down Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Wind-Down Debtors' rights to subsequently dispute such claim.

9.      The objection to each Surety Bond Issuer Claim addressed in the Objection and as set forth on **Schedule 1** attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

10.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Objection or is otherwise waived.

11.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

**Disputed Surety Bond Issuer Claims**

| Proof of Claim No. | Claimant Name | Date Filed | Filed Debtor Entity | Asserted Claim Amount | Basis for Objection | Action | Notes |
|---|---|---|---|---|---|---|---|
| 25864 | Swiss Re Corporate Solutions America Insurance Company f/k/a North American Specialty | 3/28/23 | BlockFi Inc. | $405,000; Contingent and Unliquidated | Other; see Notes | Expunge | Disallowed under Section 502(e) of the Bankruptcy Code |

| | Insurance Comp | | | | | | |
|---|---|---|---|---|---|---|---|
| 25929 | Swiss Re Corporate Solutions America Insurance Company f/k/a North American Specialty Insurance Comp | 3/28/23 | BlockFi Lending LLC | $405,000; Contingent and Unliquidated | Other; see Notes | Expunge | Disallowed under Section 502(e) of the Bankruptcy Code |
| 26961 | AIG Property Casualty, Inc. | 3/30/23 | BlockFi Inc. | $0.00; Contingent and Unliquidated | Other; see Notes | Expunge | Disallowed under Section 502(e) of the Bankruptcy Code |

| 15208 | Arch Insurance Company | 3/31/23 | BlockFi Lending LLC | $29,045,000; Unliquidated | Other; see Notes | Expunged in part | Claims for surety bonds disallowed under Section 502(e) of the Bankruptcy Code. The Allowed Liquidated Claim (as defined in Docket 2113) remains Allowed. Arch shall provide the amount of remaining liquidated claims based on indemnity obligations for attorneys' fees to the Plan Administrator within [5] business days of this Order, which shall be Allowed unless objected to by the |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Plan Administrator within 30 days of receipt, unless extended by written agreement between the Plan Administrator and Arch, and any remaining unliquidated claim shall be disallowed and expunged.** |
| **15224** | **Arch Insurance Company** | **3/31/23** | **BlockFi Inc.** | **$29,045,000; Unliquidated** | **Other; see Notes** | **Expunge** | **Disallowed under Section 502(e) of the Bankruptcy Code** |
| **15893** | **Arch Insurance Company** | **3/31/23** | **BlockFi Wallet LLC** | **$2,000,000; Unliquidated** | **Other; see Notes** | **Expunge** | **Disallowed under Section 502(e) of the Bankruptcy Code** |