# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN

In re:
BLOCKFI INC., et al., Debtors.

Chapter 11
Case No.: 22-19361 (MBK)
(Jointly Administered)

FILED
JEANNE A. NAUGHTON, CLERK
MAY - 2 2025
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

## OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING ABANDONMENT AND DISPOSAL OF ALL REMAINING DATA AND INVENTORY.

To Chief Judge Michael B. Kaplan,

I, Dereje Lakew, a creditor and party of interest in the above-referenced bankruptcy proceedings, with regard for the Plan Administrator and submitting Counsels request to abandon and dispose of all remaining data and inventory on behalf of BlockFi Inc. and affiliated Debtors (collectively, the "Debtors"), respectfully object to the disposal of company records.

2. Allowing the Debtors to dispose of records at this stage could significantly prejudice creditors, including myself, by eliminating critical evidence necessary for investigating potential misconduct, mismanagement, or fraudulent activities that occurred prior to or during the bankruptcy proceedings.

3. Pursuant to 11 U.S.C. §§ 521 and 727(a)(3), Debtors are legally obligated to preserve and maintain accurate and comprehensive financial records. These records are critical to ensuring transparency, accountability, and the fair treatment of creditors.

The preservation of financial and transactional records is not only mandated by federal bankruptcy law but is also a regulatory standard under various federal statutes and administrative regulations. The Internal Revenue Service (IRS) recommends retention of such records for at least seven (7) years.

Furthermore, entities that operate in financial services and conduct investment/broker-dealer activities, such as BlockFi, would be subject to the U.S. Securities and Exchange Commission rules, including 17 CFR §240.17a-4, which mandates the retention of certain records for six to seven years, depending on the document type.

These provisions reflect the importance of data retention in ensuring post-bankruptcy accountability and regulatory compliance.

To further supplement the record:

a)   While the SEC did not formally charge BlockFi with acting as a broker-dealer, it did bring significant enforcement action in 2022, fining BlockFi $100 million for operating as an unregistered investment company and for misrepresenting the risks associated with its lending program.  These actions point to BlockFi's functional role in handling customer assets in a way that closely resembles regulated broker-dealer activity.

Movant respectfully submits that the classification of an entity as a broker-dealer under federal securities law is determined by the substance of its conduct rather than its self-designation. The Court's attention is directed to *SEC v. Hansen*, 1984 WL 2413, at *10 (S.D.N.Y. Apr. 6, 1984)*, wherein the US District Court of Southern New York held that individuals or entities who solicit investors, handle customer funds, or otherwise serve as financial intermediaries may be deemed broker-dealers irrespective of their formal registration status. This principle is critical to the present matter, where the actions taken by BlockFi and associated custodians must be evaluated in light of their functional conduct rather than the titles they adopted.

b)  The Debtors have had long-standing relationships and institutional partnerships with other entities that have been charged and convicted of fraud, such as Sam Bankman-Fried & FTX, Alameda Research, 3AC & Gemini Trust Company.

See Exhibit A.

The chart outlines the nature of those connections along with any known legal or regulatory actions.  This contextual evidence supports the argument that destruction of BlockFi's records could impair the ability of creditors, regulators, and the Court to fully investigate interconnected fraud risks and breaches of fiduciary or custodial duties.

c) Movant has personal evidence relevant to his claim, and to other potential claims that financial documents and risk management disclosures were removed from BlockFi's website and scrubbed from internet archives early in the bankruptcy process. This conduct strongly suggests an intent to obscure or withhold material information that could establish liability and directly impacts Movant's and other creditors' ability to obtain justice.

Please see Exhibit B.

d) The Official Committee of Unsecured Creditors which represents the interests of unsecured creditors in this bankruptcy, and given the authority to investigate Debtor's conduct under 11 U.S.C. § 1103, and have made serious allegations against former CEO Zac Prince and other executives, asserting they engaged in fraudulent activities and mismanagement that harmed customers and delayed the bankruptcy proceedings.

Movant asks this Honorable Court, which has the burden of overseeing the overall resolution of this complex bankruptcy and which may not have the full scope of resources or bandwidth to directly investigate these violations, to consider the following findings of the UCC.

## Key Allegations by the UCC:

- **Fraud and Mismanagement**: The UCC asserts that the Debtors committed defrauded customers and mismanaged the company, leading to significant financial losses.

- **Personal Profit**: The UCC claimed that Zac Prince personally profited from BlockFi's operations, acting in ways that were inconsistent with the promises made to customers.

- **Violation of Fiduciary Duties**: The committee accuses Debtors of violating their fiduciary duties by allowing fraudulent transfers and liquidating customer holdings, actions that exposed customers to undue tax risks.

- **Delaying Bankruptcy Proceedings**: The UCC contends that Zac Prince and other executives intentionally delayed bankruptcy resolution to negotiate legal releases for themselves, including refusing a confirmation plan, without the inclusion of a gatekeepers provision, prolonging the process, which increased costs that impacted the bottom line for creditors.

- **Call for Chapter 11 Trustee**: Due to these actions, the UCC requested the appointment of a Chapter 11 trustee to oversee the case, arguing that the current management cannot be trusted to act in the best interests of the creditors.

See Exhibit C.

## II. ARGUMENT

### 1. Bankruptcy Does Not Immunize Fraud or Destruction of Evidence

The U.S. Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), confirmed that federal courts have inherent authority to prevent the destruction of evidence where such acts would constitute an abuse of the judicial process.

Similarly, the Second Circuit in *In re Refco Inc.*, 505 F.3d 109, 118 (2d Cir. 2007), held that bankruptcy proceedings cannot be used to shield or conceal fraudulent behavior or to destroy evidence relevant to creditors' claims.

### 2. The Enron Bankruptcy Sets Clear Precedent for Preservation of Evidence in Cases of Alleged Misconduct

In *In re Enron Corp.*, 326 B.R. 497 (S.D.N.Y. 2005), the Court emphasized that where there are allegations of fraud or wrongdoing, it is imperative to protect corporate books, records, and internal documents. Preservation is essential to ensure that creditors, regulators, and courts have access to critical evidence.

Given that BlockFi has already been sanctioned by regulatory agencies (including the SEC) for misrepresentations to customers, it is especially necessary to preserve internal documents, customer records, risk management communications, rehypothecation policies, and transaction histories.

### 3. Potential Irreparable Harm to Creditors and Public Interest

Allowing BlockFi's records to be destroyed or disposed of would cause irreparable harm to Movant and other creditors who may have legal claims for fraud, misrepresentation, breach of fiduciary duty, or other misconduct. Destruction of evidence would also erode public trust in the bankruptcy process and shield wrongdoers from accountability.

## EXHIBITS IN SUPPORT OF OBJECTION

- Exhibit A:  Chart showing entities with close relationships to Debtors also charged with fraud.
- Exhibit A: Screenshots of removed financial/company reports from Blockfi's website and Social Media.
- Exhibit H: UCC's allegations against Zac Prince for fraud and self-enrichment.

## IV. CONCLUSION

Though much of this bankruptcy proceeding has been managed with great skill and concern for creditors, a specific and real harm was done to Retail Loan Clients due to the rehypothecation of their security collateral and subsequent loss of the collateral which was entrusted to the Debtors for preservation.  Subsequent usurping of their property rights after the mismanagement of those assets added substantial insult to injury, essentially throwing these customers under the bus.

Due to the magnitude and precedent-setting nature of Blockfi's bankruptcy which affected over 100,000 creditors, and especially as it pertains to the newly emerging cryptocurrency industry, this case will be a benchmark for future actions. Movant respectfully urges the Court to consider the broader implications of permitting the destruction of records before the expiration of the customary retention periods established by federal law, regulatory guidance, and prevailing practices.

WHEREFORE, I respectfully request that this Court deny the Debtors' motion to dispose of company records, and require the Debtors to retain these records for at least seven years following the conclusion of the bankruptcy proceedings, or until all relevant litigation and investigations have been fully resolved.


April 29th, 2025


Respectfully submitted,


Dereje Lakew
525 Westward Drive
Miami Springs Fl. 33166
917-371-5370
April 27, 2025

# EXHIBIT A:

| Entity | Relationship to BlockFi | Legal Issues / Charges |
|---|---|---|
| FTX / Alameda Research | BlockFi lent $1.2 billion of customer assets to Alameda; Held funds on FTX; FTX extended $400M credit line | Sam Bankman-Fried convicted of fraud, conspiracy, & money laundering (2023) |
| Three Arrows Capital (3AC) | BlockFi lent over $1 billion to 3AC; 3AC defaulted in 2022 | Asset concealment; under liquidation investigation |
| Voyager Digital | Shared lending exposure; Collapsed around same time | SEC charged CEO Stephen Ehrlich with fraud (2023) |
| Genesis Global Capital / DCG | Tied through Gemini; SEC lawsuit over 'Earn' product | SEC sued Genesis & Gemini for unregistered securities (2023) |

**Exhibit B: Screenshots showing removed transparency report links from BlockFi's Social Media & Website early in bankruptcy.**







**Exhibit C: Coverage of UCC's allegations against Zac Prince and executives for fraud and issue with the exclusivity motion granted to the executives to internally manage their own bankruptcy.**





Utility Mailer
10 1/2" x 16"

ReadyPost

CERTIFIED MAIL

9589 0710 5270 0498 6565 88

FROM:
Deante Lakens
525 Westward Denk
Miami sprencs ffl 33166

To
X BankRupey cover of ffha JeorT
Klopoake JUDGE R Lakens
4o2 EASt STATE STREET
Trenton, NJ 08608

Retail
U.S. POSTAGE PAID
FCM LG ENV
MIAMI, FL 33266
APR 29, 2025
$7.16
RDC 99
08608
S23324P500207-05