

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                      **609-858-9360**
**Judge, United States Bankruptcy Court**

July 1, 2025

*All Interested Parties*

        Re:    BlockFi Inc.
                    Case No.: 22-19361

Dear Mr. Lakew and Counsel:

On April 23, 2025, BlockFi Inc., and its debtor affiliates (collectively "BlockFi" or "Wind-Down Debtors" or "Debtors" as applicable), filed a Motion for an Order Authorizing the Abandonment and Disposal of all Remaining Data and Inventory (the "Motion"). ECF No. 2530. On May 2, 2025, Dereje Lakew—a creditor and party in interest—filed an Objection to the Motion (the "Objection"). ECF No. 2535. On May 15, 2025, the Wind-Down Debtors filed a reply (the "Reply") to the Objection. ECF No. 2540. On May 27, 2025, Mr. Lakew filed a sur-reply (the

1

"Sur-Reply") to the Motion. ECF No. 2549.[1] The Court has reviewed fully all submissions. For the reasons set forth below, the Motion is GRANTED.

I. **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended on September 18, 2012, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The Court issues the following findings of fact and conclusions of law as required by FED. R. BANKR. P. 7052.

II. **Background**

On November 28, 2022 (the "Petition Date"), BlockFi filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. On November 29, 2022, this Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). ECF No. 42. These Chapter 11 Cases are being jointly administered under lead Case No. 22-19361. On December 21, 2022, the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code. ECF No. 130.

On or around August 2023, the Claims, Noticing, and Solicitation Agent for BlockFi, Kroll, suffered a data breach that compromised various data and information pertaining to BlockFi and

---

[1] Mr. Lakew's Sur-Reply is an unauthorized submission pursuant to D.N.J. LBR 9013-2 and, in any event, is devoted more to arguing his claims against Debtors' principals, which the Court addresses fully in his other pending Motion for Reconsideration (ECF No. 2542).

BlockFi customers (the "Kroll Data Breach"). Following the Kroll Data Breach, BlockFi notified regulators of numerous jurisdictions of the breach.

On October 3, 2023, the Court entered its Revised Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of BlockFi Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (ECF No. 1660, the "Confirmation Order") confirming the Plan, which went effective on October 24, 2023.

As this wind-down proceeds, the Wind-Down Debtors continue to maintain personal and financial information on various BlockFi customers and parties that obtained services from BlockFi, as well as financial, employee, human resources, operational, legal, compliance, and intellectual property data and information (collectively, the "Data Inventory"). On February 20, 2025, this Court entered a preliminary disposal order (ECF No. 2492), thereby authorizing the Wind-Down Debtors to initiate disposal of certain Data Inventory, specifically, certain inactive physical inventory and closure of the WeWork office.

By way of this Motion, the Wind-Down Debtors now seek permission to dispose of all remaining data and inventory. Mr. Lakew opposes this request.

### III. <u>Discussion</u>

**Abandonment is Proper Pursuant to 11 U.S.C. § 554**

Pursuant to Section 554 of the Bankruptcy Code, after notice and a hearing, the debtor "may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see, e.g., In re Am. Tissue, Inc.*, 2015 WL 1516973 at *4 (D. Del. Mar. 31, 2015) ("The purpose of abandonment under § 554

is to rid the bankruptcy estate of burdensome property, not to increase the estate's burden."); *see also In re St. Lawrence Corp.*, 239 B.R. 720, 727 (Bankr. D.N.J. 1999), aff'd, 248 B.R. 734 (D.N.J. 2000) (finding that a trustee met their burden for prima facie abandonment by demonstrating that the property was operating at a loss and efforts to sell the property produced no purchase offers, and because the applicable regulatory agency offered no evidence to contradict the trustee's evidence that the property is burdensome or of inconsequential value.); *In re Truong*, Bkrtcy.D.N.J.2016, 557 B.R. 326 (finding that the trustee properly exercised his business judgment in deciding to abandon over-encumbered assets).

Retention of the Data Inventory presents a burden to the continuing post-confirmation administration of the bankruptcy estate. The costs associated with continued storage and security of the Data Inventory will further deplete estate assets that would otherwise have been preserved. To date, the Wind-Down Debtors have expended millions of dollars to store, maintain, and protect the customer data. Continued retention of the Data Inventory would necessitate hiring a data custodian and secure storage/security capacities. Likewise, the indefinite retention of personally identifiable information and other sensitive customer data presents unnecessary exposure to potential cybersecurity breaches, which itself burdens the estate, and disposal of the Data Inventory is necessary to mitigate such risk. Moreover, the Court defers to the Wind-Down Debtors' judgment that there is little need for the Data Inventory at this late stage in the case. The Data Inventory is therefore of no significant value to the Wind-Down Debtors and presents a burden to the continuing post-confirmation administration of the estate.

Mr. Lakew raises multiple arguments in support of his Objection, including that; i) allowing the Wind-Down Debtors to dispose of records could significantly prejudice creditors by eliminating critical evidence necessary for investigating potential misconduct, mismanagement, or

4

fraudulent activities that occurred prior to or during the bankruptcy case; ii) the Wind-Down Debtors are obligated to preserve and maintain financial records pursuant to §§ 521 and 727(a)(3) of the Bankruptcy Code; and iii) 17 CFR §240.17a-4 mandates that BlockFi retain certain records for six or seven years. Mr. Lakew also submits that the Internal Revenue Service recommends retention of financial records for at least seven years. For the reasons that follow, the Court is not persuaded by any these assertions.

Mr. Lakew first objects to abandonment on the basis that disposal of records would harm creditors. The record does not support this claim. The Wind-Down Debtors acknowledge that regulators such as the Department of Justice and other agencies and interested parties may have legitimate interests in accessing certain information. However, this case already has been open for more than two and a half years, during which time interested parties have had the opportunity to make information requests. Moreover, the Wind-Down Debtors' procedures directly accommodate these interests by providing advance notice to all relevant regulators and agencies and reserving the ability for regulators to issue subpoenas or otherwise request specific information during the notice period. The suggestion that any party in interest may be deprived of necessary information is speculative and unpersuasive in light of the history of this case, and the reasonable notice and opportunity for access that the Wind-Down Debtors propose.

Mr. Lakew next argues that §§ 521 and 727(a)(3) of the Bankruptcy Code prohibit the Debtors from disposing of records. However, these Code provisions are wholly inapplicable to facts before the Court. Section 521 requires that a debtor file certain schedules and a statement of financial affairs, *inter alia*. This disclosure requirement applies upon the commencement of a bankruptcy case, not its closure. Similarly, § 727(a)(3) does not apply as it provides an exception

to discharge in a chapter 7 case. As this is a chapter 11 case, the Debtors are not entitled to a discharge under this provision and § 727 has no applicability.

Mr. Lakew next argues that 17 CFR § 240.17a-4 is applicable to the Wind-Down Debtors. Section 240.17a-4 requires that certain registered brokers and dealers, and members of national security exchanges, maintain certain financial records for not less than six years. Mr. Lakew requests that the Wind-Down Debtors should be classified as brokers or dealers, which would implicate § 240.17a-4—and the retention requirement it imposes—citing *SEC v. Hansen*, No. 83 CIV. 3692, 1984 WL 2413, at *10 (S.D.N.Y. Apr. 6, 1984). The *Hansen* case bears little resemblance to the case before the Court and does not contemplate the applicability of § 240.17a4 whatsoever. By Mr. Lakew's own admission, the SEC—which previously brought an enforcement action against the Debtors, and which was served with this Motion—did not charge the Debtors with acting as a broker or dealer and did not oppose the Motion. Therefore, the Court is not inclined to extend the label of broker or dealer to the Debtors, and § 240.17a-4 remains inapplicable in this case.

Finally, Mr. Lakew submits that the Internal Revenue Service recommends retention of financial records for at least seven years. However, Mr. Lakew does not cite a specific law or provide any contextual scenario to which the recommendation would apply. Indeed, the Objection fails to identify any statutory or regulatory obligation that would require indefinite retention of the Data Inventory. The Wind-Down Debtors correctly observe that under applicable law, there is no ongoing duty to retain the data at issue once the estate's administrative and legal obligations have been satisfied. The proposed abandonment aligns with the Debtors' privacy policy and all known applicable retention laws and regulatory guidance. Moreover, there are no pending regulatory investigations or court-ordered requests for information pertaining to the Debtors, with one

exception of no relevance to Mr. Lakew. Therefore, the Court will not give any weight to Mr. Lakew's vague reference to the Internal Revenue Service's recommendations, but instead bases its decision on the application of the facts of this case to the plain language of § 554 of the Bankruptcy Code.

**Remainder of page left intentionally blank**

IV. **Conclusion**

For the foregoing reasons, the Court adopts the arguments advanced by the Wind-Down Debtors and finds that the requested relief is both appropriate and necessary to limit the risk of possible future data breaches and conclude these chapter 11 cases in an orderly, lawful, and efficient manner. The Wind-Down Debtors' proposed notice and disposal procedures fully protect the interests of customers, regulators, and other parties in interest.

Indeed, as noted by the Wind-Down Debtors, certain laws, regulations, Bankruptcy Code provisions, Chapter 11 Plan Provisions, and BlockFi's own Privacy Policy strongly point to disposal of Data Inventory upon case closure. Given the anticipated near-term completion of BlockFi's wind-down, BlockFi will no longer have a clear need to retain any of its Data Inventory. Of equal, if not paramount concern to the Court is the ongoing cybersecurity risks facing the Wind-Down Debtors' storage and post-confirmation administration as a result of continued retention of the information. The objection is overruled, and the Debtors' Motion Authorizing the Abandonment and Disposal of all Remaining Data (ECF No. 2530) is GRANTED. The Court will enter the Third Revised Order Submitted by the Wind-Down Debtors, with certain limited modifications to provide parties in interest with additional time to request information before the completion of the abandonment process.

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

Cc: Filed on CM/ECF